**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------- x
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :   Title III
                                                                    :
         as representative of                                       :   Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,                             :   (Jointly Administered)
                                                                    :
         Debtors.¹                                                  :
------------------------------------------------------------------- x
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :   Title III
                                                                    :
         as representative of                                       :   Case No. 17-BK-3567 (LTS)
                                                                    :
PUERTO RICO HIGHWAYS &                                              :
TRANSPORTATION AUTHORITY,                                           :
                                                                    :
         Debtor.                                                    :
------------------------------------------------------------------- x
```

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

```
--------------------------------------------------------------- x
PEAJE INVESTMENTS, LLC                          :
                                                :
            Plaintiff,                          :   Adv. Proc. No. 17-151 (LTS)
      v.                                         :   in 17-BK-3267 (LTS)
                                                :
THE PUERTO RICO HIGHWAYS AND                    :   Adv. Proc. No. 17-152 (LTS)
TRANSPORTATION AUTHORITY, et al.                :   in 17-BK-3283 (LTS)
                                                :
            Defendants.                         :
--------------------------------------------------------------- x
AMBAC GUARANY CORP, et al.,                     :
                                                :
            Plaintiffs,                          :   Adv. Proc. No. 17-155 (LTS)
      v.                                         :   in 17-BK-3283 (LTS)
                                                :
THE COMMONWEALTH OF PUERTO RICO, et al.         :   Adv. Proc. No. 17-156 (LTS)
                                                :   in 17-BK-3267 (LTS)
            Defendants.                         :
--------------------------------------------------------------- x
AMBAC ASSURANCE CORPORATION,                    :
                                                :
            Plaintiff,                          :   Adv. Proc. No. 17-159 (LTS)
      v.                                         :   in 17-BK-3283 (LTS)
                                                :
THE COMMONWEALTH OF PUERTO RICO, et al.         :
                                                :
            Defendants.                         :
--------------------------------------------------------------- x
```

**REPLY OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
CONNECTION WITH FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD'S URGENT MOTION FOR ORDER DIRECTING FISCAL AGENT TO
DISBURSE DISPUTED FUNDS IN HTA BOND SERVICE ACCOUNTS,
REDEMPTION <u>ACCOUNTS, AND RESERVE ACCOUNTS</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] hereby files this

reply (the "<u>Reply</u>") in response to the objection [Docket No. 20318] (the "<u>Assured Objection</u>")

---

[2]    The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and
COFINA.

of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance

Company, and National Public Finance Guaranty Corporation (collectively, "Assured") to the

Financial Oversight and Management Board for Puerto Rico's (the "Oversight Board") urgent

motion [Docket No. 20297] (the "Urgent Motion")[3] seeking approval of the *Amended and*

*Restated Stipulation and Agreed Order Regarding the Disputed Funds in the HTA Bonds Service*

*Accounts, Redemption Accounts and Reserve Accounts* [Docket No. 20316] (the "Stipulation").

In support of this Reply, the Committee and respectfully states as follows:

## REPLY

1.  The Committee does not object to the approval of the Stipulation as filed by the

Oversight Board on March 11, 2022.  The Committee files this reply solely to respond to

Assured's request that the Stipulation be "clarified" to provide that "amounts applied on account

of Fiscal Agent fees and expenses shall not be credited against, or result in any reduction of, the

amounts required to be distributed to holders of HTA 68 Bond Claims and HTA 98 Senior Bond

Claims pursuant to decretal paragraph 52 of the Confirmation Order."  Assured Obj. ¶ 6.

2.  The Committee submits that this "clarification" is not a clarification at all, but

rather a substantive modification of the Stipulation, the result of which is to shift the obligation

to pay the Fiscal Agent fees and expenses from the HTA bondholders to the Debtors.  In

particular, the Stipulation currently provides that:

> Upon (a) satisfaction of the Distribution Conditions, and (b) liquidation
> of the Disputed Funds that BNYM currently holds in investment other
> than cash, (1) the **aggregate** amount of cash on account in the Disputed
> Funds shall be deemed amounts to be applied by HTA in satisfaction of
> the Effective Date Payments, . . .

---

[3]    Capitalized terms not otherwise defined herein have the meanings set forth in the Urgent Motion.

Stipulation ¶ 3 (emphasis added). This language makes clear that the entirety of the Disputed

Funds, regardless of any reduction on account of Fiscal Agent fees and expenses, will be applied

to reduce the Effective Date Payments (*i.e.*, HTA's interim distribution in the aggregate amount

of $264 million to be made pursuant to paragraph 52 of the Confirmation Order). In other

words, HTA will receive full credit for the application of entire Disputed Funds, prior to the

payment of Fiscal Agent fees and expenses from such Disputed Funds. To be clear, the

Committee does not object to this structure.

