UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS |
| PEAJE INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br>    -v-<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 17-151-LTS in No.17 BK 3567-LTS<br><br>Adv. Proc. No. 17-152-LTS in No. 17 BK-3283-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

| | |
|---|---|
| ASSURED GUARANTY CORP, *et al*.,<br><br>Plaintiffs,<br><br>-v-<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Defendants. | Adv. Proc. No. 17-155-LTS in No.17 BK 3283<br><br>Adv. Proc. No. 17-156-LTS No. 17 BK-3567 |
| AMBAC ASSURANCE CORPORATION,<br><br>Plaintiff,<br><br>-v-<br><br>COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Defendants. | Adv. Proc. No. 17-159-LTS No.17 BK 3283-LTS |

ORDER DIRECTING SUPPLEMENTATION OF BRIEFING CONCERNING URGENT MOTION FOR AN ORDER DIRECTING THE FISCAL AGENT TO DISBURSE THE DISPUTED FUNDS IN THE HTA BOND SERVICE ACCOUNTS, REDEMPTION ACCOUNTS, AND RESERVE ACCOUNTS

The Court has received and reviewed the *Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* (Docket Entry No. 20297 in Case No. 17-3283, Docket Entry No. 1138 in Case No. 17-3567, Docket Entry No. 327 in Adv. Proc. No. 17-00151, Docket Entry No. 313 in Adv. Proc. No. 17-00152, Docket Entry No. 136 in Adv. Proc. No. 17-155, Docket Entry No. 132 in Adv. Proc. No. 17-156, and Docket Entry No. 167 in Adv. Proc. No. 17-159, the "Motion") and the related briefing (including submission of the *Amended and Restated Stipulation and Agreed Order Regarding the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts and Reserve Accounts* (Docket Entry No. 20316,[2] the "A&R Stipulation")).

The Oversight Board is hereby directed to file a memorandum addressing the following questions and issues:

**First**, paragraph 6 of the Oversight Board's reply (Docket Entry No. 20320, the "FOMB Reply") states that

> after receiving comments from the Monolines with respect to the deduction of the Fiscal Agent's fees and expenses from the Disputed Funds proposed to be disbursed pursuant to the Stipulation, the Oversight Board filed, on March 11, 2022, the A&R Stipulation, which deleted provisions relating to such deduction. Accordingly, the full amount of the Disputed Funds will be used to satisfy the

---

[2] All docket entry references herein are references to the docket of Case No. 17-3283.

> Effective Date Payments, subject to satisfaction of the HTA Distribution Conditions.

(FOMB Reply ¶ 6.) However, paragraph 2 of the reply of Bank of New York Mellon ("BNYM") (Docket Entry No. 20321, the "BNYM Reply") states that

> the Fiscal Agent's agreement is contingent upon confirmation that nothing in the Stipulation or the order approving it affects the Fiscal Agent's right to be paid for its fees and expenses, whether through its contractual priority of payment against monies in its hands, including the Disputed Funds, or otherwise.

(BNYM Reply ¶ 2.) Paragraph 3 of the BNYM Reply further states that "exercising the Fiscal Agent's priority of payment against the Disputed Funds may be the Fiscal Agent's only avenue to be compensated for its services and reimbursed for its expenses . . . ."

> If the Motion is granted,
>
> 1) Would BNYM withhold the amount of its claim for fees and expenses from the Disputed Funds that would be transferred to holders of bond claims pursuant to paragraph 52 of the Confirmation Order; or
>
> 2) Would BNYM transfer the full amount of the Disputed Funds to the holders of bond claims?

**Second**, the FOMB Reply states that "interpretation of decretal paragraph 52 of the Confirmation Order is irrelevant to the Court's consideration of the Urgent Motion." (FOMB Reply ¶ 7 n.8.) However, paragraph 3 of the A&R Stipulation provides, in relevant part, that "the aggregate amount of cash on account in the Disputed Funds shall be deemed amounts to be applied by HTA in satisfaction of the Effective Date Payments."

> If the Motion is granted,
>
> 1) Does the Oversight Board understand paragraph 3 of the A&R Stipulation to mean that, in the event that BNYM withholds its fees and expenses such that the holders of bond claims receive less than the full amount of the Disputed Funds, the full amount of the Disputed Funds would nonetheless be counted toward the "interim distribution to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims" that "reduce[s] the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds" under paragraph 52 of the Confirmation Order; or
>
> 2) Does the Oversight Board understand the A&R Stipulation to preserve the rights, if any, of holders of bond claims to assert, in such event, that they are entitled to receive an additional amount equal to the excess of the aggregate amount of the Disputed Funds over the amount distributed to them, based on paragraph 52 of the Confirmation Order or otherwise?

**Third**, the A&R Stipulation provides that it "shall be considered a full and final resolution of all disputes relevant to the Disputed Funds that were raised as part of the Disputed Funds Stipulation." (A&R Stipulation ¶ 5.)

1) What is the legal and factual basis for requesting the Court's endorsement of this provision?

2) Does the Oversight Board intend that the A&R Stipulation resolve any issues involving the creditor parties to the Disputed Funds Stipulation that are not parties to the A&R Stipulation?

3) If so, on what basis?

The Oversight Board is directed to file a memorandum addressing these issues and questions by **4:00 p.m. (Atlantic Standard Time) on March 14, 2022**. Any further responses from BNYM and the Objectors (as that term is defined in Docket Entry No. 20318) must be filed by **12:00 p.m. (Atlantic Standard Time) on March 15, 2022**.

SO ORDERED.

Dated: March 14, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge