# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered)<br><br>**RE: ECF No. 20297** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>                              Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS<br><br>**RE: ECF No. 1138** |
| PEAJE INVESTMENTS, LLC,<br><br>                              Plaintiff,<br><br>                              -v-<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, *et al.*,<br><br>                              Defendants. | Adv. Proc. No. 17-151-LTS in No.17 BK 3567-LTS<br><br>**RE: ECF No. 327**<br><br>Adv. Proc. No. 17-152-LTS in No. 17 BK-3283-LTS<br><br>**RE: ECF No. 313** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

| | |
|---|---|
| ASSURED GUARANTY CORP, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Defendants. | Adv. Proc. No. 17-155-LTS in No.17 BK 3283 <br><br> **RE: ECF No. 136** <br><br> Adv. Proc. No. 17-156-LTS No. 17 BK-3567 <br><br> **RE: ECF No. 132** |
| AMBAC ASSURANCE CORPORATION, <br><br> Plaintiff, <br><br> -v- <br><br> COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Defendants. | Adv. Proc. No. 17-159-LTS No.17 BK 3283-LTS <br><br> **RE: ECF No. 167** |

**SUPPLEMENTAL REPLY OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO IN SUPPORT OF URGENT MOTION FOR AN ORDER DIRECTING THE FISCAL AGENT TO DISBURSE THE DISPUTED FUNDS IN THE HTA BOND SERVICE ACCOUNTS, REDEMPTION ACCOUNTS, AND RESERVE ACCOUNTS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this supplemental reply (the "Supplemental Reply") (i) in compliance with the *Order Directing Supplementation of Briefing Concerning Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts and Reserve Accounts*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

1

(the "Order") [ECF No. 20322 in Case No. 17-3283] (the "Supplemental Brief Order"), and (ii) in support of the *Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* (the "Urgent Motion").[3] In support of this Supplemental Reply, the Oversight Board respectfully states as follows:

## BACKGROUND

1. On March 10, 2022, the Oversight Board filed the Urgent Motion, seeking approval of the liquidation and disbursement of the Disputed Funds pursuant to the terms and provisions of the *Stipulation and Agreed Order Regarding the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts and Reserve Accounts* (the "Stipulation").

2. On March 10, 2022, the Court entered the *Order Scheduling Briefing of Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* [ECF No. 20300 in Case No. 17-3283], setting March 12, 2022 at 10:00 a.m. (Atlantic Standard Time) as the deadline to respond to the Urgent Motion, and March 12, 2022 at 5:00 p.m. (Atlantic Standard Time) as the deadline to file a reply.

3. The Oversight Board and the Fiscal Agent modified the Stipulation in an attempt to address concerns raised by Assured and National, and, on March 11, 2022, the Oversight Board filed the *Amended and Restated Stipulation and Agreed Order Regarding the Disputed Funds in*

---

[3] Case No. 17-3283, ECF No. 20297; Case No. 17-3567, ECF No. 1138; Adv. Proc. No. 17-151, ECF No. 327; Adv. Proc. No. 17-152, ECF No. 313; Adv. Proc. No. 17-155, ECF No. 136; Adv. Proc. No. 17-156, ECF No. 132; Adv. Proc. No. 17-159, ECF No. 167. Capitalized terms used herein that are not otherwise defined shall have the meanings given to them in the Urgent Motion.

2

*the HTA Bond Service Accounts, Redemption Accounts and Reserve Accounts* (the "A&R Stipulation").[4]

4. Notwithstanding expressly addressing their stated concerns, on March 12, 2022, the Monolines filed the Objection.

5. On March 12, 2022, the Oversight Board, the Official Committee of Unsecured Creditors, and the Fiscal Agent each filed responses to the Monolines' Objection. [ECF Nos. 20320, 20319, 20322 in Case No. 17-3283].

6. On March 14, 2022, the Court entered the Supplemental Brief Order, directing the Oversight Board to file a memorandum addressing the following questions and issues:

**First** ("Issue One"):

If the Motion is granted,

> 1) Would BNYM withhold the amount of its claim for fees and expenses from the Disputed Funds that would be transferred to holders of bond claims pursuant to paragraph 52 of the Confirmation Order; or
>
> 2) Would BNYM transfer the full amount of the Disputed Funds to the holders of bond claims?

**Second** ("Issue Two"):

If the Motion is granted,

> 1) Does the Oversight Board understand paragraph 3 of the A&R Stipulation to mean that, in the event that BNYM withholds its fees and expenses such that the holders of bond claims receive less than the full amount of the Disputed Funds, the full amount of the Disputed Funds would nonetheless be counted toward the "interim distribution to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims" that "reduce[s] the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds" under paragraph 52 of the Confirmation Order; or
>
> 2) Does the Oversight Board understand the A&R Stipulation to preserve the rights, if any, of holders of bond claims to assert, in such event, that they are

---

[4] ECF No. 20316 in Case No. 17-3283; ECF No. 1141 in Case No. 17-3567; ECF No. 329 in Adv. Proc. No. 17-151; ECF No. 315 in Adv. Proc. No. 17-152; ECF No. 138 in Adv. Proc. No. 17-155; ECF No. 134 in Adv. Proc. No. 17-156; ECF No. 169 in Adv. Proc. No. 17-159.

