**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Debtors.[1] | PROMESA<br>TITLE III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

**JOINT MOTION AND NOTICE OF SETTLEMENT OF SPECIAL CLAIMS COMMITTEE OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN COMPLIANCE WITH LITIGATION CASE MANAGEMENT AND SETTLEMENT APPROVAL PROCEDURES ORDER**

**To the Honorable United States District Court Judge Laura Taylor Swain and the Honorable United States Magistrate Judge Judith G. Dein:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC"), together with the Official Committee of Unsecured Creditors of All of the Title III Debtors Other than PBA and COFINA (the "Committee") and Management, Consultants & Computer Services, Incorporated ("MCCS" or the "Defendant") and, together with the Co-Plaintiffs, (each a "Party" and, together,

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

the "Parties"), respectfully jointly submit this motion and notice of settlement (the "Motion") pursuant to section 502 of the Bankruptcy Code and section "B.iii.b." of Appendix II of the *Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements* [ECF No. 7941] (the "Procedures Order;" Appendix II thereof, the "Avoidance Action Procedures") and respectfully state as follows:

## BACKGROUND

1. The SCC and Committee are co-plaintiffs in Adversary Proceeding No. 19-00081 (the "Adversary Proceeding") and jointly seek approval of a negotiated resolution of all claims raised or that could have been raised therein pursuant to the Avoidance Action Procedures.

2. The Parties to the Adversary Proceeding are the SCC and the Committee, as co-plaintiffs, and MCCS, as defendant.

3. The co-plaintiffs have computed the total face value of the amount sought to be avoided and recovered in the Adversary Proceeding (Exhibit A of the complaint in the Adversary Proceeding) to add up to $32,866,362.

4. On March 14, 2022, the Parties executed a settlement agreement in the Adversary Proceeding (the "Settlement Agreement").

5. Among other terms and conditions of the Settlement Agreement, MCCS has agreed to pay $500,000 to the co-plaintiffs, in settlement of all claims raised or that could have been raised in the Adversary Proceeding, relating directly or indirectly to the Adversary Proceeding, as well as any claims under or pursuant to Chapter V of the Bankruptcy Code, 11 USCS §§501-562. The

2

co-plaintiffs assert that the amount to be paid by MCCS is to be and distributed pursuant to the Plan and Confirmation Order in effect in these cases.

6. Subject to the Settlement Agreement, and upon filing by the co-plaintiffs of the Dismissal in the Adversary Proceeding, MCCS has also agreed to (i) release all claims relating to the Adversary Proceeding, including but not limited to any otherwise applicable right of Defendant to seek a claim against the Debtors pursuant to 11 U.S.C. § 502(h) as incorporated into PROMESA and (ii) disallowance of its Proof of Claim #100310, CM/ECF Claim #2688-1, filed June 29, 2018 in the Title III case of the Commonwealth of Puerto Rico (the "MCCS Claim").

7. In the event of an inconsistency between the terms of the Settlement Agreement and this Motion, the terms of the Settlement Agreement shall control.

8. Although the SCC and Committee have the authority to settle the Adversary Proceeding without further order of the Court pursuant to the notice procedures set forth in section "B.iii.b." of the Avoidance Action Procedures, the SCC and Committee believe that the Parties' agreement in this instance further requires the Court to enter an order specifically approving the disallowance of the MCCS Claim, as part of the Settlement Agreement. Through this Motion, the Parties seek such an order to approve such stipulated disallowance consistent with the Settlement Agreement, and otherwise submit the Settlement Agreement subject to the notice procedures set forth in section "B.iii.b." of the Avoidance Action Procedures.

## RELIEF REQUESTED

9. The SCC, Committee, and MCCS (the "Movants") jointly request that the Court enter an order, substantially in the form attached hereto as **Exhibit A** disallowing the MCCS Claim with prejudice, consistent with the Settlement Agreement and granting related relief.

**MOVANTS HAVE GOOD CAUSE FOR RELIEF REQUESTED**

10. The Movants have negotiated in good faith to resolve both the Adversary Proceeding and the MCCS Claim pursuant to the terms of the Settlement Agreement.

11. The Avoidance Action Procedures ordinarily permit any settlement of the Adversary Proceeding to become effective automatically following the expiration of the 14-day notice period set forth in section "B.iii.b." of the Avoidance Action Procedures.

