**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 17127-1 |

**DEBTORS' TWENTY-SIXTH OMNIBUS MOTION FOR APPROVAL
OF MODIFICATIONS TO THE AUTOMATIC STAY**

To the Honorable United States District Court Judge Laura Taylor Swain:

 The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA") and the Puerto Rico Public Buildings Authority ("PBA" and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to sections 362(d)(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), and in accordance with Paragraph III.Q of the Case Management Procedures (as defined below), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), retroactively approving the modifications to the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a) (the "Title III Stay") for the parties and actions set forth in **Exhibit 1** to the Proposed Order, *nunc pro tunc* to the dates specified therein. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to these Title III cases by PROMESA section 301(a).

### Background

4. On June 2, 2017, the Court entered an order approving certain notice, case management, and administrative procedures for the Title III cases [ECF No. 249] (as amended, the "Case Management Procedures"), which was subsequently amended on June 6, 2017 to make certain non-substantive clarifications and amendments [ECF No. 262].

5. On August 17, 2017, the Court entered an order further amending the Case Management Procedures to, among other things, implement a protocol (the "Lift Stay Protocol")

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

for filing motions for relief from the Title III Stay [ECF No. 1065]. Under the Lift Stay Protocol, a movant is required to (a) send notice (a "Lift Stay Notice") to counsel to the Oversight Board and AAFAF to advise them of the movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Debtors during the Lift Stay Notice Period.

6. On September 13, 2017, the Debtors filed a motion to amend the Case Management Procedures [ECF No. 1299] to allow the Debtors (a) to enter into stipulations modifying or lifting the Title III Stay under Paragraph III.Q of the Case Management Procedures without further order of the Court and (b) in their discretion, to modify or lift the Title III Stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice and further order of the Court.

7. On October 24, 2017, the Court approved the Third Amended Notice, Case Management and Administrative Procedures [ECF No. 1512-1], which implemented the Debtors' requested changes to the Lift Stay Protocol and requires the Debtors to file an omnibus lift stay motion every 60 days, identifying each modification to the Title III Stay agreed to by the Debtors during the relevant period and seeking retroactive Court approval of such modifications *nunc pro tunc* to the relevant modification date.

8. The Court entered the following orders approving stipulations modifying the Title III Stay *nunc pro tunc* to the dates specified therein:

| Description | ECF No. | Date |
|---|---|---|
| 1st Omnibus Order | 2191 | 12/28/17 |
| 2nd Omnibus Order | 2565 | 2/21/2018 |
| 3rd Omnibus Order | 2945 | 4/23/2018 |
| Supplement to 3rd Omnibus Order | 2988 | 5/1/2018 |
| 4th Omnibus Order | 3326 | 6/10/2018 |

3

| Description | ECF No. | Date |
|---|---|---|
| 5th Omnibus Order | 3795 | 8/21/2018 |
| Supplement to 5th Omnibus Order | 3940 | 9/17/2018 |
| 6th Omnibus Order | 4201 | 11/9/2018 |
| 7th Omnibus Order | 4550 | 12/21/2018 |
| 8th Omnibus Order | 5146 | 2/15/2019 |
| 9th Omnibus Order | 6448 | 4/22/2019 |
| 10th Omnibus Order | 7502 | 6/18/2019 |
| 11th Omnibus Order | 8499 | 8/19/2019 |
| 12th Omnibus Order | 8877 | 10/16/2019 |
| 13th Omnibus Order | 9595 | 12/16/2019 |
| 14th Omnibus Order | 10957 | 2/13/2020 |
| 15th Omnibus Order | 12838 | 4/16/2020 |
| 16th Omnibus Order | 13404 | 6/11/2020 |
| 17th Omnibus Order | 14010 | 8/11/2020 |
| 18th Omnibus Order | 14496 | 10/7/2020 |
| 19th Omnibus Order | 15362 | 12/7/2020 |
| 20th Omnibus Order | 15784 | 2/1/2021 |
| 21st Omnibus Order | 16281 | 4/1/2021 |
| 22nd Omnibus Order | 16856 | 6/1/2021 |
| 23rd Omnibus Order | 18372 | 10/04/2021 |
| 24th Omnibus Order | 19371 | 11/29/2021 |
| 25th Omnibus Order | 19902 | 1/26/2022 |

9. On July 20, 2021, the Debtors filed the *Informative Motion Regarding Lift Stay Notices for the Period May 22, 2021 Through July 20, 2021* [ECF No. 17433], informing the Court that no approval of any stipulation modifying or lifting the Title III Stay was being sought for that period.

**Relief Requested**

10. By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, retroactively approving the modifications to the Title III Stay for the parties and actions set forth in Exhibit 1 to the Proposed Order, *nunc pro tunc* to the dates specified therein.

4

11. As required by Paragraph III.Q of the Case Management Procedures, Exhibit 1 to the Proposed Order includes a brief description of the modification of the Title III Stay and case information (including case number and court), as applicable, for each party.

12. This Motion seeks to approve modifications to the Title III Stay agreed to by the Debtors for the period from January 15, 2022 through March 15, 2022 (the date of this Motion).

**Basis for Relief**

13. Bankruptcy Code section 362(a), made applicable to Title III cases pursuant to PROMESA section 301(a), provides, in relevant part, that the commencement of a Title III case operates as a stay enjoining all persons and entities from, among other things: (i) commencing or continuing any action or proceeding against a debtor that was or could have been brought against the debtor before the commencement of the debtor's Title III case, (ii) taking any action to obtain possession or control over property of the debtor, and (iii) attempting to collect, assess, or recover on a prepetition claim. See 11 U.S.C. § 362(a). In Title III cases, in addition to the automatic stay under section 362(a), Bankruptcy Code section 922(a) provides an additional stay of "any judicial, administrative, or other action or proceeding against an officer or inhabitant of the municipality that seeks to enforce a claim against the municipal debtor." 11 U.S.C. § 922(a).

14. Bankruptcy Code section 362(d)(1) provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the automatic stay, courts generally examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990). See Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry

5

list of assorted factors." (citing <u>Sonnax</u>, 907 F.2d at 1286; <u>C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.</u>, 369 B.R. 87, 94–5 (D.P.R. 2007))).

15. Additionally, under Bankruptcy Code section 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Since implementing the Lift Stay Protocol on August 17, 2017, the Debtors have received over 355 Lift Stay Notices seeking relief from the Title III Stay to prosecute various prepetition actions. The Debtors and their advisors, in consultation with the Oversight Board, carefully reviewed and analyzed each of the Lift Stay Notices and determined that it was appropriate to modify the Title III Stay for the parties and actions listed in Exhibit 1 to the Proposed Order, *nunc pro tunc* to the dates specified therein.

17. The Debtors believe that modifying the Title III Stay for these matters will alleviate the strain on the Title III cases and this Court, will further interests of judicial economy, and maximize the Debtors' resources for the benefit of all parties in interest by avoiding costly claim litigation in this Court on matters that are already well underway in other fora. The Debtors reserve all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Cases, including the treatment of any claim arising from the subject actions under a plan of adjustment or otherwise in the Title III Cases.

18. Accordingly, the Debtors request that the Court enter an order retroactively approving the modifications of the Title III Stay set forth on Exhibit 1 to the Proposed Order.

## Notice

19. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for

the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against Debtors; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[3] (i) all parties filing a notice of appearance in these Title III cases; and (j) the parties set forth in Exhibit 1 to the Proposed Order. A copy of the Motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

20. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Motion

21. The Debtors have not made any prior motion for the relief sought in this Motion to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

---

[3] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

7

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, retroactively approving the modifications of the Title III Stay set forth on Exhibit 1 to the Proposed Order, and granting such other and further relief as the Court may deem proper.

Dated: March 15, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight
and Management Board as Representative
for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight
and Management Board as Representative
for the Debtors*

## **Exhibit A**

**Proposed Order**

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | Re: ECF No. _____ |
| Debtors.[1] | |

**TWENTY-SIXTH OMNIBUS ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY**

Upon the *Debtors' Twenty-Sixth Omnibus Motion for Approval of Modifications to the Automatic Stay* (Docket Entry No. _____ in Case No. 17-3283, the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

1

that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

    1.    The Motion is granted as set forth herein.

    2.    Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Title III Stay is modified as set forth in the attached Exhibit 1 for matters subject to prior stipulations among or between the applicable Debtor and counterparty(ies), *nunc pro tunc* to the dates specified therein.

    3.    All rights, defenses, and protections of each of the Debtors with respect to any matters pending or that may arise in their respective Title III Cases, including the treatment of any claim arising from the matters set forth on Exhibit 1 hereof under a plan of adjustment or otherwise in the Title III Case are hereby reserved. Nothing in this Order or the Debtors' consent to stay modification as set forth in the Motion shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Debtors' rights to dispute, contest, setoff, or recoup any claim, including any claims asserted in the subject actions, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

    4.    Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this Order and (b) concerning the execution or enforcement in the Title III cases of any judgment entered in a prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

6. This Order resolves Docket Entry No. ___ in Case No. 17-3283.

Dated: _____

                                              HONORABLE LAURA TAYLOR SWAIN
                                              UNITED STATES DISTRICT JUDGE

## EXHIBIT 1
## TITLE III STAY MODIFICATIONS AGREED TO BY THE DEBTORS
## FROM JANUARY 15, 2022 THROUGH MARCH 15, 2022

|   | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 1. | *Total Petroleum v. Gloria Peña-Cruz personally and on behalf of her minor Y.R.P. v. Department of Education of Puerto Rico*<br><br>Case No. 22-1011 (ADC);<br><br>*Maria Molina-Vazquez and Hector Valencia-Soto personally and on behalf of their minor H.V.M.*<br><br>Case No. 22-1012 (RAM);<br><br>*Katherine Cintrón-Cortés personally and on behalf of her minor K.R.C.*<br><br>Case No. 22-1013 (FAB);<br><br>*Mailyn Jimenez-Muniz and Alvin Saavedra-Fernandez, personally and on behalf of their minor C.S.J.*<br><br>Case No. 22-1014 (RAM);<br><br>*Liz González-Santiago et als. v. Department of Education of Puerto Rico*<br><br>Case No. 22-1015 (JAG);<br><br>and *Miriam Avilés-Vélez et als. v. Department of Education of Puerto Rico*, Case No. 22-1016 (PAD)<br><br>IDEA Actions | Katherine Cintrón-Cortés, personally and on behalf of her minor, K.R.C.; María Molina-Vázquez and Héctor Valencia-Soto, personally and on behalf of their minor H.V.M.; Mailyn Jiménez-Muñiz and Alvin Saavedra-Fernández, personally and on behalf of their minor C.S.J.; Gloria Peña-Cruz personally and on behalf of her minor Y.R.P; Liz González-Santiago, personally and on behalf of her minor daughter, L.M.G.; and Miriam Avilés-Vélez, personally and on behalf of her minor son, J.G.A. | Commonwealth | To the extent necessary, the Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to enforce this Stipulation and seek payment of the Settlement Amount from the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Actions including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies | February 17, 2022 |

1