UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO
RESPONSE FILED BY CLAIMANT JOSE ONOFRE ORTIZ QUIÑONES [ECF NO.
20301] TO THE FOUR HUNDRED SEVENTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY
ENTITIES THAT ARE NOT TITLE III DEBTORS**

**To the Honorable United States District Court Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Motion Urgent of Objection to "Four Hundred Seventeenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities that Are Not Title III Debtors"* [ECF No. 20301] (the "Response") filed by Jose Onofre Ortiz Quiñones ("Ortiz Quiñones") and in support of the *Four Hundred Seventeenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 20043] (the "Four Hundred Seventeenth Omnibus Objection"), and in support of the Reply, respectfully states as follows:

1. On February 4, 2022, the Commonwealth filed the Four Hundred Seventeenth Omnibus Objection seeking to disallow claims asserting liabilities associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, but which fail to comply with the applicable rules by not providing a basis for asserting a claim against the Commonwealth or any other Title III Debtor, each as listed on Exhibit A thereto.

2. Any party who disputed the Four Hundred Seventeenth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on March 7, 2022, in accordance with the Court-approved notices attached to the Four Hundred Seventeenth Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Four Hundred Seventeenth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]).

3. Ortiz Quiñones filed a proof of claim against the Commonwealth on October 25, 2021, and it was logged by Prime Clerk as Proof of Claim No. 179673 (the "Ortiz Quiñones

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

Case:17-03283-LTS Doc#:20365 Filed:03/16/22 Entered:03/16/22 11:53:22 Desc: Main
Document Page 3 of 5

Claim").[3]  The Ortiz Quiñones Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the "Snow White Sugar Corporation of Puerto Rico/Corp. Azucarera de P.R."

4. As explained in the Four Hundred Seventeenth Omnibus Objection, the Puerto Rico Sugar Corporation is a former government entity which has since been dissolved and is no longer in existence.  During its existence, the Puerto Rico Sugar Corporation was a subsidiary of the Puerto Rico Land Authority, and "ha[d] a legal personality separate and distinct from that of the Commonwealth of Puerto Rico . . . ."  *Sugar Corp. of Puerto Rico v. Environeering, Inc.*, 520 F. Supp. 996, 999 (D.P.R. 1981) (citing 28 L.P.R.A. § 242(c); Sugar Corporation Certificate of Incorporation, Article 1(b)).  Upon its dissolution, the operations and liabilities of the Puerto Rico Sugar Corporation were transferred to the Puerto Rico Land Authority.  5 L.P.R.A. § 430(b), 430d ("the [Puerto Rico Land] Authority shall retain the liabilities . . .").  The Puerto Rico Land Authority is "a public corporation or an autonomous governmental instrumentality of the Commonwealth of Puerto Rico" created pursuant to Law No. 26 of April 12, 1941.  28 L.P.R.A. § 242(a).  The Puerto Rico Land Authority has "legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations, contracts, . . . accounts, . . . and property of the [Puerto Rico Land] Authority and of its subsidiaries . . . shall be understood as being of the said corporations and not of either the Commonwealth of Puerto Rico or any of the offices, bureaus, departments, commissions, dependencies, municipalities, branches, agents, officers, or employees thereof."  28 L.P.R.A. § 242(c).  Accordingly, the Puerto Rico Land Authority also has "all the rights and powers necessary or

---

[3] The Ortiz Quiñones Claim purports to amend Proof of Claim No. 168485, which was filed by Ortiz Quiñones on April 5, 2019.

advisable for carrying out the aforesaid purposes, including . . . [the right] to sue and be sued." 28 L.P.R.A. § 261.

5. The Response, which was filed on March 10, 2022, does not address the Debtors' contention that the Sugar Corporation is not a Title III entity, but rather, a separate and independent entity which has since been dissolved. Instead, Ortiz Quiñones contends that he is entitled to an accrued, but unpaid, pay increase granted by Law No. 90 of 1986 because (1) the law applied to "all public employees . . . **without distinction of status or categories, who are part of the Personnel System created by virtue of the Public Service Personnel Law** and who did not receive any increase due to the application of the federal minimum wage of April 15, 1986," Resp. at 1 (emphasis original), and (2) pursuant to the acquired rights doctrine, Ortiz Quiñones's right to the stated salary increase, once vested, cannot be "injure[d]" or "ignore[d]" by either "the Legislature in enacting a new law, []or the Governor by order," Resp. at 6.

6. However, whether Ortiz Quiñones is entitled to the raise established by Law 90-1986 is beside the point. As explained above, even if Ortiz Quiñones were entitled to the cited salary increase, any liabilities would be owed, if at all, by the Puerto Rico Land Authority, not the Commonwealth. Ortiz Quiñones has not—and cannot—articulate a basis to hold the Commonwealth liable for unpaid wages purportedly owed by either the Puerto Rico Sugar Corporation or the Puerto Rico Land Authority, both of which are separate, independent public corporations.

7. For the foregoing reasons, the Commonwealth respectfully requests the Court sustain the Four Hundred Seventeenth Omnibus Objection and disallow the Ortiz Quiñones Claim, notwithstanding the Response.

4

| | |
|---|---|
| Dated: March 16, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico* |

5