UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>             Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS |

AMENDED AND RESTATED STIPULATION AND AGREED ORDER
REGARDING THE DISPUTED FUNDS IN THE HTA BOND SERVICE
ACCOUNTS, REDEMPTION ACCOUNTS AND RESERVE ACCOUNTS

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways

and Transportation Authority ("HTA"), by and through the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

Commonwealth and HTA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and The Bank of New York Mellon, solely in its capacity as fiscal agent ("BNYM" or the "Fiscal Agent") for several series of bonds issued by HTA (the "HTA Bonds"), hereby stipulate and agree as follows:

## RECITALS

### Commencement of Title III Cases

A.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

B.      On May 21, 2017, the Oversight Board issued a restructuring certification for HTA, commencing an additional case under Title III of PROMESA (the "HTA Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases").

C.      By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the sole representative of the Commonwealth and HTA in their respective Title III Cases.

D.      The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

### The Disputed Funds

E.      After the filing of the Title III Cases, certain monoline insurers and bondholders commenced the following adversary proceedings regarding, among other issues, asserted liens on certain revenues, payments on the HTA Bonds, and monies allegedly pledged to secure the

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

repayment of HTA Bonds (collectively, the "Adversary Proceedings"): *Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. No. 17-159-LTS; *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. Nos. 17-155-LTS, 17-156-LTS; and *Peaje Investments, LLC v. Puerto Rico Highways and Transportation Authority, et al.,* Adv. Proc. Nos. 17-151 LTS, 17-152-LTS.

F.      Pursuant to applicable documents, BNYM, as Fiscal Agent, was scheduled to make a payment of principal and interest on several series of bonds issued by HTA to the bondholders in the aggregate amount of approximately $224,277,263.11 on July 3, 2017.

G.      On or around June 20, 2017, Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") instructed BNYM not to distribute the Disputed Funds to the bondholders, asserting that the Disputed Funds, as defined below, are property of HTA and are subject to the automatic stay pursuant to section 362(a) of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA.

H.      By letter, dated June 23, 2017, certain plaintiffs in the Adversary Proceedings stated their disagreement with the AAFAF position and asserted that BNYM must distribute the Disputed Funds on July 3, 2017 in accordance with the terms of the governing documents because the Disputed Funds (i) are not property of HTA, (ii) are held in trust for the benefit of the bondholders, (iii) are "pledged special revenues," pursuant to sections 902, 922(d) and 928 of the Bankruptcy Code as incorporated by section 301(a) of PROMESA, and (iv) are not subject to the automatic stay.

I.      As of July 3, 2017, BNYM, as Fiscal Agent, held cash and various investments with an estimated value of $76,149,000.00 (the "Disputed Funds").

J.      BNYM declined to take a position on the matter, and, in light of the dispute regarding the Disputed Funds, indicated that it would not distribute the Disputed Funds until appropriate relief was obtained from the Court.

K.      On July 31, 2017, the parties to the Adversary Proceedings entered into that certain *Stipulation and Proposed Order Governing the Disputed Funds in the HTA Bonds Accounts, Redemption Accounts and Reserve Accounts* (the "Disputed Funds Stipulation"), which provides that, among other things, pending further order of the Court, BNYM shall maintain the entirety of the Disputed Funds in the existing accounts into which they have been deposited.

L.      On August 3, 2017, the Court approved the Disputed Funds Stipulation [Case No. 17-00152, ECF No. 179].

M.      As of the date hereof, the Disputed Funds held by BNYM in cash and various investments total $90,710,855.43.

**Confirmation of the Plan of Adjustment**

N.      On May 5, 2021, the Oversight Board, as representative of the Commonwealth and HTA in their Title III Cases, entered into that certain HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA") with certain holders of bonds issued by HTA, certain holders of bonds issued by the Puerto Rico Convention Center District Authority, Assured Guaranty Corp. and Assured Municipal Corp., and National Public Finance Guarantee Corporation, which provided for, among other things, the terms of the resolution of litigation among the parties regarding the bonds issued by HTA, and the terms of securities to be issued pursuant to plans of adjustment for the Commonwealth and HTA.

O.      On July 15, 2021, Ambac Assurance Corp. and Financial Guaranty Insurance Company each executed joinders to the HTA/CCDA PSA.

P.      On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Case No. 17-03283, ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [Case No. 17-03283, ECF No. 19784] (the "Plan")[3], which incorporates the terms of the HTA/CCDA PSA.

Q.      Section 4.1 of the HTA/CCDA PSA and decretal paragraph 52 of the Confirmation Order provide, in pertinent part, that ". . . within ten (10) Business Days following satisfaction of the HTA Distribution Conditions, HTA shall make an interim distribution to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims in the amounts of One Hundred Eighty-Four Million Eight Hundred Thousand Dollars ($184,800,000.00) and Seventy-Nine Million Two Hundred Thousand Dollars ($79,200,000.00), respectively, in Cash, which distributions shall reduce the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds, respectively, and the corresponding HTA Bond Claims . . . ." (the "Effective Date Payments").   Confirmation Order ¶ 52.

R.      Sections 2.1 and 63.1 of the Plan provides for the treatment and global compromise and settlement of, among other things, claims against the Commonwealth relating to the HTA Bonds.

S.      The Oversight Board projects that the Effective Date of the Plan shall occur on or before March 15, 2022.

---

[3] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**<u>AGREEMENT</u>**

1.      This stipulation (the "<u>Stipulation</u>") shall become effective upon entry of an order of the Court approving the terms and provisions hereof (the "<u>Stipulation Date</u>").

2.      Within two (2) business days of the date of execution of this Stipulation, the Oversight Board shall provide BNYM instructions for the liquidation of Disputed Funds that BNYM currently holds in investments other than cash.

3.      Upon (a) satisfaction of the Distribution Conditions, and (b) liquidation of the Disputed Funds that BNYM currently holds in investment other than cash, (1) the aggregate amount of cash on account in the Disputed Funds shall be deemed amounts to be applied by HTA in satisfaction of the Effective Date Payments, and (2) the Fiscal Agent shall provide the Oversight Board and HTA a written statement setting forth the amount of the Disputed Funds as of such date.

4.      Nothing in this Stipulation affects the Fiscal Agent's right to be reimbursed for any and all of the Fiscal Agent's fees and expenses from the distributions to be made pursuant to the Plan, in accordance with the applicable resolutions, decretal paragraph 36 of the Confirmation Order, Section 77.13 of the Plan, and a plan of adjustment for HTA.

5.      This Stipulation shall be considered a full and final resolution of all disputes relevant to the Disputed Funds that were raised as part of the Disputed Funds Stipulation.

6.      The parties represent and warrant that they are duly authorized to enter into and be bound by this Stipulation.  Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to

any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

7.      Each party hereto agrees that it has fully participated in the drafting of this Stipulation.   The rule of law that provides that ambiguities will be construed against the drafting party in interpreting written instruments shall be inapplicable to resolve any disputes over the meaning or intent of this Stipulation or any of its provisions.

8.      This Stipulation is the full and complete agreement of the parties with respect to the matters set forth herein, and each party has entered into this Stipulation voluntarily and without duress.

9.      This Stipulation shall be binding on the parties' successors and assigns.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

11.      This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

Dated: March 11, 2022

*[Remainder of page intentionally left blank]*

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

*Attorneys for the Financial Oversight
and Management Board as
representative for the Commonwealth*

**SEPULVADO, MALDONADO &
COURET**

/s/ *Albéniz Couret-Fuentes*
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207

304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: acouret@smclawpr.com

**REED SMITH LLP**

/s/ *Jared S. Roach*
Luke A. Sizemore (Pro Hac Vice)
Jared S. Roach (Pro Hac Vice)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: lsizemore@reedsmith.com
Email: jroach@reedsmith.com

*Counsel to The Bank of New York Mellon, in
its capacity as Fiscal Agent*

The parties to the Stipulation have represented that the Stipulation will, upon the satisfaction of certain conditions precedent to payment of the Effective Date Payments, result in the disbursement of the entirety of the Disputed Funds to the holders of bond claims, without deduction of the Fiscal Agent's fees and expenses.  (See *Supplemental Reply of the Financial Oversight and Management Board for Puerto Rico in Support of Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* ¶¶ 7-8, Docket Entry No. 20331 in Case No. 17-3283 (the "FOMB Supplemental Reply"); *The Bank of New York Mellon's Supplemental Response to the Order Directing Supplementation of Briefing Concerning Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* ¶ 2, Docket Entry No. 20340 in Case No. 17-3283.)  The Oversight Board has also represented, and the Fiscal Agent has not disputed, that

it does not intend the Stipulation to be construed to affect inter-creditor disputes between the Fiscal Agent and other creditor parties to the Disputed Funds Stipulation (see FOMB Suppl. Reply ¶ 11), and the Stipulation expressly does not affect whatever rights the Fiscal Agent may have to be reimbursed for its fees and expenses.  (Stipulation ¶ 4.)  Moreover, the Stipulation does not address the interpretive question set forth in the *Response of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guaranty Corporation with Respect to Supplemental Reply of the Financial Oversight and Management Board for Puerto Rico in Support of Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* (Docket Entry No. 20337 in Case No. 17-3283, the "Supplemental Objection") concerning the Debtors' compliance with paragraph 52 of the Confirmation Order in the event that the Fiscal Agent withholds fees and expenses from the "balance" of the Effective Date Payments (Supplemental Objection ¶¶ 9-10), and the parties' rights are therefore reserved in that respect if such a dispute becomes ripe.  Notwithstanding such potential disputes concerning the balance of the Effective Date Payments, the disbursement of the full amount of the Disputed Funds to the holders of bond claims fully resolves all disputes relevant to the Disputed Funds that were raised as part of the Disputed Funds Stipulation, with no apparent prejudice to any party's rights.  (See Disputed Funds Stipulation at 4.)

Based upon the foregoing, and only to the extent that the Stipulation is construed in a manner consistent with the above-described representations, the Court hereby approves the Stipulation and overrules the objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guaranty Corporation.

SO ORDERED on March 16, 2022

/s/ Laura Taylor Swain
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE