UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: :
: PROMESA
THE FINANCIAL OVERSIGHT AND : Title III
MANAGEMENT BOARD FOR PUERTO RICO, :
:
   as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, et al., :
: Jointly Administered
   Debtors.<sup>1</sup> :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CONTINENTAL PLLC AS SUBSTITUTE CONFLICTS COUNSEL AND SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL RULE 2014-1(e), EFFECTIVE AS OF FEBRUARY 14, 2022**

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Committee") appointed in the above-captioned cases for an order pursuant to section 1103(a) of the Bankruptcy Code and Local Rule 2014-1(e) authorizing the retention and employment of Continental PLLC ("Continental"),

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

1

effective as of February 14, 2022, as conflicts counsel and special litigation counsel to the Committee; and upon the Arrastia Declaration and the Committee Declaration in support thereof; the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to PROMESA section 306(a); (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Application has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the representations made in the Application and the Arrastia Declaration, Continental represents no interest that is adverse to the Committee with respect to the matters on which the firm is to be engaged; that the firm is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code made applicable pursuant to section 301(a) of PROMESA; and that the firm's employment is necessary and in the best interests of the Committee and its members; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT:**

1. The Application is granted and approved.

2. In accordance with section 1103(a) of the Bankruptcy Code made applicable to the Title III Cases pursuant to section 301(a) of PROMESA, the Committee is authorized to employ and retain Continental as its attorneys on the terms set forth in the Application, the Arrastia Declaration, and the Committee Declaration, effective as of February 14, 2022. Continental will charge its regular hourly rates in effect from time to time; as such rates may be increased periodically, annually or otherwise; *provided, however*, that Continental has agreed to reduce its regular hourly rates by 20%.

3. Continental and the Attorneys shall be substituted in the place and instead of the GJB Firm, as special litigation and conflicts counsel.

4. Continental shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 316 and 317 of PROMESA, the applicable Bankruptcy Rules, the Local Rules of this Court, and such orders as the Court may direct. Pursuant to section 503(b)(1) of the Bankruptcy Code, made applicable by section 301(a) of PROMESA, the fees and expenses of Continental under this Order shall be an administrative expense.

5. The Commonwealth (and other title III debtor(s) (if any) for which the Committee acts as the official committee of unsecured creditors) shall be responsible for such compensation and reimbursement of expenses and have consented to pay Continental's fees and expenses within ten days of allowance by the Court or as provided in any interim compensation order, and any such payments shall be made net of any withholding or other applicable taxes. To the extent section 305 of PROMESA applies, the Oversight Board has consented to the Commonwealth's (and the other Title III Debtors for which the Committee acts as the official committee of unsecured creditors) payment as provided in this Order. The retention of Continental, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order.

6. Continental shall indicate in its periodic fee statements whether there has been any increase in the rates set forth in the Application. Under no circumstances shall the Committee members be responsible for payment of Continental's fees and expenses.

7. The Committee and Continental are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related

to this Order or Continental's services for the Committee.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2022

                                              _____
                                              HON. LAURA TAYLOR SWAIN
                                              UNITED STATES DISTRICT JUDGE