C.F.

**UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

María A. Clemente Rosa
APELANTE

V.

Estado Libre Asociado

De Puerto Rico

3 DE MARZO DE 2022

PROMESA
TITLE III
No. 17 BK 3283- LTS
CLAIM. Num. 139834

(Jointly Administered)
This filing relates to the Commonwealth, HTA and ERS.

**APPEAL FROM THE UNITED STATES DISTRICT**

**COURT FOR THE DISTRICT OF PUERTO RICO**

**MOCIÓN DE APELACIÓN**

RELACIÓN DE HECHOS

1. PUERTO RICO, BAJO SU DESARROLLO ECONÓMICO ADQUIRIÓ UNA DEUDA APARENTEMENTE IMPAGABLE, Y POR APARENTE INCUMPLIMIENTO E INCAPACIDAD DE PAGO, EL GOBIERNO FEDERAL ASIGNÓ UNA JUNTA DE CONTROL FISCAL PARA EL MANEJO, CUMPLIMIENTO DEL PAGO DE LA DEUDA.
2. DICHA DEUDA SE IDENTIFICÓ BAJO EL TÍTULO III (LEY PROMESA). DONDE LA JUNTA DE CONTROL FISCAL, DISEÑARÍA UN PLAN DE AJUSTE, PARA LOGRAR EL PAGO DE LA MISMA.

3. DE ACUERDO A LA AGENCIA DE RECLAMACIÓN PRIME CLERK, ESTA LEY PROMESA ESTABLECIA Y CITO:

    "El Título III de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (Puerto Rico Oversight, Management and Economic Stability Act, «PROMESA») prevé un mecanismo para que un territorio comprendido (como es el Estado Libre Asociado) con dificultades financieras para trabajar negocie con sus acreedores un ajuste de sus deudas. Para tal fin, determinadas secciones del Código de Quiebra de los Estados Unidos, el Artículo 101 et seq. del Título 11 del Código de los Estados Unidos (United States Code, U.S.C.), se incorporan y se hacen aplicables a los casos al amparo del Título III de la PROMESA. Durante el Caso al amparo del Título III, el Estado Libre Asociado mantendrá la posesión y el control de sus bienes, y continuará desempeñando funciones y prestando servicios en beneficio de los ciudadanos de Puerto Rico.".

4. QUE EN EL AÑO 2018, SOMETÍ MIS RECLAMACIONES A LA CORTE FEDERAL SOBRE LA LEY III PROMESA, SOBRE EL ESTADO LIBRE ASOCIADO.

5. QUE LAS AGENCIAAS QUE REPRESENTAN EL ESTADO LIBRE ASOCIADO, Y QUE SE IDENTIFICAN COMO DEUDORAS ESTÁN DE ACUERDO A LA AGENCIA PRIME CLERK Y CITO:

| Case Number | Debtor Name | Petition Date |
|---|---|---|
| 17-03283 | Commonwealth of Puerto Rico | May 03, 2017 |
| 17-03284 | Puerto Rico Sales Tax Financing Corporation (COFINA) | May 05, 2017 |
| 17-03567 | Puerto Rico Highways and Transportation Authority | May 21, 2017 |
| 17-03566 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | May 21, 2017 |
| 17-04780 | Puerto Rico Electric Power Authority | July 02, 2017 |
| 19-05523 | Puerto Rico Public Buildings Authority (PBA) | September 27, 2019 |

6. QUE ENTRE LAS AGENCIAS DEL ESTADO LIBRE ASOCIADO DEUDORAS Y DE LAS CUALES YO RECLAMÉ COMO ACREEDORA ESTÁN: DEPARATAMENTO DE EDUCACIÓN, LA COMISIÓN DEL FONDO DE SEGURO DE ESTADO, EL SISTEMA DE RETIRO, LA ADMINISTRACIÓN ECONÓMICA DE PUERTO RICO.

7. QUE LAS RECLAMACIONES RESPETUOSAMENTE SOMETIDAS AL HON. TRIBUNAL DE LOS ESTADOS UNIDOS, PARA HACER CUMPLIR CON LA RESPONSABILIDAD DEL GOBIERNO DE PUERTO RICO, DE PAGAR Y RESARSIR LOS DAÑOS CREADOS A SUS ACREEDORES SON:

    1. RECLAMACIÓN NÚM. 139834 CASO NÚM. 17-03283
    2. RECLAMACION NUM. 150849 CASO NÚM. 17-03283
    3. RECLAMACION NUM. 921159 CASO NÚM. 17-03283
    4. RECLAMACION NUM. 133537 CASO NÚM. 17-03283
    5. RECLAMACION NUM. 133778 CASO NÚM. 17-03283

8. QUE BAJO LA LEY III PROMESA, LA JUNTA DE CONTROL FISCAL SOMETIOÓ VARIOS PLANES A LA HON. JUEZ DEL TRIBUNAL FEDERAL LAURA TAYLOR SWAIN, PARA QUE LOS MISMO FUERAN EVALAUDOS, FINALMENTE EN FEBRERO 2022, SE PUDO ACEPTAR UN PLAN FINAL DONDE SE TRABAJO PARA EL PAGO DE LA DEUDA POR LAS AGENCIAS DEUDORAS A LOS ACREEDORES.
9. DENTRO DE ESOS ACREEDORES ME ENCUNTRO YO, MARÍA A. CLEMENTE ROSA, MAESTRA DEL DEPARTAMENTO DE EDUCACIÓN DESDE 1985, CON UNA PREPARACIÓN DE PHD, (DOCTORADO) Y RECLAMANTE DE PAGO POR CARRERA MAGISTERIAL LEY 169, Y LOS AUMENTOS QUE OTORGARON LOS GOBERNADORES, DEL ESTADO LIBRE ASOCIADO (PUERTO RICO) Y POR LEY DE QUIEBRA EL DEPARTAMENTO DE EDUCACIÓN NO LOS ASIGNÓ NUNCA.
10. HON. JUEZ LAURA TAYLOR SWAIN, DEL TRIBUNAL FEDERAL RESPETUOSAMENTE LE PRESENTO QUE COMO MAESTRA DEL SISTEMA PÚBLICO DE PUERTO RICO, HE SUFRIDO LESSIONES EN EL TRABAJO LO CUAL ME HA LLEVADO A RADICAR CASOS EN EL FONDO DEL SEGURO DE ESTADO, DE ACUERDO A LA LEY 45, DEL 1935, ENMENDADA. AGENCIA QUE RESPONDE AL GOBIERTO DE PUERTO RICO, ESTADO LIBRE ASOCIADO.
11. **Tribunal de Distrito de Estados Unidos,** ESTA LLEVANDO UN DEBIDO PROCEDIMIENTO SOBRE LAS RECLAMACIONES REALIZADAS ATRAVES DE LA LEY PROMESAIII, Y CONSIDERANDO EL PLAN DE AJUSTE ESTABLECIDO, POR LA JUNTA DE CONTROL FISCAL.
12. THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH PF PUERTO RICO, et al ., Debtors: .
13. Prime Clerk LLC is the solicitation, notice, and claims agent for the Commonwealth of Puerto Rico (the "Commonwealth"), Puerto Rico Sales Tax Financing Corporation ("COFINA"), Puerto Rico Highways & Transportation Authority ("HTA"), Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"). On May 3, May 5, May 21, and July 2, 2017, and September 27, 2019, the Commonwealth, COFINA, HTA, ERS, PBA, and the Puerto Rico Electric Power Authority (collectively, the "Debtors") filed petitions for relief under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). The Debtors' cases are jointly administered in the United States District Court for the District of Puerto Rico under Case No. 17-03283.

14. LA OFICINA DE PRIME CLERK LLC, CLAIMS AGENTS, REPRESENTAN LAS RECLAMACIONES INDEMPEDIENTES DE LOS ACREEDORES. EN ESA PARTE ESTOY YO, COMO ACREDORA.

15. (THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH PF PUERTO RICO, et al., Debtors: ). LOS ABOGADOS REPRESENTANTES DE LA PARTE DEUDORA: "EL ESTADO LIBRE ASOCIADO, GOBIERNO DE PUERTO RICO,". HAN PRESENTADO COMO PARTE DE SU DEFENZA QUE LA PARTE ACRREEDORA (MARIA A. CLEMENTE ROSA) NO HA SOMETIDO LA INFORMACION NECESARIA PARA SUSTENTAR LA DEUDA QUE TIENE QUE PAGAR LOS DEUDORES.

16. HON. JUEZ LAURA TAYLOR SWIAN , ANTE LA DEFENSA DE LA PARTE DEUDORA, Y EL ANALISIS DE DOCUMENTOS PRESENTADOS POR MI EN LAS DIFERENTES RECLAMACIONES. LA DEFENSA DE LA PARTE DEUDORA, ME HA CERRADO MIS RECLAMACIONES A. 139834 Y B. 150849, LAS CUALES ESTAN SOMETIDAS BAJO EL CASO No. 17-03283. (DEBTOR NAME: COMMON WEALTH OF PUERTO RICO), SIN APARENTEMENTE PERMITIRME UN DEBIDO PROCESO ADECUADO Y RAZONABLE DE APELACIÓN.
17. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO QUE LOS ABOGADOS DE LA PARTE DEUDORA, APARENTMENTE PRESENTA SUS ALEGATOS Y SU EVIDENCIA DE NO ACEPTAR DICHOS DOCUMENTOS PARA LA RECLAMACION Y DEJAR SIN EFECTO MIS POSTULADOS. Y LUEGO RECLAMOS. Y LUEGO ME ENVIA COPIA DE TODOS MIS DOCUMENTOS Y ME INFORMA QUE: "EL CASO HA SIDO CERRADO".
18. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO ADEMÁS QUE: LOS ABOGADOS REPRESENTANTES DE LA PARTE DEUDORA: "EL ESTADO LIBRE ASOCIADO, GOBIERNO DE PUERTO RICO,". HAN PRESENTADO COMO PARTE DE SU DEFENZA
    a. CITO: "EN CONSECUENCIA, DEBIDO A QUE CLEMENTE ROSA NO HA PROPORCIONADO UNA BASE PARA AFIRMAR QUE LA RECLAMACION DE CLEMENTE ROSA TIENE DERECHO A LA PRIORIDAD DE GASTOS ADMINISTRATIVOS, LOS DEUDORES SOLICITAN RESPETUOSAMENTE QUE LA RECLAMACIÓN DE CLEMENTE ROSA, SEA RECLASIFICADA COMO UNA RECLAMACIÓN GENERAL NO GARANTIZADA.
    b. POR TAL RAZONES QUE ATECEDEN, LOS DIPUTADOS SOLICTAN RESPETUOSAMENTE QUE LA CORTE OTORGUE EL TRICENTÉSIMO SEXAGÉSIMO SEGUNDO ÓNIBUS. OBJETAR Y RECLASIFICAR LOS RECLAMOS COMO RECLAMOS GENERALES NO GARANTIZADOS, SIN PERJUICIO DE LA RESPUESTA.
19. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO: QUE LOS ABOGADOS DEFENSORES DE LA PARTE DEUDORA, ENVIAN LAS NOTIFICACIONES Y ALEGATOS DE FORMA TARDIA. DISCRIMINANDO EN EL TIEMPO REGLAMAENTARIO QUE TENGO, PARA HACER MIS APELACIONES, AL HON. TRIBUNAL DE LA CORTE FEDERAL Y AL HON. JUEZ LAURA TAYLOR SWIAN, EN VARIAS OCASIONES LA PARTE DEFENSORA APARENTEMENTE ME INFORMA: QUE SI QUIERO APELAR QUE ESCCRIBA A TAL FECHA. CUANDO QUE LA FECHA ESTIPULADA QUE ME DA, YA HA PASADO.
20. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO QUE LA PARTE DEFENSORA DE LOS DEUDORES, APARENTEMENTE ESTA DISCRIMINANDO CONTRA MI PERSONA, PORQUE NO ESTOY REPRESENTADA POR UN ABOGADO Y PARENTEMENTE ESTA UTILIZANDO LAS DESVENTAJA DE MI CONOCIMIENTO LEGAL, PARA HACER REFERENCIAS SOBRE LA NECESIDAD DE UBICACIÓN DE LA RECLAMACIONES DEL ACREEDOR COMO PRIORIDAD DE GASTOS. APARENTEMENTE OLVIDANDO CON PERJUICIO LOS DAÑOS CAUSADOS POR LOS DEUDORES A LOS ACREEDORES.
21. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO QUE DE ACUERDO AL CÓDIGO DEL 1970, CÓDIGO DE RESPONSABILIDAD Y ÉTICA DE LOS MIEMBROS DE LA PROFESIÓN LEGAL DE PUERTO RICO SE ESTABLECE Y CITO:

    "El Preámbulo del Código de Ética que Regirá la Conducta de los Miembros de la Profesión Legal de Puerto Rico, según aprobado mediante Resolución del Tribunal Supremo del 24 de diciembre de 1970, dispone:

    "En Puerto Rico, donde el sistema democrático es fundamental para la vida de la comunidad y donde la fe en la justicia se considera factor determinante en la convivencia

social, es de primordial importancia instituir y mantener un orden jurídico íntegro y eficaz, que goce de la completa confianza y apoyo de la ciudadanía.
"La consecución de estos fines le impone a los miembros de la profesión jurídica, sobre quienes recae principalmente la misión de administrar la justicia y de interpretar y aplicar las

22. HON. JUEZ DEL TRIBUNAL FEDERAL, HON. LAURA TAYLOR SWIN, RESPETUOSAMENTE SOLICITO, QUE SE CONSIDERE EL PREÁMBULO ESTABLECIDO EN: "EL CÓDIGO DEL 1970, CÓDIGO DE RESPONSABILIDAD Y ÉTICA DE LOS MIEMBROS DE LA PROFESIÓN LEGAL DE PUERTO RICO", Y SE ME ACEPTE MI MOCIÓN DE APELACIÓN ANTES LOS CASOS DE RECLACION PRESENTADOS ANTE LA HONORABLE JUEZ LAURA TAYLOR SWIN, COMO PARTE DE UN DEBIDO PROCESO DE LEY Y DE RECLAMO JUSTO Y ADECUADO. (AL GOBIERNO DE PUERTO RICO). Y SE ME DE LA OPORTUNIDAD DE RESPONDER CON UNAS FECHAS ADECUADAS, DE 25 DIAS NATURALES, LUEGO DE QUE LOS ABOGADOS DE LA PARTE DEUDORA"ESTADO LIBRE ASOCIADO DE PUERTO RICO', HAYAN EMITIDO SU POSTULADO.

HON. JUEZ LAURA POR ESTE MEDIO RESPUETUOSAMENTE LES PRESENTO LOS CASOS QUE ME HAN CERRADO, SIN DARME EL TIEMPO NI LA OPORTUNIDAD ADECUADA DE UN PROCESO JUSTO DE APELACIÓN MIS RECLAMACIONES A. 139834 Y B. 150849 ESTAN SOMETIDAS BAJO EL CASO No. 17-03283. (DEBTOR NAME: COMMON WEALTH OF PUERTO RICO), SOLICITO RESPETUOSAMENTE QUE SE EVALUE CADA UNO DE MIS DOCUMENTOS PRESENTADOS PARA CADA CASO.

17. Reconociendo dicho acto solicito a este honorable foro que imponga un remedio legal dirigido a indemnizar daños y perjuicios causados por la parte DEUDORA, EL Estado Libre Asociado De Puerto Rico, Gobierno de Puerto Rico y su Dependencias y que se me otorgue un resarcimiento de daños y abono de intereses por la cantidad de $ 50,400.00 según lo estipulado en la reclamación y el pago de costas y honorarios de abogados.

POR TODO LO CUAL, la parte peticionaria muy respetuosamente solicita al **Hon. Laura Taylor Swain. Juez, Del Tribunal de Distrito de Estados Unidos and** TO THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as **representative of THE COMMONWEALTH PF PUERTO RICO, et al ., Debtors:** que tome conocimiento de lo anterior, DECLARE CON LUGAR LA MOCIÓN DE APELACIÓN: **PARA QUE SE EVALUE LA DOCUMENTACIÓN SOMETIDA A LA HONORABLE JUEZ, RELACIONADA A LOS DAÑOS CREADOS POR EL DEUDOR EL ESTADO LIBRE ASOCIADO DE PUERTO RICO. Y SE CONSIDEREN PARA LA APELACION DE LA APERTURA DE LAS RECLAMACIONES. SOMETIDAS A LA LEY PROMESA III EL 29 DE JUNIO DE 2018,**

CLAIM NUM. 139834 Y CLAIM NUM. 150849, DEL CASE NUMBER: 17BK 03283-LTS - POR EL MONTO DE LA RECLAMAION DE 50,400.00. EN SU TOTALIDAD. RESPETUOSAMENTE SOMETIDO A LA HON. JUEZ. **Laura Taylor Swain.**

RESPETUOSAMENTE SOLICITADO.

CERTIFICO que en esta misma fecha he enviado por correo CERTIFICADO copia fiel y exacta del presente A LOS LICENCIADOS:

En Carolina, Puerto Rico hoy 11de marzo de 2022

María A. Clemente Rosa
Condominio Astralis 9546
Calle Díaz Way, Apt 311
Torre # 6 Carolina, P.R. 00979
Tel. (787)385-2906
Email: clero_62@yahoo.com

Date Filed: 6/29/2018
Case Number: 17 BK 03283- LTS
DEBTOR: Commonwealth of Puerto Rico
CLAIM: **NUM.: 139834**

ASSERTED CLAIM AMOUNT: 50,400.00

Case Number: 17 BK 03283- LTS
CLAIM: **NUM.: 150849**

ASSERTED CLAIM AMOUNT:

Counsel to the Official Committee

- United States District Court

  District of Puerto Rico
  150 Carlos Chardon Street
  San Juan, PR 00918-1767

  http://www.prd.uscourts.gov/

Judge Laura Taylor Swain

- Paul Hastings LLP

  200 Park Avenue
  New York, NY 10166
  https://www.paulhastings.com/

  Phone: 212.318.6391
  Fax: 212.319.4090

- PROSKAUER ROSE LLP
  ELEVEN TIMES SQUARE
  NEW YORK, NY 10036
  TEL: (212) 969-3000
  FAX: (212) 969-2900

Appeal From a Judgment, Order, or Decree of a District Court Exercising Original Jurisdiction in a Bankruptcy Case. An appeal to a court of appeals from a final judgment, order, or decree of a district court exercising jurisdiction under 28 U.S.C. § 1334 is taken as any other civil appeal under these rules.

(b) Appeal From a Judgment, Order, or Decree of a District Court or Bankruptcy Appellate Panel Exercising Appellate Jurisdiction in a Bankruptcy Case.

**UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

**María A. Clemente Rosa**
**APELANTE**

**V.**

**Estado Libre Asociado**

**De Puerto Rico**

**11 DE MARZO DE 2022**

**PROMESA**
**TITLE III**
**No. 17 BK 3283- LTS**
**CLAIM. Num. 139834**

**(Jointly Administered)**
**This filing relates to the Commonwealth, HTA and ERS.**

**APPEAL FROM THE UNITED STATES DISTRICT**

**COURT FOR THE DISTRICT OF PUERTO RICO**

**MOCIÓN DE APELACIÓN:**

**RESPETUOSAMENTE SOMETIDA:**

**HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO EVIDENCIA** de acuerdo a la Fuente en Internet De y cito: ( LexJuris de Puerto Rico © 1996-2022)

1. Que se le Ordena al Departamento de Educación, la Oficina de Gerencia y Presupuesto y a los Tribunales de Puerto Rico, que se haga cumplir las disposiciones y estatutos de la Ley 9 del7 de marzo de 2022. Descrita a continuación como: (LEY 9 DEL 7 DE MARZO 2022)( Ley para enmendar varias leyes y ordenar los pagos adeudados desde el Año Fiscal 2014-2015 conforme a la Ley de la Carrera Magisterial, según enmendada.)

    a. Ante estas Disposiciones, HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE, SOLICITO QUE SE DEJE SIN EFECTO LA MOCIÓN QUE PRESENTAN LOS ABOGADOS DE LOS DEUDORES, DONDE PIDEN QUE LA RECLAMACIÓN DE CLEMENTE ROSA, SEA RECLASIFICADA COMO UNA RECLAMACIÓN GENERAL NO GARANTIZADA.

2. LOS ABOGADOS DE LA PARTE DEUDORA, APARENTMENTE PRESENTA SUS ALEGATOS Y SIN CONSIDERAR LA VALORACION DE LOS DAÑOS, SEGÚN Las disposiciones y estatutos de Ley 9 del 7 de marzo de 2022.

3. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO ADEMÁS QUE: LOS ABOGADOS REPRESENTANTES DE LA PARTE DEUDORA: "EL ESTADO LIBRE ASOCIADO, GOBIERNO DE PUERTO RICO,". HAN PRESENTADO COMO PARTE DE SU DEFENZA
    a. CITO: "EN CONSECUENCIA, DEBIDO A QUE CLEMENTE ROSA NO HA PROPORCIONADO UNA BASE PARA AFIRMAR QUE LA RECLAMACIÓN DE CLEMENTE ROSA TIENE DERECHO A LA PRIORIDAD DE GASTOS ADMINISTRATIVOS, LOS DEUDORES SOLICITAN RESPETUOSAMENTE QUE SEA RECLASIFICADA COMO UNA RECLAMACIÓN GENERAL NO GARANTIZADA.
    b. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO, Y CERTIFICO QUE APARENTEMENTE LOS ABOGADOS DE LA PARTE DEUDORA ESTAN ERRADOS.

YA QUE PUEDO CERTIFICAR QUE HE SIDO RESPETUOSAMENTE DILIGENTE EN SOMETER CADA UNO DE LOS DOCUMENTOS REQUERIDOS, POR BUESTRO TRIBUNAL FEDERAL Y LA AGENCIA PRIME CLERK.

4. HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE SOLICITO QUE ANTE LA NUEVA LEY 9 DEL 7 DE MARZO DE 2022, SE CONSIDERE QUE LA DOCUMENTACION SOMETIDA POR MI PERSONA, SEA ACEPTADA POR LOS ABOGADOS DEL ESTADO LIBRE ASOCIADO, COMO VALIDA PARA MIS RECLAMACIONES:

    1. RECLAMACIÓN NÚM. 139834 CASO NÚM. 17-03283
    2. RECLAMACION NUM. 150849 CASO NÚM. 17-03283
    3. RECLAMACION NUM. 921159 CASO NÚM. 17-03283
    4. RECLAMACION NUM. 133537 CASO NÚM. 17-03283
    5. RECLAMACION NUM. 133778 CASO NÚM. 17-03283

5. Y QUE MIS RECLAMACINES AL GOBIERNO DE PUERTO RICO Y AL SISTEMA DE RETIRO, CONTINUEN SU PROCESO DE EVALUACIÓN PARA DETERMINAR LA VALORACIÓN DE DAÑOS, QUE RESPETUOSAMENTE SOLICITO QUE SE CONSIDERE TODOS LOS PRESTAMOS QUE ADQUIRI, PARA GASTOS DE ESTUDIOS MEDICOS, GASTOS DE EDUCACION PARA COMPLETAR MI DOCTORADO, Y TODO EL DINERO QUE NO ME PAGO EL GOBIERNO DE PUERTO RICO Y SU RETROACTIVO, PARA UN TOTAL DE $200,000.00 DE ACUERDO A LO ESTIPULADO POR LA HON. JUEZ LAURA TAYLOR SWIAN Y EL HONORABLE TRIBUNAL DE LOS ESTADOS UNIDOS.

**RESPETUOSAMENTE SOLICITADO.**

**CERTIFICO que en esta misma fecha he enviado por correo CERTIFICADO copia fiel y exacta del presente A LOS LICENCIADOS:**

En Carolina, Puerto Rico hoy 11 de marzo de 2022

María A. Clemente Rosa
Condominio Astralis 9546
Calle Díaz Way, Apt 311
Torre # 6 Carolina, P.R. 00979
Tel. (787)385-2906
Email: clero_62@yahoo.com

Date Filed: 6/29/2018
Case Number: 17 BK 03283- LTS
DEBTOR: Commonwealth of Puerto Rico
CLAIM: **NUM.: 139834**

ASSERTED CLAIM AMOUNT: 50,400.00

Case Number: 17 BK 03283- LTS
CLAIM: **NUM.: 150849**

ASSERTED CLAIM AMOUNT:

Counsel to the Official Committee

- United States District Court

District of Puerto Rico
150 Carlos Chardon Street
San Juan, PR 00918-1767

http://www.prd.uscourts.gov/

Judge Laura Taylor Swain

- Paul Hastings LLP

  200 Park Avenue
  New York, NY 10166
  https://www.paulhastings.com/

  Phone: 212.318.6391
  Fax: 212.319.4090

- PROSKAUER ROSE LLP
  ELEVEN TIMES SQUARE
  NEW YORK, NY 10036
  TEL: (212) 969-3000
  FAX: (212) 969-2900

HON. JUEZ LAURA TAYLOR SWIAN, RESPETUOSAMENTE PRESENTO ALGUNAS DISPOSICIONES Y ESTATUTOS DE LA LEY 9 DE 7 DE MARZO DE 2022. CITO: FUENTE LEXJURIS NET DE PUERTO RICO (1996-2022):.

2022 Laws of Puerto Rico 2022

Law No. 9 of the year 2022

**Leyes de Puerto Rico 2022**

# Ley Núm. 9 del año 2022

**(P. del S. 573); 2022, ley 9**

**Ley para enmendar varias leyes y ordenar los pagos adeudados desde el Año Fiscal 2014-2015 conforme a la Ley de la Carrera Magisterial, según enmendada.**

**Ley Núm. 9 de 7 de marzo de 2022**

**Para añadir un subinciso (vi) al inciso (d) del Artículo 11, y enmendar el Artículo 31 de la Ley Núm. 66 del 17 de junio de 2014, según enmendada, conocida como "Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico"; enmendar el Artículo 2.08 de la Ley Núm. 26 del 29 de abril de 2017, según enmendada, conocida como "Ley de Cumplimiento con el Plan Fiscal"; ordenar al Departamento de Educación y a la Oficina de Gerencia y Presupuesto a identificar la cantidad de cuatro millones trescientos sesenta y siete mil setecientos treinta y seis dólares ($4,367,736), en el presupuesto de la agencia, para cubrir en o antes de que culmine el Año Fiscal 2022-2023 los pagos adeudados correspondientes al periodo que precede al Año Fiscal 2014-2015 conforme a la Ley Núm. 158 del 18 de julio de 1999, según enmendada, conocida como "Ley de la Carrera Magisterial"; ordenar al Departamento de Educación y a la Oficina de Gerencia y Presupuesto a realizar los ajustes salariales y a identificar la cantidad de dinero adeudado correspondiente a dichos ajustes desde el Año Fiscal 2014-2015 en adelante conforme a la aplicación de la Ley 158-1999, *supra*, con el fin de incluir la partida en el presupuesto del Departamento de Educación en o antes de que culmine el Año Fiscal 2023-2024; ordenar al Departamento de Educación, a la Oficina de Gerencia y Presupuesto y a la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico a que realicen la identificación de los fondos recurrentes necesarios para la reactivación del cumplimiento con**

la Ley 158-1999; *supra*; con el fin de lograr la reactivación y el cumplimiento con la Ley 158-1999, *supra*, luego de las paralizaciones provocadas por la Ley 66-2014, *supra*, y por la Ley 26-2017, *supra*, en el proceso de cumplir con los Planes de Mejoramiento Profesional, las Clasificaciones y los Niveles Magisteriales de maestros(as) que se acogieron a la Ley de la Carrera Magisterial; y para otros fines relacionados.

## EXPOSICIÓN DE MOTIVOS

La Ley 158-1999, según enmendada, conocida como "Ley de la Carrera Magisterial", fue adoptada para disponer sobre el sistema de rangos magisteriales, establecer procedimientos para ascensos y revisión de salarios, y disponer sobre el Plan Individual de Mejoramiento Profesional y los programas de educación continua. Se estableció reconociendo la necesidad de renovar continuamente el conocimiento de los(as) docentes, de perfeccionar sus destrezas a través de estudios y práctica docente, y de mantener los mejores maestros y maestras en el salón de clases del Departamento de Educación de Puerto Rico (el Departamento). Para ello, estableció aumentos salariales a maestros(as) que, en búsqueda de su mejoramiento profesional, van completando nuevos grados académicos, entre otros requisitos.

En el Artículo 1.03 de dicha Ley, se indica que serán integrantes de la Carrera Magisterial los maestros(as) del salón de clases, maestros(as) bibliotecarios(as), orientadores escolares, trabajadores(as) sociales escolares, maestros(as) especialistas en tecnología instruccional, coordinadores(as) industriales y coordinadores(as) de programas vocacionales, siempre y cuando posean certificados regulares de maestro(a) en la categoría en que se desempeñan, posean permanencia, y realicen las funciones inherentes en la categoría de puesto para el que se les expidió el certificado regular. En la Ley se establece que estas clasificaciones existirán en los niveles del I al IV.

Durante varios años, el Departamento realizó este trámite en cumplimiento con los términos que establece la legislación, el Reglamento de la Carrera Magisterial 6761 (el reglamento), y los memorandos del Secretario. Sin embargo, la Ley 7-2009, conocida como "Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico", paralizó por primera vez los aumentos salariales, y provocó atrasos significativos en el proceso de revisión de las solicitudes, reconocimiento de nivel, el correspondiente aumento salarial y sobre todo el pago de dicho aumento.

Para el año 2012, el Departamento estaba atrasado en cumplir con la revisión y adjudicación de la documentación provista por maestros(as) bajo la Ley de la Carrera Magisterial. Esto provocó mucha confusión, duplicación de solicitudes, frustración en los docentes y atrasos en los pagos. Ya en el 2014, los maestros(as) entregaron su solicitud a inicio de año, pero tras la aprobación de la Ley 66-2014, según enmendada, conocida como "Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico", el Departamento paralizó todo trámite de Carrera Magisterial, por lo que no revisó, ni adjudicó las solicitudes, ni siquiera para reconocer los grados académicos recibidos por los maestros(as). Tampoco emitió pagos para el 2014, ni pagos pendientes de años anteriores. Más aún, maestros(as) cuyos pagos del 2013 quedaron pendientes, se les informó que se encontraban en una lista para el pago y muchos, aún al presente, no han recibido el mismo. Esto provocó decenas de casos pendientes de adjudicar ante la Comisión Apelativa del Servicio Público, por controversias sobre la Carrera Magisterial.

Según el propio Departamento de Educación informó a la Comisión de Educación, Turismo y Cultura del Senado de Puerto Rico, en virtud de la Resolución del Senado 166, el Programa de Carrera Magisterial se sufraga con los fondos del presupuesto general asignados al Departamento de Educación. Sin embargo, no ha podido continuar debido a la aprobación de la Ley 66-2014, *supra*. Esta Ley declaró un estado de emergencia fiscal y prohibió los aumentos en beneficios económicos y compensaciones monetarias extraordinarias a los empleados(as) de las agencias de la Rama Ejecutiva, por lo que el Programa de Carrera Magisterial quedó suspendido. Bajo la referida ley, se considera un aumento en los beneficios económicos de docentes participantes o compensación monetaria extraordinaria, entre otros, los aumentos de sueldo por años de servicio, servicio meritorio, retribución adicional por habilidades o competencia, los aumentos generales, y los planes de adiestramiento, capacitación y desarrollo en exceso de seiscientos dólares ($600) por empleado(a). Por lo tanto, sugirieron la necesidad de enmendar la Ley 66-2014, *supra*, a los fines de lograr la reactivación y el cumplimiento con la Ley de Carrera Magisterial.

Continuó el Departamento exponiendo que, luego de aprobada dicha Ley, hubo 166 docentes que no pudieron completar la revisión de salario correspondiente al Año Fiscal 2013. Los empleados(as) que sometieron revisión de salario en el Año Fiscal 2014 ascendían a 3,855 maestros(as) y en el Año Fiscal 2015 la cantidad de maestros(as) ascendía a 3,800. Entonces, sugirieron que, para volver a

activar la Carrera Magisterial, el Departamento necesitaría aproximadamente ocho millones de dólares ($8,000,000) anuales para gastos recurrentes, según datos provistos por la Oficina de Carrera Magisterial, si se utiliza como base los planes pendientes para revisión y activación de Carrera Magisterial al momento de la paralización de los pagos en cumplimiento con la Ley 66-2014, *supra*. Incluso, establecieron que la cantidad de la deuda correspondiente a la Carrera Magisterial de los años que preceden a la paralización de los años 2013 al 2021, asciende a unos cuatro millones trescientos sesenta y siete mil setecientos treinta y seis dólares ($4,367,736) aproximadamente.

A su vez, expresaron que la Ley 26-2017, según enmendada, conocida como "Ley de Cumplimiento con el Plan Fiscal", prohíbe el pago de bonificaciones, a excepción del bono de Navidad. Por lo tanto, que esta Ley debe ser enmendada para que el cumplimiento con la Ley de Carrera Magisterial no se considere una bonificación. Dicha acción debe ir acompañada de una asignación de fondos para cumplir con el impacto fiscal que tendría la reactivación de los beneficios económicos a maestros(as).

Por su parte, la Oficina de Gerencia y Presupuesto (OGP) estableció que el presupuesto consolidado del Departamento de Educación para el Año Fiscal 2021-2022 asciende a, dos mil trescientos cincuenta y seis millones ciento setenta y tres mil cincuenta y cinco dólares ($2,356,173,055.00), el cual se desglosa de la siguiente manera:

Fondo General: $2,342,589,000.00

Fondos Especiales: $12,718,000.00

Fondos Federales: $866,055.00.

Actualmente, la OGP necesita una petición de asignación adicional por parte del Departamento de Educación para poder implantar la Carrera Magisterial, tras la paralización impuesta por la Ley 66-2014, *supra*. Esto, con el fin de, junto a la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, solicitar la reprogramación de fondos necesarios para cumplir con la Carrera Magisterial, sin violar los fundamentos del Plan Fiscal y de la Ley PROMESA.

A pesar de que miles de maestros(as) cumplieron con todos los requisitos exigidos por sus Planes de Mejoramiento Profesional, sacrificaron sus noches, fines de semana, vacaciones, pagaron de su propio pecunio los cursos académicos y de educación continua, y entregaron su documentación a tiempo, no han recibido el reconocimiento a su esfuerzo, ni el aumento salarial correspondiente. Los maestros(as) actuaron en cumplimiento con los propósitos de la Ley de Carrera Magisterial, pero el Gobierno incumplió con la ley que promulgó y no compensó a estos maestros(as) con los aumentos a los que tienen derecho.

Es por todos conocido que el salario del maestro en Puerto Rico es muy bajo. La Carrera Magisterial proveía un método al docente para mejorar sus conocimientos y a su vez recibir una mejor compensación por su trabajo. El aumento salarial bajo Carrera Magisterial está fundamentado en el trabajo académico, educación continua, evaluaciones satisfactorias y, en algunos casos, en la realización de proyectos especiales en la comunidad escolar. Es un aumento enraizado en el esfuerzo del docente, más allá de sus clases, pero con el propósito fundamental de ser mejores educadores(as) para así mejorar la calidad de la enseñanza en Puerto Rico. Por tal motivo, esta Asamblea Legislativa entiende meritorio que se le haga justicia a la clase magisterial, y que se eliminen los obstáculos de política pública necesarios que permitan el cumplimiento con la Ley de Carrera Magisterial de manera cabal.

**DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:**

Sección 1.- Se añade un subinciso (vi) al inciso (d) del Artículo 11 de la Ley 66-2014, según enmendada, conocida como "Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico", para que lea como sigue:

"Artículo 11.– Concesión de Aumentos en Beneficios Económicos o Compensación Monetaria Extraordinaria.

(a) Desde y durante la vigencia de esta Ley no se concederán aumentos en beneficios económicos ni compensación monetaria extraordinaria a los empleados de las Entidades de la Rama Ejecutiva, con excepción a lo establecido en el inciso (d) de este Artículo.

(b) …

(c) …

(d) No se considerará como aumento en beneficios económicos ni o compensación monetaria extraordinaria lo siguiente:

(i) ...

(ii) ...

(iii) ...

(iv) ...

(v) ...

(vi) Los ajustes salariales y las compensaciones monetarias a los(as) empleados(as) públicos(as) del Departamento de Educación por concepto del cumplimiento con la Ley 158-1999, según enmendada, conocida como "Ley de la Carrera Magisterial".

No obstante lo anterior, con excepción de los programas de ayuda al empleado, y de los adiestramientos que brinda la Oficina de Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico (OATRH), la autoridad nominadora o su representante autorizado deberá considerar que las situaciones antes provistas constituyen un aumento en beneficios económicos o compensación monetaria extraordinaria cuando ello resulte necesario para atemperar los gastos de la Entidad de la Rama Ejecutiva al presupuesto aprobado o para superar una proyección de déficit operacional.

...

(k) ..."

Sección 2.- Se enmienda el Artículo 31 de la Ley 66-2014, según enmendada, conocida como "Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico", para que lea como sigue:

"Artículo 31. – Prohibición de reclamaciones retroactivas al concluir la vigencia de esta Ley.

Con excepción de lo dispuesto en el Artículo 11(c), sobre liquidaciones en efectivo por concepto del exceso de la licencia de vacaciones o enfermedad, y con excepción a cualquier desembolso de dinero o pago de deuda que tenga pendiente el Departamento de Educación con los(as) empleados(as) públicos(as) por concepto del cumplimiento con la Ley Núm. 158-1999, según enmendada, conocida como "Ley de la Carrera Magisterial", cualquier compromiso u obligación que haya sido temporalmente suspendido mientras esté en vigor esta Ley no podrá ser reclamado retroactivamente, ni configurará crédito alguno, una vez ésta pierda su vigencia."

Sección 3.- Se enmienda el Artículo 2.08 de la Ley 26-2017, según enmendada, conocida como "Ley de Cumplimiento con el Plan Fiscal", para que lea como sigue:

"Artículo 2.08. – Bonificaciones

A partir de la vigencia de esta Ley, la única bonificación económica que se le otorgará a los empleados públicos del Gobierno Central y sus corporaciones públicas será por concepto del bono de Navidad. La cantidad que los empleados tendrán derecho a recibir será de seiscientos dólares ($600.00) en cada año en que haya prestado servicios al Estado Libre Asociado de Puerto Rico durante por lo menos seis (6) meses. Disponiéndose que los pagos retroactivos adeudados, así como los cambios en la remuneración de los(as) empleados(as) públicos(as) del Departamento de Educación, realizados por el Departamento de Educación en cumplimiento con la Ley 158-1999, según enmendada, conocida como "Ley de la Carrera Magisterial", no se considerarán como bonificaciones a los efectos de esta Ley."

Sección 4.- Se le ordena al Departamento de Educación y a la Oficina de Gerencia y Presupuesto la identificación y reprogramación de unos cuatro millones trescientos sesenta y siete mil setecientos treinta y seis dólares ($4,367,736) provenientes de las partidas del Fondo General asignados para cubrir en o antes de que culmine el Año Fiscal 2022-2023 los pagos adeudados correspondientes al periodo que precede al Año Fiscal 2014-2015 conforme a la Ley 158-1999, según enmendada, conocida como "Ley de la Carrera Magisterial".

Sección 5. - Se le ordena al Departamento de Educación a que realice, en un periodo de 270 días desde la entrada en vigor de esta Ley, todo trámite, cálculo y análisis requerido para identificar y cualificar a los profesionales del Departamento de Educación a los cuales no se les completó el proceso de ajuste salarial bajo la Ley de Carrera Magisterial a pesar de reunir los requisitos de cualificación para el mismo. Dicho trámite permitirá que aquellos profesionales del Departamento de Educación que hayan cumplido con su Plan de Mejoramiento Profesional de Carrera Magisterial al completar alguna etapa de un Nivel o culminado un Nivel, se le permita revisión y pago de salario retroactivo a los años que el Programa de Carrera Magisterial del Departamento de Educación no solicitó el Plan de Mejoramiento Profesional.

Sección 6.– Se le ordena al Departamento de Educación a identificar la cantidad de dinero adeudado correspondiente a los Años Fiscales 2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019, 2019-2020, 2020-2021 y 2021-2022 conforme a la aplicación de la Ley 158-1999, *supra*.

Sección 7.– Una vez se cumpla con lo establecido en las Secciones 5 y 6 de esta Ley, se le ordena al Departamento de Educación, en colaboración con la Oficina de Gerencia y Presupuesto, y con la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, a identificar aquellas eficiencias presupuestarias que provean la cantidad de fondos necesarios, para cubrir los pagos adeudados correspondiente a los Años Fiscales 2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019, 2019-2020, 2020-2021, y 2021-2022 conforme a la aplicación de la Ley 158-1999, *supra*, en el presupuesto del Departamento de Educación en o antes de que culmine el Año Fiscal 2023-2024, bajo los gastos proyectados a ser cubiertos con la partida asignada del Fondo General.

Sección 8.–Una vez se cumpla con lo establecido en las Secciones 4, 5, 6 y 7 de esta Ley, se le ordena al Departamento de Educación, a la Oficina de Gerencia y Presupuesto y a la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico a que realicen el cálculo y la identificación de los fondos recurrentes necesarios para la reactivación del cumplimiento con la Ley 158-1999, *supra*, en o antes de que culmine el Año Fiscal 2024-2025.

Sección 9.- Cláusula de Separabilidad.

Si cualquier cláusula, párrafo, subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de esta Ley fuera anulada o declarada inconstitucional, la resolución, dictamen o sentencia a tal efecto dictada no afectará, perjudicará, ni invalidará el remanente de esta Ley. El efecto de dicha sentencia quedará limitado a la cláusula, párrafo, subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de esta que así hubiere sido anulada o declarada inconstitucional. Si la aplicación a una persona o a una circunstancia de cualquier cláusula, párrafo, subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de esta Ley fuera invalidada o declarada inconstitucional, la resolución, dictamen o sentencia a tal efecto dictada no afectará ni invalidará la aplicación del remanente de esta Ley a aquellas personas o circunstancias en que se pueda aplicar válidamente.

Es la voluntad expresa e inequívoca de esta Asamblea Legislativa que los tribunales hagan cumplir las disposiciones y la aplicación de esta Ley en la mayor medida posible, aunque se deje sin efecto, anule, invalide, perjudique o declare inconstitucional alguna de sus partes, o, aunque se deje sin efecto, invalide o declare inconstitucional su aplicación a alguna persona o circunstancia.

Sección 10.- Vigencia.

Esta Ley entrará en vigor inmediatamente después de su aprobación. El Departamento de Educación, la Oficina de Gerencia y Presupuesto y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, deberán remitir a la Asamblea Legislativa un informe parcial, a los 180 días de entrada en vigor de esta Ley, para exponer los avances realizados en la consecución de la Sección 4 de esta Ley, un segundo informe parcial al cabo de un año de entrada en vigor de esta Ley, para exponer los avances realizados en la consecución de las Secciones 5, 6 y 7 de esta Ley, y un informe final el 1 de junio de 2024 para exponer los avances realizados en la consecución de la Sección 8 de esta Ley.

---

**ADVERTENCIA**

-Este documento es una copia de la Ley original de Puerto Rico cuando fue aprobada, no incluye enmiendas posteriores. Está sujeto a las enmiendas posteriores y a la integración de las enmiendas a la ley principal de las Leyes de Puerto Rico. Su distribución electrónica se hace como un servicio público a la comunidad. Siempre busque leyes posteriores para posibles enmiendas a esta ley y/o la ley principal, según enmendada y actualizada en www.LexJuris.net

---