**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>        Debtor. | No. 17 BK 4780-LTS<br><br>**Re. Docket No. 2740** |

**CERTIFICATE OF NO OBECTION REGARDING MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY PURSUANT TO BANKRUPTCY CODE SECTION 503(b), PROMESA SECTION 315(a)(3), AND BANKRUPTCY RULE 9019 FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH WHITEFISH <u>ENERGY HOLDINGS, LLC AND GRANTING RELATED RELIEF</u>**

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

1.      On March 1, 2022, the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), through the Financial Oversight and Management Board for Puerto Rico (the "FOMB" or "Oversight Board") as PREPA's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), filed the *Motion of Puerto Rico Electric Power Authority Pursuant to Bankruptcy Code Section 503(b), PROMESA Section 315(a)(3), and Bankruptcy Rule 9019 for Order Approving Settlement Agreement with Whitefish Energy Holdings, LLC and Granting Related Relief* [Case No. 17-4780-LTS, ECF No. 2740] (the "Motion").[2]   Attached to the Motion as Exhibit A was a proposed form of order approving the relief requested in the Motion (the "Proposed Order").

2.      Responses or objections, if any, were to be filed and served no later than March 8, 2022, at 4:00 p.m. (AST) (the "Objection Deadline").   According to this Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283-LTS, ECF No. 20190-1] (the "Case Management Procedures"), the Court may enter an order granting a request for relief without a hearing upon receipt of a certificate of no objection ("CNO", as defined by the Case Management Procedures).  *See* Case Management Procedures, III.P.

3.      Prior to the Objection Deadline, counsel for the Oversight Board received an informal response from counsel for the Official Committee of Unsecured Creditors (the "Response").  Following discussions between counsel for the Oversight Board, WEH, and the Official Committee of Unsecured Creditors, the Response was resolved by proposed modifications to the Proposed Order.  For the convenience of the Court and all other parties in interest, a revised

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

form of proposed order is attached hereto as **Exhibit A** (the "Revised Proposed Order").

Additionally, a redline showing the changes made to the Proposed Order in attached hereto as

**Exhibit B**.

4.      In accordance with the Case Management Procedures, the undersigned hereby

certifies that this CNO is filed not less than forty-eight (48) hours after the expiration of the

Objection Deadline.  The undersigned further certifies that counsel for the Oversight Board has

reviewed the Court's docket in the above-captioned cases not less than forty-eight (48) hours after

expiration of the Objection Deadline, and, to the best of counsel's knowledge, no applicable

objection, responsive pleading, or request for a hearing with respect to the Motion appears on the

docket, and counsel is not otherwise aware of any responses or objections other than the Response.


*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, unless the Court has any questions or concerns, PREPA respectfully requests the Court enter the Revised Proposed Order attached hereto as **Exhibit A**.

Dated:  March 16, 2022
       San Juan, Puerto Rico

Respectfully submitted,

*/s/ Paul V. Possinger*

Martin J. Bienenstock (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

## Exhibit A

Revised Proposed Order

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>        Debtor. | No. 17 BK 4780-LTS<br><br>**Re. Docket Nos. 2281 & 2740** |

**ORDER GRANTING MOTION OF PUERTO RICO ELECTRIC POWER**
**AUTHORITY PURSUANT TO BANKRUPTCY CODE SECTION 503(b),**
**PROMESA SECTION 315(a), AND BANKRUPTCY RULE 9019**
**FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH**
**WHITEFISH ENERGY HOLDINGS, LLC AND GRANTING RELATED RELIEF**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of: (i) the *Motion of Puerto Rico Electric Power Authority Pursuant to Bankruptcy Code Section 503(b), PROMESA section 315(a), and Bankruptcy Rule 9019 For Order Approving Settlement Agreement With Whitefish Energy Holdings, LLC* (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; (ii) all pleadings filed in respect of the Motion, and upon the hearing on the Motion on due notice; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is:

FOUND AND DETERMINED THAT:[3]

A.      This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

B.      Venue in this district is proper pursuant to section 307(a) of PROMESA.

C.      The relief requested in the Motion, including (i) approval of all provisions of the Settlement Agreement; (ii) allowing WEH's Initial Admin Claim, and all components thereof, subject to the payment terms in the Settlement Agreement; (iii) allowing WEH an allowed administrative expense claim for the Finance Charges in the amount of $33,884,282.57, subject to the terms of the Settlement Agreement, (iv) authorizing the payment provisions related to the outcome of the FEMA Appeal, and (v) determining the payments by PREPA under the Settlement Agreement shall constitute the full and complete satisfaction of PREPA's obligations under the

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

WEH Contract, the WEH Invoices, the Finance Charges and otherwise relating to WEH, is in the best interests of the Debtor, its stakeholders, and other parties in interest.

D.      Based upon the Certificates of Service filed in connection with the Motion, the Debtor provided adequate and appropriate notice of the Motion under the circumstances to (i) the Office of the United States Trustee for the District of Puerto Rico; (ii) the indenture trustees and/or agents, as applicable, for PREPA's Bonds; (iii) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain Trade Finance Facility Agreement, dated as of July 20, 2012; (iv) the statutory unsecured claimholders' committee appointed in this Title III Case; (v) the Office of the United States Attorney for the District of Puerto Rico; (vi) counsel to AAFAF; (vii) the Puerto Rico Department of Justice; and (viii) all parties who have requested service in the Title III Cases of PREPA and the Commonwealth. No other or further notice of the Settlement Agreement or Motion is required. Such parties served with notice of the Motion have been provided adequate and appropriate notice of the Settlement Agreement and Motion and afforded an opportunity to be heard with respect to the Motion and all other relief otherwise requested therein.

E.      The Settlement Agreement resolves all matters in dispute arising under or in any way related to the WEH Contract, the WEH Invoices, the Finance Charges, the Admin Claim Motion, and otherwise with regard to any activities, acts or omissions of WEH.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement, in the form attached to the Motion as **Exhibit B**, is approved in its entirety. The failure to specifically describe or include in this Order any particular

3

provision of the Settlement Agreement shall not diminish or impair the effectiveness of any such provision.

3.      PREPA is hereby authorized (i) to execute, deliver, implement and fully perform any and all obligations, instruments, documents, and papers provided for by the Settlement Agreement, and (ii) to take any and all actions reasonably necessary or appropriate to consummate, complete, execute and implement the Settlement Agreement.

4.      This Order and the Settlement Agreement constitute and evidence the valid and binding obligations of the Parties thereto.

5.      WEH shall be granted an allowed administrative expense claim in the amount of $133,369,078.00 (the "Initial Admin Claim") consisting of (i) Work Performed Invoices for which FEMA has obligated funds in the amount of $103,347,417.00; (ii) mobilization and demobilization payments for which FEMA has agreed to reimburse PREPA in the amount of $8,005,000.00, which consists of Mob/Demob Invoices in the amount of $6,275,699.00 and Advance Payments in the amount of $1,729,301.00; (iii) the Advance Payments made to WEH for mobilization and demobilization services for which FEMA has not yet agreed to reimburse PREPA in the amount of $15,992,966.00; and (iv) $6,023,695.00; provided, however, that (x) the Court hereby finds $100,856,822.17 of such Initial Admin Claim has been paid and satisfied in full, (y) the second installment of the Cash Payment, when paid in accordance with the Settlement Agreement, shall be applied to reduce the Initial Admin Claim on a dollar-for-dollar basis, and (z) the remainder of the Initial Admin Claim shall be payable on the effective date of any plan of adjustment for PREPA in this Title III Case, but in no event later than December 31, 2023.

6.      WEH shall be granted an allowed administrative expense claim on account of the Finance Charges in the amount of $33,884,282.57.  WEH's Finance Charges in the remaining

4

amount of $19,004,808.50 are not allowed, with no further interest accrual as of the execution of

the Settlement Agreement, subject in all respects to satisfaction of PREPA's obligations under the

Settlement Agreement.

7.      If PREPA does not timely and fully make the payments authorized by this Order,

then after notice by WEH to PREPA or the Oversight Board, and to the Official Committee of

Unsecured Creditors, and a ten (10) calendar day cure period, (i) the $19,004,808.50 in accrued

interest released in accordance with the preceding paragraph shall be deemed reinstated and

allowed in full, and (ii) interest shall accrue on all unpaid amounts at a rate of 1% per month in

accordance with the terms of the WEH Contract, each of which shall be deemed allowed and

payable as an administrative expense claim on the effective date of any plan of adjustment for

PREPA in this Title III Case, but under no circumstances later than December 31, 2023.

8.      Except as expressly stated herein, this Order shall not be interpreted to limit any

party's rights and, for the avoidance of doubt, shall not be interpreted to prejudice the rights and

interests of holders and/or insurers of PREPA's power revenue bonds.  All rights of such parties

to take any actions necessary to protect their rights with respect to any action outside the scope of

this Order or with respect to any agreement with creditors shall be preserved.

9.      Immediately upon entry by the Court of this Order, the Oversight Board, PREPA,

and WEH are authorized to take all actions, and to execute all documents, necessary or appropriate,

to effectuate the relief granted herein, to the full extent, if any, such authorization is required.

10.     The Admin Claim Motion is hereby resolved in its entirety.

5

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or

related to this Order or the Settlement Agreement.

Dated:  _____

_____
HON. LAURA TAYLOR SWAIN
United States District Judge

6

## **Exhibit B**

Redline

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | No. 17 BK 4780-LTS<br><br>**Re. Docket Nos. 2281 & ~~——~~2740** |

**[PROPOSED] ORDER GRANTING MOTION OF PUERTO RICO ELECTRIC POWER
AUTHORITY PURSUANT TO BANKRUPTCY CODE SECTION 503(b),
PROMESA SECTION 315(a), AND BANKRUPTCY RULE 9019
FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH
WHITEFISH ENERGY HOLDINGS, LLC AND GRANTING RELATED RELIEF**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Upon consideration of: (i) the *Motion of Puerto Rico Electric Power Authority Pursuant to Bankruptcy Code Section 503(b), PROMESA section 315(a), and Bankruptcy Rule 9019 For Order Approving Settlement Agreement With Whitefish Energy Holdings, LLC* (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; (ii) all pleadings filed in respect of the Motion, and upon the hearing on the Motion on due notice; and after due deliberation thereon;        and        good        and        sufficient        cause        appearing therefo

r

, it hereby is:

FOUND AND DETERMINED THAT:[3]

A.      This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

B.      Venue in this district is proper pursuant to section 307(a) of PROMESA.

C.      The relief requested in the Motion, including (i) approval of all provisions of the Settlement Agreement; (ii) allowing WEH's Initial Admin Claim, and all components thereof, subject to the payment terms in the Settlement Agreement; (iii) allowing WEH an allowed administrative expense claim for the Finance Charges in the amount of $33,884,282.57, subject to the terms of the Settlement Agreement, (iv) authorizing the payment provisions related to the outcome of the FEMA Appeal, and (v) determining the payments by PREPA under the

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

Settlement Agreement shall constitute the full and complete satisfaction of PREPA's obligations under the WEH Contract, the WEH Invoices, the Finance Charges and otherwise relating to WEH, is in the best interests of the Debtor, its stakeholders, and other parties in interest.

D.      Based upon the Certificates of Service filed in connection with the Motion, the Debtor provided adequate and appropriate notice of the Motion under the circumstances to (i) the Office of the United States Trustee for the District of Puerto Rico; (ii) the indenture trustees and/or agents, as applicable, for PREPA's Bonds; (iii) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain Trade Finance Facility Agreement, dated as of July 20, 2012; (iv) the statutory unsecured claimholders' committee appointed in this Title III Case; (v) the Office of the United States Attorney for the District of Puerto Rico; (vi) counsel to AAFAF; (vii) the Puerto Rico Department of Justice; and (viii) all parties who have requested service in the Title III Cases of PREPA and the Commonwealth.  No other or further notice of the Settlement Agreement or Motion is required.  Such parties served with notice of the Motion have been provided adequate and appropriate notice of the Settlement Agreement and Motion and afforded an opportunity to be heard with respect to the Motion and all other relief otherwise requested therein.

E.      The Settlement Agreement resolves all matters in dispute arising under or in any way related to the WEH Contract, the WEH Invoices, the Finance Charges, the Admin Claim Motion, and otherwise with regard to any activities, acts or omissions of WEH.

3

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement, in the form attached to the Motion as **Exhibit B**, is approved in its entirety.  The failure to specifically describe or include in this Order any particular provision of the Settlement Agreement shall not diminish or impair the effectiveness of any such provision.

3.      PREPA is hereby authorized (i) to execute, deliver, implement and fully perform any and all obligations, instruments, documents, and papers provided for by the Settlement Agreement, and (ii) to take any and all actions reasonably necessary or appropriate to consummate, complete, execute and implement the Settlement Agreement.

4.      This Order and the Settlement Agreement constitute and evidence the valid and binding obligations of the Parties thereto.

5.      WEH shall be granted an allowed administrative expense claim in the amount of $133,369,078.00 (the "Initial Admin Claim") consisting of (i) Work Performed Invoices for which FEMA has obligated funds in the amount of $103,347,417.00; (ii) mobilization and demobilization payments for which FEMA has agreed to reimburse PREPA in the amount of $8,005,000.00, which consists of Mob/Demob Invoices in the amount of $6,275,699.00 and Advance Payments in the amount of $1,729,301.00; (iii) the Advance Payments made to WEH for mobilization and demobilization services for which FEMA has not yet agreed to reimburse PREPA in the amount of $15,992,966.00; and (iv) $6,023,695.00; provided, however, that (x) the Court hereby finds $100,856,822.17 of such Initial Admin Claim has been paid and satisfied in full, (y) the second installment of the Cash Payment, when paid in accordance with the Settlement Agreement, shall be applied to reduce the Initial Admin Claim on a dollar-for-dollar

4

basis, and (z) the remainder of the Initial Admin Claim shall be payable on the effective date of any plan of adjustment for PREPA in this Title III Case, but in no event later than December 31, 2023.

6.      WEH shall be granted an allowed administrative expense claim on account of the Finance Charges in the amount of $33,884,282.57.  WEH's Finance Charges in the remaining amount of $19,004,808.50 are not allowed, with no further interest accrual as of the execution of the Settlement Agreement, subject in all respects to satisfaction of PREPA's obligations under the Settlement Agreement.

7.      If PREPA does not timely and fully make the payments authorized by this Order, then after notice by WEH to PREPA or the Oversight Board, and to the Official Committee of Unsecured Creditors, and a ten (10) calendar day cure period, (i) the $19,004,808.50 in accrued interest released in accordance with the preceding paragraph shall be deemed reinstated and allowed in full, and (ii) interest shall accrue on all unpaid amounts at a rate of 1% per month in accordance with the terms of the WEH Contract, each of which shall be deemed allowed and payable as an administrative expense claim on the effective date of any plan of adjustment for PREPA in this Title III Case, but under no circumstances later than December 31, 2023.

8.      Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights and, for the avoidance of doubt, shall not be interpreted to prejudice the rights and interests of holders and/or insurers of PREPA's power revenue bonds.  All rights of such parties to take any actions necessary to protect their rights with respect to any action outside the scope of this Order or with respect to any agreement with creditors shall be preserved.

9.      Immediately upon entry by the Court of this Order, the Oversight Board, PREPA, and WEH are authorized to take all actions, and to execute all documents, necessary or

appropriate, to effectuate the relief granted herein, to the full extent, if any, such authorization is

required.

      10.     The Admin Claim Motion is hereby resolved in its entirety.

      11.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order or the Settlement Agreement.

Dated:   _____

 

           _____
           HON. LAURA TAYLOR SWAIN
           United States District Judge

Document comparison by Workshare 9.5 on Wednesday, March 16, 2022
2:28:54 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DMS/CURRENT/129119582/1 |
| Description | #129119582v1<CURRENT> - PREPA - 9019 Whitefish ORDER |
| Document 2 ID | interwovenSite://DMS/CURRENT/129119582/2 |
| Description | #129119582v2<CURRENT> - PREPA - 9019 Whitefish ORDER |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 10 |