# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-4780-LTS<br>**Re: ECF No. 2748** |

## GOVERNMENT PARTIES' STATUS REPORT IN FURTHERANCE OF MARCH 8, 2022 COURT ORDER REGARDING MEDIATION OF A PREPA PLAN OF ADJUSTMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF," and collectively with the Oversight Board, the "Government Parties"), as the entity authorized by the Puerto Rico Fiscal Agency and Financial Advisory Authority Act (Act 2-2017) to act on behalf of PREPA, respectfully submit this status report (the "Status Report"), regarding the status of the Oversight Board's engagement with parties in interest regarding a consensual resolution of outstanding issues relating to PREPA's Title III case.

## Preliminary Statement

1. The Government Parties hope a consensual resolution of the key issues necessary for a confirmable PREPA plan of adjustment is achievable in a relatively short time. If it is not developed within a few months, the Government Parties support lifting the litigation stay to address critical issues regarding the extent of claim holders' asserted security interests and priorities while continuing to negotiate. The Oversight Board has conferred by email with counsel to (a) AAFAF, (b) the Ad Hoc Group of PREPA Bondholders, (c) National Public Finance Guarantee Corp. ("National"), (d) Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured"), (e) Syncora Guarantee, Inc. ("Syncora"), (f) La Union de Trabajadores de La Industria Electrica y Riego ("UTIER"), (g) PREPA's retirement system ("SREAEE"), (h) the Official Committee of Unsecured Creditors, and (i) PREPA's fuel line lenders. Each of them responded that they support a mediation process under a substantially similar mediation agreement

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

as was entered into for mediation in the Commonwealth's Title III case. All parties are eager to commence mediation as soon as possible.

## Background

2. On February 18, 2022, the Ad Hoc Group filed an urgent motion (the "Motion") requesting the Court to compel mediation between the Oversight Board and themselves, and set certain plan confirmation deadlines. *See* Docket No. 2718. The Ad Hoc Group cited to public sources reflecting the difficulties in securing legislation to implement the RSA, and urged the Court to enter an order directing the Oversight Board and AAFAF to mediate with the Ad Hoc Group regarding a non-legislative "Plan B."

3. Numerous parties submitted objections or other responses to the Motion, including the Oversight Board. *See* Docket Nos. 2724 (UTIER and SREAEE), 2731 (Assured), 2732 (Official Committee of Unsecured Creditors), 2733 (AAFAF and PREPA), 2734 (National), 2735 (the Oversight Board); 2726 (fuel line lenders). Notably, however, none of the parties opposed mediation; all recognized the importance of ensuring PREPA's prompt exit from Title III under a consensual agreement, and urged that they be included in any mediation.

4. On March 8, 2022, the Court entered an order (the "March 8 Order") denying the Motion without prejudice. Pursuant to the Order, the Court "encourage[d] the relevant parties to continue discussions and pursue a consensual resolution of the outstanding issues. To that end, the Court is willing to entertain a prompt consensual revival of a private mediation proposal, accompanied by a delineation of scope, a timetable, and evidence of the proposal's commercial reasonableness, susceptibility to cost controls, and consistency with any relevant requirements of the Puerto Rico Recovery Accuracy in Disclosures Act." Docket No. 2748 at 10-11. The March 8 Order provided the Oversight Board until May 2, 2022 to file a pleading identifying its proposed

3

path forward to efficiently conclude PREPA's Title III case. On March 16, 2022, the Court entered an order (the "March 16 Order") amending the March 8 Order, indicating "[t]he Court is exploring whether a judicial mediator or mediation team can be made available to facilitate development of a plan of adjustment for PREPA and the resolution of related litigation." Case No. 17-03283-LTS, Docket No. 20357 at 2. The March 16 Order further stated the Government Parties' status report due March 18, 2022 "need only address (i) the parties' progress toward eliciting consent for mediation and (ii) the parties' progress toward defining the scope of mediation." *Id*.

## Status Report

5.  Since the entry of the March 8 Order, counsel to the Oversight Board has reached out to, or was contacted by, counsel to (a) AAFAF, (b) the Ad Hoc Group of Bondholders, (c) Assured, National, and Syncora, (d) UTIER[3] and SREAEE, (e) the Official Committee of Unsecured Creditors, and (f) PREPA's fuel line lenders, regarding each party's willingness to join mediation with respect to a consensual plan of adjustment. The Oversight Board is pleased to report that all such parties are willing to participate in mediation.

6.  Scope & Time of Mediation: The Government Parties submit that the proposed mediation should pursue a plan of adjustment for PREPA with as much consensus as possible, but with at least the support of one impaired accepting class. The mediation should include all relevant issues, including over $8 billion in bond debt and asserted security interests, over $700 million in fuel line loans and their asserted priority, general unsecured claims, collective bargaining

---

[3] UTIER is one of two active labor unions representing PREPA employees, with the other labor union being the Union de Empleados Profesionales Independiente de la AEE ("UEPI"). The Oversight Board believes that it would be most productive for mediation to include both UTIER and UEPI, so that all PREPA employees are represented, and has reached out to UEPI counsel to inquire about their willingness to participate. The Oversight Board has yet to receive a response from this outreach.

agreements, and PREPA's pension plan (which is underfunded by over $3 billion).[4] The mediation should proceed expeditiously to allow the Oversight Board to meet the May 2nd deadline for submission of a plan, a term sheet, or, if necessary, a litigation schedule for unresolved disputes; with the possibility of requesting an extension if progress is made, or the mediator determines it would be cost-beneficial.

7. <u>Consent to Participate</u>. Each of the creditor groups the Oversight Board contacted is supportive of engaging in mediation pursuant to a mediation agreement on substantially similar terms to that entered into by the mediation parties in connection with the plan of adjustment for the Commonwealth of Puerto Rico. The UCC indicated its willingness to do so is conditioned on the UCC being permitted to actively participate in the PREPA mediation process from the outset.

8. <u>Legislature of the Commonwealth of Puerto Rico</u>. The Puerto Rico House of Representatives also requested to take part in the mediation. Currently, the Oversight Board does not anticipate developing or negotiating a PREPA plan of adjustment requiring legislation. But, if that changes, the Oversight Board would welcome the Legislature's participation in mediation if such a restructuring proposal is developed. In the meantime, the Oversight Board invites the legislative representatives to submit to the Oversight Board all positions or proposals on key issues related to PREPA's restructuring that they believe should be considered or they urge on the Oversight Board.[5]

---

[4] The UCC agrees that the scope of mediation should include the legal entitlements of the PREPA bondholders and the fuel line lenders.

[5] The Oversight Board informed the Speaker of the House and the President of the Senate of this position by letter dated March 14, 2022.

### Next Steps

9. As described above, the Oversight Board has engaged with all of PREPA's relevant constituents and the parties have jointly determined that the optimal next step is to enter into mediation that includes all the parties listed above regarding all disputes relating to PREPA's financial obligations, other unsecured claims, and labor and pension obligations, as quickly as possible regarding the development of a consensual plan of adjustment for PREPA.

10. Once a mediator is appointed, the Government Parties believe the mediator should have the discretion to determine a timeline for the exchange of mediation statements, plan treatment proposals, participation of each group, and all other necessary negotiations.

Dated: March 17, 2022
      San Juan, Puerto Rico

Respectfully, submitted

| **O'MELVENY & MYERS LLP** | **PROSKAUER ROSE LLP** |
|---|---|
| /s/    *Maria J. DiConza* | */s/ Martin J. Bienenstock* |
| John J. Rapisardi (*pro hac vice*) | Martin J. Bienenstock (*pro hac vice*) |
| Maria J. DiConza (*pro hac vice*) | Paul V. Possinger (*pro hac vice*) |
| 7 Times Square | Ehud Barak (*pro hac vice*) |
| New York, NY 10036 | Daniel S. Desatnik (*pro hac vice*) |
| Telephone: (212) 326-2000 | Eleven Times Square |
| Facsimile: (212) 326-2061 | New York, NY 10036 |
| Email: jrapisardi@omm.com | Tel: (212) 969-3000 |
| mdiconza@omm.com | Fax: (212) 969-2900 |
| -and- | *Attorneys for the Financial Oversight and Management Board as representative for the Debtor* |
| Peter Friedman (*pro hac vice*) | |
| 1625 Eye Street, NW | |
| Washington, DC 20006 | **O'NEILL & BORGES LLC** |
| Telephone: (202) 383-5300 | |
| Facsimile: (202) 383-5414 | */s/ Hermann D. Bauer* |
| Email: pfriedman@omm.com | |
| | Hermann D. Bauer |
| *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | USDC No. 215205 |
| | 250 Muñoz Rivera Ave., Suite 800 |
| | San Juan, PR 00918-1813 |
| **MARINI PIETRANTONI MUÑIZ, LLC** | Tel: (787) 764-8181 |
| | Fax: (787) 753-8944 |
| */s/ Luis C. Marini-Biaggi* | |
| Luis C. Marini-Biaggi | *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor* |
| USDC 222301 | |
| 250 Ponce de León Ave., Suite 900 | |
| San Juan, Puerto Rico 00918 | |
| Tel.:(787) 705-2171 | |
| Email: lmarini@mpmlawpr.com | |
| *Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | |