UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER OVERRULING OBJECTIONS OF JOSE ONOFRE ORTIZ QUIÑONES TO
FOUR HUNDRED SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF
THE COMMONWEALTH OF PUERTO RICO TO EMPLOYEE CLAIMS ASSERTING
LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

Before the Court is the *Motion Urgent of Objection to "Four Hundred Seventeenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors"* (Docket Entry Nos. 20301 and 20381 in Case No. 17-3283, the "Responses") filed by Jose Onofre Ortiz

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Quiñones (the "Claimant"). During the March 23, 2022, omnibus hearing, the Court heard argument and rendered an oral ruling overruling the Responses and sustaining the *Four Hundred Seventeenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (Docket Entry No. 20043 in Case No. 17-3283, the "417th Omnibus Objection") as to proofs of claim no. 179671 and 179673, filed by Claimant. This Order memorializes the Court's ruling.

The Court has carefully considered the pleadings submitted by the parties concerning the 417th Omnibus Objection, as well as the parties' arguments at the Hearing. For the reasons that follow, the Responses are overruled, the 417th Omnibus Objection is sustained as to proofs of claim no. 179671 and 179673, and those claims are disallowed in their entirety, because they assert claims arising from Claimant's employment with the Sugar Corporation, an entity that is not a debtor in these Title III cases.

Commonwealth law is clear that the Sugar Corporation had a separate legal identity from that of the Commonwealth. In particular, 28 L.P.R.A. 242(c), which was enacted in 1954 and amended in 1955, provides that the Puerto Rico Land Authority and its subsidiaries are "public corporations" that "have legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations . . . and property of the [Land] Authority and of its subsidiaries . . . . shall be understood as being of the said corporations and not of . . . the Commonwealth of Puerto Rico . . . ." The Sugar Corporation was a subsidiary of the Land Authority. See Mercado Vega v. Martinez, 692 F. Supp. 36, 37 (D.P.R. 1988) ("The Sugar Corporation is a subsidiary of the Land Authority of Puerto Rico . . . ."); Sugar Corp. of Puerto Rico v. Environeering, Inc., 520 F. Supp. 996, 998 (D.P.R. 1981) ("Corporacion Azucarera is a subsidiary of the Land Authority of Puerto

Rico . . . ."); Pedrosa de San Miguel v. Blanco Lugo, 560 F.2d 34, 35 (1st Cir. 1977) (identifying the Sugar Corporation as a subsidiary of the Land Authority).

Law No. 90 of 1986, which has been cited by Claimant as the basis for his claim, required certain levels of pay for certain public employees. However, Law No. 90 does not provide that the Commonwealth of Puerto Rico is liable for any such increased wages owed to employees of public corporations. Additionally, the fact that the letterhead on the Sugar Corporation's severance letter to Claimant includes "Commonwealth of Puerto Rico" in the heading does not render the Commonwealth liable for the Sugar Corporation's liabilities.

Accordingly, Claimant has not demonstrated any basis for holding the Commonwealth liable for the Sugar Corporation's alleged debts, and Claimant's proofs of claim must therefore be disallowed. The Oversight Board is directed to prepare a comprehensive proposed order resolving the 417th Omnibus Objection.

SO ORDERED.

Dated: March 24, 2022

                                                                               /s/ Laura Taylor Swain
                                                                              LAURA TAYLOR SWAIN
                                                                              United States District Judge