# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 12918, 19784, 19813, 20349**<br><br>(Jointly Administered) |
| In re:<br><br>ATLANTIC MEDICAL CENTER, INC. *et al.*,<br><br>Movants,[2]<br><br>-v-<br><br>COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

**URGENT JOINT MOTION FOR DISMISSAL OF MOTION OF ATLANTIC MEDICAL CENTER, INC., CAMUY HEALTH SERVICES, INC., CENTRO DE SALUD FAMILIAR DR. JULIO PALMIERI FERRI, INC., CIALES PRIMARY HEALTH CARE SERVICES, INC., CORP. DE SERV. MÉDICOS PRIMARIOS Y PREVENCIÓN DE HATILLO, INC., COSTA SALUD, INC., CENTRO DE SALUD DE LARES, INC., CENTRO DE**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Movants are Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patilla, Inc., and Hospital General Castañer, Inc. (collectively, "Movants").

**SERVICIOS PRIMARIOS DE SALUD DE PATILLAS, INC., AND HOSPITAL GENERAL CASTAÑER, INC. SEEKING (I) ENFORCEMENT OF THE COURT'S PRIOR ORDER AND (II) RELIEF FROM THE AUTOMATIC STAY**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's sole representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] jointly with the Movants (and together with the Commonwealth, the "Parties"), by and through their undersigned counsel, respectfully submit this urgent joint motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), dismissing the *Motion of Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patilla, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief from the Automatic Stay* [ECF No. 12918] (the "Lift Stay Motion") with prejudice, and state as follows:

**Request for Relief**

1. On May 3, 2017 (the "Petition Date"), the Commonwealth, by and through the Oversight Board, filed a petition with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA (the "Title III Case").

---

[3] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

2

2. On January 18, 2022, the Court entered an *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), which confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority* [ECF No. 19784] (the "Plan").

3. The Effective Date of the Plan occurred on March 15, 2022. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to the Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "Notice").

4. Pursuant to Section 60.2 of the Plan, the Parties have agreed to settle all matters related to the above-captioned action, identified as the "Med Center Litigation" in the Plan,[4] as follows:

---

[4] The Plan defines "Med Center Litigation" as:

Collectively, the litigation styled (a) Asociacion de Salud Primaria de Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico, et al., Civil No. KPE02-1037 (2002), currently pending in the Commonwealth Court of First Instance, together with the following appeals therefrom: (i) Appeal No. KLCE2017-0147; (ii) Appeal No. KLCE2017-00094; and (iii) Appeal No. KLCE2017-00105, but, expressly excluding therefrom any claims asserted in the foregoing litigation by any Med Centers against the Municipality of San Juan, (b) Rio Grande Cmty. Health Ctr. Inc., et al. v. Commonwealth of Puerto Rico, et al., Case No. 03-1640(GAG), currently pending in the United States District Court for the District of Puerto Rico, together with following appeals therefrom: (i) Case No. 17-1731; (ii) Case No. 17-1812; (iii) Case No. 17-1822; (iv) Case No. 18-1083; and (v) Case No. 19-1336, (c) Atlantic Medical Center Inc. et al. v. The Commonwealth of Puerto Rico, et al., Case No. 06-1291, currently pending in the United States District Court for the District of Puerto Rico, (d) Asociacion de Salud Primaria de P.R., et al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No. 17-00227, currently pending in the Title III Court, (e) Atlantic Med. Ctr., Inc., et al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No. 17-00278, currently pending in the Title III Court, (f) Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis v. Commonwealth of Puerto Rico, Adv. Pro. No. 17-00292, currently pending in the Title III Court, (g) Corporacion de Servicios Integrals de Salud del Area de Barranquitas, Comerio, Corozal, Naanjito y Orocovis v. Commonwealth of Puerto Rico, Adv. Proc. No. 17-00298, currently pending in the Title III Court, (h) Motion of Salud Integral en la Montana, Corporacion de Servicios de Salud y Medicina Avanzada,

3

> **Dismissal of Med Center Litigation**: On the Effective Date, **the Med Center Litigation**, except the Med DC Action, **shall be deemed dismissed, with prejudice, and each of the Commonwealth and the respective Med Centers shall take such action as is necessary to notify the applicable court of such dismissal,** including, without limitation, within ten (10) Business Days of the Effective Date, filing notices with the clerk of such court setting forth the resolution of the Med Center Litigation and the dismissal thereof (except the Med DC Action), **with prejudice; provided, however, that all appeals taken from the Med DC Action shall be dismissed, with prejudice, and each of the Commonwealth and the Med Centers party to such appeals shall take such action as is necessary to notify such appellate courts of appeal of such dismissal**; […].

Plan § 60.2 (emphasis added).

5. The dismissal of the Lift Stay Motion with prejudice is proper because it is in accordance with Section 60.2 of the Plan, which has been confirmed by the Court. *See* Confirmation Order.

6. Pursuant to Paragraph 1.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"), the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter; has made reasonable, good-faith communications in an effort

---

Neomed Center, Mgmt. Health Center, HPM Foundation, Morovis Community Health Center and Concilio de Salud Integral de Loiza for Allowance and Payment of Administrative Expense Claim, or in the Alternative, Relief from the Automatic Stay, filed in the Commonwealth Title III Case [ECF No. 13582], **(i) Motion of Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Medicos Primarios y Prevencion de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc. and Hospital General Costoner, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief from the Automatic Stay, filed in the Commonwealth Title III Case [ECF. No. 12918]**, (j) Motion for Relief from Stay, filed in the Commonwealth Title III Case [ECF No. 13748], and (k) any litigation, adversary proceeding or motion with respect to the Med Center Claims at issue in the Commonwealth Title III Case or any of the above-referenced Med Center Litigations.

*See* Plan § 1.333 (emphasis added).

4

to resolve or narrow the issues that are being brought to the Court, and Parties consent to the relief requested herein.

### Notice

7. The Debtor has provided notice of this Urgent Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[5] (i) all parties filing a notice of appearance in these Title III cases; and (j) Movants. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

8. The Parties submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

---

[5] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

**WHEREFORE**, the Parties request the Court enter the Proposed Order and grant such other relief as is just and proper.

Dated: March 29, 2022
San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| **O'NEILL & BORGES LLC** | **FELDESMAN TUCKER LEIFER FIDELL** |
| By: /s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Telephone: (787) 764-8181<br>Facsimile: (787) 753-8944<br>Email: hermann.bauer@oneillborges.com | By: /s/ Nicole M. Bacon<br>Nicole M. Bacon (*admitted pro hac vice*)<br>James L. Feldesman (*admitted pro hac vice*)<br>Khatereh S. Ghiladi (*admitted pro hac vice*)<br>1129 20th Street, NW Suite 400<br>Washington, DC 20036<br>Telephone: (202) 466-8960 |
| **PROSKAUER ROSE LLP** | **RODRÍGUEZ MARXUACH, PSC** |
| By: /s/ Martin J. Bienenstock<br>Martin J. Bienenstock*<br>Brian S. Rosen*<br>Eleven Times Square<br>New York, NY 10036<br>Telephone: (212) 969-3000<br>Facsimile: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>       brosen@proskauer.com<br><br>* admitted *pro hac vice*<br><br>*Attorneys for the Financial Oversight and Management Board and as Representative of the Commonwealth* | By: /s/ Miguel Rodríguez Marxuach<br>Miguel Rodríguez Marxuach (USDC No. 206011)<br>María Celeste Colberg-Guerra (USDC No. 227314)<br>P.O. Box 16636<br>San Juan, PR 00908-6636<br>Tel 787-754-9898<br><br>*Attorneys for Movants* |

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 12918, 19784, 19813, 20349**<br><br>(Jointly Administered) |
| In re:<br><br>ATLANTIC MEDICAL CENTER, INC. *et al.*,<br><br>Movants,[2]<br><br>-v-<br><br>COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

ORDER GRANTING URGENT JOINT MOTION FOR DISMISSAL OF MOTION OF ATLANTIC MEDICAL CENTER, INC., CAMUY HEALTH SERVICES, INC., CENTRO DE SALUD FAMILIAR DR. JULIO PALMIERI FERRI, INC., CIALES PRIMARY HEALTH CARE SERVICES, INC., CORP. DE SERV. MÉDICOS PRIMARIOS Y PREVENCIÓN DE HATILLO, INC., COSTA SALUD, INC., CENTRO DE SALUD DE LARES, INC., CENTRO

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The movants are Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patilla, Inc., and Hospital General Castañer, Inc. (collectively, the "Movants").

<u>DE SERVICIOS PRIMARIOS DE SALUD DE PATILLAS, INC., AND HOSPITAL GENERAL CASTAÑER, INC. SEEKING (I) ENFORCEMENT OF THE COURT'S PRIOR ORDER AND (II) RELIEF FROM THE AUTOMATIC STAY</u>

Upon the *Urgent Joint Motion for Dismissal of Motion of Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patilla, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief from the Automatic Stay* [ECF No. [   ]] (the "<u>Dismissal Motion</u>");[3] and the Court having found that the relief requested in the Dismissal Motion is in the best interests of the Parties; and the Court having found that the Parties provided adequate and appropriate notice of the Dismissal Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Dismissal Motion; and the Court having determined that the factual bases set forth in the Dismissal Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Dismissal Motion is granted as set forth herein.

2. The Lift Stay Motion is hereby dismissed with prejudice.

3. This Order resolves Docket Entry No. [   ] in Case No. 17 BK 3283-LTS.

SO ORDERED.

Dated: [        ], 2022

_____<br>
LAURA TAYLOR SWAIN<br>
United States District Judge

---

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Dismissal Motion.