UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

ORDER AND NOTICE OF PRELIMINARY DESIGNATION OF
MEDIATION TEAM AND SETTING DEADLINES FOR OBJECTIONS TO MEMBERSHIP

On March 8, 2022, the Court entered the *Order Denying Urgent Motion of the Ad Hoc Group of PREPA Bondholders to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment and Directing Additional Consultation and Filings* (Docket Entry No. 20278

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

in Case No. 17-3283) (the "March 8 Order").[2] The March 8 Order directed the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to file a joint status report by March 18, 2022, at 12:00 p.m. (the "Joint Status Report") regarding the parties' progress in "consider[ing] whether a consensual mediation arrangement can be entered into promptly to resolve key plan-related issues" and constructing a mediation proposal consistent with the criteria set forth in the March 8 Order. (Mar. 8 Ord. at 12.)

By order dated March 16, 2022 (Docket Entry No. 20357), the Court advised that it was exploring whether a judicial mediator or mediation team could be made available to facilitate development of a plan of adjustment for PREPA and the resolution of related litigation, and that, in light of the commencement of that process, the Joint Status Report needed only to address (a) the parties' progress toward eliciting consent for mediation and (b) the parties' progress toward defining the scope of mediation

Subsequently, on March 16, 2022, the Ad Hoc Group of PREPA Bondholders (the "Ad Hoc Group"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured"), and National Public Finance Guarantee Corporation ("National") submitted an *Informative Motion in Connection with the Order Amending Scope of March 18, 2022, Status Report Required by the Order Denying Urgent Motion of the Ad Hoc Group of PREPA Bondholders to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment and Directing Additional Consultation and Filings* (Docket Entry No. 20384). In the motion, the parties expressed their support for the continued appointment of a member or members of the Prior Mediation Team and offered to bear the cost of a mediation led by a member of the Prior Mediation Team.

On March 17, 2022, the Court clarified its March 16 Order and notified the parties in interest that any judicial mediator(s) would be judge(s) with substantial complex bankruptcy and mediation experience who have not previously been involved with the PROMESA proceedings. The Court further advised that none of the members of the previous judicial mediation team were available for additional service in that capacity. (Docket Entry No. 20400.)

On March 17, 2022, PREPA, by and through the Oversight Board, and AAFAF, filed a status report in which they informed the Court that the Oversight Board had conferred by email with counsel to (a) AAFAF, (b) the Ad Hoc Group, (c) National, (d) Assured, (e) Syncora Guarantee, Inc. ("Syncora"), (f) La Unión de Trabajadores de La Industria Eléctrica y Riego ("UTIER"), (g) Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE"), (h) the Official Committee of Unsecured Creditors, and (i) PREPA's fuel line lenders. Each of them responded that they support a mediation process under a substantially similar mediation agreement as was employed in the Commonwealth's Title III case. (Docket Entry No. 20403.)

Pursuant to 11 U.S.C. § 105, made applicable to PREPA's Title III case by section 301 of PROMESA, 48 U.S.C. § 2161, and to further the goal of the successful

---

[2]  All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

consensual resolution of the issues raised in the PREPA Title III case, the Court hereby announces that it has designated a team of distinguished sitting federal judges who will be available to facilitate confidential negotiations regarding the formulation of a plan of adjustment for PREPA, including the consensual resolution of disputes ancillary thereto (collectively, the "Mediation Topics"). The following parties are hereby designated as Mediation Parties: (a) the Oversight Board, (b) AAFAF, (c) the Ad Hoc Group, (d) National, (e) Assured, (f) Syncora, (g) UTIER, (h) SREAEE, (i) the Official Committee of Unsecured Creditors, and (j) PREPA's fuel line lenders.

The Mediation Team is led by Judge Shelley C. Chapman of the United States Bankruptcy Court for the Southern District of New York. Judge Chapman is joined on the Mediation Team by Judge Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York and Judge Brendan L. Shannon of the United States Bankruptcy Court for the District of Delaware. More detailed biographies of the mediators are attached to this Order and Notice. Each of these dedicated public servants has substantial judicial and other professional experience in complex financial matters, including insolvency proceedings, and will be designated, through the intercircuit assignment procedures of the Judicial Conference of the United States, to serve as a judicial mediator as needed in PREPA's case.

The mediation process will be set forth in detail in a Mediation Terms and Conditions Order which the Court shall enter upon completion of the intercircuit assignment procedures. Such order shall set forth procedures by which the Mediation Team shall consult with the Mediation Parties and other interested parties concerning, among other things, the preparation of mediation statements; potential expansion of the Mediation Topics; and the designation of additional Mediation Parties. Such order shall also include customary provisions regarding, among other things, the conduct of the mediation, as well as various confidentiality provisions. The Mediation Team shall also be authorized, upon appropriate application, to seek to retain the assistance of a financial advisory firm.

In order to insure the integrity of both the adjudicative process and the mediation process, the undersigned, as the judge presiding over the PREPA Title III case and related proceedings, will not participate in the mediation process and the mediators will not provide any information about the positions taken by parties, or the substance of the mediation process, to the undersigned. The mediation process will remain confidential and separate from, and will proceed concurrently with, the adjudication of issues and proceedings in the PREPA Title III case.

Any party in interest having an objection to the appointment of any member or members of the Mediation Team must lodge such objection confidentially, in writing, with the undersigned via email addressed to swaindprcorresp@nysd.uscourts.gov, no later than **April 6 2022. Objections must not be filed on the public docket.** The objection must state the reason for the objection and provide all relevant supporting material, if any. The undersigned will consider any timely objections and submissions and will make the final appointment of Mediation Team members prior to **April 8, 2022**. No objections will be shared with any member of the Mediation Team.

Each of the Mediation Parties shall be prepared to submit a confidential mediation statement to the Mediation Team within 48 hours after the expiration of the objection period set

forth above. Such statement shall be no longer than fifteen pages in length (excluding any appendices) and shall include the following: the party's understanding of the history of the negotiations and the present status of the negotiations; a statement of the party's goals and expectations for the mediation, including any suggestions as to how the mediation should proceed; and a list of relevant background materials and legal authorities. Specific instructions regarding submission of the mediation statements to the Mediation Team (which statements will not be shared with any other Mediation Party) will be set forth in the final appointment order to be entered by Court. In order to avoid duplication of effort, the Oversight Board shall coordinate the compilation and submission of background materials to the Mediation Team. In addition, the Oversight Board shall provide the Mediation Team with contact information for the Mediation Parties and their advisors.

Pursuant to Local Civil Rule 1(f) of the United States District Court for the District of Puerto Rico, this Order suspends the Court's Local Civil Rule 83J for the specific Title III cases captioned above and their related adversary proceedings.

The terms and conditions of this Order are immediately effective and enforceable upon its entry, sufficient cause having been shown.

SO ORDERED.

Dated: April 1, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge