Hearing Date: May 18, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: May 2, 2022, at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

## FOUR HUNDRED TWENTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO NO LIABILITY CLAIMS FILED BY AEELA MEMBERS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "<u>Debtors</u>"), by and through the Financial Oversight and Management Board

for Puerto Rico (the "<u>Oversight Board</u>"), as sole Title III representative pursuant to section 315(b)

of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"),[2] file this

four hundred twenty-ninth omnibus objection (the "<u>Four Hundred Twenty-Ninth Omnibus</u>

<u>Objection</u>") to claims filed by members of the Asociación de Empleados del ELA ("<u>AEELA</u>"),

which assert liabilities arising from financial products issued by AEELA, and for which the

Debtors are not liable because AEELA is not a Title III Debtor and its liabilities are not guaranteed

by the Commonwealth, ERS, or any other Title III Debtor.   In support of the Four Hundred

Twenty-Ninth Omnibus Objection, the Debtors respectfully represent as follows:

## **JURISDICTION**

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## **BACKGROUND**

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof

(the "Commonwealth <u>Title III Case</u>").   On May 21, 2017, the Oversight Board issued a

restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary

petition for relief for ERS pursuant to PROMESA section 304(a), commencing cases under Title

---

[2]      PROMESA is codified at 48 U.S.C. §§ 2101-2241.

III thereof (the "<u>ERS Title III Case</u>," and together with the Commonwealth Title III Case, the "<u>Title III Cases</u>").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "<u>Bar Date Motion</u>").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "<u>Initial Bar Date Order</u>"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "<u>Bar Date Orders</u>") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.     AEELA**

5.     AEELA is a savings and loan association for government employees created by Act No. 133 of June 28, 1966, as amended.  AEELA was created "to stimulate savings among the employees and covered pensioned members of the Association; establish insurance plans including life insurance; grant loans, provide employees and pensioned members with homes and hospital facilities where they can obtain medical treatment for themselves and their families; and seek, through any available means and resources, the financial, moral, and physical betterment and

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

progress of its members, both individually and collectively . . . ." 3 L.P.R.A. § 9002.  In accordance

with its mandate, AEELA offers its members financial products, including life insurance policies,

savings and loan accounts, IRA accounts, personal loans, mortgage loans, credit cards, and other

similar financial services.  *See* 3 L.P.R.A. § 9004; aeela.com.  AEELA is a separate and distinct

legal entity that "shall retain its legal personality and its capacity to sue and be sued."  3 L.P.R.A.

§ 9002.

**C.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment**

6.      On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico

Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title*

*III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended

Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court

considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of

the Plan on November 8-22, 2021.

7.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for*

*Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to*

*the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the*

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the*

*Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight

Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth*

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No.

19784].

8.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

9.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved, (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

10.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

11.      The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**D.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

12.      To date, approximately 177,944 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

13.      Of the proofs of claim filed, approximately 117,364 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,355 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the

terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

14.    In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15.    In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving*

*Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

16.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 24 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS. Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings.

17.     This Four Hundred Twenty-Ninth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

18.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

19.     The Four Hundred Twenty-Ninth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that assert liabilities associated with financial products issued by AEELA, which is not a Title III Debtor, and whose

liabilities are not guaranteed by the Commonwealth or ERS, each as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

20.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). Each claim identified in **Exhibit A** seeks recovery of amounts associated with financial products offered by AEELA, including life insurance benefits, death insurance benefits, savings and loan accounts, IRA accounts, mortgage loans, and other similar financial products issued by AEELA, which is not a Title III Debtor.  Rather, AEELA is a separate entity that is legally distinct from the Commonwealth, ERS, and each of the other Title III Debtors, and neither the Commonwealth, ERS, nor any other Title III Debtor has guaranteed liabilities associated with AEELA's financial products.  Further, none of the Claims to Be Disallowed provide a basis for asserting a claim against either the Commonwealth, ERS, or any of the other Title III Debtors in respect of amounts owed by AEELA.  Accordingly, each of the Claims to Be Disallowed fails to comply with the applicable rules because each does not provide a basis for asserting a claim against either the Commonwealth, ERS, or any other Title III Debtor for amounts owed by separate, legally distinct entities.  Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed, and the Commonwealth and ERS respectfully request that the Court disallow the Claims to Be Disallowed in their entirety.

21.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Twenty-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to No Liability Claims Filed by AEELA Members*, dated April 1, 2022, attached hereto as **Exhibit B**.

## NOTICE

22.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Twenty-Ninth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Twenty-Ninth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Four Hundred Twenty-Ninth Omnibus Objection is attached hereto as Exhibit C.  Spanish translations of the Four Hundred Twenty-Ninth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this Four Hundred Twenty-Ninth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: April 1, 2022
      San Juan, Puerto Rico

                                        Respectfully submitted,

                                        /s/ *Hermann D. Bauer*
                                        Hermann D. Bauer
                                        USDC No. 215205
                                        Carla García-Benítez
                                        USDC No. 203708
                                        Gabriel A. Miranda
                                        USDC No. 306704
                                        **O'NEILL & BORGES LLC**
                                        250 Muñoz Rivera Ave., Suite 800
                                        San Juan, PR 00918-1813
                                        Tel:  (787) 764-8181
                                        Fax:  (787) 753-8944

                                        /s/ *Martin J. Bienenstock*
                                        Martin J. Bienenstock (*pro hac vice*)
                                        Brian S. Rosen (*pro hac vice*)
                                        **PROSKAUER ROSE LLP**
                                        Eleven Times Square
                                        New York, NY 10036
                                        Tel:  (212) 969-3000
                                        Fax:  (212) 969-2900

                                        *Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**Fecha de la vista: 18 de mayo de 2022, a las 9:30  (AST)**
**Fecha límite para responder: 2 de mayo de 2022, a las 16:00 (AST)**

---

REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

**CUADRINGENTÉSIMA VIGÉSIMA NOVENA OBJECIÓN GLOBAL (SUSTANTIVA)
DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO
DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE
PUERTO RICO A RECLAMACIONES EN LAS QUE NO EXISTE
RESPONSABILIDAD RADICADAS POR MIEMBROS DE AEELA**

---

[1]     Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor
Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los
Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA,
los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico
(La "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b)
de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico*
("PROMESA"), [2] radican esta cuadringentésima vigésima novena objeción global (la
"Cuadringentésima vigésima novena objeción global") a reclamaciones radicadas por miembros
de la Asociación de Empleados del ELA ("AEELA") que alegan responsabilidades surgidas de
productos financieros emitidos por AEELA, y por las que los Deudores no son responsables ya
que AEELA no es un Deudor de Título III; además, sus responsabilidades no están garantizadas
por el ELA, el SRE ni por ningún otro Deudor de Título III. En apoyo de la Cuadringentésima
vigésima novena objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de
PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

---

[2]      PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

Case:17-03283-LTS   Doc#:20485   Filed:04/01/22   Entered:04/01/22 17:31:16   Desc: Main
Document   Page 13 of 22

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA, incoando casos de Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo

dichas fechas límite hasta el 29 de junio de 2018, a las 016:00 p.m. (AST).

**B.    AEELA**

5.      AEELA es una asociación de préstamos y ahorros para empleados del Gobierno,

creada por la Ley núm. 133 de 28 de junio de 1966, según enmendada. AEELA fue creada "para

fomentar el ahorro en los empleados y miembros pensionados cubiertos de la Asociación;

establecer planes de seguro, incluido seguro de vida; conceder préstamos, brindar a empleados y

miembros pensionados viviendas y centros hospitalarios donde dichas personas pueden recibir

tratamiento para sí y para sus familias; y perseguir (a través de todos los medios y recursos) la

mejora y el progreso físico, moral y financiero de sus miembros, tanto de manera individual como

colectivamente . . . ." 3 L.P.R.A. § 9002. De acuerdo con su mandato, AEELA ofrece a sus

miembros productos financieros, lo que incluye pólizas de seguro de vida, cuentas de ahorro y

préstamo, cuentas individuales de retiro, préstamos personales e hipotecarios, tarjetas de crédito y

otros servicios financieros similares. *Véase* 3 L.P.R.A. § 9004; aeela.com. AEELA es una entidad

aparte con su propia personalidad jurídica que "retendrá su personalidad jurídica y capacidad para

demandar y ser demandada". 3 L.P.R.A. § 9002.

**C.    Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme
al Título III**

6.      El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA,

del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP")), el *Octavo Plan de
Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado
conforme al Título III,* (el "Octavo Plan de Ajuste"), y en su versión enmendada y modificada

posteriormente denominado, el "Plan") [ECF núm. 19053]. El Tribunal examinó la confirmación

4

del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 y 22 de noviembre de 2021.

7.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*, [ECF núm. 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*, [ECF núm. 19784].

8.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III,* [ECF núm. 19813].

9.      El 20 de enero de 2022, conforme el Título VI de PROMESA, el Tribunal aprobó, (a) la *Modificación Calificativa para la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Núm. 21-01493, ECF No. 72-1] (el "CCDA QM") y (b) la *Modificación Calificativa para la Autoridad para el Financiamiento de la Infraestructura del Gobierno de Puerto Rico* [Caso Núm. 21-01492, ECF No. 82-1] (el "PRIFA QM"), las cuales complementan las transacciones contenidas en el Plan.

10.    El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF núm. 20349].

11.    El CCDA QM y PRIFA QM también entraron en vigor el 15 de marzo de 2022. Véase, Caso Núm. 21-01493, ECF No. 74; Caso Núm. 21-01492, ECF No. 84.

**D.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

12.    Hasta la fecha, se han radicado aproximadamente 177,944 evidencias de reclamaciones contra los Deudores , que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

13.    De las evidencias de reclamaciones radicadas, aproximadamente 117,364 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,355 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

6

14.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "<u>Moción de Procedimientos Globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "<u>Procedimientos Iniciales relativos a Objeciones Globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "<u>Orden de Notificación</u>").

15.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a*

7

*Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

16.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 24 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

17.     Esta Cuadringentésima vigésima novena objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

18.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

19.     La Cuadringentésima vigésima novena objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que alegan responsabilidades vinculadas con productos financieros emitidos por AEELA que no es un Deudor de Título III y cuyas obligaciones no están garantizadas por el ELA ni el SRE, como consta en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

20.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada reclamación identificada en el **Anexo A** pretende recuperar montos vinculados con productos financieros ofrecidos por AEELA, lo que incluye beneficios de seguro de vida, beneficios de seguro por fallecimiento, cuentas de ahorro y préstamo, cuentas individuales de retiro, préstamos hipotecarios y otros productos financieros similares emitidos por AEELA, que no es un Deudor de Título III. Por el contrario, AEELA es una entidad aparte y jurídicamente independiente del ELA, del SRE y de los demás Deudores de Título III. Además, ni el ELA, ni el SRE ni ningún otro Deudor de Título III han garantizado responsabilidades vinculadas con los productos financieros de AEELA. Es más, ninguna de las Reclamaciones que han de ser rechazadas proporciona fundamento alguno para alegar reclamaciones contra el ELA, el SRE o cualquier otro Deudor de Título III en relación con los montos adeudados por AEELA. En consecuencia, ninguna de las Reclamaciones que han de ser rechazadas cumple con las normas aplicables, ya que ninguna proporciona fundamento alguno para alegar reclamaciones contra el ELA, el SRE o cualquier otro Deudor de Título III por los montos adeudados por unas entidades

9

aparte y jurídicamente independientes. Debido a dicho incumplimiento de las normas aplicables, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas, por lo que el ELA y el SRE solicitan respetuosamente que el Tribunal rechace en su totalidad las Reclamaciones que han de ser rechazadas.

21.    En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima vigésima novena objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones en las que no existe responsabilidad radicadas por miembros de AEELA*, de fecha 1 de abril de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

22.    De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Cuadringentésima vigésima novena objeción global a) a los acreedores individuales objeto de esta Cuadringentésima vigésima novena objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación de esta Cuadringentésima vigésima novena objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Cuadringentésima vigésima novena objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## **AUSENCIA DE SOLICITUDES PREVIAS**

23.    No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima vigésima novena objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*.]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 1 de abril de 2022
        San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico.*