Hearing Date: May 18, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: May 2, 2022, at 4:00 PM (Atlantic Standard Time)

<div style="border: 2px solid black;">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FOUR HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this four hundred

thirty-fifth omnibus objection (the "Four Hundred Thirty-Fifth Omnibus Objection") to claims that

seek recovery of amounts for which the Commonwealth is not liable, as set forth in **Exhibit A**

hereto.  In support of the Four Hundred Thirty-Fifth Omnibus Objection, the Commonwealth

respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines*

*and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice*

*Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in

the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors,

the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and*

*(B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar

Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m.

(Atlantic Time).

**B.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment**

5.     November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico

Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title*

*III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended

Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court

considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of

the Plan on November 8-22, 2021.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for*

*Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to*

*the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the*

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the*

*Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight

Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth*

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No.

19784].

7.     January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment*

*Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved, (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 177,944 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 117,364 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable,

being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13.    In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.    In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

5

*and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 24 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), the Puerto Rico Public Buildings Authority ("<u>PBA</u>"), and/or the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>").   Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

16.     This Four Hundred Thirty-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## <u>OBJECTIONS TO PROOFS OF CLAIM</u>

17.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Four Hundred Thirty-Fifth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Commonwealth is not liable, each as set forth on **Exhibit A** hereto (collectively, the "<u>Claims to Be Disallowed</u>").

19.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Each of the Claims

to Be Disallowed purports to assert liabilities against the Commonwealth, but upon a reasonable review of the Claims to Be Disallowed and/or the Commonwealth's books and records, the Commonwealth does not owe any outstanding liabilities to the applicable claimants.

20.     One Claim to Be Disallowed purports to assert liability against the Commonwealth for reimbursement of union dues, but the claim and supporting documentation demonstrate that only the union, and not the Commonwealth, are responsible for such reimbursement.  Another Claim to Be Disallowed seeks recovery from the Department of Labor ("DOL") for allegedly unpaid unemployment benefits, but the DOL's books and records show that the claimant was deemed ineligible for the benefits and unsuccessfully appealed the DOL's decision.  Further, another Claim to Be Disallowed purports to assert liability against the Commonwealth for commissions allegedly owed to claimant for the sale of insurance, but such liability would lie, if at all, with the claimant's employer, and not the Commonwealth.  Another Claim to Be Disallowed seeks recovery on the basis of a claim filed against the Department of Transportation and Public Works for damages caused to a vehicle due to improper road maintenance, but the agency's books and records show that the claimant did not properly execute and file the claim form within the required statutory time period in order to be eligible for payment.

21.     Still another Claim to Be Disallowed purports to assert liability on the basis of an interest rate swap agreement between the claimant and COFINA.  The claimant filed an identical claim, Claim No. 36364, in the COFINA Title III Case [Case No. 17-03284], and stated that it filed a second claim against the Commonwealth "out of an abundance of caution" "in light of ongoing litigation challenging the COFINA structure, including in Adversary Proceeding No. 17-00257-LTS" (the "Commonwealth-COFINA Dispute").  Pursuant to the *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax*

*Financing Corporation* [ECF No. 5055] (the "COFINA Plan") and the *Stipulation and Order with Respect to (A) Rejection of Swap Agreement Between Goldman Sachs Bank USA and Puerto Rico Sales Tax Financing Corporation, (B) Relief from Stay With Respect to Cash Collateral and (C) Allowance and Treatment of Claim* (the "Goldman Stipulation") [ECF No. 675, Case No. 17-3284], the claimant's agreement with COFINA was rejected and the claim against COFINA was treated pursuant to the COFINA Plan.  Further, the Court approved the compromise and settlement of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 5045], resolving any purported liability by the Commonwealth for liabilities arising from the interest rate swap agreement.  Thus, following confirmation of the COFINA Plan, approval of the settlement of the Commonwealth-COFINA Dispute, and entry of the Goldman Stipulation, the claim and supporting documentation no longer provide a basis for asserting liability against the Commonwealth.

22.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Four Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which The Commonwealth Is Not Liable*, dated April 1, 2022, attached hereto as **Exhibit B**.

## NOTICE

23.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth has provided notice of this Four Hundred Thirty-Fifth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Thirty-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Four

Hundred Thirty-Fifth Omnibus Objection is attached hereto as Exhibit C.  Spanish translations of

the Four Hundred Thirty-Fifth Omnibus Objection and all of the exhibits attached hereto are being

filed with this objection and will be served on the parties.  The Commonwealth submits that, in

light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

24.     No prior request for the relief sought in this Four Hundred Thirty-Fifth Omnibus

Objection has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: April 1, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
Tel:  (787) 751-6764
Fax:  (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico*

**Fecha de la vista: 18 de mayo de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 2 de mayo de 2022, a las 16:00 (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

---

**CUADRINGENTÉSIMA TRIGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE EL ELA NO ES RESPONSABLE**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"), [2] radica esta cuadringentésima trigésima quinta objeción global (la "Cuadringentésima trigésima quinta objeción global") a reclamaciones que pretenden recuperar de montos por los que el ELA no es responsable, como se establece en el **Anexo A** del presente documento. En apoyo de la Cuadringentésima trigésima quinta objeción global, el ELA manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el
"Caso de Título III del ELA").

4.    El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije
fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y
la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que
A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la
forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el
Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y
procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III.
Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el
Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de
reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]
(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo
dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

**B.    Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme
al Título III**

5.    El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA,
del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP")), el *Octavo Plan de
Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado
conforme al Título III,* (el "Octavo Plan de Ajuste"), y en su versión enmendada y modificada
posteriormente denominado, el "Plan") [ECF núm. 19053]. El Tribunal examinó la confirmación
del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los
días 8 y 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*, [ECF núm. 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*, [ECF núm. 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III*, [ECF núm. 19813].

8.      El 20 de enero de 2022, conforme el Título VI de PROMESA, el Tribunal aprobó, (a) la *Modificación Calificativa para la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Núm. 21-01493, ECF No. 72-1] (el "CCDA QM") y (b) la *Modificación Calificativa para la Autoridad para el Financiamiento de la Infraestructura del Gobierno de Puerto Rico* [Caso Núm. 21-01492, ECF No. 82-1] (el "PRIFA QM"), las cuales complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)*

4

emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del
Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III
de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor [ECF núm. 20349].

10.    El CCDA QM y PRIFA QM también entraron en vigor el 15 de marzo de 2022.
Véase, Caso Núm. 21-01493, ECF No. 74; Caso Núm. 21-01492, ECF No. 84.

**C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y
objeciones a reclamaciones**

11.    Hasta la fecha, se han radicado aproximadamente 177,944 evidencias de
reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas
evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones
radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.    De las evidencias de reclamaciones radicadas, aproximadamente 117,364 han sido
radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad
con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían
haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido
enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables,
estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información
necesaria para que los Deudores determinen si la reclamación es válida.

13.    Para resolver eficazmente el mayor número posible de las evidencias de
reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su
*Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a
objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de
Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba*

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.

4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los

"Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el

Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales

relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y*

*en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la

"Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de

reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a

procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que

pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de*

*vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a*

*Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado*

[ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio

de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)*

*exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los
"Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los
Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la
fecha más de 24 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por
el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la
Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía
Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP")
y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico
(el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha,
aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad
contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del
registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

16.     Esta Cuadringentésima trigésima quinta objeción global se radica de conformidad
con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA
radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases
recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra
(*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en
los Procedimientos Enmendados relativos a Objeciones Globales.

18.     La Cuadringentésima trigésima quinta objeción global pretende rechazar, de
conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones

que tratan de recuperar montos por los que el ELA no es responsable, según se expone en el **Anexo
A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

19.    Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en
virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., §
502(b)(1). Cada una de las Reclamaciones que han de ser rechazadas pretende alegar
responsabilidades contra el ELA, pero sobre la base de un examen razonable de las Reclamaciones
que han de ser rechazadas y/o de los libros y registros del ELA, este último no tiene ninguna
responsabilidad pendiente de cumplimiento frente a los correspondientes reclamantes.

20.    Una de las Reclamaciones que han de ser rechazadas pretende alegar
responsabilidad contra el ELA por el reembolso de cuotas sindicales, pero la propia reclamación
y la documentación justificativa demuestran que únicamente el sindicato, y no el ELA, es el
responsable de realizar dicho reembolso. Otra Reclamación que ha de ser rechazada pretende
recuperar del Departamento del Trabajo (el "DT") unos beneficios laborales supuestamente no
pagados, pero los libros y registros del DT muestran que el reclamante fue considerado inelegible
a efectos de dichos beneficios y que apeló, sin éxito, la decisión del DT. Además, otra Reclamación
que ha de ser rechazada pretende alegar responsabilidad contra el ELA por unas comisiones
supuestamente adeudadas al reclamante por la venta de un seguro, pero dicha responsabilidad
correspondería, si acaso, al empleador del reclamante, no al ELA. Otra Reclamación que ha de ser
rechazada pretende una recuperación sobre la base de una reclamación radicada contra el
Departamento de Transportación y Obras Públicas por daños y perjuicios causados a un vehículo
debido a un inadecuado mantenimiento de las carreteras, pero los libros y registros de la agencia
muestran que el reclamante no ha rellenado ni radicado correctamente el formulario de
reclamación dentro del plazo legalmente establecido para ser elegible a efectos de recibir el pago.

21.    Otra Reclamación que ha de ser rechazada pretende alegar responsabilidad sobre la base de un acuerdo de *swap* sobre la tasa de interés suscrito entre el reclamante y COFINA. El reclamante radicó una reclamación idéntica, la Reclamación núm. 36364, en el marco del Caso de Título III de COFINA (Caso núm. 17-03284], y declaró que radicó una segunda reclamación contra el ELA "por mera precaución" "a la luz del litigio en curso que desafiaba la estructura de COFINA, incluido el Procedimiento adversativo núm. 17-00257-LTS" (la "Controversia entre el ELA y COFINA"). Conforme a la *Orden y la Sentencia enmendadas que confirman el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico* [ECF núm. 5055] (el "Plan de COFINA") y la *Estipulación y orden sobre A) el rechazo del acuerdo de swap suscrito entre Goldman Sachs Bank USA y la Corporación del Fondo de Interés Apremiante de Puerto Rico, B) el levantamiento de paralización de la garantía mediante efectivo y C) concesión y tratamiento dela reclamación* (la "Estipulación de Goldman") [ECF núm. 675, Caso núm. 17-3284], el acuerdo del reclamante con COFINA fue rechazado y la reclamación contra COFINA fue tratada conforme al Plan de COFINA. Además, el Tribunal aprobó el pacto y la conciliación de la Controversia entre el ELA y COFINA conforme al *Dictamen abreviado y orden que aprueba la conciliación entre el Estado Libre Asociado de Puerto Rico y la Corporación del Fondo de Interés Apremiante de Puerto Rico* [ECF núm. 5045], resolviendo así sobre cualquier supuesta responsabilidad del ELA por las responsabilidades surgidas del acuerdo de *swap* sobre la tasa de interés. En consecuencia, tras la confirmación del Plan de COFINA, la aprobación de la conciliación de la Controversia entre el ELA y COFINA y la adopción de la Estipulación de Goldman, ni la reclamación ni la documentación justificativa brindan ya base alguna para alegar responsabilidad contra el ELA.

22.      En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo
de la Cuadringentésima trigésima quinta objeción global (sustantiva) del Estado Libre Asociado
de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 1 de abril de 2022,
adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

23.      De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden
de Notificación del Tribunal, el ELA ha notificado la presente Cuadringentésima trigésima quinta
objeción global a) a los acreedores individuales objeto de esta Cuadringentésima trigésima quinta
objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los
*Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]),
disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.
Una copia de la notificación de esta Cuadringentésima trigésima quinta objeción global se adjunta
al presente como Anexo C. Las traducciones al español de la Cuadringentésima trigésima quinta
objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la
presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio
solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

24.      No se ha radicado ninguna solicitud de remedio previa a la presente
Cuadringentésima trigésima quinta objeción global ni ante este Tribunal ni ante ningún otro órgano
judicial.

*[El resto de la página se deja en blanco intencionadamente]*

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en

la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio

solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se

consideren justos.

Fecha: 1 de abril de 2022          Respetuosamente sometida,
       San Juan (Puerto Rico)

                                   *[Firma en la versión en inglés]*
                                   Ricardo Burgos Vargas
                                   USDC núm. 218210
                                   **A&S LEGAL STUDIO, PSC**
                                   434 Ave. Hostos
                                   Tel:  (787) 751-6764
                                   Fax:  (787) 763-8260


                                   *[Firma en la versión en inglés]*
                                   Martin J. Bienenstock (*pro hac vice*)
                                   Brian S. Rosen (*pro hac vice*)
                                   **PROSKAUER ROSE LLP**
                                   Eleven Times Square
                                   Nueva York, NY 10036
                                   Tel.: (212) 969-3000
                                   Fax: (212) 969-2900

                                   *Abogados de la Junta de Supervisión
                                   y Administración Financiera para
                                   Puerto Rico como representante del
                                   Estado Libre Asociado de Puerto
                                   Rico.*