# **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FOUR HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Commonwealth's (as defined below) case filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Commonwealth's case filed pursuant to PROMESA. The Commonwealth's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3. I submit this declaration in support of the *Four Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which The Commonwealth is Not Liable* (the "Four Hundred Thirty-Fifth Omnibus Objection")[2]. I have personally reviewed the Four Hundred Thirty-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Thirty-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Thirty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Four Hundred Thirty-Fifth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A (each a "Claim to Be Disallowed," collectively, the "Claims to Be Disallowed") to the Four Hundred Thirty-Fifth Omnibus Objection purport to assert liabilities against the Commonwealth,

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Four Hundred Thirty-Fifth Omnibus Objection.

2

but upon a reasonable review of the Claims to Be Disallowed and the Commonwealth's books and records, no liabilities are owed to the associated claimants.

6. For example, one Claim to Be Disallowed purports to assert liability against the Commonwealth for union dues, but the claim and supporting documentation demonstrate that only the union, and not the Commonwealth, are responsible for such reimbursement. Another Claim to Be Disallowed seeks recovery from the Department of Labor ("DOL") for allegedly unpaid unemployment benefits, but the DOL's books and records show that the claimant was deemed ineligible for the benefits and unsuccessfully appealed the DOL's decision. Further, another Claim to Be Disallowed purports to assert liability against the Commonwealth for commissions allegedly owed to claimant for the sale of insurance, but such liability would lie, if at all, with the claimant's employer, and not the Commonwealth. Another Claim to Be Disallowed seeks recovery on the basis of a claim filed against the Department of Transportation and Public Works for damages caused to a vehicle due to improper road maintenance, but the agency's books and records show that the claimant did not properly execute and file the claim form within the required statutory time period in order to be eligible for payment. Further, another Claim to Be Disallowed purports to assert liabilities purportedly owed pursuant to an interest rate swap agreement between the Commonwealth and COFINA. Proskauer has informed me, however, that in light of the confirmation of the COFINA Plan, approval of the settlement of the Commonwealth-COFINA Dispute, and entry of the Goldman Stipulation, neither the Claim to Be Disallowed nor the supporting documentation provide a basis for liability against the Commonwealth.

7. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Four Hundred Thirty-Fifth Omnibus Objection and exhibits

3

thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and their creditors.

      8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 1, 2022

                                                                   By:    */s/ Jay Herriman*
                                                                                 Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                                           Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA TRIGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE EL ELA NO ES RESPONSABLE**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1.    Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso del ELA (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del ELA radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del ELA implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Cuadringentésima trigésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable* (la "Cuadringentésima trigésima quinta objeción global")[2]. He revisado personalmente la Cuadringentésima trigésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Cuadringentésima trigésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Cuadringentésima trigésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el Anexo A de la Cuadringentésima trigésima quinta objeción global.

---

[2] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Cuadringentésima trigésima quinta objeción global.

2

5. A mi leal saber y entender, las reclamaciones que aparecen en el <u>Anexo A</u> (cada una denominada una "<u>Reclamación que ha de ser rechazada</u>" y conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") de la Cuadringentésima trigésima quinta objeción global pretenden alegar responsabilidades contra el ELA, pero sobre la base de un examen razonable de las Reclamaciones que han de ser rechazadas y de los libros y registros del ELA, no consta que se adeuden responsabilidades a los reclamantes relacionados.

6. Por ejemplo, una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidad contra el ELA por cuotas sindicales, pero la propia reclamación y la documentación justificativa demuestran que únicamente el sindicato, y no el ELA, es el responsable de realizar dicho reembolso. Otra Reclamación que ha de ser rechazada pretende recuperar del Departamento del Trabajo (el "DT") unos beneficios laborales supuestamente no pagados, pero los libros y registros del DT muestran que el reclamante fue considerado inelegible a efectos de dichos beneficios y que apeló, sin éxito, la decisión del DT. Además, otra Reclamación que ha de ser rechazada pretende alegar responsabilidad contra el ELA por unas comisiones supuestamente adeudadas al reclamante por la venta de un seguro, pero dicha responsabilidad correspondería, si acaso, al empleador del reclamante, no al ELA. Otra Reclamación que ha de ser rechazada pretende una recuperación sobre la base de una reclamación radicada contra el Departamento de Transportación y Obras Públicas por daños y perjuicios causados a un vehículo debido a un inadecuado mantenimiento de las carreteras, pero los libros y registros de la agencia muestran que el reclamante no ha rellenado ni radicado correctamente el formulario de reclamación dentro del plazo legalmente establecido para ser elegible a efectos de recibir el pago. Además, otra Reclamación que ha de ser rechazada pretende alegar responsabilidades supuestamente adeudadas conforme a un acuerdo de *swap* sobre la tasa de interés suscrito entre el

3

ELA y COFINA. En consecuencia, tras la confirmación del Plan de COFINA, la aprobación de la conciliación de la Controversia entre el ELA y COFINA y la adopción de la Estipulación de Goldman, ni la Reclamación que ha de ser rechazada ni la documentación justificativa brindan base alguna para la responsabilidad contra el ELA.

7.   Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima trigésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

8.   Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 1 de abril de 2022

Por:   *[Firma en la versión en inglés]*
Jay Herriman

4