> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.,

                      Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to PREPA.**

---

## FOUR HUNDRED FORTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS THAT ARE PARTIALLY SATISFIED AND PARTIALLY ASSERT AMOUNTS FOR WHICH PREPA IS NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this four hundred forty-fourth omnibus objection (the "Four Hundred Forty-Fourth Omnibus Objection") objecting to the amounts asserted in the proofs of claim listed on **Exhibit A** hereto, on the basis that each of these claims has been partially satisfied, and/or PREPA is not liable for a portion of the remaining amount.  For each of the claims identified in the column titled "Asserted" in **Exhibit A** hereto, the Four Hundred Forty-Fourth Omnibus Objections seeks to reduce the amount asserted in the claims against PREPA.  PREPA reserves the right to object to the remaining amounts asserted in the claims, as identified in the column titled "Remaining Claim" in **Exhibit A** hereto, on any basis whatsoever.  In support of the Four Hundred Forty-Fourth Omnibus Objection, PREPA respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.       PREPA**

5.       PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

## C.   Proofs of Claim, Omnibus Objection Procedures, and Claim Objections

6.      To date, approximately 177,944 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.      Of the proofs of claim filed, approximately 4,543 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held over 24 hearings and entered orders with respect to over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, the Puerto Rico Public Buildings Authority ("PBA"), PREPA, and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting over $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings.

11.      This Four Hundred Forty-Fourth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus
objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy
Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus
Objection Procedures.  Claims that are "unenforceable against the debtor and property of the
debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).
Additionally, Federal Rule of Bankruptcy Procedure 3007(d)(5) provides for objections to claims
on the basis that the claims have been satisfied.

13.     In accordance with Federal Rule of Bankruptcy Procedure 3007(d)(5) and the
Amended Omnibus Objection Procedures, the Four Hundred Forty-Fourth Omnibus Objection
seeks to reduce the amount of the claims asserted against PREPA to the extent (i) they have been
partially satisfied, and/or (ii) PREPA has no liability for a remaining portion of the claim.

14.     Each claim listed on **Exhibit A** hereto (collectively the "Claims to Be Partially
Disallowed"), purports to assert liabilities based on a contract entered into by PREPA and/or an
invoice issued by the claimant.  PREPA's records, however, show that (i) a portion of the liabilities
associated with the Claims to Be Partially Disallowed have been paid by PREPA, and/or (ii) other
portions of the Claims to Be Partially Disallowed assert amounts for which PREPA has no liability,
either because the amounts were properly withheld pursuant to Puerto Rico tax law; the amounts
are associated with quotes provided to PREPA, and no invoices corresponding to those quotes
were identified in PREPA's system; or because the amounts asserted in the invoice exceed the
amounts authorized and approved by PREPA.

15.     For example, the Claims to Be Partially Disallowed assert liability based on one or
more of a combination of paid invoices, unpaid invoices, and quotes that are not further supported
by invoices.  PREPA objects to paid invoices on the basis that they are satisfied, objects to the

unsupported price quotes on the basis that PREPA does not have liability for amounts that were quoted, but were never invoiced, and designates the amounts corresponding to unpaid invoices as the remaining claim amount.  In addition, certain of the Claims to Be Disallowed contain invoices that are overstated or that seek payment for amounts not authorized by the contract or approved by PREPA.  PREPA objects to these amounts on the basis that it does not have liability for such unsupported invoices.

16.   Additionally, the remaining portions of some of the Claims to Be Partially Disallowed assert liabilities arising from contracts subject to the 1.5% tax contribution mandated by Law 48-2013, which imposed a special contribution of 1.5% on the value of contracts for professional and consulting services.   In accordance with Act No. 48-2013, PREPA withholds these taxes at the point of payment for qualifying services and remits the proceeds to the Puerto Rico Treasury Department quarterly.   Together, the remaining portions of this Claim to Be Disallowed reflects 1.5% reductions in the amount owed to claimant pursuant to the special contribution authorized by Law 48-2013

17.   Any failure to reduce the amounts asserted in the Claims to Be Partially Disallowed to the extent they have been paid or satisfied, or to the extent PREPA has no liability for certain remaining amounts, will result in the applicable claimants potentially receiving an unwarranted excess recovery against PREPA to the detriment of other stakeholders in the PREPA Title III Case. The Claims to Be Partially Disallowed, therefore, should be partially disallowed insofar as they have been satisfied in part, and because PREPA is not liable for a portion of the remaining amount of the claim.  Claimants will retain a remaining claim (collectively, the "Remaining Claims"), as identified in the column titled "Remaining Claim" in **Exhibit A** hereto.  PREPA reserves its rights to object to the Remaining Claims on any grounds whatsoever.

7

18.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Four Hundred Forty-Fourth Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Claims That Are Partially Satisfied and Partially for Amounts for Which PREPA Is Not Liable*, dated April 1, 2022, attached hereto as **Exhibit B**.

### NOTICE

19.     In accordance with the Amended Omnibus Objection Procedures, PREPA is providing notice of this Four Hundred Forty-Fourth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Forty-Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Four Hundred Forty-Fourth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Four Hundred Forty-Fourth Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection.  PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

### RESERVATION OF RIGHTS

20.     This Four Hundred Forty-Fourth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Claims to Be Partially Disallowed or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors'

rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

21.     No prior request for the relief sought in this Four Hundred Forty-Fourth Omnibus

Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

Dated: April 1, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260


/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*for Puerto Rico, as representative for*
*the Puerto Rico Electric Power*
*Authority*

Fecha de la vista: 18 de mayo de 2022, a las 9:30 (AST)
Fecha límite para responder: 2 de mayo de 2022, a las 16:00 (AST)

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

**CUADRINGENTÉSIMA CUADRAGÉSIMA CUARTA OBJECIÓN GLOBAL
(SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO
A RECLAMACIONES QUE ESTÁN EN PARTE SATISFECHAS Y EN PARTE
RECLAMAN UNOS MONTOS POR LOS QUE LA AEE NO ES RESPONSABLE**

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor
Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente cuadringentésima cuadragésima cuarta objeción global (la "Cuadringentésima cuadragésima cuarta objeción global") en la que se opone a los montos alegados en las evidencias de reclamaciones mencionadas en el **Anexo A** del presente documento, sobre la base de que cada una de dichas reclamaciones ha sido satisfecha parcialmente y/o la AEE no es responsable por una parte del monto restante. En relación con cada una de las reclamaciones identificadas en la columna titulada "Alegadas" en el **Anexo A** del presente documento, la Cuadringentésima cuadragésima cuarta objeción global pretende que se reduzca el monto alegado en las reclamaciones contra la AEE. La AEE se reserva el derecho a oponerse a los montos restantes alegados en las reclamaciones, según se identifican en la columna titulada "Reclamación Restante" en el **Anexo A** del presente documento, sobre la base del motivo que fuere. En apoyo de la Cuadringentésima cuadragésima cuarta objeción global, la AEE manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

A.      **Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA").   El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar*

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

*evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

(conjuntamente con la Orden Inicial de Fecha Límite, las "<u>Órdenes de Fecha Límite</u>"), extendiendo

dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

     **B.**    **AEE**

     5.    La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley núm. 83-

1941, en su versión enmendada (la "<u>Ley sobre la Autoridad</u>") § 3.   La AEE genera y distribuye

esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780,

ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los

Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

    **C.**    **Evidencias de reclamaciones, procedimientos relativos a objeciones globales y**
                 **objeciones a reclamaciones**

     6.    Hasta la fecha, se han radicado aproximadamente 177,944 evidencias de

reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas

evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones

radicadas contra los Deudores, además de los montos no liquidados reclamados.

     7.    De las evidencias de reclamaciones radicadas, aproximadamente 4,543 han sido

radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad

con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían

haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido

enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables,

estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información

necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.      En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

5

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 24 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE, la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban más de $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE han sido rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

11.     Esta Cuadringentésima cuadragésima cuarta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas

establecidas en los Procedimientos Enmendados relativos a Objeciones Globales. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Además, la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*) permite oponerse a reclamaciones sobre la base de que las reclamaciones han sido satisfechas.

13.     De conformidad con la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra y con los Procedimientos Enmendados relativos a Objeciones Globales, la Cuadringentésima cuadragésima cuarta objeción global pretende que se reduzca el monto de las reclamaciones radicadas contra la AEE en la medida en que i) estas hayan sido parcialmente satisfechas y/o ii) la AEE no tenga responsabilidad por una parte restante de la reclamación.

14.     Cada reclamación identificada en el **<u>Anexo A</u>** del presente (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas parcialmente</u>") pretende alegar responsabilidad sobre la base de un contrato celebrado por la AEE y/o una factura emitida por el reclamante. Y sin embargo los datos de la AEE muestran que i) una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser rechazadas parcialmente ha sido pagada por la AEE y/o ii) las demás partes de las Reclamaciones que han de ser rechazadas parcialmente alegan montos por los que la AEE no tiene responsabilidad, bien porque los montos fueron debidamente retenidos conforme a la legislación tributaria de Puerto Rico; los montos están vinculados con cotizaciones enviadas a la AEE pero que en el sistema de la AEE no se ha identificado ninguna factura que correspondiera a dichas cotizaciones; o bien porque los montos alegados en la factura superaban los montos autorizados y aprobados por la AEE.

15.    Por ejemplo, las Reclamaciones que han de ser rechazadas parcialmente alegan responsabilidad basada en una  o más combinaciones de facturas pagadas, facturas no pagadas y cotizaciones que no se respaldan por facturas. La AEE se opone a las facturas pagadas sobre la base de que estas están satisfechas, se opone a las cotizaciones de precios no respaldadas sobre la base de que la AEE no es responsable por los montos cotizados pero no facturados, y designa los montos correspondientes a facturas no pagadas como el monto de reclamación restante. Además, algunas Reclamaciones que han de ser rechazadas contienen facturas que están sobreestimadas o que buscan el pago de unos montos que no están autorizados por el contrato ni aprobados por la AEE. La AEE se opone a dichos montos sobre la base de que no es responsable por tales facturas no respaldadas.

16.    Además, las partes restantes de algunas Reclamaciones que han de ser rechazadas parcialmente alegan responsabilidades surgidas de contratos que quedan sujetos a una contribución fiscal del 1.5% dispuesta por la Ley 48-2013 que impuso una contribución especial del 1.5% sobre el valor de los contratos relativos a servicios profesionales y de consultoría. De conformidad con la Ley núm. 48-2013, la AEE retiene dichos impuestos en el momento de realización del pago por servicios calificados y remite trimestralmente dichos fondos al Departamento de Hacienda de Puerto Rico. Juntas, las partes restantes de esta Reclamación que ha de ser rechazada reflejan una reducción del 1.5% en los montos adeudados al reclamante conforme a la aportación especial autorizada por la Ley 48-2013.

17.    Si los montos alegados en las Reclamaciones que han de ser rechazadas parcialmente no se redujeran en la medida en la que han sido pagados o satisfechos, o en la medida en que la AEE no sea responsable por determinados montos restantes, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación excesiva no justificada

contra la AEE en detrimento de otras partes interesadas en el Caso de Título de la AEE. Por lo

tanto, las Reclamaciones que han de ser rechazadas parcialmente deben rechazarse parcialmente

en la medida en que hayan sido satisfechas en parte, y porque la AEE no es responsable por una

parte de los montos restantes de la reclamación. Los reclamantes conservarán sus reclamaciones

restantes (conjuntamente, las "Reclamaciones Restantes"), según lo identificado en la columna

titulada "Reclamación Restante" en el **Anexo A** del presente documento. La AEE se reserva los

derechos a oponerse a las Reclamaciones Restantes sobre la base del motivo que fuere.

18.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en*

*apoyo de la Cuadringentésima cuadragésima cuarta objeción global (sustantiva) de la Autoridad*

*de Energía Eléctrica de Puerto Rico a Reclamaciones que están en parte satisfechas y en parte*

*reclaman unos montos por los que la AEE no es responsable*, de fecha 1 de abril de 2022, adjunta

al presente como **Anexo B**.

## NOTIFICACIÓN

19.     De conformidad con los Procedimientos Enmendados relativos a Objeciones

Globales, la AEE notifica la presente Cuadringentésima cuadragésima cuarta objeción global a) a

los acreedores individuales objeto de esta Cuadringentésima cuadragésima cuarta objeción global,

b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos*

*de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio

web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta

Cuadringentésima cuadragésima global se adjunta al presente como **Anexo C**. Las

traducciones al español de la Cuadringentésima cuadragésima cuarta objeción global y de la

totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción.

La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna

otra notificación.

## **RESERVA DE DERECHOS**

20.      La presente Cuadringentésima cuadragésima cuarta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III, a objetar a las Reclamaciones que han de ser rechazadas parcialmente o a cualesquiera otras reclamaciones que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

21.      No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima cuadragésima cuarta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente.*]

10

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 1 de abril de 2022
San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.: (787) 751-6764
Fax: (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*