Hearing Date: May 18, 2022 at 9:30AM (Atlantic Time)
Response Deadline: May 2, 2022 at 4:00PM (Atlantic Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

**FOUR HUNDRED FORTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO SATISFIED CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] files this four hundred forty-sixth omnibus objection (the "Four Hundred Forty-Sixth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which has been fully satisfied. In support of the Four Hundred Forty-Sixth Omnibus Objection, PREPA respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to May 29, 2018 at 4:00 pm (Atlantic Time).

**B. PREPA**

5. PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended (the "Authority Act") § 3. PREPA generates and distributes substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C. Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6. To date, approximately 177,944 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

7. Of the proofs of claim filed, approximately 4,543 have been filed in relation to, or reclassified to be asserted against, PREPA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8. To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus*

4

*Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held over 24 hearings and entered orders regarding 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, the Puerto Rico Public Buildings Authority ("PBA"), and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"). Based upon rulings and orders of the Court to date, approximately 100,000 claims, asserting over $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11. This Four Hundred Forty-Sixth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12. The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

5

13. The Four Hundred Forty-Sixth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(5) and the Amended Omnibus Objection Procedures, claims that have been satisfied.

14. Each claim listed on **Exhibit A** hereto (collectively the "Satisfied Claims"), purports to assert liability for unpaid insurance premiums, which PREPA in fact paid directly to an insurance broker, who was responsible for remitting the premiums to each of the claimants, respectively. One claim purports to assert liability based on a transfer authorized by Law 57-2014, which required the Energy Commission of Puerto Rico (the "Energy Commission") to pay 10% of its receipts from PREPA to the claimant. Following PREPA's transfer of funds to the Energy Commission in May 2018, PREPA's liabilities to the claimant were satisfied, and the Energy Commission is responsible for remitting payment to the claimant. *See Order Granting the Two Hundred Twentieth Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Satisfied Claims* [ECF No. 16205]. PREPA's records therefore show that the liabilities associated with the Satisfied Claims have been fully paid by PREPA, as detailed in **Exhibit A** hereto. As a result, any failure to disallow the Satisfied Claims will result in the applicable claimants potentially receiving an unwarranted excess recovery against PREPA to the detriment of other stakeholders in the PREPA Title III Case. The holders of the Satisfied Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims have been satisfied. The Satisfied Claims, therefore, should be disallowed in their entirety.

15. In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Four Hundred Forty-Sixth Omnibus Objection (Non-Substantive) of the Puerto*

6

*Rico Electric Power Authority to Satisfied Claims*, dated April 1, 2022, attached hereto as **Exhibit B**.

## NOTICE

16. In accordance with the Amended Omnibus Objection Procedures, PREPA is providing notice of this Four Hundred Forty-Sixth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Forty-Sixth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Four Hundred Forty-Sixth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Four Hundred Forty-Sixth Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection. PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

17. This Four Hundred Forty-Sixth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Satisfied Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

18. No prior request for the relief sought in this Four Hundred Forty-Sixth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

Dated: April 1, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Puerto Rico Electric Power Authority*

9

**Fecha de la vista: 18 de mayo de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 2 de mayo de 2022, a las 16:00 (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>      como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                              Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con la AEE.** |

**CUADRINGENTÉSIMA CUADRAGÉSIMA SEXTA OBJECIÓN GLOBAL (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES SATISFECHAS**

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente cuadringentésima cuadragésima sexta objeción global (la "Cuadringentésima cuadragésima sexta objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, cada una de las cuales ha sido plenamente satisfecha. En apoyo de la Cuadringentésima cuadragésima sexta objeción global, la AEE manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A. **Órdenes de Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de mayo de 2018, a las 16:00 (AST).

B. AEE

5. La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

### C. Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

6. Hasta la fecha, se han radicado aproximadamente 177,944 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7. De las evidencias de reclamaciones radicadas, aproximadamente 4,543 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba*

4

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9. En aras del interés constante por resolver eficazmente cualquier evidencia de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

5

10. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 24 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE, la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

11. Esta Cuadringentésima cuadragésima sexta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13. La Cuadringentésima cuadragésima sexta objeción global pretende que se rechacen reclamaciones que han sido satisfechas, de conformidad con la regla 3007(d)(5) de las Reglas

6

Federales del Procedimiento de Quiebra o los Procedimientos Enmendados relativos a Objeciones Globales.

14. Cada reclamación que figura en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones Satisfechas"), pretende alegar responsabilidad por las primas de seguro no pagadas, que la AEE de hecho pagó directamente a un corredor de seguros quien fue responsable de remitir las primas a cada uno de los reclamantes, respectivamente. Una de las reclamaciones pretende alegar responsabilidad basada en una transferencia autorizada por la Ley 57-2014, que exige que la Comisión de Energía de Puerto Rico (la "Comisión de Energía") pagara el 10% de sus ingresos de la AEE al reclamante. Tras la transferencia de fondos de le AEE a la Comisión de Energía en mayo de 2018, las obligaciones de la AEE con el reclamante fueron satisfechas, y la Comisión de Energía es responsable de remitir el pago al reclamante. Sin embargo, los registros de la AEE muestran que las responsabilidades vinculadas con las Reclamaciones Satisfechas han sido pagadas en su totalidad por la AEE, según se explica con más detalle en el **Anexo A** del presente documento. En consecuencia, Si las Reclamaciones Satisfechas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación excesiva no justificada contra la AEE en detrimento de otras partes interesadas en el Caso de Título III de la AEE. Los titulares de las Reclamaciones Satisfechas no se verán perjudicados por el hecho de que se rechacen tales reclamaciones, puesto que las responsabilidades vinculadas con sus reclamaciones ya han sido satisfechas. Por lo tanto, las Reclamaciones Satisfechas deben ser rechazadas en su totalidad.

15. En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Cuadringentésima cuadragésima sexta objeción global (no sustantiva) de la*

7

*Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones Satisfechas*, de fecha 1 de abril de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, la AEE notifica la presente Cuadringentésima cuadragésima sexta objeción global a) a los acreedores individuales objeto de esta Cuadringentésima cuadragésima sexta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Cuadringentésima cuadragésima sexta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima cuadragésima sexta objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

17. Esta Cuadringentésima cuadragésima sexta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones Satisfechas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una

8

promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

18. No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima cuadragésima sexta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 1 de abril de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
Tel: (787) 751-6764
Fax: (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*