Hearing Date: **May 18, 2022, at 9:30AM (Atlantic Standard Time)**
Response Deadline: **May 2, 2022, at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br> Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**FOUR HUNDRED FORTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT ADR CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant

to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[2] file this four hundred forty-third omnibus objection (the "Four Hundred Forty-

Third Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto (collectively, the

"Claims to Be Disallowed"), because the Claims to Be Disallowed are deficient, and the claimants

associated with the Claims to Be Disallowed have not responded to outreach from the Debtors

seeking to obtain information necessary to reconcile the Claims to Be Disallowed and/or failed to

provide further information in support of the Claims to Be Disallowed.  In support of the Four

Hundred Forty-Third Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA

section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21,

2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections

104(j) and 206 and filed voluntary petitions for relief for ERS pursuant to PROMESA section

304(a), commencing cases under Title III thereof (respectively, the ""ERS Title III Case," and

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

together with the Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the

Court entered an order granting the joint administration of the Title III Cases for procedural

purposes only.  ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines*

*and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice*

*Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in

the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the

Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors,

the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and*

*(B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar

Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic

Time).

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment**

5.      November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico

Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title*

*III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended

Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court

considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of

the Plan on November 8-22, 2021.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No.
17 BK 3283-LTS.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No. 19784].

7.      January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved, (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.    The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.    Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.    To date, approximately 177,944 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.    Of the proofs of claim filed, approximately 117,364 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,355 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

13.    In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with

the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 24 hearings related to over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS.  Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

16.     This Four Hundred Forty-Third Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

6

**OBJECTIONS TO PROOFS OF CLAIM**

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus

objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus

Objection Procedures.

18.     The Four Hundred Forty-Third Omnibus Objection seeks to disallow in their

entirety, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended

Omnibus Objection Procedures, the Claims to Be Disallowed, as listed on **Exhibit A** hereto.  Each

of the Claims to Be Disallowed purports to assert obligations of the Debtors associated with a

litigation, but otherwise fails to provide sufficient information for the Debtors to determine

whether any liabilities are owed to the Debtors.  For example, certain of the Claims to Be

Disallowed identify a case number associated with a litigation or an administrative proceeding,

but do not explain whether the claimants associated with the Claims to Be Disallowed are parties

to that litigation or administrative proceeding, or otherwise explain why the proceeding may give

rise to liabilities owed to the claimants.  In other instances, certain of the Claims to Be Disallowed

allege that the relevant claimant is a party to a litigation, but the Claims to Be Disallowed do not

identify a case number or otherwise explain the nature or basis of the litigation or why that

litigation may give rise to liabilities owed.

19.     The Debtors have attempted to obtain information from the claimants associated

with the Claims to Be Disallowed (collectively, the "Claimants") on several occasions, but the

Claimants have not been responsive to the Debtors' outreach.  As described in the *Declaration of

Carla García Benítez in support of the Four Hundred Forty-Third Omnibus Objection

(Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico to Deficient ADR Claims*, attached hereto as

**Exhibit E**, counsel for the Oversight Board reached out to each of the Claimants via telephone and/or email, using the phone number and/or email address provided by the Claimants in their proofs of claim or supplemental documents.  However, the Claimants did not respond to counsel's outreach and/or failed to provide further information in support of the Claims to Be Disallowed.

20.     Further, each of the Claims to Be Disallowed was transferred into the ADR Procedures[4] through the *Twenty-First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 20241].  The Debtors mailed each claimant an Information Request, as authorized by section 2 of the ADR Procedures, seeking documentation and/or information necessary to enable the Debtors to reconcile the proofs of claim.  The Information Requests explained that each Claimant "shall provide additional documentation or information … within twenty-one (21) days following receipt of such Request," or no later than March 24, 2022.  ADR Procedures, § 2.  None of the Claimants of the Claims to Be Disallowed responded to the Information Requests.

21.     Because the Claims to Be Disallowed do not provide information sufficient to enable the Debtors to ascertain the nature or basis of the Claimants' claims, and because Claimants did not respond to either the Information Requests or to direct outreach from counsel for the Oversight Board and/or responded, but failed to provide information sufficient to enable the Debtors to ascertain the nature or basis of the Claimants' claims, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed.  The Claims to Be Disallowed are, therefore, deficient and should be disallowed.

---

[4] The Commonwealth, PREPA, HTA, ERS, and PBA were authorized to resolve general unsecured claims using the ADR Procedures by the approved by the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), entered on April 1, 2020.

22.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Forty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico To Deficient ADR Claims*, dated April 1, 2022, attached hereto as **Exhibit B**.

### NOTICE

23.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Four Hundred Forty-Second Omnibus Objection to (a) the individual creditors subject to this Four Hundred Forty-Second Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Four Hundred Forty-Second Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Four Hundred Forty-Second Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### RESERVATION OF RIGHTS

24.     This Four Hundred Forty-Second Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases

9

to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request

or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in

the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

25.      No prior request for the relief sought in this Four Hundred Forty-Second Omnibus

Objection has been made to this or any other court.


*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated: April 1, 2022
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and the Employees Retirement System for the Government of the Commonwealth of Puerto Rico*

11

Fecha de la vista: **18 de mayo de 2022, a las 9:30 (AST)**
Fecha límite para responder: **2 de mayo de 2022, a las 16:00 (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

### CUADRINGENTÉSIMA CUADRAGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DEFICIENTES DE ADR

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SER," y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta cuadringentésima cuadragésima tercera objeción global (la "Cuadringentésima cuadragésima tercera objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas") porque las Reclamaciones que han de ser rechazadas son deficientes y los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no han respondido a la comunicación de los Deudores en la que se trataba de obtener información necesaria para reconciliar las Reclamaciones que han de ser rechazadas y/o no proveyeron información adicional en apoyo a las Reclamaciones que han de ser rechazadas. En apoyo de la Cuadringentésima cuadragésima tercera objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

## **ANTECEDENTES**

**A.     Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando casos conforme al Título III de dicho cuerpo legal (respectivamente, el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de*

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

*reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]
(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo
dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

**B.   Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme
al Título III**

5.      El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA,
del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP")), el *Octavo Plan de
Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado
conforme al Título III,* (el "Octavo Plan de Ajuste"), y en su versión enmendada y modificada
posteriormente denominado, el "Plan") [ECF núm. 19053]. El Tribunal examinó la confirmación
del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los
días 8 y 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción
para la confirmación del Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de
Puerto Rico y otros elaborado conforme al Título III,* [ECF núm. 19517] y 2) *Orden sobre las
modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el
Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del
Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF
núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del
Tribunal, radicó un Plan revisado posteriormente. *Véase el Plan de Ajuste Conjunto Enmendado
del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III,* [ECF núm.
19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia
que confirman el Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico,*

*del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III*, [ECF núm. 19813].

8.      El 20 de enero de 2022, conforme el Título VI de PROMESA, el Tribunal aprobó, (a) la *Modificación Calificativa para la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Núm. 21-01493, ECF No. 72-1] (el "CCDA QM") y (b) la *Modificación Calificativa para la Autoridad para el Financiamiento de la Infraestructura del Gobierno de Puerto Rico* [Caso Núm. 21-01492, ECF No. 82-1] (el "PRIFA QM"), las cuales complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF núm. 20349].

10.      El CCDA QM y PRIFA QM también entraron en vigor el 15 de marzo de 2022. *Véase*, Caso Núm. 21-01493, ECF No. 74; Caso Núm. 21-01492, ECF No. 84.

**C.   Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.      Hasta la fecha, se han radicado aproximadamente 177,944 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.      De las evidencias de reclamaciones radicadas, aproximadamente 117,364 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA.

Aproximadamente 53,355 evidencias de reclamaciones han sido radicadas en relación con el SRE,

o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes

de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o

adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una

reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras

evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen

si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de

reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su

*Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

*objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba*

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.

4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los

"Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el

Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales

relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y*

*en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la

"Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 24 vistas relacionadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

16.     Esta Cuadringentésima cuadragésima tercera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     La Cuadringentésima cuadragésima tercera objeción global pretende que se rechacen en su totalidad, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, las Reclamaciones que han de ser rechazadas que figura en el **Anexo A** del presente documento. Cada una de las Reclamaciones que han de ser rechazadas pretende alegar obligaciones de los Deudores vinculadas con un litigio, pero no proporciona información suficiente para que los Deudores determinen adeudan alguna responsabilidad a los reclamantes. Por ejemplo, algunas de las Reclamaciones que han de ser rechazadas identifican un número de caso vinculado con un litigio o un procedimiento administrativo, pero no explican si los reclamantes vinculados con las Reclamaciones que han de ser rechazadas son partes en dicho litigio o procedimiento administrativo y tampoco explican por qué el procedimiento podría dar lugar a responsabilidades adeudadas por los Deudoras. En otras instancias, algunas de las Reclamaciones que han de ser rechazadas alegan que el reclamante pertinente es parte en un litigio, pero las Reclamaciones que han de ser rechazadas no identifican ningún número de caso ni explican de otro modo la naturaleza o fundamento del litigio, y tampoco explican por qué dicho litigio podría dar lugar a responsabilidades adeudadas.

19.     Los Deudores han intentado en numerosas ocasiones obtener información de los reclamantes vinculados con las Reclamaciones que han de ser rechazadas (conjuntamente, los "Reclamantes"), pero los Reclamantes no han respondido a las comunicaciones de los Deudores. Según se explica en la *Declaración de Carla García Benítez en apoyo de la Cuadringentésima cuadragésima tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Deficientes de ADR,* adjunta al presente documento como **Anexo E**, el abogado de la Junta de Supervisión se ha puesto en contacto con cada uno de los Reclamantes por teléfono y/o correo electrónico, utilizando el número de teléfono y/o la dirección de correo electrónico proporcionados por los Reclamantes en sus reclamaciones o documentos suplementarios. Sin embargo, los Reclamantes no han respondido a la comunicación del abogado y/o no proveyeron información adicional en apoyo a las Reclamaciones que han de ser rechazadas.

20.     Además, cada una de las Reclamaciones que han de ser rechazadas ha sido transferida a los Procedimientos alternativos de resolución de controversias ("ADR", por sus siglas en inglés)[4] mediante la *Vigésima primera notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF núm. 20241]. Los Deudores enviaron a cada reclamante por correo postal una Solicitud de Información, conforme a lo autorizado por la sección 2 de los Procedimientos de ADR, en la que solicitaban documentación y/o información necesarias para que los Deudores pudieran reconciliar las evidencias de reclamaciones. Las Solicitudes de Información explicaban que cada Reclamante "proporcionará documentación o información

---

[4] El ELA, la AEE, la ACT, el SRE y la AEP han sido autorizados a resolver reclamaciones generales no garantizadas utilizando los Procedimientos de ADR por la Orden aprobada que *A) autoriza los procedimientos de resolución alternativa de controversias, B) aprueba una forma adicional de notificación y C) concede el remedio relacionado* [ECF núm. 12576] la "Orden de ADR"), adoptada el 1 de abril de 2020.

adicionales... dentro de veintiún (21) días desde la recepción de tal Solicitud", o antes del 24 de marzo de 2022 a más tardar. Procedimientos de ADR, § 2. Ninguno de los Reclamantes ha respondido a las Solicitudes de Información.

21.     Puesto que las Reclamaciones que han de ser rechazadas no proporcionan suficiente información para que los Deudores comprendan la naturaleza o el fundamento de las reclamaciones de los Reclamantes, y como los Reclamantes no han respondido ni a las Solicitudes de Información ni a las comunicaciones directas enviadas por el abogado de la Junta de Supervisión y/o no proveyeron información adicional en apoyo a las Reclamaciones que han de ser rechazadas, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas. En consecuencia, las Reclamaciones que han de ser rechazadas son deficientes y deben rechazarse.

22.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima cuadragésima tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Deficientes de ADR*, de fecha 1 de abril de 2022, adjunta al presente como **Anexo B**.

<u>**NOTIFICACIÓN**</u>

23.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Cuadringentésima cuadragésima segunda objeción global a) a los acreedores individuales objeto de esta Cuadringentésima cuadragésima segunda objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Cuadringentésima

cuadragésima segunda objeción global se adjunta al presente como **Anexo C**. Las traducciones al

español de la Cuadringentésima cuadragésima segunda objeción global y de la totalidad de los

anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes.

Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar

ninguna otra notificación.

## RESERVA DE DERECHOS

24.     Esta Cuadringentésima cuadragésima segunda objeción global se limita a los

motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos

de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de

Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras

reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el

derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el

presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni

se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de

cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los

Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar

cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o

requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir

cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del

Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de

cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código

de Quiebras o cualquier otra normativa legal aplicable.

## **<u>AUSENCIA DE SOLICITUDES PREVIAS</u>**

25.     No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima cuadragésima segunda objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*.]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 1 de abril de 2022
        San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico*