**Hearing Date: May 18, 2022 at 9:30AM (Atlantic Time)**
**Response Deadline: May 2, 2022 at 4:00PM (Atlantic Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

---

### FOUR HUNDRED FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS FOR WHICH PREPA IS NOT LIABLE

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this four hundred forty-fifth omnibus objection (the "Four Hundred Forty-Fifth Omnibus Objection") seeking to disallow in their entirety claims for which PREPA is not liable because they have been partially paid by PREPA, PREPA is not liable for any remaining amount, as set forth on **Exhibit A** hereto.  In support of the Four Hundred Forty-Fifth Omnibus Objection, PREPA respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6,

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      PREPA**

5.      PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

C.        **Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.        To date, approximately 177,944 proofs of claim have been filed against the Debtors

and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in

asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.        Of the proofs of claim filed, approximately 4,543 have been filed in relation to, or

reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders,

many of these claims need not have been filed at all, or suffer from some other flaw, such as being

subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative

of other proofs of claim, or failing to provide information necessary for the Debtors to determine

whether the claim is valid.

8.        To efficiently resolve as many of the unnecessary proofs of claim as possible, on

October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A)

Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy

Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures

Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order

dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B)

Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF

No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus

Objection Procedures").  On November 29, 2018, the Court approved English and Spanish

versions of the forms of notice for omnibus objections to be filed in accordance with the Initial

Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the

Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.      Pursuant to the Initial Omnibus Objection Procedures and the Amended Omnibus Objection Procedures, the Court has held over 24 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, the Puerto Rico Public Buildings Authority ("PBA") and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date, approximately 100,000 claims, asserting over $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings.

11.      This Four Hundred Forty-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

12.    The Amended Omnibus Objection Procedures allow PREPA to file an omnibus

objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus

Objection Procedures.  Claims that are "unenforceable against the debtor and property of the

debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).

Additionally, Federal Rule of Bankruptcy Procedure 3007(d)(5) provides for objections to claims

on the basis that the claims have been satisfied.

13.    In accordance with Federal Rule of Bankruptcy Procedure 3007(d)(5) and the

Amended Omnibus Objection Procedures, the Four Hundred Forty-Fifth Omnibus Objection seeks

to disallow each of the proofs of claim listed on Exhibit A hereto (collectively, the "Claims to Be

Disallowed").  As to each of the Claims to Be Disallowed, PREPA has satisfied a portion of the

claim, and PREPA is not liable for any remaining asserted amounts either due to tax withholdings

or amounts not authorized by contract.

14.    Claims that are "unenforceable against the debtor and property of the debtor, under

any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1).  Each of the Claims

to Be Disallowed purports to assert liability based on a contract entered into by PREPA and/or an

invoice issued by the claimant.  PREPA's records, however, show that a portion of the liabilities

associated with each of the Claims to Be Disallowed has been paid, as detailed in Exhibit A hereto.

15.    Further, PREPA's books and records reflect that PREPA is not liable for any

remaining portions of the Claims to Be Disallowed.  For example, the remaining portions of one

Claim to Be Disallowed asserts liabilities arising from contracts subject to the 1.5% tax

contribution mandated by Law 48-2013, which imposed a special contribution of 1.5% on the

value of contracts for professional and consulting services.  In accordance with Act No. 48-2013,

6

PREPA withholds these taxes at the point of payment for qualifying services and remits the proceeds to the Puerto Rico Treasury Department quarterly. Together, the remaining portions of this Claim to Be Disallowed reflects 1.5% reductions in the amount owed to claimant pursuant to the special contribution authorized by Law 48-2013.

16.     In another instance, the Claim to Be Disallowed asserts deposit amounts allegedly owed by PREPA and the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), respectively; however, PREPA is not liable for two reasons. First, the asserted amounts are overstated on the claims registry because of the manner in which Prime Clerk, LLC records and logs proofs of claim. Specifically, Box 8 of the proof of claim form requests claimants provide the total amount of the claim. Other portions of the claim form allow claimants to indicate whether they believe all or a portion of their claims are entitled to secured status or priority. For example, Box 10 allows claimants to indicate whether they believe all or a part of their claim is secured, and if so, the amount of the claim that is secured and the amount that is unsecured; and Box 13 allows claimants to indicate whether all or part of the claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9), and if so, the amount of the claim entitled to administrative priority treatment. With respect to the Claim to Be Disallowed, the claimant entered the total amount they believe is owed in Box 8, but also entered the total amount owed in Boxes 10 and 13. When Prime Clerk, LLC logged the Claims to Be Reclassified on the Title III claims registry, it interpreted each amount entered in Boxes 8, 10, and 13 as a separate assertion of liability. As a result, the claims registry reflects that the Claim to Be Disallowed asserts an amount, $6,346.28, which is double the actual liabilities asserted in the proof of claim, as demonstrated by the total amount, $3,173.14, identified by the claimant in Box 8. Second, PREPA's books and records show that PREPA

returned the creditor's $2,867.23 deposit in 2020.  Accordingly, any remaining amount due with respect to the claim is PRASA's responsibility.

17.     Additionally, the remaining portion of one of the Claims to Be Disallowed asserts liabilities from work conducted without PREPA's consent in violation of the contract between PREPA and the claimant.  As set forth in the supporting documentation attached to the claimant's proof of claim, the contract provided that the total value was "not to exceed" $140,616.20 and "no modifications, changes or substitutions . . . or extra charges of any kind . . . will be recognized unless authorized by Buyer [i.e., PREPA] in writing."  Because the remaining portion of this Claim to Be Disallowed reflects liabilities asserted in excess of the agreed upon amount, PREPA is not liable for the asserted amount.  *Slavens v. U.S.*, 196 U.S. 229, 238 (1905) (holding the United States Postmaster General not liable for payment for services performed where such services were expressly outside the terms of the contract).  Accordingly, PREPA is not liable for the remaining portions, and the Claims to Be Disallowed should be disallowed in their entirety.

18.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Four Hundred Forty-Fifth Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Claims for which PREPA Is Not Liable*, dated April 1, 2022, attached hereto as **Exhibit B**.

### NOTICE

19.     In accordance with the Amended Omnibus Objection Procedures, PREPA is providing notice of this Four Hundred Forty-Fifth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Forty-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Four Hundred Forty-Fifth Omnibus

Objection is attached hereto as **<u>Exhibit C</u>**.  Spanish translations of the Four Hundred Forty-Fifth

Omnibus Objection and all of the exhibits attached hereto are being filed and served with this

objection.  PREPA submits that, in light of the nature of the relief requested, no other or further

notice need be given.

## <u>RESERVATION OF RIGHTS</u>

20.    This Four Hundred Forty-Fifth Omnibus Objection is limited to the grounds stated

herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other

party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other claims

on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural

objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or

should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a

waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to

pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or

lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under

PROMESA, the Bankruptcy Code or any other applicable law.

## <u>NO PRIOR REQUEST</u>

21.    No prior request for the relief sought in this Four Hundred Forty-Fifth Omnibus

Objection has been made to this or any other court.

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of

the proposed order attached hereto as **<u>Exhibit D</u>**, (1) granting the relief requested herein, and (2)

granting PREPA such other and further relief as is just.


*[Remainder of page intentionally left blank.]*

9

Dated: April 1, 2022
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944


/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*

Fecha de la vista: 18 de mayo de 2022, a las 9:30 (AST)
Fecha límite para responder: 2 de mayo de 2022, a las 16:00 (AST)

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

**CUADRINGENTÉSIMA CUADRAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES POR LAS QUE LA AEE NO ES RESPONSABLE**

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta cuadringentésima cuadragésima quinta objeción global (la "Cuadringentésima cuadragésima quinta objeción global") en la que se solicita que se rechacen en su totalidad reclamaciones por las que la AEE no es responsable porque la AEE ha pagado en parte dichas reclamaciones o la AEE no es responsable por ningún monto restante, conforme a lo expuesto en el **Anexo A** del presente documento. En apoyo de la Cuadringentésima cuadragésima quinta objeción global, la AEE manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

"Caso de Título III del ELA").  El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de
Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de
PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a)
de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título
III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre
de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos
de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije
fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y
la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la
*Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B)
aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha
Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas
límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título
III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los
Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar
evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]
(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo
dichas fechas límite hasta el 29 de junio de 2018, a las 16:00  (AST).

**B.      AEE**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia
a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

5.      La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3.  La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

## C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

6.      Hasta la fecha, se han radicado aproximadamente 177,944 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 4,543 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

4

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba*

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.

4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los

"Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el

Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales

relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y*

*en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la

"Orden de Notificación").

9.       En aras del interés constante por resolver eficazmente cualesquiera evidencias de

reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a

procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que

pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de*

*vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a*

*Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado*

[ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio

de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)*

*exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los
"Procedimientos Enmendados relativos a Objeciones Globales").

10.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los
Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 24
vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la
Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de
Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE, la Autoridad de Edificios Públicos
de Puerto Rico (la "AEP") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado
Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal
dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban más de $43
billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE han sido
rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos
radicados conforme al Título III.

11.     Esta Cuadringentésima cuadragésima quinta objeción global se radica de
conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

### OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la
AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las
bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.   Las
reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier
contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Además, la
regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of*

*Bankruptcy Procedure*) permite oponerse a reclamaciones sobre la base de que las reclamaciones han sido satisfechas.

13.     De conformidad con la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, la Cuadringentésima cuadragésima quinta objeción global busca que se rechace cada una de las evidencias de reclamaciones que figura en el Anexo A del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas"). En cuanto a las Reclamaciones que han de ser rechazadas, la AEE ha satisfecho una parte de la reclamación, y la AEE no es responsable por ningún monto restante alegado a raíz de retenciones de impuestos o montos no autorizados mediante un contrato.

14.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada Reclamación que ha de ser rechazada pretende alegar responsabilidad sobre la base de un contrato celebrado por la AEE y/o una factura emitida por el reclamante. Sin embargo, la AEE señala que una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser rechazadas ha sido pagada, según se explica con más detalle en el Anexo A del presente documento.

15.     Además, los libros y registros de la AEE reflejan que la AEE no es responsable por ninguna parte restante de las Reclamaciones que han de ser rechazadas. Por ejemplo, las partes restantes de una Reclamación que ha de ser rechazada alegan responsabilidades surgidas de contratos que quedan sujetos a una contribución fiscal del 1.5% dispuesta por la Ley 48-2013 que impuso una aportación especial del 1.5% sobre el valor de los contratos relativos a servicios profesionales y de consultoría. De conformidad con la Ley núm. 48-2013, la AEE retiene dichos

impuestos en el momento de realización del pago por servicios calificados y remite trimestralmente

dichos fondos al Departamento de Hacienda de Puerto Rico. Juntas, las partes restantes de esta

Reclamación que ha de ser rechazada reflejan una reducción del 1.5% en los montos adeudados al

reclamante conforme a la aportación especial autorizada por la Ley 48-2013.

16.     En otro caso, la Reclamación a Ser Rechazada solicita depósitos que alegan PREPA

y la Autoridad de Acueductos y Alcantarillados de Puerto Rico ("PRASA") adeudan,

respectivamente; no obstante, PREPA no es responsable por dos razones. Primero, los montos

reclamados son exagerados en el registro de reclamaciones debido a la manera en que Prime Clerk,

LLC registra las pruebas de reclamaciones. Específicamente, el Recuadro 8 del formulario de la

prueba de reclamación solicita a los reclamantes que provean el monto total de la reclamación.

Otras porciones del formulario de prueba de la reclamación permiten a los reclamantes indicar si

entienden que toda o una porción de su reclamación tiene derecho a estatus garantizado o prioridad.

Por ejemplo, el Recuadro 10 permite a los reclamantes indicar si entienden que todo o una parte

de su reclamo es garantizado, y si lo es, el monto del reclamo que es garantizado y el monto que

es no garantizado; y el Recuadro 13 permite a los reclamantes indicar que si todo o parte del

reclamo tiene derecho a prioridad administrativa conforme 11 U.S.C. § 503(b)(9), y si lo tiene, el

monto del reclamo que tiene derecho a ser tratado con prioridad administrativa. Con relación a la

Reclamación a ser Rechazada, el reclamante ingresó el monto total que entiende que se le debe en

el Recuadro 8, pero también ingresó el monto total adeudado en los Recuadros 10 y 13. Cuando

Prime Clerk, LLC registró las Reclamaciones a ser Reclasificadas en el registro de reclamaciones

de Título III, interpretó que cada cantidad ingresada en los Recuadros 8, 19 y 13 como una

aseveración separada de responsabilidad. Como resultado, el registro de reclamaciones refleja que

la Reclamación a ser Rechazada solicita un monto, $6,346.28, que es el doble de la responsabilidad

real afirmada en la prueba de reclamación, según demuestra el monto total, $3,173.14, identificado por el reclamante en el Recuadro 8. Segundo, los libros y récords de PREPA demuestran que PREPA devolvió el depósito de $2,867.23 del acreedor en el 2020. Por lo tanto, cualquier monto restante adeudado con respecto a la reclamación es responsabilidad de PRASA.

17.    Asimismo, la parte restante de una de las Reclamaciones que han de ser rechazadas alega responsabilidades surgidas de una obra realizada sin el consentimiento de la AEE, lo cual es contrario al contrato entre la AEE y el reclamante. Como se expone en la documentación justificativa adjunta a la evidencia de reclamación del reclamante, el contrato disponía que el valor total "no superará" los $140,616.20 y que "no se admitirán modificaciones, cambios ni sustituciones. . . ni cambios adicionales de ningún tipo. . .  salvo que el Comprador [esto es, la AEE] los autorice por escrito". Puesto que la parte restante de esta Reclamación que ha de ser rechazada refleja responsabilidades alegadas por encima del monto acordado, la AEE no es responsable por el monto alegado. *Slavens c. U.S.*, 196 U.S. 229, 238 (1905) (donde se concluye que el director general de correos (Postmaster General) no tiene responsabilidad de realizar el pago por unos servicios prestados cuando dichos servicios quedaban expresamente fuera del ámbito de las condiciones del contrato). En consecuencia, la AEE no es responsable por las partes restantes, y las Reclamaciones que han de ser rechazadas deben ser rechazadas en su totalidad.

18.    En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Cuadringentésima cuadragésima quinta objeción global (sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones por las que la AEE no es responsable*, de fecha 1 de abril de 2022, adjunta al presente como **Anexo B**.

**NOTIFICACIÓN**

19.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, la AEE notifica la presente Cuadringentésima cuadragésima quinta objeción global a) a

9

los acreedores individuales objeto de esta Cuadringentésima cuadragésima quinta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Cuadringentésima cuadragésima quinta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima cuadragésima quinta objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

### RESERVA DE DERECHOS

20.     Esta Cuadringentésima cuadragésima quinta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los

Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

21.    No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima cuadragésima quinta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.


*[El resto de la página se deja en blanco intencionadamente.]*

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 1 de abril de 2022
     San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*