**Hearing Date: May 18, 2022 at 9:30AM (Atlantic Standard Time)**
**Response Deadline: May 2, 2022 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

### FOUR HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO DEFICIENT CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this four hundred forty-seventh omnibus objection (the "Four Hundred Forty-Seventh Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, which fail to provide a basis for the asserted claims, and in support of the Four Hundred Forty-Seventh Omnibus Objection respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders in the Title III Case**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] [3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     PREPA**

5.     PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.     To date, approximately 177,944 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

7.      Of the proofs of claim filed, approximately 4,543 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus*

4

*Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held 24 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), PREPA, and/or the Puerto Rico Public Buildings Authority ("<u>PBA</u>").  Based upon rulings and orders of the Court to date, approximately 100,000 claims, asserting over $43 trillion in liability against the Commonwealth, HTA, COFINA, PBA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11.     This Four Hundred Forty-Seventh Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTION TO PROOFS OF CLAIM

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The Four Hundred Forty-Seventh Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus

Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims"). Each of the Deficient Claims failed to comply with the applicable rules for filing a claim by not providing a basis for asserting the claim against PREPA or any other Title III Debtor.

14.     Each of the Deficient Claims purports to be based on obligations owed to the applicable claimant by PREPA, but either (i) fails to provide any information identifying the nature or source of the obligations or explaining why PREPA or any other Title III Debtor is liable to the claimant, or (ii) identifies the nature or source of the obligation, but fails to explain how PREPA or any other Title III Debtor is liable to the claimant. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims.

15.     On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order, ¶ 3.

16.     Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient." *Id*.

17.     In accordance with the Authorized Mailings Order, the Debtors sent at least one letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order, to each claimant

subject to this Four Hundred Forty-Seventh Omnibus Objection (the "Mailing"). Each Mailing provided, in relevant part:

> Additional information is required in order for the Debtors to continue with assessing your claim. The Debtors are unable to determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors. In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim. The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to assert, so please provide more detail and do not simply copy over the same information.

*See* ECF No. 8453-1 at 2, 7.

18. The Mailings received by the claimants subject to this Four Hundred Forty-Seventh Omnibus Objection directed the claimants to respond within thirty days. *See id*. Furthermore, the Mailings cautioned the Claimants that "[i]f you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim." *Id.*

19. All of the Claimants identified in Exhibit A either (a) failed to respond to the Mailings, or (b) responded to the Mailings, but their responses (collectively, the "Returned Deficient Mailings") still failed to provide PREPA with the information necessary to reconcile the Deficient Claims. In each instance, the Returned Deficient Mailings still failed to provide information sufficient to enable the Debtors to understand the nature or basis for the claim or why the claimant believes PREPA is responsible for the asserted liabilities. Accordingly, PREPA is

unable to reconcile or determine the validity of the Deficient Claims.[4]  The Deficient Claims should therefore be disallowed in their entirety.

20.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Four Hundred Forty-Seventh Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Deficient Claims*, dated April 1, 2022, attached hereto as **Exhibit B**.

## NOTICE

21.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Four Hundred Forty-Seventh Omnibus Objection to (a) the individual creditors subject to this Four Hundred Forty-Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Four Hundred Forty-Seventh Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Four Hundred Forty-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22.     This Four Hundred Forty-Seventh Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Deficient Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve

---

[4] At the January 29, 2020 omnibus hearing, the Court asked the Debtors to provide a simplified response form that Claimants could use to provide the Debtors with the information needed to process their claims.  That form has been created and is attached hereto as **Exhibit E**.

all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

23.     No prior request for the relief sought in this Four Hundred Forty-Seventh Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, PREPA respectfully requests entry of an order, substantially in the form

of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and

(2) granting PREPA such other and further relief as is just.

Dated: April 1, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*

**Fecha de la vista: 18 de mayo de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 2 de mayo de 2022, a las 16:00 (AST)**

---

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
> DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>　　　como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>　　　　　　　　　　　　　　Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

---

### CUADRINGENTÉSIMA CUADRAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL
### (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO
### RICO A RECLAMACIONES DEFICIENTES

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta cuadringentésima cuadragésima séptima objeción global (la "Cuadringentésima cuadragésima séptima objeción global") a las evidencias de reclamaciones que figuran en el **Anexo A** del presente documento, que no proporcionan un fundamento para las reclamaciones alegadas, y en apoyo de la Cuadringentésima cuadragésima séptima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.     Órdenes de Fecha Límite en el Caso de Título III**

3.     El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] [3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

**B.     AEE**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

5.      La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3.  La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.      Hasta la fecha, se han radicado aproximadamente 177,944 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 4,543 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales
mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba
procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la
regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.
4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los
"Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el
Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a
las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales
relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y
en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la
"Orden de Notificación").

9.      En aras del interés constante por resolver eficazmente cualquier evidencia de
reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a
procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar
objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que
pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de
vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a
Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de
Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado*
[ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio
de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)
exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

5

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado 24 vistas y dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la AEE y/o la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban más de $43,59 billones en responsabilidad contra el ELA, la ACT, COFINA, la AEP, la AEE y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

11. Esta Cuadringentésima cuadragésima séptima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIÓN A EVIDENCIAS DE RECLAMACIONES

12. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13. La Cuadringentésima cuadragésima séptima objeción global pretende que se rechace, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las

evidencias de reclamaciones que figura en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones Deficientes"). Ninguna de las Reclamaciones Deficientes cumplió con las normas aplicables a la radicación de reclamaciones al no proporcionar una base para alegar la reclamación contra la AEE o cualquier otro Deudor de Título III.

14.     Cada una de las Reclamaciones Deficientes alega estar basada en obligaciones de la AEE ante el correspondiente reclamante, pero, o bien i) no ha proporcionado ninguna información que identifique la naturaleza o fuente de las obligaciones o que explique por qué la AEE o cualquier otro Deudor de Título III son responsables ante el reclamante, o bien ii) ha identificado la naturaleza o fuente de la obligación, pero no ha explicado por qué la AEE o cualquier otro Deudor de Título III son responsables ante el reclamante. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes.

15.     El 13 de agosto de 2019, el Tribunal dictó la Orden que concedió parcialmente y levantó parcialmente la *Moción de los Deudores para dictar una orden que A) autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF núm. 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores enjuiciar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

16.     Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán derecho a oponerse a la reclamación como deficiente". *Id.*

17.     De conformidad con la Orden de Envío Autorizado, los Deudores han enviado al menos una carta a cada reclamante con sujeción a la presente Cuadringentésima cuadragésima séptima objeción global esencialmente en formato que se adjunta al presente documento como Anexo 1 (el "Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

> Se requiere información adicional para que los Deudores sigan examinando su reclamación. Los Deudores no pueden determinar a partir de la información que usted proporcionó cuál es la base de la reclamación que trata de alegar contra uno o más Deudores. Al responder a esta carta, rogamos se asegure de proporcionar toda la información solicitada, así como tantos detalles como sea posible aportar sobre su reclamación. Las descripciones que incorporó en su evidencia de reclamación eran demasiado vagas para que los Deudores comprendieran la reclamación que usted trata de alegar, de manera que rogamos proporcione más detalles y no se limite simplemente a copiar la misma información.

*Véase* ECF núm. 8453-1 en 2 y 7.

18.     Los Envíos recibidos por los reclamantes con sujeción a la presente Cuadringentésima cuadragésima séptima objeción global exigían a los reclamantes responder en un plazo de 30 días. *Véase id.* Además, en los Envíos se advertía a los Reclamantes de que "[s]i no responde a esta solicitud y no proporciona la información y la documentación requeridas para justificar su reclamación, es posible que los Deudores se vean en la obligación de oponerse a su reclamación." *Id.*

19.     Todos los Reclamantes identificados en el Anexo A o bien a) no han respondido a los Envíos, o bien b) respondieron a los Envíos pero sus réplicas (conjuntamente, los "Envíos Deficientes Devueltos") aun así no han proporcionado a la AEE la información necesaria para reconciliar las Reclamaciones Deficientes. En cada instancia, los Envíos Deficientes Devueltos tampoco han proporcionado suficiente información para que los Deudores comprendan la naturaleza o el fundamento de la reclamación o el motivo por el que el reclamante considera que

la AEE tiene las responsabilidades alegadas. En consecuencia, la AEE no puede determinar ni reconciliar la validez de las Reclamaciones Deficientes.[4]   Por lo tanto, las Reclamaciones Deficientes deben ser rechazadas en su totalidad.

20.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Cuadringentésima cuadragésima séptima objeción global (no sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones Deficientes*, de fecha 1 de abril de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

21.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Cuadringentésima cuadragésima séptima objeción global a) a los acreedores individuales objeto de esta Cuadringentésima cuadragésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación de la Cuadringentésima cuadragésima séptima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima cuadragésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

---

[4] Durante la vista global celebrada el 29 de enero de 2020, el Tribunal solicitó a los Deudores que proveyeran un formulario de respuesta simplificado que los Reclamantes pudieran utilizar para proporcionar a los Deudores la información necesaria para procesar sus reclamaciones. El formulario ha sido creado y se adjunta al presente documento como **Anexo E**.

**RESERVA DE DERECHOS**

22.     Esta Cuadringentésima cuadragésima séptima objeción global se limita a los
motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos
de los Deudores a objetar a las Reclamaciones Deficientes o a cualesquiera otras reclamaciones
sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a
radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente
documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se
interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de
cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que
asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren;
c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una
solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la
petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los
derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier
otra normativa legal aplicable.

**AUSENCIA DE SOLICITUDES PREVIAS**

23.     No se ha radicado ninguna solicitud de remedio previa a la presente
Cuadringentésima cuadragésima séptima objeción global ni ante este Tribunal ni ante ningún otro
órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en
la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el
remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros
remedios que se consideren justos.

Fecha:  1 de abril de 2022
     San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*