UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO <u>et al.</u>,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

<u>Order Establishing the Terms and Conditions of Mediation</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

On April 8, 2022, the Court entered an order (the "Appointment Order")[2] appointing a Mediation Team comprising the Honorable Shelley C. Chapman as lead mediator (the "Lead Mediator"), the Honorable Robert D. Drain, and the Honorable Brendan L. Shannon to facilitate confidential negotiations among the Mediation Parties (and any other Mediation Party added in the Mediation Team's discretion) regarding the Mediation Topics (the "Mediation"). The Appointment Order recognized that the parameters of the Mediation would be set forth in this order (this "Order") establishing the terms and conditions of the Mediation. As the Court determined in the Appointment Order, the prompt resolution of the Mediation Topics is of critical importance to this case; and the facilitation of such negotiations by the Mediation Team under the terms of this Order being in the best interests of the parties in interest, and the Court having jurisdiction to consider and enter this Order pursuant to section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[3] no further notice or a hearing being required, and, after due deliberation, good and sufficient cause appearing, in furtherance of the agreed Mediation it is hereby ORDERED that:

1. The Mediation Team shall in the exercise of its discretion facilitate the Mediation Parties' negotiation of the Mediation Topics; provided, that the Mediation Parties are authorized to negotiate among themselves without the Mediation Team's direct involvement; provided, further, that (a) on or before **April 12, 2022** the Mediation Parties shall consult, either together or separately, with the Lead Mediator on their contemplated process for negotiating the Mediation Topics (including as it pertains to the Mediation Parties' authorized representatives) within the

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Appointment Order.

[3] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers in this Order are to the uncodified version of the legislation.

parameters of this Order and (b) the Mediation Team is authorized and empowered to determine the procedures to govern the Mediation in its sole discretion, so long as such procedures are consistent with the terms of this Order in all material respects, including procedures to facilitate negotiations with its direct involvement. In furtherance of the foregoing, any Mediation Party is authorized to communicate separately with the Lead Mediator, including as to whether the present process for conducting negotiations regarding the Mediation Topics should be revised within the terms of this Order.

2. The Mediation Parties shall in all instances consult with the Mediation Team through the Lead Mediator, including whenever this Order refers to Mediation Parties' consultation with the Mediation Team; provided, that the Lead Mediator and the Mediation Team may exercise their discretion to delegate a particular member or members of the Mediation Team to perform any function of the Mediation Team, including a consultation function.

3. Unless, in the determination of the Mediation Team, a resolution has been reached in the Mediation before such time, the Mediation shall terminate on **June 1, 2022**, at **11:59 p.m. (Atlantic Standard Time)** (the "Termination Date"); provided, that the Mediation Team may extend the Termination Date based on its assessment of the material progress of the Mediation but in no event shall extend the Termination Date beyond **July 1, 2022**, at **11:59 p.m. (Atlantic Standard Time)** without this Court's approval after notice of such proposed extension to parties in interest; provided, further that the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting terms;

4. Unless otherwise directed by the Mediation Team, each of the Mediation Parties, including a representative subset of their respective principals, attorneys, and advisors that can participate and make recommendations on behalf of the applicable Mediation Party, shall attend

and participate in Mediation sessions. For the avoidance of doubt, nothing in this Order seeks to delegate the ultimate decision-making authority on any potential resolution of the Mediation from a particular Mediation Party to a representative subset; provided, however, that any settlement agreement(s) involving any Mediation Party reached through Mediation shall be subject to the provisions of paragraph 7 hereof. The Mediation Team, after consultation with the Mediation Parties, may require that each Mediation Party participating in a Mediation session appear or participate with at least one principal. For the avoidance of doubt, the selection of that principal shall be left in the first instance to the discretion of the applicable Mediation Party; provided, however, that the Mediation Team shall have discretion to require participation in the Mediation by such individual or individuals as the Mediation Team directs.

5.  Additional parties in interest other than the Mediation Parties (the "Additional Parties") may participate voluntarily in the Mediation in response to a request from the Mediation Team or further order of this Court. The Mediation Team may request that the Court order any Additional Parties to attend the Mediation, and nothing herein limits any Mediation Party's rights with respect to the ability to make such a request of the Court. The Court's determination of such request will be based on its assessment of whether granting such request will facilitate resolution of the Mediation Topics. In such event, appropriate notice and a hearing shall be provided. All Additional Parties shall become subject to all of the provisions of this Order.

6.  In each case except as provided in paragraphs 3, 5, and 15 hereof, the Mediation Team[4] shall have no communication with the Court relating to the substance of the Mediation or

---

[4] When used in this paragraph "Mediation Team" includes not only the Mediation Team but also each member of the Mediation Team and the Mediation Team's and its members' judicial clerks, court staff, and financial advisor.

positions taken during the Mediation, and the Mediation Team shall not disclose whether a verbal agreement was reached or a Mediation Party has refused to execute a definitive written settlement agreement. The Mediation Team shall have no obligation to make written comments or recommendations. Except as provided in paragraph 15, the Mediation Team shall not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding, nor shall any Mediation Party, any Additional Party, or any other party in interest: (a) call or subpoena the Mediation Team as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediation Team may have about the Mediation Parties, or their respective positions, in the Mediation, (b) subpoena any notes, documents or other materials prepared by the Mediation Team in connection with the Mediation, or (c) offer any statements, views or opinions of the Mediation Team in connection with any proceeding, including, without limitation, any pleading or other submission to any court.

7.  Subject to paragraph 4 hereof, (a) no party shall be bound by anything said or done during the Mediation unless a Mediation Party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediation Team and the Mediation Parties, and (b) the results of the Mediation are non-binding unless the Mediation Parties that agree to be so bound otherwise agree; provided however, that any settlement agreement(s) reached through Mediation reduced to writing and signed shall be as binding against each signatory as resolutions reached through litigation, subject, with respect to PREPA, to any necessary Court approval.

8.  All communications made by and all submissions prepared by a Mediation Party in connection with the Mediation, including but not limited to: (a) discussions among any of the Mediation Parties during the course of the Mediation, including discussions with or in the

presence of the Lead Mediator or any other member of the Mediation Team, (b) Mediation statements and any other documents or information provided to the Mediation Team or the Mediation Parties in the course of the Mediation, and (c) all correspondence, settlement proposals, counterproposals, term sheets, and offers of compromise produced for, as a result of, or in connection with the Mediation (collectively, the "Settlement Proposals") shall remain confidential and shall not be made available to the public or considered a part of the Court record; provided however, that (i) the party making any such Settlement Proposal may agree to the disclosure of such Settlement Proposal pursuant to a confidentiality agreement or otherwise, and (ii) nothing in this Order limits the ability of any Mediation Party to speak publicly (whether through court pleadings, court statements or otherwise) regarding issues in this case; provided, that doing so does not disclose confidential Mediation exchanges, data or discussions regarding Settlement Proposals or responses thereto. The materials and information described in each of the foregoing clauses (a) through (c), unless authorized to be disclosed by the Mediation Party providing such materials and information: (i) shall be protected from disclosure (and shall not be disclosed) to any other Mediation Party or to any other person or party who is not a Mediation Party (including holders of claims for which the Mediation Party is acting in a representative, agent or trustee capacity to the extent such holders are not themselves Mediation Parties) except in accordance with this Order or an applicable confidentiality agreement, (ii) shall not (to the fullest extent contemplated by Federal Rule of Civil Procedure 502(d) and Applicable Rules Governing ADR (defined below)) constitute a waiver of any existing privileges and immunities, (iii) shall not be used for any purpose other than the Mediation, (iv) shall be subject to protection under Rules 408 and 502(d) of the Federal Rules of Evidence and any equivalent or comparable state law, other federal law or Federal Rule, Local Rule or Federal Appellate Rule (collectively,

"Applicable Rules Governing ADR"), or any common law mediation privilege, and (v) except for the sole purpose of enforcing in the Court a settlement agreement reached in this Mediation, shall not be admissible for any purpose in any judicial or administrative proceeding unless they otherwise have become, or become, public without any breach of this Mediation Order.

9. The Mediation Parties and their counsel and advisors shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, or Settlement Proposal (subject to paragraph 8 hereof) that may be made or provided in connection with the Mediation; provided, however, that nothing in this Order shall prevent a Mediation Party from sharing with the Mediation Team, and thereafter disclosing, to the extent not prohibited by a separate confidentiality agreement, any draft pleadings, any potential legal arguments such Mediation Party may raise in this case, reports of its own experts, any document produced or obtained in discovery, any information that is, was, or becomes available to a Mediation Party outside of the Mediation, such Mediation Party's own work product or materials, or other pleadings filed or to be filed by such Mediation Party with a court of competent jurisdiction.

10. Notwithstanding anything in this Order to the contrary, nothing in this Order shall prevent a Mediation Party from disclosing information revealed during the Mediation to the extent such disclosure is required, or as may be required or requested, by a governmental or regulatory entity with oversight or other authority over such Mediation Party, that is within the oversight or other authority of such governmental or regulatory entity, or required by statute or court order or other legal or regulatory requirements applicable to such Mediation Party; provided, however, that if such Mediation Party is requested or required to disclose any

information to any third party or governmental or regulatory authority, such Mediation Party shall, to the extent not legally prohibited, provide the disclosing party with prompt written notice of such requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as is legally required. For the avoidance of doubt, no Mediation Party shall use its governmental or regulatory authority to require disclosure of documents or communications created for or in the Mediation or seek an order from a court or other tribunal requiring such disclosure, pursuant to the first sentence of this Paragraph 10.

11. Any Mediation Party may provide documents and/or information to the Mediation Team and other Mediation Parties as part of the conduct of the Mediation that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the Parties may be entitled to claim or invoke (the "Privileged Information"). By so providing the Privileged Information to the Mediation Team or by consenting to the Mediation Team providing such Privileged Information to another Mediation Party in the context of the Mediation, no Mediation Party nor its respective professionals intends to waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity that such Party may be entitled to claim or invoke with respect to any Privileged Information or otherwise, and the mere provision of such information in accordance with this paragraph shall not be deemed determinative of any issue of waiver. Any work product, materials, or information shared or produced by a Mediation Party with the Mediation Team, including Privileged Information, in the context of the Mediation shall be subject to all applicable mediation privileges and Applicable Rules Governing ADR and shall not be shared by the Mediation Team with any person, including any other Mediation Parties, without the consent of the sharing or producing Mediation Party.

12. No Mediation Party or Additional Party shall (a) be or become an insider, an agent, or a fiduciary of PREPA, (b) be deemed to owe any duty to PREPA, (c) undertake any duty to any person or entity, or (d) be deemed to misappropriate any information of PREPA or any person or entity that has provided it confidential information in the Mediation, with respect to each of the foregoing clauses (a) through (d), including, without limitation, any duty to refrain from trading any securities (or derivatives of securities), provided that nothing herein excepts any person or entity from compliance with applicable securities laws, as a result of (i) participating in the Mediation, (ii) being aware, or in possession, of any Settlement Proposal in the Mediation, or (iii) with respect to any aspect of the Mediation conducted pursuant to this Order; provided, that nothing herein shall affect any Mediation Party's pre-existing fiduciary obligations or compliance with this Order.

13. Nothing in this Order is intended to, nor shall, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that a party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Order.

14. Nothing in this Order shall operate as a stay of any pending adversary proceeding or contested matter in this case.

15. Promptly following the Termination Date, the Mediation Team shall file a notice with the Court setting forth the following: (a) that the Mediation Team has conducted the Mediation, the duration of the Mediation, the approximate amount of time spent by the Mediation Team in the Mediation, (b) the names of the participants in the Mediation, (c) whether the participants in the Mediation acted in good faith, and (d) whether and to what extent the Mediation was successful. The Court considers a Mediation Party's refusal to attend, through its

conclusion, a Mediation session requested by the Mediator through an authorized decision-maker to be an act that is not in good faith.

16. The Mediation Team[5] shall be immune from claims arising out of acts or omissions incident to their service on the Mediation Team or assisting the Mediation Team in the Mediation. In addition to maintaining the immunity that the Mediation Team's members have as judges and the immunity of court employees under Federal and common law from liability for any act or omission in connection with the Mediation, the Mediation Team may not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding except as provided in paragraph 15 of this Order.

17. PREPA is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

18. To the extent any part of this Order shall conflict with any Local Rule or General Order governing alternative dispute resolution, the terms and provisions of this Order shall govern. Without limitation, pursuant to Local Civil Rule 1(f) of the United States District Court for the District of Puerto Rico, and except as provided in this sentence, this Order suspends the Court's Local Civil Rule 83J for the PREPA Title III case captioned above and its related adversary proceedings; provided, however, that subparagraph (g) of Rule 83J is incorporated in paragraphs 8 and 11 of this Order.

19. The terms and conditions of this Order are immediately effective and enforceable upon its entry, sufficient cause having been shown.

---

[5] When used in this paragraph, "Mediation Team" includes not only the Mediation Team but also each member of the Mediation Team and the Mediation Team's and its members' judicial clerks, court staff, and financial advisor.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

SO ORDERED.

Dated: April 8, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge