IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>   as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*<br><br>**Debtors** | PROMESA Title III<br><br><br><br>No. 17-BJ 3283-LTS |

## MOTION FOR RELIEF FROM *AUTOMATIC STAY*

**TO THE HONORABLE DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

COMES NOW the parties in interest, ELI ABDIEL SANCHEZ ROA & JOSE ABNER SANCHEZ ROA, (referred to as "Plaintiffs"), through the undersigned counsel, and very respectfully, states and prays as follows:

### PRELIMINARY STATEMENT

1. This Honorable Court should vacate the PROMESA automatic stay with regards to Mr. Alvarez in the prepetition State Court case ELI ABDIEL SANCHEZ ROA & JOSE ABNER SANCHEZ ROA V. ESTADO LIBRE ASOCIADO DE PUERTO RICO, ISCI2017-01135, since, among other reasons, the continuation of the constitutional violations and/or irreparable harm against Plaintiffs' rights outweighs the detriment that the Commonwealth of Puerto Rico ("Commonwealth") would suffer if the stay were vacated to address them.

2. As we will demonstrate below, in the event that this Court does not grant the relief requested herein, Plaintiffs will continue suffer irreparable and non-pecuniary harm, inasmuch as it would be deprived of its due process right to have the Puerto Rico Superior Court of Mayaguez, subject to appellate review, determine (i) whether plaintiffs' civil rights suit over to the abuse of power and endangerment from the correction officers at the Mayaguez Institution should be prevail in the merits and if they are entitled to a constitutionally mandated compensation to which Plaintiffs' would be entitled from the Commonwealth. The resolution of this legal controversy is indispensable to prevent irreparable harm by allowing the determination of Plaintiffs' civil claims rights against the Commonwealth and prevents an instance in which the application of the automatic stay would proscribe them from adequately protecting its property rights arising under the Fifth Amendment of the United States and the Commonwealth's Constitutions.

3. Moreover, the Commonwealth will suffer no harm as a result of the lifting of the automatic stay, since the same (i) will not disrupt the Commonwealth's processes for managing the Commonwealth and (ii) will not interfere with the Commonwealth's ability to provide essential services and in no way this harms the Commonwealth' bankruptcy estate. In other words, vacating the automatic stay in this case will not harm the Commonwealth or the PROMESA process and will not undermine the comprehensive, consolidated and restructuring approach that the statute was ultimately designed to facilitate.

4. On December 7th, 2015, a complaint was filed by brothers Mrs. Eli Abdiel Sanchez and Jose Abner Sanchez against the Estado Libre Asociado de Puerto Rico, Department of Correction of Puerto Rico and Samuel Perez Soler in his personal capacity for abuse of power and endangerment from the correction officers at the Mayaguez Penal Institution. The Puerto

Rico Correction Department has tried to brush this complaint off in the administrative forum but they could not, now after seven (7) years the plaintiff deserved the case to be heard before this Court. Judgment was entered on November 8th, 2019, staying under PROMESA the legal proceeding.

5. The enforcement of the PROMESA stay causes constitutional injuries to the plaintiffs, since it places its civil rights in an indefinite state of legal uncertainty, due to the fact that the State Court is currently proscribed from determining (i) whether their civil rights was violated by a correction officer and (ii) if they are entitled to a compensation for emotional distress and damages. The resolution of these two (2) legal controversies is determinative for the plaintiffs' rights, since, in the event that the state court rules in its favor, it would become a constitutionally protected creditor of the Commonwealth.

6. Furthermore, should this Honorable Court determine that the automatic stay is applicable to determination by the State Court on whether plainitffs' constitutionally protected civil rights have been transgressed, it would (i) be perpetuating the legal limbo that pplaintiff has involuntarily been in for the past seven (7) years; and (ii) preclude them from enforcing its rights as a creditor under the instant PROMESA Title III case, or as non-dischargeable creditor of the Commonwealth.

7. In view of the foregoing, in order to prevent the continuation of plaintiffs' constitutional injuries, it is respectfully requested that this Honorable Court enter an Order lifting the automatic stay in order for the Mayaguez Superior Court to resolve (i) whether they has been the subject of an illegal abuse of power action; and (ii) if so, what is the amount of just compensation that plaintiffs is constitutionally entitled to.

## I. JURISDICTION

8. This Honorable Court has jurisdiction to grant the relief sought in the instant Motion pursuant to section 362 (d) of title 11 of the United States Bankruptcy Code, which applies to this proceeding pursuant to section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016 ("PROMESA"). 48 USC §§ 2161. Plaintiffs files this Motion under the case management procedures applicable in the captioned case and Rule-4001-1 of the Local Bankruptcy Rules of Bankruptcy Court for the District of Puerto Rico.

## II. PROCEDURAL BACKGROUND

9. On December 7th, 2015, a complaint was filed by brothers Mrs. Eli Abdiel Sanchez and Jose Abner Sanchez against the Estado Libre Asociado de Puerto Rico, Department of Correction of Puerto Rico and Samuel Perez Soler in his personal capacity for abuse of power and endangerment from the correction officers at the Mayaguez Penal Institution. The Puerto Rico Correction Department has tried to brush this complaint off in the administrative forum but they could not, now after seven (7) years the plaintiff deserved the case to be heard before this Court. The aforementioned case is titled State Court case <u>ELI ABDIEL SANCHEZ ROA & JOSE ABNER SANCHEZ ROA V. ESTADO LIBRE ASOCIADO DE PUERTO RICO</u>, ISCI2017-01135.

10. As of this date, the Puerto Rico Superior Court has not made a determination (i) whether Plaintiffs has been the subject of a civil rights violation; and (ii) if so, what is the amount of just compensation that they are constitutionally entitled to.

11. PROMESA was enacted on June 30, 2016.

12. On May 3, 2017, the Oversight Board filed a Title III petition before this Honorable Court.

13. On April 27, 2018, the Commonwealth filed a Notice of Automatic Stay in

Plaintiffs' state case.

14. The Commonwealth alleges that, as of this date, the PROMESA automatic stay under Title III applies to all actions against the Government without exception, since the "Commonwealth is evaluating how best to apply the automatic stay... to civil actions against the Commonwealth in Puerto Rico's court system". *See* Docket No. 439 at page 2, paragraph 2.

15. Judgment was entered on November 7th, 2019, staying under PROMESA the legal proceeding.

16. Furthermore, the Commonwealth has informed this Honorable Court that "the Commonwealth and its advisors are currently working on proposing a protocol for addressing how to treat all of the prepetition litigation claims asserted against it in the overall context of the Title III Case". *Id* at page 3, paragraph 3. According to the filing at Docket No. 439 in case 17-3283, the alleged "protocol" would allow the Commonwealth to "evaluate these cases... and to stipulate with a movant to modify the stay where the litigation burden on the Commonwealth is minimal or the harm caused to the movant is grievous". *Id*.

### III. APPLICABLE LAW

#### A. PROMESA and the Automatic Stay Provision

17. On June 30, 2016, the President of the United States signed PROMESA into law. Said legislation seeks to tackle the calamitous fiscal emergency in Puerto Rico and is designed to institute a "comprehensive approach to [Puerto Rico's] fiscal, management and structural problems and adjustments... involving independent oversight and a Federal statutory authority for the Government of Puerto Rico to restructure debts in a fair and orderly process." PROMESA § 405(m)(4). The statute established a seven-member Oversight Board ("Board") for Puerto Rico with the purpose of providing a method for the island to achieve fiscal responsibility and access

to the capital markets. *Id.* at §§ 101(b)(1).

18. In the relevant part, among PROMESA's provisions is an automatic stay of all liability-related litigation against the Commonwealth, which is applicable once the Board files a Title III petition to commence debt-adjustment proceedings under the legal framework set forth in the statute. *Id* at § 405(d). Under PROMESA, the Honorable Court may, however, grant relief from the stay to "party in interest either "for cause shown", or "to prevent irreparable damage" to the party's interest in property.

19. In the recent case of <u>Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla *et al.*</u>, 217 F. Supp. 3d 508, 517 (1st Cir. 2016), and in view of the fact that PROMESA does not define what constitutes cause for purposes of prevailing in a request for relief from the automatic stay, the First Circuit Court of Appeals established the governing standard for vacating the automatic stay "for cause" in the context of PROMESA. Specifically, the First Circuit held that, notwithstanding the actual necessity of the stay to address an imminent fiscal crisis, Congress anticipated that **"certain circumstances might justify relief from the stay's significant and rigid effects. It therefore included a form of safety valve in section 405(e) of PROMESA to allow certain holders of liability claims against the Government of Puerto Rico to proceed with their actions, provided that they could effectively demonstrate "cause" for doing so"**. (Emphasis Added).

20. Section 362 (d)(1) of the Bankruptcy Code, 11 USC § 362(d)(1), states as follows

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

6

21. In defining what constitutes "cause" for relief from the automatic stay in the context PROMESA, the First Circuit took into account the (i) judicial interpretations of the term within the context of section 362 of the United States Bankruptcy Code ("Code"), 11 USC § 3621, and also, (ii) additional considerations related to the particular circumstances of the PROMESA legal framework. The Court began by noting that section of the Code provides that courts may grant relief from the automatic stay to a party in interest for "cause", but the statute also fails to expressly define how the term must be construed and applied. 11 USC § 362(d)(1); Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al., 217 F. Supp. 3d 508, 517 (1st Cir. 2016).

22. In *Brigade Leveraged,* the First Circuit reiterated the discretionary nature of the decision to grant relief on a case-by-case basis. See Claughton v. Mixton, 33 F. 4, 5 (4th Cir. 1994) (noting that Congress "has granted broad discretion to bankruptcy courts to lift the automatic stay and the courts must determine when discretionary relief is appropriate on a case-by-case basis".) The Court established that "the process of evaluating whether there is sufficient "cause" to vacate the automatic stay requires the court to engage in an equitable, case-by-case balancing of the various harms at stake.

---

¹ Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F. 2d 1280 (2d Cir. 1990). In the instant case, the Second Circuit Court of Appeals enumerated the twelve factors that should be analyzed for purposes of evaluating relief from the automatic stay:

(1) **Whether relief would result in a partial or complete resolution of the issues;**
(2) **Lack of any connection with or interference with the bankruptcy case;**
(3) Whether the other proceeding involvers the debtor as a fiduciary;
(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) Whether the debtor's insurer has assumed full responsibility for defending it;
(6) Whether the action primarily involves third parties;
(7) Whether litigation in another forum would prejudice the interests of other creditors;
(8) Whether the judgment claim arising from the other action is subject to equitable consideration;
(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) The interests of judicial economy and the expeditious and economical resolution of litigation;
(11) Whether the parties are ready for trial in the other proceedings; and

7

(1) **Impact of the stay on the parties and the balance of harms.**

Not all of the factors are relevant in every case and the Court need not assign equal weight to each factor. Mazzeo v. Lenhart (In re Mazzeo), 167 F. 3d 139, 143 (2d. Cir. 1999); In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). See also C & A, S.E. P.R. Solid Waste Magmt., 369 B.R. 87, 94-95 (D.P.R. 2007).

Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla *et al*., 217 F. Supp. 3d 508, 518 (1st Cir. 2016); *See, e.g.*, Peerless Ins. Co v. Rivera, 208 B.R. 313, 315 (D.R.I. 1997) (suggesting that cause generally exists "when the harm that would result from the continuation of the stay would outweigh any harm that might be suffered be the debtor...if the stay is lifted."); In re Turner, 161 B.R. 1, 3 (Bankr. D. Me. 1993) ("**Cause may exist for lifting the stay whenever the stay harms the creditor and lifting the stay will not unduly harm the debtor.**"); In re Harris, 85 BR 858, 860 (Bankr. D. Colo. 1998) (holding that vacating the automatic stay is appropriate where "no great prejudice will result to the debtor" and the "hardship to the creditor resulting by continuing the stay considerably outweighs the hardship to the debtor by modification of the stay."). (Emphasis Added).

23. In view of the foregoing, the First Circuit held that the Court's "ultimate task is to perform a careful balancing of the equities involved. It must assess the hardships realistically borne by plaintiffs if their requested relief is denied and determine whether those outweigh the harm likely to be visited upon the Commonwealth defendants if that relief is granted". Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al., 217 F. Supp. 3d 508, 518-519 (1st Cir. 2016).

24. Even though the First Circuit held that the PROMESA stay is interpreted according the case law arising under section 362 of the Code, it stated that "the concept of "cause" embraced by the Court for purposes of the PROMESA stay need not precisely mirror that adopted in the bankruptcy context". *Id* at 520.

## IV. ARGUMENT

**A. This Honorable Court should grant the relief from the automatic stay, since the harm flowing from the continuation of the constitutional violations suffered by Plaintiffs outweighs the detriment that the Commonwealth would suffer if the stay were vacated to address them.**

25. In the case at hand, Plaintiffs respectfully submits that this Honorable Court should lift the automatic stay to allow him to continue litigating (i) whether Mr. Alvarez has been the subject of an illegal employment action; and (ii) if so, what is the amount of just compensation that Mr. Alvarez is constitutionally entitled. Failure to allow Mr. Alvarez to continue the litigation of these controversies in State Court would continue to cause irreparable, monetary injury to its property rights.

26. In other words, if this Honorable Court denies the present request for relief, Mr. Alvarez would be deprived of its rights to have a clear and definite scenario regarding its bankruptcy rights, since a determination validating the existence of an illegal employment action would allow Mr. Alvarez to become a priority creditor of the Government with a right to defend its creditor claims in this process. This continuation of the State Court is the only viable means by virtue of which Mr. Alvarez would be in a position to determine whether, as matter of fact, it has a right to file a proof of claim in the Title III case, or whether it is a non-dischargeable creditor in such case.

27. Contrary to what the Government will contend, the evaluation of a "protocol" to address all prepetition claims against the Commonwealth is not contemplated as one of the reasons for denying relief from the automatic stay. The mere fact that the Commonwealth has 5,200 prepetition civil actions pending does not constitute valid grounds for denying relief to put

9

an end to Plaintiffs' constitutional injuries and legal limbo. Furthermore, the Commonwealth cannot speculate that granting the relief requested herein will "encourage other creditors to seek similar relief", when the truth to the matter is that Plaintiffs' request is very particular, since it has been suffering a clear constitutional transgression for more than seven (7) years.

28. Mr. Alvarez respectfully submits that, contrary to what the Commonwealth proposes, denial of the instant motion and the approval of an additional term for the Commonwealth to address prepetition claims are unreasonable remedies. This is indisputable, since the Government will suffer no actual harm from the resolution of two (2) legal controversies that are indispensable to clarify the status of Plaintiffs' rights.

29. As we have mentioned in the instant motion, we reiterated that the Commonwealth will suffer no harm as a result of the lifting of the automatic stay, since the same (i) will not disrupt the Commonwealth's processes for managing the Commonwealth; and (ii) will not interfere with the Commonwealth's ability to provide essential services. In other words, vacating the automatic stay in this case will not harm the Commonwealth or the PROMESA process and will not undermine the comprehensive, consolidated and restructuring approach that the statute was ultimately designed to facilitate, including under Title III proceedings.

30. Plaintiffs' sole interest is that this Honorable Court guarantee its due process rights to have a final determination from the State Court that could allow said party to clarify its status as a potential creditor or a non-dischargeable creditor of the Commonwealth for purposes of the Title III case before this Honorable Court.

31. In view of the foregoing, in order to prevent the continuation of Plaintiffs' constitutional injuries, it is respectfully requested that this Honorable Court enter an Order lifting the automatic stay in order for the Mayaguez Superior Court to resolve (i) whether plaintiffs

suffered a civil rights violation by a correction officer and if they are entitled to a just compensation for damages. This is essential in order to clarify Plaintiffs' creditors rights for purposes of the instant Title III case.

**WHEREFORE,** Plaintiffs' respectfully requests that this Honorable Court (i) take notice of the foregoing; (ii) after notice and hearing, enter an Order vacating the automatic stay arising under §301 (a) of PROMESA and Bankruptcy Code § 362 to allow the Mayaguez Superior Court to adjudicate Plaintiffs' rights to resolve (i) whether plaintiffs suffered a civil rights violation by a correction officer and (ii) if they are entitled to a just compensation for damages in the case titled <u>ELI ABDIEL SANCHEZ ROA & JOSE ABNER SANCHEZ ROA V. ESTADO LIBRE ASOCIADO DE PUERTO RICO,</u> ISCI2017-01135; and (iii) grant any further relief that may be deemed just and proper under the particular circumstances of the instant case.

**I HEREBY CERTIFY** that a true and exact copy of this document was served with a [illegible] the [illegible] system, which will send notification of such filing to all parties of record [illegible] via mail to the Puerto Rico Justice Department Apartado 9020192 San Juan, PR 00902-0192.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this _____

---

JOSE ABNER SANCHEZ ROA & ELI ABDIEL SANCHEZ ROA
INST: AGUADILLA GUERRERO
7-B-1 P.O BOX 3999
AGUADILLA P.R. 00605

_Jose_ [signature]
FIRMA

_Eli abdiel Sanchez Roa_ [signature]
FIRMA