UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re | ) ) ) | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | ) ) ) ) | No. 17 BK 3283-LTS |
| | ) ) | (Jointly Administered) |
| As a representative of | ) ) ) | Re: Dkt. No. 20245 |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | ) ) ) | |
| Debtors.¹ | ) ) ) ) | |

THIRD AMENDED ORDER SETTING PROCEDURES FOR INTERIM AND FINAL
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Joint Motion of the Oversight Board and the Fee Examiner for Entry of Order Further Amending Procedures for Submitting and Considering Compensation and Reimbursement of Expenses of Professionals* (Docket Entry No. 20245) (the "**Motion**"),² and the Court having

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi)Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion and the Order Further Amending Case Management Procedures [Dkt. No. 20190] (the "**Case Management Procedures**").

found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the movants provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having asked questions about the Motion at a hearing held before the Court on March 23, 2022 (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. All professionals in the Title III Cases ("**Professionals**") may be paid interim compensation and reimbursement of expenses in accordance with the following procedures (the "**Monthly Compensation Procedures**"):

   a. On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may serve a statement (a "**Monthly Fee Statement**") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by electronic mail, on each of the following entities (collectively, the "**Notice Parties**"):

      i. attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

      ii. attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

iii. attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

iv. attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San Juan, PR 00917, Attn: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com);

v. the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

vi. attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq. (lucdespins@paulhastings.com);

vii. attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

viii. attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 1155 Avenue of the Americas, New York, NY 10036, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

ix. attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

x. the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez,

        CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

  xi.  counsel to any other statutory committee appointed;

  xii.  attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

  xiii.  attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).

b.  Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement for such month or months. All Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**").

c.  In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that submitted the Monthly Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "**Monthly Objection Deadline**"), an objection to the requested fees and expenses (a "**Monthly Objection**"). Upon expiration of the Monthly Objection Deadline, the Professionals that submitted a Monthly Fee Statement shall provide a statement (the "**Monthly Fee Objection Statement**") to the applicable Debtor(s) and the Puerto Rico Fiscal Agency and Financial Advisory Authority, providing the calculation of the fees and reimbursement requested, any amounts that were objected to, and the amount that should be paid after the holdback described further below. Upon receipt of the Monthly Fee Objection Statement, the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "**Maximum Monthly Payment**") or (ii) the Maximum Monthly Payment less 90% of the fee portion and 100% of the expense portion thereof not subject to a Monthly Objection (the "**Incremental Amount**") pursuant to subparagraph (d) below; provided that, in the case of Paul Hastings LLP, as counsel for the Official Committee of

        Unsecured Creditors, and Zolfo Cooper, LLC, as financial advisor to the Official Committee of Unsecured Creditors, the applicable Debtors shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement, but such 80% of fees or 100% of expenses shall not be paid with respect to such fees or expenses that are subject to an objection pursuant to subparagraph (d) below.

d.     If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a Monthly Objection with the Court on or before the Monthly Objection Deadline and (ii) serve the Monthly Objection on the Professional that submitted the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Monthly Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Monthly Objection on a consensual basis. If the parties are unable to reach a resolution of the Monthly Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Monthly Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Monthly Objection if requested by the parties.

e.     Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the applicable Debtor's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement. Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.     The *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA"), does not impact these Monthly Compensation Procedures and such Procedures will continue in the same manner as they did prior to the Enactment Date (January 20, 2022).

3.     Interim Fee Applications filed prior to the Enactment Date of PRRADA may receive interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Pre-PRRADA Interim Compensation Procedures**"):

a.     Consistent with PROMESA section 317, at no less than four-month intervals (an "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional for the Interim Fee Period, including any holdback pursuant to PROMESA section 317. Each Interim Fee Application must include a brief description identifying the following:

      i. the Monthly Fee Statements subject to the request;

      ii. the amount of fees and expenses requested;

      iii. the amount of fees and expenses paid to date or subject to a Monthly Objection;

      iv. the deadline for parties to file objections to the Interim Fee Application; and

      v. any other information requested by the Court or required by the Local Rules or the Fee Examiner in accordance with the order appointing the Fee Examiner [Dkt. No. 1416].

b. Any objection to an Interim Fee Application ( an "**Interim Objection**") by any party other than the Fee Examiner shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

c. Requests by the Fee Examiner to adjourn the hearing on any Interim Fee Application (such Interim Fee Applications identified in the request, "**Adjourned Interim Fee Applications**," and the rescheduled hearing, the "**Adjourned Fee Hearing**"), if any, shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties so as to be received at least seven (7) calendar days prior to any scheduled hearing on any Interim Fee Application. Interim Objections by the Fee Examiner, if any, to any Adjourned Interim Fee Application shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties on or before fifteen (15) calendar days before the applicable Adjourned Fee Hearing pursuant to the Case Management Procedures.

d. Replies to Interim Objections, if any, may be submitted pursuant to the Case Management Procedures.

e. The Court shall schedule a hearing on Interim Fee Applications periodically pursuant to the schedule outlined below (an "**Interim Fee Hearing**"). The fee hearings may be held in conjunction with or separately from an Omnibus Hearing Date in the Court's discretion. If no Interim Objections are pending, and if the Fee Examiner issues the Fee Examiner Report (defined below) recommending approval of the Interim Compensation Applications in full or in part, the Court may grant an Interim Fee Application without a hearing.

f. The Fee Examiner shall issue a confidential letter report to each Professional listing and explaining each proposed reduction to the

        Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least seven calendar days before such hearing (defined above), which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved (the "**Fee Examiner Report**").

g. The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month. Accordingly, the first Interim Fee Period for the Commonwealth's Title III Case shall cover May 3, 2017, through September 30, 2017. The First Interim Fee Period for the ERS Case shall cover May 5, 2017 through September 30, 2017, the First Interim Fee Period for the PBA Case shall cover September 27, 2019 through January 31, 2020, the First Interim Fee Period for the PREPA Case shall cover July 2, 2017 through September 30, 2017, the First Interim Fee Period for the COFINA Case shall cover May 9, 2017 through September 30, 2017,[3] and the First Interim Fee Period for the HTA Case shall cover May 21, 2017 through September 30, 2017.

h. The pendency of a Monthly or Interim Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Third Amended Interim Compensation Procedures. The Fee Examiner shall have the discretion to extend the deadlines for submission of Interim Fee Applications and to permit a Professional to consolidate one or more Interim Fee Applications and Fee Examiner Reports in the interest of efficiency without further Court order.

i. Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final consideration of Final Fee Applications (defined below) for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

j. For all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's

---

[3] Nothing in this Order impacts or affects the requirements outlined in the *Stipulation and Agreed Order, Pursuant to Article 3.2 of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation, Establishing a Protocol for the Review and Payment of Post Effective-Date COFINA Fees* [Case No. 17 BK 3284, Dkt. No. 681] [Case No. 17 BK 3283, Dkt. No. 8755].

> Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

4. Interim Fee Applications filed on or after the Enactment Date may receive interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**PRRADA Compliant Compensation Procedures**"):

    a. Pursuant to the *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. No. 19980], Professionals were directed "not to file any further fee applications, regardless of which interim fee period such applications relate to, until after they have filed the disclosures required under PRRADA."

    b. Professionals may elect to submit an Interim Fee Application subject to this paragraph 4, with complete supporting data, to the Fee Examiner before filing its PRRADA disclosures. In his sole discretion, the Fee Examiner may elect to begin reviewing such applications immediately or may await the completion of the PRRADA disclosure process to do so.

    c. The Court approved the list of Material Interested Parties (the "**MIP List**") on March 30, 2022 [Dkt. No. 20467].

    d. The Court set a deadline for Professionals to file PRRADA disclosures by May 16, 2022, at 5:00 p.m. (Atlantic Standard Time).

    e. Once a Professional has filed its PRRADA disclosures, it may resume filing Interim Compensation Applications for any period pursuant to the procedure set forth in paragraph 3, above, modified as follows:

        i. Notwithstanding paragraph 3(b) above (requiring Interim Objections within 20 days), the U.S. Trustee shall have 45 days (on or around June 30, 2022 or such other deadline as the Court may order) to review and comment informally on or object to any Professional's PRRADA disclosures (a "**PRRADA Objection**").

        ii. Professionals subject to a PRRADA Objection by the U.S. Trustee must discontinue filing further Interim or Final Fee Applications (subject to paragraph 4(b), above) until the PRRADA Objection has been resolved, either by stipulation or by order of the Title III court.

        iii. PRRADA Objections will be assigned their own briefing and/or hearing schedules as contested matters and the deadlines and procedures outlined in this Order shall no longer apply.

        iv. Professionals electing to submit (but not file) an Interim Fee Application to the Fee Examiner prior to filing its PRRADA disclosures

pursuant to paragraph 4(b), *supra*, must certify, at the time of filing the application:

1. The date on which the Professional has submitted the interim application and complete supporting data to the Fee Examiner (without actual filing due to PRRADA);

2. That the filed Interim Fee Application and supporting data are identical in all material respects to the versions submitted to the Fee Examiner.

    v.    Interim Fee Applications not subject to a PRRADA Objection will continue to follow the procedures outlined in paragraph 3, above, with the following adjusted Post-PRRADA timeline:[4]

| Fee Period | Fourteenth Interim | Fifteenth Interim | Sixteenth Interim | Seventeenth Interim | Eighteenth Interim |
|---|---|---|---|---|---|
| Fee Period Dates | October 1, 2021-January 31, 2022 | February 1, 2022-March 15, 2022[5] or May 31, 2022[6] | June 1, 2022-September 30, 2022 | October 1, 2022 – January 31, 2023 | February 1 - May 31, 2023 |
| End of Compensation Period | January 31, 2022 | March 15, 2022 or May 31, 2022 | September 30, 2022 | January 31, 2023 | May 31, 2023 |
| Fee Applications Due | No earlier than upon filing of PRRADA | 45 days after the expiration of U.S. | November 15, 2022 | March 15, 2023 | July 15, 2023 |

---

[4]     This proposed schedule is subject to adjustment should the estimated PRRADA disclosure and objection dates differ materially from those anticipated in this Order.

[5]     *Notice of (A) Entry of order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Dkt. No. 20349].

[6]     For Professionals representing the Official Committee of Unsecured Creditors (the "**UCC**"), the Official Committee of Retirees ("**OCR**"), and Professionals continuing work on the PREPA and HTA cases, the Fifteenth Interim Fee Period will remain four months long, from February 1-May 31, 2022. Fifteenth Interim Fee Period applications for PREPA and HTA work, as well as for UCC and OCR Professionals, will be due, as always, around 45 days after the end of the fee period—July 15, 2022, with reporting to the Court expected in connection with the November 2 omnibus hearing. By the later of (a) the expiration of the U.S. Trustee's PRRADA Objection deadline or (b) 45 days after the Plan Confirmation Order becomes a Final Order (as defined in § 1.252 of the Plan (the "**Final Order Date**"), the UCC and OCR Professionals shall submit an Interim Fee Application with respect to Commonwealth and ERS work, as applicable, for the fee period ending on the Final Order Date.

| Fee Period | Fourteenth Interim | Fifteenth Interim | Sixteenth Interim | Seventeenth Interim | Eighteenth Interim |
|---|---|---|---|---|---|
| | disclosures but no later than 45 days after the deadline for the U.S. Trustee to file a PRRADA Objection has passed | Trustee's PRRADA Objection deadline | | | |
| Summary Report Filed with the Court | September 14, 2022 | October 26, 2022 | January 25, 2023 | May 31, 2023 | November 29, 2023 |
| Fee Hearing Dates | September 21, 2022 | November 2, 2022 | February 1, 2023 | June 7, 2023 | December 6, 2023 |

5. Final Fee Application Procedures

   a. The Plan Confirmation Order states that "except as provided herein or in the Plan, each Professional must file its application for final allowance of compensation for professional services rendered and reimbursement of expenses [a "**Final Fee Application**"] on or prior to the date that is one hundred twenty (120) days following the Effective Date" (July 14, 2022).

   b. Notwithstanding the Plan Confirmation Order, no Professional shall file a Final Fee Application until the Fee Examiner has recommended and the Court has ordered compensation on all of that Professional's Interim Fee Applications. The Fee Examiner shall have the discretion to recommend deviation from this procedure in appropriate circumstances. The Fee Examiner will include any such recommendation in the periodically-filed summary reports to the Court.

   c. Each Professional's Final Fee Application shall be filed no later than 45 days after that Professional's substantial completion of the interim compensation application process and should include:

      i. A cover sheet in a form, substantially in compliance with **Exhibit 1** to this Order;

      ii. The beginning and ending billing rate for each timekeeper performing work on these cases;

      iii. A calculation of all fees charged in excess of fees that would have been charged had rates remained at the level when each timekeeper first performed work on these cases;

      iv. A certification by the attorney signing and filing the Final Fee Application that:

        1.      The Final Fee Application does not request any fees disallowed by the Court on an interim basis, unless the right to do so was explicitly reserved;

        2.      The Final Fee Application includes only fees approved by prior interim compensation order, except that:

            a.      Professionals may include actual time and expenses incurred after the Effective Date (or, in the case of the UCC and OCR, actual time and expenses incurred after the Final Order Date) only for preparing Interim or Final Fee Applications;

            b.      All post-Effective Date time and expenses (or, in the case of the UCC and OCR, post-Final Order Date fees and expenses) for the preparation of Interim or Final Fee Applications are supported by complete billing data submitted to the Fee Examiner;

d. Pursuant to § 90.1 of the Plan, the UCC and OCR will remain in existence after the Effective Date until the Final Order Date. As such, Professionals representing the UCC or OCR will have a later Final Fee Application timeline.

e. No compensation or reimbursement for Interim or Final Fee Application preparation incurred after the date of submission of the Final Fee Application will be recommended for payment.

f. The estimated timeline for processing Final Fee Applications will be:

|  | Dates |
|---|---|
| **Final Fee Application filing** | No later than 45 days after completion of the interim compensation reporting and approval process |
| **Final letter report from the Fee Examiner** | Approximately 60 days after submission of the Final Fee Application |
| **Final Summary Report to the Court** | One week prior to Final Fee Hearing |
| **Final Fee Hearing** | Next omnibus date [first expected Final Fee Hearing date will be March 15, 2023] |

6. Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that was customarily required outside Title III cases, excluding restructuring professionals that are performing legal, financial, or operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements, and such professionals shall be exempt from the requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III.

7. Each member of any statutory committee is permitted to submit statements of expenses (excluding third party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

8. Notice of Interim and Final Fee Applications is limited to (a) the Notice Parties (b) the Fee Examiner, and (c) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

9. The Notice Parties and the Fee Examiner shall receive the Monthly Fee Statements, any Interim Fee Applications, any Final Fee Applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

10. The amount of fees and disbursements sought shall be set out in U.S. dollars.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. Compliance with Puerto Rico Law

   a. Each Professional's written contract with its client regarding the services to be rendered in these Title III Cases shall be provided to the Department of Treasury by sending such contract to Reylam Guerra Goderich (Reylam.Guerra@hacienda.pr.gov) and Omar E. Rodríguez Pérez, CPA (Rodriguez.Omar@hacienda.pr.gov) and shall be published by the Department of Treasury on its web page; provided, however, that Professionals who are paid directly by a public corporation that is a Title III debtor, including the Puerto Rico Electric Power Authority, do not need to comply with the requirements of this paragraph. Any Professional without a written contract regarding the services to be rendered in these Title III Cases shall enter into one with its client and send it to the Department of Treasury within 30 days of this Order.

   b. In addition to existing requirements under the guidelines set by the Fee Examiner and the U.S. Trustee Guidelines, all Monthly Fee Statements shall include the following:

      i. A certification by the Professional stating the following:

> "I hereby certify that no public servant of the Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of [client]. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made. To the best of my knowledge, [professional] does not have any debts owed to the Government of Puerto Rico or its instrumentalities."

and

ii. A certification from a principal responsible for the retention of the Professional that authorizes the submission of the Monthly Fee Statement (a "**Principal Certification**").

With respect to Professionals paid directly by public corporations that are Title III debtors, including the Puerto Rico Electric Power Authority, the certification required by subsection (a) above shall substitute "no employee of the [applicable public corporation]," in place of "no public servant of the Department of Treasury."

c. Within 60 days of entry of this Order, all Professionals that have not already done so shall submit to the entity that pays such Professional (the Department of Treasury or the applicable public corporation) a letter with a retroactive Principal Certification for all Monthly Fee Statements submitted through the date of this Order, to the extent such Monthly Fee Statements do not already include a statement substantially similar to the Principal Certification.

d. All Professionals shall segregate their invoices by Debtor and by whether the services were rendered in Puerto Rico or outside of Puerto Rico.

13. All Professionals shall submit to the Department of Treasury non-binding, confidential fee estimates for professional services to be rendered in the following fiscal years (from July 1 to June 30), which shall be detailed by each Debtor. Such fee estimates shall not be subject to review or approval by the Department of Treasury. With respect to Professionals paid directly by public corporations that are Title III debtors, including the Puerto Rico Electric Power Authority, such Professionals shall submit their fee estimates to the applicable public corporation.

14. Cooperation of Retained Professionals

a. This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the Professionals render services in the Title III Cases.

    b. Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

    c. Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

    d. The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 12, 2022

                                            /s/ Laura Taylor Swain
                                            Laura Taylor Swain
                                            United States District Judge