*Hearing Date: Mary 18, 2022, 9:30am (AST)*
*Objection Deadline: May 3, 2022, 4pm (AST)*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

      Debtors.[1]

-------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

(Jointly Administered)

## OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES

---

1. The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................... 1

JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF..................................... 2

FACTUAL BACKGROUND ..................................................................................................... 3

    A.    The Title III Cases .............................................................................................. 3
    B.    The Avoidance Actions and the Stay ................................................................. 3
    C.    The Plan, Confirmation Order, and Creation of the Avoidance Actions Trust............... 6
    D.    Status of the Avoidance Actions ........................................................................ 8

RELIEF REQUESTED............................................................................................................... 8

PROPOSED PROCEDURES .................................................................................................... 9

BASIS FOR REQUESTED RELIEF ...................................................................................... 14

    A.    The Requested Stay.......................................................................................... 14
    B.    Litigation Procedures and Deadlines................................................................ 17

REQUEST FOR HEARING..................................................................................................... 20

NOTICE .................................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Bridge Const. Corp. v. City of Berlin*, 705 F.2d 582, 583 (1st Cir. 1983)....................................17

*Green v. Cosby*, 177 F. Supp. 3d 673, 681 (D. Mass. 2016) ........................................17

*In re Ballard*, 502 B.R. 311, 322 (Bankr. S.D. Ohio 2013)........................................20

*In re Financial Oversight and Management Board for Puerto Rico*, 617 B.R. 173, 179 (D. Puerto Rico 2020)........................................17

*In re S. Side House, LLC*, 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012)........................................18

*In re Walker,* 195 B.R. 187, 208 (Bankr. D.N.H. 1996) ........................................20

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ........................................17

*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ................17

*Ramos-Martir v. Astra Merck, Inc.*, CIV 05-2038(PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005) ........................................18

*Robbins v. Fulton Bank, N.A.*, CV 17- 2763, 2018 WL 1693386, at *6 (E.D. Pa. Apr. 6, 2018)  20

*Total Petroleum Puerto Rico Corp. v. T.C. Oil, Corp.*, CV 09-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010)........................................18

*Walsh Constr. Co. P.R. v. United Sur. & Indem. Co.*, 2015 WL 13548470, at *4 (D.P.R. Sept. 28, 2015) ........................................18

**Statutes**

11 U.S.C. § 105(d) ........................................20

PROMESA § 301(a) ........................................18

**Rules**

Fed. R. Bankr. P. 7016(a) ........................................20

Fed. R. Civ. P. 16........................................18

**To the Honorable United States Magistrate Judge Judith G. Dein:**

Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust (the "Avoidance Actions Trust"), files this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by section 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), approving the Trustee's proposed litigation case management procedures which will apply to the litigation of certain avoidance actions filed on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), which were transferred to the Avoidance Action Trust by the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (including all exhibits thereto, as the same may be further amended, modified, or supplemented from time to time, the "Plan").

In the interests of judicial economy, the Trustee is filing this Motion in an omnibus fashion in this jointly administered case. In order to fully provide notice, this form of motion has also been filed in each adversary proceeding on the attached **Appendix I**. The Trustee will request that this omnibus Motion, and each motion filed in the adversary proceedings, be heard during the next-scheduled omnibus hearing before the Court. In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

The Trustee moves this Court for entry of an order to establish litigation procedures to promote an efficient and orderly resolution of over 50 adversary proceedings that have been stayed since August 2021 in a manner that conserves judicial resources. More specifically, the recently-

appointed Trustee seeks an Order that permits it to fully evaluate the numerous adversary proceedings transferred to the Trust pursuant to the Plan and engage with each defendant before proceeding within a structured settlement framework, and, if necessary, thereafter proceed to litigation.

The Trustee believes that, in setting forth the structured procedures for the efficient resolution of these adversary proceedings, these procedures will further the purpose of applicable Bankruptcy Rules. The applicable Bankruptcy Rules and the procedures proposed in this Motion are designed to promote the cost-effective, timely-resolution of pending adversary proceedings and to further the goals of judicial economy and efficiency.

## JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF

1.      The Court has subject matter jurisdiction pursuant to Section 306(a) of PROMESA. Further, pursuant to Paragraph 83 of the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Docket No. 19813] (the "Confirmation Order"), the Court retained jurisdiction over all matters arising under PROMESA, and arising out of, and related to, the Title III Cases to the fullest extent legally permissible.

2.      Venue is proper pursuant to section 307(a) of PROMESA.

3.      The bases for the relief requested herein are section 105(a) of the Bankruptcy Code; Bankruptcy Rules 7016, 2002, 9006 and 9019; Paragraphs 18-19 and 67 of the Confirmation Order; and Article LXXVIII of the Plan.

## FACTUAL BACKGROUND

**A.      The Title III Cases**

4.      On June 30, 2016, the President of the United States signed PROMESA into law. Titles III and VI of PROMESA provide for debt restructurings for Puerto Rico and its instrumentalities.

5.      On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") initiated a Title III debt adjustment proceeding on behalf of the Commonwealth of Puerto Rico.

6.       On May 21, 2017, the Oversight Board initiated a Title III debt adjustment proceedings on behalf of ERS and HTA.

7.      On July 2, 2017, the Oversight Board filed a Title III debt adjustment proceeding on behalf of PREPA.

8.      On June 15, 2017 and on August 25, 2017, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") to serve as the statutory representative of certain unsecured claimholders of the Commonwealth and its related Title III Debtors (other than COFINA and PBA).

**B.  The Avoidance Actions and the Stay**

9.      PROMESA empowered the Oversight Board to act as the representative of Puerto Rico, its agencies, and instrumentalities as debtor entities, assuming the role ordinarily granted to a chapter 9 debtor or trustee. *See* PROMESA §§ 301, 315.

10.      To that end, PROMESA empowered the Oversight Board to pursue avoidance actions under sections 544, 545, 547, 548, and 553 of the Bankruptcy Code. *See id.* at § 301.

11.     To investigate potential avoidance actions that the Title III debtors might hold, the Oversight Board's Special Claims Committee, the Committee, and their respective professionals joined efforts in examining the pre-petition payment histories of the Title III debtors as requested by the Committee in its *Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other Than COFINA, Concerning Potential Avoidance Actions*, [Docket No. 4373], which the motion, was granted by this Court in December 2018. *See Order Granting Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other than COFINA, Concerning Potential Avoidance Actions* [Docket No. 4484].

12.     As a result of this investigation, the Special Claims Committee and the Committee, in and around April and May of 2019, filed approximately 250 adversary proceedings against vendors and suppliers to the Commonwealth of Puerto Rico and other Title III debtors seeking to avoid and recover payments made under fraudulent and preferential transfer theories (the "Vendor Avoidance Actions").

13.     On June 7, 2019, the Special Claims Committee and the Committee filed their *Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members Of the Special Claims Committee, and the Official Committee Of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures For the Approval of Settlements* [Docket No. 7325] (the "Initial Procedures Motion").

14.     On July 12, 2021, the Court granted the Initial Procedures Motion and entered the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And*

4

*(II) Establish Procedures For Approval Of Settlements* [Docket No. 7941] (the "Initial Procedures Order").

15.     Since April 2019, and in accordance with the Initial Procedures Order, the Special Claims Committee and the Committee have worked to informally resolve the Vendor Avoidance Actions and tolled claims without the need for formal litigation and without taxing the Court's resources.

16.     That informal resolution process resulted in the resolution of more than 200 hundred adversary proceedings and tolled causes of action.

17.     In August 2021, the Special Claims Committee and Committee announced that they had entered into a certain agreement (the "Committee Agreement") which memorialized, among other things, the parties' mutual intent to transfer the remaining Vendor Avoidance Actions and tolled claims to an avoidance action trust on the effective date of the forthcoming plan of adjustment. [*See, e.g.*, Docket No. 17717]. The Special Claims Committee and the Committee further reported that this Committee Agreement contemplated that, until the effective date of any plan, the Special Claims Committee would "stand down" from actively litigating the Vendor Avoidance Actions.

18.     In conjunction with the Committee Agreement, the Special Claims Committee and the Committee filed their *Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee, and the Official Committee of Unsecured Creditors to (I) Stay Litigation in the Vendor Avoidance Actions or, Alternatively (II) Extend Litigation Deadlines in the Vendor Avoidance Actions* [Docket No. 17717] (the "Stay Motion").

19.     The Stay Motion sought, among other things, a stay of the Vendor Avoidance Actions to postpone litigation activity "until it may occur under the singular direction of the Avoidance Actions Trust." *See* Stay Motion at ¶¶ 2-3. The Special Claims Committee and Committee further argued that the proposed stay would aid in effectuating the transfer of the Vendor Avoidance Actions in accordance with the Committee Agreement, reduce costs for all parties, and will allow the parties to focus their resources on resolving these cases consensually ahead of plan confirmation hearings. *Id.* ¶¶ 22-24.

20.     On August 26, 2021, the Court entered its *Order Staying Vendor Avoidance Actions* [Docket No. 17977] (the "Stay Order").

21.     The Stay Order imposed a stay of the Vendor Avoidance Actions identified in its Appendix "until thirty (30) days following the Effective Date of the Plan."

22.     With the exception of Vendor Avoidance Actions in which the Committee and the Special Claims Committee sought default judgment, the Stay Order was entered in each of the then-pending Vendor Avoidance Actions.

**C. The Plan, Confirmation Order, and Creation of the Avoidance Actions Trust**

23.     On July 30, 2021, the Oversight Board filed its *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket No. 17628] and corresponding disclosure statement.

24.     After an amendment and a series of modifications, the Oversight Board filed the Plan on January 14, 2022.

25.     On January 18, 2022, the Court entered the Confirmation Order, which confirmed the Plan.

6

26.     The Plan and Confirmation Order provide for the creation of the Avoidance Actions Trust to hold, manage and administer the "Avoidance Actions Trust Assets" and distribute the proceeds thereof, if any, to the Avoidance Actions Trust Beneficiaries, in accordance with the terms of this Trust Agreement, the Plan, and the Confirmation Order. *E.g.*, Confirmation Order, ¶¶ 18-19; Plan §§ 78.1 – 76.6.

27.     The Avoidance Actions Trust Assets include, without limitation, more than eighty (80) avoidance actions that are identified on Exhibits A and B to the Plan—which were among the Vendor Avoidance Actions—along with more than thirty (30) causes of action that are subject to tolling agreements. *See, e.g.*, Plan, §§ 1.103, 1.1.08.

28.     The Vendor Avoidance Actions identified on Appendix I (collectively, the "Avoidance Actions") are those that remain open, active cases and do not include Vendor Avoidance Actions that are closed, include a default judgment, or include a defendant that has filed for bankruptcy relief.

29.     The Avoidance Actions Trust is organized for the sole purpose of liquidating and distributing the Avoidance Actions Trust Assets, including the Avoidance Actions.

30.     To this end, the Trustee is mandated to:

[E]xercise reasonable business judgment and liquidate the Avoidance Actions Trust Assets to maximize net recoveries; provided, however, that the Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of recoveries . . .  Subject to the terms of this Trust Agreement, such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action of the Avoidance Actions Trust or through the sale or other disposition of the Avoidance Actions Trust Assets (in whole or in combination, and including the sale of any claims, rights or causes of action of the Avoidance Actions Trust).

Avoidance Actions Trust Agreement, § 1.6.[2]

31.     On March 15, 2022 (the "Effective Date"), the Plan became effective and, in accordance therewith, the transactions contemplated by the Plan were consummated, including the appointment of the Trustee to the Avoidance Actions Trust. [*See* Docket No. 20349].

32.     Pursuant to the Plan, the Avoidance Actions were transferred to the Avoidance Actions Trust.

**D.  Status of the Avoidance Actions**

33.     Due to the Stay Order, the Avoidance Actions are in their initial stages.

34.     Because these actions have been stayed since the early stages of each case, there has been a response to the complaint in only three of the actions and the majority of the cases have not had an answer filed, and there has been no motion practice nor discovery.

## RELIEF REQUESTED

35.     The Trustee is obligated to review and analyze each Avoidance Action to facilitate the orderly management of these cases while conserving judicial resources, including an opportunity to maximize the potential for the out-of-court resolution and provide a framework for the litigation of those Avoidance Actions that cannot be resolved.

36.     The Trustee requests that this Court modify and supersede the procedures set out in the Initial Procedures Order and approve the Avoidance Action Procedures (defined below) to ensure that the Trustee and all parties (i) have a meaningful opportunity to evaluate the claims and defenses in each of the cases, accounting for the Avoidance Actions Trust's recent formation and the Trustee's recent appointment; (ii) have sufficient time to informally negotiate a resolution

---

2. A draft of the Avoidance Actions Trust Agreement may be found within that certain *Notice of Submission of Amended Plan Supplement and Plan Related Documents by the Commonwealth of Puerto Rico, et al.* [Docket No. 19062].

without the pressure of imminent litigation deadlines; (iii) have a framework for mandatory mediation; and (iv) can minimize costs and also ease the Court's administrative burden.

37.    The Trustee respectfully submits that the implementation of the Avoidance Action Procedures will allow this Court to efficiently administer the Avoidance Actions and allow the parties an opportunity to resolve the existing disputes in a cost-effective manner. Accordingly, the Trustee respectfully requests the entry of the Proposed Order, which implements the proposed procedures below and supersedes the procedures in the Initial Procedures Order.

## **PROPOSED PROCEDURES**

38.    The Trustee respectfully requests that the Court adopt and implement the following procedures to govern the Avoidance Actions (the "Avoidance Action Procedures"):

I.    **Notice of Applicability**

   i.    The Avoidance Action Procedures shall apply to the Avoidance Actions listed in Appendix I.

II.    **Stay of Litigation**

   i.    All pending actions shall be stayed for at least a period of 120 days, at which time, any party may file an appropriate motion seeking to re-commence any of the stayed Avoidance Actions (the "Stay Period"). The Stay Period shall be deemed to have expired as to each respective Avoidance Action *only* upon the entry of an order by the Court lifting the stay in each respective Avoidance Action (in each case, an "Order Lifting Stay").

III.    **Informal Settlements and Procedures for Court Approval**

   i.    During the Stay Period, the Trustee shall endeavor to initiate and invite each defendant or tolled party to engage in informal settlement discussions consisting of each party presenting its position and exchanging documents in support of such positions with the opportunity for negotiation.

   ii.    The informal settlements discussions shall be confidential and subject to Rule 408 of the Federal Rules of Evidence.

   iii.    Authority

      a)    Consistent with Section 79.1 of the Plan, the Trustee may enter into written settlement agreements (the "Settlement Agreements" and each

a "Settlement Agreement") with the defendants or tolled party, which agreements shall be enforceable and effective as provided below.

b) For purposes of Section 79.1 of the Plan, the Trustee will have approval of the Court with respect to any Settlement Agreement if it acts consistently with the following settlement procedures.

iv.   Settlement Procedures

a) Any Settlement Agreements executed by the Trustee pursuant to the authority granted in the Order must contain the following provisions (the "Settlement Standards"):

1. The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

2. The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

3. The Trustee shall file a notice of dismissal of the Avoidance Action after the settlement has been consummated.

4. The Trustee will have the authority to settle without further order of the Court any Avoidance Action where the net amount in controversy, after the application of defenses, does not exceed $20 million (the "Net Claim").

b) Where the Net Claim does not exceed twenty million dollars ($20,000,000), any Settlement Agreement shall be enforceable without further notice, hearing, or Court approval.

c) Where the Net Claim exceeds twenty million dollars ($20,000,000), the Trustee will file with the Court in the Commonwealth case (Case No. 17-03283) a notice of settlement (the "Notice of Settlement") that will disclose the following:

1. The dollar amount of the settlement; and

2. The Net Claim amount and the amount recovered in the applicable Avoidance Action without identifying the Avoidance Action adversary proceeding number or tolled party.

d) If no objection to the Notice of Settlement is filed and served upon the Trustee within fourteen (14) days after the filing, the Settlement Agreement will automatically become effective and binding on the parties.

    e)   If an objection is filed pursuant to paragraph (c) above, the Trustee shall file a response to the objection within fourteen (14) of filing the objection.

    f)   Thereafter, the Court shall in its discretion determine if a hearing on the objection is necessary

## IV. **Mediation**

    i.   During the stay period, the Trustee shall communicate with each defendant for the purpose of establishing dates for pre-trial mediation with each defendant, which shall be scheduled on a mutually convenient date among counsel and the parties.

    ii.   In order to facilitate the mediations, the Trustee shall establish a roster of mediators presumptively satisfactory to it from which the parties may select.

    iii.   Nothing would prohibit the parties from mutually agreeing to a mediator that is not listed on the roster.

    iv.   Prior to the expiration of the Stay Period, the parties shall file a Notice of Mediation identifying the date of mediation and mediator selection.

    v.   Mediator compensation shall be apportioned equally between the parties to the mediation in accordance with the requirements of the selected mediator.

    vi.   Within seven (7) days before the first mediation session, the parties, shall submit to the mediator a "Position Statement" not to exceed ten (10) pages double-spaced (not including exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement. Nothing in these procedures precludes any party from making confidential submissions to the mediator.

    vii.   The mediation, and communications relative to the substance of the mediation, shall be privileged pursuant to Rule 408 of the Federal Rules of Evidence. No party shall discuss, in written or oral submissions, and the Court will neither invite nor entertain, information regarding events or actions in the mediation process. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing, or responsibility.

    viii.   Within 10 days of the mediation session, the parties shall file a joint status report advising the Court of the following: (A) whether the parties have resolved the Avoidance Action; or (B) if not, whether further mediation will not be useful.

## V. **Litigation Procedures and Deadlines**

i.  Within 45 days after the entry of an Order Lifting Stay, the respective defendant(s) shall file and serve an answer or response to the complaint in the respective Avoidance Actions (the "Response Due Date").

ii.  If necessary, to allow for any out-of-court resolution of the Avoidance Actions, the Response Due Date may be extended by further motion of any party and upon approval by this Court.

iii.  If a defendant files a motion under Federal Rule of Civil Procedure 12, made applicable to the Avoidance Actions by Bankruptcy Rule 7012, in response to the Avoidance Actions complaints ("Motion to Dismiss"), the Trustee, if necessary, shall file an opposition or other responsive pleading ("Motion to Dismiss Response") to such Motion to Dismiss within 60 days.

iv.  If a defendant has already filed a Motion to Dismiss or other Rule 12 motion, then the Trustee shall file a Motion to Dismiss Response within 60 days after the entry of an Order Lifting Stay.

v.  Following the Motion to Dismiss Response, the defendant, if necessary, shall file a reply ("Reply") within 30 days.

vi.  Notwithstanding the foregoing, nothing herein shall prevent parties from agreeing to, or the Court approving, any alternative briefing schedule for any responsive pleadings.

vii.  No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be held in the Avoidance Actions.

## VI.  **Motion Practice**

i.  Prior to filing any motion or application for relief in these proceedings, the movant shall confer in good faith with the non-movant and all affected parties in a good faith effort to resolve or narrow the issues raised by the motion sought to be filed.

ii.  The non-movant shall promptly respond to any request for a meet and confer.

iii.  All meet and confer conferences shall occur between counsel and be via telephone, videoconference or detailed email.

iv.  If a party files a motion without a meet and confer, that party shall certify the efforts made to discuss the proposed motion prior to filing.

v.  Counsel filing a motion shall include a certification of the meet and confer prior to the signature block in substantially the following format:

Certification of Counsel

On _____, undersigned counsel conferred in good faith with _____ via telephone/zoom/email regarding the relief sought in this motion and the parties were unable resolve or further narrow the issues.

## VII. **Discovery**

i. To the extent discovery is necessary or may be contemplated in the Avoidance Actions, on a date that is twenty-one (21) days after the Response Due Date or twenty-one (21) days after the equivalent deadline in an alternative briefing scheduling, the Trustee and the defendant shall: (a) meet and confer by email or via telephone call as to a joint discovery schedule; and (b) on a date that is fourteen (14) days after the parties meet and confer, the parties shall file a joint proposed discovery schedule in accordance with the Federal Rules of Civil Procedure as made applicable in the Federal Rules of Bankruptcy Procedure.

ii. Upon approval by this Court of a joint proposed discovery schedule, the parties shall conduct discovery in accordance with the proposed schedule.

## VIII. **Post-Discovery Litigation Proceedings**

i. <u>Post-Discovery Motion Practice</u>. To the extent that, at the close of discovery, motion practice in accordance with Federal Rule of Civil Procedure 26 as made applicable in the Federal Rules of Bankruptcy Procedure is necessary, such motions must be filed within thirty (30) days after the close of discovery. Any opposition or other response to such motions shall be filed within thirty (30) days after such motion is filed.

ii. <u>Hearings</u>. All matters concerning any Avoidance Action shall be heard on the Omnibus Dates provided in the Case Management Order (as amended); provided, however, that a party may request a hearing on an any other date, and such request may be granted by this Court, for good cause shown. The Trustee, at least seven (7) days prior to each Omnibus Hearing where a matter and/or matters concerning certain Avoidance Actions will be heard, shall jointly file a report setting for the status of each such Avoidance Actions matters. This report shall be filed on the docket for the Commonwealth's case (17- 3283) and emailed to deindprcorresp@mad.uscourts.gov.

iii. <u>Trial</u>.

a) Within 60 days of the close of discovery, if trial is required, the Trustee shall file a notice that the action is at issue.

b) Any trial concerning the Avoidance Actions shall occur on a date that is agreed upon by joint stipulation by all parties, which joint stipulation, shall be filed, if necessary, no later than ninety (90) days after the close of discovery.

c) Witness and exhibit lists shall be filed 45 days prior to trial.

d) Exhibits shall be pre-marked and exchanged 30 days prior to trial. The parties shall avoid duplicative exhibits by submitting a set of joint exhibits.

iv.  <u>Summary Judgment Motions</u>.

a) Any motion for summary judgment shall be filed no later than 60 days after the close of discovery.

b) Oppositions to motions for summary judgment shall be filed within 45 days of any motion for summary judgment.

c) Replies shall be filed within 21 days of any opposition.

d) Any motion for summary judgment shall encompass all issues that shall be submitted to the Court for consideration and seriatim motions on individual topics shall not be permitted.

<b><u>BASIS FOR REQUESTED RELIEF</u></b>

39.    This Court has authority to approve, adopt, and implement the Avoidance Action Procedures pursuant to section 105(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7016 and 9019, and PROMESA Section 305.

**A.    The Requested Stay**

40.    The Trustee respectfully submits that the stay proposed in the Avoidance Action Procedures is necessary to facilitate the orderly transition of the Avoidance Actions from the Special Claims Committee and Committee to the Trustee, and to provide for an efficient and costs-effective resolution of the Avoidance Actions through alternative dispute mechanisms.

41.    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As this Court has observed previously in these PROMESA matters, "[f]ederal courts possess the inherent power to stay proceedings for prudential reasons." *In re Financial Oversight and Management Board for Puerto Rico*, 617 B.R. 173, 179 (D. Puerto Rico 2020) (quoting *Microfinancial, Inc. v. Premier*

14

*Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004)); *Microfinancial*, 385 F.3d at 77 ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."); *Bridge Const. Corp. v. City of Berlin*, 705 F.2d 582, 583 (1st Cir. 1983) ("Controlling the docket by methods including a stay is a power inherent in every court."). The ability to modify or further such a stay necessarily flows from the Court's inherent authority. *See id.* (citing *Green v. Cosby*, 177 F. Supp. 3d 673, 681 (D. Mass. 2016)). Bankruptcy courts have also noted that § 105 recognizes their "inherent authority" to stay actions. *In re S. Side House, LLC*, 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012). PROMESA expressly incorporates Bankruptcy Code section 105(a). *See* PROMESA § 301(a).

42.     In considering a stay, courts generally "balance the equities" and consider the "potential prejudice that [a stay] may entail to each party." *Walsh Constr. Co. P.R. v. United Sur. & Indem. Co.*, CV 12-1401 (SEC), 2015 WL 13548470, at *4 (D.P.R. Sept. 28, 2015); *see also Landis*, 299 U.S. at 255. Courts also consider the duration of the stay requested, the conservation of judicial resources, the prejudice faced by the parties if a stay is, or is not, entered. *See, e.g.*, *Ramos-Martir v. Astra Merck, Inc.*, CV 05-2038 (PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005); *In re ConAgra Foods, Inc.*, CV 11-05379-MMM (AGRx), 2014 WL 12580052, at *4-9 (C.D. Cal. Dec. 29, 2014), *Total Petroleum Puerto Rico Corp. v. T.C. Oil, Corp.*, CV 09-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010).

43.     Additionally, Bankruptcy Rule 7016 affords courts significant flexibility and discretion in adopting measures to facilitate the "just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16 (made applicable pursuant to Bankruptcy Rule 7016). The Plan, too, provides that the Court retains jurisdiction to, and may, enter such Orders that may be "necessary or appropriate to execute, implement, consummate or enforce the provisions of (a) contracts,

instruments, releases, indentures, and other agreements or documents approved by Final Order in the Title III Cases, and (b) the Plan, the Confirmation Order, Definitive Documents and any other contracts, instruments, securities, releases, indentures, and other agreements or documents created in connection with the Plan." Plan, § 91.1(f).

44.     All of the relevant considerations *supra* support the proposed stay.

45.     First, the proposed stay will facilitate and protect the integrity of the transfer of the Avoidance Actions to the Avoidance Action Trust. Under the confirmed Amended Plan and Confirmation Order, the Debtors were obligated to transfer the Avoidance Actions to the Avoidance Actions Trust on the effective date. As reflected in the Debtors' *Notice of (A) Entry of Order Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Docket No. 20349], the effective date of the Debtors' Amended Plan occurred less than a month ago. In order to properly manage and discharge its fiduciary duties, the Trustee submits that it must evaluate these numerous and significant claims, which would require, among other things, retaining legal and financial professionals and advisors, independently analyzing the claims, formulate position based on its business judgment, seeking to engage in a dialogue with defendants, and exploring settlement and other resolution – before racing into expensive and time-consuming litigation. The Trustee must now fully and independently evaluate the Avoidance Actions, the various bases for such claims, and then determine whether to settle, prosecute, abandon, or otherwise dispose of these claims in its business judgment. The proposed stay of litigation would eliminate the possibility of the Trustee being forced to drink from the proverbial firehose and take critical legal positions without the benefit of a sufficient, considered, and thoughtful due diligence process.

46.     Second, and relatedly, the Trustee asks the Court to grant the stay proposed in this Motion ultimately for the benefit of the beneficiaries of the Avoidance Action Trust. As noted *supra*, the Trustee will have to conduct the requisite due diligence concerning the Avoidance Actions that were just only recently transferred by the Debtors to the Avoidance Action Trust. The Trustee believes this diligence is appropriate to ensure the interests of the Avoidance Action Trust assets—*e.g*., the Avoidance Actions—are preserved.

47.     Third, the non-moving parties will not be prejudiced by a stay. Pursuant to the Court's previously-entered Stay Order, the Avoidance Actions are currently stayed until thirty days after the Effective Date. The proposed, modest stay will only maintain the status quo that has existed for that period of time. If anything, the non-moving parties would in fact benefit from the opportunity to confer with the newly-appointed Trustee concerning alternative resolutions to the claims at issue in this case, including availing themselves of the robust mediation procedures proposed in the Avoidance Action Procedures. If no resolution is reached, the non-moving parties will be in the exact same position as when the stay was entered and no worse off.

**B.      Litigation Procedures and Deadlines**

48.     There is ample authority for the Court to approve the litigation procedures and deadlines set out in the Avoidance Trust Procedures. Federal Rule of Bankruptcy Procedure 7016(a) authorizes a court to enter orders intended to promote judicial economy and efficiency. Specifically, orders that expedite disposition of an action, establish early and continuing control, and discourage wasteful activities may be entered by a court. Fed. R. Bankr. P. 7016(a). Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy Court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter

17

11]," 11 U.S.C. § 105(a) and section 105(d) authorizes the Court to issue orders "necessary to

further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d); *see Robbins*

*v. Fulton Bank, N.A.*, CV 17-2763, 2018 WL 1693386, at *6 (E.D. Pa. Apr. 6, 2018) (noting that

section 105(a) reiterates court's inherent power to manage litigation); *In re Ballard*, 502 B.R. 311,

322 (Bankr. S.D. Ohio 2013) (noting that through section 105(a) Congress made sure that

bankruptcy courts had the tools necessary to manage the litigation before them); *In re Walker,* 195

B.R. 187, 208 (Bankr. D.N.H. 1996) (noting that courts have inherent power to manage pending

litigation).

49.    Moreover, this Court (*e.g.*, the Initial Procedures Order) and other courts have

entered similar case management orders in order to facilitate administration of large cases or large

volumes of avoidance actions because this is a prudent approach to such litigation. *See Order*

*Granting Debtors' Amended Motion For Order Pursuant To Bankruptcy Code Sections 102 And*

*105, Bankruptcy Rules 1015, 2002, 9007, And 9036, And Local Bankruptcy Rule 2002 Authorizing*

*The Establishment Of Certain Notice, Case Management, And Administrative Procedures, In re*

*SunEdison, Inc.*, Case No. 16-10992 (Bankr.S.D.N.Y. May 20, 2016), ECF No. 360; *Order (I)*

*Approving Case Management Procedures, (II) Approving The Notice Thereof, and (III) Granting*

*Related Relief, In re Caesars Entertainment Operating Company, Inc., et al,* Case No. 15-01145

(ABG) (Bankr. N. D. Ill. 2015), ECF No. 18; *Order Pursuant To Bankruptcy Code Section 105(A)*

*And Bankruptcy Rule 1015(C) And 9007, Implementing Certain Notice And Case Management*

*Procedures, In re GT Advanced Techs.*, Case No. 14-11916 (Bankr. D. N.H. Oct. 9, 2014), ECF

No. 83; *Order Establishing Notice, Service, And Case Management Procedures Pursuant To 11*

*U.S.C. §§ 102(1)(A) And 105(A) And Bankruptcy Rule 2002(M), In re Jefferson Cty.*, Case No. 11-

5736 (Bankr. N.D. Ala. Nov. 11, 2011), ECF No. 89; *Order Establishing Certain Notice, Case*

*Management, and Administrative Procedures, In re R&G Financial Corp*., Case No. 10-04124

(Bankr. D.P.R. Nov. 15, 2011), ECF No. 59; *Order (1) Establishing Litigation Case Management*

*Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order,*

*In re Bernard L. Madoff,* Case No. 08-01789 (SMB) (Bankr. S.D.N.Y. 2010), ECF No. 3141;

*Amended Order Establishing Certain Notice, Case Management, And Administrative Procedures,*

*In re UTGR, Inc.*, No. 09-12418, (Bankr. D.R.I. Oct. 06, 2009), ECF No. 337.

50.     Finally, the proposed Avoidance Action Procedures will (a) streamline the

resolution of the Avoidance Actions without prejudice to any Defendant; (b) facilitate the prompt

and cost-effective resolution of the Avoidance Actions; (c) minimize the Court's administrative

burden, furthering the goals of judicial economy and the conservation of judicial resources; and

(d) maximize the recovery of funds for Avoidance Actions Trust beneficiaries. Further the

Avoidance Action Procedures will further provide clear guidelines that account for the formation

of the Avoidance Actions Trust and the Trustee's participation in the Avoidance Actions on its

behalf.

51.     To the extent that the proposed Avoidance Action Procedures deviate from

otherwise applicable rules and orders, the Trustee submits that such variations are warranted in

light of the unprecedented scope of the Title III proceedings, coupled with the number of

Avoidance Actions associated with this case, absent which it may be extremely difficult for this

Court to administer these matters.

52.     Therefore, the Trustee asserts that this Court's adoption of the Avoidance Action

Procedures will maximize the potential for consensual and amicable resolution of the Avoidance

Actions and, if unsuccessful, proceed to trial without the need for repetitive motion practice to

establish litigation schedules in each one of the numerous matters.

**REQUEST FOR HEARING**

53.     The Trustee hereby requests that this Motion be heard during the May 18, 2022 omnibus hearing.

**NOTICE**

54.     The Trustee has provided notice of this Motion to: (i) the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight Board; (vii) counsel for the Creditors' Committee; (viii) counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in the Appendix through their counsel, if known, or through their resident agent or representative.

WHEREFORE, the Trustee respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and granting the Trustee such other relief as this court deems just and proper.

Dated this 14th day of April 2022

Respectfully submitted by:

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com
*Counsel to the Trustee*

/s/ *Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Edna Tejeda Oyola, Esq. (USDC-PR 219803)
Juan C. Nieves González, Esq. (USDC-PR 231707)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com
jnieves@cstlawpr.com
etejeda@cstlawpr.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on April 14, 2022 I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

*/s/Juan J. Casillas-Ayala*
Juan J. Casillas-Ayala, USDC-PR 218312

21