# **Exhibit A**

(Proposed Order)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

   Debtors.[1]
---------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

(Jointly Administered)

### ORDER GRANTING OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES

Upon the motion dated April 14, 2022 (the "Motion")[2] of Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust (the "Avoidance Actions Trust"), pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being

---

1. The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. All capitalized terms that are not otherwise defined in this Order shall have the meaning ascribed to such terms in the Motion.

1

proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any oppositions, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED**:

1. The Motion is granted.

2. The Avoidance Action Procedures attached hereto as <u>Appendix II</u> are adopted and shall govern the Avoidance Actions listed in <u>Appendix I</u>.

3. The Avoidance Actions Trustee, on behalf of the Avoidance Actions Trust, is granted authority to enter Settlement Agreements with the Avoidance Action defendants listed in Appendix I, as amended or supplemented, and to grant releases to such defendants in connection therewith without further Court approval, subject to the Settlement Standards and Settlement Procedures set forth in <u>Appendix II</u>.

4. The defendants who enter into any Settlement Agreements shall remain subject to this Court's jurisdiction with respect to enforcement of the Settlement Agreements.

5. The procedures set forth in the Initial Procedures Order are modified and superseded as provided in this Order. In the event of any inconsistency between the Initial Procedures Order and this Order, the terms and provisions of this Order and the Avoidance Action Procedures attached hereto as <u>Appendix II</u> shall prevail.

6. This Court shall retain jurisdiction with respect to all matters relating to this the interpretation and implementation of this Order.

Dated: _____, 2022

_____
Honorable Judith G. Dein
United States Magistrate Judge

## Appendix I

## AAT AVOIDANCE ACTIONS

| | |
|---|---|
| 19-00042 | 19-00152 |
| 19-00043 | 19-00155 |
| 19-00044 | 19-00160 |
| 19-00048 | 19-00161 |
| 19-00049 | 19-00162 |
| 19-00051 | 19-00183 |
| 19-00053 | 19-00186 |
| 19-00054 | 19-00188 |
| 19-00055 | 19-00196 |
| 19-00056 | 19-00202 |
| 19-00060 | 19-00218 |
| 19-00062 | 19-00220 |
| 19-00063 | 19-00227 |
| 19-00068 | 19-00229 |
| 19-00075 | 19-00232 |
| 19-00088 | 19-00235 |
| 19-00092 | 19-00236 |
| 19-00093 | 19-00239 |
| 19-00102 | 19-00253 |
| 19-00114 | 19-00255 |
| 19-00127 | 19-00265 |
| 19-00130 | 19-00266 |
| 19-00134 | 19-00273 |
| 19-00143 | 19-00276 |
| 19-00145 | 19-00440 |
| 19-00150 | |

# Appendix II

## The Avoidance Action Procedures

55. The Trustee respectfully requests that the Court adopt and implement the following procedures to govern the Avoidance Actions (the "Avoidance Action Procedures"):

I. **Notice of Applicability**

   i. The Avoidance Action Procedures shall apply to the Avoidance Actions listed in Appendix I.

II. **Stay of Litigation**

   i. All pending actions shall be stayed for at least a period of 120 days, at which time, any party may file an appropriate motion seeking to re-commence any of the stayed Avoidance Actions (the "Stay Period"). The Stay Period shall be deemed to have expired as to each respective Avoidance Action *only* upon the entry of an order by the Court lifting the stay in each respective Avoidance Action (in each case, an "Order Lifting Stay").

III. **Informal Settlements and Procedures for Court Approval**

   i. During the Stay Period, the Trustee shall endeavor to initiate and invite each defendant or tolled party to engage in informal settlement discussions consisting of each party presenting its position and exchanging documents in support of such positions with the opportunity for negotiation.

   ii. The informal settlements discussions shall be confidential and subject to Rule 408 of the Federal Rules of Evidence.

   iii. Authority

   a) Consistent with Section 79.1 of the Plan, the Trustee may enter into written settlement agreements (the "Settlement Agreements" and each a "Settlement Agreement") with the defendants or tolled party, which agreements shall be enforceable and effective as provided below.

   b) For purposes of Section 79.1 of the Plan, the Trustee will have approval of the Court with respect to any Settlement Agreement if it acts consistently with the following settlement procedures.

   iv. Settlement Procedures

   a) Any Settlement Agreements executed by the Trustee pursuant to the authority granted in the Order must contain the following provisions (the "Settlement Standards"):

1

1. The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

2. The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

3. The Trustee shall file a notice of dismissal of the Avoidance Action after the settlement has been consummated.

4. The Trustee will have the authority to settle without further order of the Court any Avoidance Action where the net amount in controversy, after the application of defenses, does not exceed $20 million (the "Net Claim").

b) Where the Net Claim does not exceed twenty million dollars ($20,000,000), any Settlement Agreement shall be enforceable without further notice, hearing, or Court approval.

c) Where the Net Claim exceeds twenty million dollars ($20,000,000), the Trustee will file with the Court in the Commonwealth case (Case No. 17-03283) a notice of settlement (the "Notice of Settlement") that will disclose the following:

1. The dollar amount of the settlement; and

2. The Net Claim amount and the amount recovered in the applicable Avoidance Action without identifying the Avoidance Action adversary proceeding number or tolled party.

d) If no objection to the Notice of Settlement is filed and served upon the Trustee within fourteen (14) days after the filing, the Settlement Agreement will automatically become effective and binding on the parties.

e) If an objection is filed pursuant to paragraph (c) above, the Trustee shall file a response to the objection within fourteen (14) of filing the objection.

f) Thereafter, the Court shall in its discretion determine if a hearing on the objection is necessary

IV. **Mediation**

i. During the stay period, the Trustee shall communicate with each defendant for the purpose of establishing dates for pre-trial mediation with each defendant, which shall be scheduled on a mutually convenient date among counsel and the parties.

2

    ii.    In order to facilitate the mediations, the Trustee shall establish a roster of mediators presumptively satisfactory to it from which the parties may select.

    iii.    Nothing would prohibit the parties from mutually agreeing to a mediator that is not listed on the roster.

    iv.    Prior to the expiration of the Stay Period, the parties shall file a Notice of Mediation identifying the date of mediation and mediator selection.

    v.    Mediator compensation shall be apportioned equally between the parties to the mediation in accordance with the requirements of the selected mediator.

    vi.    Within seven (7) days before the first mediation session, the parties, shall submit to the mediator a "Position Statement" not to exceed ten (10) pages double-spaced (not including exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement. Nothing in these procedures precludes any party from making confidential submissions to the mediator.

    vii.    The mediation, and communications relative to the substance of the mediation, shall be privileged pursuant to Rule 408 of the Federal Rules of Evidence. No party shall discuss, in written or oral submissions, and the Court will neither invite nor entertain, information regarding events or actions in the mediation process. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing, or responsibility.

    viii.    Within 10 days of the mediation session, the parties shall file a joint status report advising the Court of the following: (A) whether the parties have resolved the Avoidance Action; or (B) if not, whether further mediation will not be useful.

V.    **Litigation Procedures and Deadlines**

    i.    Within 45 days after the entry of an Order Lifting Stay, the respective defendant(s) shall file and serve an answer or response to the complaint in the respective Avoidance Actions (the "Response Due Date").

    ii.    If necessary, to allow for any out-of-court resolution of the Avoidance Actions, the Response Due Date may be extended by further motion of any party and upon approval by this Court.

    iii.    If a defendant files a motion under Federal Rule of Civil Procedure 12, made applicable to the Avoidance Actions by Bankruptcy Rule 7012, in response to the Avoidance Actions complaints ("Motion to Dismiss"), the Trustee, if necessary, shall file an opposition or other responsive pleading ("Motion to Dismiss Response") to such Motion to Dismiss within 60 days.

    iv.    If a defendant has already filed a Motion to Dismiss or other Rule 12 motion, then the Trustee shall file a Motion to Dismiss Response within 60 days after the entry of an Order Lifting Stay.

    v.    Following the Motion to Dismiss Response, the defendant, if necessary, shall file a reply ("Reply") within 30 days.

    vi.    Notwithstanding the foregoing, nothing herein shall prevent parties from agreeing to, or the Court approving, any alternative briefing schedule for any responsive pleadings.

    vii.    No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be held in the Avoidance Actions.

VI. **Motion Practice**

    i.    Prior to filing any motion or application for relief in these proceedings, the movant shall confer in good faith with the non-movant and all affected parties in a good faith effort to resolve or narrow the issues raised by the motion sought to be filed.

    ii.    The non-movant shall promptly respond to any request for a meet and confer.

    iii.    All meet and confer conferences shall occur between counsel and be via telephone, videoconference or detailed email.

    iv.    If a party files a motion without a meet and confer, that party shall certify the efforts made to discuss the proposed motion prior to filing.

    v.    Counsel filing a motion shall include a certification of the meet and confer prior to the signature block in substantially the following format:

Certification of Counsel

On _____, undersigned counsel conferred in good faith with _____ via telephone/zoom/email regarding the relief sought in this motion and the parties were unable resolve or further narrow the issues.

VII. **Discovery**

    i.    To the extent discovery is necessary or may be contemplated in the Avoidance Actions, on a date that is twenty-one (21) days after the Response Due Date or twenty-one (21) days after the equivalent deadline in an alternative briefing scheduling, the Trustee and the defendant shall: (a) meet and confer by email or via telephone call as to a joint discovery schedule; and (b) on a date that is fourteen (14) days after the parties meet and confer, the parties shall file a joint proposed discovery schedule in accordance with the Federal Rules of Civil Procedure as made applicable in the Federal Rules of Bankruptcy Procedure.

4

      ii.    Upon approval by this Court of a joint proposed discovery schedule, the parties shall conduct discovery in accordance with the proposed schedule.

VIII.    **Post-Discovery Litigation Proceedings**

      i.    <u>Post-Discovery Motion Practice</u>. To the extent that, at the close of discovery, motion practice in accordance with Federal Rule of Civil Procedure 26 as made applicable in the Federal Rules of Bankruptcy Procedure is necessary, such motions must be filed within thirty (30) days after the close of discovery. Any opposition or other response to such motions shall be filed within thirty (30) days after such motion is filed.

      ii.    <u>Hearings</u>. All matters concerning any Avoidance Action shall be heard on the Omnibus Dates provided in the Case Management Order (as amended); provided, however, that a party may request a hearing on an any other date, and such request may be granted by this Court, for good cause shown. The Trustee, at least seven (7) days prior to each Omnibus Hearing where a matter and/or matters concerning certain Avoidance Actions will be heard, shall jointly file a report setting for the status of each such Avoidance Actions matters. This report shall be filed on the docket for the Commonwealth's case (17- 3283) and emailed to deindprcorresp@mad.uscourts.gov.

      iii.    <u>Trial</u>.

           a)    Within 60 days of the close of discovery, if trial is required, the Trustee shall file a notice that the action is at issue.

           b)    Any trial concerning the Avoidance Actions shall occur on a date that is agreed upon by joint stipulation by all parties, which joint stipulation, shall be filed, if necessary, no later than ninety (90) days after the close of discovery.

           c)    Witness and exhibit lists shall be filed 45 days prior to trial.

           d)    Exhibits shall be pre-marked and exchanged 30 days prior to trial. The parties shall avoid duplicative exhibits by submitting a set of joint exhibits.

      iv.    <u>Summary Judgment Motions</u>.

           a)    Any motion for summary judgment shall be filed no later than 60 days after the close of discovery.

           b)    Oppositions to motions for summary judgment shall be filed within 45 days of any motion for summary judgment.

           c)    Replies shall be filed within 21 days of any opposition.

d) Any motion for summary judgment shall encompass all issues that shall be submitted to the Court for consideration and seriatim motions on individual topics shall not be permitted.