UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

           Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION FOR THE RECONSIDERATION OF
THE ORDER ENTERED ON AUGUST 4, 2021, AT THE OMNIBUS HEARING
CONCERNING THE "THREE HUNDRED FORTY-FIFTH OMNIBUS OBJECTION"

The Court has received and reviewed the *Motion for the Reconsideration of the Order Entered on August 4, 2021, at the Omnibus Hearing Concerning the "Three Hundred Forty Fifth Omnibus Objection"* (Docket Entry No. 17892 in Case No. 17-3283)[2] (the "Reconsideration Motion"), filed by claimants whose wage-related claims were to be reclassified (the "Movants"), consistent with this Court's oral ruling at the omnibus hearing held on August

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references are to entries in Case No. 17-3283.

4, 2021, as general unsecured claims rather than as administrative expense claims under section 503(b)(1)(A)(ii) of the Bankruptcy Code. That decision sustained the *Three Hundred and Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* (Docket Entry No. 17108) (the "Omnibus Objection") as to proofs of claim nos. 1845, 136186, 39906, 27602, 45321, 12337, 36519, 29885, 10442, 35710, 129809, 90365, 12312, 12345, 2252, 28152, 4821, 2414, 145627, and 41069 (the "Claims").[3] (Aug. 4, 2021, Hr'g Tr., Docket Entry No. 17705 at 113:14-114:3.) The Reconsideration Motion invokes rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") as the basis for seeking reconsideration, even though no written order has yet been filed to memorialize the oral ruling on the pertinent omnibus objection. (Recon. Mot. at ¶¶ 15-20.)[4] On September 1, 2021, the Financial Oversight and Management Board for Puerto Rico filed a response to the Motion. (Docket Entry No. 18013 (the "Response").)

        A party seeking relief under Rule 59(e) must (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "[A] motion for

---

[3]     A complete list of the Movants and their claims is provided in the Reconsideration Motion, which mistakenly includes proofs of claim nos. 20773 (of Zoraida Chevere Fraguada), 9223 (of Maria Hernandez-Cedeno), 703 (of Irvin Rodriguez Montalvo), and those of various other claimants upon whose claims the Court did not rule at that hearing. (Compare Recon. Mot. at 2 & n.1 with Aug. 4, 2021, Hr'g Tr., Docket Entry No. 17705 at 112:25-113:13.)

[4]     Rule 59(e) is made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 9023. The Federal Rules of Bankruptcy Procedure are made applicable in these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2170 et seq.

reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). Accordingly, a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015) (citation and internal quotation marks omitted). A party's disagreement with the court's decision and desire to have the court "rethink its holding" are not grounds for reconsideration. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009).

Here, the Reconsideration Motion appears to challenge (as a manifest error of law) the Court's oral ruling that Movants' claims merited reclassification because section 503(b)(1)(A) of the Bankruptcy Code "only extends to claims arising from events that occur after the commencement of a bankruptcy case, and all of these claimants are asserting claims that long predate the debtors' Title III petitions." (Aug. 4, 2021, Hr'g Tr., Docket Entry No. 17705 at 113:21-24.)[5] This Court's decision took into consideration Movants' assertion that, contrary to Prime Clerk's classification of several claims (such as proofs of claim nos. 1845, 136186, 27602, 36519, 35710, 2252, 4821, 145627, and 41069), Movants were "not requesting priority [treatment] under § 503(b)(9), since [they] have not sold goods within the required statutory time frame," (Docket Entry No. 17423 at 4), and they specifically requested that the claims registry be

---

[5] Moreover, the Court declines as moot the Motion's invitation to reconsider the determination that "[a]ny objections as to the treatment of these unsecured claims in relation to other unsecured claims can be pursued in the context of the confirmation proceedings" (Aug. 4, 2021, Hr'g Tr., Docket Entry No. 17705 at 113:25-114:3). (Mot. ¶¶ 41, 46-47.)

amended to reflect that "the correct priority designation is under . . . § 503(b)(1)(A)(ii)." (Id.) In short, Movants had (i) withdrawn any assertion that at least some of their claims were entitled to administrative priority under 11 U.S.C. § 503(b)(9), (ii) failed to persuade the Court that 11 U.S.C. § 503(b)(1)(A) applied to their claims, and (iii) failed to proffer any basis for treating their claims as secured. Accordingly, the Omnibus Objection was sustained and the Claims were reclassified as unsecured. (Aug. 4, 2021, Hr'g Tr., Docket Entry No. 17705 at 113:14-114:3.)

Movants now appear to mischaracterize the nature of their proofs of claim to support a different legal theory. Whereas Movants' proofs of claim admittedly "derive[d] from a pre-petition final judgment" (Recon. Mot. ¶ 13), they now appear to be arguing that, to this day, "the wage shortfall accrues every month" (id.). Under their new theory, Movants argue that the word "attributable" in section 503(b)(1)(A)(ii) of the Bankruptcy Code ("Section 503(b)(1)(A)(ii)"), which refers to back pay that is attributable to any period of time occurring after commencement of the case, should be understood as "owning, identifiable or expected, as in the form of payment or accountable." (Recon. Mot. ¶¶ 20, 29-33.) Thus, they argue, Section 503(b)(1)(A)(ii) refers to amounts that became owed, expected, or ascertained post-petition, "without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered." (Id. ¶ 34 (quoting 11 U.S.C.A. § 503(b)(1)(A)(ii) (Westlaw through P.L. 117-102)).) In other words, they argue, Section 503(b)(1)(A)(ii) "only requires that the amount due is accountable, attributable after the commencement of the case." (Id. ¶ 36.)

To the extent the Reconsideration Motion now seeks to amend or replead their Claims to include a "wage shortfall [that] accrues every month" (id.), so that Movants now seek payment on account of post-petition wages, it is denied. See Quality Cleaning Prods. R.C., Inc.,

794 F.3d at 208. At best, such a request constitutes an attempt to "advance arguments that could and should have been presented to the district court prior to the judgment," and is therefore an inappropriate basis for a reconsideration motion. Id. At no point prior to the Court's oral ruling did Movants provide any inkling of (or factual assertions supporting) a claim for administrative expenses that had accrued and continued to accrue post-petition. To the extent the Court indulged Movants' theory under Section 503(b)(1)(A)(ii) at all, it did so because Movants had already admitted that their claims did not arise under 11 U.S.C. § 503(b)(9), which was the only formally recognized basis for asserting administrative expense priority within "Modified Official Form 410" for filing a proof of claim.[6]

No other basis exists for reconsideration. Any remaining arguments are either duplicative of those already considered and rejected, attempt to introduce new factual allegations not previously asserted, or else rely on citations to case law previously available to Movants and which are unavailing. Movants have not identified any intervening change in controlling law since the Court made its oral ruling, nor do they refer to any previously unavailable or newly discovered facts that would affect the Court's legal conclusions underlying the oral ruling. The Reconsideration Motion is therefore denied. This Order resolves Docket Entry No. 17892 in Case No. 17-3283.

SO ORDERED.

Dated: April 18, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[6] The cover page of "Modified Official Form 410" states: "Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503." (See Docket Entry No. 2521-3 at 1.)