## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| The Financial Oversight and Management Board for Puerto Rico, | PROMESA Title III |
| as representative of | No. 17 BK 3283 (LTS) |
| The Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority, | (Jointly Administered) |
| Debtors | |

**MOTION REQUESTING ORDER OR IN THE ALTERNATIVE TO LIFT STAY**

To the Honorable Court:

Come Now Certain Creditors in USDCPR cases 17-1770 and 18-1081, thru the undersigned attorney and very respectfully aver and pray:

The undersigned is the attorney of record of 75 Plaintiffs ("Movants") in two cases currently before the United States District Court for the District of Puerto Rico ("The District Court") , to wit civil cases Washington del Valle v. Rivera Schatz, number 17-1770 (WGY) and

1

García Perales v. Rivera Schatz, number 18-1081 (WGY). The Commonwealth of Puerto Rico is not a party in any of these cases.

I. STATUS OF THE INSTANT CASE

On January 18th, 2022, this Court Confirmed the Joint Plan of Adjustment (the "Plan") of the Commonwealth of Puerto Rico and Other Debtors.[1] The Plan became effective on March 15th, 2022.[2] As part of the dispositions of the Plan that were specifically reflected in the Order confirming it, the injunctions and stays in effect in the case were to remain in full force and effect through the Effective Date.[3]

Movants respectfully request that this Honorable Court allow these two cases to continue to their final stage in the District Court including trial and payment for any judgement if one is issued.

When deciding whether to grant the relief requested herein, we respectfully ask the Court to consider the nature of Movants' claims. In the interest of justice there is a need that such claims be settled expeditiously as they consist in a Violation of first amendment rights, arising directly under the United States Constitution that guarantees that no person will be deprived of its right to

---

[1] See docket # 19813 of case 17-bk-3283 LTS.
[2] See docket # 20349 of case 17-bk-3283 LTS.
[3] See Paragraph 66 of the Order (docket # 19813, page 79 of 93) of case 17-bk-3283 LTS and the Plan (docket # 19813-1, Plan, paragraph 92.25, page 207 of 305) of case 17-bk-3283 LTS.

free expression. Plaintiffs have been preparing and waiting for five years to have their cases ready for trial.

The fact that the causes of action in Movants' cases are against individuals, not against the Debtor should also be factored in. Indeed, in <u>In re City of Detroit</u>, 524 B.R. 147 (Bankr. E.D. Mich. 2014), at page 192, the Court, referring to Constitutional Claims, stated that "The Court concludes, therefore, that a Claim against a City employee in his or her individual capacity is not a claim against the city for bankruptcy purposes. Accordingly, such a claim is neither discharged nor subject to impairment."

II. REMEDY REQUESTED FROM THIS HONORABLE COURT

Passed the Effective Date, Plaintiffs filed a Motion to Lift Stay and Requesting Status Conference in the abovementioned cases. (Docket #265, Washington del Valle; Docket #111, García-Perales). In both cases the parties have completed discovery, completed the dispositive motions stage and the appellate procedures for these motions. The cases are ready for trial.

The District Court granted said Motion for case number 17-1770 and scheduled a Status Conference for April 7, 2022. (Dockets #266 and #267). Motion in 18-1081 is still pending resolution.

On March 31st, 2022, the Department of Justice of Puerto Rico on behalf of the Commonwealth of Puerto Rico filed a "Motion for Reconsideration and Request for Order" asking the Court to vacate the scheduled hearing and requesting an order for Plaintiffs to produce their Proof of Claims

3

in the PROMESA Title III case 17-bk-3283 LTS (Docket #268). On the same date, said request was joined by José Luis Dalmau-Santiago, President of the Senate of Puerto Rico (Docket #269).

Movants opposed the Commonwealth's argument (Docket #271) as the cause of action against defendants is in their personal capacity and should be allowed to go to trial. The Commonwealth is not a named defendant in any of the Complaints. As to the treatment of claims against defendants in their personal capacity, see generally Colón v Negrón-Fernández, USCA 1st Cir., 18-1579 (2021), citing Deo Campo v. Potts, 836 F.3rd 1134, 1136 (9th Cir.2016). Plaintiffs in these cases (Movants in the instant case) produced the information on the proof of claims filed as requested.

During the April 7, 2022, conference the District Court did not vacate its Order at docket #266 but determined to stay the proceedings for 60 days to grant Movants time to request the opinion of this Court as to the District Court moving forward with case 17-1770 after the Effective Date. (Docket #276, Exhibit 1)

### III. PLAINTIFFS' CLAIMS FOR RELIEF

Movants filed the complaints mentioned above in the District Court against Thomas Rivera Schatz, (at the time President of the Senate of Puerto Rico); Carlos "Johnny" Mendez, (at the time Speaker of the House of Representatives of Puerto Rico); Wilfredo Ramos (at the time Superintendent of the Capitol of Puerto Rico ); Gabriel Hernández (at the time Chief of Staff for the Senate President); Pablo Sastre, Angel Redondo and Jose Figueroa Torres (at the time employees of the office of the Superintendent of the Capitol); their wives and their respective

4

Conjugal Partnerships. The claim is for compensatory and punitive damages in the amount of 1.5 million dollars for each plaintiff, for a total of 112.5 million dollars in the aggregate.

Movants are asking for compensatory and punitive damages, injunctive and equitable relief under the First and Fourteenth amendments to the Constitution of the United States of America, and Sections 1983 and 1988 of title 42 United States Code for the deprivation of Plaintiffs' property rights without due process of law, the retaliatory termination of their employment based on their political beliefs, damages to their professional reputation and mental anguish and emotional damages caused to plaintiffs by the defendants.

The members of the Legislative Assembly were sued in their personal capacity. They were also sued in their official capacity only regarding the injunctive relief requested. Again, the Commonwealth is not a named Defendant in either Complaint.

The Washington del Valle Case 17-1770

The Complaint was filed on June 8th, 2017. After the Summons were executed, Defendants requested benefits under Puerto Rico Law 104 of June 29, 1955, as amended, to receive legal representation in their individual capacities.

Law 9 of November 26th, 1975 amended Law 104, to set forth that an official or employee of the Government of Puerto Rico who is summoned as a defendant in his personal or individual capacity under allegations of having infringed upon a plaintiff's civil rights – as is that case – or for acts or omissions in the performance of his/her official duties, may request legal representation

through the Puerto Rico Department of Justice, or by way of leave granted by said Department, through legal representation of their choosing. Additionally, that the government assumes the payment of a judgment against said officers or employees in certain instances. The grant of benefits under the act does not have the effect to turn the Commonwealth into a defendant.

The defendants, sued in their personal capacity, requested the benefits of Puerto Rico Law 104, as amended by Law 9. Pursuant to Law 9 and the Regulation Regarding Legal Representation and Payment of Judgment (Regulation 8405 of 2013), the Commonwealth's Department of Justice granted said benefits.

Also, the Department of Justice authorized the defendants to be represented, by way of leave, by legal representation of their choosing, not by the Commonwealth's Department of Justice. In August 2017, some of the Defendants filed Motions to Dismiss under Fed.R. Civ.P. 12(b)(6). The Motions were granted in part and denied in part.

On May 7th, 2018, the Department of Justice of the Commonwealth of Puerto Rico made an appearance and notified the Automatic Stay. Although the case was in the discovery proceedings, the case came to a halt.

On August 21st, 2018, the "Fifth Omnibus Order Granting Relief from the Automatic Stay" was issued. See, Docket No. 3795 in Case No. 17-03283-LTS in the Bankruptcy Court ECF System. The "Fifth Omnibus Order Granting Relief from the Automatic Stay" modified the automatic stay "*nunc pro tunc* to August 17, 2018 (the date of the Motion)" as follows:

The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution in the U.S District Court for the District of Puerto Rico (the "District Court") solely with respect to determination of any motion to dismiss or motion for summary judgment; and, (b) allow any appeal of the District Court's decision with respect to any motion to dismiss or motion for summary judgment to proceed to final judgment on appeal; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth, the defendants in the Prepetition Action or any other Title III Debtor. (Id. At page 10)

Although not requested by Movants, the Lift of Stay was welcomed as the present case was filed against the individuals and not the Commonwealth or any of the other debtors in the PROMESA case. The only reason for the stay of proceedings was that the Commonwealth could respond monetarily, given that its Department of Justice had granted the benefits of Law 9 to Defendants and allowed them to continue with legal representation of their choosing. In said Order five (5) cases related to the Legislative Assembly had their stay lifted.[4]

Specifically, defendants were provided legal representation and the Commonwealth voluntarily assumed the cost of said legal representation, including, but not limited to, the costs of depositions, transcripts, and extensive translations. Several attorneys were retained to represent

---

4 Besides Washington del Valle, the other four (4) cases that had the stay lifted were: (1) Ríos-Matienzo v. Rivera Schatz, Civil No. 17-2362 (ADC); (2) García-Perales v. Rivera-Schatz, Civil No. 18-1081 (JAG); (3) Alberty Marrero v. Méndez, Civil No. 17-2385 (FAB) and (4) Figueroa-Camacho v. Méndez-Nuñez, Civil No. 18-1007 (DRD). See, Docket No. 3795 in Case No. 17-03283-LTS in the Bankruptcy Court ECF System, at p. 1-3.

7

the defendants through an extensive and complicated discovery and deposition process, dispositive motions, summary judgement motions and appeals process.

As of today, all these costs and expenses have already been incurred and, as to the best of our knowledge, paid for. As such, the Commonwealth's claim that the cost of continuing with litigation should be considered comes late to the process as the case is ready for trial. Any further delay only aggregates to the suffering of the Movants whose rights have been tampered with for the past five years.

Likewise, pursuant to Law 104, as amended by Law 9, and its Regulation 8405, the Commonwealth assumed the payment of a subsequent adverse judgment against every defendant in said cases.

As the Commonwealth assumed the cost of litigation and payment of any adverse judgment, Movants filed their proof of claim to preserve their rights. The claim number information for each was disclosed to defendants and all were filed before the bar date. The details can be corroborated on the website of Prime Clerk,[5] provider selected by the Commonwealth in case 17-bk-3283 LTS.

From August 2018 until mid to late 2020 the parties in the Washington del Valle case completed an exhaustive discovery process that included over 80 depositions, hundreds of interrogatories, and the submission by Defendants of Motions for Summary Judgment.

---

[5] https://cases.primeclerk.com/puertorico/

On February 4th, 2021, a hearing was held to argue the motions for Summary Judgements. On February 8th, 2021, the Court issued an Order, denying Defendants' Motions for Summary Judgement in their entirety and ordering the parties to file a joint motion asking for relief of stay in the PROMESA case. (Docket #224, Washington Del Valle; see attachment to Exhibit 2)

Defendants appealed the District Court's ruling on the Summary Judgement motions to the First Circuit Court of Appeals. Defendants later requested a voluntary dismissal from such appeals process. The case then was returned to the District Court and remained stayed.

The García Perales case 18-1081

The Complaint was filed on February 2nd, 2018. Plaintiffs' claims are almost identical and emerge from the same actions by Defendants in case 17-1770. After the summons were executed, as in the previous case, Defendants also asked and were granted Law 9 benefits.

The Department of Justice of the Commonwealth of Puerto Rico filed a Notice of Stay on April 4, 2018. The District Court issued an Order staying the case on June 6th, 2018. As mentioned before, the stay was lifted by this Court on August 21st, 2018.

Defendants filed Motions to Dismiss, and after completing discovery proceedings, they filed Motions for Summary Judgement. As in the Washington del Valle case, on February 4th, 2021, a hearing was held to argue the motions for Summary Judgements. On February 8th, 2021, the Court issued an Order, denying Defendants' Motions for Summary Judgement in their entirety and

ordering the parties to file a joint motion asking for relief of stay in the PROMESA case. (Docket #81, García Perales)

Defendants also appealed the denial of the summary judgement motion to the First Circuit Court of Appeals to later request the voluntary dismissal of their appeal process.

<u>Cases 17-1770 and 18-1081 should be allowed to proceed</u>

Understanding that upon the arrival of the Effective Date Plaintiffs (Movants) had the right to move forward with their cases, Movants requested the District Court to allow cases 17-1770 (WGY) and 18-1081 (WGY)] to be fully tried and decided by the District Court until final judgement.

The Commonwealth is not a party to the abovementioned cases and the granting of benefits under Act 9 to the Defendants does not have the effect of integrating the Commonwealth as a Defendant. The allowance of such benefits is voluntary, and the Commonwealth can very well withdraw such benefits as the Defendants are being sued in their individual capacity.

As stated before, Movants filed the abovementioned cases against the individuals for the deprivation of Plaintiffs' property rights without due process of law, the retaliatory termination of their employment based on their political beliefs, damages to their professional reputation and mental anguish and emotional damages caused to plaintiffs by the defendants.

Movants claims should be allowed to continue to trial as the Commonwealth was not included as a defendant.

<u>In the Alternative Plaintiffs Request a Lift of Stay</u>

In the alternative, the Court should lift the stay to allow the case to continue to its end.

On February 17th, 2021, and pursuant to "Order Further Amending Case Management Procedures" approved by this Court on June 30th, 2020, (Dkt. #13512), Movants notified the Commonwealth of its intention to request the lift of stay. (Exhibit 2 w/attachments) The Department of Justice responded on behalf of the Commonwealth on March 3rd, 2021, declining the request to lift the stay "because of the complexity of the action and the substantial expenses and costs associated with litigating the same" (Exhibit 3).

We respectfully request of this Court to consider that cases 17-1770 and 18-1081 are both ready for trial. The Commonwealth has already allowed for the Defendants to incur in the costs of discovery process, dispositive motions, and an appeal process. The Commonwealth and the Defendants should not be allowed to use as a subterfuge the costs it may incur on for trial preparation once it voluntarily granted authorization to continue with the case at the early stage.

If the stay is allowed at this stage of the litigation, it would be detrimental to the Plaintiffs, whose claims are at a halt even when they have a case ready for trial.

Having tried to reach a prior and reasonable agreement with Defendants to lift the stay, we move forward to analyze the alternate situation under the Sonnax standards.

Among the factors courts have considered are those listed by the court in In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984), cited in In re Sonnax Industries, Inc., 907 F2d. 1280, 1286 (2d. Cir. 1990), among which are: whether relief would result in a partial or complete resolution of the issues; the interests of judicial economy and the expeditious and economical resolution of litigation; whether the parties are ready for trial in the other proceeding; and, the impact of the stay on the parties and the balance of harms. Of course, the "decision whether to lift the stay [is committed] to the discretion of the bankruptcy judge", In re Sonnax Industries, supra, at 1286. See Brigade Leveraged Capital Structures Fund Ltd. vs. García Padilla, 217 F. Supp. 3d. 508, 517-519, (D.P.R. 2016). See also C&A, S.E. v. Puerto Rico Solid Waste Management Authority, 369 B.R. 87 (D.P.R. 2007).

In the instant case, the above factors, either independently or taken together, support a decision to allow the cases to proceed. First, the Commonwealth's determination to grant benefits under Law 9 is of a voluntary nature and it should not interfere with Movants right to seek complete resolution of the issues presented before the United States District Court for the District of Puerto Rico that are relevant to Movants' constitutional claims. Allowing the Litigation to proceed would not interfere with the Plan authorized in the Title III case.

Second, after both the Movants and the Defendants have already extensively engaged in discovery, dispositive motions and appeals process, allowing the District Court to proceed is now the most efficient and economical way to resolve the controversies.

Third, after having completed all discovery proceedings and after completing the Summary Judgement stage, the case is set for trial on a very short notice.

And fourth, the balance of the harms clearly favors granting relief from any possibility of stay, in that no prejudice would result to Debtor, or any of its other creditors, if litigation is continued in the District Court, while Movants will certainly be prejudiced if the claim for an illegal termination of employment in violation of their constitutional rights five (5) years ago cannot be determined swiftly.

**WHEREFORE**, it is respectfully requested from this Honorable Court to (1) determine that upon the expiration of the automatic stay, the case should be allowed to continue to its end in the District Court, including possible payment for potential judgement against the Defendants; (2) in the alternative, this Honorable Court should apply the <u>Sonnax</u> standards and proceed to lift the stay, allowing the case to continue to trial and any potential payment for judgement.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of April 2022.

/s/David A. Carrión Baralt
David Carrión Baralt
USDC No: 207214
PO Box 364463
San Juan, PR 00936-4463
Tel. (787) 758-5050
Email: davidcarrionb@aol.com

**Certification as required by Paragraph III.U of the Case Management Order**

The undersigned counsel certifies that, pursuant to the Operative Case Management Order, on February 17th, 2021 said counsel contacted counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and AAFAF (Attn: Luis C. Marini-Biaggi (lmarini#mpmlawpr.com) and Carolina Velaz-Rivero (cvelaz@#mpmlawpr.com)) by electronic-mail, to advise them of the movants' intent to seek relief from the automatic stay and proposing a date to meet and confer to attempt to resolve movants' request for relief from the automatic stay. Counsel further certifies that, after an exchange of emails related to the Notice, Counsel for movant was informed on March 3rd, 2021, that Debtor declined the request to lift the stay.

In San Juan, Puerto Rico this 20th day of April 2022.

/s/ David Carrión Baralt
DAVID CARRION BARALT