EXHIBIT 2

# *David Carrión Baralt, Esq.*
## *Attorney at Law*
PO Box 364463
San Juan, PR 00936-4463
Tel. 787-758-5050
"davidcarrionb@aol.com"


February 17th, 2021

Hermann Bauer
Hermann.Bauer@oneillborges.com
Ubaldo M. Fernández Barrera
ubaldo.fernandez@oneillborges.com
Diana M. Perez
dperez@omm.com
Luis C. Marini-Biaggi
lmarini@mpmlawpr.com
Carolina Velaz-Rivero
cvelaz@mpmlawpr.com


RE: Lift of Stay Notice

Dear Counsels:

    The undersigned is the attorney of record of 75 Plaintiffs ("Movants") in two cases currently before the United States District Court for the District of Puerto Rico, to wit civil cases ***Washington del Valle v. Rivera Schatz***, number 17-1770 (WGY) and ***García Perales v. Rivera Schatz***, number 18-1081 (WGY). Specifically, Movants want to extend the Lift of the Automatic Stay enumerated in Bankruptcy Code sections 362 and 922, made applicable by PROMESA section 301(a), to prepetition civil actions filed in the above-mentioned cases.

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
<u>Page 2</u>

Pursuant to the "Order Further Amending Case Management Procedures" approved by Judge Laura Taylor Swain on June 30ᵗʰ, 2020, (Dkt. # 13512), Plaintiffs hereby advise Debtors of their intent to continue to seek relief from the automatic stay and include the following information:

i) Movants are 75 individuals[1] who filed two complaints against members of the Legislative Assembly of the Commonwealth of Puerto Rico, in their personal capacity, for violation of constitutional rights. Contact information for Plaintiffs is thru counsel David Carrión Baralt, P.O. Box 364463, San Juan, PR 00936-4463; Tel. (787) 758-5050; email <u>davidcarrionb@aol.com</u>.

ii) The lawsuits for which movant seeks relief from the automatic stay are civil cases ***Washington del Valle v. Rivera Schatz***, number 17-1770 (WGY) and ***García Perales v. Rivera Schatz***, number 18-1081 (WGY).

iii) The claim is for compensatory and punitive damages in the amount of 1.5 million dollars for each plaintiff, for a total of 112.5 million dollars in the aggregate.

iv) Description of the status of the underlying claim.

---

[1] The remaining plaintiffs in the Washington Del Valle case are listed in exhibit 1. Plaintiffs in the García Perales case are listed in Exhibit 2.

*Lift of Stay Notice*
*Plaintiffs in cases* <u>*Washington del Valle v Rivera Schatz*</u> *and* <u>*Garcia Perales v Rivera Schatz*</u>
<u>*Page 3*</u>

Movants filed the complaints mentioned above against **Thomas Rivera Schatz,** (at the time President of the Senate of Puerto Rico); **Carlos "Johnny" Mendez,** (at the time Speaker of the House of Representatives of Puerto Rico); **Wilfredo Ramos** (at the time Superintendent of the Capitol of Puerto Rico ); **Gabriel Hernández** (at the time Chief of Staff for the Senate President); **Pablo Sastre, Angel Redondo and Jose Figueroa Torres** (at the time employees of the office of the Superintendent of the Capitol); their wives and their respective Conjugal Partnerships. The members of the Legislative Assembly were sued in their personal capacity. They were also sued in their official capacity regarding only the injunctive relief requested. Movants are asking for compensatory and punitive damages, injunctive and equitable relief under the First and Fourteenth amendments to the Constitution of the United States of America, and Sections 1983 and 1988 of title 42 United States Code for the deprivation of Plaintiffs' property rights without due process of law, the retaliatory termination of their employment based on their political beliefs, damages to their professional reputation and

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
<u>*Page 4*</u>

mental anguish and emotional damages caused to plaintiffs by the defendants.

### **The Washington del Valle Case**

The Complaint was filed on June 8th, 2017. After the Summons were executed, Defendants requested benefits under Puerto Rico Law 104 of June 29, 1955, as amended, to receive legal representation in their individual capacities.

Law 9 of November 26th, 1975 amended Law 104, to set forth that an official or employee of the Government of Puerto Rico who is summoned as a defendant in his personal or individual capacity under allegations of having infringed upon a plaintiff's civil rights – as is that case – or for acts or omissions in the performance of his/her official duties, may request legal representation through the Puerto Rico Department of Justice, or by way of leave granted by said Department, through legal representation of their choosing. Additionally, that the government assumes the payment of a judgment against said officers or employees in certain instances.

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
<u>Page 5</u>

The defendants were represented by way of leave by legal representation of their choosing, not by the Commonwealth's Department of Justice. In August 2017, some of the Defendants filed Motions to Dismiss under Fed.R. Civ.P. 12(b) (6). The Motions were granted in part and denied in part.[2]

On May 7th, 2018 the Department of Justice of the Commonwealth of Puerto Rico made an appearance and notified the Automatic Stay. Although the case was in the discovery proceedings, the case came to a halt.

On August 21st, 2018, United States District Court Judge Laura Taylor Swain issued a "Fifth Omnibus Order Granting Relief from the Automatic Stay." See, Docket No. 3795 in Case No. 17-03283-LTS in the Bankruptcy Court ECF System.

The "Fifth Omnibus Order Granting Relief from the Automatic Stay" modified the automatic stay "nunc pro tunc to August 17, 2018 (the date of the Motion)" as follows:

The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution in the U.S District Court for the District of Puerto Rico (the "District Court") solely with

---

[2] See Minute Orde entered on January 31st, 2018 Exhibit 3.

Lift of Stay Notice
Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>
<u>Page 6</u>

respect to determination of any motion to dismiss or motion for summary judgment; and, (b) allow any appeal of the District Court's decision with respect to any motion to dismiss or motion for summary judgment to proceed to final judgment on appeal; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth, the defendants in the Prepetition Action or any other Title III Debtor. (Id. At page 10)

Although not requested by Movants, the Lift of Stay was welcome as the present case was filed against the individuals and not the Commonwealth or any of the other debtors in the PROMESA case. The only reason for the stay of proceedings was that the Commonwealth could respond monetarily, given that its Department of Justice had granted the benefits of Law 9 to Defendants and allowed them to continue with legal representation of their choosing. In said Order five (5) cases related to the Legislative Assembly had their stay lifted.[3]

Since August 2018 until mid to late 2020 the parties in the ***Washington del Valle*** case completed an exhaustive discovery process that included over 80 depositions, hundreds of

---

[3] Besides ***Washington del Valle***, the other four (4) cases that had the stay lifted were: (1) ***Ríos-Matienzo v. Rivera-Schatz,*** Civil No. 17-2362 (ADC); (2) ***García-Perales  v. Rivera-Schatz,*** Civil No. 18-1081 (JAG); (3) ***Alberty Marrero v. Méndez,*** Civil No. 17-2385 (FAB) and (4) ***Figueroa-Camacho  v. Méndez-Nuñez,*** Civil No. 18-1007 (DRD). See, Docket No. 3795 in Case No. 17-03283-LTS in the Bankruptcy Court ECF System, at p. 1-3.

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
<u>Page 7</u>

interrogatories and the submission by Defendants of Motions for Summary Judgment.

On February 4th, 2021 a hearing was held to argue the motions for Summary Judgements.  On February 8th, 2021, the Court issued an Order, denying Defendants' Motions for Summary Judgement in their entirety and ordering the parties to file a joint motion asking for relief of stay in the PROMESA case. (See Exhibit #4)

### **The García Perales case**

The Complaint was filed on February 2nd, 2018. After the summons were executed, as in the previous case, Defendants asked for Law 9 benefits.

The Department of Justice of the Commonwealth of Puerto Rico filed a Notice of Stay on April 4, 2018. The District Court issued an Order staying the case on June 6th, 2018. As mentioned before, the stay was lifted by Judge Swain on August 21st, 2018.

Defendants filed Motions to Dismiss, and after completing discovery proceedings, they filed Motions for Summary Judgement.  As in the **Washington del Valle** case, on February 4th, 2021 a hearing was held to argue the motions

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
<u>*Page 8*</u>

for Summary Judgements.   On February 8th, 2021, the Court issued an Order, denying Defendants' Motions for Summary Judgement in their entirety and ordering the parties to file a joint motion asking for relief of stay in the PROMESA case. (See Exhibit #5)

**<u>Cause why the stay should be lifted</u>**

Movant requests an extension to the Lift of Stay to permit the cases filed by Movants before the United States District Court for the District of Puerto Rico [17-1770 (WGY) and 18-1081 (WGY)] to be fully tried by the parties and decided by the court until final judgement.

<u>Argument</u>

Judge Laura Taylor Swain has jurisdiction to grant the relief sought pursuant to section 362(d)(1) of title 11 of the United States Code, 11 USC Sec. 362(d)(1), made applicable to this case by section 301 of PROMESA, 48 USC Sec. 2161, which states that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided in subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –(1) **for cause**...

The term "for cause" is not defined in the Bankruptcy Code, but courts have considered several factors which,

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
*Page 9*

independently of each other, may justify lifting the automatic stay. In *In re Unanue-Casal,* 159 B.R. 90, 96 (Bankr. D.P.R. 1993), for example, the court stated that the moving party "need not prove a plurality of [... factors ...] before it has shown cause exists for lifting the stay". Among the factors courts have considered are those listed by the court in *In re Curtis,* 40 B.R. 795 (Bankr. D. Utah 1984), cited in *In re Sonnax Industries, Inc.,* 907 F2d. 1280, 1286 (2d. Cir. 1990), among which are: whether relief would result in a partial or complete resolution of the issues; the interests of judicial economy and the expeditious and economical resolution of litigation; whether the parties are ready for trial in the other proceeding; and, the impact of the stay on the parties and the balance of harms. Of course, the "decision whether to lift the stay [is committed] to the discretion of the bankruptcy judge", *In re Sonnax Industries*, supra, at 1286. See *Brigade Leveraged Capital Structures Fund Ltd. vs. García Padilla,* 217 F. Supp. 3d. 508, 517-519, (D.P.R. 2016). See also *C&A, S.E. v. Puerto Rico Solid Waste Management Authority*, 369 B.R. 87 (D.P.R. 2007)

In the instant case, the above factors, either independently or taken together, support a decision to lift

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
<u>*Page 10*</u>

the automatic stay. First, lifting the stay will result in a complete resolution of the issues presented before the United States District Court for the District of Puerto Rico that are relevant to Movants' constitutional claims. The District Court has the expertise and frequently entertains and decides Civil Rights cases. Allowing the Litigation to proceed would not interfere with the Title III case.

Second, after both the Movants and the Defendants have already extensively briefed the issues to the District Court, that forum is now the most efficient and economical way to resolve the issues.

Third, after having completed all discovery proceedings and after completing the Summary Judgement stage, the case is set for trial on a very short notice.

And, fourth, the balance of the harms clearly favors granting relief from the automatic stay, in that no prejudice would result to Debtor or any of its other creditors if the stayed litigation is decided by the District Court, while Movant will certainly be prejudiced if the claim for an illegal termination of employment in violation of their constitutional rights four years ago cannot be determined

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
*<u>Page 11</u>*

swiftly and in advance of further progress in this case towards the payment of Debtor's creditors.

When deciding whether or not to grant the relief requested herein, it should also be considered the nature of Movants' claims and the need that such claims, a Violation of first amendment rights, arising directly under the United States Constitution, should be settled expeditiously. Both the Constitution of the United States and the Constitution of Puerto Rico guarantee that no person will be deprived of its right to free expression. The fact that the causes of action in the Movants' cases are against individuals, not against the Debtor should also be factored in. Indeed, in ***In re City of Detroit,*** 524 B.R. 147 (Bankr. E.D. Mich. 2014), at page 192, the court, referring to Constitutional Claims, stated that "The Court concludes, therefore, that a Claim against a City employee in his or her individual capacity is not a claim against the city for bankruptcy purposes. Accordingly, such a claim is neither discharged nor subject to impairment."

It is Movants' request to be relieved from the automatic stay to allow Movants to proceed with their claims in the manner described above.

*Lift of Stay Notice*
*Plaintiffs in cases <u>Washington del Valle v Rivera Schatz</u> and <u>Garcia Perales v Rivera Schatz</u>*
<u>*Page 12*</u>

Pursuant to *Section III (Scheduling) of the Case Management Procedures, as amended*, of case 17-3283 (LTS), the undersigned attorney proposes February 24th, 2021 at 10:00 am to meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, Movants' request for relief from the automatic stay.

Should you need more information, please do not hesitate to contact me at your convenience.

Cordially,


/s/David Carrión Baralt

DAVID CARRION BARALT

Plaintiffs in <u>Washington del Valle v. Rivera Schatz</u> 17-1770 (WGY)

GIARA WASHINGTON DEL VALLE;

LYNNOTT    ADORNO    GONZÁLEZ;

EMILIO ADORNO OTERO;

JENNIFER  M.  AMBERT  MARTÍNEZ;

LUIS G. AULÍ FLORES;

IRVING BAYON CORREA;

JOSÉ  R.  BONILLA  CARABALLO;

IVONNE BORRERO CASADO;

EDGAR CALDERÓN LEBRÓN;

OMAR J. CLAUDIO LLOPIZ;

WANDA CRUZ DIAZ;

JUAN CRUZ DONES;

REBECCA  DE  PEDRO  GONZALEZ;

SARAI DIAZ REYES;

JOSÉ ESPINOSA DIAZ;

JOSHUA    FIGUEROA    SERRANO;

FERNANDO  FUENTES  RODRÍGUEZ;

IVELISSE GONZÁLEZ ALEMAN;

MIGUEL A. GONZÁLEZ GERENA;

ANA GONZALEZ LEDESMA;

ALLAN A. GRIFFITH FIGUEROA;

GENESIS HERNANDEZ DIAZ;

CARLOS HERNÁNDEZ RESTO;

JORGE IRIZARRY PARÍS;

EDWIN JÍMENEZ RESTO;

OSCAR LEDESMA ALBORS;

JEAN LEÓN RENTA;

ARIADNA LÓPEZ;

JANICE MARCHAND BAUZA;

JAZMINE T. MARTINEZ GALINDEZ;

WANDA MORALES PEREZ;

CRISTOBAL MAYSONET GARCÍA;

DOROTHY MYERS ROSARIO;

JONUEL NEGRON DIAZ;

RUTH OLIVERO ALVAREZ;

ALEJANDRA ORTIZ MELÉNDEZ;

OMAR PADRÓ PAGÁN;

GILBERTO PAGÁN RESTO;

WILFRIDO PALACIO CAMACHO;

KEVIN J. PAREDES SÁNCHEZ;

ADY PAZ OTERO;

CATHERINE   QUIÑONES PIMENTEL;

NEFTALI RAMOS LOZADA;

ARNALDO REYES PEREZ;

AUGUSTO B. RIVERA FALÚ;

FÉLIX RIVERA GONZÁLEZ;

LUIS A. RIVERA GONZALEZ;

PRISCILLA RIVERA GONZALEZ;

DIEGO RIVERA ORTIZ;

RAMON RIVERON MUÑOZ;

JOSE RODRIGUEZ CONCEPCION;

JOSEPH RODRÍGUEZ RODRÍGUEZ;

JUAN RODRIGUEZ SAURE;

RAÚL SÁNCHEZ;

LUIS SANTAELLA DIAZ;

PABLO SANTIAGO RODRÍGUEZ;

JEAN SANTIAGO TORRES;

CARLOS SANTOS FIGUEROA;

ANTONIO SOLA MARTI;

EMMANUEL SOTO RAMOS;

NELSON M. TORRES MALDONADO;

ALTAGRACIA   TORRES   MARRERO;

ISALÍ TORRES MARTÍNEZ;

MYRIAM TORRES RIOS;

FRANCES VÁZQUEZ RODRIGUEZ;

RAQUEL VEGA LÓPEZ;

CHRISTIAN   E.   VEGA   VILLALBA;

KASSANDRA I. VELA CALO;

WANDA    VICENTI   LATORRE;

AND JAVIER WALKER CARRASQUILLO.

**EXH 2**

**Plaintiffs in <u>Garcia Perales v Rivera Schatz</u>**

DAMARIS GARCIA PERALES;

RAFAEL LEYVA ROMERO;

NELSON RAMOS MUNDO;

YAITZA RIVAS SANTIAGO;

and HECTOR VELEZ CARRASQUILLO

From: prd_docketing <prd_docketing@prd.uscourts.gov>

To: prd_docketing <prd_docketing@prd.uscourts.gov>

**Subject:** Activity in Case 3:17-cv-01770-WGY Washington-Del Valle, et al v. Rivera-Schatz, et al Order on Motion to Dismiss for Failure to State a Claim

**Date:** Wed, Jan 31, 2018 10:37 am

**EXH 3**

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**District of Puerto Rico**

### Notice of Electronic Filing

The following transaction was entered on 1/31/2018 at 10:37 AM AST and filed on 1/23/2018

**Case Name:**       Washington-Del Valle, et al v. Rivera-Schatz, et al

**Case Number:**     3:17-cv-01770-WGY

**Filer:**

**Document Number:** 41(No document attached)

**Docket Text:**
Minute Order. Proceedings held before Judge William G Young: Motion Hearing held on 1/23/2018 by video conference re [14] MOTION to Dismiss for Failure to State a Claim filed by Gabriel Hernandez, Thomas Rivera-Schatz, [13] MOTION to Dismiss for Failure to State a Claim filed by Conjugal Partnership Redondo-Boe, Conjugal Partnership Figueroa-Toe, Conjugal Partnership Ramos-Loe, Angel Redondo, Wilfredo Ramos, Pablo Sastre, Jose Figueroa-Torres, Conjugal Partnership Sastre-Moe. After hearing from counsel, the Court enters an order granting in part and denying in part [13] Motion to Dismiss for Failure to State a Claim; granting in part and denying in part [14] Motion to Dismiss for Failure to State a Claim. The defendants' motion to dismiss Count I is denied as to Ramos-Garcia, Rdondo-Santana and Sastre-Fernandez and allowed as to Figueroa-Torres; the defendants' motion to dismiss Count II as to defendants Rivera-Schatz, Hernandez-Rodrigues, Ramos-Garcia, Redondo-Santana, Sastre-Fernandez and Figureroa-Torres is allowed; the motion to dismiss as to Count III, state law claims is denied as to Rivera-Schatz, Hernandez-Rodriguez, Ramos-Garcia, Redondo-Santana, Sastre-Fernandez and Figueroa-Torres. The case is placed on the running trial list for February 2019. Counsel shall file a joint proposed case management schedule within two weeks with the deadline for filing summary judgment motions no later than 11/1/2018. (Court Reporter Richard H. Romanow (bulldog@richromanow.com).)Hearing set for 03:00.Hearing held at 03:20.Hearing ended at 03:40. (jg)

**3:17-cv-01770-WGY Notice has been electronically mailed to:**

Eliezer Aldarondo-Ortiz     alb@alblegal.net, alblegal.alb@gmail.com, ealdarondo@alblegal.net, eao.alblegal@gmail.com

Israel Roldan-Gonzalez     roldangonzalezpr@yahoo.com, irg@roldanlawpr.com

Claudio Aliff-Ortiz    califf@alblegal.net, alb@alblegal.net, alblegal400@gmail.com, wgonzalez@alblegal.net

David A Carrion-Baralt    davidcarrionb@aol.com, david@carrionconsulting.com

David R. Rodriguez-Burns    drodriguez.alb@gmail.com, alblegal.alb@gmail.com,
david_rodriguezburns@yahoo.com, drodriguez@alblegal.net

Ivan M. Castro-Ortiz    alb@alblegal.net, icastro@alblegal.net, ico.alblegal@gmail.com, mhdezalb@gmail.com

Victor Calderon-Cestero    victorcalderon@yahoo.com, victor@calderon-law.com

Sheila J. Torres-Delgado    storres@alblegal.net, lrodriguez@alblegal.net, storres.law@gmail.com

Idza Diaz-Rivera    diazrivera74@gmail.com, diazrivera.esq@gmail.com, idiaz@justicia.pr.gov,
martorres@justicia.pr.gov, spenagaricano@justicia.pr.gov, wburgos@justicia.pr.gov

Eliezer Alberto Aldarondo-Lopez    eliezer.aldarondo@alblegal.net, alblegal.alb@gmail.com,
eliezer.aldarondo@gmail.com, vlopez.alb@gmail.com

**3:17-cv-01770-WGY Notice has been delivered by other means to:**

**Exh 4**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                 )
GIARRA WASHINGTON-DEL VALLE, ET AL.)
                                 )
            Plaintiffs,          )
                                 )
        v.                       )    CIVIL ACTION
                                 )    NO. 3:17-cv-01770-WGY
THOMAS RIVERA-SCHATZ, CARLOS     )
"JOHNNY MENDEZ", GABRIEL HERNANDEZ,)
WILFREDO RAMOS, PABLO SASTRE,    )
ANGEL REDONDO, ET AL.,           )
                                 )
            Defendants.          )
_____)


YOUNG, D.J.                              February 8, 2021

**ORDER**


     After hearing and careful consideration of the parties'

submissions, the Defendants' motions for summary judgment (ECF

Nos. 153, 160 and 173) are each <u>DENIED</u> in their entirety

substantially for the reasons stated in the Plaintiffs'

submissions.  Now that the summary judgment motions have been

ruled upon, the parties shall file a joint motion regarding

Fifth Omnibus Order Granting Relief from Automatic Stay, <u>In re:</u>

<u>The Financial Oversight and Management Board for Puerto</u>

Rico, 17-BK-03283-LTS, ECF No. 3795 (Bankr. D.P.R.), Ex. 2 10,

within 14 days of this order.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

**Exh 5**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
DAMARIUS GARCIA PERALES,        )
RAFAEL LEYVA-ROMERO,            )
NELSON RAMOS-MUNDO,             )
YAITZA RIVAS-SANTIAGO,          )
HECTOR VELEZ-CARRASQUILLO       )
                                )
              Plaintiffs,        )
                                )
          v.                     )    CIVIL ACTION
                                )    NO. 3:18-cv-01081-WGY
THOMAS RIVERA-SCHATZ, CARLOS    )
"JOHNNY" MENDEZ, GABRIEL HERNANDEZ,)
WILFREDO RAMOS, PABLO SASTRE,   )
ANGEL REDONDO, ET AL.,          )
                                )
              Defendants.        )
_____)


YOUNG, D.J.                                February 8, 2021

**ORDER**


        After hearing and careful consideration of the parties'

submissions, the Defendants' motions for summary judgment (ECF

Nos. 47 and 50) are each <u>DENIED</u> in their entirety substantially

for the reasons stated in the Plaintiffs' submissions.  Further,

the motion to vacate the judgment as to defendant Angel Redondo

(ECF No. 66) is <u>ALLOWED</u> but <u>only</u> as to those claims that

otherwise survived the Defendants' motions to dismiss,

substantially for the reasons stated in the Plaintiffs'

submissions.  Now that the summary judgment motions have been

ruled upon, the parties shall file a joint motion regarding the

stay under Fifth Omnibus Order Granting Relief from Automatic

Stay, In re: The Financial Oversight and Management Board for

Puerto Rico, 17-BK-03283-LTS (Bankr. D.P.R.), ECF No. 3795, Ex.

2 10, within 14 days of this order.

**SO ORDERED.**


/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

[ 2 ]