January 21, 2022

Attn:

Hermann Bauer (Hermann.Bauer@oneillborges.com)
Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)
Diana M. Pérez (dperez@omm.com)
Luis C. Marini-Biaggi (lmarini@mpmlawpr.com)
Carolina Velaz-Rivero (cvelaz@mpmlawpr.com)
Arturo Diaz-Angueria (adiaz@diazvaz.law)
Katiuska Bolanos-Lugo (kbolanos@diazvaz.law)

**Case No. 17 BK 3283-LTS**

***Matter: Lift Stay Notice Raúl Darauche Andujar v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico), Case No. 2004-08-0190***

On August 5, 2004, the complainant, Raúl Darauche Andujar, filed an appeal before the Public Service Appeal Commission (CASP) against the Puerto Rico Telecommunications Regulatory Board, Case No. 2004-08-0190.

On May 3, 2017, the Commonwealth of Puerto Rico filed a motion titled "*Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of PROMESA*" informing the filling of a Petition would have the effect of an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)"). Section 301(a) states that, among other things, 11 U.S.C. Sec. 362 of the United States Bankruptcy Code are applicable for petitions under Title III.

After more than 13 years and countless procedural incidents in this case, on July 20, 2017, the defendant, the Regulatory Board, filed "*Motion Assuming Legal Representation, in Compliance with Order and on Automatic Stay*" before the Public Service Appeal Commission requesting the stay of this case based on the provisions of PROMESA. Eventually, by means of the Order of September 10, 2019, notified on September 11, 2019, the Appeal Commission granted and ordered the stay.

On November 20, 2020, the plaintiff (from now on the Movant) filed before the United States District Court of Puerto Rico, *Urgent Motion From Relief of Stay*, under case no. 17 BK 03283 – LTS, Doc# 15092, PROMESA Title III - IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, As Representative of THE COMMONWEALTH OF PUERTO RICO Debtor. The Movant requested that the Court enter an order granting relief from the automatic stay allowing Movant to continue his Case No. 2004-08-0190, currently pending in the Public Service Appellative Commission of Puerto Rico, (CASP).

Subsequently, the same day, November 12, 2020, the Honorable Laura Taylor Swain, United States District Judge from the United States District Court of Puerto Rico, issued ORDER TERMINATING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR FAILURE TO COMPLY WITH THE MEET AND CONFER PROVISION OF THE CASE MANAGEMENT ORDER. Accordingly, Honorable Laura Taylor Swain, determined that the motion was not accompanied by a certification, as required by Paragraph III.R of the operative Case Management Order, "that the movant has met and conferred with the Debtors regarding the requested relief." And for that reason, the motion was terminated without prejudice to renewal following the required meet-and-confer process.

The Honorable Judge, citing the Thirteenth Amended Case Management Procedures (docket entry no. 13512, EX. 1), stated that "Paragraph III.R reads in pertinent part, as follows: Subject to Paragraphs III.F and III.U, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact counsel for the Oversight Board by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").

Proceeding as provided for in the Order of the Court, we hereby inform you of our intention to seek relief from the automatic stay.

Pursuant with the "Lift Stay Notice", we supply the following information:

1. **the identity of the movant and its contact information:**

    a. Movant - Raul A. Darauche Andujar,

    b. Contact Information: Movant's Attorney for the case held at Public Service Appellative Commission of Puerto Rico, (CASP) under Case No. 2004-08-0190 – JOSÉ E. TORRES VALENTÍN, jose@torresvalentín.com, TORRES VALENTÍN ESTUDIO LEGAL, LLC. #78 CALLE GEORGETTI, San Juan, Puerto Rico 00925. Tel. (787) 753-7575/ (787) 753-7577

2. **The claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information:**

    a. Civil action under administrative laws of the Commonwealth of Puerto Rico against the Telecommunications Regulatory Board (Junta Reglamentadora de Telecomunicaciones de Puerto Rico), Case No. 2004-08-0190, "Recruitment and Selection", currently pending before the Public Service Appellative Commission of Puerto Rico, (Comisión

Apelativa del Servicio Público, (CASP)), PO BOX 41149 SAN JUAN, PR 00940-1149, www.casp.pr.gov

3. **Amount of the claim(s) and the asserted causes of action:**

   a. The movant claims an approximate amount of $550.000.00 in salaries left to accrue.

4. **Brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s):**

By Judgment of March 27, 2017, the Court of Appeals of Puerto Rico revoked the Resolution issued on June 8, 2016 by the Public Service Appeal Commission, which ordered the dismissal of the case for alleged lack of jurisdiction. For this reason, the Appeal Court ordered the continuance of the proceedings before the Public Service Appeal Commission. Back then, the discovery of evidence had concluded. As you will notice, the case has been pending in the appeal forum for more than 17 years. Now, we are just waiting for the hearing on their merits to be scheduled so the Appeal Commission can issue a final determination on the case.

5. **Cause as to why the stay should be lifted:**

The Movant in the referenced administrative action seeks a declaratory judgment, as well as any relief the Court may deem equitable, just and appropriate. His administrative action arises from the merit principle under the employment laws, unassociated nor related to the collection of any debt. The Movant is not an investor, nor a creditor seeking to take possession or distribute assets belonging to the Commonwealth's estate. Movant's claim for *cause* can and should be excluded from a bankruptcy discharge, given that this administrative action will have very little or no effect on this bankruptcy. The undue hardship of prolonging Movant's employer's unlawful work practices is not necessary for the Commonwealth to successfully complete the bankruptcy. Because Movant's condition of employment isn't related to a debt owed to a creditor, the Movant should be allowed to continue with his employment claim. In this sense, the relief sought by the Movant will also have no significant effect on the bankruptcy estate.

The merits of Movant's claims should be adjudicated by the CASP. Courts consider many factors in deciding whether a cause exists and is sufficient to lift the automatic stay so that a creditor can pursue pending litigation in another forum. Relevant factors include the interests of procedural economy, the degree of connection or interference with the bankruptcy case, prejudice to the bankruptcy case or other creditors, the presence of non-debtor third parties, the Debtor's misconduct, and the probability that the creditor will prevail in the pending litigation. In re Ulpiano Unanue-Casal, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd by 23 F.3d 395. (1st Cir. 1994). Here, these factors weigh strongly in the Movant's favor.

The term "cause" is determined on a case-by-case basis. Courts have set forth various multi-factor tests. See In re Granati, 271 B.R. 89, 93 (Bankr. E. D. Va. 2001) (four factor test); In re Johnson, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) (seven factor test); In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (N.D. Ill. 1986) (three factor test); In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (twelve factor test). Courts have relied on only a few factors, or even a single factor, in deciding to lift the stay. "*In weighing these factors, this Court does not need to specifically address each of the various factors, but instead only needs to consider those factors relevant to the particular case, and this Court does not need to assign them equal weight.*" In re R.J. Groover Construction, LLC, 411 B.R. 460, 464 (S.D. Ga. 2008) (citations omitted). In In re Ulpiano Unanue-Casal, 159 B.R. 90 (D.P.R. 1993)—a CASP decision that the First Circuit affirmed—the court took guidance from the following factors:

> (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the non-bankruptcy proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action primarily involves third parties; (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee or other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the non-bankruptcy proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt."

159 B.R. at 95-96 (D.P.R. 1993) aff'd by 23 F.3d 395 (1st Cir. 1994). The court also relied on two additional factors; namely, the misconduct of the debtor and whether the creditor has a probability of prevailing on the merits. Id. at 96.

Here, as we said, most factors weight in favor of lifting the stay for Movant's employment claim, including: *The interest of judicial economy*, *nature of CASP's litigation and the lack of any interference or connection with the bankruptcy proceeding*. In Movant's case defendant engaged in motion practice by timely filing a dispositive motion *prior* to filing a motion for stay, and the Movant also timely filed his opposition. The CASP has knowledge of the facts and allowing the CASP to adjudicate the pending motions will lead to the most expeditious resolution of Movant's claim. See In re Aquarious Disk Services, Inc. 254 B.R. 253, 260, (Bankr. N.D. Cal. 2000), here judicial economy militates in favor of the non-bankruptcy forum. The litigation in the CASP does not involve bankruptcy law nor require the expertise of a bankruptcy judge, lifting the stay will not prejudice the Debtor.

Further, the bankruptcy case will not resolve Movant's employment discrimination claim. As echoed in the legislative history to § 362(d)(1), Congress believed that "*it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.*" H.R. Rep. No. 95–595, at 341 (1977); S.Rep. No. 95–989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

Litigation of Movant's employment discrimination claim in the CASP will not tie up significant estate assets that may be used to satisfy creditors' claims, nor interfere with distribution of assets. Lifting the stay will enable the CASP to adjudicate Movant's claim in a single proceeding. The Debtor also filed for bankruptcy before the CASP rules on its pending dispositive motion, the subsequent filing of a notification of stay may be an attempt to circumvent non-bankruptcy litigation and avoid an unfavorable ruling in another forum.

The Movant is also likely to prevail on the merits of his case. "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." In re Tribune Co., 418 B.R. 116, 129 (Bankr. D. Del. 2009) (quotation omitted). See also In re Antontio L. Giordano, 1:11-bk-13943.

The automatic stay of Case No. 2004-08-0190, should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(1) for *cause*, including but not limited to reasons stated in this Lift Stay notice. The automatic stay should be lifted pursuant to 11 U.S.C.

Sec. 362 (d)(2) because the adjudication of Movant's claim in this case is not necessary in this bankruptcy process for an effective reorganization of the Commonwealth either.

For all of the above, the movant request you to meet and confer (in person or by phone) to attempt to resolve, in whole or in part, his request for relief from the automatic stay. That meeting shall be held in the next 15 days after you received this notice. Please feel free to contact me at the address and/or phone number shown below.

*José E. Torres Valentín*

JOSE E. TORRES VALENTÍN
Georgetti 78
San Juan, Puerto Rico 00925
Tel. 787-753-7575
jose@torresvalentin.com