**EXHIBIT A**

**Proposed Order**

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | | |
|---|---|---|
| In re: | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : | (Jointly Administered) |
| Debtors.[1] | : | |

---

| | | |
|---|---|---|
| In re: | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| as representative of | : | Case No. 17-BK-4780 (LTS) |
| PUERTO RICO ELECTRIC POWER AUTHORITY | : | **This filing relates only to Case No. 17-BK-4780 (LTS)** |
| Debtor. | : | |

---

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF LONDON ECONOMICS INTERNATIONAL LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF APRIL 26, 2022, IN PREPA'S TITLE III CASE

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the urgent application (the "Application")[2] of the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Committee") appointed in the above-captioned cases for an order pursuant to section 1103(a) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," Bankruptcy Rule 2014, and Local Rule 2014-1(e) authorizing the retention and employment of London Economics International LLC ("LEI"), effective as of April 26, 2022, as financial advisor to the Committee; and upon the Frayer Declaration in support thereof; the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to PROMESA section 306(a); (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Application has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the representations made in the Application and the Frayer Declaration, LEI represents no interest that is adverse to the Committee with respect to the matters on which LEI is to be engaged; that LEI is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code made applicable pursuant to section 301(a) of PROMESA; (v) the terms of the engagement pursuant to the Engagement Letter and as modified herein, are reasonable and appropriate; and (vi) LEI's employment is necessary and in the best interests of the Committee and its members; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

    1.    The Application is granted and approved.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

2

2. In accordance with section 1103(a) of the Bankruptcy Code, made applicable to the Title III Case pursuant to section 301(a) of PROMESA, the Committee is authorized to employ and retain LEI as its financial advisor on the terms set forth in the Application, the Frayer Declaration, and the Engagement Letter, effective as of April 26, 2022. LEI will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.

3. LEI is authorized to provide services to the Committee, including the following:

   i. analyzing reports, data, and analyses relating to PREPA's debt burden and its sustainability;

   j. analyzing PREPA's budget, assets and liabilities, and overall financial condition;

   k. reviewing financial and operational information furnished by PREPA to the Committee;

   l. analyzing PREPA's proposed business plan and developing alternative scenarios, if necessary;

   m. assisting the Committee in reviewing PREPA's financial reports;

   n. advising the Committee in the Mediation with the Mediation Team and the Mediation Parties as necessary;

   o. if necessary, preparing expert reports and participating as a witness in hearings before the Court with respect to matters upon which LEI has provided advice; and

   p. other activities as are approved by the Committee, the Committee's counsel, and as agreed to by LEI.

4. LEI shall use its reasonable efforts to avoid duplication of services provided to any of the Committee's other retained professionals in these chapter 11 cases.

5. LEI shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to PROMESA

3

sections 316 and 317, the applicable Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.

6. This Order shall be immediately effective and enforceable upon its entry, and the Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. To the extent the Application, the Frayer Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

8. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, LEI shall provide twenty-one (21) days' notice of any such increases to PREPA and the United States Trustee, and shall file such notice with the Court. The U.S. Trustee, the Fee Examiner, and all parties-in-interest retain all rights to object to any rate increase

9. Notice of the Application as provided therein shall be deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2022

                _____
                HON. LAURA TAYLOR SWAIN
                UNITED STATES DISTRICT JUDGE