# TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
# PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| **JUNTA DE SUPERVISIÓN Y ADMINISTRACION FINANCIERA PARA PUERTO RICO** | **PROMESA TITULO III** |
| Como representante de: | **Núm. 17BK3283-LTS** |
| **ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS** | **Reclamo Número: 15774** |
| Deudores | |

**RÉPLICA A NOTIFICACIÓN DE CUADRINGENTÉSIMA TRIGÉSIMA SEGUNDA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES ALEGADAS CONTRA EL DEUDOR INCORRECTO.**

**A LA HONORABLE JUEZ DEL TRIBUNAL DE DISTRITO, LAURA TAYLOR SWAIN:**

Comparece la parte recurrida, Rafael A. Carrasquillo Nieves, por derecho propio, y que por este medio respetuosamente **ALEGA, EXPONE y SOLICITA:**

El 14 de abril de 2022, recibimos notificación donde uno o más deudores solicitan que el reclamo 15774 se reclasifique y toda obligación recaiga en todo caso, en la Autoridad de Energía Eléctrica de Puerto Rico.



## I. INTRODUCCIÓN

1. El 2 de enero de 2020, presentamos réplica a notificación de la Nonagésima Séptima Objeción Global (No sustantiva) del Estado Libre Asociado de Puerto Rico, de la deuda de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los empleados del gobierno del Estado Libre Asociado de Puerto Rico a reclamos deficientes en los que se alegan intereses sobre la base de las reivindicaciones salariales, laborales o servicios prestados.

2. Luego de varias posposiciones por circunstancias ajenas a mi voluntad y la pandemia del COVID-19 se estableció nueva fecha para el 29 de julio de 2020.

3. El 2 de enero de 2020, solicitamos al Honorable Tribunal de Distrito Declare No Ha Lugar a la Nonagésima Séptima Objeción Global, según establece el documento correspondiente a la reclamación Número 15774.

II. **MOTIVO (S) PARA PRESENTAR LA RÉPLICA.**

1. Recurro ante la Honorable Juez buscando se reconozcan mis derechos constitucionales y el cumplimiento de mis obligaciones como empleado de la Autoridad de Energía Eléctrica de Puerto Rico, como empleado público y como ciudadano del Estado Libre Asociado de Puerto Rico.

2. Lo antes mencionado busca establecer, de un principio, que reconozco que la base universal de los tribunales, es la justicia principio moral que inclina a obrar y juzgar respetando la verdad y dando a cada uno lo que corresponde o pertenece.

3. La Sección 7 (Articulo II) de la Constitución del Estado Libre Asociado de Puerto Rico (**E.L.A.P.R.**) establece:

   "Se reconoce como derecho fundamental del ser humano el derecho a la vida, a la libertad y al disfrute de la propiedad. No existirá la pena de muerte. Ninguna persona será privada de su libertad o propiedad sin debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de leyes. **No se aprobarán leyes que menoscaben las obligaciones contractuales.** Las leyes determinaran un mínimo de propiedad y pertenencias no sujetas a embargo". (Énfasis nuestro).



4. La participación en el Sistema de Retiro en la Autoridad de Energía Eléctrica es obligatoria como regla general, *3 L.P.R.A. Sec.764* **Calderón** V. **Administración** *de los Sistemas de Retiro, 129 D.P.R. 1020, 1031-1032 (1992).*

5. El denominado Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica recibe las aportaciones de sus miembros y la aportación de la A.E.E. igualando la aportación de sus miembros o empleados para utilizar sus fondos "en provecho de todos sus miembros participantes, sus dependientes y beneficiarios, para el pago de anualidades por retiro, por incapacidad y beneficios por defunción, entre otros beneficios".

En virtud de esto se realizan descuentos correspondientes al salario de cada empleado para fines de retiro. A cambio de estos

descuentos, se pretende que, al momento de la jubilación, el empleado tenga derecho a recibir sus aportaciones o anualidad de modo que tenga, como mínimo, un ingreso mínimo de subsistencia. *In re Castro y Torres Brashi, 73 D.P.R. 564 (1952);* **Calderón**

V. **Administración** de Sistemas de Retiros, supra. Entre los fines más importantes de la Constitución está "proteger a los empleados luego de ocupar dignamente un puesto público durante largos años". En

el caso que nos ocupa.

6. Los Tribunales han sentado las pautas y han expresado:

"Con el advenimiento de las democracias populares y la desaparición de los regímenes monárquicos, el fundamento jurídico de la pensión no lo constituye un acto de recompensa del soberano, sino una obligación moral del estado".

En armonía con lo anterior se ha expresado que:

"*el derecho de la pensión de retiro por años de servicio del empleado público tiene un respetable contenido ético y moral que constituye un seguro de dignidad para el hombre o la mujer que habiendo dedicado al servicio público sus años fecundos no debe encontrarse en la etapa final de su vida en el desamparo, o convertido en carga de parientes o del Estado.* **Rosa Resto** V. **Rodríguez Solís**, III D.P.R. 89, 92 (1981).* Véase, también, **Calderón** V. **Administración** de los Sistemas de Retiro, supra, págs. 1041-1042 (1992); **Ramon Mayol** V. **Tribunal Superior**, *101 D.P.R. 807, 811 (1973).*



La teoría contractual postula que entre el Estado y el empleado hay un acuerdo de voluntades que produce un efecto vinculante para ambas partes. **Bayrón Toro** V. **Serra**, *supra.* Ello hace que el plan de retiro bajo las disposiciones establecidas por ley sea parte de un contrato. Por esta razón la asamblea legislativa no tiene facultad para establecer leyes que menoscaban ese derecho adquirido de naturaleza contractual, o que ha sido "comprado" por ese participante mediante aportaciones compulsorias provenientes de su salario y beneficios marginales.

7. No se puede responsabilizar de algo a alguien por lo cual no tiene control. Tanto el E.L.A. P.R. como la Autoridad de Energía Eléctrica de Puerto Rico son responsables de violar mi dignidad y moral al poner en riesgo.

8. la pensión de retiro por la que trabajé en mis años fecundos. Articulo II Carta de Derechos Constitución del Estado Libre Asociado de Puerto Rico, Sección I Dignidad e igualdad del ser humano; discrimen, prohibido.

9. He sufrido de erosión en mis anualidades de Retiro al no recibir aumentos salariales por mi ejecutoria laboral y profesional en los últimos 4 años de trabajo (2010-2014). Por no haber recibido paga por las horas trabajadas en exceso, horas trabajadas durante la huelga de octubre de 2012 y no haber recibido el bono correspondiente a diciembre de 2014 en su totalidad.

10. He sufrido de erosión con mis anualidades de seguro social al no recibir los emolumentos según acordado y trabajado. Violentándose así el Artículo II, Carta de Derechos, Constitución del Estado Libre Asociado de Puerto Rico, Sección 16 Derechos de los empleados.

    "Se reconoce el derecho de todo trabajador a....., recibir igual paga por igual trabajo...".



11. El Plan Médico a disfrutar al momento de la jubilación sufrió cambios en detrimento de los pensionados. Un plan con mayores co-pagos en farmacias, laboratorios y médicos. Además de una prima mayor. Donde la tarjeta de Salud del Gobierno tiene mayores beneficios que el Plan Médico que pagamos por años o "compramos" durante toda una vida laboral. Este Plan Médico no es una dadiva o regalía del E.L.A. P.R. o de la A.E.E. P.R.

12. Ante la inquietud por los esfuerzos realizados por los gobiernos para privatizar la A.E.E. por décadas y disolver el Sistema de Retiro de los Empleados presenté la Reclamación Número 15774.

    Mediante la Ley Núm. 120 de 20 de junio de 2018, según enmendada se creo la "Ley para Transformar el Sistema Eléctrico de Puerto Rico". Una Ley que privatiza la operación del Sistema de Transmisión y Distribución, servicio al cliente, recursos humanos, finanzas, tarifas, planificación, reconstrucción, fondos federales, política energética, aspectos de generación de energía y el Plan Integrado de Recursos, entre otros.

    La compañía seleccionada mediante propaganda, entiéndase hoy LUMA, ha dado a conocer nuevos beneficios a empleados, por lo tanto, el Sistema del Retiro no se va a nutrir de las aportaciones de éstos por lo que erosionaría más aún el Sistema de Retiro de la Empleados de la Autoridad de Energía Eléctrica.

4 | Page

"si el lenguaje de la ley no crea dudas y es claro en cuanto a su propósito, su propio texto es la mejor expresión de la intención legislativa".

Esta misma Ley, Sección 3.- (22 L.P.R.A. § 1113) consigna que no se aprobarán leyes que menoscaben las obligaciones contractuales legítimamente pactadas. Párrafo 3.

Por lo tanto "A *Confesión de parte, relevo de pruebas*".

13. Bajo las leyes del Estado Libre Asociado de Puerto Rico se creó la Autoridad de Energia Electrica. Con esta creacion hay una Junta de Gobierno constituida por 7 miembros de los cuales 5 son seleccionados por el Gobernador y los lideres Legislativos. Como todo buen padre (creador de una obra), el Gobierno de Puerto Rico viene obligado a cumplir con sus obligaciones y solo el tiene que velar porque se cumpla a cabalidad con las normas y procedimientos establecidos.



14. El Gobierno de Puerto Rico, no cumplió con su obligación de velar por una sana administración.

Por lo anterior expresado solicito se declare NO HA LUGAR la solicitud del deudor (Estado Libre Asociado de Puerto Rico) de reclasificar la reclamación 15774 ya que este ha violentado los derechos constitucionales establecidos en la Constitución del Estado Libre Asociado de Puerto Rico.

**RESPETUOSAMENTE SOMETIDO**

Certifico haber notificado copia del escrito a:

**Abogado de la Junta Supervisión (Councel for the Oversight Board)**
Proskauer Rose LLP
Eleven Times Square
Nueva York, Nueva York 10036-8299
A/A: Martin J. Bienenstock
Brian S. Rosen.

**Abogado del Comité de Acreedores (Counsel for the Creditors' Committee)**
Paul Hastings LLP
200 Park Avenue
Nueva York, Nueva York 10166
A/A: Luc A. Despins
James Bliss

James Worthington
G. Alexander Bongartz

En San Juan, Puerto Rico, hoy ~~01 de mayo~~ 27 de abril de 2022

*Rafael A. Carrasquillo*
Rafael A. Carrasquillo Nieves
Urb. Los Sueños 5, Calle Armonía
Gurabo, P.R. 00778-7800
Teléfono: (939) 940-0807
Email: rcarrasquillo@gmail.com