UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD OF PUERTO RICO, | No. 17-BK-3283-LTS |
| As representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO,<br>*et al.*, | **This filing relates to PREPA** |
| Debtors. | |

**RESPONSE AND OPPOSITION OF CLAIM 505 – LUS COSTAS ELENA
TO THE FOUR HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY**

COMES NOW the Claimant in Claim No. 505, Luis P. Costas-Elena, represented by the undersigned and before this Honorable Court responds and opposes the Four Hundred Forty-Seventh Omnibus Objection (Non-substantive) regarding Claim No. 505.

1. Creditor Luis Costas Elena duly filed **Claim 505** for **$36,475.00** against the Puerto Rico Electric Power Authority ("PREPA"), on February 19, 2018. As we will show, debtor PREPA clearly knows and has known for years the details and information that identify the actual nature and source of the obligation on which Claim 505 is grounded. Despite actual knowledge, however, debtor PREPA audaciously comes to this Honorable Bankruptcy Court in its 447th Omnibus Objection and frivolously claims ignorance. Docket #20503-1 (Exhibit A, number 1). Indeed, the spurious nature of the 447th Omnibus Objection to Claim 505 comes into sharp relief when PREPA alleges (docket 20503, paragraphs 16 and 18) that it mailed written advance notice of the Omnibus Objection and a request for information regarding the nature and source of Claim 505 to Creditor Luis Costas Elena, when in fact there is **no evidence that the mailing was ever sent or that any such written mailing was ever received by the Creditor**. In fact, the

Creditor first learned that Claim 505 was being objected when he received notice of the docketing of the 447th Omnibus Objection (DE 20503) just this month.

2. PREPA's assertion that Creditor Luis Costas Elena did not respond to an alleged mailed written notice of the 447th Omnibus Objection, when there is no evidence that such was sent or received, cannot be part of the decision-making process to resolve the 447th Omnibus Objection regarding Claim 505. To allow otherwise would deprive Creditor of his fundamental right to due process of law while at the same time rewarding debtor PREPA for its lack of candor and bald, self-serving allegations.

3. Contrary to the allegations in the 447th Omnibus Objection, the nature and source of the obligation that give rise to Claim 505 are no mystery to debtor PREPA. In 2016, creditor herein, Luis Costas Elena, filed **Civil Case No. K DP2016-1000** in the Puerto Rico Court of First Instance, San Juan Part. The factual basis and legal issues in that case were fully presented to the Court, which was about to decide the case in favor of Creditor Luis Costas Elena when PREPA summarily stopped the State Court proceedings by filing the instant Bankruptcy case. Faced with such tactics, Creditor Luis Costas Elena submitted Claim 505.

4. The totality of Claim 505 should be allowed and the so-called 447th Omnibus Objection (allegedly non-substantive) is inapplicable to Creditor's Claim (505) since the matters concerned are clearly substantive. Early in the morning of August 19, 2016, Creditor Luis Costas Elene's birthday, PREPA without any authorization invaded and trespassed into the grounds of Creditor's home and caused substantial damages to Creditor's fence, fruit trees and vegetation. Claim 505 is clearly supported by the expert report of Engineer Alexei Hernández that includes an itemized detail of the physical damages caused to Creditor by debtor PREPA in the amount of $36,840.00. Attached hereto is a copy of the Expert Report of May 12, 2017 (already in PREPA's possession, custody, and control), which also includes the expert credentials of Eng. Hernández

(PE License No. 15987). Claim 505 is for the recovery of expenses, fees, and attorney fees connected to that property damage and resultant legal proceedings.

5. Claimant Luis Costas Elena (Claim 505) opposes and contests any and all disallowance of the entirely valid and proper Claim number 505. Claimant demands trial by jury of any action to disallow this claim.

6. The disallowance sought in the 447th Omnibus Objection to Claim 505 is contrary to law and fact. The damages and debt in Claim 505 are factual, appropriate, and consonant with the law; all of which are well-known to debtor PREPA. Thus, contrary to the allegation in the 447th Omnibus Objection, Claim 505 is substantive and illegally attempts to deprive Creditor of his rightful.

7. With regards to Claim 505, the 447th Omnibus Objection is an illegal taking without due process of law. Claim 505 should go forward because it is proper, well-founded in law and in fact, and well-known to debtor PREPA. Claimant Luis Costas Elena invokes his constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and demands a jury trial before any disallowance.

8. Claimant reserves the right to supplement, amend and amplify this opposition.

**WHEREFORE**, the Claimant respectfully requests that this Honorable Court approve and allow Claim No. 505; reject any and all sought disallowance of Claim No. 505, including the 447th Omnibus Objection; and/or provide Claimant a Trial by Jury.

**RESPECTFULY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of April 2022.

I hereby CERTIFY that the instant Response and Opposition to Four Hundred Forty-seventh Regarding Claim No. 505 was filed using the CM/ECF System of this Honorable Court which shall notify all Attorneys of record in this case.

/s/Luis P. Costas Elena
Luis P. Costas Elena

luissatsoc@aol.com

/s/David W. Román
David W. Román, Esq.
USDC-PR #125709
E-mail: davidromanlaw@gmail.com
PO Box 190914
San Juan, Puerto Rico 00919-0914
Tel: (787) 525-7223