**Objection Deadline [Requested]: May 4, 2022 at 4:00 p.m. (Atlantic Standard Time)**
**Reply Deadline [Requested]: May 5, 2022 at 4:00 p.m. (Atlantic Standard Time)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## URGENT MOTION OF PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY FOR AN ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

**To the Honorable United States District Court Judge Laura Taylor Swain**:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion (the "Motion"), pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to this case by PROMESA Section 301(a), and Rule 7026, *et seq*., of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this case by PROMESA Section 310, for an order (i) scheduling a hearing (the "Disclosure Statement Hearing") to consider the adequacy of the information contained in the *Disclosure Statement for the Title III Plan of Adjustment for the Puerto Rico Highways and Transportation Authority* (as amended or modified from time to time and including all exhibits thereto, the "Disclosure Statement"),[3] and related *Motion of the Puerto Rico Highways and Transportation Authority for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Confirmation Discovery Procedures Motion"), each filed concurrently herewith, (ii) establishing a deadline by which objections to the adequacy of information in the Disclosure Statement and the Confirmation Discovery Procedures Motion, and replies thereto must be filed, (iii) establishing document depository procedures in connection therewith, (iv) approving the form and manner of notice of the Disclosure Statement Hearing and

---

[2]     PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]     The Disclosure Statement is related to the *Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (as amended or modified from time to time, and including all exhibits thereto, the "HTA Plan"), filed concurrently herewith.  The Debtor anticipates filing a Spanish translation of the Disclosure Statement and the HTA Plan prior to the proposed Disclosure Statement Hearing.

related deadlines, and (v) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

## Preliminary Statement[4]

1.     Almost five years since entering Title III proceedings, on January 18, 2022, the Court confirmed the Commonwealth Plan, approving consensual agreements between interested parties and reorganizing tens of billions in Commonwealth indebtedness.  Among the settlements approved by the Commonwealth Plan was (i) the compromise and settlement of issues with respect to the "clawback claims" against the Commonwealth, as provided in the HTA/CCDA PSA, and (ii) the resolution of disputes regarding, among other things, the priority of certain claims held by the DRA Parties, as provided in the DRA Stipulation.  Confirmation of the Commonwealth Plan, and the settlements approved thereby, was a momentous step towards restoring fiscal stability and access to capital markets to the Commonwealth and its instrumentalities.

2.     Further carrying out the settlements contemplated by the HTA/CCDA PSA and DRA Stipulation, and carrying out the Oversight Board's mandate under PROMESA, the Oversight Board seeks confirmation of the HTA Plan.   In connection therewith, contemporaneously with this Motion, the Debtor has filed the Disclosure Statement Motion, seeking, among other things, approval of the Disclosure Statement as containing adequate information and setting a hearing to consider confirmation of the HTA Plan.  By this Motion, the Debtor seeks to establish certain procedures and deadlines, consistent with the procedures approved by the Court with respect to the establishment of a document depository relating to the Commonwealth's disclosure statement,[5] regarding discovery in connection with the hearing to consider the adequacy of information in the Disclosure Statement.

---

[4]   Capitalized terms in the Preliminary Statement not previously defined are defined below.

[5]   *See Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure*

3.      Because these procedures largely mirror those already granted by this Court and because this Motion is purely administrative in nature, the Debtor seeks to have this Motion heard on an expedited basis, which will allow, as requested by HTA's creditors, for the confirmation and consummation of the HTA Plan to occur as quickly as possible and no later than the third quarter of this year.  Because the HTA Plan is supported by various constituencies in HTA's Title III case pursuant to the HTA/CCDA PSA and the DRA Stipulation, the Debtor does not anticipate significant opposition to this Motion and respectfully submits that it is in the best interests of the Debtor and all its stakeholders to pursue confirmation of the HTA Plan in a timely manner.  In advance of filing this Motion, the Debtor contacted counsel to (a) AAFAF, (b) Ambac, (c) Assured, (d) FGIC, (e) National, (f) Cantor-Katz Collateral Monitor, LLC, (g) AmeriNational Community Services, LLC, and (h) the Official Committee of Unsecured Creditors (the "Creditors' Committee"), to determine whether such stakeholders would consent to the Debtor's proposed timeline for the administration of this Motion.  No party has expressed any such objection as of the filing of this Motion, however Assured and the Creditors' Committee have reserved their rights to file any objection.

4.      To ensure the Debtor concludes this Title III Case in an expeditious manner and to allow sufficient time during the solicitation process for parties to review the HTA Plan and Disclosure Statement, the Debtor seeks to set the following dates for a hearing to consider the adequacy of the Disclosure Statement, as well as for related objection and reply deadlines:

- **Disclosure Statement Objection Deadline**:  5:00 p.m., Atlantic Standard Time, on June 8, 2022.

---

*Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [Case No. 17-3283, ECF No. 16681] (the "CW DS Discovery Order").

- **<u>Disclosure Statement Reply Deadline</u>:** 5:00 p.m., Atlantic Standard Time, on June 13, 2022.

- **<u>Disclosure Statement Hearing</u>**:   9:30 a.m., Atlantic Standard Time, on June 17, 2022.

5.      The Debtor respectfully submits that setting these dates and deadlines will ensure that all parties in interest receive adequate notice and opportunity to participate in the Disclosure Statement approval process while ensuring the Debtor can conclude this Title III Case without undue delay.

6.      To the extent parties in this Title III Case may seek additional information in connection with their consideration of the adequacy of the Disclosure Statement, the Debtor proposes to implement the information collection procedures described herein and the establishment of a centralized depository for such information.  Such procedures will promote an orderly and thorough Disclosure Statement approval process, conserve resources, and streamline the issues necessary for the Court's adjudication.   The proposed procedures are designed to: (i) enable this Title III Case to proceed under an expeditious and efficient process; (ii) reduce the duplicative or unnecessary requests that would be contrary to those goals; and (iii) permit access to documents to those who have a legitimate interest, and to allow for use consistent with that interest, and help safeguard confidential information.

7.      For the reasons stated herein, the Debtor respectfully requests the Court grant the Motion.

**<u>Background</u>**

***Commencement of Title III Case***

8.      On June 30, 2016, the Oversight Board was established pursuant to PROMESA Section 101(b).   The current members of the Oversight Board are David Skeel (Chairman),

Andrew Biggs, Judge Arthur Gonzalez, Antonio Medina, John Nixon, Justin Peterson, and Dr. Betty Rosa.

9.      Pursuant to PROMESA Section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . submitting . . . a plan of adjustment . . . or otherwise generally submitting filings in relation to the case with the court."  48 U.S.C. § 2175.

10.      On May 2, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "CW Title III Case").  Pursuant to PROMESA Section 315(b), the Oversight Board is the Commonwealth's representative in the CW Title III Case.

11.      Shortly thereafter, on May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Title III Case").  Pursuant to PROMESA Section 315(b), the Oversight Board is HTA's representative in the Title III Case.  Background information regarding the Debtor is contained in the *Notice of Filing of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, ECF No. 1] attached to the Commonwealth's Title III petition.

***Filing of the HTA Plan and Disclosure Statement***

12.      On April 12, 2021, the Oversight Board entered into an agreement in principle with Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured") and

National Public Finance Guarantee Corporation ("National") regarding, among other things, the treatment of monies historically conditionally appropriated to certain Commonwealth instrumentalities (colloquially known as the "Clawback Claims"), which was memorialized in the HTA/CCDA PSA (as defined below).

13.    On May 5, 2021, and consistent with the agreement in principle reached with Assured and National, the Oversight Board, as representative of the Commonwealth and HTA, entered into that certain HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA," a copy of which is attached to the Disclosure Statement (as defined below) as Exhibit B) with certain holders of bonds issued by HTA and the Puerto Rico Convention Center District Authority ("CCDA"), Assured, and National, solely in their respective capacities as insurers, and asserted holders, deemed holders, or subrogees with respect to HTA bonds and CCDA bonds, as applicable. The HTA/CCDA PSA incorporated, among other things, the proposed treatment of the Clawback Claims.

14.    In furtherance of the HTA/CCDA PSA, on May 11, 2021, the Oversight Board filed a plan of adjustment for the Commonwealth, along with certain instrumentalities [Case No. 17-3283, ECF No. 16740] (as amended, supplemented, and modified from time to time, the "Commonwealth Plan") and associated disclosure statement [Case No. 17-3283, ECF No. 16741].

15.    In advance of the hearing to confirm the Commonwealth Plan, the Oversight Board entered into the *Stipulation in Connection with DRA Related Parties* [Case No. 17-3283, ECF No. 19100-1] (the "DRA Stipulation") with AmeriNational Community Services, LLC and Cantor-Katz Collateral Monitor LLC (together, the "DRA Parties"), resolving the DRA Parties' objections to confirmation of the Commonwealth Plan and, among other things, providing for the DRA

Parties to support and vote in favor of the Commonwealth Plan, the Disclosure Statement, and the HTA Plan.

16.    On November 3, 2021, the Oversight Board, on behalf of the Commonwealth, ERS, and PBA, filed the *Modified Eighth Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al*. [Case No. 17-3283, ECF No. 19053] (the "Eighth Amended Commonwealth Plan").   The hearing to consider confirmation of the Eighth Amended Plan commenced on November 8, 2021 and concluded on November 23, 2021.  Pursuant to Court order, a further modified version of the Eighth Amended Commonwealth Plan was filed on January 14, 2022 [Case No. 17-3283, ECF No. 19784].

17.    On January 18, 2022, the Commonwealth Plan was confirmed, with the consummation of the Commonwealth Plan having occurred on March 15, 2022.  [Case No. 17-3283, ECF No. 19813].  Confirmation and consummation of the Commonwealth Plan was a critical milestone, as it implemented certain aspects of the HTA/CCDA PSA, including treatment of the Clawback Claims.

18.    Further carrying out the settlements contemplated under the HTA/CCDA PSA and the DRA Stipulation, the Oversight Board has filed concurrently herewith (a) the HTA Plan, (b) the Disclosure Statement, (c) the *Motion of the Puerto Rico Highways and Transportation Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (the "Disclosure Statement Motion"), and (d) the Confirmation Discovery Procedures Motion.  The HTA Plan

incorporates, among other things, the terms for the settlement and treatment of claims pursuant to the HTA/CCDA PSA and the DRA Stipulation.

## Jurisdiction and Venue

19.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA Section 306(a).

20.     Venue is proper in this district pursuant to PROMESA Section 307(a).

21.     The statutory predicates for the relief sought herein is Bankruptcy Code Section 105(a), made applicable to these cases by PROMESA Section 301(a), and Bankruptcy Rule 7026, *et seq.*, made applicable to these cases by PROMESA Section 310.

## Relief Requested

22.     By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), setting the Disclosure Statement Hearing for **June 17, 2022**, or as soon thereafter as the Court's schedule permits.  The Debtor also requests the establishment of the following deadlines and procedures in connection with the Debtor's Disclosure Statement approval process (the "Disclosure Statement Scheduling Procedures"):

- **Disclosure Statement Objection Deadline**:  5:00 p.m., Atlantic Standard Time, on June 8, 2022 as the deadline to file objections to (i) the adequacy of the Disclosure Statement, (ii) the relief requested in the Disclosure Statement Motion, and (iii) the relief requested in the Confirmation Discovery Procedures Motion (each, an "Objection").  Objections to the adequacy of the Disclosure Statement must (i) state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Title III Case, and (ii) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; and

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on June 13, 2022 as the deadline for the Debtor or other parties in interest to file replies or responses to the Objections and a revised Disclosure Statement, if necessary.

23.     In addition, the Debtor respectfully requests the establishment of procedures

regarding access to the centralized electronic document depository (the "Depository"),[6] consistent

with those approved by this Court in the CW DS Discovery Order, governing provision of

documents in connection with the Debtor's Disclosure Statement approval process, attached to the

Proposed Order as Exhibit 1.  The proposed procedures (the "Depository Procedures") include

provisions concerning: (i) the establishment of the Depository and procedures for access to

pertinent materials relating to the Disclosure Statement contained therein and confirmation of the

HTA Plan; (ii) confidentiality protections and limitations on access to the foregoing materials, as

appropriate;  and  (iii) protections  against  the  inadvertent  waiver  of  privileges,  attorney

work-product, and other immunities from disclosure as necessary to foster access to the pertinent

materials without undue delay.

24.     Pursuant to the Depository Procedures, eligible creditors of the Debtor and their

representatives will be permitted to access public, non-confidential information after completing

an electronic application certifying that they, or the person they represent, are a creditor of HTA.

The Debtor will also make relevant confidential information available to eligible creditors of the

Debtor and their representatives if, in addition to the eligibility certification, such creditors agree

to the terms of a protective order (the "Protective Order") attached as Exhibit 2 to the Proposed

Order, which the Debtor respectfully requests the Court approve.  The Protective Order governs

obligations concerning access to and sharing of confidential information and is designed to ensure

that creditors of the Debtor do not share confidential information with parties who do not have a

legitimate interest in it.  If a creditor of the Debtor wishes to access confidential information in

addition to public documents, they will be required to sign an acknowledgement that they have

---

[6]     For the avoidance of doubt, the website on which the Depository is accessible will be the same website as the
depository established to review documents and information related to the HTA Plan, titleiiiplandataroom.com.

read the Protective Order and agree to abide by its terms, substantially in the form attached to the Proposed Order as Exhibit 3 (the "Protective Order Subscription").  The Depository website shall be made available to creditors in English and Spanish, but the Debtor shall not be obligated to provide English- or Spanish-language translations of any documents placed in the Depository.

25.    These uniform procedures, which mirror those employed in connection with the Commonwealth's Title III proceeding, will allow creditors access to information in an orderly, expeditious, and efficient fashion on a consistent timeline, without the need for wasteful motion practice on an individual basis, or for other motions seeking expedited relief before this Court. They will also help ensure that confidential information is appropriately safeguarded.

26.    If the Debtor is unable to establish and implement a uniform set of deadlines and procedures, parties in interest may face unnecessary confusion and the Debtor may face improper and unnecessary requests that may delay the most critical aspects of its Title III process.  Such a result could unnecessarily impede and delay the approval of the Disclosure Statement, the confirmation of the HTA Plan, and, ultimately, HTA's ability to consummate the HTA Plan and exit Title III by the end of this year.  The proposed deadlines and procedures will streamline the process and assist the Debtor in focusing on its constituencies, operations, and restructuring efforts, while not prejudicing any party's rights.

27.    To facilitate the consideration of the relief requested in this Motion, the Debtor requests that the Court enter a scheduling order, attached hereto as **Exhibit C** (the "Scheduling Order"), setting forth the deadlines to file objections and relies, if any, to this Motion as follows:

- **Deadline to File Objections to the Motion**:  May 4, 2022 at 4:00 p.m. (Atlantic Standard Time)

- **Deadline to File Replies in Support of the Motion**:  May 5, 2022 at 4:00 p.m. (Atlantic Standard Time)

11

28.     Thereafter, the Debtor requests that the Court consider the Motion on submission, unless the Court determines that a hearing is necessary.

## Basis for Relief

**A.    Establishment of the Disclosure Statement Scheduling Procedures is Appropriate.**

29.     This Court has authority to approve the Disclosure Statement Scheduling Procedures pursuant to its inherent power to manage its docket. *See*, *e.g.*, *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) (district courts retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner); *In re Kitts*, 442 B.R. 818, 829 (D. Utah 2010) (noting that the "bankruptcy court had the inherent authority to manage its case load and calendar"). Section 105(a) of the Bankruptcy Code, made applicable to this Title III Case pursuant to PROMESA Section 301(a), codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

30.     Absent the establishment of the Disclosure Statement Scheduling Procedures, as requested herein, the Disclosure Statement approval process would be covered by the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"). The Case Management Procedures would require parties in interest to file objections to the Disclosure Statement and Disclosure Statement Motion fifteen (15) calendar days before the proposed Disclosure Statement Hearing, and replies by the Debtor to any objections seven (7) calendar days before the Disclosure Statement Hearing.

31.     Parties in interest will not be prejudiced by the Debtor's proposed timeline, as they will have more than five (5) weeks from the filing of the Disclosure Statement—an additional six days in comparison to the Case Management Procedures—to consider their objections, if any, to the Disclosure Statement. The Debtor is requesting that the Disclosure Statement Hearing be held

almost seven (7) weeks after the filing of this Motion and the Disclosure Statement on May 2, 2022, pursuant to a proposed schedule that would provide parties in interest ample time to review the HTA Plan and Disclosure Statement, as well as any modifications or supplements.  This timing will provide parties in interest ample opportunity to work with the Debtor to resolve objections, if any, they may have with respect to the Disclosure Statement.

32.      The Debtor's proposed Disclosure Statement Objection Deadline is nine (9) days before the Disclosure Statement Hearing.  Given the significant support for the HTA Plan from the Debtor's major constituencies pursuant to the HTA/CCDA PSA and the DRA Stipulation, this deadline will give the Debtor sufficient opportunity to resolve (and to the extent necessary, respond to) any objections, and will provide this Court with time to consider any objections in advance of the Disclosure Statement Hearing.[7]  Thus, the Debtor's proposed Disclosure Statement Scheduling Procedures will streamline the Disclosure Statement Hearing for the benefit of the Court and all parties in interest.

33.      In sum, the Debtor believes the approval of the Disclosure Statement Scheduling Procedures is an appropriate use of this Court's equitable and inherent powers because the proposed schedule allows the Debtor to preserve important creditor support for the HTA Plan, maintains a reasonable trajectory for this Title III Case, and provides parties in interest with a full and fair opportunity to consider the proposed HTA Plan and Disclosure Statement.  The Debtor therefore respectfully requests that the Court approve the Disclosure Statement Scheduling Procedures.

---

[7]   The Disclosure Statement is approximately 330 pages, compared to the approximately 630 pages for the Commonwealth's disclosure statement.

**B.    The Disclosure Statement Hearing Notice Should Be Approved**

34.    Bankruptcy Rules 3017(a) and 2002, made applicable pursuant to PROMESA Section 310, require that twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections and the hearing to approve a disclosure statement, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  The Debtor proposes to serve as soon as practicable[8] following the entry of the Proposed Order the notice of the hearing on the Disclosure Statement Motion substantially in the form attached hereto as **<u>Exhibit B</u>** (the "<u>Disclosure Statement Notice</u>"), by electronic transmission, by overnight mail, or by first-class mail upon all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017 (the "<u>Notice Parties</u>").  As noted above, the Disclosure Statement is being filed concurrently herewith, and parties will have thirty-seven (37) days from the filing of the Disclosure Statement to consider their objections pursuant to the Debtor's proposed Disclosure Statement Scheduling Procedures. The Disclosure Statement Notice will provide parties more than twenty-eight (28) days' notice of the Disclosure Statement Hearing and the proper procedures and content of any responses and objections to the Disclosure Statement, including the time, date, and place for filing objections to the Disclosure Statement.   Accordingly, the Debtor believes that the proposed Disclosure Statement Notice provides parties in interest with sufficient notice of the Disclosure Statement Hearing and the deadline to object to the Disclosure Statement and requests the Court approve such notice as adequate.

---

[8]    The Debtor anticipates completing service of the Disclosure Statement Notice within three (3) business days of entry of the Proposed Order.

C.       **The Depository Procedures Should Be Approved**

35.      Section 105(a) of the Bankruptcy Code, made applicable by PROMESA Section

301(a), provides that the Court "may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Under

Bankruptcy Code Section 105(a), the court has expansive equitable power to fashion any order or

decree that is in the interest of preserving or protecting the restructuring process.  *See, e.g.*, *In re*

*Energy Res. Co., Inc.*, 871 F.2d 223, 230 (1st Cir. 1989), *aff'd sub nom. United States v. Energy*

*Res. Co.*, 495 U.S. 545, 110 S. Ct. 2139, 109 L. Ed. 2d 580 (1990) (noting the bankruptcy court's

"broad equitable powers" including those under Bankruptcy Code Section 105(a)); *In re*

*Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the

bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.")

(citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d

1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his

orders to meet differing circumstances.").

36.      The Debtor anticipates that some parties in this Title III Case may seek additional

information from the Debtor in connection with their consideration of the adequacy of the

Disclosure Statement.  Given the history of this Title III Case, the number of interested parties,

and the potential objections to approval of the Disclosure Statement, the Debtor anticipates that

information requests may be duplicative and/or may go beyond what is necessary or appropriate

to evaluate the adequacy of the information contained in the Disclosure Statement.  The Depository

Procedures will provide creditors with access to relevant documents in the Depository, and will

obviate the need for duplicative and unnecessary information requests.

37.      The Depository Procedures will accomplish the same goal as those approved by

this Court pursuant to the CW DS Discovery Order, and serve to assist in providing creditors access

to relevant documents (including creating a single location for access to documents that are publicly available on different websites and at numerous locations), while also appropriately safeguarding confidential information.  The form of the Protective Order attached as Exhibit 2 to the Proposed Order is designed to ensure that eligible creditors of the Debtor have access to documents not otherwise publicly available only for purposes consistent with their interest in the Title III process and to evaluate the Disclosure Statement, and not for any other purpose, and prohibits such creditors who are granted access to these documents from disseminating or sharing such materials with third-parties.

38.    Confirmation procedures approved by courts in this and other districts do offer a model for streamlining creditor access to documents for the benefit of all parties in interest—goals that are present here.  Relief similar to that requested in this Motion has been granted in other large, complex bankruptcy cases in connection with evaluation of disclosure statements and confirmation of plans.  *See, e.g.*, *In re The Fin. Oversight and Mgmt. Bd. For P.R.*, Case No. 17-3283-LTS (D. P.R. May 4, 2021) [ECF No. 16681]; *In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017) [Docket No. 148]; *In re Maxus Energy Corp., et al.*, Case No. 16-11501(CSS) (Bankr. D. Del. Feb. 17, 2017) [Docket No. 907]; *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), [Docket No. 16233].

39.    The Depository Procedures are designed to enable this Title III Case to proceed under an expeditious and efficient process, to reduce the duplicative or unnecessary requests that would be contrary to those goals, and to permit access to documents to those who have a legitimate interest while also protecting confidential information.  The Debtor believes providing materials pursuant to uniform global procedures will assist in the efficient administration of the Debtor's Title III Case without unnecessary litigation expense, and, ultimately, the maximization of value

for the Debtor and its stakeholders.  Accordingly, the Debtor submits that the relief requested in this Motion is in the best interests of this Title III Case and its stakeholders, and should be granted in all respects.

**D.      Compliance With Case Management Procedures**

40.      Pursuant to Paragraph 1.H of the Case Management Procedures, the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter; has made reasonable, good-faith communications in an effort to resolve the issues that are being brought to the Court; and is not aware of any objections to the relief requested in this Motion, other than Assured's and the Creditors' Committee's reservation of rights to file any such objection.

<u>**Notice**</u>

41.      Notice of this Motion will be provided by facsimile, electronic mail transmission, regular mail and/or hand delivery to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the bonds issued by HTA; (c) the entities on the list of creditors holding the 20 largest unsecured claims against HTA; (d) the statutory committees appointed in any of the Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; (h) the United States Securities and Exchange Commission; and (i) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

42.     No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  May 2, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*