**Exhibit A**

**Proposed Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES <u>IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

Upon the urgent motion (the "Motion")[2] of the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") in its capacity as sole representative of HTA (the "Debtor" under PROMESA Section 315(b)), requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS FOLLOWS:

1. The Motion is granted as modified herein.

2. The Disclosure Statement Notice is approved.

**Disclosure Statement Scheduling Procedures**

3. The following Disclosure Statement Scheduling Procedures are approved:

- **Disclosure Statement Hearing**: 9:30 a.m., Atlantic Standard Time, on June 17, 2022, as the time and date for the Disclosure Statement Hearing, as such date may be adjourned by the Court or the Debtor pursuant to a notice filed on the docket maintained in these Title III Cases;

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

- **Disclosure Statement Objection Deadline**: 5:00 p.m., Atlantic Standard Time, on June 8, 2022, as the deadline to file objections to (i) the adequacy of the Disclosure Statement, and (ii) the relief requested in the Disclosure Statement Motion. Objections of the adequacy of the Disclosure Statement must (i) state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtor's Title III Case, and (ii) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; and

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on June 13, 2022, as the deadline for the Debtor or other parties in interest to file replies or responses to the Objections.

**Depository**

4.  The Depository Procedures set forth on **Exhibit 1** hereto are approved. The Debtor is authorized to establish and maintain the Depository in accordance with the Depository Procedures.

**Confidentiality**[3]

5.  The Debtor has established good cause for entry of an order, attached hereto as **Exhibit 2**, governing Confidential Information in connection with the Depository. The Protective Order set forth on **Exhibit 2** hereto is approved in all respects. The Debtor is authorized to implement the procedures and requirements set forth in the Protective Order, including execution of the Protective Order Subscription attached hereto as **Exhibit 3**.

6.  Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information (as defined in the Protective Order) by the Debtor in connection with the Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

---

[3] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in **Exhibit 2** hereto.

3

7. <u>No Warranty of Accuracy</u>. Each Eligible Creditor understands that the Producing Parties (as defined in **Exhibit 2** to this Order) will endeavor to include in the Confidential Information materials relevant for the purpose of evaluation of the Disclosure Statement, but each Eligible Creditor acknowledges that the Producing Parties do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Producing Parties shall have any liability to any Eligible Creditor or its representatives resulting from the use of such information by an Eligible Creditor or its representatives.

8. <u>No Waiver</u>. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

9. Upon entry hereof, the Debtor shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**Miscellaneous**

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

13. This Order resolves Docket Entry No. _____ in Case No. 17-3567.

Dated: _____, 2022
       San Juan, Puerto Rico

                                                              Laura Taylor Swain
                                                              United States District Court Judge

# Exhibit 1

## Depository Procedures

1. On or after [Date],[1] 2022, the Debtor is authorized to establish and populate an electronic document depository (the "Disclosure Statement Depository") which shall include factual source materials and raw data underlying the Disclosure Statement (including but not limited to factual source materials and raw data underlying the analysis of the Debtor's assets, the cash restriction analysis, and the best interest test report), as well as documents relating to the nature of claims and classification under the HTA Plan (collectively, the "Documents").

2. Creditors may request access to the Depository by visiting titleiiiplandataroom.com.

3. The Depository will be made available only to the following parties or their representatives (collectively, "Eligible Creditors"): (*i*) creditors of the Debtor for which a master proof of claim has been filed on such creditor's behalf that has not otherwise been disallowed or expunged, (*ii*) creditors of the Debtor who have filed a proof of claim against the Debtor that has not been disallowed or expunged, (*iii*) creditors who were not required to file a proof of claim pursuant to the Bar Date Orders,[2] or (*iv*) creditors who are listed on the Debtor's List of Creditors [Case No. 17-3283, ECF No. 2163, as may be modified], in an amount greater than $0.00.

4. All Eligible Creditors wishing to access the Depository must first navigate to titleiiiplandataroom.com; request access to the site; designate whether they wish to have access to non-confidential documents only or to confidential documents as well; affirm they are or represent

---

[1] [The date of entry of the Proposed Order]

[2] "Bar Date Orders" refers to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] and the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160].

a creditor of the Debtor; provide certain biographical information, including their name, address, telephone number, email address, proof of claim number (if available), and identify their creditor type, and if they are not the creditor, the name of the creditor and, if applicable, the representative institution they are associated with; and certify that they are eligible for access to the Depository pursuant to categories (*i*)-(*iv*) in paragraph 3 above. Access requests will be processed as promptly as reasonably practicable.

5. Eligible Creditors granted access to the Depository will receive access to all non-confidential materials posted in the Depository. To the extent Eligible Creditors also wish to access Confidential Information, such parties must agree to comply with the Protective Order annexed as Exhibit 2 to the Order, and execute the Protective Order Subscription annexed as Exhibit 3 to the Order. The Protective Order Subscription will be available to creditors by visiting titleiiiplandataroom.com and requesting access to confidential documents. Creditors will then be directed to OnTask, a secure online signing service, in order to review the Protective Order and submit an Eligible Creditor's electronic signature on the Protective Order Subscription. Any Eligible Creditor who executes the Protective Order Subscription shall be provided access to the Confidential portion of the Depository within one (1) business day of execution and submission thereof, or as soon as reasonably practicable thereafter.

6. The Depository shall contain an electronic index of all documents in the Depository. The Debtor shall use its reasonable best efforts to categorize Documents in the Depository by topic; provided, however, that the Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtor shall not be responsible for the mis-categorization of any particular Document and (ii) each Eligible Creditor should not rely upon the categorization of the Documents and should review all categories of Documents in their entirety.

7. Notwithstanding the placement of any document in the Depository and the review of any such document by an Eligible Creditor, the Oversight Board and the Debtor shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a Document contained in the Depository has been created by the Debtor, such party shall have waived the right to object to the use or introduction of such document on the basis of authenticity. Additionally, to the extent that the Debtor inadvertently includes privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege. Such protective measures are necessary to provide the requesting parties access to relevant materials in a timely and efficient manner.

8. In order to streamline access to the Depository and prevent overloading the Depository's website, the Oversight Board may make some or all Documents included in the Depository available to some or all Eligible Creditors by other means, including but not limited to transmitting such Documents via a secure file transfer protocol. The Oversight Board shall make the determination to provide Documents in such fashion in its own discretion, and all other terms of use and access to the Documents included in the Depository, whether provided via the depository or via secure file transfer protocol (including relating to the use of Confidential Information), shall be identical.

**Exhibit 2**

**Protective Order**

1. <u>Definitions</u>:

    a. "<u>Document</u>" means all documents and information in the Depository (the "<u>Data Room</u>").

    b. "<u>Confidential Information</u>" means all Documents in the Data Room that the Debtor considers in good faith to contain personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtor or other third parties if it was publicly disclosed.

2. <u>Permissible Use of Confidential Information</u>. All parties to this Protective Order, including their agents and representatives, agree to maintain the confidentiality and avoid improper disclosure of any Confidential Information in the Data Room. This includes any information derived from the Confidential Information, such as summaries, copies, or presentations containing or referencing Confidential Information. All Documents made available in the Depository shall be used only in connection with evaluating the adequacy of information in the Disclosure Statement and the confirmation of the HTA Plan and not for any other purpose. Each Eligible Creditor will safeguard Confidential Information from unauthorized disclosure with the same standard of care each Eligible Creditor uses in maintaining the confidentiality of its own confidential information of a similar nature.

3. <u>Confidentiality Subscription</u>. Eligible Creditors who are interested in obtaining access to Confidential Information will be directed to sign a Protective Order Subscription utilizing OnTask, a secure online signing service. Before an Eligible Creditor or any of its agents or representatives may access Confidential Information, they must read this Protective

Order and execute the Protective Order Subscription in the form attached as <u>Exhibit 3</u> to the Order via OnTask's secure signing service.

    4.  <u>Disclosure of Confidential Information</u>. Without obtaining the Debtor's prior written consent, Confidential Information may be disclosed only to the following persons:

    a.  any mediator or court (or their representatives) taking part in the administration or adjudication of the Disclosure Statement (collectively, the "<u>Courts</u>"), in compliance with the procedures listed in paragraph 6 below;

    b.  persons who are the authors, addressees, or recipients of documents containing Confidential Information if they have previously had lawful access to those documents;

    c.  professional court reporters and their staff; and

    d.  any Eligible Creditor's agents or representatives, including in house and outside counsel, professional personnel (including but not limited to IT staff), testifying or consulting experts, anticipated or actual witnesses testifying in connection with the Disclosure Statement or HTA Plan, and translators or other outside litigation support vendors (collectively, "<u>Representatives</u>"). Eligible Creditors shall be responsible for ensuring their Representatives read this Protective Order and comply with its terms, and each Eligible Creditor shall be responsible for any breach of this Protective Order by any of their Representatives. Attorneys for Eligible Creditors may only provide Confidential Information to their clients after their clients visit OnTask's secure signing service and execute the Protective Order Subscription on the OnTask site.

    5.  <u>Demand for Confidential Information</u>. If an Eligible Creditor or its Representatives are requested or required by court process or law to disclose Confidential Information, the Eligible Creditor will promptly give the Oversight Board written notice (to the attention of Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq., Proskauer Rose LLP, Eleven

Times Square, New York, New York 10036) of such request or requirement as far in advance of any disclosure as is practicable so the parties may seek an appropriate protective order or waiver in compliance with provisions of this Protective Order.

6. <u>Submission of Confidential Information to the Court</u>. Any Confidential Information filed with or otherwise submitted to the Court shall be filed or submitted under seal consistent with the local rules for the United States District Court for the District of Puerto Rico, and any applicable case management procedures. If any Confidential Information is used in any court proceeding, it shall not lose its designation through such use. Confidential Information shall not be copied or reproduced in an Eligible Creditor's objection to the Disclosure Statement, unless it is reasonably necessary to include Confidential Information in such an objection. If so, the Eligible Creditor's objection must be filed under seal in accordance with the requirements of the United States District Court for the District of Puerto Rico, and all copies shall be subject to this Protective Order and must include a "CONFIDENTIAL" designation.

7. <u>Challenges to Designations of Confidentiality</u>. If an Eligible Creditor believes any documents contained in the Depository have been improperly designated by the Debtor as containing Confidential Information, the Eligible Creditor may, after attempting to resolve the matter by agreement, apply to the Court for a ruling that certain documents or testimony designated as Confidential Information, or the information therein, is not entitled to confidential status or protection. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom. The Debtor's failure to designate Documents as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon prompt notice from the Oversight Board of

a failure to designate, Eligible Creditors and their Representatives shall cooperate to restore the confidentiality of the Confidential Information.

8. <u>Nonwaiver of Privileges</u>. Disclosure of documents (including documents containing Confidential Information) pursuant to the terms of this Protective Order shall not be deemed to waive attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information. If an Eligible Creditor or their Representative reviews any information in the Data Room that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appears to be subject to a legally recognized privilege, the Eligible Creditor or their Representative shall provide immediate notice to the Debtor and shall not review the information. Upon notification by the Debtor that it has inadvertently included information in the Depository that should not have been included (whether because of applicable privilege or otherwise), each Eligible Creditor shall certify that they have deleted or destroyed any downloaded or printed copies of such documents within twenty-four (24) hours of notification.

9. <u>Return or Destruction of Confidential Information Upon HTA Plan Confirmation</u>. Within sixty (60) days after the entry of a final order (or orders) confirming the HTA Plan, or the exhaustion of any appeals relating thereto, Confidential Information and all copies of same, and all documents containing or referring to Confidential Information, and copies of any pleading or paper filed of record with the Court, shall either be returned to the Debtor or destroyed.

10. <u>Application of Securities Laws</u>. Any Eligible Creditor who signs a Protective Order Subscription understands that, as a result of the receipt of Confidential Information, he, she, or it may be deemed to be in possession of material, nonpublic information

4

relating to the Debtor, and that the United States securities laws apply to such person. If an Eligible Creditor or its Representative who signs a Protective Order Subscription also trades securities, such person represents that it will ensure such trades do not violate any federal or state securities laws.

11. <u>Remedies, Jurisdiction and Governing Law</u>. Specific performance and injunctive relief are available as nonexclusive remedies upon proof of any breach of this Protective Order. Each Eligible Creditor and the Debtor shall confer in good faith over any disagreement in connection with this Protective Order before claiming noncompliance to any third party or this Court, <u>provided</u> that the Debtor shall have the right to refuse continued access to the Data Room to such Eligible Creditor and its Representatives if the Debtor determines that such Eligible Creditor has breached its obligations.

*[Remainder of page intentionally left blank]*

**Exhibit 3**

**Protective Order Subscription**

I hereby certify to the Oversight Board[1] and the Puerto Rico Highways and Transportation Authority that I have read the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated ___, 2022 (the "Order") and the Protective Order attached as Exhibit 2 thereto, and that I understand that I may not disclose any Confidential Information (as defined in the Protective Order) except as provided in the Protective Order. I further recognize that I am bound by the terms of the Protective Order and I agree to comply with those terms and submit to the jurisdiction of the United States District Court for the District of Puerto Rico for purposes of enforcement of the Order, the Protective Order, and this Protective Order Subscription.

Dated: _____

                                                 _____
                                                 Signature

                                                 Name: _____

                                                 Address: _____

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Puerto Rico Highways and Transportation Authority for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief.*