**Hearing Date [Proposed]: June 17, 2022**
**Objection Deadline [Proposed]: June 8, 2022 at 5:00 p.m. (Atlantic Standard Time)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## MOTION OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY FOR AN ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA Section 301(a), and Rule 7026, *et seq*., of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this case by PROMESA Section 310, for the establishment of procedures and deadlines concerning discovery in connection with confirmation of the *Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (as may be amended, modified, or supplemented from time to time, the "HTA Plan").  In support of this Motion, the Debtor respectfully represents as follows:

**Preliminary Statement[3]**

1.     Almost five years since entering Title III proceedings, on January 18, 2022, the Court confirmed the Commonwealth Plan, approving consensual agreements between interested parties and reorganizing tens of billions in Commonwealth indebtedness.  Among the settlements approved by the Commonwealth Plan was (i) compromise and settlement of issues with respect to the "clawback claims" against the Commonwealth, as provided in the HTA/CCDA PSA, and (ii) resolution of disputes regarding, among other things, the priority of certain claims held by the DRA Parties, as provided in the DRA Stipulation.  Confirmation of the Commonwealth Plan, and

---

[2]     PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]     Capitalized terms in the Preliminary Statement not previously defined are defined below.

the settlements approved thereby, was a momentous step towards restoring fiscal stability and access to capital markets to the Commonwealth and its instrumentalities.

2.      Further carrying out the settlements contemplated under the HTA/CCDA PSA and DRA Stipulation, and carrying out the Oversight Board's mandate under PROMESA, the Oversight Board seeks confirmation of the HTA Plan.   In connection therewith, contemporaneously with this Motion, the Debtor has filed (i) the DS Approval Motion,[4] seeking, among other things, approval of the Disclosure Statement as containing adequate information and setting a hearing to consider confirmation of the HTA Plan, and (ii) the Scheduling Motion,[5] establishing procedures and deadlines regarding discovery in connection with the hearing to consider the adequacy of information in the Disclosure Statement.   In addition thereto, to assist in the efficient management of the confirmation process, the Debtor hereby proposes to establish procedures and deadlines regarding discovery in connection with confirmation of the HTA Plan.

3.      Consistent with the procedures approved in the Commonwealth Plan confirmation process,[6] the Oversight Board proposes to launch a virtual dataroom with relevant HTA Plan and Disclosure Statement materials to provide parties in interest with information sufficient to evaluate

---

[4]    The "DS Approval Motion" refers to the *Motion of the Puerto Rico Highways and Transportation Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures*, filed concurrently herewith.

[5]    The "Scheduling Motion" refers to the *Urgent Motion of the Puerto Rico Highways and Transportation Authority for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, filed concurrently herewith.

[6]    *See Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [Case No. 17-3283, ECF No. 16681], ¶¶ 6-8.

the adequacy of information contained in the Disclosure Statement and the confirmability of the HTA Plan.

4. To promote an orderly and thorough confirmation process, conserve resources, and streamline the issues necessary for the Court's adjudication, the Debtor proposes to implement certain global information discovery procedures described herein. Notably, these procedures are similar to those authorized by this Court in the Commonwealth's Title III Case. [Case No. 17-bk-3283, ECF No. 17640]. As in the Commonwealth's case, these procedures will enable this Title III Case to proceed under an expeditious and efficient confirmation process and reduce the duplicative or unnecessary requests that would be contrary to those goals. The relief requested herein is authorized under the Court's equitable powers and is in the best interests of the Debtor and its stakeholders in this Title III Case. Accordingly, the Debtor respectfully requests the Court approve the Motion.

## Jurisdiction

5. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA Section 306(a).

6. Venue is proper pursuant to PROMESA Section 307(a).

7. The statutory predicates for the relief sought herein is Bankruptcy Code Section 105(a), made applicable to these cases by PROMESA Section 301(a), and Bankruptcy Rule 7026, *et seq*., made applicable to these cases by PROMESA Section 310.

## Background

***Commencement of Title III Case***

8. On June 30, 2016, the Oversight Board was established pursuant to PROMESA Section 101(b). The current members of the Oversight Board are David Skeel (Chairman),

Andrew Biggs, Judge Arthur Gonzalez, Antonio Medina, John Nixon, Justin Peterson, and Dr. Betty Rosa.

9.      Pursuant to PROMESA Section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . submitting . . . a plan of adjustment . . . or otherwise generally submitting filings in relation to the case with the court."  48 U.S.C. § 2175.

10.     On May 2, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "CW Title III Case").  Pursuant to PROMESA Section 315(b), the Oversight Board is the Commonwealth's representative in the CW Title III Case.

11.     Shortly thereafter, on May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Title III Case").  Pursuant to PROMESA Section 315(b), the Oversight Board is HTA's representative in the Title III Case.

12.     Background information regarding the Debtor is contained in the *Notice of Filing of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, ECF No. 1] attached to the Commonwealth's Title III petition.

### *Filing of the HTA Plan and Disclosure Statement*

13.     On April 12, 2021, the Oversight Board entered into an agreement in principle with Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured") and National Public Finance Guarantee Corporation ("National") regarding, among other things, the treatment of monies historically conditionally appropriated to certain Commonwealth instrumentalities (colloquially known as the "Clawback Claims"), which was memorialized in the HTA/CCDA PSA (as defined below).

14.     On May 5, 2021, and consistent with the agreement in principle reached with Assured and National, the Oversight Board, as representative of the Commonwealth and HTA, entered into that certain HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA," a copy of which is attached to the Disclosure Statement (as defined below) as Exhibit B) with certain holders of bonds issued by HTA and the Puerto Rico Convention Center District Authority ("CCDA"), Assured, and National, solely in their respective capacities as insurers, and asserted holders, deemed holders, or subrogees with respect to HTA bonds and CCDA bonds, as applicable. The HTA/CCDA PSA incorporated, among other things, the proposed treatment of the Clawback Claims.

15.     In furtherance of the HTA/CCDA PSA, on May 11, 2021, the Oversight Board filed a plan of adjustment for the Commonwealth, along with certain instrumentalities [Case No. 17-3283, ECF No. 16740] (as amended, supplemented, and modified from time to time, the "Commonwealth Plan") and associated disclosure statement [Case No. 17-3283, ECF No. 16741].

16.     In advance of the hearing to confirm the Commonwealth Plan, the Oversight Board entered into the *Stipulation in Connection with DRA Related Parties* [Case No. 17-3283, ECF No. 19100-1] (the "DRA Stipulation") with AmeriNational Community Services, LLC and Cantor-

Katz Collateral Monitor LLC (together, the "DRA Parties"), resolving the DRA Parties' objections to confirmation of the Commonwealth Plan and, among other things, providing for the DRA Parties to support and vote in favor of the Commonwealth Plan, the Disclosure Statement, and the HTA Plan.

17.     On November 3, 2021, the Oversight Board, on behalf of the Commonwealth, ERS, and PBA, filed the *Modified Eighth Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [Case No. 17-3283, ECF No. 19053] (the "Eighth Amended Commonwealth Plan").   The hearing to consider confirmation of the Eighth Amended Plan commenced on November 8, 2021 and concluded on November 23, 2021.  Pursuant to Court order, a further modified version of the Eighth Amended Commonwealth Plan was filed on January 14, 2022 [Case No. 17-3283, ECF No. 19784].

18.     On January 18, 2022, the Commonwealth Plan was confirmed, with the consummation of the Commonwealth Plan having occurred on March 15, 2022.  [Case No. 17-3283, ECF No. 20349].  Confirmation and consummation of the Commonwealth Plan was a critical milestone, as it implemented certain aspects of the HTA/CCDA PSA, including resolving the Clawback Claims against the Commonwealth.

19.     Further carrying out the settlements contemplated under the HTA/CCDA PSA and the DRA Stipulation, the Oversight Board has filed concurrently herewith (a) the HTA Plan and (b) the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement").   The HTA Plan incorporates, among other things, the terms for the settlement and treatment of claims pursuant to the HTA/CCDA PSA and the DRA Stipulation.

*The Disclosure Statement Approval and Plan Confirmation Schedule*

20.     Pursuant to the DS Approval Motion, the Debtor requests, among other things, setting the hearing on confirmation of the HTA Plan (the "Confirmation Hearing") to be scheduled on two days between September 12, 2022 and September 21, 2022, or as soon thereafter as the Court's calendar permits.

## Relief Requested

21.     To facilitate an orderly and efficient discovery and confirmation process, by this Motion, the Debtor requests entry of an order, in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) establishing certain objection and discovery deadlines in connection with confirmation of the HTA Plan, and (b) authorizing the Debtor to establish and implement exclusive global discovery procedures, pursuant to Sections 105(a) and Bankruptcy Rules 7026, *et seq.*, relating to confirmation of the HTA Plan.  The proposed global procedures include provisions concerning:

(i)     access to pertinent materials relating to Debtor, its assets and liabilities, and creditor recoveries under the HTA Plan;

(ii)    confidentiality protections and limitations on access to any of the foregoing materials, as is appropriate; and

(iii)   protection against the inadvertent waiver of privileges, attorney work-product, and other immunities from disclosure as is necessary to foster access to the pertinent materials without undue delay.

22.     Similar procedures have been approved in other large, complex Title III and chapter 11 cases with many overlapping issues.  *See Amended Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Case No. 17 BK 3283-LTS, ECF No. 18394]; *see also In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), *Order Establishing, Among Other Things, Procedures*

8

*and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith*
[Docket No. 16233], attached hereto as **Exhibit B**.

23.     In particular, and similar to the Oversight Board's request in the Scheduling
Motion, the Debtor proposes to implement certain information collection procedures described
herein and supplement the centralized depository requested to be established under the Scheduling
Motion with information related to the HTA Plan and HTA/CCDA PSA.  These procedures will
enable the Title III Case to proceed under an efficient process and to reduce any duplicative or
unnecessary requests that would be contrary to those goals.  The relief requested herein may be
authorized under the Court's equitable powers pursuant to Bankruptcy Code Section 105(a) and
Bankruptcy Rules 7026 *et seq.* and is in the best interests of this Title III Case.

24.     These uniform global procedures combined with existing access infrastructure will
provide needed clarity to the Eligible Creditors (as defined below), and allow them to obtain
relevant documents in an orderly, expeditious, and efficient fashion, without wasteful discovery-
based motion practice on an individual basis and other motions seeking expedited relief before this
Court.  The proposed global discovery procedures will ensure that document discovery is
conducted without needless duplication and expense.  Likewise, the global discovery procedures
will ensure that there are not needless or duplicative depositions or undue burden of witnesses.

25.     In addition, if the Debtor is unable to establish and implement a uniform set of
global discovery procedures, the Debtor will be faced with a logjam of discovery motion practice
at a time when it needs to focus on the most critical aspects of its Title III process.  Such a result
could unnecessarily impede and delay the confirmation of the HTA Plan and undermine the
Debtor's ability to focus on the ultimate implementation of the transactions contemplated by the

HTA Plan.  The proposed procedures will streamline the discovery process and assist the Debtor

in focusing on its operations and restructuring efforts, while not prejudicing any parties' rights.

26.    A summary of the proposed discovery deadlines leading to the disclosure statement

approval and confirmation hearing follows:

| Summary of Proposed Discovery Deadlines[7] | |
|---|---|
| Date of Entry of DS Approval Order | Conversion of Disclosure Statement depository to Plan Depository (as defined below) |
| Seven Days After Entry of DS Approval Order | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("Debtor's Preliminary Fact Witness List"). |
| | Deadline for Confirmation Hearing Notice to be served. |
| June 29, 2022 | Deadline for Eligible Creditors to file a "Notice of Intent to Participate in Discovery," (hereafter, a "Discovery Notice").  Only parties who file a timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| 10 Business Days after Entry of DS Approval Order | Deadline for Debtor to complete mailing of solicitation materials. |
| July 1, 2022 | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests").  Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below).  Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| July 8, 2022 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List," and together with the Debtor's Preliminary Fact Witness List, the "Preliminary Fact Witness Lists"). |
| | Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"). |

[7] For reference purposes only, the confirmation deadlines proposed in the DS Approval Motion are highlighted below in grey shading.

| | |
|---|---|
| | Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **July 11, 2022** | Deadline for Parties to serve any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **July 12, 2022** | Deadline for all parties to file opening expert reports ("Opening Expert Reports"). |
| | Deadline for Parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to a seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **July 13, 2022** | Deadline for the Debtor to file initial proposed confirmation order (the "Initial Proposed Confirmation Order"). |
| **July 15, 2022** | Parties to file rebuttal expert disclosures ("Rebuttal Expert Disclosures") |
| **July 18, 2022** | Deadline for Parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **July 20, 2022** | Deadline for Parties to file rebuttal expert reports ("Rebuttal Expert Reports") |
| | Completion of expert discovery (the "Expert Discovery Deadline"). |
| | Deadline for Eligible Creditors who solely want access to documents in the Plan Depository to file a Discovery Notice. |
| **July 22, 2022** | Deadline for Parties to file Daubert motions and motions *in limine*. |
| **July 27, 2022** | Deadline for Parties to file oppositions to Daubert motions and motions *in limine*. |
| | Deadline for Eligible Creditors to file:<br><br>• Objections to confirmation of the Plan ("Objections").<br><br>• Objections to Initial Proposed Confirmation Order. |
| | Voting Deadline / Election Deadline |
| **July 29, 2022** | Deadline for Parties to file replies in support of Daubert motions and motions *in limine*. |
| | Deadline for Parties to file finalized witness lists, witness declarations, exhibit lists and deposition designations. |

| August 3, 2022 | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation.<br><br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br><br>• Witness Declarations & Vote Tabulation.<br><br>• Initial Findings of Fact and Conclusions of Law. |
|---|---|
| | Deadline for Parties to file counter-designations, objections to deposition designations, or objections to exhibit lists. |
| August 5, 2022 | Deadline for Parties to file objections to counter designations. |
| August 8, 2022 | Deadline for Eligible Creditors to file objections to Initial Findings of Fact and Conclusions of Law. |
| August 8, 2022<br><br>(or a date convenient for the court) | Virtual hearing on motions *in limine* / pre-trial conference. |
| August 10, 2022 | Confirmation Hearing |

**The Global Discovery Procedures**

27.    The Debtor respectfully requests approval of the following global discovery procedures:

**Debtor's Plan Document Depository**

28.    Pursuant to the Scheduling Motion, the Debtor requested Court authorization to operate a depository for information relevant to an evaluation of the Disclosure Statement (the "Depository").  By the time this Motion is heard, the Depository will have been operational, and parties in interest will have had access to it, for no less than five (5) weeks.  Pursuant to this Motion, the Debtor requests authorization, subject to the same Depository Procedures (as defined below), to continue to populate the Depository with any additional documents relevant to Plan confirmation (to the extent not already added to the Depository), which shall include at least the following documents (collectively, the "Documents"):

a. Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and

b. Debtor's relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

29. The Debtor requests authorization to apply the procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the proposed order approving the Scheduling Motion (collectively, the "Depository Procedures"), to all additional documents relevant to confirmation of the HTA Plan that the Debtor uploads to the Depository.

30. Access to the Depository shall continue to be subject to such party's eligibility, and agreement to and compliance with the Protective Order (as defined in the Scheduling Motion), and any amendments or modifications thereto approved by the Court from time to time.

31. The Depository contains an electronic index of all Documents in the Depository. This index contains information about both Documents in the Depository containing Confidential Information, and Documents in the Depository that do not contain Confidential Information. The Debtor has used its reasonable best efforts to categorize Documents by topic; provided, however, that the Depository contains a disclaimer expressly stating, among other things, that (i) the Debtor shall not be responsible for the mis-categorization of any particular Document; (ii) each Eligible Creditor should not rely upon the categorization of the Documents and should review all categories of Documents in their entirety; and (iii) the inclusion of material in the Depository does not constitute a warranty of such material's accuracy or completeness.

32. Consistent with the Mediation Agreement, dated as of June 23, 2017, as amended from time to time (the "Mediation Agreement"), no "Confidential Information" (as defined therein) received by the Debtor from any party to the Mediation Agreement, is included in the Depository or has been produced to any Eligible Creditor. Prior to producing any Documents

received by the Debtor from any party to the Mediation Agreement, the Debtor has agreed to (i) confirm that such Documents have not been designated to constitute "Confidential Information" under the Mediation Agreement and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute "Confidential Information" as defined in the Mediation Agreement. Additionally, to the extent that the Debtor has inadvertently included any "Confidential Information" (as defined in the Mediation Agreement) in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

33.     The Debtor submits that maintenance of (i) the Depository, supplemented by any additional documents relating to Plan issues not already included and (ii) the Depository Procedures, in advance of the period in which parties may file objections to the HTA Plan, will maximize efficiency and avoid unwarranted and potentially costly proceedings in connection with the HTA Plan, including but not limited to discovery related thereto.

**<u>Designation of Fact Witnesses</u>**

34.     The Debtor proposes that it and each Eligible Creditor shall file a list (the "<u>Preliminary Fact Witness List</u>") setting forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

35.     Within seven days of the entry of an order approving the DS Approval Motion, the Debtor shall file its Preliminary Fact Witness List (the "<u>Debtor's Preliminary Fact Witness List</u>"). The deadline for Eligible Creditors to file a Preliminary Fact Witness List (an "<u>Eligible Creditor's Preliminary Fact Witness List</u>," and together with the Debtor's Preliminary Fact Witness List, the "<u>Preliminary Fact Witness Lists</u>") is July 8, 2022.

36.     Notwithstanding the designation of a person on a Preliminary Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Preliminary Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Preliminary Fact Witness List on or before July 29, 2022, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

37.     For purposes of the Confirmation Hearing, the Debtor or an Eligible Creditor may present the testimony of any designated person by either the submission of a declaration of such person or the use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of any party that has filed an objection to confirmation of the HTA Plan on or before the Objection Deadline (as defined below) to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Case Management Order no later than July 29, 2022 (and August 3, 2022, for the Debtor) and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Discovery**

38.     The Debtor proposes that parties and parties in interest (an "Eligible Creditor") that wish to participate in discovery and/or obtain access to the Plan Depository must file a notice of intention to participate in discovery (a "Discovery Notice"),[8] in the manner set forth in

---

[8]     A copy of the Discovery Notice is attached to the Proposed Order as Exhibit 1.

Confirmation Hearing Notice.  *See* **Attachment A** to **Exhibit A** of the Disclosure Statement Motion.

39.     Eligible Creditors seeking to obtain access to the Depository and to participate in other discovery, including serving their own discovery requests or participating in questioning during depositions, as set forth in the schedule listed above and in paragraphs 42 through 50 below, must file their Discovery Notice by **June 29, 2022**.  Eligible Creditors solely seeking access to documents in the Depository must file their Discovery Notice by **July 20, 2022**.  The failure to file a Discovery Notice will not prevent any party from filing an objection to the confirmation of the plan—it will just exclude them from participating in discovery, including serving discovery requests or participating in questioning during depositions.  It is expected that parties taking discovery will use their best efforts to avoid duplicative discovery requests.

40.     Nothing herein shall preclude (i) Eligible Creditors who do not file a Discovery Notice from filing an Objection to confirmation of the HTA Plan on or before **July 27, 2022** (the "Objection Deadline") and (ii) any party in interest from seeking discovery of any party, other than the Debtor, in connection with a properly filed objection to confirmation of the HTA Plan.

41.      To avoid confusion and duplicative notices, the Debtor proposes to provide a consolidated notice of the deadline to file a Discovery Notice, other discovery deadlines proposed below, establishment of the Depository, and confirmation- and solicitation-related deadlines proposed in the DS Approval Motion through service of the Confirmation Hearing Notice (as defined in the DS Approval Motion) on or before five (5) business days after entry of the order granting the relief requested in the DS Approval Motion.  *See* **Exhibit A** of the DS Approval Motion.

**Additional Discovery of the Debtor**

42.     In addition to being provided access to the Depository, subject to the requirements outlined above, any Eligible Creditors who have filed a Discovery Notice by **June 29, 2022,** may serve upon or notice the Debtor with the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery").  Fact discovery will conclude on **July 18, 2022** (the "Fact Discovery Deadline").

43.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, Eligible Creditors and parties in interest may serve initial requests for production of non-depository documents ("Initial Production Requests") at any time between July 1 and July 3, 2022, and follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests") on or before July 11, 2022.  Eligible Creditors and parties in interest may serve Production Requests only following their filing of a Discovery Notice.  The deadline for recipients of Production Requests to respond to such Production Requests, including any objections thereto, is seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b) such responses and objections be served on or before the Fact Discovery Deadline.  Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Plan Depository.  However, if the Debtor believes that documents or information requested in a Production Request are already in the Plan Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

44.     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, Eligible Creditors and parties in interest may serve up to fifteen

(15) interrogatories ("Interrogatories"), including subparts. The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections be served on or before the Fact Discovery Deadline.

45.      Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, Eligible Creditors and parties in interest may serve requests for admission ("Admission Requests") solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing. Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

46.      Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving multiple Production Requests, provided, however, that all Production Requests must be served on or before **July 11, 2022**, which is seven (7) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

47.      Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, Eligible Creditors and parties in interest may serve initial notices of deposition ("Initial Deposition Notices") on or before **July 12, 2022**. Notwithstanding the deadline for Initial Deposition Notices, the Debtor or Eligible Creditors who have filed Discovery Notices may file subsequent notices for depositions upon oral examination (a "Follow-Up

Deposition Notice" and collectively with Initial Deposition Requests, "Deposition Notices");
provided, further, that all depositions, whether pursuant to an Initial Deposition Notice or a Follow-
Up Deposition Notice, be completed by the Fact Discovery Deadline for fact witnesses and the
Expert Discovery Deadline for expert witnesses; and provided, further, that an Eligible Creditor
may participate at any such deposition by remote means or in-person.  Any party in interest, other
than an Eligible Creditor, that files an Objection to confirmation of the HTA Plan during the period
up to and including the Initial Objection Deadline, shall be entitled to attend (by remote means or
in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.
With regard to depositions, and the exhibits thereto, in which the witness will testify about
Confidential Information as defined in the Scheduling Motion and which is subject to the
Protective Order, the noticing party shall take all necessary steps to ensure that any Eligible
Creditors or other parties in interest attending such deposition and who will have access to the
exhibits have signed the Protective Order Subscription (as defined in the Proposed Order) on the
Depository website.

48.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated
by Bankruptcy Rule 7030, unless otherwise agreed to by the parties, depositions shall be limited
to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be
required to allocate such time among such parties; provided, however, that, if additional time is
needed to fairly examine the deponent or if the deponent, another person, or any other circumstance
impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal
Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant
additional time if appropriate.  Should a party to the HTA/CCDA PSA or the DRA Stipulation

(each, a "<u>PSA Party</u>") seek to examine a deponent proffered by the Debtor, such examination must take place after the Debtor has been given the opportunity to examine such Deponent.

49.     Any Documents produced by an Eligible Creditor to the Debtor shall be made contemporaneously available to the PSA Parties through the Depository.  Further, any documents produced by an Eligible Creditor or a PSA Party to an Eligible Creditor or a PSA Party shall be contemporaneously produced to the Debtor and provided by the Debtor to the Depository.

50.     Each PSA Party shall receive prior notice of any deposition and be entitled (i) to attend (by remote means or in-person), as an observer, the deposition of the deponent designated in a Deposition Notice and (ii) to participate in such deposition to the extent that (a) the subject matter thereof includes the HTA/CCDA PSA, the DRA Stipulation, the respective settlements embodied therein and in the HTA Plan or any other matters arising from or related to the HTA/CCDA PSA or the DRA Stipulation, or the claims, rights or interests of such PSA Party, and (b) if the deposition is of a deponent put forth on behalf of the Debtor, the Debtor has already had the opportunity to examine the deponent.

**<u>Discovery Disputes</u>**

51.     In the event that a discovery dispute arises (a "<u>Discovery Dispute</u>"), the parties to the Discovery Dispute shall meet and confer (the "<u>Dispute Conference</u>") in an attempt to resolve the Discovery Dispute.  If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court (or any appointee thereof) of the existence of such Discovery Dispute via telephone and the Court or applicable appointee shall schedule a chambers conference, telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the

Court or applicable appointee with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

52.     Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

53.     On or before **July 8, 2022**, the Debtor and each Eligible Creditor shall file a list (the "Opening Expert Disclosures") setting forth the names of the initial expert witnesses that such party anticipates presenting at the Confirmation Hearing.

54.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, the Debtor and each Eligible Creditor who has timely disclosed the identity of an expert witness on a Debtor's Initial Fact Witness List or Eligible Creditor's Initial Fact Witness List, shall file its Opening Expert Report(s) on or before **July 12, 2022**.

55.     On or before **July 15, 2022**, the Debtor and each Eligible Creditor shall file a list (the "Rebuttal Expert Witness Disclosures," and together with the Preliminary Fact Witness Lists and the Opening Expert Witness Disclosures, the "Witness Lists") setting forth the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing. The Debtor and each Eligible Creditor who has timely disclosed the identity of an expert witness in a Rebuttal Expert Witness Disclosure shall file the accompanying rebuttal expert report (each a "Rebuttal Expert Report") on or before **July 20, 2022**. With respect to Rebuttal Expert Reports

that rely on, reference, and/or are based on confidential information, such Rebuttal Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Plan Depository. The Rebuttal Expert Reports uploaded to the Plan Depository, and which contain confidential information, shall be governed by the Protective Order for the Plan Depository.

**Pre-Confirmation Hearing Conference**

56.    The Debtor requests the Court conduct a pre-Confirmation Hearing conference to discuss motions *in limine*, the presentation of testimony in support and in opposition to confirmation of the HTA Plan, the number of witnesses to be presented, including, without limitation, the persons on the Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

57.    Notwithstanding the deadlines set forth above for the Debtor to file an Initial Proposed Confirmation Order and Initial Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[9]

58.    The Debtor submits the provisions governing Confidential Information in the Protective Order attached as **Exhibit 2** to the order approving the Scheduling Motion should apply

---

[9]    Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

to any documents or information uploaded to the Depository, including any Plan-related information. [10]

59.     In addition, the Debtor requests that, pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, and that the Proposed Order will be enforceable in any and all other federal and state court proceedings.

## Basis for Relief

60.     Section 105(a) of the Bankruptcy Code, made applicable by PROMESA Section 301(a), provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Under Bankruptcy Code Section 105(a), the court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the restructuring process.  *See, e.g.*, *In re Energy Res. Co., Inc.*, 871 F.2d 223, 230 (1st Cir. 1989), *aff'd sub nom. United States v. Energy Res. Co.*, 495 U.S. 545, 110 S. Ct. 2139, 109 L. Ed. 2d 580 (1990) (noting the bankruptcy court's "broad equitable powers" including those under Bankruptcy Code Section 105(a)); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

---

[10]     The Debtor reserves the right to seek modifications to this Protective Order in the event that any documents or materials to be disclosed in discovery require other or additional confidentiality protections.

61. Bankruptcy Rules 7026, *et seq.*, made applicable by PROMESA Section 310, set forth the requirements for the gathering of information in Title III cases, with provisions governing, among other items, discovery, depositions, the production of documents, interrogatories, and admissions. Nothing in the proposed global discovery procedures is inconsistent with or alters the rights of parties under any of these rules. On the contrary, the proposed global discovery procedures are "necessary and appropriate to carry out the provisions" of Bankruptcy Rules 7026, *et seq.*, as they would allow parties in interest to obtain the documents they seek in an orderly, expeditious, and efficient fashion, without prejudicing the rights of such parties. 11 U.S.C. § 105(a).

62. Relief similar to that requested in this Motion has been granted in other Title III Cases before the Court, as well as other large, complex bankruptcy cases. *See In re the Commonwealth of Puerto Rico, et al.*, Case No. 17-3283 (D.P.R. Oct. 5, 2021) [Docket No. 18394]; *see also In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017) [Docket No. 148]; *In re Maxus Energy Corp., et al.*, Case No. 16-11501(CSS) (Bankr. D. Del. Feb. 17, 2017) [Docket No. 907]; *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004) [Docket No. 16233]; *see also City of Detroit, Michigan*, Case No. 13-53846 (SWR) (Bankr. E.D. Mich. Feb. 24, 2014) [Docket No. 2727] (establishing dates and deadlines for confirmation discovery). In fact, the proposed global discovery procedures are substantially identical to the procedures approved by the Court in connection with confirmation of the Commonwealth Plan.

63. The Debtor believes its ability to respond to discovery requests pursuant to uniform global discovery procedures will assist in the efficient administration of the Debtor's Title III Case without unnecessary litigation expense, and, ultimately, the maximization of value for the Debtor

and its stakeholders.  Therefore, the Debtor submits that the relief requested in this Motion is in the best interests of stakeholders in this Title III Case, and should be granted in all respects.

## **Notice**

64.     Notice of this Motion will be provided by facsimile, electronic mail transmission, regular mail and/or hand delivery to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the bonds issued by HTA; (c) the entities on the list of creditors holding the 20 largest unsecured claims against HTA; (d) the statutory committees appointed in any of the Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; (h) the United States Securities and Exchange Commission; and (i) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

65.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE** the Debtor respectfully requests the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  May 2, 2022
        San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtor*