**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**ORDER ESTABLISHING, AMONG OTHER THINGS,
PROCEDURES AND DEADLINES CONCERNING OBJECTIONS
TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH**

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

Upon the motion (the "<u>Motion</u>")[2] of the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>" and in its capacity as representative of HTA, the "<u>Debtor</u>"), as sole Title III representative of the debtors under PROMESA Section 315(b), requesting entry of an order establishing, among other things, procedures and deadlines concerning objections to confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby **ORDERED AS FOLLOWS**:

1.      The Motion is GRANTED as set forth herein.

**<u>Summary of Deadlines for Discovery and Confirmation</u>**

2.      Subject to additional instructions provided in the remainder of this Order, the following deadlines shall apply to discovery and confirmation of the HTA Plan:

| Summary of Proposed Discovery Deadlines[3] | |
| --- | --- |
| **Date of Entry of DS Approval Order** | Conversion of Disclosure Statement depository to Plan Depository (as defined below) |
| | Deadline for the Debtor to upload all documents to the Plan Depository |

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

[3]   For reference purposes only, the confirmation deadlines proposed in the DS Approval Motion are highlighted below in grey shading.

| | |
|---|---|
| **Seven Days After Entry of DS Approval Order** | Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("Debtor's Preliminary Fact Witness List"). |
| | Deadline for Confirmation Hearing Notice to be served. |
| **June 29, 2022** | Deadline for Eligible Creditors to file a "Notice of Intent to Participate in Discovery," (hereafter, a "Discovery Notice"). Only parties who file a timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **10 Business Days after Entry of DS Approval Order** | Deadline for Debtor to complete mailing of solicitation materials. |
| **July 1, 2022** | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| **July 8, 2022** | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List," and together with the Debtor's Preliminary Fact Witness List, the "Preliminary Fact Witness Lists"). |
| | Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"). |
| | Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **July 11, 2022** | Deadline for Parties to serve any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **July 12, 2022** | Deadline for all parties to file opening expert reports ("Opening Expert Reports"). |
| | Deadline for Parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to a seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **July 13, 2022** | Deadline for the Debtor to file initial proposed confirmation order (the "Initial Proposed Confirmation Order"). |
| **July 15, 2022** | Parties to file rebuttal expert disclosures ("Rebuttal Expert Disclosures") |
| **July 18, 2022** | Deadline for Parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |

3

| | |
|---|---|
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **July 20, 2022** | Deadline for Parties to file rebuttal expert reports ("Rebuttal Expert Reports") |
| | Completion of expert discovery (the "Expert Discovery Deadline"). |
| | Deadline for Eligible Creditors who solely want access to documents in the Plan Depository to file a Discovery Notice. |
| **July 22, 2022** | Deadline for Parties to file Daubert motions and motions *in limine*. |
| **July 27, 2022** | Deadline for Parties to file oppositions to Daubert motions and motions *in limine*. |
| | Deadline for Eligible Creditors to file:<br><br>• Objections to confirmation of the Plan ("Objections").<br><br>• Objections to Initial Proposed Confirmation Order. |
| | Voting Deadline / Election Deadline |
| **July 29, 2022** | Deadline for Parties to file replies in support of Daubert motions and motions *in limine*. |
| | Deadline for Parties to file finalized witness lists, witness declarations, exhibit lists and deposition designations. |
| **August 3, 2022** | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation.<br><br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br><br>• Witness Declarations & Vote Tabulation.<br><br>• Initial Findings of Fact and Conclusions of Law. |
| | Deadline for Parties to file counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **August 5, 2022** | Deadline for Parties to file objections to counter designations. |
| **August 8, 2022** | Deadline for Eligible Creditors to file objections to Initial Findings of Fact and Conclusions of Law. |
| **August 8, 2022**<br><br>**(or a date convenient for the court)** | Virtual hearing on motions *in limine* / pre-trial conference. |
| **August 10, 2022** | Confirmation Hearing |

**Designation of Fact Witnesses**

3.      On or before the date that is seven (7) days following entry of the order approving the DS Approval Motion, the Debtor shall file (a) the Debtor's Preliminary Fact Witness List.  The deadline for Eligible Creditors to file an Eligible Creditor's Preliminary Fact Witness List is July 8, 2022.  The Preliminary Fact Witness Lists shall set forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

4.      Notwithstanding the designation of a person on the Debtor's Preliminary Fact Witness List or an Eligible Creditor's Preliminary Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Preliminary Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Preliminary Fact Witness List on or before July 29, 2022, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

5.      For purposes of the Confirmation Hearing, the Debtor and Eligible Creditors may present the testimony of any designated person by either the submission of a declaration of such person or use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of the Debtor or any party that has filed an objection to confirmation of the HTA Plan on or before the Final Objection Deadline, as applicable, to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Local Rules

no later than July 29, 2022 (or August 3, 2022, for the Debtor) and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Plan Depository**

6.      The procedures set forth in __Exhibit 1__, __Exhibit 2__ and __Exhibit 3__ attached to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (Docket Entry No. _____, the "DS Hearing Scheduling Order") shall apply in equally full force and effect to the Depository and be unmodified except to the extent set forth herein (collectively, the "Plan Depository Procedures"):

> a.      To the extent not already uploaded to the Depository, on or before the date that is seven (7) days following entry of this Order, the Debtor shall populate the Depository to include, in addition to the documents previously residing in the Depository, at least the following documents (collectively, the "Documents"):
>
>> i.      Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and
>>
>> ii.     Debtor's relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

7.      Any Eligible Creditor, and any party to the HTA/CCDA PSA, including all joinders thereto, Cantor-Katz Collateral Monitor LLC, and AmeriNational Community Services LLC (each, a "PSA Party"), who (a) provides the information requested on the Depository website and attests to the truth of such information shall be provided access to the Depository, and (b) executes

the Protective Order by submitting an electronic version of the subscription in the form annexed

to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order Subscription") on the

Depository website shall be provided access to documents in the Depository that have been

designated as Confidential.  In addition, any representative of an Eligible Creditor or PSA Party

who executes a Protective Order Subscription shall receive access to documents in the Depository

that have been designated as Confidential.

8.      Notwithstanding the placement of any document in the Depository and the review

of any such document by an Eligible Creditor or PSA Party, the Debtor shall maintain the right to

object to the use or introduction of any document in the Depository in any matter or proceeding

on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the

Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a

document contained in the Depository has been created by the Debtor, it shall have waived the

right to object to the use or introduction of such document on the basis of authenticity.

Additionally, to the extent that the Debtor inadvertently includes privileged materials in the

Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such

protective measures are necessary in order to provide the requesting parties access to relevant

materials in a timely and efficient manner.

9.      Consistent with the Mediation Agreement, dated as of June 23, 2017, as amended

from time to time (the "Mediation Agreement"), no "Confidential Information" (as defined

therein) received by the Debtor from any party to the Mediation Agreement, shall be included in

the Depository or produced to any Eligible Creditor.  Prior to producing any Documents received

by the Debtor from any party to the Mediation Agreement, the Debtor agrees to (i) confirm that

such Documents have not been designated to constitute "Confidential Information" under the

Mediation Agreement and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute "Confidential Information" as defined in the Mediation Agreement.  Additionally, to the extent that the Debtor inadvertently includes "Confidential Information" (as defined in the Mediation Agreement) in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

**<u>Discovery</u>**

10.    Eligible Creditors that wish to participate in discovery and/or obtain access to the Depository must file a Discovery Notice

11.    Eligible Creditors who file a Discovery Notice on or before June 29, 2022 shall be able to access documents in the Depository.  Eligible Creditors who file a Discovery Notice on or before **July 20, 2022** shall also be able to participate in other discovery, including serving their own discovery requests and participating in questioning at depositions, as set forth in the schedule listed above and in paragraphs 13 through 21 below.

12.    Nothing herein shall preclude (i) Eligible Creditors who do not file a Discovery Notice from filing an Objection to confirmation of the HTA Plan on or before the Objection Deadline and (ii) any party in interest from seeking discovery of any party, other than the Debtor, in connection with a properly filed objection to confirmation of the HTA Plan and the party from whom discovery is sought objecting thereto.

**<u>Additional Discovery</u>**

13.    In addition to being provided access to the Depository, subject to the requirements outlined above, any Eligible Creditors who have filed a Discovery Notice by June 29, 2022, may serve upon or notice the Debtor the following types of discovery requests in connection with the

Confirmation Hearing (collectively, the "Permitted Discovery"), as set forth in paragraphs 14 through 19 below. Fact discovery will conclude on July 18, 2022 (the "Fact Discovery Deadline").

14.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, Eligible Creditors and parties in interest may serve Initial Production Requests at any time between July 1 and July 3, 2022, and Follow-Up Production Requests on or before July 11, 2022 (collectively, "Production Requests"). Eligible Creditors and parties in interest may serve Production Requests only following their filing of a Discovery Notice. The deadline for recipients of Production Requests to respond to such Production Requests, including any objections thereto, is seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline. Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Depository. However, if the Debtor believes that documents or information requested in a Production Request are already in the Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

15.     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, Eligible Creditors and parties in interest may serve up to fifteen (15) Interrogatories, including subparts. The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative

9

deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.

16.     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, Eligible Creditors and parties in interest may serve Admission Requests solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing.  Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

17.     Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving multiple Production Requests, provided, however, that all Production Requests must be served on or before July 11, 2022, which is seven (7) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

18.     Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, Eligible Creditors and parties in interest may serve Initial Deposition Notices on or before July 12, 2022.  Notwithstanding the deadline for Initial Deposition Notices, the Debtor or Eligible Creditors who have filed Objection Notices may file Follow-up Deposition Notices; provided, however, that all depositions, whether pursuant to an Initial Deposition Notice or a Follow-Up Deposition Notice, be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses; and provided, further, that an Eligible Creditor who has timely filed a Discovery Notice on or before June 29, 2022, may participate at any such deposition by remote means or in-person.  Any party in interest,

10

other than an Eligible Creditor, that files an Objection to confirmation of the HTA Plan during the period up to and including the Objection Deadline, shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice. With regard to depositions, and the exhibits thereto, in which the witness will testify about Confidential Information (as defined in the DS Hearing Scheduling Order) and which is subject to the Protective Order for the Depository, the noticing party shall take all necessary steps to ensure that any Eligible Creditors, PSA Parties, or parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription on the Depository website.

19. Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties; provided, however, that, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate. Should a PSA Party seek to examine a deponent proffered by the Debtor, such examination must take place after the Debtor has been given the opportunity to examine such Deponent.

20. Any Documents produced by an Eligible Creditor to the Debtor shall be made contemporaneously available to the PSA Parties through the Plan Depository. Further, any documents produced by an Eligible Creditor or a PSA Party to an Eligible Creditor or a PSA Party

shall be contemporaneously produced to the Debtor and provided by the Debtor to the Plan Depository.

21.     Each PSA Party shall receive prior notice of any deposition and be entitled (i) to attend (by remote means or in-person), as an observer, the deposition of the deponent designated in a Deposition Notice and (ii) to participate in such deposition to the extent that (a) the subject matter thereof includes the HTA/CCDA PSA or the DRA Stipulation, the respective settlements embodied therein and in the HTA Plan or any other matters arising from or related to the HTA/CCDA PSA, the DRA Stipulation, or the claims, rights or interests of such PSA Party, and (b) if the deposition is of a deponent put forth on behalf of the Debtor, the Debtor has already had the opportunity to examine the deponent.

**Discovery Disputes**

22.     In the event that a Discovery Dispute arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute.  If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via telephone and the Court shall schedule a chambers conference, telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

23.     Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

24.     On or before July 8, 2022, the Debtor and each Eligible Creditor shall file Opening Expert Disclosures setting forth the names of the initial expert witnesses that such party anticipates presenting at the Confirmation Hearing.

25.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, the Debtor and each Eligible Creditor who has timely disclosed the identity of an expert witness on the Debtor's Initial Fact Witness List or Eligible Creditor's Initial Fact Witness List, shall file its Opening Expert Report(s) on or before July 12, 2022.  With respect to Opening Expert Reports that rely on, reference, and/or are based on confidential information, such Opening Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The Opening Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

26.     On or before July 15, 2022, the Debtor and each Eligible Creditor shall file Rebuttal Expert Witness Disclosures, setting forth the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing.  The Debtor and each Eligible Creditor who has timely disclosed the identity of an expert witness in a Rebuttal Expert Witness Disclosure shall file the accompanying Rebuttal Expert Report on or before July 20, 2022.  With respect to Rebuttal Expert Reports that rely on, reference, and/or are based on confidential information, such Rebuttal

13

Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository. The Rebuttal Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

**Pre-Confirmation Hearing Conference**

27.     For purposes of the Confirmation Hearing, direct testimony shall be by Witness Declaration or deposition transcript, in accordance with the deadlines set forth above. Such presentation of direct testimony by the Debtor shall be subject to (a) the rights of any party that has filed an Objection to confirmation of the HTA Plan on or before the Objection Deadline to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. Such presentation of direct testimony by an Eligible Creditor shall be subject to (a) the rights of the Debtor and PSA Parties to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. Any such declarant shall be present at the Confirmation Hearing and be available for cross-examination and rebuttal testimony, if any.

28.     Notwithstanding the deadlines set forth above for the Debtor to file an Initial Proposed Confirmation Order and Initial Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[4]

29.     The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order shall remain in full force and effect.

30.     In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

31.     **No Warranty of Accuracy.**  Each Eligible Creditor understands that the Debtor will endeavor to include in the Confidential folders in the Depository materials relevant for the purpose of evaluation of the HTA Plan, but each Eligible Creditor acknowledges that the Debtor does not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and the Debtor shall not have any liability to any Eligible Creditor or its Representatives resulting from the use of such information by an Eligible Creditor or its Representatives.

32.     **No Waiver.**  No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

**Notice**

33.     Within five (5) Business Days of entry hereof, or as soon as practicable thereafter, the Debtor shall cause the Balloting Agent (as defined in the Disclosure Statement Motion) to complete the mailing of this Order, together with a copy of the *Notice of Intent to Participate in*

---

[4]     Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

*Discovery for Confirmation of HTA Plan of Adjustment*, a copy of which is attached hereto as

**Exhibit 1**, in accordance with the Bankruptcy Rules and Local Rules.

**Jurisdiction**

34.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

35.     This Order resolves Docket Entry No. _____ in Case No. 17-3567.

Dated: _____, 2022

_____
Hon. Laura Taylor Swain
United States District Court Judge

16

**<u>EXHIBIT 1</u>**

**Form of Discovery Notice**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY
## FOR CONFIRMATION OF HTA PLAN OF ADJUSTMENT

_____ ("Participant") hereby submits this notice of intent to participate

in discovery for confirmation of the *Title III Plan of Adjustment of the Puerto Rico Highways*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

*and Transportation Authority* [ECF No. _____], as may be amended, modified, or supplemented, pursuant to the Court's *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. _____] and respectfully states as follows:

1.      **Participant's contact information, including email address, and that of its counsel:**

Participant's Name

Participant's Address


Names and Addresses of Counsel:




Email Addresses of Counsel:



2.      **Participant's Claim number and the nature of Participant's Claim:**

Claim Number:


Nature of Claim:


Respectfully submitted,

Dated: _____