# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of :
: Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, :
: (Jointly Administered)
:
:
:
    Debtors.[1] :
----------------------------------------------------------------------- x

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROPOSED SCHEDULING ORDER WITH RESPECT TO APPROVAL OF DEPOSITORY PROCEDURES REQUESTED IN URGENT MOTION OF PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY FOR ORDER (I) SCHEDULING HEARING TO CONSIDER ADEQUACY OF INFORMATION CONTAINED IN DISCLOSURE STATEMENT, (II) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this response (the "Limited Objection") to the proposed Scheduling Order with respect to the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

Document Page 2 of 6

approval of the Depository Procedures requested in the *Urgent Motion of Puerto Rico Highways and Transportation Authority for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (IV) Granting Related Relief* [Docket No. 20653] (the "<u>Urgent Motion</u>").[3] In support of this Limited Objection, the Committee states as follows:

## **LIMITED OBJECTION**

1. The Urgent Motion asks the Court to (i) establish a litigation and hearing schedule for the Disclosure Statement Hearing and (ii) to approve the proposed Depository Procedures that will govern provision of documents in connection with the disclosure statement approval (and objection) process. The Committee has no objection, in principle, to the Oversight Board asking the Court to approve a disclosure statement schedule or a set of document protocols. The Committee does, however, object to imposing an extremely abbreviated briefing schedule with respect to the approval of the proposed Depository Procedures, including a May 4 deadline to object such procedures, *i.e.*, a mere 48 hours after the filing of the Urgent Motion.

2. Puerto Rico's Title III cases are complex and contentious—and HTA's Title III case is no exception. Indeed, as the Urgent Motion recognizes, the Disclosure Statement for HTA's proposed plan of adjustment is 330 pages.[4] Parties in interest will, assuredly, be very

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Urgent Motion. To be clear, this Limited Objection is **not** the Committee's objection to any of the other relief sought in the Urgent Motion, including the timeline for approval of the Disclosure Statement or the approval of the Depository Procedures themselves.

[4] Urgent Mot. ¶ 2, n.7.

interested in carefully reviewing both the proposed Disclosure Statement and all relevant documents they will be entitled to receive in discovery.

3. It is, therefore, imperative that parties be given sufficient time to review the proposed Depository Procedures to ensure that they do not (for example) impair parties' substantive rights in the Oversight Board's pursuit of advancing administrative efficiency. In fact, the importance of properly balanced and fair depository procedures—and, therefore, a sufficient amount of time to review any proposal for such procedures—is best illustrated by the recent history of the Commonwealth's Title III case, in which multiple parties, including the Committee [Docket No. 16398], objected to the certain features of the depository procedures that had been proposed in that case.

4. Most notably, the Urgent Motion is devoid of any rationale for, and identifies no need for, an extremely abbreviated objection period of 48 hours, relying only on the conclusory argument that this will "facilitate consideration of the" proposed Depository Procedures.[5] The Urgent Motion does not, however, explain why this abbreviated objection period is a necessary component of the requested hearing and briefing schedule for the Disclosure Statement or how a short delay of a few days would undermine that schedule. Nor does the Urgent Motion explain why that schedule itself is imperative.

5. Even if there was an emergency (which is not the case), that emergency was created by the Oversight Board. In particular, the HTA/CCDA PSA has been in place since May 5, 2021—almost exactly one full year before the Oversight Board filed the related HTA Plan, the Disclosure Statement, and the Urgent Motion. Moreover, while the Oversight Board asked the Committee on Friday afternoon, April 29, if the Committee would object to an urgent motion

---

[5] Urgent Mot. ¶ 27.

requesting approval of a disclosure statement schedule, that request did not clearly specify that the Depository Procedures themselves (in contrast with the timetable for approval thereof) would be subject to a 48-hour objection period (as opposed to being heard on the same timeline as the approval of the Disclosure Statement). Nor did the Oversight Board share with the Committee its proposed Depository Procedures—had it done so, the Committee would have had more time to review the proposed procedures, and likely would not have been compelled to file this Limited Objection.

6. The Committee agrees that "it is in the best interest of the Debtors and all its stakeholders to pursue confirmation of the HTA Plan in a timely manner,"[6] and supports the Oversight Board's objective of seeing HTA exit Title III by the end of this year. Ultimately, however, two days is simply not enough time for the Committee and other parties in interest to properly review, consider, and (if necessary) prepare an objection to, the proposed Depository Procedures. It certainly does not permit enough time for constructive conversations with the Oversight Board to hopefully address any issues the Committee may identify in the proposed Depository Procedures. Indeed, more time could possibly avoid (or at least minimize) the need for any Court involvement, which should be a primary concern.

7. The Committee, therefore, respectfully submits that the Urgent Motion should be denied to the extent it requests entry of the Scheduling Order establishing the deadline to file objections to the proposed Depository Procedures on only two days' notice, by May 4, 2022 at 4:00 p.m. (AST).[7]

---

[6] Urgent Mot. ¶ 3.

[7] The Committee does not object to the Scheduling Order to the extent it requires that objections to the proposed Disclosure Statement Hearing date, and related objection and reply deadlines, be filed by May 4, 2022 at 4:00 p.m. (AST).

8. Finally, for the avoidance of doubt, the Committee reserves all its rights with respect to all other aspects of the Urgent Motion, including the proposed disclosure statements schedule and the Depository Procedures themselves.

[*Remainder of page intentionally left blank.*]

5

WHEREFORE, the Committee respectfully requests that the Court deny the Urgent Motion to the extent set forth in the foregoing.

Dated: May 2, 2022

By: */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*