*Hearing Date: May 18, 2022, 9:30am (AST)*
*Objection Deadline: May 3, 2022, 4pm (AST)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.[1]<br><br>Debtors. | PROMESA<br><br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |

**MANPOWERGROUP, INC.'S LIMITED OBJECTION TO OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE <u>MANAGEMENT PROCEDURES</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**COMES NOW, ManpowerGroup, Inc.**, ("Manpower"), through its undersigned attorneys, and for its limited objection (the "Objection") to the *Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (Docket No. 20560, the "Motion") filed April 14, 2022, by the Avoidance Actions Trustee[2]:

1. ManpowerGroup, Inc., listed as "Manpower," is named as a defendant in one of the Vendor Avoidance Actions, Adv. Pro. No. 19-00088 (the "Manpower Adversary"), filed three years ago last week. By virtue of the Initial Procedures Order, and then the Stay Order, no answer has yet been filed in the Manpower Adversary. Regardless, to be clear, Manpower vigorously disputes all claims asserted in the Manpower Adversary and reserves any and all available defenses.

2. Notwithstanding Manpower's position on the merits of the Manpower Adversary, until the entry of the Stay Order, Manpower engaged in numerous discussions with the Debtors' professionals, exchanged information, and attempted to work towards a consensual resolution. However, no resolution was reached prior to the entry of the Stay Order. Once the Stay Order was entered, the Debtors disengaged from ongoing efforts to resolve the Manpower Adversary, focusing on the Plan and anticipating the transfer of the Vendor Avoidance Actions to the Avoidance Actions Trust.

3. The Trustee will now take over the Vendor Avoidance Actions, including the Manpower Adversary. Manpower looks forward to working with the Trustee and its professionals and is hopeful that a consensual resolution can be reached with the Trustee. To that end, Manpower generally supports the relief requested in the Motion, including most of the procedures outlined in the Avoidance Action Procedures, including the Stay Period, the Settlement Standards,

---

[2] Capitalized terms not otherwise defined in this Objection shall have the meanings given in the Motion.

the procedures for mediation, and the encouraged consensual process towards deadlines for motions and a discovery schedule. Manpower also supports the timelines set for briefing motions for summary judgment, including the time provided for responses and replies.

4. Manpower's one dispute with the Avoidance Actions Procedures, and thus the basis for this Objection, has to do with Section VIII(iv)(d), (the "Disputed Provision") which provides:

> Any motion for summary judgment shall encompass all issues that shall be submitted to the Court for consideration and seriatim motions on individual topics shall not be permitted.

Significantly, the Motion provides no specific support or justification for imposing the Disputed Provision.

5. As the Court is aware, Fed. R. Civ. P. Rule 56(a) provides for summary judgment motions on claims or defenses, or even parts of claims or defenses. The use of partial summary judgment motions or limited-issue dispositive motions can be a valuable tool in streamlining an action, narrowing the issues, facilitating settlement discussions and reducing the scope of trial and thereby reducing costs for the litigants and the Court.

6. The Manpower Adversary involves several distinct claims, including alleged unauthorized disbursements over a four-year period, alleged fraudulent transfers over a two-year period (under two different legal theories), and traditional avoidable preferences in the 90-day period. Exhibit A to the Complaint lists over 1,000 payments totaling over $48 million over the referenced 4-year period, and the 90-day period alone involves over 200 payments totaling more than $4.4 million. As noted above, Manpower disputes all of these claims, and as part of settlement discussions with the Debtors, the Debtors signaled that they would not be pursuing many of the claims in the Complaint. But the Debtors no longer control the Vendor Avoidance Actions.

7. The Trust has indicated that it has proposed the Avoidance Action Procedures, in part because, it needs to undertake its own evaluation of the cases:

> The Trustee must now fully and independently evaluate the Avoidance Actions, the various bases for such claims, and then determine whether to settle, prosecute, abandon, or otherwise dispose of these claims in its business judgment. The proposed stay of litigation would eliminate the possibility of the Trustee being forced to drink from the proverbial firehose and take critical legal positions without the benefit of a sufficient, considered, and thoughtful due diligence process.

Motion, ¶ 45.

8. Perhaps, like the Debtors, the Trustee will conclude that many or most of the claims in the Manpower Adversary should not be pursued. Or perhaps, as Manpower believes is warranted, the Trustee will conclude that the Manpower Adversary simply should be dismissed. But if the Trustee does not agree to dismiss or curtail the claims in the Manpower Adversary, some or all of the claims, or even parts of the claims in the Manpower Adversary may become ripe for summary judgment. Similarly, there may be defenses that Manpower asserts to entire claims or parts of claims that could be addressed on summary judgment. There may even be distinct legal issues, for instance related to the subsequent new value or ordinary course of business defenses, where a targeted summary judgment motion would be worthwhile to narrow the issues and assist the parties in reaching a global resolution. There might be additional targeted legal issues related to the 4-year or the 2-year transfers that, if decided on summary judgment, could save the parties and the Court significant resources.

9. The point is that now is not the time to impose such broad restrictions on summary judgment as the Disputed Provision mandates, and certainly not at this very early stage of the litigation, where the Trust is rightly going to be focused on informal negotiations or mediations, and where answers have not been filed and no discovery has been conducted.

10. Moreover, Manpower and other similarly situated defendants could also be prejudiced. If the case is not dismissed, and not resolved through direct negotiations or mediation, the hang-up might be one or two threshold issues where guidance from the court on summary judgment could be helpful. It is also possible that such issues might only become apparent after robust discovery practice. But the Disputed Provision would require Manpower and the other Vendor Avoidance Action defendants to file a later motion to modify the Disputed Provision, or burden the court with a summary judgment motion on all possible issues in the case. Either way, Manpower and the other defendants should not be forced into that position.

11. Simply put, there is no reason to erect this artificial barrier to targeted summary judgment motions now, where the primary thrust of the Avoidance Action Procedures is settlement and mediation. Intentional or not, the effect of the Disputed Provision down the road could be to tilt the litigation playing field against Manpower and the other Vendor Avoidance Action defendants, increasing their costs, and hindering, rather than assisting, the resolution of actions.[3]

**WHEREFORE**, Manpower requests that the Disputed Provision be removed from the Avoidance Action Procedures, and for such other and further relief just and proper in the circumstances.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 3rd day of May, 2022.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. No. 20190-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF

---

[3] Prior to filing this Objection, Manpower's counsel did reach out to the Trustee's counsel to request the removal of the Disputed Provision, but that request was denied.

participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

        **MCCONNELL VALDÉS LLC**
        *Attorneys for ManpowerGroup, Inc.*
        270 Muñoz Rivera Avenue, Suite 7
        San Juan, Puerto Rico 00918
        PO Box 364225
        San Juan, Puerto Rico 00936-4225
        Telephone: 787-250-5619
        Facsimile: 787-759-9225

        By: *s/Nayuan Zouairabani*
        Nayuan Zouairabani
        USDC-PR No. 226411
        nzt@mcvpr.com


        Ryan M. Billings (*pro hac vice*)
        Wis. Bar No. 1084543
        Samuel C. Wisotzkey (*pro hac vice*)
        Wis. Bar No. 1029537
        **KOHNER, MANN & KAILAS, S.C.**
        *Attorneys for ManpowerGroup, Inc.*
        Washington Building, Barnabas Business Center
        4650 North Port Washington Rd.
        Milwaukee, Wisconsin 53212
        Telephone: 414-962-5110
        Facsimile: 414-962-8725
        rbillings@kmksc.com
        swisotzkey@kmksc.com