*Hearing Date: May 18, 2022, 9:30am (AST)*
*Objection Deadline: May 3, 2022, 4pm (AST)*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS TO OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES

**COMES NOW** Evertec Group, LLC ("Evertec"), defendant in Adversary Case No. 19-00044-LTS (the "Action"), and a party-in-interest under 11 U.S.C. § 1109(b), by and through the undersigned legal counsel, and respectfully submits this limited objection and reservation of rights (the "Limited Objection") to the *Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (the "Motion").[2] *See* Dkt. No. 20560.

*[Remainder of page intentionally left in blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

## BACKGROUND

**I.  The Filing of the Avoidance Action against Evertec.**

1. On April 30, 2019, the Special Claims Committee (the "SCC" or "Initial Plaintiff") of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or the "FOMB") filed an *Adversary Complaint to Avoid and Recover Constructive Fraudulent Transfers and Preferences and to Disallow Claims Pursuant to 11 U.S.C. §§ 502, 544, 547, 548, and 550 and Puerto Rico Law* [Dkt. No. 1 of Adversary Case No. 19-00044-LTS] (the "Complaint") seeking the return of over $94 million in transfers, including $3,952,111 in transfers alleged as preferential under 11 U.S.C. § 547, corresponding to purportedly avoidable payments made by the Commonwealth of Puerto Rico ("Commonwealth" or "Debtor") to Evertec prior to Debtor's filing of a voluntary petition for relief under section 304(a) of *Puerto Rico Oversight Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §2164 (the "Title III Case"). *See* Complaint, at ¶¶ 10 and 12. This case was filed along with 253 other similar adversary proceedings against several other suppliers, vendors, and/or contractors of the Commonwealth (the "Avoidance Actions" or "Vendor Avoidance Actions").

**II.  Evertec's Efforts in Resolving the Complaint and the Filing of the Motion to Dismiss.**

2. From the onset of the Complaint, Evertec and the SCC (together, the "Parties") sought to resolve the Action. Not being able to achieve resolution, on September 15, 2020, Evertec filed a *Motion to Dismiss Adversary Complaint* (the "MTD"). *See* Dkt. No. 14 of Adversary Case No. 19-00044-LTS.

3. Notwithstanding the filing of the MTD, the Parties continued to engage in bona fide attempts to resolve the Action. *See Joint Stipulated Agreement for Briefing on Motion to Dismiss and to Amend Adversary Complaint*, Dkt. No. 26 of Adversary Case No. 19-00044-LTS , p. 2, ¶¶

2

2, 6. As a result of these efforts, the SCC managed "to substantiate approximately $88 million of the payments listed in the Complaint" (*Id.* at ¶ 6), and, on December 9, 2020, (i) the SCC amended the Complaint to reduce Evertec's exposure under Counts I, II, and III of the Complaint to not exceed the aggregate amount of $6,400,000 [Dkt. No. 30 of Adversary Case No. 19-00044-LTS], and (ii) Evertec filed its *Motion to Dismiss Amended Adversary Complaint* (the "Amended Motion to Dismiss" or "Motion to Dismiss"). *See* Dkt. No. 32 of Adversary Case No. 19-00044-LTS.

4. Since then, the Parties continued engaging in extrajudicial discussions to dispose of the Action, which resulted in the Parties filing a series of joint stipulations to extend the SCC's deadline to respond to the Amended Motion to Dismiss and Evertec's deadline to reply. Ultimately, seven joint stipulations were filed between the Parties. *See* Dkt. Nos. 34, 38, 40, 42, 44, 46, and 48 of Adversary Case No. 19-00044-LTS.

### III. The SCC and UCC File the Motion to Stay Vendor Avoidance Actions.

5. On August 6, 2021, the SCC and the Official Committee of Unsecured Creditors (the "UCC", and jointly with the SCC, the "Movants") filed the *Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and through the Members of the Special Claims Committee, and the Official Committee of Unsecured Creditors to (I) Stay Litigation in the Vendor Avoidance Actions or, Alternatively (II) Extend Litigation Deadlines in the Vendor Avoidance Actions*. (the "Omnibus Motion to Stay Cases") [Dkt. No. 17717][3], where Movants informed that, on July 12, 2021, the Oversight Board and the UCC entered into an agreement "which memorialized, among other things, the parties' mutual intent to transfer the

---

[3] The Omnibus Motion to Stay Cases was filed in Adversary Case No. 19-00044-LTS on August 9, 2021. *See* Dkt. No. 49 of Adversary Case No. 19-00044-LTS.

3

Vendor Avoidance Actions[4] on the Effective Date of the Plan to an Avoidance Actions Trust." Omnibus Motion to Stay Cases at ¶ 2. Based on the above, Movants requested a stay of the Vendor Avoidance Actions to, among other things, "postpone litigation activity until it may occur under the singular direction of the Avoidance Actions Trust." Omnibus Motion to Stay Cases at ¶ 4.

6. On August 26, 2021, the Court entered an Order (the "Stay Order") granting the stay of the Vendor Avoidance Actions "until thirty (30) days following the Effective Date of the Plan, if the Plan is confirmed", and permitting any party to recommence the litigation once this 30-day period expires.[5] See Dkt. No. 17977; Dkt. No. 51 of Adversary Case No. 19-00044-LTS.

### IV. The Effective Date, the Expiration of the Stay Period, and the Filing of the Motion.

7. On January 14, 2022, the Oversight Board filed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Plan"). Dkt. No. 19784. On January 18, 2022, the Court entered the Confirmation Order [Dkt. No. 19813], and the Plan became effective on March 15, 2022 (the "Effective Date"). Accordingly, the 30-day stay period specified in the Stay Order was set to expire on April 14, 2022.

8. On April 14, 2022, the Avoidance Actions Trustee filed the Motion requesting the implementation of several procedures to govern the Avoidance Actions (the "Proposed Procedures") with the purpose of (i) having a meaningful opportunity for the Trustee to evaluate

---

[4] As defined in the Omnibus Motion to Stay Cases.

[5] On December 30, 2021, Evertec filed an *Urgent Motion to Lift Stay in this Case (Docket No. 51)* (the "Lift Stay Motion") [Dkt. No. 52 of Adversary Case No. 19-00044-LTS] due to Movants' refusal to engage in good-faith efforts to resolve the Action despite the Stay Order's acknowledgment that Movants, "during the stay, . . . will 'continu[e] to work toward the potential consensual resolutions of additional Vendor Avoidance Actions out of court[.]'" *Id.* at p. 3. On February 4, 2022, the Court denied the Lift Stay Motion without prejudice, emphasizing that "Evertec may, in accordance with the Stay Order, file an appropriate motion seeking to recommence this proceeding after the expiration of the stay thirty (30) days following the Effective Date of the Plan." Dkt. No. 57 of Adversary Case No. 19-00044-LTS, p. 8.

the claims and defenses in each of the cases and "have sufficient time to informally negotiate a resolution without the pressure of imminent litigation deadlines"; (ii) create "a framework **for mandatory mediation**"; and (iii) to purportedly "minimize costs and…ease the Court's administrative burden." Motion at ¶ 37 (Emphasis added).

9. For the reasons discussed below, Evertec objects to the Proposed Procedure's requirement to force Evertec to enter mandatory mediation with relation to the Action, and respectfully requests that the Court employ its inherent power to partially deny the Motion and modify the Proposed Procedures to specify that mediation should be <u>*voluntary*</u>.

## DISCUSSION

10. District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016). However, a court's inherent authority is not unlimited and courts "must weigh competing interests and maintain an even balance" between the movant and the non-movant. Landis v. North American Co., 299 U.S. 248, 254-55 (1936; *see also* Ramos-Martir v. Astra Merck, Inc., CIV. 05-2038(PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005).

11. The Trustee attempts to justify the inclusion of mandatory mediation by suggesting that the Avoidance Actions defendants will not be prejudiced because their cases "are in their initial stages". Motion at ¶ 33. While this might be true for other defendants, Evertec finds itself in a "different boat", so to speak, for whom the Proposed Procedures would be unduly burdensome and detrimental to its interests. Moreover, the motives that compel the Trustee to prolong this process would inevitably set back the advances made in Evertec's case.

12. Evertec had already presented a dispositive motion in the Action almost a year prior to the filing of the Omnibus Motion to Stay Cases. While this situation alone is sufficient to distinguish Evertec from other defendants, the differences do not end there. To wit, unlike other

5

Avoidance Actions: (i) the Initial Plaintiff amended the Complaint in the Action to reduce Evertec's exposure under Counts I, II, and III to not exceed the aggregate amount of $6,400,000 [Dkt. No. 30 of Adversary Case No. 19-00044-LTS]; (ii) Evertec thereafter filed an Amended Motion to Dismiss [Dkt. No. 32 of Adversary Case No. 19-00044-LTS]; (iii) the Parties continued to engage in good faith efforts to resolve the Action despite the filing of the Amended Motion to Dismiss; and (iv) the Parties entered into specific briefing schedules for the Amended Motion to Dismiss which "address[ed] the unique circumstances of this Adversary Proceeding…" [Dkt. No. 23 of Adversary Case No. 19-00044-LTS].

13. Given the advanced and unique procedural stage of this Action, the Proposed Procedures' mandatory mediation provision will not only result in unjustified delay of the resolution of this case, but it will also impose additional costs and burden on Evertec which would be contrary to the Motion's other objective of "minimiz[ing] costs". *See* Motion at ¶ 37.

14. This case is already 3 years old. During this time, <u>and even though plaintiff bears the burden of proof to be successful on the Avoidance Actions</u>, Evertec engaged in multiple good-faith cooperation endeavors to consensually resolve this Action, such as agreeing to delay resolution of the Motion to Dismiss in favor of reaching a potential out-of-court resolution with the Initial Plaintiff. Evertec's concessions and accommodations did not only prove unsuccessful with the Initial Plaintiff, it has entailed negative consequences for Evertec - a situation that grows more precarious with each day this Action remains unresolved.

15. Now that the Avoidance Actions Trust has assumed the role of plaintiff, its first order of business is to submit Evertec to ***<u>an additional layer of bureaucracy, delay, and cost against its will</u>***, by forcing Evertec to undergo mandatory mediation before it can pursue active

litigation of the Action. This prolongation greatly prejudices Evertec because it precludes it from pursuing the Amended Motion to Dismiss, which if granted, will fully adjudicate the Action.

16. While Evertec can understand the Trust's intent in using mediation for seeking a possible resolution of certain disputes, it respectfully contends that, given the unique circumstances surrounding this Action, the Proposed Procedures' measure to exhaust ***mandatory mediation*** before proceeding to litigation would be rendered futile as (a) it will not necessarily lead to a legitimate resolution of Evertec's Action, and (b) will only shift the burden on Evertec to continue to spend additional time and resources on what seem to be unfruitful endeavors.

17. After all, Evertec cannot be compelled to mediate where such efforts would prove to be averse to its own interests. "[U]ltimately, **mediation will only succeed if the parties themselves want it to**, and a court's order to mediate—even in good faith—will not change the mind of party who believes that settlement is not in their best interest." In re A.T. Reynolds & Sons, Inc., 452 B.R. 374, 383 (S.D.N.Y. 2011) (Emphasis added). When, as here, mediation is forced upon unwilling litigants, it stands to reason that the likelihood of settlement is diminished and requiring parties to invest substantial amounts of time and money in mediation under such circumstances may well be inefficient. *See*, Richard A. Posner, The Summary Jury Trial and Other Methods of Alternative Dispute Resolution: Some Cautionary Observations, 53 U. Chi. L.Rev. 366, 369–72 (1986).

18. The inherent powers of the court must be used in a way reasonably suited to the enhancement of the court's processes, including the orderly and expeditious disposition of pending cases. *See* Coyante v. P.R. Ports Auth., 105 F.3d 17, 23 (1st Cir.1997).

19. The Trustee is using the Motion and the Proposed Procedures to control every aspect of the Avoidance Actions at the expense of Evertec's right to a fair and expeditious

7

disposition of its case. Moreover, to force Evertec into expensive and burdensome mandatory mediation is especially unjustified when considering that Evertec has consistently handled its case with the utmost diligence, cooperation, and care.

20. Here, the Court is presented with an opportunity to level the playing field and use its inherent powers to eliminate detrimentally unfair processes. Accordingly, Evertec requests that the Court not adopt the Proposed Procedures' ***mandatory mediation*** provision and, instead, make mediation ***voluntary*** for those parties who wish to pursue resolution of their cases through that alternative. Thus, by balancing the equities, and considering the potential prejudice faced by Evertec, it becomes clear that said prejudice is not outweighed by the benefits that it would confer to the parties or the management of this case.

## RESERVATION OF RIGHTS

21. Evertec reserves all rights and remedies with respect to the Motion, including but not limited to, the right to raise additional arguments at the hearing on the Motion.

**WHEREFORE**, for the reasons explained above, Evertec respectfully requests this Court to DENY the Proposed Procedures' mandatory mediation provisions contained in the Motion (Dkt. No. 20560) as applied to Evertec, and to modify the Proposed Procedures to clearly delineate that mediation shall only be voluntary to those parties who wish to pursue that alternative.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of May, 2022.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. No. 20190-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**McCONNELL VALDÉS LLC**
*Attorneys for Evertec Group, LLC*
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5619
Facsimile: 787-759-8282

*s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
nzt@mcvpr.com

9