*Hearing Date: May 18, 2022, 9:30am (AST)*
*Objection Deadline: May 3, 2022, 4pm (AST)*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### BRISTOL-MYERS SQUIBB P.R., INC. PARTIAL JOINDER TO *LIMITED OBJECTION AND RESERVATION OF RIGHTS TO OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES (DKT. NO. 20665)*

**COMES NOW** Bristol-Myers Squibb P.R., Inc. ("BMS"), defendant in Adversary Case No. 19-00042-LTS (the "Action"), and a party-in-interest under 11 U.S.C. § 1109(b), by and through the undersigned legal counsel, and respectfully submits this partial joinder (the "Partial Joinder") to the *Limited Objection and Reservation of Rights to Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (the "Limited Objection") [Dkt. No. 20665], and respectfully requests as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

2. BMS agrees with the Limited Objection's position that defendants in the Vendor Avoidance Actions[2] should not be forced to undergo mandatory mediation. Requiring mandatory mediation will create an additional layer of bureaucracy and delay to BMS' detriment, as well as shift the burden on BMS to spend additional time and resources which would be contrary to the Motion's other objective of "minimiz[ing] costs". *See* Motion at ¶ 37.

3. As emphasized in the Limited Objection, ". . . **mediation will only succeed if the parties themselves want it to**"[3], and, when mediation is forced upon unwilling litigants, it stands to reason that the likelihood of settlement is diminished and requiring parties to invest substantial amounts of time and money in mediation under such circumstances may well be inefficient. *See*, Richard A. Posner, The Summary Jury Trial and Other Methods of Alternative Dispute Resolution: Some Cautionary Observations, 53 U. Chi. L.Rev. 366, 369–72 (1986). *See* Limited Objection at ¶ 17.

4. Accordingly, BMS partially joins the Limited Objection and requests that the Court not adopt the Proposed Procedures' mandatory mediation provision, and instead requests that any Order the Court issues ensures that mediation in the Vendor Avoidance Actions is ***voluntary*** for those parties who wish to pursue this alternative.

5. BMS reserves all rights and remedies with respect to the Motion, including but not limited to, the right to raise additional arguments at the hearing on the Motion.

**WHEREFORE**, BMS respectfully requests that the Court GRANT this Partial Joinder, and requests that this Court DENY the Proposed Procedures' mandatory mediation provisions and to,

---

[2] Capitalized terms not defined in this Partial Joinder shall have the meaning ascribed to them in the Limited Objection.

[3] In re A.T. Reynolds & Sons, Inc., 452 B.R. 374, 383 (S.D.N.Y. 2011) (Emphasis added).

instead, modify the Proposed Procedures to clearly delineate that mediation shall only be voluntary for those parties who wish to pursue that alternative.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of May, 2022.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. No. 20190-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**McCONNELL VALDÉS LLC**
*Attorneys for Bristol-Myers Squibb P.R., Inc.*
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5619
Facsimile: 787-759-8282

*s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
nzt@mcvpr.com