Hearing Date: May 18, 2022, 9:30am (AST)
Objection Deadline: May 3, 2022, 4pm (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **In re:** | : | **PROMESA** |
| | : | **Title III** |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO.** as representative of **THE COMMONWEALTH OF PUERTO RICO et al.,** Debtors. | : : : : | Case No. 17-3283 (LTS) (Jointly Administered) |
| **THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,** and **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO** as co-trustees respectively, of **THE COMMONWEALTH OF PUERTO RICO,** Plaintiffs | : : : : : : | Adv. Proc. No. 19-0202 |
| v. | : | |
| **INTERNATIONAL SURVEILLANCE SERVICES CORPORATION,** Defendant. | : : | |

### INTERNATIONAL SURVEILLANCE SERVICES CORPORATION'S MOTION IN PARTIAL OPPOSITION TO AVOIDANCE ACTIONS TRUSTEE'S MOTION TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES [DKT. No. 42-1]

**TO THE HONORABLE COURT:**

        **COMES NOW INTERNATIONAL SURVEILLANCE SERVICES CORPORATION, ("ISSC"),** Defendant herein, through the undersigned counsel and respectfully states and prays as follows:

In and around April 2019, Plaintiffs filed approximately 250 adversary proceedings against vendors and suppliers to the Commonwealth of Puerto Rico and other Title III debtors seeking to avoid and recover payments made under fraudulent and preferential transfer theories (the "Vendor Avoidance Actions"). Around the same time that Plaintiffs filed the adversary proceedings, they entered into approximately 100 tolling agreements with vendors to toll the statute of limitations under similar fraudulent and preferential transfer theories.

On July 12, 2021, the Oversight Board and the Committee entered into that certain agreement (the "Committee Agreement") which memorialized, among other things, the parties' mutual intent to transfer the Vendor Avoidance Actions on the Effective Date of the Plan to an Avoidance Actions Trust. The Committee Agreement further contemplates that, until the Effective Date of the Plan, the SCC will "stand down" from actively litigating the Vendor Avoidance Actions as co-plaintiff with the Committee.

On August 10, 2021, Plaintiffs filed a Motion to request a stay of the Vendor Avoidance Actions (1) to allow the SCC and Committee to focus their resources on consensual resolutions wherever possible, (2) to facilitate the evident desire of all parties to avoid litigation, and (3) in the event that litigation is necessary, to postpone litigation activity until it may occur under the singular direction of the Avoidance Actions Trust. Counsel for the Oversight Board previewed this Motion for the Court at the hearing on July 14, 2021.[1] See Dkt. No. 24.

---

[1] See July 14, 2021, Hearing Tr. at 68-69.

Plaintiffs' motion was predicated in allegations that they "desire in continuing to work toward the potential consensual resolutions of additional Vendor Avoidance Actions out of court, including through the ongoing exchange of information with the defendants, including contracts, purchase orders, invoices and other similar documents relating to the payments at issue in the Vendor Avoidance Actions". Defendant objected to the stay at that time, however, Defendant's motion was denied. During the pendency of the stay, Plaintiff, contrary to their assertions in seeking the stay, made no effort to communicate with Defendant to work toward any consensual resolution of this action. Defendant subsequently moved to lift the stay by way of motion filed January 11, 2022. This motion was denied on February 4, 2022.

On January 18, 2022, the Court entered the Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [Docket No. 19813] ("Confirmation Order"), which confirmed the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. [Docket No. 19784] (the "Plan"). The Confirmation Order provides that "The Avoidance Actions Trust shall consist of the Avoidance Actions Trust Assets. On the Effective Date, the Debtors shall transfer all of the Avoidance Actions Trust Assets to the Avoidance Actions Trust and, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Avoidance Actions Trust shall have the sole right, authority, and standing to prosecute, settle or otherwise dispose of all Avoidance Actions, including, without limitation, those set forth on

3

Exhibits A and B to the Plan, as of the Effective Date." Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [DE 19813] at paragraph 19.

Specifically, "[o]n the Effective Date, the Debtors shall transfer all of the Avoidance Actions Trust Assets to the Avoidance Actions Trust and, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Avoidance Actions Trust shall have the sole right, authority, and standing to prosecute, settle or otherwise dispose of all Avoidance Actions, including, without limitation, [the AAT Avoidance Actions] as of the Effective Date." [Confirmation Order, Docket No. 19813 at 18].

On March 15, 2022, the Plan became effective and, in accordance therewith, the transactions contemplated by the Plan were consummated, including the appointment of the Trustee as the trustee of the Avoidance Actions Trust. [See Docket No. 20349].

On April 13, 2022, the Trustee, together with the Special Claims Committee and the Committee, requested an Order, permitting the substitution of the Trustee as the party plaintiff in this Avoidance Action. See DKT NO. 41.

On April 14, 2022, the Trustee filed an Omnibus Motion to establish litigation case management procedures. See DKT NO. 42-1. In said Motion the Trustee moves this Honorable Court for entry of an order to establish litigation procedures "to promote an efficient and orderly resolution of over 50 adversary proceedings that have been stayed since August 2021 in a

4

manner that conserves judicial resources". The recently- appointed Trustee seeks an Order "that permits it to fully evaluate the numerous adversary proceedings transferred to the Trust pursuant to the Plan and engage with each defendant before proceeding within a structured settlement framework, and, if necessary, thereafter proceed to litigation".

The Trustee requested that the Court adopt and implement several procedures including the following two to which Defendant respectfully objects:

A) All pending actions shall be stayed for at least a period of 120 days, at which time, any party may file an appropriate motion seeking to re-commence any of the stayed Avoidance Actions (the "Stay Period"). The Stay Period shall be deemed to have expired as to each respective Avoidance Action only upon the entry of an order by the Court lifting the stay in each respective Avoidance Action (in each case, an "Order Lifting Stay").

B) During the stay period, the Trustee shall communicate with each defendant for the purpose of establishing dates for pre-trial mediation with each defendant, which shall be scheduled on a mutually convenient date among counsel and the parties…Mediator compensation shall be apportioned equally between the parties to the mediation in accordance with the requirements of the selected mediator.[2]

The Board invested hundreds of millions of dollars in attorney fees and for other

---

[2] For purposes of this motion Defendant objects to all mediation procedures i-viii.

5

professionals precisely to evaluate and promote an efficient and orderly resolution of adversary proceedings. The Honorable Court extended the prior procedural deadlines in this case on six different occasions. Defendants already participated in the so-called informal exchange of information. The Trustee should benefit from all previous analysis (already paid by the Commonwealth of Puerto Rico) undertaken. Thus, there is no need for a new stay period of 120 days. Instead, a stay of the litigation for SIXTY (60) days is reasonable for all parties. Further, the stay should be lifted automatically upon the expiration of the pendency of the stay, without the need for either party to spend additional resources and time petitioning the court to lift the stay.

With respect to pre-trial mediation, Defendants have invested substantial effort and resources in these proceedings to date and participated in good faith in the informal document exchange. While Defendant understands the traditional benefits that may accompany mediation, the mandatory nature of the mediation proposed by Plaintiff's motion and the added expense, when mediation is mandated, make such mediation less appealing. Given the prior unsuccessful informal efforts at out of court resolution, the efficacy of mandated mediation is also questionable and therefore has the potential to add unnecessary costs for both sides. Indeed, Defendant previously filed a motion to dismiss and was prepared to move the Court to lift its stay as to Defendant's case so as to proceed to a hearing on the merits of said motion when Plaintiff filed its motion. Therefore, the imposition of a mandatory mediation process in which fees are split amongst the parties is unacceptable to Defendant. The Trustee can instead request

6

the use of Magistrates or Bankruptcy Judges to create a mediation procedure that will not impose an unavoidable economic burden to the Defendants.

**WHEREFORE**, ISSC, very respectfully requests, that Plaintiffs Motion at Dkt. No. 42-1 be DENIED IN PART and that the Trustee's proposed litigation case management procedures be amended to reduce the proposed stay period from 120 days to 60 days and that the proposed mandatory mediation section of the procedures be eliminated.

RESPECTFULLY SUBMITTED.

San Juan, Puerto Rico, this 3rd day of May 2022.

I HEREBY CERTIFY that the foregoing motion was filed with the clerk of the US Bankruptcy Court for the District of Puerto Rico electronically using the CM/ECF system, which automatically serves notification of the filing to all parties in interest.

/s/ Nelson Robles Díaz
**NELSON ROBLES-DIAZ LAW OFFICES, P.S.C.**
**SDCPR NO. 204410**
*Counsel for Defendant International Surveillance Services Corporation*
P. O. Box 192302
San Juan, Puerto Rico 00919-2302
Tel.: (787) 294-9518
Fax: (787) 294-9519
E-mail: nroblesdiaz@gmail.com

7