# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**FACSIMILE PAPER CONNECTION CORP.'S JOINDER TO MANPOWERGROUP, INC.'S LIMITED OBJECTION TO OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES (DOCKET NO. 20663) AND TO LIMITED OBJECTION AND RESERVATION OF RIGHTS TO OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES (DOCKET NO. 20665)**

**TO THE HONORABLE COURT:**

  **COMES NOW** Defendant Facsimile Paper Connection Corp. ("FACSIMILE"), through the undersigned attorneys, and respectfully STATES and PRAYS as follows:

  1. FACSIMILE, a party in interest pursuant to 11 USC § 1109(b), respectfully submits this joinder, and as such, joins and incorporates by reference: (i) Manpowergroup, Inc.'s Limited Objection to Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780) (Last Four Digits of Federal Tax ID: 3747).

1

Management Procedures (Docket No. 20663) ("Manpower Objection") filed by Defendant ManpowerGroup, Inc. ("Manpower"); and (ii) Limited Objection and Reservation of Rights to Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures (Docket No. 20665) ("Evertec Objection") filed by Defendant Evertec Group, LLC ("Evertec").

## I. Manpowergroup, Inc.'s Limited Objection to Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures (Docket No. 20663)

2. FACSIMILE moves for the removal of Section VIII (iv)(d) of the Avoidance Action Procedures ("Summary Judgment Provision"), since its application and enforcement is not justified.

3. Joinder of FACSIMILE is proper, since the arguments included in the Manpower Objection are pertinent and applicable to the claims against FACSIMILE in the Vendor Avoidance Actions, Adv. Pro. No. 19-00092 ("FACSIMILE Adversary").

4. No answer has been filed in the FACSIMILE Adversary and FACSIMILE vigorously disputes all claims asserted against it and reserves any and all available defenses.

5. Up until the entry of the Stay Order, FACSIMILE: (i) engaged in numerous discussions with the Debtors' professionals; (ii) exchanged information; and (iii) attempted to work towards a consensual resolution. Notwithstanding, no resolution was reached prior to the entry of the Stay Order. Thereafter, the Debtors: (i) disengaged from ongoing efforts to resolve the FACSIMILE Adversary; (ii) focused on the Plan; and (iii) anticipated the transfer of the Vendor Avoidance Actions to the Avoidance Actions Trust.

6. Since the Trustee will take over the Vendor Avoidance Actions, including the FACSIMILE Adversary, FACSIMILE wishes to work with the Trustee and the professionals in order to reach a consensual resolution. Therefore, FACSIMILE supports, in general, the relief

requested in the Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures ("Motion"). In particular, FACSIMILE supports the following procedures included in the Avoidance Action Procedures: the Stay Period; the Settlement Standards; the procedures for mediation; the encouraged consensual process towards deadlines for motions and the discovery schedule; and the timelines set for briefing motions for summary judgment, responses, and replies.

7. In particular, FACSIMILE seeks the removal of the Summary Judgment Provision, which provides that: "[a]ny motion for summary judgment shall encompass all issues that shall be submitted to the Court for consideration and seriatim motions on individual topics shall not be permitted.", since such limitation is not justified.

8. Fed. R. Civ. P. Rule 56(a) provides for summary judgment motions on claims or part of claims or defenses or parts of defenses. The use of partial summary judgment motions and/or limited-issue dispositive motions is an important and valuable tool for: (i) streamlining the case; (ii) narrowing the issues; (iii) enabling settlement discussions; and (iv) reducing the scope of trial and the litigation expenses for the parties and the Court.

9. FACSIMILE Adversary involves several distinct claims ("Claims"), including: (i) alleged unauthorized disbursements over a 4-year period; and (ii) alleged fraudulent transfers over a 2-year period (under two different legal theories). Exhibit A to the Complaint lists: (i) payments for the aggregate amount of $6,365,929.00 in relation with the 4-year period. FACSIMILE disputes all of these Claims.

10. If Trustee pursues FACSIMILE's Claims, they may be subject of a motion for summary judgment. Also, FACSIMILE may assert defenses in relation with all or some Claims, which may be addressed on a summary judgment in order to accomplish a resolution in a manner less expensive to the parties and the Court.

3

11. Therefore, the Summary Judgment Provision shall not impose such limitations in relation with the summary judgment, since the Trust is seeking negotiations, no answer has been filed, and no discovery has been conducted.

12. After discovery has been conducted, there may be matters which shall be needed to be addressed by means of a summary judgment. As such, the Summary Judgment Provision imposes an undue burden on FACSIMILE and other defendants, since they would have to: (i) request the amendment of the Summary Judgment Provision; and/or (ii) file a summary judgment regarding all matters of the Case.

13. As such, the limitation on summary judgment shall be removed, since it does not assist in the current process of reaching negotiations in the most inexpensive way.

## II. Limited Objection and Reservation of Rights to Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures (Docket No. 20665)

14. FACSIMILE moves for the removal of the mandatory mediation procedures of the Avoidance Action Procedures ("Mediation Provision"), since it will impose an undue burden on defendants.

15. The Mediation Provision delays and creates unnecessary additional expenses for the litigation of the Case.

16. Mediation is necessary if the parties consent to its encounter and the accomplishment of settlement is not viable. The lack of these requirements makes the mandatory mediation an unnecessary and inefficient burden on the parties.

17. As such, the requirement of a compulsory mediation shall be removed, and a voluntary mediation provision shall be included in the Avoidance Action Procedures in order to undue unnecessary burden to the parties.

4

**WHEREFORE**, FACSIMILE respectfully requests: (i) that this Honorable Court Grants this Joinder; (ii) that the Summary Judgment Provision be removed from the Avoidance Action Procedures; and (iii) the Mediation Provision be amended in order to remove the mandatory mediation and include a voluntary mediation provision, including any other proper relief.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 6th day of May, 2022.

**CERTIFICATE OF SERVICE.**

**IT IS HEREBY CERTIFIED** that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

**SEPULVADO, MALDONADO & COURET**
*Attorneys for Defendant - Facsimile Paper Connection Corp.*
304 Ponce de León Avenue
Suite 990
San Juan, PR 00918
Tel: (787) 765-5656
Fax: (787) 294-0073

*/s/ Lee R. Sepulvado-Ramos*
Lee R. Sepulvado-Ramos
USDC-PR No. 211912
lsepulvado@smclawpr.com

/s/ *Aurivette Deliz Delgado*
Aurivette Deliz Delgado
USDC-PR Bar No. 301309
adeliz@smclawpr.com
