Hearing Date: June 29, 2022 at 9:30 a.m. (AST)
Objection Deadline: June 14, 2022 at 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------ x

**NOTICE OF HEARING ON MOTION PURSUANT TO ARTICLE LXXVIII OF PLAN, PARAGRAPHS 18-20 OF CONFIRMATION ORDER, SECTION 7.6 OF AVOIDANCE ACTIONS TRUST AGREEMENT, AND BANKRUPTCY CODE SECTION 105(a), AUTHORIZING COMMONWEALTH AVOIDANCE ACTION TRUST TO PAY COMPENSATION OF DRIVETRAIN, LLC IN ITS CAPACITY AS TRUSTEE OF COMMONWEALTH AVOIDANCE ACTIONS TRUST**

**PLEASE TAKE NOTICE** that a hearing on the annexed *Motion Pursuant to Article LXXVIII of Plan, Paragraphs 18-20 of Confirmation Order, Section 7.6 of Avoidance Actions Trust Agreement, and Bankruptcy Code Section 105(A), Authorizing Commonwealth Avoidance Action Trust to Pay Compensation of Drivetrain, LLC in its Capacity as Trustee of Commonwealth Avoidance Actions Trust* (the "Motion"), filed by Drivetrain, LLC ("Drivetrain" or the "Trustee"), in its capacity as the trustee of the Commonwealth Avoidance

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

Actions Trust (the "Trust") established pursuant to Article LXXVIII of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. (including all exhibits thereto, as the same may be further amended, modified, or supplemented from time to time, the "Plan"), will be held before the Honorable Laura Taylor Swain United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **June 29, 2022 at 9:30 a.m. (AST)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion by any party shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the District Court (a) by attorneys practicing in the District Court, including attorneys admitted pro hac vice, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), and served on Paul Hastings LLP so as to be received no later than **June 14, 2022 at 4:00 p.m. (AST)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not received by the Objection Deadline, **the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the Sixteenth Amended Case Management Procedures**.

Dated: May 6, 2022  
       San Juan, Puerto Rico

*/s/ Luc A. Despins*

PAUL HASTINGS LLP  
Luc A. Despins, Esq. *(Pro Hac Vice)*  
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*  
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*

2

200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Drivetrain, LLC, in its capacity as the trustee of the Commonwealth Avoidance Actions Trust*

- and -

/s/ *Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC – PR 223112)
Edna Tejeda Oyola (USDC – PR 219803)
Juan C. Nieves González, Esq. (USDC - PR 231707)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
etejeda@cstlawpr.com
jnieves@cstlawpr.com

*Local counsel to Drivetrain, LLC, in its capacity as the trustee of the Commonwealth Avoidance Actions Trust*

Hearing Date: June 29, 2022 at 9:30 a.m. (AST)
Objection Deadline: June 14, 2022 at 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

---

**MOTION PURSUANT TO ARTICLE LXXVIII OF PLAN, PARAGRAPHS 18-20 OF CONFIRMATION ORDER, SECTION 7.6 OF AVOIDANCE ACTIONS TRUST AGREEMENT, AND BANKRUPTCY CODE SECTION 105(a), AUTHORIZING COMMONWEALTH AVOIDANCE ACTIONS TRUST TO PAY COMPENSATION OF DRIVETRAIN, LLC IN ITS CAPACITY AS TRUSTEE OF COMMONWEALTH AVOIDANCE ACTIONS TRUST**

To the Honorable United States District Judge Laura Taylor Swain:

Drivetrain, LLC ("Drivetrain" or the "Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust (the "Trust") established pursuant to article LXXVIII of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. (including all exhibits thereto, as the same may be further amended, modified, or supplemented from time to time, the "Plan"), hereby submits this motion (the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

"Motion"), pursuant to the Plan and Confirmation Order (as defined below) and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by section 301 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), for entry of an order substantially in the form attached as **Exhibit A** (the "Proposed Order"), approving the compensation of the Trustee.  In support of this Motion, the the Trustee relies upon the declaration of David Mack (the "Mack Declaration"), attached hereto as **Exhibit B**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Trustee moves this Court for entry of an order authorizing the Trust to compensate the Trustee on the terms described herein in accordance with the Plan, the Confirmation Order, and the Avoidance Actions Trust Agreement (the "Trust Agreement").[2]

2. The Plan, which the Court confirmed on January 18, 2022, and which went effective on March 15, 2022, provides for the creation of the Trust.  The Plan further confers upon the Trust the ability to, among other things, prosecute certain avoidance actions for the benefit of general unsecured creditors who hold beneficial interests in the Trust, administer and manage the "Avoidance Actions Trust Assets," and pay the fees and expenses of the Trustee and its retained professionals out of the Avoidance Actions Trust Assets.  *See, e.g.,* Trust Agreement § 7.6; Confirmation Order ¶¶ 18-20, 67; Plan §§ 78.1 – 78.13.

3. The Trust came into existence on March 15, 2022, and the members of the Trust Advisory Board (the "Board") have selected Drivetrain as Trustee.  Pursuant to the Trust Agreement, the Plan, and the Confirmation Order, the Trustee is entitled to be compensated for its work on behalf of the Trust, subject to this Court's approval.  The Trustee and Board have

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan or Confirmation Order, as applicable.

conferred regarding the Trustee's proposed compensation and have agreed upon the terms of compensation described herein.

4. As discussed below and in the Mack Declaration, the Trustee's proposed compensation is reasonably commensurate with the role and responsibilities of the Trustee under the Trust Agreement and consistent with compensation arrangements for trustees of litigation trusts in other bankruptcy cases and similar fiduciary roles. Accordingly, the Trustee respectfully requests that the Motion be granted and the Trust be authorized to compensate the Trustee on the basis set forth in the Proposed Order.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to section 306(a) of PROMESA, and venue is proper pursuant to section 307(a) of PROMESA. Further, pursuant to Paragraph 83 of the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Docket No. 19813] (the "Confirmation Order") and Section 91.1 of the Plan, the Court retained jurisdiction over all matters arising under PROMESA, and arising out of, and related to, the Title III Cases to the fullest extent legally permissible, including jurisdiction to enforce the Trust Agreement.

6. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code made applicable to the Title III Cases by section 301(a) of PROMESA; Paragraphs 18 through 20 and 67 of the Confirmation Order; Article LXXVIII of the Plan; and Section 7.6 of the Trust Agreement.

**BACKGROUND**

7. On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA. Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Electric Power Authority (collectively, the "Title III Cases"). By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

A. **Creation of Avoidance Actions Trust and Appointment of Trustee**

8. On January 18, 2022 this Court entered the Confirmation Order confirming the Plan. On March 15, 2022, the effective date of the Plan occurred, the Trust Agreement was executed, and the Trust came into existence. The primary purpose of the Trust is to liquidate the Avoidance Actions Trust Assets, which consist mainly of avoidance actions and other litigation claims, for the benefit of the Trust's beneficiaries, which consist of holders of allowed CW General Unsecured Claims and allowed ERS General Unsecured Claims.

9. The Plan calls for the appointment of the Board to govern the Trust. The Board consists of three members—two appointed by the Official Committee of Unsecured Creditors and another by the Oversight Board. The Board appointed the Trustee.

10. The Trustee is entitled to be compensated for its services. Specifically, section 78.11 of the Plan provides that "the reasonable costs and expenses of the Avoidance Actions Trust, including the fees and expenses of the Avoidance Actions Trustee and its retained professionals, shall be paid out of the Avoidance Actions Trust Assets." Further, section 78.12

of the Plan provides that "[t]he individual(s) serving as or comprising the Avoidance Actions Trustee shall be entitled to reasonable compensation in an amount consistent with that of similar functionaries in similar roles, the payment of which shall be subject to the approval of the Title III Court."

11. Likewise, paragraphs 18 and 20 of the Confirmation Order provide for the Avoidance Actions Trust to be established in accordance with the terms of the Trust Agreement and for "[t]he reasonable costs and expenses of the Avoidance Actions Trust, including the fees and expenses of the Avoidance Actions Trustee and its retained professionals, [to] be paid out of the Avoidance Actions Trust Assets."

12. Finally, section 7.6 of the executed Trust Agreement provides that "[t]he Trustee (including the Person(s) serving as or comprising the Trustee) shall receive compensation for its services, to be paid out of the Avoidance Actions Trust Assets, in the manner and amount determined by the Trust Advisory Board, subject to the approval of the Title III Court."

### B. Responsibilities of Trustee

13. Pursuant to the Trust Agreement, the Trustee is responsible for overseeing the management and administration of the Trust, the liquidation of the Avoidance Actions Trust Assets, and the distribution of cash proceeds to beneficiaries. The powers of the Trustee enumerated in the Trust Agreement include, among other things, the power to:

(a) investigate, prosecute, settle, or abandon claims belonging to the Trust;

(b) prepare and file all tax and regulatory forms required for the Trust;

(c) hold, manage, and timely distribute cash proceeds to beneficiaries;

(d) enter into agreements on behalf of the Trust that may be necessary for the administration and management of the Trust;

    (e)    open and maintain bank accounts in the name of the Trust;

    (f)    employ and supervise counsel and other professionals charged with prosecuting claims and carrying out other Trust responsibilities;

    (g)    communicate with beneficiaries, including by establishing and maintaining a website with Trust information; and

    (h)    undertake all other administrative functions of the Trust, including overseeing its eventual winddown and termination.

*See* Trust Agreement § 6.2.

14. The Trustee's exercise of these rights and powers as a fiduciary for Trust beneficiaries is a significant undertaking. As of the date of this Motion, the Trustee estimates there are at least eighty unresolved litigation claims, rights, and causes of action currently held by the Trust. Each of these litigations involves complex legal and factual issues, and nearly all remain in their infancy. While the Trustee has retained professionals to assist in the prosecution of these claims, the Trustee must remain closely involved for the purpose of directing strategy; making key decisions related to the management of mediation processes, settlements and all necessary litigation; and managing Trust professionals generally. The Trustee must also manage time-consuming and often complicated administrative tasks, such as preparing tax and reporting forms, maintaining lines of communication with Trust beneficiaries, and facilitating cash distributions and reporting.

    C.    **Proposed Trustee Compensation**

15. The Trustee has discussed with each of the three Board members the appropriate manner of compensating the Trustee for its services in light of the foregoing duties and

9

responsibilities. They have arrived at and agreed upon the following compensation for the Trustee, to be paid from the Avoidance Actions Trust Assets:

- Monthly Fee: Beginning with and continuing through the first six months following the Effective Date (*i.e.,* from March 15, 2022 to September 15, 2022), the Trustee shall receive a monthly fee equal to $75,000 per month. Thereafter (*i.e.,* beginning September 16, 2022), the monthly fee paid as compensation to the Trustee shall equal $50,000 per month.

- Incentive Payment: The Trustee shall earn an incentive payment of three percent (3%) of Trust recoveries in excess of $80,000,000. The amount of the incentive payment earned shall decline by 10% per annum for any recoveries received beginning with the third year following the Effective Date (*i.e.,* beginning March 15, 2025).

- Expense Reimbursement: The Trustee shall be entitled to reimbursement of its reasonable costs and expenses incurred in carrying out its duties and responsibilities under the Trust Agreement. Such reimbursement shall be paid from Avoidance Actions Trust Assets upon the submission of appropriate receipts and records to the Board for approval.

16. The Trustee and Board members agree that this compensation is reasonable, consistent with the compensation provided to trustees of liquidation trusts in other cases, and commensurate with the scope and complexity of the Trustee's role and responsibilities under the Trust Agreement. The Trustee and Board have determined, in particular, that a flat monthly fee is preferable to an hourly fee arrangement due to the certainty and "cap" that the flat fee provides. They have further determined it is reasonable and appropriate for the monthly fee to decrease by one-third after the first six months of the Trust's existence, as the Trustee and Board anticipate that the Trustee's work will likely be most intense during the initial six-month period while the Trustee and its professionals are both initiating litigation activities and establishing the administrative framework for the Trust's operation. After the first six months, the Trustee and Board anticipate that Trust activities will demand less of the Trustee's time and attention and, therefore, the Trustee's compensation should be reduced accordingly.

17. The Trustee and Board also believe that the proposed incentive payment is reasonable. The incentive payment is equal to 3% of Trust recoveries over and above $80 million. If the Trust ultimately recovers $80 million or less for its beneficiaries, then the Trustee will receive no incentive payment. This payment structure is a reasonable and appropriate means to incentivize the Trustee to maximize the value of the Trust's assets for the benefit of Trust beneficiaries.

## RELIEF REQUESTED

18. By this Motion, the Trustee seeks the entry of an order authorizing the Trust to pay compensation to the Trustee for its fees and expenses, effective as of the Effective Date, in accordance with the terms set forth in the Proposed Order attached as **Exhibit A** hereto.

## BASIS FOR REQUESTED RELIEF

19. The Plan, the Confirmation Order, and the Trust Agreement authorize the Trustee to be compensated for the duties it is required to perform under the Trust Agreement for the benefit of Trust beneficiaries. The Plan and the Trust Agreement also expressly contemplate that such request will be submitted to this Court for approval, consistent with the Court's broad retention of jurisdiction to consider matters relating to implementation of the Plan and its component transactions. *See e.g.,* Plan, Article XCI; Confirmation Order ¶ 83. In addition, this Court has the ability to grant any relief as necessary to accomplish the objectives of the Bankruptcy Code and in the interests of equity. 11 U.S.C. § 105(a).

20. The compensation for which the Trustee seeks approval is reasonable and in the best interests of the Trust beneficiaries. The Trustee must undertake significant responsibilities in its role as fiduciary for Trust beneficiaries and will be required to devote a great deal of time and attention to the administration and management of the Trust, including activities related to

the disposition (whether through prosecution, settlement, dismissal or abandonment) of over eighty claims and causes of action. In order to carry out these responsibilities effectively, the Trustee must employ sophisticated knowledge and expertise.

21. That the Trustee's compensation is based on a monthly flat fee—rather than, for example, an hourly fee arrangement—is beneficial to the Trust. As compared to an hourly fee arrangement, the proposed flat fee structure offers predictability and protection against significant fluctuations in the amount of time and effort spent by the Trustee each month in liquidating the Avoidance Action Trust Assets. The 3% incentive payment, which does not apply to any Trust recoveries equal to or less than $80 million, is also appropriate as a means to incentivize the Trustee to maximize recoveries and to reward it for exceptional results.

22. Finally, as discussed in the Mack Declaration, the proposed compensation is the consensual product of in-depth discussions between the Board and the Trustee, and is consistent with comparable liquidation trustee compensation arrangements in other cases.

## NOTICE

23. Notice of this Motion has been provided in accordance with the procedures set forth in the Sixteenth Amended Case Management Procedures [Docket No. 20190-1 in Case No. 17-3283].

## NO PRIOR REQUEST

24. No previous application for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, authorizing the Trust to pay compensation to the Trustee, effective as of the Effective Date, on the terms set forth therein, and granting such other and further relief as the court deems just and proper.

Dated: May 6, 2022

By: /s/ *Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Drivetrain, LLC, in its capacity as trustee of the Commonwealth Avoidance Actions Trust*

-and-

By: /s/ *Juan J. Casillas*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC – PR 223112)
Edna Tejeda Oyola (USDC – PR 219803)
Juan C. Nieves González, Esq. (USDC - PR 231707)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
etejeda@cstlawpr.com
jnieves@cstlawpr.com

*Local Counsel to Drivetrain, LLC, in its capacity as trustee of the Commonwealth Avoidance Actions Trust*

13