# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br>Debtors. | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (lts)<br><br>(Joint Administered) |
| DRIVETRAIN, LLC, in its capacity as the trustee of the Commonwealth voidance Actions Trust,<br><br>Plaintiff,<br><br>v.<br><br>CENTRO DE DESARROLLO ACADÉMICO INC.<br><br>Defendant. | Adv. Proc. No. 19-00053 |

CENTRO DE DESARROLLO ACADÉMICO'S JOINDER TO TOTAL (Docket No. 20693) LIMITED OBJECTION TO THE *OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES*

TO THE HONORABLE COURT:

**COMES NOW** Centro de Desarrollo Académico Inc. ("CDA"), and through the undersigned counsel very respectfully alleges and prays:

1. Appearing party is a Defendant in Adv. Proc. No. 19-00053.

2. CDA respectfully submits this joinder to the limited objection filed by Total at Docket No. 20693 to the OMNIBUS MOTION BY THE AVOIDANCE ACTIONS TRUSTEE TO ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES.

3. CDA agrees with Total in that, *as proposed*, Section VIII(iv)(d) of the Avoidance Action Procedures ("Summary Judgment Provision") should be stricken, together

with the mandatory mediation procedures of the Avoidance Action Procedures ("Mediation Provision").

4. The Summary Judgment Provision imposes undue burden upon Defendants inasmuch, as it is stated by Total, it unreasonably limits the use of the summary judgment mechanism by providing that "[a]ny motion for summary judgment shall encompass all issues that shall be submitted to the Court for consideration and seriatim motions on individual topics shall not be permitted".

5. As to the mediation provision, compulsory mediation would only add substantial expense and fees for Centro de Desarrollo Académico, Inc. Additionally, an obvious financial power difference exists between parties to mediation. This power imbalance, connected to economic differences between the parties, only benefits the party with the most resources, in this case, the Trustee, and prejudices Defendant. Mediation in these circumstances causes undue hardship to Defendant and hence, should not be authorized.

6. As stated by Total, mediation is necessary only if the parties consent to its encounter and the accomplishment of settlement is not viable; the lack of these requirements makes the mandatory mediation an unnecessary and inefficient burden on the parties, especially defendants.

WHEREFORE, it is respectfully requested that this Honorable Court take notice of the aforementioned and consequently, the instant Joinder be granted; the Summary Judgment Provision be stricken from the Avoidance Action Procedures; and the Mediation Provision be amended in order to strike compulsory mediation procedures.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, May 9th, 2022.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY: that on this same date, I electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants and attorneys of record.

**S/ CARLOS E. CARDONA-FERNÁNDEZ**
Carlos E. Cardona-Fernández
USDC-PR No. 217806
PO Box 810412
Carolina PR  00981-0412
Ph. (787) 550-9280
e-mail: carloscardonafe@hotmail.com