UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING MOTION TO COMPEL COMPLIANCE WITH PROPOSED STIPULATION

        Movant José Miguel Malvet Santiago (the "Movant") filed the *Motion to Compel Compliance with Proposed Stipulation* (Docket Entry No. 18880) (the "Motion"), asking the Court to enter an order lifting the automatic stay[2] with respect to Case No. 2007-07-0025 (the "Prepetition Action") before the Commission for Appeals of Public Service ("CASP"), and alleging that stay relief is appropriate because the Commonwealth and Movant had met and conferred and reached an agreement to lift the stay in the form of a stipulation (see Docket Entry No. 18880-3) (the "Draft Stipulation"), which counsel for the Commonwealth circulated, which

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     The automatic stay provisions of title 11 of the United States Code (the "Bankruptcy Code") are made applicable to this case by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). 48 U.S.C. § 2161(a).

Movant then signed, and which the Commonwealth neither signed nor filed with CASP as Movant had expected.³ (Mot. ¶¶ 1-5.)

On November 12, 2021, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed the *Objection of the Commonwealth of Puerto Rico to Motion to Compel Compliance with Proposed Stipulation* (Docket Entry No. 19174) (the "Objection"), arguing that although counsel for the Commonwealth had circulated the Draft Stipulation memorializing an agreement in principle "solely to allow the Prepetition Action to proceed to final judgment and/or resolution before CASP" on December 19, 2018 (Obj. ¶ 3), that Draft Stipulation was "subject to further review and revision, and final signoff" (id.). The Oversight Board asserts, and Movant does not dispute, that Movant's counsel waited nearly five months before returning an undated and unilaterally executed copy of the Draft Stipulation on May 17, 2019 (id. ¶ 4), and then waited until May 17, 2021 (two years later) to inquire into the status of the Draft Stipulation (id. ¶ 5). The instant Motion was filed on October 28, 2021. The Oversight Board argues that (i) no binding, enforceable stipulation modifying the automatic stay exists between the Commonwealth and Movant (id. ¶¶ 7-9), and (ii) even if the Draft Stipulation were binding and enforceable, Movant's unreasonable delay in seeking to prosecute the Prepetition Action (two years after returning the Draft Stipulation to the Commonwealth) warrants denial of the Motion (id. ¶¶ 10-11). Movant filed a reply on November 19, 2021 (Docket Entry No. 19315), and he submitted an exhibit to the reply in the form of a motion the next day (Docket Entry No. 19318). Because the parties have not reached an executed agreement to lift the stay as to the Prepetition Action, the Motion is denied.

"Under Puerto Rico law, the consent of the contracting parties is an essential element of a contract." Marrero-Garcia v. Irizarry, 33 F.3d 117, 122 (1st Cir. 1994) (citing 31 L.P.R.A. § 3391). "Consent is show by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." 31 L.P.R.A. § 3401. "Hence, an offer standing by itself will not establish the presence of a binding contract. . . . Rather, in order to have a contract, acceptance must be made of that offer." Irizarry, 33 F.3d at 122. As the Oversight Board asserts and Movant does not dispute, the Draft Stipulation was not signed by all parties, and it has never been executed. Accordingly, there is no consent between the parties concerning the Draft Stipulation, making it unenforceable.

The text of the Draft Stipulation also forecloses the possibility of treating, as acceptance, the Commonwealth's silence after receiving Movant's signed copy of the Draft Stipulation. But cf. Rivera-Colón v. AT&T Mobility Puerto Rico, Inc., 319 F.3d 200, 211 (1st Cir. 2019) (discussing when silence can operate as acceptance). Paragraph 8 makes the full compilation of signatures by the parties a precondition to execution by them, and paragraph 11 makes clear that "[t]his Stipulation shall be immediately effective and enforceable upon execution." (Id. ¶¶ 8, 11.) In the absence of any signature manifesting the consent of the

---

3   Whether the Commonwealth prepared the Draft Stipulation is of no interpretive consequence. Paragraph 7 states that, "[f]or purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation." (Draft Stip. ¶ 7.) The version signed by Movant and sent to the Commonwealth therefore constitutes an offer, which has not been accepted by the Commonwealth.

Commonwealth to lift the stay as to the Prepetition Action, there is no enforceable agreement to lift the stay. The Motion is therefore denied.

This Order resolves Docket Entry No. 18880 in Case No. 17-3283.

SO ORDERED.

Dated: May 9, 2022

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge