UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

ORDER (I) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN
CONNECTION WITH DISCLOSURE STATEMENT HEARING, AND (II) GRANTING RELATED RELIEF

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the urgent motion (Docket Entry No. 20653 in Case No. 17-3283 and Docket Entry No. 1166 in Case No. 17-3567) (the "Motion")[2] of the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") in its capacity as sole representative of HTA (the "Debtor") under section 315(b) of PROMESA, requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having entered the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (III) Approving Form of Notice Thereof* (Docket Entry No. 20680 in Case No. 17-3283 and Docket Entry No. 1171 in Case No. 17-3567); and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion concerning the Depository Procedures is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED as follows:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

1. The Depository Procedures requested in the Motion are granted as modified herein.

**Depository**

2. The Depository Procedures set forth on **Exhibit 1** hereto are approved. The Debtor is authorized to establish and maintain the Depository in accordance with the Depository Procedures.

**Confidentiality**[3]

3. The Debtor has established good cause for entry of an order, attached hereto as **Exhibit 2**, governing Confidential Information in connection with the Depository. The Protective Order set forth on **Exhibit 2** hereto is approved in all respects. The Debtor is authorized to implement the procedures and requirements set forth in the Protective Order, including execution of the Protective Order Subscription attached hereto as **Exhibit 3**.

4. Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information (as defined in the Protective Order) by the Debtor in connection with the Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

5. <u>No Warranty of Accuracy</u>. Each Eligible Creditor understands that the Producing Parties (as defined in **Exhibit 2** to this Order) will endeavor to include in the Confidential Information materials relevant for the purpose of evaluation of the Disclosure Statement, but each Eligible Creditor acknowledges that the Producing Parties do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Producing Parties shall have any liability to any Eligible Creditor or its

---

[3] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in **Exhibit 2** hereto.

representatives resulting from the use of such information by an Eligible Creditor or its representatives.

6. <u>No Waiver</u>. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

**Miscellaneous**

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Upon entry hereof, the Debtor shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

10. This Order resolves Docket Entry No. 20653 in Case No. 17-3283 and Docket Entry No. 1166 in Case No. 17-3567.

SO ORDERED.

Dated: May 10, 2022

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge