Hon. Laura Tailor Swain, Juez Court The District Of Puerto Rico

Office 150 , San Juan, P.R. 00918-1767

Ref. Caso 17 BK 3283- LTS ECF=1792 ,     Ref.33429

Buenos Dias :

Como Ya Reiteradament5e Le He Notifficado, Toda Informacion Requeridas de Mi Caso Deben Ser Solicitadas, Al Tribunal Superior de Utuado, PR. Contra La Destitucion del Alcalde Anibal Pagan Centeno,Ex Alcalde de Lares, PR. En 1988 Se Dicto La Sentencia De Destitucion Como Alcalde de Lares, PR.Por Solicitarme Extorcion y Soborno deUS$ 600, 000.00,Cada 6 Meses Por  el Proyecto que Yo Estaba Realizando En Larers, PR.De InTeres Social, de 250 Solares Para Viviendas A Bajos Costos del Dpto. de la Viviendas, Administracion de Viviendas Rural, Como Un Tainkee De La Div. de Ingenieria, Dirigidas por El Ing. Daniel Osorio, Dir.De Proyecto de Const. Comunidad  La Matilde, Expancion, por mi Compania Henson Const. Corp. y Guajataca Const. Corp.

Demande Por US$ 4,500,000.00 Para cubrir todos los gastos Incurridos Al Estado Libre Asociado de Puerto Rico, Por Danos y Perjuicios. Esperamos Que Puedan Ayudarme Para Pagar Todos Los  Que Debo. Dios Les Bendigas Amen.

Victor O. Henson Bousquets, Pres.

Henson Const. Corp. & Guajataca Const. Corp.                                        P.O.
Box 78, San Sebastian, PR. 00685                                                             Tel.
Res. 1-787-609-6720 Cel.1- 939-865-4070

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

VICTOR O. HENSO BUSQUEST

    DEMANDANTE-RECURRENTE

        VS.                  CASO:  CE-93-0183
                                 CASO ORIG. LAC-88-1037

E.L.A. DE P.R., ET. ALS.

    DEMANDADOS-RECURRIDOS

-------------------------------

<u>SEGUNDA MOCION SOLICITANDO RECONSIDERACION</u>

AL HONORABLE TRIBUNAL:

    Comparece la parte demandante-recurrente representada por su abogado que suscribe y muy respetuosamente expone, alega y solicita:

    1.  Que solicitamos reconsideración de la resolución emitida el 23 de julio de 1993 en el caso de epígrafe ya que estamos sometiendo en evidencia una Certificación del Tribunal de Instancia en donde surge claramente la fecha que se presentó la moción solicitando determinaciones de hechos adicionales y la cual estaba en tiempo.

    3.  Que a tenor con lo antes expuesto, solicitamos que se reconsidere dicha Resolución y se proceda a tomar en consideración el certiorari sometido.

    POR TODO LO QUE, solicitamos respetuosamente de este Honorable Tribunal, se sirva tomar conocimiento al respecto y provea de conformidad con lo solicitado.

    En Lares, Puerto Rico, a 5 de agosto de 1993.

    CERTIFICO:  Que he enviado copia de esta moción al Lcdo. Raúl Escobar Torres, Apartado 192, San Juan, PR  00902 y al Sr. Secretario, Tribunal Superior, Utuado, PR  00641.

                             RESPETUOSAMENTE SOMETIDO,

                                 VICTOR A. VELEZ CARDONA
                                 ABOGADO DEL DEMANDANTE
                                 RECURRENTE
                                 CALLE ARANA #3
                                 LARES, PR  00669
                                 TEL. 897-2800
                                 COLEGIADO NUM. 5868



ESTADO LIBRE ASOCIADO DE PUERTO RICO
*TRIBUNAL  GENERAL  DE  JUSTICIA*

TRIBUNAL ___SUPERIOR___

SALA de ___UTUADO___

5 de agosto de 1993.

C E R T I F I C A C I O N

Yo, Brenda E. Mass Pagán, Sec. Aux. II Asuntos de lo Civil, por este medio Certifico que la presente mocion de la cual se acompaña copia aparece radicada en el expediente del Tribunal Superior de Utuado con fecha del dia 26 de febrero de 1993, a  las 9:23 de la mañana.



EDWIN BARREIRO FIGUEROA
SECRETARIO GENERAL

POR:   BRENDA E. MASS PAGAN
           SEC. AUX. II

EN EL TRIBUNAL SUPERIOR DE PUERTO RICO

SALA DE UTUADO

VICTOR O. HENSO BUSQUETS

    DEMANDANTE

        VS.

MUNICIPIO DE LARES

    DEMANDADOS

CIVIL NUM:  L AC88-1037

SOBRE:

DAÑOS Y PERJUICIOS

---------------------------

## MOCION SOLICITANDO SE HAGAN DETERMINACIONES
## DE HECHOS ADICIONALES

AL HONORABLE TRIBUNAL:

Comparece la parte demandante representada por su abogado que suscribe y muy respetuosamente expone, alega y solicita:

1.  Que el 17 de febrero de 1993 se notificó la Sentencia dictada en el caso de epígrafe.

2.  Que dicha Sentencia se fundamentó en una moción a base de la Regla 39.2 (c) de Procedimiento Civil Vigente.

3.  Que a tenor con la sentencia solicitamos que se hagan las siguientes Determinaciones de Hechos Adicionales:

A.  Que aunque la Regla 39.2(c) autoriza al Tribunal poder escuchar toda la prueba antes de declarar con lugar el "Non Suit", el Tribunal estimó dentro de su discreción que no era necesario que la parte demandada fuera.

B.  Que el Tribunal estimó que aunque las partes estaban contestes en que el Sr. Ramón Martínez Escudero había fallecido, exigió para ser admitida su deposición como evidencia, que demostraran su muerte a base de la Regla 29.1(c) de Procedimiento Civil en donde se requiere la sustitución de un testigo no disponible.

C.  Que el Tribunal estimó que por no haberse presentado un Certificado de Defunción no podía admitir la Deposición como evidencia.

D.  Que el Tribunal estimó que el enriquecimiento injusto no se dá contra el Gobierno y que en este caso no hay ninguna excepción que haga variar esa determinación.

E.   Que el Tribunal no admitió en evidencia una Escritura de Opción de Compra de la finca a ser desarrollada por estimar que no era necesario.

POR TODO LO QUE, solicitamos respetuosamente de este Honorable Tribunal, se sirva tomar conocimiento al respecto y provea de conformidad con lo solicitado.

En Lares, Puerto Rico, a 24 de febrero de 1993.

CERTIFICO:  Que he enviado copia de este escrito al Lcdo. Raúl Escobar, Apartado 192, San Juan, PR  00902 y al Lcdo. Bamily López Ortíz, Apartado 192, San Juan, PR  00902.

RESPETUOSAMENTE SOMETIDO,



1727936

VICTOR A. VELEZ-CARDONA
ABOGADO DEL DEMANDANTE
CALLE ARANA #3
LARES, PR  00669
TEL. 897-2800
COLEGIADO NUM. 5868

*[handwritten note, partially illegible]*
Esto fue anoli dado con el número CS 88-010 radicado en el Tribunal Superior, Sala de Arecibo, cledera reproducir la presente moción en dicha sala. Numero referencia se dido dos casos.  3/03/93

EN EL TRIBUNAL SUPERIOR DE PUERTO RICO

SALA DE ARECIBO

VICTOR O. HENSON BUSQUETS                    *        CIVIL NUM. CS88- C.1.0

    Demandante

       Vs.                                          SOBRE:

ADMINISTRACION DE VIVIENDA RURAL;
COSME HERNANDEZ SILVA                                 DAÑOS Y PERJUICIOS,
                                                      VIOLACION DE CONTRATO
    Demandados
                                                      GC 34
_____         *

D E M A N D A

AL HONORABLE TRIBUNAL:

    Comparece el demandante de epígrafe por conducto de su abogado que suscribe y muy respetuosamene, EXPONE, ALEGA Y SOLICITA:

    1. Con fecha del 4 de marzo de 1988 la Administración de Vivienda Rural, a través de uno de sus funcionarios, giró carta certificada al demandante, en la cual le indicaba que no pagarían los gastos incurridos por éste al habérsele adjudicado el desarrollo de un proyecto denominado Extensión Comunidad La Matilde, Lares, Puerto Rico.

    2. El demandante contrató con el demandado, Cosme Hernández Silva, y con otros funcionarios de la Administración de Vivienda Rural, el desarrollo de 250 solares para ser repartidos en usufructo y luego del demandante haber incurrido en cuantiosos gastos los cuales incluyen opción por la finca a desarrollarse, mejoras en el terreno, estudios de suelo y percolación, planos y demás gastos, los cuales ascienden a una suma de alrededor de $220,000.00, los demandados se negaron a honrar el compromiso por motivos puramente personales.

    3. El demandante por instrucciones del demandado, Cosme Hernández Silva y otros funcionarios de la Administración de Vivienda Rural, gestionó ante la Junta de Planificación, ante la Oficina del Gobernador, ante el Municipio de Lares, ante el Departamento de Agricultura, ante el Department of the Army, ante la Junta de Calidad Ambiental y ante las demás agencias pertinentes con el visto bueno de los demandados, el desarrollo de este proyecto.

    4. La actitud de los demandados ha ocasionado graves perjuicios al demandante, ya que éste, además de incurrir en los gastos antes mencionados, no ha podido pagar a los suplidores de servivios, por lo que se ha afectado su crédito y reputación, daños ascendentes a una cantidad no menor de $250,000.00.

-2-

POR TODO LO CUAL, muy respetuosamente se solicita de este Honorable Tribunal declare CON LUGAR la presente demanda y en su consecuencia condene a los demandados al pago solidario de las cantidades que se reclaman en la demanda, los gastos y honorarios de abogado que generen éstos.

Respetuosamente sometida.

En San Sebastián, Puerto Rico, a 4 de abril de 1988.

LCDO. NELSON D. SOTO CARDONA
Apartado 813
San Sebastián, PR 00755
Tel. 896-1246



CERTIFICACION
CERTIFICO QUE LA PRESENTE ES COPIA FIEL Y
EXACTA DEL ORIGINAL QUE OBRA EN AUTOS Y EXPIDO
LA MISMA A PETICION DE

Victor Hensen Busquets

_____ DE DERECHOS
___ LIBRE DE DERECHOS
DIANE ALVAREZ VILLANUEVA
Secretario Regional
Por JESSICA ÁLVAREZ RODRÍGUEZ
Sub-Secretario

EN EL TRIBUNAL SUPERIOR DE PUERTO RICO

SALA DE ARECIBO

| | | |
|---|---|---|
| VICTOR O. HENSON BUSQUETS | * | CIVIL NUM. CS-88-610 |
| Demandante | | |
| Vs. | | SOBRE: |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO; COSME HERNANDEZ SILVA | * | INCUMPLIMIENTO DE CONTRATO y DAÑOS Y PERJUICIOS |
| Demandados | | |

---

## DEMANDA ENMENDADA

AL HONORABLE TRIBUNAL:

Comparece el demandante de epígrafe por conducto de su abogado que suscribe y muy respetuosamente, EXPONE, ALEGA Y SOLICITA:

1. Con fecha del 4 de marzo de 1988 la Administración de Vivienda Rural, a través de uno de sus funcionarios, giró carta certificada al demandante, en la cual le indicaba que no pagarían los gastos incurridos por éste al habérsele adjudicado el desarrollo de un proyecto denominado Extensión Comunidad La Matilde, de Lares, Puerto Rico.

2. El demandante contrató con el demandado, Cosme Hernández Silva, y con otros funcionarios de la Administración de Vivienda Rural, el desarrollo de 250 solares para ser repartidos en usufructo y luego del demandante haber incurrido en cuantiosos gastos los cuales incluyen opción por la finca a desarrollarse, mejoras en el terreno, estudios de suelo y percolación, planos y demás gastos, los cuales ascienden a una suma de alrededor de $220,000.00, los demandados se negaron a honrar el compromiso por motivos puramente personales.

3. El demandante por instrucciones del demandado, Cosme Hernández Silva y otros funcionarios de la Administración de Vivienda Rural, gestionó ante la Junta de Planificación, ante la Oficina del Gobernador, ante el Department of the Army, ante la Junta de Calidad Ambiental y ante las demás agencias pertinentes con el visto bueno de los demandados, el desarrollo de este proyecto.

4. La actitud de los demandados ha ocasionado graves perjuicios al demandante ya que éste, además de incurrir en los gastos antes mencionados, no ha podido pagar a los suplidores de servicios, por lo que se ha afectado su crédito y reputación, daños ascendentes a una cantidad no menor de $250,000.00.

5. La Administración de Vivienda Rural es una dependencia del Estado Libre Asociado de Puerto Rico, la cual no tiene capacidad jurídica para demandar o ser

demandada, por lo que por sus actuaciones, responde el Estado Libre Asociado de
Puerto Rico.

POR TODO LO CUAL, muy respetuosamente se solicita de este Honorable Tribunal
declare CON LUGAR la presente demanda enmendada y en su consecuencia conde a
los demandados al pago solidario de las cantidades que se reclaman en la demanda,
los gastos y honorarios de abogado que generen éstos.

Respetuosamente sometida.

En San Sebastián, Puerto Rico, a  21  de julio de 1988.

LCDO. NELSON D. SOTO CARDONA
Apartado 813
San Sebastián, PR  00755
Tel. 896-1246
Núm. de Colegiación - 8587



**CERTIFICACION**

CERTIFICO QUE LA PRESENTE ES COPIA FIEL Y
EXACTA DEL ORIGINAL QUE OBRA EN AUTOS Y EXPIDO
LA MISMA A PETICION DE

Victor Henson Busquets

☐ PREVIO EL PAGO DE DERECHOS
☐ PARA USO OFICIAL LIBRE DE DERECHOS

Secretario Regional

Secretario

Por: _____ Secretario Auxiliar del Tribunal

Sub-Secretario

EN EL TRIBUNAL SUPERIOR DE PUERTO RICO
SALA DE UTUADO

| | |
|---|---|
| VICTOR O. HENSON BUSQUETS | CIVIL NUM. *L AC*  ~~eb~~-88-1037 |
| Demandante | *L AC*-89-647 |
| v. | |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO | SOBRE: |
| Demandados | DAÑOS Y PERJUICIOS |

## S E N T E N C I A

En el caso de epígrafe se celebró la Vista en su Fondo el 28 de septiembre de 1992, según señalado.   La parte demandante, Victor O. Henson Busquets compareció acompañado por su abogado el Lcdo. Nelson Soto Cardona.   La parte demandada, el Estado Libre Asociado de Puerto Rico y el Sr. Cosme Hernández Silva, comparecieron representados por la Lcda. Bámily López Ortiz, del Departamento de Justicia.

La parte demandante reclama el pago de $250,000.00 por concepto de los daños y perjuicios sufridos a raiz del alegado incumplimiento del contrato supuestamente suscrito entre las partes para el desarrollo de un Proyecto "Turnkey" en la Comunidad La Matilde de Lares, Puerto Rico.

Celebrada la vista en sus méritos, disponemos lo siguiente:

### I.  ASUNTOS PRELIMINARES

A la "Moción Informando Representación Legal Adicional" presentada por la licenciada López Ortiz, la declaramos HA LUGAR.

Por consistir la reclamación de la parte demandante de una en daños y perjuicios, este Tribunal bifurcó las controversias, de forma tal que la vista del 28 de septiembre se limitó a determinar y adjudicar responsabilidad y negligencia de las partes.   Se determinó entonces, que de ser necesario, se celebraría una vista para cuantificar los daños.

Las partes presentaron los documentos estipulados para fines de identificación, en sustitución del testimonio del Sr. Mario S. Rodríguez, los cuales fueron marcados como Exhibits Número Uno

Civil Núm. CD-88-1037
            CD-88-647
página 2

(1), Dos (2) y Tres (3), respectivamente, por estipulación de las partes.

Solicitó además la parte demandante que se le permitiera incluir como parte de su prueba testifical la deposición que se le tomara al Sr. Ramón Martínez Escudero el 5 de marzo de 1991, en sustitución de su testimonio oral por, alegadamente, este haber fallecido. Conforme a la Regla 29.1(c) de las de Procedimiento Civil de Puerto Rico se permite el uso de una deposición en sustitución del testimonio de un testigo no disponible. Sin embargo, la no disponibilidad del testigo tiene que probarse a satisfacción del Tribunal. El Tribunal **no puede tomar conocimiento judicial del fallecimiento de una persona**, según solicita la parte demandante. Por tal razón, el Tribunal declara NO HA LUGAR la solicitud del demandante en torno a la deposición del Sr. Martínez Escudero.

La parte demandante y la parte demandada anunciaron sus respectivos testigos, los cuales una vez juramentados fueron excusados de sala conforme a las reglas pertinentes.

Procedió entonces la parte demandante a presentar su prueba, la cual consistió de amplia prueba testifical y documental. Concluída la presentación de la prueba por la parte demandante, los demandados presentaron Moción de "Non-Suit".

## II.   DETERMINACIONES DE HECHOS

1.   La Administración de Vivienda Rural publicó varios edictos en el periódico El Mundo para las fechas del 29 de septiembre de 1986, 24 de octubre de 1986 y el 27 de octubre de 1986 convocando, a las personas interesadas en someter proyectos de desarrollo de vivienda conforme al Programa "Turnkey", a unas reuniones a celebrarse el 17 y 31 de octubre de 1986.

2.   Los edictos convocaban a personas interesadas en el desarrollo de proyectos "Turnkey" en varios municipios entre los cuales **no estaba incluido el Municipio de Lares.**

3.   El demandante, Victor O. Henson Busquets, asistió a las reuniones del 17 y 31 de octubre de 1986 donde recibió

Civil Núm.  CD-88-1037
            CD-88-647
página 3

orientación en torno a los trámites a seguir para la aprobación de un proyecto "Turnkey".

4.   En dichas reuniones se le informó claramente a los asistentes que el primer paso sería la aprobación, por la Junta de Planificación, de una Consulta de Ubicación del proyecto propuesto; y que una vez aprobado, si se cumpliese con todos los demás requisitos de la Administración de Vivienda Rural se procedería a firmar una carta de intención y, eventualmente, se procedería con la firma del Contrato.

5.   El señor Henson Busquets sometió a la consideración de la Administración de Vivienda Rural un proyecto para desarrollar viviendas en el Municipio de Lares.

6.   La Consulta de Ubicación fue aprobada por la Junta de Planificación sujeta al cumplimiento de unos requisitos especificos.

7.   El señor Henson Busquets no cumplió con los requisitos de la Junta de Planificación.

8.   Tampoco cumplió el señor Henson Busquets con los demás requisitos que le exigía la Administración de Vivienda Rural.

9.   Nunca se firmó, y no existe, una Carta de Intención entre el señor Henson Busquets y la Administración de Vivienda Rural.

10.   Nunca se firmó, y no existe, un Contrato entre el señor Henson Busquets y la Administración de Vivienda Rural.

11.   El señor Henson Busquets llevó a cabo una serie de gestiones que nunca le fueron requeridas por la Administración de Vivienda Rural.

12.   El señor Henson Busquets tenía conocimiento de que el Municipio de Lares no era parte del programa presupuestario de la Administración de Vivienda Rural.

### III.   DETERMINACIONES DE DERECHO

La Demanda presentada por el señor Henson Busquets alega una causa de acción por incumplimiento de contrato y enriquecimiento injusto.   Previo a la celebración de la Vista en su Fondo y

Civil Núm. CD-88-1037
           CD-88-647
página 4

conforme a lo solicitado por la parte demandada, este Tribunal determinó que la doctrina de enriquecimiento injusto no aplica contra el Estado (<u>Venancio Morales v. Toa Baja</u>, 87 J.T.S. 107). Por ser la Administración de Vivienda Rural, una agencia gubernamental que carece de personalidad jurídica propia, para todo efecto práctico es el Estado Libre Asociado de Puerto Rico la parte demandada. Como tal, se desestima, con perjuicio, la causa de acción por enriquecimiento injusto presentada por el demandante.

Una vez desestimada la causa de acción por enriquecimiento injusto procede determinar si se probaron los elementos necesarios para constituir una causa de acción por incumplimiento de contrato. Es indispensable entonces demostrar que existía un contrato entre las partes.

Es obligación legal de las agencias gubernamentales el poner todo contrato por escrito (<u>Guillermo Ocasio Carrasquillo v. José Rosa Berríos</u>, 88 JTS 42). Por consiguiente, la mejor prueba que pudiera haber presentado la parte demandante es el contrato escrito suscrito con la Administración de Vivienda Rural para el desarrollo de un Proyecto "Turnkey" en el Municipio de Lares.

La parte demandante no presentó contrato escrito alguno. Tampoco demostró que existiera un contrato verbal entre las partes que obligara a su cumplimiento específico.[1] Por el contrario, de la prueba testifical ofrecida, el propio demandante aceptó que nunca firmó una Carta de Intención con la Administración de Vivienda Rural y que nunca firmó un Contrato con la Administración de Vivienda Rural, conforme lo disponen las guías para el desarrollo de Proyectos "Turnkey" sobre las cuales

---

    [1]. La parte demandante alegó que una carta del 20 de marzo de 1988 (Exhibit 4, por estipulación de las partes) constituía un contrato suficiente entre las partes. Diferimos de la interpretación que hace el demandante de dicha carta, ya que lo único que prueba la misma es que la Administración de Vivienda Rural estaba realizando los trámites necesarios para obtener el presupuesto necesario para el desarrollo del Proyecto "Turnkey", propuesto por el demandante, para el Municipio de Lares.

Civil Núm.  CD-88-1037
            CD-88-647
página 5

tenía conocimiento por haber comparecido en dos ocasiones
distintas a las reuniones de orientación convocadas mediante
edicto por la Administración de Vivienda Rural.[2]

EN MERITO DE LO CUAL, este Tribunal RESUELVE lo siguiente:

1.   Se declara HA LUGAR la Moción de "Non-Suit" presentada
por la parte demandada al no haberse probado la existencia de un
contrato entre las partes.

2.   Se ordena a la parte demandante al pago de $1,000.00
por concepto de honorarios de abogado por temeridad pues conocía
que la ley requiere que un contrato gubernamental conste por
escrito y que además no existía un contrato verbal entre las
partes.  Con este conocimiento acude ante el Tribunal en una
acción claramente frívola, ocasionando gastos y molestias
indebidas a la parte demandada y a los numerosos funcionarios
públicos a quienes citó como testigos.

REGISTRESE Y NOTIFIQUESE.

En Utuado, Puerto Rico a 10 de febrero de 1993.

MIGUEL A. SANTIAGO GOMEZ

JUEZ SUPERIOR

---

[2].  De igual forma el demandante aceptó que conocía, desde el
principio, que la Administración de Vivienda Rural no tenía dinero
presupuestado para el desarrollo de proyectos "Turnkey" en el
Municipio de Lares.   Toda la evidencia ofrecida por la parte
demandante demuestra que se realizaron varios trámites con el
propósito de obtener el presupuesto necesario.



$10.40
IUTI-00779718
05-4-22

**CERTIFICACION**

CERTIFICO QUE LA PRESENTE ES COPIA FIEL Y
EXACTA DEL ORIGINAL QUE OBRA EN AUTOS Y EXPIDO
LA MISMA A PETICION DE

Victor Henson Busquets

☐ PREVIO EL PAGO DE DERECHOS
☐ PARA USO OFICIAL LIBRE DE DERECHOS

DIANE ALVAREZ VILLANUEVA
Secretaria

Por:    JESSICA ALVAREZ RODRIGUEZ
Sub-Secretario

EN EL TRIBUNAL SUPERIOR DE PUERTO RICO

SALA DE UTUADO

| | | |
|---|---|---|
| VICTOR O. HENSON Y SU ESPOSA | * | CIVIL NUM.: CS-88-1037 |
| EMILIA DEL CARMEN RODRIGUEZ | * | |
| | * | |
| DEMANDANTES | * | |
| | * | |
| VS | * | SOBRE: |
| | * | |
| FELIX A. PAGAN CENTENO (ALCALDE | * | |
| DE LARES) FELIX PAGAN CENTENO | * | |
| EN SU CARACTER PERSONAL, SU | * | |
| ESPOSA JOHANA DOE Y LA SOCIEDAD | * | |
| LEGAL DE BIENES GANANCIALES | * | ACCION CIVIL SOBRE DAÑOS Y |
| | * | PERJUICIOS |
| DEMANDADOS | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

D E M A N D A

AL HONORABLE TRIBUNAL:

Comparece la parte demandante representada por el abogado que suscribe y muy respetuosamente expone, alega y solicita:

1. Que allá para el mes de enero del 1987----, el señor Victor O. Henson Bousquets empezó a tramitar con el Sr. Félix A. Pagán Centeno y con el Sr. Cosme Hernández Silva, Director de la ------Administración de Vivienda Rural------, para que se incluyera al pueblo de Lares entre los municipios no publicados en los solares en usufructo, y conseguimos su endoso del Director.

2. Que esto se hizo y se tramitó ya que hacía 12 años que en el pueblo de Lares no se había podido repartir una sola parcela.

3. Que una de las personas que le dio seguimiento a este caso fue la Sra. Maribel Rabell y el Licenciado Mario Rodríguez, de la oficina del Gobernador.

4. Que el Gobernador de Puerto Rico, Honorable Rafael Hernández Colón, vino a Lares a celebrar el cincuentenario del Estado Libre Asociado de Puerto Rico y expresó que el proyecto venía con un total de 250 parcelas y que era un compromiso de él repartir las parcelas.

5. Se empezó a tramitar a través de la Oficina Central en San Juan las solicitudes de las parcelas de las personas que las habían solicitado para ver si las mismas cualificaban para la opción de compra de una parcela.

VICTOR O. HENSON                                                    PAG. 2

6.   Que Victor O. Henson consiguió una finca y la opcionó,
midieron y dividieron el terreno y los gastos, del equipo, maqui-
naria y Estudio de Suelo ascienden aproximadamente a $160,000.00.

7.   Que el proyecto costaba alrededor de $1,390,000.00.

8.   Que una vez estaba adelantado el proyecto, y teniéndo el
endoso de la fortaleza, ya que era un compromiso del Gobernador,
el SR. Aníbal Pagán Centeno, Alcalde de Lares, Hoy ex-Alcalde,
envió a buscar al Sr. Henson al proyecto y lo montó en un carro
de su hijo y lo llevó a su finca privada.

9.   Que una vez en la finca, el Sr. Pagán Centeno, le exigió
al Sr. Henson  el 10% del costo total del proyecto para entonces
él mismo endosarlo.

10.  Que el 10% equivalía a $139,000.00.

11.  Que el Sr. Henson le manifestó que le diera la petición
por escrito y que si era un impuesto municipal y el Alcalde le
contestó que que en Lares se hacía lo que que a él le daba la
gana y que si no le daba el dinero no había endoso para el proyecto.

12.  Que el SR. Henson le manifestó que eso no se podía hacer
ya que el proyecto era un "Turn Key" que el banco paga por certi-
ficado, que no tenía dinero y que no lo podía buscar.

13.  Que el Sr. Alcalde le dijo que se fuera para el carajo y
que se olvidara del proyecto; y que no aprobaría ni las calles,
ni recojería la basura y que te haría como a las de Brisas de
Lares y que tendría que dar dinero para comprar un truck de basura.

14.  Que en las semanas que siguieron el Sr. Pagán estuvo en
tres ocasiones a San Juan y se reunió con Cosme Herñandez Silva
y empezó a entorpecer el proyecto.

15.  Que se reunió en el Restaurant La Olla en Lares, en el
Lares Mall con el Sr. Cosme Hernández Silva, Anibal Pagán Centeno,
Albert Velez Vega y Ariel Nazario y allí el Sr. Pagán le manifestó
las discrepancias entre él y el Sr. Henson y se preparó la cons-
piración y el Secretario y el Director le manifestó que buscara
otro contratista, lo cual se tenía pendiente tan pronto mi pro-
yecto se adjudicara.

16.  Que el proyecto se congeló y luego del Sr. Henson cumplir
con todos los requerimientos y endoso de las agencias concernidas

VICTOR O. HENSON                                                PAG. 3

para así adjuicarselo a otro o subastarlo.

11.  Que sto le lha causado daños y perjuicios al Sr. Victor
O. Henson  estimados en $150,000.00.

12.  Que esto le ha causado angustias mentales y sufrimientos
mentales que se estiman en $50,000.00.

POR TODO LO QUE , solicitamos muy respetuosamente de ese
Honorable Tribunal, declare CON LUGAR la presente demanda y
condene a la parte demandada al pago de las cantidades arriba
descritas y una cantidad razonable para costas, gastos y
honorarios de abogado.

En Lares, Puerto Rico, a 30 de agosto de 1988.

RESPETUOSAMENTE SOMETIDO,



VICTOR A. VELEZ CARDONA
ABOGADO DE LA PARTE DEMANDANTE
CALLE ARANA #3
LARES, PUERTO RICO  00669
TEL. 897-2800

VICTOR O. HENSON                                                                    PAG. 4

### DECLARACION JURADA

YO, VICTOR O. HENSON BOUSQUETS, mayor de edad, casado y vecino de San Seb, Puerto Rico, por la presente declaro bajo juramento:

1.  Que mi nombre y demás circunstancias personales son las antes expuestas.

2.  Que los hechos en la anterior demanda son ciertos y me constan de mi propio y personal conocimiento.

3.  Que la misma ha sido redactada por mi abogado de acuerdo a mis instrucciones.

4.  Que hago esta declaracion jurada a todos los fines de Ley pertinentes.

Y PARA QUE ASI CONSTE, firmo la presente en Lares, PUerto Rico, a 30 de agosto de 1988,



VICTOR O. HENSON BOUSQUETS

AFF. NUM.: 19017

Jurada y suscrita ante mi por don Victor O. Henson Bousquets de las circunstancias personales antes descritas y a quien doy fe de conocer personalmente en Lares, Puerto Rico, hoy 30 de agosto de 1988,

NOTARIO PUBLICO

# CERTIFICACION

CERTIFICO QUE LA PRESENTE ES COPIA FIEL Y
EXACTA DEL ORIGINAL QUE OBRA EN AUTOS Y EXPIDO
LA MISMA A PETICION DE

– Victor Henson Busquets

EN PONCE EL DÍA DE HOY
EL PUERTO RICO OFICIAL LIBRE DE DERECHOS

DIANE ALVAREZ VILLANUEVA
Secretaria Sectorial

JESSICA ÁLVAREZ RODRÍGUEZ
Secretaria Auxiliar del Tribunal

EN EL TRIBUNAL SUPERIOR DE PUERTO RICO
SALA DE UTUADO

VICTOR O. HENSON BUSQUETS

    Demandante

v.

ESTADO LIBRE ASOCIADO DE
PUERTO RICO

    Demandados

CIVIL NUM. ↙AC
↙CD-88-1037
↙AC-89-647

SOBRE:

DAÑOS Y PERJUICIOS

## S E N T E N C I A

En el caso de epígrafe se celebró la Vista en su Fondo el 28 de septiembre de 1992, según señalado.  La parte demandante, Victor O. Henson Busquets compareció acompañado por su abogado el Lcdo. Nelson Soto Cardona.  La parte demandada, el Estado Libre Asociado de Puerto Rico y el Sr. Cosme Hernández Silva, comparecieron representados por la Lcda. Bámily López Ortiz, del Departamento de Justicia.

La parte demandante reclama el pago de $250,000.00 por concepto de los daños y perjuicios sufridos a raiz del alegado incumplimiento del contrato supuestamente suscrito entre las partes para el desarrollo de un Proyecto "Turnkey" en la Comunidad La Matilde de Lares, Puerto Rico.

Celebrada la vista en sus méritos, disponemos lo siguiente:

### I.  ASUNTOS PRELIMINARES

A la "Moción Informando Representación Legal Adicional" presentada por la licenciada López Ortiz, la declaramos HA LUGAR.

Por consistir la reclamación de la parte demandante de una en daños y perjuicios, este Tribunal bifurcó las controversias, de forma tal que la vista del 28 de septiembre se limitó a determinar y adjudicar responsabilidad y negligencia de las partes.  Se determinó entonces, que de ser necesario, se celebraría una vista para cuantificar los daños.

Las partes presentaron los documentos estipulados para fines de identificación, en sustitución del testimonio del Sr. Mario S. Rodríguez, los cuales fueron marcados como Exhibits Número Uno

Civil Núm. CD-88-1037
          CD-88-647
página 2

(1), Dos (2) y Tres (3), respectivamente, por estipulación de las partes.

Solicitó además la parte demandante que se le permitiera incluir como parte de su prueba testifical la deposición que se le tomara al Sr. Ramón Martínez Escudero el 5 de marzo de 1991, en sustitución de su testimonio oral por, alegadamente, este haber fallecido. Conforme a la Regla 29.1(c) de las de Procedimiento Civil de Puerto Rico se permite el uso de una deposición en sustitución del testimonio de un testigo no disponible. Sin embargo, la no disponibilidad del testigo tiene que probarse a satisfacción del Tribunal. El Tribunal **no puede tomar conocimiento judicial del fallecimiento de una persona**, según solicita la parte demandante. Por tal razón, el Tribunal declara NO HA LUGAR la solicitud del demandante en torno a la deposición del Sr. Martínez Escudero.

La parte demandante y la parte demandada anunciaron sus respectivos testigos, los cuales una vez juramentados fueron excusados de sala conforme a las reglas pertinentes.

Procedió entonces la parte demandante a presentar su prueba, la cual consistió de amplia prueba testifical y documental. Concluída la presentación de la prueba por la parte demandante, los demandados presentaron Moción de "Non-Suit".

## II.  DETERMINACIONES DE HECHOS

1. La Administración de Vivienda Rural publicó varios edictos en el periódico El Mundo para las fechas del 29 de septiembre de 1986, 24 de octubre de 1986 y el 27 de octubre de 1986 convocando, a las personas interesadas en someter proyectos de desarrollo de vivienda conforme al Programa "Turnkey", a unas reuniones a celebrarse el 17 y 31 de octubre de 1986.

2. Los edictos convocaban a personas interesadas en el desarrollo de proyectos "Turnkey" en varios municipios entre los cuales **no estaba incluido el Municipio de Lares.**

3. El demandante, Victor O. Henson Busquets, asistió a las reuniones del 17 y 31 de octubre de 1986 donde recibió

Civil Núm.  CD-88-1037
             CD-88-647
página 3

orientación en torno a los trámites a seguir para la aprobación de un proyecto "Turnkey".

4.  En dichas reuniones se le informó claramente a los asistentes que el primer paso sería la aprobación, por la Junta de Planificación, de una Consulta de Ubicación del proyecto propuesto; y que una vez aprobado, si se cumpliese con todos los demás requisitos de la Administración de Vivienda Rural se procedería a firmar una carta de intención y, eventualmente, se procedería con la firma del Contrato.

5.  El señor Henson Busquets sometió a la consideración de la Administración de Vivienda Rural un proyecto para desarrollar viviendas en el Municipio de Lares.

6.  La Consulta de Ubicación fue aprobada por la Junta de Planificación sujeta al cumplimiento de unos requisitos especificos.

7.  El señor Henson Busquets no cumplió con los requisitos de la Junta de Planificación.

8.  Tampoco cumplió el señor Henson Busquets con los demás requisitos que le exigía la Administración de Vivienda Rural.

9.  Nunca se firmó, y no existe, una Carta de Intención entre el señor Henson Busquets y la Administración de Vivienda Rural.

10.  Nunca se firmó, y no existe, un Contrato entre el señor Henson Busquets y la Administración de Vivienda Rural.

11.  El señor Henson Busquets llevó a cabo una serie de gestiones que nunca le fueron requeridas por la Administración de Vivienda Rural.

12.  El señor Henson Busquets tenía conocimiento de que el Municipio de Lares no era parte del programa presupuestario de la Administración de Vivienda Rural.

### III.  DETERMINACIONES DE DERECHO

La Demanda presentada por el señor Henson Busquets alega una causa de acción por incumplimiento de contrato y enriquecimiento injusto.  Previo a la celebración de la Vista en su Fondo y

Civil Núm. CD-88-1037
              CD-88-647
página 4

conforme a lo solicitado por la parte demandada, este Tribunal
determinó que la doctrina de enriquecimiento injusto no aplica
contra el Estado (<u>Venancio Morales v. Toa Baja</u>, 87 J.T.S. 107).
Por ser la Administración de Vivienda Rural, una agencia
gubernamental que carece de personalidad jurídica propia, para
todo efecto práctico es el Estado Libre Asociado de Puerto Rico
la parte demandada.  Como tal, se desestima, con perjuicio, la
causa de acción por enriquecimiento injusto presentada por el
demandante.

Una vez desestimada la causa de acción por enriquecimiento
injusto procede determinar si se probaron los elementos
necesarios para constituir una causa de acción por incumplimiento
de contrato.  Es indispensable entonces demostrar que existía un
contrato entre las partes.

Es obligación legal de las agencias gubernamentales el poner
todo contrato por escrito (<u>Guillermo Ocasio Carrasquillo v. José
Rosa Berríos</u>, 88 JTS 42).  Por consiguiente, la mejor prueba que
pudiera haber presentado la parte demandante es el contrato
escrito suscrito con la Administración de Vivienda Rural para el
desarrollo de un Proyecto "Turnkey" en el Municipio de Lares.

La parte demandante no presentó contrato escrito alguno.
Tampoco demostró que existiera un contrato verbal entre las
partes que obligara a su cumplimiento específico.[1]   Por el
contrario, de la prueba testifical ofrecida, el propio demandante
aceptó que nunca firmó una Carta de Intención con la
Administración de Vivienda Rural y que nunca firmó un Contrato
con la Administración de Vivienda Rural, conforme lo disponen las
guías para el desarrollo de Proyectos "Turnkey" sobre las cuales

_____

[1].  La parte demandante alegó que una carta del 20 de marzo de
1988 (Exhibit 4, por estipulación de las partes) constituía un
contrato  suficiente  entre  las  partes.   Diferimos  de  la
interpretación que hace el demandante de dicha carta, ya que lo
único que prueba la misma es que la Administración de Vivienda
Rural estaba realizando los trámites necesarios para obtener el
presupuesto necesario para el desarrollo del Proyecto "Turnkey",
propuesto por el demandante, para el Municipio de Lares.

Civil Núm. CD-88-1037
           CD-88-647
página 5

tenía conocimiento por haber comparecido en dos ocasiones distintas a las reuniones de orientación convocadas mediante edicto por la Administración de Vivienda Rural.[2]

EN MERITO DE LO CUAL, este Tribunal RESUELVE lo siguiente:

1.   Se declara HA LUGAR la Moción de "Non-Suit" presentada por la parte demandada al no haberse probado la existencia de un contrato entre las partes.

2.   Se ordena a la parte demandante al pago de $1,000.00 por concepto de honorarios de abogado por temeridad pues conocía que la ley requiere que un contrato gubernamental conste por escrito y que además no existía un contrato verbal entre las partes.   Con este conocimiento acude ante el Tribunal en una acción claramente frívola, ocasionando gastos y molestias indebidas a la parte demandada y a los numerosos funcionarios públicos a quienes citó como testigos.

REGISTRESE Y NOTIFIQUESE.

En Utuado, Puerto Rico a   10   de   febrero de 1992.

MIGUEL A. SANTIAGO GOMEZ
JUEZ SUPERIOR

---

[2].   De igual forma el demandante aceptó que conocía, desde el principio, que la Administración de Vivienda Rural no tenía dinero presupuestado para el desarrollo de proyectos "Turnkey" en el Municipio de Lares.   Toda la evidencia ofrecida por la parte demandante demuestra que se realizaron varios trámites con el propósito de obtener el presupuesto necesario.



**Sello**

$10.80
1UX – 00779719
05-4-22

C E R T I F I C A C I O N

CERTIFICO QUE LA PRESENTE ES COPIA FIEL Y
EXACTA DEL ORIGINAL QUE OBRA EN AUTOS Y EXPIDO
EN AUSENCIA A PETICION DE

Victor Henson Busquets

LIBRE DE DERECHOS

DIANE ALVAREZ VILLANUEVA
Secretaria Regional
JESSICA ALVAREZ RODRIGUEZ
Secretaria Auxiliar del Tribunal I
Sub-Secretaria