UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    **DEBTOR** | PROMESA<br>TITLE III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Aministered)<br><br>Relief of the Automatic Stay |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE COURT:**

NOW comes Ismael Rivera Grau, Lourdes Morales Reyes y la Sociedad Legal de Gananciales Compuesta por Ambos, represented by the undersigned counsel and respectfully moves the Court for an Order pursuant to 11 U.S.C.A. sec. 362 for relief from the automatic stay and, in support of this motion, states as follows:

**CERTIFICATION**

This certification asserts a full compliance with request under Fourteenth Amended Case Management Procedures Notice, Case Management and Administrative Order, as set forth at Paragraph III. Q of Section III (Scheduling) of the Order.

The undersigned attorney certifies compliance with the Lift of Stay Notice and the Lift of Stay Notice Period, and corresponding communication to resolve Movant's request for relief from the automatic stay. The parties failed to reach an agreement and Movant files its motion for relief from stay. **See, Exhibit 1**.

    **I.    INTRODUCTION**

1. Ismael Rivera Grau, Lourdes Morales Reyes y la Sociedad Legal de Gananciales Compuesta por Ambos (hereinafter, "Ismael Rivera, Lourdes Morales and SLG") request the lifting of the automatic stay in the case *Ismael Rivera Grau, Lourdes Morales Reyes y la Sociedad Legal de Gananciales Compuesta por Ambos v. Estado Libre Asociado de Puerto Rico; Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras; Continental Insurance Company; Josue Adiel Cardona Couvertier en su carácter oficial como miembro de la Policía de Puerto Rico y en su carácter personal, individual y*

1

*como miembro de la Sociedad Legal de Gananciales que compone con su esposa Jane Doe, et. al.* (Civil No. KDP2016-0913) before the First Instance Court in San Juan.

2. The above-mentioned pending state court case was filed under local Puerto Rico Civil Code Law, specifically Article 1802 of the Puerto Rico Civil Code, for damages stemming from the wrongful death of plaintiff's son caused by the negligence of the hospital defendant Metrohealth, Inc., the Commonwealth of Puerto Rico's policeman defendant Josue Adiel Cardona Couvertier, and the Commonwealth of Puerto Rico.

3. On January 12, 2016, approximately at 2:00 p.m., Honorable Judge María de Lourdes Camareno Dávila issued an urgent Order for the temporary detention of the plaintiffs' son, Ismael Rivera Morales, so that he could be evaluated by a psychiatrist ("Orden de Detención Temporera para que el (la) Paciente sea Evaluado(a) por un Psiquiatra") by virtue of Puerto Rico's Mental Health Law ("Ley de Salud Mental de Puerto Rico"): Law No. 408 of October 2, 2000.

4. The Order was issued after plaintiff Ismael Rivera Morales filed a sworn Petition stating that his son was making loud noises and was threatening to take his own life by jumping from the fifteenth floor of the condominium in which he resided (Condominio Alameda Towers).

5. As stated by the Judge in the issued Order, there was a reasonable base to believe that the patient Ismael Rivera Morales should be subjected to an involuntary admission for evaluation, treatment and hospitalization as prescribed by the afore-mentioned Puerto Rico's Mental Health Law ("Ley de Salud Mental de Puerto Rico"): Law No. 408 of October 2, 2000.

6. The Judge stated in the issued Order that such Order in itself was sufficient for any Agent of Public Order or Security to have the legal authority to detain and lead the patient to the Hospital so that the rest of the Order could be carried-out ("Esta ORDEN será suficiente para que cualquier Agente del Orden Público o Agente de Seguridad, detenga y conduzca al paciente hasta el Hospital designado para que se le dé cumplimiento a lo aquí ordenado").

7. The patient Ismael Rivera Morales was taken to the Hospital Metropolitano de Rio Piedras. Approximately at 2:30 p.m., the Order was handed to the personnel of the emergency room of said Hospital.

8. More or less from 7:00 p.m. onward, patient Ismael Rivera Morales started to

2

come in and out of the emergency room area, and he even went to his apartment which was located in front of the Hospital to look for his computer.

9. The parents (herein plaintiffs) of patient Ismael Rivera Morales notified the personnel of the emergency room about their son's exits from said emergency room area and requested the personnel to impede such exits but the personnel failed to act at this time.

10. Approximately at 1:00 a.m. of the 13th of January, a nurse of the Hospital Metropolitano de Rio Piedras stated to plaintiff Ismael Rivera Grau that his son had recently been administered a sedative.

11. Then, after having been administered the sedative, patient Ismael Rivera Morales went back to his hospital bed but said bed was already occupied by another patient. Under this situation, patient Rivera Morales continued to enter and exit the emergency room area, until approximately 2:00 a.m., when he remarked that he was going to escape the Hospital and commit suicide, all the while talking incoherently and utter meaningless phrases.

12. Immediately, plaintiff Ismael Rivera Grau notified the personnel of the emergency room what had just happened and at this moment said personnel decided to establish the escape protocol and proceeded to call the Puerto Rico Police requesting their intervention to apprehend the patient.

13. In response to the call from the personnel of the emergency room, Agent Josue Adiel Cardona Couvertier (badge #34977) from the police station in Puerto Nuevo went to the Hospital Metropolitano and entered the emergency room area meanwhile his partner policeman stayed in the car waiting.

14. The situation was explained to Agent Cardona and he was informed that patient Rivera Morales was in his apartment which was in front of the Hospital. The parents of the patient and the personnel of the Hospital requested Agent Cardona that he intervene and act as they handed him a copy of the Order issued by the Judge.

15. However, Agent Cardona verified the Order and remarked that its validity was until 2:00 p.m. of that day and that another Order had to be requested from the Court if patient Rivera Morales did not return to the Hospital.

16. Right after, patient Rivera Morales's parents rebuked Agent Cardona and asked him what he was going to do regarding the situation, to which Agent Cardona

3

answered that he refused to search for the patient because, according to his own interpretation, patient Rivera Morales had not committed any crime.

17. In a state of incredulity and desperation due to Agent Cardona's refusal, patient Rivera Morales's parents implored said Agent for him to carry out his duty and they questioned his refusal reiterating that there was an Order issued by the Court under Puerto Rico's Mental Health Law ("Ley de Salud Mental de Puerto Rico") Law No. 408 of October 2, 2000 and that by refusing he was in non-compliance with the Order and the afore-mentioned Law.

18. Patient Rivera Morales's parents reiterated to Agent Cardona that their son had escaped from the Hospital as he was threatening to commit suicide, but Agent Cardona repeated that he refused to search for the patient or carry out any other action regarding the matter, and remarked that such was the nature of the governmental bureaucracy in Puerto Rico.

19. These facts regarding Agent Cardona occurred at approximately between 2:30 a.m. and 2:40 a.m. Approximately at 5:54 a.m., patient Rivera Morales jumped from his apartment in the fifteenth floor of Condominio Alameda Towers (which is located in front of Hospital Metropolitano de Rio Piedras), dying instantaneously.

20. This tragic death could have also been averted if defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Río Piedras would have managed the case as a high-risk situation, with due attention to the patient. This tragic death could have been averted if defendant Agent Cardona had exercised his duty as a member of the Puerto Rico Police, acting in compliance with the afore-mentioned Puerto Rico's Mental Health Law and the Order issued by the Court. Defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Río Piedras, the Puerto Rico Police, defendant Agent Cardona were negligent in their actions, failing in their responsibilities to intervene with patient Rivera Morales, not complying with the protocol and procedure established in the afore-mentioned Puerto Rico Health Law and the Order issued by the Court. The number of the complaint is the following: 2016-01-17-0049.

21. The breach and neglect of duties by defendants has caused damages, moral damages, anguish, and mental suffering to the plaintiffs.

22. After an advanced state of litigation in the state court case, on April 2, 2018, the State Court issued and entered an Order to stay the proceedings due to the filing by

4

the Commonwealth of Puerto Rico of this case under PROMESA.

## II.     RELIEF REQUESTED

23. Appearing movants Ismael Rivera, Lourdes Morales and SLG request a modification to the stay imposed by Section 362 of the Bankruptcy Code in order to continue the state court litigation in the afore-mentioned damages case governed by Puerto Rico Law, establishing however that movants will not execute against any of the assets of the state, without further order of this Court.

24. This Court has subject matter jurisdiction over this matter under Section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); Sections 362(d) and 553 of Title 11 of the United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et seq.; and, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure. Venue is established under PROMESA section 307(a).

## III.    LEGAL BASIS FOR MODIFICATION OF STAY

25. The automatic stay issued under 11 U.S.C.A. sec. 362 (d) cannot be extended to non-debtor defendants, and there is no protection for those non-debtor defendants under Tittle III. The automatic stay in the case *Ismael Rivera Grau, Lourdes Morales Reyes y la Sociedad Legal de Gananciales Compuesta por Ambos v. Estado Libre Asociado de Puerto Rico; Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras; Continental Insurance Company; Josue Adiel Cardona Couvertier en su carácter oficial como miembro de la Policía de Puerto Rico y en su carácter personal, individual y como miembro de la Sociedad Legal de Gananciales que compone con su esposa Jane Doe, et. al.* (Civil No. KDP2016-0913) has no legal basis. Plaintiffs would be stripped of any forum in which to prosecute their claims, protect their interests, and exercise their rights.

26. The statute and case Law establishing the automatic stay under Section 362 provides for no extension of the automatic stay to parties that are non-bankruptcy debtors or defendants. The norm is that unless exceptional circumstances are present, the automatic stay can only be applied to the debtor, and not to third parties. "Generally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties,

5

such as non-debtor entities, even when wholly owned by the debtor, or the debtor's insurers, guarantors, and sureties". In re Kevin v. White, 415 B.R. 696, 698 (N.D. IL 2009). *See*, also In re Whitman-Nieves, 519 B.R. 1, (8 DPR 2014).

27. Under 11 U.S.C.A. sec. 362 (d), a bankruptcy court may modify the automatic stay "for cause" to allow a pending action in a different court to continue its proceedings. In re Murray Industries, Inc., 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). After a prima facie case for relief from the stay is made by creditor, Debtor has the ultimate burden of persuasion to establish that cause for relief does not exist under section 362 (d). In re Anton, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

28. Regarding cause for relief from stay, Peerles Insurance Company v. Peerless Insurance Company, 208 B.R. 313, 315 (D.R.I. 1997) provided that: "Section 362 (d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause." 11 U.S.C. sec. 362(d)(1). The statute does not define "cause"; but generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted. Determining whether "cause" exists requires a fact intensive inquiry that must be made on a case by case basis."

29. Section 362 (d) (1) of Title 11 of the United States Code, applicable in the present proceedings by Section 301 of PROMESA, 48 U.S.C. sec. 2161, establishes that this Honorable Court may grant relief from the automatic stay "for cause". Courts in this district examine the factors provided by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F. 2d 1280, 1286 (2d Cir. 1990), to determine if cause exists to lift the bankruptcy stay. *See*, e.g., Brigade Leveraged Capital Structures Fund Ltd. V. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). The following criteria identified in Sonnax are applicable to the case before us: "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F. 2d at 1286.

30. The following criteria has also been considered and is applicable to the case of appearing movants Ismael Rivera, Lourdes Morales, and SLG: a. whether relief would

result in a partial or complete resolution of the issue; b. the lack of any connection with or interference with the bankruptcy case; c. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; d. whether litigation in another forum would prejudice the interests of other creditors; e. whether the judgment claim arising from the other litigation is subject to equitable subordination; f. the interests of judicial economy and the expeditious and economic resolution of litigation. See e.g., In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) and In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984).

31. Furthermore, In re Unanue-Casal, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd, 23 F.3d 395 (1st Cir. 1994) lists twelve factors to consider as cause for relief from stay. Among them, a. the harm to the party seeking relief from the stay if said stay is not lifted, b. the harm to the debtor if the stay is lifted; c. the interests of the creditors; d. and the effect on the fair and efficient administration of justice.

32. Bankruptcy courts may consider many factors to allow existing litigation to continue in other courts besides the bankruptcy court. Bankruptcy Courts consistently modify the stay to allow pending litigation to continue when the requested relief from the stay will promote judicial economy and the expeditious and economic resolution of litigation without undue prejudice to the estate. See, e.g. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569 (Bankr. N.D. Ala. 1994); In re Robbins, 964 F. 2d 342 (4th Cir. 1992).

33. Congress stated as part of the legislative history to section 362 (d)(1), that: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 341 (1977); S.Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

34. Based on the above, modification of the stay must be granted among other reasons, whereas movants Ismael Rivera, Lourdes Morales, and SLG's state court case does not present prejudice to bankruptcy estate and does not interfere with the bankruptcy proceeding, just as established in In re Annie's, Inc., 201 B.R. 29, 30 (Bankr. R.I. 1996): "where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another

7

forum is sufficient cause to warrant lifting the automatic stay." *See* also, <u>In re A.S.E. v. Puerto Rico Solid Waste Management Authority</u>, 360 B.R. 12 (Bankr. P.R. 2006).

35. This Honorable Court should modify the automatic stay and allow the continuation of movants' pending litigation in state court, whereas there is ample "cause" pursuant to Section 362 (d)(1) of the Bankruptcy Code, the pending litigation is strictly a matter of state law due to the fact that it is a damages case completely under the Puerto Rico Civil Code's statutes and the Puerto Rico state court jurisprudence that have interpreted those statutes.

36. There is ample cause as well due to the fact that the litigation in the state court case was well under way in an advanced stage at the moment that the proceedings were halted due to the Stay of Title III (April 2, 2018). The case had advanced in the discovery process. The respective parties had sent interrogatories and they had been answered. The plaintiffs' expert witness had already rendered his expert report.

37. Another reason ample cause exists to lift the stay regarding movants' damages case, is that once the stay is lifted, the damages case can be timely adjudicated. The parties left, -excepting the Commonwaelth of Puerto Rico- could readily reach a settlement agreement once the stay is lifted.

38. Among other reasons, modification of the stay must be granted whereas movants Ismael Rivera, Lourdes Morales, and SLG's state court case does not present prejudice to the bankruptcy estate and does not interfere with the bankruptcy proceeding, just as established in <u>In re Annie's, Inc.,</u> 201 B.R. 29, 30 (Bankr. R.I. 1996): "where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." *See* also, <u>In re A.S.E. v. Puerto Rico Solid Waste Management Authority</u>, 360 B.R. 12 (Bankr. P.R. 2006).

39. The automatic stay should be modified to allow the continuation of movants' pending litigation in state court, whereas there is ample "cause" pursuant to Section 362 (d)(1) of the Bankruptcy Code, the pending litigation is strictly a matter of state law, the litigation in the state court case was well under way in an advance stage and once the stay is lifted it can be timely adjudicated.

40. The factors of upholding judicial economy, the nature of the state court's litigation, the lack of any interference or connection with the bankruptcy proceeding all

8

point to the fact that the automatic stay must be modified. The State Court has knowledge of the facts and allowing said Court to adjudicate the pending matters in the case will lead to the most expeditious resolution of Movants' claim. The principle of judicial economy operates in favor of the non-bankruptcy forum. See, In re Aquarious Disk Services, Inc. 254 B.R. 253, 260 (Bankr. N.D. Cal. 2000).

41. Litigation in State Court does not involve bankruptcy law, does not require the expertise of a bankruptcy judge, and lifting or modifying the stay will not prejudice the debtor. Bankruptcy Court is not the proper venue for movants' state court local civil law damages lawsuit. Movants' state court local civil law damages lawsuit will not compromise estate assets used to satisfy creditors' claims, nor will it interfere with the distribution of those assets. Moreover, the Commonwealth of Puerto Rico is not the only Defendant in the lawsuit and Plaintiff may recover damages from other Defendants, including Defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras and Defendant Continental Insurance Company.

42. Actually, a review of the facts alleged in the lawsuit demonstrates that there is a separate nucleus of facts alleging the hospital's negligence (Defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras) than those alleging negligence from the Commonwealth of Puerto Rico. Generally, the lawsuit alleges that the negligence of the hospital is due to the fact that said entity did not properly activate the protocol or diligently treat a patient according to Puerto Rico's mental health law, nor according to the Order issued by the Court, nor exercising the diligence due to a mental patient at risk of suicide. On the other hand, the allegations regarding the Commonwealth of Puerto Rico are separate because they attribute responsibility at a separate time -that is- after the hospital's actions, whereby the police refused to seek the patient once he had escaped the hospital. Therefore, a finding that the Defendant hospital was negligent does not prejudge the negligence or lack-thereof of the Commonwealth of Puerto Rico. Even more, this Honorable Court may determine after lifting or modifying the stay that the stay shall continue regarding the effects of the execution of judgement in relation to the Commonwealth.

43. Modifying or lifting the stay on Movants' lawsuit will result in a complete resolution of the issues for the reason that it will allow the State Court to hear the parties on their positions regarding the matter, promote judicial interpretation of the facts and

9

case law to arrive at a final conclusion. The relief requested will result in a complete resolution of the issues. Moreover, movants' have a really high probability of prevailing on the merits in the state court case, thus, "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." In re Tribune Co., 418 B.R. 116, 129 (Bankr. D. Del. 2009). See, also In re Antonio L. Giordano, 1:11-bk-13943.

44. Regarding the impact of the stay on the parties and the balance of harms, we must assert that the longer the stay is in place, the less probability there will be of preserving the evidence, documentation, and witness recollection needed to come to a resolution of the matter and obtain justice for the Plaintiffs.

45. Also, the stay has the effect of stripping the plaintiffs of adequate protection of an interest in property. The paralyzation of plaintiffs' claims renders them without a proper remedy in Law.

46. The automatic stay should be lifted in the case *Ismael Rivera Grau, et. al. v. Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras, et. al.* (Civil No. KDP2016-0913), whereas it is a state court case, exclusively involving state law and jurisprudence, and concerning third parties to these bankruptcy proceedings. The afore-mentioned case has no interference whatsoever with the Title III process. The third parties involved in the afore-mentioned case represent no prejudice for creditors or interested parties in these bankruptcy proceedings. The automatic stay imposed on *Ismael Rivera Grau, et. al. v. Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras, et. al.* (Civil No. KDP2016-0913) has no legal basis, and strips Plaintiffs of any forum in which to prosecute their claims, protect their interests, and exercise their rights. The automatic stay imposed cannot be extended to the third-party defendants on *Ismael Rivera Grau, et. al. v. Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras, et. al.* (Civil No. KDP2016-0913), whom have no connection whatsoever with these bankruptcy proceedings. The stay has a magnanimous impact on the plaintiffs and deprives them of their property without due process. On the other hand, lifting the stay will result in no harm to the Commonwealth or these bankruptcy proceedings. Therefore, there is unequivocal and abundant cause for the stay to be lifted.

47. For the reasons above-stated, Movants' state court civil law damages lawsuit meets the legislative and jurisprudential criteria to warrant lifting or modifying the stay to allow this matter to go forward.

48. Movants Ismael Rivera, Lourdes Morales, and SLG file this motion requesting the modification of the automatic stay pursuant to Paragraph III.Q of the operative Case Management Order. Movants certify that pursuant to afore-mentioned Paragraph III.Q, we communicated, conferred, and met with debtor via telephone during the required Lift Stay Notice period prior to filing this motion but could not reach any agreements.

WHEREFORE, movants Ismael Rivera, Lourdes Morales, and SLG respectfully request this Honorable Court that it issue a modification of the automatic stay imposed under Section 362 of the Bankruptcy Code in order to continue the pending state court litigation of their case which has all its issues governed by local state Puerto Rico Law, provided movants will not execute against any assets of the estate, without further order from this Court.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that a true and exact copy of the foregoing was filed electronically with the clerk of the Court using the CM/ECF system which in turn will send notification of such filing to all parties of record in the captioned case.

In San Juan, Puerto Rico, May 12, 2022.

/S/ Osvaldo Toledo Martínez
OSVALDO TOLEDO MARTÍNEZ, ESQ.
USDC No. 127905
PO Box 190938
San Juan PR 00919-0938
Tel: (787) 756-6395
Fax: (787) 767-7965
E-Mail: toledo.bankruptcy@gmail.com
Counsel for movants Ismael Rivera Grau,

Lourdes Morales Reyes y la Sociedad Legal
de Gananciales Compuesta por Ambos

**CERTIFICATION OF COMPLIANCE WITH CASE MANAGEMENT PROCEDURES**

**I HEREBY CERTIFY** that this Motion is in full compliance with the lift stay requirements in Paragraph III(R) of the Case Management Procedures entered in these Title III Cases.

Specifically, on March 30, 2021, movants Ismael Rivera Grau, Lourdes Morales Reyes y la Sociedad Legal de Gananciales Compuesta por Ambos provided notice to counsel for the Oversight Board and the AAFAF of their intention to seek relief from the automatic stay to continue the pending state court litigation of their case which has all its issues governed by local state Puerto Rico Law.

Thereafter, the parties conferred to attempt to resolve movants' request for relief from the automatic stay. The parties were unable to reach a consensual agreement. Respectfully Submitted.

In San Juan, Puerto Rico, May 12, 2022.

/S/ Osvaldo Toledo Martínez
OSVALDO TOLEDO MARTÍNEZ, ESQ.
USDC No. 127905
PO Box 190938
San Juan PR 00919-0938
Tel: (787) 756-6395
Fax: (787) 767-7965
E-Mail: toledo.bankruptcy@gmail.com
Counsel for movants Ismael Rivera Grau,
Lourdes Morales Reyes y la Sociedad Legal
de Gananciales Compuesta por Ambos