**Toledo.ToledoLawOffice@gmail.com**

| | |
|---|---|
| **From:** | Wandymar Burgos Vargas <wburgos@justicia.pr.gov> |
| **Sent:** | Wednesday, April 14, 2021 3:56 PM |
| **To:** | toledo.toledolawoffice@gmail.com |
| **Cc:** | Susana I. Peñagaricano Brown; Juan C. Ramirez Ortiz; Idza Diaz Rivera; Wandymar Burgos Vargas |
| **Subject:** | OToledo: Course of Action FW: Lift of Stay Notice in relation to Ismael Rivera Grau; Lourdes Morales Reyes; y la Sociedad Legal de Gananciales Compuesta |

Dear counsel:

As per the protocol set by the court's order, after having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF legal representatives, that the best course of action in this case is **to decline the request to modify stay due to procedural stage of action, which is still in the discovery and dispositive motion phase.**

Respectfully,

f/WBV

*Lcda. Wandymar Burgos Vargas*

*Abogada*
*Secretaría Auxiliar de lo Civil*
*Departamento de Justicia*
*wburgos@justicia.pr.gov*

Calle Teniente César González #677
Esq. Ave. Jesús T. Piñero
San Juan, PR 00919
P.O. Box 9020192
San Juan, PR 00902-0192



## GOBIERNO DE PUERTO RICO

Departamento de Justicia
**SECRETARIA AUXILIAR DE LO CIVIL**

🌲 **BEFORE YOU PRINT** this e-mail, **THINK** about your responsibility and commitment with the **ENVIRONMENT.**

> **AVISO DE CONFIDENCIALIDAD:** Esta difusión de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada. Esta información está dirigida al

## *TOLEDO & TOLEDO*
## *LAW OFFICE*

*Lcdo. Osvaldo Toledo Martinez*
*Lcdo. Osvaldo Toledo Garcia*
*Lcdo. José M. González Navas*
Telephones: (787) 756-6395
           (787) 281-8022
Fax: (787) 767-7965
E-mail:toledo.toledolawoffice@gmail.com

Suite 812-Midtown Building
Muñoz Rivera Ave. No. 421
Hato Rey  PR  00918

--------------------

P.O. Box 190938
San Juan, PR, 00919-0938

*Vía e-mail: (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com), Luis C. Marini-Biaggi (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero (cvelaz@mpmlawpr.com))*

March 30, 2021

Hermann Bauer, Esq.
Ubaldo M. Fernández Barrera, Esq.
Diana M. Pérez, Esq.
Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.

**Re.: Lift of Stay Notice regarding In re The Financial Oversight and Management Board for Puerto Rico as a representative of The Commonwealth of Puerto Rico, et. al. (17-03283 LTS) and in relation to Ismael Rivera Grau; Lourdes Morales Reyes; y la Sociedad Legal de Gananciales Compuesta por Ambos v. Estado Libre Asociado de Puerto Rico; Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras; Josué Adiel Cardona Couvertier, et. al. (KDP2016-0913)**

Dear Counsels:

The present letter is sent in representation of the plaintiffs in the state court civil case: Ismael Rivera Grau; Lourdes Morales Reyes; y la Sociedad Legal de Gananciales Compuesta por Ambos v. Estado Libre Asociado de Puerto Rico; Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras; Josue Adiel Cardona Couvertier, et. al. (KDP2016-0913), assigned to courtroom 802, First Instance Court of San Juan. Furthermore, this letter is sent as a notice to counsels of the Oversight Board and AAFAF to inform and advise of the aforementioned plaintiffs and herein movants' intention to seek relief from the Title III Stay implemented in the referenced state court civil case. This is done in

compliance with Paragraph III Q. of the Court's Order Amending Case Management Procedures by way of which a Lift of Stay Protocol was implemented for the filing of motions requesting relief from the Title III Stay (ECF No. 1065). The Lift of Stay Protocol requires movants to send notice of movants' intention to seek relief from the Title III Stay at least fifteen (15) business days prior to the filing of a motion seeking such relief and meet and confer with Debtor's attorneys during the Lift of Stay Notice Period. Hereafter, we proceed to provide the information required of a Lift of Stay Notice in accordance with the Court's Order Amending Case Management Procedures.

I.      Identity of Movants and Contact Information

The movants whom seek relief from the Title III Stay are the plaintiffs in the afore-mentioned state court civil case, namely: Ismael Rivera Grau, Lourdes Morales Reyes y la Sociedad Legal de Gananciales Compuesta por Ambos ("legal community of acquisitions composed by them"). Their physical address is: Urb. La Monserrate, Calle Juan de Jesus F-21, Jayuya, P.R. 00664. Their postal address is: P.O. Box 918 Jayuya, P.R. 00664. Their telephone number is: (787) 214-8271. Their legal representation in the referenced state court civil case is comprised of both undersigned attorneys: Osvaldo Toledo Martinez, Esq., and Jose M. Gonzalez Navas, Esq. Our contact information appears in the letterhead.

II.     Lawsuit for which Movants Seek Relief from the Automatic Stay

As afore-mentioned, movants seek relief from the Title III Stay implemented in state court civil case: Ismael Rivera Grau; Lourdes Morales Reyes; y la Sociedad Legal de Gananciales Compuesta por Ambos v. Estado Libre Asociado de Puerto Rico; Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras; Josué Adiel Cardona Couvertier, et. al. (KDP2016-0913), assigned to courtroom 802, First Instance Court of San Juan.

In relation to this state court civil case, claim (#33011) was filed in In re The Financial Oversight and Management Board for Puerto Rico as a representative of The Commonwealth of Puerto Rico, et. al. (17-03283 LTS) on behalf of plaintiff Ismael Rivera Grau por sí y como miembro de la Sociedad Legal de Gananciales.

Also, in relation to this state court civil case, claim (#34516) was filed in In re The Financial Oversight and Management Board for Puerto Rico as a representative of The Commonwealth of Puerto Rico, et. al. (17-03283 LTS) on behalf of plaintiff Lourdes Morales Reyes por sí y como miembro de la Sociedad Legal de Gananciales.

III.    Amount of Claim and Asserted Causes of Action

The total sum requested in the lawsuit is two million dollars ($2,000,000.00) which was subdivided in the following manner.

Plaintiff Ismael Rivera Grau por sí y como miembro de la Sociedad Legal de Gananciales requests in the lawsuit damages for one million dollars ($1,000,000.00) which are comprised of a sum of seven hundred thousand dollars ($700,000.00) for mental sufferings, anguish and emotional damages, and a sum of three hundred thousand dollars ($300,000.00) for the loss of the enjoyment of family relations with his deceased son. In relation to this state court civil case, claim (#33011) was filed in In re The Financial Oversight and Management Board for Puerto Rico as a representative of The Commonwealth of Puerto Rico, et. al. (17-03283 LTS) on behalf of plaintiff Ismael Rivera Grau por sí y como miembro de la Sociedad Legal de Gananciales for the sum of one million dollars ($1,000,000.00).

Plaintiff Lourdes Morales Reyes por sí y como miembro de la Sociedad Legal de Gananciales requests in the lawsuit damages for one million dollars ($1,000,000.00) which are comprised of a sum of seven hundred thousand dollars ($700,000.00) for mental sufferings, anguish and emotional damages, and a sum of three hundred thousand dollars ($300,000.00) for the loss of the enjoyment of family relations with his deceased son. In relation to this state court civil case, claim (#34516) was filed in In re

The Financial Oversight and Management Board for Puerto Rico as a representative of The Commonwealth of Puerto Rico, et. al. (17-03283 LTS) on behalf of plaintiff Lourdes Morales Reyes por sí y como miembro de la Sociedad Legal de Gananciales for the sum of one million dollars ($1,000,000.00).

The asserted causes of action in the referenced state court civil case consist of damages for negligence essentially under articles 1802 and 1803 sof the Civil Code of Puerto Rico against all defendants, namely: Estado Libre Asociado de Puerto Rico; Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras; Compania de Seguros "A" del Estado Libre Asociado de Puerto Rico; Continental Insurance Company; Josue Adiel Cardona Couvertier en su character oficial como miembro de la Policia de Puerto Rico y en su carácter personal, individual y como miembro de la Sociedad Legal de Gananciales que compone con su esposa Jane Doe; Jane Doe en su carácter personal y como miembro de la Sociedad Legal de Gananciales que compone con su esposo Josue Adiel Cardona Couvertier; Aseguradoras Desconocidas; Personas Desconocidas.

Plaintiffs filed the referenced lawsuit to claim damages for the death of their son caused by the negligence of defendants. On January 12, 2016, Honorable Judge Maria de Lourdes Camareno Davila dictated an Order under Law No. 408 of October 2, 2000 ("Ley de Salud Mental de Puerto Rico") to temporarily detain mental patient Ismael Rivera Morales (son of plaintiffs) for him to be evaluated by a psychiatrist due to the fact that he was threatening to kill myself. The Order stated that upon the presentation of said Order, any police officer had the responsibility or mandate to detain and take patient Ismael Rivera Morales to the hospital to carry out the afore-mentioned evaluation.

Patient Ismael Rivera Morales was taken later that day of January 12, 2016 (in the afternoon) by his parents to Defendant Hospital Metropolitano de Rio Piedras and handed over the Order to the personnel in the Emergency section of said hospital. Notwithstanding this fact, personnel of Defendant Hospital Metropolitano de Rio Piedras negligently allowed patient Ismael Rivera Morales to come in and out of the hospital as he grew impatient waiting many hours to be attended. Patient's parents (plaintiffs) complained about this fact to personnel of Defendant Hospital Metropolitano de Rio

4

Piedras. Hours passed and by around 1:00 a.m. of the next day, January 13, 2016, a nurse of Defendant Hospital Metropolitano de Rio Piedras told patient's parents (plaintiffs) that personnel of said Defendant Hospital had given a painkiller to the patient. At around 2:00 a.m. of January 13, 2016, patient said he was going to escape from Defendant Hospital Metropolitano de Rio Piedras's facilities and commit suicide, all the while he was talking incoherently and uttering phrases that made no sense. Patient's parents (plaintiffs) immediately notified what had just happened to Defendant Hospital Metropolitano de Rio Piedras's personnel and at this moment said personnel decided to initiate the runaway protocol and called the police (Policia de Puerto Rico) to find and bring back the escaped patient. In response to the call, Defendant Agent Josue Adiel Cardona Couvertier (Policia de Puerto Rico) arrived at Defendant Hospital Metropolitano de Rio Piedras's premises and after having been handed the Order under Law No. 408 and having been explained the situation, said Defendant policeman refused obey the Order and seek for the escaped patient. These events occurred approximately between 2:30 a.m. and 2:40 a.m. Approximately at about 5:54 a.m., patient Ismael Rivera Morales killed himself by jumping off the fifteenth floor of a nearby building.

This tragic event would have been avoided if Defendant Agent Cardona would have carried out diligently his duties as policeman for the Policia de Puerto Rico, in accordance with Articles 4.13 and 4.23 of Law No. 408, and the Order dictated by the Court. Defendant Agent Cardona acted negligently and is responsible to plaintiffs. This tragic event would have also been avoided if Defendant Hospital Metropolitano de Rio Piedras would not have acted negligently, failing to manage the case as one of high risk, not paying proper attention to the patient, not treating him properly, and not complying with the protocol and procedure under Law No. 408 and the Court's Order.

The negligence incurred by Defendants caused damages, moral damages, anguish and mental suffering to Plaintiffs. Plaintiffs have lost the joy of having a relationship with their son and spending time with him. As a consequence of Defendants' negligence, Plaintiffs suffer depression, insomnia, they have had to receive psychological treatment and take psychiatric medication.

Defendant Metrohealth, Inc. manages, administers, is the owner of Hospital Metropolitano de Rio Piedras and responds legally for damages (Articles 1802, 1803 of the Civil Code of Puerto Rico) to the Plaintiffs because it has the obligation through its employees, and every person that provides a service in its facilities, to protect the lives of the people that request medical attention in its facilities. Defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras is legally responsible to Plaintiffs for the negligent, careless, culpable actions of its employees and other persons that provide services in its facilities, whereas by not complying with Law No. 408 of October 2, 2000 ("Ley de Salud Mental de Puerto Rico") and the Order in accordance with that Law issued by the Court, they caused Plaintiffs son's death.

Defendant Continental Insurance Company is the insurance company of Defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras and as such is legally responsible to Plaintiffs for the negligent, careless, culpable actions of Defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras, its employees, and other people that provide a services in its facilities, which caused Plaintiffs son's death.

Defendant Estado Libre Asociado de Puerto Rico ("Commonwealth of Puerto Rico") responds legally for damages (Articles 1802, 1803 of the Civil Code of Puerto Rico) to the Plaintiffs because it has the obligation through its employees, every person that provides a service on its behalf, and policemen to protect the lives of the people that come across the territory of Puerto Rico. Defendant Estado Libre Asociado de Puerto Rico ("Commonwealth of Puerto Rico") is legally responsable to Plaintiffs for the negligent, careless, culpable actions of its employees, policemen of the 'Policia de Puerto Rico', whereas by not complying with Law No. 408 of October 2, 2000 ("Ley de Salud Mental de Puerto Rico") and the Order in accordance with that Law issued by the Court, they caused Plaintiffs son's death.

Defendant Josue Adiel Cardona Couvertier, member (#34977) of the Police of Puerto Rico, whom is sued in his official character as policeman and in his individual and

personal character and as member of the Sociedad Legal de Gananciales que compone con su esposa Jane Doe ("legal community of acquisitions that he constitutes with his wife Jane Doe"). Defendant Josue Adiel Cardona Couvertier, as an agent of the Police of Puerto Rico, has the duty and obligation to protect the lives of the people in Puerto Rico and responds legally for damages (Articles 1802, 1803 of the Civil Code of Puerto Rico) to the Plaintiffs because with his negligent, careless, culpable actions and by not complying with Law No. 408 of October 2, 2000 ("Ley de Salud Mental de Puerto Rico") and the Order in accordance with that Law issued by the Court, he caused Plaintiffs son's death.

Defendant Jane Doe is the wife of Defendant Josue Adiel Cardona Couvertier and responds legally for damages (Articles 1802, 1803 of the Civil Code of Puerto Rico) to the Plaintiffs because she is a member of the Sociedad Legal de Gananciales que compone con su esposo ("legal community of acquisitions that she constitutes with her husband").

IV.     Brief Description of the Status of the Underlying Lawsuit Case

At the moment that the proceedings were halted due to the Stay of Title III (April 2, 2018), the case had advanced in the discovery process. The respective parties had sent interrogatories and they had been answered. The plaintiffs' expert witness had already rendered his expert report.

V.     Cause as to Why the Stay Should be Lifted

Under 11 U.S.C.A. sec. 362 (d), a bankruptcy court may modify the automatic stay "for cause" to allow a pending action in a different court to continue its proceedings. In re Murray Industries, Inc., 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). After a prima facie case for relief from the stay is made by creditor, Debtor has the ultimate burden of persuasion to establish that cause for relief does not exist under section 362 (d). In re Anton, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

Regarding cause for relief from stay, Peerles Insurance Company v. Peerless Insurance Company, 208 B.R. 313, 315 (D.R.I. 1997) provided that: "Section 362 (d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause." 11 U.S.C. sec. 362(d)(1). The statute does not define "cause"; but generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted. Determining whether "cause" exists requires a fact intensive inquiry that must be made on a case by case basis."

Section 362 (d) (1) of Title 11 of the United States Code, applicable in the present proceedings by Section 301 of PROMESA, 48 U.S.C. sec. 2161, establishes that this Honorable Court may grant relief from the automatic stay "for cause". Courts in this district examine the factors provided by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F. 2d 1280, 1286 (2d Cir. 1990), to determine if cause exists to lift the bankruptcy stay. See, e.g., Brigade Leveraged Capital Structures Fund Ltd. V. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). The following criteria identified in Sonnax are applicable to the case before us: "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F. 2d at 1286.

The following criteria has also been considered and is applicable to the case of appearing movants Ismael Rivera, Lourdes Morales, and SLG: a. whether relief would result in a partial or complete resolution of the issue; b. the lack of any connection with or interference with the bankruptcy case; c. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; d. whether litigation in another forum would prejudice the interests of other creditors; e. whether the judgment claim arising from the other litigation is subject to equitable subordination; f. the interests

of judicial economy and the expeditious and economic resolution of litigation. See e.g., In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) and In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984).

Furthermore, In re Unanue-Casal, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd, 23 F.3d 395 (1st Cir. 1994) lists twelve factors to consider as cause for relief from stay. Among them, a. the harm to the party seeking relief from the stay if said stay is not lifted, b. the harm to the debtor if the stay is lifted; c. the interests of the creditors; d. and the effect on the fair and efficient administration of justice.

Bankruptcy courts may consider many factors to allow existing litigation to continue in other courts besides the bankruptcy court. Bankruptcy Courts consistently modify the stay to allow pending litigation to continue when the requested relief from the stay will promote judicial economy and the expeditious and economic resolution of litigation without undue prejudice to the estate. See, e.g. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569 (Bankr. N.D. Ala. 1994); In re Robbins, 964 F. 2d 342 (4th Cir. 1992).

Congress stated as part of the legislative history to section 362 (d)(1), that: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 341 (1977); S.Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

Among other reasons, modification of the stay must be granted whereas movants Ismael Rivera, Lourdes Morales, and SLG's state court case does not present prejudice to the bankruptcy estate and does not interfere with the bankruptcy proceeding, just as established in In re Annie's, Inc., 201 B.R. 29, 30 (Bankr. R.I. 1996): "where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause

to warrant lifting the automatic stay." *See* also, In re A.S.E. v. Puerto Rico Solid Waste Management Authority, 360 B.R. 12 (Bankr. P.R. 2006).

The automatic stay should be modified to allow the continuation of movants' pending litigation in state court, whereas there is ample "cause" pursuant to Section 362 (d)(1) of the Bankruptcy Code, the pending litigation is strictly a matter of state law, the litigation in the state court case was well under way in an advance stage and once the stay is lifted it can be timely adjudicated.

The factors of upholding judicial economy, the nature of the state court's litigation, the lack of any interference or connection with the bankruptcy proceeding all point to the fact that the automatic stay must be modified. The State Court has knowledge of the facts and allowing said Court to adjudicate the pending matters in the case will lead to the most expeditious resolution of Movants' claim. The principle of judicial economy operates in favor of the non-bankruptcy forum. See, In re Aquarious Disk Services, Inc. 254 B.R. 253, 260 (Bankr. N.D. Cal. 2000).

Litigation in State Court does not involve bankruptcy law, does not require the expertise of a bankruptcy judge, and lifting or modifying the stay will not prejudice the debtor. Bankruptcy Court is not the proper venue for movants' state court local civil law damages lawsuit. Movants' state court local civil law damages lawsuit will not compromise estate assets used to satisfy creditors' claims, nor will it interfere with the distribution of those assets. Moreover, the Commonwealth of Puerto Rico is not the only Defendant in the lawsuit and Plaintiff may recover damages from other Defendants, including Defendant Metrohealth, Inc. t/c/c Hospital Metropolitano de Rio Piedras and Defendant Continental Insurance Company.

Modifying or lifting the stay on Movants' lawsuit will result in a complete resolution of the issues for the reason that it will allow the State Court to hear the parties on their positions regarding the matter, promote judicial interpretation of the facts and case law to arrive at a final conclusion. The relief requested will result in a complete resolution of the issues.

10

Moreover, movants' have a really high probability of prevailing on the merits in the state court case, thus, "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." In re Tribune Co., 418 B.R. 116, 129 (Bankr. D. Del. 2009). See, also In re Antonio L. Giordano, 1:11-bk-13943.

Regarding the impact of the stay on the parties and the balance of harms, we must assert that the longer the stay is in place, the less probability there will be of preserving the evidence, documentation, and witness recollection needed to come to a resolution of the matter and obtain justice for the Plaintiffs.

For the reasons above-stated, Movants's state court civil law damages lawsuit meets the legislative and jurisprudential criteria to warrant lifting or modifying the stay to allow this matter to go forward.

We are readily available to answer any questions regarding this matter and to meet and confer with Debtor's attorneys during the Lift of Stay Notice Period. You may contact us via telephone, e-mail, or fax through the contact information provided in the letterhead.

Respectfully,

José M. González Navas, Esq.

Osvaldo Toledo Martínez, Esq.