# **EXHIBIT B**

**Declaration of Jay Herriman**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS and HTA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE
FOUR HUNDRED FIFTY-THIRD OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE
EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS
AND TRANSPORTATION AUTHORITY TO CLAIMS ASSERTING LIABILITIES
OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) casess filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Debtors").

3. I submit this declaration in support of the *Four Hundred Fifty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Four Hundred Fifty-Third Omnibus Objection").[3] I have personally reviewed the Four Hundred Fifty-Third Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Fifty-Third Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Fifty-Third

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Fifty-Third Omnibus Objection.

Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be disallowed, as identified in **Exhibit A** to the Four Hundred Fifty-Third Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims identified in **Exhibit A** to the Four Hundred Fifty-Third Omnibus Objection (collectively, the "Claims to Be Disallowed") each failed to provide a basis for asserting a claim against the Commonwealth. The Claims to Be Disallowed assert liabilities against entities such as the University of Puerto Rico; the Puerto Rico Telephone Company; certain municipalities, such as the Municipality of Vega Baja; several regional hospitals; and other private entities, such as the Kenonite Betani Academy. None of those entities, however, is a Title III Debtor; in fact, each entity is separate and legally distinct from any Title III Debtor. Further, none of the Claims to Be Disallowed provide a basis for asserting a claim against either the Commonwealth, HTA, or any of the other Title III Debtors in respect of amounts owed by any of the entities asserted. Accordingly, each of the Claims to Be Disallowed fail to comply with the applicable rules because they do not provide a basis for asserting a claim against either the Commonwealth or any other Title III Debtor for amounts owed by separate, legally distinct entities. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed, and the Debtors respectfully request that the Court disallow the Claims to Be Disallowed in their entirety.

6. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Four Hundred Fifty-Third Omnibus Objection and exhibits thereto

is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 13, 2022

By: /s/ Jay Herriman
Jay Herriman

# ANEXO B

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE y la ACT.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA QUINCUAGÉSIMA TERCERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA y el SRE, los "Deudores").

3. Realizo esta declaración en apoyo de la *Cuadringentésima quincuagésima tercera objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de*

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

*Carreteras y Transportación de Puerto Rico a Reclamaciones en las que se alegan responsabilidades de las entidades que no son deudores de Título III* (la "Cuadringentésima quincuagésima tercera objeción global").[3] He revisado personalmente la Cuadringentésima quincuagésima tercera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Cuadringentésima quincuagésima tercera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Cuadringentésima quincuagésima tercera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazados, según se identifica en el **Anexo A** de la Cuadringentésima quincuagésima tercera objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el **Anexo A** de la Cuadringentésima quincuagésima tercera objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") no han proporcionado ningún fundamento para alegar una reclamación contra el ELA. Las Reclamaciones que has de ser rechazadas alegan responsabilidades contra entidades como la Universidad de Puerto Rico; Puerto Rico Telephone Company; algunos municipios, como el municipio de Vega Baja; varios hospitales regionales; y otras entidades privadas, como la Academia Menonita Betania. Sin embargo, ninguna de esas entidades es Deudor de Título III; de hecho, se trata de entidades aparte y distintas de cualquiera de los Deudores de

---

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Cuadringentésima quincuagésima tercera objeción global.

3

Título III desde el punto de vista jurídico. Además, ninguna de las Reclamaciones que han de ser rechazadas proporciona fundamento alguno para alegar reclamaciones contra el ELA, la ACT o cualquier otro Deudor de Título III en relación con los montos adeudados por cualquiera de las entidades mencionadas. En consecuencia, ninguna de las Reclamaciones que han de ser rechazadas cumple con las normas aplicables, ya que no proporciona fundamento alguno para alegar reclamaciones contra el ELA o cualquier otro Deudor de Título III por montos adeudados por unas entidades aparte y jurídicamente distintas. Debido a dicho incumplimiento de las normas aplicables, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas, por lo que los Deudores solicitan respetuosamente que el Tribunal rechace en su totalidad las Reclamaciones que han de ser rechazadas.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima quincuagésima tercera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 13 de mayo de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman

4