Hearing Deadline: June 29, 2022, at 4:00 PM (Atlantic Standard Time)
Response Date: June 13, 2022, at 9:30 AM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and HTA.** |

## FOUR HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO MISCLASSIFIED CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways

and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), by

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), as sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[2] file this four hundred fifty-eighth

omnibus objection (the "Four Hundred Fifty-Eighth Omnibus Objection") to the misclassified

proofs of claim listed on **Exhibit A** hereto, and in support of the Four Hundred Fifty-Eighth

Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  Further, on May

21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections

104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section

304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the

Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the Court entered an order

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.        On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.        On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See*
Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 178,099 proofs of claim have been filed against the Debtors
and logged by Kroll Restructuring Associates, LLC ("Kroll").  Such proofs of claim total
approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated
amounts asserted.

12.     Of the proofs of claim filed, approximately 117,485 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  Additionally, approximately 2,282
proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In
accordance with the terms of the Bar Date Orders, many of these claims need not have been filed
at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a
claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide
information necessary for the Debtors to determine whether the claim is valid, or asserting an
incorrect or improper priority or classification.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as
possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order
(A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of
Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus
Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion
by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection
Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting
Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,

the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with

the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions

of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient

manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other

things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the

number of claims that may be included on an objection, to approve additional forms of notice, and

to object to claims asserting an improper or incorrect priority or classification.  *Notice of Hearing

with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving

Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D)

Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief,

by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements

of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related

Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus

Objection Procedures, to date the Court has held over 24 hearings related to over 315 omnibus

objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation

("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public

Buildings Authority ("PBA"), and/or the Employees Retirement System of the Government of the

Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date,

approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth,

COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

16.     This Four Hundred Fifty-Eighth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Four Hundred Fifty-Eighth Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the Amended Omnibus Objection Procedures, claims that assert an incorrect or improper classification.

19.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Reclassified" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are secured.  Upon a reasonable review of the Claims to Be Reclassified and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to secured status and should appropriately be classified as general unsecured claims.

20.     The Claims to Be Reclassified assert secured status, but the proof of claim and supporting documentation provide no basis for the claimant's assertion that their claim is secured. While each claim purports to be secured by a lien on property, their claims are instead based on alleged outstanding contractual obligations for services and/or goods and provide no other basis for secured status.  For example, certain of the Claims to Be Reclassified assert they are secured "under budget of federal funds", but provide no basis for why, even if the funds the Commonwealth

7

and/or HTA budgeted for payment of claimants' claims are derived from federal transfers, a security interest in favor of claimants is created.  Additionally, other Claims to Be Reclassified assert secured status purportedly arising from Article 1489 of the Civil Code of Puerto Rico of 1930.  But, Article 1489 merely provides a cause of action by a sub-contractor against the owner or principal of a project; it does not create a lien over monies or property.  As such, the Claims to Be Reclassified provide no basis for the assertion such liabilities are entitled to secured status.

21.     Accordingly, because the Claims to Be Reclassified do not provide a basis for secured status, the claims should be reclassified as general unsecured claims, each as set forth in **Exhibit A** hereto.  Reclassification of the Claims to Be Reclassified is necessary to avoid prejudicing other holders of general unsecured claims.  The holders of the Claims to Be Reclassified will retain a modified claim against the Debtors, as set forth in the column entitled "Modified Claim" on **Exhibit A** hereto.  Because this Four Hundred Fifty-Eighth Omnibus Objection to the Claims to Be Reclassified does not constitute an objection to the validity or amount of the Claims to Be Reclassified, the Debtors reserve their right to object to the Claims to Be Reclassified on any other grounds whatsoever.

22.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Fifty-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified Claims*, dated May 13, 2022, attached hereto as **Exhibit B**.

## NOTICE

23.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Fifty-Eighth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Fifty-Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case*

*Management Procedures* [ECF No. 20190-1]), which is available on the Debtor's case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Four Hundred Fifty-Eighth Omnibus Objection is attached hereto as Exhibit C.  Spanish translations of the Four Hundred Fifty-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>NO PRIOR REQUEST</u>

24.     No prior request for the relief sought in this Four Hundred Fifty-Eighth Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: May 13, 2022                                 Respectfully submitted,
San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority*

**Fecha de la vista: 29 de junio de 2022, a las 16:00(AST)**
**Fecha para responder: 13 de junio de 2022, a las 9:30 (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y la ACT.** |

**CUADRINGENTÉSIMA QUINCUAGÉSIMA OCTAVA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transporte de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor
Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Carreteras y
Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores"), a través de la Junta
de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como
el único representante de Título III conforme a la sección 315(b) de la *Ley para la Supervisión,
Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente
cuadringentésima quincuagésima octava objeción global (la "Cuadringentésima quincuagésima
octava objeción global") a las evidencias de reclamaciones erróneamente clasificadas que figuran
en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima quincuagésima octava
objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de
PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de
reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición
voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). Además, 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

**B.**     **Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y las Modificaciones Calificativas de PRIFA y CCDA.**

5.     El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "<u>AEP</u>")), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (el "<u>Octavo Plan de Enmendado</u>"), y en su versión enmendada y modificada posteriormente denominado, el "<u>Plan</u>") [ECF núm. 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.     Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19784].

7.     El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de*

4

*Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF núm. 19813].

8.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso núm. 21-01493, ECF núm. 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso núm. 21-01492, ECF núm. 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF núm. 20349].

10.    Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso núm. 21-01493, ECF núm. 74; Caso núm. 21-01492, ECF núm. 84.

**C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.    Hasta la fecha, se han radicado aproximadamente 178,099 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 117,485 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Además, aproximadamente 2,282 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y*

*en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 24 vistas relacionadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la

fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

16.    Esta Cuadringentésima quincuagésima octava objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## **OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

17.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.    La Cuadringentésima quincuagésima octava objeción global pretende que se reclasifiquen reclamaciones que afirman una clasificación incorrecta o inadecuada, de conformidad con la regla 3007(d)(8) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales.

19.    Como se indica en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser reclasificadas" (cada una denominada una "Reclamación que ha de ser reclasificada" y conjuntamente, las "Reclamaciones que han de ser reclasificadas") alegan incorrecta o indebidamente que están garantizadas. Tras una revisión razonable de las Reclamaciones que han de ser reclasificadas y los libros y registros de los Deudores, estos últimos han llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho a estatus garantizado y deben ser debidamente clasificadas como reclamaciones generales no garantizadas.

8

20.     Las Reclamaciones que han de ser reclasificadas alegan estar garantizadas, pero la evidencia de reclamación y la documentación justificativa no proporcionan fundamento alguno para la afirmación del reclamante de que su reclamación está garantizada. Aunque cada una de las reclamaciones alega estar garantizada por un gravamen sobre una propiedad, sus reclamaciones se basan en cambio en supuestas obligaciones contractuales pendientes relativas a unos servicios y/o productos, y no brindan ningún otro fundamento de su estatus garantizado. Por ejemplo, algunas de las Reclamaciones que han de ser reclasificadas alegan que están garantizadas "en virtud del presupuesto de los fondos federales", pero no proporcionan ningún fundamento sobre la razón por la que se constituye una garantía a favor de los reclamantes, incluso si los fondos que el ELA y/o la ACT han presupuestado para el pago de las reclamaciones de los reclamantes se derivan de transferencias federales. Además, otras Reclamaciones que han de ser reclasificadas alegan un estatus garantizado que surge supuestamente en virtud del artículo 1489 del Código Civil de Puerto Rico de 1930. No obstante, el artículo 1489 solo brinda una causa de acción a un subcontratista contra el propietario o administrador de un proyecto; no crea ningún gravamen sobre fondos ni propiedades. En este sentido, las Reclamaciones que han de ser reclasificadas no proporcionan ningún fundamento para alegar que dichas responsabilidades gozan de un estatus garantizado.

21.     En consecuencia, puesto que las Reclamaciones que han de ser reclasificadas no proporcionan fundamento alguno para un estatus garantizado, las reclamaciones deben ser reclasificadas como reclamaciones generales no garantizadas, cada una de ellas como se establece en el **Anexo A** del presente documento. La reclasificación de las Reclamaciones que han de ser reclasificadas es necesaria para no perjudicar a otros titulares de reclamaciones generales no garantizadas. Los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación modificada contra los Deudores, tal y como se establece en la columna titulada

9

"Reclamación Modificada" del **Anexo A** del presente documento. Puesto que esta Cuadringentésima quincuagésima octava objeción global a las Reclamaciones que han de ser reclasificadas no constituye una objeción a la validez o al monto de las Reclamaciones que han de ser reclasificadas, los Deudores se reservan el derecho a oponerse a las Reclamaciones que han de ser reclasificadas sobre la base de cualesquiera otros motivos que fueren.

22.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima quincuagésima octava objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Erróneamente Clasificadas*, de fecha 13 de mayo de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

23.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Cuadringentésima quincuagésima octava objeción global a) a los acreedores individuales objeto de esta Cuadringentésima quincuagésima octava objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos del Deudor, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Cuadringentésima quincuagésima octava objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Cuadringentésima quincuagésima octava objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## **AUSENCIA DE SOLICITUDES PREVIAS**

24.     No se ha radicado ninguna solicitud de remedio previa a la presente
Cuadringentésima quincuagésima octava objeción global ni ante este Tribunal ni ante ningún otro
órgano judicial.


[*El resto de la página se deja en blanco intencionadamente*.]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 13 de mayo de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.*