Hearing Date: June 29, 2022 at 9:30AM (Atlantic Time)
Response Deadline: June 13, 2022 at 4:00PM (Atlantic Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.,

                Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth.**

## FOUR HUNDRED SIXTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO NO LIABILITY BOND CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III

representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] files this four hundred sixty-second

omnibus objection (the "Four Hundred Sixty-Second Omnibus Objection") to the proofs of claim

listed on **Exhibit A** hereto, each of which asserts liabilities for purported investment losses but

fails to provide sufficient information to enable the Commonwealth to reconcile the proofs of

claim.  In support of the Four Hundred Sixty-Second Omnibus Objection, the Commonwealth

respectfully represents as follows:

**JURISDICTION**

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

A.      **The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof

(the "Title III Case").[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines*

*and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice*

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS unless
    otherwise noted.

*Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in

the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the

Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors,

the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and

(B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar

Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic

Time).

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment
         and the PRIFA and CCDA Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico

Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title

III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Eighth Amended

Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court

considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of

the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for

Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth

of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to

the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the

Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the

Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight

Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth

3

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.    The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.    To date, approximately 178,099 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Associates, LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 117,485 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13.     To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

15.    Pursuant to the Initial Omnibus Objection Procedures and the Amended Omnibus Objection Procedures, the Court has held 24 hearings related to over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), the Puerto Rico Public Buildings Authority ("<u>PBA</u>"), and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"). Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

16.    This Four Hundred Sixty-Second Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **<u>OBJECTIONS TO PROOFS OF CLAIM</u>**

17.    The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.    The Four Hundred Sixty-Second Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, the proofs of claim listed on

**Exhibit A** hereto (collectively, the "Claims to Be Disallowed"), each of which asserts liabilities for purported investment losses but fails to provide sufficient information to enable the Commonwealth to reconcile the proofs of claim.

19.    Each of the Claims to Be Disallowed purports to assert liabilities arising out of alleged investment losses, losses on bonds, or other similar terms.  However, none of these Claims to Be Disallowed assert any potential causes of action against the Commonwealth that might render the Commonwealth liable for alleged damages incurred as a result of the claimants' decision to sell their bonds or interests in mutual funds holding bonds at a loss.  Accordingly, the Commonwealth is not liable for the amounts asserted in the Claims to Be Disallowed.  *See English v. Energy Future Holdings (In re Energy Future Holdings)*, 2018 U.S. Dist. LEXIS 49952, at *7 (D. Del., March 27, 2018) (holding bankruptcy court's order disallowing proof of claim was proper where claimant had sold bonds issued by the debtor and, thus, neither had any right to payment with respect to the bonds, nor did claimant show it had any potential cause of action against the debtor for the alleged damages incurred by the claimant in selling the debtor's bonds at a loss); *In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992) (citing *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)) ("Initially, the claimant must allege facts sufficient to support the claim").  The Commonwealth therefore requests that the Claims to Be Disallowed be disallowed in their entirety.

20.    In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Four Hundred Sixty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to No Liability Bond Claims*, dated May 13, 2022, attached hereto as **Exhibit B**.

## NOTICE

21.      In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth has provided notice of this Four Hundred Sixty-Second Omnibus Objection to (a) the individual creditors subject to this Four Hundred Sixty-Second Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Four Hundred Sixty-Second Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Four Hundred Sixty-Second Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22.      This Four Hundred Sixty-Second Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Commonwealth to object to the Claims to Be Disallowed or any other claims on any ground whatsoever.  The Commonwealth expressly reserves all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Commonwealth; (b) a waiver of the Commonwealth's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Commonwealth's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## <u>NO PRIOR REQUEST</u>

23.     No prior request for the relief sought in this Four Hundred Sixty-Second Omnibus

Objection has been made to this or any other court.

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: May 13, 2022
      San Juan, Puerto Rico

                                                      Respectfully submitted,

                                                      /s/ *Hermann D. Bauer*
                                                      Hermann D. Bauer
                                                      USDC No. 215205
                                                      Carla García-Benítez
                                                      USDC No. 203708
                                                      Gabriel A. Miranda
                                                      USDC No. 306704
                                                      **O'NEILL & BORGES LLC**
                                                      250 Muñoz Rivera Ave., Suite 800
                                                      San Juan, PR 00918-1813
                                                      Tel:  (787) 764-8181
                                                      Fax:  (787) 753-8944

                                                      /s/ *Martin J. Bienenstock*
                                                      Martin J. Bienenstock (*pro hac vice*)
                                                      Brian S. Rosen (*pro hac vice*)
                                                      **PROSKAUER ROSE LLP**
                                                      Eleven Times Square
                                                      New York, NY 10036
                                                      Tel:  (212) 969-3000
                                                      Fax:  (212) 969-2900

                                                      *Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*

**Fecha de la vista: 29 de junio de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 13 de junio de 2022, a las 16:00 (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

### CUADRINGENTÉSIMA SEXAGÉSIMA SEGUNDA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR BONOS EN LAS QUE NO EXISTE RESPONSABILIDAD

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente cuadringentésima sexagésima segunda objeción global (la "Cuadringentésima sexagésima segunda objeción global") a evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, cada una de las cuales alega responsabilidades por supuestas pérdidas por inversiones, pero no proporciona información suficiente para que el ELA pueda reconciliar las evidencias de reclamaciones. En apoyo de la Cuadringentésima sexagésima segunda objeción global, el ELA manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A.      **Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso

conforme al Título III de dicho cuerpo legal (el "Caso de Título III").[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y*

*la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que*

*A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la*

*forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el

Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y

procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III.

Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el

Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de*

*reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo

dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme**
**al Título III y las Modificaciones Calificativas de PRIFA y CCDA.**

5.      El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los

Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad

de Edificios Públicos de Puerto Rico (la "AEP"), la Junta de Supervisión radicó el *Octavo Plan de*

*Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado*

*conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada

---

[3] Todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra
Núm. 17 BK 3283-LTS, salvo que se indique lo contrario.

posteriormente denominado, el "Plan") [ECF núm. 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF núm. 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso núm. 21-01493, ECF núm. 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso

4

núm. 21-01492, ECF núm. 82-1] (la "MC de la AFI"), que complementan las transacciones
contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del
ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)
emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del
Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III
de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF núm. 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de
marzo de 2022. *Véase* Caso núm. 21-01493, ECF núm. 74; Caso núm. 21-01492, ECF núm. 84.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y
objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 178,099 evidencias de
reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates,
LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6
billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados
reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 117,485 han sido
radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad
con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían
haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido
enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables,
estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información
necesaria para que los Deudores determinen si la reclamación es válida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

6

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado 24 vistas vinculadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

16.     Esta Cuadringentésima sexagésima segunda objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra

(*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     La Cuadringentésima sexagésima segunda objeción global busca que se rechacen, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas"), cada una de las cuales alega responsabilidades por supuestas pérdidas por inversiones, pero no proporciona suficiente información para que el ELA pueda reconciliar las evidencias de reclamaciones.

19.     Cada una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidades surgidas de supuestas pérdidas de inversiones, pérdidas por bonos o términos similares. Sin embargo, ninguna de dichas Reclamaciones que han de ser rechazadas alega posible causa de acción alguna contra el ELA que pueda generar responsabilidad del ELA por los supuestos daños y perjuicios sufridos como consecuencia de la decisión de los reclamantes de vender con pérdidas sus bonos o participaciones en fondos mutuos que poseían los bonos. En consecuencia, el ELA no es responsable por los montos alegados en las Reclamaciones que han de ser rechazadas. *Véase English c. Energy Future Holdings (In re Energy Future Holdings)*, 2018 U.S. Dist. LEXIS 49952, en *7 (D. Del., 27 de marzo de 2018) (que dispone que la orden del tribunal de quiebras por la que se rechaza la evidencia de reclamación era la adecuada, cuando el reclamante había vendido los bonos emitidos por el deudor y, por lo tanto, no tenía ningún derecho a un pago en relación con los bonos ni ha demostrado el reclamante que tuviera posible causa de acción contra el deudor por los supuestos daños y perjuicios sufridos por el reclamante al vender con pérdidas los bonos del deudor); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (que cita *In re* Holm, 931 F.2d 620, 623 (9th Cir.1991) (que cita 3 L. King, *Collier on*

*Bankruptcy* § 502.02, en 502-22 (15th ed. 1991)) ("Al principio, el reclamante debe alegar hechos que sean suficientes para sostener la reclamación"). En consecuencia, el ELA solicita que las Reclamaciones que han de ser rechazadas sean rechazados en su totalidad.

20.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Cuadringentésima sexagésima segunda objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos en las que no existe responsabilidad*, de fecha 13 de mayo de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

21.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA ha notificado la presente Cuadringentésima sexagésima segunda objeción global a) a los acreedores individuales objeto de esta Cuadringentésima sexagésima segunda objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Cuadringentésima sexagésima segunda objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima sexagésima segunda objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

22.     La presente Cuadringentésima sexagésima segunda objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos del ELA a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras

9

reclamaciones sobre la base de los motivos que fueren. El ELA se reserva expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra el ELA; b) constituyan una renuncia a los derechos que asisten al ELA a oponerse a cualesquiera reclamaciones sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten al ELA conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

23.    No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima sexagésima segunda objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha: 13 de mayo de 2022
   San Juan (Puerto Rico)

          Respetuosamente sometida,

          *[Firma en la versión en inglés]*
          Hermann D. Bauer
          USDC núm. 215205
          Carla García-Benítez
          USDC núm. 203708
          Gabriel A. Miranda
          USDC núm. 306704
          **O'NEILL & BORGES LLC**
          250 Avenida Muñoz Rivera, local 800
          San Juan, PR 00918-1813
          Tel.: (787) 764-8181
          Fax: (787) 753-8944

          *[Firma en la versión en inglés]*
          Martin J. Bienenstock (*pro hac vice*)
          Brian S. Rosen (*pro hac vice*)
          **PROSKAUER ROSE LLP**
          Eleven Times Square
          Nueva York, NY 10036
          Tel.: (212) 969-3000
          Fax: (212) 969-2900

          *Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico.*