# **EXHIBIT B**

**Declaration of Jay Herriman**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FOUR HUNDRED SIXTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS**

      I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

      1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)   (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.      In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA.  The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors").

3.      I submit this declaration in support of the *Four Hundred Sixty-Thrid Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* (the "Four Hundred Sixty-Third Omnibus Objection").  I have personally reviewed the Four Hundred Sixty-Third Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4.      In preparation for filing the Four Hundred Sixty-Third Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Sixty-Third Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.  These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Four Hundred Sixty-Third Omnibus Objection.

5.      To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Four Hundred Sixty-Third Omnibus Objection in the column titled "Claims to Be Disallowed" (each a "Claim to Be Disallowed," collectively, the "Claims to Be Disallowed") assert

the same liabilities as those asserted in one of the following: (1) the master claims filed on behalf of all plaintiffs in the litigation captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809 (the "Beltrán Cintrón Master Claims"); (2) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, Case No. KAC-1996-1381 (the "Maldonado Colón Master Claim"); and (3) the master claims filed on behalf of all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 (the "Acevedo Camacho Master Claims," and collectively with the Beltrán Cintrón Master Claims, the Pérez Colón Master Claims, and the Maldonado Colón Master Claim, the "Litigation Master Claims").

6.    Each of the Claims to Be Disallowed was filed by one of the individual plaintiffs in the litigations asserted by the Litigation Master Claims, as identified in the supporting documentation provided with the Litigation Master Claims or the verified statements submitted on behalf of all plaintiffs in the litigation.  In addition, upon a reasonable review of the proofs of claim, none of the Claims to Be Disallowed asserts any additional liabilities or bases for liability beyond what is included in the respective master claims.

7.    Because the Claims to Be Disallowed are duplicative of the Litigation Master Claims, the Debtors request that the duplicative claims be disallowed in their entirety to prevent multiple recoveries.

8.    Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Four Hundred Sixty-Third Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

9.      I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 13, 2022

By:      _/s/ Jay Herriman_
Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

## DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA SEXAGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DUPLICADAS POR LITIGIOS

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en el marco de los casos de Título III, junto con el respectivo número de caso radicado conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1.        Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.        En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores").

3.        Realizo esta declaración en apoyo de la *Cuadringentésima sexagésima tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Duplicadas por Litigios* (la "Cuadringentésima sexagésima tercera objeción global"). He revisado personalmente la Cuadringentésima sexagésima tercera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4.        Durante el proceso de preparación para radicar la Cuadringentésima sexagésima tercera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Cuadringentésima sexagésima tercera objeción global fue examinada y

analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal

pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser

rechazadas, según se identifica en el <u>Anexo A</u> de la Cuadringentésima sexagésima tercera objeción

global.

    5.    A mi leal saber y entender, las reclamaciones identificadas en el <u>Anexo A</u> de la

Cuadringentésima sexagésima tercera objeción global en la columna titulada "Reclamaciones que

han de ser rechazadas" (cada una denominada una "<u>Reclamación que ha de ser rechazada</u>" y

conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") alegan las mismas

responsabilidades que aquellas que se alegan en una de las siguientes: 1) las reclamaciones

principales radicadas en nombre de todos los demandantes en el litigio con epígrafe *Francisco*

*Beltrán Cintrón et al. c. el Departamento de la Familia de Puerto Rico*, Caso núm. KAC-2009-

0809 (las "<u>Reclamaciones Principales Beltrán Cintrón</u>"); 2) la reclamación principal radicada en

nombre de todos los demandantes en el litigio con epígrafe *Alfredo Maldonado Colón et al. c. el*

*Departamento de Corrección y Rehabilitación de Puerto Rico,* Caso núm. KAC-1996-1381 (la

"<u>Reclamación Principal Maldonado Colón</u>"); y 3) las reclamaciones principales radicadas en

nombre de todos los demandantes en el litigio con epígrafe *Madeline Acevedo Camacho et al. c.*

*el Departamento de la Familia de Puerto Rico,* núm. 2016-05-1340 (las "<u>Reclamaciones</u>

<u>Principales Acevedo Camacho</u>", y junto con las Reclamaciones Principales Beltrán Cintrón, las

Reclamaciones Principales Pérez Colón y la Reclamación Principal Maldonado Colón, las

"<u>Reclamaciones Principales de Litigios</u>").

    6.    Cada una de las Reclamaciones que han de ser rechazadas fue radicada por uno de

los demandantes individuales en los litigios planteados por las Reclamaciones Principales de

Litigios, según se identifica en la documentación justificativa proporcionada con las

Reclamaciones Principales de Litigios o en las declaraciones verificadas sometidas en nombre de todos los demandantes en el litigio. Además, tras un examen razonable de las evidencias de reclamaciones, ninguna de las Reclamaciones que han de ser rechazadas alega responsabilidades adicionales ni fundamentos de responsabilidad más allá de los que figuran en las respectivas reclamaciones principales.

7.      Puesto que las Reclamaciones que han de ser rechazadas constituyen duplicados con respecto a las Reclamaciones Principales de Litigios, los Deudores solicitan que las reclamaciones duplicadas sean rechazadas en su totalidad para evitar recuperaciones múltiples.

8.      Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima sexagésima tercera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

9.      Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 13 de mayo de 2022

Por:    *[Firma en la versión en inglés]*
        Jay Herriman