**Hearing Date: June 29, 2022, at 9:30 AM (Atlantic Standard Time)**
**Response Deadline: June 13, 2022, at 4:00 PM (Atlantic Standard Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, HTA, and PBA.** |

**FOUR HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE
COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE
PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE
PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO CLAIMS FOR WHICH THE
DEBTORS ARE NOT LIABLE**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this four hundred sixty-fifth omnibus objection (the "Four Hundred Sixty-Fifth Omnibus Objection") to claims that seek recovery for amounts for which the Debtors are not liable, as set forth in **Exhibit A** hereto.  In support of the Four Hundred Sixty-Fifth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA, pursuant to PROMESA section 304(a), commencing cases under Title III thereof (the "ERS and HTA Title III Cases"). On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and, together with the Commonwealth Title III Case, and the ERS and HTA Title III Cases, the "Title III Cases"). On June 29, 2017 and October 9, 2019, the Court entered orders granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537, ECF No. 8829.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

B.     **Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.     On November 3, 2021, on behalf of the Commonwealth, ERS, and PBA, the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto*

*Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 178,099 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Associates, LLC ("Kroll").  Such proofs of claim total approximately $43 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 117,485 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,390 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. Approximately 2,282 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA. Additionally, approximately 402 proofs of claim have been filed in relation to PBA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 24 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or ERS.  Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

16.     This Four Hundred Sixty-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Four Hundred Sixty-Fifth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Debtors are not liable, each as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

19.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Each of the Claims to Be Disallowed purports to assert liabilities against the Commonwealth, ERS, HTA, or PBA, but upon a reasonable review of the Claims to Be Disallowed and the Debtors' books and records, the Debtors do not owe any outstanding liabilities to the applicable claimants.

20.     One Claim to Be Disallowed purports to assert liability against the Commonwealth for reimbursement of union dues, but the claim and supporting documentation do not establish any basis for asserting liability against the Commonwealth, and not the union, for such dues.  Another Claim to Be Disallowed purports to assert liability against the Commonwealth for a portion of benefits owed in a divorce settlement, but the claim and supporting documentation only support liability, if at all, between the claimant and the claimant's former spouse.  Other Claims to Be Disallowed purport to assert liability against the Commonwealth and dozens of municipalities on the basis that claimant believes she owns certain land held by the Commonwealth and the municipalities, but the supporting documentation fails to provide a valid basis for asserting liability against the Commonwealth, PBA, or any other Title III Debtor.  Another Claim to Be Disallowed purports to assert liability against the Commonwealth on the basis of an eminent domain litigation initiated by HTA, which is a separate legal entity from the Commonwealth; the Commonwealth is not a party to the litigation and neither the claim nor the supporting documentation establish a valid basis for asserting liability against the Commonwealth.

21.     Another Claim to Be Disallowed seeks recovery for an insurance claim filed with a Commonwealth agency, but the relevant agency's books and records show that the claimant's insurance claim was transferred to an insurance company and subsequently paid to the claimant. Still other Claims to Be Disallowed purport to assert liability against the Commonwealth, but the supporting documentation only shows liability between either the claimant and the Federal Emergency Management Agency, a federal agency, or the claimant and the Corporación del Fondo del Seguro del Estado, which is not a Title III agency, but is rather a separate, legally distinct entity from the Commonwealth.

22.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims for Which The Debtors Are Not Liable*, dated May 13, 2022, attached hereto as **Exhibit B**.

### NOTICE

23.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Sixty-Fifth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Sixty-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Four Hundred Sixty-Fifth Omnibus Objection is attached hereto as Exhibit C.  Spanish translations of the Four Hundred Sixty-Fifth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

24.     No prior request for the relief sought in this Four Hundred Sixty-Fifth Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: May 13, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority*

**Fecha de la vista: 29 de junio de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 13 de junio de 2022, a las 16:00 (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN
FINANCIERA PARA PUERTO RICO,

     como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et
al.*,

                     Deudores.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda
relación con el ELA, el SRE, la
ACT y la AEP.**

---

**CUADRINGENTÉSIMA SEXAGÉSIMA QUINTA OBJECIÓN GLOBAL
(SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE
ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y
TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS
PÚBLICOS DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS
DEUDORES NO SON RESPONSABLES**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y
los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su
caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-
LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo
de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos
cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y
Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro
dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del
Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-
LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía
Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos
de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico
(la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra
Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los
números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas
limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, el SRE y la ACT, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico ("PROMESA"),[2] radican la presente cuadringentésima sexagésima quinta objeción global (la "Cuadringentésima sexagésima quinta objeción global") a reclamaciones que buscan recuperar montos por los que los Deudores no son responsables, según se expone en el **Anexo A** del presente documento. En apoyo de la Cuadringentésima sexagésima quinta objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 PROMESA, y radicó peticiones voluntarias de remedio para el SRE y la ACT, conforme a la sección 304(a) de PROMESA, iniciando casos de Título III conforme a dicho cuerpo legal (los "Casos de Título III del SRE y de la ACT"). El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA y los Casos de Título III del SRE y la ACT, los "Casos de Título III"). El 29 de junio de 2017 y el 9 de octubre de 2019, el Tribunal dictó órdenes por las que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537, ECF núm. 8829.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III.

Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el

Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de*

*reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo

dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

**B.     Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme**
**al Título III y las Modificaciones Calificativas de PRIFA y CCDA.**

5.     El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA,

del SRE y de la AEP), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado*

*de Puerto Rico y otros elaborado conforme al Título III* (el "Octavo Plan Enmendado", y en su

versión enmendada y modificada posteriormente denominado, el "Plan") [ECF núm. 19053]. El

Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de

confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.     Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción*

*para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado*

*de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19517] y 2) *Orden sobre las*

*modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el*

*Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del*

*Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF

núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del

Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto*

*Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19784].

7.    El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF núm. 19813].

8.    El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso núm. 21-01493, ECF núm. 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso núm. 21-01492, ECF núm. 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.    El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF núm. 20349].

10.    Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso núm. 21-01493, ECF núm. 74; Caso núm. 21-01492, ECF núm. 84.

**C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 178,099 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 117,485 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,390 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Aproximadamente 2,282 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. Además, aproximadamente 402 evidencias de reclamaciones han sido radicadas en relación con la AEP. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba*

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 24 vistas y dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

16.     Esta Cuadringentésima sexagésima quinta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     La Cuadringentésima sexagésima quinta objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que tratan de recuperar montos por los que los Deudores no son responsables, según se expone en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

19.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., §

502(b)(1). Cada una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidades contra el ELA, el SRE, la ACT o la AEP, pero sobre la base de un examen razonable de las Reclamaciones que han de ser rechazadas y de los libros y registros de los Deudores, estos últimos no adeudan ninguna responsabilidad pendiente de cumplimiento frente a los correspondientes reclamantes.

20.      Una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidad contra el ELA por el reembolso de cuotas sindicales, pero la propia reclamación y la documentación justificativa no proporcionan ningún fundamento para alegar responsabilidad contra el ELA o el sindicato por dichas cuotas. Otra Reclamación que ha de ser rechazada pretende alegar responsabilidad contra el ELA por una parte de los beneficios adeudados en el marco de un convenio de divorcio, pero la reclamación y la documentación justificativa solo sostienen responsabilidad, si acaso, entre el reclamante y el antiguo cónyuge del reclamante. Otras Reclamaciones que han de ser rechazadas pretender alegar responsabilidad contra el ELA y una decena de municipios sobre la base de que, según cree la reclamante, esta posee determinado terreno en posesión del ELA y los municipios, pero la documentación justificativa no proporciona ningún fundamento válido para alegar responsabilidad contra el ELA, la AEP o cualquier otro Deudor de Título III. Otra Reclamación que ha de ser rechazada pretende alegar responsabilidad contra el ELA sobre la base de un litigio en materia de expropiación, iniciado por la ACT, que es una entidad jurídica aparte del ELA; el ELA no es parte en el litigio, y ni la reclamación ni la documentación justificativa brindan fundamento válido alguno para alegar responsabilidad contra el ELA.

21.      Otra Reclamación que ha de ser rechazada busca obtener una recuperación por una reclamación de seguro radicada ante una agencia del ELA, pero los libros y registros de la agencia

pertinente muestran que la reclamación de seguro del reclamante fue transferida a una compañía

de seguros y posteriormente pagada al reclamante. Otras Reclamaciones que han de ser rechazadas

pretenden alegar responsabilidad contra el ELA, pero la documentación justificativa solo muestra

responsabilidad entre o bien el reclamante y la Agencia Federal para la Gestión de Emergencias,

una agencia federal, o bien el reclamante y la Corporación del Fondo del Seguro del Estado, que

no es agencia de Título III, sino que es una entidad aparte y jurídicamente independiente del ELA.

22.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en*

*apoyo de la Cuadringentésima sexagésima quinta objeción global (sustantiva) del Estado Libre*

*Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre*

*Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la*

*Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones por las que los Deudores no son*

*Responsables*, de fecha 13 de mayo de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

23.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden

de Notificación del Tribunal, los Deudores han notificado la presente Cuadringentésima

sexagésima quinta objeción global a) a los acreedores individuales objeto de esta

Cuadringentésima sexagésima quinta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de

notificaciones (según se define en los *Procedimientos de administración de casos enmendados*

*núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en

https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Cuadringentésima

sexagésima quinta objeción global se adjunta al presente como Anexo C. Las traducciones al

español de la Cuadringentésima sexagésima quinta objeción global y de la totalidad de los anexos

adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los

Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## **AUSENCIA DE SOLICITUDES PREVIAS**

24.     No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima sexagésima quinta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

*[El resto de la página se deja en blanco intencionadamente]*

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 13 de mayo de 2022                                Respetuosamente sometida,
San Juan (Puerto Rico)

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico.*