# **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, HTA, and PBA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FOUR HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE**

      I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

      1.    I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and, together with the Commonwealth, ERS, and HTA, the "Debtors").

3. I submit this declaration in support of the *Four Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims for Which the Debtors Are Not Liable* (the "Four Hundred Sixty-Fifth Omnibus Objection"). I have personally reviewed the Four Hundred Sixty-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Sixty-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Sixty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Four Hundred Sixty-Fifth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Four Hundred Sixty-Fifth Omnibus Objection in the column titled "Claims to Be Disallowed" (each a "Claim to Be Disallowed," collectively, the "Claims to Be Disallowed") purport to assert liabilities against the Commonwealth or ERS, but upon a reasonable review of the Debtors' books and records, no liabilities are owed to the associated claimants. In one instance, the Claim to Be Disallowed purports to assert liability against the Commonwealth for reimbursement of union dues, but the claim and supporting documentation do not establish any basis for asserting liability against the Commonwealth, and not the union, for such dues. Another Claim to Be Disallowed purports to assert liability against the Commonwealth for a portion of benefits owed in a divorce settlement, but the claim and supporting documentation only support liability, if at all, between the claimant and the claimant's former spouse. Other Claims to Be Disallowed purport to assert liability against the Commonwealth and dozens of municipalities on the basis that claimant believes she owns certain land held by the Commonwealth and the municipalities, but the supporting documentation fails to provide a valid basis for asserting liability against the Commonwealth, PBA, or any other Title III Debtor. Another Claim to Be Disallowed purports to assert liability against the Commonwealth on the basis of an eminent domain litigation initiated by HTA, which is a separate legal entity from the Commonwealth; the Commonwealth is not a party to the litigation and neither the claim nor the supporting documentation establish a valid basis for asserting liability against the Commonwealth.

6. Another Claim to Be Disallowed seeks recovery for an insurance claim filed with a Commonwealth agency, but the relevant agency's books and records show that the claimant's insurance claim was transferred to an insurance company and subsequently paid to the claimant. Still other Claims to Be Disallowed purport to assert liability against the Commonwealth, but the

3

supporting documentation only shows liability between either the claimant and the Federal Emergency Management Agency, a federal agency, or the claimant and the Corporación del Fondo del Seguro del Estado, which is not a Title III agency, but is rather a separate, legally distinct entity from the Commonwealth.

7. Accordingly, none of the Claims to Be Disallowed represent valid liabilities of the Commonwealth.

8. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Four Hundred Sixty-Fifth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 13, 2022

By: /s/ *Jay Herriman*
Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                       Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA SEXAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES NO SON RESPONSABLES**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), de la Autoridad de Carreteras y Transportación de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, el SRE y la ACT, los "Deudores").

3. Realizo esta declaración en apoyo de la *Cuadringentésima sexagésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones por las que los Deudores no son Responsables* (la "Cuadringentésima sexagésima quinta objeción global"). He revisado personalmente la Cuadringentésima sexagésima

quinta objeción global, y los Anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Cuadringentésima sexagésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Cuadringentésima sexagésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el Anexo A de la Cuadringentésima sexagésima quinta objeción global.

5. A mi leal saber y entender, las reclamaciones que aparecen en el Anexo A de la Cuadringentésima sexagésima quinta objeción global en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación que ha de ser rechazada" y conjuntamente, las "Reclamaciones que han de ser rechazadas") pretenden alegar responsabilidades contra el ELA o el SRE, pero sobre la base de un examen razonable de los libros y registros de los Deudores, no consta que se adeuden responsabilidades a los reclamantes relacionados. En una ocasión, la Reclamación que ha de ser rechazada pretende alegar responsabilidad contra el ELA por el reembolso de cuotas sindicales, pero la propia reclamación y la documentación justificativa no proporcionan ningún fundamento para alegar responsabilidad contra el ELA o el sindicato por dichas cuotas. Otra Reclamación que ha de ser rechazada pretende alegar responsabilidad contra el ELA por una parte de los beneficios adeudados en el marco de un convenio de divorcio, pero la reclamación y la documentación justificativa solo sostienen responsabilidad, si acaso, entre el reclamante y el antiguo cónyuge del reclamante. Otras Reclamaciones que han de ser rechazadas pretender alegar responsabilidad contra el ELA y una

3

decena de municipios sobre la base de que, según cree la reclamante, esta posee determinado terreno en posesión del ELA y los municipios, pero la documentación justificativa no proporciona ningún fundamento válido para alegar responsabilidad contra el ELA, la AEP o cualquier otro Deudor de Título III. Otra Reclamación que ha de ser rechazada pretende alegar responsabilidad contra el ELA sobre la base de un litigio en materia de expropiación, iniciado por la ACT, que es una entidad jurídica aparte del ELA; el ELA no es parte en el litigio, y ni la reclamación ni la documentación justificativa brindan fundamento válido alguno para alegar responsabilidad contra el ELA.

6. Otra Reclamación que ha de ser rechazada busca obtener una recuperación por una reclamación de seguro radicada ante una agencia del ELA, pero los libros y registros de la agencia pertinente muestran que la reclamación de seguro del reclamante fue transferida a una compañía de seguros y posteriormente pagada al reclamante. Otras Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad contra el ELA, pero la documentación justificativa solo muestra responsabilidad entre o bien el reclamante y la Agencia Federal para la Gestión de Emergencias, una agencia federal, o bien el reclamante y la Corporación del Fondo del Seguro del Estado, que no es agencia de Título III, sino que es una entidad aparte y jurídicamente independiente del ELA.

7. En consecuencia, ninguna de las Reclamaciones que han de ser rechazadas constituye responsabilidades válidas del ELA.

8. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima sexagésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

5

9. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 13 de mayo de 2022

                                                                    Por:    *[Firma en la versión en inglés]*
                                                                                     Jay Herriman