Hearing Date: June 29, 2022, at 9:30AM (Atlantic Standard Time)
Response Deadline: June 13, 2022, at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT ADR CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth")or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this four hundred

sixty-sixth omnibus objection (the "Four Hundred Sixty-Sixth Omnibus Objection") to the proofs

of claim listed on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed"), because the

Claims to Be Disallowed are deficient, and the claimants associated with the Claims to Be

Disallowed either have not responded to outreach from the Commonwealth seeking to obtain

information necessary to reconcile the Claims to Be Disallowed and/or failed to provide

information sufficient to enable the Commonwealth to reconcile the Claims to Be Disallowed.  In

support of the Four Hundred Sixty-Sixth Omnibus Objection, the Commonwealth respectfully

represents as follows:

## JURISDICTION

1.     The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA

section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

A.     **The Bar Date Orders**

3.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

and *Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.     On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth*

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 178,099 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Associates, LLC ("Kroll").   Such proofs of claim total

approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 117,485 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on June 13, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the

number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 24 hearings related to over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS. Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

16.     This Four Hundred Sixty-Sixth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Four Hundred Sixty-Sixth Omnibus Objection seeks to disallow in their entirety, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, the Claims to Be Disallowed, as listed on **Exhibit A** hereto.  Each of the Claims to Be Disallowed purports to assert obligations of the Commonwealth associated with a litigation, but otherwise fails to provide sufficient information for the Commonwealth to determine whether any liabilities are owed to the Commonwealth.  For example, certain of the Claims to Be Disallowed identify a case number associated with a litigation or an administrative proceeding, but do not explain whether the claimants associated with the Claims to Be Disallowed are parties to that litigation or administrative proceeding, or otherwise explain why the proceeding may give rise to liabilities owed to the claimants.  In other instances, certain of the Claims to Be Disallowed allege that the relevant claimant is a party to a litigation, but the Claims to Be Disallowed do not identify a case number or otherwise explain the nature or basis of the litigation or why that litigation may give rise to liabilities owed.

19.     The Commonwealth has attempted to obtain information from the claimants associated with the Claims to Be Disallowed (collectively, the "Claimants") on several occasions, but the Claimants have either not been responsive to the Commonwealth's outreach, or responded, but still failed to provide information necessary to enable the Commonwealth to reconcile the claims.  As described in the *Declaration of Carla García Benítez in support of the Four Hundred Sixty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Deficient ADR Claims*, attached hereto as **Exhibit E**, counsel for the Oversight Board reached out to each of the Claimants via telephone and/or email, using the phone number and/or email address provided by the Claimants in their proofs of claim

or supplemental documents.  However, the Claimants did not respond to counsel's outreach and/or failed to provide further information in support of the Claims to Be Disallowed.

20.     Further, each of the Claims to Be Disallowed was transferred into the ADR Procedures [3] through the *Twenty-First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 20241].  The Commonwealth mailed each claimant an Information Request, as authorized by section 2 of the ADR Procedures, seeking documentation and/or information necessary to enable the Debtors to reconcile the proofs of claim.  The Information Requests explained that each Claimant "shall provide additional documentation or information … within twenty-one (21) days following receipt of such Request," or no later than March 24, 2022.  ADR Procedures, § 2.  The Claimants associated with the Claims to Be Disallowed either failed to respond to the Information Requests, or responded, but still failed to provide sufficient information requested by the Commonwealth.

21.     Because the Claims to Be Disallowed do not provide information sufficient to enable the Commonwealth to ascertain the nature or basis of the Claimants' claims, and because Claimants did not respond to either the Information Requests or to direct outreach from counsel for the Oversight Board and/or responded, but failed to provide information sufficient to enable the Commonwealth to ascertain the nature or basis of the Claimants' claims, neither the Commonwealth nor the Court are able to determine the validity of the Claims to Be Disallowed. The Claims to Be Disallowed are, therefore, deficient and should be disallowed.

22.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Sixty-Sixth Omnibus Objection (Substantive) of the*

---

[3] The Commonwealth, PREPA, HTA, ERS, and PBA were authorized to resolve general unsecured claims using the ADR Procedures by the approved by the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), entered on April 1, 2020.

*Commonwealth of Puerto Rico to Deficient ADR Claims*, dated May 13, 2022, attached hereto as **Exhibit B**.

## NOTICE

23.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth is providing notice of this Four Hundred Sixty-Sixth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Sixty-Sixth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico. The notice for this Four Hundred Sixty-Sixth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Four Hundred Sixty-Sixth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

24.     This Four Hundred Sixty-Sixth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

25.     No prior request for the relief sought in this Four Hundred Sixty-Sixth Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated: May 13, 2022
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System for the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority*

**Fecha de la vista: 29 de junio de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 13 de junio de 2022, a las 16:00 (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

|  |  |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE y la ACT.** |

### CUADRINGENTÉSIMA SEXAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DEFICIENTES DE ADR

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el (el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente cuadringentésima sexagésima sexta objeción global (la "Cuadringentésima sexagésima sexta objeción global") a evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas") porque las Reclamaciones que han de ser rechazadas son deficientes y los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no han respondido a la comunicación del ELA que buscaba obtener suficiente información para que los Deudores pudieran reconciliar las Reclamaciones que han de ser rechazadas y/o no han proporcionado suficiente información para que el ELA pueda reconciliar las Reclamaciones que han de ser rechazadas. En apoyo de la Cuadringentésima sexagésima sexta objeción global, el Deudor manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

## ANTECEDENTES

**A.     Órdenes de Fecha Límite**

3.     El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA").

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

**B.     Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y las Modificaciones Calificativas de PRIFA y CCDA.**

5.     El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA, del Sistema de Retiro de Empleados Públicos del Gobierno del Estado Libre Asociado de Puerto Rico "SRE" y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de*

*Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*. (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF núm. 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF núm. 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso núm. 21-01493, ECF núm. 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso

núm. 21-01492, ECF núm. 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.       El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF núm. 20349].

10.      Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso núm. 21-01493, ECF núm. 74; Caso núm. 21-01492, ECF núm. 84.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.      Hasta la fecha, se han radicado aproximadamente 178,099 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.      De las evidencias de reclamaciones radicadas, aproximadamente 117,485 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA.. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 13 de junio de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

6

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 24 vistas relacionadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el ser. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y serSRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

16.     Esta Cuadringentésima sexagésima sexta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## **OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     La Cuadringentésima sexagésima sexta objeción global pretende que se rechacen en su totalidad, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, las Reclamaciones que han de ser rechazadas, según se mencionan en el **Anexo A** del presente documento. Cada una de las Reclamaciones que han de ser rechazadas pretende alegar obligaciones del ELA vinculadas con un litigio, pero no proporciona información suficiente para que el ELA determine si se adeuda alguna responsabilidad al ELA. Por ejemplo, algunas de las Reclamaciones que han de ser rechazadas identifican un número de caso vinculado con un litigio o un procedimiento administrativo, pero no explican si los reclamantes vinculados con las Reclamaciones que han de ser rechazadas son partes en dicho litigio o procedimiento administrativo y tampoco explican por qué el procedimiento podría dar lugar a responsabilidades adeudadas a los reclamantes. En otras instancias, algunas de las Reclamaciones que han de ser rechazadas alegan que el reclamante pertinente es parte en un litigio, pero las Reclamaciones que han de ser rechazadas no identifican ningún número de caso ni explican de otro modo la naturaleza o fundamento del litigio, y tampoco explican por qué dicho litigio podría dar lugar a responsabilidades adeudadas.

19.     El ELA ha intentado en numerosas ocasiones obtener información de los reclamantes vinculados con las Reclamaciones que han de ser rechazadas (conjuntamente, los "Reclamantes"), pero los Reclamantes o bien no han respondido a las comunicaciones del ELA, o bien respondieron pero aun así no han proporcionado la información necesaria que permita al ELA reconciliar las reclamaciones. Según se explica en la *Declaración de Carla García Benítez en apoyo de la Cuadringentésima sexagésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación del Estado Libre Asociado de Puerto Rico a Reclamaciones Deficientes de ADR*, adjunta al presente documento

8

como **Anexo E**, el abogado de la Junta de Supervisión se ha puesto en contacto con cada uno de los Reclamantes por teléfono y/o correo electrónico, utilizando el número de teléfono y/o la dirección de correo electrónico proporcionados por los Reclamantes en sus evidencias de reclamaciones o documentos complementarios. Sin embargo, los Reclamantes no han respondido a la comunicación del abogado y/o no han proporcionado información adicional en apoyo de las Reclamaciones que han de ser rechazadas.

20.     Además, cada una de las Reclamaciones que han de ser rechazadas ha sido transferida a los Procedimientos alternativos de resolución de controversias ("ADR", por sus siglas en inglés)[3] mediante la *Vigésima primera notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF núm. 20241]. El ELA envió a cada reclamante por correo postal una Solicitud de Información, conforme a lo autorizado por la sección 2 de los Procedimientos de ADR, en la que solicitaba documentación y/o información necesarias para que los Deudores pudieran reconciliar las evidencias de reclamaciones.   Las Solicitudes de Información explicaban que cada Reclamante "proporcionará documentación o información adicionales... dentro de veintiún (21) días desde la recepción de tal Solicitud", o antes del 24 de marzo de 2022 a más tardar. Procedimientos de ADR, § 2. Los Reclamantes vinculados con las Reclamaciones que han de ser rechazadas o bien no han respondido a las Solicitudes de información, o bien respondieron pero aun así no brindaron suficiente información solicitada por el ELA.

---

[3] El ELA, la AEE, la ACT, el SRE y la AEP han sido autorizados a resolver reclamaciones generales no garantizadas utilizando los Procedimientos de ADR por la *Orden aprobada que A) autoriza los procedimientos de resolución alternativa de controversias, B) aprueba una forma adicional de notificación y C) concede el remedio relacionado* [ECF núm. 12576] la "Orden de ADR"), dictada el 1 de abril de 2020.

9

21.     Puesto que las Reclamaciones que han de ser rechazadas no proporcionan suficiente información para que el ELA comprenda la naturaleza o el fundamento de las reclamaciones de los Reclamantes, y como los Reclamantes no han respondido ni a las Solicitudes de Información ni a las comunicaciones directas enviadas por el abogado de la Junta de Supervisión, y/o respondieron pero no brindaron suficiente información para que el ELA pueda comprender la naturaleza o los fundamentos de las reclamaciones de los Reclamantes, ni el ELA ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas. En consecuencia, las Reclamaciones que han de ser rechazadas son deficientes y deben rechazarse.

22.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima sexagésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Deficientes de ADR*, de fecha 13 de mayo de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

23.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA notifica la presente Cuadringentésima sexagésima sexta objeción global a) a los acreedores individuales objeto de esta Cuadringentésima sexagésima sexta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. La notificación de esta Cuadringentésima sexagésima sexta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima sexagésima sexta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

24.     Esta Cuadringentésima sexagésima sexta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

25.     No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima sexagésima sexta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*.]

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 13 de mayo de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900
*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.*