Hearing Date: June 29, 2022 at 9:30AM (Atlantic Standard Time)
Response Deadline: June 13, 2022 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

**FOUR HUNDRED SIXTY-SEVENTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE PUERTO RICO
ELECTRIC POWER AUTHORITY TO DUPLICATE CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),² files this four hundred sixty-seventh omnibus objection (the "Four Hundred Sixty-Seventh Omnibus Objection") to the duplicative proofs of claim listed on **Exhibit A** hereto, and in support of the Four Hundred Sixty-Seventh Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the Title III Case**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

---

² PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B. PREPA**

5. PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended (the "Authority Act") § 3. PREPA generates substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C. Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6. To date, approximately 178,099 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Associates, LLC ("Kroll"). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

7. Of the proofs of claim filed, approximately 4,540 have been filed in relation to, or reclassified to be asserted against, PREPA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8. To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus*

4

*Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held 24 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"), PREPA, and/or the Puerto Rico Public Buildings Authority ("PBA"). Based upon rulings and orders of the Court to date, approximately 100,000 claims, asserting over $43 trillion in liability against the Commonwealth, HTA, COFINA, PBA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11. This Four Hundred Sixty-Seventh Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTION TO PROOFS OF CLAIM

12. The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

5

13. The Four Hundred Sixty-Seventh Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Duplicate Claims").

14. As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") assert the same liabilities against PREPA as the claims identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims"). Each of the Claims to Be Disallowed were filed on behalf of the same claimants as the Remaining Claims, set forth the same basis for the claim, attach the same documentation, and/or assert an equal amount to the Remaining Claims. Accordingly, the Claims to Be Disallowed are duplicative of one or more Remaining Claims.

15. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against PREPA to the detriment of other stakeholders in the PREPA Title III Case. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against PREPA, as set forth in **Exhibit A** hereto. Because this Four Hundred Four Hundred Sixty-Seventh Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Claims, PREPA reserves its right to object to the Remaining Claims on any other grounds whatsoever.

16. In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Four Hundred Sixty-Seventh Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Duplicate Claims*, dated May 13, 2022, attached hereto as **Exhibit B**.

6

**NOTICE**

17. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Four Hundred Sixty-Seventh Omnibus Objection to (a) the individual creditors subject to this Four Hundred Sixty-Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico. A copy of the notice for this Four Hundred Sixty-Seventh Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Four Hundred Sixty-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

**RESERVATION OF RIGHTS**

18. This Four Hundred Sixty-Seventh Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of PREPA to object to the Remaining Claims or any other claims on any ground whatsoever. PREPA expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of PREPA's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

**NO PRIOR REQUEST**

19. No prior request for the relief sought in this Four Hundred Sixty-Seventh Omnibus Objection has been made to this or any other court.

WHEREFORE, PREPA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

Dated: May 13, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Puerto Rico Electric Power Authority*

**Fecha de la vista: 29 de junio de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 13 de junio de 2022, a las 16:00 (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,

                    Deudores.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con la AEE.**

**CUADRINGENTÉSIMA SEXAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL
(NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO
RICO A RECLAMACIONES DUPLICADAS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente cuadringentésima sexagésima séptima objeción global (la "Cuadringentésima sexagésima séptima objeción global") a las evidencias de reclamaciones duplicadas que aparecen en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima sexagésima séptima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.  El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.  La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.  Órdenes de Fecha Límite en el Caso de Título III**

3.  El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

"Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] [3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

**B. AEE**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

5.La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.Hasta la fecha, se han radicado aproximadamente 178,099 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.De las evidencias de reclamaciones radicadas, aproximadamente 4,540 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

4

*Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9. En aras del interés constante por resolver eficazmente cualquier evidencia de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

5

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado 24 vistas y dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la AEE y/o la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban más de $43 billones en responsabilidad contra el ELA, la ACT, COFINA, la AEP, la AEE y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

11. Esta Cuadringentésima sexagésima séptima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIÓN A EVIDENCIAS DE RECLAMACIONES

12. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13. La Cuadringentésima sexagésima séptima objeción global pretende que se rechace, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, cada una

6

de las evidencias de reclamaciones que figura en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones Duplicadas").

14. Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente, "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades contra la AEE que las reclamaciones identificadas en la columna titulada "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente, las "Reclamaciones Restantes"). Cada una de las Reclamaciones que han de ser rechazadas fue radicada en nombre de los mismos reclamantes que en las Reclamaciones Restantes, establece los mismos fundamentos para la reclamación, adjunta la misma documentación y/o reclama un mismo monto que las Reclamaciones Restantes. En consecuencia, las Reclamaciones que han de ser rechazadas constituyen duplicados con respecto a una o más Reclamaciones Restantes.

15. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación duplicada no justificada contra la AEE en detrimento de otras partes interesadas en el Caso de Título III de la AEE. Los titulares de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que cada uno de ellos mantendrá una Reclamación Restante contra la AEE, según se establece en el **Anexo A** del presente documento. Puesto que esta Cuadringentésima sexagésima séptima objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Restantes, la AEE se reservan el derecho a oponerse a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fuere.

16. En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Cuadringentésima sexagésima séptima objeción global (no sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones Duplicadas*, de fecha 13 de mayo de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

17. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Cuadringentésima sexagésima séptima objeción global a) a los acreedores individuales objeto de esta Cuadringentésima sexagésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 16* [ECF núm. 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Cuadringentésima sexagésima séptima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de Cuadringentésima sexagésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

18. La presente Cuadringentésima sexagésima séptima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de la AEE a objetar a las Reclamaciones Restantes o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. La AEE se reserva expresamente todos los derechos en relación con la totalidad de las objeciones sustantivas o procesales. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni

se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a la AEE a oponerse a cualesquiera reclamaciones sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

**AUSENCIA DE SOLICITUDES PREVIAS**

19. No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima sexagésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 13 de mayo de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813

9

Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*

10