UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 17166**<br><br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER
RESOLVING SUIZA DAIRY CORP.'S URGENT MOTION
<u>SEEKING COMFORT ORDER REGARDING AUTOMATIC STAY [ECF NO. 17166]</u>**

The Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"),[2] and Suiza Dairy Corp. ("<u>Suiza</u>") hereby stipulate and agree as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

**RECITALS**

**The Dairy Producer Settlement**

A. On August 13, 2004, Suiza and Vaquería Tres Monjitas, Inc. ("VTM", and together with Suiza, the "Processors") commenced an action, captioned *Vaquería Tres Monjitas, Inc. v. Secretary of Agriculture*, Case No. 04-1840 (the "Prepetition Action"), in the United States District Court for the District of Puerto Rico (the "District Court"), naming as defendants the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico, and the Administrator of the Office of Milk Industry Regulatory Administration for the Commonwealth ("ORIL"), seeking, among other things, declaratory and injunctive relief in connection with the Commonwealth's alleged regulatory taking of the Processors' property through the implementation of certain laws and regulations governing the milk industry in the Commonwealth.

B. On October 29, 2013, the parties to the Prepetition Action entered into a *Final Settlement Agreement and Memorandum of Understanding Between the Parties* (the "Dairy Producer Settlement"), which, among other things, provided for the settlement of all matters pending in the Prepetition Action and the enactment and enforcement of certain regulations regarding, among other things, the milk price setting. *See* ECF No. 2322 in the Prepetition Action, Case No. 04-1840.

C. On November 6, 2013, the District Court entered the *Order and Judgment* (as amended on November 7, 2013, the "Judgment") incorporating the Dairy Producer Settlement. *See* ECF Nos. 2347 & 2351 in the Prepetition Action, Case No. 04-1840.

**Commencement of Commonwealth's Title III Case**

D. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to Sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Title III Case") in the United States District Court for the District of Puerto Rico (the "Title III Court").

E. By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the sole representative of the Commonwealth in the Title III Case.

**The Suiza Motion for Comfort Order**

F. On May 26, 2021, the Administrator of ORIL issued Administrative Order 2021-18 (the "Administrative Order"), which established the price for raw milk and all forms of fluid milk at all levels.

G. On June 25, 2021, Suiza filed its *Urgent Motion Requesting a Ruling or Entry of Comfort Order as to the Non-Applicability of the Automatic Stay to a Limited Controversy with the Commonwealth of Puerto Rico Arising Post-Petition and Having Post-Petition Effects but Partially Based on a Pre-Petition Judgment Incorporating Milk Regulations Established by the United States District Court for the District of Puerto Rico and Not Involving Property of the Debtor or its Estate* [ECF No. 17166] (the "Suiza Motion"), seeking a comfort order to allow for the commencement of litigation to enforce the Dairy Producer Settlement with respect to ORIL's alleged post-petition breach of the Dairy Producer Settlement through the issuance of the Administrative Order.

H. On July 20, 2021, the Commonwealth filed the *Objection of the Commonwealth of Puerto Rico to Urgent Motion Requesting a Ruling or Entry of Comfort Order as to the Non-Applicability of the Automatic Stay to a Limited Controversy with the Commonwealth of Puerto Rico Arising Post-Petition and Having Post-Petition Effects but Partially Based on a Pre-Petition*

*Judgment Incorporating Milk Regulations Established by the United States District Court for the District of Puerto Rico and Not Involving Property of the Debtor or its Estate* [ECF No. 17432].

   I. On July 27, 2021, Suiza filed the *Suiza Dairy's Reply to Objection of the Commonwealth of Puerto Rico to Urgent Motion Requesting a Ruling or Entry of Comfort Order as to the Non-Applicability of the Automatic Stay to a Limited Controversy with the Commonwealth of Puerto Rico Arising Post-Petition and Having Post-Petition Effects but Partially Based on a Pre-Petition Judgment Incorporating Milk Regulations Established by the United States District Court for the District of Puerto Rico and Not Involving Property of the Debtor or its Estate* [ECF No. 17527].

   J. On April 12, 2022, the Title III Court entered the *Order Setting Deadline for Status Report in Connection with Suiza Dairy Corp.'s Urgent Motion Requesting a Ruling or Entry of Comfort Order* [ECF No. 20547] (the "<u>Status Report Order</u>"), directing Suiza and the Commonwealth to file a joint status report relating to, among other things, the status of the Petition for Judicial Review before the Puerto Rico Court of Appeals relating to the Administrative Order filed by VTM, and any other administrative or regulatory review process Suiza has pursued in connection with the Administrative Order.

**<u>Confirmation of the Plan of Adjustment</u>**

   K. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "<u>Confirmation Order</u>"),

confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [ECF No. 19784] (the "Plan").[3]

L. On February 3, 2022, Suiza filed its *Notice of Appeal* [ECF No. 20016][4] from the Confirmation Order and the *Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19812] (the "FFCL"), in connection with the treatment of Suiza's asserted claim pursuant to the Plan.

M. On March 15, 2022, the Effective Date of the Plan occurred, and the Plan was substantially consummated [Case No. 17-03283, ECF No. 20349].

N. Section 57.1 of the Plan provides for the treatment of Allowed Claims arising from the Dairy Producer Settlement, and further provides, among other things, that:

> . . . nothing contained [in the Plan] shall adjust, enlarge, compromise, discharge or otherwise affect the respective parties' rights or obligations pursuant to the Dairy Producer Settlement except with respect to the Commonwealth's payment obligation under the Dairy Producer Settlement . . . .

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. This stipulation (the "Stipulation") shall become effective upon entry of an order of the Title III Court approving the terms and provisions hereof (the "Stipulation Date").

---

[3] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.
[4] The appeal has been docketed before the United States Court of Appeals for the First Circuit (the "First Circuit") as Case No. 22-1092, and consolidated with certain related appeals, including the Oversight Board's appeal of the Confirmation Order and FFCL relating to the holding that claims arising under the Takings Clause of the United States Constitution are non-dischargeable or must be paid in full.

2. Suiza shall be permitted to commence any action (including any appeals of such actions) to enforce the Dairy Producer Settlement with respect to ORIL's alleged post-petition breach of the Dairy Producer Settlement through the issuance of the Administrative Order or any other order or regulation issued or that may be issued by ORIL that Suiza understands contravenes the Dairy Producer Settlement (any such action, the "Proposed Litigation").

3. The Suiza Motion is hereby withdrawn, with prejudice, and the Status Report Order is vacated.

4. The Commonwealth and Suiza represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

5. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Suiza, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) a waiver of Suiza's or the Commonwealth's rights to determine and/or contest the applicability of a discharge, pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a), to any claim asserted by Suiza.

6. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than the Processors) as expressly provided in this Stipulation), (b) evidence of any willingness or obligation on the Commonwealth's part to

consent to any other or future modifications of or relief from the Discharge Injunction with respect to any persons or entities, or (c) altering or otherwise modifying the terms of the Plan or Confirmation Order. The Commonwealth reserves all rights, defenses, and protections with respect to any matters pending or that may arise in connection with the Plan, the Confirmation Order, and the Proposed Litigation.

7. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

9. This Stipulation shall be binding on the parties' successors and assigns.

10. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. The Title III Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

Dated: May 11, 2022

[*Remainder of page intentionally left blank*]

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **REICHARD & ESCALERA, LLC** |
| */s/ Brian S. Rosen* | */s/ Rafael Escalera Rodríguez* |
| Martin J. Bienenstock (pro hac vice) | Rafael Escalera Rodríguez |
| Brian S. Rosen (pro hac vice) | USDC-PR No. 122609 |
| | escalera@reichardescalera.com |
| Eleven Times Square | |
| New York, NY 10036 | |
| Tel: (212) 969-3000 | */s/ Christopher A. Dávila* |
| Fax: (212) 969-2900 | Christopher A. Dávila |
| | USDC-PR No. 304103 |
| | cdavila@reichardescalera.com |
| **LUIS F. DEL VALLE-EMMANUELLI** | 255 Ponce de León Avenue |
| */s/ Luis F. del Valle-Emmanuelli* | MCS Plaza, 10th Floor |
| Luis F. del Valle-Emmanuelli | San Juan, PR 00917-1913 |
| USDC-PR No. 209514 | Telephone: (787) 777-8888 |
| P.O. Box 79897 | |
| Carolina, Puerto Rico 00984-9897 | *Attorneys for Suiza Dairy Corp.* |
| Tel. 787.647.3503 | |
| dvelawoffices@gmail.com | |
| | |
| OF COUNSEL FOR | |
| A&S LEGAL STUDIO, PSC | |
| 434 Avenida Hostos | |
| San Juan, PR 00918 | |
| Tel. (787) 751-6764/763-0565 | |
| Fax (787) 763-8260 | |
| *Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth* | |

       SO ORDERED.

Dated: May 16, 2022

                                        /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       United States District Judge