## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## DECLARATION OF STEVE M. ZELIN REGARDING DISINTERESTEDNESS OF PJT PARTNERS LP PURSUANT TO THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT

I, Steve M. Zelin, hereby declare and state as follows:

1.  I am a Partner, Global Head of the Restructuring & Special Situations Group, and a member of the management committee at PJT Partners LP ("PJT"), a global investment banking firm listed on the New York Stock Exchange with its principal offices in New York City. PJT is the investment banker and financial advisor working on behalf of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]

2. I submit this declaration pursuant to section 2(b)(1) of the *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA"). Except as otherwise noted, I have personal knowledge of the matters set forth herein. To the extent any information disclosed herein requires amendment, supplement, or modification upon PJT's completion of further review if such review is requested by the Court, or as any additional party in interest information becomes available, a supplemental declaration (by me or another PJT professional) will be submitted to the Court reflecting such amended, supplemented, or modified information.

## Background

3. On January 20, 2022, President Joseph R. Biden Jr. signed PRRADA into law. PRRADA sets forth disclosure requirements for professional persons seeking compensation pursuant to sections 316 and 317 of PROMESA after PRRADA's enactment.

4. Pursuant to PRRADA section 2(c), on February 22, 2022, the Oversight Board filed a motion seeking approval of a proposed list of material parties in interest (the "MIP List"). ECF No. 20194. On March 29, 2022, pursuant to the Court's *Order Regarding Proposed List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy In Disclosure Act*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

[ECF No. 20419], the Oversight Board filed an amended MIP List. ECF No. 20458. The Court entered an order approving the amended MIP List on March 30, 2022. ECF No. 20467.

5. PRRADA requires professionals to file a verified statement conforming to the disclosure requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure setting forth the professional's connections to the parties on the MIP List. PRRADA § 2(b)(1).

6. On May 3, 2017, the Oversight Board, as representative of the Commonwealth, commenced the Commonwealth's Title III case. The Oversight Board later commenced Title III cases for the remaining Debtors as their representative (collectively, together with the Commonwealth's Title III case, the "Title III Proceedings").

7. On February 1, 2019, the Oversight Board retained PJT as investment banker and financial advisor. As a financial advisor to the Oversight Board, PJT receives compensation pursuant to PROMESA sections 316 and 317 and is therefore subject to PRRADA's disclosure requirements. Accordingly, I submit this Declaration setting forth PJT's connections to the parties on the MIP List.

## PJT's Disinterestedness

8. As part of PJT's conflicts management program (the "Conflicts Management Program"), PJT maintains information pertaining to (a) every active matter on which PJT is currently engaged, (b) the entities represented by PJT in such engagements, (c) the material parties involved in each current matter (inclusive of adverse and related parties, as identified to PJT by the prospective client and/or its counsel in the case of a restructuring advisory assignment), and (d) the professional at PJT that is knowledgeable about the matter. As part of any conflict review undertaken, this information and information on closed assignments is also incorporated into the review. It is the policy of PJT that no new matter may be accepted or opened within the firm

3

without completing and submitting to those charged with administering the Conflicts Management Program the information necessary to check such matter for conflicts. The scope of the review is a function of the completeness and accuracy of the information submitted by the PJT professional opening a new matter.

9. As part of the Conflicts Management Program, PJT reviews the business activity of all entities under the control of PJT Partners, Inc., the publicly traded company that is the ultimate parent company of PJT and all of its affiliates. The Conflicts Management Program utilizes a database that stores the details of all such business activity, including the names of all PJT clients (past and present) and the search methodology utilized by the database is key word based. Results are reviewed for relevance by PJT personnel trained to evaluate situations for potential conflicts and, in this case as in all cases where PJT represents a debtor, any and all potential connections to the parties on the MIP List ("MIPs") are identified by such personnel. All proposed and actual business activity to be undertaken is subject to the foregoing review process to evaluate potential conflicts.

10. PJT has undertaken a review of the MIP List to determine possible connections relating to the Debtors (the "Conflict Check") and, subject to the foregoing limitations and the following disclosures, no material connections have been found.

   a. On or about September 14, 2014, PJT's predecessor in interest, Blackstone Advisory Partners L.P., was retained by Weil Gotshal & Manges ("Weil"), as counsel to National Public Finance Corporation ("National"), one of the MIPs, to provide investment banking services concerning the potential restructuring of bonds or other debt obligations of the Commonwealth and related entities (the "National Engagement"). On October 30, 2017, Weil, as counsel to National, terminated the National Engagement, effective as of November 29, 2017. In connection with the termination of the National Engagement, by agreement effective as of February 19, 2019 (as amended on or about October 13, 2021) and subject to PJT not providing financial services in respect of PREPA and certain limitations concerning financial services provided in respect of HTA, National agreed that it would not

4

    object to PJT's representation of the Oversight Board. PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

b.   The sibling of one of PJT's employees is the General Counsel of Assured Guaranty Ltd., an affiliate of Assured Guaranty Corp., one of the MIPs. Such PJT employee is not part of the PJT team representing the Oversight Board in this Title III Proceeding. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

c.   PJT has been engaged to provide financial advisory services to an ad hoc committee of creditors to a company in a confidential matter. The members of such ad hoc committee include an affiliate of each of Assured Guaranty Corp. and BlueMountain Capital Management, LLC, each of which is a MIPs. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

d.   PJT has been engaged to provide advisory services to an affiliate of AT&T Mobility Puerto Rico Inc., one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

e.   PJT was previously engaged to provide financial advisory services to an affiliate of AXA Equitable Life Insurance Company, one of the MIPs, in two separate confidential matters. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

f.   PJT has been engaged to provide financial advisory services to a group of creditors of in a confidential matter. The members of such group include an affiliate of AXA Equitable Life Insurance Company, one of the MIPs. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

g.   An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group include Bank of New York Mellon and an affiliate of Invesco Advisors Inc., each of which is a MIPs. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

5

h. PJT was previously engaged to provide financial advisory services to the Official Committee of Unsecured Creditors in the chapter 11 case of FirstEnergy Solutions Corp. The members of such committee included Bank of New York Mellon, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

i. PJT was previously engaged to provide financial advisory services to a company in a confidential mater. An affiliate of BlackRock Advisors, LLC, one of the MIPs, is the equity holder of such company. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

j. PJT was previously engaged to provide financial advisory services to a company in four separate confidential matters. An affiliate of BlackRock Advisors, LLC, one of the MIPs, is an equity holder of such company. These engagements are wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

k. PJT has been engaged to provide financial advisory services to a company in a confidential matter. An affiliate of BlackRock Advisors, LLC, one of the MIPs, is an equity holder of such company. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

l. An affiliate of PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group included an affiliate of BlackRock Advisors, LLC, and an affiliate of Invesco Advisors Inc., each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

m. PJT was previously engaged to provide financial advisory services to a group of creditors to Denbury Resources in connection with its chapter 11 case. The members of such group included affiliate of BlackRock Advisors, LLC and GoldenTree Asset Management LP, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

n. PJT was previously engaged to provide financial advisory services to iCapital Network in connection with its acquisition of Artivest Holdings,

        Inc. An affiliate of BlackRock Advisors, LLC, one of the MIPs, is an equity holder of iCapital Network. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

o.   PJT was previously engaged to provide financial advisory services to a group of lenders to Whiting Petroleum Corporation in connection with its chapter 11 case. The members of such group included an affiliate of BlackRock Advisors, LLC, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

p.   PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group included an affiliate of BlackRock Advisors, LLC and Centerbridge Partners, L.P., each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

q.   PJT was previously engaged to provide financial advisory services to a group of creditors of Frontier Communications Corporation in connection with its chapter 11 case. The members of such group included an affiliate of BlackRock Advisors, LLC, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

r.   PJT was previously engaged to provide financial advisory services to an affiliate of BlackRock Advisors, LLC, one of the MIPs, in a confidential matter. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

s.   PJT was previously engaged to provide financial advisory services to an ad hoc group of creditors to a company in a confidential matter. The members of such ad hoc group included an affiliate of BlackRock Advisors, LLC and Whitebox Advisors L.L.C., each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

t.   PJT was previously engaged to provide financial advisory services to a group of creditors of Sanchez Energy Corporation in connection with its chapter 11 case. The members of such group included an affiliate of

7

        BlackRock Advisors, LLC, an affiliate of Franklin Advisers, Inc., and Whitebox Advisors L.L.C, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

u. An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include an affiliate of BlackRock Advisors, LLC, one of the MIPs. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

v. PJT was previously engaged to provide financial advisory services to a group of creditors in the chapter 11 case of Garrett Motion. The members of such group included BlueMountain Capital Management, LLC, GoldenTree Asset Management LP, an affiliate of Invesco Advisers Inc., and Knighthead Capital Management, LLC, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

w. PJT was previously engaged to provide financial advisory services to certain shareholders of PG&E Corporation in its chapter 11 case. Such shareholders included BlueMountain Capital Management, LLC, Centerbridge Partners, L.P., GoldenTree Asset Management LP, Knighthead Capital Management, LLC, Monarch Alternative Capital LP, Newtyn Partners, LP, an affiliate of Oceana Master Fund Ltd., Silver Point Capital, LP, and Stonehill Capital Management, LLC, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

x. PJT was previously engaged to provide financial advisory services to a group of lenders to EP Energy Corporation in connection with its chapter 11 case. The members of such group included Brigade Capital Management, LP, Davidson Kempner Capital Management LP and Monarch Alternative Capital LP, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

y. PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group included an affiliate of Canyon Capital Advisors LLC, Davidson Kempner Capital Management LP, and Marathon Asset Management, LP, each of which is a MIPs. This engagement was wholly unrelated to the

8

        Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

z.     PJT has been engaged to provide advisory services to an affiliate of Cardinal Health PR 120, Inc., one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

aa.     PJT has been engaged to provide financial advisory services to an affiliate of Centerbridge Partners, L.P., one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

bb.     PJT has been engaged to provide financial advisory services to Centerbridge Partners, L.P., one of the MIPs, in a separate confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

cc.     An affiliate of PJT was previously engaged to provide financial advisory services to a company in a confidential mater. Centerbridge Partners, L.P., one of the MIPs, was the equity holder of such company. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

dd.     PJT was previously engaged to provide financial advisory services to the administrative agent to certain lenders under a credit agreement with a company in a confidential matter. The lenders included an affiliate of Citigroup Global Markets Inc. and an affiliate of Wells Fargo Municipal Bond Fund, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ee.     An affiliate of PJT was previously engaged to provide financial advisory services to the facility agent on behalf of a group of lenders to a company in a confidential matter. The members of such group included an affiliate of Citigroup Global Markets Inc. and an affiliate of Oaktree Huntington Investment Fund II, L.P., each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

9

ff. PJT was previously engaged to provide advisory services to an affiliate of Citigroup Global Markets Inc., one of the MIPs, in a confidential matter. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

gg. PJT was previously engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group included Davidson Kempner Capital Management LP, an affiliate of Goldman Sachs & Co. LLC ("Goldman Sachs") and Silver Point Capital L.P., each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

hh. An affiliate of PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group included Davidson Kempner Capital Management LP, and an affiliate of Invesco Advisors Inc., one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ii. PJT was previously engaged to provide financial advisory services to an ad hoc committee of creditors to in a confidential matter. The members of such ad hoc committee included Davidson Kempner Capital Management LP, GoldenTree Asset Management LP and an affiliate of Goldman Sachs, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

jj. PJT was previously engaged to provide financial advisory services to a group of creditors of J. Crew Group in its chapter 11 case. The members of such group included Davidson Kempner Capital Management LP, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

kk. PJT was previously engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group included Davidson Kempner Capital Management LP, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

10

ll.  PJT was previously engaged to provide financial advisory services to a group of creditors in the chapter 11 case of iHeartMedia, Inc. The members of such group included Davidson Kempner Capital Management LP, Franklin Advisers, Inc., an affiliate of Sculptor Capital LP and Whitebox Advisors L.L.C, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

mm.  PJT has been engaged to provide advisory services to an affiliate of Edwards Lifesciences Technology SARL, one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

nn.  PJT was previously engaged to provide financial advisory services to an affiliate of FCO Advisors LP, one of the MIPs, in a confidential matter. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

oo.  PJT was previously engaged to provide financial advisory services to an affiliate of Financial Guaranty Insurance Company, one of the MIPs, in a confidential matter. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

pp.  PJT was previously engaged to provide financial advisory services to an ad hoc group of creditors to 24 Hour Fitness Worldwide, Inc. in connection with its chapter 11 case. The members of such group included an affiliate of Franklin Advisers, Inc. and an affiliate of Sculptor Capital LP, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

qq.  An affiliate of PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group included an affiliate of Franklin Advisers, Inc. and an affiliate of Massachusetts Mutual Life Insurance Company, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

11

rr. PJT has been engaged to provide financial advisory services to General Electric Company ("GE"), one of the MIPs, or to a group of lenders of which GE or one of its affiliates is or was a member in connection with the following matters:

  i. PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group include an affiliate of GE.

  ii. PJT was previously engaged to provide financial advisory services to GE in connection with the combination of the GE Capital Aviation Services business with AerCap Holdings N.V.

  iii. PJT was previously engaged to provide financial advisory services to GE in connection with its sale of its BioPharma business.

  iv. PJT was previously engaged to provide financial advisory services to GE, one of the MIPs, in a confidential matter.

  v. PJT was previously engaged to provide financial advisory services to GE in connection with the merger of GE Transportation and Wabtec Corporation.

  vi. PJT has been engaged to provide financial advisory services to GE in connection with GE's separation into three separate public companies.

  Each of these engagements is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

ss. PJT was previously engaged to provide financial advisory services to a company in a confidential matter. The owners of such company include an affiliate of GE and an affiliate of Goldman Sachs, each of which is a MIP. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

tt. PJT was previously engaged to provide financial advisory services to a company in a confidential matter. GoldenTree Asset Management LP, one of the MIPs, is an equity holder of such company. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

uu. PJT has been engaged to provide financial advisory services to a company in a confidential matter. One of the owners of such company is an affiliate

12

- of Goldman Sachs, one of the MIPs. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

vv. PJT has been engaged to provide financial advisory services to an affiliate of Goldman Sachs, one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ww. PJT was previously engaged to provide financial advisory services to the administrative agent to certain lenders under a credit agreement with a company in a confidential matter. The lenders included an affiliate of Goldman Sachs, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

xx. PJT was previously engaged to provide financial advisory services to an ad hoc committee of creditors to Ultra Petroleum Corp. in connection with its chapter 11 case. The members of such group included an affiliate of Goldman Sachs, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

yy. PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group included an affiliate of Goldman Sachs, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

zz. PJT was previously engaged to provide financial advisory services to a group of noteholders of a company in a confidential matter. The members of such group included an affiliate of Goldman Sachs and an affiliate of Oaktree Huntington Investment Fund II, L.P., each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

aaa. PJT has been engaged to provide advisory services to an affiliate of Hewlett Packard Caribe BV, LLC, one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

13

bbb. PJT has been engaged to provide advisory services to an affiliate of Hilton Worldwide International Puerto Rico LLC, one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

ccc. PJT was previously engaged to provide financial advisory services to an ad hoc committee of creditors to a company in a confidential matter. The members of such ad hoc committee included an affiliate of Invesco Advisers Inc., one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ddd. An affiliate of PJT was previously engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group included an affiliate of Invesco Advisers Inc., one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

eee. PJT was previously engaged to provide financial advisory services to EXCO Resources in connection with its chapter 11 case. An affiliate of Invesco Advisers Inc., one of the MIPs, was an equity holder in such company. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT dos not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

fff. An affiliate of PJT was previously engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group include Marathon Asset Management, L.P., one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ggg. An affiliate of PJT was previously engaged to provide financial advisory services to an ad hoc group of bondholders of a company in a confidential matter. The members of such group included Marathon Asset Management, L.P., Monarch Alternative Capital LP and an affiliate of Oaktree Huntington Investment Fund II, L.P., each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

hhh. PJT was previously engaged to provide financial advisory services to an affiliate of Massachusetts Mutual Life Insurance Company, one of the

        MIPs, in two separate confidential matters. These engagements were wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by these engagements.

iii. An affiliate of PJT was previously engaged to provide financial advisory services to a group of noteholders of a company in a confidential matter. The members of such group included an affiliate of Massachusetts Mutual Life Insurance Company, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

jjj. An affiliate of PJT was previously engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group included an affiliate of Massachusetts Mutual Life Insurance Company, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

kkk. PJT has been engaged to provide financial advisory services to Monarch Alternative Capital LP, one of the MIPs, in three separate confidential matters, two of which are closed. These engagements are wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by these engagements.

lll. An affiliate of PJT was previously engaged to provide financial advisory services to a group of creditors to company in a confidential matter. The members of such group included an affiliate of Monarch Alternative Capital LP, an affiliate of Sculptor Capital LP, and an affiliate of Silver Point Capital, LP, each of which is a MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

mmm. PJT has been engaged to provide financial advisory services to a company in two separate confidential matters. An affiliate of Oaktree Huntington Investment Fund II, L.P., one of the MIPs, is an equity holder of such company. These engagements are wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

nnn. PJT was previously engaged to provide financial advisory services to Chemical Tankers Inc. ("CTI") in connection with the acquisition by Hafnia Limited. An affiliate of Oaktree Huntington Investment Fund II, L.P., one

15

    of the MIPs, was a partial owner of the equity of CTI. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ooo. PJT was previously engaged to provide financial advisory services to an affiliate of Oaktree Huntington Investment Fund II, L.P., one of the MIPs, in two separate confidential matters. These engagements were wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by these engagements.

ppp. An affiliate of PJT was previously engaged to provide financial advisory services to an affiliate of Oaktree Huntington Investment Fund II, L.P., one of the MIPs, in a confidential matter. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

qqq. An affiliate of PJT has been engaged to provide financial advisory services to an affiliate of Shell Trading (U.S.) Company, one of the MIPs, in four separate confidential matters, three of which are closed. These engagements are wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

rrr. PJT has been engaged to provide financial advisory services to an affiliate of Shell Trading (U.S.) Company, one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

sss. PJT was previously engaged to provide financial advisory services to an ad hoc group of lenders to a company in a confidential matter. The members of such group included Silver Point Capital, LP, one of the MIPs. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ttt. PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include Silver Point Capital, LP, one of the MIPs. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

16

uuu. PJT was previously engaged to provide advisory services to the United States Department of the Treasury, one of the MIPs, in connection with the government's effort to provide aid to the passenger airline industry. This engagement was wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

vvv. PJT has been engaged to provide advisory services to an affiliate of State Street Global Advisors Trust Company, one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

www. An individual with whom PJT has an ongoing consultancy arrangement is a member of the stakeholder advisory committee to an affiliate of Wells Fargo Municipal Bond Fund, one of the MIPs. Such consultant is not part of the PJT team representing the Oversight Board in this Title III Proceeding. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

xxx. PJT has been engaged to provide advisory services to an affiliate of Wells Fargo Municipal Bond Fund, one of the MIPs, in a confidential matter. This engagement is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

yyy. Certain of the MIPs or their affiliates may hold a passive equity interest (*i.e.*, less than 20%) in certain of the entities to whom PJT and/or its affiliates have provided in the past or continue to provide advisory services. PJT does not routinely track or maintain such information but is not aware of any such engagement that is related to the Commonwealth or this Title III Proceeding or, by virtue of which, the interests of the Debtors or their estates are adversely affected.

11. Partners and/or employees of PJT or its affiliates may, from time to time, directly or indirectly hold equity and/or debt in certain of the MIPs.

12. Moreover, the Conflicts Management Program searched all PJT affiliates, and, to the best of my knowledge, information, and belief, all connections between PJT's affiliates and the MIPs are disclosed herein.

13. Based on the results of the Conflict Check, to the best of my knowledge, neither I, PJT, nor any partner or employee thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or other parties-in-interest, except as otherwise described herein.

14. PJT does not believe that its involvement with any of the MIPs adversely affects the Debtors or their estates in any way. PJT does not believe that any potential relationship it may have with any of the MIPs would interfere with or impair PJT's representation of the Oversight Board.

15. PJT and certain of its partners and employees may have in the past represented, may currently represent, and may in the future represent, certain of the MIPs in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these Title III Proceedings.

16. As part of its diverse practice, PJT appears in numerous cases, proceedings and transactions involving many different professionals, including attorneys, accountants, investment bankers, and financial consultants, some of which may represent claimants and parties-in-interest in these Title III Proceedings. In addition, PJT has in the past, is currently and will likely in the future be working with or against other professionals involved in these Title III Proceedings in matters unrelated to cases, including certain professionals that are MIPs. Further, PJT and its affiliates engage attorneys and other service providers from time to time to provide legal advice and/or other services to PJT and/or its affiliates, and certain of such service providers may be MIPs. Based on my current knowledge of the professionals, vendors, and other parties involved in these Title III Proceedings, and to the best of my knowledge, none of these business relations

18

constitute interests materially adverse to the Debtors or their estates, and none are in connection with these Title III Proceedings.

17. To the best of my knowledge, except as disclosed herein: (a) PJT has no material connection with the Debtors or their estates, the parties on the MIP List, the U.S. Trustee for the District of Puerto Rico (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Title III Proceedings or their respective attorneys or accountants; (b) PJT (and PJT's professionals) are not direct creditors or insiders of the Debtors; (c) neither PJT nor any of its professionals is or was, within two years of the date of the Commonwealth's filing of these Title III Proceedings, a director, officer, or employee of the Debtors; and (d) neither PJT nor its professionals holds or represents an interest materially adverse to the Debtors, their estates, or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason. Accordingly, I believe that PJT is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

18. PJT has performed reasonable due diligence for possible connections with the MIPs. Given the large number of parties-in-interest in these Title III Proceedings, despite the efforts to identify and disclose PJT's relationships with the MIPs, I am unable to state with absolute certainty that every client relationship or other connection has been disclosed in this Declaration. PJT, therefore, will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, PJT will promptly file a supplemental declaration with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge and belief.

May 16, 2022

*/s/ Steve M. Zelin*
Steve M. Zelin
Partner
PJT Partners LP