**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**DECLARATION OF ROBERT GORDON
IDENTIFYING JENNER & BLOCK LLP'S CONNECTIONS
TO MATERIAL INTERESTED PARTIES UNDER THE
<u>PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT</u>**

I, Robert Gordon, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a partner of the firm of Jenner & Block LLP ("**Jenner & Block**") which maintains offices for the practice of law in New York, New York; Chicago, Illinois; Washington D.C.; Los Angeles, California; San Francisco, California; and London, England. I am currently resident in Jenner & Block's New York office, located at 1155 Avenue of the Americas, New

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

York, New York 10036. I am an attorney duly licensed in and am a member in good standing of the bar for the States of New York, Illinois, and Michigan and am admitted to practice before several United States District Courts, as well as the United States Courts of Appeals for the Second and Sixth Circuits. I am admitted pro hac vice before this Court.

2. I submit this declaration (the "**PRRADA Declaration**") in accordance with the Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. § 2178 ("**PRRADA**"); the *Order Concerning Compliance With The Puerto Rico Recovery Accuracy In Disclosures Act* ("**PRRADA Compliance Order**") [Dkt. 19980]; and the *Order Approving List Of Material Interested Parties Pursuant To The Puerto Rico Recovery Accuracy In Disclosures Act* [Dkt. 20467] ("**MIP List Order**"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## PRRADA

3. On January 20, 2022, President Joseph R. Biden signed PRRADA into law. PRRADA requires the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to file a motion seeking approval of a list ("**MIP List**") of material interested parties ("**Material Interested Parties**") and requires professional persons seeking compensation under sections 316 and 317 of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101-2241 ("**PROMESA**") to identify connections to parties on the MIP List in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

4. On February 2, 2022, the Court entered the PRRADA Compliance Order, which directed the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to file a motion seeking approval of a MIP List.

5. On February 22, 2022, the Oversight Board submitted a *Motion Requesting Order Approving Proposed List of Material Interested Parties* [Dkt. 20194] ("**MIP List Motion**"). The MIP List Motion requested approval of a proposed MIP List that excluded (i) creditors whose claims were no longer active; (ii) certain creditors holding claims in multi-plaintiff litigation; and (iii) creditors asserting claims less than $1 million for claims against the Commonwealth or COFINA, and less than $500,000 against HTA, ERS, PBA, and PREPA.

6. On March 8, 2022, the United States Trustee filed a limited objection to the MIP List Motion [Dkt. 20274], arguing that PRRADA did not permit the Oversight Board to exclude from the MIP List creditors with inactive claims or the creditors who were plaintiffs in multi-plaintiff litigation.

7. On March 8, 2022, the Official Committee of Unsecured Creditors filed a limited response to the MIP List Motion [Dkt. 20276] ("**UCC Response**") requesting that professionals only be required to disclose connections to entities in the MIP List that were not previously identified as interested parties.

8. On March 14, 2022, the Retiree Committee filed a joinder [Dkt. 20325] to the UCC Response.

9. On March 21, 2022, the Court entered an order [Dkt. 20419] directing the Oversight Board to submit an Amended List that included creditors whose claims are no longer active and plaintiff members of multi-plaintiff litigations that are otherwise excluded from the MIP List if their individual claims exceed the applicable threshold.

10. On March 29, 2022, the Oversight Board submitted an amended MIP List (the "**Amended MIP List**") [Dkt. 20458].

3

11. On March 30, 2022, the Court entered the MIP List Order approving the Amended MIP List and directing professional persons to disclose connections to parties identified in the Amended MIP List no later than May 16, 2022. Consistent with the UCC Response, the MIP List Order further provides "to the extent any professional persons . . . have already complied with the requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures by such professional persons as required by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." (*Id.* at 2.)

### Jenner & Block's Retention and Prior Disclosures

12. On June 16, 2017, the Retiree Committee selected Jenner & Block as its counsel, subject to this Court's approval.

13. On July 19, 2017, the Retiree Committee filed with the Court its *Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 670-1] (the "**Retention Application**"). Attached as Exhibit A to the Retention Application is the *Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. No. 670-2] (the "**Original Declaration**"), which discloses connections to parties in interest in the Title III cases at the time of retention in accordance with Bankruptcy Rule 2014(a).

14. On August 10, 2017, the Court entered the *Order Authorizing the Employment of Jenner & Block LLP as Attorneys for the Committee of Retired Employees* [Dkt. 1002] ("**Retention Order**") approving Jenner's retention as counsel to the Retiree Committee, effective June 16, 2017, on the terms and conditions identified in the Retention Application, including that fees and expenses incurred by Jenner & Block be paid under sections 316 and 317 of PROMESA.

4

Accordingly, Jenner & Block is a "professional person" subject to PRRADA's disclosure requirements. *See* 48 U.S.C. § 2178(b).

15. On November 13, 2017, I filed the *First Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 1766] (the "**First Supplemental Declaration**").

16. On July 18, 2018, I filed the *Second Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 3612] (the "**Second Supplemental Declaration**").

17. On May 5, 2021, I filed the *Third Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 16685] (the "**Third Supplemental Declaration**").

18. On January 24, 2022, I filed the *Fourth Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 19663] (the "**Fourth Supplemental Declaration**").

19. On February 14, 2022, I filed the *Fifth Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 20123] (the "**Fifth Supplemental Declaration**").

20. In the Original Declaration, First Supplemental Declaration, Second Supplemental Declaration, Third Supplemental Declaration, Fourth Supplemental Declaration, and Fifth Supplemental Declaration, I stated that I would amend my declaration upon learning that: (a) any of the representations made therein were incorrect, or (b) there was any change of circumstance relating thereto.

### Jenner & Block's PRRADA Disclosures

21. Jenner & Block has conducted a search of its conflict database and has made other internal inquiries about connections with the Material Interested Parties identified in the Amended MIP List.

22. In the ordinary course of business, Jenner & Block requires its professionals, before accepting the representation of a new client or the representation of an existing client in a new matter, to perform a conflict check. Jenner & Block's conflict check procedures include a review of a database that includes every matter on which Jenner & Block is or at one time was retained and, in each instance, to the extent known, includes the identity of related and adverse parties. Jenner & Block regularly updates this database. Following those procedures, I asked Jenner & Block personnel to compare the names of Material Interested Parties against its database for all Jenner & Block clients and former clients since May 5, 2017, to research information about affiliates of certain of Material Interested Parties, to distribute email inquiries to all Jenner & Block attorneys, and to make follow-up inquiries.

23. Jenner & Block's connections with Material Interested Parties, other than those previously disclosed, are set forth below.

a. Since May 5, 2017, Jenner & Block or Jenner & Block attorneys represented the following Material Interested Parties in one or more matters unrelated to the Title III Cases:

  i. Great American Insurance Company
  ii. Greenberg Traurig, LLP
  iii. Paul Hastings LLP

b. Since May 5, 2017, Jenner & Block or Jenner & Block attorneys represented entities affiliated with the following Material Interested Parties in one or more matters unrelated to the Title III Cases:

  i. AES Puerto Rico LP
  ii. Ankura Consulting Group, LLC
  iii. Caribe GE International of Puerto Rico
  iv. Continental Casualty Company
  v. General Electric Company
  vi. GE Industrial of PR, LLC
  vii. Life Wireless
  viii. National Fire Insurance Company of Hartford
  ix. Nestle Puerto Rico
  x. Nuveen Maryland Quality Muni Income Fund, A Massachusetts Business Trust
  xi. Oaktree Huntington Investment Fund II, L.P.
  xii. PPG Architectural Coatings (Puerto Rico), Inc.
  xiii. Santander Asset Management LLC
  xiv. Sculptor Capital LP
  xv. St. Jude Medical Puerto Rico LLC

      xvi.   Telrite Corporation

      xvii.   West Corporation

      xviii.   XL Reinsurance America, Inc.

c. Since May 5, 2017, Jenner & Block or Jenner & Block attorneys represented one or more co-clients of entities affiliated with the following Material Interested Parties in one or more matters unrelated to the Title III Cases:

      i.   American Federation of State, County, and Municipal Employees International Union

      ii.   Wal-Mart Puerto Rico, Inc.

24. Jenner & Block's practice encompasses the representation of many entities, some of which may be or may become parties in interest without Jenner & Block's knowledge. Further, as part of its practice, Jenner & Block represents clients in numerous matters involving other law firms, financial advisory firms and professionals in either adverse and non-adverse roles, some of whom may represent the Debtors, creditors, or parties in interest, or may themselves be creditors or parties in interest in these Title III Cases, or may employ persons with whom Jenner & Block attorneys have personal or familial relationships. Although it is not practicable for Jenner & Block to identify all such connections, except as otherwise disclosed herein, I am unaware of any such connections that are material and believe that none of them would prevent Jenner & Block from being disinterested; would involve the holding or representation of an interest adverse to the Debtors' respective estates; or would create a conflict of interest with respect to this employment.

25. Based on the foregoing and the information contained in the Original Declaration, First Supplemental Declaration, Second Supplemental Declaration, Third Supplemental Declaration, Fourth Supplemental Declaration, and Fifth Supplemental Declaration, I believe that I am, and each Jenner & Block attorney is, a "disinterested person" as that term is defined in 11

8

U.S.C. § 101(14); that neither I nor any Jenner & Block attorney holds or represents any interest adverse to the Debtors' estates; and that Jenner & Block's attorneys do not represent in other matters parties with any interest adverse to the Debtors' estates, except as otherwise specified in the Original Declaration, First Supplemental Declaration, Second Supplemental Declaration, Third Supplemental Declaration, Fourth Supplemental Declaration, the Fifth Supplemental Declaration, and this PRRADA Declaration. Accordingly, I submit that Jenner & Block is not disqualified for employment by the Retiree Committee to represent it in these Title III Cases.

26. Jenner & Block informed the Retiree Committee of the aforementioned connections to the Material Interested Parties and the Retiree Committee expressed no concern about it relative to Jenner & Block's continued engagement by the Retiree Committee.

27. I will amend this PRRADA Declaration promptly upon learning that: (a) any of the representations herein are incorrect, or (b) there is any change of circumstance relating thereto.

(*Signature page follows*.)

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: May 16, 2022

JENNER & BLOCK LLP

*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
Carl Wedoff (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
rgordon@jenner.com
rlevin@jenner.com
cwedoff@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*