# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### DECLARATION OF JORGE E. MARCHAND SIFRE
### IDENTIFYING MARCHAND ICS GROUP INC.'S CONNECTIONS TO MATERIAL INTERESTED PARTIES UNDER
### THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT

Pursuant to 28 U.S.C. § 1746, Jorge E. Marchand Sifre, declares as follows:

1. I am founder and principal of Marchand ICS Group Inc. ("**Marchand**"), which provides communications consulting services. Unless otherwise noted, I have personal knowledge of the facts set forth herein.[2]

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at Marchand ICS Group Inc. and are based on information provided by them.

2. I submit this declaration (the "**PRRADA Declaration**") in accordance with the Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. § 2178 ("**PRRADA**"); the *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* ("**PRRADA Compliance Order**") [Dkt. 19980]; and the *Order Approving List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. 20467] ("**MIP List Order**").

## PRRADA

3. On January 20, 2022, President Joseph R. Biden signed PRRADA into law. PRRADA requires the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to file a motion seeking approval of a list of Material Interested Parties ("**MIP List**") and requires professional persons seeking compensation under sections 316 and 317 of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101-2241 ("**PROMESA**") to identify connections to parties on the MIP List in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedures.

4. On February 2, 2022, the Court entered the PRRADA Compliance Order, which directed the Oversight Board to file a motion seeking approval of a MIP List.

5. On February 22, 2022, the Oversight Board submitted a *Motion Requesting Order Approving Proposed List of Material Interested Parties* [Dkt. 20194] ("**MIP List Motion**"). The MIP List Motion requested approval of a proposed MIP List that excluded (i) creditors whose claims were no longer active; (ii) certain creditors holding claims in multi-plaintiff litigation; and (iii) creditors asserting claims less than $1 million for claims against the Commonwealth or COFINA, and less than $500,000 against HTA, ERS, PBA, and PREPA

6. On March 8, 2022, the United States Trustee for Region 21 filed a limited objection to the MIP List Motion [Dkt. 20274], arguing that PRRADA did not permit the Oversight Board to exclude from the MIP List creditors with inactive claims or the creditors who were plaintiffs in multi-plaintiff litigation.

7. On March 8, 2022, the Official Committee of Unsecured Creditors filed a limited response to the MIP List Motion [Dkt. 20276] ("**UCC Response**") requesting that professionals only be required to disclose connections to entities in the MIP List that were not previously identified as interested parties.

8. On March 14, 2022, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") filed a joinder [Dkt. 20325] to the UCC Response.

9. On March 21, 2022, the Court entered an order [Dkt. 20419] directing the Oversight Board to submit an amended MIP List that included creditors whose claims are no longer active and plaintiff members of multi-plaintiff litigations that are otherwise excluded from the MIP List if their individual claims exceed the applicable threshold.

10. On March 29, 2022, the Oversight Board submitted an amended MIP List (the "**Amended MIP List**") [Dkt. 20458].

11. On March 30, 2022, the Court entered the MIP List Order approving the Amended MIP List and directing professional persons to disclose connections to parties identified in the Amended MIP List no later than May 16, 2022. Consistent with the UCC Response, the MIP List Order further provides "to the extent any professional persons . . . have already complied with the requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures

3

by such professional persons as required by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." (*Id.* at 2.)

### Marchand's Retention and Prior Disclosures

12. On September 5, 2017, the Retiree Committee elected to employ Marchand to represent the Retiree Committee as its information agent, subject to this Court's approval.

*13.* On September 12, 2017, the Retiree Committee filed its Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order (I) Establishing Procedures for Retiree Access to Information Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(a) and (II) Employing Marchand ICS Group in Connection Therewith [Dkt. No. 1280] (the "**Retention Application**") pursuant to sections 105(a), 1120, and 1103 of the Bankruptcy Code. Attached as Exhibit B to the Retention Application is the *Declaration of Jorge Marchand Sifre in Support of the Motion if the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order (I) Establishing Procedures for Retiree Access to Information Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(a) and (II) Employing Marchand ICS Group in Connection Therewith* (the "**Original Declaration**"), which discloses connections to parties in interest in the Title III cases at the time of retention in accordance with Bankruptcy Rule 2014(a).

14. On October 6, 2017, the Court entered the Retention Order approving Marchand's retention as information agent to the Retiree Committee, effective July 21, 2017, on the terms and conditions identified in the Retention Application, including that fees and expenses incurred by Marchand be paid under sections 316 and 317 of PROMESA. Accordingly, Marchand is a "professional person" subject to PRRADA's disclosure requirements. See 48 U.S.C. § 2178(b).

4

**Marchand's PRRADA Disclosures**

15. Marchand has conducted an analysis within its internal computer database containing names of individuals and entities that are present or recent former clients of Marchand about connections with the parties identified in the Amended MIP List ("**Material Interested Parties**").

16. In the ordinary course of business, Marchand performs conflict checks before accepting the representation of a new client or the representation of an existing client in a new matter. Marchand's conflict check procedures include a review of a database that includes every matter on which Marchand is or at one time was retained and, in each instance, to the extent known, includes the identity of related parties. Marchand regularly updates this database. Following those procedures, I asked Marchand personnel to compare the names of Parties in Interest against its database for all Marchand clients and former clients since July 21, 2017.

17. Marchand has identified the Material Interested Parties that Marchand or Marchand employees have represented. For disclosure purposes, Marchand identified two Parties in Interest that were clients of Marchand, in matters related to these Title III Cases. From April 2016 to July 2016, Marchand provided public relations services to Ambac Assurance Corporation, in particular, communications to educate Commonwealth citizens about PROMESA. That engagement has concluded and Ambac Assurance Corporation is no longer a client of Marchand. Further, Marchand provided communications, risk management, and related services to UBS. Prior to its engagement by the Retiree Committee, certain of these services related to UBS's underwriting of certain pension obligation bonds and related proceedings. That engagement has concluded and UBS is no longer a client of Marchand.

18. Marchand's practice encompasses the representation of many entities, some of which may be or may become parties in interest without Marchand's knowledge. Further, as part of its practice, Marchand represents clients in numerous matters involving other law firms, financial advisory firms, and professionals in either adverse and non-adverse roles, some of whom may represent the Debtors, creditors, or parties in interest, or may themselves be creditors or parties in interest in these Title III Cases or may employ persons with whom Marchand personnel have personal or familial relationships. Although it is not practicable for Marchand to identify all such connections, except as otherwise disclosed herein, I am unaware of any such connections that are material and believe that none of them would prevent Marchand from being disinterested; would involve the holding or representation of an interest adverse to the Debtors' respective estates; or would create a conflict of interest with respect to this employment.

19. Based on the foregoing and to the best of my knowledge, information and belief, I believe that I am, and each Marchand Professional is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14); that neither I nor any Marchand Professional holds or represents any interest adverse to the Debtors' estates; and that Marchand Professionals do not represent in other matters parties with any interest adverse to the Debtors' estates, except as otherwise specified in this PRRADA Declaration. Accordingly, I submit that Marchand is not disqualified for employment by the Retiree Committee to represent it in these Title III Cases.

20. Marchand informed the Retiree Committee of the aforementioned connections to the Material Interested Parties and the Retiree Committee expressed no concern about it relative to Marchand's continued engagement by the Retiree Committee.

21. I will amend this PRRADA Declaration promptly upon learning that: (a) any of the representations herein are incorrect, or (b) there is any change of circumstance relating thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2022

                              MARCHAND ICS GROUP

                              By:
                              */s/ Jorge Marchand Sifre*
                              Jorge Marchand Sifre
                              161 San Jorge St., Suite 402-E
                              San Juan, Puerto Rico 00911
                              (787) 765-0444
                              jorge@marchandics.com

                              *Information Agent for The Official Committee of Retired Employees of Puerto Rico*