# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
In re:                                                                   :
                                                                         :
THE FINANCIAL OVERSIGHT AND                                              : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                        : Title III
                                                                         :
    as representative of                                              : Case No. 17-BK-3283 (LTS)
                                                                         :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                               : (Jointly Administered)
                                                                         :
    Debtors.[1]                                                       :
------------------------------------------------------------------------ x

## SECOND SUPPLEMENTAL DECLARATION OF JUAN J. CASILLAS AYALA REGARDING RETENTION OF CASILLAS, SANTIAGO & TORRES, LLC AS LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Juan J. Casillas, hereby declare under penalty of perjury:

1. I am a Capital Member in the law firm of Casillas, Santiago & Torres, LLC ("CST Law") with offices at El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, Puerto Rico 00901. The facts set forth in this supplemental declaration (the "Second Supplemental Declaration") are based upon my personal knowledge, discussions with other CST Law attorneys, and the firm's client/matter records that were reviewed by me or other CST Law attorneys acting under my supervision and direction.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. On August 4, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application of Official Committee of Unsecured Creditors for Employment of Casillas, Santiago & Torres, LLC as Local Counsel to Committee* [Docket No. 884] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases.

3. By order of this Court entered October 6, 2017 [Docket No. 1414] (the "Retention Order"), CST Law's retention as counsel for the Committee was approved effective as of July 23, 2017. The Retention Order provided that "[t]he retention of Casillas, Santiago & Torres, LLC, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for HTA, ERS, and PREPA. Accordingly, CST Law's retention extends to the representation of the Committee as the official committee for HTA, ERS, and PREPA.[3]

4. Since the filing of the Initial Declaration on August 4, 2017, I have submitted a supplemental declaration [Docket No. 3753] (together with the Initial Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

5. On January 19, 2022, the Court entered an order [Docket No. 19813] confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico,*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

[3] The "Committee" refers to the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

*and the Puerto Rico Public Buildings Authority* (the "Plan"). The effective date of the Plan occurred on March 15, 2022.

**Review and Disclosure of Additional Interested Parties**

6. In accordance with the Puerto Rico Recovery Accuracy in Disclosures Act (the "PRRADA") and the Court's related orders [Docket Nos. 19859, 19980, 20419, and 20467], the Oversight Board submitted an initial List of Material Interested Parties, as defined in the PRRADA (the "Initial MIP List"), which the Oversight Board thereafter amended (the "Amended MIP List" and, together, the "MIP List"). The entities set forth on the MIP List are referred to herein as the "MIP Parties." The MIP List is set forth on Exhibit A hereto.

7. In preparing this Supplemental Declaration, I caused to be submitted for review under our conflicts check system the MIP Parties. The results of our conflicts check were compiled and analyzed by CST Law attorneys acting under my supervision. While certain individuals and entities may be parties in interest in more than one capacity in the Title III Cases, e.g., as a creditor in one or multiple title III cases and a party that has filed a notice of appearance, CST Law's updates do not cover changes in capacity during the course of a bankruptcy case. Given the prior disclosure of CST Law's relationship, if any, to such entities, such disclosure is not repeated here.

8. To the extent the conflicts check searches indicated that CST Law has performed services for any MIP Party within the last five years, the identity of such entity and the nature of CST Law's relationship with such entity are set forth in Exhibit B hereto. Exhibit B does not include relationships that CST Law has with MIP Parties or their respective parents or affiliates that were previously disclosed in the Prior Declarations.

9. To the best of my knowledge, based on the review procedures described above, CST Law does not have any "connection" to the MIP Parties, except as described in the Prior

3

Declarations or in this Second Supplemental Declaration. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

10. Neither I, nor any capital member, income member, counsel, senior associate or associate of CST Law, as far as I have been able to ascertain, has any connection with any MIP Party, except as set forth below or otherwise in the Prior Declarations or this Second Supplemental Declaration (including the Exhibits hereto):

(a) Attached hereto as Exhibit B and incorporated herein by reference is a list of the MIP Parties (or their affiliates) whom CST Law represents, or has represented in the past, in matters *unrelated* to the matters on which the Committee has retained CST Law. Although CST Law has represented, currently represents, and may continue to represent certain entities and individuals listed on Exhibit B hereto, CST Law will not represent any such entity or individual in the Title III Cases.

(b) Each of the entities identified on Exhibit B hereto as a "current client" accounted for less than 8% of CST Law's fees collected for the firm's fiscal year ending December, 2021. For the avoidance of doubt, the services performed for such entities were unrelated to the matters on which the Committee has retained CST Law.

### New Hires

11. Since filing the First Supplemental Declaration, a number of individuals, including attorneys and other paraprofessionals (collectively, the "New Hires") have joined CST Law. Except as detailed below per their input in the hiring process, these New Hires neither (i) worked on matters related to the Debtors or to Interested Parties in the Title III Cases nor (ii) were exposed to confidential information related to the Debtors or to Interested Parties in the Title III Cases in connection with their prior positions.

4

i. New Hires *Not* Exposed to Confidential Information in Prior Position and *Not* Subject to an Ethical Wall

12. For the New Hires identified on Exhibit C hereto, CST Law has determined that it is not necessary to set up an ethical wall due to a variety of factors (in addition to the fact that these New Hires did not work on matters related to the Debtors and were not exposed to confidential information related to the Debtors). Among these factors are that these New Hires were not exposed to confidential information related to the Debtors and/or their prior employment long predates the Title III Cases.

\* \* \*

13. Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, CST Law does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed CST Law, and CST Law is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that CST Law:

(a) is not a creditor, equity security holder, or insider of the Debtors;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14. Despite the efforts described above to identify and disclose CST Law's connections with parties in interest in the Title III Cases, CST Law is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if

5

CST Lawdiscovers additional information that requires disclosure, CST Law will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of May, 2022

*/s/ Juan J. Casillas Ayala*
Juan J. Casillas Ayala