UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                                         :
In re:                                                                   :
                                                                         :
THE FINANCIAL OVERSIGHT AND                                              :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                        :   Title III
                                                                         :
         as representative of                                            :   Case No. 17-BK-3283 (LTS)
                                                                         :
THE COMMONWEALTH OF PUERTO RICO, et al.,                                 :   (Jointly Administered)
                                                                         :
         Debtors.¹                                                       :
------------------------------------------------------------------------ x
```

**ELEVENTH SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Luc A. Despins, hereby declare under penalty of perjury:

1. I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings") with offices worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to practice in the State of New York. The facts set forth in this supplemental declaration (the "Eleventh Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. On July 10, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket No. 610] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases.

3. By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of June 26, 2017. The Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for HTA, ERS, and PREPA. Accordingly, Paul Hastings' retention extends to the representation of the Committee as the official committee for HTA, ERS, and PREPA.[3]

4. Since the filing of the Initial Declaration on July 10, 2017, I have submitted a total of ten (10) supplemental declarations [Docket Nos. 1357, 2485, 3712, 4134, 5823, 8286, 9089, 12479, 14598, 20117] (together with the Initial Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

[3] The "Committee" refers to the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

5. On January 19, 2022, the Court entered an order [Docket No. 19813] confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (the "Plan"). The effective date of the Plan occurred on March 15, 2022.

### Review and Disclosure of Additional Interested Parties

6. In accordance with the Puerto Rico Recovery Accuracy in Disclosures Act (the "PRRADA") and the Court's related orders [Docket Nos. 19859, 19980, 20419, and 20467], the Oversight Board submitted an initial List of Material Interested Parties, as defined in the PRRADA (the "Initial MIP List"), which the Oversight Board thereafter amended (the "Amended MIP List" and, together, the "MIP List"). On March 21 and 30, 2022, the Court directed that, "to the extent any professional persons (as identified in PRRADA) have already complied with the requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures by such professional persons as required by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." *See* Docket Nos. 20419 and 20467.

7. Consistent with these orders, Paul Hastings first identified those persons and entities on the MIP List that were not previously included on Paul Hastings' list of Interested Parties (as of January 4, 2022).[4] The list of such persons and entities is collectively referred to herein as the "Additional MIP Parties." The list of Additional MIP Parties is attached hereto as Exhibit A. Paul Hastings then reviewed its conflicts check system for the Additional MIP

---

[4] While certain individuals and entities may be involved in more than one capacity in the Title III cases of the Commonwealth, COFINA, ERS, HTA, PREPA, and PBA (collectively, the "Title III Cases"), *e.g.*, as a creditor in one or multiple Title III Cases and as a party that has filed a notice of appearance, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case. Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

3

Parties, and the results were compiled and analyzed by Paul Hastings attorneys acting under my supervision. To the extent the conflicts check searches indicated that Paul Hastings has performed services for any Additional MIP Party within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in Exhibit B hereto.[5] Exhibit B does not include relationships that Paul Hastings has with parents or affiliates of Additional MIP Parties that were previously disclosed in the Prior Declarations.

8. Furthermore, Exhibit B is overly inclusive because it not only discloses connections with the Additional MIP Parties, but also discloses changes in Paul Hastings' relationship with entities on the MIP List, compared to the disclosures in the Prior Declarations, including, for example, where a previously disclosed client relationship has ended by indicating that the relevant entity is now a "former client" (as is the case, for example, for certain Hewlett Packard entities).

9. To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the Additional MIP Parties, except as described in the Prior Declarations or in this Eleventh Supplemental Declaration. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

10. Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with any Additional MIP Party, except as set

---

[5] For the avoidance of doubt, starting with this Eleventh Supplemental Declaration, Paul Hastings will use the MIP List (as it may be amended in the future), and not its list of Interested Parties, as the basis for making supplemental disclosures.

4

forth below or otherwise in the Prior Declarations or this Eleventh Supplemental Declaration (including the Exhibits hereto):

(a) Attached hereto as <u>Exhibit B</u> and incorporated herein by reference is a list of the Additional MIP Parties (or their affiliates) whom Paul Hastings represents, or has represented in the past, in matters ***unrelated*** to the matters on which the Committee has retained Paul Hastings. Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on <u>Exhibit B</u> hereto, Paul Hastings will not represent any such entity or individual in the Title III Cases.

(b) Each of the entities identified on <u>Exhibit B</u> hereto as a "current client" accounted for less than 1% of Paul Hastings' fees collected for the firm's fiscal year ending January 31, 2022. For the avoidance of doubt, the services performed for such entities were unrelated to the matters on which the Committee has retained Paul Hastings.

11. Paul Hastings also currently represents Drivetrain, LLC (which is a member of the Committee), as trustee for the Avoidance Actions Trust (as defined in the Plan), as well as the two Committee appointees to the Avoidance Actions Trust Board (as defined in the Plan), but solely in their claims supervisory capacity under Section 82.1(b) of the Plan.

## New Hires

12. Since filing the Tenth Supplemental Declaration, a number of individuals, including attorneys, legal interns, paralegals, and other paraprofessionals (collectively, the "<u>New Hires</u>") have joined Paul Hastings. Except as detailed below per their disclosure to the firm, the hiring process, these New Hires neither (i) worked on matters related to the Debtors or to Interested Parties in the Title III Cases nor (ii) were exposed to confidential information related to the Debtors or to Interested Parties in the Title III Cases in connection with their prior positions.

      i.      <u>New Hires **Not** Exposed to Confidential Information in Prior Position and, Out of an Abundance of Caution, Subject to an Ethical Wall</u>

13. Based on their disclosure to the firm, the New Hires identified on <u>Exhibit C</u> hereto did not represent, and were not exposed to confidential information related to the Debtors; however, out of an abundance of caution, Paul Hastings has imposed an ethical wall on these New Hires.

      ii.      <u>New Hires **Not** Exposed to Confidential Information in Prior Position and **Not** Subject to an Ethical Wall</u>

14. For the New Hires identified on <u>Exhibit D</u> hereto, Paul Hastings has determined that it is not necessary to set up an ethical wall due to a variety of factors (in addition to the fact that these New Hires did not work on matters related to the Debtors and were not exposed to confidential information related to the Debtors). Among these factors are that these New Hires are not expected to work on the Puerto Rico matter, they generally had a low level of seniority at their prior employment, and/or their prior employment long predates the Title III Cases.

      iii.      <u>Other New Hires</u>

15. In February 2022, Braddock Stevenson joined Paul Hastings as counsel in the Washington, D.C. office. Mr. Stevenson has informed Paul Hastings that, from January 2020 to February 2022, he was counsel with O'Melveny & Myers LLP ("<u>O'Melveny</u>"), where he represented the AAFAF regarding its use and distribution of funds under the CARES Act and the American Rescue Plan Act ("<u>ARPA</u>"). More specifically, Mr. Stevenson reviewed requests for CARES Act and ARPA funds and determined if they were eligible expenditures under applicable Treasury regulations. Mr. Stevenson has further informed Paul Hastings that, other than the limited AAFAF involvement set forth above, he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while at O'Melveny. Out of an abundance of caution, Paul Hastings has

6

imposed (and will continue to impose) an ethical wall between Mr. Stevenson and the firm's representation of the Committee in the Title III Cases.

16. In March 2022, Benjamin Seelig joined Paul Hastings as an associate in the San Francisco office. Mr. Seelig has informed Paul Hastings that, from September 2019 to March 2022, he was an associate with O'Melveny, where he worked on matters unrelated to the Title III Cases for AAFAF, including (a) the disbursement of federal COVID-19 relief funds through the CARES Act and ARPA, (b) matters relating to additional federal grants/assistance (e.g., Department of Education grants, FEMA assistance to the island) to the extent those monies overlap with COVID relief funds, and (c) developing programs and policies with the Governor of Puerto Rico's office to disburse COVID-19 relief funds in conjunction with AAFAF. Mr. Seelig has further informed Paul Hastings that, other than the limited AAFAF involvement set forth above, he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while at O'Melveny. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Seelig and the firm's representation of the Committee in the Title III Cases.

17. In April 2022, a group of restructuring attorneys from Stroock & Stroock & Lavan LLP ("Stroock") joined Paul Hastings in varying capacities in the firm's New York and Century City, CA offices. With respect to these hires, Paul Hastings makes the following disclosures:

- While at Stroock, four individuals—Kenneth Pasquale (partner), David Mohamed (paralegal), Michael Magzamen (paralegal), and Mathew Laskowski (paralegal) (collectively, the "Stroock/AFT/AFSCME Team")—represented the American Federation of Teachers, AFL-CIO (AFT) and/or the American Federation of State, County & Municipal Employees (AFSCME) in the Title III Cases. The Stroock/AFT/AFSCME Team did not bring this matter to Paul Hastings and has not, and will not, work on this matter at Paul Hastings. Out of an abundance of

7

caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Messrs. Pasquale, Mohamed, Magzamen, and Laskowski and the firm's representation of the Committee in the Title III Cases.

- While at Stroock, three individuals—Kris Hansen (partner), Jon Canfield (partner) and Michael Magzamen (paralegal) (the "Stroock/Ad Hoc Group Team")—represented the Ad Hoc Group of Noteholders of FGIC-Insured Notes in the Title III Cases, until they resigned from such representation in July 2019. *See* Docket No. 8318. The Stroock/Ad Hoc Group Team did not bring this matter to Paul Hastings and has not, and will not, work on this matter at Paul Hastings. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Messrs. Hansen, Canfield, and Magzamen and the firm's representation of the Committee in the Title III Cases.

- While at Stroock, two individuals—Frank Merola (partner), Jon Canfield (partner), and Isaac Sasson (associate) (the "Stroock/Adirondack Team")—represented Adirondack Holdings I LLC and Adirondack Holdings II LLC in the Title III Cases, until early 2020. The Stroock/Adirondack Team did not bring this matter to Paul Hastings and has not, and will not, work on this matter at Paul Hastings. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Messrs. Merola, Canfield, and Sasson and the firm's representation of the Committee in the Title III Cases.

- While at Stroock, three individuals—Dan Fliman (partner), Jason Pierce (of counsel), and Isaac Sasson (associate) (the "Stroock/Whitebox Team" and, together with the Stroock/AFT/AFSCME Team, the Stroock/Ad Hoc Group Team, and the Stroock/Adirondack Team, the "Stroock Teams")—represented Whitebox Asymmetric Partners, L.P., Whitebox Institutional Partners, L.P., Whitebox Multi-Strategy Partners, L.P., Pandora Select Partners, L.P., and Whitebox Term Credit Fund I L.P (collectively, the "Whitebox Funds") in connection with COFINA's Title III Case, until they resigned from such representation in January 2019.[6] *See* Docket 4629. The Stroock/Whitebox Team did not bring this matter to Paul Hastings and has not, and will not, work on this matter at Paul Hastings. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Messrs. Fliman, Pierce, and Sasson and the firm's representation of the Committee in the Title III Cases.

18. The Stroock Teams have informed Paul Hastings that, other than the aforementioned involvements, the Stroock Teams did not work on matters related to the Debtors

---

[6] Prior to joining Stroock in the spring of 2018, Messrs. Fliman and Sasson represented the Whitebox Funds while at Kasowitz Benson Torres LLP. *See* Docket No. 2614.

8

or the Title III Cases and were not exposed to confidential information related to the Debtors or the Title III Cases while at Stroock.

19. Furthermore, out of an abundance of caution, Paul Hastings also discloses that, in connection with the recent addition of former Stroock attorneys, it represents certain ad hoc groups of creditors on matters wholly unrelated to the Title III Cases where one or more of the members of such a group may be creditors of the Debtors. Paul Hastings does not believe that these types of representations, whether current or occurring in the future, are or will be relevant for purposes of its continuing disclosures in the Title III Cases because (a) such groups have no nexus to the Title III Cases and (b) Paul Hastings represents the ad hoc group and not the respective members of such groups in such matters.

20. In the summer of 2022, Elle Infante will join Paul Hastings as a summer associate in the Los Angeles office. Ms. Infante has informed Paul Hastings that, from May 2021 to August 2021, she was a summer associate at McDermott Will & Emery LLP ("McDermott"), which represents Goldman Sachs and Goldman Sachs Asset Management, LP (together, "Goldman Sachs") in the Title III Cases. Ms. Infante has informed Paul Hastings that she did not work on matters related to Goldman Sachs, the Debtors, or the Title III Cases and was not exposed to confidential information related to Goldman Sachs, the Debtors, or the Title III Cases while at McDermott. Ms. Infante has further informed Paul Hastings that, from June 2018 to July 2020, she was a litigation paralegal in New York at Proskauer Rose LLP ("Proskauer"), which represents the Oversight Board. Ms. Infante has informed Paul Hastings that, while at Proskauer, she spent approximately 40 hours on matters for the Oversight Board related to the Title III Cases, including calculating and calendaring response deadlines, retrieving and organizing cases, and cite-checking briefs. Ms. Infante has further informed Paul Hastings that, while at Proskauer, she worked on matters for Depository Trust & Clearing, Xerox, and

McKinsey & Company, but does not recall if these matters related to the Title III Cases. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Infante and the firm's representation of the Committee in the Title III Cases.

21. Finally, in the summer of 2022, Nelson Méndez Valentín will join Paul Hastings as a summer associate in the New York office. Mr. Méndez Valentín has informed Paul Hastings that he was a 2021 summer associate at Pietrantoni Méndez & Álvarez LLC ("Pietrantoni Méndez"), which represented the Government Development Bank for Puerto Rico (the "GDB"), and represents the Puerto Rico Fiscal Agency and Financial Advisory Authority (the "AAFAF") and Eduardo Bhatia Gautier, in the Title III Cases. Mr. Méndez Valentín has further informed Paul Hastings that, from January 2019 to April 2019 and from October 2019 to November 2019, he was a business analyst with RSM Puerto Rico in San Juan, Puerto Rico. Mr. Méndez Valentín has informed Paul Hastings that he did not work on matters related to the GDB, the AAFAF, Eduardo Bhatia Gautier, the Debtors, or the Title III Cases and was not exposed to confidential information related to such persons and entities, the Debtors, or the Title III Cases while at Pietrantoni Méndez and RSM Puerto Rico. Mr. Méndez Valentín has further informed Paul Hastings that, from January 2020 to August 2020, he was a financial analyst with the Oversight Board in San Juan, Puerto Rico, where he worked with certain government agencies on requests regarding their budgets, organized such requests and responses, and had access to an Excel sheet detailing the prospective budget cuts for the agencies. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Méndez Valentín and the firm's representation of the Committee in the Title III Cases.

\* \* \*

22. Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed Paul Hastings, and Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

(a) is not a creditor, equity security holder, or insider of the Debtors;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

23. Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of May, 2022

                                                             /s/ Luc A. Despins
                                                             Luc A. Despins