# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) PROMESA<br>) Title III<br>) |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | ) No. 17-BK-3283 (LTS)<br>) |
| as representative of | ) |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*,[1] | ) |
| Debtors. | ) (Jointly Administered) |

## DECLARATION OF EYCK O. LUGO PURSUANT TO THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURE ACT

I, Eyck O. Lugo, hereby declare under penalty of perjury:

1. I am a Senior Counsel with EDGE Legal, LLC (formerly EDGE Legal Strategies, PCS and hereinafter "**ELS**"), a law firm with its principal offices at 252 Ponce de Leon Avenue, Suite 1200, in San Juan, Puerto Rico. I am authorized to make

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

this Declaration on behalf of myself and ELS in compliance with the *Order Approving List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. No. 20467] (the "**PRRADA Compliance Order**"), entered on March 30, 2022. This Declaration is based on my personal knowledge and if called to testify, I could and would testify competently to the written statements made in this Declaration.

2. The Court appointed our client, Brady C. Williamson (the "**Fee Examiner**") in the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416] (the "**Fee Examiner Order**.")

3. I am licensed to practice law in Puerto Rico and New York, and I am a member in good standing of the Bar of the Commonwealth of Puerto Rico and the New York State Bar. I am also admitted to practice before the U.S. Court of Appeal for the First Circuit, and U.S. District Court for the District of Puerto Rico and the U.S. Bankruptcy Court for the District of Puerto Rico.

4. ELS, which employs about 12 attorneys, has a large and diverse legal practice that primarily, though not exclusively, represents corporate clients based in Puerto Rico. Among these clients are financial institutions, insurance companies, business and industry groups, and others that may have a direct or indirect interest in these proceedings.

5. ELS has established procedures for reviewing possible conflicts and for determining connections between ELS, or ELS attorneys, and outside entities. Pursuant

to those procedures, I performed, or caused to be performed, the following actions to identify for disclosure any parties relevant to this Declaration and these proceedings and to determine any ELS connection to each such party.

      A.     ELS entered the names appearing on list attached to the *Notice of Filing Amended List of Material Interested Parties Pursuant to Puerto Rico Recovery Accuracy in Disclosure Act* [Dkt. No. 20458] and approved by the Court in the PRRADA Compliance Order (the "**Amended MIP List**") into its conflicts check database, which contains the names of all its clients and conflict information concerning each such client, as well as the names of entities with which ELS attorneys have formal relationships. As a result, I obtained a list of names from the ELS conflicts check database that appeared to be in any way similar to the name of any Interested Party. I have reviewed that list.

      B.     I additionally sent an inquiry to all ELS attorneys to determine whether any such attorney: (a) owns any interest in Puerto Rican debt instruments; (b) has any pending claims against any of the Debtors; (c) is, or has a relative who is, a current officer, director, employee, or elected official of the Debtors; (d) has any immediate family member who has been employed by, is, or was in the past an elected official of any of the Debtors; or (e) has any other significant connection with the Debtors.

      C.     I also have inquired within the firm about connections with the United States Trustee program or any person employed in the office of the U.S. Trustee.

3

6. Based on the procedures described above, I have determined that ELS provided legal services to the Puerto Rico Public Building Authority and to the Financial Oversight and Management Board for Puerto Rico in the past 5 years. The last services offered to the Puerto Rico Public Building Authority were in June 2018. The last services offered to the Financial Oversight and Management Board for Puerto Rico were in June 2020. Currently neither ELS, nor I currently represent any of the Debtors.

7. The Fee Examiner has and may continue to serve in a capacity that is potentially adverse to some of the professionals retained in these cases, including those listed on Schedules 4(A) through 4(E) of the Amended MIP List.

8. To the best of my knowledge, this Declaration discloses all connections between ELS and myself and the parties listed on the Amended MIP List known to ELS as of today's date. Due to the size of the Debtors and the complexity of these cases, ELS cannot state with absolute certainty that, at this time, it has identified and disclosed every single connection it has with each party appearing on the Amended MIP List. However, ELS will promptly file supplemental disclosures of any such connections if any additional relevant information comes to my or ELS's attention.

9. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, including a review of the information in ELS's conflicts check database and direct inquiry of ELS's attorneys:

A. Neither ELS nor I hold or represents any interest adverse to the Debtors, the Debtor Affiliates, or their respective estates.

B.	Neither ELS nor I am connected with the United States Trustee for Region 21, any persons employed by the United States Trustee's office for Region 21, or any district or bankruptcy judge for the District of Puerto Rico.

10.	The Office of the U.S. Trustee has adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines"). 28 C.F.R. pt. 58, Appendix B. The purpose of this paragraph is to disclose my responses to the questions in the UST Guidelines in compliance with Paragraph D.1.

A.	ELS has and will continue to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the terms of the Fee Examiner Order, and any other applicable procedures and orders of the Court. I have and will continue to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with the Fee Examiner Order and any related application and the interim and final fee applications to be filed by ELS or me in these PROMESA cases.

B.	The following is provided in response to the request for additional information set forth in Paragraph D.1. of the UST Guidelines.

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

5

**Response:** Yes. Pursuant to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a Fee Examiner and Related Relief* [D.I. 1296] and *Fee Examiner Order*, ELS is invoicing a discounted hourly rate for its services. In addition, ELS has not raised hourly rates (except in connection with attorney promotions) since it began work on these cases.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference?

**Response:** ELS did not represent the Fee Examiner in his capacity as Fee Examiner for the Commonwealth of Puerto Rico's Title III cases in the 12 months prepetition.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

6

**Response:** ELS submits budgets along with its fee applications in compliance with the UST Guidelines.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

In San Juan, Puerto Rico, this 16th day of May 2022.

EDGE Legal, LLC
(formerly EDGE Legal Strategies, PSC)

*s/Eyck O. Lugo*
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR 00918
Telephone: (787) 522-2000
Facsimile: (787) 522-2010

*Puerto Rico Counsel for Fee Examiner*

7