**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK-3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK-3567-LTS |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |

**NOTICE OF FILING OF**
**REVISED PROPOSED ORDER ESTABLISHING, AMONG OTHER**
**THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS**
**TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that, on May 2, 2022, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

filed the *Motion of the Puerto Rico Highways and Transportation Authority for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Case No. 17-3567, ECF No. 1168][3] (the "Confirmation Procedures Motion"),[4] concurrently with the related plan [ECF No. 1164].

PLEASE TAKE FURTHER NOTICE that, on May 16, 2022, the Debtor filed the *Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1177] and corresponding *Disclosure Statement for the Amended Title III Plan of Adjustment for the Puerto Rico Highways and Transportation Authority* [ECF No. 1178].

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit A** is a revised proposed *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Revised Proposed Order"). A redline showing the changes between the Revised Proposed Order and the Proposed Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.ra.kroll.com/puertorico/ or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

---

[3]   Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-3567.

[4]   Attached to the Confirmation Procedures Motion as Exhibit A was a form of proposed *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 1168-1] (the "Proposed Order").

2

Dated: May 17, 2022
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Debtor*

3

**<u>EXHIBIT A</u>**

Revised Proposed Order

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

Upon the motion (the "Motion")[2] of the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" and in its capacity as representative of HTA, the "Debtor"), as sole Title III representative of the debtors under PROMESA Section 315(b), requesting entry of an order establishing, among other things, procedures and deadlines concerning objections to confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby **ORDERED AS FOLLOWS**:

1. The Motion is GRANTED as set forth herein.

**Summary of Deadlines for Discovery and Confirmation**

2. Subject to additional instructions provided in the remainder of this Order, the following deadlines shall apply to discovery and confirmation of the HTA Plan:

| Summary of Proposed Discovery Deadlines[3] | |
|---|---|
| Date of Entry of DS Approval Order | Conversion of Disclosure Statement depository to Plan Depository (as defined below) |
| Seven Days After Entry of DS Approval Order | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for Confirmation Hearing Notice to be served. |

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

[3] For reference purposes only, the confirmation deadlines proposed in the DS Approval Motion are highlighted below in grey shading.

| 10 Business Days after Entry of DS Approval Order | Deadline for Debtor to complete mailing of solicitation materials. |
|---|---|
| **July 1, 2022** | Deadline for Parties to file a fact witness list and topics about which each witness is expected to testify (the "Fact Witness Lists"). |
| | Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"), if any. |
| **July 11, 2022** | Deadline for Parties to serve requests for production of non-depository documents ("Production Requests"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve multiple rounds of Production Requests, provided that they are served with sufficient time to permit responses to be served in accordance with the applicable rules of civil procedure prior to the Fact Discovery Deadline (as defined below). |
| **July 12, 2022** | Deadline for Parties to file opening expert reports ("Opening Expert Reports"), if any. If any Opening Expert Reports are filed, rebuttal expert disclosures must be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures. |
| | Deadline for Parties to serve notices of deposition, topics and requested times for depositions ("Notices of Deposition") (all parties are limited to a seven (7)-hour time limit for depositions). |
| **July 18, 2022** | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **July 20, 2022** | Deadline for the Debtor to file initial proposed confirmation order (the "Proposed Confirmation Order"). |
| **July 22, 2022** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **July 27, 2022** | Deadline for:<br><br>• Objections to confirmation of the Plan ("Objections").<br><br>• Objections to Proposed Confirmation Order. |
| | Voting Deadline / Election Deadline |
| **July 29, 2022** | Deadline for Parties to file finalized witness lists, exhibit lists and deposition designations. |
| **August 7, 2022** | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation.<br><br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br><br>• Witness Declarations & Vote Tabulation.<br><br>• Proposed Findings of Fact and Conclusions of Law. |

| | Deadline for Non-Debtor Parties to file witness declarations, counter-designations and objections to deposition designations, or objections to exhibit lists, if any. |
|---|---|
| **August 8, 2022** | Pre-trial conference. |
| **August 12, 2022** | Deadline for Parties to file objections to counter designations. |
| **August 15, 2022** | Deadline for Parties to file objections to Proposed Findings of Fact and Conclusions of Law. |
| **August 17-18, 2022** | Confirmation Hearing |

**<u>Designation of Fact Witnesses</u>**

3.     Parties shall have until July 1, 2022 to file any Fact Witness Lists, which shall set forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

4.     Notwithstanding the designation of a person on a Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Fact Witness List on or before July 29, 2022, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

5.     For purposes of the Confirmation Hearing, the Debtor and any party in interest may present the testimony of any designated person by either the submission of a declaration of such person or use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of the Debtor or any party that has filed an objection to confirmation of the HTA Plan on or before the Objection Deadline, as applicable, to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such

declarations shall be filed with the Court and served in accordance with the Local Rules no later than August 10, 2022, and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Plan Depository**

6.        The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the Court's *Order (I) Establishing Document Depository Procedures in Connection with Disclosure Statement Hearing, and (II) Granting Related Relief* (Docket Entry No. 1176, the "DS Hearing Scheduling Order") shall apply in equally full force and effect to the Depository and be unmodified except to the extent set forth herein (collectively, the "Plan Depository Procedures"):

> a.        To the extent not already uploaded to the Depository, on or before the date that is seven (7) days following entry of this Order, the Debtor shall populate the Depository to include, in addition to the documents previously residing in the Depository, at least the following documents (collectively, the "Documents"):
>
> > i.        Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and
> >
> > ii.        Debtor's relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

7.        Any party in interest, including any party to the HTA/CCDA PSA and joinders thereto, including Cantor-Katz Collateral Monitor LLC, and AmeriNational Community Services LLC (each, a "PSA Party") who (a) provides the information requested on the Depository website and attests to the truth of such information shall be provided access to the Depository, and (b) executes the Protective Order by submitting an electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order

Subscription") on the Depository website shall be provided access to documents in the Depository that have been designated as Confidential.  In addition, any representative of a party in interest who executes a Protective Order Subscription shall receive access to documents in the Depository that have been designated as Confidential.

8.      Notwithstanding the placement of any document in the Depository and the review of any such document by a party in interest, the Debtor shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a document contained in the Depository has been created by the Debtor, it shall have waived the right to object to the use or introduction of such document on the basis of authenticity.  Additionally, to the extent that the Debtor inadvertently includes privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such protective measures are necessary in order to provide the requesting parties access to relevant materials in a timely and efficient manner.

9.      Consistent with the Mediation Agreement, dated as of June 23, 2017, as amended from time to time (the "Mediation Agreement"), no "Confidential Information" (as defined therein) received by the Debtor from any party to the Mediation Agreement, shall be included in the Depository or produced to any party in interest.  Prior to producing any Documents received by the Debtor from any party to the Mediation Agreement, the Debtor agrees to (i) confirm that such Documents have not been designated to constitute "Confidential Information" under the Mediation Agreement and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute "Confidential Information" as defined in

the Mediation Agreement.  Additionally, to the extent that the Debtor inadvertently includes "Confidential Information" (as defined in the Mediation Agreement) in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

**Discovery**

10.     Parties in interest may serve upon or notice the Debtor the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery"), as set forth in paragraphs 11 through 16 below.  Fact discovery will conclude on July 18, 2022 (the "Fact Discovery Deadline").

11.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, parties in interest may serve Production Requests on or prior to July 11, 2022.  Notwithstanding anything otherwise contained herein, recipients of Production Requests shall be required to respond to such Production Requests, including any objections thereto, within seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.  Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Depository.  However, if the Debtor believes that documents or information requested in a Production Request are already in the Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

12.     Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section

310; or (b) a party from serving multiple Production Requests, provided, however, that all Production Requests must be served on or before July 11, 2022, which is seven (7) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

13.     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, parties in interest may serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts.  The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.

14.     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, parties in interest may serve requests for admission ("Admission Requests") solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing.  Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

15.     Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, parties in interest may serve Deposition Notices on or before July 12, 2022.  All depositions must be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses.  Any party in interest shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.  With regard to depositions, and the exhibits thereto,

in which the witness will testify about Confidential Information (as defined in the DS Hearing Scheduling Order) and which is subject to the Protective Order for the Depository, the noticing party shall take all necessary steps to ensure that any parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription on the Depository website.

16.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties.  Should a PSA Party seek to examine a deponent proffered by the Debtor, such examination must take place after the Debtor has been given the opportunity to examine such Deponent.

17.     Any Documents produced by a party in interest to the Debtor shall be made contemporaneously available to the PSA Parties through the Plan Depository.  Further, any documents produced between non-Debtor parties in interest shall be contemporaneously produced to the Debtor and provided by the Debtor to the Plan Depository.

18.     Each PSA Party shall receive prior notice of any deposition and be entitled (i) to attend (by remote means or in-person), as an observer, the deposition of the deponent designated in a Deposition Notice and (ii) to participate in such deposition to the extent that (a) the subject matter thereof includes the HTA/CCDA PSA or the DRA Stipulation, the respective settlements embodied therein and in the HTA Plan or any other matters arising from or related to the HTA/CCDA PSA, the DRA Stipulation, or the claims, rights or interests of such PSA Party, and (b) if the deposition is of a deponent put forth on behalf of the Debtor, the Debtor has already had the opportunity to examine the deponent.

**Discovery Disputes**

19.     In the event that a Discovery Dispute arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute.  If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via telephone and the Court shall schedule a chambers conference, telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

20.     Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

21.     On or before July 1, 2022, the Debtor and other parties in interest shall file any Opening Expert Disclosures, setting forth the names of the expert witnesses that such party anticipates presenting at the Confirmation Hearing.

22.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, any party in interest who has timely disclosed the identity of an expert witness on its Fact Witness List or Opening Expert Disclosure, shall file its

Opening Expert Report(s) on or before July 12, 2022.  With respect to Opening Expert Reports that rely on, reference, and/or are based on confidential information, such Opening Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The Opening Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

23.     To the extent any Opening Expert Reports are filed, any rebuttal expert disclosures shall be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures.  With respect to Rebuttal Expert Reports that rely on, reference, and/or are based on confidential information, such Rebuttal Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The Rebuttal Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

**Pre-Confirmation Hearing Conference**

24.     For purposes of the Confirmation Hearing, direct testimony shall be by Witness Declaration or deposition transcript, in accordance with the deadlines set forth above.  Such presentation of direct testimony by the Debtor shall be subject to (a) the rights of any party that has filed an Objection to confirmation of the HTA Plan on or before the Objection Deadline to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Such presentation of direct testimony by any other party in interest shall be subject to (a) the rights of the Debtor and PSA Parties to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Any such

declarant shall be present at the Confirmation Hearing and be available for cross-examination and rebuttal testimony, if any.

25.     Notwithstanding the deadlines set forth above for the Debtor to file an Initial Proposed Confirmation Order and Initial Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[4]

26.     The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order shall remain in full force and effect.

27.     In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

28.     **No Warranty of Accuracy.**  Each party accessing the Depository understands that the Debtor will endeavor to include in the Confidential folders in the Depository materials relevant for the purpose of evaluation of the HTA Plan, but each party acknowledges that the Debtor does not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and the Debtor shall not have any liability to any party or its Representatives resulting from the use of such information by a party or its Representatives.

---

[4]     Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

29.    **No Waiver.**    No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

30.    **Notice**.  Within five (5) Business Days of entry hereof, or as soon as practicable thereafter, the Debtor shall cause the Balloting Agent (as defined in the Disclosure Statement Motion) to complete the mailing of this Order in accordance with the Bankruptcy Rules and the Local Rules.

31.    **Jurisdiction**. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

32.    This Order resolves Docket Entry No. 1168 in Case No. 17-3567.

Dated: June _____, 2022

_____
Hon. Laura Taylor Swain
United States District Court Judge

## **<u>EXHIBIT B</u>**

Revised Proposed Order Redline

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

Upon the motion (the "Motion")[2] of the Puerto Rico Highways and Transportation

Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

Rico (the "Oversight Board" and in its capacity as representative of HTA, the "Debtor"), as sole

Title III representative of the debtors under PROMESA Section 315(b), requesting entry of an

order establishing, among other things, procedures and deadlines concerning objections to

confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and

the Court having subject matter jurisdiction to consider the Motion and the relief requested

therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is

proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having

been provided and it appearing that no other or further notice need be provided; and the Court

having determined the relief sought in the Motion is in the best interests of the Debtor, its

creditors, and all parties in interest; and the Court having determined the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein, it is hereby **ORDERED**

**AS FOLLOWS**:

1.      The Motion is GRANTED as set forth herein.

**Summary of Deadlines for Discovery and Confirmation**

2.      Subject to additional instructions provided in the remainder of this Order, the

following deadlines shall apply to discovery and confirmation of the HTA Plan:

| Summary of Proposed Discovery Deadlines[3] | |
|---|---|
| **Date of Entry of DS Approval Order** | Conversion of Disclosure Statement depository to Plan Depository (as defined below) |
| **Seven Days After Entry of DS Approval Order** | Deadline for the Debtor to upload all documents to the Plan Depository |
| | ~~Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("Debtor's Preliminary Fact Witness List").~~ |
| | Deadline for Confirmation Hearing Notice to be served. |
| ~~**June 29, 2022**~~ | ~~Deadline for Eligible Creditors to file a "Notice of Intent to Participate in Discovery,"(hereafter, a "Discovery Notice"). Only parties who file a~~ |

[3]  For reference purposes only, the confirmation deadlines proposed in the DS Approval Motion are highlighted
below in grey shading.

~~2~~ 2

| | |
|---|---|
| | timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **10 Business Days after Entry of DS Approval Order** | Deadline for Debtor to complete mailing of solicitation materials. |
| ~~July 1, 2022~~ | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| July ~~8,~~1, 2022 | Deadline for ~~Eligible Creditors~~Parties to file a ~~preliminary~~ fact witness list and topics about which each witness is expected to testify (~~an "Eligible Creditor's Preliminary Fact Witness List," and together with the Debtor's Preliminary Fact Witness List, the "Preliminary~~ the "Fact Witness Lists"). |
| | Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"), if any. |
| | Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| July 11, 2022 | Deadline for Parties to serve ~~any follow up~~ requests for production of non-depository documents ("~~Follow-Up~~ Production Requests~~," and collectively with Initial Production Requests, "Production Requests"~~"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve multiple rounds of Production Requests, provided that they are served with sufficient time to permit responses to be served in accordance with the applicable rules of civil procedure prior to the Fact Discovery Deadline (as defined below). |
| July 12, 2022 | Deadline for ~~all parties~~Parties to file opening expert reports ("Opening Expert Reports"), if any. If any Opening Expert Reports are filed, rebuttal expert disclosures must be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures. |
| | Deadline for Parties to serve ~~initial~~ notices of deposition, topics and requested times for depositions ("~~Initial~~ Notices of Deposition") (all parties are limited to a seven (7)-hour time limit for depositions). ~~Subsequent notices are allowed provided discovery is completed within time allowed.~~ |
| ~~July 13, 2022~~ | Deadline for the Debtor to file initial proposed confirmation order (the "Initial Proposed Confirmation Order"). |
| ~~July 15, 2022~~ | Parties to file rebuttal expert disclosures ("Rebuttal Expert Disclosures") |

| July 18, 2022 | ~~Deadline for Parties to serve requests for admission, limited to authentication of documents ("Admission Requests").~~ |
|---|---|
| July 18, 2022 | Completion of fact discovery (the 'Fact Discovery Deadline"). |
| July 20, 2022 | Deadline for ~~Parties to file rebuttal expert reports ("Rebuttal Expert Reports~~the Debtor to file initial proposed confirmation order (the 'Proposed Confirmation Order")_. |
| July 22, 2022 | Completion of expert discovery (the 'Expert Discovery Deadline"). |
| **July 22, 2022** | ~~Deadline for Eligible Creditors who solely want access to documents in the Plan Depository to file a Discovery Notice.~~ |
| ~~July 22, 2022~~ | ~~Deadline for Parties to file Daubert motions and motions *in limine*.~~ |
| July 27, 2022 | ~~Deadline for Parties to file oppositions to Daubert motions and motions *in limine*.~~ |
| July 27, 2022 | Deadline for ~~Eligible Creditors to file~~: <br>• Objections to confirmation of the Plan ("Objections). <br>• Objections to ~~Initial~~ Proposed Confirmation Order. |
|  | Voting Deadline / Election Deadline |
| July 29, 2022 | ~~Deadline for Parties to file replies in support of Daubert motions and motions *in limine*.~~ |
| July 29, 2022 | Deadline for Parties to file finalized witness lists, ~~witness declarations,~~ exhibit lists and deposition designations. |
| August ~~3,~~7, 2022 | Deadline for Debtor to file: <br>• Memorandum of law in support of confirmation. <br>• Omnibus reply to objections to confirmation and proposed confirmation order. <br>• Witness Declarations & Vote Tabulation. <br>• ~~Initial~~Proposed Findings of Fact and Conclusions of Law. |
|  | Deadline for Non-Debtor Parties to file witness declarations, counter-designations~~,~~ and objections to deposition designations, or objections to exhibit lists, if any. |
| **August 8, 2022** | Pre-trial conference. |
| August ~~5,~~12, 2022 | Deadline for Parties to file objections to counter designations. |
| August ~~8,~~15, 2022 | Deadline for ~~Eligible Creditors~~Parties to file objections to ~~Initial~~Proposed Findings of Fact and Conclusions of Law. |
| ~~August 8, 2022 (or a date convenient for the court)~~ | ~~Virtual hearing on motions *in limine* / pre-trial conference.~~ |

| August 2022 | ~~10,~~<u>17-18,</u> | Confirmation Hearing |
| --- | --- | --- |

**<u>Designation of Fact Witnesses</u>**

3.     ~~On or before the date that is seven (7) days following entry of the order approving the DS Approval Motion, the Debtor shall file (a) the Debtor's Preliminary Fact Witness List. The deadline for Eligible Creditors to file an Eligible Creditor's Preliminary Fact Witness List is July 8, 2022.  The Preliminary~~<u>Parties shall have until July 1, 2022 to file any</u> Fact Witness Lists<u>, which</u> shall set forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

4.     Notwithstanding the designation of a person on ~~the Debtor's Preliminary Fact Witness List or an Eligible Creditor's Preliminary~~a Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the ~~Preliminary~~ Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their ~~Preliminary~~ Fact Witness List on or before July 29, 2022, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

5.     For purposes of the Confirmation Hearing, the Debtor and ~~Eligible Creditors~~<u>any party in interest</u> may present the testimony of any designated person by either the submission of a declaration of such person or use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of the Debtor or any party that has filed an objection to confirmation of the HTA Plan on or before the ~~Final~~ Objection Deadline, as applicable, to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence

and applicable law. In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Local Rules no later than ~~July 29, 2022 (or~~ August ~~3,~~10, 2022~~, for the Debtor)~~ and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Plan Depository**

6.     The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the Court's *Order (I)* ~~*Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV)*~~ *Establishing Document Depository Procedures in Connection* ~~*Therewith*~~*with Disclosure Statement Hearing, and (~~V~~II) Granting Related Relief* (Docket Entry No. ~~_____,~~1176, the "~~D~~S Hearing Scheduling Order") shall apply in equally full force and effect to the Depository and be unmodified except to the extent set forth herein (collectively, the "Plan Depository Procedures"):

     a.     To the extent not already uploaded to the Depository, on or before the date that is seven (7) days following entry of this Order, the Debtor shall populate the Depository to include, in addition to the documents previously residing in the Depository, at least the following documents (collectively, the "Documents"):

        i.     Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and

        ii.     Debtor's relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

7.      Any ~~Eligible Creditor, and~~party in interest, including any party to the HTA/CCDA

PSA~~, including all~~ and joinders thereto, including Cantor-Katz Collateral Monitor LLC, and

AmeriNational Community Services LLC (each, a "PSA Party"), who (a) provides the

information requested on the Depository website and attests to the truth of such information shall

be provided access to the Depository, and (b) executes the Protective Order by submitting an

electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as

**Exhibit 3** (a "Protective Order Subscription") on the Depository website shall be provided access

to documents in the Depository that have been designated as Confidential.  In addition, any

representative of ~~an Eligible Creditor or PSA Party~~a party in interest who executes a Protective

Order Subscription shall receive access to documents in the Depository that have been designated

as Confidential.

8.      Notwithstanding the placement of any document in the Depository and the review

of any such document by ~~an Eligible Creditor or PSA Party~~a party in interest, the Debtor shall

maintain the right to object to the use or introduction of any document in the Depository in any

matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in

accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to

the extent that a document contained in the Depository has been created by the Debtor, it shall

have waived the right to object to the use or introduction of such document on the basis of

authenticity.   Additionally, to the extent that the Debtor inadvertently includes privileged

materials in the Depository, it shall not be deemed to comprise any waiver of any applicable

privilege.  Such protective measures are necessary in order to provide the requesting parties

access to relevant materials in a timely and efficient manner.

9.      Consistent with the Mediation Agreement, dated as of June 23, 2017, as amended from time to time (the "Mediation Agreement"), no "Confidential Information" (as defined therein) received by the Debtor from any party to the Mediation Agreement, shall be included in the Depository or produced to any ~~Eligible Creditor~~party in interest.  Prior to producing any Documents received by the Debtor from any party to the Mediation Agreement, the Debtor agrees to (i) confirm that such Documents have not been designated to constitute "Confidential Information" under the Mediation Agreement and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute "Confidential Information" as defined in the Mediation Agreement.  Additionally, to the extent that the Debtor inadvertently includes "Confidential Information" (as defined in the Mediation Agreement) in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

**Discovery**

~~10.      Eligible Creditors that wish to participate in discovery and/or obtain access to the Depository must file a Discovery Notice~~

~~11.      Eligible Creditors who file a Discovery Notice on or before June 29, 2022 shall be able to access documents in the Depository.  Eligible Creditors who file a Discovery Notice on or before **July 20, 2022** shall also be able to participate in other discovery, including serving their own discovery requests and participating in questioning at depositions, as set forth in the schedule listed above and in paragraphs 13 through 21 below.~~

~~12.      Nothing herein shall preclude (i) Eligible Creditors who do not file a Discovery Notice from filing an Objection to confirmation of the HTA Plan on or before the Objection Deadline and (ii) any party in interest from seeking discovery of any party, other than the Debtor,~~

in connection with a properly filed objection to confirmation of the HTA Plan and the party from whom discovery is sought objecting thereto.

**Additional Discovery**

10.    13. In addition to being provided access to the Depository, subject to the requirements outlined above, any Eligible Creditors who have filed a Discovery Notice by June 29, 2022,Parties in interest may serve upon or notice the Debtor the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery"), as set forth in paragraphs 1411 through 1916 below.  Fact discovery will conclude on July 18, 2022 (the "Fact Discovery Deadline").

11.    14. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, Eligible Creditors and parties in interest may serve Initial Production Requests at any time between July 1 and July 3, 2022, and Follow-Up Production Requests on or before July 11, 2022 (collectively, "Production Requests").  Eligible Creditors and parties in interest may serve Production Requests only following their filing of a Discovery Notice.  The deadline forprior to July 11, 2022.  Notwithstanding anything otherwise contained herein, recipients of Production Requests shall be required to respond to such Production Requests, including any objections thereto, iswithin seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.  Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Depository.  However, if the Debtor believes that documents or information requested in a Production

Request are already in the Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

12.    Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving multiple Production Requests, provided, however, that all Production Requests must be served on or before July 11, 2022, which is seven (7) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

13.    15. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, Eligible Creditors and parties in interest may serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts.  The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.

14.    16. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, Eligible Creditors and parties in interest may serve requests for admission ("Admission Requests") solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing.  Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

17.    Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving multiple Production Requests, provided, however, that all Production Requests must be served on or before July 11, 2022, which is seven (7) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

15.    18. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, Eligible Creditors and parties in interest may serve Initial Deposition Notices on or before July 12, 2022.  Notwithstanding the deadline for Initial Deposition Notices, the Debtor or Eligible Creditors who have filed Objection Notices may file Follow-up Deposition Notices; provided, however, that all depositions, whether pursuant to an Initial Deposition Notice or a Follow-Up Deposition Notice, All depositions must be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses; and provided, further, that an Eligible Creditor who has timely filed a Discovery Notice on or before June 29, 2022, may participate at any such deposition by remote means or in-person.  Any party in interest, other than an Eligible Creditor, that files an Objection to confirmation of the HTA Plan during the period up to and including the Objection Deadline, Any party in interest shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.  With regard to depositions, and the exhibits thereto, in which the witness will testify about Confidential Information (as defined in the DS Hearing Scheduling Order) and which is subject to the Protective Order for the Depository, the noticing party shall take all necessary steps to ensure that

any ~~Eligible Creditors, PSA Parties, or~~ parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription on the Depository website.

16. ~~19.~~ Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties~~; provided, however, that, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate~~. Should a PSA Party seek to examine a deponent proffered by the Debtor, such examination must take place after the Debtor has been given the opportunity to examine such Deponent.

17. ~~20.~~ Any Documents produced by ~~an Eligible Creditor~~a party in interest to the Debtor shall be made contemporaneously available to the PSA Parties through the Plan Depository. Further, any documents produced ~~by an Eligible Creditor or a PSA Party to an Eligible Creditor or a PSA Party~~between non-Debtor parties in interest shall be contemporaneously produced to the Debtor and provided by the Debtor to the Plan Depository.

18. ~~21.~~ Each PSA Party shall receive prior notice of any deposition and be entitled (i) to attend (by remote means or in-person), as an observer, the deposition of the deponent designated in a Deposition Notice and (ii) to participate in such deposition to the extent that (a) the subject matter thereof includes the HTA/CCDA PSA or the DRA Stipulation, the respective settlements embodied therein and in the HTA Plan or any other matters arising from or related to

the HTA/CCDA PSA, the DRA Stipulation, or the claims, rights or interests of such PSA Party, and (b) if the deposition is of a deponent put forth on behalf of the Debtor, the Debtor has already had the opportunity to examine the deponent.

**Discovery Disputes**

19.   ~~22.~~ In the event that a Discovery Dispute arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute.  If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via telephone and the Court shall schedule a chambers conference, telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

20.   ~~23.~~ Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

21.   ~~24.~~ On or before July ~~8,~~1, 2022, the Debtor and ~~each Eligible Creditor~~other parties in interest shall file any Opening Expert Disclosures, setting forth the names of the ~~initial~~ expert witnesses that such party anticipates presenting at the Confirmation Hearing.

22.   ~~25.~~ Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, ~~the Debtor and each Eligible Creditor~~any party in interest who has timely disclosed the identity of an expert witness on ~~the Debtor's Initial~~its Fact Witness List or ~~Eligible Creditor's Initial Fact Witness List~~Opening Expert Disclosure, shall file its Opening Expert Report(s) on or before July 12, 2022.  With respect to Opening Expert Reports that rely on, reference, and/or are based on confidential information, such Opening Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The Opening Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

23.   ~~26. On or before July 15, 2022, the Debtor and each Eligible Creditor shall file Rebuttal Expert Witness Disclosures, setting forth the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing.  The Debtor and each Eligible Creditor who has timely disclosed the identity of an expert witness in a Rebuttal Expert Witness Disclosure shall file the accompanying Rebuttal Expert Report on or before July 20, 2022.~~To the extent any Opening Expert Reports are filed, any rebuttal expert disclosures shall be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures.  With respect to Rebuttal Expert Reports that rely on, reference, and/or are based on confidential information, such Rebuttal Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The Rebuttal

Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

**Pre-Confirmation Hearing Conference**

24. ~~27.~~ For purposes of the Confirmation Hearing, direct testimony shall be by Witness Declaration or deposition transcript, in accordance with the deadlines set forth above. Such presentation of direct testimony by the Debtor shall be subject to (a) the rights of any party that has filed an Objection to confirmation of the HTA Plan on or before the Objection Deadline to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Such presentation of direct testimony by ~~an Eligible Creditor~~any other party in interest shall be subject to (a) the rights of the Debtor and PSA Parties to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Any such declarant shall be present at the Confirmation Hearing and be available for cross-examination and rebuttal testimony, if any.

25. ~~28.~~ Notwithstanding the deadlines set forth above for the Debtor to file an Initial Proposed Confirmation Order and Initial Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[4]

26. ~~29.~~ The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order shall remain in full force and effect.

---

[4]  Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

27.   ~~30.~~ In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

28.   ~~31.~~ **No Warranty of Accuracy.**   Each ~~Eligible Creditor~~party accessing the Depository understands that the Debtor will endeavor to include in the Confidential folders in the Depository materials relevant for the purpose of evaluation of the HTA Plan, but each ~~Eligible Creditor~~party acknowledges that the Debtor does not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and the Debtor shall not have any liability to any ~~Eligible Creditor~~party or its Representatives resulting from the use of such information by ~~an Eligible Creditor~~a party or its Representatives.

29.   ~~32.~~ **No Waiver.**   No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

30.   **Notice**~~33.   .~~   Within five (5) Business Days of entry hereof, or as soon as practicable thereafter, the Debtor shall cause the Balloting Agent (as defined in the Disclosure Statement Motion) to complete the mailing of this Order~~, together with a copy of the *Notice of Intent to Participate in Discovery for Confirmation of HTA Plan of Adjustment*, a copy of which is attached hereto as **Exhibit 1**~~, in accordance with the Bankruptcy Rules and the Local Rules.

31.   **Jurisdiction**~~34.   .~~   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

32.   35. This Order resolves Docket Entry No. ———1168 in Case No. 17-3567.

Dated: ———————June      , 2022

_____

Hon. Laura Taylor Swain
United States District Court Judge

EXHIBIT 1

Form of Discovery Notice

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered)[1] |
| THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Debtors. | |

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3567-LTS |
| as representative of | |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 17 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Motion in Cases No. 17 BK 3283-LTS (Commonwealth), 17 BK 3566-LTS (ERS), and 17 BK 5523 (PBA).

Debtor.

**NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY
FOR CONFIRMATION OF HTA PLAN OF ADJUSTMENT**

_____ ("Participant") hereby submits this notice of intent to participate in discovery for confirmation of the *Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. _____], as may be amended, modified, or supplemented, pursuant to the Court's *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. _____] and respectfully states as follows:

1.    **Participant's contact information, including email address, and that of its counsel:**

Participant's Name

Participant's Address

Names and Addresses of Counsel:

Email Addresses of Counsel:

2.    **Participant's Claim number and the nature of Participant's Claim:**

Claim Number:

Nature of Claim:

18~~18~~

Respectfully submitted,

Dated: _____