# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : : | PROMESA Title III |
| | : | |
| as representative of | : : | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : : | (Jointly Administered) |
| Debtors.[1] | : | |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE URGENT UNOPPOSED MOTION SEEKING EXTENSION OF DEADLINE TO FILE VERIFIED STATEMENT OF CITIGROUP GLOBAL MARKETS INC. DISCLOSING CONNECTIONS TO MATERIAL INTERESTED PARTIES PURSUANT TO PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this limited objection concerning the *Urgent Unopposed Motion Seeking Extension of Deadline to File Verified Statement of Citigroup Global Markets Inc. Disclosing Connections to Material Interested Parties Pursuant To Puerto Rico Recovery Accuracy in Disclosures Act* [Docket No.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA

1

20836] ("Citi Motion") filed by Citigroup Global Markets Inc. ("Citi"), investment banker and financial advisor to The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),[3] and states as follows:

### Limited Objection

1. PRRADA requires professionals like Citi to file a verified statement conforming to the disclosure requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure setting forth the professional's connections to the parties on the Amended MIP List. PRRADA § 2(b)(1); *see also* Fed. R. Bankr. P. 2014(a).

2. As PRRADA's Congressional sponsors stated, PRRADA is designed to create transparency in Puerto Rico's debt restructuring process, and ensure advisors and consultants disclose conflicts of interest in that process.[4]

3. The Amended MIP List identifies the Puerto Rico Electric Power Authority ("PREPA") as to which Citi and other professionals must disclose "all" connections. [Docket No. 20458, Schedule 1]. *See also* Fed. R. Bankr. P. 2014(a) (providing that applicant must state "all of the person's connections" with the debtor, creditors, any other party in interest, and other parties).

4. The Oversight Board has employed Citi as an investment banker and financial adviser "in connection with [the Oversight Board's] statutory duties under PROMESA, and its task of working with the Commonwealth to create the necessary foundation for economic growth and to restore opportunity to the people of the Commonwealth. *The scope of its services include serving as M&A advisor to the Oversight Board to render strategic advisory and investment

---

[3] The Committee respectfully intends that capitalized terms not otherwise defined in this limited objection have the meaning ascribed to them in the Citi Motion.

[4] *See* Press Release, *Menendez, Rubio, Velázquez Applaud Senate Passage of Puerto Rico Recovery Accuracy in Disclosures Act*, available at https://www.menendez.senate.gov/newsroom/press/menendez-rubio-velzquez-applaud-senate-passage-of-puerto-rico-recovery-accuracy-in-disclosures-act (Dec. 18, 2021).

banking *services related to PREPA's potential restructuring*." [Docket No. 2944 at 2]. As a result of this retention, Citi has, among other things, played an important role in PREPA's "Restructuring Support Agreement strategy discussions, analysis and presentations to [the Oversight Board] and its staff" and with respect to "debt related questions on . . . PREPA." [Docket No. 20307 at 2-3].

5. Presumably, these services, among others, are continuing because of the termination of PREPA's restructuring support agreement, the Court's directive to the Oversight Board to "to consider whether a consensual mediation arrangement can be entered into promptly to resolve key plan-related issues" (Case No. 17-4780, Docket No. 2748), and the ongoing efforts regarding any forthcoming plan of adjustment.

6. In light of all of these intersecting considerations, the Committee respectfully submits that the extension requested in the Citi Motion strike a balance between (i) Citi's legitimate interest in obtaining more time to file its PRRADA disclosures, and (ii) the interests of the PREPA stakeholders, including the Committee, to attain the transparency that PRRADA was designed to deliver with respect to any forthcoming PREPA plan of adjustment.

7. The Committee submits that its constituency and all of PREPA's stakeholders considering a proposed plan of adjustment have a legitimate interest in considering any "connection" (including, for example, holding and underwriting PREPA bonds) or conflict that Citi, or any such critical advisor, could possibly possess regarding PREPA. For example, the Committee and all PREPA stakeholders ought to know if Citi holds or otherwise has a "connection" to any bonds that may be subject of PREPA's forthcoming plan or otherwise possess a conflict with other key creditor constituencies. Accordingly, the Committee respectfully submits that the disclosures of all professionals with respect to PREPA ought to occur before its stakeholders take part in arguably PREPA's most pivotal Title III process—the plan process.

**BASED ON THE FOREGOING**, the Committee respectfully submits that the Court sustain this limited objection, Order that Citi's PRRADA disclosures with respect to PREPA occur within 14 days, and grant such other relief as the Court deems necessary.

Dated this 17th day of May 2022

                                       Respectfully submitted by:

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com
*Counsel to the Committee*

/s/ *Luis F. Llach Zúñiga*
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Juan C. Nieves González, Esq. (USDC-PR 231707)
Edna M. Tejeda Oyola, Esq. (USDC-PR 219803)
**CASILLAS, SANTIAGO & TORRES LLC**
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
lllach@cstlawpr.com
jcasillas@cstlawpr.com
jnieves@cstlawpr.com
*Counsel to the Committee*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on May 17, 2022, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

*/s/ John Arrastia*
John Arrastia