**Exhibit A**

Revised Avoidance Action Procedures

## Appendix II

## The Avoidance Action Procedures

1. The Court adopts and implements the following procedures to govern the Avoidance Actions (the "Avoidance Action Procedures"):

   I. **Notice of Applicability**

      i. The Avoidance Action Procedures shall apply to the Avoidance Actions listed in Appendix I.

   II. **Stay of Litigation**

      i. All pending actions, excluding Adversary Proceeding No. 19-00202, shall be stayed for at least a period of one hundred and twenty (120) days from the entry of an order establishing these Avoidance Action Procedures (the "Stay Period"), at which time any party may file an appropriate motion seeking to lift the stay in any of the stayed Avoidance Actions. The Stay Period shall be deemed to have expired as to each respective Avoidance Action *only* upon the entry of an order by the Court lifting the stay in the particular Avoidance Action (in each case, an "Order Lifting Stay").

      ii. Adversary Proceeding No. 19-00202 shall be stayed for at least a period of sixty (60) days from the entry of an order establishing these Avoidance Action Procedures (the "ISSC Stay Period"). No sooner than sixty (60) days after the start of the ISSC Stay Period, parties to that Avoidance Action may file an appropriate motion seeking to lift the stay in that Avoidance Action. The ISSC Stay Period shall be deemed to have expired upon the entry of an Order Lifting Stay in that proceeding.

      iii. Upon the entry of an Order Lifting Stay in an Avoidance Action, the Court shall deliver to the parties to that Avoidance Action a notice of the party's right to consent to the exercise of a magistrate judge's jurisdiction to conduct any or all proceedings and order the entry of judgment. The notice shall include a consent form for execution by all parties, to be filed in the applicable Avoidance Action only if the parties agree to a magistrate judge's jurisdiction.

   III. **Status Reports to the Court**

      i. At the conclusion of the first one hundred and twenty (120) days of the Stay Period, and every thirty (30) days thereafter, the Trustee shall file (only in Case No. 17-03283) a status report providing a brief update on the status of each Avoidance Action, including (as to each such action that remains pending at such time) whether the parties are engaging in informal settlement discussions, the

schedule established for mediation, and whether the Trustee expects the Avoidance Action to be litigated.

IV. **Informal Settlements and Procedures for Court Approval**

    i. During the Stay Period, the Trustee shall endeavor to initiate and invite each defendant or tolled party to engage in informal settlement discussions consisting of each party presenting its position and exchanging documents in support of such positions with the opportunity for negotiation.

    ii. The informal settlements discussions shall be confidential and subject to Rule 408 of the Federal Rules of Evidence.

    iii. Authority

        a) Consistent with Section 79.1 of the Plan, the Trustee may enter into written settlement agreements (the "Settlement Agreements" and each a "Settlement Agreement") with the defendants or tolled party, which agreements shall be enforceable and effective as provided below.

        b) For purposes of Section 79.1 of the Plan, the Trustee will have approval of the Court with respect to any Settlement Agreement if it acts consistently with the following settlement procedures.

    iv. Settlement Procedures

        a) Any Settlement Agreements executed by the Trustee pursuant to the authority granted in the Order must contain the following provisions (the "Settlement Standards"):

            1. The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

            2. The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

            3. The Trustee shall file a notice of dismissal of the Avoidance Action after the settlement has been consummated.

            4. The Trustee will have the authority to settle without further order of the Court any Avoidance Action where the net amount in controversy, after the application of defenses, does not exceed twenty million dollars ($20,000,000) (the "Net Claim").

        b) Where the Net Claim does not exceed twenty million dollars ($20,000,000), any Settlement Agreement shall be enforceable without further notice, hearing, or Court approval.

    c) Where the Net Claim exceeds twenty million dollars ($20,000,000), the Trustee must file with the Court in the Commonwealth case (Case No. 17-03283) a notice of settlement (the "<u>Notice of Settlement</u>") that discloses the following:

        1. The Adversary Proceeding number;

        2. The parties to the Settlement Agreement;

        3. The dollar amount of the settlement;

        4. The Net Claim amount; and

        5. The deadline for any objection to the Notice of Settlement.

    d) If no objection to the Notice of Settlement is filed and served upon the Trustee within fourteen (14) days after the filing, the Settlement Agreement will automatically become effective and binding on the parties.

    e) If an objection is filed, the Trustee shall file a response to the objection within fourteen (14) of filing the objection.

    f) Thereafter, the Court shall in its discretion determine if a hearing or further submissions on the objection is necessary.

V. **Mediation**

    i. During the Stay Period, the Trustee shall communicate with each defendant for the purpose of establishing dates for a pre-trial mediation session with each defendant, which shall be scheduled on a mutually convenient date among counsel and the parties. Unless otherwise allowed by the Court, by no later than sixty (60) days after the end of the Stay Period, a date for the initial mediation session shall be set for each Avoidance Action.

    ii. Parties may file a motion with the Court in their applicable Avoidance Action seeking to be exempt from mediation.

    iii. In order to facilitate the mediations, the Trustee shall establish a roster of mediators presumptively satisfactory to it from which the parties may select.

    iv. Nothing would prohibit the parties from mutually agreeing to a mediator that is not listed on the roster.

    v. Within seven (7) days after the parties select a mediator, the parties shall file in the applicable Avoidance Action a Notice of Mediation. The Notice of Mediation shall include (a) the name of the mediator; (b) the anticipated date of the mediation session, if known; (c) confirmation that the mediator's

3

        participation in the mediation will not create a conflict of interest for the mediator or any party to the mediation; and (d) confirmation that the mediator is available and qualified to undertake the subject matter of the mediation.

  vi.     Unless otherwise agreed to by the parties or ordered by the Court, mediator compensation shall be apportioned equally between the parties to the mediation in accordance with the requirements of the selected mediator.

  vii.    The parties shall undertake the mediation session in good faith. Unless otherwise ordered by the mediator, within seven (7) days before the mediation session, the parties, shall submit to the mediator a confidential "Position Statement" not to exceed ten (10) pages double-spaced (not including exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement. Nothing in these procedures precludes any party from making any other confidential submissions to the mediator.

  viii.   The mediation, and communications relative to the substance of the mediation, shall be privileged pursuant to Rule 408 of the Federal Rules of Evidence. No party shall discuss, in written or oral submissions, and the Court will neither invite nor entertain, information regarding events or actions in the mediation process. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing, or responsibility. Participation in the mediation session will not prejudice or waive any litigation positions of the parties.

  ix.     Within ten (10) days of the mediation session, the parties shall file a joint status report in the applicable Avoidance Action advising the Court of the following: (A) whether the parties have resolved the Avoidance Action; or, if not, (B) whether the parties intend to engage in additional mediation sessions and the anticipated schedule for additional sessions; or (C) whether further mediation sessions will not be useful. If the parties determine that further mediation sessions will not be useful, the parties' joint status report shall inform the Court whether the parties intend to seek an Order Lifting Stay and proceed with litigation.

VI.    **Litigation Procedures and Deadlines**

  i.      Within forty-five (45) days after the entry of an Order Lifting Stay, the respective defendant(s) shall file and serve an answer or response to the complaint in the respective Avoidance Actions (the "<u>Response Due Date</u>").

  ii.     If necessary, to allow for any out-of-court resolution of the Avoidance Actions, the Response Due Date may be extended by further motion of any party and upon approval by this Court.

  iii.    If a defendant files a motion under Federal Rule of Civil Procedure 12, made applicable to the Avoidance Actions by Bankruptcy Rule 7012, in response to

4

       the Avoidance Actions complaints ("Motion to Dismiss"), the Trustee, if necessary, shall file an opposition or other responsive pleading ("Motion to Dismiss Response") to such Motion to Dismiss within sixty (60) days.

    iv.    If a defendant has already filed a Motion to Dismiss or other Rule 12 motion, then the Trustee shall file a Motion to Dismiss Response within sixty (60) days after the entry of an Order Lifting Stay.

    v.    Following the Motion to Dismiss Response, the defendant, if necessary, shall file a reply ("Reply") within thirty (30) days.

    vi.    Notwithstanding the foregoing, nothing herein shall prevent parties from agreeing to, or the Court approving, any alternative briefing schedule for any responsive pleadings. Any modification to the briefing schedule must be approved by the Court.

    vii.    No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be held in the Avoidance Actions.

## VII. Motion Practice

    i.    Prior to filing any motion or application for relief in these proceedings, the movant shall confer in good faith with the non-movant and all affected parties in a good faith effort to resolve or narrow the issues raised by the motion sought to be filed.

    ii.    The non-movant shall promptly respond to any request for a meet and confer.

    iii.    All meet and confer conferences shall occur between counsel and be via telephone, videoconference or detailed email.

    iv.    If a party files a motion without a meet and confer, that party shall certify the efforts made to discuss the proposed motion prior to filing.

    v.    Counsel filing a motion shall include a certification of the meet and confer prior to the signature block in substantially the following format:

Certification of Counsel

On _____, undersigned counsel conferred in good faith with _____ via telephone/zoom/email regarding the relief sought in this motion and the parties were unable resolve or further narrow the issues.

## VIII. Discovery

    i.    To the extent discovery is necessary or may be contemplated in the Avoidance Actions, on a date that is twenty-one (21) days after the Response Due Date or twenty-one (21) days after the equivalent deadline in an alternative briefing

5

scheduling, the Trustee and the defendant shall: (a) meet and confer by email or via telephone call as to a joint discovery schedule; and (b) on a date that is fourteen (14) days after the parties meet and confer, the parties shall file a joint proposed discovery schedule in accordance with the Federal Rules of Civil Procedure as made applicable in the Federal Rules of Bankruptcy Procedure.

ii. The proposed schedule in the preceding paragraph will constitute the parties' report pursuant to Federal Rule of Civil Procedure 26(f), and the Court's order thereon shall constitute the order required by Federal Rule of Civil Procedure 16(b).[1]

iii. Upon approval by this Court of a joint proposed discovery schedule, the parties shall conduct discovery in accordance with the proposed schedule.

IX. **Post-Discovery Litigation Proceedings**

i. Post-Discovery Motion Practice. To the extent that, at the close of discovery, motion practice in accordance with Federal Rule of Civil Procedure 26 as made applicable in the Federal Rules of Bankruptcy Procedure is necessary, such motions must be filed within thirty (30) days after the close of discovery. Any opposition or other response to such motions shall be filed within thirty (30) days after such motion is filed.

ii. Hearings. All matters concerning any Avoidance Action shall be heard on the Omnibus Dates provided in the Case Management Order (as amended); provided, however, that a party may request a hearing on an any other date, and such request may be granted by this Court. The Trustee, at least seven (7) days prior to each Omnibus Hearing where a matter and/or matters concerning certain Avoidance Actions will be heard, shall jointly file a report setting forth the status of each such Avoidance Actions matters. This report shall be filed on the docket for the Commonwealth's case (17-03283) and emailed to deindprcorresp@mad.uscourts.gov and swaindprcorresp@nysd.uscourts.gov.

iii. Summary Judgment Motions.

a) Unless otherwise ordered by the Court, any motion for summary judgment shall be filed no later than sixty (60) days after the close of discovery.

b) Oppositions to motions for summary judgment shall be filed within forty-five (45) days of any motion for summary judgment.

c) Replies shall be filed within twenty-one (21) days of any opposition.

---

[1] Federal Rules of Civil Procedure 26 and 16 are made applicable to the Avoidance Actions by Federal Rules of Bankruptcy Procedure 7026 and 7016 and section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act.

        d) Absent further order of the Court, each party shall be entitled to submit only one motion for summary judgment to the Court for consideration.

iv. <u>Trial</u>.

        a) Any trial concerning the Avoidance Actions shall occur on a date that is acceptable to the Court. The parties shall file a joint stipulation in the particular Avoidance Action proposing agreed-upon dates for trial, which shall be filed, if necessary, no later than ninety (90) days after the close of discovery.

        b) If necessary and appropriate, after the parties notify the Court that a trial is necessary for a particular Avoidance Action, the Court shall schedule a pre-trial conference with the parties to the Avoidance Action to establish appropriate procedures and deadlines to address the requirements of the Avoidance Action.