UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING PROOFS OF CLAIM OF ASOCIACION DE
MAESTROS DE PUERTO RICO AND ASOCIACION DE MAESTROS DE
PUERTO RICO – LOCAL SINDICAL (CLAIM NOS. 108230, 17929, AND 179730)**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS", and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Debtors pursuant to section

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] on the one hand, and the Asociación de Maestros Puerto Rico and the Asociación de Maestros de Puerto Rico-Local Sindical (together, "AMPR," and with the Debtors, the "Parties"), hereby enter into this stipulation (the "Stipulation") as follows:

## RECITALS

A. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

B. By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth in the Commonwealth Title III Case.

C. The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

D. On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III cases by the dates set forth in the Bar Date Order.

E. On June 27, 2018, AMPR filed Proof of Claim No. 108230 (the "AMPR Master Claim") against the Commonwealth, in the amount of $32,223,820.00, asserting liabilities

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

purportedly owed to AMPR members in respect of prepetition grievances and other claims held by AMPR members against the Commonwealth.

F. On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

G. Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. See *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784].

H. On January 18, 2022, the Court confirmed the Plan. See *Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813]. Among other things, the Plan provided that rejection claims arising from the rejection of executory contracts must be filed on or before thirty (30) days after the later to occur of: (i) the Confirmation Date,

and (ii) the date of entry of an order by the Title III Court authorizing rejection of a particular executory contract or unexpired lease. *See* Plan ¶ 76.6.

I. The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. See *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

J. On February 16, 2022, AMPR filed Proof of Claim No. 179729 (the "AMPR's Remaining Rejection Damages Claim") against the Commonwealth in the amount of $3,900,000,000.00, asserting claims for rejection damages purportedly owed to AMPR members as a result of certain Plan provisions.

K. On February 17, 2022, AMPR filed Proof of Claim No. 179730 (the "AMPR's Rejection Damages Claim to Be Disallowed") against the Commonwealth in the amount of $3,900,000,000.00, also asserting claims for rejection damages purportedly owed to AMPR members as a result of the same Plan provisions as asserted in Proof of Claim No. 179729.

L. On March 25, 2022, the Oversight Board filed the *Informative Motion of the Financial Oversight and Management Board for Puerto Rico Regarding Order Regarding Matters That May Be Resolved in Connection with the Modified Eighth Amended Plan Following the Plan's Effective Date* (the "Informative Motion") [ECF No. 20445]. The Informative Motion incorporated a chart listing claims the Oversight Board believes are or will be resolved in connection with or as a result of consummation of the Plan. The Informative Motion identifies the

AMPR Master Claim and AMPR's Remaining Rejection Damages Claim as claims that are or will be resolved in connection with the Plan.[3]

M. On April 1, 2022, the Oversight Board filed the *Four Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Claims* [ECF No. 20495] (the "Objection"). Therein, the Oversight Board sought to disallow the AMPR's Rejection Damages Claim to Be Disallowed on the basis that it is duplicative of the AMPR's Remaining Rejection Damages Claim.

N. On May 2, 2022, AMPR filed its *Response of Asociación de Maestros de Puerto Rico and Asociación de Maestros de Puerto Rico-Local Sindical to Four Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicative Claims* (Docket No. 20495) [ECF No. 20657] (the "Response"). Therein, AMPR "concede[d] that there are two identical Rejection Damages Claims" and that it "has no objection to the disallowance of one of its two (2) filed Rejection Damages Claims[] as duplicative." Response at 3. Further, AMPR objected to the Informative Motion to the extent it "seeks to expunge" the AMPR Master Claim and AMPR's Remaining Rejection Damages Claim. Response at 3-4.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

**AGREEMENT**

1. The AMPR's Rejection Damages Claim to Be Disallowed is hereby disallowed in its entirety as duplicative of AMPR's Remaining Rejection Damages Claim. In connection with

---

[3] The AMPR's Rejection Damages Claim to Be Disallowed was not included in the Informative Motion because it is subject to the Objection (as defined below).

such disallowance, (a) the Title III Debtors' claims and noticing agent, Kroll Restructuring Administration, and the Clerk of the Court are authorized and directed to update the Commonwealth claims register maintained in the Commonwealth Title III Case to designate the AMPR's Rejection Damages Claim to Be Disallowed as expunged; and (b) the Oversight Board's Objection is hereby deemed granted, solely as to the AMPR's Rejection Damages Claim to Be Disallowed.

2. The Parties' rights with respect to the AMPR's Remaining Rejection Damages Claim, including the Oversight Board's right to object to the AMPR's Remaining Rejection Damages Claim on any grounds, are hereby reserved.

3. Nothing herein shall impact the AMPR Master Claim. The Parties' rights with respect to the Informative Motion and the Plan's impact on the AMPR Master Claim and the AMPR's Remaining Rejection Damages Claim are hereby reserved.

4. This Stipulation resolves the Response.

5. The Parties represent and warrant that they are duly authorized to enter into and be bound by this Stipulation. Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

7. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

Dated: May 18, 2022

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **PRESTIGE LEGAL SERVICES, LLC** |
| /s/ *Martin J. Bienenstock* | /s/ *José Luis Barrios Ramos* |
| Martin J. Bienenstock (pro hac vice) | Jośe Luis Barrios-Ramos, ESQ. |
| Brian S. Rosen (pro hac vice) | USDC No. 223611 |
| | 278 Ave. César González |
| Eleven Times Square | San Juan, Puerto Rico 00918 |
| New York, NY 10036 | Telephone: (787) 593-6641 |
| Tel: (212) 969-3000 | jbarrios@prestigelegalpr.com |
| Fax: (212) 969-2900 | |
| | *Counsel to Asociacion de Maestros de Puerto Rico and Asociacion de Maestros de Puerto Rico -Local Sindical* |
| **O'NEILL & BORGES LLC** | |
| /s/ *Hermann D. Bauer* | |
| Hermann D. Bauer | |
| USDC No. 215205 | |
| Carla García-Benítez | |
| USDC No. 203708 | |
| Gabriel A. Miranda | |
| USDC No. 306704 | |
| 250 Muñoz Rivera Ave., Suite 800 | |
| San Juan, PR 00918-1813 | |
| Tel: (787) 764-8181 | |
| Fax: (787) 753-8944 | |
| | |
| *Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth* | |

SO ORDERED.

Dated: May 19, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge