UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :   Title III
                                                                    :
        as representative of                                        :   Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,                            :   (Jointly Administered)
                                                                    :
        Debtors.¹                                                   :
------------------------------------------------------------------- x
```

**THIRD SUPPLEMENTAL DECLARATION OF JUAN J. CASILLAS AYALA
REGARDING RETENTION OF CASILLAS, SANTIAGO & TORRES, LLC AS LOCAL
COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Juan J. Casillas, hereby declare under penalty of perjury:

1. I am a Capital Member in the law firm of Casillas, Santiago & Torres, LLC ("CST Law") with offices at El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, Puerto Rico 00901. The facts set forth in this supplemental declaration (the "Third Supplemental Declaration") are based upon my personal knowledge, discussions with other CST Law attorneys, and the firm's client/matter records that were reviewed by me or other CST Law attorneys acting under my supervision and direction.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. On August 4, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application of Official Committee of Unsecured Creditors for Employment of Casillas, Santiago & Torres, LLC as Local Counsel to Committee* [Docket No. 884, 17-bk-3283] (the "Retention Application") filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases.

3. By order of this Court entered October 6, 2017 [Docket No. 1414, 17-bk-3283] (the "Retention Order"), CST Law's retention as counsel for the Committee was approved effective as of July 23, 2017. The Retention Order provided that "[t]he retention of Casillas, Santiago & Torres, LLC, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for HTA, ERS, and PREPA. Accordingly, CST Law's retention extends to the representation of the Committee as the official committee for HTA, ERS, and PREPA.[2]

4. Since the filing of the Initial Declaration on August 4, 2017, I have submitted two supplemental declarations: on August 8, 2018, the first supplemental declaration [Docket No. 3753, 17-bk-3283] (the "First Supplemental Declaration"); and, on May 16, 2022, the second supplemental declaration [Docket No. 20824, 17-bk-3283] (the "Second Supplemental Declaration" and, together with the Initial Declaration and the First Supplemental Declaration,

---

[2] The "Committee" refers to the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

the "Prior Declarations").[3] I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

### Supplemental Disclosures

5. Following the filing of the Second Supplemental Declaration on May 16, 2022, the U.S. Trustee has provided CST Law with a few follow-up questions and comments regarding the Second Supplemental Declaration. CST Law is submitting this Third Supplemental Declaration in order to resolve these questions and comments.

6. First, to clarify, the entities listed on Exhibit B to the Second Supplemental Declaration are represented, or have been represented in the past, by CST Law in matters ***unrelated*** to the Title III cases and ***unrelated*** to other MIP Parties in connection with the Title III cases. [Docket No. 20824-2, 17-bk-3283] Although CST Law has represented, currently represents, and may continue to represent certain entities and individuals listed on Exhibit B to the Second Supplemental Declaration, CST Law has not and will not represent any such entity or individual in the Title III cases. Moreover, as noted in the Second Supplemental Declaration, each of the entities identified on Exhibit B thereto as a "current client" accounted for less than 8% of CST Law's fees collected for the firm's fiscal year ending December, 2021. For the avoidance of doubt, the services performed for such entities were ***unrelated*** to the Title III cases and ***unrelated*** to other MIP Parties in connection with the Title III cases.

7. Second, commencing on March 15th, 2022, CST Law commenced representing Drivetrain, LLC, but solely in its capacity as the trustee of the Avoidance Actions Trust (the "Avoidance Actions Trustee") and not in any other capacity. In particular, pursuant to the Plan,

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application or the Prior Declarations, as applicable.

3

on March 15, 2022, Drivetrain, LLC, was appointed as the Avoidance Actions Trustee, and all Avoidance Actions (as defined in the Plan), including potential tolled claims, were transferred to the Avoidance Actions Trust.[4] The Avoidance Actions had originally been filed by the Committee as co-plaintiff together with the Oversight Board's Special Claims Committee, pursuant to the *Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecuted of Debtor Causes of Action*, entered by the Court on April 26, 2019 [Docket No. 6524, 17-bk-3283]. CST Law served as counsel to the Committee in all but 1 of the Avoidance Actions transferred to the Avoidance Actions Trust. On May 11, 2022, the Court also allowed the substitution of the Avoidance Actions Trust as plaintiff in the pending Avoidance Actions. *See* Docket No. 20740, 17-bk-3283. CST Law continues to represent the plaintiff (now the Avoidance Actions Trustee) in the Avoidance Actions, which actions are being pursued for the benefit of all holders of allowed CW General Unsecured Claims and allowed ERS General Unsecured Claims (each as defined in the Plan), as applicable. *See* Plan §§ 1.181, 1.223.

8. Third, on Exhibit C to the Second Supplemental Declaration, CST Law disclosed that one of its recent hires had represented, at her prior employer, Drivetrain, LLC, as Trustee of Doral Bank's Unsecured Creditor's Trust. [Docket No. 20824-3, 17-bk-3283] For the avoidance of doubt, this lawyer did not continue her representation of Drivetrain, LLC after joining CST Law, except that, as detailed above, CST Law represent Drivetrain, LLC in its capacity as Avoidance Actions Trustee.

---

[4] The order confirming the Plan [Docket No. 19813, 17-bk-3283] (the "Confirmation Order") provides that, "in accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Avoidance Actions Trust shall have the sole right, authority, and standing to prosecute, settle or otherwise dispose of all Avoidance Actions . . . as of the Effective Date." Confirmation Order ¶19.

4

9. Fourth, as previously disclosed, Genesis Security Services, Inc. ("Genesis") is a current client of CST Law, and Baxter Sales and Distribution Puerto Rico Corp. ("Baxter") is a former client of CST Law. Both entities are current members of the Committee. To the best of my knowledge, information, and belief, formed after reasonable inquiry, neither Genesis nor Baxter have or are entitled to receive more favorable treatment compared to the class of creditors represented by the Committee as a whole.

10. Finally, in its Initial Declaration, CST Law disclosed that it "does premises liability and tort insurance defense work for an insurance company (and sometimes its insured), who insures Banco Popular de Puerto Rico on such matters. CST Law is terminating its prepetition representation related to Banco Popular matters." *See* Initial Declaration ¶ 4.c. The aforementioned insurance company is Universal Insurance Company.[5] For the avoidance of doubt, CST Law continues to represent Universal Insurance Company (and its affiliates) on other matters, which are ***unrelated*** to the Title III cases.

\* \* \*

11. Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, CST Law does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed CST Law, and CST Law is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that CST Law:

(a) is not a creditor, equity security holder, or insider of the Debtors;

---

[5] On Exhibit C to its First Supplemental Declaration, CST Law disclosed that CST Law represents or had represented in the past Universal Insurance Company and certain of its affiliates in matters ***unrelated*** to the Title III cases

5

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

12. Despite the efforts described above to identify and disclose CST Law's connections with parties in interest in the Title III Cases, CST Law is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if CST Lawdiscovers additional information that requires disclosure, CST Law will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of May, 2022

*/s/ Juan J. Casillas Ayala*
Juan J. Casillas Ayala

6