**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**EVERTEC GROUP, LLC'S RESPONSE TO NOTICE REGARDING
AVOIDANCE ACTIONS TRUSTEE'S OMNIBUS MOTION REQUESTING
ENTRY OF LITIGATION CASE MANAGEMENT PROCEDURES**

**COMES NOW** Evertec Group, LLC ("Evertec"), defendant in Adversary Case No. 19-00044-LTS (the "Action"), and a party-in-interest under 11 U.S.C. § 1109(b), by and through the undersigned legal counsel, and respectfully submits this response (the "Response") to the *Notice Regarding Avoidance Actions Trustee's Omnibus Motion Requesting Entry of Litigation Case Management Procedures* (the "Notice on Revised Procedures"). *See* Dkt. No. 20866.

1. On April 14, 2022, the Avoidance Actions Trustee (the "Trustee") filed the *Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

*Procedures* (the "Motion")[2] (Dkt. No. 20560) requesting the implementation of several procedures to govern the Avoidance Actions (the "Proposed Procedures").

2. On May 3, 2022, Evertec filed its *Limited Objection and Reservation of Rights to Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (the "Limited Objection"). *See* Dkt. No. 20665.

3. A hearing was held on May 18, 2022 (the "Hearing") to consider arguments on the Proposed Procedures in the Motion and the objections filed by different parties, including Evertec's Limited Objection. At the conclusion of the hearing, Magistrate Judge Dein indicated that she will issue a notice with a redlined version of a revised proposed procedures order for counsel's review and comments. *See* Dkt. No. 20868.

4. Later on May 18, 2022, Magistrate Judge Dein entered the Notice on Revised Procedures, which included as an exhibit "a revised version of the Avoidance Action Procedures" (the "Proposed Revised Procedures"). *See* Dkt. No. 20866 at pp. 1-2.

5. Evertec objects to the mandatory mediation provisions in the Proposed Revised Procedures for the reasons asserted in the Limited Objection and the reasons discussed at the Hearing. As argued by the undersigned at the Hearing, under the First Circuit decision of In re Atl. Pipe Corp., 304 F.3d 135 (1st Cir. 2002), any mandatory mediation order that does not "**set reasonable limits on the duration of the mediation and on the mediator's fees**" (*Id.* at 147-148) (emphasis added) is doomed to fail because the "order must be crafted in a manner that preserves procedural fairness and shields objecting parties from undue burdens." *Id* at 145.

6. The Proposed Revised Procedures' mandatory mediation framework does not contain the safeguards required by the First Circuit. It does not include: (i) a limitation on duration

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

2

of the mediation; nor (ii) a limitation to the mediator's fees. Accordingly, the Proposed Revised Procedures must be modified to conform with the requirements of Atl. Pipe.

7. In the alternative, and without waiving Evertec's position concerning the procedural safeguards Atl. Pipe requires, and which are missing from the Proposed Revised Procedures, Evertec proposes that part V(ii) of the Proposed Revised Procedures be adjusted to allow parties in the Avoidance Actions to voluntary opt-out from mediation by filing a notice to the Court before the initial mediation session is set to begin, <u>and that such party will be automatically exempted from mediation upon the filing of the notice without the need of any Court order or action</u>. Specifically, Evertec suggests the following language for part V(ii) of the Proposed Revised Procedures:

> "Parties who wish to be exempted from mediation will file a notice with the Court in their Applicable Avoidance Action before commencement of their initial mediation session. Upon filing of the notice, the party will be automatically exempted from mediation without the need of any Court order or further action by the Court."

8. Evertec believes that the foregoing proposal would be sufficient to avoid any infirmities the Proposed Revised Procedures has under Atl. Pipe.

9. Lastly, Evertec reserves all rights and remedies with respect to the Motion, the Notice on Revised Procedures, and the Proposed Revised Procedures.

**WHEREFORE**, for the reasons explained above, Evertec respectfully requests this Court to (i) modify the mediation provisions in the Proposed Revised Procedures to set reasonable limits on the duration of the mediation and on the mediator's fees in compliance with the First Circuit's decision in Atl. Pipe, 304 F.3d at 147-148; or (ii), in the alternative, modify part V(ii) of the Proposed Revised Procedures to allow parties in the Avoidance Actions to voluntary opt-out from mediation by filing a notice to the Court before the initial mediation session is set to begin, and

3

that such party will be automatically exempted from mediation upon the filing of the notice without the need of any Court order or action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of May, 2022.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. No. 20190-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**McCONNELL VALDÉS LLC**
*Attorneys for Evertec Group, LLC*
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5619
Facsimile: 787-759-8282

*s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
nzt@mcvpr.com