# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 20692, 20696 |

### RESPONSE OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO MOTION FILED BY CLAIMANT MARIA A. CLEMENTE ROSA CONCERNING PROOF OF CLAIM NO. 133537 [DKT NO. 20692]

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] in compliance with the Court's *Order Setting Briefing Concerning Motion of Ms. Maria A. Clemente Rosa* [ECF No. 20696], respectfully submits this

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

response and opposition (the "Opposition") to the motion [ECF No. 20692] (the "Motion") filed by claimant Maria A. Clemente Rosa ("Ms. Clemente Rosa"), concerning Proof of Claim No. 133537 (the "Claim"). In support of its Opposition, the Commonwealth respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Commonwealth Plan[3] provides for the orderly resolution of all claims filed in the Commonwealth Title III case. Among other things, Section 82.7 of the Plan provides that claims transferred into Administrative Claims Reconciliation[4] pursuant to the ACR Order shall "***upon transfer, . . . (a) be reconciled pursuant to the applicable regulatory and administrative procedures of the Debtors and the Reorganized Debtors, as the case may be, (b) be paid in full in the ordinary course of business***, and (c) except as otherwise provided in the Plan, shall not be included in CW General Unsecured Claims to be satisfied from the CW GUC Recovery or Convenience Claims." Plan § 82.7 (emphasis added).

2. In defiance of that process, the Motion asks this Court to allow Ms. Clemente Rosa to jump ahead of other claimants, immediately adjudicate her Claim—which has already been transferred into Administrative Claims Reconciliation, and which is currently being reviewed and reconciled by the Commonwealth pursuant to its existing administrative processes—before the Title III Court, and to "guarantee" her payment of amounts allegedly due pursuant to the Claim.

---

[3] On January 18, 2022, the Court confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784] (the "Plan"). *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order").

[4] Terms not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them below.

Specifically, the Motion requests the Court to "impose a legal remedy aimed at compensating damages caused by the Debtor . . . and [to award] damages and payment of interest in the amount of $250,000 as stipulated in the Claim and the payment of costs and attorneys' fees." Mot. at ¶ 14.

3. But, Ms. Clemente Rosa asserts no reason why the Claim can, or should, be adjudicated on an expedited basis, or why any right to payment to which Ms. Clemente Rosa may be entitled must be "guaranteed" by the Court. As a result, the Motion fails and should be denied.

## BACKGROUND

4. On June 29, 2018, Ms. Clemente Rosa filed the Claim against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). Therein, Ms. Clemente Rosa asserts liabilities associated with "Retirement Law and other priority contributions to which I have a right" and "Law 64 – improper payment" in an "estimated amount" of $90,000. As supporting documentation, Ms. Clemente Rosa attached (1) a letter addressed to the Court asking that Ms. Clemente Rosa "be awarded the payment of my retirement in its entirety when the time comes," (2) documentation related to Ms. Clemente Rosa's estimated pension payment, and (3) records relating to Ms. Clemente Rosa's June 15, 2018 paycheck.

5. On March 12, 2020, in order to facilitate the efficient and cost effective resolution of certain types of ordinary-course claims against the Debtors, this Court entered the *Order (A) Authorizing Administrative Reconciliation Of Claims, (B) Approving Additional Form Of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order"). The ACR Order authorized the Debtors to resolve certain Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and Grievance Claims (each as defined in the ACR Order) utilizing the Debtors' existing administrative reconciliation processes ("Administrative Claims Reconciliation").

3

Claims resolved via Administrative Claims Reconciliation shall be paid "the amount due and owing in the ordinary course," ACR Order, Exhibit 1, ¶ 2, pursuant to the time frames set forth in the ACR Order. *Id.* ¶ 5(h).

6. On July 13, 2021, the Oversight Board transferred the Claim into the Administrative Claims Reconciliation process for resolution utilizing the Commonwealth's Pension/Retiree Procedures and Public Employee Procedures (each as defined in the ACR Order). *See Sixteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17320] at 162. Thereafter, the Commonwealth commenced its review of the Claim, and sent Ms. Clemente Rosa an information request letter seeking additional information regarding the liabilities asserted in the Claim. Ms. Clemente Rosa responded to that request, which response is under review by the Commonwealth to determine whether it provides sufficient information to enable the Commonwealth to reconcile the Claim using its existing administrative processes. *See Tenth Administrative Claims Reconciliation Status Notice* [ECF No. 20461-1 at 759]. In the event the Commonwealth determines it does not have sufficient information to reconcile the Claim, the Commonwealth may contact Ms. Clemente Rosa again in an effort to obtain such information.

7. On May 5, 2022, Ms. Clemente Rosa filed the Motion which, as noted above, requested immediate resolution and "guaranteed" payment of the amounts requested in the Claim. In addition, the Motion asserts violations of additional Commonwealth laws not referenced in the Claim, including Law 9, Law 89, Law 96, Law 164, and Law 158, and requested payment "in the amount of $250,000.00 as stipulated in the claim and the payment of costs and attorneys' fees." Mot. at 1-4.

## ARGUMENT

8. The Commonwealth is currently in the process of reconciling the Claim pursuant to its existing administrative procedures, as contemplated by the ACR Order and the Plan. Although Ms. Clemente Rosa requests immediate resolution of her Claim and a "guarantee" of payment of the amounts asserted therein, the Motion has provided no valid basis for the Claim to be handled outside of that process.

9. Ms. Clemente Rosa's request for the Court to immediately resolve the amount of her Claim fails because the liabilities asserted in the Claim are precisely the type of liabilities this Court has already determined are best resolved pursuant to the Commonwealth's existing administrative procedures. *See* ACR Order; *Supplemental Brief of the Debtors in Support of Motion for Entry of an Order (A) Authorizing Administrative Claims Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8876]. Ms. Clemente Rosa's Claim asserts liabilities associated with payment of her accrued pension. Personnel at the Commonwealth's agencies who have decades of experience in resolving similar claims are currently working to evaluate Ms. Clemente Rosa's Claim and the supporting documentation she has submitted, and there is no benefit in having this Court undertake that same task. *In re Unanue-Casal*, 164 B.R. 216, 222 (D.P.R. 1993) (abstention is appropriate "in order to preserve the scarce resources of the judiciary" by "[avoiding] duplicative proceedings"). Ms. Clemente Rosa offers no basis for resolving her Claim before this Court, rather than through the Commonwealth's administrative processes, and her request should therefore be denied.

10. Ms. Clemente Rosa's request that this Court "guarantee" payment likewise fails. The ACR Order already provides that claims subject to Administrative Claims Reconciliation will

5

be paid, in full, in the ordinary course of business within 120 days of the date it was resolved. ACR Order, Exhibit 1, ¶¶ 2, 5(h). Further, the Court has already "reserve[d] jurisdiction to enforce claims that have not been paid within one-hundred and twenty (120) days of the date such claims may finally be determined." ACR Order at ¶ 6. Accordingly, to the extent resolution of Ms. Clemente Rosa's Claim results in an amount due and owing to Ms. Clemente Rosa, the Debtors are entitled to pay such amount within one hundred twenty (120) days of such resolution, and Ms. Clemente Rosa may seek relief from the Court in the event payment is not made within such timeframe.[5] In light of the obligations already imposed upon the Debtors pursuant to the ACR Order, as well as the Court's retention of jurisdiction to enforce payment of claims resolved via Administrative Claims Reconciliation, there is no reason for this Court to enter an order "guarantee[ing]" payment of the Claim.

11. Accordingly, Ms. Clemente Rosa's effort to short circuit the orderly resolution of her Claim, as contemplated by the Plan and the Administrative Claims Reconciliation process, should be denied.

## **CONCLUSION**

12. For the foregoing reasons, the Commonwealth respectfully requests that the Court deny the Motion.

---

[5] Notably, the Motion asserts additional liabilities and additional amounts not set forth in the original Claim. To the extent Ms. Clemente Rosa seeks, through the Motion, to amend the liabilities asserted in her original Claim, that request is unavailing. Pursuant to paragraph 42 of the Confirmation Order, "[a]s of the commencement of the Confirmation Hearing, a proof of Claim may not be amended without the approval of the Title III Court." Ms. Clemente Rosa has not sought the Court's approval to amend her Claim. And, even if the Motion could be interpreted as a request for Court approval to amend the Claim, such request fails, because the Motion provides no valid basis to amend the Claim in order to assert additional liabilities.

| | |
|---|---|
| Dated: May 20, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico* |