# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** <br><br> **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**, as representative of <br><br> **COMMONWEALTH OF PUERTO RICO.**[1] <br><br> **Debtor** | **CASE NO.: 17-03283 (LTS)** <br><br> **TITLE III; PUERTO RICO OVERSIGHT, MANGEMENT AND ECONOMIC STABILITY ACT (PROMESA)** |

## MOTION TO INFORM TRANSFER OF CLAIM NUMBER 575

**TO THE HONORABLE COURT:**

**COMES NOW** Von Win Capital Management, L.P. through the undersigned attorney and very respectfully states as follows:

1. On March 18, 2018, Ledesma & Rodríguez Insurance Group, Inc./Alfonso Fernández, Jr., Esq. filed Proof of Claim No. 575 against the Commonwealth of Puerto Rico in the amount of $202,309.38. The same was filed as a general unsecured claim.

2. On or about May 20, 2022, Ledesma & Rodríguez Insurance Group, Inc./Alfonso Fernández, Jr., Esq. sold, transferred and assigned to Von Win Capital Management, LLC all of its rights, title and interests in Claim No. 575, as set forth on Exhibit 1 hereto.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) and (vi) Puerto Rico Building Authority ("PBA") Bankruptcy Case No.: 19-BK-5523 (LTS) (Last Four Digits of Federal Tax ID: 3801).

**WHEREFORE**, pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedures, Von Win Capital Management, LLC respectfully requests that this Honorable Court take notice of the foregoing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23RD day of May, 2022.

**WE HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system including the US Trustee and to all those parties registered to receive notice within the electronic notification service.

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
USDC No. 207312

By: *Luisa S. Valle Castro*
Luisa S. Valle Castro
USDC No.: 215611

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of

THE COMMONWEALTH OF PUERTO RICO, THE
EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO, AND THE PUERTO RICO PUBLIC
BUILDINGS AUTHORITY,
Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

YouWin Capital Management, L.P.
Name of Transferee

Name and Address where notices to
transferee should be sent:

80 West 40th Street, 3rd Floor
New York, NY 10018

Phone: (212) 889-1601
Last Four Digits of Acct #: N/A

Name and Address where transferee
Payments should be sent (if
different from above):

SAME ADDRESS AS ABOVE

Phone: _____
Last Four Digits of Acct #: _____

Ledesma & Rodriguez Insurance Group, Inc. /
Alfonso Fernandez, Jr Esq.
Name of Transferor

Scheduled Claim #: 1177794
Scheduled Amount: N/A
Proof of Claim #: 575
POC Amount: $202,309.38
Debtor: Commonwealth of Puerto Rico

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
Transferee/Transferee's Agent

Date: May 20, 2022

| ASSIGNMENT OF CLAIM | CESIÓN DE CRÉDITO |
|---|---|
| **1. Assignment of Claim**<br>Each Seller, as noted in the signature block below ("Seller"), in consideration of the sum set forth on Schedule A attached hereto and incorporated herein (the "Purchase Price"), the receipt and sufficiency of which is hereby acknowledged, does assign and transfer to VonWin Capital Management, L.P. ("Buyer"), on a joint and several basis, all of Seller's right, title, and interest in the claim(s) that Seller holds against The Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, The Puerto Rico Public Buildings Authority and any other debtors (collectively, "Debtor"), in the Title III case under PROMESA captioned In re: Financial Oversight & Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico, et al., Case No. 17-3283-LTS (the "Proceeding") pending before the United States District Court for the District of Puerto Rico (the "Court") in the currently outstanding amount of not less than $202,309.38 (the "Claim Amount") and any legal rights against any third party with respect to the events and documentation that gave rise to the claim(s), including but not limited to class action lawsuits, other proceedings, etc. (such proceedings, together with the Proceeding, the "Proceedings") including Seller's rights to all distributions related thereto (collectively, the "Claim. The Claim is based on amounts owed to Seller by Debtor, and this Assignment of Claim (the "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.<br><br>**2. Purchase Price**<br>The "Purchase Price" set forth on Schedule A shall become due and payable within 5 business days of the full execution and delivery of this Assignment,. To the extent the Claim is ultimately allowed in an amount greater than $101,154.69 (i.e. 50% of the Claim Amount), Buyer will make a true-up payment equal to the Purchase Rate multiplied by the allowed claim amount in excess of $101,154.69. Such true-up payment shall be paid within 5 business days of an Allowed Claim Event. "Allowed Claim Event" means the earlier of (i) Buyer's receipt of notice of allowance of the Claim pursuant to a final order of the Court or a final stipulation with the Debtor, or (ii) Buyer's receipt of a distribution from Debtor that verifies the allowed Claim amount.<br><br>**3. Representations and Warranties**<br>Each Seller represents and warrants on a joint and several basis that the Claim is an allowed Class 58 CW General Unsecured Claim ("Class 58 Claim") against Debtor in an amount of not less than the Claim Amount; a proof of claim in an amount of not less than the Claim Amount (the "Proof of Claim") has been duly and timely filed against Debtor in the Proceeding; Seller has received a ballot with respect to the Claim classifying the Claim as a Class 58 Claim (the "Ballot"); and a true copy of the Proof of Claim and Ballot have been provided to Buyer. If the Proof of Claim amount differs from the Claim Amount, Buyer shall nevertheless be deemed the owner of the entire Claim and shall be entitled to identify itself as such in the Proceedings. | **1. Cesión de Crédito**<br>El Vendedor, tal como se indica en el bloque de firma a continuación ("Vendedor"), en consideración de la suma establecida en el Anexo A adjunto e incorporado al presente documento (el "Precio de Compra"), cuyo recibo y suficiencia se reconoce por la presente, asigna y cede a VonWin Capital Management, L.P. ("Comprador"), de forma conjunta y solidaria todos los derechos, títulos e intereses del Vendedor en la(s) reclamación(es) de crédito que el Vendedor tiene contra el Estado Libre Asociado de Puerto Rico, El Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, La Autoridad de Edificios Públicos de Puerto Rico y cualquier otro deudor (colectivamente, "Deudor"), en el caso del título III de la Ley PROMESA, con el epígrafe Asunto: La Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico, et al., Caso N° 17-3283-LTS (el "Procedimiento") pendiente ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") por la cantidad pendiente de pago de no menos de $202,309.38 (el "Monto de la Reclamación") y cualquier derecho legal contra cualquier tercero con respecto a los hechos y la documentación que dieron lugar a la(s) reclamación(es) de crédito(s), incluidas, entre otras, las demandas colectivas, otros procedimientos, sucesivamente. (tales procedimientos, junto con el Procedimiento, los "Procedimientos") incluyendo los derechos del Vendedor a todas las distribuciones relacionadas con el mismo (colectivamente, la "Reclamación")..El Crédito se basa en las cantidades adeudadas al Vendedor por parte del Deudor, y esta Cesión de Crédito (la "Cesión") se considerará una cession absoluta e incondicional del Crédito a efectos de cobro y no se considerará que crea una garantía real.<br><br>**2. Precio de Compra**<br>El "Precio de Compra" establecido en el Anexo A vencerá y será abonable en un plazo de 5 días hábiles a partir de la ejecución y entrega completa de esta Cesión (contrato), En la medida en que se permita la reclamación por un importe superior a 101 154.69 dólares (es decir, el 50% del Importe de la Reclamación), el Comprador realizará un pago de compensación igual al Precio de Compra multiplicado por el importe de la reclamación permitida por encima de 101 154.69 dólares. Dicho pago de compensación se abonará en un plazo de 5 días hábiles a partir de la fecha establecida para el Caso de Reclamación Autorizada. " Caso de Reclamación Autorizada" se refiere a lo que ocurra primero: (i) la recepción por parte del Comprador de una notificación de admisión de la Reclamación en virtud de una orden final del Juzgado o una estipulación final con el Deudor, o (ii) la recepción por parte del Comprador de una notificación del Deudor que compruebe el importe de la Reclamación autorizada<br><br>**3. Declaraciones y Garantías**<br>Cada Vendedor declara y garantiza de manera conjunta y solidaria que la Reclamación es una Reclamación de Crédito General No Garantizado de Clase 58 CW permitido1 ("Reclamación de Clase 58") contra el Deudor por un importe no inferior al Importe del Crédito; una prueba de la reclamación crédito por un importe no inferior al Importe del Crédito (la "Prueba de la Reclamación") ha sido presentada debida y oportunamente contra el Deudor en el Procedimiento; El Vendedor ha recibido una boleta con respecto a la Reclamación que clasifica la Reclamación como una Reclamación de Clase 58 (la "Boleta"); y se ha proporcionado al Comprador una copia fiel de la Prueba de la Reclamación de Crédito y de la Boleta. Si el monto de la Prueba de Reclamación de Crédito difiere de la Cantidad |

Each Seller further represents and warrants on a joint and several basis that the Claim is valid, due and owing, undisputed, liquidated, and non-contingent; that no objection to the Claim exists or has been threatened; that no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction of the Claim; that Seller has not previously assigned, sold, factored, or pledged the Claim to any third party, in whole or in part; that Seller owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind; that Seller or any other party has no liabilities or obligations in connection with the Claim; and the Claim is not subject to any right or claim of set-off, reduction, recoupment, avoidance, disallowance, subordination, preference, or any other claim or defense of any kind that has been or may be asserted by Debtor or any other party to reduce the amount of the Claim or to impair its value. For the avoidance of doubt, Buyer does not assume any liabilities or obligations of Seller or any other person relating to the Claim.

Seller and Buyer (each a "Party" and collectively, the "Parties") are each aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until the conclusion of the Proceedings. The Parties acknowledge that, except as set forth in this Assignment, neither Party nor any agent or representative of such Party has made any representation whatsoever to the other Party regarding the status of the Proceedings. Each Party represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed and independent decision regarding the sale or purchase of the Claim without reliance on the other Party. Each Party hereby agrees to maintain the confidentiality of the terms of this transaction and Assignment, unless otherwise required to be disclosed by law or regulatory authority, in which case such Party will provide adequate advance notice to the other Party prior to such disclosure.

**4. Additional Agreements**
Upon Buyer's request, Seller will make to Buyer immediate, proportional restitution and/or repayment of the Purchase Price to the extent that the Claim is disallowed, reduced, impaired, subordinated, or not paid at the same time or distribution rate as other allowed Class 58 Claims against Debtor are paid, for any reason whatsoever, in whole or in part. Seller further agrees to reimburse Buyer for all damages, costs and expenses, including reasonable legal fees and costs, incurred by Buyer as a result of (i) the Claim's disallowance, reduction, impairment, subordination, or non-payment, (ii) Seller's objection to the transfer of the Claim, or (iii) Seller's breach of its representations or nonperformance of its obligations hereunder. Any repayment or reimbursement under this Section shall be made together with interest at the rate of ten percent per annum on the amount repaid or reimbursed for the period from the date of this Assignment through the date such repayment or reimbursement is due, and if such repayment or reimbursement is not made when due, it shall further accrue penalty interest on the total amount due at the rate of eighteen percent per annum until paid in full. In the event the Claim is ultimately allowed in an amount in excess of the Claim Amount, Buyer will be deemed rightful owner to the full

Reclamada, el Comprador será considerado, no obstante, el propietario de la totalidad de la Reclamación y tendrá derecho a identificarse como tal en el Procedimiento.

Además, cada Vendedor declara y garantiza de manera conjunta y solidaria que la Reclamación de Crédito es válida, vencida y debida, indiscutible, liquidada y no contingente; que no existe objeción a la Reclamación ni se ha amenazado con hacerla; que el Vendedor o cualquier tercero que la reclame a través del Vendedor no ha recibido pago alguno en satisfacción total o parcial de la Reclamación; que el Vendedor no ha cedido, vendido, facturado o comprometido previamente la Reclamación a ningún tercero, en su totalidad o en parte; que el Vendedor es propietario y tiene título de la Reclamación libre de todo derecho de retención, garantía o gravamen de cualquier otra parte no tiene responsabilidades u obligaciones en relación con la Reclamación; y la Reclamación no está sujeto a ningún derecho o reclamo de compensación, reducción, recuperación, anulación, desautorización, subordinación, preferencia o cualquier otro reclamo o defensa de cualquier tipo que haya sido o pueda ser alegado por el Deudor o cualquier otra parte para reducir el monto de la Reclamación o menoscabar su valor. Para que no haya lugar a dudas, el Comprador no asume ninguna responsabilidad u obligación del Vendedor o de cualquier otra persona en relación con la Reclamación.

El Vendedor y el Comprador (cada uno siendo una "Parte" y, colectivamente, las "Partes") son conscientes de que el Precio de Compra puede diferir de la cantidad finalmente distribuida en el Procedimiento con respecto a la Reclamación y de que tal cantidad podría no determinarse de manera absoluta hasta la conclusión del Procedimiento. Las Partes reconocen que, a excepción de lo establecido en esta Cesión, ninguna de las Partes ni ningún agente o representante de alguna Parte ha hecho ninguna declaración a la otra Parte con respecto al estado del Procedimiento. Cada Parte declara que tiene información adecuada sobre la situación comercial y financiera del Deudor y el estado de los Procedimientos para tomar una decisión informada e independiente con respecto a la venta o compra del Crédito sin depender de la otra Parte. Por el presente, cada Parte se compromete a mantener la confidencialidad de los términos de esta transacción y Cesión, a menos que la ley o la autoridad reguladora requieran que se divulgue, en cuyo caso dicha Parte notificará con antelación suficiente a la otra Parte antes de dicha divulgación.

**4. Acuerdos Adicionales**
A petición del Comprador, el Vendedor le hará una restitución y/o reembolso inmediato y proporcional del Precio de Compra en la medida en que la Reclamación sea rechazada, reducida, deteriorada, subordinada o no pagada al mismo tiempo o a la tasa de distribución que se paguen otras Reclamaciones de Clase 58 permitidas contra el Deudor, por cualquier motivo, en su totalidad o en parte. Además, el Vendedor acepta reembolsar al Comprador todos los daños, costos y gastos, incluyendo los honorarios y costos legales razonables, incurridos por el Comprador como resultado de (i) la denegación, reducción, deterioro, subordinación o impago de la Reclamación, (ii) la objeción del Vendedor a la transferencia de la Reclamación, o (iii) el incumplimiento por parte del Vendedor de sus declaraciones o el incumplimiento de sus obligaciones en virtud del presente. Cualquier devolución o reembolso en virtud de esta Sección se realizará junto con intereses a una tasa del diez por ciento anual sobre el monto reembolsado o pagado durante el período comprendido entre la fecha de esta Asignación y la fecha en que dicho reembolso o pago venza, y si dicho reembolso o pago no se realiza a su vencimiento, devengará intereses de mora sobre el monto total adeudado a una tasa del dieciocho por ciento anual hasta que se pague en su totalidad. En caso de que la Reclamación sea permitida en última instancia por un monto superior al Monto de la Reclamación, el Comprador se considerará

amount of the Claim in its entirety and shall have all rights thereto. In the event Seller has previously assigned or assigns or pledges this Claim to any third party, Seller agrees to immediately pay Buyer, upon demand of Buyer, liquidation damages in an amount equal to double the amount paid to Seller herein.

### 5. Authority and Claim Enforcement

Seller hereby irrevocably appoints Buyer as its true and lawful attorney with respect to the Claim and authorizes Buyer to act in Seller's stead, to demand, sue for, compromise, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. To the extent Debtor, the Court, or any other party refuses to recognize the powers granted by Seller to Buyer in this section, Seller hereby agrees to perform such tasks as may be reasonably requested by Buyer from time to time to complete the intent of this Assignment. Seller grants unto Buyer full authority to do all things necessary to enforce the Claim and Seller's rights thereunder pursuant to this Assignment. Seller agrees that the powers granted by this paragraph are discretionary in nature and that Buyer may exercise or decline to exercise such powers at Buyer's sole option. Buyer shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Seller will in good faith take all actions necessary or appropriate, at its own expense, to (i) have the Claim allowed in the Proceedings in an amount not less than the Claim Amount, and (ii) effect the assignment of the Claim and any payments or distributions thereon to Buyer including, without limitation, the execution of appropriate transfer powers, corporate resolutions, and consents. Without limiting the generality of the foregoing, Seller acknowledges and agrees that Buyer may deposit into Buyer's account any and all checks, the amounts of which are rightfully owned by Buyer pursuant to this Assignment but are made payable to Seller, received in connection with future distributions on the Claim. If a Notice of Change of Address is required to be filed in the Proceedings to effectuate this Assignment, Seller hereby waives any right or authority that it may hold to later revoke, amend, or otherwise modify in any manner the administrative details for the Claim and/or payments on the Claim.

### 6. Notices, Actions, and Distributions

Seller agrees to promptly forward to Buyer all notices received from Debtor, the Court or any third party with respect to the Claim and to take such action with respect to the Claim in the Proceedings as Buyer may from time to time request (including assisting Buyer in documenting and proving the Claim). Seller further agrees that any distribution received by Seller on account of the Claim shall constitute the property of Buyer to which Buyer has an absolute right, and that Seller will hold such property in trust and will, at its own expense, deliver to Buyer within five business days any such property in the same form received, together with any endorsement or documents necessary to transfer such property to Buyer. In the event of any breach of this Assignment by Seller, Seller agrees to pay Buyer promptly upon written demand all liabilities, costs, and expenses of Buyer arising from such breach.

### 7. Survival and Transferability

---

propietario legítimo del monto total de la Reclamación en su totalidad y tendrá todos los derechos sobre la misma. En el caso de que el Vendedor haya cedido previamente o ceda o prometa esta Reclamación a un tercero, el Vendedor se compromete a pagar inmediatamente al Comprador, a petición del Comprador, daños por liquidación en una cantidad igual al doble de la cantidad pagada al Vendedor en el presente document.

### 5. Autoridad y Ejecución de la Reclamación de Crédito

Por el presente, el Vendedor designa irrevocablemente al Comprador como su representante verdadero y legal con respecto a la Reclamación y autoriza al Comprador a actuar a nombre del Vendedor, para exigir, demandar, comprometer y recuperar todas las cantidades que ahora son, o puedan llegar a ser, debidas y pagaderas por o a causa de la Reclamación. En la medida en que el Deudor, el Tribunal o cualquier otra parte se niegue a reconocer los poderes otorgados por el Vendedor al Comprador en esta sección, el Vendedor acepta realizar las tareas que el Comprador pueda solicitar razonablemente cada cierto tiempo para completar la intención de esta Cesión. El Vendedor otorga al Comprador plena autoridad para hacer todo lo necesario para hacer cumplir la Reclamación y los derechos del Vendedor en virtud de esta Cesión. El vendedor acepta que los poderes otorgados por este párrafo son de naturaleza discrecional y que el Comprador puede ejercer o negarse a ejercer dichos poderes a elección exclusiva del Comprador. El Comprador no tendrá la obligación de tomar ninguna medida para probar o defender la validez o el monto de la Reclamación en el Procedimiento. El Vendedor tomará de buena fe todas las medidas necesarias o pertinentes, a sus expensas, para (i) hacer que la Reclamación sea permitida en el Procedimiento por un monto no inferior al Monto del Crédito, y (ii) efectuar la asignación de la Reclamación y cualquier pago o distribución al Comprador, incluyendo, entre otros, la ejecución de los poderes de transferencia apropiados, resoluciones corporativas y consentimientos. Sin limitar la generalidad de lo anterior, el Vendedor reconoce y acepta que el Comprador puede depositar en la cuenta del Comprador todos y cada uno de los cheques, cuyos montos son propiedad legítima del Comprador de conformidad con esta Asignación, pero se pagan al Vendedor, recibidos en relación con distribuciones futuras sobre la Reclamación. Si se requiere que se presente un Aviso de Cambio de Dirección en el Procedimiento para efectuar esta Cesión, por el presente el Vendedor renuncia a cualquier derecho o autoridad que pueda tener para revocar, enmendar o modificar de cualquier otra manera los detalles administrativos de la Reclamación y/o los pagos de la Reclamación.

### 6. Avisos, Acciones y Distribuciones

El Vendedor se compromete a remitir sin demora al Comprador todas las notificaciones recibidas del Deudor, el Tribunal o cualquier tercero con respecto a la Reclamación y a tomar las medidas con respecto a la Reclamación en el Procedimiento que el Comprador pueda solicitor cada cierto tiempo (incluida la asistencia al Comprador para documentar y probar la Reclamación). El Vendedor también acepta que cualquier distribución recibida por el Vendedor a causa de la Reclamación constituirá propiedad del Comprador a la que el Comprador tiene un derecho absoluto, y que el Vendedor mantendrá dicha propiedad en fideicomiso y, a su propio costo, entregará al Comprador dentro de cinco días hábiles cualquier propiedad recibida en la misma forma, junto con cualquier respaldo o documentos necesarios para transferir dicha propiedad al Comprador. En caso de incumplimiento de esta Cesión por parte del Vendedor, el Vendedor se compromete a pagar al Comprador sin demora, previa solicitud por escrito, todas las responsabilidades, costos y gastos del Comprador que surjan de dicho incumplimiento.

| | |
|---|---|
| The terms of this Assignment shall be binding upon Seller, Buyer, and their respective successors and assigns. All representations, warranties, covenants, indemnities, and agreements made herein shall survive the execution and delivery of this Assignment and any such reassignment. | 7. Vigencia y Transferibilidad<br>Los términos de esta Cesión serán vinculantes para el Vendedor, el Comprador y sus respectivos sucesores y cesionarios. Todas las declaraciones, garantías, convenios, indemnizaciones y acuerdos realizados en este documento seguirán vigentes a la ejecución y entrega de esta Cesión y cualquier reasignación de este tipo. |
| **8. Governing Law, Jurisdiction, and Miscellaneous**<br>This Assignment constitutes the legal, valid, binding, and enforceable obligation of Seller, and is executed by Seller's duly authorized representative. Headings in this Assignment are for convenience only and shall have no effect on the interpretation of this Assignment. This Assignment shall be governed by, and construed in accordance with, the substantive laws of the State of New York without regard to the conflict of law rules thereof. In any action commenced hereunder to enforce one or more provisions of this Assignment, the Parties agree: (a) that venue shall be exclusive to a competent jurisdiction in New York County, New York; (b) to waive the defenses of improper venue and forum non conveniens; (c) to waive the right to a trial by jury; and (d) the prevailing Party shall be entitled to the recovery of its reasonable attorneys' fees and costs. | **8. Ley Aplicable, Jurisdicción y Varios**<br>Esta Cesión constituye la obligación legal, válida, vinculante y exigible del Vendedor, y es ejecutada por el representante debidamente autorizado del Vendedor. Los subtítulos de esta Cesión son solo para conveniencia y no tendrán efecto en la interpretación de esta Cesión. Esta Cesión se regirá e interpretará de acuerdo con las leyes sustantivas del Estado de Nueva York, sin tener en cuenta las reglas de conflict de leyes del mismo. En cualquier acción iniciada en virtud del presente para hacer cumplir una o más disposiciones de esta Cesión, las Partes acuerdan: (a) que la jurisdicción será exclusiva de una jurisdicción competente en el Condado de Nueva York, Nueva York; (b) renunciar a las defensas de la jurisdicción inadecuada y forum non conveniens(c) renunciar al derecho a un juicio con jurado; y (d) la Parte vencedora tendrá derecho a la recuperación de los honorarios y costos razonables de sus abogados. |
| This Agreement is written in English and Spanish. In case of any conflict, the English version shall prevail. | Este Acuerdo está escrito en inglés y español. En caso de conflicto, prevalecerá la versión en inglés. |
| IN WITNESS WHEREOF, Seller has duly executed this Assignment on this 18 day of May, 2022. | EN FE DE LO CUAL, el Vendedor ha ejecutado debidamente esta Cesión en este día 18 de mayo de 2022. |

SELLER: Ledesma & Rodriguez Insurance Group, Inc.

By: _[signature]_
Name: Manuel Ledesma Cancio
Title: President

SELLER: Alfonso Fernandez, Jr Esq., as beneficiary of all monetary proceeds from Case Number KAC 2012-1242, Ledesma & Rodriguez Insurance Group, Inc. vs Estado Libre Asociaso de Puerto Rico et al.

By: _[signature]_
Name: Alfonso Fernández
Title: Counsel

BUYER: VonWin Capital Management, L.P.
80 West 40th Street, 3rd Floor
New York, NY 10018

By: VonWin Capital, LLC
Title: General Partner of VonWin Capital Management, L.P.

By: _____
Roger Von Spiegel
Title: Managing Member of VonWin Capital, LLC

| | |
|---|---|
| The terms of this Assignment shall be binding upon Seller, Buyer, and their respective successors and assigns. All representations, warranties, covenants, indemnities, and agreements made herein shall survive the execution and delivery of this Assignment and any such reassignment. | 7. Vigencia y Transferibilidad
Los términos de esta Cesión serán vinculantes para el Vendedor, el Comprador y sus respectivos sucesores y cesionarios. Todas las declaraciones, garantías, convenios, indemnizaciones y acuerdos realizados en este documento seguirán vigentes a la ejecución y entrega de esta Cesión y cualquier reasignación de este tipo. |
| 8. Governing Law, Jurisdiction, and Miscellaneous
This Assignment constitutes the legal, valid, binding, and enforceable obligation of Seller, and is executed by Seller's duly authorized representative. Headings in this Assignment are for convenience only and shall have no effect on the interpretation of this Assignment. This Assignment shall be governed by, and construed in accordance with, the substantive laws of the State of New York without regard to the conflict of law rules thereof. In any action commenced hereunder to enforce one or more provisions of this Assignment, the Parties agree: (a) that venue shall be exclusive to a competent jurisdiction in New York County, New York; (b) to waive the defenses of improper venue and forum non conveniens; (c) to waive the right to a trial by jury; and (d) the prevailing Party shall be entitled to the recovery of its reasonable attorneys' fees and costs. | 8. Ley Aplicable, Jurisdicción y Varios
Esta Cesión constituye la obligación legal, válida, vinculante y exigible del Vendedor, y es ejecutada por el representante debidamente autorizado del Vendedor. Los subtítulos de esta Cesión son solo para conveniencia y no tendrán efecto en la interpretación de esta Cesión. Esta Cesión se regirá e interpretará de acuerdo con las leyes sustantivas del Estado de Nueva York, sin tener en cuenta las reglas de conflict de leyes del mismo. En cualquier acción iniciada en virtud del presente para hacer cumplir una o más disposiciones de esta Cesión, las Partes acuerdan: (a) que la jurisdicción será exclusiva de una jurisdicción competente en el Condado de Nueva York, Nueva York; (b) renunciar a las defensas de la jurisdicción inadecuada y forum non conveniens;(c) renunciar al derecho a un juicio con jurado; y (d) la Parte vencedora tendrá derecho a la recuperación de los honorarios y costos razonables de sus abogados. |
| This Agreement is written in English and Spanish. In case of any conflict, the English version shall prevail.
IN WITNESS WHEREOF, Seller has duly executed this Assignment on this 18 day of May, 2022. | Este Acuerdo está escrito en inglés y español. En caso de conflicto, prevalecerá la versión en inglés.
EN FE DE LO CUAL, el Vendedor ha ejecutado debidamente esta Cesión en este día 18 de mayo de 2022. |

SELLER: Ledesma & Rodriguez Insurance Group, Inc.

By: _[signature]_
Name: Manuel Ledesma Cancio
Title: President

SELLER: Alfonso Fernandez, Jr Esq., as beneficiary of all monetary proceeds from Case Number KAC 2012-1242, Ledesma & Rodriguez Insurance Group, Inc. vs Estado Libre Asociado de Puerto Rico, et al.

By: _[signature]_
Name: Alfonso Fernández
Title: Counsel

BUYER: VonWin Capital Management, L.P.
80 West 40th Street, 3rd Floor
New York, NY 10018

By: VonWin Capital, LLC
Title: General Partner of VonWin Capital Management, L.P.

By: _[signature]_
Roger Von Spiegel
Title: Managing Member of VonWin Capital, LLC