UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |



**MOVANT'S REQUEST FOR AN AMENDMENT TO THE "*ORDER SCHEDULING BRIEFING OF MOTION TO INTERVENE AND TO INFORM THE EXISTENCE AND CONTINUANCE OF AN UNRESOLVABLE CONFLICT OF INTEREST IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ., AND PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF THE LAW FIRM O'NEILL & BORGES, LLC AS LEGAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND (B) THE DISALLOWMENT AND DISGORGEMENT OF LEGAL FEES*" ISSUED ON MAY 20, 2022 (DOCKET ENTRY NO. 20,923), IN ORDER TO ABBREVIATE THE FILING DEADLINES APPLICABLE TO ALL PARTIES**

**To the Honorable Judge Laura Taylor Swain:**

Movant Carlos Lamoutte ("Movant"), appearing *pro se*, hereby respectfully requests that the June 2 and June 9 filing deadlines established in the briefing order issued by this Court on May 20, 2022, Docket Entry No. 20,923 (the "May 20 Briefing Order"), be shortened to May 26 and May 28, respectively, for the motives set forth hereinbelow. In connection therewith, Movant hereby respectfully states and prays as follows:

1. The case docket reflects that the attorneys of the law firm O'Neill & Borges, LLC ("O&B"), counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), have had both the opportunity and the statutory obligation to disclose to this Court of their conflictive representation of PR Recovery and Development JV, LLC, PR Recovery and Development

1

REO, LLC, Parliament Capital Management, LLC, Parliament High Yield Fund, LLC, and Island Portfolio Services, LLC (collectively, the "Stalking Horse Parties") ever since the time of the negotiation and execution of that certain $384,269,047 Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico[1] (by its Spanish acronym, the "BDE"), as seller, and PR Recovery and Development JV, LLC and PR Recovery and Development REO, LLC, as purchasers, with the direct assistance of the other Stalking Horse Parties.

2. O&B's statutory obligation to report to this Court of its conflicts of interests is of a continuous and ongoing nature. See In Re Sandpoint Castle Company, LLC, 556 B.R. 408, 421 (Bankr. D. Neb. 2016).

3. Ever since September 7, 2018, O&B has failed to admit, deny and/or clarify to this Court, to the U.S. Trustee, and to the other parties-in-interest in this case that O&B in fact concurrently represented the Oversight Board during the same time periods that O&B also represented the Stalking Horse Parties.

4. These facts are easily verifiable by O&B's attorneys and should have been properly disclosed by O&B in this case several years ago, except that O&B's attorneys prefer not to reveal the same in order to continue concealing the identity of the Stalking Horse Parties, their ultimate beneficial owners, and ensuing legal effects on the controversial BDE Loan Sale Agreement that is *sub judice* before the Puerto Rico Court of First Instance, San Juan Part, in Civil Case Number SJ2019CV11697, captioned *Banco de Desarrollo Económico Para Puerto Rico v. Garnet Capital Advisors LLC, PR Recovery and Development REO, LLC, PR Recovery and Development JV, LLC, and Parliament Capital Management LLC* (the "Commonwealth's Contract Rejection Case").

---

[1] The Economic Development Bank for Puerto Rico is one of the covered instrumentalities of the Commonwealth of Puerto Rico subject to PROMESA since the filing of the insolvency petition in this Title III case. See Docket Entry No. 1, Exhibit B, item 12 (Economic Development Bank for Puerto Rico).

2

5. By running a simple internal conflicts check (which takes no more than 30 minutes) and/or by performing a cursory review of the law firm's invoicing records from 2017 thru 2021 (which takes no more than 30 minutes), and/or by conferring with the pertinent colleagues sitting in offices located a few steps down the hall (which takes no more than 30 minutes), O&B's partners are capable of very quickly reporting to this Court whether or not any of the firm's timekeepers assisted any of the Stalking Horse Parties during the same time periods that O&B also represented the Oversight Board in this case – the sole fact that this Court needs to confirm in order to grant Movant's Motion to Disqualify, Docket Entry No. 20,873, as presented.

6. O&B's conflicts of interest in relation to the Stalking Horse Parties are easily verifiable and of public record. It should take the Oversight Board and its attorneys no longer that 48 hours to react to the May 20 Briefing Order.[2]

7. For example, it is of public record that the controversial Loan Sale Agreement referenced in paragraph 1 above, which appears publicly-registered at the Puerto Rico Comptroller's Office under registry number BDEPR-2019-000044, at pages 29 and 30, clearly identifies O&B as counsel to the Stalking Horse Parties in the same controversial transaction that today is the object of the Commonwealth's Contract Rejection Case.

8. Another example. It is of public record is that Attorney Hermann Bauer, lead partner of O&B's PROMESA team since the commencement of this case, in fact served as legal counsel to Parliament High Yield Fund, LLC[3], one of the Stalking Horse Parties. See Civil Case Number SJ2019CV04180, captioned *Parliament High Yield Fund, LLC v. Phoenix Acquisitions LLC, et al.*

---

[2] The docket reflects that the Oversight Board routinely imposes brief timeframes for its counterparties to file objections and/or replies to much more complex, substantive, and technical matters in this case, in comparison to the simple procedural matter that is the object of the May 20 Briefing Order.

[3] Parliament High Yield Fund, LLC is one of the Stalking Horse Parties that provided funding for the 2018 BDE transaction.

3

9. Due to Attorney Bauer's undeniable professional connection to the aforesaid Stalking Horse Party, it can be established that Attorney Bauer is a potential witness in this case having knowledge of O&B's dual, concurrent representation of the Oversight Board and of the Stalking Parties during the same time periods. Absent O&B's voluntary resignation, it is likely that Attorney Bauer will be required to declare under oath, as a witness, in this same case in which Attorney Bauer also appears as one of the attorneys of record for the Oversight Board, a point that tends towards O&B's disqualification in of itself.

10. The motives for which O&B's attorneys continue to flutter around the factual subject-matter of the May 20 Briefing Order are self-evident.

11. However, this Court need not find any intent of wrongdoing on O&B's part. See In Re Indep. Eng. Co. Inc., 232 B.R. 529, 532 (B.A.P. 1st Cir. 1999). To issue a disqualification ruling in this matter, this Court only needs to validate that O&B in fact incurred in the dual, concurrent representation of the Oversight Board and of the Stalking Horse Parties, specifically in relation to the $384,269,047 Loan Sale Agreement that injured the BDE and hundreds of small Puerto Rican business owners that contracted with the BDE at inception.

12. In resolving this matter, it is important to place into context that the BDE is actively challenging the legality of the aforesaid Loan Sale Agreement pursuant to the Commonwealth's Contract Rejection Case and, very strangely, without any type of support from, or intervention by, the Oversight Board and its counsel.

13. O&B has been neither sincere nor timely in its disclosure obligations to this Court, to the U.S. Trustee, and to the other parties-in-interest in this case, presumably because O&B's attorneys sided to protect the private interests of the Stalking Horse Parties rather than to protect the public interests of the Oversight Board and of the Commonwealth of Puerto Rico's covered instrumentalities.

14. The U.S. Trustee may issue a pronouncement in relation to the instant matter.

15. Ironically, O&B's double-dealing conduct in relation to the $384,269,047 Loan Sale Agreement is the same, exact type of practice that bankrupted the Government of Puerto Rico, that required the enaction of PROMESA, and that eventually resulted in the filing of this insolvency case under Title III of PROMESA, the largest municipal bankruptcy in U.S. history.

16. Even the former Executive Director of the Oversight Board, Ms. Natalie Jaresko, formally demanded that the BDE Loan Sale Agreement be reviewed by the Oversight Board, to no avail. See the September 29, 2019 letter issued by Ms. Jaresko, only a few days before the BDE filed its initial complaint against the Stalking Horse Parties in the Commonwealth's Contract Rejection Case, a true and exact copy of which is attached hereto and made to form an integral part hereof.

17. Time is of the essence.

18. Insiders and friends of the PROMESA establishment cannot be allowed to collusively profit from their proximity to the Oversight Board at the expense of the Title III debtor and the creditors of the Commonwealth of Puerto Rico.

19. Given that O&B's attorneys have had ample time to run a simple internal conflicts check (which takes no more than 30 minutes) and/or to perform a cursory review of the law firm's invoicing records from 2017 thru 2021 (which takes no more than 30 minutes) and/or to confer with the pertinent colleagues that sit in offices located a few steps down the hall (which takes no more than 30 minutes), and to finally report to this Court whether or not any of O&B's timekeepers assisted any of the Stalking Horse Parties during the same time periods that O&B also represented the Oversight Board, Movant hereby requests that an amendment to May 20 Briefing Order be granted, such that the parties' respective deadlines to file their reply briefs pursuant to the May 20 Briefing Order be significantly abbreviated.

20. O&B may file its brief on or before the 26th day of May, and Movant is prepared to file any applicable reply on or before the 28th day of May, such that this matter may be adjudicated promptly.

For the reasons set forth above, Movant requests this Court to: (a) grant this motion as filed; and (b) approve and issue an amended order that shortens the filing deadlines established in the May 20 Briefing Order to May 26 and May 28, respectively.

Dated: May 23, 2022
San Juan, Puerto Rico

Respectfully submitted,

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

## Certificate of Service

I hereby certify that, on this date, I filed the foregoing with the Clerk of the Court, in person, who will send notifications of such filing to all CM/ECF participants in this matter.

In San Juan, Puerto Rico, this 23rd day of May 2022.

_____
Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com