**Exhibit B**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth, ERS, and HTA. |

ORDER GRANTING THE THREE HUNDRED FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO MISCELLANEOUS DEFICIENT CLAIMS

Upon the *Three Hundred First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Miscellaneous Deficient Claims* (Docket Entry No. 16021) (the "Three Hundred First Omnibus Objection"), filed by the Commonwealth of Puerto Rico ("Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Debtors"), dated March 12, 2021, for entry of an order disallowing in their entirety certain claims filed against the Debtors, as more fully set forth in the Three Hundred First Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred First Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred First Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting in Part the Three Hundred First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Miscellaneous Deficient Claims*, dated May 24, 2022 (Docket Entry No. \_\_\_\_, the "Notice"), for entry of an order disallowing, in whole or in part, the Claims to Be Heard and the Claims to Be Disallowed via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearing held on the Three Hundred First Omnibus Objection on January 19-20, 2022, and the rulings made therein, sustaining the Three Hundred First Omnibus Objection as to Proof of Claim No. 174485 as being deficient, finding Proofs of Claim Nos. 175178 and 176231 fail to set forth a legal theory upon which any

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

of the Title III Debtors would be liable for the amounts claimed, finding Proof of Claim No. 177692 to be duplicative of master proofs of claim filed on behalf of all plaintiffs in connection with the litigation captioned *Francisco Beltrán Cintrón, et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809, and finding Proof of Claim No. 178186 to be duplicative, in part, of a master proof of claim filed on behalf of all plaintiffs in connection with the litigation captioned *Alejo Cruz Santos, et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. RET-0206-1493 (the "Cruz Santos Litigation"); and the Court having determined that the relief sought in the Three Hundred First Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred First Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred First Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that Proof of Claim No. 178186 is hereby disallowed, in part, to the extent it asserts liabilities associated with the Cruz Santos Litigation; and it is further

ORDERED that Proofs of Claim Nos. 174485, 175178, 176231, and 177692 and the Claims to Be Disallowed via Notice of Presentment (collectively, the "Claims to Be Disallowed in their Entirety") are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed to designate Proof of Claim No. 1781867 as expunged on the official claims registry in the Title III Cases to the extent it asserts liabilities associated with the Cruz Santos Litigation; and it is further

3

ORDERED that Kroll is authorized and directed to designate the Claims to Be Disallowed in their Entirety as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 16021 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____, 2022
      San Juan, Puerto Rico

                                                      LAURA TAYLOR SWAIN
                                                      United States District Judge