**Exhibit B**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth, ERS and PBA. |

ORDER GRANTING THE THREE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

Upon the *Three Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (Docket Entry No.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

17917) (the "Three Hundred Eighty-First Omnibus Objection"), filed by the Commonwealth of Puerto Rico ("Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors"), dated August 20, 2021, for entry of an order disallowing certain claims filed against the Debtors, as more fully set forth in the Three Hundred Eighty-First Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Eighty-First Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Eighty-First Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors*, dated May 24, 2022 (Docket Entry No. ____, the "Notice"), for entry of an order disallowing the Claims to Be Heard and Disallowed in their Entirety (as defined below), partially disallowing the Claim to Be Heard and Partially Disallowed (as defined below), and disallowing the Claims to Be Disallowed via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearing held on the Three Hundred Eighty-First Omnibus Objection on February 16-17, 2022, and the rulings made therein, sustaining the Three Hundred Eighty-First Omnibus Objection as to Proofs of Claim Nos. 173011, 173516, 173753, 174125,

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

2

174322, 174222, 174460, 174470, 174501, 174570, 174583, 174960, and 175075 (the "Claims to Be Heard and Disallowed in their Entirety") on the grounds that they assert liabilities purportedly owed by entities that are separate from the Commonwealth and sustaining the Three Hundred Eighty-First Omnibus Objection as to Proof of Claim No. 174452 (the "Claim to Be Heard and Partially Disallowed) on the grounds that it asserts, in part, liabilities purportedly owed by entities that are separate from the Commonwealth; and the Court having determined that the relief sought in the Three Hundred Eighty-First Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Eighty-First Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Eighty-First Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim to Be Heard and Partially Disallowed is hereby partially disallowed to the extent it asserts liabilities purportedly owed by entities that are separate from the Commonwealth; and it is further

ORDERED that the Claims to be Heard and Disallowed in their Entirety and the Claims to Be Disallowed via Notice of Presentment are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed to designate the Claim to Be Heard and Partially Disallowed as expunged on the official claims registry in the Title III Cases to the extent it asserts liabilities purportedly owed by entities that are separate from the Commonwealth; and it is further

3

ORDERED that Kroll is authorized and directed to designate the Claims to be Heard and Disallowed in their Entirety and the Claims to Be Disallowed via Notice of Presentment as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 17917 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____, 2022
      San Juan, Puerto Rico

                                          LAURA TAYLOR SWAIN
                                          United States District Judge