# **EXHIBIT C**

# **Retention Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### ORDER (I) ESTABLISHING PROCEDURES FOR RETIREE ACCESS TO INFORMATION PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(a) AND (II) <u>EMPLOYING MARCHAND ICS GROUP IN CONNECTION THEREWITH</u>

Upon the motion (the "**Motion**")[2] filed by the Official Committee of Retired Employees of Puerto Rico (the "**Retiree Committee**") in these Title III Cases for entry of an order to (i) establish procedures for retiree access to information, and (ii) employ Marchand ICS Group ("**Marchand**") in connection therewith, pursuant to §§ 105(a) and 1102(b)(3) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases pursuant to §301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), 48

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] Capitalized terms not otherwise defined herein have the same meaning assigned to them in the Motion.

U.S.C. §2161(a);³ and upon the Declaration of Jorge Marchand Sifre in support of the Motion (the "**Marchand Declaration**"); and the Court finding that (a) the Court has subject matter jurisdiction over this matter pursuant to PROMESA §306(a), (b) Marchand does not hold or represent any interest materially adverse to the Retiree Committee with respect to matters for which Marchand is to be employed, and (c) the Retiree Committee's employment of Marchand is in the best interest of the Retiree Committee; and the Court finding that notice of the Motion given by the Retiree Committee was sufficient under the circumstances and that no other or further notice is necessary; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion and the Marchand Declaration establish just cause for the relief herein granted; it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED, as set forth herein.

2. <u>Dissemination of Information to Retirees</u>. The Retiree Committee may, until the earliest to occur of dissolution of the Retiree Committee, dismissal of these Title III Cases, or further order of the Court, set up and maintain a website. For the sake of efficiency and economy and ease of access by retirees, the Retiree Committee proposes to keep retirees informed as required by the statute by directing them to a website, established and maintained by Marchand as directed by the Retiree Committee and as set forth in greater detail herein, which will maintain, among other things, specific links for case information contain including links to the Prime Clerk website for these Title III Cases, as well as to the Prime Clerk website maintained by the UCC. Further, in fulfillment of its obligation to solicit and receive comments from retirees as set forth in

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101–2241. Unless otherwise noted, all Bankruptcy Code sections cited in this Order are made applicable to these Title III Cases by section 301(a) of PROMESA.

§1102(b)(3)(B) of the Bankruptcy Code, the Retiree Committee's website information page(s) will include contact information for the Retiree Committee's counsel, including an inquiry form, to allow retirees to send questions and comments in connection with these cases to the Retiree Committee's counsel.

3. <u>Limitation on Access to Information for Retirees</u>. The Retiree Committee requests that it shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in §101(15) of the Bankruptcy Code, "**Entity**"), without further order of the Court, confidential information (as defined further in footnote 4, the "**Confidential Information**")[4] as well as information that is subject to the attorney-client or some other state, federal or other jurisdictional law privilege, whether such privilege is solely controlled by the Retiree Committee or is a joint privilege with some other party ("**Privileged Information**"). In addition, the Retiree Committee proposes that it not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Retiree Committee, in its sole

---

[4] For purposes of this Order, the term "Confidential Information" shall mean (i) all matters discussed at Retiree Committee meetings (whether or not memorialized in any minutes thereof) not generally available to the public, and (ii) all nonpublic information of, or concerning, the Debtors or any of their instrumentalities, including, without limitation, nonpublic information concerning the assets, liabilities, businesses, projections, analyses, compilations, studies, and documents of the Debtors or any of their non-Debtor instrumentalities, which is furnished, disclosed, or made known to the Retiree Committee, by the Debtors or any of their non-Debtor instrumentalities or their agents or advisors, whether intentionally or unintentionally, and in any manner, including in written form (including, any notes, summaries, compilations, memoranda, or other written materials disclosing or discussing Confidential Information, whether prepared by the Debtors or the Retiree Committee or their respective advisors), orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall also include (a) any written Confidential Information that is marked as confidential by the Debtors or their agents and (b) any other Confidential Information conveyed to the Retiree Committee orally that the Debtors or their advisors or other agents advise the Retiree Committee should be treated as confidential. Notwithstanding any of the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Retiree Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors or any of their non-Debtor instrumentalities; or (ii) was in the possession of the Retiree Committee prior to its disclosure by the Debtors or any of their non-Debtor instrumentalities and is not subject to any other duty or obligation to maintain confidentiality.

discretion, or to the Court, that it holds claims of the kind represented by the Retiree Committee.

4. <u>Identifying Confidential Information</u>. The Debtors shall assist the Retiree Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals; provided, however, that the Debtors' failure to specifically designate information as "Confidential Information" shall not mean the documents, communications, information or other materials do not constitute Confidential Information.

5. <u>Retiree Information Requests</u>. If a retiree (the "**Requesting Retiree**") submits a written request to the Retiree Committee (the "**Information Request**") for the Retiree Committee to disclose information, the Retiree Committee shall, as soon as practicable, but no more than twenty (20) business days after receipt of the Information Request, (a) provide a response to the Information Request (the "**Response**"), either by providing access to the information requested or the reasons the Information Request cannot be complied with and (b) provide the Debtors with (i) notice of the Information Request within five (5) business days of the Retiree Committee's receipt of the Information Request and (ii) a copy of the Response at least five (5) business days before it is disseminated. If the Response is to deny the Information Request because the Retiree Committee believes the Information Request implicates Confidential Information that need not be disclosed pursuant to the terms of this Order or otherwise under §1102(b)(3)(A), because the Debtors object to such disclosure, or because the Information Request is unduly burdensome, the Requesting Retiree may, after a good faith effort to meet and confer with an authorized representative of the Retiree Committee and the Debtors regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served on (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of

Puerto Rico; (iii) the FOMB and its counsel; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority and its counsel; (v) the UCC and its counsel; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors;[5] and (vii) all parties that have filed a notice of appearance in the Title III Cases, and the hearing on such motion shall be noticed and scheduled in accordance with the Bankruptcy Rules, Local Rules, and procedural orders of this Court. The Requesting Retiree may direct the Retiree Committee to serve any such motion. The Retiree Committee shall not object to any Requesting Retiree's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Retiree from requesting (or the Retiree Committee or the Debtors from objecting to such request) that the Retiree Committee provide the Requesting Retiree a log or other index of any information specifically responsive to the Requesting Retiree's request that the Retiree Committee deems to be Confidential Information or Privileged Information; provided, however, that the log or index does not contain any Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Retiree from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Retiree's request that the Retiree Committee asserts is Confidential Information or Privileged Information. The Retiree Committee proposes that the Debtors have the right to object to any request for Confidential Information, and nothing herein should in any way limit any of the Debtors' rights.

6.   Response to Information Request. In its Response to an Information Request for access to Confidential Information, the Retiree Committee shall consider whether (a) the

---

[5] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos. 28, 68, 216, and 134, respectively.

Requesting Retiree is willing to agree to reasonable confidentiality and trading restrictions approved by the Debtors with respect to such Confidential Information and represents that such trading restrictions and any information screening process complies with applicable securities laws; and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information;[6] provided, however, that so long as the Retiree Committee complies with the requirements of paragraph 7 below, if the Retiree Committee elects to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, the Retiree Committee shall have no responsibility for the Requesting Retiree's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

7.  <u>Release of Confidential Information of Third Parties</u>. If any Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Retiree Committee agrees that such request should be satisfied, or if the Committee of its own accord determines to disclose such Confidential Information to retirees, the Retiree Committee may demand (the "**Demand**") for the benefit of the retirees: (a) if the Confidential Information is information with respect to the Debtors (or any of their non-Debtor instrumentalities), by submitting a written request, each captioned as a "Retiree Committee Information Demand," to counsel for the Debtors stating that such information will be disclosed in the manner described in the Demand unless the

---

[6] In addition, if the Requesting Retiree is involved in purchasing, selling, or trading claims against the Debtors, the Requesting Retiree must file with the Court and serve upon counsel to the Retiree Committee and the Debtors, and the United States Trustee, a document confirming that it has established an information screening barrier that will be enforced, that no Confidential Information or Privileged Information will be revealed to purchasers, sellers, or claims traders or any persons or entities involved in trading of claims and listing the names of the person that has been designated as monitor to ensure compliance with the provisions hereof.

Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, if the Debtors raise such an objection, the Debtors, the Retiree Committee, and the Requesting Retiree shall work in good faith to resolve the Debtors' objection to the Demand, provided that if the Debtors' objection is not resolved, the Debtors, the Retiree Committee or the Requesting Retiree may schedule a hearing with the Court to seek a ruling with respect to the Demand and no production shall be made with respect to information subject to an objection until the Court has ruled on the Demand; and (b) if the Confidential Information is information with respect to another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity or the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and if the Debtors or the Entity raise an objection, the Debtors, the Retiree Committee, the Entity, and the Requesting Retiree shall work in good faith to resolve the Debtors' or the Entity's objection, provided that if not resolved, the Debtors, the Entity, the Retiree Committee, or the Requesting Retiree may schedule a hearing with the Court seeking a ruling with respect to the Demand, and no production shall be made with respect to information subject to an objection until the Court has ruled on the Demand.

8. <u>Exculpation</u>. None of the Debtors, the Retiree Committee, its members and any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "**Exculpated Parties**"), shall have or incur any liability to any Entity (including the Debtors and their instrumentalities) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Retiree Information Protocol, the committee website and other information to be provided pursuant to §1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the

liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of this paragraph or the Retiree Information Protocol. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

9. <u>Rule 2004 Examination</u>. The Retiree Committee further requests that any information received (formally or informally) by the Retiree Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by this Order, but rather, by any order governing such discovery; provided, however, that any information received by the Retiree Committee from the Debtors shall be governed by the terms of this Order and the Retiree Committee bylaws.

10. <u>Employment of Marchand</u>. The Retiree Committee is authorized, pursuant to §1103(a) of the Bankruptcy Code, to employ Marchand as its information agent in these Title III Cases, effective as of July 21, 2017, in accordance with the terms and conditions set forth in the Motion and in the Marchand Engagement Letter. Marchand shall be entitled to allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred in connection with these Title III Cases as an administrative priority expense under §503(b) of the Bankruptcy Code pursuant to any procedures established and required by PROMESA, this Court, and the United States Trustee, including this Court's Order Setting

Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals. [Dkt. No. 1150.].

11.     The Retiree Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14.     This Order resolves docket entry no. 1280.


SO ORDERED.

Dated: October 6, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge