**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**SUMMARY OF SEVENTH INTERIM FEE APPLICATION**
**OF EPIQ CORPORATE RESTRUCTURING, LLC**
**AND EPIQ eDISCOVERY SOLUTIONS**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM**
**OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

---

[1]     The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| **Name of Applicant:** | **Epiq Corporate Restructuring, LLC and Epiq eDiscovery Solutions** |
| Authorized to Provide Professional Services to: | <ul><li>Commonwealth of Puerto Rico</li><li>Puerto Rico Sales Tax Financing Corporation</li><li>Puerto Rico Highways and Transportation Authority</li><li>Employees Retirement System of the Government of the Commonwealth of Puerto Rico</li><li>Financial Oversight and Management Board for Puerto Rico</li></ul> |
| Date of Retention: | Retention Order Entered on June 29, 2017 (Effective as of May 21, 2017) |
| Interim Fee Period for which Compensation and Reimbursement is sought: | October 1, 2021 through January 31, 2022 |
| Amount of Compensation sought as actual, reasonable and necessary for the Interim Fee Period: | $2,721.30 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary for the Interim Fee Period: | $31,892.16 |
| Total Compensation and Expenses Requested for the Interim Fee Period: | $34,069.20 |
| Blended Rate of Professionals during the Interim Fee Period: | $221.24 |

## <u>Summary of Monthly Fee Statements</u>

| Monthly Fee Statements | | | | | Payment |
|---|---|---|---|---|---|
| Period Covered | Fees | Expenses | Total | Payment Date | Amount |
| 10/1/2021 – 1/31/2022 | $2,721.30 | $31,892.16 | $34,613.46 | n/a | $0.00 |
| **Total Final Request** | **$2,721.30** | **$31,892.16** | **$34,613.46** | | **$0.00** |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SEVENTH INTERIM FEE APPLICATION**
**OF EPIQ CORPORATE RESTRUCTURING, LLC**
**AND EPIQ eDISCOVERY SOLUTIONS**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM**
**OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Order Authorizing Employment and Payment of Epiq Bankruptcy Solutions, LLC as Service Agent, Nunc Pro Tunc to The Petition Date,* dated June 29, 2017 [D.I. 540] (the "Retention Order"), the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* dated June 6, 2018 [D.I. 3269] (the "Interim Compensation Order"), and the Local Rules of Bankruptcy Practice and Procedure

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

of the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules"), the firm of Epiq Corporate Restructuring, LLC and Epiq eDiscovery Solutions (together, "Epiq"), administrative advisor and e-discovery vendor for the above-captioned debtors (collectively, the "Debtors"), hereby files this seventh interim fee application (this "Seventh Interim Fee Application") for: (i) compensation in the amount of $2,721.30 for the reasonable and necessary professional services Epiq rendered to the Debtors from October 1, 2021 through January 31, 2022 (the "Fourteenth Interim Fee Period"); and (ii) reimbursement for the actual and necessary expenses that Epiq incurred, in the amount of $31,892.16 during the Fourteenth Interim Fee Period.

In support of the Application, Epiq respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. § 1408.

3. The bases for the relief requested herein are sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

**Disclosure of Compensation and Requested Final Award**

4. Epiq files this Application requesting interim allowance and approval of compensation in the amount of $34,069.20 for professional services rendered by Epiq to the Debtors and reimbursement of actual and necessary expenses incurred by Epiq during the Fourteenth Interim Fee Period.

5. In accordance with the Interim Compensation Order, Epiq has served the monthly fee statements covering the periods October 1, 2021 through January 31, 2022 (the "Monthly Fee

Statement")[2].  Pursuant to the Interim Compensation Order, Epiq has served the Monthly Fee

Statement on: (a) attorneys for the Oversight Board, (b) attorneys for the Puerto Rico Fiscal

Agency and Financial Advisory Authority (c) the Office of the United States Trustee for the

District of Puerto Rico (d) attorneys for the Official Committee of Unsecured Creditors (e)

attorneys for the Official Committee of Retired Employees, (f) the Puerto Rico Department of

Treasury, and (g) attorneys for the Fee Examiner

6.  As of the date hereof, Epiq has previously requested to be paid $2,177.04  (80% of the

total amount requested of $2,721.30) from the Debtors for fees and $31,892.16 for expenses

incurred by Epiq as administrative agent and e-discovery vendor during the period through and

including January 31, 2022.  This represents 80 percent of the fees and 100 percent of the

expenses incurred as administrative agent and e-discovery vendor and invoiced through and

including January 31, 2022 as identified in the Monthly Fee Statement.[3]

7. The fees sought in this Application reflect an aggregate of 12.30 hours expended by

Epiq professionals during the Fourteenth Interim Fee Period rendering necessary and beneficial

administrative services to the Debtors at a blended average hourly rate of $221.24 for

professionals.  Epiq maintains computerized records of the time expended in the performance of

the professional services required by the Debtors and their estates.  These records are maintained

in the ordinary course of Epiq's practice.

---

[2]   The Monthly Fee Statement is the following: *Twelfth Monthly Statement of Epiq Corporate Restructuring, LLC
and Epiq ediscovery Solutions for Allowance of Compensation and Reimbursement of Expenses as Service
Agent for the Period from October 1, 2021 Through January 31, 2022.*

[3]   Pursuant to the Interim Compensation Order, the Debtors are authorized to pay each retained professional,
unless the Court orders otherwise, an amount equal to (a) 80 percent of the such professional's undisputed
professional fees and (b) 100 percent of the undisputed expenses incurred by such professional and identified in
such professional's monthly statement to which no objection has been served.

8. The hourly rates and corresponding rate structure utilized by Epiq in these cases are generally equivalent to the hourly rates and corresponding rate structure predominantly used by Epiq for comparable matters, whether in Chapter 11 or otherwise, regardless of whether a fee application is required.

9. Epiq's hourly rates are set at a level designed to compensate Epiq fairly for the work of its professionals. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

10. Epiq regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary. Moreover, in accordance with the Local Bankruptcy Rules, Epiq regularly reduces its expenses, particularly expenses related to overtime travel and overtime meals.

11. No understanding exists between Epiq and any other person for the sharing of compensation sought by Epiq, except among the parent, affiliates, members, employees and associates of Epiq.

**Background**

12. On May 3, 2017, the Oversight Board commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "Commonwealth Title III Case"). Thereafter the Oversight Board commenced a title III case for each of COFINA, the Employees, Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS Title III Case"), the Puerto Rico Highways and Transportation Authority ("HTA Title III Case"), and the Puerto Rico Electric Power Authority ("PREPA Title III Case") (and together with the Commonwealth Title III Case,

the "Title III Cases").[4]  By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017

[Docket No. 1417], the Court approved the joint administration of the Title III Cases.

13.     On June 29, 2017, the Court entered the Order Authorizing Employment and

Payment of Epiq Bankruptcy Solutions, LLC as Service Agent, Nunc Pro Tunc to the Petition

Date, [Docket No. 540] (the "Retention Order"), approving the Debtors' employment and

retention of Epiq as service agent nunc pro tunc to the ERS Title III Case/HTA Title III Case

petition date, May 21, 2017.[5]  Pursuant to the Retention Order, Epiq is authorized to be

compensated on an hourly basis for professional services rendered to the Debtors and reimbursed

for actual and necessary expenses incurred by Epiq in connection therewith.

14.     On August 23, 2017, the Court entered the Order Setting Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals[6] [Docket No. 1150], (as

amended, the "Interim Compensation Order").

## Summary of Professional Services

15.     Pursuant to, and consistent with, the relevant requirements of the Interim

Compensation Order, the Fee Committee Order, and the Local Bankruptcy Rules (collectively,

the "Guidelines"), as applicable, the following exhibits are attached hereto:

> a.     **Exhibit A** contains a certification by the undersigned regarding
> compliance with the Guidelines (the "Certification");

---

[4] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

[5] On August 13, 2018, the Oversight Board executed a services agreement with Epiq authorizing Epiq eDiscovery Solutions to serve as a neutral vendor and provide document repository and production services.

[6] On November 8, 2017, the Court entered the First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 1715].  On June 6, 2018 the Court entered the Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3269]

b.  **Exhibit B** contains a list of Epiq's project categories and the total billed to each category during the Fourteenth Interim Fee Period;

c.  **Exhibit C** contains a billing summary for the Fourteenth Interim Fee Period that includes the name of each professional for whose work compensation is sought, the aggregate time expended by each professional and the corresponding hourly billing rate at Epiq's current billing rates and an indication of the individual amounts requested as part of this Fourteenth Interim Fee Application; and

d.  **Exhibit D** contains the time detail for the Fourteenth Interim Fee Period.

e.  **Exhibit E** consists of Epiq's records of expenses incurred during the Fourteenth Interim Fee Period in the rendition of the professional services to the Debtors and their estates

16.  To provide a meaningful summary of services rendered on behalf of the Debtors and their estates for the Fourteenth Interim Fee Period, Epiq has established, in accordance with its internal billing procedures, the following matter numbers in connection with these cases:

| Matter No. | Matter Description |
|---|---|
| 400 | Fee Statements |
| 900 | Data Management Services |

17.  The following is a summary, by matter, of the most significant professional services rendered by Epiq as administrative agent during the Fourteenth Interim Fee Period. This summary is organized in accordance with Epiq's internal system of matter numbers.[7]

---

[7]  This summary of services rendered during the Fourteenth Interim Fee Period is not intended to be a detailed or exhaustive description of the work performed by Epiq, but, rather, is intended to highlight certain key areas where Epiq provided services to the Debtors during the Fourteenth Interim Fee Period. A summary description of the work performed in the Fourteenth Interim Fee Period, categorized by project code, and those day-to-day services and the time expended in performing such services, are set forth in the Monthly Fee Statement.

**A.    Fee Statements (Matter #400)**

Total Fees:        $2,666.30
Total Hours:      12.10

18.      Time in this category was spent in the preparation of the Monthly Fee
Statements.

**B.    Data Management Services (Matter #900)**

Total Fees:        $55.00
Total Hours:      0.20

19.      The eDiscovery services provided in this category include loading of processed
productions onto local servers, designing and implementing security features in the Relativity
data repository, refining the repository and the database fields, the continued maintenance of the
repository, and other related tasks.

<u>**Reasonable and Necessary Services Rendered by Epiq**</u>

20.      The foregoing professional services rendered by Epiq on behalf of the Oversight
Board during the Fourteenth Interim Fee Period were reasonable, necessary and appropriate to
the administration of the Debtors' bankruptcy cases and related matters.

21.      Epiq is one of the country's leading Chapter 11 administrators, with experience in
noticing, claims administration, solicitation, balloting and facilitating other administrative
aspects of bankruptcy cases.    As a specialist in claims management, consulting and legal
administration services, Epiq provides comprehensive solutions to a wide variety of
administrative issues for bankruptcy cases, and has substantial experience in matters of this size

and complexity.  Overall, Epiq brings to these Title III cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

22.     During the Fourteenth Interim Fee Period, Epiq consulted and assisted the Oversight Board with noticing and maintenance of a data repository.  To this end, as set forth in detail in Exhibit C of the Application, numerous Epiq professionals expended time rendering services on behalf of the Debtors and their estates.

23.     During the Fourteenth Interim Fee Period, Epiq's hourly billing rates for the professionals responsible for managing these Title III cases ranged from $203.00 to $275.00. Allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $221.24 (based on 12.30 recorded hours at Epiq's regular billing rates in effect at the time of the performance of services).  The hourly rates and corresponding rate structure utilized by Epiq in these cases are generally equivalent to the hourly rates and corresponding rate structure predominantly used by Epiq for comparable matters, whether in Chapter 11 or otherwise, regardless of whether a fee application is required.

**Epiq's Requested Compensation and Reimbursement Should be Allowed**

24.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

25.    In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

1. the time spent on such services;

2. the rates charged for such services;

3. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

4. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

5. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

26.    In the instant case, Epiq respectfully submits that the services for which it seeks compensation in the Application were necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Epiq respectfully submits that the services rendered were performed economically, effectively and efficiently and that the results obtained to date have benefited all stakeholders in the cases.  Epiq further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

27.    Epiq's professionals spent a total of 12.30 hours during the Fourteenth Interim Fee Period, which services have a fair market value of $2,666.30  As demonstrated by the Seventh Interim Fee Application and all of the exhibits submitted in support hereof, Epiq spent its time economically and without unnecessary duplication.  In addition, the work conducted was

carefully assigned to appropriate professionals according to the experience and level of expertise required for each particular task.  In summary, the services rendered by Epiq were necessary and beneficial to the Debtors and their estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.

28.      Accordingly, Epiq respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

## **No Prior Request**

29.      No prior application for the relief requested herein has been made to this or any other court.

## **Notice**

Epiq has provided notice of the Application to:  (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson; and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.  In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.  In light of the nature of the relief requested, Epiq respectfully submits that no further notice is necessary.

WHEREFORE, Epiq requests that it be allowed reimbursement for its fees and expenses incurred during the Fourteenth Interim Fee Period in the total amount of $34,069.20 consisting of (a) $2,177.04 for reasonable and necessary professional services rendered by Epiq and (b) $31,892.16 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the Debtors' estates.

Dated:   May 25, 2022

/s/ Bradley J. Tuttle
Bradley J. Tuttle
Managing Director
Epiq Corporate Restructuring, LLC

## EXHIBIT A

**Certification**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**CERTIFICATION UNDER GUIDELINES
FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF
SEVENTH INTERIM FEE APPLICATION OF EPIQ CORPORATE
RESTRUCTURING, LLC AND EPIQ eDISCOVERY SOLUTIONS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM
OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

Pursuant to the *United States Trustee Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys*

*in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee,

28 CFR Part 58, Appendix B (the "Guidelines"), together with the Local Rule 2016-1,

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

the undersigned, a Managing Director  of Epiq Corporate Solutions, LLC ("Epiq"), service agent

for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as

representative of the Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Sales Tax

Financing Corporation ("COFINA"), Puerto Rico Highways and Transportation Authority

("HTA"), Employees Retirement System for the Commonwealth of Puerto Rico ("ERS"), and

Puerto Rico Electric Power Authority ("PREPA," jointly with the Commonwealth, COFINA,

HTA and ERS referred to as "Debtors"), pursuant to section 315(b) of the *Puerto Rico*

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby certifies with

respect to Epiq's seventh interim application for allowance of compensation for services

rendered and reimbursement of expenses incurred with respect to the Debtors' Title III case,

dated September 29, 2021 (the "Application"),[3] for the period from October 1, 2021 through

January 31, 2022  (the "Compensation Period") as follows:

1.  I am the professional designated by Epiq in respect of compliance with the Guidelines
    and Local Rule 2016-1.

2.  I make this certification in support of the Application for interim compensation and
    reimbursement of expenses incurred during the Compensation Period in accordance with
    the Guidelines and Local Rule 2016-1.

3.  In respect of the Guidelines and Local Rule 2016-1, I certify that to the best of my
    knowledge, information, and belief formed after reasonable inquiry:

    a)  I have read the Application;

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein have the meanings given to them in the Application.

b) the fees and disbursements sought fall within the Guidelines; except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Epiq and generally accepted by Epiq's clients; and

c) in providing a reimbursable service, Epiq does not make a profit on that service, where the service is performed by Epiq in house or through a third party.

4. I hereby certify that no public servant of the Puerto Rico Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of the Oversight Board. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made. To the best of my knowledge, Epiq does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

5. I certify that Epiq has previously provided a monthly statement of Epiq's fees and disbursements by serving the monthly statement in accordance with the Interim Compensation Order (as defined in the Application), except that completing reasonable and necessary internal accounting and review procedures may have precluded serving the fee statement within the time periods specified in the Order.

Respectfully submitted,

*/s/ Bradley J. Tuttle*
Bradley J. Tuttle
Managing Director
Epiq Corporate Restructuring, LLC

# EXHIBIT B

## Summary of Fees Billed by Subject Matter for the Fourteenth Interim Fee Period

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 400 | Fee Statements | 12.10 | $2,666.30 |
| 900 | Data Management Services | 0.20 | $55.00 |
| **TOTALS:** | | **12.30** | **$2,721.30** |

## <u>EXHIBIT C</u>

### Summary of Hours Billed by Professionals During the Fourteenth Interim Fee Period

| Professional Person | Position with the Applicant | Total Hours Billed | Hourly Billing Rate[1] | Total Compensation |
|---|---|---|---|---|
| Derek Miller | Client Services Project Manager II | 0.20 | $275.00 | $55.00 |
| Regina Amporfro | Client Services Project Manager II | 12.10 | $203.00 | $2,666.30 |
| **TOTALS:** | | **12.30** | | **$2,721.30** |
| **BLENDED RATE** | **$221.24** | | | |

---

[1]   An increase to Epiq's professional service rates became effective on January 2, 2022 pursuant to paragraph 3.3 of  Epiq's Standard Services Agreement (as annexed to the Application of Debtors for Entry of Order Authorizing Employment and Payment of Epiq Bankruptcy Solutions, LLC As Service Agent, Nunc Pro Tunc To Petition Date, [Docket No. 299]).

**EXHIBIT D**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **MATTER NUMBER: 400** | | | | | | | |
| **Matter Description: Fee Statements** | | | | | | | |

| Name | Date | Position | Matter Description | Detail | Hours Billed | Hourly Rate | Compensation |
|---|---|---|---|---|---|---|---|
| Regina Amporfro | 12/27/2021 | Senior Consultant II | 400 Fee Statements | DRAFT FEE APPLICATION | 1.60 | $203.00 | $324.80 |
| Regina Amporfro | 1/4/2022 | Senior Consultant II | 400 Fee Statements | DRAFT FEE APPLICATION | 2.70 | $223.00 | $602.10 |
| Regina Amporfro | 1/6/2022 | Senior Consultant II | 400 Fee Statements | COORDINATE FEE APPLICATION AND REQUEST REPORTS RE SAME | 0.20 | $223.00 | $44.60 |
| Regina Amporfro | 1/7/2022 | Senior Consultant II | 400 Fee Statements | DRAFT FEE APP EXHIBITS | 1.90 | $223.00 | $423.70 |
| Regina Amporfro | 1/18/2022 | Senior Consultant II | 400 Fee Statements | DRAFT FEE APPLICATION | 0.90 | $223.00 | $200.70 |
| Regina Amporfro | 1/19/2022 | Senior Consultant II | 400 Fee Statements | DRAFT FEE APPLICATION | 1.40 | $223.00 | $312.20 |
| Regina Amporfro | 1/25/2022 | Senior Consultant II | 400 Fee Statements | DRAFT FEE APPLICATION | 1.00 | $223.00 | $223.00 |
| Regina Amporfro | 1/25/2022 | Senior Consultant II | 400 Fee Statements | CONTINUE TO DRAFT FEE APPLICATION | 0.60 | $223.00 | $133.80 |
| Regina Amporfro | 1/28/2022 | Senior Consultant II | 400 Fee Statements | DRAFT FEE APPLICATION | 1.80 | $223.00 | $401.40 |
| | | | | **TOTAL** | **12.10** | | **$2,666.30** |

| MATTER NUMBER: 900 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Matter Description: Data Management Services | | | | | | | |
| Name | Date | Position | Matter Description | Detail | Hours Billed | Hourly Rate | Compensation |
| Derek Miller | 12/27/2021 | Client Services Project Manager II | 900 Data Management Services | Correspondence with counsel regarding doument despository | 0.20 | $275.00 | $55.00 |
| | | | | TOTAL | 0.20 | | $55.00 |

**EXHIBIT E**

**Summary of Actual and Necessary Epiq Corporate Restructuring, LLC
And Epiq eDiscovery Solutions Expenses for the Fourteenth Interim Fee Period**

| Expense Category | Quantity | Unit Type | Unit Cost | Amount |
|---|---|---|---|---|
| RE100 – Postage | 943.80 | EA | 1.00 | $943.80 |
| PRO128 - Client Media Storage | 4.00 | EA | 50.00 | $200.00 |
| HST626 - User Fees | 224 | EA | 70.00 | $15,680.00 |
| HST756 - Document Review Hosting | 1,674 | GB | 9.00 | $15,068.36 |
| **TOTAL:** | | | | **$31,892.16** |