# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 20683, 20685**<br><br>(Jointly Administered) |

## URGENT CONSENSUAL MOTION FOR EXTENSION OF DEADLINES

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this urgent consensual motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines set forth in the *Order Granting Urgent Consented Motion for Extension of Deadlines* [ECF No. 20685] (the "Scheduling Order")[2].

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Urgent Motion on behalf of the Commonwealth.

**Background**

1. On June 22, 2021, forty-four (44) correction officers (the "Movants") of the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico ("DCR"), an entity of the Commonwealth, filed a *Motion Requesting Order for Allowance of Administrative Expense Priority Claim and Request for Immediate Payment Filed by Forty-Four Correction Officers of the Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico* [ECF No. 17134] (the "Motion"), requesting that the Court enter an order (i) for "the allowance of the amounts claimed by the Movants as an administrative expense priority from the date of the filing of the Title III Commonwealth case and from then on", (ii) directing the Commonwealth to pay such amounts in "full, and final satisfaction" within sixty (60) days of entry of such order, (iii) directing the Debtor to continue issuing payments on a monthly basis, and (iv) ordering the Trial Court of Aguadilla, in connection with certain state court litigations related to Movants' request in their Motion, to "make the necessary adjustment to the 'KRONOS' time register system to register as overtime the 30 minute hour work during mealtime periods". See, *Motion* at p. 17-18.

2. On May 5, 2022, the Court entered the Scheduling Order, which provides that oppositions to the Motion must be filed by May 26, 2022, and Movants' reply by June 6, 2022.

**Request for Relief**

3. Since the filing of the Motion, the Commonwealth has continued conducting multiple internal reviews of their books and records to evaluate the merits−or lack thereof−of the claims made in the Motion for the periods included therein. Such analysis, among other things, entailed a corroboration of whether all of the Movants pertaining to the Motion were active in the DCR for the periods for which relief was sought.

4. At this juncture, the Commonwealth and the Movants have reached an agreement, in principle, as to the amounts for the periods claimed in the Motion. However, although the parties are in the process of finalizing a written agreement for such periods, and although significant progress in such endeavor has been made, they have been unable to culminate it as of this date. The Commonwealth reached out to Movants' counsel who has consented to the requested extension.

5. Accordingly, the Commonwealth, with Movants' consent, proposes the following extensions of the deadlines set forth in the Scheduling Order to allow further discussions with Movants:

- The deadline to respond to the Motion shall be extended to **June 10, 2022**.

- The deadline for Movants to file a reply to an opposition, if any, shall be extended to **June 17, 2022**.

- The Court will thereafter take the Motion on submission, unless the Court determines that a hearing is necessary.

6. Pursuant to Paragraph I.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"), the Commonwealth hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested herein.

**Notice**

7.    The Commonwealth has provided notice of this Urgent Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in these Title III cases; and (i) Movants. A copy of the Urgent Motion is also available on the Commonwealth's case website at https://cases.primeclerk.com/puertorico/.

8.    The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Commonwealth requests the Court enter the Proposed Order and grant such other relief as is just and proper.

[*Remainder of page intentionally left blank*]

Dated: May 26, 2022
San Juan, Puerto Rico


Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494
*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*

**Exhibit A**
**Proposed Order**