UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER CONCERNING PROOFS OF CLAIM NOS. 11497 AND 11790**

1.  This matter is before the Court on the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790 [ECF No. 20613]* (Dkt. No. 21007) (the "Fifth Status Report").

2.  Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* (Dkt. No. 12576) (the "ADR Order"), the Debtor transferred Proofs of Claim Nos. 11497 and 11790

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(the "Claims") into the ADR Procedures[2] through the *Fifteenth Notice of Transfer of Claims to Alternative Dispute Resolution* (Dkt. No. 17832), filed on August 13, 2021. Thereafter, the Debtor served upon the claimants associated with the Claims (the "Claimants") ADR Notices containing confidential offers of settlement (the "Offers"). The ADR Notices permitted Claimants to designate whether Claimants accepted the Offers, rejected the Offers or submitted counteroffers. On February 4, 2022, Claimants returned the ADR Notices indicating Claimants rejected the Offers (the "Rejections").

3. Pursuant to paragraph 2(f) of the ADR Procedures, the Debtor filed a *Notice of Impasse Regarding Proofs of Claim Nos. 11497 and 11790* on February 14, 2022 (Dkt. No. 20128) (the "Notice of Impasse"). However, in the Notice of Impasse, the Debtor noted that since receiving the Rejections, counsel for the Debtor had communicated with counsel for Claimants to determine whether the parties may be able to resolve the Claims without the need for Evaluative Mediation. Further, the Debtor represented that the parties would benefit from additional time to pursue these discussions prior to engaging in Evaluative Mediation, and requested permission to file a status report within fourteen (14) days of the filing of the Notice of Impasse, on or before Monday, February 28, 2022, notifying the Court of the status of the parties' discussions and whether the parties had reached an impasse that required Evaluative Mediation.

4. The Court entered the *Order Concerning Proofs of Claim Nos. 11497 and 11790 (Dkt. No. 20128)* (Dkt. No. 20171), ordering the Debtor to file a status report

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the ADR Order.

2

addressing the status of the parties' discussions regarding the Claims, including whether Evaluative Mediation should proceed as set forth in the ADR Procedures. Thereafter, counsel for the Debtor filed the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790 [ECF No. 20171]* (Dkt. No. 20228), dated February 28, 2022 (the "First Status Report"), and three subsequent status reports updating the Court on the status of the parties' discussions regarding the Claims. (See Dkt. Nos. 20334, 20508, 20606).

5. On May 25, 2022, the Debtor filed the Fifth Status Report. Therein, the Debtor represented that counsel for the Debtor and counsel for Claimants have continued to hold discussions regarding a potential settlement and are attempting to resolve remaining issues. The Debtor believes that additional time would be beneficial in pursuit of a final resolution and requests permission to file a further status report within thirty (30) days.

6. Accordingly, the Court having reviewed the Fifth Status Report and the Debtor's representations therein, and finding good cause for the relief requested, it is hereby:

ORDERED that the Debtor shall file a further status report on or before **June 24, 2022** addressing the status of the parties' discussions regarding Proofs of Claim Nos. 11497 and 11790, including whether Evaluative Mediation should proceed as set forth in the ADR Procedures. The Evaluative Mediation deadlines set forth in the ADR Procedures will not commence until the Court has been informed that the parties have reached a final impasse.

3

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: May 26, 2022

4