# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
       as representative of                                         :  Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,                            :  (Jointly Administered)
                                                                    :
       Debtors.[1]                                                  :
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
       as representative of                                         :  Case No. 17-BK-4780 (LTS)
                                                                    :
PUERTO RICO ELECTRIC POWER AUTHOIRTY,                               :
                                                                    :
       Debtor.                                                      :
------------------------------------------------------------------- x
```

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO URGENT CONSENSUAL MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO EXTEND JUNE 1, 2022 DEADLINE**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this objection (the "Objection") with respect to the *Urgent Motion of Financial Oversight and Management Board to Extend June 1, 2022 Deadline* [Docket No. 2819 in Case No. 17-4780 (LTS)] (the "Urgent Motion").[3] In support of this Limited Objection, the Committee states as follows:

## OBJECTION

1. For the last two-and-a-half years, the PREPA's Title III case has been at a virtual standstill based on a purported settlement with the PREPA bondholders that, as is now painfully obvious, has not existed for quite some time. The Court recognized this lack of progress—and the corresponding need for PREPA to finally take meaningful steps toward its emergence from Title III—when it issued its order on March 8, 2022 [Docket No. 2748 in Case No. 17-4780 (LTS)] instructing the Oversight Board to file, by no later than June 1, 2022,[4] (a) a plan of adjustment, (b) a term sheet for a plan of adjustment, (c) a litigation schedule, or (d) a declaration and memorandum of law showing cause why the Court should not consider dismissal of the Title III case.

2. The Oversight Board now asks the Court to preserve the *status quo* for yet another month while it continues to pursue mediation with the PREPA bondholders. History has shown, however, that this single-track strategy of engaging in settlement discussions without also

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Urgent Motion.

[4] The Court initially set the Oversight Board's deadline to make such filing for May 2, 2022, but subsequently extended that deadline, at the request of the Oversight Board, to June 1, 2022 [Docket No. 2785 in Case No. 17-4780 (LTS)].

2

moving forward with litigation of critical and discrete legal issues underlying the bondholders' claims is simply not working and not bringing this case any closer to resolution.

3. To be clear, the Committee fully supports the continuation of mediation—including through July 1, 2022—and sincerely hopes that mediation is successful in achieving a settlement with all parties in interest, including the Committee.[5] Mediation, however, need not occur in isolation and should not come at the expense of further delaying the minimally incremental step of establishing a litigation schedule for the resolution of certain critical and discrete legal issues. Indeed, there are countless bankruptcy cases where mediation has proceeded and been successful while active litigation was pending.[6]

4. The Committee believes that the Oversight Board should propose a litigation schedule with respect to two discrete legal issues (together, the "<u>Threshold Issues</u>") that go to the heart of the PREPA bondholders' legal entitlements, namely: (1) whether the PREPA bondholders' security interest is limited to funds actually deposited into specified accounts held by the PREPA bond trustee (in the amount of approximately $8 million as of PREPA's petition date); and (2) whether the PREPA bonds are non-recourse obligations such that the PREPA bondholders have no claim against, and are not entitled to distributions from, PREPA for any difference between the face amount of the bonds and the funds on deposit in the specified accounts.

---

[5] The Committee noted that the Urgent Motion was filed "with the concurrence of the Mediation Team." Urgent Motion ¶1. To be clear, nothing in this Limited Objection should be understood to be a criticism of how the Mediation Team has conducted the mediation.

[6] The Commonwealth-COFINA dispute is perhaps the perfect example of this dual-track approach. In that case, the Commonwealth agent (*i.e.*, the Committee) and the COFINA agent actively litigated the ownership of the sales tax revenues while, at same time, engaging in mediation. In fact, it was only ***after*** the two agents had reached an agreement in principle that the Court, at the request of the two agents, held its ruling on the then-pending summary judgment motions in abeyance. *See* Docket Nos. 484, 492 in Adv. Proc. No. 17-257 (LTS).

5. Resolving these discrete issues in the short term is likely to advance PREPA's Title III case by significantly clarifying and narrowing the scope of the PREPA bondholders' claims.[7] Indeed, the Court has already answered the first of the two Threshold Issues in the context of the HTA lift-stay litigation, based on HTA bond documentation that is, for all practical purposes, identical to the PREPA bond documentation. In that case, the Court concluded that the HTA bondholders ***did not have even a colorable claim to any form of property right (whether direct ownership or a security interest) in any of the assets targeted by the HTA bondholders other than revenues <u>actually</u> collected and <u>actually</u> deposited into certain designated accounts.*** *In re Fin. Oversight & Mgmt. Bd. For P.R.*, 618 B.R. 619, 637-39 (D.P.R. 2020) (subsequent history omitted). In the PREPA case, the matter is even more clear-cut, as the opinions rendered by PREPA's bond counsel at the times of issuance of the PREPA bonds (which opinions were included as part of the official statements to such bonds) explicitly state that the PREPA bonds are "payable *solely* from the Sinking Fund, . . . which Fund is pledged to and charged with the payment of the principal of and interest on such bonds . . . ."[8]

6. Furthermore, the Committee submits that the Threshold Issues can be litigated on an expedited timetable—especially if compared to the two-and-a-half year delay already incurred as a result of the now-terminated RSA. The Threshold Issues have already been extensively briefed in (a) the Committee's objection to the PREPA Bonds [Docket No. 1691 in Case No. 17-4780] (which objection was terminated without prejudice in light of the then-pending 9019 motion) and (b) the Oversight Board's adversary proceeding challenging the scope of the PREPA bondholders' security interest (which adversary proceeding is currently stayed), *see*

---

[7] The Committee could further elaborate as to why having clarity on these narrow legal issues would greatly benefit the mediation process; however, in light of mediation confidentiality, the Committee is precluded from doing so.

[8] *See, e.g.*, PREPA Series 2013A Official Statement (Aug. 15, 2013), App'x IV ¶ 6 (emphasis added).

Adv. Proc. No. 19-391 (LTS). And, as noted above, the Court is already very familiar with at least the first of the two Threshold Issues in the context of the HTA lift-stay litigation. Moreover, even though the composition of the PREPA bondholder group has changed since entry into the RSA in May 2019, the relevant legal issues have been known to them (and certainly their counsel) for some time. Resolution of the Threshold Issues should not require any fact discovery, as they involve pure questions of law and contract interpretation. Under these circumstances, the Committee believes that the Threshold Issues could be litigated (including any appeals to the First Circuit) within a matter of months.[9]

7. To repeat, the Committee is *not* suggesting at this time that mediation be put on hold in favor of litigation. The Committee is merely requesting that the Oversight Board be directed to work with the Committee to prepare a schedule to litigate the Threshold Issues on an expedited timetable and submit such schedule to the Court no later than June 8, 2022 (which is a 7-day extension of the current June 1 deadline) for Court approval. Unless the minimal step of filing a litigation schedule occurs at this stage, the Committee and other parties challenging the PREPA bond claims will unavoidably be faced with the argument that there is no (more) time to litigate these issues, leaving the Oversight Board with no choice but to settle on terms highly favorable to PREPA bondholders. The $8 billion in PREPA bond claims should instead be resolved or settled based on their merits (or lack thereof).

[*Remainder of page intentionally left blank.*]

---

[9] Experience in these Title III cases shows that the First Circuit is willing to consider appeals on an expedited basis under section 106(d) of PROMESA, producing, in some cases, a First Circuit ruling within 45 days after this Court issued its decision. And even where the appeal did not proceed on an expedited basis (for example, in the appeal of the HTA lift stay decision), the First Circuit was able to issue a decision within a few months after the appeal has been docketed.

WHEREFORE, the Committee respectfully requests that the Court grant relief consistent with this Limited Objection.

Dated: May 26, 2022

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*