# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Re: ECF Nos. 21008 and 21034 |
| Debtors.[1] | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 4780-LTS |
| as representative of | Re: ECF Nos. 2819 and 2824 |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

**REPLY OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN SUPPORT OF MOTION TO EXTEND JUNE 1, 2022 DEADLINE**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To The Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") in this Title III case pursuant to section 315(b) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"),[2] respectfully submits this reply (the "Reply") to the *Limited Objection of Official Committee of Unsecured Creditors to Urgent Motion of Financial Oversight and Management Board to Extend June 1, 2022 Deadline* [ECF No. 2824][3] (the "Objection") and in support of the *Urgent Motion of Financial Oversight and Management Board to Extend June 1, 2022 Deadline* [ECF No. 2819] (the "Urgent Motion").[4] In support of this Reply, the Oversight Board represents as follows:

## REPLY

1. Mediation remains ongoing and the parties are engaging constructively to determine whether a consensual plan of adjustment is attainable. Indeed, following the filing of the Urgent Motion, the Mediation Team exercised its authority to extend the Termination Date of mediation to July 1, 2022 at 11:59 p.m. (Atlantic Standard Time). *See* ECF No. 2823. The Oversight Board requests the Court extend the Path Forward Deadline to align with the extended Termination Date because it continues to believe it is in the parties' best interests to continue mediation to see whether a consensual plan of adjustment can be developed without incurring additional time and expense preparing for litigation. The focus of the parties should remain on finding a consensual resolution. To the extent, however, a consensual plan is not formulated or no

---

[2] PROMESA is codified at 48 U.S.C §§ 2101–2241.

[3] Unless otherwise specified herein, references to the docket shall refer to Case No. 17-4780.

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Urgent Motion.

material progress is made over the next month, it may well be best to mediate and litigate simultaneously—but that time is not yet upon us. The UCC raises valid issues concerning the bondholders' security interest in light of the language in the security agreements and the allowability of their claims over and above the amounts of cash in certain funds in light of Bankruptcy Code section 927. To be sure, those issues must be factored into any settlement. But, proposing a litigation schedule by June 8, 2022 is simply unnecessary. Litigation schedules can be quickly proposed and ordered when and if necessary.

2. The Committee argues it "and other parties challenging the PREPA bond claims will unavoidably be faced with the argument that there is no (more) time to litigate these issues, leaving the Oversight Board with no choice but to settle on terms highly favorable to PREPA bondholders." Objection, ¶ 7. The Committee does not identify who it thinks will make this argument. Its professed concern makes no sense. No deadline has been set by which issues must be litigated and thus the bondholders cannot use time (or any claimed lack of it) as settlement leverage. In any event, the UCC's assertion that "the Threshold Issues could be litigated (including any appeals to the First Circuit) within a matter of months," *id*., undermines its contention that the requested one-month extension of the Path Forward Deadline will leave "no (more) time to litigate these issues," and force the Oversight Board's hand in settlement negotiations. *Id*. at ¶ 7. Should the need to continue the pending litigation arise, the Oversight Board agrees it can prosecute these issues quickly and efficiently, so the UCC's concerns that time will prevent adjudication of the issues, forcing an imprudent settlement, are unfounded. Both of the Threshold Issues are governed by the documents. In such event the Oversight Board—and not a third party—will litigate the Threshold Issues thoroughly and without being handicapped by the calendar.

3. Regardless, the parties to these disputes are well aware of the legal arguments[5] and are fully capable of evaluating such positions in the context of settlement negotiations in mediation. Requiring a litigation schedule to be filed by June 8 would create no further clarity in mediation regarding the strength of the parties' arguments; instead it would simply force the parties to incur additional costs preparing for litigation and diverting attention from the pursuit of a negotiated outcome. Notably, no other constituency has raised or joined the UCC's position.

4. For these reasons, and for those set forth in the Urgent Motion, the Oversight Board submits the Objection should be overruled and the relief requested in the Urgent Motion should be granted.

Dated: May 27, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      ddesatnik@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for PREPA*

---

[5] The UCC's succinct description of the strength of the legal arguments on the Threshold Issues, Objection ¶¶ 5 and 6, only further reinforces that a litigation schedule is unnecessary to develop clarity on this point.

4

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorney for the Financial Oversight and Management Board as representative for PREPA*

5

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer