# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780-LTS and Main Docket 17 BK 3283-LTS** |

**THE PREPA BONDHOLDERS' INFORMATIVE MOTION REGARDING REPLY OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN SUPPORT OF MOTION TO EXTEND JUNE 1, 2022 DEADLINE**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Ad Hoc Group of PREPA Bondholders (the "Ad Hoc Group"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. ("Assured"), National Public Finance Guarantee Corporation ("National"), and Syncora Guarantee Inc. ("Syncora," and together with Assured, National, and the Ad Hoc Group, the "PREPA Bondholders") respectfully submit this informative motion (the "Informative Motion") to the *Limited Objection of Official Committee of Unsecured Creditors to Urgent Consensual Motion of Financial Oversight and Management Board to Extend June 1, 2022 Deadline* (the "Objection") (Case No. 17-04780-LTS, Dkt. No. 2824) and the *Reply of Financial Oversight and Management Board in Support of Motion to Extend June 1, 2022 Deadline* (the "Reply") (Case No. 17-04780-LTS, Dkt. No. 2826).[2] In support of this Informative Motion, the PREPA Bondholders respectfully state as follows:

## INFORMATIVE MOTION

1. The Ad Hoc Group moved for and supported mediation, along with the other PREPA Bondholders, because a mediated settlement would avoid years of costly litigation. The PREPA Bondholders originally chose to ignore the UCC's misguided Objection, as filing pleadings regarding the various parties' litigation positions seemed to be contrary to the goal of a consensual resolution that all parties indicated they wanted to try to achieve when becoming Mediation Parties.

2. However, now that the Oversight Board appears to have adopted certain of the UCC's groundless statements (contrary to its steadfast support of the RSA these past years and in the midst of what should be an expedited and productive mediation), the PREPA Bondholders are now compelled to submit this informative motion to correct any misconceptions regarding

---

[2] Capitalized terms not defined herein have the meaning set forth in the *Urgent Motion of Financial Oversight and Management Board to Extend June 1, 2022 Deadline* (the "Urgent Motion") (Case No. 17-04780-LTS, Dkt. No. 2819).

the timeline for a potential PREPA bond litigation and its chances of success. The Objection and the Reply rely on the mistaken assertion that litigation regarding the PREPA bonds will be simple and straightforward, as it requires merely an examination of so-called "Threshold Issues," consisting of various attempts to invalidate the bondholders' liens and the UCC's spurious claim that the PREPA bonds are non-recourse against PREPA. The UCC in particular claims that the issues are purely legal issues, which could be resolved expeditiously. These arguments are entirely divorced from reality.

3. First, litigation of the Threshold Issues would be far more complicated and time-consuming than the UCC and the Oversight Board suggest. The UCC posits that these issues have been "extensively briefed" due to a claim objection that it filed and a bare complaint from the Oversight Board that was filed and immediately stayed. This is wrong. Neither the PREPA trustee nor the bondholders have ever answered the complaint or the claim objection (as they were prohibited from doing so under the PREPA RSA), and thus this Court has not yet had the opportunity to review the bondholders' responses.

4. Moreover, even the Threshold Issues identified by the UCC and Oversight Board raise factual issues, which would require discovery from numerous Commonwealth and Oversight Board parties. Substantial discovery would likewise be required for certain affirmative relief the bondholders intend to seek. HTA is instructive on the point of how long lien litigation is likely to take. There, the Oversight Board claimed that resolution of so-called gating issues would take only a few months to resolve, without the need for any discovery. Like the UCC here, the Oversight Board claimed that no discovery was needed in HTA to resolve its motion for summary judgment. However, this Court found that discovery was warranted, thereby acknowledging that a lien challenge raises factual issues. *See, e.g.*, Adv. Proc. No. 20-0005-LTS, Dkt. No. 129. The UCC likewise fails to acknowledge that the HTA dispute was

never fully adjudicated – and even that unresolved litigation path, with no decision on the merits even from this Court, lasted more than a year and a half.[0]

5. While this Informative Motion is not the appropriate place to address in detail the issues with the Oversight Board's and the UCC's assertions, to be clear, if the parties were to litigate these issues, bondholders would prevail in demonstrating that they have valid and perfected liens. The bond documents (which are unique to PREPA and will require discovery, just as they did in HTA) contain far more powerful protections for bondholders than the HTA documents. Any reliance on the HTA lift-stay decision is therefore entirely misplaced.

6. Second, what the UCC and the Oversight Board fail to take into account is that the litigation they describe is ultimately futile. Notwithstanding the indefatigable desire of certain parties to these cases to reduce recoveries to bondholders whether or not the economic facts on the ground justify such a reduction, PREPA can afford the rates necessary to pay bondholder claims in full, and absent a settlement is required to do so under Bankruptcy Code Section 1129(b). Thus, even if the UCC or the Board were to succeed in their lien challenges – which they would not – PREPA would still be required to pay bondholders in full absent a settlement.

7. Finally, both the UCC and the Oversight Board ignore the affirmative relief that will be sought by bondholders absent a consensual resolution of these cases. After five years without **any** progress having been made towards a confirmable plan of adjustment, and numerous instances of the government parties committing an about-face and abandoning longstanding settlement agreements, the PREPA Bondholders intend to move to dismiss this case and/or seek appointment of a receiver absent a consensual resolution. At some point, enough is enough.

---

[0] This Court's decision in HTA was in the context of a lift-stay motion and therefore is not a final decision on the merits; on appeal (which subsequent history the UCC tellingly omits), the First Circuit declined to affirm this Court's preliminary ruling and affirmatively noted its non-binding status. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 989 F.3d 170, 180-83 (1st Cir. 2021).

3

8. The PREPA Bondholders have been trying to consensually resolve this case for years. In fact, they entered into three agreements already to do just that. If no consensual agreement can be reached in mediation, the PREPA Bondholders are fully prepared to litigate all of the various issues, and demonstrate the absurdity and bad faith of the evolving positions adopted by the various parties in this case, as well as PREPA's ability to pay its bondholders in full pursuant to its contractual obligations. Before we embark upon years of costly litigation, the parties should take the opportunity in mediation to try to reach one more settlement agreement that would finally facilitate a confirmable plan of adjustment.

Dated: San Juan, Puerto Rico
  May 27, 2022           Resepectfully Submitted,

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.**<br>P.O. Box 195383<br>San Juan, PR 00919-5383<br>Tel.: (787) 751-8999<br>Fax: (787) 763-7760<br><br>/s/ Manuel Fernández-Bared<br>MANUEL FERNÁNDEZ-BARED<br>USDC-PR No. 204204<br>E-mail: mfb@tcm.law<br><br>/s/ Linette Figueroa-Torres<br>LINETTE FIGUEROA-TORRES<br>USDC-PR No. 227104<br>E-mail: lft@tcm.law<br><br>/s/ Nayda Perez-Roman<br>NAYDA PEREZ-ROMAN<br>USDC–PR No. 300208<br>E-mail: nperez@tcm.law<br><br>*Counsel for the Ad Hoc Group of PREPA Bondholders* | **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Tel.: (212) 715-9100<br>Fax: (212) 715-8000<br><br>/s/ DRAFT<br>AMY CATON*<br>THOMAS MOERS MAYER*<br>ALICE J. BYOWITZ*<br>Email: acaton@kramerlevin.com<br>   tmayer@kramerlevin.com<br>   abyowitz@kramerlevin.com<br>**Admitted Pro Hac Vice*<br><br>*Counsel for the Ad Hoc Group of PREPA Bondholders* |
| **CASELLAS ALCOVER & BURGOS P.S.C.**<br><br>By: /s/ Heriberto Burgos Pérez<br>Heriberto Burgos Pérez<br>USDC-PR 204809<br>Ricardo F. Casellas-Sánchez<br>USDC-PR 203114<br>Diana Pérez-Seda<br>USDC-PR 232014<br>P.O. Box 364924<br>San Juan, Puerto Rico 00936-4924<br>Telephone: (787) 756-1400<br>Facsimile: (787) 756-1401<br>Email: hburgos@cabprlaw.com<br>  rcasellas@cabprlaw.com<br>  dperez@cabprlaw.com<br>Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp. | **CADWALADER, WICKERSHAM & TAFT LLP**<br><br>By: /s/ Mark C. Ellenberg<br>Howard R. Hawkins, Jr.*<br>Mark C. Ellenberg*<br>William J. Natbony*<br>Thomas J. Curtin*<br>Casey J. Servais*<br>200 Liberty Street<br>New York, New York 10281<br>Telephone:  (212) 504-6000<br>Facsimile:   (212) 504-6666<br>Email: howard.hawkins@cwt.com<br>  mark.ellenberg@cwt.com<br>  bill.natbony@cwt.com<br>  thomas.curtin@cwt.com<br>  casey.servais@cwt.com<br>* Admitted pro hac vice<br>Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp. |

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** | **WEIL, GOTSHAL & MANGES LLP** |

/s/ Eric Perez-Ochoa
ERIC PÉREZ-OCHOA
USDC-PR No. 206314
E-mail: epo@amgprlaw.com

/s/ Luis A. Oliver-Fraticelli
LUIS A. OLIVER-FRATICELLI
USDC-PR NO. 209204
E-mail: loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, Puerto Rico 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

Attorneys for National Public Finance Guarantee Corp.

/s/ Robert Berezin
JONATHAN POLKES*
GREGORY SILBERT*
ROBERT BEREZIN*
KELLY DIBLASI*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com
kelly.diblasi@weil.com

*admitted pro hac vice

Attorneys for National Public Finance Guarantee Corp.

**GOLDMAN ANTONETTI & CORDOVA, LLC**

**DEBEVOISE & PLIMPTON LLP**

/s/ Carlos A. Rodríguez-Vidal
CARLOS A. RODRÍGUEZ-VIDAL
USDC-PR No. 201213
E-mail: crodriguez-vidal@gaclaw.com

SOLYMAR CASTILLO-MORALES
USDC-PR NO. 218310
E-mail: scastillo@gaclaw.com

P.O. Box 70364
San Juan, Puerto Rico 00936-8364
Tel.: (787) 759-4117
Fax: (787) 767-9177

Counsel for Syncora Guarantee Inc.

/s/ Elie J. Worenklein
ELIE J. WORENKLEIN*
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836
Email: eworenklein@debevoise.com

*admitted pro hac vice

Counsel for Syncora Guarantee Inc.

6