# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### AMENDED DECLARATION OF A. J. BENNAZAR-ZEQUEIRA IDENTIFYING BENNAZAR, GARCÍA & MILIÁN, C.S.P.'S CONNECTIONS TO MATERIAL INTERESTED PARTIES UNDER THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT

Pursuant to 28 U.S.C. § 1746, A. J. Bennazar-Zequeira, declares as follows:

1. I am the Director and Managing Partners of Bennazar, García & Milián, C.S.P. ("**Bennazar**") attorneys for The Official Committee of Retired Employees for the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-captioned Title III cases (the "Title III Cases"). Unless otherwise noted, I have personal knowledge of the facts set forth herein.[2]

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at the Bennazar firm and are based on information provided by them.

2. I submit this declaration (the "**PRRADA Declaration**") in accordance with the Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. § 2178 ("**PRRADA**"); the *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* ("**PRRADA Compliance Order**") [Dkt. 19980]; and the *Order Approving List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosures* Act [Dkt. 20467] ("**MIP List Order**").

## PRRADA

3. On January 20, 2022, President Joseph R. Biden signed PRRADA into law. PRRADA requires the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to file a motion seeking approval of a list of Material Interested Parties ("**MIP List**") and requires professional persons seeking compensation under sections 316 and 317 of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101-2241 (**"PROMESA"**) to identify connections to parties on the MIP List in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedures.

4. On February 2, 2022, the Court entered the PRRADA Compliance Order, which directed the Oversight Board to file a motion seeking approval of a MIP List.

5. On February 22, 2022, the Oversight Board submitted a *Motion Requesting Order Approving Proposed List of Material Interested Parties* [Dkt. 20194] (**"MIP List Motion"**). The MIP List Motion requested approval of a proposed MIP List that excluded (i) creditors whose claims were no longer active; (ii) certain creditors holding claims in multi-plaintiff litigation; and (iii) creditors asserting claims less than $1 million for claims against the Commonwealth or COFINA, and less than $500,000 against HTA, ERS, PBA, and PREPA.

6. On March 8, 2022, the United States Trustee for Region 21 filed a limited objection to the MIP List Motion [Dkt. 20274], arguing that PRRADA did not permit the Oversight Board to exclude from the MIP List creditors with inactive claims or the creditors who were plaintiffs in multi-plaintiff litigation.

7. On March 8, 2022, the Official Committee of Unsecured Creditors filed a limited response to the MIP List Motion [Dkt. 20276] ("**UCC Response**") requesting that professionals only be required to disclose connections to entities in the MIP List that were not previously identified as interested parties.

8. On March 14, 2022, the Retiree Committee filed a joinder [Dkt. 20325] to the UCC Response.

9. On March 21, 2022, the Court entered an order [Dkt. 20419] directing the Oversight Board to submit an amended MIP List that included creditors whose claims are no longer active and plaintiff members of multi-plaintiff litigations that are otherwise excluded from the MIP List if their individual claims exceed the applicable threshold.

10. On March 29, 2022, the Oversight Board submitted an amended MIP List (the "**Amended MIP List**") [Dkt. 20458].

11. On March 30, 2022, the Court entered the MIP List Order approving the Amended MIP List and directing professional persons to disclose connections to parties identified in the Amended MIP List no later than May 16, 2022. Consistent with the UCC Response, the MIP List Order further provides "to the extent any professional persons… have already complied with the requirements of rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures by such professional persons as require by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." (*Id.* at 2.)

**Bennazar's Retention**

12. On June 16, 2017, the Retiree Committee elected to employ Bennazar to represent the Retiree Committee.

13. On July 19, 2017, the Retiree Committee filed its Application for an Order Approving the Employment of Bennazar, García & Milián, C.S.P. [Dkt. No. 683] (the "**Retention Application**") pursuant to section 105(a) and 1103 of the Bankruptcy Code.

14. On August 10, 2017, the Court entered the Retention Order approving Bennazar's retention as counsel to the Retiree Committee, effective June 16, 2017, on the terms and conditions identified in the Retention Application, including that fees and expenses incurred by Bennazar by paid under sections 316 and 317 of PROMESA. Accordingly, Bennazar is a "professional person" subject to PRRADA's disclosure requirements. See 48 U.S.C. § 2178(b).

**Bennazar's PRRADA Disclosures**

15. Bennazar has conducted an internal query of present and former clients in connection with the parties identified in the Amended MIP List ("**Material Interested Parties**").

16. In the ordinary course of business, Bennazar performs conflict checks before accepting the representation of a new client or the representation of an existing client in a new matter. Bennazar's conflict check procedures include a review of the database of clients and notifying each of the attorneys working in Bennazar about the potential engagement of a new client.

17. Following those procedures, I asked Bennazar personnel to compare the names of Material Interested Parties against its database of clients since May 5, 2017, and requested each of the attorneys working in Bennazar, to identify any relationship with Material Interested Parties.

18. For disclosure purposes, Bennazar identified (a) the Puerto Rico Aqueduct and Sewer Authority (PRASA), and (b) Morovis Community Health Center, Inc., in the list of Material

4

Interested Parties. PRASA is a client to whom Bennazar provides insurance defense in tort claims, and the Morovis Community Health Center Inc., is a former client. Because Puerto Rican law allows claimants to file judicial action against the alleged tortfeasor <u>and</u> its insurer, oftentimes we appear in court in representation of PRASA "and its insurer, MAPFRE". However, these tort claims are totally unrelated to the Title III cases, and do not create an adverse interest to debtor or to the Retiree Committee. The services that Bennazar provided and continues to provide to PRASA and its insurer MAPFRE, as well as the services that it provided to the Morovis Community Health Center, Inc. are in matters totally unrelated to the Title III cases and do not affect the interests of debtors or the Retiree Committee.

19. Bennazar's practice encompasses the representation of many entities, some of which may be or may become parties in interest without Bennazar's knowledge. Although it is not practicable for Bennazar to identify all such connections, except as otherwise disclosed herein, I am unaware of any such other connection that may be material, and believe that none of them would prevent Bennazar from being disinterested; nor it would involve the holding or representation of an interest adverse to the Debtors' respective estates; nor would create a conflict of interest with respect to this employment.

20. Based on the foregoing and the information contained in the Original Declaration, and to the best of my knowledge, information and belief, I believe that I am, and each of Bennazar's attorneys previously or currently involved in representing the Retiree Committee ("**Bennazar Professional**") is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14); that neither I nor any Bennazar Professional holds or represents any interest adverse to the Debtors' estates; and that Bennazar Professionals do not represent in other matters parties with any interest adverse to the Debtors' estates, except as otherwise specified in the Original Declaration, and this

PRRADA Declaration. Accordingly, I submit that Bennazar is not disqualified for employment by the Retiree Committee to represent it in these Title III Cases.

21. Bennazar informed the Retiree Committee of the aforementioned connections to the Material Interested Parties and the Retiree Committee expressed no concern about it relative to Bennazar's continued engagement by the Retiree Committee.

22. I will amend this PRRADA Declaration promptly upon learning that: (a) any of the representations herein are incorrect, or (b) there is any change of circumstances relating thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2022.

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:
/s/ A. J. Bennazar-Zequeira
A. J. Bennazar-Zequeira
Hector M. Mayol Kauffman
Francisco del Castillo Orozco
Edificio Union Plaza 1701
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.org
francisco.delcastillo@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*
