UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

               Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION REQUESTING EXTENSION OF TIME TO RESPOND
TO THE NOTICE OF PRESENTMENT OF PROPOSED ORDER GRANTING
THE THREE HUNDRED NINETIETH OMNIBUS OBJECTION (SUBSTANTIVE)
OF THE COMMONWEALTH OF PUERTO RICO TO NO LIABILITY CLAIMS (ECF NO. 17973)

        Before the Court is the *Request for Extension of Time* (Docket Entry No. 21049, the "Extension Motion,") filed by McCann Erickson Corporation, SA (the "Claimant"). Through the Extension Motion, Claimant requests a thirty-day extension to object to the *Notice of Presentment of Proposed Order Granting the Three Hundred Ninetieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to No Liability Claims (ECF No. 17973)* (Docket Entry No. 20876, the "Notice of Presentment"), filed by the Financial Oversight Board and Management Board for Puerto Rico (the "Oversight Board"), which seeks entry of an order granting the *Three Hundred Ninetieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to No Liability Claims* (Docket Entry No. 17973, the "Omnibus Objection"). The

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Omnibus Objection provided for partial disallowance of, inter alia, two claims filed by Claimant against the Commonwealth (Proof of Claim Nos. 53762 and 59767, the "Claims"),[2] disallowing the Claims on the grounds that each Claim "(*i*) has been satisfied, in whole or in part, and/or (*ii*) asserts, in whole or in part, amounts for which the Commonwealth is not liable." (Omnibus Obj. at 2.)[3] The Court has considered carefully the Claimant's submission and the relevant entries on the docket, and, for the reasons provided herein, the Motion is denied.

The Oversight Board objected to McCann's Claims as "No Liability" claims, by way of the Omnibus Objection, on August 25, 2021. That same day, the Omnibus Objection, together with a Court-approved notice in English and Spanish, was served upon Claimant via email and first class mail. (See *Certificate of Service* (Docket Entry No. 18060), at 3, Ex. H at 1; *Notice of the Three Hundred Ninetieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to No Liability Claims* (Omnibus Obj. Ex. C, the "Omnibus Objection Notice").) The Omnibus Objection Notice stated multiple times and in bold type that the deadline for Claimant to respond to the Omnibus Objection was October 18, 2021, at 4:00 p.m. (Atlantic Standard Time). (Omnibus Obj. at 1; Omnibus Obj. Notice at 2, 3, 5.) The Omnibus Objection Notice further warned claimants that, absent an extension by the debtor in writing, "[i]f no response is filed within the time allowed herein, the Omnibus Objection will be deemed unopposed and may be granted . . . ." (Omnibus Obj. Notice at 2.) Claimant did not file or otherwise submit a response to the Omnibus Objection.

On May 19, 2022, the Oversight Board filed the Notice of Presentment, seeking entry of a proposed order granting the Omnibus Objection. In accordance with this Court's *Sixteenth Amended Case Management Procedures* (Docket Entry No. 20190-1) the Oversight Board set a response deadline of 4:00 p.m. (Atlantic Standard Time) on May 26, 2022. (Notice of Presentment at 3–4.)

By the Extension Motion, McCann requests thirty days to "revise its accountancy books and corroborate the information related to the objections" to the Claims. (Extension Mot. ¶ 3.). McCann represents that the additional time is necessary because "the McCann local branch was purchased by a local corporation." (Extension Mot. ¶ 3.) The Extension Motion further states that McCann is requesting "an extension of 30 days to object to the proposed of the proposed Order at docket 20876, at least to the extent to claims 53762 and 59767." (Extension Mot. at 1.) McCann nowhere objects that the Notice of Presentment is defective or that the

---

[2] Each of the Claims is based on services provided to the Puerto Rico State Commission on Elections.

[3] The Oversight Board sought to disallow Claim No. 53762 on the basis that "Invoices totaling $51,163.25 were paid via multiple Checks/EFT's on 09/07/2018. Per the books and records of the Commonwealth, invoices totaling $45,103.97 were not include[d] as part of the approved contract." (Omnibus Obj. Ex. A at 1.) The Commonwealth sought to disallow Claim No. 59767 on the basis that "Invoices totaling $39,386.08 were paid via multiple Checks/EFT's during the period of 07/02/2018 and 09/12/2018. Amounts totaling $84,943.94 associated with invoices not associated with a valid contract and therefore are not recognized as due and owing by the Commonwealth agency asserted." (Omnibus Obj. Ex. A at 2.)

proposed order attached thereto fails to accurately convey the relief requested in the Omnibus Objection. The Extension Motion therefore appears to seek more time not to object to the Notice of Presentment, but to substantively respond to the Omnibus Objection.

Claimant filed the Extension Motion at 10:54 a.m. (Atlantic Standard Time) on May 27, 2022, more than seven months past the deadline to object to the Omnibus Objection, and the Extension Motion was also untimely with respect to the Notice of Presentment.

The Extension Motion fails to proffer an adequate justification for the doubly untimely filing that has occurred here. Nor do any of the grounds for relief enumerated in the Omnibus Objection Notice apply in this instance.[4] The recent purchase of the McCann local branch or the need to revise accountancy books and corroborate information do not support an extension of the long-expired time to file a substantive response to the Omnibus Objection. Nor do they excuse untimely filing of a response to the Notice of Presentment.

Accordingly, the Extension Motion is denied. With respect to the Claims, the Court will enter the order as filed with the Notice of Presentment. This Order resolves Docket Entry No. 21049.

SO ORDERED.

Dated: May 31, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[4] "If no response is filed within the time allowed herein, the Omnibus Objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise." (Omnibus Obj. Notice at 2.)