# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

Case name  IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; TH FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR TI

District Court Case No.  17-BK-3283-LTS _____    District of Puerto Rico  ▼

Date Notice of Appeal filed  March 14, 2022 _____    Court of Appeals Case No.  22-1193 _____

Form filed on behalf of  Maira Ivet Feliciano Rosado _____

## TRANSCRIPT REPORT

Transcript Not Necessary for this Appeal  ✔

Transcript Already Filed in District Court.  List each transcript by docket entry number and date and type of proceeding (attach separate page if necessary) _____ N/A _____

## TRANSCRIPT ORDER

Name of Court Reporter _____ N/A _____
Phone Number of Reporter _____ N/A _____

A. _____   **This constitutes an order of the transcript of the following proceedings [check appropriate box(es) and indicate dates of hearing(s)]:**

|  | PROCEEDING(S) | HEARING DATE(S) |
|---|---|---|
| ☐ | Jury Voir Dire | N/A |
| ☐ | Opening Statement (plaintiff) | N/A |
| ☐ | Opening Statement (defendant) | N/A |
| ☐ | Trial | N/A |
| ☐ | Closing Argument (plaintiff) | N/A |
| ☐ | Closing Argument (defendant) | N/A |
| ☐ | Findings of Fact/Conclusions of Law | N/A |
| ☐ | Jury Instructions | N/A |
| ☐ | Change of Plea | N/A |
| ☐ | Sentencing | N/A |
| ☐ | Bail hearing | N/A |
| ☐ | Pretrial proceedings (specify) _____ | N/A |
| ☐ | Testimony (specify ) _____ | N/A |
| ☒ | Other (specify) _____ PROMESA _____ | The Judge transcribed her determination in the order of March 24, 2022, and ad verbatim we quote her words: Ms. Maira I. Feliciano Rosado' s Proof of Claim form asserts that b |

NOTE:  Any form that fails to specify in adequate detail those proceedings to be transcribed will be considered deficient.

B. _____   **I certify that I have contacted the court reporter and the following financial arrangements for payment of the transcript have been made:**

☐  Private funds.

☐  Government expense (civil case). IFP status has been granted and a motion for transcript at government expense has been allowed. (Attach a copy of the order to each copy of this order form.)

☐  Criminal Justice Act.  A CJA Form 24  has been approved by the district court judge.

☐  Criminal Justice Act.  A CJA Form 24 is attached for authorization by the court of appeals.

☐  Federal Public Defender/Government Counsel - no CJA Form 24 necessary.

Filer's name  Maira I. Feliciano Rosado _____    Filer's Signature  *Maira I. Feliciano Rosado*

Firm/Address  Calle Elena Segarra #154 El Mani, Mayagüez, PR 00682-6123    Filer's Email address  mfeducderec@yahoo.com

Telephone number  (939) 865-3987 _____    Date mailed to court reporter  May 16, 2022 _____

(Court Reporter Use ONLY) Date received _____

Form CA1-10 (6/09/09)                                    **SEE INSTRUCTIONS ON REVERSE**



## Prime Clerk
Grand Central Station PO Box 4850
New York, NY 10163-4850

In re Commonwealth of Puerto Rico
Case No. 17-03283
United States Bankruptcy Court for the District of Puerto Rico (San Juan)

**PRIME CLERK RECEIVED YOUR
PROOF OF CLAIM.**

Date Filed: 10/18/2021
Proof of Claim No.: 179662

For additional information, please visit
**http://cases.primeclerk.com/puertorico**, or
call us at **844.822.9231.**

Maria Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Mani
Mayaguez, PR 00682

ı̣ı]Iı̣ı̣ı̣ı̣ı̣ıᵦı̣ı·ıJIíıₚIIi·iIĵ·ₚ·]IĵIIIₚₚı̣ıIIi·ıₚᵢ·ₚ·ₗₚₗ]ı̣ı̣Iiı̣

2

SRF 59775

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR THE HEARING ON FEBRUARY 16-17, 2022 AT 9:30 A.M. AST

| | |
|---|---|
| **Time and Date of Hearing:** | **Wednesday, February 16, 2022,** from 9:30 a.m. to 12:30 p.m. (Atlantic Standard Time) and **Thursday, February 17, 2022,** from 9:30 a.m. to 12:30 p.m. (Atlantic Standard Time) |
| | Honorable Laura Taylor Swain, United States District Judge |
| **Location of Hearing:** | **The Hearing will be conducted virtually via videoconferencing and telephonic platforms.** |
| | **Participation by Individuals Who Have Been Notified to Attend: Claimants who have been notified that their claims are the subject of the Hearing may participate by going to the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

3

Responses:

    A. Response to Three Hundred Sixty-Second Omnibus Objection to Claims, filed by Maira Feliciano Rosado (Claim No. 10547) **[Case No. 17-3283, ECF No. 18290]** (Response Form submitted, claimant will attend)

Replies, Joinders & Statements:

    A. Reply of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of Puerto Rico to Response Filed by Claimant Maira Feliciano Rosado [ECF No. 18290] to the Three Hundred Sixty-Second Omnibus Objection (Substantive) to Misclassified Claims **[Case No. 17-3283, ECF No. 19984]**

Related Documents:

    A. Motion requesting extension of time to file a response, filed by Maira Feliciano Rosado **[Case No. 17-3283, ECF No. 18289]**

    B. Motion in objection and to be heard at the December 2021 hearing, filed by Maira Feliciano Rosado **[Case No. 17-3283, ECF No. 19270]**

    C. Order finding as moot motion requesting extension of time and motion in objection and to be heard at the December 2021 hearing **[Case No. 17-3283, ECF No. 19382]**

    D. Motion Submitting Certified Translations in Connection with Docketed Claim Objection Responses To Be Heard at the February 16-17, 2022 Adjourned Objection Hearing **[Case No. 17-3283, ECF No. 19998–1]**

Status: This matter is going forward.

Estimated Time Required: 15 minutes

Order and Number of Speakers: The names of counsel who intend to speak on this matter and time allocations for each party are listed below:

    A. Debtors: Laura Stafford and Brian Rosen, 3 minutes
    B. Objecting Parties: Maira Feliciano Rosado, *pro se,* 10 minutes
    C. Debtors: Laura Stafford and Brian Rosen, 2 minutes

5. **Three Hundred Thirty-Seventh Omnibus Objection to Claims.** Three Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Asserted Against the Incorrect Debtor **[Case No. 17-3283, ECF No. 17081]**

Objection Deadline: July 19, 2021 at 4:00 p.m. (Atlantic Standard Time)

**Three Hundred Sixty-Second Omnibus Objection to Claims.** Three Hundred Sixty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of

*4*

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Feliciano Rosado, Maria Ivet | 179662 | 10/18/2021 | Commonwealth of Puerto Rico | $0.00 |
| Treatment: | Claim to be Disallowed | | | |
| Reason: | Proof of claim was not timely filed, as claimant filed the claim after the applicable deadline set by the Bar Date Orders. | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Feliciano Rosado, Maria Ivet | 179662 | 10/18/2021 | Commonwealth of Puerto Rico | $0.00 |
| Tratamiento: | Reclamo a ser desestimado | | | |
| Base para: | La Evidencia de Reclamo no se presentó a tiempo, ya que el Reclamante presentó el reclamo después de la fecha límite aplicable establecida en las Órdenes de Fecha Límite. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico. If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico. Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

5

Prime Clerk, LLC
**Grand Central Station**
PO Box 4850
New York, NY 10163-4850



quadient

FIRST CLASS MAIL

02/09/2022
US POSTAGE $000.53⁹

ZIP 06103
041M1225456

**LEGAL NOTICE ENCLOSED. DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT/GENERAL COUNSEL.**

006026012S C018

# U.S. Bankruptcy Court

## District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 3/24/2022 at 2:17 PM AST and filed on 3/24/2022

| | |
|---|---|
| **Case Name:** | COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority (PBA) |
| **Case Number:** | 17-03283-LTS9 |
| **Document Number:** | 20437 |

**Docket Text:**
ORDER CONCERNING [20359] APPLICATION FILED BY MAIRA I. FELICIANO ROSADO re: [20358] Notice of Appeal. Signed by Judge Laura Taylor Swain on 3/24/2022. (mr) s/c sent to Feliciano Rosado.

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et<br>al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

<u>ORDER CONCERNING APPLICATION FILED BY MAIRA I. FELICIANO ROSADO</u>

    The Court has received and reviewed the *Application to Proceed in District Court Without Prepaying Fees or Costs* (Docket Entry No. 20359 in Case No. 17-3283, the "Motion"), filed by Maira I. Feliciano Rosado, which the Court deems to be a motion for permission to proceed in forma pauperis with respect to Ms. Feliciano Rosado's appeal of the Court's ruling reclassifying proof of claim no. 10547 (the "Proof of Claim") as a general unsecured claim. (See Docket Entry No. 20358 in Case No. 17-3283, the "Notice of Appeal").

    Ms. Feliciano Rosado's Proof of Claim form asserts that her claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9) and is secured in whole or in part by a lien on property. At the February 16, 2022, hearing concerning the Debtors' objections to certain proofs of claim, the Court made the following ruling concerning the proof of claim filed by Ms. Feliciano Rosado:

        I have reviewed the written submissions, and listened very carefully to everything that has been said today. I am terribly sorry to hear

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

what Ms. Feliciano-Rosado has been going through, and her concerns about her son, and the custody matters, and the treatment of the child-custody payments. Those are not matters that are properly before the Court today. What is before the Court today is the question of whether the claim that Ms. Feliciano-Rosado has filed in these Title III proceedings is entitled to priority payment classification, either because it concerns a sale of goods to the Commonwealth within a certain period of time, or because it is backed by security, money, or property set aside to pay that claim specially. Neither of those necessary facts is established with respect to this claim. Therefore, the Court sustains the 362nd Omnibus Objection as to claim no. 10547 filed by Maira I. Feliciano-Rosado. That claim is reclassified as a general unsecured claim, and it will be considered and evaluated for payment and validity along with other general unsecured claims.

(Feb. 16, 2022, Hr'g Tr. 20:3-21, Docket Entry No. 20164 in Case No. 17-3283.) The Court has reviewed the Motion and the Notice of Appeal, and nothing therein identifies any non-frivolous argument on appeal of the Court's February 16, 2022, ruling. Accordingly, the Court certifies that Ms. Feliciano Rosado's appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); DuLaurence v. Telegen, No. 15-1537, 2016 WL 10454553, at *1 (1st Cir. Nov. 30, 2016) ("Good faith for purposes of § 1915(a)(3) is judged by an objective standard; i.e., whether the litigant 'seeks appellate review of any issue not frivolous.'") (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). The Motion is therefore denied.

This Order resolves Docket Entry No. 20359 in Case No. 17-3283.

SO ORDERED.

Dated: March 24, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
ROOM 150 FEDERAL BLDG
SAN JUAN PR 00918-1767

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Maira I. Feliciano Rosado
Calle Elena Segarra #154, El Mani
Mayaguez, PR 00682-3987

## U.S. Bankruptcy Court

### District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 5/5/2022 at 8:46 AM AST and filed on 5/5/2022

| | |
|---|---|
| **Case Name:** | COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority (PBA) |
| **Case Number:** | 17-03283-LTS9 |
| **Document Number:** | 20677 |

**Docket Text:**
ORDER CONCERNING [20664] MOTION FILED BY MAIRA I. FELICIANO ROSADO. The Motion is denied without prejudice to renewal in English. Signed by Judge Laura Taylor Swain on 5/5/2022. (mr) s/c sent to Feliciano Rosado.

*10*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------x

ORDER CONCERNING MOTION FILED BY
MAIRA I. FELICIANO ROSADO (DOCKET ENTRY NO. 20664)

     The Court has received and reviewed the motion dated May 2, 2022 (Docket
Entry No. 20664 in Case No. 17-3283) (the "Motion"), filed entirely in the Spanish language by
Maira I. Feliciano Rosado (the "Movant"), which appears to request that the Court reconsider the
oral ruling issued at the February 16, 2022, claims objection hearing concerning Proof of Claim
No. 10547, filed by Movant.

     The Motion is written in the Spanish language, and no English language
translation was provided. The United States Code provides that all proceedings in the United
States District Court for the District of Puerto Rico must be conducted in English. See 48 U.S.C.
§ 864. See also L.Cv.R. 5(c) ("All documents not in the English language which are presented

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
(Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
(Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).

7 de Mayo de 2022.

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
ROOM 150  FEDERAL BLDG
SAN JUAN PR 00918-1767

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

SAN JUAN PR  009

5 MAY 2022  PM 2 L

Maira I. Feliciano Rosado
Calle Elena Segarra #154
Sector El Mani
Mayaguez, PR 00682

00682-612354

# United States Court of Appeals
## For the First Circuit

No. 22-1193

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION,
a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA);
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors,

MAIRA I. FELICIANO ROSADO,

Claimant - Appellant,

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE
PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors - Appellees.

**ORDER OF COURT**

Entered: May 11, 2022
Pursuant to 1st Cir. R. 27.0(d)

Claimant-Appellant Maira I. Feliciano Rosado filed a notice of appeal (No. 20358) in Title III case No. 3:17-bk-03283-LTS (D.P.R.) challenging the Title III court's February 16, 2022 hearing decision to reclassify claim No. 10547 as a general unsecured claim (Nos. 20164, 20167), as well as appears to challenge the Financial Oversight and Management Board for Puerto Rico's 414th omnibus objection (No. 20040) listing claim No. 179662 as an untimely claim. Upon review of the record, it appears that this court may not have jurisdiction to consider this appeal as the February 16, 2022 hearing decision to reclassify claim No. 10547 as a general unsecured claim may not be a final, immediately appealable decision. See 48 U.S.C. § 2166(e); In re Perry, 391 F.3d 282, 285 (1st Cir. 2004) (stating that an order must finally dispose of all the issues pertaining to the discrete dispute); see also Giles World Marketing, Inc. v. Boekamp Mfg., Inc., 787 F.2d 746, 748 (1st Cir. 1986) (holding that a decision allowing the filing of a proof of claim does not conclusively determine the discrete dispute as it neither allowed the claim nor determined the amount owed). Further, it appears the 414th omnibus objection remains pending as to claim No. 179662. 48 U.S.C. § 2166(e) (permitting appeals from decisions, orders, and judgments entered by the district court).

The appellant is ordered to move for voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42(b), or to show cause, in writing, why this appeal should not be dismissed for lack of jurisdiction. The failure to take action by **May 25, 2022**, will lead to dismissal of the appeal for lack of diligent prosecution. 1st Cir. R. 3.0(b).

By the Court:

Maria R. Hamilton, Clerk

cc: Wandymar Burgos-Vargas, Hermann D. Bauer-Alvarez, Timothy W. Mungovan, Donald B. Verrilli Jr., Susana I. Penagaricano Brown, Carla Garcia-Benitez, Ubaldo M. Fernandez, Michael R. Hackett, Stephen L. Ratner, Margaret Antinori Dale, Ricardo Burgos-Vargas, Mark David Harris, Martin J. Bienenstock, Ehud Barak, Laura E. Stafford, Michael Luskin, Stephan E. Hornung, Chad Golder, Julia D. Alonzo, Michael A. Firestein, Paul V. Possinger, Lary Alan Rappaport, Steven O. Weise, Ginger D. Anders, William D. Dalsen, Adele M. El-Khouri, Jeffrey W. Levitan, Kevin J. Perra, Jennifer L. Roche, Brian S. Rosen, Rachel G. Miller Ziegler, Guy Brenner, Gabriel A Miranda-Rivera, Juan Carlos Ramirez-Ortiz, Luis Francisco Del-Valle-Emmanuelli, Chantel L. Febus, Maja Zerjal, Raul Castellanos-Malave. Ralph C. Ferrara, Ann M. Ashton, Arturo Diaz-Angueira, Joseph P. Davis III, Katiuska Bolanos-Lugo, Maria Jennifer DiConza, Mariana Muniz-Lara, Nelson Robles Diaz, Monsita Lecaroz-Arribas, Fernando Agrait, Sergio A. Ramirez-de-Arellano, Cynthia Torres, Maira Ivet Feliciano Rosado, Aurivette Deliz-Delgado

14

**22-1193**

Maira Ivet Feliciano Rosado
Calle Elena Segarra #154, El Mani
Mayaguez, PR 00682-6123

Recibido – 14 de mayo de 2022

**OFFICE OF THE CLERK**
**UNITED STATES COURT OF APPEALS**
**JOHN JOSEPH MOAKLEY U.S. COURTHOUSE**
**I COURTHOUSE WAY - SUITE 2500**
**BOSTON, MASSACHUSETTS 02210**

**OFFICIAL BUSINESS**



US POSTAGE PITNEY BOWES

ZIP 02210 $ 000.73⁰
02 4W
0000354155 MAY 11 2022

0068236123

# United States Court of Appeals
## For the First Circuit

No. 22-1193

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION,
a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA);
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors,

MAIRA I. FELICIANO ROSADO,

Claimant - Appellant,

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE
PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors - Appellees.

## ORDER OF COURT

Entered: May 11, 2022

17

Pursuant to 1st Cir. R. 27.0(d)

In an order entered on March 24, 2022, in No. 3:17-bk-03283-LTS (D.P.R.), the district court certified pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A) that this appeal is not taken in good faith. If claimant-appellant Maira I. Feliciano Rosado seeks to challenge the district court's certification, she must file a motion pursuant to Fed. R. App. P. 24(a)(5) on or before **June 10, 2022.**

Accordingly, on or before **June 10, 2022,** appellant must either pay the $505 filing fee to the district court or file a motion in this court pursuant to Fed. R. App. P. 24(a)(5). Failure to take either action will lead to dismissal of the appeal for lack of prosecution. See 1st Cir. R. 3.0(b).

By the Court:

Maria R. Hamilton, Clerk

cc: Wandymar Burgos-Vargas, Hermann D. Bauer-Alvarez, Timothy W. Mungovan, Donald B. Verrilli Jr., Susana I. Penagaricano Brown, Carla Garcia-Benitez, Ubaldo M. Fernandez, Michael R. Hackett, Stephen L. Ratner, Margaret Antinori Dale, Ricardo Burgos-Vargas, Mark David Harris, Martin J. Bienenstock, Ehud Barak, Laura E. Stafford, Michael Luskin, Stephan E. Hornung, Chad Golder, Julia D. Alonzo, Michael A. Firestein, Paul V. Possinger, Lary Alan Rappaport, Steven O. Weise, Ginger D. Anders, William D. Dalsen, Adele M. El-Khouri, Jeffrey W. Levitan, Kevin J. Perra, Jennifer L. Roche, Brian S. Rosen, Rachel G. Miller Ziegler, Guy Brenner, Gabriel A Miranda-Rivera, Juan Carlos Ramirez-Ortiz, Luis Francisco Del-Valle-Emmanuelli, Chantel L. Febus, Maja Zerjal, Raul Castellanos-Malave, Ralph C. Ferrara, Ann M. Ashton, Arturo Diaz-Angueira, Joseph P. Davis III, Katiuska Bolanos-Lugo, Maria Jennifer DiConza, Mariana Muniz-Lara, Nelson Robles Diaz, Monsita Lecaroz-Arribas, Fernando Agrait, Sergio A. Ramirez-de-Arellano, Cynthia Torres, Maira Ivet Feliciano Rosado, Aurivette Deliz-Delgado

22-1193

Maira Ivet Feliciano Rosado
Calle Elena Segarra #154, El Mani
Mayaguez, PR 00682-6123

Recibido – 14 de mayo de 2022

OFFICE OF THE CLERK
UNITED STATES COURT OF APPEALS
JOHN JOSEPH MOAKLEY U.S. COURTHOUSE
1 COURTHOUSE WAY - SUITE 2500
BOSTON, MASSACHUSETTS 02210
OFFICIAL BUSINESS



US POSTAGE ᴾⁱᵗⁿᵉʸ ᴮᴏᴡᴇˢ

ZIP 02210
02 4W           $ 000.73⁰
0000354155MAY 11 2022

00682‡6123

Gobierno de Puerto Rico
Government of Puerto Rico
**Departamento de la Familia**
Department of the Family
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
ADMINISTRATION FOR CHILD SUPPORT ENFORCEMENT

**Región de HUMACAO**
Region of HUMACAO

Núm. del Caso:   **0516701**

Núm. del Caso
Intergubernamental:

**FELICIANO ROSADO MAIRA   (45)**

**OBJECIÓN A LA NOTIFICACIÓN DE INTENCIÓN DE REFERIR LOS CASOS EXCLUIDOS DEL QUE SE
EJECUTEN ALGUNOS DE LOS REMEDIOS DE CUMPLIMIENTO**

Al Administrador:

Comparece _Maira I. Feliciano_ , Persona No Custodia en el caso señalado arriba, cuyo número de seguro social es X X X - X X-4877, quien EXPONE, ALEGA Y SOLICITA:

PRIMERO:   El día _13_ de _abril_ de _2022_, recibí una carta de "Notificación sobre intención de referir los casos excluidos del que se ejecuten algunos de los remedios de cumplimiento".

SEGUNDO:   En esa notificación se me indicó que en mi caso se venció el término para evaluar y atender las controversias presentes en éste y, por consiguiente, mi nombre y datos personales van a ser referidos para que se ejecuten algunos de los mecanismos de cumplimiento de la pensión alimentaria.

TERCERO:   Por la presente, objeto el referido, por la razón siguiente:

[X] Existe un error de hecho _Mi hijo está bajo cruel Desaparición Forzada (2018-2022)_
[X] Existe controversia por la deuda o la cantidad adeudada ante la Administración de Sustento de Menores
[X] Existe controversia por la deuda o la cantidad adeudada ante el Tribunal General de Justicia
[ ] No soy el alimentante deudor o la alimentante deudora
[ ] Me acogí a la Ley de Quiebras federal
[ ] Soy participante del Proyecto IMPULSO

En _Mayagüez_ , Puerto Rico, hoy _13_ de _abril_ de _2022_

_Maira I. Feliciano Rosado_
Nombre (Letra de molde)

_Calle Elena Segarra #154 El Maní_
Dirección Postal _Mayagüez, P.R. 00682-6123_

_Maira I. Feliciano Rosado_
Firma

_(787) 242-1302_   ¡Devuélvanme!
Teléfono   a mi hijo. Díganme,
¿a qué lugar de los
Estados Unidos le
están enviando el
dinero de su pensión
alimentaria.

**LIBEREN YA A LEONARDO**
del monstruo **ALIEN** de la
**CORRUPCIÓN JUDICIAL,**
que lo mantiene bajo
**FREE LEO! DESAPARICIÓN FORZADA**

Rev. 07/21
(SM1501)

8

21

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). /**
**Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☑ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☑ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

Debtor [DebtorName] has listed your claim in their Creditor List in Schedule [CreditorList] as a [CUD] claim in an $[ScheduleAmount] amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor [DebtorName] ha listado su reclamación en la lista de acreedores en el Schedule [CreditorList] como un reclamo [CUD] por un monto de $ [ScheduleAmount]. Debe presentar una prueba de reclamación oportunamente o se le prohíbira por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación                04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

**1. Who is the current creditor?**

**¿Quién es el acreedor actual?**

*Maira I. Feliciano Rosado*

Name of the current creditor (the person or entity to be paid for this claim)
Nombre del acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor
Otros nombres que el acreedor usó con el deudor

**2. Has this claim been acquired from someone else?**

¿Esta reclamación se ha adquirido de otra persona?

☐ No / No
☐ Yes. From whom?
Sí. ¿De quién? *Pleito de Clase - 159 D.P.R 47 (2003)*
*Asociación de Maestros v. Comisión de Relaciones Trabajo*

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

**Where should notices to the creditor be sent?**
¿A dónde deberían enviarse las notificaciones al acreedor?

*Maira I. Feliciano Rosado*
Name / Nombre

*Calle Elena Segarra #154 Sector El Maní*
Number / Número    Street / Calle

*Mayagüez, P.R. 00682*
City / Ciudad    State / Estado    ZIP Code / Código postal

*(787) 242-1302*
Contact phone / Teléfono de contacto

*mfeducderec@yahoo.com*
Contact email / Correo electrónico de contacto

**Where should payments to the creditor be sent?** (if different)
¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)

Name / Nombre

Number / Número    Street / Calle

City / Ciudad    State / Estado    ZIP Code / Código postal

*(787) 242-1063*
Contact phone / Teléfono de contacto

Contact email / Correo electrónico de contacto

**4. Does this claim amend one already filed?**

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☑ No / No
☐ Yes. Claim number on court claims registry (if known)
Sí. Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____
Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☐ No / No
☑ Yes. Who made the earlier filing?
Sí. ¿Quién hizo la reclamación anterior? *Sra. Aracelis Rivera*

**Part 2 / Parte 2:**   **Give Information About the Claim as of the Petition Date**
**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

**6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

☐ No / No
☑ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

*Tribunal de Mayagüez por robarme a mi hijo desde el 14 de diciembre de 2011.*

**7. Do you supply goods and / or services to the government?**

¿Proporciona bienes y / o servicios al gobierno?

☑ No / No
☐ Yes. Provide the additional information set forth below / Sí. Proporcione la información adicional establecida a continuación:

Vendor / Contract Number | Número de proveedor / contrato: _____

List any amounts due after the Petition Date (listed above) but before June 30, 2017:
Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017 $ _____

Modified Official Form 410

| | |
|---|---|
| **8. How much is the claim?**<br>¿Cuál es el importe de la reclamación? | $ _____  (No se') <br><br> **. Does this amount include interest or other charges?**<br>¿Este importe incluye intereses u otros cargos?<br>☐ No / No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>    Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |

| | |
|---|---|
| **9. What is the basis of the claim?**<br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>_Devolución de cuotas retenidas ilegalmente._ |

| | |
|---|---|
| **10. Is all or part of the claim secured?**<br>¿La reclamación está garantizada de manera total o parcial? | ☐ No / No<br>☑ Yes. The claim is secured by a lien on property.<br>    Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☑ Other. Describe:<br>    Otro. Describir:  _Retención en contra de mi voluntad_<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:** _Nunca firmé ningún_ _de afiliación con la Federación de Maestros de P.R._<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.<br><br>**Value of property / Valor del bien:**  $ _____<br><br>**Amount of the claim that is secured /**<br>Importe de la reclamación que está garantizado: $ _____<br><br>**Amount of the claim that is unsecured /**<br>Importe de la reclamación que no está garantizado: $ _____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $ _____<br><br>**Annual Interest Rate (on the Petition Date)**<br>Tasa de interés anual (cuando se presentó el caso) _____ %<br>☐ Fixed / Fija<br>☐ Variable / Variable |

| | |
|---|---|
| **11. Is this claim based on a lease?**<br>¿Esta reclamación está basada en un arrendamiento? | ☑ No / No<br><br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>    Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____ |

Modified Official Form 410

| | |
|---|---|
| **12. Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☐ No / No<br><br>☑ Yes. Identify the property / Sí. Identifique el bien: _Negación de Devolución de Cuotas retenidas ilegalmente alegando que mi permanencia fue efectiva después del 7 de agosto de 2001_ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☐ No / No<br><br>☑ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.   $ _____<br><br>( Desconozco la cantidad que se me adeuda ).<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☑ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, o el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el **04** / **27** / **2018** (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _Maira I. Feliciano Rosado_

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name _Maira Ivet Feliciano Rosado_
      First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido

Title / Cargo _Jubilada del Departamento de Educación_

Company / Compañía _Asociación de Maestros de P.R._
      Identify the corporate servicer as the company if the authorized agent is a servicer.
      Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección _Calle Elena Segarra #154 Bo. Maní_
      Number / Número    Street / Calle
      _Mayagüez, P.R._                    _00682_
      City / Ciudad        State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto **787-242-1302**   Email / Correo electrónico **mfeducderec@yahoo.com**

Modified Official Form 410

**Presentment Date:** May 27, 2022
**Objection Deadline:** May 26, 2022 at 4:00 p.m. (AST)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## NOTICE OF PRESENTMENT OF PROPOSED ORDER GRANTING THE FOUR HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE (ECF NO. 20490)

**PLEASE TAKE NOTICE** that, on May 19, 2022, the Commonwealth of Puerto Rico (the

"Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the

Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

26

*Economic Stability Act* ("PROMESA"),[2] hereby submits a *Notice of Presentment of Proposed Order Granting the Four Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which The Commonwealth Is Not Liable* (the "Notice").

**PLEASE TAKE FURTHER NOTICE** that, on April 1, 2022, the Commonwealth, by and through the Oversight Board, filed the *Four Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which The Commonwealth Is Not Liable* [ECF No. 20490] (the "Four Hundred Thirty-Fifth Omnibus Objection").

**PLEASE TAKE FURTHER NOTICE** that the Four Hundred Thirty-Fifth Omnibus Objection was scheduled for hearing on May 18, 2022.

**PLEASE TAKE FURTHER NOTICE** that any party against whom the Four Hundred Thirty-Fifth Omnibus Objection was served, or any other party to the Debtors' Title III cases who objected to the relief sought therein, was required to file and serve a response to the Four Hundred Thirty-Fifth Omnibus Objection with the clerk's office of the United States District Court for the District of Puerto Rico by 4:00 p.m. (Atlantic Time) on May 2, 2022 (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that, as set forth in Exhibit C to the Four Hundred Thirty-Fifth Omnibus Objection, if no response was filed by the Response Deadline, the Four Hundred Thirty-Fifth Omnibus Objection "will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise." Ex. C to Four Hundred Thirty-Fifth Omnibus Objection, ECF No. 20490-4, at 3.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

27

PLEASE TAKE FURTHER NOTICE that, according to this Court's *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]) (the "Case Management Procedures"), the Court may enter an order granting a request for relief without a hearing upon receipt of a certificate of no objection ("CNO", as defined by the Case Management Procedures). *See* Case Management Procedures, Section III, paragraph P.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Case Management Procedures, the undersigned hereby certifies that this Notice is filed not less than forty-eight (48) hours after the expiration of the Response Deadline.

PLEASE TAKE FURTHER NOTICE that the undersigned hereby certifies that counsel for the Oversight Board has reviewed, not less than forty-eight (48) hours after expiration of the Response Deadline, (*i*) the docket in the above-captioned case, (*ii*) mailings received by Kroll Restructuring Associates, LLC ("Kroll"), (*iii*) mailings received by the Oversight Board, and (*iv*) mailings received by counsel for the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "UCC") and forwarded to counsel for the Oversight Board (collectively, the "Responses") and, to the best of the undersigned's knowledge, no applicable objection, responsive pleading, or request for a hearing with respect to the Four Hundred Thirty-Fifth Omnibus Objection has been submitted.

PLEASE TAKE FURTHER NOTICE that, attached hereto as **Exhibit A** is a proposed order (the "Proposed Order") granting the relief requested in the Four Hundred Thirty-Fifth Omnibus Objection.

PLEASE TAKE FURTHER NOTICE that, pursuant to Paragraph III.H of the Case Management Procedures, "the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections

28

thereto must be filed and served at least one (1) calendar day before the presentment date," and

accordingly, unless a written objection to the Proposed Order is filed with the Court **by 4:00 p.m.**

**(Atlantic Time) on May 19, 2022,** the relief requested in the Four Hundred Thirty-Fifth Omnibus

Objection shall be deemed unopposed, and the Proposed Order may be entered without a further

hearing.

**PLEASE TAKE FURTHER NOTICE** that, copies of all documents filed in these Title

III cases are available (a) free of charge by visiting https://cases.ra.kroll.com/puertorico or by

calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject

to the procedures and fees set forth therein.

Dated: May 19, 2022
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
Tel: (787) 751-6764
Fax: (787) 763-8260

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board for*
*Puerto Rico, as representative of the*
*Commonwealth of Puerto Rico*

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## ORDER GRANTING FOUR HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE

Upon the *Four Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which The Commonwealth Is Not Liable* [ECF No. 20490] (the "Four Hundred Thirty-Fifth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico ("Commonwealth"), dated April 1, 2022, for entry of an order disallowing in their certain claims filed against the Commonwealth, as more fully set forth in the Four Hundred Thirty-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Thirty-Fifth Omnibus Objection.

1

Fifth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Four Hundred Thirty-Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Four Hundred Thirty-Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; the claims identified in Exhibit A to the Four Hundred Thirty-Fifth Omnibus Objection (collectively, the "Claims to Be Disallowed") having been found to be claims for which the Commonwealth is not liable; and the Court having determined that the relief sought in the Four Hundred Thirty-Fifth Omnibus Objection is in the best interest of the Commonwealth and its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Four Hundred Thirty-Fifth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Four Hundred Thirty-Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that Kroll is authorized and directed to designate the Claims to Be Disallowed as expunged on the official claims register in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 20490 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

                                               _____

                                               Honorable Judge Laura Taylor Swain
                                               United States District Judge

## EXHIBIT A

**Schedule of Claims Subject to the Four Hundred Thirty-Fifth Omnibus Objection**

Case:17-03283-LTS Doc#:21065-1 Filed:05/26/22 Entered:05/31/22 13:33:23 Desc:
Exhibit Page 36 of 114

# Four Hundred Thirty-Fifth Omnibus Objection
## Exhibit A - Claims to Be Disallowed

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | DIAZ RAMIREZ, LUIS<br>RR 1 BOX 15057<br>MANATI, PR 00674 | 5/22/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 23026 | $ 3,458.00 |

Reason: Proof of claim purports to assert liabilities associated with unpaid unemployment benefits from the Department of Labor (DOL). The books and records of the DOL, however, show that the claimant was deemed ineligible in 2016 and, upon appeal within the DOL, the DOL confirmed the claimant's ineligibility. Claimant did not appeal this decision and the claim and/or supporting documentation do not provide any further basis for asserting liability against the Commonwealth or any other Title III Debtor.

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 2 | FELICIANO ROSADO, MAIRA I<br>CALLE ELENA SEGARRA<br>#154 SECTOR EL MANI<br>MAYAGUEZ, PR 00682 | 5/3/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 10547 | Undetermined* |

Reason: Proof of claim purports to assert liabilities associated the Commonwealth of Puerto Rico, but the claim and/or supporting documentation do not provide any basis for asserting liabilities against the Commonwealth of Puerto Rico or any other Title III Debtor.

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 3 | GOLDMAN SACHS BANK USA (F/K/A GOLDMAN SACHS CAPITAL MARKETS, L.P.)<br>NICK VAN DUSEN(GOLDMAN SACHS BANK USA)<br>200 WEST STREET<br>NEW YORK, NY 10282-2198 | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 44253 | $ 3,606,830.47* |

Reason: Proof of Claim and supporting documentation assert liabilities associated with an interest rate swap agreement between the claimant and COFINA. Pursuant to the Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation [ECF No. 5055] (the "COFINA Plan") and the Stipulation and Order with Respect to (A) Rejection of Swap Agreement Between Goldman Sachs Bank USA and Puerto Rico Sales Tax Financing Corporation, (B) Relief from Stay With Respect to Cash Collateral and (C) Allowance and Treatment of Claim [ECF No. 576, Case No. 17-3284], the claimant's agreement with COFINA was rejected and its claim against COFINA was treated pursuant to the COFINA Plan. Following confirmation of the COFINA Plan and approval of the settlement of the Commonwealth-COFINA Dispute, the claim and supporting documentation do not provide a basis for asserting liability against the Commonwealth of Puerto Rico.

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 4 | RODRÍGUEZ NÚÑEZ, JESSICA<br>PO BOX 361191<br>SAN JUAN, PR 00936-1191 | 5/29/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 28239 | $ 1,000.00* |

Reason: Proof of claim purports to assert liabilities associated with a Commonwealth program for reimbursing minor damage to vehicles caused by roads. The books and records of the office of Services to the Citizen within the Puerto Rico Department of Transportation and Public Works (DTOP) show, however, that the claimant did not properly execute and file a claim form within the required statutory period in order to be eligible for payment, and the period to file a claim has elapsed. The claim and supporting documentation do not provide any further basis for asserting liability against the Commonwealth or any other Title III Debtor.

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 5 | SANTIAGO MEDINA, MILDRED<br>18 HOLLY STREET<br>CARTERET, NJ 07008 | 5/29/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 25574 | $ 830.00 |

Reason: Claim to Be Disallowed purports to assert liability against the Commonwealth for commissions allegedly owed to claimant for the sale of insurance, but such liability would lie, if at all, with the claimant's employer, and not the Commonwealth.

| | | | | | TOTAL | $ 3,612,118.47* |
|---|---|---|---|---|---|---|

\* Indicates claim contains unliquidated and/or undetermined amounts

Formulario **480.7C**
Form
Rev. 08.21

GOBIERNO DE PUERTO RICO - GOVERNMENT OF PUERTO RICO
Departamento de Hacienda - Department of the Treasury
DECLARACIÓN INFORMATIVA - PLANES DE RETIRO Y ANUALIDADES
INFORMATIVE RETURN - RETIREMENT PLANS AND ANNUITIES

Número de Confirmación de Radicación Electrónica
Electronic Filing Confirmation Number
**F0060077056**

AÑO CONTRIBUTIVO:
TAXABLE YEAR: **2021**

☐ Enmendada - Amended: (_____)

Indique propósito - Indicate purpose
☐ Aportaciones / Contributions   ☒ Distribuciones / Distributions   ☐ Ambos / Both

**INFORMACIÓN DE PAGADOR - PAYER'S INFORMATION**

Núm. de Identificación Patronal - Employer Identification No.

Nombre - Name
ADMINISTRACIÓN SISTEMAS DE RETIRO

Dirección - Address
PO BOX 42003

SAN JUAN PR          00940-2003
Código Postal - Zip Code

Núm. de Teléfono - Telephone No.    Correo Electrónico - E-mail

**INFORMACIÓN DE QUIEN RECIBE EL PAGO - PAYEE'S INFORMATION**

Seleccione un encasillado - Select one box:
☒ Residente / Resident   ☐ No Residente Ciudadano de EU. / Nonresident U.S. Citizen   ☐ No Residente Extranjero / Nonresident Alien

Núm. de Identificación - Identification No.

Nombre - Name
MAIRA FELICIANO ROSADO

Dirección - Address

MAYAGUEZ PR 00682-6123
Código Postal - Zip Code

**INFORMACIÓN DEL PLAN - PLAN'S INFORMATION**

Núm. de Identificación Patronal - Employer Identification No.

Nombre del Plan - Name of Plan
ADMINISTRACIÓN SISTEMAS DE RETIRO

Nombre de quien auspicia el plan - Plan sponsor's name
ADMINISTRACIÓN SISTEMAS DE RETIRO

Fecha en que comenzó a recibir la pensión:
Date on which you started to receive the pension:
Día/Day **4**  Mes/Month **12**  Año/Year **2014**

Forma de Distribución: - Form of Distribution:
☐ Total / Lump Sum   ☐ Parcial / Partial   ☒ Pagos Periódicos / Periodic Payments

Tipo de Plan o Anualidad: - Plan or Annuity Type:
☒ Gubernamental / Governmental   ☐ Privado Calificado / Qualified Private   ☐ No Calificado / Non Qualified   ☐ Anualidad Fija / Fixed Annuity   ☐ Anualidad Variable / Variable Annuity

| Descripción - Description | Cantidad - Amount | | Descripción - Description | Cantidad - Amount |
|---|---|---|---|---|
| 1. Aportación Vía Transferencia / Rollover Contribution | 0.00 | | 16. Cantidad Distribuida / Amount Distributed | |
| 2. Distribución Vía Transferencia / Rollover Distribution | 0.00 | | 17. Cantidad Tributable / Taxable Amount | 5,905.68 |
| 3. Costo de la Pensión o Anualidad / Cost of Pension or Annuity | 26,390.77 | | | 5,605.68 |
| 4. Fondo de Retiro Gubernamental / Governmental Retirement Fund | 0.00 | | 18. Cantidad sobre la cual se Pagó por Adelantado bajo las Secciones 1023.21, 1081.01(b)(8) o 1012D(b)(5) - Amount over which a Prepayment was Made under Sections 1023.21, 1081.01(b)(8) or 1012D(b)(5) | 0.00 |
| 5. Contribución Retenida sobre Pagos Periódicos de Planes Calificados o Gubernamentales - Tax Withheld from Periodic Payments of Qualified or Governmental Plans | 0.00 | | 19. Aportaciones Voluntarias / After-Tax Contributions | 0.00 |
| 6. Contribución Retenida sobre una Distribución Total (20%) / Tax Withheld from Lump Sum Distributions (20%) | 0.00 | | 20. Ingresos Exentos / Exempt Income | 300.00 |
| 7. Contribución Retenida sobre una Distribución Total (10%) / Tax Withheld from Lump Sum Distributions (10%) | 0.00 | | 21. Distribuciones por Razón de un Desastre Declarado por el Gobernador de Puerto Rico - Distributions for Reason of a Disaster Declared by the Governor of Puerto Rico | |
| 8. Contribución Retenida sobre Distribuciones de Planes No Calificados - Tax Withheld from Distributions of Non Qualified Plans | 0.00 | | A. Exentas / Exempt | 0.00 |
| 9. Contribución Retenida sobre Otras Distribuciones de Planes Calificados (10%) - Tax Withheld from Other Distributions of Qualified Plans (10%) | 0.00 | | B. Tributables / Taxable | 0.00 |
| 10. Contribución Retenida sobre Anualidades / Tax Withheld from Annuities | | | C. Cantidad sobre la cual se Pagó por Adelantado / Amount over which a Prepayment was Made | 0.00 |
| 11. Contribución Retenida sobre Transferencia de un Plan Calificado a una Cuenta de Retiro Individual No Deducible - Tax Withheld from Rollover of a Qualified Plan to a Non Deductible Individual Retirement Account | 0.00 | | D. Aportaciones Voluntarias / After-Tax Contributions | 0.00 |
| 12. Contribución Retenida sobre Distribuciones del Programa de Cuentas de Ahorro para el Retiro (10%) / Tax Withheld from Distributions of the Retirement Savings Account Program (10%) | 0.00 | | E. Total (Sume líneas 21A a la 21D) / Total (Add lines 21A through 21D) | 0.00 |
| 13. Contribución Retenida sobre Transferencia del Programa de Cuentas de Ahorro para el Retiro a Cuenta de Retiro Individual No Deducible (10%) - Tax Withheld from Rollover of the Retirement Savings Account Program to a Non Deductible Individual Retirement Account (10%) | 0.00 | | 22. Contribución Retenida sobre Distribuciones por Razón de un Desastre Declarado por el Gobernador de Puerto Rico - Income Tax Withheld on Distributions for Reason of a Disaster Declared by the Governor of Puerto Rico | 0.00 |
| 14. Contribución Retenida sobre Distribuciones a No Residentes - Tax Withheld from Nonresident's Distributions | 0.00 | | 23. Código de Distribución / Distribution Code | A |
| 15. Contribución Retenida sobre Otras Distribuciones / Tax Withheld from Other Distributions | 0.00 | | Razones para el Cambio / Reasons for the Change | |

Número de Cuenta
Account Number

Número de Control
Control Number          **4355**

Número de Control de la Declaración Informativa Original
Control Number of Original Informative Return

FECHA DE RADICACIÓN: 28 DE FEBRERO o 30 DE NOVIEMBRE, SEGÚN APLIQUE. VEA INSTRUCCIONES - FILING DATE: FEBRUARY 28 OR NOVEMBER 30, AS APPLICABLE. SEE INSTRUCTIONS

ENVÍE ELECTRÓNICAMENTE AL DEPARTAMENTO DE HACIENDA. ENTREGUE DOS COPIAS A QUIEN RECIBE EL PAGO. CONSERVE COPIA PARA SUS RECORDS.
SEND TO DEPARTMENT OF THE TREASURY ELECTRONICALLY. DELIVER TWO COPIES TO PAYEE. KEEP COPY FOR YOUR RECORDS.

JUNTA DE RETIRO

36

**Gobierno de Puerto Rico**
592 - SISTEMA DE RETIRO MAESTRO-PENS

| | |
|---|---|
| Grupo de Pago: | SM -Quincenal |
| Desde: | 03/01/2022 |
| Hasta: | 03/15/2022 |

| | |
|---|---|
| Business Unit: PUERT | |
| Aviso #: | 9600835 |
| Fecha Aviso: | 03/14/2022 |

MAIRA I FELICIANO ROSADO
SECTOR EL MANI
•154 CALLE ELENA SEGARRA
MAYAGUEZ, PR  00682
SS:   XXX-XX-4877

| | |
|---|---|
| # Empleado: | XXXXX4877 |
| Dept: | 592180-INCAPACIDAD LEY 91 2004 |
| Lugar: | INCAPACIDAD LEY 91 2004 |
| Titulo: | Pensionado |
| Sueldo: | $467.14 Monthly |

| DATA IMP: | Federal | PR |
|---|---|---|
| Estado Civil: | Married | Married |
| Concesiones: | 0 | 39 +99 |
| Pct. Adcl.: | | |
| Cant. Adcl.: | | |

## HORAS E INGRESOS

| | | Corriente | | Acumulado | | IMPUESTOS | | |
|---|---|---|---|---|---|---|---|---|
| Descripcion | Sueldo | Horas | Ingresos | Horas | Ingresos | Descripcion | Corriente | Acumulado |
| Pago de Salarios Regulares | | | 233.57 | 390.00 | 1,167.85 | | | |
| Total: | | | 233.57 | 390.00 | 1,167.85 | Total: | 0.00 | 0.00 |

## DEDUCCIONES / DEDUCCIONES GENERALES / BENEFICIOS PATRONALES PAGADOS

| Descripcion | Corriente | Acumulado | Descripcion | Corriente | Acumulado | Descripcion | Corriente | Acumulado |
|---|---|---|---|---|---|---|---|---|
| | | | Garnishments | 134.28 | 671.40 | SM-Plan Medico ASES | 0.00 | 200.00 |
| | | | AE-Asoc Emp ELA-Prest Regular | 33.55 | 167.75 | | | |
| | | | Ahorros-AEELA | 7.01 | 35.05 | | | |
| Total: | 0.00 | 0.00 | Total: | 174.84 | 874.20 | * Tributable | | |

## TOTAL BRUTO / TOTAL IMPUESTOS / DEDUCCIONES TOTALES / PAGA NETA

| | TOTAL BRUTO | TOTAL IMPUESTOS | DEDUCCIONES TOTALES | PAGA NETA |
|---|---|---|---|---|
| Corriente: | 233.57 | 0.00 | 174.84 | 58.73 |
| Acumulado: | 1,167.85 | 0.00 | 874.20 | 293.65 |

## LIC. HORAS / VACUM

| | |
|---|---|
| Balance Inicial: | 0.0 |
| + Acumulado: | |
| - Utilizado: | |
| - Donada: | |
| + Ajustes: | |
| Balance Final: | 0.0 |

## DISTRIBUCION PAGA NETA

| | |
|---|---|
| Aviso #9600835 | 58.73 |
| Total: | 58.73 |

MENSAJE:

---

**Gobierno de Puerto Rico**
592 - SISTEMA DE RETIRO MAESTRO-PENS

Fecha
03/14/2022

Aviso No.
9600835

Cant. Desposito:     **$58.73**

A la
Cuenta(s) De

MAIRA I FELICIANO ROSADO
SECTOR EL MANI
154 CALLE ELENA SEGARRA
MAYAGUEZ, PR  00682

## DISTRIBUCION DE DEPOSITO DIRECTO

| Tipo de Cuenta | Numero de Cuenta | Cant. Deposito |
|---|---|---|
| Checking | | $58.73 |
| Total: | | $58.73 |

NO-NEGOCIABLE                    37

Rodríguez-García and his mother, Mrs. Marta García, the life of my son, my life, and the home of my parents have become "*a public fishbowl*," without a right of intimacy, due to the scrutiny and malicious persecution of the State, causing us successive and continued damages and profound mental anguish due to the derision, unjust and accusatory state general suspicion raised around our family, and the significant undermining of my religious leadership and professional image, creating discrimination due to social condition, *López v. E.L.A.*, 2005 T.S.P.R. 102; *Rosario v. Toyota*, 2005 T.S.P.R. 154; without legal grounds or due process of law or equal protection under the law, pursuant to the Fifth and Fourteenth Amendments. Hence, we pray: **REMOVE THE STATE FROM OUR LIVES! REMOVE THE PERSECUTING COURT FROM MY HOME! GIVE US BACK OUR LIVES, PLEASE!**

H)     That the names of all public officials of the Government of Puerto Rico against whom cause is found for intrinsic or extrinsic fraud on the court and/or for the commission of criminal offenses, be entered into the Registry of Corrupt Functionaries of the Commonwealth of Puerto Rico.

I)     By virtue of the new **Law 246**, amending Article 2.006 of Law 201 of 2003, **The 2003 Judiciary Act of the Commonwealth of Puerto Rico**, "*for the purposes of requiring that providing training on the subjects of child abuse and the protection of minors be an inherent part of the system of judicial education.*"[18] For which it is urgently requested that Judge Lynette Ortiz-Martínez, assigned to cases of family law, be trained in, "...*a matter of the highest public policy which has always concerned the legislator*," *Figueroa Hernández v. Del Rosario Cervoni*, 98 T.S.P.R. 158; regarding the

---

[18] Introduction to **Law Number 246** of December 16, 2011, known as the "*Law for the Safety, Well-being and Protection of Minors*," amended; repealing Law 177 of 2003, known as the conocida como la "*Comprehensive Law for the Well-being and Protection of Children.*"

seriousness and significance of the damages caused to a minor, such as my son, who she took from me since he was seven (7) years old, at a critical moment in the development and formation of his character, by tearing him from the arms of his mother in an unreasonable, arbitrary and capricious manner, and without legal grounds.

J) My eight (8) year old minor son, L.A.R.F., and I, Maira I. Feliciano-Rosado, seek protection in the just and human intention of the law to provide indemnization for damages caused to persons by means of sufficient and effective compensation, *Rojas v. Maldonado*, 68 D.P.R. 818 (1948); *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975); *S.L.G. Rodríguez v. Nationwide*, 156 D.P.R. 614, 622 (2002). That the amounts awarded be adjusted by price levels as well as cost of living, *Benet v. Hernández*, 22 D.P.R. 494 (1915); *Rivera v. Martínez*, 26 D.P.R. 760 (1918); *Franco v. Martínez*, 29 D.P.R. 237 (1921); in a *novel case* such as this one, where there exists no specific precedent, *Ruiz Cabán v. Aguadilla Community Hospital Corporation*, Rev. 90-47; *De León v. Hospital Universitario de Puerto Rico*, 2008 T.S.P.R. 128; *Tanco v. Pepsi Cola de Puerto Rico*, (2000); *De León López v. Corporation Insular de Seguros*, 931 F. 3d 116 (1991); and which "*shocks the conscience*" of the common and decent citizen; causing us the following damages:

(1) For "*reckless and callous indifference*" by the System of Government of the Commonwealth of Puerto Rico through its government agencies and judicial forums of oversight in light of the abuse of power by Judge Ortiz and institutional mistreatment of the minor, pursuant to **Law 246**; "*...a matter of the highest public policy that has always concerned the legislator,*" *Figueroa Hernández v. del Rosario Cervoni*, 98 T.S.P.R. 158; leaving victims of domestic violence unprotected and in a state of defenselessness, in violation of the "**Violence**

CERTIFIED TRANSLATION

Page 190

**Against Women Act**," 42 U.S.C. §13701; and contributing to the impunity and dictatorial immunity of Judge Lynette Ortíz-Martínez and the abuse of power of the Mayagüez Court; without launching a serious and impartial supporting investigation. This being, then, adequate cause of the damages to plaintiffs, *Leyva v. Aristud, supra*; 42 U.S.C.S. sec. 1983. 70 ALR Fed. 17; *Seibring v. Parcell's Inc.*, 178 Ill. App. 3d 62, 532 N.E. 2d 1335 (1988); *Canton v. Harris*, 489 U.S. 378; 103 L. Ed. 2d 412 (1989); *Mary M. v. Los Angeles*, 285 Cal. Rptr. 99, 814 P.2d 1341 (1991); the chain of causality that began with the negligent omission of the supervisor responsible for overseeing or guaranteeing compliance with the law. Each government agency or forum of oversight acted contrary to the cardinal constitutional principle of working "*for*" the people and violating the spirit of the law that inspired the **Doctrine of Separation of Powers**; in violation of our right of intimacy, liberty, property and other Civil Rights according to the appropriate degree of responsibility and negligence of its jurisdiction and ministerial duty. Causing us punitive damages valued at $ $60,000.00 ; causing suffering, despair, and mental anguish valued at $ $80,000.00 ; and successive and continuing damages, valued at $ $100,000.00 . By virtue of the actions of "*reckless and callous indifference*" of Chief Justice of the Puerto Rico Supreme Court, the **Honorable Federico Hernández-Denton**; the **Honorable Sonia Ivette Vélez**, Director of the O.A.T.; the **Honorable Guillermo Somoza-Colombani**, Puerto Rico Secretary of Justice; **Attorney Tomas Rivera-Schatz**, former President of the Senate; **Attorney Wanda Vázquez**, Ombudswoman for Women; to whom we timely appealed and who did nothing, leaving us in the hands of the arbitrary and persecuting spirit of Judge Lynette Ortíz-Martínez.

40

CERTIFIED TRANSLATION

Page 191

(2)   For **moral damages**, *Sagardía de Jesús v. Hospital Auxilio Mutuo*, 2009 T.S.P.R. 173; for the *"feeling of loss"* that the Mayagüez Court has caused to my son, L.A.R.F., valued at $ $2,000,000.00   ; by virtue of the **objective loss of suffering despair and the false belief of maternal abandonment**, gradually forging in the minor a sense of loss simliar to the loss caused by death; causing him mental anguish valued at $ $135,000.00   . As a result of the unjust and illegal separation from the company, security, affection, protection, special and irreplaceable attention of his mother; without legal reason, *In re G.S.R.*, Cal. App. Second Div. B19700 (January 8, 2008)**; diminishing his potential qualify of life,** *Bois v. U.S.*, 747 F. Supp. 109 (1990)**;** *Kennedy v. U.S.*, 750 F. Supp. 206 (1990), *Rodríguez v. A.A.A.*, 98 D.P.R. 872 (1970). Causing him moral and pecuniary damages of irreversible consequences, as this assumed fact generates trauma rooted in *"fear of the mother figure,"* damages valued at $ $83,000.00   ; with the prejudicial effect of continuing damages valued at $ $65,000.00   ; regardless of whether or not the minor is currently *"aware of it,"* *Infante v. Leith*, 85 D.P.R. 26 (1962); *Koepp v. Sealand Services, Inc.*, 645 S.O. 2d. 1269 (1994); *Physical Impairment as a Separate Element of Damages*, 30 So. Texas L. Rev. 397 (1988); *McGee v. A & C and S, Inc.*, 933 S.O.2d 770 (2006). By virtue of a null sentence and the personal vendetta and bias of Judge Lynette Ortiz-Martínez for having reported her abuse of power to the **O.A.T.**

(3)   For **mental pain and suffering**, *Fitzpatrick v. U.S.*, 74 F. Supp. 1023 (1991); *Capelouto v. Kaiser Foundation Hospital*, 500 P.2d 880 (1972); (and cases cited therein); caused to the minor, valued at $ $45,000.00   ; for

**successive damages**, valued at $ | $70,000.00 | , by virtue of the changes

ordered to his lifestyle and education in an "*unreasonable, arbitrary and*

*capricious*" manner, ***Rodríguez Rodríguez v. E.L.A.***, 130 D.P.R. 562 (1992); by

the Mayagüez Court since December 14, 2011, such as: (a) an abrupt change of

school and (b) a change of residence from the home of his mother to that of his

father. When, presumably, what had been awarded was provisional custody to Mr.

Aníbal Rodríguez, while I was incarcerated. It offends the senses!, that Judge

Lynette Ortiz, as another method of oppression for having reported her to the

**O.A.T.**, ordered, by means of a resolution dated December 14, 2011, changes that

from the outset had aspects that seemed to be permanent; additional evidence of

her "*ultra vires*," biased, and "*extra legem*" actions. Hence, my parents were also

ordered to turn over all of the clothing, medications, school materials, uniforms and

notebooks of the minor. In such manner that minor L.A.R.F., being a victim of the

vendetta of Judge Ortiz-Martínez against his mother, at the young age of eight (8),

on the day of that very birthday, has had to suffer other foreseeable and shocking

successive damages, such as: (1) a violent change of the maternal figure without

legal reason; (2) changes to his daily routine of school, homework and special

assignments; (3) changes in the discipline for doing tasks in the home,

participating in simple activities for his personal enrichment and consistent

discipline during a stage when the minor is most impressionable to having his

character shaped or ruined for life; (4) change of a disciplinary structrure based on

*Sacred Scripture*, (5) change in the quality of medical services with private

specialists and (6) interruption of specialized pharmacological treatment with a

private psychiatrist; (7) attendance to the C.O.M.P.U. for renewal of the

Individualized Program for the Minor [P.E.I., *by its acronym in Spanish*], and follow-up with those in charge of the Special Education Program of the Department of Education; (8) attendance to therapy and medical appointments, (9) regular attendance to the Seventh Day Adventist Church, and (10) for undermining my opportunity to raise him in a Christian and morally upright environment; even at the early age of seven (7), whether or not he is aware of it, *Infante v. Leith*, 85 D.P.R. 26 (1962); *Koepp v. Sealand Services, Inc.*, 645 S.O. 2d 1269 (1994); *Physical Impairment as a Separate Element of Damages*, 30 So. Texas L. Rev. 397 (1988). *McGee v. A & C and S, Inc.*, 933 S.O. 2d 770 (2006).

(4)     For not being able to spend time, or see, his mother freely and in a familiar environment, *Board of Regents v. Roth*, *supra*; by orders from Judge Ortiz-Martínez, by virtue of a null sentence; and by limiting maternal relations and visitation rights to closed circuit visits, without legal reason, since I was released from jail, in an "*unreasonable, arbitrary and capricious*" manner. Depriving the minor of his inalienable right to spontaneously enjoy the care, upbringing, and irreplaceable love of his mother, which substantially undermines his **Constitutional Right to Life**, *Soto Cabral v. E.L.A.*, 138 D.P.R. 298 (1995); to **Liberty**, and his **Right of Intimacy**; valued at $ $46,000.00 ; and punitive damages valued at $ $83,000.00 ; for the violation of his civil rights.

(5)     For **successive damages**, *Hernández v. Matanzo*, 34 D.P.R. 755 (1925); *The Powerlite of Puerto Rico v. CRUV*, 115 D.P.R. 654 (1984); *Velázquez Lozada v. Ponce Asphalt, Inc.*, 113 D.P.R. 39, 48 (1982); *Betances v. Autoridad de Transporte*, 73 D.P.R. 223, 225 (1952); caused to the minor L.A.R.F., valued at $ 259,000.00 ; and mental anguish valued at

CERTIFIED TRANSLATION                                        Page 194

$ $138,000.00 ; from having his innocent illusions frustrated, since December 14, 2011, when he was torn, without legal reason, from the arms of this mother, as my son was waiting to celebrate his birthday when he got out of school, with his mother, his grandparents, and friends from the neighborhood. For which reason, at 7:30 a.m., as he was leaving the home with his grandfather, on his way to school at the El Maní Elementary School in Mayagüez; the minor was saying to the neighbors: *Today is my birthday! Sing me happy birthday! My mother is going to celebrate my birthday when I get out of school."* To this day, the minor has never returned to our home.

(6)   **For the objective loss of the capacity to enjoy life,**[19] of my son L.A.R.F., which is independent of other **moral damages,** *Gutierrez Rodríguez v. Cartagena*, 882 F.2d 553, 580 (1989); *Harving v. Crowley Towing & Transport*, 24 F.3d 1480, 1485 (1994); as it is one of the most individual natural and constitutional rights, in its corollary right to the pursuit of happiness, *Board of Regents v. Roth, supra*; valued at $ $73,000.00 ; from the moment that the Mayagüez Court separated him without legal reason, *In re G.S.R.*, Cal. App. Second Div. B19700 (January 8, 2008); cruelly and unjustly, from his mother and grandparents who have helped me with his upbringing. Causing mental anguish to the minor, valued at $ $35,000.00 ; for suffering caused by not being in the care of his mother and grandparents, who have helped me raise him since birth; whether or not he is aware of it, *Infante v. Leith*, 85 D.P.R. 26 (1962); *Koepp v. Sealand Services, Inc., supra*; *Physical Impairment as a Separate Element of Damages, supra*; *McGee v. A & C and S, Inc., supra*.

---

[19] Capalli, Richard B., *Tort Damages in Puerto Rico*, 46 Rev. Jur. U.P.R. 241, 271 (1977).

44

(7)   For **continuing damages** (*damnum emergens*) valued at $ 120,000.000 ; caused to a minor with special limitations, by virtue of the **institutional mistreatment** pursuant to **Law 246** of December 16, 2011, the "***Law for the Safety, Well-being and Protection of Minors***," of my son L.A.R.F. by the Mayagüez Court, at the Office of the **Social Unit for Family and Minors**, by "*unreasonably, arbitrarily, and capriciously*," ***Rodríguez v. E.L.A.***, *supra*; confining us to restricted, supervised and recorded visitation, only one (1) day per week; under excessive and continuous observation, ***Porrata v. The Wackenhut Corp.*** 88 D.C.O. 003; <u>with two bailiffs:</u> one at the door and another in the waiting room. In this way, the Mayagüez Court trampled our rights as mother and son to the enjoyment of each other's company. In the alternative, that the minor sleep at our home on alternating nights; without legal grounds, ***Lassiter v. Department of Social Service***, *supra*. Despite the fact that the minor would throw himself on the floor, shouting, crying and begging to be allowed to go home with his mother and grandparents, and that the bailiffs ended up ordering me to leave through the stairway of the Court below, because my son would grab onto my waist and wouldn't let go of me, or would stand at the elevator door to make sure I didn't leave without him. Ignoring, the Mayagüez Court, the mental anguish that it was causing the boy. (There are recordings of the voice of the minor during these supervised visitations, questioning why they would not allow him to return home). In this inhumane and insensitive manner, further dramatizing the state of impotence and defenselessness in which the Mayagüez Court had placed us both, through its despicable conspiracy, it caused **mental anguish to the minor**, valued at $ 96,341.00 ; for the emotional instability, apprehension and feelings of

45

being cornered caused by **keeping us under constant vigilance**, *Porrata v. The Wackenhut Corp.*, *supra*; without legal grounds; in violation of our **Right to Freedom**, *Board of Regents v. Roth*, *supra*; and **Right of Intimacy**, *Lasso v. Iglesia Pentecostal La Nueva Jerusalem*, 129 D.P.R. 284 (1991), successive damages valued at $ $160,000.00 ; and punitive damages for violation of the civil rights of the minor valued at $ $145,000.00 .

(8)     The **institutional mistreatment of the minor**, pursuant to **Law 246**, *supra*; by the Mayagüez Court, in turn, has caused me, as a mother, suffering, despair, anxiety, bouts of depression, a pattern of tragic nightmares of death and persecution in different places, with mental anguish for the time irretrievably lost in the upbringing of the minor and fear that he will be returned to me with bruises, lesions, scars or serious illnesses. The unique and profound pain for the illegal loss of the custody of the minor, *Santosky v. Kramer*, *supra*; and the abusive, "*unreasonable, arbitrary and capricious*," *Rodríguez Rodríguez v. E.L.A.*, 130 D.P.R. 562 (1992); restriction of maternal visitation, without legal reason, *In re G.S.R.*, Cal. App. Second Div. B19700 (January 8, 2008); together represent an experience that most people cannot understand, generating many accusatory comments and discriminatory behaviors that have taken away my *enjoyment of life vida*; valued at $ $1,225,000.000 . For the way in which my family and I have been criticized, accused, humiliated, and kept in an insensitive state of suspicion and mistrust, plots that have entailed further mental anguish; valued at $ $250,000.00 ; and successive and continuing damages valued at $ $160,000.00 for dishonor and harm to the reputation of our family.

(9)     In addition to being **ilegally and unjustly deprived of the love**,

46

CERTIFIED TRANSLATION

affection, and company, *Rodríguez v. A.A.A.*, 98 D.P.R. 872 (1970); of the minor at a critical stage in his development, making me lose irreversible time as a mother for the formation of his character, education and upbringing. Given that the minor already had significant developmental delays stemming from his handicap of **severe Attention Deficit and Hyperactivity**; for which reason he was rejected by several private schools. The time that Judge Lynette Ortiz-Martínez has made me lose through her personal vendetta is irreversible, and we quote as pertinent:

"...*The whole future life of Moses, the great mission which he fulfilled as the leader of Israel, testifies to the importance of the work of the Christian mother. There is no other work that can equal this. **To a very great extent the mother holds in her own hands the destiny of her children. She is dealing with developing minds and characters, working not alone for time, but for eternity.** She has not to paint a form of beauty upon canvas or to chisel it from marble, but to impress upon a human soul the image of the divine (of God). <u>Especially during their early years the responsibility rests upon her of forming the character of her children. The impressions now made upon their developing minds will remain with them all through life... Let every mother feel that her moments are priceless; her work will be tested in the solemn day of accounts.</u> Then it will be found that **many of the failures and crimes of men and women** have resulted from the ignorance and neglect of those whose duty it was to guide their childish feet in the right way. Then it will be found that **many who have blessed the world with the light of genius and truth and holiness,** owe the principles that were the mainspring of their influence and success to **a praying, Christian mother,**" **Patriarchs and Prophets**, Elena White, p. 244.*

Causing me continuing damages valued at $| $500.989.00 |; and punitive damages valued at $ | $357,000.00 |.

(10)   For physically releasing me but keeping me emotionally incarcerated without returning my son immediately, without legal reason, as an "*ad finitum*" punishment, **a cruel and unusual punishment forbidden by the Eighth Amendment,** *Harmelin v. Michigan*, 111 S. Ct. 2680 (1991); *Solem v. Helm*, 103 S. Ct. 3001 (1983); *Amy Angulo v. Deporte Hípico*, *supra*; for personal

47

CERTIFIED TRANSLATION

discrimination and discrimination for social condition, for being a lawyer that Judge Lynette Ortiz-Martínez had to humiliate and drown her spirit of deunciation, struggle and indignation in the face of her **habitual abuse of power**. Instead of correcting, honestly and with calm judicial temperament, the multiple errors and defects warranting annulment of her sentence of September 7, 2011; she instead chose to victimize a lawyer who is above all a decent working class mother, with spite and malice. A mother who, after being unjustly and illegally deprived of her freedom, has continued to be cornered and persecuted at the Mayagüez Court, by virtue of a null sentence, *González v. Mayagüez Resort & Casino*, supra; *Carattini v. Collazo Syst. Analysis, Inc.*, supra; *Vázquez v. A.R.P.E.*, supra; *Davis v. Davis*, supra; *Tartak v. Tribl. de Distrito*, supra; *Pennoyer v. Neff*, supra; at risk of being incarcerated once again, through malicious persecution, causing me damages valued at $ ‎ $173,000.00 , *García Colón v. Vélez*, RE-87-224; *Donneal Boschette V. Bach*, Civil 93-1528 (JP), (February 2, 1996); *Marso v. De Bertalo*, Civil 93-1797 (JP), (January 18, 1996); *Bonilla v. Trebol Motors*, Civil 92-1795 (JP), (December 19, 1995); *Saville v. Roberts* (1698), 91 English Repartos 1147; *González y Otro v. Quiles y Otro*, KLAN9-7-00911; *Pereira v. Hernández*, supra; *Paris v. Ruiz*; mental anguish valued at $ $197,890.00 and punitive damages valued at $ $389,934.00 .

(11)   For **mental anguish** caused to my son, *Capelouto v. Kaiser Foundation Hospital*, 500 P. 2d 880 (1972), (and cases cited therein); valued at $ $274,000.00 ; by **Mr. Aníbal Rodríguez-García** and **Mrs. Gisella L/N/U**, both professional educators in Special Education, for *the objective loss of the company* and affection of his mother, *Rodríguez v. A.A.A.*, 98 D.P.R. 872 (1970);

valued at $ $140,000.00 ; by not allowing this minor with special handicaps to communicate with me by telephone freely and spontaneous, during this entire year. Despite the fact that the child already knows how to handle a cell phone on his own, as he is already eight (8) years old. Both of these professionals in Special Education have subjected the minor to violently dramatic emotional abuse because of his condition of severe Attention Deficit and Hyperactivity, for which reason he is more vulnerable and impressionable than other children his age. Creating the conditions for the minor to believe that he had been abandoned by his mother. Causing the minor continuing damages valued at $ $289,000.00 .

Additionally **causing his loss of happiness**, *Cintrón Adorno v. Gómez*, 147 D.P.R. 576, 589 (1999); *McDougald v. Garber*, 536 N.E. 2d 372 (N.Y. 1989); valued at $ $293,000.00 ; whether or not he is aware of it, *Infante v. Leith*, 85 D.P.R. 26 (1962); *Koepp v. Sealand Services, Inc.*, *supra*; *Physical Impairment as a Separate Element of Damages*, *supra*; *McGee v. A & C and S, Inc.*, *supra*; and independently of other **moral damages**, *Gutierrez Rodriguez v. Cartagena*, 882 F.2d. 553, 580 (1989); *Harving v. Crowley Towing & Transport*, 24 F.3d. 1480, 1485 (1994); caused to the minor; and punitive damages for the violation of the civil rights of the minor, valued at $ $385,000.00 . Amounts to be paid jointly and severally.

(12)   For **Mr. Anibal Rodríguez-García** and **Mrs. Gisella L/N/U**, both professionals in human behavior, not having allowed the minor to freely communicate, by telephone, with his octogenarian **maternal grandparents**, Mr. Juan B. Feliciano-Rivera and Mrs. Paula Antonia Rosado-Rodríguez, who have cared for him since birth, and whose life expectancy is decreased because of their

age; at this stage in their lives. Cutting off their conversation, violently and cruelly, on two (2) occasions, as soon as minor L.A.R.F., innocently revealed their terrorist identities, calling them by their names: "*Gishe'l'la*". Both behavioral professionals subjected my parents to profound mental anguish valued at $ $173,050.00 . My mother cried as a result of every failed attempt at communication with her grandson. Amounts to be paid jointly and severally.

(13) **Mr. Aníbal Rodríguez-García** has tensely maintained unilateral control of parental relations. In a sadistic and coldly calculated manner he has enjoyed the damage and humiliation he has caused me through his **malicious persecution** with false and unacceptable accusations, offered since the year 2007 to social agencies, the police, the F.D.E.M.H. Law School, the Mayagüez Court, the minor's teachers, specialists and therapists, the members of the Adventist congregation, etc. In this manner, Mr. Aníbal Rodríguez-García has kept me in a practically endless and inescapable cycle of domestic violence, through malicious persecution, causing me profound mental anguish valued at $ 120,000.00 and moral damage to my reputation valued at $ 259,000.00 .

(14) For Mr. Aníbal Rodríguez-García, through diverse and unexpected actions, having used the minor as merchandise to free himself from the payment of child support, **exploitng him emotionally an psychologically**, by manipulating his affection and loyalties and turning him against his own mother, an irreplaceable figure in the life of the child, causing mental anguish due to instability and emotional uncertainty, valued at $ $92,959.00 . For using the court to harass and victimize me with the purpose of making me an unfit mother for custody of the minor and leave me with the responsibility of paying child support. Which is

contrary to the admonishment of the Puerto Rico Supreme Court regarding the value of the life of a child, to wit: "*Within the hierarchy of moral values, human life is considered a more important right and the loss of human life is the loss of a legal right of higher importance. For said reasons, human life cannot be considered a financial burden,*" **Soto Cabral v. E.L.A., et al.**, 138 D.P.R. 298 (1995). Dispossessing us of our right to property and liberty, without due process of law, valued at $ 390,000.00 ; through fraud, "*mens rea*" and ruse, to free himself from the payment of child support, which he could not have achieved otherwise. Causing us damages by undermining our intimacy, liberty and property, valued at $ $138,000.34 .

(15)   For the Mayagüez Court causing the **undermining the future earning potential of minor L.A.R.F.,** **Brandao v. Wal-mart, Inc.,** 803 So.2d 1039 (2001); valued at $ $1,159,000.00 ; who belongs to the **Special Education Program of the Department of Education,** and is protected by special legislation for this population, by placing him at a disadvantage of suffering irreversible and irreparable emotional and psychological trauma by violating his inalienable right, **García v. E.L.A.,** *supra*; to be with his mother during a critical stage of his development. Creating yet another handicap for minor L.A.R.F., **Font v. Viking Construction, Corp.**, 58 D.P.R. 689 (1941); **Muñoz v. The New York and Porto Rico Steamship, Co.**, 72 D.P.R. 582 (1951); **Morales Muñoz v. Castro**, 85 D.P.R. 288 (1962); **Concepción Guzmán v. A.F.F.**, 92 D.P.R. 488 (1965); with moral damages for pain and suffering valued at $ $200,550.00 . Also, for the Mayagüez Court limiting, with bias, the guarantees provided to my son by said special legislation in the sense of changing schools because of his special

CERTIFIED TRANSLATION                                              Page 202

limitation, *"No Child Left Behind,"* and reasonable acommodation to optimize the conditions favorable to his development, which has the effect of discrimination due to social condition, triggering **Civil Rights Section 1983**, *Bonilla v. Chardón*, *supra*; *Rivera v E.L.A.*, 121 D.P.R. 582 (1988), damages valued at $ $289,000.00 . Causing him punitive damages for violation of his civil rights, valued at $ $250,000.00 .

(16)   For **continuing damages**, *Wycko v. Gnodtke*, 105 N.W. 2d 118 (1960); caused to me, as a mother, by **illegally depriving me of the custody of my son**, for one year, valued at $ $3,799.000.00 , who Judge Lynette Ortiz-Martínez has taken hostage for having reported her to the O.A.T. for abuse of power, an atypical, unprecedented case, *Ruiz Cabán v. Aguadilla Community Hospital Corporation*, *supra*; *De León v. Hospital Universitario de Puerto Rico*, *supra*; *Tanco v. Pepsi Cola de Puerto Rico*, *supra*; *De León López v. Corporation Insular de Seguros*, *supra*; since December 14, 2011 and until the present; for not having been able to see him since February 6, 2012, by virtue of an order of protection issued against me on February 13, 2012 for having recorded a video of my son, on the grounds of the Mayagüez Court; as part of the malicious persecution of the court below and its attack on my freedom of expression. My defenseless son is being kept from his mother as *"spoils of war,"* when the Puerto Rico Supreme Court has stated that *"human life is a legal right, an economic value like any other, deserving protection more than any other, a social capital destined to be a future source of benefits, especially in homes with modest resources, and parents, in losing their children, suffer the loss of the expenses and sacrifices, financially translatable, that they have incurred to sustain life, as well as the*

justified hope of protection or support in their old age," ***Traviso v. Del Toro y Travieso***, 74 D.P.R. 1009 (1953). Hence, we petition for repair for real **continuing damage**, valued at $390,000.00 ___, caused to me and our family, by depriving me of the custody of my son, without legal reason, ***In re G.S.R.***, Cal. App. Second Div. B19700 (January 8, 2008); consisting of the financial investment of time and money that I, as a mother, and my parents, have made in his upbringing, education and health since gestation and until the day he was unjustly taken from me.

(17)   For ordering my unjust and illegal incarceration, by virtue of a null sentence, ***González v. Mayagüez Resort & Casino***, 176 D.P.R.__, (2009); ***Carattini v. Collazo Syst. Analysis, Inc.,*** 158 D.P.R. 345, 355 (2003); ***Vázquez v. A.R.P.E.,*** 128 D.P.R. 513, 537 (1991); ***Davis v. Davis***, 9 Ill. App. 3d 922, 929, 293 N.E. 2d 399, 405 (1973); ***Tartak v. Trib. de Distrito***, 74 D.P.R. 862, 870 (1953); ***Pennoyer v. Neff***, 95 U.S. 714 (1878); depriving me of my right to liberty and property without due process of law, ***Board of Regents v. Roth***, *supra*. An irreversible and irreparable moral and pecuniary damage, that entails the deprivation of other rights and continuing and successive damages, valued at $ 2,390,000.00 . Also, for causing me profound mental anguish valued at $ 92,000.00 ; due to illegal and unjust confinement. The leg shackles created lesions on my ankles because they did not have socks for me at the jail. And, as part of the regulations of the Vega Alta Jail for Women, inmates are not allowed to make telephone calls until after they have been confined for one (1) month, and not before. Hence, when I was released into the community, I felt abandoned, forsaken, and alone. I didn't know who to call because I did not have

my cell phone directory with me, or identification, or money. I did not have the right to make telephone calls, and there was no public phone available outside of the jail. So I experienced the despair, hopelessness and uncertainty of being released from jail without knowing what I was going to do because I had nobody waiting for me outside. At the time, I had just gotten out of jail and nobody would help me because the community surrounding the jail is suspicious of that population. Also, at the hearing on my release, on December 21, 2011; I only saw my father through the glass because he was in the waiting room, crying disconsolately because of the impact of seeing me, for the first time, in leg shackles, handcuffs, and dressed in a prison uniform. I was not allowed to speak to him. The Mayagüez Court has made me and my entire family go through this dehumanizing suffering, sin ithout legal grounds, based on a fabricated case of contempt and by virtue of a null sentence, *González v. Mayagüez Resort & Casino*, supra; *Carattini v. Collazo Syst. Analysis, Inc.*, supra; *Vázquez v. A.R.P.E.*, supra; *Davis v. Davis*, supra; *Tartak v. Trib. de Distrito*, supra; *Pennoyer v. Neff*, supra. Causing me punitive damages for the intentional and malicious violation of my civil rights, valued at $ $199,000.00 .

(18)    For the profound mental anguish caused to my parents, valued at $ $288,000.00    by the anxiety and uncertainty they felt for fear that something would happen to me while I was incarcerated, because of the myths surrounding the prison environment, the shame and lack of understanding by the public, and because we had no communication, since the 14th, when I was incarcerated, until December 23, 2011; when I arrived at my parents house in Mayagüez in a taxicab, that charged them $175.00 (one hundred and seventy-five

dollars); because I was afraid that if I travelled on the less expensive Línea Sultana, the other former inmates who travelled with me on the same route, would know where my parents lived and place them at risk.

(19)  For ordering my incarceration once again, in an "*unreasonable, arbitrary and capricious*" manner, **Rodríguez Rodríguez**, v. E.L.A., 130 D.P.R. 562 (1992); for two (2) additional days, after having issued a Writ of Release from Prison, since December 21, 2011, increasing my suffering and **mental anguish**, valued at $ ⟨ $350,000.00 ⟩ ; for the fear of being in such a dangerous place and with a peculiarly heterogeneous population. Causing me punitive damages resulting from the intentional and malicious violation of my civil rights, valued at $ ⟨ $370,000.00 ⟩ .

(20)  For Judge Lynette Ortiz-Martínez **threatening**, pursuant to **Article 188 of the 2004 Penal Code**, *supra*; arbitrarily playing with my freedom, to "*convert every $25.00 that you don't pay into one day in jail*," at the highest-risk Penal Institution for Women in Puerto Rico, if I didn't pay a $500.00 fine to the Clara Lair Program of the Mayagüez Court, increasing my suffering and mental anguish, valued at $ ⟨ 82,000.00 ⟩ , for fear of being incarcerated once again if I could not get the money, since my parents and brother had already paid the attorney's fees for my release from prison, the feeling of apprehension and paranoia of being persecuted and arrested; without legal grounds, at any moment. As another method of oppression and by virtue of a null and unending sentence, and as cruel and unusual punishment; in the fase of the manifest abuse of power of Judge Lynette Ortiz-Martínez; playing with my freedom, without due process of law. Putting at risk my liberty, by virtue of her bias and discrimination against me

CERTIFIED TRANSLATION

due to social condition, in violation of due process of law and equal protection under the law, **Fourteenth Amendment**; and based on a null judicial proceeding, **Ríos v. Municipio de Isabela**, 2003 T.S.P.R. 122. Causing me punitive damages valued at $ $279,000.00 .

(21) For moral damages due to suffering and physical and mental anguish, **Sagardía de Jesús v. Hospital Auxilio Mutuo**, 2009 T.S.P.R. 173; **Powers v. U.S.**, 589 F. Supp. 1084; 1106 (1984); valued at $ $770,000.00 by virtue of the **emotional post-trauma** suffered by a decent, morally correct, and Christian person such as myself, after living through the dehumanizing and emotionally overwhelming experience of going to jail, being unjustly deprived of my liberty, **Board of Regents v. Roth**, supra. A **moral damage**, with **continuing and successive damages**, **Santiago v. Ríos Alonso**, 156 D.P.R. 181 (2002); valued at $ $179,000.00 ; which I continue to suffer today as I reintegrate myself into the free community, where I used to be admired, but have now been made a victim of attacks on my freedom and intimacy, **Board of Regents v. Roth**, supra. Producing physical injuries, such as: difficulty falling asleep, a pattern of nightmares, back pain, and which has aggravated my hair loss, together with the psychological injuries than translate into: fear, uneasiness, hopelessness, anxiety, paranoia of being followed, feelings of humiliation and shame, apprehension, depression, confusion, social isolation. For moral damage to my reputation valued at $ $189,998.00 and the undermining of my intrapersonal and intrafamiliar sensitivity, problems with personal strength and professional growth, by virtue of the judgment, disbelief, illegitimate guilt, attitudes of rejection, hostile and condemnatory words, accusing silence, discriminatory behaviors and loss of the

56

CERTIFIED TRANSLATION

trust of the religious group where I grew up; which effects may last indefinitely, *Elba A.B.M. v. U.P.R. et al.*, 125 D.P.R. 294 (1990); *Colombani v. Gob. Municipal, supra*. Injuring the dignity, integrity and honor I enjoyed before going to jail, with relatives, neighbors, at work and at church. Nevertheless, this external objective loss of high opinion and esteem, *Sociedad de Gananciales v. El Vocero*, 135 D.P.R. 122 (1994); has caused suffering and mental anguish, to me and my parents, valued at $ $235,000.00    . For damages that go beyond passing sadness, as they substantially affect the quality of my life, health, well-being and pursuit of happiness, *Board of Regents v. Roth, supra; Moa v. E.L.A.*, 100 D.P.R. 573 (1972); and enjoyment of life.

(22)   For damages caused by the **malicious persecution** of Judge Lynette Ortiz-Martínez, valued at $ $169,000.00    ; by virtue of "*unreasonable, arbitrary and capricious*" orders, *Rodríguez Rodríguez*, v. E.L.A., *supra*; a null sentence issued in absence of jurisdiction since September 7, 2011; through a scheme worthy of organized crime, **Racketeering Act of the Commonwealth of Puerto Rico**, 25 L.P.R.A. § 971 *et seq.*; and the *Racketeer Influenced and Corruption Organizations Act*, 18 U.S.C. § 1961 *et seq.*

(23)   For depriving us of our **Right to Liberty and Property**, *Board of Regents v. Roth, supra*; to petition the appellate forums for review of the judgment of September 7, 2011, valued at $ $2,292,550.00    . Through a sophisticated scheme that includes: **falsifying documents**, prohibited by **Article 218** of the 2004 Penal Code, *supra*; **ideological falsehood**, prohibited by **Article 219** of the 2004 Penal Code, *supra*; **destruction of evidence**, prohibited by **Article 291** of the 2004 Penal Code, *supra*; and **backdating** legal documents, prohibited by

CERTIFIED TRANSLATION

Page 208

**Article 292** of the 2004 Penal Code, *supra*; **illegal use of public works or services**, prohibited by **Article 255** of the 2004 Penal Code, *supra*; **undue intervention in government operations**, prohibited by **Article 257** of the 2004 Penal Code, *supra*; **undue influences**, prohibited by **Article 264** of the 2004 Penal Code, *supra*; **fraud**, prohibited by **Article 210** of the 2004 Penal Code, *supra*; **undue influence in adjudication**, prohibited by **Article 297** of the 2004 Penal Code, *supra*; **entrapment**, prohibited by **Article 31** of the 2004 Penal Code, *supra*; **intrinsic fraud** *by* **the court,** *Pardo Stella v. Stella Royo*, 145 D.P.R. 816, (1998). For damages, **pain and suffering and mental anguish** due to the torture and humiliation, pain and despair caused by the abuse of discretion and power of Judge Ortiz-Martínez, **for keeping me in a constant state of vigilance,** *Porrata v. The Wackenhut Corp.*, 88 D.C.O. 003; valued at $ $250,000.00 ; as another method of oppression, to the point of personally calling the Vega Alta Women's Jail to ensure that they subject me to psychological and psychiatric evaluations, on December 19, 2011. She called again on December 20, 2011, to speak directly to Psychologist Bonnie_____ at the jail, who later informed that Judge Ortiz has asked her the following: How did you find Doña Maira? How does she look, physically? Judge Ortiz continued her malicious persecution and constant vigilance, *Porrata v. The Wackenhut Corp.*, *supra*; in violation of my right of intimacy, valued at $ $47,000.00 ; because being in jail does not mean I lose my civil rights. Hence, she intentionally caused me punitive damages valued at $ $93,000.00 ; during my jail confinement by violating my civil rights. Also causing me successive damages valued at $ $180,000.00 ; after ordering my release on December 21, 2011; by setting in motion, in an

58

unreasonable, arbitrary and capricious manner, *Rodríguez v. E.L.A.*, *supra*; another forensic social investigation by the court, without legal reason; and ordering further behavioral examinations: psychological and psychiatric, *Verneuial v. Poitier*, 589 So. 2d 1202 (1991); attacking my **Right of Intimacy**, *Lasso v. Iglesia Pentecostal la Nueva Jerusalem*, 123 D.P.R. 284 (1991). In addition to the continuous and excessive summons by Judge Ortiz and her husband, Professor Nasser Taha, without legal grounds and in retaliation for having reported her to the Puerto Rico Office of Courts Administration and through text messages to trusted persons, in violation of my Right to Liberty, **Board of Regents v. Roth**, *supra*; that includes the **Right of Intimacy** and to **Freedom of Expression**, valued at $ 82,000.00 . In addition, because the facts of this case establish a *prima facie* case of abuse of power that triggers **section 1983** of the **Civil Rights Act**, *supra*; punitive damages valued at $ 87,000.00 . Acting in *bad faith*, in solidarity, and becoming a part of the cycle of domestic violence that my family had been living at the hands of Mr. Aníbal Rodríguez-García sin the year 2003 and until the present; the Ortiz-Taha attorneys haver persecuted us, causing **continuing damages**, *Santiago v. Ríos Alonso*, *supra*; valued at $ 98,000.00 ; with every dramatic summons, and causing us damage, humiliation, the undermining of our reputation and honor with the Examining Board, the Puerto Rico Supreme Court itself, the community, my workplace, and the Seventh Day Adventist Church; with the purpose of keeping me in a state of apprehension and fear.

(24)    For malicious persecution by Prof. Nasser Taha, valued at $ 100,000.00 ; causing me mental anguish valued at

CERTIFIED TRANSLATION

$ $132,000.00 ; for his obstinacy in persecuting me with prior censorship, *Aponte v. Lugo*, 100 D.P.R. 282 (1971); *Asoc. de Medicina Podiátrica v. Dr. Romero Bassó*, 2002 T.S.P.R. 80; and for having acted *under color of authority*, *Leyva v. Aristud*, *supra*; because he is the husband of Judge Lynette Ortiz-Martínez, in violation of my Right to **Freedom of Expression**, *Ranking v. Mcpherson*, 107 S. Ct. 2891; *New York Times v. Sullivan*, *supra*; *Landmark Comm. v. Va.*, *supra*; and for punitive damages valued at $ $68,000.00 ; for the violation of my Civil Rights. Acting in violation of my **Right of Intimacy**, in its corollary "*against unreasonable searches and seizures*," **Fourth Amendment**, *US v. Mendenhall*, 446 US 544 (1980); *Katz v. United States*, 389 US 347, 350 (1967); causing me damages valued at $ $150,000.00 .

(25)    Lawsuit is brought against **District Attorney Esteban Miranda**, Head of the Office of the District Attorney of the Mayagüez Judicial Center, in his official capacity, for participating in the **Conspiracy**, pursuant to **Article 249 of the Civil Code**, *supra*; *In re Clavell*, 131 D.P.R. 500 (1992); between Judge Lynette Ortiz-Martínez, her husband Attorney Nasser Taha; Attorney Olga Longoria-Vélez, Mr. Aníbal Rodríguez-García, and other court officials; to file criminal charges against me as another mechanism. He summoned me on several occasions to the office of the District Attorney, keeping me in a state of apprehension and coercion, causing me damages por malicious persecution valued at $ $53,190.00 . Also, undermining my **Right to Property**, *Board of Regents v. Roth*, *supra*; without due process of law, by forcing me, through several unfounded and malicious summons, to risk my work schedule. With the purpose of keeping me tense and with a feeling of apprehension within an atmosphere of being under

custody, **Illinois v. Perkins**, 494 U.S. 357 (1990); at his office at the Office of the District Attorney, causing me damages for mental anguish valued at $ $120,000.00 . In addition, **District Attorney Esteban Miranda** threatened to deprive me of my right to exercise the legal profession, without having heard my testimony first, **Pueblo v. López**, 118 D.P.R. 515; **Pueblo v. Sulman**, 103 D.P.R. 429; **Edwards v. Arizona**, 101 S. Ct. 1880; and in the presence of my attorney, **Edwards v. Arizona**, 101 S. Ct. 1880; **Pueblo v. Falú**, 116 D.P.R. 828; **Moran v. Burbine**, 106 S. Ct. 1135 (1986); **Pueblo v. López Guzmán**, 131 D.P.R. 867 (1992); depriving me of my Constitutional Right to the presumption of innocence, pursuant to **Article II, Section 11**, of the **Bill of Rights of the Commonwealth of Puerto Rico**; and **Rule 110 of Criminal Procedure**, **Pueblo v. Ramos**, 122 D.P.R. 287 (1988); **Pueblo v. Rodríguez**, 146 D.P.R. 860 (1998); **Pueblo v. Irizarry**, 2002 T.S.P.R. 62. District Attorney Miranda oppressed me for my silence as a punishment for having exercised my **Right Against Self-incrimination**, protected by the **Fifth Amendment**, and **Miranda v. Arizona**, 384 U.S. 436 (1966); **Pueblo v. J.A.B.C.**, 123 D.P.R. 551 (1989), causing me punitive damages for the violation of my civil rights and liberties valued at $ $32,000.00 . Due to his evident bias, District Attorney Miranda "lacked the authority to file the complaint," **Pueblo v. Torres**, 132 D.P.R. 77 (1992). However, without sacrificing his personal interest in the case, **Facultad para las Ciencias Sociales v. C.E.S.**, 133 D.P.R. 521 (1993); as a friend of the Taha-Ortiz marriage. In this state of affairs, District Attorney Miranda also interfered with my **Right to Property, Board of Regents Roth**, supra; in its aspect of the right to practice a profession, **Torres v. Junta Examinadora de Ingenieros**, 2004

T.S.P.R. 65; valued at $ $150,000.00 ; by virtue of his undue influences, *In re Carlos Franco Soto*, 115 D.P.R. 740, (1984); in the Mayagüez Court, threatening to deprive me of my right to work, a right to life that is protected by **Due Process of Law, Fourteenth Amendment**. Faced with the actions of crass abuse of power by Judge Lynette Ortiz-Martínez, together with her husband, Attorney Taha, that "*shock the conscience*" and an abuse of discretion that "*offends the senses*," by which my son and I were being victimized in the Court below, District Attorney Miranda was negligent and demonstrated grave indifference by not putting an end to the abuse and injustice. Revealing *prima fácie* a reckless or callous indifference to his principal obligation to be the attorney for the people of Puerto Rico, sufficiently substantial as to trigger Section 1983, **42 U.S.C. Section 1983**; *Civil Rights Cases*, 109 U.S. 3 (1883); *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982); *Acevedo v. Srio. Servicios Sociales*, *supra*; causing me punitive damages valued at $ $180,000.00 .

(26)    For damages caused through **malicious persecution** by **Attorney Olga Longoria-Vélez**, valued at $ $750,000.00 ; who in order to prevail at any cost has forced causes, lied in her motions, *In re Rodríguez Torres*, 104 D.P.R. 758 (1976); *In re Pagán Colón*, 100 D.P.R. 223 (1971); and through illegitimate forensic strategies at the level of organized crime, including the manipulation of police reports with ideological falsehood and false statements, forced my unjust and illegal incarceration. In such a way that, with "*mens rea*" and acting in **conspiracy**, pursuant to **Article 249 of the 2004 Penal Code**, *supra*; with Mr. Aníbal Rodríguez-García, they extended and made inescapable the cycle of domestic violence in which my son and I had been living since the year 2003 and

CERTIFIED TRANSLATION                                                     Page 213

until the present. Hence, Attorney Olga Longoria-Vélez has persecuted me, causing **successive and continuing damages** valued at $ $160,000.00 , *Santiago v. Ríos Alonso*, *supra*; for having contaminated the environment in my workplace, intentionally and maliciously, through dramatic and continuous summons; for creating in me a fear of apprehension and the need to move several times because of the dramatic and continuous service of summons at my place of residence; for having to take a leave due to emotional illness through the C.F.S.E., causing me mental anguish valued at $ **$550.000.00** . For causing me continuing damages valued at $ $357,000.00 for depriving me of my right to property valued at $ $148,000.00 ; founded on an entirely null legal proceeding, to which Attorney Longoria contributed with her illegality, and fraudulently garnishing my paycheck in favor of Mr. Aníbal Rodríguez-García by virtue of her undue influence in the adjudication of the sentence. In addition, I was ordered to pay a credit for $900.00 retroactively, as if I had been in arrears or owed any late amount in child support; by virtue of an "ultra vires" order and a sentence that is null based on absence of jurisdiction and errors of fact and law. These continuing damages also include humiliation, substantial undermining of our reputation and honor in the general community and with the Puerto Rico Supreme Court itself, which damages my credibility at the Seventh Day Adventist Church and my workplace; causing me moral damages to my honor, reputation, private and family life, valued at $ $180,000.00 . All of this with the purpose of taking my son from me and exempting Mr. Aníbal Rodríguez from the payment of child support; leaving me with the responsibility for paying such support since December 21, 2011. Hence, we petition for compensation from Attorney Longoria

63

for suffering and mental anguish caused to the minor, *Sagardía de Jesús v. Hospital Auxilio Mutuo*, 2009 T.S.P.R. 173; *Powers v. U.S.*, 589 F. Supp. 1084; 1106 (1984); valued at $ $285,000.00 ; and punitive damages caused to the minor for the violation of his civil rights, *BMW of North America, Inc. v. Gore*; 64 LW 4335 (1996); *Alaimo v. Royer*, 448 F. 2d 207 (1982); *Crowly v. Global Realty Inc.*, 474 A. 2d 1056 (1984); valued at $ $1,345,000.00 . For her illegitimate forensic strategies, at the level of organized crime, y for her undue influence in adjudication at the Mayagüez Court; making my son and me victims of oppression and damage, *Ruiz v. San Juan Racing*, 102 D.P.R. 45; and my family as well. Through: every motion filed unduly and maliciously by **falsifying documents, Article 218** of the 2004 Penal Code, *supra*; **ideological falsehood**, pursuant to **Article 219** of the 2004 Penal Code, *supra*; **illegal use of public works or services**, pursuant to **Article 255** of the 2004 Penal Code, *supra*; **undue intervention in government operations**, pursuant to **Article 257** of the 2004 Penal Code, *supra*; **undue influence**, pursuant to **Article 264** of the 2004 Penal Code, *supra*; **fraud**, pursuant to **Article 210** of the 2004 Penal Code, *supra*; **undue influence in adjudication**, pursuant to **Article 297** of the 2004 Penal Code, *supra*; and **entrapment**, pursuant to **Article 31** of the 2004 Penal Code, *supra*. For contaminating my workplace environment capriciously and arbitrarily, with continuous and dramatic summons without considering the impression it created on third (3rd) parties, in violation of my right to property in the expectation of employment safety and security, to the enjoyment of my job and my right to have a private life away from the scrutiny and prejudices of my coworkers, parents and students; causing me damages valued at $ $1,350.000.00 ; for mental

anguish valued at $ $290,000.00     and for punitive damages valued at $ $2,500,000.00   for violating my civil rights.

(27)   For moral damages due to mental anguish valued at $ $92,000.00   , caused to my relatives, my parents, Mr. Juan B. Feliciano-Rivera, Mrs. Antonia Rosado-Rodríguez and my brother, Mr. Melvil Juan Feliciano-Rosado; by virtue of **moral damage for loss of the company and affection**, *Bois v. U.S.*, 747 F. Supp. 109 (1990); of minor L.A.R.F., moral damages valued at $ $175,000.00   . In addition to **continuing damage**, *Hernández v. Matanzo*, 34 D.P.R. 755 (1925); *The Powerlite of Puerto Rico v. CRUV*, 115 D.P.R. 654 (1984); *Velázquez Lozada v. Ponce Asphalt, Inc.*, 113 D.P.R. 39, 48 (1982); *Betances v. Autoridad de Transporte*, 73 D.P.R. 223, 225 (1952); valued at $ $83,000.00   ; stemming from the frustrated investment in Christmas gifts that were never delivered to the minor, trips to Miami made by my brother, the uncle of the minor, to spend time with him, and expenses related to my release from prison, as well as the expenses related to instant complaint, which were part of the savings of my family; by virtue of my unjust incarceration and the illegal loss of the custody of the minor, *In re G.S.R.*, Cal. App. Second Div. B19700 (January 8, 2008); *Santosky v. Kramer*, 455 U.S. 745 (1982).

(28)   For **Judge Ortiz-Martínez**, putting into practice, deliberately and intentionally, a scheme of continuous and reiterated violations to human dignity, *López Campos v. Garaje Isla Verde, Inc.*, 126 D.P.R. 166 (1990); of "*bullying*"; *under color of authority*, *Leyva v. Aristud, supra*; causing me mental anguish valued at $ $400,000.00   ; for the humiliation, shame, discredit and undermining of honor, reputation and personal dignity and family intimacy, causing

CERTIFIED TRANSLATION

me moral damages valued at $ $165,000.00 | . For her "*personal prejudice and bias,*" **Pastrana v. Chater**, *supra*; triggering the protection of due process of law, for her discrimination based on social condition, causing us punitive damages for her intentional and malicious violation of our civil rights, valued at $ $495,000.00 | .

(29) For **Attorney Stephanie Cabrera** and S.W. **Diany Pérez**, in solidarity with Judge Lynette Ortiz-Martínez, subjecting me to a scheme of "*bullying*" that included enslaving, oppressive and servile conditions, and a pattern of humiliation at the Clara Lair Program for abused women of the Mayagüez Court. Manifesting "*reckless or callous indifference,*" **Leyva v. Aristud**, *supra*; because of the abuse of power by Magistrate Ortiz. Manifesting intransigence, arrogance and negligence regarding my legitimate and oppressive situation, they inserted themselved into the cycle of domestic violence and illegally interfered with the execution of my sentence to 90 hours of Community Service; a matter over which the Puerto Rico Department of Corrections has total jurisdiction; failing to comply, with haughtiness and prejudice against me, with **Article 54 of the 2004 Penal Code**; which for constitutional purposes is discrimination due to social condition that trigger the **Clause on Equal Protection Under the Law**, pursuant to Article II, Section 8, of the Constitution of the Commonwealth of Puerto Rico; and assumes "*the form of monetary compensation equivalent to the damage caused,*" **López Campos v. Garaje Isla Verde, Inc.**, 126 D.P.R. 166 (1990); causing moral damages to my personal dignity, valued at $ $195,000.00 | . Causing me punitive damages, valued at $ $200,500.00 ; **BMW of North America, Inc. v. Gore**; 64 LW 4335 (1996); **Alaimo v. Royer**, 448 F.2d 207 (1982); **Crowly v.**

*Global Realty Inc.*, 474 A. 2d 1056 (1984); for their malicious violation of my civil rights; and damages for mental anguish valued at $ $195,250.00 . For continuing damages, valued at $ $75,000.00 , for having testified with ideological falsehood, perjury and fabrication of evidence against me, which resulted in my illegal and unjust incarceration and the summary and abusive loss of the custody of the minor, to this day.

(30)    For the violation by **Judge Ortiz-Martínez** of my **Right to Property in its corollary expectation of permanent employment as a career employee**, valued at $ $270,000.00 ; putting me at risk of losing my position as a School Counselor at the Dr. Pedro Perea Fajardo Vocational High School in Mayagüez, because Judge Ortiz intended that I sacrifice my working hours to comply, in an "*unreasonable, arbitrary and capricious*" manner, *Rodríguez Rodríguez v. E.L.A.*, 130 D.P.R. 562 (1992); with her sentence to 90 hours of community service; causing me mental anguish valued at $ $285,000.00 .

(31)    For the violation by **Judge Ortiz-Martínez**, of our **Right to Liberty and Property**, *Board of Regents v. Roth*, *supra*; damages valued at $ $1,800.000.00 ; in its corollary property recognized by virtue of "*a state of law*" under the Constitution and our statutory rights, through the imposition of Joint Custody, biased in favor of the opposing party, and erroneously rejecting evidence, *Kotteacos v. United States*, 328 U.S. 750 (1946); in an "*unreasonable, arbitrary and capricious*" manner, *Rodríguez v. E.L.A.*, *supra*; on the handicaps and special needs of my son. In turn, for discrimination based on handicap, *Bonilla v. Chardón*, *supra*; *Vera González v. C.F.S.E.*, 2004 WL 3254847; *Guardiola Álvarez v. Dpto. de la Vivienda*, 2007 WL 871456; *García v. E.L.A.*,

*supra*; in violation of equal protection under the law, damages valued at $ $890,000.00    ; and mental anguish caused to the minor, valued at $ $679,000.00    ; *Fitzpatrick v. U.S.*, 74 F. Supp. 1023 (1991); *Capelouto v. Kaiser Foundation Hospital*, for the uncertainty and insecurity of the "de facto" situation of judicial inferiority. Also, for **continuing damages** to the minor, valued at $ $500.000.00    , *Hernández v. Matanzo*, 34 D.P.R. 755 (1925); *The Powerlite of Puerto Rico v. C.R.U.V.*, 115 D.P.R. 654 (1984); *Velázquez Lozada v. Ponce Asphalt, Inc.*, 113 D.P.R. 39, 48 (1982); *Betances v. Autoridad de Transporte*, 73 D.P.R. 223, 225 (1952); caused by Judge Ortiz by virtue of her pettifogging sentence to 90 hours of community service, and null for absence of jurisdiction, as of September 7, 2011; who depended more on me than on his father to provide follow-up to his daily routine of behavioral and pharmacological treatments, which the father always obstructed, sabotaged and slandered; and the medical appointments with private specialists not covered by the P.R.O.S.A.M. Health Insurance Plan, nor the services of the Special Education Program; along with other medical specialists paid by me. I never consented to a family relations plan with Joint Custody nor did I consent to the terms and conditions of the pettifogging sentence. Magistrate Ortiz acted *ultra vires,* failing to comply with her legal obligation, as ordered by **Article 54 of the 2004 Penal Code.** To wit, "*the conditions of the service and duration of same must be accepted by the convict prior to sentencing.*" In addition, at the time she subjected me, unilaterally and arbitrarily, to the rigors of a criminal sentence regulated by the **Puerto Rico Department of Corrections and Rehabilitation,** I was insured by the **State Insurance Fund Corporation, Law 83** of October 20, 1992; against

accidents in the workplace: physical, moral, financial and emotional damages, occurring while providing **volunteer services**. These violations of our **Rights to Liberty and Property, *Board of Regents v. Roth***, *supra*; that resulted in my unjust and illegal incarceration and the abusive loss of the custody of my son, have caused continuing damages to our emotional health and security valued at $ $1,985,000.00 . Also causing punitive damages for maliciously trampling our civil rights, valued at $ $2,000,000.00 .

(32)   For the Mayagüez Court, through **Judge Lynette Ortiz-Martínez**, having undermined my **earning capacity, *Earl v. Bouchard Transportation Co.***, 735 F. Supp. 1167, 1172 (1990); relative to occupation and life skills, ***Wheeler Tarpeh-Doe v. U.S.***, 771 F. Supp. 427 (1991); ***Mitchels v. U.S.***, 815 F. Supp. 1244 (1993); ***Davis of City of New York***, 693 NY S. 2d 230 (2002); damages valued at $ $500,000.00 ; for depriving me of my right to property without due process of law, ***Board of Regents v. Roth***, *supra*; ***In re Ríos Ríos***, 175 D.P.R. 75 (2008); ***In re Ruffalo***, 390 U.S. 544, 550 (1968); in its corollary to practice the profession of attorney in the future. Maliciously and intentionally raising discrimination against me due to social condition, through academic discrimination, ***Selosse v. Universidad Educativa Ana G. Méndez***, 122 D.P.R. 534 (1988); ***Santiago v. E.L.A.***, 2005 WL 2622800; by sending fabricated reports about my unjust and illegal incarceration and procedural misfortunes at the Mayagüez Court; to the Puerto Rico Supreme Court and the Examining Board for Candidates to the Legal Profession, in order to create academic discrimination against me, in violation of the **equal protection under the law of the Fifth and Fourteenth Amendments**; damages valued at $ $365,000.00 . In addition

for mental anguish valued at $ $820,000.00 .

(33)   For malicious persecution by **Attorney Nasser Taha**, with prior censorship, ***Aponte v. Lugo***, 100 D.P.R. 282 (1971); ***Asóc. de Medicina Podiátrica v. Dr. Romero Bassó***, 2002 T.S.P.R. 80; under color of authority, ***Leyva v. Aristud***, *supra*; as the husband of Judge Lynette Ortiz-Martínez, in violation of my Right to **Freedom of Expression**, ***Ranking v. Mcpherson***, 107 S. Ct. 2891; ***New York Times v. Sullivan***, *supra*; ***Landmark Comm. v. Va.***, *supra*; and of my **Right of Intimacy**, in its corollary "*against unreasonable searches and seizures*," ***US v. Mendenhall***, 446 US 544 (1980); ***Katz v. United States***, 389 US 347, 350 (1967); damages valued at $ $765,000.00 . Also, for threatening to deprive me of practicing the law, through District Attorney Esteban Miranda, which has the effect of depriving me of my **Right to Property**, ***Board v. Roth***, *supra*; without due process of law, in its corollary right to exercise a profession and to the pursuit of happiness, without **Due Process of Law; Fourteenth Amendment**; monetary damages for violation of my civil rights, valued at $ $279,000.00 and mental anguish, valued at $ $290,000.00 .

(34)   For **loss of future earnings (*lucrum cessans*)**, ***Velázquez Lozada v. Ponce Asphalt***, Inc., 113 D.P.R. 39 (1992); valued at $ $460,000.00 ; by **significantly undermining my earning potential and desire to continue working in the same school scenario where I have worked since the year 1999**, for which I am qualified as a School Counselor Licensed for Life, as a School Director and teacher; since the Mayagüez Court contaminated my workplace environment with the presence of police officers and bailiffs looking for me, and dramatic and continuous summons; without concern for the impression this might

to continuing damages, valued at $ $460,000.00 ; *Hernández v. Matanzo*, 34 D.P.R. 755 (1925); *The Powerlite of Puerto Rico v. CRUV*, 115 D.P.R. 654 (1984); *Velázquez Lozada v. Ponce Asphalt, Inc.*, 113 D.P.R. 39, 48 (1982); *Betances v. Autoridad de Transporte*, 73 D.P.R. 223, 225 (1952); for decreasing my opportunity to amortize my student loans sooner, damages valued at $ $415.799.00 . In addition, Attorney Nasser Taha, husband of Judge Ortiz, threatened, through District Attorney Miranda, to apply all of the canons of ethics against me so that I could never practice as an attorney. All acting in solidarity and **conspiracy**, pursuant to **Article 249** of the 2004 Penal Code, *supra*; to strip me of my Right to academic Property, valued at $ **$250.000.00** ; without due process of law, affecting my life and that of my son in different areas: academic, health and quality of life, by intentionally working to limit my opportunity to practice the profession and generate greater income; frustrate the financial sacrifice of several student loans; continuing damages valued at $ $350,000.00 . For making me the object of mockery at work, in the community and at church through constant malicious comments, through which many people assured me that "*I will never be a lawyer*"; successive damages valued at $ $295,000.00 ; causing me mental anguish valued at $ $300,250.00 , for the fear, frustration, uneasiness and anxiety of thinking that, finally, after so many sacrifices and delayed gratification, I would be deprived of my Right to Property to exercise the profession of attorney because other members of the profession had damaged my reputation and persecuted me through dramatic and frequent summons at my workplace; in a malicious persecution, with damages valued at $ $795,000.00 and moral damages

cause on third (3rd) parties (students, parents, and teachers). By virtue of the información leaked from the Mayagüez Court, by telephone, to my workplace, simultaneous to my arrest and incarceration on December 14, 2011, which affected my professional image and put me in the humiliating and shameful position of having to vindicate to students and teachers, because in my work I constantly handle sensitive cases, that jail had not changed my rectitude and commitment to confidentiality. I felt betrayed, ridiculed and utterly humiliated, and it disturbed my peace of mind, for the damages caused to **my honor and reputation, and my personal dignity**, valued at $ $180,000.00 . I also felt deeply hurt, humiliated and a victim of "*bullying*" by the Mayagüez Court, having been used to zealously keeping my personal and family life out of the workplace. In this way, my workplace was contaminated, injuring my right of intimacy, *Lasso v. Iglesia Pentecostal La Nueva Jerusalem*, 129 D.P.R. 284 (1991); for which I had to take a leave through the **State Insurance Fund**, since May 2012, damages valued at $ $170,000.00 ; for suffering y mental anguish valued at $ $190,000.00 . For continuing damages valued at $ $145,000.00 and successive damages valued at $ $143,000.00 .

(35)    In addition to the damage caused by the Mayagüez Court for **past loss of income, *Hernández v. Matanzo*, 34 D.P.R. 755 (1925); *The Powerlite of Puerto Rico v. C.R.U.V.*, 115 D.P.R. 654, (1984); *Velázquez Lozada v. Ponce Asphalt, Inc.*, 113 D.P.R. 39, 48 (1982); *Betances v. Autoridad de Transporte*,** 73 D.P.R. 223, 225 (1952); valued at $ $375,000.00 ; for unearned income lost as a result of the damage caused by my unjust and illegal incarceration, as I have had to completely paralyze my work as a School Counselor, taking an unpaid

leave under the **State Insurance Fund**, 11 L.P.R.A. 1; Law 83 of October 29, 1992; since Thursday, May 10, 2012; having used all of my sick time.

(36)    For defendant **ATTORNEYS**; and their respective wives and marital partnerships, as mentioned in this complaint. To wit: **Attorney Luis Vera-Muñoz, Attorney Norma Pérez-Muñiz, Attorney Ángel García-Troche, Attorney Edgardo Delgado-Brás**, and **Attorney Ernesto Delgado-Soto, Jr.,** causing us moral damages for breach of contract for competent legal services, valued at $ $125,000.00     ; *Rivera Pérez v. Pan American Grain MFG*. KLAN 95-00094, October 5, 1995; *Ramírez Valentín v. Acad. San Antonio de Guayama* KLAN 98-00316, December 21, 1998; *Vélez García v. Molina Picorelli*, 2004 WL 2419013 (TCA); KLAN 03-00355, August 30, 2004; *Rubio Martínez v. Carlos Guillermo*, KLAN 97-003364, December 23, 1997; according to legal interest current on the date of execution of the contract for professional services. By virtue of their "*indolence, lack of concern, inaction and indifference,*" *In re Laborde Freyre*, 159 D.P.R. 697 (2003); *In re Díaz Santiago*, 164 D.P.R. 41 (2005); *In re Ortiz Hernández*, 155 D.P.R. 341 (2002). Causing us moral damages for mental anguish valued at $ $130,000.00     ; for their grave negligence and careless indifference, lack of honesty disguised as daring enlightenment, haughtiness and arrogance, in handling the case; attitudes that had an impact on the violation of our constitutional guarantees. So as not to lose favor with the Mayagüez Court, **defendant attorneys** preferred to act in violation of the **fiduciary relationship of loyalty** to the interests of the client, depriving us of a vigorous defense and failing to raise the appropriate defenses, such as: answering the multiple motions of Attorney Olga Longoria-Vélez, who through

*Certified Translation*

**COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
MAYAGÜEZ SUPERIOR DIVISION**

**LETTER SENDING FILE AS TRANSFER**

HUMACAO JUDICIAL CENTER
OFFICE OF THE CLERK OF
FAMILY RELATIONS
PO BOX 885
HUMACAO, PR 0092-0885

Mr/Madam Clerk

**RE: ANIBAL RODRIGUEZ GARCIA V. MAYRA I. FELICIANO ROSADO**

Dear Sir/Madam:

Pursuant to the Order to Transfer of the *Hon. Josian J. Rivera Torres,* approval is granted and the immediate transfer of the referenced case is ordered to the Court of First Instance, Humacao Superior Division, since it is within its jurisdiction.

In Mayagüez, Puerto Rico, on September 21, 2015.

[Signed]
**AIXA ROSADO PIETRI
REGIONAL ADMINISTRATIVE JUDGE**

-CERTIFIED-

To be a correct translation prepared
by me, to the best of my knowledge
and ability.

*Annie Flores*

**Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation**

**ARP/mc**

74

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
MAYAGÜEZ JUDICIAL CENTER
SUPERIOR DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ GARCIA<br>(Plaintiff)<br><br>V.<br><br>MAIRA I. FELICIANO ROSADO<br>(Defendant) | CIVIL NO.: ISRF200601752<br><br>RE:<br><br>DIVORCE (I/B) |

## **ORDER TO TRANSFER**

It appears satisfactorily from the record that this case is within the jurisdiction of the Court of First Instance, **Humacao Superior Division,** this Court, on its own initiative and in the exercise of the authority conferred to it by Article 5.005 of the Judiciary Act of the Commonwealth of Puerto Rico of 2003, Administrative Order No. OAN 2003-10, issued on November 18, 2003, by the Acting Presiding Judge, Hon. Francisco Rebollo López, and Rule 3 of the Rules of Civil Procedure of 2009, orders the transfer of the same to said Division.

Once this Order has been entered the clerk shall send all the briefs filed in this case to the Clerk of said Division.

**TO BE NOTIFIED.**

Given in Mayagüez, Puerto Rico, on August 31, 2015.

_____[Signed]_____
**JOSIAN J. RIVERA TORRES**
SUPERIOR COURT JUDGE

/mom

-CERTIFIED-
To be a correct translation prepared
by me, to the best of my knowledge
and ability.

*Annie Flores*
_____
**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

75

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
MAYAGÜEZ DIVISION
COURTROOM 301

RODRIGUEZ GARCIA, ANIBAL
      PLAINTIFF
      V.
FELICIANO ROSADO, MAYRA
      DEFENDANT

CASE NO: ISRF200601752

RE: IRRETRIEVABLE BREAKDOWN

TO:

NOTIFICATION

I CERTIFY: THAT ON AUGUST 31, 2015, THE COURT ISSUED THE ATTACHED ORDER TO TRANSFER.

I ALSO CERTIFY THAT TODAY I MAILED A COPY OF THIS NOTIFICATION TO THE FOLLOWING PERSONS AT THEIR ADDRESSES ON RECORD, HAVING FILED ON THIS SAME DATE A COPY OF THIS NOTICATION IN THE RECORD OF THE CASE.

ATTY. OLGA LONGORIA VELEZ
149 ENRIQUE VAZQUEZ BAEZ
MAYAGÜEZ   PR 00680

MAYRA FELICIANO ROSADO
PO BOX 4471, AGUADILLA, PR  00603

ATTY. CYNTHIA E. VAZQUEZ ESTRADA
PO BOX 577, HUMACAO, PR 00792

ANIBAL RODRIGUEZ GARCIA
PO BOX 261, LAS PIEDRAS, PR 00771

HUMACAO JUDICIAL CENTER
PO BOX 885, HUMACAO, PR 00791

MAYAGÜEZ, PUERTO RICO, ON OCTOBER 01, 2015.

-CERTIFIED-

**To be a correct translation prepared by me, to the best of my knowledge and ability.**

*Annie Flores*

**Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation**

ATTY. NORMA G. SANTANA IRIZARRY
CLERK
[Signed]
BY:   ROSA REYES LAGUER
CLERK OF COURT I

OAT 750 – NOTIFICATION OF RESOLUTIONS AND ORDERS

76

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
MAYAGÜEZ DIVISION
COURTROOM 301

OCTOBER 01, 2015

RE:  CASE NO.: ISRF200601752

RODRIGUEZ GARCIA, ANIBAL
V.
FELICIANO ROSADO, MAIRA

RE:  IRRETRIEVABLE BREAKDOWN

DEAR SIR (MADAM):

IN ACCORDANCE WITH THE ORDER TO TRANSFER ISSUED BY THE HONORABLE JUDGE JOSIAN J. RIVERA TORRES ON AUGUST 31, 2015, I AM SENDING YOU THE FILE OF THE ABOVE-CAPTIONED CASE.

I WOULD APPRECIATE YOUR SENDING ACKNOWLEDGMENT OF RECEIPT OF THE SAME, STATING THE NUMBER WITH WHICH IT HAS BEEN FILED IN THAT DIVISION.

CORDIALLY,

ATTY. NORMA G. SANTANA IRIZARRY
CLERK
/s/ Rosa I. Reyes Laguer
BY:  ROSA REYES LAGUER
COURT CLERK I

ANIBAL RODRIGUEZ GARCIA
PO BOX 261, LAS PIEDRAS, PR 00771

ATTY. OLGA LONGORIA VELEZ
149 ENRIQUE VAZQUEZ BAEZ
MAYAGÜEZ   PR 00680

MAYRA FELICIANO ROSADO
PO BOX 4471
AGUADILLA, PR 00603

ATTY. CYNTHIA E. VAZQUEZ ESTRADA
PO BOX 577, HUMACAO, PR 00792

HUMACAO JUDICIAL CENTER
PO BOX 885, HUMACAO, PR 00791

**-CERTIFIED-**

To be a correct translation prepared by me, to the best of my knowledge and ability.

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

OAT 747 – LETTER SENDING FILE

CONT. CASE NO. ISRF200601752

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
MAYAGÜEZ DIVISION
COURTROOM 301

OCTOBER 01, 2015

MAYRA FELICIANO ROSADO
PO BOX 4471
AGUADILLA, PR 00603

RE: CASE NO.: ISRF200601752

RODRIGUEZ GARCIA, ANIBAL
V.
FELICIANO ROSADO, MAIRA

RE: IRRETRIEVABLE BREAKDOWN

DEAR SIR (MADAM):

IN ACCORDANCE WITH THE ORDER TO TRANSFER ISSUED BY THE HONORABLE JUDGE JOSIAN J. RIVERA TORRES ON AUGUST 31, 2015, I AM SENDING YOU THE FILE OF THE ABOVE-CAPTIONED CASE.

I WOULD APPRECIATE YOUR SENDING ACKNOWLEDGMENT OF RECEIPT OF THE SAME, STATING THE NUMBER WITH WHICH IT HAS BEEN FILED IN THAT DIVISION.

CORDIALLY,

ATTY. NORMA G. SANTANA IRIZARRY
CLERK
*/s/ Rosa I. Reyes Laguer*
BY: ROSA REYES LAGUER
COURT CLERK I

ANIBAL RODRIGUEZ GARCIA
PO BOX 261, LAS PIEDRAS, PR 00771

ATTY. OLGA LONGORIA VELEZ
149 ENRIQUE VAZQUEZ BAEZ
MAYAGÜEZ   PR 00680

ATTY. CYNTHIA E. VAZQUEZ ESTRADA
PO BOX 577, HUMACAO, PR 00792

HUMACAO JUDICIAL CENTER
PO BOX 885, HUMACAO, PR 00791

-CERTIFIED-

To be a correct translation prepared
by me, to the best of my knowledge
and ability.

*Annie Flores*

Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation

OAT 747 – LETTER SENDING FILE AS TRANSFER – (REV. MAY 1992)

78

*Certified Translation*



*Certified Translation*

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## MAYAGÜEZ SUPERIOR DIVISION
## MAYAGÜEZ, PUERTO RICO

| | |
|---|---|
| **ANÍBAL RODRÍGUEZ GARCÍA**<br>**Plaintiff**<br><br>**V,**<br><br>**MAYRA FELICIANO ROSADO**<br>**Defendant** | **CIVIL NO.: ISRF200601752**<br><br>**RE:**<br><br>**DIVORCE: (I.B.)** |

# C E R T I F I C A T I O N

I, Norma G. Santana Irizarry, Regional Clerk of the Court of First Instance, Mayagüez Superior Division, Puerto Rico, **CERTIFY** that the above-captioned file consists of **THREE VOLUMES** and contains **SEVEN HUNDRED EIGHTY-NINE (789) FOLIOS**, numbered consecutively, which I am sending as a transfer, pursuant to the order issued by the Hon. Aixa Rosado Pietri, Regional Administrative Judge, to the Court of First Instance, **Humacao Superior Division,** Puerto Rico, for the corresponding action.

In Mayagüez, Puerto Rico, on October 2, 2015.

*NORMA G. SANTANA IRIZARRY*
**Regional Clerk II**
[Signed]
By: **Rosa I. Reyes Laguer**
**Confidential Clerk of Court I**

-CERTIFIED-

To be a correct translation prepared
by me, to the best of my knowledge
and ability.

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

80

*Certified Translation*

# COMMONWEALTH OF PUERTO RICO
# COURT OF FIRST INSTANCE
# MAYAGÜEZ SUPERIOR DIVISION
# COURTROOM 302

October 6, 2015

Humacao Judicial Center
PO BOX 885
Humacao, PR 00792-0885

Dear Sir/Madam:

**RE:  ISRF200601752**
**ANIBAL RODRIGUEZ GARCIA V. MAYRA FELICIANO ROSADO**

In accordance with the Order to Transfer issued August 31, 2015, by the Hon. Josian J. Rivera Torres, Superior Court Judge, I am sending you the file of the aforementioned case, **as a transfer**.

[Initials] *MOR*
**By: Maira E. Ortiz Rosario**
**Deputy Clerk of Court I**

Attachment

Received by:   *Nayda M. Rodríguez Rodríguez*

Date:  *Oct./6/2015*
(Internal mail)

Received by: _____

Date: _____
(OAT mail)

Received by: _____

Date: _____

Case number in that Court: _____
(Transfer Court)

-CERTIFIED-

To be a correct translation prepared
by me, to the best of my knowledge
and ability.

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

81

*Certified Translation*

Commonwealth of Puerto Rico
COURT OF FIRST INSTANCE
HUMACAO SUPERIOR DIVISION
FAMILY RELATIONS AND MINORS AFFAIRS COURT

| | |
|---|---|
| **ANIBAL RODRIGUEZ GARCIA**<br>PLAINTIFF<br><br>V,<br><br>**MAYRA FELICIANO ROSADO**<br>DEFENDANT | CIVIL NO.: **HSRF201601308**<br><br>RE: **CHILD SUPPORT**<br><br>COURTROOM: **303** |

## ORDER

After examining the 'Motion Requesting the Dismissal of the Motion in Aid of Jurisdiction of ASUME [Child Support Enforcement Administration] and Requesting the Stay of the Collection of Child Support", filed on January 19, 2017, by defendant, the Court provides the following:

- The Motion to Dismiss or Stay of the Collection of Child Support, is DENIED.

- All issues related to custody and parental rights shall <u>not</u> be addressed in a child support case. It must be filed in the appropriate case, which in this case is **HSRF201501224.**

- In case HSRF201501244, it appears that defendant was deprived of the patria potestas [legal custody] of the minor, therefore, as to the request for order prohibiting the minor from leaving the Island, it is Denied. See Resolution of July 12, 2013.

- The other party must state, within ten (10) days his position in relation to the request for custody and patria potestas [legal custody] made by defendant.

- The attachments are separated, and must be picked up by defendant since

*Certified Translation*

they are part of the file and part of them are subject to discovery of evidence and not to be presented by motion.

- Mrs. Feliciano is advised that this Court is precluded from reviewing determinations made by a court of equal standing, therefore, she must stop making statements about the previous process, since that is res judicata. If you wish custody, patria potestas or parent-child relations to be reinstated, your request must be under the current situation and not according to what you understand should have happened in the other case in which you decided at that time not to appear.

- If you consider that the child support payment should be reviewed, you must file the corresponding motion.

**NOTIFY the parties and the ASUME attorney.**

In Humacao, Puerto Rico, on **January 24, 2017.**

[Signed]
**MARILUZ CRUZ MORALES**
SUPERIOR COURT JUDGE

-CERTIFIED-

To be a correct translation prepared by me, to the best of my knowledge and ability.

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885

$00.670
US POSTAGE

008B285123 C018

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
HUMACAO SUPERIOR DIVISION

RODRIGUEZ GARCIA, ANIBAL
    PLAINTIFF
        V.
FELICIANO ROSADO, MAYRA
    DEFENDANT

CASE NO. HSRF201601308
COURTROOM NO. 303

RE:
REQUEST TO ENFORCE ASUME
[CHILD SUPPORT ENFORCEMENT
ADMINISTRATION] ORDER

TO:  FELICIANO ROSADO, MAYRA
    BO MANI
    154 ELENA SEGARRA STREET
    MAYAGÜEZ   PR 00680

N O T I F I C A T I O N

ATTY. CAMILLE RODRIGUEZ ACOSTA
PO BOX 8958
HUMACAO   PR 00792

CHILD SUPPORT ENFORCEMENT ADMINISTRATION [ASUME]
ATTY. CYNTHIA E. VAZQUEZ ESTRADA
PO BOX 577
HUMACAO   PR 00792-0577

THE UNDERSIGNED CLERK CERTIFIES AND NOTIFIES YOU THAT IN RELATION TO THE
MOTION REQUESTING THE DISMISSAL OF THE MOTION IN AID OF JURISDICTION OF
ASUME AND REQUESTING STAY OF COLLECTION OF CHILD SUPPORT, THIS COURT ISSUED
AN ORDER ON JANUAR 24, 2017.

A COPY IS ATTACHED OR A LINK IS INCLUDED:

SGD. MARILUZ CRUZ MORALES
SUPERIOR COURT JUDGE

YOU ARE ADVISED THAT YOU BEING A PARTY OR LEGAL REPRESENTATIVE IN THE CASE
SUBJECT TO THIS ORDER, YOU MAY FILE AN APPEAL, REVIEW OR CERTIORARI,
ACCORDING TO THE PROCEDURE AND IN THE TERM ESTABLISHED BY LAW, RULE OR
REGULATION.

I HEREBY CERTIFY THAT THE RULING ISSUED BY THE COURT WAS DULY ENTERED AND
FILED TODAY, JANUARY 26, 2017, AND THAT A COPY OF THIS NOTICE WAS SENT TO THE
PERSONS STATED ABOVE, AT THEIR ADDRESSES ON RECORD IN THE CASE, IN
ACCORDANCE WITH THE APPLICABLE REGULATIONS. ON THIS SAME DATE, A COPY OF
THIS NOTICE WAS FILED IN THE COURT FILE.

IN HUMACAO, PUERTO RICO, ON JANUARY 26, 2017.

86

*Certified Translation*

__DOMINGA GOMEZ FUSTER__
NAME OF REGIONAL CLERK

 By: /s/ NICSIA M. MARTINEZ RIVERA
NAME AND SIGNATURE OF DEPUTY
CLERK OF COURT

OAT1812 – Single Notification Form – Judgments, Resolutions, Orders and Minutes (November 2016)

-CERTIFIED-

**To be a correct translation prepared
by me, to the best of my knowledge
and ability.**

*Annie Flores*

**Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation**

87

Certified Translation

Commonwealth of Puerto Rico
COURT OF FIRST INSTANCE
HUMACAO SUPERIOR COURT
FAMILY RELATIONS AND MINORS AFFAIRS DIVISION

**ANÍBAL RODRÍGUEZ GARCÍA**
PLAINTIFF

V,

**MAYRA FELICIANO ROSADO**
DEFENDANT

CIVIL NO.: **HSRF201501224**

RE: **DIVORCE**

COURTROOM: **303**

## ORDER

The Court, after examining the above-captioned file, orders the following:

- It is requested that the **Mayagüez Court** transfer file **ISRF200601755**, to the Humacao Court.

- Once received, it is ordered that it be attached to this case.

**TO BE NOTIFIED.**

In Humacao, Puerto Rico, on **February 23, 2017.**

-CERTIFIED-

To be a correct translation prepared
by me, to the best of my knowledge
and ability.

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

[Signed]
**MARILUZ CRUZ MORALES**
SUPERIOR COURT JUDGE

88



**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885**

$00.889
US POSTAGE

00882$5123 C018

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
HUMACAO SUPERIOR DIVISION

| | |
|---|---|
| RODRIGUEZ GARCIA, ANIBAL<br>PLAINTIFF<br>V.<br>FELICIANO ROSADO, MAYRA<br>DEFENDANT | CASE NO. HSRF201501224<br>COURTROOM NO. 303<br><br>RE:<br>IRRETRIEVABLE BREAKDOWN |

TO: FELICIANO ROSADO, MAYRA
EL MANI SECTOR
154 ELENA SEGARRA
MAYAGÜEZ   PR 00680

**-CERTIFIED-**

**To be a correct translation prepared by me, to the best of my knowledge and ability.**

NOTIFICATION

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

ATTY. FRANCIS EMANUE RUIZ RAMÍREZ,
PO BOX 1302
LAS PIEDRAS   PR 00771

THE UNDERSIGNED CLERK CERTIFIES AND NOTIFIES YOU THAT IN RELATION TO THE ABOVE-CAPTIONED CASE, THIS COURT ISSUED AN ORDER ON FEBRUARY 23, 2017.

A COPY IS ATTACHED OR A LINK IS INCLUDED:

SGD. MARILUZ CRUZ MORALES
SUPERIOR COURT JUDGE

YOU ARE ADVISED THAT YOU BEING A PARTY OR LEGAL REPRESENTATIVE IN THE CASE SUBJECT TO THIS ORDER, YOU MAY FILE AN APPEAL, REVIEW OR CERTIORARI, ACCORDING TO THE PROCEDURE AND IN THE TERM ESTABLISHED BY LAW, RULE OR REGULATION.

I HEREBY CERTIFY THAT THE RULING ISSUED BY THE COURT WAS DULY ENTERED AND FILED TODAY, FEBRUARY 27, 2017, AND THAT A COPY OF THIS NOTICE WAS SENT TO THE PERSONS STATED ABOVE, AT THEIR ADDRESSES ON RECORD IN THE CASE, IN ACCORDANCE WITH THE APPLICABLE REGULATIONS. ON THIS SAME DATE, A COPY OF THIS NOTICE WAS FILED IN THE COURT FILE.

IN HUMACAO, PUERTO RICO, ON FEBRUARY 27, 2017.

| | |
|---|---|
| ___DOMINGA GOMEZ FUSTER___<br>NAME OF REGIONAL CLERK | By: /s/ NICSIA M. MARTINEZ RIVERA<br>NAME AND SIGNATURE OF DEPUTY<br>CLERK OF COURT |

OAT1812 – Single Notification Form – Judgments, Resolutions, Orders and Minutes (November 2016)

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
MAYAGÜEZ SUPERIOR DIVISION

MAIRA I. FELICIANO ROSADO
Plaintiff

V.

ANIBAL RODRIGUEZ GARCIA
Defendant

Civil Number: ISRF200801755

Re: DIVORCE (CRUEL TREATMENT)

## ORDER TO TRANSFER

In accordance with the Order issued on February 23, 2017, by the Hon. Mariluz Cruz Morales, in which the transfer of the file to the Humacao Superior Division is requested, this Court, on its own initiative and in the exercise of the power conferred to it by <u>Article 5.005 of the Judiciary Act of the Commonwealth of Puerto Rico of 2003</u>, as amended, Administrative Order No. OAN 2003-10, issued on November 18, 2003, by the Acting Presiding Judge, Hon. Francisco Rebollo López, and <u>Rule 3 of the Rules of Civil Procedure of 2009,</u> **orders the transfer of the same to said Division.**

Once this Order has been entered, the clerk shall send all the briefs filed in this case to the Clerk of said Division

TO BE NOTIFIED.

Given in Mayagüez, Puerto Rico, on March 8, 2017

[Signed]
VILMARY RODRIGUEZ PARDO
SUPERIOR COURT JUDGE

## ORDER TO DISMISS DUE TO TRANSFER

According to the Order issued on March 8, 2017, by Superior Court Judge, Hon. Vilmary Rodríguez Pardo, in which he ordered the transfer of this case to the Court of First Instance,

91

*Certified Translation*

Mayagüez Superior Division, this Court authorizes it and orders the continuation of the transfer

procedure.

The Clerk of the Court is ordered to file this case for statistical purposes.

TO BE NOTIFIED.

Given in Mayagüez, Puerto Rico, on this 14th day of March, 2017.

[Signed]
LIND O. MERLE FELICIANO
REGIONAL ADMINISTRATIVE JUDGE

**-CERTIFIED-**

**To be a correct translation prepared
by me, to the best of my knowledge
and ability.**

*Annie Flores*

**Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation**

92

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
MAYAGÜEZ SUPERIOR DIVISION

FELICIANO ROSADO, MAYRA IVET
PLAINTIFF
V.
RODRIGUEZ GARCIA, ANIBAL
DEFENDANT

CASE NO. ISRF200601755
COURTROOM NO. 301

RE:
CRUEL TREATMENT

TO:  FELICIANO ROSADO, MAYRA IVET
BO. MANI
154 ELENA SEGARRA STREET
MAYAGÜEZ   PR 00680

NOTIFICATION

ATTY. OLGA LONGORIA VELEZ
149 ENRIQUE VÁZQUEZ BAEZ
MAYAGÜEZ   PR 00680

HUMACAO JUDICIAL CENTER
FAMILY AND MINOR RELATIONS
PO BOX 885
HUMACAO   PR 00792-0885

THE UNDERSIGNED CLERK CERTIFIES AND NOTIFIES YOU THAT IN RELATION TO THE ABOVE-CAPTIONED CASE, THIS COURT ISSUED AN ORDER ON MARCH 08 2017..

THE DECISION IS TRANSCRIBED BELOW:

REFER TO THE CONSIDERATION OF THE ADMINISTRATIVE JUDGE.

SGD. VILMARY RODRIGUEZ PARDO
JUDGE

YOU ARE ADVISED THAT YOU BEING A PARTY OR LEGAL REPRESENTATIVE IN THE CASE SUBJECT TO THIS ORDER, YOU MAY FILE AN APPEAL, REVIEW OR CERTIORARI, ACCORDING TO THE PROCEDURE AND IN THE TERM ESTABLISHED BY LAW, RULE OR REGULATION.

I HEREBY CERTIFY THAT THE RULING ISSUED BY THE COURT WAS DULY ENTERED AND FILED TODAY, MARCH 16, 2017, AND THAT A COPY OF THIS NOTICE WAS SENT TO THE PERSONS STATED ABOVE, AT THEIR ADDRESSES ON RECORD IN THE CASE, IN ACCORDANCE WITH THE APPLICABLE REGULATIONS. ON THIS SAME DATE, A COPY OF THIS NOTICE WAS FILED IN THE COURT FILE.

NOTES TO THE CLERK:
IN RELATION TO THE ORDER OF THE HUMACAO COURT TO TRANSFER FILE TO THAT REGION

93

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
MAYAGÜEZ SUPERIOR DIVISION

FELICIANO ROSADO, MAYRA IVET
PLAINTIFF
V.
RODRIGUEZ GARCIA, ANIBAL
DEFENDANT

CASE NO. ISRF200601755
COURTROOM NO. 301

RE:
CRUEL TREATMENT

TO: FELICIANO ROSADO, MAYRA IVET
BO. MANI
154 ELENA SEGARRA STREET
MAYAGÜEZ   PR 00680

N O T I F I C A T I O N

ATTY. OLGA LONGORIA VÉLEZ
149 ENRIQUE VAZQUEZ BAEZ
MAYAGÜEZ   PR 00680

HUMACAO JUDICIAL CENTER
FAMILY AND MINOR RELATIONS
PO BOX 885
HUMACAO   PR 00792-0885

THE UNDERSIGNED CLERK CERTIFIES AND NOTIFIES YOU THAT IN RELATION TO THE ABOVE-CAPTIONED CASE, THIS COURT ISSUED AN ORDER ON MARCH 14, 2017..

A COPY IS ATTACHED OR A LINK IS INCLUDED:

SGD. VILMARY RODRIGUEZ PARDO
JUDGE

YOU ARE ADVISED THAT YOU BEING A PARTY OR LEGAL REPRESENTATIVE IN THE CASE SUBJECT TO THIS ORDER, YOU MAY FILE AN APPEAL, REVIEW OR CERTIORARI, ACCORDING TO THE PROCEDURE AND IN THE TERM ESTABLISHED BY LAW, RULE OR REGULATION.

I HEREBY CERTIFY THAT THE RULING ISSUED BY THE COURT WAS DULY ENTERED AND FILED TODAY, MARCH 16, 2017, AND THAT A COPY OF THIS NOTICE WAS SENT TO THE PERSONS STATED ABOVE, TO THEIR ADDRESSES ON RECORD IN THE CASE, IN ACCORDANCE WITH THE APPLICABLE REGULATIONS. ON THIS SAME DATE, A COPY OF THIS NOTICE WAS FILED IN THE COURT FILE.

NOTES TO THE CLERK:
ORDER TO TRANSFER
ORDER TO DISMISS DUE TO TRANSFER

94

*Certified Translation*

IN MAYAGÜEZ, PUERTO RICO, ON MARCH 16, 2017.

   ATTY. NORMA G. SANTANA IRIZARRY                   By: /s/ ROSA REYES LAGUER

_____       */s/ Rosa I. Reyes Laguer, Court Clerk I*
   NAME OF REGIONAL CLERK              NAME AND SIGNATURE OF DEPUTY
                                              CLERK OF COURT

OAT1812 – Single Notification Form – Judgments, Resolutions, Orders and Minutes (November 2016)

**-CERTIFIED-**

**To be a correct translation prepared
by me, to the best of my knowledge
and ability.**

**Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation**

95

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF LAW
COURT OF FIRST INSTANCE
MAYAGÜEZ DIVISION
COURTROOM 301

MARCH 16, 2017

MAIRA IVET FELICIANO ROSADO
BO. MANI
154 ELENA SEGARRA STREET
MAYAGÜEZ  PR  00680

RE:  CASE NO.: ISRF200601755

FELICIANO ROSADO, MAIRA IVET
V.
RODRIGUEZ GARCIA, ANIBAL

RE:  CRUEL TREATMENT

DEAR SIR (MADAM):

IN ACCORDANCE WITH THE ORDER TO TRANSFER ISSUED BY THE HONORABLE JUDGE VILMARY RODRIGUEZ PARDO ON MARCH 14, 2017, I AM SENDING YOU THE FILE OF THE ABOVE-CAPTIONED CASE.

I WOULD APPRECIATE YOUR SENDING ACKNOWLEDGMENT OF RECEIPT OF THE SAME, STATING THE NUMBER WITH WHICH IT HAS BEEN FILED IN THAT DIVISION.

CORDIALLY,

<u>ATTY. NORMA G. SANTANA IRIZARRY</u>
CLERK

*/s/ Rosa I. Reyes Laguer*
BY:  <u>ROSA REYES LAGUER</u>
COURT CLERK I

ATTY. OLGA LONGORIA VÉLEZ
149 ENRIQUE VÁZQUEZ BAEZ
MAYAGÜEZ  PR 00680

HUMACAO JUDICIAL CENTER
FAMILY AND MINOR RELATIONS
PO BOX 885
HUMACAO    PR 00792-0885

**-CERTIFIED-**

**To be a correct translation prepared
by me, to the best of my knowledge
and ability.**

*Annie Flores*

**Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation**

OAT 747 – LETTER SENDING FILE AS TRANSFER (REV. MAY 1992)

96

*Certified Translation*

IN MAYAGÜEZ, PUERTO RICO, ON MARCH 16, 2017.

ATTY. NORMA G. SANTANA IRIZARRY                    By: /s/ ROSA REYES LAGUER

_____          _*/s/ Rosa I. Reyes Laguer, Court Clerk I*___
NAME OF REGIONAL CLERK                    NAME AND SIGNATURE OF
                                                                       DEPUTY CLERK OF COURT

OAT1812 – Single Notification Form – Judgments, Resolutions, Orders and Minutes (November 2016)

**-CERTIFIED-**

**To be a correct translation prepared
by me, to the best of my knowledge
and ability.**

*Annie Flores*

**Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation**

*Certified Translation*

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGÜEZ
PO BOX 1210
MAYAGÜEZ PR 00681-1210



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 00681  $ 000.67⁰
02 1W
0001374905 MAR  1G  2017

# CONFIDENTIAL

00682S6123 C018

*Certified Translation*

*Exhibit 9*

### COMMONWEALTH OF PUERTO RICO
### COURT OF FIRST INSTANCE
### MAYAGÜEZ JUDICIAL CENTER
### SUPERIOR COURT

| | |
|---|---|
| **ANÍBAL RODRIGUEZ GARCIA**<br>**PLAINTIFF**<br><br>**V.**<br><br>**MAIRA IVET FELICIANO ROSADO**<br>**DEFENDANT** | **CASE NO. ISRF-2006-01752**<br><br>**COURTROOM NO. 301**<br><br>**RE: DIVORCE** |

### INFORMATIVE MOTION

**TO THE HONORABLE COURT:**

Comes now plaintiff, Aníbal Rodríguez García, through the undersigned legal representative, and before this Honorable Court very respectfully **States, Alleges and Prays:**

1. This Honorable Court entered Order on September 18, 2012, in which the above-captioned case was scheduled for next January 2, 2012.

2. Plaintiff has made multiple efforts to serve the aforementioned summons through our process server, Mrs. Suhail Tollinchi, and they have been fruitless. (See Exhibit I)

3. In view of this situation, said summons was sent by certified mail with return receipt #7012 0470 0000 1409 7712. (See Exhibit II)

WHEREFORE, we request that this Honorable Court take notice of the foregoing.

**RESPECTFULLY SUBMITTED.**

**I CERTIFY:** Having sent a true and exact copy of the preceding motion to defendant, Mrs. Maira Feliciano Rosado, P.O. Box 4471, Aguadilla, Puerto Rico 00603-4471.

In Mayagüez, Puerto Rico, on this 17th day of December, 2012.

[Signed]

99

*Certified Translation*

**OLGA LONGORIA VELEZ**
**LONGORIA LAW OFFICES**
**BAR ASSOC. MEMBER NO. 7822**
**NOTARY PUBLIC 6557**
**149 E. VAZQUEZ STREET**
**MAYAGÜEZ, PUERTO RICO 00680**
**TEL. AND FAX 265-1117**

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

/00

*Certified Translation*

*Exhibit 9b*

# COMMONWEALTH OF PUERTO RICO
# COURT OF FIRST INSTANCE
# MAYAGÜEZ JUDICIAL CENTER
# SUPERIOR COURT

| | |
|---|---|
| **ANÍBAL RODRIGUEZ GARCIA**<br>**PLAINTIFF**<br><br>**V.**<br><br>**MAIRA IVET FELICIANO ROSADO**<br>**DEFENDANT** | **CASE NO. ISRF-2006-01752**<br><br>**COURTROOM NO. 301**<br><br>**RE: DIVORCE** |

## MOTION REQUESTING THAT SUMMONS FOR CHILD SUPPORT BE ISSUED TO BE PUBLISHED BY EDICT

**TO THE HONORABLE COURT:**

Comes now plaintiff, Aníbal Rodríguez García, through the undersigned legal representative, and before this Honorable Court very respectfully **States, Alleges and Prays:**

1. This Honorable court entered orders on June 21, 2012 and August 14, 2012, wherein it summoned the parties for a provisional child support hearing on August 14 and September 6, 2012.

2. On both occasions our process server made efforts to serve the summons to defendant, but they were fruitless. (See Exhibit I)

3. In addition, defendant [sic] notified both orders by certified mail with return receipt #7008 1830 0003 6626 4918 and #7012 0470 0000 1409 7569, and today both envelopes were returned by the post office, since they were not claimed by defendant. (See Exhibit II)

4. Inasmuch as the orders to defendant were not served, this party requests that this Honorable Court issue the child support summons scheduled for September 6, 2012, to be published by edict.

**WHEREFORE,** we very respectfully request that this Honorable Court take notice of the foregoing and provide as requested.

**RESPECTFULLY SUBMITTED.**

**I CERTIFY:** Having sent today a true and exact copy of the preceding motion to

*Certified Translation*

defendant, Mrs. Maira Feliciano Rosado, P.O. Box 4471, Aguadilla, Puerto Rico 00603-4471.

    In Mayagüez, Puerto Rico, on September 10, 2012.

                         [Signed]
                         **OLGA LONGORIA VELEZ**
                         **LONGORIA LAW OFFICES**
                         **BAR ASSOC. MEMBER NO. 7822**
                         **NOTARY PUBLIC 6557**
                         **149 E. VAZQUEZ STREET**
                         **MAYAGÜEZ, PUERTO RICO 00680**
                         **TEL. AND FAX 265-1117**

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

[Signed]

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

*Certified Translation*

*Exhibit 9c*

## SWORN STATEMENT

I, **SUHAIL TOLLINCHI HOSTOS**, of legal age, single, process server and a resident of Añasco, Puerto Rico, state under oath:

1.     That my name and other personal circumstances are the foregoing.

2.     That on July 2, 2012, I received the child support summons in the case of Aníbal Rodríguez García v. Maira Feliciano Rosado, civil number ISRF-2006-01752.

3.     That said case is summoned for next September 6, 2012.

4.     That Mr. Aníbal Rodríguez informed me the address at 154 Elena Segarra Street, El Maní, Mayagüez, Puerto Rico, and told me that it was the residence of the parents of Mrs. Maira Feliciano Rosado, but that she was always there and that he did not know this party's current address.

5.     That on July 16, 2012, at 4:09 in the afternoon, I visited the aforementioned residence and spoke with the parents of Mrs. Maira Feliciano Rosado, who informed me that she was not there and alleged that they did not know their daughter's address.

6.     That the undersigned personally visited the aforesaid address on the following dates, but did not find Mrs. Maira Feliciano Rosado:

| | |
|---|---|
| July 17, 2012, at 3:25 pm | July 18, 2012, at 6:15 pm |
| July 18, 2012, at 8:10 am | July 19, 2012, at 4:10 pm |
| July 18, 2012, at 11:40 am | July 20, 2012, at 3:40 pm |
| July 18, 2012, at 2:37 pm | July 24, 2012, at 3:10 pm |

7.     That on July 31, 2012, I visited the Pedro Perea Fajardo Vocational High School in Mayagüez, and the security guard told me that all the school personnel started the next day.

8.     That on August 1, 2012, at 1:34 pm, I went to the Vocational High School in Mayagüez again and the security guard told me that Mrs. Maira Feliciano did not show up.

9.     That on August 2, 2012, at 8:10 am, I went back to the Vocational High School and personnel of said school told me that Mrs. Maira Feliciano was excused due to illness since March 2012.

10.     That on August 3, 2012, at 12:24 noon,  I visited the Vocational High School again and Mrs. Casilda told me that Mrs. Maira Feliciano was not going to return

*Certified Translation*

to work until September 2012, and that she was reported to the State Insurance Fund. That same day, Mrs. Wanda I. Alberon Morales, Director of said school, confirmed the information.   In addition, on that same day at 4:49 in the afternoon, I went to the residence of the parents of Mrs. Maira Feliciano Rosado and there was no one there.  I also went on two occasions to her residence at Victoria Apartments, Rd. 459 Km. 4.2, Calero Ward in Aguadilla.  The neighbors confirmed that Mrs. Maira Rosado lives in apartment #2 and that her vehicle, Toyota Corolla, license plate EDG-052 was in the parking lot but no one answered when I knocked on her door.

*Exhibit 9d*

11.     On August 29, 2012, at 8:34, I visited the Vocational High School and Mr. David Rivera, security guard, told me that Mrs. Maira Feliciano Rosado had not returned to work.  That day I also went to the residence of the parents of Mrs. Maira Feliciano Rosado and there was no one in the property.

12.     On August 29, 2012, at 7:48 pm, I went to the Victoria Apartments in Aguadilla.  Mrs. Maira Feliciano Rosado's apartment was in total darkness.  Her motor vehicle was not parked in the parking lot.

13.     On August 30, 2012, at 8:50 am, I went again to the residence of the parents of Mrs. Feliciano Rosado and spoke with her father who told me that her daughter was not there and asked me not to look for her there anymore because she did not live there.

14.     On September 4, 2012, the undersigned visited the Aguadilla City Hall and spoke with Mrs. Heriberta, and I went to the Aguadilla Police Station and spoke with Agent Pérez, badge 8-18604, and both of them told me that they did not know Mrs. Maira Feliciano Rosado.

15.     That same day I went to the Aguadilla Post Office and spoke with Mrs. Olga López and Mrs. Nydia Muñoz, who informed me that they were not authorized to give any information about anyone.

16.     That I execute this sworn statement for the purpose of certifying the negative service of Mrs. Maira Feliciano Rosado.

17.     That what I have stated above is the truth and nothing but the truth.

**AND IN WITNESS WHEREOF**, I sign these presents on this day, September 5, 2012.

**SUHAIL TOLLINCHI HOSTOS**

*104*

*Certified Translation*

**AFFIDAVIT NO.:   21,045**

Sworn to and subscribed before me by Mrs. **Suhail Tollinchi Hostos**, of the [aforementioned] personal circumstances and whom I know personally.

In Mayagüez, Puerto Rico, on this 5th day of September, 2012.

**NOTARY PUBLIC**

[Partly legible Notarial Seal]:
Roberto San[illeg.]
Attorney-Notary

[One Legal Assistance stamp]
51428-2012-0905-59575943 - $3
09/05/2012

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

*Annie Flores*

Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation

*Certified Translation*

*Exhibit 9e*

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## MAYAGÜEZ SUPERIOR COURT
## FAMILY RELATIONS DIVISION

| | |
|---|---|
| *ANIBAL RODRIGUEZ GARCIA* | CIVIL NO.: ISRF200601752 |
| V. | RE: |
| *MAYRA FELICIANO ROSADO* | DIVORCE |

## ORDER

**TO:** MRS. MAYRA FELICIANO ROSADO
THRU ATTY. OLGA LONGORIA VELEZ
149 ENRIQUE VAZQUE BAEZ STREET
MAYAGÜEZ, PR 00680

You are hereby ordered to appear before the Child Support Examiner on <u>*January 2, 2013*</u>, at <u>*8:30 AM Atty. Kiani Rodríguez Hernández*</u>, (New Judicial Center, 91 Hiram D. Cabassa Ave., Sabalos Ward, Mayagüez, PR, 4th floor, Hearing Courtroom 2).

You are being summoned in regard to your alleged obligation of providing child support for the child support receivers mentioned in the complaint at bar.  It is recommended that you appear with an attorney, because YOU MUST:

a. Fill out the Personal and Economic Information Return (PIPE) [Spanish acronym], that is being sent to you with this Order.
b. Present the same at the Office of the Clerk of the Court of First Instance, Mayagüez Superior Court, five (5) days before the hearing of the case.
c. Send a copy of the same to the other party, on your own or thru a legal representative, on or before *December 28, 2012*.

### IF YOU ARE THE MOVANT, YOU MUST ALSO:

a. Notify defendant of the hearing on or before <u>*December 28, 2012*</u>, pursuant to the Rules of Civil Procedure.
b. Submit the following documents:
   1) a copy of the Personal and Economic Information Return (PIPE)
   2) a copy of the child support complaint
   3) a blank copy of the PIPE to be filled out by you

*Certified Translation*

4) present and swear at the Office of the Clerk of the Court, the service of notice of the child support hearing.

In accordance with Article 15 of the Child Support Special Act, the information that you provide in the Return exposes you to the penalties inherent to the crime of perjury, if you were to lie therein.

If you do not appear at the hearing without just cause for it, the Hearing Examiner may hold the hearing and present his recommendations.

In Mayagüez, Puerto Rico, on   **September 18, 2012**.

**SGD. EDWIN R. NIEVES TROCHE**
SUPERIOR COURT JUDGE

**I CERTIFY**:  Having notified a copy of the foregoing to Mrs. Mayra Feliciano Rosado thru Atty. Olga Longoria Vélez, to her address of record, having filed the original in the court file on this same date.  In Mayagüez, Puerto Rico, on *September 18, 2012*.

*ATTY. NORMA I. SANTANA IRIZARRY*        **BY:**   *NOEMI LUGO DE ARROYO*
*REGIONAL CLERK*                                 *DEPUTY CLERK OF THE COURT*

[Illegible seal]

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation

107

*Certified Translation*                                                                                    *Exhibit 9f*

## SWORN STATEMENT

I, **SUHAIL TOLLINCHI HOSTOS,** of legal age, single, process server and a resident of Añasco, Puerto Rico, under oath state:

1.      That my name and other personal circumstances are the foregoing.

2.      That on November 14, 2012, I received the child support subpoena in the case of Aníbal Rodríguez García v. Mayra Feliciano Rosado, Civil No. ISRF-2006-01752.

3.      That said case is summoned for next January 2, 2012.

4.      That on November 25, 2012 at 11:40 am, November 27, 2012 at 10:55 am and December 8, 2012 at 3:00 pm, I visited the Victoria Apartment, Road 459, Km. 4.2 in the Calero Ward in Aguadilla, to serve the aforementioned Order, but said efforts were fruitless.

5.      That Mrs. Mayra Feliciano Rosado has a Toyota Corolla motor vehicle, license plate EDG-052, and said vehicle was not parked in the parking lot where Mrs. Feliciano lives.

6.      That on December 10, 2012, at 8:27 am, I visited the Mayagüez Vocational School, Mrs. Mayra Feliciano's place of work, and there I was informed by a secretary by the name of Monsie,  that Mrs. Feliciano was reported to the State Insurance Fund and that her father would come to pick up the check, but that she had no other information.

7.      That on several occasions I have passed by the residence of Mrs. Mayra Feliciano's parents at 154 Elena Segarra Street, El Maní in Mayagüez, Puerto Rico.

8.      That I make this sworn statement for the purpose of certifying the negative service of Mrs. Mayra Feliciano Rosado.

9.      That the aforestated is the truth and nothing but the truth.

**AND IN WITNESS WHEREOF,** I sign these presents on this 20th day of December, 2012.

[Signed]
**SUHAIL TOLLINCHI HOSTOS**

108

*Certified Translation*

**AFFIDAVIT NO:** 21,103

Sworn to and subscribed before me by Mrs. **Suhail Tollinchi Hostos**, of the personal circumstances [stated above], and whom I know personally.

In Mayagüez, Puerto Rico, on this 20th day of December, 2012.

[Notarial seal]:                              **NOTARY PUBLIC**
[illeg.] ROBERTO SANTOS
ATTORNEY-NOTARY

[One(1) Legal Assistance stamp]:
52525-2012-1217-48371608 - $5

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

*Annie Flores*

**Annie Flores**
**U.S. Certified Court Interpreter**
**M.A. in Translation**

*Certified Translation*

*Exhibit 10*

**COMMONWEALTH OF PUERTO RICO**
**DEPARTMENT OF THE FAMILY**
**FAMILY AND CHILDREN'S ADMINISTRATION**

ADFAN-SFN-109-A
OCTOBER 2007
REV. SEPTEMBER 2008

Original-Professional
Copy – Family File

**NOTICE OF ACTION TAKEN**
**WITH CHILD ABUSE REFERRAL**

RMO: ☐ ☐ ☐ ☐ ☐

Referral Number: ___R09-07-34732___

___06/14/2010___
Date

Mrs.: ___Mayra Feliciano___
___154 Elena Segarra Street___
___Maní Ward, Mayagüez, PR___

Pursuant to the provisions of Law No. 177 of August 1, 2003, as amended, known as the Children's Well-Being and Integral Protection Act, the Family and Children's Administration of the Department of the Family "shall investigate, require or refer so that the referred cases of abuse, institutional abuse, negligence and/or institutional negligence are investigated" (Article 4). For this purpose, the captioned referral was investigated with the following result:

☐ With legal basis, for which reason the minors' protection services will be offered at the local office of _____.

☒ Without legal basis.

☐ Completely false.

Rights and Duties:

1) Appeal:
If you understand that the decision of the agency has affected you adversely, or that the determination is not in accordance with the established rules and procedures, you have the right to submit an appeal before a Hearing Examiner of the agency. The appeal must be submitted within the next fifteen calendar days from the date of notice, with the Adjudicative Board of the Department of the Family, Box 11398, Santurce, Puerto Rico 00910. (Article 13, Regulation 6918 of December 20, 2004: Regulations for the Implementation of the Children's Well-Being and Integral Protection Act, Law No. 177 of August 1, 2003).

2) Rights of the Subject of the Report: (Article 10, Regulation 6918)
   • With legal basis
     Request a copy of the information which is in the Central Registry regarding your case. It will be approved if it is not contrary to the minor's best interests and measures are taken to protect the confidentiality of the person who reported the situation in good faith, or that cooperated during the investigation of the same.

*Certified Translation*

- **Without legal basis**
  Request that the report be amended or that your name be eliminated from the Central Registry.  You must submit your request in writing within the period of thirty days after receiving notification that there is no legal basis.  You may file your written request with the Family and Children's Administration, Central Registry, 58 Sevilla Plaza Building, PO Box 194090, San Juan, Puerto Rico 00910-4090.
  "If the request for information is denied, the person affected by the decision of the Clerk's Office, may turn to the Court of Appeals in a term not greater than thirty days from the date of notice of the final determination made". (Article 25, Law No. 177).

| *Norma E. Pagán* | [Signed] | / | 06/14/2010 |
|---|---|---|---|
| Name of TS / TSF [Social Worker] | Signature | Lic. No. | Date |

| [Illegible] | [Illegible signature] | 9345 | |
|---|---|---|---|
| Name of Supervisor | Signature | Lic. No. | Date |

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

*Annie Flores*

Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation

*Certified Translation*

*Exhibit 10b*

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF THE FAMILY
FAMILY AND CHILDREN'S ADMINISTRATION

ADFAN-SFN-109-A
OCTOBER 2007
REV. SEPTEMBER 2008

Original-Professional
Copy – Family File

## NOTICE OF ACTION TAKEN
## WITH CHILD ABUSE REFERRAL

RMO: ☐ ☐ ☐ ☐ ☐

Referral Number:  R10-09-41625

10/13/2011
Date

Mrs.: MARGARITA FELICIANO ROSADO
MANI WARD
154 ELENA SEGARRA STREET
MAYAGÜEZ, PR       00680

Pursuant to the provisions of Law No. 177 of August 1, 2003, as amended, known as the Children's Well-Being and Integral Protection Act, the Family and Children's Administration of the Department of the Family "shall investigate, require or refer so that the referred cases of abuse, institutional abuse, negligence and/or institutional negligence are investigated" (Article 4). For this purpose, the captioned referral was investigated with the following result:

☐ With legal basis, for which reason the minors' protection services will be offered at the local office of _____ N/A _____.

☐ Without legal basis.

☐ Completely false.

Rights and Duties:

3)  Appeal:
If you understand that the decision of the agency has affected you adversely, or that the determination is not in accordance with the established rules and procedures, you have the right to submit an appeal before a Hearing Examiner of the agency.  The appeal must be submitted within the next fifteen calendar days from the date of notice, with the Adjudicative Board of the Department of the Family. Box 11398, Santurce, Puerto Rico 00910.   (Article 13, Regulation 6918 of December 20, 2004;   Regulations for the Implementation of the Children's Well-Being and Integral Protection Act, Law No. 177 of August 1, 2003).

4)  Rights of the Subject of the Report:  (Article 10, Regulation 6918)
   • With legal basis
     Request a copy of the information which is in the Central Registry regarding your case.  It will be approved if it is not contrary to the minor's best interests and

112

*Certified Translation*

measures are taken to protect the confidentiality of the person who reported the situation in good faith, or that cooperated during the investigation of the same.

- Without legal basis
  Request that the report be amended or that your name be eliminated from the Central Registry. You must submit your request in writing within the period of thirty days after receiving notification that there is no legal basis. You may file your written request with the Family and Children's Administration, Central Registry, 58 Sevilla Plaza Building, PO Box 194090, San Juan, Puerto Rico 00910-4090.
  "If the request for information is denied, the person affected by the decision of the Clerk's Office, may turn to the Court of Appeals in a term not greater than thirty days from the date of notice of the final determination made". (Article 25, Law No. 177).

| Mrs. Awilda Detrés Rosado | [Signed] | 105317 | 10/13/2011 |
|---|---|---|---|
| Name of TS / TSF [Social Worker] | Signature | Lic. No. | Date |

| [Illegible] | /s/ Gloria Ruiz | 8843 | 10/25/2011 |
|---|---|---|---|
| Name of Supervisor | Signature | Lic. No. | Date |

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

*Annie Flores*

Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation

*Certified Translation*

*Exhibit 10c*

OMMONWEALTH OF PUERTO RICO
DEPARTMENT OF THE FAMILY
FAMILY AND CHILDREN'S ADMINISTRATION

ADFAN-SFN-109-A
OCTOBER 2007
REV. SEPTEMBER 2008

Original-Professional
Copy – Family File

## NOTICE OF ACTION TAKEN
## WITH CHILD ABUSE REFERRAL

RMO: ☐ ☐ ☐ ☐ ☐ ☐

Referral Number:  _R09-07-34732_

_06/14/2010_
Date

Mrs.:  _Mayra Feliciano_
_154 Elena Segarra Street_
_Maní Ward, Mayagüez, PR_

Pursuant to the provisions of Law No. 177 of August 1, 2003, as amended, known as the Children's Well-Being and Integral Protection Act, the Family and Children's Administration of the Department of the Family "shall investigate, require or refer so that the referred cases of abuse, institutional abuse, negligence and/or institutional negligence are investigated" (Article 4). For this purpose, the captioned referral was investigated with the following result:

☐ With legal basis, for which reason the minors' protection services will be offered at the local office of _____.

☒ Without legal basis.

☐ Completely false.

Rights and Duties:

5) Appeal:
If you understand that the decision of the agency has affected you adversely, or that the determination is not in accordance with the established rules and procedures, you have the right to submit an appeal before a Hearing Examiner of the agency. The appeal must be submitted within the next fifteen calendar days from the date of notice, with the Adjudicative Board of the Department of the Family, Box 11398, Santurce, Puerto Rico 00910. (Article 13, Regulation 6918 of December 20, 2004: Regulations for the Implementation of the Children's Well-Being and Integral Protection Act, Law No. 177 of August 1, 2003).

6) Rights of the Subject of the Report: (Article 10, Regulation 6918)
- With legal basis
Request a copy of the information which is in the Central Registry regarding your case. It will be approved if it is not contrary to the minor's best interests and measures are taken to protect the confidentiality of the person who reported the situation in good faith, or that cooperated during the investigation of the same.