**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| CARLOS LAMOUTTE,<br><br>Movant,<br><br>-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>on its own behalf and as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Respondent. | **Re: ECF No. 20873** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO MOTION TO INTERVENE AND TO INFORM THE EXISTENCE AND CONTINUANCE OF AN UNRESOLVABLE CONFLICT OF INTEREST IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ., AND PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF O'NEILL & BORGES, LLC AS LEGAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND (B) THE DISALLOWANCE AND <u>DISGORGEMENT OF LEGAL FEES</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................................. 1

BACKGROUND ................................................................................................................................... 3

ARGUMENT ........................................................................................................................................ 7

CONCLUSION ................................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) .................................................................................................. 10

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) .................................................................................................. 10

**STATUTES**

48 U.S.C. §§ 2101-2241 ....................................................................................................... 1

7 P.R. Laws § 611a ............................................................................................................... 9

PROMESA § 101 ................................................................................................................. 9

PROMESA § 204 ............................................................................................................. 4, 8

PROMESA § 306 ........................................................................................................ 1, 7, 8

Pub. L. No. 117-82 ..................................................................................................... 2, 8, 11

**OTHER AUTHORITIES**

P.R. Dist. Ct. Local Rule 3A ................................................................................................ 7

Marian Díaz, *Cientos de empresarios le exigen a la Junta Fiscal que evalúe
    controvertido contrato aprobado por el Banco de Desarrollo Económico*
    [*Hundreds of businessmen demand that the Financial Oversight Board evaluate
    the controversial contract approved by the Economic Development Bank*], El
    Nuevo Día (June 10, 2021), https://www.elnuevodia.com/negocios/banca-
    finanzas/notas/cientos-de-empresarios-le-exigen-a-la-junta-fiscal-que-evalue-
    controvertido-contrato-aprobado-por-el-banco-de-desarrollo-economico/ ................... 10

Marian Díaz, Multan al Banco de Desarrollo Económico por incumplir con descubrimiento
    de prueba en el caso de compraventa de su cartera de préstamos [Economic
    Development Bank is fined for failing to comply with discovery in loan portfolio buy-
    sell case], El Nuevo Día (Apr. 18, 2022), https://www.elnuevodia.com/negocios/banca-
    finanzas/notas/multan-al-banco-de-desarrollo-economico-por-incumplir-con-
    descubrimiento-de-prueba-en-el-caso-de-compraventa-de-su-cartera-de-prestamos/ .............................. 10

Joanisabel González, *Refieren a Justicia perdidosa transacción del Banco de Desarrollo
    Económico [Lost Economic Development Bank transaction referred to justice]*, El
    Nuevo Día (Sept. 23, 2019),
    https://www.elnuevodia.com/noticias/locales/notas/refieren-a-justicia-perdidosa-
    transaccion-del-banco-de-desarrollo-economico/ ............................................................. 4

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response and opposition (the "Opposition") to the *Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) The Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* [ECF No. 20873] (the "Motion"), filed May 19, 2022 by Carlos Lamoutte ("Mr. Lamoutte"). In support of its Opposition, the Oversight Board respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Motion should be dismissed for lack of subject matter jurisdiction under PROMESA Title III section 306(a). The Oversight Board reserves its rights to request sanctions for Mr. Lamoutte's baseless allegations designed to mislead the judicial process into exercising nonexistent jurisdiction and to undermine the Oversight Board's carrying out of its statutory duties.

2. In this Title III case, the Oversight Board is the Title III representative of the Commonwealth as a Title III debtor. In that capacity, the Oversight Board retains O'Neill & Borges, LLC ("OB") to represent the Oversight Board as the Commonwealth's Title III representative. Outside of this Title III case, in its own capacity as the Oversight Board, the Oversight Board retains OB to represent it in connection with covered entities that are not Title III debtors. Mr. Lamoutte's

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1

Motion complains about OB's alleged services to the Oversight Board in connection with a transaction involving a covered entity that is not a Title III debtor, the Economic Development Bank of Puerto Rico ("EDB"). Put differently, if the Court were to grant the relief Mr. Lamoutte requests and disqualify OB in this Title III case and to order the disgorgement of all OB's Title III fees, those remedies would not impact the Oversight Board's retention of OB outside Title III for covered entities such as EDB. OB would still represent the Oversight Board in its own capacity in connection with non-Title III debtors. Indeed, the dispute Mr. Lamoutte raises in connection with EDB would exist regardless of whether the Commonwealth Title III case were ever commenced. Thus, Mr. Lamoutte's dispute does not arise in the Commonwealth's Title III case and is not in any way governed by Title III. The *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA") and the List of Material Interested Parties (the "MIP List") PRRADA requires have nothing whatsoever to do with Mr. Lamoutte's dispute.

3. Notably, in his Motion, Mr. Lamoutte nowhere discloses his role. From other filings, however, it is clear that he is an attorney for borrowers from EDB. *See La Sociedad Legal de Bienes Gananciales Compuesta Ambos y Otros v. Banco de Desarrollo Económico para Puerto Rico y Otros*, Case No. SJ2020CV04491 (the "Borrower Action"). His clients object to EDB's sale of its loan portfolio because the purchaser wants to collect on the loans they purchased. Mr. Lamoutte has repeatedly tried to use the Oversight Board to achieve his clients' litigation goals by, among other things, sending numerous requests to the Oversight Board urging that it review the Loan Portfolio Agreement pursuant to its contract review policy and then take action to invalidate the Loan Portfolio Sale. *See* ¶¶ 15-17, *infra*. As discussed in more detail below, the Oversight Board did not engage in such a review because, by the time it learned of the contract at issue, the EDB was already undertaking efforts to invalidate the Loan Portfolio Sale. In any event, Mr. Lamoutte, as an attorney, does not even have standing to propound his motion. And, separately, the Court lacks jurisdiction

2

regardless of his standing.

4. To deprive the Oversight Board of its chosen and longtime Puerto Rico counsel, Mr. Lamoutte contends without even attempting to provide a factual predicate that OB, together with Oversight Board staff and a retained advisor, concealed OB's purported conflict of interest from this Court and the U.S. Trustee, allegedly in violation of PRRADA, Mot. ¶¶ 3, 11, which has no application outside Title III. But the absence of certain entities on the MIP List in the disclosures reflects no effort to conceal but, rather, the fact those entities have no place on the disclosure list as they are not creditors or other parties in interest in the Title III cases.

5. Indeed, given the patent lack of merit, Mr. Lamoutte's Motion appears to be an attempt to embarrass OB and the Oversight Board with false allegations in the hope that will somehow prevent the loan portfolio purchaser from collecting on the loans. As shown below and in the declaration of Valerie Maldonado, attached hereto as Exhibit A, (a) EDB's loan sale was not disclosed and provided to the Oversight Board to review prior to its execution, (b) when the Oversight Board learned of EDB's loan sale nearly a year after the fact, EDB had already begun to take steps to nullify the sale, ultimately filing a lawsuit seeking to have the transaction nullified, (c) the Oversight Board did not review EDB's loan sale due to the pending litigation, and (d) OB had nothing to do with the Oversight Board's decision to await the outcome of the litigation.

6. In short, Mr. Lamoutte's motion is without merit both on the law and the facts. His Motion should be denied.

**BACKGROUND**

7. On May 9, 2017, the Oversight Board, as Title III representative of the Commonwealth, commenced the Commonwealth's Title III case with this Court.

8. EDB is not and has never been a Title III debtor. On October 30, 2016, the Oversight Board designated public corporations, including EDB, as "covered territorial instrumentalities," as

3

shown on the Oversight Board's publicly available website.

9. If the Commonwealth's Title III case were never filed, the dispute between Mr. Lamoutte's clients, EDB, and the Oversight Board would still exist. Nothing in Title III governs the dispute between Mr. Lamoutte's clients, EDB, and the Oversight Board.

10. On September 7, 2018, the EDB sold a commercial loan portfolio (the "Loan Portfolio Sale") valued at $384,269,047 to PR Recovery and Development JV, LLC and PR Recovery and Development REO, LLC (together, the "Purchasers"). The agreement executing the sale (the "Loan Portfolio Agreement") was not submitted to the Oversight Board for review prior to its execution. That was in violation of the Oversight Board's policy, issued pursuant to PROMESA § 204(b), requiring certain contracts be submitted for review prior to execution (the "Policy"). *See* Maldonado Decl., Ex. 1, Sept. 29, 2019 Ltr. N. Jaresko to L. Fernández Trinchet.

11. On September 29, 2019, after learning of the Loan Portfolio Sale from press reports,[3] the Oversight Board contacted EDB to inquire about the transaction and to understand why the Loan Portfolio Agreement was not submitted for Oversight Board review. *See* Maldonado Decl., Ex. 1.

12. Although the EDB did provide the Loan Portfolio Sale agreement to the Oversight Board, it did not ask the Oversight Board to approve the contract. Rather, on November 7, 2019, the EDB initiated proceedings with the Commonwealth court to have the Loan Portfolio Sale nullified. *See Banca de Desarrollo Económico de Puerto Rico v. Garnet Capital Advisors, LLC*, Case No. SJ2019CV11697 (the "EDB Action").[4] That case remains pending. In light of the pending litigation, the Oversight Board has not reviewed the Loan Sale Agreement. *See* Maldonado Decl. ¶

---

[3] *See, e.g.*, Joanisabel González, *Refieren a Justicia perdidosa transacción del Banco de Desarrollo Económico* [*Lost Economic Development Bank transaction referred to justice*], El Nuevo Día (Sept. 23, 2019), https://www.elnuevodia.com/noticias/locales/notas/refieren-a-justicia-perdidosa-transaccion-del-banco-de-desarrollo-economico/.

[4] Mr. Lamoutte sought to intervene on behalf of the plaintiffs in the Borrower Action, but that motion was denied. *See* EDB Action, Dkt. No. 40.

4

19.

13. Mr. Lamoutte represents numerous parties who received loans from the EDB, and whose loans were included in the portfolio sold to the Purchasers. Since the Purchasers began collection efforts on Mr. Lamoutte's clients' loans, Mr. Lamoutte has sought to invalidate the sale, which might have the collateral effect of delaying or otherwise impacting his clients' repayment obligations.

14. Mr. Lamoutte also attempted to enlist the Oversight Board in his efforts. Among other things, Mr. Lamoutte sent correspondence to the Oversight Board on September 10, 2020, September 22, 2020, and October 16, 2020, informing the Oversight Board of the existence of the Borrower Action, in which Mr. Lamoutte is lead counsel, *see* Maldonado Decl. ¶ 9, and the EDB Action, both of which seek to invalidate the Loan Portfolio Sale. *See* Maldonado Decl., Ex. 3, Sept. 10, 2020 Letter C. Lamoutte to J. El Koury and N. Jaresko; Maldonado Decl., Ex. 4, Sept. 22, 2020 Letter C. Lamoutte to J. El Koury and N. Jaresko; Maldonado Decl., Ex. 6, Oct. 16, 2020 Email C. Lamoutte to J. El Koury, *et al*. Mr. Lamoutte's correspondence also alleges that OB represented the "Buyer" (as defined in the Loan Sale Agreement), and questions why the Oversight Board had not reviewed the Loan Portfolio Sale prior to its execution. *See, e.g.*, Maldonado Decl., Ex. 6, Oct. 16, 2020 Email C. Lamoutte to J. El Koury, *et al*.

15. The Oversight Board responded via letters dated September 24, 2020 and October 23, 2020. *See* Maldonado Decl., Ex. 5, Sept. 24, 2020 Ltr. J. El Koury to C. Lamoutte; Maldonado Decl., Ex. 7, Oct. 23, 2020 Ltr. J. El Koury to C. Lamoutte. In those letters, the Oversight Board informed Mr. Lamoutte it did not review or approve the Loan Sale Agreement prior to its execution, and that it understood OB did not represent the Buyer in connection with the Loan Portfolio Sale.[5]

---

[5] A partner at O'Neill & Borges is listed as a notice party for the Buyer. However, the Oversight Board understands OB did not represent the Buyer. *See* Maldonado Decl. ¶ 20. In any event, the Oversight Board did not involve OB in any discussion of the Loan Sale Agreement and OB did not

5

16. Unsatisfied, Mr. Lamoutte sent additional correspondence to the Oversight Board on January 27, 2021, June 9, 2021, June 12, 2021, June 22, 2021, and July 2, 2021, requesting the Oversight Board initiate a formal review of the Loan Sale Agreement and threatening to initiate legal action if such a review were not conducted. *See* Maldonado Decl., Ex. 8, Jan. 27, 2021 Email C. Lamoutte to J. El Koury and N. Jaresko; Maldonado Decl., Ex. 10, June 9, 2021 Ltr. C. Lamoutte to J. El Koury and N. Jaresko; Maldonado Decl., Ex. 11, June 12, 2021 Ltr. C. Lamoutte to D. Skeel, *et al.*; Maldonado Decl., Ex. 12, June 22, 2021 Ltr. C. Lamoutte to J. El Koury and N. Jaresko; Maldonado Decl., Ex. 14, July 2, 2021 Ltr. C. Lamoutte to J. El Koury and N. Jaresko. The Oversight Board responded on February 22, 2021 and June 26, 2021, informing Mr. Lamoutte that it would not comment on matters relating to the Loan Sale Agreement because of the pending litigation, and reiterating that it did not review or approve the Loan Sale Agreement prior to its execution, and OB did not represent the Buyer in connection with the Loan Sale Agreement. *See* Maldonado Decl., Ex. 9, Feb. 22, 2021 Ltr. J. El Koury to C. Lamoutte; Maldonado Decl., Ex. 13, June 26, 2021 Ltr. J. El Koury to C. Lamoutte.

17. On July 8, 2021, R&D Master Enterprises, Inc., Pro Pave Corp., Matrix Transport Inc., José A. Rovira González, and Maria Magdalena Díaz Vila, all borrowers of the EDB and clients of Mr. Lamoutte, filed a complaint against the Oversight Board and its former executive director, Natalie Jaresko, with the United States District Court for the District of Puerto Rico. *See* Case No. 3:21-cv-01317-RAM, ECF No. 1 ("*R&D Master Enterprises*"). Notably, the action was not filed with the Title III Court and within the Commonwealth Title III case.[6] In their complaint, plaintiffs

---

provide advice to the Oversight Board in connection with the Loan Sale Agreement, including the Oversight Board's decision to defer its review of the contract until the EDB's legal efforts to nullify the agreement conclude. *See* Maldonado Decl. ¶ 19.

[6] The Oversight Board sought to have the case transferred to the Title III Court, pursuant to both PROMESA § 306 and Local Rule 3A. *R&D Master Enterprises*, ECF No. 8. The motion to transfer was opposed by the Plaintiffs in that case—who are Mr. Lamoutte's clients—and ultimately denied.

6

sought, *inter alia*, an order compelling the Oversight Board to either approve or reject the Loan Sale Agreement. *Id.* at 15-16. Each plaintiff in *R&D Master Enterprises* is also a plaintiff in the Borrower Action. The *R&D Master Enterprises* matter was dismissed on April 12, 2022. *R&D Master Enterprises*, ECF No. 33, 34.

18. On April 9, 2022, Mr. Lamoutte sent a letter to the U.S. Trustee reiterating his unsupported assertions that OB had represented the Buyer in connection with the Loan Sale Agreement and contending OB had somehow violated PRRADA by failing to disclose that representation to the Title III Court. On May 18, 2022, OB sent a letter to the U.S. Trustee responding to Mr. Lamoutte's letter and informing the U.S. Trustee that EDB is not a Title III debtor, and PRRADA therefore bears no relationship to the EDB or the Purchasers.

19. This Motion followed.

**ARGUMENT**

20. Mr. Lamoutte has filed the Motion contending OB's failure to disclose its alleged relationship with the Purchasers violates PRRADA. He also falsely accuses Oversight Board staff members and consultants—namely, General Counsel Jaime A. El Koury and Independent Ethics Advisor Andrea Bonime-Blanc—of assisting OB in the alleged "ongoing concealment of [its] unresolvable conflict of interest." *Id.* ¶¶ 3, 11. The Motion should be denied because (a) the Court lacks subject matter jurisdiction over a dispute between two non-Title III debtor third parties that does not arise in the Title III case and is not governed by Title III, (b) Mr. Lamoutte lacks constitutional standing because he was not injured and the remedy he seeks would have no impact on OB's representation of the Oversight Board outside Title III cases, and (c) Mr. Lamoutte's factual allegations are false in any event.

21. *First*, PROMESA grants this Court subject matter jurisdiction over "all cases under

---

*Id.*, ECF No. 15, 25.

7

[Title III]," as well as actions "arising in or related to cases under [Title III]." PROMESA § 306(a). PRRADA likewise applies only in Title III Cases. *See* PRRADA § 2(b)(1). But, Mr. Lamoutte's clients' dispute arises outside Title III. PRRADA imposes disclosure requirements on professionals who seek compensation "*[i]n a case commenced under section 304 of PROMESA (48 U.S.C. 2164)*." PRRADA § 2(b)(1) (emphasis added). It imposes no such disclosure requirements with respect to the Oversight Board's retention of professionals outside Title III cases in respect of actions pursuant to other provisions of PROMESA or professional services provided in any non-Title III Case context.[7] As such, in addition to the other bases for why the Motion should be denied, discussed below, this Court lacks subject matter jurisdiction over Mr. Lamoutte's Motion which compels the Motion be dismissed.

22. Mr. Lamoutte contends (1) EDB "is a covered instrumentality of the Commonwealth," Mot. ¶ 6, and (2) ongoing litigation seeking to declare the Loan Portfolio Sale null and void "creates value for the Commonwealth and also creates claims against the Commonwealth," Mot. ¶ 19. That EDB is a covered entity is immaterial. And, even if EDB were a subsidiary of the Commonwealth, it would not matter. Non-Title III subsidiaries are not subject to Title III, just as a chapter 11 debtor's non-Title 11 subsidiaries are not subject to chapter 11. Such subsidiaries receive neither the benefits, such as the automatic stay, nor the obligations, such as the disclosure obligations. Rather, EDB is a public corporation that has "its own legal personality and existence apart from the Commonwealth of Puerto Rico and any of its agencies, instrumentalities, or public corporations." 7 P.R. Laws §

---

[7] The gravamen of Mr. Lamoutte's Motion is that the Oversight Board should review the Loan Portfolio Sale pursuant to its contract review policy issued pursuant to PROMESA § 204(b)(2). That allegation unquestionably relates to an exercise of the Oversight Board's powers pursuant to **Title II** of PROMESA—and PRRADA imposes no requirement that the Oversight Board or its advisors make disclosures with respect to its exercise of Title II powers. Indeed, the Oversight Board's authority to review the Loan Portfolio Sale would exist even if no Title III Cases were pending, and therefore, no disclosures related to the Loan Portfolio Sale were required pursuant to PRRADA.

8

611a.[8] Its "debts, obligations, contracts, notes, receipts, expenses, accounts, funds, enterprises and properties . . . [are] its sole responsibility and not the responsibility of the Commonwealth of Puerto Rico, its agencies, instrumentalities and public corporations." *Id.* Mr. Lamoutte's clients' dispute with the EDB, and with OB's alleged representation of the Purchasers in connection with the Loan Portfolio Sale, is purely a dispute between third party, non-Title III debtor entities. Because the Motion is neither a case pursuant to Title III, nor an action arising in or related to a Title III case, the Court lacks subject matter jurisdiction to consider it. Mr. Lamoutte's assertion that a declaration voiding the Loan Portfolio Sale would either create value for or claims against the Commonwealth, even if true, does not render EDB subject to PRRADA or manufacture subject matter jurisdiction over his Motion.

23. Mr. Lamoutte's false and inflammatory assertion that Mr. El Koury and Ms. Bonime-Blanc intentionally concealed any information from the Title III Court—in addition to being lodged without even a hint of factual support—is impossible because the purported information Mr. Lamoutte claims was concealed was not subject to a PRRADA disclosure requirement in the first place.[9] Mr. Lamoutte objects to OB's alleged representation of a Purchaser in connection with the

---

[8] Mr. Lamoutte appears to believe that because the Oversight Board designated the EDB to be a "covered territorial instrumentality," it is part of the Commonwealth and the concluded Commonwealth Title III case. Those concepts are immaterial. The only material fact is EDB is not a Title III debtor. As noted in PROMESA, covered territorial instrumentalities can include public agencies and corporations. *See* PROMESA §§ 101(d)(A), 5(7), (19).

[9] Mr. Lamoutte's false allegations without support strongly suggest he has not complied with duties as a member of the Puerto Rico bar and as an attorney appearing before this court. It is also unfortunate that many of Mr. Lamoutte's allegations—even though wholly unsupported—have been parroted in the press and on social media, causing damage to Mr. El Koury and Ms. Bonime-Blanc. *See, e.g.*, Marian Díaz, *Cientos de empresarios le exigen a la Junta Fiscal que evalúe controvertido contrato aprobado por el Banco de Desarrollo Económico* [*Hundreds of businessmen demand that the Financial Oversight Board evaluate the controversial contract approved by the Economic Development Bank*], El Nuevo Día (June 10, 2021), https://www.elnuevodia.com/negocios/banca-finanzas/notas/cientos-de-empresarios-le-exigen-a-la-junta-fiscal-que-evalue-controvertido-contrato-aprobado-por-el-banco-de-desarrollo-economico/; Marian Díaz, *Multan al Banco de Desarrollo Económico por incumplir con descubrimiento de prueba en el caso de compraventa de*

Loan Sale Agreement—which took place entirely outside the Title III Cases. Mr. El Koury and Ms. Bonime-Blanc therefore could not have concealed anything about the Purchasers because PRRADA simply does not apply to EDB.

24. *Second*, Mr. Lamoutte cannot establish constitutional standing to bring his Motion. Standing is an "essential . . . part of the case-or-controversy requirement of Article III;" if Mr. Lamoutte lacks standing, this Court lacks subject-matter jurisdiction, and the Motion must be dismissed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, Plaintiffs must allege injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted); *see also Lujan*, 504 U.S. at 560–61. The burden of establishing these elements lies with Mr. Lamoutte. *Id.* But, Mr. Lamoutte has not—and cannot—establish any of these elements.

25. Mr. Lamoutte's Motion does not allege any injuries suffered by Mr. Lamoutte himself, let alone the "concrete, particularized, and actual or imminent injury" "fairly traceable to the challenged action" required to confer standing. *Clapper*, 568 U.S. at 409. The Motion contends (1) OB "intentionally incurred in an unresolvable conflict of interest to financially benefit several private clients . . . to the corresponding economic detriment of . . . the Commonwealth," and (2) "several executives of the Oversight Board have assisted [OB's] attorneys in the ongoing concealment of" that alleged conflict of interest. Mot. ¶¶ 2-3. The Motion nowhere explains, however, how either OB's alleged conflict of interest or the alleged concealment of that purported conflict of interest result

---

*su cartera de préstamos* [*Economic Development Bank is fined for failing to comply with discovery in loan portfolio buy-sell case*], El Nuevo Día (Apr. 18, 2022), https://www.elnuevodia.com/negocios/banca-finanzas/notas/multan-al-banco-de-desarrollo-economico-por-incumplir-con-descubrimiento-de-prueba-en-el-caso-de-compraventa-de-su-cartera-de-prestamos/.

10

in injury to Mr. Lamoutte, let alone how any such injury is traceable to the challenged conduct. And, even if Mr. Lamoutte were able to articulate any such injury, he cannot demonstrate how that injury would be redressable by the relief he seeks. The Motion asks this Court to disqualify OB in the Title III cases, and to order the disallowance or disgorgement of all fees paid to OB. Such an order would have no impact on OB's representation of the Oversight Board in matters outside the Title III cases—including OB's representation of the Oversight Board in matters relating to the contract review process.[10]

26. *Third*, Mr. Lamoutte's accusations also fail because they lack any factual foundation. Mr. Lamoutte contends (1) "several executives of the Oversight Board have assisted [OB's] attorneys in the ongoing concealment of O&B's unresolvable conflict of interest, including, but not limited to, [Mr. El Koury and Ms. Bonime-Blanc]," Mot. ¶ 3, and (2) Mr. El Koury and Ms. Andrea Bonime-Blanc "jointly owe a fiduciary duty to the Oversight Board and to the Commonwealth that they conjointly failed to discharge in the Title III Case, by preferring to enable and to conceal [the Loan Portfolio Sale] from the Title III Court and the U.S Trustee." Mot. ¶ 11. Both allegations are false and devoid of any factual support—because there is none.[11]

---

[10] To be clear, and as noted above, OB has had no role in advising the Oversight Board with regard to the Loan Portfolio Sale.

[11] Indeed, although Mr. Lamoutte objects to the Oversight Board's failure to include the Purchasers on the List of Material Interested Parties (the "MIP List") required by PRRADA, there is no reason that the Purchasers in the Loan Portfolio Sale would have been on the MIP List. PRRADA requires the MIP List to include the debtor, any creditor, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, as well as the Oversight Board and its members, Executive Director, and employees. *See* PRRADA § 2(c)(2). As the Oversight Board explained in its *Motion of Financial Oversight and Management Board for Puerto Rico Requesting Order Approving Proposed List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* [ECF No. 20194], the Oversight Board created a MIP List that complies with PRRADA based on a review of (1) creditors who had filed proofs of claim exceeding certain materiality thresholds, and (2) other parties in interest in the Title III cases, including the Debtors, the Oversight Board's members and staff, personnel at the US Trustee, retained professionals, members of the statutory committees, and parties to the Plan Support Agreements. The Purchasers did not file proofs of claim in the Title III Cases, and they do not otherwise fall into any of the enumerated categories. Thus, they were properly

11

27. Indeed, as the Oversight Board has already repeatedly explained to Mr. Lamoutte, the Oversight Board investigated Mr. Lamoutte's allegations and found them to lack a basis in fact. Contrary to Mr. Lamoutte's representations, the Oversight Board has been informed OB never represented any *Purchaser* in the Loan Portfolio Sale. *See* Maldonado Decl. ¶ 20. Further, OB was never asked to and did not provide legal advice or any input to the Oversight Board in connection with its decision regarding whether to review the Loan Portfolio Sale agreement. *Id.* ¶¶ 8, 19, 20. OB's representation therefore in no way justifies Mr. Lamoutte's effort to deprive the Board of the Puerto Rico counsel that it has worked with closely and relied upon heavily for over five years.

## CONCLUSION

28. For the foregoing reasons, the Motion should be denied in its entirety.

*[Remainder of Page Intentionally Left Blank]*

---

not included on the MIP List and the contention they were purposely "concealed" has no basis in fact.

Dated: June 2, 2022
San Juan, Puerto Rico

/s/ Luis F. del Valle-Emmanuelli
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

**OF COUNSEL FOR
A&S LEGAL STUDIO, PSC**
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260


/s/ Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com

Guy Brenner (*pro hac vice*)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899
Email: gbrenner@proskauer.com

Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
Email: lstafford@proskauer.com

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, on its*

13

*own behalf and as representative of the
Commonwealth of Puerto Rico*

14

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

>	*/s/ Luis F. del Valle Emmanuelli*
>	Luis F. del Valle Emmanuelli