# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.,*<br><br>                         Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| CARLOS LAMOUTTE,<br><br>    Movant,<br><br>       -against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>on its own behalf and as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>                        Respondent. | **Re: ECF No. 20873** |

**DECLARATION OF VALERIE MALDONADO IN RESPECT OF RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO MOTION TO INTERVENE AND TO INFORM THE EXISTENCE AND CONTINUANCE OF AN UNRESOLVABLE CONFLICT OF INTEREST IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ., AND PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF O'NEILL & BORGES, LLC AS LEGAL COUNSEL TO THE**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND (B) THE DISALLOWANCE AND DISGORGEMENT OF LEGAL FEES**

I, Valerie Maldonado, hereby declare and state as follows:

1. I am currently the Senior Legislative and Regulatory Review Counsel at the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the sole Title III representative of debtor the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). I have been employed by the Oversight Board from October 1, 2019, through the present. Among my many duties for the Oversight Board, I have provided support for the contract review process, and I review legislation and proposed bills to ensure compliance with PROMESA and the Oversight Board's fiscal plans and budgets.

2. I submit this declaration (the "Declaration") in connection with the *Response of the Financial Oversight and Management Board for Puerto Rico to Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) The Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowance and Disgorgement of Legal Fees* (the "Opposition"). I have read and reviewed the *Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) The Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowance and Disgorgement of Legal Fees* [ECF No. 20873] (the "Motion"), filed May 19, 2022 by Carlos Lamoutte ("Mr. Lamoutte").

3. Except as otherwise indicated, the facts set forth below are based on my personal knowledge, my understanding of information shared with me by members of the Oversight Board or employees of the Oversight Board, my review of relevant documents, my understanding of information provided to me by advisors of the Commonwealth, and my beliefs based upon my familiarity with the matters described herein.

4. The Oversight Board retains O'Neill & Borges, LLC ("OB") to represent the Oversight Board in various matters, including as the Commonwealth's representative in its Title III case filed pursuant to PROMESA. Outside of the Commonwealth's Title III case, in its own capacity as the Oversight Board, the Oversight Board retains OB to represent it in the fulfillment of its other duties pursuant to PROMESA, including in connection with covered entities that are not Title III debtors.

5. Based on my review of the Motion, I understand the Motion contains allegations concerning OB's alleged services to the Oversight Board in connection with a transaction involving the Economic Development Bank of Puerto Rico ("EDB"). EDB has been designated as a "covered entity" by the Oversight Board. However, EDB is not a Title III debtor.

6. The specific transaction at issue in the Motion is EDB's September 7, 2018 sale of a commercial loan portfolio (the "Loan Portfolio Sale") to PR Recovery and Development JV, LLC and PR Recovery and Development REO, LLC (together, the "Purchasers").

7. The Oversight Board's records have no indications (i) the Loan Portfolio Sale was disclosed to the Oversight Board prior to its consummation, and (ii) the agreement executing the sale (the "Loan Portfolio Agreement") was provided to the Oversight Board for review prior to its execution.

8. The Oversight Board first became aware of the Loan Portfolio Sale from public sources approximately a year after the sale was consummated. On September 29, 2019, after learning of the Loan Portfolio Sale from press reports, the Oversight Board sent EDB a letter to inquire about the transaction and to understand why the Loan Portfolio Agreement was not submitted for Oversight Board review as required by Section 204(b)(2) of PROMESA. A true and correct copy of a September 29, 2019 letter sent by Natalie Jaresko, then-Executive Director of the Oversight Board, to L. Fernández Trinchet of the EDB is attached hereto as Exhibit 1. The Oversight Board did not seek or receive advice from OB prior to sending the September 29, 2019 letter.

9. Thereafter, on November 7, 2019, EDB initiated proceedings with the Commonwealth court to have the Loan Portfolio Sale nullified. *See Banca de Desarrollo Económico de Puerto Rico v. Garnet Capital Advisors, LLC*, Case No. SJ2019CV11697 (the "EDB Action"). I understand that certain borrowers whose loans were included in the Loan Portfolio Sale have also sought to nullify the Loan Portfolio Sale. *See La Sociedad Legal de Bienes Gananciales Compuesta Ambos y Otros v. Banco de Desarrollo Económico para Puerto Rico y Otros*, Case No. SJ2020CV04491 (the "Borrower Action"). Attached as Exhibit 2 is a true and correct copy of the complaint filed in the Borrower Action. On page 24 of the complaint, Mr. Lamoutte is identified as a lawyer for the plaintiffs in the Borrower Action.

10. As part of my role supporting the contract review process, I am familiar with the Oversight Board's correspondence with Mr. Lamoutte regarding the Loan Portfolio Sale and the Loan Portfolio Agreement. Mr. Lamoutte sent letters dated September 10, 2020 and September 22, 2020 to Jaime El Koury and Natalie Jaresko regarding the Loan Portfolio Sale. True and

3

correct copies of Mr. Lamoutte's September 10, 2020 and September 22, 2020 letters are attached hereto as Exhibit 3 and 4, respectively.

11. On or about September 24, 2020, Jaime El Koury, General Counsel for the Oversight Board, sent a letter to Mr. Lamoutte in response to the September 10, 2020 and September 22, 2020 letters. A true and correct copy of Mr. El Koury's September 24, 2020 letter is attached hereto as Exhibit 5.

12. Mr. Lamoutte sent an email to Mr. El Koury on or about October 16, 2020 regarding the Loan Portfolio Sale. A true and correct copy of Mr. Lamoutte's October 16, 2020 email is attached hereto as Exhibit 6.

13. On or about October 23, 2020, Mr. El Koury sent a letter to Mr. Lamoutte in response to his October 16, 2020 email. A true and correct copy of Mr. El Koury's October 23, 2020 letter is attached hereto as Exhibit 7.

14. Mr. Lamoutte sent another email to Mr. El Koury and Ms. Jaresko on or about January 27, 2021. A true and correct copy of Mr. Lamoutte's email dated January 27, 2021 is attached hereto as Exhibit 8.

15. On or about February 22, 2021, Mr. El Koury sent a letter to Mr. Lamoutte in response to his January 27, 2021 email. A true and correct copy of Mr. El Koury's February 22, 2021 letter is attached hereto as Exhibit 9.

16. Subsequently, Mr. Lamoutte sent a letter dated June 9, 2021 to Mr. El Koury and Ms. Jaresko, a letter dated June 12, 2021 to the members of the Oversight Board, and a letter dated June 22, 2021 to Mr. El Koury and Ms. Jaresko. True and correct copies of Mr. Lamoutte's letters dated June 9, 2021, June 12, 2021, and June 22, 2021 are attached hereto as Exhibits 10, 11, and 12.

17. On June 26, 2021, Mr. El Koury sent a letter to Mr. Lamoutte in response to his letters dated June 9, 2021, June 12, 2021, and June 22, 2021. A true and correct copy of Mr. El Koury's June 26, 2021 letter is attached hereto as Exhibit 13.

18. Mr. Lamoutte then sent a letter dated July 2, 2021 to Mr. El Koury and Ms. Jaresko. A true and correct copy of Mr. Lamoutte's letter dated July 2, 2021 is attached hereto as Exhibit 14.

19. In light of the pendency of the EDB Action, the Oversight Board made the determination not to review the Loan Portfolio Agreement while such litigation was pending. The Oversight Board did not seek or receive advice from OB prior to making this determination.

20. It is my understanding and belief that OB did not represent any of the Purchasers in connection with the Loan Portfolio Sale. I have no information that would change that understanding.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: June 2, 2022
San Juan, Puerto Rico

/s/ Valerie Maldonado
Valerie Maldonado
Oversight Board, Senior Legislative and
Regulatory Review Counsel