# EXHIBIT 3

# CARLOS LAMOUTTE

ADVISOR · ATTORNEY · NOTARY

September 10, 2020

**BY MAIL**

Ms. Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

Jaime A. El Koury, Esq.
General Counsel
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

Recibido por: Joana A. Rodríguez
letra de molde
firma
fecha 9/14/2020 2:41 pm

**Re:** Civil Case Number SJ2020CV04491 - $385,000,000 Lender Liability Class Action Filed against Banco de Desarrollo Económico para Puerto Rico, PR Recovery and Development JV, LLC, and Arena Investors, LP

Dear Ms. Jaresko and Mr. El Koury:

We represent a single class of numerous plaintiffs in a $385,000,000 civil action recently filed before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2020CV04491 (the "Class Action").

We call to your attention the existence of multiple adverse conditions which are presently affecting hundreds of individual debtors of the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, the "BDE" or the "Bank"), resultant from the unlawful sale of a $384,269,047 loan portfolio purportedly transferred by the Bank to a private special purpose investment vehicle named PR Recovery and Development JV, LLC ("PR Recovery"), pursuant to the terms of that certain Loan Sale Agreement dated as of September 7, 2018, by and between the Bank, as seller, and PR Recovery, as purchaser, registered under contract number BDEPR-2019-000044 (the "Loan Sale Agreement").

The circumstances surrounding the negotiation, drafting and execution of the Loan Sale Agreement are far from typical and ordinary. As a consequence, hundreds of small business owners and families throughout the island (comprising the plaintiff class in the Class Action) are presently being deceptively preyed upon and defrauded in the middle of the ongoing COVID-19 global pandemic.



**CL**

The troubled chain of events set forth below has led us to contact the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), in order to coordinate the discovery of evidence to be produced by the FOMB in connection with the instant Class Action:

1. The Bank is a covered instrumentality under the PROMESA Act, its regulations, and the FOMB's standing policies, subject to the FOMB's Contract Review Policy adopted on November 6, 2017, as modified on July 3, 2018.

2. On September 7, 2018, the Bank and PR Recovery entered into the Loan Sale Agreement referenced above.

3. By information and belief, PR Recovery is fully-funded and controlled by a New York hedge fund named Arena Investors, LP.

4. The Bank was represented in the closing of the Loan Sale Agreement by its President, Luis Burdiel Agudo, and by its Chief Financial Officer, Gilberto Hernández Negrón. By information and belief, both of the aforesaid individuals are presently under investigation by the Government of Puerto Rico for acts and omissions pertaining to the negotiation, drafting and execution of the Loan Sale Agreement.

5. PR Recovery was represented in the closing of the Loan Sale Agreement by its Authorized Representative, Maribel Ortíz-Castro.

6. The law firm O'Neill & Borges, LLC represented PR Recovery in the negotiation, drafting and execution of the Loan Sale Agreement. O'Neill & Borges, LLC also simultaneously served as local counsel to the FOMB at the time of the negotiation, drafting and execution of the Loan Sale Agreement, and continues to serve as local counsel to the FOMB to this date.

7. Strangely, there appears to exist no public record of the FOMB's approval of the Loan Sale Agreement entered into by and between the Bank and PR Recovery.

8. The $384,269,047 Loan Sale Agreement effected by the Bank far exceeds the $10 million benchmark which triggers compliance with the FOMB's strict standing policies as to contract revision and approval by the FOMB.

9. By information and belief, the Bank, PR Recovery and the law firm O'Neill & Borges, LLC collectively failed to apply for and/or otherwise procure the FOMB's transaction approval of the Loan Sale Agreement prior to the parties' execution of the Loan Sale Agreement and/or prior to the Bank's disposition of the BDE loan portfolio, in violation of the FOMB's Contract Review Policy adopted on November 6, 2017, as modified on July 3, 2018.

CL

10. The disposition of the BDE loan portfolio undertaken by the parties pursuant to the Loan Sale Agreement instantaneously thrust the Bank into a position of insolvency.

11. Shortly after the execution of the Loan Sale Agreement, PR Recovery initiated aggressive collection and foreclosure actions against dozens of debtors whose loans were originated by the Bank at inception.

12. On November 7, 2019, the Bank filed a civil complaint against PR Recovery before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2019CV11697, demanding that the Loan Sale Agreement be judicially declared null and void, seeking that the entire $384,269,047 BDE loan portfolio be reverted to the Bank, and requesting other judicial relief.

13. Shortly afterwards, a private investigation commissioned by clients of this firm has revealed that:

   (a) A very large and substantial number of the loan agreements forming part of the BDE loan portfolio transferred by the Bank to PR Recovery under the Loan Sale Agreement contain contractual restrictions that expressly prohibit the Bank from transferring the underlying BDE loans to any assignee that is not a bank, a trust, or a financial institution;

   (b) PR Recovery is a limited liability company organized under the laws of the State of Delaware that is not authorized to do business in the Commonwealth of Puerto Rico;

   (c) PR Recovery is not a bank, a trust, or a financial institution;

   (d) PR Recovery does not hold a banking license of any sort; and

   (e) PR Recovery is not an eligible assignee of all of the BDE loans transferred by the Bank to PR Recovery under the Loan Sale Agreement containing contractual restrictions that expressly prohibits the Bank from transferring same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

14. Hundreds of individual debtors of the Bank, comprised of small business owners and families located throughout the island, are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery, notwithstanding the fact that PR Recovery is not an eligible assignee of those credits subject to contractual restrictions that expressly prohibit the Bank from transferring the same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

CL

15. As a bank operating under the laws of the Commonwealth of Puerto Rico, the Bank has completely disregarded the fiduciary responsibilities owed to the members of the plaintiff class whose BDE loans were unlawfully transferred to PR Recovery, a non-eligible assignee, without their knowledge, and without first having secured their individual written consents.

16. As of the date of this letter, PR Recovery has knowingly, willfully and in bad faith obstructed the discovery of evidence that is entirely material and pertinent as to the non-eligible character of PR Recovery to collect on the BDE loans, with the malicious intent to continue deceiving and coercing hundreds of individual debtors of the Bank to pay monies to PR Recovery and/or to surrender assets to PR Recovery in violation of state and federal law.

As counsel to the plaintiff class in the Civil Case Number SJ2020CV04491 (the Class Action) and as counsel to the codefendants in Civil Case Number BY2020CV01413, we kindly request a brief meeting (or videoconference) to coordinate the FOMB's discovery of evidence relating to the FOMB's evaluation and approval of the Loan Sale Agreement pursuant to the FOMB's Contract Review Policy adopted on November 6, 2017, as modified on July 3, 2018.

We implore the FOMB's quick intervention in this matter. My clients and hundreds of other small business owners and families throughout the island are presently being deceptively preyed upon and defrauded by a non-eligible acquirer of BDE's loan portfolio, in violation of multiple state and federal statutes, including the PROMESA Act.

Sincerely,

Carlos Lamoutte