# EXHIBIT 4

# CARLOS LAMOUTTE

ADVISOR · ATTORNEY · NOTARY

September 22, 2020

**BY COURIER**

Ms. Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

Jaime A. El Koury, Esq.
General Counsel
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

Re: **SECOND REQUEST FOR INFORMATION**
**Civil Case Number SJ2020CV04491 - $385,000,000 Lender Liability Class Action Filed against Banco de Desarrollo Económico para Puerto Rico, PR Recovery and Development JV, LLC, and Arena Investors, LP**

Dear Ms. Jaresko and Mr. El Koury:

This serves to follow-up on our request for information submitted on September 10, 2020, for which we haven't received any response from your office so far.

We represent a single class of numerous plaintiffs in a $385,000,000 civil action recently filed before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2020CV04491 (the "Class Action").

Multiple adverse conditions are presently affecting hundreds of individual debtors of the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, the "BDE" or the "Bank"), resultant from the unlawful sale of a $384,269,047 loan portfolio purportedly transferred by the Bank to a private special purpose investment vehicle named PR Recovery and Development JV, LLC ("PR Recovery"), pursuant to the terms of that certain Loan Sale Agreement dated as of September 7, 2018, by and between the Bank, as seller, and PR Recovery, as purchaser, registered under contract number BDEPR-2019-000044 (the "Loan Sale Agreement").

The circumstances surrounding the negotiation, drafting and execution of the Loan Sale Agreement are far from typical and ordinary. As a consequence, hundreds of small business



CL

owners and families throughout the island (comprising the plaintiff class in the Class Action) are presently being deceptively preyed upon and defrauded by PR Recovery in the middle of the ongoing COVID-19 global pandemic.

PR Recovery has initiated collection and foreclosure proceedings against hundreds of BDE debtors based on a legal capacity and standing that PR Recovery knowingly fails to possess, thereby forcing all such BDE debtors to incur in avoidable legal fees and court costs and/or inducing all such BDE debtors to make payments to PR Recovery and/or to surrender assets to PR Recovery on the basis of false representations and/or the omission to state material facts.

The troubled chain of events set forth below has led us to contact your office in connection with the instant Class Action:

    1. The Bank is a covered instrumentality under the PROMESA Act, its regulations, and the standing policies adopted by the Financial Oversight and Management Board (the "FOMB"), subject to the FOMB's Contract Review Policy adopted on November 6, 2017, as modified on July 3, 2018.

    2. On September 7, 2018, the Bank and PR Recovery entered into the Loan Sale Agreement referenced above.

    3. By information and belief, PR Recovery is fully funded and controlled by a New York hedge fund named Arena Investors, LP, which is managed by its Chief Executive Officer, Mr. Daniel Zwirn.

    4. The Bank was represented in the closing of the Loan Sale Agreement by its President, Mr. Luis Burdiel Agudo, and by its Chief Financial Officer, Mr. Gilberto Hernández Negrón. By information and belief, both of the aforesaid individuals are presently under investigation by the Government of Puerto Rico for acts and omissions pertaining to the negotiation, drafting and execution of the Loan Sale Agreement, and Mr. Burdiel was recently indicted.

    5. The law firm O'Neill & Borges, LLC represented PR Recovery in the negotiation, drafting and execution of the Loan Sale Agreement.[1]

    6. Coincidentally, the law firm O'Neill & Borges, LLC also simultaneously served as local counsel to the FOMB at the time of the negotiation, drafting and execution of the Loan Sale Agreement, and continues to serve as local counsel to the FOMB to this date.

    7. Strangely, there appears to exist no public record of the FOMB's approval of the Loan Sale Agreement entered into by and between the Bank and PR Recovery. Apparently, the Bank, PR Recovery and its counsel – *the FOMB's own counsel* – failed to

---

[1] See the Loan Sale Agreement, at page 30.

CL

submit the Loan Sale Agreement to the FOMB prior to its execution for reasons that remain unknown.

8. The $384,269,047 Loan Sale Agreement effected by the Bank far exceeds the $10 million benchmark which triggers compliance with the FOMB's strict standing policies as to contract revision and approval by the FOMB.

9. By information and belief, the Bank, PR Recovery and the law firm O'Neill & Borges, LLC collectively failed to apply for and/or otherwise procure the FOMB's transaction approval of the Loan Sale Agreement prior to the parties' execution of the Loan Sale Agreement and/or prior to the Bank's disposition of the BDE loan portfolio, in violation of the FOMB's Contract Review Policy adopted on November 6, 2017, as modified on July 3, 2018.

10. The disposition of the BDE loan portfolio undertaken by the Bank and PR Recovery pursuant to the Loan Sale Agreement instantly thrust the Bank into a position of insolvency.

11. Shortly after the execution of the Loan Sale Agreement, PR Recovery initiated aggressive collection and foreclosure actions against hundreds of debtors whose loans were originated by the Bank at inception.

12. On November 7, 2019, the Bank filed a civil complaint against PR Recovery before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2019CV11697, demanding that the Loan Sale Agreement be judicially declared null and void, seeking that the entire $384,269,047 BDE loan portfolio be reverted to the Bank, and requesting other judicial relief.

13. Shortly afterward, the following material facts have been revealed:

(a) A very large and substantial number of the loan agreements forming part of the BDE loan portfolio transferred by the Bank to PR Recovery under the Loan Sale Agreement contain contractual restrictions that expressly prohibit the Bank from transferring the underlying BDE loans to any assignee that is not a bank, a trust, or an institution;

(b) PR Recovery is a limited liability company organized under the laws of the State of Delaware that is not authorized to do business in the Commonwealth of Puerto Rico;

3

CL

that is entirely material and pertinent as to the non-eligible character of PR Recovery to collect and foreclose on the BDE loans, with the malicious intent to continue deceiving and coercing hundreds of individual debtors of the Bank to pay monies to PR Recovery and/or to surrender assets to PR Recovery.

17. As of the date of this letter, the FOMB has not yet published whether the Loan Sale Agreement was in fact approved by the FOMB (or not).

As counsel to the plaintiff class in Civil Case Number SJ2020CV04491 (the Class Action) and as counsel to the codefendants in Civil Case Number BY2020CV01413, we kindly request that: (a) the FOMB responds whether the Loan Sale Agreement was in fact approved by the FOMB (or not); and (b) the FOMB provides a reasoned explanation as to why the Bank, PR Recovery and the law firm O'Neill & Borges, LLC – *the FOMB's own counsel* – failed to submit the Loan Sale Agreement to the FOMB prior to its execution.

The present set of facts makes one wonder how many other Puerto Rico government contracts have been secreted away from the FOMB's oversight by the FOMB's own legal counsel, to benefit the firm's private clientele.

Sincerely,

Carlos Lamoutte

C: U.S. Attorney Stephen Muldrow

5

# FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
# FOR PUERTO RICO



José B. Carrión III
Chair

Members
*Andrew G. Biggs*
*Carlos M. García*
*Arthur J. González*
*José R. González*
*Ana J. Matosantos*
*David A. Skeel, Jr.*

*Natalie A. Jaresko*
Executive Director

**BY ELECTRONIC MAIL**

September 29, 2019

Mr. Luis C. Fernández Trinchet
Executive Director
Economic Development Bank

Dear Mr. Fernández Trinchet:

According to public sources, the Economic Development Bank executed or approved a contract for the sale of a loan portfolio with a value of approximately $41.5 million on September 7, 2018. This contract was not submitted to the Oversight Board for review and prior approval.

As you know, the Oversight Board established a contract review policy pursuant to Section 204(b)(2) of PROMESA to require Oversight Board approval of certain contracts to assure that they "promote market competition" and "are not inconsistent with the approved fiscal plan" (the "Policy"). All government contracts and amendments thereto with an aggregate value of $10 million or more are subject to Oversight Board approval. Moreover, the Oversight Board in its discretion may review any contract below such threshold.

In accordance with the Policy, we hereby request that the contract mentioned above be submitted to the Oversight Board not later than October 4, 2019 together with an explanation of the reason for the failure to submit such contract prior to its execution.

Please note that the Oversight Board may issue subpoenas and exercise any other powers granted to it under PROMESA in order to effectuate the Policy.

Sincerely,

Natalie A. Jaresko

CC: Mr. Omar Marrero Díaz
Mr. Elí Díaz Atienza