# EXHIBIT 10

# CARLOS LAMOUTTE

ADVISOR · ATTORNEY · NOTARY

June 9, 2021

**BY U.S. MAIL AND ELECTRONIC MAIL**

Ms. Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
natalie.jaresko@promesa.gov

Jaime A. El Koury, Esq.
General Counsel
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
jaime.elkoury@promesa.gov

Re:   **FORMAL PETITION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING *EX POST FACTO* REVISION AND DECLARATION OF ANNULMENT AND AVOIDANCE OF PUERTO RICO GOVERNMENT CONTRACT**
(Civil Case Number SJ2020CV04491 - $385,000,000 Lender Liability Class Action filed against Banco de Desarrollo Económico para Puerto Rico, PR Recovery and Development JV, LLC, Arena Investors, LP, and Mr. Luis Burdiel Agudo)

Dear Ms. Jaresko and Mr. El Koury:

Reference is made to that certain Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, "BDE") and a private foreign investor named PR Recovery and Development JV, LLC ("PR Recovery"), registered at the Office of the Comptroller of Puerto Rico under contract number BDEPR-2019-000044 (hereinafter, the "Loan Sale Agreement"), pursuant to which the BDE unlawfully transferred a $384,269,047 loan portfolio to PR Recovery, at a 91% discount, and under other highly suspect circumstances which are the object of ongoing litigation.

As you are aware, the circumstances surrounding the negotiation and execution of the Loan Sale Agreement are far from typical and ordinary.





The Financial Oversight and Management Board for Puerto Rico (hereinafter, the "Oversight Board") possesses the legal power and federal authority to declare null and void *ab initio* the Loan Sale Agreement entered into by and between the BDE and PR Recovery, thereby avoiding protracted litigation and the accumulation of irreparable injury being inflicted upon the plaintiff class that we represent in Civil Case Number SJ2020CV04491.[1]

The disturbing chain of events set forth below leads us to formally petition the Oversight Board to conduct the *ex post facto* revision of the Loan Sale Agreement, pursuant to the federal powers granted to the Oversight Board by the PROMESA Act (and standing policies relating to governmental contract review):

    1.    The BDE is a covered instrumentality under the PROMESA Act, its regulations, and the standing policies adopted by the Oversight Board in connection with the revision and approval of Puerto Rico government contracts, such as the $384,269,047 Loan Sale Agreement referenced above.

    2.    On September 7, 2018, the BDE and PR Recovery entered into the Loan Sale Agreement without first having submitted the Loan Sale Agreement to the Oversight Board for its prior evaluation and approval.

    3.    By information and belief, PR Recovery is fully funded and controlled by a New York hedge fund named Arena Investors, LP, which is managed by its Chief Executive Officer, Mr. Daniel Zwirn.

    4.    The BDE was represented in the negotiation, drafting and execution of the Loan Sale Agreement by its former President, Mr. Luis Burdiel Agudo, and by its former Chief Financial Officer, Mr. Gilberto Hernández Negrón.

    5.    The BDE's former President, Mr. Luis Burdiel Agudo, recently declared himself guilty of two state felonies that directly relate to his manipulation of the Loan Sale Agreement.[2]

    6.    The law firm O'Neill & Borges, LLC represented PR Recovery in the negotiation, drafting and execution of the Loan Sale Agreement.[3]

    7.    Coincidentally, the law firm O'Neill & Borges, LLC also simultaneously served as local counsel to the Oversight Board at the time of the negotiation, drafting and execution of the Loan Sale Agreement, and continues to serve as local counsel to the

---

[1] The plaintiff class is comprised of hundreds of small business owners and families located throughout the island of Puerto Rico that are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery, notwithstanding the fact that PR Recovery is not an eligible assignee of the BDE loans that it purportedly acquired.

[2] See Criminal Case Number KEG2020G0024, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, and Criminal Case Number KLE2020G0445, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, respectively.

[3] See the Loan Sale Agreement, at page 30.

CL

Oversight Board to this date. This fact presents an embarrassing conflict of interest that the Oversight Board has failed to address so far, for reasons that remain unknown.

8. No public record exists of the Oversight Board's approval (or rejection) of the Loan Sale Agreement entered into by and between the BDE and PR Recovery. In fact, the Oversight Board has formally certified in writing that the Loan Sale Agreement was never submitted to the Oversight Board for evaluation and approval prior to its execution.

9. The BDE, PR Recovery and PR Recovery's own legal counsel – *in turn, also the Oversight Board's own legal counsel* – collectively failed to submit the Loan Sale Agreement to the Oversight Board prior to its execution.

10. The $384,269,047 Loan Sale Agreement transacted by the BDE and PR Recovery without the Oversight Board's approval far exceeds the $10 million benchmark that triggers compliance with the Oversight Board's strict standing policies as to contract revision and approval.

11. It is an uncontested fact that the BDE, PR Recovery and the law firm O'Neill & Borges, LLC – *the Oversight Board's own legal counsel* – collectively failed to apply for and/or otherwise procure the Oversight Board's transaction approval of the Loan Sale Agreement prior to the parties' execution of the Loan Sale Agreement and/or prior to the BDE's disposition of the BDE loan portfolio, in willful violation of the Oversight Board's Contract Review Policy adopted on November 6, 2017, as amended.

12. As has been previously asserted by the BDE in several court pleadings, the disposition of the BDE loan portfolio undertaken by the BDE and PR Recovery pursuant to the Loan Sale Agreement instantly thrust the BDE into a position of insolvency.

13. Shortly after the execution of the Loan Sale Agreement, PR Recovery initiated aggressive collection and foreclosure actions against hundreds of debtors whose commercial loans were originated by the BDE at inception and that today comprise the plaintiff class.

14. On November 7, 2019, the BDE filed a civil complaint against PR Recovery before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2019CV11697, demanding that the Loan Sale Agreement be judicially declared null and void, seeking that the entire $384,269,047 BDE loan portfolio be reverted to the BDE, and requesting other judicial relief.

15. A very large and substantial number of the loan agreements forming part of the BDE loan portfolio transferred by the BDE to PR Recovery under the Loan Sale Agreement contain contractual restrictions that expressly prohibit the BDE from transferring the underlying BDE loans to any assignee that is not a bank, a trust, or a financial institution.

3

CL

16. PR Recovery is a limited liability company organized under the laws of the State of Delaware that is not even authorized to do business in the Commonwealth of Puerto Rico.

17. PR Recovery is not a bank[4], a trust[5], or a financial institution[6], and has purposefully omitted to disclose and discover its legal status to date before the courts of the Commonwealth of Puerto Rico.

18. The plaintiff class contends that PR Recovery operates as a foreign investment fund ("fondo de inversiones"), and therefore cannot be characterized as a financial institution.[7]

19. To the knowledge of the plaintiff class, PR Recovery does not hold a banking license of any sort.

20. PR Recovery is not an eligible assignee of all BDE loans purportedly transferred by the BDE to PR Recovery under the Loan Sale Agreement, to the extent that the underlying loan agreements comprising the subject portfolio contain contractual restrictions that expressly prohibit the BDE from transferring same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

21. Hundreds of individual debtors of the BDE, comprised of small business owners and families located throughout the island, are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery, notwithstanding the fact that PR Recovery is not an eligible assignee of those credit facilities that are subject to contractual restrictions which expressly prohibited the BDE from transferring the same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

22. As a bank operating under the laws of the Commonwealth of Puerto Rico, the BDE has completely disregarded the fiduciary responsibilities owed to the members of the plaintiff class whose BDE loans were unlawfully transferred to PR Recovery, a non-eligible assignee, without their knowledge, and without first having secured their individual written consents.

23. As of the date of this letter, PR Recovery has knowingly, willfully and in bad faith filed hundreds of debt collection and foreclosure complaints before the courts of the Commonwealth of Puerto Rico and has defiantly obstructed the discovery of evidence that is entirely material and pertinent as to the non-eligible character of PR Recovery to collect and foreclose on those BDE loans.

---

[4] See P.R. Laws Ann. Tit. 7 § 3(c).
[5] See P.R. Laws Ann. Tit. 32 § 3351.
[6] See P.R. Laws Ann. Tit. 13 § 30137(f)(4).
[7] See Meridian Sunrise Village, LLC v. NB Distressed Debt Investment Fund Ltd., 2014 WL 909219 (W.D. Wash., March 7, 2014).

4

CL

The present set of facts makes us wonder how many other Puerto Rico government contracts (such as the Loan Sale Agreement) have been secreted away from the Oversight Board's reach, without any form of corrective or remedial action taken by the Oversight Board to date.

The Oversight Board's primary mission is to ensure that Puerto Rico government contracts (such as the Loan Sale Agreement) comply with the Commonwealth of Puerto Rico's fiscal plan and the intent of the PROMESA Act. The plaintiff class contends that the Oversight Board's involvement in this matter is not discretional, optional or by its own convenience, particularly in light of the fact that the Loan Sale Agreement was intentionally circumvented away from the Oversight Board's inspection by the Oversight Board's own legal counsel and to benefit a private client, *sub silentio*.

### Formal Petition to Action

The Oversight Board possesses the legal power and federal authority to declare null and void *ab initio* the Loan Sale Agreement entered into by and between the BDE and PR Recovery, thereby avoiding protracted litigation and the accumulation of irreparable injury being inflicted upon the plaintiff class that we represent.

The plaintiff class fails to envision how the fire sale of a $384,269,047 loan portfolio to a non-eligible transferee (such as PR Recovery), at a 91% discount, and under other highly suspect circumstances that launched the BDE to its own insolvency is susceptible of ever being approved and validated by the Oversight Board. However, until such time as the Oversight Board either approves or rejects the Loan Sale Agreement, the same will remain tainted in controversy and in protracted litigation. Therefore, it is imperative that the Oversight Board issues a definitive and reasoned ruling on this controversial matter.

**To the extent that the Oversight Board bears the statutory obligation under the PROMESA Act to review and validate all Puerto Rico government contracts having a transactional value in excess of $10,000,000, the plaintiff class hereby formally petitions that the annulment and avoidance of the $384,269,047 Loan Sale Agreement be included in the agenda for the upcoming meeting of the Oversight Board.**

Should you have any questions or comments pertaining to the foregoing, please do not hesitate to contact me at your convenience.

Sincerely,

*[signature]*

Carlos Lamoutte

5

CL

C: Governor Pedro Pierluisi Urrutia
Office of the Governor of Puerto Rico
63 Calle Fortaleza
San Juan, Puerto Rico 00901

Mr. Michael Juarbe
Financial Oversight and Management Board for Puerto Rico
michael.juarbe@promesa.gov

Ms. Valerie Maldonado
Financial Oversight and Management Board for Puerto Rico
valerie.maldonado@promesa.gov

Guy Brenner, Esq.
Proskauer Rose LLP
gbrenner@proskauer.com

Hadassa R. Waxman, Esq.
Proskauer Rose LLP
hwaxman@proskauer.com

Cory I. Rogoff, Esq.
Proskauer Rose LLP
crogoff@proskauer.com

Timothy W. Mungovan, Esq.
Proskauer Rose LLP
tmungovan@proskauer.com

Congressman Raúl M. Grijalva
U.S. House of Representatives
1511 Longworth House Office Building
Washington, DC 20515

Congresswoman Nydia M. Velázquez
U.S. House of Representatives
2302 Rayburn House Office Building
Washington, DC 20515

Congresswoman Alexandra Ocasio Cortez
U.S. House of Representatives
216 Cannon House Office Building
Washington, DC 20515

CL

Congressman Darren Soto
U.S. House of Representatives
2353 Rayburn House Office Building
Washington, DC 20515

Congressman Ritchie Torres
U.S. House of Representatives
317 Cannon House Office Building
Washington, DC 20515

Congressman Jesús "Chuy" García
U.S. House of Representatives
1519 Longworth House Office Building
Washington, DC 20515

Congressman Adriano Espaillat
U.S. House of Representatives
2332 Rayburn House Office Building
Washington, DC 20515

Senator Robert Menéndez
U.S. Senate
528 Hart Senate Office Building
Washington, DC 20510

Senator Roger Wicker
U.S. Senate
555 Dirksen Senate Office Building
Washington, DC 20510

Humberto Guzmán Rodríguez, Esq.
(Co-counsel to the plaintiff class)
hguzman@grllaw.net

Fernando M. Correa Juliá, Esq.
(Co-counsel to the plaintiff class)
fernando.correalaw@gmail.com

Manuel Martínez-Umpierre, Esq.
(Co-counsel to the plaintiff class)
mmartinez_umpierre@hotmail.com

7