# EXHIBIT 12

# CARLOS LAMOUTTE

ADVISOR · ATTORNEY · NOTARY

June 22, 2021

**BY U.S. MAIL AND ELECTRONIC MAIL**

Ms. Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
natalie.jaresko@promesa.gov

Jaime A. El Koury, Esq.
General Counsel
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
jaime.elkoury@promesa.gov

Re: **FOLLOW-UP TO FORMAL PETITION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING *EX POST FACTO* REVISION AND DECLARATION OF ANNULMENT AND AVOIDANCE OF PUERTO RICO GOVERNMENT CONTRACT**
(Civil Case Number SJ2020CV04491 - $385,000,000 Lender Liability Class Action filed against Banco de Desarrollo Económico para Puerto Rico, PR Recovery and Development JV, LLC, Arena Investors, LP, and Mr. Luis Burdiel Agudo)

Dear Ms. Jaresko and Mr. El Koury:

Reference is made to the petition letter addressed to you on June 9, 2021, a true and exact copy of which is attached hereto for convenience of reference (the "June 9th Letter"), in relation to that certain Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, the "BDE") and a private foreign investor named PR Recovery and Development JV, LLC ("PR Recovery"), registered at the Office of the Comptroller of Puerto Rico under contract number BDEPR-2019-000044 (hereinafter, the "Loan Sale Agreement"), pursuant to which the BDE unlawfully transferred a $384,269,047 loan portfolio to PR Recovery, at a 91% liquidation discount, and under other highly suspect circumstances that are the object of ongoing litigation.[1]

---

[1] See the entire dockets of Civil Case Numbers SJ2020CV04491 and SJ2019CV11697, respectively, both pending before the Puerto Rico Court of First Instance, San Juan Part.



P.O. Box 9022185, San Juan, Puerto Rico 00902
cl@carloslamoutte.com | 787.688.6036 | www.carloslamoutte.com



As of the date of this follow-up letter, we have received no tangible response from your office as to the June 9th Letter, which punctually addressed several violations of the PROMESA Act and the standing policies of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board").

Section 204(b)(5) of the PROMESA Act, 48 U.S. 2144(b)(5), expressly states as follows:

> "(5) FAILURE TO COMPLY.— **If a contract**, rule, regulation, or executive order **fails to comply with policies established by the Oversight Board under this subsection, the Oversight Board may take such actions as it considers necessary to ensure that such contract**, rule, executive order or regulation **will not adversely affect the territorial government's compliance with the Fiscal Plan, including by preventing the** execution or **enforcement of the contract**, rule, executive order or regulation." (Emphasis added.)

The plaintiff class asserts that it is the ministerial duty ("*deber ministerial*") of the Oversight Board and its executive team to evaluate all Puerto Rico government contracts having a transactional valuation of $10 million or more; such obligation being of an *ongoing and continuing* nature as to those material contracts known to have been circumvented away from the Oversight Board's inspection prior to their execution.[2]

Accordingly, the Oversight Board carries the *ongoing and continuing* statutory obligation to scrutinize the $384,269,047 Loan Sale Agreement that was purposefully diverted away from the Oversight Board's revision and approval process and which the BDE, an instrumentality of the Government of Puerto Rico, has characterized in court pleadings as a multimillion-dollar fraud.[3]

To rule on this type of misconduct in Puerto Rico government contracting is the very reason that the Oversight Board exists. If the Oversight Board truly wishes "*to make the government contracting process more effective*", "*to increase the public's faith in this process*", and to ensure that Puerto Rico government contracts (such as the Loan Sale Agreement) "*promote market competition*" and "*are not inconsistent with the approved fiscal plan*", then the Loan Sale Agreement must be examined by the Oversight Board, immediately and without delay.

We support the Oversight Board's mission in Puerto Rico. We make ourselves available to appear before the Oversight Board to present on this matter at its next public meeting and to illustrate the Oversight Board as to all the irregularities that surround the Loan Sale Agreement; such that the Oversight Board can make an informed decision as to this controversial government contract that was conducted outside of the Oversight Board's reach, with the Oversight Board's imputed knowledge of the contracting parties' willful failure to comply with the PROMESA Act and its standing policies, and to financially benefit a private party.

---

[2] See the FOMB Policy: Review of Contracts adopted on November 6, 2017, as amended on April 30, 2021.
[3] See the entire docket of Civil Case Number SJ2019CV11697, pending before the Puerto Rico Court of First Instance, San Juan Part.

2

CL

Once again, we petition the Oversight Board to evaluate the Loan Sale Agreement at its next public meeting, either to ratify the same or to declare it null and void under the federal powers at its disposal.

Sincerely,

Carlos Lamoutte


C: Mr. David A. Skeel, Jr.
Mr. Andrew G. Biggs
Mr. Arthur J. González
Mr. Antonio L. Medina
Mr. John E. Nixon
Mr. Justin M. Peterson
Ms. Betty A. Rosa
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

Governor Pedro Pierluisi Urrutia
Office of the Governor of Puerto Rico
63 Calle Fortaleza
San Juan, Puerto Rico 00901

Mr. Michael Juarbe
Financial Oversight and Management Board for Puerto Rico
michael.juarbe@promesa.gov

Ms. Valerie Maldonado
Financial Oversight and Management Board for Puerto Rico
valerie.maldonado@promesa.gov

Guy Brenner, Esq.
Proskauer Rose LLP
gbrenner@proskauer.com

Hadassa R. Waxman, Esq.
Proskauer Rose LLP
hwaxman@proskauer.com

3

CL

Cory I. Rogoff, Esq.
Proskauer Rose LLP
crogoff@proskauer.com

Timothy W. Mungovan, Esq.
Proskauer Rose LLP
tmungovan@proskauer.com

Congressman Raúl M. Grijalva
U.S. House of Representatives
1511 Longworth House Office Building
Washington, DC 20515

Congresswoman Nydia M. Velázquez
U.S. House of Representatives
2302 Rayburn House Office Building
Washington, DC 20515

Congresswoman Alexandra Ocasio Cortez
U.S. House of Representatives
216 Cannon House Office Building
Washington, DC 20515

Congressman Darren Soto
U.S. House of Representatives
2353 Rayburn House Office Building
Washington, DC 20515

Congressman Ritchie Torres
U.S. House of Representatives
317 Cannon House Office Building
Washington, DC 20515

Congressman Jesús "Chuy" García
U.S. House of Representatives
1519 Longworth House Office Building
Washington, DC 20515

Congressman Adriano Espaillat
U.S. House of Representatives
2332 Rayburn House Office Building
Washington, DC 20515

4

CL

Senator Robert Menéndez
U.S. Senate
528 Hart Senate Office Building
Washington, DC 20510

Senator Roger Wicker
U.S. Senate
555 Dirksen Senate Office Building
Washington, DC 20510

Humberto Guzmán Rodríguez, Esq.
(Co-counsel to the plaintiff class)
hguzman@grllaw.net

Fernando M. Correa Juliá, Esq.
(Co-counsel to the plaintiff class)
fernando.correalaw@gmail.com

Manuel Martínez-Umpierre, Esq.
(Co-counsel to the plaintiff class)
mmartinez_umpierre@hotmail.com