*CERTIFIED TRANSLATION* BY: OLGA M. ALICEA, FCCI, NJITCE-S

SJ2019CV11697 12/06/2020 03:10:07 pm Page 1 of 10

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR COURT

| | |
|---|---|
| ECONOMIC DEVELOPMENT BANK FOR PUERTO RICO<br><br>PLAINTIFF<br><br>V.<br><br>GARNET CAPITAL ADVISORS LLC, PR RECOVERY AND DEVELOPMENT REO, LLC, PR RECOVERY AND DEVELOPMENT JV, LLC, and PARLIAMENT CAPITAL MANAGEMENT LLC<br><br>DEFENDANTS | Civil Case No.: SJ2019CV11697<br><br>Re:<br><br>DECLARATORY JUDGMENT; NULLITY OF CONTRACT; RESTITUTION OF CONSIDERATION; DAMAGES |

<u>MOTION REQUESTING INTERVENTION UNDER RULE 21.1 OF CIVIL PROCEDURE AND CONSOLIDATION OF LAWSUITS UNDER RULE 38.1 OF CIVIL PROCEDURE</u>

TO THE HONORABLE COURT:

COME NOW the intervening parties R&D Master Enterprises, Inc., Pro Pave Corp., Matrix Transport Inc., Maria Magdalena Diaz Vila, and José A. Rovira González (collectively, the "Intervenors"), without submitting to the jurisdiction of the court, through their undersigned attorney, and very respectfully STATE, ALLEGE, and PRAY:

1. Pursuant to the provisions of Rule 21.1 of Civil Procedure (32 L.P.R.A. App. V, R. 38.1) and far the reasons set forth below, Intervenors request that their intervention in Civil Case No. SJ2019CV11697, <u>Economic Development Bank for Puerto Rico v. Garnet Capital Advisors LLC, PR Recovery and Development REO, LL, PR Recovery and Development JV LLC, and Parliament Capital Management LLC</u>, be authorized, which lawsuit is sub judice before the Court of First Instance of Puerto Rico, San Juan Superior Court.

*CERTIFIED TRANSLATION*                                 BY: OLGA M. ALICEA, FCCI, NJITCE-S

2.       Rule 21.1 of Civil Procedure reads in its entirety as indicated as follows:

Rule 21.1. <u>Intervention - As a Matter of Law</u>. (32 L.P.R.A. App. V, R. 21.1)

Upon timely request, any person shall have the right to intervene in a lawsuit: (a) when by law or by these rules a right to intervene is conferred; or (b) when the requesting person claims any right or interest in the property or subject matter of the litigation that may, in fact, be affected by the final disposition of the lawsuit.

3.       Pursuant to the provisions of Rule 38.1 of Civil Procedure (32 L.P.R.A. App. V, R. 38.1 ), Intervenors also request that consolidation be ordered of: (a) Civil Case No. SJ2019CV11697, <u>Economic Development Bank for Port Rico v. Garnet Capital Advisors LLC. PR Recovery and Development REO, LLC, PR Recovery and Development JV LLC., and Parliament Capital Management LLC</u>, which lawsuit is sub judice before the Court of First Instance of Puerto Rico, San Juan Superior Court; and (b) Civil Case No. BY2020CV01413, <u>PR Recovery and Development JV, LLC v. R&D Master Enterprises., Inc., Pro Pave Corp., Matrix Transport Inc., María Magdalena Díaz Vila, and José A. Rovira González</u>, which lawsuit is sub judice before the Court of First Instance of Puerto Rico, Guaynabo Superior Court.

4.       Rule 38.1 of Civil Procedure reads in its entirety as indicated as follows:

Rule 38.1. <u>Consolidation</u>. (32 L.P.R.A. App. V, R. 38.1)

When lawsuits are pending before the court that involve common questions of fact or of law, the court may order the holding of a single hearing or trial of any or all of the contentious issues included in said lawsuits, it may order that all of the lawsuits be consolidated, and it may dictate, in this regard, those orders that avoid unnecessary expenses or delays.

5.       PR Recovery and Development JV, LLC (hereinafter, "PR Recovery") filed an Amended Complaint against Intervenors on June 1, 2020, regarding an alleged collection of money and execution of collaterals through ordinary means (hereinafter, the "Collection Lawsuit").

CERTIFIED TRANSLATION                                             BY: OLGA M. ALICEA, FCCI, NJITCE-S

6. As admitted in heading 3 of said Amended Complaint, it is a material and irrefutable fact that PR Recovery is a foreign limited liability company organized under the laws of the State of Delaware.

7. It is a material and irrefutable fact that PR Recovery does not appear registered in the Registry of Corporations of the Puerto Rico Department of State as a foreign limited liability company duly authorized to do business in Puerto Rico.

8. The court file shows that it is a material and irrefutable fact that PR Recovery has not yet posted a non-resident litigant bond under Rule 69.5 of Civil Procedure; which only applies to foreign corporations and requires, among other things, prior judicial notification, the holding of a hearing, reliable proof that the bonded party is likely to prevail in its claim, a judicial determination as to the fair and reasonable amount of the bond, and the evaluation and scrutiny of the Honorable Court regarding the other circumstances of the case.

9. It is a material and irrefutable fact that PR Recovery in effect has been doing business in Puerto Rico since September 7, 2018, at least, the date on which PR Recovery entered into a contract with the Economic Development Bank for Puerto Rico ("EDB") titled "*Loan Sale Agreement*," referring to the purchase and sale of a multi-million dollar portfolio of loans originated by the EDB (valued at $384,269,047.00 and sold by the EDB to PR Recovery at a discounted auction price of $33,843,629.56) (hereinafter, the "Purchase and Sale Loans Portfolio Contract"). Said Purchase and Sale Loans Portfolio Contract is registered in the Registry of Government Contracts of the Office of the Puerto Rico Comptroller under registration number EDB-2019-000044.

10. PR Recovery does not have sufficient standing to claim against Intervenors. It is a material and irrefutable fact that PR Recovery does not have sufficient standing to bring claims in the courts of the Commonwealth of Puerto Rico. Article 20.05 of Law Number 164 of

December 16, 2009, as amended, known as the General Corporations Act (14 L.P.R.A. § 4025), expressly provides that a foreign limited liability company doing business in Puerto Rico may not commence actions, lawsuits, or proceedings in Puerto Rico until it has been authorized to do business and has paid to Puerto Rico all fees, taxes, and penalties for the period during which it conducted business in Puerto Rico without having been authorized to do business in Puerto Rico.

11. It is a material and irrefutable fact that the legality, validity, and effectiveness of the liquidation sale carried out through the Purchase and Sale Loans Portfolio Contract is being seriously disputed by the EDB at this very moment.

12. It is a material and irrefutable fact that PR Recovery appears as a defendant in Civil Case No. SJ2019CV11697, _Economic Development Bank for Puerto Rico v. Garnet Capital Advisors LLC, PR Recovery and Development REO, LLC, PR Recovery and Development JV, LLC, and Parliament Capital Management LLC_, which lawsuit is sub judice before the Court of First Instance of Puerto Rico, San Juan Superior Court (hereinafter, the "Nullification Lawsuit"). In said Nullification Lawsuit, the EDB claims, among other remedies, the declaration of the radical and absolute nullity of the sale of the multimillion-dollar loan portfolio allegedly acquired by PR Recovery through the Purchase and Sale Loans Portfolio Contract (valued at $384,269,047.00 and sold by the EDB to PR Recovery at a discounted auction price of $33,843,629.56), among which supposedly are the loans that are the object of the Collection Lawsuit filed by PR Recovery against Intervenors.

13. In said Nullification Lawsuit, the EDB alleges, among other things, that the EDB transaction with PR Recovery that was carried out through the Purchase and Sale Loans Portfolio Contract:

(a) Is contrary to the public purpose and the corporate reason for which the EDB was created;

(b)   Is contrary to the organic act of the EDB and its internal regulations and procedures;

(c)   Was not carried out as part of a competitive bidding process through public auction, applicable to the disposition of assets of the Commonwealth of Puerto Rico;

(d)   Was not submitted for prior evaluation and approval by the Puerto Rico Fiscal Oversight and Management Board, commonly known as the Oversight Board, which is an essential requirement under PROMESA for large government transactions for the public treasury;

(e)   Was not endorsed by the Governor of Puerto Rico; and

(f)   That it is warranted that the transaction be declared null ab initio so that the Honorable Court can order the return of the considerations.

14.   PR Recovery does not have sufficient standing to claim against Intervenors. Consistent with the decision through Partial Judgment issued on October 15, 2019, by the Court of First Instance of Puerto Rico, San Juan Superior Court, in Civil Case No. SJ2017CV02482, <u>Condado 6, LLC v. Triple A&R Capital Investment, Inc., et al. v. Economic Development Bank for Puerto Rico, et al.</u>, is a material and irrefutable fact that PR Recovery is not a bank, or a trust, or a financial institution with the legal right to acquire loans originated by the EDB.

15.   As a matter of fact, a determining factor that motivated Intervenors to close their loans with the EDB at their origin was the premise that the EDB would never cede or sell the same a predatory investor, a private lender, a competitor of Intervenors, or to any other unknown third party that was not a bank, a trust, or an institution.

16.   Pursuant to the contractual prohibition clause that is clearly stipulated in Section 3.06 of the Loan Contract executed on August 4, 2016, by and between the EDB and Intervenors, it is a material and irrefutable fact that the EDB in effect was (and is) contractually

barred from carrying out the assignment and sale of the loans granted by the EDB to Intervenors to an assignee other than a bank, a trust, or an institution. Said clause reads in its entirety as follows:

> "Section 3.06. <u>Assignment of Collateral</u>. ***The Bank shall have the absolute right to sell or assign to any other bank, trust, or institution, all or any part of the Loan.*** In addition, the Bank may establish, at its option, any lien on any collateral that guarantees the payment of the Loan for purposes of raising funds to comply, if necessary, with the terms and conditions of this Contract." (Emphasis ours.)

17. In other words, it is a material and irrefutable fact that the EDB was (and remains) contractually barred from selling or otherwise assigning to PR Recovery (or to any other natural or legal person that is not a bank, a trust, or an institution) the credit collectible by the EDB from Intervenors. Consequently, PR Recovery does not have sufficient standing to file the Collection Lawsuit against Intervenors, since: (a) PR Recovery is not a bank, a trust, or an institution with sufficient legal capacity to acquire loans from the EDB; and (b) no contractual relationship whatsoever exists between Intervenors and PR Recovery.

18. It is a material and irrefutable fact that PR Recovery does not appear either as a licensee of any of the licenses required by the Office of the Commissioner of Financial Institutions of Puerto Rico that authorizes it to act as lender or as collector in Puerto Rico in the ordinary course of business. Consequently, PR Recovery does not have sufficient standing to file the Collection Lawsuit against Intervenors.

19. Notwithstanding all of the foregoing, the legitimacy and standing of PR Recovery to proceed with the Collection Lawsuit against Intervenors will depend, mainly, on what the Honorable Court decides in the Nullification Lawsuit, whose filing date of precedes the filing date of the Collection Lawsuit.

20. Pursuant to Article 1795 of the Puerto Rico Civil Code (31 L.P.R.A. § 5121) and its jurisprudential progeny, in matters of Puerto Rican private contract law it is well known that

CERTIFIED TRANSLATION                                    BY: OLGA M. ALICEA, FCCI, NJITCE-S

he who pays poorly, pays twice.  Given the difficult economic situation that all Puerto Rican family businesses go through, Intervenors simply cannot run the risk of underpaying, especially when: (a) the legality, validity, and effectiveness of the Purchase and Sale Loans Portfolio Contract is being seriously questioned by the EDB itself at this precise time through the Nullification Lawsuit; and (b) the EDB itself never had (and still does not have) the contractual right to sell Intervenors' loans to PR Recovery (which we emphasize it is not a bank, or a trust, or a financial institution).

21.     Taking into account that the Nullification Lawsuit presents serious matrix controversies that have not been adjudicated, both of fact and of law, referring to whether PR Recovery really has sufficient standing to collect (or not) the loans that PR Recovery allegedly acquired from the EDB according to the Purchase and Sale Loans Portfolio Contract, including the loans that are the subject of the Collection Lawsuit, it is warranted that the Collection Lawsuit be consolidated with the Nullification Lawsuit.

22.     The consolidation of the Collection Lawsuit with the Nullification Lawsuit will not affect the rights of any of the parties, rather that it will preserve due process of law for all of the parties with interest, including for the EDB's and PR Recovery's own benefits. The right to appeal against Intervenors in a collection action will primarily depend on what the Honorable Court resolves in the Nullification Lawsuit that predates the Collection Lawsuit and that is sub judice, and that it be declared there with finality, and with judicial fiat, the identity of the legitimate holder and creditor of the loan portfolio that is the object of the unsuccessful Purchase and Sale Loans Portfolio Contract. The Nullification Lawsuit will eventually culminate in a court ruling that will declare who is the legitimate owner of the loans portfolio with full right to collect the nascent credits of all of those loans originated by the EDB and that are subject to the

<u>CERTIFIED TRANSLATION</u>                                                                              BY: OLGA M. ALICEA, FCCI, NJITCE-S

Purchase and Sale Loans Portfolio Contract, including the legal creditor with sufficient standing to initiate a legal action against Intervenors.

23.     As a consequence of the sinister shadow created by the Purchase and Sale Loans Portfolio Contract and because of the Nullification Lawsuit, the EDB and PR Recovery – by their own acts or omissions -- have placed Intervenors (and all of the other debtors of the EDB) in a peculiar situation of defenselessness. *Who actually has the right and standing to claim of Intervenors, either contractually or judicially? PR Recovery? The EDB?* If the Nullification Lawsuit results in a judgment declaring null and void ab initio the Purchase and Sale Loans Portfolio Contract and, therefore, the Honorable Court validates that PR Recovery does not have the right to collect the credits under the EDB loans that are the subject of the Purchase and Sale Loans Portfolio Contract, if the lawsuits are not timely consolidated this would be causing serious damage to Intervenors and to all of the other EDB debtors whose loans PR Recovery intends to collect and execute through separate litigations; effectively depriving them of due process of law, without having obtained jurisdiction over the person or the subject matter, and divesting the parties with interest of all of their attainable remedies, whether legal, contractual, or in equity.  On the other hand, if the Nullification Lawsuit results in a judgment declaring valid and lawful the Purchase and Sale Loans Portfolio Contract and, therefore, the Honorable Court validates that PR Recovery does have the right to collect the credits under the EDB loans that are the subject of the Purchase and Sale Loans Portfolio Contract, if the lawsuits are not timely consolidated this could also cause serious damage to Intervenors and to all of the other EDB debtors whose loans PR Recovery intends to collect and execute through separate litigations; effectively depriving them of due process of law, without having had jurisdiction over the person or over the subject matter, and divesting the parties with interest of all of the their attainable remedies, whether legal, contractual, or in equity.

24. It is warranted to order the consolidation of the Collection Lawsuit with the Nullification, in order to: (a) have the common controversies of fact and law be addressed in one same case; (b) avoid judgments and pronouncements inconsistent with each other and/or that could cause serious damage to PR Recovery, the EDB, and/or Intervenors; (c) preclude the risk that any of the parties with interest pay badly or pay by error and/or that the EDB and PR Recovery charge wrongly or charged by error; (d) ensure that the rights of indispensable parties are not undermined; and (e) avoid expenses and unnecessary delays.

25. For the reasons stated above, and since both cases involve common questions of fact or of law, it is warranted to order the consolidation of the Collection Lawsuit with the Nullification Lawsuit.

WHEREFORE, it is very respectfully prayed of the Honorable Court that it GRANT this motion and, consequently, it issue a resolution ordering the intervention of Intervenors and the consolidation of Civil Case No. SJ2019CV11697, *Economic Development Bank for Puerto Rico v. Garnet Capital Advisors LLC, PR Recovery and Development REO, LLC, PR Recovery and Development JV, LLC, and Parliament Capital Management LLC*, which lawsuit is sub judice before the Court of First Instance of Puerto Rico, San Juan Superior Court, with Civil Case No. BY2020CV01413, *PR Recovery and Development JV, LLC. R&D Master Enterprises, Inc., Pro Pave Corp., Matrix Transport Inc., María Magdalena Díaz Vila, and José A. Rovira González*, which lawsuit is sub judice before the Court of First Instance of Puerto Rico, Guaynabo Superior Court, together with any other pronouncement that may be legally warranted.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on June 12, 2020.

<u>CERTIFIED TRANSLATION</u>                                              BY: OLGA M. ALICEA, FCCI, NJITCE-S

  I HEREBY CERTIFY: That this motion has been filed electronically through the Unified Case Management and Administration System (SUMAC), which automatically notifies all attorneys of record to their respective email addresses and that this complies with the requirement of notification in this case.

                LAMOUTTE LLC
                P.O. Box 9022185
                San Juan, Puerto Rico 00902
                Tel. 787-688-6036

                <u>s/Carlos M. Lamoutte Navas</u>
                Carlos M. Lamoutte Navas
                Atty. No. 13,826
                cl@carloslamoutte.com

---

CERTIFICATION

I, Olga M. Alicea, an English-Spanish Interpreter and Translator certified to that effect by the Administrative Office of the U.S. Courts and by the National Association of Judiciary Interpreters & Translators (NAJIT), do hereby certify that I have personally translated the foregoing document from Spanish to English and that the translation is true and accurate to the best of my knowledge and abilities.

S/ Olga M. Alicea                  May 26, 2022
Olga M. Alicea, FCCI, NJITCE-S             Date
Fed. Cert. No. 98-005               Ref.: Z9990.803 (CGB)