<u>CERTIFIED TRANSLATION</u>                                    BY OLGA M. ALICEA, FCCI, NJITCE-S

5/25/22, 2:13 PM            Entrepreneurs with loans from the EDB request the cessation of collection actions against them – El Nuevo Día

**FOR SUBSCRIBERS**

# Entrepreneurs with loans from the EDB request the cessation of collection actions against them

They point out that if the Fiscal Oversight Board does not recognize the Bahía Urbana contract, the sale of $384 million in loans by the government banking institution would not be valid either.

**Archive Note: This content was posted more than 30 days ago.**



**In the photo, a view of the headquarters of the Economic Development Bank in the Altamira area of Guaynabo. (Archive)**

After the **Fiscal Oversight Board (https://www.elnuevodia.com/topics/fiscal-oversight-board/)** (FOMB) warned the Convention District Authority (CDA) that the project to rebuild the Old San Juan port zone **cannot be carried out without its approval (https://www.elnuevodia.com/business/economics/notes/fiscal-oversight-board-could-halt-development-of-the-new-urban-bay/)**, the attorney for several entrepreneurs affected by the sale of their loans with the **Economic Development Bank (https://www.elnuevodia.com/topics/economic-development-**

*Translation page 1 of 3*

<u>CERTIFIED TRANSLATION</u>                                    BY OLGA M. ALICEA, FCCI, NJITCE-S

**bank-of-puerto-rico/)** (EDB) requested of Puerto Rico Recovery and Development JV, LLC that it desist from its actions, since said transaction did not receive the endorsement of the fiscal entity.

The letter signed by attorney Carlos S. Lamoutte last December 3, and to which this newspaper had access, indicates that **given the position assumed by the FOMB in the case of the Nueva Bahía Urbana project, the sale of some $384.2 million in loans to the investment fund would not be valid either and, therefore, it is urgent to halt any collection action against the affected entrepreneurs.**

Lamoutte represents several local entrepreneurs, whose businesses are precarious due to the collection actions filed by PR Recovery, the firm that manages the loans acquired from the EDB about three years ago in a confusing bidding process and that the administration of **Ricardo Rosselló Nevares (https://www.elnuevodia.com/topics/ricardo-rossello-nevares/)** -which wanted to close the financial institution- never brought it before the FOMB for consideration.

In the case of the Bahía Urbana project, announced last week and that was awarded to Las Brisas Property Management and CapRock Partners, it was reported that the CDA did not carry out any bidding process.

In a letter to the CDA on December 2, the FOMB's general advisor, Jaime El Khoury, warned the administration of **Pedro Pierluisi (https://www.elnuevodia.com/topics/pedro-pierluisi/)** that the pact with Las Brisas and CapRock would not be approved until it was reviewed by the fiscal agency in light of section 204(b)5) of the federal Promesa law.

In the case of the sale of EDB loans, the institution would have carried out a competition process through Garnet Capital, but the transaction was never submitted to the FOMB for approval. The contract for the sale of the EDB loans was covenanted with Parliament Capital, according to the Registry of Contracts of the Comptroller's Office, although the loans are managed by PR Recovery.

Currently, there are multiple ongoing litigations as a result of the sale of the loans to Parliament /PR Recovery, as well as the sale of another $86 million in EDB loans to the Condado 6 firm. Initially, the sale of a loan to Condado 6 was declared invalid by the Court of First Instance, but in a review process, Panel IV of the Court of Appeals concluded otherwise.

The FOMB's government contract review policy applies to any transaction over $10 million and has been in force since April 2017.

**In the letter, Lamoutte asked PR Recovery to desist from collection actions against his clients on or before December 10, while filing a supplementary motion in federal court to account for El Khoury's letter regarding the contract review policy.**

CERTIFIED TRANSLATION BY OLGA M. ALICEA, FCCI, NJITCE-S

Last October, the federal district judge in charge of the Title III Cases, **Laura Taylor Swain (https://www.elnuevodia.com/topics/laura-taylor-swain/), denied a motion (https://www.elnuevodia.com/negocios/economia/notas/juez-taylor-swain-denies-request-of-the-fiscal-board-related-to-the-economic-development-bank-case/)** of the FOMB that sought to transfer an appeal for mandamus filed by Lamoutte in representation of R&D Master Enterprises Inc. and other companies with the goal of having the FOMB take a formal position regarding the transaction in the EDB.

This Monday, federal judge Raúl M. Arias-Marxuach accepted the supplementary motion filed by Lamoutte.

---

**CERTIFICATION**

I, Olga M. Alicea, an English-Spanish Interpreter and Translator certified to that effect by the Administrative Office of the U.S. Courts and by the National Association of Judiciary Interpreters & Translators (NAJIT), do hereby certify that I have personally translated the foregoing document from Spanish to English and that the translation is true and accurate to the best of my knowledge and abilities.

| S/ Olga M. Alicea | May 26, 2022 |
|---|---|
| Olga M. Alicea, FCCI, NJITCE-S | Date |
| Fed. Cert. No. 98-005 | Ref.: Z9990.803 (CGB) |

*Translation page **3** of **3***

<u>CERTIFIED TRANSLATION</u>   BY OLGA M. ALICEA, FCCI, NJITCE-S

ECONOMICS

## Judge Swain is asked to remove the O'Neill & Borges law firm from the legal representation of the Fiscal Oversight Board

The magistrate accepted the motion, which is related to a conflict between the firm and the sale of the BDE portfolio, and she ordered the parties to express themselves on or before June 2



Although it is part of its duty to review all government contracts that exceed $10 million, the Fiscal Oversight Board has refused to examine the purchase and sale of the BDE's loan portfolio to PR Recovery. In the photo, from left, the members of the Board: Andrew Biggs, Antonio Medina, and David Skeel; together with the Secretary of State, Omar Marrero. (Supplied)

Judge Laura Taylor Swain decided to hear a motion that requests that the main firm of the Fiscal Oversight Board (FOMB), O'Neill & Borges, be disqualified for allegedly having a conflict of interest in the case of the bankruptcy of the government of Puerto Rico and not having disclosed it to the Bankruptcy Court.

**The legal appeal, filed by attorney Carlos Lamoutte**, was processed on Thursday, May 19, and in less than 24 hours, the judge ordered the parties to express themselves on or before Thursday, June 2.

In the 20-page document, **Lamoutte pointed out that the O'Neill & Borges law firm, in addition to being the main legal advisor to the FOMB in the Title III case under PROMESA, simultaneously had as clients PR Recovery Development JV, LLC, Parliament**

*Translation page 1 of 3*

<u>CERTIFIED TRANSLATION</u> BY OLGA M. ALICEA, FCCI, NJITCE-S

**Capital Management LLC, Parliament High Yield Fund LLC, and Island Portfolio Services LLC.**

This means that **the law firm could be in violation of a recently approved federal statute, known as PRRADA by its English acronym**, which prohibits conflicts of interest of contractors participating in the restructuring process. **This law requires creditors, attorneys, accountants, and any other interested party to disclose possible conflicts of interest before they can collect payments related to the process of restructuring** the island's **public debt.**

Lamoutte points out that **the four companies mentioned above participated in the controversial transaction of the purchase and sale of the loan portfolio of the Economic Development Bank (EDB),** whose value amounted to more than $384 million, but which was acquired with a 91% discount.

Said transaction is the subject of a lawsuit in the Court of First Instance of San Juan, since the EDB itself has requested that it be declared null, and that all the money be reverted to the bank. This, because there were multiple violations in the sale process, among them that it did not have the endorsement of the Bank's board of directors.

Moreover, even the president of the EDB at that time, Luis Burdiel, pleaded guilty to two charges related to conflicts of interest with the transaction.

Similarly, **the FOMB has refused to examine the transaction**, despite the fact that PROMESA's statutes establish that the fiscal entity must review any government contract that exceeds $10 million. **Likewise, the FOMB has refused to explain the relationship that exists between the O'Neill & Borges law firm and the four companies mentioned.**

**According to Lamoutte, the O'Neill & Borges law firm "in bad faith and intentionally" excluded the "Stalking Horses" (the four companies mentioned) from the amended list of participants that would have a material interest, and which was submitted by the Board to the Title III court under PRRADA.**

The term "stalking horses" is used in bankruptcy jargon to refer to the person who acquires assets from the estate in bankruptcy. To do so, the authorization of the court is required, and in this case, it is assumed that also of the FOMB.

**"Professionals employed by the Fiscal Oversight Board cannot be allowed to take advantage of their privileged association with the Board to financially benefit private clients, harm the Commonwealth, and deprive Commonwealth's creditors of possible remedies in the Title III case,"** reads part of the legal appeal.

Governor **Pedro Pierluisi was a member of that firm for more than a decade** and he worked there before resigning in 2019 when he attempted to become governor after the abrupt departure of Ricardo Rosselló.

<u>CERTIFIED TRANSLATION</u>  BY OLGA M. ALICEA, FCCI, NJITCE-S

**Attorney Lamoutte requests that the Court permanently remove the O'Neill & Borges law firm from the legal representation of the FOMB, as well as provide for the annulment and return of the fees collected and invoiced in the case.**

This newspaper contacted the offices of O'Neill & Borges for a reaction, but as of this time of this publication they had not returned the call.

---

**CERTIFICATION**

I, Olga M. Alicea, an English-Spanish Interpreter and Translator certified to that effect by the Administrative Office of the U.S. Courts and by the National Association of Judiciary Interpreters & Translators (NAJIT), do hereby certify that I have personally translated the foregoing document from Spanish to English and that the translation is true and accurate to the best of my knowledge and abilities.

| S/ Olga M. Alicea | May 26, 2022 |
|---|---|
| Olga M. Alicea, FCCI, NJITCE-S | Date |
| Fed. Cert. No. 98-005 | Ref.: Z9990.803 (CGB) |

*Translation page **3** of **3***