

# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
## FOR PUERTO RICO

Members
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty A. Rosa

David A. Skeel, Jr.
Chair

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

June 26, 2021
Carlos Lamoutte, Esq.
P.O. Box 9022185
San Juan, Puerto Rico 00902
cl@carloslamoutte.com

Dear Mr. Lamoutte:

We write in response to your letters dated June 9, 2021, June 12, 2021, and June 22, 2021, attached as Appendix A, regarding the class action filed against, among others, the Economic Development Bank for Puerto Rico ("BDE").

We have reviewed your correspondence as well as its referenced materials. We refer you to our letters dated September 24, 2020, October 23, 2020, and February 22, 2021, attached as Appendix B. We have nothing to add beyond what is set forth in that correspondence. Namely: (i) the Oversight Board generally does not comment on matters that are the subject of active litigation when the Oversight Board is not a named party and therefore will not address issues related to your litigation in future public meetings; (ii) the Oversight Board did not review or approve the Loan Sale Agreement, entered into as of September 7, 2018, before it was executed, as it was not submitted to the Oversight Board for review under its contract review policy; and (iii) the Oversight Board understands that the law firm of O'Neill & Borges did not represent the Buyer, as defined in the Loan Sale Agreement.

Once again, thank you for your interest in the Commonwealth's economic recovery.

Sincerely,

Jaime A. El Koury
General Counsel

Mr. Lamoutte
June 26, 2021
Page 2 of 2


CC:    Ms. Natalie A. Jaresko
      Mr. David A. Skeel, Jr.
      Mr. Andrew G. Biggs
      Mr. Arthur J. Gonzalez
      Mr. Antonio L. Medina
      Mr. John E. Nixon
      Mr. Justin M. Peterson
      Ms. Betty A. Rosa
      Governor Pedro Pierluisi Urrutia
      Mr. Michael Juarbe
      Ms. Valerie Maldonado
      Guy Brenner, Esq.
      Hadassa R. Waxman, Esq.
      Cory I. Rogoff, Esq.
      Timothy W. Mungovan, Esq.
      Congressman Raúl M. Grijalva
      Congresswoman Nydia M. Velázquez
      Congresswoman Alexandra Ocasio Cortez
      Congressman Darren Soto
      Congressman Ritchie Torres
      Congressman Jesús "Chuy" García
      Congressman Adriano Espaillat
      Senator Robert Menéndez
      Senator Roger Wicker
      Humberto Guzmán Rodríguez, Esq.
      Fernando M. Correa Juliá, Esq.
      Manuel Martínez-Umpierre, Esq.

# CARLOS LAMOUTTE

### ADVISOR · ATTORNEY · NOTARY

June 22, 2021

**BY U.S. MAIL AND ELECTRONIC MAIL**

Ms. Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
natalie.jaresko@promesa.gov

Jaime A. El Koury, Esq.
General Counsel
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
jaime.elkoury@promesa.gov

Re:   **FOLLOW-UP TO FORMAL PETITION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING** *EX POST FACTO* **REVISION AND DECLARATION OF ANNULMENT AND AVOIDANCE OF PUERTO RICO GOVERNMENT CONTRACT**
(Civil Case Number SJ2020CV04491 - $385,000,000 Lender Liability Class Action filed against Banco de Desarrollo Económico para Puerto Rico, PR Recovery and Development JV, LLC, Arena Investors, LP, and Mr. Luis Burdiel Agudo)

Dear Ms. Jaresko and Mr. El Koury:

Reference is made to the petition letter addressed to you on June 9, 2021, a true and exact copy of which is attached hereto for convenience of reference (the "June 9th Letter"), in relation to that certain Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, the "BDE") and a private foreign investor named PR Recovery and Development JV, LLC ("PR Recovery"), registered at the Office of the Comptroller of Puerto Rico under contract number BDEPR-2019-000044 (hereinafter, the "Loan Sale Agreement"), pursuant to which the BDE unlawfully transferred a $384,269,047 loan portfolio to PR Recovery, at a 91% liquidation discount, and under other highly suspect circumstances that are the object of ongoing litigation.[1]

---

[1] See the entire dockets of Civil Case Numbers SJ2020CV04491 and SJ2019CV11697, respectively, both pending before the Puerto Rico Court of First Instance, San Juan Part.



CL

As of the date of this follow-up letter, we have received no tangible response from your office as to the June 9th Letter, which punctually addressed several violations of the PROMESA Act and the standing policies of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board").

Section 204(b)(5) of the PROMESA Act, 48 U.S. 2144(b)(5), expressly states as follows:

> "(5) FAILURE TO COMPLY.— **If a contract**, rule, regulation, or executive order **fails to comply with policies established by the Oversight Board under this subsection, the Oversight Board may take such actions as it considers necessary to ensure that such contract**, rule, executive order or regulation **will not adversely affect the territorial government's compliance with the Fiscal Plan, including by preventing the** execution or **enforcement of the contract**, rule, executive order or regulation."  (Emphasis added.)

The plaintiff class asserts that it is the ministerial duty ("*deber ministerial*") of the Oversight Board and its executive team to evaluate all Puerto Rico government contracts having a transactional valuation of $10 million or more; such obligation being of an *ongoing and continuing* nature as to those material contracts known to have been circumvented away from the Oversight Board's inspection prior to their execution. [2]

Accordingly, the Oversight Board carries the *ongoing and continuing* statutory obligation to scrutinize the $384,269,047 Loan Sale Agreement that was purposefully diverted away from the Oversight Board's revision and approval process and which the BDE, an instrumentality of the Government of Puerto Rico, has characterized in court pleadings as a multimillion-dollar fraud. [3]

To rule on this type of misconduct in Puerto Rico government contracting is the very reason that the Oversight Board exists.  If the Oversight Board truly wishes "*to make the government contracting process more effective*", "*to increase the public's faith in this process*", and to ensure that Puerto Rico government contracts (such as the Loan Sale Agreement) "*promote market competition*" and "*are not inconsistent with the approved fiscal plan*", then the Loan Sale Agreement must be examined by the Oversight Board, immediately and without delay.

We support the Oversight Board's mission in Puerto Rico.  We make ourselves available to appear before the Oversight Board to present on this matter at its next public meeting and to illustrate the Oversight Board as to all the irregularities that surround the Loan Sale Agreement; such that the Oversight Board can make an informed decision as to this controversial government contract that was conducted outside of the Oversight Board's reach, with the Oversight Board's imputed knowledge of the contracting parties' willful failure to comply with the PROMESA Act and its standing policies, and to financially benefit a private party.

---

[2] See the FOMB Policy: Review of Contracts adopted on November 6, 2017, as amended on April 30, 2021.
[3] See the entire docket of Civil Case Number SJ2019CV11697, pending before the Puerto Rico Court of First Instance, San Juan Part.

CL

Once again, we petition the Oversight Board to evaluate the Loan Sale Agreement at its next public meeting, either to ratify the same or to declare it null and void under the federal powers at its disposal.

Sincerely,

Carlos Lamoutte


C:      Mr. David A. Skeel, Jr.
        Mr. Andrew G. Biggs
        Mr. Arthur J. González
        Mr. Antonio L. Medina
        Mr. John E. Nixon
        Mr. Justin M. Peterson
        Ms. Betty A. Rosa
        Financial Oversight and Management Board for Puerto Rico
        P.O. Box 192018
        San Juan, Puerto Rico 00919-2018

        Governor Pedro Pierluisi Urrutia
        Office of the Governor of Puerto Rico
        63 Calle Fortaleza
        San Juan, Puerto Rico 00901

        Mr. Michael Juarbe
        Financial Oversight and Management Board for Puerto Rico
        michael.juarbe@promesa.gov

        Ms. Valerie Maldonado
        Financial Oversight and Management Board for Puerto Rico
        valerie.maldonado@promesa.gov

        Guy Brenner, Esq.
        Proskauer Rose LLP
        gbrenner@proskauer.com

        Hadassa R. Waxman, Esq.
        Proskauer Rose LLP
        hwaxman@proskauer.com

CL

Cory I. Rogoff, Esq.
Proskauer Rose LLP
crogoff@proskauer.com

Timothy W. Mungovan, Esq.
Proskauer Rose LLP
tmungovan@proskauer.com

Congressman Raúl M. Grijalva
U.S. House of Representatives
1511 Longworth House Office Building
Washington, DC 20515

Congresswoman Nydia M. Velázquez
U.S. House of Representatives
2302 Rayburn House Office Building
Washington, DC 20515

Congresswoman Alexandra Ocasio Cortez
U.S. House of Representatives
216 Cannon House Office Building
Washington, DC 20515

Congressman Darren Soto
U.S. House of Representatives
2353 Rayburn House Office Building
Washington, DC 20515

Congressman Ritchie Torres
U.S. House of Representatives
317 Cannon House Office Building
Washington, DC 20515

Congressman Jesús "Chuy" García
U.S. House of Representatives
1519 Longworth House Office Building
Washington, DC 20515

Congressman Adriano Espaillat
U.S. House of Representatives
2332 Rayburn House Office Building
Washington, DC 20515

CL

Senator Robert Menéndez
U.S. Senate
528 Hart Senate Office Building
Washington, DC 20510

Senator Roger Wicker
U.S. Senate
555 Dirksen Senate Office Building
Washington, DC 20510

Humberto Guzmán Rodríguez, Esq.
(Co-counsel to the plaintiff class)
hguzman@grllaw.net

Fernando M. Correa Juliá, Esq.
(Co-counsel to the plaintiff class)
fernando.correalaw@gmail.com

Manuel Martínez-Umpierre, Esq.
(Co-counsel to the plaintiff class)
mmartinez_umpierre@hotmail.com

# CARLOS LAMOUTTE

ADVISOR · ATTORNEY · NOTARY

June 12, 2021

**BY U.S. MAIL**

Mr. David A. Skeel, Jr.
Mr. Andrew G. Biggs
Mr. Arthur J. González
Mr. Antonio L. Medina
Mr. John E. Nixon
Mr. Justin M. Peterson
Ms. Betty A. Rosa
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

**Re:  FORMAL PETITION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING *EX POST FACTO* REVISION AND DECLARATION OF ANNULMENT AND AVOIDANCE OF PUERTO RICO GOVERNMENT CONTRACT**

To all voting members of the Financial Oversight and Management Board for Puerto Rico:

Attached please find a true and exact copy of a petition letter addressed to Executive Director Jaresko and to General Counsel El Koury, pursuant to which the Oversight Board has been formally petitioned to: (a) REVIEW that certain Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, "BDE") and a private foreign investor named PR Recovery and Development JV, LLC ("PR Recovery"), registered at the Office of the Comptroller of Puerto Rico under contract number BDEPR-2019-000044 (hereinafter, the "Loan Sale Agreement"), pursuant to which the BDE unlawfully transferred a $384,269,047 loan portfolio to PR Recovery, at a 91% discount, and under other highly suspect circumstances which are the object of ongoing litigation; and (b) TAKE ENFORCEMENT ACTION under the federal powers available to the Oversight Board, including those set forth in Sections 104(c), 104(k) and 204(b)(5) of the PROMESA Act.

To the extent that the Oversight Board bears the statutory obligation under the PROMESA Act to review and validate all Puerto Rico government contracts having a transactional value in excess of $10,000,000, the plaintiff class that we represent hereby formally petitions that the annulment and avoidance of the $384,269,047 Loan Sale Agreement be included in the agenda for the upcoming meeting of the Oversight Board.



CL

The Loan Sale Agreement is the object of ongoing civil litigation, including the lender liability class action referenced in our June 9th letter, and it is an uncontested fact that such government contract was never reviewed or approved by the Oversight Board prior to its execution by the BDE and PR Recovery, as has been correctly certified in the past by Ms. Jaresko and by attorney El Koury.

Be aware that the BDE itself has made allegations of fraud and is judicially seeking that the entire Loan Sale Agreement be declared null and void *ab initio*.  Also be aware that the BDE's former President, Mr. Luis Burdiel Agudo, recently declared himself guilty of two fraud felonies that directly relate to the $384,269,047 loan portfolio that was unlawfully transferred to PR Recovery under the Loan Sale Agreement.

We request the Oversight Board to evaluate the Loan Sale Agreement at its next public meeting, either to ratify the same or to declare it null and void under the federal powers at its disposal.  In our view, the Oversight Board needs to take prompt, affirmative action in connection with a Puerto Rico government contract that is already tainted of illegality, and that was purposefully diverted away from Oversight Board's prior inspection and approval processes, *sub silentio*.

The Oversight Board's failure to take any action in connection with the Loan Sale Agreement would create the terrible precedent that it is "*O.K.*" to not submit significant government contracts to the Oversight Board for approval, as required under PROMESA Act, and to bypass the Oversight Board and the formalities of the PROMESA Act altogether, to benefit a private party and to enable a questionable transaction.

We support the Oversight Board's mission in Puerto Rico.  We make ourselves available to appear before the Oversight Board to present on this matter at its next public meeting, to illustrate the Oversight Board as to all of the irregularities that surround the Loan Sale Agreement, such that the Oversight Board can make an informed decision as to this controversial government contract that launched the BDE to its own insolvency and that is affecting hundreds of small business owners throughout the island.

Sincerely,

Carlos Lamoutte

C:   Governor Pedro Pierluisi Urrutia
     Ex Officio Member of the
     Financial Oversight and Management Board for Puerto Rico
     Office of the Governor of Puerto Rico
     63 Calle Fortaleza
     San Juan, Puerto Rico 00901

# CARLOS LAMOUTTE

### ADVISOR · ATTORNEY · NOTARY

June 9, 2021

## BY U.S. MAIL AND ELECTRONIC MAIL

Ms. Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
natalie.jaresko@promesa.gov

Jaime A. El Koury, Esq.
General Counsel
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
jaime.elkoury@promesa.gov

**Re:** **FORMAL PETITION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING *EX POST FACTO* REVISION AND DECLARATION OF ANNULMENT AND AVOIDANCE OF PUERTO RICO GOVERNMENT CONTRACT**
(Civil Case Number SJ2020CV04491 - $385,000,000 Lender Liability Class Action filed against Banco de Desarrollo Económico para Puerto Rico, PR Recovery and Development JV, LLC, Arena Investors, LP, and Mr. Luis Burdiel Agudo)

Dear Ms. Jaresko and Mr. El Koury:

Reference is made to that certain Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, "BDE") and a private foreign investor named PR Recovery and Development JV, LLC ("PR Recovery"), registered at the Office of the Comptroller of Puerto Rico under contract number BDEPR-2019-000044 (hereinafter, the "Loan Sale Agreement"), pursuant to which the BDE unlawfully transferred a $384,269,047 loan portfolio to PR Recovery, at a 91% discount, and under other highly suspect circumstances which are the object of ongoing litigation.

As you are aware, the circumstances surrounding the negotiation and execution of the Loan Sale Agreement are far from typical and ordinary.



CL

The Financial Oversight and Management Board for Puerto Rico (hereinafter, the "Oversight Board") possesses the legal power and federal authority to declare null and void *ab initio* the Loan Sale Agreement entered into by and between the BDE and PR Recovery, thereby avoiding protracted litigation and the accumulation of irreparable injury being inflicted upon the plaintiff class that we represent in Civil Case Number SJ2020CV04491.[1]

The disturbing chain of events set forth below leads us to formally petition the Oversight Board to conduct the *ex post facto* revision of the Loan Sale Agreement, pursuant to the federal powers granted to the Oversight Board by the PROMESA Act (and standing policies relating to governmental contract review):

1.      The BDE is a covered instrumentality under the PROMESA Act, its regulations, and the standing policies adopted by the Oversight Board in connection with the revision and approval of Puerto Rico government contracts, such as the $384,269,047 Loan Sale Agreement referenced above.

2.      On September 7, 2018, the BDE and PR Recovery entered into the Loan Sale Agreement without first having submitted the Loan Sale Agreement to the Oversight Board for its prior evaluation and approval.

3.      By information and belief, PR Recovery is fully funded and controlled by a New York hedge fund named Arena Investors, LP, which is managed by its Chief Executive Officer, Mr. Daniel Zwirn.

4.      The BDE was represented in the negotiation, drafting and execution of the Loan Sale Agreement by its former President, Mr. Luis Burdiel Agudo, and by its former Chief Financial Officer, Mr. Gilberto Hernández Negrón.

5.      The BDE's former President, Mr. Luis Burdiel Agudo, recently declared himself guilty of two state felonies that directly relate to his manipulation of the Loan Sale Agreement.[2]

6.      The law firm O'Neill & Borges, LLC represented PR Recovery in the negotiation, drafting and execution of the Loan Sale Agreement.[3]

7.      Coincidentally, the law firm O'Neill & Borges, LLC also simultaneously served as local counsel to the Oversight Board at the time of the negotiation, drafting and execution of the Loan Sale Agreement, and continues to serve as local counsel to the

---

[1] The plaintiff class is comprised of hundreds of small business owners and families located throughout the island of Puerto Rico that are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery, notwithstanding the fact that PR Recovery is not an eligible assignee of the BDE loans that it purportedly acquired.
[2] See Criminal Case Number KEG2020G0024, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, and Criminal Case Number KLE2020G0445, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, respectively.
[3] See the Loan Sale Agreement, at page 30.

CL

Oversight Board to this date.  This fact presents an embarrassing conflict of interest that the Oversight Board has failed to address so far, for reasons that remain unknown.

8.     No public record exists of the Oversight Board's approval (or rejection) of the Loan Sale Agreement entered into by and between the BDE and PR Recovery.  In fact, the Oversight Board has formally certified in writing that the Loan Sale Agreement was never submitted to the Oversight Board for evaluation and approval prior to its execution.

9.     The BDE, PR Recovery and PR Recovery's own legal counsel – *in turn, also the Oversight Board's own legal counsel* – collectively failed to submit the Loan Sale Agreement to the Oversight Board prior to its execution.

10.     The $384,269,047 Loan Sale Agreement transacted by the BDE and PR Recovery without the Oversight Board's approval far exceeds the $10 million benchmark that triggers compliance with the Oversight Board's strict standing policies as to contract revision and approval.

11.     It is an uncontested fact that the BDE, PR Recovery and the law firm O'Neill & Borges, LLC – *the Oversight Board's own legal counsel* – collectively failed to apply for and/or otherwise procure the Oversight Board's transaction approval of the Loan Sale Agreement prior to the parties' execution of the Loan Sale Agreement and/or prior to the BDE's disposition of the BDE loan portfolio, in willful violation of the Oversight Board's Contract Review Policy adopted on November 6, 2017, as amended.

12.     As has been previously asserted by the BDE in several court pleadings, the disposition of the BDE loan portfolio undertaken by the BDE and PR Recovery pursuant to the Loan Sale Agreement instantly thrust the BDE into a position of insolvency.

13.     Shortly after the execution of the Loan Sale Agreement, PR Recovery initiated aggressive collection and foreclosure actions against hundreds of debtors whose commercial loans were originated by the BDE at inception and that today comprise the plaintiff class.

14.     On November 7, 2019, the BDE filed a civil complaint against PR Recovery before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2019CV11697, demanding that the Loan Sale Agreement be judicially declared null and void, seeking that the entire $384,269,047 BDE loan portfolio be reverted to the BDE, and requesting other judicial relief.

15.     A very large and substantial number of the loan agreements forming part of the BDE loan portfolio transferred by the BDE to PR Recovery under the Loan Sale Agreement contain contractual restrictions that expressly prohibit the BDE from transferring the underlying BDE loans to any assignee that is not a bank, a trust, or a financial institution.

3

CL

16.    PR Recovery is a limited liability company organized under the laws of the State of Delaware that is not even authorized to do business in the Commonwealth of Puerto Rico.

17.    PR Recovery is not a bank[4], a trust[5], or a financial institution[6], and has purposefully omitted to disclose and discover its legal status to date before the courts of the Commonwealth of Puerto Rico.

18.    The plaintiff class contends that PR Recovery operates as a foreign investment fund ("fondo de inversiones"), and therefore cannot be characterized as a financial institution.[7]

19.    To the knowledge of the plaintiff class, PR Recovery does not hold a banking license of any sort.

20.    PR Recovery is not an eligible assignee of all BDE loans purportedly transferred by the BDE to PR Recovery under the Loan Sale Agreement, to the extent that the underlying loan agreements comprising the subject portfolio contain contractual restrictions that expressly prohibit the BDE from transferring same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

21.    Hundreds of individual debtors of the BDE, comprised of small business owners and families located throughout the island, are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery, notwithstanding the fact that PR Recovery is not an eligible assignee of those credit facilities that are subject to contractual restrictions which expressly prohibited the BDE from transferring the same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

22.    As a bank operating under the laws of the Commonwealth of Puerto Rico, the BDE has completely disregarded the fiduciary responsibilities owed to the members of the plaintiff class whose BDE loans were unlawfully transferred to PR Recovery, a non-eligible assignee, without their knowledge, and without first having secured their individual written consents.

23.    As of the date of this letter, PR Recovery has knowingly, willfully and in bad faith filed hundreds of debt collection and foreclosure complaints before the courts of the Commonwealth of Puerto Rico and has defiantly obstructed the discovery of evidence that is entirely material and pertinent as to the non-eligible character of PR Recovery to collect and foreclose on those BDE loans.

---

[4] See P.R. Laws Ann. Tit. 7 § 3(c).
[5] See P.R. Laws Ann. Tit. 32 § 3351.
[6] See P.R. Laws Ann. Tit. 13 § 30137(f)(4).
[7] See Meridian Sunrise Village, LLC v. NB Distressed Debt Investment Fund Ltd., 2014 WL 909219 (W.D. Wash., March 7, 2014).

CL

The present set of facts makes us wonder how many other Puerto Rico government contracts (such as the Loan Sale Agreement) have been secreted away from the Oversight Board's reach, without any form of corrective or remedial action taken by the Oversight Board to date.

The Oversight Board's primary mission is to ensure that Puerto Rico government contracts (such as the Loan Sale Agreement) comply with the Commonwealth of Puerto Rico's fiscal plan and the intent of the PROMESA Act. The plaintiff class contends that the Oversight Board's involvement in this matter is not discretional, optional or by its own convenience, particularly in light of the fact that the Loan Sale Agreement was intentionally circumvented away from the Oversight Board's inspection by the Oversight Board's own legal counsel and to benefit a private client, *sub silentio*.

### Formal Petition to Action

The Oversight Board possesses the legal power and federal authority to declare null and void *ab initio* the Loan Sale Agreement entered into by and between the BDE and PR Recovery, thereby avoiding protracted litigation and the accumulation of irreparable injury being inflicted upon the plaintiff class that we represent.

The plaintiff class fails to envision how the fire sale of a $384,269,047 loan portfolio to a non-eligible transferee (such as PR Recovery), at a 91% discount, and under other highly suspect circumstances that launched the BDE to its own insolvency is susceptible of ever being approved and validated by the Oversight Board. However, until such time as the Oversight Board either approves or rejects the Loan Sale Agreement, the same will remain tainted in controversy and in protracted litigation. Therefore, it is imperative that the Oversight Board issues a definitive and reasoned ruling on this controversial matter.

**To the extent that the Oversight Board bears the statutory obligation under the PROMESA Act to review and validate all Puerto Rico government contracts having a transactional value in excess of $10,000,000, the plaintiff class hereby formally petitions that the annulment and avoidance of the $384,269,047 Loan Sale Agreement be included in the agenda for the upcoming meeting of the Oversight Board.**

Should you have any questions or comments pertaining to the foregoing, please do not hesitate to contact me at your convenience.

Sincerely,

Carlos Lamoutte

CL

C:      Governor Pedro Pierluisi Urrutia
        Office of the Governor of Puerto Rico
        63 Calle Fortaleza
        San Juan, Puerto Rico 00901

        Mr. Michael Juarbe
        Financial Oversight and Management Board for Puerto Rico
        michael.juarbe@promesa.gov

        Ms. Valerie Maldonado
        Financial Oversight and Management Board for Puerto Rico
        valerie.maldonado@promesa.gov

        Guy Brenner, Esq.
        Proskauer Rose LLP
        gbrenner@proskauer.com

        Hadassa R. Waxman, Esq.
        Proskauer Rose LLP
        hwaxman@proskauer.com

        Cory I. Rogoff, Esq.
        Proskauer Rose LLP
        crogoff@proskauer.com

        Timothy W. Mungovan, Esq.
        Proskauer Rose LLP
        tmungovan@proskauer.com

        Congressman Raúl M. Grijalva
        U.S. House of Representatives
        1511 Longworth House Office Building
        Washington, DC 20515

        Congresswoman Nydia M. Velázquez
        U.S. House of Representatives
        2302 Rayburn House Office Building
        Washington, DC 20515

        Congresswoman Alexandra Ocasio Cortez
        U.S. House of Representatives
        216 Cannon House Office Building
        Washington, DC 20515

6

CL

Congressman Darren Soto
U.S. House of Representatives
2353 Rayburn House Office Building
Washington, DC 20515

Congressman Ritchie Torres
U.S. House of Representatives
317 Cannon House Office Building
Washington, DC 20515

Congressman Jesús "Chuy" García
U.S. House of Representatives
1519 Longworth House Office Building
Washington, DC 20515

Congressman Adriano Espaillat
U.S. House of Representatives
2332 Rayburn House Office Building
Washington, DC 20515

Senator Robert Menéndez
U.S. Senate
528 Hart Senate Office Building
Washington, DC 20510

Senator Roger Wicker
U.S. Senate
555 Dirksen Senate Office Building
Washington, DC 20510

Humberto Guzmán Rodríguez, Esq.
(Co-counsel to the plaintiff class)
hguzman@grllaw.net

Fernando M. Correa Juliá, Esq.
(Co-counsel to the plaintiff class)
fernando.correalaw@gmail.com

Manuel Martínez-Umpierre, Esq.
(Co-counsel to the plaintiff class)
mmartinez_umpierre@hotmail.com

# CARLOS LAMOUTTE

### ADVISOR · ATTORNEY · NOTARY

June 9, 2021

## BY U.S. MAIL AND ELECTRONIC MAIL

Ms. Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
natalie.jaresko@promesa.gov

Jaime A. El Koury, Esq.
General Counsel
Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018
jaime.elkoury@promesa.gov

Re:   **FORMAL PETITION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING *EX POST FACTO* REVISION AND DECLARATION OF ANNULMENT AND AVOIDANCE OF PUERTO RICO GOVERNMENT CONTRACT**
**(Civil Case Number SJ2020CV04491 - $385,000,000 Lender Liability Class Action filed against Banco de Desarrollo Económico para Puerto Rico, PR Recovery and Development JV, LLC, Arena Investors, LP, and Mr. Luis Burdiel Agudo)**

Dear Ms. Jaresko and Mr. El Koury:

Reference is made to that certain Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, "BDE") and a private foreign investor named PR Recovery and Development JV, LLC ("PR Recovery"), registered at the Office of the Comptroller of Puerto Rico under contract number BDEPR-2019-000044 (hereinafter, the "Loan Sale Agreement"), pursuant to which the BDE unlawfully transferred a $384,269,047 loan portfolio to PR Recovery, at a 91% discount, and under other highly suspect circumstances which are the object of ongoing litigation.

As you are aware, the circumstances surrounding the negotiation and execution of the Loan Sale Agreement are far from typical and ordinary.





The Financial Oversight and Management Board for Puerto Rico (hereinafter, the "Oversight Board") possesses the legal power and federal authority to declare null and void *ab initio* the Loan Sale Agreement entered into by and between the BDE and PR Recovery, thereby avoiding protracted litigation and the accumulation of irreparable injury being inflicted upon the plaintiff class that we represent in Civil Case Number SJ2020CV04491.[1]

The disturbing chain of events set forth below leads us to formally petition the Oversight Board to conduct the *ex post facto* revision of the Loan Sale Agreement, pursuant to the federal powers granted to the Oversight Board by the PROMESA Act (and standing policies relating to governmental contract review):

1.     The BDE is a covered instrumentality under the PROMESA Act, its regulations, and the standing policies adopted by the Oversight Board in connection with the revision and approval of Puerto Rico government contracts, such as the $384,269,047 Loan Sale Agreement referenced above.

2.     On September 7, 2018, the BDE and PR Recovery entered into the Loan Sale Agreement without first having submitted the Loan Sale Agreement to the Oversight Board for its prior evaluation and approval.

3.     By information and belief, PR Recovery is fully funded and controlled by a New York hedge fund named Arena Investors, LP, which is managed by its Chief Executive Officer, Mr. Daniel Zwirn.

4.     The BDE was represented in the negotiation, drafting and execution of the Loan Sale Agreement by its former President, Mr. Luis Burdiel Agudo, and by its former Chief Financial Officer, Mr. Gilberto Hernández Negrón.

5.     The BDE's former President, Mr. Luis Burdiel Agudo, recently declared himself guilty of two state felonies that directly relate to his manipulation of the Loan Sale Agreement.[2]

6.     The law firm O'Neill & Borges, LLC represented PR Recovery in the negotiation, drafting and execution of the Loan Sale Agreement.[3]

7.     Coincidentally, the law firm O'Neill & Borges, LLC also simultaneously served as local counsel to the Oversight Board at the time of the negotiation, drafting and execution of the Loan Sale Agreement, and continues to serve as local counsel to the

---

[1] The plaintiff class is comprised of hundreds of small business owners and families located throughout the island of Puerto Rico that are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery, notwithstanding the fact that PR Recovery is not an eligible assignee of the BDE loans that it purportedly acquired.

[2] See Criminal Case Number KEG2020G0024, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, and Criminal Case Number KLE2020G0445, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, respectively.

[3] See the Loan Sale Agreement, at page 30.

CL

Oversight Board to this date. This fact presents an embarrassing conflict of interest that the Oversight Board has failed to address so far, for reasons that remain unknown.

8.      No public record exists of the Oversight Board's approval (or rejection) of the Loan Sale Agreement entered into by and between the BDE and PR Recovery. In fact, the Oversight Board has formally certified in writing that the Loan Sale Agreement was never submitted to the Oversight Board for evaluation and approval prior to its execution.

9.      The BDE, PR Recovery and PR Recovery's own legal counsel – *in turn, also the Oversight Board's own legal counsel* – collectively failed to submit the Loan Sale Agreement to the Oversight Board prior to its execution.

10.     The $384,269,047 Loan Sale Agreement transacted by the BDE and PR Recovery without the Oversight Board's approval far exceeds the $10 million benchmark that triggers compliance with the Oversight Board's strict standing policies as to contract revision and approval.

11.     It is an uncontested fact that the BDE, PR Recovery and the law firm O'Neill & Borges, LLC – *the Oversight Board's own legal counsel* – collectively failed to apply for and/or otherwise procure the Oversight Board's transaction approval of the Loan Sale Agreement prior to the parties' execution of the Loan Sale Agreement and/or prior to the BDE's disposition of the BDE loan portfolio, in willful violation of the Oversight Board's Contract Review Policy adopted on November 6, 2017, as amended.

12.     As has been previously asserted by the BDE in several court pleadings, the disposition of the BDE loan portfolio undertaken by the BDE and PR Recovery pursuant to the Loan Sale Agreement instantly thrust the BDE into a position of insolvency.

13.     Shortly after the execution of the Loan Sale Agreement, PR Recovery initiated aggressive collection and foreclosure actions against hundreds of debtors whose commercial loans were originated by the BDE at inception and that today comprise the plaintiff class.

14.     On November 7, 2019, the BDE filed a civil complaint against PR Recovery before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2019CV11697, demanding that the Loan Sale Agreement be judicially declared null and void, seeking that the entire $384,269,047 BDE loan portfolio be reverted to the BDE, and requesting other judicial relief.

15.     A very large and substantial number of the loan agreements forming part of the BDE loan portfolio transferred by the BDE to PR Recovery under the Loan Sale Agreement contain contractual restrictions that expressly prohibit the BDE from transferring the underlying BDE loans to any assignee that is not a bank, a trust, or a financial institution.

3

CL

16.    PR Recovery is a limited liability company organized under the laws of the State of Delaware that is not even authorized to do business in the Commonwealth of Puerto Rico.

17.    PR Recovery is not a bank[4], a trust[5], or a financial institution[6], and has purposefully omitted to disclose and discover its legal status to date before the courts of the Commonwealth of Puerto Rico.

18.    The plaintiff class contends that PR Recovery operates as a foreign investment fund ("fondo de inversiones"), and therefore cannot be characterized as a financial institution.[7]

19.    To the knowledge of the plaintiff class, PR Recovery does not hold a banking license of any sort.

20.    PR Recovery is not an eligible assignee of all BDE loans purportedly transferred by the BDE to PR Recovery under the Loan Sale Agreement, to the extent that the underlying loan agreements comprising the subject portfolio contain contractual restrictions that expressly prohibit the BDE from transferring same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

21.    Hundreds of individual debtors of the BDE, comprised of small business owners and families located throughout the island, are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery, notwithstanding the fact that PR Recovery is not an eligible assignee of those credit facilities that are subject to contractual restrictions which expressly prohibited the BDE from transferring the same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

22.    As a bank operating under the laws of the Commonwealth of Puerto Rico, the BDE has completely disregarded the fiduciary responsibilities owed to the members of the plaintiff class whose BDE loans were unlawfully transferred to PR Recovery, a non-eligible assignee, without their knowledge, and without first having secured their individual written consents.

23.    As of the date of this letter, PR Recovery has knowingly, willfully and in bad faith filed hundreds of debt collection and foreclosure complaints before the courts of the Commonwealth of Puerto Rico and has defiantly obstructed the discovery of evidence that is entirely material and pertinent as to the non-eligible character of PR Recovery to collect and foreclose on those BDE loans.

---

[4] See P.R. Laws Ann. Tit. 7 § 3(c).
[5] See P.R. Laws Ann. Tit. 32 § 3351.
[6] See P.R. Laws Ann. Tit. 13 § 30137(f)(4).
[7] See Meridian Sunrise Village, LLC v. NB Distressed Debt Investment Fund Ltd., 2014 WL 909219 (W.D. Wash., March 7, 2014).

CL

The present set of facts makes us wonder how many other Puerto Rico government contracts (such as the Loan Sale Agreement) have been secreted away from the Oversight Board's reach, without any form of corrective or remedial action taken by the Oversight Board to date.

The Oversight Board's primary mission is to ensure that Puerto Rico government contracts (such as the Loan Sale Agreement) comply with the Commonwealth of Puerto Rico's fiscal plan and the intent of the PROMESA Act. The plaintiff class contends that the Oversight Board's involvement in this matter is not discretional, optional or by its own convenience, particularly in light of the fact that the Loan Sale Agreement was intentionally circumvented away from the Oversight Board's inspection by the Oversight Board's own legal counsel and to benefit a private client, *sub silentio*.

### Formal Petition to Action

The Oversight Board possesses the legal power and federal authority to declare null and void *ab initio* the Loan Sale Agreement entered into by and between the BDE and PR Recovery, thereby avoiding protracted litigation and the accumulation of irreparable injury being inflicted upon the plaintiff class that we represent.

The plaintiff class fails to envision how the fire sale of a $384,269,047 loan portfolio to a non-eligible transferee (such as PR Recovery), at a 91% discount, and under other highly suspect circumstances that launched the BDE to its own insolvency is susceptible of ever being approved and validated by the Oversight Board. However, until such time as the Oversight Board either approves or rejects the Loan Sale Agreement, the same will remain tainted in controversy and in protracted litigation. Therefore, it is imperative that the Oversight Board issues a definitive and reasoned ruling on this controversial matter.

**To the extent that the Oversight Board bears the statutory obligation under the PROMESA Act to review and validate all Puerto Rico government contracts having a transactional value in excess of $10,000,000, the plaintiff class hereby formally petitions that the annulment and avoidance of the $384,269,047 Loan Sale Agreement be included in the agenda for the upcoming meeting of the Oversight Board.**

Should you have any questions or comments pertaining to the foregoing, please do not hesitate to contact me at your convenience.

Sincerely,

Carlos Lamoutte

CL

C:      Governor Pedro Pierluisi Urrutia
        Office of the Governor of Puerto Rico
        63 Calle Fortaleza
        San Juan, Puerto Rico 00901

        Mr. Michael Juarbe
        Financial Oversight and Management Board for Puerto Rico
        michael.juarbe@promesa.gov

        Ms. Valerie Maldonado
        Financial Oversight and Management Board for Puerto Rico
        valerie.maldonado@promesa.gov

        Guy Brenner, Esq.
        Proskauer Rose LLP
        gbrenner@proskauer.com

        Hadassa R. Waxman, Esq.
        Proskauer Rose LLP
        hwaxman@proskauer.com

        Cory I. Rogoff, Esq.
        Proskauer Rose LLP
        crogoff@proskauer.com

        Timothy W. Mungovan, Esq.
        Proskauer Rose LLP
        tmungovan@proskauer.com

        Congressman Raúl M. Grijalva
        U.S. House of Representatives
        1511 Longworth House Office Building
        Washington, DC 20515

        Congresswoman Nydia M. Velázquez
        U.S. House of Representatives
        2302 Rayburn House Office Building
        Washington, DC 20515

        Congresswoman Alexandra Ocasio Cortez
        U.S. House of Representatives
        216 Cannon House Office Building
        Washington, DC 20515

CL

Congressman Darren Soto
U.S. House of Representatives
2353 Rayburn House Office Building
Washington, DC 20515

Congressman Ritchie Torres
U.S. House of Representatives
317 Cannon House Office Building
Washington, DC 20515

Congressman Jesús "Chuy" García
U.S. House of Representatives
1519 Longworth House Office Building
Washington, DC 20515

Congressman Adriano Espaillat
U.S. House of Representatives
2332 Rayburn House Office Building
Washington, DC 20515

Senator Robert Menéndez
U.S. Senate
528 Hart Senate Office Building
Washington, DC 20510

Senator Roger Wicker
U.S. Senate
555 Dirksen Senate Office Building
Washington, DC 20510

Humberto Guzmán Rodríguez, Esq.
(Co-counsel to the plaintiff class)
hguzman@grllaw.net

Fernando M. Correa Juliá, Esq.
(Co-counsel to the plaintiff class)
fernando.correalaw@gmail.com

Manuel Martínez-Umpierre, Esq.
(Co-counsel to the plaintiff class)
mmartinez_umpierre@hotmail.com



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
## FOR PUERTO RICO

Members
Andrew G. Biggs
Arthur J. González
Ana J. Matosantos
David A. Skeel, Jr.

José B. Carrión III
Chair

Natalie A. Jaresko
Executive Director

**<u>BY ELECTRONIC MAIL</u>**

September 24, 2020

Lic. Carlos Lamoutte
P.O. Box 9022185
San Juan, Puerto Rico 00902
cl@carloslamoutte.com

Dear Mr. Lamoutte:

We write in response to your letters dated September 10, 2020 and September 22, 2020 regarding the class action filed against, among others, the Economic Development Bank for Puerto Rico.

Your letters make a number of statements and assertions that appear to be the subject of pending litigation in Commonwealth court. The Oversight Board generally does not comment on matters that are the subject of active litigation when it is not a named party. Nevertheless, to avoid confusion, the Oversight Board states that it did not review or approve the Loan Sale Agreement, entered into as of September 7, 2018, before it was executed, as it was not submitted to the Oversight Board in accordance with its contract review policy. In addition, the Oversight Board understands that the law firm of O'Neill & Borges did not represent the Buyer, as defined in the Loan Sale Agreement.

Thank you for your interest in the Commonwealth's economic recovery.

Sincerely,

Jaime El Koury
General Counsel

CC:     U.S. Attorney Stephen Muldrow



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
## FOR PUERTO RICO

Members
Ana J. Matosantos
Andrew G. Biggs
Justin Peterson

David A. Skeel, Jr.
Chair

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

October 23, 2020

Lic. Carlos Lamoutte
P.O. Box 9022185
San Juan, Puerto Rico 00902
cl@carloslamoutte.com

Dear Mr. Lamoutte:

We write in response to your October 16, 2020 correspondence regarding the class action filed against, among others, the Economic Development Bank for Puerto Rico ("BDE").

We have reviewed your correspondence as well as the attached documents. For reasons set forth in our September 24, 2020 letter, we have nothing to add beyond what is set forth in that correspondence.

Once again, thank you for your interest in the Commonwealth's economic recovery.


Sincerely,

Jaime El Koury
General Counsel

CC:    U.S. Attorney W. Stephen Muldrow



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
# FOR PUERTO RICO

<u>Members</u>
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty E. Rosa

David A. Skeel, Jr.
Chair

Natalie A. Jaresko
Executive Director

**<u>BY ELECTRONIC MAIL</u>**

February 22, 2021

Carlos Lamoutte, Esq.
P.O. Box 9022185
San Juan, Puerto Rico 00902
cl@carloslamoutte.com

Dear Mr. Lamoutte:

We write in response to your January 27, 2021 correspondence regarding the class action filed against, among others, the Economic Development Bank for Puerto Rico ("BDE") and the Oversight Board's January 29, 2021 public meeting.

As noted in our September 24, 2020 letter, the Oversight Board generally does not comment on matters that are the subject of on-going litigation. Therefore, the Oversight Board did not raise the issue during the January 29, 2021 meeting, and does not intend to raise it during any forthcoming public Board meetings.

Once again, thank you for your interest in the Commonwealth's economic recovery.

Sincerely,

Jaime A. El Koury
General Counsel