UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

      Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER SUSTAINING THE FOUR HUNDRED THIRTY-FIFTH OMNIBUS
OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR
WHICH THE COMMONWEALTH IS NOT LIABLE WITH RESPECT TO PROOF OF CLAIM NO. 10547

Before the Court is the *Reply and Motion in Compliance with Order* (Docket Entry No. 21065) (the "Response,") filed by Ms. Maira Ivet Feliciano-Rosado (the "Claimant").[2] Through the Response, which the Court accords the liberal construction to which pro se submissions are entitled, Claimant opposes the *Four Hundred Thirty-Fifth Omnibus Objection*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Unless otherwise noted, all references herein to Docket Entry Nos. are references to Case No. 17-2383.

*(Substantive) of the Commonwealth of Puerto Rico to Claims for Which the Commonwealth is Not Liable* (Docket Entry No. 20490) (the "435th Omnibus Objection")[3] and the *Notice of Presentment of Proposed Order Granting the Four Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which the Commonwealth is Not Liable* (Docket Entry No. 20902) (the "Notice of Presentment") filed by the Financial Oversight Board and Management Board for Puerto Rico (the "Oversight Board"), which seeks entry of an order granting the 435th Omnibus Objection. The 435th Omnibus Objection seeks disallowance of a claim filed by Claimant against the Commonwealth and ERS (Proof of Claim No. 10547) (the "Claim") on the grounds that the Claim "purports to assert liabilities associated with the Commonwealth of Puerto Rico, but the claim and/or supporting documentation do not provide any basis for asserting liabilities against the Commonwealth of Puerto Rico or any other Title III Debtor." (435th Omnibus Obj. Ex. A at 1.) The Court has considered carefully Claimant's submission and the relevant entries on the docket, and, for the reasons provided herein, the 435th Omnibus Objection is sustained with respect to the Claim.

BACKGROUND

*The Claim*

The Claim was received by Prime Clerk, LLC (now known as "Kroll Restructuring Associates, LLC"), Debtors' claims and noticing agent, on May 3, 2018, in advance of the June 29, 2018, deadline (the "Bar Date") set by the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (Docket Entry No. 2521) and the *Order (A) Extending Deadlines for Filing*

---

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the 435th Omnibus Objection.

*Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (Docket Entry No. 3160) (together, the "Bar Order"). (See Claim at 1.) The Claim sets forth liabilities in an unspecified amount purportedly owed to Claimant by the Asociación de Maestros de Puerto Rico and the Federación de Maestros, two teachers' unions that are not associated with the Commonwealth or any other Title III Debtor (the "Teachers' Unions"). (See, e.g., Claim at 2–3.)

*The Reclassification Ruling*

The Claim was previously addressed in the *Three Hundred Sixty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* (Docket Entry No. 20490) (the "362nd Omnibus Objection"), whereby the Oversight Board sought to reclassify the Claim as a general unsecured claim because: "Claimant asserted administrative priority under 11 U.S.C. § 503(b)(9), but proof of claim is not for goods sold and as such claimant is not entitled to administrative priority. Additionally, the claimant also failed to provide prima facie evidence to support a secured claim." (362nd Omnibus Obj. Ex. A at 21.)[4] Claimant appeared at a hearing held on February 16, 2022. At the hearing, the Court heard argument on the reclassification objection, after which the Court sustained the 362nd Omnibus Objection, reclassifying the claim

---

[4] Claimant filed a response to the 362nd Omnibus Objection (Docket No. 18290), and then submitted substantially the same response to Prime Clerk, LLC where it was entered as Proof of Claim No. 179662. The Debtors objected to Proof of Claim No. 179662 by the *Four Hundred Fourteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* (Docket Entry No. 20040) (the "414th Omnibus Objection") on the grounds that it was received by Prime Clerk, LLC on October 18, 2021, well after the June 29, 2018 Bar Date. (414th Omnibus Obj. Ex. A at 1.) Claimant did not file a response to the 414th Omnibus Objection. No proposed order has been submitted with respect to the 414th Omnibus Objection.

as a general unsecured, nonpriority claim. (Feb. 16, 2022, Hr'g Tr. 20:3–21, Docket Entry No. 20164 (the "Reclassification Ruling").)

Claimant subsequently sought to appeal the Reclassification Ruling to the Court of Appeals for the First Circuit. (<u>See</u> Docket Entry No. 20358, (the "Notice of Appeal").) On March 15, 2022, Claimant filed a motion for permission to proceed in forma pauperis. (Docket Entry No. 20359 (the "IFP Motion").) On March 24, 2022, the Court denied the IFP Motion because neither the IFP Motion nor the Notice of Appeal identified any non-frivolous arguments on appeal with respect to the Court's Reclassification Ruling. (Docket Entry No. 20437 (the "IFP Order").) Thus, the Court determined the appeal was not taken in good faith. (IFP Order at 2.)

*The "No Liability" Claim Objection*

On April 1, 2022, the Oversight Board filed the 435th Omnibus Objection, seeking disallowance of the Claim on the grounds that the Claim "purports to assert liabilities associated with the Commonwealth of Puerto Rico, but the claim and/or supporting documentation do not provide any basis for asserting liabilities against the Commonwealth of Puerto Rico or any other Title III Debtor." (435th Omnibus Obj. Ex. A at 1.) Additionally, in the body of the 435th Omnibus Objection, the Oversight Board provides reasoning why each claim addressed in the 435th Omnibus Objection should be disallowed without correlating the Board's reasoning to specific claims. (435th Omnibus Obj. ¶¶ 20–21.) The explanation pertinent to the Claim appears to be: "One Claim to Be Disallowed purports to assert liability against the Commonwealth for reimbursement of union dues, but the claim and supporting documentation demonstrate that only the union, and not the Commonwealth, are responsible for such reimbursement." (435th Omnibus Obj. ¶ 20.)

The Court-approved notice accompanying the 435th Omnibus Objection (the "435th Omnibus Objection Notice") warned claimants that, absent an extension by the debtor in writing, "[i]f no response is filed within the time allowed herein, the 435th Omnibus Objection will be deemed unopposed and may be granted . . . ." (435th Omnibus Obj. Notice at 2.) The 435th Omnibus Objection and 435th Omnibus Objection Notice set a response deadline of May 2, 2022, at 4:00 p.m. (Atlantic Standard Time). (435th Omnibus Obj. at 1, Ex. C at 3, 6).

On May 2, 2022, Claimant filed a response entirely in the Spanish language. (Docket Entry No. 20664.)

On May 5, 2022, the Spanish-language response—construed at the time as a motion—was denied without prejudice pending refiling with an English translation. (Docket Entry No. 20677.)

On May 19, 2022, the Debtors filed the Notice of Presentment, seeking entry of a proposed order granting the 435th Omnibus Objection and disallowing the Claim in full as a Claim for which the Commonwealth and ERS are not liable. (Notice of Presentment Ex. A.) The Notice of Presentment set a response deadline of May 26, 2022, at 4:00 p.m. (Atlantic Standard Time).

On May 26, 2022, Claimant filed the Response, consisting of the May 2, 2022 Spanish-language filing substantially translated into the English language.

DISCUSSION

*Treatment of the Response*

According the Claimant's filings the liberal construction to which pro se submissions are entitled, this Court deems Claimant's English-language translation of her May 2, 2022 Spanish-language filing to be a timely response to the 435th Omnibus Objection and to

entry of the proposed order attached as Exhibit A to the Notice of Presentment. The Court will now consider the content of the Response.

*The Merits of the Response*

The Response does not address the Oversight Board's asserted grounds for disallowance of the Claim: that any purported obligations of the Teachers' Unions are not obligations of the Commonwealth of Puerto Rico or of the Employees' Retirement System of the Government of the Commonwealth of Puerto Rico. Accordingly, the 435th Omnibus Objection is sustained with respect to the Claim.

*No Reconsideration of the Reclassification Ruling*

To the extent the Response seeks reconsideration of the February 16, 2022 Reclassification Ruling or the March 24, 2022 IFP Order, it fails to present any arguments warranting reconsideration because Claimant does not assert that she sold goods as defined in the Bankruptcy Code to the Commonwealth within the 11 U.S.C. § 503(b)(9) statutory time frame or provide any other basis that would entitle the claim to secured status or administrative priority. (Resp. ¶¶ 1, 3.) Accordingly, Claimant has not identified any non-frivolous argument for reconsideration of the Reclassification Ruling or the Court's denial of permission to appeal that ruling IFP, and any such requests are denied. See U.S.C. § 1915(a)(3). (See IFP Order at 2.)

*Additional Requested Relief*

The remainder of the Response details several actions that Claimant wishes the Oversight Board to take with respect to her son, custody matters, and the authority of courts to order child support payments. Claimant suggests that the Oversight Board can take these actions under powers given to the Oversight Board by sections 205(a)(7), 212(a), and 701 of

PROMESA,[5] as well as Article IV, section 3, clause 2 of the United States Constitution. 48 U.S.C. §§ 2145(a)(7), 2152(a), 2241; U.S. Const., art. IV, § 3, cl. 2. (Resp. ¶¶ 8, 14, 14(b).)

Section 205 of PROMESA provides that the Oversight Board may submit recommendations to the Governor or Legislature concerning the effects of Puerto Rico's laws and court orders on the operations of the Commonwealth's government. See 48 U.S.C. § 2145(a)(7). Section 212 of PROMESA provides that the Oversight Board may intervene in litigation filed against the Commonwealth's government. See 48 U.S.C. § 2152(a). Section 701 of PROMESA expresses the desire of the United States Congress that the reforms effected under PROMESA will include permanent pro-growth fiscal reforms. See 48 U.S.C. § 2241. Article IV, section 3, clause 2 of the United States Constitution, the so-called "territorial clause," provides that the United States Congress "shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ." U.S. Const., art. IV, § 3, cl. 2.

Without addressing the authority of the Oversight Board to undertake any of Claimant's desired actions, the Response clearly acknowledges that the decision to pursue any desired action would be at the Oversight Board's discretion. (See, e.g., Resp. ¶ 14 ("Sec. 205[] of the PROMESA [] authorizes the Board, **subject to its total discretion**, to intervene in '*the effects of the laws and JUDICIAL ORDERS of the territory in the operations of the territorial government.*'" (bold emphasis added)).) Furthermore, Claimant cites no authority granting this Court power to direct the Oversight Board to take or even consider the action she seeks. Thus, to the extent the Response could be construed as a motion for relief to be granted by or against the

---

[5] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers herein are to the uncodified version of the legislation.

Oversight Board, the Court denies such motion in its entirety as without a legal basis.

## CONCLUSION

For the foregoing reasons, the 435th Omnibus Objection is sustained with respect to the Claim. Accordingly, with respect to the Claim, the Court will enter the order as filed with the Notice of Presentment. This Memorandum Order resolves Docket Entry No. 21065.

SO ORDERED.

Dated: June 6, 2022

     /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge