U.S. v. Donald Keith Ellison

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

2022.05.18
16:59:37
-04'00'

UNITED STATES OF AMERICA,
Plaintiff,

v.

DONALD KEITH ELLISON,
Defendant.

CRIMINAL NO. 22-220 (RAM)

**PLEA AND FORFEITURE AGREEMENT**

**TO THE HONORABLE COURT:**

The United States of America, Defendant Donald Keith Ellison and Defendant's counsel, William J. Leone, Esq. and Sonia Torres, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Information:

Count One: From in or about February 2018 to in or about December 2018, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Defendant **DONALD KEITH ELLISON** did directly and indirectly give, offer and promise a thing of value to AHSHA NATEEF TRIBBLE, being a public official and employee of the Federal Emergency Management Agency (FEMA), otherwise than as provided by law for the proper discharge of official duty, for and because of an

U.S. v. Donald Keith Ellison

official act performed and to be performed by such official. All in violation of 18 U.S.C. § 201(c)(1)(A).

## 2. Maximum Penalties

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Information, is a term of imprisonment of not more than two (2) years, pursuant to 18 U.S.C. § 201(c); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than one (1) year, pursuant to 18 U.S.C. § 3583(b)(3); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

Case:17-03283-LTS   Doc#:21141-1   Filed:06/07/22   Entered:06/07/22 18:36:20   Desc: Exhibit Exhibit B - Ellison Plea Agreement   Page 2 of 16

U.S. v. Donald Keith Ellison

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine not to exceed $20,000. No restitution shall be imposed.

### 6. Rule 11(c)(1)(C) Warnings

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed to recommend to the Court a sentence of twelve months and one day to be served as six months and one day of imprisonment and six months of home confinement.

Defendant understands that the Court may either accept or reject this sentencing recommendation, as more specifically described below:

Should the Court accept the sentencing recommendation, the Court would sentence Defendant to the agreed upon sentencing recommendation.

Should the Court reject the sentencing recommendation, the Court would allow the Defendant an opportunity to withdraw Defendant's guilty plea and the United States would have the right to withdraw from the plea agreement entirely. In the event that neither party withdraws from the plea agreement, then the Court could dispose of the case more or less favorable toward Defendant than the plea agreement contemplated.

U.S. v. Donald Keith Ellison

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. § 201(c)(1)(A) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2C1.2(a)(2) | | | | | 9 |
| Special Offense Characteristics: Offense Involved More than One Gratuity U.S.S.G. § 2C1.2(b)(1) | | | | | +2 |
| Special Offense Characteristics: Value of Gratuities Exceeded $6,500 U.S.S.G. § 2C1.2(b)(2) | | | | | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | 11 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |

### 8. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties have agreed to recommend to the Court a sentence under Rule 11(c)(1)(C) as follows:



a) A sentence of imprisonment of six months and one day in the custody of the Bureau of Prison and a six month term of supervised release with a condition of home detention;

b) A fine to be determined by the Court in an amount not to exceed $20,000;

USAO-DPR-Plea Agreement                                                                 Page | 4

U.S. v. Donald Keith Ellison

c) Any additional lawful term of supervised release deemed appropriate by the Court;

d) No imposition of restitution;

e) A special monetary assessment of $100.00

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the parties' recommendation is accepted by the Court or if the parties' recommendation is rejected and Defendant maintains the guilty plea, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

USAO-DPR-Plea Agreement

Page | 5

U.S. v. Donald Keith Ellison

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Williams J. Leone Esq. and Sonia Torres, Esq., and asserts that counsel have rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

Exhibit Exhibit B - Ellison Plea Agreement, Page 6 of 16
Case:17-03283-LTS   Doc#:21141-1   Filed:06/07/22   Entered:06/07/22 18:36:20   Desc:

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

U.S. v. Donald Keith Ellison

### 17. Dismissal of Indictment

At sentencing should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss with prejudice the Indictment pending against Defendant in CR 19-541(FAB).

### 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 20. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby

agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 22. Forfeiture

The United States has asserted forfeiture claims in the criminal case, <u>United States v. Ellison</u>, CR 19-541(FAB), and the civil case <u>United States v. $1,000,000 in Charles Schwab & Co., Inc. account #XXXX-8933</u>, Civil No. 19-1693(FAB) currently pending before the United States District Court for the District of Puerto Rico. The parties have agreed to resolve all outstanding forfeiture claims, civil and criminal, in this agreement and to request the Court to enter necessary orders fully resolving both cases as follows:

Defendant agrees to forfeit the following assets and property seized by the United States:

a) One (1) Myco Boat Trailer VIN#1M9BA4031JB817150;

b) One (1) Caterpillar Model D5K2LGP Tractor, Serial Number KYY01200;

U.S. v. Donald Keith Ellison

c) One (1) Caterpillar Model 320EL Hydraulic Excavator, Serial Number WBK02864;

d) One (1) 2018 Invincible 40-foot catamaran Hull #IVBC0035B818;

e) One (1) 2018 Ford F-150 "XL" crew cab pickup truck, VIN #1FTEW1E50JFB847873.

The United States agrees to release any lis pendens on the real property identified at Docket No. 45 in United States v. Ellison, CR 19-541(FAB). The United States shall finalize forthwith the partial release of assets identified at Docket No. 48 in United States v. $1,000,000 in Charles Schwab & Co., Inc. account #XXXX-8933, Civil No. 19-1693(FAB).

Defendant agrees to forfeit 55% of the value (as determined at the close of business on the day preceding the date of final approval of this plea agreement by the court) of the remaining bank and securities assets seized by the United States and identified in United States v. $1,000,000 in Charles Schwab & Co., Inc. account #XXXX-8933, Civil No. 19-1693(FAB).

An appropriate order shall be entered contemporaneous with the final acceptance of this plea agreement by the Court.

### 23. Package Plea Provision

Defendant is fully aware that this is a package plea agreement, that is, a Plea Agreement conditioned upon the guilty plea of both the Defendant and the co-defendant in CR 19-541(FAB). Defendant certifies that Defendant is not entering into this guilty plea because of threats or pressures from any co-defendant. Pursuant to

*United States v. Martinez-Molina*, 64 F.3d 719 (1st Cir. 1995), package plea agreements require that the District Court be alerted to the fact that co-defendants are entering a package deal so that the District Court can carefully ascertain the voluntariness of each defendant's plea. The parties further agree that should any of the co-defendants withdraw the guilty plea, the United States reserves its right to withdraw from its obligations under the package plea agreement in its entirety.

W. STEPHEN MULDROW
United States Attorney

SETH ERBE *Digitally signed by SETH ERBE Date: 2022.04.22 08:19:54 -04'00'*

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud &
Public Corruption Section
Dated: _____

MYRIAM FERNANDEZ *Digitally signed by MYRIAM FERNANDEZ Date: 2022.04.21 20:52:32 -04'00'*

Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Chief, Asset Recovery &
Money Laundering Unit
Dated: _____

Williams J. Leone, Esq.
Counsel for Defendant
Dated: _____

Sonia Torres, Esq.
Counsel for Defendant
Dated: 4-21-20-22

Donald Keith Ellison
Defendant
Dated: 4/21/2022

Case:17-03283-LTS Doc#:21141-1 Filed:06/01/22 Entered:06/01/22 18:36:20 Desc: Exhibit Exhibit B - Ellison Plea Agreement Page 11 of 16

U.S. v. Donald Keith Ellison

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 4/21/2022

Donald Keith Ellison
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have explained the Plea Agreement to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 4/21/2022

William J. Leone, Esq.
Counsel for Defendant

Sonia Torres

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Donald Keith Ellison admits that he is guilty as charged in the Information and admits the following:

Defendant DONALD KEITH ELLISON, for or because of AHSHA NATEEF TRIBBLE's official action as set forth below, did directly and indirectly give, offer and promise a thing of value to AHSHA NATEEF TRIBBLE, being a public official and employee of the Federal Emergency Management Agency (FEMA), otherwise than as provided by law for the proper discharge of official duty, for and because of official acts performed and to be performed by such official, that is; airfare, hotel accommodations, private security, and the use of an apartment located in San Juan, Puerto Rico. All in violation of 18 U.S.C. § 201(c)(1)(A).



DONALD KEITH ELLISON provided the following to AHSHA NATEEF TRIBBLE, a public official and employee of FEMA, because of an official act performed by AHSHA NATEEF TRIBBLE:

a. Hotel accommodations in the amount of $935 in Fort Lauderdale on or about July 19, 2018;

b. Airfare in the amount of $219 from Miami to Orlando for travel on or about July 20, 2018;

U.S. v. Donald Keith Ellison

    c. First class airfare in the amount of $1,096 for an unused roundtrip flight from San Juan to Atlanta on or about September 20, 2018;

    d. First class airfare in the amount of $395 from San Juan to New York for travel on or about September 22, 2018;

    e. Personal security services in the amount of $3,000 in or about December 2018;

    f. Roundtrip airfare in the amount of $555 from Washington DC to Charlotte for travel on or about November 29, 2018 to November 30, 2018;

    g. Hotel accommodations in the amount of $437 in Charlotte on or about November 29-30, 2018;

    h. Access to and the use of an apartment located in San Juan, Puerto Rico on or about September, 2018 with a value in the amount of approximately $1,380;

The official acts performed by AHSHA NATEEF TRIBBLE for which the above was provided by DONALD KEITH ELLISON include:

    a. From in or about April 2018 to October 2018, [1] Ahsha Nateef Tribble proposed the redesign of the distribution system in Vieques to PREPA and FEMA officials and directed, advised, and pressured PREPA and FEMA officials to take action for the distribution system to be designed and built by Cobra. On or about April 14, 2018, Defendant [1] Ahsha Nateef Tribble did send to her superiors at FEMA a white paper prepared by

Case 1:7-03283-LTS Doc#: Proposed Plea Agreement Filed 12/28/20 Exhibit Exhibit B - Ellison Plea Agreement Page 14 of 16

USAO-DPR-Plea Agreement      Page | 14

Cobra Energy detailing a plan to reconstruct the electrical grid on a permanent basis on the island of Vieques. She did so without attributing the paper to Cobra and for the purpose of influencing a decision to support Cobra's selection to perform such work. Cobra was not ultimately awarded such work.

[REMAINDER OF PAGE INTENTIONALLY BLANK]



Exhibit Exhibit B - Ellison Plea Agreement   Page 15 of 16
Case:17-03283-LTS   Doc#:21141-1   Filed:06/07/22   Entered:06/07/22 18:36:20   Desc:



U.S. v. Donald Keith Ellison

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have been sufficient to prove beyond a reasonable doubt Defendant's guilt as to Count One of the Information.

Discovery was timely made available to Defendant for review.

W. STEPHEN MULDROW
United States Attorney

**SETH ERBE** Digitally signed by SETH ERBE
Date: 2022.04.21 19:35:09 -04'00'

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud &
Public Corruption Section
Dated: _____

**MYRIAM FERNANDEZ** Digitally signed by MYRIAM FERNANDEZ
Date: 2022.04.21 18:59:20 -04'00'

Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Chief, Asset Recovery &
Money Laundering Unit
Dated: _____

William J. Leone, Esq.
Counsel for Defendant
Dated: 4/21/22

Sonia Torres, Esq.
Counsel for Defendant
Dated: 4/21/22

Donald Keith Ellison
Defendant
Dated: 4/21/2022

Case:1-03583-LTS Doc#:21141-1 Filed:09/07/22 Entered:09/07/22 18:39:50 Desc: Exhibit Exhibit B - Ellison Plea Agreement Page 16 of 16