(Official Translation)

## IN THE HONORABLE SUPERIOR COURT OF PUERTO RICO
## UTUADO PART

| | |
|---|---|
| **VÍCTOR O. HENSON BUSQUETS** <br> **Plaintiff** <br><br> v. <br><br> **COMMONWEALTH OF PUERTO RICO** <br> **Defendants** | CIVIL No.: ~~CD~~ *LAC* 88-1037 <br> *LAC*-89-647 <br><br> RE: <br> **DAMAGES** |

### JUDGMENT

In the above-captioned case, a Hearing on the Merits was held on September 28, 1992 as scheduled. Plaintiff Víctor O. Henson Busquets appeared personally and through counsel, Nelson Soto Cardona, Esq. The defendants, the Commonwealth of Puerto Rico and Cosme Hernández Silva, appeared through Bámily López Ortiz, Esq., from the Department of Justice.

Plaintiff is seeking compensation in the amount of $250,000.00 for damages suffered as a result of an alleged breach of contract supposedly entered into between the parties for the development of a turnkey project in the community La Matilde in Lares, Puerto Rico.

After the hearing on the merits, the Court provides as follows:

### I. PRELIMINARY MATTERS

The Court grants the Motion to Inform of Additional Counsel filed by Atty. López Ortiz.

As the action filed by plaintiff is for damages, this Court split the controversies in such a manner that the hearing held on September 28 was to determine and adjudicate the parties' liability and negligence. The Court ruled that it would hold a hearing to determine the amount of the damages, if necessary.

The parties filed the stipulated documents for identification in lieu of Mario S. Rodríguez's testimony, which were marked as Exhibits One (1), Two (2), and Three (3), respectively, by stipulation of the parties.

Plaintiff also moved the Court to allow the deposition of Ramón Martínez Escudero, taken on March 5, 1991, in lieu of his testimony in court, as the witness had allegedly passed away. Pursuant to Civil Procedure Rule 29.1(c), a deposition may be used to replace the testimony of a declarant who is unavailable as a witness. Nevertheless, a party must prove to the satisfaction of the Court that the witness is unavailable. The Court **cannot take judicial notice of a person's death**, as plaintiff is requesting. For this reason, the Court DENIES plaintiff's motion by regarding Martínez Escudero's deposition.

Plaintiff and defendant called their witnesses, which were excused from the courtroom pursuant to the relevant rules after they were placed under oath.

Plaintiff presented his evidence, which consisted of extensive testimonial and documentary evidence. At plaintiff's close of evidence, defendants moved for nonsuit.

### II. FINDINGS OF FACT

1. The Rural Housing Administration published several notices in the newspaper El Mundo on September 29, 1986, October 24, 1986, and October 27, 1986 calling all persons interested in developing housing projects, pursuant to a turnkey program, to attend meetings to be held on October 17 and 31, 1986.

2. The notices was an announcement to all persons interested in developing turnkey housing projects in several municipalities, **which did not include the Municipality of Lares**.

3. Plaintiff Víctor O. Henson Busquets attended the meetings held on October 17 and 31.1986 where he received orientation on how to apply for a turnkey housing project.

4. During these meetings, the attendees were clearly informed that the first step was obtaining the Planning Board's approval regarding a location consultation for the proposed project. Once approved, if the project met all other requirements of the Rural Housing Administration, the parties would then sign a letter of intent and, eventually, a contract.

5. Plaintiff Henson Busquets filed with the Rural Housing Administration a housing development project in the Municipality of Lares.

6. The Planning Board approved the location consultation contingent on compliance with certain requirements.

7. Plaintiff Henson Busquets did not comply with the Planning Board's requirements.

8. Also, plaintiff Henson Busquets did not comply with the other requirements imposed by the Rural Housing Administration.

9. There is no letter of intent as plaintiff Henson Busquets and the Rural Housing Administration never signed such a letter.

10. There is no contract as plaintiff Henson Busquets and the Rural Housing Administration never signed one.

11. Plaintiff Henson Busquets carried out efforts that were never required by the Rural Housing Administration.

12. Plaintiff Henson Busquets was aware that the Municipality of Lares was not part of the Rural Housing Administration's proposed budget program.

### III. CONCLUSIONS OF LAW

The action filed by Henson Busquets claims breach of contract and unjust enrichment. After a hearing on the merits and on motion of the defendant, this Court ruled that the unjust enrichment doctrine does not apply to the State. Venancio Morales v. Toa Baja, 119 DPR 682 (1987). Because this action is brought against the Rural Housing Administration, which is a government agency that lacks its own legal personality, the Commonwealth of Puerto Rico is the defendant in this case for all practical purposes. Thus, plaintiff's cause of action for unjust enrichment is dismissed with prejudice.

Having dismissed the unjust enrichment claim, it lies to determine whether plaintiff proved the necessary elements of the cause of action for breach of contract. Thus, it is imperative to show that the parties had entered into a contract.

It is a legal requirement that all contracts with governmental agencies be set forth in writing. Ocasio Carrasquillo v. Rosa Berríos, 121 DPR 37 (1988). Therefore, the best evidence that plaintiff may might have submitted is a written contract signed by the Rural Housing Administration for the development of a turnkey project in the Municipality of Lares.

Plaintiff did not submit any such contract. Neither did plaintiff show that there was a verbal agreement between the parties to enforce specific performance.[1] On the contrary, testimony heard in court showed that plaintiff admitted never signed a letter of intent with the Rural Housing Administration

---

[1] Plaintiff alleged that a letter dated March 20, 1988 (Exhibit 4, by stipulation of the parties) was a sufficient contract between the parties. We do not agree with plaintiff's interpretation, as this letter only proves that the Rural Housing Administration was carrying out the required steps to obtain the secure the necessary budget for the development of the turnkey project proposed by the plaintiff for the Municipality of Lares.

and that he never signed a contract with the Rural Housing Administration, as required under the guidelines for turnkey housing development projects, of which he was aware, having attended on two separate occasions orientations announced by way of notices by the Rural Housing Administration.[2]

WHEREFORE, this Court RULES the following:

1. The Motion for Nonsuit filed by defendant is hereby GRANTED as plaintiff failed to prove the existence of a contract between the parties.

2. Plaintiff is ordered to pay $1,000.00 in attorney's fees for having acted obstinately, as he knew that the law required a government contract to be set forth in writing and, furthermore, there was no verbal agreement between the parties. With knowledge of the foregoing, he comes before the Court with a clearly frivolous action, causing in undue expenses and inconveniences to the defendant and to the several public officials who were subpoenaed as witnesses.

TO BE ENTERED AND NOTIFIED.

In Utuado, Puerto Rico, this 10th day of February 1993.

*(Illegible signature)*
**MIGUEL A. SANTIAGO GÓMEZ**
SUPERIOR COURT JUDGE

(Seal of the Court of First Instance of Puerto Rico, Superior Court of Utuado)
(Stamped) L008 (Illegible initials)
[overleaf]
(Certificate of cancellation of Commonwealth of Puerto Rico Internal Revenue stamp: 8004-2022-0525-19179007)
(Undated certificate of authentication of the Court)





I CERTIFY that this is an Official Translation made by the Bureau of Translations of the Supreme Court of Puerto Rico.

In San Juan, Puerto Rico: 0 3 JUN 2022

Clerk of the Supreme Court

---

[2] Likewise, plaintiff admitted that he knew from the beginning that the Rural Housing Administration did not have the budgeted funds for the development of turnkey housing projects in the Municipality of Lares. All the evidence offered by plaintiff shows that efforts were made to obtain the necessary funds.