EN EL TRIBUNAL SUPERIOR DE PUERTO RICO
SALA DE UTUADO

| | |
|---|---|
| VICTOR O. HENSON BUSQUETS<br><br>    Demandante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>    Demandados | CIVIL NUM. LAC-88-1037<br>LAC-89-647<br><br>SOBRE:<br><br>DAÑOS Y PERJUICIOS |

S E N T E N C I A

En el caso de epígrafe se celebró la Vista en su Fondo el 28 de septiembre de 1992, según señalado. La parte demandante, Victor O. Henson Busquets compareció acompañado por su abogado el Lcdo. Nelson Soto Cardona. La parte demandada, el Estado Libre Asociado de Puerto Rico y el Sr. Cosme Hernández Silva, comparecieron representados por la Lcda. Bámily López Ortiz, del Departamento de Justicia.

La parte demandante reclama el pago de $250,000.00 por concepto de los daños y perjuicios sufridos a raiz del alegado incumplimiento del contrato supuestamente suscrito entre las partes para el desarrollo de un Proyecto "Turnkey" en la Comunidad La Matilde de Lares, Puerto Rico.

Celebrada la vista en sus méritos, disponemos lo siguiente:

I. ASUNTOS PRELIMINARES

A la "Moción Informando Representación Legal Adicional" presentada por la licenciada López Ortiz, la declaramos HA LUGAR.

Por consistir la reclamación de la parte demandante de una en daños y perjuicios, este Tribunal bifurcó las controversias, de forma tal que la vista del 28 de septiembre se limitó a determinar y adjudicar responsabilidad y negligencia de las partes. Se determinó entonces, que de ser necesario, se celebraría una vista para cuantificar los daños.

Las partes presentaron los documentos estipulados para fines de identificación, en sustitución del testimonio del Sr. Mario S. Rodríguez, los cuales fueron marcados como Exhibits Número Uno

Civil Núm. CD-88-1037
             CD-88-647
página 2

(1), Dos (2) y Tres (3), respectivamente, por estipulación de las partes.

Solicitó además la parte demandante que se le permitiera incluir como parte de su prueba testifical la deposición que se le tomara al Sr. Ramón Martínez Escudero el 5 de marzo de 1991, en sustitución de su testimonio oral por, alegadamente, este haber fallecido. Conforme a la Regla 29.1(c) de las de Procedimiento Civil de Puerto Rico se permite el uso de una deposición en sustitución del testimonio de un testigo no disponible. Sin embargo, la no disponibilidad del testigo tiene que probarse a satisfacción del Tribunal. El Tribunal **no puede tomar conocimiento judicial del fallecimiento de una persona**, según solicita la parte demandante. Por tal razón, el Tribunal declara NO HA LUGAR la solicitud del demandante en torno a la deposición del Sr. Martínez Escudero.

La parte demandante y la parte demandada anunciaron sus respectivos testigos, los cuales una vez juramentados fueron excusados de sala conforme a las reglas pertinentes.

Procedió entonces la parte demandante a presentar su prueba, la cual consistió de amplia prueba testifical y documental. Concluída la presentación de la prueba por la parte demandante, los demandados presentaron Moción de "Non-Suit".

## II. DETERMINACIONES DE HECHOS

1. La Administración de Vivienda Rural publicó varios edictos en el periódico El Mundo para las fechas del 29 de septiembre de 1986, 24 de octubre de 1986 y el 27 de octubre de 1986 convocando, a las personas interesadas en someter proyectos de desarrollo de vivienda conforme al Programa "Turnkey", a unas reuniones a celebrarse el 17 y 31 de octubre de 1986.

2. Los edictos convocaban a personas interesadas en el desarrollo de proyectos "Turnkey" en varios municipios entre los cuales **no estaba incluido el Municipio de Lares**.

3. El demandante, Victor O. Henson Busquets, asistió a las reuniones del 17 y 31 de octubre de 1986 donde recibió

Civil Núm. CD-88-1037
         CD-88-647
página 3

orientación en torno a los trámites a seguir para la aprobación de un proyecto "Turnkey".

4. En dichas reuniones se le informó claramente a los asistentes que el primer paso sería la aprobación, por la Junta de Planificación, de una Consulta de Ubicación del proyecto propuesto; y que una vez aprobado, si se cumpliese con todos los demás requisitos de la Administración de Vivienda Rural se procedería a firmar una carta de intención y, eventualmente, se procedería con la firma del Contrato.

5. El señor Henson Busquets sometió a la consideración de la Administración de Vivienda Rural un proyecto para desarrollar viviendas en el Municipio de Lares.

6. La Consulta de Ubicación fue aprobada por la Junta de Planificación sujeta al cumplimiento de unos requisitos específicos.

7. El señor Henson Busquets no cumplió con los requisitos de la Junta de Planificación.

8. Tampoco cumplió el señor Henson Busquets con los demás requisitos que le exigía la Administración de Vivienda Rural.

9. Nunca se firmó, y no existe, una Carta de Intención entre el señor Henson Busquets y la Administración de Vivienda Rural.

10. Nunca se firmó, y no existe, un Contrato entre el señor Henson Busquets y la Administración de Vivienda Rural.

11. El señor Henson Busquets llevó a cabo una serie de gestiones que nunca le fueron requeridas por la Administración de Vivienda Rural.

12. El señor Henson Busquets tenía conocimiento de que el Municipio de Lares no era parte del programa presupuestario de la Administración de Vivienda Rural.

### III. DETERMINACIONES DE DERECHO

La Demanda presentada por el señor Henson Busquets alega una causa de acción por incumplimiento de contrato y enriquecimiento injusto. Previo a la celebración de la Vista en su Fondo y

Civil Núm. CD-88-1037
       CD-88-647
página 4

conforme a lo solicitado por la parte demandada, este Tribunal determinó que la doctrina de enriquecimiento injusto no aplica contra el Estado (<u>Venancio Morales v. Toa Baja</u>, 87 J.T.S. 107). Por ser la Administración de Vivienda Rural, una agencia gubernamental que carece de personalidad jurídica propia, para todo efecto práctico es el Estado Libre Asociado de Puerto Rico la parte demandada. Como tal, se desestima, con perjuicio, la causa de acción por enriquecimiento injusto presentada por el demandante.

Una vez desestimada la causa de acción por enriquecimiento injusto procede determinar si se probaron los elementos necesarios para constituir una causa de acción por incumplimiento de contrato. Es indispensable entonces demostrar que existía un contrato entre las partes.

Es obligación legal de las agencias gubernamentales el poner todo contrato por escrito (<u>Guillermo Ocasio Carrasquillo v. José Rosa Berríos</u>, 88 JTS 42). Por consiguiente, la mejor prueba que pudiera haber presentado la parte demandante es el contrato escrito suscrito con la Administración de Vivienda Rural para el desarrollo de un Proyecto "Turnkey" en el Municipio de Lares.

La parte demandante no presentó contrato escrito alguno. Tampoco demostró que existiera un contrato verbal entre las partes que obligara a su cumplimiento específico.[1] Por el contrario, de la prueba testifical ofrecida, el propio demandante aceptó que nunca firmó una Carta de Intención con la Administración de Vivienda Rural y que nunca firmó un Contrato con la Administración de Vivienda Rural, conforme lo disponen las guías para el desarrollo de Proyectos "Turnkey" sobre las cuales

---

[1]. La parte demandante alegó que una carta del 20 de marzo de 1988 (Exhibit 4, por estipulación de las partes) constituía un contrato suficiente entre las partes. Diferimos de la interpretación que hace el demandante de dicha carta, ya que lo único que prueba la misma es que la Administración de Vivienda Rural estaba realizando los trámites necesarios para obtener el presupuesto necesario para el desarrollo del Proyecto "Turnkey", propuesto por el demandante, para el Municipio de Lares.

Civil Núm. CD-88-1037
         CD-88-647
página 5

tenía conocimiento por haber comparecido en dos ocasiones distintas a las reuniones de orientación convocadas mediante edicto por la Administración de Vivienda Rural.[2]

EN MERITO DE LO CUAL, este Tribunal RESUELVE lo siguiente:

1. Se declara HA LUGAR la Moción de "Non-Suit" presentada por la parte demandada al no haberse probado la existencia de un contrato entre las partes.

2. Se ordena a la parte demandante al pago de $1,000.00 por concepto de honorarios de abogado por temeridad pues conocía que la ley requiere que un contrato gubernamental conste por escrito y que además no existía un contrato verbal entre las partes. Con este conocimiento acude ante el Tribunal en una acción claramente frívola, ocasionando gastos y molestias indebidas a la parte demandada y a los numerosos funcionarios públicos a quienes citó como testigos.

REGISTRESE Y NOTIFIQUESE.

En Utuado, Puerto Rico a 10 de febrero de 1993.

MIGUEL A. SANTIAGO GOMEZ
JUEZ SUPERIOR

---

[2]. De igual forma el demandante aceptó que conocía, desde el principio, que la Administración de Vivienda Rural no tenía dinero presupuestado para el desarrollo de proyectos "Turnkey" en el Municipio de Lares. Toda la evidencia ofrecida por la parte demandante demuestra que se realizaron varios trámites con el propósito de obtener el presupuesto necesario.

206-240 SELLO DE RENTAS INTERNAS CANCELADO

Núm. 0004-2022-0525-1917901 0

Funcionario(a) _____ 27/5/22 Fecha

CERTIFICACION

CERTIFICO QUE LA PRESENTE ES COPIA FIEL Y EXACTA DEL ORIGINAL QUE OBRA EN AUTOS Y EXPIDO LA MISMA A PETICION DE

Victor Henson Busquets

☐ PREVIO EL PAGO DE DERECHOS
☐ PARA USO OFICIAL LIBRE DE DERECHOS

JESSICA ÁLVAREZ RODRÍGUEZ
Secretaria Auxiliar del Tribunal I
Secretario

DIANE ALVAREZ VILLANUEVA
Por: _____ Secretaria Regional
Sub-Secretario

2022 JUN -1 A 9:38