Objection Deadline: 4:00 P.M. Atlantic Standard Time on July 26, 2022
Hearing Date: 9:30 A.M. Atlantic Standard Time on August 10, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO <br>   as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, et al. <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> Case No. 17-BK-3283 (LTS) <br><br> (Jointly Administered) |
| In Re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO <br>   as representative of <br><br> PUERTO RICO PUBLIC BUILDINGS AUTHORITY, <br><br> Debtor. | PROMESA <br> Title III <br><br> Case No. 19-BK-5523-LTS <br><br> (THIS PLEADING RELATES TO THIS TITLE III CASE ONLY) |

## EVERTEC'S MOTION FOR ALLOWANCE OF AN
## ADMINISTRATIVE EXPENSE CLAIM

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE COURT:**

**COMES NOW** Evertec Group, LLC ("Evertec"), by and through the undersigned legal counsel, and respectfully submits Evertec's *Motion for Allowance of an Administrative Expense Claim* (the "Motion") against the Puerto Rico Public Buildings Authority ("PBA") for the reasons discussed below:

### PRELIMINARY STATEMENT

Evertec is entitled to an allowed administrative expense claim under 11 U.S.C. § 503(b)(1)(A) (the "Bankruptcy Code" or the "Code") in the amount of **$69,017.23** for services rendered between November 30, 2020 to June 30, 2021 under Contract No. 2021-S00015 (the "2021 Contract") to guarantee PBA's data and voice communications network, and perform any required maintenance of the Avaya telephone systems in the PBA's Data Center. PBA refuses to pay Evertec despite having benefitted, and continues to benefit, from these services, due to the fact that PBA relies on its telephone and data systems as part of its regular day-to-day operations. Had Evertec not provided these services, PBA's systems would not be in good working-order. However, that is not the case here thanks to Evertec's diligent compliance with its obligations under the 2021 Contract. Accordingly, Evertec should be compensated by PBA as an administrative expense claim under Section 503(b)(1)(A) of the Code.

### I. Factual Background

1. Evertec entered into a contract with the PBA on February 24, 2020, which recognized that, from February 24, 2020 to June 30, 2020, Evertec was to guarantee PBA's data and voice communications network, and perform any required maintenance of the Avaya telephone systems in PBA's Data Center. *See* **Exhibit A**, Contract No. 2020-S00070, p. 1 (the "2020 Contract"). The 2020 Contract further required Evertec to perform the following services to PBA: (i) upgrade the telephone system to the latest version 8 of the Avaya platform; (ii) provide

2

hardware maintenance for the Cisco and Fortinet platforms; (iii) replace parts until June 30, 2020; (iv) install new servers for the version 8 of the Avaya platform; and (v) upgrade the necessary licenses that are critical to the operation of latest Avaya platform. *See* **Exhibit A**, p. 1, Clause I: Services. In return, the PBA committed itself to pay Evertec in an amount that would not exceed $279,974.15 for services rendered under the 2020 Contract. *See* **Exhibit A**, p. 2, Clause III: Compensation. The 2020 Contract was duly registered before the Puerto Rico Comptroller's Office. *See* **Exhibit D**.

2. Evertec diligently executed its end of the agreement, and PBA fully paid Evertec under the 2020 Contract.

3. On November 30, 2020, PBA and Evertec executed the 2021 Contract which established that, from November 30, 2020 to June 30, 2021, Evertec was to guarantee (once again) PBA's data and voice communications network, and perform any required maintenance of the Avaya telephone systems in the PBA's Data Center. *See* **Exhibit B**, Contract No. 2021-S00015, p1. Under the 2021 Contract, Evertec was required to, among other things, perform the following services: (i) hardware and software maintenance for Fortinet and Avaya products; (ii) hardware maintenance for the Cisco platform; and (iii) parts replacement. *See* **Exhibit B**, p. 1, Clause I. In consideration of the above, the PBA committed to pay Evertec an amount that may not exceed $69,017.23 in exchange for services rendered under the 2021 Contract. *See* **Exhibit B**, p. 2, Clause III: Compensation. The 2021 Contract was duly registered before the Puerto Rico Comptroller's Office. *See* **Exhibit D**.

4. Evertec performed the required services under the 2021 Contract, including upgrading the necessary licenses critical to the operation of the Avaya platform, and performing

3

all required hardware and software maintenance for the successful operation of the PBA's telephone systems, among others.

5. On May 27, 2021, Evertec invoiced PBA for services rendered under the 2021 Contract in the amount of $69,017.23. *See* **Exhibit C**, Invoice No. 6000146790. The payment was due by June 26, 2021.

6. On June 2021, the Governor of Puerto Rico confirmed the appointment of engineer Ivelysse Lebrón Durán as the new Executive Director of PBA. Upon information and belief, because of this change, PBA refused to pay Evertec for services rendered under the 2021 Contract because the new leadership did not supervise Evertec's labor and/or did not fully understand or grasp the extent and importance of Evertec's services under the 2021 Contract.

7. Evertec has reached out to PBA's new leadership on multiple occasions to resolve this situation to no avail. In the meantime, PBA has benefitted, and continues to benefit, from the services provided by Evertec under the 2021 Contract. Simply put, PBA's telephone systems would not be operable without Evertec's required hardware and software maintenance, including updating and providing the necessary licenses of PBA's systems.

8. PBA's breach of the 2021 Contract has forced Evertec to cover the expenses of services which have allowed PBA's telephone systems to remain operable to this day, which systems yield a direct and quantifiable benefit to PBA's day-to-day operations.

**RELIEF REQUESTED**

9. Evertec seeks an order from the Court, substantially in the form attached hereto as **Exhibit E**, granting Evertec an allowed administrative expense claim in the PBA's Title III case equal to the amount that has unlawfully remained unpaid by the PBA under the 2021 Contract.

**ARGUMENT**

    **II.    Evertec is Entitled to the Allowance of an Administrative Expense Claim**

    10.    The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including—(1)(A) the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b). Section 301 of PROMESA expressly incorporates Section 503(b) of the Bankruptcy Code. This Court has determined that creditors in Title III cases may have administrative expenses under Section 503(b)(1)(A). *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 621 B.R. 289, 300 (D.P.R. 2020) ("[T]he Court concludes that section 503(b)(1)(A) of the Bankruptcy Code, as incorporated into PROMESA, makes administrative expense priority available for the 'necessary costs and expenses of preserving' [the debtor] during the course of its Title III case."); *see also In re Fin. Oversight and Mgt. Bd. for Puerto Rico*, 631 B.R. 596, 607 (D.P.R. 2021) (allowing an administrative expense claim under Section 503(b)(1)(A) based on accrued and unpaid amounts required to be paid by PREPA to company providing operational and management services). Section 507(a)(2) of the Bankruptcy Code has also been incorporated by Section 301(a) of PROMESA (s*ee* 48 U.S.C. § 2161(a), which gives priority to administrative expenses allowed pursuant to section 503(b) of the Bankruptcy Code. 11 U.S.C. § 507(a)(2).

    11.    The First Circuit has established a two-prong test to determine whether or not a claim qualifies as an administrative expense: "In general, for a claim to qualify as an administrative expense under subsection 503(b)(1), (1) it must have arisen from a transaction with the trustee or debtor in possession, rather than from a prepetition transaction with the debtor, and (2) the consideration supporting the claim must have benefitted the estate in some demonstrable way." *In re FBI Distrib. Corp.*, 330 F.3d 36, 42 (1st Cir. 2003); *Mammoth Mart, Inc.*, 536 F.2d at 954; *see also In re La Electronica, Inc.*, 995 F.2d 320, 322 (1st Cir. 1993) (stating that courts within the First Circuit will grant a claim administrative expense status when "the consideration supporting

5

the claimant's right to payment [is] supplied to and beneficial to the debtor-in-possession in the operation of the business") (internal quotation marks and citation omitted).

12. Evertec is entitled to an administrative expense claim under the plain language of Section 503(b)(1)(A), as interpreted by the First Circuit. *See In re Mammoth Mart, Inc.*, 536 F.2d at 954. The first requirement—that there be a post-petition transaction between the debtor and creditor—has been satisfied because Evertec provided the services to PBA under the 2021 Contract that was executed on November 30, 2020, *i.e.* after the commencement of PBA's Title III proceeding. The second requirement—that the consideration supporting the claim must benefit the debtor—is also satisfied because (i) PBA relies on its telephone systems for its daily operations; (ii) PBA's telephone systems are currently operational due the services provided by Evertec under the 2021 Contract; and (iii) despite PBA's telephone systems being in good-working order thanks to Evertec, PBA refuses to pay Evertec for the services rendered under the 2021 Contract while continuing to enjoy the benefits of the services rendered by Evertec under the agreement.

13. Evertec is entitled to an administrative expense claim under Section 503(b)(1)(A) because, by refusing to pay Evertec for the services rendered under the 2021 Contract, Evertec was forced to assume the cost and burden of maintaining PBA's telephone system, including providing hardware and software maintenance, as well as upkeep of the system's licensing, without which PBA would not have an operable communications system necessary to preserve its value and its ongoing business. *See In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1992) ("Preservation of the estate includes protection of the assets of the estate, as well as postpetition operation of the business of the debtor").

**RESERVATION OF RIGHTS**

14. Evertec does not waive, and expressly reserves, all rights, claims, counterclaims, defenses and remedies at law or in equity that it has or may have against the PBA and/or any other

6

person or entity. Evertec reserves the right to assert additional grounds for allowance and payment of an administrative expense claim against the PBA, and to amend, modify, and/or supplement this Motion and any of its ancillary documents, as needed.

## CONCLUSION

In light of the foregoing, Evertec hereby respectfully requests that this Court enter an order granting Evertec an allowed administrative expense claim in the PBA Title III case equal to the amount of **$69,017.23** which represents the amount PBA benefited from in post-petition services provided by Evertec to PBA for its day-to-day use and good-working condition of its telephone and communication systems, and which PBA refuses to pay Evertec under the 2021 Contract.

**WHEREFORE**, Evertec respectfully requests this Court to enter an order GRATING Evertec an allowed administrative expense claim against PBA under Section 503(b) of the Bankruptcy Code in the amount of **$69,017.23**, and to grant any other relief as may be just and proper under the circumstances.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 13th date of June, 2022.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures Order* [Dkt. No. 20190-1] (the "CMP

Order"), as well as upon all of the parties identified in the Master Service List maintained at

https://cases.primeclerk.com/puertorico/.

                                                **MCCONNELL VALDÉS LLC**
                                                *Attorneys for Evertec Group, LLC*

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225
*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

8