Estimated Hearing Date: To be determined by the Court
Objection Deadline: To be determined by the Court

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RICOH PUERTO RICO, INC.'S
### MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
### CLAIM IN THE SUM OF $4,864,017.20

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Estimated Hearing Date: To be determined by the Court
Objection Deadline: To be determined by the Court

TO THE HONORABLE LAURA TAYLOR SWAIN,
UNITED STATES DISTRICT JUDGE:

COMES NOW, **RICOH PUERTO RICO, INC. ("Ricoh Puerto Rico"),** represented by the undersigned attorneys, and in support of its motion for allowance of payment of its administrative expenses claims, very respectfully avers and prays as follows:

1. In accordance with the provisions of the Plan of Adjustment, as amended, submitted by the Title III Debtor Commonwealth of Puerto Rico (the "Commonwealth"), as confirmed on March 15, 2022, creditor **RICOH Puerto Rico** submits its claim for post-petition administrative expenses in the sum of **Four Million Eight Hundred Sixty Four Thousand Seventeen Dollars and Twenty Cents ($4,864,017.20)** on account of the Commonwealth's actual post-petition use, to the benefit of the bankruptcy estate, of Ricoh Puerto Rico equipment subject to contracts that were not assumed by the Commonwealth. **Exhibit 1.**

2. As per the terms of the Commonwealth's confirmed Plan of Adjustment, all administrative claimants, including petitioned herein, have ninety (90) days after the Plan of Adjustment's effective date of March 15, 2022, to wit, until Monday, June 13, 2022 to submit their administrative claims in the case, or the same will be forever barred and extinguished. Therefore, the instant administrative claim is timely under the terms of the confirmed Plan of Adjustment.

3. Bankruptcy Code Section 503(b)(1)(A), applicable to this case under Section 301 of PROMESA, 48 U.S.C. § 2161, provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." Generally, a request for payment of an administrative expense pursuant to Bankruptcy Code section 503(a) may qualify if (i) the right to payment arose from a post-petition transaction

Estimated Hearing Date: To be determined by the Court
Objection Deadline: To be determined by the Court

with the debtor estate (rather than from a prepetition transaction with the debtor) and (ii) the consideration supporting the right to payment was beneficial to the estate of the debtor. *See In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1991).

4. Nothing prohibits immediate payment of an allowed administrative expense, either, as the timing of payment is within a court's discretion. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002); *In re Rare Coin Galleries, Inc.*, 72 B.R. 415, 417 (Bankr. D. Mass. 1987) ("In general, the timing of the payment of ordinary administrative claims is in the discretion of the Court."). Courts look to a variety of factors in determining whether to order immediate payment, including, but not limited to, prejudice to the debtor, hardship to the claimant, potential detriment to other creditors, and the length and expense of the case's administration. *See id.*; *see also In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005).

## NOTICE

5. Notice has hereby been served by CM/EF and on the Master Service List posted on the website of the Debtors' claims and noticing agent, by e-mail or by first-class mail.

6. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, Ricoh Puerto Rico respectfully requests that this Court allow its claim as an administrative expense claim, in the sum of **Four Million Eight Hundred Sixty Four Thousand Seventeen Dollars and Twenty Cents ($4,864,017.20)**, as evidenced by Exhibit 1 attached hereto, and order the immediate payment of the same, with any other appropriate relief.

RESPECTFULLY SUBMITTED.

                                              Estimated Hearing Date: To be determined by the Court
                                              Objection Deadline: To be determined by the Court

Dated: June 11, 2022

Respectfully submitted,

REICHARD & ESCALERA, LLC

*/s/ Fernando Van Derdys*
Fernando Van Derdys, Esq.
USDC-PR 201913
fvander@reichardescalera.com


255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888