Estimated Hearing Date: To be announced by Court
Objection Deadline: To be announced by Court

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

# PLAINTIFF BLANCA IRIS MARRERO'S
# MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Estimated Hearing Date: To be announced by Court
Objection Deadline: To be announced by Court

TO THE HONORABLE LAURA TAYLOR SWAIN,
UNITED STATES DISTRICT JUDGE:

COMES Now, State Court Plaintiff Blanca Iris Marrero ("Marrero" or "Petitioner"), represented by the undersigned attorneys, and in support of its motion for allowance of payment of its administrative expenses claims, very respectfully avers and prays as follows:

### FACTUAL BACKGROUND

1. On nor about March 19, 2021, claimant herein suffered various severe injuries as a result of the Commonwealth and its political subdivisions' negligence in tort. **Exhibit 1**. Claimant herein attempted to litigate her claim against the Commonwealth and its political subdivisions in State Court but the Commonwealth, through its Department of Justice, announced an injunction on the State Court action on account of the provisions of its confirmed Plan of Adjustment.

2. The Commonwealth of Puerto Rico ("Commonwealth"), as a Debtor in a Title III Case, has adopted as its official policy, communicated through its Department of Justice, that Claimants such a the appearing party must present a request for payment of administrative expense on account of Claims such as the one asserted herein **(Exhibit 1)**, arising out of the negligent and tortious acts of the Commonwealth and its political subdivisions.

3. The Commonwealth cited the following provisions in the State Court Civil post-petition action commenced by Marrero: "Injunction on Claims. Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or

Estimated Hearing Date: To be announced by Court
Objection Deadline: To be announced by Court

liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property. *Confirmation Order*, Doc. Núm. 19813 en la pág. 67, ¶59" (emphasis on original).

4. At the State Court, in Claimant's civil action, the Commonwealth expressly alleged that: "Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date of the Plan [since the Plan was confirmed on March 15, 2022, to wit, June 13, 2022], after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of

Estimated Hearing Date: To be announced by Court
Objection Deadline: To be announced by Court

Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof. *Confirmation Order*, Dkt. N0. 19813, Page 49, ¶44; *See also*, Plan of Adjustment, Dkt. No. 19813-1, Page 35, ¶1.51."

## DISCUSSION

5. Bankruptcy Code section 503(b)(1)(A), applicable to this case under Section 301 of PROMESA, 48 U.S.C. § 2161, provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." Generally, a request for payment of an administrative expense pursuant to Bankruptcy Code section 503(a) may qualify if (i) the right to payment arose from a post-petition transaction with the debtor estate (rather than from a prepetition transaction with the debtor) and (ii) the consideration supporting the right to payment was beneficial to the estate of the debtor. *See In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1991).

6. Nothing prohibits immediate payment of an allowed administrative expense, either, as the timing of payment is within a court's discretion. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002); *In re Rare Coin Galleries, Inc.*, 72 B.R. 415, 417 (Bankr. D. Mass. 1987) ("In general, the timing of the payment of ordinary administrative claims is in the discretion of the Court."). Courts look to a variety of factors in determining whether to order immediate payment, including, but not limited to, prejudice to the debtor, hardship to the claimant, potential detriment to other creditors, and the length and expense of the case's administration. *See id.*; *see also In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005).

Estimated Hearing Date: To be announced by Court
Objection Deadline: To be announced by Court

7. It is abundantly clear that Marrero's $300,000.00 Claim, or as otherwise allowed, qualifies for administrate expense priority pursuant to the Commonwealth's own official posture and policy decision, espoused through its Department of Justice and confirmed Plan of Adjustment. The claim is post-petition. The Commonwealth entered into bankruptcy in May of 2017. The events rising to this claim occurred on March 19, 2021.

8. As a court in equity, this Court has the ability to issue orders necessary or appropriate to carry out provisions of the Bankruptcy Code, as made applicable by Title III and as expressly recognized by the Commonwealth of Puerto Rico in its confirmed Plan of Adjustment. *See* 11 U.S.C. §105(a). Immediate payment of Marrero's claim is not contrary to the demands of the Bankruptcy Code but consistent with it. Administrative expense claims are afforded high priority pursuant to Bankruptcy Code section 507(a)(2) for many, if not all, of the reasons stated above.

9. Moreover, and maybe most importantly, payment of Marrero's Claim will not prejudice the Commonwealth or other creditors. The confirmed Plan of Adjustment provides for payment of the Claim in full, and it is the Commonwealth's uncontested posture that this Claim must be addressed in this federal forum, so it cannot act in contravention of its assumed legal posture to that effect.

## NOTICE

10. Notice of this Motion has hereby been served by CM/EF and on the Master Service List posted on the website of the Debtor's Claims and Noticing Agent, by e-mail or by first-class mail.

11. No prior request for the relief sought herein has been made to this Court or to any other court.

Estimated Hearing Date: To be announced by Court
Objection Deadline: To be announced by Court

WHEREFORE, the appearing Claimant respectfully requests that this Court allow her Claim as an administrative expense claim in the sum of at least $300,000.00, **Exhibit 1**, or as otherwise allowed, and order the immediate payment of the same, as provided for in the Commonwealth's confirmed Plan of Adjustment, with any other appropriate relief.

RESPECTFULLY SUBMITTED.

Dated: June 9, 2022

Respectfully submitted,

s/ Fernando Van Derdys, Esq.
USDC-PR 201913

Law Offices of F. Van Derdys
P.O. Box 9021888
San Juan, PR 00902-1888
Tel. 787.519.2211
E-mail: fvanderdys@gmail.com