UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
(LTS)
THE COMMONWEALTH OF PUERTO RICO, et al.,
Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283

## APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS FILED BY GROUP WAGE CREDITORS IN THE LITIGATION CAPTION MADELINE ACEVEDO CAMACHO V THE FAMILY DEPARTMENT, ARV AND AIJ OF THE COMMONWEALTH OF PUERTO RICO

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Movants, are a group of 2,819 active or former full-time career employees at the Family Department, and its administrations, ( ADSEF; ADFAN; ACUDEN, ASUME and SECRETARIADO), the Vocational Rehabilitation Administration ( ARV) or at AIJ, today Negociado de Instituciones Juveniles, of the Department of Corrections and Rehabilitation, that are instrumentalities of the Commonwealth of Puerto Rico, and prior to the Title III petition, filed a declaratory judgment in the group litigation captioned Madeline Acevedo Camacho et als v Family Department the ARV and AIJ; CASP Case No. 2016-05-1340 (the Movants),[2] by and through the undersigned attorney, files this

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Originally, the case was filed at CFI, San Juan, under Case No. K AC 2007-0214. Actually the case is pending adjudication at the "Comision Apelativa del Servicio Publico (CASP in Spanish)

Motion for allowance and payment of Administrative Expense (the Motion).

In support of the Motion Movants respectfully states as follows:

## I. JURISDICTION

1. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

2. Venue is proper under section 307(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 503 and 507 and make applicable to this Title III proceeding under section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

## II. RELEVANT BACKGROUND

4. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a voluntary petition on behalf of the Commonwealth of Puerto Rico pursuant to section 304(a) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

5. The relevant facts are undisputed and are based on the final judgements entered in the cases of Carmen Socorro Cruz Hernández et als v Family Department et als, case no. K AC 1991- 0665; Nilda Agosto Maldonado et als v Family Dept. et als, case No. K PE 2005-0608 entered by the Commonwealth First Instance Court (CFI) of San Juan, **A copy of the judgments are attached hereto as Exhibit 1 A and 1 B, and Exhibit 2. Also, are based on** the stipulation dated October 8, 2013 subscribed by

the parties, in the prior declaratory action filed at the CFI, case K AC 2007-0214 and a copy is attached as **Exhibit 3, and is made a part hereof.**

6. Briefly summarized, the CFI judgments found that the Defendants defaulted on its contractual obligations towards the plaintiffs when implemented the federal minimum wage law. In its findings of facts among others, the CFI determined that when the federal minimum wage entered into effect, on April 15, 1986, the Social Services Department, today the Family Department, equated the salary of the employees assigned to the first 11 scales based on $3.35 per hour. Also, determined that the Defendants, in clear disregard of the dispositions established in the Uniform Retribution Law of 1979 and its regulations, illegally made the government pay scales and classification plans inoperable, by adopting the General Memorandum 5-86 to implement the federal minimum wage.

7. As a result, defendants paid the same salary of laborers and janitors, to employees assigned up to pay scale 11, leaving the pat scales inoperable.[3] And that said determination, did not comply with the standards relate to the administration and the maintenance of the retribution structures, and therefore, violated clauses 1 and 2 of Art. 2 of Law No. 89 of Uniform Retribution and section 4.6, clauses (2), (3), (5) (6) a d (8) of the Uniform Retribution Regulation.

8. The CFI judgments further found that the above situation occurred again every time that came to effect a new minimum wage increases. To the extreme, that by April 1, 1996, 19 salary scales had been affected and employees assigned to said pay

---

[3] See determination of facts No.4 Judgment Carmen Socorro and compare with conclusion of law at pages 11-13. Also see similar determination at facts No. 4 at page 6 Judgment Nilda Agosto and conclusion of law.

3

scales, received the same salary as janitors and workers.[4] With this defendants the retribution system, did not comply with their obligation to take into consideration the complexity and level of responsibility of the different positions and job classifications, to remunerate employees in proportion to the same, and therefore, this retribution system resulted irrational, capricious or arbitrary for the plaintiffs.

9. Consequently, was determined that the OCAP (now Human Resources Office of the Commonwealth of Puerto Rico) (ORHELA in Spanish) and the Individual Administrators,(DF) the ARV and AIJ, are obligated to provide continued enforcement to maintain to date the retribution plans that they adopt for the career and trust services, in compliance with the standards relate to the administration and the maintenance of the retribution structures, as provided by the Uniform Retribution law and regulations, in order to guarantee employees' just compensation under the constitutional clause of equal pay for equal work. Also, found that defendants, were jointly and severally liable for this violations and were obligated to pay full wages and benefits to the plaintiff's and required defendants, in order to determine the illegal portion of the regular salaries withheld to the plaintiff's, to apply the new pay scales adopted in 2005. (See Carmen Socorro judgment Exhibit No. 1- A at page 14, and Exhibit 1- B , for the new pay scales and compare same determination entered in the judgment entered in the case of Nilda Agosto at pages 27-29 of Exhibit 2)

---

[4] See determination of fact No 33 id.

10. In regards the October 8, 2013, stipulation entered in case No. K AC 2007-0214 and that is included as Exhibit 3 the defendant's admits all the operative facts determined in above identified judgments.[5]

11. Also, regarding ARV and AIJ, are relevant stipulations No. 31 and 42, since Defendants admitted, that originally said agencies were a subdivision of the Family Department and the corresponding wage adjustments were made the same as the FD.

12. Although in 2004 the ARV adopted a new retribution Plan, as Individual Administrator, which established a pay scale for union employees at a base salary of $950.00 monthly, -said party admits in stipulation No. 44, that has not made further revisions to the Plan.

13. A similar situation prevails in regards AIJ, since although on June 1, 1999 said agency approved a new retribution plan with a pay scale develop with a base salary of $925.00, monthly, (for a workweek of 37.5 hrs.) and a pay scale of $986.00 monthly 9for a workweek of 40 hrs.), said party has not made further revisions to the Plan.[see Stipulation No.39.

14. In view of the above, and given the new minimum wage increases on 2007, 2008 and 2009, and of which is requested this court take judicial notice,

---

[5] Judicial admissions, or formal concessions of fact in the pleadings, have the effect of withdrawing the facts from contention. Mares, 2015 U.S. Dist. LEXIS 1018 at *3 (citing Martinez v. Bally's Louisiana, Inc., 244 F.3d 474, 476 (5th Cir. 2001)). They are conclusive unless the court allows them to be withdrawn. Id.; see also, White v. ARCO/Polymers, Inc., 720 F.2d 1391, 1396 & n.5 (5th Cir. 1983) ("[F]actual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them.").

Movants submits that the pattern or practice of underpayment of regular wages, have continued[6].

15. Since the Movants are similarly situated as the other FD, ARV and AIJ employees that obtained a judgment in their favor, they are entitle to the correction of their regular wages and payment of the shortfall in their monthly regular salaries, pursuant to the P.R. laws and Supreme court doctrine in Santiago Declet v Family Department, 153 DPR 208 (2001) and Rivera Padilla v OAT, 189 DPR 315.

16. Movant's Administrative expense claim is made pursuant to section § 503 of the Bankruptcy Code, which establishes what types of claims are accorded administrative status. In general, these types of claims relate to the services rendered to a bankruptcy estate in its general administration. Wages are among the most common types of administrative expenses, since are considered a cost of preserving the bankruptcy estate. *See, e.g.,* § 503(b) (1) (A) (i) and (ii)

The pertinent text of the statute at issue is as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate including—

(i) wages, salaries, and commissions for services rendered after the commencement of the case; and

(ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the

---

[6] In regards DF, see stipulation No. 28, since Defendants also admits, that have not revised or adopted new pay scales since 1996.

probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title;

17. For the purpose of this Motion, Movant's have bifurcated their claims in pre-Title III claims and post-Title III administrative expense priority claims:

a). The Employee List included as Exhibit 4 identify the names of the employees that have continued in their employment after the petition date and have provided essential services to the Debtors under the ordinary course of their employment and have accrued salary shortfall post –petition, due to the fact that the Debtors continued to be in default of their obligation to pay full regular rate to employees, as operating expenses, and has resulted in the Debtors owing an estimated amount of no less $ 6,827,092.00. and which amounts qualify for payment, as administrative expense under subsection (A) (i). The amount herein determined was calculated from information provided by the individual claimants, as to the gross wages received, the individual pay scale level, and length of employment after petition date.

Nonetheless here, is important to clarify, that the back pay post-petition continue to accumulate on a monthly basis, during the course of Movant's employment, as applicable and until the regular salary rate is corrected, in accordance to Puerto Rico Public Retribution Law and regulations.

b). The employees List included with the Proof of Claim No. 32044, filed in the case of Madeline Acevedo and which is attached to the present Motion as Exhibit 5, includes a lump sum estimate of $50,000,000.00 for the pre- petition payroll debt.[7] The

---

[7] Since the list of the claimants is too voluminous, Movant's request this court to take judicial notice of the complete Proof of Claim record. Griffin v. United States, 109 F. 3d 1217, 1218 n. 1 (7th Cir.1997) See also Levine v. Egidi, Case No. 93C188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993) (authorizing a bankruptcy court to take judicial notice of its own docket)

amount estimated corresponds to a preliminary payroll cost report, of the individual debt, prepared by Debtors' during discovery performed in case KAC 2007-0214 and is included as Exhibit 6 of the present Motion[8]. This claim is deemed allowed since the Debtor, as a party in interest have not presented objection, under 11 U.S.C. § 502(a). Therefore, the amount estimated constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See Lundell v Anchor Const. Specialist, Inc, 223 F 3d 1039 (9th Cir. 2000).[9]

18. Further, Movant's submits that the pre-petition claim, if allowed by a judgment entered by a Puerto Rico court, qualifies for pre-petition administrative expense priority, under the subsection A (ii) and consequently, the pre-petition payroll procedure sought by Movant's at Commonwealth forum is to be continued until a final judgment is entered.

19. The payment of balances owed on pre and post-petition payroll, are necessary to fairly compensate employees for the reasonable value of services performed in the ordinary course of employment consistent with the historical payment terms mandated under the Commonwealth of Puerto Rico Uniform Retribution Law No. 89 of 1979 and Regulations as amended, due to the illegal adjustments made by defendants' to implemented the minimum wage in the respective agencies, and can be verified during the on- going procedures upon audit of employees records in Debtor's position.

---

[8] Note, that the cost reports, identify the claimants by the respective Administrations were they work.
[9] See also Fed.R.Bankr.P. 3007 and Adv. Comm. Notes to Fed.R.Bankr.P. 9014 were states:"The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief", and 3 American Express Bank, FSB v. Askenaizer, 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009); In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir. 1993) (1st Circuit Court has held that "[t]he interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence."); same, In re Empresas Omajede, Inc., 537 B.R. 63, 92 (Bankr. D.P.R. 2015) and In Re Santiago Ruiz, 2017 WL 3084379.

20. **In the case at bar, the payment(s) seek will not render the Debtor administratively insolvent, as can be determined by the information provided by the debtor, in the diverse Disclosure Statement filed and from the Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA), Cash Flow report dated September 3, 2021 which is attached hereto as Exhibit 5, and is made a part hereof.**[10]

21. **Also, Movant's submits that the pre-petition back pay amounts due and owing in the instance case represent a priority administrative expense, under Subsection A (ii), in accordance to the solvent-debtor exception, since the Commonwealth** have a reasonable prospect to continue to operate with sufficient cash reserves, following the payment (s) of the payroll debt and consequently, has a reasonable prospect of reorganizing through chapter 11, Also, because the payment seek, ensures "that the Debtor's does not receive a windfall at the expense of its employee's work."

### IV. RELIEF REQUESTED

22. By this Application is request relief arising from the Court's inherent authority, under § 105 (a), to issue an Order, allowing the payment, of the unpaid portion of Movants regular salaries over the entire period of their employment with debtors, since the services performed, in their respective positions and classifications, supplied to and were beneficial to the Commonwealth, since permitted rendering the continuation of uninterrupted services and therefore, Movants' claims are within the

---

[10] See page 4 and 5 of the report that shows that the Commonwealth has currently in banks deposits, a cash account balance of $11.4 billion of unrestricted cash that under Puerto Rico's Constitution can and should, at least a substantial part, be used for debt adjustment purpose. These amount is just part of the over $25.335 billion in cash Commonwealth currently holds

specific category of administrative expense priority under § 503(b)(1)(A), subsections (i) and (ii), and § 507(a)(2) of the Bankruptcy Code.

A. Concerning the requirement included in subsection A (ii) of an NLRB Award or a Judgment, Movants submits that in order to facilitate the efficient disposition of the pre-petition administrative claims, and secure the just, determination regarding the present application, in view that Movants are not the beneficiaries of a judgment from a Commonwealth Court, since their litigation claim have not yet been resolved on the merits, request this court, to take judicial notice that by filing the present Motion, Movants are not requesting, the immediate payment of the back pay accrued pre- petition, due to debtor's illegal wage practices.

23. Instead, Movant's seek a ruling or comfort order from the Court, and request to take notice of their interest in preserving their administrative priority status rights, regarding their pre-petition claims, and in abundance of care, to issue an order to set aside, from the fund that has been established to satisfy administrative expenses Claims, sufficient funds to cover the priority expenses claim amounts in the present case of 50 million, in order to guarantee Movant's the ability to receive priority payment, by the entry, in the near future of a judgment in their favor.

24. This, request is justified because courts have determined that Subsection A (ii), is not limited to a pre-petition judicial award. The award of back pay can be entered pre-petition or post-petition. *See In re 710 Long Ridge Rd. Operating Co., II, LLC,* 505 B.R. 163, 175 (Bankr. D.N.J. 2014) ("[I]n § 503, the word `awarded' is a past participle phrase that serves as an adjective modifying the nouns `wages' and `benefits' and thus does not indicate the award must have been entered prior to moving for administrative

expense priority.") See also *In re Truland Grp., Inc.*, 520 B.R. 197, 203 (Bankr. E.D. Va. 2014), were the court determined that "the Plaintiffs' WARN Act Claims, if Allowed, are Entitled to Administrative Priority".

25. Consequently, Movants submits that this Court **may bifurcate** the claims submitted under subsections A (i) and (ii), in order to fairly guarantee the Movant's rights for priority payment of wages earned, as provided by the bankruptcy code.

26. In addition, because when subsection A (i) is analyzed is evident that said subsection does not qualify the right of priority expense for post-petition services, to a judgment award. Consequently, having the Movants, as regular employees, provided the Commonwealth agencies during the course of its Title III case, tangible benefits for the work performed in their employment, for which they have not been fully paid, their post- petition claims qualify as administrative expense and priority status, should be granted as a matter of law. See In re Craig County Hospital, 572 B.R. 340(2017).

27. Also, because due to the particular facts of the present case, must be considered that the correction of employees regular rate of pay is a crucial step in the effort to achieve the economic recovery of the Commonwealth of Puerto Rico and its instrumentalities, since the Commonwealth must have the necessary compromise of employees to provide the future essential services and remain a viable public entity and achieve financial and political stability.

**WHEREFORE**, the Movant's respectfully pray for this Honorable Court to grant this Motion and enter an Order (a) awarding the allowance and payment of the post-petition back pay owed, for the total amount of $ 6,827,092.00 (b) in regards the pre-petition payroll debt, take notice of the ongoing procedures being conducted before CASP

11

, in the group litigation caption Madeline Acevedo Camacho, and (c) in abundance of caution, and guarantee the collection of Movant's administrative expenses, order the creation of a reserve fund in the estimate amount of $50,000,000.00 and grand such other and further relief as the Court deems just and necessary.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, on June 12 , 2022.

IT IS HEREBY CERTIFIED, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsels of record.

By /s/ *Ivonne González Morales*
Ivonne González - Morales
USDC-PR 202701
P.O. BOX 9021828
San Juan, P.R. 00902-1828
Telephone: 787-410-0119
Email- ivonnegm@prw.net

Attorney for the Group Creditors

**Table of Exhibits in support of Motion for allowance of Payment of pre and post-petition back pay wages as Administrative Expenses filed by Group Claimants in litigation caption Madeline Acevedo Camacho
CASP case No. 2016-05-1340,**

EXHIBIT 1-A  -  Amend Judgment entered by the CFI of San Juan in Carmen Socorro Cruz Hernandez et al v Family Department, ARV and AIJ, Civil Case No. K AC 1991-0665

EXHIBIT 1-B  -  January 23, 2006 Partial Judgment entered in Carmen Socorro Cruz Hernandez - approving new pay sales

EXHIBIT 2  -  Judgment entered on 2010, in Nilda Agosto Maldonado, Case No. K PE 2005-0608

EXHIBIT 3  -  October 8, 2013 Stipulation entered in case K AC 2007-0214

EXHIBIT 4  -  List of individual claimants with estimate of post –petition Administrative Expense payroll debt, for a total of $ 6,827,092.00

EXHIBIT 5-A  -  Proof of Claim No. 32044, including estimated pre-petition minimal Administrative expense claim of $50,000,000.00

EXHIBIT 5-B  -  Preliminary cost estimate pre-petition debt, prepared by Defendants in case K AC 2007-0214

EXHIBIT 6  -  FAFAA Cash Flow report dated September 3, 2021