UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of (LTS) | PROMESA TITLE III Case No. 17-BK-3283 |
| THE COMMONWEALTH OF PUERTO RICO, et al., Debtors[1] | |

APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE PRIORITY CLAIMS AND REQUESTING AN ORDER FOR IMMEDIATE PAYMENT FILED BY JUDGMENT CLAIMANTS CASE CARMEN SOCORO CRUZ HERNANDEZ ET ALS V THE FAMILY DEPARTMENT, ARV AND AIJ OF THE COMMONWEALTH OF PUERTO RICO

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COMES the group creditors in the litigation captioned Carmen Socorro Cruz Hernandez et als v Family Department, ARV and AIJ, Case No. K AC 1991-0665, that have back pay award, pursuant of a final judgment entered by the Commonwealth First Instance Court (CFI) of San Juan, as a result of Debtor's violation of the Commonwealth and federal minimum wage laws, (the "Movant's"), by and through the undersigned attorney, to respectfully state, allege and pray:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

## I. JURISDICTION

1. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

2. Venue is proper under section 307(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

3. The Court has jurisdiction under sections 105(a), 503 and 507 of Title 11 of the United States Code, applicable to this Title III proceeding under section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

## II. RELEVANT BACKGROUND

4. The pertinent facts here are undisputed and are as follows.

5. On May 3, 2017, the Oversight Board filed a petition in this Court commencing a case under Title III of PROMESA on behalf of the Commonwealth of Puerto Rico.

6.. The Family Department and its Administrations, (ADFAN, ADSEF, ACUDEN, ASUME and SECRETARIADO), the Vocational Rehabilitation Administration (ARV), and the Administration of Juvenile Institutions,(AIJ) [now "Negociado Instituciones Juveniles of the Department of Correction and Rehabilitation], are instrumentalities of the Commonwealth of Puerto Rico included in the Title III petition filed by the Commonwealth.

7. The Movants are full-time or former career employees in mentioned Commonwealth agencies, that prior to the petition date had a final judgment in their favor, entered by the CFI San Juan, in case No. K AC 1991- 0665 (the judgment"), finding that the Family Department, ARV and AIJ violated, among others, clauses 1 and 2 of Art.

2

2 of Law No. 89 of June 12, 1979, as amended, 3 LP.R.A. § 760 et als. and section 4.6, clauses (2), (3), (5) (6) a d (8) of the Uniform Retribution Regulation, when made illegal wage adjustments, to implement the federal minimum wage using the General Memorandum 5-86, and made the "pay scale system" inoperable.[2] A copy of the CFI Judgment is attached hereto as **Exhibit 1** and is made a part hereof.

8. In the Judgment, the Court concluded, that FD and it's administrations, ARV and AIJ had incurred in reiterated violations of the Commonwealth Uniform Retribution law No. 89 of 1979 and regulations, to the extreme that by 1996 the employees assigned to the first 19 pay scales were receiving the same salaries as janitors and workers, finding defendants jointly and severally liable for this violations and granted all plaintiffs back pay for the unpaid portion of their monthly regular salaries.

9. The CFI judgment also required Defendants, in order to determine the illegal portion of the regular salaries withheld to the plaintiff's, to assign plaintiff's positions to the new pay scales adopted in 2005, in order to determine the back pay owed.[3] A copy of the partial CFI Judgment approving new pay scales, is also attached hereto as **Exhibit 2** and is made a part hereof.

### III. RELIEF REQUESTED

10. Although the Debtors have substantially paid most of the principal payroll obligation, to this date remains owing to some employees identified in the list of employees included in **Exhibit 3** - identify the pre-petition back pay amounts, and legal interest, computed until May 3rd, 2017, for a total amount of $1,019,983.01.

---

[2] See judgment at pag 12.

[3] See Judgment at page 14

11. However, here must be clarified that because the amounts owed to a significant number of claimants, are $20,000.00 or less, their claims were classified in class 68, and consequently, pursuant to the Confirmed Amended Eight Plan of Adjustment, mentioned claims will be paid in full.

12. Therefore, for the purpose of the present Motion, the employees claims were adjusted within the limits established for class 68 and is included in **Exhibit 3 -** the list of employees, with unpaid payroll claims that qualify for administrative expense priority under subsection (A) (ii), with the corresponding balance due to mentioned employees, adjusted to a total of $ 384,663.76..

### IV. GROUNDS FOR GRANTING RELIEF

13. The Movant's administrative expense claim is made pursuant to the sub section § 503 (b) (1)(A) (ii) of the Bankruptcy Code, which was added as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), which creates a special type of claim, that relate to the services rendered to a bankruptcy estate in its general administration. Unpaid wages are among the most common types of administrative expenses, since are considered a cost of preserving the bankruptcy estate. *See, e.g.,* § 503(b) (1) (A).

14. The pertinent text of the statute is as follows:

>  (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
>  (1)(A) the actual, necessary costs and expenses of preserving the estate including—
>  (i) wages, salaries, and commissions for services rendered after the commencement of the case; and
>
>  (ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any

4

period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title;

15. Under 11 U.S.C. § 503(b) (1) (A) (ii), and 507 (a) (2) of the bankruptcy Code the pre-petition back pay amounts, due and owing in the instance case represents priority administrative expenses, because Movants services not only produced tangible benefit to the Commonwealth, by making possible for the debtor's agencies to continue providing uninterrupted services to the Commonwealth residents, but because the payment of the balances owed, on prepetition payroll is necessary to fairly compensate the employees for the reasonable value of services rendered in the ordinary course of employment, consistent with historical payments terms as expressly provided by the Commonwealth Uniform Retribution Law 89 of 1979 and regulations, as amended.

16. In addition, because when Congress added subsection A (ii), as part of the "BAPCPA" reform, created an *additional* category of administrative claim, separate from subsection (i), "regardless of the date when the wages were earned and whether there was any concrete benefit to the estate or whether the claimant performed any work at all, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees". See Matthews v. Truland Group., Inc. (In re Truland Group., Inc.), 520 B.R. 197 (2014) in regards to WARN claims; see also, In re World Mktg. Chi., LLC, 564 B.R. 587, 594-97, 603 (Bankr. N.D. Ill. 2017) (same); *In re Philadelphia Newspapers,*

*LLC*, 433 B.R. 164, 170-75 (Bankr.E.D.Pa.2010) ( that a claim's "vesting date" is immaterial and that a back pay claim can constitute an administrative expense even if it is awarded for services rendered before the commencement of a bankruptcy case).See also, In re Fin. Oversight & Mgmt. Bd. for P.R. 621 B.R. 289 (D.P.R. 2020), where this court determined that the nine categories of administrative priority allowed under section 503 (b), are a nonexclusive list.

17. Therefore, Congress clearly considered reinforcing the national policy of protecting "employees who had been subject from illegal wage practices from some bankruptcy Debtors, who use their superior bargaining power to pay employees substandard wages, by making them whole, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees.

18. In the case at bar, the payment(s) seek will not render the Debtor administratively insolvent, as can be determined by the information provided by the debtor, in the diverse Disclosure Statement filed and from the Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA), Cash Flow report dated September 3, 2021 which is attached hereto as Exhibit 4, and is made a part hereof. [4]

19. Therefore, Movant's submits that the pre-petition back pay amounts due and owing in the instance case represent a priority administrative expense, under Subsection A (ii), in accordance to the solvent-debtor exception, since the Commonwealth have a reasonable prospect to continue to operate with sufficient cash reserves, following the

---

[4] See page 4 and 5 of the report that shows that the Commonwealth has currently in banks deposits, a cash account balance of $11.4 billion of unrestricted cash that under Puerto Rico's Constitution can and should, at least a substantial part, be used for debt adjustment purpose. These amount is just part of the over $25.335 billion in cash Commonwealth currently holds

payment (s) of the payroll debt and consequently, has a reasonable prospect of reorganizing through chapter 11. Also, because the payment seek, ensures "that the Debtor's does not receive a windfall at the expense of its employee's work."

**WHEREFORE**, the Movant's respectfully pray for this Honorable Court to grant this Motion and enter an Order awarding the allowance and payment of the Administrative Claim submitted, (collectively), in the adjusted amount of $384,663.76 (The "Administrative Expense pre-petition Claim"), and ordering Debtor' pursuant to subsection 503 (b)(1) (A) (ii) and 507 (a) to pay the back pay owed to identified claimants included in Exhibit 3 , as administrative expense priority, within sixty (60) business days after entry of the Administrative Expense Order, and grand such other and further relief as the Court deems just and necessary.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 12th day of June 2022.

ATTORNEY FOR THE WAGE CREDITORS

By: /s/ *IVONNE GONZALEZ-MORALES*
IVONNE GONZALEZ-MORALES
USDC NUM: 202701
PO BOX 9021828
SAN JUAN, PR 00902-1828
Tel. (787) 410-0119
E-mail: ivonnegm@prw.net

Table of Exhibits in support of Motion for allowance of Payment of pre-petition back pay judgment as Administrative Expenses, filed by claimants in the case Carmen Socorro Cruz Hernandez et als v Family Department, et als.

EXHIBIT 1 A -  Amend Judgment entered by the CFI of San Juan in Carmen Socorro Cruz Hernandez et al v Family Department, ARV and AIJ , Civil Case No. K AC 1991- 0665

EXHIBIT 1 B -  January 23, 2006 Partial - Judgment approving new pay sales

EXHIBIT 2 -  List of claimants with total estimate of the pre-petition debt owed and legal interest accrued until petition date, for total $ 1,019,983.01

EXHIBIT 3 -  Rev. list of individual claimants with pre –petition payroll debt, whose claim amounts are in excess of the limit class 68, for a total of $ 384,663.76

EXHIBIT 4 -  FAFAA Cash Flow report dated September 3, 2021