# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS<br><br>**Re: ECF Nos. 1167, 1208** |
| VAZQUEZ VELAZQUEZ, ET AL.,<br><br>    Objectors,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

131427912v3

**REPLY OF THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY TO
VELAZQUEZ GROUP'S OBJECTION TO MOTION OF THE PUERTO
RICO HIGHWAYS AND TRANSPORTATION AUTHORITY FOR AN ORDER
(I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD
DATE, (III) APPROVING CONFIRMATION HEARING NOTICE AND
CONFIRMATION SCHEDULE, (IV) APPROVING SOLICITATION PACKAGES AND
DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS,
AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF
NON-VOTING STATUS, (VII) FIXING VOTING, ELECTION, AND CONFIRMATION
DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this reply (the "Reply") to the *Objection of a Group of Plaintiffs'-Appellants in First Circuit Court of Appeal Case to Disclosure Statement* [Case No. 17-3567, ECF No. 1208][2] (the "Velazquez Objection") interposed to the *Motion of the Puerto Rico Highways and Transportation Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 1167] (the "Disclosure Statement Motion").[3] In support of this Reply, the Debtor respectfully states as follows:

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2] Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-3567.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Disclosure Statement Motion.

**Preliminary Statement**

1.      The Velazquez Objection, the sole objection to the Disclosure Statement Motion, is meritless, does not warrant modification of the Disclosure Statement, and is unnecessary to enable a hypothetical investor to make an informed decision to accept or reject HTA's proposed plan of adjustment.  As the Court is well aware, pursuant to the HTA/CCDA PSA, the holders/insurers of majorities of bonds issued by HTA negotiated consensual settlements and agreed to accept the HTA Plan (as defined below) after a disclosure statement is approved. Additionally, the statutory committee of unsecured claimholders appointed in the HTA Title III case (the "Creditors' Committee") has agreed to the treatment of general unsecured claims in the HTA Plan.  In short, no additional information can impact voting.  More importantly, the Disclosure Statement provides more than sufficient information, including the underlying fiscal plan and budget showing revenue and expenses, the debtor's cash analysis, the debtor's best interest analysis, HTA's debt history, the causes of distress, summaries of all litigation, and descriptions of the HTA Plan's treatment of each type of claim.

2.      The entry into the HTA/CCDA PSA, the DRA Stipulation, and that certain letter agreement, dated May 9, 2022, with the Creditors' Committee (the "HTA Committee Agreement"), agreements which incorporate proposed settlements that provide a framework for a plan of adjustment for HTA, further Puerto Rico's progress towards achieving fiscal responsibility and access to the capital markets following the successful confirmation and consummation of the plan of adjustment for the Commonwealth.  Five years since entering Title III proceedings, and a year's delay caused by the COVID-19 pandemic, there is a critical mass of support to move HTA's Title III case towards conclusion.  In furtherance thereof, the Debtor has filed a proposed HTA Plan and Disclosure Statement incorporating, among other items, the terms of the HTA/CCDA PSA that compromises and settles issues with respect to "clawback claims" against the

2

Commonwealth. The filing of the Disclosure Statement and approval of the Disclosure Statement Motion are critical next steps toward reaching the goals set forth in PROMESA and providing a restructuring of billions of dollars of indebtedness and continuing the rebirth of Puerto Rico.

3. The Velazquez Objection relates solely to legal issues concerning discharge of certain asserted wage claims in connection with confirmation. Accordingly, briefing by the parties and due consideration by the Court should occur, if at all, as part of the confirmation process. Nonetheless, and in an effort to placate the sole objector, the Debtor will include additional language, as discussed below, in a revised Disclosure Statement.

4. In light of the foregoing and below, the Debtor submits that the Disclosure Statement satisfies the requirements of section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable pursuant to Section 301 of PROMESA. Accordingly, and for all reasons in the Disclosure Statement Motion and this Reply, the Disclosure Statement Motion should be approved and the Debtor should be authorized to solicit acceptances and rejections to the HTA Plan and elections of distributions in connection therewith.

## Background

### *The HTA Plan and Disclosure Statement*

5. In furtherance of the HTA/CCDA PSA and the DRA Stipulation, on May 2, 2022, the Debtor filed:

- (a) the *Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1164] (the "Initial HTA Plan"),

- (b) the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1165],

- (c) the Disclosure Statement Motion requesting entry of an order (the "Disclosure Statement Order") approving the Disclosure Statement and establishing, among other things, solicitation and voting procedures in connection with the HTA Plan, and

3

(d) the *Motion of the Puerto Rico Highways and Transportation Authority for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 1168] (the "Confirmation Discovery Procedures Motion").

6. Following the filing of the Initial HTA Plan, the Oversight Board and the Creditors' Committee entered into the HTA Committee Agreement, which provided for the terms of a global settlement regarding the treatment of HTA General Unsecured Claims.

7. Accordingly, on May 16, 2022, the Debtor filed:

(a) the *Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1177], which reflected certain comments received from the HTA/CCDA PSA Parties, and the global settlement between the Oversight Board and the Creditors' Committee pursuant to the HTA Committee Agreement, and

(b) the *Disclosure Statement for the Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1178].

8. On June 7, 2022, the Debtor filed:

(a) the *Second Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1202] (the "HTA Plan"), which reflected further comments received from various parties,

(b) the *Disclosure Statement for the Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1203] (the "Disclosure Statement"), and

(c) a *Revised Proposed Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 1205] (the "Revised Disclosure Statement Order").

9. Pursuant to the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (III) Approving Form of Notice Thereof* [ECF No. 1171] (the "Scheduling Order"), the Court established June 8, 2021, at 5:00

4

p.m. (AST), as the deadline to file objections to the Disclosure Statement Motion and the adequacy of the information contained in the Disclosure Statement. Only the Velazquez Objection was interposed to the Disclosure Statement:

| ECF No. | Date Filed | Objection | Party |
|---|---|---|---|
| 1208 | 6/8/22 | *Objection of a Group of Plaintiffs'-Appellants in First Circuit Court of Appeal Case to Disclosure Statement* | Plaintiffs in case captioned *Vazquez Velazquez, et al. v. Puerto Rico Highways and Transportation Authority, et al.*, Case No. 21-1739 (the "Velazquez Action"), in the U.S. District Court for the District of Puerto Rico (the "Velazquez Group") |

10. The following reservations of right were filed, each of which noted such party's support for the HTA Plan:

| ECF No. | Date Filed | Reservation of Rights | Party |
|---|---|---|---|
| 1212 | 6/8/22 | *Reservation of Rights of Official Committee of Unsecured Creditors Regarding Disclosure Statement for Second Amended Title III Plan of Adjustment for Puerto Rico Highways and Transportation Authority* | Creditors' Committee |
| 1210 | 6/8/22 | *Reservation of Rights of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. with Respect to the HTA Disclosure Statement, Disclosure Statement Motion, Revised Proposed Disclosure Statement Order, and Related Documents* | Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured") |

***The Velazquez Action and Related Proof of Claim***

11. The Velazquez Group filed Proof of Claim No. 162573 relating to the Velazquez Action, asserting a claim of $218,917.08. The group also filed Proof of Claim Nos. 5551, 5085, and 45546 relating to other actions.

12. The Velazquez Group were the beneficiaries of a special compensation program implemented by Regulation 02-017, which, as part of an effort to reduce expenses, was later rescinded through P.R. Act No. 66-2014 and Informative Bulleting 2015-007. Case No. 15-1727, ECF No. 211 at 6–8. The Velazquez Group subsequently filed a complaint alleging, among other

5

things, the termination of the special compensation program violated the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Contract Clause, and various Puerto Rico law statutes, including Law 180, Law 100, and Article 1802. *Id.*

13. Pursuant to the *Ninth Omnibus Order Granting Relief from the Automatic Stay*, dated April 22, 2019 [Case No. 17-3283, ECF No. 6448], the automatic stay was modified solely to the limited extent necessary to enable such litigation to proceed to judgment.

14. On August 9, 2021, the district court issued an opinion and order (the "Dismissal Order") dismissing, with prejudice, the Velazquez Group's federal constitutional, Law 180, and Law 100 claims (Case No. 15-1727, ECF No. 211), and thereafter entered judgment against the Velazquez Group (Case No. 15-1727, ECF No. 212). In light of the dismissal of the federal constitutional claims, the district court also declined to exercise supplemental jurisdiction over the Velazquez Group's Article 1802 claims and dismissed such claims without prejudice. *Id.* at 27. On September 3, 2021, the Velazquez Group appealed such decision to the First Circuit, which appeal remains pending. Case No. 15-1727, ECF No. 213.

15. Pursuant to the *Twenty-Seventh Omnibus Order Granting Relief from the Automatic Stay*, dated May 23, 2022 [Case No. 17-3283, ECF No. 20940], the automatic stay was modified to allow the appeal to proceed to judgment. As of the time of this submission, however, the Velazquez Group has no claim pending in its prepetition action.

## Reply

16. The Velazquez Group argues that certain asserted wage claims allegedly relating to the implementation of federal law cannot be discharged pursuant to the HTA Plan because the compensation claims are necessary for HTA to comply with federal regulations. Velazquez Objection at 5. They further assert that, because the Disclosure Statement "does not contemplate

6

this situation, [the Velazquez Group] must object to [the Disclosure Statement] and request that the Court order that the Disclosure Statement be amended accordingly." *Id.*

17. To the extent the Velazquez Group contends that the Disclosure Statement fails to provide adequate information relating to the possibility the Court could determine at confirmation certain claims are non-dischargeable, the Velazquez Objection should be overruled. The Disclosure Statement already discloses in Section VIII.A (Risks Related to the Title III Case) that a claimant may obtain allowance of a non-dischargeable claim, which would impact the confirmability of the HTA Plan:

> ***If any claimant is successful in prosecuting and obtaining an allowed (i) administrative expense claim, (ii) priority claim, (iii) secured claim, or (iv) non-dischargeable claim, and any such claim is not contemplated to be paid pursuant to the HTA Plan, the HTA Plan may not be confirmable.***
>
> Various parties have asserted or may assert claims against the Debtor that they assert may be administrative expense claims, priority claims, secured claims, or non-dischargeable and that are not contemplated to be paid pursuant to the HTA Plan. If such and other similar claims are ultimately allowed, the HTA Plan may not be confirmable without amendments that may materially change its proposed distributions.
>
> Certain litigation concerning such claims is continuing. If this litigation is not resolved prior to the HTA Confirmation Hearing, the HTA Confirmation Hearing and HTA Effective Date may be delayed to allow for resolution of these disputed claims. Alternatively, the Oversight Board may be required to establish an appropriate reserve to ensure adequate recoveries on the claims sought to be disallowed if the Oversight Board is unsuccessful.
>
> If such and other similar claims are ultimately allowed, or if the Oversight Board is required to establish an appropriate reserve in respect of such disputed claims pending their resolution, the HTA Plan may not be confirmable without amendments that may materially change its proposed distributions, but material changes would be subject to new votes by the affected claimholders.

Disclosure Statement at 293.

7

18. Nonetheless, the Debtor will include the following disclosure in connection with the above risk factor, which resolves the Velazquez Objection to the extent it relates to whether the Disclosure Statement provides adequate information:[4]

> Plaintiffs (the "Velazquez Group") in the case captioned *Vazquez Velazquez, et al. v. Puerto Rico Highways and Transportation Authority, et al.*, Case No. 21-1739 (the "Velazquez Litigation"), pending in the U.S. Court of Appeals for the First Circuit, have asserted that their claims arising from such litigation are non-dischargeable.
>
> The Velazquez Group consist of current and former employees of HTA. In the Velazquez Litigation, the Velazquez Group asserts under 42 U.S.C. § 1983 that HTA violated the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Contract Clause, and various provisions of Puerto Rico law in connection with the elimination of certain additional compensation pursuant to Regulation 02-017, entitled "Compensation Program for Management of Construction Projects."
>
> On August 9, 2021, the district court issued an opinion and order dismissing the Velazquez Group's federal constitutional claims with prejudice and thereafter entered judgment against the Velazquez Group. In light of the dismissal of the federal constitutional claims, the district court also declined to exercise supplemental jurisdiction over the Velazquez Group's claims under Puerto Rico law. *Id.* at 27. On September 3, 2021, the Velazquez Group appealed such decision to the First Circuit.

19. To the extent the Velazquez Group objects to the discharge of their asserted claims pursuant to the HTA Plan, the Oversight Board will establish at confirmation that such objection is misplaced. The Velazquez Group also argues that its members "merit their own class in the [HTA Plan] and disclosure statement." Velazquez Objection at 5. However, in light of the

---

[4] To the extent the Velazquez Group requests specific language to be included in the Disclosure Statement, it waived such right when it failed to provide suggested language pursuant to the requirements of the Scheduling Order. Scheduling Order, Exhibit 1 at p. 4 of 5.

8

Dismissal Order, the Velazquez Group lacks a valid claim at all, let alone a non-dischargeable claim.[5] Accordingly, the Velazquez Group has no basis to request separate classification of their claim.[6]

20. Nonetheless, such objection raises confirmation issues and fails to address the adequacy of the information contained in the Disclosure Statement. *See, e.g., In re Sunshine Precious Metals, Inc.*, 142 B.R. 918, 920 (Bankr. D. Idaho 1992) (objections to the plan's classification of claims and feasibility "are [] confirmation issues"); *In re Ellipso, Inc.*, 2012 Bankr. LEXIS 565 at *5 (Bankr. D.D.C. Feb. 3, 2012) (refusing to hear objections related to the classification of claims and good faith at disclosure statement hearing). Notably, this Court overruled similar objections to the Commonwealth's disclosure statement in its Title III case. *See In re the Commonwealth of Puerto Rico, et al.*, Case No. 17-3283, July 14, 2021 Hr'g Tr. at 81:13-82:02 ("To the extent that several objectors complained that certain claims are not dischargeable, be they constitutional claims, claims arising under federal law, or administrative expense claims, the Court has thoroughly considered the objections, and overrules them in connection with this Disclosure Statement motion practice, because such objections challenge the confirmability of the Plan, and none of them poses a pure question of law that would render a confirmation futile or

---

[5] *See Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*, Case No. 17-3283, ECF No. 19812, at 104 n.36 ("Because the Court has concluded that the Credit Unions have not stated a claim upon which relief could be granted under the Takings Clause, the Court finds that their claims for payment concerning that alleged taking are not protected by the Fifth Amendment and may be impaired and discharged by the Plan.").

[6] Furthermore, because the Velazquez Group lacks a valid claim, they do not have standing to object to the Disclosure Statement. *See In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 171 (Bankr. S.D. Ohio 1988) ("[A] creditor only has standing to object to the adequacy of a disclosure statement as to its own class and not as to the adequacy of the statement as it affects another class.");

9

unfeasible at this stage . . . ."). Accordingly, the Velazquez Objection should be overruled at this time (or at least deferred).

WHEREFORE the Debtor respectfully requests entry of an order, substantially in the form of the Revised Disclosure Statement Order, (i) overruling the Velazquez Objection, (ii) granting the Disclosure Statement Motion and approving the adequacy of the information contained in the Disclosure Statement, and (iii) granting the Debtor such other and further relief as the Court may deem just and proper.

Dated: June 13, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*