**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORLANDO SANTIAGO AMADOR'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

TO THE HONORABLE LAURA TAYLOR
SWAIN, UNITED STATES DISTRICT JUDGE:

    COMES NOW, ORLANDO SANTIAGO AMADOR ("Mr. Santiago"), securd creditor of **Servicentro Ciales, Inc.** represented by the undersigned attorneys, and very respectfully avers and prays as follows:

### I. RELEVANT PROCEDURAL BACKGROUND

1. Pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "Confirmation Order"), the Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"), was confirmed by the United States District Court for the District of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).
.

1

Puerto Rico (the "Court").

2. The Effective Date of the Plan occurred on March 15, 2022 and the Plan was substantially consummated. [ECF No. 20349]

3. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

2

**II. PARTIES HAD RESOLVED PRIOR CONTESTED MATTERS REGARDING ASSUMPTION AND CURE COST OF LEASE AGREEEMNT**

4. On November 23, 2021, the Oversight Board filed the Notice of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment [Case No. 17-BK-3283-LTS, ECF No. 19353; Case No. 19-BK-05523-LTS, ECF No. 244; Case No. 17-BK-03566-LTS, ECF No. 1272] (the "Original Notice"), which provided that the deadline for parties in interest to object to the proposed Cure Costs or the assumption of the Executory Contracts or Unexpired Leases was December 13, 2021, at 5:00 p.m. (prevailing Atlantic Standard Time) (the "Original Objection Deadline").

5. The Original Notice disclosed an unexpired leases to be assumed by the Debtor with Servicentro Ciales, Inc. under contract #2012-00023, as amended, of a commercial property located at Hernandez Userra street #18 Ciales, Puerto Rico 00638.

6. On December 13, 2021, Amador, through undersigned counsel and as a party in interest, filed the Amador Objection, which objected to the proposed Cure Costs relating to Amador's Executory Contracts or Unexpired Leases to be assumed by the Debtors with Servicentro Ciales, Inc. [ECF No. [19501]]

7. On February 9, 2022, the Oversight Board filed the Third Urgent Consensual Motion for Extension of Deadlines and Adjournment of Hearing [ECF No. 20082], which indicated that the Oversight Board had reached a resolution with Amador to the Amador Objection and that such resolution would be reflected in a revised Schedule to be filed with an amended Plan Supplement on or before March 15, 2022.

8. In addition, Amador asserts that, during such process, it proved to have the proper standing and be the correct payee of any such cure amount related to the Unexpired Leases to be assumed by the Debtors with Servicentro Ciales, Inc. as a secured creditor on any payable

3

under the lease per a final order in its favor within Civil Case No. C CD2011-0455. **Exhibit 1**.

9. On March 15, 2022, the Oversight Board filed the Fourth Amended Plan Supplement and Plan Related Documents of the Commonwealth of Puerto Rico, et al. [ECF No. [20353]](the "Fourth Amended Plan Supplement"), which includes a revised Schedule reflecting the agreed upon revised Cure Cost (the "Revised Cure Cost") relating to Amador's Executory Contracts or Unexpired Leases to be assumed by the Debtors with Servicentro Ciales, Inc.

10. In light of the Revised Cure Cost, Amador, through undersigned counsel, withdrew the Amador Objection. [ECF No. [20372]

11. On March 17, 2022, the withdrawal of the Amador objection was granted. [ECF No. [20389]]

12. Therefore, this contested matter between the parties was successfully resolved by the parties through effective and diligent communication.

### III. FACTUAL BASIS FOR ADMINSTRATIVE CLAIM

13. The Exhibits of the Original Notice and the Amador Objection, which objected to the proposed Cure Costs relating to Amador's Executory Contracts or Unexpired Leases to be assumed by the Debtors with Servicentro Ciales, Inc., are hereby adopted and incorporated to this motion by reference. [ECF No. [19353 & 19501]

14. As can be ascertained, the monthly rent for the assumed lease agreement amounts to $10,875.00. [Exhibit 1 at ECF No. 19501]

15. Notwithstanding, the amounts cured by the Debtor were paid and covered the monthly rent up to December 2021. [Exhibit 1 at ECF No. 19501]

16. Accordingly, the monthly rent amounts accumulated from January 2022 and forth, up

to this date June 2022, aggregate six (6) months which remain unpaid. Refer to **Exhibit 2**.

17. Section 1.52 of the confirmed plan, as supplemented, asserts that administrative claims accumulate up to the effective date to wit, March 15, 2022.

18. The amounts accumulated up to March 15, 2022 under the assumed lease agreement aggregate the sum of **$32,625.00**, which undoubtedly, are administrative expenses per the terms of the confirmed plan, as supplemented.

19. Section 3.1 of the confirmed plan, as supplemented, asserts that "***[o]n the later to occur of (a) the Effective Date and (b) the date on which an Administrative Expense Claim shall become an Allowed Claim***, the Reorganized ***Debtors shall (i) pay*** to each holder of an Allowed Administrative Expense Claim, in Cash, the full amount of such Administrative Expense Claim". [ECF No. 19784][2]

**WHEREFORE**, ORLANDO SANTIAGO AMADOR ("Mr. Santiago"), securd creditor of **Servicentro Ciales, Inc.**, respectfully requests that this Court ALLOW the administrative claim itemized herein in the amount of **$32,625.00**, and order the payment of the same as provided for in any confirmed Plan of Adjustment, with any other appropriate reliefin favor of movant herein.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the Court's

---

[2] Bankruptcy Code section 503(b)(1)(A), applicable to this case under Section 301 of PROMESA, 48 U.S.C. § 2161, provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." Generally, a request for payment of an administrative expense pursuant to Bankruptcy Code section 503(a) may qualify if (i) the right to payment arose from a post-petition transaction with the debtor estate (rather than from a prepetition transaction with the debtor) and (ii) the consideration supporting the right to payment was beneficial to the estate of the debtor. See In re Hemingway Transp., Inc., 954 F.2d 1, 5 (1st Cir. 1991).

5

Sixteenth Amended Notice, Case Management and Administrative Procedures Order [Dkt. No. 20190-1] (the "CMP Case:17-03283-LTS Doc#:21187 Filed:06/11/22 Entered:06/11/22 11:28:24 Desc: Main Document Page 7 of 8 8 Order"), as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

Dated: June 13, 2022.

Respectfully submitted,

        Counsel for Orlando Santiago Amador

        S/ **Alexis A. Betancourt Vincenty**
        Alexis A. Betancourt Vincenty
        USDC-PR No. 301304
        Lugo Mender Group, LLC
        100 Carr. 165 Suite 501
        Guaynbao, P.R. 00968-8052
        Tel. (787) 707-0404
        Fax (787) 707-0412
        a_betancourt@lugomender.com