**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**COSEY'S MOTION FOR ALLOWANCE AND PAYMENT**
**OF <u>ADMINISTRATIVE EXPENSE CLAIM</u>**

TO THE HONORABLE LAURA TAYLOR
SWAIN, UNITED STATES DISTRICT JUDGE:

COMES NOW, CORPORACION DE SERVICIOS EDUCTATIVOS DE YABUCOA, INC. ("COSEY"), by and through the undersigned legal counsel, and respectfully submits COSEY's Motion for Allowance of an Administrative Expense Claim (the "Motion") and very respectfully avers and prays as follows:

## I.    PRELIMINARY STATEMENT

COSEY is entitled to an allowed administrative expense claim under 11 U.S.C. § 503(b)(1)(A) (the "Bankruptcy Code" or the "Code") in the amount of **$1,835,666.43** for services rendered to the Department of Education through a multiplicity of executory contracts

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

.

1

which were valid and existing at the petition date and have been continued to be procured by the Department of Education through amendments, supplements and reinstatements for additional periods during the pendency of the case up to the effective date to preserve related services to the government and aimed to the special education students (the "executory contracts"). These contracts have been assumed by Debtor. To this date, certain payments have not been cured or made to COSEY. Had COSEY not provided these services, a significant amount of students within the education system would had been substantially impaired and affected. In this case, COSEY has diligently complied with its obligations under the assumed executory contracts. Accordingly, COSEY should be compensated by the Commonwealth as an administrative expense claim under Section 503(b)(1)(A) of the Code.

## II. RELEVANT PROCEDURAL BACKGROUND

1. Pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "Confirmation Order"), the Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"), was confirmed by the United States District Court for the District of Puerto Rico (the "Court").

2. The Effective Date of the Plan occurred on March 15, 2022 and the Plan was substantially consummated. [ECF No. 20349]

3. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with

an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

### III. FACTUAL BACKGROUND AND PLAN PROVISIONS

4. At petition date, COSEY had already executed executory contracts with the Department of Education which were valid and existing that time, were to elapsed post-petition and its continuance was procured by the government to provide uninterrupted educational services under Title I of ESSA to students with needs in private schools, specialized services to the special education students, and improve student academic achievement through professional development for teachers, supervisors, principals, school leaders, and families. **EXHIBIT 1**.

3

5. During the pendency of the case up to the effective date, the government through the Department of Education, continued to procured the continuation of these services through amendments, supplements and reinstatements for additional periods to preserve the related services aimed to the private school students, special education students and all the school community within the system. **EXHIBIT 2**.

6. These services are made by and through specific federal and local statutes, among them, Act No. 51 of 7 of June 1996, as amended, the Comprehensive Educational Services for Persons with Disabilities Act and Federal Law No. 108446and the Rosa Lydia Vélez case, among others.

7. The executory contracts were dully registerd with the has been registered with the Office of the Comptroller of Puerto Rico. (https://consultacontratos.ocpr.gov.pr/) For a specific reference to contracts numbers, refer to **EXHIBIT 2**.

8. Being properly registered with the Comptroller of Puerto Rico, these executory contracts and its amendments, supplements and reinstatements for additional periods during the pendency of the case up to the effective date have been assumed per the terms of Section 76.1 & 76.3 of the confirmed plan.[2]

9. To this date, the Commonwealth, owes amounts to COSEY related to these executory contracts and which are administrative expenses for being incurred as necessary expenses.

---

[2] 76.1 **Rejection or Assumption of Remaining Executory Contracts and Unexpired Leases**: Pursuant to sections 365(b)(2) of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and subject to the provisions of Section 76.5 and 76.7 hereof, all Executory Contracts and Unexpired Leases that exist between the Debtors and any Entity, and which have not expired by their own terms on or prior to the Effective Date, shall be rejected by the Debtors as of the Effective Date, **except** for any Executory Contract and Unexpired Lease (a) that has been assumed and assigned or rejected pursuant to an order of the Title III Court entered prior to the Effective Date, (b) that is specifically designated as a contract or lease to be assumed on the schedules to the Plan Supplement, (c) **that has been registered with the Office of the Comptroller of Puerto Rico**… 76.3 **Inclusiveness**: Unless otherwise specified on the schedules to the PlanSupplement, each Executory Contract and Unexpired Lease listed or to be listed therein **shall include any and all modifications, amendments, supplements, restatements, or other agreements**.

10. Specifically, COSEY is owed payment in the amount of **$1,835,666.43** for services related to these executory contracts and rendered to the Department of Education up to the effective date and aimed to the private school students, special education students and the school communities. **EXHIBIT 2.**

11. In addition it is COSEY position that, the funds related to the first executory contract detailed within EXHIBIT 2, under contract #2017-AFO140, **are exclusively federal funds segregated for these specific services already provided**, and yet such funds have not been cured or remitted to COSEY.

12. COSEY has diligently complied with its obligations under the executory contracts.

13. Accordingly, COSEY should be compensated by the Commonwealth as an administrative expense claim under Section 503(b)(1)(A) of the Code.

### IV. COSEY IN ENTTTLED TO PAYMENT OF THESE AMOUNTS AS ADMINSITRATIVE EXPENSES

14. The amounts claimed are necessary costs and expenses of the debtor and the estate performed on its ordinary course.

15. Bankruptcy Code section 503(b)(1)(A), applicable to this case under Section 301 of PROMESA, 48 U.S.C. § 2161, provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." See In re Hemingway Transp., Inc., 954 F.2d 1, 5 (1st Cir. 1991).

16. The own representations of the by the Commonwealth through the Department of Education when seeking these services, highlight public policy and the importance of the same:

> *"Article II, Section 1 of the Constitution of the Commonwealth establishes that "the dignity of the human being is inviolable and that all human beings are equal before the law." Furthermore, Section V provides that "[e] very person has the right to an*

5

*education that encourages the full development of their personality and the strengthening respect for human rights and fundamental freedoms. "Likewise, the Department of Education channels these constitutional guarantees through its Organic Law, Law 85-2018, as amended, better known as the Puerto Rico Educational Reform Law." As a mission of the Department of Education, a free education is guaranteed, which develops the capacity and skills of students for their performance as independent citizens, capable of contributing to the common welfare. This is why, with the creation of the Associated Secretary for Special Education of the Department of Education, the offering of educational and related services to students with disabilities between three (3) and twenty-one (21) years old is possible, in accordance with the federal legislation Individuals with Disabilities Education Act, 2 as amended. IDEA ensures compliance with the unique needs of children with disabilities… It is the reiterated policy of the Government of Puerto Rico to provide services to students of the public education system with special needs."* **EXHIBIT 3**.

*"The Associate Secretary for Special Education (SAEE) of the Department of Education is committed to providing educational services and related to special education students in accordance with the eligibility criteria established in Act No. 51 of 7 of June 1996, as amended, the Comprehensive Educational Services for Persons with Disabilities Act and Federal Law No. 108446, Individuals with Disabilities Education Improvement Act. In accordance with its purposes, formal proposals are requested aimed at offering: a) educational services; b) educational services and related therapeutic intervention services; c) related assessment services initial and triennial; d) related therapeutic intervention services and additional evaluations and reevaluations; to children and youth between the ages of three (3) up to and including twenty-one (21), during the 2019-2020 fiscal year. The entities or individuals that will be contracted to offer educational services and / or evaluation and therapy services must provide interventions or therapy services focused on the educational environment in the areas of psychology, speech language, occupational and physical with the purpose of supporting the educational goals established in the Individualized Education Program, based on individual needs of the student and by prior authorization of the SAEE or the authorized official. These services will be offered to students of the Special Education Program, referred through the Associate Secretary of Special Education or its authorized representative. Entities eligible to submit proposals can be for-profit and non-profit entities that demonstrate integrity, commitment, experience and compliance with public policy and previous executions, as well as technical and financial resources."* **EXHIBIT 4.**

17. Section 1.52 of the confirmed plan, as supplemented, asserts that administrative claims accumulate up to the effective date to wit, March 15, 2022.

18. Section 3.1 of the confirmed plan, as supplemented, asserts that "*[o]n the later to occur of (a) the Effective Date and (b) the date on which an Administrative Expense Claim*

6

*shall become an Allowed Claim, the Reorganized **Debtors shall (i) pay** to each holder of an Allowed Administrative Expense Claim, in Cash, the full amount of such Administrative Expense Claim*". [ECF No. 19784]

**WHEREFORE**, COSEY respectfully requests that this Court ALLOW the administrative claim itemized herein in their entirety and in the amount of of **$1,835,666.43**, and order the payment of the same as provided for in the confirmed Plan of Adjustment, with any other appropriate reliefin favor of movant herein.

Dated: June 13, 2022.

Respectfully submitted,

S/ **Alexis A. Betancourt Vincenty**
Alexis A. Betancourt Vincenty
USDC-PR No. 301304
Lugo Mender Group, LLC
100 Carr. 165 Suite 501
Guaynbao, P.R. 00968-8052
Tel. (787) 707-0404
Fax (787) 707-0412
a_betancourt@lugomender.com