**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**URGENT MOTION FOR EXTENSION OF ADMINISTRATIVE EXPENSE CLAIM BAR DATE AND PROPER SERVICE OF PROCESS AND REQUEST TO BE HEARD**

*[Space left blank intentionally.]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COME NOW, Ivelisse Calderón-Alibrán and Carlos Torres Viada (collectively, "Moving Parties") as parties in interest, by and through the undersigned counsel, hereby submit this "<u>Urgent Motion</u>", and in support thereof, respectfully state as follows:

### INTRODUCTION AND PROCEDURAL BACKGROUND

1. On October 1, 2020, Carlos Torres Viada filed a complaint against the Commonwealth of Puerto Rico in the State Court seeking damages for violations to his civil rights. **See Exhibit 1 – Demanda SJ2020CV05304.** ("State Court Case").

2. On April 5, 2021, Ivelisse Calderón-Alibrán filed a complaint against the Commonwealth of Puerto Rico in the District Court of Puerto Rico, outside of Title III, for racial discrimination in the workplace and hostile work environment. **See Exhibit 2 – Complaint 3:21-CV-01149-ADC.** ("District Court Case").

3. On January 18, 2022, this Court issued an *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("Confirmation Order"). **[Docket No. 19813]**

4. On March 15, 2022, the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("Plan") **[Docket No. 19813-1 Exhibit A ]**became effective, and the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") release a *Notice Of (A) Entry Of Order Confirming Modified Eighth Amended Title III Plan Of Adjustment Of The Commonwealth Of Puerto Rico, Et Al. Pursuant To Title III Of PROMESA And (B) Occurrence Of The Effective Date* ("Notice of Effective Date"). **[Docket No. 20349]**

1

5. However, it should be noted that the Notice of Effective Date does not contain any information regarding the effect of the Plan on ongoing litigation nor is there any evidence that it was published or translated for the benefit of interested persons that were not parties of the master service list.

6. On April 4, 2022, in the State Court Case, the Puerto Rico Department of Justice filed *Aviso De Injunction Paralizando La Litigación Del Presente Caso Y Sobre El Requisito De Presentar Una Solicitud De Gastos Administrativos Ante El Tribunal De Título III*. **See Exhibit 3.** On April 29, 2022, the Commonwealth filed a *Notice of Permanent Injunction Staying the Instant Case Under Title III of PROMESA*. **See Exhibit 4.** (Collectively, "Stay Motion").

7. In summary, the Stay Motion argued that the Plan established a permanent injunction against all cases filed prior to the Plan's effective date. Therefore, it concluded that the courts did not have jurisdiction to see these cases and, therefore, the case should be stayed. However, it stated that the cases would be managed through the administrative expense claim procedures mentioned in the Notice of Effective Date. According to it, the Commonwealth was protected by the automatic stay until de the Plan's effective date, according to Paragraph 66 of the Confirmation Order, and after the effective date, pursuant to Paragraph 59 of the same document. Therefore, citing Paragraph 59, it stated that the ongoing cases were barred. It also cautioned parties with administrative expense claims that the deadline to file their claims would be June 13, 2022.

8. Nonetheless, the Moving Parties appear before this Court to request an urgent order extending the deadline for at least 120 days and to order proper notice of this bar to parties in interest that are not parties in the Title III case, in order to avoid crass due process violations.

## ARGUMENT

**I. The Notice of the Administrative Expense Claim Bar Date and Filing Requirement was Improper and Deficient.**

**A. Improper Notice for Administrative Expense Claim Bar Date**

9. As previously mentioned, through the Notice of Effective Date, the Oversight Board provided notice to creditors and parties in interest of the Plan's confirmation and effective date and cautioned parties with administrative expense claims that the deadline to file their claims would be June 13, 2022. However, this notice does not contain any information regarding the effect of the Plan on ongoing litigation.

10. To the extent relevant to this Motion, the text of the Notice of Effective Date states:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.
>
> PLEASE TAKE FURTHER NOTICE that, all Administrative Expense Requests should be filed through any of the following methods:
> (i) completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,
> (ii) if delivered by first class mail, hand delivery, or overnight courier, at the following address: Commonwealth of Puerto Rico Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY

3

> 11232.
> Administrative Expense Requests will be deemed timely filed only if **actually received** by Prime Clerk by **5:00 p.m. (prevailing Atlantic Time) on June 13, 2022** (the "Administrative Deadline"). The Administrative Expense Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.
>
> **PLEASE TAKE FURTHER NOTICE that, <u>if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline</u>, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.** [Docket No. 20349 at 2-3](bold in the original)(underline added).

11. The text of the Notice of Effective Date refers the reader to Section 1.51 and Article III of the Plan and Paragraph 44 of the Confirmation Order. However, it is Section 1.52 of the Plan that defines an "Administrative Expense Claim":

> A Claim against the Debtors or their Assets **constituting a cost or expense of administration of the Title III Cases** asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim. (emphasis added).

12. Pursuant to the Plan, these claims must be filed before the "Administrative Claim Bar Date", defined as "[**u**]**nless otherwise ordered by the Title III Court,** the date established by the Title III Court and set forth in the Confirmation Order as the last day to file proof of Administrative Expense Claims, which date **shall be no more than ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has**

**not been filed, <u>shall be deemed forever barred</u>,** and the Debtors and Reorganized Debtors shall have no obligation with respect thereto . . .". (emphasis added).

13. Moreover, Article III of the Plan reads as follows:

> 3.1 Administrative Expense Claims: On the later to occur of (a) the Effective Date and (b) the date on which an Administrative Expense Claim shall become an Allowed Claim, the Reorganized Debtors shall (i) pay to each holder of an Allowed Administrative Expense Claim, in Cash, the full amount of such Administrative Expense Claim or (ii) satisfy and discharge such Allowed Administrative Expense Claim in accordance with such other terms no more favorable to the claimant than as may be agreed upon by and between the holder thereof and the Reorganized Debtors; provided, however, that Allowed Administrative Expense Claims representing indebtedness incurred in the ordinary course prior to the Effective Date by the Debtors shall be paid in full and performed by the Reorganized Debtors in accordance with the terms and subject to the conditions of any agreement governing, investment evidencing, or other document relating to such transactions; and, provided, further, that, if any such ordinary course expense is not billed, or a written request for payment is not made, within one hundred fifty (150) days after the Effective Date, such ordinary course expense shall be barred and the holder thereof shall not be entitled to, or receive, a distribution pursuant to the Plan.

14. Lastly, Paragraph 44 of the Confirmation Order repeats the language of the Administrative Claim Bar Date.

> 44. Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further,

5

that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof. [Docket No. 19813 at 49-50]

15. Nowhere in these texts is there proper notice that ongoing litigation against the Commonwealth constitutes an administrative expense claim.

16. Moreover, even if the text of the notice and corresponding documents were considered sufficient, the notice itself was undoubtedly deficient.

17. According to the Docket of this case, this notice was only served upon those parties that were on the Master Service List or whose information was otherwise available to Kroll Restructuring Administration, LLC (formerly known as Prime Clerk LLC)("KROLL"). There is no indication in the Docket that the Notice of Effective Date was published in any newspaper nor translated into Spanish, as, for example, this Court ordered for the service of the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*. [Docket No. 3160].

18. Therefore, parties in interest that were not involved in the Title III case were not given notice of the administrative claim expense bar date, much less time to determine whether their claims were, in fact, subject to that bar date.

### B. Notice by the Commonwealth

19. In the Stay Motion, the Commonwealth argued that the Plan established a permanent injunction against all cases filed prior to the Plan's effective date. Therefore, the Commonwealth concluded that the courts did not have jurisdiction to see these cases and, therefore, the case should be stayed. However, the Commonwealth stated that the Moving Parties would not be deprived of their day in court, because such cases would be managed through the administrative expense claim procedures mentioned in the Notice of Effective Date.

6

Nonetheless, that administrative expense claim procedure's bar date is Jun 13, 2022, at 5:00pm, only around a month after the Stay Motion and without the attorneys appearing in the State and District Court Cases being aware that such a notice was meant to be directed at them. The service of this notice did not include the Moving Parties, or their attorneys and the language of the notice was improper for them to understand the implications of the deadline. Additionally, these were presented as almost an afterthought to the Stay Motion's true goal of terminating the ongoing litigation.

20. Given the language of the Plan, filing an administrative expense claim is not just an option but a requirement for these post-petition creditors to receive any compensation. Yet, the Notice of Effective Date was not published or widely distributed. Therefore, any party that was foreign to the Title III case, but had a pending case against the Commonwealth in a different court did not receive notice that their claim might be eradicated if they did not file a proof of claim for an administrative expense claim.

21. It should be noted that nowhere in the text of the Bankruptcy Code, as incorporated by PROMESA, nor, more importantly, the Plan are post-petition causes of action included in the category of administrative expenses. See 11 U.S.C. § 503(b). It is only case law suggests that **some of these may** be entitled to such priority. See, for example, In re Fin. Oversight & Mgmt. Bd., 635 B.R. 201 (D.P.R. 2021). Even then, this responds to a fundamental fairness doctrine which is hardly straightforward for parties that have not been involved in the Title III case. See, also, In re Fin. Oversight & Mgmt. Bd., 481 F. Supp. 3d 60 (D.P.R. 2020).

22. Pursuant to the cited case law, a cause of action that arises post-petition and prior to the effective date of the Plan **may** be considered an administrative expense claim, but such a

7

determination is not automatic and requires a case by case analysis. Such an analysis can only be performed if the party that requires it is given proper notice of that need.

23. In the present case, the Commonwealth has used the administrative expense claim proceeding to state that parties with actions pending against the Commonwealth will not be deprived of their rights if the courts stay or dismiss their case, because the administrative expense claim channel is available to them. Nonetheless, this is conclusion dubious given the improper notice provided and the confusion created by the COMMONWEALTH's approach.

### II. The Continuance of the Administrative Expense Claim Bar Date is an Unconstitutional Procedural Due Process Violation.

24. In view of the foregoing facts and arguments, the management by the Oversight Board and the Commonwealth of this issue has violated the rights of numerous persons and/or entities who may be unaware of, confused by, or too late to respond to the fatal threat to their causes of action. To allow the Administrative Expense Bar Date to remain on June 13, 2022, when so few plaintiffs have managed to file their proofs of claim, the Moving Parties included, would be tantamount to a due process violation of the highest nature.

25. Under the Puerto Rico Constitution, just as under the U.S. Constitution, no one will be deprived of their property without due process. P.R. Const. art. II § 7; U.S. Const. amend. V, XIV. For the purpose of this Motion, we are concerned with procedural due process. **The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."** Matthews v. Eldridge, 424 U.S. 319, 333 (1976)(emphasis added). For that reason, due process is circumstantial. Thus, there are three factors to consider in the determination of whether due process is met: (1) the private interest affected; (2) the risk of an erroneous determination due to the used process and the value of additional safeguards; and (3) the public interest alleged. Id. at 335.

26. The Moving Parties are involved in ongoing litigation to redeem civil rights that are protected by the U.S. and Puerto Rico Constitutions. These litigations have been ongoing for over a year in a different forum, unrelated to the Title III proceedings and operating unawares of the effect the Title III proceeding may have had on their claims.

27. Yet, without providing proper notice nor an adequate opportunity to be heard, this Court would deprive the Moving Parties of their interests in the ongoing litigation. This is constitutionally infirm and merits that this Court, at the very least, grant the Movant, as well as any other party, proper notice and time to thoroughly consider and plead their case, file their proof of claim and present any arguments regarding the constitutionality and validity of these impositions on their right to remedy. Only thus can the fundamental requirements of due process be met.

### III. Conclusion

28. In view of the foregoing, this Court should grant an extension of at least 120 days for the filing of the Administrative Expense Claim proof of claims, upon the issuance of proper notice. Consequently, this Court should issue an order to the Oversight Board, so that it provide proper notice to all potentially affected parties by publishing the Notice of Effective Date and subsequent extension of the Administrative Expense Claim Bar Date in Spanish and English in the same manner done for the initial proofs of claim, through KROLL to.

### RESERVATION OF RIGHTS

29. The Moving Parties reserve the right to object to the imposition of the administrative expense process as an exclusive remedy and the injunction contained in the Plan barring all cases arising prior to the effective date.

### RELIEF REQUESTED

WHEREFORE, pursuant to the arguments previously stated, it is respectfully requested from this Honorable Court grant an extension of at least 120 days for the filing of the

Administrative Expense Claim proof of claims, upon the issuance of proper notice. Consequently, this Court should issue an order to the Oversight Board, so that it provide proper notice to all potentially affected parties by publishing the Notice of Effective Date and subsequent extension of the Administrative Expense Claim Bar Date in Spanish and English in the same manner done for the initial proofs of claim **,** through KROLL to**.**

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 13th day of June 2022.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and attorneys of record.

*/s/Rolando Emmanuelli-Jiménez*
Rolando Emmanuelli-Jiménez, Esq.
USDC: 214105

*/s/Jessica E. Méndez-Colberg*
Jessica E. Méndez-Colberg, Esq.
USDC: 302108

*/s/ Zoé C. Negrón-Comas*
Zoé C. Negrón-Comas, Esq.
USDC: 308702

BUFETE EMMANUELLI, C.S.P.
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 1-787-841-1435
E-mail: rolando@emmanuelli.law
       jessica@emmanuelli.law
       zoe@emmanuelli.law

*Counsel to Moving Parties*