**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA DE SAN JUAN**

| | |
|---|---|
| **CARLOS TORRES VIADA**<br>Demandante<br><br>v.<br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET AL**<br>Demandados | **CIVIL NÚM.: SJ2020CV05304**<br><br><br>**SOBRE:**<br><br>**DAÑOS Y PERJUICIOS** |

**AVISO DE INJUNCTION PARALIZANDO LA LITIGACIÓN DEL PRESENTE CASO Y SOBRE EL REQUISITO DE PRESENTAR UNA SOLICITUD DE GASTOS ADMINISTRATIVOS ANTE EL TRIBUNAL DE TÍTULO III**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** el Departamento de Justicia, a través de la representación legal que suscribe, y muy respetuosamente **EXPONE Y SOLICITA:**

### I. INTRODUCCIÓN

1. El 1 de octubre de 2020, la parte demandante radicó la presente demanda solicitando Sentencia Declaratoria y reclamando indemnización por daños y perjuicios (por una cantidad que no especifica) donde le imputa responsabilidad al Estado por alegadamente violarle sus derechos civiles no permitiéndole manifestarse en una actividad pública de la en aquel entonces Gobernadora de Puerto Rico.

2. Las partes en el caso de epígrafe se encuentran realizando descubrimiento de prueba. Hay señalada una Conferencia con Antelación al Juicio para el día 30 de junio de 2022.

3. Conforme al *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("*Confirmation Order*"), emitido el 18 de enero de 2022 por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico ("Tribunal de Distrito Federal") encargado de la restructuración de la deuda del ELA en el caso *In re: Commonwealth of Puerto Rico*, Case No. 17BK3283-LTS, se notifica que existe un *injunction* permanente que está en pleno vigor en los casos como el de epígrafe, presentados antes de la fecha de efectividad del Plan de Ajuste, a decir

Case:17-03283-LTS Doc#:21217-3 Filed:06/13/22 Entered:06/13/22 16:58:53 Desc:
Exhibit 3 Page 2 of 7

SJ2020CV05304 05/04/2022 11:38:43 am Entrada Núm. 48 Página 2 de 7

CARLOS TORRES VIADA v. ELA Civil Núm. SJ2020CV05304
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **2** de **7**

el 15 de marzo de 2022. Es importante destacar que mediante el *Confirmation Order* se confirmó el Plan de Ajuste de la Deuda ("Plan de Ajuste").[1] Documento 19813, del Caso Núm. 17-03283-LTS[2].

4. Asimismo, el 15 de marzo de 2022—fecha de efectividad del Plan de Ajuste de la Deuda—la Junta de Supervisión Fiscal presentó ante el Tribunal de Distrito federal un documento intitulado *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III Of PROMESA and (B) Occurrence of the Effective Date* ("*Notice*"). En dicho *Notice*, la Junta notificó la fecha límite para presentar una solicitud de pago por Reclamaciones de Gastos Administrativos (también conocido como *administrative expense claims*, en inglés), haciendo mención de la Sección 1.51 y Artículo III del Plan de Ajuste, así como al párrafo 44 del "Confirmation Order". *Véase* Anejo 1, *Notice*, Documento 20349, del caso número 17-03283-LTS.

5. En consecuencia, este Tribunal no tiene jurisdicción para continuar con el trámite judicial del presente caso en virtud del *injunction* permanente contemplado en el *Confirmation Order* emitido por el Tribunal de Distrito federal encargado de la restructuración de la deuda del ELA bajo el Título III de PROMESA y el *Notice* presentado por la Junta de Supervisión Fiscal. Así las cosas, en virtud del *Confirmation Order* y el *Notice*, procede la paralización del caso de epígrafe. Este caso se atenderá a través del Tribunal de Distrito federal a cargo del caso bajo el Título III de PROMESA conforme al proceso de solicitud de gastos administrativos o "Administrative Expense Claims" establecido en el *Confirmation Order* y explicado en el *Notice*.

## II. DERECHO APLICABLE

6. El 18 de enero de 2022, la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos, quien atiende la restructuración de la deuda del Gobierno, dictó el *Confirmation Order* en el caso *In re: Commonwealth of Puerto Rico*, Case No. 17BK3283LTS, mediante la cual confirmó el Plan de Ajuste (Véase Anejo 2). Documento 19813, del Caso Núm. 17-03283.

---

[1] El *Confirmation Order* es definido como sigue: "**Confirmation Order:** The order of the Title III Court confirming the Plan in accordance with Section 314 of PROMESA and section 1129 the Bankruptcy Code, made applicable in the Title III cases in accordance with Section 301 of PROMESA, which order shall be in form and substance reasonably satisfactory to the Initial PSA Creditors." Doc. Núm. 19813-1, en la pág. 47, ¶ 1.158; v*éase, además*, Doc. Núm. 19813-1 en la pág. 47, ¶1.156 ("**Confirmation Date:** The date on which the Clerk of the Title III Court enters the Confirmation Order on the docket.")

[2] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813)

Case:17-03283-LTS Doc#:21217-3 Filed:06/13/22 Entered:06/13/22 16:58:53 Desc:
Exhibit 3 Page 3 of 7

SJ2020CV05304 05/04/2022 11:38:43 am Entrada Núm. 48 Página 3 de 7

CARLOS TORRES VIADA v. ELA Civil Núm. SJ2020CV05304
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **3** de **7**

7. Si bien el Plan de Ajuste fue aprobado y entró en vigor el 15 de marzo de 2022,[3] ello no significa que el caso de restructuración de la deuda bajo el Título III de PROMESA, a saber, *In re: Commonwealth of Puerto Rico*, Case No. 17-03283, haya culminado. La paralización automática contemplada en el Título III de PROMESA continuó hasta la fecha de efectividad del Plan de Ajuste bajo el párrafo 66 y más allá de la efectividad de dicho Plan bajo el ¶59, ambos del *Confirmation Order*.

8. Una vez entró en vigor el Plan de Ajuste, el 15 de marzo de 2022, el *injunction* permanente del párrafo 59, que se cita más adelante, se hizo efectivo.[4] Sobre las reclamaciones descargadas o liberadas, el *Confirmation Order* decreta un *injunction* permanente ("*Injunction on Claims*"), en cuanto a las reclamaciones de todas las entidades ("*All Entities*") o cualquier otra deuda o responsabilidad que se tenga, se haya tenido o se pueda tener en el futuro que sea descargada o liberada de conformidad con la sección 92.2 del Plan de Ajuste, indicando expresamente que están permanentemente prohibidas, desde y después de la fecha de efectividad del Plan de Ajuste. Doc. Núm. 19813, en la pág. 67, ¶59. En lo pertinente, el ¶ 59 provee:

> **Injunction on Claims**. **Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property**

*Confirmation Order*, Doc. Núm. 19813 en la pág. 67, ¶59 (énfasis en original).[5]

9. Asimismo, el *Confirmation Order*, en su párrafo 44, advierte sobre la necesidad de presentar evidencia de reclamaciones de gastos administrativos dentro del término de 90 días de la fecha de efectividad del Plan, disponiendo lo siguiente:

> Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be

---

[3] "[T]he effective Date of the Plan occurred on March 15, 2022". *Véase* Documento 20349, a las pág. 2, en el caso 17BK3283-LTS.

[4] Copias del *Confirmation Order* y el Plan de Ajuste de la deuda están disponibles públicamente y libre de costos en Prime Clerk LLC, accediendo a https://cases.primeclerk.com/puertorico/ o en el sitio web del Tribunal de Distrito federal, https://www.prd.uscourts.gov/.

[5] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813).

Case:17-03283-LTS Doc#:21217-3 Filed:06/13/22 Entered:06/13/22 10:58:53 Desc:
Exhibit 3 Page 4 of 7

SJ2020CV05304 05/04/2022 11:38:43 am Entrada Núm. 48 Página 4 de 7

CARLOS TORRES VIADA v. ELA Civil Núm. SJ2020CV05304
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **4** de **7**

> deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

*Confirmation Order*, Doc. Núm. 19813, en la pág. 49, ¶44;[6] *véase, además*, Plan de Ajuste, Doc. Núm. 19813-1 en la pág. 35, ¶1.51.[7]

10. Por otro lado, el 15 de marzo de 2022, día que entró en efectividad el Plan de Ajuste, la Junta de Supervisión Fiscal presentó el *Notice*, en el cual informó la fecha límite para presentar las solicitudes de pago de las Reclamaciones de Gastos Administrativos ("*Administrative Expense Claims*" o "*Administrative Expense Requests*"). Igualmente, la Junta de Supervisión Fiscal informó el método por el cual se deben presentar las solicitudes de pago de las Reclamaciones de Gastos Administrativos o *Administrative Expense Requests*. *Véase* Anejo 1-*Notice*, Doc. Núm. 20349 en la pág.2. En lo pertinente, el *Notice* dispone lo siguiente:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government

---

[6] (https://cases.primeclerk.com/puertorico/HomeDocketInfo?DockRelatedSearchValue=4214-19813).

[7] El Plan de Ajuste de la deuda define una reclamación de gastos administrativos de la siguiente manera:

> 1.52 **Administrative Expense Claim**: A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

Documento 19813-1 en la pág. 35 (énfasis en original).

Case:17-03283-LTS Doc#:21217-3 Filed:06/13/22 Entered:06/13/22 10:58:53 Desc: Exhibit 3 Page 5 of 7

SJ2020CV05304 05/04/2022 11:38:43 am Entrada Núm. 48 Página 5 de 7

CARLOS TORRES VIADA v. ELA Civil Núm. SJ2020CV05304
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **5** de **7**

> Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

Anejo 1, *Notice*, Doc. Núm. 20349, en la pág. 2 (énfasis en original).

11. El *Notice* informa, además, que aquella persona a la que le es requerido presentar el *Administrative Expense Request,* conforme a la Sección 1.51 y Artículo III del Plan de Ajuste y el ¶44 del *Confirmation Order,* y falle en presentarlo en la fecha límite para hacerlo, **a decir el 13 de junio de 2022**, está vedado permanentemente de hacer la reclamación de pago en contra del deudor. Sobre el particular, la página 3 del *Notice* dispone:

> **PLEASE TAKE FURTHER NOTICE that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

Anejo 1, *Notice*, Doc. Núm. 20349 en la pág. 3 (énfasis en original).

12. Se solicita a este Ilustre Tribunal que tome conocimiento judicial del *Confirmation Order*, el Plan de Ajuste de la deuda y el *Notice* al amparo de la Regla 201(b) de las Reglas de Evidencia de Puerto Rico.

### III. APLICACIÓN DEL DERECHO

13. Al presente, en este caso opera el *injunction* descrito en el párrafo 59 del *Confirmation Order*. No existe una orden del Tribunal de Distrito Federal para el Distrito de Puerto Rico autorizando la continuación de los procesos en el caso de epígrafe, por lo que este foro perdió jurisdicción sobre el mismo una vez entró en vigor el *injunction* descrito en el párrafo 59 del *Confirmation Order*.

Case:17-03283-LTS Doc#:21217-3 Filed:06/13/22 Entered:06/13/22 10:58:53 Desc:
Exhibit 3 Page 6 of 7

SJ2020CV05304 05/04/2022 11:38:43 am Entrada Núm. 48 Página 6 de 7

CARLOS TORRES VIADA v. ELA Civil Núm. SJ2020CV05304
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **6** de **7**

14. En el presente caso, el Departamento de Justicia representa los intereses del ELA y el Negociado de la Policía de Puerto Rico (una agencia del ELA), deudor bajo PROMESA, incurriendo en costos asociados al litigio y, en la eventualidad de sentencia adversa, los fondos pagados a la parte demandante lo que constituye un *liability claim* en contra del ELA y una de sus instrumentalidades.

15. En virtud del *injunction* decretado en el párrafo 59 de la susodicha orden, indubitadamente el presente caso está paralizado permanentemente y este Ilustrado Foro perdió jurisdicción sobre el mismo. Por ende, el emitir cualquier orden para continuar con el trámite judicial del litigio violentaría los preceptos delineados en el *Confirmation Order* y el Plan de Ajuste.

16. La parte demandante en el presente caso *post-petition,* no se quedará desprovisto de un recurso o remedio, toda vez que se proveyó para una reclamación de gastos administrativos, de cualificar como tal, y aún está en tiempo de presentar su acreencia bajo un *Administrative Expense Request*. *Véase In re City of San Bernardino*, 558 B.R. 321, 329-330 (C.D. Cal. 2016) (resolviendo, en el contexto de una reclamación en daños en contra de la ciudad deudora, que "insofar as Newberry seeks damages or fees from the City for the alleged constitutional violation, they can file a claim for administrative expenses.") (citando *In re Zilog, Inc.*, 450 F.3d 996, 999 n. 1 (9th Cir. 2006) ("tort claims that 'arise post-petition but pre-confirmation can be filed as administrative expenses against the debtor's estate'") (citando *Reading Co. v. Brown*, 391 U.S. 471, 477 (1968))); *In re Palau Corp.*, 18 F.3d 746, 751 (9th Cir.1994)). De hecho, el tribunal de distrito federal que atendió el caso de quiebras en *In re City of San Bernardino* reconoció que las reclamaciones de gastos administrativos en casos *post-petition* pudiesen darle a los acreedores un mayor recurso o remedio en comparación con acreedores *pre-petition* por el pago de dichos gastos administrativos. *Id*. en la pág. 330 ("Indeed, the fact that post-petition claims can be filed as administrative expenses potentially gives such creditors greater recourse against the City than regular prepetition creditors, for the payment of administrative expenses is given priority over almost all other claims against the estate."). Por tanto, el único remedio disponible en esta etapa del caso de la restructuración de la deuda del ELA bajo el Título III de PROMESA es la presentación de un *Administrative Expense Request* ante la Corte de Título III conforme establece el *Confirmation Order* emitido por dicho foro y el *Notice* presentado por la Junta de Supervisión Fiscal.

Case:17-03283-LTS Doc#:21217-3 Filed:06/13/22 Entered:06/13/22 10:58:53 Desc:
Exhibit 3 Page 7 of 7

SJ2020CV05304 05/04/2022 11:38:43 am Entrada Núm. 48 Página 7 de 7

CARLOS TORRES VIADA v. ELA Civil Núm. SJ2020CV05304
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **7** de **7**

17. Ante esta situación, este Tribunal debe (i) tomar conocimiento de la aplicabilidad del *injunction* emitido por el Tribunal de Distrito federal en el *Confirmation Order* sobre las reclamaciones surgidas *post-petition* y presentadas previo a la confirmación del Plan de Ajuste y (ii) por no tener jurisdicción, dejar sin efecto cualquier orden para la continuación del presente litigio ante el Tribunal de Primera Instancia.

**POR TODO LO ANTES EXPUESTO**, solicitamos de este Ilustrado Tribunal que: (i) tome conocimiento de lo antes informado; y (ii) reconozca el *injunction* vigente que paralizó el caso de epígrafe y le privó de jurisdicción sobre el mismo en virtud del *Confirmation Order*, con cualquier otro pronunciamiento que en derecho proceda.

**RESPETUOSAMENTE PRESENTADA.**

**CERTIFICO**: Que este escrito ha sido presentado de manera electrónica a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), el cual da aviso al mismo tiempo a todos los abogados y personas de récord a sus respectivas direcciones, lo cual constituye la notificación que debe efectuarse, según disponen las Reglas de Procedimiento Civil.

En San Juan, Puerto Rico a 4 de abril de 2022.

**HON. DOMINGO EMMANUELLI**
**Secretario de Justicia**

**LCDA. SUSANA PEÑAGARICANO**
**Secretaria Auxiliar de lo Civil**

**JUAN C. RAMÍREZ ORTIZ**
**Subsecretario Auxiliar de lo Civil**

**LCDA. RAHYXA MIRANDA GRAJALES**
**Director de Asuntos Legales**
**División de Asuntos Civiles –**
**Daños y Perjuicios.**

**F/ LCDO. JUAN A. BARRIOS MOLINA**
**TS: 12828**
**Departamento de Justicia**
**Secretaría Auxiliar de lo Civil**
**División de Asuntos Civiles – Daños y Perjuicios**
**PO Box 9020192**
**San Juan, Puerto Rico 00902-0192**
**Tel 787-721-2900 x1436**
**E-mail: jubarrios@justicia.pr.gov**

*NO CANCELA ARANCEL*