UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
As representative of
THE COMMONWEALTH OF PUERTO RICO, et al.,
   Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283
(LTS)

### APPLICATION FOR ALLOWANCE OF PAYMENT POST PETITION ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(1)(A) (i) OF THE BANKRUPTCY CODE FILED BY GROUP WAGE CREDITORS IN THE LITIGATION CAPTION FRANCISCO BELTRAN CINTRON ET ALS V. THE FAMILY DEPARTMENT, ARV AND AIJ OF THE COMMONWEALTH OF PUERTO RICO AND RESERVATION OF RIGTHS

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COMES the group creditors in the litigation captioned Francisco Beltran-Cintron et als. v Family Department, ARV and AIJ, Case No. 2021-05-0345 (the "Movant's"), by and through the undersigned attorney, to respectfully state, allege and pray:

    I.   **PRELIMINARY STATEMENT**

1. The Movants are a group of 4,593 active or former full-time career employees at the Family Department, (ADSEF) (ADFAN ) (ASUME) (ACUDEN) AND (SECRETARIADO); the Vocational Rehabilitation Administration ( ARV) or (AIJ), today

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Negociado Instituciones Juveniles" of the Department of Corrections and Rehabilitation, that are instrumentalities of the Commonwealth of Puerto Rico, included in the Title III petition filed on behalf of the Commonwealth, and that seek an order for administrative expense status, pursuant to § 503(b) (1) (A) Subsection (i) which gives them priority in a bankruptcy distribution and immediate payment pursuant to a confirmed plan provisions. 11 U.S.C. § 507(a) (2).

2. Also, to seek a ruling as to their request to preserve their rights and interest to amend the present application for administrative expense priority, in order to seek payment of prepetition Administrative Expense Claims, as provided by section 503 , subsection A (ii), of the Bankruptcy Code, and compliance with the "Notification" required under section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, provided in the Notice of entry of order confirming Modified Eighth Amended Title III Plan of Adjustment at docket entry No. 20349.

3. . In support of this Motion, the Movants represent as follows:

## II. JURISDICTION

4. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

5. Venue is proper under section 307(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

6. The statutory predicate for relief sought is Bankruptcy Code sections 503, 507 and 105(a), make applicable to this Title III proceeding under section 301 of the Puerto

Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

### III. RELEVANT BACKGROUND

7. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a voluntary petition on behalf of the Commonwealth of Puerto Rico pursuant to section 304(a) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

8. The relevant facts are undisputed and are based on the final judgements entered in the cases of Carmen Socorro Cruz Hernández et als v Family Department et als, case no. K AC 1991- 0665; Nilda Agosto Maldonado et als v Family Dept. et als, case No. K PE 2005-0608 entered by the Commonwealth First Instance Court (CFI) of San Juan, **A copy of the judgments are attached hereto as Exhibit 1 A and 1 B, and Exhibit 2. Also, are based on two** stipulations entered by defendants. The first dated January 31, 2014 in case K A C 2009-0809 and the second stipulation dated October 8, 2013, in a prior declaratory action filed at the CFI, in the case of Madeline Acevedo Camacho, No. K AC 2007-0214 and copies of which are attached as Exhibit 3 A and 3 - B **and are made a part hereof.**

9. . Briefly summarized, the CFI judgments found that the Defendants defaulted on its contractual obligations towards the plaintiffs when implemented the federal minimum wage law. In its findings of facts among others, the CFI determined that when the federal minimum wage entered into effect, on April 15, 1986, the Social Services Department, today the Family Department, equated the salary of the employees assigned to the first 11 scales based on $3.35 per hour. Also, determined that the Defendants, in

clear disregard of the dispositions established in the Uniform Retribution Law of 1979 and its regulations, illegally made the government pay scales and classification plans inoperable, by adopting the General Memorandum 5-86 to implement the federal minimum wage. (determination of fact No. 4)

10. As a result, defendants paid the same salary of laborers and janitors, to employees assigned up to pay scale 11.[2] In addition, that said determination, did not comply with the standards relate to the administration and the maintenance of the retribution structures, and therefore, violated clauses 1 and 2 of Art. 2 of Law No. 89 of Uniform Retribution and section 4.6, clauses (2), (3), (5) (6) a d (8) of the Uniform Retribution Regulation.

11. The CFI judgments further found that this situation occurred again every time that came to effect a new minimum wage increases, To the extreme , that by April 1, 1996, 19 salary scales had been affected and employees assigned to said pay scales, received the same salary as janitors. With this the retribution system, defendants did not comply with their obligation to take into consideration the complexity of the level of complexity of the different positions and job classifications, to remunerate employees in proportion to the same and with this the retribution system has resulted irrational, capricious or arbitrary for the plaintiffs.

12. Consequently, determined that the OCAP (now Human Resources Office of the Commonwealth of Puerto Rico) (ORHELA in Spanish) and the Individual Administrators,(DF) the ARV and AIJ, are obligated to provide continued enforcement to maintain to date the retribution plans that they adopt for the career and trust services, in

---

[2] See determination of fact .No.4, Judgment Carmen Socorro and compare with determination of law at pages 11-13. Also see similar determinations at fact No. 4 and conclusions of law entered in judgment case Nilda Agosto.

4

compliance with the standards relate to the administration and the maintenance of the retribution structures, as provided by the Uniform Retribution law and regulations, as amended, in order to guarantee employees' just compensation under the constitutional clause of equal pay for equal work. Also, found that defendants, were jointly and severally liable for this violations and were obligated to pay full wages and benefits to the plaintiff's and required defendants, in order to determine the illegal portion of the regular salaries withheld to the plaintiff's, to apply the new pay scales adopted in 2005. , see Exhibit No. 1 A and B)

13. In regards the stipulations entered on October 8, 2013, in case No. K AC 2007 – 0214, and stipulation dated January 31, 2014, entered in case K AC 2009- 0809, that are included as Exhibit 3 A and B, the defendant's admits all the operative facts determined in above identified judgments.[3]

14. In addition, regarding ARV and AIJ, are relevant stipulations No. 31 and 42, since Defendants admitted, that originally said agencies were a subdivision of the Family Department and the corresponding wage adjustments were made the same as FD.

15. Although in 2004 the ARV adopted a new retribution Plan, as Individual Administrator, which established a pay scale for union employees at a base salary of

---

[3] Judicial admissions, or formal concessions of fact in the pleadings, have the effect of withdrawing the facts from contention. Mares, 2015 U.S. Dist. LEXIS 1018 at *3 (citing Martinez v. Bally's Louisiana, Inc., 244 F.3d 474, 476 (5th Cir. 2001)). They are conclusive unless the court allows them to be withdrawn. Id.; see also, White v. ARCO/Polymers, Inc., 720 F.2d 1391, 1396 & n.5 (5th Cir. 1983) ("[F]actual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them.").

5

$950.00 monthly, -said party admits in stipulation No. 44, that has not made further revisions to the Plan.

16. A similar situation prevails in regards AIJ, since although on June 1, 1999 said agency approved a new retribution plan with a pay scale develop with a base salary of $925.00, monthly, (for a workweek of 37.5 hrs.) and a pay scale of $986.00 monthly 9for a workweek of 40 hrs.), said party has not made further revisions to the Plan.[see Stipulation No.39.

17. In view of the above, and given the new minimum wage increases on 2007, 2008 and 2009, and of which is requested this court take judicial notice, Movants submits that the pattern or practice of underpayment of regular wages, have continued[4].

18. Since the Movants are similarly situated as the other FD, ARV and AIJ employees that obtained a judgment in their favor, they are entitle to the correction of their regular wages and payment of the shortfall in their monthly regular salaries, pursuant to the P.R. laws and Supreme court doctrine in Santiago Declet v Family Department, 153 DPR 208 (2001) and Rivera Padilla v OAT, 189 DPR 315.

19. Movant's Administrative expense claim is made pursuant to section § 503 of the Bankruptcy Code, which establishes what types of claims are accorded administrative status. In general, these types of claims relate to the services rendered to a bankruptcy estate in its general administration. Wages are among the most common types of administrative expenses, since are considered a cost of preserving the bankruptcy estate. *See, e.g.*, § 503(b) (1) (A) (i) and (ii)

---

[4] In regards DF, see stipulation entered on Oct. 2013, No. 28, since Defendants also admits, that have not revised or adopted new pay scales since 1996.

The pertinent text of the statute at issue is as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
(1)(A) the actual, necessary costs and expenses of preserving the estate including—
(i) wages, salaries, and commissions for services rendered after the commencement of the case; and

(ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title;

20. For the purpose of this Motion, Movant's have bifurcated their claims in pre-Title III claims and post-Title III administrative expense priority claims:

a). The Employee List included as Exhibit 4-A, 4-B and 4 C identify the names of the employees that have continued in their employment after the petition date in DF, ARV and AIJ and that have provided essential services to the Debtors under the ordinary course of their employment and have accrued salary shortfall post – petition, due to the fact that the Debtors continued to be in default of their obligation to pay full regular rate to employees, as operating expenses, and has resulted in the Debtors owing an is estimated amount as follows:

Family Dept. and Administrations $10,998,916.00

Administracion Rehabilitacion Vocacinal $ 2,858,136.00

Administracion Instituciones Juveniles $    278,980.00

TOTAL    $14,136,932.00

7

The amounts herein determined were calculated considering the minimum wage increases and information provided by the individual claimants, as to the gross wages received, the individual pay scale level, and length of employment after petition date, and qualify for payment, as administrative expense under subsection (A) (i). .

21. Furthermore because here, is important to clarify, that the back pay post-petition continue to accumulate on a monthly basis, during the course of Movant's employment, as applicable and until the regular salary rate is corrected, in accordance to Puerto Rico Public Retribution Law and regulations.

II

22. Nonetheless, in the present case is important to bring to the Court consideration that since the Debtor's imposed a second stay on the Appeal petition filed before CASP in 2021, Case No. 2021-05-0345,[5] Movants submits, the post-petition administrative expenses seek in the present application, are not subject to the automatic stay. See, e.g., Turner Broadcasting System, Inc. v. Sanyo Electric, Inc., 33 B.R. 996, 999-1000 (N.D.Ga.1983); U.S. v. Gumbaytay, 2009 WL 605275 (M.D. Ala. 2009) ("Section 362(a) does not apply to conduct that occurs after the filing of a bankruptcy provision"); In re Gull Air, Inc., 890 F.2d 1255, 1263 (1989) ("[Proceedings or claims arising post-petition are not subject to the automatic stay of section 362(a)(1)");

23. Therefore, this Court can grant the relief requested for the underpayment of Movants post-petition payroll, both of which are made applicable in this case by section 301 (a) of PROMESA, since the claims arises post-petition.

---

[5] At present, is pending before this court a Motion for Modification of the Stay under section 362, filed by Movants ( Docket entry 20670).

24. In regards the pre-petition claim amounts owed to the employees included in the present group litigation, is important to bring to the consideration of this Court that, if the payroll claim is allowed by the Commonwealth courts, Movant's are entitled to Administrative Priority, under subsection A (ii).and which sum is calculated in 105 millions as informed in Proof of claim No.179140.

25. Therefore and considering that the Bankruptcy Rules shall be construed to secure the just, and efficient determination of every case and proceeding, in order to facilitate the disposition of the pre-petition administrative claims Movants holds, in view that Movants are not the beneficiaries of a judgment from a Commonwealth Court, since their litigation claim have not yet been resolved on the merits, request this court, take judicial notice that by filing this Motion, Movants inform their interest in preserving their priority status regarding their pre-petition claims,upon further application to this court

26. Consequently Movant's expressly reserves all rights, to amend and supplement the present petition, and balance due of any claims, defenses, interests, actions and remedies related to (i) any administrative expense claim as may be asserted hereinafter, including without limitation the (A) right to a judicial determination of the amount(s) due and owing with regard to any claim, (B) the right to resolution of all issues implicated by Movants claims, (C) the right to amend, modify or supplement this Motion in response to, or as a result of, any submission by any party-in-interest and (D) the right to adopt any other pleadings filed by any other party related to Movant's claims or this Motion (collectively, the "Reservation of Rights").

27. Also, request this court, in abundance of care, to issue an order to set aside, from the fund that has been established to satisfy administrative expenses Claims,

sufficient funds to cover the priority expenses claim amounts in the present case of 105 million, in order to guarantee Movant's the ability to receive priority payment, by the entry, in the near future of a judgment in their favor, shall the stay order is modified, as requested, since they have a reasonable expectancy to prevail on the merits.

28. This, request is made because; some courts have determined that Subsection A (ii), is not limited to a pre-petition judicial award. The award of back pay can be entered pre-petition or post-petition. *See In re 710 Long Ridge Rd. Operating Co., II, LLC,* 505 B.R. 163, 175 (Bankr. D.N.J. 2014) ("[I]n § 503, the word `awarded' is a past participle phrase that serves as an adjective modifying the nouns `wages' and `benefits' and thus does not indicate the award must have been entered prior to moving for administrative expense priority.") See also *In re Truland Grp., Inc.,* 520 B.R. 197, 203 (Bankr. E.D. Va. 2014), were the court determined that "the Plaintiffs' WARN Act Claims, if Allowed, are Entitled to Administrative Priority".

29. Also because in the case at bar, the payment(s) seek will not render the Debtor administratively insolvent, as can be determined by the information provided by the debtor, in the diverse Disclosure Statement filed and from the Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA), Cash Flow report dated September 3, 2021 which is attached hereto as Exhibit 5, and is made a part hereof.[6]

30. In addition, because the Commonwealth have a reasonable prospect to continue to operate with sufficient cash reserves, following the payment (s) of the payroll debt

---

[6] See page 4 and 5 of the report that shows that the Commonwealth has currently in banks deposits, a cash account balance of $11.4 billion of unrestricted cash that under Puerto Rico's Constitution can and should, at least a substantial part, be used for debt adjustment purpose. These amount is just part of the over $25.335 billion in cash Commonwealth currently holds

10

herein requested and consequently, by reason of the operation of section A (ii) has a reasonable prospect of reorganizing through chapter 11, since the payment of the payroll debt, does not increase the probability of layoff or termination of current employees.

**WHEREFORE**, the Movant is respectfully pray for this Honorable Court to grant this Motion and enter an Order:

(a) awarding the allowance and payment of the post-petition Administrative Claim submitted, (collectively), in the amount of $ 14,136,032.00 (The "Administrative Expense post-petition Claim" and

(b) in regards the pre-petition payroll debt, take notice of the ongoing procedures being conducted before CASP, in the group litigation caption Francisco Beltran Cintron, case No. 2021-05-0345, and that is seek to continue and approve Movants request of reservation of rights to ament the request of payment from the debtor, and grand such other and further relief as the Court deems just and necessary.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, on June 13, 2022.

IT IS HEREBY CERTIFIED, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsels of record.

By /s/ *Ivonne González Morales*
Ivonne González - Morales
USDC-PR 202701
P.O. BOX 9021828
San Juan, P.R. 00902-1828
Telephone: 787-410-0119
Email- ivonnegm@prw.net

Attorney for the Group Creditors

11

Table of Exhibits in support of Motion for allowance of Payment of
pre and post-petition back pay wages as Administrative Expenses filed by Group
Claimants in litigation caption Francisco Beltran-Cintron
CASP case No. 2021-05-0345

| | |
|---|---|
| EXHIBIT 1 | Amend Judgment entered on June 20, 2006 by the CFI of San Juan in Carmen Socorro Cruz Hernandez et al v Family Department, ARV and AIJ, Civil Case No. K AC 1991- 0665 |
| EXHIBIT 2 | January 23, 2006 Partial Judgment entered in Carmen Socorro Cruz Hernandez - approving new pay sales |
| EXHIBIT 3 | Judgment entered on 2010 in Nilda Agosto Maldonado et als V Family Department, et als, case No. K PE 2005-0608 |
| EXHIBIT 4-A | October 8, 2013 Stipulation in case K AC 2007- 0214 |
| EXHIBIT 4-B | January 31, 2014 Stipulation entered in case K AC 2009-0809 |
| EXHIBIT 5 | Proof of Claim No. 179140 including List of individual Claimants with Lump sum estimate of Pre- Petition debt owed for total $ 105,000,000.00 |
| EXHIBIT 5 B | Lists individual claimants with estimate of post-petition Administrative Expense payroll debt for DF, ARV and AIJ |
| EXHIBIT 6 | FAFAA Cash Flow report dated September 3, 2021 |