UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>   Debtors[1] | PROMESA<br>TITLE III<br>Case No. 17-BK-3283<br>(LTS) |

---

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE PRIORITY PAYMENT PURSUANT TO SECTION 503(b)(1)(A)(i) OF THE BANKRUPTCY CODE FILED BY GROUP WAGE CREDITORS IN THE LITIGATION CAPTION ABRAHAM GIMENEZ (1,046 PLAINTIFF'S) V THE DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND RESERVATION OF RIGHTS**

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COMES the group creditors in the litigation captioned Abraham Gimenez et als v Department of Transportation and Public Works, CASP Case No. 2021-05-0346 (the "Movant's"), by and through the undersigned attorney, to respectfully state, allege and pray:

## I. PRELIMINARY STATEMENT

1. The Movants are a group of 1,046 active or former full-time career employees at the Department of Transportation and Public Works, that is an instrumentality of the Commonwealth of Puerto Rico, included in the Title III petition filed on behalf of the Commonwealth, and that seek an order for administrative expense status, pursuant to §

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, and that seek an order for administrative expense status, pursuant to § 503(b) (1) (A) Subsections (i) and (ii) which gives them priority in a bankruptcy distribution and immediate payment pursuant to a confirmed plan provisions. 11 U.S.C. § 507(a) (2).

2. Also, the Movant's seek a ruling from this Court, as to their request to preserve their rights and interest to amend the present application for administrative expense priority, in order to seek payment of prepetition Administrative Expense Claims, as provided by section 503, subsection A (ii), of the Bankruptcy Code, and compliance with the "Notification" required under section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, provided in the Notice of entry of order confirming Modified Eighth Amended Title III Plan of Adjustment at docket entry No. 20349

3. In support of this Motion, the Movants represent as follows:

## II. JURISDICTION

4. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

5. Venue is proper under section 307(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

6. The statutory predicate for relief sought is Bankruptcy Code sections 503, 507 and 105(a), make applicable to this Title III proceeding under section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

### III. RELEVANT BACKGROUND

7. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a voluntary petition on behalf of the Commonwealth of Puerto Rico pursuant to section 304(a) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

8. The material facts set forth herein are undisputed and stems from a final judgment entered by the Commonwealth First Instance Court (CFI) of San Juan, in the case of Juan Perez Colon et als v the Department of Transportation and Public Works (DTOP) and the Central Personnel Office (OCAP), under Law no. 5 of October 14,1975. Case No. K AC 1990-0487. **A copy of the CFI Judgments is attached hereto as Exhibit 1 and is made a part hereof.**

9. The Court of First Instance's decision begins with a lengthy and detailed recitation of stipulated facts. Among the findings, was determined, that the method of wage adjustment used by DTOP to implement the federal minimum wage resulted in the payment of employees assigned up to the pay scale 19, the same wage received by janitors and workers, as the pay scale was left inoperable. [See findings of facts including pretrial stipulations numbers 11-14 transcribed in the judgment]. Also because under the Court's findings, these adjustments were performed, without taking into consideration that the employees jobs functions, responsibilities and job requirements were more complex, and without taking into account the years of services, or prior salaries increases. In this

3

way, management, administrative, supervisors and specialized personnel and office clerks and workers, received the same salary. [Findings of facts no. 9, 10, 14][2]

10. In the judgment, the CFI declared Null the General Memoranda 5-86 adopted by the co-defendant, Commonwealth Central Personnel Office (OCAP) to implement the federal minimum wage, since the method of wage adjustments, violated the dispositions of the Uniform Retribution Law of 1979 and its Regulations. Also, determined that claimants had to be compensated for all work performed, in accordance to up to date pay scales, in compliance with the federal minimum wage statutory hourly wage rate and order the DTOP, to make the pertinent wage corrections, using pay scales adopted by OCAP, in order to comply with the diverse increases of the federal minimum wage and Retribution law and regulations. **A copy of the pay scales adopted, pursuant the judgment entered are attached hereto as Exhibit 2 and is made a part hereof.**

Lastly, the CFI issued a permanent injunction, to protect employees from further violations.

11. Because the Movants, as regular employees of the above identified government agency, were similarly situated, as the other employees that obtained a judgment in their favor, and also have provided essential services to the Debtors, without the proper compensation, prior to the Title III petition filed a declaratory action, at the CFI, case No. K AC 2013-1019. [3]

12. Consequently, the Movants are entitle to the correction of their regular wages and payment of the shortfall in their monthly regular salaries, pursuant to the P.R. laws

---

[2] *See also judgment conclusions of law at pag 12.*

[3] On 2021, and after years of litigation, and exhausted appeal procedures, the case was filed at the CASP, case No. 2021 – 05-0346

and Supreme court doctrine in Santiago Declet v Family Department, 153 DPR 208 (2001) and Rivera Padilla v OAT, 189 DPR 315.

13. Consequently, the Administrative expense claim is made pursuant to section § 503 of the Bankruptcy Code, which establishes what types of claims are accorded administrative status. In general, these types of claims relate to the services rendered to a bankruptcy estate in its general administration. Wages are among the most common types of administrative expenses, since are considered a cost of preserving the bankruptcy estate. *See, e.g.,* § 503(b) (1) (A) (i)

The pertinent text of the statute at issue is as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate including—

(i) wages, salaries, and commissions for services rendered after the commencement of the case; and

(ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title;

14. For the purpose of this Motion, Movant's have bifurcated their claims in pre-Title III claims and post-Title III administrative expense priority claims, as ahead will be explained in more detail.

a). The Employee List included as Exhibit 3 identify the names of the employees that have continued in their employment after the petition date and have provided essential services, under the ordinary course of their employment and have accrued salary shortfall post –petition, due to the DTOP continued to be in default of their obligation to pay full regular rate to employees, as operating expenses, and has resulted in owing

15. According to the calculations, the Movants identified in Exhibit 3, collectively have an unpaid payroll balance estimated in no less $ 3,618,055.00 and which amounts qualify for payment, as administrative expense under subsection (A) (i). The amounts was calculated considering minimum wage adjustments to pay scales and from information provided by the individual claimants, as to the gross wages received, the individual pay scale level, and length of employment after petition date.

16. Nonetheless here, is important to clarify, that the back pay post-petition continue to accumulate on a monthly basis, during the course of Movant's employment, as applicable and until the regular salary rate is corrected, in accordance to Puerto Rico Public Retribution Law and regulations.

17. However, in the present case is important to bring to the Court consideration, in view that the Debtor's imposed a second stay on the Appeal petition Movants filed before CASP in 2021, Case No. 2021-05-0346,[4] that the post-petition administrative expenses seek in the present application, is not subject to the automatic stay. See, e.g., Turner Broadcasting System, Inc. v. Sanyo Electric, Inc., 33 B.R. 996, 999-1000 (N.D.Ga.1983); U.S. v. Gumbaytay, 2009 WL 605275 (M.D. Ala. 2009) ("Section 362(a)

---

[4] At present, is pending before this court a Motion for Modification of the Stay under section 362, filed by Movants ( Docket entry 20670).

does not apply to conduct that occurs after the filing of a bankruptcy provision"); In re Gull Air, Inc., 890 F.2d 1255, 1263 (1989) ("[Proceedings or claims arising post-petition are not subject to the automatic stay of section 362(a)(1)");

18. Therefore, this Court can grant the relief requested for the underpayment of Movants post-petition payroll, both of which are made applicable in this case by section 301 (a) of PROMESA, since the claims arises post-petition.

II

19. However, is important to bring to the consideration of this Court, in regards the pre-petition claim, Movants submits, that if the pending payroll claim is allowed by the Commonwealth courts, Movant's are Entitled to Administrative Priority, under subsection A (ii) for an estimated amount of $35,000,000.00 according to the undisputed Proof of Claim No.22818

20. Therefore and considering that the Bankruptcy Rules shall be construed to secure the just, and efficient determination of every case and proceeding, in order to facilitate the disposition of the pre-petition administrative claims Movants holds, in view that Movants are not the beneficiaries of a judgment from a Commonwealth Court, since their litigation claim have not yet been resolved on the merits, request this court, take judicial notice that by filing this Motion, Movants inform their interest in preserving their priority status on their pre-petition claims, upon further application to this court

21. Consequently Movant's expressly reserves all rights, to amend and supplement the present petition, and balance due of any claims, defenses, interests, actions and remedies related to (i) any administrative expense claim as may be asserted hereinafter, including without limitation the (A) right to a judicial determination of the amount(s) due

including without limitation the (A) right to a judicial determination of the amount(s) due and owing with regard to any claim, (B) the right to resolution of all issues implicated by Movants claims, (C) the right to amend, modify or supplement this Motion in response to, or as a result of, any submission by any party-in-interest and (D) the right to adopt any other pleadings filed by any other party related to Movant's claims or this Motion (collectively, the "Reservation of Rights").

22. Also, request this court, in abundance of care, to issue an order to set aside, from the fund that has been established to satisfy administrative expenses Claims, sufficient funds to cover the priority expenses claim amounts in the present case of 105 million, in order to guarantee Movant's the ability to receive priority payment, by the entry, in the near future of a judgment in their favor, shall the stay order is modified, as requested, since they have a reasonable expectancy to prevail on the merits.

23. This, request is made because; some courts have determined that Subsection A (ii), is not limited to a pre-petition judicial award. The award of back pay can be entered pre-petition or post-petition. *See In re 710 Long Ridge Rd. Operating Co., II, LLC*, 505 B.R. 163, 175 (Bankr. D.N.J. 2014) ("[I]n § 503, the word `awarded' is a past participle phrase that serves as an adjective modifying the nouns `wages' and `benefits' and thus does not indicate the award must have been entered prior to moving for administrative expense priority.") See also *In re Truland Grp., Inc.*, 520 B.R. 197, 203 (Bankr. E.D. Va. 2014), were the court determined that "the Plaintiffs' WARN Act Claims, if Allowed, are Entitled to Administrative Priority".

24. In addition, because in the case at bar, the payment(s) seek will not render the Debtor administratively insolvent, as can be determined by the information provided

by the debtor, in the diverse Disclosure Statement filed and from the Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA), Cash Flow report dated September 3, 2021 which is attached hereto as Exhibit 4, and is made a part hereof.[5]

25. Therefore, and considering the above cash reserves, and other real estate assets, the Commonwealth have a reasonable prospect to continue to operate with sufficient cash reserves, following the payment (s) of the payroll debt herein requested and consequently, by reason of the operation of section A (ii) has a reasonable prospect of reorganizing through chapter 11, since the payment of the payroll debt, does not increase the probability of layoff or termination of current employees.

**WHEREFORE**, the Movant is respectfully pray for this Honorable Court to grant this Motion and enter an Order:

(a) awarding the allowance and payment of the post-petition Administrative Claim submitted, (collectively), in the amount of $ 3,618,955.00 (The "Administrative Expense post-petition Claim" and

(b) in regards the pre-petition payroll debt, take notice of the ongoing procedures being conducted before CASP, in the group litigation caption Francisco Beltran Cintron, case No. 2021-05-0346, and that is seek to continue and approve Movants request of reservation of rights to ament the request of payment from the debtor herein submitted, and grand such other and further relief as the Court deems just and necessary.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, on June 13, 2022.

---

[5] See page 4 and 5 of the report that shows that the Commonwealth has currently in banks deposits, a cash account balance of $11.4 billion of unrestricted cash that under Puerto Rico's Constitution can and should, at least a substantial part, be used for debt adjustment purpose. These amount is just part of the over $25.335 billion in cash Commonwealth currently holds

IT IS HEREBY CERTIFIED, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsels of record.

By /s/ *Ivonne González Morales*
Ivonne González - Morales
USDC-PR 202701
P.O. BOX 9021828
San Juan, P.R. 00902-1828
Telephone: 787-410-0119
Email- ivonnegm@prw.net

Attorney for the Group Creditors