**Table of Exhibits in support of  Motion for allowance of Payment of
pre and post petition  owed wages as Administrative Expenses filed by Group
Claimants in litigation caption Abraham Gimenez et als v DTOP
CASP case No. 2021-05-0346**

**EXHIBIT 1   -**     Judgment entered  by the CFI of San Juan  in Juan Perez
Colon et als v DTOP , Civil Case No. K AC 1990- 0487

**EXHIBIT 2   -**     Approved new pay sales, in case K AC- 1990-0487

**EXHIBIT  3   -**    List of 966  active claimant's  with estimate of
post - petition Administrative Expense payroll debt,  for a total of
$ 3,618,055.00

**EXHIBIT 4 -**       FAFAA    Cash Flow report dated September 3, 2021

37

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART OF SAN JUAN

PEREZ COLON, JUAN                    CASE NO.:   K AC1990-0487
     PLAINTIFF                              ROOM: 0905
     VS.
E L A DE PR                          CIVIL ACTION
     DEFENDANT                              CAUSE OR CRIME

ATTY. GONZALEZ MORALES IVONNE
PO BOX 9021828
SAN JUAN PR            00902-1828

NOTIFICATION OF JUDGMENT

THE UNDERSIGNED SECRETARY NOTIFIES YOU THAT THIS COURT HAS
ISSUED JUDGMENT IN THE CAPTIONED CASE ON THE DATE OF SEPTEMBER 26,
2003, WHICH HAS BEEN DULY REGISTERED AND FILED IN THE RECORDS OF
THIS CASE, WHERE YOU MAY FIND OUT THE TERM OF THE SAME IN DETAIL.

AND, SINCE YOU ARE OR REPRESENT THE PARTY PREJUDICED BY THE
JUDGMENT OF WHICH A REQUEST FOR APPEAL MAY BE FILED, I ADDRESS THIS
NOTIFICATION TO YOU, HAVING FILED A COPY OF THE SAME IN THE RECORDS
OF THIS CASE ON THE DATE OF OCTOBER 20, 2003.

ALVAREZ LOPEZ FRANCISCO
PO BOX 41269                         SAN JUAN, PR
                                        00940-1269

DIAZ LUGO MANUEL
DEPARTMENT OF JUSTICE                PO BOX 9020192
SAN JUAN PR                          00902-192

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

.

2

SAN JUAN    , PUERTO RICO, OCTOBER 20, 2003.

GRISELDA RODRIGUEZ COLLADO - INTERIM
CLERK

BY:    MIGUEL A. FERNANDEZ NARVAEZ s/illegible
DEPUTY CLERK

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

COMMONWEALTH OF PUERTO RICO
AT THE COURT OF FIRST INSTANCE
SUPERIOR PART OF SAN JUAN

JUAN PEREZ COLON ET AL                   .
                                         . CIVIL NO. KAC-1990-0487
        Plaintiffs                       .          (905)
                                         .
          vs.                            . RE:
                                         .
DEPARTMENT OF TRANSPORTATION             . SALARY CLAIM AND
AND PUBLIC WORKS AND OTHERS              . DECLARATORY JUDGMENT
                                         .
        Defendants                       .
                                         .

...........................................................

### JUDGMENT

**Introduction**

The captioned complaint was filed on April 3, 1990* against the

Department of Transportation and Public Works (hereinafter DTOP) and the

Central Office of Personnel Administration (hereinafter OCAP) by a group of

career employees that work or worked at the DTOP and occupied positions of

* The subscribing Judge became in charge of Room 905 on February 3, 2003.
therefore, all of the previous proceedings before that date were held before
other magistrates.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

2

foremen, construction workers, carpenters, engineering assistants, office clerks, etc., and which were assigned between the 01 to 011 scales of the Central Administration. In this case there are around 397 plaintiffs.

During the course of the litigation the parties settled the claims under Law 110 of June 26, 1958 as amended, better known as the Law of Irregular Personnel, which affected a substantial number of the defendants. The court approved the stipulation on June 12, 1995, issuing the corresponding Partial Judgment.

### Matters Presented Pending Resolution

Insofar as the causes of action that concern us, in synthesis, it is claimed that the plaintiffs suffered an impairment in their retribution, when the defendants did not comply with their ministerial duty to maintain the structure of retribution of the DTOP updated, and continued using the retribution plan of the Central Administration, which, in the matter of salaries was inoperative and obsolete, pursuant to the application of the Federal Labor Standards Act, 29 USC secs. 201 et seq (hereinafter FLSA). Wherefore they allege that they should

Certified to be a true and correct translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

3

have received as of April 15, 1986 a differential in salary pursuant to the more complex work that they performed, since their salaries were equated to that of the janitor and worker.  Also, it is alleged that the defendants against the best interests of the plaintiffs, illegally and intentionally took advantage of the implementation of the minimum salary to eliminate for them, in whole or in part, steps for merit, productivity and legislative increases.  Wherefore they question the legality of the mechanism of adjustment used.  Also and under the same operational facts they allege the violation of sec. 215 and 218 of the FLSA, and claim the payment of the salaries owed and the imposition of penalties, costs and attorneys fees.

After having held several conferences on the state of the proceedings, the parties reached the consensus that there did not exist any legitimate controversy regarding material facts with regard to the remaining causes of action and that there only remained the application of the law. On March 21, 2001 a joint Conference Report was filed submitting documents and singing extensive stipulations on facts that are not in controversy.  It was also agreed to defer the

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

4

aspect of the amount of the salaries owed until the aspect of responsibility was resolved and submitting for resolution the controversies that we summarize hereinafter.

(a)     To determine the applicability to the present case of the Constitutional clause of equal pay for equal work.

(b) To determine if the defendants violated the Law of Uniform Retribution by not maintaining the structure of retribution of the DTOP updated, and if said determination constituted an adverse personnel action, since it failed to pay the retribution that corresponded pursuant to law to the plaintiffs, according to the level of retribution established for their positions and pursuant to the tasks of greater complexity and responsibility that they perform.

(c)     To determine the validity of the directives issued by OCAP in General Memorandum No. 5-85 of April 23, 1986, and of other circulars issued for the implementation of the minimum salary, among others, for having taken advantage of the implementation of the minimum salary to eliminate to the plaintiffs, in whole or in part, the legislative increases, for years of service,

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

5

productivity and merits, previously granted, which form part of their respective employment contracts and constitute acquired rights.

(d)   To determine if the defendants exceeded the use of their discretional faculties by ignoring the obligation of the agency heads to implement a reduction program of the daily works schedule, of not counting with the economic resources to comply with the minimum salary, as provided under Law 5 of November 20, 1975.

(e)   To resolve, under ths same operational facts, if the defendants violated Secs. 215 and 218 of the Federal Fair Labor Standards Act.

(f)   To determine if it is pertinent to dictate a permanent order to cease and desist (injunction) to avoid future violations.

On the date of June 12, 2001, the plaintiffs filed a motion in which they requested that summary judgment be issued Granting the remaining claims. Neither OCAP nor the DTOP reacted in opposition to the Motion for Partial Summary Judgment filed by the plaintiffs.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

6

## REGARDING THE ORIGIN OF THE MOTION FOR SUMMARY JUDGMENT

It has been repeatedly interpreted that the principal purpose of the summary judgment is to promote a fair, rapid and economic solution of the litigation, abbreviating the disposition or actions which, since they do not involve a genuine controversy of facts, the judgment in its merits is unnecessary. Padín v. Rossy, 100 DPR 259, 263 (1971). It has also been amply recognized that under Rule 36.3 of Civil Procedure of 1958 (32 L.P.R.A. App II) and after complying with what is provided in Rule 43.5, the court can issue a partial interlocutory summary judgment. It can, also, resolve any controversy between the parties which are separable from the remaining controversies. Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20, 2527 (1986).

Being the summary judgment an extraordinary discretional remedy, and using wise discernment, it should only be granted when there is no genuine controversy regarding material facts and when the court is convinced that it has before it the truth of all of the pertinent facts. Any doubt regarding the existence of a controversy regarding the material facts should be resolved

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

7

against the petitioning party. Roig Com. Bank v. Rosario Cirino, 126 D.P.R. 613,

617-618 (1990) and García Rivera v. Enríquez Marlin, 2001 TSPR 12.

In harmony with the doctrine stated and after having thoroughly examined

the motion for summary judgment presented, the allegations, stipulations and

other documents in the record, this court reaches the following:

**FINDINGS OF FACTS**

1. The plaintiffs are career employees that work or have worked for the
DTOP and occupy positions as workers, foreman/forewoman, carpenters,
construction workers, officer clerks, assistant engineers, plumbers, etc. and
whose positions were assigned between the years 1986 to 1995 among the first
eleven (11) scales of the structure of retribution that was then in effect at said
depart. [Stipulation of Facts #1 Conference Report].

2. On the date of the facts that concern us, the DTOP was originally
integrated to the System of Administration of Central Personnel and
subsequently, in the year 1991 it became an Individual Administrator through
Executive Order Number OE-1991-46. [Personnel Act and stipulation of facts #18
of the Conference Report].

3. It appears from the examination of the documents in the record that
in the year 1985 OCAP carefully watched the development of the case of García
v. San Antonio Metropolitan Transit Authority, 469 US 528, when it presented
transcendental controversies regarding the implementation of the FLSA at the
government agencies and circulated various Memorandums among the
Secretaries of the Government and Agency Heads, to inform them of the status

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

8

of said litigation. [ Exhibit 3, and Stipulations of Facts # 4, 6 and 8 Conference Report].

4. When considering that the application of the minimum salaries at the government agencies was already imminent, on April 18, 1985, the Director of OCAP sent to the governor of Puerto Rico a Memorandum to advise the same with regard to the "alternatives of salary structures to provide salary increases to the public employees under the Central Administration and to comply with the federal minimum". [Exhibit 2 and Stipulation of Facts #3 of the Conference Report].

The communication proposed a salary improvement plan in four stages where the Federal minimum salary was exceeded for 1988 and included as an attachment the proposed salary scales.

In relation to the trust personnel, it is informed that: "it is not necessary to take action immediately since the basic scale of the salary structure that is applied $505 - $657 at present has no classes assigned. The lowest salary in the Trust Service is the one corresponding to the class of driver that is assigned to the second scale: $549 - 714.

5. Meanwhile, on November 14, 1985 the Federal Congress, considering the decision of the Federal Supreme Court in the case of San Antonio Transit Authority, supra, approved an amendment to the FLSA to alleviate the immediate economic impact of the minimum salary on the local governments. through this legislation, there is granted to the states and agencies a grace period, until April 15, 1986, to make adjustments in their budgets for the implementation of the new minimum salary of 3.35 hr. [1985 Amendment of the FLSA]\

6. In view of these events and the fact that on that date the first 11 scales of the salary structure of the Central Administration were below the

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

9

minimum Federal salary that would enter into effect on April 15, 1986, OCAP reacted immediately and designed a new salary structure for the career service of the Central Administration based on a minimum scale of $545-$736 and which complied with the minimum salary of 3.35 hr.  Through a communication dated November 29, 1985, said Office sent the new salary scale to the Governor, with its recommendations in favor of its adoption.  In the letter it is also indicated that this new structure would be implemented adjusting the actual salary of the employees to the higher amount or type of immediate retribution in the scale corresponding to the new structure to reduce its budgetary effect. [Stipulation of Facts #5 and Exhibits 5, 10 and 11 Conference Report].

7. From the communication of November 20, 1985 [ante] it can be determined that OCAP had express knowledge and it manifests this at Page 2, that the minimum salary that entered into effect on April15, 1986 required a salary structure with a minimum salary of $545 a month [for a weekly schedule or 37 ½ hrs.].  Wherefore it advises that if the new structure of retribution recommended was not adopted it would require recurring to the mechanism of reduction of the work schedule to comply with the minimum salary, but qualifies this measure as "extremely unpleasant".

8. Notwithstanding the aforestated recommendation, on April 23, 1986 the Director of OCAP circulated General Memorandum 5-86 among the agencies, containing some directives to adjust the salary of every employee under the Federal minimum. [Exhibit 6 Conference Report].

9. As a result of the mechanism of salary adjustment recommended, the DTOP equated the salary of the employees assigned to the first 11 retribution scales based on $3.35 per hour and uniformly paid them the same salary that the janitor and the worker received, remaining inoperative the Retribution Plan [Stipulation #11 Conference Report].

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

10

10. With the determination [ante], a serious confusion was created in the concession of salaries.  To the point that all of the employees that occupied positions whose classes were assigned between scales 1 to 11 passed to earn the same salary of the janitor and worker.  This, without regard to the more complex tasks that they performed, the responsibility of the their positions, the minimum requirements required, the years of service or prior increases received. In this manner the administrative, technical, specialized and supervisory personnel and the office and field personnel earned the same salary.

11.  Notwithstanding the directive issued in General Memorandum 5-86 to implement the minimum salary, in the Municipalities the instructions were different, since on Page 3 it was indicated that if there was determined an insufficiency of funds and the Municipalities could not pay a monthly salary pursuant to the minimum salary and the work schedule applicable to its employees, they comply with the payment of the Federal minimum salary through the reduction of the work schedule, pursuant to Law No. 5 of November 20, 1975 and the Regulation approved pursuant to the same. [Page 3, Exhibit 6 Conference Report].

12.  Even though the decision to implement a program of reduction of the daily work schedule to comply with the minimum salary is exclusive for each agency head, in this case the Secretary of the DTOP, said party did not submit any evidence whatsoever to establish that it had responsibly considered to reduce the economic impact of that legislation, the mechanism of reduction of the work schedule established under Law 5 of November 20, 1975 or the mechanism of assignment of the classes affected by the minimum salary to higher scales.

13.  With time, the situation of the plaintiffs became worse, since even though in 1991 the DTOP became an Individual Administrator pursuant to an

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

11

Executive Order and the Secretary was conferred the faculty to adopt its own Classification and Retribution Plan, said party continued to use until 1995 the structure of retribution of the Central Administration, which maintained itself inoperative through annual pro forma assignments.  Wherefore the defendant, in common agreement, did not comply with the public policy of providing a fair and equitable treatment in the establishment of salaries of the plaintiff employees. [Exhibits 6, 9, 15 and 18 Conference Report].

14.  The situation reached the point that already by 1995 employees whose positions were assigned to the 19th scale of the retribution plan of the DTOP were being paid the same salary assigned to the janitor and worker, despite the fact that they performed positions of greater complexity, responsibility and were required to have greater requirements for the performance of their functions, if compared with the janitor. [Stipulation of Fact #16 Conference Report].

15.  Despite the previously described situation. the salaries of the agency heads and the trust personnel increased in Oct. 1986 and on subsequent dates. The OCAP also authorized multiple assignments of positions to higher scales, which increased the regime of lack of retribution equality between the positions of professional classes and the large mass of employees that are plaintiffs herein, since they were the worst remunerated in the entire government. [Exhibit 6 Conference Report].

16.  Finally, on July 1995 the DTOP adopted a plan of Classification and Retribution as an Individual Administrator.  Said plan was made effective retroactively to April 15 to comply with the minimums alary in effect on that date. [Exhibit 28 (a) Conference Report].

17.  The new plan of retribution adopted by DTOP in 1995 for career

Certified to be a true and correct
translation from its original
Aida Torres, USSC1
Tel. 787-225-8218
aidatranslation@gmail.com

12

employees was developed based on a monthly anchor salary of $737 (applicable to employees with a weekly schedule of 37-1/2 hrs.] and based on 30 scales or levels.

18.     By 19995 the situation of the government of Puerto Rico had a frank economic recovery. Two tax reforms were instrumented, legislation was adopted to substantially increase "the salaries of the police, firemen, nurses, custody officers, teachers and other groups of public employees". [Stipulation of Facts #28 Conference Report].

19.     Even though with the adoption of the new retribution plan of the DTOP the salary differences were reestablished between the different categories of positions that the plaintiffs occupied, the compliance of the provisions applicable to the administration of the structure of retribution was temporary. Since, when they put it into effect on October 1, 1996 another increase in the minimum salary of 4.75 per hour, they again left inoperative the structure of retribution of the DTOP. [Compare Exhibit 28(A) with Stipulation of Facts #15 Conference Report].

20. As of September 1, 1997, the minimum salary increased to 5.15 per hour. and pursuant to this, the OCAP revised the Guide of Classification of Functions and the Scales of Payment of the Regulation for the Employment of Irregular Personnel, to comply with the new minimum salary.  With this action the plaintiffs were again prejudiced, since within their same occupational groups there occurred the situation that the salaries received by the irregular personnel were higher than those that were paid to the plaintiffs, despite performing an identical work.  As an example we identify:  Foremen, Engineering Assistants, mechanical assistants, construction workers, truck drivers, pump operators, inspectors, mechanics in their levels of 1 to 5, Automobile Driver. [Stipulation of Facts #32 and Exhibit Conference Report].

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

13

21. The defendants violated, on the date that there entered into effect the minimum salary act and subsequent increases, secs. 215 and 218 of the FLSA, by observing an intentional pattern and scheme to reduce the more beneficial standards established in the law of uniform retribution for the purpose of reducing the economic impact of the federal legislation. As a result of this, not only did they leave inoperative the salary scales of the DTOP, but they also refused to implement a program of reduction of work schedule as provided under Law 5 of Nov. 20, 1975. Wherefore they violated to the plaintiffs their right to receive a complete salary.

22. Despite counting with the necessary funds identified in its budget, the DTOP, without providing a reasonable justification, waited until January 1, 2000 to put the new retribution structure into effect which they prepared based on an anchor salary of 840 a month and which was in agreement with the increase of the minimum salary to 5.15 and which entered into effect on September 1, 1997 [id #6 plaintiffs Conference Report].

## CONCLUSIONS OF LAW

Before entering to resolve the concrete matter that occupies us, it is

pertinent to point out that the resolution in this case deals with a novel matter,

which has not been resolved before our Hon. Supreme Court, and which gives

us the opportunity to examine fundamental aspects related to the administration

and maintenance of the retribution plans, in light of the responsibilities imposed

on the agency heads by the Uniform Retribution Act and its regulation. We will

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

14

discuss the controversies in order of importance and logical sequence, for a better understanding.

With regard to the controversy presented and where the defendants sustain that Article II Section 16 of the Constitution of the Commonwealth of Puerto Rico is not applicable to the facts of this case, since said precept is addressed exclusively to eradicating the salary discrimination against women and because the mechanism of adjustment used to comply with the minimum salary was equally applied to employees of both sexes, they are not correct.

1.   It appears from the debates sustained by the Constituent Assembly of Puerto Rico that Sec. 16 of Art. II of our Constitution provides to the large mass of workers a comprehensive protection against discrimination in the adjudication of salaries. Diary of Sessions of the Constituent Assembly of Puerto Rico, tome 4, page 2574, ed. 1961.

Furthermore, it is resolved that the principle of equal pay for equal work does not suppose, nor does it prevent, for example, making constitutionally impossible the automatic increases for years or service , or the vacations with

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

15

salary to the women in times of pregnancy and latency, or the special bonuses in consideration to the number of dependents or the payment over the minimum superior work or for greater production, or the adoption of other different payments or measures geared to the improvement of the plaintiffs. <u>Mercado Vega v. UPR,</u> 128 DPR 273.

In second place, there exists in our jurisdiction a high public interest in the regulatory legislation of the public employment and especially, the one that regulates the retribution of salaries. <u>Torres v. P.R. Telephone Co.,</u> 90 JTS 122 and <u>Díaz v. Tribunal,</u> 102 DPR 195. For said reason, the constitutional precept of equal pay for equal work, governs and is instrumented in a general manner in the Law of Uniform Retribution, supra. In this regard, when we analyze the legislative history of that law, it is clear that its purpose is in consonance with the constitutional principle of equal pay for equal work in establishing "a system of retribution that propitiates equity and justice in the establishment of the salaries to all of the employees of the public service....[at] the same time that it creates a mechanism that tends to and facilitates the recruitment and

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslativn@gmail.com

16

retention of personnel through the concession of additional incentives."

Statement of Purposes, Law of Uniform Retribution, Laws of PR, Page 226, 3

L.P.R.A. Sec. 760(a).

Our Hon. Supreme Court in the case of Rodríguez Cruz v. Padilla Ayala,

125 D.P.R. 486 (1990), when examining the protection established in Art. II Sec.

16 of our Constitution, reiterates that the principal of equal pay for equal work

protects the "great mass of workers who due to a special abandonment has

historically needed" although has not always received a 'social protection'".

Rodríguez Cruz v. Padilla Ayala, supra, Page 521 and what was resolved in A.D.

Miranda Inc. v. Falcón, 83 D.P.R. 735 (1961). Wherefore since it involves the

plaintiffs precisely of the group of employees of a low rank and that generally is

known as "employees..in dead-end positions; low-level public employees] and

occupy positions in the lowest levels, being the worst remunerated in the entire

government, we have no reserve in concluding that they comprise the class of

workers that the Constituent Assembly wanted to protect.[1] Wherefore adopting

---

[1] It reinforces our interpretation with regard to the fact that the constitutional protections cannot be applied
in a selective manner, only to a group of persons, the pronouncements of Hon. Judge O'Connor of the Federal
Supreme Court in the case of Price Waterhouse v. Hopkins, 400 U.S. 228 in a case for racial discrimination under
Title VII of the Law of Civil Rights: and we quote: "It would be odd to say the least if the evidentiary rules
applicable to Title VII actions were themselves dependent on the gender or skin color of the litigants."

Certified to be a true and correct
  translation from its original
   Aida Torres, USSCI
   Tel. 787-225-8118
  aidatranslation@gmail.com

17

a position contrary to the one that we are exposing, would be extremely unjust, since here we would be penalizing the sector of public service that have the lowest salary scales and the sector of employees that the constituent assembly also wanted to protect.

II. The previous determination, however, does not resolve at all the controversy before us, since when the plaintiff stated that they were entitled to be compensated according to their respective classifications and responsibilities and the complexity assigned to the positions that they perform, since Law 89, supra, was much more beneficial than the law of minimum salary, it is neecssary to resolve said matter.

A- From the outset it is pertinent to indicate that through the Public Service Personnel Act of Puerto Rico, Law No. 5 of October 14, 1975 (3 L.P.R.A. sec. 1301 et seq), the Legislative Assembly created a unitary system of administration for the personnel of the public service. Pursuant to its exposition of purposes, said law reaffirms the principle of merit as a guiding standard in the administration of Personnel and its extension to all of the sectors of the public service. Among its objectives, is achieving that the public administration be

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

18

governed by the criteria of greater uniformity, equity and justice. Furthermore, it provides the creation of two systems of personnel to group the agencies in the Central Administration and Individual Administrators.

The Personnel Act was amended in 1979 for the purpose of correcting certain failures and in turn "putting into practice its contents and achieving the uniformity of its application", at the same time that it incorporated "new concepts and innovative currents in personnel administration", in order to maintain the salaries updated, in order to provide the necessary mechanism to recruit and retain the most ideal employees within the public service.

The Personnel Act identifies the system of classification of positions as one of the areas that comprise the principle of merit. Wherefore in Art. 4.2(a) it was provided that in the case of the agencies comprised within the Central Administration, the director of OCAP provide for the determination of the relative hierarchy among the different classes or positions and for the assignment of the same to the different scales. The same responsibility was delegated to the Individual Administrators.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

19

To complement said scheme, the Personnel Act imposes the obligation to the agencies to adopt regulation that recognizes the right of the employees to the compensation "for the work performed outside of the regular work schedule". Art. 5.14 (3 L.P.R.A. sec. 1354(6). It also provides so that the other aspects related to the time schedule and the work schedule be regulated by each agency head. Art. 5.17 (3 L.P.R.A. sec. 1357).

B- On the other hand, and recognizing the legislator that the area of retribution of the public employee is one of the most important "to achieve a system of personnel administration that is modern and balanced and to facilitate the application of the principle of merit", there was approved in 1979 the Uniform Retribution Act, Law No. 89 of July 12, 1979 (3 LPRA Sec. 760 et seq.)

In what is pertinent to this case, we emphasize that according to its statement of purpose, the purpose of the present law of retribution is to propitiate uniformity, equity and justice in the establishment of the salary of all of the employees of the public service. Furthermore, it recognizes that said law pursues achieving, in matters of retribution the uniformity and agility necessary

Certified to be a true and correct
translation from its original
Aída Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

20

to propitiate a fair and impartial treatment to all of the employees.  Aulet v. Departamento de Servicios Sociales, 129 DPR 1.

In harmony with what is stated in Art. 2 of Law No. 89, supra, it assigned to the Central Office of Personnel Administration (O.C.A.P. in Spanish) and to each nominating authority, in the case of the Individual Administrators, that they adopt retribution plans pursuant to the regulation that the O.C.A.P. adopted to instrument said law and pursuant to the additional standards that were provided in said statute and that served as a guide and limited the power that had been delegated.

C-  Since the DTOP was originally included in the Central Administration it is pertinent to clarify, to locate the claim within the appropriate legal and regulatory framework, and to adjudicate the respective responsibilities, that on June 4, 1983, through Law No. 84, there was amended the effectiveness of the Law of Retribution and there were implemented new structures of retribution for the classes of position in the career and trust service of the Central Administration, 3 L.P.R.A. Sec. 760(e).   This structure of retribution was

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

21

implemented and was in effect, even though inoperative in the DTOP until the year 1995.  Wherefore one cannot ignore that the defendants did not comply with the rules established in Law 84, supra, and specifically Art. 6(c), [3 LPRA sec. 760 (e)(c)], regarding the interpretation and administration of the new salary scales.

On the other hand and in harmony with the legislative objective of Law No. 89, supra, of guaranteeing a dynamic and flexible administration and in a manner that the retribution plans not lose their effectiveness, in 1986 Art. 6(c)(4) (3 L.P.R.A. sec.760 e(c)4) was amended to eliminate the requirement that the Director of O.C.A.P. count with the approval of the Governor to readjust or implement new salary scales.  Therefore it is verified that the defendants had additional mechanisms to achieve and facilitate the maximum flexibility in the administration of the structures if retribution, and which allowed them to comply with the requirements of the minimum salary act, as we shall state hereinafter in greater detail.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

22

D- For said reason, it is important to emphasize that the regulatory framework provided in the law of retribution is comprehensive, since clause 1 of Art. 2 of the Law of Retribution imposed on the Director of OCAP and the Individual Administrators the obligation to periodically examine if the structures of retribution that they had in effect complied with the provisions of said statute. Precisely and in recognition of the importance that guaranteeing the maintenance of a fair system of retribution has, in the case of the agencies denominated as Individual Administrators and Municipalities, it was expressly provided that it would be the responsibility of each nominating authority to adopt the retribution plan that applied in their agency and to assign the positions to the respective scales.  Furthermore, it was imposed on the OCAP, with regard to the plan of the Central Administration and to each Individual Administrator, Article 9, Sec. 790(b)(5) the responsibility to annually assign all of the classes of positions of the classification plans, to the scales contained in the retribution plans in effect, in the career service as well as for that of trust, effective at the beginning of each fiscal year, for the purpose of achieving and maintaining up

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

23

to date the retribution plans that they adopted for the career and trust services and to guarantee an equity of retribution, in view of the noticeable difference of salaries between the private sector and the Public Corporations vis a vis the public sector.

It also expressly provided that the director of OCAP give the final approval over the same and imposes on OCAP the responsibility to advise the individual administrations in the preparation and confection of their respective plans.

E- Even though the defendant at Page 19 of the Conference Report tries to justify not having updated the structure of retribution of the OCAP with the argument that there did not exist any legal provision establishing a term to adopt the retribution plan, that contention has no merit, since it is unquestionable that said responsibility is implicit and the inaction is accommodating.

The compliance of the provision referent to the administration and maintenance of the retribution plans are not a mere abstraction, since according the defendants correctly affirm in clause II of the General Introduction regarding Classification of Positions and Retribution for the Classification and Retribution

Certified to be a true and correct
translation from its original
Aida Torres, USSC1
Tel. 787-225-8218
aidatranslation@gmail.com

24

Plan adopted by them in 1995, and which, due to its importance, we transcribe

from Pages 6-7:

"One of the advantages that a Plan of Classification of Positions offers in addition to facilitating the processes of administration of human resources, is the establishment of salary scales that reflect the principle of equal pay for equal work.

The salary policy must respond to the purpose of providing to the personnel a fair and equitable treatment in the establishment of their salaries. So that it is fair, the salaries must be the most reasonable within the financial possibility of the Department of Transportation and Public Work. So that it can be equitable, it is necessary to apply the principle of equal pay for equal work. At the same time, it is a dynamic and changing instrument, wherefore it is necessary so that the same will not lose its effectiveness nor its utility, that it remain at a par with the changes that occur in the agency."

For said reason it is important to point out that even though the

defendants in their allegations try to justify their actions of assigning the classes

to a structure that was left inoperative, their position violates and clearly

conflicts with the provisions of the law and the responsibilities delegated to that

Office.  Especially when it deals with principles that are known, since from the

documents submitted by the parties it is accredited that OCAP knows and has

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

25

formally made multiple expressions in recognition of the importance that there is in guaranteeing the compliance of the public policy in matters of retribution and of correcting or improving the situation that the low salaries that the public employees receive represents.

F- To illustrate the conflict that has arisen due to the confusion that exists in the administration of salaries of the defendant Department, we cite from memorandum No. 5-94 of June 3, 1994 of OCAP and which was addressed to the agency heads of the Individual Administrators of the Personnel System, and where they are advised that: "when the scales are below the minimum salary, they do not comply with the public policy of providing for a fair and equitable treatment in the establishment of the salaries of the employees."

Wherefore, one cannot ignore the responsibility that the defendants had to comply with the Retribution Regulation adopted by O.C.A.P. on June 7, 1984 for the implementation of Law 89, supra.   And in what is pertinent to the controversy presented, with the following provisions:

Sec. 4.2 which reads:

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

26

"The Central Office of Personnel Administration, in the case of the Central Administration, and each Nominating Authority, in the case of the Individual Administrators, will adopt separate retribution plans for the career and the trust service, in harmony with the respective classification plans of positions and pursuant to the provisions of the Uniform Retribution Act and this regulation."

Furthermore they will have to comply with Sec. 4.4 of the Regulation, since it clearly states that the retribution plans that are adopted have to be in harmony with the public policy established in said law.  It also requires that there be established uniform scales of salaries for  those classes of position that are equivalent, and in a manner that there be maintained a correlation between the relative value that is assigned to the classes within said plan and the monetary value that is assigned to the same through salary scales.

Said responsibility also reaffirms in Sec. 4.5(3) of the regulation of retribution, which reaffirms that the salary scales must be maintained updated for the purpose of achieving and maintaining the retributive equity.  In addition the agencies have to comply with administering their respective retribution plans with what is provided in Sec. 4.6 of the Regulation of Retribution, which provides:

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

27

"in establishing the salary scales there must be taken into consideration, among other factors, the levels of responsibility and difficulty involved in the positions; the degree of discretion that is required in the discharge of the duties and responsibilities; the minimum requirements for the discharge in a satisfactory manner of the duties and responsibilities; the degree of difficulty in the recruitment of ideal employees; the opportunities for promotion; the working conditions; the salaries that are paid in the labor market; the cost of living; and the fiscal possibilities. In the case of the trust service there will be considered the indispensable requirements as determined by the Nominating Authority.

The salary structures must be sufficiently competitive so that it will allow to recruit and retain trained personnel; it must provide for the fair recognition of the individual efficiency and productivity of the employees; and in a similar manner they must be structured in such a manner that they provide opportunities of progress in the public service.

The salary scales will represent the monetary value that the different classes of positions in the classification plans of both services have and will serve to establish the direct retribution of every employee within the personnel system. When assigning and reassigning the classes of positions to the salary scales, there must be maintained the correlation between the hierarchical level of the classes and the scales to which they are assigned, as established in Sec. 4.4 (3) of this Regulation. In this manner, positions and classes that have the same relative value within the classification plans of the respective services, will be assigned to the same salary scales.

The types of retribution established in the different salary sales will be consigned based on dollars and will correspond to a monthly salary and to a regular work schedule of 37.5 or of 40 hours a week, as pertinent;

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

28

and they have the fundamental purpose of providing superior retribution levels to make viable the gratification of the employees pursuant to the respective individual levels of efficiency and productivity.

G- In view of the provisions of the Law and the regulation transcribed, this court determines that an interpretation that restricts the right of an employee to receive a fair remuneration according to the scale system and where there is not recognized a differential in salary that is in harmony with the work and the responsibilities that the same performs, fundamentally violates the precepts of the Law of Retribution. Furthermore, it also does not comply with the regulation adopted by the OCAP itself and by DTOP and where there is established as a fundamental principle that the assignment of a class of position to a specific scale of retribution be a personnel transaction of an objective nature, since it has the purpose of establishing the fair value of the work that is performed within the specific classification of set of positions. See an excellent exposition about this subject in the case of Mercado Vega v. UPR, supra.

As a result of this, and being the local law more beneficial for the employees than the minimum salary act, it is determined that leaving inoperative the retribution structure of the DTPW, under pretext of complying with the

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

29

minimum salary, the conduct observed by the defendants constitutes clear acts
of reprisal to the application of the minimum salary, and is contained within the
type of action that the Federal Congress prohibited, by adopting sec. 215 and
218 of the FLSA.   Furthermore, and in consideration that the adjustments
practiced be adopted within the period of time stated in the statute, the plaintiffs
established a prima facie violation of the aforementioned statute, sine they
ceased to guarantee that the plaintiff employees be compensated for the fair
value of the services that they render.

It corresponds here to point out that the Federal Congress, in adopting
the amendment of 1985 anticipated that the local governments could reduce the
salaries or benefits to the employees and for said reason it incorporated in Sec.
215 a protection against reprisals with its penalties, in the interest of
discouraging this type of conduct.   To that effect in the report rendered by the
Conference Committee it is stated and we quote:

"Unilateral reduction of regular pay or fringe benefits that is intended to nullify
this legislative application of overtime compensation to state and local
Government employees is unlawful. Any other conclusion would in effect invite
public employers to reduce rates of pay shortly after the date of enactment so
as to negate the premium compensation mandated by this legislation.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

30

Conference HR, report No. 357, 99th Cong. 1st, session 9, reprinted in 1985, US
Code Cong. & Adm. News 651, 670."

H- In Puerto Rico, for more than half a century now our Hon. Supreme
Court has resolved that, when a state law is more beneficial for the employee,
than the provisions of the FLSA, the federal law does not prevent the application
of the same since   both laws are not in conflict, since both are perfectly
harmonizable.  Olazagasti v. Eastern Sugar Associates, 79 D.P.R. 93 (1956); and
Chabrán v. Bull Insular Line, 69 D.P.R. 269 (1948).   Marrero Cabrera v.
Caribbean Refining Co., 93 D.P.R. 250 (1966); and Vega v. Yiyi Motors, Inc., 98
TSPR 95.

For said reason we also cannot accept the allegation of the defendants
that they have ample discretion to decide when they will implant the
adjustments in their retribution structures to conform them to the minimum
salary.  Especially when the chaotic results that this determination entails, is
accredited from the preceding statement of facts.

As a result of this, we cannot justify, excuse or condone the exercise of
discretion when it can serve as a screen to violate the law.  Especially when the

Certified to be a true and correct
translation from its original
Aida Torres, USSC1
Tel. 787-225-8218
aidatranslation@gmail.com

31

action of leaving the structure of retribution inoperative, undermines the system of merit contained in the law, and it creates a parallel system of retribution that for all purposes is not authorized nor helps to comply the objective and the public policy of "[a]chieving that the public administration be governed by criteria of greater uniformity, equity and justice."  Furthermore, because from the different internal memorandums submitted by stipulation of the parties, it is accredited that said party was aware of the requirements established by the minimum wage act and of its obligation to resort to the mechanism of reducing the work schedule, if they did not have the necessary funds to implement a new salary structure that would conform with the increases in the minimum salary and they opted to cross their arms.  Also because they had the mechanism authorized under retribution act of assigning the classes affected to higher scales, as they did for the trust personnel and the professional classes.

Since it is normative, there applies what is resolved in Wards Cove Packing Co. v. Antonio, 490 US 642 to 661, in the sensce that if a plaintiff can prove the existence of alternate methods that are less onerous and the employer does not use the same, this refusal undermines the contention of the employer with regard to the fact that its determination is not discriminatory.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

32

Nor does it constitute a valid defense for the DTPW, to have relied on the directive of OCAP, sine the directives that OCAP issues in the General Memorandums cannot be in conflict with the law or with the jurisprudence pertinent to the matter that there is an attempt to regulate. Especially, when it is amply recognized that the power of regulation delegated to an agency does not empower it to substitute the legislative or judicial criteria contained in the state of law in effect. Ariel Aulet Lebrón et als v. Departamento de Servicios Sociales, 129 D.P.R. 1.

Wherefore and independent of the fact that the operations of the DTPW were subject to the central controls of OCAP, this does not alter at all the faculties of the Secretary of the DTPW, to exercise an independent criteria, and in this manner adopt a plan of reduction of work schedule similar to the one implemented in the Municipalities, since an administrator does not cease to be such, because of the mere fact that his decisions and actions are subject to the approval of an official of a higher rank.

I - Another factor of weight that it is necessary to remember and that leads us to reject the argument stated by the defendants, is the historical fact

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

33

referring to the amended to the FLSA practiced by the Federal Congress in 1974 and where it extended the application of the minimum wage to the local governments (including P.R.).  Wherefore we must bear in mind that on that date, the legislature of Puerto Rico, reacting to the Federal legislation, enacted Law No. 5 of Nov. 20, 1975, for the purpose of authorizing the agency heads to reduce the weekly work schedule established of 37-1/2 hours or 40 hours a week and establish the number of hours that it deemed convenient and in that manner it would minimize the economic impact of the minimum salary that would enter into effect.  In harmony with these provisions of the Law of 1975, OCAP enacted the regulation to instrument the same, instructing the agencies to reduce the weekly schedules to the groups of employees which on that date would be affected by the Minimum Wage, if they did not have sufficient funds.   The reduction of the time schedule implemented by instructions of the OCAP lasted until 1983.[2]

It is pertinent to advise that the Federal jurisdiction, notwithstanding, due

---

[2] See Regulation and Memorandum No. 2-76 of January 8, 1976 included as Exhibits IV A, B and C of Pages 98 to 106 ap. Motion for Summary Judgment of June 1995 filed by the plaintiffs.

Certified to be a true and correct
    translation from its original
      Aida Torres, USSCI
       Tel. 787-225-8218
    aidatranslation@gmail.com

34

to the decision of the Federal Supreme Court in the case of National League of Cities v. Userv, 426 US 833, left in suspense the implementation of the amendment of 1974 of the FLSA.  So that it is not until May of 1985, that it is when there becomes final and binding the decision issued in the case of Garcia y San Antonio Metro. Transit Authority, 469 US 528, and that the doctrine established in Usery, supra, is revoked, that there results definitively applicable the minimum salary, to the local governments.

It is amply recognized that an administrative standard can be invalidated by the courts, among others, for the following grounds:  if its application produces unfair results, City of NY v. Harris, 449 US 1124; Harris v. Hassen, 451 US 1032; if the interpretation of the agency is not persuasive and as we stated in this case, the directive  is contrary to the legislative intention, Bernier y Cuevas Segarra, Aprobación e Interpretación de las Leyes, at page 489, and if the agency does not observe nor obeys its own regulation.  García Cabán v. UPR, 120 DPR 267 (1987); Díaz de Llovet v. Oficina del Governador, 112 D.P.R. 747 (1982), García Troncoso v. Adm. del Derecho al Trabajo, 108 DPR 53 (1978); 94 DPR 22 (1967).

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

35

Therefore, having the OCAP enacted a special regulation, pursuant to Law 5 of November 20, 2975, for the implementation of the minimum salary which was in effect, once duly enacted the regulation, it is clear that the discretion of the agency heads is limited.  Bayrón v. Serra, 119 DPR 605, at page 920 and Digna Garcia Trancoso v. ADT, supra.

J- Pursuant to the facts and the law stated this court determines that the directive issued by OCAP in Special Memorandum 5-86 to implement a salary adjustment of the minimum salary is null, with the exception of the Municipalities, since it is totally out of harmony with the provisions of the Retribution Act and the principle of equal pay for equal work guaranteed under Art. II sec. of our Constitution.  Also, because it is clear that the OCAP exceeded its powers of regulation, in recommending a mechanism of salary adjustment that had the real effect of making  disappear, altering and/or converting in effective the salary differences inherent to the classification of the group of plaintiff employees, pursuant to the hierarchy established for the positions that were assigned within the retribution plan of the DTPW, fundamentally violating the precepts of the Law of retribution and its regulation.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-6218
aidatranslation@gmail.com

36

Following this line of thought and insofar as it relates to the allegation of the plaintiffs related to the fact that the standard of adjustment also illegally eliminated, totally or partially, the increases for years of service and productivity and the legislative increases previously received pursuant to special laws still in effect, it is resolved in favor of the plaintiff, since said adjustment shares the same discriminatory motivation.

K-  It is pertinent here to state that Art. 7 of the Law of Uniform Retribution authorizes the Central Office of Personnel Administration (O.C.A.P.) and the individual administrators to grant salary increases for years of service, to extend the salary scales - adding different types of increases - as well as to establish other methods of compensation under the terms established by the aforementioned law to recognize the individual merits of  the employees and to achieve the objective of maintaining a public administration of excellence. Wherefore, once said increases are conferred they form part of their employment contract.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

37

It is important also to leave established that the general increases conferred to the employees through special legislation, form part of a scheme established by the State to offer the employees a permanent economic relief that cannot be diminished.[3]

Wherefore when there arose from the study of the history of said special laws that the intention of the legislature in approving the same was to improve in a permanent manner the living conditions of the employees in the public service, to whom they were directed, we determine that these increases do not exhaust the margin of retribution that the employees have available.[4] In said regard it is emphasized that in the measure that these special laws confer benefits to employees, they require a liberal focus in the interpretation, in order

---

[3]  See Law 90 of July 9, 1986; Law 1 of February 9, 1988; Law 7 of May 1989 and Executive Order OE-1994-42 of August 15, 1994, among others.

[4]  It is necessary to point out that in the answer to the consultation submitted by the Dept. of Labor and Human Resources of June 1, 1992, and which was stipulated as Exhibit XVIII, the QCAP reached the same results in analyzing the definition of scale of retribution in Art. 6, clause 12 of the Regulation of Uniform Retribution and concluding that "the salary increases that the public employees receive pursuant to the express provision of any law cannot be considered as part of the margin of retribution that the employees have in the salary scale that applies to them.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

38

to comply with the will of the legislator. Garcia v. Shiley, 88 JTS 101 and Santiago v. Kodak, 92 JTS 11.

There contributes to what is stated the clear text of the aforementioned statutes, since it is expressly provided that these increases be granted without adjusting the scales and provides the pertinent budgetary assignments in the general budget of expenses for the subsequent years, to guarantee their continuity. Therefore, it is clear that the general increases are granted to the employee itself and in a manner independent of the salary scales, which convinces us that the legislator did not lose sight of the fact that it was still necessary to protect the governmental employees against possible attempts to impair their salaries.

Especially, when, we noticed that satis statutes are analogous to other previous laws, where the intention was clar to guarantee that the employee receive said increases in an integral manner so that the same would not suffer any reduction.

Due to the facts and the law stated, it is forceful to conclude and we

Certified to be a true and correct
translation from its original
Aida Torres, USSC1
Tel. 787-225-8218
aidatranslation@gmail.com

39

resolve that this claim satisfies the requirements and is applicable within the scope of protection of the law.  Wherefore, it corresponds to this court to enforce the protective labor laws and to give a real content to the principle established in our Bill of Rights and to embrace the allegations of the plaintiffs regarding the important aspect of the indemnification items claimed, in light of the provision of our laws.  Especially, when it is a cardinal principal and it assists the plaintiffs the right to receive their complete salary during the period that their retribution was affected.  Yolanda San Miguel v. ELA, 93 CDT 139.

L- Among the remedies that can be  conferred to the employees when they prevail in a cause of action for salary discrimination, are those items that are adjudicated for salaries unduly retained.   Also, there are items for indemnification or damages, the costs and attorneys fees.

It is pertinent to point out that the imposition of fees is instrumented in our law under Sec. 3114 to 3117 of the Code of Civil Procedure, since the term "employer" includes the traditional agents of the government and public corporations of the State Government and/or their representatives.

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

40

The imposition of fees is also contemplated under Rule 44.1 of Civil Procedure, since they form part of an integral law designed within a remedial scheme, to give effect to the values over which our democratic society is erected, within the context of employer-employee.  Wherefore, and after having reviewed the cases in the Federal sphere with the model adopted in <u>Lopez Vicil v. I.T.T.,</u> 143 DPR 574 we determine that the traditional government agencies are not exempt from the payment of fees in cases such as the one involved herein, since they arbitrarily retained salaries or the employee claims any right or sum of money against his employer, pursuant to the  Federal or local labor legislation.  It is also necessary to clarify that in the Federal sphere, under the provisions of the FLSA, 29 USCA sec. 216(b) the attorney fees are mandatory, which establishes a distinction among the cases under the civil rights law, 42 USCA sec. 1988, where the fees are discretional in nature.  See the cases of <u>Henley v. Ecker,</u> 461 US 424 (1983); <u>Texas State Teachers Association v. Garland Independent School District,</u> 489 US 782 and <u>Bonnette v. California Health & Welfare,</u> 704 F2nd 1466, 1473.  Roofers Local 307, 732 F.3d at 502 and compare this with <u>Soler v. G & U., Inc.,</u> 801 F. Supp. 1056, where  the attorneys

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

41

fees was distributed among several defendants, in consideration to their individual responsibility.

M- Our Law also authorizes the issuance of an injunctive remedy to avoid future violations, as resolved in the cases of <u>Acevedo Santiago v. Western Digital Caribe, Inc., et als,</u> Opinion and Judgment of March 21, 1996, 140 DPR ---- (1996) and <u>Norma Segarra Hernandez v. Royal Bank de PR</u>, 98 CA 36 to 98 CA 40.

Wherefore it having been determined in this cases that the defendants incurred in a pattern of behavior and repetitive violations of the statutes invoked, and it being resolved that the injunction merely requires that the person or entity do what the Law requires and the function of the court is to be a monitor, in view of the duty that the courts have to ensure that the legal provisions are fully complied with, there is granted to the plaintfifs the permanent injunctive remedy requested.

In view of what is previously stated, we issue the present

### JUDGMENT

(a)     The plaintiffs are granted the permanent injunctive remedy requested and as a result thereof it is Ordered and the defendants are advised

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

42

that they must comply with their ministerial responsibility to maintain the salary structure of the DTPW updated and in agreement with the increases in the minimum salary, which from time to time are established and prohibiting that in the future they leave inoparative and convert in ineffective the retribution system adopted in this agency.

(b) There is ordered the payment of all of the salaries and earnings that were not received since the structure of retribution of the DTPW was left inoperative as of the application in said agency of the minimum salary and the restitution of any salary increase, bonus, stipend that was eliminated from the respective plaintiffs. To the efect of calculating the assets not received by each plaintiff, it is ordered to the defendants that, for the period comprised between April 1986 to April 15, 1995 they calculate the salaries withheld using the model scales prepared by OCAP, as applicable to the different increases in the minimum salary and the hierarchy assigned to the individual positions occupied by each plaintiff.

Insofar as the scale adopted by the DTOP in January of 2000 with an anchor salry of $840, it is ordered that there be conferred an effective date of

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

43

September 1, 1997 and the plaintiffs be paid the difference in the salary illegally retained, according to the level assigned to their respective procedures.   The same procedure must e carried out in relation to the increase that entered into effect on September 2000.   Furthermore, to restores to the plaintiffs that this corresponds to, the salary increases that were eliminated when the minimum salary was implemented, these increases must be added after assigning the positions in the corresponding scale and the retribution that corresponds is established, in order to prevent an impairment.

(c)   It is also ordered that after adding the totality of the salaries owed, there be added the legal interests accrued as of the date of the filing of the complaint, as a penalty.

(d)   Having granted the remedies to those entitled to the same, the plaintiffs; for the purpose of the Court being able to dispose in a final manner of this case,  the legal representatives of the parties are ordered, that as part of the procedures of execution of a Judgment, once this Judgment becomes final and binding, that within ninety days after this,  they meet to establish a certain and specific amount of the salaries or benefits owed to each plaintiff, making the

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

44

individual calculations, proceeding to inform this to the Court in this period of time so that the Court can, pursuant to what is informed, order the payment to each plaintiff in a specific manner and to that effect.

(e) the defendants must also satisfy the costs and expenses of the litigation and pay 25% for fees for the benefit of each plaintiff, which amount of fees will be calculated over the amount that corresponds to each one of the plaintiff prior to making the individual calculations.   See the Code of Civil Procedure, 32 LPRA 3115 and the case of Lopez Vicil v. I.T.T., 143 DPR 574.

RECORD AND NOTIFY.

In San Juan, Puerto Rico, September 26, 2003.

s/Eliadis Orsini Zayas
**ELIADIS ORSINI ZAYAS**
**SUPERIOR COURT JUDGE**

I CERTIFY:

ATTY. REBECCA RIVERA TORRES
REGIONAL GENERAL CLERK

By:  Miguel Fernández (illegible)
             Dep. Clerk
Deputy Clerk                s/illegible

Certified to be a true and correct
translation from its original
Aida Torres, USSCI
Tel. 787-225-8218
aidatranslation@gmail.com

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS Y KAC-1991-0665 DE CARMEN S. CRUZ
HERNÁNDEZ Y OTROS VS. ESTADO LIBRE ASOCIADO, PARA SER EFECTIVAS AL 15 DE ABRIL DE 1986

## TIPOS INTERMEDIOS

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 545 | 566 | 588 | 610 | 633 | 658 | 683 | 709 | 736 |
| 2 | 556 | 577 | 599 | 622 | 646 | 671 | 697 | 723 | 751 |
| 3 | 567 | 589 | 611 | 634 | 659 | 684 | 710 | 737 | 765 |
| 4 | 578 | 600 | 623 | 647 | 671 | 697 | 724 | 751 | 780 |
| 5 | 590 | 612 | 636 | 660 | 685 | 711 | 739 | 767 | 796 |
| 6 | 602 | 625 | 649 | 674 | 700 | 726 | 754 | 783 | 813 |
| 7 | 614 | 637 | 662 | 687 | 713 | 741 | 769 | 798 | 829 |
| 8 | 626 | 650 | 675 | 701 | 727 | 755 | 784 | 814 | 845 |
| 9 | 639 | 663 | 689 | 715 | 743 | 771 | 801 | 831 | 863 |
| 10 | 652 | 677 | 703 | 730 | 757 | 786 | 816 | 848 | 880 |
| 11 | 665 | 690 | 717 | 744 | 773 | 802 | 833 | 865 | 898 |
| 12 | 678 | 704 | 731 | 759 | 788 | 818 | 849 | 881 | 915 |
| 13 | 692 | 718 | 746 | 774 | 804 | 835 | 867 | 900 | 934 |
| 14 | 706 | 733 | 761 | 790 | 820 | 852 | 884 | 918 | 953 |
| 15 | 720 | 748 | 776 | 806 | 837 | 869 | 902 | 936 | 972 |
| 16 | 734 | 762 | 791 | 821 | 853 | 885 | 919 | 954 | 991 |
| 17 | 756 | 785 | 815 | 846 | 879 | 912 | 947 | 983 | 1,021 |
| 18 | 779 | 809 | 840 | 872 | 905 | 940 | 976 | 1,013 | 1,052 |

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS Y KAC-1991-0665 DE CARMEN S. CRUZ
HERNÁNDEZ Y OTROS VS. ESTADO LIBRE ASOCIADO, PARA SER EFECTIVAS AL 15 DE ABRIL DE 1986

## TIPOS INTERMEDIOS

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 802 | 833 | 865 | 898 | 932 | 968 | 1,005 | 1,043 | 1,083 |
| 20 | 834 | 866 | 899 | 933 | 969 | 1,006 | 1,045 | 1,085 | 1,126 |
| 21 | 867 | 900 | 934 | 970 | 1,007 | 1,046 | 1,086 | 1,127 | 1,170 |
| 22 | 902 | 936 | 972 | 1,010 | 1,048 | 1,088 | 1,130 | 1,173 | 1,218 |
| 23 | 938 | 974 | 1,011 | 1,050 | 1,090 | 1,131 | 1,175 | 1,219 | 1,266 |
| 24 | 976 | 1,013 | 1,052 | 1,092 | 1,134 | 1,178 | 1,223 | 1,269 | 1,318 |
| 25 | 1,015 | 1,054 | 1,094 | 1,136 | 1,179 | 1,224 | 1,271 | 1,320 | 1,370 |
| 26 | 1,056 | 1,096 | 1,138 | 1,182 | 1,227 | 1,274 | 1,323 | 1,373 | 1,426 |
| 27 | 1,098 | 1,140 | 1,183 | 1,229 | 1,276 | 1,324 | 1,375 | 1,427 | 1,482 |
| 28 | 1,142 | 1,186 | 1,231 | 1,278 | 1,327 | 1,378 | 1,430 | 1,485 | 1,542 |
| 29 | 1,188 | 1,233 | 1,280 | 1,330 | 1,380 | 1,433 | 1,488 | 1,545 | 1,604 |
| 30 | 1,236 | 1,283 | 1,332 | 1,383 | 1,436 | 1,491 | 1,548 | 1,608 | 1,669 |
| 31 | 1,285 | 1,334 | 1,385 | 1,438 | 1,493 | 1,550 | 1,610 | 1,671 | 1,735 |
| 32 | 1,343 | 1,394 | 1,448 | 1,503 | 1,560 | 1,620 | 1,682 | 1,746 | 1,813 |
| 33 | 1,403 | 1,457 | 1,512 | 1,570 | 1,630 | 1,692 | 1,757 | 1,824 | 1,894 |
| 34 | 1,466 | 1,522 | 1,580 | 1,641 | 1,703 | 1,768 | 1,836 | 1,906 | 1,979 |
| 35 | 1,532 | 1,591 | 1,651 | 1,714 | 1,780 | 1,848 | 1,919 | 1,992 | 2,068 |
| 36 | 1,601 | 1,662 | 1,726 | 1,792 | 1,860 | 1,931 | 2,005 | 2,081 | 2,161 |

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS Y KAC-1991-0665 DE CARMEN S. CRUZ
HERNÁNDEZ Y OTROS VS. ESTADO LIBRE ASOCIADO, PARA SER EFECTIVAS AL 15 DE ABRIL DE 1986

## TIPOS INTERMEDIOS

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 37 | 1,673 | 1,737 | 1,803 | 1,872 | 1,944 | 2,018 | 2,096 | 2,176 | 2,259 |
| 38 | 1,757 | 1,823 | 1,892 | 1,963 | 2,037 | 2,114 | 2,194 | 2,276 | 2,362 |
| 39 | 1,862 | 1,929 | 1,998 | 2,070 | 2,145 | 2,222 | 2,302 | 2,384 | 2,470 |

En Guaynabo, Puerto Rico a   FEB 2 8 2005

Marta R. Beltrán Dones
Directora
Oficina de Recursos Humanos del Estado Libre Asociado

Anatomía de la Estructura Salarial:

Incrementos:

| Horizontal | 1-38 | 35% |
| | 39 | 32.6% |

| Vertical | 1-15 | 2% |
| | 15-19 | 3% |
| | 19-31 | 4% |
| | 31-37 | 4.5% |
| | 37-38 | 5% |
| | 38-39 | 6% |

MRJ/idg

Estado Libre Asociado de Puerto Rico

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS Y KAC-1991-0665 DE CARMEN S. CRUZ
HERNÁNDEZ Y OTROS VS. ESTADO LIBRE ASOCIADO, PARA SER EFECTIVAS AL 1 DE ABRIL DE 1990

### TIPOS INTERMEDIOS

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 577 | 599 | 622 | 645 | 670 | 695 | 722 | 749 | 778 |
| 2 | 589 | 611 | 634 | 658 | 683 | 709 | 736 | 764 | 793 |
| 3 | 600 | 623 | 647 | 671 | 697 | 723 | 751 | 779 | 809 |
| 4 | 612 | 636 | 660 | 685 | 711 | 738 | 766 | 795 | 825 |
| 5 | 625 | 648 | 673 | 699 | 725 | 753 | 781 | 811 | 842 |
| 6 | 637 | 661 | 686 | 712 | 740 | 768 | 797 | 827 | 859 |
| 7 | 650 | 674 | 700 | 727 | 754 | 783 | 813 | 844 | 876 |
| 8 | 663 | 688 | 714 | 741 | 769 | 799 | 829 | 861 | 893 |
| 9 | 676 | 702 | 728 | 756 | 785 | 815 | 846 | 878 | 911 |
| 10 | 690 | 716 | 743 | 771 | 801 | 831 | 863 | 895 | 929 |
| 11 | 703 | 730 | 758 | 787 | 817 | 848 | 880 | 913 | 948 |
| 12 | 717 | 745 | 773 | 802 | 833 | 864 | 897 | 931 | 967 |
| 13 | 732 | 760 | 788 | 818 | 850 | 882 | 915 | 950 | 986 |
| 14 | 746 | 775 | 804 | 835 | 866 | 899 | 934 | 969 | 1,006 |
| 15 | 761 | 790 | 820 | 851 | 884 | 917 | 952 | 988 | 1,026 |
| 16 | 777 | 806 | 837 | 869 | 902 | 936 | 971 | 1,008 | 1,047 |
| 17 | 800 | 830 | 862 | 895 | 929 | 964 | 1,000 | 1,038 | 1,078 |
| 18 | 824 | 855 | 888 | 921 | 956 | 993 | 1,030 | 1,070 | 1,110 |

2

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS Y KAC-1991-0665 DE CARMEN S. CRUZ
HERNÁNDEZ Y OTROS VS. ESTADO LIBRE ASOCIADO, PARA SER  EFECTIVAS AL 1 DE ABRIL DE 1990

## TIPOS INTERMEDIOS

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 849 | 881 | 914 | 949 | 985 | 1,023 | 1,061 | 1,102 | 1,144 |
| 20 | 883 | 916 | 951 | 987 | 1,025 | 1,063 | 1,104 | 1,146 | 1,189 |
| 21 | 918 | 953 | 989 | 1,026 | 1,065 | 1,106 | 1,148 | 1,192 | 1,237 |
| 22 | 955 | 991 | 1,028 | 1,068 | 1,108 | 1,150 | 1,194 | 1,239 | 1,286 |
| 23 | 993 | 1,030 | 1,070 | 1,110 | 1,152 | 1,196 | 1,242 | 1,289 | 1,338 |
| 24 | 1,032 | 1,072 | 1,112 | 1,155 | 1,199 | 1,244 | 1,291 | 1,340 | 1,391 |
| 25 | 1,074 | 1,115 | 1,157 | 1,201 | 1,246 | 1,294 | 1,343 | 1,394 | 1,447 |
| 26 | 1,117 | 1,159 | 1,203 | 1,249 | 1,296 | 1,346 | 1,397 | 1,450 | 1,505 |
| 27 | 1,161 | 1,205 | 1,251 | 1,299 | 1,348 | 1,399 | 1,453 | 1,508 | 1,565 |
| 28 | 1,208 | 1,254 | 1,301 | 1,351 | 1,402 | 1,455 | 1,511 | 1,568 | 1,628 |
| 29 | 1,256 | 1,304 | 1,353 | 1,405 | 1,458 | 1,514 | 1,571 | 1,631 | 1,693 |
| 30 | 1,306 | 1,356 | 1,408 | 1,461 | 1,517 | 1,574 | 1,634 | 1,696 | 1,760 |
| 31 | 1,359 | 1,410 | 1,464 | 1,519 | 1,577 | 1,637 | 1,699 | 1,764 | 1,831 |
| 32 | 1,420 | 1,474 | 1,530 | 1,588 | 1,648 | 1,711 | 1,776 | 1,843 | 1,913 |
| 33 | 1,484 | 1,540 | 1,599 | 1,659 | 1,722 | 1,788 | 1,856 | 1,926 | 1,999 |
| 34 | 1,550 | 1,609 | 1,670 | 1,734 | 1,800 | 1,868 | 1,939 | 2,013 | 2,089 |
| 35 | 1,620 | 1,682 | 1,746 | 1,812 | 1,881 | 1,952 | 2,026 | 2,103 | 2,183 |
| 36 | 1,693 | 1,757 | 1,824 | 1,893 | 1,965 | 2,040 | 2,118 | 2,198 | 2,282 |

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS Y KAC-1991-0665 DE CARMEN S. CRUZ
HERNÁNDEZ Y OTROS VS. ESTADO LIBRE ASOCIADO, PARA SER EFECTIVAS AL 1 DE ABRIL DE 1990

## TIPOS INTERMEDIOS

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 37 | 1,769 | 1,836 | 1,906 | 1,979 | 2,054 | 2,132 | 2,213 | 2,297 | 2,384 |
| 38 | 1,858 | 1,928 | 2,002 | 2,078 | 2,157 | 2,239 | 2,324 | 2,412 | 2,504 |
| 39 | 1,969 | 2,044 | 2,122 | 2,202 | 2,286 | 2,373 | 2,463 | 2,557 | 2,654 |

En Guaynabo, Puerto Rico a FEB 2 8 2005

Marta J. Beltrán Dones
Directora
Oficina de Recursos Humanos del Estado Libre Asociado

Anatomía de la Estructura Salarial:

Incrementos:

Horizontal   1-38   3.8%          Vertical   1-16   2%
                                             16-19   3%
                                             19-31   4%
                                             31-37   4.5%
                                             37-38   5%
                                             38-39   6%

MRJ/idg

Estado Libre Asociado de Puerto Rico

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS, PARA SER  EFECTIVAS AL 1 DE ABRIL DE
1992

## TIPOS INTERMEDIOS

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 634 | 659 | 684 | 711 | 739 | 768 | 798 | 829 | 861 |
| 2 | 650 | 675 | 702 | 729 | 757 | 787 | 818 | 849 | 883 |
| 3 | 666 | 692 | 719 | 747 | 776 | 807 | 838 | 871 | 905 |
| 4 | 683 | 709 | 737 | 766 | 796 | 827 | 859 | 892 | 927 |
| 5 | 700 | 727 | 755 | 785 | 816 | 847 | 880 | 915 | 950 |
| 6 | 717 | 745 | 774 | 805 | 836 | 869 | 902 | 938 | 974 |
| 7 | 735 | 764 | 794 | 825 | 857 | 890 | 925 | 961 | 999 |
| 8 | 754 | 783 | 814 | 845 | 878 | 913 | 948 | 985 | 1,023 |
| 9 | 772 | 803 | 834 | 866 | 900 | 935 | 972 | 1,010 | 1,049 |
| 10 | 792 | 823 | 855 | 888 | 923 | 959 | 996 | 1,035 | 1,075 |
| 11 | 812 | 843 | 876 | 910 | 946 | 983 | 1,021 | 1,061 | 1,102 |
| 12 | 832 | 864 | 898 | 933 | 969 | 1,007 | 1,047 | 1,087 | 1,130 |
| 13 | 853 | 886 | 920 | 956 | 994 | 1,032 | 1,073 | 1,115 | 1,158 |
| 14 | 874 | 908 | 943 | 980 | 1,019 | 1,058 | 1,099 | 1,142 | 1,187 |
| 15 | 896 | 931 | 967 | 1,005 | 1,044 | 1,085 | 1,127 | 1,171 | 1,217 |
| 16 | 918 | 954 | 991 | 1,030 | 1,070 | 1,112 | 1,155 | 1,200 | 1,247 |
| 17 | 941 | 978 | 1,016 | 1,056 | 1,097 | 1,140 | 1,184 | 1,230 | 1,278 |
| 18 | 979 | 1,017 | 1,057 | 1,098 | 1,141 | 1,185 | 1,231 | 1,279 | 1,329 |

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS, PARA SER EFECTIVAS AL 1 DE ABRIL DE 1992

**TIPOS INTERMEDIOS**

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 1,018 | 1,058 | 1,099 | 1,142 | 1,186 | 1,233 | 1,281 | 1,331 | 1,382 |
| 20 | 1,059 | 1,100 | 1,143 | 1,187 | 1,234 | 1,282 | 1,332 | 1,384 | 1,438 |
| 21 | 1,101 | 1,144 | 1,189 | 1,235 | 1,283 | 1,333 | 1,385 | 1,439 | 1,495 |
| 22 | 1,145 | 1,190 | 1,236 | 1,284 | 1,334 | 1,386 | 1,441 | 1,497 | 1,555 |
| 23 | 1,191 | 1,237 | 1,286 | 1,336 | 1,388 | 1,442 | 1,498 | 1,557 | 1,617 |
| 24 | 1,239 | 1,287 | 1,337 | 1,389 | 1,443 | 1,500 | 1,558 | 1,619 | 1,682 |
| 25 | 1,288 | 1,338 | 1,390 | 1,445 | 1,501 | 1,560 | 1,620 | 1,684 | 1,749 |
| 26 | 1,340 | 1,392 | 1,446 | 1,503 | 1,561 | 1,622 | 1,685 | 1,751 | 1,819 |
| 27 | 1,393 | 1,448 | 1,504 | 1,563 | 1,624 | 1,687 | 1,753 | 1,821 | 1,892 |
| 28 | 1,456 | 1,513 | 1,572 | 1,633 | 1,697 | 1,763 | 1,832 | 1,903 | 1,977 |
| 29 | 1,521 | 1,581 | 1,642 | 1,706 | 1,773 | 1,842 | 1,914 | 1,989 | 2,066 |
| 30 | 1,590 | 1,652 | 1,716 | 1,783 | 1,853 | 1,925 | 2,000 | 2,078 | 2,159 |
| 31 | 1,661 | 1,726 | 1,793 | 1,863 | 1,936 | 2,012 | 2,090 | 2,172 | 2,256 |
| 32 | 1,736 | 1,804 | 1,874 | 1,947 | 2,023 | 2,102 | 2,184 | 2,269 | 2,358 |
| 33 | 1,814 | 1,885 | 1,959 | 2,035 | 2,114 | 2,197 | 2,282 | 2,371 | 2,464 |
| 34 | 1,896 | 1,970 | 2,047 | 2,126 | 2,209 | 2,296 | 2,385 | 2,478 | 2,575 |
| 35 | 1,981 | 2,058 | 2,139 | 2,222 | 2,309 | 2,399 | 2,492 | 2,590 | 2,691 |
| 36 | 2,070 | 2,151 | 2,235 | 2,322 | 2,413 | 2,507 | 2,605 | 2,706 | 2,812 |

3

ESCALAS DE SUELDO APLICABLES EN EL CASO NÚM. KAC-1990-0487 DE JUAN PÉREZ COLÓN Y OTROS
VS. DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS, PARA SER EFECTIVAS AL 1 DE ABRIL DE
1992

**TIPOS INTERMEDIOS**

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| 37 | 2,164 | 2,248 | 2,336 | 2,427 | 2,521 | 2,620 | 2,722 | 2,828 | 2,938 |
| 38 | 2,261 | 2,349 | 2,441 | 2,536 | 2,635 | 2,738 | 2,844 | 2,955 | 3,070 |
| 39 | 2,363 | 2,455 | 2,551 | 2,650 | 2,753 | 2,861 | 2,972 | 3,088 | 3,209 |

En Guaynabo, Puerto Rico a FEB 2 8 2005

Marta T. Beltrán Dones
Directora
Oficina de Recursos Humanos del Estado Libre Asociado

Gabriel Alcaraz Emmanuelli
Secretario
Departamento de Transportación
y Obras Públicas

Anatomía de la Estructura Salarial:

Incrementos:

Horizontal   1 –39   3.9%        Vertical        1 –17   2.5%
                                                17-27   4.0%
                                                27-39   4.5%

MRJ/ldg

Estado Libre Asociado de Puerto Rico
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS

ESCALAS DE SUELDOS APLICABLES EN EL CASO NÚM. KAC-1990-487 DE JUAN PÉREZ COLÓN VS.
ESTADO LIBRE ASOCIADO DE PUERTO RICO PARA SER EFECTIVAS AL 1 DE ABRIL DE 1993

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **TIPOS INTERMEDIOS** | | | | | | | | | |
| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
| 1 | 659 | 685 | 711 | 739 | 768 | 798 | 829 | 861 | 895 |
| 2 | 675 | 702 | 729 | 758 | 787 | 818 | 850 | 883 | 917 |
| 3 | 692 | 719 | 747 | 777 | 807 | 838 | 871 | 905 | 940 |
| 4 | 710 | 737 | 766 | 796 | 827 | 859 | 893 | 928 | 964 |
| 5 | 727 | 756 | 785 | 816 | 848 | 881 | 915 | 951 | 988 |
| 6 | 746 | 775 | 805 | 836 | 869 | 903 | 938 | 975 | 1013 |
| 7 | 764 | 794 | 825 | 857 | 891 | 925 | 961 | 999 | 1038 |
| 8 | 783 | 814 | 846 | 879 | 913 | 948 | 985 | 1024 | 1064 |
| 9 | 803 | 834 | 867 | 901 | 936 | 972 | 1010 | 1050 | 1090 |
| 10 | 823 | 855 | 888 | 923 | 959 | 997 | 1035 | 1076 | 1118 |
| 11 | 844 | 876 | 911 | 946 | 983 | 1021 | 1061 | 1103 | 1146 |
| 12 | 865 | 898 | 933 | 970 | 1008 | 1047 | 1088 | 1130 | 1174 |
| 13 | 886 | 921 | 957 | 994 | 1033 | 1073 | 1115 | 1158 | 1204 |
| 14 | 908 | 944 | 981 | 1019 | 1059 | 1100 | 1143 | 1187 | 1234 |
| 15 | 931 | 967 | 1005 | 1044 | 1085 | 1127 | 1171 | 1217 | 1265 |
| 16 | 954 | 992 | 1030 | 1071 | 1112 | 1156 | 1201 | 1248 | 1296 |

## Estado Libre Asociado de Puerto Rico
### DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS

ESCALAS DE SUELDOS APLICABLES EN EL CASO NÚM. KAC-1990-487 DE JUAN PÉREZ COLÓN VS. ESTADO LIBRE ASOCIADO DE PUERTO RICO PARA SER EFECTIVAS AL 1 DE ABRIL DE 1994

| TIPOS INTERMEDIOS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
| 1 | 691 | 708 | 725 | 742 | 760 | 778 | 797 | 816 | 835 |
| 2 | 710 | 727 | 744 | 762 | 780 | 799 | 818 | 838 | 858 |
| 3 | 729 | 746 | 764 | 783 | 801 | 821 | 840 | 860 | 881 |
| 4 | 748 | 766 | 785 | 804 | 823 | 843 | 863 | 884 | 905 |
| 5 | 769 | 787 | 806 | 825 | 845 | 865 | 886 | 908 | 929 |
| 6 | 789 | 808 | 828 | 848 | 868 | 889 | 910 | 932 | 954 |
| 7 | 811 | 830 | 850 | 871 | 891 | 913 | 935 | 957 | 980 |
| 8 | 833 | 853 | 873 | 894 | 916 | 937 | 960 | 983 | 1007 |
| 9 | 855 | 876 | 897 | 918 | 940 | 963 | 986 | 1010 | 1034 |
| 10 | 878 | 899 | 921 | 943 | 966 | 989 | 1013 | 1037 | 1062 |
| 11 | 902 | 924 | 946 | 968 | 992 | 1016 | 1040 | 1065 | 1090 |
| 12 | 926 | 949 | 971 | 995 | 1018 | 1043 | 1068 | 1094 | 1120 |
| 13 | 951 | 974 | 998 | 1021 | 1046 | 1071 | 1097 | 1123 | 1150 |
| 14 | 977 | 1000 | 1024 | 1049 | 1074 | 1100 | 1126 | 1153 | 1181 |

| | | | | | TIPOS INTERMEDIOS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NÚMERO DE LA ESCALA | TIPO MÍNIMO | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TIPO MÁXIMO |
| 15 | 1003 | 1027 | 1052 | 1077 | 1103 | 1130 | 1157 | 1185 | 1213 |
| 16 | 1030 | 1055 | 1081 | 1106 | 1133 | 1160 | 1188 | 1217 | 1246 |
| 17 | 1058 | 1084 | 1110 | 1136 | 1164 | 1192 | 1220 | 1249 | 1279 |
| 18 | 1087 | 1113 | 1140 | 1167 | 1195 | 1224 | 1253 | 1283 | 1314 |
| 19 | 1130 | 1157 | 1185 | 1214 | 1243 | 1273 | 1303 | 1334 | 1366 |
| 20 | 1176 | 1211 | 1247 | 1285 | 1323 | 1363 | 1404 | 1446 | 1489 |
| 21 | 1223 | 1259 | 1297 | 1336 | 1376 | 1417 | 1460 | 1504 | 1549 |
| 22 | 1271 | 1310 | 1349 | 1389 | 1431 | 1474 | 1518 | 1564 | 1611 |
| 23 | 1322 | 1362 | 1403 | 1445 | 1488 | 1533 | 1579 | 1626 | 1675 |
| 24 | 1375 | 1416 | 1459 | 1503 | 1548 | 1594 | 1642 | 1691 | 1742 |
| 25 | 1430 | 1473 | 1517 | 1563 | 1610 | 1658 | 1708 | 1759 | 1812 |
| 26 | 1487 | 1532 | 1578 | 1625 | 1674 | 1724 | 1776 | 1829 | 1884 |
| 27 | 1547 | 1593 | 1641 | 1690 | 1741 | 1793 | 1847 | 1903 | 1960 |
| 28 | 1609 | 1657 | 1707 | 1758 | 1811 | 1865 | 1921 | 1979 | 2038 |
| 29 | 1673 | 1723 | 1775 | 1828 | 1883 | 1940 | 1998 | 2058 | 2120 |
| 30 | 1740 | 1792 | 1846 | 1901 | 1959 | 2017 | 2078 | 2140 | 2204 |
| 31 | 1810 | 1864 | 1920 | 1978 | 2037 | 2098 | 2161 | 2226 | 2292 |
| 32 | 1882 | 1939 | 1997 | 2057 | 2118 | 2182 | 2247 | 2315 | 2384 |
| 33 | 1957 | 2016 | 2077 | 2139 | 2203 | 2269 | 2337 | 2407 | 2480 |
| 34 | 2036 | 2097 | 2160 | 2224 | 2291 | 2360 | 2431 | 2504 | 2579 |
| 35 | 2117 | 2181 | 2246 | 2313 | 2383 | 2454 | 2528 | 2604 | 2682 |

| NÚMERO DE LA ESCALA | TIPO MÍNIMO | TIPOS INTERMEDIOS | | | | | | | TIPO MÁXIMO |
|---|---|---|---|---|---|---|---|---|---|
| | | **1** | **2** | **3** | **4** | **5** | **6** | **7** | |
| 36 | 2202 | 2268 | 2336 | 2406 | 2478 | 2552 | 2629 | 2708 | 2789 |
| 37 | 2290 | 2359 | 2429 | 2502 | 2577 | 2655 | 2734 | 2816 | 2901 |
| 38 | 2381 | 2453 | 2526 | 2602 | 2680 | 2761 | 2844 | 2929 | 3017 |
| 39 | 2477 | 2551 | 2628 | 2706 | 2788 | 2871 | 2957 | 3046 | 3137 |

En Guaynabo, Puerto Rico a **FEB 2 8 2005**

Marta J. Beltrán Dones
Directora
Oficina de Recursos Humanos
Del Estado Libre Asociado de Puerto Rico

Gabriel Alcaraz Emmanuelli
Secretario
Departamento de Transportación
y Obras Públicas

Vertical

1-18 2.7%
18-39 4%

Horizontal

1-19 2.4%
20-39 3%

MRJ/bm

3

Estado Libre Asociado de Puerto Rico
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS

ESCALAS DE SUELDOS APLICABLES EN EL CASO NÚM. KAC-1990-487 DE JUAN PÉREZ COLÓN VS.
ESTADO LIBRE ASOCIADO DE PUERTO RICO PARA SER EFECTIVAS AL 1 DE OCTUBRE DE 1996

| TIPOS INTERMEDIOS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Número de la Escala | Tipo Mínimo | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Tipo Máximo |
| 1 | 772 | 794 | 816 | 839 | 862 | 886 | 911 | 937 | 963 |
| 2 | 795 | 817 | 840 | 864 | 888 | 913 | 938 | 965 | 992 |
| 3 | 819 | 842 | 866 | 890 | 915 | 940 | 967 | 994 | 1021 |
| 4 | 844 | 867 | 891 | 916 | 942 | 968 | 996 | 1023 | 1052 |
| 5 | 869 | 893 | 918 | 944 | 970 | 998 | 1025 | 1054 | 1084 |
| 6 | 895 | 920 | 946 | 972 | 999 | 1027 | 1056 | 1086 | 1116 |
| 7 | 922 | 948 | 974 | 1001 | 1029 | 1058 | 1088 | 1118 | 1150 |
| 8 | 949 | 976 | 1003 | 1031 | 1060 | 1090 | 1121 | 1152 | 1184 |
| 9 | 978 | 1005 | 1033 | 1062 | 1092 | 1123 | 1154 | 1186 | 1220 |
| 10 | 1007 | 1035 | 1064 | 1094 | 1125 | 1156 | 1189 | 1222 | 1256 |
| 11 | 1038 | 1067 | 1096 | 1127 | 1159 | 1191 | 1224 | 1259 | 1294 |
| 12 | 1069 | 1099 | 1129 | 1161 | 1193 | 1227 | 1261 | 1297 | 1333 |
| 13 | 1103 | 1138 | 1173 | 1209 | 1247 | 1285 | 1325 | 1366 | 1409 |
| 14 | 1139 | 1175 | 1211 | 1248 | 1287 | 1327 | 1368 | 1411 | 1454 |
| 15 | 1176 | 1213 | 1250 | 1289 | 1329 | 1370 | 1413 | 1456 | 1502 |
| 16 | 1214 | 1252 | 1291 | 1331 | 1372 | 1415 | 1459 | 1504 | 1550 |
| 17 | 1254 | 1293 | 1333 | 1374 | 1417 | 1461 | 1506 | 1553 | 1601 |

2

| Número de la Escala | Tipo Mínimo | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Tipo Máximo |
|---|---|---|---|---|---|---|---|---|---|
| **TIPOS INTERMEDIOS** | | | | | | | | | |
| 18 | 1295 | 1335 | 1376 | 1419 | 1463 | 1508 | 1555 | 1603 | 1653 |
| 19 | 1340 | 1384 | 1430 | 1477 | 1526 | 1576 | 1628 | 1682 | 1737 |
| 20 | 1387 | 1433 | 1480 | 1529 | 1579 | 1631 | 1685 | 1741 | 1798-|
| 21 | 1435 | 1483 | 1532 | 1582 | 1635 | 1688 | 1744 | 1802 | 1861 |
| 22 | 1486 | 1535 | 1585 | 1638 | 1692 | 1748 | 1805 | 1865 | 1926 |
| 23 | 1545 | 1599 | 1655 | 1713 | 1773 | 1835 | 1899 | 1966 | 2035 |
| 24 | 1607 | 1663 | 1721 | 1782 | 1844 | 1909 | 1975 | 2044 | 2116 |
| 25 | 1671 | 1730 | 1790 | 1853 | 1918 | 1985 | 2054 | 2126 | 2201 |
| 26 | 1738 | 1799 | 1862 | 1927 | 1994 | 2064 | 2137 | 2211 | 2289 |
| 27 | 1808 | 1871 | 1936 | 2004 | 2074 | 2147 | 2222 | 2300 | 2380 |
| 28 | 1880 | 1946 | 2014 | 2084 | 2157 | 2233 | 2311 | 2392 | 2475 |
| 29 | 1955 | 2023 | 2094 | 2168 | 2243 | 2322 | 2403 | 2487 | 2574 |
| 30 | 2033 | 2104 | 2178 | 2254 | 2333 | 2415 | 2499 | 2587 | 2677 |

En Guaynabo, Puerto Rico a FEB 28 2005

Marta T. Beltrán Dones
Directora
Oficina de Recursos Humanos
Del Estado Libre Asociado de Puerto Rico

Gabriel Alcaraz Emmanuelli
Secretario
Departamento de Transportación
y Obras Públicas

Vertical
1-12-3%
12-18-3.25%
18-22-3.5%
22-30-4%
MRJ/im

Horizontal
1-12-2.8%
13-18-3.1%
19-22-3.3%
23-30-3.5%

Estado Libre Asociado de Puerto Rico
## DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS

### ESCALAS DE SUELDOS APLICABLES EN EL CASO NÚM. KAC-1990-487 DE JUAN PÉREZ COLÓN VS. ESTADO LIBRE ASOCIADO DE PUERTO RICO PARA SER EFECTIVAS AL 1 DE SEPTIEMBRE DE 1997

| Número de la Escala | Tipo Mínimo | TIPOS INTERMEDIOS | | | | | | | | | | Tipo Máximo |
| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 840 | 861 | 883 | 905 | 927 | 950 | 974 | 998 | 1023 | 1049 | 1075 | 1102 |
| 2 | 865 | 887 | 909 | 932 | 955 | 979 | 1003 | 1028 | 1054 | 1081 | 1108 | 1135 |
| 3 | 891 | 913 | 936 | 960 | 984 | 1008 | 1033 | 1059 | 1086 | 1113 | 1141 | 1169 |
| 4 | 918 | 941 | 964 | 988 | 1013 | 1039 | 1064 | 1091 | 1118 | 1146 | 1175 | 1204 |
| 5 | 945 | 969 | 993 | 1018 | 1044 | 1070 | 1096 | 1124 | 1152 | 1181 | 1210 | 1240 |
| 6 | 974 | 998 | 1023 | 1049 | 1075 | 1102 | 1129 | 1158 | 1186 | 1216 | 1247 | 1278 |
| 7 | 1003 | 1028 | 1054 | 1080 | 1107 | 1135 | 1163 | 1192 | 1222 | 1253 | 1284 | 1316 |
| 8 | 1033 | 1059 | 1085 | 1113 | 1140 | 1169 | 1198 | 1228 | 1259 | 1290 | 1322 | 1356 |
| 9 | 1064 | 1091 | 1118 | 1146 | 1175 | 1204 | 1234 | 1265 | 1296 | 1329 | 1362 | 1396 |
| 10 | 1096 | 1123 | 1151 | 1180 | 1210 | 1240 | 1271 | 1303 | 1335 | 1369 | 1403 | 1438 |
| 11 | 1129 | 1157 | 1186 | 1216 | 1246 | 1277 | 1309 | 1342 | 1375 | 1410 | 1445 | 1481 |
| 12 | 1163 | 1192 | 1222 | 1252 | 1283 | 1316 | 1348 | 1382 | 1417 | 1452 | 1488 | 1526 |
| 13 | 1203 | 1240 | 1277 | 1315 | 1354 | 1395 | 1437 | 1480 | 1524 | 1570 | 1617 | 1666 |
| 14 | 1246 | 1283 | 1321 | 1361 | 1402 | 1444 | 1487 | 1532 | 1578 | 1625 | 1674 | 1724 |
| 15 | 1289 | 1328 | 1368 | 1409 | 1451 | 1495 | 1539 | 1586 | 1633 | 1682 | 1733 | 1785 |
| 16 | 1334 | 1374 | 1416 | 1458 | 1502 | 1547 | 1593 | 1641 | 1690 | 1741 | 1793 | 1847 |
| 17 | 1381 | 1422 | 1465 | 1509 | 1554 | 1601 | 1649 | 1698 | 1749 | 1802 | 1856 | 1912 |

2

| TIPOS INTERMEDIOS | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Número de la Escala | Tipo Mínimo | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | Tipo Máximo |
| 18 | 1429 | 1472 | 1516 | 1562 | 1609 | 1657 | 1707 | 1758 | 1811 | 1865 | 1921 | 1979 |
| 19 | 1483 | 1531 | 1581 | 1632 | 1685 | 1740 | 1797 | 1855 | 1915 | 1978 | 2042 | 2108 |
| 20 | 1539 | 1589 | 1640 | 1693 | 1749 | 1805 | 1864 | 1925 | 1987 | 2052 | 2118 | 2187 |
| 21 | 1596 | 1648 | 1702 | 1757 | 1814 | 1873 | 1934 | 1997 | 2062 | 2129 | 2198 | 2269 |
| 22 | 1656 | 1710 | 1765 | 1823 | 1882 | 1943 | 2006 | 2072 | 2139 | 2208 | 2280 | 2354 |
| 23 | 1722 | 1787 | 1854 | 1923 | 1996 | 2070 | 2148 | 2229 | 2312 | 2399 | 2489 | 2582 |
| 24 | 1791 | 1858 | 1928 | 2000 | 2075 | 2153 | 2234 | 2318 | 2405 | 2495 | 2588 | 2685 |
| 25 | 1863 | 1933 | 2005 | 2080 | 2158 | 2239 | 2323 | 2410 | 2501 | 2595 | 2692 | 2793 |
| 26 | 1937 | 2010 | 2085 | 2164 | 2245 | 2329 | 2416 | 2507 | 2601 | 2698 | 2800 | 2905 |
| 27 | 2015 | 2090 | 2169 | 2250 | 2335 | 2422 | 2513 | 2607 | 2705 | 2806 | 2912 | 3021 |
| 28 | 2095 | 2174 | 2256 | 2340 | 2428 | 2519 | 2613 | 2711 | 2813 | 2919 | 3028 | 3142 |
| 29 | 2179 | 2261 | 2346 | 2434 | 2525 | 2620 | 2718 | 2820 | 2926 | 3035 | 3149 | 3267 |
| 30 | 2266 | 2351 | 2440 | 2531 | 2626 | 2725 | 2827 | 2933 | 3043 | 3157 | 3275 | 3398 |

En Guaynabo, Puerto Rico a FEB 2 8 2005

María T. Beltrán Dones
Directora
Oficina de Recursos Humanos
Del Estado Libre Asociado de Puerto Rico

Gabriel Alcaraz Emmanuelli
Secretario
Departamento de Transportación
y Obras Públicas

Horizontal
1-12-2.5%
13-18-3.0%
19-22-3.2%
23-30-3.7%

Vertical
1-12-3%
12-18-3.4%
18-23-3.7%
23-30 4.0%

Estado Libre Asociado de Puerto Rico

## DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS

ESCALAS DE SUELDOS APLICABLES EN EL CASO NÚM. KAC-1990-487 DE JUAN PÉREZ COLÓN VS. ESTADO LIBRE ASOCIADO DE PUERTO RICO PARA SER EFECTIVAS AL 1 DE SEPTIEMBRE DE 2000

| Número de la Escala | Tipo Mínimo | TIPOS INTERMEDIOS | | | | | | | | | | Tipo Máximo |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | |
| 1 | 943 | 967 | 991 | 1016 | 1041 | 1067 | 1094 | 1121 | 1149 | 1178 | 1207 | 1237 |
| 2 | 971 | 996 | 1020 | 1046 | 1072 | 1099 | 1126 | 1155 | 1183 | 1213 | 1243 | 1274 |
| 3 | 1000 | 1025 | 1051 | 1077 | 1104 | 1132 | 1160 | 1189 | 1219 | 1249 | 1281 | 1313 |
| 4 | 1030 | 1056 | 1083 | 1110 | 1137 | 1166 | 1195 | 1225 | 1255 | 1287 | 1319 | 1352 |
| 5 | 1061 | 1088 | 1115 | 1143 | 1172 | 1201 | 1231 | 1262 | 1293 | 1325 | 1359 | 1393 |
| 6 | 1093 | 1121 | 1149 | 1177 | 1207 | 1237 | 1268 | 1299 | 1332 | 1365 | 1399 | 1434 |
| 7 | 1126 | 1154 | 1183 | 1213 | 1243 | 1274 | 1306 | 1338 | 1372 | 1406 | 1441 | 1477 |
| 8 | 1160 | 1189 | 1218 | 1249 | 1280 | 1312 | 1345 | 1379 | 1413 | 1448 | 1485 | 1522 |
| 9 | 1195 | 1224 | 1255 | 1286 | 1319 | 1352 | 1385 | 1420 | 1455 | 1492 | 1529 | 1567 |
| 10 | 1230 | 1261 | 1293 | 1325 | 1358 | 1392 | 1427 | 1463 | 1499 | 1537 | 1575 | 1614 |
| 11 | 1267 | 1299 | 1331 | 1365 | 1399 | 1434 | 1470 | 1506 | 1544 | 1583 | 1622 | 1663 |
| 12 | 1305 | 1338 | 1371 | 1406 | 1441 | 1477 | 1514 | 1552 | 1590 | 1630 | 1671 | 1713 |
| 13 | 1350 | 1390 | 1432 | 1475 | 1519 | 1565 | 1612 | 1660 | 1710 | 1761 | 1814 | 1868 |
| 14 | 1396 | 1437 | 1481 | 1525 | 1571 | 1618 | 1666 | 1716 | 1768 | 1821 | 1876 | 1932 |
| 15 | 1443 | 1486 | 1531 | 1577 | 1624 | 1673 | 1723 | 1775 | 1828 | 1883 | 1939 | 1998 |
| 16 | 1492 | 1537 | 1583 | 1630 | 1679 | 1730 | 1782 | 1835 | 1890 | 1947 | 2005 | 2065 |
| 17 | 1543 | 1589 | 1637 | 1686 | 1736 | 1789 | 1842 | 1898 | 1954 | 2013 | 2073 | 2136 |

| TIPOS INTERMEDIOS | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Número de la Escala | Tipo Mínimo | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | Tipo Máximo |
| 18 | 1595 | 1643 | 1692 | 1743 | 1796 | 1849 | 1905 | 1962 | 2021 | 2082 | 2144 | 2208 |
| 19 | 1654 | 1707 | 1762 | 1818 | 1876 | 1937 | 1998 | 2062 | 2128 | 2197 | 2267 | 2339 |
| 20 | 1716 | 1770 | 1827 | 1886 | 1946 | 2008 | 2072 | 2139 | 2207 | 2278 | 2351 | 2426 |
| 21 | 1779 | 1836 | 1895 | 1955 | 2018 | 2082 | 2149 | 2218 | 2289 | 2362 | 2438 | 2516 |
| 22 | 1845 | 1904 | 1965 | 2028 | 2093 | 2160 | 2229 | 2300 | 2374 | 2449 | 2528 | 2609 |
| 23 | 1913 | 1984 | 2057 | 2133 | 2212 | 2294 | 2379 | 2467 | 2558 | 2653 | 2751 | 2853 |
| 24 | 1990 | 2063 | 2140 | 2219 | 2301 | 2386 | 2474 | 2566 | 2661 | 2759 | 2861 | 2967 |
| 25 | 2069 | 2146 | 2225 | 2307 | 2393 | 2481 | 2573 | 2668 | 2767 | 2870 | 2976 | 3086 |
| 26 | 2152 | 2232 | 2314 | 2400 | 2489 | 2581 | 2676 | 2775 | 2878 | 2984 | 3095 | 3209 |
| 27 | 2238 | 2321 | 2407 | 2496 | 2588 | 2684 | 2783 | 2886 | 2993 | 3104 | 3219 | 3338 |
| 28 | 2328 | 2414 | 2503 | 2596 | 2692 | 2791 | 2895 | 3002 | 3113 | 3228 | 3347 | 3471 |
| 29 | 2421 | 2510 | 2603 | 2699 | 2799 | 2903 | 3010 | 3122 | 3237 | 3357 | 3481 | 3610 |
| 30 | 2518 | 2611 | 2707 | 2807 | 2911 | 3019 | 3131 | 3247 | 3367 | 3491 | 3620 | 3754 |

En Guaynabo, Puerto Rico a  FEB 2 8 2005

María T. Beltrán Dones
Directora
Oficina de Recursos Humanos
Del Estado Libre Asociado de Puerto Rico

Gabriel Alcaraz Emmanuelli
Secretario
Departamento de Transportación
y Obras Públicas.

Horizontal
1-12-2.5%
13-18-3.0%
19-22-3.2%
23-30-3.7%

Vertical
1-12-3%
12-18-3.4%
18-23-3.7%
23-30-4.0%

ACCRUED POST PRETITION UNPAID WAGES-PLAINTIFF'S CREDITORS IN case: ABRAHAM GIMENEZ, JORGE L., ET ALS
(1084 PLAINTIFF GROUP) Vs. DEPARTMENT TRASPORTATION AND  PUBLIC WORKS, ,CASP, CASE NO. 2021-05-03466

A: CREDITOR UNPAID POST PETITION WAGES, WERE CALCULATED ON A CALENDAR BASIS FROM MAY 4, 2017 TO
MARCH 30, 2022 REPRESENTIG  4 YEARS 10 MONTH THAT EQUALS 58 MONTHS AFTER MEASURING DAY.

| | NAME | REGULAR SALARY MONTHLY SHORTFALL | UNPAID BALANCE  (4 years  and 10 months) or-less, as individualy applicable. | PAY SCALE |
|---|---|---|---|---|
| 1 | ABRAHAM GIMENEZ, JORGE L. | $50.00 | $2,900.00 | 1 |
| 2 | ABUDO LUGO, HILDA E. | $70.00 | $4,060.00 | 5 |
| 3 | ACEVEDO BONILLA, NILDA I. | $50.00 | $2,900.00 | 4 |
| 4 | ACEVEDO FERRER, MARITZA | $200.00 | $11,600.00 | 15 |
| 5 | CEVEDO TIRADO, LYMARI | $70.00 | $4,060.00 | 7 |
| 6 | ACEVEDO TORRES, RENARDO | $50.00 | $2,900.00 | 2 |
| 7 | ACEVEDO, VILMARIE | $50.00 | $2,900.00 | 2 |
| 8 | ACOSTA BATISTA, RAMÓN | $50.00 | $2,900.00 | 1 |
| 9 | ACOSTA FELICIANO, MARIBEL | $50.00 | $2,900.00 | 3 |
| 10 | COSTA RODRIGUEZ, ANDRES | $75.00 | $4,350.00 | 4 |
| 11 | ADAMS ERAZO, FIORDALIZA Z. | $50.00 | $2,900.00 | 4 |
| 12 | AGOSTO COLÓN , LAURA I. | $50.00 | $2,900.00 | 2 |
| 13 | AGOSTO QUINONEZ, YOHAMA | $50.00 | $2,900.00 | 4 |
| 14 | AGOSTO VAZQUEZ,  JESÚS | $50.00 | $2,900.00 | 2 |
| 15 | ALAGO AYALA, LUIS A. | $75.00 | $4,350.00 | 7 |
| 16 | ALAMEDA ACEVEDO, ANIBAL | $50.00 | $2,900.00 | 4 |
| 17 | ALICEA DIAZ, MIRIAM | $50.00 | $2,900.00 | 2 |
| 18 | ALICEA ROLDAN,  DEBBIE L. | $100.00 | $5,800.00 | 6 |
| 19 | ALICEA ROLDAN, DIANA E. | $50.00 | $2,900.00 | 2 |
| 20 | ALLENDE DE JESUS, ANGEL L. | $50.00 | $2,900.00 | 4 |
| 21 | ALVARADO TORRES, MARIA DE L. | $150.00 | $8,700.00 | 11 |
| 22 | ALVARADO VELEZ, WANDA I. | $200.00 | $11,600.00 | 14 |
| 23 | ALVAREZ BONETA, CARLOS | $50.00 | $2,900.00 | 1 |
| 24 | ALVAREZ CINTRON, HIGINIO | $75.00 | $4,350.00 | 4 |
| 25 | AMARO SOTO, MARTIN G. | $70.00 | $4,060.00 | 6 |
| 26 | ANDINO LPEZ, ANGEL | $50.00 | $800.00 | 4 |
| 27 | ANDINO ROMAN, ISIDRO | $50.00 | $2,900.00 | 1 |
| 28 | ANDRADE ACEVEDO, EDWIN F. | $50.00 | $2,900.00 | 1 |
| 29 | ANGULO ROSA, JESSICA | $50.00 | $2,900.00 | 2 |
| 30 | APONTE APONTE , HECTOR L. | $50.00 | $2,900.00 | 2 |
| 31 | APONTE APONTE , ISRAEL | $90.00 | $5,220.00 | 9 |
| 32 | APONTE CANALES, WANDA | $50.00 | $2,900.00 | 2 |
| 33 | ARCE ROMAN, ABNER | $50.00 | $2,900.00 | 2 |
| 34 | ARCE ROSA, JORGE L. | $70.00 | $4,060.00 | 6 |
| 35 | AROCHO NUÑEZ, ELIX S. | $50.00 | $2,900.00 | 1 |

| | | | | |
|---|---|---|---|---|
| 36 | ARROYO RIVERA, ROBERTO | $50.00 | $2,900.00 | 2 |
| 37 | ARZUAGA BELTRAN, YAHAIRA | $50.00 | $2,900.00 | 2 |
| 38 | ASENCIO REYES, DALIA I. | $50.00 | $2,900.00 | 2 |
| 39 | AYALA AYALA, ERNESTO | $50.00 | $2,900.00 | 3 |
| 40 | AYALA NIEVES, ELIX M. | $75.00 | $4,350.00 | 4 |
| 41 | AYALA ORTIZ, MARILYN | $70.00 | $4,060.00 | 6 |
| 42 | AYALA SUAREZ, JOSE A. | $150.00 | $8,700.00 | 8 |
| 43 | BABILONIA MORALES, ELVIN J. | $50.00 | $2,900.00 | 2 |
| 44 | BABILONIA MORALES, TOMAS | $100.00 | $5,800.00 | 6 |
| 45 | BAEZ FLORES, NANCY | $50.00 | $2,900.00 | 2 |
| 46 | BAEZ RAMOS, CECILIO | $50.00 | $2,900.00 | 1 |
| 47 | BAEZ ROSARIO, MIGUEL | $75.00 | $4,350.00 | 4 |
| 48 | BAEZ CRUZ, EUCLIDES | $50.00 | $2,900.00 | 1 |
| 49 | BAEZ DE JESÚS, JUAN | $50.00 | $2,900.00 | 2 |
| 50 | BAEZ FLORES, NANCY | $50.00 | $2,900.00 | 2 |
| 51 | BAEZ LANZA, LAURA M. | $50.00 | $2,900.00 | 2 |
| 52 | BAEZ MORENO, CARMEN M. | $50.00 | $2,900.00 | 3 |
| 53 | BAHAMUNDI ALICEA, ANGEL M . | $50.00 | $2,900.00 | 1 |
| 54 | BARBOSA AYALA, MARILYN N. | $70.00 | $4,060.00 | 5 |
| 55 | BARRETO LIMA, CARLOS R. | $75.00 | $4,350.00 | 4 |
| 56 | BARRETO PÉREZ, PABLO | $100.00 | $5,800.00 | 6 |
| 57 | BARRETO ALDARONDO, OLGA I. | $50.00 | $2,900.00 | 2 |
| 58 | BARROZA VIERA, ABNER | $50.00 | $2,900.00 | 3 |
| 59 | BEAUCHAMP MUÑIZ, JOSEPHMIELD | $50.00 | $2,900.00 | 2 |
| 60 | BELDECIA TORRES, JOSE I. | $50.00 | $2,900.00 | 1 |
| 61 | BELEN , LUIS ANTONIO | $50.00 | $2,900.00 | 1 |
| 62 | BELEN CHEVELIER, MARIA A. | $75.00 | $4,350.00 | 4 |
| 63 | BELLIDO SANTIAGO, ISAAC | $50.00 | $2,900.00 | 1 |
| 64 | BENDECIDA TORRES, JOSE L | $50.00 | $2,900.00 | 1 |
| 65 | BENITEZ CASTRO, ANTONIO L. | $70.00 | $4,060.00 | 5 |
| 66 | BENITEZ JIMENES , HUGO | $50.00 | $2,900.00 | 1 |
| 67 | BENITEZ NAVAS, JACOBO | $50.00 | $2,900.00 | 2 |
| 68 | BERDEGUEZ SANCHEZ, LUIS | $50.00 | $2,900.00 | 2 |
| 69 | BERNIER PAGAN, JANITZA | $50.00 | $2,900.00 | 4 |
| 70 | BERRIOS RIVERA, WILLIAM E. | $50.00 | $2,900.00 | 2 |
| 71 | BERRIOS PASTRANA, JORGE | $50.00 | $2,900.00 | 2 |
| 72 | BINET ROBLES, PAUL | $100.00 | $5,800.00 | 5 |
| 73 | BLANCO VARGAS, JOSE A. | $100.00 | $5,800.00 | 6 |
| 74 | BOBE PADILLA , RADAMES | $50.00 | $2,900.00 | 3 |
| 75 | BONILLA RIVERA, LUZ M. | $70.00 | $4,060.00 | 5 |
| 76 | BREN RAMOS, IVONNE | $50.00 | $2,900.00 | 2 |
| 77 | BRIOSO TEXIDOR, ANGEL W. | $150.00 | $8,700.00 | 11 |
| 78 | BURGOS ELIZA, HILDA I. | $50.00 | $2,900.00 | 3 |
| 79 | BURGOS MELENDEZ, SONIA | $50.00 | $2,900.00 | 2 |
| 80 | BURGOS SERRANO, HECTOR M. | $50.00 | $2,900.00 | 4 |
| 81 | CABAN MORALES, SAMUEL | $50.00 | $2,900.00 | 2 |
| 82 | CABAN SOTO, RAFAEL | $50.00 | $2,900.00 | 1 |
| 83 | CABRERA GONZALEZ, FELIX | $50.00 | $2,900.00 | 2 |

| | | | | |
|---|---|---|---|---|
| 84 | CABRERA HERNANDEZ, LUIS | $50.00 | $2,900.00 | |
| 85 | CABRERA SANCHEZ, JOSE A. | $50.00 | $2,900.00 | 1 |
| 86 | CALCAÑO LIND, JEHNY | $50.00 | $2,900.00 | 2 |
| 87 | CALDERO CANABAL, NIDIA | $50.00 | $2,900.00 | 3 |
| 88 | CALDERON MATOS, VICTOR J. | $70.00 | $4,060.00 | 6 |
| 89 | CALDERON CASANOVA, AURELIO | $50.00 | $2,900.00 | 1 |
| 90 | CALDERON CEPEDA, LUIS | $50.00 | $2,900.00 | 2 |
| 91 | CALDERON CLEMENTE, JOSE RAUL | $75.00 | $4,350.00 | 4 |
| 92 | CALDERON HERNANDEZ, TIRSON L. | $50.00 | $2,900.00 | 2 |
| 93 | CALDERON PÉREZ , PABLO | $50.00 | $2,900.00 | 1 |
| 94 | CALDERON SERRANO, JORGE | $50.00 | $2,900.00 | 1 |
| 95 | CALDERON VIZCARRONDO, ANGEL | $50.00 | $2,900.00 | 3 |
| 96 | CAMACHO GALARZA, MIGUEL | $75.00 | $4,350.00 | 4 |
| 97 | CAMACHO MULERO, HECTOR M. | $50.00 | $2,900.00 | 2 |
| 98 | CAMACHO PÉREZ, IVELISSE | $50.00 | $2,900.00 | 1 |
| 99 | CAMACHO TAÑON, RAMÓN | $75.00 | $4,350.00 | 4 |
| 100 | CAMARENO GOMEZ, JUAN C. | $50.00 | $2,900.00 | 4 |
| 101 | CANALES RIVERA, JORGE E. | $70.00 | $4,060.00 | 6 |
| 102 | CANCEL GAUD, ANETTE | $100.00 | $5,800.00 | 6 |
| 103 | CANOVANA DIAZ, MARCOS | $150.00 | $8,700.00 | 11 |
| 104 | CARABALLO ESCOBAR, ALFREDO | $50.00 | $2,900.00 | 1 |
| 105 | CARABALLO PEÑA, FRANCISCO X. | $100.00 | $5,800.00 | 5 |
| 106 | CARABALLO SANTIAGO, ANGEL M. | $50.00 | $2,900.00 | 1 |
| 107 | CARABALLO SANTIAGO, CARLOS M. | $50.00 | $2,900.00 | 1 |
| 108 | CARABALLO SANTIAGO, JUAN C. | $50.00 | $2,900.00 | 2 |
| 109 | CARAFFA LOPEZ, JOSE L. | $50.00 | $2,900.00 | 1 |
| 110 | CARAY VAZQUEZ, LUZ M. | $50.00 | $2,900.00 | 4 |
| 111 | CARDONA MALDONADO, MARIO | $50.00 | $2,900.00 | 2 |
| 112 | CARDONA MARQUEZ, NANCY I. | $50.00 | $2,900.00 | 3 |
| 113 | CARDOZA GARCÍA, JUAN E. | $75.00 | $4,350.00 | 4 |
| 114 | CARDOZA GARCÍA, NELSON | $50.00 | $2,900.00 | 1 |
| 115 | CARDOZO LOPEZ, ERIC | $50.00 | $2,900.00 | 1 |
| 116 | CARMONA DOMINGUEZ, CATALINOJ. | $50.00 | $2,900.00 | 1 |
| 117 | CARRASCO MARTINEZ, JOSE L. | $50.00 | $2,900.00 | 1 |
| 118 | CARRASQUILLO CUEVAS, WANDA W. | $70.00 | $4,060.00 | 7 |
| 119 | CARRASQUILLO DAVILA, JOSE R. | $50.00 | $2,900.00 | 2 |
| 120 | CARRASQUILLO MORALES, JESÚS E. | $50.00 | $2,900.00 | 3 |
| 121 | CARRASQUILLO RIVERA, SUGEILY | $50.00 | $2,900.00 | 2 |
| 122 | CARRASQUILLO ROSARIO, KATHY | $50.00 | $2,900.00 | 1 |
| 123 | CARRAU ACOSTA, FREDESWINDA | $100.00 | $5,800.00 | 6 |
| 124 | CARRERO DE JESUS, ELIAS D. | $70.00 | $4,060.00 | 5 |
| 125 | CARRERO DE JESUS, JUAN J. | $50.00 | $2,900.00 | 1 |
| 126 | CARRION CASTRO, FERNANDO L. | $50.00 | $2,900.00 | 3 |
| 127 | CARRION GUZMAN, LUZ NEREIDA | $70.00 | $4,060.00 | 5 |
| 128 | CARRION RODRIGUEZ, ALEX | $50.00 | $2,900.00 | 1 |
| 129 | CARTAGENA RODRIGUEZ, HERIBERTO | $70.00 | $4,060.00 | 6 |
| 130 | CASIANO COLON, IRVING O. | $50.00 | $2,900.00 | 3 |

| 131 | CASILLAS SMITH, FRANCISCO | $100.00 | $5,800.00 | 7 |
|-----|---------------------------|---------|-----------|---|
| 132 | CASTILLO OCASIO, TOMAS | $50.00 | $2,900.00 | 2 |
| 133 | CASTRO CASTRO, HORTENSIA | $100.00 | $5,800.00 | 6 |
| 134 | CASTRO FIGUEROA, DAVID | $100.00 | $5,800.00 | 6 |
| 135 | CASTRO RODRIGUEZ, JESSICA | $50.00 | $2,900.00 | 2 |
| 136 | CEDEÑO VAZQUEZ, OSVALDO | $50.00 | $2,900.00 | 1 |
| 137 | CEPEDA RAMOS, WILMA | $75.00 | $4,350.00 | 4 |
| 138 | CEPERO VALIENTE, ZAIDA | $50.00 | $2,900.00 | 2 |
| 139 | CESPEDE DE RIVERA, VERANIA | $50.00 | $2,900.00 | 2 |
| 140 | CINTRON VEGA, ALMA | $50.00 | $2,900.00 | 4 |
| 141 | CIRINO CORDERO, LUIS A. | $70.00 | $4,060.00 | 6 |
| 142 | CIRINO RIVERA, LUIS A. | $100.00 | $5,800.00 | 6 |
| 143 | CISNEROS CRUZ, MILAGROS | $70.00 | $4,060.00 | 6 |
| 144 | CLASS  BENGOCHEA, VIVIAN A. | $70.00 | $1,890.00 | 8 |
| 145 | CLASS QUIROS, MONSERRATE | $50.00 | $2,900.00 | 1 |
| 146 | CLAUDIO FLORES, HECTOR | $50.00 | $2,900.00 | 2 |
| 147 | CLAUDIO LUCIANO, RONALD | $50.00 | $2,900.00 | 4 |
| 148 | CLEMENTE ANDINO, CLARA | $100.00 | $5,800.00 | 6 |
| 149 | CLEMENTE PIZARRO, JOEL | $50.00 | $2,900.00 | 1 |
| 150 | COLLAZO CARABALLO, GLORIA | $90.00 | $5,220.00 | 12 |
| 151 | COLÓN  ROSARIO, JONATHAN | $100.00 | $5,800.00 | 6 |
| 152 | COLÓN ALMODOVAR, GIOVANNA | $50.00 | $2,900.00 | 2 |
| 153 | COLÓN ANDUJAR, ISAMAEL | $70.00 | $4,060.00 | 5 |
| 154 | COLON BERMUDEZ, CARLOS A. | $75.00 | $4,350.00 | 4 |
| 155 | COLÓN CASTRO, LUIS M. | $75.00 | $4,350.00 | 4 |
| 156 | COLON CORTIJO, MARIA DE LOS A. | $75.00 | $4,350.00 | 4 |
| 157 | COLÓN DE LEON, WILFRIED | $70.00 | $4,060.00 | 4 |
| 158 | COLÓN FELIX, MARIANO | $70.00 | $4,060.00 | 5 |
| 159 | COLON GALLEGO, ANIBAL | $50.00 | $2,900.00 | 1 |
| 160 | COLÓN GARCÍA, PEDRO | $50.00 | $2,900.00 | 2 |
| 161 | COLON GONZALEZ, IVETTE D. | $100.00 | $5,800.00 | 6 |
| 162 | COLÓN MEDINA, WILLIAM | $50.00 | $2,900.00 | 1 |
| 163 | COLON MIRANDA, LILLIE ANNE | $50.00 | $2,900.00 | 1 |
| 164 | COLÓN ORTIZ, ROSA | $50.00 | $2,900.00 | 2 |
| 165 | COLON OSORIO, ALEX | $50.00 | $2,900.00 | 2 |
| 166 | COLON QUIÑONES, SONIA N. | $70.00 | $4,060.00 | 5 |
| 167 | COLÓN RIVERA, BLANCA E | $75.00 | $4,350.00 | 4 |
| 168 | COLÓN RIVERA, ENEIDA M. | $75.00 | $4,350.00 | 4 |
| 169 | COLON RIVERA, GLORIBELL | $50.00 | $2,900.00 | 2 |
| 170 | COLÓN RODRIGUEZ, HECTOR | $50.00 | $2,900.00 | 4 |
| 171 | COLON SANCHEZ, GILBERTO | $100.00 | $5,800.00 | 5 |
| 172 | COLON SANTIAGO, EDDIE | $70.00 | $4,060.00 | 6 |
| 173 | COLON SERRANO, EFRAIN | $50.00 | $2,900.00 | 1 |
| 174 | COLON VAZQUEZ, ANGEL L. | $70.00 | $4,060.00 | 5 |
| 175 | CONCEPCION ALVARADO, RAFAEL A. | $75.00 | $4,350.00 | 4 |
| 176 | CONCEPCION CINTRON, DANIEL | $50.00 | $2,900.00 | 2 |
| 177 | CONCEPCION PEREZ, CINTHIA | $70.00 | $4,060.00 | 5 |

| 178 | CONCEPCIÓN RODRÍGUEZ, JORGE | | $2,900.00 | 1 |
|-----|------------------------------|---------|------------|----|
| 179 | CORADIN DE MELENDEZ , NILKA | $100.00 | $5,800.00 | 5 |
| 180 | CORALES RAMOS, EVELYN | $50.00 | $2,900.00 | 4 |
| 181 | CORDERO VERA , ANA C. | $70.00 | $4,060.00 | 5 |
| 182 | CORDOVA DIAZ, MARCOS | $100.00 | $5,800.00 | 6 |
| 183 | CORDOVA RIVERA, REYNALDO | $50.00 | $2,900.00 | 4 |
| 184 | CORREA MONCLOVA, MIGUEL A. | $50.00 | $2,900.00 | 1 |
| 185 | CORREA RODRIGUEZ, CARMEN | $70.00 | $4,060.00 | 7 |
| 186 | CORREA VALLE, JUAN GABRIEL | $70.00 | $4,060.00 | 5 |
| 187 | CORTES DELGADO, JESÚS M. | $50.00 | $2,900.00 | 1 |
| 188 | COSTAS MARTÍNEZ, CARMEN M. | $50.00 | $2,900.00 | 3 |
| 189 | CRESPO FELICIANO, HECTOR M. | $70.00 | $4,060.00 | 5 |
| 190 | CRESPO LUGO, JUAN C. | $200.00 | $11,600.00 | 13 |
| 191 | CRESPO PÉREZ, PABLO | $200.00 | $11,600.00 | 13 |
| 192 | CRUZ AGUSTINI, ALEJANDRO | $50.00 | $2,900.00 | 1 |
| 193 | CRUZ CABRERA, MARIA DE L. | $50.00 | $2,900.00 | 3 |
| 194 | CRUZ CANCEL, CARLOS E. | $50.00 | $2,900.00 | 1 |
| 195 | CRUZ CARRASQUILLO, MIKE | $50.00 | $2,900.00 | 1 |
| 196 | CRUZ CINTRON, CARMEN | $70.00 | $4,060.00 | 6 |
| 197 | CRUZ CRUZ, MEYLI | $70.00 | $4,060.00 | 5 |
| 198 | CRUZ DELGADO, RAMONITA | $70.00 | $4,060.00 | 6 |
| 199 | CRUZ GALARZA, RAMON | $50.00 | $2,900.00 | 1 |
| 200 | CRUZ GARAY, RAMÓN | $50.00 | $2,900.00 | 1 |
| 201 | CRUZ GONZALEZ, ADALBERTO | $50.00 | $2,900.00 | 1 |
| 202 | CRUZ GONZALEZ, EDGARDO | $50.00 | $2,900.00 | 1 |
| 203 | CRUZ LEBRON, JESÚS J | $50.00 | $2,900.00 | 2 |
| 204 | CRUZ MANNING, KELLY D. | $90.00 | $5,220.00 | 12 |
| 205 | CRUZ MARTINEZ, MARITTZA | $50.00 | $2,900.00 | 2 |
| 206 | CRUZ MUNIZ, ELLIN | $50.00 | $2,900.00 | 1 |
| 207 | CRUZ SANABRIA, MILLIE | $50.00 | $2,900.00 | 3 |
| 208 | CRUZ SOTO, MANUEL | $50.00 | $2,900.00 | 3 |
| 209 | CRUZ SOTO, RENE | $50.00 | $2,900.00 | 1 |
| 210 | CRUZ TORRES, WOLDETRUDIS | $150.00 | $8,700.00 | 11 |
| 211 | CRUZ VALENTIN, CARLOS | $50.00 | $2,900.00 | 2 |
| 212 | CRUZ CINTRON, EDUARDO | $50.00 | $2,900.00 | 1 |
| 213 | CUADRADO  RIVERA, JERRY | $50.00 | $2,900.00 | 3 |
| 214 | CUEVAS RIVERA, IBETH J. | $50.00 | $2,900.00 | 3 |
| 215 | DAVILA DIAZ, JUSTINO | $50.00 | $2,900.00 | 1 |
| 216 | DAVILA GONZALEZ, JUSTO E | $50.00 | $2,900.00 | 2 |
| 217 | DAVILA, JUSTO | $75.00 | $4,350.00 | 4 |
| 218 | DE JESÚS ARROYO, CARLOS | $50.00 | $2,900.00 | 1 |
| 219 | DE JESÚS DE JESÚS, SANDRA | $50.00 | $2,900.00 | 2 |
| 220 | DE JESUS OLIVO, IDA | $70.00 | $4,060.00 | 7 |
| 221 | DE JESUS RIVERA, JESUS M. | $50.00 | $2,900.00 | 4 |
| 222 | DE JESUS RODRIGUEZ, MELVIN | $50.00 | $2,900.00 | 1 |
| 223 | DE JESÚS SALAZAR, WILLIAM | $70.00 | $4,060.00 | 5 |
| 224 | DE JESUS SANTIAGO, ANGEL F. | $50.00 | $2,900.00 | 4 |

| | | | | |
|---|---|---|---|---|
| 225 | DE LEON CABRERA, MARITZA | $50.00 | $2,900.00 | 1 |
| 226 | DEL MORAL MELENDEZ, BENITO | $50.00 | $2,900.00 | 1 |
| 227 | DELGADO COLLAZO, HILDA I. | $50.00 | $2,900.00 | 1 |
| 228 | DELGADO HERNANDEZ, OLIVER | $50.00 | $2,900.00 | 3 |
| 229 | DELGADO REYES , SAMUEL | $50.00 | $2,900.00 | 1 |
| 230 | DELGADO REYES, JOSE E. | $150.00 | $8,700.00 | 11 |
| 231 | DELGADO SUAREZ, TEODORO | $70.00 | $4,060.00 | 5 |
| 232 | DIAZ ALVARADO, ADELINA | $50.00 | $2,900.00 | 1 |
| 233 | DIAZ CLAUDIO, OLGA G. | $50.00 | $2,900.00 | 1 |
| 234 | DIAZ FLORES, HECTOR F. | $50.00 | $2,900.00 | 1 |
| 235 | DIAZ GONZALEZ, ROSITA | $75.00 | $4,350.00 | 4 |
| 236 | DIAZ MATOS, LUZ S. | $50.00 | $2,900.00 | 3 |
| 237 | DIAZ MIRANDA, LOURDES W. | $150.00 | $8,700.00 | 12 |
| 238 | DIAZ OLMEDA, NIXA | $70.00 | $4,060.00 | 5 |
| 239 | DIAZ OSCAÑA, ENID | $70.00 | $4,060.00 | 6 |
| 240 | DIAZ PAGAN, BRENDA I | $100.00 | $5,800.00 | 6 |
| 241 | DIAZ RAMOS, ANASTACIO | $50.00 | $2,900.00 | 3 |
| 242 | DIAZ RODRIGUEZ, CARMEN A. | $50.00 | $2,900.00 | 3 |
| 243 | DIAZ VALENTIN, EDGARDO | $50.00 | $2,900.00 | 1 |
| 244 | DIAZ VAZQUEZ, MODESTO | $50.00 | $2,900.00 | 4 |
| 245 | DOMENECH SANCHEZ, VICTOR | $75.00 | $4,350.00 | 4 |
| 246 | DUCOS ACEVEDO, ROBERTO | $70.00 | $4,060.00 | 8 |
| 247 | ECHEVARIA MARTÍNEZ, RAMÓN | $50.00 | $2,900.00 | 1 |
| 248 | ECHEVARRIA FIGUEROA, ELSIE. | $50.00 | $2,900.00 | 2 |
| 249 | ECHEVARRIA, MONSERRATE | $75.00 | $4,350.00 | 4 |
| 250 | ENCARNANCION CRUZ, LUIS A. | $50.00 | $2,900.00 | 1 |
| 251 | ENCHAUTEGUI CRUZ, EVELYN | $50.00 | $2,900.00 | 1 |
| 252 | ESCALERA CALDERON, GERMAN | $150.00 | $8,700.00 | 12 |
| 253 | ESCOBAR MORALES, NAYDA | $50.00 | $2,900.00 | 1 |
| 254 | FALLO LARACUENTE, LINETTE | $70.00 | $4,060.00 | 5 |
| 255 | FARIA OYOLA, LIZYBETH | $50.00 | $2,900.00 | 2 |
| 256 | FEGED QUIJANO, ESTHER | $100.00 | $5,800.00 | 5 |
| 257 | FELICIANO CONCEPCION, ORLANDO | $50.00 | $2,900.00 | 1 |
| 258 | FELICIANO RAMOS, ALBERTO | $50.00 | $2,900.00 | 3 |
| 259 | FELICIANO RIVERA, DAVID | $50.00 | $2,900.00 | 1 |
| 260 | FELICIANO RIVERA, LUZ N | $50.00 | $2,900.00 | 3 |
| 261 | FELICIANO RODRIGUEZ, ORLANDO | $50.00 | $2,900.00 | 1 |
| 262 | FELICIANO SOTO, ELIZABETH | $50.00 | $2,900.00 | 1 |
| 263 | FELICIANO TORRES, YESENIA | $75.00 | $4,350.00 | 4 |
| 264 | FELIU RIVERA, JAVIER A. | $50.00 | $2,900.00 | 3 |
| 265 | FERNANDEZ CASTILLO, GUARINA | $50.00 | $2,900.00 | 1 |
| 266 | FERNANDEZ PÉREZ, LILLIAM E. | $50.00 | $2,900.00 | 4 |
| 267 | FERNANDEZ, MARIA A. | $50.00 | $2,900.00 | 3 |
| 268 | FIGUEROA CRUZ, LESLIE | $75.00 | $4,350.00 | 4 |
| 269 | FIGUEROA HERNAIZ, LUMARIE | $50.00 | $2,900.00 | 1 |
| 270 | FIGUEROA MATIAS, JESSICA M. | $50.00 | $2,900.00 | 2 |
| 271 | FIGUEROA ORTIZ, LIMARYS | $100.00 | $5,800.00 | 5 |
| 272 | FIGUEROA SERRANO, ENRIQUE | $50.00 | $2,900.00 | 1 |

| | | | | |
|---|---|---|---|---|
| 273 | FIGUEROA VILLEGAS, JORGE L. | $50.00 | $2,900.00 | 3 |
| 274 | FLORES SILVA, MERCEDES | $100.00 | $5,800.00 | 5 |
| 275 | FLORES CARBONELL, CARLOS A. | $100.00 | $5,800.00 | 5 |
| 276 | FLORES FLORES, MIGUEL A. | $50.00 | $2,900.00 | 1 |
| 277 | FLORES RIVERA, MARIELI | $50.00 | $2,900.00 | 2 |
| 278 | FONTANEZ PEÑA, JOSE A. | $50.00 | $2,900.00 | 3 |
| 279 | FORESTIER GONZALEZ, WALDEMAR | $100.00 | $5,800.00 | 5 |
| 280 | FRANCES, HECTOR D. | $50.00 | $2,900.00 | 2 |
| 281 | FRANCO RIVERA, MIGUEL | $50.00 | $2,900.00 | 1 |
| 282 | FUENTES AYALA, WILIBALDO | $90.00 | $5,220.00 | 6 |
| 283 | FUENTES TORRES, MARIELLY | $100.00 | $5,800.00 | 6 |
| 284 | FUSTER ROMERO, MARY LENY | $90.00 | $5,220.00 | 9 |
| 285 | GALARZA DONES, JORGE L. | $75.00 | $4,350.00 | 4 |
| 286 | GARAY VAZQUEZ, LUZ M. | $50.00 | $2,900.00 | 4 |
| 287 | GARCIA ALBINO, MIGUEL | $50.00 | $2,900.00 | 1 |
| 288 | GARCÍA BONILLA, REDANIEL | $50.00 | $2,900.00 | 1 |
| 289 | GARCIA COLON, RAUL | $50.00 | $2,900.00 | 2 |
| 290 | GARCÍA CRUZ, ELVIMARIS | $50.00 | $2,900.00 | 1 |
| 291 | GARCIA PIZARRO, THALIA M. | $50.00 | $2,900.00 | 1 |
| 292 | GARCÍA ROSARIO, EMILSE | $100.00 | $5,800.00 | 8 |
| 293 | GARCIA SEVILLA, ANGEL | $70.00 | $4,060.00 | 6 |
| 294 | GARRASTEGUI OCASIO, MARITZA | $70.00 | $4,060.00 | 6 |
| 295 | GAUTIER ARRIETA, DEBRA | $70.00 | $4,060.00 | 5 |
| 296 | GAZTAMBIDE MELENDEZ, LUCY | $70.00 | $4,060.00 | 7 |
| 297 | GERENA MATEO, WILSON | $50.00 | $2,900.00 | 2 |
| 298 | GOMEZ RAMOS, EFRAIN | $50.00 | $2,900.00 | 1 |
| 299 | GOMEZ AREVALO, MARCELINO | $50.00 | $2,900.00 | 2 |
| 300 | GOMEZ FERRER, ENID | $75.00 | $4,350.00 | 4 |
| 301 | GOMEZ JUSINO, KATHERINE | $50.00 | $2,900.00 | 2 |
| 302 | GONZALEZ AGUIRRE, CORALIS | $50.00 | $2,900.00 | 2 |
| 303 | GONZALEZ APONTE, LUIS A. | $50.00 | $2,900.00 | 4 |
| 304 | GONZALEZ AVILES, MIGDALIA | $150.00 | $8,700.00 | 11 |
| 305 | GONZALEZ BAEZ, RAMÓN | $50.00 | $2,900.00 | 1 |
| 306 | GONZALEZ CASTRO, ANETTE | $90.00 | $5,220.00 | 9 |
| 307 | GONZALEZ CASTRO, ANGEL L. | $50.00 | $2,900.00 | 2 |
| 308 | GONZALEZ FERNANDEZ, WILBERTO | $50.00 | $2,900.00 | 2 |
| 309 | GONZALEZ GOMEZ, JOSE F. | $50.00 | $2,900.00 | 1 |
| 310 | GONZALEZ GONZALEZ, IVETTE E. | $50.00 | $2,900.00 | 4 |
| 311 | GONZALEZ GONZALEZ, LEONIDA | $50.00 | $2,900.00 | 4 |
| 312 | GONZALEZ GONZALEZ, MIRTA I | $50.00 | $2,900.00 | 2 |
| 313 | GONZALEZ HERNANDEZ, RICARDO | $50.00 | $2,900.00 | 1 |
| 314 | GONZALEZ LOPEZ, ISRAEL | $50.00 | $2,900.00 | 1 |
| 315 | GONZALEZ LOPEZ, OSIRIS | $70.00 | $4,060.00 | 6 |
| 316 | GONZALEZ LUGO, NILDA | $70.00 | $4,060.00 | 6 |
| 317 | GONZALEZ MARCANO, MARIA A. | $50.00 | $2,900.00 | 2 |
| 318 | GONZALEZ RIOS, RAMON A. | $70.00 | $4,060.00 | 7 |
| 319 | GONZALEZ RIVERA, BENJAMIN | $50.00 | $2,900.00 | 4 |
| 320 | GONZALEZ ROBLES, CARMELO | $50.00 | $2,900.00 | 1 |

| | | | |
|---|---|---|---|
| 321 | GONZALEZ SOTO, ISMAEL | $50.00 | $2,900.00 | 1 |
| 322 | GONZALEZ VEGA, HECTOR M. | $75.00 | $4,350.00 | 4 |
| 323 | GONZALEZ CUEVAS, MARIA E. | $50.00 | $2,900.00 | 2 |
| 324 | GONZALEZ MARTINEZ, MARIA D. | $50.00 | $2,900.00 | 3 |
| 325 | GONZALEZ ORTIZ, JOSE A. | $100.00 | $5,800.00 | 5 |
| 326 | GONZALEZ ORTIZ, MARIA DE LOS A. | $50.00 | $2,900.00 | 2 |
| 327 | GONZALEZ PEREZ, CARLOS M | $50.00 | $2,900.00 | 1 |
| 328 | GONZALEZ RAMIREZ, MARIELA | $70.00 | $4,060.00 | 6 |
| 329 | GONZALEZ RAMOS, GUILLERMO | $75.00 | $4,350.00 | 4 |
| 330 | GONZALEZ RIVERA, BENJAMIN | $50.00 | $2,900.00 | 4 |
| 331 | GONZALEZ ROBLES, CARMELO | $50.00 | $2,900.00 | 1 |
| 332 | GONZALEZ RODRIGUEZ, OSCAR | $50.00 | $2,900.00 | 1 |
| 333 | GONZALEZ ROLON , RAFAEL | $50.00 | $2,900.00 | 3 |
| 334 | GONZALEZ ROSARIO, MICHELLE | $50.00 | $2,900.00 | 2 |
| 335 | GONZALEZ TORRES, ANGEL LUIS | $50.00 | $2,900.00 | 2 |
| 336 | GONZALEZ TORRES, LUZ N. | $50.00 | $2,900.00 | 1 |
| 337 | GONZALEZ ZAMBRANA, EDITH | $50.00 | $2,900.00 | 1 |
| 338 | GOYCO ROMERO, EDWIN | $50.00 | $2,900.00 | 2 |
| 339 | GRACIA PÉREZ, NORBERTO | $70.00 | $4,060.00 | 5 |
| 340 | GRAFALS SANTIAGO, YANITZA | $70.00 | $4,060.00 | 6 |
| 341 | GUADALUPE VEGA, JOSE L. | $50.00 | $2,900.00 | 1 |
| 342 | GUADARRAMA CAMACHO, CARMEN M. | $70.00 | $4,060.00 | 6 |
| 343 | GUIDAS VELAZQUEZ, ANGEL L. | $50.00 | $2,900.00 | 1 |
| 344 | GUTIERREZ MENDEZ, ISMAEL | $50.00 | $2,900.00 | 1 |
| 345 | GUZMAN AYALA, IDALIZ | $70.00 | $4,060.00 | 8 |
| 346 | GUZMAN CRUZ, CRISTINO | $50.00 | $2,900.00 | 1 |
| 347 | GUZMAN RODRIGUEZ, IVELISSE | $50.00 | $2,900.00 | 2 |
| 348 | GUZMAN ROSADO, CARMEN I. | $70.00 | $4,060.00 | 5 |
| 349 | HATCHETT ISAAC, JUAN I. | $50.00 | $2,900.00 | 1 |
| 350 | HERNANDEZ ALVAREZ, MARIA I. | $100.00 | $5,800.00 | 5 |
| 351 | HERNANDEZ CORTES, JESSICA | $70.00 | $4,060.00 | 6 |
| 352 | HERNANDEZ DECOZ, LYDIA E. | $70.00 | $4,060.00 | 6 |
| 353 | HERNANDEZ FELICIANO, ERIC | $50.00 | $2,900.00 | 4 |
| 354 | HERNANDEZ HERRERA, LUIS A. | $70.00 | $4,060.00 | 6 |
| 355 | HERNANDEZ IRRIZARY, NEFTALY | $50.00 | $2,900.00 | 2 |
| 356 | HERNANDEZ JAMARDOS, RICARDO | $50.00 | $2,900.00 | 4 |
| 357 | HERNANDEZ MORALES, DAYSI J. | $90.00 | $5,220.00 | 6 |
| 358 | HERNANDEZ NIEVES, LIONELL | $50.00 | $2,900.00 | 2 |
| 359 | HERNANDEZ ORTIZ, WILLIAM | $50.00 | $2,900.00 | 1 |
| 360 | HERNANDEZ OSORIO, FELIX M. | $50.00 | $2,900.00 | 4 |
| 361 | HERNANDEZ PÉREZ, LUIS A. | $75.00 | $4,350.00 | 4 |
| 362 | HERNANDEZ REVERON ANGEL L. | $50.00 | $2,900.00 | 2 |
| 363 | HERNANDEZ ROSADO, SECUNDINO | $100.00 | $5,800.00 | 8 |
| 364 | HERNANDEZ VICENTE, MARCOS | $100.00 | $5,800.00 | 8 |
| 365 | HERRERARODRIGUEZ, LUIS A. | $50.00 | $2,900.00 | 3 |
| 366 | HOLDOCK COLÓN, ENEIDA | $50.00 | $2,900.00 | 2 |
| 367 | HUERTAS OCASIO, THELMA N. | $100.00 | $5,800.00 | 5 |
| 368 | IRIZARRY DOMENECH, MINERVA | $70.00 | $4,060.00 | 6 |

| | | | | |
|---|---|---|---|---|
| 369 | IRIZARRY GALIANO, JUAN | $50.00 | $2,900.00 | 4 |
| 370 | IRIZARRY MERCADO, LUIS | $150.00 | $8,700.00 | 9 |
| 371 | IRIZARRY PÉREZ, GERARDO | $100.00 | $5,800.00 | 6 |
| 372 | IRIZARRY ROSAS, LUIS A. | $70.00 | $4,060.00 | 6 |
| 373 | IRIZARRY VEGA, JOSE M. | $75.00 | $4,350.00 | 4 |
| 374 | IRRIZARY NEGRON, WILLIAM | $50.00 | $2,900.00 | 1 |
| 375 | IRRIZARY QUINTANA, JOSE A | $50.00 | $2,900.00 | 1 |
| 376 | IZQUIERDO PÉREZ, RAFAEL | $50.00 | $2,900.00 | 4 |
| 377 | JIMENEZ BURGOS, MARIA C. | $200.00 | $11,600.00 | 17 |
| 378 | JIMENEZ COLLAZO, OMAYRA | $50.00 | $2,900.00 | 4 |
| 379 | JIMENEZ ORTIZ, JOSE M. | $150.00 | $8,700.00 | 11 |
| 380 | JIMENEZ PONS, REINALDO | $50.00 | $2,900.00 | 2 |
| 381 | JIMENEZ VALE, OSCAR | $70.00 | $4,060.00 | 5 |
| 382 | JIRAU VAZQUEZ, JUAN M. | $70.00 | $4,060.00 | 6 |
| 383 | LABOY RIVERA, ZUELEN J. | $50.00 | $2,900.00 | 4 |
| 384 | LATONI MEDINA, MARIA DE LOS M. | $50.00 | $1,550.00 | 2 |
| 385 | LAUIREANO CORDOVA, LUZ E. | $50.00 | $2,900.00 | 2 |
| 386 | LEBRON CADIZ, ISMAEL | $50.00 | $2,900.00 | 4 |
| 387 | LEBRON LEBRON, MIGUEL A. | $70.00 | $4,060.00 | 7 |
| 388 | LEDEE COLÓN, AIDA | $50.00 | $2,900.00 | 1 |
| 389 | LEON AQUINO, MARIA DE LOS A. | $50.00 | $2,900.00 | 4 |
| 390 | LEON DEL CAMPO, REBECCA N. | $70.00 | $4,060.00 | 5 |
| 391 | LIND PINET, DAVID | $50.00 | $2,900.00 | 1 |
| 392 | LISBOA CUPELES, HERBERT | $50.00 | $2,900.00 | 4 |
| 393 | LLABRERAS SANTIAGO, EDWIN | $50.00 | $2,900.00 | 1 |
| 394 | LLINAS TORRES, ESTHER | $50.00 | $2,900.00 | 2 |
| 395 | LLORENS FRANDERA, ALFREDO | $50.00 | $2,900.00 | 4 |
| 396 | LOPERANA ORTIZ, NANNETE G | $50.00 | $2,900.00 | 2 |
| 397 | LOPEZ CEPERO VALIENTE, ZORAIDA (ZAIDA) | $50.00 | $2,900.00 | 2 |
| 398 | LOPEZ CORDERO, JOHN A. | $70.00 | $4,060.00 | 6 |
| 399 | LOPEZ CRUZ, RAFAEL A. | $50.00 | $2,900.00 | 2 |
| 400 | LOPEZ GALDON, IRIS | $70.00 | $4,060.00 | 5 |
| 401 | LOPEZ LOPEZ, EDWIN | $75.00 | $4,350.00 | 4 |
| 402 | LOPEZ LOPEZ, NESTOR | $50.00 | $2,900.00 | 2 |
| 403 | LOPEZ PÉREZ, MARIAN | $50.00 | $2,900.00 | 3 |
| 404 | LOPEZ SALDAÑA, JUAN | $50.00 | $2,900.00 | 1 |
| 405 | LOPEZ TORRES, HECTOR | $70.00 | $4,060.00 | 6 |
| 406 | LOPEZ TORRES, MARIA DE LOA . | $50.00 | $2,900.00 | 2 |
| 407 | LOPEZ VELAZQUEZ, WILFREDO | $50.00 | $2,900.00 | 2 |
| 408 | LOPEZ, ORLANDO | $50.00 | $2,900.00 | 1 |
| 409 | LORENZO MUÑIZ, OTILIO | $50.00 | $2,900.00 | 1 |
| 410 | LOZADA VELASQUEZ, JESÚS | $50.00 | $2,900.00 | 2 |
| 411 | LUCEMA GARCÍA, CONFESOR | $70.00 | $4,060.00 | 6 |
| 412 | LUGO ESPINOSA, EDDIE A. | $50.00 | $2,900.00 | 2 |
| 413 | LUGO CASTELLANO, CARMELO | $50.00 | $2,900.00 | 2 |
| 414 | LUGO CRUZ, MARIBEL | $70.00 | $4,060.00 | 6 |
| 415 | LUGO GONZALEZ, TEODOCIO | $100.00 | $5,800.00 | 6 |

| 416 | LUGO HERNANDEZ, ABRAHAM | $100.00 | $5,800.00 | 8 |
|-----|--------------------------|---------|-----------|----|
| 417 | LUGO HERNANDEZ, ANNETTE | $50.00 | $2,900.00 | 2 |
| 418 | LUGO LOPEZ, TANIA | $200.00 | $11,600.00 | 13 |
| 419 | LUGO PAGAN, ERICH | $50.00 | $2,900.00 | 2 |
| 420 | LUGO RIVERA, FELIX | $50.00 | $2,900.00 | 1 |
| 421 | LUGO RIVERA, MARICELYS | $70.00 | $4,060.00 | 6 |
| 422 | LUNA FIGUEROA, LUZ M. | $50.00 | $2,900.00 | 4 |
| 423 | MADERA SANTANA, DOMINGO | $70.00 | $4,060.00 | 5 |
| 424 | MALDONADO MALDONADO, SABINA | $50.00 | $2,900.00 | 1 |
| 425 | MALDONADO CASTRO, MAYDA | $70.00 | $4,060.00 | 6 |
| 426 | MALDONADO GREEN, SONA E. | $75.00 | $4,350.00 | 4 |
| 427 | MALDONADO MALDONADO, ROLANDO | $70.00 | $4,060.00 | 5 |
| 428 | MALDONADO MINGUELA, ISRAEL | $50.00 | $2,900.00 | 1 |
| 429 | MALDONADO RIVERA, MARANGELIE | $70.00 | $4,060.00 | 6 |
| 430 | MALDONADO VELASQUEZ, LIONEL | $50.00 | $2,900.00 | 1 |
| 431 | MARRERO BARBOSA, LUZ | $50.00 | $2,900.00 | 3 |
| 432 | MARRERO FELICIANO, EVELYN | $75.00 | $4,350.00 | 4 |
| 433 | MARRERO MONTES, LUIS H | $50.00 | $2,900.00 | 1 |
| 434 | MARTE ALTUREZ, ESTEBAN | $50.00 | $2,900.00 | 1 |
| 435 | MARTIN BELLO, EVELYN | $50.00 | $2,900.00 | 2 |
| 436 | MARTINEZ ACEVEDO, NERY N. | $50.00 | $2,900.00 | 4 |
| 437 | MARTINEZ ALICEA, ERMITAÑO | $50.00 | $2,900.00 | 1 |
| 438 | MARTINEZ ARROYO, JOSE A. | $75.00 | $4,350.00 | 4 |
| 439 | MARTINEZ CALDER, VIRGINIA R. | $75.00 | $4,350.00 | 5 |
| 440 | MARTINEZ CARRASQUILLO, MARIA S. | $100.00 | $5,800.00 | 5 |
| 441 | MARTINEZ DEL VALLE, EDUARDO | $50.00 | $2,900.00 | 4 |
| 442 | MARTINEZ FELICIANO, MARISEL | $70.00 | $4,060.00 | 7 |
| 443 | MARTINEZ FERNANDEZ, ANGEL M. | $100.00 | $5,800.00 | 8 |
| 444 | MARTINEZ LIMA, CECILIO | $50.00 | $2,900.00 | 1 |
| 445 | MARTINEZ LUGO, FRANSISCO | $50.00 | $2,900.00 | 1 |
| 446 | MARTINEZ MARRERO, JOSE ANTONIO | $50.00 | $2,900.00 | 4 |
| 447 | MARTINEZ MARTÍNEZ, ANGEL D J | $150.00 | $8,700.00 | 11 |
| 448 | MARTINEZ MASSA, JOSE E. | $70.00 | $4,060.00 | 5 |
| 449 | MARTINEZ MERCADO, ARTURO | $50.00 | $2,900.00 | 1 |
| 450 | MARTINEZ MONTAÑEZ, REINALDO | $70.00 | $4,060.00 | 7 |
| 451 | MARTINEZ MORRENO, JOSE A. | $50.00 | $2,900.00 | 4 |
| 452 | MARTINEZ RODRIGUEZ, DALLYS J. | $70.00 | $4,060.00 | 8 |
| 453 | MARTINEZ SANTIAGO, JOEL | $50.00 | $2,900.00 | 4 |
| 454 | MARTINEZ TRINIDAD, CEFERINO | $50.00 | $2,900.00 | 3 |
| 455 | MARTY PÉREZ, JAVIER | $50.00 | $2,900.00 | 4 |
| 456 | MAS GONZALEZ , JOSE A. | $50.00 | $2,900.00 | 2 |
| 457 | MATHEU TORRES, JOSE I. | $100.00 | $5,800.00 | 6 |
| 458 | MATIAS MARTÍNEZ, WILLIAM | $100.00 | $5,800.00 | 6 |
| 459 | MATOS RIVERA, EDDIE | $150.00 | $8,700.00 | 11 |
| 460 | MATTAU TORRES, JOSE I. | $100.00 | $5,800.00 | 6 |
| 461 | MAYZONET ANDUJAR, SANTOS F. | $50.00 | $2,900.00 | 2 |
| 462 | MEDINA CORDERO, GRISEL | $50.00 | $2,900.00 | 4 |
| 463 | MEDINA GARCIA, SONIA | $70.00 | $4,060.00 | 8 |

| | | | | |
|---|---|---|---|---|
| 464 | MEDINA TORO, CLARA | $50.00 | $2,900.00 | 1 |
| 465 | MEDINA VERGARA, CARMELO | $50.00 | $2,900.00 | 2 |
| 466 | MEJIAS REYES, YASMIN | $100.00 | $5,800.00 | 5 |
| 467 | MELENDEZ COTTO, PEDRO A. | $50.00 | $2,900.00 | 1 |
| 468 | MELENDEZ ROBLES, AMETTE | $100.00 | $5,800.00 | 5 |
| 469 | MELENDEZ RODRIGUEZ, KAREN | $50.00 | $2,900.00 | 3 |
| 470 | MELENDEZ SUSTACHE, BASILIO | $50.00 | $2,900.00 | 1 |
| 471 | MELENDEZ VAZQUEZ, DOLORES | $70.00 | $4,060.00 | 6 |
| 472 | MENDEZ GONZALEZ, EDWIN | $50.00 | $2,900.00 | 1 |
| 473 | MENDEZ GONZALEZ, EFRAIN | $50.00 | $2,900.00 | 1 |
| 474 | MENDEZ RAMOS, RUBEN | $50.00 | $2,900.00 | 2 |
| 475 | MENDEZ RUIZ, SELANIA | $75.00 | $4,350.00 | 4 |
| 476 | MENDEZ VARGAS, CESAR | $50.00 | $2,900.00 | 3 |
| 477 | MENDEZ, RAFAEL | $50.00 | $2,900.00 | 1 |
| 478 | MENDEZ, SIGFREDO | $70.00 | $4,060.00 | 6 |
| 479 | MENDOZA GONZALEZ, MARCELINO | $50.00 | $2,900.00 | 1 |
| 480 | MENDOZA MORA, PEDRO J. | $50.00 | $2,900.00 | 2 |
| 481 | MENDOZA SANCHEZ, LUZ M. | $70.00 | $4,060.00 | 6 |
| 482 | MERCADO AVILES , JORGE L. | $50.00 | $2,900.00 | 1 |
| 483 | MERCADO BONETA, NELSON | $70.00 | $4,060.00 | 5 |
| 484 | MERCADO CASIANO, FRANCISCO | $50.00 | $2,900.00 | 1 |
| 485 | MERCADO GONZALEZ, ELBA LUZ | $50.00 | $2,900.00 | 2 |
| 486 | MIRANDA BONILLA, GLADYS  M. | $70.00 | $4,060.00 | 6 |
| 487 | MIRANDA GONZALEZ, WALESKA | $70.00 | $4,060.00 | 5 |
| 488 | MIRANDA MIRANDA, JUAN A. | $100.00 | $5,800.00 | 5 |
| 489 | MIRANDA RIVERA, JOSE A. | $50.00 | $2,900.00 | 1 |
| 490 | MOJICA MORALES, MAYRA I. | $100.00 | $5,800.00 | 8 |
| 491 | MOJICA VELAZQUEZ , DORIS | $70.00 | $4,060.00 | 7 |
| 492 | MOLINA CUEVAS, ELDA | $70.00 | $4,060.00 | 8 |
| 493 | MOLINA RIVERA, JOMARA | $90.00 | $5,220.00 | 10 |
| 494 | MOLINA VAZQUEZ, LYDIA E. | $50.00 | $2,900.00 | 4 |
| 495 | MONTALVO OLIVER, ANITA | $70.00 | $4,060.00 | 7 |
| 496 | MONTES IRIZARRY, WIFREDY | $50.00 | $2,900.00 | 1 |
| 497 | MORALES CABAN, AVELINO | $50.00 | $2,900.00 | 1 |
| 498 | MORALES CHACON, OLGA | $50.00 | $2,900.00 | 2 |
| 499 | MORALES COLÓN, IVAN | $50.00 | $2,900.00 | 2 |
| 500 | MORALES FIGUEROA, JAHIRA | $70.00 | $4,060.00 | 5 |
| 501 | MORALES GALARZA, NORMA | $75.00 | $4,350.00 | 4 |
| 502 | MORALES GONZALEZ, SHAYRA | $75.00 | $4,350.00 | 4 |
| 503 | MORALES LEBRON, GILBERTO | $50.00 | $2,900.00 | 4 |
| 504 | MORALES MUNIZ, JULIO | $50.00 | $2,900.00 | 2 |
| 505 | MORALES NIEVES, JUAN M. | $70.00 | $4,060.00 | 5 |
| 506 | MORALES ORTIZ, JORGE | $50.00 | $2,900.00 | 2 |
| 507 | MORALES PÉREZ, GILBERTO | $70.00 | $4,060.00 | 6 |
| 508 | MORALES PROPEDE, GLORIMAR | $70.00 | $4,060.00 | 6 |
| 509 | MORALES RAMOS, ANGEL L. | $50.00 | $2,900.00 | 2 |
| 510 | MORALES RODRIGUEZ, ONOYOLA | $50.00 | $2,900.00 | 1 |
| 511 | MORALES ROSARIO, RICARDO | $50.00 | $2,900.00 | 1 |

| 512 | MORALES SANTIAGO, YARITZA | $50.00 | $4,060.00 | 6 |
|-----|---------------------------|--------|-----------|---|
| 513 | MORALES SANTOS , MANUEL | $50.00 | $2,900.00 | 10 |
| 514 | MORALES SOTO, EDWIN | $50.00 | $2,900.00 | 3 |
| 515 | MORALES VALENTIN, MADELINE | $70.00 | $1,890.00 | 7 |
| 516 | MORAN GONZALEZ, HIGINIO | $50.00 | $2,900.00 | 1 |
| 517 | MOYET PEREZ, ROBERTO | $50.00 | $2,900.00 | 1 |
| 518 | MULERO SOTO, ALEXIS | $70.00 | $4,060.00 | 6 |
| 519 | MUNIZ QUINONES, FERNADO | $75.00 | $4,350.00 | 4 |
| 520 | MUNIZ QUINTANA, TOMAS | $70.00 | $4,060.00 | 8 |
| 521 | MUNOZ TORRES, HAYDEE | $100.00 | $5,800.00 | 7 |
| 522 | MURPHY ORTIZ, JUAN | $50.00 | $2,900.00 | 2 |
| 523 | NATAL LOPEZ, MARIA V. | $70.00 | $4,060.00 | 5 |
| 524 | NAVARO CASTRO, ZILKA M. | $70.00 | $4,060.00 | 5 |
| 525 | NAVARRO RODRIGUEZ, ETANISLAO | $50.00 | $2,900.00 | 4 |
| 526 | NAVARRO FLORES, FRANCISCA | $70.00 | $4,060.00 | 8 |
| 527 | NAVARRO RAMOS, GLORIA E. | $50.00 | $2,900.00 | 2 |
| 528 | NAZARIO MORALES, WILFREDO | $50.00 | $2,900.00 | 2 |
| 529 | NEGRON ARCE, JOSE A | $50.00 | $2,900.00 | 1 |
| 530 | NEGRON BONILLA, ELIZABETH | $50.00 | $2,900.00 | 3 |
| 531 | NEGRON CHAVELL, RADAMES | $50.00 | $2,900.00 | 3 |
| 532 | NEGRON MARRERO, JAVIER | $70.00 | $4,060.00 | 6 |
| 533 | NEGRON ORTIZ, CARLOS R. | $50.00 | $2,900.00 | 2 |
| 534 | NEGRON RIVERA, FELIX | $75.00 | $4,350.00 | 4 |
| 535 | NEGRON RODRIGUEZ, GABRIEL | $50.00 | $2,900.00 | 4 |
| 536 | NEGRON VELAZQUEZ, JORGE G. | $75.00 | $4,350.00 | 4 |
| 537 | NIEVES FIGUEROA, ALEXANDER | $50.00 | $2,900.00 | 3 |
| 538 | NIEVES GARCÍA, HECTOR L. | $150.00 | $8,700.00 | 12 |
| 539 | NIEVES HERNANDEZ, NANCY | $100.00 | $5,800.00 | 5 |
| 540 | NIEVES MEDINA, NOEL | $50.00 | $2,900.00 | 2 |
| 541 | NIEVES MORALES, LUIS A. | $50.00 | $2,900.00 | 5 |
| 542 | NIEVES NEGRON, JOSE MIGUEL | $50.00 | $2,900.00 | 4 |
| 543 | NIEVES REYES , JOSE A. | $50.00 | $2,900.00 | 4 |
| 544 | NIEVES SOTO, AIDA I. | $50.00 | $2,900.00 | 2 |
| 545 | NIEVES VALE, ELIAS | $50.00 | $2,900.00 | 2 |
| 546 | O'FARRILL LAMB, HECTOR L. | $50.00 | $2,900.00 | 1 |
| 547 | OCASIO TORRES, LIZETTE | $50.00 | $2,900.00 | 2 |
| 548 | OCASIO TORRES, MARIEL | $50.00 | $2,900.00 | 2 |
| 549 | OCASIO VARGAS, EDUARDO | $50.00 | $2,900.00 | 2 |
| 550 | OLIVERAS OCASIO, LUIS C. | $150.00 | $8,700.00 | 11 |
| 551 | OLMEDA DIAZ, OMAR | $50.00 | $2,900.00 | 4 |
| 552 | OQUENDO MALDONADO, JESUS | $75.00 | $4,350.00 | 4 |
| 553 | OQUENDO MONTERO; ROSANA | $70.00 | $4,060.00 | 5 |
| 554 | ORSINI VIERA, NEYDA L. | $70.00 | $4,060.00 | 6 |
| 555 | ORTIZ ALAMO, SHARON | $50.00 | $2,900.00 | 2 |
| 556 | ORTIZ ARCE, MIGUEL A. | $50.00 | $2,900.00 | 2 |
| 557 | ORTIZ COLÓN, GUILLERMO | $50.00 | $2,900.00 | 3 |
| 558 | ORTIZ COLÓN, SAUL | $75.00 | $4,350.00 | 4 |

| | | | | |
|---|---|---|---|---|
| 559 | ORTIZ DELGADO, ALVIN S. | $200.00 | $11,600.00 | 13 |
| 560 | ORTIZ FIGUEROA, YESENIA | $200.00 | $11,600.00 | 13 |
| 561 | ORTIZ FLORES, MABEL | $150.00 | $8,700.00 | 12 |
| 562 | ORTIZ GONZALEZ, IRIS JANET | $50.00 | $2,900.00 | 3 |
| 563 | ORTIZ LOPEZ , LYMARI | $50.00 | $2,900.00 | 3 |
| 564 | ORTIZ LOPEZ, KATIA Y. | $70.00 | $4,060.00 | 5 |
| 565 | ORTIZ MALAVE, IVAN | $75.00 | $4,350.00 | 4 |
| 566 | ORTIZ MEDINA, ANA I | $75.00 | $4,350.00 | 4 |
| 567 | ORTIZ NUÑEZ, JORGE | $50.00 | $2,900.00 | 1 |
| 568 | ORTIZ ORTIZ, ARLENE MARIE | $50.00 | $2,900.00 | 3 |
| 569 | ORTIZ ORTIZ, IDALIA | $50.00 | $2,900.00 | 1 |
| 570 | ORTIZ ORTIZ, JULIO E. | $100.00 | $4,300.00 | 6 |
| 571 | ORTIZ PABELLON, MARIA L. | $50.00 | $2,900.00 | 1 |
| 572 | ORTIZ QUILES, NICASIO | $50.00 | $2,900.00 | 2 |
| 573 | ORTIZ RIVERA , ROSA N. | $70.00 | $4,060.00 | 7 |
| 574 | ORTIZ RIVERA, DANIEL | $50.00 | $2,900.00 | 1 |
| 575 | ORTIZ RIVERA, MARIA J. | $70.00 | $4,060.00 | 5 |
| 576 | ORTIZ RODRIGUEZ, MAGDALENE | $50.00 | $2,900.00 | 3 |
| 577 | ORTIZ SANTIAGO, SAMUEL | $75.00 | $4,350.00 | 4 |
| 578 | ORTIZ SILVA, JULIO | $75.00 | $4,350.00 | 4 |
| 579 | ORTIZ TORRES, VICTOR | $50.00 | $2,900.00 | 1 |
| 580 | ORTIZ TRECHE, JULIO E. | $50.00 | $2,900.00 | 2 |
| 581 | OSORIO CARRASQUILLO, JOSE | $50.00 | $2,900.00 | 1 |
| 582 | OSORIO DE LOS SANTOS, JOSE I. | $100.00 | $5,800.00 | 5 |
| 583 | OSORIO ELVIRA, WANDA | $70.00 | $4,060.00 | 5 |
| 584 | OTERO CASTRO, MARITZA E. | $50.00 | $2,900.00 | 3 |
| 585 | OTERO ROSARIO , HECTOR L. | $70.00 | $4,060.00 | 5 |
| 586 | PACHECO RODRIGUEZ, JOSE R. | $70.00 | $4,060.00 | 6 |
| 587 | PADILLA  NIEVES, IVAN | $75.00 | $4,350.00 | 4 |
| 588 | PADILLA COLLAZO, MAUD | $70.00 | $4,060.00 | 6 |
| 589 | PADILLA NAZARIO, ANETTE | $50.00 | $2,900.00 | 4 |
| 590 | PADILLA NIEVES, CANDIDO | $50.00 | $2,900.00 | 2 |
| 591 | PADILLA ROBLES, ROBERTO | $70.00 | $4,060.00 | 5 |
| 592 | PADILLA ROSA, EVELYN | $50.00 | $2,900.00 | 2 |
| 593 | PAGAN  SANTIAGO, ERLYN | $75.00 | $4,350.00 | 5 |
| 594 | PAGAN CLAUDIO, JOSE R. | $50.00 | $2,900.00 | 2 |
| 595 | PAGAN CRUZ, ROGELIO | $50.00 | $2,900.00 | 2 |
| 596 | PAGAN PEREZ, VICTOR | $50.00 | $2,900.00 | 1 |
| 597 | PAGAN SERRANO, JOSE L. | $150.00 | $8,700.00 | 9 |
| 598 | PAGAN VELAZQUEZ, DOMINGO | $50.00 | $2,900.00 | 1 |
| 599 | PAOLI POLO, EDGARDO | $50.00 | $2,900.00 | 1 |
| 600 | PASTRANA VALENTIN, RAMON | $50.00 | $2,900.00 | 2 |
| 601 | PEÑA BENITEZ, JORGE L. | $75.00 | $4,350.00 | 4 |
| 602 | PEÑA BENITEZ, VICTOR W. | $50.00 | $2,900.00 | 2 |
| 603 | PEÑA SANCHEZ, CECILIA | $50.00 | $2,900.00 | 1 |
| 604 | PERAZA SOTOMAYOR, TOMAS | $70.00 | $4,060.00 | 6 |
| 605 | PEREZ ALVAREZ, LINETTE | $70.00 | $4,060.00 | 6 |
| 606 | PÉREZ BAEZ, ANDRES | $50.00 | $2,900.00 | 4 |

| | | | | |
|---|---|---|---|---|
| 607 | PÉREZ DUMENG, ALEXANDRA | $50.00 | $2,900.00 | 3 |
| 608 | PEREZ FELICIANO, AUREA | $50.00 | $2,900.00 | 1 |
| 609 | PEREZ GONZALEZ, SANTOS | $50.00 | $2,900.00 | 1 |
| 610 | PEREZ JIMENEZ, EVA ZOE | $70.00 | $4,060.00 | 6 |
| 611 | PÉREZ LOZANO, JUAN | $50.00 | $2,900.00 | 2 |
| 612 | PÉREZ MALAVE , VANESSA M. | $50.00 | $2,900.00 | 3 |
| 613 | PEREZ MARTINEZ, JOSE R. | $70.00 | $4,060.00 | 6 |
| 614 | PÉREZ MEDINA, JOSE A. | $75.00 | $4,350.00 | 4 |
| 615 | PEREZ NIEVES, CARMEN L. | $100.00 | $5,800.00 | 8 |
| 616 | PÉREZ PARRILLA, SONIA I. | $50.00 | $2,900.00 | 4 |
| 617 | PEREZ PEREZ, JORGE | $70.00 | $4,060.00 | 6 |
| 618 | PÉREZ RAMOS, LUIS DANIEL | $70.00 | $4,060.00 | 6 |
| 619 | PEREZ RAMOS, MANUEL DE J. | $50.00 | $2,900.00 | 1 |
| 620 | PEREZ RAMOS, PEDRO | $50.00 | $2,900.00 | 3 |
| 621 | PÉREZ RIOS, JUAN | $50.00 | $2,900.00 | 1 |
| 622 | PEREZ RODRIGEZ, OLGA L | $50.00 | $2,900.00 | 2 |
| 623 | PEREZ TORRES, LUIS A | $70.00 | $4,060.00 | 6 |
| 624 | PICA ROSA, CARMEN | $50.00 | $2,900.00 | 2 |
| 625 | PIMENTEL RIVERA , VICTOR | $50.00 | $2,900.00 | 2 |
| 626 | PINET LOPEZ, VICTOR M. | $75.00 | $4,350.00 | 4 |
| 627 | PINTO RODRIGUEZ, DOMINGO | $50.00 | $2,900.00 | 3 |
| 628 | PIRELA RIVERA, LYNETTE | $150.00 | $8,700.00 | 11 |
| 629 | PIZARRO CIRINO, WILCELINO | $75.00 | $4,350.00 | 4 |
| 630 | PIZARRO MELENDEZ, FRANCISCO | $150.00 | $8,700.00 | 11 |
| 631 | PLAZA LUCIANO, GERARDO | $50.00 | $2,900.00 | 1 |
| 632 | PLAZA MARADIAGA, ANALIA | $70.00 | $4,060.00 | 5 |
| 633 | POMALES MELENDEZ, REINALDO | $50.00 | $2,900.00 | 1 |
| 634 | PRATTS MONTALVO, NYDIA I. | $50.00 | $2,900.00 | 2 |
| 635 | PRINCIPE REYES, NELSON | $50.00 | $2,900.00 | 2 |
| 636 | QUIÑONES BERRIOS, ELIAS | $50.00 | $2,900.00 | 4 |
| 637 | QUINONES HERNANDEZ, MARTA | $70.00 | $4,060.00 | 5 |
| 638 | QUIÑONES ORTIZ, LUIS R. | $70.00 | $4,060.00 | 6 |
| 639 | QUINONES QUILES, NEREIDA | $50.00 | $2,900.00 | 3 |
| 640 | QUIÑONES TORRES, ELISAMUEL | $50.00 | $2,900.00 | 3 |
| 641 | QUINTANA PEREZ, ALMARIS | $70.00 | $4,060.00 | 8 |
| 642 | RAMIREZ COTTO, ROSA E. | $50.00 | $2,900.00 | 2 |
| 643 | RAMIREZ RODRIGUEZ, ROBERTO | $200.00 | $11,600.00 | 14 |
| 644 | RAMOS BENIQUEZ, YAMIRTA | $50.00 | $2,900.00 | 2 |
| 645 | RAMOS CINTRON, OLGA JANICE | $75.00 | $4,350.00 | 5 |
| 646 | RAMOS FLORES, YAJAIRA | $50.00 | $2,900.00 | 2 |
| 647 | RAMOS MARTÍNEZ, EDWARDO | $50.00 | $2,900.00 | 1 |
| 648 | RAMOS MARTÍNEZ, JOSE L. | $75.00 | $4,350.00 | 4 |
| 649 | RAMOS MARTÍNEZ, JUAN | $70.00 | $4,060.00 | 6 |
| 650 | RAMOS MATTEI, ABNER Y. | $50.00 | $2,900.00 | 2 |
| 651 | RAMOS RIVERA, JUAN R. | $70.00 | $3,640.00 | 6 |
| 652 | RAMOS RIVERA, MARTIN | $50.00 | $2,900.00 | 1 |
| 653 | RAMOS RODRIGUEZ, EDITH | $75.00 | $4,350.00 | 6 |
| 654 | RAMOS ROSADO, JANNETTE | $75.00 | $4,350.00 | 6 |

| | | | |
|---|---|---|---|
| 655 | REYES ARROLLO, TOMAS | $50.00 | $2,900.00 | 1 |
| 656 | REYES CEBALLOS, MIGUEL | $50.00 | $2,900.00 | 1 |
| 657 | REYES DIAZ, CANDIDO | $70.00 | $4,060.00 | 6 |
| 658 | REYES NIEVES, LILLIAM | $150.00 | $8,700.00 | 13 |
| 659 | REYES RODRIGUEZ, JOSE A. | $50.00 | $2,900.00 | 1 |
| 660 | RIOS CARRION, JUAN | $50.00 | $2,900.00 | 1 |
| 661 | RIOS CENTENO, MANUEL | $75.00 | $4,350.00 | 4 |
| 662 | RIOS FELICIANO, MIGUEL A. | $50.00 | $2,900.00 | 1 |
| 663 | RIOS GUZMAN, JOSE A. | $50.00 | $2,900.00 | 4 |
| 664 | RIOS MARTINEZ, SAMUEL | $50.00 | $2,900.00 | 3 |
| 665 | RIOS OCASIO, JOSE R. | $50.00 | $2,900.00 | 4 |
| 666 | RIVERA ALVAREZ, DIOSDADO | $70.00 | $4,060.00 | 6 |
| 667 | RIVERA AGOSTO, MARIA L. | $100.00 | $5,800.00 | 8 |
| 668 | RIVERA ARROYO, RAMÓN | $50.00 | $2,900.00 | 1 |
| 669 | RIVERA BAEZ, JORGE G. | $100.00 | $5,800.00 | 5 |
| 670 | RIVERA BERDECIA, GLADYS E. | $150.00 | $8,700.00 | 11 |
| 671 | RIVERA BORIA, BALTAZAR | $75.00 | $4,350.00 | 4 |
| 672 | RIVERA CANCEL, WALESKA | $75.00 | $4,350.00 | 4 |
| 673 | RIVERA CASANOVA, EILEEN M. | $75.00 | $4,350.00 | 5 |
| 674 | RIVERA CINTRON, MARIA V. | $50.00 | $2,900.00 | 3 |
| 675 | RIVERA COLLAZO, IVAN | $70.00 | $4,060.00 | 6 |
| 676 | RIVERA COLÓN, JOSE F. | $70.00 | $4,060.00 | 8 |
| 677 | RIVERA CRUZ, CARLOS | $50.00 | $2,900.00 | 2 |
| 678 | RIVERA CRUZ, ORLANDO | $50.00 | $2,900.00 | 1 |
| 679 | RIVERA DE JESÚS, TOMAS | $50.00 | $2,900.00 | 2 |
| 680 | RIVERA DIAZ, JOANNY | $50.00 | $2,900.00 | 2 |
| 681 | RIVERA FERNANDEZ, RAMÓN L. | $50.00 | $2,900.00 | 3 |
| 682 | RIVERA FRANCESCHI, FRANK | $50.00 | $2,900.00 | 1 |
| 683 | RIVERA GONZALEZ, JOSE A | $100.00 | $5,800.00 | 6 |
| 684 | RIVERA LUCIANO, MARIA DE LOS A. | $50.00 | $2,900.00 | 3 |
| 685 | RIVERA LUYANDA, YANIRA I. | $70.00 | $4,060.00 | 6 |
| 686 | RIVERA MATOS, ROBERT | $70.00 | $4,060.00 | 5 |
| 687 | RIVERA MEDINA , CARMEN L. | $70.00 | $4,060.00 | 6 |
| 688 | RIVERA MELENDEZ, MIGUEL | $50.00 | $2,900.00 | 2 |
| 689 | RIVERA MERCADO, HECTOR L. | $70.00 | $4,060.00 | 6 |
| 690 | RIVERA MERCADO, WILMER | $70.00 | $4,060.00 | 5 |
| 691 | RIVERA MERCED, YOLANDA | $50.00 | $2,900.00 | 2 |
| 692 | RIVERA NEGRON, WILLMAN | $70.00 | $4,060.00 | 6 |
| 693 | RIVERA NIEVES, MARIA M. | $70.00 | $4,060.00 | 7 |
| 694 | RIVERA NUNEZ, ELVIN | $50.00 | $2,900.00 | 2 |
| 695 | RIVERA OJEDA, TEDDY | $50.00 | $2,900.00 | 1 |
| 696 | RIVERA ORTIZ, CARMEN M. | $50.00 | $2,900.00 | 4 |
| 697 | RIVERA PAGAN, VILMARI | $70.00 | $4,060.00 | 5 |
| 698 | RIVERA PAZ, NOEMI | $50.00 | $2,900.00 | 3 |
| 699 | RIVERA PIZARRO, ANABELLE | $70.00 | $4,060.00 | 5 |
| 700 | RIVERA RIVERA, AIDA N. | $70.00 | $4,060.00 | 5 |
| 701 | RIVERA RIVERA, IVAN | $50.00 | $2,900.00 | 2 |

| | | | | |
|---|---|---|---|---|
| 702 | RIVERA RIVERA, JANISSE | | $2,900.00 | 2 |
| 703 | RIVERA RIVERA, NELSIE | $50.00 | $2,900.00 | 4 |
| 704 | RIVERA RIVERA, SANDRA L, | $50.00 | $2,900.00 | 3 |
| 705 | RIVERA RODRIGUEZ, CHISTIAN | $70.00 | $4,060.00 | 5 |
| 706 | RIVERA ROLON, JOSE L. | $70.00 | $4,060.00 | 7 |
| 707 | RIVERA SANCHEZ, MILAGROS | $50.00 | $2,900.00 | 2 |
| 708 | RIVERA SANTIAGO, SONIA | $50.00 | $2,900.00 | 2 |
| 709 | RIVERA SILVA, MADELINE | $50.00 | $2,900.00 | 3 |
| 710 | RIVERA SUAREZ, MILDRED IVELISSE | $50.00 | $2,900.00 | 2 |
| 711 | RIVERA TORRES, BIENVENIDO | $50.00 | $2,900.00 | 2 |
| 712 | RIVERA TORRES, JUAN | $50.00 | $2,900.00 | 4 |
| 713 | RIVERA TORRES, LUIS R. | $75.00 | $4,350.00 | 4 |
| 714 | RIVERA TROCHE, DIANA | $50.00 | $2,900.00 | 2 |
| 715 | RIVERA VEGA, JOSE A. | $50.00 | $2,900.00 | 2 |
| 716 | RIVERA VELEZ, ROBERTO J. | $150.00 | $8,700.00 | 12 |
| 717 | RIVERA MALDONADO, JOSE A. | $50.00 | $2,900.00 | 2 |
| 718 | RIVERO LOPEZ ESTRELLA E. | $70.00 | $4,060.00 | 6 |
| 719 | ROBERT CARRASQUILLO, ENRIQUE | $70.00 | $4,060.00 | 5 |
| 720 | ROBLES RAMOS, MELISSA | $50.00 | $2,900.00 | 2 |
| 721 | RODRIGUEZ AYALA, WILDA E. | $50.00 | $2,900.00 | 4 |
| 722 | RODRIGUEZ BRACERO , JUAN R | $50.00 | $2,900.00 | 1 |
| 723 | RODRIGUEZ CABESUDO, ABIGAIL | $50.00 | $2,900.00 | 3 |
| 724 | RODRIGUEZ CABRERA, FELIX | $75.00 | $4,350.00 | 4 |
| 725 | RODRIGUEZ CINTRON, HECTOR O. | $50.00 | $2,900.00 | 2 |
| 726 | RODRIGUEZ CINTRON, YEIDIE E. | $50.00 | $2,900.00 | 2 |
| 727 | RODRIGUEZ DEL TORO, JOSE M. | $70.00 | $4,060.00 | 6 |
| 728 | RODRIGUEZ DEL TORRO, CHARIZ | $50.00 | $2,900.00 | 3 |
| 729 | RODRIGUEZ DIFFAI, CANDIDO | $50.00 | $2,900.00 | 1 |
| 730 | RODRIGUEZ FELICIANO, EPIFANIO | $50.00 | $2,900.00 | 1 |
| 731 | RODRIGUEZ García, JOSE A. | $100.00 | $5,800.00 | 6 |
| 732 | RODRIGUEZ GONZALEZ, JOSE A. | $100.00 | $5,800.00 | 6 |
| 733 | RODRIGUEZ HERNANDEZ , IRMA I. | $50.00 | $2,900.00 | 2 |
| 734 | RODRIGUEZ LOPEZ, ROLANDO | $100.00 | $5,800.00 | 5 |
| 735 | RODRIGUEZ LUGO, ANTONIO | $50.00 | $2,900.00 | 3 |
| 736 | RODRIGUEZ MARIA, JOSE D. | $50.00 | $2,900.00 | 2 |
| 737 | RODRIGUEZ MARTINEZ, WILFREDO | $50.00 | $2,900.00 | 4 |
| 738 | RODRIGUEZ MEDINA, REGINA | $70.00 | $4,060.00 | 6 |
| 739 | RODRIGUEZ MEDINA, SANTOS | $50.00 | $2,900.00 | 1 |
| 740 | RODRIGUEZ MELENDEZ, SYLVIA DE L. | $100.00 | $5,800.00 | 6 |
| 741 | RODRIGUEZ MONTALVO, IRIVIN | $75.00 | $4,350.00 | 4 |
| 742 | RODRIGUEZ MONTALVO, NOEL | $50.00 | $2,900.00 | 3 |
| 743 | RODRIGUEZ NAVARRO, LYDIA E. | $50.00 | $2,900.00 | 1 |
| 744 | RODRIGUEZ QUIROS, JAVIER | $50.00 | $2,900.00 | 1 |
| 745 | RODRIGUEZ RAMOS, MIGDALIA | $70.00 | $4,060.00 | 7 |
| 746 | RODRIGUEZ RIVERA, ANILDA | $50.00 | $2,900.00 | 2 |
| 747 | RODRIGUEZ RIVERA, FELIX | $50.00 | $2,900.00 | 1 |
| 748 | RODRIGUEZ ROBLES, ANGEL J. | $90.00 | $5,220.00 | 9 |
| 749 | RODRIGUEZ RODRIGUEZ, RONALD | $50.00 | $2,900.00 | 2 |

| 750 | RODRIGUEZ SALINAS, LUIS A. | $50.00 | $2,900.00 | 4 |
|---|---|---|---|---|
| 751 | RODRIGUEZ SANCHEZ, JORGE | $50.00 | $2,900.00 | 2 |
| 752 | RODRIGUEZ TORRES, GLADYS | $50.00 | $2,900.00 | 2 |
| 753 | RODRIGUEZ VALENTIN, NILZA | $70.00 | $4,060.00 | 6 |
| 754 | RODRIGUEZ VAZQUEZ, GILBERTO | $70.00 | $4,060.00 | 5 |
| 755 | RODRIGUEZ VEGA, MYRMARIS | $50.00 | $2,900.00 | 2 |
| 756 | ROHENA DOMINGUEZ, ESTEBAN | $50.00 | $2,900.00 | 2 |
| 757 | ROJAS DE ARROYO, NORA E. | $70.00 | $4,060.00 | 5 |
| 758 | ROJAS FONTANEZ, JOSE R. | $70.00 | $4,060.00 | 6 |
| 759 | ROLDAN GOMEZ, JUAN | $50.00 | $2,900.00 | 1 |
| 760 | ROLDAN LEBRON, REYMOND | $50.00 | $2,900.00 | 4 |
| 761 | ROLDOS BAYRON, SANTOS | $50.00 | $2,900.00 | 2 |
| 762 | ROMAN MARTÍNEZ, JOSE A. | $70.00 | $4,060.00 | 6 |
| 763 | ROMAN MARTÍNEZ, JOSE A. | $50.00 | $2,900.00 | 3 |
| 764 | ROMAN VAZQUEZ, JOSE | $50.00 | $2,900.00 | 1 |
| 765 | ROMAN VISCARRONDO, CLARISSA | $70.00 | $4,060.00 | 6 |
| 766 | RONALD CARABALLO, JOSE | $70.00 | $4,060.00 | 6 |
| 767 | ROSA SOTO, NORMA | $70.00 | $4,060.00 | 6 |
| 768 | ROSA BENIQUEZ, BEATRIZ | $50.00 | $2,900.00 | 3 |
| 769 | ROSA CHICO, ISMAEL | $50.00 | $2,900.00 | 1 |
| 770 | ROSA GUADALUPE, BEATRIZ | $50.00 | $2,900.00 | 4 |
| 771 | ROSA REYES, JOEL | $200.00 | $11,600.00 | 13 |
| 772 | ROSA VAZQUEZ, LUZ | $50.00 | $2,900.00 | 2 |
| 773 | ROSA VEGA, EDILBERTO | $70.00 | $4,060.00 | 5 |
| 774 | ROSADO GARCÍA, ALFREDO | $50.00 | $2,900.00 | 2 |
| 775 | ROSADO MEDINA, JOSE | $50.00 | $2,900.00 | 1 |
| 776 | ROSADO MONTALVO, JADIRA | $50.00 | $2,900.00 | 2 |
| 777 | ROSADO NIEVES, DANIEL | $50.00 | $2,900.00 | 1 |
| 778 | ROSARIO GARCIA, ANGEL | $75.00 | $4,350.00 | 4 |
| 779 | ROSARIO GARCIA, VICTOR | $50.00 | $2,900.00 | 1 |
| 780 | ROSARIO HUERTAS, EVA | $70.00 | $4,060.00 | 7 |
| 781 | ROSARIO MARTÍNEZ, JOSE J. | $70.00 | $4,060.00 | 6 |
| 782 | ROSARIO POMALES, CRUZ | $50.00 | $2,900.00 | 3 |
| 783 | ROSARIO RIVAS, PASTOR | $50.00 | $2,900.00 | 1 |
| 784 | ROSARIO RIVERA, EDWIN F. | $50.00 | $2,900.00 | 1 |
| 785 | ROSS CARRERO, JANNETTE | $70.00 | $4,060.00 | 5 |
| 786 | ROSS, GILBERTO | $50.00 | $2,900.00 | 2 |
| 787 | RUIZ TORRES, ROBERTO | $50.00 | $2,900.00 | 2 |
| 788 | RUIZ CRUZ, JAVIER | $50.00 | $2,900.00 | 1 |
| 789 | RUIZ MONTES, JOSE A. | $70.00 | $4,060.00 | 5 |
| 790 | RUIZ RODRIGUEZ, JUAN R. | $70.00 | $4,060.00 | 5 |
| 791 | RUIZ ROSA, MYRIAM M. | $70.00 | $4,060.00 | 6 |
| 792 | RUIZ SANTANA, NORBERTO | $75.00 | $4,350.00 | 6 |
| 793 | RUIZ VELEZ, RUBEN | $50.00 | $2,900.00 | 1 |
| 794 | SAEZ ORTA, EDNA | $50.00 | $2,400.00 | 2 |
| 795 | SALAS MENDEZ, ROBERTO | $70.00 | $4,060.00 | 6 |
| 796 | SALAS PÉREZ, ROBERT | $50.00 | $2,900.00 | 2 |
| 797 | SALGADO RIVERA, ANTONIO | $70.00 | $4,060.00 | 5 |

| 798 | SANCHEZ ACEVEDO, DORIS E. | $70.00 | $4,060.00 | 2 |
| 799 | SANCHEZ JIMENEZ, CARLOS | $50.00 | $2,900.00 | 1 |
| 800 | SANCHEZ MATOS, IRIS Y. | $50.00 | $2,900.00 | 2 |
| 801 | SANCHEZ PIZARRO, ZAIDA I. | $50.00 | $2,900.00 | 2 |
| 802 | SANCHEZ RIVERA, JORGE | $50.00 | $2,900.00 | 2 |
| 803 | SANCHEZ SANCHEZ, LUIS | $70.00 | $4,060.00 | 6 |
| 804 | SANCHEZ SANTIAGO, MIGUEL A | $50.00 | $2,900.00 | 1 |
| 805 | SANCHEZ TORRES, ANGEL C. | $50.00 | $2,900.00 | 1 |
| 806 | SANCHEZ, MIGUEL | $50.00 | $2,900.00 | 2 |
| 807 | SANTANA PAGAN, RENE | $50.00 | $2,900.00 | 1 |
| 808 | SANTEL MUÑOZ, GILBERTO | $50.00 | $2,900.00 | 1 |
| 809 | SANTIAGO BONET, DAMIAN | $50.00 | $2,900.00 | 2 |
| 810 | SANTIAGO CARTAGENA, DAVID G. | $70.00 | $4,060.00 | 6 |
| 811 | SANTIAGO CRUZ, RAFAEL E. | $70.00 | $4,060.00 | 5 |
| 812 | SANTIAGO GONZALEZ, MAYRA I. | $150.00 | $8,700.00 | 11 |
| 813 | SANTIAGO JAIME, JESÚS M. | $50.00 | $2,900.00 | 1 |
| 814 | SANTIAGO LEBRON, SONIA | $50.00 | $2,900.00 | 2 |
| 815 | SANTIAGO LOPEZ, ENRIQUE | $70.00 | $4,060.00 | 5 |
| 816 | SANTIAGO MONTES, MELVIN | $50.00 | $2,900.00 | 1 |
| 817 | SANTIAGO QUINONES, MAYRA | $70.00 | $4,060.00 | 6 |
| 818 | SANTIAGO RIVERA, SALVADOR | $75.00 | $4,350.00 | 4 |
| 819 | SANTIAGO RODRIGUEZ, RENE | $50.00 | $2,900.00 | 2 |
| 820 | SANTIAGO RODRIGUEZ, SILVESTRE | $50.00 | $2,900.00 | 1 |
| 821 | SANTIAGO RUIZ, JOSE A. | $50.00 | $2,900.00 | 1 |
| 822 | SANTIAGO TORRES, HECTOR L. | $50.00 | $2,450.00 | 3 |
| 823 | SANTIAGO VIENTOS, JOSE | $50.00 | $2,900.00 | 1 |
| 824 | SANTINI MELENDEZ, HECTOR V. | $50.00 | $2,900.00 | 1 |
| 825 | SANTOS DIEZ, IVAN | $100.00 | $5,800.00 | 5 |
| 826 | SANTOS GONZALEZ, JOSE A. | $50.00 | $2,900.00 | 2 |
| 827 | SANTOS MELENDEZ, IRMA N. | $50.00 | $2,900.00 | 2 |
| 828 | SANTOS RIVERA, HILDA LUZ | $70.00 | $4,060.00 | 5 |
| 829 | SANTOS ROSARIO, VICTOR A. | $50.00 | $2,900.00 | 2 |
| 830 | SANTOS VELEZ, BETTY | $70.00 | $4,060.00 | 5 |
| 831 | SAURI GONZALEZ, ARLENE | $150.00 | $8,700.00 | 12 |
| 832 | SEGUI BASILONIA, MICHELLE I | $50.00 | $2,900.00 | 3 |
| 833 | SEGURA FLORES, RAMON | $50.00 | $2,900.00 | 2 |
| 834 | SELLES ORTIZ, MIGUEL E. | $100.00 | $5,800.00 | 5 |
| 835 | SEPULVEDA CARMONA, JORGE | $50.00 | $2,900.00 | 1 |
| 836 | SEPULVEDA LOZADA, JOSE I. | $70.00 | $4,060.00 | 5 |
| 837 | SEPULVEDA SANCHEZ, JORGE L. | $150.00 | $8,700.00 | 13 |
| 838 | SEPULVEDA TORRES, EILEEN | $50.00 | $2,900.00 | 2 |
| 839 | SERRANO CONDE, JOSE L. | $70.00 | $4,060.00 | 5 |
| 840 | SERRANO FLORES, EPIFANIO | $50.00 | $2,900.00 | 1 |
| 841 | SERRANO RIVERA , JANEEN | $50.00 | $2,900.00 | 2 |
| 842 | SERRANO SANTANA, ANA | $70.00 | $4,060.00 | 5 |
| 843 | SERRANO TEXEIRA, MANUEL | $50.00 | $2,900.00 | 1 |
| 844 | SERRANO, JOSE L. | $50.00 | $2,900.00 | 5 |
| 845 | SIERRA MARTINEZ, JAVIER | $50.00 | $2,900.00 | 1 |

| 846 | SIERRA MONTAÑEZ, DAISY | $70.00 | $4,060.00 | 5 |
|-----|------------------------|--------|-----------|---|
| 847 | SILVA BARBOSA, MADELINE | $70.00 | $4,060.00 | 5 |
| 848 | SILVA CENTENO, WANDA | $70.00 | $4,060.00 | 5 |
| 849 | SILVIA AVILES, EDGAR | $50.00 | $2,900.00 | 1 |
| 850 | SOLER RODRIGUEZ, CARLOS M. | $50.00 | $2,900.00 | 1 |
| 851 | SOLER VELEZ, SAMUEL | $50.00 | $2,900.00 | 1 |
| 852 | SOLIS ALLENDE, IRISBEL | $50.00 | $2,900.00 | 2 |
| 853 | SOTO COLLOZO, CARLOS | $50.00 | $2,900.00 | 2 |
| 854 | SOTO RAMIREZ , OLGA M. | $70.00 | $4,060.00 | 6 |
| 855 | SOTO RIVERA, JOSE A. | $50.00 | $2,900.00 | 4 |
| 856 | SOTO RIVERA, PROFIRIO | $50.00 | $2,900.00 | 2 |
| 857 | SOTO RODRIGUEZ, GILBERTO | $200.00 | $11,600.00 | 14 |
| 858 | SOTO RODRIGUEZ, JOSE | $50.00 | $2,900.00 | 1 |
| 859 | SOTO RODRIGUEZ, MARTA L. | $70.00 | $4,060.00 | 6 |
| 860 | SOTO RUIZ, ANTONIO | $50.00 | $2,900.00 | 1 |
| 861 | SUSTACHE MELENDEZ, SUSANO | $50.00 | $2,900.00 | 2 |
| 862 | TARABOCHIE GARCÍA, ILKA S. | $50.00 | $2,900.00 | 4 |
| 863 | TELLADO LOPEZ, LUIS | $50.00 | $2,900.00 | 1 |
| 864 | TEXIDOR MARIN, PEDRO | $100.00 | $5,800.00 | 6 |
| 865 | TIRADO CARRASQUILLO, EVA | $50.00 | $2,900.00 | 3 |
| 866 | TIRADO CORDOVA, REYES | $50.00 | $2,900.00 | 1 |
| 867 | TIRADO LUGO, ALFREDO L. | $50.00 | $2,900.00 | 2 |
| 868 | TIRADO RIVERA, EUGENIO | $100.00 | $5,800.00 | 6 |
| 869 | TOLENTINO CASTRO, VICTOR | $70.00 | $4,060.00 | 6 |
| 870 | TORO CRUZ, LISSETTE | $50.00 | $2,900.00 | 4 |
| 871 | TORO SANCHEZ, BARTOLO | $70.00 | $4,060.00 | 5 |
| 872 | TORRES PÉREZ, DANIEL | $50.00 | $2,900.00 | 1 |
| 873 | TORRES ROSARIO, DAVID | $75.00 | $4,350.00 | 4 |
| 874 | TORRES ALVARADO, LILIANA | $70.00 | $4,060.00 | 6 |
| 875 | TORRES CARRASQUILLO, LUIS A | $50.00 | $2,900.00 | 2 |
| 876 | TORRES COLON, GLORIMAR | $50.00 | $2,900.00 | 3 |
| 877 | TORRES CRESPO, OCTAVIO | $75.00 | $4,350.00 | 4 |
| 878 | TORRES GONZALEZ, JOANNE I. | $200.00 | $11,600.00 | 13 |
| 879 | TORRES GUTIERREZ, PEDRO | $50.00 | $2,900.00 | 2 |
| 880 | TORRES HERNANDEZ, VANESSA | $50.00 | $2,900.00 | 3 |
| 881 | TORRES MEDINA, CESAR | $150.00 | $8,700.00 | 11 |
| 882 | TORRES MELENDEZ, EVA LUZ | $100.00 | $5,800.00 | 6 |
| 883 | TORRES MONTAÑEZ, JOSE H. | $50.00 | $2,900.00 | 2 |
| 884 | TORRES MUÑOZ, JOSE A. | $50.00 | $2,900.00 | 2 |
| 885 | TORRES ORTIZ, ALICIA | $50.00 | $2,900.00 | 4 |
| 886 | TORRES ORTIZ, JOSE R. | $50.00 | $2,900.00 | 2 |
| 887 | TORRES PÉREZ, NINOSHKA | $50.00 | $2,900.00 | 2 |
| 888 | TORRES RAMOS, EFRAIN | $50.00 | $2,900.00 | 1 |
| 889 | TORRES RIVERA, ENRIQUE | $70.00 | $4,060.00 | 8 |
| 890 | TORRES RIVERA, JOHANNA | $70.00 | $4,060.00 | 6 |
| 891 | TORRES RIVERA, JOSE A. | $70.00 | $4,060.00 | 5 |
| 892 | TORRES RODRIGUEZ, EDGARDO | $150.00 | $8,700.00 | 13 |
| 893 | TORRES RODRIGUEZ, JAVIER | $100.00 | $5,800.00 | 5 |

| | | | | |
|---|---|---|---|---|
| 894 | TORRES SANCHEZ, JUAN | $50.00 | $2,900.00 | 1 |
| 895 | TORRES SANCHEZ, PABLO | $70.00 | $4,060.00 | 6 |
| 896 | TORRES SANTIAGO, WENCESLAO | $50.00 | $2,900.00 | 2 |
| 897 | TORRES SANTOS, JUAN A. | $50.00 | $2,900.00 | 1 |
| 898 | TORRES SEGARRA, JAMILLETTE | $50.00 | $2,900.00 | 2 |
| 899 | TORRES TORRES, CARMEN D. | $50.00 | $2,900.00 | 4 |
| 900 | TORRES TORRES, ISMAEL | $75.00 | $825.00 | 4 |
| 901 | TORRES TORRES, RUBEN | $50.00 | $2,900.00 | 1 |
| 902 | TORRES VEGA , MARCOS L. | $50.00 | $2,900.00 | 1 |
| 903 | TORRESILLO PAGAN, RADAMES | $50.00 | $2,900.00 | 1 |
| 904 | TROCHE DUCOT, FRANKLIN | $50.00 | $2,900.00 | 1 |
| 905 | TROCHE TORRES, EULOGIO | $50.00 | $2,900.00 | 1 |
| 906 | TRUJILLO SANTANA, MICHELLE | $50.00 | $2,900.00 | 2 |
| 907 | URBINA FLORAN, EFRAIN | $70.00 | $4,060.00 | 6 |
| 908 | URBINA ROSADO, CARMEN M. | $75.00 | $4,350.00 | 4 |
| 909 | VAELLO BRUNET, ILEANA | $100.00 | $5,800.00 | 5 |
| 910 | VALDES LINANES, ROLANDO | $100.00 | $5,800.00 | 5 |
| 911 | VALENTIN CENTENO, ALEIXA | $50.00 | $2,900.00 | 3 |
| 912 | VALENTIN COLLAZO, ENID | $200.00 | $11,600.00 | 14 |
| 913 | VALENTIN GUZMAN , NELSON | $50.00 | $2,900.00 | 2 |
| 914 | VALENTIN HERNANDEZ, IVETTE Y. | $50.00 | $2,900.00 | 4 |
| 915 | VALENTIN LOPEZ, HECTOR I | $70.00 | $4,060.00 | 8 |
| 916 | VALENTIN MARRERO, SONAI E. | $70.00 | $4,060.00 | 5 |
| 917 | VALENTIN RODRIGUEZ, RAUL | $70.00 | $4,060.00 | 6 |
| 918 | VALENTIN ROLDAN, ROSA A. | $100.00 | $5,800.00 | 7 |
| 919 | VALENTIN SALAS ,EDWIN | $50.00 | $2,900.00 | 3 |
| 920 | VALLE VARGAS, ABRAHAN | $50.00 | $2,900.00 | 1 |
| 921 | VARGAS NIEVES, VIRGINIA | $50.00 | $2,900.00 | 3 |
| 922 | VARGAS RODRIGUEZ, GONZALO | $50.00 | $2,900.00 | 1 |
| 923 | VARGAS ROSAS, AIDA | $50.00 | $2,900.00 | 4 |
| 924 | VARGAS ROSAS, BLANCA N. | $70.00 | $4,060.00 | 5 |
| 925 | VARGAS VARGAS, LUIS A. | $100.00 | $5,800.00 | 6 |
| 926 | VAZQUEZ APONTE, WALTER | $50.00 | $2,900.00 | 4 |
| 927 | VAZQUEZ BURGOS, LUIS A. | $50.00 | $2,900.00 | 1 |
| 928 | VAZQUEZ FERRER, GERONIMO | $150.00 | $4,050.00 | 11 |
| 929 | VAZQUEZ FLORES, DIONISIO | $50.00 | $2,900.00 | 1 |
| 930 | VAZQUEZ FLORES, ESTEBAN L. | $50.00 | $2,900.00 | 1 |
| 931 | VAZQUEZ FLORES, HECTOR R. | $50.00 | $2,900.00 | 4 |
| 932 | VAZQUEZ GARCÍA, ROBERTO | $50.00 | $2,900.00 | 2 |
| 933 | VAZQUEZ MELENDEZ, NEFTALI | $50.00 | $2,900.00 | 2 |
| 934 | VAZQUEZ RODRIGUEZ, ANGEL L. | $50.00 | $2,900.00 | 2 |
| 935 | VAZQUEZ SERRANO, HECTOR | $50.00 | $2,900.00 | 1 |
| 936 | VAZQUEZ TAVAREZ, EDUARDO | $70.00 | $4,060.00 | 6 |
| 937 | VAZQUEZ TAVAREZ, FRANCISCO | $50.00 | $2,900.00 | 4 |
| 938 | VEGA  NEGRON, LUIS A. | $50.00 | $2,900.00 | 4 |
| 939 | VEGA BONILLA, EDDIE | $70.00 | $4,060.00 | 6 |
| 940 | VEGA CRESPO, JOSE R. | $50.00 | $2,900.00 | 2 |

| | | | | |
|---|---|---|---|---|
| 941 | VEGA CUEVAS, RUBEN | $50.00 | $2,900.00 | 2 |
| 942 | VEGA GALARZA, JOSE R. | $50.00 | $2,900.00 | 2 |
| 943 | VEGA GONZALEZ, GLENDA L. | $90.00 | $5,220.00 | 8 |
| 944 | VEGA ORTIZ, JULIO A. | $50.00 | $2,900.00 | 3 |
| 945 | VELASQUEZ RODRIGUEZ, JORGE | $50.00 | $2,900.00 | 1 |
| 946 | VELAZQUEZ GUTIERREZ, ANDRES J. | $100.00 | $5,800.00 | 7 |
| 947 | VELAZQUEZ LUCIANO, KEYLA M. | $70.00 | $4,060.00 | 5 |
| 948 | VELAZQUEZ PACHECO, CRISTINA | $50.00 | $2,900.00 | 2 |
| 949 | VELAZQUEZ PEDRAZA, RAMÓN | $50.00 | $2,900.00 | 1 |
| 950 | VELAZQUEZ ROLDAN, WILSON | $50.00 | $2,900.00 | 2 |
| 951 | VELAZQUEZ ROSA, MARIBEL | $200.00 | $11,600.00 | 17 |
| 952 | VELAZQUEZ SANCHEZ, ORLANDO | $70.00 | $4,060.00 | 6 |
| 953 | VELAZQUEZ SOTO, DAVID | $50.00 | $2,900.00 | 1 |
| 954 | VELEZ GONZALEZ, GILBERTO | $75.00 | $4,350.00 | 4 |
| 955 | VELEZ MATIAS, REINALDO | $50.00 | $2,900.00 | 3 |
| 956 | VELEZ MUNIZ, JUANITA | $50.00 | $2,900.00 | 2 |
| 957 | VELEZ RIVERA, LINO | $50.00 | $2,900.00 | 1 |
| 958 | VELEZ RODRIGUEZ, AMELI | $50.00 | $2,900.00 | 1 |
| 959 | VELEZ RODRIGUEZ, LUIS E. | $100.00 | $5,800.00 | 5 |
| 960 | VELEZ TORRES, MARTA L. | $50.00 | $2,900.00 | 2 |
| 961 | VELEZ VALENTIN, DANNY | $50.00 | $2,900.00 | 1 |
| 962 | VELEZ VELEZ, JOSE A. | $50.00 | $2,900.00 | 2 |
| 963 | VESA PÉREZ, MIGUEL A. | $50.00 | $2,900.00 | 4 |
| 964 | VIDAL BECERA, ERNESTO | $50.00 | $2,900.00 | 1 |
| 965 | VILLEGAS GOMEZ, JOSE D. | $150.00 | $8,700.00 | 11 |
| 966 | VOLMAR CABASSA, EDGARDO | $75.00 | $4,350.00 | 4 |

$3,618,055.00