UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>et al.,<br>THE EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTORICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY<br><br>Debtors[1] | PROMESA TITLE III<br><br>Case No. 17-BK-3283 (LTS) |

## MOTION REQUESTING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FILED BY PABLO MELANI CURRA AND DIANA VELEZ MARTINEZ

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 35(787)66-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

**COME NOW**, **Pablo Melani Curra and Diana Velez Martinez**, administrative expense claimants in this Title III proceeding filed by the Commonwealth of Puerto Rico under PROMESA, to respectfully pray for the allowance and payment in full of the administrative expense claim filed by the appearing parties.

**Procedural Background**

1. The appearing administrative expense claimants are the plaintiffs in a complaint for damages filed against the Title III Debtor, the Commonwealth of Puerto Rico, on January 13, 2022, before the Court of First Instance of Puerto Rico, Bayamon Division, case number TA 2022CV 00001.

2. In the complaint, the plaintiffs aver the damages were caused by the Department of Transportation and Public Works on January 17, 2021, in an accident on highway number 5 in the Municipality of Toa Alta, due to an absence of illumination, signage warnings, and safety barrels.

3. The Department of Transportation and Public Works is an agency of the Central Government of Puerto Rico included in the Puerto Rico Organization Chart Agencies List at Docket No. 2828 in Case Number 17-BK-3283(LTS) and is part of the Commonwealth Title III proceeding.

4. The accident involving these administrative expense claimants occurred on January 17, 2021 and the complaint was filed on January 13, 2022. Both dates are post-petition, after May 3, 2017, the date Commonwealth of Puerto Rico Title III proceeding was filed.

5. On May 4, 2022 at Docket No. 30 in case TA2022CV00001 of the Court of First Instance of Puerto Rico, the Department of Justice of the Commonwealth of

Puerto Rico filed a motion titled *Notice of Injunction Staying the Litigation in this Case and Regarding the Requirement to File An Administrative Expense Claim With the Title III Court,* ("Notice of Injunction") Exhibit A: Certified Translation of the Notice of Injunction.

6. In the Notice of Injunction, the Department of Justice asserts and represents to the Court of First Instance of Puerto Rico that the Confirmation Order of the Title III proceeding states:

"Pursuant to the Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority ("Confirmation Order") (see link in footnote number 2), issued on January 18, 2022, by the U.S. District Court for the District of Puerto Rico ("U.S. District Court"), which is in charge of restructuring the debt of the Commonwealth of Puerto Rico in the case of In re: Commonwealth of Puerto Rico, Case No. 17BK3283-LTS, we hereby inform the court that there is a permanent injunction in full force and effect for cases such as the one in caption that were filed on or before the effective date of the Plan of Adjustment, that is, March 15, 2022. It is important to point out that the Confirmation Order affirmed the Plan of Debt Adjustment ("Plan of Adjustment")." **See Exhibit A:** paragraph 2 at pages 1 and 2 of the Notice of Injunction.

7. The Department of Justice further states in the same Notice:

"Consequently, this Court lacks jurisdiction to continue the judicial proceedings in this case by virtue of the permanent injunction contemplated in the Confirmation Order issued by the U.S. District Court in charge of restructuring the debt of the Commonwealth of Puerto Rico under Title III of PROMESA and the Notice filed by the Financial Oversight Board. Thus, by virtue of the Confirmation Order and the Notice, the stay of the case in caption is warranted. This case will be handled through the U.S. District Court in charge of the case under Title III of PROMESA, in accordance with the administrative expense claims process established in the Confirmation Order and explained in the Notice." **See Exhibit A:** page 2 paragraph 4 of the Notice of Injunction.

8. The Notice of Injunction includes Docket No. 20349 as Exhibit 1 titled *NOTICE OF (A) ENTRY OF ORDER CONFIRMING MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL. PURSUANT TO TITLE III OF PROMESA AND (B)*

>*OCCURRENCE OF THE EFFECTIVE DATE.* **See Exhibit B**.

9. Exhibit B is Docket No. 20349 which specifies that the effective date of the Confirmed Title III Plan is March 15, 2022 and that any party that deems it has an administrative expense claim must file the same electronically through <https://cases.primeclerk.com/puertorico/EPOC-Index>, the Prime Clerk site, now Kroll Restructuring, or by mailing a hard copy to the mailing address of Kroll in New York on or before June 13, 2022. **Exhibit B** at page 2.

10. Also included in Docket No. 20349 is the definition of an administrative expense claim as stated in Section 1.51 and Article III of the Confirmed Plan.

**Section 1.51: Administrative Claim Bar Date**: Unless otherwise ordered by the Title III Court, the date established by the Title III Court and set forth in the Confirmation Order as the last day to file proof of Administrative Expense Claims, which date shall be no more than ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, *that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim* (a) shall have been incurred (i) in accordance with an order of the Title III Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, or (e) is the subject of a pending motion seeking allowance of an administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof. **Exhibit B** at page 2.

11. Therefore, under the purposeful actions of the Title III Debtor the Commonwealth of Puerto Rico, through its Department of Justice, the only route for post-petition claimants to assert their right to payment is filing an

administrative expense claim pursuant to the Notice filed by the FOMB at Docket No. 20349.

**Applicable Arguments**

12. Pablo Melani Curra and Diana Velez Martinez filed their administrative expense claim in the amount of $150,000.00 through the Prime Clerk, now Kroll Restructuring site on June 6, 2022. An email confirming receipt of the digital administrative expense claim filed was sent to the undersigned attorney by Kroll also on June 6, 2022.

13. Having duly complied with filing the administrative expense claim, the appearing claimants request this Honorable Court enter an Order allowing the administrative expense claim in the amount of $150,000.00 and ordering the immediate payment of said amount.

14. The grounds for this request are stated in the Notice of Injunction filed by the Commonwealth Department of Justice, Exhibit A; in Article III: Section 3.1 of the Confirmed Plan at Docket No. 19813-1, and in Section 503 of the Bankruptcy Code incorporated to PROMESA proceedings.

15. Section 503 of the Bankruptcy Code applies to PROMESA proceedings pursuant to section 301 of Title III of PROMESA. The definition and requirements of an administrative expense are expounded in Section 503.

16. A request for an administrative expense classification under Section 503 requires a post-petition transaction with the debtor, in this case the Commonwealth, and a benefit to the estate of the debtor. *In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1992).

17. The First Circuit and this Title III Court have ruled that Section 503 imposes a

burden on the debtor, herein the Commonwealth, to establish that the amounts claimed are an administrative expense and comply with the requirements. *In re Fin. Oversight & Mgmt. Bd. for P.R. ("Administrative Expense Order")*, 621 B.R. 289, 303 (D.P.R. 2020), affirmed by the First Circuit in *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 7 F.4th 31 (2021).

18. Since the debtor has the burden under Section 503 and under the rule of law in this Circuit, it may be concluded that the Commonwealth, through the Department of Justice has ascertained and complied with its burden by instructing parties as the claimants in this case, to file an administrative expense claim, hence admitting and accepting that the plaintiffs are entitled to such classification and payment. Hence, there is no need for the Commonwealth to establish any additional burden than its consent by promoting the filing of the administrative expense claims.

19. As discussed herein, the Commonwealth through the Department of Justice and the Notice filed at Docket No. 20349, herein Exhibit B, compelled all administrative expense claimants to file an administrative expense claim pursuant to the instructions provided therein and the statements made through the Notice of Injunction filed by the Department of Justice at Exhibit A.

20. The Commonwealth of Puerto Rico and its Department of Justice must follow through on their actions and instructions as to post-petition causes of actions they have chosen to injunct in the PR Court of First Instance, by routing the plaintiffs' cause of action to an administrative expense claim to be paid under Section 3.1 of the Confirmed Plan.

21. Section 3.1 of the Confirmed Plan provides payments to administrative expense claims, as follows:

3.1 **Administrative Expense Claims:** On the later to occur of (a) the Effective Date and (b) the date on which an Administrative Expense Claim shall become an Allowed Claim, the Reorganized Debtors shall (i) pay to each holder of an Allowed Administrative Expense Claim, in Cash, the full amount of such Administrative Expense Claim.

22. It must be underscored that by its own actions, through the Notice of Injunction filed by the Commonwealth Department of Justice, Exhibit A; Section 503 of the Bankruptcy Code, and Section 3.1 of the Confirmed Plan at Docket No. 19813-1, the administrative expense claim filed by Pablo Melani Curra, and Diana Velez Martinez must be allowed and immediately paid in full.

**WHEREFORE**, administrative expense claimants Pablo Melani Curra and Diana Velez Martinez respectfully request this Honorable Court grant this motion and issue an Order allowing the administrative expense filed by these claimants and mandating the Commonwealth to immediately pay the administrative expense amount to Pablo Melani Curra and Diana Velez Martinez.

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants in the captioned case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on June 13, 2022.

Counsel for Pablo Melani Curra and Diana Velez Martinez

*s/ Alexis Fuentes-Hernández, Esq.*
Alexis Fuentes-Hernández, Esq.
USDC-PR 217201

FUENTES LAW OFFICES, LLC
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215
Fax. (787) 483-6048
E-Mail: fuenteslaw@icloud.com
