**EXHIBIT A**

**[CERTIFIED TRANSLATION]**



**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, BAYAMÓN PART**

| | |
|---|---|
| **PABLO MELANI CURRÁ, ET AL.**<br>PLAINTIFFS<br><br>v.<br><br>**HIGHWAY AUTHORITY, ET AL.**<br>DEFENDANTS | **CIVIL CASE NO.: BY2022CV00001**<br><br>**RE:**<br><br>**DAMAGES** |

**NOTICE OF INJUNCTION STAYING THE LITIGATION IN THIS CASE AND REGARDING THE REQUIREMENT TO FILE AN ADMINISTRATIVE EXPENSE CLAIM WITH THE TITLE III COURT**

**TO THE HONORABLE COURT:**

**COMES NOW** the Department of Justice, through the undersigned legal counsel, and very respectfully **STATES AND PRAYS:**

## I. INTRODUCTION

1. The Complaint for damages herein was filed on January 13, 2022, against the Department of Transportation and Public Works. It stated that, on January 17, 2021, plaintiff Pablo Melani Currá had an accident on highway number 5 in the Municipality of Toa Alta, allegedly due to a lack of lighting, signage, and safety barrels.

2. Pursuant to the Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority ("Confirmation Order") (see link in footnote number 2), issued on January 18, 2022, by the U.S. District Court for the District of Puerto Rico ("U.S. District Court"), which is in charge of restructuring the debt of the Commonwealth of Puerto Rico in the case of In re: Commonwealth of Puerto Rico, Case No. 17BK3283-LTS, we hereby inform the court that there is a permanent injunction in full force and effect for cases such as the one in caption that were filed on or before the effective date of the Plan of

I hereby certify that this is a true and accurate translation to the best of my abilities.
[signature]
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

**[CERTIFIED TRANSLATION]**



Adjustment, that is, March 15, 2022. It is important to point out that the Confirmation Order affirmed the Plan of Debt Adjustment ("Plan of Adjustment").[1] Document 19813 of Case No. 17-03283-LTS[2].

3. Furthermore, on March 15, 2022—effective date of the Plan of Debt Adjustment—the Financial Oversight Board filed a document entitled Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al., pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date ("Notice") with the U.S. District Court. In said Notice, the Board informed of the deadline to file a request for payment of Administrative Expense Claims, citing Section 1.51 and Article III of the Plan of Adjustment, as well as Paragraph 44 of the Confirmation Order. *See* Exhibit 1, Notice, Document 20349 of case number 17-03283-LTS.

4. Consequently, this Court lacks jurisdiction to continue the judicial proceedings in this case by virtue of the permanent injunction contemplated in the Confirmation Order issued by the U.S. District Court in charge of restructuring the debt of the Commonwealth of Puerto Rico under Title III of PROMESA and the Notice filed by the Financial Oversight Board. Thus, by virtue of the Confirmation Order and the Notice, the stay of the case in caption is warranted. This case will be handled through the U.S. District Court in charge of the case under Title III of PROMESA, in accordance with the administrative expense claims process established in the Confirmation Order and explained in the Notice.

## II. APPLICABLE LAW

5. On January 13, 2022, the Honorable Laura Taylor Swain, the U.S. District Judge who oversees the restructuring of the government debt, issued the Confirmation Order in the case of In re: Commonwealth of Puerto Rico, Case No. 17BK3283LTS, in which she affirmed the Plan of Adjustment. Document 19813 of Case No. 17-03283.

6. Although the Plan of Adjustment was approved and came into effect on March 15, 2022,[3] this does not mean that the debt restructuring case under Title III of PROMESA, to wit, In re: Commonwealth

---

[1] The Confirmation Order is defined as follows: "**Confirmation Order:** The order of the Title III Court confirming the Plan in accordance with Section 314 of PROMESA and section 1129 [of] the Bankruptcy Code, made applicable in the Title III cases in accordance with Section 301 of PROMESA, which order shall be in form and substance reasonably satisfactory to the Initial PSA Creditors." Doc. No. 19813-1, at p. 47, ¶1.158; *see also* Doc. No. 19813-1, at p. 47, ¶1.156 ("**Confirmation Date:** The date on which the Clerk of the Title III Court enters the Confirmation Order on the docket.").

[2] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813)

[3] "[T]he effective Date of the Plan occurred on March 15, 2022." *See* Document 20349, at p. 2, in case 17BK3283-LTS.

I hereby certify that this is a true and accurate translation to the best of my abilities.
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

**[CERTIFIED TRANSLATION]**



of Puerto Rico, Case No. 17-03283, has concluded. The automatic stay contemplated in Title III of PROMESA continued until the effective date of the Plan of Adjustment under paragraph 66 and beyond the effective date of said Plan under paragraph 59 of the Confirmation Order.

7. Once the Plan of Adjustment came into effect on March 15, 2022, the permanent injunction in paragraph 59 cited hereunder became effective.[4] Regarding discharged or released claims, the Confirmation Order provides for a permanent injunction ("Injunction on Claims") with regard to claims from all entities or any other debt or liability that is held, has been held, or could be held in the future and is discharged or released pursuant to section 92.2 of the Plan of Adjustment, expressly indicating that they are permanently enjoined as from and after the effective date of the Plan of Adjustment. Doc. No. 19813, at p. 67, ¶59. In pertinent part, paragraph 59 provides:

> **Injunction on Claims. Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property.**

Confirmation Order, Doc. No. 19813, at p. 67, ¶59 (emphasis in the original).[5]

9 [sic]. Furthermore, paragraph 44 of the Confirmation Order advises about the need to file proof of administrative expense claims within 90 days after the effective date of the Plan, providing the following:

> Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the

[4] Copies of the Confirmation Order and the Plan of Adjustment of the debt are publicly available at no charge from Prime Clerk LLC, at https://cases.primeclerk.com/puertorico/, or on the website of the U.S. District Court, https://www.prd.uscourts.gov/.

[5] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813).

I hereby certify that this is a true and accurate translation to the best of my abilities.
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

**[CERTIFIED TRANSLATION]**



> ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

Confirmation Order, Doc. No. 19813, at p. 49, ¶44;[6] *see also* Plan of Adjustment, Doc. No. 19813-1, at p. 35, ¶1.51.[7]

10. In addition, on March 15, 2022, the date when the Plan of Adjustment came into effect, the Financial Oversight Board filed the Notice, in which it informed of the deadline to file requests for payment of Administrative Expense Claims (or "Administrative Expense Requests"). The Financial Oversight Board also explained the method through which requests for payment of Administrative Expense Claims or Administrative Expense Requests should be filed. *See* Notice, Doc. No. 20349, at p. 2. In pertinent part, the Notice provides the following:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and

---

[6] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813).

[7] The Plan of Adjustment of the debt defines an administrative expense claim as follows:

> 1.52 **Administrative Expense Claim**: A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

Document 19813-1, at p. 35 (emphasis in the original).

I hereby certify that this is a true and accurate translation to the best of my abilities.
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

[CERTIFIED TRANSLATION]



Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

Exhibit 1, Notice, Doc. No. 20349, at p. 2 (emphasis in the original).

11. The Notice also establishes that any person who is required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan of Adjustment and paragraph 44 of the Confirmation Order and fails to file it by the deadline to do so, **that is, June 13, 2022**, will be permanently barred from asserting the claim for payment against the debtor. Regarding this matter, page 3 of the Notice provides:

> **PLEASE TAKE FURTHER NOTICE that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

Exhibit 1, Notice, Doc. No. 20349, at p. 3 (emphasis in the original).

12. We request that this Honorable Court take judicial cognizance of the Confirmation Order, the Plan of Debt Adjustment, and the Notice under Rule 201(b) of the Puerto Rico Rules of Evidence.

## III. APPLICATION OF THE LAW

13. To date, the injunction described in paragraph 59 of the Confirmation Order is in place in this case. There is no order from the U.S. District Court for the District of Puerto Rico authorizing the continuation of the proceedings in the case in caption. Therefore, this court lost jurisdiction over the case once the injunction described in paragraph 59 of the Confirmation Order came into effect.

14. In this case, the Department of Justice represents the interests of the Commonwealth of Puerto Rico and the Department of Transportation and Public Works (a Commonwealth agency), a debtor under PROMESA, incurring the costs associated with the lawsuit. In the event of an adverse judgment, the deposited funds would be given to the plaintiff, which constitutes a liability claim against the Commonwealth and one of its instrumentalities.

15. By virtue of the injunction issued in paragraph 59 of the abovementioned order, there is no doubt that this case is permanently stayed and this Honorable Court lost jurisdiction over it. Thus, issuing any order to continue the judicial proceedings in the lawsuit would violate the provisions set forth in the Confirmation Order and the Plan of Adjustment.

I hereby certify that this is a true and accurate translation to the best of my abilities.
Miriam R. García
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

[CERTIFIED TRANSLATION]



16. The plaintiff in this post-petition case will not be devoid of a recourse or remedy, since there is a provision for administrative expense claims, if the claim qualifies as such, and there is still time to file a claim under an Administrative Expense Request. *See* In re: City of San Bernardino, 558 B.R. 321, 329-330 (C.D. Cal. 2016) (in which the court ruled, in the context of a claim for damages against the debtor city, that "insofar as Newberry seeks damages or fees from the City for the alleged constitutional violation, they can file a claim for administrative expenses.") (quoting In re: Zilog, Inc., 450 F.3d 996, 999 n. 1 (9th Cir. 2006) ("tort claims that 'arise post-petition but pre-confirmation can be filed as administrative expenses against the debtor's estate'") (quoting Reading Co. v. Brown, 391 U.S. 471, 477 (1968))); In re Palau Corp., 18 F.3d 746, 751 (9th Cir.1994)). In fact, the U.S. District Court that addressed the bankruptcy case of In re: City of Bernardino recognized that administrative expense claims in post-petition cases could give creditors a greater recourse or remedy in comparison with pre-petition creditors for the payment of said administrative expenses. *Id.*, at p. 330 ("Indeed, the fact that post-petition claims can be filed as administrative expenses potentially gives such creditors greater recourse against the City than regular prepetition creditors, for the payment of administrative expenses is given priority over almost all other claims against the estate."). Therefore, the only remedy available at this stage in the case regarding the restructuring of the debt of the Commonwealth of Puerto Rico under Title III of PROMESA is the filing of an Administrative Expense Request with the Title III Court as established in the Confirmation Order issued by said court and the Notice filed by the Financial Oversight Board.

17. In view of this situation, this Court must (i) take cognizance of the applicability of the injunction issued by the U.S. District Court in the Confirmation Order regarding claims that arose post-petition and were filed prior to the confirmation of the Plan of Adjustment; and (ii) void any order for the continuation of this lawsuit before the Court of First Instance, as it lacks jurisdiction.

**THEREFORE**, we hereby request that this Honorable Court: (i) take cognizance of the foregoing; and (ii) recognize the injunction in effect that stayed the case in caption and deprived this court of jurisdiction over it by virtue of the Confirmation Order, along with any other pronouncement that may be legally in order.

**I HEREBY CERTIFY** that this notice has been filed electronically through the Unified Case Management and Administration System (SUMAC [Spanish acronym]), which gives simultaneous notice to all attorneys and persons on record at their corresponding addresses, constituting the notice that must be given as provided by the Rules of Civil Procedure.

I hereby certify that this is a true and accurate translation to the best of my abilities.
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

**[CERTIFIED TRANSLATION]**



**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today, April 4, 2022.

**Domingo Emanuelli Hernández**
Secretary of Justice

**Susana Peñagaricano Brown**
Assistant Secretary for Civil Matters

**Juan C. Ramírez Ortiz**
Deputy Assistant Secretary for Civil Matters

**s/ Rahyxa Y. Miranda Grajales**
**Rahyxa Y. Miranda Grajales**
Attorney Registry No.: 13,002
Director
Civil Affairs Division
Damages

**s/ Giovanna García Rosaly**
**GIOVANNA GARCIA ROSALY**
Attorney Registry No.: 12,777
DEPARTMENT OF JUSTICE
OFFICE OF THE ASSISTANT
SECRETARY FOR CIVIL MATTERS
MAYAGÜEZ REGIONAL OFFICE
87 HIRAM D. CABASSA AVE.
SUITE 103
Mayagüez, PR 00680
Email: gigarcia@justicia.pr.gov

I hereby certify that this is a true and accurate translation to the best of my abilities.
[signature]
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051