UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283

(LTS)

APPLICATION FOR ALLOWANCE OF PAYMENT OF POST PETITION
ADMINISTRATIVE EXPENSE PRIORITY CLAIMS, FILED BY THE GROUP IN
LITIGATION CAPTION ACEVEDO AROCHO ET. ALS. V THE DEPARTAMENTO
HACIENDA AND RESEVATION OF RIGTHS

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COMES the group creditors in the litigation captioned Acevedo Arocho, Prudencio et als v Departamento de Hacienda Case No. K AC 2003-5022 (the "Movant's"), by and through the undersigned attorney, to respectfully state, allege and pray:

I. **PRELIMINARY STATEMENT**

1. The Movants are a group of 52 active Auditors and Tax Specialist that have continued working at the Puerto Rico Treasury Department and have an additional and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

separate cause of action, apart from the larger group of 1,600 active or former full-time career employees of the Puerto Rico Department of Treasury, that is an instrumentality of the Commonwealth of Puerto Rico, included in the Title III petition filed on behalf of the Commonwealth, and that seek an order for administrative expense status, pursuant to § 503(b) (1) (A) Subsections (i) and (ii) which gives them priority in a bankruptcy distribution and immediate payment pursuant to a confirmed plan provisions. 11 U.S.C. § 507(a) (2).

2. Also, the Movant's seek a ruling from this Court, as to their request to preserve their rights and interest to amend the present application for administrative expense priority, in order to seek payment of prepetition Administrative Expense Claims, as provided by section 503, subsection A (ii), of the Bankruptcy Code, and fill the present application in compliance with the "Notification" required under section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, provided in the Notice of entry of order confirming Modified Eighth Amended Title III Plan of Adjustment at docket entry No. 20349

3. In support of this Motion, the Movants represent as follows:

## II. JURISDICTION

4. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

5. Venue is proper under section 307(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

6. The statutory predicate for relief sought is Bankruptcy Code sections 503, 507 and 105(a), make applicable to this Title III proceeding under section 301 of the Puerto

2

Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

### III. RELEVANT BACKGROUND

7. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a voluntary petition on behalf of the Commonwealth of Puerto Rico pursuant to section 304(a) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

8. The material facts set forth herein are undisputed and stems from a final judgment entered by the Commonwealth First Instance Court (CFI) of San Juan, in the case of Juan Perez Colon et als v the Department of Transportation and Public Works (DTOP) and the Central Personnel Office (OCAP), under Law no. 5 of October 14,1975. Case No. K AC 1990-0487 since originally the Department of Transportation and Public Works (DTOP) and Department of the Treasury where part of the Central System of Personnel Administration and were applicable the same retribution and classification Plans and wage regulations.

9. In the present case the Court of First Instance, issued in 2020 a partial judgment dismissing the principal cause of action of reference, which is actually being reviewed and pending resolution at the Puerto Rico Supreme court. Case No. AC-2020-37.

10. However, the CFI in the Partial judgment, retained jurisdiction in Movants fifth cause of action, but the defendants filed a second Motion to stay procedures under PROMESA.

11. Because the Movants, alleged in their complaint, that as regular employees of the Treasury Department, were similarly situated, as the other auditors and tax specialist

that entered settlement agreement and obtained the reclasifications of their positions or pay increases in the case of Raul Hernandez Bujosa, CASP case No.CL-RET-99-05-1306 due to evolution of functions, pursuant to the reorganization of the Negociado Contribuciones, and have continued providing essential services to the Debtors, without the proper compensation, prior to the Title III petition filed a declaratory action, at the CFI, case No. K AC 2005-5022

12. In view of above facts, the Movants are entitle to the correction of their regular wages pursuant to the P.R. laws and Supreme court doctrine in Santiago Declet v Family Department, 153 DPR 208 (2001) and Rivera Padilla v OAT, 189 DPR 315. Attached as Exhibit 1, is an unsworn declaration, describing the stipulation entered by the Department of the Treasury in CASP, case No.CL-RET-99-05-1306, approving the referenced stipulations.

13. The present application for Administrative expense payment is made pursuant to section § 503 of the Bankruptcy Code, which establishes what types of claims are accorded administrative status. In general, these types of claims relate to the services rendered to a bankruptcy estate in its general administration. Wages are among the most common types of administrative expenses, since are considered a cost of preserving the bankruptcy estate. *See, e.g.,* § 503(b) (1) (A) (i)

14. The pertinent text of the statute at issue is as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate including—

(i) wages, salaries, and commissions for services rendered after the commencement of the case; and

(ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title;

15. For the purpose of this Motion, Movant's have bifurcated their claims in pre-Title III claims and post-Title III administrative expense priority claims, as ahead will be explained in more detail.

a). The Employee List included as Exhibit 2 identify the names of the Auditors and Tax specialist that have continued in their employment after the petition date and have provided essential services, under the ordinary course of their employment and have accrued salary shortfall, post –petition in view that the Department of the Treasury have continued to be in default of their obligation to reclassify Movants positions and pay said employees, the full value of their services, as operating expenses

16. According to the calculations, the Movants identified in Exhibit 2, collectively have an unpaid payroll balance post-petition in an estimated in no less $1,292,001.00 and which amounts qualify for payment, as administrative expense under subsection (A) (i). The amounts was calculated considering the pay increases provided to the claimants of Fernandez Bujosa case, and the number of months that have passed after petition date.

17. Nonetheless here, is important to clarify, that the back pay post-petition continue to accumulate on a monthly basis, during the course of Movant's employment, as applicable and until the regular salary rate is corrected, in accordance to Puerto Rico Public Retribution Law and regulations.

18. However, is important to bring to the Court consideration, that because the Debtor imposed in 2021 a second stay Order in case No. K AC 2005-5022,[2] that the post-petition administrative expenses seek in the present application, is not subject to the automatic stay. See, e.g., Turner Broadcasting System, Inc. v. Sanyo Electric, Inc., 33 B.R. 996, 999-1000 (N.D.Ga.1983); U.S. v. Gumbaytay, 2009 WL 605275 (M.D. Ala. 2009) ("Section 362(a) does not apply to conduct that occurs after the filing of a bankruptcy provision"); In re Gull Air, Inc., 890 F.2d 1255, 1263 (1989) ("[Proceedings or claims arising post-petition are not subject to the automatic stay of section 362(a)(1)");

19. Therefore, this Court can grant the relief requested for the underpayment of Movants post-petition payroll, both of which are made applicable in this case by section 301 (a) of PROMESA, since the claims arises post-petition.

II

20. However, is important to bring to the consideration of this Court, in regards the pre-petition claim, Movants submits, that if the pending payroll claim is allowed by the Commonwealth courts, all the employees in the present case are Entitled to Administrative Priority, under subsection A (ii) for an estimated amount of $28,000,000.00 according to the undisputed Proof of Claim No 51013

---

[2] At present, is pending before this court a Motion for Modification of the Stay under section 362, filed by Movants ( Docket entry 20670).

6

21. Therefore and considering that the Bankruptcy Rules shall be construed to secure the just, and efficient determination of every case and proceeding, in order to facilitate the disposition of the pre-petition administrative claims Movants holds, in view that at present are not the beneficiaries of a judgment from a Commonwealth Court, since their litigation claim have not yet been resolved on the merits, request this court, take judicial notice that by filing this Motion, Movants inform their interest in preserving their priority status on their pre-petition claims, upon further application to this court

22. Consequently Movant's expressly reserves all rights, to amend and supplement the present petition, and balance due of any claims, defenses, interests, actions and remedies related to (i) any administrative expense claim as may be asserted hereinafter, including without limitation the (A) right to a judicial determination of the amount(s) due and owing with regard to any claim, (B) the right to resolution of all issues implicated by Movants claims, (C) the right to amend, modify or supplement this Motion in response to, or as a result of, any submission by any party-in-interest and (D) the right to adopt any other pleadings filed by any other party related to Movant's claims or this Motion (collectively, the "Reservation of Rights").

23. Also, request this court, in abundance of care, to issue an order to set aside, from the fund that has been established to satisfy administrative expenses Claims, sufficient funds to cover the priority expenses claim amounts in the present case of 28 million, in order to guarantee Movant's the ability to receive priority payment, by the entry, in the near future of a judgment in their favor, shall the stay order is modified, as requested, since they have a reasonable expectancy to prevail on the merits.

24. This, request is made because; some courts have determined that Subsection A (ii), is not limited to a pre-petition judicial award. The award of back pay can be entered pre-petition or post-petition. *See In re 710 Long Ridge Rd. Operating Co., II, LLC,* 505 B.R. 163, 175 (Bankr. D.N.J. 2014) ("[I]n § 503, the word `awarded' is a past participle phrase that serves as an adjective modifying the nouns `wages' and `benefits' and thus does not indicate the award must have been entered prior to moving for administrative expense priority.") See also *In re Truland Grp., Inc.,* 520 B.R. 197, 203 (Bankr. E.D. Va. 2014), were the court determined that "the Plaintiffs' WARN Act Claims, if Allowed, are Entitled to Administrative Priority".

25. In addition, because in the case at bar, the payment(s) seek will not render the Debtor administratively insolvent, as can be determined by the information provided by the debtor, in the diverse Disclosure Statement filed and from the Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA), Cash Flow report dated September 3, 2021 which is attached hereto as Exhibit 4, and is made a part hereof.[3]

26. Therefore, and considering the above cash reserves, and other real estate assets, the Commonwealth have a reasonable prospect to continue to operate with sufficient cash reserves, following the payment (s) of the payroll debt herein requested and consequently, by reason of the operation of section A (ii) has a reasonable prospect of reorganizing through chapter 11, since the payment of the payroll debt, does not increase the probability of layoff or termination of current employees.

---

[3] See page 4 and 5 of the report that shows that the Commonwealth has currently in banks deposits, a cash account balance of $11.4 billion of unrestricted cash that under Puerto Rico's Constitution can and should, at least a substantial part, be used for debt adjustment purpose. These amount is just part of the over $25.335 billion in cash Commonwealth currently holds

8

**WHEREFORE**, the Movant is respectfully pray for this Honorable Court to grant this Motion and enter an Order:

(a) awarding the allowance and payment of the post-petition Administrative Claim submitted, (collectively), by the Auditors and Tax Specialists in the amount of $ 1,292,001.00 (The "Administrative Expense post-petition Claim" and

(b) in regards the pre-petition payroll debt, take notice of the ongoing procedures being conducted before the CFI and Supreme Court, and in case K AC 2005-5022 and that is seek to continue and approve Movants request of reservation of rights to ament the request of payment from the debtor herein submitted, and grand such other and further relief as the Court deems just and necessary.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, on June 13, 2022.

IT IS HEREBY CERTIFIED, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsels of record.

By /s/ *Ivonne González Morales*
Ivonne González - Morales
USDC-PR 202701
P.O. BOX 9021828
San Juan, P.R. 00902-1828
Telephone: 787-410-0119
Email- ivonnegm@prw.net

Attorney for the Group Creditors

9