UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

ORDER REGARDING PROPOSED ORDER ESTABLISHING,
AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING
OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

      The Court has received and reviewed the *Motion of the Puerto Rico Highways and Transportation Authority for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(Docket Entry No. 20655 in Case No. 17-03283; Docket Entry No. 1168 in Case No. 17-03567, the "HTA Procedures and Discovery Motion") and the revised proposed *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (Docket Entry No. 20845 in Case No. 17-03283 at Ex. A; Docket Entry No. 1181 in Case No. 17-03567 at Ex. A, the "Proposed HTA Procedures and Discovery Order"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"). The Oversight Board requests that the Court enter the Proposed HTA Procedures and Discovery Order to govern procedures and deadlines concerning discovery in connection with the *Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (as may be amended, modified, or supplemented from time to time, the "HTA Plan"). The Court will consider the HTA Procedures and Discovery Motion at the June 17, 2022 hearing on the Disclosure Statement for the HTA Plan (the "DS Hearing").

In its review of the Proposed HTA Procedures and Discovery Order, the Court has identified the following preliminary questions and proposed modifications to the procedures. The Oversight Board is directed to consider and be prepared to respond to these matters at, or prior to, the DS Hearing.

1. The Proposed HTA Procedures and Discovery Order does not provide explicit deadlines for serving Interrogatories[2] or Admission Requests in either the chart summarizing discovery deadlines in paragraph 2 of the Proposed HTA Procedures and Discovery Order or paragraphs 13 and 14, which provide further details on such discovery. Moreover, following the time provided for the Debtor to respond to Interrogatories in paragraph 13, which allows the Debtor ten (10) days to provide responses and objections, it would appear that Interrogatories must be served by July 8, 2022, prior to the deadline for parties in interest to serve Production Requests on July 11, 2022.

    The Oversight Board is directed to clarify and explicitly state the deadlines for parties in interest to serve Interrogatories and Admission Requests and, in doing so, consider the relationship between the service of Interrogatories and Production Requests.

2. The Proposed HTA Procedures and Discovery Order does not appear to anticipate the filing of *Daubert* motions or motions *in limine* concerning evidence to be presented at the Confirmation Hearing.

    The Oversight Board is directed to clarify whether it expects such motions to be resolved prior to the Confirmation Hearing, and, if so, to provide proposed deadlines for related briefing and consideration of such motions by the Court prior to the Confirmation Hearing.

---

[2]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Proposed HTA Procedures and Discovery Order.

3. The Proposed HTA Procedures and Discovery Order does not provide an overview of the matters to be considered at the Pre-Confirmation Hearing Conference. Such a description, however, is included in the HTA Procedures and Discovery Motion at paragraph 56. The Oversight Board is directed to clarify what issues or categories of motions the Court will be expected to resolve at the Pre-Confirmation Hearing Conference.

4. If the Oversight Board expects that the Pre-Confirmation Hearing Conference will be used to resolve pre-Confirmation evidentiary issues, the Oversight Board is directed to consider whether either the Pre-Trial Conference date of August 8, 2022 or the current August 12, 2022 deadline for parties to file objections to counter designations must be amended in order to ensure that all pre-Confirmation evidentiary issues are fully briefed and properly before the Court at the Pre-Confirmation Hearing Conference.

5. Based on the Court's experience resolving Discovery Disputes in connection with confirmation in the Commonwealth's Title III case, the Court proposes that paragraph 19 of the Proposed HTA Procedures and Discovery Order be revised to read as follows:

"In the event that a Discovery Dispute arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute (the "Dispute Conference"). If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via the filing of a joint informative motion in Case No. 17-03567 and the Court shall schedule a chambers conference, telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter via email to deindprcorresp@mad.uscourts.gov describing the issues associated therewith and setting forth the legal support for the position taken by such party. Upon resolution of a Discovery Dispute, the Court shall file an order on the docket in Case No. 17-03567. Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute."

SO ORDERED.

Dated: June 14, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge