**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS |

**NOTICE OF FILING OF**
**REVISED PROPOSED ORDER ESTABLISHING, AMONG OTHER**
**THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS**
**TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that, on May 2, 2022, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

filed the *Motion of the Puerto Rico Highways and Transportation Authority for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Case No. 17-3567, ECF No. 1168][3] (the "Confirmation Procedures Motion"),[4] concurrently with the related plan [ECF No. 1164].

**PLEASE TAKE FURTHER NOTICE** that, on May 17, 2022, the Debtor filed the *Notice of Filing of Revised Proposed Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 1180] (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, on June 14, 2022, the Court entered the *Order Regarding Proposed Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 1231] (the "Order") identifying preliminary questions and proposed modifications to the Revised Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised proposed *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Second Revised Proposed Order"), which incorporates revisions to address the Court's questions and proposed modifications identified in the Order, as summarized below:[5]

---

[3]    Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-3567.

[4]    Attached to the Confirmation Procedures Motion as Exhibit A was a form of proposed *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 1168-1] (the "Proposed Order").

[5]    The summary provided herein is qualified entirely by the Second Revised Proposed Order, the terms of which shall govern in the case of inconsistency.

| Court's Comments in the Order | Revision |
|---|---|
| 1. The Oversight Board is directed to clarify and explicitly state the deadlines for parties in interest to serve Interrogatories and Admission Requests and, in doing so, consider the relationship between the service of Interrogatories and Production Requests.<br><br>Order at 1. | The following has been revised/added in the "Summary of Discovery Deadlines":<br><br>**July 1, 2022** [previously July 11]: Deadline for Parties to serve requests for production of non-depository documents ("<u>Production Requests</u>"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve ~~multiple rounds~~ <u>up to one additional round</u> of Production Requests, provided that they are served with sufficient time to permit responses to be served in accordance with the applicable rules of civil procedure prior to the Fact Discovery Deadline (as defined below).<br><br>**July 8, 2022**: Deadline for Parties to serve up to fifteen (15) interrogatories ("<u>Interrogatories</u>"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories.<br><br>. . .<br><br>**July 18, 2022**: Deadline for Parties to serve requests for admission, limited to authentication of documents ("<u>Admission Requests</u>"). Responses and objections to such Admission Requests shall be served within four (4) days of service of such Admission Requests.<br><br>Second Revised Proposed Order at 3. |
| 2. The Oversight Board is directed to clarify whether it expects *Daubert* motions or motions *in limine* to be resolved prior to the Confirmation Hearing, and, if so, to provide proposed deadlines for related briefing and consideration of such motions by the Court prior to the Confirmation Hearing.<br><br>Order at 2. | The Oversight Board proposes that the confirmation schedule provide that such motions be resolved prior to the Confirmation Hearing, and has incorporated the following in the "Summary of Discovery Deadlines":<br><br>**July 25, 2022**: Deadline for Parties to file Daubert motions and motions *in limine*.<br><br>. . .<br><br>**July 29, 2022**: Deadline for Parties to file oppositions to Daubert motions and motions *in limine*.<br><br>. . .<br><br>**August 3, 2022**: Deadline for Parties to file replies in support of Daubert motions and motions *in limine*.<br><br>Second Revised Proposed Order at 3-4. |
| 3. The Proposed HTA Procedures and Discovery Order does not provide an overview of the matters to be considered at the Pre-Confirmation Hearing Conference. Such | The following provision has been incorporated into the Second Revised Proposed Order as decretal paragraph 24: |

| Court's Comments in the Order | Revision |
|---|---|
| a description, however, is included in the HTA Procedures and Discovery Motion at paragraph 56. The Oversight Board is directed to clarify what issues or categories of motions the Court will be expected to resolve at the Pre-Confirmation Hearing Conference.<br><br>Order at 3. | "On August 8, 2022, the Court shall hold a pre-trial conference in advance of the Confirmation Hearing to discuss any outstanding motions *in limine*, the schedule for the Confirmation Hearing and presentation of testimony in support and in opposition to confirmation of the HTA Plan, the number of witnesses to be presented, including, without limitation, the persons on the Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing." |
| 4. If the Oversight Board expects that the Pre-Confirmation Hearing Conference will be used to resolve pre-Confirmation evidentiary issues, the Oversight Board is directed to consider whether either the Pre-Trial Conference date of August 8, 2022 or the current August 12, 2022 deadline for parties to file objections to counter designations must be amended in order to ensure that all pre-Confirmation evidentiary issues are fully briefed and properly before the Court at the Pre-Confirmation Hearing Conference.<br><br>Order at 3. | The following deadlines have been revised/incorporated in the "Summary of Discovery Deadlines" to provide that all pre-Confirmation evidentiary issues are fully briefed and before the Court prior to the August 8, 2022 pre-trial conference as follows:<br><br>**August 1, 2022**: Deadline for Parties to file (a) objections to exhibit lists and deposition designations and (b) counter-designations.<br><br>. . .<br><br>**August 4, 2022** [previously August 12, 2022]: Deadline for Parties to file objections to counter designations.<br><br>Second Revised Proposed Order at 4. |
| 5. Based on the Court's experience resolving Discovery Disputes in connection with confirmation in the Commonwealth's Title III case, the Court proposes that paragraph 19 of the Proposed HTA Procedures and Discovery Order be revised . . . . [Revised language provided].<br><br>Order at 3. | Paragraph 19 of the Second Revised Proposed Order was revised to incorporate the Court's proposed revisions, as redlined below:<br><br>In the event that a Discovery Dispute arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute (the "Dispute Conference"). If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via ~~telephone~~the filing of a joint informative motion in Case No. 17-03567 and the Court shall schedule a chambers conference, telephonic, virtual or in-person conference, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter via email to deindprcorresp@mad.uscourts.gov describing the issues associated therewith and setting forth the legal support for the position taken by such party. Upon resolution of a Discovery Dispute, the Court shall file an order on the docket in Case No. 17-03567. Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute. |

PLEASE TAKE FURTHER NOTICE that a redline comparison showing the changes between the Revised Proposed Order and the Second Revised Proposed Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.ra.kroll.com/puertorico/ or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: June 15, 2022
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

5

# **EXHIBIT A**

Second Revised Proposed Order

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>  Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

### ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

Upon the motion (the "Motion")[2] of the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" and in its capacity as representative of HTA, the "Debtor"), as sole Title III representative of the debtors under PROMESA Section 315(b), requesting entry of an order establishing, among other things, procedures and deadlines concerning objections to confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby **ORDERED AS FOLLOWS**:

1.      The Motion is GRANTED as set forth herein.

**Summary of Deadlines for Discovery and Confirmation**

2.      Subject to additional instructions provided in the remainder of this Order, the following deadlines shall apply to discovery and confirmation of the HTA Plan:

| **Summary of Discovery Deadlines[3]** | |
| --- | --- |
| **Date of Entry of DS Approval Order** | Conversion of Disclosure Statement depository to Plan Depository (as defined below) |
| **Seven Days After Entry of DS Approval Order** | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for Confirmation Hearing Notice to be served. |

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

[3]     For reference purposes only, the confirmation deadlines approved in connection with the DS Approval Motion are highlighted below in grey shading.

| 10 Business Days after Entry of DS Approval Order | Deadline for Debtor to complete mailing of solicitation materials. |
|---|---|
| **July 1, 2022** | Deadline for Parties to file a fact witness list and topics about which each witness is expected to testify (the "Fact Witness Lists"). |
| | Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"), if any. |
| | Deadline for Parties to serve requests for production of non-depository documents ("Production Requests"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve up to one additional round of Production Requests, provided that they are served with sufficient time to permit responses to be served in accordance with the applicable rules of civil procedure prior to the Fact Discovery Deadline (as defined below). |
| **July 8, 2022** | Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **July 12, 2022** | Deadline for Parties to file opening expert reports ("Opening Expert Reports"), if any. If any Opening Expert Reports are filed, rebuttal expert disclosures must be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures. |
| | Deadline for Parties to serve notices of deposition, topics and requested times for depositions ("Notices of Deposition") (all parties are limited to a seven (7)-hour time limit for depositions). |
| **July 18, 2022** | Deadline for Parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) days of service of such Admission Requests. |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **July 20, 2022** | Deadline for the Debtor to file initial proposed confirmation order (the "Proposed Confirmation Order"). |
| **July 22, 2022** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **July 25, 2022** | Deadline for Parties to file Daubert motions and motions *in limine*. |
| **July 27, 2022** | Deadline for:<br><br>• Objections to confirmation of the Plan ("Objections").<br><br>• Objections to Proposed Confirmation Order. |
| | Voting Deadline / Election Deadline |
| | Deadline for Parties to file finalized witness lists, exhibit lists and deposition designations. |

| July 29, 2022 | Deadline for Parties to file oppositions to Daubert motions and motions *in limine*. |
| **August 1, 2022** | Deadline for Parties to file (a) objections to exhibit lists and deposition designations and (b) counter-designations. |
| **August 3, 2022** | Deadline for Parties to file replies in support of Daubert motions and motions *in limine*. |
| **August 4, 2022** | Deadline for Parties to file objections to counter designations. |
| **August 7, 2022** | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation.<br><br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br><br>• Witness Declarations & Vote Tabulation.<br><br>Proposed Findings of Fact and Conclusions of Law. |
| **August 8, 2022** | Pre-trial conference. |
| **August 15, 2022** | Deadline for Parties to file objections to Proposed Findings of Fact and Conclusions of Law. |
| **August 17-18, 2022** | Confirmation Hearing |

**Designation of Fact Witnesses**

3.     Parties shall have until July 1, 2022 to file any Fact Witness Lists, which shall set forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

4.     Notwithstanding the designation of a person on a Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Fact Witness List on or before July 29, 2022, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

5.      For purposes of the Confirmation Hearing, the Debtor and any party in interest may present the testimony of any designated person by either the submission of a declaration of such person or use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of the Debtor or any party that has filed an objection to confirmation of the HTA Plan on or before the Objection Deadline, as applicable, to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Local Rules no later than August 10, 2022, and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Plan Depository**

6.      The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the Court's *Order (I) Establishing Document Depository Procedures in Connection with Disclosure Statement Hearing, and (II) Granting Related Relief* (Docket Entry No. 1176, the "DS Hearing Scheduling Order") shall apply in equally full force and effect to the Depository and be unmodified except to the extent set forth herein (collectively, the "Plan Depository Procedures"):

    a.      To the extent not already uploaded to the Depository, on or before the date that is seven (7) days following entry of this Order, the Debtor shall populate the Depository to include, in addition to the documents previously residing in the Depository, at least the following documents (collectively, the "Documents"):

        i.      Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and

    ii. Debtor's relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

7. Any party in interest, including any party to the HTA/CCDA PSA and joinders thereto, including Cantor-Katz Collateral Monitor LLC, and AmeriNational Community Services LLC (each, a "PSA Party"), who (a) provides the information requested on the Depository website and attests to the truth of such information shall be provided access to the Depository, and (b) executes the Protective Order by submitting an electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order Subscription") on the Depository website shall be provided access to documents in the Depository that have been designated as Confidential.  In addition, any representative of a party in interest who executes a Protective Order Subscription shall receive access to documents in the Depository that have been designated as Confidential.

8. Notwithstanding the placement of any document in the Depository and the review of any such document by a party in interest, the Debtor shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a document contained in the Depository has been created by the Debtor, it shall have waived the right to object to the use or introduction of such document on the basis of authenticity.  Additionally, to the extent that the Debtor inadvertently includes privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such protective measures are necessary in order to provide the requesting parties access to relevant materials in a timely and efficient manner.

9. Consistent with the Mediation Agreement, dated as of June 23, 2017, as amended from time to time (the "Mediation Agreement"), no "Confidential Information" (as defined

therein) received by the Debtor from any party to the Mediation Agreement, shall be included in the Depository or produced to any party in interest.  Prior to producing any Documents received by the Debtor from any party to the Mediation Agreement, the Debtor agrees to (i) confirm that such Documents have not been designated to constitute "Confidential Information" under the Mediation Agreement and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute "Confidential Information" as defined in the Mediation Agreement.  Additionally, to the extent that the Debtor inadvertently includes "Confidential Information" (as defined in the Mediation Agreement) in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

**Discovery**

10.     Parties in interest may serve upon or notice the Debtor the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery"), as set forth in paragraphs 11 through 16 below.  Fact discovery will conclude on July 18, 2022 (the "Fact Discovery Deadline").

11.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, parties in interest may serve Production Requests on or prior to July 11, 2022.  Notwithstanding anything otherwise contained herein, recipients of Production Requests shall be required to respond to such Production Requests, including any objections thereto, within seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.  Production Requests do not need to be accompanied by any certification regarding the lack of any documents

responsive to such requests in the Depository.  However, if the Debtor believes that documents or information requested in a Production Request are already in the Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

12.    Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving multiple Production Requests, <u>provided</u>, <u>however</u>, that all Production Requests must be served on or before July 11, 2022, which is seven (7) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

13.    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, parties in interest may serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts.  The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.

14.    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, parties in interest may serve requests for admission ("Admission Requests") solely with respect to the authentication of documents intended to be offered as exhibits

at the Confirmation Hearing.  Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

15.     Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, parties in interest may serve Deposition Notices on or before July 12, 2022.  All depositions must be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses.  Any party in interest shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.  With regard to depositions, and the exhibits thereto, in which the witness will testify about Confidential Information (as defined in the DS Hearing Scheduling Order) and which is subject to the Protective Order for the Depository, the noticing party shall take all necessary steps to ensure that any parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription on the Depository website.

16.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties.  Should a PSA Party seek to examine a deponent proffered by the Debtor, such examination must take place after the Debtor has been given the opportunity to examine such Deponent.

17.     Any Documents produced by a party in interest to the Debtor shall be made contemporaneously available to the PSA Parties through the Plan Depository.  Further, any documents produced between non-Debtor parties in interest shall be contemporaneously produced to the Debtor and provided by the Debtor to the Plan Depository.

18.     Each PSA Party shall receive prior notice of any deposition and be entitled (i) to attend (by remote means or in-person), as an observer, the deposition of the deponent designated in a Deposition Notice and (ii) to participate in such deposition to the extent that (a) the subject matter thereof includes the HTA/CCDA PSA or the DRA Stipulation, the respective settlements embodied therein and in the HTA Plan or any other matters arising from or related to the HTA/CCDA PSA, the DRA Stipulation, or the claims, rights or interests of such PSA Party, and (b) if the deposition is of a deponent put forth on behalf of the Debtor, the Debtor has already had the opportunity to examine the deponent.

**Discovery Disputes**

19.     In the event that a Discovery Dispute arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute (the "Dispute Conference"). If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via the filing of a joint informative motion in Case No. 17-03567 and the Court shall schedule a chambers conference, telephonic, virtual or in-person conference, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter, via email to deindprcorresp@mad.uscourts.gov, describing the issues associated therewith and setting forth the legal support for the position taken by such party. Upon resolution of a Discovery Dispute, the Court shall file an order on the docket in Case No. 17-03567.  Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

20.     Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

21.     On or before July 1, 2022, the Debtor and other parties in interest shall file any Opening Expert Disclosures, setting forth the names of the expert witnesses that such party anticipates presenting at the Confirmation Hearing.

22.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, any party in interest who has timely disclosed the identity of an expert witness on its Fact Witness List or Opening Expert Disclosure, shall file its Opening Expert Report(s) on or before July 12, 2022.  With respect to Opening Expert Reports that rely on, reference, and/or are based on confidential information, such Opening Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The Opening Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

23.     To the extent any Opening Expert Reports are filed, any rebuttal expert disclosures shall be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures.  With respect to Rebuttal Expert Reports that rely on, reference, and/or are based on confidential information, such Rebuttal Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The

Rebuttal Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

**Pre-Confirmation Hearing Conference**

24.     On August 8, 2022, the Court shall hold a pre-trial conference in advance of the Confirmation Hearing to discuss any outstanding motions *in limine*, the schedule for the Confirmation Hearing and presentation of testimony in support and in opposition to confirmation of the HTA Plan, the number of witnesses to be presented, including, without limitation, the persons on the Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

25.     For purposes of the Confirmation Hearing, direct testimony shall be by Witness Declaration or deposition transcript, in accordance with the deadlines set forth above.  Such presentation of direct testimony by the Debtor shall be subject to (a) the rights of any party that has filed an Objection to confirmation of the HTA Plan on or before the Objection Deadline to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Such presentation of direct testimony by any other party in interest shall be subject to (a) the rights of the Debtor and PSA Parties to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Any such declarant shall be present at the Confirmation Hearing and be available for cross-examination and rebuttal testimony, if any.

26.     Notwithstanding the deadlines set forth above for the Debtor to file an Initial Proposed Confirmation Order and Initial Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further

instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[4]

27.    The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order shall remain in full force and effect.

28.    In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

29.    **No Warranty of Accuracy.**  Each party accessing the Depository understands that the Debtor will endeavor to include in the Confidential folders in the Depository materials relevant for the purpose of evaluation of the HTA Plan, but each party acknowledges that the Debtor does not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and the Debtor shall not have any liability to any party or its Representatives resulting from the use of such information by a party or its Representatives.

30.    **No Waiver.**  No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

31.    **Notice**.  Within five (5) Business Days of entry hereof, or as soon as practicable thereafter, the Debtor shall cause the Balloting Agent (as defined in the Disclosure Statement

---

[4]    Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

Motion) to complete the mailing of this Order in accordance with the Bankruptcy Rules and the Local Rules.

32.     **<u>Jurisdiction</u>**. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

33.     This Order resolves Docket Entry No. 1168 in Case No. 17-3567.

Dated: June _____, 2022

_____
Hon. Laura Taylor Swain
United States District Court Judge

**EXHIBIT B**

Redline

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

Upon the motion (the "Motion")[2] of the Puerto Rico Highways and Transportation

Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

1

Rico (the "<u>Oversight Board</u>" and in its capacity as representative of HTA, the "<u>Debtor</u>"), as sole

Title III representative of the debtors under PROMESA Section 315(b), requesting entry of an

order establishing, among other things, procedures and deadlines concerning objections to

confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and

the Court having subject matter jurisdiction to consider the Motion and the relief requested

therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is

proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having

been provided and it appearing that no other or further notice need be provided; and the Court

having determined the relief sought in the Motion is in the best interests of the Debtor, its

creditors, and all parties in interest; and the Court having determined the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein, it is hereby **ORDERED**

**AS FOLLOWS**:

1.      The Motion is GRANTED as set forth herein.

**Summary of Deadlines for Discovery and Confirmation**

2.      Subject to additional instructions provided in the remainder of this Order, the

following deadlines shall apply to discovery and confirmation of the HTA Plan:

| Summary of ~~Proposed~~ Discovery Deadlines[3] | |
|---|---|
| **Date of Entry of DS Approval Order** | Conversion of Disclosure Statement depository to Plan Depository (as defined below) |
| **Seven Days After Entry of DS Approval Order** | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for Confirmation Hearing Notice to be served. |
| **10 Business Days after Entry of DS Approval Order** | Deadline for Debtor to complete mailing of solicitation materials. |

---

[3]   For reference purposes only, the confirmation deadlines ~~proposed in~~approved in connection with the DS
Approval Motion are highlighted below in grey shading.

| | |
|---|---|
| **July 1, 2022** | Deadline for Parties to file a fact witness list and topics about which each witness is expected to testify (the "<u>Fact Witness Lists</u>"). |
| | Deadline for Parties to file opening expert disclosures ("<u>Opening Expert Disclosures</u>"), if any. |
| | Deadline for Parties to serve requests for production of non-depository documents ("<u>Production Requests</u>"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve ~~multiple rounds~~<u>up to one additional round</u> of Production Requests, provided that they are served with sufficient time to permit responses to be served in accordance with the applicable rules of civil procedure prior to the Fact Discovery Deadline (as defined below). |
| **July 8, 2022** | <u>Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories.</u> |
| **July 12, 2022** | Deadline for Parties to file opening expert reports ("<u>Opening Expert Reports</u>"), if any. If any Opening Expert Reports are filed, rebuttal expert disclosures must be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures. |
| | Deadline for Parties to serve notices of deposition, topics and requested times for depositions ("<u>Notices of Deposition</u>") (all parties are limited to a seven (7)-hour time limit for depositions). |
| **July 18, 2022** | <u>Deadline for Parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) days of service of such Admission Requests.</u> |
| | Completion of fact discovery (the "<u>Fact Discovery Deadline</u>"). |
| **July 20, 2022** | Deadline for the Debtor to file initial proposed confirmation order (the "<u>Proposed Confirmation Order</u>"). |
| **July 22, 2022** | Completion of expert discovery (the "<u>Expert Discovery Deadline</u>"). |
| **July 25, 2022** | <u>Deadline for Parties to file Daubert motions and motions *in limine.*</u> |
| **July 27, 2022** | Deadline for:<br><br>• Objections to confirmation of the Plan ("<u>Objections</u>").<br>• Objections to Proposed Confirmation Order. |
| | Voting Deadline / Election Deadline |
| | Deadline for Parties to file finalized witness lists, exhibit lists and deposition designations. |
| **July 29, 2022** | <u>Deadline for Parties to file oppositions to Daubert motions and motions *in limine.*</u> |
| **August 1, 2022** | <u>Deadline for Parties to file (a) objections to exhibit lists and deposition</u> |

| | designations and (b) counter-designations. |
| **August 3, 2022** | Deadline for Parties to file replies in support of Daubert motions and motions *in limine*. |
| **August 4, 2022** | Deadline for Parties to file objections to counter designations. |
| **August 7, 2022** | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation.<br><br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br><br>• Witness Declarations & Vote Tabulation.<br><br>• Proposed Findings of Fact and Conclusions of Law.<br><br>~~Deadline for Non-Debtor Parties to file witness declarations, counter-designations and objections to deposition designations, or objections to exhibit lists, if any.~~ |
| **August 8, 2022** | Pre-trial conference. |
| ~~**August 12, 2022**~~ | ~~Deadline for Parties to file objections to counter designations.~~ |
| **August 15, 2022** | Deadline for Parties to file objections to Proposed Findings of Fact and Conclusions of Law. |
| **August 17-18, 2022** | Confirmation Hearing |

**Designation of Fact Witnesses**

3.      Parties shall have until July 1, 2022 to file any Fact Witness Lists, which shall set forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

4.      Notwithstanding the designation of a person on a Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Fact Witness List on or before July 29, 2022, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

5.     For purposes of the Confirmation Hearing, the Debtor and any party in interest may present the testimony of any designated person by either the submission of a declaration of such person or use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of the Debtor or any party that has filed an objection to confirmation of the HTA Plan on or before the Objection Deadline, as applicable, to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Local Rules no later than August 10, 2022, and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Plan Depository**

6.     The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the Court's *Order (I) Establishing Document Depository Procedures in Connection with Disclosure Statement Hearing, and (II) Granting Related Relief* (Docket Entry No. 1176, the "DS Hearing Scheduling Order") shall apply in equally full force and effect to the Depository and be unmodified except to the extent set forth herein (collectively, the "Plan Depository Procedures"):

> a.     To the extent not already uploaded to the Depository, on or before the date that is seven (7) days following entry of this Order, the Debtor shall populate the Depository to include, in addition to the documents previously residing in the Depository, at least the following documents (collectively, the "Documents"):
>
> > i.     Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and

> ii. Debtor's relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

7.      Any party in interest, including any party to the HTA/CCDA PSA and joinders thereto, including Cantor-Katz Collateral Monitor LLC, and AmeriNational Community Services LLC (each, a "PSA Party"), who (a) provides the information requested on the Depository website and attests to the truth of such information shall be provided access to the Depository, and (b) executes the Protective Order by submitting an electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order Subscription") on the Depository website shall be provided access to documents in the Depository that have been designated as Confidential.  In addition, any representative of a party in interest who executes a Protective Order Subscription shall receive access to documents in the Depository that have been designated as Confidential.

8.      Notwithstanding the placement of any document in the Depository and the review of any such document by a party in interest, the Debtor shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a document contained in the Depository has been created by the Debtor, it shall have waived the right to object to the use or introduction of such document on the basis of authenticity.  Additionally, to the extent that the Debtor inadvertently includes privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such protective measures are necessary in order to provide the requesting parties access to relevant materials in a timely and efficient manner.

9.      Consistent with the Mediation Agreement, dated as of June 23, 2017, as amended from time to time (the "Mediation Agreement"), no "Confidential Information" (as defined therein) received by the Debtor from any party to the Mediation Agreement, shall be included in the Depository or produced to any party in interest.  Prior to producing any Documents received by the Debtor from any party to the Mediation Agreement, the Debtor agrees to (i) confirm that such Documents have not been designated to constitute "Confidential Information" under the Mediation Agreement and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute "Confidential Information" as defined in the Mediation Agreement.  Additionally, to the extent that the Debtor inadvertently includes "Confidential Information" (as defined in the Mediation Agreement) in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

**Discovery**

10.     Parties in interest may serve upon or notice the Debtor the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery"), as set forth in paragraphs 11 through 16 below.  Fact discovery will conclude on July 18, 2022 (the "Fact Discovery Deadline").

11.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, parties in interest may serve Production Requests on or prior to July 11, 2022.  Notwithstanding anything otherwise contained herein, recipients of Production Requests shall be required to respond to such Production Requests, including any objections thereto, within seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b)

such responses and objections are served on or before the Fact Discovery Deadline.  Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Depository.  However, if the Debtor believes that documents or information requested in a Production Request are already in the Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

12.     Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving multiple Production Requests, provided, however, that all Production Requests must be served on or before July 11, 2022, which is seven (7) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

13.     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, parties in interest may serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts.  The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.

14.     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, parties in interest may serve requests for admission

8

("Admission Requests") solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing. Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

15.     Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, parties in interest may serve Deposition Notices on or before July 12, 2022. All depositions must be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses. Any party in interest shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice. With regard to depositions, and the exhibits thereto, in which the witness will testify about Confidential Information (as defined in the DS Hearing Scheduling Order) and which is subject to the Protective Order for the Depository, the noticing party shall take all necessary steps to ensure that any parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription on the Depository website.

16.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties. Should a PSA Party seek to examine a deponent proffered by the Debtor, such examination must take place after the Debtor has been given the opportunity to examine such Deponent.

17.     Any Documents produced by a party in interest to the Debtor shall be made contemporaneously available to the PSA Parties through the Plan Depository. Further, any

documents produced between non-Debtor parties in interest shall be contemporaneously produced to the Debtor and provided by the Debtor to the Plan Depository.

18.     Each PSA Party shall receive prior notice of any deposition and be entitled (i) to attend (by remote means or in-person), as an observer, the deposition of the deponent designated in a Deposition Notice and (ii) to participate in such deposition to the extent that (a) the subject matter thereof includes the HTA/CCDA PSA or the DRA Stipulation, the respective settlements embodied therein and in the HTA Plan or any other matters arising from or related to the HTA/CCDA PSA, the DRA Stipulation, or the claims, rights or interests of such PSA Party, and (b) if the deposition is of a deponent put forth on behalf of the Debtor, the Debtor has already had the opportunity to examine the deponent.

**Discovery Disputes**

19.     In the event that a Discovery Dispute arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute (the "Dispute Conference"). If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via ~~telephone~~the filing of a joint informative motion in Case No. 17-03567 and the Court shall schedule a chambers conference, telephonic, virtual or in-person conference, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter, via email to deindprcorresp@mad.uscourts.gov, describing the issues associated therewith and setting forth the legal support for the position taken by such party. Upon resolution of a Discovery Dispute, the Court shall file an order on the docket in Case No. 17-03567.  Pending resolution of any such Discovery Dispute, the parties to

10

such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

20.     Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

21.     On or before July 1, 2022, the Debtor and other parties in interest shall file any Opening Expert Disclosures, setting forth the names of the expert witnesses that such party anticipates presenting at the Confirmation Hearing.

22.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, any party in interest who has timely disclosed the identity of an expert witness on its Fact Witness List or Opening Expert Disclosure, shall file its Opening Expert Report(s) on or before July 12, 2022.  With respect to Opening Expert Reports that rely on, reference, and/or are based on confidential information, such Opening Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.  The Opening Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

23.     To the extent any Opening Expert Reports are filed, any rebuttal expert disclosures shall be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures.  With respect to Rebuttal Expert Reports that rely on, reference, and/or are based on confidential information, such Rebuttal

Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide the Debtor with an unredacted copy for uploading as a confidential document to the Depository.   The Rebuttal Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

**Pre-Confirmation Hearing Conference**

24.     On August 8, 2022, the Court shall hold a pre-trial conference in advance of the Confirmation Hearing to discuss any outstanding motions *in limine*, the schedule for the Confirmation Hearing and presentation of testimony in support and in opposition to confirmation of the HTA Plan, the number of witnesses to be presented, including, without limitation, the persons on the Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

25.     24. For purposes of the Confirmation Hearing, direct testimony shall be by Witness Declaration or deposition transcript, in accordance with the deadlines set forth above. Such presentation of direct testimony by the Debtor shall be subject to (a) the rights of any party that has filed an Objection to confirmation of the HTA Plan on or before the Objection Deadline to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Such presentation of direct testimony by any other party in interest shall be subject to (a) the rights of the Debtor and PSA Parties to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. Any such declarant shall be present at the Confirmation Hearing and be available for cross-examination and rebuttal testimony, if any.

26.    25. Notwithstanding the deadlines set forth above for the Debtor to file an Initial Proposed Confirmation Order and Initial Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality[4]**

27.    26. The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order shall remain in full force and effect.

28.    27. In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

29.    28. **No Warranty of Accuracy.** Each party accessing the Depository understands that the Debtor will endeavor to include in the Confidential folders in the Depository materials relevant for the purpose of evaluation of the HTA Plan, but each party acknowledges that the Debtor does not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and the Debtor shall not have any liability to any party or its Representatives resulting from the use of such information by a party or its Representatives.

30.    29. **No Waiver.** No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof

---

[4] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

31. ~~30.~~ **Notice**.   Within five (5) Business Days of entry hereof, or as soon as practicable thereafter, the Debtor shall cause the Balloting Agent (as defined in the Disclosure Statement Motion) to complete the mailing of this Order in accordance with the Bankruptcy Rules and the Local Rules.

32. ~~31.~~ **Jurisdiction**. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

33. ~~32.~~ This Order resolves Docket Entry No. 1168 in Case No. 17-3567.

Dated: June _____, 2022

_____
Hon. Laura Taylor Swain
United States District Court Judge

Document comparison by Workshare 9.5 on Wednesday, June 15, 2022 2:15:20 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DMS/CURRENT/130945945/2 |
| Description | #130945945v2<CURRENT> - HTA - Confirmation Discovery Procedures Order |
| Document 2 ID | interwovenSite://DMS/CURRENT/130945945/3 |
| Description | #130945945v3<CURRENT> - HTA - Confirmation Discovery Procedures Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 32 |
| Deletions | 17 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 49 |