UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>   Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

ORDER GRANTING MOTION FOR ENTRY OF ORDER TO COMPEL DEBTOR PUERTO RICO ELECTRIC POWER AUTHORITY TO ASSUME OR REJECT EXECUTORY POWER PURCHASE AND OPERATING AGREEMENT WITH BLUE BEETLE III, LLC

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Court has received and reviewed the *Motion for Entry of Order to Compel Debtor Puerto Rico Electric Power Authority to Assume or Reject Executory Power Purchase and Operating Agreement with Blue Beetle III, LLC* (Docket Entry No. 20819 in Case No. 17-3283 and Docket Entry No. 2808 in Case No. 17-4780) (the "Motion"), filed by ELAM, LLC as authorized representative of Commercial Solar Power, Inc. on behalf of Blue Beetle III, LLC (the "Movant"), as well as the *Response to Motion for Entry of Order to Compel Debtor Puerto Rico Electric Power Authority to Assume or Reject Executory Power Purchase and Operating Agreement with Blue Beetle III, LLC* (Docket Entry No. 2808 in Case No. 17-4780) (the "Response") filed by the Oversight Board on behalf of PREPA.[2]

Through the Motion, Movant requests, pursuant to Bankruptcy Code section 365(d)(2) and Bankruptcy Rule 6006(b),[3] that the Court compel PREPA to assume or reject a certain Power Purchase and Operating Agreement entered into on October 31, 2011, by PREPA and BB3 (the "BB3 PPOA"). (Motion ¶¶ 2, 5; Resp. ¶ 1.) Section 365(d)(2) of the Bankruptcy Code permits the Oversight Board on behalf of PREPA[4] to assume or reject an executory contract at any time prior to the confirmation of a plan of adjustment. 11 U.S.C. § 365(d)(2). However, on request of a party to such a contract, the court may order the debtor to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion and the Response.

[3] All references herein to the provisions of Title 11 of the United States Code (the "Bankruptcy Code") are made applicable in these cases by section 301 of PROMESA. 48 U.S.C. § 2161. PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers herein are to the uncodified version of the legislation. All references herein to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") are made applicable in these cases by section 310 of PROMESA. 48 U.S.C. § 2170.

[4] See PROMESA section 301(c)(7). 48 U.S.C. § 2161(c)(7).

make that decision within a specified period of time. Id. "In deciding whether to accelerate the debtor's decision, the court must balance the interests of the contracting party against the interests of the debtor . . . ." In re Physician Health Corp., 262 B.R. 290, 292 (Bankr. D. Del. 2001) (internal citations omitted).

Through the Response, the Oversight Board, on behalf of PREPA, expresses willingness to immediately reject the BB3 PPOA. (Resp. ¶ 3.) The Oversight Board requests that the Court declare the Motion moot and deem its Response to the Motion a rejection of the BB3 PPOA. (Resp. ¶ 3.)

Bankruptcy Rule 9014(a), made applicable to the rejection of executory contracts under Bankruptcy Rule 6006(a), provides that, "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion . . . ." Fed. R. Bankr. P. 6006(a), 9014(a). Under Bankruptcy Rule 6006(c), "[n]otice of a motion made pursuant to subdivision (a) or (b) of this rule shall be given to the other party to the contract or lease [and] to other parties in interest as the court may direct." Fed. R. Bankr. P. 6006(c). Under this Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures*, "All Pleadings . . . that are requesting relief, shall be accompanied by a proposed order." (Case No. 17-3283, Docket Entry No. 20190 Ex. 1 ¶ I.I.)

The Oversight Board's request is therefore denied. Movant did not file a Reply to the Oversight Board's Response, but Movant's decision not to file a Reply cannot be taken as assent to the Oversight Board's proposed course of action. More importantly, the Oversight Board's proposed course of action strays too widely from the above-detailed procedures necessary to effectively reject an executory contract, eliding general notice by motion.

Accordingly, the Court having found that it has subject matter jurisdiction of this

matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that Movant provided adequate and appropriate notice of the Motion under and that no other or further notice is required; and the Court having reviewed the Motion and Response thereto; and the Court having determined that the legal and factual bases set forth in the Motion and Response thereto establish just cause for the relief granted herein; and any objections to the relief requested herein having been overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case under PROMESA section 301(a) (48 U.S.C. § 2161(a)), PREPA is hereby ordered to move on proper notice to assume or reject the BB3 PPOA no later than thirty (30) days after entry of this Order.

3. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from this Order.

This resolves Docket Entry No. 20819 in Case No. 17-3283 and Docket Entry No. 2808 in Case No. 17-4780.

SO ORDERED.

Dated: June 16, 2022

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            United States District Judge