# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA |
| **THE FINANCIALOVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO** | Title III |
| | Case No. **17 BK 3283-LTS** |
| As representative of: | (Jointly Administered) |
| **THE COMMONWEALTH OF PUERTO RICO, et al.** | |
| Debtor | |

**Motion Requesting Lifting of Stay to Allow Civil Litigation to Proceed
And to Join Ivelisse Calderón-Alibrán and Carlos Torres Viada Motion Title
"Urgent Motion for Extension of Administrative Expense Claim Bar Date and
Proper Service of Process and Request to Be Heard"**

**To The Honorable Court:**

Under 11 U.S.C. Sec. 304, the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA) and as Movants:

a. Carlos Guzman Nieves;

b. Orlando Arroyo Morales;

c. Angel L. Martinez Alvarez;

d. Sammy Baez Figueroa.

That on March 15, 2022, this Court approved the plan in the above caption case.

Therefore, by and through the undersigning counsel, moves this Honorable Court for relief from the automatic stay imposed by sec. 405 of PROMESA. In support of this motion, the Movants state as follows:

1

### I. MOVANTS:

### A. CARLOS GUZMAN NIEVES

1. As to this movant, Carlos Guzman Nieves; Mr. Nieves is a Plaintiff in a civil action against, debtor The Commonwealth of Puerto Rico, Et Als., in a case styled, <u>Carlos Guzman Nieves v. The Commonwealth of Puerto Rico Et. Als</u>.; Case No. KAC2017-0071, currently pending in the state court of San Juan. Plaintiff alleges in his complaint that he suffered personal injury and damages, due to the Defendant/Debtor's unlawful arrest of his person in violation of Puerto Rico's Penal and Civil Code.

2. On June 1, 2017, Olga Garcia Vicenty, Superior Court Judge, for the State Court of San Juan, Puerto Rico ordered the stay of the judicial proceedings and entered a judgment closing the case administratively. The Judgment states that in order for the local case to be reopened, a relief from the stay proceeds should be obtained.

### B. ORLANDO ARROYO MORALES

3. As to this movant, Orlando Arroyo Morales; Mr. Arroyo is a Plaintiff in a civil action against, debtor The Commonwealth of Puerto Rico, Et Als., in a case styled, <u>Orlando Arroyo Morales v. Trinity Services Group, Inc.</u>.; Case No. D DP2012-0748, currently pending in the state court of Bayamon, Puerto Rico. Plaintiff alleges in his complaint that he suffered personal injury and damages, due to the Defendant/Debtor's negligence.

4. That in order for the local case to be reopened, a relief from the stay proceeds should be obtained.

### C. ANGEL L. MARTINEZ ALVAREZ

5. As to this movant, Angel L. Martinez Alvarez; Mr. Martinez is a Plaintiff in a civil action against, debtor The Commonwealth of Puerto Rico, Et Als., in a case styled, <u>Angel L. Martinez Alvarez v. Estado Libre Asociado de Puerto Rico</u>; Case No. NSCI201600168, currently pending in the state court of Fajardo, Puerto Rico. Plaintiff alleges in his complaint that he suffered personal injury and damages, due to the Defendant/Debtor's unlawful arrest of his person in violation of Puerto Rico's Penal and Civil Code.

   That in order for the local case to be reopened, a relief from the stay proceeds should be obtained.

6. On June 21, 2017, Thainie Reyes Ramirez, Superior Court Judge, for the State Court of Fajardo, Puerto Rico ordered the stay of the judicial proceedings and entered a judgment closing the case administratively. The Judgment stated for the case will to be reopened if a relief from the stay proceeds is obtained.

7. That in order for the local case to be reopened, a relief from the stay proceeds should be obtained.

### D. SAMMY BAEZ FIGUEROA

8. As to this movant, Sammy Baez Figueroa; Mr. Baez is a Plaintiff in a civil action against, debtor The Commonwealth of Puerto Rico, Et Als., in a case styled, <u>Sammy Baez Figueroa v. Estado Libre Asociado de Puerto Rico</u>; Case No. J DP2015-0279, currently pending in the state court of Ponce, Puerto Rico. Plaintiff alleges in his complaint that he suffered personal injury and damages, due to the Defendant/Debtor's negligence.

9. That in order for the local case to be reopened, a relief from the stay proceeds should be obtained.

All the above cases are tort actions for damages.

## OPOSITION BY THE LOCAL DEPARTMENT OF JUSTICE

In all the above cases, the local Department of Justice are opposing the continuation of the local case, and has filed motions to that extent, even though the plan has been issued in the above caption case.

There is no request made in the above stated local cases for administrative fees.

## II. MEMORANDUM IN SUPPORT:

The Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 U.S.C.S. § 2101 et seq., provides for a temporary stay of debt-related litigation against the Puerto Rico government. 48 U.S.C.S. §2194(a)(b). Under certain circumstances the bankruptcy court may lift the stay under 304 section (analogous to Sec. 362), either for cause, including lack of adequate protection of a creditor's interest. *In re Vitreous Steel Products Co.*, 911 F.2d 1223, 1232, 1990 U.S. App. LEXIS 13453, *22, 12 U.C.C. Rep. Serv. 2d (Callaghan) 549, Bankr. L. Rep. (CCH) P73, 583 (7th Cir. Ind. Aug. 7, 1990).

Furthermore, the statute provides creditors for relief from the stay and directed district courts to grant such relief "after notice and a hearing, for cause shown", 48 U.S.C.S. § 2194(e)(2); *Peaje Invs. LLC v. García-Padilla,* 845 F.3d 505, 509, 2017 U.S. App. LEXIS 529, *1, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

The U.S. Court of Appeals for the First Circuit holds that lack of adequate protection for creditors constitutes cause to lift the PROMESA stay *Peaje Invs. LLC v. García-Padilla,* 845 F.3d 505, 509, 2017 U.S. App. LEXIS 529, *1, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

Furthermore, the PROMESA stay, while similar in operation to its bankruptcy counterpart, was designed to address a truly unique situation, namely the "immediate . . . and imminent" fiscal crisis facing Puerto Rico. 48 U.S.C. § 2194(n)(1). Congress found that a stay of litigation was necessary to allow the Commonwealth [**13] "a limited period of time during which it can focus its resources on negotiating a voluntary resolution with its creditors instead of defending numerous, costly creditor lawsuits." Id. § 2194(n)(2).

Moreover, the PROMESA stay, which lasts a maximum of about ten (10) months, is less burdensome to creditors than a bankruptcy stay, which may persist for the entirety of the bankruptcy proceeding. *Peaje Invs. LLC v. García-Padilla,* 845 F.3d 505, 513, 2017 U.S. App. LEXIS 529, *12-13, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

In fact, § 362(e) requires a bankruptcy court to hold a preliminary hearing on a motion to lift the stay within thirty days from the date the motion is filed, or the stay will be considered lifted. 11 U.S.C. §362(e). Section 362(e) also requires that a final hearing be commenced within thirty days after the preliminary hearing, making the entire process last sixty days, at a maximum. *Colvin v. Amegy Mortg.* Co., L.L.C., 507 B.R. 169, 184, 2014 U.S. Dist. LEXIS 41580, *37 (W.D. Tex. Mar. 28, 2014).

5

The purpose of a motion to lift stay proceedings to a temporary restraining order, is for a bankruptcy court to determine whether there is a reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property and, if so, allows the creditor to [*189] litigate its substantive claims elsewhere without violating the automatic stay. <u>Colvin v. Amegy Mortg. Co., L.L.C.,</u> 507 B.R. 169, 188-189, 2014 U.S. Dist. LEXIS 41580, *51 (W.D. Tex. Mar. 28, 2014).

As the legislative history of Sec. 362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." <u>In re Lamberjack</u>, 149 B.R. 467, 470 (Bankr. Ohio 1992).

That determining as to whether "cause" exists, most Courts "balance the hardship to the creditor, if they are not allowed to proceed with their lawsuit, against potential prejudice to the Debtor, Debtor's estate and other creditors." <u>In re R.J. Groover Const., LLC,</u> 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, Courts have considered numerous factors, including:

- a) Whether relief would result in partial or complete resolution of the issues;
- b) The lack of any connection with or interference with the bankruptcy case;
- c) Whether other proceeding involves the Debtor as a fiduciary;
- d) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
- e) Whether the Debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

    f)      Whether the action primarily involves third parties;

    g)      Whether litigation in another forum would prejudice the interests of other creditors;

    h)      Whether the judgment claim arising from the other action is subject to equitable subordination;

    i)      Whether the Movant's success in the other proceeding would result in a judicial lien available by the Debtor;

    j)      The interests of judicial economy and the expeditious and economical resolution of the litigation;

    k)      Whether the parties are ready for trial in the other proceeding;

    l)      The impact of the stay on the parties and the balance of harm.

In weighing these factors, Courts only consider those factors that are relevant to the particular case at issue and do not assign equal weight to each factor. *In re Mezzeo*, 167 F.3d 139, 143 (2d Cir.1999). In these cases, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movants can proceed with their personal injury and damages claims in the Puerto Rico State Courts.

That determining whether "cause" exists to permit the Movants to proceed with their circuit court litigation is whether "the interests of the estate" are outweighed "by the hardships incurred by the creditor-plaintiff." *In re Indian River*, 293 B.R. at 433. Because no harm will befall the Debtor and delaying their personal injury and damages claims may effectively prejudice Movants, a lifting of the stay is appropriate.

In a similar case, a Motion for Relief from Stay was filed so that they could proceed with the Kansas state court action. The automatic stay was lifted, thus, the parties

continued to litigate the state court matter. *In re Harris,* 268 B.R. 199, 201, 2001 Bankr. LEXIS 1343, *3, 47 Collier Bankr. Cas. 2d (MB) 748 (Bankr. W.D. Mo. Aug. 17, 2001).

### III. LIFTING THE STAY TO ALLOW THE STATE COURT ALLEGATIONS TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN DEBTOR AND MOVANTS

This Court can completely resolve the issues between the parties by lifting the automatic stay. The only issue that exists between the Movants and the Debtor is the underlying personal injury and damages actions. If the Court lifts the stay and allows the Movants to proceed and litigate their personal injury and damages claims to conclusion, the relationship between the Movants and the Debtor will be over.

### IV. LIFTING THE STAY WILL NOT INTERFERE WITH THE BANKRUPCY OF THE ESTATE

Whether the Circuit Court proceedings are connected with or will interfere with the bankruptcy estate also supports lifting the stay. Movants seeks to liquidate their claims in the County State Court, in order to recover under the applicable insurance policies and from other non-debtor sources. "Numerous Courts have permitted the stay to be lifted when the Movants are simply seeking to establish the fact and amount of the Debtor's liability and, as in these cases the Movants have stipulated that any recovery will be sought from the Debtor's insurer or a co-defendant." *In re Peterson*, 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." *In re 15375 Memorial Corp.,* 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re Grace Indus., Inc.,* 341 B.R. 399, 405 (Bankr.E.D.N.Y. 2006)*; also see, In re Todd Shipyards Corp.,* 92 B.R. 600, (Bankr.

8

D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.")

## V. THE DEBTOR HAS AVAILABLE INSURANCE COVERAGE THROUGH ITS INSURANCE CARRIER

The next relevant factor is whether the Debtor has applicable insurance coverage and if an insurance carrier has assumed responsibility for defending the circuit court litigation. If so, then lifting the stay to allow the circuit court litigation to proceed will not prejudice the Debtor. That upon information and belief, the Debtor has liability insurance coverage for the periods in which the claims filed by the Movants took place.

## VI. LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS

Another factor that supports granting the motion to lift the stay is that the Puerto Rico State court litigation will not prejudice the interests of other creditors. Movants will collect any judgment against the Debtors solely from the applicable insurance proceeds and/or other non-debtor sources. Thus, the other creditors in the bankruptcy will not be harmed by granting the motion because the Movants will not be able to enforce any judgment directly against the Debtor or its estate. See _R.J. Groover Construction,_ 411 B.R. at 465; In re Loudon, 284 B.R. 106, 108(8th Cir. B.A.P. 2002); _In re; G.S. Distribution, Inc.,_ 331 B.R. 552, 567-68 (Bankr. S.D.N.Y.2005) (finding no prejudice to creditors from lifting the stay because Movant will not be able to enforce judgment without permission of Bankruptcy Court); _In re 15375 Memorial Corp.,_ 382B.R. at 690 (lifting the stay because Movants "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

9

### VII. CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANTS THAT FAR OUWEIGHT ANY HARDSHIPS ON THE DEBTORS

Delaying the civil court action may effectively harm Movants. The mere existence of a bankruptcy action does not deny the Movants the opportunity to prosecute his case. <u>In re Brock Laundry Machine Co.,</u> 37 B.R. 564, 566-67 (Bankr. N.D. Ohio 1984). In fact, courts have found that making a plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award. Id. Therefore, courts lift the stay under §362(d) and allow Movant/Plaintiff to recover under any applicable insurance policy coverage. Id.

### VIII. REQUEST FOR JOINDER:

Ivelisse Calderón-Alibrán and Carlos Torres Viada, through their attorneys filed the following title motion:

"URGENT MOTION FOR EXTENSION OF ADMINISTRATIVE EXPENSE CLAIM BAR DATE AND PROPER SERVICE OF PROCESS AND REQUEST TO BE HEARD"

That the abovementioned Plaintiffs from the local courts, have read and analyzed the abovementioned motion and wishes to join, due to the fats and legal arguments are common to the appearing parties. The Plan was approved, and it is unconstitutional to have injured parties in an indefinite stay, were eventually all evidence, documents and witnesses will surely welter away. Maintaining the stay will be a taking without due process, an injustice and just downright unfair.

10

### IX. CONCLUSION

"The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a Debtor's assets. A lifting of the stay to allow a Plaintiff-Creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of (their) claim. . .. In this respect, a relief from the stay will not violate the purpose for which it was imposed." *In re Brock Laundry Machine Co.*, 37 B.R. at 567. On the other hand, Movant believes the interest of judicial economy will be served by lifting the stay to permit the civil court employment case to continue, and, if successful, proceed against the Debtor's insurance liability carrier for an award of damages, if any. For the reasons stated above, the Movants herein request that this Court grants the present Motion.

**WHEREFORE** it is respectfully request from this Honorable Court to modify the stay as above stated.

In Bayamon, Puerto Rico, today June 17, 2022.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date a copy of the preceding document has been electronically filed with the Clerk of the Court using CM/ECF system, which will send notification to all interested parties.

        **S/ Julio E. Gil de Lamadrid**
        **JULIO E. GIL DE LAMADRID**
        USDC-PR 126505
        A-11 Granada St.
        Reparto Alhambra
        Bayamon, P.R. 00957
        Telephone: 787-786-7805
        jgil@gildelamadrid-psc.com