```
 1                  UNITED STATES DISTRICT COURT

 2                   DISTRICT OF PUERTO RICO

 3
     In Re:                      )         Docket No. 3:17-BK-3283(LTS)
 4                               )
                                 )         PROMESA Title III
 5   The Financial Oversight and )
     Management Board for        )
 6   Puerto Rico,                )         (Jointly Administered)
                                 )
 7   as representative of        )
                                 )
 8   The Commonwealth of         )
     Puerto Rico, et al.         )         June 17, 2022
 9                               )
                Debtors,         )
10
      _____
11
12   In Re:                      )         Docket No. 3:17-BK-3567(LTS)
                                 )
13                               )         PROMESA Title III
     The Financial Oversight and )
14   Management Board for        )
     Puerto Rico,                )         (Jointly Administered)
15                               )
     as representative of        )
16                               )
     The Puerto Rico Highways    )
17   and Transportation          )
     Authority,                  )
18                               )
                Debtors,         )
19
      _____
20

21

22

23

24

25
```

```
 1  _____

 2

 3                  DISCLOSURE  STATEMENT  HEARING

 4    BEFORE  THE  HONORABLE  U.S.  DISTRICT  JUDGE  LAURA  TAYLOR  SWAIN

 5              UNITED  STATES  DISTRICT  COURT  JUDGE

 6      AND  THE  HONORABLE  U.S.  MAGISTRATE  JUDGE  JUDITH  GAIL  DEIN

 7              UNITED  STATES  DISTRICT  COURT  JUDGE

 8  _____

 9
    APPEARANCES:
10
    ALL PARTIES APPEARING TELEPHONICALLY
11
    For The Commonwealth
12  of Puerto Rico, et al.:  Mr. Martin J. Bienenstock, PHV
                             Mr. Brian S. Rosen, PHV
13                           Mr. Steve Ma, PHV

14  For The Vazquez
    Velazquez Group:         Mr. John Mudd, Esq.
15

16

17

18

19

20

21

22

23

24  Proceedings recorded by stenography.  Transcript produced by
    CAT.
25
```

```
 1                            I N D E X

 2  WITNESSES:                                        PAGE

 3         None.

 4

 5  EXHIBITS:

 6         None.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                                    San Juan, Puerto Rico

 2                                    June 17, 2022

 3                                    At or about 9:40 AM

 4                          *      *      *

 5           THE COURT:  Good morning.  This is Judge Swain

 6      speaking.  Would the courtroom deputy please announce the

 7      case?

 8           COURTROOM DEPUTY:  Good morning, Your Honor.

 9           The United States District Court for the District of

10      Puerto Rico is now in session.  The Honorable Laura Taylor

11      Swain presiding.  Also present, the Honorable Magistrate Judge

12      Judith Dein.  God save the United States of America and this

13      Honorable Court.

14           In re: The Financial Oversight and Management Board

15      for Puerto Rico, as representative of the Commonwealth of

16      Puerto Rico, et al., PROMESA, Title III, Case No.

17      2017-BK-3283; In re: The Financial Oversight and Management

18      Board for Puerto Rico, as representative of the Puerto Rico

19      Highways and Transportation Authority, PROMESA, Title III,

20      Case No. 2017-BK-3567, for Disclosure Statement Hearing.

21           THE COURT:  Thank you.

22           I will ask everyone's patience for just one moment.

23           Thank you all for your patience.  Buenos dias and

24      welcome, counsel, parties in interest, and members of the

25      public and press.  Today's hearing concerns the Oversight
```

1  Board's request for approval of the Disclosure Statement for

2  the Amended Title III Joint Plan of Adjustment for the Puerto

3  Rico Highways and Transportation Authority -- I'm sorry, for

4  approval of the Disclosure Statement for the Second Amended

5  Title III Plan of Adjustment for the Puerto Rico Highways and

6  Transportation Authority, as well as procedures, deadlines,

7  and hearing dates related to that Disclosure Statement and the

8  proposed Plan of Adjustment.  Magistrate Judge Dein and I will

9  be presiding jointly for the discovery and confirmation

10 procedures portion of the agenda.

11       To ensure the orderly operation of today's virtual

12 hearing, once we turn to our agenda items, I'll ask that the

13 parties appearing by Zoom turn off their microphones when

14 they're not speaking and turn off their video cameras if

15 they're not directly involved in the presentation or argument;

16 and, as usual, when you need to speak, turn your camera on,

17 and unmute the microphone on the Zoom screen.

18       I do remind everyone that, consistent with court and

19 Judicial Conference policies, and the orders that have been

20 issued, no recording or retransmission of the hearing is

21 permitted by anyone, including, but not limited to, the

22 parties, members of the public, and members of the press.

23 Violation of this rule may be punished with sanctions.

24       I'll call on each speaker during the proceeding.

25 When I do, please turn your camera on, unmute yourself, and

1  identify yourself by name for clarity of the record if you're

2  not already on screen as part of the calendar matter.  I may

3  permit other parties in interest to address briefly any issues

4  raised during the presentations that require further remarks.

5  If you wish to be heard under these circumstances, please use

6  the "raise hand" feature of the Zoom screen, which can be

7  accessed by selecting the reactions icon in the tool bar

8  located at the bottom of the screen.  If anyone has any

9  difficulty hearing me or another participant, please use the

10  "raise hand" feature immediately.

11       For those interested, the Agenda, which was filed as

12  Docket Entry No. 21254 in Case No. 17-3283, is available to

13  the public at no cost on Prime Clerk.  Although Prime Clerk

14  has now been renamed Kroll Restructuring Administration, the

15  Prime Clerk website, addresses, and telephone numbers are

16  still operational.

17       I encourage each speaker to keep track of his or her

18  own time as allotted on the Agenda; and the Court will also

19  keep track of the time, and will alert each speaker when there

20  are two minutes remaining with one buzz, and when time is up,

21  with two buzzes.  Here's an example of the buzz sound.

22       (Sound played.)

23       THE COURT:  This morning we will proceed until 12:50

24  PM Atlantic Standard Time.  If necessary, we'll resume from

25  2:10 PM to 5:00 PM, and if we need to take a break, the

1    telephone listen-only participants should keep their lines

2    open on the AT&T line during the break.  Please turn your

3    cameras off now, unless you are on the agenda for the first

4    item, which is the objection to the Disclosure Statement.

5           Good morning, counsel.  We are now going to hear

6    argument on the objections of the Vazquez Velazquez Group to

7    the proposed Disclosure Statement.  I first have allocated 15

8    minutes for counsel for the Oversight Board.

9           Good morning.  Please identify yourself.

10          MR. ROSEN:  Good morning, Your Honor.  Brian Rosen of

11   Proskauer Rose on behalf of the Oversight Board, and with me

12   this morning is Mr. Steve Ma.  We will be handling the two

13   items which are on the agenda this morning.  I will handle the

14   first one.  Mr. Ma will handle the second one.

15          THE COURT:  Good morning, Mr. Rosen, and good morning

16   in advance, Mr. Ma.

17          MR. ROSEN:  Your Honor, the filing of the HTA Plan,

18   and the Disclosure Statement, and the corresponding process is

19   another step along the path of the mediation process that

20   culminated in the confirmation and consummation of the Plan of

21   Adjustment for the Commonwealth, ERS, and PBA.  Specifically,

22   Your Honor, as part of those efforts, on May 5 of 2021, the

23   Oversight Board, Assured, National, and certain holders of

24   HTA, PRIFA and CCA -- CCDA bonds executed a plan support

25   agreement that provided for, among other things, the treatment

1  of clawback claims pursuant to the Commonwealth Plan of

2  Adjustment, and outlined the treatment of bond claims against

3  HTA.

4          This PSA, Your Honor, was subsequently joined by

5  multiple additional parties, including Monoline insurers,

6  Ambac and FGIC, and even DRA, pursuant to a stipulation dated

7  November 5, 2021, that was approved by this Court.  Following

8  the Court's consideration and confirmation of the Commonwealth

9  Plan of Adjustment, that plan was consummated on March 15th of

10 2022, and shortly thereafter, Your Honor, on May 2nd, the FOMB

11 filed the HTA Plan of Adjustment and a Disclosure Statement.

12         Actually, Your Honor, we have already filed several

13 iterations since.  There was an amended one, and there has

14 been a second amended one as well, Your Honor.  And I promise

15 you I will not get up to the modified eighth amended like I

16 did in connection with the Commonwealth Plan of Adjustment.

17         With the filing, Your Honor, of the Plan and the --

18 the first Plan and the Disclosure Statement, we also filed the

19 motions which are on the calendar this morning.  The first

20 motion seeks approval of the Disclosure Statement and the

21 adequacy of the information contained therein, as well as the

22 various dates and procedures associated with the solicitation

23 and the non-solicitation of acceptances and rejections to the

24 Plan of Adjustment.  And by that I mean, Your Honor, there are

25 certain classes to the Plan of Adjustment that are non-voting

1   classes, and we merely seek approval of the notices of

2   non-voting status, as well as the notices associated with the

3   Confirmation Hearing itself.

4        Your Honor, the procedures, they are outlined in the

5   motion, and these are the same procedures that the Court

6   authorized in connection with the Commonwealth Plan of

7   Adjustment.  Your Honor, as mentioned, the motion contains a

8   proposed calendar of events in connection with the

9   solicitation, and these are set forth, Your Honor, on pages

10  six and seven of the motion itself.  Unless the Court wants me

11  to, Your Honor, I think we'll just leave them there, and I

12  won't run through each and every one of them, because other

13  than the date associated with the Confirmation Hearing itself,

14  which we had listed as proposed to be August 10, and

15  subsequently we discussed with the Court in the calendar -- it

16  would be on August 17th instead of August 10th, but otherwise,

17  Your Honor, the dates remain the same except as we will modify

18  them associated with the confirmation discovery procedures as

19  the Court is already aware.

20       And we filed a revised notice there, and Mr. Ma will

21  deal with that subsequently.

22       THE COURT:  Yes.  Thank you.  It is not necessary to

23  run through all of the dates on the confirmation calendar, and

24  thank you for reiterating and making clear that the date for

25  the Confirmation Hearing itself has moved.

1           MR. ROSEN:  Thank you, Your Honor.

2           With respect to the adequacy of the information

3    contained in the Disclosure Statement, the motion contains a

4    checklist of items.  And as detailed in the motion, Your

5    Honor, we believe that the Disclosure Statement satisfies the

6    applicable standard.  This is supported by the fact that in

7    response to the motion, only three pleadings were filed, Your

8    Honor.  The first two were merely reservation of rights, the

9    first by the unsecured creditors --

10          THE COURT:  I'm sorry.  Mr. Rosen, I am going to ask

11   you to pause for a moment, because there is a hand up, and

12   unfortunately I can't see -- whose hand is up?

13          Mr. Ma's hand is up.  Mr. Ma.

14          MR. MA:  Sorry, Your Honor.  I apologize for

15   interrupting, but it appears that the AT&T line is still on

16   hold.

17          THE COURT:  Oh.  We'll take a moment until we get

18   that straightened out.

19          (Pause in proceedings.)

20          (Proceedings reconvened.)

21          THE COURT:  This is Judge Swain speaking.  We are

22   continuing to have some technical difficulties with the AT&T

23   line, and so we will resume the hearing, going back to the

24   beginning of the argument in support of the Disclosure

25   Statement Motion, once we have the AT&T line up.  I hope that

1    will be within a few minutes.  Thank you all for your

2    patience.

3              (Pause in proceedings.)

4              (Proceedings reconvened.)

5              THE COURT:  I have just been told that the AT&T line

6    is up, so we have overcome the technical difficulties.

7    Greetings to those who have called in to listen to this

8    hearing.  This is Judge Swain speaking.  I apologize for the

9    delay in having you join the hearing, which is in progress.

10             We have just reached the matter in which we are

11   considering and hearing argument on the Disclosure Statement

12   for the Amended Title III Plan of Adjustment for the Puerto

13   Rico Highways and Transportation Authority and Solicitation

14   Procedures Motion.  The proceedings before you came on were

15   all literally procedural about the operation of the Zoom

16   hearing, and so I will not repeat those.

17             I will, however, caution everyone that in accordance

18   with Judicial Conference policies and the orders that have

19   been issued, there is to be no recording or retransmission of

20   this hearing by anyone, including parties in interest, the

21   public, and members of the press.  I'm going to take a pause

22   again for a minute, because we are having another technical

23   problem.  So sorry.

24             (Pause in proceedings.)

25             (Proceedings reconvened.)

1          THE COURT:  Good morning again.  There is apparently

2    a problem with the access or activation code for the AT&T

3    line, and so we are working with AT&T to try to make this

4    work.  I understand that there are people who are on hold

5    trying to hear, so we're going to give this repair effort ten

6    more minutes, and I hope that within ten minutes the people on

7    the AT&T line will be able to join us.  If not, we will go

8    ahead.

9          Thank you all for your patience.  So we will

10   reconvene at 10:25 to go forward.  Thank you.

11             (At 10:14 AM, recess taken.)

12             (At 10:25 AM, proceedings reconvened.)

13         THE COURT:  Good morning again Zoom participants.  We

14   have not been able to resolve the AT&T problem yet, but we

15   have put into the chat a Zoom dial-in and access code that you

16   are free to share with anyone who's trying to dial in.  That

17   seems to be the best we can do at this point.

18         Because recording and retransmission are still

19   prohibited, we are asking that you don't conference or relay

20   this, or whatever it is that might be.  You can just give

21   people that phone number.

22         We will proceed at this point, and anyone who dials

23   in, and anyone on the AT&T line will join us in progress.  I

24   deeply regret that we are having the problems that we're

25   having this morning.

1          So we will recommence with the contested matter,

2    which is the Oversight Board's motion for approval of the

3    Disclosure Statement for the Amended Title III Plan of

4    Adjustment for the Puerto Rico Highways and Transportation

5    Authority and Solicitation Procedures Motion, and we will

6    begin the arguments with Mr. Rosen for the Oversight Board.

7          MR. ROSEN:  Good morning, Your Honor.  Brian Rosen,

8    Proskauer Rose, on behalf of the Oversight Board.  And again,

9    Your Honor, Mr. Steve Ma is with me as well, although he's out

10   in Los Angeles, and he will be handling the second motion

11   which is on the agenda this morning.

12         Your Honor, as you are well aware, the Plan, and the

13   Disclosure Statement, and the corresponding process is another

14   step in the mediation that the Court authorized way back when,

15   Your Honor.  Specifically, that process lead to the

16   confirmation and consummation of the Plan of Adjustment for

17   the Commonwealth, ERS, and PBA.  And in connection with that,

18   Your Honor, on May 5th of 2001, the parties, the FOMB,

19   Assured, National, and certain holders of indebtedness of HTA,

20   CCDA, and PRIFA executed a plan support agreement which

21   provided for, among other things, the treatment for clawback

22   claims pursuant to that Commonwealth Plan of Adjustment.  And

23   it also outlined a treatment for the bonds that were issued by

24   HTA.

25         So, Your Honor, excuse me, that PSA was subsequently

1   joined by --

2           (Indiscernible sound.)

3           MR. ROSEN:  I don't know if it's okay, Your Honor --

4           THE COURT:  Whoever is on an audio line, please mute

5   yourself, but I think we've also managed to mute it.

6           Please continue, Mr. Rosen.

7           MR. ROSEN:  Thank you, Your Honor.

8           That Plan Support Agreement, Your Honor, was

9   subsequently joined by many additional parties, because we had

10  offered the opportunity for joinders at that time, and it was

11  also very much important to the process.  It was joined by two

12  monoline insurers, Ambac and FGIC, and even thereafter, Your

13  Honor, on November 5th, it was joined by DRA pursuant to a

14  stipulation that got approved by the Court.

15          Your Honor, that lead to ultimately the confirmation

16  and consummation of the Commonwealth Plan, and that took place

17  on March 15th of 2022.  Your Honor, shortly thereafter, on May

18  2nd of this year, the Oversight Board filed the HTA Plan of

19  Adjustment, the first Plan of Adjustment, I would say, and a

20  corresponding Disclosure Statement.  And as I have mentioned

21  before, Your Honor, we have subsequently filed an Amended Plan

22  and a Second Amended Plan.  And later on today, Your Honor, we

23  will probably file a Third Amended Plan which contains just

24  non-substantive points that have been relayed to us by various

25  creditors, just to clean up some typographical errors or

1   references in the Plan itself.

2          Your Honor, with the filing of that first Plan and

3   Disclosure Statement, we filed the instant motions, which are

4   on the calendar for today.  The first motion, Your Honor, is

5   with respect to the approval of the Disclosure Statement

6   hearing, and the adequacy of the information that is contained

7   therein, as well as the various dates and procedures

8   associated with the solicitation and non-solicitation of

9   acceptances to the Plan.  All of these, Your Honor, are

10  outlined in the first motion that I was referring to, and the

11  procedures themselves, Your Honor, are the same procedures

12  that the Court authorized in connection with approval of the

13  Disclosure Statement and solicitation process for the

14  Commonwealth Plan of Adjustment.

15         Likewise, Your Honor, all of the dates that we have,

16  that we believe are applicable for the solicitation process

17  are outlined on pages six and seven of the motion, and I'll

18  allow those to be left for the record of the Court, because I

19  don't think we need to go one by one here, Your Honor.

20         With respect to the adequacy of the information that

21  is contained in the Disclosure Statement, the checklist of

22  items is set forth in the motion, and as detailed there, Your

23  Honor, we believe that the Disclosure Statement satisfies the

24  applicable standard.  And, Your Honor, I don't believe there

25  is any better evidence of that than the fact that there have

1   been only three pleadings that were filed in response to the

2   motion with respect to the adequacy of the information

3   contained.  Two of those pleadings, Your Honor, were merely

4   reservation of rights and, actually, statements of support for

5   the Disclosure Statement and the Plan itself.  Those were

6   filed by the Unsecured Creditors Committee and also by

7   Assured, one of the monolines.

8           The third pleading, Your Honor, was filed by what we

9   refer to as the Velazquez Group.  It is a group of

10  individuals represented by Mr. Mudd, and they are -- excuse me

11  -- they have commenced litigation against HTA with respect to

12  a rescinded compensation plan.

13          The Velazquez Group, Your Honor, suggests that the

14  Disclosure Statement should not be approved and the HTA Plan

15  not be confirmed, because the Disclosure Statement does not

16  adequately describe the risks associated with the

17  non-dischargeability of their claims, and the Plan of

18  Adjustment does not provide a separate class for their claims

19  if they are, in fact, determined to be non-dischargeable.

20          Your Honor, as we set forth in our reply, the

21  objection should be overruled on several bases.  First, Your

22  Honor, the Disclosure Statement already discusses the risks

23  associated with non-dischargeability at page 293 of the

24  Disclosure Statement, and this is set forth, Your Honor, the

25  text of all of that, Your Honor, is set forth on page seven of

1    our reply.  And I won't repeat it here.

2          Your Honor, therein, though, we discussed the

3    probability or the possibility of non-confirmability, or the

4    need -- based upon non-dischargeable claims, or the need for

5    plan modification in the event that there is a

6    non-dischargeable claim.  So we believe that that initial

7    objection by the Velazquez Group is already adequately

8    discussed.  But notwithstanding that, Your Honor, and as we

9    set forth on page eight of our reply, we will also include

10   language in the Disclosure Statement which goes through or

11   details the history of the *Velazquez* litigation.  Notably,

12   Your Honor, we go through the dismissal of claims that the

13   Velazquez Group brought, that dismissal by the District Court,

14   and the subsequent appeal by the Velazquez Group to the First

15   Circuit, which was I believe, Your Honor, already briefed and

16   it is -- that is pending a decision by the First Circuit.

17         More importantly, Your Honor, the issue that has been

18   raised regarding confirmability of the Plan is the same issue

19   that was raised in connection with the Commonwealth Disclosure

20   Statement Hearing, and it was denied, Your Honor.  And in

21   paragraph 20 of our reply, Your Honor, we quote the Court in

22   response to those, and I'll do it again here, Your Honor.

23   Specifically, the Court said in that transcript, "to the

24   extent that several objectors complained that certain claims

25   are not dischargeable, be they constitutional claims, claims

1    arising under federal law, or administrative expense claims,

2    the Court has thoroughly considered the objections, and

3    overrules them in connection with this Disclosure Statement

4    Motion practice, because such objections challenge the

5    confirmability of the Plan, and none of them poses a pure

6    question of law that would render a confirmation futile or

7    unfeasible at this stage."

8          Your Honor, we believe that ruling, that decision by

9    the Court is the same ruling that should be reached here.

10   There is nothing unique about these claims, and we believe

11   that the non-dischargeability is something that, if it is in

12   fact important, will be something that the Court will take up

13   at the confirmation hearing.

14         Your Honor, as I mentioned, we have received several

15   non-substantive comments to the Plan, and we do intend to file

16   a third amended Plan later today.  Your Honor, to the extent

17   the Court is request -- has any inserts that it would like to

18   include in the Disclosure Statement, we would of course file

19   an amended Disclosure Statement to include that information as

20   well.

21         As per the motion, Your Honor, the goal is to serve

22   all solicitation packages within ten days of entry of an order

23   authorizing or approving the adequacy of the information

24   contained in the Disclosure Statement, and authorizing the

25   solicitation packages to be distributed, with voting to close

1  on July 27th, and a confirmation hearing to occur on August

2  17th.

3  Your Honor, unless the Court has any questions or

4  comments, we would rest upon our papers and the Disclosure

5  Statement itself, reserving any additional time for rebuttal.

6  THE COURT:  Thank you, Mr. Rosen.  I don't have

7  further questions or comments now.  Actually, I'll take that

8  back.  I will ask you a couple of questions.

9  I also note that I have been told that the AT&T line

10  is up now.  Greetings to those who were patiently waiting on

11  the AT&T line.  We are in the midst of argument on the motion

12  for approval of the Disclosure Statement and Solicitation

13  Procedures, and I will just repeat one aspect of my procedural

14  greeting this morning, which is that no recording or

15  retransmission of the proceeding is allowed.  Thank you for

16  letting me take that little break to say that.

17  So now, going back to Mr. Rosen, is it your position

18  or do you take a position at this point that the Velazquez

19  Group's claim is, in fact, one that is covered by the general

20  unsecured claim definition and Class 16?

21  You're muted, Mr. Rosen.

22  MR. ROSEN:  Sorry, Your Honor.

23  First, I would say that we don't believe that the

24  Velazquez Group even has a claim based upon the dismissal by

25  the District Court, although technically it is still a

 1  disputed claim, but we don't believe that they have a pending

 2  claim anymore.  With respect to -- in response to your

 3  question, yes, we believe it would fall into the general

 4  unsecured category.

 5         THE COURT:  And if it happens that their claim is

 6  revived on appeal, and there is a determination that the

 7  claims are non-dischargeable, would that materially affect the

 8  feasibility of the proposed amended Plan of Adjustment for

 9  HTA?

10         MR. ROSEN:  No, Your Honor.  The amount that is

11  asserted in there is a little bit in excess of $200,000.  That

12  will not affect feasibility of the Plan.

13         THE COURT:  Thank you, Mr. Rosen.

14         I'll now turn to counsel for the Velazquez Group.

15  Mr. Mudd, would you introduce yourself?

16         MR. MUDD:  Good morning, Your Honor, and to everybody

17  at the court.  First of all, happy Father's Day to all the

18  fathers and all the mothers who are also fathers.

19         Your Honor, I have -- I want to clarify a couple of

20  things.  Mr. Rosen of course is not the attorney handling the

21  appeal, but in this case the brief is due on July the 5th, and

22  obviously 30 days after is the brief for the defendant, which

23  is the HTA.  However, yesterday I spoke with the attorney for

24  the case, who has a certain personal problem which I will not

25  go into, and he will seek an extension of 30 days.  So the

1  decision on this case, given my experience with the First

2  Circuit, et cetera, is probably going to be sometime next

3  year.

4          Now let's go directly to our point.  I agree in part

5  with the Board that this is really an objection to the Plan.

6  I disagree with them in terms that the Disclosure Statement

7  does not go specifically into this class, and this, the --

8  what they mention about the dischargeability or new classes is

9  so general that it really doesn't go into it.  So I think that

10  the Court could approve very easily this Disclosure Statement

11  with the caveat that if, as you well say, the dischargeability

12  is decided in our favor and the appeal is decided in our

13  favor, and later on, because the appeal is won, we still have

14  to win the trial, then they would have to amend the Plan of

15  Adjustment and the Disclosure Statement.

16          Having said that, did you want me to go into the

17  issue of dischargeability, or do we leave that for the Plan of

18  Adjustment?

19          THE COURT:  The dischargeability issue really is one

20  for the Plan of Adjustment, but I -- are you saying that the

21  language that indicates that if claims are found to be

22  non-dischargeable, the Plan could be unconfirmable -- I don't

23  have the precise language in front of me -- that that's

24  inadequate to convey that the Plan, as currently structured,

25  doesn't account for non-dischargeable claims since yours is a

1   claim -- your client's claim is one that you contend is

2   non-dischargeable?

3          MR. MUDD:  Yes, that's my point, Your Honor.  It's so

4   general that it doesn't go specifically into this -- into what

5   we're dealing with.

6          THE COURT:  So, in the reply papers, the debtor has

7   proposed three additional paragraphs that specifically speak

8   to your group's claim.

9          MR. MUDD:  Uh-huh.

10          THE COURT:  Do you have any specific problem with

11   that language, or is that -- does that make it sufficient to

12   provide adequately for disclosure of the risk associated with

13   your client group's claim?

14          MR. MUDD:  I have a problem there, Your Honor.  I

15   don't remember right now, I'll be very clear, the amount --

16   because I was not the attorney dealing with that, the amounts

17   that are in the proofs of claim.  However, we have to

18   understand that this is a group of 169 plaintiffs, and in

19   terms of economic damages, I know it's over eight million

20   dollars.  And if --

21          THE COURT:  I'm sorry.  You say that you know that it

22   is what?

23          MR. MUDD:  The economic damages in the case are well

24   over eight million dollars right now, and a jury could grant

25   them, let's say, a hundred thousand dollars per person.

1    That's 16.9 million dollars right there.

2              So the amounts in the proofs of claim not necessarily

3    are what the jury would award here, and in the contingency --

4    not a contingency, but in a case such as this in which you

5    don't know what a jury will provide or will give these

6    persons, you really can't say that -- you know, you're limited

7    to what it says in the group Plan.  So in that sense, I have a

8    problem.  I don't remember, and Mr. Rosen I'm sure will

9    correct me, if in the statements that he placed in his

10   documents -- whether the amounts of the proofs of claim were

11   included.

12             THE COURT:  Well, we'll let Mr. Rosen respond to that

13   when he replies.

14             So your concern is that if the Disclosure Statement

15   specifically speaks to a maximum amount of the claim, then you

16   would believe that that is either inadequate or misleading?

17             MR. MUDD:  Correct.

18             THE COURT:  Thank you.

19             Is there anything further that you wish to argue at

20   this point in connection with your objection, and, as I say,

21   you anticipated correctly that I will rule that the

22   classification issue is one for -- and the dischargeability

23   issues are ones for confirmation?

24             MR. MUDD:  No, Your Honor, I have no further

25   argument.

1          THE COURT:  Thank you.  Then we'll return to

2     Mr. Rosen.

3          MR. ROSEN:  Thank you very much, Your Honor.

4          With respect to the amount of damages, Your Honor, we

5     can only go by what they ask for, which is their proof of

6     claim, which is Proof of Claim No. 162573, asserts a claim of

7     $218,917.08.  So with respect to additional amounts that

8     Mr. Mudd may be looking for, or counsel who is actually

9     handling that litigation, I cannot speak to that.  All I can

10    go to is what is in the registry of the Court, Your Honor,

11    based upon the proof of claim that they filed.

12         Your Honor, as I mentioned, we believe that page 293

13    of the Disclosure Statement already adequately describes

14    non-dischargeability and risks associated with it, and we've

15    suggested additional language associated with the Velazquez

16    Group itself.  But, Your Honor, the first part of that is that

17    existing piece, as various parties have asserted or may assert

18    claims.  I don't even mind Your Honor inserting in there a

19    comment, including without limitation the Velazquez Group,

20    just so Mr. Mudd is comfortable that we know about his clients

21    and that they are included in that group.

22         With respect to what amount ultimately may be

23    allowed, Your Honor, we still don't believe that affects

24    feasibility of the Plan.  There is a sufficient reserve for

25    operating purposes and other purposes at HTA sufficient to

1   cover even the amount that Mr. Mudd now claims may be awarded

2   in the unlikely event that he can overcome the First Circuit

3   appeal and then at trial.

4        THE COURT:  Thank you.  So, if I take you up on your

5   offer of additional language, you will insert both the three

6   paragraphs that were in your reply and a parenthetical or

7   comment reference --

8        MR. ROSEN:  Yes.

9        THE COURT:  -- to the Velazquez plaintiffs in the

10  existing language on page 293?

11       MR. ROSEN:  We will, Your Honor, yes.

12       THE COURT:  Thank you.

13       Mr. Mudd, anything further at this time?

14       MR. MUDD:  No.  I would have no problem with what

15  Mr. Rosen is proposing, Your Honor.

16       THE COURT:  Thank you.

17       So I will make an oral ruling now on the motion and

18  the objection.

19       Pending before the Court is the motion of the Puerto

20  Rico Highways and Transportation Authority for an order

21  approving Disclosure Statement, fixing voting record date,

22  approving confirmation hearing notice and confirmation

23  schedule, approving solicitation packages and distribution

24  procedures, approving forms of ballots and voting and election

25  procedures, approving notice of non-voting status, fixing

1    voting election and confirmation deadlines, and approving vote

2    tabulation procedures.  That is at Docket Entry No. 20654 in

3    Case No. 17-3283, and Docket Entry No. 1167 in Case No.

4    17-3567.  I will refer to it as the "Motion", which has been

5    filed by the Financial Oversight and Management Board for

6    Puerto Rico, which I will refer to as the "Oversight Board",

7    as representative of the Puerto Rico Highways and

8    Transportation Authority, which the Court will refer to as

9    "HTA", or the "Debtor."

10        I note that the Disclosure Statement and proposed

11   Plan have been modified since the motion was originally filed,

12   and as Mr. Rosen has indicated today, further non-substantive

13   modifications are expected to be filed shortly.  So to the

14   extent I refer to the latest versions of the Disclosure

15   Statement and Plan of Adjustment, it will be to the most

16   recently filed version and corresponding Disclosure Statement,

17   taking the Debtor at its word that further changes are not

18   substantive.

19        The Court has considered carefully the Motion, the

20   objection to the Motion filed by the Velazquez Group of

21   Plaintiffs, the proposed Plan of Adjustment, and the arguments

22   made today.  Today's principal question is whether the

23   proposed Disclosure Statement provides information sufficient

24   to permit a hypothetical creditor or investor to make an

25   informed judgment about the proposed Plan of Adjustment.  That

1    standard is laid out in § 1125 of the Bankruptcy Code, Title

2    11 of the United States Code, § 1125.  The Court will also

3    consider whether the objectors have demonstrated that the

4    proposed Plan is patently unconfirmable on its face.

5          The Velazquez Group argue that their claim, should

6    they be successful in challenging the dismissal, is not

7    dischargeable by a Plan of Adjustment, because the claim

8    purportedly arises under federal regulations related to

9    safety.  The objectors, that being the Velazquez Group,

10   therefore argue that the proposed Plan of Adjustment cannot

11   include their claim in Class 16, which is HTA general

12   unsecured claims, because the proposed Plan of Adjustment

13   would impair the claims in that class.

14         This objection has not, however, demonstrated that

15   the proposed Plan is patently unconfirmable, and the parties

16   may litigate in connection with confirmation, if necessary,

17   whether the proposed classification and treatment of the

18   claims may differ from those of other general unsecured

19   claims.  Thus, the objection does not raise issues that render

20   the Plan of Adjustment patently unconfirmable.

21         As to the adequacy of the Disclosure Statement, the

22   Oversight Board in its reply, which is filed at Docket Entry

23   No. 1227, has agreed to disclose further information

24   pertaining to the prepetition litigation, that being the

25   litigation pending that was initiated by the Velazquez Group

 1    and is now on appeal, in an amended Disclosure Statement.

 2    Having reviewed the proposed additional language, the Court is

 3    satisfied that the objection does not present issues with

 4    respect to which the Oversight Board has not met its burden of

 5    demonstrating the adequacy of the proposed Disclosure

 6    Statement.

 7         I note that the Oversight Board has offered today to

 8    insert a further clarifying parenthetical phrase in the

 9    language that was printed at page 293 of the proposed

10    Disclosure Statement, and I will expect that that

11    parenthetical phrase will -- clarifying phrase will also be

12    added.

13         Accordingly, the objection is overruled without

14    prejudice to the objectors' rights to raise the arguments

15    therein in connection with the applicable Plan confirmation

16    objection procedures.  No other objections have been filed,

17    and so, for the reasons stated in the Debtor's motion, as

18    supplemented, and the reasons stated on the record today, and

19    the reasons just reviewed by the Court, the Court finds that

20    the Disclosure Statement meets all applicable legal

21    requirements, and the Court approves the Disclosure Statement,

22    subject to the addition of the language regarding the

23    Velazquez Group claims.

24         The Court has also carefully considered the various

25    procedural aspects of the motion, which are all uncontested.

1    The Court will enter an appropriate order approving the

2    Disclosure Statement and the other requests in the motion,

3    including the request to approve the proposed solicitation and

4    balloting procedures, and related deadlines, forms, and

5    notices.

6         I direct the Oversight Board to submit a Word version

7    of its proposed order and accompanying exhibits, as well as

8    its filing on the record of the updated proposed amended Plan

9    and Disclosure Statement, both reflecting revisions as

10   necessary to incorporate any changes to the Order approving

11   the discovery and confirmation procedures motion that we will

12   discuss in the next section of the Agenda.

13        The Court reserves the right to make non-substantive

14   corrections in this oral ruling when it is transcribed.

15        Counsel, anything further to this motion before we

16   move to the next item on the Agenda?

17        MR. ROSEN: No, Your Honor. Thank you very much.

18        As I indicated, we intend to file all of these things

19   later today, and provide you with the Word version of that

20   order with the exhibits. Thank you.

21        THE COURT: Thank you, Mr. Rosen, and thank you,

22   Mr. Mudd.

23        MR. ROSEN: Your Honor, I'll now turn the hearing

24   over to Mr. Ma for the second motion.

25        THE COURT: Yes. We are now moving to Agenda Item

1  II.1, which is the Discovery and Confirmation Procedures

2  Motion.  Magistrate Judge Dein will co-preside with me with

3  respect to this aspect of today's proceedings.

4          Good morning, Magistrate Judge Dein.

5          MAGISTRATE JUDGE DEIN:  Good morning.

6          THE COURT:  So, Mr. Ma, I understand that you will be

7  speaking for the Oversight Board.  You will confirm this, but

8  to the Court's knowledge, there have been no objections

9  filed.

10          MR. MA:  (Nodding head up and down.)

11          THE COURT:  However, the Court has requested that the

12  Oversight Board make certain changes in the original proposed

13  order, and a further update has been filed.  At this point, I

14  turn it over to you, Mr. Ma.

15          MR. MA:  Thank you, Your Honor.

16          Steve Ma of Proskauer Rose for the Financial

17  Oversight and Management Board for Puerto Rico, as Title III

18  representative of HTA.

19          And Your Honor is correct that there have been no

20  objections to the confirmation discovery procedures, and as

21  the Court is aware, the Oversight Board filed a further

22  revised proposed Confirmation Discovery Procedures Order on

23  June 15th at ECF No. 1235 in the HTA case to address the

24  Court's comments and questions in its June 14th order.  And we

25  thank the Court for entering that order to provide us Your

1  Honor's comments and questions in advance.

2       We made a number of revisions to the proposed order

3  to address the Court's concerns.  I would just note for the

4  Court that we intend to file a further revised proposed order

5  following the conclusion of this hearing, to include some

6  conforming and clarifying revisions, and of course any

7  additional comments the Court may have to the proposed order.

8  I would just like to walk the Court through a couple of those

9  revisions we intend to make.

10       First, with respect to the procedures and deadlines

11  for the service of production requests, in the revised

12  proposed order we filed on June 15th, we moved the deadline

13  for the service of production requests from July 11th to July

14  1st, and provided that parties may serve up to one additional

15  round of requests.  Our intent was for parties to consolidate

16  production of requests to be made on or before July 1st, with

17  such parties that have made an initial request to be able to

18  make one additional request on or before July 11th to cover

19  anything they may have missed.

20       To clarify that procedure, in paragraph 11 of the

21  proposed order, we propose replacing the reference to July 11,

22  2022, in the third line, to state the following:  "July 1st,

23  2022; provided however if a party in interest has served a

24  production request on or before July 1st, 2022, such party in

25  interest may serve one additional production request on or

1 | before July 11, 2022."

2 | Similarly, we'd also propose clarifying paragraph 11

3 | in the proposed order to replace sub-bullet B and the

4 | remainder of the paragraph, which discusses the number of

5 | production requests that may be made with the following:  "A

6 | party from serving up to two production requests in advance --

7 | in accordance with the applicable deadlines established

8 | pursuant to this Order."

9 | Finally, we inadvertently deleted from the summary

10 | deadline chart the deadline for all parties to file any

11 | witness declarations, and we'll be adding that back in as

12 | August 7th.  And we would just make a correction to paragraph

13 | 5 to reference August 7th instead of August 10th.

14 | Those are some of the proposed revisions I wanted to

15 | highlight for the Court, and we'll just have some additional

16 | minor conforming revisions in what we file.  And at this

17 | point, I'm happy to answer any questions the Court may have.

18 | Thank you.

19 | THE COURT:  Thank you, Mr. Ma.

20 | We did notice that there were various

21 | inconsistencies, and some scrivener's errors, and those, the

22 | inconsistencies or need for clarification included the two

23 | that you have enumerated.  There are a couple of additional

24 | ones that I will review in remarks at the end of our colloquy,

25 | and ask you to incorporate into the further revision of the

1  proposed order.

2         Judge Dein, do you have any comments or questions for

3  Mr. Ma?

4         MAGISTRATE JUDGE DEIN:  No, not beyond what I believe

5  will be incorporated in your comments at the end.

6         THE COURT:  All right.  Then give me just a moment

7  here.

8         So I will again make an oral ruling with some

9  direction to the Debtor, and I reserve the right to make

10 non-substantive corrections in the transcript as necessary.

11        Before the Court is the Motion of the Puerto Rico

12 Highways and Transportation Authority for an Order

13 Establishing, Among Other Things, Procedures and Deadlines

14 Concerning Objections to Confirmation and Discovery in

15 Connection Therewith that is filed as Docket Entry No. 20655

16 in Case No. 17-3283, and Docket Entry No. 1168 in Case No.

17 17-3567.  I'll refer to it as the "Confirmation and Discovery

18 Procedures Motion."

19        On June 14th, 2022, the Court entered its Order

20 regarding, proposed Order Establishing, Among Other Things,

21 Procedures and Deadlines Concerning Objections to Confirmation

22 and Discovery in Connection Therewith at Docket Entry No.

23 21242 in Case No. 17-3283, and Docket Entry No. 1231 in Case

24 No. 17-3567, directing the Oversight Board to respond to

25 certain preliminary questions concerning the proposed order

1   for the Confirmation and Discovery Procedures Motion.

2           On June 15th, 2022, the Oversight Board filed its

3   Notice of Filing of Revised Proposed Order Establishing, Among

4   Other Things, Procedures and Deadlines Concerning Objections

5   to Confirmation and Discovery in Connection Therewith at

6   Docket Entry No. 21251 in Case No. 17-3283, and Docket Entry

7   No. 1235 in Case No. 17-3567, which I'll refer to as the

8   "Revised Proposed Discovery Order", responding to the Court's

9   questions and providing modifications to the revised -- to the

10  proposed discovery order.

11          The Court has considered carefully the Confirmation

12  and Discovery Procedures Motion and the Revised Proposed

13  Discovery Order, which are uncontested.  Subject to further

14  revisions discussed by Mr. Ma, and, in addition, those

15  outlined below, the Court grants the Confirmation and

16  Discovery Procedures Motion.

17          I will now make certain rulings and direct

18  clarifications in response to and in reference to the Revised

19  Proposed Discovery Order.  The Court's intention was to detail

20  these additional requested changes in an order that would be

21  filed this afternoon, but let's see after I finish these

22  remarks.  Mr. Ma, I think you'll get the point, and I think

23  it's probably not necessary for us to take that additional

24  step, unless Judge Dein feels otherwise.

25          So you have already discussed and undertaken to

1   clarify paragraph 5 regarding the filing of witness

2   declarations, and you have also undertaken to clarify and

3   amend paragraphs 2 and 11, relating to the deadline to serve

4   production requests and additional -- one additional

5   production request by a party who met the original deadline.

6   My notes include that there would also be needed in that

7   connection a conforming change in paragraph 12, so I would

8   just ask you to look at paragraph 12 and make any additional

9   conforming change that would be necessary.

10        In paragraph 13, it appears that there is a need for

11   an addition of the deadline for parties in interest to serve

12   interrogatories, which is July 8th, 2022, and so I direct you

13   to make that change.

14        Then, with respect to the deadline for parties in

15   interest to serve admission requests, which is July 18th,

16   2022, with a response deadline of four days, the Court is

17   directing the Board to add that deadline to paragraph 14, and

18   revise paragraph 14 to the extent necessary to be consistent

19   with this ruling.

20        Paragraph 16 should be amended to reflect the limit

21   on depositions of one day of seven hours unless otherwise

22   agreed to by the parties or directed by the Court, and

23   paragraphs 22 and 23 should be revised to require that the

24   opening expert reports and rebuttal expert reports containing

25   confidential information shall have a copy provided to the

1  Court, as well as a copy provided to the Oversight Board, for

2  addition to the discovery depository.

3       I believe that that covers the outstanding specific

4  changes that we feel it is necessary to make, and of course we

5  ask you to make any further corrections to scrivener's errors

6  or conforming changes that may be necessary.

7       Judge Dein, is there anything that I should have

8  mentioned?

9       MAGISTRATE JUDGE DEIN:  I just have a couple little

10  things.  I'm not sure they're still at issue, but in paragraph

11  14 it says "responses within four business days."  I'm not

12  sure "business days" is right, as opposed to just "days" to be

13  consistent.

14       THE COURT:  So would you clarify that and make that

15  consistent?

16       MR. MA:  Yes.  We intended for that to be business

17  days, so we'll clarify that in the summary chart.

18       MAGISTRATE JUDGE DEIN:  Okay.  Then I didn't quite

19  get it, but did you take out the reference that says that

20  production requests will be served with sufficient time to

21  permit responses to be served in accordance with the

22  applicable Rules of Civil Procedure?  I think that was in that

23  chart.

24       To the extent that there's a timeline that's in

25  accordance with the applicable Rules of Civil Procedure, it's

1   too long, so if that's still in there, it should come out.

2            MR. MA:  Okay.  We'll make that change.  Thank you.

3            MAGISTRATE JUDGE DEIN:  That's all I have.

4            THE COURT:  Thank you, Judge Dein, and thank you,

5   Mr. Ma.

6            I'll just continue with a few more remarks in

7   resolution of this motion.  Just one moment.

8            So the Board must provide the Court with a Word

9   version of the further amended final proposed order, and must

10  make any necessary changes to the Confirmation Hearing Notice

11  to ensure that that notice is consistent with the final

12  deadlines and procedures for confirmation and discovery.

13           I note that, as ordered at Docket Entry No. 21246 in

14  Case No. 17-3283, and Docket Entry No. 1232 in Case No.

15  17-3567, I've referred all discovery matters related to or

16  arising out of the Disclosure Statement and the HTA Plan to

17  Judge Dein.

18           The Court will hold a pretrial conference on August

19  8th of 2022 to address evidentiary issues concerning the

20  Confirmation Hearing, including but not limited to any

21  outstanding motions in limine, the schedule for the

22  Confirmation Hearing, details concerning the presentation of

23  testimony, and the pre-admission of exhibits to be offered at

24  the Confirmation Hearing.

25           The Confirmation Hearing will commence on August

1   17th, 2022, and will continue as needed on August 18th, 2022.

2   It will be held in conjunction with the scheduled Omni, which

3   has been scheduled for those dates as well, so those two will

4   coincide.

5           Mr. Ma, do you have any questions for us or further

6   comments to this motion?

7           MR. MA:  I don't have any.  Thank you, Your Honor.

8           THE COURT:  Thank you, Mr. Ma, and thank you for your

9   presentation and your undertakings.

10          Is there any other counsel who wishes to raise an

11  issue to be addressed today?

12          I don't see any hands raised.

13          So, Judge Dein, did you have any further remarks?

14          MAGISTRATE JUDGE DEIN:  No.  Thank you.

15          THE COURT:  Thank you.

16          This concludes the hearing agenda for this hearing.

17  The next scheduled hearing is the June 29th, 2022, Omnibus

18  Hearing.  Like today's hearing, that hearing will occur over a

19  combination of Zoom and a listen-only telephone line.  We will

20  be hopeful that we will not have the sorts of technical

21  difficulties that we have had today, for which I again

22  apologize.

23          In light of the proposed HTA confirmation schedule,

24  the August 10th Omnibus Hearing is adjourned to August 17th,

25  and will coincide with the HTA Confirmation Hearing.  I expect

1  to conduct the August Confirmation and Omnibus Hearings in San

2  Juan, conditions permitting, and an appropriate procedures

3  order for the August Omnibus Hearing and the HTA Confirmation

4  Hearing will be issued in due course.

5          As always, I thank the court staff in Puerto Rico,

6  Boston, and New York for their work in preparing for and

7  conducting today's hearing, and their continued ongoing work

8  in the administration of these cases.

9          Stay safe and keep well, everyone.  We are now

10  adjourned.

11          (At 11:10 AM, proceedings concluded.)

12                        *       *       *

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   U.S. DISTRICT COURT     )

 2   DISTRICT OF PUERTO RICO)

 3

 4       I certify that this transcript consisting of 40 pages is

 5   a true and accurate transcription to the best of my ability of

 6   the proceedings in this case before the Honorable United

 7   States District Court Judge Laura Taylor Swain, and the

 8   Honorable United States Magistrate Judge Judith Gail Dein on

 9   June 17, 2022.

10

11

12

13   S/ Amy Walker

14   Amy Walker, CSR 3799

15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```