UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

ORDER DENYING MOTION FOR RELIEF FROM
THE AUTOMATIC STAY AND REQUEST FOR JOINDER

The Court has received and reviewed the *Motion Requesting Lifting of Stay to Allow Civil Litigation to Proceed and to Join Ivelisse Calderón-Alibrán and Carlos Torres Viada Motion Title "Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to Be Heard"* (Docket Entry No. 21260 in Case No. 17-3283) (the "Motion and Joinder"), filed by Carlos Guzman Nieves, Orlando Arroyo

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Morales, Angel L. Martinez Alvarez, and Sammy Baez Figueroa (together, the "Movants"). The Movants seek relief from the automatic stay and separately seek to join in the request for relief sought in the *Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to be Heard* (Docket Entry No. 21217 in Case No. 17-3283), filed by Ivelisse Calderón-Alibrán and Carlos Torres Viada.

With respect to the request for relief from the automatic stay, the Motion and Joinder is not accompanied by a certification, as required by Paragraph III.R of the operative Case Management Order, "that the movant has met and conferred with the Debtors regarding the requested relief." Paragraph III.R reads in pertinent part as follows:

> Subject to Paragraphs III.F and III.U, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com), Luis C. Marini-Biaggi (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero (cvelaz@mpmlawpr.com)), and, for all Lift Stay Notices related to PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com)), and counsel for PREPA (Attn: Arturo Diaz-Angueria (adiaz@diazvaz.law) and Katiuska Bolanos-Lugo (kbolanos@diazvaz.law)), by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). The Lift Stay Notice Period and the procedures set forth below shall not apply to Stay Relief Motions that are filed by creditors seeking to enforce a financial debt claim.
>
> The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.
>
> During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.

> If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

*Sixteenth Amended Notice, Case Management and Administrative Procedures* (Docket Entry No. 20190 Ex. 1 ¶ III.R).

Accordingly, the Motion and Joinder is denied to the extent Movants request relief from the automatic stay, without prejudice to renewal following the required meet-and-confer process, and is denied to the extent it purports to join the motion for extension of the administrative claims bar date, without prejudice to renewal on papers clarifying the nature of Movants' interest in the latter motion and the relief they seek to gain from such joinder. See <u>In re Frank's Oilfield Serv., Inc.</u>, Case No. 11-06-10826 TF, 2013 WL 4048604, at *2 (Bankr. D.N.M. Aug. 9, 2013) ("In contested matters, the joinder rules of civil procedure do not apply. Bankruptcy Rule 9014(c)[.] . . . . Instead, to 'join' in a contested matter filing means nothing more than to agree with the position taken by the party being joined.").

This resolves Docket Entry No. 21260 in Case No. 17-3283.

SO ORDERED.

Dated: June 21, 2022

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          United States District Judge