IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17 BK 03283-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | PROMESA TITLE III |
| As representative of THE COMMONWEALTH OF PUERTO RICO, et al., | CLAIMS 179281-1 and 179281 |
| Debtors | |

MOTION TO INFORM

TO THE HONORABLE

Comes now, Maria C. Figueroa Torres, (creditor) through its undersigned counsel and very respectfully alleges and prays:

1. The Commonwealth of Puerto Rico filed four hundred fifty third omnibus objection (non-substantive) of the Commonwealth of Puerto Rico, the employees retirement system of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims asserting liabilities owed by entities that are not title III debtors. Please, see docket number 20784. This administrative claim was listed claims number Maria C Figueroa Torres, claims number 179281-1.

2. Then, the Commonwealth of Puerto Rico filed eleventh Administrative Claims Reconciliation Status Notice. Docket number 21048. In addition, in these administrative claims was listed claims number Maria C Figueroa Torres, claim number 179281-1 and

179281.

3. Notwithstanding, the creditor sent to debtor Agreement on Professional and Consultant Services between Commonwealth of Puerto Rico and Maria C. Figueroa Torres, for services will be provided in the Ponce District Hospital. This agreement was signed by Puerto Rico Secretary of Health and as second part, the creditor, Figueroa Torres. In this moment, Ponce District Hospital was part of Puerto Rico Department of Health. In addition, Maria C. Figueroa Torres, (creditor) through its undersigned counsel submit personal history of Commonwealth of Puerto Rico Central Administration Personal Office, certification of Commonalty of Puerto Rico Health Services and Facilities Administration. Also, wages and deduction report for check as payer Commonwealth of Puerto Rico. Carlos Lao Davila a federally certified interpreter, number 03-052, hereby certify that the document is a true and exact translation of the original.

4. These documents are signed by Commonwealth of Puerto Rico and some, was sealed and signed by Commonwealth of Puerto Rico. In addition, the creditor documents was signed by the person who appears to be the one who gives them.

5. These documents are authentic document of more of 20 years old. By this reason, are ancient documents.

6. In General, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. The United State Federal Rules of Evidence Rule 901 has examples of evidence that satisfies the requirement. Specifically Rule 901 (8) says:

> *Evidence About Ancient Documents or Data Compilations. For a document or data compilation, evidence that it:*

   *(A) is in a condition that creates no suspicion about its authenticity;*
   *(B) was in a place where, if authentic, it would likely be; and*
   *(C) is at least 20 years old when offered.*

7. Moreover, Rule 803. Exceptions to the Rule Against Hearsay— Regardless of Whether the Declarant Is Available as a Witness, Rule 803 Federal Evidence Rules (16) says:

   *Statements in Ancient Documents. A statement in a document that was prepared before January 1, 1998, and whose authenticity is established.*

8. In Applegate v. Lexington & Carter Cnty. Mining Co., 117 U.S. 255, 6 S. Ct. 742 (1886), the Supreme Court of United States of America states that:

   *We think this evidence, supported by an inspection of the deeds, was sufficient to justify their admission as ancient deeds without direct proof of their execution. The rule is that an ancient deed may be admitted in evidence, without direct proof of its execution, if it appears to be of the age of at least thirty years, when it is found in proper custody, and either possession under it is shown, or some other corroborative evidence of its authenticity, freeing it from all just grounds of suspicion.*

9. In addition, the Supreme Court of United States of America states in McGuire v. Blount, 199 U.S. 142, 26 S. Ct. 1 (1905) that:

   *Relying on this right, the defendants sought to show, by the production of* certain ancient documents, bound together, styled a protocol, that Gabriel Rivas' will had been established *by proceedings had during the Spanish control of Florida, which showed that Rivas, who had received the lands in controversy by grant of November 10, 1806, from Morales, intendant, etc., of Spain, had died on April 28, 1808, his will being probated by certain proceedings approved by the governor of Florida on May 2, 1808. In this protocol proceedings are shown for the sale of the three hundred (300) arpents of lands, which belonged to Rivas, resulting in a sale to one Gregario Caro, which sale purports to have been approved by the civil and military governor of West Florida. These original documents, evidencing the probate of the will of Rivas and the sale of the lands, including those in controversy, were presented to this court, having been admitted in testimony at the trial against the objections of plaintiffs under the stipulation that they came from the custody of the surveyor general of the United States, keeper of the archives. Many objections are urged to the authenticity and admissibility of these documents as well as to the regularity of the proceedings under the Spanish law. The production*

> *of the originals of these documents has given the court an opportunity to inspect them. They bear upon their face every evidence of age and authenticity. There is nothing about them to suggest that they have been forged or tampered with. They present an honest as well as ancient appearance and come from official custody. To such public and proprietary records the courts have applied the rules of admissibility governing ancient documents. Wigmore Evid. sec. 2145, and notes. With reference to such documents and records it is only necessary to show that they are of the age of thirty years and come from a natural and reasonable custody; from a place where they might reasonably be expected to be found. Wigmore, secs. 2138 and 2139. While the testimony tends to show that* these documents *were subjected to various changes of possession during the transition of the government of Florida from Spain to the United States and upon the evacuation of Pensacola during the civil war, there is nothing to establish that they were ever out of the hands of a proper custodian. Nor is there proof to show that the originals were lost, or any evidence of a fraudulent substitution of a made-up record in the interest of parties to be benefited thereby.*

10. With reference to ancient documents and records it is only necessary to show that they are of the age of 30 years and come from a natural and reasonable custody; from a place where they might reasonably be expected to be found. Then, the document is found to be prima facie authenticated and therefore admissible. A grant itself is prima facie evidence of its own validity, and it will be presumed to be regularly issued until the contrary appears, or such reasons are offered for doubting its authenticity as are sufficient in law to rebut the legal presumption. Crespin v. United States, 168 U.S. 208, 18 S. Ct. 53 (1897).

11. **In addition, Puerto Rico Civil Procedure says that public document upon official stamp are prima facie document for Commonwealth of Puerto Rico and for Puerto Rico Department or Agency. Specifically says:

    > *Regla 902. Autenticación prima facie No se requerirá evidencia extrínseca de autenticación como condición previa a la admisibilidad de:*
    > *[…]*
    >
    > *(B) Documentos públicos bajo sello oficial Documentos bajo sello si éste aparenta ser el sello oficial de:*
    > *(1) el Estado Libre Asociado de Puerto Rico,*
    > *(2) los Estados Unidos de América,*

>*(3) un estado, territorio o posesión de los Estados Unidos de América, o*
>*(4) un departamento, agencia pública, corporación pública o funcionario de cualquiera de las entidades enumeradas en los subincisos (1), (2) y (3) anteriores.*
>
>*Dichos documentos deben estar firmados por la persona que aparenta ser la que los otorga.*

**By these reasons, the 179281-1 and 179281 claims should be asserted by Commonwealth of Puerto Rico in Administrative claims or another other ways.**

WHEREFORE the creditor Maria C. Figueroa Torres respectfully prays that this motion be granted for the reason was filed, this Court takes notice of the above stated; asserted total amount claim of: $17, 157.08 for creditor Maria C. Figueroa Torres and another legal reason of this Honorable Judge.

NOTICE: within fourteen days after service as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is fordidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may schedule a hearing.

CERTIFICATE OF SERVICE I hereby certify that same date, filed with the clerk of the Court using CM/ECF system and notice by electronic transmission -true and exact copy- was

sent to the following persons/entities by the Bankruptcy Noticing Center to the Office of the United States Trustee:

I certificate also that claimant does not is a service member as required by § 201(b)(1) of the Service Members Civil Relief Act of 2003 ("SCRA").

RESPECTFULLY SUBMITTED.

In Ponce for San Juan, Puerto Rico this June 22, 2022.

/s/Vanessa Hernández Rodríguez, Esq.
Attorney for creditor
USDC-PR 306703
Street Aurora 4140, Suite 1
Ponce, Puerto Rico 00717-1203
Telephone number: (787) 840-0804
Cell phone: (787) 548-6208
Fax number: (787) 840-0804
E-mail: hernandezrodriguez.v@gmail.com