UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 21165 |

**RESPONSE OF THE COMMONWEALTH OF PUERTO RICO TO MOTION FILED BY CLAIMANT VICTOR O. HENSON BOUSQUETS CONCERNING PROOF OF CLAIM NO. 33429 [DKT NO. 21165]**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT………...…………...………………………………………………1

BACKGROUND…………...…………………...……………………………………………..…3

ARGUMENT…………...……………………………………………………………………6

CONCLUSION…………………………………………………………………………9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Albarran v. Rivera* (*In re Rivera*),
   627 B.R. 765 (1st Cir. 2021)......................................................................................................7

*Guzmán v. Rentas (In re Nieves Guzmán)*,
   567 B.R. 854 (1st Cir. B.A.P. 2017).........................................................................................7

*Marie v. Allied Home Mortg. Corp.*,
   402 F.3d 1 (1st Cir. 2005).........................................................................................................7

**STATUTES**

11 U.S.C. § 503(b)(9) ......................................................................................................................3

48 U.S.C. §§ 2101-2241 .................................................................................................................1

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response and opposition (the "Opposition") to the motion [ECF No. 21165] (the "Motion") filed by claimant Victor O. Henson Bousquets ("Henson Bousquets") concerning Proof of Claim No. 33429 (the "Claim").[3] In support of its Opposition, the Commonwealth respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Commonwealth's Plan and Confirmation Order[4] provide for the orderly resolution of all claims filed in, among other Title III cases, the Commonwealth's Title III case. Pursuant to the Confirmation Order and the Plan, the Debtor has until September 11, 2022, unless otherwise extended, to assess and object to the allowance of claims.[5] Accordingly, the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] In connection with the filing of the Motion, Henson Bousquets filed a new proof of claim on June 8, 2022, logged by Kroll Restructuring Associates, LLC ("Kroll") as Claim No. 180052 (the "New Henson Bousquets Claim"). It appears the New Henson Bousquets Claim is identical to the Motion in that it consists of the same cover letter and supporting documentation; however, its asserted amount is $4,500. As the New Henson Bousquets Claim was filed well after the commencement of the hearing on the Commonwealth Plan, Kroll expunged the claim as late-filed in the official claims register in the Title III cases. *See* Confirmation Order (as defined below) ¶ 42.

[4] On January 18, 2022, the Court confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784] (the "Plan"). *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order").

[5] Commonwealth Plan § 82.1(a); Confirmation Order ¶ 42.

Commonwealth's claims reconciliation process remains ongoing, and the Commonwealth continues to evaluate claims for allowance or, where appropriate, objection.

2. The Motion seeks to upend that process. Through the Motion, Henson Bousquets seeks immediate allowance and payment of his Claim in the amount of $4.5 million. Specifically, the Motion requests the Court "send[] me my claim of $4,500[,0]00.00 as compensation for the damages suffered and losses caused by the former mayor of Lares, Puerto Rico, dismissed by the Superior Court of Utuado, Puerto Rico." Mot. at 1.

3. The Motion fails and should be denied for three reasons. *First*, this Court has already heard and sustained the Commonwealth's Three Hundred Sixty-Fifth Omnibus Objection as to the Claim at the January Claim Objection Hearing (each as defined below). As a result, the Court reclassified the Claim as a general unsecured claim and reduced its asserted amount from $4.5 million to $1.5 million. Subsequently, on May 24, 2022, the Commonwealth filed a Notice of Presentment seeking entry of a proposed order granting the Three Hundred Sixty Fifth Omnibus Objection. To the extent the Motion seeks to object to the Notice of Presentment, it fails because it appears to substantively contest the Three Hundred Sixty-Fifth Omnibus Objection, rather than object to the Notice of Presentment. This Court has already rejected other claimants' attempts to substantively contest an omnibus claim objection via a response to a notice of presentment, and it should do the same here.

4. *Second*, to the extent the Motion seeks reconsideration of this Court's order at the January Claim Objection Hearing, it fails because it does not (*i*) identify any material error in fact or law in this Court's decision, (*ii*) proffer any new evidence that the Claim is entitled to secured status or administrative priority in its stated amount, or (*iii*) otherwise identify any non-frivolous argument for reconsidering the Court's ruling at the January Claim Objection Hearing.

5. *Lastly*, although Henson Bousquets seeks immediate payment on his Claim, he fails to assert any reason why the Claim can or should be allowed and paid ahead of other similarly situated claims pursuant to the Plan and in contravention of the orderly process envisioned by the Plan and Confirmation Order. Accordingly, the Motion should be denied.

## BACKGROUND

6. On June 1, 2018, Henson Bousquets filed the Claim, which purports to assert liabilities owed by the Puerto Rico Housing Department relating to the construction of a housing project. While Box 8 of the proof of claim form, which asks claimants to specify the total amount of their claim, is blank, the Henson Bousquets Claim asserts liabilities in the amount of $1,500,000 in Box 7 (which allows claimants to specify any amounts due after the Petition Date but before June 30, 2017), in Box 10 (which allows claimants to specify the amount of their claim asserted to be secured), and in Box 13 (which allows claimants to specify the amount of their claim asserted to be entitled to administrative expense priority). For that reason, Kroll Restructuring Associates ("Kroll") recorded the Henson Bousquets Claim on the Title III claims registry as asserting a total amount of $4,500,000, with $1,500,000 in liabilities alleged to be secured and $1,500,000 alleged to be entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As supporting documentation, the Claim attaches case filings and a deposition transcript associated with certain lawsuits brought by Henson Bousquets against the Commonwealth and the Municipality of Lares.

7. On August 20, 2021, the Commonwealth filed the *Three Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* [ECF No. 17932] (the "Three Hundred Sixty-Fifth Omnibus Objection") seeking to reclassify and reduce certain claims (including the Claim) that assert an incorrect or improper classification and that, as a result of the manner in which Kroll records claims, are

3

overstated on the claims registry in the Title III Cases. The Commonwealth explicitly reserved its right to object to the claims subject to the Three Hundred Sixty-Fifth Omnibus Objection on any other grounds whatsoever. Three Hundred Sixty-Fifth Omnibus Objection ¶ 17. Responses to the Three Hundred Sixty-Fifth Omnibus Objection were due no later than September 20, 2021 (the "Claim Objection Response Deadline"). *Id.*, Ex. C, at 2.

8. On September 24, 2021, Henson Bousquets filed the *Motion in Response to Order Granting the Commonwealth of Puerto Rico's Three Hundred Sixty-Fifth Omnibus (Substantive) Objection to Erroneously Classified and Overestimated Claims* [ECF No. 18251] (the "Response"). Therein, Henson Bousquets alleged that the Claim arises from "plans related to the Construction Project of 250 lots for the construction of low-income housing at low cost." Response at 1. The Response further contends Henson Bousquets is "suing for the $4,500,000 I am claiming" because he "owe[s] about $4.5 million in equipment rental and acquisition of the . . . . land for the project, plans, and permit issuance . . . ." *Id.*

9. Thereafter, on January 5, 2022, the Commonwealth filed a reply in support of the Three Hundred Sixty-Fifth Omnibus Objection [ECF No. 19661] (the "Reply"). The Reply explained (1) the Response did not provide a basis entitling the Claim to administrative expense priority or secured status, and thus, the Claim should be reclassified as a general unsecured claim, and (2) the claim should be reduced so that it asserts only $1,500,000 on the Title III claims registry because neither the Response nor the Claim support an assertion of liabilities in the total asserted amount of $4.5 million. *Id.* at 4.

10. During the January 20, 2022 hearing on adjourned omnibus objections to claims (the "January Claim Objection Hearing"), the Court heard argument on, and sustained the Three Hundred Sixty-Fifth Omnibus Objection as to, the Claim. Specifically, the Court held (1) "[t]he

4

claim is reclassified as a general unsecured claim, because the claimant has not provided any factual or legal basis for treatment of the claim as an administrative priority claim, and it does not provide any basis for treatment of the claim as a secured claim" Jan 20, 2022, Hr'g Tr. 104:2-10, [ECF No. 19862 (the "Jan. Hr'g. Tr.")]; and (2) "the 4,500,000 dollar amount listed in the claim registry is plainly the result of inaccurate computations. . . . The [Three Hundred Sixty-Fifth Omnibus Objection] is also granted insofar as it seeks the reduction of the claim to 1,500,000 dollars" *id*. at 104:11-17.

11. On May 24, 2022, the Commonwealth filed the *Notice of Presentment of Proposed Order Granting the Three Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* [ECF No. 20971] (the "Notice of Presentment") seeking entry of a proposed order granting the Three Hundred Sixty Fifth Omnibus Objection. As set forth in the Notice of Presentment, any party against whom the Notice of Presentment was served was required to file and serve a response with the clerk's office of the United States District Court for the District of Puerto Rico by 4:00 p.m. on May 31, 2022 (the "NOP Response Deadline"). Notice of Presentment at 4.

12. On June 8, 2022, eight days after the NOP Response Deadline, and without acknowledgement of the Court's prior ruling as to the Claim, Henson Bousquets filed the Motion requesting payment of the Claim in an amount of "$4,500.00 [*sic*] as compensation for the damages suffered and losses caused by the former mayor of Lares, Puerto Rico." The Motion attached (1) a copy of the Notice of Presentment and accompanying proposed order; (2) a certified translation of a judgment entered by Hon. Superior Court Judge Miguel A. Santiago Gómez in the Puerto Rico Superior Court litigation styled *Henson Busquets v. Commonwealth of Puerto Rico*, Civ. No. LAC 88-1037, dated February 10, 1993 [ECF No. 21165-2 (the "February 1993 Judgment")],

5

which dismissed Henson Bousquets's breach of contract claims with prejudice; and (3) various Spanish-language pleadings from the aforementioned litigation.

## ARGUMENT

13. The Motion should be denied for at least three reasons.

14. *First*, to the extent the Motion is interpreted as a response to the Notice of Presentment, the Motion is improper because it seeks to substantively respond to the Three Hundred Sixty-Fifth Omnibus Objection, and does not address the Notice of Presentment. The Motion does not contend that the Notice of Presentment was defective in any way, and it does not contend that the proposed order attached to the Notice of Presentment fails to accurately convey the relief requested in the Three Hundred Sixty-Fifth Omnibus Objection. Instead, it seeks immediate payment in full of $4,500,000, the full amount of Henson Bousquet's Claim as initially reflected on the Title III claims registry. In so doing, the Motion appears to contest the relief requested in the Three Hundred Sixty-Fifth Omnibus Objection and granted by the Court at the January Claim Objection Hearing. It does not, however, provide any justification for submitting a second response many months after the Claim Objection Response Deadline,[6] and it does not provide any grounds for contesting the relief sought in the Three Hundred Sixty-Fifth Omnibus Objection. Under similar circumstances, this Court has previously denied requests to substantively contest a notice of presentment of an order granting an omnibus claim objection. *See Order Denying Motion Requesting Extension of Time to Respond to the Notice of Presentment of Proposed Order Granting the Three Hundred Ninetieth Omnibus Objection (Substantive) of the*

---

[6] Regardless of the merits of the Motion, and cognizant of Henson Bousquets' unfortunate recent health issues, the Debtors note that the Motion is also untimely with respect to the Notice of Presentment, because it was served eight days after the NOP Response Deadline.

*Commonwealth of Puerto Rico to No Liability Claims (ECF No. 17973)* [ECF No. 21063]. The Court should do the same here.

15. *Second*, to the extent the Motion is interpreted as a motion to reconsider the Court's decision with respect to the Claim at the January Claim Objection Hearing, the Motion fails because it does not meet the high bar for reconsidering a court's prior orders.

16. As a general matter, "it is very difficult to prevail on a Rule 59(e) motion." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). To succeed on a motion for reconsideration, "[t]he movant must either clearly establish a manifest error of law or fact or must present newly discovered evidence that could not have been discovered during the case." *Guzmán v. Rentas (In re Nieves Guzmán)*, 567 B.R. 854, 863 (1st Cir. B.A.P. 2017) (citing *Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez)*, 471 B.R. 752, 760 (1st Cir. B.A.P. 2012)); *see also Albarran v. Rivera (In re Rivera)*, 627 B.R. 765, 775 (1st Cir. 2021) ("A manifest error of law is [a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

17. The Motion does not come close to meeting this standard. It does not even attempt to establish a manifest error of law or fact. And, it fails to proffer any new evidence that the Claim is entitled to secured status or administrative priority in its stated amount, let alone evidence that could not have been discovered previously. Although the Motion attaches various pleadings from Henson Bousquets's litigations in Puerto Rico's local courts, none of those documents provide a basis entitling the Claim to administrative expense priority or secured status, nor do they demonstrate Henson Bousquets's assertion he is entitled to $4,500,000, rather than the $1,500,000 identified in the Claim.[7] And, each of the pleadings attached to the Motion are dated 1993 or

---

[7] To the contrary, the February 1993 Judgment appears to have dismissed Henson Bousquets's breach of contract claim and ordered Henson Bousquets to pay attorney's fees for

7

earlier, and therefore were plainly available to Henson Bousquets when preparing his Response to the Three Hundred Sixty-Fifth Omnibus Objection. Accordingly, the Motion fails because it proffers no new evidence warranting reconsideration of the ruling made at the January Claim Objection Hearing and fails to identify any non-frivolous argument for reconsidering the Court's prior ruling. *See, e.g.*, *Memorandum Order Sustaining the Four Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which the Commonwealth Is Not Liable with Respect to Proof of Claim No. 10547* [ECF No. 21134] at 6.

18. *Third*, the Motion fails to advance any valid reason why the Claim should be paid (either in its asserted or reduced amount) ahead of other similarly-situated claims. As noted above, the Commonwealth's claims reconciliation process—including its review and reconciliation of the Claim—remains ongoing. The Commonwealth has not made a determination as to whether to allow or object to the Claim, and on the contrary, the Commonwealth explicitly reserved its right to object to the Claim on any grounds whatsoever. Three Hundred Sixty-Fifth Omnibus Objection ¶ 17.

19. Pursuant to the Confirmation Order and the Plan, unless otherwise extended, the Debtor has until September 11, 2022 to assess and object to the allowance of claims.[8] The resolution of the Claim should be accomplished pursuant to the claims objection process set forth in the Plan and the Confirmation Order. Granting the Motion would only subvert the process and timeline established in the Plan and the Confirmation Order for the Debtor to address outstanding

---

"having acted obstinately" in "com[ing] before the Court with a clearly frivolous action, causing in undue expenses and inconveniences to the defendant and to the several public officials who were subpoenaed as witnesses." February 1993 Judgment at 3.

[8] Commonwealth Plan § 82.1(a); Confirmation Order ¶ 42.

8

claims. The Response provides no basis for immediate resolution of the Claim, and accordingly, Henson Bousquets's effort to short circuit the orderly resolution of the Claim should be denied.

## **CONCLUSION**

20. For the foregoing reasons, the Commonwealth respectfully requests that the Court deny the Motion.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: June 23, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel:  (787) 764-8181<br>Fax:  (787) 753-8944<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Laura Stafford (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel:  (212) 969-3000<br>Fax:  (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico* |