UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>       as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>       Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 21244**<br><br>(Jointly Administered) |

### URGENT MOTION FOR EXTENSION OF RESPONSE DEADLINES AND RESCHEDULING OF HEARING DATE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA" and, collectively with the Commonwealth and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),²

---

1   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

respectfully submit this urgent motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines and rescheduling the hearing date set forth in the *Order Scheduling Briefing on Motions for Allowance of Administrative Expense Claims* [ECF No. 21244] (the "Scheduling Order"), and state as follows:

### Background

1. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No 19784] (as amended, supplemented, or modified, the "Plan").[3]

2. On March 15, 2022, the Effective Date of the Plan occurred, and the Plan was substantially consummated [ECF No. 20349]. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of Administrative Expense Claims was June 13, 2022 (the "Administrative Claim Bar Date"). *Id.*

3. The following motions seeking, among other things, allowance and payment of Administrative Expense Claims were filed on or before the Administrative Claim Bar Date (collectively, the "Administrative Expense Motions"):

| ECF No. | Motion | Party[4] |
|---|---|---|
| 21187 | *Evertec's Motion for Allowance of an Administrative Expense Claim* | Evertec Group, LLC ("Evertec") |

---

[3] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

[4] The parties below are collectively the "Movants".

| ECF No. | Motion | Party[4] |
|---|---|---|
| 21191 | *Ricoh Puerto Rico, Inc.'s Motion for Allowance and Payment of Administrative Expense Claim in the sum of $4,864,017.20* | Ricoh Puerto Rico, Inc. |
| 21192 | *Plaintiff Blanca Iris Marrero's Motion for Allowance and Payment of Administrative Expense Claim* | Blanca Iris Marrero |
| 21194 | *Application for Allowance and Payment of Administrative Expense Claims Filed by Group Wage Creditors in the Litigation Caption Madeline Acevedo Camacho v the Family Department, ARV and AIJ of the Commonwealth of Puerto Rico* | 2,819 active or former full-time career employees at the Family Department, and its administrations who are parties to the litigation captioned *Madeline Acevedo Camacho et als v Family Department the ARV and AIJ*; CASP Case No. 2016-05-1340 |
| 21195 | *Application for Allowance of Administrative Priority Claims and Requesting an Order for Immediate Payment Filed by Judgment Claimants Case Carmen Socoro Cruz Hernandez et als v the Family Department, ARV and AIJ of the Commonwealth of Puerto Rico* | Certain parties to the litigation captioned *Carmen Socorro Cruz Hernandez et als v Family Department, ARV and AIJ*, Case No. K AC 1991-0665 |
| 21207 | *Orlando Santiago Amador's Motion for Allowance and Payment of Administrative Expense Claim* | Orlando Santiago Amador |
| 21208 | *MCG's Motion for Allowance and Payment of Administrative Expense Claim* | MCG and the Able Child |
| 21209 | *COSEY's Motion for Allowance and Payment of Administrative Expense Claim* | Corporacion De Servicios Eductativos De Yabucoa |
| 21224 | *Application for Allowance of Payment Post Petition Administrative Claims Pursuant to Section 503(b)(1)(a)(i) of the Bankruptcy Code Filed by Group Wage Creditors in the Litigation Caption Francisco bel Tran Cintron et als v. the Family Department, ARV and AIJ of the Commonwealth of Puerto Rico and Reservation of Rigths (sic)* | Certain parties to the litigation captioned *Francisco Beltran- Cintron et als. v Family Department*, ARV and AIJ, Case No. 2021-05-0345 |
| 21227 | *Application for Allowance of Administrative Expense Priority Payment Pursuant to Section* | 1,046 active or former full-time career employees at the |

| ECF No. | Motion | Party[4] |
|---|---|---|
| | 503(b)(1)(a)(i) of the Bankruptcy Code Filed by Group Wage Creditors in the Litigation Caption Abraham Gimenez (1,046 Plaintiff's) v the Department of Transportation and Public Works and Reservation of Rights | Department of Transportation and Public Works |
| 21229 | Motion Requesting Allowance and Payment of Administrative Expense Claim Filed by Pablo Melani Curra and Diana Velez Martinez | Pablo Melani Curra and Diana Velez Martinez |
| 21230 | Application for Allowance of Payment of Post Petition Administrative Expense Priority Claims, Filed by the Group in Litigation Caption Acevedo Arocho et. Als. v the Departamento Hacienda and Resevation of Rigths (sic) | Certain parties to the litigation captioned *Acevedo Arocho, Prudencio et als v. Departamento de Hacienda*, Case No. K AC 2003-5022 |

4. On June 15, 2022, and with a scheduled omnibus hearing date of August 10, 2022, the Court entered the Scheduling Order, setting the deadline for responses to *all* Administrative Expense Motions for June 28, 2022, with subsequent replies due on July 7, 2022. *Id.* at 2. As a result of the Court's adjournment of the August 10th hearing, the Administrative Expense Motions are now scheduled to be heard at the August 17, 2022 omnibus hearing. *Id.*; *Order Adjourning the August 10, 2022 Omnibus Hearing to August 17, 2022* [ECF No. 21280].

### Request for Relief

5. The Oversight Board, together with AAFAF's advisors, is currently reviewing the substance and the validity of the claims asserted in the Administrative Expense Motions. This process requires obtaining voluminous amounts of background information from the Commonwealth, PBA, ERS, and its various agencies and departments (collectively, the "Government"). Thus, while the Oversight Board is working expeditiously with the Government to obtain the necessary information, it requires more time than currently available under the Scheduling Order. Furthermore, such additional time would allow the Oversight Board to work

4

with the respective Movants to seek a consensual resolution to the applicable Administrative Expense Motion, if possible, and, at a minimum, to narrow any contested issues that may ultimately need to be brought before the Court.

6. Accordingly, and with the **consent** of all Movants (except Evertec, who was unable to provide a response to the Oversight Board's request prior to the filing of this Urgent Motion), the Oversight Board proposes the following extensions to the deadlines and rescheduling of the hearing date set forth in the Scheduling Order:

- The deadline to respond to the Administrative Expense Motions be extended to **July 28, 2022**.

- The deadline for parties to file replies to an opposition, if any, be extended to **August 4, 2022**.

- The hearing date for the Administrative Expense Motions be rescheduled for **September 21, 2022 at 9:30 a.m. AST.**

7. Pursuant to Paragraph 1.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"), the Oversight Board certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the issues presented in the Urgent Motion; and has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

## Notice

8. The Oversight Board has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee

for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against the Debtors; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[5] (i) the Movants; and (j) all parties filing a notice of appearance in these Title III cases. A copy of the motion is also available at https://cases.ra.kroll.com/puertorico/.

9. The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Left Intentionally Blank*]

---

[5] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

**WHEREFORE** the Debtors request the Court enter the Proposed Order and grant such other relief as is just and proper.

Dated: June 23, 2022
     San Juan, Puerto Rico

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

-and-

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel: (787) 647-3503

**OF COUNSEL FOR**
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No.** \_\_\_\_\_<br><br><br>(Jointly Administered) |

## ORDER GRANTING URGENT MOTION FOR EXTENSION OF
## RESPONSE DEADLINES AND RESCHEDULING OF HEARING DATE

Upon the *Urgent Motion for Extension of Response Deadlines and Rescheduling of Hearing Date*, dated June \_\_\_\_\_, 2022 (Docket Entry No. \_\_\_\_\_, the "Extension Motion");[2] and the Court having found that the relief requested in the Extension Motion is in the best interests of the Debtors and the Movants; and the Court having found that the Oversight Board provided adequate and appropriate notice of the Extension Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Extension Motion; and the Court having determined that the factual bases set forth in the Extension Motion establish just cause for the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Extension Motion.

granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**:

1. The Extension Motion is granted as set forth herein.

2. The deadline to respond to the Administrative Expense Motions shall be extended to **July 28, 2022**.

3. The deadline for Movants to file a reply shall be extended to **August 4, 2022**.

4. The Administrative Expense Motions will be heard in connection with the omnibus hearing scheduled for **September 21, 2022**.

SO ORDERED.

Dated: June ___, 2022

_____
LAURA TAYLOR SWAIN
United States District Judge

2