# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                                    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**JOINT LIMITED OBJECTION TO: (A) URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER EXTENDING MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE AND (B) MEDIATION TEAM'S NOTICE AND REQUEST FOR APPROVAL OF SECOND EXTENSION OF TERMINATION DATE OF MEDIATION**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT:**

  **COME NOW** Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica ("SREAEE") and Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER") duly represented by the undersigned counsel and respectfully state as follows:

1. On June 23, 2022, the Mediation Team filed their *Mediation Team's Notice and Request for Approval of Second Extension of Termination Date of Mediation* ("*Mediation Team's Request for Extension*"). **[Docket No. 2860]** According to this filing, "the Mediation Team has determined that it would be beneficial to the mediation process for the Mediation Team to continue facilitating negotiations among Mediation Parties and, therefore, requests that this Honorable Court approve a second extension of the Termination Date to **August 1, 2022** . . . ." **[Docket No. 2860, at 2]**

2. On June 24, 2022, the Financial Oversight and Management Board ("Oversight Board"), in representation of the Puerto Rico Electric Power Authority ("PREPA"), filed its *Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline* ("*Urgent Motion*"). **[Docket No. 2862]** In summary, pursuant to the *Mediation Team's Request for Extension,* the Oversight Board requested a second extension, through August 1, 2022, of the Termination Date for the Mediation Process and the deadline for the Oversight Board to choose a path forward, by filing either: (a) a plan of adjustment; (b) a term sheet for a plan of adjustment; (c) a litigation schedule; or (d) a declaration showing cause to not consider dismissal of the Title III Case. **[Docket No. 2862, ¶ 1]**

3. In the *Urgent Motion,* the Oversight Board represented to this Court that, while other Mediation Parties had consented or objected to the extension, SREAEE and UTIER had yet to

indicate whether it consented. **[Docket No. 2862, ¶ 1]**[2] To the extent that the sought-after relief is that this Mediation Process continues as it has up until now, SREAEE and UTIER formally present their *Limited Objection* to the requested extension.

4. In its *Order Establishing the Terms and Conditions of Mediation*, this Court set strict deadlines for the Termination Date of the Mediation Process:

> Unless, in the determination of the Mediation Team, a resolution has been reached in the Mediation before such time, the Mediation shall terminate on **June 1, 2022**, at **11:59 p.m. (Atlantic Standard Time)** (the "Termination Date"); provided, that the Mediation Team may extend the Termination Date based on its assessment of the material progress of the Mediation but in no event shall extend the Termination Date beyond **July 1, 2022**, at **11:59 p.m. (Atlantic Standard Time)** without this Court's approval after notice of such proposed extension to parties in interest; provided, further that the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting terms; **[Docket No. 2773, ¶ 3]**(emphasis in the original).

5. Moreover, in its earlier *Order Denying Urgent Motion of the Ad Hoc Group of PREPA Bondholders to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment and Directing Additional Consultation and Filings*, this Court set deadlines for the Oversight Board to file either: (a) a plan of adjustment; (b) a term sheet for a plan of adjustment; (c) a litigation schedule; or (d) a declaration showing cause to not consider dismissal of the Title III Case. **[Docket No. 2748]** At that time, the Court expressed that "[t]he Oversight Board must engage in **good faith**, in a **focused manner**, in efforts to negotiate and/or determine the parameters of an appropriate plan of adjustment for PREPA." **[Docket No. 2748, at 12]** (emphasis added). This, "[t]o ensure **meaningful progress** towards the development of a consensual proposed plan of adjustment and the ultimate confirmation of a PREPA Title III plan . . . ." **[Docket No. 2748,**

---

[2] It should be noted that, the Oversight Board's inquiry as to SREAEE's and UTIER's consent was on June 23, 2022. On the same day, the undersigned counsel informed the Oversight Board that they would consult with SREAEE and UTIER and reach out on or before Monday, June 26, 2022. The undersigned also requested that the Oversight Board notify them of the projected filing date for the *Urgent Motion*. The Oversight Board did not respond, and the *Urgent Motion* was filed the next day.

**at 12]** (emphasis added).

6. In the *Urgent Motion,* the Oversight Board makes the following representation to the Court:

   [T]he Mediation Team **and the Mediation Parties have engaged in numerous mediation sessions**. Mediation remains ongoing as **the parties continue to engage constructively** to determine whether a consensual plan of adjustment is attainable. While no resolution has been reached to date—and **it is premature to predict whether the mediation will ultimately be successful, partially successful, or unsuccessful**—the mediation continues in good faith and requires additional time. Accordingly, in support of the mediation process and the Mediation Team's request in the Second Extension Motion, **the Oversight Board respectfully requests the Court extend the Termination Date and the Path Forward Deadline** through August 1, 2022. **[Docket No. 2862, ¶ 8]**(emphasis added).

7. While communications made in the Mediation Process are confidential, SREAEE and UTIER find that the Oversight Board's statements in the Urgent Motion allow them a limited space to at least defend their position by clarifying an integral aspect of the status of this Mediation Process and how it was represented to this Court by the Oversight Board. Despite UTIER and SREAEE's continuing willingness to engage in the mediation process and that they have insisted on numerous occasions that this participation be recognized, to this date, SREAEE and UTIER have **not** been a party to **any** such mediation sessions, they have only met with the Mediation Team and their financial advisors.

8. Nearing the end of their allotted time, the Oversight Board declares that it is still too premature to predict whether the Mediation Process will provide any results at all. On the other hand, the Oversight Board states that "all parties know any settlement will have to be approvable over any potential objection, [and] submits that the parties should be allowed to continue the mediation **without the distractions and costs of litigation**". **[Docket No. 2862, ¶ 9]**(emphasis added).

9. SREAEE and UTIER disagree. For this Court to continue extending the schedule without resolving the pending litigation would repeat the mistakes of the defunct *Restructuring Support*

*Agreement.* Should the Mediation Process continue, it should include **all the Mediation Parties** and be parallel to the litigation that has been adjourned. Specifically, the Court should resolve the threshold issues regarding PREPA's bonds, their alleged security interests, which has been raised in multiple contested matters and adversary proceedings.

10. To the extent that these issues are resolved, the scope of the Mediation Process may be significantly reduced and provide a clearer and quicker path forward.

WHEREFORE, in view of the foregoing, SREAEE and UTIER object to the Oversight Board's *Urgent Motion* and the *Mediation Team's Request for Extension*, and request relief consistent with the present *Limited Objection.*

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. A courtesy copy of this Motion will be delivered to the Court by email to SwainDPRCorresp@nysd.uscourts.gov as provided in *First Amended Standing Order.*

In Ponce, Puerto Rico, this 26th day of June 2022.

BUFETE EMMANUELLI, C.S.P.
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 787-841-1435

*/s/Rolando Emmanuelli-Jiménez*
Rolando Emmanuelli-Jiménez, Esq.
USDC: 214105
1st. Cir.: 7707
rolando@emmanuelli.law

*/s/Jessica E. Méndez-Colberg*
Jessica E. Méndez-Colberg, Esq.
USDC: 302108
1st. Cir.: 1185272
jessica@emmanuelli.law

*/s/ Zoé C. Negrón-Comas*
Zoé C. Negrón-Comas, Esq.
USDC: 308702
zoe@emmanuelli.law

*Co-counsel to SREAEE & Counsel to UTIER*

**ORTIZ MENDOZA & FARINACCI FERNÓS, LLC**
Edificio Banco Cooperativo Plaza
623 Ponce de León Ave., Suite 701-B
San Juan, PR 00917-4820
Tel: 787-963-0404

*/s/Rafael A. Ortiz-Mendoza*
Rafael A. Ortiz-Mendoza, Esq.
USDC-PR: 229103
1st. Cir.: 1192182
rafael.ortiz.mendoza@gmail.com

*Co-counsel to SREAEE*