UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780-LTS and Main Docket 17 BK 3283-LTS** |

**THE PREPA BONDHOLDERS' RESPONSE TO LIMITED OMNIBUS OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (A) URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER EXTENDING MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE AND (B) MEDIATION TEAM'S NOTICE AND REQUEST FOR APPROVAL OF SECOND EXTENSION OF <u>TERMINATION DATE OF MEDIATION</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801); and (vi) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

The Ad Hoc Group of PREPA Bondholders (the "Ad Hoc Group"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. ("Assured"), National Public Finance Guarantee Corporation ("National"), and Syncora Guarantee Inc. ("Syncora," and together with Assured, National, and the Ad Hoc Group, the "PREPA Bondholders") respectfully submit this response (the "Response") to the *Limited Omnibus Objection of Official Committee of Unsecured Creditors to (A) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline and (B) Mediation Team's Notice and Request for Approval of Second Extension of Termination Date of Mediation* (Case No. 17-4780-LTS, Dkt. No. 2867) (the "UCC Objection" or "UCC Obj."). In support of this Response, the PREPA Bondholders respectfully state as follows.

**RESPONSE**

1. As this Court knows, the parties have devoted substantial time and effort to mediation over the past few months. The PREPA Bondholders therefore consent to the short extension of deadlines requested by the Mediation Team and the Oversight Board.[2]

2. The UCC again asks the Court to allow litigation to commence on bondholders' claims and security interests, describing these as key legal issues.[3] UCC Objection ¶ 1. But this request is merely an attempt to prematurely push the parties into full-scale litigation. Contrary to the UCC's claims, litigation proceeding concurrently with mediation will not "motivate the parties

---

[2] The PREPA Bondholders do not join in the Oversight Board's assertion that the parties are "engag[ing] constructively" and the mediation is proceeding in "good faith." *Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline* (Case No. 17-3283-LTS, Dkt. No. 21333; Case No. 17-4780-LTS, Dkt. No. 2862) (the "Urgent Motion") ¶ 8. Capitalized terms not defined herein have the meaning set forth in the Urgent Motion.

[3] *See also Joint Limited Objection to: (A) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline and (B) Mediation Team's Notice and Request for Approval of Second Extension of Termination Date of Mediation* (Case No. 17-4780-LTS, Dkt. No. 2866) (the "SREAEE and UTIER Objection").

to make progress in settlement discussions." *Id.* ¶ 3. Rather, litigation will only distract from the parties' attempts to reach an agreement. As the PREPA Bondholders noted in their May 27 informative motion, the time for litigation in this case may yet arrive. Before heading down that path, however, it is in the interest of all PREPA stakeholders to first give settlement discussions a legitimate chance at success.[4]

3. Furthermore, the UCC's proposed litigation schedule – allowing lien challenge litigation to proceed first – is fundamentally flawed. First, a potential motion to dismiss PREPA's Title III case should be heard prior to any other litigation. While dismissal of a bankruptcy should not be taken lightly, if this mediation fails, dismissal must be seriously considered. PREPA is now coming into its ***sixth year*** as a debtor – an almost unheard-of period of time in modern bankruptcies. If the current mediation fails, there will be no clear exit from Title III in sight for even more years to come.

4. Should this Court decide it is appropriate to dismiss the PREPA Title III case, the UCC would cease to exist, and any asserted claims with respect to the scope of the bondholders' liens would become moot. Therefore, this Court need not spend time on those proceedings until after it determines whether or not PREPA should even remain in Title III.[5]

5. Second, the UCC once again makes misleading statements trying to convince this Court that challenging the bondholders' liens will be a quick and easy path, ignoring the significant differences in the terms and provisions of the governing documents and failing to acknowledge

---

[4] *See The PREPA Bondholders' Informative Motion Regarding Reply of the Financial Oversight and Management Board in Support of Motion to Extend June 1, 2022 Deadline* (Case No. 17-4780-LTS, Dkt. No. 2828) (the "Bondholder Informative Motion").

[5] The UCC also appears to forget that lifting the automatic stay does not require the Court to determine the extent of bondholders' collateral. Unsecured creditors can and have successfully sought judicial relief from the stay. Indeed, the leading case on the issue, *Sonnax Industries v. Tri Components Products Corp. (In re Sonnax Industries)*, 907 F.2d 1280, 1282 (2d Cir. 1990), involved an unsecured creditor.

the reality that such litigation will require significant time and discovery, precisely as occurred during the lien challenges in other Title III proceedings. The UCC claims that the so-called Threshold Issues have been "extensively briefed." UCC Obj. ¶ 11. But the two examples that the UCC cites as the forums for adjudicating those issues prove otherwise. As noted in the Bondholder Informative Motion, neither the claim objection filed by the UCC nor the Oversight Board's adversary complaint ever received a substantive response. Beyond that, the UCC contends, without any meaningful analysis, that the Oversight Board's complaint involves "pure questions of law and contract interpretation." UCC Obj. ¶ 12. The UCC claims that this case is "identical" to HTA. *See id.* ¶ 11. Leaving aside that the UCC's arguments are wrong on the merits, the HTA litigation proves that the Threshold Issues here could not be litigated within a matter of months. Notably, the UCC admits that the HTA litigation *did* involve discovery concerning *"complex issues* regarding the flow of funds" and therefore took an extensive amount of time to litigate. *Id.* ¶ 12 (emphasis added). The UCC speculates, however, that this case apparently will not involve any such discovery. *See id.* In HTA, this Court ordered discovery on a number of factual issues, including issues related to flow of funds. *See* Adv. Proc. No. 20-0005-LTS, Dkt. No. 129. In addition to flow of funds issues, this Court also ordered the Government Parties to produce "*all* documents governing the HTA Bonds," as well as detailed information related to bank accounts held at HTA, PRIFA, and CCDA. *Id.* at 11 (emphasis added). Deposition testimony was also taken. Discovery into these issues and other fact-intensive issues unique to PREPA will be necessary to resolve the Oversight Board's complaint. Thus, as with HTA, any lien challenge could *not* "be litigated . . . within a matter of months." UCC Obj. ¶ 13.

6. Third, the UCC ignores the fact that litigation with bondholders over their liens is a sideshow and a waste of time and resources unless and until the Oversight Board can show that

PREPA is unable to pay all of the claims against it in full. Given the fact that the bonds represent the overwhelming majority of valid claims asserted against PREPA, the extent of bondholders' liens is a secondary issue at best, and of limited relevance and utility in progressing this case. Instead, assuming PREPA is to remain in Title III so that it can begin a lengthy and fact-intensive litigation more than five years after filing for bankruptcy, the determination of what PREPA can and should pay to creditors as a whole is the dispute that should move forward first, as it is the only litigation that can lead to a confirmable Title III plan.[6]

7. The UCC's objection is a transparent tactic to derail the mediation process in favor of lengthy, costly litigation that will ultimately have no material impact on the resolution of PREPA's Title III case other than to essentially tax the Debtor's resources with further professional fees beyond those already incurred over the past five years.

8. The PREPA Bondholders are committed to continued settlement discussions through a one-month extension of the mediation process and associated deadlines. Indeed, given that, until merely a few months ago, there was a years-long agreement between bondholders, PREPA and AAFAF that disposed of the overwhelming bulk of claims against PREPA, it seems prudent to believe that such a settlement could be reached again through mediation.[7] However, to the extent that the Court orders any relief other than an extension of the mediation and litigation schedule filings until August 1, the PREPA Bondholders respectfully request that the Court enter an order (i) clarifying that parties have the opportunity to respond to any litigation schedule that is

---

[6] *See also Bondholder Informative Motion* ¶ 6.

[7] Assured reserves the right to assert that the most recent RSA was not properly terminated.

proposed, and (ii) requesting that the Mediation Team make a recommendation on litigation scheduling at the conclusion of mediation.[8]

---

[8] *See, e.g., Interim Report and Recommendation of the Mediation Team* (Case No. 17-3283-LTS, Dkt. No. 9365); *Amended Report and Recommendation of the Mediation Team* (Case No. 17-3283-LTS, Dkt. No. 10756).

Dated: San Juan, Puerto Rico
June 27, 2022

**TORO COLÓN MULLET P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

/s/ Manuel Fernández-Bared
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcm.law

/s/ Linette Figueroa-Torres
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcm.law

/s/ Nayda Perez-Roman
NAYDA PEREZ-ROMAN
USDC–PR No. 300,208
E-mail: nperez@tcm.law

*Counsel for the Ad Hoc Group of PREPA Bondholders*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: /s/ Heriberto Burgos Pérez
Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
rcasellas@cabprlaw.com
dperez@cabprlaw.com
Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000

/s/ Amy Caton
AMY CATON*
THOMAS MOERS MAYER*
ALICE J. BYOWITZ*
Email: acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

*Admitted Pro Hac Vice

*Counsel for the Ad Hoc Group of PREPA Bondholders*

**CADWALADER, WICKERSHAM & TAFT LLP**

By: /s/ Mark C. Ellenberg
Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
William J. Natbony*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Email: howard.hawkins@cwt.com
mark.ellenberg@cwt.com
bill.natbony@cwt.com
thomas.curtin@cwt.com
casey.servais@cwt.com
* Admitted pro hac vice
Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** | **WEIL, GOTSHAL & MANGES LLP** |
| /s/ Eric Perez-Ochoa<br>ERIC PÉREZ-OCHOA<br>USDC-PR No. 206314<br>E-mail: epo@amgprlaw.com | /s/ Robert Berezin<br>JONATHAN POLKES*<br>GREGORY SILBERT*<br>ROBERT BEREZIN*<br>KELLY DIBLASI*<br>767 Fifth Avenue<br>New York, New York 10153<br>Tel.: (212) 310-8000<br>Fax: (212) 310-8007<br>Email: jonathan.polkes@weil.com<br>gregory.silbert@weil.com<br>robert.berezin@weil.com<br>kelly.diblasi@weil.com |
| /s/ Luis A. Oliver-Fraticelli<br>LUIS A. OLIVER-FRATICELLI<br>USDC-PR NO. 209204<br>E-mail: loliver@amgprlaw.com | |
| 208 Ponce de Leon Ave., Suite 1600<br>San Juan, Puerto Rico 00936<br>Tel.: (787) 756-9000<br>Fax: (787) 756-9010 | |
| Attorneys for National Public Finance Guarantee Corp. | *admitted pro hac vice<br><br>Attorneys for National Public Finance Guarantee Corp. |
| **GOLDMAN ANTONETTI & CORDOVA, LLC** | **DEBEVOISE & PLIMPTON LLP** |
| /s/ Carlos A. Rodríguez-Vidal<br>CARLOS A. RODRÍGUEZ-VIDAL<br>USDC-PR No. 201213<br>E-mail: crodriguez-vidal@gaclaw.com | /s/ Elie J. Worenklein<br>ELIE J. WORENKLEIN*<br>919 Third Avenue<br>New York, New York 10022<br>Tel.: (212) 909-6000<br>Fax: (212) 909-6836<br>Email: eworenklein@debevoise.com |
| SOLYMAR CASTILLO-MORALES<br>USDC-PR NO. 218310<br>E-mail: scastillo@gaclaw.com | *admitted pro hac vice |
| P.O. Box 70364<br>San Juan, Puerto Rico 00936-8364<br>Tel.: (787) 759-4117<br>Fax: (787) 767-9177 | Counsel for Syncora Guarantee Inc. |
| Counsel for Syncora Guarantee Inc. | |