UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 20692, 21221 |

**RESPONSE OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO TO MOTION TO ACCEPT
PLEADINGS FILED BY CLAIMANT MARIA A. CLEMENTE ROSA
CONCERNING PROOF OF CLAIM NO. 133537 [DKT NO. 21221]**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response and opposition (the "Opposition") to the *Motion Requesting the Court to Accept Pleadings* [ECF No. 21221] (the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

"Motion to Accept Pleadings") filed by claimant Maria A. Clemente Rosa ("Ms. Clemente Rosa"), concerning Proof of Claim No. 133537 (the "Claim"). In support of its Opposition, the Commonwealth respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Motion to Accept Pleadings is Ms. Clemente Rosa's second attempt to upend the orderly claims reconciliation process contemplated by the Commonwealth Plan.[3] The Plan provides for the orderly resolution of all claims filed in the Commonwealth Title III case. Among other things, Section 82.7 of the Plan provides that claims transferred into Administrative Claims Reconciliation[4] pursuant to the ACR Order shall "***upon transfer, . . . (a) be reconciled pursuant to the applicable regulatory and administrative procedures of the Debtors and the Reorganized Debtors, as the case may be, (b) be paid in full in the ordinary course of business***, and (c) except as otherwise provided in the Plan, shall not be included in CW General Unsecured Claims to be satisfied from the CW GUC Recovery or Convenience Claims." Plan § 82.7 (emphasis added).

2. In her earlier Motion to Guarantee Payment (as defined below), Ms. Clemente Rosa requested this Court to allow Ms. Clemente Rosa to jump ahead of other claimants, cause the immediate adjudication of her Claim—which has already been transferred into Administrative Claims Reconciliation, and which is currently being reviewed and reconciled by the Commonwealth pursuant to its existing administrative processes—before the Title III Court, and

---

[3] On January 18, 2022, the Court confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784] (the "Plan"). *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order").

[4] Terms not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them below.

2

"guarantee" her payment of amounts allegedly due pursuant to the Claim. Now, the Motion to Accept Pleadings reiterates Ms. Clemente Rosa's request to receive immediate payment, in full, of her Claim, and to "guarantee" such payments.

3. But, the Motion to Accept Pleadings still asserts no reason why the Claim can, or should, be adjudicated on an expedited basis, or why any right to payment to which Ms. Clemente Rosa may be entitled must be "guaranteed" by the Court. The Motion to Accept Pleadings therefore fails and should be denied.

## BACKGROUND

4. Ms. Clemente Rosa filed the Motion on June 10, 2022, and it was entered on the docket on June 13, 2022. The Motion requests the Court "accept" a prior motion filed by Ms. Clemente Rosa on May 5, 2022, the *Motion to Guarantee Payment re: Claim No. 133537* [ECF No. 20692] (the "Motion to Guarantee Payment").

5. The Motion to Guarantee Payment requests immediate payment of Ms. Clemente Rosa's Claim, which was filed against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") on June 29, 2018. The Claim asserts liabilities associated with "Retirement Law and other priority contributions to which I have a right" and "Law 64 – improper payment" in an "estimated amount" of $90,000. As supporting documentation, Ms. Clemente Rosa attached (1) a letter addressed to the Court asking that Ms. Clemente Rosa "be awarded the payment of my retirement in its entirety when the time comes," (2) documentation related to Ms. Clemente Rosa's estimated pension payment, and (3) records relating to Ms. Clemente Rosa's June 15, 2018 paycheck.

6. On July 13, 2021, the Oversight Board transferred the Claim into the Administrative Claims Reconciliation process for resolution utilizing the Commonwealth's

Pension/Retiree Procedures and Public Employee Procedures (each as defined in the *Order (A) Authorizing Administrative Reconciliation Of Claims, (B) Approving Additional Form Of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order")). *See Sixteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17320] at 162. The ACR Order authorized the Debtors to resolve certain Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and Grievance Claims (each as defined in the ACR Order) utilizing the Debtors' existing administrative reconciliation processes ("Administrative Claims Reconciliation"). Claims resolved via Administrative Claims Reconciliation shall be paid "the amount due and owing in the ordinary course," ACR Order, Exhibit 1, ¶ 2, pursuant to the time frames set forth in the ACR Order. *Id.* ¶ 5(h).

7. Since transferring the Claim into Administrative Claims Reconciliation, the Commonwealth commenced its review of the Claim, and sent Ms. Clemente Rosa an information request letter seeking additional information regarding the liabilities asserted in the Claim. Ms. Clemente Rosa responded to that request, which response is under review by the Commonwealth to determine whether it provides sufficient information to enable the Commonwealth to reconcile the Claim using its existing administrative processes. *See Tenth Administrative Claims Reconciliation Status Notice* [ECF No. 20461-1 at 759]. In the event the Commonwealth determines it does not have sufficient information to reconcile the Claim, the Commonwealth may contact Ms. Clemente Rosa again in an effort to obtain such information.

8. The Motion to Guarantee Payment, which was filed on May 5, 2022, requested immediate resolution and "guaranteed" payment of the amounts requested in the Claim. In addition, the Motion asserts violations of additional Commonwealth laws not referenced in the Claim, including Law 9, Law 89, Law 96, Law 164, and Law 158, and requested payment "in the

amount of $250,000.00 as stipulated in the claim and the payment of costs and attorneys' fees." Mot. at 1-4.

9. On May 20, 2022, the Commonwealth filed its *Response of Financial Oversight and Management Board for Puerto Rico to Motion Filed by Claimant Maria A. Clemente Rosa Concerning Proof of Claim No. 133547 [Dkt. No. 20692]* (the "Opposition to Motion to Guarantee Payment"). In the Opposition to Motion to Guarantee Payment, the Commonwealth explained that the relief sought by the Motion to Guarantee Payment should be denied because (*i*) the Court has already determined that the liabilities asserted in the Claim are best resolved through the ACR Procedures and pursuant to the Commonwealth's existing administrative procedures, and (*ii*) the ACR Order already provides that claims subject to Administrative Claims Reconciliation will be paid, in full, in the ordinary course of business within 120 days of the date it was resolved, and that the Court will retain jurisdiction to enforce claims that have not been paid within that time period.

10. The Motion to Accept Pleadings requests the Court "consider" "the arguments presented" in support of Ms. Clemente Rosa's request for immediate payment of and a "guarantee" regarding her Claim. Mot. at 1. In support of the Motion to Accept Pleadings, Ms. Clemente Rosa references (*i*) several newspaper reports regarding corruption and fraud charges brought against certain politicians in Puerto Rico, Mot. to Accept Pleadings at ¶ 2-11, 16, 21-23; and (*ii*) certain economic studies addressing alleged inefficiencies in Puerto Rico's tax system, *id.* at ¶ 3-5. According to Ms. Clemente Rosa, the corruption charges "obstruct[] the payment of salary adjustments owed to the teaching public employee . . ." *Id.* at ¶ 6.[5] The Motion to Accept Pleadings also attaches as supporting documentation a copy of the Motion to Guarantee Payment.

---

[5] The Motion to Accept Pleadings also requests that this Court "investigate[]" the "Payment Process . . . under the Teaching Career Law, through Law No. 9 of March 7, 2022," *id.* at ¶ 10,

## **ARGUMENT**

11. As the Commonwealth previously explained in its Opposition to Motion to Guarantee Payment, the Commonwealth is currently in the process of reconciling the Claim pursuant to its existing administrative procedures, as contemplated by the ACR Order and the Plan, and should be afforded the opportunity to complete its reconciliation of the Claim. The Motion to Accept Pleadings provides no additional bases for the Court to immediately resolve the amount of Ms. Clemente Rosa's Claim or to guarantee payment of that amount.

12. With respect to Ms. Clemente Rosa's request for the Court to immediately resolve the amount of Ms. Clemente Rosa's Claim, as the Commonwealth previously explained, that request fails because the liabilities asserted in the Claim are precisely the type of liabilities this Court has already determined are best resolved pursuant to the Commonwealth's existing administrative procedures. The additional information presented in the Motion to Accept Pleadings—primarily, corruption allegations against certain Puerto Rico politicians, together with economic discussions of Puerto Rico's tax code—are not relevant to the issues at hand and do not alter that result. Experienced personnel at the Commonwealth's agencies are already evaluating Ms. Clemente Rosa's Claim and the supporting documentation she has submitted, and the fact that certain politicians have been implicated in corruption schemes has no impact on that ongoing work. Accordingly, as the Commonwealth previously explained, there is no benefit in having this Court undertake the same task currently being performed by the Commonwealth.

---

that "the Computer of Mr. Nelson Cruz-Hernandez, from the Budget Office of the Department of Education at the Federal Level, be investigated," *id.* at ¶13, and that "the President of the Chamber, Hon. Rafael 'Tatito' Hernández, . . . not be allowed to succeed . . . since they are allegedly trying to intervene, for the second time, in the restructuring process of PREPA," *id.* at ¶ 24. Ms. Clemente Rosa has provided no factual or legal bases for the Court to grant these requests, however, and they should accordingly be denied.

6

13. Further, Ms. Clemente Rosa's request that this Court "guarantee" payment likewise still fails. As the Commonwealth previously explained, the ACR Order already provides that claims subject to Administrative Claims Reconciliation will be paid, in full, in the ordinary course of business within 120 days of the date it was resolved, and the Court reserved jurisdiction to enforce claims that are not paid within that time frame. ACR Order, Exhibit 1, ¶¶ 2, 5(h), 6. The additional facts set forth in the Motion to Accept Pleadings do not alter the obligations already imposed upon the Debtors pursuant to the ACR Order, and they do not alter the Court's retention of jurisdiction to enforce payment of claims resolved via Administrative Claims Reconciliation. There is therefore still no reason for this Court to enter an order "guarantee[ing]" payment of the Claim.

14. Accordingly, Ms. Clemente Rosa's second effort to short circuit the orderly resolution of her Claim, as contemplated by the Plan and the Administrative Claims Reconciliation process, should be denied.

## CONCLUSION

15. For the foregoing reasons, the Commonwealth respectfully requests that the Court deny the Motion to Accept Pleadings.

Dated: June 27, 2022
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*