**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,
Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

**STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD IN CONNECTION WITH JUNE 29–30, 2022 OMNIBUS HEARING**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Status Report in connection with

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the June 29–30, 2022 omnibus hearing and in response to this Court's order, dated June 17, 2022 [Case No. 17-BK-03283, ECF No. 21264].

I. **General Status and Activities of the Oversight Board, Including Measures Taken in Response to the COVID-19 Pandemic**

1. The Oversight Board and the Government of Puerto Rico (the "Government") continue to collaborate to protect the health and welfare of the people of Puerto Rico from the COVID-19 virus and to utilize effectively federal funding related to the COVID-19 pandemic.

***Proposed Plan of Adjustment for HTA***

2. On June 7, 2022, the Oversight Board filed its proposed *Second Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03567, ECF No. 1202] and the corresponding *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03567, ECF No. 1203] (as amended, supplemented, or modified, the "Disclosure Statement").

3. On June 17, 2022, the Court held a hearing to consider, among other things, adequacy of information contained in the Disclosure Statement (the "Disclosure Statement Hearing"). At the Disclosure Statement Hearing, the Court overruled the sole objection and, subject to the modifications to be made as noted by the Oversight Board and the Court, the Court approved the Disclosure Statement. The approval of the Disclosure Statement is an important milestone in the HTA Title III Case.

4. On June 17, 2022, and as represented at the Disclosure Statement Hearing, the Oversight Board filed its proposed *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03567, ECF No. 1240] (as amended, supplemented, or modified, the "Plan") and the corresponding *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*

[Case No. 17-BK-03567, ECF No. 1241], incorporating the revisions noted at the Disclosure Statement Hearing.

5. On June 22, 2022, the Court entered (i) the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [Case No. 17-BK-03567, ECF No. 1248] (the "<u>Disclosure Statement Approval Order</u>"), approving the Disclosure Statement, as well as, among other things, scheduling the hearing to consider confirmation of the Plan for August 17–18, 2022 and (ii) the *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Case No. 17-BK-03567, ECF No. 1249]. The solicitation packages will be distributed within ten (10) business days of the entry of the Disclosure Statement Approval Order.

***Fiscal Plans and Budgets***

6. The Oversight Board remains focused on achieving its mandates under PROMESA so that fiscal responsibility, access to capital markets, and economic prosperity and growth can return to Puerto Rico. To those ends, the Oversight Board, in consultation with the Governor and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>"), (a) certified several fiscal plans for Commonwealth instrumentalities, including the Puerto Rico Aqueduct and Sewer Authority ("<u>PRASA</u>"), the Puerto Rico Industrial Company, the Center for Municipal Revenues Collection, the Public Corporation for Supervision and Insurance of Cooperatives of Puerto Rico, and the Puerto Rico Sales Tax Financing Corporation at a public meeting on May 20, 2022,

representing further progress towards Puerto Rico's recovery, stability, and growth; (b) certified an amended General Fund Budget for the Commonwealth to include an appropriation to facilitate a loan from the Commonwealth to HTA as contemplated in the Third Amended HTA Plan; and (c) certified PRASA's proposed budget for fiscal year 2023, marking the first time a covered entity under PROMESA has submitted a compliant budget, a significant achievement and an important step in attaining fiscal responsibility.

### *Recent First Circuit Decisions*

7. On May 17, 2022, the United States Court of Appeals for the First Circuit (the "First Circuit"), in *Centro De Periodismo Investigativo, Inc. v. Financial Oversight And Management Board For Puerto Rico* [Case No. 21-1301, Doc. 00117876976], held (two to one) that Congress, through PROMESA section 106, abrogated the Oversight Board's sovereign immunity from being sued in federal court on a Commonwealth claim. The Oversight Board filed a petition for rehearing en banc [Case No. 21-1301, Doc. 00117882073], which was denied two to one on June 7, 2022 [Case No. 21-1301, Doc. 00117884913]. The two judges in regular service who were not on the panel that decided the case turned out to be recused from voting on the rehearing. On June 14, 2022, the Oversight Board filed a motion requesting that the First Circuit stay the mandate, as the Oversight Board intends to file a petition for a writ *certiorari* to the United States Supreme Court seeking review of the First Circuit's decision. On June 21, 2022, the First Circuit granted a stay of the mandate pending U.S. Supreme Court review if the Oversight Board files its petition for a writ of *certiorari* on or before July 20, 2022.

8. On June 22, 2022 the United States Court of Appeals for the First Circuit affirmed *Pierluisi, as Governor v. FOMB* [Case No. 21-1071, Doc. 00117890264] in which the Court enjoined implementation of four laws after applying the arbitrary and capricious standard to the

Oversight Board's determinations that two of the laws impaired or defeated PROMESA's purposes and the Commonwealth did not comply with PROMESA section 204 in respect of the other two laws.

II. **General Status of Relations Among the Oversight Board and Commonwealth and Federal Governments**

9. The Oversight Board's relationship with the Government continues to be collaborative and the Oversight Board is working closely with Puerto Rico Governor Pedro R. Pierluisi and the rest of the Commonwealth administration. The Oversight Board and Government remain in agreement that the health, safety, and economic welfare of the people of Puerto Rico must be the priority. Governor Pierluisi is serving as his own *ex officio* representative on the Oversight Board, which affords more opportunity for direct interactions, and sharing of viewpoints and insights on important issues.

10. The Oversight Board is committed to ensuring the Government's compliance with PROMESA in proposing and enacting legislation. Specifically, on June 20, 2022, the Government enacted House Bill 1244, which is inconsistent with the Commonwealth's certified fiscal plan. The Oversight Board has advised the Government that the enactment, implementation, and enforcement of House Bill 1244 is barred by PROMESA § 108(a)(2). In short, House Bill 1244 reestablishes many of the burdensome labor restrictions that existed before the enactment of Act 4-2017 and will hinder Puerto Rico's economic growth and job creation such as by creating a presumption that every employee dismissal is unjustified. Additionally, without offsetting savings or new revenues, it increases expenses in many ways, including increasing expenses for sick and vacation days and increasing Christmas bonus expenses by reducing eligibility requirements. The Oversight Board is evaluating its next steps with respect to House Bill 1244.

11. The Oversight Board continues to work with AAFAF to prepare the qualifying modification (the "PFC QM") to restructure bonds issued by the Puerto Rico Public Finance Corporation pursuant to Title VI of PROMESA and the corresponding solicitation materials. While the Oversight Board had hoped to commence the solicitation of the PFC QM by June 17, 2022, PFC's Title VI case has been delayed due to a disagreement among AAFAF, U.S. Bank Trust National Association and U.S. Bank National Association, in their capacity as trustee with respect to the PFC Bonds, AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company and as collateral monitor for Wilmington Trust, N.A., regarding the ability to distribute additional DRA bonds as contemplated in that certain Restructuring Support Agreement, dated January 20, 2022, among the Oversight Board, AFFAF, on behalf of the PFC, and certain holders of bonds issued by PFC.

III. **General Status of ADR and ACR Processes, Anticipated Number of Matters Directed into ADR, and Anticipated Timetable for Initiation of ADR Procedures with Respect to Such Matters**

12. Pursuant to the *Order (A) Authorizing Administrative Resolution of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-BK-03283, ECF No. 12274] (the "ACR Order"), the Debtors have filed twenty-four notices transferring claims into Administrative Claims Reconciliation (as defined in the ACR Order), (collectively, the "ACR Transfer Notices"), and have transferred approximately 44,728 claims (collectively, the "ACR Designated Claims"), into Administrative Claims Reconciliation. The ACR Designated Claims will be resolved utilizing the Pension/Retiree Procedures, the Tax Refund Procedures, the Public Employee Procedures, and/or the Grievance Procedures (each as defined in the ACR Order), as set forth in the ACR Transfer Notices. Subsequent thereto, the Debtors have filed notices, wherein

the Debtors reported the successful resolution of approximately 26,947 ACR Designated Claims. The Debtors' next ACR Status Notice (as defined in the ACR Order) is scheduled to be filed on July 26, 2022, and the Debtors anticipate reporting the successful resolution of additional ACR Designated Claims.

13. With respect to certain ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants that the administrative files for their claims are incomplete, and requesting additional information in order to enable the Debtors to reconcile their claims. Certain claimants have provided responses to these mailings, and the Debtors are evaluating the additional information received and determining whether the information received is sufficient to complete the claimants' administrative file; where necessary, the Debtors will send further follow up mailings to such claimants to ensure they have a complete administrative file. The Debtors continue to await responses from numerous additional claimants. In many instances, the Debtors have re-sent mailings to claimants who failed to respond to the Debtors' initial letter, reiterating their request for information sufficient to complete the claimants' administrative file, and warning them that ongoing failure to respond may force the Debtors to object to their claims. Certain claimants who failed to respond to both the first and second mailings have received an additional mailing, reiterating the Debtors' request for information, and informing parties that failure to respond will force the Debtors to object to their claims. The Debtors continue to await responses from such claimants, and to the extent no responses are received, the Debtors intend to object to their claims. With respect to additional ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants of the initiation of the ACR process and the timetable for the resolution of their ACR-related claims.

14. As of July 13, 2021, the Commonwealth, ERS, and PBA had transferred into ACR all outstanding claims which they understood, as of that date, were eligible for such transfer. The Debtors' reconciliation of outstanding claims remains ongoing, however. To the extent the Commonwealth, ERS, and PBA identify additional claims eligible for ACR, they will be transferred into the ACR Procedures. Accordingly, on June 24, 2022, the Debtors transferred a small number of additional claims into the ACR Procedures. The Debtors' next ACR Transfer Notice (as defined in the ACR Order) is scheduled to be filed on August 23, 2022. The Debtors may transfer additional claims into Administrative Claims Reconciliation on or before that date.

15. Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [Case No. 17-BK-03283, ECF No. 12576] (the "ADR Order"), the Debtors have filed twenty-three notices transferring claims into the ADR Procedures (as defined in the ADR Order), (collectively, the "ADR Notices"), and have transferred approximately 960 claims into the ADR Procedures.

16. Subsequent thereto, the Debtors have filed notices, (collectively, the "ADR Status Notices") indicating five (5) claims that were settled in Evaluative Mediation (as defined in the ADR Order), seventeen (17) claims have been fully resolved, well over one hundred claims are currently in the Offer-Exchange (as defined in the ADR Order) phase of the ADR Procedures and have received either an Offer or an Information Request (as defined in the ADR Order), and approximately twelve (12) claimants have accepted the Debtors' offers. The Debtors are in the process of documenting the resolution of claims as to which offers have been accepted or agreements in principle have been reached.

17. The Debtors are also evaluating all responses received to Information Requests and Offers, and attempting to engage claimants in the hopes of achieving a consensual resolution of

the remaining claims currently in the Offer-Exchange procedures. Certain claimants have not responded to Information Requests or Offers, and the Debtors have already or are in the process of re-sending mailings to claimants who did not respond, or attempting to contact them directly using phone numbers or email addresses provided by the claimants. In addition, other claimants have responded to Information Requests, but their responses have not provided information sufficient to enable the Debtors to understand the nature or basis of the claim and to develop an appropriate Offer. To date, the Debtors have filed two objections to claimants who either did not respond to Information Requests or provided incomplete responses. The Debtors continue to await responses from additional claimants, and anticipate that they will ultimately be forced to object to their claims to the extent the claimants do not respond to Debtors' outreach. The Debtors' next ADR Transfer Notice (as defined in the ADR Order) is due August 1, 2022, and the Debtors anticipate transferring additional claims into the ADR Procedures on or before that date.

18. The Debtors' review and analysis of the claims filed to date remains ongoing. At present, the Debtors continue to estimate conservatively that the maximum number of claims that might be transferred into the ADR Procedures is 6,000, while the actual number transferred might be as low as 1,000 claims. At this time, the Debtors cannot predict with certainty the timing for the initiation of ADR Procedures with respect to this population of claims, but anticipate additional accounts payable and litigation-related claims will be transferred into the ADR Procedures in the near term.

IV. **Anticipated Timing and Volume of Objections to Claims**

19. The Debtors' claims reconciliation process remains ongoing and the Debtors project that they will continue to schedule omnibus and/or individual claim objections for the next several omnibus hearings. However, the Debtors continue to anticipate that, going forward, the

number of claim objections scheduled for each omnibus hearing will be fewer in number, with fewer claims being included on each omnibus objection.

20. While the Commonwealth, ERS, PBA, and HTA have resolved a substantial number of their claims, the Debtors continue to identify claims filed at each entity that are best resolved via objection. For example, the Debtors anticipate continuing to file omnibus and/or individual objections to claims that have been subsequently amended, that assert liabilities for which the Debtors are not liable, that are duplicative of master claims, that have been satisfied and released, or that assert liabilities owed by entities that are not Title III debtors, among other possible bases. Further, as noted above, the Debtors expect that they will be forced to object to claims held by claimants who have not responded to mailings sent in the ADR and ACR processes. In that regard, pursuant to the Plan, unless otherwise extended, the period in which objections to claims must be filed is one hundred eighty (180) days from the Plan's effective date, March 15, 2022. While the Debtors intend to object to as many claims as possible prior to that deadline, based upon current projections, the number of unresolved claims and the difficulty in obtaining information regarding such claims, the Oversight Board shall be seeking an extension of such period.

21. In addition, the Debtors continue to anticipate that, while the total number of omnibus objections may decrease, the number of omnibus and individual claim objections filed by PREPA may increase.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: June 28, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Martin J. Bienenstock*<br>Martin J. Bienenstock<br>Brian S. Rosen<br>Paul V. Possinger<br>Ehud Barak<br>(Admission *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>    brosen@proskauer.com<br>    ppossinger@proskauer.com<br>    ebarak@proskauer.com<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>-and-<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors* |