# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et. al.*,<br><br>Debtor | PROMESA<br>Title III<br><br>No. 17-03283 -LTS<br><br>(Jointly Administered) |

## MOTION TO COMPLY WITH PAYMENT OF ADMINISTRATIVE RENT

**TO THE HONORABLE COURT:**

COMES NOW, Luis A. Rivera Siaca ("LARS"), through its undersigned counsel, and respectfully states and requests:

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed a Title III petition under the Puerto Rico Oversight Management and Economic Stability Act ("PROMESA") on behalf of the Commonwealth of Puerto Rico (the "Commonwealth").

2. As set forth in Section 2161(a) of PROMESA, the provisions of 11 U.S.C. §365, 503 and 507 (a)(2) are applicable to the Commonwealth's Title III proceedings.

3. On January 15, 2021, LARS, as lessor, entered into a non-residential unexpired lease contract number 081-2021-0148 with the Department of Education of the Commonwealth of Puerto Rico (the "Department of Education"), as lessee, consisting of 123,106.55 square feet, including floors 1-5 and 150 parking spaces, where the offices of the Department of Education are located at Calle Calaf Number 34, San Juan, Puerto Rico (**Exhibit A**).

4. The lease contract with the Department of Education expires on December 31, 2025, and the same is in full force and effect.

5. 11 U.S.C. §365(d)(3)(A) states:

The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period, except as provided in subparagraph (B). This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title., 11

6. Moreover, 11 U.S.C. §503 (a) and (b) state:

(a)An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

(b)After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title.

7. As of June 6, 2022, the Department of Education owed LARS $2,259,399.71 for rent under the lease agreement, as set forth in **Exhibit B** hereto, which as set forth in 11 U.S.C. §365(d)(3)(A), must be paid by the Department of Education to LARS forthwith, which it has failed to do, notwithstanding LARS' demands to the Department of Education to do so.

8. The amount due LARS constitute actual, necessary costs and expenses of preserving the estate in the captioned case.

**WHEREFORE**, it is respectfully requested that an order be entered directing the Commonwealth to pay LARS the rent due under its non-residential unexpired lease contract therewith, in the form attached as **Exhibit B** hereto.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

San Juan, Puerto Rico this 1st day of July 2022

                                      **_s_/Charles A. Cuprill-Hernandez**
USDC-PR 114312
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street - Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com

3