**Hearing Date: August 17, 2022, at 9:30 AM (Atlantic Standard Time)**
**Response Deadline: August 1, 2022, at 4:00 PM (Atlantic Standard Time)**

PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

### FOUR HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO ACEVEDO SEPULVEDA LITIGATION CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this four hundred seventy-seventh omnibus objection (the "Four Hundred Seventy-Seventh Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, and in support of the Four Hundred Seventy-Seventh Omnibus Objection, respectfully represent as follows:

**JURISDICTION**

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

A.      **The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").   On May 21, 2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").   On August 9, 2017, the Court entered an

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.

4.    On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion")*. Pursuant to the Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to August 9, 2018 at 4:00 p.m. (Atlantic Time).

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the CCDA and PRIFA Qualifying Modifications**

5.    On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.    Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan*

3

*Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  See Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment**

11.      To date, approximately 178,866 proofs of claim have been filed against the
Debtors and logged by Kroll Restructuring Associates, LLC ("Kroll").  Such proofs of claim
total approximately $43.6 trillion in asserted claims against the Debtors, in addition to
unliquidated amounts asserted.

12.      Of the proofs of claim filed, approximately 118,147 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  Approximately 53,487 proofs of claim
have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the
terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from
some other flaw, such as being subsequently amended, not putting forth a claim for which the
Debtors are liable, being duplicative of other proofs of claim, or failing to provide information
necessary for the Debtors to determine whether the claim is valid.

13.      In order to efficiently resolve as many of the unnecessary proofs of claim as
possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an
Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of
Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus
Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion
by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection
Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting
Related Relief [ECF No. 4230]; Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,
the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved
English and Spanish versions of the forms of notice for omnibus objections to be filed in
accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English*

*and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 25 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,469 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 44,700 claims have been transferred into the Administrative Claims

6

Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

## OBJECTIONS TO PROOFS OF CLAIM

16.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

17.     The Four Hundred Seventy-Seventh Omnibus Objection, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, seeks to reduce each of the proofs of claim listed on **Exhibit A** hereto (the "Claims to Be Reduced").

18.     Each of the Claims to Be Reduced asserts liabilities associated with the litigation captioned *Maggie Acevedo Sepúlveda et al. v. Puerto Rico Department of Health*, No. CC-2012-1050 (the "Acevedo Sepúlveda Litigation").  Each of the plaintiffs in the Acevedo Sepúlveda Litigation is a nurse formerly employed by one of several municipal hospitals.  Plaintiffs in the Acevedo Sepúlveda Litigation sued the Department of Health for allegedly illegally terminating their employment in connection with the privatization of the hospitals.  The plaintiffs asserted that they were owed backpay and benefits from the date they were laid off through the date that the hospitals were privatized (the "Dismissal Period").  The Puerto Rico Supreme Court granted a judgment in favor of the plaintiffs, resulting in an award of backpay and fringe benefits accrued during the Dismissal Period.

19.     The Department of Health, based on its books and records, performed a calculation of what it owed each plaintiff pursuant to the judgment, and plaintiffs' claims significantly exceed those calculations.  None of the Claims to Be Reduced asserts any additional

7

liabilities or bases for liability beyond what was included in the Acevedo Sepúlveda Litigation. Accordingly, the Claims to Be Reduced must be reduced to reflect the amounts owed to the claimants in the Department of Health's books and records, each as set forth on **Exhibit A** hereto. Any failure to reduce the Claims to Be Reduced would result in the applicable claimants potentially receiving an unwarranted additional recovery to the detriment of other stakeholders in these Title III Cases.

20.     The Debtors reserve their rights to object to the Claims to Be Reduced on any other basis whatsoever.

21.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Four Hundred Seventy-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Acevedo Sepulveda Litigation Claims*, dated July 1, 2022, attached hereto as **Exhibit B**.

## NOTICE

22.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Seventy-Seventh Omnibus Objection to (a) the individual creditors subject to this Four Hundred Seventy-Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the case website at https://cases.ra.kroll.com/puertorico. A copy of the notice for this Four Hundred Seventy-Seventh Omnibus Objection is attached hereto as Exhibit C. Spanish translations of the Four Hundred Seventy-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **NO PRIOR REQUEST**

23.     No prior request for the relief sought in this Four Hundred Seventy-Seventh
Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and

(2) granting the Debtors such other and further relief as is just.

Dated: July 1, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico
and the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

**Fecha de la vista: 17 de agosto de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 1 de agosto de 2022, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

**CUADRINGENTÉSIMA SEPTUAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LITIGIO ACEVEDO SEPÚLVEDA**

---

[1] Los Deudores en el marco de los casos de Título III, junto con el respectivo número de caso radicado conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los

Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el

ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para

Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los

Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y

Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente cuadringentésima

septuagésima séptima objeción global (la "Cuadringentésima septuagésima séptima objeción

global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento,

y en apoyo de la Cuadringentésima septuagésima séptima objeción global manifiestan

respetuosamente lo siguiente:

## JURISDICCIÓN

5.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado

conforme a la sección 306(a) de PROMESA.

6.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de

PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

7.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un

caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de

mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió certificaciones de

reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando un

caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el

Caso de Título III del ELA, los "Casos de Título III"). El 9 de agosto de 2017, el Tribunal dictó

una orden por la que concedió la administración conjunta de los Casos de Título III únicamente

con fines procesales. ECF Número 537.

    8.    El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A)*

*fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la*

*forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite").

Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de*

*reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. Número 2521] (la

"Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de

Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en

el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores,

y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas*

*límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su*

*notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las

"Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 9 de agosto de 2018, a las

4:00 p.m. (AST).

**B.    Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme
       al Título III y de las Modificaciones Calificadas de la ADCC y de la AFI**

9.      El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

10.     Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III,* [ECF Número 19784].

11.     El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

12.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

13.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

14.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. Véase Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**B.     Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III**

15.     Hasta la fecha, se han radicado aproximadamente 178,866 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

16.     De las evidencias de reclamaciones radicadas, aproximadamente 118,147 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,487 evidencias de reclamaciones han sido radicadas en relación con el

SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las
Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en
absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente,
no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en
relación con otras evidencias de reclamaciones o no aportar información necesaria para que los
Deudores determinen si la reclamación es válida.

17.      Para resolver eficazmente el mayor número posible de las evidencias de
reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal
su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a
objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de
Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "<u>Moción de
Procedimientos Globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de
Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden
que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito
contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio
relacionado [ECF Número 4230]; Procedimientos relativos a Objeciones Globales* [ECF
Número 4230-1] (conjuntamente, los "<u>Procedimientos Iniciales relativos a Objeciones
Globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español
de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de
conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por
la que se aprobaron las versiones en inglés y en español de los formularios de notificación
relativos a objeciones globales* [ECF Número 4381] (la "<u>Orden de Notificación</u>").

18.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

19.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 25 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,469 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de

reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 44,700 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

## <u>OBJECIONES A EVIDENCIAS DE RECLAMACIONES</u>

20.   Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

21.   La Cuadringentésima septuagésima séptima objeción global, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, busca reducir cada una de las evidencias de reclamaciones que figura en el **<u>Anexo A</u>** del presente documento (las "<u>Reclamaciones que han de ser reducidas</u>").

22.   Cada una de las Reclamaciones que han de ser reducidas alega responsabilidades vinculadas con el litigio con epígrafe *Maggie Acevedo Sepúlveda et al. c. el Departamento de Salud de Puerto Rico,* Número CC-2012-1050 (el "<u>Litigio Acevedo Sepúlveda</u>"). Cada uno de los demandantes en el Litigio Acevedo Sepúlveda es un profesional de la enfermería que trabajó anteriormente en uno de los hospitales municipales. Los demandantes en el Litigio Acevedo Sepúlveda demandaron al Departamento de Salud por haberles despedido de forma supuestamente ilegal en relación con la privatización de los hospitales. Los demandantes alegaron que se les adeudaban salarios atrasados y beneficios desde el día en el que fueron despedidos hasta la fecha en la que los hospitales fueron privatizados (el "<u>Período de Despido</u>").

8

El Tribunal Supremo de Puerto Rico dictó una sentencia a favor de los demandantes en la que les concedió el pago de los salarios atrasados y los beneficios adicionales, devengados durante el Período de Despido.

23. El Departamento de Salud, sobre la base de sus propios libros y registros, realizó un cálculo de lo que adeudaba a cada demandante conforme a la sentencia, pero las reclamaciones de los demandantes eran significativamente superiores a dichos cálculos. Ninguna de las Reclamaciones que han de ser reducidas alega responsabilidades adicionales algunas ni fundamentos de responsabilidad más allá de las que figuraban en el Litigio Acevedo Sepúlveda. En consecuencia, las Reclamaciones que han de ser reducidas deben reducirse para reflejar los montos adeudados a los reclamantes en los libros y registros del Departamento de Salud, según se expone en el **Anexo A** del presente documento. Si las Reclamaciones que han de ser reducidas no son reducidas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación adicional no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.

24. Los Deudores se reservan el derecho a objetar a las Reclamaciones que han de ser reducidas sobre cualquier otro motivo que fuere.

25. En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Cuadringentésima septuagésima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por Litigio Acevedo Sepúlveda*, de fecha 1 de julio de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente

Cuadringentésima septuagésima séptima objeción global a) a los acreedores individuales objeto de esta Cuadringentésima septuagésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos, en https://cases.ra.kroll.com/puertorico.   Una copia de la notificación relativa a esta Cuadringentésima septuagésima séptima objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Cuadringentésima septuagésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

27.    No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima septuagésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 1 de julio de 2022                                     Respetuosamente sometida,
      San Juan (Puerto Rico)

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico.*