## **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FOUR HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO ACEVEDO SEPULVEDA LITIGATION CLAIMS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.  I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representatives for the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors").

3. I submit this declaration in support of the *Four Hundred Seventy-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Acevedo Sepulveda Litigation claims* (the "Four Hundred Seventy-Seventh Omnibus Objection"). I have personally reviewed the Four Hundred Seventy-Seventh Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Seventy-Seventh Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Seventy-Seventh Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be reduced, as identified in Exhibit A to the Four Hundred Seventy-Seventh Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims listed on Exhibit A to the Four Hundred Seventy-Seventh Omnibus Objection are overstated. Each of the Claims to Be Reduced asserts liabilities associated with the litigation captioned *Maggie Acevedo Sepúlveda et al. v. Puerto Rico Department of Health*, No. CC-2012-1050 (the "Acevedo Sepúlveda Litigation"). Each of the plaintiffs in the Acevedo Sepúlveda Litigation is a nurse formerly employed by one of several municipal hospitals. Plaintiffs in the Acevedo Sepúlveda Litigation sued the Department of Health for allegedly illegally terminating their employment in connection with the privatization of the hospitals. The plaintiffs asserted that they were owed backpay and benefits from the date they were laid off to the date that the hospitals were privatized (the "Dismissal Period"). The Puerto Rico Supreme Court granted a judgment in favor of the plaintiffs, resulting in an award of backpay and fringe benefits accrued during the Dismissal Period.

6. The Department of Health, based on its books and records, performed a calculation of what it owed each plaintiff pursuant to the judgment, and plaintiffs' claims significantly exceed those calculations. None of the Claims to Be Reduced asserts any additional liabilities or bases for liability beyond what is included in the Acevedo Sepúlveda Litigation. Accordingly, the Claims to Be Reduced should be reduced to reflect the amounts owed to the claimants in the Department of Health's books and records, each as set forth on **Exhibit A** hereto. Any failure to reduce the Claims to Be Reduced will therefore result in the applicable claimants potentially receiving an unwarranted additional recovery to the detriment of other stakeholders in these Title III Cases.

7. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Four Hundred Seventy-Seventh Omnibus Objection and exhibits

3

thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 1, 2022

By: /s/ *Jay Herriman*
Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

# TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
# PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                                Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

## DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA SEPTUAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LITIGIO ACEVEDO SEPÚLVEDA

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en el marco de los casos de Título III, junto con el respectivo número de caso radicado conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores").

3. Realizo esta declaración en apoyo de la *Cuadringentésima septuagésima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por Litigio Acevedo Sepúlveda* (la "Cuadringentésima septuagésima séptima objeción global"). He revisado personalmente la Cuadringentésima septuagésima séptima objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Cuadringentésima septuagésima séptima objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones

2

controvertidas en la Cuadringentésima septuagésima séptima objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser reducidas, según se identifica en el Anexo A de la Cuadringentésima septuagésima séptima objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones que aparecen en el Anexo A de la Cuadringentésima septuagésima séptima objeción global es sobreestimada. Cada una de las Reclamaciones que han de ser reducidas alega responsabilidades vinculadas con el litigio con epígrafe *Maggie Acevedo Sepúlveda et al. c. el Departamento de Salud de Puerto Rico,* Número CC-2012-1050 (el "Litigio Acevedo Sepúlveda"). Cada uno de los demandantes en el Litigio Acevedo Sepúlveda es un profesional de la enfermería que trabajó anteriormente en uno de los hospitales municipales. Los demandantes en el Litigio Acevedo Sepúlveda demandaron al Departamento de Salud por haberles despedido de forma supuestamente ilegal en relación con la privatización de los hospitales. Los demandantes alegaron que se les adeudaban salarios atrasados y beneficios desde el día en el que fueron despedidos hasta la fecha en la que los hospitales fueron privatizados (el "Período de Despido"). El Tribunal Supremo de Puerto Rico dictó una sentencia a favor de los demandantes en la que les concedió el pago de los salarios atrasados y los beneficios adicionales, devengados durante el Período de Despido.

6. El Departamento de Salud, sobre la base de sus propios libros y registros, realizó un cálculo de lo que adeudaba a cada demandante conforme a la sentencia, pero las reclamaciones de los demandantes eran significativamente superiores a dichos cálculos. Ninguna de las Reclamaciones que han de ser reducidas alega responsabilidades adicionales algunas ni fundamentos de responsabilidad más allá de las que figuran en el Litigio Acevedo Sepúlveda. En

3

consecuencia, las Reclamaciones que han de ser reducidas deben reducirse para reflejar los montos adeudados a los reclamantes en los libros y registros del Departamento de Salud, según se expone en el **Anexo A** del presente documento. Si las Reclamaciones que han de ser reducidas no son reducidas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación adicional no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.

7. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima septuagésima séptima objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 1 de julio de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman