Hearing Date: August 17, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: August 1, 2022, at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

## FOUR HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to

section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[2] file this four hundred eighty-first omnibus objection (the "Four Hundred Eighty-

First Omnibus Objection") to claims that seek recovery for amounts for which the Debtors are not

liable, as set forth in **Exhibit A** hereto.  In support of the Four Hundred Eighty-First Omnibus

Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.        Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

A.        **The Bar Date Orders**

3.        On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof

(the "Commonwealth Title III Case").   On May 21, 2017, the Oversight Board issued a

restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary

petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

III thereof (the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

4

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See*
Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 178,866 proofs of claim have been filed against the Debtors
and logged by Kroll Restructuring Associates, LLC ("Kroll").   Such proofs of claim total
approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated
amounts asserted.

12.     Of the proofs of claim filed, approximately 118,147 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  Approximately 53,487 proofs of claim
have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the
terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from
some other flaw, such as being subsequently amended, not putting forth a claim for which the
Debtors are liable, being duplicative of other proofs of claim, or failing to provide information
necessary for the Debtors to determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as
possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order
(A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of
Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus
Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion
by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection
Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting
Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,
the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with

the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions*

*of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient

manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other

things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the

number of claims that may be included on an objection, and to approve additional forms of notice.

*Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional*

*Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court

granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection

Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus

Objection Procedures, to date the Court has held over 25 hearings and entered orders on over 315

omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation

("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico

Electric Power Authority ("PREPA"), PBA, and/or ERS.  Based upon rulings and orders of the

Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately

102,469 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA,

PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title

III proceedings. In addition, approximately 44,700 claims have been transferred into the

6

Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

16.     This Four Hundred Eighty-First Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Four Hundred Eighty-First Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Debtors are not liable, each as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

19.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Each of the Claims to Be Disallowed purports to assert liabilities against the Commonwealth or ERS, but upon a reasonable review of the proofs of claim and the Debtors' books and records, the Debtors do not owe any outstanding liabilities to the applicable claimants.

20.     Several of the Claims to Be Disallowed purport to assert liability through invoices for services rendered pursuant to contracts with the Debtors, but the Debtors' books and records show that the invoices were issued for periods where the parties were not under contract with the Debtors, and accordingly are invalid.  Other Claims to Be Disallowed purport to assert liability on the basis of a pending litigation, but the Commonwealth was either dismissed from the litigation, or was not a named plaintiff in the litigation.  Certain other Claims to Be Disallowed purport to

assert liabilities associated with administrative proceedings relating to a claimant's request to be awarded a disability pension or a request to modify an existing disability pension, but in each instance, the administrative proceedings were dismissed.

21.     Two other Claims to Be Disallowed purport to assert liability on the basis of medical services provided outside of Puerto Rico.  In one instance, the supporting documentation indicates that treatment services were billed to "Medicare y Mucho Mas," a private insurance company, and the claim provides no basis for asserting a claim against the Commonwealth in respect of insurance claims against "Medicare y Mucho Mas."  In another instance, the proof of claim does not identify whether the patient was insured by the Commonwealth's health plan; however, even if the claimant were so insured, the Commonwealth's health plan is administered by the Administration of Health Services ("ASES"), which is not a Title III debtor, but rather is a separate, independent Commonwealth entity.   Further, pursuant to 42 CFR 431.52, the Commonwealth's health plan may only reimburse for emergency medical services performed outside of Puerto Rico, and the claim does not indicate that the services provided were provided on an emergency basis.

22.     Another Claim to Be Disallowed purports to assert reimbursement of administrative expenses "due to the necessity to contract legal counsel and investment wealth recovery."  The Debtors' books and records, however, do not indicate that this legal counsel and investment wealth recovery were obtained on behalf of the Debtors or otherwise benefited the Debtors.  Costs associated with the engagement of personal legal counsel and personal wealth recovery assistance do not qualify as "administrative expenses" under 11 U.S.C. § 503, and, accordingly, the Debtors have no liability with respect to this claim.

23.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico  to Claims for Which The Debtors Are Not Liable*, dated July 1, 2022, attached hereto as **Exhibit B**.

### NOTICE

24.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Eighty-First Omnibus Objection to (a) the individual creditors subject to this Four Hundred Eighty-First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Four Hundred Eighty-First Omnibus Objection is attached hereto as Exhibit C.  Spanish translations of the Four Hundred Eighty-First Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

25.     No prior request for the relief sought in this Four Hundred Eighty-First Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)

granting the Debtors such other and further relief as is just.

Dated: July 1, 2022                                     Respectfully submitted,
       San Juan, Puerto Rico


                                                        /s/ *Hermann D. Bauer*
                                                        Hermann D. Bauer
                                                        USDC No. 215205
                                                        Carla García-Benítez
                                                        USDC No. 203708
                                                        Gabriel A. Miranda
                                                        USDC No. 306704
                                                        **O'NEILL & BORGES LLC**
                                                        250 Muñoz Rivera Ave., Suite 800
                                                        San Juan, PR 00918-1813
                                                        Tel:  (787) 764-8181
                                                        Fax:  (787) 753-8944

                                                        /s/ *Martin J. Bienenstock*
                                                        Martin J. Bienenstock (*pro hac vice*)
                                                        Brian S. Rosen (*pro hac vice*)
                                                        **PROSKAUER ROSE LLP**
                                                        Eleven Times Square
                                                        New York, NY 10036
                                                        Tel:  (212) 969-3000
                                                        Fax:  (212) 969-2900

                                                        *Attorneys for the Financial
                                                        Oversight and Management Board
                                                        for Puerto Rico, as representative for
                                                        the Commonwealth and ERS*

**Fecha de la vista: 17 de agosto de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 1 de agosto de 2022, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

**CUADRINGENTÉSIMA OCTOGÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES NO SON RESPONSABLES**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta cuadringentésima octogésima primera objeción global (la "Cuadringentésima octogésima primera objeción global") a reclamaciones que buscan recuperar montos por los que los Deudores no son responsables, según se expone en el **Anexo A** del presente documento. En apoyo de la Cuadringentésima octogésima primera objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.    Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SER conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de el SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). ECF Número 537. [3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

5.      El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros, radicado conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

4

Case:17-03283-LTS   Doc#:21427   Filed:07/01/22   Entered:07/01/22 18:09:42   Desc: Main
Document    Page 15 of 21

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 178,866 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,147 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA.

Aproximadamente 53,487 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 25 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,469 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

Además, aproximadamente 44,700 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

16.     Esta Cuadringentésima octogésima primera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     La Cuadringentésima octogésima primera objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que tratan de recuperar montos por los que los Deudores no tienen responsabilidad, según se expone en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

19.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidades contra el ELA o el SRE, pero sobre la base de un examen razonable de las evidencias de reclamaciones y de los libros y registros de los Deudores estos últimos no tienen ninguna responsabilidad pendiente de cumplimiento frente a los correspondientes reclamantes.

20.     Varias Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad a través de unas facturas por servicios prestados conforme a contratos suscritos con los Deudores,

pero los libros y registros de los Deudores muestran que las facturas fueron emitidas en relación con unos períodos en los que no existía ningún contrato entre las partes y los Deudores, por lo que dichas facturas no son válidas. Otras Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad sobre la base de un litigio pendiente de resolución, pero el ELA o bien fue retirada del litigio o bien nunca fue parte en tal litigio. Algunas otras Reclamaciones que han de ser rechazadas pretenden alegar responsabilidades vinculadas con unos procedimientos administrativos que guardan relación con una solicitud del reclamante en la que buscaba obtener una pensión por discapacidad, o con una solicitud de modificar una pensión por discapacidad existente, pero en cada instancia los procedimientos administrativos fueron rechazados.

21.     Otras dos Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad sobre la base de unos servicios médicos prestados fuera de Puerto Rico. En una instancia, la documentación justificativa indica que los servicios de tratamiento fueron facturados a "Medicare y Mucho Más", una compañía de seguro privado, por lo que la reclamación no proporciona ningún fundamento para alegar una reclamación contra el ELA en relación con unas reclamaciones de seguro contra "Medicare y Mucho Más". En otra instancia, la evidencia de reclamación no indica si el paciente estaba asegurado por el plan de salud del ELA. No obstante, incluso aunque el reclamante tuviera dicho seguro, el plan de salud del ELA es administrado por la Administración de Seguros de Salud (la "ASES"), que no es deudor de Título III, sino más bien una entidad aparte e independiente del ELA. Además, conforme al 42 CFR 431.52, el plan de salud del ELA solo puede realizar reembolsos por servicios médicos de urgencia, prestados fuera de Puerto Rico, pero el reclamante no indica que los servicios hayan sido prestados en urgencias.

22.     Otra Reclamación que ha de ser rechazada pretende alegar reembolso de gastos administrativos "debido a la necesidad de contratar asesor jurídico y la recuperación de

inversiones". Sin embargo, los libros y registros de los Deudores no indican que la contratación de dicho asesor jurídico o la recuperación de inversiones hayan sido realizadas en nombre de los Deudores o que hayan redundado de otra manera en beneficio de los Deudores. Los costos vinculados con la contratación de asesor jurídico personal y la asistencia para recuperar inversiones personales no reúnen los requisitos para considerarse "gastos administrativos" conforme al Título 11 U.S.C., § 503, por lo que los Deudores no son responsables en relación con esta reclamación.

23.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima octogésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que los Deudores no son Responsables*, de fecha 1 de julio de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

24.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Cuadringentésima octogésima primera objeción global a) a los acreedores individuales objeto de esta Cuadringentésima octogésima primera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación relativa a esta Cuadringentésima octogésima primera objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Cuadringentésima octogésima primera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

25.     No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima octogésima primera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 1 de julio de 2022
        San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del ELA y de el SRE.*

11