# **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FOUR HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors").

3. I submit this declaration in support of the *Four Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for which the Debtors are Not Liable* (the "Four Hundred Eighty-First Omnibus Objection"). I have personally reviewed the Four Hundred Eighty-First Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Eighty-First Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Eighty-First Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Four Hundred Eighty-First Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Four Hundred Eighty-First Omnibus Objection in the column titled "Claims to Be Disallowed" (each a "Claim to Be Disallowed," collectively, the "Claims to Be Disallowed")

purport to assert liabilities against the Commonwealth or HTA, but upon a reasonable review of the proofs of claim and the Debtors' books and records, no liabilities are owed to the associated claimants.

6. For example, several of the Claims to Be Disallowed purport to assert liability through invoices for services rendered pursuant to contracts with the Debtors, but the Debtors' books and records show that the invoices were issued for periods where the parties were not under contract with the Debtors, and accordingly are invalid. Other Claims to Be Disallowed purport to assert liability on the basis of a pending litigation, but the Commonwealth was either dismissed from the litigation, or was not a named plaintiff in the litigation. Certain other Claims to Be Disallowed purport to assert liabilities associated with administrative proceedings relating to a claimant's request to be awarded a disability pension or a request to modify an existing disability pension, but in each instance, the administrative proceedings were dismissed. Another Claim to Be Disallowed purports to assert liabilities associated with claimant's engagement of legal and financial advisory services, but provides no basis for asserting the claim against the Debtors.

7. Two other Claims to Be Disallowed purport to assert liability on the basis of medical services provided outside of Puerto Rico; however, in one instance, the supporting documentation indicates that treatment services were billed to "Medicare y Mucho Mas," a private insurance company, and the claim provides no basis for asserting a claim against the Commonwealth in respect of insurance claims against "Medicare y Mucho Mas." In another instance, the proof of claim does not identify whether the patient was insured by the Commonwealth's health plan; however, even if the claimant were so insured, the Commonwealth's health plan is administered by the Administration of Health Services ("ASES"), which is not a Title III debtor, but rather is a separate, independent Commonwealth entity. Further,

3

I understand from counsel that the Commonwealth's health plan may only reimburse for emergency medical services performed outside of Puerto Rico, and the claim does not indicate that the services provided were provided on an emergency basis.

8. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Four Hundred Eighty-First Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 1, 2022

By: /s/ *Jay Herriman*
Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>   como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                         Deudores.[1] | PROMESA <br> Título III <br><br> Número 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y el SRE.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA OCTOGÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES NO SON RESPONSABLES**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores").

3. Realizo esta declaración en apoyo de la *Cuadringentésima octogésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que los Deudores no son Responsables* (la "Cuadringentésima octogésima primera objeción global"). He revisado personalmente la Cuadringentésima octogésima primera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Cuadringentésima octogésima primera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Cuadringentésima octogésima primera objeción global fue examinada y

2

analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el Anexo A de la Cuadringentésima octogésima primera objeción global.

5. A mi leal saber y entender, las reclamaciones que aparecen en el Anexo A de la Cuadringentésima octogésima primera objeción global en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación que ha de ser rechazada" y conjuntamente, las "Reclamaciones que han de ser rechazadas") pretenden alegar responsabilidades contra el ELA o la ACT, pero sobre la base de un examen razonable de las evidencias de reclamaciones y los libros y registros de los Deudores, no consta que se adeuden responsabilidades a los reclamantes relacionados.

6. Por ejemplo, varias Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad a través de unas facturas por servicios prestados conforme a contratos suscritos con los Deudores, pero los libros y registros de los Deudores muestran que las facturas fueron emitidas en relación con unos períodos en los que no existía ningún contrato entre las partes y los Deudores, por lo que dichas facturas no son válidas. Otras Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad sobre la base de un litigio pendiente de resolución, pero el ELA o bien fue retirada del litigio o bien nunca fue parte en tal litigio. Algunas otras Reclamaciones que han de ser rechazadas pretenden alegar responsabilidades vinculadas con unos procedimientos administrativos que guardan relación con una solicitud del reclamante en la que buscaba obtener una pensión por discapacidad, o con una solicitud de modificar una pensión por discapacidad existente, pero en cada instancia los procedimientos administrativos fueron rechazados. Otra Reclamación que ha de ser rechazada pretende alegar responsabilidades

vinculadas con la contratación por parte del reclamante de unos servicios de asesoramiento jurídico y financiero, pero no proporciona ningún fundamento para alegar la reclamación contra los Deudores.

7. Otras dos Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad sobre la base de unos servicios médicos prestados fuera de Puerto Rico; sin embargo, en una instancia, la documentación justificativa indica que los servicios de tratamiento fueron facturados a "Medicare y Mucho Más", una compañía de seguro privado, por lo que la reclamación no proporciona ningún fundamento para alegar una reclamación contra el ELA en relación con unas reclamaciones de seguro contra "Medicare y Mucho Más". En otra instancia, la evidencia de reclamación no indica si el paciente estaba asegurado por el plan de salud del ELA. No obstante, incluso aunque el reclamante tuviera dicho seguro, el plan de salud del ELA es administrado por la Administración de Seguros de Salud (la "<u>ASES</u>"), que no es deudor de Título III, sino más bien una entidad aparte e independiente del ELA. Además, sobre la base de la información proporcionada por el abogado entiendo que el plan de salud del ELA solo puede realizar reembolsos por servicios médicos de urgencia, prestados fuera de Puerto Rico, pero el reclamante no indica que los servicios hayan sido prestados en urgencias.

8. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima octogésima primera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

9. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

4

Fecha: 1 de julio de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman