Response Deadline: August 17, 2022 at 4:00PM (Atlantic Standard Time)
Hearing Date: August 1, 2022 at 9:30AM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

---

### FOUR HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS FOR WHICH IT IS NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA"),[2] files this four hundred eighty-third omnibus objection (the "Four Hundred Eighty-Third Omnibus Objection") to proofs of claim asserting claims for which PREPA is not liable, each as listed on **Exhibit A** hereto, and in support of the Four Hundred Eighty-Third Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.    On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "<u>Bar Date Motion</u>").   By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "<u>Initial Bar Date Order</u>"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "<u>Bar Date Orders</u>") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.    PREPA**

5.    PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "<u>Authority Act</u>") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.    The COFINA Title III Case and Resolution of the Commonwealth-COFINA Dispute**

6.    COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.  Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a

---

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray

certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico

Public Finance Corporation (the "COFINA Bonds"). Bank of New York Mellon serves as Trustee

with respect to the COFINA Bonds.

7.      The Oversight Board filed that certain Third Amended Title III Plan of Adjustment

of the Puerto Rico Sales Tax Financing Corporation (the "Plan") [ECF No. 4652] on January 9,

2019. The Court considered confirmation of the Plan and any objections thereto at a hearing on

January 16-17, 2019.

8.      On February 4, 2019, the Court confirmed the Plan, which incorporated the

compromise and settlement of the dispute over whether, after considering all procedural and

substantive defenses and counterclaims, including constitutional issues, the sales and use taxes

purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA

under applicable law (the "Commonwealth-COFINA Dispute"). *See Order and Judgment*

*Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing*

*Corporation* [ECF No. 5048]. On the same day, the Court approved the compromise and settlement

of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and Order*

*Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax*

*Financing Corporation* [ECF No. 5045] (the "Settlement Order"). On February 5, 2019, the Court

issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of*

*Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended

Confirmation Order"). The Plan became effective on February 12, 2019 (the "Effective Date"),

when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order*

*Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing*

*Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case
No. 17 BK 3284-LTS, ECF No. 587].

**D.       Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

9.       To date, approximately 178,866 proofs of claim have been filed against the Debtors
and logged by Kroll Restructuring Associates, LLC ("Kroll").   Such proofs of claim total
approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated
amounts asserted.

10.       Of the proofs of claim filed, approximately 4,542 have been filed in relation to, or
reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders,
many of these claims need not have been filed at all, or suffer from some other flaw, such as being
subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative
of other proofs of claim, or failing to provide information necessary for the Debtors to determine
whether the claim is valid.

11.       To efficiently resolve as many of the unnecessary proofs of claim as possible, on
October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A)
Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy
Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052) (the "Omnibus Procedures
Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order
dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B)
Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF
No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus
Objection Procedures").   On November 29, 2018, the Court approved English and Spanish
versions of the forms of notice for omnibus objections to be filed in accordance with the Initial

Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

12.     In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

13.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held 25 hearings and entered orders regarding over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"), and/or the Puerto Rico Public Buildings Authority ("PBA").  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,469 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 44,700 claims have been transferred into the

Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

14.     This Four Hundred Eighty-Third Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

15.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

16.     This Four Hundred Eighty-Third Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery of amounts for which PREPA is not liable, as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

17.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  While a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity of the claim, *see* Fed. R. Bankr. P. 3001(f), made applicable to this case by PROMESA section 310, the objecting party may overcome this *prima facie* evidence with evidence which, if believed, would refute at least one of the allegations essential to the claim.  *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *see also Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001) ("[A] claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's prima facie case." (citation omitted)).

18.     In one instance, the Claim to Be Disallowed purports to assert liabilities associated with an expropriation case filed in 1984, with an alleged case number 84-3142.  However, PREPA

has been unable to locate a case bearing that case number, either in its own records or in the records of Puerto Rico's state court systems.  Further, even if PREPA were occupying the land that claimants purports to own, it would have acquired an easement of passage on that land by prescription.  The Puerto Rico Civil Code provides that "[o]wnership and other property rights in real property shall prescribe by possession for ten (10) years as to the persons present, and for twenty (20) years with regard to those absent, with good faith and with proper title."  31 L.P.R.A. § 5278.  Further, the Puerto Rico Civil Code also permits the prescription of land "by uninterrupted possession of the same for thirty (30) years without the necessity of title []or good faith and without distinction between present and absent persons."  31 L.P.R.A. § 5280.  Accordingly, if PREPA has in fact occupied land as asserted by claimant since 1984, it would have acquired such land by prescription, and no liabilities are therefore owed to claimant.

19.      Another Claim to Be Disallowed purports to be based upon COFINA bonds. This Claim fails to establish any basis as to how PREPA has any liability under or related to the COFINA Bonds.   Moreover, as explained above, the Settlement Order resolved the Commonwealth-COFINA Dispute, and, pursuant to Paragraph 55 of the Settlement Order, all claims against the Commonwealth arising from or relating to the relationship between the Commonwealth and COFINA have been released.  Additionally, pursuant to Paragraph 3(c) of the Settlement Agreement [ECF No. 5045-1], dated October 19, 2018, and attached to the Settlement Order (the "Settlement Agreement"), and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute has been dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute.  Furthermore, pursuant to Paragraph 29(f) of the Amended Confirmation Order, claims, such as this Claim to Be Disallowed, that arose from

or relate to the relationship of the Commonwealth and COFINA were released. Amended Confirmation Order, ¶ 29(f).[4] Thus, even COFINA is not liable for this Claim. The Claim to Be Disallowed therefore should be disallowed because it is based on an apparent alleged ownership interest in COFINA Bonds for which PREPA has no liability, and all Claims related to COFINA Bonds have been satisfied, released, and/or discharged pursuant to the Settlement Order, Settlement Agreement, Amended Confirmation Order, and Plan.

20.     Accordingly, because the Claims to Be Disallowed do not provide evidence of any liabilities owed to claimants by PREPA, these claims should be disallowed in their entirety.

21.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Four Hundred Eighty-Third Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Claims for Which It Is Not Liable*, dated July 1, 2022, attached hereto as **Exhibit B**.

### NOTICE

22.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, PREPA has provided notice of this Four Hundred Eighty-Third Omnibus Objection to (a) the individual creditors subject to this Four Hundred Eighty-Third Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at

---

[4] Pursuant to the Plan, "Claim" is defined as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.53.

https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Four Hundred Eighty-Third
Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Four Hundred
Eighty-Third Omnibus Objection and all of the exhibits attached hereto are being filed with this
objection and will be served on the parties.  PREPA submits that, in light of the nature of the relief
requested, no other or further notice need be given.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this Four Hundred Eighty-Third Omnibus
Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of

the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)

granting PREPA such other and further relief as is just.

Dated: July 1, 2022                             Respectfully submitted,
San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Puerto Rico Electric
Power Authority*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*) Ehud
Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial Oversight
and Management Board for Puerto Rico,
as representative for the Puerto Rico
Electric Power Authority*

**Fecha de la vista: 17 de agosto de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 1 de agosto de 2022, a las 4:00 p.m. (AST)**

---

| |
|---|
| **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).** |

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con la AEE.** |

## CUADRINGENTÉSIMA OCTOGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES POR LAS QUE LA AEE NO ES RESPONSABLE

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente cuadringentésima octogésima tercera objeción global (la "Cuadringentésima octogésima tercera objeción global") a evidencias de reclamaciones que alegan reclamaciones por las que la AEE no es responsable, cada una de las cuales aparece en el **Anexo A** del presente, y en apoyo de la Cuadringentésima octogésima tercera objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso Número 17 BK 4780, ECF Número 340.

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255][3] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 4:00 p.m. (AST).

**B.     AEE**

5.     La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley Número 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La  AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso Número 17 BK

---

[3]  Todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

4780, ECF Número 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.  Caso de Título III de COFINA y resolución de la controversia entre el ELA y COFINA**

6.  COFINA es una corporación pública e instrumentalidad del ELA, que constituye una entidad corporativa y política independiente y aparte del ELA, creada en virtud de la Ley Número 91 de la Asamblea Legislativa del ELA. Conforme a la Resolución enmendada y modificada sobre los bonos del fondo de interés apremiante, adoptada el 13 de julio de 2007, en su versión enmendada del 19 de junio de 2009, y de conformidad con otras resoluciones complementarias, COFINA emitió una serie de bonos por un monto total de aproximadamente $17,000 millones para, entre otras cosas, sufragar determinadas obligaciones de deuda del Banco Gubernamental de Fomento para Puerto Rico y de la Corporación para el Financiamiento Público de Puerto Rico (los "Bonos de COFINA"). Bank of New York Mellon actúa como fiduciario con respecto a los Bonos de COFINA.

7.  La Junta de Supervisión radicó el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III (el "Plan") [ECF Número 4652] el 9 de enero de 2019. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista celebrada los días 16 y 17 de enero de 2019.

8.  El 4 de febrero de 2019, el Tribunal confirmó el Plan que incorporaba el pacto y la conciliación de la controversia sobre si, luego de examinar todas las contestaciones y reconvenciones sustantivas y procesales, incluidas cuestiones constitucionales, los impuestos sobre la venta y uso supuestamente empeñados por COFINA para garantizar la deuda son propiedad del ELA o de COFINA conforme a la normativa legal aplicable (la "Controversia entre

el ELA y COFINA"). *Véase la Orden y la Sentencia que confirman el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico* [ECF Número 5048]. Ese mismo día, el Tribunal aprobó el pacto y la conciliación de la Controversia entre el ELA y COFINA conforme al *Dictamen abreviado y orden que aprueba la conciliación entre el Estado Libre Asociado de Puerto Rico y la Corporación del Fondo de Interés Apremiante de Puerto Rico* [Número ECF 5045] (la "Orden de Conciliación"). El 5 de febrero de 2019, el Tribunal dictó una *Orden y Sentencia enmendadas que confirman el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III* [ECF Número 5055] (la "Orden de Confirmación Enmendada"). El Plan entró en vigor el 12 de febrero de 2019 (la "Fecha de entrada en vigor"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [Caso Número 17 BK 3284-LTS, ECF Número 587].

**D.   Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

9.   Hasta la fecha, se han radicado aproximadamente 178,866 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Associates, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

10.   De las evidencias de reclamaciones radicadas, aproximadamente 4,542 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad

con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

11. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

12. En aras del interés constante por resolver eficazmente cualquier evidencia de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a

procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

13.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado 25 vistas y dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y/o la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,469 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 44,700 reclamaciones han sido transferidas al proceso de

Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

14.     Esta Cuadringentésima octogésima tercera objeción global se radica de conformidad con los procedimientos enmendados relativos a objeciones globales del Tribunal.

## <u>OBJECIONES A EVIDENCIAS DE RECLAMACIONES</u>

15.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

16.     Esta Cuadringentésima octogésima tercera objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que tratan de recuperar montos por los que la AEE no es responsable, según se expone en el **<u>Anexo A</u>** del presente documento (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>").

17.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Aunque una evidencia de reclamación debidamente formalizada y radicada constituye una prueba *prima facie* de la validez de la reclamación, *véase* R. del Proc. de Quiebr. 3001(f), aplicable a este caso en virtud de la sección 310 de PROMESA, la parte objetante podrá superar dicha evidencia *prima facie* con pruebas que, de creerse, refutarían al menos una de las alegaciones esenciales para la reclamación. *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *véase también Factors Funding Co. c. Fili (In re Fili)*, 257 B.R. 370, 372 (1st

Cir. B.A.P. 2001) ("[S]e presume que una reclamación es válida hasta que una parte objetante haya introducido evidencias suficientes para refutar el caso *prima facie* del reclamante". (se omite cita)).

18.      En una instancia, la Reclamación que ha de ser rechazada pretende alegar responsabilidades vinculadas con un caso de expropiación radicado en 1984, supuestamente caso Número 84-3142. Sin embargo, la AEE no ha podido localizar ningún caso con dicho número ni en sus propios registros ni en los registros de los sistemas de los tribunales estatales de Puerto Rico. Además, incluso aunque la AEE estuviera ocupando el terreno sobre el que los reclamantes alegan tener derechos de propiedad, la AEE habría adquirido por prescripción derechos de servidumbre de paso sobre dicho terreno. El Código Civil de Puerto Rico reza lo siguiente: "El dominio y demás derechos reales sobre bienes inmuebles prescriben por la posesión durante diez (10) años entre presentes y veinte (20) entre ausentes, con buena fe y justo título". 31 L.P.R.A. § 5278. Además, el Código Civil de Puerto Rico también permite la prescripción de terrenos "por su posesión no interrumpida durante treinta (30) años sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes". 31 L.P.R.A. § 5280. En consecuencia, si la AEE en realidad ocupó el terreno desde 1984 como lo alegan los reclamantes, habría adquirido dicho terreno por prescripción, por lo que no existe ninguna responsabilidad que se adeude al reclamante.

19.      Otra Reclamación que ha de ser rechazada pretende basarse en bonos de COFINA. Dicha Reclamación no proporciona ningún fundamento con respecto a por qué la AEE tiene alguna responsabilidad en virtud de los Bonos de COFINA o en relación con dichos Bonos. Es más, como se explicó anteriormente, la Orden de Conciliación resolvió la Controversia entre el ELA y COFINA y, conforme al párrafo 55 de la Orden de Conciliación, la totalidad de las reclamaciones contra el ELA, surgidas o vinculadas con la relación entre el ELA y COFINA, han sido liberadas. Además, conforme al párrafo 3(c) del Acuerdo de Conciliación [ECF Número 5045-1], de fecha

19 de octubre de 2018, que se adjunta a la Orden de Conciliación (el "Acuerdo de Conciliación"),
y el párrafo 7 de la Orden de Confirmación Enmendada, el procedimiento contencioso entre el
ELA y COFINA sobre la Controversia entre el ELA y COFINA ha sido rechazado de forma
definitiva luego de la aprobación del pacto y la conciliación de la Controversia entre el ELA y
COFINA. Además, conforme al párrafo 29(f) de la Orden de Confirmación Enmendada,
reclamaciones (por ejemplo, esta Reclamación que ha de ser rechazada) que surgieron de o están
vinculadas con la relación entre el ELA y COFINA, fueron liberadas. Orden de Confirmación
Enmendada, ¶ 29(f). [4] Por lo tanto, ni siquiera COFINA es responsable por esta Reclamación. En
consecuencia, la Reclamación que ha de ser rechazada debe rechazarse porque se basa en una
supuesta y aparente participación patrimonial en los Bonos de COFINA por los que la AEE no es
responsable, y todas las Reclamaciones relacionadas con los Bonos de COFINA han sido

---

[4] Conforme al Plan, una "Reclamación" se define como "[c]ualquier derecho a un pago o
cumplimiento, independientemente de si tal derecho consta en una sentencia, es liquidado, no
liquidado, fijo, accidental, vencido, no vencido, controvertido, no controvertido, legal, en equidad,
garantizado o no garantizado, conocido o desconocido, reclamado o no reclamado; o cualquier
derecho a un remedio en equidad por incumplimiento o ejecución de un cumplimiento,
independientemente de si tal derecho a un remedio en equidad consta en una sentencia, es fijo,
accidental, vencido, no vencido, controvertido, no controvertido, garantizado o no garantizado, y
la totalidad de las deudas, procesos, indemnizaciones por daños y perjuicios, derechos, remedios,
pérdidas, responsabilidades, obligaciones, sentencias, acciones, causas de acción, procedimientos
o reclamaciones de cualquier tipo o naturaleza, en derecho, equidad o de cualquier otra forma".
Plan § 1.53.

satisfechos, liberados y/o liquidados conforme a la Orden de Conciliación, el Acuerdo de Conciliación, la Orden de Confirmación Enmendada y el Plan.

20.    En consecuencia, puesto que las Reclamaciones que han de ser rechazadas no proporcionan evidencias de ninguna responsabilidad que la AEE les adeude a los reclamantes, dichas reclamaciones deben rechazarse en su totalidad.

21.    En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Cuadringentésima octogésima tercera objeción global (sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones por las que la AEE no es responsable*, de fecha 1 de julio de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

22.    De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE ha notificado la presente Cuadringentésima octogésima tercera objeción global a) a los acreedores individuales objeto de esta Cuadringentésima octogésima tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación relativa a esta Cuadringentésima octogésima tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima octogésima tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

**<u>AUSENCIA DE SOLICITUDES PREVIAS</u>**

23.    No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima octogésima tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*.]

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 1 de julio de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Co-abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*