**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 21310 |

**RESPONSE OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO TO MOTION TO INFORM FILED BY
CLAIMANT MARIA C. FIGUEROA TORRES CONCERNING
PROOF OF CLAIM NOS. 179281 AND 179281-1 [DKT NO. 21310]**

To the Honorable United States District Judge Laura Taylor Swain:

        The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response and opposition (the "Opposition") to the *Motion to Inform* [ECF No. 21310] (the "Motion") filed by claimant Maria

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

C. Figueroa Torres ("Ms. Figueroa Torres"), concerning Proof of Claim No. 179281 (the "Figueroa Torres ACR Claim") and 179281-1 (the "Figueroa Torres Claim"). In support of its Opposition, the Commonwealth respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Motion, while noting that the Commonwealth has filed the *Four Hundred Fifty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims Asserting Liabilities Owed by Entities that Are Not Title III Debtors* [ECF No. 20784] (the "Four Hundred Fifty-Third Omnibus Objection") to the Figueroa Torres Claim, purports to respond to the Debtors' *Eleventh Administrative Claims Reconciliation Status Notice* [ECF No. 21310] (the "Eleventh ACR Status Notice") with respect to both the Figueroa Torres Claim and the Figueroa Torres ACR Claim. Therein, Ms. Figueroa Torres notifies the Court that she "sent to debtor Agreement on Professional and Consultant Services between Commonwealth of Puerto Rico and Maria C. Figueroa Torres, for services will be provided [*sic*] in the Ponce District Hospital," as well as a "personal history of Commonwealth of Puerto Rico Central Administration Personal Office" and a "wages and deduction report for check as payer Commonwealth of Puerto Rico." Mot. at 1. Further, the Motion contends that each of these documents are ancient documents exempt from the rule against hearsay, and "respectfully prays that this motion be granted for the reason it was filed, this Court takes notice of the above stated; asserted total amount claim of: $17,157.08 for creditor," and includes a notice stating that, "[i]f no objection or other response is filed" within "fourteen days after service," "the objection may be deemed unopposed and may be granted." Mot. at 2.

2

2. It is unclear whether the Motion intends to seek immediate adjudication or payment of the Figueroa Torres ACR Claim, or to respond to the Four Hundred Fifty-Third Omnibus Objection with respect to the Figueroa Torres Claim. To the extent the Motion seeks relief with respect to the Figureoa Torres ACR Claim, the Commonwealth submits that relief should be denied because it would upend the orderly claims reconciliation process contemplated by the Commonwealth Plan and the ACR Order (as defined below).[3] As described below, the Figueroa Torres ACR Claim has already been submitted to Administrative Claims Reconciliation (as defined below). Among other things, Section 82.7 of the Plan provides that claims transferred into Administrative Claims Reconciliation pursuant to the ACR Order shall "***upon transfer, . . . (a) be reconciled pursuant to the applicable regulatory and administrative procedures of the Debtors and the Reorganized Debtors, as the case may be, (b) be paid in full in the ordinary course of business***, and (c) except as otherwise provided in the Plan, shall not be included in CW General Unsecured Claims to be satisfied from the CW GUC Recovery or Convenience Claims." Plan § 82.7 (emphasis added).

3. Further, to the extent the Motion seeks to respond to the Four Hundred Fifty-Third Omnibus Objection with respect to the Figueroa Torres Claim, the Commonwealth will interpret the Motion as a response to the Four Hundred Fifty-Third Omnibus Objection, and will file a reply in support of that objection, together with the documents submitted to the Commonwealth by Ms.

---

[3] On January 18, 2022, the Court confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784] (the "Plan"). *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order").

3

Figueroa Torres, in accordance with this Court's Amended Omnibus Objection Procedures or any subsequent order of the Court.

4. The Motion asserts no reason why the Figueroa Torres ACR Claim can, or should, be adjudicated on an expedited basis, or why Ms. Figueroa Torres should be entitled to immediate payment on her claim. The Motion therefore fails and should be denied.

## BACKGROUND

5. The Figueroa Torres Claim was filed on June 2, 2021 and purports to assert liabilities associated with services performed in connection with Ms. Figueroa Torres's employment as a nurse. It also attaches as supporting documentation various documents relating to Ms. Figueroa Torres's public employment, salary, and benefits. Because the claim appeared to assert salaries earned while Ms. Figueroa Torres was employed by the Department of Health, an agency of the Commonwealth, and the Ponce Regional Hospital, which is not an entity within the auspices of the Commonwealth or any other Title III Debtor, the Debtors assigned the portion of the claim asserting salaries earned while employed by the Department of Health Proof of Claim No. 179281, and assigned the portion of the claim asserting salaries earned while employed by the Ponce Regional Hospital Proof of Claim No. 179281-1.

6. On July 2, 2021, the Oversight Board transferred the Figueroa Torres ACR Claim into the Administrative Claims Reconciliation process for resolution utilizing the Commonwealth's Public Employee Procedures (each as defined in the *Order (A) Authorizing Administrative Reconciliation Of Claims, (B) Approving Additional Form Of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order")). *See Fifteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17212] at 76. The ACR Order authorized the Debtors to resolve certain Pension/Retiree Claims, Tax Refund Claims, Public

Employee Claims, and Grievance Claims (each as defined in the ACR Order) utilizing the Debtors' existing administrative reconciliation processes ("Administrative Claims Reconciliation"). Claims resolved via Administrative Claims Reconciliation shall be paid "the amount due and owing in the ordinary course," ACR Order, Exhibit 1, ¶ 2, pursuant to the time frames set forth in the ACR Order. *Id.* ¶ 5(h).

7. Since transferring the Figueroa Torres ACR Claim into Administrative Claims Reconciliation, the Commonwealth commenced its review of the Figueroa Torres ACR Claim, and sent Ms. Figueroa Torres an information request letter seeking additional information regarding the liabilities asserted in the Figueroa Torres ACR Claim. Ms. Figueroa Torres responded to that request, which response is under review by the Commonwealth to determine whether it provides sufficient information to enable the Commonwealth to reconcile the Figueroa Torres ACR Claim using its existing administrative processes. *See Eleventh Administrative Claims Reconciliation Status Notice* [ECF No. 21048-1 at 850]. In the event the Commonwealth determines it does not have sufficient information to reconcile the Figueroa Torres ACR Claim, the Commonwealth may contact Ms. Figueroa Torres again in an effort to obtain such information.

**ARGUMENT**

8. The Commonwealth is currently in the process of reconciling the Figueroa Torres ACR Claim pursuant to its existing administrative procedures, as contemplated by the ACR Order and the Plan, and should be afforded the opportunity to complete its reconciliation. The Motion provides no bases for the Court to immediately resolve or order payment with respect to the Figueroa Torres ACR Claim.

9. Ms. Figueroa Torres's request for the Court to immediately resolve the amount of the Figueroa Torres ACR Claim fails because the liabilities asserted are precisely the type of

5

liabilities this Court has already determined are best resolved pursuant to the Commonwealth's existing administrative procedures. *See* ACR Order; *Supplemental Brief of the Debtors in Support of Motion for Entry of an Order (A) Authorizing Administrative Claims Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8876]. The Figueroa Torres ACR Claim asserts liabilities associated with payment of allegedly earned, but unpaid, salary increases. Personnel at the Commonwealth's agencies who have decades of experience in resolving similar claims are currently working to evaluate the Figueroa Torres ACR Claim and the supporting documentation she has submitted, and there is no benefit in having this Court undertake that same task. *In re Unanue-Casal*, 164 B.R. 216, 222 (D.P.R. 1993) (abstention is appropriate "in order to preserve the scarce resources of the judiciary" by "[avoiding] duplicative proceedings"). Ms. Figueroa Torres therefore offers no basis for resolving the amount of the Figueroa Torres ACR Claim before this Court, rather than through the Commonwealth's administrative processes, and her request should therefore be denied.

10. Further, to the extent the Motion asks the Court for immediate payment on the Figueroa Torres ACR Claim, that request also fails. The ACR Order already provides that claims subject to Administrative Claims Reconciliation will be paid, in full, in the ordinary course of business within 120 days of the date it was resolved. ACR Order, Exhibit 1, ¶¶ 2, 5(h). Further, the Court has already "reserve[d] jurisdiction to enforce claims that have not been paid within one-hundred and twenty (120) days of the date such claims may finally be determined." ACR Order at ¶ 6. Accordingly, to the extent resolution of the Figueroa Torres ACR Claim results in an amount due and owing to Ms. Figueroa Torres's, the Debtors are entitled to pay such amount within one hundred twenty (120) days of such resolution, and Ms. Figueroa Torres may seek relief from the Court in the event payment is not made within such timeframe. In light of the obligations

6

already imposed upon the Debtors pursuant to the ACR Order, as well as the Court's retention of jurisdiction to enforce payment of claims resolved via Administrative Claims Reconciliation, there is no reason for this Court to enter an order requiring payment of the Figueroa Torres ACR Claim.

11. Accordingly, to the extent the Motion seeks to either adjudicate the amount of the Figueroa Torres ACR Claim or require immediate payment regarding the same, it should be denied.

## **CONCLUSION**

12. For the foregoing reasons, the Commonwealth respectfully requests the Court deny the Motion.

| | |
|---|---|
| Dated: July 6, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel:  (787) 764-8181<br>Fax:  (787) 753-8944<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel:  (212) 969-3000<br>Fax:  (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico* |