UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                                                                 :

In re:                                                          :

THE FINANCIAL OVERSIGHT AND              :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :    Title III
                                                         :
           as representative of                   :    Case No. 17-BK-3283 (LTS)
                                                          :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,  :    (Jointly Administered)
                                                          :
           Debtors.[1]                                  :
------------------------------------------------------------------------ x

**TWELFTH SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Luc A. Despins, hereby declare under penalty of perjury:

       1.       I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings") with offices worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to practice in the State of New York. The facts set forth in this supplemental declaration (the "Twelfth Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. On July 10, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket No. 610] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases.

3. By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of June 26, 2017. The Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for HTA, ERS, and PREPA. Accordingly, Paul Hastings' retention extends to the representation of the Committee as the official committee for HTA, ERS, and PREPA.[3]

4. Since the filing of the Initial Declaration on July 10, 2017, I have submitted a total of eleven (11) supplemental declarations [Docket Nos. 1357, 2485, 3712, 4134, 5823, 8286, 9089, 12479, 14598, 20117, and 20826] (together with the Initial Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application or the Eleventh Supplemental Declaration (as defined below).

[3] The "Committee" refers to the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

**Additional Disclosures**

5. Following the filing of the *Eleventh Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 20826] (the "Eleventh Supplemental Declaration"), the United States Trustee contacted Paul Hastings to ask certain questions regarding the disclosures made in the Prior Declarations. To resolve the United States Trustee's questions and informal comments to the Prior Declarations, Paul Hastings has agreed with the United States Trustee to make the following supplemental disclosures in paragraphs 6 and 7 below.

6. First, as noted in paragraph 8 of the Eleventh Supplemental Declaration, to the extent that Paul Hastings' relationship with any entity on the MIP List (including entities that had previously been included on Paul Hastings' list of Interested Parties) changed compared to the disclosures in the Prior Declarations, the Eleventh Supplemental Declaration provided such updated disclosure. For example, if a new relationship arose between Paul Hastings and any entity on the MIP List since the filing of the Prior Declarations, that new relationship was disclosed on Exhibit B to the Eleventh Supplemental Declaration.

7. Second, with respect to the *Seventh Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 9089] and the *Eighth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 12479], to the extent any PBA creditor (including the ad hoc group of PBA bondholders) or other party in interest with respect to the PBA case filed a notice of appearance or was a party to an adversary proceeding, such entity was included in Paul Hastings' list of Interested Parties, and, accordingly, any connection with such party was disclosed. Moreover, to the extent a PBA creditor is included on the MIP List (but had not previously been

3

included in Paul Hastings' list of Interested Parties) any connection with such entity was disclosed on Paul Hastings' Eleventh Supplemental Declaration. Of note, the Committee is <u>not</u> appointed as the official committee in PBA's Title III case.

### **New Hires**

8. Since the filing the Eleventh Supplemental Declaration, a number of individuals, including attorneys, legal interns, paralegals, and other paraprofessionals (collectively, the "<u>New Hires</u>") have joined Paul Hastings. Except as detailed below per their disclosure to the firm in the hiring process, these New Hires neither (i) worked on matters related to the Debtors or to the MIP List parties in the Title III Cases nor (ii) were exposed to confidential information related to the Debtors or to the MIP List parties in the Title III Cases in connection with their prior positions.

    i.    <u>New Hires **Not** Exposed to Confidential Information in Prior Position and, Out of an Abundance of Caution, Subject to an Ethical Wall</u>

9. Based on their disclosure to the firm, the New Hires identified on <u>Exhibit A</u> hereto did not represent, and were not exposed to confidential information related to, the Debtors; however, out of an abundance of caution, Paul Hastings has imposed an ethical wall on these New Hires.

    ii.    <u>New Hires **Not** Exposed to Confidential Information in Prior Position and **Not** Subject to an Ethical Wall</u>

10. For the New Hires identified on <u>Exhibit B</u> hereto, Paul Hastings has determined that it is not necessary to set up an ethical wall due to a variety of factors (in addition to the fact that these New Hires did not work on matters related to the Debtors and were not exposed to confidential information related to the Debtors). Among these factors are that these New Hires are not expected to work on the Puerto Rico matter, they generally had a low level of seniority at their prior employment, and/or their prior employment long predates the Title III Cases.

    iii.    <u>Other New Hires</u>

11. In May 2022, Donna Bobbish joined Paul Hastings as of counsel in the Washington, D.C. office. Ms. Bobbish has informed Paul Hastings that, from July 2015 to May 2022, she was counsel at Shearman & Sterling, where she represented EcoEléctrica, L.P., a party in interest in the PREPA case. More specifically, Ms. Bobbish (a) advised EcoEléctrica on federal energy regulatory matters and (b) provided legal analyses in connection with the renegotiation of EcoEléctrica's Power Purchase Agreement with PREPA. Ms. Bobbish has informed Paul Hastings that she worked a total of approximately 70 hours on the EcoEléctrica matters, with the last time worked on these matters in September 2019. Ms. Bobbish did <u>not</u> bring these matters to Paul Hastings and has not worked, and will not work, on these matters at Paul Hastings. Ms. Bobbish has further informed Paul Hastings that, other than the EcoEléctrica matters, she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while at Shearman & Sterling. Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Bobbish and the firm's representation of the Committee in the Title III Cases.

12. In May 2022, Robert Freedman joined Paul Hastings as a partner in the New York office. Mr. Freedman has informed Paul Hastings that, from December 2006 to May 2022, he was a partner at Shearman & Sterling. Mr. Freedman has further informed Paul Hastings that he did not work on matters related to EcoEléctrica, the Debtors, or the Title III Cases and was not exposed to confidential information related to EcoEléctrica, the Debtors, or the Title III Cases while at Shearman & Sterling. Now at Paul Hastings, Mr. Freedman is working, and will continue to work, on matters related to the Title III Cases.

* * *

5

13. Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed Paul Hastings, and Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

(a) is not a creditor, equity security holder, or insider of the Debtors;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14. Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of July 2022

                                                /s/ Luc A. Despins
                                                Luc A. Despins

# EXHIBIT A

## New Hires Subject to an Ethical Wall[1]

| Name of New Hire<br>Capacity, Paul Hastings' Office, Start Date | Prior Employment | No Involvement in Title III Cases at Prior Employment |
|---|---|---|
| Pablo Clarke<br><br>Partner, Los Angeles,<br>May 2022 | Senior associate (from March 2017 to January 2021) and partner (from January 2021 to May 2022) at Latham & Watkins LLP[2] in Los Angeles | Did not represent, and was not exposed to confidential information related to, Corbin Opportunity Fund, L.P., Pinehurst Partners, L.P., Autonomy Master Fund Limited, the Debtors, or the Title III Cases |
| David Wen<br><br>Associate, Hong Kong,<br>June 2022 | Paralegal (from June 2018 to December 2019) and foreign legal consultant (from January 2020 to April 2021) at Latham & Watkins in Hong Kong | Did not represent, and was not exposed to confidential information related to, Corbin Opportunity Fund, L.P., Pinehurst Partners, L.P., Autonomy Master Fund Limited, the Debtors, or the Title III Cases |
| Danqi Zhao<br><br>Summer Intern, Shanghai,<br>June 2022 | Legal research and summer intern at Jones Day[3] in Shanghai from July 2021 to August 2021 | Did not represent, and was not exposed to confidential information related to, the ERS bondholders, Saybolt LP, the Debtors, or the Title III Cases |
| Miaoxi (Cici) Li<br><br>Summer Intern, Beijing,<br>July 2022 | Intern at Hogan Lovells[4] in Beijing from August 2021 to October 2021 | Did not represent, and was not exposed to confidential information related to, US Bank, National Association and US Bank Trust, National Association (each as Trustee for Various Bond Issues), the Debtors, or the Title III Cases |
| Chenglong Wang<br><br>Summer Intern, Beijing,<br>July 2022 | Legal first year insight scheme intern at White & Case LLP[5] in London in May 2021 | Did not represent, and was not exposed to confidential information related to, the junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, the Puerto Rico Family of Funds, et al., the Debtors, or the Title III Cases |

---

[1] The data in this Exhibit A is based on disclosure to the firm provided by the New Hires.

[2] Latham & Watkins represents Corbin Opportunity Fund, L.P., Pinehurst Partners, L.P., and Autonomy Master Fund Limited in the Title III Cases.

[3] Jones Day represents the ERS bondholders and Saybolt, LP in the Title III Cases.

[4] Hogan Lovells represents US Bank, National Association and US Bank Trust, National Association (each as Trustee for Various Bond Issues) in the Title III Cases.

[5] White & Case represents the junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, and the Puerto Rico Family of Funds, et al. in the Title III Cases.

# EXHIBIT B

## New Hires Not Subject to an Ethical Wall[1]

| Name of New Hire<br>Capacity, Paul Hastings' Office, Start Date | Prior Employment | No Involvement in Title III Cases at Prior Employment |
|---|---|---|
| David Avila<br>Of Counsel, New York, May 2022 | Associate at Shearman & Sterling LLP[2] in New York from September 2018 to May 2022 | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Ashiq Aziz<br>Associate, New York, May 2022 | Summer associate (2015) and associate (from October 2016 to May 2022) at Shearman & Sterling in New York | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Christine Fiedler<br>Associate, New York, May 2022 | Summer associate (2017) and associate (from November 2018 to May 2022) in New York at Shearman & Sterling, where she represented the U.S. Environmental Protection Agency (the "EPA") in a matter unrelated to the Title III Cases | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Giselle Gonzalez<br>Paralegal, Palo Alto, May 2022 | Intern with Lawyers' Mutual Insurance Company in Burbank, CA from June 2021 to October 2021 | Did not represent, and was not exposed to confidential information related to, the Debtors or the Title III Cases |
| Christopher Hargett<br>Associate, New York, May 2022 | Associate at Shearman & Sterling in New York from October 2021 to May 2022 | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Devin Lei<br>Of Counsel, Washington, D.C., May 2022 | Associate (from October 2007 to September 2015) and senior associate (from September 2015 to May 2022) at Shearman & Sterling in Washington, D.C. | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| James P. Maniscalco<br>Intern, New York, May 2022 | Intern with the EPA in Washington, D.C. from May 2019 to July 2019 | Did not represent, and was not exposed to confidential information related to, the Debtors or the Title III Cases |
| Claire Melvin<br>Associate, New York, May 2022 | Associate at Shearman & Sterling in New York from September 2015 to May 2022 | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |

---

[1] The data in this Exhibit B is based on disclosure to the firm provided by the New Hires.

[2] Shearman & Sterling represents EcoElectrica, L.P. in the Title III Cases.

| Name of New Hire<br>Capacity, Paul Hastings' Office, Start Date | Prior Employment | No Involvement in Title III Cases at Prior Employment |
|---|---|---|
| Alexandro Padrés<br>Partner, New York, May 2022 | Associate (from April 2008 to January 2015) and partner (from January 2015 to May 2022) at Shearman & Sterling in New York | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Gregory Tan<br>Partner, New York, May 2022 | Associate, counsel, and partner at Shearman & Sterling in New York from February 2001 to May 2022 | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Rita Ghanem<br>Associate, New York, June 2022 | Associate at Shearman & Sterling in New York from September 2016 to May 2022 | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Michael Morrill<br>Of Counsel, Chicago and Washington, D.C., June 2022 | Associate at Mayer Brown[3] in Chicago from 2014 to 2018 | Did not represent, and was not exposed to confidential information related to, VR Global Partners LP, the Debtors, or the Title III Cases |
| Petra Plasilova<br>Associate, New York, June 2022 | Associate at Shearman & Sterling in New York from September 2016 to June 2022 | Did not represent, and was not exposed to confidential information related to, EcoEléctrica, L.P., the Debtors, or the Title III Cases |
| Maximilian von Scheidt<br>Legal Intern, Frankfurt, June 2022 | Intern at DLA Piper LLP[4] in Frankfurt from September 2016 to October 2016 | Did not represent, and was not exposed to confidential information related to, LUMA Energy, LLC, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Puerto Rico's Fiscal Agency and Financial Advisory Authority, the University of Puerto Rico, the Debtors, or the Title III Cases |
| John (Jack) Hynes<br>2022 Summer Associate, Palo Alto | Summer associate at Steptoe & Johnson LLP[5] in Chicago from June 2021 to July 2021 | Did not represent, and was not exposed to confidential information related to, MHPS Puerto Rico, LLC, the Debtors, or the Title III Cases |

---

[3] Mayer Brown represents VR Global Partners LP in the Title III Cases.

[4] DLA Piper represents LUMA Energy, LLC, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Puerto Rico's Fiscal Agency and Financial Advisory Authority, and the University of Puerto Rico in the Title III Cases.

[5] Steptoe & Johnson represents MHPS Puerto Rico, LLC, which is a creditor of PREPA, in the Title III Cases.