IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ROBERT GORDON
IDENTIFYING JENNER & BLOCK LLP'S CONNECTIONS
TO MATERIAL INTERESTED PARTIES UNDER THE
PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT**

I, Robert Gordon, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a partner of the firm of Jenner & Block LLP ("**Jenner & Block**") which maintains offices for the practice of law in New York, New York; Chicago, Illinois; Washington D.C.; Los Angeles, California; San Francisco, California; and London, England. I am currently resident in Jenner & Block's New York office, located at 1155 Avenue of the Americas, New

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

York, New York 10036. I am an attorney duly licensed in and am a member in good standing of the bar for the States of New York, Illinois, and Michigan and am admitted to practice before several United States District Courts, as well as the United States Courts of Appeals for the Second and Sixth Circuits. I am admitted pro hac vice before this Court.

2. I submit this supplemental declaration (the "**Supplemental PRRADA Declaration**") in accordance with the Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. § 2178 ("**PRRADA**"); the *Order Concerning Compliance With The Puerto Rico Recovery Accuracy In Disclosures Act* ("**PRRADA Compliance Order**") [Dkt. 19980]; and the *Order Approving List Of Material Interested Parties Pursuant To The Puerto Rico Recovery Accuracy In Disclosures Act* [Dkt. 20467] ("**MIP List Order**"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## PRRADA

3. On January 20, 2022, President Joseph R. Biden signed PRRADA into law. PRRADA requires the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to file a motion seeking approval of a list ("**MIP List**") of material interested parties ("**Material Interested Parties**") and requires professional persons seeking compensation under sections 316 and 317 of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101-2241 ("**PROMESA**") to identify connections to parties on the MIP List in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

4. On February 2, 2022, the Court entered the PRRADA Compliance Order, which directed the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to file a motion seeking approval of a MIP List.

2

5. On February 22, 2022, the Oversight Board submitted a *Motion Requesting Order Approving Proposed List of Material Interested Parties* [Dkt. 20194] ("**MIP List Motion**"). The MIP List Motion requested approval of a proposed MIP List that excluded (i) creditors whose claims were no longer active; (ii) certain creditors holding claims in multi-plaintiff litigation; and (iii) creditors asserting claims less than $1 million for claims against the Commonwealth or COFINA, and less than $500,000 against HTA, ERS, PBA, and PREPA.

6. On March 8, 2022, the United States Trustee filed a limited objection to the MIP List Motion [Dkt. 20274], arguing that PRRADA did not permit the Oversight Board to exclude from the MIP List creditors with inactive claims or the creditors who were plaintiffs in multi-plaintiff litigation.

7. On March 8, 2022, the Official Committee of Unsecured Creditors filed a limited response to the MIP List Motion [Dkt. 20276] ("**UCC Response**") requesting that professionals only be required to disclose connections to entities in the MIP List that were not previously identified as interested parties.

8. On March 14, 2022, the Retiree Committee filed a joinder [Dkt. 20325] to the UCC Response.

9. On March 21, 2022, the Court entered an order [Dkt. 20419] directing the Oversight Board to submit an Amended List that included creditors whose claims are no longer active and plaintiff members of multi-plaintiff litigations that are otherwise excluded from the MIP List if their individual claims exceed the applicable threshold.

10. On March 29, 2022, the Oversight Board submitted an amended MIP List (the "**Amended MIP List**") [Dkt. 20458].

11. On March 30, 2022, the Court entered the MIP List Order approving the Amended MIP List and directing professional persons to disclose connections to parties identified in the Amended MIP List no later than May 16, 2022. Consistent with the UCC Response, the MIP List Order further provides "to the extent any professional persons . . . have already complied with the requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures by such professional persons as required by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." (*Id.* at 2.)

### Jenner & Block's Retention and Prior Disclosures

12. On June 16, 2017, the Retiree Committee selected Jenner & Block as its counsel, subject to this Court's approval.

13. On July 19, 2017, the Retiree Committee filed with the Court its *Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 670-1] (the "**Retention Application**"). Attached as Exhibit A to the Retention Application is the *Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. No. 670-2] (the "**Original Declaration**"), which discloses connections to parties in interest in the Title III cases at the time of retention in accordance with Bankruptcy Rule 2014(a).

14. On August 10, 2017, the Court entered the *Order Authorizing the Employment of Jenner & Block LLP as Attorneys for the Committee of Retired Employees* [Dkt. 1002] ("**Retention Order**") approving Jenner & Block's retention as counsel to the Retiree Committee, effective June 16, 2017, on the terms and conditions identified in the Retention Application, including that fees and expenses incurred by Jenner & Block be paid under sections 316 and 317 of PROMESA.

4

Accordingly, Jenner & Block is a "professional person" subject to PRRADA's disclosure requirements. *See* 48 U.S.C. § 2178(b).

15. On November 13, 2017, I filed the *First Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 1766] (the "**First Supplemental Declaration**").

16. On July 18, 2018, I filed the *Second Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 3612] (the "**Second Supplemental Declaration**").

17. On May 5, 2021, I filed the *Third Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 16685] (the "**Third Supplemental Declaration**").

18. On January 24, 2022, I filed the *Fourth Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 19663] (the "**Fourth Supplemental Declaration**").

19. On February 14, 2022, I filed the *Fifth Supplemental Declaration of Robert Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner & Block LLP* [Dkt. 20123] (the "**Fifth Supplemental Declaration**," and together with the Original Declaration, First

5

Supplemental Declaration, Second Supplemental Declaration, Third Supplemental Declaration, and Fourth Supplemental Declaration, the "**Retention Declarations**").

20. In each of the Retention Declarations, I stated that I would amend my declaration upon learning that: (a) any of the representations made therein were incorrect, or (b) there was any change of circumstance relating thereto.

### Jenner & Block's PRRADA Disclosures

21. Jenner & Block has conducted a search of its conflict database and has made other internal inquiries about connections with the Material Interested Parties identified in the Amended MIP List.

22. On May 16, 2022, Jenner & Block submitted the *Declaration of Robert Gordon Identifying Connections to Material Interested Parties under the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. 20818] ("**Original PRRADA Declaration**").

23. On June 3, 2022, the Office of the United States Trustee requested additional information regarding the Retention Declarations and Original PRRADA Declaration.

### Jenner & Block's Supplemental Disclosures

24. For disclosure purposes, Jenner & Block supplements the Retention Declarations and Original PRRADA Declaration as follows.

A. Supplemental Disclosure Regarding the Original Declaration

25. Jenner & Block has not represented any party listed in Exhibit 2 to Jenner & Block's Retention Application [Dkt. 670-4] on matters relating to the Title III cases, the Title III Debtors, or any of the Retiree Committee's members.

26. Jenner & Block has not represented any party listed in paragraph 14 of the Original Declaration [Dkt. 670-2] on matters relating to the Title III cases, the Title III Debtors, or any of the Retiree Committee's members.

27. From November 2015 to October 2016, Jenner & Block performed legal analysis for Columbus Hill Capital Management relating to bonds issued by the Title III Debtors, the operation of PROMESA, and related legal issues. To the best of Jenner & Block's knowledge, Columbus Hill Capital Management had no role in the Title III cases. Jenner & Block's last invoice to Columbus Hill Capital Management was for work performed in October 2016. Jenner & Block confirmed the termination of its engagement by email dated June 19, 2017 (after the Retiree Committee engaged Jenner & Block), which Columbus Hill Capital Management acknowledged the same day.

B. Supplemental Disclosure Regarding the First Supplemental Declaration

28. Jenner & Block's representation of OZ Management is unrelated to the Title III Cases, the Title III Debtors and Committee Members. OZ Management, LP appeared as a creditor in the Commonwealth's Title III case [see Dkt. 134], but was not included in the Amended MIP List.

29. Jenner & Block's representation of Microsoft is unrelated to the Title III Cases, the Title III Debtors and the Retiree Committee's members.

C. Supplemental Disclosure Regarding the Second Supplemental Declaration

30. Jenner & Block's representation of Glendon Capital Management LP is unrelated to the Title III Debtors or the Retiree Committee's members.

31. Jenner & Block is unaware of any involvement by Glendon Capital Management LP in the Title III cases. Jenner & Block filed the Second Supplemental Declaration of Robert

Gordon because it understood that a Glendon Capital Management LP affiliate—Glendon Opportunities Fund, L.P.—was a creditor of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico. Glendon Opportunities Fund, L.P. is identified in the Amended MIP List (Dkt. 20455) as a "Material Creditor of the Commonwealth" and "ERS Plan Support Agreement Party."

D. <u>Supplemental Disclosure Regarding the Third Supplemental Declaration</u>

32. Jenner & Block's representation of Taconic Capital Advisors is unrelated to the Title III Debtors or the Retiree Committee's members.

E. <u>Supplemental Disclosure Regarding the Fourth Supplemental Declaration</u>

33. Jenner & Block's representation of Angelo, Gordon & Co. L.P. and its affiliate is unrelated to the Title III Debtors or the Retiree Committee's members.

F. <u>Supplemental Disclosure Regarding the Fifth Supplemental Declaration</u>

34. Jenner & Block was retained by an individual who is a former principal of Blue Mountain Capital Management LLC and former employee of Assured Guaranty Corp. This individual has no role in the Title III cases. Jenner & Block is not advising, and has never advised, this individual on matters relating to the Title III cases, the Title III Debtors, or the Retiree Committee's members.

G. <u>Supplemental Disclosure Regarding the Original PRRADA Declaration</u>

35. Jenner & Block's representation of the parties, affiliates, and co-clients of the Material Interest Parties identified in paragraph 23 of the Original PRRADA Declaration is unrelated to the Title III Debtors or the Retiree Committee's members.

36. Jenner & Block has represented the Texas AFL-CIO in voting rights litigation in which Material Interested Party the American Federation of State, County, and Municipal

Employees International Union was a co-client. To the best of Jenner & Block's knowledge, the Texas AFL-CIO has had no role in the Title III cases and does not represent any competing interest relative to the interests of the Retiree Committee.

37. Jenner & Block has represented Wal-Mart, Inc., a co-client of Material Interested Party Wal-Mart Puerto Rico, Inc. To the best of Jenner & Block's knowledge, Wal-Mart, Inc. has had no role in the Title III cases and does not represent any competing interest relative to the interests of the Retiree Committee.

38. Jenner & Block does not derive 2% or more of its annual revenue from any of the parties identified in the Retention Declarations, the Original PRRADA Declaration, or this Supplemental PRRADA Declaration.

**Jenner & Block's Continuing Disclosures**

39. Jenner & Block's practice encompasses the representation of many entities, some of which may be or may become parties in interest without Jenner & Block's knowledge. Further, as part of its practice, Jenner & Block represents clients in numerous matters involving other law firms, financial advisory firms and professionals in either adverse or non-adverse roles, some of whom may represent the Debtors, creditors, or parties in interest, or may themselves be creditors or parties in interest in these Title III Cases, or may employ persons with whom Jenner & Block attorneys have personal or familial relationships. Although it is not practicable for Jenner & Block to identify all such connections, except as otherwise disclosed herein, I am unaware of any such connections that are material and believe that none of them would prevent Jenner & Block from being disinterested, would involve the holding or representation of an interest adverse to the Debtors' respective estates, or would create a conflict of interest with respect to this employment.

9

40. Based on the foregoing and the information contained in the Retention Declarations and Original PRRADA Declaration, I believe that I am, and each Jenner & Block attorney is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14); that neither I nor any Jenner & Block attorney holds or represents any interest adverse to the Debtors' estates; and that Jenner & Block's attorneys do not represent in other matters parties with any interest adverse to the Debtors' estates, except as otherwise specified in the Retention Declarations, the Original PRRADA Declaration, and this Supplemental PRRADA Declaration. Accordingly, I submit that Jenner & Block is not disqualified for employment by the Retiree Committee to represent it in these Title III Cases.

41. Jenner & Block informed the Retiree Committee of the aforementioned connections to the Material Interested Parties, and the Retiree Committee expressed no concern about them relative to Jenner & Block's continued engagement by the Retiree Committee.

42. I will amend this PRRADA Declaration promptly upon learning that: (a) any of the representations herein are incorrect, or (b) there is any change of circumstance relating thereto.

(*Signature page follows*.)

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: July 8, 2022              JENNER & BLOCK LLP

<div style="margin-left: 2em;">

*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
Carl Wedoff (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
rgordon@jenner.com
rlevin@jenner.com
cwedoff@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

</div>