UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, COFINA, HTA, ERS, and PBA.** |

**RESPONSE OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO SALES TAX FINANCING AUTHORITY, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY IN COMPLIANCE WITH THE COURT'S ORDER REGARDING DEFECTIVE PLEADING [ECF NO. 21105]**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

## TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ..................................................Error! Bookmark not defined.
**PROCEDURAL BACKGROUND** ............................................Error! Bookmark not defined.
**ARGUMENT** ................................................................................................................................ 8
**CONCLUSION** ........................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Engage, Inc.*,
 315 B.R. 217 (Bankr. D. Mass. 2004) ...................................................................................11

*In re Manhattan Jeep Chrysler Dodge, Inc.*,
 599 B.R. 247 (Bankr. S.D. N.Y. 2019)...................................................................................12

*In re Motors Liquidation Co.*,
 600 B.R. 482 (Bankr. S.D. N.Y. 2019)...................................................................................12

*In re Puerto Rico Hospital Supply, Inc.*,
 No. 19-01022, 2020 WL 7133165 (D.P.R. Dec. 4, 2020) ......................................................10

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 3007(a)(2)(A) .....................................................................................................9

Fed. R. Bankr. P. 9006(b)(1)........................................................................................................10

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Authority ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this response (the "Response") in compliance with the Court's *Order Regarding Defective Pleading* [ECF No. 21105], dated June 3, 2002 (the "June Order"), instructing Quality Construction Services II, LLC ("QCS") to file a corrected pleading by July 5, 2022, and directing the Debtors to file a response thereto by July 12, 2022, and in response to the *Response to the Three Hundred Seventy Fourth Omnibus Objection of the Commonwealth of Puerto Rico and Puerto Rico Public Buildings Authority to Late Filed Claims* [ECF No. 21439] (the "Omnibus Objection Response"), filed by QCS on July 5, 2022. In support of this Response, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The June Order directed QCS to file a corrected pleading addressing the Debtors' *Informative Motion of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1

*Buildings Authority Regarding Three Hundred Seventy-Fourth Omnibus Objection (Substantive) to Late Filed Claims and Three Hundred Ninety-Seventh Omnibus Objection to Late Filed Claims* [ECF No. 20953] (the "Informative Motion"). The Informative Motion had been filed at the Court's request in order to clarify the scope of the relief sought by the *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 17923] (the "Three Hundred Seventy-Fourth Omnibus Objection") with respect to bondholder claims. Instead, QCS–a trade creditor of PBA who had not filed a proof of claim asserting a liability associated with bonds issued by PBA–filed a substantive response to the Three Hundred Seventy-Fourth Omnibus Objection. In doing so, it disregarded not only the June Order, but also, the September 20, 2021 deadline for responses to the Three Hundred Seventy-Fourth Omnibus Objection—for which QCS never sought an extension.

2. The Omnibus Objection Response should be overruled for these procedural deficiencies alone. QCS nowhere explains its lengthy, nine-month delay in responding to the Three Hundred Seventy-Fourth Omnibus Objection. QCS also has never sought an extension of its time to respond to that objection. And, the June Order, which permitted QCS to file a corrected version of its request for an extension of time to respond to the Informative Motion, did not authorize the filing of QCS's late response. For these reasons alone, the Court should overrule the Omnibus Objection Response.

3. The merits of the Omnibus Objection Response fare no better. Therein, QCS argues that (*i*) it never received notice of the PBA Bar Date (as defined below); and (*ii*) its late-filed Claim

2

should be allowed to proceed based on the "excusable neglect" doctrine. These arguments fail. First, QCS *did* receive notice of the PBA Bar Date. Not only did QCS receive notice of the PBA Bar Date Notice in a manner that complies with the Federal Rules of Bankruptcy Procedure, but, it also received the broad, Court-authorized notice of PBA's bankruptcy and bar date, which should have been sufficient for QCS to become aware of the bankruptcy and the need to file a claim. Second, QCS contends its failure to file a proof of claim is excusable because (*i*) its delay in filing is not substantial, (*ii*) its delay was the result of pandemic-related disruptions, and (*iii*) permitting the claim to proceed would not prejudice the Debtors or other parties. None of these reasons justifies QCS's delay. QCS's nearly one-year delay in filing its proof of claim is substantial, and its hypothetical examples of COVID-related disruptions that *could* have affected its filing is insufficient. Moreover, contrary to QCS's assertions, permitting the claim to proceed *would* prejudice the Debtors and other parties given the late stage of these proceedings. This Court has already confirmed a Plan[3] for PBA, that Plan has gone effective with millions of dollars having been distributed, and PBA is currently in the process of reviewing and reconciling its remaining claims. Permitting additional late-filed claims to proceed would disrupt this process, imposing substantial additional administrative costs on PBA.

4. The Court should, therefore, grant the Three Hundred Seventy-Fourth Omnibus Objection notwithstanding QCS's Omnibus Objection Response.

**PROCEDURAL BACKGROUND**

5. On August 20, 2021, the Debtors filed the Three Hundred Seventy-Fourth Omnibus Objection seeking to disallow certain proofs of claim, including the QCS Claim (as defined below),

---

[3] *See Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19053] (the "Plan").

3

that were late-filed and, accordingly, failed to comply with the terms of the applicable Bar Date Orders[4] (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Three Hundred Seventy-Fourth Omnibus Objection and supporting exhibits thereto, the Claims to Be Disallowed were filed after the applicable Bar Date: (*i*) June 29, 2018 at 4:00 p.m. (Atlantic Time), for creditors of the Commonwealth, COFINA, HTA, and ERS (the "Commonwealth, COFINA, HTA, and ERS Bar Date"), or (*ii*) July 29, 2020 at 4:00 p.m. (Atlantic Time), for creditors of PBA (the "PBA Bar Date").

6. QCS's proof of claim was filed on May 12, 2021–nearly a year after the PBA Bar Date–and it was logged by Kroll Restructuring Associates LLC (formerly known as Prime Clerk, LLC) as Proof of Claim No. 179223 (the "QCS Claim"). The QCS Claim asserts $500,000 in liabilities against PBA purportedly arising from "Final Judgements and Agreements, in Case No. KAC2006-5493 and; KAC2008-0018." QCS Claim at 3.

7. Any party who disputed the Three Hundred Seventy-Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in accordance with the Court-approved notice attached to the Three Hundred Seventy-Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Seventy-Fourth Omnibus Objection, the U.S. Trustee, and the then-current Master Service List. *See Certificate of Service* [ECF No. 17989] (the "Omnibus Objection Response Deadline").

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Seventy-Fourth Omnibus Objection.

4

8. Over a dozen responses addressing the Three Hundred Seventy-Fourth Omnibus Objection were filed by the Omnibus Objection Response Deadline.[5] QCS, however, did not file such a response.

9. The Three Hundred Seventy-Fourth Omnibus Objection was initially scheduled to be heard at the October 6, 2021 omnibus hearing. Due to restrictions imposed by (*i*) the Governor of Puerto Rico's executive orders concerning COVID-19 and (*ii*) the United States District Court for the District of Puerto Rico's orders directing eligible civil and criminal proceedings in the District of Puerto Rico be conducted via video conference or teleconference, the hearing on the Three Hundred Seventy-Fourth Omnibus Objection was adjourned, pursuant to notices.

10. On December 8, 2021, this Court entered the *Order Regarding Adjourned Omnibus Objections to Claims* [ECF No. 19461], scheduling hearings on adjourned omnibus objections for January 19-20, 2022 (the "January Claim Objection Hearing"), and February 16-17, 2022 (the "February Claim Objection Hearing," and together with the January Claim Objection Hearing, the "Claim Objection Hearings"). One response to the Three Hundred Seventy-Fourth Omnibus

---

[5] *See, e.g.*, *Reply of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Responses Filed by Agustín González Velázquez [ECF No. 18070] and Elaine Lynn Irrevocable Trust [ECF Nos. 18139, 18377] to the Three Hundred Seventy-Fourth Omnibus Objection (Substantive) to Late-Filed Claims* [ECF No. 19682]; *Notice of Correspondence Regarding the Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 19683]; *Reply of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Responses [ECF Nos. 18109, 18110, 18120, 18123, 18139, 18158, 18159, 18165, 18166, 18177, 18184, 18197, 18218, 18234, 18237, 18376, 18480, 18507, 18530, 19033, 19037, 19046, 19125, 19202, 19803] to the Three Hundred Seventy-Fourth Omnibus Objection (Substantive) to Late-Filed Claims* [ECF No. 19990] (collectively, the "Replies").

5

Objection was scheduled for hearing at the omnibus hearing held on January 12, 2022, and the remainder of the responses were scheduled for hearing at the Claim Objection Hearings.

11. The Debtors filed their Replies addressing timely-filed responses on January 5, 2022 and February 2, 2022. On February 11, 2022, upon reviewing the Replies, this Court entered the *Order Concerning Replies in Support of the Three Hundred Seventy-Fourth Omnibus Objection to Claims* [ECF No. 20113] (the "February Order"), directing the Oversight Board to "file an informative motion stating (i) which proofs of claims are Bond-Related Claims; and (ii) the extent to which the Oversight Board is seeking the disallowance of Bond-Related Claims" "prior to submitting a proposed order in connection with the Three Hundred Seventy-Fourth Omnibus Objection." Feb. Order at 2.

12. During the Claim Objection Hearings, the Court heard then-pending timely-filed responses to and orally granted the Three Hundred Seventy-Fourth Omnibus Objection, subject to the Debtors' filing an informative motion clarifying the scope of relief sought by the Three Hundred Seventy-Fourth Omnibus Objection, as set forth in the February Order.

13. In compliance with the Court's February Order, the Debtors filed the Informative Motion on May 24, 2022. The Informative Motion identified all claims subject to the Three Hundred Seventy-Fourth Omnibus Objection as either "Bond-Related Claims," for which the Debtors sought limited relief,[6] or "Non-Bond Claims," which the Debtors sought to expunge in their entirety for failure to comply with the Bar Date orders. Inf. Mtn. at Exs. A, B. The Informative Motion identified the QCS Claim as a Non-Bond Claim. *See id.* at Ex. A.

---

[6] As set forth in the Informative Motion, the Three Hundred Seventy-Fourth Omnibus Objection sought to disallow Bond-Related Claims "solely to the extent they assert liabilities other than principal, interest, or fees and expenses." Inf. Mtn. at 3-4 (emphasis in original).

6

14. Also on May 24, 2022, the Debtors filed the *Notice of Presentment of Proposed Order Granting the Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority to Late-Filed Claims (ECF No. 17923)* [ECF No. 20964] (the "Notice of Presentment").

15. On June 1, 2022, QCS filed a request for extension to reply to the Informative Motion. *Request for Extension to Reply to Informative Motion of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority Regarding Three Hundred Seventy Fourth Omnibus Objection (Substantive) to Late Filed Claims and Three Hundred Ninety Seventh Omnibus Objection to Late Filed Claims* [ECF No. 21093] (the "Request for Extension"). The Request for Extension asserted that QCS never received notification of PBA's Title III case, and sought an extension of thirty days to "to be able to present our opposition through a legal representative." Request for Extension at 1.

16. On June 3, 2022, the Court entered the June Order. Therein, the Court noted that the Request for Extension was "defective because it was not filed by counsel to Quality Construction Services II, LLC." June Order at 1. The Court granted QCS leave to file a corrected pleading by July 5, 2022, and directed the Debtors to file a response by July 12, 2022. *Id.* at 2.

17. On July 5, 2022, QCS filed the Omnibus Objection Response.

7

## ARGUMENT

18. The Omnibus Objection Response fails because it is both procedurally defective and short on merit. It should be overruled, and the proposed order granting the Three Hundred Seventy-Fourth Omnibus Objection, a copy of which is attached to the Notice of Presentment, should be entered as filed.

19. Procedurally, the Omnibus Objection Response fails because it was filed *over nine months* after the deadline to file such a response. As explained above, the Omnibus Objection Response Deadline was September 20, 2021. QCS acknowledges that it received the Three Hundred Seventy-Fourth Omnibus Objection on August 20, 2021. Omnibus Objection Response at ¶ 22. But, QCS never sought an extension of the Omnibus Objection Response Deadline, and it offers no explanation for its failure to either file a timely response or to seek such an extension. This Court has disregarded filings under such circumstances before, and it should do the same here. *See Order Denying Motion Requesting Extension of Time to Respond to the Notice of Presentment of Proposed Order Granting the Three Hundred Ninetieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to No Liability Claims* [ECF No. 21063] (denying motion seeking extension to respond to omnibus objection filed seven months past the omnibus objection response deadline).

20. Nor does the June Order authorize QCS's late filing. The June Order permitted QCS to file a corrected version of its Request for Extension, which sought an extension of time to respond *to the Informative Motion*.[7] It did not authorize QCS to file a request for extension of time to respond to the Three Hundred Seventy-Fourth Omnibus Objection, and it certainly did not

---

[7] Notably, the Informative Motion–which, as explained above, addressed the scope of relief for Bond-Related Claims–has no bearing on the QCS Claim in any event.

8

authorize QCS to file a substantive response to the Three Hundred Seventy-Fourth Omnibus Objection many months after the Omnibus Objection Response Deadline. Accordingly, the Omnibus Objection Response should be overruled because it was filed well after the applicable deadlines, and QCS has proffered no valid reason for its failure to timely respond.

21. On the merits, QCS's Omnibus Objection Response also fails. QCS contends its failure to timely file the QCS Claim should be excused because (*i*) it never received notice of the PBA Bar Date, and (*ii*) its indisputably late-filed Claim should be allowed to proceed based on the "excusable neglect" doctrine. Both arguments fail.

22. First, QCS did receive notice of the PBA Bar Date. The PBA Bar Date Notice was served on March 31, 2020 via First Class Mail on "Quality Construction Service, S.E." *Certificate of Service* [ECF No. 12568] at Ex. E. QCS and "Quality Construction Service, S.E." are related entities: the two entities share the same mailing address,[8] (*id.*; QCS Claim at 2), and the Omnibus Objection Response identifies "Quality Construction Service SE" as the entity that is a party to the settlement agreement the QCS Claim purports to assert in the QCS Claim. Omnibus Objection Response ¶¶ 9, 13-14, 19).[9]

23. Regardless, this Court also authorized broad publication notice of PBA's Bar Date. Pursuant to the PBA Bar Date Orders,[10] the Debtors published the PBA Bar Date Notice in English

---

[8] The PBA Bar Date Notice was sent to this address—the same mailing address listed on the QCS Claim. Although the PBA Bar Date Notice was returned as undeliverable, mailing the PBA Bar Date Notice to the address identified on QCS's proof of claim satisfies the requirements for service set forth in Fed. R. Bankr. P. 3007, made applicable to these Title III proceedings pursuant to section 310 of PROMESA, which requires service to be made "on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated." Fed. R. Bankr. P. 3007(a)(2)(A).

[9] Indeed, the Omnibus Objection Response even asserts (incorrectly) that "Quality Construction Services SE" filed the QCS Claim. Omnibus Objection Response ¶ 20 ("[O]n May 12, 2021 Quality Construction Services SE decided to file a Proof of Claim.").

[10] *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B)*

9

and Spanish in four publications circulating in Puerto Rico and the mainland United States, and ran radio advertisements in English and Spanish throughout Puerto Rico. As this Court has already found, this publication notice is sufficient for QCS to become aware of the bankruptcy and the need to file a claim. *See Initial PBA Bar Date Order* ¶¶ 17-18; *see also H'rg on Adjourned Omnibus Objections to Claims* (Feb. 16, 2022) [ECF No. 20164] at 85:1-16 (sustaining Three Hundred Seventy-Fourth Omnibus Objection on basis that publication notice was sufficient).

24. Second, the Omnibus Objection Response does not demonstrate that QCS's failure to timely file the QCS Claim was the result of excusable neglect. Although the Federal Rules of Bankruptcy Procedure permit late filed claims if the failure to timely file the claim "was the result of excusable neglect," Fed. R. Bankr. P. 9006(b)(1), a finding of "excusable neglect" requires the court to weigh the mistake or neglect against other equitable factors, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Puerto Rico Hospital Supply, Inc.*, No. 19-01022, 2020 WL 7133165, at *2 (D.P.R. Dec. 4, 2020) (quoting *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

25. QCS claims its delay "is not extended nor will it impact the efficient administration of this case." Omnibus Objection Response at 8. Not so: the PBA Bar Date was July 29, 2020, but QCS did not file the Claim until May 12, 2021. A nearly one-year delay is substantial. Further, QCS has not provided an adequate explanation for this lengthy delay. QCS asserts that the delay

---

*Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"); *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (the "PBA Bar Date Order," and together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders").

10

was attributable in part to COVID-related disruptions, but it provides no concrete explanation of how QCS was actually affected by these disruptions or how those disruptions precluded it from filing a timely proof of claim. Instead, QCS relies on hypotheticals, asserting that, "but for the Pandemic, QCS would have had better and easier access to counsel who, in theory, would have counsel QCS to file a proof of claim." *Id.* at 9. "Theoretical" reasons do not and cannot justify the substantial delay that occurred here. *Cf. In re Engage, Inc.*, 315 B.R. 217, 224-25 (Bankr. D. Mass. 2004) (finding failure to offer testimony, by way of affidavits or otherwise, that creditors lacked actual knowledge of the Bar Date was fatal to their attempt to submit late-filed claims based on "excusable neglect" theory).

26. QCS also argues that the delay was due to the fact it had an agreed pre-petition payment plan with PBA. According to QCS, it continued to rely on PBA's assurances that payments under the parties' plan would be forthcoming, and tried to consult with PBA when payments were ultimately not received. Omnibus Objection Response at 9. By that time, however, QCS should have had knowledge of the PBA Bar Date, and should have filed a proof of claim to ensure its rights were preserved.[11]

27. QCS also contends that permitting the QCS Claim to proceed will not prejudice the Debtors or other parties, but that is also incorrect. As an initial matter, QCS incorrectly contends that its claim "will enjoy a pro rata distribution – from a pre-determined and fixed pot of funds already allocated by the Debtor for the payment to unsecured creditors . . . [and] will not represent

---

[11] Notably, QCS had no trouble filing two other proofs of claims by the applicable Bar Date. *See* Proofs of Claim Nos. 2574 (filed March 15, 2018), 9386 (filed May 7, 2018). Further, by QCS's own admission, it was aware of PBA's alleged non-compliance as early as October 2020, when it sent PBA a letter "notifying [them] that they were not complying with the payment plan as agreed. Omnibus Objection Response ¶ 18. The fact that QCS thereafter waited six months to file the Claim is inexcusable.

11

an additional economic burden upon the Debtor." *Id.* at 7-8. But, the QCS Claim is a PBA General Unsecured Claim, which, if allowed, is entitled to "payment of the Allowed amount of such holder's Claim, in Cash, in an amount equal to ten percent (10%) of such holder's Allowed PBA General Unsecured Claim . . . ." Plan § 17.1. In other words, allowance of QCS's late-filed claim will, in fact, impose an additional and significant economic burden on PBA.

28. Permitting the QCS Claim to proceed would also prejudice the Debtor in light of the advanced stage of this case. In assessing prejudice, courts consider several factors, including the stage of the proceedings and the risk that allowance would inspire similar efforts from creditors who also missed the claims bar date. *See, e.g.*, *In re Manhattan Jeep Chrysler Dodge, Inc.*, 599 B.R. 247, 255 (Bankr. S.D. N.Y. 2019); *In re Motors Liquidation Co.*, 600 B.R. 482, 490-91 (Bankr. S.D. N.Y. 2019) ("Allowing even a single late claim risks inspiring similar efforts from creditors who also missed the bar date."). In *Manhattan Jeep*, for example, the Bankruptcy Court for the Southern District of New York found that the debtors would be prejudiced by the allowance of a late-filed claim because they had already proposed a plan of reorganization. 599 B.R. at 255. Here, the proceedings are even further along than in *Manhattan Jeep*—a plan of adjustment has been proposed, confirmed *and* become effective. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349]. Permitting additional late-filed claims to proceed at this late stage of the case would impose upon the Debtors the additional costs of resolving disputes as to the merits of such additional late claims, thereby taxing the Debtors' and the Court's resources and imposing substantial additional administrative costs.

## **CONCLUSION**

29. For the foregoing reasons, the Court should overrule the Omnibus Objection Response and enter the proposed order attached to the Notice of Presentment.

| | |
|---|---|
| Dated: July 12, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Ricardo Burgos Vargas*<br>Ricardo Burgos Vargas<br>USDC núm. 218210<br>**A&S LEGAL STUDIO, PSC**<br>434 Ave. Hostos<br>Tel: (787) 751-6764<br>Fax: (787) 763-8260<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth, COFINA, HTA, ERS, and PBA* |