## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>                   Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS |

## DEBTOR'S OPENING EXPERT DISCLOSURES

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as sole Title III representative of the Puerto Rico Highways and Transportation Authority ("HTA

or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA"),[2] respectfully submits its opening expert disclosures in support of confirmation of the *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1240] (as it may be amended, modified, or supplemented, the "HTA Plan")[3] and in accordance with paragraph 22 of the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 1249] entered on June 22, 2022 (the "Confirmation Procedures Order") and Federal Rules of Civil Procedure 26(a)(2)(A) and 26(a)(2)(C).

1.       Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), and consistent with the witnesses identified in paragraph 1 of the *Debtor's Identification of Expert Witnesses* [ECF No. 1260] (the "Expert Identification"), the Debtor herein provides the following information for its witnesses who do not need to provide a written report:

a.       **David M. Brownstein, Managing Director at Citigroup Global Markets Inc.** The subject matters on which Mr. Brownstein may testify include:  (i) the HTA Plan is consistent with the HTA Fiscal Plan, which provides for sufficient revenues to enable HTA to satisfy its obligations under the HTA Plan; (ii) the HTA Plan is feasible because HTA will be able to sustainably provide municipal services and meet the HTA Plan obligations without the need for further financial reorganization; (iii) the settlements embodied in the HTA/CCDA Plan Support Agreement and the DRA Stipulation, and incorporated into the HTA Plan, are fair and reasonable and should be approved; and (iv) consummation of the transactions contemplated by the HTA Plan will allow HTA to access the capital markets.

---

[2]      PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3]      Capitalized terms not defined herein shall have the meaning ascribed to them in the HTA Plan.

As to topic (i), Mr. Brownstein will examine the payments projected to be made pursuant to the HTA Plan, the cash on hand and projected revenues and expenses of HTA projected in the HTA Fiscal Plan, and confirm that the amounts promised to be paid pursuant to the HTA Plan are within the amounts projected to be available according to the HTA Fiscal Plan.

As to topic (ii), Mr. Brownstein will provide testimony on the sources and uses of cash required on the Effective Date under the HTA Plan and will explain his opinion the HTA Plan is feasible is based on a number of factors, including the following:  (a) HTA has the liquidity necessary to make the payments on the Effective Date, which it is required to make; (b) the HTA Plan reduces HTA's debt to an amount that the HTA Fiscal Plan projects HTA will be able to pay; (c) the HTA Plan includes multiple provisions designed to ensure revenues are sufficient to cover projected debt obligations; (d) HTA's operating revenues, as well as projected appropriations from the Commonwealth in accordance with the Commonwealth Fiscal Plan, are sufficient to cover HTA's operating expenses and other required disbursements; and, (e) the HTA Plan—and the financial projections incorporated into the HTA Fiscal Plan—do not take into account potential upside factors which, if they materialize, would result in additional liquidity.

As to topic (iii), Mr. Brownstein is expected to testify the negotiations concerning (a) the HTA/CCDA PSA, conducted under the supervision of the Court-appointed mediation team, and, in particular, the Mediation Team Leader, Judge Barbara J. Houser, were vigorous, included the robust and active involvement of all mediation participants, among others, and were conducted at arm's-length and in good faith, and (b) the DRA Stipulation, entered into between the Oversight Board, AAFAF, and the DRA Parties subsequent to the entry of the Title III Court's order finding the DRA's claims against HTA were subordinated to the claims of the HTA Bondholders, were vigorous and conducted at arm's-length and in good faith.  Mr. Brownstein is also expected to

testify that, given the totality of the facts and circumstances of these cases, the settlements reached were reasonable.  Mr. Brownstein will base his testimony on, among other things, (a) his personal participation in dozens of settlement negotiating sessions with members of and advisors to the Oversight Board along with the other ultimate parties to the relevant agreements and their respective principals and advisors (both financial and legal), as well as the mediation team and (b) his significant experience in negotiating settlements of numerous disputes as part of many other complex restructurings.

As to topic (iv), Mr. Brownstein will explain that, in light of the HTA Plan's feasibility and the reforms of HTA contemplated by the HTA Plan and the HTA Fiscal Plan, HTA would be able to access the capital markets following consummation of the HTA Plan.

b.     **Jay Herriman, Managing Director at Alvarez & Marsal North America, LLC.**  The subject matters on which Mr. Herriman may testify include the claims reconciliation process undertaken by the Oversight Board, including, without limitation, the development and implementation of the ADR and ACR procedures and the status of outstanding claims as of the commencement of the hearing to consider confirmation of the HTA Plan.  In connection therewith, Mr. Herriman will discuss the reasonableness of the assumptions made with respect to the anticipated total amount of allowed unsecured claims, allowed eminent domain or inverse condemnation claims, and allowed federal claims, including an estimate of each of those claims.  Mr. Herriman will base such testimony on, among other things, (a) the review and analysis of the proofs of claim filed against the Debtor which was conducted by the Oversight Board and its advisors, together with information obtained regarding such proofs of claim from the Commonwealth and/or HTA, and (b) Mr. Herriman's extensive experience in complex restructuring, including claims reconciliation and analysis.

      c.     **Ojas Shah, Partner at McKinsey & Company.**  The subject matters on which Mr. Shah may testify include the best interest test analysis in the Disclosure Statement and showing the HTA Plan is in the best interest of the creditors of the Debtor.

Mr. Shah is expected to testify that if creditors of the Debtor receive recoveries pursuant to the HTA Plan, in the aggregate, as a percentage of their claims as of the date of the filing of the Title III case, that they will be within the range or greater than they would receive outside of Title III per the scenarios presented in the best interests tests analyses, which are attached as Exhibit J to the Disclosure Statement.

Mr. Shah is expected to base this testimony on, among other things, (a) his review and understanding of the classification and treatment of claims under the HTA Plan, (b) his review and understanding of the assumptions made in connection with the Debtor's best interests test analysis, which was prepared by McKinsey, including:  (i) the resource envelope available for all creditors of the Debtor; (ii) the amount of unsecured claims and other outstanding obligations; and (iii) the distribution of available resources across outstanding obligations, among others, and (c) Mr. Shah's extensive experience serving the Oversight Board over the past several years and other experience in providing financial advisory services.

2.     The Oversight Board reserves the right to amend these expert disclosures in accordance with the terms set forth in the Confirmation Procedures Order.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 12, 2022
     San Juan, Puerto Rico

Respectfully submitted,

*/s/   Michael A. Firestein*

Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Michael A. Firestein
Lary Alan Rappaport
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067

*Attorneys for the Financial Oversight and
Management Board, as representative for the
Debtor*

*/s/   Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtor*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF

participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer
