EXHIBIT 1 – A

AMENDED  JUDGMENT ENTERED BY THE COURT OF FIRST
INSTANCE OF PUERTO RICO IN CASE No. K AC 1991-0665

PAG. 01                COMMONWEALTH OF PUERTO RICO
                         COURT OF FIRST INSTANCE
                              SAN JUAN PART

CRUZ HERNANDEZ, CARMEN SOCORRO                CASE: K AC1991-0665
                     PLAINTIFF                ROOM: 0905
          VS.
COMMONWEALTH OF PUERTO RICO
                     DEFENDANT   CIVIL ACTION

                                              CAUSE/CRIME


ATTY. GONZALEZ MORALES IVONNE
PO BOX 9021828
SAN JUAN PR                    00902–1828

                    NOTIFICATION OF JUDGMENT

          THE UNDERSIGNED CLERK NOTIFIES YOU THAT THIS COURT HAS ISSUED
JUDGMENT IN THE CAPTIONED CASE ON THE DATE OF SEPTEMBER 13, 2006,
WHICH HAS BEEN DULY REGISTERED AND FILED IN THE RECORDS OF THIS CASE,
WHERE YOU MAY FIND OUT IN DETAIL THE TERMS OF THE SAME.

          AND, SINCE YOU ARE OR REPRESENT THE PARTY AFFECTED BY THE
JUDGMENT, OF WHICH A REQUEST FOR APPEAL MAY BE FILED, I ADDRESS THIS
NOTIFICATION TO YOU, HAVING FILED A COPY OF THE SAME IN THE RECORDS
OF THIS CASE ON THE DATE OF SEPTEMBER 20, 2006.

ACEVEDO COLON MILAGROS
ROOSEVELT URB.                      478 CANALS STREET STE. 1-A
SAN JUAN PR                         00918

DIAZ LUGO MANUEL
DEPARTMENT OF JUSTICE               PO BOX 9020192
SAN JUAN PR                         00902-0192

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

SAN JUAN, PUERTO RICO SEPTEMBER 20, 2006.

ATTY. REBECCA RIVERA TORRES
CLERK
BY: LIZBETH SALGADO MATOS s/illegible
DEPUTY CLERK

O.A.T. 704-NOTIFICATION OF JUDGMENT
TELETRIBUNALES: (787)759-1888/ISLAND. TOLL FREE (787)1-877-759-1888

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART OF SAN JUAN

| | | |
|---|---|---|
| CRUZ HERNANDEZ, CARMEN SOCORRO . ET ALS | | CIVIL NO.: KAC 91-0665 (905) |
| PLAINTIFFS | . | |
| | . | |
| VS. | . | RE: |
| | . | |
| COMMONWEALTH OF PUERTO RICO ET ALS | . | DECLARATORY JUDGMENT |
| DEFENDANTS | . | |

..........................................................

## SECOND AMENDED JUDGMENT

The plaintiffs (361 in all) are office clerks, secretaries, executive officers, social service technicians, assistant collectors and other employees of the Family Department, whose positions are assigned between scales 01 to 19 of the Retribution Plan of the aforementioned Department and are identified hereinafter:

Acevedo Cordero, **Carlos E**, Acevedo Lopez, **Victor**; Acevedo Perez, **Winda L**; Acevedo Reyes, **Rosa E**.; Acevedo Rivera, **Aida**; Acevedo Suarez, **Gladys**; Acevedo Velazquez, **Cruz**; Acosta Crespo, **Carmen A.**; Adorno Campos, **Esteban**; Agosto Baquero, **Nilsa;** Agosto De Maldonado, **Laura E**.; Agosto Figueroa, **Rosa M**.; Aleman Gonzalez, **Carmen M.**; Alicea Sastre, **Mara G**.; Almedina De Rivera, **Luz E**.;

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

Alvarado Santos, **Amalia**; Alvarez Matos **Conchita**; Andino Bultron, **Maria S**.; Aponte Cartagena, **Tomas**; Aponte Hernandez, **Ivette**; Arcelay De Moya, **Ada H**.; Avila Velázquez, **Maribel**; Baez Figueroa, **Raul**; Ballester Nieves, **Luis**; Barreto Robles, **Carmen A**.; Bello Cancel, **Carmen L**.; Bermúdez Felix, **Isabel**; Bermúdez Torres, **Isabel**; Bernes Rodríguez, **Maria L**.; Berrios Vazquez, **Luis**; Bonet Varella, **Alberto**; Bonilla Roman, **Josefina**; Brache Sanes, **Loyda E.;** Burgos Colon, **Adela**; Burgos Cruz, **Luz E.;** Burgos Morales, **Ramon**; Cabrera Medina, **Miriam**; Calderon Rodríguez, **Blanca I**.; Calderon Cruz, **Carmen B.;** Campusano Sosa, **Josefina**; Canales Robinson, **David**; Caraballo Rodríguez, **Zenaida**; Casas Otero, **Josefina**; Castillo Pastrana, **Edelmira**; Castillo Pizzini, **Iris**; Castro Clemente, **María L**.; Cintrón Caraballo, **Carmen M**.; Colon De Navas, **Eva L**.; Colon Aulet, **Norma Iris**; Colon Ortiz, **Demetrio**; Colon Rodríguez, **Ana L**.; Colón Rodríguez, **Nelida;** Comulada Ortiz, **Juan H**.; Concepción Lozada, **Gloria E**.; Concepción Sierra, **Maricelys**; Contreras Santiago, **Jose E.;** Cordero Santiago, **Zaida E**.; Corsino Pimentel, **Julia E**.; Cortes Acevedo, **Olga**; Cosme Negron, **Noel;** Cotte Alvarado, **Efraín**; Cotto Sánchez, **Rosa**; Cotto, **Luz Minerva**; Cruz Adames, **Lucila**; Cruz Collazo, **Manuela**; Cruz Garcia, **Isabel**; Cruz Hernandez, **Carmen S.;** Cruz Lorenzana, **Sara**; Cruz Rivera, **Crucita**; Cruz Rosa, **Ivonne;** Cruz Saez, **Alejandrina;** Cruz Serrano, **Domingo**; Cruz Tosado,

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

3

**Nancy**; Cruz Vargas, **Ruben;** Cumbas Burgos, **Esther**; Davila Paris, **Zaida I.**; De Jesús Alvarado, **Carmen M.** ; Delgado Cámara, **Elda R.**; Delgado Ramos, **Edwin R.**; Diaz Colon, **Luis E.**; Diaz Cruz, **Aida Luz**; Diaz Flecha, **Carmen J.**; Diaz Flores, **Jorge Luis**; Díaz Hernández, **Mildred**; Díaz Rodríguez, **Teresa J.;** Diaz Garcia, **Miguel**; Escobar Barreto, **Carmen L.**; Espada Rosario, **Diana**; Falu Febres, **Luis R.**; Faris Elba, **Clara E.**; Feliciano Hernández, **Ada E.**; Fereira Rosario, **Maria A.**; Fernández Fernández, **Ana H.**; Fernandez González, **Emilio**; Fernández Hernandez, **Jesús**; Fernández Morales, **Maria N.;** Fernández Roldán, **Judith**; Figueroa Adorno, **Eladia**; Figueroa Gonzalez, **Juanita**; Figueroa Morales, **Felix M.;** Figueroa Rivera, **Maria Del Carmen**; Figueroa Ruiz, **Mercedes**; Flecha Gonzalez, **Rosa M.**; Fontanez Delgado, **Evelyn**; Forty Ortiz, **Luz M.**; Francis Salamán , **Laura**; Fuentes Ayala, **Luis A.**; Galindez Tanco, **Alicia**; Galloza González, **Carlos R;** Garcia Soto, **Irma A.;** Gómez Pérez, **Hernán**; Gomez Colón, **Carmen N.;** Gonzalez Pizarro, **Maria M.**; Gonzalez Andino, **Andres**; Gonzalez Cantero, **Alejandrina**; Gonzalez Cruz, **Manuel Eloy**; González Franquie, **Estela**; González Ramos, **Leyne**; Gonzalez Reyes, **Maria S.;** Gonzalez Rivera, **Irma S.**; Gonzalez Rodriguez, **Neyda;** González Rosado, **Manuel**; Guerra Figueroa, **Luisa V.;** Hernández De Muñoz, **María;** Hernandez Gonzalez, **Maria D.;** Hernandez Padilla, **Josefina**; Hernandez Serrano, **Norma I.**; Hernandez

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

4

Velazquez, **Ramon**; Jackson Rivera, **Kenneth**; Jorge Garcia, **Luisa**; Jorge Morales, **Jorge Antonio**; Jusino Fumero, **Waddie;** Laguer  Morales,  **Sonia**; Lasalle Concepción, **María S**.; Latimer De Rodríguez, **Amparo**; Lazú Santiago,  **Jesús**; Lopez Millan, **Esperanzo**; Lopez Campos,  **Milagros G**.; Lopez Cruz,  **Luz M.;** Lopez Diaz, **Rosa L.;** Lopez Lugo, **Esmeraldo**; Lopez Nieves, **Nail V**.; Lopez Reyes, **Maria De Los A**.; Lopez Rios, **Alfonso**; Lopez Rivera,  **Pedro**; Lorenzo  Perez,  **Naida;** Lorenzo Gonzalez, **Miguel**; Lorenzo Lorenzo, **Zoraida;** Lozada Lozada,  **Cipriano;** Lugo Horrach,  **Gumersindo**; Lugo Rosario,  Ana **Maria;** Lugo Sanabria,  **Cristino;** Llanos Nieves, **Nilda;** Llanos Rosario, **Luz D.;** Maldonado Cardona,  **Myrna;** Maldonado Rodríguez, **Amelia**; Maldondo Colón, **Esteban P.;** Marrero De Barbosa,  **Carmen J.;** Martinez  Diaz,  **Josefina;** Martinez Gonzalez, **Priscilla;** Martínez Negrón, **Aida L.;** Martínez Rivera, **Myriam C.;** Martínez Rodríguez, **Carmen B.;** Martinez Rosado, **Myriam;** Marzan Concepción,  **Juana;** Matias  Acevedo, **Maria I;** Matías Cruz, **Luz C.;** Matos Fuentes,  **Ana V.;** Medina Baez,  **Cristina;** Medina Lopez, **Francisco;** Medina Medina,  **Ana L.;** Medina Ortiz,  **Emenelio;** Medina Torres, **Sonia M.;** Meléndez Alicea,  **Carmen D.;** Mendez  Estien,  **Ramonita;** Mendez Gonzalez, **Juan J.;** Mendez Perez, **Julio;** Menendez Negron, **Ana D.;** Mercado De Ortiz, **Ana;** Merced Rivera,  **Ferdinand;** Monge, **Margarita;** Montañés Morales,  **Modesta;** Montes

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

5

Delgado, **Monserrate;** Montes Maldonado, **Felix;** Montezuma Velázquez, **Nydia;** Morales Rodríguez, **Gladys;** Morales Santiago, **Hiram;** Morales Serrano, **Maria I.;** Mujica Mujica, **Rosa De Los A.;** Nieves Gorrite, **María**;  Nuñez Sánchez, **Luz;** Oquendo Cruz, **Santa;** Ortiz Agosto, **Maria I.;** Ortiz Cruz, **Teresa;** Ortiz Gerena, **Paula;** Ortiz Guilbe, **Rosa;** Ortiz Lopez, **Luis A.;** Ortíz Nieves, **María M.;** Ortiz Ramos, **Antonio;** Ortiz Salines, **Ana Elsa;** Pabon De Villodas, **Myrta;** Pacheco De Ramos, **Judith;** Pacheco Quidley, **Carmen E.;** Padilla Padilla, **María Isabel**; Padin Rivera, **Rosita;** Pagan Sánchez, **Nancy E.;** Paris Tapia, **Olga E.;** Parrilla Aragones, **Angel L.;** Pastrana Pagan, **Awilda;** Perez Casta, **Iris M.,** Perez Cruz, **Daisy;** Perez Garcia, **Lourdes;** Perez Maisonet, **Esmeralda;** Perez Serrano, **Carmen L.;** Perez Velez, **Adelaida;** Perez Villanueva, **Ilsa I.;** Pillot Orta, **Victoria;** Pimentel De Diaz, **Paula;** Pitre Román, Aida Nelly; Quintana, **Ana E.;** Quiñónez Fuentes, **Juan M.;** Ramírez Ocasio, **Francisca;** Ramos Burgos, **Pablo;** Ramos Miranda, **Ivonne;** Ramos Rivas, **Judith M.;** Rios Lopez, **Elsie L.;** Rivas Rios, **Antonio;** Rivera Acevedo, **Maria T. ;** Rivera Benitez, **Amador;** Rivera Carrasquillo, **Rosalía;** Rivera Colon, **Carmen M.;** Rivera Cortés, **Atilda;** Rivera Cruz, **Maria Esther;** Rivera De Jesus, **Ramon L.;** Rivera Lopez, **Carmen S.;** Rivera Medina, **María E.;** Rivera Monserrate, **Juana D.;** Rivera Orellana, **Priscilla;** Rivera Piña, **Noemí;** Rivera Quiñónez, **Carmen D.;** Rivera Rivera,

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

6

**Josefina;** Rivera Rodríguez, **Evelyn;** Rivera Rodríguez, **Luz Teresa;** Rivera Soto,

**Felix;** Rivera Torres, **Olmisda M.;** Rivera Veguilla, **Jose;** Rivera Zambrana, **Eliud;**

Robles Gonzalez, **Raquel;** Robles Ortiz, **Jesús M.;** Robles Rivera, **Nydia;** Robles

Sierra, **Ramonita;** Rodríguez Abreu, **Ángel;** Rodríguez Carrillo, **Georgina;** Rodríguez

Collazo, **Eddie;** Rodríguez De Romero, **Milagros;** Rodríguez González **Rosa M.;**

Rodríguez Gonzalez, **Nelly;** Rodríguez Martinez, **Carmen L.;** Rodriguez Ramos,

**María;** Rodríguez Rodríguez, **Alfredo;** Rodríguez Rodríguez, **Ixia E.;** Rohena Barreto,

**Jose L.;** Roldan Sanes, **Vicente;** Roman Hernández, **Maria D.;** Romero Cruz,

**Marilyn;** Romero Paris, **Lydia;** Rosa Maldonado, **Elmerida;** Rosa Navarro, **Carmen**

**R.;** Rosado Cruz, **Maria;** Rosado Medina, **Carmen M.;** Rosado Rosario, **José E.;**

Rosado Vázquez, **Iris Sonia;** Rosario Diaz, **Gladys;** Rosario Rivera, **Nereida;** Rosario

Serrano, **Elulogia;** Ruberte De Molina, **Noemí;** Ruiz De La Torre, **Minerva;** Ruíz

González, **Doris N.**; Ruiz Manzano, **Flor M.;** Ruiz Ramos, **Carmen M.;**Ruiz Rivera,

**Osvaldo**; Saldaña Carrasquillo, **Ermelindo**; Salgado Pizarro, **Jaime;** Salgado Santos,

**Carmelo;** Salgado Soler, **Lupercio;** Sanchez Gonzalez, **Miguel;** Sanchez Nieves,

**Elizabeth;** Sanchez Pomales, **Carmen S.;** Sánchez Rios, **Paula;** Sánchez Rodríguez,

**Luz E.;** Sánchez Roman, **Myrta;** Sánchez Soto, **Iris Y.;** Sanchez Vélez, **Jacqueline;**

Santa Colon, **Ivette;** Santana Avilés, **Atilda;** Santana Claudio, **Sarah;** Santiago

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

7

Bermúdez, **Zenaida;** Santiago Garcia, **Iris M.;** Santiago Rosa, **Miguel;** Santiago Carrion, **Santa;** Serrano Davila, **Ivette Ma.;** Serrano Diaz, **Orlando;** Serrano Negrón, **María Lydia;** Sola Sanchez, **Karen;** Soler Morales, **María Del C.;**  Solivan, **Francisco;** Soto Sanes, **Patria H.;** Soto Torres, **Digna R.;** Sterling  Berten, **Margarita;** Sterling Lebron, **Joseph;** Tapia Rios, **Ruth M.;** Tirado Maysonet, **Ricardo;** Torres Cartagena, **Maria E.;** Torres Concepción,  **Gloria E.;** Torres Davila, **Blanca;** Torres Jiménez, **Aida I.;** Torres Muñoz, **Hélice;** Torres Núñez, **María;** Torres Perez, **Felicita;** Torres Pozzi, **Luz N.;** Torres Pozzi, **Zenaida;** Torres Rivera, **Edith;** Torres Sánchez, **Consuelo;** Torres Santiago, **Marilú;** Travieso Leduc, **Jose L.;** Vachier  Monell, **Antonio;** Valcarcel Osorio, **Victor M.;** Varela Cartagena, **Patria;** Vargas Perez, **Ana;** Vargas Vargas, **María E.;** Vargas Vega, **Esther  E.;** Vazquez Castillo, **Irma;** Vázquez Cintrón, **Rosa Iris;** Vazquez Rivera, **Maria Teresa;** Vega Hernandez, **Gilberto;** Vega Jiménez, **Milagros;** Vega López, **Jorge L.;** Vega Soto, **Amalia;** Velázquez Benitez, **Ana Delia;** Velázquez Cruz, **Ada Y.;** Velázquez Rosado, **Migdalia;** Velez Correa, **Eulalia;** Velez Laffonse, **Jose;** Velez Meléndez, **Ivelisse;** Velez Nieves, **Delia;** Velez Ortiz, **Hilda;** Velez Ortiz, **Miriam M.;** Velez Sánchez, **Nydia M.;** Velez Tirado, **Enoelia;** Verges Vázquez, **Carmen M.;** Viera Ramos, **Ivelisse;** Viera Zayas, **Carmen;** Villa Soto, **María;** Villafañe De Leon, **Felix M.;**

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

8

Villafañe Perez, **Arlyn I.;** Villegas Martínez, **Rosita;** Vizcarrondo Flores, **Evelyn;** Zayas Esteras, **Reina L.;** Zayas Rivera, Norberto.

Said employees filed a complaint regarding Declaratory Judgment in 1991, to request, among others, the declaration of nullification of General Memorandum 5-86 dated April 23, 1986, issued by the Central Office of Personnel Administration (OCAP in Spanish) today the Human Resources Office of the Commonwealth of P.R. (ORHELA), since it was in open conflict with the provisions established under the Uniform Retribution Act and with the principal of equal pay for equal work guaranteed by Art. II section 16 of our Constitution.

Essentially the aforementioned employees claim that they were prejudiced in the assignment of their salaries when there was implanted in the Family Department the Federal minimum wage that entered into effect on April 15, 1986 and subsequent increases, since they left inoperative the scale system and there was adopted a payment system different to the one established by law, wherefore they were not paid in an equitable manner, since they were performing functions that required greater responsibilities, skills and complexity in the performance and they should have been compensated in a different manner. They also allege that as a direct result of the adjustment formula impugned, there were illegally eliminated merit

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

9

steps, years of service and legislative increases previously received, which constitute acquired rights and are independent from the salary scales and they claim the payment of the salaries that correspond to them pursuant to law.

In the complaint, there is alleged the nullification of General Memorandum 5-86 of the OCAP since the aforementioned adjustment was intentionally applied to reduce the impact of the minimum salary and it produced an unjust enrichment, when the defendants benefitted from the more complex functions performed by the plaintiff employees without paying the fair compensation for the same. Furthermore, it is alleged that they refused to apply the mechanism of reduction of the work week, as provided under Law 5 of November 20, 1975, in case the Family Department did not have sufficient funds to comply with the minimum salary. Therefore, they claim the imposition of the mandatory penalty established in Sec. 216(b) of the FLSA, costs and attorneys fees.

After several amendments were filed to the complaint, where there were accumulated the previously identified career employees, the defendant filed an answer to the amended complaint, where it essentially alleged that they had complied with the Minimum Wage Act and refused responsibility for their actions.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

10

After conducting multiple procedural proceedings, on the date of November

29, 2001, the parties filed a joint motion where they included stipulations of Additional

Facts and of Documentary Evidence.

From the aforementioned document it appears that the controversies

submitted by the parties are the following:

A. To determine if the Family Department violated the Uniform Retribution
Act, since it had not updated its retribution structure to the minimum
salary and had equated the salaries of the plaintiff to the one received
by the janitor and worker, despite the fact that they were performing
tasks of a greater complexity and responsibility.

B. To determine if the Family Department violated Article II, Section 16 of
the Constitution of the Commonwealth of Puerto Rico, which recognizes
the right of every work to receive equal pay for equal work.

C. To determine if the defendants exceeded themselves in the use of their
discretional faculties by ignoring the obligation as agency heads to
implement a program of reduction of the daily work schedule as
provided by Law 5 of November 20, 1975.

D. To determine the legality of General Memorandum 5-86 of OCAP of
April 23, 1985 and of the subsequent adjustments practiced for the
implementation of the minimum wage.

E. To resolve, under the same operational facts, if the defendants violated
sections 215 and 218 of the FLSA.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

11

    F.  To determine if it is pertinent to issue a permanent Order to cease and desist to avoid future violations to statutes and regulations.

After this, the plaintiff filed a Motion to request the issuance of the Partial Summary Judgment in its favor and we scheduled the same for discussion.

Meanwhile, and since we understood that the issue of basic right to be determined in this case was already resolved in the Declaratory Judgment issued on the day of September 25, 2003, by the Court of First Instance, Superior Part of San Juan, in the case of <u>Juan Pérez Colón et al v. Department of Transportation and Public Works v. OCAP,</u> civil case number KAC-1990-0487(905), the plaintiffs requested through a Motion that, since the aforementioned case was identical in all the pertinent aspects to this case, that judicial knowledge of the same be taken, and what was resolved therein be applied under the doctrine of collateral impediment due to Judgment.

After several indications in the hearing held on January 20, 2006, the parties informed the court that they had reached an agreement for the issuance of a Judgment by Stipulation and they informed that ORHELA and the Secretary of the Department of the Family had issued their approval to the salary scales submitted

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

12

through Motion of February 22, 2005.  Furthermore, they issued the directives of how

they would dispose of the case, as to which there was an agreement between the

parties, remaining pending the notification of the judgment.  This being the case, the

Court issued Judgment on January 23, 2006 by stipulation, pursuant to which there

were approved the salary scales marked as Exhibit 2.

On the other hand, and it having been determined that there is no real

controversy of facts with regard to any material fact and as a matter of law it is

pertinent to issue a Partial Summary Judgment in favor of the plaintiff, with regard to

the controversies submitted for adjudication that were previously transcribed, we

understand that there is no reason to postpone its resolution, up until the total

resolution of the lawsuit.

In agreement with what is stated, Judgment is issued in favor of the

plaintiffs, with the following pronouncements and provisions:

**The facts as to which there exists no controversy, arise from the**

**Stipulations agreed by the parties and are literally transcribed hereinafter:**

1.  The plaintiffs are career employees that work for the Department of Social
Services, today the Family Department, and occupy positions of secretaries, office
clerks, executive officers, social service technicians, assistant collectors, social services

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

13

assistants, accounting officers, etc.  These positions were assigned annually by the Director of the Central Office of Personnel, hereinafter OCAP (in Spanish), between the years 1986 to 1996 in scales 1 to 19 of the Retribution Plan of the Central Administration and subsequently when the Retribution Plan created by the agency as an Individual Administrator was adopted.

2.  That on April 15, 1986 there commenced to govern in the Puerto Rico Government the Federal Minimum Federal Wage Act, which established a minimum salary of $3.35 per hour worked.

3.  That on that date, there were 39 types of salary scales.  Of these the first 11 scales received salaries below the Federal minimum wage.

4.  That when there entered into effect the Federal minium wage, on April 15, 1986, the Social Services Department, today the Family Department, equated the salary of the employees assigned to these first 11 scales based on $3.35 per hor, remaining inoperative the retribution plan.

5.  That when the adjustment was made, all of the employees that belonged to said scales received the same salary that the janitor and the worker in accordance with the Federal minimum wage established of $3.35 per hour.  After this, the Social Services Department, today the Family Department, elaborated a Uniform Retribution Plan which established new salary scales, which was given the effective date of April 1, 1996.  This plan contains 33 salary scales, instead of 39 salary scales that existed in 1986.  This plan was elaborated by the Social Services Department, today the Family Department, with the collaboration and consultation of OCAP.

6.  That the situation was again produced in the years 1990, 1991, 1992, 1993 and 1994 as a result of the implementation of new increases in the federal Minimum Wage Act. Therefore, while the Federal minimum wage was being increased,  they continued to affect new additional scales.  In this manner, already by April 11, 1996,

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

14

the date prior to there entering into effect the Uniform Retribution Plan of the Social Services Department, today the Family Department, 19 salary scales had been affected.

7. On September 1997 when there was again an increase in the minimum wage of the employees of the agency the Retribution Plan of 1996 was left inoperative.

8. On April 1, 1985, and in its function of providing counseling to the government agencies, the OCAP issued **Special Memorandum No. 8-85** where it informed the Secretaries and the agency heads the decision of the case of Garcia v. San Antonio Metropolitan Mass. Transit Authority, 469 U.S. 528 (1985). (Exhibit 1).

"As a result of this decision, the employees of the Government of the Commonwealth of Puerto Rico and of its Municipal Governments should be paid the Federal minimum wage and compensated the overtime at the rate of time and a half through a cash payment".

9. On **April 18, 1985**, the Director of OCAP sent to the then Governor of Puerto Rico, Rafael Hernández Colón, a Memorandum regarding the following matter: "Salary structure alternatives to provide salary increases to the public employees under the Central Administration and to comply with the Federal minimum." (Exhibit 2) The communication proposed a salary improvement in four stages which exceeded the Federal minimum wage for 1988 and included as an attachment the proposed salary scales.

With regard to the trust personnel, it stated: "...it is [n]ot necessary to take action immediately since the basic scale of the salary structure that is applied $505-657 at present has no classes assigned. The lowest salary in the Trust Service is the one corresponding to the class of driver that is assigned to the second scale $549-714."

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

15

10. On July 2, 1985, OCAP send and circulated among the agencies, **General Memorandum 7-85**, to inform all of the agency heads that the decision of the Hon. Federal Supreme Court, García v. San Antonio Metropolitan Mass Transit Authority, supra, was confirmed and included general information on the form of compensating the overtime hours. [Exhibit 3]

11. On September 5, 1985, OCAP issued and circulated General Memorandum No. 9-85 addressed to all of the agency heads regarding "The Interpretation of Aspects related to the Retribution of the Employees" which included in clause (a) the standard of interpretation of Art. 3 of Law No. 3 of June 30, 1977. Through that directive, the legislative intent was recognized, as stated in Art. 3 of "expanding in that same proportion the retribution scales for the employees that receive the same". In what concerns the employees that were not made effective the increase since they were receiving the maximum salaries of the scale, an instruction was issued to the agencies to "re-evaluate the cases pursuant to that interpretation".

12. On September 17, 1985, the OCAP sent to the then Governor of Puerto Rico the study related to the economic impact that the Central Administration would have by the implementation of the Federal Minimum Wage.

13. On October 14, 1985, OCAP issued Special Memorandum No. 25-85 addressed to all of the agency heads containing the LAST JURISPRUDENCE RELATED TO PERSONNEL ADMINISTRATION. It included a summary of the decision of the Honorable Federal Supreme Court in Garcia v. San Antonio Metropolitan Mass Transit Authority, supra. Said communication informs: "...the federal minimum wage and the payment for overtime as recognized in the same in the Federal Reasonable Standards Act for work, are of application for the employees of the Commonwealth of Puerto Rico as of the 15th day of April 1985."

14. On November 20, 1985, the Director of OCAP sent to the then Governor of Puerto Rico, a Memorandum regarding: "Salary increase to the Public Employees"

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

16

where he informs "At present it is necessary to comply with the Federal minimum wage as of April 15, 1986, which possibly requires that it be made in a single stage." (Exhibit 5)

15. From the contents of the document it appears that OCAP designed a new wage structure for the career service of the Central Administration based on a minimum wage of $545-736 which complied with the Federal minimum wage in effect of $3.335 per hour; furthermore it consigns:

"This structure would be implemented by us adjusting the actual salary of the employees to the immediate amount or type of retribution that is higher in the scale corresponding to the new structure to reduce its budgetary effect."

16. On March 26, 1986 the OCAP issued General Memorandum 3-86 where it updated to the agency heads the information regarding the application of the Minimum Wage Act sent referring to the case of Garcia, supra. Furthermore, it informed them that the FLSA would enter into application in the Government on April 15, 1986, offering more details regarding the applicability of this Law.

17. That on April 15, 1986 there commenced to govern in the Government of Puerto Rico the Federal Minimum Wage which established a minimum salary of $3.35 per hour worked. On that date, the Department equated the salary of the plaintiff employees as consigned in the preceding Stipulations number 3; 4 and 5.

18. After this, on April 15, 1986, there was presented H.B. 493 to propose an amendment to clauses (2) and (3) of Art. 7 of the Uniform Retribution Act. converted into Law No. 149 of July 18, 1986. This law had the purpose of endowing the OCAP and its directors with mechanisms of greater flexibility to practice adjustments and extensions to the retribution scales of the Central Administration and eliminated the requirement to obtain the prior approval of the Governor for said transactions.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

17

19. On April 23, 1986, through **General Memorandum 5-86**, the OCAP informed the agency heads of the application of the minimum wage of $3.35 per hour effective on April 15, 1986 and included a directive to practice the salary adjustments. With regard to the Municipalities they were instructed to implement a plan of reduction of the daily work schedule if they determined an insufficiency of funds to implement the minimum wage. [Exhibit 1].

20. When this directive of OCAP was issued it did not consult with the Federal Secretary of Labor to verify if it complied or not with the requirements of the Minimum Wage Act. [Answer of OCAP to the Request for Admissions].

21. On June 30, 1986, OCAP issued **Memorandum No. 3-86** informing the tenth Assignment of Classes of the Career Service of the Central Administration: "For this fiscal year there have not been registered changes to the salary scales. Nevertheless, it is mandatory that the agencies comply with the provision of the Reasonable Labor Standards Acct with regard to the Federal minimum wage." Attachment I of Memorandum 3-86 includes a list of the amendments made to the previous assignment of classes during the course of the year where it assigns classes to higher scales.

22. With regard to the irregular employees, governed by Law 110 of June 26, 1958, as amended, and notwithstanding having recognized in Memorandum No. 3-86 of April 23, the application of the minimum wage of 3.15 hr., the OCAP issued on the date of August 22, 1986, **General Memorandum No. 12-86** regarding: "Amendment to the Scales of Pay for Irregular Personnel". In this new scale, the anchor salary of Group I was developed based on a salary of $3.00 per hour, wherefore it is below the Federal minimum wage established on that date. [Exhibit 9].

23. The Federal minimum wage increased in the Family Department, on the dates and amounts that are hereinafter indicated:

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

18

| April 15, 1986 | to 3.25 hr. |
| April 1, 1990 | to 3.55 hr. |
| April 1, 1991 | to 3.70 hr. |
| April 1, 1992 | to 3.90 hr. |
| April 1, 1993 | to 4.05 hr. |
| April 1, 1994 | to 4.25 hr. |
| April 1, 1996 | to 4.45 hr. |
| April 1, 1997 | to 5.15 hr. |
| Sept 1, 2000 | to 5.80 hr. |

24. The standard adopted by the Family Department to implement the salary adjustments when the minimum salary and subsequent increases entered into effect, as identified in the previous paragraph equated the salary of the plaintiff employees to the salary received by the worker and the janitor.

25. In 1991, the Social Services Department was constituted into an Individual Administrator pursuant to **Executive Order Number OE-1991-46**, signed by the then Governor of Puerto Rico, Rafael Hernández Colón, conferring to the Secretary of that Department the faculty to adopt its own Classification and Retribution Plan.

26. Through **Special Memorandum No. 26-93** of July 1, 1993, the OCAP recognized and affirmed the obligation of the agency heads and the Individual Administrators to adjust the Retribution Plan to the Federal legislation applicable to the public service. [Exhibit 20]

27. On June 3, 1994, the OCAP issued **Memorandum No. 5-94**, addressed to the Heads of the Individual Administrator Agencies of the Personnel System regarding: Assignment of the classes of positions to the retribution scales effective at the beginning of each fiscal year; updating the retribution structures; Federal minimum wage: [Exhibit 24]

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

19

"The individual administrators that still continue to use the plans that governed for the Central Administration must be aware that since said sector of the Personnel System is not functioning, it is not pertinent to effect the assignment of the classes to the corresponding scales in said plans. To the same we reiterate that it is imperative and prioritary that they develop and implant these instruments of work. See, Special Memorandum No. 26-93 and Special Memorandum No. 13-94 which we sent regarding this matter.

28. **Memorandum 5-94**, reads:

"Updating the Structures of Retribution. Clause 1 of Article 2 of the Uniform Retribution Act establishes that it is the obligation of the Individual Administrators to maintain up to date the retribution plans that they adopt for the career and trust services. For this reason, the agencies that have approved and implemented their own classification and retribution plan that they have in effect respond to what is provided in Section 4.6 of the Uniform Retribution Regulation, particularly in clauses (2), (3), (5), (6) and (8).

29. On the other hand, **Memorandum 5-94** states that "[s]ome agencies are not sending annually the corresponding copy to our office, which is indicative that they have not put into observation the aforementioned legal and regulatory standards."

30. While the scale of retribution of the Department of the Family was maintained inoperative by the defendants, OCAP continued the practice of authorizing the assignment of multiple classes to higher scales. [Exhibit 22].

31. In 1994, OCAP redacted two documents entitled:

a. "Relationship of the class in the Career Service that have been impacted with the application of the Federal Minimum Wage".

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

b. "Classes reassigned to Higher Scales of Retribution since the first of April of 1986 up to the present". [Exhibits 21 and 22].

32. This being the case, in July 1996, the Family Department adopted a new Classification and Retribution Plan. Paragraph III, of the Plan provides:

"Description of the wage structures. The wage structure adopted consists of twenty three (23) wage scales. The number of scales necessary to cover the two hundred ten (210) classes of positions resulting from the classification study was determined based on the grouping of classes of positions taking into consideration the levels of complexity or difficulty of the work, the magnitude of the responsibility and the degree of authority, elements which among others, constitute the demands of the positions assigned to each class of position. There was also taken into consideration the difficulties in recruitment and retention existing in some classes of position."

"The basic salary of the structure is Seven Hundred Eighty Dollars ($780.00) per month." [Exhibit 26 A].

33. As of March 1, 1996, the date prior to the entrance into effect of the Retribution Plan of the Family Department, due to the increases decreed in the minimum wage, there had been 19 salary scales affected. Wherefore when the Department practiced the corresponding assignment of the positions occupied by the plaintiffs to the new scales, there was reestablished the salary difference that existed between the different categories of positions that had remained inoperative since April 1986.

34. "In its message before the 5[th] Ordinary Session of the twelfth Legislative Assembly of PR on January 24, 1995, the Governor of Puerto Rico stated:

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

21

"The situation of the CWPR; and the Government of Puerto Rico had a frank economic recovery. There were instrumented two tax reforms, there was approved legislation to substantially increase the salaries of the policemen, firemen, nurses, custody officers, teachers and other groups of public employees". [Exhibit 28]

35. On January 31, 1996, the El Nuevo Día newspaper published that as of the closing of the present fiscal year there existed a cash excess of 300 million. [Exhibit 27]

36. On March 19, 1996, an amendment was made effective to the New Plan of Classification of Positions, as proposed by the Department and approved by OCAP. In the same they assigned several classes of positions to higher scales of Retribution. [Exhibit 30A].

37. Through Special Memorandum #51-96 regarding: "New Federal Minimum Wage effective on October 1, 1996 and on September 1, 1997", the Director of OCAP notified that:

"As of October first of 1996, the employees of the state government, independent of their status or category, are covered by the New Federal Minimum Wage of $4.75 per hour". As of September 1, 1997 the Federal Minimum Wage will be $5.15 per hour". [Exhibit 28]

38. In June 1997 and through Memorandum No. 8-97, OCAP amended the Guide of Classification of Functions and Payment Scales of the Regulation for the Irregular Personnel to conform the same to the new minimum salary of $5.15 per hour effective September 1, 1997. [Exhibit 29]

39. On March 20, 1998, the Family Department made effective its third assignment of classes leaving without change the new salary structure of the career

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

22

service that it adopted in 1996. With the same, there was maintained inoperative the referenced retribution plan, which had seen the increase that occurred in the Minimum Salary to $5.15 per hour. [Exhibit 31]

40. On October 25, 1997, the Family Department made another review of the assignments of classes to higher scales and created new classes, and has maintained up to the present the Retribution plan that it adopted in 1996, without change, except the reassignments and changes previously identified. [Exhibit 32]

## CONCLUSIONS OF LAW

In Puerto Rico there is a clear public policy that pretends to provide to the employees of the governmental sector an equitable and fair treatment in the establishment of their salary and other forms of retribution. In order to execute this public policy and recognizing the legislator that the area of retribution of the public employee is one of the most important, "to achieve a modern and balanced system of personnel administration and to facilitate the application of the principle of merit", the Legislative Assembly approved Law No. 89 of July 12, 1979, as amended, 3 L.P.R.A. §§ 760 et seq, known as the Uniform Retribution Act. It appears from the legislative history that its purpose is in agreement with the principle of "equal pay for equal work [and] to establish a retribution system that propitiates uniformity, equity and justice in the establishment of the salaries of all of the employees of the public

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

23

service, [at the same time that] it pursues the application of mechanisms that tend to and facilitate the recruitment and retention of personnel through the concession of additional incentives." Law No. 89 of July 12, 1979, supra, at the Statement of Purposes. See, Aulet Lebrón v. Depto. de Servicios Sociales, 129 D.P.R. 1 (1991).

The Retribution Act, supra, also establishes the functions of the Central Office of Personnel Administration, hereinafter O.C.A.P., and delegates it the responsibility of promoting the regulation that will complement the juridical scheme that serves as a basis for the implementation of the retribution plans of the agencies and establish the basis standards that will serve as a guide to establish the responsibilities of the Individual Administrators in elaborating and administering their own retribution plans. Additionally, said law conferred the task of "conducting retribution studies in the different sectors of the economy that involve the salary levels and tendencies as well as other forms of compensation such as incentives and fringe benefits" [and the mission] of supervising the operation of this System". 3 L.P.R.A. §760b.

To that effect, the Retribution Act, supra, establishes in its Art. 2 that O.C.A.P., in the case of the Central Administration, and each nominating authority in the case of the Individual Administrators, will adopt retribution plans pursuant to the regulation

Certified to be a true and correct translation from its original. Aida Torres, U.S.C.C.I. Tel. 787-225-8218 aidatranslation@gmail.com

24

that the Office adopts to instrument this law to the general standards of retribution

that it emits. 3 L.P.R.A. §760a. It also provides that by establishing and maintaining

the aforementioned retribution plans it must take into consideration diverse factors,

such as: levels of responsibility and complexity of the functions, necessary

qualifications for the performance of the same; existing difficulties in the recruitment

and retention of personnel in the different classes of positions; working conditions;

existing promotion opportunities within the classification plans; prevailing salaries in

different sectors of the economy; aspects related to the costs of life, and fiscal

possibilities, 3 L.P.R.A. § 760a, (2). See, Uniform Retribution Regulation, Regulation

No. 3109 of June 7, 1984.

Considering what is previously stated, we understand that the selection of the

Family Department of the adjustment formula recommended by O.C.A.P., in general

Memorandum 5-86, of April 23, 1986, is not in agreement with the provisions required

by the Uniform Retribution Act, supra, since it does not maintain a progressive system

of salary scales updated after implementing the amendments made to the minimum

salary. After ana analysis of the formula recommended by O.C.A.P, it can be

observed that its execution resulted in equitably remunerating the janitors, office

clerks (I, II, II and IV), secretaries (I and II) and social institution assistants, among

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

other positions assigned within the first 11 scales of the retribution structure then in

effect. As a result of the fact that the defendant carries out assignments of positions

at the beginning of each fiscal year, on the date of March 1996 the employees located

up to scale 19 had also been affected by the adjustment. In Aulet Lebrón v. Dpto. de

Servicios Sociales, supra, at page 24, the Supreme Court stated:

> Needless to say, the normative letters that O.C.A.P. issues in the
>
> exercise of its quasi legislative functions cannot be in conflict with the
>
> law or with the binding jurisdiction in the matter that it intends to
>
> regulate, since the power of regulation delegated to the agency does
>
> not empower it to substitute the legislative or judicial criteria contained
>
> in the state of law in effect. A.P.I.A.U., Inc. v. Srio. de Hacienda, 100
>
> D.P.R. 173 (1971); Rosario Mercado v. San Juan Racing Assn., 94
>
> D.P.R. 634 (1967); Rivera Maldonado v. Autoridad sobre Hogares, 87
>
> D.P.R. 453 (1963); Ex parte Irizarry, 66 D.P.R. 672 (1946).

To avoid this, the Uniform Retribution Act, supra, stipulates in its Art. 9 that

"[e]ffective at the commencement of each fiscal year, the Director will assign all of the

classes of positions to the scales contained in the Retribution Plan adopted for the

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

26

Central Administration", 3 L.P.R.A. §760h. Since it was not updated annually, there was left inoperative the system of salary scales, which requires taking into consideration the complexity of the roles of unskilled, administrative, technical, specialized and of supervision, to then remunerate in proportion to the same. With this the retribution system has resulted irrational, capricious or arbitrary towards the plaintiffs. See Aulet Lebrón vl Dpto. de Servicios Socials, supra, at page 47. It should be stated that at the time of assigning a type of position to a specific retribution scale, the agencies will take into consideration factors such as years of service, academic preparation, experience or merit steps granted to the employee of said position. See, Uniform Retribution Regulation, supra, at §4.6, clauses (2), (3), (5), (6) and (8). In addition to this, Sec. 4.4 of the Retribution Regulation provides that the retribution plans that are adopted have to be in harmony with the public policy established in the Uniform Retribution Act, supra, in addition to requiring the application of uniform salary scales for those classes of positions that are equivalent thus maintaining a correlation between the relative value that is assigned to the classes in the respective classification plans and the monetary value that is assigned to the same through salary scales.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

27

The Supreme Court of Puerto Rico has stated that minimum salary legislation and the Federal Labor Standards Act, do not prevent that the states legislate to grant greater benefits. See, 29 U.S.C.A. §218(3) (2006); Vega v. Yiyi Motor, 146 D.P.R. 373, 381-2 (1996); Olazagasti v. Easter Sugar Associates, 79 D.P.R. 93, 106-7 (1956). Therefore, the compliance with the minimum salary is only one of the requirements for the observance of the labor regulations, which in this case also required the actualization and application of the scales of retribution.

Given the juridical law outlined, we understand that the plaintiffs have the right and we Grant the complaint approving the salary scales marked in the Exhibits of the evidence stipulated. For the purpose of resolving the differences that arose between the parties with regard to the manner in which the calculation of the salaries owed should be made determining the specific amounts of each employee, on September 26, 2006 a hearing will be held where we will receive the pertinent expert and documentary evidence.

The defendant will prepare and file with the Court, providing a copy to the legal representation of the plaintiffs, the payrolls necessary to make the payment to the plaintiffs. Said payrolls will include: (a) names and social security numbers of the

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

28

plaintiffs, (b) total owed to each plaintiff, (c) amount withheld for the payment of the retirement of each plaintiff, and (d) the net amount corresponding to each plaintiff. The payment to the plaintiffs will be made during fiscal year 2006-7, wherefore the plaintiff must consign in its budget an item for the payment of the Judgment herein issued.

The defendants are also imposed the payment of the costs and expenses of the litigation and the amount of 25% over the amount that is owed to each plaintiff for fees for the benefit of each plaintiff, which must be deposited with the Clerk of this Court when the payment corresponding to each plaintiff is consigned. See, Code of Civil Procedure of P.R., 32 L.P.R.A. §§ 3114-18, 3132 (2005); Afanador Irizarry v. Roger Electric Co., Inc., 2002 T.S.P.R. 52, at footnote 13; López Vicil v. I.T.T. Intermedia, Inc., 142 D.P.R. 857 (1997).

**RECORD AND NOTIFY.**

In San Juan, Puerto Rico, September 13, 2006.

**GEORGINA CANDAL SEGUROLA**
**SUPERIOR COURT JUDGE**

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

29

I CERTIFY:

ATTY. REBECCA RIVERA TORRES
General Regional Clerk
By:  (illegible name, title
        and signature)

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

EXHIBIT 1 – B

JANUARY 23, 2006 JUDGMENT ENTERED BY THE COURT OF
FIRST INSTANCE OF PUERTO RICO IN CASE No. K AC 1991-
0665, APPROVING NEW PAY SCALES

PAG. 01         COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN PART

CRUZ HERNANDEZ, CARMEN SOCORRO       CASE: K AC1991-0665
PLAINTIFF       ROOM: 0905
VS.
COMMONWEALTH OF PUERTO RICO
DEFENDANT     CIVIL ACTION

           CAUSE/CRIME

## NOTIFICATION OF JUDGMENT

THE UNDERSIGNED CLERK NOTIFIES YOU THAT THIS COURT HAS ISSUED JUDGMENT IN THE CAPTIONED CASE ON THE DATE OF JANUARY 23, 2006, WHICH HAS BEEN DULY REGISTERED AND FILED IN THE RECORDS OF THIS CASE, WHERE YOU MAY FIND OUT IN DETAIL THE TERMS OF THE SAME.

AND, SINCE YOU ARE OR REPRESENT THE PARTY AFFECTED BY THE JUDGMENT, OF WHICH A REQUEST FOR APPEAL MAY BE FILED, I ADDRESS THIS NOTIFICATION TO YOU, HAVING FILED A COPY OF THE SAME IN THE RECORDS OF THIS CASE ON THE DATE OF JANUARY 31, 2006.

GONZALEZ MORALES YVONNE
PO BOX 9021828

          SAN JUAN PR
          00902-1828

ACEVEDO COLON MILAGROS
ROOSEVELT URB.
SAN JUAN PR

          478 CANALS STREET STE. 1-A
          00918

DIAZ LUGO MANUEL
DEPARTMENT OF JUSTICE
SAN JUAN PR

          PO BOX 9020192
          00902-0192

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

SAN JUAN, PUERTO RICO JANUARY 31, 2006.

ATTY. REBECCA RIVERA TORRES
CLERK
BY: LISBETH SALGADO MATOS
DEPUTY CLERK

O.A.T. 703-NOTIFICATION OF JUDGMENT
TELETRIBUNALES: (787)759-1888/ISLAND. TOLL FREE (787)1-877-799-1888

SEAL OF
GENERAL COURT OF JUSTICE
SUPERIOR COURT OF SAN JUAN
COURT OF FIRST INSTANCE

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN PART**

| | | |
|---|---|---|
| CARMEN SOCORRO CRUZ HERNANDEZ . | **CIVIL NO.**: K AC1991-0665 s/ill | |
| ET ALS . | **ROOM:** 905 | |
| **Plaintiff** . | | |
| VS. . | | |
| . | **RE:** SALARY CLAIM | |
| COMMONWEALTH OF PUERTO RICO . | | |
| ET ALS . | | |
| **Defendant** . | | |

..............................................

### JUDGMENT

At the hearing of January 20, 2006 of the captioned case there appeared the

parties who conversed and informed they had reached a transaction.

The parties agree that judgment be issued by stipulation pursuant to which

they approve the salary scales marked in Exhibit 2 of the evidence stipulated.

The Court issued its approval and issues Judgment by Stipulation.

**RECORD AND NOTIFY.**

In San Juan, Puerto Rico, January 23, 2006.

s/Georgina Candal
GEORGINA CANDAL SEGUROLA
**SUPERIOR COURT JUDGE**

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

I Certify:
Atty. Rebecca Rivera Torres
Regional Clerk
        Lisbeth Salgado Matos s/illegible
By:        Deputy Clerk


Seal of the General Court of Justice
Court of First Instance
Superior Part of San Juan

> Overleaf of this page:
> Cancelled Stamp
> 5120
> 10/17/2021
> $1.50
> Internal Revenue Stamp
> 51168-2012-1017-66986279

> 01048987
> $1.50

> CERTIFICATION
> I certify that the present is a true and correct
> copy of the original which is in the record and
> I issue the same at the request of
> INTERESTED PARTY
> ☒ After payment of fees
> ☐ For official use of fees
> ATTY. REBECCA RIVERA TORRES
> REGIONAL CLERK
> By: s/illegible
> DEPUTY CLERK

Seal of General Court of Justice
Court of First Instance
Superior Part of San Juan                    OCT 18 2012

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**Commonwealth of Puerto Rico**

**SALARY SCALES APPLICABLE IN CASE NO. KAC-190-0497 OF JUAN PEREZ COLÓN ET AL V. DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. COMMONWEALTH OF PUERTO RICO, TO BE MADE EFFECTIVE AS OF APRIL 15, 1986.**

### INTERMEDIATE TYPES

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 545 | 566 | 588 | 610 | 633 | 658 | 683 | 709 | 736 |
| 2 | 556 | 577 | 599 | 622 | 646 | 671 | 697 | 723 | 751 |
| 3 | 567 | 589 | 611 | 634 | 659 | 684 | 710 | 737 | 765 |
| 4 | 578 | 600 | 623 | 647 | 671 | 697 | 724 | 751 | 780 |
| 5 | 590 | 612 | 636 | 660 | 685 | 711 | 739 | 767 | 796 |
| 6 | 602 | 625 | 649 | 674 | 700 | 726 | 754 | 783 | 813 |
| 7 | 614 | 637 | 662 | 687 | 713 | 741 | 769 | 798 | 829 |
| 8 | 626 | 650 | 675 | 701 | 727 | 755 | 784 | 814 | 845 |
| 9 | 639 | 663 | 689 | 715 | 743 | 771 | 801 | 831 | 863 |
| 10 | 652 | 677 | 703 | 730 | 757 | 786 | 816 | 848 | 880 |
| 11 | 665 | 690 | 717 | 744 | 773 | 802 | 833 | 865 | 898 |
| 12 | 678 | 704 | 731 | 759 | 788 | 818 | 849 | 881 | 915 |
| 13 | 692 | 718 | 746 | 774 | 804 | 835 | 867 | 900 | 934 |
| 14 | 706 | 733 | 761 | 790 | 820 | 852 | 884 | 918 | 953 |
| 15 | 720 | 748 | 776 | 806 | 837 | 869 | 902 | 936 | 972 |
| 16 | 734 | 762 | 791 | 821 | 853 | 885 | 919 | 954 | 991 |
| 17 | 756 | 785 | 815 | 846 | 879 | 912 | 947 | 983 | 1,021 |
| 18 | 779 | 809 | 840 | 872 | 905 | 940 | 976 | 1,013 | 1,052 |

Certified to be a true and correct translation from its original. Aída Torres, U.S.C.C.I. Tel. 787-225-8218 aidatranslation@gmail.com

2

**SALARY SCALES APPLICABLE IN CASE NO. KAC-190-0498 OF JUAN PEREZ COLÓN ET AL V. DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. COMMONWEALTH OF PUERTO RICO, TO BE MADE EFFECTIVE AS OF APRIL 15, 1986.**

| SCALE NUMBER | MINIMUM TYPE | INTERMEDIATE TYPES | | | | | | | MAXIMUM TYPE |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | |
| 19 | 802 | 833 | 865 | 898 | 932 | 968 | 1,005 | 1,043 | 1,083 |
| 20 | 834 | 866 | 899 | 933 | 969 | 1,006 | 1,045 | 1,085 | 1,126 |
| 21 | 867 | 900 | 934 | 970 | 1,007 | 1,046 | 1,086 | 1,127 | 1,170 |
| 22 | 902 | 936 | 972 | 1,010 | 1,048 | 1,088 | 1,130 | 1,173 | 1,218 |
| 23 | 938 | 974 | 1,011 | 1,050 | 1,090 | 1,131 | 1,175 | 1,219 | 1,266 |
| 24 | 976 | 1,013 | 1,052 | 1,092 | 1,134 | 1,178 | 1,223 | 1,269 | 1,318 |
| 25 | 1,015 | 1,054 | 1,094 | 1,136 | 1,179 | 1,224 | 1,271 | 1,320 | 1,370 |
| 26 | 1,056 | 1,096 | 1,138 | 1,182 | 1,227 | 1,274 | 1,323 | 1,373 | 1,426 |
| 27 | 1,098 | 1,140 | 1,183 | 1,229 | 1,276 | 1,324 | 1,375 | 1,427 | 1,482 |
| 28 | 1,142 | 1,186 | 1,231 | 1,278 | 1,327 | 1,378 | 1,430 | 1,485 | 1,542 |
| 29 | 1,188 | 1,233 | 1,280 | 1,330 | 1,380 | 1,433 | 1,488 | 1,545 | 1,604 |
| 30 | 1,236 | 1,283 | 1,332 | 1,383 | 1,436 | 1,491 | 1,548 | 1,608 | 1,669 |
| 31 | 1,285 | 1,334 | 1,385 | 1,438 | 1,493 | 1,550 | 1,610 | 1,671 | 1,735 |
| 32 | 1,343 | 1,394 | 1,448 | 1,503 | 1,560 | 1,620 | 1,682 | 1,746 | 1,813 |
| 33 | 1,403 | 1,457 | 1,512 | 1,570 | 1,630 | 1,692 | 1,757 | 1,824 | 1,894 |
| 34 | 1,466 | 1,522 | 1,580 | 1,641 | 1,703 | 1,768 | 1,836 | 1,906 | 1,979 |
| 35 | 1,532 | 1,591 | 1,651 | 1,714 | 1,780 | 1,848 | 1,919 | 1,992 | 2,068 |
| 36 | 1,601 | 1,662 | 1,726 | 1,792 | 1,860 | 1,931 | 2,005 | 2,081 | 2,161 |

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**SALARY SCALES APPLICABLE IN CASE NO. KAC-190-0497 OF JUAN PEREZ COLÓN ET AL V. DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. COMMONWEALTH OF PUERTO RICO, TO BE MADE EFFECTIVE AS OF APRIL 15, 1986.**

**INTERMEDIATE TYPES**

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 37 | 1,673 | 1,737 | 1,803 | 1,873 | 1,944 | 2,018 | 2,096 | 2,176 | 2,259 |
| 38 | 1,757 | 1,823 | 1,892 | 1,963 | 2,037 | 2,114 | 2,194 | 2,276 | 2,362 |
| 39 | 1,862 | 1,929 | 1,998 | 2,070 | 2,145 | 2,222 | 2,302 | 2,384 | 2,470 |

In Guaynabo, Puerto Rico, FEB. 28, 2005

s/illegible
Marta T. Beltrán Dones
Director
Human Resources Office of the Commonwealth of Puerto Rico

Increments:

| Horizontal | 1-38 | 35% | Vertical | 1-15 | 2% |
|---|---|---|---|---|---|
| | 39 | 32.6% | | 16-19 | 3% |
| | | | | 19-31 | 4% |
| | | | | 31-37 | 4.5% |
| | | | | 37-38 | 5% |

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**Commonwealth of Puerto Rico**

**SALARY SCALES APPLICABLE IN CASE NO. KAC-190-0497 OF JUAN PEREZ COLÓN ET AL V. DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. COMMONWEALTH OF PUERTO RICO, TO BE MADE EFFECTIVE AS OF APRIL 1, 1990.**

**INTERMEDIATE TYPES**

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 577 | 599 | 622 | 645 | 670 | 695 | 722 | 749 | 778 |
| 2 | 589 | 611 | 634 | 658 | 683 | 709 | 736 | 764 | 793 |
| 3 | 600 | 623 | 647 | 671 | 697 | 723 | 751 | 779 | 809 |
| 4 | 612 | 636 | 660 | 685 | 711 | 738 | 766 | 795 | 825 |
| 5 | 625 | 648 | 673 | 699 | 725 | 753 | 781 | 811 | 842 |
| 6 | 637 | 661 | 686 | 712 | 740 | 768 | 797 | 827 | 859 |
| 7 | 650 | 674 | 700 | 727 | 754 | 783 | 813 | 844 | 876 |
| 8 | 663 | 688 | 714 | 741 | 769 | 799 | 829 | 861 | 893 |
| 9 | 676 | 702 | 728 | 756 | 785 | 815 | 846 | 878 | 911 |
| 10 | 690 | 716 | 743 | 771 | 801 | 831 | 863 | 895 | 929 |
| 11 | 703 | 730 | 758 | 787 | 817 | 848 | 880 | 913 | 948 |
| 12 | 717 | 745 | 773 | 802 | 833 | 864 | 897 | 931 | 967 |
| 13 | 732 | 760 | 788 | 818 | 850 | 882 | 915 | 950 | 986 |
| 14 | 746 | 775 | 804 | 835 | 866 | 899 | 934 | 969 | 1,006 |
| 15 | 761 | 790 | 820 | 851 | 884 | 917 | 952 | 988 | 1,026 |
| 16 | 777 | 806 | 837 | 869 | 902 | 936 | 971 | 1,008 | 1,047 |
| 17 | 800 | 830 | 862 | 895 | 929 | 964 | 1,000 | 1,038 | 1,078 |
| 18 | 824 | 855 | 888 | 921 | 956 | 993 | 1,030 | 1,070 | 1,110 |

Certified to be a true and correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

**SALARY SCALES APPLICABLE IN CASE NO. KAC-190-0497 OF JUAN PEREZ COLÓN ET AL V. DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. COMMONWEALTH OF PUERTO RICO, TO BE MADE EFFECTIVE AS OF APRIL 1, 1990.**

### INTERMEDIATE TYPES

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 849 | 881 | 914 | 949 | 985 | 1,023 | 1,061 | 1,102 | 1,144 |
| 20 | 883 | 916 | 951 | 987 | 1,025 | 1,063 | 1,104 | 1,146 | 1,189 |
| 21 | 918 | 953 | 989 | 1,026 | 1,065 | 1,106 | 1,148 | 1,192 | 1,237 |
| 22 | 955 | 991 | 1,028 | 1,068 | 1,108 | 1,150 | 1,194 | 1,239 | 1,286 |
| 23 | 993 | 1,030 | 1,070 | 1,110 | 1,152 | 1,196 | 1,242 | 1,289 | 1,338 |
| 24 | 1,032 | 1,072 | 1,112 | 1,155 | 1,199 | 1,244 | 1,291 | 1,340 | 1,391 |
| 25 | 1,074 | 1,115 | 1,157 | 1,201 | 1,246 | 1,294 | 1,343 | 1,394 | 1,447 |
| 26 | 1,117 | 1,159 | 1,203 | 1,249 | 1,296 | 1,346 | 1,397 | 1,450 | 1,505 |
| 27 | 1,161 | 1,205 | 1,251 | 1,299 | 1,348 | 1,399 | 1,453 | 1,508 | 1,565 |
| 28 | 1,208 | 1,254 | 1,301 | 1,351 | 1,402 | 1,455 | 1,511 | 1,568 | 1,628 |
| 29 | 1,256 | 1,304 | 1,353 | 1,405 | 1,458 | 1,514 | 1,571 | 1,631 | 1,693 |
| 30 | 1,306 | 1,356 | 1,408 | 1,461 | 1,517 | 1,574 | 1,634 | 1,696 | 1,760 |
| 31 | 1,359 | 1,410 | 1,464 | 1,519 | 1,577 | 1,637 | 1,699 | 1,764 | 1,831 |
| 32 | 1,420 | 1,474 | 1,530 | 1,588 | 1,648 | 1,711 | 1,776 | 1,843 | 1,913 |
| 33 | 1,484 | 1,540 | 1,599 | 1,659 | 1,722 | 1,788 | 1,856 | 1,926 | 1,999 |
| 34 | 1,550 | 1,609 | 1,670 | 1,734 | 1,800 | 1,868 | 1,939 | 2,013 | 2,089 |
| 35 | 1,620 | 1,682 | 1,746 | 1,812 | 1,881 | 1,952 | 2,026 | 2,103 | 2,183 |
| 36 | 1,693 | 1,757 | 1,824 | 1,893 | 1,965 | 2,040 | 2,118 | 2,198 | 2,282 |

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**3**

## SALARY SCALES APPLICABLE IN CASE NO. KAC-190-0497 OF JUAN PEREZ COLÓN ET AL V. DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. COMMONWEALTH OF PUERTO RICO, TO BE MADE EFFECTIVE AS OF APRIL 1, 1990.

### INTERMEDIATE TYPES

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 37 | 1,769 | 1,836 | 1,906 | 1,979 | 2,054 | 2,132 | 2,213 | 2,297 | 2,384 |
| 38 | 1,858 | 1,928 | 2,002 | 2,078 | 2,157 | 2,239 | 2,324 | 2,412 | 2,504 |
| 39 | 1,969 | 2,044 | 2,122 | 2,202 | 2,286 | 2,373 | 2,463 | 2,557 | 2,654 |

In Guaynabo, Puerto Rico, FEB. 28, 2005

s/illegible
Marta T. Beltrán Dones
Director
Human Resources Office of the Commonwealth of Puerto Rico

Increments:

| Horizontal | 1-38 | 3.8% | | Vertical | 1-16 | 2% |
|---|---|---|---|---|---|---|
| | | | | | 16-19 | 3% |
| | | | | | 19-31 | 4% |
| | | | | | 31-37 | 4.5% |
| | | | | | 37-38 | 5% |
| | | | | | 38-39 | 6% |

MRJ
MRJ/fdg

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

## Commonwealth of Puerto Rico

**SALARY SCALES APPLICABLE IN CASE NO. KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL V. FAMILY DEPARTMENT, TO BE EFFECTIVE AS OF APRIL 1, 1992**

### INTERMEDIATE TYPES

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 634 | 659 | 684 | 711 | 739 | 768 | 798 | 829 | 861 |
| 2 | 650 | 675 | 702 | 729 | 757 | 787 | 818 | 849 | 883 |
| 3 | 666 | 692 | 719 | 747 | 776 | 807 | 838 | 871 | 905 |
| 4 | 683 | 709 | 737 | 766 | 796 | 827 | 859 | 892 | 927 |
| 5 | 700 | 727 | 755 | 785 | 816 | 847 | 880 | 915 | 950 |
| 6 | 717 | 745 | 774 | 805 | 836 | 869 | 902 | 938 | 974 |
| 7 | 735 | 764 | 794 | 825 | 857 | 890 | 925 | 961 | 999 |
| 8 | 754 | 783 | 814 | 845 | 878 | 913 | 948 | 985 | 1,023 |
| 9 | 772 | 803 | 834 | 866 | 900 | 935 | 972 | 1,010 | 1,049 |
| 10 | 792 | 823 | 855 | 888 | 923 | 959 | 996 | 1,035 | 1,075 |
| 11 | 812 | 843 | 876 | 910 | 946 | 983 | 1,021 | 1,061 | 1,102 |
| 12 | 832 | 864 | 898 | 933 | 969 | 1,007 | 1,047 | 1,087 | 1,130 |
| 13 | 853 | 886 | 920 | 956 | 994 | 1,032 | 1,073 | 1,115 | 1,158 |
| 14 | 874 | 908 | 943 | 980 | 1,019 | 1,058 | 1,099 | 1,142 | 1,187 |
| 15 | 896 | 931 | 967 | 1,005 | 1,044 | 1,085 | 1,127 | 1,171 | 1,217 |
| 16 | 918 | 954 | 991 | 1,030 | 1,070 | 1,112 | 1,155 | 1,200 | 1,247 |
| 17 | 941 | 978 | 1,016 | 1,056 | 1,097 | 1,140 | 1,184 | 1,230 | 1,278 |
| 18 | 979 | 1,017 | 1,057 | 1,098 | 1,141 | 1,185 | 1,231 | 1,279 | 1,329 |

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

**SALARY SCALES APPLICABLE IN CASE NO. KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. FAMILY DEPARTMENT, TO BE MADE EFFECTIVE AS OF APRIL 1, 1992.**

### INTERMEDIATE TYPES

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 1,018 | 1,058 | 1,099 | 1,142 | 1,186 | 1,233 | 1,281 | 1,331 | 1,382 |
| 20 | 1,059 | 1,100 | 1,143 | 1,187 | 1,234 | 1,282 | 1,332 | 1,384 | 1,438 |
| 21 | 1,101 | 1,144 | 1,189 | 1,235 | 1,283 | 1,333 | 1,385 | 1,439 | 1,495 |
| 22 | 1,145 | 1,190 | 1,236 | 1,284 | 1,334 | 1,386 | 1,441 | 1,497 | 1,555 |
| 23 | 1,191 | 1,237 | 1,286 | 1,336 | 1,388 | 1,442 | 1,498 | 1,557 | 1,617 |
| 24 | 1,239 | 1,287 | 1,337 | 1,389 | 1,443 | 1,500 | 1,558 | 1,619 | 1,682 |
| 25 | 1,288 | 1,338 | 1,390 | 1,445 | 1,501 | 1,560 | 1,620 | 1,684 | 1,749 |
| 26 | 1,340 | 1,392 | 1,446 | 1,503 | 1,561 | 1,622 | 1,685 | 1,751 | 1,819 |
| 27 | 1,393 | 1,448 | 1,504 | 1,563 | 1,624 | 1,687 | 1,753 | 1,821 | 1,892 |
| 28 | 1,456 | 1,513 | 1,572 | 1,633 | 1,697 | 1,763 | 1,832 | 1,903 | 1,977 |
| 29 | 1,521 | 1,581 | 1,642 | 1,706 | 1,773 | 1,842 | 1,914 | 1,989 | 2,066 |
| 30 | 1,590 | 1,652 | 1,716 | 1,783 | 1,853 | 1,925 | 2,000 | 2,078 | 2,159 |
| 31 | 1,661 | 1,726 | 1,793 | 1,863 | 1,936 | 2,012 | 2,090 | 2,172 | 2,256 |
| 32 | 1,736 | 1,804 | 1,874 | 1,947 | 2,023 | 2,102 | 2,184 | 2,269 | 2,358 |
| 33 | 1,814 | 1,885 | 1,959 | 2,035 | 2,114 | 2,197 | 2,282 | 2,371 | 2,464 |
| 34 | 1,896 | 1,970 | 2,047 | 2,126 | 2,209 | 2,296 | 2,385 | 2,478 | 2,575 |
| 35 | 1,981 | 2,058 | 2,139 | 2,222 | 2,309 | 2,399 | 2,492 | 2,590 | 2,691 |
| 36 | 2,070 | 2,151 | 2,235 | 2,322 | 2,413 | 2,507 | 2,605 | 2,706 | 2,812 |

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

3

## SALARY SCALES APPLICABLE IN CASE NO. KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. FAMILY DEPARTMENT, TO BE MADE EFFECTIVE AS OF APRIL 1, 1992.

### INTERMEDIATE TYPES

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 37 | 2,164 | 2,248 | 2,336 | 2,427 | 2,521 | 2,620 | 2,722 | 2,828 | 2,938 |
| 38 | 2,261 | 2,349 | 2,441 | 2,536 | 2,635 | 2,738 | 2,844 | 2,955 | 3,070 |
| 39 | 2,363 | 2,455 | 2,551 | 2,650 | 2,753 | 2,861 | 2,972 | 30884 | 3,209 |

In Guaynabo, Puerto Rico, FEB 28 2005

s/illegible
Marta T. Beltrán Dones
Director
Human Resources Office of the Commonwealth of Puerto Rico

s/illegible
Yolanda Zayas
Secretary
Family Department

Anatomy of Salary Structure

Increments:

Horizontal 1-39   3.9%

| Vertical | 1-17 | 2.5% |
|---|---|---|
|  | 17-27 | 4.0% |
|  | 27-39 | 4.5% |

s/MRJ
MRJ/fdg

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**Commonwealth of Puerto Rico**
**FAMILY DEPARTMENT**

**SALARY SCALES APPLICABLE IN CASE NO. KAC-1991-0665 OF CARMEN S. CRUZ
HERNANDEZ ET AL V. FAMILY DEPARTMENT, TO BE EFFECTIVE AS OF APRIL 1, 1993**

**INTERMEDIATE TYPES**

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 659 | 685 | 711 | 739 | 768 | 798 | 829 | 861 | 895 |
| 2 | 675 | 702 | 729 | 758 | 787 | 818 | 850 | 883 | 917 |
| 3 | 692 | 719 | 747 | 777 | 807 | 838 | 871 | 905 | 940 |
| 4 | 710 | 737 | 766 | 796 | 827 | 859 | 893 | 928 | 964 |
| 5 | 727 | 756 | 785 | 816 | 848 | 881 | 915 | 951 | 988 |
| 6 | 746 | 775 | 805 | 836 | 869 | 903 | 938 | 975 | 1013 |
| 7 | 764 | 794 | 825 | 857 | 891 | 925 | 961 | 999 | 1038 |
| 8 | 783 | 814 | 846 | 879 | 913 | 948 | 985 | 1024 | 1064 |
| 9 | 803 | 834 | 867 | 901 | 936 | 972 | 1010 | 1050 | 1090 |
| 10 | 823 | 855 | 888 | 923 | 959 | 997 | 1035 | 1076 | 1118 |
| 11 | 844 | 876 | 911 | 946 | 983 | 1021 | 1061 | 1103 | 1146 |
| 12 | 865 | 898 | 933 | 970 | 1008 | 1047 | 1088 | 1130 | 1174 |
| 13 | 886 | 921 | 957 | 994 | 1033 | 1073 | 1115 | 1158 | 1204 |
| 14 | 908 | 944 | 981 | 1019 | 1059 | 1100 | 1143 | 1187 | 1234 |
| 15 | 931 | 967 | 1005 | 1044 | 1085 | 1127 | 1171 | 1217 | 1265 |
| 16 | 954 | 992 | 1030 | 1071 | 1112 | 1156 | 1201 | 1248 | 1296 |

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

## INTERMEDIATE TYPES

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 17 | 997 | 1037 | 1079 | 1122 | 1167 | 1213 | 1262 | 1312 | 1365 |
| 18 | 1042 | 1084 | 1127 | 1172 | 1219 | 1268 | 1319 | 1372 | 1426 |
| 19 | 1089 | 1133 | 1178 | 1225 | 1274 | 1325 | 1378 | 1433 | 1491 |
| 20 | 1138 | 1184 | 1231 | 1280 | 1332 | 1385 | 1440 | 1498 | 1558 |
| 21 | 1189 | 1237 | 1286 | 1338 | 1391 | 1447 | 1505 | 1565 | 1628 |
| 22 | 1243 | 1293 | 1344 | 1398 | 1454 | 1512 | 1573 | 1636 | 1701 |
| 23 | 1299 | 1351 | 1405 | 1461 | 1519 | 1580 | 1643 | 1709 | 1778 |
| 24 | 1357 | 1412 | 1468 | 1527 | 1588 | 1651 | 1717 | 1786 | 1858 |
| 25 | 1418 | 1475 | 1534 | 1595 | 1659 | 1726 | 1795 | 1866 | 1941 |
| 26 | 1482 | 1541 | 1603 | 1667 | 1734 | 1803 | 1875 | 1950 | 2028 |
| 27 | 1549 | 1611 | 1675 | 1742 | 1812 | 1884 | 1960 | 2038 | 2120 |
| 28 | 1619 | 1683 | 1751 | 1821 | 1894 | 1969 | 2048 | 2130 | 2215 |
| 29 | 1691 | 1759 | 1829 | 1903 | 1979 | 2058 | 2140 | 2226 | 2315 |
| 30 | 1768 | 1838 | 1912 | 1988 | 2068 | 2150 | 2237 | 2326 | 2419 |
| 31 | 1847 | 1921 | 1998 | 2078 | 2161 | 2247 | 2337 | 2431 | 2528 |
| 32 | 1930 | 2007 | 2088 | 2171 | 2258 | 2348 | 2442 | 2540 | 2642 |
| 33 | 2017 | 2098 | 2182 | 2269 | 2360 | 2454 | 2552 | 2654 | 2760 |
| 34 | 2108 | 2192 | 2280 | 2371 | 2466 | 2565 | 2667 | 2774 | 2885 |
| 35 | 2203 | 2291 | 2382 | 2478 | 2577 | 2680 | 2787 | 2899 | 3015 |
| 36 | 2302 | 2394 | 2490 | 2589 | 2693 | 2801 | 2913 | 3029 | 3150 |
| 37 | 2405 | 2502 | 2602 | 2706 | 2814 | 2927 | 3044 | 3165 | 3292 |
| 38 | 2514 | 2614 | 2719 | 2827 | 2941 | 3058 | 3181 | 3308 | 3440 |
| 39 | 2627 | 2732 | 2841 | 2955 | 3073 | 3196 | 3324 | 3457 | 3595 |

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

3

In Guaynabo, Puerto Rico, FEB 28 2005

s/illegible
Marta T. Beltrán Dones
Director
Human Resources Office
Of the Commonwealth of Puerto Rico

s/illegible
Yolanda Zayas
Secretary
Family Department

Vertical
1-16    2.5%
16-39   4.5%

Horizontal
1-16    3.9%
17-39   4.0%

MRJ
mrj/frm
s/MRJ
MRJ/fdg

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**Commonwealth of Puerto Rico**
**FAMILY DEPARTMENT**

**SALARY SCALES APPLICABLE IN CASE NO. KAC-1991-0665 OF CARMEN S. CRUZ**
**HERNANDEZ ET AL V. FAMILY DEPARTMENT, TO BE EFFECTIVE AS OF APRIL 1, 1994**

**INTERMEDIATE TYPES**

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 691 | 708 | 725 | 742 | 760 | 778 | 797 | 816 | 835 |
| 2 | 710 | 727 | 744 | 762 | 780 | 799 | 818 | 838 | 858 |
| 3 | 729 | 746 | 764 | 783 | 801 | 821 | 840 | 860 | 881 |
| 4 | 748 | 766 | 785 | 804 | 823 | 843 | 863 | 884 | 905 |
| 5 | 769 | 787 | 806 | 825 | 845 | 865 | 886 | 908 | 929 |
| 6 | 789 | 808 | 828 | 848 | 868 | 889 | 910 | 932 | 954 |
| 7 | 811 | 830 | 850 | 871 | 891 | 913 | 935 | 957 | 980 |
| 8 | 833 | 853 | 873 | 894 | 916 | 937 | 960 | 983 | 1007 |
| 9 | 855 | 876 | 897 | 918 | 940 | 963 | 986 | 1010 | 1034 |
| 10 | 878 | 899 | 921 | 943 | 966 | 989 | 1013 | 1037 | 1062 |
| 11 | 902 | 924 | 946 | 968 | 992 | 1016 | 1040 | 1065 | 1090 |
| 12 | 926 | 949 | 971 | 995 | 1018 | 1043 | 1068 | 1094 | 1120 |
| 13 | 951 | 974 | 998 | 1021 | 1046 | 1071 | 1097 | 1123 | 1150 |
| 14 | 977 | 1000 | 1024 | 1049 | 1074 | 1100 | 1126 | 1153 | 1181 |

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**INTERMEDIATE TYPES**

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 15 | 1003 | 1027 | 1052 | 1077 | 1103 | 1130 | 1157 | 1185 | 1213 |
| 16 | 1030 | 1055 | 1081 | 1106 | 1133 | 1160 | 1188 | 1217 | 1246 |
| 17 | 1058 | 1084 | 1110 | 1136 | 1164 | 1192 | 1220 | 1249 | 1279 |
| 18 | 1087 | 1113 | 1140 | 1167 | 1195 | 1224 | 1253 | 1283 | 1314 |
| 19 | 1130 | 1157 | 1185 | 1214 | 1243 | 1273 | 1303 | 1334 | 1366 |
| 20 | 1176 | 1211 | 1247 | 1285 | 1323 | 1363 | 1404 | 1446 | 1489 |
| 21 | 1223 | 1259 | 1297 | 1336 | 1376 | 1417 | 1460 | 1504 | 1549 |
| 22 | 1271 | 1310 | 1349 | 1389 | 1431 | 1474 | 1518 | 1564 | 1611 |
| 23 | 1322 | 1362 | 1403 | 1445 | 1488 | 1533 | 1579 | 1626 | 1675 |
| 24 | 1375 | 1416 | 1459 | 1503 | 1548 | 1594 | 1642 | 1691 | 1742 |
| 25 | 1430 | 1473 | 1517 | 1563 | 1610 | 1658 | 1708 | 1759 | 1812 |
| 26 | 1487 | 1532 | 1578 | 1625 | 1674 | 1724 | 1776 | 1829 | 1884 |
| 27 | 1547 | 1593 | 1641 | 1690 | 1741 | 1793 | 1847 | 1903 | 1960 |
| 28 | 1609 | 1657 | 1707 | 1758 | 1811 | 1865 | 1921 | 1979 | 2038 |
| 29 | 1673 | 1723 | 1775 | 1828 | 1883 | 1940 | 1998 | 2058 | 2120 |
| 30 | 1740 | 1792 | 1846 | 1901 | 1959 | 2017 | 2078 | 2140 | 2204 |
| 31 | 1810 | 1864 | 1920 | 1978 | 2037 | 2098 | 2161 | 2226 | 2292 |
| 32 | 1882 | 1939 | 1997 | 2057 | 2118 | 2182 | 2247 | 2315 | 2384 |
| 33 | 1957 | 2016 | 2077 | 2139 | 2203 | 2269 | 2337 | 2407 | 2480 |
| 34 | 2036 | 2097 | 2160 | 2224 | 2291 | 2360 | 2431 | 2504 | 2579 |
| 35 | 2117 | 2181 | 2246 | 2313 | 2383 | 2454 | 2528 | 2604 | 2682 |

Certified to be a true and correct translation from its original. Aída Torres, U.S.C.C.I. Tel. 787-225-8218 aidatranslation@gmail.com

2

**INTERMEDIATE TYPES**

| SCALE NUMBER | MINIMUM TYPE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | MAXIMUM TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 36 | 2202 | 2268 | 2336 | 2406 | 2478 | 2552 | 2629 | 2708 | 2789 |
| 37 | 2290 | 2359 | 2429 | 2502 | 2577 | 2655 | 2734 | 2816 | 2901 |
| 38 | 2381 | 2453 | 2526 | 2602 | 2680 | 2761 | 2844 | 2929 | 3017 |
| 39 | 2477 | 2551 | 2628 | 2706 | 2788 | 2871 | 2957 | 3046 | 3137 |

In Guaynabo, Puerto Rico, FEB. 28, 2005

s/illegible
Marta T. Beltrán Dones
Director
Human Resources Office
of the Commonwealth of Puerto Rico

s/illegible
Yolanda Zayas
Secretary
Family Department

Vertical

1-18  2.7%
18-39  4%

Horizontal

1-19  2.4%
20-39  3%

MRJ
MRJ/fdg

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**Commonwealth of Puerto Rico**
**FAMILY DEPARTMENT**

**SALARY SCALES APPLICABLE IN CASE NO. KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ**
**ET AL V.  FAMILY  DEPARTMENT, TO BE EFFECTIVE AS OF SEPTEMBER 1, 1997**

| Scale Number | Minimum Type | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Maximum Type |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 837 | 866 | 897 | 928 | 960 | 994 | 1029 | 1065 | 1102 |
| 2 | 876 | 906 | 938 | 971 | 1005 | 1040 | 1076 | 1114 | 1153 |
| 3 | 916 | 948 | 981 | 1015 | 1051 | 1088 | 1126 | 1165 | 1206 |
| 4 | 958 | 991 | 1026 | 1062 | 1099 | 1138 | 1178 | 1219 | 1261 |
| 5 | 1002 | 1037 | 1073 | 1111 | 1150 | 1190 | 1232 | 1275 | 1319 |
| 6 | 1048 | 1085 | 1123 | 1162 | 1203 | 1245 | 1288 | 1333 | 1380 |
| 7 | 1096 | 1135 | 1174 | 1215 | 1258 | 1302 | 1348 | 1395 | 1444 |
| 8 | 1147 | 1187 | 1228 | 1271 | 1316 | 1362 | 1410 | 1459 | 1510 |
| 9 | 1199 | 1241 | 1285 | 1330 | 1376 | 1425 | 1474 | 1526 | 1579 |
| 10 | 1255 | 1299 | 1344 | 1391 | 1440 | 1490 | 1542 | 1596 | 1652 |
| 11 | 1312 | 1358 | 1406 | 1455 | 1506 | 1559 | 1613 | 1670 | 1728 |
| 12 | 1373 | 1421 | 1470 | 1522 | 1575 | 1630 | 1687 | 1746 | 1808 |
| 13 | 1436 | 1486 | 1538 | 1592 | 1648 | 1705 | 1765 | 1827 | 1891 |
| 14 | 1502 | 1554 | 1609 | 1665 | 1723 | 1784 | 1846 | 1911 | 1978 |
| 15 | 1571 | 1626 | 1683 | 1742 | 1803 | 1866 | 1931 | 1999 | 2069 |

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**2**

| Scale Number | Minimum Type | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Maximum Type |
|---|---|---|---|---|---|---|---|---|---|
| 16 | 1643 | 1701 | 1760 | 1822 | 1886 | 1952 | 2020 | 2091 | 2164 |
| 17 | 1719 | 1779 | 1841 | 1906 | 1972 | 2041 | 2113 | 2187 | 2263 |
| 18 | 1798 | 1861 | 1926 | 1993 | 2063 | 2135 | 2210 | 2287 | 2367 |
| 19 | 1881 | 1946 | 2015 | 2085 | 2158 | 2234 | 2312 | 2393 | 2476 |
| 20 | 1967 | 2036 | 2107 | 2181 | 2257 | 2336 | 2418 | 2503 | 2590 |
| 21 | 2058 | 2130 | 2204 | 2281 | 2361 | 2444 | 2529 | 2618 | 2709 |
| 22 | 2152 | 2228 | 2306 | 2386 | 2470 | 2556 | 2646 | 2738 | 2834 |
| 23 | 2251 | 2330 | 2412 | 2496 | 2563 | 2674 | 2767 | 2864 | 2964 |

In Guaynabo, Puerto Rico, FEB. 28, 2005

s/illegible                                              s/illegible
Marta T. Beltrán Dones                                   Yolanda Zayas
Director                                                 Secretary
Human Resources Office                                   Family Department
of the Commonwealth of Puerto Rico

Horizontal   3.5%
Vertical      4.6%

MRJ
MRJ/irm

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**Commonwealth of Puerto Rico**
**FAMILY DEPARTMENT**

**SALARY SCALES APPLICABLE IN CASE NO. KAC-1991-0665 OF CARMEN S. CRUZ HERNANDEZ ET AL VS. COMMONWEALTH OF PUERTO RICO, TO BE MADE EFFECTIVE AS OF SEPTEMBER 1, 2000.**

| Scale Number | Minimum Type | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Maximum Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 943 | 976 | 1010 | 1046 | 1082 | 1120 | 1159 | 1200 | 1242 | 1285 | 1330 | 1377 | 1425 | 1475 |
| 2 | 987 | 1021 | 1057 | 1094 | 1132 | 1172 | 1213 | 1255 | 1299 | 1345 | 1392 | 1441 | 1491 | 1543 |
| 3 | 1033 | 1069 | 1106 | 1145 | 1185 | 1226 | 1269 | 1314 | 1360 | 1407 | 1456 | 1507 | 1560 | 1615 |
| 4 | 1080 | 1118 | 1157 | 1198 | 1240 | 1283 | 1328 | 1375 | 1423 | 1472 | 1524 | 1577 | 1633 | 1690 |
| 5 | 1130 | 1170 | 1211 | 1253 | 1297 | 1343 | 1390 | 1438 | 1489 | 1541 | 1595 | 1650 | 1708 | 1768 |
| 6 | 1183 | 1224 | 1267 | 1312 | 1357 | 1405 | 1454 | 1505 | 1558 | 1612 | 1669 | 1727 | 1787 | 1850 |
| 7 | 1238 | 1281 | 1326 | 1372 | 1420 | 1470 | 1522 | 1575 | 1630 | 1687 | 1746 | 1807 | 1870 | 1936 |
| 8 | 1295 | 1341 | 1387 | 1436 | 1486 | 1538 | 1592 | 1648 | 1706 | 1765 | 1827 | 1891 | 1957 | 2026 |
| 9 | 1355 | 1403 | 1452 | 1503 | 1555 | 1610 | 1666 | 1724 | 1785 | 1847 | 1912 | 1979 | 2048 | 2120 |
| 10 | 1418 | 1468 | 1519 | 1572 | 1627 | 1684 | 1743 | 1804 | 1867 | 1933 | 2000 | 2070 | 2143 | 2218 |
| 11 | 1484 | 1536 | 1590 | 1645 | 1703 | 1762 | 1824 | 1888 | 1954 | 2022 | 2093 | 2166 | 2242 | 2321 |
| 12 | 1553 | 1607 | 1663 | 1722 | 1782 | 1844 | 1909 | 1976 | 2045 | 2116 | 2190 | 2267 | 2346 | 2428 |
| 13 | 1625 | 1682 | 1740 | 1801 | 1864 | 1930 | 1997 | 2067 | 2139 | 2214 | 2292 | 2372 | 2455 | 2541 |
| 14 | 1700 | 1760 | 1821 | 1885 | 1951 | 2019 | 2090 | 2163 | 2239 | 2317 | 2398 | 2482 | 2569 | 2659 |
| 15 | 1779 | 1841 | 1906 | 1972 | 2041 | 2113 | 2187 | 2263 | 2343 | 2425 | 2509 | 2597 | 2688 | 2782 |

Certified to be a true and
correct translation from its original.
Alda Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**2**

| Scale Number | Minimum Type | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Maximum Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 1861 | 1927 | 1994 | 2064 | 2136 | 2211 | 2288 | 2368 | 2451 | 2537 | 2626 | 2718 | 2813 | 2911 |
| 17 | 1948 | 2016 | 2087 | 2160 | 2235 | 2313 | 2394 | 2478 | 2565 | 2655 | 2748 | 2844 | 2943 | 3046 |
| 18 | 2038 | 2109 | 2183 | 2260 | 2339 | 2421 | 2505 | 2593 | 2684 | 2778 | 2875 | 2976 | 3080 | 3188 |
| 19 | 2133 | 2207 | 2285 | 2365 | 2447 | 2533 | 2622 | 2713 | 2808 | 2907 | 3008 | 3114 | 3223 | 3335 |
| 20 | 2232 | 2310 | 2391 | 2474 | 2561 | 2650 | 2743 | 2839 | 2939 | 3041 | 3148 | 3258 | 3372 | 3490 |
| 21 | 2335 | 2417 | 151 | 2589 | 2680 | 2773 | 2870 | 2971 | 3075 | 3182 | 3294 | 3409 | 3528 | 3652 |
| 22 | 2443 | 2529 | 2617 | 2709 | 2804 | 2902 | 3004 | 3109 | 3217 | 3330 | 3447 | 3567 | 3692 | 3821 |
| 23 | 2557 | 2646 | 2739 | 2835 | 2934 | 3037 | 3143 | 3253 | 3367 | 3485 | 3606 | 3733 | 3863 | 3999 |

In Guaynabo, Puerto Rico, FEB. 28, 2005

s/illegible
Marta T. Beltrán Dones
Director
Human Resources Office
of the Commonwealth of Puerto Rico

s/illegible
Yolanda Zayas
Secretary
Family Department

Horizontal   3.5%

Vertical      4.638%

MRJ
MRJ/irm

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com