Exhibit 4-B

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN PART**

| | |
|---|---|
| **FRANCISCO BELTRÁN CINTRÓN, ET AL** . | SAN JUAN JUDICIAL CENTER |
| . | 2014 JAN 31 AM 10:37 |
| **Plaintiffs,** . | |
| . | **CASE NO. KAC2009-0809** |
| **v.** . | |
| . | **RE:** |
| **COMMONWEALTH OF PUERTO RICO,** . | |
| **ET AL** . | **DECLARATORY JUDGMENT** |
| . | |
| **Defendants** . | |

..............................................................

**JOINT MOTION SUBMITTING STIPULATIONS**
**OF FACTS ON WHICH THERE IS NO CONTROVERSY, DOCUMENTS**
**AND CONTROVERSY OF LAW TO RESOLVE**

TO THE HONORABLE COURT:

COME NOW the captioned parties represented by the specific undersigned

attorneys and very respectfully before this Honorable Court, state the following:

**INTRODUCTION:**

The undersigned attorneys met on several occasions and agreed the

following STIPULATIONS OF FACT ON WHICH THERE IS NO CONTROVERSY and

which is transcribed hereinafter:

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

## PART I. STIPULATIONS OF FACT ON WHICH THERE IS NO CONTROVERSY - FAMILY DEPARTMENT

1. The plaintiff is integrated by a group of 3721 employees or former career employees of the Family Department, 143 employees of the Administration of Juvenile Institutions and 693 employees of the Vocational Rehabilitation Administration, for a total of 4548 persons, whose names are identified by agency according to the list stipulated by the experts of both parties. Note of the plaintiff: [At present there is confirmed a depured list of employees, a term of 60 additional days is requested to inform final numbers].

2. On November 20, 1985, prior to the entrance into effect in Puerto Rico of the Federal Minimum Wage, the Director of OCAP, Atty. Guillermo Mojica Maldonado issued a Memorandum regarding: "Salary increase to Public Employees" addressed to the then Governor of Puerto Rico, Hon. Rafael Hernández Colón.

3. On April 15, 1986, there commenced to govern in the Government of Puerto Rico the Federal Minimum Wage Act which established a minimum salary of $3.35 per hour worked and which was equivalent to a salary of $545.00 per

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

month, for a weekly schedule of 37.5 hrs. and $581.00 a month, for a schedule of 40 hrs. a week.

4.      On April 15, 1986, the Social Services Department, today the Family Department, figured as part of the agencies comprised in the Central Administration with a Retribution Plan with 39 salary scales and was developed based on a basic salary of $442.00 per month for a weekly schedule of 37.5 hrs. Of these, the first 9 scales received salaries below the Federal Minimum Wage that entered into effect.

283                            **SC315**

5.      When the Federal Minimum Wage entered into effect on April 15, 1986, the Social Services Department, today the Family Department, adjusted the salaries of all of the employees assigned to the first 9 scales of the Retribution Plan, to the minimum salary of $3.35 per hour, equivalent to a basic salary of $545.00 per month for a schedule of 37.5 hrs. a week.

6.      On April 23, 1986, the Director of OCAP, Atty. Guillermo Mojica Maldonado, issued General Memorandum No. 5-86 addressed to:  Messrs. Secretaries of the Government, Agency Heads and Mayors - Personnel System, Re: "Applicability of the Federal Minimum Wage to the Public Employee".

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

4

7. On June 30, 1986, the Director of OCAP, Atty. Atty. Guillermo Mojica Maldonado, issued Memorandum No. 3-86 addressed to: Messrs. Secretaries of the Government and Agency Heads- Central Administration. Re: "Tenth Assignment of Classes of the Career Service of the Central Administration to the salary scales established in Law 89 of July 12, 1979, amended, Uniform Retribution Act."

8. When the Federal Minimum Wage entered into effect on April 1, 1990, the Social Services Department, today the Family Department, adjusted the salaries of all of the employees assigned to the first 11 scales of the Retribution Plan, to the same salary of $3.55 per hour, equivalent to a basic salary of $577.00 per month for a work schedule of 37.5 hrs. per week.

9. On June 30, 1990, the Director of OCAP, Enrique A. Rosa López, issued Memorandum 2-90 addressed to: Messrs. Secretaries of the Government and Agency Heads-Central Administration regarding: "Fourteenth Assignment of Classes to the Career Service of the Central Administration to the Salary Scales Established in Law 89 of July 12, 1979, amended, Uniform Retribution Act."

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

5

10.    On July 22, 1991, the Director of OCAP, Enrique A. Rosa López, issued Memorandum 3-81 addressed to: Messrs. Secretaries of the Government and Agency Heads-Central Administration regarding: "Fifteenth Assignment of Classes to the Career Service of the Central Administration, to the Salary Scales Established in Law No. 89 of July 12, 1979, amended, Uniform Retribution Act."

11.    When said Federal Minimum Wage entered into effect on April 1, 1991, there were adjusted the salaries of all of the employees assigned to the first 13 scales of the Retribution Plan to the same salary of $3.70 per hour, equivalent to a basic salary of $602.00 a month for a schedule of 37.5 hours a week.

12.    Through Administrative Bulletin Number OE-1991-47, there was authorized the conversion of the Social Services Department (today Family Department) into an individual administrator, pursuant to  the extinct Law No. 5 of October 14, 1975, as amended, "Law of Service Personnel of Puerto Rico", even though it continued to be governed by the Classification and Retribution Plans of the Central Administration.

13.    When said Federal Minimum Wage entered into effect, on April 1, 1992, there was adjusted the minimum salary the salaries of all of the employees

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

6

assigned to the first 15 scales of the Retribution Plan to the same salary of $3.90 hr. equivalent to $634.00 a month for a schedule of 37.5 hours a week.

14.    When said Federal Minimum Wage entered into effect, on April 1, 1993, there was adjusted the minimum salary the salaries of the employees assigned to the first 16 scales of the Retribution Plan to the same salary of $4.05 hr. equivalent to $659.00 a month for a schedule of 37.5 hours a week.

15.    On July 1, 1993, the Director of OCAP, Oscar I. Ramos Meléndez, issued Special Memorandum No. 26-93 addressed to: Messrs. Secretaries of Government, Agency Heads,  Directors of Public Corporations, Mayors and Presidents of the Municipal Assemblies - Personnel System and  Agencies Excluded from the Personnel Act of the Public Service regarding: "Preparation of Classification and Retribution Plans, Personnel Regulations and Other Instruments for the Administration of Human Resources in the Public Service."

                                    284                    **SC 316**

16.    When the Federal Minimum Wage entered into effect on April 1, 1994, the minimum salary of all of the  employees assigned to the first 17 scales of the Retribution Salary was adjusted to $4.25 hr. equivalent to $691.00 per month for a schedule of 37.5 hours a week.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

17.     On June 3, 1994, the Director of OCAP, Mr. Oscar I. Ramos Meléndez, issued Memorandum No. 5-94 addressed to the Heads of the Individual Administrators of Agencies of the Personnel System regarding: "Assignment of the Classes of Positions to the Scales of Retribution Effective at the Commencement of Each Fiscal Year; Updating the Retribution Structures; Federal Minimum Wage."

18.     The Classification Plans of Positions and Retribution for the Career Service of the Family Department were adopted in June 1996 effective on March 1, 1996. The basic salary of the first scale was $780.00 a month for a schedule of 37.5 hours a week. The Federal Minimum Wage in effect on the date of the implementation was of $691.00 a month for a schedule of 37.5 hours a week.

19.     After the implementation of the Classification and Retribution Plan effective on March 1, 1995, the Family Department did not develop new Classification Plans of Positions in the Career Service, nor Retribution Plans.

20.     The Retribution Plan adopted on March 1, 1996, established 23 scales and 8 types of salary retributions to cover 211 classes of position. This plan was elaborated by the Department, with the collaboration and final approval of the

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

8

Central Office of Personnel Administration (OCAP) and the basic salary of the plan is $780.00 a month for a work schedule of 37.5 hours a week.

21.     Prior to the implementation of the Classification and Retribution Plans in June of 1996, there were below the minimum salary the first 17 salary scales, which received the same minimum salary as the janitor and worker.

22.     Effective on October 1, 1996 the Federal Minimum Wage increased to $4.75 per hour, equivalent to $772.00 a month for a weekly work schedule of 37.5 hours and $823.00 a month for a weekly schedule of 40 hours.

23.     The Family Department has maintained without changes up to the present the Retribution Plan which it adopted in 1995, even though the minimum salary again increased.

24.     When the Federal Minimum Wage entered into effect on September 1, 1997, there was adjusted the minimum salary of all of the employees assigned to scales 1 and 2 of the Retribution Plan of 1996, to the minimum salary of $5.15 per hour equivalent to $837.00 a month for a work schedule of 37.5 hours a week.

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

9

25. On Sept. 1, 2000, every employee of the public sector had a minimum salary increase. When said Federal Minimum Wage entered into effect, the salaries of the employees assigned to the first 5 scales of the Retribution Plan of 1996 were adjusted to $5.80 hr., equivalent to $943.00 a month for a work schedule of 37.5 hrs. a week and $1,005.00 a month for a schedule of 40 hours a week pursuant to the provisions of Law No. 320 of September 2, 2000.

26. When the Federal Minimum Wage entered into effect on July 24, 2007, there were adjusted the salaries of the employees assigned to the first 5 scales of the Retribution Plan of 1996 to the minimum wage of $5.85 hr. equivalent to $951.00 a month for a work schedule of 37.5 hrs. a week.

27. When the Federal Minimum Wage entered into effect on July 24, 2008, there were adjusted the salaries of the employees assigned to the first 7 scales of the Retribution Plan of 1996 to the minimum wage of $6.55 hr. equivalent to $1,064.00 a month for a work schedule of 37.5 hrs. a week.

28. The basic salary of each salary scale in the Retribution Plan of 1996 has prevailed unaltered since the year 1996 to the present.

**SC 317**

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

10

## PART III. STIPULATIONS OF FACT ON WHICH THERE IS NO CONTROVERSY-VOCATIONAL REHABILITATION ADMINISTRATION

40.    The Vocational Rehabilitation Administration was constituted as an Individual Administrator on July 28, 1995.

41.    The Vocational Rehabilitation Administration, before becoming an individual administrator,  was an integrated part and was assigned to the Social Services Department (today Family Department).

42.    The Vocational Rehabilitation Administration was governed by the same Classification Plan of Positions and Retribution Plan that governed in the Social Services Department (today Family Department), understand this as the Plan administered by OCAP.  The salary adjustments for the implementation of the Minimum Salary in the Vocational Rehabilitation Administration were made in the same manner as in the Family Department, as described in 5, 8, 11, 13, 14, 16, 22, 24, 25, 26 and 27.

43.    On August 1, 2004, the Vocational Rehabilitation Administration implemented its own Plan of Positions and Compensation, Career Service/Unionized, Career Service/Managerial and Trust Service.  The basic

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

salary of the first scale for the managerial career service was $1,500 and for the union career service it ws $950.00.  The Federal Minimum Wage in effect on the date of the implementation was $943.00 a month.

44.     As of the implementation of the 2004 Plan, the Vocational Rehabilitation Administration has not developed new Classification Plans of Positions and of Retribution.  Nor has it made periodic revisions to the Retribution Plan.

**PART IV.     DOCUMENTARY EVIDENCE STIPULATED**

**EXHIBIT 1  [LIST OF PLAINTIFFS]**  As reference is made in paragraph No. 1 of the Stipulations of Fact on Which there is No Controversy [Notwithstanding this it is clarified that when Law 70 was extended up to October 21, 2012, the final number of plaintiffs could vary, in order to exclude from the complaint those employees that accepted the program of resignations or incentivized retirement under said law].  [The list of unidentified employees is being purified to dismiss without prejudice and/or remain on the list].

**EXHIBIT 2**  Partial summary of relationship of classes of Positions with an indication of the number and the salary scale to which they correspond as a result of the Fifteenth Assignment of Classes of the Career Service of the Central

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

12

Administration, to the Salary Scales Established in Law No. 89 of July 12, 1979,

amended, Uniform Retribution Act; effective as of July 1, 1991.

**EXHIBIT 3** Monthly Salary Scales That will Govern in the Family Department

as of March 1, 1996 (1 folio).

**EXHIBIT 4** Second Assignment of the Classes of the Career Service of the

Family Department, to the Salary Scales Established pursuant to Law 89 of July

12, 1979, Amended, Uniform Retribution Act effective on July 1, 1996. (14

folios).

**PART V. THE FOLLOWING DOCUMENTS ARE STIPULATED WITH
REGARD TO THEIR AUTHENTICITY NOT SO WITH REGARD TO THEIR
CONTENT OR RELEVANCE. NO OBJECTIONS ARE WAIVED PURSUANT
TO LAW.**

**EXHIBIT 5** Memorandum dated November 20, 1985 issued by the Director of

OCAP, Atty. Guillermo Mojica Maldonado, regarding: "Salary increase of the

Public Employees" addressed to the then Governor of Puerto Rico, Hon. Rafael

Hernández Colón.

286 **SC 318**

**EXHIBIT 6** Memorandum 5-86 dated April 23, 1986 issued by the Director of

OCAP, Atty.Guillermo Mojica Maldonado addressed to Messrs. Secretaries of the

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

13

Government, Agency Heads and Mayors- Personnel System, Re: Applicability of the Federal Minimum Wage to the Public Employees.

**EXHIBIT 7** Memorandum 3-86 dated June 30, 1986 issued by the Director of OCAP, Atty. Guillermo Mojica Maldonado addressed to: Messrs. Secretaries of the Government and Agency Heads - Central Administration, Re: "Tenth Assignment of Classes to the Career Service of the Central Administration to the salary scales established in Law 89 of July 12, 1979, amended, Uniform Retribution Act."

**EXHIBIT 8** Memorandum 2-90 dated June 30, 1990, issued by the Director of OCAP, Enrique A. Rosa López, addressed to Messrs. Secretaries of the Government and Agency Heads- Central Administration, Re: "Fourteenth Assignment of Classes to the Career Service of the Central Administration to the Salary Scales Established in Law 89 of July 12, 1979, amended, Uniform Retribution Act."

**EXHIBIT 9** Memorandum 3-91 dated July 22, 1992 issued by the Director of OCAP, Enrique A. Rosa López, addressed to Messrs. Secretaries of the Government and Agency Heads- Central Administration, Re: "Fifteenth

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

14

Assignment of Classes to the Career Service of the Central Administration, to the Salary Scales Established in Law No. 89 of July 12, 1979, amended, Uniform Retribution Act."

**EXHIBIT 10** Special Memorandum 26-93 dated July 1, 1993, issued by the Director of OCAP, Oscar L. Ramos Meléndez, addressed to Messrs. Secretaries of Government, Agency Heads, Directors of Public Corporations, Mayors and Presidents of Municipal Assemblies - System of Personnel and Agencies Excluded from the Personnel Act of the Public Service regarding: "Preparation of Classification and Retribution Plans, Personnel Regulations and Other Instruments for the Administration of Human Resources in the Public Service."

**EXHIBIT 11** Memorandum 5-94 dated June 3, 1994 issued by the Director of OCAP, Mr. Oscar L. Ramos Meléndez, addressed to Messrs. Heads of the Individual Administrator Agencies of the Personnel System regarding: "Assignment of the Classes of Positions to the Effective Scales of Retribution at the Commencement of Each Fiscal Year; Updating of the Retributive Scales; Federal Minimum Wage."

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

15

**EXHIBIT 12**  Memorandum 8-97 dated June 9, 1997 issued by the Director of OCAP, Atty. Aura L. González Ríos, addressed to the Heads of the Individual Administrators of the Personnel System regarding: "Amendments to the Classification Guideline of Functions and to the Scales of Payment of the Regulation for the Employment of Irregular Personnel".

**EXHIBIT 13**  Specifications for Janitor I-Classification and Retribution Plan of the Family Department implemented on March 1, 1996.

**EXHIBIT 14**  Specifications for Janitor II - Classification and Retribution Plan of the Family Department implemented on March 1, 1996.

**EXHIBIT 15**  Specifications for Social Services Assistant - Classification and Retribution Plan of the Central Office of Administration (OCAP).

**EXHIBIT 16**  Specifications for Service Assistant - Classification and Retribution Plan of the Family Department implemented on March 1, 1996.

**EXHIBIT 17**  Specifications for Fiscal Assistant II - Classification and Retribution Plan of the Family Department implemented on March 1, 1996.

**EXHIBIT 18**  Specifications for Office Clerk IV - Classification and Retribution Plan of the Central Office of Administration (OCAP).

287                    **SC 319**

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

16

**EXHIBIT 19**  Specifications for Family Service Technician I - Classification and Retribution Plan of the Family Department implemented on March 1, 1966.

**EXHIBIT 20**  Family Department - List of Assignment of Classes of Positions to the Salary Scales - Career Service of 1996. (7 folios).

**EXHIBIT 21**  Uniform Retribution Regulation- Law 89 of June 12, 1979 (Amended).

**EXHIBIT 22**  Amended Judgment Case of Nilda A. Agosto Maldonado et al v. Commonwealth of Puerto Rico, Family Department, et al, KPE2005-0608.

**EXHIBIT 23**  Complaint and Answer to Complaint Carmen Socorro Cruz Hernandez, et al v Commonwealth of Puerto Rico, et al, KAC1991-0665.

**EXHIBIT 24**  Partial Judgments with scales Carmen Socorro Cruz Hernandez et al v. Commonwealth of Puerto Rico, et al. KAC1991-0665.

**EXHIBIT 25**  Amended Judgment Carmen Socorro Cruz Hernandez, et al v. Commonwealth of Puerto Rico, et al KAC1991-0665.

•      In relation to Exhibits 21 to 25 above, it is requested that the Court take judicial knowledge of the Laws, Judgments and contents of the same.

**EXHIBIT 26**  Specifications for Janitor I - Plan of Classification and Retribution of the Central Office of Administration (OCAP).

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

17

**EXHIBIT 27**  Specifications for Worker I - Plan of Classification and Retribution of the Family Department implemented on March 1, 1996.

**EXHIBIT 28**  Specifications for Office Clerk IV - Plan of Classification and Retribution of the Family Department implemented on March 1, 1996.

## PART VI. DOCUMENTARY EVIDENCE STIPULATED APPLICABLE AIJ

## EXHIBIT I

a.  General Information regarding Development, Implementation and Administration of the Classification and Retribution Plans of the Career Service of the Juvenile Institutions Administration.

b.  First Assignment of Classes of Positions Comprised within the Classification Plan adopted for the Career Service of the AIJ pursuant to section 4.2 of Law 5 of October 14, 1975, as amended, Public Service Personnel Act, effective March 1, 1994.

c.  Assignment of Classes by Salary Scales.

**EXHIBIT 2**  Second Application of Classes of Positions comprised within the Classification Plan adopted for the Career Service of the AIJ effective on June 1, 1999 and Standards established to Implement the Increase of the Retribution Plan for the Career Servie for the AIJ dated December 28, 1998.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

18

**EXHIBIT 3**  Salary Scales adopted by the AIJ of 37.5 hours and 4o hours for the

Career Service to be effective on the following dates:

a.    October 1, 1996;

b.    September 1, 1997;

c.    July 1, 2001 (correct date should be September 1, 2000);

d.    July 24, 2007;

e.    July 24, 2008.

**EXHIBIT 4**  Twelfth Assignment of the Classes of Positions comprised within the

Classification Plan adopted for the Career Service of the AIJ effective August 16,

2008.

288                              **SC 320**

We reserve the right to present any other documentary evidence.

### Defendant

There has not been any identified at this moment, nevertheless, we

reserve the right to present documentary evidence.

### PART VII.  CONTROVERSIES OF LAW TO BE ADJUDICATED-

PLAINTIFF

1.    To determine if the defendant violated Arts. 2 and 9 and Sec. 4 of the

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

Regulation of Uniform Retribution of 1984 and concealed and/or distorted to the

plaintiffs the rights that they had in order to not pay them the salary which by

law corresponded to them, based on the retribution standards and statutes

applicable to them and pursuant to the hierarchy and complexity of their

positions, under an updated scale system.

2.     To determine if as a matter of law there applies to this case what was

resolved in SANTIAGO DECLET V. FAMILY DEPARTMENT, 153 D.P.R. 208 (2001),

in view of the fact that the cases of Juan Pérez Colón et al v. DTOP, Civil No.

KAC-90-487(505) and Carmen Socorro Cruz Hernandez v. Family Department,

KAC-91-0665, Nilda Agosto Maldonado et al v. ELA, CIVIL NO. KPE 2005-0608

(907), employees similarly situated to the plaintiffs successfully impugned the

Retribution Plan of the Central Administrative and defendant agencies, for having

been inoperative and if it is pertinent to assign the positions of the plaintiffs

herein to the  new retribution plans adopted in February 2005, when the same

were made extensive, in the same terms, to all of the employees located in the

same situation as that of those that prevailed in their impugnation.

Furthermore, because from the text of the Uniform Retribution Act itself it

establishes the ministerial obligation to maintain the salary structure of the

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

20

Central Adminsitration and individual administrators updated, to comply with the principal of equal pay for equal work.

3.      To determine if the defendants violated the constitutional guarantees of due process of law when, unilaterally and without prior notification, in violation of the Uniform Retribution Act and its Regulation they implemented a Memorandum of Adjustment 5-86 illegally affecting and violating the employment contract that existed between the parties.

4.      To determine, under the same operational facts, if the defendant obtained an unjust enrichment by refusing to use the least onerous alternative provided under Law 5 of November 20, 1975 of reduction of the daily work schedule and which it had available to comply with the minimum salary and of having incurred in any violation of the previous ones, to determine the amount of the salaries illegally retained to each plaintiff.

5.      To determine if the previous controversies are res judicata, in light of what was resolved in the case of Carmen Socorro Cruz, supra, and regarding the nullification of the directive issued by OCAP in General Memorandum 5-86 of April 23, 1986, for the implementation of the minimum salary, since the same is in open contravention of the Law and regulation of uniform retribution.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

21

6.      To determine if the defendant violated the different special statutes related to the general increases granted to the plaintiff employees and/or diminished the same, by making salary adjustments in contravention to the express provisions of the laws that confer said general increases and where it is established that the same constitute separate and independent bonuses of the salary scales and if the answer is in the affirmative, to determine the amount of the salaries illegally retained.

**DEFENDANT**

1.      If pursuant to the Uniform Retribution Act there existed or not a ministerial duty of the State, or in its defect of the individual administrators, to periodically amend their retribution scales to conform them to the increases in

289                                      **SC 321**

the Federal Minimum Wage that was made extensive to the public sector, and if it is pertinent to retroactively implement some new retribution plans allowing a claim for the retroactive and unlimited collection of the salaries so determined.

2.      If pursuant to the Uniform Retribution Act a specific period is established for the approval of the retribution plans, or if it is required that new plans or amendments to be same be approved every certain amount of time

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

22

3.      If pursuant to the Uniform Retribution Act discretion was granted to the individual administrators to approve the retribution plans, pursuant to the fiscal situation of the agency.

4.      In the alternative, if the claim of the plaintiff party is pertinent pursuant to the Uniform Retribution Act, which we deny, there apply the standards regarding retroactivity provided in Art. 12 of Law 180 which limits the salary claims of employees to three (3) years prior to the moment in which the claim is filed.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, January 31, 2014.

s/illegible
**ATTY. CARLOS R. QUINONES CRUZ**
Attorney for Defendant
SCPR No. 15224
P.O Box 902019
San Juan, P.R. 00902-0192
Tel. 787-721-2900 x 2600, 2601
Fax 787-723-9186
cquinones@justicia.gobierno.pr

s/illegible
**ATTY. IVONNE GONZALEZ MORALES**
Attorney for Plaintiffs
Bar 5034 RUA. 3725
P.O. Box 9021828
San Juan, P.R. 00902-1828
Tel. 787-724-5323
Fax 787-200-5927
ivonnegm@prw.net

s/illegible
**ATTY. MILAGROS ACEVEDO COLÓN**
Bar Number 9575, RUA 8334
2000 Felisa Rincón Ave., Box 1405
SAN JUAN, PR 00926
Tel. 787-422-7622/Fax 787-761-0058
maclegaljc@gmail.com

290                                          **SC 322**

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com