**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION IN SUPPORT OF VERIFIED STATEMENT OF NIXON PEABODY LLP PURSUANT TO 48 U.S.C. § 2178 AND BANKRUPTCY RULE 2014(a) AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**

In accordance with the *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82, 48 U.S.C. § 2178(c) ("PRRADA"), and the Court's related *Order Approving List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act* [Docket No. 20467] (the "Order"), Nixon Peabody LLP ("Nixon Peabody" or the "Firm"), as special counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), hereby submits this Supplemental Declaration in support of the *Verified Statement of Nixon Peabody LLP Pursuant to 48 U.S.C. § 2178 and Bankruptcy Rule 2014(a) as*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

*Special Counsel to the Financial Oversight and Management Board of Puerto Rico* (the "Verified Statement") [Docket No. 20841].[2]

1. In response to the Verified Statement, the Office of the United States Trustee (the "UST") requested that Nixon Peabody provide the following additional disclosures regarding Nixon Peabody's services provided to the Oversight Board.

2. Nixon Peabody has been a disinterested person at all times during its representation of the Oversight Board: Nixon Peabody (a) was not and is not a creditor, an equity security holder, or an insider of the Debtors; (b) is not and was not, within 2 years before the date of the filing of the Debtors' petitions, a director, officer, or employee of the Debtors; and (c) did not and does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Further, Nixon Peabody's post-petition work for the Oversight Board and for the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") on behalf of the various Commonwealth entities is specialized public finance and tax advice, and other consulting services, none of which we believe involves being adverse to any person or entity. Moreover, were Section 327 of the Bankruptcy Code applicable to our retention for the Oversight Board, Nixon Peabody would qualify as special counsel under Section 327(e), as holding no adverse interest with respect to the matters on which Nixon is employed.

3. To the best of my knowledge, information and belief, after reasonable inquiry through surveying all attorneys in our firm, Nixon Peabody has not advised any client about buying or selling outstanding debt instruments issued by any of the Debtors at any time during the Title III cases.

---

[2] Capitalized terms used but not defined shall have the meanings ascribed in the Verified Statement.

2

4. Nixon Peabody has reviewed our financial records regarding the entities listed on Schedule 1 of the Verified Statement. The only entities for which fees constituted more than 2% of Nixon Peabody's gross revenues, in any year that the Title III cases have been pending, are U.S. Bank, National Association and its affiliates.

5. Nixon Peabody's representation of AAFAF commenced in July 2016 and Nixon Peabody has had annual contracts with AAFAF since that time (2016 to 2022), as well as contracts for specific engagements such as bond counsel for the Puerto Rico Highways and Transportation Authority ("HTA") debt restructuring. Nixon Peabody provided public finance services to AAFAF in connection with the Title III restructurings of the Puerto Rico Sales Tax Financing Corporation, the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority, and HTA, including regarding the issuance by each of these Debtor entities of new bonds and other obligations as part of their respective restructurings. With the exception of HTA, each of these Title III cases has been completed. The subject matter of the representation/contract with AAFAF does not and did not involve any adversity between AAFAF and the Oversight Board.

6. Prior to the engagement, in connection with the proposed representation of the Oversight Board, Nixon Peabody disclosed its representation of/contract with AAFAF to the Oversight Board (as well as at the same to, disclosing Nixon Peabody's proposed representation of the Oversight Board to AAFAF). Nixon Peabody's work for the Oversight Board related to the Puerto Rico Electric Power Authority ("PREPA") was limited to, in essence, advice to support the position that existing and future PREPA bonds were and would be tax exempt under the federal tax laws. On these issues, the Oversight Board and AAFAF were completely aligned.

7. Except as otherwise indicated, all the facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me or other personnel of Nixon

3

Peabody, or upon information learned upon review of relevant documents. To the extent any information disclosed in this Supplemental Declaration requires amendment or modification upon the Firm's completion of further review, or as additional information becomes available, a supplemental Verified Statement (by me or another member of the Firm) will be submitted to the Court reflecting such amended or modified information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: New York, New York  
July 14, 2022

*/s/ Mitch Rapport*  
Mitch Rapport, Esq.

for NIXON PEABODY LLP  
799 9th Street NW Suite 500  
Washington, DC 20001-5327  
Telephone: (202) 585-8305  
mrapport@nixonpeabody.com

4869-4020-4328.4