UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM ORDER SUSTAINING THE THREE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO SALES TAX FINANCING AUTHORITY, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO LATE-FILED CLAIMS WITH RESPECT TO PROOF OF CLAIM NO. 179223

Before the Court is the *Response to Three Hundred Seventy-Fourth Omnibus*

*Objection of the Commonwealth of Puerto Rico and Puerto Rico Buildings Authority to Late-*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Filed Claims* (Docket Entry No. 21439)[2] (the "Response") filed by Quality Construction Services II, LLC ("QCS"). Through the Response, QCS opposes the *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority to Late-Filed Claims* (Docket Entry No. 17923) (the "374th Omnibus Objection") filed by the Financial Oversight Board and Management Board for Puerto Rico (the "Oversight Board").[3] The 374th Omnibus Objection seeks disallowance of, inter alia, one claim filed by QCS against the PBA (Proof of Claim No. 179223, the "Claim")[4] on the grounds that the Claim "was not timely filed, as QCS filed the claim after the applicable deadline set by the Bar Date Orders." (374th Omnibus Obj. Ex. A at 103.) The Court has considered carefully QCS's submission and the relevant entries on the docket, and, for the reasons provided herein, the 374th Omnibus Objection is sustained with respect to the Claim.

### BACKGROUND

*The Claim and Omnibus Claims Objection*

The Claim was received by Prime Clerk, LLC (now known as "Kroll Restructuring Associates, LLC"), Debtors' claims and noticing agent, on May 12, 2021, more than ten months past the July 29, 2020 bar date (the "PBA Bar Date") set by the *Order*

---

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the 374th Omnibus Objection.

[4] The Claim is asserted as an unsecured claim against the PBA in the amount of $500,000 on the basis of "Final Judgments and Agreements, in Case No. KAC2006-5943 and; KAC2008-0018[.]" Claim at 3.

*(A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* (Docket Entry No. 12260; Docket Entry No. 55 in Case No. 19-5523) (the "Initial PBA Bar Date Order") and the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (Docket Entry No. 13403; Docket Entry No. 88 in Case No. 19-5523) (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders").

On August 20, 2021, the Oversight Board objected to QCS's Claim as "Late Filed," by way of the 374th Omnibus Objection. That same day, the 374th Omnibus Objection, together with a Court-approved notice in English and Spanish, was served upon QCS via email and first-class mail. (See *Certificate of Service* (Docket Entry No. 17989), at 3, Ex. AD at 9, Ex. AE at 16; *Notice of the Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority to Late-Filed Claims* (Omnibus Obj. Ex. C, the "374th Omnibus Objection Notice").) The 374th Omnibus Objection Notice stated multiple times and in bold type that the deadline for QCS to respond to the 374th Omnibus Objection was **September 20, 2021**, at **4:00 p.m. (Atlantic Standard Time)**. (374th Omnibus Obj. at 1; 374th Omnibus Obj. Notice at 3, 6.) The 374th Omnibus Objection Notice further warned claimants that, absent an extension by the debtor in writing, "[i]f no response is filed within the time allowed herein, the Omnibus Objection will be deemed unopposed and may be granted . . . ." (374th Omnibus Obj. Notice at 3.)

QCS acknowledges that it received the 374th Omnibus Objection on August 20, 2021. (Resp. ¶ 22.) Yet, QCS did not file or otherwise submit a response to the 374th Omnibus

Objection until July 5, 2022. Claimant also failed to appear at the January 12, 2022 omnibus hearing or the January 19–20, 2022 or February 16–17, 2022 hearings at which the Court addressed the 374th Omnibus Claims Objection. Consequently, the Court sustained the 374th Omnibus Claims Objection as it pertains to the Claim and other late-filed claims pending filing of the Informative Motion (as defined below) and entry of a final written order memorializing that ruling.

On May 24, 2022, the Oversight Board filed the *Notice of Presentment of Proposed Order Granting the Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority to Late-Filed Claims (ECF No. 17923)* (Docket Entry No. 20964, the "Notice of Presentment"), seeking entry of a proposed order granting the 374th Omnibus Objection. In accordance with this Court's *Sixteenth Amended Case Management Procedures* (Docket Entry No. 20190 Ex. 1) the Oversight Board noticed an objection deadline of 4:00 p.m. (Atlantic Standard Time) on May 31, 2022. (Notice of Presentment at 1, 6.) The Notice of Presentment was also served upon QCS. (See *Certificate of Service* (Docket Entry No. 21183), at 3, Ex. I at 6, Ex. Q at 19.)

Also on May 24, 2022, the Oversight Board filed the *Informative Motion of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority Regarding Three Hundred Seventy-Fourth Omnibus Objection (Substantive) to Late Filed Claims and Three Hundred Ninety-Seventh Omnibus Objection to Late Filed Claims* (Docket No. 20953) (the

"Informative Motion"). The Informative Motion was filed at the Court's request to clarify the scope of relief sought by the 374th and 397th Omnibus Claims Objection with respect to certain bondholder claims, and did not implicate QCS's Claim.

*The Extension Motion and the Response*

On June 1, 2022, QCS filed the *Request for Extension to Reply to Informative Motion of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority Regarding Three Hundred Seventy Fourth Omnibus Objection (Substantive) to Late Filed Claims and Three Hundred Ninety Seventh Omnibus Objection to Late Filed Claims* (Docket Entry No. 21093) (the "Extension Motion"), requesting an extension of time to reply to the Informative Motion.[5]

On June 3, 2022, the Court entered the *Order Regarding Defective Pleading* (Docket Entry No. 21105) (the "Defective Pleading Order"), striking the Extension Motion as defective "because it was not filed by counsel" to QCS and granting leave for QCS to file a corrected pleading by July 5, 2022, with the Debtors' response due on July 12, 2022. (Defective Pleading Order at 1.) The Court's order further stated: "To the extent the [Extension Motion] may be construed as an application requesting action by the Court, it is denied." (Defective Pleading Order at 2.)

---

[5] The Informative Motion was merely informational and did not include a deadline to reply or seek clarification. Additionally, the Response cannot be construed as an objection to the Notice of Presentment. The Extension Motion was filed after the deadline to object to the Notice of Presentment, and, in addition to being untimely, QCS nowhere objects that the Notice of Presentment is defective or that the proposed order attached thereto fails to accurately convey the relief requested in the 374th Omnibus Objection.

On July 5, 2022, QCS, now represented by counsel, filed the Response, substantively responding to the 374th Omnibus Objection rather than filing a corrected pleading.

On July 12, 2022, the Oversight Board filed the *Response of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority in Compliance with the Court's Order Regarding Defective Pleading Response [ECF No. 21105]* (Docket No. 21484) (the "FOMB Reply").

## DISCUSSION

Through the Response, QCS argues that its late-filed Claim should be deemed timely-filed because it never received notice of PBA's bankruptcy or the PBA Bar Date Orders. (Resp. at 5–10.) Alternatively, QCS argues that the delay of over ten months beyond the PBA Bar Date was the result of excusable neglect. (Resp. at 6–10.)

To address the merits of QCS's response to the Oversight Board's objection is unnecessary. QCS acknowledges that it received the 374th Omnibus Objection on August 20, 2021. (Resp. ¶ 22.) QCS had sufficient notice and time to file a response before the September 20, 2021 response deadline to the 374th Omnibus Objection. The Court's order striking the Extension Motion stated: "To the extent the [Extension Motion] may be construed as an application requesting action by the Court, it is denied." (Defective Pleading Order at 2.) By granting leave for QCS to obtain counsel to correct its defective pleading regarding the Informative Motion, this Court in no way extended the long-expired deadline to respond to the 374th Omnibus Objection. QCS fails to proffer any justification for its delay of over nine months past the deadline to respond. Nor do any of the grounds for relief enumerated in the

374th Omnibus Objection Notice apply in this instance.[6]

### Conclusion

For the foregoing reasons, the 374th Omnibus Objection is sustained with respect to the Claim. Accordingly, with respect to the Claim, the Court will enter the Debtor's proposed order as filed with the Notice of Presentment (Docket Entry No. 20964 Ex. C). This Order resolves Docket Entry No. 21439.

SO ORDERED.

Dated: July 15, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[6] "If no response is filed within the time allowed herein, the Omnibus Objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise." (374th Omnibus Obj. Notice at 3.)