UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | Case No. 17-BK 3283 (LTS) |
| as representative of | (Jointly Administered) |
| **THE COMMONWEALTH OF PUERTO RICO,** *et al.*, | |
| Debtors.[1] | |
| _____/ | |

**VERIFIED STATEMENT OF MARIAELENA GAYO-GUTIAN, ESQ.
REGARDING RETENTION OF GENOVESE, JOBLOVE & BATTISTA, P.A.
AS SPECIAL LITIGATION COUNSEL TO OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

I, Mariaelena Gayo-Guitian, hereby declare under penalty of perjury:

1. I am a partner of Genovese, Joblove & Battista, P.A. ("<u>GJB</u>") with three offices in Florida located at 100 SE 2nd Street, Suite 4400, Miami, FL 33131; 200 East Broward Blvd, Suite 1110, Fort Lauderdale, FL 33301, and 100 N. Tampa Street, Suite 2600, Tampa, FL. GJB also has an affiliate office in Caracas Venezuela located at Av. Francisco de Miranda, Torre Provincial "A" piso 8 oficina 81 y 82 1060 Caracas, Venezuela.

2. In accordance with Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. 2178 ("<u>PRRADA</u>") and the Court's related orders [Docket Nos. 19859, 19980, 20419, and 20467], I hereby

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

11

submit this Verified Statement (the "GJB Verified Statement") the facts of which are based upon my personal knowledge, discussions with other GJB attorneys, and the firm's client/matter records that were reviewed by me or other GJB attorneys acting under my supervision and direction.

3. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. Thereafter, the U.S. Trustee modified the composition of the Committee membership [Docket Nos. 1171, 3058, and 3947], such that, currently, the members of the Committee are the American Federation of Teachers, Baxter Sales and Distribution Puerto Rico Corp., Doral Financial Corporation, Genesis Security Services, Inc., Service Employees International Union, Tradewinds Energy Barceloneta, LLC, and Unitech Engineering Group, S.E. [Docket No. 3947].

4. On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case (the "Committee").[2]

5. By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), the Court approved the retention of Paul Hastings, LLP ("Paul Hastings") as primary counsel for the Committee effective as of June 26, 2017.

6. On April 16, 2019, the Committee selected GJB as proposed special litigation counsel to the Committee in connection with the evaluation and analysis of potential causes of action and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the offering of (a) the Commonwealth's General Obligation bonds ("GO Bonds"), (b) bonds issued by the Public Buildings Authority ("PBA"), and (c) bonds issued by ERS ("ERS"), including bond counsel, disclosure counsel, underwriters, underwriters' counsel, swap

---

[2] The "Committee" refers to the Official Committee of Unsecured Creditors for all Title III Debtors, other than PBA and COFINA.

11

counterparties, or auditors (collectively, the "Financial Party Targets").

7. The retention of GJB as special litigation counsel was necessary and appropriate because primary counsel, Paul Hastings, represents certain of the Financial Party Targets (or their affiliates) in matters unrelated to the Title III Cases.

8. On April 26, 2019, the Court approved the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524] (the "Joint Prosecution Stipulation"). In connection with the prosecution of such claims or causes of action, the Oversight Board agreed to the appointment of the members of the Special Claims Committee of the Oversight Board ("Special Claims Committee"), on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings.

9. On April 30, 2019, the Committee filed the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing Employment and Retention of Genovese Joblove & Battista, P.A. as Special Litigation Counsel to Official Committee of Unsecured Creditors, Effective as of April 16, 2019* [Docket No. 6661] (the "GJB Employment Application").

10. As part of the GJB Employment Application, GJB attached as Exhibit "A" the *Declaration of John H. Genovese in Support of Application for Order Pursuant to Bankruptcy Code Section 1103 and Local Rule 2014(e) Authorizing Employment and Retention of Genovese, Joblove & Battista, P.A. as Special Litigation Counsel to Official Committee of Unsecured Creditors, Effective as of April 16, 2019* [Docket No. 6661-1] (the "GJB Declaration").

11. As set forth in the Engagement Agreement dated April 30, 2019, GJB was retained to represent the Committee as special litigation counsel and conflicts counsel in connection with, among other matters, the evaluation and analysis of potential causes of action and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the involved in the offering of the Financial Party Targets.

12. On May 31, 2019, the Court entered the *Order Authorizing Employment and Retention of*

11

*Genovese, Joblove & Battista, P.A. as Special Litigation Counsel to Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 1103(A) and Local Rule 2014-1(e), Effective as of April 16, 2019* [Docket No. 7181] (the "Retention Order").

13. On January 19, 2022, the Court entered an order [Docket No. 19813] confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (the "Plan"). The effective date of the Plan occurred on March 15, 2022.

14. On February 15, 2022, former GJB attorneys John Arrastia ("J. Arrastia"), Jesus Suarez ("J. Suarez") and Angelo Castaldi ("A. Castaldi") formed the law firm, Continental, PLLC ("Continental") and took over representation of the Committee as special litigation and conflicts counsel. In connection with the foregoing, Arrastia, Suarez, and Castaldi filed *Notices of Appearance and Request for Notices and Papers* [D.E. 20136]. On February 28, 2022, Continental filed their *Informative Motion Regarding Change of Firm and Address, and Proposed Substitution of Counsel* [Docket No. 20225]. As a result of the foregoing, GJB no longer is representing any party in these proceedings effective as of February 15, 2022.[3]

## Review and Disclosure of Material Interested Parties

15. In accordance with PRRADA, on February 2, 2022, the Court entered the PRRADA Compliance Order, directing the Oversight Board to file a list of material interested parties.

16. Thereafter, the Oversight Board submitted an initial List of Material Interested Parties, as defined in the PRRADA (the "Initial MIP List").

17. Following a Court order to amend the Initial MIP List, the Oversight Board filed an amended MIP List (the "Amended MIP List") on March 29, 2022. [Docket No. 20458].

18. On March 21 and 30, 2022, the Court directed that, "to the extent any professional persons

---

[3] On March 15, 2022, GJB served its Eighth Interim Fee Application on the Fee Examiner for the period of October 1, 2021 – December 31, 2021 ("Interim Fee Application"). Review and consideration of the Interim Fee Application is pending GJB's compliance with the PRRADA Disclosures. GJB anticipates filing a Final Fee Application for the period of January 1, 2022 – February 15, 2022 and completing its role as special litigation and conflicts counsel for the Committee in these proceedings.

11

(as identified in PRRADA) have already complied with the requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures by such professional persons as required by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." *See* Docket Nos. 20419 and 20467.

19. Consistent with the Court's orders, GJB has reviewed its conflicts check system for potential conflicts with the MIP List, and the results were compiled and analyzed by GJB attorneys. In connection with the foregoing, GJB ran a conflict check of the Amended MIP List which contained over 2,300 names. The conflicts check included a search for (i) named parties; (ii) counsel and (iii) financial consultants. The conflicts check searches indicated that GJB has not performed within the last five (5) years and is not performing any services for any party listed in the Amended MIP List that constitutes a conflict of interest in connection with GJB's representation of the Committee through February 15, 2022.

20. However, GJB has identified one (1) "connection"[4] to the parties listed in the Amended MIP List, as follows:

    a. Allison Day, a current shareholder of GJB, is married to James Feltman ("Feltman"), a managing director in the restructuring practice at Kroll (formerly Duff & Phelps, LLC). Mr. Feltman and his firm were retained by the FOMB solely in connection with a task performed under the supervision of the FOMB, known as the Bank Reporting Project ("BRP"). The BRP was jointly performed by Kroll and the staff of the FOMB. The BRP Contract between the FOMB and Kroll, as well as the BRP were published by the FOMB. The BRP sourced information from banks primarily located in Puerto Rico. The BRP did not rely on or utilize information provided by the FOMB. Banking information sourced by the BRP referenced banks who conducted business with instrumentalities and agencies which comprised entities subject to the Title III action in the USDC. The BRP did not seek, utilize or report on confidential information from any party, including the FOMB. GJB submits, however, that this is not a material conflict under the Bankruptcy Code. Mrs. Day had little to no involvement in GJB's representation of the Committee in the Title III cases, other than reviewing documents in the early stages of these proceedings as outlined in GJB's Second Interim Fee Applications (9.3 hours) [Dkt. No. 9213] and GJR Third Fee Application (41.8 hours) [Dkt. No. 12409].

---

[4] As indicated in paragraph (14) above, GJB also has a connection to certain attorneys of Continental PLLC, which now serves as counsel to the Committee, including: (i) John Arrastia, Esq., former shareholder of GJB; (ii) Jesus Suarez, Esq., former partner of GJB; and (iii) Angelo Castaldi, former associate of GJB. Neither Continental nor any of its attorneys were included in the Amended MIP List; however, GJB also discloses these connections in an abundance of caution.

21. Otherwise, to the best of my knowledge, and based on the review procedures described above, GJB does not have any other "connection" to any of the parties listed in the Amended MIP List. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

22. Aside from the connections disclosed in paragraph 20 above and footnote 4, neither I, nor any partner, of counsel, or associate of GJB, as far as I have been able to ascertain, has any connection with any parties listed in the Amended MIP List.

23. Thus, pursuant to the foregoing, I believe that GJB is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) and that GJB does not hold or represent any interest that is adverse to the Debtors' estates, and that there is no material conflict with the material interested persons listed in the Amended MIP List.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of July, 2022

/s/ Mariaelena Gayo-Guitian
Mariaelena Gayo-Guitian

11