**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
| | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors.[1] | : |

---

**DECLARATION OF JUAN JOSÉ CASILLAS-AYALA, ESQ. IN SUPPORT OF THE FIFTEENTH INTERIM FEE APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, AS LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2022 THROUGH MAY 31, 2022**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Juan José Casillas-Ayala, declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted and in good standing to practice in the Commonwealth of Puerto Rico. I am a Capital Member and head of the Litigation and Labor Department at the law firm of Casillas, Santiago & Torres, LLC ("CST"), located at, 53 Palmeras St., Ste. 1601, San Juan, PR 00901, and am duly authorized to make this Declaration on behalf of CST. I make

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

this Declaration in support of the *Fifteenth Interim Application of Casillas, Santiago & Torres, LLC, Local Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from February 1, 2022 through May 31, 2022* (the "Application").[2]

2. The facts set forth in this Declaration are based upon my personal knowledge, discussions with other CST attorneys, and the firm's client/matter records that were reviewed by me or other CST attorneys acting under my supervision and direction.

3. I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by CST generally.

4. CST provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

Question: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Interim Fee Period?

Response: No.

Question: If the fees sought in this application as compared to the fees budgeted for the Interim Fee Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: CST remained within all its presented budgets for the Interim Fee Period.

Question: Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

---

[2] Capitalized terms used but not defined herein have the meanings set forth in the Application.

Response: No.

Question: Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response: This application does not include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

Question: Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response: This application does not include time or fees for reviewing time records to redact any privileged or other confidential information

Question: If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rates increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response: In accordance with the Order Imposing Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or Other Sub-Retained Professionals [Docket No. 7678] ("Additional Presumptive Standards Order") and the Committee's approval, effective March 1, 2021, CST adjusted the rate for two timekeepers. Theses hourly rate increases imposed for timekeepers working on these Title III cases are consistent, both in amount and timing, with those imposed for timekeepers in the same professional services organization not working on these Title III cases.

5. I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of July, 2022.

*/s/ Juan J. Casillas-Ayala*
Juan J. Casillas-Ayala, Esq.