Objection Deadline: August 12, 2022 at 4:00 p.m. (Atlantic Standard Time)
Hearing Date: August 17, 2022 at 9:30 a.m. (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS.** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Objection Deadline: August 16, 2022 at 4:00 p.m. (Atlantic Standard Time)
Hearing Date: August 17, 2022 at 9:30 a.m. (Atlantic Standard Time)

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Movant,

v.

ASPENALL ENERGIES SANTA ISABEL, LLC, BLUE BEETLE III, LLC, CARACOL SOLAR, LLC, DESARROLLOS DEL NORTE, INC., GUAYAMA SOLAR ENERGY, LLC, HATILLO SOLAR PLANT, LLC, MOROVIS SOLAR, LLC, RENEWABLE ENERGY AUTHORITY, LLC, RESUN (BARCELONETA), LLC, SIERRA SOLAR FARM, LLC, SOLANER PUERTO RICO ONE, LLC, SOLAR PROJECT SAN JUAN, LLC, SOLARBLUE BEMOGA, LLC, VEGA BAJA SOLAR PROJECT, LLC, and SUNBEAM CARIBBEAN ENERGY CORP, LLC

    Respondents.

**SECOND OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (A) APPROVING PREPA'S REJECTION OF CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) GRANTING <u>RELATED RELIEF</u>**

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS LISTED ON <u>EXHIBIT A</u>, ATTACHED HERETO.**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by its Title III representative, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rule 6006, made applicable to this case by PROMESA sections 301(a) and 310, for an order, substantially in the form attached hereto as **Exhibit B**: approving PREPA's rejection of the Rejected PPOAs (as defined herein) set forth on **Exhibit A** hereto. In support of the requested relief, the Oversight Board respectfully submits the *Declaration of Engineer Mary Carmen Zapata in Respect of Second Omnibus Motion of PREPA for Order (a) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief*[3] filed concurrently herewith (the "Zapata Declaration"), and otherwise respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, made applicable to this case by PROMESA sections 301(a) and 310, respectively.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Ms. Zapata was unavailable to provide a signature page at the time of filing. A signed version of the Zapata Declaration will be filed as soon as practicable.

## BACKGROUND

4. On July 2, 2017 (the "Petition Date"), the Oversight Board, as PREPA's Title III representative, filed a voluntary petition for relief for PREPA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Title III Case").

5. Background information regarding PREPA and the commencement of this Title III Case is contained in the *Notice of Statement of Oversight Board Regarding PREPA's Title III Case* [ECF No. 2].

## THE REJECTED PPOAs

6. As of the Petition Date, PREPA was party to approximately sixty different power purchase and operating agreements, master service agreements, and other agreements for renewable energy projects, under which PREPA agreed to purchase renewable power generated by the developer-counterparties to such contracts (collectively, the "PPOAs"). Zapata Declaration ¶ 5.

7. The fifteen PPOAs set forth in **Exhibit A** (the "Rejected PPOAs") are non-operational. Although the Rejected PPOAs were executed between 2010 and 2013, the vast majority of the projects contemplated under these agreements have not advanced to the construction stage of development, and the few that have commenced construction are at best in the early stages. As a result, none of the projects under the Rejected PPOAs would be ready to supply energy to PREPA in the near term. Zapata Declaration ¶ 6.

8. The Rejected PPOAs include thirteen of sixteen PPOAs that were renegotiated by PREPA and presented to the Oversight Board for approval under its Contract Review Policy under PROMESA § 204(b)(2) in 2020. These renegotiated PPOAs would have provided

4

approximately 593 MW of renewable power.[4]  The Oversight Board declined to approve all sixteen agreements because it determined their pricing was not consistent with the then-certified fiscal plan for PREPA, and they were not procured through a competitive process. The Oversight Board agreed to approve contracts from this group covering up to 150 MW of generation, at PREPA's selection.  PREPA then submitted two of these contracts for Oversight Board approval, which it granted.  Zapata Declaration ¶ 7.  These two contracts have since been assumed.  *See Amended Order Approving PREPA's Assumption of Power Purchase Agreements* ECF No. [2667].  The remaining thirteen PPOAs will not be approved by the Oversight Board, and PREPA therefore cannot provide further performance thereunder. PROMESA § 204(b)(5).

9.  Based on the foregoing, PREPA determined these thirteen Rejected PPOAs should be terminated because PREPA cannot perform any obligations under contracts the Oversight Board has disapproved, and regardless none of the Rejected PPOAs are likely to result in projects capable of delivering any renewable power to PREPA, let alone at prices consistent with PREPA's fiscal plan.  Zapata Declaration ¶¶ 8, 11.

10.  On December 13, 2011, PREPA and Aspenall Energies Santa Isabel, LLC entered into a PPOA relating to the purchase of renewable energy from a wind turbine generator system project with a capacity of 10 MW to be located in the municipality of Santa Isabel, Puerto Rico (the "Aspenall PPOA").  The Aspenall PPOA project is non-operational and would price energy generated from this project at $ 0.125 / kWh and Renewable Energy Certificates ("CERs") at $ 0.025 / kWh.  The initial price is subject to an uncapped annual escalation of one and a half percent (1.5%).  Zapata Declaration § 9.

---

[4] *See* Letter from Natalie Jaresko, Exec. Director, FOMB, to Ralph Kreil Rivera, Chairman, PREPA Governing Board (August 17, 2020), at 1–2, *available at*: https://oversightboard.pr.gov/documents/.

11. On February 23, 2010, PREPA and Sunbeam Caribbean Energy Corporation entered into a PPOA relating to the purchase of renewable energy generated by fuel derived from municipal solid waste from a facility with a capacity of approximately 10 MW to be located in the municipality Barceloneta, Puerto Rico (the "Sunbeam PPOA"). The Sunbeam PPOA project is also non-operational and would price energy generated from this project at $ 0.10 / kWh subject to a variable annual escalation based on the United States Price Index of no more than four percent (4%). Zapata Declaration § 10.

12. The prices originally agreed under the Aspenall PPOA and Sunbeam PPOA were above the then-current market price and include uncapped escalation over the life of the agreements. If developed under the current terms without a competitive process, the energy prices and contractual conditions in the Aspenall PPOA and Sunbeam PPOA would have imposed a larger financial burden on PREPA and the ratepayers of Puerto Rico than contemplated in the certified fiscal plan for Puerto Rico. Zapata Declaration § 11.

13. Each of the Rejected PPOAs allows PREPA to terminate without further liability if the counterparty to the Rejected PPOAs does not achieve its "Commercial Operation Date" within a specified period. In addition, nearly all the Rejected PPOAs provide PREPA with a termination right if the counterparty does not achieve "Commencement of Construction" within a specified timeframe. The counterparties for each of the Rejected PPOAs have failed to achieve the specified Commercial Operation Date or Commencement of Construction requirements (or both). Therefore, PREPA was entitled to terminate the Rejected PPOAs without further liability or incurring any rejection damage claims. Zapata Declaration ¶ 12.

14. On May 3, 2021, PREPA's Governing Board authorized the termination and rejection of the thirteen Rejected PPOAs that were not approved by the Oversight Board as

described above.[5] Subsequently, PREPA determined to terminate and reject the Aspenall PPOA and Sunbeam PPOA.[6] Pursuant to such authorization, PREPA notified each of the counterparties to the Rejected PPOAs that it had exercised its termination right. Because the Rejected PPOAs were executory as of the Petition Date, PREPA desires to reject the Rejected PPOAs pursuant to section 365 of the Bankruptcy Code to avoid any arguments about the efficacy of its terminations or allowance of any damages related thereto. Zapata Declaration ¶ 13.

## RELIEF REQUESTED

15. By this Motion, PREPA, through the Oversight Board, seeks an order pursuant to section 365(a) of the Bankruptcy Code, as incorporated into Title III of PROMESA, approving PREPA's rejection of the Rejected PPOAs.

## BASIS FOR RELIEF

16. Section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), provides that a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)).

---

[5] *See Resolution 4881, Rejection of Non-Operating Renewable Energy PPOAs*, PREPA Governing Board, May 3, 2021, *available at* https://aeepr.com/en-us/jg/Pages/ResolucionesJG.aspx.

[6] Power Purchase and Operating Agreement between Sunbeam Caribbean Energy Corp, LLC and PREPA, dated February 23, 2010, Contract No: 2010-AI0031; Renewable Power Purchase and Operating Agreement between Aspenall Energies Santa Isabel, LLC and PREPA, dated December 13, 2011, Contract No. 2012-P00089.

17. The assumption or rejection of an executory contract or unexpired lease is subject to review of whether PREPA has advanced a business justification for its rejection.[7] Under this standard, "a debtor must simply put forth a showing that assumption or rejection of the executory contract or unexpired lease will benefit the [d]ebtor's estate." *In re Vent Alarm Corp.*, Case No. 15-09316-MCF11, 2016 WL 1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016). If a debtor has exercised "reasonable" business judgment, the court should approve the proposed contract rejection. *See In re Maiden Brooks Farm LLC*, 435 B.R. 81, 83 (Bankr. D. Mass. 2010) (noting that courts afford deference to debtors under the business judgement rule); *see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (Bankr. D. Del. 2003) (explaining that under the business judgment standard, a court should defer to a debtor's decision with respect to contract assumption or rejection, "unless that decision is the product of bad faith or a gross abuse of discretion"); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 618 B.R. 349, 361 (D.P.R. 2020) (assumption of a power purchase agreement is not subject to a heightened standard of review, but rather a determination that assumption "is a sound exercise of PREPA's business judgment and not the product of bad faith, whim, or caprice").[8]

---

[7] There is no basis here for the application of any standard other than business justification because there is no federal or Commonwealth policy that would be circumvented by the Court's approval of rejection of the Rejected Contracts. The agreements PREPA seeks to reject are not contracts for the transmission or sale of electric energy in interstate commerce and hence are not subject to FERC's jurisdiction under the Federal Power Act. See 16 U.S.C. §824(b)(1). Electric energy produced and transmitted within Puerto Rico does not move in interstate commerce. Further, no approval by the Puerto Rico Energy Bureau is required for termination of the contracts and PREPA can comply with Puerto Rico energy law and policy without these contracts. *Cf. NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984) and *In re Mirant*, 378 F.3d 511 (5th Cir. 2004). As this Court has recognized, public impact alone does not justify application of a heightened standard of review and there is no support for the argument that energy supply is "a general category requiring heightened scrutiny." *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 618 B.R. at 360–61 (D.P.R. 2020).

[8] The Court noted in the EcoEléctrica Opinion that the subject contract amendments had been approved by the Puerto Rico Energy Bureau (PREB). EcoEléctrica Opinion at p. 17. The requirement of approval by PREB only applies to new contracts or amendments to existing contracts and thus is not required for rejection of any PPOAs by PREPA. *See* Act 57-2014, § 6.32(a). The lack of PREB approval of rejection of these agreements is therefore not a factor in the applicable standard or review or whether PREPA has met such standard.

18. Under PROMESA, the Oversight Board's discretion is afforded even greater deference. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 432 F. Supp. 3d. 25, 30–31 (D.P.R.), aff'd, 954 F.3d 1 (1st Cir. 2020). As the Court noted:

> The Oversight Board is designated, in the first instance, as the entity that makes important strategic and tactical judgments in managing these restructuring proceedings, and it necessarily does so in a holistic manner. While pursuing returns for creditors of each debtor is an important element of those judgments, it is not the exclusive end point of the Oversight Board's task. The needs, concerns and future of a political entity that is the home of millions of American citizens, as well as the needs, concerns and rights of a broad range of parties in interest and the ability to propose confirmable plans of adjustment, are all implicated here. The Oversight Board has been given the responsibility of balancing and prioritizing the relevant issues and concerns in developing fiscal arrangements and plans of adjustment, and it is entitled to a measure of deference in carrying out this responsibility.

*Id.*

19. Upon review and analysis of PREPA's obligations under the Rejected PPOAs, PREPA has concluded that the relief requested in this Motion is in the best interests of PREPA and its creditors and customers because all the Rejected PPOAs are incapable of performance, and even if they were they would require PREPA to purchase energy and RECs at rates that are above-market without having been subject to a competitive procurement process.

20. PREPA is in the process of procuring alternative renewal energy generation through a competitive RFP process it believes will result in pricing that reflects the current market for renewable utility-scale energy, from credible renewable energy contractors. Rejection of the Rejected PPOAs will therefore not impair PREPA's ability to comply with renewable energy requirements under applicable law and regulations. Moreover, PREPA cannot realistically monetize the Rejected PPOAs by assuming and assigning any of them to third parties. No realistic alternative counterparty for the purchase of power exists in Puerto Rico, and even if there were such alternatives, any third party would also find the Rejected

PPOAs overpriced in the current market. Zapata Declaration § 15.

21. Given the above, the Rejected PPOAs are neither desirable nor necessary for PREPA's go-forward operations, and therefore has ample business justification to reject these PPOAs.

## NOTICE

22. PREPA has provided notice of this Motion to (collectively, the "Notice Parties"): (i) the counterparties to the Rejected PPOAs; (ii) the Office of the United States Trustee for the District of Puerto Rico; (iii) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (iv) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders' party thereto, as amended, and that certain the Trade Finance Facility Agreement, dated July 20, 2012; (v) the statutory unsecured claimholders' committee appointed in this Title III Case; (vi) the Office of the United States Attorney for the District of Puerto Rico; (vii) counsel to AAFAF; (viii) the Puerto Rico Department of Justice; and (ix) all parties who have requested service in PREPA's Title III case.

## RESERVATION OF RIGHTS

23. PREPA files this Motion without prejudice to or waiver of its rights pursuant to PROMESA section 305[9] and does not by this Motion provide any consent (of PREPA or the

---

[9] PROMESA section 305 provides:
LIMITATIONS ON JURISDICTION AND POWER OF COURT.
Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—
(1) any of the political or governmental powers of the debtor;
(2) any of the property or revenues of the debtor; or
(3) the use or enjoyment by the debtor of any income-producing property.

10

Oversight Board) otherwise required by section 305.

## **NO PRIOR REQUEST**

24. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE PREPA respectfully requests the Court issue an order (a) granting the Motion and (b) granting PREPA such other relief as is just and proper.

Dated: July 15, 2022

San Juan, Puerto Rico

Respectfully submitted,

/s/ *Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Puerto Rico Electric Power Authority, and Puerto Rico Public Buildings Authority*

/s/ *Paul V. Possinger* Martin J. Bienenstock *(pro hac vice)*
Paul V. Possinger *(pro hac vice)*
Ehud Barak *(pro hac vice)*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for PREPA*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

By: */s/ Luis F. Del Valle-Emmanuelli*
Luis F. Del Valle-Emmanuelli

# Exhibit A

# List of Rejected PPOAs

1. Power Purchase and Operating Agreement between Sunbeam Caribbean Energy Corp, LLC and PREPA, dated February 23, 2010, Contract No: 2010-AI0031.

2. Renewable Power Purchase and Operating Agreement between Aspenall Energies Santa Isabel, LLC and PREPA, dated December 13, 2011, Contract No. 2012-P00089.

3. Renewable Power Purchase and Operating Agreement between Blue Beetle III, LLC and PREPA, dated October 31, 2011, amended on May 8, 2014, Contract No. 2012-P00037.

4. Renewable Power Purchase and Operating Agreement between Caracol Solar, LLC (Roma Solar, LLC) and PREPA, dated July 20, 2012, amended on December 17, 2012, Contract No. 2013-P00004.

5. Renewable Power Purchase and Operating Agreement between Desarrollos del Norte, Inc. (Atenas Solar Farm) and PREPA, dated December 28, 2012, as amended on May 26, 2014, Contract No. 2013-P00070.

6. Renewable Power Purchase and Operating Agreement between Guayama Solar Energy, LLC and PREPA, dated October 22, 2010, as amended November 18, 2011, and July 30, 2014, Contract No. 2011-P00042.

7. Renewable Power Purchase and Operating Agreement between REA Energy Hatillo Solar Plant, LLC (Renewable Energy Authority/REA Energy, LLC) and PREPA, dated December 13, 2011, Contract No. 2013-P00075.

8. Renewable Power Purchase and Operating Agreement between Morovis Solar, LLC (Irradia Energy) and PREPA, dated December 8, 2011, amended on May 9, 2012 and May 23, 2014, Contract No. 2012-P00053.

9. Renewable Power Purchase and Operating Agreement between Renewable Energy Authority, LLC (Vega Serena) and PREPA, dated November 21, 2011, as amended on May 21, 2014, Contract No. 2012-P00045.

10. Renewable Power Purchase and Operating Agreement between ReSun (Barceloneta), LLC and PREPA, dated December 16, 2011, as amended on September 19, 2012 and May 16, 2014, Contract No. 2012-P00061.

11. Renewable Power Purchase and Operating Agreement between Sierra Solar Farm, LLC (Roma Solar, LLC) and PREPA, dated December 18, 2012, Contract No. 2013-P00072.

12. Renewable Power Purchase and Operating Agreement between Solaner Puerto Rico One, LLC and PREPA, dated June 13, 2012, as amended on May 27, 2014, and May 29, 2015, Contract No. 2012-P00146.

13. Renewable Power Purchase and Operating Agreement between Solar Project San Juan, LLC (Fonroche Energy America, Inc.) and PREPA, dated October 10, 2012, Contract No. 2013-P00048.

14. Renewable Power Purchase and Operating Agreement between SolarBlue Bemoga, LLC and PREPA, dated October 10, 2012, as amended on April 4, 2014, Contract No. 2013-P00052.

15. Renewable Power Purchase and Operating Agreement between Vega Baja Solar Project, LLC (Fonroche Energy America, Inc.) and PREPA, dated October 10, 2012, Contract No. 2013-P00050.

## Exhibit B

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. [10] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

---

[10] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Movant,

v.

ASPENALL ENERGIES SANTA ISABEL, LLC, BLUE BEETLE III, LLC, CARACOL SOLAR, LLC, DESARROLLOS DEL NORTE, INC., GUAYAMA SOLAR ENERGY, LLC, HATILLO SOLAR PLANT, LLC, MOROVIS SOLAR, LLC, RENEWABLE ENERGY AUTHORITY, LLC, RESUN (BARCELONETA), LLC, SIERRA SOLAR FARM, LLC, SOLANER PUERTO RICO ONE, LLC, SOLAR PROJECT SAN JUAN, LLC, SOLARBLUE BEMOGA, LLC, VEGA BAJA SOLAR PROJECT, LLC, and SUNBEAM CARIBBEAN ENERGY CORP, LLC

    Respondents.

**ORDER GRANTING SECOND OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (A) APPROVING PREPA'S REJECTION OF CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) <u>GRANTING RELATED RELIEF</u>**

2

Upon the *Second Omnibus Motion of PREPA for Order (a) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief* (the "Motion")[11]; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the rejection of the Rejected PPOAs represents a sound exercise of PREPA's business judgment and that the relief requested in the Motion is in the best interests of PREPA, its creditors, its customers, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case by PROMESA section 301(a), PREPA's rejection of the Rejected PPOAs listed on **Exhibit A** attached to the Motion is approved and such Rejected PPOAs shall be automatically

---

[11] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3

rejected upon entry of this Order.

3. All claims based on the rejection of the Rejected PPOAs, if any, must be filed on or before 4:00 p.m. (Atlantic Standard Time) on the first business day that is thirty-five (35) calendar days after the entry of the Order by the Court approving such rejection.

4. Nothing herein invokes any consent under PROMESA section 305.

5. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. PREPA and the Oversight Board, as PREPA's Title III representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____ ___, 2022

                                                                                  _____
                                                                                  HONORABLE LAURA TAYLOR SWAIN
                                                                                  United States District Judge