# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. [1] | **PROMESA**<br>**Title III**<br><br>**No. 17 BK 3283-LTS**<br><br>**(Jointly Administered)** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | **PROMESA**<br><br>**Title III**<br><br><br>**No. 17 BK 4780-LTS**<br><br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS.** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Movant,

v.

ASPENALL ENERGIES SANTA ISABEL, LLC, BLUE BEETLE III, LLC, CARACOL SOLAR, LLC, DESARROLLOS DEL NORTE, INC., GUAYAMA SOLAR ENERGY, LLC, HATILLO SOLAR PLANT, LLC, MOROVIS SOLAR, LLC, RENEWABLE ENERGY AUTHORITY, LLC, RESUN (BARCELONETA), LLC, SIERRA SOLAR FARM, LLC, SOLANER PUERTO RICO ONE, LLC, SOLAR PROJECT SAN JUAN, LLC, SOLARBLUE BEMOGA, LLC, VEGA BAJA SOLAR PROJECT, LLC, and SUNBEAM CARIBBEAN ENERGY CORP, LLC

    Respondents.

**DECLARATION OF MARY C. ZAPATA ACOSTA IN RESPECT OF SECOND OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (A) APPROVING PREPA'S REJECTION OF CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) GRANTING RELATED RELIEF**

2

I, Mary C. Zapata Acosta, under penalty of perjury, declare as follows:[2]

1. I am the Operations Executive Subdirector with the Puerto Rico Electric Power Authority ("PREPA"). I am over 18 years of age.

2. In my role as Operations Executive Subdirector, I develop policy rationales that inform PREPA's Governing Board regarding project prioritization and approach to project implementation; confer with and advise PREPA's management and Governing Board on Operational matters; among other duties and responsibilities.

3. I am authorized to make and submit this declaration on behalf of PREPA, and I am familiar with certain of the books, records, policies, and documents maintained by PREPA (the "Business Records"). PREPA keeps the Business Records in the regular course of its business. They are made at or near the time of the events appearing therein by, or from information provided by, persons with knowledge of the activity. It is the regular course of business for PREPA to make such records. Except as otherwise noted, I have personal knowledge of the matters set forth herein or have relied on information and analyses provided to me by other PREPA employees and PREPA's advisors. If called and sworn as a witness, I could testify competently thereto.

4. I make this Declaration in respect of the *Second Omnibus Motion of PREPA for Order (a) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief* (the "Motion").[3]

---

[2] Ms. Zapata was unavailable to provide a signature page at the time of filing. A signed version of this declaration will be filed as soon as practicable.

[3] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

3

**The Rejected PPOAs**

5. PREPA is a party to approximately sixty (60) different power purchase and operating agreements, master service agreements, and other agreements for renewable energy projects, under which PREPA agreed to purchase renewable power generated by the developer-counterparties to such contracts (collectively, the "PPOAs").

6. The fifteen (15) PPOAs set forth in **Exhibit A** to the Motion (the "Rejected PPOAs") are non-operational. Although the Rejected PPOAs were executed between 2010 and 2013, the vast majority of the projects contemplated under these agreements have not advanced to the construction stage of development, and the few that have commenced construction are at best in the early stages. As a result, none of the projects under the Rejected PPOAs would be ready to supply energy to PREPA in the near-term.

7. The Rejected PPOAs include thirteen (13) of sixteen (16) PPOAs that were renegotiated by PREPA and presented to the Oversight Board for approval under its Contract Review Policy under PROMESA § 204(b)(2) in 2020. These renegotiated PPOAs would have provided approximately 593 MW of renewable power.[4] The Oversight Board declined to approve all sixteen (16) agreements because it determined their pricing was not consistent with the then-certified fiscal plan for PREPA, and they were not procured through a competitive process. The Oversight Board agreed to approve contracts from this group covering up to 150 MW of generation at PREPA's selection. PREPA then submitted two of these contracts for Oversight Board approval, which it granted.

---

[4] *See* Letter from Natalie Jaresko, Exec. Director, FOMB, to Ralph Kreil Rivera, Chairman, PREPA Governing Board (August 17, 2020), at 1–2, *available at*: https://oversightboard.pr.gov/documents/.

4

8. Based on the foregoing, PREPA determined these thirteen Rejected PPOAs should be terminated because PREPA cannot perform any obligations under contracts the Oversight Board has disapproved, and regardless none of the Rejected PPOAs are likely to result in projects capable of delivering any renewable power to PREPA, let alone at prices consistent with PREPA's fiscal plan.

9. On December 13, 2011, PREPA and Aspenall Energies Santa Isabel, LLC entered into a PPOA relating to the purchase of renewable energy from a wind turbine generator system project with a capacity of 10 MW to be located in the municipality of Santa Isabel, Puerto Rico (the "Aspenall PPOA"). The Aspenall PPOA project is non-operational and would price energy generated from this project at $ 0.125 / kWh and Renewable Energy Certificates ("CERs") at $ 0.025 / kWh. The initial price is subject to an uncapped annual escalation of one and a half percent (1.5%).

10. On February 23, 2010, PREPA and Sunbeam Caribbean Energy Corporation entered into a PPOA relating to the purchase of renewable energy generated by fuel derived from municipal solid waste from a facility with a capacity of approximately 10 MW to be located in the municipality Barceloneta, Puerto Rico (the "Sunbeam PPOA"). The Sunbeam PPOA project is also non-operational and would price energy generated from this project at $ 0.10 / kWh subject to a variable annual escalation based on the United States Price Index of no more than four percent (4%).

11. The prices originally agreed under the Aspenall PPOA and Sunbeam PPOA were above the then-current market price and include uncapped escalation over the life of the agreements. If developed under the current terms without a competitive process, the energy prices and contractual conditions in the Aspenall PPOA and Sunbeam PPOA would have imposed a

5

larger financial burden on PREPA and the ratepayers of Puerto Rico than contemplated in the certified fiscal plan for Puerto Rico.

12. In addition, each of the Rejected PPOAs allows PREPA to terminate without further liability if the counterparty to the Rejected PPOAs does not achieve its "Commercial Operation Date" within a specified period. In addition, nearly all of the Rejected PPOAs provide PREPA with a termination right if the counterparty does not achieve "Commencement of Construction" within a specified timeframe. In each case, the parties to the Rejected PPOAs have failed to achieve the specified Commercial Operation Date or Commencement of Construction requirements (or both). Therefore, PREPA was entitled to terminate the Rejected PPOAs without further liability or incurring any rejection damage claims.

13. PREPA has thus determined that rejecting and terminating the Rejected PPOAs will provide cost savings without compromising the utility's ability to access reliable and continuous power sources, as needed, on reasonable terms.

14. On May 3, 2021, PREPA's Governing Board authorized the termination and rejection of the thirteen Rejected PPOAs that were not approved by the Oversight Board as described above.[5] Subsequently, PREPA determined to terminate and reject the Aspenall PPOA and Sunbeam PPOA. Pursuant to such authorization, PREPA notified each of the counterparties to the Rejected PPOAs that it had exercised its termination right. Because the Rejected PPOAs were executory as of the Petition Date, PREPA desires to reject the Rejected PPOAs pursuant to section 365 of the Bankruptcy Code to avoid any arguments about the efficacy of its terminations or allowance of any damages related thereto.

---

[5] *See Resolution 4881, Rejection of Non-Operating Renewable Energy PPOAs*, PREPA Governing Board, May 3, 2021, *available at* https://aeepr.com/en-us/jg/Pages/ResolucionesJG.aspx.

15. PREPA is in the process of procuring alternative renewal energy generation through a competitive RFP process it believes will result in pricing that reflects the current market for renewable utility-scale energy, from credible renewable energy contractors. Rejection of the Rejected PPOAs will therefore not impair PREPA's ability to comply with renewable energy requirements under applicable law and regulations. Moreover, PREPA cannot realistically monetize the Rejected PPOAs by assuming and assigning any of them to third parties. No realistic alternative counterparty for the purchase of power exists in Puerto Rico, and even if there were such alternatives, any third party would also find the Rejected PPOAs overpriced in the current market.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

July 15, 2022

                                          Mary C. Zapata Acosta
                                          Executive Subdirector
                                          Operations
                                          Puerto Rico Power Authority