**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF STEVE M. ZELIN REGARDING
DISINTERESTEDNESS OF PJT PARTNERS LP PURSUANT TO
THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT**

I, Steve M. Zelin, hereby declare and state as follows:

1. I am a Partner, Global Head of the Restructuring & Special Situations Group, and a member of the management committee at PJT Partners LP ("PJT"), a global investment banking firm listed on the New York Stock Exchange with its principal offices in New York City. PJT is the investment banker and financial advisor working on behalf of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]

2. I submit this supplemental declaration pursuant to section 2(b)(1) of the *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA").

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein. To the extent any information disclosed herein requires amendment, supplement, or modification upon PJT's completion of further review if such review is requested by the Court, or as any additional party in interest information becomes available, a supplemental declaration (by me or another PJT professional) will be submitted to the Court reflecting such amended, supplemented, or modified information.

**Background**

4. On January 20, 2022, President Joseph R. Biden Jr. signed PRRADA into law. PRRADA sets forth disclosure requirements for professional persons seeking compensation pursuant to sections 316 and 317 of PROMESA after PRRADA's enactment.

5. Pursuant to PRRADA section 2(c), on February 22, 2022, the Oversight Board filed a motion seeking approval of a proposed list of material parties in interest (the "MIP List"). ECF No. 20194. On March 29, 2022, pursuant to the Court's *Order Regarding Proposed List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy In Disclosure Act*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

[ECF No. 20419], the Oversight Board filed an amended MIP List. ECF No. 20458. The Court entered an order approving the amended MIP List on March 30, 2022. ECF No. 20467.

6. PRRADA requires professionals to file a verified statement conforming to the disclosure requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure setting forth the professional's connections to the parties on the MIP List. PRRADA § 2(b)(1).

7. On May 3, 2017, the Oversight Board, as representative of the Commonwealth, commenced the Commonwealth's Title III case. The Oversight Board later commenced Title III cases for the remaining Debtors as their representative (collectively, together with the Commonwealth's Title III case, the "Title III Proceedings").

8. On February 1, 2019, the Oversight Board retained PJT as investment banker and financial advisor. As a financial advisor to the Oversight Board, PJT receives compensation pursuant to PROMESA sections 316 and 317 and is, therefore, subject to PRRADA's disclosure requirements.

9. On May 16, 2022, I submitted my initial declaration (the "Initial Zelin Declaration") pursuant to section 2(b)(1) of PRRADA setting forth PJT's connections to the parties on the MIP List.

**PJT's Disinterestedness**

10. Following the filing of the Initial Zelin Declaration, the United States Trustee for the District of Puerto Rico requested certain additional information from PJT related to the disclosures set forth therein. This supplemental declaration sets forth such additional information.

11. For the period of May 1, 2017 until November 29, 2017, PJT earned and was paid fees equal to $2,990,322.58 in connection with PJT's representation of National Public Finance Corp. ("National"), one of the MIPs, with respect to the Title III Proceedings. PJT's engagement

3

letter with National, which was terminated effective as of November 29, 2017, contained an 18-month fee tail. Prior to the time that PJT was engaged by the Oversight Board on February 1, 2019, PJT communicated to National its waiver of all of its rights and entitlements in and to the fee tail.

12. None of the companies whose names were not disclosed in the Initial Zelin Declaration due to confidentiality concerns were themselves entities listed on the MIP List.

13. The Initial Zelin Declaration disclosed that an individual with whom PJT has an ongoing consultancy arrangement is a member of the stakeholder advisory committee to an affiliate of Wells Fargo Municipal Bond Fund, one of the MIPs. Such consultant referenced in this disclosure works with an entirely separate business unit of PJT that is not involved in PJT's representation of the Oversight Board. In addition, given such person's role as a consultant (and not an employee of PJT), such consultant does not have access to any of PJT's files (electronic or otherwise) related to PJT's representation of the Oversight Board.

14. The Initial Zelin Declaration disclosed that partners and/or employees of PJT or its affiliates may, from time to time, directly or indirectly hold equity and/or debt in certain of the MIPs. Other than as noted below, PJT is not aware that PJT, its affiliates, partners or other personnel held during these Title III Proceedings, directly or indirectly, any outstanding debt instruments issued by any of the Debtors. Notwithstanding the foregoing, it is possible that PJT partners and/or other personnel have investments in debt instruments issued by the Debtors through mutual funds, ETFs or professionally managed discretionary accounts as to which PJT has limited, if any, visibility. In addition, in conducting a further investigation of its records, PJT has determined that an account owned by the spouse of a PJT employee, which employee is in an entirely separate business unit of PJT that is not involved in PJT's representation of the Oversight Board, holds $2,000.00 principal face amount of bonds issued by the Puerto Rico Sales Tax

Financing Corporation (current market value of approximately $439.20). In addition, such spouse also previously held $10,000.00 principal face amount of Public Improvement Refunding Bonds, Series A (General Obligation Bonds) issued by the Commonwealth of Puerto Rico (purchased prior to PJT's engagement by the Oversight Board in February 2019). These bonds were insured and have been paid off by Assured Guaranty.

15. The Initial Zelin Declaration disclosed that, to the best of my knowledge, except as disclosed therein, PJT (and PJT's professionals) are not *direct* creditors or insiders of the Debtors. Other than as otherwise set forth in the Initial Zelin Declaration or this supplemental declaration, PJT does not believe that any of PJT or its professionals are *indirect* creditors or insiders of the Debtors.

16. At no time during the Title III Proceedings has PJT advised any client about buying or selling outstanding debt instruments issued by any of the Debtors. Such activity is not included in the services that PJT provides.

17. General Electric Company, together with its affiliated entities, has accounted for more than 2% of PJT's annual gross revenues during certain years that these Title III Proceedings have been pending.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge and belief.

July 19, 2022

*/s/ Steve M. Zelin*

Steve M. Zelin
Partner
PJT Partners LP

5