# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO. 17-BK-3283 (LTS) |
| As representative of | PROMESA TITLE III |
| THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | (Jointly Administered) |

## MOTION TO COMPEL ENFORCEMENT OF THE TERMS OF STIPULATION AND FOR CONTEMPT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

**COMES NOW** the certified Plaintiffs' Class in case <u>Gladys García Rubiera, etc., v. Hon. Luis G. Fortuño, et al</u>, Civil No. 02-1179 (GAG) represented by the authorized counsel to pray for the enforcement of the terms of the stipulation entered into between the Class and defendant the Commonwealth of Puerto Rico of February 29, 2016 (Dkt. 446) in case <u>Gladys García Rubiera etc., v. Hon. Luis G Fortuño</u>, et al, Civil No. 02-1179 (GAC) on the following grounds:

1. On the above stated date, the parties, the certified Class and the government officials of the Commonwealth of Puerto Rico, all represented by their respective counsel, entered into a Stipulation for Permanent Injunction dated February 29, 2016, granting remedy to the Class in the terms therein stated. *See*, Exhibit A. Judgment was rendered approving the stipulation. The purpose of the Stipulation was to give adequate notice to the certified Class, so that its members could apply and obtain reimbursement of the compulsory premiums paid by them to the ASC and transferred by the ASC to the Secretary of the Treasury of the Commonwealth of Puerto Rico so that the latter could directly reimburse the members of the certified Class, but that the Commonwealth failed to do. The total amount to be reimbursed ranged around $76.1 million. The

individual amounts ranged from $99 to $148 for every year of unreimbursed premiums. *See*, Stipulation ft.2, p. 2. *See, also*, Gracia Gracia v. The Financial Oversight and Management Board of Puerto Rico, et al, 939 F3d. 340, 346 (2019).

2. Individual notice according to the terms of the Stipulation was to be given to the members of the certified Class who had mailable addresses and a general public notice addressed to all members of the certified Class who had no such mailable addresses.

3. The purpose of the individual notices and the general public notice was to inform the members of the Class of their right to apply for reimbursement of the duplicate premiums paid and provided details as to the manner and requirements of how to do so. In the case of individual notices, an application form was included. *See*, Exhibit A, Clause III, p.5, paragraph 2 of the Stipulation.

4. Clause IV, Attorney's Fees and Jurisdiction, p. 7 provided: "This court will retain jurisdiction to enforce the terms of this stipulation and judgment."[1]

5. In a parallel case in the local courts of Puerto Rico, a similar stipulation was entered into on March 29, 2016.

6. Before the settlement and the stipulation could be implemented and remedy obtained by the Class, Congress, in light of the financial crisis of the Commonwealth of Puerto Rico, approved PROMESA. See 48 USC §§2101-2241 to try to remedy the financial woes of the Commonwealth. All legal proceedings of the Commonwealth were stayed, including the implementation of the Stipulation and Judgment.

7. Plaintiffs' Class moved to lift the stay granted under the PROMESA provisions. The Commonwealth opposed. After extensive briefing, the Hon. Laura Taylor Swain granted the lift

---

[1] The judgment of the District Court to enforce the injunctive relief originally issued, also reserved jurisdiction to enforce the judgment in Gladys García v. Fortuño, 873 F. Supp. 2d 421 (July 5, 2012).

of stay in part (as to the filing and a review procedure of the reimbursement of claims) but denied relief as to the payment aspect of the reimbursement proceedings including payment of attorney's fees. *See,* Memorandum and Order of April 16, 2018, Dkt. 2858.

8. Plaintiffs appealed. The First Circuit Court of Appeals issued an opinion. *See*, Gracia Gracia, *supra*, reversing in part the District Court's decision and remanded the case for further proceedings. As a result, the Financial Oversight and Management Board for Puerto Rico decided to adopt the Stipulation of February 29, 2016. The Class agreed and a Stipulation to that effect was drafted and later approved by the PROMESA Bankruptcy Court on June 29th, 2021. *See,* Dkt 17185.

9. In accordance with the US District Court rulings, the members of the Class proceeded to file their applications for reimbursement following the Stipulation of February 29, 2016.

10. Counsel for the Secretary of the Treasury has informed that, as of October 15, 2021, a total of 87,992 claims had been filed, of which 83,536 had been approved. *See*, Exhibit B.

11. Notwithstanding, and despite the approval of 83,536 claims, for a minimum total estimated in the amount of $8,270,000.00, the Secretary of the Treasury has not paid a single reimbursement to the members of the certified Class.

12. The reasons adduced by the defendant in its communication of March 29, 2022 in response to plaintiff's counsel allegations of non-compliance was that, in order to receive payment, the claimants had to access the defendant's website https://colecturiavirtual.hacienda.pr.gov/portal/ to provide their bank information so that the Commonwealth could transfer the funds to be reimbursed. *See*, Exhibit C with Attachments.

13. On October 27, 2021, the defendants had issued a Public Notice in El Nuevo Día newspaper, ¼ of a page, advising members of the class that they had to access the internet portal

and submit their bank information. *See*, Exhibit C, Attachment 2.

14. Defendant also claims that they made similar notices through Twitter and Facebook.

15. The defendant has informed counsel for the plaintiffs that by January 20, 2022, they had only received information with respect to 271 claimants for a total of $70,166.25.

16. The defendant has grossly breached the Stipulation of February 29, 2016, in the following aspects:

(A) The Stipulation did not require class members to submit any additional information aside from the one stated therein to get approval and payment of their claims. See, Stipulation, Doc. 446, Part. III No. 2, p. 6.

(B) The introduction of this new requirement to the 83,536 claimants whose claims were approved is contrary to the terms of the Stipulation entered into.

(C) Even assuming for the sake of argument, that the Commonwealth could introduce such new requirement, the manner of giving notice to the claimants of such new requirement is unconstitutional and invalid when defendant had the name and address of each claimant and had already evaluated and approved the submitted claims.

(D) The manner of communicating such requirement introduced *ex parte* without knowledge of the Honorable Court and plaintiffs' counsel is arbitrary and will likely fail to reach adequately plaintiff's Class, as witnessed by the Class's reaction to defendant's latest Notice (only 271 claimants responded of the 83,536 approved claims).

(E) The defendant had the mailing address of the approved claimants and could easily send a check as regularly done in Class Action Cases.

(F) Furthermore, all claimants in their applications for reimbursement had to include in addition to their mailing address, their Social Security number, and their e-mail address. This data

placed the defendant in a position to be able to communicate directly with claimants, as defendant did when denying the claim. Also, the Social Security number enabled defendant to access the claimants' financial information, including their bank account numbers.

(G) In order to avoid further proceedings, on June 9, 2022, Plaintiffs' counsel wrote a letter to Defendant's counsel including a draft of this Motion giving them 30 days waiting time. Even though they responded that they would consult and revert, they have not answered.

WHEREFORE, it is respectfully requested that defendant Commonwealth of Puerto Rico be ordered to pay the approved claims submitted by the members of the Class to their addresses, as provided in their application forms, pay interest, attorney's fees, and any further remedies.

4. That a monitor be appointed to ensure compliance by the defendant.

A memorandum of law in support hereof and a proposed order are herein included.

**RESPECTFULLY SUBMITTED**

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, July 21, 2022.

*s/Antonio J. Amadeo Murga*
USDC-PR No. 110103
A.J. AMADEO MURGA LAW OFFICES
605 Condado, Ave.
Suite 518
San Juan, PR 00907
Tel. (787)764-0893
ajamadeo@gmail.com

Mario M. Oronoz Rodríguez
USDC-PR No. 120606
ORONOZ & ORONOZ
Urb. Torrimar, K-4 Bambú St.
Guaynabo, PR 00966-3109
Tel. (787) 294-5255
mmo@oronozlaw.com