# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO. 17-BK-3283 (LTS) |
| As representative of | PROMESA TITLE III |
| THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | (Jointly Administered) |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ENFORCEMENT OF THE TERMS OF STIPULATION AND FOR CONTEMPT**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

**I. NUTSHELL**

This may be the final chapter of this interminable case that began in 2002 in which the Certified Class of Plaintiffs, after 20 years of litigation have yet to receive a single cent of around $76 million of reimbursements of their duplicate payment of the compulsory vehicle insurance premiums which they are entitled to. *See*, García Rubiera v. Fortuño, 727 F.3d 102 (1st Cir. 2013).

The record will show that as a result of that ruling, on February 29th, 2016, the parties finally entered into a Stipulation and Judgment to provide for the reimbursement of the premiums paid and the manner whereby the claims could be filed and paid. Before this Stipulation could be implemented, the Commonwealth of Puerto Rico had to file bankruptcy proceedings and the litigation was subject to an automatic stay.

Later on, the District Court partially lifted the stay as to the process of submitting and approving the claims but maintained it as to payment of same. The Class appealed the ruling of the District Court to the First Circuit. The latter, in Gracia Gracia v. The Financial Oversight and

1

Management Board of Puerto Rico, et al, 939 F3d. 340, 346 (2019), reversed partially the District Court ruling and remanded the case for further proceedings. Finally, in view of the ruling of the First Circuit Court of Appeals, the Commonwealth decided to adopt the Stipulation of February 29, 2016, to pay for the claims filed and approved. The District Court, in a Memorandum and Order, approved said request of the Board. (Dkts. 17185, 17186).

More than 87,000 claims were filed, of which 83,536 were approved for payment. *See*, Exhibit B. The total amount of claims approved reach an estimated $8,270 million. The individual claims have not been paid on the grounds that the individual claimants have not submitted their bank information through an internet portal in order to receive payment. *See*, Exhibit C of Motion to Compel. Such requirement was not included within the terms of the Stipulation that was entered into on February 29, 2016, which provided that no further information was required from the individual claimants other than the one stated in the Stipulation, nor in the application form for reimbursement. *See,* Exhibit D of Motion to Compel. Furthermore, the individual claimants who had their claims approved were not made aware of such new requirement, except for a ¼ of a page Public Notice published in El Nuevo Día newspaper and notices on Twitter and Facebook accounts, as alleged by the defendant. *See*, Exhibit C, Attachment 2 of Motion to Compel. No mail communication was directly sent to the approved claimants, despite the fact that the defendant had their mailing addresses. This additional requirement is not contemplated by the Stipulation and is arbitrary and oppressive.

**II. PERTINENT FACTS**

For the purposes of this Memorandum, the starting point is García Rubiera v. Fortuño, 727 F.3d. 102 (1st Cir. 2019) in which the First Circuit Court reversed partially the grant of injunctive remedy given by the District Court in Garcia Rubiera v. Fortuño, 873 F. Supp.2d. 421 (2012). The

2

the First Circuit Court of Appeals remanded the case for further remedies. The parties, in light of the First Circuit Court opinion, on February 29, 2016, entered into a Stipulation as to the time and manner to file the claims the reimbursement, as well as to the procedure to evaluate and effect payment to the members of the class who filed their claims. (Dkt. 446)

Before said Stipulation could be implemented, the Commonwealth went into bankruptcy proceedings under the terms of PROMESA statute. An automatic stay went into effect. Later on, the Plaintiff Class requested a lift of stay, which was partially denied as to the payment phase of the Stipulation. An appeal followed which resulted in partially reversing the ruling and the case was remanded for further proceedings. *See*, Gracia Gracia v. Financial Board, *supra*.

In light of this last decision of the US First Circuit Court of Appeals, the defendant decided to adopt the Stipulation of February 29, 2016, and reimburse the duplicate premiums paid by the members of the Certified Class who filed their claims. Assumption of the Stipulation was approved by the US District Court, which retained jurisdiction to enforce it. (Dkt. 17185)

The defendant has provided information that of the amount of around 87,000 claims filed mostly by mail, 83,536 were approved for payment. *See*, Exhibit B. These claims were contained in an application form that included pertinent information to evaluate and pay the claims, including the name and mailing address of the claimants as well as their e-mail address and Social Security number. The application did not include the requirement that the applicant should submit his/her/its bank information. *See*, Exhibit E of Motion to Compel.

Nevertheless, the defendant has not processed to payment because it now requests the claimants to access an internet portal and submit to the defendant their bank information, including name, bank account, and bank routing numbers. This new requirement has not been notified to the claimants, except for a brief ¼ of a page Public Notice published in El Nuevo Día newspaper and

3

notices in its Twitter and Facebook accounts. *See*, Exhibit D of Motion to Compel.

As a result, only 271 claimants have responded to this notice of the total 83,536 claimants whose claims have been approved.

**III. ARGUMENTS**

1. The Stipulation of February 29, 2016, did not require that in order for the claimants to have their reimbursement claims paid, they have to submit information about their individual bank accounts, including the bank routing number.

Nowhere in the Stipulation between the parties, which was the subject of ample discussion for approval, such requirement was included. Furthermore, the Stipulation clearly provided that

> The parties agree that the vehicle owners can filed their claims by making an application to the Secretary of the Treasury containing their name, address, Social Security number, the vehicle license plates number, Vehicle Identification Number (VIN), the mane of the insurance company, the policy number and the year of the policy as said information appears in the lists sent by ASC to the Secretary of the Treasury and a statement to the effect that: (a) the application was, during the pertinent year, the owner of the motor vehicle and that he/she/it paid the private insurance premium and also the compulsory insurance premium; (b) has not been reimbursed of the compulsory insurance premium; (c) is the person who appears in the list of vehicle owners entitled to reimbursement sent by the ASC to the Secretary of the Treasury for the years 1998 to 2010. <u>No additional information shall be required in the application</u>. Said application does not have to be notarized but shall be made under penalty of perjury. The application may contain the request for reimbursement for one or more motor vehicles or one or more years. A sample is included herewith. Paragraph 2, Part III Reimbursement Period and Reimbursement Procedure. (Our underscore.)

To introduce a new requirement is contrary to the Stipulation that must be complied with according to its terms. The defendant has not even requested the Honorable Court to change the terms of the Stipulation due to any exigent circumstances. *See*, <u>Hon. Feliciano v. Hernández Colón</u>, 754 F. Supp 942 (1991). The Stipulation was final, and the defendant was not free to introduce

4

new conditions. US v. Baus, 834 F.2d 1114 (1st Cir. 1987).

2. The introduction of the new condition and the manner of giving notice of such condition to the approved claimants undermines almost completely the claimants' right to reimbursement and is also invalid and unconstitutional.

The claimants whose claims were approved submitted their application including their names and mailing addresses. Assuming that the defendant can justify adding new conditions not required in the original application in order to effect payment, defendant had to at least notify such new conditions in the same manner in which claimants notified their application for payment, *i.e.*, to their mailing addresses. *See*, Jones v. Flowers, 547 US 220, 226 (2006); Taylor v. Wesley, 488 F.3d. 1197 (9th Cir. 2007).

In Jones v. Flowers, *supra*, the Supreme Court of the United States, citing Mullane v. Central Hanover Bank & Trust Co., 339 US 306 (1950) made clear, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.". Mullane at 315.

In Mullane, the Supreme Court held that where the names and mailing addresses of the affected persons are known, notice by mail is required by due process. Mullane at 319. ("Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.")

Failure to do so, aside for being unconstitutional, shows also lack of reasonable willingness of the defendant in processing and paying the claimants their claims for reimbursement. In re Lappointe 253 BR 496 (PAP 1st Cir. 2000).

But aside from the insufficient method of giving notice of the new requirement, requesting from the claimants additional requirement of accessing an internet portal to furnish additional

5

information not contemplated in the Stipulation and the original claim application is oppressive and conducive to discouraging claimants from pursuing their claims, particularly when the amount of the claim is not so significant. Not all claimants have access to internet service, neither necessarily have bank accounts. Not all claimants have dexterity in accessing such internet portals. This new requirement obtains the result of further thinning out the class members to which the remedy is given.

It is very important to stress that the settlement Stipulation in Clause 4, Page 6, gave the government 120 days to approve or reject the application for reimbursement. Only in the case that the application was rejected, the reasons therefor would be notified to the applicant. If not rejected, the Secretary was bound to approve and reimburse or credit the applicant. The credit clause was to cover cases in which the applicant might have a debt with the government. The Stipulation did not contemplate notification of the approval, but outright payment.

To comply with the process of distributing the funds of class action settlements, the defendant should make reasonable efforts to have funds reach the class members who have filed their claims; not to make payment more difficult. *See*, Francis McGovern, Distribution of Funds in Class Actions-Claim Administration 35 *Journal of Corporation Law* 123-134 (2009), at https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=2911&context=faculty_scholarship.

The most convenient and efficient ways have is to mail a check by first class mail to the claimants' addresses as contemplated in the Stipulation and is customary in class action suits. *See*, Morris v. Bank of America Settlement, 3:18-CV-157-RJC-DSC, (W.D.N.C. Jan. 21, 2022).

Although direct deposit of a settlement proceeds may facilitate payment in many class action suit settlements, this presupposes that previously the bank financial information had been required and obtained as provided in an application form. *See*, Class Action Settlements Still Paid

Largely in Paper Checks. But Plaintiffs Bar Is Pushing for Change, at https://www.law.com/legaltechnews/2022/02/18/class-action-settlements-still-paid-largely-in-paper-checks-but-plaintiffs-bar-is-pushing-for-change/

**IV. CONCLUSION**

The defendant should be compelled to issue checks to all approved claimants and sent to their mailing addresses, as provided in the approved claim forms, and interest should be awarded from the date the application was approved. Furthermore, attorney's fees should be granted for counsel work in enforcing this Stipulation. Lastly, that a monitor be appointed to supervise prompt distribution of the funds to the approved claimants. And if necessary, given the enabling powers at the cost of the defendant to effect the distribution.[1]

**RESPECTFULLY SUBMITTED**

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, July 21, 2022.

*s/Antonio J. Amadeo Murga*
USDC-PR No. 110103
A.J. AMADEO MURGA LAW OFFICES
605 Condado, Ave.
Suite 518
San Juan, PR 00907
Tel. (787)764-0893
ajamadeo@gmail.com

Mario M. Oronoz Rodríguez
USDC-PR No. 120606
ORONOZ & ORONOZ
Urb. Torrimar, K-4 Bambú St.
Guaynabo, PR 00966-3109
Tel. (787) 294-5255
mmo@oronozlaw.com

---

[1] Counsel for Plaintiffs' Class has made inquiries and the cost of directly printing and mailing the checks to the claimants to their addresses, as provided, would range from around $4 to $5 per claimant.

7