**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 21539** |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>**Re: ECF No. 1275** |
| MARIA A. CLEMENTE ROSA,<br><br>Movant,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>Respondent. | |

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales
Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal
Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK
3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of
the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal
Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS)
(Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four
Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-
LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**OBJECTION OF THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY TO
BANKRUPTCY RULE 3018(a) MOTION FILED BY MARIA A. CLEMENTE ROSA**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as the sole Title III representative of the Puerto Rico Highways and Transportation Authority

("HTA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

*and Economic Stability Act* ("PROMESA"),[1] respectfully submits this objection (the "Objection")

to the motion pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedures (the

"Bankruptcy Rules") [ECF No. 1275 in Case No. 17-3567][2] (the "Motion") filed by Maria A.

Clemente Rosa, *pro se* ("Movant"). In support of the Objection, the Debtor respectfully states as

follows:

**Background**

***Proposed Plan of Adjustment for HTA***

1. On May 21, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant

to PROMESA Section 304(a), commencing a case under Title III thereof (the "HTA Title III

Case"). Pursuant to PROMESA Section 315(b), the Oversight Board is HTA's representative in

the HTA Title III Case.

2. On June 7, 2022, the Oversight Board filed its proposed *Second Amended Title III*

*Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1202]

and the corresponding *Disclosure Statement for the Second Amended Title III Plan of Adjustment*

---

[1]  PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[2]  Docket references contained herein shall refer to the docket for Case No. 17-3567 unless otherwise specified.

*of the Puerto Rico Highways and Transportation Authority* [ECF No. 1203] (as amended, supplemented, or modified, the "Disclosure Statement").

3. On June 17, 2022, the Court held a hearing to consider, among other things, adequacy of information contained in the Disclosure Statement (the "Disclosure Statement Hearing"). At the Disclosure Statement Hearing, the Court overruled the sole objection and, subject to the modifications to be made as noted by the Oversight Board and the Court, the Court approved the Disclosure Statement.

4. On June 17, 2022, and as represented at the Disclosure Statement Hearing, the Oversight Board filed its proposed *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03567, ECF No. 1240] (as amended, supplemented, or modified, the "HTA Plan") and the corresponding *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1241], incorporating the revisions noted at the Disclosure Statement Hearing.

5. On June 22, 2022, the Court entered (i) the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 1248] (the "Disclosure Statement Approval Order"), approving the Disclosure Statement, as well as, among other things, scheduling the hearing to consider confirmation of the HTA Plan for August 17–18, 2022 and (ii) the *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 1249].

2

6. Pursuant to decretal paragraph 37(f) of the Disclosure Statement Approval Order, "[i]f Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, **such Claim shall not be entitled to vote to accept or reject the Plan** . . . ." (emphasis added).

7. Pursuant to decretal paragraph 39 of the Disclosure Statement Approval Order, "[i]f any claimant seeks to **challenge the allowance or disallowance** of its Claim for voting purposes in accordance with the above procedures, such claimant shall serve upon counsel for the Debtor, counsel for AAFAF, and counsel for the Official Committee of Unsecured Creditors, and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "3018(a) Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan, on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim; provided, however, that, as to any claimant filing a 3018(a) Motion, such claimant's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline." (emphasis added).

***The Motion and Movant's Asserted Claims***

8. Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Case No. 17-3283, ECF No. 2521] and the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Case No. 17-3283, ECF No. 3160] (collectively, the "Bar Order"), Movant was required to file a proof of claim on or before June 29, 2018.

3

9.      Movant filed the following proofs of claim in these jointly administered Title III

cases, none of which asserts a claim against HTA ("Movant's POCs"):

| POC Number | Debtor | Status |
|---|---|---|
| 92159 | Commonwealth of Puerto Rico (the "Commonwealth") | Subject to Alternative Dispute Resolution [Case No. 17-3283, ECF No. 21350] |
| 139834 | Commonwealth | Disallowed Pursuant to Court Order [Case No. 17-3283, ECF No. 12657] |
| 133537 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") | Subject to Administrative Claims Reconciliation [Case No. 17-3283, ECF No. 17320][3] |
| 133778 | Commonwealth | Subject to Objection [Case No. 17-3283, ECF No. 17927] |
| 150849 | Commonwealth | Disallowed Pursuant to Court Order [Case No. 17-3283, ECF No. 12657] |

10.     On July 18, 2022, Movant filed the Motion seeking temporary allowance of an

asserted claim against HTA, relating to an event that occurred post-petition on June 25, 2018, in

the amount of $25,000.00 for purposes of voting in connection with confirmation of the HTA Plan,

and for relief in the amount of $25,000.00.  Motion at 3-4.  The Motion also references Movant's

POCs without further explanation of how or why such asserted claims should be temporarily

allowed for purposes of voting in connection with the HTA Plan.

---

[3]   On May 5, 2022, Movant filed a motion [ECF No. 20692] requesting immediate resolution and "guaranteed" payment of the amounts requested in Claim No. 133537.  Pursuant to the Court's scheduling order [ECF No. 20696], on May 20, 2022, the Oversight Board, on behalf of ERS, filed an opposition [ECF No. 20933] to the motion.  Claimant did not file a reply, and the motion is pending resolution by the Court.

4

**Objection**

### A.      *Movant has no basis to seek temporary allowance of a claim for purposes of voting in connection with the HTA Plan*

11.      Bankruptcy Rule 3018(a), as made applicable to this Title III case pursuant to PROMESA Section 310, provides, in relevant part, that, "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for purposes of accepting or rejecting a plan."  The Bankruptcy Rules and title 11 of the United States Code (the "Bankruptcy Code") do not provide guidance with respect to the application of Bankruptcy Rule 3018(a).  Accordingly, courts have held that temporary allowance of a claim for purposes of voting to accept or reject a plan is left to the court's discretion.  *See Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) *aff'd*, 2004 U.S. App. LEXIS 10475 (10th Cir. May 27, 2004); *In re Sandia Resorts, Inc.*, 557 B.R. 217, 220 (Bankr. D.N.M. 2016); *In re Mangia Pizza Investments, LP*, 480 B.R. 669, 679–80 (Bankr. W.D. Tex. 2012).  Courts have considered the following in determining whether and to what extent to temporarily allow a claim for purpose of voting:  (i) the debtor's scheduling of the claim, (ii) the proof of claim filed, and (iii) the objection to determine what the parties' expectations were regarding the amount and nature of the claim to be voted.  *In re Stone Hedge Props.*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995).

12.      Here, and while the Motion mainly complains about the state of the Commonwealth's road system and is not directed in any manner to the HTA Plan, none of Movant's POCs assert claims against HTA.  Further, the asserted basis for Movant's claim against HTA for which she seeks temporary allowance relates to events that occurred post-petition.  *See* Motion ¶ 3 (". . . on June 25, 2018, my vehicle was hit, which cost me $6,000.00 to repair it.").  As the Court is aware, as post-petition claims are unimpaired pursuant to the HTA Plan, neither

5

the HTA Plan nor the Disclosure Statement Approval Order provide for holders of post-petition

claims to vote in connection with the HTA Plan. *See* HTA Plan § 33.1; Disclosure Statement

Approval Order ¶ 10. Accordingly, there is no basis for temporary allowance for purposes of

voting in connection with the HTA Plan.

13. Finally, Movant's request for affirmative relief in the form of a damages

determination is procedurally improper pursuant to Bankruptcy Rules 7001 and 7003, and is stayed

pursuant to Bankruptcy Code sections 362 and 922, made applicable to the HTA Title III Case

pursuant to PROMESA Section 301(a).

*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE** the Oversight Board respectfully requests that the Court deny the Motion.

Dated:  July 21, 2022
      San Juan, Puerto Rico

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for
the Puerto Rico Highways and
Transportation Authority*

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight
and Management Board as representative
for the Puerto Rico Highways and
Transportation Authority*

7