# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

## STATUS REPORT OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO IN CONNECTION WITH COURT'S ORDER CONCERNING PROOFS OF CLAIM NOS. 11497 AND 11790 [ECF NO. 21363]

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] in compliance with the Court's *Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 21363], respectfully submits the status report (this "Seventh Status Report"). In support thereof, PREPA represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

**STATUS REPORT**

1. Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), PREPA transferred Proofs of Claim Nos. 11497 and 11790 (the "Claims") into the ADR Procedures[3] through the *Fifteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 17832], filed on August 13, 2021. Thereafter, PREPA served upon the claimants asserting the Claims (the "Claimants") ADR Notices containing confidential offers of settlement (the "Offers"). The ADR Notices permitted Claimants to designate whether Claimants accept, reject, or counter the Offers. On February 4, 2022, Claimants returned the ADR Notices indicating claimants rejected the Offers (the "Rejections").

2. Pursuant to paragraph 2(f) of the ADR Procedures, PREPA filed a *Notice of Impasse Regarding Proofs of Claim Nos. 11497 and 11790* on February 14, 2022 [ECF No. 20128] (the "Notice of Impasse"). However, in the Notice of Impasse, PREPA noted that since receiving the Rejections, counsel for PREPA had communicated with counsel for Claimants to determine whether the parties may be able to resolve the Claims without the need for Evaluative Mediation. Accordingly, to provide additional time to pursue these discussions prior to engaging in Evaluative Mediation, PREPA requested permission to file a status report within fourteen (14) days of filing of the Notice of Impasse, on or before Monday, February 28, 2022, notifying the Court of the status of the parties' discussions and whether the parties have reached an impasse that requires Evaluative Mediation.

3. The Court entered the *Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 20171], ordering the Debtor to file a status report addressing the status of the parties'

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the ADR Order.

2

discussions regarding the Claims, including whether Evaluative Mediation should proceed as set forth in the ADR Procedures. Thereafter, the Debtor filed: (a) the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 20228], dated February 28, 2022 (the "First Status Report"); (b) the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 20334], dated March 14, 2022 (the "Second Status Report"); (c) the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 20508], dated April 4, 2022 (the "Third Status Report"); (d) the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 20606], dated April 25, 2022 (the "Fourth Status Report"); (e) the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 21007], dated May 25, 2022 (the "Fifth Status Report"); and (f) the *Status Report of the Financial Oversight and Management Board for Puerto Rico in Connection with Court's Order Concerning Proofs of Claim Nos. 11497 and 11790* [ECF No. 21349], dated June 24, 2022 (the "Sixth Status Report," and together with the First Status Report, the Second Status Report, the Third Status Report, the Fourth Status Report, and the Fifth Status Report, the "Status Reports").

4. Since the filing of the Status Reports, counsel for PREPA and counsel for Claimants have reached a further impasse in settlement negotiations. On July 19, 2022, counsel for Claimants requested by letter that the Claims be removed from the ADR Procedures. Given the unlikelihood

3

that the parties will reach a consensual resolution of the Claims,[4] PREPA believes that the most efficient and cost-effective path forward is to grant Claimants' request to be removed from the ADR Procedures, and allow the Claims to continue to be adjudicated in Commonwealth court.

5. Accordingly, concurrently herewith, PREPA will be filing a *Notice of Removal of Certain Claims from Alternative Dispute Resolution* pursuant to paragraph 6(b) of the ADR Procedures.

Dated: July 25, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ehud Barak*
Martin J. Bienenstock
Ehud Barak
Paul P. Possinger
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as*

---

[4] Pursuant to the ADR Procedures, both parties must accept the mediator's evaluation in order for the Claims to "be deemed settled." ADR Procedures, ¶ 3(d). If one of the parties does not accept the mediator's evaluation, then the Claims must be resolved by either binding arbitration or Commonwealth court litigation. *Id*. ¶ 4(a).

*representative for the Puerto Rico Electric Power Authority*

2