# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF SEAN A. GUMBS IDENTIFYING FTI CONSULTING, INC.'S CONNECTIONS TO MATERIAL INTERESTED PARTIES UNDER THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT

Pursuant to 28 U.S.C. § 1746, Sean A. Gumbs, declares as follows:

1.     I am a Senior Managing Director with FTI Consulting, Inc., together with its wholly-owned subsidiaries ("**FTI**"), an international consulting firm. Unless otherwise noted, I have personal knowledge of the facts set forth herein.[2]

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

2. I submit this supplemental declaration (the "**Supplemental PRRADA Declaration**") in accordance with the Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. § 2178 ("**PRRADA**"); the *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* (the "**PRRADA Compliance Order**") [Dkt. 19980]; and the *Order Approving List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. 20467] (the "**MIP List Order**").

## PRRADA

3. On January 20, 2022, President Joseph R. Biden signed PRRADA into law. PRRADA requires the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to file a motion seeking approval of a list of Material Interested Parties (the "**MIP List**") and requires professional persons seeking compensation under sections 316 and 317 of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101-2241 ("**PROMESA**") to identify connections to parties on the MIP List in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedures.

4. On February 2, 2022, the Court entered the PRRADA Compliance Order, which directed the Oversight Board to file a motion seeking approval of a MIP List.

5. On February 22, 2022, the Oversight Board submitted a *Motion Requesting Order Approving Proposed List of Material Interested Parties* [Dkt. 20194] (the "**MIP List Motion**"). The MIP List Motion requested approval a proposed MIP List that excluded (i) creditors whose claims were no longer active; (ii) certain creditors holding claims in multi-plaintiff litigation; and (iii) creditors asserting claims less than $1 million for claims against the Commonwealth or COFINA, and less than $500,000 against HTA, ERS, PBA, and PREPA

6. On March 8, 2022, the United States Trustee for Region 21 filed a limited objection to the MIP List Motion [Dkt. 20274], arguing that PRRADA did not permit the Oversight Board to exclude from the MIP List creditors with inactive claims or the creditors who were plaintiffs in multi-plaintiff litigation.

7. On March 8, 2022, the Official Committee of Unsecured Creditors filed a limited response to the MIP List Motion [Dkt. 20276] (the "**UCC Response**") requesting that professionals only be required to disclose connections to entities in the MIP List that were not previously identified as interested parties.

8. On March 14, 2022, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") filed a joinder [Dkt. 20325] to the UCC Response.

9. On March 21, 2022, the Court entered an order [Dkt. 20419] directing the Oversight Board to submit an amended MIP List that included creditors whose claims are no longer active and plaintiff members of multi-plaintiff litigations that are otherwise excluded from the MIP List if their individual claims exceed the applicable threshold.

10. On March 29, 2022, the Oversight Board submitted an amended MIP List (the "**Amended MIP List**") [Dkt. 20458].

11. On March 30, 2022, the Court entered the MIP List Order approving the Amended MIP List and directing professional persons to disclose connections to parties identified in the Amended MIP List no later than May 16, 2022. Consistent with the UCC Response, the MIP List Order further provides "to the extent any professional persons . . . have already complied with the requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures

3

by such professional persons as required by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." (*Id.* at 2.)

### FTI's Retention and Prior Disclosures

12. On June 27, 2017, the Retiree Committee selected FTI as its financial advisor, subject to this Court's approval.

13. On August 4, 2017, the Retiree Committee filed with the Court its *Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.* [Dkt. 877-1] (the "**Retention Application**"). Attached as Exhibit A to the Retention Application is the *Declaration of Steven Simms in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.* [Dkt. No. 877-2] (the "**Original Declaration**"), which discloses connections to parties in interest in the Title III cases at the time of retention in accordance with Bankruptcy Rule 2014(a).

14. On October 6, 2017, the Court entered the *Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor to the Committee of Retired Employees* [Dkt. 1413] (the "**Retention Order**") approving FTI's retention as financial advisor to the Retiree Committee, effective June 27, 2017, on the terms and conditions identified in the Retention Application, including that fees and expenses incurred by FTI be paid under sections 316 and 317 of PROMESA. Accordingly, FTI is a "professional person" subject to PRRADA's disclosure requirements. *See* 48 U.S.C. § 2178(b).

15. On September 12, 2017, my colleague Steven Simms filed the *First Supplemental Declaration of Steven Simms in Support of Application of the Official Committee of Retired*

4

*Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.* [Dkt. 1278] (the "**First Supplemental Declaration**").

16. On May 13, 2019, my colleague Steven Simms filed the *Second Supplemental Declaration of Steven Simms in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.* [Dkt. 6949] (the "**Second Supplemental Declaration**").

17. In the Original Declaration, First Supplemental Declaration, and Second Supplemental Declaration, my colleague Steven Simms stated that his declaration would be amended upon learning that: (a) any of the representations made therein were incorrect, or (b) there was any change of circumstance relating thereto.

## FTI's PRRADA Disclosures

18. FTI has conducted a query within its internal computer database containing names of individuals and entities that are present or recent former clients of FTI about connections with the parties identified in the Amended MIP List (the "**Material Interested Parties**").

19. On May 16, 2022, FTI submitted the *Declaration of Sean A. Gumbs Identifying FTI Consulting, Inc.'s Connections to Material Interested Parties under the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. 20818] (the "**Original PRRADA Declaration**").

20. On June 8, 2022, the Office of the United States Trustee requested additional information regarding the Original PRRADA Declaration.

## FTI's Supplemental PRRADA Disclosures

21. For disclosure purposes, FTI supplements the Original PRRADA Declaration as follows.

5

22. FTI Consulting, Inc. a public corporation whose common stock is listed on the New York Stock Exchange and is traded under the symbol "FCN". FTI Consulting, Inc., has numerous wholly-owned subsidiaries as set forth on Exhibit 21.1 to FTI Consulting, Inc.'s most recent 10-K for the fiscal year ended December 31, 2021, filed with the Securities and Exchange Commission on February 24, 2022, a copy of which is available here: https://ir.fticonsulting.com/node/21806/html. FTI Consulting, Inc's conflict checks cover FTI Consulting, Inc. and its subsidiaries set forth on Exhibit 21.1 as previously referenced.

23. FTI checked for connections to parties in interest listed in the Amended MIP List, which is related to all Debtors in the Title III cases. FTI checked for connections to present clients or former clients as of the prior two years.

24. At no point during the Title III cases has FTI or Compass Lexecon held, directly or indirectly, any outstanding debt instruments issued by any of the Debtors.

25. FTI has contacted individual engagement team members currently employed by FTI who worked on the engagement at any time since inception, and has confirmed that no currently-employed individual engagement team member acquired, or currently directly holds, any outstanding debt instruments issued by any of the Debtors after August 4, 2017. With respect to those individuals who have left the firm, while FTI was unable to contact them, FTI is unaware of any of those individuals holding or previously holding, directly or indirectly, any Puerto Rico-related debt instruments. FTI is unable to assess whether mutual funds or similar investments held by individual engagement team members have held or hold Puerto Rico-related debt instruments but is unaware of any such indirect holdings.

26. During these cases, FTI did not previously have a relationship with any parties on Exhibit A to the Original PRRADA Disclosures in matters related to these proceedings.

27. At no point during the Title III cases has FTI advised any client about buying or selling outstanding debt instruments issued by any of the Debtors.

28. None of the parties FTI has connections to constituted more than 2% of FTI's gross revenues in any year since June 27, 2011.

29. I will amend this PRRADA Declaration promptly upon learning that: (a) any of the representations herein are incorrect, or (b) there is any change of circumstance relating thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2022

/s/ Sean A. Gumbs

Sean A. Gumbs
1166 Avenue of the Americas
New York, NY 10036
sean.gumbs@fticonsulting.com
212-499-3633 (telephone)

*Financial Advisor to The Official Committee of Retired Employees of Puerto Rico*