UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

    Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

------------------------------------------------------------x

ORDER DENYING MOTION OF MARÍA A. CLEMENTE ROSA

Before the Court is the motion (Docket Entry No. 21539 in Case No. 17-3283;

---

[1] The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Docket Entry No. 1275 in Case No. 17-3567) (the "3018(a) Motion") of María A. Clemente Rosa (the "Movant"). On July 21, 2022, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed the *Objection of the Puerto Rico Highways and Transportation Authority to Bankruptcy Rule 3018(a) Motion Filed by María A. Clemente Rosa*. (Docket Entry No. 21571 in Case No. 17-3283; Docket Entry No. 1280 in Case No. 17-3567 (the "FOMB Objection").)[2] The Court has considered carefully the parties' submissions, and for the following reasons the 3018(a) Motion is denied.

On May 21, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for HTA pursuant to PROMESA Section 304(a),[3] commencing a case under Title III thereof.

On June 17, 2022, the Oversight Board filed its proposed *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 21267 in Case No. 17-3283; Docket Entry No. 1240 in Case No. 17-3567) (as amended, supplemented, or modified, the "HTA Plan") and the corresponding *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 21269 in Case No. 17-3283; Docket Entry No. 1241 in Case No. 17-3567).

On June 22, 2022, the Court entered the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non- Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (Docket Entry No. 21293 in Case No. 17-3283; Docket Entry No. 1248 in Case No. 17-3567) (the "Disclosure Statement Approval Order").

The Disclosure Statement Approval Order provided procedures whereby claimants could challenge the allowance or disallowance of a claim solely for the purpose of voting to accept or reject the HTA Plan. (Discovery Statement Approval Order ¶¶ 39–40.) By filing a motion seeking an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] claimants may request temporary allowance of a claim in a different amount than is reflected in the Debtor's records. See Fed. R. Bankr. P. 3018(a). Temporary allowance of a claim under Bankruptcy Rule 3018(a) is for voting purposes only, and does not bear on the merits of the claim or guarantee payment thereof.

Through the 3018(a) Motion, Movant requests allowance of a previously unasserted claim against HTA so that she may vote on the HTA Plan. (Mot. at 2.) However,

---

[2] Movant's reply papers were required to be filed on or before July 25, 2022, at 5:00 p.m. (Atlantic Standard Time). No reply papers were filed by the deadline.

[3] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers herein are to the uncodified version of the legislation.

[4] Bankruptcy Rule 3018 is made applicable to this Title III case pursuant to PROMESA Section 310.

Movant's claim, as described, arose on June 25, 2018—more than 13 months after the Petition Date. (Mot. at 3.) Under the HTA Plan, allowed postpetition claims are categorized as administrative expense claims. (<u>See</u>, <u>e.g.</u>, HTA Plan §§ 3.1, 33.1; Disclosure Statement Approval Order ¶ 10.) Allowed administrative expense claims would receive full payment under the HTA Plan and therefore will not be permitted to vote. (<u>See</u> <u>id.</u>)

By filing the 3018(a) Motion, Movant has requested allowance of a claim solely for voting purposes, and therefore has <u>not</u> requested payment of an administrative expense claim. However, assuming Movant had, even so there would be no basis for granting the 3018(a) Motion and allowing the claim for the purpose of voting on the HTA Plan because it would not be the type of claim that is entitled to vote.

Accordingly, the 3018(a) Motion is denied. Additionally, to the extent any further or additional relief is requested by the motion it is denied and must be requested by separate motion. This Order resolves Docket Entry No. 21539 in Case No. 17-3283 and Docket Entry No. 1275 in Case No. 17-3567.

SO ORDERED.

Dated: July 26, 2022

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge