**Hearing Date: August 17, 2022 at 9:30 a.m. (Atlantic Standard Time)**
**Objection Deadline: August 2, 2022 at 4:00 p.m. (Atlantic Standard Time)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

**DEBTORS' NOTICE OF MOTION FOR AN ORDER EXTENDING THE**
**DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM**

**PLEASE TAKE NOTICE** that, upon the accompanying *Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Motion"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], will move this Court on **August 17, 2022 at 9:30 AM (AST),** or as soon thereafter as counsel may be heard, before the Honorable Laura Taylor Swain, United States District Judge, United States District Court for the District of Puerto Rico, 150 Carlos Chardón Avenue, Federal Building, San Juan, Puerto Rico, for an order granting the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (*a*) by attorneys practicing before the Court in the Debtors' Title III cases, including attorneys admitted *pro hac vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico, and (*b*) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, 150 Carlos Chardón Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served on the Defendants through their undersigned counsel in accordance with the *Sixteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 20190-1], so as to be so filed and received no later than **August 2, 2022 at 4:00 PM (AST)**. The relief requested may be granted without hearing if no objection is timely filed and served in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Court's standing orders and the Case Management Procedures, the Debtors have provided notice of this Motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (*a*) all creditors who filed proofs of claim which have yet to be reconciled, (*b*) the U.S. Trustee, (*c*) all

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

2

creditors who filed notices of correspondence, and (*d*) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

Dated: July 26, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

Hearing Date: August 17, 2022 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: August 2, 2022 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

### DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors"), pursuant to Section 315(b) of the *Puerto Rico*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting a one hundred eighty (180) day extension of the deadline established in Section 82.1(a) of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* for the Debtors to file objections to proofs of claim, from September 9, 2022 up to and including March 8, 2023. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA § 306(a).

2. Venue is appropriate in this District pursuant to PROMESA §§ 106(a) and 307(a) and 28 U.S.C. 1391.

## BACKGROUND

**A. Filing of the Title III Cases and the Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA § 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA § 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "ERS Title III Case"). Further, on September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA § 104(j) and 206 and filed a voluntary petition for relief for

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

2

PBA, pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and together with the Commonwealth Title III Case and the ERS Title III Case, the "Title III Cases"). On June 29, 2017 and October 9, 2019, the Court entered orders granting the joint administration of the Title III Cases for procedural purposes only. ECF Nos. 537, 8829.[3]

4. On January 16, 2018, the Commonwealth and ERS, *inter alia*, filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Commonwealth and ERS Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Commonwealth and ERS Initial Bar Date Orders"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Commonwealth and ERS Initial Bar Date Orders, the "Commonwealth and ERS Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time) (the "Commonwealth and ERS Bar Date").

5. On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

*Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case. In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Time) (the "PBA Bar Date," and together with the Commonwealth and ERS Bar Date, the "Bar Dates"), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth and ERS Bar Date Orders, the "Bar Date Orders").

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

6. Pursuant to the *Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813], the Court confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784] (the "Plan").

7. On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

8. The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry*

4

*of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349]. The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

9. Pursuant to Section 82.1(a) of the Plan, "[u]nless otherwise ordered by the Title III Court, to the extent not already objected to by the Debtors, Reorganized Debtors shall file and serve all objections to Claims as soon as practicable, but, in each instance, not later than one hundred eighty (180) days following the Effective Date or such later date as may be approved by the Title III Court." Accordingly, the current deadline for the Debtors to file objections to proofs of claim filed against the Debtors is one hundred eighty (180) days following March 15, 2022, or September 9, 2022 (the "Claim Objection Deadline").[4]

C. **Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

10. To date, approximately 178,866 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll"). Such proofs of claim total approximately $43 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

11. Of the proofs of claim filed, approximately 118,147 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Approximately 53,487 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. Approximately 402 proofs of claim have been filed in relation to, or reclassified to be asserted against, PBA. In

---

[4] One hundred eighty (180) days after the Commonwealth Effective Date is September 11, 2022, which is a Sunday. Pursuant to Section III.V. of the Case Management Procedures, which requires documents due on a day other than a business day to be filed by the first business day preceding such date, the deadline falls on September 9, 2022.

5

accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

12. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381].

13. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on June 13, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving*

6

*Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

14. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 25 hearings related to over 315 omnibus objections filed by the Commonwealth, ERS, PBA, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority ("PREPA"). Based upon rulings and orders of the Court to date, approximately 102,469 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 44,700 claims have been transferred into the ACR Procedures[5] for resolution using the Debtors' ordinary-courts administrative processes.

15. As of the filing of this Motion, approximately (*i*) 8,986 proofs of claim remain asserted against the Commonwealth; (*ii*) 130 proofs of claim remain asserted against ERS; and (*iii*) 212 proofs of claim remain asserted against PBA (collectively, the "Remaining Claims") and yet to be reconciled.

---

[5] *See Order (A) Authorizing Administrative Reconciliation Of Claims, (B) Approving Additional Form Of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order") and the accompanying *Administrative Claims Reconciliation Procedures* [ECF No. 12274-1] (the "ACR Procedures").

7

## RELIEF REQUESTED AND BASIS FOR RELIEF

16. The Debtors respectfully request entry of the Proposed Order extending the Claim Objection Deadline by one-hundred eighty (180) days, from September 9, 2022, through and including March 8, 2023. The requested extension is without prejudice to the Debtors' rights to seek a further extension of the Claim Objection Deadline upon motion filed by the Court.

17. The Court has authority to grant the relief requested herein pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9006(b), made applicable to the Title III Cases by PROMESA §§ 301(a) and 310, respectively. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *see, e.g.*, *In re MF Global Holdings, Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (recognizing the bankruptcy court's "inherent authority 'to control disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants'") (quoting *Lester–Krebs, Inc. v. Geffen Records, Inc.*, No. 85 Civ. 6320, 1985 WL 4270, at *2 (S.D.N.Y. Dec. 4, 1985)); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 97 (2d Cir. 2012) (same). In addition, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed . . . ." Fed. R. Bank. R. Proc. 9006(b)(1).

18. Moreover, extensions of the time to object to claims are frequently granted in other cases where there are a substantial number of claims and complex issues. *See, e.g., In re Ditech Holdings Corp.*, Case No. 19-10412 (JLG), (Bankr. S.D.N.Y. Feb. 27, 2020) (initial deadline extended by one-hundred eighty (180) days); *In re MF Global Holdings Ltd.*, Case No. 11-15059 (MG), (Bankr. S.D.N.Y. Aug. 23, 2016) (initial deadline extended by more than two (2) years and eight (8) months); *In re Motors Liquidation Corp.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Mar. 18, 2014) (initial deadline extended by more than two (2) years and eleven (11) months); *In re Extended Stay Inc.*, Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. Oct. 19, 2011) (initial deadline extended by more than one (1) year); *In re Refco Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. July 8, 2010) (initial deadline extended by more than three (3) years and eight (8) months).

19. For the reasons set forth herein, good cause exists to extend the Claim Objection Deadline, and the Debtors submit that the one hundred eighty (180) day extension of the Claim Objection Deadline requested herein is appropriate and reasonable.

20. As the Court is well aware, the Title III Cases are of an unprecedented size and scope, with the Commonwealth and its instrumentalities owing approximately $74 billion in the aggregate. As noted above, over 150,000 claims have been filed against the Commonwealth, ERS, and PBA alone. While the Debtors have made significant progress in the claims reconciliation process, and have resolved the substantial majority of those claims, 9,328 Remaining Claims remain outstanding. Reconciliation of the Remaining Claims has required access to information that is currently dispersed across the Commonwealth and its constituent agencies, ERS, and PBA. Gathering information necessary to evaluate these Remaining Claims and to determine whether they are best resolved via objection is a laborious and time-consuming task. Furthermore, numerous Remaining Claims involve unique facts and legal issues that require additional time and

Document Page 13 of 18

individual attention. The Remaining Claims also represent the most substantive and complex claims against the Debtors and require more time to analyze and develop an appropriate response. Accordingly, despite their best efforts, the Debtors understand that they will not be able to make the determination whether to object to each and every Remaining Claim by the Claim Objection Deadline.

21. The Debtors represent that extension is not sought for the purposes of delay and will not prejudice any creditor in these Title III proceedings. Rather, extending the Claim Objection Deadline will benefit all parties in interest, as it will provide the Debtors with sufficient opportunity to review and analyze the Remaining Claims, determine the validity of each claim, and make the appropriate determination as to how to proceed with respect to each claim. If the current Claim Objection Deadline is maintained, the Debtors may be precluded from challenging invalid and/or overstated claims, to the detriment of the Debtors and their creditors. Extending the Claim Objection Deadline will ensure that only valid claims are allowed, thereby maximizing recoveries for creditors holding allowable claims.

22. The Debtors reserve the right to seek a further extension of the Claim Objection Deadline upon motion filed by the Court.

## NOTICE

23. In accordance with the Court's standing orders, the *Sixteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 20190-1], and the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640], the Debtors have provided notice of this motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (*a*) all creditors who filed proofs of claim which have yet to be reconciled, (*b*) the U.S. Trustee, (*c*) all

creditors who filed notices of correspondence, and (*d*) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

24. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE** the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, extending the current Claim Objection Deadline by one hundred eighty (180) days, from September 9, 2022 up to and including March 8, 2023, and granting the Debtors such other relief as is just and proper.

Dated: July 26, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## **Exhibit A**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth, ERS, and PBA. |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM**

Upon consideration of the *Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Motion");[2] and it appearing that (*i*) the Court has subject-matter jurisdiction over the Motion pursuant to PROMESA § 306(a)(1); (*ii*) venue of this proceeding is proper under PROMESA §§ 106(a) and 307, and 28 U.S.C. 1391(b); and (*iii*) the Court has found good cause to grant the relief requested in the Motion, it is **HEREBY ORDERED THAT**:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

1. The Motion is **GRANTED** as set forth herein;

2. The Claim Objection Deadline is extended for a period of one hundred eighty (180) days, up to and including, March 8, 2023;

3. The Debtors' right to seek further extensions of the Claim Objection Deadline is preserved;

4. This Order resolves docket entry No. _____;

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Dated: _____, 2022
San Juan, Puerto Rico

_____
LAURA TAYLOR SWAIN
United States District Judge