UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER CONCERNING CARLOS LAMOUTTE'S OBJECTION TO "VERIFIED STATEMENT REGARDING DISINTERESTEDNESS OF O'NEILL & BORGES LLC PURSUANT TO THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT" FILED ON JULY 12, 2022, DOCKET ENTRY NO. 21,485

The Court has received and reviewed *Carlos Lamoutte's Objection to "Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act" Filed on July 12, 2022, Docket Entry No. 21,485* (Docket Entry No. 21572 in Case No. 17-3283,[2] the "Objection"), filed by Carlos Lamoutte.

The Objection substantially restates the allegations of an undisclosed conflict of interest that underlie Mr. Lamoutte's *Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (Docket Entry No. 20873, the "Motion to Disqualify"), and repeats the requests for relief contained in the Motion to Disqualify. (Obj. ¶ 40(a).) In substance, the Objection contends that

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references herein are to the docket of Case No. 17-3283.

the alleged conflict of interest that law firm O'Neill & Borges LLC ("O&B") had not disclosed to the Court as of the filing of the Motion to Disqualify remains undisclosed by O&B notwithstanding the *Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* (Docket Entry No. 21485, the "O&B Disclosure") filed by O&B on July 12, 2022. (See Obj. ¶¶ 9-10.) The Objection also requests, (1) "[i]n the alternative [to granting the Motion to Disqualify], that prior to resolving the Motion to Disqualify the Court first issue[] an Order scheduling an evidentiary hearing at which" four individuals affiliated with O&B or the Financial Oversight and Management Board for Puerto Rico "shall appear to be interrogated and cross-examined under the supervision of the Court" and (2) that the Court issue a "sua sponte judgment in this case pursuant to Section 407(a) of PROMESA, to the effect of declaring the $384,269,047 Loan Sale Agreement null and void ab initio for failure to follow due process." (Obj. ¶ 40.)

The O&B Disclosure was filed by O&B to comply with the Puerto Rico Recovery Accuracy in Disclosures Act of 2021 ("PRRADA"). The O&B Disclosure does not request any relief from the Court, and O&B has not yet filed any application for compensation and reimbursement of expenses that is subject to PRRADA. While PRRADA permits the United States Trustee to "file with the court comments on [professionals'] verified statements before the professionals filing such statements seek compensation," 48 U.S.C. § 2178(d)(1), neither the statute nor the Court's order implementing the statute invites other parties in interest or members of the public to respond to PRRADA disclosures. (See *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals* ¶ 4.e, Docket Entry No. 20546 (the "Compensation Procedures").) Rather, under the Compensation Procedures approved by the Court, a party in interest may object to an application seeking compensation and payment of expenses. (See Compensation Procedures ¶ 3.b.) Under PRRADA, a professional's lack of disinterestedness or holding of adverse interests or its failure to adequately disclose its connections with interested parties may be a basis for disallowance of a professional's fee requests. See 48 U.S.C. § 2178(e).

Accordingly, the Objection is hereby terminated without prejudice as premature in the absence of an application by O&B for compensation and reimbursement of expenses. Termination of the Objection is not an expression by the Court of any view concerning Mr. Lamoutte's standing to raise any such objections, and all parties' rights are reserved concerning that issue should Mr. Lamoutte file an objection to any application. To the extent that the Objection raises issues that have already been raised in connection with the Motion to Disqualify, such issues will be addressed by the Court in due course in the context of that motion, and no further submissions concerning the Objection are required.

SO ORDERED.

Dated: July 27, 2022

   /s/ Laura Taylor Swain   
LAURA TAYLOR SWAIN
United States District Judge