**Assured's Exhibit 18**

**ASSURED GUARANTY**

Assured Guaranty Corp.
1325 Avenue of the Americas
New York, NY 10019
t. 212.974.0100
www.assuredguaranty.com

---

## Financial Guaranty Insurance Policy

| Issuer: | Puerto Rico Highways and Transportation Authority | Policy No. | D-2007-27 |
|---|---|---|---|
| Bonds: | $269,795,000 Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds (Series N) maturing July 1, 2034 and July 1, 2036 | Premium: | $5,367,464.30 |
| Effective Date: | March 6, 2007 | Term: | The period from and including the Effective Date to and including the date on which all Insured Payments (including Avoided Payments) have been paid. |

---

Assured Guaranty Corp., a Maryland insurance company ("<u>Assured Guaranty</u>"), in consideration of the payment of the premium set forth above and subject to the terms of this financial guaranty insurance policy (the "<u>Policy</u>"), hereby unconditionally and irrevocably agrees to pay to The Bank of New York, as paying agent (the "<u>Paying Agent</u>") (as set forth in the documentation providing for the issuance of and securing the above-referenced Bonds (the "<u>Bonds</u>"; such documentation, the "<u>Transaction Documentation</u>")) for the benefit of the holders of the Bonds (the "<u>Holders</u>"), and in any case subject to the terms of this Policy, that portion of the principal of and interest on the Bonds that shall become Due for Payment (as hereinafter defined) but shall be unpaid by reason of Nonpayment by the Issuer (as hereinafter defined; such portion of principal and interest, hereinafter the "<u>Insured Payments</u>"). Insured Payments shall not include any additional amounts owing by the Issuer solely as a result of the failure by the Paying Agent to pay such amount when due and payable, including without limitation any such additional amounts as may be attributable to penalties or to interest accruing at a default rate, to amounts payable in respect of indemnification, or to any other additional amounts payable by the Paying Agent by reason of such failure. *Capitalized terms used in this Policy are used with the meanings ascribed thereto elsewhere herein.*

Assured Guaranty will make such Insured Payments to the Paying Agent on the later to occur of (i) the date applicable principal or interest becomes Due for Payment, or (ii) the Business Day next following the day on which Assured Guaranty shall have Received a completed notice of claim in the form attached hereto as Exhibit A. Payment by Assured Guaranty to the Paying Agent for the benefit of the Holders shall discharge the obligation of Assured Guaranty under this Policy to the extent of such payment. The Paying Agent will disburse the Insured Payments to the Holders in accordance with the terms of the Transaction Documentation only upon receipt by the Paying Agent, in form reasonably satisfactory to it, of (i) evidence of the Holder's right to receive such payments, and (ii) evidence, including any appropriate instruments of assignment, that all of the Holder's rights to payment of such principal or interest Due for Payment shall thereupon vest in Assured Guaranty. Upon such disbursement, Assured Guaranty shall become the Holder of the Bond, appurtenant coupon thereto, or right to payment of principal or interest thereon, and shall be fully subrogated to all of the Holder's right, title and interest thereunder, including without limitation the right to payment thereof.

This Policy is non-cancelable for any reason. The premium on this Policy is not refundable for any reason, including without limitation any payment of the Bonds prior to maturity. This Policy does not insure against loss of any prepayment premium which may be payable with respect to all or any portion of any Bond at any time, or the failure of the Paying Agent to remit amounts received hereunder to the Holder in accordance with the terms of the Transaction Documentation. No payment shall be made under this Policy in excess of the Policy Limit. No payment shall be made under this Policy with respect to a Bond if the Holder is the Issuer of such Bond.

At any time during the Term of the Policy, Assured Guaranty may appoint a fiscal agent (the "<u>Fiscal Agent</u>") for purposes of this Policy by written notice to the Paying Agent, specifying the name and notice address of such Fiscal Agent. From and after the date of receipt of such notice by the Paying Agent, copies of all notices and documents required to be delivered to Assured Guaranty pursuant to this Policy shall be simultaneously delivered to the Fiscal Agent and to Assured Guaranty. All payments required to be made by

Assured Guaranty under this Policy may be made directly by Assured Guaranty or by the Fiscal Agent on behalf of Assured Guaranty. The Fiscal Agent is the agent of Assured Guaranty only, and the Fiscal Agent shall in no event be liable to Paying Agent for any acts of the Fiscal Agent or any failure of Assured Guaranty to deposit, or cause to be deposited, sufficient funds to make payments due under this Policy.

*Certain Defined Terms*

"Avoided Payment" means any amount that is paid, credited, transferred or delivered to a Holder in respect of any Insured Payment by the Paying Agent, which amount has been rescinded or recovered from or otherwise required to be returned or repaid by such Holder pursuant to the United States Bankruptcy Code by a trustee in bankruptcy in accordance with a final, nonappealable order of a court having competent jurisdiction that such payment constitutes an avoidable preference with respect to such holder.

"Business Day" means any day other than (i) a Saturday or Sunday, (ii) any day on which the offices of the Paying Agent or Assured Guaranty are closed, or (iii) any day on which banking institutions are authorized or required by law, executive order or governmental decree to be closed in New York City or in the States of Maryland or New York.

"Due for Payment" means, when referring to the principal of a Bond, the stated maturity date thereof, or the date on which such Bond shall have been duly called for mandatory sinking fund redemption, and does not refer to any earlier date on which payment is due by reason of a call for redemption (other than by mandatory sinking fund redemption), acceleration or other advancement of maturity (unless Assured Guaranty in its sole discretion elects to make any principal payment, in whole or in part, on such earlier date) and means, when referring to interest on a Bond, the stated date for payment of such interest.

"Nonpayment" in respect of a Bond means the failure of the Issuer to have provided sufficient funds to the Paying Agent for payment in full of all principal and interest Due for Payment on such Bond. It is further understood that the term "Nonpayment" in respect of a Bond includes any Avoided Payment.

"Notice" means a written notice from a Holder or the Paying Agent mailed by registered mail or personally delivered or telecopied to Assured Guaranty at 1325 Avenue of the Americas, New York, NY 10019, Telephone Number: (212) 974-0100, Facsimile Number: (212) 581-3268, Attention: Risk Management, with a copy to the General Counsel, or to such other address as shall be specified by Assured Guaranty to the Paying Agent in writing.

"Policy Limit" means $269,795,000, together with interest thereon at the rate or rates set forth in the Transaction Documentation; provided, however, that nothing set forth herein shall be construed to include in the coverage provided by this Policy interest calculated at a default rate.

"Receipt" or "Received" means actual receipt or notice of or, if notice is given by overnight or other delivery service, or by certified or registered United States mail, by a delivery receipt signed by a person authorized to accept delivery on behalf of the person to whom the notice was given.

To the fullest extent permitted by applicable law, Assured Guaranty agrees not to assert, and hereby waives, for the benefit of the Holders only, all rights and defenses to the extent that such rights and defenses may be available to Assured Guaranty to avoid payment of claims made under this Policy in accordance with its terms.

This Policy sets forth in full the undertaking of Assured Guaranty with respect to the subject matter hereof, and may not be modified, altered or affected by any other agreement or instrument, including without limitation any modification thereto or amendment thereof.

This Policy will be governed by, and shall be construed in accordance with, the laws of the State of New York (other than with respect to its conflicts of laws principles).

This Policy is not covered by the Property/Casualty Insurance Security Fund specified in Article 76 of the New York Insurance Law.

**IN WITNESS WHEREOF,** Assured Guaranty has caused this Policy to be affixed with its corporate seal and to be signed by its duly authorized officer to become effective and binding upon Assured Guaranty by virtue of such signature.



ASSURED GUARANTY CORP.

By: _____
John Trahan
Managing Director

Signature attested to by:

_____
Counsel

EASTERN AMERICA INSURANCE AGENCY, INC.
Countersignature:

_____
Licensed Resident Agent

3

EXHIBIT A

NOTICE OF CLAIM

Assured Guaranty Corp.
1325 Avenue of the Americas
New York, New York 10019
Attention: General Counsel

The undersigned, [a duly authorized officer of [PAYING AGENT] [a Holder of the Bonds] (the "Paying Agent" or the "Holder"), hereby certifies to Assured Guaranty Corp. (the "Insurer") with reference to Financial Guaranty Insurance Policy No. _____ (the "Policy"), that:

    (i)    The deficiency with respect to the Insured Payment Due for Payment and unpaid by reason of Nonpayment by the Issuer on [insert applicable payment date] is $[insert applicable amount] (the "Defaulted Amount").

    (ii)    The [Paying Agent][Holder] is making a claim under the Policy for the Defaulted Amount to be applied to the payment of the above-described Insured Payment.

    (iii)    The [Paying Agent][Holder] agrees that, following payment by the Insurer made with respect to the Defaulted Amount which is the subject of this Notice of Claim, it (a) will cause such amounts to be applied directly to the payment of the applicable Insured Payment; (b) will insure that such funds are not applied for any other purpose; and (c) will cause an accurate record of such payment to be maintained with respect to the appropriate Insured Payment(s), the corresponding claim on the Policy, and the proceeds of such claim.

    (iv)    [If the undersigned is the Paying Agent] Payment should be made by credit to the following account:

_____

_____

Upon payment of the applicable Defaulted Amount(s), the Insurer shall be subrogated to the rights of the Paying Agent and the Holder of the Bonds with respect to such payment.

Any person who knowingly and with the intention to defraud submits false information in an insurance application or submits, helps to submit or submits through third parties a fraudulent claim for the payment of a loss or other benefits, or submits more than one claim for the same damage or loss, will be guilty of a felony and, if convicted, will be sanctioned for each violation with a fine of not less than five thousand (5,000) dollars nor more than ten thousand (10,000) dollars, or prison for a fixed term of three (3) years, or both penalties. Should there be extenuating circumstances, the established fixed penalty may be increased up to a maximum of five (5) years; should there be mitigating circumstances, it may be reduced to a minimum of two (2) years.

Capitalized terms used in this Notice of Claim and not otherwise defined herein shall have the respective meanings ascribed thereto in the Policy.

This Notice of Claim may be revoked at any time by written notice of such revocation by the [Paying Agent][Holder] to the Insurer, if and only to the extent that moneys are actually received prior to any such revocation from a source other than the Insurer with respect to the Defaulted Amount set forth herein.

**IN WITNESS WHEREOF,** the undersigned has executed and delivered this Notice of Claim as of the ___ day of _____ of 20__.

[PAYING AGENT /HOLDER]

By:_____
        Name:
        Title:

1



Assured Guaranty Corp.
1325 Avenue of the Americas
New York, NY 10019
212-974-0100
www.assuredguaranty.com

## Endorsement to Financial Guaranty Insurance Policy
### (Puerto Rico Governing Law)

| Issuer: | Puerto Rico Highways and Transportation Authority | Policy No. | D-2007-27 |
|---|---|---|---|
| Obligations: | $269,795,000 Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds (Series N) maturing July 1, 2034 and July 1, 2036 | Effective Date: | March 6, 2007 |

Notwithstanding the terms and provisions contained in the Policy, it is further understood that the insurance provided by the Policy to which this endorsement is attached and of which it forms a part shall be governed by, and shall be construed in accordance with, the laws of the Commonwealth of Puerto Rico (other than with respect to its conflicts of laws principles).

Nothing herein shall be construed to waive, alter, reduce or amend coverage in any other section of the Policy. If found contrary to the Policy language the terms of this endorsement shall supersede the Policy language.

**IN WITNESS WHEREOF,** Assured Guaranty has caused this endorsement to be affixed with its corporate seal, to be signed by its duly authorized officer and to become effective and binding upon Assured Guaranty on the Effective Date listed above by virtue of such signature.

ASSURED GUARANTY CORP.

By: _____
John Trahan
Managing Director



Signature attested to by:
_____
Counsel

Countersignature:
EASTERN AMERICA INSURANCE AGENCY, INC.
_____
Licensed Resident Agent

Form E-PR (06/06)



Assured Guaranty Corp.
1325 Avenue of the Americas
New York, NY 10019
212-974-0100
www.assuredguaranty.com

## Endorsement to Financial Guaranty Insurance Policy
### (Insurance Code of Puerto Rico)

| | | | |
|---|---|---|---|
| Issuer: | Puerto Rico Highways and Transportation Authority | Policy No. | D-2007-27 |
| Obligations: | $269,795,000 Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds (Series N) maturing July 1, 2034 and July 1, 2036 | Effective Date: | March 6, 2007 |

Notwithstanding the terms and provisions contained in the Policy, it is further understood that Assured Guaranty agrees to comply with Section 27.162 of the Insurance Code of Puerto Rico, and Office of the Commissioner of Insurance Ruling number N-OE-02-54-93.

Nothing herein shall be construed to waive, alter, reduce or amend coverage in any other section of the Policy. If found contrary to the Policy language, the terms of this endorsement shall supersede the Policy language.

**IN WITNESS WHEREOF,** Assured Guaranty has caused this endorsement to be affixed with its corporate seal, to be signed by its duly authorized officer and to become effective and binding upon Assured Guaranty on the Effective Date listed above by virtue of such signature.

ASSURED GUARANTY CORP.

By: _____
John Trahan
Managing Director

Signature attested to by:

_____
Counsel

Countersignature:

EASTERN AMERICAN INSURANCE AGENCY, INC.
_____
Licensed Resident Agent

Form E-PR (06/06)