**<u>Assured's Exhibit 22</u>**

Radian Asset Assurance Inc. **RADIAN**



335 Madison Avenue
New York, New York 10017-4605

877 337.4925
212 983.3100

## SECONDARY MARKET
## FINANCIAL GUARANTY INSURANCE POLICY

**Obligor:**         **Puerto Rico Highways and Transportation Authority**

**Bonds:**          **$3,000,000  5.250% Puerto Rico Highways and Transportation**
**Authority Transportation Revenue Refunding Bonds (Series N)**
**Dated: March 6, 2007  Maturing: July 1, 2039**

**Uninsured CUSIP: 745190ZT8**
**Enhanced CUSIP:  745190Y69**

**Custodian:**       **The Bank of New York Mellon**

**Policy Number:**   **FMNI-0301-08148-NY**

**Premium:**        $47,403.90

**Radian Asset Assurance Inc.** ("Insurer"), a corporation organized under the laws of the State of New York, in consideration of the payment of the premium and subject to the terms of this Policy, hereby unconditionally and irrevocably guarantees the payment of the Obligation (hereinafter defined) to the Custodian for the benefit of the Holders (hereinafter defined) from time to time of Insured Bond Certificates relating to the Bonds. This Policy does not insure against any risk other than nonpayment of the Obligation by or on behalf of the Obligor. Nonpayment includes recovery from the Custodian or a Holder of an Insured Bond Certificate of any portion of the Obligation pursuant to a final judgment by any court of competent jurisdiction holding that such payment constituted a voidable preference within the meaning of any applicable bankruptcy law.

Upon receipt by the Insurer of telephonic or telegraphic notice, such notice subsequently confirmed to the Insurer in writing by registered or certified mail, from the Custodian that the Obligor has failed to provide sufficient funds for payment of the Obligation on the Due Date (hereinafter defined), the Insurer shall, not later than such Due Date or the first business day after receipt of such notice, whichever is later, pay to the Custodian for the benefit of the Holders of the Insured Bond Certificates relating to the Bonds, an amount which shall be sufficient to pay the Obligation, but only upon receipt by the Insurer, in a form reasonably satisfactory to it, of (a) evidence of the Holder's right to receive such payment and (b) evidence, including any appropriate instruments of assignment, that all the Holder's rights with respect to such payment shall thereupon vest in the Insurer. "Due Date" means, when referring to the principal of the Obligation, the stated maturity date thereof or the date on which the same shall have been duly called for mandatory sinking fund redemption and does not refer to any earlier date on which payment is due by reason of any other call for redemption, acceleration or other advancement of maturity unless the Insurer shall elect, in its sole discretion, to pay such principal due upon such redemption, acceleration or other advancement of maturity together with any accrued interest to the date of redemption, acceleration or other advancement of maturity. Tendering of payment, to the Custodian, of such principal due upon such redemption, acceleration or other advancement of maturity, together with any accrued interest to the

Radian Asset Assurance Inc.  RADIAN

date of such redemption, acceleration or other advancement of maturity, shall satisfy the Insurer's obligations under this Policy, in full. When referring to interest on the Obligation, "Due Date" means the stated date for payment of interest.

The Insurer shall, to the extent of any payment made by it pursuant to this Policy, be deemed to have acquired and become the Holder of the Bonds or portions thereof or interest thereon paid from such payment and shall be fully subrogated to all rights to payment thereof.

As used herein, the term "Holder" or "Holders of the Insured Bond Certificates" means the registered owners of the Insured Bond Certificates relating to the Bonds at the time of nonpayment of the Obligation. The term "Holder" or "Holders" shall not include the Obligor or any person or entity whose direct or indirect obligation constitutes the underlying security for the Obligation. As used herein, the term "Custodian" means the Custodian above named and any successor Custodian duly appointed by the Insurer (the "Agreement"). As used herein, the term "Obligation" means the payment of principal and interest regularly scheduled to be paid on the Bonds, which shall have become due for payment but shall be unpaid, but does not include any premium payable with respect to the Bonds, nor any redemption (except mandatory sinking fund redemption), acceleration or other advancement of maturity.

This Policy is non-cancelable for any reason except that this Policy shall be cancelled as to any bonds which cease to be held in the custody of the Custodian pursuant to the Agreement. Premiums paid on this Policy are not refundable for any reason including without limitation the payment prior to maturity of the Bonds.

IN WITNESS WHEREOF, the Insurer has caused this Policy to be issued pursuant to the Insurance Law of the State of New York and to be executed and delivered in New York, New York by its duly authorized officer to become effective and binding upon the Insurer by virtue of the execution and delivery thereof on this 27th day of May, 2008.

**RADIAN ASSET ASSURANCE INC.**

By:
Name: John DeLuca
Title: Senior Vice President

| INSURANCE GUARANTY FUND NOTICES | |
|---|---|
| Connecticut | In the event the Company becomes insolvent, any claims arising under this Policy are excluded from coverage by the Connecticut Insurance Guaranty Association. |
| Florida | The insurance provided by this Policy is not covered by the Florida Insurance Guaranty Association created under part II of chapter 631 of the Florida Insurance Code. |
| New York | This Policy is not covered by the Property/Casualty Insurance Security Fund established by Article 76 of the New York Insurance Law. |
| Texas | In the event the insurer is unable to fulfill its contractual obligation under this Policy, the policyholder is not protected by the Texas Property and Casualty Insurance Guaranty Act. |