**Assured's Exhibit 24**



**ASSURED GUARANTY**

Assured Guaranty Corp.
1325 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL·212.974.0100 FAX·212.581.3268
www.assuredguaranty.com

Municipal Bond Partial Maturity
Secondary Market Insurance Policy

| | | | |
|---|---|---|---|
| Issuer: | Each of the Issuers described in AGC Schedule A hereto | Policy Number: | SM-2007-267 |
| Bonds: | Each of the Bonds described in AGC Schedule A hereto | Effective Date: | November 15, 2007 |
| Term: | The period from and including the Effective Date to and including the date on which all Insured Payments (including Avoided Payments) have been paid. | Premium: | The premium listed in AGC Schedule A hereto |

Assured Guaranty Corp. ("AGC"), a Maryland insurance company, in consideration of the payment of the premium and subject to the terms of this Policy, hereby unconditionally and irrevocably agrees to pay to The Bank of New York, as custodian (the "Custodian") of Bonds held pursuant to the Custody Agreement dated as of June 12, 2003 between AGC and the Custodian (the "Custody Agreement"), that portion of the principal and interest on the principal amount set forth on AGC Schedule A (the "Insured Payments") of the above described debt obligations (the "Bonds") which shall become Due for Payment but shall be unpaid by reason of Nonpayment.

AGC will make such payments to the Custodian on the date such principal or interest becomes Due for Payment or on the Business Day next following the day on which AGC shall have Received a completed Claim Form and Instrument of Assignment for Custodian (in the form set forth in Exhibit D of the Custody Agreement and in accordance with the Notice provisions set forth in the Custody Agreement), whichever is later. Upon such disbursement, AGC shall become the owner of the Bond, appurtenant coupon or right to payment of principal or interest on such Bond and shall be fully subrogated to all of the Custodian's rights and the rights of the owner of the Insured Custody Certificate thereunder, including the right to payment thereof.

This Policy is non-cancelable for any reason. The premium on this Policy is not refundable for any reason, including the payment of the Bonds prior to maturity. This Policy does not insure against loss of any prepayment premium which may at the time be payable with respect to any Bond or the failure of the Custodian to remit amounts received hereunder to the owner of an Insured Custody Certificate. No payment shall be made under this Policy with respect to a Bond if the owner of the Insured Custody Certificate evidencing ownership of such Bonds or if the holder or owner of such Bond is the Issuer of such Bond.

"Due for Payment" means, when referring to the principal of a Bond, the stated maturity date thereof, or the date on which the same shall have been duly called for mandatory sinking fund redemption and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by mandatory sinking fund redemption), acceleration or other advancement of maturity (unless AGC in its sole discretion elects to make any principal payment, in whole or in part, on such earlier date) and means, when referring to interest on a Bond, the stated date for payment of interest. "Nonpayment" in respect of a Bond means the failure of the Issuer to have provided sufficient funds to the paying agent of such Bond for payment in full of all principal and interest Due for Payment on such Bond. It is further understood that the term "Nonpayment" in respect of a Bond includes any payment of principal or interest Due for

Payment which was made to the Custodian by or on behalf of the Issuer which has been recovered from the Custodian or an owner of an Insured Custody Certificate to which such payment was remitted by the Custodian, pursuant to the United States Bankruptcy Code by a trustee in bankruptcy in accordance with a final, nonappealable order of a court having competent jurisdiction (such recovered amount, an "Avoided Payment"). "Notice" and "Receipt" shall have the meanings set forth in Section 6.06 of the Custody Agreement.    "Business Day" means any day other than (i) a Saturday or Sunday; (ii) any day on which the offices of the Custodian or AGC are closed; or (iii) any day on which banking institutions are authorized or required by law, executive order or governmental decree to be closed in New York City or Maryland. "Insured Custody Certificate" means Insured Custody Certificate issued pursuant to the Custody Agreement.

This Policy may not be assigned except to a successor Custodian appointed in accordance with the Custody Agreement.

This Policy will be governed by, and shall be construed in accordance with, the laws of the State of New York (other than with respect to its conflicts of laws principles).

The insurance provided by this Policy is not covered by the New York Property/Casualty Insurance Security Fund (New York Insurance Code, Article 76).

IN WITNESS WHEREOF, AGC has caused this Policy to be affixed with its corporate seal and to be signed by its duly authorized officer to become effective and binding upon AGC by virtue of such signature.

Effective Date: November 15, 2007

ASSURED GUARANTY CORP.

By: _Richard Cano_

Name: _Richard Cassada_

Title: _Managing Director_

Signature attested to by:

_____

Counsel

Municipal Bond Partial Maturity
Secondary Market Insurance Policy



AGC Schedule A - Modified

| | |
|---|---|
| Initial Insurance Beneficiary: | MORGAN STANLEY & CO. |
| Settlement Date: | November 15, 2007 |
| Date of Policy: | November 15, 2007 |
| Policy Number: | SM-2007-267 |
| Insured Par Value: | $56,700,000 |
| Maturity Par Value: | $148,110,000 |
| Full Name of Issuer: | Puerto Rico Highways and Transportation Authority |
| Full Name of Bonds: | Transportation Revenue Refunding Bonds, Series L |
| Interest Rate (1): | 5.250% |
| Dated Date: | October 04, 2005 |
| Stated Maturity Date of Bonds: | July 01, 2041 |
| Interest Payment Dates: | Semi-Annual commencing January 01, 2008 |
| Original CUSIP Numbe: | 745190UR7 |
| Enhanced CUSIP Number: | 745190R75 |
| Book Entry ("BE") or Insured Custody Certificate ("ICC") : | BE |
| Premium Payment Date: | November 15, 2007 |

(1) If variable rate is applicable, briefly describe method.



Assured Guaranty Corp.
1325 Avenue of the Americas
New York, NY 10019
t. 212.974.0100
www.assuredguaranty.com

### Endorsement to Financial Guaranty Insurance Policy

| Issuer: | Puerto Rico Highways and Transportation Authority | | Policy No. | SM-2007-267 |
|---|---|---|---|---|
| Bonds: | Transportation Revenue Refunding Bonds, Series L | | Effective Date: | November 15, 2007 |
| Primary Insurer: | CIFG, Inc. | | | |

This endorsement forms a part of the Policy referenced above.  Notwithstanding the terms and provisions contained in the Policy, the Policy is hereby amended as follows:

Assured Guaranty Corp. ("AGC"), a Maryland insurance company, in consideration of the payment of the premium and subject to the terms of the Policy, hereby unconditionally and irrevocably agrees to pay to The Bank of New York, as custodian (the "Custodian") of Bonds held pursuant to the Custody Agreement dated as of June 12, 2003 between AGC and the Custodian (the "Custody Agreement"), that portion of the principal and interest on the Insured Par Value (as set forth on AGC Schedule A) of the above-described debt obligations (the "Bonds") (collectively, the "Insured Payments") which shall become Due for Payment but shall be unpaid by reason of Nonpayment by the Issuer as well as Nonpayment by the Primary Insurer.

"Avoided Payment" means any payment of principal or interest previously made by or on behalf of the Issuer to the Custodian which would have been covered under the Policy if there had been a shortfall in funds available to make such payment of principal or interest on the date on which such payment was Due for Payment, which has been recovered from the Custodian, or an owner of an Insured Custody Certificate to which such payment was remitted by the Custodian, pursuant to the United States Bankruptcy Code by a trustee in bankruptcy in accordance with a final nonappealable order of a court having competent jurisdiction ("Order").

"Due for Payment" means (i) in respect of the Issuer, (A) when referring to the principal of a Bond, the stated maturity date thereof or the date on which the same shall have been duly called for mandatory sinking fund redemption, and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by mandatory sinking fund redemption), acceleration or other advancement of maturity (unless AGC in its sole discretion elects to make any principal payment, in whole or in part, on such earlier date), (B) when referring to interest on a Bond, the stated date for payment of interest, and (C) when referring to an Avoided Payment, the date on which such amount is due to be paid pursuant to an Order; and (ii) in respect of the Primary Insurer, the date on which the Primary Insurer is obligated to make a payment in accordance with the terms of the Primary Policy.

"Nonpayment" means (i) as it applies to the Issuer in respect of a Bond, the failure of the Issuer to have provided sufficient funds to the paying agent of such Bond for payment in full of all principal and interest Due for Payment on such Bond, and (ii) as it applies to the Primary Insurer in respect of the Primary Policy, a default by the Primary Insurer in its payments obligations under the Primary Policy in accordance with the terms and conditions thereof.  It is further understood that that the term "Nonpayment" includes the failure of the Issuer to provide sufficient funds in respect of Avoided Payments and the failure of the Primary Insurer to pay such Avoided Payment under the Primary Policy in accordance with the terms and conditions.

"Primary Policy" means the financial guaranty insurance policy issued by the Primary Insurer for the benefit of the holder or owner of the Bond and the owner of the Insured Custody Certificate.

Nothing herein shall be construed to waive, alter, reduce or amend coverage in any other section of the Policy.  To the extent the provisions of this endorsement conflict with the provisions of the above-referenced Policy, the provisions of this endorsement shall govern.

**IN WITNESS WHEREOF,** Assured Guaranty has caused this endorsement to be affixed with its corporate seal, to be signed by its duly authorized officer and to become effective and binding upon Assured Guaranty on the Effective Date listed above by virtue of such signature.

SEAL

ASSURED GUARANTY CORP.

By: _____
Richard Cassata
Managing Director

Signature attested to by:

_____
Counsel

Municipal Bond Partial Maturity
Secondary Market Insurance Policy



## AGC Schedule A - Modified

| | |
|---|---|
| Initial Insurance Beneficiary: | MORGAN STANLEY & CO. |
| Settlement Date: | November 15, 2007 |
| Date of Policy: | November 15, 2007 |
| Policy Number: | SM-2007-267 |
| Insured Par Value: | $56,700,000 |
| Maturity Par Value: | $148,110,000 |
| Full Name of Issuer: | Puerto Rico Highways and Transportation Authority |
| Full Name of Bonds: | Transportation Revenue Refunding Bonds, Series L |
| Interest Rate (1): | 5.250% |
| Dated Date: | October 04, 2005 |
| Stated Maturity Date of Bonds: | July 01, 2041 |
| Interest Payment Dates: | Semi-Annual commencing January 01, 2008 |
| Original CUSIP Numbe: | 745190UR7 |
| Enhanced CUSIP Number: | 745190R75 |
| Book Entry ("BE") or Insured Custody Certificate ("ICC") : | BE |
| Premium Payment Date: | November 15, 2007 |

(1) If variable rate is applicable, briefly describe method.