## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Re:  ECF No. 20605 |
| Debtors.[1] | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 4780-LTS |
| as representative of | Re: ECF No. 2785 |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PUERTO RICO ELECTRIC POWER
AUTHORITY,

     Movant.

v.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, *et al.*,

     Respondents.

**URGENT MOTION OF FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR ORDER EXTENDING MEDIATION
<u>TERMINATION DATE AND RELATED PATH FORWARD DEADLINE</u>**

To The Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") in this Title III case pursuant to section 315(b) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion (the "Urgent Motion") for an order extending through and including August 15, 2022, subject to an automatic extension without further Court approval, and at Mediation Team's discretion, through and including September 9, 2022, when and if the Mediation Team files a notice of such proposed extension: (i) the Termination Date (as defined below) for mediation, and (ii) the deadline for the Oversight Board to comply with certain directives in the Court's June 29 Order,[3] and represents as follows:

## **RELIEF REQUESTED**

1. The Oversight Board respectfully requests the Court to issue an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") extending through August 15, 2022, subject to an automatic extension without further Court approval, and at Mediation Team's discretion through and including September 9, 2022, (i) the Termination Date (defined below), and (ii) the current August 1, 2022 deadline for the Oversight Board to file either (a) a plan of adjustment, (b) a term sheet for a plan of adjustment, (c) a litigation schedule, or (d) a declaration and memorandum of law showing cause why the Court should not dismiss PREPA's Title III case,

---

[2] PROMESA is codified at 48 U.S.C §§ 2101–2241.

[3] *See Order Granting the Urgent Motion of Financial Oversight and Management Board and the Notice and Request of the Mediation Team* [ECF No. 2874] (the "June 29 Order"), extending through August 1, 2022, the deadlines set forth in the *Order Granting Urgent Motion of Financial Oversight and Management Board to Extend June 1, 2022 Deadline* [ECF No, 2827] (the "May 27 Order"), and initially established in the *Order Denying Urgent Motion of the Ad Hoc Group of PREPA Bondholders to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment and Directing Additional Consultation and Filings* [ECF No. 2748] (the "March 8 Order").

set forth in the Court's June 29 Order.  The proposed extension of the Termination Date (defined

below) mirrors the extension timeline requested by the Mediation Team.  ECF No. 2900.  AAFAF

has consented to the extension.  The Ad Hoc Group of PREPA Bondholders, National Public

Finance Guarantee Corp. ("National"), Assured Guaranty Corp. and Assured Guaranty Municipal

Corp. (together, "Assured"), PREPA's fuel line lenders, and Syncora Guarantee, Inc. ("Syncora"),

have not indicated whether they consent.  The Official Committee of Unsecured Claimholders (the

"UCC"), La Union de Trabajadores de La Industria Electrica y Riego ("UTIER"), and PREPA's

retirement system ("SREAEE") object to the extension.

## BACKGROUND

2.      On March 8, 2022, the Court issued the March 8 Order directing the Oversight

Board to file an indication of its proposed path forward to conclude PREPA's Title III case by

May 2, 2022 (as amended or modified from time to time, the "Path Forward Deadline"), including

by filing a proposed plan, a plan term sheet, a litigation schedule, or a brief showing cause why

PREPA's Title III case should not be dismissed.  *See* March 8 Order, ¶¶ 12–13.  The first three

options were to be accompanied by either a confirmation timetable or litigation schedule.  *Id.*

3.      On April 8, 2022, the Court issued the *Order Appointing Mediation Team* [ECF

No. 2772] (the "Appointment Order") appointing a team of judicial mediators (the "Mediation

Team") to facilitate consensual resolution of the issues in PREPA's Title III Case.  The Mediation

Team is led by Judge Shelley C. Chapman, joined by Judge Robert D. Drain and Judge Brendan

L Shannon. Appointment Order, ¶ 2.  The Court also designated the following parties as mediation

parties (the "Mediation Parties"): (a) the Oversight Board, (b) AAFAF, (c) the Ad Hoc Group of

PREPA Bondholders (d) National, (e) Assured, (f) Syncora, (g) UTIER, (h) SREAEE, (i) the UCC,

and (j) PREPA's fuel line lenders.  *Id.*

4.      That same day, the Court entered the *Order Establishing the Terms and Conditions of Mediation* [ECF No. 2773] (the "Terms and Conditions Order," and together with the Appointment Order, the "Mediation Orders") directing that mediation shall terminate on June 1, 2022, at 11:59 p.m. (Atlantic Standard Time),  unless extended to July 1, 2022 (as applicable, the "Termination Date").  The Termination Date may be extended past July 1, 2022, with the "Court's approval after notice of such proposed extension to parties in interest."  Terms and Conditions Order, ¶ 3.

5.      Since the commencement of mediation, the Mediation Team and the Oversight Board have, respectively, sought extensions to the Termination Date and the Path Forward Deadline.  *See* ECF Nos. 2823, 2860, and 2862.  Most recently, the Court entered the June 29 Order, extending the Termination Date and Path Forward Deadline through August 1, 2022.

6.      On July 27, 2022, the Mediation Team filed its *Notice and Request for Approval of Third Extension of Termination Date of Mediation* [ECF No. 2900] (the "Extension Request") requesting an extension of the Termination Date through August 15, 2022, subject to an automatic extension through and including September 9, 2022 at the Mediation Team's discretion, and without further Court approval, when and if the Mediation Team files a notice of extension.  By this Motion, the Oversight Board seeks the same extension of the Termination Date, along with an extension of the Path Forward Deadline on the same terms.

## BASIS FOR RELIEF

7.      Since entry of the Mediation Orders, including during the most-recent extension of the Termination Date, the Mediation Team and the Mediation Parties have engaged in numerous mediation sessions and continue to work collaboratively to determine whether a consensual plan of adjustment is attainable.  The Mediation Team and Oversight Board have been primarily

focused on engaging with holders and monoline insurers of PREPA's bonds, as PREPA's largest claimholder constituency.  PREPA has also started engaging with the attorneys for, and is formulating proposals for each of, PREPA's remaining unions, SREAEE, the UCC, and the Fuel Line Lenders, each in coordination with the Mediation Team, and will continue to engage with all Mediation Parties in coordination with, and under the direction of the Mediation Team, if the requested extension is approved.

8.       The Oversight Board believes progress has been made with holders and monoline insurers of PREPA's bonds, particularly with respect to the structure of certain securities to be issued in connection with any consensual plan of adjustment.  The parties continue to work hard to develop creative solutions to bridge the economic gap between them.  While no resolution has been reached to date—and there are no assurances that these efforts will be fruitful—the mediation continues in good faith and both the Mediation Team and Oversight Board believe the mediation process continues to be beneficial and in the best interests of PREPA and its stakeholders, and is much preferable to shifting to litigation at this time.  The negotiations with Bondholders have understandably consumed much time and effort because of starkly different legal positions leading to starkly different economics involving bond claims approximating $9 billion.  Accordingly, in support of the mediation process and the Mediation Team's Extension, the Oversight Board respectfully requests the Court extend the Termination Date and the Path Forward Deadline through August 15, 2022, subject to an automatic extension through September 9, 2022 if the Mediation Team files a notification of same.

9.       Extending the Termination Date and the Path Forward Deadline to August 15, 2022, subject to an automatic extension through and including September 9, 2022 at the discretion of the Mediation Team, would provide the Mediation Parties and the Mediation Team more time

to conduct mediation without litigation.  While the UCC believes its constituency would benefit

from litigation that narrows the legal issues sooner rather than later, the Oversight Board believes

that, at this juncture, mediation should continue without the distraction and costs of litigation.

Because any settlement would have to be approvable over potential objections, the Oversight

Board submits that the UCC is not prejudiced by the requested extension.

**Certification of Compliance with**
**Local Rule 9013-1 and the Sixteenth Amended Case Management Procedures**

10.    Pursuant to Paragraph 1.H of the *Sixteenth Amended Notice, Case Management and*

*Administrative Procedures* [Case No. 17-BK-3283-LTS, ECF No. 20190-1] (the "Case

Management Procedures"), the Oversight Board hereby certifies it has carefully examined the

matter and concluded there is a true need for an urgent motion; it has not created the urgency

through any lack of due diligence; has made a bona fide effort to resolve the matter; has made

reasonable, good-faith communications in an effort to resolve or narrow the issues being brought

to the Court, and, except as otherwise described herein, no party opposes the relief requested

herein.

**NOTICE**

11.    Contemporaneously with filing the Urgent Motion, the Oversight Board is

providing notice of this Urgent Motion in accordance with the Case Management Procedures to

the following parties:  (a) the Office of the United States Trustee for the District of Puerto Rico;

(b) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (c) the administrative

agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA,

Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain Trade

Finance Facility Agreement, dated as July 20, 2012; (d) the statutory unsecured claimholders'

committee appointed in this Title III Case; (e) the Office of the United States Attorney for the

7

District of Puerto Rico; (f) counsel to AAFAF; (g) the Puerto Rico Department of Justice; (h) all

parties filing a notice of appearance in this Title III case; and (i) all other Mediation Parties.  A

copy   of   the   Motion   is   also   available   on   the   Debtor's   case   website   at

https://cases.ra.kroll.com/puertorico/.

      12.    The Oversight Board submits that, in light of the nature of the relief requested

herein, no other or further notice need be given.

      WHEREFORE the Oversight Board requests the Court issue the Proposed Order and

grant it such other and further relief as is just.

Dated: July 27, 2022
    San Juan, Puerto Rico

                          Respectfully submitted,

                          */s/ Paul V. Possinger*
                          Martin J. Bienenstock
                          Paul V. Possinger
                          Ehud Barak
                          Daniel S. Desatnik
                          (Admitted *Pro Hac Vice*)
                          **PROSKAUER ROSE LLP**
                          Eleven Times Square
                          New York, NY 10036
                          Tel: (212) 969-3000
                          Fax: (212) 969-2900
                          Email: mbienenstock@proskauer.com
                                      ppossinger@proskauer.com
                                      ebarak@proskauer.com
                                      ddesatnik@proskauer.com

                          *Attorneys for the Financial*
                          *Oversight and Management Board*
                          *as representative for PREPA*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com


*Co-Attorney for the Financial Oversight and
Management Board as representative for
PREPA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/   Hermann D. Bauer*
Hermann D. Bauer

## **EXHIBIT A**

**Proposed Order**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re:  ECF Nos. _____ |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>Re: ECF Nos. _____ |
| PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     Movant.<br><br>v.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, et al., | |

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Respondents.

### [PROPOSED] ORDER GRANTING URGENT MOTION OF
### FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER EXTENDING
### MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE

Upon the *Urgent Motion of Financial Oversight and Management Board to Extend Mediation Termination Date and Path Forward Deadline* (Docket Entry No. ____ in Case No. 17-3283 and Docket Entry No. ___ in Case No. 17-4780, the "Urgent Motion");[2] and the Court having found the Oversight Board provided adequate and appropriate notice of the Urgent Motion under the circumstances and that no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief set forth herein:

1.   The Urgent Motion is **GRANTED** as set forth herein.

2.   The Court extends through **August 15, 2022,** subject to an automatic extension through September 9, 2022, at the Mediation Team's discretion and without further Court approval if the Mediation Team files a notice of extension, the (i) Termination Date for mediation, and (ii) deadline for the Oversight Board to file either (a) a plan of adjustment, (b) a term sheet for a plan of adjustment, (c) a litigation schedule, or (d) a declaration and memorandum of law showing cause as to why the Court should not consider dismissal of PREPA's Title III case, as set forth in the Court's June 29 Order.

3.   Except as provided in paragraph 2 above, the Termination Date may be further extended only upon this Court's approval after notice of such additional proposed extension to

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

parties in interest; provided, however, the Termination Date may be extended by the Mediation

Team for purposes of its involvement in any secondary or drafting items.

      4.      This Order shall take immediate effect and be enforceable upon its entry.

      5.      The Court shall retain jurisdiction to hear and determine all matters arising from

implementation of this Order.

Dated: _____, 2022

                    SO ORDERED:

                    _____

                    HONORABLE LAURA TAYLOR SWAIN
                    United States District Judge