UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND TRANSPORTATION
AUTHORITY,

    Debtor.

PROMESA
Title III

Case No. 17-BK-3567 (LTS)

---

**RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING CONFIRMATION OF THIRD AMENDED TITLE III PLAN OF ADJUSTMENT FOR PUERTO RICO HIGHWAYS AND <u>TRANSPORTATION AUTHORITY</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully files this reservation of rights (the "Reservation of Rights") regarding the confirmation of the *Third Amended Title III Plan of Adjustment for the Puerto Rico Highways and Transportation Authority* [Docket No. 21267] (the "HTA Plan").[3] In support of this Reservation of Rights, the Committee respectfully states as follows:

## RESERVATION OF RIGHTS

1. As the Court is aware, the Committee has reached a settlement with the Oversight Board regarding, among other things, the terms of the plan treatment of general unsecured claims in Class 16 (HTA General Unsecured Claims) and Class 19 (Convenience Claims), which settlement is reflected in that certain letter agreement, dated as of May 9, 2022, between the Committee and the Oversight Board (the "Committee Agreement"). The HTA Plan reflects the terms of the Committee Agreement, and, as such, the Committee supports confirmation of the Plan. In addition, the Committee has, to date, worked diligently with the Oversight Board to reach agreement on certain documents ancillary to the HTA Plan, including by providing comments to the proposed HTA Confirmation Order. Indeed, at this time, the Committee has no further comments with respect to the proposed HTA Confirmation Order.

2. The Committee files this Reservation of Rights, however, because certain matters related to the confirmation of the HTA Plan remain open. First, the Committee continues its discussions with the Oversight Board regarding the amended and restated Avoidance Actions

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms used but not defined herein have the meanings set forth in the HTA Plan.

Trust Agreement.[4] The Committee has shared a draft of its proposed amendments with the Oversight Board; however, as of the time of this filing, these amendments have not yet been finalized.[5] The Committee also believes that the amended and restated Avoidance Actions Trust Agreement should be approved by this Court for purposes of the Commonwealth Plan, given that the prosecution of HTA's Avoidance Actions is to be funded out of the $15 million in funding established under the Commonwealth Plan. The Committee is in discussions with the Oversight Board regarding such approval and is hopeful that the parties will be able to come to an agreement in the near term.

3. Second, the Committee has not yet received a draft of the proposed findings of fact and conclusions of law in connection with confirmation of the HTA Plan, and, accordingly, reserves all its rights in this regard.

4. Furthermore, the Committee reserves its right to be heard at the HTA Confirmation Hearing to the extent that, contrary to the terms of the Committee Agreement, (a) any amendments or modifications are made to the HTA Plan or the proposed HTA Confirmation Order that would adversely affect the economic treatment of, or distributions to, holders of HTA General Unsecured Claims and Convenience Claims, compared to the treatment of such holders as currently set forth in the HTA Plan,[6] (b) any documents are not reasonably acceptable to the

---

[4] The Avoidance Actions Trust was established in connection with the Commonwealth Plan, but the related Avoidance Actions Trust Agreement needs to be modified to reflect the terms of the HTA Plan, including the transfer of HTA's Avoidance Actions into the Avoidance Actions Trust for the benefit of allowed HTA General Unsecured Claims. In accordance with the HTA Plan, the prosecution of HTA's Avoidance Actions will be funded out of the $15 million in funding established under the Commonwealth Plan.

[5] The Oversight Board has confirmed that, once the parties have reached agreement on the form of the amended and restated Avoidance Actions Trust Agreement, a copy of that form of agreement will be filed with the Court as part of an amended Plan Supplement.

[6] To be clear, at this time, the Committee is not aware of any amendments or modifications to the HTA Plan that would adversely affect the economic treatment of, or distributions to, holders of HTA General Unsecured Claims and Convenience Claims.

3

Committee (to the extent of the Committee's consent rights under the HTA Plan), (c) any condition to confirmation of the HTA Plan or the Effective Date of the HTA Plan is waived without the prior written consent of the Committee (again, to the extent of the Committee's consent rights under the HTA Plan), or (d) any other consents of the Committee (to the extent required under the HTA Plan) are not obtained.

5. Finally, the Committee reserves all its rights with respect to HTA's Title III case, including the HTA Plan, in the event that the HTA Plan is not confirmed or not consummated.

[*Remainder of page intentionally left blank.*]

Dated: July 27, 2021

By: /s/ *Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ *Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*