IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>Case No. 17-3283 (LTS)<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATIONS AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-03567 (LTS) |

**FINCA MATILDE'S OBJECTION TO CONFIRMATION OF THIRD AMENDED TITLE III PLAN OF ADJUSTMENT OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

TO THE HONORABLE COURT:

COMES NOW **FINCA MATILDE, INC.** ("Finca Matilde") a creditor in the instant case, who, through the undersigned legal counsel, hereby states, prays, and objects to the confirmation of the *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (the "Plan") filed by The Financial Oversight and Management Board for Puerto Rico (the "Board") as trustee for the Debtor, *The Puerto Rico Highways and Transportations Authority* ("Debtor" or "HTA").

1. Finca Matilde is the holder of Claim No. 22994 for an amount of $7,248,000.00 against the Debtor for inverse condemnation.[1] Pursuant to Section 19.1 of

---
[1] Claim number corresponds to the claim number assigned by Kroll, previously known as Prime Clerk.

1

Article XIX of the Plan, claims for inverse condemnation, as Finca Matilde's Claim, are Class 15 and will receive the following treatment:

> "(b) subject to the entry of the HTA Confirmation Order or the Findings of Fact and Conclusions of Law in respect of the HTA Plan providing such claims must be paid in full to the extent they are Allowed Claims for just compensation, upon each such order becoming a Final Order, and upon the occurrence of another Final Order determining the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the holder of an Allowed Eminent Domain/Inverse Condemnation Claim shall be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim, in Cash, **one hundred percent (100%) of such unpaid balance**; provided, however, that, **in the event that** the Oversight Board's appeal of the Commonwealth Confirmation Order and the Findings of Fact and Conclusions of Law entered with respect thereto relating to the non-dischargeability of Eminent Domain/Inverse Condemnation Claims against the Commonwealth **is successful and such Commonwealth Confirmation Order is reversed to such extent**, the holder of such unpaid balance of an Allowed Eminent Domain/Inverse Condemnation Claims shall be entitled to receive, in full consideration, satisfaction, release and exchange therefor, payments from HTA equal to, and on the same timeframe as, the payments to be made to holders of Allowed HTA General Unsecured Claims pursuant to the terms and provisions of Sections 20.1, 20.2 and 20.3 hereof." [Docket No. 1240, p. 61].[2]

2. The Board refers to the case of FOMB v. Coop. Ahorro y Crédito, et al, Case NO. 22-1119, before the Court of Appeals for the First Circuit. Nevertheless, on July 18, 2022, after the Plan was filed, the Court of Appeal issues its Opinion and Judgment on Appeal Case 22-1119 and confirmed the Confirmation Order on the Commonwealth of Puerto Rico's Confirmed Plan ("Accordingly, with respect to the challenges presented in the Board's cross-appeal, we affirm the Title III court's order confirming the plan.").

---

[2] Unless otherwise stated, any reference to a page in a document refers to the pagination made by the Court's Electronic Filing System at the top of each page.

3. Therefore, the Plan of the Confirmation Order should modify or amend the Plan to reflect that the referenced appeal was not successful. Otherwise, it could be construed to give the Board a second bite at the appeal and appeal the same issue which the First Circuit already decided and is binding to this Court. Moreover, the issue needs to be clarified to tally the votes. If members of Class 15 will receive 100% distribution, Class 15 is not impaired and, thus, not entitled to vote. if, on the other hand, members of Class 15 will not be paid 100%., they are entitled to vote.

4. Furthermore, the Plan is unconfirmable as it violates the Takings Clause of the U.S. Constitution. Just compensation must generally consist of the total value of the property when taken, plus interests from that time. Knick v. Township of Scott, 139 S. Ct. 2162 (2019). Yet, the Plan does not provide for payment of post-petition interests.

5. As previously mentioned, Class 15 participants may receive up to 100% of their "Allowed Claim". "Allowed Claim" is defined in the Plan as "[a] claim, to the extent it is or has become Allowed" [Docket No. 1240, p. 17, § 1.11]; and "Allowed" is defined to "**not include interest** ... arising from or relating to the period from and after the HTA Petition Date". [Docket No. 1240, p. 17, § 1.10]. Thus, if the Board or its Disbursement Agent will only distribute Class 15 members an amount equal to the creditor's "Allowed Claim", it follows that the Plan does not contemplate payment of interests as required by the Takings Clause of the Fifth Amendment. This constitutes an unconstitutional impairment and discharge of Finca Matilde's just compensation that does not comply with the Court of Appeal Opinion in FOMB v. Coop. Ahorro y Crédito, et al, Case No. 22-1119.

**WHEREFORE**, Finca Matilde hereby requests that this Honorable Court takes notice of this motion and that it denies confirmation of the Plan unless the same is amended to reflect that the Board's appeal in the Commonwealth case was not successful, or that such caveat be made in the confirmation order that post-petition interests must be paid.

**I HEREBY CERTIFY**, that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants. Pursuant to the Fourteenth Amended Notice, Case Management and Administrative Procedures, the instant motion was served via First Class Mail upon the (i) Office of the United States Trustee, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, P.R. 00901; (ii) Chambers of the Hon. Laura T. Swain; (iii) AAFAF and its counsel; (iv) the Oversight Board and its legal counsel, (v) Counsel for the Creditors Committee, (vi) Counsel for the Retiree Committee, the 20 largest creditors.

**RESPECTFULLY SUBMITED,**

In San Juan, Puerto Rico, this July 27, 2022.

**ISABEL FULLANA-FRATICELLI & ASSOCS., P.S.C.**
The Hato Rey Center Bldg.
268 Ave. Ponce de León Ste. 1002
San Juan, Puerto Rico 00918
Telephone: (787) 250-7242
Facsimile: (787) 756-7800

/s/Isabel M. Fullana
USDCPR No. 126802
ifullana@gaflegal.com

/s/Eduardo J. Capdevila
USDCPR No. 302713
ecapdevila@gaflegal.com