# Debtor's Ex. 31

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☒ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

JUN 2 9 2018

PRIME CLERK LLC

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación   04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or **redact** information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

Quienes presenten la documentación deben omitir o **editar** información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

[✓] Date Stamped Copy Returned
[  ] No Self-Addressed Stamped Envelope
[  ] No Copy Provided

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

| | |
|---|---|
| 1. Who is the current creditor?<br><br>¿Quién es el acreedor actual? | Government Development Bank for Puerto Rico<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor  Banco Gubernamental de Fomento para Puerto Rico; GDB; BGF |
| 2. Has this claim been acquired from someone else?<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☒ No / No<br>☐ Yes. From whom?<br>Sí. ¿De quién? _____ |

**Claim Number: 151149**

**Claim Number: 151149**

Proof of Claim



170328380030495

page 1

HTA_CONF 00011950

| 3. | Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? ¿A dónde deberían enviarse las notificaciones al acreedor? | Where should payments to the creditor be sent? (if different) ¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Moore & Van Allen PLLC, c/o Zachary H. Smith** | **Government Development Bank for Puerto Rico, Attn: Jose Santiago, Executive Vice President and Chief Restructuring Officer** |
| | ¿A dónde deberían enviarse las notificaciones al acreedor? | Name / Nombre<br>**100 North Tryon St., Suite 4700** | Name / Nombre<br>**Roberto Sánchez Vilella (Minillas) Government Center De Diego Ave. Stop 22** |
| | Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | Number / Número     Street / Calle<br>**Charlotte, NC 28202** | Number / Número     Street / Calle<br>**San Juan, Puerto Rico 00907** |
| | | City / Ciudad      State / Estado      ZIP Code / Código postal<br>**(704) 331-1046** | City / Ciudad      State / Estado      ZIP Code / Código postal<br>**(787) 722-2525, Ext. 15367** |
| | | Contact phone / Teléfono de contacto<br>**zacharysmith@mvalaw.com** | Contact phone / Teléfono de contacto<br>**jose.santiago@bgfpr.com** |
| | | Contact email / Correo electrónico de contacto | Contact email / Correo electrónico de contacto |

| 4. | Does this claim amend one already filed?<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☐ No / No<br>☒ Yes.  Claim number on court claims registry (if known) _____ 29533<br> Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo) _____<br> Filed on / Presentada el  05/25/2018 _____ (MM /DD/YYYY) / (DD/MM/AAAA) |
|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim?<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br> Sí.  ¿Quién hizo la reclamación anterior?_____ |
|---|---|---|

### Part 2 / Parte 2:     Give Information About the Claim as of the Petition Date
**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| 6. | Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☐ No / No<br>☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br> Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_See separate proof of claim against the Commonwealth of Puerto Rico, filed on 5/25/2018 as Claim No. 29485_ |
|---|---|---|

| 7. | Do you supply goods and / or services to the government?<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |
|---|---|---|

HTA_CONF 00011951

| | | |
|---|---|---|
| 8. **How much is the claim?** | $ 2,355,974,556.98 | . **Does this amount include interest or other charges?**<br>**¿Este importe incluye intereses u otros cargos?**<br>☐ No / No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
| **¿Cuál es el importe de la reclamación?** | | |

---

**9. What is the basis of the claim?**

**¿Cuál es el fundamento de la reclamación?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

Money loaned and obligations under Reimbursement Agreement (see Exhibit A)

---

**10. Is all or part of the claim secured?**

**¿La reclamación está garantizada de manera total o parcial?**

☐ No / No
☒ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

**Nature of property / Naturaleza del bien:**
☐ Motor vehicle / Vehículos

☒ Other. Describe:
Otro. Describir:       See Exhibit A.

**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____

   See Exhibit A. _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.

**Value of property / Valor del bien:**      $ Undetermined.  See Exhibit A.

**Amount of the claim that is secured /**
**Importe de la reclamación que está garantizado:** $ Undetermined.  See Exhibit A.

**Amount of the claim that is unsecured /**
**Importe de la reclamación que no está garantizado:** $ Undetermined.  See Exhibit A.
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

**Amount necessary to cure any default as of the Petition Date /**
**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____
See Exhibit A.

**Annual Interest Rate** (on the Petition Date)
_Tasa de interés anual_ (cuando se presentó el caso) See Exhibit A. _____ %

☐ Fixed / Fija
☐ Variable / Variable

---

**11. Is this claim based on a lease?**

**¿Esta reclamación está basada en un arrendamiento?**

☒ No / No
☐ Yes. **Amount necessary to cure any default as of the Petition Date.**
Sí. **Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso** $ _____

---

HTA_CONF 00011952

| 12. **Is this claim subject to a right of setoff?**<br><br>**¿La reclamación está sujeta a un derecho de compensación?** | ☒ No / No<br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>**¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.?** | ☒ No / No<br>☐ Yes. **Indicate e. Attach documentation supporting such claim.**<br><br>Sí. **Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación.**       $ _____ |

---

## Part 3 / Parte 3:    Sign Below / Firmar a continuación

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**<br><br>Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma. | *Check the appropriate box / Marque la casilla correspondiente:*<br><br>☐ I am the creditor. / Soy el acreedor.<br>☒ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.<br><br>I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.<br><br>Executed on date / Ejecutado el   06/28/2018      (MM/DD/YYYY) / (DD/MM/AAAA)<br><br>Signature / Firma _____<br><br>**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:** |

Name        Zachary H. Smith
            First name / Primer nombre        Middle name / Segundo nombre        Last name / Apellido

Title / Cargo    Partner

Company / Compañía Moore & Van Allen PLLC
            Identify the corporate servicer as the company if the authorized agent is a servicer.
            Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección   100 North Tryon St., Suite 4700
            Number / Número        Street / Calle

            Charlotte                              NC              28202
            City / Ciudad                          State / Estado  ZIP Code / Código postal

Contact phone / Teléfono de contacto 704-331-1046        Email / Correo electrónico zacharysmith@mvalaw.com

HTA_CONF 00011953

**VIA OVERNIGHT DELIVERY**

**Moore&VanAllen**

**Gabriel L. Mathless**
Attorney at Law

June 28, 2018

T 704 331 1198
F 704 378 1968
gabrielmathless@mvalaw.com

Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Moore & Van Allen PLLC

Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003

**RE:** *In re Puerto Rico Highways and Transportation Authority; Case No. 17-bk-03567*

Dear Sir or Madam:

Enclosed for filing in the above-referenced proceeding are two originals of the amended proof of claim of the Government Development Bank for Puerto Rico (the "GDB").

Please return a file-stamped copy of the GDB proof of claim in the enclosed self-addressed envelope. Please contact me at 704-331-1198 with any questions. Thank you for your assistance.

Sincerely,

MOORE & VAN ALLEN PLLC

Gabriel L. Mathless

Enclosures

Charlotte, NC
Research Triangle Park, NC
Charleston, SC

# Instructions for Proof of Claim

United States Bankruptcy Court                                                           12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

### How to fill out this form

- **Fill in all of the information about the claim as of the petition date.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

### Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

HTA_CONF 00011955

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the petition date, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the petition date. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

---

**Do not file these instructions with your form**

---

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

HTA_CONF 00011956

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                    12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

- **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

- **Complete el título en la parte superior del formulario.**

- **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

- **Adjunte cualquier documento de respaldo a este formulario.**
  Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página).

  También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

- **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

- **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

- **El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

- **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.
Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 § 501 del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anterioresa la fecha en la que se presentó el caso , en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

**Prueba de pasos adicionales**: La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado**: El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, limite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación**: Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información**: Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud el Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo, existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación**: Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre la cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de sus reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

## Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

> ## No presente estas instrucciones con su formulario

## Exhibit A

**Addendum to Amended and Restated Proof of Claim
of the Government Development Bank for Puerto Rico**

HTA_CONF 00011959

This proof of claim (the "Restated GDB Proof of Claim") amends and restates that certain proof of claim (the "Original Proof of Claim") of the Government Development Bank for Puerto Rico ("GDB"), which was filed against the Puerto Rico Highways and Transportation Authority ("HTA") on May 25, 2018 as Claim No. 29533 in accordance with Rule 3001 of the Federal Rules of Bankruptcy Procedure and the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof,* entered by the United States District Court for the District of Puerto Rico on February 15, 2018 [Commonwealth Title III Docket No. 2521] (the "Bar Date Order").

As described in more detail below, the GDB's claims against HTA arise in connection with (i) twenty-three (23) separate secured financings made by GDB to HTA (collectively, the "HTA Loans") on various dates prior to the commencement by HTA on May 21, 2017 (the "Commencement Date") of a case under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); (ii) one (1) bond issuance by HTA under Resolution No. 98-06, adopted by HTA on February 26, 1998 (as amended and supplemented from time to time, the "1998 Resolution"), certain bonds of which are held by GDB (the "HTA Bonds"); and (iii) a certain Reimbursement Agreement, dated as of July 13, 2010 (as amended, supplemented or otherwise modified from time to time, the "Reimbursement Agreement"), between GDB and HTA and certain other documentation relating thereto as described below.

Documents evidencing the HTA Loans and the HTA Bonds are summarized on Schedule 1 to this addendum, and the documents evidencing the obligations of HTA to GDB pursuant to the Reimbursement Documents (as defined below) are described below (collectively, with the documents identified on Schedule 1 to this Addendum, the "GDB Claim Documents"). The GDB Claim Documents are voluminous and therefore, pursuant to Section 12 of the Bar Date Order, are not included in this GDB Proof of Claim and may be requested by contacting counsel for GDB at the contact information provided below.

### *HTA Loans*

As of the Commencement Date, HTA was indebted to GDB in respect of the HTA Loans in the aggregate amount of $2,154,088,188.26, as more fully set forth below:

| Loan ID | Principal | Interest[1] | Total |
|---------|-----------|-------------|-------|
| 200079-215142 | $134,494,228.11 | $40,035,295.00 | $174,529,523.11 |
| 200079-215143 | $122,158,601.79 | $37,447,948.59 | $159,606,550.38 |
| 200079-215147 | $400,000,000.00 | $131,243,351.64 | $531,243,351.64 |
| 200079-215148 | $111,000,000.00 | $36,725,006.88 | $147,725,006.88 |
| 200079-215149 | $16,422,151.84 | $4,823,345.01 | $21,245,496.85 |
| 200079-2151410 | $37,900,000.00 | $12,402,805.67 | $50,302,805.67 |
| 200079-2151411 | $2,686,850.02 | $789,156.17 | $3,476,006.19 |
| 200079-2151412 | $62,027,259.80 | $18,208,623.75 | $80,235,883.55 |
| 200079-2151413 | $115,440,889.93 | $22,793,180.33 | $138,234,070.26 |

---

[1] All interest rates associated with the HTA Loans are variable interest rates as set forth in the applicable supporting documentation.

1

HTA_CONF 00011960

| Loan ID | Principal | Interest[1] | Total |
|---|---|---|---|
| 200079-2151414 | $197,845,162.37 | $14,781,307.57 | $212,626,469.94 |
| 200079-2151415 | $40,539,864.87 | $3,020,219.93 | $43,560,084.80 |
| 200079-2151416 | $87,174,596.38 | $6,494,507.41 | $93,669,103.79 |
| 200079-2151417 | $4,771,605.63 | $355,484.65 | $5,127,090.28 |
| 200079-2151418 | $16,252,489.00 | $1,210,810.38 | $17,463,299.38 |
| 200079-2151419 | $26,654,079.03 | $1,985,728.90 | $28,639,807.93 |
| 200079-2151420 | $21,791,245.00 | $1,623,447.74 | $23,414,692.74 |
| 200079-2151422 | $167,048,225.02 | $50,689,289.54 | $217,737,514.56 |
| 200079-2151423 | $4,556,604.14 | $1,217,818.65 | $5,774,422.79 |
| 200079-2151424 | $49,325,000.00 | $14,476,933.01 | $63,801,933.01 |
| 200079-2151426 | $9,869,606.01 | $2,326,244.35 | $12,195,850.36 |
| 200079-2151427 | $32,612,861.79 | $2,429,658.24 | $35,042,520.03 |
| 200079-2151428 | $59,048,507.33 | $13,130,075.92 | $72,178,583.25 |
| 200079-2151429 | $14,077,671.14 | $2,180,449.75 | $16,258,120.89 |
| **TOTAL** | **$1,733,697,499.20** | **$420,390,689.06** | **$2,154,088,188.26** |

Pursuant to that certain Assignment and Security Agreement dated as of August 28, 2013, by and between HTA and GDB, as amended, supplemented or otherwise modified from time to time (the "Security Agreement"), HTA assigned, pledged and granted GDB, as security for the prompt and complete payment and performance when due of all indebtedness, obligations and liabilities of HTA to GDB, a continuing security interest in all of the right, title and interest of HTA in the revenues allocated to it by Acts No. 30-2013 and 31-2013, approved by the Legislature of the Commonwealth of Puerto Rico on June 25, 2013, whether presently held or hereafter acquired and wherever located (the "HTA Loan Collateral"). To perfect its security interests in the HTA Loan Collateral, GDB filed that certain financing statement on August 29, 2013 with the Puerto Rico State Department against HTA in favor of GDB and bearing File # 2013004677.

### *HTA Bonds*

As of the Commencement Date, HTA was indebted to GDB in respect of the HTA Bonds in the amount of $201,886,368.72, which is comprised of $200,000,000 in principal and $1,886,368.72 in interest.[2]

The HTA Bonds are secured by: (i) the HTA Loan Collateral pursuant to the Security Agreement; (ii) all excise taxes on crude oil, unfinished oil and derivative products, up to $120 million each fiscal year, imposed by the Commonwealth and allocated to HTA by Act No. 34-1997, as amended; (iii) the tolls and other charges imposed by HTA for the use of toll facilities (other than tolls collected on existing toll highways financed with bonds issued by HTA under Resolution No. 68-18, adopted June 13, 1968 (as amended and supplemented from time to time, the "1968 Resolution") prior to the repeal and cancelation of the 1968 Resolution); (iv) the proceeds of any other taxes, fees or charges allocated by the Legislative Assembly to HTA and pledged for the payment of the HTA Bonds; (v) investment earnings on deposits to the credit of

---

[2] Interest on the HTA Bonds is calculated at a variable interest rate in accordance with the applicable supporting documentation.

2

HTA_CONF 00011961

funds and accounts established under the 1998 Resolution, except for the 1998 Construction Fund (as defined in the 1998 Resolution); and (vi) prior to the repeal and cancellation of the 1968 Resolution, any unencumbered 1968 Resolution Revenues (as defined in the 1968 Resolution) remaining on deposit in the 1968 Construction Fund (as defined in the 1968 Resolution) after payment or provision for payment of debt service on bonds issued by HTA under the 1968 Resolution, and after said repeal and cancellation, all 1968 Resolution Revenues.

### *Reimbursement Agreement*

GDB and Siemens Transportation Partnership Puerto Rico, S.E ("Siemens") are parties to that certain Guaranty Agreement, dated as of July 13, 2010 (as amended, supplemented or otherwise modified from time to time, the "GDB Guaranty"), pursuant to which GDB guaranteed certain obligations of HTA to Siemens under that certain Settlement Agreement, dated as of May 28, 2010, among HTA, Siemens, Alternate Concepts, Inc. and J.R. Requena & Associates (the "Settlement Agreement"). In addition, GDB and HTA are parties to that certain Reimbursement Agreement, dated as of July 13, 2010 (as amended, supplemented or otherwise modified from time to time, the "Reimbursement Agreement"), pursuant to which HTA agreed to: (i) reimburse GDB for all disbursements of funds made by GDB under the GDB Guaranty and any and all charges and expenses, including reasonable transaction fees, incurred by GDB in connection with any such disbursement; and (ii) pay GDB interest on any unreimbursed disbursements made by GDB pursuant to the GDB Guaranty at a rate equal to the Prime Rate plus 150 basis points (clauses (i) and (ii), collectively, the "Reimbursement Obligations"). Section 14 of the Reimbursement Agreement requires HTA to indemnify and hold GDB free and harmless from and against any and all actions, causes of action, suits, losses, costs, liabilities, damages and expenses incurred by GDB arising out of or relating to the GDB Guaranty or the Related Documents (as defined in the Reimbursement Agreement, which include the Reimbursement Agreement, the Settlement Agreement the Loan Agreement and Promissory Note evidencing HTA Loan No. 200079-2151412 and all other agreements or instruments relating thereto or otherwise executed and delivered by any party in connection with the GDB Guaranty (collectively with the GDB Guaranty, the "Reimbursement Documents") (such indemnification obligations, the "Indemnification Obligations").

GDB holds contingent claims against HTA for all unliquidated or otherwise contingent Reimbursement Obligations and Indemnification Obligations under the Reimbursement Agreement. All Reimbursement Obligations and Indemnification Obligations are secured by the HTA Collateral pursuant to the Security Agreement.

### *GDB's Aggregate Liquidated Claim*

As of the Commencement Date, HTA is indebted to GDB in respect of the HTA Loans and the HTA Bonds in the aggregate amount of $2,355,974,556.98 ($2,154,088,188.26 + $201,886,368.72).

CHAR2\2033385v3

## *Reservation of Rights*

GDB reserves the right to (i) amend and supplement this claim and/or to file additional proofs of claim for additional claims if GDB should deem it necessary and appropriate for any reason, including, without limitation, to provide an updated statement of amount due or for any other purpose for which a proof of claim filed in this case may be amended, including, inter alia, claims for administrative expenses or other claims entitled to priority; (ii) seek, receive and retain adequate protection; and (iii) seek allowance of postpetition interest, attorneys' fees, expenses and other charges allowable under the GDB Claim Documents with respect to its claim.

GDB reserves all of its respective rights and claims against the Debtor, including, without limitation, the right to assert all defenses and counterclaims available to it under applicable law and to assert rights of reimbursement, indemnification and setoff, as applicable.

Counsel for the GDB specifically requests that a copy of any objection to this claim, any request for further documentation, or any action by the Debtor or any other party-in-interest to estimate or disallow this claim for any purpose be sent to the GDB's counsel at the following address:  Moore & Van Allen PLLC, Attn: Zachary H. Smith, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202-4003.

The filing of this Proof of Claim shall not constitute: (i) a waiver or release of any rights of GDB against the Debtor or any other person or any property in which GDB has an interest; (ii) an admission of any kind by GDB; (iii) an election of remedies; or (iv) a waiver, consent or release by the GDB of any other rights, claims, actions, defenses, setoffs or recoupments to which it is or may be entitled under agreements in law, in equity or otherwise, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

*[End of Addendum]*

CHAR2\2033385v3

HTA_CONF 00011963

## SCHEDULE 1

### Summary of Documents Supporting the GDB Proof of Claim

1.   Documents evidencing HTA Loans:

    a.   *Loan No. 200079-215142.*

        i.   Loan Agreement dated as of March 19, 2008, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of October 30, 2009, that certain Second Amendment to Loan Agreement dated as of October 8, 2010, that certain Third Amendment to Loan Agreement dated as of May 19, 2011, that certain Fourth Amendment to Loan Agreement dated as of July 6, 2012, that certain Fifth Amendment to Loan Agreement dated as of February 14, 2013, that certain Sixth Amendment to Loan Agreement dated on or about February 4, 2014 and as further amended, supplemented or otherwise modified from time to time.

        ii.   Promissory Note dated as of June 30, 2009 in the original principal amount of $140,000,000, executed by HTA in favor of GDB, including that certain Fourth Allonge to Promissory Note dated as of July 6, 2012 that increased the principal amount of the Promissory Note to $151,231,756.83 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

    b.   *Loan No. 200079-215143.*

        i.   Loan Agreement dated as of August 6, 2008, by and between HTA and GDB, as amended or amended and restated by that certain First Amendment to Loan Agreement dated as of September 30, 2008, that certain Second Amendment to Loan Agreement dated as of September 30, 2008, that certain Third Amendment to Loan Agreement dated as of October 16, 2008, that certain Amended and  Restated Loan Agreement dated as of October 30, 2009, that certain First Amendment to Amended and Restated Loan Agreement dated on or about October 8, 2010, Second Amendment to Amended and Restated Loan Agreement dated as of May 19, 2011, that certain Third Amendment to Amended and Restated Loan Agreement dated as of July 6, 2012, that certain Fourth Amendment to Amended and Restated Loan Agreement dated as of February 14, 2013, that certain Fifth Amendment to Amended and Restated Loan Agreement dated on or about February 4, 2014 and as further amended, supplemented or otherwise modified from time to time.

        ii.   Promissory Note in the original principal amount of $147,113,000, executed by HTA in favor of GDB on August 6, 2008, including that certain Fourth Allonge to Promissory Note dated as of July 6, 2012 that increased the principal amount of the Promissory Note to $156,907,923.71 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

CHAR2\2033385v3

HTA_CONF 00011964

c.   *Loan No. 200079-215147.*

    i.   Loan Agreement dated as of October 30, 2009, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of December 21, 2009, that certain Second Amendment to Loan Agreement dated as of September 2, 2011, that certain Third Amendment to Loan Agreement dated as of February 14, 2013, that certain Fourth Amendment to Loan Agreement dated on or about February 4, 2014 and as further amended, supplemented or otherwise modified from time to time.

    ii.   Promissory Note in the original principal amount of $100,000,000, executed by HTA in favor of GDB on October 30, 2009, including that certain Second Allonge to Promissory Note dated as of September 2, 2011 that increased the principal amount of the Promissory Note to $477,624,333.50 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

d.   *Loan Nos. 200079-215148 and 200079-2151410*

    i.   Loan Agreement dated as of November 9, 2009, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated on or about September 2, 2011, that certain Second Amendment to Loan Agreement dated as of February 14, 2013, that certain Third Amendment to Loan Agreement dated on or about February 4, 2014 and as further amended, supplemented or otherwise modified from time to time.

    ii.   Promissory Note in the original principal amount of $148,900,000, executed by HTA in favor of GDB on November 9, 2009, including that certain First Allonge to Promissory Note dated as of September 2, 2011 that increased the principal amount of the Promissory Note to $172,928,422.74 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

e.   *Loan No. 200079-215149.*

    i.   Loan Agreement dated as of October 30, 2009, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of October 8, 2010, that certain Second Amendment to Loan Agreement dated as of May 19, 2011, that certain Third Amendment to Loan Agreement dated as of August 22, 2012, that certain Fourth Amendment to Loan Agreement dated as of May 6, 2013, that certain Fifth Amendment to Loan Agreement dated on or about February 4, 2014 and as further amended, supplemented or otherwise modified from time to time.

    ii.   Promissory Note in the original principal amount of $20,000,000, executed by HTA in favor of GDB on October 30, 2009, including that certain Third Allonge to Promissory Note dated as of August 20, 2012 that increased the principal amount of the Promissory Note to $21,505,982.71 and all other allonges

HTA_CONF 00011965

thereto, in each case as amended, supplemented or otherwise modified from time to time.

f. *Loan No. 200079-2151411.*

   i. Loan Agreement dated as of June 30, 2010, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of June 29, 2012, that certain Second Amendment to Loan Agreement dated as of May 6, 2013, that certain Third Amendment to Loan Agreement dated as of January 31, 2014 and as further amended, supplemented or otherwise modified from time to time.

   ii. Promissory Note in the original principal amount of $3,000,000, executed by HTA in favor of GDB on June 30, 2010, including that certain First Allonge to Promissory Note dated as of June 29, 2012 that increased the principal amount of the Promissory Note to $3,234,391.27 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

g. *Loan No. 200079-2151412.*

   i. Loan Agreement dated as of July 13, 2010, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of July 6, 2012, that certain Second Amendment to Loan Agreement dated as of May 6, 2013, that certain Third Amendment to Loan Agreement dated as of January 31, 2014 and as further amended, supplemented or otherwise modified from time to time.

   ii. Promissory Note in the original principal amount of $63,000,000, executed by HTA in favor of GDB on July 13, 2010, including that certain First Amendment to Promissory Note (Allonge) dated as of July 6, 2012 that increased the principal amount of the Promissory Note to $67,119,594.40 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

h. *Loan No. 200079-2151413.*

   i. Loan Agreement dated as of August 27, 2010, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of August 25, 2011, that certain Second Amendment to Loan Agreement dated as of September 27, 2011, that certain Third Amendment to Loan Agreement dated as of December 30, 2011, that certain Fourth Amendment to Loan Agreement dated as of December 28, 2012, that certain Fifth Amendment to Loan Agreement dated as of February 8, 2013, that certain Sixth Amendment to Loan Agreement dated as of January 31, 2014, that certain Seventh Amendment to Loan Agreement dated as of February 6, 2014, that certain Eighth Amendment to Loan Agreement dated as of February 18, 2014 and as further amended, supplemented or otherwise modified from time to time.

CHAR2\2033385v3

HTA_CONF 00011966

      ii.     Promissory Note in the original principal amount of $45,000,000, executed by HTA in favor of GDB on August 27, 2010, including that certain Fourth Allonge to Promissory Note dated December 28, 2012 that increased the principal amount of the Promissory Note to $147,011,799.88 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

i.     *Loan Nos. 200079-2151414, 200079-2151415, 200079-2151416, 200079-2151417, 200079-2151418, 200079-2151419 and 200079-2151420.*

      i.     Loan Agreement dated as of August 27, 2010, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of November 8, 2010, that certain Second Amendment to Loan Agreement dated as of February 14, 2011, that certain Third Amendment to Loan Agreement dated as of April 28, 2011, that certain Fourth Amendment to Loan Agreement dated as of May 17, 2011, that certain Fifth Amendment to Loan Agreement dated as of October 27, 2011, that certain Sixth Amendment to Loan Agreement dated as of March 19, 2012, that certain Seventh Amendment to Loan Agreement dated as of August 28, 2013, that certain Eighth Amendment to Loan Agreement dated as of October 17, 2013, that certain Ninth Amendment to Loan Agreement dated as of December 9, 2014 and as further amended, supplemented or otherwise modified from time to time.

      ii.     Promissory Note in the original principal amount of $70,937,649.25, executed by HTA in favor of GDB on August 27, 2010, including that certain Third Amendment to Promissory Note (Allonge) dated as of May 17, 2011 that increased the principal amount of the Promissory Note to $127,714,461.25 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

      iii.     Promissory Note in the original principal amount of $47,362,350.75, executed by HTA in favor of GDB on August 27, 2010, including that certain Second Amendment to Promissory Note (Allonge) dated as of February 14, 2011 that increased the principal amount of the Promissory Note to $206,213,756.75 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

      iv.     Promissory Note in the original principal amount of $7,350,000, executed by HTA in favor of GDB on November 8, 2010, including all allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

      v.     Promissory Note in the original principal amount of $24,000,000, executed by HTA in favor of GDB on April 28, 2011, including that certain Second Amendment to Promissory Note (Allonge) dated as of October 17, 2013 that increased the principal amount of the Promissory Note to $26,852,836 and all other allonges thereto,, in each case as amended, supplemented or otherwise modified from time to time.

4

HTA_CONF 00011967

vi. Promissory Note in the original principal amount of $4,700,000, executed by HTA in favor of GDB on April 28, 2011, including that certain First Amendment to Promissory Note (Allonge) dated as of May 17, 2011 that increased the principal amount of the Promissory Note to $16,252,489 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

vii. Promissory Note in the original principal amount of $21,791,245, executed by HTA in favor of GDB on May 17, 2011, including all allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

j. *Loan Nos. 200079-2151422 and 200079-2151423.*

i. Contrato de Prestamo dated as of October 27, 2011, by and between HTA and GDB, as amended by that certain Primera Enmienda A Contrato De Prestamo dated as of March 5, 2012, that certain Segunda Enmienda A Contrato De Prestamo dated as of March 9, 2012, that certain Tercera Enmienda A Contrato De Prestamo dated as of August 28, 2013, that certain Cuarta Enmienda A Contrato De Prestamo dated as of December 9, 2014 and as further amended, supplemented or otherwise modified from time to time.

ii. Pagare in the original principal amount of $59,722,346, executed by HTA in favor of GDB on October 27, 2011, including that certain Primera Enmienda A Pagare (Allonge) dated as of March 5, 2012 that increased the principal amount of the Pagare to $185,281,724.19 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

iii. Pagare in the original principal amount of $11,397,243, executed by HTA in favor of GDB on October 27, 2011, including that certain Primera Enmienda A Pagare (Allonge) dated as of March 5, 2012 that increased the principal amount of the Pagare to $12,440,090.81 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

k. *Loan No. 200079-2151424.*

i. Contrato de Prestamo dated as of November 29, 2011, by and between HTA and GDB, as amended by that certain Primera Enmienda A Contrato De Prestamo dated as of February 28, 2012, that certain Segunda Enmienda A Contrato De Prestamo dated as of June 12, 2012, that certain Tercera Enmienda A Contrato De Prestamo dated as of July 6, 2012, that certain Cuarta Enmienda A Contrato De Prestamo dated as of March 13, 2013, that certain Quinta Enmienda A Contrato De Prestamo dated as of January 31, 2014 and as further amended, supplemented or otherwise modified from time to time.

ii. Pagare in the original principal amount of $49,325,000, executed by HTA in favor of GDB on November 29, 2011, and all allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

5

HTA_CONF 00011968

l.     *Loan No. 200079-2151426.*

    i.     Contrato de Prestamo dated as of September 6, 2012, by and between HTA and GDB, as amended by that certain Primera Enmienda A Contrato De Prestamo dated as of March 13, 2013, that certain Segunda Enmienda A Contrato De Prestamo dated as of September 10, 2013, that certain Tercera Enmienda A Contrato De Prestamo dated as of January 31, 2014 and as further amended, supplemented or otherwise modified from time to time.

    ii.    Pagare in the original principal amount of $33,960,000, executed by HTA in favor of GDB on September 6, 2012, including that certain Segunda Enmienda A Pagare (Allonge) dated as of September 10, 2013 that reduced the principal amount of the Pagare to $10,536,362.50 and all other allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

m.    *Loan No. 200079-2151427.*

    i.     Contrato de Prestamo dated as of February 28, 2013, by and between HTA and GDB, as amended by that certain Primera Enmienda A Contrato De Prestamo dated as of January 31, 2014 and as further amended, supplemented or otherwise modified from time to time.

    ii.    Pagare in the original principal amount of $33,189,996, executed by HTA in favor of GDB on February 28, 2013, and all allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

n.     *Loan No. 200079-2151428.*

    i.     Loan Agreement dated as of August 28, 2013, by and between HTA and GDB, as amended by that certain First Amendment to Loan Agreement dated as of January 31, 2014 and as further amended, supplemented or otherwise modified from time to time.

    ii.    Promissory Note in the original principal amount of $61,830,000, executed by HTA in favor of GDB on August 28, 2013, including all allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

o.     *Loan No. 200079-2151429.*

    i.     Contrato de Prestamo dated as of January 16, 2014, by and between HTA and GDB, as amended, supplemented or otherwise modified from time to time.

    ii.    Pagare in the original principal amount of $15,000,000, executed by HTA in favor of GDB on January 16, 2014, and all allonges thereto, in each case as amended, supplemented or otherwise modified from time to time.

p.     *Security Documents for HTA Loans.*

CHAR2\2033385v3

HTA_CONF 00011969

        i.      Assignment and Security Agreement dated as of August 28, 2013, by and between HTA and GDB, as amended, supplemented or otherwise modified from time to time.

        ii.     That certain financing statement filed with the Puerto Rico State Department on August 29, 2013 against HTA in favor of GDB and bearing File # 2013004677.

2.   GDB Claim Documents evidencing HTA Bonds:

     a.     Puerto Rico Highways and Transportation Authority Transportation Revenue Bonds (Series A), dated February 15, 1998, as amended, supplemented or otherwise modified from time to time.

     b.     Remarketing Circular $200,000 Variable Rate Bonds Puerto Rico Highways and Transportation Authority Transportation Revenue Bonds (Series A), dated on or about May 27, 2008 and executed by the HTA, as supplemented by that certain First Supplement to Remarketing Circular $200,000 Variable Rate Bonds Puerto Rico Highways and Transportation Authority Transportation Revenue Bonds (Series A) dated on or about June 3, 2008 and as further amended, supplemented or otherwise modified from time to time.

CHAR2\2033385v3

HTA_CONF 00011970

https://www.campusship.ups.com/cship/create?ActionOriginPair=default\_\_PrintWindow....   6/28/2018

0.0 LBS   LTR   1 OF 1

704-331-2341
MOORE AND VAN ALLEN
100 N TRYON ST SUITE 4700
CHARLOTTE NC 28202

**SHIP TO:**
C/O PRIME CLERK LLC
COMMOWNWEALTH OF PR CLAIMS PROCESSI
850 THIRD AVENUE, SUITE 412
**BROOKLYN NY 11232-1523**

 

NY 112 9-01

**UPS NEXT DAY AIR**
TRACKING #: 1Z 7X1 075 01 9347 0493

1



BILLING: P/P

Client Matter Number: 043686.000001

CS 20.0.42   WNTIE70 99.0A 04/2018

RECEIVED

JUN 2 9 2018

Prime Clerk LLC

HTA_CONF 00011971

Prime Clerk LLC
(844) 822-9231 PRClaimsInfo@primeclerk.com

RECEIVED

FEB 25 2019

PRIME CLERK LLC

*** Response Required ***

PROMESA PROOF OF CLAIM NUMBER: **151149**
Claimant Name:  **Government Development Bank of Puerto Rico**

**Please complete and return this form on or before February 22, 2019,** via email to
PRClaimsInfo@primeclerk.com **OR** by mail, hand delivery, or overnight mail to the following address:

Commonwealth of Puerto Rico Supplemental Information Processing Center
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

All supplemental information which you provide will be appended to your claim and appear on the
official claims register.

BASIS OF CLAIM:

x   Ownership of Bonds
X   Other (describe):
Money loaned and bonds (See Exhibit A)

FOR OWNERSHIP OF BONDS:

Bonds' CUSIP Numbers and amount claimer per CUSIP (if more space is needed, please attach an
additional sheet):

| | CUSIP | Amount Claimed |
|---|---|---|
| 1 | 745190Y77 | $200,000,000.00 |
| 2 | | |
| 3 | | |
| 4 | | |

The total amount of your claim:

$232,021,917.36

To the extent you have any documentation in support of your claim, such as brokerage account
statements, please include those documents in your response.

FOR OTHER TYPE OF CLAIM:

The amount of your claim:

$2,300,700,063.92

Please describe the basis for your claim:

Money loaned

To the extent you have any documentation in support of your claim, please include those documents in
your response.       See Exhibit A

HTA_CONF 00011972

\*\*\*CUST Puerto Rico 1845 SRF 30338 PackID: 922 MMLID: 1970504 Svc: Bond - 151149
Government Development Bank of Puerto Rico
Moore & Van Allen PLLC, c/o Zachary H. Smith
100 North Tryon St., Suite 4700
Charlotte NC 28202

If you have questions about this notice, please call (844) 822-9231 (US toll free), (646) 486-7944 (international), email PuertoRicoInfo@primeclerk.com, or visit https://cases.primeclerk.com/puertorico

Si tiene preguntas acerca de este aviso, llame al (844) 822-9231 (local), (646) 486-7944 (internacional), envíe un correo electrónico a PuertoRicoInfo@PrimeClerk.com, o visite https://cases.primeclerk.com /puertorico

HTA_CONF 00011973

Exhibit A

| # | LOAN ID | PRINCIPAL |
|---|---------|-----------|
| 1 | Proof of Claim No. 200079-215147 equivalent to GDB Account No. 20007921500100407 | $400,000,000.00 |
| 2 | Proof of Claim No. 200079-2151424 equivalent to GDB Account No. 20007921500100424 | $49,325,000.00 |
| 3 | Proof of Claim No. 200079-2151411 equivalent to GDB Account No. 20007921500100411 | $2,686,850.02 |
| 4 | Proof of Claim No. 200079-2151426 equivalent to GDB Account No. 20007921500100426 | $9,869,606.01 |
| 5 | Proof of Claim No. 200079-2151429 equivalent to GDB Account No. 20007921500100429 | $14,077,671.14 |
| 6 | Proof of Claim No. 200079-2151427 equivalent to GDB Account No. 20007921500100427 | $32,612,861.79 |
| 7 | Proof of Claim No. 200079-2151428 equivalent to GDB Account No.20007921500100428 | $59,048,507.33 |
| 8 | Proof of Claim No. 200079-2151412 equivalent to GDB Account No. 20007921500100412 | $62,027,259.80 |
| 9 | Proof of Claim No. 200079-2151413 equivalent to GDB Account No. 20007921500100413 | $115,440,889.93 |
| 10 | Proof of Claim No. 200079-215148 equivalent to GDB Account No. 20007921500100408 | $111,000,000 |
| 11 | Proof of Claim No. 200079-2151410 equivalent to GDB Account No. 20007921500100410 | $37,900,000 |
| 11 | Proof of Claim No. 200079-2151423 equivalent to GDB Account No. 20007921500100423 | $4,556,604.14 |
| 12 | Proof of Claim No. 200079-2151414 equivalent to GDB Account No: 20007921500100414 | $197,845,162.37 |
| 13 | Proof of Claim No.200079-2151415 equivalent to GDB Account No: 20007921500100415 | $40,539,865.87 |
| 14 | Proof of Claim No.200079-2151416 equivalent to GDB Account No: 20007921500100416 | $87,174,596.38 |
| 15 | Proof of Claim No. 200079-2151417 equivalent to GDB Account No: 20007921500100417 | $4,771,606.63 |
| 16 | Proof of Claim No. 200079-2151418 equivalent to GDB Account No: 20007921500100418 | $16,252,489 |
| 17 | Proof of Claim No. 200079-2151419 equivalent to GDB Account No: 20007921500100419 | $26,654,079.03 |
| 18 | Proof of Claim No.200079-2151420 equivalent to GDB Account No: 20007921500100420 | $21,791,245 |
| 19 | Proof of Claim No. 200079-215142 equivalent to GDB Account No. 20007921500100402 | $134,494,228.11 |
| 20 | Proof of Claim No. 200079-215143 equivalent to GDB  Account No. 20007921500100403 | $122,158,601.79 |
| 21 | Proof of Claim No. 200079-215149 equivalent to GDB Account No. 20007921500100409 | $16,422,151.84 |
| 22 | Proof of Claim No. 200079-2151422 equivalent to GDB Account No. 20007921500100422 | $167,048,225.02 |

SRF 30338

CUSIP

Prime Clerk LLC
Commonwealth of Puerto Rico Supplemental Information Processing Center
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
T: (844) 822-9231
PRClaimsInfo@primeclerk.com

*** **Response Required** ***

January 23, 2019

Re:   PROMESA Proof of Claim
      In re Commonwealth of Puerto Rico, Case No. 17-03283
      United States District Court for the District of Puerto Rico

Dear Sir or Madam:

THIS LETTER RELATES TO A PROOF OF CLAIM YOU FILED AGAINST THE
GOVERNMENT OF PUERTO RICO IN ITS PROCEEDINGS UNDER PROMESA.

PLEASE READ THIS LETTER CAREFULLY AND RESPOND IN ACCORDANCE WITH
THE INSTRUCTIONS BELOW.

FAILURE TO RESPOND TO THIS NOTICE MAY RESULT IN LEGAL ACTION TO
FULLY OR PARTIALLY DISALLOW YOUR CLAIM.

Prime Clerk maintains the Court's official claims register in the PROMESA cases and is
reaching out to you at this time to obtain important additional information about your claim,
docketed at Claim Number 151149 (viewable on Prime Clerk's website at:
https://cases.primeclerk.com/puertorico/Home-ClaimInfo). Specifically, Prime Clerk is reaching
out to you because, although you indicated on your claim that your claim was filed in connection
with your ownership of and/or interest in bonds issued by the Government of Puerto Rico or one
of its affiliated debtors (the "Debtors"), you did not provide the Debtors with enough
information or documentation to assess the basis or validity of your claim. For this reason, the
Debtors are requesting that you **respond to this letter on or before February 22, 2019**, by
completing the attached form (in English or Spanish) and providing the following information
and documents:

- The bonds' CUSIP Number(s);
- The amount claimed per CUSIP;
- The total dollar amount of your claim; and
- To the extent you have any documentation in support of your claim, such as brokerage
  account statements, please include those documents in your response.

If your claim does not relate to your ownership of or interest in bonds, please provide
information and documentation detailing the basis for and amount of your claim.

You may respond to this letter with the requested information and documentation via email to PRClaimsInfo@primeclerk.com **OR** by mail, hand delivery or overnight mail to the following address:

> Commonwealth of Puerto Rico Supplemental Information Processing Center
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

All supplemental information which you provide will be appended to your claim and appear on the official claims register. Failure to respond to this notice may result in legal action to fully or partially disallow your claim.

If you have any questions about this letter or your claim, please call: 844-822-9231 or email PRClaimsInfo@primeclerk.com.

PLEASE NOTE: Prime Clerk LLC is the claims and noticing agent in the government of Puerto Rico's cases, brought pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act. As such, we cannot provide legal or financial advice.

Thank you.

Prime Clerk

Extremely Urgent

For FedEx Express® Shipments Only

ld be compatible with the
packed securely. For
and conditions and our
y, refer to the applicable
shipping document, the
ice Guide, or conditions

. on FedEx Express
nd shipping
ex.com, or contact
location.

6 REV 9/13

Helping the environment.

ORIGIN ID:SIGA (787) 759-9292
NAYUAN ZOUAIRABANI
MCCONNEL VALDES
270 MUNOZ RIVERA AVE 7TH FLOOR

HATO REY, PR 00918
UNITED STATES, US

Ship Date: 21FEB19
ActWgt: 0.15 LB
CAD: 0764145/CAFE3210

BILL SENDER
EIN/VAT:

TO   COMMONWEALTH OF PR ,SUPPLEMENTAL        (787) 250-5619
     IFORMATION PROCESSING CENTER
     850 3 RD AVENUE ,SUITE 412

FedEx
Express

BROOKLYN, NY 11232                    (US)        E

                                      AWB



XA FBTA

PKG TYPE: ENV

TRK# 4595 6067 7867   Form
                      0430

FRI — 22 FEB 10:30A
INTL PRIORITY
REF: 09997-3318 N2T
DESC1:Legal Documents
DESC2:
DESC3:
DESC4:
EEI: NO EEI 30.37(a)



COUNTRY MFG: US                  SIGN: NAYUAN ZOUAIRABANI
CARRIAGE VALUE: 0.00 USD         T/C: S ********
CUSTOMS VALUE: 0.00 USD          D/T: 0

The Montreal or Warsaw Convention may apply and will govern and in most
cases limit the liability of Federal Express for loss or delay of or
damage to your shipment. Subject to the conditions of the
contract on the reverse.

FEDEX AWB COPY — PLEASE PLACE IN POUCH





earthsmart

FedEx carbon-neutral
envelope shipping

FedEx Express

McConnell
Valdés LLC

PO Box 364225
San Juan, Puerto Rico 00936

NZT(3318)
09997-3318
Amerinat

COMMONWEALTH OF PR
SUPPLEMENTAL INFORMATION
PROCESSING CENTER
850 3RD AVENUE, SUITE 412
BROOKLYN NY 11232

Align top of FedEx Express® shipping

ORIGIN ID:SIGA (787) 759-9292
NAYUAN ZOUAIRABANI
MCCONNEL VALDES
270 MUNOZ RIVERA AVE 7TH FLOOR

HATO REY, PR 00918
UNITED STATES US

SHIP DATE: 21FEB19
ACTWGT: 0.15 LB
CAD: 0764145/CAFE3210

BILL SENDER
NO FEI 30.37(a)

TO COMMONWEALTH OF PR ,SUPPLEMENTAL
IFORMATION PROCESSING CENTER
850 3 RD AVENUE ,SUITE 412

BROOKLYN NY 11232                    (US)
(787) 260-6619
REF: 09997 - 3318 NZT

FedEx
Express

E

TRK# 4595 6067 7867
0430

FRI – 22 FEB 10:30A
INTL PRIORITY

RECEIVED

XA FBTA

FEB 25 2019

PRIME CLERK LLC

11232
EWR
NY-US



HTA_CONF 00011978