# Debtor's Ex. 36

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

RECEIVED
JUN 27 2018
PRIME CLERK LLC

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☒ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantía. **No adjunte documentos originales**, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?**<br><br>¿Quién es el acreedor actual? | Ambac Assurance Corporation<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>Other names the creditor used with the debtor   Ambac Indemnity Corporation<br>Otros nombres que el acreedor usó con el deudor |

**Claim Number: 107643**



170328380021329

Proof of Claim



Date Stamped Copy Returned
No Self-Addressed Stamped Envelope
No Copy Provided

page 1

HTA_CONF 00016191

| 2. | **Has this claim been acquired from someone else?**<br><br>**¿Esta reclamación se ha adquirido de otra persona?** | ☒ No / No<br>☐ Yes. From whom?<br>  Sí. ¿De quién? _____ |
|---|---|---|

| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g |
|---|---|

**Where should notices to the creditor be sent?**
**¿A dónde deberían enviarse las notificaciones al acreedor?**

Ambac Assurance Corporation
One State Street Plaza
New York, NY 10004

212-658-7470
Contact phone / Teléfono de contacto

DBarranco@ambac.com
Contact email / Correo electrónico de contacto

**Where should payments to the creditor be sent?** (if different)
**¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente)

Contact phone / Teléfono de contacto

Contact email / Correo electrónico de contacto

| 4. | **Does this claim amend one already filed?**<br><br>**¿Esta reclamación es una enmienda de otra presentada anteriormente?** | ☐ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>  Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>  Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) |
|---|---|---|

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>**¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?** | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>  Sí. ¿Quién hizo la reclamación anterior?_____ |
|---|---|---|

**Part 2 / Parte 2:**   **Give Information About the Claim as of the Petition Date**
**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| 6. | **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>**¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?** | ☐ No / No<br>☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>  Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>  See Annex |
|---|---|---|

| 7. | **Do you supply goods and / or services to the government?**<br><br>**¿Proporciona bienes y / o servicios al gobierno?** | ☐ No / No<br>☒ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>  Vendor / Contract Number \| Número de proveedor / contrato: ___See Annex___<br><br>  List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>  Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ ___See Annex___ |
|---|---|---|

HTA_CONF 00016192

| | |
|---|---|
| 8. **How much is the claim?**<br><br>¿Cuál es el importe de la reclamación? | $ See Annex _____ . **Does this amount include interest or other charges?**<br>¿**Este importe incluye intereses u otros cargos?**<br>☐ No / No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other<br>charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios,<br>gastos u otros cargos exigidos por la Norma de Quiebras<br>3001(c)(2)(A). |
| 9. **What is the basis of the claim?**<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>See Annex |
| 10. **Is all or part of the claim secured?**<br><br>¿La reclamación está garantizada de manera total o parcial? | ☐ No / No<br>☒ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☒ Other. Describe:<br>Otro. Describir:   See Annex _____<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:**<br>See Annex _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.<br><br>**Value of property / Valor del bien:**   $_____ See Annex<br><br>**Amount of the claim that is secured /**<br>**Importe de la reclamación que está garantizado:** $_____ See Annex<br><br>**Amount of the claim that is unsecured /**<br>**Importe de la reclamación que no está garantizado:**  $_____ See Annex<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :**<br>$_____ See Annex<br><br>**Annual Interest Rate** (on the Petition Date)<br>**Tasa de interés anual** (cuando se presentó el caso)_____%<br>☐ Fixed / Fija<br>☐ Variable / Variable |
| 11. **Is this claim based on a lease?**<br><br>¿Esta reclamación está basada en un arrendamiento? | ☒ No / No<br><br>☐ Yes. **Amount necessary to cure any default as of the Petition Date.**<br>Sí. **Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso**<br>$_____ |

HTA_CONF 00016193

| | |
|---|---|
| 12. **Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☐ No / No<br><br>☒ Yes. Identify the property /<br>Sí. Identifique el bien: <u>See Annex</u> _____ |

| | |
|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.   $_____<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

---

| **Part 3 / Parte 3:** | **Sign Below / Firmar a continuación** |
|---|---|
| The person completing this claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**<br><br>Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma. | *Check the appropriate box / Marque la casilla correspondiente:*<br><br>☒ I am the creditor. / Soy el acreedor.<br><br>☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.<br><br>I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto. |

**Signature:** *David Barranco*
David Barranco (Jun 26, 2018)

Signature / Firma_____  **Email:** dodonnell@milbank.com

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

| Name | David Barranco |
|---|---|
| | First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido |
| Title / Cargo | Senior Managing Director |
| Company / Compañía | Ambac Assurance Corporation |
| | Identify the corporate servicer as the company if the authorized agent is a servicer.<br>Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador. |
| Address / Dirección | One State Street Plaza |
| | Number / Número    Street / Calle |
| | New York                                        NY        10004 |
| | City / Ciudad                              State / Estado    ZIP Code / Código postal |
| Contact phone / Teléfono de contacto | 212-658-7470    Email / Correo electrónico DBarranco@ambac.com |

---

Modified Official Form 410 | **Proof of Claim** | page 4

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.
(attach below)

☐ I do **not** have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

HTA_CONF 00016195

# Instructions for Proof of Claim

United States Bankruptcy Court                                                   12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

## How to fill out this form

- **Fill in all of the information about the claim as of the petition date.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

HTA_CONF 00016196

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the petition date, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the petition date. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

---

**Do not file these instructions with your form**

---

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

HTA_CONF 00016197

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                                    12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

- **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

- **Complete el título en la parte superior del formulario.**

- **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

- **Adjunte cualquier documento de respaldo a este formulario.**
  Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página).

  También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

- **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

- **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

- **El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

- **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.
Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 §101 (5) del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anterioresa la fecha en la que se presentó el caso , en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

HTA_CONF 00016198

**Prueba de pasos adicionales:** La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado:** El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, limite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación:** Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información:** Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud el Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo, existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación:** Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre el cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de sus reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

## Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**No presente estas instrucciones con su formulario**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☑ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación    04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

**Quienes presenten la documentación deben omitir o editar** información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. **Who is the current creditor?**

   **¿Quién es el acreedor actual?**

   Ambac Assurance Corporation

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre del acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor    AMBAC Indemnity Corporation
   Otros nombres que el acreedor usó con el deudor _____

HTA_CONF 00016200

**2. Has this claim been acquired from someone else?**

¿Esta reclamación se ha adquirido de otra persona?

☑ No / No
☐ Yes. From whom?
    Sí. ¿De quién? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

| Where should notices to the creditor be sent? ¿A dónde deberían enviarse las notificaciones al acreedor? | | | Where should payments to the creditor be sent? (if different) ¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente) | | |
|---|---|---|---|---|---|
| Ambac Assurance Corporation | | | | | |
| Name / Nombre | | | Name / Nombre | | |
| One | State Street Plaza | | | | |
| Number / Número | Street / Calle | | Number / Número | Street / Calle | |
| New York | New York | 10004 | | | |
| City / Ciudad | State / Estado | ZIP Code / Código postal | City / Ciudad | State / Estado | ZIP Code / Código postal |
| +1 212-658-7470 | | | | | |
| Contact phone / Teléfono de contacto | | | Contact phone / Teléfono de contacto | | |
| DBarranco@ambac.com | | | | | |
| Contact email / Correo electrónico de contacto | | | Contact email / Correo electrónico de contacto | | |

**4. Does this claim amend one already filed?**

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☑ No / No
☐ Yes.  Claim number on court claims registry (if known)
    Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____
    Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☑ No / No
☐ Yes. Who made the earlier filing?
    Sí. ¿Quién hizo la reclamación anterior?_____

---

**Part 2 / Parte 2:** **Give Information About the Claim as of the Petition Date**

**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

**6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

☐ No / No
☑ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
   Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

   See Annex.

**7. Do you supply goods and / or services to the government?**

¿Proporciona bienes y / o servicios al gobierno?

☐ No / No
☑ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

   Vendor / Contract Number | Número de proveedor / contrato: See Annex.

   List any amounts due after the Petition Date (listed above) but before June 30, 2017:
   Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ See Annex.

---

HTA_CONF 00016201

8. **How much is the claim?**   $ See Annex.   . **Does this amount include interest or other charges?**
¿Este importe incluye intereses u otros cargos?

¿Cuál es el importe de la reclamación?

☐ No / No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

9. **What is the basis of the claim?**

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

See Annex.

10. **Is all or part of the claim secured?**

¿La reclamación está garantizada de manera total o parcial?

☐ No / No
☑ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

**Nature of property / Naturaleza del bien:**
☐ Motor vehicle / Vehículos

☑ Other. Describe:   See Annex.
Otro. Describir: _____

**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____
See Annex.

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)

**Value of property / Valor del bien:**   $ See Annex.

**Amount of the claim that is secured /**
Importe de la reclamación que está garantizado: $ See Annex.

**Amount of the claim that is unsecured /**
Importe de la reclamación que no está garantizado: $ See Annex.
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

**Amount necessary to cure any default as of the Petition Date /**
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____
See Annex.

**Annual Interest Rate** (on the Petition Date)
Tasa de interés anual (cuando se presentó el caso)_____ % See Annex.
☐ Fixed / Fija
☐ Variable / Variable

11. **Is this claim based on a lease?**

¿Esta reclamación está basada en un arrendamiento?

☑ No / No

☐ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____

HTA_CONF 00016202

| | |
|---|---|
| **12. Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☐ No / No<br>☑ Yes. Identify the property /<br>    Sí. Identifique el bien:  See Annex. |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☑ No / No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received    $_____<br>by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

| **Part 3 / Parte 3:** | **Sign Below / Firmar a continuación** |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☑ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   *06/25/2015*   (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

| Name | David | | Barranco |
|---|---|---|---|
| | First name / Primer nombre | Middle name / Segundo nombre | Last name / Apellido |

Title / Cargo   Senior Managing Director

Company / Compañía   Ambac Assurance Corporation

Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

| Address / Dirección | One | State Street Plaza | |
|---|---|---|---|
| | Number / Número | Street / Calle | |
| | New York | New York | 10004 |
| | City / Ciudad | State / Estado | ZIP Code / Código postal |

Contact phone / Teléfono de contacto +1 212-658-7470    Email / Correo electrónico DBarranco@ambac.com

HTA_CONF 00016203

*In re The Financial Oversight and Management Board for Puerto Rico, as representative of*
*The Commonwealth of Puerto Rico, et al.,* **PROMESA Title III Case No. 17-BK-03567-LTS**
**United States District Court, District of Puerto Rico**

**Annex to the Proof of Claim of Ambac Assurance as to**
**Puerto Rico Highways and Transportation Authority**

This is an <u>Annex</u> to the proof of claim (the "<u>Proof of Claim</u>") filed by Ambac

Assurance Corporation ("<u>Ambac</u>"), a Wisconsin-domiciled stock insurance corporation, whose

business address is One State Street Plaza, New York, New York 10004.  Ambac is the holder of

certain claims (collectively, and including any portion thereof, the "<u>Ambac Claims</u>") against the

Puerto Rico Highways and Transportation Authority ("<u>HTA</u>" or the "<u>Debtor</u>"), an

instrumentality of the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), as described on

the prefixed Proof of Claim[1] to which this Annex relates and as set forth in further detail herein.

## BACKGROUND

**A.    Ambac**

1.    Ambac is a leading provider of financial guaranty insurance, which is a

type of insurance whereby an insurer guarantees payments of interest and principal on the

scheduled maturity date and/or the scheduled date for payment of interest on a bond or other

obligation.  The Ambac Claims arise from or are related to, in the first instance, transactions with

the Debtor, its affiliates, or holders of its bonds, in which Ambac, pursuant to certain primary

market and/or secondary market financial guaranty insurance policies, guaranteed scheduled

principal and interest payments on bonds issued by the Debtor under general bond resolutions

and related bond and insurance documentation.  Arising out of Ambac's past and potential future

compliance with its financial guaranty insurance obligations under the relevant polices are claims

---

[1]    David Barranco, Senior Managing Director, the signatory of the Proof of Claim, is duly authorized and
empowered to file this Proof of Claim on behalf of Ambac.

HTA_CONF 00016204

in Ambac's favor for reimbursement (the "Insurance Claims") and subrogation (the "Subrogation Claims").

2.      Also at issue in this Proof of Claim are claims against HTA arising out of the independent rights and remedies of Ambac as a Bondholder (as defined below) that has purchased and currently holds more than $935 million (par outstanding plus accretions as of the Calculation Date (as defined below)) of Puerto Rico-related bonds (the "Bond Claims").

3.      Among the bonds insured or owned by Ambac, as set forth below and listed on Exhibit A hereto, are (i) certain bonds issued by HTA and insured by Ambac in the par outstanding amount of $473.4 million (the "Insured HTA Bonds"); and (ii) certain bonds issued by HTA and both insured and owned by Ambac in the par outstanding amount of $25.1 million (the "Purchased HTA Bonds").[2]

**B.     HTA Bonds**

4.      HTA is a public corporation created by Act 74-1965 (the "HTA Enabling Act") to assume responsibility for the construction of highways and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A. § 2002.  HTA's rights and powers under the HTA Enabling Act include the right and the power to issue the HTA Bonds (as defined below).  *See* 9 L.P.R.A. § 2004(*l*).  HTA is further empowered under the HTA Enabling Act to secure the HTA Bonds through a pledge of the HTA Pledged Revenues (as defined below).

5.      Pursuant to the HTA Enabling Act, HTA has (i) issued certain bonds (the "HTA Bonds") under resolutions executed in 1968 (Resolution No. 68-18, adopted by HTA on

---

[2]      For purposes of this Proof of Claim, "par outstanding" is the stated principal amount of relevant Bonds on the Petition Date (as defined herein).  For purposes of claim calculation, Exhibit A also provides, for all Bonds, the amount of (i) accreted par outstanding as of the Petition Date and June 1, 2018 (the "Calculation Date"); and (ii) accreted par plus interest or additional accretions payable after the Petition Date and the Calculation Date.

HTA_CONF 00016205

June 13, 1968 (the "Highway Resolution")) and 1998 (Resolution No. 98-06, adopted by HTA on February 26, 1998 (the "Transportation Resolution")), as supplemented by the additional authorizing resolutions with respect to, respectively, Series A through N of the HTA Bonds set forth on Schedule 1 hereto (the "HTA Supplemental Resolutions" and, together with the Highway Resolution and the Transportation Resolution, the "HTA Resolutions"); (ii) designated Bank of New York Mellon, N.A. ("BNYM") to serve as the successor fiscal agent (the "HTA Fiscal Agent") for the HTA Bonds; and (iii) granted the HTA Fiscal Agent, for the benefit of the holders of the HTA Bonds (the "HTA Bondholders"),[3] certain statutory liens and consensual security interests.  The aggregate amount of currently outstanding HTA Bonds is approximately $4.0 billion.[4]

6.      The HTA Bonds have been secured since inception by HTA's property and revenues, as well as by any taxes "made available to [HTA] by the Commonwealth."  9 L.P.R.A. § 2004(*l*).  More specifically, the HTA Bonds were initially secured by a statutory lien on and/or consensual security interest in (i) the revenues derived from HTA's toll facilities (the "Toll Revenues"); (ii) gasoline, diesel, crude oil, and other excise taxes levied by the Commonwealth pursuant to Act 34-1997, Act 1-2011, and Act 1-2015 (the "Excise Taxes"); and (iii) motor vehicle license fees imposed under Act 22-2000 (the "Vehicle Fees," and together with the Toll Revenues and the Excise Taxes, the "Initial HTA Pledged Revenues").

7.      On June 25, 2013, the Commonwealth enacted Acts 30 and 31 to provide additional security for the HTA Bonds.  Pursuant to these enactments, the HTA Bonds are now

---

[3]     The record holder of the HTA Bonds is Cede & Co., a division of the Depository Trust Company. Unless otherwise indicated, the term "HTA Bondholders" is used in this Proof of Claim to refer to the registered owners of the HTA Bonds.

[4]     *See Fiscal Plan for Puerto Rico*, dated March 13, 2017, at 26 (Debt Summary) (the "Fiscal Plan").  Ambac reserves all its rights as to the accuracy of the numbers set forth in the Fiscal Pan.

HTA_CONF 00016206

also secured by a statutory lien on and/or consensual security interest in: (i) certain additional

motor vehicle license fee revenues; (ii) a tax on petroleum products at substantially higher rates

than permitted by the HTA Enabling Act; and (iii) the first $20 million in annual cigarette excise

tax revenues collected by the Commonwealth Treasury Department (the "Additional HTA

Pledged Revenues" and, together with the Initial HTA Pledged Revenues, the "HTA Pledged

Revenues").

        8.      The statutory liens and/or consensual security interests securing the HTA

Bonds are perfected (i) automatically under the Uniform Commercial Code (the "UCC") as

statutory liens granted by a governmental entity; and/or (ii) by the filing of UCC-1 financing

statements as to consensual security interests in the HTA Pledged Revenues. As set forth in

Schedule 1, the HTA Fiscal Agent and/or Ambac have filed UCC-1 financing statements with

respect to the consensual security interests granted in the HTA Pledged Revenues as to each

series of the HTA Bonds.

## C.    Ambac Policies and Bond Documents

        9.      Ambac issued to HTA twenty-three (23) Financial Guaranty Insurance

Policies or Municipal Bond Insurance Policies (the "HTA Policies"),[5] insuring, on either a

primary or a secondary market basis,[6] HTA's payment obligations under the HTA Bonds. With

---

[5]    The HTA Policies bear the following policy numbers: (i) SP27315BE; (ii) SP27163BE; (iii)14922BE; (iv)
SP26300BE; (v) SP26371BE; (vi) 24623BE; (vii) SP27349BE; (viii) 15011BE; (ix) 26270BE; (x)
SP26280BE; (xi) SP27142BE; (xii) SP27154BE; (xiii) SP27141BE; (xiv) SP26314BE; (xv) SP27362BE;
(xvi) SP26804BE; (xvii) SP27373BE; (xviii) SP26806BE; (xix) 24611BE; (xx) SP26703BE; (xxi)
SP26279BE; (xxii) S26281BE; and (xxiii) SP27351BE.

[6]    "Secondary" policies are issued after the initial issuance of the relevant bonds and are purchased by
investors seeking insurance. The secondary market investor deposits its bonds with the bond insurer's
custodian (the "Custodian"). The bond insurer issues a secondary market insurance policy covering the
payment of principal and interest on all such bonds deposited with the Custodian, and the investor receives
an insured bond certificate (the "Transferable Custodial Receipt" or "TCR") evidencing the right to receive
the full payment of principal and interest when due from the Custodian either from payments received from
the issuer on the bonds or from the proceeds of a draw on the secondary insurance policy. In HTA's case,

HTA_CONF 00016207

respect to certain of the HTA Bonds, separate Agreements Regarding Bond Insurance (the "Bond Insurance Agreements" and, together with the HTA Enabling Act, the HTA Resolutions and the HTA Policies, the "HTA Bond Documents"), to which HTA and the HTA Fiscal Agent are parties and which detail, among other things, certain rights of Ambac as an insurer with respect to the Bonds and the procedures for making claims under the Policies.

        10.     Pursuant to the HTA Bond Documents, to the extent HTA does not satisfy any of its payment obligations under the Insured HTA Bonds (as defined below), Ambac, in its capacity as a bond insurer (in such capacity, the "Bond Insurer"), may be obligated, subject to the terms and conditions set forth in the HTA Bond Documents, to pay (the "Insurance Payments") any portion of the scheduled principal and interest payments on the HTA Bonds that becomes due but is not paid by HTA (the "Obligation").

        11.     Collectively, the HTA Policies currently insure (i) approximately $27.5 million (par outstanding), out of the more than $843.6[7] million in HTA Bonds issued under the Highway Resolution; and (ii) approximately $445.9 million (par outstanding), out of the more than $3.4[8] billion in HTA Bonds issued under the Transportation Resolution (collectively, the "Insured HTA Bonds").

---

as reflected in Exhibit A, 18 of the 23 policies issued by Ambac were secondary policies (the "HTA Secondary Policies"), which were issued at the request of various holders of HTA Bonds (the "HTA Secondary Holders"), pursuant to a TCR program as to which BNYM served as the Custodian, with the remainder being primary policies that were procured by HTA or its agents or advisors (the "HTA Primary Policies").

[7]    *See* HTA 2016 Audited Financials (the "Audited Financials").  Ambac reserves all its rights as to the accuracy of the numbers set forth in the Audited Financials.

[8]    *Id.*

5

12.     If Ambac makes any Insurance Payments, HTA is obligated, under

applicable law and certain of the HTA Bond Documents,[9] to reimburse Ambac for any amounts

so paid, as well as for any costs of collection and enforcement (the "Collection Costs") and any

other costs, charges and fees that may be due to Ambac under the HTA Bond Documents and/or

applicable law (the "Other Costs"), together with interest on the foregoing from the date paid or

incurred to the date of payment at the rate specified in the applicable HTA Bond Documents or

otherwise prescribed by applicable law.

13.     In addition, upon making each Insurance Payment, Ambac (i) becomes, by

virtue of an assignment mandated by the relevant HTA Bond Documents, the owner of the right

to receive interest with respect to the applicable Insured HTA Bonds (when an interest payment

is made) or the satisfied Obligation itself (when a principal payment is made); (ii) becomes the

beneficiary of certain related rights conferred by the assignment, including a reimbursement right

as to any Collection Costs and Other Costs, together with interest on all the foregoing from the

date paid or incurred to the date of payment at the rate specified in the applicable HTA Bond

Documents or otherwise prescribed by applicable law; and (iii) automatically becomes fully

subrogated to all rights and remedies of the HTA Bondholders, as the owners of the HTA Bonds

that received the proceeds of such Insurance Payment. *See, e.g.,* HTA Policy (24623BE) ("Upon

such disbursement, Ambac shall become the owner of the surrendered Obligations and/or

coupons and shall be fully subrogated to all of the Holder's rights to payment thereon.");

Agreement Regarding Bond Insurance (Series N) dated March 6, 2007 § 5(d) (providing for

payment  of "all or a part of the interest payments next coming due upon . . . delivery . . . of an

---

[9]     *See, e.g.,* Agreement Regarding Bond Insurance (Series N) dated March 6, 2007 § 5(g) (HTA covenanting
to reimburse Ambac for any Insurance Payments made as to Series N of the HTA Bonds).

6

HTA_CONF 00016209

appropriate assignment of such owners' right to payment" of interest); HTA Resolution 98-07

(Series A) § 15(k) ("[I]n the event that the principal and/or interest due on the Ambac Insured

Bonds shall be paid by Ambac pursuant to the Ambac Policy, such Bonds shall remain

Outstanding for all purposes of this Resolution, not be defeased or otherwise satisfied and not be

considered paid by the Corporation, and the pledge and all covenants, agreements and other

obligations of the Corporation to the registered owners shall continue to exist and shall run to the

benefit of Ambac, and Ambac shall be subrogated to the rights of such registered owners.")[10]

14.    Finally, certain of the HTA Supplemental Resolutions restate, in virtually

identical language, the terms of insurance coverage set forth in the HTA Primary Policies and the

rights and remedies with respect to the Insured HTA Bonds afforded to Ambac under the HTA

Bond Insurance Agreements, thereby further buttressing Ambac's rights and granting to Ambac,

as a third-party beneficiary of the HTA Supplemental Resolutions, all rights, remedies, or claims

with respect to the breach of such resolutions. *See*, *e.g.,* HTA Resolution 98-07 (Series A) §

15(p).

**D.    Insurance Payments, Collection Costs and Other Costs**

15.    As of the Petition Date, Ambac had not been required to make any

Insurance Payments as to the Insured HTA Bonds; however, it had incurred Collection Costs and

Other Costs in an amount to be determined at a later date seeking to ensure that reimbursement

could be obtained if and when Insurance Payments are made by Ambac.

16.    Since the Petition Date, Ambac has made Insurance Payments, as set forth

---

[10]    The terms and language of each of the HTA Policies, the HTA Resolutions, and the HTA Bond Insurance
Agreements are, for most relevant purposes, virtually identical, so reference to each individual HTA
Primary policy, resolution, or agreement is not necessary. The HTA Resolutions apply to only a limited
extent to HTA Secondary Policies. The terms of such policies themselves and the documentation applicable
to the relevant TCR program govern the relationship between Ambac and the beneficiaries of the HTA
Secondary Policies.

HTA_CONF 00016210

in greater detail in Exhibit B, with respect to the Insured HTA Bonds in the aggregate amount of

$63,009,259. Principal and interest payments will continue to become due and payable on the

terms prescribed in the HTA Bond Documents for the duration of the Title III Cases (as defined

below), and, if not paid, could necessitate additional Insurance Payments by Ambac, in an

amount up to $794.7 million, the full amount of principal and interest payments through

maturity.[11]

       17.    Ambac has already, and will continue to, accrue substantial Collection

Costs and Other Costs in undertaking to enforce its rights and remedies with respect to the HTA

Bonds. Such costs are still accruing and their full amount is subject to further documentation

and allocation, which will be undertaken prior to the disposition of the Ambac Claims.

**E.    Ambac Policy Premiums**

       18.    In addition to claims with respect to the Insurance Payments, Ambac has

claims against HTA for failure to pay the annual premiums required by one of the HTA Policies

(No. 15011BE) (the "HTA Periodic Premium Policy") when due. Ambac undertook the

Obligations set forth in the HTA Periodic Premium Policy in exchange for "premiums" that are

"not refundable for any reason." (HTA Periodic Premium Policy at 1.) The premium as to the

HTA Periodic Premium Policy was last due on July 3, 2017, and was in the amount of $3,429.50.

HTA made premium payments due as to the HTA Periodic Premium Policy prior to the filing of

the Title III Cases, but it failed to pay the premium due on July 3, 2017 (the "Overdue

Premium"). The next premium installment will be due on or about July 2, 2018, and annually

---

[11]    The first of such future principal and interest payment is scheduled to be made, as set forth in Exhibit C, on
July 1, 2018, and will be in the aggregate amount of $46,640,338.

HTA_CONF 00016211

thereafter on or about the same date (the "Future HTA Premiums," to the extent not paid, each, a

"Future Overdue Premium").

**F.      Ambac Purchase of HTA Bonds**

19.      Finally, Ambac purchased, for its own account and for investment

purposes, the Purchased HTA Bonds.  As a result of such purchases, Ambac now holds $25.3

million face amount of the Purchased HTA Bonds.  In its capacity as the purchaser of the

Purchased HTA Bonds (in such capacity, the "Bond Purchaser"), Ambac has all the rights of an

HTA Bondholder.  All of the Purchased HTA Bonds are also Insured HTA Bonds; Ambac,

however, seeks to recover as to such Purchased/Insured HTA Bonds in only one capacity, as

either a HTA Bondholder or as a Bond Insurer, without double-counting as to prospective

recoveries.

**G.      Title III Cases and Bar Date Order**

20.      On May 21, 2017 (the "Petition Date"), HTA, by and through the

Financial Oversight and Management Board for Puerto Rico, filed a petition for relief under Title

III of Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") in the

United States District Court for the District of Puerto Rico (the "Court").   Cases under

PROMESA are now pending in the Court as to (i) HTA; (ii) the Commonwealth (Bankruptcy

Case No. 17 BK 3283-LTS); (iii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy

Case No. 17 BK 3284-LTS); (iv) Employees Retirement System of the Government of the

Commonwealth of Puerto Rico  (Bankruptcy Case No. 17 BK 3566-LTS); and (v) Puerto Rico

HTA_CONF 00016212

Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (collectively, the "Title III Cases").

21.     On February 15, 2018, the Court issued the Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof (the "Bar Date Order"). Ambac, in its capacity as Bond Insurer, is required to file this Proof of Claim because (i) it is listed in the creditor list of HTA as a creditor with "contingent" and "unliquidated" claims, and, under the terms of the Bar Date Order, is required to file a proof of claim; and (ii) the Bar Date Order contains a provision requiring all "Bond Insurers" to "file a proof of claim with respect to any claims arising under the relevant bond insurance policies on or before the General Bar Date." (Bar Date Order ¶¶ 7, 10.)

22.     The Bar Date Order also provides that (i) the Fiscal Agent is authorized to file a "master proof of claim" on behalf of all HTA Bondholders; and (ii) individual HTA Bondholders, such as Ambac in its capacity as Bond Purchaser, are not required to file proofs of claim to the extent a master proof of claim has been filed. (Bar Date Order ¶¶ 5(a), 6(j).) Ambac, in its capacity as Bond Purchaser, files this Proof of Claim to supplement any proof of claim filed by the Fiscal Agent.

23.     The Bar Date Order originally set May 29, 2018, as the General Bar Date, but, by Order dated May 25, 2018 (the "Bar Date Extension Order"), the Court extended the General Bar Date by thirty (30) days, up to and including June 29, 2018. (Bar Date Extension Order ¶ 2.)

24.     Thus, this Proof of Claim is being filed as required or permitted by the Bar Date Order.

10

## NATURE OF AMBAC CLAIMS

25.     ***Insurance Claims.***  As of the Petition Date, Ambac had not been required to make any Insurance Payments as to the Insured HTA Bonds.  However, Ambac had incurred Collection Costs and Other Costs in an amount to be determined at a later date seeking to ensure that reimbursement could be obtained if and when Insurance Payments are made by Ambac.

26.     Thus, as of the Petition Date, HTA was, and continues to be, indebted to Ambac, pursuant to the HTA Bond Documents and applicable law for, without limitation, Collection Costs and Other Costs in an amount to be determined prior to disposition of the Ambac Claims (the "Petition Date Insurance Claims").

27.     Since the Petition Date, Ambac has made Insurance Payments, as set forth in greater detail in Exhibit B, with respect to the Insured HTA Bonds in the aggregate amount of $63,009,259.  In addition, HTA has failed to make payment as to the Overdue Premium owed under the HTA Periodic Premium Policy.  Thus, as of the Calculation Date, HTA also was, and continues to be, indebted to Ambac, pursuant to the HTA Bond Documents and applicable law for, without limitation, the following (collectively, the "Current Insurance Claims," and together with the Petition Date Insurance Claims, the "Liquidated Insurance Claims"):

(a)     $63,009,259 in reimbursement of Insurance Payments made on account of principal and interest due under the HTA Bonds and not satisfied by HTA;

(b)     $3,429.50 in reimbursement of the Overdue Premium Claim;

(c)     interest accrued on such Insurance Payments after the Calculation Date; and

(d)     Collection Costs and Other Costs in an amount to be determined prior to disposition of the Ambac Claims.

28.     ***Subrogation Claims.***  Alternatively, pursuant to the HTA Bond Documents and applicable law, HTA (i) was, as of the Petition Date and the Calculation Date,

11

indebted to Ambac for the claims described in paragraph 25 through 27 above; and (ii) will be

indebted to Ambac for the future, unliquidated claims described in paragraph 30 below, in its

capacity as the subrogee and assignee of the HTA Bondholders that have received or will receive

Insurance Payments (as previously defined, the "Subrogation Claims").

29.     ***HTA Bond Claims.***  As of the Petition Date and the Calculation Date,

HTA was, and continues to be, indebted to Ambac, in its capacity as an HTA Bondholder, in the

amount of up to $25.3 million face amount, plus future interest as of Calculation Date, together

with all Collection Costs and Other Costs, as to the Purchased HTA Bonds (as previously

defined, the "HTA Bond Claims").  Given that the Purchased HTA Bonds are all also Insured

HTA Bonds, Ambac has two potential sources of recovery as to such claims.  Ambac, however,

seeks to recover as to such Purchased HTA Bonds in only one capacity, as either a HTA

Bondholder or as a Bond Insurer, without double-counting as to prospective recoveries.

30.     ***Unliquidated/Contingent Claims.***  In addition, HTA is indebted to

Ambac for further unliquidated amounts on account of (without limitation):

(a)     Insurance Claims, Subrogation Claims, and HTA Bond Claims, including
any related future Insurance Payments, future Collection Costs, future Other Costs, and Future
Overdue Premiums, each to the extent accruing after the Calculation Date and in an amount
(exclusive of Collection Costs, Other Costs and the Overdue Premiums and without double-
counting as to any amount paid to Ambac on account of the HTA Bond Claims) of up to $794.7
million, the full amount of future principal and interest payable under the HTA Policies as to the
Insured HTA Bonds;

(b)     interest accrued and accruing on all Insurance Claims, Subrogation
Claims, and HTA Bond Claims, including any related future Insurance Payments, future
Collection Costs, future Other Costs, and Future Overdue Premiums after the Calculation Date;

(c)     any amounts that Ambac may be obligated to pay as a result of any
payment previously made to the HTA Bondholders by or on behalf of HTA having been deemed
a preferential transfer and recovered from the HTA Bondholders, together with any interest
accruing on such payments, if any, after the date thereof; and

12

HTA_CONF 00016215

(d)     any and all amounts owed, for damages or otherwise, on account of any and all claims Ambac has or may yet have, whether known or unknown, against HTA and all those purporting to act on its behalf, whether presently asserted or to be asserted, including, without limitation, claims based upon (a) the United States Constitution; (b) the Puerto Rico Constitution; (c) Management and Budget Office Organic Act; (d) the Puerto Rico Civil Code; (e) PROMESA; (f) common law fraud; (g) misrepresentation; (h) subrogation; (i) indemnity; (j) contribution; (k) unjust enrichment; (l) constructive trust; (m) fraudulent conveyance; (n) failure to fulfill contractual and fiduciary obligations, including, without limitation, any relating to the use and maintenance of any reserve fund[s] contemplated by the HTA Bond Documents; (o) breach of contract; (p) breach of implied covenant of good faith and fair dealing; (q) making, causing, or permitting to be made misleading statements regarding any matter relating to the HTA Bonds, the HTA Pledged Revenues, the HTA Resolutions or any of the other Bond Documents; (r) failure to take prudent and appropriate action regarding adverse conditions; (s) tortious interference; and (t) *quantum meruit*, all of which singularly or collectively may be applicable to damages incurred by Ambac (all of the foregoing, collectively, the "Unliquidated Claims," and, together with the Insurance Claims, the Subrogation Claims, and the HTA Bond Claims, the "Ambac Claims").

## **SECURED/ADMINISTRATIVE STATUS OF AMBAC CLAIMS**

31.     As set forth above, pursuant to the HTA Bond Documents and applicable law, the HTA Bondholders hold perfected statutory liens and/or consensual security interests in the HTA Pledged Revenues.  As a result, Ambac, in exercising its subrogation rights under the Insured HTA Policies and stepping into the shoes of the HTA Bondholders, as an assignee of Insured HTA Bonds, and as a HTA Bondholder with respect to the Purchased HTA Bonds, also obtains for its own benefit secured claims against HTA.  In addition, under certain of the HTA Bond Documents, the Ambac Claims are deemed to be payable "on a parity with," and are secured by, the same collateral as the regularly scheduled principal and interest payments on the HTA Bonds, and thus hold secured claims against HTA on this alternative basis.  (Agreement Regarding Bond Insurance, dated March 6, 2007 § 5(g).)

32.     Ambac reserves any and all rights that it may have under section 1111(b) of the Bankruptcy Code (as made applicable to the Title III Cases by Section 301 of PROMESA).

13

HTA_CONF 00016216

33.     Ambac further reserves the right to claim that some or all of the Ambac Claims constitute administrative expense claims in this Title III case.

## RESERVATION OF RIGHTS

34.     This Proof of Claim is filed under compulsion of the Bar Date Order and the Bar Date Extension Order, and the filing of this Proof of Claim is not, nor shall it be deemed to be (a) a waiver or release of Ambac's or the HTA Bondholders' rights against any person, entity or property; (b) a limitation of any rights of the HTA Bondholders or any other parties to file proofs of claim with respect to the HTA Bonds or otherwise act with respect to such claims; (c) a consent by Ambac or the HTA Bondholders to the jurisdiction of the Court with respect to the subject matter of these claims or any objection or other proceeding commenced in this Title III case; (d) a waiver of the right to challenge the jurisdiction of the Court; (e) a waiver of any right to a jury trial; (f) an election of a remedy; (g) a waiver of any past, present or future defaults or events of default; and (h) a waiver of right to any security.

35.     This Proof of Claim is submitted based upon information presently available to Ambac.  Ambac may hold additional claims against the Debtor.  Ambac specifically reserves its right to amend, modify, supplement or update at any time in the future for any proper purpose this Proof of Claim to reflect any additional claims against the Debtor and to file additional proofs of claims for claims which may be based on the same or additional documents.

36.     With respect to any claim that is not asserted in a liquidated amount or that cannot reasonably be calculated at this time, Ambac does not waive any rights thereto by not asserting a specific amount at this time.

37.     To the best of Ambac's knowledge, the claims asserted in this Proof of Claim are not subject to any setoff or counterclaim by the Debtor; *provided*, *however*, that

14

Ambac expressly reserves and does not waive any setoff or recoupment rights it may possess. This Proof of Claim also expressly includes any and all rights to assert an express, implied, constructive, or other trust against any assets (including cash) held by the Debtor, and also includes any and all amounts owed, for damages or otherwise, on account of any and all claims Ambac has or may have, whether known or unknown, against the Debtor and all those purporting to act on its behalf, whether presently asserted or to be asserted, including, without limitation, the Unliquidated Claims, as enumerated in ¶ 30(d) *supra*, all of which singularly or collectively may be applicable to damages incurred by Ambac.

38.     Ambac demands that all monies or other property payable or deliverable to it, as Bond Insurer or in any other capacity, on account of the Ambac Claims or as a distribution under any plan of adjustment in this proceeding or otherwise, be delivered directly to Ambac, and not to or for the account of any trustee, fiscal agent, other bond representative.

39.     Each and every description in this Proof of Claim of any legislative act or any HTA Bond Document is qualified in its entirety by reference to the applicable provisions of such acts or documents, and such acts and documents are incorporated herein by reference. The description of any collateral granted in connection with or pursuant to such acts or documents is qualified in its entirety by reference to the applicable provisions of such acts or documents. In the event of any inconsistency between this Proof of Claim and such acts or documents, such acts and documents shall control.

40.     Upon information and belief, the Debtor has copies of all HTA Bond Documents and, accordingly, the HTA Bond Documents, a summary of which (to the extent currently available to Ambac) is annexed hereto as Schedule 1, are not attached to this Proof of Claim. Copies of all HTA Bond Documents are available upon a written request to Ambac.

15

HTA_CONF 00016218

## NOTICES

41.     The address to which all notices and other communications should be sent

with respect to this Proof of Claim are as follows:

>   Ambac Assurance Corporation
>   One State Street Plaza
>   New York, New York 10004
>   Attention: David Barranco, Senior Managing Director

with a copy to:

>   Milbank, Tweed, Hadley & McCloy LLP
>   28 Liberty Street
>   New York, New York 10005
>   Attention:  Dennis F. Dunne, Esq.

16

HTA_CONF 00016219

## SCHEDULE 1

This table summarizes the HTA Bond Documents relied upon in this Proof of Claim.[12]

| HTA | | | |
|---|---|---|---|
| Series | Authorizing Resolutions | Other Documents | Policies |
| A | -Resolution No. 98-06, adopted by HTA on February 26, 1998 (the "1998 Resolution," and the Bonds issued thereunder, the "1998 Resolution Bonds")<br><br>-Resolution No. 98-07, adopted by HTA on February 26, 1998 | -UCC-1 filed by Ambac for "benefit of holders of all bonds [i.e., the 1998 Resolution Bonds] issued under Resolution 98-06," dated August 4, 2014<br><br>-UCC-1 filed by Bank of New York Mellon (as Fiscal Agent) for the "holders of all bonds [i.e., the 1998 Resolution Bond] issued under the 1998 Resolution," dated September 9, 2014 | -14922BE<br>-15011BE |
| BB | -Resolution No. 68-18, adopted by HTA on June 13, 1968 (the "1968 Resolution," and the Bonds issued thereunder, the "1968 Resolution Bonds")<br><br>-Resolution No. 2005-29, adopted by HTA on September 22, 2005 | -Agreement Regarding Bond Insurance dated October 4, 2005 between HTA and JPMorgan Chase Bank, as Fiscal Agent<br><br>-UCC-1 filed by Ambac for the "benefit of holders of all bonds [the "1968 Resolution Bonds"] issued under Resolution 68-18," dated August 4, 2014<br><br>-UCC-1 filed by Assured Guaranty Corp and Assured Municipal Corp. for the "benefit of holders of all bonds [i.e., the 1968 Resolution Bonds] under the 1968 Resolution," dated May 16, 2014<br><br>-UCC-1 filed for benefit of "Holders of all bonds [i.e., the 1968 Resolution Bonds] issued under the 1968 Resolution," dated May 16, 2014 | -24611BE |

---

[12] As more generally set forth in the prefixed Annex, Ambac expressly reserves its right to modify or supplement this list of HTA Bond Documents at any time and for any reason.

HTA_CONF 00016220

| CC | -Resolution No. 68-18, adopted by HTA on June 13, 1968<br><br>-Resolution No. 2007-08, adopted by HTA on February 15, 2007<br><br>-Resolution 2007-14, adopted by HTA on February 27, 2007 | - UCC-1 filed by Ambac for "benefit of holders of all bonds [*i.e.*, the 1968 Resolution Bonds] issued under Resolution 68-18," dated August 4, 2014<br><br>-UCC-1 filed by Assured Guaranty Corp and Assured Municipal Corp. for the "benefit of holders of all bonds [*i.e.,* the 1968 Resolution Bonds] under the 1968 Resolution," dated May 16, 2014<br><br>-UCC-1 filed for benefit of "Holders of all bonds [*i.e.,* the 1968 Resolution Bonds] issued under the 1968 Resolution," dated May 16, 2014 | -SP26703BE<br>-SP26279BE<br>-S26281BE |
|---|---|---|---|
| 2005-K | -Resolution No. 98-06, adopted by HTA on February 26, 1998<br><br>-Resolution No. 2005-28, adopted by HTA on September 22, 2005 | -UCC-1 filed by Ambac for "benefit of holders of all bonds [*i.e.*, the 1998 Resolution Bonds], issued under Resolution 98-06," dated August 4, 2014<br><br>-UCC-1 filed by Bank of New York Mellon (as Fiscal Agent) for "holders of all bonds [*i.e.,* the 1998 Resolution Bonds] issued under the 1998 Resolution," dated September 9, 2014 | -SP27349BE<br>-SP27163BE<br>-SP27315BE<br>-SP27351BE |
| L | -Resolution No. 98-06, adopted by HTA on February 26, 1998 - Resolution No. 2005-28, adopted by HTA on September 22, 2005 | -Agreement Regarding Bond Insurance dated October 4, 2005 between HTA and JPMorgan Chase Bank, as Fiscal Agent<br><br>-UCC-1 filed by Ambac for "benefit of holders of all bonds [*i.e.,* the 1998 Resolution Bonds] issued under Resolution 98-06," dated August 4, 2014<br><br>-UCC-1 filed by Bank of New York Mellon (as Fiscal Agent) for "holders of all bonds [*i.e.,* the 1998 Resolution Bonds] issued under the 1998 Resolution," dated September 9, 2014 | -24623BE |

18

HTA_CONF 00016221

| | | | |
|---|---|---|---|
| M | -Resolution No. 98-06, adopted by HTA on February 26, 1998<br><br>-Resolution No. 2007-09, adopted by HTA on February 15, 2007<br><br>-Resolution 2007-15, adopted by HTA on February 27, 2007 | -UCC-1 filed by Ambac for "benefit of holders of all bonds [*i.e.*, the 1998 Resolution Bonds] issued under Resolution 98-06," dated August 4, 2014<br><br>-UCC-1 filed by Bank of New York Mellon (as Fiscal Agent) for "holders of all bonds [*i.e.*, the 1998 Resolution Bonds] issued under the 1998 Resolution," dated September 9, 2014 | -SP26300BE<br>-SP26371BE |
| N | -Resolution No. 98-06, adopted by HTA on February 26, 1998<br><br>-Resolution No. 2007-09, adopted by HTA on February 15, 2007<br><br>-Resolution 2007-15, adopted by HTA on February 27, 2007 | -Agreement Regarding Bond Insurance dated March 6, 2007 between HTA and The Bank of New York, as Fiscal Agent<br><br>-UCC-1 filed by Ambac for "benefit of holders of all bonds [*i.e.*, the 1998 Resolution Bonds] issued under Resolution 98-06," dated August 4, 2014<br><br>-UCC-1 filed by Bank of New York Mellon (as Fiscal Agent) for "holders of all bonds issued [*i.e.*, 1998 Resolution Bonds] under the 1998 Resolution," dated September 9, 2014 | -SP26280BE<br>-SP26314BE<br>-SP27362BE<br>-SP27373BE<br>-SP26804BE<br>-SP26806BE<br>-SP27141BE<br>-SP27142BE<br>-SP27154BE<br>-26270BE |

#4810-7093-2322v33

HTA_CONF 00016222

# Exhibit A

HTA_CONF 00016223

## Exhibit A: Proof of Claims for Puerto Rico Highways and Transportation Authority ("HTA") Bonds

| CUSIP | Policy | Policy Type | Maturity | Par Outstanding ("Out") (1) | Par plus Accretion as of: Petition Date (2) | June 1, 2018 | Total P&I Out as of (3): Petition Date (2) | June 1, 2018 | Insurance Claim Payments as of June 1, 2018: Principal | Interest | Ambac Bond Ownership: Par plus Accretion June 1, 2018 | Face Amount (4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **HTA 1968 Resolution** | | | | | | | | | | | | |
| 745181ZJ9 | 24611BE | Primary | 7/1/2017 | $13,115,000 | $13,115,000 | - | $13,459,269 | - | $13,115,000 | $344,269 | - | - |
| 745181ZK6 | 24611BE | Primary | 7/1/2018 | 10,055,000 | 10,055,000 | 10,055,000 | 10,846,631 | 10,318,944 | - | 527,888 | - | - |
| 745181F93 | SP26703BE | Secondary | 7/1/2027 | 2,789,220 | 4,428,982 | 4,639,402 | 7,000,000 | 7,000,000 | - | - | 357,697 | 540,000 |
| 745181C96 | SP26279BE | Secondary | 7/1/2025 | 460,509 | 729,056 | 763,463 | 1,050,000 | 1,050,000 | - | - | - | - |
| 745181D20 | SP26279BE | Secondary | 7/1/2026 | 428,153 | 679,177 | 711,373 | 1,025,000 | 1,025,000 | - | - | - | - |
| 745181B22 | S26281BE | Secondary | 7/1/2021 | 693,895 | 1,068,696 | 1,139,050 | 1,305,000 | 1,305,000 | - | - | - | - |
| **HTA-68 Total:** | | | | $27,541,776 | $30,095,911 | $17,308,287 | $34,686,100 | $20,698,944 | $13,115,000 | $872,156 | $357,897 | $540,000 |
| | | | | | | | | | | | | |
| **HTA 1998 Resolution (4)** | | | | | | | | | | | | |
| 745190F34 | SP27315BE | Secondary | 7/1/2017 | $1,500,000 | $1,500,000 | - | $1,537,500 | - | $1,500,000 | $37,500 | - | - |
| 745190F34 | SP27163BE | Secondary | 7/1/2017 | 1,000,000 | 1,000,000 | - | 1,025,000 | - | 1,000,000 | 25,000 | - | - |
| 745190AU2 | 14922BE | Primary | 7/1/2017 | 9,651,308 | 25,112,613 | - | 25,250,000 | - | 25,112,613 | 137,387 | - | - |
| 745190F60 | SP26300BE | Secondary | 7/1/2017 | 250,000 | 250,000 | - | 255,000 | - | 250,000 | 5,000 | - | - |
| 745190F60 | SP26371BE | Secondary | 7/1/2017 | 655,000 | 655,000 | - | 668,100 | - | 655,000 | 13,100 | - | - |
| 745190UQ9 | 24623BE | Primary | 7/1/2038 | 166,095,000 | 166,095,000 | 166,095,000 | 343,850,681 | 335,130,694 | - | 8,719,988 | - | - |
| 745190S66 | SP27349BE | Secondary | 7/1/2018 | 1,000,000 | 1,000,000 | 1,000,000 | 1,075,000 | 1,025,000 | - | 50,000 | - | - |
| 745190AV0 | 14922BE | Primary | 7/1/2018 | 9,136,460 | 23,885,702 | 25,143,663 | 25,250,000 | 25,250,000 | - | - | 224,052 | 225,000 |
| 745190373 | 15011BE | Primary | 7/1/2028 | 3,610,000 | 3,610,000 | 3,610,000 | 5,259,750 | 5,079,250 | - | 180,500 | - | - |
| 745190ZJ0 | 26270BE | Primary | 7/1/2027 | 28,545,000 | 28,545,000 | 28,545,000 | 40,533,900 | 38,900,460 | - | 905,471 | 18,620,000 | 18,620,000 |
| 745190ZK7 | 26270BE | Primary | 7/1/2028 | 29,420,000 | 29,420,000 | 29,420,000 | 42,953,200 | 41,269,690 | - | 933,227 | 5,860,000 | 5,860,000 |
| 745190ZM3 | 26270BE | Primary | 7/1/2030 | 60,880,000 | 60,880,000 | 60,880,000 | 104,028,700 | 100,832,500 | - | 3,196,200 | - | - |
| 745190ZN1 | 26270BE | Primary | 7/1/2031 | 83,880,000 | 83,880,000 | 83,890,000 | 147,751,263 | 143,347,038 | - | 4,404,225 | - | - |
| 745190E53 | SP26280BE | Secondary | 7/1/2019 | 4,335,949 | 6,808,777 | 7,125,446 | 7,475,000 | 7,475,000 | - | - | 71,493 | 75,000 |
| 745190E53 | SP27142BE | Secondary | 7/1/2019 | 290,030 | 455,503 | 476,618 | 500,000 | 500,000 | - | - | - | - |
| 745190E53 | SP27154BE | Secondary | 7/1/2019 | 290,030 | 455,503 | 476,618 | 500,000 | 500,000 | - | - | - | - |
| 745190E61 | SP26280BE | Secondary | 7/1/2020 | 1,511,137 | 2,378,050 | 2,488,785 | 2,730,000 | 2,730,000 | - | - | - | - |
| 745190E61 | SP26806BE | Secondary | 7/1/2020 | 5,535,300 | 8,710,807 | 9,116,427 | 10,000,000 | 10,000,000 | - | - | - | - |
| 745190E61 | SP27141BE | Secondary | 7/1/2020 | 2,767,650 | 4,355,404 | 4,558,214 | 5,000,000 | 5,000,000 | - | - | - | - |
| 745190E79 | SP26280BE | Secondary | 7/1/2029 | 31,580,000 | 31,580,000 | 31,580,000 | 53,291,250 | 51,554,350 | - | 1,736,900 | - | - |
| 745190F94 | SP26314BE | Secondary | 7/1/2026 | 1,000,000 | 1,000,000 | 1,000,000 | 1,522,500 | 1,467,500 | - | 55,000 | - | - |
| 745190F94 | SP27362BE | Secondary | 7/1/2026 | 500,000 | 500,000 | 500,000 | 761,250 | 733,750 | - | 27,500 | - | - |
| 745190E61 | SP26804BE | Secondary | 7/1/2020 | 570,136 | 897,213 | 938,992 | 1,030,000 | 1,030,000 | - | - | - | - |
| 745190S82 | SP27373BE | Secondary | 7/1/2021 | 460,000 | 460,000 | 460,000 | 573,850 | 548,550 | - | 25,300 | - | - |
| 745190F78 | SP26300BE | Secondary | 7/1/2018 | 680,000 | 680,000 | 680,000 | 722,075 | 694,025 | - | 28,050 | - | - |
| 745190F66 | SP26300BE | Secondary | 7/1/2023 | 500,000 | 500,000 | 500,000 | 638,125 | 616,875 | - | 21,250 | - | - |
| 745190ZV3 | 26270BE | Primary | 7/1/2042 | 200,000 | 200,000 | 200,000 | 271,400 | 268,600 | - | 2,892 | - | - |
| **HTA-98 Total:** | | | | $445,862,999 | $484,825,573 | $468,684,764 | $824,453,544 | $773,953,281 | $28,517,613 | $20,504,490 | $24,775,545 | $24,780,000 |
| | | | | | | | | | | | | |
| **HTA Total:** | | | | $473,394,775 | $514,921,484 | $475,993,051 | $859,139,644 | $794,652,224 | $41,632,613 | $21,376,646 | $25,133,442 | $25,320,000 |

Notes:

(1) Par outstanding as of the Petition Date. It does not include principal accretion of capital appreciation bonds ("CAB").

(2) May 22, 2017 is used as Petition Date.

(3) Total Principal and Interest ("P&I") Oustanding is the remaining P&I payments as of the date of the column; 1) Petition Date or 2) June 1, 2018. HTA-98 bonds with CUSIPs 745190ZJ0 and 745190ZK7 are consumer price index ("CPI") variable rate bonds and CUSIP 745190ZV3 are London Interbank Offer Rate ("LIBOR") variable rate bonds. CPI bonds are assumed to have an interest rate of 4% and LIBOR bonds are assumed to have an interest rate of 1.4%.

(4) Face Amount is the principal due at Maturity. For CABs, Face Amount is total amount due at Maturity.

(5) For CUSIPs that are insured under multiple policies, Ambac's ownership is shown in the above table once under Ambac Bond Ownership to avoid double counting.

# Exhibit B

HTA_CONF 00016225

## Exhibit B

| HTA Bonds, Outstanding P&I Amounts, Insurance Payments Petition Date - May 22, 2017 | | | | |
|---|---|---|---|---|
| | Policy (s) | Insurance Payments Prior to May 22, 2017 | Insurance Payments After May 22, 2017 | Approx. Date of or Insurance Payment | Principal Interest Payment |

| | Policy (s) | Insurance Payments Prior to May 22, 2017 | Insurance Payments After May 22, 2017 | Approx. Date of or Insurance Payment | Principal or Interest Payment |
|---|---|---|---|---|---|
| HTA-98 2005K | SP27315BE | | $1,500,000 | 7/1/2017 | Principal |
| | SP27315BE | | 37,500 | 7/1/2017 | Interest |
| HTA-98 2005K | SP27163BE | | 1,000,000 | 7/1/2017 | Principal |
| | SP27163BE | | 25,000 | 7/1/2017 | Interest |
| HTA-98 1998A | 14922BE | | 25,112,613 | 7/1/2017 | Principal |
| | 14922BE | | 137,387 | 7/1/2017 | Interest |
| HTA-98 2007M | SP26300BE | | 250,000 | 7/1/2017 | Principal |
| | SP26300BE | | 29,650 | 7/1/2017 | Interest |
| | SP26300BE | | 24,650 | 1/1/2018 | Interest |
| HTA-98 2007M | SP26371BE | | 655,000 | 7/1/2017 | Principal |
| | SP26371BE | | 13,100 | 7/1/2017 | Interest |
| HTA-98 2005L | 24623BE | | 4,359,994 | 7/1/2017 | Interest |
| | 24623BE | | 4,359,994 | 1/1/2018 | Interest |
| HTA-98 2005K | SP27349BE | | 25,000 | 7/1/2017 | Interest |
| | SP27349BE | | 25,000 | 1/1/2018 | Interest |
| HTA-98 1998A | 15011BE | | 90,250 | 7/1/2017 | Interest |
| | 15011BE | | 90,250 | 1/1/2018 | Interest |
| HTA-98 2007N | 26270BE | | 3,969,973 | 7/1/2017 | Interest |
| | 26270BE | | 160,370 | 8/1/2017 | Interest |
| | 26270BE | | 144,671 | 9/1/2017 | Interest |
| | 26270BE | | 133,687 | 10/1/2017 | Interest |
| | 26270BE | | 137,570 | 11/1/2017 | Interest |
| | 26270BE | | 147,762 | 12/1/2017 | Interest |
| | 26270BE | | 3,962,894 | 1/1/2018 | Interest |
| | 26270BE | | 152,689 | 2/1/2018 | Interest |
| | 26270BE | | 160,515 | 3/1/2018 | Interest |
| | 26270BE | | 156,795 | 4/1/2018 | Interest |
| | 26270BE | | 154,139 | 5/1/2018 | Interest |
| | 26270BE | | 160,949 | 6/1/2018 | Interest |
| HTA-98 2007N | SP26280BE | | 868,450 | 7/1/2017 | Interest |
| | SP26280BE | | 868,450 | 1/1/2018 | Interest |
| HTA-98 2007N | SP26314BE | | 27,500 | 7/1/2017 | Interest |
| | SP26314BE | | 27,500 | 1/1/2018 | Interest |
| HTA-98 2007N | SP27362BE | | 13,750 | 7/1/2017 | Interest |
| | SP27362BE | | 13,750 | 1/1/2018 | Interest |
| HTA-98 2007N | SP27373BE | | 12,650 | 7/1/2017 | Interest |
| | SP27373BE | | 12,650 | 1/1/2018 | Interest |
| HTA-68 2005 BB | 24611BE | | 13,115,000 | 7/1/2017 | Principal |
| | 24611BE | | 608,213 | 7/1/2017 | Interest |
| | 24611BE | | 263,944 | 7/1/2017 | Interest |
| Total Claims | | $0 | $63,009,259 | | |

# Exhibit C

HTA_CONF 00016227

## Exhibit C: Estimated July 1, 2018 Payments for Puerto Rico Highways and Transportation Authority ("HTA") Bonds

| CUSIP | Policy | Policy Type | Maturity | Par Outstanding ("Out") (1) | July 1, 2018 Claim Payment Principal | Interest |
|---|---|---|---|---|---|---|
| **HTA 1968 Resolution** | | | | | | |
| 745181ZJ9 | 24611BE | Primary | 7/1/2017 | $13,115,000 | $0 | - |
| 745181ZK6 | 24611BE | Primary | 7/1/2018 | 10,055,000 | 10,055,000 | 263,944 |
| 745181F93 | SP26703BE | Secondary | 7/1/2027 | 2,789,220 | - | - |
| 745181C96 | SP26279BE | Secondary | 7/1/2025 | 460,509 | - | - |
| 745181D20 | SP26279BE | Secondary | 7/1/2026 | 428,153 | - | - |
| 745181B22 | S26281BE | Secondary | 7/1/2021 | 693,895 | - | - |
| **HTA-68 Total:** | | | | **$27,541,776** | **$10,055,000** | **$263,944** |
| | | | | | | |
| **HTA 1998 Resolution** | | | | | | |
| 745190R34 | SP27315BE | Secondary | 7/1/2017 | $1,500,000 | $0 | - |
| 745190R34 | SP27163BE | Secondary | 7/1/2017 | 1,000,000 | - | - |
| 745190AU2 | 14922BE | Primary | 7/1/2017 | 9,651,308 | - | - |
| 745190F60 | SP26300BE | Secondary | 7/1/2017 | 250,000 | - | - |
| 745190F60 | SP26371BE | Secondary | 7/1/2017 | 655,000 | - | - |
| 745190UQ9 | 24623BE | Primary | 7/1/2038 | 166,095,000 | - | 4,359,994 |
| 745190S66 | SP27349BE | Secondary | 7/1/2018 | 1,000,000 | 1,000,000 | 25,000 |
| 745190AV0 (3) | 14922BE | Primary | 7/1/2018 | 9,136,460 | 23,885,702 | 1,364,298 |
| 7451903T3 | 15011BE | Primary | 7/1/2028 | 3,610,000 | - | 90,250 |
| 745190ZJ0 | 26270BE | Primary | 7/1/2027 | 28,545,000 | - | 82,781 |
| 745190ZK7 | 26270BE | Primary | 7/1/2028 | 29,420,000 | - | 85,318 |
| 745190ZM3 | 26270BE | Primary | 7/1/2030 | 60,880,000 | - | 1,598,100 |
| 745190ZN1 | 26270BE | Primary | 7/1/2031 | 83,890,000 | - | 2,202,113 |
| *745190E53 | SP26280BE | Secondary | 7/1/2019 | 4,335,949 | - | - |
| *745190E53 | SP27142BE | Secondary | 7/1/2019 | 290,030 | - | - |
| *745190E53 | SP27154BE | Secondary | 7/1/2019 | 290,030 | - | - |
| *745190E61 | SP26280BE | Secondary | 7/1/2020 | 1,511,137 | - | - |
| *745190E61 | SP26806BE | Secondary | 7/1/2020 | 5,535,300 | - | - |
| *745190E61 | SP27141BE | Secondary | 7/1/2020 | 2,767,650 | - | - |
| *745190E79 | SP26280BE | Secondary | 7/1/2029 | 31,580,000 | - | 868,450 |
| 745190F94 | SP26314BE | Secondary | 7/1/2026 | 1,000,000 | - | 27,500 |
| 745190F94 | SP27362BE | Secondary | 7/1/2026 | 500,000 | - | 13,750 |
| *745190E61 | SP26804BE | Secondary | 7/1/2020 | 570,138 | - | - |
| 745190S82 | SP27373BE | Secondary | 7/1/2021 | 460,000 | - | 12,650 |
| 745190F78 | SP26300BE | Secondary | 7/1/2018 | 680,000 | 680,000 | 14,025 |
| 745190F86 | SP26300BE | Secondary | 7/1/2023 | 500,000 | - | 10,625 |
| 745190ZV3 | 26270BE | Primary | 7/1/2042 | 200,000 | - | 839 |
| **HTA-98 Total:** | | | | **$445,852,999** | **$25,565,702** | **$10,755,692** |
| | | | | | | |
| **HTA Total:** | | | | **$473,394,775** | **$35,620,702** | **$11,019,636** |

Notes:

(1) Par outstanding as of Petition Date. It does not include principal accretion of capital appreciation bonds ("CAB").

(2) May 22, 2017 is used as Petition Date.

(3) Principal payment is principal plus accretion through the Petition Date for the CAB. The difference between the total payment of $25.25mm and the principal payment is attributable to interest and is equal to interest accrued between Petition Date and Maturity Date

RECEIVED

JUN 2 7 2018

PRIME CLERK LLC

MILBANK, TWEED, HADLEY & McCLOY LLP
28 Liberty Street, New York, N.Y. 10005-1413

Sender's Name: D. O'Donnell                    42455-00000

<u>BY HAND</u>

Commonwealth of Puerto Rico
  Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue
Suite 412
Brooklyn, NY 11232
T: (844) 822-9231

HTA_CONF 00016229



# Prime Clerk

## __Brooklyn__

## CLAIM/BALLOT HAND DELIVERY
## CONFIRMATION SHEET

DATE RECEIVED:  6 - 27 - 18

CASE:  Puerto Rico

NO. OF CLAIMS:  3

NO. OF BALLOTS:  0

COPIES:

RECEIVED BY:  Christine

HTA_CONF 00016230