# Debtor's Ex. 40

**Debtor's Ex. 40**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☒ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

JUN 28 2018

PRIME CLERK LLC

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

☒ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

| **Part 1 / Parte 1** | **Identify the Claim / Identificar la reclamación** |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?**<br><br>**¿Quién es el acreedor actual?** | Financial Guaranty Insurance Company<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor _____ |



170328380027228

**Claim Number: 109975**

Proof of Claim

page 1

HTA_CONF 00016587

| | | | |
|---|---|---|---|
| 2. | **Has this claim been acquired from someone else?**<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☐ No / No<br>☐ Yes. From whom? ____<br>    Sí. ¿De quién? _____<br><br>*See addendum, attached hereto and incorporated herein by reference. | |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Derek M. Donnelly<br>Name / Nombre<br><br>463 Seventh Avenue<br>Number / Número    Street / Calle<br><br>New York, NY 10018<br>City / Ciudad    State / Estado    ZIP Code / Código postal<br><br>(212) 312-3000<br>Contact phone / Teléfono de contacto<br><br>Derek.Donnelly@fgic.com<br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?** (if different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)<br><br>Name / Nombre<br><br>Number / Número    Street / Calle<br><br>City / Ciudad    State / Estado    ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto | |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?**<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes.  Claim number on court claims registry (if known)____<br>    Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)____<br>    Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) |

| | | |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>    Sí. ¿Quién hizo la reclamación anterior?_____ |

<table>
<tr><td colspan="2" style="background:black;color:white"><b>Part 2 / Parte 2:</b></td><td><b>Give Information About the Claim as of the Petition Date</b><br><b>Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.</b></td></tr>
</table>

| | | |
|---|---|---|
| 6. | **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☐ No / No<br>☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>    Puerto Rico Highways and Transportation Authority |

| | | |
|---|---|---|
| 7. | **Do you supply goods and / or services to the government?**<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number / Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

HTA_CONF 00016588

| | | |
|---|---|---|
| 8. **How much is the claim?**<br><br>**¿Cuál es el importe de la reclamación?** | $12,740,725.40 liquidated as of the date of this Proof of Claim, plus $734,153,388.25 contingent as of the date of this claim, plus other contingent or liquidated amounts. See addendum, attached hereto and incorporated herein by reference. | **Does this amount include interest or other charges?**<br>**¿Este importe incluye intereses u otros cargos?**<br><br>☐ No / No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
| 9. **What is the basis of the claim?**<br><br>**¿Cuál es el fundamento de la reclamación?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>*See addendum, attached hereto and incorporated herein by reference. | |
| 10. **Is all or part of the claim secured?**<br><br>**¿La reclamación está garantizada de manera total o parcial?** | ☐ No / No<br>☒ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☐ Other. Describe:<br>Otro. Describir:  *See addendum, attached hereto and incorporated herein by reference.<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____<br>_____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)<br><br>**Value of property / Valor del bien:**          $_____<br>**Amount of the claim that is secured /**<br>**Importe de la reclamación que está garantizado:** $_____<br><br>**Amount of the claim that is unsecured /**<br>**Importe de la reclamación que no está garantizado:** $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____<br>_____<br><br>**Annual Interest Rate** (on the Petition Date)<br>_**Tasa de interés anual** (cuando se presentó el caso)_____%<br>☐ Fixed / Fija<br>☐ Variable / Variable | |
| 11. **Is this claim based on a lease?**<br><br>**¿Esta reclamación está basada en un arrendamiento?** | ☒ No / No<br><br>☐ Yes. **Amount necessary to cure any default as of the Petition Date.**<br>Sí. **Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso** $_____ | |

HTA_CONF 00016589

| 12. **Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ **Yes. Indicate the amount of your claim arising from the value of any goods received** $ _____<br>**by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**<br><br>Sí. **Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en las que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación.** |

## Part 3 / Parte 3:

**Sign Below / Firmar a continuación**

| **The person completing this claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**<br><br>Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma. | *Check the appropriate box / Marque la casilla correspondiente:*<br><br>☒ I am the creditor. / Soy el acreedor.<br>☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.<br><br>I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.<br><br>Executed on date / Ejecutado el  6/24/18  (MM/DD/YYYY) / (DD/MM/AAAA)<br><br>Signature / Firma _____<br><br>**Print the name of the person who is completing and signing this claim /** Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:<br><br>Name  Derek _____ Donnelly<br>      First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido<br><br>Title / Cargo  Senior Managing Diretor, Portfolio Risk Management<br><br>Company / Compañía  Financial Guaranty Insurance Company<br>      Identify the corporate servicer as the company if the authorized agent is a servicer.<br>      Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.<br><br>Address / Dirección  463 Seventh Avenue<br>      Number / Número    Street / Calle<br><br>      New York      NY      10018<br>      City / Ciudad      State / Estado      ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto  (212) 312-3000  Email / Correo electrónico  Derek.Donnelly@fgic.com |

HTA_CONF 00016590

# BUTLER | SNOW

June 27, 2018

**VIA FEDERAL EXPRESS**

Commonwealth of Puerto Rico Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

> Re:  Commonwealth of Puerto Rico - #17-03283
> Puerto Rico Highways and Transportation Authority - #17-3567

To Whom It May Concern:

    Enclosed are the original and one copy each of three separate Proof of Claims submitted by Financial Guaranty Insurance Company in the above referenced matters. Please return the stamped copies to me in the enclosed self-addressed envelope.

    If you have any questions, please do not hesitate to contact me. Thank you for your attention to this matter.

Respectfully submitted,

BUTLER SNOW LLP

J. Mitchell Carrington

JMC/vgj
Enclosures

42954541.v1

Post Office Box 6010
Ridgeland, MS 39158-6010

**J. MITCHELL CARRINGTON II**
601.985.4403
mitch.carrington@butlersnow.com

Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157

T 601.948.5711 • F 601.985.4500 • www.butlersnow.com
BUTLER SNOW LLP

HTA_CONF 00016591

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | PROMESA |
| as representative of | Title III |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | Case No. 17-BK-03567 (LTS) |
| Debtor.[1] | |

### ADDENDUM TO PROOF OF CLAIM
### OF FINANCIAL GUARANTY INSURANCE COMPANY

1.      Financial Guaranty Insurance Company ("**FGIC**") hereby submits this addendum to its proof of claim (together, the "**Proof of Claim**") against HTA in connection with those certain Puerto Rico Highways and Transportation Authority Transportation Revenue Bonds, Series G, Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds, Series H, Puerto Rico Highways and Transportation Authority Subordinated Transportation Revenue Bonds, Series 2003, Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds, Series I, Puerto Rico Highways and Transportation Authority Transportation Revenue Bonds, Series J, Puerto Rico Highways and

---

[1]      The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "**Commonwealth**") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (the Commonwealth, COFINA, HTA, ERS and PREPA, each a Debtor and collectively, the "**Debtors**") (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Transportation Authority Transportation Revenue Refunding Bonds, Series L, and Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds, Series N.

2. On June 30, 2016, the Financial Oversight and Management Board for Puerto Rico (the "*Oversight Board*") was established in accordance with section 101(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("*PROMESA*"). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members. On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA section 304(a) in the United States District Court for the District of Puerto Rico (the "*Court*"), commencing a case under Title III thereof ("*HTA's Title III Case*").

3. Pursuant to an order, dated February 18, 2018 [Dkt. No. 2521] and a subsequent order, dated May 25, 2018 [Dkt. No. 3160] (collectively, the "*Bar Date Order*"), the Court established June 29, 2018 as the "Bar Date" to assert any claims against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for the Debtors' Title III cases. As more fully described herein, FGIC submits this Proof of Claim for amounts and other obligations that are owed or may be owed under the Documents (as defined below) (all such obligations, the "*Claims*").

4. FGIC has not attached supporting documents relating to the Claims as such documents are voluminous and in the possession of the Debtor or are otherwise publicly available. FGIC will furnish the Debtor with copies of any pertinent documentation upon request or as otherwise required by order of the Court, and all pertinent documentation is hereby incorporated into this Proof of Claim by reference. The descriptions provided herein are summaries of the underlying Claims and documentation supporting such Claims, and the failure

HTA_CONF 00016593

to reference any specific provision within such documentation shall not constitute a waiver by Claimant as to the contents therein. The Plan of Rehabilitation (as defined below), insurance policies, insurance agreements, trust agreements, security documents, bond resolutions and any and all other documents related to the foregoing are referred to collectively herein as the "***Documents***." Certain of those Documents include, without limitation, those identified on "***Schedule I***," which is attached hereto and incorporated by reference.

## Basis for the Claims

5.    FGIC is a provider of financial guaranty insurance, which is a type of insurance whereby an insurer guarantees scheduled payments of interest and principal as and when due on a bond or other obligation. FGIC insures scheduled principal and interest payments when due on public finance, structured finance and other obligations. Under relevant provisions of the applicable bond documents, bond insurance policies, insurance agreements, and applicable law, FGIC is afforded certain rights with respect to the obligations it insures and is treated as the holder of the bonds it insures so long as FGIC has not failed to honor its obligations under the policies. In addition, payment by FGIC under a policy neither satisfies nor discharges an issuer's obligation to pay and, to the extent FGIC makes such payments, it obtains assignments of rights from the bondholders, becomes owner of the bonds, and/or becomes subrogated to the rights of bondholders and effectively steps into the shoes of such bondholders.

### A.    FGIC Rehabilitation

6.    On June 28, 2012, the Superintendent of Financial Services of the State of New York was appointed rehabilitator of FGIC by the Supreme Court of the State of New York (the "***Rehabilitation Court***") in connection with the rehabilitation proceeding captioned *In the Matter of the Rehabilitation of Financial Guaranty Insurance Company*, Index No. 401265/2012 (the "***Rehabilitation Proceeding***"). On June 11, 2013, the Rehabilitation Court issued an order

3

approving the First Amended Plan of Rehabilitation for FGIC, dated June 4, 2013 (together with the Plan Supplement (as defined therein) and all exhibits thereto, including the Restructured Policy Terms (as defined therein), the "***Plan of Rehabilitation***") and authorizing the implementation of the Plan of Rehabilitation.[2]  On August 19, 2013, the Plan of Rehabilitation became effective and, as provided in the Restructured Policy Terms, modified each of FGIC's policies. See Restructured Policy Terms § 3.1 ("From and after the Effective Date, the Plan shall (i) become part of each Policy and shall supersede any provision of any Policy that is inconsistent with the Plan and (ii) govern treatment of all Claims under Policies that have not been paid in full as of the date of the Order of Rehabilitation."); *see also* Plan of Rehabilitation § 3.1 ("Effective as of the Effective Date, any and all Policies in force as of the Effective Date . . . automatically and without any further actions . . . shall be modified by the Plan. The Plan shall supersede any and all provisions of each Policy that are inconsistent with the Plan."). Generally, the Restructured Policy Terms provide that FGIC will pay a certain percentage (the "***CPP***") of each permitted policy claim in cash with the remainder of the permitted policy claim treated as a deferred payment obligation (a "***DPO***"), paid if and to the extent excess cash becomes available, in accordance with the terms of the Plan of Rehabilitation.

### B.      FGIC Insured Bonds[3]

7.      HTA is a public corporation created by Act 74-1965 (the "***HTA Enabling Act***") to assume responsibility for the construction of highways and other transportation systems in Puerto Rico. *See* 9 L.P.R.A. § 2002. Under the HTA Enabling Act, HTA has the power to "sue

---

[2] Capitalized terms used but not defined in this paragraph 14 shall have the meanings ascribed to them in the Plan of Rehabilitation. The summary and description of the Plan of Rehabilitation in this paragraph 14 is qualified in its entirety by reference to the Plan of Rehabilitation. A copy of the Plan of Rehabilitation is accessible at the following address: http://fgic.com/policyholderinfocenter/planrehadexibits.pdf.

[3] The Series G & H TRBs, the Subordinated TRBs, the Series I & J TRBs, the Series L TRBs and the Series N TRBs, and any obligations representing an interest in any of the foregoing, collectively, the "***Insured Bonds***".

4

HTA_CONF 00016595

and be sued," to "make contracts and to execute all instruments necessary or incidental in the exercise of any of its powers," and to issue bonds. 9 L.P.R.A. § 2004(g), (h), (*l*). Pursuant to the HTA Enabling Act, HTA has issued certain bonds (the "***HTA Bonds***") under resolutions (the "***HTA Resolutions***") executed in 1968 and 1998

8. Pursuant to the HTA Enabling Act and the HTA Resolutions, the HTA Bonds are secured by HTA's property and revenues, as well as by any tax "made available to [HTA] by the Commonwealth." 9 L.P.R.A. § 2004(*l*). More specifically, the HTA Bonds are secured by a lien on (i) revenues derived from HTA's toll facilities; (ii) gasoline, diesel, crude oil, and other excise taxes levied by the Commonwealth pursuant to Act 34-1997, Act 1-2011, and Act 1-2015 (the "***Excise Taxes***"); and (iii) motor vehicle license fees imposed under Act 22-2000 (the "***Vehicle Fees***", and together with the Excise Taxes, the "***HTA Pledged Funds***"). The Commonwealth covenanted with the holders of the HTA Bonds in the HTA Enabling Act that it would "not limit or restrict the rights or powers . . . vested in [HTA by the HTA Enabling Act] until all such bonds at any time issued, together with the interest thereon, are fully met and discharged." 9 L.P.R.A. § 2019. HTA's rights and powers under the HTA Enabling Act include the right and the power to secure the HTA Bonds through a pledge of the HTA Pledged Funds. *See* 9 L.P.R.A. § 2004(*l*).

9. Under its insurance agreements and policies insuring payment of principal of and interest on the HTA Bonds, FGIC is deemed to be the sole owner of the PRHTA Bonds that FGIC insures for purposes of, or otherwise has control rights over, consents and other bondholder actions, including exercising rights and remedies of HTA Bondholders. FGIC is also recognized as third-party beneficiaries under the HTA Resolutions.

      **i.** **Transportation Revenue Bonds, Series G, and Transportation Revenue Refunding Bonds, Series H**

5

10. HTA issued $635,685,000 in principal amount of Puerto Rico Highways and Transportation Authority Transportation Revenue Bonds, Series G, and Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds, Series H (the "*Series G & H TRBs*") pursuant to those certain *Puerto Rico Highways and Transportation Authority Resolution No. 98-06 Authorizing and Securing Transportation Revenue Bonds, Adopted February 26, 1998* and *Resolution No. 2003-24, Adopted as of April 10, 2003*. FGIC insured the payment of principal of and interest on $160,400,000 in principal amount of Series G & H TRBs. Following HTA's default with respect to debt service payments due on the Series G & H TRBs, FGIC made required payments in the amount of $323,949.87 in respect of claims submitted under FGIC's insurance policy insuring certain of the defaulted Series G & H TRBs and in accordance with the Plan of Rehabilitation.

11. Pursuant to that certain *Municipal Bond New Issue Insurance Policy*, Policy Number 03010506 (the "*Series G & H TRBs Insurance Policy*"), for those Series G & H TRBs principal and interest payments that FGIC is required to pay due to payment default, FGIC "shall become the owner of the [Series G & H TRBs], appurtenant coupon or right to payment of principal or interest on such [Series G & H TRBs] and shall be fully subrogated to all of the Bondholder's rights thereunder, including the right to payment thereof."

### ii. Subordinated Transportation Revenue Bonds (Series 2003)

12. HTA issued $320,545,000 in principal amount of Puerto Rico Highways and Transportation Authority Subordinated Transportation Revenue Bonds (Series 2003) (the "*Subordinated TRBs*") pursuant to those certain *Puerto Rico Highways and Transportation Authority Resolution No. 98-06 Authorizing and Securing Transportation Revenue Bonds, Adopted February 26, 1998* and *Resolution No. 2003-24, Adopted as of April 10, 2003*. FGIC insured the payment of principal of and interest on $140,235,000 in principal amount of

6

HTA_CONF 00016597

Subordinated TRBs. Following HTA's default with respect to debt service payments due on the Subordinated TRBs, FGIC made required payments in the amount of $6,058,204.35 in respect of claims submitted under FGIC's insurance policies insuring certain of the defaulted Subordinated TRBs and in accordance with the Plan of Rehabilitation.

13.     Pursuant to those certain *Municipal Bond New Issue Insurance Policy*, Policy Number 03010507, *Municipal Bond Whole Maturity Secondary Market Insurance Policy*, Policy Number 03020048, *Municipal Bond Partial Maturity Secondary Market Insurance Policy*, Policy Number 03020049, and *Municipal Bond Partial Maturity Secondary Market Insurance Policy*, Policy Number 03020051 (the "***Subordinated TRBs Insurance Policies***"), for those Subordinated TRBs principal and interest payments that FGIC is required to pay due to payment default, FGIC "shall become the owner of the [Subordinated TRBs], appurtenant coupon or right to payment of principal or interest on such [Subordinated TRBs] and shall be fully subrogated to all of the Bondholder's rights thereunder, including the right to payment thereof."

### iii.     Transportation Revenue Refunding Bonds, Series I, and Transportation Revenue Bonds, Series J

14.     HTA issued $488,235,000 in principal amount of Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds, Series I, and Puerto Rico Highways and Transportation Authority Transportation Revenue Bonds, Series J (the "***Series I & J TRBs***") pursuant to those certain *Puerto Rico Highways and Transportation Authority Resolution No. 98-06 Authorizing and Securing Transportation Revenue Bonds, Adopted February 26, 1998* and *Resolution No. 2004-20, Adopted as of April 7, 2004*. FGIC insured the payment of principal of and interest on $95,625,000 in principal amount of Series I & J TRBs. Following HTA's default with respect to debt service payments due on the Series I & J TRBs, FGIC made required payments in the amount of $1,618,711.06 in respect of claims submitted

7

HTA_CONF 00016598

under FGIC's insurance policy insuring certain of the defaulted Series I & J TRBs and in accordance with the Plan of Rehabilitation.

15.     Pursuant to that certain *Municipal Bond New Issue Insurance Policy*, Policy Number 04010258, (the "***Series I & J TRBs Insurance Policy***"), for those Series I & J TRBs principal and interest payments that FGIC is required to pay due to payment default, FGIC "shall become the owner of the [Series I & J TRBs], appurtenant coupon or right to payment of principal or interest on such [Series I & J TRBs] and shall be fully subrogated to all of the Bondholder's rights thereunder, including the right to payment thereof."

### iv.     Transportation Revenue Refunding Bonds, Series L

16.     HTA issued $598,285,000 in principal amount of Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds, Series L (the "***Series L TRBs***") pursuant to those certain *Puerto Rico Highways and Transportation Authority Resolution No. 98-06 Authorizing and Securing Transportation Revenue Bonds, Adopted February 26, 1998* and *Resolution No. 2005-28, Adopted as of September 22, 2005*. FGIC insured the payment of principal of and interest on $48,015,000 in principal amount of Series L TRBs. Following HTA's default with respect to debt service payments due on the Series L TRBs, FGIC made required payments in the amount of $524,427.75 in respect of claims submitted under FGIC's insurance policy insuring certain of the defaulted Series L TRBs and in accordance with the Plan of Rehabilitation.

17.     Pursuant to that certain *Municipal Bond New Issue Insurance Policy*, Policy Number 05010655 (the "***Series L TRBs Insurance Policy***"), for those Series L TRBs principal and interest payments that FGIC is required to pay due to payment default, FGIC "shall become the owner of the [Series L TRBs], appurtenant coupon or right to payment of principal or interest

HTA_CONF 00016599

on such [Series L TRBs] and shall be fully subrogated to all of the Bondholder's rights thereunder, including the right to payment thereof."

**v.    Transportation Revenue Refunding Bonds, Series N**

18.    HTA issued $1,502,904,943.95 in principal amount of Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds, Series N (the "***Series N TRBs***") pursuant to those certain *Puerto Rico Highways and Transportation Authority Resolution No. 98-06 Authorizing and Securing Transportation Revenue Bonds, Adopted February 26, 1998* and *Resolution No. 2007-09, Adopted as of February 15, 2007, as amended by Resolution No. 2007-15, Adopted as of February 27, 2007*. FGIC insured the payment of principal of and interest on $263,790,000 in principal amount of Series N TRBs. Following HTA's default with respect to debt service payments due on the Series N TRBs, FGIC made required payments in the amount of $4,215,432.38 in respect of claims submitted under FGIC's insurance policy insuring certain of the defaulted Series N TRBs and in accordance with the Plan of Rehabilitation.

19.    Pursuant to that certain *Municipal Bond New Issue Insurance Policy*, Policy Number 07010057 (the "***Series N TRBs Insurance Policy***"), for those Series N TRBs principal and interest payments that FGIC is required to pay due to payment default, FGIC "shall become the owner of the [Series N TRBs], appurtenant coupon or right to payment of principal or interest on such [Series N TRBs] and shall be fully subrogated to all of the Bondholder's rights thereunder, including the right to payment thereof."

## Components of the Claims

**A.    Policy Payments**

9

20.     As of the date of this Proof of Claim, in accordance with the Documents, FGIC has made payments (such payments, the "***Policy Payments***") in the aggregate amount of $12,740,725.40 in connection with amounts due and owing, but unpaid, on the Insured Bonds.

21.     In addition to FGIC's rights under the Documents, HTA is obligated, under applicable law, to reimburse FGIC for any amounts so paid, as well as for any costs of collection and enforcement (the "***Collection Costs***"), together with interest on the foregoing from the date paid or incurred to the date of payment at the rate specified in the applicable Documents or otherwise prescribed by applicable law. FGIC has already, and will continue to, incur substantial Collection Costs in undertaking to enforce its rights and remedies with respect to the Insured Bonds.  Such costs are still accruing and their full amount is subject to further documentation and allocation, which will be undertaken prior to disposition of the Claims.

### B.     Subrogation

22.     To the extent FGIC makes a payment of principal or interest on the Insured Bonds in accordance with the terms of the Insurance Policies,[4] FGIC will be subrogated to the rights of the owners of the Insured Bonds.

23.     Therefore, by this Proof of Claim, FGIC asserts the following subrogation Claim:

(i)     $12,740,725.40 representing the liquidated amount of the required Policy Payments made by FGIC in connection with the Insured Bonds (or coupons thereof or rights to payment therein);

(ii)     Not less than $734,153,388.25, representing the contingent and/or unliquidated insurance obligations that FGIC may be obligated to pay pursuant to the Documents; comprised of an amount of not less than $431,225,000.00, representing the principal amount of the Insured Bonds maturing after the date of this Proof of Claim, and an amount currently projected to be approximately $302,928,388.25 in interest on such Insured

_____

[4] The Series G & H TRBs Insurance Policy, the Subordinated TRBs Insurance Policies, the Series I & J TRBs Insurance Policy, the Series L TRBs Insurance Policy and the Series N TRBs Insurance Policy, collectively, the "***Insurance Policies***".

HTA_CONF 00016601

Bonds that accrued or accrues after date of the commencement of the Commonwealth's Title III Case; and

(iii) Not less than $25,867,533.36, representing the contingent and/or unliquidated amounts equal to the DPO with respect to the Insured Bonds that FGIC may be obligated to pay in accordance with the Plan of Rehabilitation.

24. In addition to its subrogation Claim under the Insurance Policies and other Documents, FGIC expressly reserves any and all rights it may have to subrogation or reimbursement under, among other things, applicable state law, common law, PROMESA or the Bankruptcy Code.[5]

## C. Assignment under the Insurance Policies

25. Pursuant to the Insurance Policies, FGIC's obligation to make payments to holders of the Insured Bonds with respect to unpaid principal and interest on the Insured Bonds is expressly conditioned on such holders assigning, pursuant to the appropriate instruments of assignment (or coupons thereof or right to payment therein), to FGIC. *See e.g.,* Series G & H TRBs Insurance Policy (providing that the fiscal agent will not disburse payment on a policy claim to a bondholder until it has received "evidence, including any appropriate instruments of assignment, that all of the Bondholder's rights to payment of such principal or interest [satisfied pursuant to the Series G & H TRBs Insurance Policy] shall thereupon vest in [FGIC]"); *id* (providing that, upon payment of a claim, FGIC shall "become the owner of the Bond, appurtenant coupon or right to payment of principal or interest on such Bond").

26. Therefore, by this Proof of Claim, FGIC asserts a liquidated Claim in an amount not less than $12,740,725.40, which is due and owing in connection with the Insured Bonds (or coupons thereof or rights to payment therein) assigned to FGIC upon the disbursement of the Policy Payments. Furthermore, to the extent FGIC makes any further payments in accordance

---

[5] Title 11 of the United States Code, the "***Bankruptcy Code***".

11

with Documents and receives an assignment of certain of the Insured Bonds (or coupons thereof or rights to payment therein) pursuant to the respective Insurance Policies, FGIC asserts a contingent and/or unliquidated Claim for any amounts due and owing in connection with such Insured Bonds (or coupons thereof or rights to payment therein).

### D.   FGIC is Holder of Insured Bonds

27.   As of the date of this Proof of Claim, FGIC has purchased and is the beneficial owner of certain Insured Bonds in the amount of $9,384,000. Such amount may increase or decrease, and a certain amount will be determined prior to the disposition to this Proof of Claim.

### E.   Fees and Expenses

28.   FGIC asserts a contingent and/or unliquidated claim for the amount of any and all costs, expenses, and fees incurred in connection with the Insured Bonds, including, without limitation, any applicable accretion on any DPO in respect of the Insured Bonds, all to the extent allowed under PROMESA and by applicable law.

### F.   Other Claims

29.   In addition to the Claims set forth herein and any and all rights and remedies FGIC may now have (or may hereafter acquire) under the Documents, FGIC reserves the right to assert a Claim for all other amounts that HTA may owe to FGIC under the Documents, whether accruing before or after the commencement date of HTA's Title III Case, and whether contingent, unliquidated or liquidated.

30.   Further, FGIC has unsecured Claims (i) arising under the Contracts Clauses; (ii) arising under the Takings Clauses; (iii) arising under the Due Process Clauses; (iv) arising under Section 407 of PROMESA; and (v) for breaches of the Documents, as applicable.

12

## **Reservation of Rights**

31.     FGIC does not waive or release, and expressly reserves, all rights and remedies at law or in equity that it has or may have against HTA and/or any other person or entity.

32.     FGIC reserves the right to amend, modify, supplement, reclassify, or otherwise revise this Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the Claims set forth herein, to fix the amount of any contingent and/or unliquidated part of the Claims, to assert additional grounds for any of the Claims, or to reflect any and all additional claims of whatever kind or nature that FGIC has or may have against HTA, including, without limitation, any claims arising after the commencement date of HTA's Title III Case.

33.     The execution and filing of this Proof of Claim is not and shall not be deemed any of the following: (i) a waiver of any rights or remedies of FGIC under any agreement or applicable law; (ii) a waiver of any right to assert that the security or priority of any Claim asserted herein is that of an administrative expense, an unsecured claim, a secured claim, or a priority claim in this case; (iii) a waiver of the right to challenge the jurisdiction of this Court, with respect to the subject matter of the Claims asserted herein, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving FGIC; (iv) a waiver or release by FGIC of its right to trial by jury or a consent by FGIC to a trial by jury in this Court or any other court; (v) a consent to the entry by this Court of a final judgment with respect to the Claims asserted herein or any other matter; (vi) an election of remedies that waives or otherwise affects any other remedy; (vii) a waiver or release of FGIC's claims or rights against any other entity or person that may be liable for all or any part of the Claims or any matters related to the Claims; and/or (viii) a waiver of any right related to any plan of adjustment proposed under Title III of PROMESA. Neither this Proof of

13

HTA_CONF 00016604

Claim nor any of its contents shall be deemed or construed as an acknowledgement or admission of any liability or obligation on the part FGIC. FGIC specifically reserves all of its defenses and rights, procedural and substantive, including, without limitation, its rights with respect to any claim that may be asserted against FGIC or any of its affiliates, by HTA or any other party.

34.     FGIC reserves all rights with respect to any and all claims under the Insurance Policies and Documents, including with respect to setoff, recoupment, or otherwise.

35.     Although FGIC is not aware of any other entity filing a proof of claim relating to FGIC's claims set forth herein, upon information and belief the applicable fiscal agent and/or trustee is filing proofs of claim on behalf of the holders of the Insured Bonds. Nothing contained in this Proof of Claim is intended to, or shall, waive, amend, or modify any rights of FGIC preserved by or asserted through (whether directly or indirectly) any proof of claim filed by the applicable fiscal agent and/or trustee with respect to the Insured Bonds.

### Right of Setoff

36.     FGIC reserves all rights of setoff and recoupment that it may have. To the extent HTA asserts any claim against FGIC, FGIC shall have a secured claim to the extent of its right of setoff under section 553 of the Bankruptcy Code against such claim with respect to the Claims asserted herein and any amendments thereto.

### Claims Arising on or after the Commencement Date

37.     The filing of this Proof of Claim does not waive, alter, or otherwise affect any rights FGIC may have with respect to any claims created or otherwise arising on or subsequent to the commencement date of HTA's Title III Case that are entitled to administrative priority. FGIC expressly reserves its right to file any and all such claims or similar claims at the appropriate time.

### Notice

14

38.     Copies of all notices and communications concerning this Proof of Claim should

be sent to:

> Derek Donnelly
> FINANCIAL GUARANTY INSURANCE
> COMPANY
> 463 Seventh Avenue
> New York, New York 10018
> Telephone: (212) 312-3000
> Email: derek.donnelly@fgic.com
>
> **With copies to:**
>
> María E. Picó
> REXACH & PICÓ, CSP
> 802 Ave. Fernández Juncos
> San Juan PR 00907-4315
> Telephone: (787) 723-8520
> Facsimile: (787) 724-7844
> E-mail:mpico@rexachpico.com
>
> Martin A. Sosland
> BUTLER SNOW LLP
> 5430 LBJ Freeway, Suite 1200
> Dallas, TX 75240
> Telephone: (469) 680-5502
> Facsimile: (469) 680-5501
> E-mail:martin.sosland@butlersnow.com
>
> Stanford G. Ladner
> BUTLER SNOW LLP
> 1700 Broadway, 41st Floor
> New York, NY 10019
> Telephone: (646) 606-3996
> Facsimile: (646) 606-3995
> E-mail:stan.ladner@butlersnow.com
>
> Christopher R. Maddux
> J. Mitchell Carrington
> BUTLER SNOW LLP
> 1020 Highland Colony Parkway, Suite 1400
> Ridgeland, MS 39157
> Telephone: (601) 985-4502
> Facsimile: (601) 985-4500
> E-mail:chris.maddux@butlersnow.com
>          mitch.carrington@butlersnow.com

15

HTA_CONF 00016606

*Attorneys for Financial Guaranty Insurance
Company*

42294257.v11

16

HTA_CONF 00016607

## SCHEDULE 1

This table summarizes all Bond Documents relied upon in this Proof of Claim.

| HTA | | | |
|---|---|---|---|
| **Series** | **Authorizing Resolutions** | **Other Documents** | **Policies** |
| Transportation Revenue Bonds (Series G) & Transportation Revenue Refunding Bonds (Series H) | HTA Resolution No. 98-06, adopted February 26, 1998<br><br>HTA Resolution No. 68-18, adopted June 13, 1968<br><br>HTA Resolution No. 2003-24, adopted April 10, 2003 | Act No. 74, approved June 23, 1965, as amended (the "Enabling Act")<br><br>Agreement Regarding Bond Insurance, dated as of April 29, 2003, by and between HTA and the fiscal agent under Resolution No. 98-06<br><br>All other ancillary agreements, certificates, opinions and other documents executed in connection with the issuance of the Bonds | #03010506 |
| Subordinated Transportation Revenue Bonds (Series 2003) | HTA Resolution No. 98-06, adopted February 26, 1998<br><br>HTA Resolution No. 68-18, adopted June 13, 1968<br><br>HTA Resolution No. 2003-24, adopted April 10, 2003 | Act No. 74, approved June 23, 1965, as amended (the "Enabling Act")<br><br>Agreement Regarding Bond Insurance, dated as of April 29, 2003, by and between HTA and the fiscal agent under Resolution No. 98-06<br><br>All other ancillary agreements, certificates, opinions and other documents executed in connection with the issuance of the Bonds. | #03010507<br>#03020048<br>#03020049<br>#03020051 |
| Transportation Revenue Bonds (Series I) & Transportation Revenue Refunding Bonds (Series J) | HTA Resolution No. 98-06, adopted February 26, 1998<br><br>HTA Resolution No. 68-18, adopted June 13, 1968<br><br>HTA Resolution No. 2004-20, adopted April 7, 2004 | Act No. 74, approved June 23, 1965, as amended (the "Enabling Act")<br><br>Agreement Regarding Bond Insurance, dated as of April 20, 2004, by and among HTA, the fiscal agent under Resolution No. 98-06 and FGIC<br><br>All other ancillary agreements, | #04010258 |

| | | certificates, opinions and other documents executed in connection with the issuance of the Bonds | |
|---|---|---|---|
| Transportation Revenue Bonds (Series L) | HTA Resolution No. 98-06, adopted February 26, 1998<br><br>HTA Resolution No. 68-18, adopted June 13, 1968<br><br>HTA Resolution No. 2005-28, adopted September 22, 2005 | Act No. 74, approved June 23, 1965, as amended (the "Enabling Act")<br><br>Agreement Regarding Bond Insurance, dated as of April 20, 2004, by and between HTA and the fiscal agent under Resolution No. 98-06<br><br>All other ancillary agreements, certificates, opinions and other documents executed in connection with the issuance of the Bonds | #05010655 |
| Transportation Revenue Bonds (Series N) | HTA Resolution No. 98-06, adopted February 26, 1998<br><br>HTA Resolution No. 68-18, adopted June 13, 1968<br><br>HTA Resolution No. 2007-09, adopted February 15, 2007, as amended by HTA Resolution No. 2007-15, adopted February 27, 2007 | Act No. 74, approved June 23, 1965, as amended (the "Enabling Act")<br><br>Agreement Regarding Bond Insurance, dated as of March 6, 2007, by and between HTA and the fiscal agent under Resolution No. 98-06<br><br>All other ancillary agreements, certificates, opinions and other documents executed in connection with the issuance of the Bonds | #07010057 |

42348230.v1

HTA_CONF 00016609

Page 1 of 2

ORIGIN ID:FBTA     (844) 822-9231
PRIME CLERK LLC
COMMONWEALTH OF PUERTO RICO CLAIMS
850 THIRD AVE.
SUITE 412
BROOKLYN, NY 11232
UNITED STATES US

SHIP DATE: 27JUN18
ACTWGT: 1.50 LB
CAD: 104023345/INET3980

TO  VELVET JOHNSON
    BUTLER SNOW LLP
    1020 HIGHLAND COLONY STE 1400

    RIDGELAND MS 39157
(601) 985-4166          REF: 186925
INV:
PO:                           DEPT:

RMA:





FedEx
Express

E

TRK#
0221   **7908 3700 2867**

RETURNS MON-FRI
STANDARD OVERNIGHT

39157

MS-US



RECEIVED

JUN 2 8 2018

PRIME CLERK LLC

Page 1 of 1

ORIGIN ID:JANA          (601) 985-4166
VELVET JOHNSON
BUTLER SNOW LLP
1020 HIGHLAND COLONY STE 1400

RIDGELAND, MS 39157
UNITED STATES US

SHIP DATE: 27JUN18
ACTWGT: 1.50 LB
CAD: 104023345/INET3980

BILL SENDER

TO  PRIME CLERK LLC
    COMMONWEALTH OF PUERTO RICO CLAIMS
    850 THIRD AVE.
    SUITE 412
    BROOKLYN NY 11232
    (844) 822-9231          REF: 186925
INV:
PO:                                  DEPT:


FedEx Express

THU - 28 JUN 10:30A
PRIORITY OVERNIGHT

TRK#
0201  7725 7912 3628

XA FBTA          11232
         NY-US  EWR



Received
JUN 2 8 2018

Prime Clerk LLC

HTA_CONF 00016611