# Debtor's Ex. 41

Debtor's Ex. 41

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☒ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |





170328380000098

☑ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación                    04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como reclamación con prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

**1.** **Who is the current creditor?**

¿Quién es el acreedor actual?

National Public Finance Guarantee Corporation

Name of the current creditor (the person or entity to be paid for this claim)
Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor       MBIA Insurance Corp. (MBIA Corp.)
Otros nombres que el acreedor usó con el deudor

HTA_CONF 00016763

| | |
|---|---|
| 2. **Has this claim been acquired from someone else?**<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☒ No / No<br>☐ Yes. From whom?<br>   Sí. ¿De quién? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

**Where should notices to the creditor be sent?**
¿A dónde deberían enviarse las notificaciones al acreedor?

Legal Department c/o Gary Saunders
Name / Nombre

1 Manhattanville Road
Number / Número      Street / Calle

Purchase        NY         10577
City / Ciudad    State / Estado    ZIP Code / Código postal

914.765.3333
Contact phone / Teléfono de contacto

Contact email / Correo electrónico de contacto

**Where should payments to the creditor be sent?** (if different)
¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)

Name / Nombre

Number / Número      Street / Calle

City / Ciudad    State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto.

Contact email / Correo electrónico de contacto

| | |
|---|---|
| 4. **Does this claim amend one already filed?**<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>   Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>   Filed on / Presentada el _____(MM /DD/YYYY) / (DD/MM/AAAA) |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>   Sí. ¿Quién hizo la reclamación anterior?_____ |

**Part 2 / Parte 2:**   **Give Information About the Claim as of the Petition Date**
**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| | |
|---|---|
| 6. **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☒ No / No<br>☐ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>   Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |
| 7. **Do you supply goods and / or services to the government?**<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

HTA_CONF 00016764

| 8. How much is the claim?  ¿Cuál es el importe de la reclamación? | $ <u>See attached addendum</u>  **Does this amount include interest or other charges?**  ¿Este importe incluye intereses u otros cargos?  ☐ No / No  ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).  Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
|---|---|
| **9. What is the basis of the claim?**  ¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.  Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.  <u>See attached addendum</u> |
| **10. Is all or part of the claim secured?**  ¿La reclamación está garantizada de manera total o parcial? | ☐ No / No  ☒ Yes. The claim is secured by a lien on property.  Sí. La reclamación está garantizada por un derecho de retención sobre un bien.  **Nature of property / Naturaleza del bien:**  ☐ Motor vehicle / Vehículos  ☒ Other. Describe:  Otro. Describir:  <u>See attached addendum</u>  **Basis for perfection / Fundamento de la realización de pasos adicionales:** _____  _____  Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)  Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)  **Value of property / Valor del bien:**   $_____  **Amount of the claim that is secured /**  **Importe de la reclamación que está garantizado:** $_____  **Amount of the claim that is unsecured /**  **Importe de la reclamación que no está garantizado:** $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)  (La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)  **Amount necessary to cure any default as of the Petition Date /**  **Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____  _____  **Annual Interest Rate** (on the Petition Date)  Tasa de interés anual (cuando se presentó el caso)_____%  ☐ Fixed / Fija  ☐ Variable / Variable |
| **11. Is this claim based on a lease?**  ¿Esta reclamación está basada en un arrendamiento? | ☒ No / No  ☐ Yes. **Amount necessary to cure any default as of the Petition Date.**  Sí. **Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso** $_____ |

HTA_CONF 00016765

| | |
|---|---|
| **12. Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.?** | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received   $_____<br>by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3:     Sign Below / Firmar a continuación

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☒ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   5/22/18   (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

| | | | |
|---|---|---|---|
| Name | Gary<br>First name / Primer nombre | Alan<br>Middle name / Segundo nombre | Saunders<br>Last name / Apellido |
| Title / Cargo | Managing Director, Deputy General Counsel / Asst. Secretary | | |
| Company / Compañía | National Public Finance Guarantee Corporation | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer.<br>Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador. | | |
| Address / Dirección | 1 Manhattanville Road<br>Number / Número        Street / Calle | | |
| | Purchase<br>City / Ciudad | NY<br>State / Estado | 10577<br>ZIP Code / Código postal |
| Contact phone / Teléfono de contacto | 914.765.3923 | Email / Correo electrónico | gary.saunders@mbia.com |

Modified Official Form 410                      Proof of Claim                                     page 4

HTA_CONF 00016766

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, | |
| Debtor. | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3567-LTS |
| PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY, | |
| Debtor. | |

**ADDENDUM TO PROOF OF CLAIM OF
NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION**

**PRHTA Transportation Bonds**

1.       National Public Finance Guarantee ("**National**") hereby submits this addendum to its proof of claim (together, the "**Proof of Claim**") against the Puerto Rico Highways and Transportation Authority ("**PRHTA**").

2.       On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") commenced a proceeding on behalf of the Commonwealth of Puerto Rico (the "**Commonwealth**") under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**").  On May 21, 2017 (the "**Petition**

Date"), the Oversight Board commenced a proceeding on behalf of PRHTA under Title III of PROMESA.

3.       Pursuant to an order, dated February 15, 2018 [Case No. 17-3283, Docket No. 2521], the Court established May 29, 2018 as the "Bar Date" to assert any claims against PRHTA that arose prior to the Petition Date.  As more fully described herein, National submits this Proof of Claim for amounts and other obligations that are owed or may be owed under the Documents (as defined below) (all such obligations, the "**Claims**").

### Basis for the Claims

4.       **PRHTA and the PRHTA Bonds**.  PRHTA was created by Act No. 74-1965 (the "**PRHTA Enabling Act**"), to assume responsibility for the construction of highways and other transportation systems in Puerto Rico.  Pursuant to the PRHTA Enabling Act, PRHTA has issued bonds (the "**PRHTA Bonds**") under two general bond resolutions, Resolution No. 68-18, adopted June 13, 1968 (the "**1968 Resolution**"), and Resolution No. 98-06, adopted February 26, 1998 (the "**1998 Resolution**" and, together with the 1968 Resolution, the "**PRHTA Resolutions**").

5.       Pursuant to the PRHTA Enabling Act and the PRHTA Resolutions, the PRHTA Bonds are secured by a perfected pre- and post-petition gross lien on pledged special revenues (the "**PRHTA Pledged Special Revenues**") consisting of: (i) revenues derived from PRHTA's toll facilities (9 L.P.R.A. § 2004(j),(l)) (the "**Pledged Toll Revenues**"); (ii) gasoline, diesel, crude oil, and other special excise taxes levied by the Commonwealth (13 L.P.R.A. § 31751(a)(1)(C)) (the "**PRHTA Pledged Tax Revenues**"); and (iii) special excise taxes consisting of motor vehicle license fees collected by the Commonwealth (9 L.P.R.A. § 2021; *see also* 9 L.P.R.A. § 5681) (together with the PRHTA Pledged Tax Revenues, the "**PRHTA Pledged Special Excise Taxes**").  *See* 1968 Resolution, § 601; 1998 Resolution, § 601.

2

HTA_CONF 00016768

6.      The Secretary of Treasury of the Commonwealth is statutorily required to transfer the PRHTA Pledged Special Excise Taxes to PRHTA each month for the benefit of PRHTA bondholders, and by statute the PRHTA Pledged Special Excise Taxes constitute trust funds that are property of the PRHTA.  *See, e.g.*, 13 L.P.R.A. § 31751(a)(1); 9 L.P.R.A. §§ 2013(a)(2), 2021, 5681.  The Pledged Toll Revenues likewise constitute trust funds collected and held by PRHTA on behalf of PRHTA bondholders and are property of the PRHTA bondholders. *See* 9 L.P.R.A. § 2013(a)(2).

7.      The PRHTA Resolutions require PRHTA to transfer the PRHTA Pledged Special Revenues to the Fiscal Agent (as defined herein) on a monthly basis.   The Commonwealth covenanted to the holders of the PRHTA Bonds in the PRHTA Enabling Act that it would "not limit or restrict the rights or powers . . . vested in [PRHTA by the PRHTA Enabling Act] until all such bonds at any time issued, together with the interest thereon, are fully met and discharged." 9 L.P.R.A. § 2019.

8.      PRHTA Bonds are non-recourse bonds, payable solely from the PRHTA Pledged Special Revenues.  Moreover, because PRHTA Bonds are secured by a "gross lien" on all of the PRHTA Pledged Special Revenues, operating expenses of PRHTA may only be paid after PRHTA satisfies its debt service and reserve fund requirements with respect to PRHTA Bonds.  By this Proof of Claim, National asserts a secured Claim to the extent of the pre and post-petition gross liens on the PRHTA Pledged Special Excise Taxes.

9.      **The Transportation Bonds**.  Beginning in 1998, PRHTA issued the following bonds (collectively, the "**Transportation Bonds**") pursuant to among other things, the 1998 Resolution and various supplemental resolutions thereto (collectively, the "**Supplemental Resolutions**"):

3

HTA_CONF 00016769

- Transportation Revenue Bonds (Series A) (the "**Series A Bonds**").

- Transportation Revenue Bonds (Series G) (the "**Series G Bonds**").

- Transportation Revenue Bonds (Series J) (the "**Series J Bonds**").

- Transportation Revenue Refunding Bonds (Series L) (the "**Series L Bonds**").

- Transportation Revenue Refunding Bonds (Series N) (the "**Series N Bonds**").

- Subordinated Transportation Revenue Bonds (Series 1998) (the "**Series 98 Bonds**").

- Subordinated Transportation Revenue Bonds (Series 2003) (the "**Series 2003 Bonds**").

10.     With the exception of the Series N Bonds, interest on the Transportation Bonds is payable semi-annually on January 1 and July 1.  Depending on the particular Series N Bond, interest on the Series N Bonds is payable either semi-annually on January 1 and July 1, on the first business day of each month, quarterly, or at maturity.   The Transportation Bonds amortize pursuant to schedules set forth in the 1998 Resolution and/or the applicable Supplemental Resolutions.

11.     **Insurance Policies and Agreements**.  National issued primary insurance policies (collectively, the "**Primary Insurance Policies**") to guarantee the scheduled payment of principal and interest on certain of the Transportation Bonds (the "**Primary Insured Transportation Bonds**").[1]  As a condition to the issuance of the Primary Insurance Policies, PRHTA and JPMorgan Chase Bank, N.A., as Fiscal Agent under the Transportation Bonds (together with its successors and assignees, the "**Fiscal Agent**") entered into various insurance

---

[1] National is a wholly owned subsidiary of MBIA Inc. ("**MBIA**").  Effective January 1, 2009, MBIA Insurance Corporation (a separate wholly owned subsidiary of MBIA) reinsured all of its public finance financial guaranty insurance policies (the "Covered Policies") to National pursuant to that certain Amended and Restated Quota Share Reinsurance Agreement dated February 17, 2009.  The Insurance Policies referenced in this Proof of Claim are Covered Policies.  As used in this Proof of Claim, the term "**National**" may refer to certain of its predecessors or affiliates.

HTA_CONF 00016770

agreements (collectively, the "**Primary Insurance Agreements**"), pursuant to which PRHTA and the Fiscal Agent agreed to various provisions in connection with the Primary Insurance Policies, as described further below.  **Exhibit A**, attached hereto, sets forth each series of Primary Insured Transportation Bonds, including, for each series of Primary Insured Transportation Bonds, the applicable Supplemental Resolution(s), the aggregate amount of principal insured, the current amount of principal outstanding, and the interest rates and maturity dates of such Primary Insured Transportation Bonds.

12.     National also issued secondary insurance policies (collectively, the "**Secondary Insurance Policies**") to guarantee the scheduled payment of principal and interest on certain of the Transportation Bonds (the "**Secondary Insured Transportation Bonds**" and, together with the Primary Insured Transportation Bonds, the "**Insured Transportation Bonds**").[2]  As a condition to the issuance of the Secondary Insurance Policies, National entered into various agreements, pursuant to which National and the Bank of New York, as custodian for certain Secondary Insured Bonds (the "**Custodian**"), agreed to various provisions in connection with the Secondary Insurance Policies, including, but not limited to: (i) that certain Amended and Restated Custody Agreement, dated as of April 29, 2002, as amended, supplemented, or otherwise modified from time to time (the "**2002 Custody Agreement**"); (ii) that certain Custody Agreement, dated as of March 20, 2009, as amended, supplemented, or otherwise modified from time to time (together with the 2002 Custody Agreement, the "**Custody Agreements**"); and (iii) that certain Insurance and Indemnity Agreement, dated as of March 20, 2009 (together with the Custody Agreements, the "**Secondary**

---

[2] Certain of the Secondary Insurance Policies are Unit Investment Trust ("**UIT**") insurance policies (the "**UIT Policies**").  A UIT is a portfolio of obligations compiled by a sponsor (sometimes several) for sale on the secondary market.  A sponsor seeks insurance because it makes the portfolio more marketable to the investor looking for a diversified, yet safe, investment.

HTA_CONF 00016771

**Agreements**").   **Exhibit B**, attached hereto, sets forth each series of Secondary Insured Transportation Bonds, including, for each series of Secondary Insured Transportation Bonds, the applicable Supplemental Resolutions, the current amount of principal outstanding, and the interest rates and maturity dates of such Secondary Insured Transportation Bonds.

13.   The 1998 Resolution, the Supplemental Resolutions, the Primary Insurance Policies, the Primary Insurance Agreements, the Secondary Insurance Policies, the Secondary Agreements, the UIT Policies and any and all other documents related to the foregoing are referred to collectively herein as the "**Documents**."   Because of their substantial volume, the Documents have not been attached to this Proof of Claim, but are incorporated herein by reference and are available upon request.

<u>Components of the Claims</u>

14.   **Policy Payments**. As of the date of this Proof of Claim, in accordance with the Documents, National has made payments to or for the benefit of the holders of the Insured Transportation Bonds (such payments, the "**Policy Payments**") in the aggregate amount of (i) $7,450,000 in connection with principal and (ii) $30,064,084 in connection with interest, in each case that is due and owing, but unpaid, on Insured Transportation Bonds (all such unpaid principal and interest, the "**Unpaid Amounts**").

15.   In connection with Policy Payments for principal amounts on the Primary Insured Transportation Bonds, National paid the Policy Payments to U.S. Bank National Trust Association ("**U.S. Bank**"), as fiscal agent for National.   U.S. Bank held the Policy Payments until the Fiscal Agent surrendered the applicable Primary Insured Transportation Bonds (or portion thereof) or presented such other proof of ownership of the Primary Insured Transportation Bonds, together with any appropriate instruments of assignment to evidence the assignment of the principal Unpaid Amounts, to effect a transfer of ownership of such Unpaid

6

Amounts to National in exchange for the Policy Payments, and presented appropriate instruments to effect the appointment of National as agent for such owners of the Primary Insured Transportation Bonds in any legal proceeding related to principal payment on the Primary Insured Transportation Bonds.

16.   In connection with Policy Payments for interest due on the Primary Insured Transportation Bonds, National paid the Policy Payments to U.S. Bank and U.S. Bank held the applicable Policy Payments until the Fiscal Agent surrendered the applicable instrument appointing National as agent for owners of such Primary Insured Transportation Bonds in any legal proceeding related to the payment of such Unpaid Amounts and an assignment to National of the claims for interest to which such deficiency relates and which are paid by National.

17.   In connection with Policy Payments for principal amounts on the Secondary Insured Transportation Bonds, National paid the Policy Payments to U.S. Bank. U.S. Bank held the Policy Payments until the Custodian presented or surrendered evidence of the Custodian's right to receive payment of the Unpaid Amounts, together with any appropriate instruments of assignment to evidence the assignment of the principal Unpaid Amounts, to effect a transfer of ownership of such Unpaid Amounts to National in exchange for the Policy Payments, and presented appropriate instruments to effect the appointment of National as agent for such owners of the Secondary Insured Transportation Bonds in any legal proceeding related to principal payment on the Secondary Insured Transportation Bonds.

18.   In connection with Policy Payments for interest due on the Secondary Insured Transportation Bonds, National paid the Policy Payments to U.S. Bank. U.S. Bank held the applicable Policy Payments until the Custodian presented or surrendered evidence of the Custodian's rights to receive payment of the Unpaid Amounts, together with any appropriate

7

HTA_CONF 00016773

instruments of assignment to evidence the assignment to National of the claims for interest to which the deficiency relates, to effect a transfer of ownership of such Unpaid Amounts to National in exchange for the Policy Payments, and presented appropriate instruments to effect the appointment of National as agent for such owners of the Secondary Insured Transportation Bonds in any legal proceeding related to interest due on the Secondary Insured Transportation Bonds.

19. **Assignment Under the Insurance Policy**. Pursuant to the Documents, National's obligation to make payments to holders of the Insured Transportation Bonds with respect to unpaid principal and interest on the Insured Transportation Bonds is expressly conditioned on such holders assigning, pursuant to the appropriate instruments of assignment, their Insured Transportation Bonds or claims for interest thereon to National.

20. Further, pursuant to the Documents, upon a deficiency in amount required to pay principal and interest on the Insured Transportation Bonds, the Fiscal Agent or, in the case of the Secondary Insured Transportation Bonds, the Custodian, is authorized to act as an attorney-in-fact for the owners of the Insured Transportation Bonds to execute and deliver to U.S. Bank (i) an instrument appointing National as agent for the owners of the Insured Transportation Bonds in any legal proceeding related to the payment of principal and interest on the Insured Transportation Bonds, and (ii) an assignment to National of the claims for principal and interest to which such deficiency relates and are paid by National.

21. By this Proof of Claim, National asserts (i) a secured Claim in the amount of $37,514,084, which is due and owing in connection with Insured Transportation Bonds (or coupons thereof or rights to payment therein) assigned to National upon the disbursement of the Policy Payments; (ii) secured contingent and/or unliquidated Claim for the principal amount of

8

HTA_CONF 00016774

Insured Transportation Bonds currently outstanding that National may be obligated to pay pursuant to the Documents and receive an assignment of Insured Transportation Bonds (or coupons thereof or rights to payment therein); and (iii) a secured contingent and/or unliquidated Claim for any interest on the Insured Transportation Bonds that accrued prior to or accrues after the Petition Date that National may be obligated to pay under the Documents.

22.     **Subrogation**.  Pursuant to the Documents, to the extent National makes a payment on account of principal of, or interest on, the Insured Transportation Bonds, National is subrogated to the rights of the beneficial owners of the Insured Transportation Bonds to receive the amount of such principal or interest from PRHTA.  Moreover, PRHTA is obligated to pay National such principal or interest, and must otherwise treat National as the owner of such rights to the amount of such principal or interest.

23.     By this Proof of Claim, National asserts a (i) secured subrogation Claim in the amount of $37,514,084, which is due and owing in connection with Insured Transportation Bonds (or coupons thereof or rights to payment therein), representing the Policy Payments; (ii) secured contingent and/or unliquidated subrogation Claim for the principal amount of Insured Transportation Bonds currently outstanding that National may be obligated to pay pursuant to the Documents; and (iii) secured contingent and/or unliquidated subrogation Claim for any interest on the Insured Transportation Bonds that accrued prior to or accrues after the Petition Date that National may be obligated to pay under the Documents.

24.     In addition to its subrogation Claim under the Documents, National expressly reserves any and all rights it may have to subrogation or reimbursement under, among other things, applicable state law, Puerto Rico law, common law, or PROMESA.

HTA_CONF 00016775

25.     **Owner of Unpaid Bonds**.  Payment by National of principal or interest on the Insured Transportation Bonds does not discharge PRHTA of its obligations with respect to such Insured Transportation Bonds and, pursuant to the Documents, National is deemed to be the owner of such unpaid Insured Transportation Bonds (or coupons thereof or rights to payment therein) upon making a payment under the relevant policies.

26.     By this Proof of Claim, National asserts a (i) secured Claim in the amount of $37,514,084, which is due and owing in connection with Insured Transportation Bonds (or coupons thereof or rights to payment therein) owned by National upon the disbursement of the Policy Payments; (ii) secured contingent and/or unliquidated Claim for the principal amount of Insured Transportation Bonds currently outstanding that National may be obligated to pay pursuant to the Documents and take ownership of such Insured Transportation Bonds (or coupons thereof or rights to payment therein); and (iii) secured contingent and/or unliquidated Claim for any interest on the Insured Transportation Bonds that accrued prior to or accrues after the Petition Date that National may be obligated to pay under the Documents.

27.     **Owned Bonds**.  In addition to insuring the Insured Transportation Bonds, National directly holds certain of the Insured Transportation Bonds (the "**Owned Bonds**").  By this Proof of Claim, National asserts a secured contingent and/or unliquidated claim on account of the Owned Bonds.

28.     **Reimbursement**.   National asserts a secured contingent and/or unliquidated claim for any amounts paid and any and all costs, expenses, and fees incurred in connection with the Insured Transportation Bonds or the Owned Bonds, to the extent allowed under the Documents and by applicable law.

10

29.     **Other Claims**.  In addition to the Claims set forth herein and any and all rights and remedies National may now have (or may hereafter acquire) under the Documents, National reserves the right to assert a Claim for all other amounts that PRHTA may owe to National under the Documents, whether accruing before or after the Petition Date, and whether contingent, unliquidated or liquidated.

### Reservation of Rights

30.     National does not waive or release, and expressly reserves, all rights and remedies at law or in equity that it has or may have against PRHTA and/or any other person or entity, including, without limitation, the Commonwealth and any of its instrumentalities.

31.     National reserves the right to amend, modify, supplement, reclassify, or otherwise revise this Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts, to provide additional detail regarding the Claims set forth herein, to fix the amount of any contingent and/or unliquidated part of the Claims, to assert additional grounds for any of the Claims, or to reflect any and all additional claims of whatever kind or nature that National has or may have against PRHTA, including, without limitation, any claims arising after the Petition Date.

32.     The execution and filing of this Proof of Claim is not and shall not be deemed any of the following:  (i) a waiver of any rights or remedies of National under any agreement or applicable law; (ii) a waiver of any right to assert that the security or priority of any Claim asserted herein is that of an administrative expense, an unsecured claim, a secured claim, or a priority claim in this case; (iii) a waiver of the right challenge the jurisdiction of this Court, with respect to the subject matter of the Claims asserted herein, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving National; (iv) a waiver or release by National of its right to trial

11

HTA_CONF 00016777

by jury or a consent by National to a trial by jury in this Court or any other court; (v) an admission that any matter is a matter to which this Court can enter a final judgment; (vi) a waiver of the right to argue that Court lacks the authority to enter final orders; (vii) a consent to the entry by this Court of a final judgment with respect to the Claims asserted herein or any other matter; (viii) an election of remedies that waives or otherwise affects any other remedy; (ix) a waiver or release of National's claims or rights against any other entity or person that may be liable for all or any part of the Claims or any matters related to the Claims; and/or (x) a waiver of any right related to any plan of adjustment proposed in this Title III proceeding. Neither this Proof of Claim nor any of its contents shall be deemed or construed as an acknowledgement or admission of any liability or obligation on the part National. National specifically reserves all of its defenses and rights, procedural and substantive, including, without limitation, its rights with respect to any claim that may be asserted against National or any of its affiliates, by PRHTA or any other party.

33.     National reserves all rights with respect to any and all claims under the Documents or the Owned Bonds, including with respect to setoff, recoupment, or otherwise.

34.     Although National is not aware of any other entity filing a proof of claim relating to National's claims set forth herein, upon information and belief the Fiscal Agent is filing proofs of claim on behalf of the holders of the Transportation Bonds. Nothing contained in this Proof of Claim is intended to, or shall, waive, amend, or modify any rights of National preserved by or asserted through (whether directly or indirectly) any proof of claim filed by the Fiscal Agent with respect to the Transportation Bonds.

### Right of Setoff

35.     National reserves all rights of setoff and recoupment that it may have.  To the extent PRHTA asserts any claim against National, National shall have a secured claim to the

12

HTA_CONF 00016778

extent of its right of setoff under section 553 of the Bankruptcy Code, as incorporated into Title III of PROMESA, against such claim with respect to the Claims asserted herein and any amendments thereto.

### Claims Arising on or After the Petition Date

36.     The filing of this Proof of Claim does not waive, alter, or otherwise affect any rights National may have with respect to any claims created or otherwise arising on or after the Petition Date. National expressly reserves its right to file any and all such claims or similar claims at the appropriate time.

### Notice

37.     Copies of all notices and communications concerning this Proof of Claim should be sent to:

Gary A. Saunders
NATIONAL PUBLIC FINANCE
GUARANTEE CORPORATION
1 Manhattanville Road
Purchase, NY 10577
(914) 765-3923
Email: Gary.Saunders@mbia.com

**With copies to**:

Kelly DiBlasi, Esq.
Gabriel Morgan, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310–8000
Facsimile:  (212) 310–8007
Email:  kelly.diblasi@weil.com
        gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corporation*

13

HTA_CONF 00016779

# EXHIBIT A

## Primary Insured Transportation Bonds

| Bond Series and Policy Number | Supplemental Resolution | Aggregate Principal Amount Insured by National at Issuance | Principal Amount Outstanding[1] | Interest Rate | Maturity Date(s) | Insurance Agreement Dated as of |
|---|---|---|---|---|---|---|
| Series J Bonds Policy No. 43716 | Resolution No. 2004-20, dated as of April 20, 2004 | $106,745,000 | $56,555,000 | 2.5% - 5% | July 1, 2009 through July 1, 2018, and July 1, 2029 | April 20, 2004 |
| Series L Bonds Policy No. 46994 | Resolution No. 2005-28, dated as of September 22, 2005 | $170,730,000 | $163,495,000 | 4.125% - 5.25% | July 1, 2023 through July 1, 2025 and July 1, 2035 | October 4, 2005 |
| Series N Bonds Policy No. 492151 | Resolution Nos. 2007-09 and 2007-15, dated as of March 6, 2007 | $337,075,000 | $144,970,000 | 5.25% (fixed rate bonds), or LIBOR-based rate (LIBOR bonds) | July 1, 2032 through July 1, 2033 and July 1, 2041 | March 6, 2007 |
| Series 98 Bonds Policy No. 270910 | Resolution No. 98-31, dated as of August 6, 1998 | $29,760,000 | $3,430,000 | 5.25% | July 1, 2008 through July 1, 2014 and July 1, 2018 | |
| | | Total | $368,450,000 | | | |

---

[1] Represents principal amount outstanding (including, where applicable, accreted value) as of March 31, 2018.

## EXHIBIT B

### Secondary Insured Transportation Bonds

| Bond Series | Supplemental Resolution | Principal Amount Outstanding[1] | Interest Rate | Maturity Date |
|---|---|---|---|---|
| Series A Bonds | Resolution No. 98-07, dated as of February 26, 1998 | $150,731,538 | 4.75% - 5.00% | July 1, 1999 through July 1, 2018, July 1, 2028, and July 1, 2038 |
| Series G Bonds | Resolution No. 2003-24, dated as of April 29, 2003 | $12,635,000 | 3.50% - 5.00% | July 1, 2011 through July 1, 2023, July 1, 2028, July 1, 2038, and July 1, 2042 |
| Series 98 Bonds | Resolution No. 98-31, dated as of August 6, 1998 | $25,280,000 | 5.25% | July 1, 2008 through July 1, 2014, July 1, 2018, July 1, 2022, and July 1, 2028 |
| Series 2003 Bonds | Resolution No. 2003-24, dated as of April 29, 2003 | $1,350,000 | 2.30% - 5.75% | July 1, 2006 through July 1, 2023 and July 1, 2028 |
| | Total | $189,996,538 | | |

---

[1] Represents principal amount outstanding (including, where applicable, accreted value) as of March 31, 2018.

HTA_CONF 00016781



# Prime Clerk

## __Manhattan__

### CLAIM/BALLOT HAND DELIVERY
### CONFIRMATION SHEET

DATE RECEIVED: 5-25-18

CASE: Commonwealth of Puerto Rico

NO. OF CLAIMS: 18

NO. OF BALLOTS: _____

COPIES: 18

RECEIVED BY: SVH

HTA_CONF 00016782