# Debtor's Ex. 44

Debtor's Ex. 44

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☑ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

JUN 2 6 2018

PRIME CLERK LLC



170328380021265

Debtor [DebtorName] has listed your claim in their Creditor List in Schedule [CreditorList] as a [CUD] claim in an $[ScheduleAmount] amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor [DebtorName] ha listado su reclamación en la lista de acreedores en el Schedule [CreditorList] como un reclamo [CUD] por un monto de $ [ScheduleAmount]. Debe presentar una prueba de reclamación oportunamente o se le prohibirá por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación                04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. Who is the current creditor?

   ¿Quién es el acreedor actual?

   | Peaje Investments LLC |
   |---|

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor    | N/A |
   Otros nombres que el acreedor usó con el deudor

☑ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

Claim Number: 102953

HTA_CONF 00016871

**2. Has this claim been acquired from someone else?**

¿Esta reclamación se ha adquirido de otra persona?

- [ ] No / No
- [x] Yes. From whom? / Sí. ¿De quién? <u>See attachment</u>

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

| Where should notices to the creditor be sent? ¿A dónde deberían enviarse las notificaciones al acreedor? | Where should payments to the creditor be sent? (if different) ¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente) |
|---|---|
| **c/o Allan S. Brilliant** <br> Name / Nombre | **Peaje Investments LLC** <br> Name / Nombre |
| **Dechert LLP, 1095 Avenue of the Americas** <br> Number / Número   Street / Calle | c/o Cogency Global, Inc., 850 New Burton Road, Suite 201 <br> Number / Número   Street / Calle |
| **New York**   **NY**   **10036-6797** <br> City / Ciudad   State / Estado   ZIP Code / Código postal | **Dover**   **DE**   **19904** <br> City / Ciudad   State / Estado   ZIP Code / Código postal |
| **(212) 698-3600** <br> Contact phone / Teléfono de contacto | **(800) 483-1140** <br> Contact phone / Teléfono de contacto |
| **allan.brilliant@dechert.com** <br> Contact email / Correo electrónico de contacto | **peajeinfo@dechert.com** <br> Contact email / Correo electrónico de contacto |

**4. Does this claim amend one already filed?**

¿Esta reclamación es una enmienda de otra presentada anteriormente?

- [x] No / No
- [ ] Yes.   Claim number on court claims registry (if known)
  Sí.   Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)
  Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

- [x] No / No
- [ ] Yes. Who made the earlier filing?
  Sí. ¿Quién hizo la reclamación anterior?

---

**Part 2 / Parte 2:**   Give Information About the Claim as of the Petition Date

Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

**6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

- [x] No / No
- [ ] Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
  Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/.)

**7. Do you supply goods and / or services to the government?**

¿Proporciona bienes y / o servicios al gobierno?

- [x] No / No
- [ ] Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

  Vendor / Contract Number | Número de proveedor / contrato:

  List any amounts due after the Petition Date (listed above) but before June 30, 2017:
  Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $

HTA_CONF 00016872

| | |
|---|---|
| **8. How much is the claim?**<br><br>¿Cuál es el importe de la reclamación? | $ See attachment   **Does this amount include interest or other charges?**<br>¿Este importe incluye intereses u otros cargos?<br><br>☐ No / No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |

| | |
|---|---|
| **9. What is the basis of the claim?**<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>Claimant owns outstanding bonds issued by PRHTA under its enabling act (Act No. 74 of June 23, 1965, as amended) and Resolution No. 98-06 (see attachment for additional information) |

| | |
|---|---|
| **10. Is all or part of the claim secured?**<br><br>¿La reclamación está garantizada de manera total o parcial? | ☐ No / No<br>☑ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☑ Other. Describe:<br>Otro. Describir:   see attachment<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:** see attachment<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.<br><br>**Value of property / Valor del bien:**   $ Undetermined<br><br>**Amount of the claim that is secured /**<br>Importe de la reclamación que está garantizado: $ 100% of the claim<br><br>**Amount of the claim that is unsecured /**<br>Importe de la reclamación que no está garantizado: $ N/A<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /** See attachment<br>Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $<br><br>**Annual Interest Rate** (on the Petition Date)<br>Tasa de interés anual (cuando se presentó el caso) ___ %<br>☐ Fixed / Fija<br>☐ Variable / Variable<br><br>(nominal interest rates differ based on the series of bonds; see attachment) |

| | |
|---|---|
| **11. Is this claim based on a lease?**<br><br>¿Esta reclamación está basada en un arrendamiento? | ☑ No / No<br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ |

HTA_CONF 00016873

| | |
|---|---|
| **12. Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☑ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☑ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received**    $ _____<br>**by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

---

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☐ I am the creditor. / Soy el acreedor.

☑ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   6 / 25 / 19   (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

Name:   | Allan | S. | Brilliant |
First name / Primer nombre — Middle name / Segundo nombre — Last name / Apellido

Title / Cargo:   Partner

Company / Compañía:   Dechert LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección:   1095 Avenue of the Americas
Number / Número — Street / Calle

New York   | NY | 10036-6797
City / Ciudad — State / Estado — ZIP Code / Código postal

Contact phone / Teléfono de contacto   212-698-3600   Email / Correo electrónico   allan.brilliant@dechert.com

---

HTA_CONF 00016874

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

## How to fill out this form

- **Fill in all of the information about the claim as of the petition date.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

HTA_CONF 00016875

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the petition date, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the petition date. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

---

**Do not file these instructions with your form**

---

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

HTA_CONF 00016876

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                                                                    12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

- **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

- **Complete el título en la parte superior del formulario.**

- **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

- **Adjunte cualquier documento de respaldo a este formulario.**
  Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página).

  También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

- **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

- **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

- **El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

- **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.

Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 §101 (5) del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anterioresa la fecha en la que se presentó el caso , en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

**Prueba de pasos adicionales:** La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado:** El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, límite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación:** Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información:** Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud el Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo, existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación:** Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre la cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de sus reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

## Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

> **No presente estas instrucciones con su formulario**

HTA_CONF 00016878

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | ) |
| | ) PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) |
| | ) |
| as representative of | ) |
| | ) |
| PUERTO RICO HIGHWAYS & | ) No. 17 BK 3567-LTS |
| TRANSPORTATION AUTHORITY, | ) |
| | ) |
| Debtor. | ) |

## ATTACHMENT TO SECURED PROOF OF
## CLAIM OF PEAJE INVESTMENTS LLC

1.      Peaje Investments LLC ("Peaje") files this proof of claim (the proof of claim form together with this attachment are referred to herein as the "Claim") in the above-captioned case of the Puerto Rico Highway & Transportation Authority ("HTA")[1] on account of Peaje's ownership of $44.765 million principal face amount of bonds that HTA issued under its enabling act (Act No. 74 of June 23, 1965, as amended) (the "Enabling Act" or the "Act") and a regulatory resolution HTA enacted in 1998 (Resolution 98-06, as amended) (the "98 Resolution", and the bonds issued thereunder, the "98 Bonds"). Peaje also owns bonds that HTA issued under a separate resolution HTA enacted in 1968 (the "68 Resolution", and the bonds issued thereunder, the "68 Bonds").[2] In accordance with the Court's *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (available at [ECF No. 2521] in Case No. 17 BK 3283-LTS), Peaje has filed an additional proof of claim against the

---

[1] HTA's case was commenced under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act, Pub. L. 114-187 ("PROMESA").

[2] The 68 and 98 Resolutions are publicly available and can be found at: http://www.gdb.pr.gov/investors_resources/puerto-rico-transportation-highway.html

Commonwealth of Puerto Rico (the "Commonwealth") on account of its ownership of the 98 Bonds, as well as separate proofs of claim on account of its 68 Bond ownership. In support of this Claim, Peaje represents as follows:

## BASIS FOR CLAIM

### I.     Issuance of the Bonds.

2.      HTA is a public corporation and government instrumentality of the Commonwealth created to assume responsibility for the construction, operation, and maintenance of highways and other mass transportation systems in Puerto Rico. *See* 9 L.P.R.A. § 2002. To finance these activities, the Enabling Act authorized HTA to access the capital markets and conferred on HTA the power to issue bonds. *See* 9 L.P.R.A. § 2004(g), (h), (l).

3.      Over the years, HTA issued several series of bonds under the 98 Resolution and, as noted, a different resolution executed in 1968, the 68 Resolution. A total of approximately $4.2 billion in principal amount of these bonds remain outstanding, apportioned between the 98 Bonds and 68 Bonds as follows:

| | 98 Bonds | 68 Bonds | All HTA Bonds |
|---|---|---|---|
| Aggregate Principal Amount Issued and Outstanding | $3.37 billion | $830 million | $4.2 billion |

4.      Within the 98 Bonds, HTA has issued series of "Senior Transportation Revenue Bonds" (hereinafter, the "Senior 98 Bonds") and certain "Subordinated Transportation Revenue Bonds" (hereinafter, the "Subordinated 98 Bonds"). The Subordinated 98 Bonds are junior to the Senior 98 Bonds with respect to their receipt of collateral to secure the Bonds and are also subordinated to the Senior 98 Bonds in right of payment. At present, Peaje owns $44.765

2

HTA_CONF 00016880

million principal face amount of the Senior 98 Bonds, consisting of Senior 98 Bonds in the

following series and with the following coupon rates :

| CUSIP | Description | Face Amount ($USD) | Coupon | Accrued Claim as of the Filing of HTA's Title III Petition ($USD) |
|---|---|---|---|---|
| 7451903N6 | PRHTA TRANSPORTATION SENIOR (RES98) 4.625% 7/1/21 | $10,000 | 4.625% | $10,177 |
| 745190QR2 | PRHTA TRANSPORTATION SENIOR (RES98) 4.8% 7/1/24 | $145,000 | 4.80% | $147,670 |
| 745190YE2 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.125% 7/1/19 | $130,000 | 4.125% | $132,057 |
| 745190YF9 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.2% 7/1/20 | $55,000 | 4.20% | $55,886 |
| 745190YL6 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.25% 7/1/23 | $95,000 | 4.25% | $96,549 |
| 745190TF5 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.3% 7/1/2020 | $100,000 | 4.30% | $101,649 |
| 745190YS1 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.3% 7/1/2026 | $15,000 | 4.30% | $15,247 |
| 745190YN2 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.3% 7/1/24 | $25,000 | 4.30% | $25,412 |
| 745190YU6 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.3% 7/1/27 | $225,000 | 4.30% | $228,711 |
| 745190YX0 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.5% 7/1/37 | $40,000 | 4.50% | $40,690 |
| 745190QM3 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.7% 7/1/2022 | $85,000 | 4.70% | $86,532 |
| 745190QP6 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.75% 7/1/2023 | $35,000 | 4.75% | $35,638 |
| 745190AY4 | PRHTA TRANSPORTATION SENIOR (RES 98) 4.75% 7/1/2038 | $1,651,000 | 4.75% | $1,681,080 |
| 745190YR3 | PRHTA TRANSPORTATION SENIOR (RES 98) 5 % 7/1/25 | $355,000 | 5.00% | $361,808 |
| 745190TG3 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/20 | $85,000 | 5.00% | $86,630 |
| 745190TE8 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2019 | $260,000 | 5.00% | $264,986 |
| 745190LB2 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2023 | $110,000 | 5.00% | $112,110 |
| 745190ZH4 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2026 | $165,000 | 5.00% | $168,164 |
| 745190K56 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2028 | $125,000 | 5.00% | $127,397 |
| 745190L22 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2028 | $105,000 | 5.00% | $107,014 |
| 745190YW2 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2032 | $355,000 | 5.00% | $361,808 |
| 745190LA4 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/22 | $50,000 | 5.00% | $50,959 |
| 745190YK8 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/22 | $75,000 | 5.00% | $76,438 |
| 745190KD9 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/23 | $90,000 | 5.00% | $91,726 |
| 745190YM4 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/23 | $380,000 | 5.00% | $387,288 |
| 745190TL2 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/24 | $70,000 | 5.00% | $71,342 |
| 745190TN8 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/25 | $130,000 | 5.00% | $132,493 |

3

| CUSIP | Description | Face Amount ($USD) | Coupon | Accrued Claim as of the Filing of HTA's Title III Petition ($USD) |
|---|---|---|---|---|
| 745190YV4 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/27 | $215,000 | 5.00% | $219,123 |
| 745190TD0 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/2018 | $340,000 | 5.00% | $346,521 |
| 745190YD4 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/01/2018 | $57,000 | 5.00% | $58,093 |
| 745190YG7 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/01/2020 | $120,000 | 5.00% | $122,301 |
| 745190TH1 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/01/2021 | $255,000 | 5.00% | $259,890 |
| 745190TQ1 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/01/2027 | $135,000 | 5.00% | $137,589 |
| 745190TC2 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/17 | $97,000 | 5.00% | $98,860 |
| 745190YT9 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2026 | $565,000 | 5.00% | $575,836 |
| 745190TR9 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2030 | $8,715,000 | 5.00% | $8,882,137 |
| 7451902S6 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2033 | $880,000 | 5.00% | $896,877 |
| 7451902X5 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2035 | $705,000 | 5.00% | $718,521 |
| 745190YY8 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2037 | $2,225,000 | 5.00% | $2,267,671 |
| 7451902T4 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2042 | $23,865,000 | 5.00% | $24,322,685 |
| 7451903D8 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/2046 | $640,000 | 5.00% | $652,274 |
| 745190TJ7 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/22 | $55,000 | 5.00% | $56,055 |
| 745190Z92 | PRHTA TRANSPORTATION SENIOR (RES 98) 5% 7/1/38 | $45,000 | 5.00% | $45,863 |
| 7451903V8 | PRHTA TRANSPORTATION SENIOR (RES 98) 5.45% 7/1/2035 | $235,000 | 5.45% | $239,912 |
| 745190ZC5 | PRHTA TRANSPORTATION SENIOR (RES 98) 5.5% 7/1/21 | $565,000 | 5.50% | $576,919 |
| 745190ZD3 | PRHTA TRANSPORTATION SENIOR (RES 98) 5.5% 7/1/22 | $85,000 | 5.50% | $86,793 |

5.      The 98 Bonds held by Peaje were purchased in open market transactions either by

Peaje or by an affiliate of Peaje who transferred them to Peaje.  The amount of 98 Bonds owned

by Peaje may change due to the trading of such Bonds.  Notwithstanding the foregoing

description of Peaje's 98 Bonds holdings as of the date of the filing of this Claim, Peaje submits

this Claim with respect to the amount of 98 Bonds that Peaje owns at any given time, including

any 98 Bonds acquired after submission of this Claim.  Peaje reserves its right to supplement this

Claim with updated amounts from time to time, but does not undertake any obligation to do so.

4

As mentioned, Peaje also owns 68 Bonds and has submitted separate proofs of claim on account of these holdings.

## II.      Security.

### a.      98 Bond Collateral.

6.      Under Puerto Rico law, the 98 Bonds are secured by a valid and enforceable, first-priority pledge of and lien on:

(a)      the stream of current and future toll revenues derived from the operation of highway PR-66 (the "98 Toll Revenues");

(b)      the proceeds of current and future excise taxes imposed by the Commonwealth on certain petroleum products   (up to $120 million per fiscal year) (the "98 Tax Revenues");

(c)      any of the revenues pledged to secure payment of the 68 Bonds—defined below as the "68 Revenues"—that remain on deposit after payment or provision for the payment of debt service and required reserves on outstanding 68 Bonds (subparagraphs (a)-(c), collectively, the "98 Revenues"); and

(d)      investment earnings on deposits to the credit of certain funds and accounts established under the 98 Resolution.

*See* 98 Resolution §§ 401, 410, 411, 501, 601, 602; 9 L.P.R.A. §§ 2004(l), 2012(c), 2015.

7.      Among other things, the Enabling Act expressly directs that any bonds issued by HTA "shall be valid and binding," and that all bonds bearing the recital that they are issued under the Act (which the 98 Bonds recite) "shall be conclusively deemed to be valid and to have been issued in conformity with the provisions of this [Act]." *Id.* § 2012(c).  The Enabling Act directs further that the 98 Bonds are non-recourse in nature, meaning that they may be paid only from the collateral securing them: "nor shall such bonds or the interest thereon be payable out of funds other than those pledged for the payment of such bonds…." *Id.* § 2015.  Regarding enforceability, the Enabling Act authorizes bondholders to bring suit to enforce their rights. *Id.* § 2013.

5

HTA_CONF 00016883

8.      Following Section 2015 of the Enabling Act, the 98 Resolution grants a lien on the 98 Revenues to secure payment of the 98 Bonds: the "principal, interest and premiums are payable solely from Revenues and other moneys deposited to the credit of the Revenue Fund and from any funds received by [HTA] for that purpose from the Commonwealth, which Revenues, moneys and funds *are hereby pledged…to the payment thereof*…." 98 Resolution § 601 (emphasis added).[3] The 98 Resolution defines the term "Revenues" to include "all moneys received by [HTA] on account of the crude oil tax allocated to [HTA] by Act No. 34, approved July 16, 1997, as amended…, any tolls or other charges imposed by [HTA] for the use of any of the Toll Facilities other than Existing Toll Facilities Revenues received by [HTA] prior to the repeal and cancellation of the []68 Resolution, the proceeds of any other taxes, fees or charges which the Legislature of Puerto Rico may hereafter allocate to [HTA] and expressly authorize [HTA] to pledge to the payment of the principal of and interest on bonds or other obligations of [HTA] and which are pledged by [HTA] to the payment of the principal of and interest on bonds or other obligations issued under the provisions of this Resolution, and investment earnings on deposits to the credit of funds and accounts established hereunder, except for the Construction Fund." 98 Resolution § 101.

9.      The 98 Resolution repeatedly refers to the pledge under Section 601 as a "lien on and source and security for payment from Revenues," and establishes both the perfection and priority of this lien, directing that HTA "will not incur any indebtedness nor create or suffer to be created any lien, pledge, assignment, encumbrance or charge upon the Revenues ranking equally with or prior to the [Senior 98 Bonds], except the lien and charge of the [Senior 98 Bonds] secured

---

[3] In revenue bond financings, a "pledge" means a lien on the project or tax revenues to secure payment of the bonds.

6

HTA_CONF 00016884

hereby upon such Revenues, or ranking equally with the [Subordinated 98 Bonds], except the lien and charge of the [Subordinated 98 Bonds] secured hereby upon such Revenues." 98 Resolution § 602; *see also* 98 Resolution §§ 802 (prohibiting HTA from creating "a lien upon or a pledge of Revenues other than the liens and pledges created by or pursuant to this Resolution") 414 (referring to "all bonds secured hereby").[4]

10.    To ensure that the 98 Bonds are paid, the 98 Resolution requires HTA to deposit the 98 Revenues with a fiscal agent—presently the Bank of New York Mellon (the "Fiscal Agent"). *See* 98 Resolution § 401. The 98 Resolution provides that the Fiscal Agent holds these funds "in trust" and subject to "a lien and charge in favor of the holders of the bonds issued and outstanding under this Resolution and for the further security of such holders…." *Id.*; *see also* 98 Resolution § 414 (directing that the funds are not subject to any other lien). In this way, the Enabling Act and 98 Resolution establish that Peaje's lien attaches on the stream of revenues itself, *see* 98 Resolution § 601, and on the proceeds deposited with the Fiscal Agent, *see* 98 Resolution § 401.

11.    The 98 Resolution further establishes that the 98 Bondholders' lien in these funds is a "gross" lien, directing that HTA must first deposit sufficient funds into the 98 Bondholders' collateral account to meet all debt service and reserve requirements ***before*** HTA may spend the funds elsewhere. *See* 98 Resolution §§ 401, 409. The Commonwealth, in turn, is required by

---

[4] By prohibiting any other person from having a lien on the 98 Revenues superior to the lien of the 98 Bondholders, Section 602 further establishes the priority of Peaje's lien. Section 602 also establishes the perfected status of Peaje's lien. The concept of perfection simply tests whether a secured creditor has an interest superior to that of a subsequent judgment lien creditor or bona fide purchaser under applicable state law. Under Section 602, HTA is prohibited from incurring any obligation "ranking equally with or prior to [the 98 Bonds]…." 98 Resolution § 602. Given that no other creditor (or purchaser) may hold a lien superior to that of the 98 Bondholders, the perfection requirement is satisfied. Alternatively, the lien is perfected under Puerto Rico's version of Article 9 by virtue of various filed financing statements. As mentioned, the Enabling Act also grants the 98 Bondholders various means to enforce their rights, including the remedy of mandamus. *See* 9 L.P.R.A. § 2013.

7

statute to transfer the 98 Tax Revenues and certain taxes and fees pledged to payment of the 68 Bonds—which, as mentioned, also secure payment of the 98 Bonds after payment or provision for the payment of debt service and required reserves on outstanding 68 Bonds—to HTA for purposes of funding HTA's operations and further collateralizing the 98 Bonds. *See, e.g.*, 13 L.P.R.A. § 31751(a)(1)(B); 9 L.P.R.A. §§ 2013(a)(2), 2021, 5681. Separately, the Commonwealth agreed to fund the maintenance, repair, and operation of the roads. *See* 98 Resolution § 604; *see also* 68 Resolution § 604. Notably, the grant of Peaje's lien rights predate, among other things, the enactment of PROMESA and the various laws passed by the Commonwealth in the wake of its fiscal crisis—*e.g.*, the "Moratorium Act," the Puerto Rico Financial Emergency and Fiscal Responsibility Act of 2017, and the Fiscal Plan Compliance Law (P. de la C. 938)—and Peaje's lien rights are constitutionally protected with respect to legislation enacted after such grant.

12.    Numerous public documents confirm that Peaje's lien extends to the ongoing stream of current and future 98 Revenues, including, without limitation, the following documents:

(a)    Official Statement for Issuance of Series H Bonds, dated June 17, 2010 (the "Series H Offering Statement") (providing that the 98 Bonds are secured by a pledge of and lien on, among other collateral, the 98 Revenues);

(b)    Official Statement for Issuance of Series M and N Bonds, dated Feb. 15, 2007 (the "Series M and N Offering Statement") (same);

(c)    numerous UCC-1 financing statements, attached hereto as **Exhibit A** (the "UCC-1 Statements") (indicating that the 98 Bondholders' collateral includes the 98 Revenues); and

(d)    Audited Financial Statements for HTA, FY 2014 and 2013 (stating that "[t]he bonds are secured by a pledge of the gross receipts of the gasoline excise taxes and one half of the diesel oil excise taxes, a maximum of $11.0 million monthly (but not more than $120.0 million annually) derived from excise taxes over crude oil and its derivatives, $15 per vehicle per year from motor vehicle license fees, the proceeds of any other taxes, fees or charges which the Legislature of Puerto Rico may allocate to the Authority in the future and which the Authority may pledge, proceeds of any tolls or other

HTA_CONF 00016886

charges which the Authority may impose for the use of any of its traffic facilities and certain investment earnings").[5]

### b.      68 Bond Collateral.

13.          The 68 Bonds, on the other hand, are secured by a valid, enforceable, first-priority pledge of and lien on: (a)the stream of current and future tolls and other charges derived from HTA's operation of specific highways, thoroughfares, and speedways located in the Commonwealth, including PR-20, PR-52, and PR-53; (b) the current and future proceeds of certain excise taxes and vehicle license fees imposed by the Commonwealth and allocated to HTA by statute (the "68 Tax Revenues"); and  (c) funds held in, and investment earnings on, deposits to the credit of certain funds and accounts established under the 68 Resolution (clauses (a)-(c), collectively, the "68 Revenues"). *See* 68 Resolution §§ 401, 406, 407, 501, 601, 602; 9 L.P.R.A. §§ 2004(l), 2012(c), 2015.  As a result of this first-priority lien, the 68 Bonds enjoy a priority of payment from the 68 Revenues ahead of, among other persons, the 98 Bondholders.

### c.      Waterfall Payment Protocol.

14.      As noted, the 98 Resolution explicitly requires HTA to deposit the 98 Revenues on a monthly basis with the Fiscal Agent acting for the 98 Bonds.  *See* 98 Resolution § 401.  In addition, the 68 Resolution contains similar provisions requiring HTA to deposit the 68 Revenues with the Fiscal Agent for the benefit of the 68 Bondholders.  *See* 68 Resolution § 401.  (As mentioned, the 98 Bondholders also benefit from a lien on the 68 Revenues after the payment or provision for payment of debt service and required reserves on outstanding 68 Bonds.)  Once received, the Fiscal Agent is required to allocate these funds between certain designated accounts

---

[5] Due to the voluminous nature of these documents, all of which are publicly available and are, or should be, in the Commonwealth's and HTA's possession, custody, or control, Peaje has not annexed the documents to this Claim. The aforementioned documents will be provided to any party in interest upon reasonable request.

HTA_CONF 00016887

based on a "waterfall" payment protocol established pursuant to the 98 and 68 Resolutions.  *See* 98 Resolution § 401; 68 Resolution § 401.  This protocol may be depicted graphically as follows:



15.      This arrangement prioritizes distributions of the funds beginning with the highest priority category at the top of the waterfall and descending to the lowest priority category at the

10

bottom.  With respect to the Senior 98 Bonds, the waterfall operates in such a manner as to ensure

that by the semi-annual debt service dates (January and July), sufficient funds are on deposit in the

"1998 Senior Bond Service Account" to cover the entire interest payment, and by the annual

principal payment date (July), the full principal installment is also available to be paid from the

"1998 Senior Redemption Account." See 98 Resolution § 401, 403, 404.  In addition, HTA is

required to accumulate and maintain a consistent collateral reserve in the "1998 Senior Bond

Reserve Account" in an amount equal to the lesser of: (a) the maximum annual principal and

interest requirements for any fiscal year on all outstanding 98 Bonds; and (b) 10% of the original

principal amount of each Series of 98 Bonds.  *See* 98 Resolution § 101 (definition of "Senior

Reserve Requirement").  The Senior 98 Bonds have priority over the Subordinated 98 Bonds with

respect to their receipt of 98 Revenues to secure the Bonds, *see* 98 Resolution § 401 (defining

waterfall payment protocol vis-à-vis the collateral accounts securing the Senior 98 Bonds and

Subordinated 98 Bonds, respectively), and are also senior to the Subordinated 98 Bonds in right

of payment, *see* 98 Resolution, Art. IX.  Together, these protections are designed to ensure that

the Fiscal Agent steadily accumulates enough funds to make principal and interest payments to the

98 Bondholders in advance of the relevant due dates, and to provide a suitable reserve to cover

shortfalls to the extent ordinary collections of the 98 Revenues and other pledged revenues are

insufficient to fund the payments.  Aside from its obligation to deposit the 98 Revenues with the

Fiscal Agent, HTA covenanted in the 98 Resolution that "it will promptly pay the principal of and

the interest on every bond issued under the provisions of this Resolution at the places, on the dates

and in the manner provided herein…."  98 Resolution § 601.  Furthermore, HTA covenanted that

it "will not incur any indebtedness nor create or suffer to be created any lien, pledge, assignment,

encumbrance or charge upon the Revenues ranking equally with or prior to the senior bonds, except

11

HTA_CONF 00016889

the lien and charge of the senior bonds secured hereby upon such Revenues, or ranking equally with the subordinated bonds, except the lien and charge of the subordinated bonds secured hereby upon such Revenues." 98 Resolution § 602.

## III.   Priority Under Puerto Rico Law.

16.   The Commonwealth's ability to alter the payment rights of the 98 Bonds is carefully circumscribed under Puerto Rico law.   The Constitution of Puerto Rico provides that the Commonwealth may divert or otherwise retain "available resources" for payment of the "public debt" (namely, the Commonwealth's general obligation bonds), but only in a limited set of circumstances.   Section 8 of Article VI of the Constitution of Puerto Rico provides:

> In case the available resources including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law.

*See* P.R. Const. art. VI, § 8.

17.   Under the Constitution and statutes of Puerto Rico, the 98 Toll Revenues and investment earnings pledged to payment of the 98 Bonds cannot be reallocated for other means because they do not qualify as "available resources" of the Commonwealth.[6]   Instead, the 98 Bondholders' lien on the stream of current and future 98 Toll Revenues and investment earnings cannot be reprioritized, subordinated, or redirected for any purpose.   The 98 Tax Revenues, by contrast, *are* considered "available resources," and thus can be reallocated in some cases, but only

---

[6] Recognizing this, a group of general obligation bondholders who represent to owning a "substantial amount" of such bonds have admitted in other proceedings that the "toll revenues pledged to PRHTA bondholders…are not available resources subject to clawback for payment of the Commonwealth's Constitutional Debt."   *See* [ECF No. 36] in *ACP Master, LTD v. The Commonwealth of Puerto Rico*, Adv. Pro. No. 17-00159-LTS in No. 17 BK 3283-LTS (D.P.R. 2017).   This is significant because the general obligation bondholders are, as noted, the sole beneficiaries of the constitutional "claw back" to the extent it were to spring into effect.

12

HTA_CONF 00016890

for payment of the public debt.  Moreover, before that can happen, an important precondition must be satisfied: all other available resources for the relevant fiscal year must be insufficient to pay the public debt.  Various laws of the Commonwealth expressly afford the 98 Bondholders (x) a right of priority to the 98 Tax Revenues second only to payment of the public debt, and (y) a right of priority to the 68 Tax Revenues second only to payment of the public debt and the 68 Bonds.  *See, e.g.*, 13 L.P.R.A. § 31751(a)(1)(B); 9 L.P.R.A. §§ 2013(a)(2), 2021, 5681; *see also* 23 L.P.R.A. § 104(c)(1)-(5) (Puerto Rico Office of Management and Budget Act "priority guidelines" for disbursement of public funds) (assigning a second priority to HTA debt, junior only to payment of the public debt).  These statutes further establish that neither the 98 Tax Revenues nor the 68 Tax Revenues are subject to diversion for purposes of funding the Commonwealth's or HTA's general expenditures.  Rather, they can only be diverted to satisfy the Commonwealth's general obligation debt to the extent the Commonwealth lacks funds to pay that debt in any given fiscal year.  Given that the Commonwealth has not satisfied the preconditions necessary to "claw back" either the 98 Tax Revenues or the 68 Tax Revenues under the Puerto Rico Constitution, the 98 Bondholders' lien on the 98 Tax Revenues is currently a first-priority lien, whereas their lien on the 68 Tax Revenues is second only to the payment or provision for payment of debt service and required reserves on outstanding 68 Bonds.

## IV.    Bondholder Rights and Remedies.

18.    The Enabling Act provides that 98 Bondholders such as Peaje may bring suit upon the 98 Bonds, including "[b]y mandamus or other suit, action, or proceeding at law or in equity to enforce [their] rights against...[HTA], its officers, agents, and employees to perform and carry out its and their duties and obligations [under the Enabling Act] and its and their covenants and agreements with bondholders...."  9 L.P.R.A. § 2013.  Additionally, the Enabling Act authorized

13

HTA to "sue and be sued, complain and defend in all courts of justice and administrative bodies…." 9 L.P.R.A. § 2004(g).

## V.      Additional Covenants.

19.      As referenced in the 98 Resolution, HTA "has entered into an agreement with the Secretary of Transportation pursuant to which the Secretary of Transportation has agreed to pay the costs of maintaining, repairing and operating all Traffic Facilities financed by [HTA] in whole or in part by the issuance of 1968 Resolution Bonds and all Transportation Facilities financed by the Authority in whole or in part by the issuance of bonds of [HTA] under the provisions of this Resolution, *from general funds of the Commonwealth of Puerto Rico* which are made available to him for such purpose." 98 Resolution § 604 (emphasis added). In the event such funds are not available, the 98 Resolution provides that HTA may only use funds that are left over after the payment of debt service on, among other things, the 98 Bonds. *Id.*

20.      Furthermore, in Section 2019 of the Enabling Act, "[t]he Commonwealth Government...pledge[s] to, and agree[s] with, any person, firm or corporation, or any federal, commonwealth or state agency, subscribing to or acquiring bonds of [HTA] to finance in whole or in part any traffic facilities or any part thereof, that it will not limit or restrict the rights or powers hereby vested in [HTA] until all such bonds at any time issued, together with the interest thereon, are fully met and discharged." 9 L.P.R.A. § 2019.

## VI.      Perfection and Enforceability Under Article 9.

21.      Peaje's lien is validly created, perfected and enforceable and its priority is established by the Enabling Act and the 98 Resolution. To the extent Peaje's lien is not governed comprehensively by the Enabling Act and the 98 Resolution with respect to any issue regarding the lien's creation, perfection, priority, or enforceability, other applicable Puerto Rico law,

14

including Puerto Rico's version of Article 9 of the Uniform Commercial Code, applies and establishes Peaje's lien rights. *See* 9-109(a), (c)(2), 19 L.P.R.A. § 2219; 9-201, 19 L.P.R.A. § 2231.[7] Section 9-109(c)(2) provides that the provisions of Article 9 "do[] not apply *to the extent that*…another statute of this state expressly governs the creation, perfection, priority, or enforcement of a security interest created by this state or a governmental unit of this state." 9-109(c)(2), 19 L.P.R.A. § 2219 (emphasis added). Section 9-109(c)(2) "reflect[s] the view that Article 9 should apply to security interests created by a State…or a 'governmental unit'…except to the extent that another statute governs *the issue* in question." 9-109, 19 L.P.R.A. § 2219, cmt. 9 (emphasis added). Thus, Section 9-109(c)(2) "excludes only transfers covered by another statute…*to the extent* the statute governs the creation, perfection, priority, or enforcement of security interests." 9-101, cmt. 4a (emphasis added).

22. To the extent Peaje's lien is not validly established under the Enabling Act and the 98 Resolution, the provisions for the creation of enforceable liens under Article 9 would be satisfied. *See* 9-109(a) and (c)(2), 19 L.P.R.A. § 2219; 9-201, 19 L.P.R.A. § 2231. Under Article 9, a security interest is valid and enforceable if (i) value has been given, (ii) "the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party," and (iii) "[t]he debtor has authenticated a security agreement that provides a description of the collateral…." 9-203, 19 L.P.R.A. § 2233. Peaje's lien meets all three requirements. First, value was given in

---

[7] Section 9-109(a)(1) provides that Article 9 applies to "a transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract." 9-109(a)(1), 19 L.P.R.A. §2219. A "security interest" is an interest in personal property "which secures payment or performance of an obligation." 1-201(b)(35), 19 L.P.R.A. §451(37). The term "contract" means "the total legal obligation that results from the parties' agreement as determined by [the UCC] as supplemented by other applicable laws." 1-201(b)(12), 19 L.P.R.A. §451(11). Thus, a contract is more than the terms of a parties' written agreement, and includes terms or obligations supplied at law—*e.g.*, under the Enabling Act and 98 Resolution.

15

HTA_CONF 00016893

exchange for the secured 98 Bonds. Second, the Enabling Act establishes that HTA had the power to transfer its rights in the 98 Revenues to the 98 Bondholders. *See* 9 L.P.R.A. § 2004(l); *see also* 9 L.P.R.A. § 2012(e). Third, the 98 Resolution, by itself and/or in conjunction with other documents, serves as a security agreement, specifically defining the collateral pledged to the 98 Bondholders and establishing their lien in the collateral. *See* 98 Resolution §§ 101 (defining "Revenues"), 401, 501, 601, 602.[8]

23.     If, on the other hand, the Enabling Act and 98 Resolution were determined to govern the creation of Peaje's lien on the 98 Revenues, but not the perfection, priority, or enforceability of such lien, the provisions of Article 9 would supplement the Enabling Act and 98 Resolution with respect to these issues only. *See, e.g.*, 9-203, 19 L.P.R.A. § 2233. Thus, under Puerto Rico law, Peaje's lien rights could be established in part under the Enabling Act and 98 Resolution, and in part under Article 9. Assuming Article 9 applies regarding the perfection of Peaje's lien, Peaje's lien on the stream of current and future 98 Revenues is also perfected by the filing of UCC-1 financing statements, including those referenced herein, which properly (1) name the debtor (HTA), (2) name the secured party (the 98 Bondholders), and (3) indicate the collateral covered by the financing statement (the 98 Revenues, among other collateral). *Accord* 19 L.P.R.A. §§ 2260, 2322. To the extent the priority and remedies provisions under the Enabling Act and the 98 Resolution do not apply, these respective features of Article 9 would also apply. Because Peaje's lien satisfies all the requirements of Article 9, Peaje contends in the alternative that Article 9 serves as a further basis for validating its lien and enforcing its rights.[9]

---

[8] The Secretary of the Puerto Rico Highways and Transportation Authority authenticated the 98 Resolution on HTA's behalf on April 20, 2004. *See* 98 Resolution, *Certificate of Secretary of the Authority as to Resolution 98-06, as Amended*. The documents referenced on pages 8-9 *supra* concerning the validity of Peaje's lien further establish the existence of a security agreement.

[9] A second provision of Article 9 further validates Peaje's lien if it is not fully established and governed

HTA_CONF 00016894

## PENDING LITIGATION COMMENCED BY PEAJE

24.     On May 3, 2017, the Commonwealth filed a petition for relief under Title III of PROMESA.  HTA commenced its own bankruptcy case on May 21, 2017.  In July of 2017, HTA defaulted on its payment obligations under the 68 Bonds and 98 Bonds.

25.     Shortly after HTA's bankruptcy filing, Peaje commenced a set of adversary proceedings (the "Action") by filing a complaint in the Commonwealth's and HTA's respective bankruptcy cases.  The Action concerns Defendants'[10] ongoing taking and dissipation of the collateral securing the 68 Bonds owned by Peaje in violation of applicable law.  At present, the Action does not specifically pertain to Peaje's ownership of the 98 Bonds.  On October 10, 2017, Peaje filed its *Amended Complaint* (the "Amended Complaint") in the Action.  The Amended Complaint is attached hereto as **Exhibit B** and incorporated herein by reference.  As of the date hereof, the Action remains pending before this Court.

---

by the Enabling Act and the 98 Resolution.    Specifically, Section 9-702(b)(1) provides that "[t]ransactions and liens that were not governed by former [Article 9], were validly entered into or created before this act takes effect, and would be subject to this chapter if they had been entered into or created after this act takes effect, and the rights, duties, and interests flowing from those transactions and liens remain valid after this act takes effect."  9-702(b)(1), 19 L.P.R.A. § 2402.    Thus, even if Peaje's lien was not subject to the former version of Article 9 but would be subject to the current version of Article 9 if it were granted after the current version took effect in Puerto Rico, it remains valid.

[10] The defendants currently named in the Action are: HTA and its Executive Director, currently the Hon. Carlos Contreras Aponte, the Commonwealth and its Governor, currently the Hon. Ricardo Rosselló, the Puerto Rico Fiscal Agency and Financial Advisory Authority and its Executive Director, currently the Hon. Gerardo Portela Franco, and Hon. Raúl Maldonado Gautier and Hon. José Iván Marrero Rosado, who are Commonwealth officials (the foregoing parties, collectively, "Defendants").

17

## CLAIMS ARISING UNDER THE 98 BONDS
## AND CLASSIFICATION THEREFOF

26.     Under Puerto Rico law and pursuant to certain obligations, including those

manifested in the Enabling Act and the 98 Resolution, the Commonwealth and HTA are indebted

to Peaje in the following amounts:

a)      Principal Amount:  HTA is indebted to Peaje for the principal face amount
of its 98 Bonds in the amount $44.765 million.  The Commonwealth is
separately indebted to Peaje for any such principal that remains unpaid as a
result of Peaje's claims against the Commonwealth specified in subsections
(c), (d), (e), and (i) below.

b)      Interest: HTA is indebted to Peaje for: (i) accrued and unpaid pre-petition
interest, plus (ii) accrued and unpaid post-petition interest at the nominal
rate of interest borne under Peaje's 98 Bonds, plus (iii) interest on overdue
principal and overdue installments of interest on Peaje's 98 Bonds,
compounded daily.  The Commonwealth is separately indebted to Peaje for
such amounts on account of Peaje's claims against the Commonwealth
specified in subsections (c), (d), (e), and (i) below.

c)      Claims, Damages, and Liabilities, and Other Amounts Arising From the
Allegations of the Amended Complaint:  The Commonwealth and HTA are
indebted to Peaje in an unliquidated amount for all claims, damages, and
other liabilities arising from the causes of action identified in the Amended
Complaint, as if each reference to the "68 Bonds" and the "Toll Revenues"
securing the same were deemed a reference to the 98 Bonds and the 98 Toll
Revenues, *mutatis mutandis.*

d)      Constitutional Claims:  Peaje's interest in the 98 Revenues is protected
under the Fifth Amendment of the U.S. Constitution, and cannot be
expropriated without Peaje receiving just compensation.    The
Commonwealth's and HTA's diversion of the 98 Revenues also violates the
Contract  Clause  of  the  U.S.  Constitution.    Consequently,  the
Commonwealth and HTA must provide Peaje just compensation for the
value of Peaje's property that has been taken, impaired, or destroyed, as
well as damages for the impairment of Peaje's contractual rights.  Peaje's
claims arising under the Takings and Contract Clauses are entitled to special
priority and are non-dischargeable.

e)      Claims Arising From Inter-Debtor Transfers:  The Commonwealth and
HTA are indebted to Peaje in an unliquidated amount for all claims,
damages, and other liabilities arising from the debtors' violations of Section
407 of PROMESA, 48 U.S.C. § 2195(a).  Section 407 provides, in relevant
part, that "[w]hile an Oversight Board for Puerto Rico is in existence, if any

18

property of any territorial instrumentality of Puerto Rico is transferred in violation of applicable law under which any creditor has a valid pledge of, security interest in, or lien on such property, or which deprives any such territorial instrumentality of property in violation of applicable law assuring the transfer of such property to such territorial instrumentality for the benefit of its creditors, then the transferee shall be liable for the value of such property." *Id.* The Commonwealth has been using the 98 Tax Revenues for purposes other than securing payment of the 98 Bonds. In the absence of the 98 Tax Revenues, HTA has been raiding the 68 and 98 Toll Revenues collected by HTA to fund its operations, rather than using such revenues to secure the 98 Bonds. Such transfers are in violation of applicable law— *e.g.,* the Enabling Act and 98 Resolution—under which 98 Bondholders such as Peaje have a valid pledge of, security interest in, and lien on those assets. These transfers also deprive HTA of property in violation of the Enabling Act and the 98 Resolution, as well as other Puerto Rico statutes, which are meant to assure the transfer of such property to HTA for the benefit of its creditors (including Peaje). Consequently, transferees of the 98 Revenues—as is relevant here, the Commonwealth and HTA—are liable to Peaje for the value of such transferred property.

f)   Claim for Inadequate Adequate Protection: HTA is indebted to Peaje pursuant to Section 507(b) of the Bankruptcy Code in an amount equal to the diminution in value of Peaje's collateral on account of the stay of action against such property under Section 362 from the use of such property. 11 U.S.C. §§ 362, 507. Such claims shall have priority over every other claim allowed under section 507(a). *See id.*

g)   Fees and Expenses Incurred By Peaje: HTA is indebted to Peaje in an unliquidated amount for all amounts due and to become due to Peaje, whether arising prior to or after the debtors' bankruptcy filings, on account of (x) expenses, advances, and/or disbursements for Peaje's legal and financial advisors, accountants, experts, and other agents and enforcement costs, as well as (y) all other amounts, including, without limitation, all indemnification rights, due or to become due to Peaje under any applicable document or law (clauses (x) and (y), the "Fees and Expenses").

h)   Amount Necessary to Cure Default as of the Petition Date: All of the prepetition defaults cannot be cured by the payment of money. With respect to monetary defaults, HTA has not provided Peaje with sufficient information regarding funds required to be deposited or on deposit in the 68 Reserve Account and the 98 Senior Bond Reserve Account as of the petition date. Therefore, Peaje cannot calculate the amount necessary to cure prepetition monetary defaults. Such amount would include (in each case, as of the petition date) any payment default, if any on any of the 98 Bonds, and any amount required to replenish the 68 Reserve Account and the 98 Senior Bond Reserve Account to the level required by the 68 and 98 Resolutions plus interest and fees. *See, e.g.*, 68 Resolution § 101 (definition

19

of "Reserve Requirement"); 98 Resolution § 101 (definition of "Senior Reserve Requirement").

i)    Other Unliquidated Amounts:  The Commonwealth and HTA are indebted to Peaje for any and all other amounts due or to become due with respect to the 98 Bonds, whether under the Enabling Act, the 98 Resolution, and/or pursuant to any related or ancillary documents and/or agreements, and whether under applicable law and/or principles of equity, whether now due or hereafter arising, which amounts may, presently, be unliquidated or contingent, but may become fixed and liquidated in the future, including, without limitation: (A) amounts owed as or for interest, including, without limitation, post-petition interest, deferred interest, interest on overdue principal and overdue premiums, if any, and interest on overdue installments of interest or reimbursement of expenses, and to the extent lawful, at the rate of interest borne by the 98 Bonds compounded daily; (B) premiums, penalties, expenses, indemnities, taxes, compensatory, secondary and/or punitive damages, all compensation, and reimbursement and indemnification obligations due, if any; (C) the Commonwealth's and HTA's obligations to pay taxes, assessments, or other governmental charges, if any; (D) any and all benefits accruing to Peaje resulting from any of the Commonwealth's and HTA's covenants set forth in the Enabling Act, the 98 Resolution, or pursuant to any other agreement or under applicable law; (E) damages for fraud, misrepresentation, or any other breach of any covenant, representation, warranty, or other provision of the Enabling Act, the 68 or 98 Resolutions, the offering statements disseminated with respect to the 98 Bonds and/or 68 Bonds, and/or any other agreement entered into by the parties and/or any other related document; and (F) any other claims arising under state or federal law, including, without limitation, the securities laws, applicable fraudulent conveyance laws, and/or PROMESA.

## INQUIRY NOTICE

27.    This Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due with respect to Peaje's holdings of 98 Bonds under the Enabling Act, the 98 Resolution, the 68 Resolution, the Amended Complaint, the UCC-1 Statements, and/or the Series H, Series M, or Series N Offering Statements, the provisions of which are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Claim, and all interested parties are on notice of, and advised to examine the provisions in, such documents.

28.    All notices and communications concerning this Claim should be sent to:

20

Peaje Investments LLC
c/o Cogency Global, Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

with a copy to:

Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Attn:   Allan S. Brilliant
        G. Eric Brunstad, Jr.
        Andrew C. Harmeyer

## RESERVATION OF RIGHTS

29.     Peaje does not waive, and expressly reserves, all rights and remedies at law or in equity that it has or may have against the Commonwealth and its instrumentalities (including HTA), their respective officers and agents, and any other person or entity. Without limiting the generality of the foregoing paragraph, this Claim is not, nor shall it be deemed or construed to be: (a) a waiver or release of the terms and provisions of the Enabling Act, the 98 Resolution, or any other document concerning the 98 Bonds; (b) an election of remedies or waiver of any past, present, or future defaults or events of default under the Enabling Act, the 98 Resolution, and/or all related and ancillary documents and/or agreements, whether under applicable law and/or principles of equity; (c) a waiver of Peaje's rights or remedies against any other person or entity that may be liable for all or part of the claims set forth herein; (d) a waiver of release of Peaje's right to trial by jury, or a consent to trial by jury, in this or any other court; (e) an admission by Peaje that any property currently held or controlled by the Commonwealth or its instrumentalities (including HTA) is property of a Title III debtor; (f) a waiver or release of, or any other limitation on, Peaje's right to assert that any portion of the Claim asserted herein or any other claims are

21

HTA_CONF 00016899

entitled to treatment as priority claims or are non-dischargeable under applicable law; or (g) a waiver or release of any lien or security interest.

30.     Peaje expressly reserves its right to replace, amend, or supplement this Claim at any time and in any respect (including, without limitation, as necessary or appropriate to (i) amend, quantify, or correct amounts, (ii) to provide additional detail regarding the Claim set forth herein, (iii) to fix the amount of any contingent or unliquidated component of the Claim, or (iv) to include any claim at law or in equity), to file additional proofs of claim or further pleadings for additional claims, and to assert any and all other claims, actions, defenses, setoffs, recoupments, rights, or remedies of whatever kind or nature that it currently has, or may have in the future against the Commonwealth and its instrumentalities (including HTA) and their respective officers and agents, or any other person, including without limitation, administrative or other priority claims, setoff and recoupment rights, lien rights, interest, and the right to assert claims that are otherwise warranted in any related actions.  The filing of this Claim shall not be deemed a waiver of any claim in law or in equity that Peaje may have against the Commonwealth or HTA, including, but not limited to, administrative claims, priority claims, secured claims, constructive trust claims or the right to assert claims that are otherwise warranted in any related action.

31.     To the best of Peaje's knowledge, the Claim set forth herein is not subject to any setoff or counterclaim by the Commonwealth or HTA; provided, however, that Peaje expressly reserves and does not waive any right of setoff or recoupment it may possess.

32.     Peaje specifically reserves all of its procedural and substantive defenses and rights with respect to any claim or counterclaim, including, but not limited to, with respect to jurisdictional issues, that may be asserted against Peaje by the Commonwealth or HTA, any of their successors and assigns, any trustee for property of the debtors, or any other person or entity.

22

HTA_CONF 00016900

33.     Peaje expressly reserves the right to claim that any portion of the Fees and Expenses Peaje incurred on or after the debtors' bankruptcy filings constitute expenses of administration to the extent such expenses are not otherwise paid in full, and Peaje reserves the right to file a claim or application for payment of administrative expenses.

23

HTA_CONF 00016901

# EXHIBIT A

HTA_CONF 00016902



ESTADO LIBRE ASOCIADO DE
# PUERTO RICO
DEPARTAMEN



Registro de Transacciones Co          2014003809

14 AUG -4  AM 11: 56

## DECLARACIÓN DE FINANCIAMIENTO / *FINANCING STATEMENT*
SIGA INSTRUCCIONES/ *FOLLOW INSTRUCTIONS*

A. NOMBRE Y NÚMERO DE CONTACTO (opcional) / *NAME & PHONE OF CONTACT AT FILER (optional)*

B. CORREO ELECTRÓNICO DE CONTACTO (opcional) / *E-MAIL CONTACT AT FILER (optional)*

C. ENVIAR CONFIRMACIÓN A (Nombre y Dirección): / *SEND ACKNOWLEDGMENT TO:  (Name and Address)*

Arent Fox LLP
Attention: David Dubrow
1675 Broadway
New York, NY 10019

**EL ESPACIO ARRIBA ES PARA USO DEL OFICIAL DE REGISTRO**
*THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY*

1. NOMBRE DEL DEUDOR / *DEBTOR'S NAME:* Provea sólo un nombre de Deudor (1a o 1b) (use el nombre completo y exacto, no omita, modifique o abrevie ningún componente del nombre); si algún aparte del nombre del Deudor no cabe en la línea 1b, déjela en blanco, marque aquí [ ] y provea la información del Deudor Individual en el renglón 10 del Anejo a la Declaración de Financiamiento (Forma UCC1AdPR) / *Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here [ ] and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1AdPR)*

| 1a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* | | | | |
|---|---|---|---|---|
| Puerto Rico Highway and Transportation Authority | | | | |

OR

| 1b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO /*SUFFIX* |
|---|---|---|---|
| | | | |

| 1c. DIRECCIÓN POSTAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS COUNTRY |
|---|---|---|---|---|
| Minillas Government Center, South Building, Floor 17 | San Juan | PR | 00940 | USA |

2. NOMBRE DEL DEUDOR/ *DEBTOR'S NAME:* Provea sólo un Deudor adicional (2a o 2b) (Use el nombre completo y exacto; no omita, modifique o abrevie ninguna parte del nombre).  Si cualquier parte de un nombre no cupiera en el espacion provisto en la 2b, deje toda la sección 2 en blanco, marque aquí [ ] y provea el nombre completo en el renglón 10 en el Anejo de la Declaración de Financiamiento (Forma UCC1AdPR) / *Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here [ ] and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1AdPR)*

| 2a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* | | | | |
|---|---|---|---|---|
| | | | | |

OR

| 2b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO *SUFFIX* |
|---|---|---|---|
| | | | |

| 2c. DIRECCIÓN / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS COUNTRY |
|---|---|---|---|---|
| | | | | |

3. NOMBRE DEL ACREEDOR GARANTIZADO (o NOMBRE DE CESIONARIO): Provea sólo un nombre de Acreedor Garantizado (3a o 3b) *SECURED PARTY'S NAME (or NAME of ASSIGNEE): Provide only one Secured Party name (3a or 3b)*

| 3a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* | | | | |
|---|---|---|---|---|
| Holders of all bonds ("1998 Resolution Bonds") issued under Resolution 98-06. | | | | |

OR

| 3b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO *SUFFIX* |
|---|---|---|---|
| | | | |

| 3c. DIRECCIÓN POSAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS COUNTRY |
|---|---|---|---|---|
| 1675 Broadway, 34th Floor | New York | NY | 10019 | USA |

4. COLATERAL: Esta declaración de financiamiento cubre la siguiente colateral: / *COLLATERAL: This financing statement covers the following collateral:*

All of the Debtor's rights, title, and interest in and to (i) all moneys on account of taxes on crude oil and crude oil derivative products received by, or allocated to, the Debtor pursuant to Act No. 34 of 1997, as amended; (ii) up to $20 million per fiscal year on account of cigarette tax received by, or allocated to, the Debtor pursuant to Act No. 30 of 2013, as amended; (iii) tolls or other charges imposed by the Debtor for the use of roads, avenues, streets, thoroughfares, speedways, bridges, tunnels, channels, stations, terminals, any other land or water transportation facilities, parking lots and structures and other facilities for parking, loading or unloading of vehicles and vessels other than those for which 1968 Resolution Bonds were or will be issued; (vi) funds and accounts pledged as security for the 1998 Resolution Bonds and investment earnings therein; and (v) the proceeds of any other taxes, fees or charges that the Legislature of Puerto Rico has allocated or may hereafter allocate to the Authority and authorize the Authority to pledge to the payment of principal and interest on bonds or other obligations of the Authority.

5. Marque solo si aplica y solo una opción: Colateral está [ ] en posesión de un Fideicomiso (véase UCC1AdPR, renglón 7 e Instrucciones) [ ] administrado por Representante de un difunto    *Check only if applicable and check only one box: Collateral is [ ] held in a Trust (See UCC1AdPR, Item 17 and instructions) [ ] being administered by a Decedent's Personal Representative*

6a. Marque solo si aplica y una sola alternativa / *Check only if applicable and check only one box:*
- [x] Transacción de Financiamiento Público / *Public-Finance Transaction*
- [ ] Transacción de Casa Prefabricada / *Manufactured-Home Transaction*
- [ ] Un Deudor es una entidad transmisora / *A Debtor is a Transmitting Utility*

6b. Marque solo si aplica y solo una alternativa / *Check only if applicable and check only one box:*
- [ ] Gravamen Agrícola / *Agricultural Lien*
- [ ] Inscripción extraregistral / *Non-UCC Filing*

7. DESIGNACIÓN ALTERNA (si aplica) / *ALTERNATIVE DESIGNATION (if applicable):*
- [ ] Arrendador/Arrendatario / *Lessee/Lessor*
- [ ] Consignatario/ Consignador / *Consignee/Consignor*
- [ ] Vendedor/ Comprador / *Seller/Buyer*
- [ ] Depositario/ Fiador / *Bailee/Bailor*
- [ ] Concesionario/Concedente / *Licensee/Licensor*

8. DATOS OPCIONALES DE REFERENCIA PARA EL SOLICITANTE / *OPTIONAL FILER REFERENCE DATA:*

COPIA OFICINA DE REGISTRO - DECLARACIÓN DE FINANCIAMIENTO (Forma UCC1PR) (Rev. 05/20/14)

HTA_CONF 00016903



ESTADO LIBRE ASOCIADO DE
# PUERTO RICO
DEPARTAMENTO DE E
Registro de Transacciones Comerciale

2014003010



14 AUG -4  AM 11: 55

## DECLARACIÓN DE FINANCIAMIENTO / *FINANCING STATEMENT*
SIGA INSTRUCCIONES/ *FOLLOW INSTRUCTIONS*

A. NOMBRE Y NÚMERO DE CONTACTO (opcional) / *NAME & PHONE OF CONTACT AT FILER (optional)*

B. CORREO ELECTRÓNICO DE CONTACTO (opcional) / *E-MAIL CONTACT AT FILER (optional)*

C. ENVIAR CONFIRMACIÓN A (Nombre y Dirección): / *SEND ACKNOWLEDGMENT TO:   (Name and Address)*

Arent Fox LLP
Attention: David Dubrow
1675 Broadway
New York, NY 10019

**EL ESPACIO ARRIBA ES PARA USO DEL OFICIAL DE REGISTRO**
*THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY*

1. NOMBRE DEL DEUDOR / *DEBTOR'S NAME:* Provea sólo un nombre de Deudor (1a o 1b) (use el nombre completo y exacto; no omita, modifique o abrevie ningún componente del nombre); si algún aparte del nombre del Deudor no cabe en la línea 1b, déjela en blanco, marque aquí ☐ y provea la información del Deudor individual en el renglón 10 del Anejo a la Declaración de Financiamiento (Forma UCC1AdPR) / *Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of Item 1 blank, check here* ☐ *and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1AdPR)*

| 1a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| Puerto Rico Highway and Transportation Authority | | | |

OR

| 1b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO / *SUFFIX* |
|---|---|---|---|
| | | | |

| 1c. DIRECCIÓN POSTAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS COUNTRY |
|---|---|---|---|---|
| VERIFY [Minillas Government Center, South Building] | San Juan | PR | 00940 | USA |

2. NOMBRE DEL DEUDOR/ *DEBTOR'S NAME:* Provea sólo un Deudor adicional (2a o 2b) (Use el nombre completo y exacto; no omita, modifique o abrevie ninguna parte del nombre).  Si cualquier parte de un nombre no cupiera en el el espacio provisto en la 2b, deje toda la sección 2 en blanco, marque aquí ☐ y provea el nombre completo en el renglón 10 en el Anejo de la Declaración de Financiamiento (Forma UCC1AdPR) / *Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of this Debtor's name); If any part of the Individual Debtor's name will not fit in line 2b, leave all of Item 2 blank, check here* ☐ *and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1AdPR)*

| 2a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| | | | |

OR

| 2b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO / *SUFFIX* |
|---|---|---|---|
| | | | |

| 2c. DIRECCIÓN / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS COUNTRY |
|---|---|---|---|---|
| | | | | |

3. NOMBRE DEL ACREEDOR GARANTIZADO (o NOMBRE DE CESIONARIO): Provea sólo un nombre de Acreedor Garantizado (3a o 3b)
*SECURED PARTY'S NAME (or NAME of ASSIGNEE): Provide only one Secured Party name (3a or 3b)*

| 3a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| Ambac Assurance Corporation ("Ambac") for benefit of holders of all bonds ("1998 Resolution Bonds") issued under Resolution 98-06. | | | |

OR

| 3b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO / *SUFFIX* |
|---|---|---|---|
| | | | |

| 3c. DIRECCIÓN POSAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS COUNTRY |
|---|---|---|---|---|
| One State Street Plaza | New York | NY | 10004 | USA |

4. COLATERAL: Esta declaración de financiamiento cubre la siguiente colateral; / *COLLATERAL: This financing statement covers the following collateral:*

All of the Debtor's rights, title, and interest in and to (i) all moneys on account of taxes on crude oil and crude oil derivative products received by, or allocated to, the Debtor pursuant to Act No. 34 of 1997, as amended; (ii) up to $20 million per fiscal year on account of cigarette tax received by, or allocated to, the Debtor pursuant to Act No. 30 of 2013, as amended; (iii) tolls or other charges imposed by the Debtor for the use of roads, avenues, streets, thoroughfares, speedways, bridges, tunnels, channels, stations, terminals, any other land or water transportation facilities, parking lots and structures and other facilities for parking, loading or unloading of vehicles and vessels other than those for which 1998 Resolution Bonds were or will be issued; (vi) funds and accounts pledged as security for the 1998 Resolution Bonds and investment earnings therein; and (v) the proceeds of any other taxes, fees or charges that the Legislature of Puerto Rico has allocated or may hereafter allocate to the Authority and authorize the Authority to pledge to the payment of principal and interest on bonds or other obligations of the Authority.

| 5. Marque sólo si aplica y sólo una opción: Colateral está ☐ en posesión de un Fideicomiso (véase UCC1AdPR, renglón 7 e instrucciones) ☐ administrado por Representante de un difunto | Check *only* if applicable and check *only* one box: Collateral is ☐ hold in a Trust (See UCC1AdPR, Item 17 and instructions) ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|
| 6a. Marque sólo si aplica y una sola alternativa / *Check only if applicable and check only one box:* ■ Transacción de Financiamiento Público / *Public-Finance Transaction* ☐ Transacción de Casa Prefabricada / *Manufactured-Home Transaction* ☐ Un Deudor es una entidad transmisora / *A Debtor is a Transmitting Utility* | 6b. Marque *sólo* si aplica y sólo una alternativa / *Check only if applicable and check only one box:* ☐ Gravamen Agrícola / *Agricultural Lien* ☐ Inscripción extraregistral / *Non-UCC Filing* | |
| 7. DESIGNACIÓN ALTERNA (si aplica) / *ALTERNATIVE DESIGNATION (if applicable):* | ☐ Arrendador/Arrendatario / *Lessee/Lessor* ☐ Consignatario/ Consignador / *Consignee/Consignor* ☐ Vendedor Comprador / *Seller/Buyer* ☐ Depositario/ Fiador / *Bailee/Bailor* ☐ Concesionario/Concedente / *Licensee/Licensor* | |

8. DATOS OPCIONALES DE REFERENCIA PARA EL
SOLICITANTE / *OPTIONAL FILER REFERENCE DATA:*

COPIA OFICINA DE REGISTRO—DECLARACIÓN DE FINANCIAMIENTO (Forma UCC1PR) (Rev. 05/09/14)

HTA_CONF 00016904

2014004845

REGISTRO DE
~~~~~~~~ ~~~~~~~~~

2014 SEP -9 PM 3: 01

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company

801 Adlai Stevenson Drive

Springfield, IL 62703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here [ ] and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| Minillas Government Center, South Building | San Juan | PR | 00921 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here [ ] and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HOLDERS OF ALL BONDS ISSUED UNDER THE 1998 RESOLUTION * | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One Wall Street | New York | NY | 10286 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

---- REFER TO EXHIBIT A ATTACHED HERETO, INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF. ----

---- Exhibit A attached hereto consists of two pages. ----

* HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION 98-06 ADOPTED BY THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ON FEBRUARY 26, 1998, TOGETHER WITH ALL AMENDMENTS THERETO THEREAFTER AS THEREIN PERMITTED

5. Check only if applicable and check only one box: Collateral is [ ] held in a Trust (see UCC1Ad, item 17 and Instructions) [ ] being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: [X] Public-Finance Transaction [ ] Manufactured-Home Transaction [ ] A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: [ ] Agricultural Lien [ ] Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): [ ] Lessee/Lessor [ ] Consignee/Consignor [ ] Seller/Buyer [ ] Bailee/Bailor [ ] Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: Services Commercial Transactions Registry of the Puerto Rico Department of State   286583-004

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

HTA_CONF 00016905

**EXHIBIT A**

REGISTRO DE
TRANSACCIONES COMERCIAL

**TO**

**UNIFORM COMMERCIAL CODE FINANCING STATEMENT** FEB 2 PM 3:01

---

DEBTOR:

        PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY
        Minillas Government Center, South Building
        San Juan, Puerto Rico  00921

SECURED PARTY:

  HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION 98-06 ADOPTED BY THE
  PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ON FEBRUARY 26,
  1998, TOGETHER WITH ALL AMENDMENTS THERETO THEREAFTER AS THEREIN
  PERMITTED
                One Wall Street
                New York, New York  10286

### COLLATERAL DESCRIPTION

      Pursuant to that certain Resolution No. 98-06 adopted on February 26, 1998 (as the same
may be amended or supplemented from time to time, the "1998 Resolution"), all of the Debtor's
right, title and interest in and to (a) all "Revenues," which include, without limitation, (i) all
moneys received by the Debtor on account of the crude oil tax allocated to the Debtor by Act No.
34, approved July 16, 1997, as amended, (ii) all Existing Tax and Fee Revenues upon the repeal
and cancellation of the 1968 Resolution, (iii) any tolls or other charges imposed by the Debtor
for the use of any of the Toll Facilities other than Existing Toll Facilities Revenues received by
the Debtor prior to the repeal and cancellation of the 1968 Resolution and (iv) the proceeds of
any other taxes, fees or charges which the Legislature of Puerto Rico has allocated or may in the
future allocate to the Debtor and has expressly authorized or in the future expressly authorizes
the Debtor to pledge to the payment of the principal of and interest on bonds or other obligations
of the Debtor and which are pledged by the Debtor to the payment of the principal of and interest
on bonds or other obligations issued under the provisions of the 1998 Resolution, and investment
earnings on deposits to the credit of funds established under the provisions of the 1998
Resolution, (b) the Puerto Rico Highways and Transportation Authority Transportation Revenue
Bonds Interest and Sinking Fund (and all accounts created therein by or pursuant to the 1998
Resolution, including without limitation, the "Senior Bond Service Account," "Senior Bond
Redemption Account," and "Senior Bond Reserve Account") , the Puerto Rico Highways and
Transportation Authority Subordinated Transportation Revenue Bonds Interest and Sinking Fund
(and all accounts created therein by or pursuant to the 1998 Resolution, including without
limitation, the "Subordinated Bond Service Account" and "Subordinated Bond Redemption
Account"), the Puerto Rico Highways and Transportation Authority Subordinated Transportation
Revenue Bonds Reserve Fund (and all accounts created therein by or pursuant to the 1998
Resolution), the Puerto Rico Highways and Transportation Authority Transportation Revenue
Fund (and all accounts created therein by or pursuant to the 1998 Resolution) and the Puerto

710972992 14458010                                Page 1 of 2

Rico Highways and Transportation Authority Transportation Construction Fund, a special fund created and designated by the 1998 Resolution and all other accounts and funds created by or pursuant to the 1998 Resolution; and (c) all proceeds and products of the foregoing.

When used herein, the following terms have the following meanings:

"1968 Resolution" means Resolution No. 68-18 adopted by the Debtor on June 13, 1968, as amended by supplemental resolutions of the Debtor adopted on February 17, 1972, October 29, 1990, June 23, 1992, July 15, 1993 (effective September 8, 1993) and August 10, 1993, together with all amendments thereto thereafter as therein permitted.

"1968 Resolution Bonds" means all bonds issued under the 1968 Resolution.

"Existing Tax and Fee Revenues" means (1) the proceeds of the sixteen cents a gallon tax imposed on gasoline and one-half of the eight cents per gallon tax imposed on gas oil and diesel oil imposed by Subtitle B of Act No. 120, approved October 31, 1994, as amended, and allocated to the Debtor by Act No. 223 of November 30, 1995, as amended, and by said Act's predecessor statutes and (2) the proceeds of the $15 increase per vehicle of annual motor vehicle license fees imposed by the Commonwealth of Puerto Rico and allocated to the Debtor by Act No. 9, approved August 12, 1982.

"Existing Toll Facilities Revenues" means the tolls or other charges imposed by the Debtor for the use of any Traffic Facilities financed in whole or in part by the issuance of 1968 Resolution Bonds, including any extensions, betterments or improvements to such Traffic Facilities added after the issuance of bonds under the provisions of Section 207 of the 1998 Resolution however financed or otherwise paid for.

"Toll Facilities" means any Traffic Facilities for which the Debtor imposes tolls.

"Traffic Facilities" means any of the following facilities for which 1968 Resolution Bonds or bonds or other obligations shall be issued by the Debtor under the provisions of the 1998 Resolution the cost of which facilities paid from the proceeds of such bonds or other obligations shall not have been reimbursed to the Debtor from funds not encumbered by the 1998 Resolution or the 1968 Resolution:

(1) roads, avenues, streets, thoroughfares, speedways, bridges, tunnels, channels, stations, terminals and any other land or water facilities necessary or desirable in connection with the movement of persons, freight, vehicles or vessels;
(2) parking lots and structures and other facilities necessary or desirable in connection with parking, loading or unloading of all kinds of vehicles or vessels; and
(3) all property rights, easements, and interests therein necessary or desirable for the construction, maintenance, control, operation or development of such traffic facilities.

HTA_CONF 00016907

2014004847

REGISTRO DE
TRANSACCIONES COMERCIAL

2014 SEP -9  PM 2: 59

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

THE ABOVE SPACE IS **FOR FILING OFFICE USE ONLY**

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company

801 Adlai Stevenson Drive

Springfield, IL 62703

1. DEBTOR'S NAME: Provide only **one** Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| Minillas Government Center, South Building | San Juan | PR | 00921 | USA |

2. DEBTOR'S NAME: Provide only **one** Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only **one** Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HOLDERS OF ALL BONDS ISSUED UNDER THE 1998 RESOLUTION * | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One Wall Street | New York | NY | 10286 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

—— REFER TO EXHIBIT A ATTACHED HERETO, INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF. ——

—— Exhibit A attached hereto consists of two pages. ——

* HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION 98-06 ADOPTED BY THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ON FEBRUARY 26, 1998, TOGETHER WITH ALL AMENDMENTS THERETO THEREAFTER AS THEREIN PERMITTED

5. Check **only** if applicable and check **only** one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check **only** if applicable and check **only** one box:
☒ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check **only** if applicable and check **only** one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with:  Services Commercial Transactions Registry of the Puerto Rico Department of State      286583-003

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

REGISTRO DE
ANSACCIONES COMERCIAL

## EXHIBIT A
## TO
## UNIFORM COMMERCIAL CODE FINANCING STATEMENT

PM SEP -9 PM 2: 59

---

### DEBTOR:

PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY
Minillas Government Center, South Building
San Juan, Puerto Rico 00921

### SECURED PARTY:

HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION 98-06 ADOPTED BY THE
PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ON FEBRUARY 26,
1998, TOGETHER WITH ALL AMENDMENTS THERETO THEREAFTER AS THEREIN
PERMITTED

One Wall Street
New York, New York 10286

### COLLATERAL DESCRIPTION

Pursuant to that certain Resolution No. 98-06 adopted on February 26, 1998 (as the same
may be amended or supplemented from time to time, the "1998 Resolution"), all of the Debtor's
right, title and interest in and to (a) all "Revenues," which include, without limitation, (i) all
moneys received by the Debtor on account of the crude oil tax allocated to the Debtor by Act No.
34, approved July 16, 1997, as amended, (ii) all Existing Tax and Fee Revenues upon the repeal
and cancellation of the 1968 Resolution, (iii) any tolls or other charges imposed by the Debtor
for the use of any of the Toll Facilities other than Existing Toll Facilities Revenues received by
the Debtor prior to the repeal and cancellation of the 1968 Resolution and (iv) the proceeds of
any other taxes, fees or charges which the Legislature of Puerto Rico has allocated or may in the
future allocate to the Debtor and has expressly authorized or in the future expressly authorizes
the Debtor to pledge to the payment of the principal of and interest on bonds or other obligations
of the Debtor and which are pledged by the Debtor to the payment of the principal of and interest
on bonds or other obligations issued under the provisions of the 1998 Resolution, and investment
earnings on deposits to the credit of funds established under the provisions of the 1998
Resolution, (b) the Puerto Rico Highways and Transportation Authority Transportation Revenue
Bonds Interest and Sinking Fund (and all accounts created therein by or pursuant to the 1998
Resolution, including without limitation, the "Senior Bond Service Account," "Senior Bond
Redemption Account," and "Senior Bond Reserve Account") , the Puerto Rico Highways and
Transportation Authority Subordinated Transportation Revenue Bonds Interest and Sinking Fund
(and all accounts created therein by or pursuant to the 1998 Resolution, including without
limitation, the "Subordinated Bond Service Account" and "Subordinated Bond Redemption
Account"), the Puerto Rico Highways and Transportation Authority Subordinated Transportation
Revenue Bonds Reserve Fund (and all accounts created therein by or pursuant to the 1998
Resolution), the Puerto Rico Highways and Transportation Authority Transportation Revenue
Fund (and all accounts created therein by or pursuant to the 1998 Resolution) and the Puerto

710972992 14458010                          Page 1 of 2

HTA_CONF 00016909

Rico Highways and Transportation Authority Transportation Construction Fund, a special fund created and designated by the 1998 Resolution and all other accounts and funds created by or pursuant to the 1998 Resolution; and (c) all proceeds and products of the foregoing.

When used herein, the following terms have the following meanings:

"1968 Resolution" means Resolution No. 68-18 adopted by the Debtor on June 13, 1968, as amended by supplemental resolutions of the Debtor adopted on February 17, 1972, October 29, 1990, June 23, 1992, July 15, 1993 (effective September 8, 1993) and August 10, 1993, together with all amendments thereto thereafter as therein permitted.

"1968 Resolution Bonds" means all bonds issued under the 1968 Resolution.

"Existing Tax and Fee Revenues" means (1) the proceeds of the sixteen cents a gallon tax imposed on gasoline and one-half of the eight cents per gallon tax imposed on gas oil and diesel oil imposed by Subtitle B of Act No. 120, approved October 31, 1994, as amended, and allocated to the Debtor by Act No. 223 of November 30, 1995, as amended, and by said Act's predecessor statutes and (2) the proceeds of the $15 increase per vehicle of annual motor vehicle license fees imposed by the Commonwealth of Puerto Rico and allocated to the Debtor by Act No. 9, approved August 12, 1982.

"Existing Toll Facilities Revenues" means the tolls or other charges imposed by the Debtor for the use of any Traffic Facilities financed in whole or in part by the issuance of 1968 Resolution Bonds, including any extensions, betterments or improvements to such Traffic Facilities added after the issuance of bonds under the provisions of Section 207 of the 1998 Resolution however financed or otherwise paid for.

"Toll Facilities" means any Traffic Facilities for which the Debtor imposes tolls.

"Traffic Facilities" means any of the following facilities for which 1968 Resolution Bonds or bonds or other obligations shall be issued by the Debtor under the provisions of the 1998 Resolution the cost of which facilities paid from the proceeds of such bonds or other obligations shall not have been reimbursed to the Debtor from funds not encumbered by the 1998 Resolution or the 1968 Resolution:

(1) roads, avenues, streets, thoroughfares, speedways, bridges, tunnels, channels, stations, terminals and any other land or water facilities necessary or desirable in connection with the movement of persons, freight, vehicles or vessels;
(2) parking lots and structures and other facilities necessary or desirable in connection with parking, loading or unloading of all kinds of vehicles or vessels; and
(3) all property rights, easements, and interests therein necessary or desirable for the construction, maintenance, control, operation or development of such traffic facilities.

HTA_CONF 00016910

2014004848

REGISTRO DE
TRANSACCIONES COMERCIALES

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

2018 SEP -9  PM 2: 58

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|

| B. E-MAIL CONTACT AT FILER (optional) |
|---|

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company

801 Adlai Stevenson Drive

Springfield, IL 62703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| Minillas Government Center, South Building | San Juan | PR | 00921 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or Name of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HOLDERS OF ALL BONDS ISSUED UNDER THE 1998 RESOLUTION * | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One Wall Street | New York | NY | 10286 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

---REFER TO EXHIBIT A ATTACHED HERETO, INCORPORATED HEREIN BY REFERENCE AND MADE A
PART HEREOF. —

--- Exhibit A attached hereto consists of one page. ---

* HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION NO. 98-06, ADOPTED BY THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY ON FEBRUARY 26, 1998, TOGETHER WITH ALL
AMENDMENTS THERETO THEREAFTER AS THEREIN PERMITTED

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
|---|---|---|---|---|
| ☒ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |

| 7. ALTERNATIVE DESIGNATION (if applicable): | ☐ Lessee/Lessor | ☐ Consignee/Consignor | ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |
|---|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA:
Filed with: Services Commercial Transactions Registry of the Puerto Rico Department of State      286583-002

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

HTA_CONF 00016911

REGISTRO DE
TRANSACCIONES COMERCIAL

**EXHIBIT A**
**TO**
**UNIFORM COMMERCIAL CODE FINANCING STATEMENT**

2011 SEP -9 PM 2: 58

DEBTOR:

PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY
Minillas Government Center, South Building
San Juan, Puerto Rico 00921

SECURED PARTY:

HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION NO. 98-06, ADOPTED BY
THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ON
FEBRUARY 26, 1998, TOGETHER WITH ALL AMENDMENTS THERETO THEREAFTER
AS THEREIN PERMITTED
One Wall Street
New York, New York 10286

COLLATERAL DESCRIPTION

The Puerto Rico Highways and Transportation Authority (the "Authority") has executed
and delivered a certain Security Agreement dated as of February 7, 2002 and has granted to the
holders of all bonds issued under the Authority's Resolution No. 98-06, adopted on February 26,
1998, as amended (the "Resolution"), a security interest in (i) all Revenues (as defined in the
Resolution) of the Authority, (ii) the Puerto Rico Highways and Transportation Authority
Transportation Revenue Bonds Interest and Sinking Fund, as such term is defined in the
Resolution (and all accounts therein maintained under the Resolution), (iii) the Puerto Rico
Highways and Transportation Authority Transportation Revenue Fund, as such term is defined in
the Resolution (and all accounts therein maintained under the Resolution), and (iv) all amounts
on deposit and required to be on deposit therein by the terms of the Resolution including all
proceeds and all after-acquired property, subject to application as permitted by the Resolution.

HTA_CONF 00016912

2014004846

REGISTRO DE
TRANSACCIONES COMERCIAL

2014 FEB -9  PM 3: 00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company

801 Adlai Stevenson Drive

Springfield, IL 62703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY | | | | | |
| 1b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c MAILING ADDRESS<br>Minillas Government Center, South Building | CITY<br>San Juan | STATE<br>PR | POSTAL CODE<br>00921 | | COUNTRY<br>USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| HOLDERS OF ALL BONDS ISSUED UNDER THE 1998 RESOLUTION * | | | | | |
| 3b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>One Wall Street | CITY<br>New York | STATE<br>NY | POSTAL CODE<br>10286 | | COUNTRY<br>USA |

4. COLLATERAL: This financing statement covers the following collateral:

—REFER TO EXHIBIT A ATTACHED HERETO, INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF. —

---- Exhibit A attached hereto consists of one page. ---

* HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION NO. 98-06, ADOPTED BY THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ON FEBRUARY 26, 1998, TOGETHER WITH ALL AMENDMENTS THERETO THEREAFTER AS THEREIN PERMITTED

5. Check only if applicable and check only one box. Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☒ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: Services Commercial Transactions Registry of the Puerto Rico Department of State    286583-001

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev 04/20/11)

HTA_CONF 00016913



**EXHIBIT A**
**TO**
**UNIFORM COMMERCIAL CODE FINANCING STATEMENT**

DEBTOR:

    PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY
    Minillas Government Center, South Building
    San Juan, Puerto Rico  00921

SECURED PARTY:

  HOLDERS OF ALL BONDS ISSUED UNDER RESOLUTION NO. 98-06, ADOPTED BY
THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ON
FEBRUARY 26, 1998, TOGETHER WITH ALL AMENDMENTS THERETO THEREAFTER
AS THEREIN PERMITTED
                One Wall Street
                New York, New York  10286

COLLATERAL DESCRIPTION

      The Puerto Rico Highways and Transportation Authority (the "Authority") has executed
and delivered a certain Security Agreement dated as of February 7, 2002 and has granted to the
holders of all bonds issued under the Authority's Resolution No. 98-06, adopted on February 26,
1998, as amended (the "Resolution"), a security interest in (i) all Revenues (as defined in the
Resolution) of the Authority, (ii) the Puerto Rico Highways and Transportation Authority
Transportation Revenue Bonds Interest and Sinking Fund, as such term is defined in the
Resolution (and all accounts therein maintained under the Resolution), (iii) the Puerto Rico
Highways and Transportation Authority Transportation Revenue Fund, as such term is defined in
the Resolution (and all accounts therein maintained under the Resolution), and (iv) all amounts
on deposit and required to be on deposit therein by the terms of the Resolution including all
proceeds and all after-acquired property, subject to application as permitted by the Resolution.

HTA_CONF 00016914

REGISTRO DE TRANSACCIONES COMERCIALES

2014002566

2018 MAY 16 AM 10: 49

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Cadwalader, Wickersham & Taft LLP
Attention: Lary Stromfeld
One World Financial Center
New York, NY 10281

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of Item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Puerto Rico Highway and Transportation Authority | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| Minillas Government Center, South Building | San Juan | | PR | 00921 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):** Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Holders of all Bonds issued under the 1968 Resolution (as defined below) | | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| One World Financial Center | New York | | NY | 10281 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

Pursuant to that certain Resolution 68-18 adopted on June 13, 1968 (the "1968 Resolution"), all of the Debtor's right, title, and interest in and to "Revenues," which include, without limitation, (i) all moneys received by the Debtor on account of gasoline tax allocated to the Debtor by Act No. 75 of 1965; (ii) tolls or charges imposed by the Debtor for the use of any of the Debtor's traffic facilities, including, without limitation, (a) all highway, road, thoroughfare, speedway, bridge, and tunnel toll facilities, and (b) all parking lots and similar facilities; (iii) proceeds of any other taxes, fees, or charges which the Legislature has allocated to the Debtor and for which the Debtor is expressly authorized to pledge to the repayment of the Bonds; and (iv) funds and accounts pledged as security for Bonds and investment earnings therein. Capitalized terms used herein and not otherwise defined herein will have the meanings given to such terms in the 1968 Resolution.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box: ☑ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility    **6b.** Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

## Instructions for UCC Financing Statement (Form UCC1)

Please type or laser-print this form. Be sure it is completely legible. Read and follow all instructions, especially instruction 1; use of the correct name for the Debtor is crucial.

Fill in form very carefully; mistakes may have important legal consequences. If you have questions, consult your attorney. The filing office cannot give legal advice.

Send completed form and any attachments to the filing office, with the required fee.

### ITEM INSTRUCTIONS

A and B.  To assist filing offices that might wish to communicate with filer, filer may provide information in item A and item B. These items are optional.

C.  Complete item C if filer desires an acknowledgment sent to them. If filing in a filing office that returns an acknowledgment copy furnished by filer, present simultaneously with this form the Acknowledgment Copy or a carbon or other copy of this form for use as an acknowledgment copy.

1.  **Debtor's name.**  Carefully review applicable statutory guidance about providing the debtor's name. Enter only one Debtor name in item 1 — either an organization's name (1a) or an individual's name (1b). If any part of the Individual Debtor's name will not fit in line 1b, check the box in item 1, leave all of item 1 blank, check the box in item 9 of the Financing Statement Addendum (Form UCC1Ad) and enter the individual Debtor name in item 10 of the Financing Statement Addendum (Form UCC1Ad).  Enter Debtor's correct name. Do not abbreviate words that are not already abbreviated in the Debtor's name. If a portion of the Debtor's name consists of only an initial or an abbreviation rather than a full word, enter only the abbreviation or the initial. If the collateral is held in a trust and the Debtor name is the name of the trust, enter trust name in the Organization's Name box in item 1a.

1a.  Organization Debtor Name.  "Organization Name" means the name of an entity that is not a natural person. A sole proprietorship is **not** an organization, even if the individual proprietor does business under a trade name. If Debtor is a registered organization (e.g., corporation, limited partnership, limited liability company), it is advisable to examine Debtor's current filed public organic records to determine Debtor's correct name. Trade name is insufficient. If a corporate ending (e.g., corporation, limited partnership, limited liability company) is part of the Debtor's name, it must be included. Do not use words that are not part of the Debtor's name.

1b.  Individual Debtor Name.  "Individual Name" means the name of a natural person; this includes the name of an individual doing business as a sole proprietorship, whether or not operating under a trade name. The term includes the name of a decedent where collateral is being administered by a personal representative of the decedent. The term does not include the name of an entity, even if it contains, as part of the entity's name, the name of an individual. Prefixes (e.g., Mr., Mrs., Ms.) and titles (e.g., M.D.) are generally not part of an individual name. Indications of lineage (e.g., Jr., Sr., III) generally are not part of the individual's name, but may be entered in the Suffix box. Enter individual Debtor's surname (family name) in Individual's Surname box, first personal name in First Personal Name box, and all additional names in Additional Name(s)/Initial(s) box.

If a Debtor's name consists of only a single word, enter that word in Individual's Surname box and leave other boxes blank.

For both organization and individual Debtors. Do not use Debtor's trade name, DBA, AKA, FKA, division name, etc. in place of or combined with Debtor's correct name; filer may add such other names as additional Debtors if desired (but this is neither required nor recommended).

1c.  Enter a mailing address for the Debtor named in item 1a or 1b.

2.  **Additional Debtor's name.**  If an additional Debtor is included, complete item 2, determined and formatted per instruction 1. For additional Debtors, attach either Addendum (Form UCC1Ad) or Additional Party (Form UCC1AP) and follow Instruction 1 for determining and formatting additional names.

3.  **Secured Party's name.**  Enter name and mailing address for Secured Party or Assignee who will be the Secured Party of record. For additional Secured Parties, attach either Addendum (Form UCC1Ad) or Additional Party (Form UCC1AP). If there has been a full assignment of the Initial Secured Party's right to be Secured Party of record before filing this form, either (1) enter Assignor Secured Party's name and mailing address in item 3 of this form and file an Amendment (Form UCC3) [see item 5 of that form]; or (2) enter Assignee's name and mailing address in item 3 of this form and, if desired, also attach Addendum (Form UCC1Ad) giving Assignor Secured Party's name and mailing address in item 11.

4.  **Collateral.**  Use item 4 to indicate the collateral covered by this financing statement. If space in item 4 is insufficient, continue the collateral description in item 12 of the Addendum (Form UCC1Ad) or attach additional page(s) and incorporate by reference in item 12 (e.g., See Exhibit A). Do not include social security numbers or other personally identifiable information.

Note:  If this financing statement covers timber to be cut, covers as-extracted collateral, and/or is filed as a fixture filing, attach Addendum (Form UCC1Ad) and complete the required information in items 13, 14, 15, and 16.

5.  If collateral is held in a trust or being administered by a decedent's personal representative, check the appropriate box in item 5. If more than one Debtor has an interest in the described collateral and the check box does not apply to the interest of all Debtors, the filer should consider filing a separate Financing Statement (Form UCC1) for each Debtor.

6a.  If this financing statement relates to a Public-Finance Transaction, Manufactured-Home Transaction, or a Debtor is a Transmitting Utility, check the appropriate box in item 6a. If a Debtor is a Transmitting Utility and the initial financing statement is filed in connection with a Public-Finance Transaction or Manufactured-Home Transaction, check only that a Debtor is a Transmitting Utility.

6b.  If this is an Agricultural Lien (as defined in applicable state's enactment of the Uniform Commercial Code) or if this is not a UCC security interest filing (e.g., a tax lien, judgment lien, etc.), check the appropriate box in item 6b and attach any other items required under other law.

7.  **Alternative Designation.**  If filer desires (at filer's option) to use the designations lessee and lessor, consignee and consignor, seller and buyer (such as in the case of the sale of a payment intangible, promissory note, account or chattel paper), bailee and bailor, or licensee and licensor instead of Debtor and Secured Party, check the appropriate box in item 7.

8.  **Optional Filer Reference Data.**  This item is optional and is for filer's use only. For filer's convenience of reference, filer may enter in item 8 any identifying information that filer may find useful. Do not include social security numbers or other personally identifiable information.

REGISTRO DE
TRANSACCIONES COMERCIALES

2014002568

2014 MAY 16   AM 10: 48

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

Cadwalader, Wickersham & Taft LLP
Attention: Lary Stromfeld
One World Financial Center
New York, NY  10281

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of Item 1 blank, check here ☐ and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Puerto Rico Highway and Transportation Authority | | | | | |
| OR  1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| Minillas Government Center, South Building | San Juan | PR | 00921 | | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of Item 2 blank, check here ☐ and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR  2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Assured for the benefit of Holders of all Bonds under the 1968 Resolution (as defined below) | | | | | |
| OR  3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 31 W. 52nd St., #26 | New York | NY | 10019 | | USA |

4. COLLATERAL: This financing statement covers the following collateral:
Pursuant to that certain Resolution 69-18 adopted on June 13, 1968 (the "1968 Resolution"), all of the Debtor's right, title, and interest in and to "Revenues," which include, without limitation, (i) all moneys received by the Debtor on account of gasoline tax allocated to the Debtor by Act No. 75 of 1965; (ii) tolls or charges imposed by the Debtor for the use of any of the Debtor's traffic facilities, including, without limitation, (a) all highway, road, thoroughfare, speedway, bridge, and tunnel toll facilities, and (b) all parking lots and similar facilities; (iii) proceeds of any other taxes, fees, or charges which the Legislature has allocated to the Debtor and for which the Debtor is expressly authorized to pledge to the repayment of the Bonds; and (iv) funds and accounts pledged as security for Bonds and investment earnings therein.  "Assured" means Assured Guaranty Corp. and Assured Municipal Corp. (formerly known as Financial Security Assurance Inc.).  Capitalized terms used herein and not otherwise defined herein will have the meanings given to such terms in the 1968 Resolution.

| 5. Check only if applicable and check only one box: Collateral is | ☐ held in a Trust (see UCC1Ad, item 17 and instructions) | | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|---|---|
| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
| ☑ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): | ☐ Lessee/Lessor | ☐ Consignee/Consignor | ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |
| 8. OPTIONAL FILER REFERENCE DATA: | | | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)   International Association of Commercial Administrators (IACA)

HTA_CONF 00016917

**Instructions for UCC Financing Statement (Form UCC1)**

Please type or laser-print this form. Be sure it is completely legible. Read and follow all Instructions, especially Instruction 1; use of the correct name for the Debtor is crucial.

Fill in form very carefully; mistakes may have important legal consequences. If you have questions, consult your attorney. The filing office cannot give legal advice.

Send completed form and any attachments to the filing office, with the required fee.

**ITEM INSTRUCTIONS**

A and B.  To assist filing offices that might wish to communicate with filer, filer may provide information in item A and item B. These items are optional.

C.  Complete item C if filer desires an acknowledgment sent to them. If filing in a filing office that returns an acknowledgment copy furnished by filer, present simultaneously with this form the Acknowledgment Copy or a carbon or other copy of this form for use as an acknowledgment copy.

1.  **Debtor's name.** Carefully review applicable statutory guidance about providing the debtor's name. Enter only one Debtor name in item 1 — either an organization's name (1a) or an individual's name (1b). If any part of the Individual Debtor's name will not fit in line 1b, check the box in item 1, leave all of item 1 blank, check the box in item 9 of the Financing Statement Addendum (Form UCC1Ad) and enter the Individual Debtor name in item 10 of the Financing Statement Addendum (Form UCC1Ad). Enter Debtor's correct name. Do not abbreviate words that are not already abbreviated in the Debtor's name. If a portion of the Debtor's name consists of only an initial or an abbreviation rather than a full word, enter only the abbreviation or the initial. If the collateral is held in a trust and the Debtor name is the name of the trust, enter trust name in the Organization's Name box in item 1a.

1a. Organization Debtor Name. "Organization Name" means the name of an entity that is not a natural person. A sole proprietorship is **not** an organization, even if the individual proprietor does business under a trade name. If Debtor is a registered organization (e.g., corporation, limited partnership, limited liability company), it is advisable to examine Debtor's current filed public organic records to determine Debtor's correct name. Trade name is insufficient. If a corporate ending (e.g., corporation, limited partnership, limited liability company) is part of the Debtor's name, it must be included. Do not use words that are not part of the Debtor's name.

1b. Individual Debtor Name. "Individual Name" means the name of a natural person; this includes the name of an individual doing business as a sole proprietorship, whether or not operating under a trade name. The term includes the name of a decedent where collateral is being administered by a personal representative of the decedent. The term does not include the name of an entity, even if it contains, as part of the entity's name, the name of an individual. Prefixes (e.g., Mr., Mrs., Ms.) and titles (e.g., M.D.) are generally not part of an individual name. Indications of lineage (e.g., Jr., Sr., III) generally are not part of the individual's name, but may be entered in the Suffix box. Enter individual Debtor's surname (family name) in Individual's Surname box, first personal name in First Personal Name box, and all additional names in Additional Name(s)/Initial(s) box.

If a Debtor's name consists of only a single word, enter that word in Individual's Surname box and leave other boxes blank.

For both organization and individual Debtors. Do not use Debtor's trade name, DBA, AKA, FKA, division name, etc. in place of or combined with Debtor's correct name; filer may add such other names as additional Debtors if desired (but this is neither required nor recommended).

1c. Enter a mailing address for the Debtor named in item 1a or 1b.

2.  **Additional Debtor's name.** If an additional Debtor is included, complete item 2, determined and formatted per Instruction 1. For additional Debtors, attach either Addendum (Form UCC1Ad) or Additional Party (Form UCC1AP) and follow Instruction 1 for determining and formatting additional names.

3.  **Secured Party's name.** Enter name and mailing address for Secured Party or Assignee who will be the Secured Party of record. For additional Secured Parties, attach either Addendum (Form UCC1Ad) or Additional Party (Form UCC1AP). If there has been a full assignment of the initial Secured Party's right to be Secured Party of record before filing this form, either (1) enter Assignor Secured Party's name and mailing address in item 3 of this form and file an Amendment (Form UCC3) [see item 5 of that form]; or (2) enter Assignee's name and mailing address in item 3 of this form and, if desired, also attach Addendum (Form UCC1Ad) giving Assignor Secured Party's name and mailing address in item 11.

4.  **Collateral.** Use item 4 to indicate the collateral covered by this financing statement. If space in item 4 is insufficient, continue the collateral description in item 12 of the Addendum (Form UCC1Ad) or attach additional page(s) and incorporate by reference in item 12 (e.g., See Exhibit A). Do not include social security numbers or other personally identifiable information.

*Note:* If this financing statement covers timber to be cut, covers as-extracted collateral, and/or is filed as a fixture filing, attach Addendum (Form UCC1Ad) and complete the required information in items 13, 14, 15, and 16.

5.  If collateral is held in a trust or being administered by a decedent's personal representative, check the appropriate box in item 5. If more than one Debtor has an interest in the described collateral and the check box does not apply to the interest of all Debtors, the filer should consider filing a separate Financing Statement (Form UCC1) for each Debtor.

6a. If this financing statement relates to a Public-Finance Transaction, Manufactured-Home Transaction, or a Debtor is a Transmitting Utility, check the appropriate box in item 6a. If a Debtor is a Transmitting Utility and the initial financing statement is filed in connection with a Public-Finance Transaction or Manufactured-Home Transaction, check only that a Debtor is a Transmitting Utility.

6b. If this is an Agricultural Lien (as defined in applicable state's enactment of the Uniform Commercial Code) or if this is not a UCC security interest filing (e.g., a tax lien, judgment lien, etc.), check the appropriate box in item 6b and attach any other items required under other law.

7.  **Alternative Designation.** If filer desires (at filer's option) to use the designations lessee and lessor, consignee and consignor, seller and buyer (such as in the case of the sale of a payment intangible, promissory note, account or chattel paper), bailee and bailor, or licensee and licensor instead of Debtor and Secured Party, check the appropriate box in item 7.

8.  **Optional Filer Reference Data.** This item is optional and is for filer's use only. For filer's convenience of reference, filer may enter in item 8 any identifying information that filer may find useful. Do not include social security numbers or other personally identifiable information.

HTA_CONF 00016918

The supporting documents for this claim are too voluminous to include in the proof of claim PDF.  They are available upon request by emailing (**puertoricoinfo@PrimeClerk.com**) or by calling **844-822-9231**.

HTA_CONF 00016919



# Prime Clerk

## __Brooklyn__

## CLAIM/BALLOT HAND DELIVERY
## CONFIRMATION SHEET

DATE RECEIVED: _6 - 26 - 18_

CASE: _Puerto Rico_

NO. OF CLAIMS: _4_

NO. OF BALLOTS: _0_

COPIES: _Returned_

RECEIVED BY: _Christine_

**RECEIVED**

**JUN 26 2018**

PRIME CLERK LLC

HTA_CONF 00016920