# Debtor's Ex. 49

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☒ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

CDS 027/18

RECEIVED

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

[ ] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[X] No Copy Provided

| **Part 1 / Parte 1** | Identify the Claim / Identificar la reclamación |
|---|---|

| 1. Who is the current creditor?<br><br>¿Quién es el acreedor actual? | ANIBAL MIRANDA PEREZ |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación) |
| | Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor _____ |

RECEIVED
JUL 0 2 2018
PRIME CLERK LLC

17032838042803

HTA_CONF 00017941

| | |
|---|---|
| 2. **Has this claim been acquired from someone else?**<br><br>**¿Esta reclamación se ha adquirido de otra persona?** | ☒ No / No<br>☐ Yes. From whom? _____<br>    Sí. ¿De quién? _____ |

| | | |
|---|---|---|
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>JUAN J. VILELLA-JANEIRO, Esq.<br>Name / Nombre<br><br>PMB 291 #1353 Rd. 19<br>Number / Número     Street / Calle<br><br>Guaynabo     PR     00966-2700<br>City / Ciudad     State / Estado     ZIP Code / Código postal<br><br>(787) 781-7777<br>Contact phone / Teléfono de contacto<br><br>jvilella@vilellajaneirolaw.com<br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?**<br>(if different)<br>**¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente)<br><br>Name / Nombre<br><br>Number / Número     Street / Calle<br><br>City / Ciudad     State / Estado     ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto |

| | |
|---|---|
| 4. **Does this claim amend one already filed?**<br><br>**¿Esta reclamación es una enmienda de otra presentada anteriormente?** | ☒ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>    Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>    Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>**¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?** | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>    Sí. ¿Quién hizo la reclamación anterior?_____ |

| **Part 2 / Parte 2:** | **Give Information About the Claim as of the Petition Date**<br>**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.** |
|---|---|
| 6. **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>**¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?** | ☒ No / No<br>☐ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>    Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____<br>_____ |
| 7. **Do you supply goods and / or services to the government?**<br><br>**¿Proporciona bienes y / o servicios al gobierno?** | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

HTA_CONF 00017942

| | |
|---|---|
| 8. How much is the claim?<br><br>¿Cuál es el importe de la reclamación? | $ 176,219.98 _____ . Does this amount include interest or other charges?<br>¿Este importe incluye intereses u otros cargos?<br><br>☐ No / No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
| 9. What is the basis of the claim?<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>   Wages owed under Regulation 02-017. _____ |
| 10. Is all or part of the claim secured?<br><br>¿La reclamación está garantizada de manera total o parcial? | ☒ No / No<br>☐ Yes. The claim is secured by a lien on property.<br>   Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☐ Other. Describe:<br>   Otro. Describir: _____<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____<br>_____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.<br><br>**Value of property / Valor del bien:**    $_____<br><br>**Amount of the claim that is secured /**<br>**Importe de la reclamación que está garantizado:** $_____<br><br>**Amount of the claim that is unsecured /**<br>**Importe de la reclamación que no está garantizado:** $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____<br>_____<br><br>**Annual Interest Rate** (on the Petition Date)<br>_**Tasa de interés anual** (cuando se presentó el caso)_____%<br>☐ Fixed / Fija<br>☐ Variable / Variable |
| 11. Is this claim based on a lease?<br><br>¿Esta reclamación está basada en un arrendamiento? | ☒ No / No<br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>   Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____ |

HTA_CONF 00017943

| 12. **Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.    $_____<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

| **Part 3 / Parte 3:** | **Sign Below / Firmar a continuación** |
|---|---|

**The person completing this sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☐ I am the creditor. / Soy el acreedor.

☒ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el _24/05/2018_ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma __S/JUAN J. VILELLA-JANEIRO__

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name __JUAN J. VILELLA-JANEIRO, ESQ.__
First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido

Title / Cargo __ATTORNEY-AT-LAW__

Company / Compañía _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección __PMB 291 #1353 Rd. 19__
Number / Número    Street / Calle

__Guaynabo__                    __PR__        __00966-2700__
City / Ciudad                State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto __(787) 781-7777__   Email / Correo electrónico __jvilella@vilellajaneirolaw.com__

HTA_CONF 00017944

**VÁZQUEZ-VELÁZQUEZ, ET ALS. v. PUERTO RICO HIGHWAY
AND TRANSPORTATION AUTHORITY
USDC No. 15-01727
Statement Itemizing Interest, Fees, Expenses, Etc.**

**ANÍBAL MIRANDA PÉREZ**
Owed salaries under Regulation 02-017 ($700.00 per month)
July 1, 2014 – June 30, 2017                                              $25,200.00

July 1, 2017 – April 30, 2018 ($700.00 x 9)                               6,300.00

May 1 - 15, 2018 ($23.01 daily x 15)                                      345.15

                                                                         $31,845.15

Double penalty for lack of payment of salaries
provided under state law                                                  31,845.15
                                                                         $ 63,690.30
Damages under state law                                                  + 50,000.00
                                                                         113,690.30
Annual penalty interest of 6%
(since July 1, 2014, until June 30, 2018)          $6,821.42 x 4 =  27,285.68
                                                                         140,975.98

25% of Attorney's fees under state law                                   + 35,244.00
                                                                         **$176,219.98**

HTA_CONF 00017945

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JANET VAZQUEZ-VELAZQUEZ, HER SPOUSE, RAMON A. DEL VALLE LOPEZ AND THEIR CONJUGAL PARTNERSHIP; CARLOS R. CESPEDES-GOMEZ, HIS SPOUSE, JOCELYN CALO BIRRIEL AND THEIR CONJUGAL PARTNERSHIP; SAUL O. ALMEDA-CRUZ, HIS SPOUSE, JUDITH NIEVES RIVERA AND THEIR CONJUGAL PARTNERSHIP; FRANCISCO M. ALVARADO-BARRIOS, HIS SPOUSE, MARILYN ALVAREZ RIVERA AND THEIR CONJUGAL PARTRNERSHIP; JUAN C. ARROYO-RAMIREZ, HIS SPOUSE, DAMARIS VELEZ RIOS AND THEIR CONJUGAL PARTNERSHIP; JOAN A. ARROYO-TORRES; MARIA I. AYALA-RIVERA, HER SPOUSE JOSE R. HUERTAS DIAZ AND THEIR CONJUGAL PARTNERSHIP; JUAN O. BADILLO-VELEZ, HIS SPOUSE, AUDREY CHICO GARCIA AND THEIR CONJUGAL PARTNERSHIP; JULIO BAEZ-ROMERO; ISRAEL CANCEL-HIDALGO, HIS SPOUSE, YAMELIA M. QUINTANA LATORRE AND THEIR CONJUGAL PARTNERSHIP; ANGEL L. CARABALLO-IRIZARRY, HIS SPOUSE ALEIDA OQUENDO HERNANDEZ AND THEIR CONJUGAL PARTNERSHIP; AXEL CARRASQUILLO-CUEVAS; CARLOS R. CESPEDES-GOMEZ, HIS SPOUSE, JOCELYN CALO BIRRIEL AND THEIR CONJUGAL PARTNERSHIP; ANGEL L. CORA DE JESUS, HIS SPOUSE, EILEEN LARRACUENTE ROSARIO AND THEIR CONJUGAL PARTNERSHIP; SAMUEL CORCHADO-RODRIGUEZ, HIS SPOUSE, WANDA L. FIGUEROA BARRETO AND THEIR CONJUGAL | Civil No. <br><br> re:  civil rights violations <br><br> plaintiffs demand trial by jury |

Complaint
Page 2

PARTNERSHIP;
YARITZA CORDERO-BONILLA, HER
SPOUSE, JOEL BONET TORRES AND
THEIR CONJUGAL PARTNERSHIP;
LUIS F. CRUZ-ROSA, HIS SPOUSE,
YARELIS ESTALA OLIVERAS AND
THEIR CONJUGAL PARTNERSHIP;
EDUARDO W. DA SILVA-OLIVEROS,
HIS SPOUSE CALUDIA L. ANTUNEZ DE
MAYOLO LOJAS AND THEIR
CONJUGAL PARTNERSHIP;
VIVIAN L. DE JESUS RIVERA, HER
SPOUSE EDIBERTO RODRIGUEZ
NEGRON AND THEIR CONJUGAL
PARTNERSHIP;
MORAIMA FIGUEROA MORALES, HIS
SPOUSE, EDDIE W. PACHECO
SANTIAGO AND THEIR CONJUGAL
PARTNERSHIP;
JOSE A. GARCIA-MARRERO;
JOSE B. GONZALEZ-VELEZ, HIS
SPOUSE, LOURDES SOTO SANTIAGO
AND THEIR CONJUGAL PARTNERSHIP;
ENRIQUE M. GONZALEZ-VIRUET, HIS
SPOUSE KEILA Y. PELLOT DIAZ AND
THEIR CONJUGAL PARTNERSHIP;
GILBERTO HERNANDEZ-CAJIGAS, HIS
SPOUSE, YAZMIN MUÑOZ GALLOZA
AND THEIR CONJUGAL PARTNERSHIP;
DARYMAR HERNANDEZ GINES;
JISELA JIRAU-ADAMES, HER SPOUSE,
WILTHER A. AVILES LOPEZ AND THEIR
CONJUGAL PARTNERSHIP;
JESSIE JUSINO-LUGO, HIS SPOUSE,
MARIBEL CLASS DELGADO AND
THEIR CONJUGAL PARTNERSHIP;
SANDRA LISBOA-GONZALEZ;
DENNISSE LUCIANO-COLLAZO, HER
SPOUSE, RICHARD CABAN RUIZ AND
THEIR CONJUGAL PARTNERSHIP;
NELLY MALDONADO-RIVERA;
VICTOR M. MEDINA-BADILLO, HIS
SPOUSE, CORINA NASTASACHE AND

Complaint
Page 3

THEIR CONJUGAL PARTNERSHIP;
ANIBAL MIRANDA-PEREZ;
GLADYS MOJICA-ORTIZ, HER SPOUSE,
CARLOS E. LUGO QUIÑONES AND
THEIR CONJUGAL PARTNERSHIP;
NURYS A. MOLINA-PEREZ;
RAFAEL J. MORALES DE JESIS, HIS
SPOUSE, JULIA V. ALBELO RIVERA
AND THEIR CONJUGAL PARTNERSHIP;
REGINO NAVARRO-RODRIGUEZ, HIS
SPOUSE ADA I. MEDINA SANCHEZ AND
THEIR CONJUGAL PARTNERSHIP;
AMILCAR NIEVES-SANTIAGO, HIS
SPOUSE, CRISTINE S. HEREDIA PEREZ
AND THEIR CONJUGAL PARTNERSHIP;
JOSE L. NOVOA-GARCIA, HIS SPOUSE,
LUZ N. BRACERO LUGO AND THEIR
CONJUGAL PARTNERSHIP;
ORLANDO ORTIZ-BURGOS, HIS
SPOUSE, CARMEN D. DEL RIO SOTO
AND THEIR CONJUGAL PARTNERSHIP;
PAMELA ORTIZ-OLMO;
ILEANA OTERO-PADILLA;
SHEILA PACHECO-SANCHEZ;
ASTRID PAGAN-FLORES;
LUIS R. PASTOR REYES;
LOURDES I. PEREZ-CARRION, HER
SPOUSE, NELSON MORALES SANTANA
AND THEIR CONJUGAL PARTNERSHIP;
IVELISSE PEREZ-MARQUEZ;
DAYNA D. PEREZ-ZAPATA, HER
SPOUSE, TOMAS MONTALVO TORRES
AND THEIR CONJUGAL PARTNERSHIP;
IGNACIO RIOS-RIVAS, HIS SPOUSE,
LESLIE E. CABALLERO BELTRAN AND
THEIR CONJUGAL PARTNERSHIP;
JOSE M. RIVERA-COLON, HIS SPOUSE,
IVETTE M. PEREZ NIEVES AND THEIR
CONJUGAL PARTNERSHIP;
IVONNE RIVERA-ORSINI, HER SPOUSE,
DANIEL O. VALENTIN AGRON AND
THEIR CONJUGAL PARTNERSHIP;

HTA_CONF 00017948

Complaint
Page 4

MARILYN RODRIGUEZ-DIAZ;
LEONARDO RODRIGUEZ-DIEPPA, HIS
SPOUSE IDALISE LAZU LAZU AND
THEIR CONJUGAL PARTNERSHIP;
CARLOS J. RODRIGUEZ-HERNANDEZ,
HIS WIFE, BRENDA I. COLON ORTIZ
AND THEIR CONJUGAL PARTNERSHIP;
MARIA D. RODRIGUEZ-TOLEDO, HER
SPOUSE, LUIS A. TORRES VAZQUEZ
AND THEIR CONJUGAL PARTNERSHIP;
GABRIEL ROSADO DE JESUS, HIS
SPOUSE, MARGARITA VAZQUEZ
CEDEÑO AND THEIR CONJUGAL
PARTNERSHIP;
ONIX ROSARIO MORALES, HIS SPOUSE,
ANGELA M. GARCIA MUÑOZ AND
THEIR CONJUGAL PARTNERSHIP;
MIGUEL J. ROSARIO-RIVERA, HIS
SPOUSE, AMARYLLIS RIVERA REYES
AND THEIR CONJUGAL PARTNERSHIP;
JOSE M. ROSARIO;
EDURADO RUIZ-VELEZ;
SAUL J. SANDOVAL-MELENDEZ, HIS
SPOUSE, AMBAR ROSARIO LUGARO
AND THEIR CONJUGAL PARTNERSHIP;
CARLOS M. SANTANA-VAZQUEZ, HIS
SPOUSE, MARIBEL CRUZ RIVERA AND
THEIR CONJUGAL PARTNERSHIP;
ANGEL L. SANTIAGO-GALARZA;
DAMARI M. SANTIAGO-TORRES, HER
SPOUSE, EDGAR H. RODRIGUEZ
ORENGO AND THEIR CONJUGAL
PARTNERSHIP;
DAMARIS E. SEBASTIAN-LOPEZ;
MARVIN SOSA-GONZALEZ, HIS
SPOUSE, NIDIA I. BETANCOURT
RIVERA AND THEIR CONJUGAL
PARTNERSHIP;
CELIA I. TAMARIZ-VARGAS, HER
SPOUSE, ALEXIS DELGADO ACOSTA
AND THEIR CONJUGAL PARTNERSHIP;
JOSE O. TORO-MARTINEZ, HIS SPOUSE,
JESSICA APONTE APONTE AND THEIR

Complaint
Page 5

CONJUGAL PARTNERSHIP;
GERARDO       TORRES-ORTIZ,      HIS
SPOUSE,       NEREIDA       TORRES
RODRIGUEZ  AND  THEIR  CONJUGAL
PARTNERSHIP;
DIXON VARGAS-MONTALVO;
JOSE  A.  VELEZ-ZAYAS,  HIS  SPOUSE,
ROSA  M.  VIROLA  FIGUEROA  AND
THEIR CONJUGAL PARTNERSHIP;

    Plaintiffs

      v.

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY and
CARMEN VILLAR PRADOS in her official
capacity as Executive Director.

    Defendants

# COMPLAINT

TO THE HONORABLE COURT:

      COME NOW plaintiffs in the case at bar, through the undersigned attorneys, and very

respectfully state, allege and pray as follows:

### I. Nature of the Action and Jurisdiction

      1.     The events and omissions giving rise to the claims set forth in this Complaint all

occurred within the District of Puerto Rico and the territory of Puerto Rico.

      2.     Federal question jurisdiction is this case is attained under 28 U.S.C. §1331. This

case is a suit arising out of civil rights violations pursuant to 42 U.S.C. §1983 and violations to

plaintiffs' Constitutional rights under the Fifth and Fourteenth Amendments to the Constitution

Complaint
Page 6

of the United States of America.

3.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b)(1)-(2), as all parties are Puerto Rico residents and all of the relevant facts occurred within the District of Puerto Rico.

4.      This Honorable Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367, over claims arising under the same nucleus of operative facts, in violation of Puerto Rico law.

5.      All the parties involved are citizens of the United States of America.

## II. The Parties

6.      The Plaintiffs are all current employees of the defendant the Puerto Rico Highway and Transportation Authority (hereinafter "PRHTA"). In alphabetical order, the Plaintiffs[1] are:

(6-1)   Saul O. Almeda-Cruz is a resident of the municipality of Caguas. He works in the PRHTA since August, 1992. He actually works as a project administrator in the PRHTA's East Regional Office.   Mr. Almeda-Cruz is married to Judith Nieves Rivera and together they compose a conjugal partnership.

(6-2)   Francisco M. Alvarado-Barrios is a resident of the municipality of Toa Alta. He works in the PRHTA since 2000. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office.   Mr. Alvarado-Barrios is married to Marilyn Alvarez Rivera and together they compose a conjugal partnership.

---

[1] Given the fact that there are sixty-nine (69) plaintiffs, and to avoid pro-formula inclusion of additional parties such as the respective spouses of those married under a partnership of legal assets as well as the partnership itself, each of the plaintiffs that is married under such matrimonial regime, has obtained a written consent from the spouse by which the appearing spouse is fully authorized to represent the interest of the non-party spouse and their legal partnership. Hence, the inclusion of several dozens of additional parties is not needed.

Complaint
Page 7

(6-3)  Juan C. Arroyo-Ramírez is a resident of the municipality of Bayamón. He works in the PRHTA since 1999. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office.  Mr. Arroyo-Ramírez is married to Damaris Vélez Ríos and together they compose a conjugal partnership.

(6-4)  Joan A. Arroyo-Torres is a resident of the municipality of Fajardo. She works in the PRHTA since 2001. She actually works as a project administrator in the PRHTA's East Regional Office.

(6-5)  María I. Ayala-Rivera is a resident of the municipality of Comerío. She works in the PRHTA since 1998. She actually works as a project supervisor in the PRHTA's North Regional Office.  Mrs. Ayala-Rivera is married to José R. Huertas Díaz and together they compose a conjugal partnership.

(6-6)  Juan O. Badillo-Vélez is a resident of the municipality of Isabela. He works in the PRHTA since 1998. He actually works as a project administrator in the PRHTA's North Regional Office. Mr. Badillo-Vélez is married to Audrey Chico García and together they compose a conjugal partnership.

(6-7)  Julio Báez-Romero is a resident of the municipality of Ponce. He works in the PRHTA since 2002. He actually works as a project administrator in the PRHTA's South Regional Office.

(6-8)  Israel Cancel-Hidalgo is a resident of the municipality of Toa Baja. He works in the PRHTA since August 1998. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office. Mr. Cancel-Hidalgo is married to Yamelia M. Quintana Latorre and together they compose a conjugal partnership.

HTA_CONF 00017952

Complaint
Page 8

(6-9) Ángel L. Caraballo-Irizarry is a resident of the municipality of Juana Díaz. He works in the PRHTA since 1986. He actually works as a project administrator in the PRHTA's South Regional Office. Mr. Caraballo-Irizarry is married to Aleida Oquendo Hernández and together they compose a conjugal partnership.

(6-10) Axel Carrasquillo-Cuevas is a resident of the municipality of San Juan. He works in the PRHTA since 1998. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office.

(6-11) Carlos R. Céspedes-Gómez is a resident of the municipality of Carolina. He works in the PRHTA since August 1996. He actually works as a project supervisor in the PRHTA's Metropolitan Regional Office. Mr. Céspedes-Gómez is married to Jocelyn Calo Birriel and together they compose a conjugal partnership.

(6-12) Ángel L. Cora De Jesús is a resident of the municipality of Bayamón. He works in the PRHTA since June 1995. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office. Mr. Cora De Jesús is married to Eileen Larracuente Rosario and together they compose a conjugal partnership.

(6-13) Samuel Corchado-Rodríguez is a resident of the municipality of Caguas. He works in the PRHTA since 1999. He actually works as a project administrator in the PRHTA's East Regional Office. Mr. Corchado-Rodríguez is married to Wanda L. Figueroa Barreto and together they compose a conjugal partnership.

(6-14) Yaritza Cordero-Bonilla is a resident of the municipality of Sabana Grande. She works in the PRHTA since 1999. She actually works as a project administrator in the PRHTA's West Regional Office. Mrs. Cordero-Bonilla is married to Joel Bonet Torres and

HTA_CONF 00017953

Complaint
Page 9

together they compose a conjugal partnership.

(6-15)   Luis F. Cruz-Rosa is a resident of the municipality of Gurabo. He works in the PRHTA since 1996. He actually works as a project supervisor in the PRHTA's East Regional Office. Mr. Cruz-Rosa is married to Yarelis Estala Oliveras and together they compose a conjugal partnership.

(6-16)   Eduardo W. da Silva-Oliveros is a resident of the municipality of Moca. He works in the PRHTA since 1996. He actually works as a project supervisor in the PRHTA's West Regional Office. Mr. da Silva-Oliveros is married to Claudia L. Antunez de Mayolo Lojas and together they compose a conjugal partnership.

(6-17)   Vivian L. De Jesús Rivera is a resident of the municipality of Toa Alta. She works in the PRHTA since August 1989. She actually works as a project administrator in the PRHTA's Metropolitan Regional Office. Mrs. De Jesús Rivera is married to Ediberto Rodríguez Negrón and together they compose a conjugal partnership.

(6-18)   Moraima Figueroa-Morales is a resident of the municipality of Naranjito. She works in the PRHTA since 1995. She actually works as a project administrator in the PRHTA's North Regional Office. Mrs. Figueroa-Morales is married to Eddie W. Pacheco Santiago and together they compose a conjugal partnership.

(6-19)   José A. García-Marrero is a resident of the municipality of Toa Alta. He works in the PRHTA since 1996. He actually works as a project administrator in the PRHTA's North Regional Office.

(6-20)   José B. González-Vélez is a resident of the municipality of Lares. He works in the PRHTA since 2002. He actually works as a project administrator in the PRHTA's

Complaint
Page 10

West Regional Office. Mr. González-Vélez is married to Lourdes Soto Santiago and together they compose a conjugal partnership.

(6-21) Enrique M. González-Viruet is a resident of the municipality of Arecibo. He works in the PRHTA since 2000. He actually works as a project supervisor in the PRHTA's North Regional Office. Mr. González-Viruet is married to Keila Y. Pellot Díaz and together they compose a conjugal partnership.

(6-22) Gilberto Hernández-Cajigas is a resident of the municipality of Aguada. He works in the PRHTA since 2001. He actually works as a project administrator in the PRHTA's West Regional Office. Mr. Hernández-Cajigas is married to Yazmín Muñoz Galloza and together they compose a conjugal partnership.

(6-23) Darymar Hernández-Ginés is a resident of the municipality of Vega Baja. She works in the PRHTA since 1996. She actually works as a project administrator in the PRHTA's North Regional Office.

(6-24) Jisela Jirau-Adames is a resident of the municipality of Arecibo. She works in the PRHTA since 2004. She actually works as a project administrator in the PRHTA's North Regional Office. Mrs. Jirau-Adames is married to Wilther A. Aviles López and together they compose a conjugal partnership.

(6-25) Jessie Jusino-Lugo is a resident of the municipality of Aguadilla. He works in the PRHTA since 1998. He actually works as a project administrator in the PRHTA's West Regional Office. Mr. Jusino-Lugo is married to Maribel Class Delgado and together they compose a conjugal partnership.

(6-26) Sandra Lisboa-González is a resident of the municipality of Toa Alta. She

Complaint
Page 11

works in the PRHTA since 1996. She actually works as a project administrator in the PRHTA's North Regional Office.

(6-27)  Dennisse Luciano-Collazo is a resident of the municipality of Mayaguez. She works in the PRHTA since 1996. She actually works as a project administrator in the PRHTA's West Regional Office. Mrs. Luciano-Collazo is married to Richard Caban Ruiz and together they compose a conjugal partnership.

(6-28)  Nelly Maldonado-Rivera is a resident of the municipality of Adjuntas. She works in the PRHTA since 1996. She actually works as a project administrator in the PRHTA's South Regional Office.

(6-29)  Victor M. Medina-Badillo is a resident of the municipality of Isabela. He works in the PRHTA since 1996. He actually works as a project administrator in the PRHTA's West Regional Office. Mr. Medina-Badillo is married to Corina Nastasache and together they compose a conjugal partnership.

(6-30)  Anibal Miranda-Pérez is a resident of the municipality of Juncos. He works in the PRHTA since 1996. He actually works as a project administrator in the PRHTA's East Regional Office.

(6-31)  Gladys Mojica-Ortíz is a resident of the municipality of Juana Díaz. She works in the PRHTA since 2001. She actually works as a project administrator in the PRHTA's South Regional Office. Mrs. Mojica-Ortíz is married to Carlos E. Lugo Quiñones and together they compose a conjugal partnership.

(6-32)  Nurys A. Molina-Pérez is a resident of the municipality of San Juan. She works in the PRHTA since 1986. She actually works as a project supervisor in the PRHTA's

Complaint
Page 12

Metropolitan Regional Office.

       (6-33)  Rafael J. Morales De Jesús is a resident of the municipality of Manatí. He works in the PRHTA since 2001. He actually works as a project administrator in the PRHTA's North Regional Office. Mr. Morales De Jesús is married to Julia V. Albelo Rivera and together they compose a conjugal partnership.

       (6-34)  Regino Navarro-Rodríguez is a resident of the municipality of Yabucoa. He works in the PRHTA since 1997. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office.  Mr. Navarro-Rodríguez is married to Ada I. Medina Sánchez and together they compose a conjugal partnership.

       (6-35)  Amilcar Nieves-Santiago is a resident of the municipality of Utuado. He works in the PRHTA since 2003. He actually works as a project administrator in the PRHTA's North Regional Office. Mr. Nieves-Santiago is married to Cristine S. Heredia Pérez and together they compose a conjugal partnership.

       (6-36)  José L. Novoa-García is a resident of the municipality of Peñuelas. He works in the PRHTA since August 1996. He actually works as a project supervisor in the PRHTA's South Regional Office. Mr. Novoa-García is married to Luz N. Bracero Lugo and together they compose a conjugal partnership.

       (6-37)  Orlando Ortíz-Burgos is a resident of the municipality of Caguas. He works in the PRHTA since 1995. He actually works as a project supervisor in the PRHTA's East Regional Office. Mr. Ortiz-Burgos is married to Carmen D. Del Rio Soto and together they compose a conjugal partnership.

       (6-38)  Pamela Ortiz-Olmo is a resident of the municipality of Caguas. She works

HTA_CONF 00017957

Complaint
Page 13

in the PRHTA since 1992. She actually works as a project administrator in the PRHTA's East Regional Office.

(6-39) Ileana Otero-Padilla is a resident of the municipality of Caguas. She works in the PRHTA since 2003. She actually works as a project administrator in the PRHTA's East Regional Office.

(6-40) Sheila Pacheco-Sánchez is a resident of the municipality of Carolina. She works in the PRHTA since 2003. She actually works as a project administrator in the PRHTA's Metropolitan Regional Office.

(6-41) Astrid Pagán-Flores is a resident of the municipality of Bayamón. She works in the PRHTA since 2000. She actually works as a project administrator in the PRHTA's Metropolitan Regional Office.

(6-42) Luis R. Pastor Reyes is a resident of the municipality of Trujillo Alto. He works in the PRHTA since 1993. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office.

(6-43) Lourdes I. Pérez-Carrión is a resident of the municipality of Guaynabo. She works in the PRHTA since 1989. She actually works as a project supervisor in the PRHTA's Metropolitan Regional Office. Mrs. Pérez-Carrión is married to Nelson Morales Santana and together they compose a conjugal partnership.

(6-44) Ivelisse Pérez-Márquez is a resident of the municipality of Cabo Rojo. She works in the PRHTA since May 1990. She actually works as a project supervisor in the PRHTA's West Regional Office.

(6-45) Dayna D. Pérez-Zapata is a resident of the municipality of Gurabo. She

HTA_CONF 00017958

Complaint
Page 14

works in the PRHTA since 2001. She actually works as a project administrator in the PRHTA's
East Regional Office. Mrs. Pérez-Zapata is married to Tomás Montalvo Torres and together they
compose a conjugal partnership.

(6-46) Ignacio Rios-Rivas is a resident of the municipality of Ciales. He works in
the PRHTA since 2004. He actually works as a project administrator in the PRHTA's North
Regional Office. Mr. Rios-Rivas is married to Leslie E. Caballero Beltrán and together they
compose a conjugal partnership.

(6-47) José M. Rivera-Colón is a resident of the municipality of San Juan. He
works in the PRHTA since November 1985. He actually works as a project administrator in the
PRHTA's Metropolitan Regional Office. Mr. Rivera-Colón is married to Ivette M. Pérez Nieves
and together they compose a conjugal partnership.

(6-48) Ivonne Rivera-Orsini is a resident of the municipality of Rincón. She
works in the PRHTA since 2000. She actually works as a project administrator in the PRHTA's
West Regional Office. Mrs. Rivera-Orsini is married to Daniel O. Valentín Arroyo and together
they compose a conjugal partnership.

(6-49) Marilyn Rodríguez-Díaz is a resident of the municipality of San Lorenzo.
She works in the PRHTA since 1995. She actually works as a project supervisor in the PRHTA's
East Regional Office.

(6-50) Leandro Rodríguez-Dieppa is a resident of the municipality of Humacao.
He works in the PRHTA since November 2002. He actually works as a project administrator in
the PRHTA's East Regional Office. Mr. Rodríguez-Dieppa is married to Idalise Lazú Lazú and
together they compose a conjugal partnership.

Complaint
Page 15

(6-51)  Carlos J. Rodríguez-Hernández is a resident of the municipality of Conóvanas. He works in the PRHTA since 1997. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office. Mr. Rodríguez-Hernández is married to Brenda I. Colón Ortiz and together they compose a conjugal partnership.

(6-52)  María D. Rodríguez-Toledo is a resident of the municipality of Guánica. She works in the PRHTA since September 2002. She actually works as a project administrator in the PRHTA's South Regional Office. Mrs. Rodríguez Toledo is married to Luis A. Torres Vázquez and together they compose a conjugal partnership.

(6-53)  Gabriel Rosado De Jesús is a resident of the municipality of Jayuya. He works in the PRHTA since 1988. He actually works as a project administrator in the PRHTA's South Regional Office. Mr. Rosado De Jesús is married to Margarita Vázquez Cedeño and together they compose a conjugal partnership.

(6-54)  Onix Rosario-Morales is a resident of the municipality of Luquillo. He works in the PRHTA since 1997. He actually works as a project administrator in the PRHTA's East Regional Office. Mr. Rosario-Morales is married to Angela M. García Muñoz and together they compose a conjugal partnership.

(6-55)  Miguel J. Rosario-Rivera is a resident of the municipality of Arecibo. He works in the PRHTA since 2002. He actually works as a project supervisor in the PRHTA's North Regional Office. Mr. Rosario Rivera is married to Amaryllis Rivera Reyes and together they compose a conjugal partnership.

(6-56)  José M. Rosario is a resident of the municipality of Utuado. He works in the PRHTA since May 2002. He actually works as a project administrator in the PRHTA's North

Complaint
Page 16

Regional Office.

(6-57)   Eduardo Ruiz-Vélez is a resident of the municipality of Trujillo Alto. He works in the PRHTA since 1996. He actually works as a project supervisor in the PRHTA's Metropolitan Regional Office.

(6-58)   Saúl J. Sandoval-Meléndez is a resident of the municipality of Cabo Rojo. He works in the PRHTA since March 2003. He actually works as a project administrator in the PRHTA's West Regional Office.  Mr. Sandoval-Meléndez is married to Ambar Rosario Lugaro and together they compose a conjugal partnership.

(6-59)   Carlos M. Santana-Vázquez is a resident of the municipality of Yabucoa. He works in the PRHTA since 2003. He actually works as a project supervisor in the PRHTA's East Regional Office. Mr. Santana-Vázquez is married to Maribel Cruz Rivera and together they compose a conjugal partnership.

(6-60)   Ángel L. Santiago-Galarza is a resident of the municipality of Juncos. He works in the PRHTA since 1996. He actually works as a project administrator in the PRHTA's East Regional Office.

(6-61)   Damari M. Santiago-Torres is a resident of the municipality of Yauco. She works in the PRHTA since 1998. She actually works as a project administrator in the PRHTA's South Regional Office. Mrs. Santiago-Torres is married to Edgar H. Rodríguez Orengo and together they compose a conjugal partnership.

(6-62)   Damaris E. Sebastian-López is a resident of the municipality of San Juan. She works in the PRHTA since 1988. She actually works as a project administrator in the PRHTA's Metropolitan Regional Office.

Complaint
Page 17

(6-63)   Marvin Sosa-González is a resident of the municipality of Juncos. He works in the PRHTA since 1998. He actually works as a project administrator in the PRHTA's Metropolitan Regional Office. Mr. Sosa-González is married to Nidia I. Betancourt Rivera and together they compose a conjugal partnership.

(6-64)   Celia I. Tamariz-Vargas is a resident of the municipality of Hormigueros. She works in the PRHTA since September 1996. She actually works as a project supervisor in the PRHTA's West Regional Office. Mrs. Tamariz Vargas is married to Alexis Delgado Acosta and together they compose a conjugal partnership.

(6-65)   José O. Toro-Martínez is a resident of the municipality of Cabo Rojo. He works in the PRHTA since 1999. He actually works as a project administrator in the PRHTA's West Regional Office. Mr. Toro-Martínez is married to Jessica Aponte Aponte and together they compose a conjugal partnership.

(6-66)   Gerardo Torres-Ortiz is a resident of the municipality of Villalba. He works in the PRHTA since 1992. He actually works as a project administrator in the PRHTA's South Regional Office. Mr. Torres-Ortiz is married to Nereida Torres Rodríguez and together they compose a conjugal partnership.

(6-67)   Dixon Vargas-Montalvo is a resident of the municipality of Caguas. He works in the PRHTA since 1999. He actually works as a project administrator in the PRHTA's East Regional Office.

(6-68)   Janet Vázquez-Velázquez is a resident of the municipality of Caguas. She works in the PRHTA since 1994. She actually works as a project administrator in the PRHTA's Metropolitan Regional Office. Mrs. Vázquez-Velázquez is married to Ramón A. Del Valle

HTA_CONF 00017962

Complaint
Page 18

López and together they compose a conjugal partnership.

(6-69)   José A. Vélez-Zayas is a resident of the municipality of Juana Díaz. He works in the PRHTA since 1991. He actually works as a project administrator in the PRHTA's South Regional Office. Mr. Vélez-Zayas is married to Rosa M. Virola Figueroa and together they compose a conjugal partnership.

7.      The co-defendant is the Puerto Rico Highway and Transportation Authority ("PRHTA"), a public corporation created by law and with the faculty to sue and be sued.

8.      The co-defendant engineer Carmen Villar-Prados is the current PRHTA's Executive Director and she is being sued only in her official capacity and in her role as the highest executive official of the PRHTA.

### III.  Factual Narrative Common to All Claims

9.       The PRHTA is a public corporation. Its powers, duties and obligations are all covered in its organic law, Law No. 74 of June 23, 1965, as amended, codified in 9 P.R.L.A. §§2000 *et seq.* (hereinafter "Organic Law").

10.      The PRHTA's legal mandate to build and maintain Puerto Rico's vast network of freeways and toll roads is conducted through five (5) regional offices located in diverse geographical points throughout the island in order to better comply with its mandate.

11.      The regional offices are located in the municipalities of Manatí ("North Region"), Mayaguez ("West Region"), Ponce ("South Region"), Humacao ("East Region") and San Juan ("Metro Region").  All the municipalities of Puerto Rico are assigned to a particular regional office.

12.      Each Regional Office is directed by a "Regional Director", who usually is a

HTA_CONF 00017963

Complaint
Page 19

political appointee and holds a trust position for the term of whatever political administration is managing the PRHTA.

13. Under the Regional Director there are the "Project Supervisors". These are career positions and among their main duties is the supervising of the project administrators. Each Project Supervisor could supervise multiple project administrators in one (1) or more municipalities within his/her region. Among the plaintiffs there are fifteen (15) Project Supervisors.

14. The "Project Administrators" serve as the direct link between the PRHTA and the private contractors that build the construction projects. These are also career positions and among their main duties is the inspection of the construction project to make sure that the private contractor builds in accordance with the plans and specifications under the construction contract. Among the plaintiffs there are fifty-four (54) Project Administrators.

15. Contrary to most PRHTA's employees, these Project Supervisors and Administrators work alongside the public works' private contractors. That is, unlike their fellow employees at the PRHTA's main offices in the South Tower of the Roberto Sánchez-Vilella Government Center (i.e., formerly known as the "Minillas Government Center"), the Plaintiffs oftentimes work before and after "regular working hours", nights, week-ends and holidays. Whenever a contractor is building a PRHTA project, there are Project Administrators and Supervisors alongside.

16. When most, if not all, political appointees are resting and/or enjoying the company of their families over the weekend or a holiday, Plaintiffs, as Project Administrators and Supervisors, are working alongside the contractors.

Complaint
Page 20

17.     A couple of decades ago, the organizational structure of the PRHTA did not distinguish from an engineer that worked in the "field" and those that worked in the air-conditioned offices in Minillas. The all-purpose classification of "Engineer in Training" through "Engineer VI" only not made such distinctions, but the compensation packages for each position did not differ as to where the PRHTA employee worked.

18.     Given the complexity and time requirements of the position of Project Administrators and Supervisors, it should not be a surprise that these were positions that the PRHTA had difficulties in filling. After all, why on earth would an engineer work nights and weekends, oftentimes in dangerous conditions in high-speed roads, when he/she could work a reduced schedule where the only employment risk were paper-cuts and air-conditioned induced colds for the same compensation?

19.     In the mid-to-late nineties, the then PRHTA's Executive Director, Dr. Sergio González-Quevedo, commenced a recruiting program in order to bring "new blood' to the PRHTA. The reason for this was simple:  being created in 1965, by 1995, the PRHTA was losing most of its skilled engineers to retirement.

20.     However, the PRHTA found out that in order to bring qualified engineers to its construction projects, it had to revamp its compensation program and offer more to those that literally worked and risked more.

21.     Experimentation with diverse schemes for additional compensation to the project administrators and supervisors were attempted throughout the initial years in search of the optimal formula to entice young engineers to work the additional time required by the positions.

22.     Unfortunately, the Project Administrators and Supervisors compensation program

HTA_CONF 00017965

Complaint
Page 21

was subject to political footballing in the decade after Dr. González's initiative. After many years

of formal and informal compensation programs, it was not until the administration of the former

PRHTA Executive Director Rubén Hernández-Gregorat that the PRHTA finally formalized its

compensation program to its Project Administrators and Supervisors.

23.     As allowed by its Organic Law, on November 28, 2011, the PRHTA adopted its

Regulation number 02-017, titled "Compensation Program for Management of Construction

Projects" (hereinafter "Regulation").

24.     The Regulation codified the PRHTA's practice of paying additional compensation

to its engineers engaged in the construction of its projects throughout its five (5) regional offices.

25.     The Regulation recognized that, the difference in work realized between the

Project Administrators and Supervisors and the rest of the PRHTA's employees merited

additional compensation as the Project Administrators' and Supervisors' additional functions

risked their respective family relationships while endangering their lives and health.

26.     The Regulation recognized that, without the provisions of the Regulation,

PRHTA's Project Administrators and Supervisors were in a disadvantaged position in relation to

their fellow engineers in the agency.

27.     The Regulation recognizes the work performed by the Project Administrators and

Supervisors and provides additional compensation for them in exchange of the additional

functions that they perform for the PRHTA.

28.     The compensation provided by the Regulation to the PRHTA's Project

Administrators and Supervisors was part of their respective salaries.

29.     The Project Administrators and Supervisors paid income, disability and social

HTA_CONF 00017966

Complaint
Page 22

security taxes on the amounts of money received under the Regulation. The PRHTA withheld the
corresponding percentages for these taxes from the compensation paid to its Project
Administrators and Supervisors under the Regulation.

30.     In the summer of 2014, the Puerto Rico's Legislature adopted Law No. 66 of June
17, 2014 (hereinafter "Law 66"). This legislation had the purpose of assisting the current
government of Puerto Rico in meeting the financial hardships faced as a consequence of the still
and most recent economic recession.

31.     In regards to public employees' compensation, Law 66 only prohibited the
increase of benefits and actual salary. Law 66 did not mandate any elimination or "freezing" of
compensation programs, such as the one covered in the Regulation.

32.     On October 2, 2014, the PRHTA issued an "Informative Bulletin" number 2015-
007 titled "Measures for Expense Reduction in Compliance with the Articles 9, 10, 11 and 17 of
the Law No. 66-2014, Special Law of Fiscal and Operational Sustainability of the Government
for the Commonwealth of Puerto Rico" (hereinafter "Informative Bulletin").

33.     The Informative Bulletin was the procedural mechanism employed by the
PRHTA to implement its interpretation of the Law 66 mandate.

34.     The Informative Bulletin was drafted and implemented by the PRHTA without
consultation with any other agency.

35.     The Informative Bulletin was signed by the then Executive Director of the
PRHTA, Eng. Javier E. Ramos Hernandez.

36.     Among its many detrimental effects of the Informative Bulletin, it completely
eliminated the additional compensation that the PRHTA's Project Administrators and

HTA_CONF 00017967

Complaint
Page 23

Supervisors received under it.

37.    The PRHTA did not substitute the compensation received by its Project Administrators and Supervisors under the Regulation with anything. It neither reverted to the compensation schemes used before the approval of the Regulation.

38.    On the other hand, with the PRHTA imposed reduction of the compensation there was no reduction of duties and obligations for the Project Administrators and Supervisors. That is, the Project Administrators and Supervisors were expected to continue giving the same level of service, time and dedication (e.g., extra time, night/weekend/holiday work) without receiving nothing in exchange but the basic salary received by everybody else in the agency.

39.    To add insult to injury, although the Informative Bulletin was adopted on October 2, 2014, the PRHTA made it effective retroactively to July 1, 2014 in order not to pay its Project Administrators and Supervisors for the work realized by them during the months of July, August, and September of 2014.

40.    Since July 1, 2014, the PRHTA does not pay its Project Administrators and Supervisors the moneys earned by them for the realization of all the additional work for which the Regulation recognized and required additional compensation.

41.    Since July 1, 2014, the PRHTA's Project Administrators and Supervisors have not ceased in performing all their duties and obligations, even if the PRHTA has not been compensating them for work performed.

42.    Ever since the adoption of the Informative Bulletin by the PRHTA on October 2, 2014, the Project Administrators and Supervisors have sought redress of their grievances directly with the highest PRHTA's administrators, without any success.

HTA_CONF 00017968

Complaint
Page 24

43.     On October 8, 2014, a group of Project Administrators and Supervisors sent a letter to the then PRHTA Executive Director, engineer Javier E. Ramos-Hernández.

44.     After some forceful insistence by the Project Administrators and Supervisors, Eng. Ramos-Hernández received and met with them on October 9, 2014. During such meeting the representatives of the Project Administrators and Supervisors summarized their positions already contained in the text of the October 8, 2014 letter:  Law 66 did not authorize the PRHTA to eliminate the compensation provided in the Regulation.

45.     As a result of the meeting, then PRHTA Executive Director Eng. Ramos-Hernández informed that he required two (2) weeks to make some consultations and investigations and that he would get back to the Project Administrators and Supervisors with the PRHTA's position regarding the Project Administrators' and Supervisors' arguments.

46.     Then PRHTA Executive Director Eng. Ramos-Hernández never answered the Project Administrators' and Supervisors' October 8, 2014 letter and for the remainder of his term in office (he quit/was removed three (3) months later) never answered and avoided the topic completely.

47.     Sensing and foreseeing that the then PRHTA Executive Director Eng. Ramos-Hernández's would do nothing, the Project Administrators and Supervisors send a second letter on October 10, 2014 to the President of the PRHTA's Board of Directors, engineer Miguel A. Torres-Díaz. In said letter, the Project Administrators and Supervisors requested a meeting to discuss the problems created by the PRHTA's adoption and implementation of the Informative Bulletin.

48.     Engineer Torres-Díaz refused to meet with the PRHTA's Project Administrators

HTA_CONF 00017969

Complaint
Page 25

and Supervisors.

49.    Once the two (2) weeks that the then PRHTA Executive Director Eng. Ramos-Hernández informed were need for him to consult and investigate the situation passed without the Project Administrators and Supervisors receiving any news, they proceeded to send a follow-up letter on October 27, 2014 to Eng. Ramos-Hernández.

50.    This second letter to the then PRHTA Executive Director Eng. Ramos-Hernández was never answered.

51.    By information and belief of the Project Administrators and Supervisors, then PRHTA Executive Director Eng. Ramos-Hernández never consulted anyone nor investigated the controversy as he represented the Project Administrators and Supervisors would do during their meeting.

52.    Given the total lack of responsiveness by the PRHTA to the Project Administrators' and Supervisors' demand for action, the Project Administrators and Supervisors wrote a fourth letter on November 17, 2014. This time, they addressed the letter to engineer Miguel A. Torres Díaz, as President of the Board of Directors of the PRHTA.

53.    The November 17, 2014 letter reiterated the Project Administrators' and Supervisors' position regarding the significant cut in their salaries (c. 35%) imposed by the PRHTA via its Informative Bulletin. Once again, the letter requested a meeting with Eng. Torres-Díaz.

54.    This time the Project Administrators and Supervisors decided not to leave to the functionary's discretion the occurrence of the meeting. They presented themselves at Eng. Torres-Díaz's office and forced the meeting to occur on November 18, 2014.

Complaint
Page 26

55.     During the November 18, 2014 meeting with Eng. Torres-Díaz, Eng. Torres-Díaz

requested the Project Administrators and Supervisors a legal opinion to support their position.

The Project Administrators and Supervisors replied that the PRHTA had plenty of lawyers and

that surely one or more of them had issued a legal opinion sustaining the agency's acts in leaving

without effect the Regulation by means of the Informative Bulletin. The PRHTA did not produce

any legal opinion to that effect.

56.     During the November 18, 2014 meeting with Eng. Torres-Díaz, Eng. Torres-Díaz

informed of his willingness to concede time before the PRHTA's Board of Directors for the

Project Administrators and Supervisors to go and plead their case. As a fact, Eng. Torres-Díaz

offered his vote in favor and informed that he was confident to obtain also the favorable vote of

fellow Board member, Dr. Gabriel Alcaraz, a former Secretary of the Department of

Transportation and Public Works. The Project Administrators and Supervisors informed that if

he was so supporting, then he could plead the case with the Board himself.

57.     Then PRHTA Executive Director Eng. Javier Ramos-Hernández was also present

at the November 18, 2014 meeting. He informed that a consultation was made to OGP (i.e.,

*Oficina de Gerencia y Presupuesto* or the Office for Management and Budget). A copy of said

consultation has never been produced.

58.     Eng. Torres-Díaz represented to plaintiffs that he would obtain the OGP's

position in order to determine the next step.

59.     Due to the fact that engineer Ramos Hernández apparently did nothing of what he

represented to the Project Administrators and Supervisors that he would do as PRHTA's

Executive Director, and the fact that he quitted such position and there was a new Executive

HTA_CONF 00017971

Complaint
Page 27

Director named, Plaintiffs decided to send a fifth letter to the then new PRHTA Executive Director, co-defendant Eng. Carmen Villar-Prados.

60.     On February 12, 2015, a subgroup of the Plaintiffs wrote and delivered a letter to co-defendant engineer Carmen Villar-Prados. The purpose of the letter was to have a meeting with the new Executive Director and inform her of the situation confronted by Plaintiffs and to place her in a position to act.

61.     The meeting between the new Executive Director and the Plaintiffs did not occur until March 23, 2015. Co-defendant Villar-Prados heard the Plaintiffs and informed them that she was due to have a meeting with former Executive Director Ramos-Hernández and that she would inquire about the OGP letter. She further added that if the letter was never sent, she would take care of sending it.

62.     Up to the date of the filing of this Complaint, the Plaintiffs have not received any news from co-defendant Villar-Prados regarding the results of the alleged meeting with the former Executive Director and/or the existence/remittance of the PRHTA-OGP letter.

63.     From October 2, 2014 to the date of the filing of this Complaint, the PRHTA has done nothing to address Plaintiffs' petitions regarding the substantial cut in their respective compensation.

64.     From October 2, 2014 to the date of the filing of this Complaint, Plaintiffs have kept doing their labor as project administrators and supervisors, keeping to the same duties and obligations, but receiving no compensation for them.

65.     As of May 31, 2015, each one of the Plaintiffs has not received the following:

(6-1)   Saul O. Almeda-Cruz is owed $9,900. This amount increases $900.00

Complaint
Page 28

each month.

(6-2)   Francisco M. Alvarado-Barrios is owed $6,300. This amount increases $900.00 each month.

(6-3)   Juan C. Arroyo-Ramírez is owed $14,300. This amount increases $1,300.00 each month.

(6-4)   Joan A. Arroyo-Torres is owed $9,900. This amount increases $900.00 each month.

(6-5)   María I. Ayala-Rivera is owed $17,050. This amount increases $1,550.00 each month.

(6-6)   Juan O. Badillo-Vélez is owed $9,900. This amount increases $900.00 each month.

(6-7)   Julio Báez-Romero is owed $14,300. This amount increases $1,300.00 each month.

(6-8)   Israel Cancel-Hidalgo is owed $13,200. This amount increases $1,200.00 each month.

(6-9)  Ángel L. Caraballo-Irizarry is owed $7,985. This amount increases $900.00 each month.

(6-10)   Axel Carrasquillo-Cuevas is owed $10,450. This amount increases $950.00 each month.

(6-11)   Carlos R. Céspedes-Gómez is owed $17,050. This amount increases $1,550.00 each month.

(6-12)   Ángel L. Cora De Jesús is owed $15,400. This amount increases

Complaint
Page 29

$1,400.00 each month.

(6-13)   Samuel Corchado-Rodríguez is owed $12,100. This amount increases $1,100.00 each month.

(6-14)   Yaritza Cordero-Bonilla is owed $5,700. This amount increases $950.00 each month.

(6-15)   Luis F. Cruz-Rosa is owed $17,050. This amount increases $1,550.00 each month.

(6-16)   Eduardo W. da Silva-Oliveros is owed $17,450. This amount increases $1,550.00 each month.

(6-17)   Vivian L. De Jesús Rivera is owed $14,344. This amount increases $950.00 each month.

(6-18)   Moraima Figueroa-Morales is owed $10,450. This amount increases $950.00 each month.

(6-19)   José A. García-Marrero is owed $12,100. This amount increases $1,100.00 each month.

(6-20)   José B. González-Vélez is owed $12,100. This amount increases $1,100.00 each month.

(6-21)   Enrique M. González-Viruet is owed $17,050. This amount increases $1,550.00 each month.

(6-22)   Gilberto Hernández-Cajigas is owed $1,944. This amount increases $900.00 each month.

(6-23)   Darymar Hernández-Ginés is owed $13,000. This amount increases

Complaint
Page 30

$1,300.00 each month.

(6-24)  Jisela Jirau-Adames is owed $9,900. This amount increases $900.00 each month.

(6-25)  Jessie Jusino-Lugo is owed $9,000. This amount increases $900.00 each month.

(6-26)  Sandra Lisboa-González is owed $10,450. This amount increases $950.00 each month.

(6-27)  Dennisse Luciano-Collazo is owed $10,400. This amount increases $900.00 each month.

(6-28)  Nelly Maldonado-Rivera is owed $7,200. This amount increases $900.00 each month.

(6-29)  Victor M. Medina-Badillo is owed $9,900. This amount increases $900.00 each month.

(6-30)  Anibal Miranda-Pérez is owed $7,000. This amount increases $700.00 each month.

(6-31)  Gladys Mojica-Ortíz is owed $4,434. This amount increases $900.00 each month.

(6-32)  Nurys A. Molina-Pérez is owed $17,050. This amount increases $1,550.00 each month.

(6-33)  Rafael J. Morales De Jesús is owed $7,700. This amount increases $700.00 each month.

(6-34)  Regino Navarro-Rodríguez is owed $10,450. This amount increases

Complaint
Page 31

$950.00 each month.

(6-35)  Amilcar Nieves-Santiago is owed $7,700. This amount increases $700.00 each month.

(6-36)  José L. Novoa-García is owed $17,050. This amount increases $1,550.00 each month.

(6-37)  Orlando Ortíz-Burgos is owed $13,950. This amount increases $1,550.00 each month.

(6-38)  Pamela Ortiz-Olmo is owed $3,600. This amount increases $900.00 each month.

(6-39)  Ileana Otero-Padilla is owed $12,100. This amount increases $1,100.00 each month.

(6-40)  Sheila Pacheco-Sánchez is owed $7,267. This amount increases $950.00 each month.

(6-41)  Astrid Pagán-Flores is owed $10,400. This amount increases $900.00 each month.

(6-42)  Luis R. Pastor Reyes is owed $14,300. This amount increases $1,300.00 each month.

(6-43)  Lourdes I. Pérez-Carrión is owed $17,050. This amount increases $1,550.00 each month.

(6-44)  Ivelisse Pérez-Márquez is owed $17,050. This amount increases $1,550.00 each month.

(6-45)  Dayna D. Pérez-Zapata is owed $13,400. This amount increases $1,200.00

Complaint
Page 32

each month.

(6-46)   Ignacio Rios-Rivas is owed $7,700. This amount increases $700.00 each month.

(6-47)   José M. Rivera-Colón is owed $10,450. This amount increases $950.00 each month.

(6-48)   Ivonne Rivera-Orsini is owed $2,800. This amount increases $1,400.00 each month.

(6-49)   Marilyn Rodríguez-Díaz is owed $17,050. This amount increases $1,550.00 each month.

(6-50)   Leandro Rodríguez-Dieppa is owed $12,100. This amount increases $1,100.00 each month.

(6-51)   Carlos J. Rodríguez-Hernández is owed $10,450. This amount increases $950.00 each month.

(6-52)   María D. Rodríguez-Toledo is owed $13,200. This amount increases $1,200.00 each month.

(6-53)   Gabriel Rosado De Jesús is owed $6,500. This amount increases $1,300.00 each month.

(6-54)   Onix Rosario-Morales is owed $15,400. This amount increases $1,400.00 each month.

(6-55)   Miguel J. Rosario-Rivera is owed $17,050. This amount increases $1,550.00 each month.

(6-56)   José M. Rosario is owed $9,000. This amount increases $900.00 each

Complaint
Page 33

month.

(6-57)   Eduardo Ruiz-Vélez is owed $17,050. This amount increases $1,550.00 each month.

(6-58)   Saúl J. Sandoval-Meléndez is owed $9,900. This amount increases $900.00 each month.

(6-59)   Carlos M. Santana-Vázquez is owed $17,050. This amount increases $1,550.00 each month.

(6-60)   Ángel L. Santiago-Galarza is owed $3,600. This amount increases $900.00 each month.

(6-61)   Damari M. Santiago-Torres is owed $10,450. This amount increases $950.00 each month.

(6-62)   Damaris E. Sebastian-López is owed $10,450. This amount increases $950.00 each month.

(6-63)   Marvin Sosa-González is owed $15,400. This amount increases $1,400.00 each month.

(6-64)   Celia I. Tamariz-Vargas is owed $17,050. This amount increases $1,550.00 each month.

(6-65)   José O. Toro-Martínez is owed $11,000. This amount increases $1,000.00 each month.

(6-66)   Gerardo Torres-Ortiz is owed $9,900. This amount increases $900.00 each month.

(6-67)   Dixon Vargas-Montalvo is owed $9,900. This amount increases $900.00

Complaint
Page 34

each month.

        (6-68)     Janet Vázquez-Velázquez is owed $11,000. This amount increases $1,000.00 each month.

        (6-69)     José A. Vélez-Zayas is owed $11,000. This amount increases $1,000.00 each month.

### IV. Federal Causes of Actions, Introduction

66.    The adoption and enforcement of the Informative Bulletin and all the actions taken against Plaintiffs by the PRHTA in connection with the same, have deprived and still deprives Plaintiffs of their constitutional rights granted and secured under the United States Constitution.

67.    The deprivation has taken place, and continues to take place under color of state law, policy, practice, custom and/or usage since Puerto Rico is considered a State for purposes of 42 U.S.C. §1983. PRHTA owes Plaintiffs for the asserted damages in the following causes of actions. PRHTA's intentional conduct towards Plaintiffs warrants the imposition of attorneys' fees, and pre- and post-judgment interests over all granted amounts.

68.    By its knowing and intentional acts, and by taking against Plaintiffs the arbitrary, capricious, and unfounded actions set forth in this Complaint, the PRHTA acting under the color of Commonwealth law, policy, practice, custom, and/or usage, has deprived Plaintiffs of their property and liberty rights without substantive and procedural due process in violation of clearly established law under the Fifth and Fourteen Amendment to the United State Constitution and the Civil Right Act of 1871, as amended. As asserted in the following causes of action, PRHTA

Complaint
Page 35

owes compensation to Plaintiffs, not just for their direct damages (asserted in paragraph 65, *supra*) , but also for their indirect damages as well as reasonable attorneys' fees.

## V. First Cause of Action: Violation of Due Process

69. Averments number one (1) through number sixty-eight (68) of this Complaint are incorporated by reference as if fully set forth herein.

70. Law 66 did not authorize for the reduction or cutbacks of any existing salaries schemes to any public employee, covered or not by the provisions of Law 66.

71. On October 2, 2014 the PRHTA allegedly in accord with Law 66, as misinterpreted in its Informative Bulleting, halted payment of Plaintiffs' salaries under the Regulation retroactively to July 1, 2014.

72. Plaintiffs, as career employees of the PRHTA, have valid employment contracts, which represent a property interest protected by the Fifth and the Fourteen Amendments of the United States Constitution. Plaintiffs had and have a constitutionally protected interest in their salaries, which it is part of their respective employment contracts with the PRHTA.

73. PRHTA's Informative Bulleting was the reason why it stopped paying Plaintiffs' salaries under the Regulation. Such Informative Bulletin was issued without giving Plaintiffs proper notice and a meaningful opportunity to be heard prior to the depravation of their constitutionally protected interest.

74. Furthermore, the PRHTA's Informative Bulleting did not provide to Plaintiffs, at any stage, an opportunity for a hearing and an administrative and/or judicial determination.

75. Moreover, the administrative remedies afforded under Law 66 to redress any

Complaint
Page 36

procedural due process violation cannot be included as part of the Informative Bulletin, since Plaintiffs are not employed directly by the Commonwealth of Puerto Rico but the PRHTA.

76.     Insofar Law 66 authorizes the PRHTA as an entity under the Executive Branch to issue regulations/circulars (e.g., Informative Bulletin) to implement the same, while at the same time prohibiting those entities like the PRHTA from reducing or making cutbacks to employees' salaries, the issued Informative Bulletin under which the PRHTA acted, violates Puerto Rico Law 66 and the due process guarantees of the Fifth and Fourteen Amendments of the United States Constitution.

77.     By failing to hold or allow any meaningful hearing prior to implementing the Plaintiffs' salaries cutbacks, and also by failing to provide for post-depravation hearing during its pendency, the PRHTA's Informative Bulletin repeatedly violated Plaintiffs' rights to procedural due process of law in violation of the Fifth and Fourteen Amendment of the United States Constitution and caused Plaintiffs substantial damages and financial losses.

78.     In addition to the direct debt of salaries not paid by the PRHTA to the Plaintiffs, asserted and claimed in paragraph sixty-five (65) *supra*, each one of the Plaintiffs asserts and claims damages for this cause of action estimated preliminarily in the amount of twenty-five thousand dollars ($25,000) per employee plaintiff.

## VI.  Second Cause of Action:  Substantive Due Process

79.     Averments number one (1) through number seventy-eight (78) of this Complaint are incorporated by reference as if fully set forth herein.

80.     The PRHTA pursuant to an in-house drafted and produced Informative Bulletin retroactively eliminated a part of Plaintiffs' salaries under the Regulation.

Complaint
Page 37

81. According to the PRHTA, such action was in response to Law 66. However, as noted, Law 66 actually forbade all government's entities covered under said law to affect the existing salaries of their employees.

82. Not only the PRHTA stopped paying Plaintiffs' salaries under the Regulation in contravention of Law 66, but is ordering that Plaintiffs keep doing their work as project administrator and supervisors, and to keep to the same duties and obligations (e.g., working before and after "regular hours" nights, week-ends and holidays whenever public work is being done by a PRHTA's private contractor) without receiving any compensation for such additional work.

83. Said actions on the part of the PRHTA are an abuse of government power and shock the conscience as Plaintiffs are required to supply their labor at extraordinary times and under risky conditions, without receiving any compensation for it, as previously provided by the Regulation.

84. The PRHTA's action of forcing Plaintiffs to keep doing their jobs as supervisors and project administrators without receiving the agreed upon compensation is arbitrary and irrational, especially since the rest of the PRHTA's engineers corps with similar classification as Plaintiffs are not subjected to said working conditions.

85. In addition to the direct debt of salaries not paid by the PRHTA to the Plaintiffs, asserted and claimed in paragraph sixty-five (65) *supra*, each one of the Plaintiffs asserts and claims damages for this cause of action estimated preliminarily in the amount of twenty-five thousand dollars ($25,000) per employee plaintiff.

**VII. Third Cause of Action: Taking**

Complaint
Page 38

86.     Averments number one (1) through number eighty-five (85) of this Complaint are incorporated by reference as if fully set forth herein.

87.     The PRHTA imposed through the Informative Bulletin an arbitrary salary cutback on all the Plaintiffs. There could no doubt that such cutbacks have caused a considerable economic impact upon Plaintiffs as they had to adapt to a taking of up to 35% of their former salaries.

88.     The salaries cutbacks imposed by the PRHTA upon Plaintiffs through the Informative Bulleting created detrimental consequences to an existing employment relationship. For that reason, the Informative Bulleting substantially interferes with Plaintiffs' reasonable compensation expectation.

89.     The limitations imposed by the Informative Bulletin were retroactively applied. Such retroactive application to the elimination of Plaintiffs' salaries under the Regulation is simply illegal and constitutes a taking of Plaintiffs' salary.

90.     The economic situation of the PRHTA is a complex problem, but it is of its own doing. However, the solution that the PRHTA crafted forces Plaintiffs to bear a burden that is substantial in amount, while at the same time allows the PRHTA to renounce the salaries' commitment made to Plaintiffs. The PRHTA's actions implicate fundamental principles of fairness underlying the taking clause. The PRHTA is obligated to pay Plaintiffs' full salaries obligations based on the commitment and promises that it undertook.

91.     In addition to the direct debt of salaries not paid by the PRHTA to the Plaintiffs, asserted and claimed in paragraph sixty-five (65) *supra*, each one of the Plaintiffs asserts and claims damages for this cause of action estimated preliminarily in the amount of twenty-five

HTA_CONF 00017983

thousand dollars ($25,000) per employee plaintiff.

## VIII. Fourth Cause of Action: Contracts Clause

92.     Averments number one (1) through number ninety-one (91) of this Complaint are incorporated by reference as if fully set forth herein.

93.     Article I, §10, Clause 1 of the Constitution of the United State of America provides in part:  "No state shall […] pass any Bill of Attainder, ex- post facto law, or law impairing the obligation of contracts […]".

94.     Article 11(b)(vii) of Puerto Rico Law 66 froze the payments of wage differentials. In accord with PRHTA's Regulation, which is part of Plaintiffs' contract, the compensation that Plaintiffs received as project supervisors and administrators does not come in within the definition of wage differential. Furthermore, Article 11(c)(v) of Law 66, except for the Christmas and summer bonus, also froze the payment of all bonuses. The PRHTA's Regulation in its retribution scheme does not recognize any bonuses but the Christmas and retirement bonus.

95.     Plaintiffs' salary compensation under the Regulation are neither a wage differential nor a bonus.

96.     The PRHTA, pursuant to the Informative Bulletin, illegally classified Plaintiffs' salary under the Regulation as a bonus and proceeded not to pay it retroactively, substantially impairing the contractual obligation agreed upon between Plaintiffs and the PRHTA with the direct result that Plaintiffs worked more than the other PRHTA's engineers with the same job classification but for more salary income as provided in the Regulation.

97.     Through the enactment of Law 66 the government of Puerto Rico declared a state of emergency. Based on that declaration, the PRHTA prepared the Informative Bulletin in which

HTA_CONF 00017984

Complaint
Page 40

it issued a series of cost-cutting measures. Among those measures were Plaintiffs' salaries cutbacks. The PRHTA's claimed that the cost-cutting measures were reasonable and necessary in order to procure net savings.

98.   However, were the PRHTA not to remedy the situation by paying all salary arrears owed to Plaintiffs since July 1, 2014 and to re-instate the continuous future payments under the Regulation, Plaintiffs might decide to simply work under the same schedule and timeframe as the rest of the PRHTA's engineers.

99.   Were the Plaintiffs forced to choose such course of action, every single PRHTA construction project will be affected: not only they would not be finished on time, but no nighttime/weekend construction would be possible (thus impacting the general population with traffic jams, loss of productivity, etc., as all road repairs/construction is done during daylight). On the many construction contracts where the PRHTA agreed with the private contractors that nighttime/weekend work was allowed, the absence of Plaintiffs on such extra hours would immediately translate into compensable delays and standbys claims which the PRHTA will have to eventually compensate. Most of the dozens of PRHTA construction projects that Plaintiffs currently administer and supervise would come to a standstill. The delay in their construction will have an economic impact to the PRHTA far beyond what the PRHTA currently misunderstands is saving by not paying Plaintiffs their salaries under the Regulation.

100.   The suspension of rights and the impairment of contractual obligation imposed unilaterally by the PRHTA for the duration of the so-called state of emergency are unreasonable, particularly considering that Plaintiffs are being forced to honor their work obligations as projects administrators and supervisor without receiving the agreed compensation.

Complaint
Page 41

101.    In addition to the direct debt of salaries not paid by the PRHTA to the Plaintiffs,

asserted and claimed in paragraph sixty-five (65) *supra*, each one of the Plaintiffs asserts and

claims damages for this cause of action estimated preliminarily in the amount of twenty-five

thousand dollars ($25,000) per employee plaintiff.

## IX.    Declaratory/Prospective Relief

102.    Averments number one (1) through number one hundred and one (101) of this

Complaint are incorporated by reference as if fully set forth herein.

103.    The actual PRHTA's Executive Director, engineer Carmen Villar-Prados, is being

sued only in her official capacity as the PRHTA maximum authority.

104.    As such, the Plaintiffs request that as part of the remedies to be granted by this

Honorable Court, it be ordered that co-defendant Villar-Prados re-instates the Regulation in

regards to Plaintiffs' compensation there under.

105.    The Plaintiffs understand that this Honorable Court has the power and faculty to

order co-defendant Villar-Prados to not alter the once again re-instated Regulation without

providing Plaintiffs with the due process guarantees under the Puerto Rico Uniform

Administrative Procedures Act or any other applicable federal or state law.

106.    Concerning Article I, §10, Clause I of the Constitution of the United States,

Plaintiffs seek declaratory judgment as to the illegality of the Informative Bulletin, and

injunctive relief barring the PRHTA from prospectively applying it as a limitation to their actual

and future compensation.

## X.  Supplemental Jurisdiction

Complaint
Page 42

107.    Averments number one (1) through number one hundred and six (106) of this
Complaint are incorporated by reference as if fully set forth herein.

108.    This Honorable Court's supplemental jurisdiction is invoked pursuant to 28
U.S.C. §1367, over claims arising under the same nucleus of operative facts, in violation of
Puerto Rico law and brought pursuant to Law No. 180 of July 27, 1998, Law No. 100 of June 30,
1959  and the Puerto Rico Civil Code Article 1802.

109.    Plaintiffs are all current regular employees of PRHTA.

110.    The amounts claimed in paragraph sixty-five (65), *supra*, of this Complaint are
for salaries not paid by the PRHTA to its employees, the Plaintiffs. As of May 31, 2015, the
PRHTA owes the Plaintiffs the amount of $ 793,024 for salaries not paid.

111.    After May 31, 2015, the amount of salaries owed by the PRHTA increases
monthly by c. $77,700.

112.    Given the fact the PRHTA owes each of the named Plaintiffs the salaries stated in
paragraph sixty-five (65) of this Complaint and that the amount therein alleged increases for each
Plaintiff by the specified amount each month, the PRHTA does not only owe the amounts
expressed therein but also, as the penalty provided in Puerto Rico's law, an additional amount for
the exact quantity owed to each of the Plaintiffs.

113.    The "double penalty" provided in the Puerto Rico salary law is automatically
imposed on the employer (i.e., PRHTA) since it did not pay the herein claimed salaries to the
Plaintiffs as it became due.

114.    As of May 31, 2015, the PRHTA owes the Plaintiff an additional amount of
$ 793,024 by virtue of the Puerto Rico labor legislation.

HTA_CONF 00017987

Complaint
Page 43

115.    After May 31, 2015, the double penalty provided by the Puerto Rico labor legislation, increases by a monthly amount of c. $ 77,700 until full payment is made.

116.    Furthermore, Laws No. 402 of May 12, 1950 and No.100 of June 30, 1959, provide for the automatic imposition of attorney's fees to be paid by the employer whenever the employees prevail in a salary dispute.

117.    The amount of attorneys' fees granted by the Puerto Rico labor legislation is of twenty-five percent (25%) of the principal amount of salary recovered in the judicial action. The amounts of recoverable attorneys' fees is in addition to the principal and double penalty amounts and are not to be deducted from the amounts payable to the employees. That is, the 25% attorneys' fees are to be paid by the PRHTA in addition to the principal amount of salaries owed and the double penalty provided by Puerto Rico law.

118.    The 25% amount of attorneys' fees payment requested by Plaintiffs to be imposed to their employer the PRHTA is no less of $ 198,256 of the already owed amount and $ 793,024 for the monthly increase in the salary debt by the PRHTA.

119.    The 25% amount of attorneys' fees to be paid by the employer PRHTA, increases each month by 25% of the amount of monthly salary not being paid of c.$77,700 to Plaintiffs. That is, the amount owed by the PRHTA of attorneys' fees increases c.$19,425 per month after June 1, 2015.

120.    The attorneys' fees provided by the Puerto Rico state labor laws are independent and separate from any amounts that this Honorable Court might grant under the federal causes of action alleged *supra*.

121.    Finally, the intentional acts by the PRHTA in depriving the Plaintiffs of their full

Complaint
Page 44

compensation since July 1, 2014, but still requiring them to fulfill all their obligations and duties, caused damages to all Plaintiffs.

122.   Each one of the Plaintiffs has had to make multiple adjustments in their *modus vivendi* in order to make ends meet with the reduction of salaries suffered and imposed unilaterally by the PRHTA.

123.   Many Plaintiffs live fearful of losing their jobs if they cease to perform their unpaid duties and obligations, even though they have seen individual reductions of their salaries between 20% and 35%.

124.   The intentional actions by the PRHTA of retroactively leaving without effect the Regulation that provided a source of income to the Plaintiffs so pretext of complying with the Law 66, the fact that no opportunity for comments and/or participation was given by the PRHTA to hear Plaintiff's position before taking such detrimental action against Plaintiff's pecuniary interests, caused damages to Plaintiffs.

125.   Plaintiffs are entitled to receive a just compensation for their labor. Such right is enshrined in the Puerto Rico Constitution (§16 of Article II) and has been crassly violated by their employer the PRHTA.

126.   The sole reason for Plaintiffs' damages are defendants' above asserted acts and lack of remedial actions after the damages have been occurring.

127.   Under Puerto Rico Civil Code Article 1802, the Plaintiffs claim tort damages in the amounts of no less of $50,000 per each plaintiff.

## XI.  Prayer for Relief

**WHEREFORE**, given the above asserted violations of their constitutional rights and the

Complaint
Page 45

damages suffered by the Plaintiffs due to the PRHTA's intentional actions, Plaintiffs respectfully

request that the Honorable Court enter final judgment against Defendants for the following:

(a)  Amount of owed salaries under the Regulation to all Plaintiffs since July 1, 2014 through May 31, 2015: $793,024.

(b)  Amount of owed salaries under the Regulation to all Plaintiffs per month from June 1, 2015 to the day of the Honorable Court's judgment: c.$77,700 per month.

(c)  For the PRHTA violation of Plaintiffs' procedural due process rights as asserted in the first cause of action: $1,725,000.

(d)  For the PRHTA violation of Plaintiffs' substantive due process rights as asserted in the second cause of action: $1,725,000.

(e)  For the PRHTA violation of Plaintiffs' Fifth Amendment rights for the uncompensated taking as asserted in the third cause of action: $1,725,000.

(f)  For the PRHTA violation of Plaintiffs' Fifth Amendment rights for the contract clause as asserted in the fourth cause of action: $1,725,000.

(g)  For the double penalty provided under state law for the PRHTA lack payment of Plaintiffs' salaries from July 1, 2014 to May 31, 2015: $793,024.

(h)  For the double penalty provided under state law for the PRHTA lack payment of Plaintiffs' salaries for each month after June 1, 2015 until the day of the Honorable Court's judgment: $77,700.

(i)  For the 25% attorneys' fees imposed by the state law for the salaries owed to Plaintiffs by PRHTA from July 1, 2014 to May 31, 2015: $198,256.

Complaint
Page 46

(j) For the 25% attorneys' fees imposed by the state law for the salaries owed to
Plaintiffs by PRHTA for each month after June 1, 2015 to the day of the
Honorable Court's judgment: $19,425.

(k) For damages under the state tort statute for the damages non-salary damages
suffered by all Plaintiffs: $3,450,000.

(l) Attorneys' fees for the federal causes of action under 42 USC §1983.

(m) Pre-judgment interest at the rate of 6% simple since the filing of this
Complaint over all asserted claims.

(n) Post-judgment interest over all amounts asserted at the Honorable Court's
rate.

**Jury Demand**

Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury in the
Complaint set forth above.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 29th day of May 2015.

I hereby certify, that on this date I have electronically filed copy of the foregoing with the
Clerk of the Court using the CM/ECF system and that a copy of this complaint will be served
with the summons to each of the defendants.

*s/ Juan J. Vilella Janeiro*
**JUAN J. VILELLA-JANEIRO**
PRUSDC No. 204209
VILELLA-JANEIRO
ATTORNEYS & COUNSELORS AT LAW
PMB 291 #1353 Rd. 19
Guaynabo, PR 00966-2700
T. (787) 781-7777
E-mail: jvilella@vjjlawoffices.com

HTA_CONF 00017991



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**

**REGLAMENTO NÚMERO 02-017**

**PROGRAMA DE COMPENSACIÓN POR GERENCIA
DE PROYECTOS DE CONSTRUCCIÓN**

28 de noviembre de 2011

HTA_CONF 00017992

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

ACT-2a
(Rev. 6/09)

## MANUAL DE NORMAS BASICAS DE FUNCIONAMIENTO

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 |
|---|---|---|

### TABLA DE CONTENIDO

| | | |
|---|---|---|
| Artículo I | Introducción | 1 |
| Artículo II | Base Legal | 2 |
| Artículo III | Propósito | 3 |
| Artículo IV | Aplicabilidad | 3 |
| Artículo V | Definiciones | 3 |
| Artículo VI | Normas Generales | 7 |
| Artículo VII | Evaluación de Ejecutorias | 18 |
| Artículo VIII | Evaluación de Desempeño | 20 |
| Artículo IX | Compensación Final del Participante | 21 |
| Artículo X | Dieta Fija | 23 |
| Artículo XI | Cláusula de Separabilidad | 24 |
| Artículo XII | Enmiendas | 25 |
| Artículo XIII | Vigencia y Derogación | 25 |



Anejo I    -   "Hoja de Evaluación Nivel de Complejidad del Proyecto"
Anejo II   -   "Evaluación de Ejecutorias del/la Administrador/a de Proyecto"
Anejo III  -   "Evaluación de Ejecutorias del/la Supervisor/a de Proyecto"
Anejo IV   -   "Evaluación de Desempeño del Supervisor al/la Administrador/a de Proyecto"
Anejo V    -   "Evaluación de Desempeño del/la Directora/a Regional al/la Administrador/a de Proyecto"
Anejo VI   -   "Evaluación de Desempeño del/la Supervisor/a de Proyecto"
Anejo VII  -   "Autorización para Pago de Compensación del/a Administrador/a de Proyecto"
Anejo VIII -   "Autorización para Pago de Compensación del/a Supervisor/a de Proyecto"
Anejo IX   -   "Comprobante de Gastos de Viaje"
Anejo X    -   "Orden de Viaje"

HTA_CONF 00017993

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

ACT-2a
(Rev. 6/09)

## MANUAL DE NORMAS BÁSICAS DE FUNCIONAMIENTO

| Asunto: Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 1 de 25 |
|---|---|---|
| Fecha de Aprobación: 28 de noviembre de 2011 | Normas Derogadas: | Aprobado por: |

### ARTÍCULO I - INTRODUCCIÓN

La Autoridad de Carreteras y Transportación en adelante citada como la "Autoridad", realiza una gran variedad de proyectos de infraestructura de obras públicas conforme a las responsabilidades delegadas a ésta por su ley habilitadora.  Para llevar a cabo estas obras de construcción la Autoridad contrata empresas privadas, las cuales requieren ser supervisadas para asegurar el cumplimiento de las disposiciones del contrato.  Esta responsabilidad recae en el Director Área de Construcción, los Directores Regionales, los Supervisores y los Administradores de Proyectos de la Autoridad.

Dicho personal asegura el control de calidad de los materiales, el cumplimiento de las obligaciones contractuales y por consiguiente los intereses de la Autoridad.   Por tales razones, resulta necesario establecer un mecanismo que permita medir la efectividad de los funcionarios que supervisan los distintos proyectos de construcción, de manera que se puedan tomar las medidas correctivas necesarias para mantener los niveles de eficiencia y calidad requeridos.

El Programa de Compensación por Gerencia de Proyectos de Construcción, en adelante Programa, reconoce la diferencia en tareas, deberes y responsabilidades que existen entre los funcionarios asignados a la gerencia de los proyectos de construcción y los demás empleados con igual clasificación que no laboran en estos tipos de proyectos.  Se resalta, que en el cumplimiento de sus responsabilidades estos funcionarios, se ven obligados a realizar esfuerzos

HTA_CONF 00017994

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 2 de 25 | ACT-2a (Rev. 6/09) |
|---------|---------------------------------------------------------------------|-------------------------|----------------|--------------------|
|         |                                                                     | Fecha: 11/28/11         | Aprobado por:  |                    |

extraordinarios para lograr que los Contratistas realicen los proyectos eficaz y eficientemente, según acordado mediante contrato. Esta situación entre otros factores provoca, un efecto adverso en sus relaciones familiares, arriesgando su seguridad y salud. Por tal razón, estos se encuentran en una posición desventajosa frente a los restantes compañeros de la Autoridad.

De acuerdo con lo antes expuesto, es meritorio establecer un sistema de evaluación que provea a dichos funcionarios una compensación justa y razonable, adicional al salario que devenguen, considerando el nivel de ejecución y desempeño alcanzado respecto a sus tareas, deberes y responsabilidades. Por tanto, se reconoce a los funcionarios del Área de Construcción asignados a la gerencia de los proyectos, cuyo requerimiento de funciones superan lo establecido en el puesto que ocupan.

**ARTÍCULO II - BASE LEGAL**

Este Reglamento se promulga basado en las disposiciones aplicables de la Ley Núm. 74 del 23 de junio de 1965, según enmendada, conocida como "Ley de la Autoridad de Carreteras y Transportación de Puerto Rico". En específico, el Artículo 4 – Poderes, Inciso (c) que faculta a la Autoridad a: Adoptar, enmendar y derogar estatutos para reglamentar sus asuntos y para establecer normas para el manejo de sus negocios; y el Inciso (r) le faculta a: Adoptar, proclamar, enmendar y derogar aquellas reglas y reglamentos que fueren necesarios o pertinentes para desempeñar sus poderes y deberes de acuerdo con esta Ley.

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 3 de 25 | ACT-2a (Rev. 6/09) |
|---------|---------|---------|---------|---------|
| | | Fecha: 11/28/11 | Aprobado por: | |

## ARTÍCULO III - PROPÓSITO

Establecer las normas necesarias para regular los requisitos que deben cumplir los funcionarios que serán participantes del Programa de Compensación de acuerdo con lo siguiente:

- Puesto del participante.

- Nivel de complejidad del proyecto asignado.

- Resultado de las evaluaciones de ejecutorias y desempeño.

Además, se pretende fijar la cantidad máxima de compensación conforme a los niveles de ejecución alcanzados y proveer el mecanismo para el proceso de pago. Así mismo, se establece que el reembolso por concepto de gastos de viaje será una cantidad fija diaria (Dieta Fija) para los Directores Regionales, Supervisores y Administradores mientras sean partícipes del Programa.

## ARTÍCULO IV – APLICABILIDAD

Este reglamento será aplicable a aquellos funcionarios que ocupen puestos incluidos en la Tabla 1 - Compensación Máxima por Participante (ver Artículo VI, Inciso A), quienes tendrán derecho a la compensación y beneficios dispuestos en este reglamento.

## ARTÍCULO V - DEFINICIONES

Para efectos de este Reglamento el género femenino, dondequiera que el mismo sea mencionado, incluirá el masculino, y viceversa, así como el expresado en lenguaje singular incluirá el plural.

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 4 de 25 | ACT-2a (Rev. 6/09) |
|---------|---------|---------|---------|---------|
| | | Fecha: 1/28/11 | Aprobado por: | |

Los siguientes términos utilizados en este Reglamento tendrán el significado que a continuación se expresa, a menos que de su contexto se desprenda otra cosa:

A. **Administrador de Proyecto** – funcionario que está a cargo de la administración de uno o varios proyectos de construcción en las Oficinas Regionales del Área de Construcción de la Autoridad.

B. **Autoridad** - Autoridad de Carreteras y Transportación.

C. **Autorización para Pago de Compensación** – documento mediante el cual se autoriza el pago de una compensación a los participantes del Programa basado en el resultado obtenido en las evaluaciones de ejecutorias y desempeño.

D. **Compensación** – remuneración adicional al salario del funcionario por ser partícipe del Programa la cual estará sujeta a la clasificación del participante, nivel de complejidad del proyecto y al resultado obtenido en las evaluaciones de ejecutorias y desempeño.

E. **Compensación Máxima** – cantidad máxima que podrá recibir el funcionario que obtenga una calificación de excelente en la evaluación.

F. **Días** – se refiere a días laborables.

G. **Director Área de Construcción** – funcionario responsable de velar porque se cumpla con la gerencia de los proyectos de construcción asignados a las distintas Oficinas Regionales.

HTA_CONF 00017997

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 5 de 25 | ACT-2a (Rev. 6/09) |
|---------|---------|---------|---------|---------|
| | | Fecha: 11/28/11 | Aprobado por: | |

H. **Director Regional** – funcionario responsable de velar porque se cumpla con la gerencia de los proyectos asignados a sus Supervisores y Administradores de Proyectos.

I. **Dieta Fija** – monto fijo diario que se pagará por concepto de gastos de viaje y dieta a los funcionarios que sean partícipes del Programa.

J. **Evaluación** – medición de la ejecutoria y desempeño del participante del Programa durante el periodo evaluado.

K. **Nivel de Complejidad** – grado de dificultad determinado para un proyecto de construcción dividido en tres categorías: normal, complejo y extraordinario.

L. **Nivel de Desempeño** – grado en que se evalúa el desempeño de las tareas o funciones del participante del Programa divididos en cuatro categorías: excelente, bueno, promedio y deficiente.

M. **Oficial Evaluador** – funcionario responsable de evaluar al participante del Programa, entiéndase el Supervisor de Proyecto o Director Regional.

N. **Participante del Programa** – todo funcionario autorizado y cualificado para participar en el Programa según lo establecido en el Artículo VI – Normas Generales, Sección A. de este Reglamento.

O. **Participante Sustituto** – todo funcionario autorizado y cualificado designado por el Director Regional para sustituir al participante del Programa durante el periodo de tiempo que sea necesario.

HTA_CONF 00017998

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 6 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

P.   **Periodo Evaluado** – período consecutivo de tres meses durante el cual se obtiene la evaluación de ejecutorias y desempeño de funciones.  Los periodos quedan establecidos de la siguiente manera:

    1.   **Periodo 1** - Comprenderá desde el mes de enero hasta el mes de marzo del año en que corresponde la evaluación.

    2.   **Periodo 2** - Comprenderá  desde el mes de abril hasta el mes de junio del año en que corresponde la evaluación.

    3.   **Periodo 3** - Comprenderá  desde el mes de julio hasta el mes de septiembre del año en que corresponde la evaluación.

    4.   **Periodo 4** - Comprenderá  desde el mes de octubre hasta el mes de diciembre del año en que corresponde la evaluación

Q.   **Puntuación Máxima por Tarea** – Cantidad total de puntos que obtendría un participante que cumpla con todos los requisitos de una tarea específica en un periodo evaluado.

R.   **Puntuación obtenida por Tarea** – Cantidad total de puntos obtenida por un participante para una tarea específica en un periodo evaluado.

S.   **Supervisor de Proyecto** – Funcionario que está a cargo de la supervisión de uno o varios proyectos de construcción en las Oficinas Regionales del Área de Construcción de la Autoridad.

HTA_CONF 00017999

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 7 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

## ARTÍCULO VI - NORMAS GENERALES

A.   Se dispone el establecimiento de una compensación cada tres (3) meses, para aquellos funcionarios que cualifiquen para participar del Programa. Dicha compensación será adicional al salario de estos funcionarios por lo que tendrán derecho a recibir la misma según su clasificación y el nivel de complejidad del proyecto. Sin embargo, la referida compensación estará sujeta al resultado de la evaluación de ejecutorias y desempeño de los participantes por una cantidad no mayor a lo establecido en la Tabla 1 - Compensación Máxima Mensual por Participante.

| Tabla 1 - Compensación Máxima Mensual por Participante | | | |
|---|---|---|---|
| Clasificación y/o Designación del/la participante | Nivel de Complejidad del Proyecto | | |
| | Normal | Complejo | Extraordinario |
| Jefes de Brigadas de Proyectos de Construcción | $700 | $750 | $800 |
| Ingenieros en Entrenamiento Gerencial | $900 | $950 | $1000 |
| Agrimensores en Entrenamiento Gerencial | $900 | $950 | $1000 |
| Agrimensores | $900 | $950 | $1000 |
| Ingenieros (I, II) | $1100 | $1200 | $1300 |
| Ingenieros (III, IV) | $1300 | $1400 | $1500 |
| Supervisores de Proyectos | $1550 | | |

B.   Los Jefes de Brigadas de Proyectos de Construcción solamente participarán de este Programa si son necesarios sus servicios y se seleccionarán solamente aquellos que posean Bachillerato en Ingeniería o en Agrimensura.

C.   El nivel de complejidad del proyecto asignado lo determinará un comité constituido por el Director Ejecutivo Auxiliar de Infraestructura, el Director del

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 8 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

Área de Construcción y el Director de la Oficina Regional que corresponda. Dicho nivel se adjudicará de acuerdo con los resultados obtenidos de la medición pertinente según los criterios establecidos en formulario ACT-741 "Hoja de Evaluación Nivel de Complejidad del Proyecto" (Anejo I). Esta determinación deberá realizarse luego de la adjudicación del proyecto pero no más tarde de la fecha de comienzo y, no podrá ser alterada durante el transcurso del mismo.

D. Luego de que el comité identificado en el Inciso anterior haya determinado el nivel de complejidad del proyecto, el Director Regional, en coordinación con el Director del Área de Construcción, designarán al Administrador y al Supervisor del mismo. Tal selección se realizará según la ejecutoria y desempeño de ambos funcionarios en proyectos anteriores. Se podrán considerar, además, otros factores que contribuyan a elegir al candidato más idóneo para tales puestos a discreción del Director Regional.

E. Una vez designado el funcionario, el Director Regional correspondiente le notificará por escrito de su ingreso al Programa. En dicha comunicación le informará al participante sobre los siguientes aspectos:

1. Proyecto asignado.

2. Nivel de complejidad del proyecto.

3. Cantidad máxima de compensación.

4. Fecha de comienzo en el Programa – En el caso de proyectos no comenzados, será igual al día que comienza el proyecto asignado. En el

HTA_CONF 00018001

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 9 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

caso de proyectos comenzados, se utilizará la fecha de designación como Administrador o Supervisor. En ambos casos, el primer mes del cómputo del programa será fraccionado para efectos de la compensación a base de treinta (30) días. Ejemplo, si el proyecto comienza el día 4, éste se fraccionaría de la siguiente manera: $(30 - 4) / 30 = 0.86$. Esta cantidad sería parte de los meses aplicables para el periodo de evaluación.

F.    La fecha de terminación en el Programa será igual al día resultante entre la suma de la duración original y/o revisada del proyecto más el periodo de liquidación que aplique según la clasificación del proyecto. El último mes será fraccionado para efectos de la compensación según el ejemplo descrito en el inciso anterior. Una vez se aprueba el proyecto "sustancialmente terminado", el Director Regional enviará comunicación notificando la fecha de terminación del (de la) funcionario en el Programa. No obstante, el no enviar esta notificación no tendrá el efecto de extender su participación en el Programa.

G.    La evaluación del funcionario se efectuará cada tres (3) meses, mientras éste(a) sea participante del Programa. Dicha evaluación se fundamentará en dos (2) parámetros que se describen a continuación.

1.    Ejecutoria – Medición de cómo el funcionario desarrolla y realiza las tareas asignadas, basado en la clasificación o designación de su puesto. Para evaluar este parámetro se utilizarán los siguientes formularios:

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 10 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

a.  ACT-742 "Evaluación de Ejecutorias del Administrador de Proyecto (Anejo II). Dicha medida representará el 80% de la evaluación.

b.  ACT-743 "Evaluación de Ejecutorias del Supervisor de Proyecto (Anejo III). Dicha medida representará el 90% de la evaluación.

Dichos formularios contienen unas hojas de trabajo mediante las cuales se medirá cada tarea individualmente. De esta forma, se facilitará el proceso de evaluación.

2.  Desempeño – Medición de los deberes y responsabilidades del funcionario basado en el ejercicio de sus funciones. Para analizar este parámetro se utilizarán los siguientes formularios:

a.  ACT-744 "Evaluación de Desempeño del Supervisor al Administrador de Proyecto (ver Anejo IV). Dicha medida representará el 10% de la evaluación.

b.  ACT-745 "Evaluación de Desempeño del Directora(a) Regional al Administrador de Proyecto" (Anejo V). Dicha medida representará el 10% de la evaluación.

c.  ACT-746 "Evaluación de Desempeño del Supervisor de Proyecto", (Anejo VI). Dicha medida representará el 10% de la evaluación.

H.  El resultado final de la evaluación pertinente del funcionario se desglosará en el formulario ACT-747 "Autorización para Pago de Compensación del

HTA_CONF 00018003

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 11 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

Administrador de Proyecto" (Anejo VII) o ACT-748 "Autorización para Pago de Compensación del Supervisor de Proyecto (Anejo VIII).

I.  La compensación se realizará según el porciento obtenido de la evaluación final correspondiente según definido en la Sección G de este Artículo y como se desglosa en la Tabla 2 – Determinación de Compensación.

| Tabla 2 - Determinación de Compensación | | |
|---|---|---|
| Categoría | Porcentaje obtenido de la Evaluación | Porciento de Compensación |
| Excelente | 100% - 95% | 100% |
| Bueno | 94.99 - 70% | Según porciento obtenido |
| Promedio | 69.99% - 50.00% | 50% |
| Deficiente | 49.99% - 0.00 | 0% |

J.  Cuando el funcionario evaluado no alcance el promedio mínimo requerido de 50.00% en su evaluación, no recibirá la compensación por el período correspondiente a la misma.  De no alcanzar o superar el mínimo requerido durante dos (2) periodos consecutivos, se procederá a relevarlo de participar en el Programa.

K.  Los participantes del Programa concluirán su participación en el mes que culmine el periodo de liquidación del proyecto.  Dicho periodo comienza en la fecha en que el proyecto fue "sustancialmente terminado"  y su duración será basada en el nivel de complejidad del proyecto, según detallado a continuación:

1.  Proyecto de Nivel Normal – Dos (2) meses

2.  Proyecto Nivel Complejo – Tres (3) meses

HTA_CONF 00018004

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 12 de 25 | ACT-2a (Rev. 6/09) |
|---------|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

3. Proyecto Nivel Extraordinario – Cuatro (4) meses

L.  Una vez terminado el periodo de liquidación, si el participante no completa la misma según estipulado en el Inciso anterior, no recibirá compensación luego de esta fecha al igual que no será participe de la dieta fija hasta tanto vuelva a participar del Programa. Por consiguiente, el funcionario deberá terminar la liquidación del proyecto para poder participar nuevamente del programa.

M.  Si por la necesidad del servicio, es necesario asignar a un participante del Programa a un nuevo proyecto y no ha terminado la liquidación del proyecto anteriormente asignado, el Director del Área de Construcción deberá autorizar dicho cambio previo a su efectividad.

N.  El participante asignado a un nuevo proyecto que se encuentre en el periodo de liquidación del proyecto anterior, tendrá derecho a que se le modifique el periodo de liquidación como se indica en la Tabla 3 – Periodos de Liquidación Modificado:

| Tabla 3 - Periodos de Liquidación Modificado | |
|---|---|
| Nivel de Complejidad | Periodo Modificado |
| Normal | Cuatro meses |
| Complejo | Seis meses |
| Extraordinario | Ocho meses |

O.  El participante con derecho a un periodo de liquidación modificado será evaluado solamente por el nuevo proyecto.

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 13 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

P.    Si al terminar el periodo de liquidación regular o modificado, aún no ha completado la liquidación del proyecto anterior, comenzará aplicarse una reducción de un 25% de la compensación máxima mensual determinada para el proyecto nuevo. Esta disminución será prospectiva hasta tanto el funcionario finalice la liquidación del proyecto anterior.

Q.    El Oficial Evaluador será responsable de preparar y discutir las evaluaciones de los participantes del Programa bajo su supervisión, no más tarde de diez (10) días laborables, contados a partir de la fecha de terminación de cada periodo evaluado. Para cumplir con este objetivo, el Oficial realizará lo que se detalla a continuación:

1.    Utilizará los formularios descritos en la Sección G de este Artículo para llevar a cabo la medición, según las instrucciones provistas en dichas formas.

2.    Una vez finalizada la evaluación, discutirá y revisará la misma en su totalidad con el funcionario evaluado, previo a entregarla al Director Regional. Si el participante no está de acuerdo con la evaluación realizada y/o se niega a firmar la misma, éste tendrá derecho a apelar *solamente* la evaluación de ejecutorias. El Oficial Evaluador escribirá las alegaciones pertinentes en el espacio de observaciones provisto en la Evaluación de Ejecutorias correspondiente (Anejo II o Anejo III). Notificará al participante de la fecha de entrega para someter la

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 14 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

documentación que sustente sus alegatos. Por lo tanto, se seguirá el proceso que se detalla a continuación:

a.    Primera Revisión

    1)    El participante presentará al Oficial Evaluador la evidencia que entienda pertinente para sustentar sus argumentos, en un término no mayor de tres (3) días posterior a la fecha de la discusión de la evaluación realizada. El Oficial Evaluador verificará la misma junto con el participante. Luego, el Oficial Evaluador tendrá cinco (5) días laborables para emitir su determinación por escrito al participante. Si transcurre dicho término y el participante no entrega la alegada evidencia, se entenderá que desistió de la reclamación por lo que prevalecerá la evaluación original.

b.    Segunda Revisión

    1)    Si el participante aún no está conforme con la determinación del Oficial Evaluador, tendrá derecho a solicitar por escrito una reunión con el Oficial Evaluador y el Director Regional (en el caso de los Administradores o el Director del Área de Construcción (en el caso de los Supervisores para plantearle su posición. Para solicitar dicha reunión, el participante tendrá un término no mayor

HTA_CONF 00018007

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 15 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

de cinco (5) días posterior a la fecha de la reunión de la primera revisión. Ambos funcionarios revisarán la evidencia y de entender que la misma no se sostiene, prevalecerá la evaluación original. Luego, el Director Regional y/o Director del Área de Construcción, tendrá cinco (5) días laborables para emitir su determinación por escrito al participante. Si transcurre dicho término y el participante no acude a la reunión, se entenderá que desistió de la reclamación por lo que prevalecerá la evaluación original.

2) En el caso de los Administradores, la determinación final sobre su apelación la tendrá el Director Regional. Para el caso de los Supervisores, la determinación final sobre su apelación la tendrá el Director del Área de Construcción.

3. Completará y firmará la Autorización para Pago de Compensación, según corresponda, mediante la cual recomienda el monto a pagar al participante según la evaluación realizada. Someterá ambos documentos al Director Regional o al Director del Área de Construcción, según sea el caso, quien aprobará con su firma dicha recomendación luego de haber revisado los mismos.

4. Mantendrá un expediente de cada funcionario con toda la evidencia documental necesaria para fundamentar cada evaluación realizada. De

HTA_CONF 00018008

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 16 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

esta manera, el resultado de cada una podrá verificarse y sustentarse en todo momento.

R.   El Director Regional remitirá la Autorización de Pago y la evaluación al Director del Área de Construcción, no más tarde de 20 días laborables (este término incluye los 10 días de evaluación y discusión estipulados en la Sección Q de este Artículo) a partir de la fecha del periodo evaluado, siempre y cuando no haya pendiente un proceso de apelación.  Para los casos en proceso de apelación, la documentación se remitirá no más tarde de 10 días después de haber completado dicho proceso.

S.   El Director del Área de Construcción firmará la Autorización de Pago y la someterá junto con la evaluación al Director Ejecutivo Auxiliar de Infraestructura para su aprobación final, no más tarde de cinco (5) días posterior al recibo de la misma en dicha Área.

T.   Luego de que el Director Ejecutivo Auxiliar para Infraestructura revise y corrobore la veracidad de la documentación, aprobará con su firma el pago de la compensación.  Enviará la referida documentación al Director Ejecutivo Auxiliar de la Directoría de Recursos Humanos y Asuntos Laborales no más tarde de cinco (5) días luego de aprobada para su procesamiento.

U.   La Directoría de Recursos Humanos y Asuntos Laborales tomará la acción correspondiente para procesar el pago.  Dicha gestión deberá completarse no más tarde de cinco días luego de haber recibido la referida documentación, para

HTA_CONF 00018009

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 17 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

un total de diez (10) días desde que el Director Ejecutivo Auxiliar de Infraestructura haya autorizado el pago. De esta manera, el participante podrá recibir su compensación en un tiempo justo y razonable.

V.   Será responsabilidad de la Directoría de Recursos Humanos y Asuntos Laborales mantener el original de la autorización de pago procesada junto con cada una de las evaluaciones correspondientes en el expediente del funcionario.

W.   Todas las evaluaciones estarán sujetas a revisión por parte de un Comité. El mismo estará presidido por el Director Ejecutivo Auxiliar para Infraestructura. Además, lo compondrán el Director Ejecutivo Auxiliar para Recursos Humanos y Asuntos Laborales, el Director del Área de Construcción y los Directores Regionales correspondientes para pasar juicio de los resultados obtenidos y validar los mismos. De encontrar errores, evaluaciones sin datos respaldados y/o inconsistencias, este Comité podrá revocar y/o modificar los resultados de las evaluaciones en revisión. El Comité se reunirá cada seis meses y seleccionará una evaluación al azar por periodo por Región para los Administradores. En el caso de los Supervisores, el Comité se reunirá una vez al año y seleccionarán una evaluación al azar de cualquiera de los cuatro (4) periodos anteriores por Región. A ningún participante se le podrá revisar la evaluación por dos veces consecutivas. Durante la revisión, los Directores Regionales se abstendrán de participar de las evaluaciones de los participantes de su Región. De esta manera, se asegurará la pureza de los procesos.

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 18 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

X.   Cuando el participante del Programa tenga que ausentarse por un término mayor de veinte (20) días laborables consecutivos mediante cualquiera de las licencias establecidas en el Reglamento de Personal de la Autoridad, no se evaluará por ese tiempo y por lo tanto no tendrá derecho a compensación. A su vez, se designará a un participante sustituto que realizará las tareas, deberes y responsabilidades durante ese tiempo. Dicho participante sustituto se evaluará y se compensará de acuerdo con su clasificación, según establecido en este Reglamento. Una vez el participante del Programa haya utilizado su licencia y se reporte a trabajar, comenzará nuevamente su participación en el mismo.

Y.   Todo funcionario que premeditadamente o en común acuerdo con otro funcionario, rinda informes falsos o incurra en actos fraudulentos para beneficiarse, beneficiar y/o perjudicar a otros respecto al propósito de este Reglamento, estará sujeto a ser procesado conforme al Reglamento Número 02-004 Normas de Conducta y Medidas Disciplinarias, así como de la reglamentación y leyes aplicables.

**ARTÍCULO VII - EVALUACIÓN DE EJECUTORIAS**

A.   La Evaluación de Ejecutorias es el mecanismo en el cual se hace la medición de cómo el funcionario desarrolla y realiza las tareas asignadas, basado en la clasificación de su puesto. Para realizar esta evaluación, se utilizará la Evaluación de Ejecutorias del Administrador de Proyecto y la Evaluación de Ejecutorias del

HTA_CONF 00018011

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 19 de 25 | ACT-2a (Rev. 6/09) |
|---------|---------|---------|---------|---------|
| | | Fecha: 11/28/11 | Aprobado por: | |

Supervisor de Proyecto. Dichas medidas compondrán para el Administrador el 80% de la evaluación, mientras que para el Supervisor será el 90%.

B.    El porciento de Evaluación de Ejecutorias se calculará de la siguiente manera:

1.    Cada tarea será evaluada mensualmente según las hojas de trabajo que aplique (Formulario ACT-742a hasta ACT-742h o Formulario ACT-743a hasta ACT-743g). Al final de cada periodo, serán sumadas las calificaciones de cada mes, para alcanzar un total denominado Puntuación Obtenida por Tarea.

2.    % Evaluación de Ejecutoria para el Administrador de Proyecto = (Puntuación Total Obtenida por Tarea) / (Puntuación Total Máxima por Tarea) x 100.

3.    % Evaluación de Ejecutoria para el Supervisor de Proyectos = (Puntuación Total Obtenida por Tarea) / (Puntuación Total Máxima por Tarea) x 100. Esto se computará por proyecto y la evaluación de ejecutorias será el promedio de los proyectos evaluados.

C.    El Director del Área de Construcción coordinará con los Directores Regionales para tomar las medidas necesarias que le permitan asegurarse de que los Supervisores y Administradores de Proyectos lleven a cabo sus tareas eficiente y satisfactoriamente, conforme a los criterios establecidos en los formularios de evaluación.

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 20 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

D.   Los Directores Regionales fungirán como Oficial Evaluador de las Ejecutorias de los Supervisores de Proyectos.  A su vez, el Oficial Evaluador de las Ejecutorias de los Administradores de Proyecto lo serán los Supervisores de Proyectos.

## ARTÍCULO VIII - EVALUACIÓN DE DESEMPEÑO

A.   La Evaluación de Desempeño es el mecanismo en el cual se hace la medición de los deberes y responsabilidades del funcionario basado en el ejercicio de sus funciones según se detalla más adelante.

1.   Administradores

a.   Evaluación de Desempeño del Supervisor al Administrador de Proyecto.  Dicha medida representará el 10% de la evaluación.

b.   Evaluación de Desempeño del Director Regional al Administrador de Proyecto.  Dicha medida representará el 10% de la evaluación.

2.   Supervisores

a.   Evaluación de Desempeño del Supervisor de Proyecto.   Dicha medida representará el 10% de la evaluación y se realizará una por todos los proyectos que el Supervisor tenga a su cargo.

B.   El porciento de Evaluación de Desempeño se calculará de la siguiente manera:

1.   Cada deber y responsabilidad será evaluado según el periodo correspondiente y se  dará una calificación según el nivel de desempeño.

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 21 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

2.   El porciento consistirá en la suma de las calificaciones obtenidas en cada nivel de desempeño dividido entre la cantidad total de deberes y responsabilidades en el que el participante haya sido evaluado.

C.   Al llevar a cabo una evaluación, cada Oficial Evaluador deberá considerar el desempeño del evaluado con relación a los resultados obtenidos por cada concepto y las condiciones observadas en el proyecto.   Además, siempre y cuando sea posible, se deberá verificar, mediante observaciones comprobables, el nivel de desempeño adjudicado.

D.   El  Director del Área de Construcción coordinará con los Directores Regionales para tomar las medidas necesarias que le permitan asegurarse de que los Supervisores y Administradores de Proyectos lleven a cabo sus  deberes y responsabilidades eficiente y satisfactoriamente, conforme a los criterios establecidos en los formularios de evaluación.

E.   Cada Director Regional fungirá como Oficial Evaluador del desempeño de los Supervisores de Proyectos.  A su vez, el Oficial Evaluador del desempeño de los Administradores de Proyecto lo serán los Supervisores de Proyectos y el Director Regional correspondiente.

## ARTÍCULO IX -  COMPENSACIÓN FINAL DEL PARTICIPANTE

A.   La compensación estará basada en los porcientos obtenidos en las evaluaciones de Ejecutorias y Desempeño.  Estos porcientos serán incluidos en la Autorización para Pago de Compensación del Administrador de Proyecto o en la Autorización

HTA_CONF 00018014

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 22 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11/28/11 | Aprobado por: | |

para Pago de Compensación del Supervisor de Proyecto, en el cual se calcula la Compensación Final del Participante.

B.    Para los Administradores de Proyectos, el cómputo para la Compensación será realizado según se detalla a continuación:

1.    Por ciento de Evaluación Obtenida = (% de Ejecutoria) x (0.80) + (% Desempeño evaluado por Supervisor/a) x (0.10) + (% desempeño evaluado por Director Regional) x (0.10).

2.    Por ciento Compensación obtenido será determinado según aplique a lo establecido en la Tabla 2 - Determinación de Compensación, Artículo VI, Sección I de este Reglamento, utilizando el % de evaluación obtenida.

3.    Compensación Obtenida del Participante = (Meses aplicables para el Periodo en Evaluación) x (Compensación Máxima Mensual por Participante) x (% de Compensación Obtenido).

4.    La Compensación Máxima Mensual por Participante será según lo establecido en la Tabla 1 – Compensación Máxima Mensual por Participante, según descrito en el  Artículo VI, Sección A de este Reglamento.

5.    Reducción por Liquidación Pendiente = (Porciento aplicable según lo establecido en el Artículo VI, Sección P de este reglamento) x (Meses aplicables para el ajuste de liquidación) x (Compensación Máxima Mensual por Participante).

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 23 de 25 | ACT-2a (Rev. 6/09) |
|---------|---------|---------|---------|---------|
|  |  | Fecha: 11  28  11 | Aprobado por: | |

      6.    Compensación Final Participante = (Compensación Obtenida del Participante) – (Reducción por Liquidación Pendiente).

C.    Para los Supervisores de Proyectos, el cómputo de la Compensación será realizada según se detalla a continuación.

      1.    Por ciento de Evaluación Obtenido = (% de Ejecutoria) x (0.90) + (% Desempeño) x (0.10).

      2.    Por ciento Compensación obtenido será determinado según aplique a lo establecido en la Tabla 2 - Determinación de Compensación, Artículo VI, Sección I, utilizando el % de evaluación obtenida.

      3.    Compensación Final del Participante = (Meses aplicables para el Periodo en Evaluación) x (Compensación Máxima Mensual por Participante) x (% de Compensación Obtenido).

      4.    La Compensación Máxima Mensual por Participante será según lo establecido en la Tabla 1 – Compensación Máxima Mensual por Participante, según establecido en el Artículo VI, Sección A de este Reglamento.

D.    Cada Oficial Evaluador deberá firmar los documentos de evaluación de cada funcionario.

## ARTÍCULO X – DIETA FIJA

A.    Se establece el pago de una cantidad fija diaria por concepto de gastos de viaje y dieta al Director Regional y a los funcionarios que sean partícipes del Programa.

HTA_CONF 00018016

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 24 de 25 | ACT-2a (Rev. 6/09) |
|---------|---------|---------|---------|---------|
| | | Fecha: 11/28/ ʏ | Aprobado por: | |

La misma no está sujeta al resultado de la evaluación, es independiente de la cantidad de proyectos asignados y la compensación adicional. La cantidad establecida se detalla a continuación:

1.   Director Regional                         $37 diarios

2.   Supervisores de Proyectos          $ 37 diarios

3.   Administradores de Proyectos     $ 32 diarios

El pago de esta cantidad fija diaria se afectará sólo cuando el funcionario se ausente. Para reclamar dicho pago el funcionario deberá completar el Formulario ACT-183, "Comprobante de Gastos de Viaje" (Anejo IX). Además, debe haber llenado el Formulario ACT-256, "Orden de Viaje" (Anejo X) debidamente autorizado.

B.   Cada funcionario será responsable de preparar y someter mensualmente el referido comprobante para el pago de la dieta fija por los conductos correspondientes.

C.   Con el propósito de facilitar el control de la asistencia del personal que se beneficiará del Programa de Compensación por este Reglamento, sólo se anotará la palabra, "presente" o "ausente" en el Registro de Asistencia de cada empleado.

**ARTÍCULO XI - CLAUSULA DE SEPARABILIDAD**

Si cualquier palabra, oración, sección o artículo de este Reglamento fuese declarado inconstitucional o nulo por un tribunal, tal declaración no afectará, menoscabará o invalidará las restantes disposiciones y partes de este Reglamento, sino que su efecto se limitará a la

| Asunto: | Programa de Compensación por Gerencia de Proyectos de Construcción | Reglamento Núm.: 02-017 | Página 25 de 25 | ACT-2a (Rev. 6/09) |
|---|---|---|---|---|
| | | Fecha: 11 28 11 | Aprobado por: | |

palabra, oración, sección o artículo, específico declarado inconstitucional o nulo y la nulidad o

invalidez de cualquier palabra, oración, sección o artículo, de algún caso, no se entenderá que

afecta o perjudica en sentido alguno su aplicación o validez en cualquier otro caso.

**ARTÍCULO XII – ENMIENDAS**

Las enmiendas a este reglamento se procesarán a través de la Oficina de Organización y

Métodos y requerirán la recomendación del Director Ejecutivo y la aprobación del Secretario

del Departamento de Transportación y Obras Públicas.

**ARTÍCULO XIII– VIGENCIA Y DEROGACION**

Este Reglamento entrará en vigor el 1 de enero de 2012 y deroga cualquier disposición

que no esté de acuerdo con lo aquí dispuesto.

**Recomendado por:**

11/21/11
_____
Fecha

_____
Maritza Borges Delgado, PE
Subdirectora Ejecutiva Interina
Autoridad de Carreteras y Transportación

**Aprobado por:**

11/28/11
_____
Fecha

_____
Rubén A. Hernández Gregorat, PE, MEM
Secretario, Departamento de Transportación
y Obras Públicas



ANEJO I

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**
Área de Construcción

ACT-741
(7/11)

## HOJA DE EVALUACIÓN NIVEL DE COMPLEJIDAD DEL PROYECTO

Nombre Proyecto: _____    Fecha Comienzo: _____

Núm. Proyecto: _____    Fecha Terminación: _____

Núm. Federal: _____    Duración Proyecto (días): _____

Núm. Oracle : _____    Monto Proyecto: _____

Municipio: _____    Oficina Regional: _____

| Descripción | Evaluación Proyecto | |
|---|---|---|
| | Puntuación | Puntuación Máxima |
| **1.0 Razón Costo ($) vs Duración (Mensual)** | | |
| 1.1 Puntuación | | |
| - @ 200,000.00 = 1 | | |
| 200,000.01 @ 800,000.00 = 2 | | |
| 800,000.01 @ en adelante = 3 | | |
| **2.0 Localización** | | |
| 2.1 Puntuación | | |
| Zona Rural = 1 | | |
| Zona Urbana = 2 | | |
| **3.0 Tipo Construcción** | | |
| 3.1 Puntuación | | |
| No aplica = 0 | | |
| Alineación nueva = 1 | | |
| Reconstrucción = 2 | | |
| **4.0 Fondos Proyecto** | | |
| 4.1 Puntuación | | |
| Fondos Estatales = 1 | | |
| Fondos Federales = 2 | | |
| **5.0 ADT (Average Daily Traffic per Bound)** | | |
| 5.1 Puntuación | | |
| 0 @ 10,000 = 0 | | |
| 10,001 @ 40,000 = 1 | | |
| 40,001 @ 80,000 = 2 | | |
| 80,001 @ en adelante = 3 | | |
| **6.0 Tipos de Trabajo** | | |
| 6.1 Puntuación | | |
| No aplica = 0 | | |
| Movimiento de Tierra mayor 10,000 CuM (Especificación 203) + 1 | | |
| Puentes + 1 | | |
| Utilidades Relevantes + 1 | | |
| **7.0 Cantidad de Partidas** | | |
| 7.1 Puntuación | | |
| 0 @ 50 = 1 | | |
| 51 @ 100 = 2 | | |
| 101 @ en adelante = 3 | | |

ANEJO I

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**
Área de Construcción

ACT-741
(7/11)

### HOJA DE EVALUACIÓN NIVEL DE COMPLEJIDAD DEL PROYECTO

| | | |
|---|---|---|
| Nombre Proyecto: | Fecha Comienzo: | |
| Núm. Proyecto: | Fecha Terminación: | |
| Núm. Federal: | Duración Proyecto (días): | |
| Núm. Oracle : | Monto Proyecto: | |
| Municipio: | Oficina Regional: | |

| Descripción | | Evaluación Proyecto | |
|---|---|---|---|
| | | Puntuación | Puntuación Máxima |
| **8.0  Consideraciones Especiales Construcción** | | | |
| 8.1  Puntuación | Otorgado | | |
| No aplica (0) | = | 0 | |
| Nocturno (+2) | = | 2 | |
| Proyectos Vieques o Culebras (+2) | = | 0 | |
| Consideraciones Especiales Comité Evaluador (Rango desde -2 hasta +2 ) | = | 2 | |
| **Total Evaluación Complejidad:** | | | |
| **Complejidad Proyecto (%):** | | | |

| Recomendado Por: | Aprobado Por | Nivel Complejidad Proyecto | Rango | | |
|---|---|---|---|---|---|
| | | Nivel Extraordinario | 100.00 | @ | 85.00 |
| | | Nivel Complejo | 84.99 | @ | 60.00 |
| Director Area de Construcción | Director Ejecutivo Para La Infraestructura | Nivel Normal | 59.99 | @ | 0 |

HTA_CONF 00018020



ANEJO II

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

ACT-742
(7/11)

### EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO

Nombre: _____   Proyecto _____   Oficina Regional: _____

Puesto: _____   Complejidad _____   Periodo/Año Evaluado: _____

Número: _____   Terminación _____   Fecha Evaluación: _____

| Tarea | Evaluación Ejecutorias | | | | |
|---|---|---|---|---|---|
| | 1 = cumple   0 = no cumple   N/A = No Aplica | | | | |
| | Mes 1 | Mes 2 | Mes 3 | Puntuación Obtenida por Tarea | Puntuación Máxima por Tarea |
| *1. Informes Mensuales* | | | | | |
| *1.1 Construction Improvement Program (CIP)* | | | | | |
| 1.1.1 Actualización | | | | | |
| 1.1.2 Revisión | | | | | |
| 1.1.3 Envío | | | | | |
| *1.2 Informe de Proyectos Activos (IPA)* | | | | | |
| 1.2.1 Actualización | | | | | |
| 1.2.2 Revisión | | | | | |
| 1.2.3 Envío | | | | | |
| *1.3 Informe Plan de Trabajo (IPT)* | | | | | |
| 1.3.1 Envío | | | | | |
| *Puntuación Total Tareas Inciso 1:* | | | | | |
| *2.0 Certificación Mensual de Pago (Formulario ACT-117, Rev. 6/09)* | | | | | |
| 2.1 Formulario ACT-117, Monthly Progress Payment Report | | | | | |
| 2.2 Partidas con Balance disponible | | | | | |
| 2.3 Datos sustentados con cómputos y/o referencias | | | | | |
| *2.4 Ajustes en certificacion documentada* | | | | | |
| 2.4.1 Cómputo Retenido/Reembolso | | | | | |
| 2.4.2 Cómputo Daños Líquidos/Reembolso Liquidos | | | | | |
| 2.4.3 Cómputo Material on Site | | | | | |
| 2.4.4 Cómputo Extra Retenido | | | | | |
| 2.4.5 Cómputo Ajuste de Precio | | | | | |
| 2.5 Envío de la certificación en el término requerido | | | | | |
| 2.6 Contract Summary Log (CSL) | | | | | |
| *Puntuación Total Tareas Inciso 2:* | | | | | |

HTA_CONF 00018021



ANEJO II

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

ACT-742
(7/11)

## EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO

Nombre: _____   Proyecto _____   Oficina Regional: _____

Puesto: _____   Complejidad _____   Periodo/Año Evaluado: _____

Número: _____   Terminación _____   Fecha Evaluación: _____

| Tarea | Evaluación Ejecutorias | | | | |
|---|---|---|---|---|---|
| | 1 = cumple   0 = no cumple   N/A = No Aplica | | | | |
| | Mes 1 | Mes 2 | Mes 3 | Puntuación Obtenida por Tarea | Puntuación Máxima por Tarea |
| **3.0  Extra Work Order (Formulario ACT-113, Rev. 6/09)** | EWO evaluados este trimestre:_____ | | | | |
| 3.1 Base de Negociación Inicial | | | | | |
| 3.2 Autorización para proceder con Revisiones al Contrato | | | | | |
| 3.3 Formulario ACT-113, Extra Work Order (Rev. 6/09) | | | | | |
| 3.4 Formulario ACT-32, Comité para Evaluación de CO y EWO | | | | | |
| 3.5 Formulario ACT-105, Supplementary Contract | | | | | |
| 3.6 Justificación de tiempo adicional | | | | | |
| 3.7 Contract Summary Log (CSL) | | | | | |
| 3.8 Anejos del EWO debidamente identificados | | | | | |
| 3.9 Envío del EWO en el término requerido | | | | | |
| *Puntuación Total Tareas Inciso 3:* | | | | | |
| **4.0  Change Order (Formulario ACT-118, Rev. 6/09)** | CO evaluados este trimestre:_____ | | | | |
| 4.1 Autorización para proceder con Revisiones al Contrato | | | | | |
| 4.2 Formulario ACT-118,  Change Order (Rev. 6/09) | | | | | |
| 4.3 Formulario ACT-32, Comité para Evaluación de CO y EWO | | | | | |
| 4.4 Formulario ACT-105, Supplementary Contract | | | | | |
| 4.5 Justificación de tiempo adicional | | | | | |
| 4.6 Contract Summary Log (CSL) | | | | | |
| 4.7 Anejos del CO debidamente identificados | | | | | |
| 4.8 Envío del CO en el término requerido | | | | | |
| *Puntuación Total Tareas Inciso 4:* | | | | | |
| **5.0  Inspección y administración del proyecto** | | | | | |
| 5.1 Informes diarios de inspección y de actividades | | | | | |
| 5.2 Minuta semanal y/o extraordinaria | | | | | |
| 5.3 Cumplimiento laboral | | | | | |
| 5.4 Supervisión y organización de la brigada | | | | | |
| 5.5 Entrega de asistencias | | | | | |
| 5.6 Formulario ACT-25, Solicitud de horas extras | | | | | |
| *Puntuación Total Tareas Inciso 5:* | | | | | |
| **6.0  Control de Calidad** | | | | | |
| 6.1 Material Testing Schedule (MTS) | | | | | |
| 6.2 Certificados de manufactura | | | | | |
| 6.3 Registro de muestras | | | | | |
| 6.4 Manejo de muestras deficientes | | | | | |
| *Puntuación Total Tareas Inciso 6:* | | | | | |

HTA_CONF 00018022



**ANEJO II**

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

**ACT-742**
**(7/11)**

## EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO

Nombre: _____    Proyecto _____    Oficina Regional: _____

Puesto: _____    Complejidad _____    Periodo/Año Evaluado: _____

Número: _____    Terminación _____    Fecha Evaluación: _____

| Tarea | Evaluación Ejecutorias | | | | |
|---|---|---|---|---|---|
| | 1 = cumple   0 = no cumple   N/A = No Aplica | | | | |
| | Mes 1 | Mes 2 | Mes 3 | Puntuación Obtenida por Tarea | Puntuación Máxima por Tarea |
| **7.0  Seguridad** | | | | | |
| 7.1 Formulario ACT-372, Avisos de Corrección de Riesgos de Seguridad | | | | | |
| 7.2 Envío comunicación sobre correccion de riesgos | | | | | |
| 7.3 Comunicación sobre Accidentes en el Proyecto | | | | | |
| *Puntuación Total Tareas Inciso 7:* | | | | | |
| **8.0  Liquidación** | | | | | |
| 8.1 Partidas liquidadas durante la ejecución de la obra | | | | | |
| 8.2 Partidas liquidadas luego de la detención de tiempo | | | | | |
| *Puntuación Total Tareas Inciso 8:* | | | | | |
| *Puntuación Total:* | | | | | |
| *Evaluación Ejecutorias (%):* | | | | | |

Observaciones:

Evaluado por: _____    Discutido con: _____

_____    _____
Supervisor             Administrador

HTA_CONF 00018023

ANEJO II
ACT-742a
(7/11)

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

## HOJA DE TRABAJO 1.0 - INFORMES MENSUALES
### EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO

Nombre: _____   Proyecto _____   Oficina Regional: _____

Puesto: _____   Complejidad _____   Periodo Evaluado: _____

Número: _____   Terminación _____   Fecha Evaluación: _____

| Descripción de la Tarea | Mes: | | Observaciones |
|---|---|---|---|
| | Cumple | No Cumple | |
| **1.0  Informes Mensuales** | | | |
| **1.1  Construction Improvement Program (CIP)** | | | |
| 1.1.1 Actualización | | | |
| 1.1.2 Revisión | | | |
| 1.1.3 Envío | | | |
| **1.2  Informe de Proyectos Activos (IPA)** | | | |
| 1.2.1 Actualización | | | |
| 1.2.2 Revisión | | | |
| 1.2.3 Envío | | | |
| **1.3  Informe Plan de Trabajo (IPT)** | | | |
| 1.3.1 Envío | | | |

Evaluado por:          Discutido con:          Observaciones:

_____   _____

Supervisor                Administrador

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

*HOJA DE TRABAJO 2.0 - CERTIFICACIÓN MENSUAL DE PAGO (Formulario ACT-117)*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO**

Nombre: _____     Proyecto _____     Oficina Regional: _____

Puesto: _____     Complejidad _____     Periodo Evaluado: _____

Número: _____     Terminación _____     Fecha Evaluación: _____

Cert Num: _____     Fecha Asignada de Cert: _____

Fecha de la Cert: _____     Fecha Firma Administrador: _____

| Descripción de la Tarea | Mes: Cumple | No Cumple | Observaciones |
|---|---|---|---|
| **2.0 Certificación Mensual de Pago (Formulario ACT-117, Rev. 6/09)** | | | |
| 2.1 Formulario ACT-117, Monthly Progress Payment Report | | | |
| 2.2 Partidas con Balance disponible | | | |
| 2.3 Datos sustentados con cómputos y/o referencias | | | |
| **2.4 Ajustes en certificacion documentada** | | | |
| 2.3.1 Cómputo Retenido/Reembolso | | | |
| 2.3.2 Cómputo Daños Liquidos/Reembolso Liquidos | | | |
| 2.3.3 Cómputo Material on Site | | | |
| 2.3.4 Cómputo Extra Retenido | | | |
| 2.3.5 Cómputo Ajuste de Precio | | | |
| 2.5 Envío de la certificación en el término requerido | | | |
| 2.6 Contract Summary Log (CSL) | | | |

*Cotejo Partidas de la Certificación*

| Item | Descripción | Cómputos Cumple Si | No | N/A | Referencias Cumple Si | No | N/A | Contabilidad Por Partida Cumple Si | No | N/A | Certificado Manufactura Cumple Si | No | N/A | Registro de Muestras Cumple Si | No | N/A | Shop Dwg Cumple Si | No | N/A |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |

Observaciones Partidas Cotejadas:

Evaluado por: _____     Discutido con: _____     Observaciones:

Supervisor          Administrador

HTA_CONF 00018025

ANEJO II
ACT-742c
(7/11)

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

*HOJA DE TRABAJO 3.0 - EXTRA WORK ORDER (Formulario ACT-113)*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO**

| | | |
|---|---|---|
| Nombre: _____ | Proyecto _____ | Oficina Regional: _____ |
| Puesto: _____ | Complejidad _____ | Periodo Evaluado: _____ |
| Número: _____ | Terminación _____ | Fecha Evaluación: _____ |

Cantidad EWO: _____

| Descripción de la Tarea | Evaluación Mes: | | | |
|---|---|---|---|---|
| | Cumple | No Cumple | N/A | Observaciones |
| 3.0 Extra Work Order (Formulario ACT-113, Rev. 6/09) | | | | |
| 3.1 Base de Negociación Inicial | | | | |
| 3.2 Autorización para proceder con Revisiones al Contrato | | | | |
| 3.3 Formulario ACT-113, Extra Work Order (Rev. 6/09) | | | | |
| 3.4 Formulario ACT-32, Comité para Evaluación de CO y EWO | | | | |
| 3.5 Formulario ACT-105, Supplementary Contract | | | | |
| 3.6 Justificación de tiempo adicional | | | | |
| 3.7 Contract Summary Log (CSL) | | | | |
| 3.8 Anejos del EWO debidamente identificados | | | | |
| 3.9 Envío del EWO en el término requerido | | | | |

Evaluado por:                    Discutido con:                    Observaciones:

_____          _____
Supervisor                       Administrador

HTA_CONF 00018026

ANEJO II
ACT-742d
(7/11)

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

*HOJA DE TRABAJO 4.0 - CHANGE ORDER (Formulario ACT-118)*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO**

| | | |
|---|---|---|
| Nombre: _____ | Proyecto _____ | Oficina Regional: _____ |
| Puesto: _____ | Complejidad _____ | Período Evaluado: _____ |
| Número: _____ | Terminación _____ | Fecha Evaluación: _____ |

Cantidad CO: _____

| Descripción de la Tarea | Evaluación Mes: | | N/A | Observaciones |
|---|---|---|---|---|
| | Cumple | No Cumple | | |
| 4.0 Change Order (Formulario ACT-118, Rev. 6/09) | | | | |
| 4.1 Autorización para proceder con Revisiones al Contrato | | | | |
| 4.2 Formulario ACT-118, Change Order (Rev. 6/09) | | | | |
| 4.3 Formulario ACT-32, Comité para Evaluación de CO y EWO | | | | |
| 4.4 Formulario ACT-105, Supplementary Contract | | | | |
| 4.5 Justificación de tiempo adicional | | | | |
| 4.6 Contract Summary Log (CSL) | | | | |
| 4.7 Anejos del CO debidamente identificados | | | | |
| 4.8 Envío del CO en el término requerido | | | | |

Evaluado por:          Discutido con:          Observaciones:

_____          _____
Supervisor                    Administrador

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

ANEJO II
ACT-742e
(7/11)

*HOJA DE TRABAJO 5.0 - INSPECCIÓN Y ADMINISTRACIÓN DEL PROYECTO*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO**

Nombre: _____   Proyecto _____   Oficina Regional: _____

Puesto: _____   Complejidad _____   Período Evaluado: _____

Número: _____   Terminación _____   Fecha Evaluación: _____

| Descripción de la Tarea | Mes: | | Observaciones |
|---|---|---|---|
| | Cumple | No Cumple | |
| *5.0  Inspección y administración del proyecto* | | | |
| 5.1 Informes diarios de inspección y de actividades | | | |
| 5.2 Minuta semanal y/o extraordinaria | | | |
| 5.3 Cumplimiento laboral | | | |
| 5.4 Supervisión y organización de la brigada | | | |
| 5.5 Entrega de asistencias | | | |
| 5.6 Formulario ACT-25, Solicitud de horas extras | | | |

*Cotejo Tarea 5.3 Cumplimiento Laboral*

| Renglón | | Cumple | No Cumple | Comentarios |
|---|---|---|---|---|
| 5.3.1 | Entrevistas/Listas de Cotejo | | | |
| 5.3.2 | Nóminas Contratista | | | |
| 3.3 | Subcontratos aprobados | | | |
| 5.3.4 | Nóminas Subcontratista | | | |
| 5.3.5 | Pólizas | | | |
| 5.3.6 | Otros | | | |

Observaciones Seguimiento Cumplimiento Laboral

Evaluado por:              Discutido con:              Observaciones:

_____           _____
   Supervisor                Administrador

HTA_CONF 00018028

**ANEJO II**
**ACT-742f**
**(7/11)**

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

*HOJA DE TRABAJO 6.0 - EVALUACIÓN CONTROL DE CALIDAD*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO**

Nombre: _____     Proyecto _____     Oficina Regional: _____

Puesto: _____     Complejidad _____     Periodo Evaluado: _____

Número: _____     Terminación _____     Fecha Evaluación: _____

| Descripción de la Tarea | Mes: | | |
|---|---|---|---|
| | Cumple | No Cumple | Observaciones |
| *6.0  Control de Calidad* | | | |
| 6.1 Material Testing Schedule (MTS) | | | |
| 6.2 Certificados de manufactura | | | |
| 6.3 Registro de muestras | | | |
| 6.4 Manejo de muestras deficientes | | | |

Evaluado por:          Discutido con:          Observaciones:

_____          _____

Supervisor          Administrador

**CARRETERAS**

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

ANEJO II
ACT-742g
(7/11)

*HOJA DE TRABAJO 7.0 - SEGURIDAD*
EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO

| Nombre: | Proyecto | Oficina Regional: |
|---|---|---|
| Puesto: | Complejidad | Periodo Evaluado: |
| Número: | Terminación | Fecha Evaluación: |

| *Descripción de la Tarea* | Mes: | | *Observaciones* |
|---|---|---|---|
| | *Cumple* | *No Cumple* | |
| **7.0  Seguridad** | | | |
| 7.1 Formulario ACT-372, Avisos de Corrección de Riesgos de Seguridad | | | |
| 7.2 Envio comunicación  sobre correccion de riesgos | | | |
| 7.3 Comunicación sobre Accidentes en el Proyecto | | | |

*Cotejo Citaciones Seguridad*

| Citación | Fecha | Núm | Riesgos  en la Citación | | Riesgos en la Evaluación | | Observaciones |
|---|---|---|---|---|---|---|---|
| | | | Pendientes | Vencidos | Pendientes | Vencidos | |
| OSHA | | | | | | | |
| Tránsito | | | | | | | |

Observaciones Seguimiento Aspectos Seguridad:

Evaluado por:                 Discutido con:              Observaciones:

_____        _____
Supervisor                        Administrador

HTA_CONF 00018030

ANEJO II
ACT-742h
(7/11)

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

*HOJA DE TRABAJO 8.0 - LIQUIDACIÓN*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) ADMINISTRADOR (A) DE PROYECTO**

Nombre: _____     Proyecto _____     Oficina Regional: _____

Puesto: _____     Complejidad _____     Periodo Evaluado: _____

Número: _____     Terminación _____     Fecha Evaluación: _____

| Descripción de la Tarea | Mes: Cantidad | Observaciones |
|---|---|---|
| **8.0 Liquidación** | | |
| *8.1 Partidas liquidadas durante la ejecución de la obra* | | |
| 8.1.1 Total Partidas Proyecto | | |
| 8.1.2 Total Partidas Completadas | | |
| 8.1.3 Total Partidas Liquidadas | | |
| 8.1.4 % Liquidado | | |

Observaciones:

Evaluado por:                Discutido con:                Observaciones:

_____        _____
Supervisor                   Administrador

HTA_CONF 00018031



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**
Área de Construcción

### DEFINICIONES DE TAREAS
### EVALUACIÓN DE EJECUTORIAS DEL/LA ADMINISTRADOR/A DE PROYECTO

INSTRUCCIONES: El/la Supervisor/a debe asegurarse que el/la Administrador/a cumpla con las tareas y responsabilidades definidas a continuación (ver instrucciones detalladas al final de este documento):

| Tarea y definición | Responsabilidad del/la Administrador/a | | Evaluación del/la Supervisor/a |
|---|---|---|---|
| **1.0 Informes mensuales** | | | |
| **1.1 Contract Summary Log (CSL)**<br><br>Resumen general de costos adicionales, pagos realizados y reclamos pendientes en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | **1.1.1 Actualización** | • Presenta y mantiene este informe con datos actualizados del proyecto.<br>• Incluye **todos** los documentos generados y/o reclamaciones proyectadas durante el mes correspondiente. | • Se asegura que se cumpla con este requisito. |
| | **1.1.2 Revisión** | • Provee la información correcta en todos los incisos. | • Verifica que la información suministrada en todos los incisos esté correcta. |
| | **1.1.3 Envío** | • Remite este informe según las directrices vigentes.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | • Remite este informe al/la Director/a Regional tres días laborables antes de la fecha de vencimiento.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. |
| **1.2 Construction Improvement Program (CIP)**<br><br>Resumen general de los costos adicionales y pagos realizados en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | **1.2.1 Actualización** | • Presenta y mantiene este informe con datos actualizados del proyecto.<br>• Incluye **todos** los documentos generados y proyectados durante el mes correspondiente.<br>• Incluye las fechas de terminación contractual y proyectada. | • Se asegura que se cumpla con este requisito. |
| | **1.2.2 Revisión** | • Provee la información correcta en todos los incisos. | • Verifica que la información suministrada en todos los incisos esté correcta. |
| | **1.2.3 Envío** | • Remite este informe según las directrices vigentes.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | • Remite este informe al/la Director/a Regional tres días laborables antes de la fecha de vencimiento.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. |

Página 1 de 8

HTA_CONF 00018032

| 1.3 Informe de Proyectos Activos (IPA)<br><br>Resumen general de los costos adicionales y pagos realizados en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | 1.3.1 Actualización | • Presenta y mantiene este informe con datos actualizados del proyecto. El mismo debe estar acorde con el CSL actualizado.<br>• Incluye las fotos que evidencien el desarrollo de la obra. | • Se asegura que se cumpla con este requisito. |
| | 1.3.2 Revisión | • Provee la información correcta en todos los incisos. | • Verifica que la información suministrada en todos los incisos esté correcta. |
| | 1.3.3 Envío | • Remite este informe según las directrices vigentes.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | • Remite este informe al/la Director/a Regional tres días laborables antes de la fecha de vencimiento.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. |
| 1.4 Informe Plan de Trabajo (IPT)<br><br>Resumen de los datos sobre proyecciones de cierres de carriles y planes de trabajo que afecten el flujo vehicular en las vías de rodaje. | 1.4.1 Revisión | • Se asegura de que los datos en los cuales se basa el plan de trabajo estén correctos y sean pertinentes al proyecto. | • Verifica y se asegura que el informe sea preciso. |
| | 1.4.2 Envío | • Remite este informe según las directrices vigentes.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | • Se asegura que se cumpla con este requisito. |

## 2.0 Certificación Mensual de Pago (Formulario ACT-117; Rev. 6/09)

| 2.1 Formulario Monthly Progress Payment Report (Certificación Mensual de Pago; Rev. 6/09)<br><br>Documento que certifica que el Contratista ha ejecutado parte o todo el trabajo contratado cumpliendo con los requisitos establecidos en el contrato durante un periodo de tiempo en específico. | 2.1.1 Preparación | • Completa el formulario en todas sus partes de manera correcta. | • Se asegura que prepare la certificación dentro del término establecido. |
| | 2.1.2 Revisión | • Se asegura que la certificación esté debidamente completada con los anejos y evidencia pertinente según detallado en los siguientes incisos de este renglón.<br>• Se asegura de firmar la certificación y que el Contratista haga lo propio a la fecha estipulada. | • Se asegura que la certificación esté bien cumplimentada y que incluya toda la documentación pertinente.<br>• Firma la certificación y anota la fecha de su endoso. |
| 2.2 Partidas con Balance disponible<br><br>Aquellas partidas incluidas en la certificación. | | • Se asegura que todas las partidas incluidas en la certificación deben tener balance suficiente para poder procesar la misma. Utiliza el Formulario ACT-449, *Item Balance Sheet* (Hoja de Contabilidad por Partida) para corroborar dicho balance.<br>• Si son partidas de un documento de CHO o EWO, verifica que las mismas estén disponibles para pago antes de incluirlas en la certificación. | • Se asegura que se cumpla con este requisito.<br>• Se certificará en la Oficina Regional el cumplimiento o no cumplimiento mediante correo electrónico al/la Directora/a Regional, al/la Supervisor/a y al/la Administrador/a. |
| 2.3 Datos sustentados con cómputos y/o referencias<br><br>Evidencia de trabajo realizado incluida en la certificación. | | • Verifica que la unidad de pago sea la misma que la del cómputo y que estén matemáticamente correctas.<br>• Identifica la referencia utilizada y especifica su procedencia (archivo, libreta, página, hoja de plano, etc.).<br>• Coteja que el método de medida sea el correcto según la especificación y que incluye todo lo requerido en la misma.<br>• Se asegura que los trabajos realizados no se paguen o se subsidien bajo otra partida o cláusula contractual. | • Se asegura que se cumpla con este requisito.<br>• Toma una muestra al azar de tres partidas para verificar que tengan cómputos, referencias y que se hayan incluido en la contabilidad por partida. |

HTA_CONF 00018033

| 2.4 Ajustes en certificación documentada | 2.3.1 Cómputo Retenido/Reembolso | • Confirma que la cantidad retenida debe ser la establecida en el contrato y aplicada solamente a las partidas que le corresponda (Ej. FA no se descuenta). <br> • Corrobora que la cantidad a reembolsar debe aplicarse de acuerdo con lo establecido en el contrato y las especificaciones. | • Se asegura que se cumpla con este requisito. <br> • Se certificará en la Oficina Regional el cumplimiento o no cumplimiento mediante correo electrónico al/la Directora/a Regional, al/la Supervisor/a y al/la Administrador/a. |
|---|---|---|---|
| Evidencia de ajustes incluida en la certificación. | 2.3.2 Cómputo Daños Líquidos/Reembolsos Líquidos | • Cuando certifica luego de finalizar el tiempo contractual, calcula correctamente los días transcurridos y descuenta la cantidad estipulada en el contrato por concepto de daños líquidos. <br> • Una vez aprobada la extensión de tiempo que cubra el periodo del referido descuento, reembolsa solamente la cantidad descontada dentro del periodo de la nueva fecha contractual. | • Se asegura que se cumpla con este requisito. <br> • Se certificará en la Oficina Regional el cumplimiento o no cumplimiento mediante correo electrónico al/la Directora/a Regional, al/la Supervisor/a y al/la Administrador/a. |
| | 2.3.3 Cómputo Material on Hand (MOH) | • Se asegura que el material pagado cumple con los requisitos de los planos y las especificaciones del contrato. <br> • Se asegura que el material pagado esté almacenado en un lugar aceptable y seguro, protegido de posible deterioro y/o robo o vandalismo. <br> • Se asegura que los certificados de manufactura estén con el lenguaje correcto según indicado en la especificación pertinente y estén aprobados por la Oficina Prueba de Materiales. <br> • Tiene evidencia de que el material incluido ha sido pagado al suplidor. De lo contrario, tiene carta de relevo del suplidor con el lenguaje según indicado en la especificación pertinente. <br> • Verifica el material incorporado con las facturas y se asegura de que esté completo y tenga el lote correcto. <br> • No paga como material en sitio ningún material vivo o que se descomponga (Ej. plantas). <br> • Descuenta el MOH cada vez que certifique la partida a la que se le adelantó el pago. En la parte posterior de la certificación ("Remarks") hace referencia al uso de la Hoja ACT-117B, *Material on Hand Balance Sheet* para documentar este renglón. | • Se asegura que se cumpla con este requisito. |
| | 2.3.4 Cómputo Extra Retenido | • Detalla los descuentos o reembolsos realizados por materiales aceptados con calidad marginal. En la parte posterior de la certificación ("Remarks") hace referencia al uso de la Formulario ACT-117C, *Extra Retainage Worksheet* (Hoja de Trabajo para Extra Retenido) para documentar este renglón. | • Se asegura que se cumpla con este requisito. |
| | 2.3.5 Cómputo Ajuste de Precio (especificados en el contrato) | • Justifica la cantidad del ajuste en los anejos correspondientes y los identifica en la parte posterior de la certificación ("Remarks"). Los datos de dicha justificación deben estar en los archivos oficiales del proyecto. | • Se asegura que se cumpla con este requisito. |
| 2.5 Envío de la certificación en el término requerido <br><br> Entrega y trámite apropiado de la certificación según la fecha para pago estipulada por el Área de Construcción. | | • Envía el documento a la Oficina Regional correspondiente el próximo día laborable de haberla firmado. No obstante, cuando la fecha de entrega constituye un día no laborable, remite la certificación el próximo día hábil. <br> • En caso de que surgiesen situaciones que estén fuera del control del/la Administrador/a para entregar este formulario a tiempo, justifica y evidencia las mismas. | • Remite la certificación al/la Director/a Regional dentro de los próximos tres días laborables para la firma del mismo. |

HTA_CONF 00018034

| 3.0  Extra Work Order (EWO) - Formulario ACT-113; Rev. 06/09 | | | |
|---|---|---|---|
| 3.1  Base de Negociación Inicial<br><br>Propuesta económica del Contratista para realizar trabajos adicionales. | | • Se asegura que la propuesta sea original y sustentada. De ser aceptada o negociada, la firma, evidencia la misma y la incluye como anejo del EWO. | • Luego que coteje que la propuesta sea una original, la firma y anota la fecha de su endoso. |
| 3.2  Autorización para proceder con Revisiones al Contrato (FHWA-1365, Record of Authorization to Proceed with Major Contract Revision)<br><br>Formulario federal que establece la aprobación de cambios en el contrato. | | • Si el proyecto es con ayuda federal, completa el formulario en todas sus partes de manera correcta.<br>• Incluye la autorización como anejo del EWO. | • Se asegura que la autorización esté bien cumplimentada y con la firma del representante federal autorizado. |
| 3.3  Formulario ACT-113, Extra Work Order (Rev. 6.09)<br><br>Documento utilizado para añadir partidas no contempladas en el contrato. | | • Completa el formulario en todas sus partes de manera correcta.<br>• Se asegura que el EWO esté debidamente completado en todas sus partes con los anejos y evidencia pertinente.<br>• Corrobora que el EWO esté aprobado por el Comité de CO/EWO previo a comenzar los trabajos adicionales. | • Se asegura que el EWO esté bien cumplimentado, lo firma y anota la fecha de su endoso.<br>• No permitirá formularios enmendados por el/la Administrador/a. |
| 3.4  Formulario ACT-32, Comité para Evaluación de CHO y EWO<br><br>Documento que evalúa la autorización de las enmiendas al contrato, según las directrices vigentes. | | • Completa el formulario en todas sus partes de manera correcta.<br>• Presenta el formulario ante el Comité de CO/EWO junto con el EWO cuando dicho Comité estime pertinente para su aprobación. | • Se asegura que el formulario esté bien cumplimentado.<br>• No permitirá formularios enmendados por el/la Administrador/a. |
| 3.5  Formulario ACT-105, Supplementary Contract No. ___ (Contrato Supletorio)<br><br>Documento que autoriza enmiendas al contrato. | | • Completa el formulario en todas sus partes de manera correcta.<br>• Incluye el contrato como anejo del EWO. | • Se asegura que el Contrato esté bien cumplimentado.<br>• No permitirá formularios enmendados por el/la Administrador/a. |
| 3.6  Justificación de tiempo adicional<br><br>Argumento que sustenta el tiempo a otorgarse para los trabajos adicionales. | | • Analiza las actividades críticas del Progress Schedule para redactar la justificación que respalde el tiempo adicional. | • Revisa la justificación y se asegura que esté bien sustentada basada en el Progress Schedule. |
| 3.7  Contract Summary Log (CSL)<br><br>Resumen general de costos adicionales, pagos realizados y reclamos pendientes en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | | • Incluye este informe actualizado como anejo del EWO, el cual debe estar completado según especificado en los artículos 1.1 y 1.2 de estas definiciones. | • Revisa y se asegura que el CSL esté actualizado y bien cumplimentado. |
| 3.8  Anejos del EWO debidamente identificados<br><br>Documentos adicionales que son parte esencial del EWO correspondiente. | | • Detalla todos los anejos en el encasillado de "Remarks" del EWO y los identifica de la siguiente manera:<br><br>**Proyecto AC-XXXXXX/Oracle/federal number**<br>**Extra Work Order # XXX**<br>**Anejo #XXX**<br>**Página XX de XX** | • Se asegura los anejos se detallen y se identifiquen correctamente en el EWO. |

HTA_CONF 00018035

| | | | |
|---|---|---|---|
| 3.9 Envío del EWO en el término requerido<br><br>Entrega y trámite apropiado del EWO en el término estipulado por el Área de Construcción. | | • Remite el EWO a la Oficina Regional para aprobación en la fecha establecida según dispuesto en directrices. | • Remite el documento al/la Director/a Regional dentro de los próximos tres días laborables para la firma del mismo. |
| **4.0 Change Order – Formulario ACT-118; Rev. 6/09** | | | |
| 4.1 Autorización para proceder con Revisiones al Contrato (FHWA-1365, Record of Authorization to Proceed with Major Contract Revision)<br><br>Formulario federal que establece la aprobación de cambios en el contrato. | | • Si el proyecto es con ayuda federal, completa el formulario en todas sus partes de manera correcta.<br>• Incluye la autorización como anejo del CO. | • Se asegura que la autorización esté bien cumplimentada y con la firma del representante federal autorizado. |
| 4.2 Formulario ACT-118, Change Order (Rev. 6.09)<br><br>Documento que enmienda el contrato para aumentar o disminuir las cantidades de las partidas originales del mismo, las creadas mediante Extra Work Order y la liquidación final de las partidas. | | • Completa el formulario en todas sus partes de manera correcta.<br>• Se asegura que el CO esté debidamente completado en todas sus partes con los anejos y evidencia pertinente.<br>• Corrobora que el CO esté aprobado por el Comité de CO/EWO previo a comenzar los trabajos adicionales. | • Se asegura que el CO esté bien cumplimentado, lo firma y anota la fecha de su endoso.<br>• No permitirá formularios enmendados por el/la Administrador/a. |
| 4.3 Formulario ACT-32, Comité para Evaluación de CHO y EWO<br><br>Documento que evalúa la autorización de las enmiendas al contrato, según las directrices vigentes. | | • Completa el formulario en todas sus partes de manera correcta.<br>• Presenta el formulario ante el Comité de CO/EWO junto con el CO cuando dicho Comité estime pertinente para su aprobación. | • Se asegura que el formulario esté bien cumplimentado.<br>• No permitirá formularios enmendados por el/la Administrador/a. |
| 4.4 Formulario ACT-105, Supplementary Contract No. ___ (Contrato Supletorio)<br><br>Documento que autoriza enmiendas al contrato. | | • Completa el formulario en todas sus partes de manera correcta.<br>• Incluye el contrato como anejo del CO. | • Se asegura que el Contrato esté bien cumplimentado.<br>• No permitirá formularios enmendados por el/la Administrador/a. |
| 4.5 Justificación de tiempo adicional<br><br>Argumento que sustenta el tiempo a otorgarse para los trabajos adicionales. | | • Analiza las actividades críticas del Progress Schedule para redactar la justificación que respalde el tiempo adicional. | • Revisa la justificación y se asegura que esté bien sustentada basada en el Progress Schedule. |
| 4.6 Contract Summary Log (CSL)<br><br>Resumen general de costos adicionales, pagos realizados y reclamos pendientes en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | | • Presenta este informe actualizado junto con el CO, el cual debe estar completado según especificado en los artículos 1.1 y 1.2 de estas definiciones. | • Revisa y se asegura que el CSL esté actualizado y bien cumplimentado. |
| 4.7 Anejos del CO debidamente identificados<br><br>Documentos adicionales que son parte esencial del CO correspondiente. | | • Detalla todos los anejos en el encasillado de "Remarks" del CO y los identifica de la siguiente manera:<br><br>Proyecto AC-XXXXXX/Oracle/federal number<br>Change Order # XXX<br>Anejo #XXX<br>Página XX de XX | • Se asegura los anejos se detallen y se identifiquen correctamente en el CO. |

HTA_CONF 00018036

| | | | |
|---|---|---|---|
| **4.8 Envío del CO en el término requerido**<br><br>Entrega y trámite apropiado del CO en el término estipulado por el Área de Construcción. | | • Remite el CO a la Oficina Regional para aprobación en la fecha establecida según dispuesto en directrices. | • Remite el CO al/la directora/a Regional dentro de los próximos tres días laborables para la firma del mismo. |
| **5.0 Inspección y administración del proyecto** | | | |
| **5.1 Informes diarios de inspección y de actividades**<br><br>Recopilación diaria de datos de las actividades en el proyecto. | | • Coteja que el informe diario de actividades se haya preparado adecuadamente.<br>• Completa el informe de inspección diariamente en todas sus partes de manera correcta. | • Verifica que el informe se haya preparado correctamente y que no tenga más de cinco días de atraso. |
| **5.2 Minuta semanal y/o extraordinaria**<br><br>Documento que recopila todos los asuntos pendientes y/o nuevos del proyecto discutidos en las reuniones realizadas en la Oficina de Inspección. | | • Prepara la minuta correspondiente y distribuye el acta en cada reunión semanal y/o extraordinaria realizada en el proyecto.<br>• Luego de discutir la minuta, actualiza la misma y envía copia electrónicamente al/la directora/a Regional y al/la Supervisor/a.<br>• Mantiene copia en el archivo del proyecto. | • Verifica que se cumpla con estas instrucciones no más tarde de cinco días laborables luego de realizada cada reunión. |
| **5.3 Cumplimiento laboral**<br><br>Recopilación de documentos requeridos que evidencian el cumplimiento del Contratista/Subcontratista con las leyes laborales estatales y federales vigentes. | | • Se asegura que se lleve a cabo este cumplimiento según dispuesto en el procedimiento de la Autoridad Núm. 08-01-03, Inspección y Supervisión de los Aspectos de Cumplimiento Laboral.<br>• Da seguimiento a la correspondencia enviada al Contratista sobre señalamientos al respecto.<br>• Aplica las penalidades estipuladas en el contrato en la certificación pertinente. | • Se asegura que se cumpla con este procedimiento. |
| **5.4 Supervisión y organización de la brigada**<br><br>Inspección y control de los trabajos y actividades del personal bajo la responsabilidad del/a Administrador/a. | | • Supervisa y organiza la brigada apropiadamente de acuerdo con los trabajos a realizar en el proyecto. | • Se asegura que se cumpla con esta responsabilidad según las normas y procedimientos correspondientes de la Autoridad. |
| **5.5 Entrega de asistencias**<br><br>Envío de las hojas de asistencia del personal bajo la responsabilidad del/la Administrador/a y la propia. | | • Terminada cada catorcena y, luego que la brigada prepare sus hojas de asistencia, las revisa y las firma asegurándose que incluya el Formulario ACT-14, Informe de Salidas en Asuntos Oficiales y/o el Formulario AC-275, Informe Quincenal de Horas Extra cuando aplique.<br>• Prepara la suya de igual manera a lo antes mencionado.<br>• Remite las asistencias a la Oficina Regional, en los próximos dos días laborables posteriores a la catorcena finalizada. | • Revisa la asistencia del/la Administrador/a y de la brigada en los próximos dos días laborables posteriores a la catorcena finalizada y las firma luego de asegurarse que la información es fiel y exacta.<br>• Remite las asistencias al/la Director/a Regional en los próximos dos días laborables posteriores a la catorcena finalizada.<br>• Se asegura que se cumpla con estas responsabilidades según las normas y procedimientos de la Autoridad. |
| **5.6 Formulario ACT-25, Solicitud y Autorización para Trabajar Horas Extra**<br><br>Documento que se utiliza para solicitar autorización para el pago por realizar tareas en horas extraordinarias. | | • Presenta la solicitud al/la Supervisor/a con dos catorcenas de antelación a la fecha de comienzo de la catorcena correspondiente al trabajo extraordinario.<br>• Incluye una justificación de horas clara y precisa. | • Evalúa las horas extra solicitadas por el/la Administrador/a y se asegura que éstas se justifican de acuerdo con las tareas a realizarse en el proyecto.<br>• Remite la Solicitud al/la Director/a Regional en el tiempo establecido. |

HTA_CONF 00018037

## 6.0 Control de calidad

| | | | |
|---|---|---|---|
| **6.1 Material Testing Schedule (MTS)**<br><br>Itinerario diseñado por la Oficina de Prueba de Materiales que establece la calidad de pruebas mínimas a realizarle a los materiales del proyecto. | | • Vela que los materiales incorporados al proyecto se analicen con muestras de éstos en los laboratorios de la Autoridad de acuerdo con la frecuencia estipulada en el contrato. | • Se asegura que se cumpla con este requisito. |
| **6.2 Certificado de manufactura**<br><br>Documento que certifica la calidad de un material en particular. | | • Vela que los materiales incorporados al proyecto que no se pueden analizar en los laboratorios de la Autoridad posea el certificado de manufactura original correspondiente.<br>• Se asegura que el certificado esté aprobado por la Oficina Prueba de Materiales de la Agencia previo a utilizar el material pertinente. | • Se asegura que se cumpla con este requisito. |
| **6.3 Registro de muestras**<br><br>Relación detallada de muestras enviadas al laboratorio con los resultados del análisis correspondiente. | | • Mantiene el registro actualizado. | • Se asegura que se cumpla con este requisito. |
| **6.4 Manejo de muestras deficientes**<br><br>Inspección y control de muestras deficientes o rechazadas | | • Realiza los descuentos correspondientes por concepto de materiales cuyo análisis de laboratorio resulten deficientes o sean rechazados. | • Se asegura que se cumpla con este requisito no más tarde de un mes posterior al recibo del resultado correspondiente. |

## 7.0 Seguridad

| | | | |
|---|---|---|---|
| **7.1 Formulario AC-372, Avisos de Corrección de Riesgos de Seguridad**<br><br>Documento que resume los señalamientos de riesgos de seguridad identificados en el proyecto. | | • Se asegura que el Contratista corrija los señalamientos identificados en el informe de OSHA y en el de Tránsito dentro del tiempo estipulado en el formulario.<br>• Da seguimiento por escrito al Contratista si no ha corregido las deficiencias dentro del tiempo determinado hasta su corrección. | • Coteja que el formulario tenga anotadas las fechas de las correcciones.<br>• Se asegura de que los señalamientos se hayan corregido dentro del período establecido.<br>• Si el Contratista no ha corregido algún señalamiento o la fecha límite de corrección venció, verifica que el/la Administrador/a tenga evidencia del seguimiento correspondiente. |
| **7.2 Envío comunicación sobre corrección de riesgos**<br><br>Correspondencia enviada a la Oficina de Seguridad Industrial que notifica la corrección de los riesgos señalados. | | • Envía copia de la comunicación que detalla los señalamientos corregidos a la Oficina de Seguridad Industrial no más tarde de tres días laborables posteriores al recibo de la misma. | • Se asegura que se cumpla con este requisito. |
| **7.3 Envío comunicación sobre accidentes**<br><br>Correspondencia enviada a la Oficina de Seguridad Industrial que notifica los accidentes ocurridos. | | • Notifica inmediatamente a la Oficina de Seguridad Industrial de los accidentes ocurridos dentro de los límites del proyecto.<br>• Presenta el informe correspondiente no más tarde de un día laborable posterior al conocimiento de los mismos. | • Se asegura que se cumpla con este requisito. |

HTA_CONF 00018038

| 8.0  Liquidación del proyecto | | | |
|---|---|---|---|
| 8.1 Partidas liquidadas durante la ejecución de la obra<br><br>Aquellas partidas cuyos trabajos el Contratista ha completado antes de la fecha de sustancialmente terminado del proyecto. | | • L liquida el 50% de las partidas completadas, al momento de la evaluación, durante el desarrollo del proyecto. | • Se asegura que se cumpla con este requisito. |
| 8.2 Partidas liquidadas luego de la detención de tiempo<br><br>Aquellas partidas cuyos trabajos el Contratista ha completado después de la fecha de sustancialmente terminado del proyecto. | | • Liquida el 100% de las partidas completadas en el  periodo de liquidación establecido según la complejidad del proyecto. | • Coteja y se asegura que se liquide el proyecto según detallado a continuación:<br><br>1)  DOS MESES<br><br>➢  Primer mes – 75%<br>➢  Segundo mes – 100%<br><br>2)  TRES MESES<br><br>➢  Primer mes – 65%<br>➢  Segundo mes – 80%<br>➢  Tercer mes – 100%<br><br>3)  CUATRO MESES<br><br>➢  Primer mes – 65%<br>➢  Segundo mes – 80%<br>➢  Tercer mes – 95%<br>➢  Cuarto mes – 100% |

HTA_CONF 00018039

**ANEJO III**

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

**ACT-743**
**(7/11)**

Nombre: _____   Proyecto _____   Oficina Regional: _____

Puesto: _____   Complejidad _____   Periodo Evaluado: _____

Número: _____   Terminación _____   Fecha Evaluación: _____

| Descripción de la Tarea | Evaluación Trimestral | | | | |
|---|---|---|---|---|---|
| | 1 = cumple    0 = no cumple | | | | |
| | Mes 1 | Mes 2 | Mes 3 | Puntuación Obtenida por Tarea | Puntuación Máxima por Tarea |
| **1. Informes Mensuales** | | | | | |
| **1.1 Contract Summary Logs (CSL)** | | | | | |
| 1.1.1 Seguimiento | | | | | |
| 1.1.2 Revisión | | | | | |
| 1.1.3 Envío | | | | | |
| **1.2 Construction Improvement Program (CIP)** | | | | | |
| 1.2.1 Seguimiento | | | | | |
| 1.2.2 Revisión | | | | | |
| 1.2.3 Envío | | | | | |
| **1.3 Informe de Proyectos Activos (IPA)** | | | | | |
| 1.3.1 Seguimiento | | | | | |
| 1.3.2 Revisión | | | | | |
| 1.3.3 Envío | | | | | |
| **1.4 Informe Plan de Trabajo (IPT)** | | | | | |
| 1.4.1 Seguimiento | | | | | |
| 1.4.2 Envío | | | | | |
| **Puntuación Total Tareas Inciso 1:** | | | | | |
| **2.0  Certificación Mensual de Pago (Formulario ACT-117, Rev. 6/09)** | | | | | |
| 2.1 Seguimiento | | | | | |
| 2.2 Revisión | | | | | |
| 2.3 Envío | | | | | |
| **Puntuación Total Tareas Inciso 2:** | | | | | |
| **3.0  Extra Work Order (Formulario ACT-113, Rev. 6/09)** | EWO evaluados este trimestre:_____ | | | | |
| 3.1 Base de Negociación Inicial | | | | | |
| 3.2 Seguimiento | | | | | |
| 3.3 Revisión | | | | | |
| 3.4 Envío | | | | | |
| **Puntuación Total Tareas Inciso 3:** | | | | | |
| **4.0  Change Order (Formulario ACT-118, Rev. 6/09)** | CO evaluados este trimestre:_____ | | | | |
| 4.1 Seguimiento | | | | | |
| 4.2 Revisión | | | | | |
| 4.3 Envío | | | | | |
| **Puntuación Total Tareas Inciso 4:** | | | | | |

HTA_CONF 00018040

**ANEJO III**

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

**ACT-743**
**(7/11)**

| Nombre: | Proyecto | Oficina Regional: |
| Puesto: | Complejidad | Periodo Evaluado: |
| Número: | Terminación | Fecha Evaluación: |

| Descripción de la Tarea | Evaluación Trimestral | | | | |
|---|---|---|---|---|---|
| | 1 = cumple    0 = no cumple | | | | |
| | Mes 1 | Mes 2 | Mes 3 | Puntuación Obtenida por Tarea | Puntuación Máxima por Tarea |
| **5.0 Extensión de Tiempo** | | | | | |
| 5.1 Memorando de Extensión de Tiempo | | | | | |
| 5.2 Autorización para proceder con Revisiones al Contrato | | | | | |
| 5.3 Resumen Ejecutivo | | | | | |
| 5.4 Contrato Supletorio (ACT-105) | | | | | |
| 5.5 Contract Summary Log actualizado | | | | | |
| 5.6 Anejos debidamente identificados | | | | | |
| 5.7 Envía el documento en el término requerido | | | | | |
| *Puntuación Total Tareas Inciso 5:* | | | | | |
| **6.0 Supervisión de Proyectos** | | | | | |
| 6.1 Asiste a reuniones semanales de proyecto | | | | | |
| 6.2 Revisa y entrega asistencias de los Administradores y la propia en el tiempo establecido | | | | | |
| 6.3 Solicitud de Horas Extra | | | | | |
| *Puntuación Total Tareas Inciso 6:* | | | | | |
| **7.0 Evaluaciones de Administradores** | | | | | |
| **7.1 Evaluación Ejecutorias y Desempeño del Administrador** | | | | | |
| 7.1.1 Envío | | | | | |
| 7.1.2 Revisión | | | | | |
| *Puntuación Total Tareas Inciso 7:* | | | | | |
| *Total Evaluación Ejecutorias:* | | | | | |
| *EVALUACION Ejecutorias (%):* | | | | | |

Observaciones:

Evaluado por:                    Discutido con:

_____        _____
Director Regional                      Supervisor

HTA_CONF 00018041

ANEJO III



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

ACT-743a
(7/11)

**HOJA DE TRABAJO 1.0 - INFORMES MENSUALES**
**EVALUACIÓN DE EJECUTORIAS DEL (LA) SUPERVISOR (A) DE PROYECTO**

Nombre: _____     Proyecto _____     Oficina Regional: _____

Puesto: _____     Complejidad _____     Periodo Evaluado: _____

Número: _____     Terminación _____     Fecha Evaluación: _____

| Descripción de la Tarea | Mes: | | Observaciones |
|---|---|---|---|
| | Cumple | No Cumple | |
| **1.0  Informes Mensuales** | | | |
| *1.1  Contract Summary Logs (CSL)* | | | |
| 1.1.1 Seguimiento | | | |
| 1.1.2 Revisión | | | |
| 1.1.3 Envío | | | |
| *1.2  Construction Improvement Program (CIP)* | | | |
| 1.2.1 Seguimiento | | | |
| 1.2.2 Revisión | | | |
| 1.2.3 Envío | | | |
| *1.3  Informe de Proyectos Activos (IPA)* | | | |
| 1.3.1 Seguimiento | | | |
| 1.3.2 Revisión | | | |
| 1.3.3 Envío | | | |
| *1.4  Informe Plan de Trabajo (IPT)* | | | |
| 1.4.1 Seguimiento | | | |
| 1.3.3 Envío | | | |

Evaluado por:                    Discutido con:          Observaciones:

_____          _____

Director Regional                     Supervisor

ANEJO III

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

**ACT-743b**
**(7/11)**

*HOJA DE TRABAJO 2.0 - CERTIFICACIÓN MENSUAL DE PAGO (Formulario ACT-117)*
EVALUACIÓN DE EJECUTORIAS DEL (LA) SUPERVISOR (A) DE PROYECTO

| | | |
|---|---|---|
| Nombre: _____ | Proyecto _____ | Oficina Regional: _____ |
| Puesto: _____ | Complejidad _____ | Periodo Evaluado: _____ |
| Número: _____ | Terminación _____ | Fecha Evaluación: _____ |

Cert Num: _____
Fecha de la Cert: _____

Fecha Asignada de Cert: _____
Fecha Firma Supervisor: _____

| Descripción de la Tarea | Mes: | | Observaciones |
|---|---|---|---|
| | Cumple | No Cumple | |
| 2.0  Certificación Mensual de Pago (Formulario ACT-117, Rev. 6/09) | | | |
| 2.1 Seguimiento | | | |
| 2.2 Revisión | | | |
| 2.3 Envío | | | |

Evaluado por:          Discutido con:

_____      _____
Director Regional            Supervisor

Observaciones:

HTA_CONF 00018043

Gobierno de Puerto Rico
Departamento de Transportacion y Obras Pública
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

ANEJO III
**ACT-743c**
**(7/11)**

### HOJA DE TRABAJO 3.0 - EXTRA WORK ORDER (Formulario ACT-113)
### EVALUACIÓN DE EJECUTORIAS DEL (LA) SUPERVISOR (A) DE PROYECTO

| Nombre: _____ | Proyecto _____ | Oficina Regional: _____ |
| Puesto: _____ | Complejidad _____ | Periodo Evaluado: _____ |
| Número: _____ | Terminación _____ | Fecha Evaluación: _____ |

EWO Num: _____
Fecha EWO: _____

Fecha Negociación EWO: _____
Fecha Comité EWO/ChO: _____

| Descripción | Evaluación Mes: | | | |
| | Número de Documento en el periodo: | | | |
| | Cumple | No Cumple | N/A | Observaciones |
| 3.0 Extra Work Order (Formulario ACT-113, Rev. 6/09) | | | | |
| 3.1 Base de Negociación Inicial | | | | |
| 3.2 Seguimiento | | | | |
| 3.3 Revisión | | | | |
| 3.4 Envío | | | | |

Evaluado por:             Discutido con:

Observaciones:

_____     _____
Director Regional              Supervisor

HTA_CONF 00018044

ANEJO III
ACT-743d
(7/11)

Gobierno de Puerto Rico
Departamento de Transportacion y Obras Pública
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

*HOJA DE TRABAJO 4.0 - CHANGE ORDER (Formulario ACT-118)*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) SUPERVISOR (A) DE PROYECTO**

| | | |
|---|---|---|
| Nombre: | Proyecto | Oficina Regional: |
| Puesto: | Complejidad | Período Evaluado: |
| Número: | Terminación | Fecha Evaluación: |

CO Num: _____          Fecha Autorización CO: _____
Fecha CO: _____          Fecha Comité EWO/ChO: _____

| Descripción | Evaluación Mes: | | | |
|---|---|---|---|---|
| | Número de Documento en el periodo: | | | |
| | Cumple | No Cumple | N/A | Observaciones |
| 4.0 Change Order (Formulario ACT-118, Rev. 6/09) | | | | |
| 4.1 Seguimiento | | | | |
| 4.2 Revisión | | | | |
| 4.3 Envío | | | | |

Evaluado por:          Discutido con:          Observaciones:

_____          _____
Director Regional                    Supervisor

HTA_CONF 00018045

ANEJO III
**ACT-743e**
**(7/11)**

Gobierno de Puerto Rico
Departamento de Transportacion y Obras Pública
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

*HOJA DE TRABAJO 5.0 -EXTENSIÓN DE TIEMPO*
EVALUACIÓN DE EJECUTORIAS DEL (LA) SUPERVISOR (A) DE PROYECTO

Nombre: _____  Proyecto _____  Oficina Regional: _____

Puesto: _____  Complejidad _____  Periodo Evaluado: _____

Número: _____  Terminación _____  Fecha Evaluación: _____

| Descripción de la Tarea | Mes: | | Observaciones |
|---|---|---|---|
| | Cumple | No Cumple | |
| 5.0  Extensión de Tiempo | | | |
| 5.1 Memorando de Extensión de Tiempo | | | |
| 5.2 Autorización para proceder con Revisiones al Contrato | | | |
| 5.3 Resumen Ejecutivo | | | |
| 5.4 Contrato Supletorio (ACT-105) | | | |
| 5.5 Contract Summary Log actualizado | | | |
| 5.6 Anejos debidamente identificados | | | |
| 5.7 Envía el documento en el término requerido | | | |

Evaluado por:                    Discutido con:                    Observaciones:

_____          _____
Director Regional                    Supervisor

HTA_CONF 00018046

Gobierno de Puerto Rico
Departamento de Transportacion y Obras Pública
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Area de Construcción

ANEJO III
ACT-743f
(7/11)

*HOJA DE TRABAJO 6.0 - SUPERVISIÓN DE PROYECTO*
**EVALUACIÓN DE EJECUTORIAS DEL (LA) SUPERVISOR (A) DE PROYECTO**

Nombre: _____     Proyecto _____     Oficina Regional: _____

Puesto: _____     Complejidad _____     Periodo Evaluado: _____

Número: _____     Terminación _____     Fecha Evaluación: _____

| *Descripción de la Tarea* | *Mes:* | | *Observaciones* |
|---|---|---|---|
| | *Cumple* | *No Cumple* | |
| *6.0 Supervisión de Proyectos* | | | |
| 6.1 Asiste a reuniones semanales de proyecto | | | |
| 6.2 Revisa y entrega asistencias de los Administradores y la propia en el tiempo establecido | | | |
| 6.3 Solicitud de Horas Extra | | | |

Evaluado por:              Discutido con:          Observaciones:

_____     _____
Director Regional                     Supervisor

HTA_CONF 00018047

ANEJO III
ACT-743g
(7/11)

Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

*HOJA DE TRABAJO 7.0 - EVALUACIONES DE ADMINISTRADORES*
EVALUACIÓN DE EJECUTORIAS DEL (LA) SUPERVISOR (A) DE PROYECTO

Nombre: _____     Proyecto _____     Oficina Regional: _____
Puesto: _____     Complejidad _____     Periodo Evaluado: _____
Número: _____     Terminación _____     Fecha Evaluación: _____

| Descripción de la Tarea | Mes: | | |
|---|---|---|---|
| | Cumple | No Cumple | Observaciones |
| 7.0 Evaluaciones de Administradores | Nombre Administrador: | | |
| 7.1 Envío | | | |
| 7.2 Revisión | | | |

Evaluado por:       Discutido con:       Observaciones:

_____       _____
Director Regional       Supervisor

HTA_CONF 00018048



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**
Área de Construcción

Anejo III

### DEFINICIONES DE TAREAS
### EVALUACIÓN DE EJECUTORIAS DEL (DE LA) SUPERVISOR(A) DE PROYECTO

**INSTRUCCIONES:** El (La) Director(a) Regional debe asegurarse que el(a) Supervisor(a) cumpla con las tareas y responsabilidades definidas a continuación (ver instrucciones detalladas al final de este documento):

| Tarea y definición | Responsabilidad del(de la) Supervisor(a) | | Evaluación del(de la) Director(a) Regional |
|---|---|---|---|
| **1.0 Informes mensuales** | | | |
| **1.1 Contract Summary Log (CSL)**<br><br>Resumen general de costos adicionales, pagos realizados y reclamos pendientes en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | 1.1.1 Seguimiento | • Notifica por escrito al(a la) Administrador(a) con anticipación la fecha de vencimiento del CSL. | • Coteja que el(la) Supervisor(a) evidencie dicha notificación mediante copia, ya sea de correo electrónico, memo o fax. |
| | 1.1.2 Revisión | • Verifica que la información suministrada en todos los incisos sea la correcta. | • Se asegura que el CSL esté bien cumplimentado en todas sus partes. |
| | 1.1.3 Envío | • Remite este informe al(a la) Director(a) Regional tres días laborables antes de la fecha de vencimiento.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | • Remite el CSL al Director del Área de Construcción en la fecha establecida según dispuesto en directrices. |
| **1.2 Construction Improvement Program (CIP)**<br><br>Resumen general de los costos adicionales y pagos realizados en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | 1.2.1 Seguimiento | • Notifica por escrito al(a la) Administrador(a) con anticipación la fecha de vencimiento del CIP. | • Coteja que el (la) Supervisor (a) evidencie dicha notificación mediante copia, ya sea de correo electrónico, memo o fax. |
| | 1.2.2 Revisión | • Verifica que la información suministrada en todos los incisos sea la correcta. | • Se asegura que el CIP esté bien cumplimentado en todas sus partes. |
| | 1.2.3 Envío | • Remite este informe al(a la) Director(a) Regional tres días laborables antes de la fecha de vencimiento.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | Remite el CIP al(a la) Director(a) del Área de Construcción en la fecha establecida según dispuesto en directrices. |
| **1.3 Informe de Proyectos Activos (IPA)**<br><br>Resumen general de los costos adicionales y pagos realizados en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | 1.3.1 Seguimiento | • Notifica por escrito al(a la) Administrador(a) con anticipación la fecha de vencimiento del IPA. | • Coteja que el(la) Supervisor(a) evidencie dicha notificación mediante copia, ya sea de correo electrónico, memo o fax. |
| | 1.3.2 Revisión | • Verifica que la información suministrada en todos los incisos sea la correcta. | • Se asegura que el IPA esté bien cumplimentado en todas sus partes. |
| | 1.3.3 Envío | • Remite este informe al(a la) Director(a) Regional tres días laborables antes de la fecha de vencimiento.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | Remite el IPA al(a la) Directora(a) del Área de Construcción en la fecha establecida según dispuesto en directrices. |
| **1.4 Informe Plan de Trabajo (IPT)**<br><br>Resumen de los datos sobre proyecciones de cierres de carriles y planes de trabajo | 1.4.1 Seguimiento | • Notifica por escrito al(a la) Administrador(a) con anticipación la fecha de vencimiento del IPT. | • Coteja que el(la) Supervisor(a) evidencie dicha notificación mediante copia, ya sea de correo electrónico, memo o fax. |

HTA_CONF 00018049

Anejo III

| | | | |
|---|---|---|---|
| que afecten el flujo vehicular en las vías de rodaje. | 1.4.2 Revisión | • Verifica que la información suministrada en todos los incisos sea la correcta. | Se asegura que el IPT esté bien cumplimentado en todas sus partes. |
| | 1.4.3 Envío | • Remite este informe al(a la) Director(a) Regional tres días laborables antes de la fecha de vencimiento.<br>• Cuando la fecha de entrega constituye un día no laborable, envía este informe el próximo día hábil. | Remite el IPT al(a la) Director(a) del Área de Construcción en la fecha establecida según dispuesto en directrices. |

## 2.0 Certificación Mensual de Pago (Formulario ACT-117; Rev. 6/09)

| | | | |
|---|---|---|---|
| 2.1 Formulario Monthly Progress Payment Report (Certificación Mensual de Pago; Rev. 6/09)<br><br>Documento que certifica que el Contratista ha ejecutado parte o todo el trabajo contratado cumpliendo con los requisitos establecidos en el contrato durante un período de tiempo en específico. | 2.1.1 Seguimiento | • Notifica por escrito al(a la) Administrador(a) la fecha establecida de la certificación para asegurarse de que la misma se entregue a tiempo. | • Coteja que el(la) Supervisor(a) evidencie dicha notificación mediante copia, ya sea de correo electrónico, memo o fax. |
| | 2.1.2 Revisión | • Verifica que la información suministrada en todos los incisos sea la correcta.<br>• Se asegura que la certificación esté debidamente completada con todos los anejos y evidencia pertinente.<br>• Firma la certificación y anota la fecha de su endoso. | • Se asegura que la certificación esté cumplimentada y que incluya toda la documentación pertinente.<br>• Firma la certificación y anota la fecha de su endoso. |
| | 2.1.3 Envío | • Remite la certificación al(a la) Director(a) Regional dentro de los próximos tres días laborables para la firma del mismo. | • Remite la certificación a la Oficina Control de Proyectos para su trámite correspondiente en la fecha establecida según dispuesto en directrices. |

## 3.0 Extra Work Order (EWO) - Formulario ACT-113; Rev. 06/09

| | | | |
|---|---|---|---|
| 3.1 Base de Negociación Inicial<br><br>Propuesta económica del Contratista para realizar trabajos adicionales. | | • Se asegura que la propuesta sea original y que esté sustentada. La firma y anota la fecha de su endoso. | • Verifica la propuesta y se asegura que esté firmada por el(la) Administrador(a), el(la) Supervisor(a) y el Contratista.<br>• De ser necesario, recomienda acciones a tomar. |
| 3.2 Formulario Extra Work Order (Rev. 6.09)<br><br>Documento utilizado para añadir partidas no contempladas en el contrato. | 3.1.1 Seguimiento | • Notifica por escrito al(a la) Administrador(a) la fecha establecida del EWO para asegurarse de que el mismo se entregue a tiempo. | • Coteja que el(la) Supervisor(a) evidencie dicha notificación mediante copia, ya sea de correo electrónico, memo o fax. |
| | 3.1.2 Revisión | • Verifica que la información suministrada en todos los incisos sea la correcta.<br>• Se asegura que el EWO esté debidamente completado e incluya todos los anejos y evidencia pertinente.<br>• Firma el documento y anota la fecha de su endoso. | • Se asegura que el EWO esté bien cumplimentado y que incluya toda la documentación pertinente.<br>• Firma el documento y anota la fecha de su endoso. |
| | 3.1.3 Envío | • Remite el EWO al(a la) Director(a) Regional dentro de los próximos tres días laborables para la firma del mismo. | • Remite el EWO a la Oficina Control de Proyectos para su trámite correspondiente en la fecha establecida según dispuesto en directrices. |

HTA_CONF 00018050

Anejo III

| 4.0 Change Order (CO) - Formulario ACT-118; Rev. 6/09 | | | |
|---|---|---|---|
| 4.1 Formulario ACT-118, Change Order (Rev. 6.09)<br><br>Documento que enmienda el contrato para aumentar o disminuir las cantidades de las partidas originales del mismo, las creadas mediante Extra Work Order y la liquidación final de las partidas. | 4.1.1 Seguimiento | • Notifica por escrito al(a la) Administrador(a) la fecha establecida del CO para asegurarse de que la misma se entregue a tiempo. | • Coteja que el (la) Supervisor(a) evidencie dicha notificación mediante copia, ya sea de correo electrónico, memo o fax. |
| | 4.1.2 Revisión | • Verifica que la información suministrada en todos los incisos sea la correcta.<br>• Se asegura que el CO esté debidamente completada con todos los anejos y evidencia pertinente.<br>• Firma el documento y anota la fecha de su endoso. | • Se asegura que el CO esté bien cumplimentado y que incluya toda la documentación pertinente.<br>• Firma el documento y anota la fecha de su endoso. |
| | 4.1.3 Envío | • Remite el CO al (a la) Directora(a) Regional dentro de los próximos tres días laborables para la firma del mismo. | • Remite el CO a la Oficina Control de Proyectos para su trámite correspondiente en la fecha establecida según dispuesto en directrices. |
| **5.0 Extensión de Tiempo** | | | |
| 5.1 Memorando de extensión de tiempo<br><br>Documento mediante el cual se solicita a la Oficina del Director Ejecutivo extender el tiempo del proyecto. | | • Se asegura de entregar el Memorando con toda la información requerida. | • Se asegura que se cumpla con este requisito. |
| 5.2 Autorización para proceder con Revisiones al Contrato (FHWA-1365, Record of Authorization to Proceed with Major Contract Revision)<br><br>Formulario federal que establece la aprobación de cambios en el contrato. | | • Si el proyecto es con ayuda federal, completa el formulario en todas sus partes de manera correcta.<br>• Incluye la autorización firmada como anejo de la Extensión de Tiempo. | • Se asegura que se cumpla con este requisito. |
| 5.3 Resumen Ejecutivo<br><br>Solicitud concisa de la extensión de tiempo. | | • Completa el formulario en todas sus partes y lo incluye como anejo de la Extensión de Tiempo. | • Se asegura que se cumpla con este requisito. |
| 5.4 Formulario ACT-105, Supplementary Contract No. ___ (Contrato Supletorio)<br><br>Documento que autoriza enmiendas al contrato. | | • Completa el formulario en todas sus partes y lo incluye como anejo de la Extensión de Tiempo. | • Se asegura que se cumpla con este requisito. |
| 5.5 Contract Summary Log (CSL)<br><br>Resumen general de costos adicionales, pagos realizados y reclamos pendientes en los proyectos de construcción de la Autoridad. Incluye los días adicionales incorporados al contrato. | | • Completa el formulario en todas sus partes y lo incluye como anejo de la Extensión de Tiempo. | • Se asegura que se cumpla con este requisito. |
| 5.6 Anejos debidamente identificados<br><br>Documentos adicionales que son parte esencial del EWO/CO correspondiente. | | • Detalla todos los anejos y los identifica de la siguiente manera:<br><br>Proyecto AC-XXXXXX/Oracle/federal number<br>Extensión de Tiempo #XX<br>Página XX de XX | • Se asegura que se cumpla con este requisito. |

HTA_CONF 00018051

Anejo III

| | | | |
|---|---|---|---|
| 5.7 Envío del EWO/CO en el término requerido<br><br>Entrega y trámite apropiado del CO/EWO en el término estipulado por el Área de Construcción. | | • Remite la Extensión de Tiempo al(a la) Director(a) Regional dentro de los próximos tres días laborables para la firma del mismo. | • Se asegura que se cumpla con este requisito. |
| **6.0 Supervisión y organización de la brigada** | | | |
| 6.1 Asistencia a reuniones semanales de proyecto | | • El(la) Supervisor(a) asiste al menos a dos reuniones por proyecto al mes.<br>• Se asegura que el(la) Administrador(a) prepare la minuta correspondiente no más tarde de cinco días laborables luego de realizada cada reunión. | • Coteja que las minutas pertinentes reflejen la asistencia del (de la) Supervisor(a) en las reuniones. |
| 6.2 Revisión y entrega de asistencias de los Administradores y la propia en el tiempo establecido. | | • Terminada cada catorcena prepara su hoja de asistencia, la revisa y la firma asegurándose que incluye el Formulario ACT-14, Informe de Salidas en Asuntos Oficiales.<br>• Remite la asistencia al(a la) Director(a) Regional en los próximos dos días laborables posteriores a la catorcena finalizada.<br>• Revisa la asistencia de los (las) Administradores(as) en los próximos dos días laborables posteriores a la catorcena finalizada y las firma luego de asegurarse que la información es fiel y exacta. | • Revisa la asistencia del (de la) Supervisor(a) y la firma luego de asegurarse que la información es fiel y exacta incluyendo los documentos pertinentes.<br>• Se asegura se cumpla con estas disposiciones según las normas y procedimientos de la Autoridad.<br>• Se asegura de enviar todas las asistencias a la Directoría de Recursos Humanos y Seguridad Industrial para la acción correspondiente. |
| 6.3 Formulario ACT-25, Solicitud para Trabajar Horas Extra<br><br>Documento para solicitar autorización para trabajar durante jornada extraordinaria. | | • Evalúa las horas extra solicitadas por el(la) Administrador(a) y se asegura que éstas se justifican de acuerdo con las tareas a realizarse en el proyecto.<br>• Remite la Solicitud al(a la) Director(a) Regional en el tiempo establecido. | • Evalúa la referida solicitud y remite la misma al(a la) Director(a) del Área de Construcción para la aprobación pertinente. |
| **7.0 Evaluaciones de los(las) Administradores(as) de Proyecto** | | | |
| 7.1 Hojas de Trabajo para Evaluación de Ejecutorias del (de la) Administrador(a) de Proyecto (Formularios ACT-742a hasta ACT-742h).<br><br>Documentos que miden las tareas del (de la) Administrador(a) una vez al mes basado en la clasificación de su puesto. | 7.1.1 Medición | • Evalúa mensualmente al(a la) Administrador(a) por cada tarea utilizando dichas hojas de trabajo y sustenta la evaluación con los datos pertinentes. | • Se asegura que se cumpla con este requisito.<br>• Finaliza la evaluación completándola en todas sus partes y la firma. |
| | 7.1.2 Envío | • Entrega el documento en el tiempo establecido. | • Reúne todas las evaluaciones y las remite al(a la) Directoría(a) de Construcción para el trámite correspondiente. |
| 7.2 Formulario ACT-742 "Evaluación de Ejecutorias del (de la) Administrador(a) de Proyecto"<br><br>Documento que resume los tres meses de medición del período evaluado del(de la) Administrador(a). | 7.2.1 Medición | • Completa el formulario cada tres meses según las evaluaciones mensuales realizadas al(a la) Administrador(a). | • Se asegura que se cumpla con este requisito.<br>• Finaliza la evaluación completándola en todas sus partes y la firma. |
| | 7.2.2 Envío | • Entrega el documento en el tiempo establecido. | • Reúne todas las evaluaciones y las remite al(a la) Director(a) del Área de Construcción para el trámite correspondiente. |
| 7.3 Formulario ACT-744 "Evaluación de Desempeño del(de la) Supervisor(a) al(a la) Administrador(a) de Proyecto"<br><br>Documento que mide los deberes y responsabilidades del (de la) Administrador(a) una vez al mes basado en el ejercicio de sus funciones. | 7.3.1 Medición | • Luego de evaluar las ejecutorias, mide el desempeño del (de la) Administrador(a) una vez al mes según los niveles de ejecución establecidos para ello.<br>• Se asegura de incluir la puntuación final en la evaluación pertinente (al tercer mes). | • Se asegura que se cumpla con este requisito.<br>• Finaliza la evaluación completándola en todas sus partes y la firma. |
| | 7.3.2 Envío | • Entrega el documento en el tiempo establecido. | • Reúne todas las evaluaciones y las remite al(a la) Directoría(a) de Construcción para el trámite correspondiente. |

HTA_CONF 00018052

ANEJO IV



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

ACT-744
(7/11)

## EVALUACIÓN DE DESEMPEÑO SUPERVISOR AL (LA) ADMINISTRADOR (A) DE PROYECTO

Nombre: _____   Proyecto _____   Oficina Regional: _____

Puesto: _____   Complejidad _____   Periodo/Año Evaluado: _____

Número: _____   Terminación _____   Fecha Evaluación: _____

| Deberes y Responsabilidades | Niveles de Desempeño | | | |
|---|---|---|---|---|
| | Excelente (100-90) | Bueno (89.9-80) | Promedio (79.9-65) | Deficiente (64.9-0) |
| **1.0  Informes Gerenciales** | | | | |
| 1.1  Incluye los problemas realmente relevantes solicitados en los informes y no asuntos de procesos ordinarios, a menos que dichos procesos no estén funcionando como deberían. | | | | |
| **2.0  Gerencia e Inspección** | | | | |
| 2.1  Identifica errores u omisiones en los planos, soluciona y documenta los problemas de forma ágil, con la mínima intervención del Supervisor y Director Regional antes que afecten el progreso del proyecto. | | | | |
| 2.2  Muestra total dominio de los planos, contrato, materiales y métodos de construcción utilizados por el Contratista. | | | | |
| 2.3  Se asegura que el Contratista cumpla a cabalidad con todos los requerimientos del contrato. | | | | |
| 2.4  Es un facilitador entre el Contratista y las demás oficinas que dan apoyo al proyecto durante el desarrollo del mismo de manera que puedan solucionarse en el menor tiempo posible sin afectar el desarrollo del proyecto. | | | | |
| 2.5  Mantiene un clima laboral adecuado, de respeto, cordialidad y profesionalismo de manera que las labores en la oficina y en el campo puedan ser ejecutadas de forma eficiente y productiva. | | | | |
| 2.6  Demuestra liderato e iniciativa en la solución de los conflictos y situaciones que surgen en el proyecto. | | | | |
| 2.7  Cumple con el horario de trabajo establecido y con el tiempo adicional necesario para cumplir con sus labores | | | | |
| **3.0  Supervisión y Organización de la Brigada** | | | | |
| 6.2  Adiestra y organiza diariamente la brigada de inspección de forma tal que no se afecta el desarrollo del proyecto. | | | | |
| *Promedio Evaluación Desempeño:* | | | | |

Evaluado por:          Discutido con:          Observaciones:

_____          _____

Supervisor          Administrador

HTA_CONF 00018053

ANEJO V



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

ACT-745
(7/11)

## EVALUACIÓN DE DESEMPEÑO DIRECTOR REGIONAL AL (LA) ADMINISTRADOR (A) DE PROYECTO

Nombre: _____     Proyecto _____     Oficina Regional: _____

Puesto: _____     Complejidad _____     Periodo/Año Evaluado: _____

Número: _____     Terminación _____     Fecha Evaluación: _____

| Deberes y Responsabilidades | Niveles de Desempeño | | | |
|---|---|---|---|---|
| | Excelente (100-90) | Bueno (89.9-80) | Promedio (79.9-65) | Deficiente (64.9-0) |
| **1.0 Informes Gerenciales** | | | | |
| 1.1 Redacta informes extraordinarios con prontitud cuando se le requiere. Entrega dichos informes en la fecha solicitada y con la información correcta y actualizada. | | | | |
| **2.0 Gerencia e Inspección** | | | | |
| 2.1 Demuestra disponibilidad y compromiso. Responde con prontitud cuando se le llama o cuando se le deja mensaje para que se comunique con el Director Regional. | | | | |
| 2.2 Cumple con la directrices estipuladas por el Area de Construcción y/o la Oficina Regional | | | | |
| 2.3 Asiste a las Reuniones convocadas por el Director Regional con la puntualidad requerida. | | | | |
| *Promedio Evaluación Desempeño:* | | | | |

Evaluado por: _____     Discutido con: _____     Observaciones:

Director Regional     Administrador

**ANEJO VI**



Gobierno de Puerto Rico
Departmento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

ACT-746
(7/11)

## EVALUACIÓN DE DESEMPEÑO DEL (LA) SUPERVISOR (A) DE PROYECTO

Nombre: _____          Oficina Regional: _____

Puesto: _____          Periodo/Año Evaluado: _____
                          Cantidad Proyectos
Número: _____  Supervisados: _____  Fecha Evaluación: _____

| Deberes y Responsabilidades | Niveles de Desempeño | | | |
|---|---|---|---|---|
| | Excelente (100-90) | Bueno (89.9-80) | Promedio (79.9-65) | Deficiente (64.9-0) |
| **1.0 Gerencia e Inspección** | | | | |
| 1.1 Soluciona y documenta los problemas de forma ágil con la mínima intervención del Director Regional o Director del Área de Construcción antes que afecten el progreso del proyecto | | | | |
| 1.2 Supervisa regularmente el o los proyectos para tener conocimiento de primera mano acerca de las actividades y ejecuciones del Contratista | | | | |
| 1.3 Se asegura que el Contratista cumpla a cabalidad con todos los requerimientos del contrato. | | | | |
| 1.4 Desarrolla y mantiene excelentes relaciones cordiales, éticas y profesionales con el Contratista de manera que los asuntos y conflictos naturales que surjan en el proyecto puedan resolverse de igual manera. | | | | |
| 1.5 Es un facilitador entre el Contratista y las demás oficinas que dan apoyo al proyecto durante el desarrollo del mismo de manera que pueda solucionarse en el menor tiempo posible sin afectar el desarrollo del proyecto. | | | | |
| 1.6 Demuestra disponibilidad y compromiso. Responde con prontitud cuando se le llama o cuando se le deja mensaje para que se comunique con sus supervisores. | | | | |
| 1.7 Mantiene un clima laboral adecuado, de respeto, cordialidad y profesionalismo de manera que las labores en la oficina y en el campo puedan ser ejecutadas de forma eficiente y productiva. | | | | |
| 1.8 Demuestra liderato e iniciativa en la solución de los conflictos y situaciones que surgen en el proyecto. | | | | |
| 1.9 Se asegura que el trámite de la solicitud de la terminación sustancial del proyecto se realice oportunamente y que cumpla con los requisitos del contrato. | | | | |



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

**ACT-746**
**(7/11)**

### EVALUACIÓN DE DESEMPEÑO DEL (LA) SUPERVISOR (A) DE PROYECTO

Nombre: _____

Puesto: _____

Número: _____

Cantidad Proyectos
Supervisados: _____

Oficina Regional: _____

Periodo/Año Evaluado: _____

Fecha Evaluación: _____

| Deberes y Responsabilidades | Niveles de Desempeño | | | |
|---|---|---|---|---|
| | Excelente | Bueno | Promedio | Deficiente |
| | (100-90) | (89.9-80) | (79.9-65) | (64.9-0) |
| **2.0  Supervisión y Organización de la Brigada** | | | | |
| 2.1  Delega a los subalternos las funciones que entienda necesario, siempre teniendo en cuenta que la jefatura es indelegable. Da seguimiento, coteja, revisa y supervisa los aspectos delegados para asegurarse que se realizan en su totalidad y de forma correcta. | | | | |
| 2.2  Orienta a los Administradores sobre sus deberes y responsabilidades. | | | | |
| *Promedio Evaluación Desempeño:* | | | | |

Evaluado por:

Discutido con:

Observaciones:

_____
Supervisor

_____
Administrador

HTA_CONF 00018056

**ANEJO VII**

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

**ACT-747
(7/11)**

### AUTORIZACIÓN PARA PAGO DE COMPENSACIÓN DEL(LA) ADMINISTRADOR(A) DE PROYECTO

| Nombre: | Proyecto | Oficina Regional: |
|---|---|---|
| Puesto: | Complejidad | Periodo/Año Evaluado: |
| Número: | Terminación | Fecha Evaluación: |

| Descripción | Evaluación Administrador |
|---|---|
| **1.0 Evaluaciones** | |
| 1.1 Ejecutorias (80%) | |
| 1.2 Desempeño (Evaluación Supervisor 10%) | |
| 1.3 Desempeño (Evaluación Director Regional 10%) | |
| *% Evaluación Obtenido:* | |
| **2.0 % Compensación Obtenido** | |
| 2.1 % Aplicable | |
| 2.1.2 Excelente  100% - 95%  =  100% | |
| 2.1.2 Bueno  94.99% - 70%  =  % Evaluación Obtenido | |
| 2.1.3 Promedio  69.99% - 50%  =  50% | |
| 2.1.4 Deficiente  49.99% - 0%  =  0% | |
| **3.0 Compensación del Participante** | |
| 3.1 Meses Aplicables para el Perido en Evaluación | |
| 3.2 Compensación Máxima Mensual por Participante | |
| *Compensación Obtenida del Participante:* | |
| **4.0 Reducción por Ajuste de Liquidaciones Pendientes:** | |
| 4.1 Porciento aplicable | |
| 4.2 Meses Aplicables para el Ajuste de Liquidación | |
| *Reducción por Liquidaciones Pendientes:* | |
| *Compensación Final Participante:* | |

Recomendado por:

_____
Director Región

_____
Director Area de Construcción

Aprobado Por:

_____
Director Ejecutivo Auxiliar
para la Infraestructura

Observaciones

HTA_CONF 00018057



Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**
Área de Construcción

**ANEJO VIII**

**ACT-748**
**(7/11)**

### AUTORIZACIÓN PARA PAGO DE COMPENSACIÓN DEL(LA) SUPERVISOR(A) DE PROYECTO

Nombre: _____   Proyecto _____   Oficina Regional: _____
Puesto: _____   Complejidad _____   Periodo/Año Evaluado: _____
Número: _____   Terminación _____   Fecha Evaluación: _____

| Descripción | Evaluación Supervisor |
|---|---|
| **1.0 Evaluaciones** | |
| 1.1 Ejecutorias (90%) | |
| 1.2 Desempeño (10%) | |
| **% Evaluación Obtenido:** | |
| **2.0 % Compensación Obtenido** | |
| 2.1 % Aplicable | |
| 2.1.2 Excelente 100% - 95% = 100% | |
| 2.1.2 Bueno 94.99% - 70% = % Evaluación Obtenido | |
| 2.1.3 Promedio 69.99% - 50% = 50% | |
| 2.1.4 Deficiente 49.99% - 0% = 0% | |
| **3.0 Compensación del Participante** | |
| 3.1 Meses Aplicables para el Perido en Evaluación | |
| 3.2 Compensación Máxima Mensual por Participante | |
| **Compensación Final Participante:** | |

Recomendado Por:

_____
Director Región

_____
Director Area de Construcción

Aprobado Por:

_____
Director Ejecutivo Auxiliar
para la Infraestructura

Observaciones

HTA_CONF 00018058

ACT-183
(Rev. 8/10)

Gobierno de Puerto Rico
Departamento de Transportación y Obras Públicas
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN

# ANEJO IX

COMPROBANTE DE GASTOS DE VIAJE

Nombre _____

Orden de Viaje
Número _____ Fecha _____

Residencia Privada _____

Residencia Oficial _____

Título _____    Sueldo Anual _____    Oficina _____

Núm. Seg. Social  ☐☐☐-☐☐-☐☐☐☐      Código de Organización  ☐☐☐☐

NÚMERO CHEQUE  ☐☐☐☐☐☐☐

CANTIDAD  ☐☐☐☐☐.☐☐      Fecha   mes ☐☐  día ☐☐  año ☐☐

Propósito del Viaje :

| Mes y Día | DESCRIPCIÓN DEL VIAJE | Hora de | | Automóvil | | | Dietas | Total del Día |
| | | Salida | Llegada | Lectura | Millas | Transp. | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | TOTALES | | | | | |

CERTIFICO que realicé los viajes arriba descritos necesarios para realizar las misiones oficiales que se me encomendaron; que las horas de salida y llegada son ciertas, utilizando los medios de transportación indicados; que realicé los viajes mediante órdenes emitidas al efecto y que no se han reembolsado los gastos incurridos en los mismos.

Fecha _____    Firma del Funcionario o Empleado _____

CERTIFICO que he examinado este comprobante y la descripción de los viajes es correcta, de acuerdo con las órdenes de viajes que al efecto di al funcionario o empleado arriba mencionado; que los viajes eran necesarios para llevar a cabo el trabajo que se nos ha encomendado; que he verificado su firma y que no he recomendado anteriormente la aprobación del mismo, por lo cual autorizo el pago.

Fecha _____    Jefe Oficina Supervisor Inmediato _____

CERTIFICO que el funcionario o empleado arriba mencionado tiene derecho a cobrar por los gastos de transportación y dietas conforme al Reglamento de Gastos de Viaje en vigor; que he verificado la firma del supervisor inmediato del funcionario o empleado que certifican este Comprobante, siendo los cómputos correctos.

Fecha _____    Oficina Preintervención _____

Fecha _____    Aprobado por _____

## DISTRIBUCIÓN

| FUNCIÓN | CÓDIGO PROYECTO | CANTIDAD | FECHA-COSTO INCURRIDO | | | PAR | CUENTA |
| | | | mes | día | año | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ☐☐☐ | ☐☐☐☐☐☐☐☐☐☐ | ☐☐☐☐☐☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐☐☐☐☐☐☐ | ☐☐☐☐☐☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐☐☐☐☐☐☐ | ☐☐☐☐☐☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐☐☐☐☐☐☐ | ☐☐☐☐☐☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐☐☐☐☐☐☐ | ☐☐☐☐☐☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐☐☐☐☐☐☐ | ☐☐☐☐☐☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐ | ☐☐☐☐☐☐☐ |

COPIA EMPLEADO

Original – Oficina Preintervención
Copia – Expediente empleado
Copia – Empleado
Copia – Oficina o División

**Gobierno de Puerto Rico**
Departamento de Transportación y Obras Públicas
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**

ACT-256
(Rev. 6/10)

**ANEJO X**

# ORDEN DE VIAJE

| 10 | | | | ORDEN DE VIAJE NUM. | | | | 17 |
|---|---|---|---|---|---|---|---|---|

| Nombre | 1 | Seguro Social | 9 |
|---|---|---|---|

| Título o Puesto | Grupo | Oficina | Área |
|---|---|---|---|

| Lugar Oficial de Trabajo | Residencia Privada |
|---|---|

**Tipo de Dieta**
1. Regular    18
2. Fija
3. Fija Especial

Comenzando en _____

Terminado en _____

**Código de Operación**
19    1. Nuevo
2. Cambio
3. Eliminado

| Lugar Oficial de Trabajo Temporero | Firma del Empleado |
|---|---|

Itinerario:

(Deberá utilizarse la ruta más corta excepto cuando sea necesario por el bien del servicio)

Propósito del Viaje:

Clase de Transportación:
☐ Automóvil propiedad de la Autoridad
☐ Automóvil público
☐ Otros

☐ Automóvil privado
Tablilla Número: _____
Marca _____ Modelo _____
Número Licencia Conductor _____
Seguro Automóvil:
Nombre Compañía _____
Cubierta _____ Vigencia _____
Número de Póliza

Deberes del Empleado:

Circunstancias que justifican el uso de su automóvil privado:

Certifico que los viajes que este empleado realizará son necesarios para cumplir con sus funciones; que el tipo de dieta y clase de transportación solicitados han de ser restringidos a aquellos casos en que resulte más económicos y ventajoso para la Autoridad; conforme al Reglamento Número 09-001 "Gastos de Viaje y Representación"y que toda información suministrada en esta solicitud es correcta.

_____    _____    _____
Supervisor Inmediato                     Título                                      Fecha

Se le autoriza a viajar y a incurrir en los gastos necesarios para realizar la misión oficial que se le ha encomendado. Este viaje se regirá por la reglamentación establecida por la Autoridad. Deberá rendir un informe detallado de todos los gastos de transportación y dietas asignadas.

Aprobado por: _____    _____    _____
Director Ejecutivo o su                    Título                                      Fecha
Representante Autorizado

HTA_CONF 00018060

**FedEx Express**

## Expanded Service International Air Waybill

For FedEx services worldwide.
Not all services and options are available to all destinations.

**Origin Copy**

FedEx Tracking Number  **8126 1820 4130   0425**  Form ID No.

### 1 From

Date  06/28/18   Sender's FedEx Account Number

Sender's Name  William Garcia   Phone

Company  Prime Clerk - Old San Juan Bankruptcy Court

Address  300 Recinto Sur Street

Address  Suite 109

City  San Juan   State/Province  PR

Country  US   ZIP/Postal Code  00401

Email Address

Internal Billing Reference  1845-02   5 Package Count

### 2 To

28 ☐ Residential Delivery

Recipient's Name   Phone

**RECEIVED**

Company  PRIME CLERK

**JUL 03 2018**

Address

Address  830 3RD AVE   Dept./Floor

**PRIME CLERK LLC**

City  NEW YORK   State/Province  NY

Country  US   ZIP/Postal Code  10022 7523

Email Address

### 4a Express Package Service   Packages up to 150 lbs. / 68 kg

NOTE: Service order has changed. Please select carefully.

06 ☐ FedEx Intl. First   01 ☑ FedEx Intl. Priority   03 ☐ FedEx Intl. Economy

### 4b Express Freight Service   Packages over 150 lbs. / 68 kg

70 ☐ FedEx Intl. Priority Freight   86 ☐ FedEx Intl. Economy Freight

Booking Number
Please call your nearest FedEx location to book shipments.

### 5 Packaging

06 ☐ FedEx Envelope   02 ☑ FedEx Pak   03 ☐ FedEx Box   04 ☐ FedEx Tube

15 ☐ FedEx 10kg Box   25 ☐ FedEx 25kg Box   01 ☐ Other

### 6a Special Handling and Delivery Signature Options   Fees may apply. See the FedEx Service Guide.

01 ☐ HOLD at FedEx Location   03 ☐ SATURDAY Delivery

10 ☐ Direct Signature   Someone at recipient's address may sign for delivery.   34 ☐ Indirect Signature   If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only.

Does this shipment contain dangerous goods?
One box must be checked / ticked.

No 04 ☐   Yes 04 ☐ As per attached Shipper's Declaration.   Yes 08 ☐ Shipper's Declaration not required.   06 ☐ Dry Ice   Dry Ice, 9, UN 1845 ____ x ____ kg

CA ☐ Cargo Aircraft Only

Restrictions apply for dangerous goods — see the current FedEx Service Guide.

### 6b Broker Selection   Optional. To specify a broker other than FedEx.

46 ☐ Intl. Broker Select

HTA_CONF 00018061

SRF 30337

Prime Clerk LLC
Commonwealth of Puerto Rico Supplemental Information Processing Center
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
T: (844) 822-9231
PRClaimsInfo@primeclerk.com

**\*\*\* Response Required \*\*\***

January 23, 2019

Re:     PROMESA Proof of Claim
        In re Commonwealth of Puerto Rico, Case No. 17-03283
        United States District Court for the District of Puerto Rico

Dear Sir or Madam:

THIS LETTER RELATES TO A PROOF OF CLAIM YOU FILED AGAINST THE GOVERNMENT OF PUERTO
RICO IN ITS PROCEEDINGS UNDER PROMESA.

PLEASE READ THIS LETTER CAREFULLY AND RESPOND IN ACCORDANCE WITH THE INSTRUCTIONS
BELOW.

FAILURE TO RESPOND MAY RESULT IN LEGAL ACTION TO FULLY OR PARTIALLY DISALLOW YOUR
CLAIM.

Prime Clerk maintains the Court's official claims register in the PROMESA cases and is reaching out to you
at this time to obtain important additional information about your claim, docketed at Claim Number 118147.
You may view your claim by visiting Prime Clerk's website at:
https://cases.primeclerk.com/puertorico/Home-ClaimInfo.

Please respond to this letter by returning the enclosed questionnaire in either English or Spanish **on or before
February 22, 2019**, and advise as to whether your claim relates to:

(i) a pending or closed legal action with or against the Puerto Rican government; and/or
(ii) your current or past employment with the Commonwealth of Puerto Rico or other branch of the Puerto
Rican government

In addition, please complete the attached form and provide the following information:

FOR LEGAL ACTION:

- Please provide us with information on the legal action, including:
    - the case number;
    - the court or agency's name and address;
    - the status of the case such as whether the case is pending, on appeal, or concluded;
    - if you have not commenced a legal action, please provide written notice of your intent to assert a
      claim, along with proof of mailing and contact information for counsel, if available.
- Please provide us with a copy of a pleading filed in the legal action such as a Complaint or an Answer; and
- If the legal action is concluded, please let us know whether you have an unpaid judgment and, if so, please
  provide us with a copy of the judgment. If you do not have a copy of the judgment, please advise as to the date
  and amount of the judgment.

[*Continued on Reverse*]

HTA_CONF 00018062

FOR CURRENT OR PAST EMPLOYMENT:

- Please let us know the specific agency or department where you were, or are, employed;
- Please let us know the specific period in which you were, or are, employed, in relation to the claim;
- Please let us know the last four digits of your social security number;
- Please let us know if your claim is related to your pension, unpaid wages, sick days, vacation, a union grievance, and/or a pending or closed legal action**; and
- To the extent you have any documentation in support of your claim, please include those documents in your response.

**If your claim is related to a pending or closed legal action, please provide all of the information and documentation requested in the "FOR LEGAL ACTION" section above.**

**Please respond to this letter on or before February 22, 2019**, with the requested information and documentation via email to PRClaimsInfo@primeclerk.com or by mail, hand delivery or overnight mail to the following address:

> Commonwealth of Puerto Rico Supplemental Information Processing Center
> c/o Prime Clerk, LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

All supplemental information which you provide will be appended to your claim and appear on the official claims register.  If you do not respond to this request and provide information and documentation in support of your claim, the Debtors may be forced to object to your claim.

If you have any questions about this letter or your claim, please call: 844-822-9231 or email: PRClaimsInfo@primeclerk.com.

PLEASE NOTE: Prime Clerk LLC is the claims and noticing agent in the government of Puerto Rico's cases, brought pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act. As such, we cannot provide legal or financial advice.

Thank you.

Prime Clerk



Prime Clerk LLC
(844) 822-9231·PRClaimsInfo@primeclerk.com

PROMESA PROOF OF CLAIM NUMBER: **118147**
Claimant Name: **Miranda Perez, Anibal**

**Please complete and return this form on or before February 22, 2019**, via email to
PRClaimsInfo@primeclerk.com or by mail, hand delivery, or overnight mail to the following address:

> Commonwealth of Puerto Rico Supplemental Information Processing Center
> 850 3rd Avenue, Suite 412,
> Brooklyn, NY 11232

All supplemental information which you provide will be appended to your claim and appear on the official claims
register.

BASIS OF CLAIM:

- ☒ A pending or closed legal action with or against the Puerto Rican government
- ☐ Current or Former Employment with the Government of Puerto Rico
- ☐ Other (describe): _____

FOR A LEGAL ACTION:

Have you commenced a legal action? ☒ / N

If Yes, fill out the sections below. If No, please attach written notice of your intent to assert a claim, along with proof of mail
and contact information for counsel, if available.

Identify the department or agency which is a party to the action: Puerto Rico Highway and Transp. Authority

Identify the name and address of the court or agency where the action is pending: United States District Court for the
District of Puerto Rico

Case number: ___Civil No. 15-1727 (MEL)___

Title, Caption, or Name of Case: ___JANET VAZQUEZ-VELAZQUEZ, et al v. PR Highway and Transp. Aut___

Status of the case (pending, on appeal, or concluded): ___pending___

Do you have an unpaid judgment? Y / N. If so, what is the date and amount of the judgment? ___No___

FOR CURRENT OR PAST EMPLOYMENT:

Specific agency or department where you were, or are, employed: _____

_____

Specific period in which you were, or are, employed, in relation to the claim: _____

Last four digits of your social security number: _____

*[Continued on Reverse]*

HTA_CONF 00018064

Nature of your employment claim:

| | |
|---|---|
| □  Pension | □  Union Grievance |
| □  Unpaid Wages | □  Pending or Closed Legal Action |
| □  Sick Days | □  Other: _____ |
| □  Vacation | _____ |

To the extent you have any documentation in support of your claim, please include those documents in your response.

*\*\*If your claim is related to a pending or closed legal action, please complete the "FOR A LEGAL ACTION" section above and provide all documentation requested therein.\*\**

FOR OTHER TYPE OF CLAIM:

Please describe the basis for your claim: _____

_____

To the extent you have any documentation in support of your claim, please include those documents in your response.

L-HR-L

Prime Clerk LLC
Centro de procesamiento de información complementaria del Estado Libre Asociado de Puerto Rico
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
T: (844) 822-9231
PRClaimsInfo@primeclerk.com

**\*\*\* Se requiere respuesta \*\*\***

23 de enero de 2019

Ref:    Evidencia de reclamación en virtud de la ley PROMESA
En el caso No. 17-03283 del Estado Libre Asociado de Puerto Rico,
Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico

Estimado/a:

ESTA CARTA SE RELACIONA CON UNA EVIDENCIA DE RECLAMACIÓN QUE PRESENTÓ CONTRA EL
GOBIERNO DE PUERTO RICO EN LOS PROCESOS QUE TRAMITAN EN VIRTUD DE LA LEY PROMESA.

LEA ATENTAMENTE ESTA CARTA Y RESPONDA DE ACUERDO CON LAS INSTRUCCIONES QUE SE
INCLUYEN A CONTINUACIÓN.

EL NO PRESENTAR UNA RESPUESTA PUEDE RESULTAR EN ACCIÓN LEGAL PARA DESACTIVAR
TOTALMENTE O PARCIALMENTE SU RECLAMACIÓN.

Prime Clerk mantiene el registro oficial de reclamaciones del tribunal en los casos al amparo de la ley
PROMESA y se comunica con usted en esta oportunidad para obtener información adicional importante
sobre su reclamación, registrada bajo el Número de reclamación 118147. Para acceder a su reclamación,
visite el sitio web de Prime Clerk: ttps://cases.primeclerk.com/puertorico/Home-ClaimInfo.

Favor de responder a esta carta devolviendo el cuestionario adjunto en inglés o en español **hasta el 22 de febrero
de 2019 inclusive**, e indique si su reclamación se refiere a lo siguiente:

(i) una acción legal pendiente de resolución o concluida con el gobierno de Puerto Rico o en contra de este; y/o
(ii) su empleo actual o anterior en El Estado Libre Asociado de Puerto Rico u otra división del gobierno
de Puerto Rico;

Así mismo, complete el formulario adjunto y proporcione la siguiente información:

PARA LA ACCIÓN LEGAL:

- Proporcione información sobre la acción legal, que incluya lo siguiente:
  - el número de caso;
  - el nombre y la dirección del tribunal o el organismo;
  - el estado del caso, por ejemplo si el caso está pendiente de resolución, en instancia de apelación o
    concluido;
  - si no ha iniciado una acción legal, proporcione una notificación por escrito de su intención de
    formular una reclamación, junto con la prueba de envío por correo e información de contacto
    para su abogado, si está disponible.
- Proporcione copia de un escrito presentado en la acción legal, tal como una demanda o una contestación; y
- Si la acción legal está concluida, indique si tiene una sentencia que aún no ha sido pagada y, de ser así,
  proporcione una copia de la sentencia. Si no posee una copia de la sentencia, indique la fecha y el monto de la
  sentencia.

HTA_CONF 00018066

PARA EL EMPLEO ACTUAL O ANTERIOR:

- Indique el organismo o departamento específico en el que trabaja o trabajó;
- Háganos saber el período específico en el que estuvo, o está empleado, en relación con la reclamación;
- Indique los últimos cuatro dígitos de su número de seguro social;
- Indique si su reclamación está relacionada con su pensión, con salarios impagos, días por enfermedad, una queja con el sindicato, y/o una acción legal pendiente de resolución o cerrada**; y
- En la medida que posea documentación de respaldo de su reclamación, incluya dichos documentos en su respuesta.

*\*\*Si su acción está relacionada con una acción legal pendiente de resolución o cerrada, indique toda la información y documentación que se solicita en la sección "PARA UNA ACCIÓN LEGAL", arriba.\*\**

**Responda a esta carta hasta el 22 de febrero de 2019 inclusive**, con la información y la documentación solicitadas por correo electrónico a PRClaimsInfo@primeclerk.com o por correo postal, entrega en mano o correo con entrega en 24 horas a la siguiente dirección:

Centro de procesamiento de información complementaria del Estado Libre Asociado de Puerto Rico
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

Toda la información complementaria que proporcione se adjuntará a su reclamación y aparecerá en el registro oficial de reclamaciones. Si usted no responde a esta solicitud ni proporciona la información y documentación que respalda su reclamación, los Deudores pueden verse obligados a formular una objeción contra su reclamación.

Si tiene alguna pregunta sobre esta carta o su reclamación, llame al 844-822-9231 o envíe un correo electrónico a PRClaimsInfo@primeclerk.com.

TENGA PRESENTE que Prime Clerk LLC es el agente de reclamaciones y avisos en los casos del gobierno de Puerto Rico, iniciados al amparo del Título III de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico. Por lo tanto, no podemos proporcionar asesoramiento legal ni financiero.

Muchas gracias.

Prime Clerk



L-HR-L

Prime Clerk LLC
(844) 822-9231·PRClaimsInfo@primeclerk.com

NÚMERO DE EVIDENCIA DE RECLAMACIÓN EN VIRTUD DE LA LEY PROMESA: **118147**
Nombre del Reclamante: **Miranda Perez, Anibal**

**Complete y envíe este formulario hasta el 22 de febrero de 2019 inclusive** por correo electrónico a
PRClaimsInfo@primeclerk.com o por correo postal, entrega en mano o correo con entrega en 24 horas a la siguiente
dirección:

Centro de procesamiento de información complementaria del Estado Libre Asociado de Puerto Rico
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

Toda la información complementaria que proporcione se adjuntará a su reclamación y aparecerá en el registro oficial de
reclamaciones.

FUNDAMENTO DE LA RECLAMACIÓN:

☐ Una acción legal pendiente de resolución o concluida con el gobierno de Puerto Rico o en contra de este

☐ Empleo actual o anterior en el gobierno de Puerto Rico

☐ Otro (describir): _____

PARA UNA ACCIÓN LEGAL:

¿Ha comenzado una acción legal? S / N

Si respondió afirmativamente, complete las secciones a continuación. Si la respuesta es No, adjunte un aviso por escrito de su intenc
de presentar una reclamación, junto con el comprobante de correo y la información de contacto del abogado, si está disponible.

Identifique el departamento o agencia que es parte de la acción: _____

_____

Identifique el nombre y la dirección de la corte o agencia donde la acción está pendiente: _____

_____

Número de caso: _____

Título, subtítulo o nombre del caso: _____

Estado del caso (pendiente, en apelación o concluido): _____

¿Tiene un juicio sin pagar? S / N. Si es así, ¿cuál es la fecha y el monto de la sentencia? _____

PARA EL EMPLEO ACTUAL O ANTERIOR:

El organismo o departamento específico en el que trabaja o trabajó: _____

_____

Período específico en el que estuvo, o está empleado en relación con la reclamación: _____

Los últimos cuatro dígitos de su número de seguro social: _____

*[Continúa al dorso]*

HTA_CONF 00018068

Naturaleza de la reclamación relacionada con empleo:

☐ Jubilación                    ☐ Queja con el sindicato

☐ Salarios impagos             ☐ Acción legal pendiente o cerrada

☐ Días por enfermedad          ☐ Otro: _____

☐ Vacaciones                   _____

En la medida que posea documentación para respaldar su reclamación, incluya dichos documentos en su respuesta.

**Si su acción está relacionada con una acción legal pendiente de resolución o cerrada, indique toda la información y documentación que se solicita en la sección "PARA UNA ACCIÓN LEGAL", arriba.**

PARA OTRO TIPO DE RECLAMACIÓN:

Describa el fundamento de su reclamación: _____

_____

En la medida que posea documentación de respaldo de su reclamación, incluya dichos documentos en su respuesta.



HTA_CONF 00018070

***CUST Puerto Rico 1845 SRF 30337 Pack ID: 1681 MMLID: 2032898 Svc List: Affected Claimant
Miranda Perez, Anibal
Juan Vilella-Janeiro, Esq.
PMB 291 #1353 Rd. 19
Guaynabo PR 00966-2700

If you have any questions about this notice, please call (844) 822-9231 (Local), or (646) 486-7944
(International),  email PuertoRicoInfo@PrimeClerk.com or visit https://cases.primeclerk.com/puertorico

*Si tiene preguntas acerca de este aviso, llame al (844) 822-9231 (local), (646) 486-7944*
*(internacional), envíe un correo electrónico a PuertoRicoInfo@PrimeClerk.com,*
*o visite https://cases.primeclerk.com/puertorico*



HTA_CONF 00018071