UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
     as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
:
     Debtors.[1] :
---------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
     as representative of : Case No. 17-BK-4780 (LTS)
:
PUERTO RICO ELECTRIC POWER AUTHOIRTY, :
:
     Debtor. :
---------------------------------------------------------------------- x

**LIMITED OMNIBUS OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (A) URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER EXTENDING MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE AND (B) MEDIATION TEAM'S NOTICE AND REQUEST FOR APPROVAL OF THIRD <u>EXTENSION OF TERMINATION DATE OF MEDIATION</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[1] respectfully submits this limited omnibus objection (the "Limited Objection") to (a) the [*Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline*] [Docket No. 2902 in Case No. 17-4780 (LTS)] (the "Oversight Board's Extension Request") and (b) the *Mediation Team's Notice and Request for Approval of Third Extension of Termination Date of Mediation* [Docket No. 2900 in Case No. 17-4780 (LTS)] (the "Mediation Team's Extension Request" and, together with the Oversight Board's Extension Request, the "Extension Requests").[2] In support of this Limited Objection, the Committee respectfully states as follows:

## LIMITED OBJECTION

1. Through the Extension Requests, the Oversight Board and the Mediation Team are requesting a further 15-day extension of the Termination Date and the Path Forward Deadline from July 31, 2022 to August 15, 2022, to be further extended through and including September 9, 2022, at the discretion of the Mediation Team. For the reasons set forth in its *Limited Omnibus Objection Of Official Committee of Unsecured Creditors to (A) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline and (B) Mediation Team's Notice and Request for Approval of Third Extension of Termination Date of Mediation*, dated June 26, 2022 [Docket No. 2867 in Case No. 17-4780 (LTS)] (the "Prior Limited Objection"), the Committee objects to the

---

[1] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Extension Requests.

requested further extension of mediation without also allowing for the litigation of certain Threshold Issues (as defined below) to commence. The Committee submits that all of the arguments raised in its Prior Limited Objection apply with equal (if not greater force) to the most recent Extension Requests, and, accordingly, incorporates the Prior Limited Objection herein by reference.

2. To be clear, the Committee continues to support a mediation process that brings **all parties** to the negotiating table to attempt to reach a global settlement on an expedited timetable. However, at no time during the last five years, and this includes the last three months of mediation, did the Committee receive a proposal from the Oversight Board regarding the plan treatment of PREPA's general unsecured creditors. Clearly, as evidenced by the (now-terminated) PREPA restructuring support agreement and as acknowledged by the Oversight Board in its extension request,[3] the Oversight Board has focused its efforts on first reaching a settlement with the PREPA bondholders.[4] But while the PREPA bondholders may nominally be the largest claimholder constituency, their claims are inferior to those of PREPA's general unsecured creditors because the PREPA bonds are **non-recourse** bonds secured only by certain very limited funds in specified accounts ($8 million as of PREPA's petition date) and without an unsecured deficiency claim against PREPA. In other words, (i) based on the Court's prior ruling in the HTA lift stay litigation regarding identical bond documentation, the PREPA bondholders have no secured claim other than the $8 million in certain specified accounts[5] and (ii) pursuant to

---

[3] See Oversight Board's Extension Request ¶ 7 ("The Mediation Team and Oversight Board have been primarily focused on engaging with holders and monoline insurers of PREPA's bonds, as PREPA's largest claimholder constituency.")

[4] That PREPA may have "started . . . formulating proposals for . . . the UCC" is little consolation, as no such proposal has yet been shared with the Committee and it is not even clear whether any such proposal would have the support of the Oversight Board.

[5] The Committee also notes that, as reported in Reorg Research, Prof. David Skeel, the chairman of the Oversight Board, recently stated that "[o]ur view is if they [*i.e.*, the PREPA bondholders] have a valid lien, the only lien

section 927 of the Bankruptcy Code, they have no unsecured deficiency claim against PREPA. Therefore, in effect, the Oversight Board is allocating PREPA's precious limited resources first to a group of inferior creditors, thereby risking that insufficient, or potentially no resources, remain to satisfy the superior claims of other PREPA creditors.

3. As discussed in the Prior Limited Objection, the Committee proposes that litigation proceed on the following two discrete legal issues (the "Threshold Issues"): (1) whether the PREPA bondholders' security interest is limited to funds actually deposited into specified accounts held by the PREPA bond trustee (in the amount of approximately $8 million as of PREPA's petition date); and (2) whether the PREPA bonds are non-recourse obligations such that, in accordance with section 927 of the Bankruptcy Code, the PREPA bondholders have no claim against, and are not entitled to distributions from, PREPA for any difference between the face amount of the bonds and the funds on deposit in the specified accounts. There is no reason why the parties cannot litigate while settlement discussions continue. In fact, litigation will likely help motivate the parties to make progress in settlement discussions.

[*Remainder of page intentionally left blank.*]

---

they have is on amounts that have already been transferred into a trust; it's a very small amount. . . . They only have a lien on payments for the benefit of bondholders. Until they are put into that account, the lien does not cover them." *Governor Vetoes Bills Conditioning PREPA Debt Restructuring, Privatization Processes; Oversight Board Chairman Skeel Discusses PREPA Bond Lien Amid Ongoing Mediation*, Reorg Research, July 19, 2022 (a copy of which is attached hereto as Exhibit A).

3

WHEREFORE, the Committee respectfully requests that the Court grant relief consistent with this Limited Objection.

Dated: July 28, 2022

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*