**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| CARMEN SOCORRO CRUZ HERNANDEZ, *et al.*,<br><br>Movants,<br><br>    v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | Re: ECF No. 21195 |

**DEBTOR'S OBJECTION TO APPLICATION FOR ALLOWANCE OF**
**ADMINISTRATIVE PRIORITY CLAIMS AND REQUESTING AN ORDER FOR**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

1

**IMMEDIATE PAYMENT FILED BY JUDGMENT CLAIMANTS IN THE CARMEN SOCORO CRUZ HERNANDEZ LITIGATION**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as its Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection (the "Objection") to the *Application for Allowance of Administrative Priority Claims and Requesting an Order for Immediate Payment filed by Judgment Claimants Case Carmen Socoro Cruz Hernandez et als V The Family Department, ARV and AIJ of the Commonwealth of Puerto Rico* [ECF No. 21195] (the "Motion"), filed by plaintiffs (collectively, the "Movants") in the litigation captioned *Carmen Socorro Cruz Hernandez, et als. v. Family Department, ARV and AIJ*, Case No. K AC 1991-0665 (the "Underlying Action"). In support of the Objection, the Debtor respectfully represents:

**PRELIMINARY STATEMENT**

1.  Movants assert they are entitled to administrative expense priority for back pay accrued entirely prior to commencement of the Title III cases. Movants' assert their claims arise from a 2006 Commonwealth court judgment (the "CFI Judgment"). Mot. at 2-3. Specifically, Movants claim, pursuant to the CFI Judgment, the Commonwealth is liable for a shortfall of Movants' salaries caused by not properly adjusting Movants' wages for their tenure, job functions,

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

responsibilities and requirements for services provided to the Commonwealth by Movants, on occasion when the Commonwealth implemented the Federal minimum wage laws. *Id.*[3]

2. Movants are not entitled to administrative expense priority for claims arising prepetition. As the Court is aware, during the Commonwealth's Title III case, the Court denied a substantially similar request for priority status by sustaining the Oversight Board's objection that wage creditors' proofs of claim should be classified as prepetition, general unsecured claims and not as allowable administrative expenses. *See* Aug. 4, 2021 Hr'g. Tr. at 113:18-24. In particular, the Court noted Bankruptcy Code section 503(b)(1)(A) permits priority only for "claims arising from events that occur after the commencement of a bankruptcy case, and all of these claimants are asserting claims that long predate the debtors' Title III petitions." *Id.* Following such ruling, those claimants requested the Court's reconsideration [ECF No. 17892] (the "Reconsideration Motion"), and the Court denied such request on April 18, 2022, reiterating that the claimants "failed to persuade the Court that 11 U.S.C. § 503(b)(1)(A) applied to their claims." *Order Denying Motion for the Reconsideration of the Order Entered on August 4, 2021, at the Omnibus Hearing Concerning the "Three Hundred Forty-Fifth Omnibus Objection"* [ECF No. 20569] at 4.

3. Here, Movants duplicate arguments raised in the Reconsideration Motion and separately attempt to challenge the Court's ruling on this issue. The reasons for denying the Motion are the same as the Oversight Board articulated in its opposition to the Reconsideration Motion [ECF No. 18013] and in its oppositions [*e.g.*, ECF No. 19091] to other motions filed by

---

[3] Movants admit that all Movants with claims of $20,000 or less are considered "Convenience Claims" under the Commonwealth's confirmed plan of adjustment. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No 19813-1] § 1.163. Therefore, only the claims greater than $20,000 (those that Movants list on Exhibit 3 to the Motion) are seeking administrative expense status. *See* Mot. Ex. 3. This is irrelevant—no claims in the Motion are entitled to administrative expense status because, as explained herein, none are attributable to the postpetition period.

counsel for Movants with substantially identical arguments [*e.g.*, ECF No. 18282]. In sum, the plain text of Bankruptcy Code section 503(b)(1)(A)(ii) limits administrative priority under the section to claims "attributable to any period of time occurring *after* commencement of the case . . . ." 11 U.S.C. § 503(b)(1)(A)(ii) (emphasis added).

4.　　　Accordingly, for the reasons set forth herein, the Motion should be denied.

## ARGUMENT

### I.　　Movants' Prepetition Claims are Not Entitled to Administrative Expense Status

5.　　　Movants assert, notwithstanding the prepetition nature of their asserted claim, they are entitled to administrative expense priority. This theory fails. Neither the statutory text nor caselaw supports Movants' request for administrative expense priority.

6.　　　Section 503(b)(1)(A)(ii) plainly states that only "wages and benefits awarded . . . as back pay *attributable to any period of time occurring after commencement of the case* . . . without regard to the time of the occurrence of unlawful conduct . . ." are eligible for treatment as an administrative expense. 11 U.S.C. § 503(b)(1)(A)(ii) (emphasis added). Movants concede the prepetition back pay asserted was attributable to the prepetition period. Mot. at 5 ("payment of the balances owed, on prepetition payroll is necessary to fairly compensate the employees for the reasonable value of services rendered in the ordinary course of employment[.]"). Movants identify no portion of section 503(b) that permits administrative expense status for prepetition periods.[4]

---

[4] Movants argue that payment of the asserted claims would not cause the Debtor to become insolvent. Mot. at 5-6. This appears to address the requirement under Bankruptcy Code section 503(b)(1)(A)(ii) that payment under that provision will not "substantially increase the probability of layoff or termination of current employees . . . ." 11 U.S.C. § 503(b)(1)(A)(ii). This requirement is unnecessary to address because, for the reasons stated herein, Movants have not met the first requirement that the wages be "attributable to" the postpetition period. *Id.*

7.      In support of their position, Movants cite *Matthews v. Truland Group., Inc. (In re Truland Group., Inc.)*, 520 B.R. 197 (Bankr. E.D. Va. 2014), *In re World Mktg. Chicago, LLC*, 564 B.R. 587 (Bankr. N.D. Ill. 2017), and *In re Phila. Newspapers, LLC*, 433 B.R. 164 (Bankr. E.D. Pa. 2010), none of which support Movants' position.  In each instance, the claims arose from either application of the WARN Act or a severance allegation, and the liabilities asserted were determined to be "attributable to" the postpetition period, even if the violation occurred prepetition. The WARN Act requires payment of sixty days of wages if employees are terminated on less than sixty days' notice.  Thus, if some of the sixty days occur postpetition, some courts have ruled the wages due during those days are postpetition claims.  Here, Movants are requesting wages for prepetition work, not postpetition work.

8.      In *Philadelphia Newspapers* the court interpreted the phrase "attributable to any period of time occurring after commencement of the case under this title" to require the claim accrue post-petition to be compensable as an administrative expense.  433 B.R. at 174-77.  The claimant in *Philadelphia Newspapers* was a discharged employee whose claim was partially based on his post-petition payments of healthcare premiums for postpetition healthcare.  The court held that, "if back pay is awarded for any period of time 'attributable to any time occurring after commencement of a case' *and* the back pay meets the other requirements listed in subsection (ii), then this Court holds that back pay constitutes an allowed, administrative expense[.]"  *Id.* at 175.

9.      Other courts have likewise interpreted the phrase "attributable to" to refer to wages and benefits that accrue post-petition.  *See, e.g.*, *In re Calumet Photographic, Inc.*, No. 14-08893, 2016 WL 3035468, at *3 (Bankr. N.D. Ill. May 19, 2016) ("Basically, the plain meaning of [section 503(b)(1)(A)(ii)] requires a court to determine if a claim relates to a post-petition time period despite the fact that the violation timing is of no regard."); *In re 710 Long Ridge Rd. Operating*

*Co., II, LLC*, 505 B.R. 163, 176 (Bankr. D.N.J. 2014) (granting administrative expense priority to portion of claims regarding lost wages for several post-petition days thus "attributable to" post-petition period).[5] Nor does the phrase "without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered" alter the result: rather, that phrase brings within the statute wages owed for services rendered *post*-petition, when the illegal conduct giving rise to such wages owed occurred *pre*-petition. *In re Trump Ent. Resorts, Inc.*, No. 14-12103, 2015 WL 1084294, at *4 (Bankr. D. Del. Mar. 9, 2015) ("Regardless of when the illegal conduct occurred, in order to qualify for administrative expense priority under section 503(b)(1)(A)(ii) the damages flowing therefrom must be attributable to sometime after the Petition Date[.]").

10.    As the Court has recognized,[6] the critical fact is the timing of the consideration supplied by the creditor. Here, Movants assert liabilities associated with unpaid wages for work actually performed prior to the filing of the Commonwealth's Title III case. Unlike severance and

---

[5] At least one court has adopted an even stricter approach, concluding that only employee claims that *vest* after the petition date are entitled to administrative expense treatment. Thus, in *Henderson v. Powermate Holding Corp. (In re Powermate Holding Corp.)*, a group of discharged employees asserted claims against the debtor in respect of wages and benefits owed pursuant to a federal law and sought administrative expense priority for any damages awarded in the suit. 394 B.R. 765 (Bankr. D. Del. 2008). The court noted that section 503(b)(1)(A)(ii) "describes two different times: the period to which back pay is *attributable* and the time of the *occurrence* of the unlawful conduct and/or when the services were rendered." *Id.* at 774. The court then held that "the only relevant consideration is the former time, the time to which the back pay is attributable which is when the rights or claims *vest or accrue*, and how that time relates to the petition date." *Id.* at 774-75. "If a claim vests pre-petition, then the back pay is attributable to the time occurring prior to the commencement of the case and therefore it is not an administrative expense claim." *Id.* at 775. Applying these principles to the claim, the court concluded that because the employees were terminated pre-petition, and their rights vested under the federal statute pre-petition, any damages from their suit would be "back pay attributable to" the pre-petition period and thus not eligible for administrative expense priority. *Id.* at 776.

[6] *See Opinion and Order Denying the DRA Parties' Motion for Allowance of an Administrative Expense Claim* [ECF No. 18892] (the "DRA Opinion") at 17-18 (discussing the "clear lesson" of seminal cases analyzing administrative expense priority).

WARN Act liability, which is a prospective right to payment when the employee is not allowed to work, the liability asserted here is underpayment for work actually performed prepetition. The claims' prepetition nature precludes administrative expense priority. *Mason v. Off. Comm. of Unsecured Creditors (In re FBI Distrib. Corp.)*, 330 F.3d 36, 48 (1st Cir. 2003) ("The consideration supporting the Retention Agreement—to forgo other employment opportunities— was supplied the moment she signed the agreement. Only the right to payment arose after the petition date."); *Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re Bos. Reg'l Med. Ctr., Inc.)*, 291 F.3d 111, 126 (1st Cir. 2002) ("We therefore hold that the Division's claims are entitled to administrative expense priority so far as, but no further than, the claims are for reimbursement for unemployment compensation paid on the basis of work done by employees after the filing of the Center's petition."); *In re Old Carco LLC*, 424 B.R. 650, 657 (Bankr. S.D.N.Y. 2010), *aff'd*, No. 09-50002 AJG, 2010 WL 4455648 (S.D.N.Y. Nov. 2, 2010) ("where . . . the consideration supporting the claim is supplied pre-petition, court[s] have determined that those claims are not entitled to administrative priority, even if the right to payment arises post-petition.").

11.      This Court's interpretation of section 503(b)(1)(A)(ii) as extending only to "events that occur after the commencement of a bankruptcy case," Aug. 4, 2021 Hr'g. Tr. at 113:19-24, is therefore entirely consistent with the plain language of the statute and the authority interpreting the phrase "attributable to." Neither the statutory language, the asserted facts, nor the caselaw Movants cite provides any basis for Movants' contrary reading.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth respectfully requests the Court deny the Motion and

grant such other and further relief as is just.

Dated: July 28, 2022                          Respectfully submitted,
San Juan, Puerto Rico

                                              /s/ Brian S. Rosen
                                              Martin J. Bienenstock (*pro hac vice*)
                                              Brian S. Rosen (*pro hac vice*)
                                              Ehud Barak (*pro hac vice*)
                                              **PROSKAUER ROSE LLP**
                                              Eleven Times Square
                                              New York, NY 10036
                                              Tel: (212) 969-3000
                                              Fax: (212) 969-2900

                                              *Attorneys for the Financial Oversight and
                                              Management Board as representative for the
                                              Debtors*

                                              /s/ Hermann D. Bauer

                                              Hermann D. Bauer
                                              USDC No. 215205
                                              Carla García-Benítez
                                              USDC No. 203708
                                              Gabriel A. Miranda
                                              USDC No. 306704
                                              **O'NEILL & BORGES LLC**
                                              250 Muñoz Rivera Ave., Suite 800
                                              San Juan, PR 00918-1813
                                              Tel:  (787) 764-8181
                                              Fax:  (787) 753-8944

                                              *Co-Attorney for the Financial Oversight and
                                              Management Board as representative for the
                                              Debtors*

8