# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>Re: ECF Nos. 2900, 2902, 2906, 2907 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br>　　　Movant. <br><br>v. <br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNIÓN DE TRABAJADORES DE LA INDUSTRIA ELÉCTRICA Y RIEGO, INC., SISTEMA DE RETIRO DE EMPLEADOS DE LA AUTORIDAD DE ENERGIA ELÉCTRICA <br><br>　　　Respondents. |

**OMNIBUS REPLY OF FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD IN SUPPORT OF MOTION TO EXTEND
MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE**

To The Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") in this Title III case pursuant to section 315(b) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"),[2] respectfully submits this reply (the "Reply") to (i) the *Joint Objection to: (A) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline and (B) Mediation Team's Notice and Request for Approval of Third Extension of Termination Date of Mediation* [ECF No. 2906][3] (the "Joint Objection") filed jointly by Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER") and Sistema de Retiro de Empleados de la Autoridad de Energia Eléctrica ("SREAEE") and (ii) the *Limited Omnibus Objection of Official Committee of Unsecured*

---

[2] PROMESA is codified at 48 U.S.C §§ 2101–2241.

[3] Unless otherwise specified herein, references to the docket shall refer to Case No. 17-4780.

2

*Creditors to (A) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline and (B) Mediation Team's Notice and Request for Approval of Third Extension of Termination Date of Mediation* [ECF No. 2907] (the "UCC Objection," and together with the Joint Objection, the "Objections") filed by the Official Committee of Unsecured Creditors (the "UCC," and together with UTIER and SREAEE, the "Objectors") and in support of the *Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline* [ECF No. 2902] (the "Urgent Motion").[4] In support of this Reply, the Oversight Board represents as follows:

## REPLY

1. The Urgent Motion seeks to extend Mediation by an additional two weeks, subject to an automatic extension to September 9, 2022 at the discretion of the Mediation Team if it believes material progress is being made in the mediation. The crux of both Objections is that litigation regarding certain threshold issues should commence and/or recommence, either in parallel with mediation (UCC Objection at 3) or with mediation being terminated (Joint Objection at 13). All Objectors, however, wish to engage in negotiations with the Oversight Board, including through the mediation process. *See* UCC Objection at 2 ("the Committee continues to support a mediation process that brings all parties to the negotiating table"); Joint Objection at 14 (arguing that resolution of threshold legal issues would aid negotiation).

2. While the time may come when litigation is needed to clarify legal rights and help facilitate negotiations, the Oversight Board defers to and agrees with the Mediation Team that

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Urgent Motion.

3

sought the limited extension and believes it is warranted. An extension of mediation and the Path Forward Deadline for this limited period would be beneficial to provide the Mediation Parties more time to conduct mediation without litigation and its attendant distraction and additional costs. Steadily-decreasing liquidity remains a significant issue for the utility. Additionally, the outcome of mediation with the Bondholders has important implications for what can be negotiated with the UCC and unions. Because the Bondholders' claim is approximately $9 billion, it was important to concentrate on their claim first.

3. The narrow extensions do not prejudice Objectors. Two of the issues they want to litigate are already articulated on the record through the lien challenge adversary proceeding. While actual litigation would include a third issue (Bankruptcy Code section 927), all pertinent parties are aware of it. Likewise, the fuel line lenders' complaint for current expense priority is well known to all parties and the legal issues are fully briefed and ready for adjudication, if necessary. Thus, negotiations can already take these issues into account. The Oversight Board previously represented "[t]o the extent, however, a consensual plan is not formulated or no material progress is made over the next month, it may well be best to mediate and litigate simultaneously— but that time is not yet upon us." *See* ECF No. 2826. The Oversight Board believes that is still the case. As the Court knows, the issues have immense consequences for all stakeholders and all residents of Puerto Rico. That the prior extension was not long enough to determine if any consensus can be reached does not mean the effort is not worthwhile. As long as the Mediation Team continues to believe that progress has been made, and can continue to be made, without resorting to litigation, that path should be fully explored.

4. UTIER and SREAEE additionally raise the concern that they have not been party to any mediation sessions to date. The Oversight Board has a strong desire to commence mediation

with them as soon as possible and is prepared to do so. We understand the Mediation Team desires to engage in informational sessions with both sides to further understand the myriad legal and economic issues surrounding UTIER's and SREAEE's claims. These sessions should be forthcoming and have only been delayed as the focus has been on mediation with PREPA's bondholders. Nevertheless, counsel for the Oversight Board met with counsel for UTIER and SRAEE and reiterated the Oversight Board remains committed to negotiating with them, and that it is working with the Mediation Team to set up a mediation session during the requested extension period. The Oversight Board has also used this time to do substantial work to prepare for engaging with UTIER and SREAEE and hopes this preparation can lead to productive mediated sessions.

5. For these reasons, and for those set forth in the Urgent Motion, the Oversight Board submits the Objections should be overruled and the relief requested in the Urgent Motion should be granted.

Dated: July 29, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

*Attorneys for the Financial
Oversight and Management Board
as representative for PREPA*

5

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorney for the Financial Oversight and Management Board as representative for PREPA*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer