UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

ORDER GRANTING THE (A) MEDIATION TEAM'S NOTICE AND REQUEST
FOR APPROVAL OF THIRD EXTENSION OF TERMINATION DATE OF MEDIATION AND
(B) URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER
EXTENDING MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE

Before the Court are the *Mediation Team's Notice and Request for Approval of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481) (the "Commonwealth"); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Third Extension of Termination Date of Mediation* (Docket Entry No. 21602 in Case No. 17-3283 and Docket Entry No. 2900 in Case No. 17-4780) (the "Notice and Request"), filed by the Mediation Team, as well as the *Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline* (Docket Entry No. 21609 in Case No. 17-3283 and Docket Entry No. 2902 in Case No. 17-4780) (the "Urgent Motion"), filed by the Oversight Board on behalf of PREPA.[2]

Through the Notice and Request, the Mediation Team requests that the Court (i) approve a third extension of the Termination Date[3] to August 15, 2022, at 11:59 p.m. (Atlantic Standard Time), and (ii) grant the Mediation Team discretion to further extend the Termination Date without this Court's approval after notice of such proposed extension to parties in interest, based on its assessment of the material progress of the Mediation, but in no event to extend the Termination Date beyond September 9, 2022, at 11:59 p.m. (Atlantic Standard Time). (Notice and Request at 3.)[4] Through the Urgent Motion, the Oversight Board requests extensions of both the Termination Date and the Path Forward Deadline[5] through August 15, 2022, subject to an extension without further Court approval, and at the Mediation Team's discretion, through and including September 9, 2022, when and if the Mediation Team files a notice of such proposed extension. (Urgent Mot. ¶¶ 1, 6.)

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion, the Notice and Request, and the Objections, as defined below.

[3] The Termination Date is the deadline for the mediation process.

[4] The Notice and Request also requests that the Court "grant the Mediation Team discretion to extend the Termination Date for purposes of its involvement in any secondary or drafting terms." (Notice and Request at 3.)

[5] The Path Forward Deadline is the deadline for the Oversight Board to file either (a) a plan of adjustment, (b) a term sheet for a plan of adjustment, (c) a litigation schedule, or (d) a declaration and memorandum of law showing cause why the Court should not consider dismissal of PREPA's Title III case.

The Court has also received and reviewed the *Limited Omnibus Objection of Official Committee of Unsecured Creditors to (A) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline and (B) Mediation Team's Notice and Request for Approval of Third Extension of Termination Date of Mediation* (Docket Entry No. 21639 in Case No. 17-3283 and Docket Entry No. 2907 in Case No. 17-4780) (the "UCC Objection") filed by the Official Committee of Unsecured Creditors (the "Committee"), as well as the *Joint Objection to: (A) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline and (B) Mediation Teams Notice and Request for Approval of Third Extension of Termination Date of Mediation* (Docket Entry No. 2906 in Case No. 17-4780) (the "UTIER/SREAEE Objection," and together with the UCC Objection, the "Objections") filed by Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER") and Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica ("SREAEE").

Through their objection, UTIER and SREAEE dispute that they have been included in the mediation process and together now oppose any further extension of the Path Forward Deadline and Termination Deadline, urging that litigation commence immediately on threshold issues (with mediation perhaps to resume only subsequently). (UTIER/SREAEE Obj. ¶¶ 12–13.)

The Committee does not oppose extension of the Termination Date and the Path Forward Deadline, but reiterates its belief that (a) the mediation process has not yet brought all of the relevant parties to the table, and (b) litigation of significant "threshold issues" in tandem with the mediation process would impel progress in settlement discussions. (UCC Obj. ¶ 2–3.)

The Court has considered carefully the Objections, as well as the Mediation Team's *Reply in Support of the Request for Approval of Third Extension of the Mediation Termination Date* (Docket Entry No. 21656 in Case No. 17-3283 and Docket Entry No. 2908 in Case No. 17-4780) (the "MT Reply"), and the *Omnibus Reply of Financial Oversight and Management Board in Support of Motion to Extend Mediation Termination Date and Related Path Forward Deadline* (Docket Entry No. 21660 in Case No. 17-3283; Docket Entry No. 2909 in Case No. 17-4780) (the "FOMB Reply").

The Court is mindful that settlement discussions have not progressed with a speed commensurate with the original desired timetable of all parties and the Court. The Court also recognizes that the Committee, UTIER, and SREAEE have not, since the previous extension, been made involved to the extent they expected. In its reply in support of the Notice and Request, the Mediation Team acknowledges and addresses these "understandable concerns" and recognizes that some parties are "legitimately frustrated." (MT Reply ¶ 1.) The Mediation Team recognizes the importance of a global resolution, but has deemed it best to engage in a staged process thus far. (MT Reply ¶ 1.) That said, the Mediation Team represents that the Oversight Board's "latest proposal reflects substantial progress" and that it is "crucial" to continue the mediation process. (MT Reply ¶ 2.)

The Court is encouraged by the Oversight Board's representations that it is "formulating proposals" for discussion with the Mediation Parties (Urgent Mot. ¶ 1), and that it is "working with the Mediation Team to set up a mediation session" with UTIER and SREAEE during the requested extension period (FOMB Reply ¶ 4). The Oversight Board has also represented that negotiations with the Bondholders will affect any proposals to the Committee, UTIER, and SREAEE. (FOMB Reply ¶ 2.)

In light of the Mediation Team's statement that the mediation process has resulted in substantial progress, and in light of the Oversight Board's representations, the Court will not order the commencement of litigation at this juncture. Therefore, the Objections are overruled.

Accordingly, the Court having found the Oversight Board and Mediation Team provided adequate and appropriate notice of the Urgent Motion and the Notice and Request, respectively, under the circumstances and that no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief set forth herein; it is hereby ORDERED that:

1. The relief sought by the Urgent Motion and the Notice and Request is GRANTED as set forth herein.

2. The Court extends through **August 15, 2022**, the (i) Termination Date for mediation, and (ii) Path Forward Deadline for the Oversight Board to file either (a) a plan of adjustment, (b) a term sheet for a plan of adjustment, (c) a litigation schedule, or (d) a declaration and memorandum of law showing cause as to why the Court should not consider dismissal of PREPA's Title III case, as set forth in the Court's June 29 Order.

3. The Termination Date is further subject to an automatic extension or extensions through and including **September 9, 2022**, at the Mediation Team's discretion based on its assessment of the material progress of the mediation process, after notice of such extension to parties in interest and without further Court approval, when and if the Mediation Team files a notice of such extension with the Court (an "Extension Notice").

4. Upon the filing of an Extension Notice, the Path Forward Deadline will, without further Court approval, automatically be extended to the concurrent extended Termination Deadline.

5. Except as provided in paragraphs 2, 3, and 4 above, the Termination Date and Path Forward Deadline may be further extended only upon this Court's approval after notice of such additional proposed extension to parties in interest; provided, however, the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting items, and such extension would be independent of the Path Forward Deadline.

6. This Order shall take immediate effect and be enforceable upon its entry.

7. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

8. This Order resolves Docket Entry Nos. 21602 & 21609 in Case No. 17-3283 and Docket Entry Nos. 2900 & 2902 in Case No. 17-4780.

SO ORDERED.

Dated: July 29, 2022

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge