# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
As representative of

THE COMMONWEALTH OF PUERTO RICO, et al.
Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283 (LTS)

RE: 20670; 21507; 21194; 21224; 21227; 21230.

## REPLY TO OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO URGENT MOTION REQUESTING MODIFICATION OF LIFT OF STAY ORDERS OR IN THE ALTERNATIVE, REQUESTING A RULING OR ENTRY OF A COMFORT ORDER FOR MANDATORY MEDIATION

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COMES current and former employees of the Commonwealth of Puerto Rico and that are accumulated in the group litigation cases captioned, Francisco Beltran-Cintron, Plaintiff Group collectively (the Beltran-Cintron Plaintiff Group(4,593 Plaintiffs); CASP case no. 2021-05-0345], (originally CFI case no. K AC2009-0809; Abraham-Giménez, et al (1,046 Plaintiffs) collectively (the Abraham Giménez, Plaintiffs Group; CASP case No. 2021-05-0346 (Originally CFI case No. K AC 2013-1019; (Claim 22819); Prudencio Acevedo-Arocho, et al (sub group of Auditors and Tax specialists) CFI Case

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

No. 2005—5022, (Movants") and together, through the undersigned counsel and very respectfully submits Movants Reply since the treatment of their claims are being improperly dealt with. In support of this motion, states as follows:

## I. PRELIMINARY STATEMENT

As an initial matter and because the Oversight Board Objection to the Urgent Joint Motion requesting for approval of Modification to the Automatic Stay and as explained below in more detail, dramatizes the difficulties, potential abuse and conflicts of interest that result when the Oversight Board, as Debtor's representative in this Title III case, fails to comply its fiduciary duties and is uncooperative, due to conflicts of interest.

Consequently and place the Oversight Board's objections in context, is also important to bring into consideration of the Court, that the arguments presented, not only omits relevant procedural facts, but include self-serving and subjective interpretations of the ongoing litigation, in a clear intent to prevent an adjudication in the merits of Movant's claims and evade liability for underpayment of wages, in violation of state and federal minimum wage laws.

Also and because the Oversight Board's treatment of Movant's claims under a realistic perspective, unveil the magnitude of the problem and ongoing practice of wage theft by an alarming number of employers in U.S. and which troubling practice is ongoing at the Commonwealth of Puerto Rico government agencies of reference here. Said illegal practice must stop, since for the practical implications, is critical to obtain in the present cases the employee's support, in order to guarantee a successful government

2

reorganization, and ultimately, provide the residents of Puerto Rico uninterrupted essential services, which is one of the main goals of PROMESA.[2]

In addition, because is important to remember that the Oversight Board exist to bring transparency to government management and restore public confidence ……… not to enable to sham wage laws violations. Therefore, most not self-deal, cannot act with a conflict of interest and must not take actions which are improper, In re Coram Healthcare Corp., 271 B.R. 228, 235 (Bankr. D. Del. 2001)

In consequence, Movants respectfully states as follows:

## ARGUMENT

A. In regards the Oversight Board's arguments in opposition of the modification of the lift of stay, Movants objects for misleading the conclusions, interpretations, and incomplete and tergiversate exposition of the procedural background of the outstanding litigation, and self-serving analysis of the relevant factors courts consider and weigh to authorize the modification of a lift of stay, as first identified by the Second Circuit in, In re: Sonnax Indus., Inc., 907 F.2d 1280, 1285-86 (2d Cir. 1990),

To said effect, is important to bring to the Court consideration that, as previously discussed "The party moving for the automatic stay to be lifted need not prove a plurality of these factors. Therefore, when analyzing the Oversight Board Opposition, is pertinent to note that they do not dispute that the Commonwealth has four unfavorable

---

[2] See Lauren K. Dasse, Note, Wage Theft in New York- The Wage Theft Prevention Act as a Counter to an Endemic Problem, 16 CUNY L. REV. 97, 116 (2012) ("[L]ow-wage workers [often] receive a judgment in their favor but never see the money, because, for example, the employer has transferred his or her assets to someone else, sold the business and moved on, or has disappeared and is nowhere to be found.").

judgements against the individual agencies, for the same cause of action.[3] Most notably, is that the Oversight Board does not mention said relevant fact while considering the application of the Sonax factors. Consequently, and taking the high probability of success in the resolution of Movants wage claims, that factor weighs favorably towards modifying the automatic stay, since the final prong of this analysis requires just a minimal showing that the Movant's claims are not "frivolous."

In objection to the Oversight Board Motion, Movants incorpores by reference all allegations and legal arguments set forth in Movant's Urgent Motion for Modification of the stay, as if fully transcribed herein.

To the same effect, with respect the arguments included in paragraphs 3, 4, 10, 14, 16, 17, 18 and 19 of the Motion, concerning the litigation captioned Acevedo Arocho, Prudencio – must be brought to the consideration of the Honorable Court, that although the Oversight Board has direct knowledge that the group of Auditors and Tax Specialist accumulated in the complaint filed at the Commonwealth CFI a separate cause of action that was not dismissed by the Partial judgment entered in the reference case and that was not applied to the auditor's claim the status of limitations, at paragraphs 3, the Oversight Board try to mislead the Court when knowingly, intentionally and in bad faith referring to the Auditors "cause of action" express their "understanding" upon discussion with Movants counsel, that the Auditors claim "was stayed in connection with the pending determination by the Puerto Rico Supreme Court regarding the matter on appeal, to proceed to final judgment, but not execution, before the P. R. court of First Instance.

---

[3] See judgments entered in the litigation caption: Juan Pérez Colon et als v DTOP (324 Plaintiffs), case no. K AC1990-0487; Carmen Socorro Cruz Hernández et al v Depto. Familia et als (334 plaintiffs), case no. K AC1991-0665; Nilda Agosto et als v Depto. Familia, et als (729 Plaintiffs) case no. K PE2005-0608, and Jeanette Abrams Diaz et als v DTOP, ( 1,084 Plaintiffs) case no. K AC 2005-5021.

4

This statement is false, since the plain text of the Partial Judgement entered by the CFI, clearly establish a contrary reading, since the Auditors cause of action was not dismissed, but to the contrary, the court scheduled the mentioned cause of action for a hearing.[4] Therefore, the cause of action filed by the Auditors and tax specialist, live.

In view of the above and for the same reason, Movants objects the allegations included at paragraphs 28, 30, 32 and 38, since again the Oversight Board, improperly and in bad faith pretends to formulate an impermissible collateral attack to the "Res judicata" principles and the proper application of law, when represents that the "Appeal in the Acevedo Arocho litigation and corresponding Supreme Court decision may have a dispositive impact on the outstanding litigation". Particularly, because is a known legal principle that "laches" and statute of limitations are affirmative defenses, were its application must be made case by case.

Equally meritless and misleading is the argument included at paragraphs 34 and 35,

---

[4] Textually the Amended Partial Judgment reads as follows:

AMENDED PARTIAL JUDGMENT

On the grounds set out above, the Court declares the Motion "HA LUGAR" requesting a summary judgment filed by the Plaintiffs. The lawsuit is dismissed except for the actions filed by the group of Auditors, Tax Specialists and Executives in Tax Matters and on the nullity of the General Memorandum No. 5-86, for understanding that there are core issues in controversy.

The continuation of the procedures is ordered according to compatibility with this Partial Judgment. A status hearing of the proceedings is scheduled for March 29, 2017, at 9:00 a.m. As there is no reason to postpone issuing a partial judgment on the basis described herein until the final resolution of the actions initiated, it is ordered that this Partial Judgment be registered and notified in accordance with Rule 42.3 of Civil Procedure, 32 LPRA Ap. V.

REGISTER AND NOTIFY.

In San Juan, Puerto Rico, on February 27, 2017. Signed, Carlos E. Carrasquillo Soto. Superior court Judge

5

where the Oversight Board express, in the interest of preventing an unfavorable judgment against the Debtors, that the Movants request for modification of the stay is not justified by alleging that the Movant's action essentially involves third parties, since the name defendants are the Department of Transportation, and Public Works, the Department of Family and Department of Treasury.

This type of representation is clearly without merit, since is of common knowledge that under Puerto Rico laws, traditional government agencies, except public corporations, does not have independent personality from the Commonwealth of P.R.[5]

Equally frivolous are the allegation included at paragraphs 36, and 37 concerning Sonax Factor 7. This time, is arbitrarily argued that allowing the litigation to proceed, "would prejudice the interest of other creditors and the Debtors ability to assess and seek a resolution to Movants Proof of claims within the time frame contemplated in the Commonwealth Plan and would negatively impact the pro rata distribution of the CW GUC Recovery to all general unsecured claimants of the Commonwealth. Movant's object said allegation because is not supported under sections 503 and 507 of the Bankruptcy Code and Article III of confirmed amended Plan [ Docket entry no. 19813 ], which sections provides the standards for determining whether a claim is entitled to priority, and in this case, there can be no doubt that Movant's employee's claims satisfy the test.

Also, because in its opposition the Oversight Board omits to disclose that the Movants claims have priority status under section 503 subsection A (ii) of the Bankruptcy Code, and under the solvent debtor exception and that the Oversight Board was on notice

---

[5] See Fred y otros v. E.L.A. ,150 D.P.R. 599 (2000) and Rivera Maldonado v ELA, 119 DPR 74 (1987). See also, local Rule 4.4 of Civil Procedure, 32 L.P.R.A. Ap. III, concerning Commonwealth of PR instrumentalities summons.

6

of Movant's priority payment request *ab initio,* and to said effect, the Movant's claims are the subject of several unresolved motions pending adjudication by this Court.[6]

In view of the above, not only the Oversight Board omits to disclose material facts that has direct knowledge, but misconstrue the facts and applicable law in its own convenience, as previously shown above and by using rhetorical and tergiversate arguments, try to justify their opposition for the modification of the lift of the stay. [7]

Under mention circunstances, Movants submits that, the application of an extended and indefinite Stay, to prevent an adjudication on the merit of Movants wage claims, will work as a constitutional injury to Petitioners, inasmuch will operate to deprive Petitioners—without any process—of the right to obtain full priority payment of the wages owed for work performed and have their claims of constitutional violations adjudicated by a competent court.

Also, because "the automatic stay was never intended to preclude a determination regarding the fact and amount of the debtor's liability. It was merely intended to prevent a prejudicial dissipation of a debtor's assets

In addition, because under the circumstances above described, is evident that the Oversight Board conduct of radically opposing the modification of the stay order is tantamount of litigating with unclean hands.

Therefore, considering the balances of equities, Movants must insist, given the arbitrary conduct observed by the Debtors as explained above, the objection to an order

---

[6] See Docket No. 21194; 21224; 21227; 21230.
[7] As another example of the multiple tergiversed representations, is the statement included al paragraph 15, were asserts with respect to all litigation, other than the Acevedo Arocho, that are on initial stage, when the truth of the matter is that the litigation has been ongoing for almost a decade and defendants not only have stipulated all material facts but have fully brief and argued the legal controversies applicable.

to modify the stay, to allow Movants to continue to pursue their claims against the Debtor in the forums of origin, must be overruled.

B. Also and for being intimately related, concerning the Oversight Board argument, were express that the ADR and ACR procedures established in these Title III Cases do not create an independent right for Movants' claims to be addressed under such procedures or to require the Debtors to submit particular claims into the ADR or ACR Procedures, is also without merit, since constitutes a pattern of the same arbitrary conduct.

First, because the argument is premised in the allegation that the Commonwealth should be afforded the opportunity to continue reviewing and reconcile an unprecedented number of claims, by giving the Court and the Debtors discretion to objecting to claims and/or transferring them into the ADR or ACR Procedures, when ready to do so. Movants objects said explanation since contradicts the very purpose of the claims review process in these Title III cases, in view that **_the Oversight Board in its explanation_ omits a critical phase of the process and that includes the settlement and full payment of meritorious employees wage disputes, to prevent frivolous litigation.**

Second: Once this Court authorized the Debtor to establish the referenced programs, the Oversight Board has the ministerial responsibility to administer the procedures, in accordance with the minimum good faith standard. [8]

Third: Because after an evaluation of the Oversight Board overall conduct and its failure to comply with the bankruptcy review standards of Movants group claims thought the ACR process, is more than obvious that the absolute discretion argument, as a

---

[8] See Harner, Michelle M., "Final Report of the ABI Commission to Study the Reform of Chapter 11(2014). Book Gallery. Book 97, recommended principles, were at pag. 21 express that applicable state law fiduciary duties should continue to govern the conduct of the debtor in possession's board of directors, officers, or similar managing persons.

practical matter, leads to an absurd result, since leave Movant's with "no recourse whatsoever to pursue their wage claims and without adequate protection.

The failure to provide such adequate protection constitutes "cause" for relief from the automatic stay under Section 362 of the Bankruptcy Code.

In addition, because is easy to understand from a conceptual perspective, that to follow the rule of absolute discretion to administer the review process of employee's claims, as articulated by the Oversight Board, not only would lead to discriminatory treatment against selected employee's claims, including the Movants, but will make relatively easy for the Debtor's to avoid liability for the wages owed to employees, by simply not performing the claims review.

The present case is an extreme example of the abuse of discretion. Particularly, because the record shows that although the Movant's have a colorable claim for underpayment of their regular wages, attributable to the debtor's violation of state and federal wage laws, the Oversight Board knowingly, intentionally and in bad faith, at paragraphs 5, argue that Movant's must wait for the resolution and payment of their claims according to the terms of the Commonwealth Plan and Confirmation order.

Equally arbitrary is the explanation given at paragraphs 40, 43 and 44, were the Oversight Board express that the reconciliation process remains ongoing and that the Commonwealth should be afforded the opportunity to continue reviewing and reconciling claims, including by objecting to the claims and/or transferring them into the ADR or ACR Procedures when ready to do so, is both shocking and revealing.

Particularly, because is of public record that, since the beginning of the ACR and ADR Process in early 2020, and considering that more than two year have elapsed, and having

the Oversight Board conducted a massive review process, pursuant to the omnibus objection procedure, and proceeded to consolidate hundred, if not thousands of individual claims, with the Movants Master claims, by classifying them as duplicate, to finally abandon the formal review on the merit of Movant's group claims, is arbitrary.

Therefore, the real question the Oversight Board must answer is why, having express knowledge of the nature of Movant's claims, continues to look in the other way and has failed to complete the review process of Movant's claims. This is a clear conflict of interest.

Explanations are required here This Court should investigate the inner workings of the Oversight Board conduct in regards Movants claims review process to guarantee full transparency, not only in view of the high public interest that has the resolution of the Movants claims have, for the extraordinary number of affected employees, but also in consideration of the nature of the complaints, were is disclosed a prolong pattern of wage laws violations by the Debtors and which remains sub judice before the Commonwealth forums.

Also, and to add to the injury, is critical to consider that this Court required the Oversight Board to submit a list identifying the currently outstanding asserted claims and Disputed claims that will be subject to resolution and provide an explanation of how the matter shall be resolved. After verifying the corresponding response, the Debtor fail to include Movants wage claims in the list of pending relevant matters that remains outstanding.[9]

In addition, because when the arguments proffered by the Oversight Board at paragraphs 43 and 44 of the Motion are analyzed, can be observed the same evasive

---

[9] See Order at Docket entry 20341and the corresponding response, at Docket entry 20445

conduct and conflict of interest, since notably, the information provided of the current claim evaluation process, again are evasive, since does not provide the Court with details regarding the additional time needed for the review of Movants claims or the extent, scope or reasons established for the removal of claims from the ACR or ADR Procedures.[10]

Consequently, this Court must not permit the Oversight Board to continue to evade compliance with its responsibility with PROMESA bankruptcy case review standards, in order to try to exempt the Debtor's from Wage Act liability. See Art II, sec 16 of the P.R. Constitution, Law No. 89 of 1979 and Regulations and Crocker v Townsend Oil Co., 464 Mass. 1, 979 N.E. 2d. 1077, 1086 n. 15 (2012) and Camara v Attorney General, 458 Mass. 756; 941 N.E., 2d 1118 at 1121 (2011).

Also, because to the extend the Oversight Board officials, as representatives of the Commonwealth, are permitted to act in an unrestrained way, and continue avoiding the review of Movants claims, offend due process. Yick Wo v. Hopkins, 118 U.S. 356, 6 S. Ct. 1064, 30 L.Ed. 220 (1886).

Furthermore, because absent an explanation as to the reasons of why the Oversight Board have not transferred the group wage claims to the ACR process, is clear that this Court can only assume that the failure to present a proper justification, is arbitrary and constitutes an abuse of discretion or otherwise, not in accordance with the ACR Order. See. Cf. Kunz v. New York, 340 U.S. 290, 293, 71 S.Ct. 312, 95 L.Ed. 280 (1951).

Consequently, Movants submits that is highly questionable, that the Oversight Board is not performing according to the fiduciary duties mandated by PROMESA, and is putting in jeopardy the success of the reorganization, since is evident that if the Movants claims are

---

[10] See Motion, footnotes no. 10 and 11

11

not review on the merits, the tensions between Debtors and employees will continue to escalate and will be more difficult to retain capable management, and employees and the reorganization would be more difficult to archive.

A contrary approach would render the court's review of the matters committed to the Oversight Board's determination meaningless. Particularly, because it is rudimentary principle in administrative law, that discretion as to the substance of the ultimate decision does not confer discretion to ignore the required procedures of decision-making. With no rational explanation, as to why the Oversight Board has choose not to transfer the Group claims to the ACR process, and considering the high public interest that present their claims, is critical this Honorable Court grands the present Motion, to guarantee the group claimants substantive rights, and prevent arbitrary decision-making. See McLane Co. v. Equal Employment Opportunity Commission, 581 U.S. 842 (2017).

Further, because this Court must not tolerate the unlawful circumvention of the Oversight Board review of Movants group claims and collusively economically profit from wage law violations, in detriment and expense of the services rendered by Movant's as government employees.

The Oversight Board is legally compelled to end public corruption and reinstate public confidence in government affairs, not to sham employer's wage violations. Precisely, to combat this type of behavior is the reason that PROMESA was enacted."

C. In respect Movant's alternative request for an Order for Mandatory Mediation, and Which the Oversight Board's oppose, under the allegation that is procedurally improper, pursuant to local Bankruptcy Rule 4001-1, Movants objects said argument, for being equally misleading.

12

Particularly, because as a court in equity, this Court has the ability to issue orders necessary or appropriate to carry out provisions of the Bankruptcy Code, as made applicable by Title III and as expressly recognized by the Commonwealth of Puerto Rico in its confirmed Plan of Adjustment. See 11 U.S.C. §105(a).

Also, because Movants have a legitimate concern to see whether a consensual resolution can be entered on their wage claims, since affected employees raise valid issues regarding the unpaid wages, as result of the government agencies violation of state (Commonwealth of P.R.) and federal wage laws and without incurring additional time and expenses preparing for litigation.

The focus of the parties should remain on finding a consensual resolution on the amounts of the wages owed to the individual plaintiff's and the allowability of their claims payments, over and above the amounts of cash reserves available for the payment of Administrative priority claims under section 503 (b) of the Bankruptcy Code and finding alternatives for a payment plan.

Therefore, and to the extent the parties to these dispute are well aware of the legal arguments and are fully capable of evaluating such positions in the context of settlement negotiations in mediation, Movants submits the Objection should be overruled and the alternative relief requested -should be granted. Any ruling to the contrary by the Court would be contrary to the legislative spirit of PROMESA.

Also, because here is of significant importance to remember that "A basic tenet of equity jurisprudence is that the party seeking equitable relief must come to the court with' "clean hands." *Fulton Co. Dep't of Human Servs. v. Dodd (In re Dodd* 276 B.R.

817 (Bankr.N.D.Ohio 2001).

The essence of this doctrine is that no person can obtain affirmative relief in equity with respect to a transaction in which he or she has been guilty of inequitable conduet[.] ... This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion. *Id.* at 821 (citations omitted); *see also Sasson v. Sokoloff (In re Sasson),* 424 F.3d 864, 868-69 (9th Cir.2005).

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants in this case.

In San Juan, Puerto Rico, this 29 day of July 2022.

ATTORNEY FOR THE WAGE CREDITORS

By: /s/ IVONNE GONZALEZ-MORALES
IVONNE GONZALEZ-MORALES
USDC NUM: 202701
PO BOX 9021828
SAN JUAN, PR 00902-1828
Telephone: (787) 410-0119
E-mail: ivonnegm@prw.net