### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Defendants | PROMESA<br><br>Title III<br>No. 17 BK 3283- LTS |

### MOTION FOR RECONSIDERATION OF ORDER DENYING THE DEBTOR'S OPPOSITION TO DEBTOR'S OBJECTION TO QCS' PROOF OF CLAIM (DK. #21512)

**COMES NOW,** Creditor, Quality Construction Services II, LLC (hereinafter referred as "QCS"), through the undersigned counsel, and before this Honorable Court respectfully **STATES**, **ALLEGES**, and **PRAYS** as follows:

**I.    INTRODUCTION**

On August 20, 2021, THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative for THE COMMONWEALTH OF PUERTO RICO (hereinafter, the "Debtor"), filed an Omnibus Objection to Late Filed Claims (the "Objection to Claims"). *See*, Dk. #17923. Therein, the Debtor objected to the claim filed by Quality Construction Services, LLC ("QCS") in the amount of $500,000.00 on May 12, 2021 ((hereinafter, the "QCS' Proof of Claim" or the "Proof of Claim"). Id. On July 5, 2022, QCS filed a response to the Debtor's Objection to Claim. *See*, Dk. #21439. On July 15, 2022 this Honorable Court entered an Order granting Debtor's Objection to Claim and over-ruling QCS' Opposition (the "July 15 Order"). *See*, Dk. #21512.

QCS respectfully moves this Honorable Court for reconsideration of the July 15 Order for at least two reasons. First, the July 15 Order represents a manifest error of law or fact. In the

alternative, if left unaltered, the July 15 Order results in a decision that would lead to a manifest injustice. For the above reasons, amongst others, this Honorable Court should reconsider and set-aside the July 15 Order and over-rule the Debtor's Objection to QCS' Proof of Claim.

## II. PROCEDURAL HISTORY AND APPLICABLE FACTS

### a. Procedural History

On May 3, 2017 , the Debtor commenced the instant proceeding by seeking relief under PROMESA (hereinafter, "Promesa"). On March 11, 2020, this Honorable Court fixed the bar date to file Proof of Claims in this case. *See*, Dk. 3160. The Bar date was fixed for July 29, 2020 by the Order *(A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* (Docket Entry No. 12260; Docket Entry No. 55 in Case No. 19- 5523) (the "Initial PBA Bar Date Order") and the Order *(A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (Docket Entry No. 13403; Docket Entry No. 88 in Case No. 19-5523) (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders"). On May 12, 2021, QCS filed Proof of Claim #179223, in the amount of $500,000.00.

On August 20, 2021, the Debtor filed an Objection to QCS Proof of Claim. *See*, Dk. #17223, <u>Three Hundred Seventy-Fourth Omnibus Objection</u>. There, the Debtor argued that QCS' Proof of Claim should not be allowed because, allegedly, Proof of Claim #179223 was filed untimely. Id. On July 5, 2022, QCS filed a response to the Debtor's Objection to Claim. *See*, Dk.#21439. There, QCS argued that QCS' was never served with notice of the Debtor's Bankruptcy Petition nor of the bar date to file proof of claims fixed by this Honorable Court. Id. Accordingly, QCS argued that as a matter of due process the QCS' Proof of Claim was not untimely. Id. Second, argued QCS, even if its Proof of Claim was deemed untimely, such

negligence should be excused pursuant to the Excusable Neglect Doctrine. Id., *citing*, See, Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

On July 15, 2022, this Honorable Court entered an Order granting Debtor's Objection to Claim. *See*, Dk. #21512. There, this Honorable Court held that it was unnecessary to address the merits of QCS' response because QCS had until September 20, 2021, to respond to the 374th Omnibus Objection. Id. Notably, this Honorable Court did not disregard QCS' due process argument, *to wit*, that it was never served with notice of Debtor's bankruptcy proceeding. Id. Similarly, this Honorable Court did not over-rule QCS' alternative argument of excusable neglect. Id. Rather, this Honorable Court reasoned that it had sufficient notice and time to file a response before the September 20, 2021, response deadline.

The July 15 Order, if left unaltered, evinces a manifest error of law and/or leads to manifest injustice, respectfully QCS moves this Honorable Court for reconsideration of the July 15 Order.

### b. Substantive Applicable Facts

1. On February 25, 2019, a stipulation was reached in relation to the cases of Quality Construction Services SE v. Public Buildings Authority, Civil No.: K AC2008-0018 and K AC2006-5943 (the "Stipulated Agreement").

2. As part of the Stipulated Agreement, QCS agreed to reduce the debt owed by Debtor, the Public Buildings Authority, to only pay $500,000.00 as a settlement payment in favor of QCS; a payment plan was structured as follows: (i) $200,000.00 in the year fiscal 2019-2020; (ii) $150,000.00 in fiscal year 2020-2021; (iii) $150,000.00 in fiscal year 2021-2022.

3. On February 26, 2019, the Court of First Instance validated the Stipulated Agreement reached between Quality Construction Services SE and the Public Buildings Authority.

4. In addition to being approved by the Court, the Stipulated Agreement was validated by the Debtor, the Financial Oversight Board, and QCS.

5. In compliance with the Stipulated Agreement, on July 2, 2019, Quality Construction Services SE invoiced the Public Buildings Authority for the payment corresponding to $200,000.00, as per the terms of the Stipulated Agreement.

6. Because the Stipulated Agreement had been agreed to by both the Debtor and the Financial Oversight Board, said payment was budgeted into the budget for fiscal year 2019-2020; and was payable for the month of August 2019.

7. At no point after the Stipulated Agreement nor before December of 2019 did QCS receive notice, actual or constructive, of the Debtor's bankruptcy.

8. QCS was never scheduled as a creditor of Debtor with respect to the QCS' Proof of Claim, was never notified of the Debtor's bankruptcy with respect to the QCS Proof of Claim, nor was it ever served with the Bar Date to File a Proof of Claims with respect to the QCS Proof of Claim.

9. After not receiving the aforementioned payment on the agreed date, in December 2019, QCS met with the EVP & Chief Financial Officer of the Government Development Bank, Fiscal Agency and Financial Advisory Authority (AAFAF).

10. Then and there, the representatives of the Debtor informed QCS' that because the Stipulated Agreement was already budgeted, there was not "legal impediment" to QCS' receiving the agreed to payments.

11. At no point during the December 2019 Meeting did Debtor's representatives inform QCS' that Debtor was in bankruptcy and/or that QCS needed to file a Proof of Claim.

12. In fact, the Debtor's representatives informed that the payments under the payment plan of QCS would be forthcoming because the payments had been budgeted.

13. Additionally, at the end of December 18, 2019, QCS sent a letter to the Public Buildings Authority requesting the aforementioned payment. However, because in the month of December 2019 there were some earthquakes in Puerto Rico that caused the closure of government agencies and private entities; QCS did not insist with the matter.

14. On January 15, 2020, QCS again sent a letter to the Public Buildings Authority requesting the aforementioned payments as agreed.

15. At no point during the December 2019-January 2020 conversations with executives of the Public Building Authority, including conversations with its Executive Vice President, did the Debtor inform QCS of the Debtor's bankruptcy and/or the need to file a Proof of Claim.

16. To the contrary, QCS was informed, at each meeting, that its payments would be forthcoming because the payment plan had been agreed to and budgeted for 2019-2020.

17. In the month of March 2020, the Covid 19 pandemic began. Thereafter, the Debtor, QCS as well as most of society came to a total closure in Puerto Rico and elsewhere.

18. On October 27, 2020, QCS sent a letter to the Public Buildings Authority notifying that they were not complying with the payment plan as agreed. A response was never received. QCS was never notified that it needed to file a Proof of Claim.

19. On April 21, 2021, QCS sent Debtor a final Letter requesting the agreed to payment; no response was ever received.

20. Despite never having been notified of bankruptcy; given the lack of communication from the Public Buildings Authority, on May 12, 2021, QCS decided to file a Proof of Claim.

21. On May 12, 2021, QCS filed Claim #179223 (also referred to as the "QCS Proof of Claim"). The QCS Proof of Claim was filed as an unsecured claim in the amount of $500,000.00. *See*, Claim #179223.

22. On August 20, 2021, QCS received the Debtor's Objection to Proof of Claim. (*See*, the Three Hundred Seventy-Fourth Omnibus Objection at Dk. #17923)

23. Notwithstanding that QCS' Claim was never scheduled, that QCS was never notified of Debtor's Bankruptcy, or that QCS was never served with a copy of the Claims Bar Date; the Debtor argued that QCS' Proof of Claim was untimely filed.

### III. LEGAL ARGUMENT

#### a. Standard Under Rule 59

A "motion for reconsideration" is not per se recognized by the Federal Rules of Civil Procedure. *See*, In re Pabón Rodríguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999); *see also*, In re Kalantzis, 2001 WL 1757068, at p. 2 (Bankr. D.N.H. April 26, 2001). Rather, courts in the First Circuit have consistently held that a motion so called "motion for reconsideration" which challenges a court's prior judgment on the merits will be treated as either a motion "to alter or amend" under Fed. R. Civ. P. 59(e) or a motion for "relief from judgment" under Fed. R. Civ. P. 60(b). Federal Rules of Civil Procedure 59 and 60 are made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023 and Fed. R. Bankr. P. 9024, respectively. See, Pabón Rodríguez, 233 B.R. at 219 (citing In re Wedgestone Financial), 152 B.R. 786, 788 (Bankr. D. Mass. 1993); Acevedo Villalobos v. Hernández, 22 F.3d 384, 390 (1st Cir. 1994) (citations omitted); In re Aguiar), 311 B.R. 129 (1st Cir. BAP 2004).

Rule 9023 of the Federal Rules of Bankruptcy Procedure states as follows: "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." *See*, Fed. R. Bankr. P. 9023. To succeed in a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), the movant must demonstrate that there was either "(1) a manifest error of law or fact, (2) that there was newly discovered information, (3) that the decision would lead to manifest injustice, (4) or that there was intervening change in controlling law". *See*, In re Vazquez, 471 B.R. 752, 757 (B.A.P. 1st Cir. 2012); *Rosario-Mendez v. Hewlett Packard Caribe*, 660 F. Supp. 2d 229, 233 (D.P.R. 2009). "A manifest error of law under Rule 59(e) is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *See*, AM Gen. LLC v. Demmer Corp., 2015 U.S. Dist. LEXIS 33333, *9-10, 2015 WL 1256370 citing Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). "Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension." *See*, Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011). Errors of apprehension may include a Court's failure to consider "controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court." *See*, Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995); see also, Singh v. George Washington U., 383 F. Supp. 2d 99, 101 (D.D.C. 2005).

In this case, the July 15 Order should be reconsidered because it represents a manifest error of law or, in the alternative, results in a manifest injustice. As will be discussed below, QCS respectfully asserts that this Court erred by adjudicating the controversy based on what transpired AFTER the Objection to Claim was filed; when in fact that controversy before the Court was whether the events that transpired PRIOR to the Objection to Claim sufficed to sustained Debtor's

Objection to the QCS Proof of Claim. Moreover, in in the alternative, the July 15 Order results in a manifest injustice towards QCS. Accordingly, this Honorable Court should reconsider the July 15 Order (Dk. #21512) by which it sustained the 374th Omnibus Objection with respect to QCS Proof of Claim.

### b. The Order Dated July 15, 2022 should be Reconsidered For At Least Two Reasons.

This Honorable Court should reconsider the July 15 Order for at least two reasons. First, the July 15 Order represents a manifest error of law or fact. In the alternative, if left unaltered it, the July 15 Order results in a decision that would lead to manifest injustice.

The July 15 Order represents a manifest error of law or fact because this Honorable Court adjudicated the controversy based on events that transpired AFTER the Objection to Claim was adjudicated. *See*, Court Order, Dk. #21512. Specifically, the Court noted that the events that lead to the Objection to Claim – i.e., QCS' alleged untimeliness in the filing of the Proof of Claim – did not need to be addressed because of what transpired AFTER such Objection was filed. Id. The Court then concluded that because nine months transpired, AFTER the Objection was filed, before QCS filed its Response; nothing more needed consideration. Id. The Honorable Court's analysis, QCS respectfully submits, evinces a manifest error of law or fact. Here, the principal issue brought before this Honorable Court was whether QCS' Proof of Claim was untimely. QCS does not contest that the Proof of Claim was filed after the bar date; it argues, however, that such filing can and should be excused. First, QCS asserts, that it was not scheduled as a creditor accordingly it did not receive Notice of the Debtor's Bankruptcy. Second, that timing of the filing of its Proof of Claim can be excused via "excusable neglect." All of these events, which were the central controversy at bar, were grounded on events that transpired PRIOR to the filing of the Objection. Respectfully, QCS assert that this Honorable Court committed clear legal error by

failing to focus its analysis on the events which were in controversy – i.e., what transpired PRIOR to the Objection to Claim and whether such events could be excused via "excusable neglect." Here, it is unquestioned that this Honorable Court had not yet entered a written Order as to Debtor's Objection to the Proof of Claim; as such, QCS could still file an Opposition to the Debtor's Objection. QCS filed such an Opposition on the merits; as such, was entitled to an adjudication on the merits.

On the merits, QCS stands by the arguments in its Opposition. First, QCS did not receive any notice of the Debtor's Bankruptcy Petition nor of the bar date; thus, as a matter of due process, QSC's Proof of Claim was not untimely. Second, even if its Proof of Claim was deemed untimely, QCS' negligence should have been excused pursuant to the Excusable Neglect Doctrine. Accordingly, QSC respectfully submits that adjudication of the controversy – based on events that transpired PRIOR to the Objection as opposed to what transpired PRIOR to the Objection – represents a manifest error of law.

Second, or in the alternative, the July 15 Order – if left unaltered - would result in a manifest injustice. The QSC's claim is for the total amount of $500,000.00 and was filed as an unsecured claim. The Debtor's distribution to unsecured claims has already been settled by the confirmation of the Plan of Reorganization hence, the acceptance of QSC's claim will not have a negative impact on the property of the estate nor does it represent an additional monetary payment from the Debtor. Here, QSC was deprived of due process of law in regards to the notice of the filing of the Bankruptcy Petition nor the bar date for filing a Proof of Claim. Moreover, the Debtors own actions, by continuing to advise QCV – through its duly appointed representatives and legal counsel – that it did not need to file a Proof of Claim contributed to the controversy which now tasks this Honorable Court. Thus, the fact that QCV may have had

additional time to file a response to the Objection does not cure the fact that QCS did not receive a proper notice of bar date for proof of claims filings and that it did not enjoy due process of law with respect to its claims against the Debtor. For the above reason, the July 15 Order – if left unaltered – will result in QCS being deprived of a $500,000.00 Proof of Claim without due process; a manifest injustice.

### IV. CONCLUSION

For all of the above reasons, this Honorable Court should reconsider and set aside the July 15 Order and over-rule the Objection to Proof of Claim as to the "Claim" (i.e., QCS' Proof of Claim).

**WHEREFORE**, in view of the foregoing, this Honorable Court should reconsider the July 15 Order and over-rule the Objection to Proof of Claim as to the "Claim" (i.e., QCS' Proof of Claim).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 29th day of July 2022.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com