**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Morales Pagan, Jeremy | 122217-2 | 6/29/2018 | Commonwealth of Puerto Rico | $0.00 |
| Treatment: | Claim to be Disallowed | | | |
| Reason: | Proof of Claim fails to provide a basis for asserting a claim against Commonwealth of Puerto Rico. Proof of Claim and supporting documentation only show liability between Claimant and Municipality of Carolina Police, which is not part of the Title III proceedings. A portion of this claim has been transferred into the Administrative Claims Reconciliation (ACR) process and will be resolved consistent with the ACR procedures. Because this objection does not constitute an objection to the portion of the claim in the ACR process, the Debtors' reserve their rights to object to the remaining portion of the claim on any other grounds whatsoever. | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Morales Pagan, Jeremy | 122217-2 | 6/29/2018 | Commonwealth of Puerto Rico | $0.00 |
| Tratamiento: | Reclamo a ser desestimado | | | |
| Base para: | La Evidencia de Reclamo no presenta fundamentos para invocar un reclamo contra el Estado Libre Asociado de Puerto Rico. La Evidencia de Reclamo y la documentación de respaldo solo indican una obligación entre el Demandante y el Municipio de Carolina Police, que no forma parte de los procedimientos iniciados al amparo del Título III. Una parte de este reclamo se transfirió al proceso de Conciliación de Reclamos Administrativos (ACR, por sus siglas en inglés) y se resolverá de conformidad con los procedimientos de la ACR. Dado que esta objeción no constituye una objeción a los Reclamos Remanentes, los Deudores se reservan el derecho de objetar los Reclamos Remanentes fundándose en cualquier causal. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.ra.kroll.com/puertorico/. If you have questions, please contact Kroll Restructuring Administration LLC (formerly known as Prime Clerk LLC) at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.ra.kroll.com/puertorico/. Si tiene alguna pregunta, comuníquese con Kroll Restructuring Administracion LLC (anteriormente conocido como Prime Clerk LLC) llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

***CUST PR 1845 SRF 62589 PackID: 55 MMLID: 346106-P SVC: 475 Omni
Morales Pagan, Jeremy
Mansiones Carolina
C/laurel Nn-18
Carolina PR 00987

SRF 62504

Hearing Date: August 17, 2022 at 9:30AM (Atlantic Standard Time)
Response Deadline: August 1, 2022 at 4:00PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**FOUR HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "Debtors") by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this four hundred seventy-fifth omnibus objection (the "Four Hundred Seventy-Fifth Omnibus Objection") seeking to disallow the proofs of claim listed on **Exhibit A** hereto, each of which assert liabilities associated with entities that are not Title III debtors, but which fail to comply with the applicable rules by not providing a basis for purporting to assert a claim against the Commonwealth, ERS, or any other Title III Debtor.[3] In support of the Four Hundred Seventy-Fifth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.  The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] The Debtors have filed, and the Court has granted, omnibus objections to claims on similar grounds. *See* ECF Nos. 16692, 16849, and 19916.

2

voluntary petitions for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537.[4]

    4.    On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

    5.    On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court

---

[4] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6. Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No. 19784].

7. On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8. On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "<u>CCDA QM</u>") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "<u>PRIFA QM</u>"), which complement the transactions contained in the Plan.

9. The Plan became effective on March 15, 2022 (the "<u>Commonwealth Effective Date</u>"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the*

4

*Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10. The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

C. **Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

11. To date, approximately 178,866 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Associates, LLC ("Kroll"). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12. Of the proofs of claim filed, approximately 118,147 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Additionally, approximately 53,487 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting*

5

*Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 25 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS. Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,469 claims asserting $43 trillion in liability against

the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 44,700 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

16. This Four Hundred Seventy-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17. The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

18. The Four Hundred Seventy-Fifth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for asserted liabilities owed by entities that are not Title III debtors, each as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

19. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). The Claims to Be Disallowed assert liabilities against entities such as the Puerto Rico Aqueducts and Sewage Authority; the University of Puerto Rico; the Puerto Rico Telephone Company; and certain municipalities, such as the Municipality of Vega Baja. None of those entities, however, is a Title III Debtor; in fact, each entity is separate and legally distinct from any Title III Debtor. Further, none of the Claims to Be Disallowed provide a basis for asserting a claim against either the Commonwealth, ERS, or any of the other Title III Debtors in respect of amounts owed by any of the entities asserted. Accordingly, each of the Claims to Be Disallowed fail to comply with the

7

applicable rules because they do not provide a basis for asserting a claim against either the Commonwealth, ERS, or any other Title III Debtor for amounts owed by separate, legally distinct entities. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed, and the Debtors respectfully request that the Court disallow the Claims to Be Disallowed in their entirety.

20. In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Seventy-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors*, dated July 1, 2022, attached hereto as **Exhibit B**.

## NOTICE

21. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Four Hundred Seventy-Fifth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Seventy-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico. The notice for this Four Hundred Seventy-Fifth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Four Hundred Seventy-Fifth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22. This Four Hundred Seventy-Fifth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any

8

other party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

23. No prior request for the relief sought in this Four Hundred Seventy-Fifth Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: July 1, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*