UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF MARTIN J. BIENENSTOCK
REGARDING DISINTERESTEDNESS OF PROSKAUER ROSE LLP PURSUANT
TO THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT**

I, Martin J. Bienenstock, hereby declare and state as follows:

1. I am a partner in the law firm of Proskauer Rose LLP ("Proskauer"), located at, among other locations, Eleven Times Square, New York, New York 10036. I am the attorney leading Proskauer's engagement by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] I am a member in good standing of the Bar of the State of New York.

2. I submit this supplemental declaration pursuant to section 2(b)(1) of the *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA"). The information provided herein was compiled by Proskauer partners, associates, and other officers and employees, under the direction of myself and several other partners, senior lawyers, and associates. To the extent any information disclosed herein requires amendment, supplementation, or modification upon Proskauer's completion of further review if such review is requested by the Court, or as any additional material party in interest information becomes available, a supplemental declaration (by me or another Proskauer lawyer) will be submitted to the Court reflecting such amended, supplemented, or modified information.

**Background**

3. On January 20, 2022, President Joseph R. Biden Jr. signed PRRADA into law. PRRADA sets forth disclosure requirements for professional persons seeking compensation pursuant to sections 316 and 317 of PROMESA after PRRADA's enactment.

4. Pursuant to PRRADA section 2(c), on February 22, 2022, the Oversight Board filed a motion seeking approval of a proposed list of material parties in interest (the "MIP List"). ECF No. 20194. On March 29, 2022, pursuant to the Court's *Order Regarding Proposed List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy In Disclosure Act*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

[ECF No. 20419], the Oversight Board filed an amended MIP List. ECF No. 20458. The Court entered an order approving the amended MIP List on March 30, 2022. ECF No. 20467.

5. As a condition to eligibility for compensation, PRRADA requires professionals to file a verified statement conforming to the disclosure requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure setting forth the professional's connections to the parties on the MIP List. PRRADA § 2(b)(1).

6. On November 25, 2016, the Oversight Board retained Proskauer as counsel. On May 3, 2017, the Oversight Board, as Title III representative of the Commonwealth, commenced the Commonwealth's Title III case. The Oversight Board later commenced Title III cases for the remaining Debtors as their Title III representative. As Title III attorneys for the Oversight Board, Proskauer receives compensation pursuant to PROMESA sections 316 and 317 and is therefore subject to PRRADA's disclosure requirements.

7. On May 16, 2022, I submitted my initial declaration [ECF No. 20816] (the "Initial Declaration") setting forth Proskauer's connections to the entities on the MIP List.

8. Following the filing of the Initial Declaration, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") requested certain additional information from Proskauer related to the disclosures set forth therein. After providing the additional information to the U.S. Trustee, the U.S. Trustee requested that Proskauer file the information in a supplemental declaration. Accordingly, I submit this supplemental declaration setting forth the additional information requested by the U.S. Trustee.

**Supplemental Disclosures**

9. Proskauer represents the Oversight Board in the Title III cases and in other non-Title III PROMESA matters that would exist if no Title III case existed. These non-Title III matters

3

include review of fiscal plans, enforcing the Oversight Board's rights and powers under PROMESA, addressing Oversight Board governance issues, and representing the Oversight Board in non-Title III cases, such as the PRIFA and CCDA Title VI cases, for example. Proskauer did not represent any entity other than the Oversight Board in connection with PROMESA matters after November 25, 2016 and before the filing of the Title III Cases.

10. The Initial Declaration disclosed that Proskauer represented government officials Melba Acosta-Febo and "John Doe" in their official capacities as agents of the Government Development Bank for Puerto Rico ("GDB") in certain appeals at the United States Court of Appeals for the First Circuit and the Supreme Court of the United States. *See* Initial Declaration ¶ 18. The appeals arise from litigation filed by bondholders against GDB, through its agent. The bondholders may not have known who GDB's agent was at the time they filed the complaint, and identified its agent as "John Doe." Later, the bondholders issued a summons to Melba Acosta-Febo as agent for GDB, and Ms. Acosta-Febo participated in the rest of the case. Because "John Doe" was listed in the original case caption, "John Doe" was also listed as an appellant at the First Circuit and Supreme Court. Ms. Acosta-Febo and "John Doe," however, are the same person.

11. To the best of Proskauer's knowledge, all Proskauer personnel who worked on PROMESA matters at their prior firms have been "walled off" since joining Proskauer and do not work on PROMESA matters at Proskauer, as described in paragraph 27 of the Initial Declaration. The walling off procedure has been in place since Proskauer was retained by the Oversight Board. When new attorneys join Proskauer, they are required to disclose their prior matters for conflicts purposes, and Proskauer uses these disclosures to determine who to wall off from PROMESA matters.

12. Banco Popular de Puerto Rico as Trustee for Popular Tax Exempt Trust Fund was inadvertently listed on Exhibit A to the Initial Declaration as an affiliate of a current Proskauer client. An unrelated entity with a similar name is an affiliate of a current Proskauer client and, to the best of Proskauer's knowledge, that entity has no relationship to Puerto Rico or the Title III cases.

13. Canyon Capital Advisors L.L.C. is listed on Exhibit A to the Initial Declaration as an affiliate of a former Proskauer client. Proskauer represented a group of lenders including Ice Canyon LLC in litigation against a borrower regarding whether the borrower was obligated to pay certain amounts to the lenders under a credit agreement, and the representation ended on July 29, 2021. Proskauer also represented an ad hoc group of term loan lenders including Canyon Partners LLC in connection with a restructuring, and the representation ended in early 2022. Both matters were unrelated to Puerto Rico. In addition, after the Initial Declaration was filed, Proskauer was retained by Canyon Partners LLC to provide employment advice unrelated to Puerto Rico. Accordingly, Canyon Capital Advisors L.L.C. and its other affiliates on the MIP List are now affiliates of a current Proskauer client, as well as affiliates of former Proskauer clients—all of them in matters unrelated to Puerto Rico and the Title III Cases.

14. McKinsey & Company Puerto Rico Consulting, Inc. is listed on Exhibit A to the Initial Declaration as an affiliate of a current Proskauer client. Proskauer represents McKinsey & Co., Inc., certain of its affiliates, and certain individuals as defendants in *Jay Alix v. McKinsey & Co., Inc., et al.*, Case No. 18-cv-04141 (the "Alix Litigation"), pending in the United States District Court for the Southern District of New York. Proskauer has not provided any services in connection with this litigation in the past several years. Proskauer will be withdrawing as counsel to McKinsey & Co., Inc., and its affiliated defendants, except for two individual defendants in

5

connection with the Alix Litigation. These individuals do not have any role in Puerto Rico or the Title III Cases. Because Proskauer represents McKinsey, it does not represent and has not represented the Oversight Board in connection with matters involving McKinsey. Instead, the law firm Luskin, Stern & Eisler LLP ("Luskin") represents the Oversight Board in matters involving McKinsey. At one or more omnibus hearings, Proskauer advised the Court on the record of its representation of McKinsey and of Luskin's role. *See* Transcript of Omnibus Hearing at 5:20–7:14, In re Fin. Oversight & Mgmt. Bd. for P.R., No. 3:17-BK-3283 (Bankr. D.P.R. Nov. 7, 2018).

15. Proskauer had no claim against the Commonwealth as of the Commonwealth's petition date. Prior to the Commonwealth petition date, Proskauer only represented the Oversight Board, and not the Oversight Board as a Title III representative of the Commonwealth or any other entity. Prior to the petition date, Proskauer was not owed any money by the Oversight Board as a Title III representative or by the Commonwealth or any other entity that became a Title III debtor. It was owed $4,041,611.75 by the Oversight Board, in its own right, as of the Commonwealth petition date for fees and expenses incurred in March and April 2017 in connection with its representation of the Oversight Board. Proskauer estimates that approximately $349,300 of those fees and expenses were attributable to Title III filing preparations. Because Proskauer was not owed any money by any Title III debtor as of its petition date, it had no claims to waive against any debtor. Waiver of claims is sometimes required to avoid a professional being in the position of holding an adverse interest against a debtor. Here, Proskauer had no claim to waive against any debtor and therefore neither held nor represented any adverse interest against any Title III debtor. The Oversight Board paid all Proskauer's prepetition fees from its own bank accounts and budget. The Oversight Board's obligation to pay in full all its professionals, including Proskauer, is not impacted by the terms of any Title III debtor's plan of adjustment. When the Oversight Board

6

becomes the Title III representative of an entity, it does not become a debtor liable for the entity's debts.

16. In the 90-day period prior to the Commonwealth petition date, Proskauer only received monies from the Oversight Board and not from the Commonwealth or any other Title III debtor. In the 90 days leading up to the Commonwealth petition date, the Oversight Board in its ordinary course paid Proskauer $3,748,163.03 for work rendered by Proskauer.

### **Affirmative Statement of Disinterestedness**

17. Based on the conflicts and survey processes conducted to date and described in the Initial Declaration, and the supplemental disclosures set forth herein, to the best of my knowledge and insofar as I have ascertained, (a) Proskauer is a "disinterested person" pursuant to PRRADA section 2(e)(2)(A) relative to the persons and entities on the MIP List, (b) Proskauer does not represent or hold an adverse interest in connection with any of the Debtors pursuant to PRRADA section 2(e)(2)(B), and (c) Proskauer has no connection to parties on the MIP List except as disclosed herein and the Initial Declaration.

18. To the extent any additional relevant information becomes known to Proskauer, Proskauer will file a supplemental declaration pursuant to PRRADA section 2(b)(2).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief from the persons who assembled this information.

Dated: August 2, 2022                                            Respectfully submitted,

                                                                                    */s/ Martin J. Bienenstock*
                                                                                    Martin J. Bienenstock
                                                                                    Partner of Proskauer Rose LLP