**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------------- x
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :   Title III
                                                     :
        as representative of                         :   Case No. 17-BK-3283 (LTS)
                                                     :
THE COMMONWEALTH OF PUERTO RICO, et al.,             :   (Jointly Administered)
                                                     :
        Debtors.¹                                    :
------------------------------------------------------------------------- x
```

**RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
DEBTORS' MOTION FOR ORDER EXTENDING DEADLINE TO FILE
OBJECTION TO PROOFS OF CLAIM**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits

this response (the "Response") to the *Debtors' Motion for an Order Extending the Deadline to*

*File Objection to Proofs of Claim* [Docket No. 21601] (the "Extension Motion").[3] In support of

this Response, the Committee respectfully states as follows:

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case
No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings
Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801)
(Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and
COFINA.

[3]    Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the
Extension Motion.

## RESPONSE

1.      The Committee does not object to the relief requested in the Extension Motion, namely a 180-day extension of the Claim Objection Deadline through March 8, 2023.  The Committee, as the statutory fiduciary for all unsecured creditors of the Commonwealth and ERS (as well as HTA and PREPA),[4] is well familiar with the historic scope and complexity of these Title III cases, including the substantial challenges presented by reconciling more than 170,000 claims filed against all Title III Debtors.  Nevertheless, the Committee is compelled to raise a few concerns with respect to the Extension Motion.

2.      As the Court is well aware, the Committee supported the now-confirmed plan of adjustment for the Commonwealth, ERS, and PBA as part of a global settlement with the Oversight Board.  According to that settlement agreement (and as reflected in the plan of adjustment), holders of valid general unsecured claims against the Commonwealth and ERS will receive a pro rata share of defined pools of cash—in the aggregate amounts of $575 million for Commonwealth creditors and $500,000 for ERS creditors—as well as the proceeds of certain causes of action of the Commonwealth and ERS, respectively.

3.      The Committee understands that, to date, only approximately 100 general unsecured claims against the Commonwealth or ERS, in an aggregate allowed claim amount of approximately $2.5 million, have actually been allowed.  Moreover, the Committee is not aware that any distributions have been made to holders of general unsecured claims against the Commonwealth or ERS (including holders of convenience claims).  This should not come as a

---

[4]    Pursuant to Section 90.1 of the confirmed Commonwealth plan of adjustment, the Committee continues to exist for purposes of the Commonwealth and ERS cases until the order confirming the Commonwealth plan of adjustment has become a final order (which has not yet occurred).  *See* Docket No. 19813, Ex. A.  (To be clear, the Commonwealth plan of adjustment does not affect the Committee's continued existence for the purposes of the HTA and PREPA cases.)

surprise, given the need to hold back funds on account of the more than 9,000 yet-to-be-resolved

Remaining Claims—*i.e.*, funds need to be reserved in an amount sufficient to make distributions,

as if all Remaining Claims were valid, unless estimated by the Court in a lower amount. With

the Commonwealth and ERS cases now in their sixth year, holders of valid general unsecured

claims have an obvious and understandable interest in ensuring that the claims reconciliation

process is brought to an expeditious conclusion, so that distributions can be made on account of

their claims.

4.      While the Extension Motion focuses on the elimination of approximately 140,000

claims,[5] it is apparent from the motion that these claims have been eliminated either by transfer

to the ACR Procedures or, for the most part, on technical or non-substantive grounds, such as

being duplicative of other proofs of claim or being subsequently amended.[6] It is, of course,

understandable that the Oversight Board has focused its efforts first on the elimination of such

claims. However, the Extension Motion provides limited insight into what progress has been

made on the claims that present difficult or contested issues. In fact, the Extension Motion

acknowledges that the "Remaining Claims also represent the most substantive and complex

claims against the Debtors and require more time to analyze and develop an appropriate

response."[7]

5.      What the Extension Motion does not explain is how and when these Remaining

Claims will be reconciled. It is fair to ask, at this point in the case, what progress the Oversight

Board has made on reconciling these difficult claims, what progress it expects to make over the

---

[5]    *See* Extension Mot. ¶ 20 (noting over 150,000 proofs of claim having been filed against Commonwealth, ERS, and PBA, with 9,328 Remaining Claims).

[6]    *See Id.* ¶ 11.

[7]    *Id.* ¶ 20.

course of the next six months, and when it expects to complete (or at least substantially

complete) the claims reconciliation process, so that distributions to general unsecured creditors,

including holders of convenience claims, can at least commence.

6.      The Committee understands that extensions like the one requested in the

Extension Motion are common in chapter 11 cases, and frequently (and routinely) granted. And

as noted, the Committee is <u>not</u> opposing this first extension request. At some point, however, the

complex claims need to be reconciled, and simply extending the deadline—without a claims

resolution timeline—is, at best, a short term fix. For these reasons, the Committee respectfully

submits that the requested extension be conditioned on the Oversight Board providing a timeline

or summary report detailing how it intends to bring the reconciliation of the Remaining Claims

to an expeditious conclusion.


*[Remainder of page intentionally left blank.]*

WHEREFORE, the Committee respectfully requests that the Court grant relief consistent

with this Response.


Dated: August 2, 2022        By:  _/s/ Luc A. Despins_

                             PAUL HASTINGS LLP
                             Luc A. Despins, Esq. *(Pro Hac Vice)*
                             Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
                             G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
                             200 Park Avenue
                             New York, New York 10166
                             Telephone:  (212) 318-6000
                             lucdespins@paulhastings.com
                             nicholasbassett@paulhastings.com
                             alexbongartz@paulhastings.com

                             *Counsel to the Official Committee of Unsecured
                             Creditors*

                             By:  _/s/ Juan J. Casillas Ayala_

                             CASILLAS, SANTIAGO & TORRES LLC
                             Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
                             Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
                             Juan C. Nieves González, Esq. (USDC - PR 231707)
                             Cristina B. Fernández Niggemann, Esq. (USDC - PR
                             306008)
                             PO Box 195075
                             San Juan, Puerto Rico 00919-5075
                             Telephone: (787) 523-3434 Fax: (787) 523-3433
                             jcasillas@cstlawpr.com
                             ifernandez@cstlawpr.com
                             jnieves@cstlawpr.com
                             cfernandez@cstlawpr.com

                             *Local Counsel to the Official Committee of Unsecured
                             Creditors*