IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>Et al.,<br><br>**Debtors** | Civil No. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br>PROMESA TITLE III |

**MR JOSE LOPEZ MEDINA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO PROMESA'S SECTIONS 4,7,301(C)(3), 304(H) AND BANKRUPTCY CODE'S SECTIONS 362(B)(4), (D)(1)**

**TO THE HONORABLE COURT**:

**COMES NOW Jose Lopez Medina** through the undersigned attorney, and very respectfully states, alleges and prays:

1. This Court has subject matter jurisdiction over this matter under Section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); Sections 362(d) and 553 of Title 11 of the United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et seq.; and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Venue is proper under PROMESA section 307(a).

3. The relief sought in this Petition and Motion is premised on the fact that

1

the Movant claim's is non-dischargeable under section 523(a)(6).

4. Pursuant to Section III.Q of the Standing Order of Honorable Laura Taylor Swain, titled Second Amended Notice, Case Management and Administrative Procedures, the parties sought to address this matter of the Lift of Stay Notice and could not reach agreement, necessitating the instant filing.

5. The Movant is Jose Lopez Medina. It is movant's position that this matter should not have been stayed, since this is an action for money damages for Plaintiff illegal termination of his employment, he was subjected to by the Puerto Rico Police Department (hereinafter "Police"). Said illegal and discriminatory termination was based on the alleged "physical and mental disability that affected Plaintiff's ability to perform his duties" as Agent of the Police.

6. The origin case for this petition was filed with the Appellate Commission of Public Service (hereinafter "Commission").

7. The following are the Commission's conclusion of facts:

8. From 1979 to November 2004, the Appellant worked for the Puerto Rico Police Department.

9. The Appellant worked in the Metropolitan Area for 18 years of his career.

10. Because of his mother health situation, in 2000 the Appellant requested a transfer to the Caguas area.

11. The Appellant worked for 15 days in a Caguas Headquarters. In such period, he saw how two of his coworkers illegally took money and control substance that were previously seized.

12. Later, the Appellant requested a transfer. For this reason, he was transferred to the Gurabo Headquarters.

13. At the Gurabo Headquarter, Appellant was subjected to a pattern of hostile work environment by Captain Perez Cuadrado, because Appellant refused to change the statistics of crimes. The Appellant denounced the pattern of hostile work environment to which he was subjected.

14. On March of 2003, Appellant was transferred to the San Lorenzo Headquarters.

15. On March 17, 2003, The Appellant reported to his supervisor an informed him that he wasn't feeling emotionally stable. For this reason, he went to a doctor who referred him to the State Insurance Funds of Puerto Rico (hereinafter "Fondo").

16. The Appellant received treatment and, on May 2004 he was released with a 10 % of disability.

17. On June 2004, the Appellant was evaluated by Psychiatry hired by the Appellee who gave him a questioner to by filled out and an appointment for November 2004.

18. On September 15, 2004, the Fondo referred Appellant to a Psychiatrist at the Industrial Commission of Puerto Rico, for an evaluation, treatment, and recommendation as to disability.

19. On November 29, 2004, the Psychiatrics hired by the Appellee, read the Questioner and told Appellant that he was no able to work and referred him to el Sistema de Retiro de Puerto Rico. He had an appointment for February 2005.

20. On March 17, 2005, the Commission filed a resolution determining to

3

Increase Appellant's disability to 25%.

21. On July 31, 2005, Appellant filed a petition for benefits from the Retiro.

22. On March 26, 2007, the Retiro denied his petition.

23. On April 20, 2007, the Appellant filed an Appeal at Retiro.

24. On May 5, 2009, Retiro denied his Appeal.

25. On December 16, 2009, la Junta Evaluadora of the Appellee decided that Appellant was not physically nor mentally capable to work.

26. On letter dated December 28, 2009, the Appellee informed the Appellant About His intention to terminate his employment.

27. On May 19, 2010, a hearing took place before an Official Examiner. On June 10, 2010, the Examiner recommended the Junta to interview the Appellant.

28. On October 13, 2010, the Junta decided not to evaluate and insisted that Appellant was not able to work.

29. On a letter dated October 13, 2010, the superintendent of the Appellee Jose E. Figueroa Sancha notified Appellant his decisions to terminate Appellant's employment because of his mental and physical conditions that prevent him to work as an agent.

30. After two days hearing, the Commission concluded that Defendants Violated Law 184-2004; Law 53-1996; General Order 2007-6, as amended. 7

31. On October 5, 2016, and the Commission ordered the Police to reinstate Plaintiff And to pay unpaid wages.

32. In *Sonnax Indus., Inc. v. TriComponent Prods. Corp.* (*In re Sonnax*

*(Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990), Court of Appeals for the Second Circuit enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

a. Whether relief would result in a partial or complete resolution of the issues;

b. Lack of any connection with or interference with the bankruptcy case;

c. Whether the other proceeding involves the debtor as a fiduciary;

d. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

e. Whether the debtor's insurer has assumed full responsibility for defending it;

f. Whether the action primarily involves third parties;

g. Whether litigation in another forum would prejudice the interests of other creditors;

h. Whether the judgment claim arising from the other action is subject to equitable subordination;

i. Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

j. The interests of judicial economy and the expeditious and economical resolution of litigation;

k. Whether the parties are ready for trial in the other proceeding; and,

l. Impact of the stay on the parties and the balance of harms.

33. Notwithstanding, bankruptcy courts consistently modify the stay to allow

5

Pending litigation to continue when, as in Movant's case, the requested relief from the stay will promote judicial economy and create saving for the litigants without undue prejudice to the estate. See, e.g. *In re Tricare Rehabilitation Systems, Inc.*, 181 BR 569 (Bankr. N.D. Ala. 1994); and, *In re Robbins*, 964 F.2d 342 (4th Cir. 1992). To that effect, in *In Re Annie's, Inc.*, *supra*, the court stated "[w]here neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." See also, *In C & A, S. E., v. Puerto Rico Solid Waste Management Authority*, 360 B.R. 12 (Bankr.P.R. 2006).

34. Movant contends that its case warrants the relief from stay, because: (a) the causes of action and the filing of the complaint are prepetition as was the resolution; (b) the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the lawsuit to proceed including the payment of judgment; (d) the lifting of the automatic stay would result in a complete resolution of all the issues and causes of action of the complaint and the federal courts have the expertise in this area: (e) the federal Court's resolution of the case will not interfere with the management of the PROMESA Title III case or prejudice the interest of other creditors.

35. Section 523(a)(6) of the Bankruptcy Code provides an intentional tort as alleged in the District Court does not discharge an individual debtor from any debt since the matter is one of "willful and malicious injury by the debtor to another entity…" 11 U.S.C.§523(a)(6).

36. It has been found that proof of willfulness requires a "showing of an

6

Intentional or deliberate action, which is not done merely in reckless disregard of the right of another." *In re: Walker*, 48 F.3d 1161, 1163 (11th Cir., 1995) The Court further explained that a debtor is responsible for a willful injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury. The Court explained that "malicious" means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." Id. at 1164. The Court noted that to establish malice, "a showing of specific intent to harm another is not necessary."

37. In addition, it is requested that a Lift of Stay be granted to allow the matter to proceed with the litigation and the will of the Federal Court.

38. The Movant requests this Honorable Court grant relief from the automatic stay in this case pursuant to Sections 362(e) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 4001(a) and Local Bankruptcy Rule 9014.

39. Movant is obligated to seek redress to ensure compensation is had.

40. Section 362(d)(1) of Title 11 of the United States Code permits a court to grant relief from the automatic stay for cause. In assessing if cause exists to lift the automatic stay, courts in this District rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in, *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., *Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Considering the Movants 'case, the most relevant factors as set for the in Sonnax is "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the

7

bankruptcy case," "the interests of judicial economy and the expeditious and economical Section 301(a) states that, among other things.

41. The District Court case will not interfere with the bankruptcy case.

42. Judicial economy also warrants the lifting of the stay, as this matter should have litigated long ago.

43. It is petitioned that a Lift of Stay be granted.

**WHEREFORE**, plaintiff very respectfully requests that the aforementioned be NOTED and that a hearing be held on the matter of the Debtor discharge on the claim of Jose Lopez Medina and a Lift of Stay.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this August 3, 2022.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the present motion was filed electronically with the Clerk of the Court using CM/ECF systems which will send notifications to the attorneys of record.

## NOTICE

Within fourteen (14) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed.R.Bank.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court of the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed

unopposed and may be granted unless; (i) the request relief is forbidden by law; (ii) the request relief is against public policy; or (iii) in the opinion of the court the interest of justice requires otherwise.

Respectfully submitted, in San Juan, Puerto Rico, on August 4, 2022.

**Counsel for Creditor/Plaintiff,**
**S/JO-ANN ESTADES BOYER**
JO-ANN ESTADES BOYER
U.S.D.C. NO. 211811
16 Taft Street 16, Apt. 2,
San Juan Puerto Rico 00911
e-mail:joestades@yahoo.com/
joestades@gmail.com