# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**RESPONSE OF HTA INSURED BONDHOLDER
GROUP TO OBJECTION OF ASSURED GUARANTY CORP. AND ASSURED
GUARANTY MUNICIPAL CORP. TO MOTION OF THE HTA INSURED
BONDHOLDER GROUP SUBMITTING EXHIBIT LIST IN CONNECTION WITH
<u>CONFIRMATION OF HTA PLAN OF ADJUSTMENT [ECF NO. 1330]</u>**

Franklin Advisers, Inc. and Nuveen Asset Management (collectively, the "**HTA Insured Bondholder Group**"), submit this response to the *Objection of Assured Guaranty Corp. and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("**PBA**") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Assured Guaranty Municipal Corp. to Motion of the HTA Insured Bondholder Group Submitting Exhibit List in Connection with Confirmation of HTA Plan of Adjustment* [ECF. No. 1330]² (the "**Assured Objection**"),³ as requested by the Court in the *Order Directing Briefing in Response to the Objection of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Motion of the HTA Insured Bondholder Group Submitting Exhibit List in Connection with Confirmation of HTA Plan of Adjustment* [ECF No. 1335], and respectfully state as follows:

1. Although the Assured Objection is styled as a challenge to the HTA Insured Bondholder Group's exhibit list for the confirmation hearing (the "**Exhibit List**") [ECF. No. 1303], it does not, at bottom, actually take issue with the one exhibit being offered – the February 15, 2007 Official Statement for certain of the bonds issued by HTA. Assured and the Debtor are deeply familiar with that document. Assured acknowledges that the Exhibit List was timely filed on July 27, 2022.⁴ Assured Objection at 2. Assured therefore makes no substantive objection to the proposed exhibit itself.

2. Instead, the Assured Objection is a collateral attack the HTA Insured Bondholder Group's objection to confirmation of the HTA Plan (the "**HTA Bondholder Objection**") [ECF No. 1301], ahead of the August 9 deadline for replies to that Objection. Assured argues that the HTA Bondholder Objection should be "deemed overruled" because it was filed at 6:30PM AST on July 27, 2022 – 90 minutes after the 5:00PM AST deadline. Assured Objection at 4. The HTA Insured Bondholder Group respectfully asks this Court to exercise its discretion to consider the

---

² "ECF No." refers to documents filed in Case No. 17-BK-3567, unless otherwise noted.

³ Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Assured Objection.

⁴ See *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF. No. 1249] at 4 (setting July 27 deadline for filing exhibit lists in connection with confirmation hearing).

HTA Bondholder Objection, because the tardiness of its docketing did not prejudice any party in interest and was reasonable and excusable under the circumstances.

3. For starters, Assured argues that the Court *must* deem the HTA Bondholder Objection to be overruled under its prior scheduling order. *See* Assured Objection at 3. That is incorrect. The Court has the discretion to excuse departures from case management deadlines when justified by the facts and circumstances. *See, e.g., In re Condel*, 91 B.R. 79, 80-81 (9th Cir. BAP 1988) (holding that bankruptcy courts have discretion to consider confirmation objection filed after court-established deadlines); *In re Arendarczyk*, 2014 WL 6629770 (Bankr. S.D. Ga. Nov. 21, 2014) at *3-4 (exercising discretion to consider a late confirmation objection).

4. The facts and circumstances here justify such an exercise of the Court's discretion. Assured does not assert that the 90-minute delay in filing the HTA Bondholder Objection has prejudiced any party in interest in connection with preparing for the confirmation hearing.[5] In fact, Assured knew the substance of the concerns addressed in the HTA Bondholder Objection for almost a week before it was filed. On July 18 and July 21, members of the HTA Insured Bondholder Group contacted Assured to discuss their concerns. Following up on those calls, on July 25, 2022, members of the HTA Insured Bondholder Group sent a letter to Assured describing and memorializing those same concerns. On the evening of July 26, 2022, Assured responded by letter. Members of the HTA Insured Bondholder Group still hoped that a consensual resolution could be reached, and so engaged in further discussions with Assured as late as the afternoon of July 27, just a few hours before the objection deadline.

---

[5] Although Assured was not prejudiced by the late filing of the HTA Bondholder Objection, the HTA Insured Bondholder Group would nonetheless agree to an extension of Assured's reply deadline by 90 minutes or such other equitable remedy that the Court believes to be appropriate.

- 3 -

5. After those eleventh-hour discussions with Assured proved to be unsuccessful, the resulting tight time frame that members of the HTA Insured Bondholder Group had to obtain necessary approvals to file their objection is what caused the short filing delay. After the last discussion with Assured took place during the afternoon of July 27, the members of the HTA Insured Bondholder Group needed to consult with each other and with their internal and external advisors. The members of the HTA Insured Bondholder Group are each comprised of various funds with different internal portfolio managers, and numerous internal consents had to be obtained in order for each member to authorize filing of the HTA Bondholder Objection. Indeed, one prospective member of the HTA Insured Bondholder Group was ultimately unable to obtain those consents at the deadline, which in turn required new modifications to the HTA Bondholder Objection and renewed authorizations before it could be filed. It was this necessary client-approval process, squeezed into the few hours after discussions with Assured ended, that resulted in the HTA Bondholder Objection being docketed 90 minutes after the objection deadline.

6. Under these circumstances, the harm to the HTA Insured Bondholder Group if its objection were deemed overruled would greatly outweigh any harm to Assured or the Debtor from the short filing delay. The HTA Insured Bondholder Group thus respectfully requests that the Court overrule the Assured Objection to the Exhibit List, and excuse its tardy filing of the HTA Bondholder Objection so that it can be heard and considered at the confirmation hearing.

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, today August 4, 2022.

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.**<br>P.O. Box 195383<br>San Juan, PR 00919-5383<br>Tel.: (787) 751-8999<br>Fax: (787) 763-7760<br><br>*/s/ Manuel Fernández-Bared*<br>MANUEL FERNÁNDEZ-BARED<br>USDC-PR No. 204,204<br>E-mail: mfb@tcm.law<br><br>*/s/ Linette Figueroa-Torres*<br>LINETTE FIGUEROA-TORRES<br>USDC-PR No. 227,104<br>E-mail: lft@tcm.law<br><br>*/s/ Nayda Perez-Roman*<br>NAYDA PEREZ-ROMAN<br>USDC–PR No. 300,208<br>E-mail : nperez@tcm.law<br><br>*Counsel for the HTA Insured Bondholder Group* | **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>2000 K Street NW, 4th Floor<br>Washington, D.C. 20006<br>Tel.: (202) 775-4500<br>Fax: (202) 775-4510<br><br>*/s/ Matthew M. Madden*<br>MATTHEW M. MADDEN*<br>Email: mmadden@kramerlevin.com<br><br>*\* Admitted Pro Hac Vice*<br><br>**KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Tel.: (212) 715-9100<br>Fax: (212) 715-8000<br><br>*/s/ Douglas Buckley*<br>DOUGLAS BUCKLEY*<br>Email: dbuckley@kramerlevin.com<br><br>*\*Admitted Pro Hac Vice*<br><br>*Counsel for the HTA Insured Bondholder Group* |