Hearing Date: September 21, 2022 at 9:30AM (Atlantic Time)
Response Deadline: September 5, 2022 at 4:00PM (Atlantic Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS and HTA.** |

## FOUR HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO CROSS-DEBTOR DUPLICATE CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") and the Puerto Rico Highways and Transportation Authority ("HTA," and together

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

with ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this Four Hundred Eighty-Sixth omnibus objection (the "Four Hundred Eighty-Sixth Omnibus Objection") to the cross-debtor duplicate proofs of claim listed on **Exhibit A** hereto, and in support of the Four Hundred Eighty-Sixth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

### A.      The Bar Date Orders

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA Sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA, pursuant to PROMESA Section 304(a), commencing cases under Title III thereof (the "HTA Title

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

III Case" and the "ERS Title III Case," respectively, and together with the Commonwealth Title III Case, the "Title III Cases").

4.        On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

### B.        Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications

5.        On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 178,975 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, over 53,533 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Over 2,285 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.   In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.   Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held over 26 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, ERS, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), and/or PBA. Based upon rulings and orders of the Court to date, approximately 100,000 claims, asserting over $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

16.     This Four Hundred Eighty-Sixth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Four Hundred Eighty-Sixth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(3) and the Amended Omnibus Objection Procedures, claims filed against the Debtors that are duplicative of other proofs of claim filed against the Commonwealth, and for which the asserted liability, if any, would be against the Commonwealth as identified in the column titled "Remaining Claims" on **Exhibit A** hereto.

19.     As set forth in **Exhibit A**, certain claims filed against the Debtors, as identified in the column titled "Claims to Be Disallowed" (collectively, the "Claims to Be Disallowed"), assert the same liabilities as other proofs of claim filed against the Commonwealth, each as identified in the column titled "Remaining Claims" (each a "Remaining Claim," and collectively, the "Remaining Claims").  Based upon a review of the Debtors' books and records, the asserted liability properly lies, if at all, against the Commonwealth—the entity against which the Remaining Claim is asserted.  The Claims to Be Disallowed thus do not represent valid claims against the Debtors.

20.     Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in the Title III Cases.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim

against the Commonwealth.  Because this Four Hundred Eighty-Sixth Omnibus Objection to the

Claims to Be Disallowed does not constitute an objection to the Remaining Claims, the Debtors

reserve their rights to object to the Remaining Claims on any other grounds whatsoever.

21.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman*

*in Support of the Four Hundred Eighty-Sixth Omnibus Objection (Non-Substantive) of the*

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico and the*

*Puerto Rico Highways and Transportation Authority to Cross-Debtor Duplicate Claims*, dated

August 5, 2022, attached hereto as **Exhibit B**.

## NOTICE

22.     In accordance with the Omnibus Objection Procedures and the Court's Notice

Order, the Debtors are providing notice of this Four Hundred Eighty-Sixth Omnibus Objection to

(a) the individual creditors subject to this Four Hundred Eighty-Sixth Omnibus Objection, (b) the

U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case*

*Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at

https://cases.kroll.com/puertorico.   A copy of the notice for this Four Hundred Eighty-Sixth

Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Four Hundred

Eighty-Sixth Omnibus Objection and all of the exhibits attached hereto are being filed with this

objection and will be served on the parties.  The Debtors submit that, in light of the nature of the

relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

23.     This Four Hundred Eighty-Sixth Omnibus Objection is limited to the grounds

stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the

Remaining Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve

all further substantive or procedural objections.  Nothing contained herein or any actions taken

pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of any rights available under PROMESA, the Bankruptcy Code or any other applicable law.

## <u>NO PRIOR REQUEST</u>

24.     No prior request for the relief sought in this Four Hundred Eighty-Sixth Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: August 5, 2022                                          Respectfully submitted,
San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System for the Government of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority*

**Fecha de la vista: 21 de septiembre de 2022, a las 9.30 a.m. (AST)**
**Fecha límite para responder: 5 de septiembre de 2022 a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

     como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,

               Deudores.[1]

PROMESA
Título III

Número 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con el SRE y la ACT.**

## CUADRINGENTÉSIMA OCTOGÉSIMA SEXTA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES DUPLICADAS DE DEUDORES RECÍPROCOS

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el SRE, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta Cuadringentésima octogésima sexta objeción global (la "Cuadringentésima octogésima sexta objeción global") a las evidencias de reclamaciones duplicadas de deudores recíprocos que aparecen en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima octogésima sexta objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión, a petición del Gobernador, emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión

emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 DE PROMESA, y

radicó peticiones voluntarias de remedio para el SRE y la ACT conforme a la sección 304(a) de

PROMESA, iniciando casos conforme al Título III de dicho cuerpo legal (el "Caso de Título III

de la ACT" y el "Caso de Título III del SRE" respectivamente, y junto con el Caso de Título III

del ELA, los "Casos de Título III").

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y*

*la manera de su notificación* [ECF número 2255][3] (la "Moción de Fecha Límite"). Conforme a la

*Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B)*

*aprueba la forma y la manera de su notificación* [ECF. número 2521] (la "Orden Inicial de Fecha

Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas

límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de

Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los

Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar*

*evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF número

3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"),

extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado
conforme al Título III y de las Modificaciones Calificadas de la AFI y de la
ADCC**

---

[3]    Salvo disposición en contrario contenida en el presente documento, las citas ECF harán
referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

5. El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6. Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19784].

7. El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF número 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso número 21-01493, ECF número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso número 21-01492, ECF número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso número 21-01493, ECF número 74; Caso número 21-01492, ECF número 84.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 178,975 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, más de 53,533 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra

el SRE. Más de 2,285 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13.   Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualquier evidencia de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 26 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, el SRE, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") y/o la AEP. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban más de $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

16.    Esta Cuadringentésima octogésima sexta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.    La Cuadringentésima octogésima sexta objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(3) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones radicadas contra los Deudores que constituyen duplicados de otras evidencias de reclamaciones radicadas contra el ELA, y en las que en todo caso la responsabilidad alegada correspondería al ELA, según se identifica en la columna titulada "Reclamaciones Restantes" en el **Anexo A** del presente documento.

19.    Como se establece en el **Anexo A**, algunas reclamaciones radicadas contra los Deudores identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades que otras evidencias de reclamaciones radicadas contra el ELA, según lo identificado en la columna titulada "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente, las "Reclamaciones Restantes"). Sobre la base de un examen de los libros y registros de los Deudores, la responsabilidad alegada corresponde, en todo caso, al ELA, entidad contra las que se alega la Reclamación Restante. En consecuencia, las

Reclamaciones que han de ser rechazadas no constituyen reclamaciones válidas contra los Deudores.

20.     Si las Reclamaciones que han de ser rechazadas no son rechazados, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación duplicada no justificada en detrimento de otras partes interesadas en los Casos de Título III. Los titulares de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que cada uno de ellos mantendrá una Reclamación Restante contra el ELA. Puesto que esta Cuadringentésima octogésima sexta objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a Reclamaciones Restantes, los Deudores se reservan los derechos a oponerse a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fueren.

21.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima octogésima sexta objeción global (no sustantiva) del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones Duplicadas de Deudores Recíprocos*, de fecha 5 de agosto de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

22.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Cuadringentésima octogésima sexta objeción global a) a los acreedores individuales objeto de esta Cuadringentésima octogésima sexta objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados número 16* [ECF número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.kroll.com/puertorico. Una copia de la notificación de esta Cuadringentésima octogésima sexta objeción global se adjunta

9

al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima octogésima sexta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

### RESERVA DE DERECHOS

23.     Esta Cuadringentésima octogésima sexta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones Restantes o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a cualquiera de los derechos disponibles conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

### AUSENCIA DE SOLICITUDES PREVIAS

24.     No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima octogésima sexta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 5 de agosto de 2022
San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC número 215205
Carla García-Benítez
USDC número 203708
Gabriel A. Miranda
USDC número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martín J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.*