## **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FOUR HUNDRED NINETY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED AND OVERSTATED CLAIMS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.    I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtor's (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

*Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Commonwealth's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3. I submit this declaration in support of the *Four Hundred Ninety-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* (the "Four Hundred Ninety-Fifth Omnibus Objection"). I have personally reviewed the Four Hundred Ninety-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Ninety-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Ninety-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be reclassified and reduced, as identified in Exhibit A to the Four Hundred Ninety-Fifth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Four Hundred Ninety-Fifth Omnibus Objection in the column titled "Asserted" (each a "Claim to Be Reclassified and Reduced," and collectively, the "Claims to Be Reclassified and Reduced") incorrectly or improperly assert that they are secured or entitled to administrative

2

expense priority. Counsel for the Oversight Board reviewed the legal bases asserted for claimants' assertions of secured status and administrative expense priority, and confirmed that the claims are not entitled to such status. Accordingly, upon a reasonable review of the Claims to Be Reclassified and Reduced, the Commonwealth's books and records, and the legal bases asserted for claimants' assertions of priority, as reviewed by counsel for the Oversight Board, the Commonwealth has concluded that the Claims to Be Reclassified and Reduced are not entitled either administrative expense priority, priority, or secured status and should appropriately be classified as general unsecured claims.

6. In addition, due to the process by which Kroll records and logs proofs of claim, certain of the Claims to Be Reclassified and Reduced are logged on the Title III claims registry in an overstated amount that exceeds the total amount listed in Box 8 of the proof of claim. Other of the Claims to Be Reclassified and Reduced assert liabilities purportedly associated with the Commonwealth, however, claimant failed to provide sufficient documentation to substantiate a claim against the Commonwealth. As such, the Commonwealth is not able to determine whether claimant has valid liabilities against the Commonwealth or any of the other Title III Debtors. Certain other of the Claims to Be Reclassified and Reduced assert liabilities against the Commonwealth for invoices for which the Commonwealth's books and records reflect that those amounts have been paid by the Commonwealth and are satisfied.

7. Reclassification of the Claims to Be Reclassified and Reduced is necessary to avoid prejudicing other holders of general unsecured claims. The claimant will retain a remaining claim for the amount identified in the column titled "Modified" in **Exhibit A** to the Four Hundred Ninety-Fifth Omnibus Objection.

3

8. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Four Hundred Ninety-Fifth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 5, 2022

By: /s/ *Jay Herriman*
Jay Herriman

4

## **ANEXO B**

**Declaración de Jay Herriman**

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**DEKLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA NONAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS Y SOBREESTIMADAS**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos del Deudor (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del ELA implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Cuadringentésima nonagésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Erróneamente Clasificadas y Sobreestimadas* (la "Cuadringentésima nonagésima quinta objeción global"). He revisado personalmente la Cuadringentésima nonagésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Cuadringentésima nonagésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Cuadringentésima nonagésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser

2

reclasificadas y reducidas, según se identifica en el Anexo A de la Cuadringentésima nonagésima quinta objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el Anexo A de la Cuadringentésima nonagésima quinta objeción global, en la columna titulada "Alegadas" (cada una denominada una "Reclamación que ha de ser reclasificada y reducida" y conjuntamente, las "Reclamaciones que han de ser reclasificadas y reducidas") alegan incorrecta o indebidamente que están garantizadas o tienen derecho a la prioridad de gastos administrativos. El abogado de la Junta de Supervisión examinó las bases jurídicas de las alegaciones de un estatus garantizado y de la prioridad de gastos administrativos realizadas por los reclamantes y confirmó que las reclamaciones no tienen derecho a dicho estatus. En consecuencia, tras un examen razonable, por parte del abogado de la Junta de Supervisión, de las Reclamaciones que han de ser reclasificadas y reducidas, de los libros y registros del ELA y de las bases jurídicas de las alegaciones de prioridad realizadas por los reclamantes, el ELA ha concluido que las Reclamaciones que han de ser reclasificadas y reducidas no tienen derecho a la prioridad de gastos administrativos, a la prioridad ni al estatus garantizado, por lo que deben ser reclasificadas adecuadamente como reclamaciones generales no garantizadas.

6. Además, debido al proceso que Kroll utiliza para anotar y registrar evidencias de reclamaciones, algunas de las Reclamaciones que han de ser reclasificadas y reducidas se han anotado en el registro de reclamaciones de Título III por un monto sobreestimado que excede del monto total que aparece en la Casilla 8 de la evidencia de reclamación. Otras Reclamaciones que han de ser reclasificadas y reducidas alegan responsabilidades supuestamente vinculadas con el ELA; sin embargo, los reclamantes no han proporcionado documentación suficiente para justificar una reclamación contra el ELA. En este sentido, el ELA no puede determinar si el reclamante tiene

3

responsabilidades válidas contra el ELA o cualesquiera otros Deudores de Título III. Algunas otras Reclamaciones que han de ser reclasificadas y reducidas alegan responsabilidades contra el ELA por unas facturas en relación con las cuales los libros y registros del ELA muestran que este último ya ha pagado aquellos montos, por lo que dichos montos están satisfechos.

7. La reclasificación de las Reclamaciones que han de ser reclasificadas y reducidas es necesaria para no perjudicar a otros titulares de reclamaciones generales no garantizadas. El reclamante conservará una reclamación restante por el monto identificado en la columna titulada "Modificadas" en el **Anexo A** de la Cuadringentésima nonagésima quinta objeción global.

8. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima nonagésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

9. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 5 de agosto de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman