# **EXHIBIT D**

**Proposed Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth. |

**ORDER GRANTING FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIALLY SATISFIED AND PARTIALLY NO LIABILITY CLAIMS**

Upon the *Four Hundred Ninety-Sixth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Partially Satisfied and Partially No Liability Claims* (the "Four Hundred Ninety-Sixth Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), dated August 5, 2022, for entry of an order disallowing in their entirety certain claims filed against the Debtor, as more fully set forth in the Four Hundred

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Ninety-Sixth Omnibus Objection.

Ninety-Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Four Hundred Ninety-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Four Hundred Ninety-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in the column titled "Asserted" in Exhibit A to the Four Hundred Ninety-Sixth Omnibus Objection (collectively, the "Partially Satisfied and Partially No Liability Claims") have been satisfied in part and assert, in part, liabilities that failed to comply with the applicable rules for filing a proof of claim; and the Court having determined that the relief sought in the Four Hundred Ninety-Sixth Omnibus Objection is in the best interest of the Debtor, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Four Hundred Ninety-Sixth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Four Hundred Ninety-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Partially Satisfied and Partially No Liability Claims are hereby reduced and disallowed, such that the Partially Satisfied and Partially No Liability Claims shall now only be considered claims asserting the amount set forth in the column titled "Remaining Claim" in Exhibit A to the Four Hundred Ninety-Sixth Omnibus Objection, respectively; and it is further

ORDERED that the Debtors' rights to object the remaining portions of these claims, as set forth in the column titled "Remaining Claim" in <u>Exhibit A</u> to the Four Hundred Ninety-Sixth Omnibus Objection, is reserved; and it is further

ORDERED that Kroll is authorized and directed to designate as expunged and reduce the amount asserted in the Partially Satisfied and Partially No Liability Claims by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Remaining Claim" in <u>Exhibit A</u> to the Four Hundred Ninety-Sixth Omnibus Objection) from the official claims register in the Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                                                      Honorable Judge Laura Taylor Swain
                                                      United States District Judge

3

# **ANEXO D**

**Orden Propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.¹ | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> La presente radicación guarda relación con el ELA. |

**ORDEN POR LA QUE SE CONCEDE LA CUADRINGENTÉSIMA NONAGÉSIMA SEXTA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES PARCIALMENTE SATISFECHAS Y PARCIALMENTE NO VINCULADAS CON RESPONSABILIDAD**

Vista la *Cuadringentésima nonagésima sexta objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones parcialmente satisfechas y parcialmente*

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

*no vinculadas con responsabilidad* (la "Cuadringentésima nonagésima sexta objeción global")[2] del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), de fecha 5 de agosto de 2022, en la que se solicita que se dicte una orden que rechace en su totalidad determinadas reclamaciones radicadas contra el Deudor, según se expone con más detalle en la propia Cuadringentésima nonagésima sexta objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Cuadringentésima nonagésima sexta objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Cuadringentésima nonagésima sexta objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiendo determinado el Tribunal que las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de la Cuadringentésima nonagésima sexta objeción global (conjuntamente, las "Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad") han sido satisfechas en parte y alegan, en parte, responsabilidades que han incumplido las normas aplicables a la radicación de una evidencia de reclamación; y habiendo determinado el Tribunal que el remedio solicitado en la Cuadringentésima nonagésima sexta objeción global redunda en el mejor interés del Deudor, de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Cuadringentésima nonagésima sexta objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio del presente,

---

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Cuadringentésima nonagésima sexta objeción global.

SE ORDENA que SE CONCEDA la Cuadringentésima nonagésima sexta objeción global, según se establece en el presente documento; además

SE ORDENA que las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad se reduzcan y rechacen de tal manera que de aquí en adelante las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad solo se consideren reclamaciones que alegan el monto que figura en la columna titulada "Reclamación Restante" en el Anexo A de la Cuadringentésima nonagésima sexta objeción global, respectivamente; asimismo

SE ORDENA que el derecho de los Deudores a oponerse a las partes restantes de dichas reclamaciones, conforme a lo estipulado en la columna titulada "Reclamación Restante" en el Anexo A de la Cuadringentésima nonagésima sexta objeción global, quede reservado; también

SE ORDENA que Kroll quede autorizada, y reciba instrucciones, para designar como suprimidas y reducir el monto alegado en las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad tomando en cuenta las partes rechazadas (esto es, reducir el monto de las reclamaciones para adaptarlo a los montos que se estipulan en la columna titulada "Reclamación Restante" en el Anexo A de la Cuadringentésima nonagésima sexta a objeción global) del registro oficial de reclamaciones en el marco del Caso de Título III; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

3

Fecha: _____

                                                                                                        _____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos
(*United States District Judge*)

4