**Hearing Date: September 21, 2022, at 9:30AM (Atlantic Standard Time)**
**Response Deadline: September 5, 2022, at 4:00PM (Atlantic Standard Time)**

<div style="border:1px solid">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FIVE HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO UNRESPONSIVE ACR CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtor pursuant to Section 315(b) of the *Puerto Rico*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this five hundred third

omnibus objection (the "Five Hundred Third Omnibus Objection") to the proofs of claim listed on

**Exhibit A** hereto (collectively, the "Claims to Be Disallowed"), because the claimants associated

with the Claims to Be Disallowed have not responded to requests, issued by the Debtor in

accordance with the ACR Order (defined below), seeking to obtain information necessary to

resolve the Claims to Be Disallowed.  Because of such noncompliance, the Debtor is unable to

determine the validity of the Claims to Be Disallowed.  In support of the Five Hundred Third

Omnibus Objection, the Debtor respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA

Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a),

commencing a case under Title III thereof (the "Title III Case").

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing

Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of

Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines

and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtor, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 178,975 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration, LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 118,198 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw,

4

such as being subsequently amended, not putting forth a claim for which the Debtor is liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtor to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

13. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtor filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on June 13, 2019, the Debtor filed an amended procedures motion seeking, among other things, to allow the Debtor to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements*

*of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 26 hearings related to over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,536 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 44,866 claims have been transferred into the Administrative Claims Reconciliation (defined below) process for resolution using the Debtors' ordinary-courts administrative processes.

16.     This Five Hundred Third Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**D.     Administrative Claims Reconciliation**

17.     Pursuant to the *Order (A) Authorizing Administrative Resolution of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-BK-03283, ECF No. 12274] (the "ACR Order") the Court approved procedures (the "ACR Procedures") authorizing the Debtor to use its existing administrative reconciliation process (the "Administrative Claims Reconciliation") for certain types of claims that have historically been adjudicated under the auspices of Commonwealth agencies.  See ACR Order, Ex. 1.  These claims include Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and Grievance Claims (each as defined in the ACR Order).

6

18. To date, the Debtor has filed twenty-five notices transferring claims into Administrative Claims Reconciliation, and has transferred approximately 44,866 claims (collectively, the "ACR Designated Claims"), into Administrative Claims Reconciliation. As of August 2022, the Debtor has reported the successful resolution of approximately 27,162 ACR Designated Claims.

19. For certain of the ACR Designated Claims, the Debtor has been unable to adequately evaluate and resolve the claims because the claimants provided only limited information in their claims forms and/or limited supporting documentation. As authorized by the ACR Order, the Debtor requested from these claimants supplemental information. *See* ACR Order ¶ 5 (requiring the Debtor to inform the Title III court of the status of claims transferred into ACR every 60 days, and specifying that such status notice shall include "[w]hether the agency responsible for processing the ACR Designated Claim has a complete administrative file for the Claim, including any follow up documentation requested from claimants.").

20. The information requested by the Debtor depended on the claim type. For Public Employee Claims and Grievance Claims, the Debtor requested: "(1) telephone number where you can be contacted; (2) employee number; (3) social security number; (4) if your claim is/has been subject of an administrative or judicial process, provide the case file number; and (5) any document that supports your Claim." For Tax Claims, the Debtor requested: "(1) full name; (2) telephone number where you can be contacted; (3) tax year for which you claimed a tax refund or tax credit in the Claim; (4) if a tax refund or tax credit is claimed for more than one tax year, please specify the amount claimed per tax year; (5) social security number or EIN number, as applicable; (6) if your Claim is or has been subject to an administrative or judicial process (not related to the Title III case), provide the case number; and (7) provide a duly stamped copy of the tax returns directly related to the tax refund or tax credit claimed in the Proof of Claim."

## **OBJECTIONS TO PROOFS OF CLAIM**

21.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus

objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus

Objection Procedures.

22.     The Five Hundred Third Omnibus Objection seeks to disallow in their entirety, in

accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus

Objection Procedures, the Claims to Be Disallowed, as listed on **Exhibit A** hereto.  Each of the

Claims to Be Disallowed was transferred into Administrative Claims Reconciliation pursuant to

the ACR Order, and is associated with an incomplete administrative file, which has been the

subject of repeated unanswered mailings made by the Debtor to the claimants affiliated with the

Claims to Be Disallowed (collectively, the "Claimants").

23.     More specifically, as set forth in the *Declaration of Jessica Berman in Support of*

*the Five Hundred Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to*

*Unresponsive ACR Claims*, attached hereto as **Exhibit E**, each Claimant received at least two

mailings: (a) an initial mailing[3] requesting information necessary to complete the Claimants'

administrative files, and (b) a final mailing reiterating the Debtor's request for information, and

informing  the Claimants that "[f]ailure to respond … will result in your claim being removed from

ACR for failure to respond and objected to, which may result in your claim being expunged."

None of the Claimants responded to any of the Debtor's outreach attempts.

24.     Because the Claimants failed to respond, their administrative files remain

incomplete, and the Commonwealth cannot process their claims in accordance with the ACR

---

[3] Some Claimants were mailed an initial mailing more than once before they were mailed a final
mailing.

Procedures.  As a result, the Debtor cannot determine the validity of the Claims to Be Disallowed.

Accordingly, the Claims to Be Disallowed should be disallowed in their entirety.

25.    In support of the foregoing, the Debtor relies on the *Declaration of Jay Herriman*

*in Support of the Five Hundred Third Omnibus Objection (Substantive) of the Commonwealth of*

*Puerto Rico to Unresponsive ACR Claims*, dated August 5, 2022, attached hereto as **Exhibit B**.

## NOTICE

26.    In accordance with the Amended Omnibus Objection Procedures and the Court's

Notice Order, the Debtor is providing notice of this Five Hundred Third Omnibus Objection to (a)

the individual creditors subject to this Five Hundred Third Omnibus Objection, (b) the U.S.

Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management*

*Procedures* [ECF No. 20190-1]), which is available on the Debtor's case website at

https://cases.ra.kroll.com/puertorico.  The notice for this Five Hundred Third Omnibus Objection

is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Third Omnibus

Objection and all of the exhibits attached hereto are being filed with this objection and will be

served on the parties.  The Debtor submits that, in light of the nature of the relief requested, no

other or further notice need be given.

## RESERVATION OF RIGHTS

27.    This Five Hundred Third Omnibus Objection is limited to the grounds stated herein.

Accordingly, it is without prejudice to the rights of the Debtor or the rights of any other party in

interest in the Title III Case to object to the Claims to Be Disallowed or any other claims on any

ground whatsoever.  The Debtor expressly reserves all further substantive or procedural objections.

Nothing contained herein or any actions taken pursuant to such relief is intended or should be

construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of

the rights of the Debtor or any other party in interest in the Title III Case to dispute any claim on

any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtor or any other party in interest in the Title III Case under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

28.     No prior request for the relief sought in this Five Hundred Third Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtor respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated: August 5, 2022
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel:  (787) 751-6764
Fax:  (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight
and Management Board for Puerto
Rico, as representative of the
Commonwealth of Puerto Rico*

**Fecha de la vista: 21 de septiembre de 2022 a las 9:30 a.m. (AST)**
**Fecha límite para responder: 5 de septiembre de 2022 a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Número 17 BK 3283-LTS |
| como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, | **La presente radicación guarda relación con el ELA.** |
| Deudores.[1] | |

**QUINGENTÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES SIN RESPUESTA DE RAR**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del Deudor conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente quingentésima Tercera objeción global (la "Quingentésima Tercera objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas"), porque los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no han respondido a las solicitudes, enviadas por el Deudor conforme a la Orden de RAR (que se define abajo), en las que se buscaba obtener información necesaria para resolver las Reclamaciones que han de ser rechazadas. Debido a dicho incumplimiento, el Deudor no puede determinar la validez de las Reclamaciones que han de ser rechazadas. En apoyo de la Quingentésima Tercera objeción global, el Deudor manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

3.       El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y presentó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (la "Caso de Título III").

4.       El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF número 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5.       El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF número 19053]. El Tribunal examinó la confirmación del Plan y las

objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.        Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19784].

7.        El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF número 19813].

8.        El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso número 21-01493, ECF número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso número 21-01492, ECF número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso número 21-01493, ECF número 74; Caso número 21-01492, ECF número 84.

**C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 178,975 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,198 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que el Deudor sea responsable, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que el Deudor determine si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 el Deudor radicó ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 13 de junio de 2019 el Deudor radicó una moción relativa a procedimientos enmendados en la que solicitó, entre otras cosas, que se le permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 26 vistas relacionadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,536 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 44,866 reclamaciones han sido transferidas al proceso de Reconciliación Administrativa de Reclamaciones (que se define abajo) para su resolución utilizando procesos administrativos habituales de los Deudores aplicados por los tribunales.

16.     Esta Quingentésima Tercera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**D.     Reconciliación Administrativa de Reclamaciones**

17.     Conforme a la *Orden que A) autoriza la resolución administrativa de reclamaciones, B) aprueba la forma de notificación adicional* y *C) concede el remedio relacionado* [Caso número 17-BK-03283, ECF número 12274] (la "<u>Orden de RAR</u>"), el Tribunal aprobó los procedimientos (los "<u>Procedimientos de RAR</u>") que autorizan al Deudor a hacer uso de su propio proceso administrativo de reconciliación existente (la "<u>Reconciliación Administrativa de Reclamaciones</u>") en el caso de determinados tipos de reclamaciones que históricamente se han adjudicado bajo los auspicios de las agencias del ELA. Véase la Orden de RAR, Ex 1. Dichas reclamaciones incluyen Reclamaciones por Pensiones/de los Retirados, Reclamaciones por Devolución de Impuestos, Reclamaciones de Empleados Públicos y Reclamaciones por Agravio (según se definen en la Orden de RAR).

18.     Hasta la fecha, el Deudor ha radicado 25 notificaciones por las que se han transferido reclamaciones a la Reconciliación Administrativa de Reclamaciones, y ha transferido aproximadamente 44,866 reclamaciones (conjuntamente, las "<u>Reclamaciones Designadas para la RAR</u>") a la Reconciliación Administrativa de Reclamaciones. En agosto de 2022, el Deudor notificó la resolución exitosa de aproximadamente 27,162 Reclamaciones Designadas para la RAR.

19.     En el caso de determinadas Reclamaciones Designadas para la RAR, el Deudor no ha podido evaluar adecuadamente y resolver las reclamaciones porque los reclamantes solo proporcionaron información limitada en sus formularios de reclamación y/o aportaron documentación justificativa limitada. En virtud de la autorización de la Orden de RAR, el Deudor solicitó a dichos reclamantes información complementaria. *Véase* la Orden de RAR, ¶ 5 (que exige al Deudor informar al tribunal de Título III sobre la situación de las reclamaciones transferidas a la RAR cada 60 días, y que especifica que dicha notificación de situación debe incluir "[s]i la agencia responsable de procesar la Reclamación Designada para la RAR tiene un expediente

8

administrativo completo relativo a la Reclamación, incluida cualquier documentación de seguimiento solicitada a los reclamantes").

20.     La información solicitada por el Deudor dependía del tipo de reclamación. En el caso de las Reclamaciones de Empleados Públicos y las Reclamaciones por Agravio, el Deudor solicitó: "1) el número de teléfono en el que se le pueda localizar; 2) número del empleado; 3) número del seguro social; 4) si su reclamación es/ha sido objeto de un proceso administrativo o judicial, indique el número de expediente del caso; y 5) cualquier documento que justifique su Reclamación.". En el caso de las Reclamaciones por Devolución de Impuestos, el Deudor solicitó: " 1) el nombre completo; 2) el número de teléfono en el que se le pueda localizar; 3) el año fiscal por el que reclamó una devolución de impuestos o un crédito fiscal en la Reclamación; 4) si una devolución de impuestos o un crédito fiscal se reclama en más de un año fiscal, especifique el monto reclamado por año fiscal; 5) el número del seguro social o el número de identificación del empleador (EIN), si procede; 6) si su reclamación es o ha sido objeto de un proceso administrativo o judicial (que no guarde relación con el caso de Título III), indique el número del caso; y 7) proporcione una copia debidamente sellada de las declaraciones de impuestos directamente relacionadas con la devolución de impuestos o el crédito fiscal reclamados en la Evidencia de Reclamación.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

21.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

22.     La Quingentésima Tercera objeción global pretende que se rechacen en su totalidad, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, las Reclamaciones que han de ser rechazadas, según aparecen en el **Anexo A** del presente documento. Cada una de las Reclamaciones que han de ser rechazadas fue transferida a la Reconciliación Administrativa de Reclamaciones conforme a la Orden de RAR, y está asociada con un expediente administrativo incompleto, lo cual ha sido objeto de repetidos envíos sin respuesta, realizados por el Deudor a los reclamantes vinculados con las Reclamaciones que han de ser rechazadas (conjuntamente, los "Reclamantes").

23.     Más concretamente, según se establece en la Declaración de Jessica Berman en apoyo de la Quingentésima Tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones sin Respuesta de RAR, adjunta al presente documento como **Anexo E**, cada reclamante recibió: (a) un envío inicial [3] solicitándoles información necesaria para completar los expedientes administrativos de los Reclamantes, e (b) un envío final reiterando su solicitud de información y notificando a los Reclamantes que "[s]i no responde, su reclamación se retirará de la RAR por falta de respuesta y será objeto de impugnación, lo cual podría causar que su reclamación fuera suprimida.".   Ninguno de los Reclamantes respondió a ninguno de los intentos de acercamiento del deudor.

24.     Puesto que los Reclamantes no han respondido al tercer envío final, sus expedientes administrativos siguen siendo incompletos, por lo que el ELA no puede procesar sus reclamaciones conforme a los Procedimientos de RAR. Por lo tanto, el Deudor no puede determinar la validez de

---

[3] A algunos reclamantes se les envió un correo inicial más de una vez antes de que se les enviara un correo final.

las Reclamaciones que han de ser rechazadas. En consecuencia, las Reclamaciones que han de ser rechazadas deben ser rechazadas en su totalidad.

25. En apoyo de lo anterior, el Deudor invoca la *Declaración de Jay Herriman en apoyo de la Quingentésima Tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones sin Respuesta de RAR*, de fecha 5 de agosto de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el Deudor notifica la presente Quingentésima Tercera objeción global a) a los acreedores individuales objeto de esta Quingentésima Tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados número 16* [ECF número 20190-1]), disponibles en el sitio web de casos del Deudor, en https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima Tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima Tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El Deudor sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

27. Esta Quingentésima Tercera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos del Deudor, o de los derechos de cualesquiera otras partes interesadas en el Caso de Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones que fueren. El Deudor se reserva expresamente el derecho a radicar toda otra objeción sustantiva o procesal.

Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra el Deudor; b) constituyan una renuncia a los derechos del Deudor, o de cualesquiera otras partes interesadas en el Caso de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten al Deudor, o a cualesquiera otras partes interesadas en el Caso de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

28.      No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima Tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE el Deudor solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda cualesquiera otros remedios que se consideren justos.

Fecha: 5 de agosto de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel:  (787) 751-6764
Fax:  (787) 763-8260

*[Firma en la versión en inglés]* Martin J. Bienenstock (*pro hac vice*) Brian S. Rosen (*pro hac vice*) **PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico.*