**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> **Re:** <br><br> (Jointly Administered) |

**DECLARATION OF JOSE F. CHAVES ORTIZ IN RESPONSE TO (I) MOTION TO COMPEL ENFORCEMENT OF THE TERMS OF STIPULATION AND CONTEMPT AND (II) MEMORANDUM IN SUPPORT**

I, José F. Chaves Ortiz, of legal age, General Counsel of the Puerto Rico Treasury Department ("Treasury"), and resident of Guaynabo, Puerto Rico, under penalty of perjury state that:

1. I am the General Counsel of Treasury. I have served in this position since January 2021. As General Counsel, I am responsible for, among other things, advising the Secretary of Treasury, its officials, the officials of any other agencies of the Commonwealth, and the taxpayers on the adequate interpretation of the laws, regulations and normative provisions the Treasury administers and on any matter involving Treasury. I am also responsible for overseeing, in

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

coordination with the Department of Justice of the Commonwealth, all the litigations where the Treasury is involved.

2. I make this statement based on the information I have acquired in my capacity and role as General Counsel of Treasury through the responsibilities described above. As such, I am fully aware of the claims raised by a class of motor vehicle owners (the "Movants") in connection with **(i)** an action before the Court of First Instance, San Juan Part, in the case captioned Garcia Rubiera, et als v. Joint Underwriting Association for the Compulsory Motor Vehicle Liability Insurance, et al, Civil Case No. K DP2001-1441 (the "State Litigation") and **(ii)** an action in the case captioned García Rubiera et als. v. Hon. Luis G. Fortuño, et al., Civil Case No. 02-1179 (GAG) (the "Federal Litigation" and together with the State Litigation, the "Litigations") before the United States District Court for the District of Puerto Rico and the respective stipulations executed on February 29, 2016 in the Federal Litigation and on March 29, 2016 in the State Litigation (jointly, the "Stipulations").

3. I submit this declaration in response to Movants' Motion to Compel Enforcement of the Terms of the Stipulation and Contempt and Memorandum in Support.

4. Consistent with the public policy of the Commonwealth of Puerto Rico (the "Commonwealth") under Act 103 of May 25, 2006 ("Act 103-2006"), Treasury issued Circular Letter No. 1300-0121 (the "Treasury Circular Letter") dated July 7, 2020, which established that the public policy of Treasury is that the principal method of payment shall be an electronic funds transfer ("EFT") and that the issuance of checks will only be authorized by way of exception.

5. No specific form of payment of approved claims was included as part of the Stipulations.

2

6. Based on the above, Treasury determined that payments to Movants under the Stipulations would be issued *via* EFT in order to ensure the receipt of the disbursements.

7. Furthermore, Treasury determined that payment *via* EFT is the most efficient and safe way for Movants to receive their payment of approved claims, in particular, because of the risk that the checks may be lost or damaged or that any such check may expire for which, in both situations, a new check would be required. This concern is based on the fact that some of the data provided by Movants in their applications to Commonwealth, particularly as to their addresses, is almost six (6) years old because the Stipulations reached with the Movants in the Litigations are dated 2016, and that, therefore, unclaimed mail could be significant.

8. Further, Treasury determined that the issuance of payments *via* EFT is the most cost-efficient alternative to safeguard public funds, in particular, because the cost of issuing checks by mail is substantial. Specifically, the estimated and approximate cost to be incurred by the Commonwealth if payments of approved claims are made *via* check and sent *via* certified mail is approximately, $714,708.36. This estimate is conservative and does not contemplate certain cost revisions relating to the cost for the check form to be printed in security paper. It also does not contemplate the possibility of having to re-issue checks due to certain checks becoming lost, damaged or expired. As a result of the above, the Treasury has determined that the costs of payment *via* check could substantially increase.

9. On the other hand, if payment is made by EFT, as is the public policy of the Commonwealth, the cost per transaction would be $.009, that is, a total of $751.82 for all approved claims as of today. Therefore, payment *via* EFT would represent savings for the Commonwealth totaling at least $713,956.54. Furthermore, this expense associated with payments of approved claims being sent out *via* check has not been contemplated within the Commonwealth's Certified

Budget since, as described above, payment *via* EFT is the method of payment consistent with the Commonwealth's public policy.

10. Moreover, Treasury has determined that the issuance of payments *via* EFT is the best alternative to timely issue the payments of approved claims. In particular, if Treasury is required to issue checks for payment of approved claims, the process of printing checks and mailing them may require several additional months as such process also requires the ordering of certain materials. Additionally, the processes of standardizing, printing notifications, and putting them in envelopes could take an estimated time of six (6) to eight (8) working weeks to complete, excluding the time it would take for the mailing room's staff to be able to manually handle the certified mail slip and green card. Moreover, as per a quote received by Treasury from a local bank, it would take about twenty (20) to twenty-two (22) weeks to print the checks from the time of starting printing until the delivery of the printed checks to Treasury. Conversely, once the Movants register in the system set forth by Treasury, the issuance of payments *via* EFT normally takes between 1-2 business days.

11. Accordingly, the Commonwealth, through the Treasury, throughout the year 2021 diligently developed a software system that would facilitate EFT payments of approved claims under the Stipulations in anticipation of the Effective Date of payment pursuant to the Commonwealth's confirmed Plan of Adjustment.

12. Particularly, a module was developed in the Colecturía Virtual website that would allow Movants to enter their bank account information to receive the payment deposit, in which website Movants had to include their name and surname of the account custodian, routing and transit number, and account number.

13. In order to notify Movants regarding the necessary information for issuance of EFT payments, the Commonwealth issued various notifications throughout its various websites, publications and social media. Specifically, Treasury made the following notices: (i) an ad was published in El Nuevo Día on October 27, 2021; (ii) the same ad was published on the Treasury's main webpage: http://hacienda.gobierno.pr; (iii) various publications were made in digital platforms including Facebook and Twitter; and (iv) a permanent banner was posted in Treasury's Colecturía Virtual website https://colecturiavirtual.hacienda.pr.gov/portal/.

14. Moreover, counsel for Movants were also notified of the notifications and the procedure set forth by Treasury for the issuance of the EFT payments under the Stipulations on March 7, 2022.

15. The electronic payment system of Treasury that allows for EFT payments is fully operational.

16. Treasury continues to process and pay approved claims pursuant to the terms of the Stipulations. As of today, 83,536 claims have been processed and approved and 343 claims have been paid.

17. Based on the afore-mentioned circumstances and considerations, Treasury has determined that the EFT payment system represents, for the Commonwealth, the most efficient, safe, cost-effective and fastest way in which it can issue payment of approved claims.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

In San Juan, Puerto Rico, this 5th day of August 2022.

_____
José F. Chaves Ortiz
General Counsel of the Puerto Rico
Treasury Department

5