Hearing Date: September 21, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: September 5, 2022, at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

---

### FOUR HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to Section 315(b)

of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this

four hundred ninety-eighth omnibus objection (the "Four Hundred Ninety-Eighth Omnibus

Objection") to the duplicative proofs of claim listed on **Exhibit A** hereto, and in support of the

Four Hundred Ninety-Eighth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.     The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section

306(a).

2.     Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.     The Bar Date Orders**

3.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof

(the "Commonwealth Title III Case").  On May 21, 2017 (the "Petition Date"), the Oversight Board

issued restructuring certifications pursuant to PROMESA Sections 104(j) and 206 and filed a

voluntary petition for relief for ERS, pursuant to PROMESA Section 304(a), commencing a case

under Title III thereof (the "ERS Title III Case," and together with the Commonwealth Title III

Case, the "Title III Cases").  On August 9, 2017, the Court entered an order granting the joint

administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  Unless otherwise set forth herein, all references to ECF numbers are to documents filed in Case No. 17-bk-3283-LTS.

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion")*. Pursuant to the Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to August 9, 2018 at 4:00 p.m. (Atlantic Time).

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.       On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.       Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the*

*Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight

Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth*

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No.

19784].

7.      On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment*

*Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of*

*Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved

(a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case

No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the*

*Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA

QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective

Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry*

*of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the*

*Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of*

*the Effective Date* [ECF No. 20349].

10.      The CCDA QM and PRIFA QM also became effective on March 15, 2022. See

Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.      To date, approximately 178,975 proofs of claim have been filed against the Debtors

and logged by Kroll Restructuring Administration, LLC ("Kroll").  Such proofs of claim total

approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 118,198 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Additionally approximately 53,533 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief [ECF No. 4230]; Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other

things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 26 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,536 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 44,866 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

## OBJECTIONS TO PROOFS OF CLAIM

16.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus
Objection Procedures.

17.     The Four Hundred Ninety-Eighth Omnibus Objection seeks to disallow, in
accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus
Objection Procedures, claims that are substantively duplicative of other proofs of claim filed in
the Title III Cases.

18.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims
to be Disallowed" (each a "Claim to Be Disallowed," and collectively, the "Claims to Be
Disallowed") assert the same liabilities as those asserted with respect to one of the following
litigations (the "Litigations"): (1) the master claims filed on behalf of all plaintiffs in the litigation
captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No.
KAC-2009-0809 (the "Beltrán Cintrón Master Claims"); (2) the master claims filed on behalf of
all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico
Department of Family Affairs*, No. 2016-05-1340 (the "Acevedo Camacho Master Claims"); and
(3) the master claims filed on behalf of all plaintiffs in the litigation captioned *Jeannete Abrams
Diaz et al. v. Department of Transportation & Public Works*, No. KAC2005-5021 (the "Abrams
Diaz Master Claims," and collectively with the Beltrán Cintrón Master Claims and the Acevedo
Camacho Master Claims, the "Litigation Master Claims").

19.     The Beltrán Cintrón Master Claims assert liabilities associated with a complaint
filed in the Puerto Rico Court of First Instance by employees of the Department of the Family (the
"Family Department"), alleging that the Family Department failed to pay plaintiffs appropriate
wages as a result of the improper implementation of the Office of Public Service Personnel's
"General Memorandum No. 5-86" (the "Memorandum").   The Beltrán Cintrón Master Claims

assert approximately $105 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions, name the creditor as the "Beltrán Cintrón Plaintiff Group," and were filed by the attorney representing all plaintiffs in the litigation.  As supporting documentation, the Beltrán Cintrón Master Claims attach a chart identifying each individual plaintiff in the Beltrán Cintrón Plaintiff Group.  Further, the attorney representing all plaintiffs submitted a *Verified Statement Pursuant to FRBP 2019 of the Beltrán-Cintrón Plaintiff Group* [ECF No. 3403], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

20.     The Acevedo Camacho Master Claims assert liabilities associated with a complaint filed in the Puerto Rico Commission for Appeals for Public Service by Family Department employees, alleging the employees were entitled to back pay due to the Family Department's illegal implementation of the Memorandum.  The Acevedo Camacho Master Claims were filed on behalf of the "Acevedo Camacho Plaintiff Group," and assert approximately $50 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions.  The Acevedo Camacho Master Claims include, among other things, a chart identifying each plaintiff in the Acevedo Camacho Plaintiff Group.  In addition to filing the Master Claims, the attorney representing the Acevedo Camacho Plaintiff Group submitted a *Verified Statement Pursuant to FRBP 2019 of the Acevedo-Camacho Plaintiff Group* [ECF No. 3406], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

21.     The Abrams Diaz Master Claims identifies the "Abrams Diaz Plaintiff Group" as the creditor and asserts over $40 million in liabilities associated with a Commonwealth court complaint filed by the employees of the Puerto Rico Department of Transportation and Public Works ("DTOP").  Therein, the Abrams Diaz Plaintiff Group asserted that DTOP failed to pay

plaintiffs appropriate wages as a result of the allegedly improper implementation of the Memorandum. According to plaintiffs, that Memorandum set forth a method for adjusting salaries and benefits that violated the principle of equal pay for equal work. The attorney representing each plaintiff in the Abrams Diaz Plaintiff Group filed the Abrams Diaz Master Claim on behalf of all members of that group. That attorney also submitted a *Verified Statement Pursuant to FRBP 2019 of the Abrams-Diaz Plaintiff Group* [ECF No. 3505], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

22.     Each of the Claims to Be Disallowed was filed by one of the individual plaintiffs in the litigations asserted by the Litigation Master Claims, as identified by the supporting documentation provided with the Litigation Master Claims or the verified statements filed on behalf of all plaintiffs in the litigations. Further, none of the Claims to Be Disallowed asserts any additional liabilities or bases for liability beyond what is included in the respective Litigation Master Claim(s).

23.     Accordingly, the Claims to Be Disallowed are duplicative of the Litigation Master Claims. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims, because the liabilities associated with each of the Claims to Be Disallowed are subsumed within the liabilities asserted by the relevant master claim, as set forth in **Exhibit A** hereto.

24.     Because this Four Hundred Ninety-Eighth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Litigation Master Claims, the Debtors reserve their right to object to the Litigation Master Claims on any other grounds whatsoever.

25.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Ninety-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims*, dated August 5, 2022, attached hereto as **Exhibit B**.

### NOTICE

26.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Ninety-Eighth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Ninety-Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the case website at https://cases.ra.kroll.com/puertorico.   A copy of the notice for this Four Hundred Ninety-Eighth Omnibus Objection is attached hereto as Exhibit C.  Spanish translations of the Four Hundred Ninety-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

27.     No prior request for the relief sought in this Four Hundred Ninety-Eighth Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: August 5, 2022                                Respectfully submitted,
San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico
and the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

**Fecha de la vista: 21 de septiembre de 2022 a las 9:30 a.m. (AST)**
**Fecha límite para responder: 5 de septiembre de 2022 a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>      como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                                          Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

**CUADRINGENTÉSIMA NONAGÉSIMA OCTAVA OBJECIÓN GLOBAL
(SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE
ASOCIADO DE PUERTO RICO A RECLAMACIONES DUPLICADAS POR LITIGIOS**

---

[1]  Los Deudores en el marco de los casos de Título III, junto con el respectivo número de caso radicado conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente cuadringentésima nonagésima octava objeción global (la "Cuadringentésima nonagésima octava objeción global") a las evidencias de reclamaciones duplicadas que aparecen en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima nonagésima octava objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.     Órdenes de Fecha Límite**

3.     El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de

2017 (la "Fecha de Petición"), la Junta de Supervisión emitió certificaciones de reestructuración

conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio

para el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III

de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA,

los "Casos de Título III"). El 9 de agosto de 2017, el Tribunal dictó una orden por la que concedió

la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF número

537.[3]

        4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y*

*la manera de su notificación* [ECF número 2255] (la "Moción de Fecha Límite")*. Conforme a la*

*Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B)*

*aprueba la forma y la manera de su notificación* [ECF. número 2521] (la "Orden Inicial de Fecha

Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas

límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de

Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los

Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar*

*evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF número

3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"),

extendiendo dichas fechas límite hasta el 9 de agosto de 2018, a las 4:00 p.m. (AST).

**B.**    **Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme
al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

---

[3]  Salvo disposición en contrario contenida en el presente documento, todas las referencias a los números
ECF serán a documentos radicados en el marco del Caso número 17-BK-3283-LTS.

5.    El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*. (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.    Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19784].

7.    El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF número 19813].

8.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso número 21-01493, ECF número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso número 21-01492, ECF número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF número 20349].

10.    Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso número 21-01493, ECF número 74; Caso número 21-01492, ECF número 84.

**C.     Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.    Hasta la fecha, se han radicado aproximadamente 178,975 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.    De las evidencias de reclamaciones radicadas, aproximadamente 118,198 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Además, aproximadamente 53,533 evidencias de reclamaciones han sido radicadas en relación con el SRE,

o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado [ECF número 4230]; Procedimientos relativos a Objeciones Globales* [ECF número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 26 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,536 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

Además, aproximadamente 44,866 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores aplicados por los tribunales.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

16.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

17.     La Cuadringentésima nonagésima octava objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que estén sustancialmente duplicadas con respecto a otras evidencias de reclamaciones radicadas en el marco de los Casos de Título III.

18.     Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación que ha de ser rechazada" y conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades que aquellas que se alegan con respecto a uno de las siguientes litigios (los "Litigios"): 1) las reclamaciones principales radicadas en nombre de todos los demandantes en el litigio con epígrafe *Francisco Beltrán Cintrón et al. c. el Departamento de la Familia de Puerto Rico*, Caso número KAC-2009-0809 (las "Reclamaciones Principales Beltrán Cintrón"); 2) las reclamaciones principales radicadas en nombre de todos los demandantes en el litigio con epígrafe *Madeline Acevedo Camacho et al. c. el Departamento de la Familia de Puerto Rico,* número 2016-05-1340 (las "Reclamaciones

Principales Acevedo Camacho"); y 3) las reclamaciones principales radicadas en nombre de todos

los demandantes en el litigio con epígrafe *Jeannete Abrams Diaz et al. c. el Departamento de*

*Transportación y Obras Públicas,* número KAC2005-5021 (las "Reclamaciones Principales

Abrams Diaz", y junto con las Reclamaciones Principales Beltrán Cintrón y las Reclamaciones

Principales Acevedo Camacho, las "Reclamaciones Principales de Litigios").

19.     Las Reclamaciones Principales Beltrán Cintrón alegan responsabilidades asociadas

con una reclamación radicada ante el Tribunal de Primera Instancia de Puerto Rico por los

empleados del Departamento de la Familia de Puerto Rico (el "DOFA"), donde se alega que el

DOFA no pagó a los demandantes los salarios adecuados como consecuencia de la implementación

indebida del "Memorándum General número 5-86" de la Oficina de Personal de Servicios

Públicos" (el "Memorándum"). Las Reclamaciones Principales Beltrán Cintrón alegan

responsabilidades por un monto aproximado de $105 millones vinculadas con el pago de supuestos

salarios atrasados y aportaciones a pensiones supuestamente impagadas, nombran como acreedor

al "Grupo de Demandantes Beltrán Cintrón", y fueron radicadas por el abogado que representa a

todos los demandantes en el litigio. Las Reclamaciones Principales Beltrán Cintrón adjuntan como

documentación justificativa un cuadro que identifica a cada demandante del Grupo de

Demandantes Beltrán Cintrón. Además, el abogado que representa a todos los demandantes

presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes*

*Beltrán Cintrón* [ECF número 3403] en la que proporcionó el nombre, la dirección y el monto del

interés económico divulgable de cada miembro del grupo de demandantes.

20.     Las Reclamaciones Principales Acevedo Camacho alegan responsabilidades

asociadas con una demanda radicada ante la Comisión Apelativa del Servidor Público de Puerto

Rico por los empleados del Departamento de la Familia, en la que se alega que los empleados

tenían derecho a un pago de salarios atrasados debido a la implementación ilegal del Memorándum por parte del Departamento de la Familia. Las Reclamaciones Principales Acevedo Camacho fueron radicadas en nombre del "Grupo de Demandantes Acevedo Camacho" y alegan responsabilidades por un monto aproximado de $50 millones asociadas con el pago de salarios supuestamente atrasados y aportaciones a pensiones supuestamente impagadas. Además, las Reclamaciones Principales Acevedo Camacho incluyen, entre otras cosas, un cuadro que identifica a cada demandante del Grupo de Demandantes Acevedo Camacho. Además de radicar las Reclamaciones Principales, el abogado que representa el Grupo de Demandantes Acevedo Camacho presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes Acevedo Camacho* [ECF número 3406] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

21.     Las Reclamaciones Principales Abrams Diaz identifican al "Grupo de Demandantes Abrams Diaz" como acreedor y alegan responsabilidades por un monto de más de $40 millones vinculadas con un litigio ante el tribunal del ELA radicado por empleados del Departamento de Transportación y Obras Públicas de Puerto Rico (el "DTOP"). En dicha reclamación, el Grupo de Demandantes Abraham Diaz alega que el DTOP no pagó a los demandantes los salarios correspondientes como resultado de la supuesta implementación indebida del "Memorándum. Según los demandantes, dicho Memorándum estipuló un método para ajustar salarios y beneficios que estaba en violación del principio de misma paga por igual trabajo. El abogado que representa a cada uno de los demandantes del Grupo de Demandantes Abrams Diaz radicó la Reclamación Principal Abrams Diaz en nombre de todos los miembros de ese grupo. El abogado también presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo*

*de Demandantes Abrams Diaz* [ECF número 3505] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

22.     Cada una de las Reclamaciones que han de ser rechazadas fue radicada por uno de los demandantes individuales en los litigios planteados por las Reclamaciones Principales de Litigios, según se identifica en la documentación justificativa proporcionada con las Reclamaciones Principales de Litigios o en las declaraciones verificadas radicadas en nombre de todos los demandantes en los litigios. Además, ninguna de las Reclamaciones que han de ser rechazadas alega responsabilidades adicionales ni fundamentos de responsabilidad más allá de los que figuran en la(s) respectiva(s) Reclamación(es) Principal(es) de Litigios.

23.     En consecuencia, las Reclamaciones que han de ser rechazadas constituyen duplicados con respecto a las Reclamaciones Principales de Litigios. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación duplicada no justificada en detrimento de otras partes interesadas en dichos Casos de Título III. Los titulares de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que las responsabilidades vinculadas con cada una de las Reclamaciones que han de ser rechazadas se incluyen en las responsabilidades alegadas en la reclamación principal pertinente, según se establece en el **Anexo A** del presente documento.

24.     Puesto que esta Cuadringentésima nonagésima octava objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Principales de Litigios, los Deudores se reservan el derecho a oponerse a las Reclamaciones Principales de Litigios sobre la base de cualesquiera otros motivos que fueren.

25.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima nonagésima octava objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Duplicadas por Litigios*, de fecha 5 de agosto de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Cuadringentésima nonagésima octava objeción global a) a los acreedores individuales objeto de esta Cuadringentésima nonagésima octava objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados número 16* [ECF número 20190-1]), disponibles en el sitio web de casos, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Cuadringentésima nonagésima octava objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Cuadringentésima nonagésima octava objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

27.     No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima nonagésima octava objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 5 de agosto de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC número 215205
Carla García-Benítez
USDC número 203708
Gabriel A. Miranda
USDC número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico.*