3.          In contrast, under Assured's requested modification, HTA would **not** receive any

credit for paying Fiscal Agent fees and expenses out of the Disputed Funds. Instead of reducing

the $264 million in Effective Date Payments by applying the full amount of the approximately

$90.7 million in Disputed Funds (as the Stipulation provides), Assured requests that only $88.1

million in Disputed Funds (*i.e.*, the Disputed Funds net of $2.6 million[4] in Fiscal Agent fees and

expenses) be applied against the Effective Date Payments. Thus, under Assured's proposal,

HTA would remain obligated to pay $175.9 million ($264 million minus $88.1 million) in

Effective Date Payments, as opposed to $173.3 million ($264 million minus $90.7 million) under

the Stipulation. The net effect of Assured's proposal is that HTA would be obligated to pay $2.6

million in Fiscal Agent fees and expenses.

4.          While it may be appropriate for a debtor to pay fees and expenses of an

**oversecured** creditor,[5] the HTA bondholders are not oversecured. In fact, this Court has already

---

[4]     The amount of $2.6 million is used for illustrative purposes only, as this is the amount specified in the Urgent
        Motion. However, the actual amount of Fiscal Agent fees and expenses may ultimately be higher.

[5]     11 U.S.C. § 506(b) ("To the extent that an allowed secured claim is secured by property the value of which,
        after any recovery under subsection (c) of this section **is greater than the amount of such claim**, there shall be
        allowed to the holder of such claim, interest on such claim, and **any reasonable fees, costs, or charges**
        provided for under the agreement or State statute under which such claim arose.") (emphasis added). Section
        506 of the Bankruptcy Code is incorporated into Title III of PROMESA pursuant to section 301(a) of
        PROMESA.

ruled that the HTA bondholders' only hold a security interest in revenues **<u>actually deposited</u>**

into certain designated accounts, but not in any other revenues of HTA or HTA's right to receive

such revenues.[6]  Accordingly, the approximately $4.2 billion in outstanding HTA bond claims

are secured by, at most, the approximately $90.7 million in Disputed Funds held by the Fiscal

Agent.  Therefore, the HTA bondholders are **<u>not</u>** entitled to the payment of their Fiscal Agent's

fees and expenses under section 506 of the Bankruptcy Code.

5.       Simply stated, Assured's proposed modification would be tantamount to an

undersecured creditor (the HTA bondholders) getting paid post-petition fees and expense by the

debtor.  That is not permissible and was never disclosed nor approved by the Court.   Nor could

it have been approved by the Court in connection with confirmation of the Commonwealth's

Title III plan because this is a pure HTA issue.

6.       The Committee does not object to HTA making the Effective Date Payments

approved by the Court in the Confirmation Order and the Fiscal Agent exercising whatever rights

it may have to collect its fees and expenses out of such payments.  However, it does not follow

that, as Assured requests, the Debtors should have to pay such fees and expenses to the Fiscal

Agent (or the HTA bondholders through an increase in distributions to such holders) in addition

to the Effective Date Payments.  If the HTA bondholders had wanted to have the fees and

expenses of their Fiscal Agent paid in addition to the agreed-upon Effective Date Payments, such

arrangement should have been clearly spelled out in the HTA/CCDA PSA and the Confirmation

Order, so that parties in interest would have had an opportunity to object.  Assured cannot obtain

---

[6]     *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 618 B.R. 619 (D.P.R. 2020) and 485 F. Supp. 3d 351 (D.P.R. 2020) (holding that HTA bondholders do not have a colorable claim to any form of property right (whether direct ownership or a lien) in any of the HTA revenues other than revenues actually deposited into certain designated accounts).

such relief, at the last minute and without any notice, through a supposed "clarification" of a

stipulation between the Oversight Board and the Fiscal Agent.

## **RESERVATION OF RIGHTS**

7.      The Committee reserves all its rights with respect to an eventual plan of

adjustment for HTA, including as it relates to the implications of the distributions to HTA

bondholders pursuant to the HTA/CCDA PSA.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court overrule the Assured

Objection and grant such other relief as is equitable and just.

Dated: March 12, 2022

By: _/s/ Luc A. Despins_

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

-and-

By: _/s/ Juan J. Casillas Ayala_

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR
225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR
306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*