3

entitled to receive an additional amount equal to the excess of the aggregate amount of the Disputed Funds over the amount distributed to them, based on paragraph 52 of the Confirmation Order or otherwise?

**Third** ("Issue Three"):

1) What is the legal and factual basis for requesting the Court's endorsement of paragraph 5 of the A&R Stipulation (providing that it "shall be considered a full and final resolution of all disputes relevant to the Disputed Funds that were raised as part of the Disputed Funds Stipulation.")?

2) Does the Oversight Board intend that the A&R Stipulation resolve any issues involving the creditor parties to the Disputed Funds Stipulation that are not parties to the A&R Stipulation?

3) If so, on what basis?

## SUPPLEMENTAL REPLY

**Issue One**:

7. In connection with the preparation of the A&R Stipulation, counsel for the Oversight Board had multiple conversations with counsel for the Fiscal Agent to allay the concern that had been informally articulated by counsel for Assured and National. Specifically, upon the filing of the Stipulation, such representatives had demanded that, despite the provisions of applicable resolutions, the Fiscal Agent not apply any of the Disputed Funds to payment of the Fiscal Agent's outstanding fees and expenses. At the request of the Oversight Board, the Stipulation was revised to remove the netting of the Fiscal Agent's fees and expenses. It is the Oversight Board's understanding that, pursuant to such revisions, and upon payment of the balance of the Effective Date Payments, the Fiscal Agent has agreed not to apply its fees and expenses against the Disputed Funds, but reserves rights with respect to additional payments from other funds. Accordingly, the entire amount of the Disputed Funds are to be made available and shall be paid to holders of HTA Bonds. Upon filing of the A&R Stipulation, counsel for the Oversight Board confirmed the "non-application" of the Disputed

4

Funds to counsel for Assured and National. Notwithstanding such assurances, the Monolines filed their objection.

8. The Oversight Board hereby confirms its understanding that, upon satisfaction of the Distribution Conditions, and the payment of the balance of the Effective Date Payments, the Fiscal Agent shall transfer the full amount of the Disputed Funds to holders of HTA Bond Claims, in connection with the Effective Date Payments to be made pursuant to decretal paragraph 52 of the Confirmation Order and the HTA/CCDA Plan Support Agreement.

**Issue Two**:

9. The Oversight Board understands that Issue Two is premised on the Fiscal Agent's deduction of its fees and expenses from the Disputed Amount. As noted above, the Fiscal Agent's fees and expenses will not be deducted from the Disputed Funds, and, accordingly, neither of the questions raised in Issue Two are implicated.

**Issue Three**:

10. The factual and legal basis for the Court to endorse decretal paragraph 5 of the A&R Stipulation is that, when the Disputed Funds are distributed in connection with the satisfaction of the Effective Date Payments, there will no longer be any issues for the Court to decide. As the Court may recall, the Disputed Funds Stipulation arose from a dispute between AAFAF and certain plaintiffs in the Adversary Proceedings relating to, among other issues, asserted liens on certain revenues, payments on the HTA Bonds, and monies allegedly pledged to secure the repayment of HTA Bonds. The Fiscal Agent was scheduled to make certain payments of principal and interest on the HTA Bonds on July 3, 2017. However, on June 20, 2017, AAFAF instructed the Fiscal Agent not to distribute the Disputed Funds to bondholders, asserting that such funds are property of HTA and subject to the automatic stay. Certain plaintiffs in the Adversary

Proceedings disagreed, asserting, among other things, that the Fiscal Agent must distribute the Disputed Funds to bondholders in accordance with the terms of the applicable governing documents. The parties to the Adversary Proceedings (which include Ambac, Assured, FGIC, National, and Peaje Investments LLC) entered into the Disputed Funds Stipulation, which maintained the status quo with respect to the Disputed Funds pending further order of the Court. Accordingly, with the entirety of the Disputed Funds being distributed to holders of the HTA Bonds, and AAFAF not opposing such distribution, there is nothing more to dispute and all issues which gave rise to the Disputed Funds Stipulation will have been disposed.

11. With respect to whether the Oversight Board intends that the A&R Stipulation resolve any issues involving the "creditor parties to the Disputed Funds Stipulation that are not parties to the A&R Stipulation," the Oversight Board submits that, as noted above, with the distribution of all Disputed Funds, by definition, issues of the Monolines (which are not parties to the A&R Stipulation) that gave rise to the Disputed Funds Stipulation are resolved. Conversely, the A&R Stipulation does not take a position as to inter-creditor disputes between the Fiscal Agent and other creditor parties to the Disputed Funds Stipulation, and the A&R Stipulation is not intended to resolve any such inter-creditor issues. The Oversight Board is only seeking relief with respect to distribution of the Disputed Funds, to which the Monolines do not object *See* Objection ¶¶ 3, 6.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

**WHEREFORE** the Oversight Board respectfully requests the Court to so order the A&R Stipulation, and grant such other and further relief as is just and proper.

Dated: March 14, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of Debtors*