12. The Avoidance Action Procedures further state that "nothing in the Settlement Standards listed above shall preclude the parties from negotiating and bargaining for specific terms, clauses, or provisions in any Settlement Agreements not otherwise delineated herein." See, Avoidance Action Procedures, parrs. "B, iii, (b)" and "B, ii, b".

13. In this instance, because the Settlement Agreement specifically provides for disallowance of a claim, SCC and Committee believe that the entry of an order is needed, disallowing the MCCS Claim as part of the terms and conditions of the Settlement Agreement.

14. Accordingly, pursuant to the Settlement Agreement, the Parties respectfully request that the Court enter an order approving the stipulated disallowance of the MCCS Claim consistent with the Settlement Agreement and authorize the Parties to take related actions to, among other things, reflect such disallowance on the claims register.

**CONCLUSION**

For all the foregoing reasons, the Movants respectfully request that the Court enter an order substantially in the form provided hereto as **Exhibit A**, granting this Motion.

4

## NOTICE OF TIME TO OBJECT PURSUANT TO PROCEDURES ORDER

Pursuant to the *Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and through the Members of the Special Claims Committee and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures For Approval Of Settlements*, [CM/ECF Doc #7941], if no objection to this "Motion and Notice of Settlement[…]" is filed and served upon the Oversight Board and the Committee within fourteen (14) days after the filing of the same, the Settlement Agreement will automatically become effective and binding on the parties. No later than fourteen (14) days after such Settlement Agreement is consummated, the Oversight Board and the Committee shall file a notice of dismissal in the relevant Avoidance Action, and pursuant to, Section B. *ii*. a. iv of the Procedures Order [CMECF Doc# 7491], the Parties may request that such dismissal be with prejudice. If an objection is filed pursuant to paragraph (c) above, the Oversight Board and the Committee shall file a response asserting and explaining the legal and factual bases for the Settlement Agreement under Federal Rule of Bankruptcy Procedure 9019 and any other applicable law or statutes within fourteen (14) days of the filing of the objection. Thereafter, the Court shall in its discretion decide if a hearing or further submissions are necessary.

Dated: March 14, 2022

*/s/ Sunni P. Beville*
**BROWN RUDNICK LLP**
Sunni P. Beville, Esq. (*Pro Hac Vice*)
Tristan G. Axelrod, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com
taxelrod@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Kenneth C. Suria*
**ESTRELLA, LLC**
Kenneth C. Suria (USDC-PR 213302)
Alberto Estrella (USDC-PR 209804)
Carlos Infante (USDC-PR 301801)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090
ksuria@estrellallc.com
agestrella@estrellallc.com

*/s/ Ricardo L. Ortiz-Colón*
**ORTIZ-COLÓN LAW OFFICE**
Ricardo L. Ortiz-Colón, Esq.
USDC-PR No. 205510
PO Box 195236
San Juan, Puerto Rico 00919-5236
Tel.: (787) 379-8900
rortiz@rloclaw.onmicrosoft.com
ortizcolonricardo@gmail.com

*Counsel for Management Consultants and Computer Services, Incorporated*

cinfante@estrellallc.com

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ *Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR 306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors (other than COFINA and PBA)*

EXHIBIT A

PROPOSED ORDER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Debtors.[2] | PROMESA<br>TITLE III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

**ORDER ON JOINT URGENT MOTION**

Upon consideration of the *Joint Motion and Notice of Settlement of Special Claims Committee of Financial Oversight and Management Board for Puerto Rico and Official Committee of Unsecured Creditors in Compliance with Litigation Case Management and Settlement Approval Procedures Order* (the "Motion"), it is HEREBY ORDERED THAT:

1. The Motion is granted as provided herein;

2. Proof of Claim #100310, CM/ECF Claim #2688-1, filed by Management, Consultants & Computer Services, Incorporated on June 29, 2018 in the Title III case of the Commonwealth of Puerto Rico (the "MCCS Claim") shall be disallowed with prejudice in accordance with the terms and conditions of the Settlement Agreement;

---

[2] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

3. The Debtors and Prime Clerk are authorized to update the claims register to reflect the relief granted in this Order and take all actions necessary to effectuate the relief granted in this Order;

4. The settlement of Adversary Proceeding No. 19-00081 (the "Adversary Proceeding") shall otherwise become effective pursuant to section B.iii.b of the procedures attached to the Court's *Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements* [ECF No. 7941] (the "Procedures Order"); and

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022

_____
HON. JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE