# Debtor's Ex. 57

# (Part 2 of 2)

# Exhibit L

*El Diario NY*

**(July 6, 2022)**



## an impreMedia company

**Affidavit of Publication State of New York County of New York, ss:**
The undersigned, **Esperanza Ruiz**, is an Account Executive of
**EL DIARIO/LA PRENSA** a company of Impremedia, located at
41Flatbush Avenue, 1 Fl., Brooklyn, NY 11217

This is a daily newspaper published in **New York State.** The legal notice of
**The Commonwealth of Puerto Rico – TRIBUNAL DE DISTRITO DE LOS
ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO** was published in
said newspaper as set forth below or in the annexed exhibit.

This newspaper has been
designated by the Clerk of New York County for this purpose.

**Said Notice was published on:**

**Thursday, June 30, 2022**
**Wednesday, July 6, 2022**
**Wednesday, July 20, 2022**

Subscribed and sworn to before me this

day  22  of  July  2022

Esperanza Ruiz
Account Executive

Notary Public, New York County, N.Y.

XING YI JOLLY WANG
Notary Public - State of New York
No. 01WA6367075
Qualified in Queens County
My Commission Expires 11/13/2025

6 | El Diario NY MIÉRCOLES 6 JULIO 2022

## Aviso Público (página 1 de 2)

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante del
ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,
Deudores.[1]

PROMESA
Título III
Núm. 17 BK 3283-LTS
(Administrado de manera conjunta)

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de la
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,
Deudor.

PROMESA
Título III
Núm. 17 BK 3567-LTS

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

Si tiene usted derecho de voto a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se define a continuación) por separado en una fecha futura.

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**

**FECHA LÍMITE PARA OBJECIONES: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**

**VISTA DE CONFIRMACIÓN** 17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico

[The remainder of this legal notice consists of extremely small, dense text not legibly reproducible.]


pressreader
PressReader.com +1 604 278 4604

(continúa en la página siguiente)

MIÉRCOLES 6 JULIO 2022 **El Diario NY** | 7

## Aviso Público (página 2 de 2)

*(continúa de la página anterior)*

Sección 41.2 del Plan de la ACT.

[Dense multi-column legal text in Spanish spanning the full page, covering sections on liberación (release), indemnización, exculpación, injunctions under the ACT Plan, including Sección 41.3 — Interdictos relacionados con descargos, Sección 41.5 — Conservación del Deudor y de la ACT reorganizada, and related provisions.]



pressreader
PRINTED AND DISTRIBUTED BY PRESSREADER
PressReader.com +1 604 278 4604
COPYRIGHT AND PROTECTED BY APPLICABLE LAW

# Exhibit M

*El Nuevo Dia*

**(July 6, 2022)**

# TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

## AVISO PÚBLICO

NOTIFICACION DE (I) LA APROBACION DE LA DECLARACION DE DIVULGACION, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO (III) LA VISTA DE CONFIRMACION DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECION A LA CONFIRMACION DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LIMITE DE VOTACION SOBRE EL PLAN DE AJUSTE Y LA CELEBRACION DE DETERMINADAS ELECCIONES DENTRO SU MARCO

# AFIDAVIT

Yo, Miriam del Carmen Hernández Martí, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "EL NUEVO DIA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

## 6 DE JULIO DE 2022

se dio publicidad al edicto expedido por

## KROLL RESTRUCTURING ADMINISTRATION LLC

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. _JUL 0 8 2022_ 20__.

_____

Afidávit No. _94 298_ del Registro.

Jurado y reconocido ante mi por Miriam del Carmen Hernández Martí, vecina de San Juan, mayor de edad, casada, Representante del periódico "EL NUEVO DIA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. _JUL 0 8 2022_ 20__.

_____

NOTARIO





**Aviso Público (página 1 de 2)**

EL NUEVO DÍA, Miércoles, 6 de julio de 2022 18

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de
ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros, (Administrado de manera conjunta)

PROMESA
Título III
Núm. 17 BK 3283-LTS

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, etc.

PROMESA
Título III
Núm. 17 BK 3567-LTS

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA DIVULGACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

*(columnas de texto legal denso en español e inglés — contenido parcialmente legible)*

**Resumen de ciertas fechas límite**

| | |
|---|---|
| 8 de julio de 2022 | Fecha límite para que las Partes registren una lista de testigos de hechos... |
| 12 de julio de 2022 | Fecha límite para que las Partes cursen hasta quince (15) interrogatorios... |
| 18 de julio de 2022 | Fecha límite para que las Partes cursen solicitudes de admisión... |
| 20 de julio de 2022 | Fecha límite para que las partes respondan a las notificaciones de declaraciones juradas... |
| 22 de julio de 2022 | Conclusión de la indagatoria de peritos... |
| 27 de julio de 2022 | Fecha límite para que las partes presenten mociones Daubert y mociones in limine... |
| 29 de julio de 2022 | Fecha límite para que las partes presenten oposiciones a las mociones Daubert y mociones in limine... |
| 3 de agosto de 2022 | Fecha límite para que las partes presenten objeciones a las designaciones opuestas... |
| 7 de agosto de 2022 | Fecha límite para que el Deudor presente... |
| 8 de agosto de 2022 | Fecha límite para que las Partes presenten objeciones... |
| 15 de agosto de 2022 17-18 de agosto de 2022 | Conferencia final previa al juicio... |

**9. Fecha de registro de votación.** La fecha de registro de votación será el **17 de junio de 2022** (la "Fecha de registro de votación"), que será la fecha para determinar cuáles Tenedores de Reclamaciones en las Clases con derecho a voto tendrán derecho a votar en el Plan...

**10. Fecha límite de votación.** La fecha límite para emitir o hacer un conteo del Plan es el **27 de julio de 2022 a las 5:00 p.m.** (hora estándar del Atlántico)...

*(Continúa en columna adicional de texto legal en español)*

pressreader PRINTED AND DISTRIBUTED BY PRESSREADER PressReader.com +1 604 278 4604

(continúa de la página anterior)

**Aviso Público** (página 2 de 2)

# Exhibit N

### *El Vocero de Puerto Rico*

### <u>(July 6, 2022)</u>



**AFIDAVIT**
**AVISO PÚBLICO**

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE D... (II)**
**ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL**
**PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE**
**AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE**
**AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS | PROMESA<br>Título III<br>Núm. 17 BK 3567-LTS |
|---|---|

Yo, Yadhira Vargas Pérez habiendo prestado el juramento debido, declaro lo siguiente:
Que soy Junior Accountant de Publi-Inversiones para el periódico El Vocero de Puerto Rico el cual se pública en San Juan Puerto Rico y que en las ediciones de este mismo diario correspondientes a los siguientes días:

**6 de julio de 2022**

Se dio publicidad al aviso expedido por el peticionario: **Estado Libre Asociado de Puerto Rico.**

Sobre el asunto arriba mencionado, y copia del cual se une al presente affidavit para que forme parte del mismo.

AUG - 2 2022

San Juan, Puerto Rico, a _____

_____
Yadhira Vargas Pérez
Departamento de Finanzas

Affidavit Núm. _____ del Registro

Jurado y reconocido ante mí por Yadhira Vargas Pérez, mayor de edad, soltera, vecina de Carolina y Junior Accountant del Departamento de Finanzas de Publi-Inversiones para el periódico El Vocero de Puerto Rico, de esta vecindad, a quien doy fe de conocer personalmente.

AUG - 2 2022

San Juan, Puerto Rico, a _____

_____
NOTARIO PÚBLICO

8

EL VOCERO DE PUERTO RICO > MIÉRCOLES, 6 DE JULIO DE 2022 >

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de: <br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br> como representante del <br> ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros, <br> Deudores.[1] | PROMESA <br> Título III <br> Núm. 17 BK 3283-LTS <br> (Administrado de manera conjunta) |
| En el asunto de: <br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br> como representante de la <br> AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, <br> Deudor. | PROMESA <br> Título III <br> Núm. 17 BK 3567-LTS |

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

Si tiene usted derecho de voto a o a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se detalla a continuación) por separado en una fecha futura.

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**

**FECHA LÍMITE PARA LAS OBJECIONES: 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**
**VISTA DE CONFIRMACIÓN: 17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**

Para cualquier consulta relativa a esta notificación, sírvase ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll")[2] a través del teléfono (844) 822-9231 (gratuito para EE.UU. y Puerto Rico), o bien al (646) 486-7944 (para llamadas internacionales). El horario de atención es desde las 10:00 a.m. hasta las 7:00 p.m. (hora estándar del Atlántico (disponible en español), o bien al correo electrónico puertoricoinfo@primeclerk.com.

**SÍRVASE TOMAR NOTA DE LO SIGUIENTE:**

1. *Aprobación de la Declaración de divulgación.* Mediante la orden de fecha 22 de junio de 2022 (la "Orden de Declaración de divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó como adecuada la información contenida en la *Declaración de divulgación de la Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico,* de fecha 17 de junio de 2022 (según pueda ser modificada o enmendada, incluyendo todos los anexos y documentación adjunta a la misma, la "Declaración de divulgación"), registrada por la Junta de Supervisión y Administración Financiera de Puerto Rico, que autoriza al Deudor a solicitar votos con respecto a la aprobación o rechazo de la *Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico,* de fecha 17 de junio de 2022 (según la misma pueda ser enmendada o modificada, incluyendo todos los anexos y complementos de la misma, el "Plan"), adjunta como **Anexo A** a la Declaración de divulgación.

Podrá solicitar una copia impresa del Plan y de la Declaración de divulgación, incluyendo sus correspondientes traducciones al español, al Agente de votación, Kroll Restructuring Administration LLC (anteriormente denominado Prime Clerk LLC):
Teléfono (de 10:00 a.m. a 7:00 p.m. (AST)) (disponible en español):
(844) 822-9231 (gratuito en EE.UU. y Puerto Rico)
(646) 486-7944 (para llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, puede acceder a las copias electrónicas de la Declaración de divulgación y del Plan visitando el sitio https://cases.primeclerk.com/puertorico/.

2. De conformidad con la Orden de la Declaración de divulgación, el Deudor enviará los materiales necesarios para votar por la aceptación o rechazo del Plan, o para elegir opciones en materia de las distribuciones propuestas del "Paquete de convocatoria") a los Titulares de Reclamaciones de las siguientes Clases (denominadas colectivamente "Clases con derecho a voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos 68 de la ACT | Clase 1 |
| Reclamaciones de Bonos 68 de la ACT (Ambac) | Clase 2 |
| Reclamaciones de Bonos 68 de la ACT (Assured) | Clase 3 |
| Reclamaciones de Bonos 68 de la ACT (National) | Clase 4 |
| Reclamaciones de Bonos Senior 98 de la ACT | Clase 5 |
| Reclamaciones de Bonos Senior 98 de la ACT (Ambac) | Clase 6 |
| Reclamaciones de Bonos Senior 98 de la ACT (Assured) | Clase 7 |
| Reclamaciones de Bonos Senior 98 de la ACT (FGIC) | Clase 8 |
| Reclamaciones de Bonos Senior 98 de la ACT (National) | Clase 9 |
| Reclamaciones de bonos subordinados 98 de la ACT | Clase 10 |
| Reclamaciones de bonos subordinados 98 de la ACT (Ambac) | Clase 11 |
| Reclamaciones de bonos subordinados 98 de la ACT (Assured) | Clase 12 |
| Reclamaciones de bonos subordinados 98 de la ACT (FGIC) | Clase 13 |
| Reclamaciones de bonos subordinados 98 de la ACT (National) | Clase 14 |
| Reclamaciones de Dominio eminente/Expropiación forzosa inversa | Clase 15 |
| Reclamaciones generales no garantizadas de la ACT | Clase 16 |
| Reclamaciones de la ACT/BGF | Clase 17 |
| Reclamaciones federales | Clase 20 |

3. *Vista de confirmación.* Una vista para considerar la confirmación del Plan (la "Vista de confirmación") se celebrará ante la Honorable Laura Taylor Swain, del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918-1767 (o según se determine en virtud de una orden del Tribunal), el **17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de confirmación podrá ser continuada ocasionalmente por la Junta de Supervisión, sin necesidad de notificaciones adicionales o mediante los aplazamientos anunciados durante las sesiones, o bien mediante cualquier notificación de orden del día de asuntos a tratar programados para la vista y presentada ante el Tribunal, y el Plan podrá ser modificado, si fuera necesario, antes, durante o como resultado de la Vista de confirmación, de conformidad con las cláusulas de modificación del Plan y de la Regla local 3016-2, sin necesidad de notificación adicional a las partes interesadas.

5. *Depositario de Confirmación del Plan.* La información relativa a la confirmación del Plan está disponible en línea en el sitio del Depositario de Confirmación del Plan, titleiiiplandataroom.com.

6. *Fecha límite para objeciones a la confirmación.* El Tribunal ha establecido las **5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022** (la "Fecha límite de objeción a la confirmación") como fecha límite para registrar objeciones o respuestas a la confirmación del Plan propuesto. Las partes que no presenten una objeción al Plan antes de la Fecha límite de objeción a la confirmación tendrán prohibido hacer presentaciones orales antes el Tribunal durante la Vista de confirmación.

7. *Objeciones y respuestas a la confirmación.* Las objeciones y respuestas a la confirmación del Plan deberán:

   a. Presentarse por escrito, en inglés, y estar firmadas;
   b. Indicar el nombre, domicilio y naturaleza de la Reclamación que fuera objeto a replicante;
   c. Indicar específicamente el fundamento y naturaleza de cualquier objeción o respuesta, e incluir, si procediera, el texto propuesto para insertar en el Plan, con el objeto de resolver dicha objeción o respuesta;
   d. Presentarse electrónicamente ante el Tribunal en los expedientes de (i) *En el asunto de la Autoridad de Carreteras y Transportación de Puerto Rico,* Caso núm. 17 BK 3567-LTS, y (ii) *En el asunto del Estado Libre Asociado de Puerto Rico,* Caso núm. 17 BK 3283-LTS, a través del sistema de presentación de casos del tribunal, en formato compatible con el documento portátil con función de búsqueda **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022;**
      i. Si no es usted abogado registrado como usuario en el sistema de presentación de casos del Tribunal, podrá enviar su objeción por correo postal a la oficina de la Secretaría del Tribunal:
      Tribunal de Distrito de Estados Unidos, Secretaría
      150 Avenida Carlos Chardón, Suite 150,
      San Juan, P.R. 00918-1767
      para que sea recibida **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022.** y
   e. Cursarla a la Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico,

---

Edificio Ochoa, Calle Tanca 500, Suite 301, San Juan, PR 00901 (ref: En el asunto de: Autoridad de Carreteras y Transportación de Puerto Rico), para que sea recibida como más tardar en la Fecha límite de objeción a la confirmación.

8. *Calendario y fechas límite de confirmación e indagatoria.* El Tribunal ha establecido las siguientes fechas y plazos límite para indagatorias, que serán aplicables al Deudor y a otras partes interesadas:

| Resumen de ciertas fechas límite | |
|---|---|
| 1 de julio de 2022 | Fecha límite para que las Partes rechacen una lista de testigos de hechos, detallando los temas acerca de los cuales testificará cada uno de ellos (las "Listas de testigos de hecho"). |
| 8 de julio de 2022 | Fecha límite para que las partes registren las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"), si las hubiera. <br> Fecha límite para que las Partes cursen solicitudes de presentación de documentos que no estén bajo custodia del Depositario (las "Solicitudes de presentación"). Las respuestas y objeciones a las citadas Solicitudes de presentación podrán cursarse dentro de un plazo de siete (7) días desde la recepción de dichas Solicitudes. Las Partes podrán cursar hasta una ronda adicional de Solicitudes de presentación, siempre y cuando se haga en o antes del 11 de julio de 2022. |
| 12 de julio de 2022 | Fecha límite para que las Partes cursen hasta quince (15) interrogatorios ("interrogatorios"), incluyendo las subpartes. Las respuestas y objeciones a los citados Interrogatorios podrán cursarse dentro de un plazo de diez (10) días desde la recepción de dichos Interrogatorios. <br> Fecha límite para que las partes registren los informes periciales iniciales ("Informes periciales iniciales"), si los hubiera. Si se presenta algún Informe pericial inicial, las refutaciones a las divulgaciones de expertos deberán presentarse en un plazo de tres (3) días desde dicha presentación, y las respuestas a dichas refutaciones se presentarán cinco (5) días después de las divulgaciones. |
| 18 de julio de 2022 | Fecha límite para que las partes cursen las notificaciones de declaraciones juradas, temas y horarios solicitados para las mismas ("Notificaciones de declaraciones juradas") (todas las partes están limitadas a un límite de siete (7) horas para declaraciones juradas). |
| 20 de julio de 2022 | Fecha límite para que las Partes cursen solicitudes de admisión, limitadas a la autenticación de documentos ("Solicitudes de Admisión"). Las respuestas y objeciones a las citadas Solicitudes de Admisión podrán cursarse dentro de un plazo de cuatro (4) días laborables desde la recepción de dichas Solicitudes de Admisión. |
| 22 de julio de 2022 | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| 22 de julio de 2022 | Fecha límite para que el Deudor registre la propuesta de Orden de confirmación (la "Propuesta de Orden de confirmación"). |
| 25 de julio de 2022 | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |
| 25 de julio de 2022 | Fecha límite para que las partes presenten mociones Daubert y mociones *in limine.* |
| 27 de julio de 2022 | Fecha límite para: <br> • Objeciones a la confirmación del Plan ("Objeciones"). <br> • Objeciones a la Propuesta de Orden de confirmación. <br> • Fecha límite de votación / Fecha límite de elección |
| 27 de julio de 2022 | Fecha límite para que las partes registren las listas de testigos, las listas de pruebas y las designaciones de declaraciones juradas definitivas. |
| 29 de julio de 2022 | Fecha límite para que las partes presenten oposiciones a las mociones Daubert y mociones *in limine.* |
| 1 de agosto de 2022 | Fecha límite para que las partes presenten (a) objeciones a las listas de pruebas y designaciones de declaraciones juradas y (b) contraobjeciones propuestas. |
| 3 de agosto de 2022 | Fecha límite para que las partes presenten sus respuestas en apoyo de las mociones Daubert y las mociones *in limine.* |
| 3 de agosto de 2022 | Fecha límite para que las Partes presenten objeciones a las designaciones opuestas. |
| 7 de agosto de 2022 | Fecha límite para que el Deudor presente: <br> • Memorando de ley en apoyo de la confirmación. <br> • Réplicas generales a las Objeciones, oposiciones a la confirmación y a la propuesta de orden de confirmación. <br> • Declaraciones de testigos y recuento de votos. <br> • Antecedentes de hecho y conclusiones de derecho. <br> Fecha límite para que los deudores presenten declaraciones de testigos. |
| 8 de agosto de 2022 | Conferencia virtual antes al juicio. |
| 15 de agosto de 2022 | Fecha límite para que las Partes presenten objeciones a las Antecedentes de hecho y conclusiones de derecho. |
| 17-18 de agosto de 2022 | Vista de confirmación |

9. *Fecha de registro de votación.* La fecha de registro de votación será el **17 de junio de 2022** (la "Fecha de registro de votación"), que será la fecha para determinar cuáles titulares de Reclamaciones de las Clases con derecho a voto (excepto las Clases de bonos) tienen derecho a votar a favor o en contra del Plan. Por consiguiente, solamente podrán votar a favor o en contra del Plan los acreedores de una Clase con derecho a votar por el Plan que mantenga Reclamaciones contra el Deudor (salvo en las Clases de bonos) a la fecha de registro de votación.

10. *Fecha límite de votación.* La fecha límite para votar a favor o en contra del Plan es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que dicho plazo sea prorrogado (la "Fecha límite de votación"). *Usted no está obligado a votar por el Plan para percibir distribuciones de conformidad con los términos y condiciones del Plan, si este se confirmara por el Tribunal, siempre y cuando sea titular de una Reclamación permitida.*

11. Si recibió un Paquete de convocatoria, incluyendo una Papeleta o Notificación, y tiene previsto ejercitar su voto sobre el Plan, *deberá* (a) atenerse estrictamente a las instrucciones; (b) cumplimentar *todos* los datos requeridos en la Papeleta procedo; y (c) o bien (i) ejecutar y devolver la Papeleta cumplimentada de conformidad con las instrucciones de votación incluidas en el Paquete de convocatoria, de modo que su Papeleta sea *efectivamente recibida* por el Agente de votación del Deudor, Kroll Restructuring Administration LLC ("Kroll", o el "Agente de votación")[2] como más tardar en la Fecha límite de votación, o bien (ii) entregar su Papeleta electrónicamente a través de la herramienta en línea de votación de la página web de Kroll, una "Persona designada") que eran electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP" en The Depository Trust Company o "DTC") en función de sus bonos de votar para aceptar o rechazar el Plan en o antes de la Fecha límite de votación. *El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.*

12. *Fecha límite de elección.* La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo si dicho plazo es prorrogado (la "Fecha límite de elección"). Si ha recibido una Notificación con la opción de hacer una elección *deberá* (a) atenerse estrictamente a las instrucciones; (b) cumplimentar *todos* los datos requeridos en las instrucciones de elección, de modo que sean *efectivamente recibidas* por el Agente designado a un suficiente antelación para que sea pueda *ejecutar efectivamente* su elección a través del sistema ATOP de DTC como más tardar en la Fecha límite de elección.

13. *Partes interesadas con derecho al voto.* Se considera que los acreedores de las Clases 18 (Reclamaciones subordinadas de la Sección 510(b)) rechazan el Plan, por lo cual no tienen derecho al voto.

14. Se considera que las siguientes Clases aceptarán el Plan, por lo cual no tienen derecho de votar:
    • Clase 14 (Reclamaciones de Bonos Mososcos de la ACT);
    • Clase 19 (Reclamaciones de Interés convenidas).

15. Si una Reclamación no está incluida en la Lista de acreedores del Deudor (Registro en el expediente judicial núm. 2163 en el Caso núm. 17-3283) como contingente, no liquidada o impugnada, y (i) no se registró una evidencia de reclamación el Tribunal o la Fecha de registro de votación (por ejemplo, dicha reclamación establecida por el Tribunal o en la Fecha de registro de votación (según proceda)); o (ii) considerada debidamente registrada por orden del Tribunal antes de la Fecha límite de votación, dicha Reclamación no tendrá derecho a votar por la aceptación o el rechazo del Plan. Tampoco las pruebas de reclamación presentadas por $0,00 o aquellas desestimadas por orden final del Tribunal tendrán derecho de voto.

16. Si usted ha presentado oportunamente una evidencia de reclamación, y no está de acuerdo con la

---

clasificación del Deudor, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificarlo al Deudor y a las partes enumeradas en el apartado 16 de la Orden de Declaración de divulgación y registrar en el Tribunal (con copia al Despacho de la juez) una moción (una "Moción conforme a la Regla 3018") para obtener una orden a tenor de la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de su forma provisional su Reclamación por un monto establecido por una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse como más tardar diez (10) días después de uno de los siguientes fechos: (i) la notificación de esta Vista de Confirmación o (ii) la notificación de una objeción o solicitud de estimación, si la hubiera, en cuanto a dicha Reclamación, lo que más tarde se produzca. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal lo ordene antes de la Fecha límite de votación **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**. Los acreedores podrán ponerse en contacto con el Agente de votación (i) a través de correo postal certificado o de un servicio de mensajería, dirigiéndose al Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (anteriormente conocida como Prime Clerk LLC), Brooklyn Navy Yard, Suite 412, Brooklyn, NY 11232; (ii) por teléfono llamando al (844) 822-9231 (gratuito en EE.UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales), que atiende de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien (iii) por correo electrónico escribiendo a puertoricoinfo@primeclerk.com. Papeleda adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya aceptado una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

17. Sírdese que su Reclamación será admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), encontrará un formulario de la Regla 3018(a) con instrucciones para completar y presentar la moción en https://cases.primeclerk.com/puertorico/.

18. *Partes que no serán tratadas como Acreedores.* Cualquier titular de una Reclamación que (i) esté incluido en la Lista de Acreedores a $0,00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o una evidencia de Reclamación que se considere presentada a tiempo antes el Tribunal a tenor del Código de Quiebras o de cualquier orden del Tribunal, o que se considere presentada a tiempo según la ley aplicable, o bien (ii) esté programado y no sea objeto de una evidencia de reclamación considerada presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o cualquier orden del Tribunal, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratado como un acreedor con respecto a dicha Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

19. *Información adicional.* Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de votación, Kroll Restructuring Administration LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@primeclerk.com, podrá ver el sitio del Tribunal, https://cases.primeclerk.com/puertorico/, o al sitio web del Tribunal, https://www.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para acceso a los documentos que figuran en el sitio web del Tribunal a través del sistema de Registros Públicos de Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (https://pacer.uscourts.gov/).

20. *Reglas de Quiebra 2002(c)(3) y 3016(c).* De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:

**Sección 41.2 – Exoneración y descargo de reclamaciones y causas de acción:**
(a) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán a, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de acción contra el Deudor y la ACT Reorganizada que surgieron, en todo o en parte, antes de la Fecha de vigencia de la ACT en relación con los Casos del Título III, el Deudor, la ACT reorganizada o cualquiera de sus respectivos Activos, bienes o intereses de toda índole, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de petición de la ACT, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan a causa de dichas Reclamaciones o Causas de acción; teniendo en cuenta, sin embargo, que, no obstante los derechos de exculpación establecidos en la Sección 41.7 del Plan de la ACT, nada de lo contenido en el Plan de la ACT o la Orden de Confirmación de la ACT tiene la intención de ser, ni deberá ser interpretado, como un otorgamiento de una excención no consensuada a terceros de los Acreedores del AAF de la ACT/ADCC y sus respectivas Personas Vinculadas por parte de los Acreedores del Deudor. En la Fecha de Vigencia de la ACT, el Deudor y ACT reorganizada se considerarán exonerados y eximidos de todas y cada una de las Reclamaciones, Causas de acción y cualquier otra deuda que surgiera en cualquier fecha antes de la Fecha de confirmación de la ACT (salvo, excepto en la medida en que dichas Reclamaciones del Deudor o Deudor y la ACT Reorganizada a tenor de las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, ya se trate o no (a) de una evidencia de reclamación presentada o considerada presentada en virtud de la sección 501 del Código de Quiebras, (b) que se autorice dicha Reclamación conforme a la sección 502 del Código de Quiebras o la Sección 407 de la Ley PROMESA (o que se resuelva de otro modo), o (c) que el titular de una Reclamación basada en una deuda tenga el voto para aceptar el Plan de la ACT. A efectos de disipar cualquier duda, nada de lo contenido en el Plan de la ACT ni en la Orden de confirmación de la ACT liberará, eximirá o impedirá reclamación o causa de acción contra o de las Reclamaciones, Causas de acción u otras deudas en los seguros nominimas pertinentes, y la AEE no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEE derivadas de, o relacionadas con, los bonos emitidos por la AEE, así como las excenciones contra la AEE y sus activos, se dirigirán al caso del Título III de la AEE, incluyendo cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra el Deudor y la ACT reorganizada, y cada una de sus respectivos Activos, bienes y derechos, Causas de acción, Reclamaciones o Causas de acción o cualquier responsabilidad de toda índole, relacionadas con los Casos del Título III, el Deudor y la ACT reorganizada o cualquiera de sus respectivos Activos y causas de negocios. Estas reclamaciones pueden incluyendo cualquier interés acumulado sobre dichas reclamaciones desde o después de la Fecha de petición de la ACT e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan de la ACT a causa de dichas Reclamaciones y otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, recursos, causas de acción u otras responsabilidades. De conformidad con lo anterior, salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, la Orden de confirmación de la ACT constituirá una determinación judicial, a la Fecha de vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de acción deudas según lo dispuesto anteriormente. Las acciones de exoneración (Clawback) y las Mociones de exoneración de la paralización, y (ii) no impedirá directa ni

(continúa en la página siguiente)

**Debtors**

**Aviso Público (página 2 de 2)**

*(continúa de la página anterior)*

indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones exoneradas del Gobierno que esté prohibida por la Sección 41.2 del Plan de la ACT.

(d) Limitación de la SEC. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar, perjudicar o retrasar que la SEC incoe o prosiga reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de Estados Unidos. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que Estados Unidos o cualquiera de sus organismos, departamentos o agentes eximan de algún modo al Deudor de la ACT reorganizada, según proceda, de cumplir las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el medio ambiente de personas de dicho territorio, (ii) impedir el ámbito de cualquier exoneración, exención o recurso a los cuales el Deudor o la ACT reorganizada tengan derechos de conformidad con el Título III, ni (iii) eximan, libren, impidan o prohíban de alguna manera (A) cualquier responsabilidad del Deudor o la ACT reorganizada ante Estados Unidos derivados de, y posteriores a, la Fecha de vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación frente a Estados Unidos, del Deudor o la ACT reorganizada, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de Estados Unidos, del Deudor o la ACT reorganizada, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de Estados Unidos, (E) las obligaciones del Deudor o la ACT reorganizada derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad para con Estados Unidos de parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido en el Plan de la ACT ni en la Orden de confirmación de la ACT podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, estatus fiscal u obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (iii) una exención, satisfacción, excepción ni prohibición de cualquier reclamación reclamada por el IRS contra cualquier entidad que no sean el Deudor y la ACT reorganizada, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal haya prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201 (o) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421 (a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT o en la Orden de confirmación de la ACT, incluyendo, entre otros, las Secciones 41.2, 41.3 y 41.11 del Plan de la ACT, salvo que pueda ser impedida a tenor de las cláusulas de la Ley PROMESA, nada de lo contenido en el Plan de la ACT, la Orden de confirmación de la ACT o cualquier otro documento relacionado con el Plan de la ACT o en el Suplemento de la ACT, tiene por objeto, ni podrá interpretarse como dirigido a, perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de los demandantes y demandados, incluyendo, entre otros, las partes de las Acciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensas en dichas Acciones, incluyendo, entre otros, las Reclamaciones, defensas, causas de acción y derechos de compensación o recobro (en la medida en que estuvieran disponibles), o cualesquiera otros derechos de determinación de responsabilidad u otros fundamentos para la reducción de (o acreditación contra) cualquier sentencia relacionada con las Acciones de las aseguradoras (en conjunto, los "Derechos de defensa"); aunque siempre en el bien entendido de que, a efectos de disipar cualquier duda, bajo ninguna circunstancia podrá utilizarse alguno de los Derechos de defensa para obtener o conseguir el pago afirmativo de dinero o el traspaso afirmativo de bienes a algún demandante, demandado o, en la medida en que proceda, demandado tercero, por parte de la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier agencia u organismo del mismo, en relación con una Acción de aseguradora, y asimismo siempre y cuando a ninguna de las partes de estas Acciones, incluyendo, entre otros, demandantes, demandados y, si los hubiera, demandados terceros, se le permita incoar: (i) contra el Deudor o la ACT reorganizada, ninguna Reclamación o Causa de acción con el objeto de obtener un recobro monetario afirmativo que, de otro modo, esté excluido o desestimado como consecuencia de las Órdenes de Fecha límite, el Plan de la ACT y/o la Orden de confirmación de la ACT; y/o (ii) contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier organismo o agencia del mismo, cualesquiera Reclamaciones o contrarreclamaciones a efectos de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, partiendo de/con el objeto de obtener un recobro monetario afirmativo, Reclamaciones o contrarreclamaciones que serán consideradas desautorizadas, desestimadas, exoneradas o restringidas de conformidad con los términos y disposiciones del Plan de la ACT y la Orden de confirmación de la ACT; entendiéndose asimismo que nada de lo contenido en la Orden de confirmación de la ACT tiene por objeto, ni deberá interpretarse como un intento de, prohibir, excluir, vetar, modificar o limitar en modo alguno la capacidad de cualquier demandante a una Acción de aseguradora de plantear Derechos de defensa para reducir, eliminar o limitar la cuantía de cualquier responsabilidad o sentencia de la Acción de una aseguradora. Las partes de las Acciones de aseguradoras están en permanente excluidas, restringidas, proscritas y limitadas para aprender, incoar o demandar contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otro organismo o agencia del mismo, Reclamaciones o contrarreclamaciones con el objeto de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, Reclamaciones o contrarreclamaciones basadas en, derivadas de o relacionadas con, las Acciones de aseguradoras, tanto si dicha Reclamación o contrarreclamación pueda incoarse como si no ante un tribunal, un arbitraje, una agencia o foro administrativo, o de cualquier otra manera.

Sección 41.3 – Interdicto sobre las Reclamaciones.

Salvo que se disponga expresamente lo contrario en el Plan de la ACT, en la Orden de confirmación de la ACT o en cualquier otra Orden final del Tribunal del Título III que pudiere ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 41.2 del Plan de la ACT o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor de la Sección 41.2 del Plan de la ACT tienen permanentemente prohibido, en o a partir de la Fecha de vigencia de la ACT, (a) incoar o continuar, directa o indirectamente, en cualquier modalidad, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, administrativo u otro) de toda índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor de la Sección 41.2 del Plan, (b) hacer cumplir, atacar o recaudar, mediante cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, (c) crear, perfeccionar o hacer valer de cualquier modo cualquier gravamen de cualquier tipo respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan de la ACT, (d) imponer cualquier compensación contra cualquier deuda o responsabilidad adeudada a cualquier Entidad exonerada conforme a la Sección 41.2 del Plan de la ACT; y (e) iniciar y continuar de cualquier otro modo y lugar, un procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan de la ACT o de la Orden de confirmación de la ACT. Para evitar dudas, las siguientes estipulaciones se extinguirán en el registro de la Orden de confirmación de la ACT: (i) la Cuarta Estipulación enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la prescripción y Orden de consentimiento [Caso núm. 17-3283-LTS, ECF núm. 15854] y sus enmiendas, y (ii) y sus enmiendas; y la Cuarta Estipulación enmendada y Orden de consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la prescripción [Caso núm. 17-3283-LTS, ECF núm. 17394] y sus enmiendas.

Sección 41.7 – Exculpación:

(a) Partes del Gobierno: La Junta de Supervisión, la AAFAF, el Deudor y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su calidad de tales en cualquier momento hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualesquiera transacciones o acuerdos del contenido, la Declaración de divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7 no afectarán a las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 41.7 menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de vigencia de la ACT inclusive, ni de cada uno de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan de la ACT.

(b) Acreedores del AAP de ACT/ADCC: Cada uno de los Acreedores del AAP de ACT/ADCC, actuando exclusivamente en su calidad de tales como parte del Acuerdo de Apoyo al Plan de ACT/ADCC y un Acreedor y/o Asegurador, según proceda, desde la Fecha de petición de la ACT y hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualesquiera transacciones o acuerdos allí contenidos, la Declaración de divulgación, el Acuerdo de Apoyo al Plan de ACT/ADCC, los Documentos definitivos o cualquier contrato, instrumento, publicación o convenio o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7(b) no afectarán a las responsabilidades de cualquier Entidad que, de otro modo, hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa.

(c) Aseguradoras Monolínea: Ambac, Assured, FGIC, National y sus respectivas Personas relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por acciones u omisiones compatibles con el Plan de la ACT o en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan de la ACT, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos asegurados por Ambac, las Reclamaciones de Bonos asegurados por Assured, las Reclamaciones de Bonos asegurados por FGIC o las Reclamaciones de Bonos asegurados por National, los procedimientos de votación, los procedimientos de solicitud de votación y el tratamiento de las obligaciones en virtud de las Pólizas de seguro de Ambac, las Pólizas de seguro de Assured, las Pólizas de seguro de FGIC o las Pólizas de seguro de National correspondientes, siempre en el bien entendido de que, no obstante cualquier otra disposición en sentido contrario aquí contenida, los términos y condiciones del Plan de la ACT no relevarán ni exculparán, ni se entenderá que relevan o exculpan, cualesquiera obligaciones de pago —a tenor de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC o la Póliza de Seguro de National— a cualquier titular usufructuario de Bonos asegurados por Ambac, Bonos asegurados por Assured, Bonos asegurados por FGIC o Bonos asegurados por National, según proceda, de conformidad exclusivamente con sus términos, en la medida en que dicho titular no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC o el Tratamiento de National, según corresponda (o cualesquiera reclamaciones que Ambac, Assured, FGIC o National pudieran plantear contra un titular usufructuario de sus bonos respectivamente asegurados en relación con las obligaciones asumidas por Ambac, Assured, FGIC o National en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC o las Pólizas de Seguro de National, respectivamente).

(d) Comité de Acreedores: Cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de petición de la ACT hasta la Fecha de vigencia de la ACT, inclusive, y cada una de las Personas relacionadas del Comité de Acreedores, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por acciones u omisiones relacionadas con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT de cualquier compromiso o acuerdo contenido en este documento, la Declaración de divulgación de la ACT o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que, no obstante la exculpación precedente, en caso de que se emprenda contra un miembro del Comité de Acreedores un litigio vinculado con las acciones precedentes, cada miembro tendrá derecho a que se le reintegren honorarios y gastos legales razonables y a que se le indemnice por los daños adjudicados en dicho caso, por la ACT como consecuencia de una Orden final; y asimismo en el bien entendido de que las cláusulas precedentes de esta Sección 41.7(d) no afectarán a la responsabilidad de alguna Entidad que, de otro modo, conforme a dicha acción u omisión resultaría en fraude intencional en una Orden final, se determine que dicha acción u omisión constituyó fraude intencional o conducta dolosa.

(e) Las Partes de la ARD: Cada una de la ARD y las Partes de la ARD, desde la Fecha de Petición de la ACT hasta e inclusive la Fecha de Entrada en Vigencia de la ACT y cada uno de los predecesores, sucesores y cesionarios respectivos de las Partes de la ARD (ya sea de oficio o de otra manera), y sus respectivos asesores financieros, abogados, contadores, consultores, agentes y profesionales, u otros representantes, cada uno actuando en tal capacidad, y cualquier Entidad que actúe para o en nombre de cada uno de ellos, en cada caso, únicamente en la medida de que actúen en tal capacidad, no tendrá ni incurrirá en ninguna responsabilidad ante ninguna Entidad por realizado u omitido en relación con el Caso del Título III,

mediación, negociación, formación, preparación, diseminación, implementación, confirmación u aprobación del Plan de la ACT o cualquier transacción o conciliación contenido en estas, la Declaración de Divulgación, la Estipulación de la ARD, o cualquier contrato, instrumento, descargo u otro acuerdo o documento dispuesto o contemplado en relación con el perfeccionamiento de las transacciones estipuladas en el Plan de la ACT; siempre en el bien entendido de que las disposiciones anteriores de esta Sección 41.7(e) no afectarán la responsabilidad de cualquier Entidad que resultaría de otra manera de dicho acto u omisión en la medida en que dicho acto u omisión estuviera determinado en una Orden Final como constituyente de fraude o conducta dolosa.

Sección 41.8 – Litigio relacionado con las designaciones:

No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT, en el caso de que se dictase una Orden final en relación con el Litigio relacionado con las designaciones o el Litigio de uniformidad con posterioridad a la emisión de la Orden de confirmación de la ACT, como contrapartida por las distribuciones efectuadas, que vayan a efectuarse o que se considerarán efectuadas de conformidad con los términos y disposiciones del Plan de la ACT y los documentos e instrumentos relacionados con el mismo, todos los Acreedores o las demás Entidades que reciban, o se considere que hayan recibido, distribuciones de conformidad con, o como resultado de, el Plan de la ACT, consienten y aceptan que dicha Orden final no revertirá, afectará ni modificará de ningún otro modo las transacciones contempladas en el Plan de la ACT y en la Orden de confirmación de la ACT, la cual incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XLI del Plan de la ACT; siempre en el bien entendido de que, en la medida en que una parte demandante alegue, haga valer y demuestre o bien en el Litigio relacionado con las designaciones o bien el Litigio de uniformidad que parte del Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de ACT/ADCC, el Acuerdo de Apoyo al Plan de la AFI o la Estipulación de SRE, en un plazo de cinco (5) días laborables desde la Fecha de vigencia del Plan de la ACT, dicho demandante adoptará todas y cada una de las medidas necesarias para que se desestimen, sin perjuicio —o, en el caso de que hubiera otros demandantes que fuesen partes de dichos litigios para, sin perjuicio, retirarse— de dichos Litigios relacionados con designaciones o Litigios de uniformidad, según proceda, incluyendo, entre otros, cursando notificaciones de desestimación o retirada a la Secretaría del Tribunal competente.

Sección 41.9 – Orden de prohibición:

Dentro de los límites que se establezcan en el Plan de la ACT, a todas y cada una de las Entidades se les impide, prohíbe y restringe de manera permanente, instituir, emprender, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza, tanto en derecho como en equidad, conocidos o desconocidos, directos o indirectos y tanto alegados como si no, contra cualquiera de las Partes exoneradas, sobre la base de, relacionadas con o derivadas de o en relación con cualquiera de las Reclamaciones exoneradas, la confirmación y perfeccionamiento del Plan de la ACT, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan de ACT/ADCC o cualquier reclamación, actuación, transacción, omisión, declaración u omisión en relación con, alegada o que pudiera alegarse, en los Casos de Título III, lo cual incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad o causa de acción a efectos de indemnización, contribución u otro fundamento de este tipo, en derecho o en equidad, por daños y perjuicios, costes o honorarios incurridos por derivados directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de alguna otra manera, sea directa o indirectamente por cualquier Persona para beneficio directo o indirecto de cualquier Parte exonerada, derivada de, relacionada con, las Reclamaciones, los descargos, hechos, transacciones, incidencias, declaraciones u omisiones que son, o podrían o pudieran ser alegados en las acciones relacionadas o cualquier otra acción iniciada, o que pudiera iniciarse por, a favor de, en nombre de, o en beneficio de cualquiera de las Partes exoneradas (tanto de conformidad con leyes federales como estatales o extranjeras, e independientemente de dónde se alegue).

Sección 41.11 – Interdicto complementario:

No obstante lo dispuesto en sentido contrario en el Plan de la ACT, y salvo dentro de los límites que se estipulan en el Plan de la ACT, todas las Entidades, incluidos los agentes que actúen en su propio nombre, que actualmente mantengan o aleguen, o que hayan mantenido o alegado, o pudieran mantener y alegar, cualquier Interdicto complementario sobre la base de las Partes exoneradas basadas en, atribuibles a, derivadas de o relacionadas con, los Casos del Título III o cualquier Reclamación contra cualquiera del Deudor, sea y dondequiera que se planteen o aleguen, tanto en EE. UU. como en cualquier otra parte del mundo, contractual o extracontractualmente, en virtud de alguna garantía, ley o cualquier otro levita en derecho o equidad, o cualquier otra teoría, quedarán permanentemente impedidas, restringidas y prohibidas de iniciar cualquier acción contra cualquiera de las Partes exoneradas sobre la base de, derivada directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de alguna otra manera, sea directa o indirectamente por cualquier Persona para beneficio directo o indirecto de cualquier Parte exonerada, derivada o relacionada con, cualquier reclamación, demanda o cobro relacionada con cualquier Reclamación exonerada que se plantee con anterioridad a la Fecha de vigencia de la ACT (incluso con anterioridad a la Fecha de petición de la ACT), incluyendo, entre otros:

(a) Iniciar o continuar de cualesquiera maneras, actuaciones u otros procedimientos de toda índole con respecto a dichas Reclamaciones exoneradas contra cualquiera de las Partes exoneradas o los activos o bienes de cualquiera de ellas;

(b) Ejecutar, incautar, cobrar o recaudar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes contra cualquiera de las Partes exoneradas, sus activos o bienes en esta, en relación con dichas Reclamaciones exoneradas;

(c) Establecer, perfeccionar o ejecutar prendas de toda índole contra cualquiera de las Partes exoneradas, sus activos o bienes, con respecto a dichas Reclamaciones exoneradas;

(d) Salvo que se estipule expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, alegar, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recobro de cualquier tipo contra cualquier obligación adeudada a cualquiera de las Partes exoneradas, sus activos o bienes, vinculados con dichas Reclamaciones exoneradas; y

(e) Emprender cualquier actuación, de manera que fuera o en cualquier lugar, que no se ajuste al, o cumpla con las disposiciones del, Plan de la ACT o la Orden de confirmación de la ACT, en el bien entendido de que el hecho de que el Deudor cumpla los requisitos formales de la Regla de Quiebras 3016 no constituye una admisión de que el Plan de la ACT contempla la liberación de terceros en contra una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 23 de junio de 2022, San Juan, Puerto Rico

Presentado respetuosamente, */s/ Brian S. Rosen*. Martin J. Bienenstock (admitido *pro hac vice*), Brian S. Rosen (admitido *pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, Abogados de la Junta de Supervisión y Administración Financiera como representante del Deudor *-and- /s/ Hermann D. Bauer*. Hermann D. Bauer, Esq., USDC Núm. 215205, **O'NEILL & BORGES LLC**, 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera como representante del Deudor*

[1] Los Deudores de estos Casos del Título III, junto con el último número de los casos de cada Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra núm. 17-BK-3283-LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra núm. 17-BK-3567-LTS) (Caso de quiebra núm. 17-BK-3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra núm. 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra núm. 17-BK-4780-LTS) (Caso de quiebra núm. 17-BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra núm. 19-BK-5523-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (Números de casos del Título III enumerados como números de casos del Título III en relación con las limitaciones del software).

[2] El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

[3] Todos los términos en mayúsculas utilizados pero no definidos tendrán los significados que se les asigna en el Plan.

[2] El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

# Exhibit O

*Primera Hora*

**(July 6, 2022)**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

### AVISO PÚBLICO

NOTIFICACION DE (I) LA APROBACION DE LA DECLARACION DE DIVULGACION, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO (III) LA VISTA DE CONFIRMACION DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECION A LA CONFIRMACION DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LIMITE DE VOTACION SOBRE EL PLAN DE AJUSTE Y LA CELEBRACION DE DETERMINADAS ELECCIONES DENTRO SU MARCO

## AFIDAVIT

Yo, Miriam del Carmen Hernández Martí, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "PRIMERA HORA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

### 6 DE JULIO DE 2022

se dio publicidad al edicto expedido por

### KROLL RESTRUCTURING ADMINISTRATION LLC

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. JUL 0 8 2022 20___.

_____

Afidávit No. ____94,299____ del Registro.

Jurado y reconocido ante mi por Miriam del Carmen Hernández Martí, vecina de San Juan, mayor de edad, casada, Representante del periódico "PRIMERA HORA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. JUL 0 8 2022 20___.

_____
NOTARIO





## Aviso Público (página 1 de 2)

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,<br>Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado de manera conjunta) |
| En el asunto de:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>Núm. 17 BK 3567-LTS |

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

**Si tiene usted derecho de voto o a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se define a continuación) por separado en una fecha futura.**
**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**
**FECHA LÍMITE PARA OBJECIONES: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**
**VISTA DE CONFIRMACIÓN: 17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**
**Consulte fechas límites adicionales más adelante.**
Para cualquier consulta relativa a esta notificación, sírvase ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll")[2] a través del teléfono (844) 822-9231 (gratuito para EE.UU. y Puerto Rico), o bien al (646) 486-7944 (para llamadas internacionales). El horario de atención es desde las 10:00 a.m. hasta las 7:00 p.m. (hora estándar del Atlántico (disponible en español), o bien al correo electrónico puertoricoinfo@primeclerk.com.

**SÍRVASE TOMAR NOTA DE LO SIGUIENTE:**

1. ***Aprobación de la Declaración de divulgación.*** Mediante la orden de fecha 22 de junio de 2022 (la "Orden de Declaración de divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó como adecuada la información contenida en la *Declaración de divulgación de la Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según pueda ser modificada o enmendada, incluyendo todos los anexos y documentación adjuntos a la misma, la "Declaración de divulgación"), registrada por la Junta de Supervisión y Administración Financiera de Puerto Rico, que autoriza al Deudor a solicitar votos con respecto a la aprobación o rechazo de la *Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según la misma pueda ser enmendada o modificada, incluyendo todos los anexos y complementos de la misma, el "Plan"),[3] adjunta como **Anexo A** a la Declaración de divulgación.

**Podrá solicitar una copia impresa del Plan y de la Declaración de divulgación, incluyendo sus correspondientes traducciones al español, al Agente de votación, Kroll Restructuring Administration LLC (anteriormente denominado Prime Clerk LLC):**
**Teléfono (de 10:00 a.m. a 7:00 p.m. (AST)) (disponible en español):**
**(844) 822-9231 (gratuito en EE.UU. y Puerto Rico)**
**(646) 486-7944 (para llamadas internacionales)**
**Correo electrónico: puertoricoinfo@primeclerk.com**
Alternativamente, puede acceder a las copias electrónicas de la Declaración de divulgación y del Plan visitando el sitio https://cases.primeclerk.com/puertorico/.

2. De conformidad con la Orden de la Declaración de divulgación, el Deudor enviará los materiales necesarios para votar por la aceptación o rechazo del Plan, o para elegir opciones en materia de las distribuciones propuestas (el "Paquete de convocatoria") a los titulares de Reclamaciones de las siguientes Clases (denominadas colectivamente "Clases con derecho a voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos 68 de la ACT | Clase 1 |
| Reclamaciones de Bonos 68 de la ACT (Ambac) | Clase 2 |
| Reclamaciones de Bonos 68 de la ACT (Assured) | Clase 3 |
| Reclamaciones de Bonos 68 de la ACT (National) | Clase 4 |
| Reclamaciones de Bonos Senior 98 de la ACT | Clase 5 |
| Reclamaciones de Bonos Senior 98 de la ACT (Ambac) | Clase 6 |
| Reclamaciones de Bonos Senior 98 de la ACT (Assured) | Clase 7 |
| Reclamaciones de Bonos Senior 98 de la ACT (FGIC) | Clase 8 |
| Reclamaciones de Bonos Senior 98 de la ACT (National) | Clase 9 |
| Reclamaciones de Bonos subordinados 98 de la ACT | Clase 10 |
| Reclamaciones de Bonos subordinados 98 de la ACT (Assured) | Clase 11 |
| Reclamaciones de Bonos subordinados 98 de la ACT (FGIC) | Clase 12 |
| Reclamaciones de Bonos subordinados 98 de la ACT (National) | Clase 13 |
| Reclamaciones de Dominio eminente/Expropiación forzosa inversa | Clase 15 |
| Reclamaciones generales no garantizadas de la ACT | Clase 16 |
| Reclamaciones de la ACT/BGF | Clase 17 |
| Reclamaciones federales | Clase 20 |

3. ***Vista de confirmación.*** Una vista para considerar la confirmación del Plan (la "Vista de confirmación") se celebrará ante la Honorable Laura Taylor Swain, del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918-1767 (o según se determine en virtud de una orden del Tribunal), el **17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de confirmación podrá ser continuada periódicamente por la Junta de Supervisión, sin necesidad de notificaciones adicionales o mediante los aplazamientos anunciados durante las sesiones, o bien indicados en cualquier notificación de orden del día de asuntos a tratar programado para la vista y presentada ante el Tribunal, y el Plan podrá ser modificado, si fuera necesario, antes, durante o como resultado de la Vista de confirmación, de conformidad con las cláusulas de modificación del Plan y de la Regla local 3016-2, sin necesidad de notificación adicional a las partes interesadas.

5. ***Depositario de Confirmación del Plan.*** La información relativa a la confirmación del Plan está disponible en línea en el sitio del Depositario de Confirmación del Plan, titleiiiplandataroom.com.

6. ***Fecha límite para objeciones a la confirmación.*** El Tribunal ha establecido las **5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022** (la "Fecha límite de objeción a la confirmación"), como fecha límite para registrar objeciones o respuestas a la confirmación del Plan propuesto. Las partes que no presenten una objeción al Plan antes de la Fecha límite de objeción a la confirmación tendrán prohibido hacer presentaciones orales antes el Tribunal durante la Vista de confirmación.

7. ***Objeciones y respuestas a la confirmación.*** Las objeciones y respuestas a la confirmación del Plan deberán:

a. Presentarse por escrito, en inglés, y estar firmadas;

b. Indicar el nombre, domicilio y naturaleza de la Reclamación de la parte objetora o replicante;

c. Indicar específicamente el fundamento y naturaleza de cualquier objeción o respuesta, e incluir, si procediera, el texto propuesto para insertar en el Plan, con el objeto de resolver dicha objeción o respuesta;

d. Presentarse electrónicamente ante el Tribunal en los expedientes de (i) *En el asunto de la Autoridad de Carreteras y Transportación de Puerto Rico*, Caso núm. 17 BK 3567-LTS, y (ii) *En el asunto del Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de presentación de casos del tribunal, en formato de documento portátil con función de búsqueda **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**.

i. Si no es usted abogado registrado como usuario en el sistema de presentación de casos del Tribunal, podrá enviar su objeción por correo postal a la oficina de la Secretaría del Tribunal:

Tribunal de Distrito de Estados Unidos, Secretaría
150 Avenida Carlos Chardón, Suite 150,
San Juan, P.R. 00918-1767

para que sea recibida **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**, y

e. Cursarla a la Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, Calle Tanca 500, Suite 301, San Juan, PR 00901 (ref: En el asunto de: Autoridad de Carreteras y Transportación de Puerto Rico), para que sea recibida como más tardar en la Fecha límite de objeción a la confirmación.

8. ***Calendario y fechas límite de confirmación e indagatoria.*** El Tribunal ha establecido las siguientes fechas y plazos límite para indagatorias, que serán aplicables al Deudor y a otras partes interesadas:

| Resumen de ciertas fechas límite | |
|---|---|
| 1 de julio de 2022 | Fecha límite para que las Partes registren una lista de testigos de hechos, detallando los temas acerca de los cuales testificará cada uno de ellos (las "Listas de testigos de hecho"). |
| | Fecha límite para que las partes registren las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"), si las hubiera. |
| | Fecha límite para que las Partes cursen solicitudes de presentación de documentos que no estén bajo custodia del Depositario (las "Solicitudes de presentación"). Las respuestas y objeciones a las citadas Solicitudes de presentación podrán cursarse dentro de un plazo de siete (7) días desde la recepción de dichas Solicitudes. Las Partes podrán cursar hasta una ronda adicional de Solicitudes de presentación, siempre y cuando se haga en o antes del 11 de julio de 2022. |
| 8 de julio de 2022 | Fecha límite para que las Partes cursen hasta quince (15) interrogatorios ("Interrogatorios"), incluyendo las subpartes. Las respuestas y objeciones a los citados Interrogatorios podrán cursarse dentro de un plazo de diez (10) días desde la recepción de dichos Interrogatorios. |
| 12 de julio de 2022 | Fecha límite para que las partes registren los informes periciales iniciales ("Informes periciales iniciales"), si los hubiera. Si se presenta algún Informe pericial inicial, las refutaciones a las divulgaciones de expertos deberán presentarse en un plazo de tres (3) días desde dicha presentación, y las respuestas a dichas refutaciones se presentarán cinco (5) días después de las divulgaciones. |
| | Fecha límite para que las partes cursen las notificaciones de declaraciones juradas, temas y horarios solicitados para las mismas ("Notificaciones de declaraciones juradas") (todas las partes están limitadas a un límite de siete (7) horas para declaraciones juradas). |
| 18 de julio de 2022 | Fecha límite para que las Partes cursen solicitudes de admisión, limitadas a la autenticación de documentos ("Solicitudes de Admisión"). Las respuestas y objeciones a las citadas Solicitudes de Admisión podrán cursarse dentro de un plazo de cuatro (4) días laborables desde la recepción de dichas Solicitudes de Admisión. |
| | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| 20 de julio de 2022 | Fecha límite para que el Deudor registre la propuesta de Orden de confirmación (la "Propuesta de Orden de confirmación"). |
| 22 de julio de 2022 | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |
| 25 de julio de 2022 | Fecha límite para que las partes presenten mociones Daubert y mociones *in limine*. |
| 27 de julio de 2022 | Fecha límite para:<br>• Objeciones a la confirmación del Plan ("Objeciones").<br>• Objeciones a la Propuesta de Orden de confirmación. |
| | Fecha límite de votación / Fecha límite de elección |
| | Fecha límite para que las partes registren las listas de testigos, las listas de pruebas y las designaciones de declaraciones juradas definitivas. |
| 29 de julio de 2022 | Fecha límite para que las partes presenten oposiciones a las mociones Daubert y mociones *in limine*. |
| 1 de agosto de 2022 | Fecha límite para que las partes presenten (a) objeciones a las listas de pruebas y designaciones de declaraciones juradas y (b) designaciones opuestas. |
| 3 de agosto de 2022 | Fecha límite para que las partes presenten sus respuestas en apoyo de las mociones Daubert y las mociones *in limine*. |
| 4 de agosto de 2022 | Fecha límite para que las Partes presenten objeciones a las designaciones opuestas. |
| 7 de agosto de 2022 | Fecha límite para que el Deudor presente:<br>• Memorando de ley en apoyo de la confirmación.<br>• Réplicas generales a las objeciones a la confirmación y a la propuesta de orden de confirmación.<br>• Declaraciones de testigos y recuento de votos.<br>• Antecedentes de hecho y conclusiones de derecho. |
| | Fecha límite para que las Partes no deudoras presenten declaraciones de testigos. |
| 8 de agosto de 2022 | Conferencia virtual previa al juicio. |
| 15 de agosto de 2022 | Fecha límite para que las Partes presenten objeciones a los Antecedentes de hecho y conclusiones de derecho. |
| 17-18 de agosto de 2022 | Vista de confirmación |

9. ***Fecha de registro de votación.*** La fecha de registro de votación será el 17 de junio de 2022 (la "Fecha de registro de votación"), que será la fecha para determinar cuáles titulares de Reclamaciones de las Clases con derecho a voto (excepto las Clases de bonos) tienen derecho a votar a favor o en contra del Plan. Por consiguiente, solamente podrán votar a favor o en contra del Plan los acreedores de una Clase con derecho a votar por el Plan que mantenga Reclamaciones contra el Deudor (salvo en las Clases de bonos) a la Fecha de registro de votación.

10. ***Fecha límite de votación.*** La fecha límite para votar a favor o en contra del Plan es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que dicho plazo sea prorrogado (la "Fecha límite de votación"). ***Usted no está obligado a votar a favor o en contra del Plan para percibir distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal, siempre y cuando sea titular de una Reclamación permitida.***

11. Si recibió un Paquete de convocatoria, incluyendo una Papeleta o Notificación, y tiene previsto ejercitar su voto sobre el Plan, ***deberá***: (a) atenerse estrictamente a las instrucciones; (b) cumplimentar ***todos*** los datos requeridos en la Papeleta (según proceda); y (c) o bien (i) ejecutar y devolver la Papeleta cumplimentada de conformidad con las instrucciones de votación incluidas en el Paquete de convocatoria, de modo que su Papeleta sea ***efectivamente recibida*** por el Agente de convocatoria del Deudor, Kroll Restructuring Administration LLC ("Kroll", o el "Agente de votación")[4] como más tardar en la Fecha límite de votación, o bien (ii) ordenar a su intermediario o persona designada (cada uno de ellos, una "Persona designada") que envíe electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") en función de su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha límite de votación. ***El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.***

12. ***Fecha límite de elección.*** La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo si dicho plazo es prorrogado (la "Fecha límite de elección"). Si ha recibido una Notificación con la opción de hacer una elección ***deberá***: (a) atenerse estrictamente a las instrucciones; y (b) cumplimentar ***todos*** los datos requeridos en las instrucciones de elección, de modo que sean efectivamente recibidas por su Persona designada con suficiente antelación para que esta pueda ***ejecutar efectivamente*** su elección a través del sistema ATOP de DTC como más tardar en la Fecha límite de elección.

13. ***Partes interesadas sin derecho al voto.*** Se considera que los acreedores de la Clase 18 (Reclamaciones subordinadas de la Sección 510(b)) rechazan el Plan, por lo cual no tienen derecho de votar.

14. Se considera que las siguientes Clases aceptan el Plan, por lo cual no tienen derecho de votar:

- Clase 14 (Reclamaciones de Bonos Moscoso de la ACT);
- Clase 19 (Reclamaciones de conveniencia).

15. Si una Reclamación está incluida en la Lista de acreedores del Deudor (Registro en el expediente judicial núm. 2163 en el Caso núm. 17-3283) como contingente, no liquidada o impugnada, y (i) no se registró una evidencia de reclamación en la fecha límite aplicable para la presentación de pruebas de reclamación establecida por el Tribunal o en la Fecha de registro de votación (según proceda); o (ii) considerada debidamente registrada por orden del Tribunal antes de la Fecha límite de votación, dicha Reclamación no tendrá derecho a votar por la aceptación o el rechazo del Plan. Tampoco las pruebas de reclamación presentadas por $0.00 o aquellas desestimadas por orden del Tribunal tendrán derecho de voto.

16. Si usted ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación del Deudor, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificarlo al Deudor y a las partes enumeradas en el apartado 16 de la Orden de Declaración de divulgación y registrar en el Tribunal (con copia al Despacho de la juez) una moción (una "Moción conforme a la Regla 3018(a)") para obtener una orden a tenor de la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma provisional su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse como más tardar décimo (10º) día después de una de las siguientes fechas: (i) la notificación de esta Vista de Confirmación y (ii) la notificación de una objeción o solicitud de estimación, si la hubiera, en cuanto a dicha Reclamación, lo que más tarde se produzca. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha límite de votación (**27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**). Los acreedores podrán ponerse en contacto con el Agente de votación (i) a través de correo postal certificado o de un servicio de mensajería, dirigiéndose al Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (anteriormente conocida como Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) por teléfono llamando al (844) 822-9231 (gratuito en EE.UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales), que atiende de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien (iii) por correo electrónico escribiendo a puertoricoinfo@primeclerk.com, Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya aceptado una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

17. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), encontrará un formulario de la Regla 3018(a) con instrucciones para completar y presentar la moción en https://cases.primeclerk.com/puertorico/.

18. ***Partes que no serán tratadas como Acreedores.*** Cualquier titular de una Reclamación que (i) esté incluido en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal a tenor del Código de Quiebras o de cualquier orden del Tribunal, o que se considere presentada a tiempo según la ley aplicable, o bien (ii) no esté programado y no sea objeto de una evidencia de reclamación presentada a tiempo o una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o cualquier orden del Tribunal, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratado como un acreedor con respecto a dicha Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

19. ***Información adicional.*** Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de votación, Kroll Restructuring Administration LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@primeclerk.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (https://pacer.uscourts.gov).

20. ***Reglas de Quiebra 2002(c)(3) y 3016(c).*** **De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:**

**Sección 41.2 – Exoneración y descargo de reclamaciones y causas de acción:**

**(a) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de acción contra el Deudor y la ACT Reorganizada que surgieron, en todo o en parte, antes de la Fecha de vigencia de la ACT, en relación con los Casos del Título III, el Deudor, la ACT reorganizada o cualquiera de sus respectivos Activos, bienes o intereses de toda índole, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de petición de la ACT, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan a causa de dichas Reclamaciones o Causas de acción; teniendo en cuenta, sin embargo, que, no obstante los derechos de exculpación establecidos en la Sección 41.7 del Plan de la ACT, nada de lo contenido en el Plan de la ACT o la Orden de Confirmación de la ACT tiene la intención de ser, ni deberá ser interpretado, como un otorgamiento de una exención no consensuada a terceros de los Acreedores del AAP de la ACT/ADCC y sus respectivas Personas Vinculadas por parte de los Acreedores del Deudor. En la Fecha de Vigencia de la ACT, el Deudor y ACT reorganizada se considerarán exonerados y eximidos de todas y cada un de las Reclamaciones, Causas de acción y cualquier otra deuda generada, total o parcialmente, antes de la Fecha de vigencia de la ACT, y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y en la Sección 407 de la Ley PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o se considere presentada dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se autorice dicha Reclamación conforme a la sección 502 del Código de Quiebras y a la Sección 407 de la Ley PROMESA (o que se resuelva de otro modo), o (c) que el titular de una Reclamación basada en una deuda tal haya votado por aceptar el Plan de la ACT. A efectos de disipar cualquier duda, nada de lo contenido en el Plan de la ACT ni en la Orden de confirmación de la ACT librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEE derivada de, o relacionada con, los bonos emitidos por la AEE, incluyendo, entre otros, los emitidos con los seguros monolínea pertinentes, y la AEE no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEE derivadas de, o relacionadas con, los bonos emitidos por la AEE, así como las exenciones contra la AEE y sus activos, se dirigirán al caso del Título III de la AEE, incluyendo, entre otros, cualquier plan de ajuste pertinente.**

**(b) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra el Deudor y la ACT reorganizada, y cada uno de sus respectivos Activos, bienes y derechos, recursos, Reclamaciones o Causas de Acción o responsabilidades de toda índole, relacionadas con los Casos del Título III, el Deudor y la ACT reorganizada o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de petición de la ACT e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan de la ACT con cargo a dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, recursos, causas de acción o responsabilidades. De conformidad con lo antedicho, salvo que se disponga expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, la Orden de confirmación de la ACT constituirá una determinación judicial, a la Fecha de vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de acción o deuda de, o contra el Deudor y la ACT reorganizada a tenor de las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III conforme a la Sección 301 de la LEY PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra el Deudor y la ACT reorganizada y sus respectivos Activos y bienes en todo momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de vigencia de la ACT, y como contrapartida por el valor aportado en virtud del Plan de la ACT, se considera que cada titular de una Reclamación de cualquier Clase en virtud de este Plan libera, descarga y exonera para siempre, y liberará, descargará y exonerará para siempre, al Deudor y a la ACT reorganizada, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones.**

**(c) No obstante lo estipulado en cualquier otra disposición de la Sección 41.2 del Plan de la ACT, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan ACT/ADCC, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan ACT/ADCC y sus respectivas Personas vinculadas, exclusivamente en su calidad de Acreedores del Deudor, (i) han renunciado a, y pactado no, demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno fundamentándose en, que se deriven de, o estén relacionadas con, las Reclamaciones exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de acción planteadas o que podrían haberse planteado, incluyendo, entre otros, en las Acciones de recuperación (Clawback) y las Mociones de levantamiento de la paralización, y (ii) no**

*(continúa en la página siguiente)*

pressreader PRINTED AND DISTRIBUTED BY PRESSREADER PressReader.com +1 604 278 4604 COPYRIGHT AND PROTECTED BY APPLICABLE LAW

*(continúa de la página anterior)*

ayudarán directa ni indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones exoneradas del Gobierno que esté prohibida por la Sección 41.2 del Plan de la ACT.

(d) Limitación de la SEC. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar, perjudicar ni retrasar que la SEC incoe o prosiga reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de Estados Unidos. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que Estados Unidos o cualquiera de sus organismos, departamentos o agentes eximan de algún modo al Deudor o a la ACT reorganizada, según proceda, de cumplir las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el medio ambiente de personas de dicho territorio, (ii) amplíe el ámbito de cualquier exoneración, exención o recurso a los cuales el Deudor o la ACT reorganizada tengan derechos de conformidad con el Título III, ni (iii) eximan, libren, impidan o prohíban de alguna manera (A) cualquier responsabilidad del Deudor o la ACT reorganizada ante Estados Unidos derivados de, y posteriores a, la Fecha de vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de Estados Unidos, del Deudor o la ACT reorganizada, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de Estados Unidos, del Deudor o la ACT reorganizada, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de Estados Unidos, (E) las obligaciones del Deudor o la ACT reorganizada derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad para con Estados Unidos de parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido en el Plan de la ACT ni en la Orden de confirmación de la ACT podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, estatus fiscal u obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (iii) una exención, satisfacción, excepción ni prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean el Deudor y la ACT reorganizada, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT o en la Orden de confirmación de la ACT, incluyendo, entre otros, las Secciones 41.2, 41.3 y 41.11 del Plan de la ACT, salvo que pueda ser impedida a tenor de las cláusulas de la Ley PROMESA, nada de lo contenido en el Plan de la ACT, la Orden de confirmación de la ACT o cualquier otro documento relacionado con el Plan de la ACT o en el Suplemento de la ACT, tiene por objeto, ni podrá interpretarse como dirigido a, perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de los demandantes y demandados, incluyendo, entre otros, las partes de las Acciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensas en dichas Acciones, incluyendo, entre otros, las Reclamaciones, defensas, causas de acción y derechos de compensación o recobro (en la medida en que estuvieran disponibles), o cualesquiera otros derechos de determinación de responsabilidad u otros fundamentos para la reducción de (o acreditación contra) cualquier sentencia relacionada con las Acciones de las aseguradoras (en conjunto, los "Derechos de defensa"); aunque siempre en el bien entendido de que, a efectos de disipar cualquier duda, bajo ninguna circunstancia podrá utilizarse alguno de los Derechos de defensa para obtener o conseguir el pago afirmativo de dinero o el traspaso afirmativo de bienes a algún demandante, demandado o, en la medida en que proceda, demandado tercero, por parte del Deudor, de la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otra agencia u organismo del mismo, en relación con una Acción de aseguradora, y asimismo siempre y cuando a ninguna de las partes de estas Acciones, incluyendo, entre otros, demandantes, demandados y, si los hubiera, demandados terceros, se le permita incoar: (i) contra el Deudor o la ACT reorganizada, ninguna Reclamación o Causa de acción con el objeto de obtener un recobro monetario afirmativo que, de otro modo, esté excluida o desestimada como consecuencia de las Órdenes de Fecha límite, el Plan de la ACT y/o la Orden de confirmación de la ACT; y/o (ii) contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier organismo o agencia del mismo, cualesquiera Reclamaciones o contrarreclamaciones a efectos de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, planteadas con el objeto de obtener un recobro monetario afimativo, Reclamaciones o contrarreclamaciones que serán consideradas desautorizadas, desestimadas, exoneradas o restringidas de conformidad con los términos y disposiciones del Plan de la ACT y la Orden de confirmación de la ACT; entendiéndose asimismo que nada de lo contenido en la Orden de confirmación de la ACT tiene por objeto, ni deberá interpretarse como un intento de, prohibir, excluir, vetar, modificar o limitar en modo alguno la capacidad de cualquier demandado de una Acción de aseguradora de plantear Derechos de defensa para reducir, eliminar o limitar la cuantía de cualquier responsabilidad o sentencias de la Acción de una aseguradora. Las partes de las Acciones de aseguradoras estarán permanentemente excluidas, restringidas, prescritas y limitadas para emprender, incoar o demandar contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otro organismo o agencia del mismo, Reclamaciones o contrarreclamaciones con el objeto de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, en la medida en que se planteen con el objetivo de conseguir un recobro monetario afirmativo basado en, derivado de o relacionado con, las Acciones de aseguradoras, tanto si dicha Reclamación o contrarreclamación pueda incoarse como si no ante un tribunal, un arbitraje, una agencia o foro administrativo, o de cualquier otra manera.

Sección 41.3 – Interdicto sobre las Reclamaciones:

Salvo que se disponga expresamente lo contrario en el Plan de la ACT, en la Orden de confirmación de la ACT o en cualquier otra Orden final del Tribunal del Título III que pudiera ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 41.2 del Plan de la ACT o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor de la Sección 41.2 del Plan de la ACT tienen permanentemente prohibido, en o a partir de la Fecha de vigencia de la ACT, (a) incoar o continuar, directa o indirectamente, en cualquier modalidad, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de toda índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan de la ACT contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan de la ACT, (c) crear, perfeccionar o aplicar gravámenes de toda índole contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan de la ACT; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho consuetudinario de recobro o de hacer valer cualesquiera derechos de compensación, subrogación o recuperación de toda índole con cargo cualquier obligación debida de cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan de la ACT. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes exoneradas y sus respectivos activos y bienes.

Sección 41.5 – Exoneraciones del Deudor y de la ACT reorganizada:

Salvo que se disponga expresamente lo contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, en la Fecha de vigencia de la ACT, y a cambio de una contrapartida válida y valiosa, por la presente se considerará que tanto el Deudor como la ACT reorganizada, el Agente pagador y cada una de las Personas relacionadas del Deudor y la ACT reorganizada, han renunciado, exonerado, absuelto y relevado irrevocable, incondicional, plena y definitivamente y a perpetuidad, a las Partes exoneradas de todas y cada una de las Reclamaciones o Causas de acción que el Deudor, la ACT reorganizada y el Agente pagador, o cualquiera de ellos o que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamar tener, ahora o en el futuro, contra cualquier Parte exonerada que sean Reclamaciones exoneradas.

Sección 41.6 – Interdictos relacionados con descargos:

A la Fecha de vigencia de la ACT, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación exonerada considerada como tal de conformidad con la Sección 41.2 del Plan de la ACT, quedan y quedarán, de manera permanente, completamente y para siempre, suspendidas, restringidas, prohibidas, vetadas y desestimadas para llevar a cabo cualquiera de las siguientes acciones, tanto directa como indirectamente, de forma derivada o de otra manera, por cuenta de, o fundamentándose en, el asunto de dichas Reclamaciones exoneradas: (i) incoar, emprender o continuar de cualquier modo, tanto directa como indirectamente, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) ejecutar, incautar (lo que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de otro modo recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier otro modo aplicar en cualquier cuestión, directa o indirectamente, cualquier Gravamen; (iv) compensar, exigir reintegros, aportaciones o subrogaciones, o recuperar de cualquier otra manera, directa o indirecta, cualquier cuantía en concepto de cualquier pasivo u obligación adeudados a cualquier Entidad exonerada conforme a la Sección 41.2 del Plan de la ACT; e (v) iniciar y continuar de cualquier otro modo y lugar, un procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan de la ACT o de la Orden de confirmación de la ACT. Para evitar dudas, las siguientes estipulaciones se extinguirán con el registro de la Orden de confirmación de la ACT: (i) la Cuarta Estipulación enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la prescripción y Orden de consentimiento [Caso núm. 173283-LTS, ECF núm. 15854] y sus enmiendas, y (ii) y sus enmiendas; y la Cuarta Estipulación enmendada y Orden de consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la prescripción [Caso núm. 17-3283-LTS, ECF núm. 17394] y sus enmiendas.

Sección 41.7 – Exculpación:

(a) Partes del Gobierno: La Junta de Supervisión, la AAFAF, el Deudor y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su calidad de tales en cualquier momento hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualesquiera transacciones o acuerdos allí contenidos, la Declaración de divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7 no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 41.7 menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de vigencia de la ACT inclusive, ni de cada uno de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan de la ACT.

(b) Acreedores del AAP de ACT/ADCC: Cada uno de los Acreedores del AAP de ACT/ADCC, actuando exclusivamente en su calidad de tales como parte del Acuerdo de Apoyo al Plan de ACT/ADCC y un Acreedor y/o Aseguradora, según proceda, desde la Fecha de petición de la ACT y hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualesquiera transacciones o acuerdos allí contenidos, la Declaración de divulgación, el Acuerdo de Apoyo al Plan de ACT/ADCC, los Documentos definitivos o cualquier contrato, instrumento, publicación o convenio o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7(b) no afectarán a las responsabilidades de cualquier Entidad que, de otro modo, hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa.

(c) Aseguradoras Monolínea: Ambac, Assured, FGIC, National y sus respectivas Personas relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por acciones u omisiones compatibles con el Plan de la ACT o en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan de la ACT, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos asegurados por Ambac, las Reclamaciones de Bonos asegurados por Assured, las Reclamaciones de Bonos asegurados por FGIC o las Reclamaciones de Bonos asegurados por National, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de seguro de Ambac, las Pólizas de seguro de Assured, las Pólizas de seguro de FGIC o las Pólizas de seguro de National correspondientes, siempre en el bien entendido de que, no obstante cualquier otra disposición en sentido contrario aquí contenida, los términos y condiciones del Plan de la ACT no relevarán ni exculparán, ni se entenderá que relevan o exculpan, cualesquiera obligaciones de pago —a tenor de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC o la Póliza de Seguro de National— a cualquier titular usufructuario de Bonos asegurados por Ambac, Bonos asegurados por Assured, Bonos asegurados por FGIC o Bonos asegurados por National, según proceda, de conformidad exclusivamente con sus términos, en la medida en que dicho titular no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC o el Tratamiento de National, según corresponda (o cualesquiera reclamaciones que Ambac, Assured, FGIC o National pudiera plantear contra un titular usufructuario de sus bonos respectivamente asegurados en relación con las obligaciones asumidas por Ambac, Assured, FGIC o National en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC o las Pólizas de Seguro de National, respectivamente).

(d) Comité de Acreedores: Cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de petición de la ACT hasta la Fecha de vigencia de la ACT, inclusive, y cada una de las Personas relacionadas del Comité de Acreedores, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por acciones u omisiones relacionadas con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT de cualquier compromiso o acuerdo contenido en este documento, la Declaración de divulgación de la ACT o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que, no obstante la exculpación precedente, en caso de que se emprenda contra un miembro del Comité de Acreedores un litigio vinculado con las acciones precedentes, cada miembro tendrá derecho a que se le reintegren honorarios y gastos legales razonables y a que se le indemnice por los daños adjudicados en cada caso, por la ACT como consecuencia de una Orden Final; y asimismo en el bien entendido de que las cláusulas precedentes de esta Sección 41.7(d) no afectarán a la responsabilidad de alguna Entidad que, de otro modo, conllevaría dicha acción u omisión, en la medida en que, en una Orden final, se determine que dicha acción u omisión constituyó fraude intencional o conducta dolosa.

(e) Las Partes de la ARD: Cada una de la ARD y las Partes de la ARD, desde la Fecha de Petición de la ACT hasta e incluyendo la Fecha de Entrada en Vigencia de la ACT y cada uno de los predecesores, sucesores y cesionarios respectivos de las Partes de la ARD (ya sea de oficio o de otra manera), y sus respectivos asesores financieros, abogados, contadores, consultores, agentes y profesionales, u otros representantes, cada uno actuando en tal capacidad, y cualquier Entidad que actúe para o en nombre de cada uno de ellos, en cada caso, únicamente en la medida de que actúen en tal capacidad, no tendrá ni incurrirá en ninguna responsabilidad ante ninguna Entidad por cualquier acto realizado u omitido en relación con el Caso de Título III, mediación, negociación, formación, preparación, diseminación, implementación, confirmación u aprobación del Plan de la ACT o cualquier transacción o conciliación contenido en estas, la Declaración de Divulgación, la Estipulación de la ARD, o cualquier contrato, instrumento, descargo u otro acuerdo o documento dispuesto o contemplado en relación con el perfeccionamiento de las transacciones estipuladas en el Plan de la ACT; siempre en el bien entendido de que las disposiciones anteriores de esta Sección 41.7 (e) no afectarán la responsabilidad de cualquier Entidad que resultaría de otra manera de dicho acto u omisión en la medida en que dicho acto u omisión estuviera determinado en una Orden Final como constituyente de fraude o conducta dolosa.

Sección 41.8 – Litigio relacionado con las designaciones:

No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT, en el caso de que se dictase una Orden final en relación con el Litigio relacionado con las designaciones o el Litigio de uniformidad con posterioridad a la emisión de la Orden de confirmación de la ACT, como contrapartida por las distribuciones efectuadas, que vayan a efectuarse o que se considerarán efectuadas de conformidad con los términos y disposiciones del Plan de la ACT y los documentos e instrumentos relacionados con el mismo, todos los Acreedores o las demás Entidades que reciban, o se considere que hayan recibido, distribuciones de conformidad con, o como resultado de, el Plan de la ATC, consienten y aceptan que dicha Orden final no revertirá, afectará ni modificará de ningún otro modo las transacciones contempladas en el Plan de la ACT y en la Orden de confirmación la ACT, lo cual incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XLI del Plan de la ACT; siempre en el bien entendido de que, en la medida en que una parte demandante del Litigio relacionado con las designaciones o del Litio de uniformidad sea parte del Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de ACT/ADCC, el Acuerdo de Apoyo al Plan de la AFI o la Estipulación de SRE, en un plazo de cinco (5) días laborables desde la Fecha de vigencia del Plan de la ACT, dicho demandante adoptará todas y cada una de las medidas necesarias para que se desestimen, sin perjuicio —o, en el caso de que hubiera otros demandantes que fuesen partes de dichos litigios para, sin perjuicio, retirarse— de dichos Litigios relacionados con designaciones o Litigios de uniformidad, según proceda, incluyendo, entre otros, cursando notificaciones de desestimación o retirada a la Secretaría del Tribunal competente.

Sección 41.9 – Orden de prohibición:

Dentro de los límites que se estipulan en el Plan de la ACT, a todas y a cada una de las Entidades se les impide, prohíbe y restringe de manera permanente, instituir, emprender, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza, tanto en derecho como en equidad, conocidos o desconocidos, directos o indirectos y tanto alegados como si no, contra cualquiera de las Partes exoneradas, sobre la base de, relacionados con o derivados de o en relación con cualquiera de las Reclamaciones exoneradas, la confirmación y perfeccionamiento del Plan de la ACT, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan de ACT/ADCC o cualquier reclamación, actuación, hecho, transacción, incidencia, declaración u omisión en relación con, o alegada o que pudiera alegarse, en los Casos de Título III, lo cual incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad o causa de acción a efectos de indemnización, contribución u otro fundamento de este tipo, en derecho o en equidad, por daños y perjuicios, costos u honorarios incurridos que derivados directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de alguna otra manera, sea directa o indirectamente por cualquier Persona para beneficio directo o indirecto de cualquier Parte exonerada, derivado de, o relacionado con, las reclamaciones, actuaciones, hechos, transacciones, incidencias, declaraciones u omisiones que son, o podrían o pudieran ser alegados en las acciones relacionadas o cualquier otra acción iniciada, o que pudiera iniciarse por, a través de, en nombre de, o en beneficio de cualquiera de las Partes exoneradas (tanto de conformidad con leyes federales como estatales o extranjeras, e independientemente de dónde se aleguen).

Sección 41.11 – Interdicto complementario:

No obstante lo dispuesto en sentido contrario en el Plan de la ACT, y salvo dentro de los límites que se estipulan en el Plan de la ACT, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente mantengan o aleguen, o hayan mantenido o alegado, o pudieran mantener y alegar, cualquier Reclamación exonerada en contra de cualquiera de las Partes exoneradas basadas en, atribuibles a, derivadas de o relacionadas con, los Casos del Título III o cualquier Reclamación contra el Deudor, sea y dondequiera que se planteen o aleguen, tanto en EE. UU. como en cualquier otra parte del mundo, contractual o extracontractualmente, en virtud de alguna garantía, ley o cualquier otra teoría en derecho o equidad, o de cualquier otra índole, estará, y se considerará que está, permanentemente paralizada, restringida y prohibida de iniciar cualquier acción contra cualquiera de las Partes exoneradas a efectos de cobrar, recobrar o percibir, directa o indirectamente, cualquier pago o recobro con respecto a cualquier Reclamación exonerada que se planteara con anterioridad a la Fecha de vigencia de la ACT (incluso con anterioridad a la Fecha de petición de la ACT), incluyendo, entre otros:

(a) Iniciar o continuar de cualesquiera maneras, actuaciones u otros procedimientos de toda índole con respecto a dichas Reclamaciones exoneradas contra cualquiera de las Partes exoneradas o los activos o bienes de cualquiera de ellas;

(b) Ejecutar, incautar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes exoneradas, sus activos o bienes de estas, en relación a dichas Reclamaciones exoneradas;

(c) Establecer, perfeccionar o ejecutar prendas de toda índole contra cualquiera de las Partes exoneradas, sus activos o bienes, con respecto a dichas Reclamaciones exoneradas;

(d) Salvo que se estipule expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, alegar, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recobro de cualquier tipo contra cualquier obligación exigible a cualquiera de las Partes exoneradas, sus activos o bienes, vinculados con dichas Reclamaciones exoneradas; y

(e) Emprenden cualquier actuación, de la manera que fuera y en cualquier lugar, que no se ajuste al, o cumpla con las disposiciones del, Plan de la ACT o la Orden de confirmación de la ACT, en el bien entendido de que el hecho de que el Deudor cumpla los requisitos formales de la Regla de Quiebras 3016 no constituye una admisión de que el Plan de la ACT contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 23 de junio de 2022, San Juan, Puerto Rico

Presentado respetuosamente, /s/ Brian S. Rosen, Martin J. Bienenstock (admitido *pro hac vice*), Brian S. Rosen (admitido *pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, *Abogados de la Junta de Supervisión y Administración Financiera como representantes del Deudor* -and- /s/ Hermann D. Bauer, Hermann D. Bauer, Esq., USDC Núm. 215205, **O'NEILL & BORGES LLC**, 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera como representantes del Deudor*

[1] Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra núm. 17-BK-3283-LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra núm. 17-BK-3284-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra núm. 17-BK-3567-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra núm. 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra núm. 17-BK-4780-LTS) (Caso de quiebra núm. 17-BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra núm. 19-BK-5523-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

[2] El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

[3] Todos los términos en mayúsculas utilizados pero no definidos tendrán los significados atribuidos a los mismos en el Plan.

[4] El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

pressreader PRINTED AND DISTRIBUTED BY PRESSREADER PressReader.com +1 604 278 4604 COPYRIGHT AND PROTECTED BY APPLICABLE LAW

# Exhibit P

*Caribbean Business*

**(July 7, 2022)**

**Latin Media House**

PO BOX 11472
San Juan, PR 0922-1472

## AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on July 26th, 2022, Mariecruz Ortiz representing Latin Media House, LLC., hereby certify that in our newspaper of Caribbean Business for the edition dated July 7th of the present year, was published:

### *THE COMMONWEALTH OF PUERTO RICO*

Signed: _____

Mariecruz Ortiz
Manager

Case:17-03283-LTS Doc#:21272-7 Filed:06/09/22 Entered:06/09/22 16:09:24 Desc:Main Document (Part 2 of 67) Page 20 of 54

Case:17-03283-LTS Doc#:11272-1 Filed:06/09/21 Entered:06/09/21 16:09:24 Desc:Main Debtors Document Page 67 Page 20 of 54

Page 1 of 2

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br>Debtor. | PROMESA<br>Title III<br>No. 17 BK 3567-LTS |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**If you are entitled to vote on or make an election with respect to distributions pursuant to the Plan, you will receive a separate Solicitation Package (as defined below) on a future date.**
**VOTING AND ELECTION DEADLINE: 5:00 p.m. (Atlantic Standard Time) on July 27, 2022**
**OBJECTION DEADLINE: 5:00 p.m. (Atlantic Standard Time) on July 27, 2022**
**CONFIRMATION HEARING: August 17-18, 2022 at 9:30 a.m. (Atlantic Standard Time**
**See below for additional instructions.**

If you have any questions regarding this notice, please contact Kroll Restructuring Administration LLC ("Kroll") by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **Approval of Disclosure Statement.** By order, dated June 22, 2022 (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, dated June 17, 2022 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") with respect to the *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2] attached as **Exhibit A** to the Disclosure Statement.

You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC):

Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
**(844) 822-9231 (toll free for U.S. and Puerto Rico)**
**(646) 486-7944 (for international callers)**
Email: puertoricoinfo@primeclerk.com

Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtor will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| | Class |
|---|---|
| HTA 68 Bond Claims | Class 1 |
| HTA 68 Bond Claims (Ambac) | Class 2 |
| HTA 68 Bond Claims (Assured) | Class 3 |
| HTA 68 Bond Claims (National) | Class 4 |
| HTA 98 Senior Bond Claims | Class 5 |
| HTA 98 Senior Bond Claims (Ambac) | Class 6 |
| HTA 98 Senior Bond Claims (Assured) | Class 7 |
| HTA 98 Senior Bond Claims (FGIC) | Class 8 |
| HTA 98 Senior Bond Claims (National) | Class 9 |
| HTA 98 Sub Bond Claims | Class 10 |
| HTA 98 Sub Bond Claims (Assured) | Class 11 |
| HTA 98 Sub Bond Claims (FGIC) | Class 12 |
| HTA 98 Sub Bond Claims (National) | Class 13 |
| Eminent Domain/Inverse Condemnation Claims | Class 15 |
| HTA General Unsecured Claims | Class 16 |
| HTA/GDB Claims | Class 17 |
| Federal Claims | Class 20 |

3. **Confirmation Hearing.** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, PR, 00918-1767 (or also delivered via overnight pursuant to an order of the Court) on **August 17-18, 2022 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. **Plan Confirmation Depository.** Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6. **Confirmation Objection Deadline.** The Court has established **5:00 p.m. (Atlantic Standard Time) on July 27, 2022** (the "Confirmation Objection Deadline"), as the deadline to file objections or responses to confirmation of the proposed Plan. Parties who do not file an objection to the Plan prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

7. **Objections and Responses to Confirmation.** Objections or responses to confirmation of the Plan must:

a. be in writing, in English, and signed;
b. State the name, address, and nature of the Claim of the objecting or responding party;
c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;
d. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Highways and Transportation Authority*, Case No. 17 BK 3567-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable document format **on or before July 27, 2022 at 5:00 p.m. (Atlantic Standard Time)**.

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardón Ste. 150, San Juan, P.R. 00918-1767
so as to be received **on or before July 27, 2022 at 5:00 p.m. (Atlantic Standard Time)**, and
e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Puerto Rico Highways and Transportation Authority) so as to be received on or before the Confirmation Objection Deadline.

8. **Confirmation and Discovery Timetable and Deadlines.** The Court has established the following discovery dates and deadlines, which are applicable to the Debtor and to other parties in interest:

| Summary of Certain Deadlines | |
|---|---|
| | Deadline for Parties to file a fact witness list and topics about which each witness is expected to testify (the "Fact Witness Lists"). |
| | Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"), if any. |
| July 1, 2022 | Deadline for Parties to serve requests for production of non-depository documents ("Production Requests"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve up to one additional round of Production Requests, provided that they are served on or before July 11, 2022. |
| | Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories") including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| July 8, 2022 | Deadline for Parties to file opening expert reports ("Opening Expert Reports"), if any. If any Opening Expert Reports are filed, rebuttal expert disclosures must be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures. |
| July 12, 2022 | Deadline for Parties to serve notices of deposition, topics and requested times for depositions ("Notices of Deposition") (all parties are limited to a seven (7)-hour time limit for depositions). |
| July 18, 2022 | Deadline for Parties to serve requests for admission limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) business days of such Admission Requests. Completion of fact discovery (the "Fact Discovery Deadline"). |
| July 20, 2022 | Deadline for the Debtor to file proposed confirmation order (the "Proposed Confirmation Order"). |
| July 22, 2022 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| July 25, 2022 | Deadline for Parties to file Daubert motions and motions in *limine*. |
| July 27, 2022 | Deadline for:<br>• Objections to confirmation of the Plan ("Objections").<br>• Objections to Proposed Confirmation Order.<br>Voting Deadline / Election Deadline<br>Deadline for Parties to file finalized witness lists, exhibit lists and deposition designations. |
| July 29, 2022 | Deadline for Parties to file oppositions to Daubert motions and motions in *limine*. |
| August 1, 2022 | Deadline for Parties to file (a) objections to exhibit lists and deposition designations and (b) counter-designations. |
| August 3, 2022 | Deadline for Parties to file replies in support of Daubert motions and motions in *limine*. |
| August 4, 2022 | Deadline for Parties to file objections to counter-designations |
| August 7, 2022 | Deadline for Parties to file:<br>• Memorandum of law in support of confirmation.<br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br>• Witness Declarations & Vote Tabulation.<br>• Findings of Fact and Conclusions of Law.<br>Deadline for Non-Debtor Parties to file witness declarations. |
| August 8, 2022 | Virtual Pretrial conference. |
| August 15, 2022 | Deadline for Parties to file objections to Findings of Fact and Conclusions of Law. |
| August 17-18, 2022 | Confirmation Hearing |

9. **Voting Record Date.** The voting record date is **June 17, 2022** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor (except in the Bond Classes) as of the Voting Record Date are entitled to vote on the Plan.

10. **Voting Deadline.** The deadline for voting on the Plan is **July 27, 2022, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

11. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must* (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtor's solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Balloting Agent") or on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. **Failure to follow such instructions may disqualify your vote.**

12. **Election Deadline.** The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **July 27, 2022, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must* (a) follow the instructions carefully; and (b) deliver *all* of the required information in accordance with and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

13. **Parties in Interest Not Entitled to Vote.** Creditors in Class 18 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote.

14. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote:
• Class 14 (HTA Moscoso Bond Claims);
• Class 19 (Convenience Claims).

15. If a Claim is listed on the Debtor's list of creditors (Docket Entry No. 2163 in Case No. 17-3283) as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the ear-

lier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

16. If you have timely filed a proof of claim and disagree with the Debtor's classification of, objection to, or request for estimation of your Claim and believe that you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 16 of the Disclosure Statement Order and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**July 27, 2022, at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Bond Processing, C/O Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com. to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

17. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

18. **Parties Who Will Not Be Treated as Creditors.** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

19. **Additional Information.** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Kroll Restructuring Administration LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com. via electronic mail, or by accessing either https://cases. primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (https://pacer.uscourts.gov) password and login are needed to access documents on the Court's website.

20. **Bankruptcy Rules 2002(c)(3) and 3016(c).** In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

**Section 41.2 – Discharge and Release of Claims and Causes of Action:**

(a) **Except as expressly provided in the HTA Plan or the HTA Confirmation Order, all distributions and rights afforded under the HTA Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Debtor and Reorganized HTA that arose, in whole or in part, prior to the HTA Effective Date, relating to the Title III Case, the Debtor or Reorganized HTA or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the HTA Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the HTA Plan on account of such Claims or Causes of Action; provided, however, that, without prejudice to the exculpation rights set forth in Section 41.7 of the HTA Plan, nothing contained in the HTA Plan or the HTA Confirmation Order is intended, nor shall it be construed, to be a grant of a non-consensual third party release of the HTA/CCDA PSA Creditors and their respective Related Persons by Creditors of the Debtor. Upon the HTA Effective Date, the Debtor and Reorganized HTA shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the HTA Effective Date, and any debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the HTA Plan. For the avoidance of doubt, nothing contained in the HTA Plan or in the HTA Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.**

(b) **Except as expressly provided in the HTA Plan or the HTA Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtor and Reorganized HTA, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Case, the Debtor or Reorganized HTA or any of their respective Assets and property, including any interest accrued on such Claims from and after the HTA Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the HTA Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the HTA Plan or the HTA Confirmation Order, the HTA Confirmation Order shall constitute a judicial determination, as of the HTA Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtor and Reorganized HTA pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtor or Reorganized HTA and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the HTA Effective Date, and in consideration for the value provided under the HTA Plan, each holder of a Claim in any Class under this HTA Plan shall be hereby deemed to release and forever waive and discharge as against the Debtor and Reorganized HTA, and their respective Assets and property all all such Claims.**

(c) **Notwithstanding any other provisions of Section 41.2 of the HTA Plan, in accordance with the provisions of the HTA/CCDA Plan Support Agreement, each of the HTA/CCDA PSA Creditors and their respective Related Persons, solely in their capacity as HTA/CCDA PSA Creditors of the Debtor, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released**

*continue reading on the next page*▶

Case:17-03283-LTS Doc#:21272-5 Filed:06/20/22 Entered:06/20/22 16:09:24 Desc:Main
Debtors Exhibit (Part 2) Page 68 Page 21 of 54

Page 2 of 2

Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by Section 41.2 of the HTA Plan.

(d) **SEC Limitation**. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) **United States Limitation**. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, no provision shall: (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtor or Reorganized HTA, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtor or Reorganized HTA are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtor or Reorganized HTA to the United States arising from and after the HTA Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtor or Reorganized HTA, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtor or Reorganized HTA, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtor's or Reorganized HTA's obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained in the HTA Plan or in the HTA Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtor and Reorganized HTA, (ii) to binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtor and Reorganized HTA, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtor and Reorganized HTA, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) **Underwriter Actions**. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, including, without limitation, Sections 41.2, 41.3 and 41.11 of the HTA Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the HTA Plan, the HTA Confirmation Order or any HTA Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action and defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available), or any rights to allocate responsibility or liability or any other basis for the reduction of (or credit against) any judgment in connection with the Underwriter Actions (collectively, the "**Defensive Rights**"); provided, however, that, for the avoidance of doubt, in no event shall any Defensive Rights be used to obtain or result in the affirmative payment of money or the affirmative delivery of property by any plaintiff, defendant and, to the extent named, third party defendant by the Debtor, Reorganized HTA, PREPA, the Commonwealth, or any other agency or instrumentality of the Commonwealth in connection with an Underwriter Action; and, provided, further, that no party in the Underwriter Actions, including, without limitation, plaintiffs, defendants, and, to the extent named third-party defendants, shall be permitted to assert: (i) against the Debtor or Reorganized HTA any Claim or Cause of Action for purposes of obtaining an affirmative monetary recovery that otherwise is barred or discharged pursuant to the Bar Date Orders, the HTA Plan, and/ or the HTA Confirmation Order; and/or (ii) against the Debtor, Reorganized HTA, PREPA, the Commonwealth, or any other agency or instrumentality of the Commonwealth any Claims or counterclaims for purposes of obtaining an affirmative monetary recovery, including, without limitation, for indemnification, contribution, reimbursement, set-off or similar theories, to the extent asserted for purposes of obtaining an affirmative monetary recovery based upon, arising from or related to the Underwriter Actions, whether or not such Claim or counterclaim is or can be asserted in a court, an arbitration, an administrative agency or forum, or in any other manner.

**Section 41.3 – Injunction on Claims**: Except as otherwise expressly provided in the HTA Plan, the HTA Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 41.2 of the HTA Plan or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 41.2 of the HTA Plan are permanently enjoined, from and after the HTA Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the HTA Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the HTA Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the HTA Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the HTA Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 41.5 – Releases by the Debtor and Reorganized HTA**: Except as otherwise expressly

provided in the HTA Plan or the HTA Confirmation Order, on the HTA Effective Date, and for good and valuable consideration, each of the Debtor and Reorganized HTA, the Disbursing Agent and each of the Debtor's and Reorganized HTA's Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtor, Reorganized HTA, the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims.

**Section 41.6 – Injunction Related to Releases**: As of the HTA Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 41.2 of the HTA Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 41.2 of the HTA Plan; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the HTA Plan or the HTA Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the HTA Confirmation Order: (i) the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 17-3283-LTS, ECF No. 15854], as amended; and (ii) the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case No. 17-3283-LTS, ECF No. 17394], as amended.

**Section 41.7 – Exculpation**:

(a) **Government Parties**: The Oversight Board, AAFAF, the Debtor, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the HTA Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that the foregoing provisions of this Section 41.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 41.7 shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the HTA Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the HTA Plan.

(b) **HTA/CCDA PSA Creditors**: Each of the HTA/CCDA PSA Creditors solely in its capacity as a party to HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the HTA Petition Date up to and including the HTA Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, the HTA/ CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that the foregoing provisions of this Section 41.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) **Monoline Insurers**: Ambac, Assured, FGIC, National, and their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the HTA Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the HTA Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, or National Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, or National Insurance Policies provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the HTA Plan shall not, and shall not be construed to, release or exculpate, any present obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, or National Insurance Policy, to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds or National Insured Bonds, as applicable, in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, or National Treatment, as applicable (or any claims that Ambac, Assured, FGIC, or National, may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, or National's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies or National Insurance Policies, as applicable).

(d) **Creditors' Committee**: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the HTA Petition Date up to and including the HTA Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the HTA Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that, notwithstanding the foregoing exculpation, in the event that litigation is commenced against a member of the Creditors' Committee with respect to the aforementioned actions, such member shall be entitled to be reimbursed for reasonable attorneys' fees and expenses incurred and indemnified for any damages awarded, in each case, by HTA pursuant to a Final Order; and provided, further, that, the foregoing provisions of this Section 41.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) **The DRA Parties**: Each of the DRA and the DRA Parties, from the HTA Petition Date up to and including the HTA Effective Date, and each of the DRA Parties' respective predecessors, successors and assigns (whether by operation of law or otherwise), and their respective

financial advisors, attorneys, accountants, consultants, agents, and professionals, or other representatives, each acting in such capacity, and any Entity acting for or on behalf of any of them, in each case, solely to the extent acting in such capacity, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, the DRA Stipulation, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that, the foregoing provisions of this Section 41.7(e) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

**Section 41.8 – Appointments Related Litigation**: Notwithstanding anything contained in the HTA Plan to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the HTA Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the HTA Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the HTA Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the HTA Plan and the HTA Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XLI of the HTA Plan; provided, however, that, to the extent that a plaintiff in the Appointments Related Litigation or the Uniformity Litigation is a party to any of the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the PRIFA Plan Support Agreement or the ERS Stipulation, within five (5) Business Days of the HTA Effective Date, such plaintiff shall take any and all action to dismiss, with prejudice, or, in the event other plaintiffs are party to such litigations, withdraw from, with prejudice, such Appointments Related Litigation or Uniformity Litigation, as the case may be, including, without limitation, filing notices of dismissal or withdrawal with the clerk of court having jurisdiction thereof.

**Section 41.9 – Bar Order**: To the limited extent provided in the HTA Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the HTA Plan, the negotiation and consummation of the HTA/CCDA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Case, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Case, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 41.11 – Supplemental Injunction**: Notwithstanding anything contained in the HTA Plan to the contrary, except to the limited extent provided in the HTA Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Case or any Claim against the Debtor, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the HTA Effective Date (including prior to the HTA Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the HTA Plan or the HTA Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the HTA Plan or the HTA Confirmation Order, provided, however, that the Debtor's compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the HTA Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: June 23, 2022, San Juan, Puerto Rico

Respectfully submitted, _/s/ Brian S. Rosen_____ Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), **PROSKAUER ROSE LLP**, Eleven Times Square, New York, NY 10036, Attorneys for the Financial Oversight and Management Board as representative for the Debtor -and- _/s/ Hermann D. Bauer_____, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

[3]  All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[4]  On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

# CARIBBEAN BUSINESS

THURSDAY, JULY 7-13, 2022 | VOL. 8 EDITION 26 | ©2022 LATIN MEDIA HOUSE | CARIBBEANBUSINESS.COM | WEEKLY $2.99

TOP STORY / PAGE 4

## Municipalities Take Power by the Horns

### Costs Weigh Heavy on Budget

LEAD STORY / PAGE 5

## The Truth About Macri

### Former Argentine Leader Talks Debt

# Energy in Water

## Savings in New Projects

FULL STORY ON PAGE 6



SPECIAL FEATURE / PAGE 15

## All About Petroleum

# Exhibit Q

*The New York Times*

## (July 20, 2022)



**The New York Times**

620 8TH AVENUE · NEW YORK, NY 10018

# PROOF OF PUBLICATION

Jul-20, **20**22

I, Edgar Noblesala, in my capacity as a Principal Clerk of the Publisher of **The New York Times** a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of **The New York Times** on the following date or dates, to wit on

June 30, 2022, NYT & Natl, pg B3 - July 06, 2022, NYT & Natl, pg B3

July 20, 2022, NYT & Natl, pg B3

Sworn to me this 20th day
of July, 2022

*Ellen Herb*

Notary Public

Ellen Herb
Notary Public, State of New York
No. 01HE6163785
Qualified in New York County
Commission Expires April 2, 2023

## TECHNOLOGY

# Netflix Relieved Despite Drop in Subscribers

FROM FIRST BUSINESS PAGE

exclusive theatrical windows, and let members binge-watch TV if they want, without having to wait for a new episode to drop each week," the company said. "This focus on choice and control for members influences all aspects of our strategy, creating what we believe to be a significant long-term business advantage."

Netflix has spent the past three months adjusting its business to better meet the challenges it expects to be facing the rest of the year. The company laid off about 450 employees. (It had $70 million in severance costs as a result of the downsizing.) In April, it announced it would introduce a less expensive subscription tier that will feature advertising — reversing its long-held stance to never have commercials on its service. Netflix intends to start its lower-cost advertising tier in the early part of 2023 in a "handful of markets where advertising spend is significant," a development analysts are cautiously optimistic about.

"Beyond additional subscriptions, ads will also provide an upside to Netflix in the form of a new revenue stream from brands that are eager to reach the platform's addressable audience," said Mike Proulx, a vice president at Forrester. "But scaling its ad business will take time."

And Netflix said it would begin to crack down more forcefully on password sharing in order to effectively monetize the 100 million users whom Netflix said used its service without paying for it. On Tuesday, Netflix said it had introduced two approaches to this in Latin America, in order to learn which is more effective. One allows customers to "add extra member," and the other allows users to "add a home" for an extra $3 a month.

"Not only were losses not as bad, but expecting growth in Q3, even if it's modest, is probably pretty encouraging to people," said Richard Greenfield, managing director at LightShed Ventures, adding that the company's pronouncement that it was expecting substantial free-cash-flow growth in 2023 to be the most significant news of the quarter.

"They're basically saying that while everyone else in the industry is losing billions of dollars, not only are they making money in 2022 they're going to make a lot of money in 2023 and beyond," Mr. Greenfield said.

In addition to its business issues, Netflix received fewer Emmy nominations this month than its primary rival, HBO, despite featuring more programming than the cable network and its streaming offshoot, HBO Max. HBO picked up 140 nominations to Netflix's 105, a reflection of the difficulty of continually producing quality, buzzworthy entertainment.

Wall Street soured on the streaming giant after its firstquarter report, with shares of Netflix down 46 percent since April and down close to 70 percent since the beginning of the year.

Netflix shares rose more than 7 percent in after-hours trading on Tuesday.

In the second quarter, Netflix lost 1.3 million subscribers in the United States and Canada, compared with a loss of 400,000 for the same period in 2021. It increased revenue 10 percent and said subscriber retention had improved over the course of the quarter.

Revenue grew 23 percent in the Asia-Pacific region, where the company added 1.1 million subscribers. In Latin America, subscriptions stayed flat, but revenue increased 19 percent from a year earlier.

The service was specifically buoyed by the strong performance of Season 4 of "Stranger Things," which Netflix said had generated 1.3 billion hours viewed, the most for an English-language show. It also benefited from a surge in renewed interest in the songs "Running Up That Hill" by Kate Bush and "Master of Puppets" by Metallica, which were featured on the show.

Netflix's film gains were more modest. "We're making good progress this year with our feature films," said Ted Sarandos, the company's co-chief executive, but Sarandos said in response to a question about how the company seems itself holding up in an economic downturn. He pointed to the film "The



Netflix was buoyed by the fourth season of "Stranger Things," which it says generated 1.3 billion hours viewed.
NETFLIX, VIA ASSOCIATED PRESS

Gray Man," which will become available on the service on Friday.

"This is an enormous, bigbudget action film that normally people would have to go out and spend an enormous amount of money on to go see, and it's going to premiere on Netflix," he said. (The film was released in about 450 movie theaters last week.)

Despite the upbeat forecast for the third quarter, some analysts remain concerned that the series and movies Netflix has coming the rest of the year will suffer in

*'Not only were losses not as bad, but expecting growth in Q3, even if it's modest, is probably pretty encouraging to people.'*

RICHARD GREENFIELD, managing director at LightShed Ventures.

comparison with competitors' offerings.

"To me, the big issues are the quality of the content," said Matthew Harrigan, an analyst at Benchmark. He pointed to HBO, which will be releasing its "Game of Thrones" prequel, "House of Dragon," in August, while Amazon is unveiling "Lord of the Rings: The Rings of Power" in September.

"The Crown' on Netflix is probably the highest-profile Q4 show they have," he added.

# Twitter and Musk Prepare To Go to Trial in October

By KATE CONGER

Twitter and Elon Musk will go to trial in October over whether the billionaire must complete his $44 billion acquisition of the social media company, a Delaware judge ruled on Tuesday.

The ruling was the first decision in a lawsuit that Twitter filed this month to force Mr. Musk, the world's richest man, to go through with the blockbuster deal. Mr. Musk had agreed to buy Twitter in April, but indicated this month that he wanted to terminate the purchase. Twitter had sought to expedite the case by requesting a trial in September, which Mr. Musk had countered by asking for a trial in February.

"The longer the merger transaction remains in limbo, the larger a cloud of uncertainty is cast over the company," said Kathaleen St. J. McCormick, the judge overseeing the case in the Delaware Court of Chancery, in a nearly two-hour hearing.

The ruling was a win for Twitter, which said an extended timeline would give Mr. Musk more time to badger the company and find a way out of the deal. Judge McCormick ruled that the trial would last five days, with the exact date to be based on the schedules of the court and the lawyers in the case.

"We are pleased that the court agreed to expedite this trial," a Twitter spokesman said.

Alex Spiro, a lawyer representing Mr. Musk, said, "We'll be ready."

When Mr. Musk agreed to buy Twitter, he said that he would take it private and that the company had plenty of potential. But within weeks, he began arguing that Twitter had stymied his attempts to understand how many of the accounts on its platform were fake and said the company was not disclosing relevant information to him.

Twitter has said Mr. Musk was searching for a way out of the purchase as the stock market slumped. The company has said it worked with Mr. Musk to give him information about fake accounts.

In the hearing on Tuesday, Twitter pushed for the lawsuit to be resolved as quickly as possible, while lawyers for Mr. Musk said the billionaire needed more time to analyze extraordinary amounts of data to determine whether Twitter had accurately counted the number of inauthentic accounts on its platform.

Twitter is trying to "shroud" its bot figures, said Andy Rossman, a lawyer for Mr. Musk, "as long as necessary to get this deal railroaded through."

[Dense legal notice — United States District Court for the District of Puerto Rico, In re: The Financial Oversight and Management Board for Puerto Rico, et al., Debtors; The Commonwealth of Puerto Rico, et al., Debtors; Notice of (I) Approval of Disclosure Statement, (II) Establishment of Record Dates, (III) Hearing on Confirmation of the Plan of Adjustment and Procedures for Objection to Confirmation of the Plan of Adjustment, (IV) Procedures and Deadline for Voting on the Plan of Adjustment and Making Certain Elections Thereunder, and summary tables of classes/claims. Text too small to transcribe in full.]

# Exhibit R

*Bond Buyer*

<u>**(July 20, 2022)**</u>

## Copy Of Advertisement Of

## Certificate of Publication

Yohanna Beato, is the Billing Coordinator of the
BOND BUYER, a daily newspaper printed and published at One State
Street Plaza, in the City of New York, County of New York, State of
New York; and the notice, of which the annexed is a printed copy, was
regularly published in said BOND BUYER on July 20th 2022.

X  *Yohanna Beato*
   *Billing Coordinator*
   *July 22nd 2022*

# Legal Notice

**Legal Notice (Page 1 of 3)**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br>Debtor. | PROMESA<br>Title III<br>No. 17 BK 3567-LTS |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**If you are entitled to vote or make an election with respect to distributions pursuant to the Plan, you will receive a separate Solicitation Package (as defined below) on a future date.**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (Atlantic Standard Time) on July 27, 2022**

**OBJECTION DEADLINE: 5:00 p.m. (Atlantic Standard Time) on July 27, 2022**

**CONFIRMATION HEARING: August 17-18, 2022 at 9:30 a.m. (Atlantic Standard Time)**

**See below for additional deadlines.**

If you have any questions regarding this notice, please contact Kroll Restructuring Administration LLC ("Kroll")[2] by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **Approval of Disclosure Statement.** By order, dated June 22, 2022 (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, dated June 17, 2022 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtor, and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, dated June 17, 2022 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan"),[1] attached as **Exhibit A** to the Disclosure Statement.

You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC):
Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
(844) 822-9231 (toll free for U.S. and Puerto Rico)
(646) 486-7944 (for international callers)
Email: puertoricoinfo@primeclerk.com
Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtor will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| | Class |
|---|---|
| HTA 68 Bond Claims | Class 1 |
| HTA 68 Bond Claims (Ambac) | Class 2 |
| HTA 68 Bond Claims (Assured) | Class 3 |
| HTA 68 Bond Claims (National) | Class 4 |
| HTA 98 Senior Bond Claims | Class 5 |
| HTA 98 Senior Bond Claims (Ambac) | Class 6 |
| HTA 98 Senior Bond Claims (Assured) | Class 7 |
| HTA 98 Senior Bond Claims (FGIC) | Class 8 |
| HTA 98 Senior Bond Claims (National) | Class 9 |
| HTA 98 Sub Bond Claims | Class 10 |
| HTA 98 Sub Bond Claims (Assured) | Class 11 |
| HTA 98 Sub Bond Claims (FGIC) | Class 12 |
| HTA 98 Sub Bond Claims (National) | Class 13 |
| Eminent Domain/Inverse Condemnation Claims | Class 15 |
| HTA General Unsecured Claims | Class 16 |
| HTA/GDB Claims | Class 17 |
| Federal Claims | Class 20 |

3. **Confirmation Hearing.** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918-1767 (or as otherwise provided pursuant to an order of the Court) on **August 17-18, 2022 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. **Plan Confirmation Depository.** Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at title iiiplandataroom.com.

6. **Confirmation Objection Deadline.** The Court has established **5:00 p.m. (Atlantic Standard Time) on July 27, 2022** (the "Confirmation Objection Deadline")

as the deadline to file objections or responses to confirmation of the proposed Plan. Parties who do not file an objection to the Plan prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

7. **Objections and Responses to Confirmation.** Objections and responses to confirmation of the Plan must:
   a. Be in writing, in English, and signed;
   b. State the name, address, and nature of the Claim of the objecting or responding party;
   c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;
   d. Be filed electronically with the Court on the dockets of (1) *In re Puerto Rico Highways and Transportation Authority*, Case No. 17 BK 3567-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before July 27, 2022 at 5:00 p.m. (Atlantic Standard Time).**
      i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
      United States District Court, Clerk's Office
      150 Ave. Carlos Chardon Ste. 150, San Juan, P.R. 00918-1767
      so as to be received **on or before July 27, 2022 at 5:00 p.m. (Atlantic Standard Time)**, and
   e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Puerto Rico Highways and Transportation Authority) so as to be received on or before the Confirmation Objection Deadline.

8. **Confirmation and Discovery Timetable and Deadlines.** The Court has established the following discovery dates and deadlines, which are applicable to the Debtor and to other parties in interest.

## Summary of Certain Deadlines

| | |
|---|---|
| July 1, 2022 | Deadline for Parties to file a fact witness list and topics about which each witness is expected to testify (the "Fact Witness Lists").<br><br>Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"), if any.<br><br>Deadline for Parties to serve requests for production of non-depository documents ("Production Requests"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve up to one additional round of Production Requests, provided that they are served on or before July 11, 2022. |
| July 8, 2022 | Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| July 12, 2022 | Deadline for Parties to file opening expert reports ("Opening Expert Reports"), if any. If any Opening Expert Reports are filed, rebuttal expert disclosures must be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures.<br><br>Deadline for Parties to serve notices of deposition, topics and requested times for depositions ("Notices of Deposition") (all parties are limited to a seven (7)-hour time limit for depositions). |
| July 18, 2022 | Deadline for Parties to serve requests for admission limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) business days of such Admission Requests.<br><br>Completion of fact discovery (the "Fact Discovery Deadline"). |
| July 20, 2022 | Deadline for the Debtor to file proposed confirmation order (the "Proposed Confirmation Order"). |
| July 22, 2022 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| July 25, 2022 | Deadline for Parties to file Daubert motions and motions *in limine*. |
| July 27, 2022 | Deadline for:<br>• Objections to confirmation of the Plan ("Objections").<br>• Objections to Proposed Confirmation Order.<br><br>Voting Deadline / Election Deadline<br><br>Deadline for Parties to file finalized witness lists, exhibit lists and deposition designations. |
| July 29, 2022 | Deadline for Parties to file oppositions to Daubert motions and motions *in limine*. |
| August 1, 2022 | Deadline for Parties to file (a) objections to exhibit lists and deposition designations and (b) counter-designations. |
| August 3, 2022 | Deadline for Parties to file replies in support of Daubert motions and motions *in limine*. |
| August 4, 2022 | Deadline for Parties to file objections to counter-designations |
| August 7, 2022 | Deadline for Debtor to file:<br>• Memorandum of law in support of confirmation.<br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br>• Witness Declarations & Vote Tabulation.<br>• Findings of Fact and Conclusions of Law.<br><br>Deadline for Non-Debtor Parties to file witness declarations. |
| August 8, 2022 | Virtual Pretrial conference. |
| August 15, 2022 | Deadline for Parties to file objections to Findings of Fact and Conclusions of Law. |
| August 17-18, 2022 | Confirmation Hearing |

9. **Voting Record Date.** The voting record date is **June 17, 2022** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor (except in the Bond Classes) as of the Voting Record Date are entitled to vote on the Plan.

10. **Voting Deadline.** The deadline for voting on the Plan is **July 27, 2022 at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

11. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtor's solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Balloting Agent")[1] on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

12. **Election Deadline.** The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **July 27, 2022, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must*: (a) follow the instructions carefully; and (b) deliver *all* of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

13. **Parties in Interest Not Entitled to Vote.** Creditors in Class 18 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote.

14. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote:
   • Class 14 (HTA Moscoso Bond Claims);
   • Class 19 (Convenience Claims).

15. If a Claim is listed on the Debtor's list of creditors (Docket Entry No. 2163 in Case No. 17-3283) as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

16. If you have timely filed a proof of claim and disagree with the Debtor's classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 16 of the Disclosure Statement Order and fill the with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline **(July 27, 2022, at 5:00 p.m. (Atlantic Standard Time))**. Creditors may contact the Balloting Agent (i) via first-class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

17. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

18. **Parties Who Will Not Be Treated as Creditors.** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

19. **Additional Information.** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Kroll Restructuring Administration LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (https://pacer.uscourts.gov) password and login are needed to access documents on the Court's website.

20. **Bankruptcy Rules 2002(c)(3) and 3016(c).** In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

**Section 41.2 – Discharge and Release of Claims and Causes of Action**

(a) **Except as expressly provided in the HTA Plan or the HTA Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Debtor and Reorganized HTA that arose, in whole or in part, prior to the HTA Effective Date, relating to the Title III Case, the Debtor or Reorganized HTA or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the HTA Petition Date, and regardless of whether any property will have been distrib-**

continue reading on the next page▶

## Legal Notice (Page 2 of 3)

uted or retained pursuant to the HTA Plan on account of such Claims or Causes of Action; provided, however, that, without prejudice to the exculpation rights set forth in Section 41.7 of the HTA Plan, nothing contained in the HTA Plan or the HTA Confirmation Order is intended, nor shall it be construed, to be a grant of a non-consensual third party release of the HTA/CCDA PSA Creditors and their respective Related Persons by Creditors of the Debtor. Upon the HTA Effective Date, the Debtor and Reorganized HTA shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the HTA Effective Date, and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the HTA Plan. For the avoidance of doubt, nothing contained in the HTA Plan or in the HTA Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the HTA Plan or the HTA Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtor and Reorganized HTA, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Case, the Debtor or Reorganized HTA or any of their respective Assets and property, including any interest accrued on such Claims from and after the HTA Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the HTA Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the HTA Plan or the HTA Confirmation Order, the HTA Confirmation Order shall constitute a judicial determination, as of the HTA Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtor and Reorganized HTA pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtor or Reorganized HTA and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the HTA Effective Date, and in consideration for the value provided under the HTA Plan, each holder of a Claim in any Class under this HTA Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtor and Reorganized HTA, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of Section 41.2 of the HTA Plan, in accordance with the provisions of the HTA/CCDA Plan Support Agreement, each of the HTA/CCDA PSA Creditors and their respective Related Persons, solely in their capacity as HTA/CCDA PSA Creditors of the Debtor, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by Section 41.2 of the HTA Plan.

(d) SEC Limitation. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtor or Reorganized HTA, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtor or Reorganized HTA are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtor or Reorganized HTA to the United States arising from and after the HTA Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtor or Reorganized HTA, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtor or Reorganized HTA, as the case may be, under any Unites States grant or cooperative assistance agreement, (E) the Debtor's or Reorganized HTA's obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained in the HTA Plan or in the HTA Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtor and Reorganized HTA, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtor and Reorganized HTA, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtor and Reorganized HTA, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. §2201(a), or the Tax Anti-injunction Act, 26 U.S.C. §7421(a).

(f) Underwriter Actions. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, including, without limitation, Sections 41.2, 41.3 and 41.11 of the HTA Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the HTA Plan, the HTA Confirmation Order or any HTA Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action and defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available), or any rights to allocate responsibility or liability or any other basis for the reduction of (or credit against) any judgment in connection with the Underwriter Actions (collectively, the "Defensive Rights"); provided, however, that, for the avoidance of doubt, in no event shall any Defensive Rights be used to obtain or result in the affirmative payment of money or the affirmative delivery of property to any plaintiff, defendant and, to the extent named, third party defendant by the Debtor, Reorganized HTA, PREPA, the Commonwealth, or any other agency or instrumentality of the Commonwealth in connection with an Underwriter Action; and, provided, further, that no party in the Underwriter Actions, including, without limitation, plaintiffs, defendants, and, to the extent named third-party defendants, shall be permitted to assert: (i) against the Debtor or Reorganized HTA any Claim or Cause of Action for purposes of obtaining an affirmative monetary recovery that otherwise is barred or discharged pursuant to the Bar Date Orders, the HTA Plan, and/or the HTA Confirmation Order; and/or (ii) against the Debtor, Reorganized HTA, PREPA, the Commonwealth, or any other agency or instrumentality of the Commonwealth any Claims or counterclaims for purposes of obtaining an affirmative monetary recovery, including, without limitation, for indemnification, contribution, reimbursement, set-off or similar theories, to the extent asserted for purposes of obtaining an affirmative monetary recovery, unless such counterclaims shall be deemed disallowed, barred, released and discharged in accordance with the terms and provision of the HTA Plan and the HTA Confirmation Order; and, provided, further, that nothing herein or in the HTA Confirmation Order is intended, nor shall it be construed, to prohibit, preclude, bar, modify, or limit in any way the ability of any defendant in any Underwriter Action to assert Defensive Rights for the purpose of reducing, eliminating, or limiting the amount of any liability or judgment in any Underwriter Action. The parties in the Underwriter Actions shall be permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting, against the Debtor, Reorganized HTA, PREPA, the Commonwealth, or any other agency or instrumentality of the Commonwealth any Claims or counterclaims for purposes of obtaining an affirmative monetary recovery, including, without limitation, indemnification, contribution, reimbursement, set-off or similar theories, to the extent asserted for purposes of obtaining an affirmative monetary recovery based upon, arising from or related to the Underwriter Actions, whether or not such Claim or counterclaim is or can be asserted in a court, an arbitration, an administrative agency or forum, or in any other manner.

Section 41.3 — Injunction on Claims: Except as otherwise expressly provided in the HTA Plan, the HTA Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 41.2 of the HTA Plan or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 41.2 of the HTA Plan are permanently enjoined, from and after the HTA Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind or any such Claim or other debt or liability that is discharged pursuant to the HTA Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the HTA Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the HTA Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the HTA Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

Section 41.5 — Releases by the Debtor and Reorganized HTA: Except as otherwise expressly provided in the HTA Plan or the HTA Confirmation Order, on the HTA Effective Date, and for good and valuable consideration, each of the Debtor and Reorganized HTA, the Disbursing Agent and each of the Debtor's and Reorganized HTA's Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtor, Reorganized HTA, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims.

Section 41.6 — Injunction Related to Releases: As of the HTA Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 41.2 of the HTA Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 41.2 of the HTA Plan; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the HTA Plan or the HTA Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the HTA Confirmation Order: (i) the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 17-3283-LTS, ECF No. 15854], as amended; and (ii) the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case No. 17-3283-LTS, ECF No. 17394], as amended.

Section 41.7 — Exculpation:
(a) Government Parties: The Oversight Board, AAFAF, the Debtor, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the HTA Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that the foregoing provisions of this Section 41.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 41.7 shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the HTA Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the HTA Plan.

(b) HTA/CCDA PSA Creditors: Each of the HTA/CCDA PSA Creditors solely in its capacity as a party to HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the HTA Petition Date up to and including the HTA Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that the foregoing provisions of this Section 41.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Monoline Insurers: Ambac, Assured, FGIC, National, and their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the HTA Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the HTA Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, or National Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, or National Insurance Policies provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of this HTA Plan shall not, and shall not be construed to, release or exculpate, any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, or National Insurance Policy to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds or National Insured Bonds, as applicable, in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, or National Treatment, as applicable (or any claims that Ambac, Assured, FGIC, or National, may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, or National's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies or National Insurance Policies, as applicable).

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the HTA Petition Date up to and including the HTA Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained herein, the HTA Disclosure Statement, or any contract, instrument, release or other agreement or document pro-

continue reading on the next page▶

**Legal Notice (Page 3 of 3)**

vided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that, notwithstanding the foregoing exculpation, in the event that litigation is commenced against a member of the Creditors' Committee with respect to the aforementioned actions, such member shall be entitled to be reimbursed for reasonable attorneys' fees and expenses incurred and indemnified for any damages awarded, in each case, by HTA pursuant to a Final Order; and provided, further, that, the foregoing provisions of this Section 41.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) The DRA Parties: Each of the DRA and the DRA Parties, from the HTA Petition Date up to and including the HTA Effective Date, and each of the DRA Parties' respective predecessors, successors and assigns (whether by operation of law or otherwise), and their respective financial advisors, attorneys, accountants, consultants, agents, and professionals, or other representatives, each acting in such capacity, and any Entity acting for or on behalf of any of them, in each case, solely to the extent acting in such capacity, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, the DRA Stipulation, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that, the foregoing provisions of this Section 41.7(e) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

Section 41.8 – Appointments Related Litigation: Notwithstanding anything contained in the HTA Plan to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the HTA Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the HTA Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the HTA Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the HTA Plan and the HTA Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XLI of the HTA Plan; provided, however, that, to the extent that a plaintiff in the Appointments Related Litigation or the Uniformity Litigation is a party to any of the G0/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the PRIFA Plan Support Agreement or the ERS Stipulation, within five (5) Business Days of the HTA Effective Date, such plaintiff shall take any and all action to dismiss, with prejudice, or, in the event other plaintiffs are party to such litigations, withdraw from, with prejudice, such Appointments Related Litigation or Uniformity Litigation, as the case may be, including, without limitation, filing notices of dismissal or withdrawal with the clerk of court having jurisdiction thereof.

Section 41.9 – Bar Order: To the limited extent provided in the HTA Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the HTA/CCDA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Case, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Case, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts,

transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

Section 41.11 – Supplemental Injunction: Notwithstanding anything contained in the HTA Plan to the contrary, except to the limited extent provided in the HTA Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Case or any Claim against the Debtor, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the HTA Effective Date (including prior to the HTA Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the HTA Plan or the HTA Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the HTA Plan or the HTA Confirmation Order, provided, however, that the Debtor's compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the HTA Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: June 23, 2022, San Juan, Puerto Rico

Respectfully submitted, /s/ Brian S. Rosen , Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), PROSKAUER ROSE LLP, Eleven Times Square, New York, NY 10036, Attorneys for the Financial Oversight and Management Board as representative for the Debtor -and- /s/ Hermann D. Bauer , Hermann D. Bauer, USDC No. 215205, O'NEILL & BORGES LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

[3] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[4] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

For your next hire, leverage *The Bond Buyer*'s significant nationwide municipal bond market reach in print, online, and e-newsletter to:

# ANALYST

# ASSOCIATE

# BOND COUNSEL

# MUNICIPAL ADVISOR

# MANAGING DIRECTOR

# MUNICIPAL TRADER

# BROKER-DEALER

# INVESTMENT BANKER

# TRUSTEE

# AMONG OTHERS....

**To place a job posting, contact Wei-Ke (Victor) Kuo at 1-212-803-8612 or wei-ke.kuo@arizent.com**

# Exhibit S

*El Nuevo Herald*

**(July 20, 2022)**



State of Florida                                                              July 20, 2022
County of Monroe, Dade and Broward

I *Matthew Weisberg* Being Duly Sworn on oath say he is and during all times herein stated has been the publisher's designated agent of the publication known as ***EL Nuevo Herald*** has full knowledge of the facts herein stated as follows:

The run of paper advertisement (ROP) in the Main section A  of EL nuevo Herald for:

Tribunal De Los Estados Unidos Para El Distrito De Puerto Rico

Promes Tituli 111 Num. 17 BK 3283-LTS
(Administrado de manera conjunta)

Promesa Titulo 111 Num. 17 BK 3567-LTS

was distributed to Publishers full circulations (EL Nuevo Herald)

- On the 30th day of June 2022.
- On the 6th day of July 2022.
- On the 20th day of July 2022.


By: *Matthew Weisberg*

Subscribed and sworn to before me this 20th day of July, 2022


MEDIA COMPANY

3511 NW 91 Avenue, Miami, FL 33172  I  *********@miamiherald.com  I  www.miamiherald.com  I  www.elnuevoherald.com

MIÉRCOLES **20 DE JULIO** 2022 | | EL NUEVO HERALD | | 5A

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de

ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,
Deudores.[1]

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA
PUERTO RICO,

como representante de la
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,
Deudor.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS
(Administrado de manera
conjunta)

PROMESA
Título III

Núm. 17 BK 3567-LTS

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DEL SU MARCO**

Si tiene usted derecho de voto o a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se define a continuación) por separado en una fecha futura.

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**

**FECHA LÍMITE PARA OBJECIONES: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**
**VISTA DE CONFIRMACIÓN: 17 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**
Consulte fechas límites adicionales más adelante.

# Exhibit T

*El Diario NY*

**(July 20, 2022)**



EL CAMPEON DE LOS HISPANOS

LA PRENSA

WWW.ELDIARIONY.COM

an impreMedia company

**Affidavit of Publication State of New York County of New York, ss:**
The undersigned, **Esperanza Ruiz, is an Account Executive of**
**EL DIARIO/LA PRENSA** a company of Impremedia, located at
41Flatbush Avenue, 1 Fl., Brooklyn, NY 11217

This is a daily newspaper published in **New York State.** The legal notice of
**The Commonwealth of Puerto Rico – TRIBUNAL DE DISTRITO DE LOS**
**ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO** was published in
said newspaper as set forth below or in the annexed exhibit.

This newspaper has been
designated by the Clerk of New York County for this purpose.

**Said Notice was published on:**

**Thursday, June 30, 2022**
**Wednesday, July 6, 2022**
**Wednesday, July 20, 2022**

Subscribed and sworn to before me this

√Esperanza Ruiz
Account Executive

day 22 of July 2022

Notary Public, New York County, N.Y.

XING YI JOLLY WANG
Notary Public - State of New York
No. 01WA6367075
Qualified in Queens County
My Commission Expires 11/13/2025

Case:17-03283-LTS Doc#:21272-5 Filed:06/08/22/07/23 Entered:06/08/22/07/23 06:09:24 Desc:Main Debtors Exc 67b (Part 2 of 3) Page 36 of 54

## Aviso Público (página 1 de 2)

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

En el asunto de:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,
Deudores.[1]

PROMESA
Título III
Núm. 17 BK 3283-LTS
(Administrada de manera conjunta)

En el asunto de:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de la

AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,
Deudor.

PROMESA
Título III
Núm. 17 BK 3567-LTS

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

**Si tiene usted derecho de voto o a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se define a continuación) por separado en una fecha futura.**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (hora estándar del Atlántico el 27 de julio de 2022**

**FECHA LÍMITE PARA OBJECIONES: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**
**VISTA DE CONFIRMACIÓN: 17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**

**Consulte fechas límites adicionales más adelante.**

Para cualquier consulta relativa a esta notificación, sírvase ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll") a través del teléfono (844) 822-9231 (gratuito para EE.UU. y Puerto Rico), o bien al (646) 486-7944 (para llamadas internacionales). El horario de atención es desde las 10:00 a.m. hasta las 7:00 p.m. (hora estándar del Atlántico (disponible en español), o bien al correo electrónico puertoricoinfo@primeclerk.com.

**SÍRVASE TOMAR NOTA DE LO SIGUIENTE:**

1. **Aprobación de la Declaración de divulgación.** Mediante la orden de fecha 22 de junio de 2022 (la "Orden de Declaración de divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó como adecuada la información contenida en la *Declaración de divulgación de la Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según pueda ser modificada o enmendada, incluyendo todos los anexos y documentación adjuntos a la misma, la "Declaración de divulgación"), registrada por la Junta de Supervisión y Administración Financiera de Puerto Rico, que autoriza al Deudor a solicitar votos con respecto a la aprobación o rechazo de la *Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según la misma pueda ser enmendada o modificada, incluyendo todos los anexos y complementos de la misma, el "Plan"), adjunta como **Anexo A** a la Declaración de divulgación.

Podrá solicitar una copia impresa del Plan y de la Declaración de divulgación, incluyendo sus correspondientes traducciones al español, al Agente de votación, Kroll Restructuring Administration LLC (anteriormente denominado Prime Clerk LLC):
Teléfono (de 10:00 a.m. a 7:00 p.m. (AST)) (disponible en español):
(844) 822-9231 (gratuito en EE.UU. y Puerto Rico)
(646) 486-7944 (para llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, puede acceder a las copias electrónicas de la Declaración de divulgación y del Plan visitando el sitio https://cases.primeclerk.com/puertorico/.

2. De conformidad con la Orden de la Declaración de divulgación, el Deudor enviará los materiales necesarios para votar por la aceptación o rechazo del Plan, o para elegir opciones en materia de las distribuciones propuestas (el "Paquete de convocatoria") a los titulares de Reclamaciones en las siguientes Clases (denominadas colectivamente "Clases con derecho a voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos 68 de la ACT | Clase 1 |
| Reclamaciones de Bonos 68 de la ACT (Ambac) | Clase 2 |
| Reclamaciones de Bonos 68 de la ACT (Assured) | Clase 3 |
| Reclamaciones de Bonos 68 de la ACT (National) | Clase 4 |
| Reclamaciones de Bonos Senior 98 de la ACT | Clase 5 |
| Reclamaciones de Bonos Senior 98 de la ACT (Ambac) | Clase 6 |
| Reclamaciones de Bonos Senior 98 de la ACT (Assured) | Clase 7 |
| Reclamaciones de Bonos Senior 98 de la ACT (FGIC) | Clase 8 |
| Reclamaciones de Bonos Senior 98 de la ACT (National) | Clase 9 |
| Reclamaciones de Bonos subordinados 98 de la ACT | Clase 10 |
| Reclamaciones de Bonos subordinados 98 de la ACT (Assured) | Clase 11 |
| Reclamaciones de Bonos subordinados 98 de la ACT (FGIC) | Clase 12 |
| Reclamaciones de Bonos subordinados 98 de la ACT (National) | Clase 13 |
| Reclamaciones de Dominio eminente/Expropiación forzosa inversa | Clase 15 |
| Reclamaciones generales no garantizadas de la ACT | Clase 16 |
| Reclamaciones de la ACT/BGF | Clase 17 |
| Reclamaciones federales | Clase 20 |

3. **Vista de confirmación.** Una vista para considerar la confirmación del Plan (la "Vista de confirmación") se celebrará ante la Honorable Laura Taylor Swain, del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918-1767 (o según se determine en virtud de una orden del Tribunal), el **17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de confirmación podrá ser continuada periódicamente por la Junta de Supervisión, sin necesidad de notificaciones adicionales o mediante los aplazamientos anunciados durante las sesiones, o bien indicados en cualquier notificación de orden del día de asuntos a tratar programado para la vista y presentada ante el Tribunal, y el Plan podrá ser modificado, si fuera necesario, antes, durante o como resultado de la Vista de confirmación, de conformidad con las cláusulas de modificación del Plan y de la Regla local 3016-2, sin necesidad de notificación adicional a las partes interesadas.

5. **Depositario de Confirmación del Plan.** La información relativa a la confirmación del Plan está disponible en línea en el sitio del Depositario de Confirmación del Plan, titleiiiplandataroom.com.

6. *Fecha límite para objeciones a la confirmación.* El Tribunal ha establecido las **5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022** (la "Fecha límite de objeciones a la confirmación"), como fecha límite para registrar objeciones o respuestas a la confirmación del Plan propuesto. Las partes que no presenten una objeción al Plan antes de la Fecha límite de objeción a la confirmación tendrán prohibido hacer presentaciones orales antes el Tribunal durante la Vista de confirmación.

7. *Objeciones y respuestas a la confirmación.* Las objeciones y respuestas a la confirmación del Plan deberán:

   a. Presentarse por escrito, en inglés, y estar firmadas;
   b. Indicar el nombre, domicilio y naturaleza de la Reclamación de la parte objetora o replicante;
   c. Indicar específicamente el fundamento y naturaleza de cualquier objeción o respuesta, e incluir, si procediere, el texto propuesto para insertar en el Plan, con el objeto de resolver dicha objeción o respuesta;
   d. Presentarse electrónicamente ante el Tribunal en los expedientes de (i) *En el asunto de la Autoridad de Carreteras y Transportación de Puerto Rico*, Caso núm. 17 BK 3567-LTS, y (ii) *En el asunto del Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de presentación de casos del Tribunal, en formato de documento portátil con función de búsqueda **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**.

   i. Si no es usted abogado registrado como usuario en el sistema de presentación de casos del Tribunal, podrá enviar su objeción por correo postal a la oficina de la Secretaría del Tribunal:
   Tribunal de Distrito de Estados Unidos, Secretaría
   150 Avenida Carlos Chardón, Suite 150,
   San Juan, P.R. 00918-1767
   para que sea recibida **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**; y

e. Cursarla a la Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, Calle Tanca 500, Suite 301, San Juan, PR 00901 (ref. En el asunto de: Autoridad de Carreteras y Transportación de Puerto Rico), para que sea recibida como más tardar en la Fecha límite de objeción a la confirmación.

8. *Calendario y fechas límite de confirmación e indagatoria.* El Tribunal ha establecido las siguientes fechas y plazos límite para indagatorias, que serán aplicables al Deudor y a otras partes interesadas:

**Resumen de ciertas fechas límite**

| | |
|---|---|
| **1 de julio de 2022** | Fecha límite para que las Partes registren una lista de testigos de hechos, detallando los temas acerca de los cuales testificará cada uno de ellos (las "Listas de testigos de hecho"). Fecha límite para que las Partes registren las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"), si las hubiere. Fecha límite para que las Partes cursen solicitudes de presentación de documentos que no estén bajo custodia del Depositario (las "Solicitudes de presentación"). Las respuestas y objeciones a las citadas Solicitudes de presentación podrán cursarse dentro de un plazo de siete (7) días desde la recepción de dichas Solicitudes. Las Partes podrán cursar hasta una ronda adicional de Solicitudes de presentación, siempre y cuando se haga en o antes del 11 de julio de 2022. |
| **8 de julio de 2022** | Fecha límite para que las Partes cursen hasta quince (15) interrogatorios ("Interrogatorios"), incluyendo las subpartes. Las respuestas y objeciones a los citados Interrogatorios podrán cursarse dentro de un plazo de siete (7) días desde la recepción de dichos Interrogatorios. |
| **12 de julio de 2022** | Fecha límite para que las partes registren los informes periciales iniciales ("Informes periciales iniciales"), si los hubiere. Si se presenta algún Informe pericial inicial, las refutaciones a las divulgaciones de expertos deberán presentarse en un plazo de tres (3) días desde dicha presentación, y las respuestas a dichas refutaciones se presentarán cinco (5) días después de las divulgaciones. Fecha límite para que las partes cursen las notificaciones de declaraciones juradas, temas y horarios solicitados para las mismas ("Notificaciones de declaraciones juradas") (todas las partes estarán limitadas a un límite de siete (7) horas para declaraciones juradas). |
| **18 de julio de 2022** | Fecha límite para que las Partes cursen solicitudes de admisión, limitadas a la autenticación de documentos ("Solicitudes de Admisión"). Las respuestas y objeciones a las citadas Solicitudes de Admisión podrán cursarse dentro de un plazo de cuatro (4) días laborables desde la recepción de dichas Solicitudes de Admisión. |
| **20 de julio de 2022** | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). Fecha límite para que el Deudor registre la propuesta de Orden de confirmación (la "Propuesta de Orden de confirmación"). |
| **22 de julio de 2022** | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de peritos"). |
| **25 de julio de 2022** | Fecha límite para que las partes presenten mociones Daubert y mociones *in limine*. |
| **27 de julio de 2022** | Fecha límite para: • Objeciones a la confirmación del Plan ("Objeciones"). • Objeciones a la Propuesta de Orden de confirmación. Fecha límite de votación / Fecha límite de elección. Fecha límite para que las partes registren las listas de testigos, las listas de pruebas y las designaciones de declaraciones juradas definitivas. |
| **29 de julio de 2022** | Fecha límite para que las partes presenten oposiciones a las mociones Daubert y mociones *in limine*. |
| **1 de agosto de 2022** | Fecha límite para que las partes presenten (a) objeciones a las listas de pruebas y designaciones de declaraciones juradas y (b) designaciones opuestas. |
| **3 de agosto de 2022** | Fecha límite para que las partes presenten sus respuestas en apoyo de las mociones Daubert y las mociones *in limine*. |
| **4 de agosto de 2022** | Fecha límite para que las Partes presenten objeciones a las designaciones opuestas. |
| **7 de agosto de 2022** | Fecha límite para que el Deudor presente: • Memorando de ley en apoyo de la confirmación. • Réplicas generales a las objeciones a la confirmación y a la propuesta de orden de confirmación. • Declaraciones de testigos y recuento de votos. • Antecedentes de hecho y conclusiones de derecho. Fecha límite para que los deudores presenten declaraciones de testigos. |
| **8 de agosto de 2022** | Conferencia virtual previa al juicio. |
| **15 de agosto de 2022** | Fecha límite para que las Partes presenten objeciones a los Antecedentes de hecho y conclusiones de derecho. |
| **17-18 de agosto de 2022** | Vista de confirmación |

9. *Fecha de registro de votación.* La fecha de registro de votación será el **17 de junio de 2022** (la "Fecha de registro de votación"), que será la fecha para determinar cuáles titulares de Reclamaciones de las Clases con derecho a voto (excepto las Clases de bonos) tienen derecho a votar a favor o en contra del Plan. Por consiguiente, solamente podrán votar a favor o en contra del Plan los acreedores de una Clase con derecho a votar por el Plan que mantenga Reclamaciones contra el Deudor (salvo en las Clases de bonos) a la Fecha de registro de votación.

10. *Fecha límite de votación.* La fecha límite para votar a favor o en contra del Plan es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que dicho plazo sea prorrogado (la "Fecha límite de votación"). Usted (o el intermediario o persona a favor o en contra del Plan para permitir distribuciones de conformidad con los términos y condiciones del Plan, deberá ser confirmado por el Tribunal, siempre y cuando sea titular de una Reclamación permitida.

11. Si recibió un Paquete de convocatoria, incluyendo una Papeleta o Notificación, y tiene previsto ejecutar su voto sobre el Plan, **deberá** (a) atenerse estrictamente a las instrucciones; (b) cumplimentar **todos** los datos requeridos en la Papeleta (según proceda); y (c) o bien (i) ejecutar y devolver la Papeleta cumplimentada de conformidad con las instrucciones de votación incluidas en el Paquete de convocatoria, de modo que su Papeleta sea **efectivamente recibida** por el Agente de convocatoria del Deudor, Kroll Restructuring Administration LLC ("Kroll", o el "Agente de votación") como más tardar en la Fecha límite de votación, o bien (ii) ordenar a su intermediario o persona designada (cada uno de ellos, una "Persona designada") que envíe electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP" en The Depository Trust Company ("DTC") en función de su deseo de votar para aceptar o rechazar el Plan, o bien en contra, en la Fecha límite de votación. *El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.*

12. *Fecha límite de elección.* La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo si dicho plazo es prorrogado (la "Fecha límite de elección"). Si ha recibido una Notificación con la opción de hacer una elección **deberá** (a) atenerse estrictamente a las instrucciones; y (b) cumplimentar **todos** los datos requeridos en las instrucciones de elección, de modo que usted efectivamente recibidos por su Persona designada con suficiente antelación para que esta pueda **ejecutar efectivamente** su elección a través del sistema ATOP de DTC como más tardar en la Fecha límite de elección.

13. *Partes interesadas sin derecho de voto.* Se considera que los acreedores de la Clase 18 (Reclamaciones subordinadas de la Sección 510(b)) rechazan el Plan, por lo cual no tienen derecho de voto.

14. Se considera que las siguientes Clases aceptan el Plan, por lo cual no tienen derecho de voto:
   • Clase 14 (Reclamaciones de Bonos Moscoso de la ACT);
   • Clase 19 (Reclamaciones de convenios).

15. Si una Reclamación está incluida en la Lista de acreedores del Deudor (Registro en el expediente judicial núm. 2163 en el Caso núm. 17-3283) como contingente, no liquidada o impugnada, y (i) no se registró una evidencia de reclamación en la fecha límite aplicable para la presentación de pruebas de reclamación establecida por el Tribunal o en la Fecha límite de registro de votación; procede; o (ii) considerada debidamente registrada por orden del Tribunal antes de la Fecha límite de votación, dicha Reclamación no tendrá derecho a votar por la aceptación o el rechazo del Plan. Tampoco las pruebas de reclamación presentadas por $0.00 o aquellas desestimadas por orden del Tribunal tendrán derecho de voto.

16. Si usted ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación del Deudor, la objeción a la solicitud de votación de su Reclamación y crea que debería tener derecho a votar sobre el Plan, debe notificarlo al Deudor y a las partes enumeradas en el apartado 16 de la Orden de Declaración de divulgación (para recibir copia y Despacho de la juez) una moción (una "Moción conforme a la Regla 3018(a)") para obtener una orden a tenor de la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma provisional su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse como más tardar décimo (10º) día después de un aviso de solicitud de votación de su Reclamación, y la notificación, en cuanto a dicha Reclamación, le que entre tarde se produzca. Si su aprobación se solicitud de estimación, se efectuará en cuanto a dicha Reclamación, lo que ocurra tarde entre estos dos, antes de la Fecha límite de votación (**27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**). Los acreedores podrán ponerse en contacto con el Agente de votación (i) a través de correo postal certificado o de un servicio de mensajería, dirigiéndose al Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (anteriormente conocida como Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) por teléfono llamando al (844) 822-9231 (gratuito en EE.UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales), que atiende de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico (disponible en español), o bien (iii) por correo electrónico escribiendo a puertoricoinfo@primeclerk.com. Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya aceptado una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

17. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebra 3018(a), encontrará un formulario de la Regla 3018(a) con instrucciones para completar y presentar la moción en https://cases.primeclerk.com/puertorico/.

18. *Partes que no están tratadas como Acreedores.* Cualquier titular de una Reclamación que (i) esté incluido en la Lista de Acreedores del Deudor o presente una evidencia de reclamación, se presentada a tiempo o de una evidencia de Reclamación que se considere presentada debidamente a tiempo ante el Tribunal a tenor del Código de Quiebras o cualquier orden del Tribunal, o que se considere presentada a tiempo según la ley aplicable, o bien (ii) no esté programado y no sea objeto de una evidencia de reclamación presentada a tiempo o una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal a tenor de la ley aplicable, no será tratado como un acreedor a efectos de votación y no podrá votar. Ninguna consecuencia tiempo conforme a la ley aplicable, no será tratado como un acreedor a efectos de votación y no podrá votar. Ninguna de la Reclamación a los efectos de (i) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

19. *Información adicional.* Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de votación, Kroll Restructuring Administration LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico a puertoricoinfo@primeclerk.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través de su sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (https://pacer.uscourts.gov).

20. *Reglas de Quiebra 2002(c)(3) y 3016(c).* De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se transcriben las disposiciones de descargo, exculpación e interdicto contenidos en el Plan:

**Sección 41.2.– Exoneración y descargo de reclamaciones y causas de acción:**

(a) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de acción contra el Deudor y la ACT Reorganizada que surgieron, en todo o en parte, antes de la Fecha de vigencia de la ACT, en relación con los Títulos III del Deudor, la ACT reorganizada o cualquiera de sus respectivos Activos, bienes o intereses de todo índole, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de petición de la ACT, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan a causa de dichas Reclamaciones o Causas de acción; teniendo en cuenta, sin embargo, que, no obstante los derechos de exculpación establecidos en la Sección 41.7 del Plan de la ACT, nada de lo contenido en el Plan de la ACT o la Orden de Confirmación de la ACT tiene la intención de ser, ni deberá ser interpretado, como un otorgamiento de una exención no consensuada a terceros de los Acreedores del AAP de la ACT/ADCC y sus respectivas Personas Vinculadas por parte de los Acreedores del Deudor. En la Fecha de Vigencia de la ACT, el Deudor y la ACT reorganizada se considerarán exonerados y eximidos de todas y cada una de las Reclamaciones, Causas de acción y cualquier otra deuda generada, total o parcialmente, antes de la Fecha de vigencia de la ACT, y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y en la Sección 407 de la Ley PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o se considere presentada o no deuda de la naturaleza descrita o no en la sección 501 del Código de Quiebras, (b) que se autorice dicha Reclamación conforme a la sección 502 del Código de Quiebras, o (c) que el titular de dicha Reclamación haya votado a favor o en contra del Plan de la ACT o bien haya aceptado o no dicho Plan de la ACT, nada de lo contenido en el Plan de la ACT o en la Orden de Confirmación de la ACT tiene la intención de ser, ni deberá ser interpretado, como una exención no consensuada a terceros de las Reclamaciones basadas en o relacionadas con, los bonos emitidos por la AEE, incluyendo, entre otros, los emitidos con los seguros monoline pertinentes, y la AEE no eximirá de ninguna reclamación en causa de acción contra cualquier Entidad no deudora, en ninguna de las Reclamaciones y causas de acción contra la AEE derivadas de, o relacionadas con, los bonos emitidos por la AEE, así como las exenciones contra la AEE y sus activos, se dirigirán al caso del Título III de la AEE, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra el Deudor y la ACT reorganizada, y cada uno de sus respectivos Activos, bienes y derechos, recursos, Reclamaciones o Causas de Acción o responsabilidades de toda índole, relacionadas con los Casos del Título III, el Deudor y la ACT reorganizada o cualquiera de sus respectivos Activos y bienes basados, en todo o en parte, en cualquier acto u omisión, transacción, acuerdo, suceso u otra ocurrencia que haya tenido lugar antes de la Fecha de vigencia de la ACT e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan de la ACT a causa de dichas Reclamaciones y otras deudas y responsabilidades, incluyendo, entre otros, las emitidas con los seguros monoline pertinentes, y la AEE no eximirá de ninguna reclamación en causa de acción contra cualquier Entidad no deudora; siempre y cuando, no obstante, lo anterior no impida que las partes hagan valer defensas o derechos de compensación en la medida en que estén permitidos por la ley y la Regla de Quiebra 3018(a). Las Reclamaciones y causas de acción contra la AEE derivadas de, o relacionadas con, los bonos emitidos por la AEE, así como las exenciones contra la AEE y sus activos, se dirigirán al caso del Título III de la AEE, incluyendo, entre otros, cualquier plan de ajuste pertinente. A partir de la Fecha de vigencia de la ACT, y a los efectos de evitar dudas, lo anterior tiene por finalidad y efecto descargar permanentemente la indemnización a partir de la Fecha de vigencia de la ACT, descarga y releva permanentemente, impidiendo, renunciando y descargando para siempre a todas las personas y entidades de iniciar o continuar cualquier tipo de acción o procedimiento de cualquier tipo contra el Deudor o la ACT reorganizada, o sus respectivos Activos y bienes, con respecto a cualquiera de las Reclamaciones descargadas, liquidadas o tratadas de otro modo, o las deudas y responsabilidades descargadas de conformidad con esta Sección 41.2 del Plan de la ACT, de conformidad con la sección 944(b)(1) del Código de Quiebras, aplicable a los Casos del Título III conforme a la Sección 301 de la Ley PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra el Deudor y la ACT reorganizada y sus respectivos Activos y bienes en cualquier momento, en la medida en que se relacione con una Reclamación, deuda o responsabilidad descargada. Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, tras la Fecha de vigencia de la ACT, todas las Entidades quedarán permanentemente impedidas de iniciar o continuar de cualquier forma cualquier acción u otro proceso de cualquier tipo, incluyendo, entre otros, todas las acciones judiciales, arbitrajes, audiencias administrativas y otras y acciones de ejecución o cobro de toda índole respecto a cualquier Reclamación, deuda, derecho o Causa de Acción descargada, liquidada o tratada de otra forma, contra el Deudor y la ACT reorganizada y sus respectivos activos y bienes, basándose en cualquier hecho, suceso u otra ocurrencia que haya tenido lugar, en todo o en parte, antes de la Fecha de vigencia de la ACT; siempre y cuando, no obstante, lo anterior no impida que las partes hagan valer defensas o derechos de compensación en la medida permitida por la ley.

(c) No obstante la estipulación en cualquier lugar en contrario en esta Sección 41.2 del Plan de la ACT, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan ACT/ADCC, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan ACT/ADCC y sus respectivas Personas vinculadas, exclusivamente en su calidad de Acreedores del Deudor, (i) han renunciado, liquidado, de mutuo acuerdo, y han renunciado permanentemente a iniciar o mantener cualquier Causa de acción contra cualquier otro tipo de Reclamación o derecho, que hubiera podido tener o reclamar en el pasado, presente o futuro contra el Gobierno en cualquier tipo de capacidad, y (ii) no formularán, ni colaborarán ni apoyarán ninguna acción o reclamación, de cualquier tipo, y se considerará que se ha ordenado y prohibido por la presente el inicio o la continuación de cualquier acción con respecto a las Reclamaciones descargadas del Gobierno que esté prohibida por la presente.

(continúa en la página siguiente)

971-111446-1

Case 1:17-cv-03283-LTS  Doc#:121272-5 Filed 08/08/07  Entered 08/08/07 13:56:09  Desc Main
Debtors Exhibit (Part 2) Page 37 of 54

MIÉRCOLES 20 JULIO 2022 **El Diario NY** | **9**

## Aviso Público (página 2 de 2)

*(continúa de la página anterior)*

**Sección 41.2 del Plan de la ACT.**

(c) Limitación de la SEC. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar, perjudicar ni retrasar que la SEC inicie o prosiga reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de Estados Unidos. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que Estados Unidos o cualquiera de sus organismos, departamentos o agentes eximan de algún modo al Deudor o a la ACT reorganizada, según proceda, de cumplir las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el medio ambiente de personas de dicho territorio, (ii) ampliar el ámbito de cualquier exoneración, exención o recurso a los cuales el Deudor o la ACT reorganizada tengan derechos de conformidad con el Título III, ni (iii) eximan, libren, impidan o prohíban de alguna manera (A) cualquier responsabilidad del Deudor o la ACT reorganizada ante Estados Unidos derivados de, o posteriores a, la Fecha de vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de Estados Unidos, del Deudor o la ACT reorganizada, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de Estados Unidos, del Deudor o la ACT reorganizada, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de Estados Unidos, (E) las obligaciones del Deudor o la ACT reorganizada derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de derecho de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad para con Estados Unidos de parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido en el Plan de la ACT ni en la Orden de confirmación de la ACT podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, estatus fiscal o obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (iii) una excención, satisfacción, excepción ni prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean el Deudor y la ACT reorganizada, y (iv) otorgar ninguna excención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT o en la Orden de confirmación de la ACT, incluyendo, entre otros, las Secciones 41.2, 41.3 y 41.11 del Plan de la ACT, salvo que queda establecido en los apartados de las cláusulas de la Ley PROMESA, nada de lo contenido en el Plan de la ACT, la Orden de confirmación de la ACT o cualquier otro documento relacionado con el Plan de la ACT o en cualquier otro documento relacionado con el Plan de la ACT, o como Suplemento de la ACT, tiene por objeto, ni podrá interpretarse como dirigido a, perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de los demandantes y demandados, incluyendo, entre otros, las partes de las Acciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensas en dichas Acciones, incluyendo, entre otros, las Reclamaciones, defensas, causas de acción y derechos de compensación o recobro (en la medida en que estuvieran disponibles), o cualesquiera otros derechos de determinación de responsabilidad u otros fundamentos para la reducción de la prestación contra) cualquier sentencia relacionada con las Acciones de las aseguradoras (en conjunto, los "Derechos de defensa"); aunque siempre en el bien entendido de que, a efectos de disipar cualquier duda, bajo ninguna circunstancia podrá utilizarse alguno de los Derechos de defensa para obtener o conseguir el pago afirmativo de dinero en el traspaso afirmativo de bienes a algún demandante, demandado o, en la medida en que proceda, demandado tercero, por parte del Deudor, de la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otra agencia u organismo del mismo, en relación con una Acción de aseguradora, y asimismo siempre y cuando a ninguna de las partes de estas Acciones, incluyendo, entre otros, demandantes, demandados y, si los hubiera, demandados terceros, se le permita incoar: (i) contra el Deudor o la ACT reorganizada, ninguna Reclamación o Causa de acción con el objeto de obtener un recobro monetario afirmativo que, de otro modo, esté excluida o desestimada como consecuencia de las Órdenes de Fecha límite, el Plan de la ACT y/o la Orden de confirmación de la ACT; y/o (ii) contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otro organismo o agencia del mismo, cualesquiera Reclamaciones o contra reclamaciones a efectos de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, planteadas con el objeto de obtener un recobro monetario afirmativo, Reclamaciones o contra reclamaciones que serán consideradas desautorizadas, desestimadas, exoneradas o restringidas de conformidad con los términos y disposiciones del Plan de la ACT y la Orden de confirmación de la ACT; entendiéndose asimismo que nada de lo contenido en la Orden de confirmación de la ACT tiene por objeto, ni deberá interpretarse como un intento de, prohibir, excluir, modificar o limitar en modo alguno la capacidad de cualquier demandante de una Acción de aseguradora de plantear Derechos de defensa para reducir, disminuir o limitar la cuantía de cualquier responsabilidad o sentencias de la Acción de una aseguradora. Las partes de las Acciones de aseguradoras estarán permanentemente excluidas, restringidas, prescritas y limitadas para emprender, incoar o demandar contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otro organismo o agencia del mismo, Reclamaciones o contra reclamaciones con el objeto de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, en la medida en que se planteen con el objetivo de conseguir un recobro monetario afirmativo basado en, relacionado con o el relacionado con, las Acciones de aseguradoras, tanto si dicha Reclamación o contrarreclamación pueda incoarse como si no ante un tribunal, un arbitraje, una agencia o foro administrativo, o de cualquier otra manera.

**Sección 41.3 — Interdicto sobre las Reclamaciones.**

Salvo que se disponga expresamente lo contrario en el Plan de la ACT, en la Orden de confirmación de la ACT o en cualquier otra Orden final del Tribunal del Título III que pudiera ser aplicable, todas las Entidades que hayan tenido, tengan o pudieran tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 41.2 del Plan de la ACT o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor de la Sección 41.2 del Plan de la ACT tendrán permanentemente prohibido, en o a partir de la Fecha de vigencia de la ACT, incoar o continuar, directa o indirectamente, en cualquier modalidad, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de toda índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan de la ACT contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan de la ACT; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho consuetudinario de recobro o de hacer valer cualesquiera derechos de compensación, subrogación o recuperación de toda índole con cargo cualquier obligación debida de cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan de la ACT. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes exoneradas y sus respectivos activos y bienes.

**Sección 41.5 — Exoneraciones del Deudor y de la ACT reorganizada.**

Salvo que se disponga expresamente lo contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, en la Fecha de vigencia de la ACT, y a cambio de una contrapartida válida y valiosa, por la presente se considerará que tanto el Deudor como la ACT reorganizada, el

---

Agente pagador y cada una de las Personas relacionadas del Deudor y la ACT reorganizada, han renunciado, exonerado, absuelto y relevado irrevocable, incondicional, plena y definitivamente y a perpetuidad, a las Partes exoneradas de todas y cada una de las Reclamaciones o Causas de acción que el Deudor, la ACT reorganizada y el Agente pagador, o cualquiera de ellos o que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamar tener, ahora o en el futuro, contra cualquier Parte exonerada que sean Reclamaciones exoneradas.

**Sección 41.6 — Interdicto relacionado con descargos:**

A la Fecha de vigencia de la ACT, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación exonerada considerada como tal de conformidad con la Sección 41.2 del Plan de la ACT, quedan y quedarán, de manera permanente, completamente y para siempre, suspendidas, restringidas, prohibidas, vetadas y desestimadas para llevar a cabo cualquiera de las siguientes acciones, tanto directa como indirectamente, de forma derivada o de otra manera, por cuenta de, o fundamentándose en, el asunto de dichas Reclamaciones exoneradas: (i) incoar, emprender o continuar de cualquier modo, tanto directa como indirectamente, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) ejecutar, incautar (lo que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de otra modo recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier otro modo aplicar en cualquier cuestión, directa o indirectamente, cualquier Gravamen; (iv) compensar, exigir reintegros, aportaciones o subrogaciones, o recuperar de cualquier otra manera, directa o indirecta, cualquier cuantía en concepto de cualquier pasivo u obligación adeudados a cualquier Entidad exonerada conforme a la Sección 41.2 del Plan de la ACT; e (v) iniciar y continuar de cualquier otro modo y lugar, un procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan de la ACT o de la Orden de confirmación de la ACT. Para evitar dudas, las siguientes estipulaciones se extinguirán con el registro de la Orden de confirmación de la ACT: (i) la Cuarta Estipulación enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la Cuestión de las cuestiones impugnadas [Caso núm. 17:3283-LTS, ECF núm. 15854] y sus enmiendas, y (ii) y sus enmiendas; y la Cuarta Estipulación enmendada y Orden de consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la prescripción [Caso núm. 17:3283-LTS, ECF núm. 17394] y sus enmiendas.

**Sección 41.7 — Excludación:**

(a) Partes del Gobierno: La Junta de Supervisión, la AAFAF, el Deudor y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su calidad de tales en cualquier momento hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualquiera de transacciones o acuerdos allí contenidos, la Declaración de divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7 no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 41.7 monoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de vigencia de la ACT inclusive, ni de cada uno de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto a sus deberes y responsabilidades en virtud del Plan de la ACT.

(b) Acreedores del AAP de ACT/ADCC: Cada uno de los Acreedores del AAP de ACT/ADCC, actuando exclusivamente en su calidad de tales como parte del Acuerdo de Apoyo al Plan de ACT/ADCC y un Acreedor y/o Aseguradora, según proceda, desde la Fecha de petición de la ACT y hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualesquiera transacciones y acuerdos allí contenidos, la Declaración de divulgación, el Acuerdo de Apoyo al Plan de ACT/ADCC, los Documentos definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7(b) no afectarán a las responsabilidades de cualquier Entidad que, de otro modo, hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa.

(c) Aseguradoras Monolínea: Ambac, Assured, FGIC, National y sus respectivas Personas relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por acciones u omisiones compatibles con el Plan de la ACT o en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan de la ACT, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos asegurados por Ambac, las Reclamaciones de Bonos asegurados por Assured, las Reclamaciones de Bonos asegurados por FGIC o las Reclamaciones de Bonos asegurados por National, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de seguro de Ambac, las Pólizas de seguro de Assured, las Pólizas de seguro de FGIC o las Pólizas de seguro de National correspondientes; siempre en el bien entendido de que, no obstante cualquier otra disposición en sentido contrario aquí contenida, los términos y condiciones del Plan de la ACT no relevarán ni excluirán, ni se entenderá que relevan o excluyen, cualesquiera obligaciones de pago —a tenor de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC o la Póliza de Seguro de National— a cualquier titular usufructuario de Bonos asegurados por Ambac, Bonos asegurados por Assured, Bonos asegurados por FGIC o Bonos asegurados por National, según proceda, de conformidad exclusivamente con sus términos, en la medida en que dicho titular no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC o el Tratamiento de National, según corresponda (o cualesquiera reclamaciones que respectivamente surjan en relación con las obligaciones asumidas por Ambac, Assured, FGIC o National, respectivamente).

(d) Comité de Acreedores: Cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembros del Comité de Acreedores, desde la Fecha de petición de la ACT hasta la Fecha de vigencia de la ACT, inclusive, y cada uno de las Personas relacionadas del Comité de Acreedores, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por acciones u omisiones relacionadas con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT de cualquier transacción o acuerdo contenido en este documento, la Declaración de divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que, no obstante lo exclusión precedente, en caso de que se emprenda una acción un miembro del Comité de Acreedores y/o la Persona relacionada de un miembro del Comité de Acreedores de las acciones precedentes, cada miembro tendrá derecho a que se le reintegren honorarios y gastos legales razonables y a que se le indemnice por los daños adjudicados en cada caso, por la ACT como consecuencia de una Orden final; y asimismo en el bien entendido de que las disposiciones precedentes de esta Sección 41.7(d) no afectarán a la responsabilidad de alguna Entidad que, de otro modo, ordenaría dicha acción u omisión, en la medida en que, en una Orden final, se determine que dicha acción u omisión constituyó fraude intencional conducta dolosa.

(e) Las Partes de la ARD: Cada una de la ARD y las Partes de la ARD, desde la Fecha de Petición de la ACT hasta e incluyendo la Fecha de vigencia de la ACT y cada uno de los respectivos representantes y cesionarios respectivos de las Partes de la ARD (individualmente en su calidad de tal y de otra manera), y sus respectivos asesores financieros, abogados, contadores, consultores, agentes y profesionales, u otros representantes, cada uno actuando en tal capacidad, no tendrán ni incurrirán en ninguna responsabilidad ante cualquier Entidad por cualquier acto u omisión en relación con, o que surja de, la presentación, formulación, negociación, preparación, difusión, implementación, confirmación o aprobación

---

del Plan de la ACT o cualquier transacción o conciliación contenido en estas, la Declaración de Divulgación, la Estipulación de la ARD, o cualquier contrato, instrumento, descargo u otro acuerdo o documento dispuesto o contemplado en relación con el perfeccionamiento de las transacciones estipuladas en el Plan de la ACT; siempre en el bien entendido de que las disposiciones anteriores de esta Sección 41.7 (e) no afectarán la responsabilidad de cualquier Entidad que resultaría de otra manera de dicho acto u omisión en la medida en que se concluye mediante una Orden final que constituyeron fraude o conducta dolosa.

**Sección 41.8 — Litigio relacionado con las designaciones:**

No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT, en el caso de que se dictase una Orden final en relación con la litigios relacionado con los designaciones o el Litigio de uniformidad con posterioridad a la emisión de la Orden de confirmación de la ACT, como contrapartida por las distribuciones efectuadas, que vayan a efectuarse o que se consideraran efectuadas de conformidad con los términos y disposiciones del Plan de la ACT y los documentos o instrumentos relacionados con el mismo, todos los Acreedores o las demás Entidades que reciban, o se considere que hayan recibido, distribuciones de conformidad con, o como resultado de, el Plan de la ACT, consienten y aceptan que dicha Orden final no revertirá, afectará ni modificará de ningún otro modo tales transacciones contempladas en el Plan de la ACT y en la Orden de confirmación de la ACT; lo cual incluye, entre otros, los descargos, exoneraciones e interdictos previstos en el Artículo XLI del Plan de la ACT; siempre en el bien entendido de que, en la medida en que una parte demandante del Litigio relacionado con las designaciones o del Litio de uniformidad sea parte del Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de ACT/ADCC, el Acuerdo de Apoyo al Plan de la AFI o la Estipulación de SRE, en un plazo de cinco (5) días laborables desde la Fecha de vigencia del Plan de la ACT, dicho demandante adoptará todas y cada una de las medidas necesarias para que se desestimen, sin perjuicio —o, en el caso de que hubiera otros demandantes que fuesen partes de dichos litigios para, sin perjuicio, retirarse— de dichos Litigios relacionados con designaciones o Litigios de uniformidad, según proceda, incluyendo, entre otros, cursando notificaciones de desestimación o retirada a la Secretaría del Tribunal competente.

**Sección 41.9 — Orden de prohibición:**

Dentro de los límites que se estipulan en el Plan de la ACT, a todas y cada una de las Entidades se les impide, prohíbe y restringe de manera permanente, instituir, emprender, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza, tanto en derecho como en equidad, conocidos o desconocidos, directos o indirectos y tanto alegados como no, contra cualquiera de las Partes exoneradas, sobre la base de, relacionados con o derivados de o en relación con las Reclamaciones exoneradas, aunque siempre en el bien entendido y perfeccionamiento del Plan de la ACT, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan de ACT/ADCC o cualquier Reclamación, actuación, hecho, transacción, incidencia, declaración u omisión en relación con, o alegada o que pudiera alegarse, en los Casos de Título III, lo cual incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad o causa de acción a efectos de indemnización, contribución u otro fundamento de cualquier tipo, en derecho o en equidad, por daños y perjuicios, costos o honorarios derivados directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de alguna otra manera, sea directa o indirectamente por cualquier Persona para beneficio directo o indirecto de cualquier Parte exonerada, derivada de, o relacionada con, las reclamaciones, hechos, transacciones, incidencias, declaraciones u omisiones que sean o pudieran hacerse alegados en las acciones relacionadas o cualquier otra acción iniciada, o que pudiera iniciarse por, a través de, en nombre de, o en beneficio de cualquiera de las Partes exoneradas (tanto de conformidad con leyes territoriales contra arbitrios o indemnizaciones, conforme al derecho consuetudinario, o de otro modo, todas las cuales se aleguen).

**Sección 41.11 — Interdicto complementario:**

No obstante lo dispuesto en sentido contrario en el Plan de la ACT, y salvo dentro de los límites que se estipulan en el Plan de la ACT, todas las Entidades, incluidas las Entidades que actúen en su propio nombre, que actualmente mantengan o aleguen, o hayan mantenido o alegado, o pudieran mantener o alegar, cualquier Reclamación exonerada en contra de cualquiera de las Partes exoneradas basadas en, atribuibles a, derivadas de o relacionadas con, los Casos del Título III o cualquier Reclamación contra el Deudor, sea y dondequiera que se planteen —aunque tanto en EE. UU. como en cualquier otra parte del mundo, contractual o extracontractualmente, en virtud de alguna garantía, ley o cualquier otra teoría en derecho o en derecho y equidad, o de cualquier otra índole— estarán permanentemente paralizadas, restringidas y prohibida de iniciar cualquier acción contra cualquiera de las Partes exoneradas a efectos de cobrar, recobrar o percibir, directa o indirectamente, cualquier pago o recobro con respecto a cualquier Reclamación exonerada que se planteara con anterioridad a la Fecha de vigencia de la ACT (incluso con anterioridad a la Fecha de petición de la ACT), incluyendo, entre otros:

(a) Iniciar o continuar de cualquier manera, actuaciones u otros procedimientos de toda índole con respecto a dichas Reclamaciones exoneradas contra cualquiera de las Partes exoneradas o los activos o bienes de cualquiera de ellas;

(b) Ejecutar, incautar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes exoneradas, sus activos o bienes de estas, en relación a dichas Reclamaciones exoneradas;

(c) Establecer, perfeccionar o ejercer por otras vía toda índole contra cualquiera de las Partes exoneradas, sus activos o bienes, con respecto a dichas Reclamaciones exoneradas;

(d) Salvo que se estipule expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, alegar, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recobro de cualquier tipo contra cualquier obligación estipulada a cualquiera de las Partes exoneradas, sus activos o bienes, vinculados con dichas Reclamaciones exoneradas; y

(e) Emprender cualquier actuación, de la manera que fuere y en cualquier lugar, que no se ajuste al, o cumpla con las disposiciones del, Plan de la ACT o la Orden de confirmación de la ACT, en el bien entendido de que el hecho de que el Tribunal cumpla con los requisitos formales de la Regla de Quiebras 3016 no constituye una aceptación de que el Plan de la ACT contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 21 de julio de 2022, San Juan, Puerto Rico

Presentado respetuosamente, /s/ Brian S. Rosen, Martin J. Bienenstock (admitido pro hac vice), Brian S. Rosen (admitido pro hac vice), PROSKAUER ROSE LLP, Eleven Times Square, Nueva York, NY 10036, Abogados de la Junta de Supervisión y Administración Financiera para representante del Deudor -and- /s/ Hermann D. Bauer, Hermann D. Bauer, Esq., USDC Núm. 215205, O'NEILL & BORGES LLC, 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, Coabogados de la Junta de Supervisión y Administración Financiera para representante del Deudor

Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra núm. 17-BK-3283-LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra núm. 17-BK-3284-LTS) (Caso de quiebra núm. 17-BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra núm. 17-BK-3567-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra núm. 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra núm. 17-BK-4780-LTS) (Caso de quiebra núm. 17-BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra núm. 19-BK-5523-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

1    El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

2    Todos los términos en mayúsculas utilizados pero no definidos de otro modo tendrán los significados atribuidos a los mismos en el Plan.

3    El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

971-111448-1

# Exhibit U

*El Nuevo Dia*

<u>**(July 20, 2022)**</u>

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

## AVISO PUBLICO

**NOTIFICACION DE (1) LA APROBACION DE LA DECLARACION DE DIVULGACION, (11) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO (III) LA VISTA DE CONFIRMACION DE PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECION A LA CONFIRMACION DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LIMITE DE VOTACION SOBRE EL PLAN DE AJUSTE Y LA CELEBRACION DE DETERMINADAS ELECCIONES DENTRO SU MARCO**

## AFIDAVIT

Yo, Elba Elisa Llanos Rodríguez, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "EL NUEVO DIA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**20 DE JULIO DE 2022**

se dio publicidad al edicto expedido por

**KROLL RESTRUCTURING ADMINISTRATION LLC**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. _____ 20__ .

Afidávit No. _____92222_____ del Registro.

Jurado y reconocido ante mi por Elba Elisa Llanos Rodríguez, vecina de Bayamón, mayor de edad, casada, Representante del periódico "EL NUEVO DIA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. _____ 20__ .

NOTARIO



Case 17-03283-LTS Doc#:15427-4 Filed:12/14/20 Entered:12/14/20 09:14:54 Desc: Debtors Docket Part 2 of 2 Page 40 of 54

**Aviso Público (página 1 de 2)**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros, Deudores.

PROMESA
Título II
Núm. 17 BK 3283-LTS
(Administrado de manera conjunta)

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de la AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, Deudor.

PROMESA
Título III
Núm. 17 BK 3567-LTS

### NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y PLAZO LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO

Si tiene usted derecho de voto o a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se define a continuación) por separado en una fecha futura.

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**
**FECHA LÍMITE PARA OBJECIONES: 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**
**VISTA DE CONFIRMACIÓN: 17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**
Consulte los detalles adicionales a continuación.

Para cualquier consulta relativa a esta notificación, sírvase ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll") a través del teléfono (844) 822-9231 (gratuito para EE.UU. y Puerto Rico), o bien (646) 486-7944 (para llamadas internacionales). El horario de atención es desde las 10:00 a.m. hasta las 7:00 p.m. (hora estándar del Atlántico (disponible en español), o bien al correo electrónico puertoricoinfo@primeclerk.com.

### SÍRVASE TOMAR NOTA DE LO SIGUIENTE:

1. **Aprobación de la Declaración de divulgación.** Mediante la orden de fecha 22 de junio de 2022 (la "Orden de la Declaración de divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó como adecuada la información contenida en la Declaración de divulgación de la Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico, de fecha 17 de junio de 2022 según pueda ser modificada o enmendada, incluyendo todos los anexos y documentación adjuntos a la misma, la "Declaración de divulgación"), registrada por la Junta de Supervisión y Administración Financiera de Puerto Rico (por conducto o a través de sus asesores legales o asesores en relación a esta), a solicitar votos con respecto a la aceptación o rechazo de la Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico, de fecha 17 de junio de 2022 (según la misma pueda ser enmendada o modificada, incluyendo todos los anexos y complementos de la misma, el "Plan"), adjunta como Anexo A la Declaración de divulgación.

Podrá solicitar una copia impresa del Plan y de la Declaración de divulgación, incluyendo sus correspondientes traducciones al español, dirigiéndose por escrito al agente de convocatoria, Kroll Restructuring Administration LLC (anteriormente denominado Prime Clerk LLC):

Teléfono (de 10:00 a.m. a 7:00 p.m. (AST)) (disponible en español):
(844) 822-9231 (gratuito en EE.UU. y Puerto Rico)
(646) 486-7944 (para llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com

Alternativamente, puede acceder a las copias electrónicas de la Declaración de divulgación y del Plan visitando el sitio https://cases.primeclerk.com/puertorico.

2. De conformidad con la Orden de la Declaración de divulgación, el Deudor enviará los materiales necesarios para votar por la aceptación o rechazo del Plan, o para elegir opciones en materia de las distribuciones propuestas (un "Paquete de convocatoria") a los titulares de Reclamaciones de las siguientes Clases (denominadas colectivamente "Clase con derecho a voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos 68 de la ACT | Clase 1 |
| Reclamaciones de Bonos 68 de la ACT (Ambac) | Clase 2 |
| Reclamaciones de Bonos 68 de la ACT (Assured) | Clase 3 |
| Reclamaciones de Bonos 68 de la ACT (National) | Clase 4 |
| Reclamaciones de Bonos Generales 98 de la ACT | Clase 5 |
| Reclamaciones de Bonos 98 de la ACT (Ambac) | Clase 6 |
| Reclamaciones de Bonos 98 de la ACT (Assured) | Clase 7 |
| Reclamaciones de Bonos 98 de la ACT (National) | Clase 8 |
| Reclamaciones de Bonos subordinados 98 de la ACT | Clase 9 |
| Reclamaciones de Bonos subordinados 68 de la ACT (Assured) | Clase 10 |
| Reclamaciones de Bonos subordinados 68 de la ACT (FGIC) | Clase 11 |
| Reclamaciones de Bonos subordinados 68 de la ACT (National) | Clase 12 |
| Reclamaciones de Dominio eminente/Expropiación Inversa contra la ACT | Clase 13 |
| Reclamaciones generales no garantizadas de la ACT | Clase 14 |
| Reclamaciones de la ACT/BGF | Clase 15 |
| Reclamaciones Generales | Clase 20 |

3. **Vista de confirmación.** Una vista para considerar la confirmación del Plan (la "Vista de confirmación") se celebrará ante la Honorable Laura Taylor Swain, del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, PR 00918-1767 o según se determine en virtud de una orden del Tribunal, el **17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de confirmación podrá ser continuada periódicamente por la Junta de Supervisión, sin necesidad de notificaciones adicionales a ninterna... [texto ilegible]

5. **Depositario de confirmación del Plan.** La información relativa a la confirmación del Plan está disponible en línea en el sitio del Depositario de Confirmación del Plan, title1plandataroom.com.

6. **Fecha límite para objeciones a la confirmación.** El Tribunal ha establecido las **5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022** ("Fecha límite de objeción a la confirmación")...

7. **Objeciones y respuestas a la confirmación.** Las objeciones y respuestas a la confirmación del Plan deberán:
   a. Presentarse por escrito, en inglés, y estar firmadas;
   b. Indicar el nombre, domicilio y naturaleza de la Reclamación...
   c. Indicar específicamente el fundamento jurídico de la objeción o respuesta...
   d. Presentarse electrónicamente ante el Tribunal en los expedientes de (i) En el asunto de la Autoridad de Carreteras y Transportación de Puerto Rico, Caso núm. 17 BK 3567-LTS, (ii) En el asunto del Estado Libre Asociado de Puerto Rico, Caso núm. 17 BK 3283-LTS...

Si no se puede presentar electrónicamente ante el Tribunal, se podrá presentar la objeción por correo postal a la oficina de la Secretaría del Tribunal, **como tarde el 27 de julio de 2022**:

Tribunal de Distrito de Estados Unidos, Secretaría
150 Avenida Carlos Chardón, Suite 150,
San Juan, PR 00918-1767

para que sea recibida **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**.

---

e. Cursarla a la Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, Calle Tanca 500, Suite 301, San Juan, PR 00901 (ref. En el asunto de: Autoridad de Carreteras y Transportación de Puerto Rico) para que sea recibida como más tardar en la Fecha límite de objeción a la confirmación.

8. **Sometidos y fecha límite de confirmación e indagatoria.** El Tribunal ha establecido los siguientes fechas y plazos límite para indagatorias, que serán aplicables al Deudor y a otras partes interesadas:

### Resumen de fechas límite

| Fecha | Descripción |
|---|---|
| 1 de julio de 2022 | Fecha límite para que las Partes registren una lista de testigos de hechos, distinguiendo los temas acerca de los cuales testificará cada uno de ellos (las "Lista de testigos de hecho"). Fecha límite para que las partes registren las declaraciones iniciales de peritos. ("Declaraciones iniciales de peritos"), si las hubiere. |
| 8 de julio de 2022 | Fecha límite para que las Partes cursen solicitudes de presentación de documentos que no estén bajo custodia del Depositario (las "Solicitudes de presentación"). Las respuestas y objeciones a las citadas Solicitudes de presentación podrán cursarse dentro de un plazo de siete (7) días desde la recepción de dichas Solicitudes. Las Partes podrán cursar hasta una ronda adicional de Solicitudes de presentación, siempre y cuando se haga en o antes del 1 de julio de 2022. |
| 12 de julio de 2022 | Fecha límite para que las Partes cursen hasta quince (15) interrogatorios ("Interrogatorios"), incluyendo las subpartes. Las respuestas y objeciones a las citadas interrogatorios podrán cursarse dentro de un plazo de diez (10) días desde la recepción de dichos interrogatorios. Fecha límite para que las partes registren los informes periciales iniciales ("Informes periciales iniciales"), si los hubiese. Si se presenta algún Informe pericial inicial, las refutaciones a las divulgaciones de expertos deberán presentarse en un plazo de diez (10) días desde dicha presentación, y las respuestas a dichas refutaciones se presentarán cinco (5) días después de las divulgaciones. |
| 18 de julio de 2022 | Fecha límite para que las partes cursen solicitudes de admisión, limitados a la autorización de documentos ("Solicitudes de Admisión"). Las respuestas y objeciones a las citadas Solicitudes de Admisión podrán cursarse dentro de un plazo de cuatro (4) días después desde la recepción de dichas Solicitudes de Admisión. |
| 20 de julio de 2022 | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| 20 de julio de 2022 | Fecha límite para que el Deudor registre y la propuesta de confirmación ("Propuesta de Orden de confirmación"). |
| 25 de julio de 2022 | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |
| 27 de julio de 2022 | Fecha límite para que las partes presenten mociones Daubert y mociones in limine. Fecha límite para: "Objeciones a la confirmación del Plan ("Objeciones"). Objeciones a la Propuesta de Orden de confirmación. Fecha límite para objetar la Fecha límite de votación. Fecha límite para que las partes registren las listas de testigos, las listas de pruebas y sus designaciones de declaraciones juradas utilizadas. |
| 29 de julio de 2022 | Fecha límite para que las partes presenten oposiciones a las mociones Daubert y mociones in limine. |
| 1 de agosto de 2022 | Fecha límite para que las partes presenten (a) objeciones a las listas de pruebas y designaciones de declaraciones juradas y (b) designaciones opuestas. |
| 3 de agosto de 2022 | Fecha límite para que las partes presenten sus respuestas en apoyo de las mociones Daubert y las mociones in limine. |
| 4 de agosto de 2022 | Fecha límite para que las Partes presenten objeciones a las designaciones opuestas. |
| 7 de agosto de 2022 | Fecha límite para que el Deudor presente: Memorando de ley en apoyo de la confirmación. Réplicas generales a las objeciones a la confirmación y a la propuesta de orden de confirmación. Declaraciones de testigos y recuento de votos. Antecedentes de hecho y conclusiones de derecho. Fecha límite para que las Partes registren posiciones en apoyo de declaraciones de testigos. |
| 8 de agosto de 2022 | Conferencia virtual previa al juicio. |
| 15 de agosto de 2022 | Fecha límite para que las Partes presenten objeciones a los Antecedentes de hecho y conclusiones de derecho. |
| 17-18 de agosto de 2022 | Vista de confirmación. |

9. **Fecha registro de votación.** La fecha de registro de votación será el **17 de junio de 2022** (la "Fecha de registro de votación"), con cual la fecha para determinar cuáles titulares de Reclamaciones de las Clases con derecho a voto tendrán derecho a votar para aceptar o rechazar el Plan o a elegir una opción con respecto al Plan o con Clase con derecho a votar por el Plan como mantenga Reclamaciones contra el Deudor sobre las Clases de bonos de la ACT no afecte a la fecha de registro de votación.

10. **Fecha límite de votación.** La fecha límite para votar a favor o en contra del Plan es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que dicho plazo sea debidamente prorrogado (la "Fecha límite de votación"). Usted no está obligado a votar a favor o en contra del Plan para presentar objeciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal, siempre y cuando el Plan prevea una Reclamación permitida.

11. Si recibió un Paquete de convocatoria, incluyendo una Papeleta o Notificación, y tiene previsto ejercer su voto sobre el Plan, deberá (a) seguir estrictamente a las instrucciones; (b) cumplimentar todos los datos requeridos en la Papeleta (según proceda); y (c) si está dispuesto y decide a ejercer y devolver la Papeleta cumplimentada de conformidad con las instrucciones de votación indicadas en la Papeleta de convocatoria, de modo que su Papeleta sea **efectivamente recibida** por el Agente de convocatoria del Deudor, Kroll Restructuring Administration LLC ("Kroll"), el "Agente de votación" (como más tardar en la Fecha límite de votación, o bien (si cumple con las instrucciones intermediarias o persona designada) como más tardar en la "Persona designada" que corresponda...

12. **Fecha límite de elección.** La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen la elección es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**...

13. **Partes interesadas sin derecho a voto.** Se considera que los acreedores de las Clase 18 (Reclamaciones subordinadas de la Sección 510(b)) rechazan el Plan, por lo cual no tienen derecho de voto.

14. Se considera que los siguientes Clases aceptan el Plan, por lo cual no tienen derecho de votar:
   - Clase 14 (Reclamaciones de la ACT)
   - Clase 19 (Reclamaciones de convivencia).

15. Si las Reclamaciones está incluida en la Lista de convivencia del Deudor (Registro en el expediente judicial núm. 2161 en el Caso núm. 17-3283) como permitidos, no liquidados o impugnados, o (ii) no se registró una evidencia de reclamación en la fecha límite antes para la presentación de prueba de reclamación establecida por el Tribunal en la Fecha de registro de votación (según proceda); o (iii) considerada debidamente registrada por orden del Tribunal antes de la Fecha límite de votación, dicha Reclamación no tendrá derecho a votar por la aceptación o el rechazo del Plan. Tampoco las pruebas de reclamación presentados por $0.00 en aquellas determinadas por orden del Tribunal tendrán derecho de voto.

(continúa en la página siguiente)

pressreader — PRINTED AND DISTRIBUTED BY PRESSREADER
PressReader.com +1 604 278 4604

*(continúa de la página anterior)*

ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones exoneradas que el Gobierno que esté prohibida por la Sección 41.2 del Plan de la ACT.

(d) Limitación de la SEC. No obstante nada de lo contenido en este sentido contrario en el Plan de la ACT o esta Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar, perjudicar ni retrasar que la SEC inicie o prosiga reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación del Estado Unido. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT y en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que Estados Unidos o cualquiera de sus organismos, departamentos o agentes eximan de algún modo al Deudor o a la ACT reorganizada, según proceda, de cumplir las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados para la protección de la salud, la seguridad y el medio ambiente de personas de dicho territorio, (ii) ampliar el ámbito de cualquier exoneración, exención o recurso a las costas del Deudor o la ACT reorganizada según los derechos de conformidad con el Título III, ni (iii) eximen, libere, impidan o prohíban de alguna manera la ACT...

[El resto del texto de esta columna consiste en párrafos legales en español extremadamente densos y de difícil lectura por la baja resolución de la imagen.]

### Sección 41.6 — Interdictos relacionados con descargas.

A la Fecha de vigencia de la ACT, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación exonerada considerada como tal de conformidad con la Sección 41.2 del Plan de la ACT, quedan guardarán de manera permanente, completamente y para siempre, suspendidas, restringidas, prohibidas, vetadas y desestimadas para llevar a cabo cualquiera de las siguientes acciones, tanto directa como indirectamente, de forma derivada o de otra manera, por cuenta de, o fundamentándose en, el asunto de dichas Reclamaciones exoneradas...

### Sección 41.7 — Exculpación:

(a) Partes del Gobierno: La Junta de Supervisión, la AAFAF, el Deudor y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su calidad de tales en cualquier momento hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT...

### Sección 41.8 — Litigio relacionado con las designaciones.

No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT, en caso de que se declare una Orden final en relación con el Litigio relacionado con las designaciones o el Litigio de uniformidad con posterioridad a la emisión de la Orden de confirmación de la ACT, como contrapartida por las distribuciones efectuadas, que vayan a efectuarse o que se consideraran efectuadas de conformidad con los términos y disposiciones del Plan de la ACT y los documentos e instrumentos relacionados con el mismo, todos los Acreedores a las demás Entidades que reciban, o se consideran que hayan recibido, distribuciones de conformidad con, o como resultado de, el Plan de la ACT...

### Sección 41.9 — Orden de prohibición.

Dentro de los límites que se estipulan en el Plan de la ACT, a todas y cada una de las Entidades se les impide, prohíbe y restringe de manera permanente, total, inmutable, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza, tanto en derecho como en equidad, conocidas o desconocidas, directos o indirectos y tanto de manera seria, no, contra cualquiera de las Partes exoneradas, sobre la base de, relacionadas con o derivadas de o en relación con cualquiera de las Reclamaciones exoneradas...

Fecha: 23 de julio de 2022, San Juan, Puerto Rico

Presentado respetuosamente, /s/ Brian S. Rosen Martin J. Bienenstock (admitido pro hac vice), Brian S. Rosen (admitido pro hac vice), PROSKAUER ROSE LLP, Eleven Times Square, Nueva York, NY 10036, Abogados de la Junta de Supervisión y Administración Financiera como representante del Deudor –and– /s/ Hermann D. Bauer Hermann D. Bauer, Esq., USDC Núm. 215205, O'NEILL & BORGES LLC, 250 Avenida Muñoz Rivera, Suite 800, San Juan, PR 00918-1813, Abogados de la Junta de Supervisión y Administración Financiera como representante del Deudor

pressreader  PRINTED AND DISTRIBUTED BY PRESSREADER  PressReader.com +1 604 278 4604  COPYRIGHT AND PROTECTED BY APPLICABLE LAW

# Exhibit V

*El Vocero de Puerto Rico*

## (July 20, 2022)




**AFIDAVIT**
**AVISO PÚBLICO**

NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL
ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL
PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE
AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE
AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

| PROMESA | PROMESA |
|---|---|
| Título III | Título III |
| Núm. 17 BK 3283-LTS | Núm. 17 BK 3567-LTS |

Yo, Yadhira Vargas Pérez habiendo prestado el juramento debido, declaro lo siguiente:
Que soy Junior Accountant de Publi-Inversiones para el periódico El Vocero de Puerto Rico el
cual se pública en San Juan Puerto Rico y que en las ediciones de este mismo diario
correspondientes a los siguientes días:

**20 de julio de 2022**

Se dio publicidad al aviso expedido por el peticionario: **Estado Libre Asociado de Puerto
Rico.**

Sobre el asunto arriba mencionado, y copia del cual se une al presente affidavit para que forme
parte del mismo.

San Juan, Puerto Rico, a _____ AUG - 2 2022 _____

_____ Yadhira Vargas Pérez _____
Departamento de Finanzas

Affidavit Núm. _____ del Registro

Jurado y reconocido ante mí por Yadhira Vargas Pérez, mayor de edad, soltera, vecina de
Carolina y Junior Accountant del Departamento de Finanzas de Publi-Inversiones para el
periódico El Vocero de Puerto Rico, de esta vecindad, a quien doy fe de conocer personalmente.

San Juan, Puerto Rico, a _____ AUG - 2 2022 _____

_____ NOTARIO PUBLICO _____

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,<br>Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado de manera conjunta) |
| En el asunto de:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>Núm. 17 BK 3567-LTS |

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

**Si tiene usted derecho de voto o a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se define a continuación) por separado en una fecha futura.**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**

**FECHA LÍMITE PARA OBJECIONES: 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022**

**VISTA DE CONFIRMACIÓN: 17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**

**Consulte fechas límites adicionales más adelante.**

Para cualquier consulta relativa a esta notificación, sírvase ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll")[2] a través del teléfono (844) 822-9231 (gratuito para EE.UU. y Puerto Rico), o bien al (646) 486-7944 (para llamadas internacionales). El horario de atención es desde las 10:00 a.m. hasta las 7:00 p.m. (hora estándar del Atlántico (disponible en español), o bien al correo electrónico puertoricoinfo@primeclerk.com.

**SÍRVASE TOMAR NOTA DE LO SIGUIENTE:**

1. ***Aprobación de la Declaración de divulgación.*** Mediante la orden de fecha 22 de junio de 2022 (la "Orden de Declaración de divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó como adecuada la información contenida en la *Declaración de divulgación de la Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según pueda ser modificada o enmendada, incluyendo todos los anexos y documentación adjuntos a la misma, la "Declaración de divulgación"), registrada por la Junta de Supervisión y Administración Financiera de Puerto Rico, que autoriza al Deudor a solicitar votos con respecto a la aprobación o rechazo de la *Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según la misma pueda ser enmendada o modificada, incluyendo todos los anexos y complementos de la misma, el "Plan"),[3] adjunta como **Anexo A** a la Declaración de divulgación.

**Podrá solicitar una copia impresa del Plan y de la Declaración de divulgación, incluyendo sus correspondientes traducciones al español, al Agente de votación, Kroll Restructuring Administration LLC (anteriormente denominado Prime Clerk LLC):**
**Teléfono (de 10:00 a.m. a 7:00 p.m. (AST)) (disponible en español):**
**(844) 822-9231 (gratuito en EE.UU. y Puerto Rico)**
**(646) 486-7944 (para llamadas internacionales)**
**Correo electrónico: puertoricoinfo@primeclerk.com**
Alternativamente, puede acceder a las copias electrónicas de la Declaración de divulgación y del Plan visitando el sitio https://cases.primeclerk.com/puertorico/.

2. De conformidad con la Orden de la Declaración de divulgación, el Deudor enviará los materiales necesarios para votar por la aceptación o rechazo del Plan, o para elegir opciones en materia de las distribuciones propuestas (el "Paquete de convocatoria") a los titulares de Reclamaciones de las siguientes Clases (denominadas colectivamente "Clases con derecho a voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos 68 de la ACT | Clase 1 |
| Reclamaciones de Bonos 68 de la ACT (Ambac) | Clase 2 |
| Reclamaciones de Bonos 68 de la ACT (Assured) | Clase 3 |
| Reclamaciones de Bonos 68 de la ACT (National) | Clase 4 |
| Reclamaciones de Bonos Senior 98 de la ACT | Clase 5 |
| Reclamaciones de Bonos Senior 98 de la ACT (Ambac) | Clase 6 |
| Reclamaciones de Bonos Senior 98 de la ACT (Assured) | Clase 7 |
| Reclamaciones de Bonos Senior 98 de la ACT (FGIC) | Clase 8 |
| Reclamaciones de Bonos Senior 98 de la ACT (National) | Clase 9 |
| Reclamaciones de Bonos subordinados 98 de la ACT | Clase 10 |
| Reclamaciones de Bonos subordinados 98 de la ACT (Assured) | Clase 11 |
| Reclamaciones de Bonos subordinados 98 de la ACT (FGIC) | Clase 12 |
| Reclamaciones de Bonos subordinados 98 de la ACT (National) | Clase 13 |
| Reclamaciones de Dominio eminente/Expropiación forzosa inversa | Clase 15 |
| Reclamaciones generales no garantizadas de la ACT | Clase 16 |
| Reclamaciones de la ACT/BGF | Clase 17 |
| Reclamaciones federales | Clase 20 |

3. ***Vista de confirmación.*** Una vista para considerar la confirmación del Plan (la "Vista de confirmación") se celebrará ante la Honorable Laura Taylor Swain, del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918-1767 (o según se determine en virtud de una orden del Tribunal), el **17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de confirmación podrá ser continuada periódicamente por la Junta de Supervisión, sin necesidad de notificaciones adicionales o mediante los aplazamientos anunciados durante las sesiones, o bien indicados en cualquier notificación de orden del día de asuntos a tratar programado para la vista y presentada ante el Tribunal, y el Plan podrá ser modificado, si fuera necesario, antes, durante o como resultado de la Vista de confirmación, de conformidad con las cláusulas de modificación del Plan y de la Regla local 3016-2, sin necesidad de notificación adicional a las partes interesadas.

5. ***Depositario de Confirmación del Plan***. La información relativa a la confirmación del Plan está disponible en línea en el sitio del Depositario de Confirmación del Plan, titleiiiplandataroom.com.

6. ***Fecha límite para objeciones a la confirmación.*** El Tribunal ha establecido las **5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022** (la "Fecha límite de objeción a la confirmación"), como fecha límite para registrar objeciones o respuestas a la confirmación del Plan propuesto. Las partes que no presenten una objeción al Plan antes de la Fecha límite de objeción a la confirmación tendrán prohibido hacer presentaciones orales antes el Tribunal durante la Vista de confirmación.

7. ***Objeciones y respuestas a la confirmación.*** Las objeciones y respuestas a la confirmación del Plan deberán:

a. Presentarse por escrito, en inglés, y estar firmadas;

b. Indicar el nombre, domicilio y naturaleza de la Reclamación de la parte objetora o replicante;

c. Indicar específicamente el fundamento y naturaleza de cualquier objeción o respuesta, e incluir, si procediera, el texto propuesto para insertar en el Plan, con el objeto de resolver dicha objeción o respuesta;

d. Presentarse electrónicamente ante el Tribunal en los expedientes de (i) *En el asunto de la Autoridad de Carreteras y Transportación de Puerto Rico*, Caso núm. 17 BK 3567-LTS, y (ii) *En el asunto del Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de presentación de casos del tribunal, en formato de documento portátil con función de búsqueda **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**.

i. Si no es usted abogado registrado como usuario en el sistema de presentación de casos del Tribunal, podrá enviar su objeción por correo postal a la oficina de la Secretaría del Tribunal:

Tribunal de Distrito de Estados Unidos, Secretaría
150 Avenida Carlos Chardón, Suite 150,
San Juan, P.R. 00918-1767

para que sea recibida **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**, y

e. Cursarla a la Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, Calle Tanca 500, Suite 301, San Juan, PR 00901 (ref: En el asunto de: Autoridad de Carreteras y Transportación de Puerto Rico), para que sea recibida como más tardar en la Fecha límite de objeción a la confirmación.

8. ***Calendario y fechas límite de confirmación e indagatoria***. El Tribunal ha establecido las siguientes fechas y plazos límite para indagatorias, que serán aplicables al Deudor y a otras partes interesadas:

| Resumen de ciertas fechas límite | |
|---|---|
| **1 de julio de 2022** | Fecha límite para que las Partes registren una lista de testigos de hechos, detallando los temas acerca de los cuales testificará cada uno de ellos (las "Listas de testigos de hecho"). |
| | Fecha límite para que las partes registren las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"), si las hubiera. |
| | Fecha límite para que las Partes cursen solicitudes de presentación de documentos que no estén bajo custodia del Depositario (las "Solicitudes de presentación"). Las respuestas y objeciones a las citadas Solicitudes de presentación podrán cursarse dentro de un plazo de siete (7) días desde la recepción de dichas Solicitudes. Las Partes podrán cursar hasta una ronda adicional de Solicitudes de presentación, siempre y cuando se haga en o antes del 11 de julio de 2022. |
| **8 de julio de 2022** | Fecha límite para que las Partes cursen hasta quince (15) interrogatorios ("Interrogatorios"), incluyendo las subpartes. Las respuestas y objeciones a los citados Interrogatorios podrán cursarse dentro de un plazo de diez (10) días desde la recepción de dichos Interrogatorios. |
| **12 de julio de 2022** | Fecha límite para que las partes registren los informes periciales iniciales ("Informes periciales iniciales"), si los hubiera. Si se presenta algún Informe pericial inicial, las refutaciones a las divulgaciones de expertos deberán presentarse en un plazo de tres (3) días desde dicha presentación, y las respuestas a dichas refutaciones se presentarán cinco (5) días después de las divulgaciones. |
| | Fecha límite para que las partes cursen las notificaciones de declaraciones juradas, temas y horarios solicitados para las mismas ("Notificaciones de declaraciones juradas") (todas las partes están limitadas a un límite de siete (7) horas para declaraciones juradas). |
| **18 de julio de 2022** | Fecha límite para que las Partes cursen solicitudes de admisión, limitadas a la autenticación de documentos ("Solicitudes de Admisión"). Las respuestas y objeciones a las citadas Solicitudes de Admisión podrán cursarse dentro de un plazo de cuatro (4) días laborables desde la recepción de dichas Solicitudes de Admisión. |
| | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| **20 de julio de 2022** | Fecha límite para que el Deudor registre la propuesta de Orden de confirmación (la "Propuesta de Orden de confirmación"). |
| **22 de julio de 2022** | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |
| **25 de julio de 2022** | Fecha límite para que las partes presenten mociones Daubert y mociones *in limine*. |
| **27 de julio de 2022** | Fecha límite para:<br>• Objeciones a la confirmación del Plan ("Objeciones").<br>• Objeciones a la Propuesta de Orden de confirmación. |
| | Fecha límite de votación / Fecha límite de elección |
| | Fecha límite para que las partes registren las listas de testigos, las listas de pruebas y las designaciones de declaraciones juradas definitivas. |
| **29 de julio de 2022** | Fecha límite para que las partes presenten oposiciones a las mociones Daubert y mociones *in limine.* |
| **1 de agosto de 2022** | Fecha límite para que las partes presenten (a) objeciones a las listas de pruebas y designaciones de declaraciones juradas y (b) designaciones opuestas. |
| **3 de agosto de 2022** | Fecha límite para que las partes presenten sus respuestas en apoyo de las mociones Daubert y las mociones *in limine*. |
| **4 de agosto de 2022** | Fecha límite para que las Partes presenten objeciones a las designaciones opuestas. |
| **7 de agosto de 2022** | Fecha límite para que el Deudor presente:<br>• Memorando de ley en apoyo de la confirmación.<br>• Réplicas generales a las objeciones a la confirmación y a la propuesta de orden de confirmación.<br>• Declaraciones de testigos y recuento de votos.<br>• Antecedentes de hecho y conclusiones de derecho. |
| | Fecha límite para que las Partes no deudoras presenten declaraciones de testigos. |
| **8 de agosto de 2022** | Conferencia virtual previa al juicio. |
| **15 de agosto de 2022** | Fecha límite para que las Partes presenten objeciones a los Antecedentes de hecho y conclusiones de derecho. |
| **17-18 de agosto de 2022** | Vista de confirmación |

9. ***Fecha de registro de votación.*** La fecha de registro de votación será el **17 de junio de 2022** (la "Fecha de registro de votación"), que será la fecha para determinar cuáles titulares de Reclamaciones de las Clases con derecho a voto (excepto las Clases de bonos) tienen derecho a votar a favor o en contra del Plan. Por consiguiente, solamente podrán votar a favor o en contra del Plan los acreedores de una Clase con derecho a votar por el Plan que mantenga Reclamaciones contra el Deudor (salvo en las Clases de bonos) a la Fecha de registro de votación.

10. ***Fecha límite de votación.*** La fecha límite para votar a favor o en contra del Plan es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que dicho plazo sea prorrogado (la "Fecha límite de votación"). ***Usted no está obligado a votar a favor o en contra del Plan para percibir distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal, siempre y cuando sea titular de una Reclamación permitida.***

11. Si recibió un Paquete de convocatoria, incluyendo una Papeleta o Notificación, y tiene previsto ejercitar su voto sobre el Plan, ***deberá***: (a) atenerse estrictamente a las instrucciones; (b) cumplimentar ***todos*** los datos requeridos en la Papeleta (según proceda); y (c) o bien (i) ejecutar y devolver la Papeleta cumplimentada de conformidad con las instrucciones de votación incluidas en el Paquete de convocatoria, de modo que su Papeleta sea ***efectivamente recibida*** por el Agente de convocatoria del Deudor, Kroll Restructuring Administration LLC ("Kroll", o el "Agente de votación")[4] como más tardar en la Fecha límite de votación, o bien (ii) ordenar a su intermediario o persona designada (cada uno de ellos, una "Persona designada") que envíe electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") en función de su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha límite de votación. ***El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.***

12. ***Fecha límite de elección***. La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**, salvo si dicho plazo es prorrogado (la "Fecha límite de elección"). Si ha recibido una Notificación con la opción de hacer una elección ***deberá***: (a) atenerse estrictamente a las instrucciones; y (b) cumplimentar ***todos*** los datos requeridos en las instrucciones de elección, de modo que sean efectivamente recibidas por su Persona designada con suficiente antelación para que esta pueda ***ejecutar efectivamente*** su elección a través del sistema ATOP de DTC como más tardar en la Fecha límite de elección.

13. ***Partes interesadas sin derecho al voto.*** Se considera que los acreedores de la Clase 18 (Reclamaciones subordinadas de la Sección 510(b)) rechazan el Plan, por lo cual no tienen derecho de votar.

14. Se considera que las siguientes Clases aceptan el Plan, por lo cual no tienen derecho de votar:

- Clase 14 (Reclamaciones de Bonos Moscoso de la ACT);
- Clase 19 (Reclamaciones de conveniencia).

15. Si una Reclamación está incluida en la Lista de acreedores del Deudor (Registro en el expediente judicial núm. 2163 en el Caso núm. 17-3283) como contingente, no liquidada o impugnada, y (i) no se registró una evidencia de reclamación en la fecha límite aplicable para la presentación de pruebas de reclamación establecida por el Tribunal o en la Fecha de registro de votación (según proceda); o (ii) considerada debidamente registrada por orden del Tribunal antes de la Fecha límite de votación, dicha Reclamación no tendrá derecho a votar por la aceptación o el rechazo del Plan. Tampoco las pruebas de reclamación presentadas por $0.00 o aquellas desestimadas por orden del Tribunal tendrán derecho de voto.

16. Si usted ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación del Deudor, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificarlo al Deudor y a las partes enumeradas en el apartado 16 de la Orden de Declaración de divulgación y registrar en el Tribunal (con copia al Despacho de la juez) una moción (una "Moción conforme a la Regla 3018(a)") para obtener una orden a tenor de la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma provisional su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse como más tardar décimo (10º) día después de una de las siguientes fechas: (i) la notificación de esta Vista de Confirmación y (ii) la notificación de una objeción o solicitud de estimación, si la hubiera, en cuanto a dicha Reclamación, lo que más tarde se produzca. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha límite de votación (**27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)**). Los acreedores podrán ponerse en contacto con el Agente de votación (i) a través de correo postal certificado o de un servicio de mensajería, dirigiéndose al Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (anteriormente conocida como Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) por teléfono llamando al (844) 822-9231 (gratuito en EE.UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales), que atiende de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien (iii) por correo electrónico escribiendo a puertoricoinfo@primeclerk.com, Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya aceptado una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

17. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), encontrará un formulario de la Regla 3018(a) con instrucciones para completar y presentar la moción en https://cases.primeclerk.com/puertorico/.

18. ***Partes que no serán tratadas como Acreedores***. Cualquier titular de una Reclamación que (i) esté incluido en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal a tenor del Código de Quiebras o de cualquier orden del Tribunal, o que se considere presentada a tiempo según la ley aplicable, o bien (ii) no esté programado y no sea objeto de una evidencia de reclamación presentada a tiempo o una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o cualquier orden del Tribunal, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratado como un acreedor con respecto a dicha Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

19. ***Información adicional***. Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de votación, Kroll Restructuring Administration LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@primeclerk.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (https://pacer.uscourts.gov).

20. ***Reglas de Quiebra 2002(c)(3) y 3016(c)).*** **De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:**

**Sección 41.2 – Exoneración y descargo de reclamaciones y causas de acción**:

**(a) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de acción contra el Deudor y la ACT Reorganizada que surgieron, en todo o en parte, antes de la Fecha de vigencia de la ACT, en relación con los Casos del Título III, el Deudor, la ACT reorganizada o cualquiera de sus respectivos Activos, bienes o intereses de toda índole, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de petición de la ACT, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan a causa de dichas Reclamaciones o Causas de acción; teniendo en cuenta, sin embargo, que, no obstante los derechos de exculpación establecidos en la Sección 41.7 del Plan de la ACT, nada de lo contenido en el Plan de la ACT o la Orden de Confirmación de la ACT tiene la intención de ser, ni deberá ser interpretado, como un otorgamiento de una exención no consensuada a terceros de los Acreedores del AAP de la ACT/ADCC y sus respectivas Personas Vinculadas por parte de los Acreedores del Deudor. En la Fecha de Vigencia de la ACT, el Deudor y ACT reorganizada se considerarán exonerados y eximidos de todas y cada un de las Reclamaciones, Causas de acción y cualquier otra deuda generada, total o parcialmente, antes de la Fecha de vigencia de la ACT, y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y en la Sección 407 de la Ley PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o se considere presentada dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se autorice dicha Reclamación conforme a la sección 502 del Código de Quiebras y a la Sección 407 de la Ley PROMESA (o que se resuelva de otro modo), o (c) que el titular de una Reclamación basada en una deuda tal haya votado por aceptar el Plan de la ACT. A efectos de disipar cualquier duda, nada de lo contenido en el Plan de la ACT ni en la Orden de confirmación de la ACT librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEE derivada de, o relacionada con, los bonos emitidos por la AEE, incluyendo, entre otros, los emitidos con los seguros monolínea pertinentes, y la AEE no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEE derivadas de, o relacionadas con, los bonos emitidos por la AEE, así como las exenciones contra la AEE y sus activos, se dirigirán al caso del Título III de la AEE, incluyendo, entre otros, cualquier plan de ajuste pertinente.**

**(b) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra el Deudor y la ACT reorganizada, y cada uno de sus respectivos Activos, bienes y derechos, recursos, Reclamaciones o Causas de Acción o responsabilidades de toda índole, relacionadas con los Casos del Título III, el Deudor y la ACT reorganizada o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de petición de la ACT e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan de la ACT con cargo a dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, recursos, causas de acción o responsabilidades. De conformidad con lo antedicho, salvo que se disponga expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, la Orden de confirmación de la ACT constituirá una determinación judicial, a la Fecha de vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de acción o deuda de, o contra el Deudor y la ACT reorganizada a tenor de las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III conforme a la Sección 301 de la LEY PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra el Deudor y la ACT reorganizada y sus respectivos Activos y bienes en todo momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de vigencia de la ACT, y como contrapartida por el valor aportado en virtud del Plan de la ACT, se considera que cada titular de una Reclamación de cualquier Clase en virtud de este Plan libera, descarga y exonera para siempre, y liberará, descargará y exonerará para siempre, al Deudor y a la ACT reorganizada, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones.**

**(c) No obstante lo estipulado en cualquier otra disposición de la Sección 41.2 del Plan de la ACT, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan ACT/ADCC, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan ACT/ADCC y sus respectivas Personas vinculadas, exclusivamente en su calidad de Acreedores del Deudor, (i) han renunciado a, y pactado no, demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno fundamentándose en, que se deriven de, o estén relacionadas con, las Reclamaciones exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de acción planteadas o que podrían haberse planteado, incluyendo, entre otros, en las Acciones de recuperación (Clawback) y las Mociones de levantamiento de la paralización, y (ii) no ayudarán directa ni**

*(continúa en la página siguiente)*

11 · EL VOCERO DE PUERTO RICO · MIÉRCOLES, 20 DE JULIO DE 2022

*(continúa de la página anterior)*

indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones exoneradas del Gobierno que esté prohibida por la Sección 41.2 del Plan de la ACT.

**(d) Limitación de la SEC.** No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar, perjudicar ni retrasar que la SEC incoe o prosiga reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

**(e) Limitación de Estados Unidos.** No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que Estados Unidos o cualquiera de sus organismos, departamentos o agentes eximan de algún modo al Deudor o a la ACT reorganizada, según proceda, de cumplir las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el medio ambiente de personas de dicho territorio, (ii) impedir el ámbito de cualquier exoneración, exención o recurso a los cuales el Deudor o la ACT reorganizada tengan derechos de conformidad con el Título III, ni (iii) eximan, libren, impidan o prohíban de alguna manera (A) cualquier responsabilidad del Deudor o la ACT reorganizada ante Estados Unidos derivados de, y posteriores a, la Fecha de vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de Estados Unidos, del Deudor o la ACT reorganizada, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de Estados Unidos, del Deudor o la ACT reorganizada, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de Estados Unidos, (E) las obligaciones del Deudor o la ACT reorganizada derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad para con Estados Unidos de parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido en el Plan de la ACT ni en la Orden de confirmación de la ACT podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, estatales fiscal u obligaciones de declaración de cualquier entidad, incluyendo, entre otros, el Deudor y la ACT reorganizada, (iii) una exención, satisfacción, excepción ni prohibición de cualquier reclamación reclamada por el IRS contra cualquier entidad que no sean el Deudor y la ACT reorganizada, y (iv) que aplique ninguna exención a ninguna Entidad que el Tribunal haya prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201 (o) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421 (a).

**(f) Actuaciones de las aseguradoras.** No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT o en la Orden de confirmación de la ACT, incluyendo, entre otros, las Secciones 41.2, 41.3 y 41.11 del Plan de la ACT, salvo que pueda ser impedida a tenor de las cláusulas de la Ley PROMESA, nada de lo contenido en el Plan de la ACT, la Orden de confirmación de la ACT o cualquier otro documento relacionado con el Plan de la ACT o en el Suplemento de la ACT, tiene por objeto, ni podrá interpretarse como dirigido a, perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de los demandantes y demandados, incluyendo, entre otros, las partes de las Acciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensas en dichas Acciones, incluyendo, entre otros, las Reclamaciones, defensas, causas de acción y derechos de compensación o recobro (en la medida en que estuvieran disponibles), o cualesquiera otros derechos de determinación de responsabilidad u otros fundamentos para la reducción de (o acreditación contra) cualquier sentencia relacionada con las Acciones de las aseguradoras (en conjunto, los **"Derechos de defensa"**); aunque siempre en el bien entendido de que, a efectos de disipar cualquier duda, bajo ninguna circunstancia podrá utilizarse alguno de los Derechos de defensa para obtener o consentir el pago afirmativo de dinero o el traspaso afirmativo de bienes a algún demandante, demandado o, en la medida en que proceda, demandado tercero, por parte de la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otra agencia u organismo del mismo, en relación con una Acción de aseguradora, y asimismo siempre y cuando a ninguna de las partes de estas Acciones, incluyendo, entre otros, demandantes, demandados y, si los hubiera, demandados terceros, se le permita incoar: (i) contra el Deudor o la ACT reorganizada, ninguna Reclamación o Causa de acción con el objeto de obtener un derecho monetario afirmativo que, de otro modo, esté excluido o desestimada como consecuencia de las Órdenes de Fecha límite, el Plan de la ACT y/o la Orden de confirmación de la ACT; y/o (ii) contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier organismo o agencia del mismo, cualesquiera Reclamaciones o contrarreclamaciones a efectos de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, relacionadas con el objeto de obtener un recobro monetario afirmativo, Reclamaciones o contrarreclamaciones que serán consideradas desautorizadas, desestimadas, exoneradas o restringidas de conformidad con los términos y disposiciones del Plan de la ACT y la Orden de confirmación de la ACT; entendiéndose asimismo que nada de lo contenido en la Orden de confirmación de la ACT tiene por objeto, ni deberá interpretarse como un intento de, prohibir, excluir, vetar, modificar o limitar en modo alguno la capacidad de cualquier demandante de una Acción de aseguradora de plantear Derechos de defensa para reducir, eliminar o limitar la cuantía de cualquier responsabilidad o sentencias de la Acción de una aseguradora. Las partes de las Acciones de aseguradoras estarán permanentemente excluidas, restringidas, prescritas y limitadas para emprender, incoar o demandar contra el Deudor, la ACT reorganizada, la AEE, el Estado Libre Asociado o cualquier otro organismo o agencia del mismo, Reclamaciones o contrarreclamaciones con el objeto de obtener un recobro monetario afirmativo, incluyendo, entre otros, indemnizaciones, aportaciones, reintegros, compensaciones o teorías similares, relacionadas con el objeto de obtener un recobro monetario afirmativo basado en, derivado de o relacionado con, las Acciones de aseguradoras, tanto si dicha Reclamación o contrarreclamación pueda incoarse como si no ante un tribunal, un arbitraje, una agencia o foro administrativo, o de cualquier otra manera.

**Sección 41.3 – Interdicto sobre las Reclamaciones.**

Salvo que se disponga expresamente lo contrario en el Plan de la ACT, en la Orden de confirmación de la ACT o en cualquier otra Orden final del Tribunal del Título III que pudiere ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 41.2 del Plan de la ACT o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor de la Sección 41.2 del Plan de la ACT tienen permanentemente prohibido, en o a partir de la Fecha de vigencia de la ACT, (a) incoar o continuar, directa o indirectamente, en cualquier modalidad, judicial, administrativo u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, administrativo u otro) de toda índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor de las disposiciones aplicables de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a dichas Reclamaciones o cualquier otra deuda o responsabilidad que se exonere a tenor con el Plan de la ACT, (c) crear, perfeccionar o aplicar gravámenes de toda índole contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan de la ACT; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de la Quiebra, afirmar o hacer valer contra cualquiera de las Partes exoneradas o cualquiera de sus respectivos derechos de compensación, subrogación o recuperación de toda índole con cargo cualquier obligación debida de cualquiera de las Partes exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan de la ACT. Este Interdicto se extenderá a todos los sucesores y cesionarios de las Partes exoneradas y sus respectivos activos y bienes.

**Sección 41.6 – Exoneraciones del Deudor y de la ACT reorganizada:**

Salvo que se disponga expresamente lo contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, en la Fecha de vigencia de la ACT, y a cambio de una contrapartida válida y valiosa, por la presente se considerará que cada uno del Deudor con la ACT reorganizada, el Agente pagador y cada una de las Personas relacionadas del Deudor y la ACT reorganizada, han renunciado, exonerado, absuelto y relevado irrevocable, incondicional, plena y definitivamente, y a perpetuidad, a las Partes exoneradas de todas y cada una de las Reclamaciones o Causas de acción que el Deudor, la ACT reorganizada y el Agente pagador, o cualquiera de ellos o que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamar tener, ahora o en el futuro, contra cualquier Parte exonerada que sean Reclamaciones exoneradas.

**Sección 41.6 – Interdicto relacionado con descargos:**

A la Fecha de vigencia de la ACT, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación exonerada considerada como tal de conformidad con la Sección 41.2 del Plan de la ACT, quedan y quedarán, de manera permanente, completamente y para siempre, suspendidas, restringidas, prohibidas, vetadas y desestimadas de hacer valer cualquiera de las siguientes acciones, tanto directa como indirectamente, de forma derivada o de otra manera, por cuenta de, o fundamentándose en, el asunto de dichas Reclamaciones exoneradas: (i) incoar, emprender o continuar de cualquier modo, tanto directa como indirectamente, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) ejecutar, incautar (lo que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de otro modo recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier otro modo aplicar en cualquier cuestión, directa o indirectamente, cualquier gravamen; (iv) compensar, exigir reintegros, aportaciones o subrogaciones, o recuperar de cualquier otra manera, directa o indirecta, cualquier cuantía en concepto de cualquier pasivo u obligación adeudados a cualquier Entidad exonerada conforme a la Sección 41.2 del Plan de la ACT; e (v) iniciar o continuar de cualquier otro modo y lugar, un procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan de la ACT o de la Orden de confirmación de la ACT. Para evitar dudas, las siguientes estipulaciones se extinguirán en el registro de la Orden de confirmación de la ACT: (i) la Cuarta Estipulación enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la prescripción y Orden de consentimiento [Caso núm. 173283-LTS, ECF núm. 15854] y sus enmiendas, y (ii) y sus enmiendas; y la Cuarta Estipulación enmendada y Orden de consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la prescripción [Caso núm. 17-3283-LTS, ECF núm. 17394] y sus enmiendas.

**Sección 41.7 – Exculpación:**

**(a) Partes del Gobierno:** La Junta de Supervisión, la AAFAF, el Deudor y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su calidad de tales en cualquier momento hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualesquiera transacciones o acuerdos contemplados por, establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7 no afectarán a las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 41.7 menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de vigencia de la ACT inclusive, ni de cada uno de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto a sus deberes y responsabilidades en virtud del Plan de la ACT.

**(b) Acreedores del AAP de ACT/ADCC:** Cada uno de los Acreedores del AAP de ACT/ADCC, actuando exclusivamente en su calidad de tales como parte del Acuerdo de Apoyo al Plan de ACT/ADCC y un Acreedor y/o Asegurador, según proceda, desde la Fecha de petición de la ACT y hasta la Fecha de vigencia de la ACT, inclusive, no tendrán ni incurrirán en responsabilidad legal alguna de cara a cualquier Entidad por acciones u omisiones en relación con los Casos del Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT o de cualesquiera transacciones o acuerdos allí contenidos, la Declaración de divulgación, el Acuerdo de Apoyo al Plan de ACT/ADCC, los Documentos definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que las disposiciones precedentes de la presente Sección 41.7 (b) no afectarán a las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dicha acción u omisión en la medida en que se determine en una Orden final que dicha acción u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 41.7 (b) menoscabará el derecho de ninguno de los Acreedores del AAP de ACT/ADCC, ni de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto a sus deberes y responsabilidades en virtud del Plan de la ACT.

**(c) Aseguradoras Monolínea:** Ambac, Assured, FGIC, National y sus respectivas Personas relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por acciones u omisiones compatibles con el Plan de la ACT o en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan de la ACT, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos asegurados por Ambac, las Reclamaciones de Bonos asegurados por Assured, las Reclamaciones de Bonos asegurados por FGIC o las Pólizas de seguro de National correspondientes, siempre en el bien entendido de que, no obstante cualquier otra disposición en sentido contrario aquí contenida, los términos y condiciones del Plan de la ACT no relevarán ni exculparán, ni se entenderá que relevan o exculpan cualesquiera obligaciones de pago —a tenor de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC o la Póliza de Seguro de National— a cualquier titular usufructuario de Bonos asegurados por Ambac, Bonos asegurados por Assured, Bonos asegurados por FGIC, según proceda, de conformidad exclusivamente con sus términos, en la medida en que dicho titular no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC o el Tratamiento de National, según corresponda (o cualesquiera reclamaciones que Ambac, Assured, FGIC o National pudieran plantear contra un titular usufructuario de sus bonos respectivamente asegurados en relación con las obligaciones asumidas por Ambac, Assured, FGIC o National en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC o las Pólizas de Seguro de National, respectivamente).

**(d) Comité de Acreedores:** Cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembros del Comité de Acreedores, desde la Fecha de petición de la ACT hasta la Fecha de vigencia de la ACT, inclusive, y cada una de las Personas relacionadas del Comité de Acreedores, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por acciones u omisiones relacionadas con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan de la ACT de cualquier compromiso o acuerdo contenido en este documento, la Declaración de divulgación de la ACT o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan de la ACT; aunque siempre en el bien entendido de que, no obstante la exculpación precedente, en caso de que se compruebe contra un miembro del Comité de Acreedores un litigio vinculado con las acciones precedentes, cada miembro tendrá derecho a que se le reintegren honorarios y gastos legales razonables y a que se le indemnice por los daños adjudicados en dicho caso, por la ACT como consecuencia de una Orden final; y asimismo en el bien entendido de que las cláusulas precedentes de esta Sección 41.7(d) no afectarán a la responsabilidad de alguna Entidad que, de otro modo, conforme a la ley o de otro modo, constituiría fraude intencional o conducta dolosa; y una Orden final, se determine que dicha acción u omisión constituyó fraude intencional o conducta dolosa.

**(e) Las Partes de la ARD:** Cada una de la ARD y las Partes de la ARD, desde la Fecha de Petición de la ACT hasta e incluyendo la Fecha de Entrada en Vigencia de la ACT y cada uno de los predecesores, sucesores y cesionarios respectivos de las Partes de la ARD (ya sea de oficio o de otra manera), y sus respectivos asesores financieros, abogados, contadores, consultores, agentes y profesionales, u otros representantes, cada uno actuando exclusivamente en su calidad como tal, no tendrán ni incurrirán en ninguna responsabilidad ante ninguna Entidad por su acción u omisión en el capacidad, no tendrá ni incurrirá en ninguna responsabilidad ante ninguna Entidad por realizado u omitido en relación con el Caso del Título III, mediación, negociación, formación, preparación, diseminación, implementación, confirmación u aprobación del Plan de la ACT o cualquier transacción o conciliación contenido en estas, la Declaración de Divulgación, la Estipulación de la ARD, o cualquier contrato, instrumento, descargo u otro acuerdo o documento dispuesto o contemplado en relación con el perfeccionamiento de las transacciones estipuladas en el Plan de la ACT; siempre en el bien entendido de que las disposiciones anteriores de esta Sección 41.7 (e) no afectarán la responsabilidad de cualquier Entidad que resultaría de otra manera si una Orden final como constituyente de fraude o conducta dolosa.

**Sección 41.8 – Litigio relacionado con las designaciones:**

No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT, en el caso de que se dictase una Orden final en relación con el Litigio relacionado con las designaciones o el Litigio de uniformidad con posterioridad a la emisión de la Orden de confirmación de la ACT, como contrapartida por las distribuciones efectuadas, que vayan a efectuarse o que se considerarán efectuadas de conformidad con los términos y disposiciones del Plan de la ACT y los documentos e instrumentos relacionados con el mismo, todos los Acreedores o las demás Entidades que reciban, o se considere que hayan recibido, distribuciones de conformidad con, o como resultado de, el Plan de la ACT, consienten y aceptan que dicha Orden final no revertirá, afectará ni modificará de ningún otro modo las transacciones contempladas en el Plan de la ACT y en la Orden de confirmación de la ACT, la cual incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XLI del Plan de la ACT; siempre en el bien entendido de que, en la medida en que una parte demandante que, en el marco del Litigio de designaciones o del Litigio de uniformidad sea parte del Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de ACT/ADCC, el Acuerdo de Apoyo al Plan de la AFI o la Estipulación de SRE, en un plazo de cinco (5) días laborables desde la Fecha de vigencia del Plan de la ACT, dicho demandante adoptará todas y cada una de las medidas necesarias para que se desestimen, sin perjuicio —o, en el caso de que hubiera otros demandantes que fuesen partes de dichos litigios para, sin perjuicio, retirarse— de dichos Litigios relacionados con designaciones o Litigios de uniformidad, según proceda, incluyendo, entre otros, cursando notificaciones de desestimación o retirada a la Secretaría del Tribunal competente.

**Sección 41.9 – Orden de prohibición:**

Dentro de los límites que se establezcan en el Plan de la ACT, a todas y cada una de las Entidades se les impide, prohíbe y restringe de manera permanente, instituir, emprender, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, obligaciones, derechos, responsabilidades o causas de acción de cualquier índole, con arreglo o natural del derecho común en equidad, conocidos o desconocidos, directos o indirectos y tanto alegados como si no, contra cualquiera de las Partes exoneradas, sobre la base de, relacionados con o derivados de o en relación con cualquiera de las Reclamaciones exoneradas, la confirmación y perfeccionamiento del Plan de la ACT, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan de ACT/ADCC o cualquier reclamación, acción, hecho, transacción, incidencia, declaración u omisión en relación con, o alegada o que pudiera alegarse, en los Casos de Título III, lo cual incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad o causa de acción a efectos de indemnización, contribución u otro fundamento de este tipo, en derecho o en equidad, por daños y perjuicios, costes u honorarios incurridos por derechos, directa o indirectamente los Casos de Título III o que estén relacionados con ellos de alguna otra manera, sea directa o indirectamente por cualquier Persona para beneficio directo o indirecto de cualquier Parte exonerada, derivada de, relacionado con, las reclamaciones, actuaciones, hechos, transacciones, incidencias, declaraciones u omisiones que son, o podrían o pudieran ser alegados en las acciones relacionadas o cualquier otra acción iniciada, o que pudiere iniciarse por, a través de, en nombre de, o en beneficio de cualquiera de las Partes exoneradas (tanto de conformidad con leyes federales como estatales o extranjeras, e independientemente de dónde se alegue).

**Sección 41.11 – Interdicto complementario:**

No obstante lo dispuesto en sentido contrario en el Plan de la ACT, y salvo dentro de los límites que se estipulan en el Plan de la ACT, todas las Entidades, incluidas las que actúan en algún nombre o representación, tienen absolutamente prohibido en algún modo, a hayan mantenido o adeudado o pudieran mantener y alegar, cualquier reclamación de cara a cualquiera de las Partes exoneradas basadas en, atribuibles a, derivadas de o relacionadas con, los Casos del Título III o cualquier Reclamación contra el Deudor, sea de conformidad como si no, ni con el Título III o esté relacionado con otra reclamación, sea de conformidad con el Título III o esté relacionado con otro cargo. En virtud de alguna garantía, sea de cualquier otra tanto en EE. UU. como en cualquier otra parte del mundo, contractual o extracontractual, si estuvieran, en virtud de alguna garantía, ley o cualquier otro texto en este ente derecho o equitativamente, que esté, permanentemente prohibido para, restringido y prohibido de iniciar cualquier acción contra cualquiera de las Partes exoneradas o dirigida a: (a) iniciar o continuar de cualesquiera maneras, actuaciones u otros procedimientos de toda índole, con respecto a dichas Reclamaciones exoneradas contra cualquiera de las Partes exoneradas o los activos o bienes de cualquiera de ellas; (b) Ejecutar, incautar, cobrar o recaudar de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en relación con cualquiera de las Partes exoneradas, sus activos o bienes, en relación a dichas Reclamaciones exoneradas; (c) Establecer, perfeccionar o ejecutar prendas de toda índole contra cualquiera de las Partes exoneradas o sus respectivos activos o bienes, con respecto a dichas Reclamaciones exoneradas; (d) Salvo que se estipule expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, alegar, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recobro de cualquier tipo contra cualquier obligación adeudada a cualquiera de las Partes exoneradas, sus activos o bienes, vinculados con dichas Reclamaciones exoneradas; y (e) Emprender cualquier actuación, de manera que fuera y en cualquier lugar, que no se ajuste al, o cumpla con las disposiciones del, Plan de la ACT o la Orden de confirmación de la ACT, en el bien entendido de que el hecho de que el Deudor cumpla los requisitos formales de la Regla de Quiebra 3016 no constituye una admisión de que el Plan de la ACT contempla cualquiera de las acciones o conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 23 de junio de 2022, San Juan, Puerto Rico

Presentado respetuosamente, */s/ Brian S. Rosen*, Martin J. Bienenstock (admitido *pro hac vice*), Brian S. Rosen (admitido *pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, Abogados de la *Junta de Supervisión y Administración Financiera como representantes del Deudor* —and— */s/ Hermann D. Bauer* Hermann D. Bauer, Esq., USDC-PR núm. 215100, **O'NEILL & BORGES LLC**, 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera como representantes del Deudor*

[1] Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra núm. 17-BK-3283-LTS) (últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra núm. 17-BK-3284-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra núm. 17-BK-3567-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra núm. 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra núm. 17-BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra núm. 19-BK-5523-LTS) (Caso de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801). (En algunas ocasiones, los números de casos del Título III están enumerados como números de casos de la Quiebra debido a limitaciones del software).

[2] El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

[3] Todos los términos en mayúscula utilizados pero no definidos tendrán los significados atribuidos a los mismos en el Plan.

[4] El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

# Exhibit W

*Primera Hora*

**(July 20, 2022)**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

## AVISO PUBLICO

**NOTIFICACION DE (1) LA APROBACION DE LA DECLARACION DE DIVULGACION, (11) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO (III) LA VISTA DE CONFIRMACION DE PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECION A LA CONFIRMACION DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LIMITE DE VOTACION SOBRE EL PLAN DE AJUSTE Y LA CELEBRACION DE DETERMINADAS ELECCIONES DENTRO SU MARCO**

# AFIDAVIT

Yo, Elba Elisa Llanos Rodríguez, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "PRIMERA HORA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

### 20 DE JULIO DE 2022

se dio publicidad al edicto expedido por

### KROLL RESTRUCTURING ADMINISTRATION LLC

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. _____ 20__.

_____

Afidávit No. _____92223_____ del Registro.

Jurado y reconocido ante mi por Elba Elisa Llanos Rodríguez, vecina de Bayamón, mayor de edad, casada, Representante del periódico "PRIMERA HORA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. _____ 20__.

_____
NOTARIO



Case:17-03283-LTS Doc#:21427-4 Filed:07/01/22 Entered:07/01/22 09:22:25 Desc: Main Document (Part 2 of 2) Page 48 of 54
Debtors' Exhibit (Part 2 of 2) Page 48 of 54

**Aviso Público (página 1 de 2)**

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante del
ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,
Deudores.[1]

PROMESA
Título III
Núm. 17 BK 3283-LTS
(Administrado de manera conjunta)

En el asunto de:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de la
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,
Deudor.

PROMESA
Título III
Núm. 17 BK 3567-LTS

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y FECHAS LÍMITE DE VOTACIÓN SOBRE EL PLAN DE AJUSTE Y LA CELEBRACIÓN DE DETERMINADAS ELECCIONES DENTRO DE SU MARCO**

Si tiene usted derecho de voto o a elegir una opción con respecto a las distribuciones previstas por el Plan, recibirá un Paquete de convocatoria (como se define a continuación) por separado en una fecha futura.
**FECHA LÍMITE DE VOTACIÓN Y FECHAS:**
**FECHA LÍMITE DE VOTACIÓN:** 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022
**FECHA LÍMITE PARA OBJECIONES:** 5:00 p.m. (hora estándar del Atlántico del 27 de julio de 2022
**VISTA DE CONFIRMACIÓN: 17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**
Consulte fechas límites adicionales más adelante

Para cualquier consulta relativa a esta notificación, sírvase ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll")* a través del teléfono (844) 822-9231 (gratuito para EE.UU. y Puerto Rico), o bien al (646) 486-7944 (para llamadas internacionales). El horario de atención es desde las 10:00 a.m. hasta las 7:00 p.m. (hora estándar del Atlántico (disponible en español), o bien al correo electrónico puertoricoinfo@primeclerk.com

**SÍRVASE TOMAR NOTA DE LO SIGUIENTE:**

1. **Aprobación de la Declaración de divulgación.** Mediante la orden de fecha 22 de junio de 2022 (la "Orden de Declaración de divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó como adecuada la información contenida en la *Declaración de divulgación de la Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según pueda ser modificada o reformada, incluyendo todos los anexos y documentación adjuntos a la misma, la "Declaración de divulgación"), registrada por la Junta de Supervisión y Administración Financiera de Puerto Rico, como Deudor al solicitar el voto a favor o solicitar actos con respecto a la aprobación o rechazo de la *Tercera Enmienda al Plan de Ajuste del Título III de la Autoridad de Carreteras y Transportación de Puerto Rico*, de fecha 17 de junio de 2022 (según la misma pueda ser enmendada o modificada, incluyendo todos los anexos y complementos de la misma, el "Plan").[1] adjunta como **Anexo A** a la Declaración de divulgación.

Podrá solicitar una copia impresa del Plan y de la Declaración de divulgación, incluyendo sus correspondientes traducciones al español, al Agente de votación, Kroll Restructuring Administration LLC (anteriormente denominado Prime Clerk LLC):
Teléfono (de 10:00 a.m. a 7:00 p.m. (AST)) (disponible en español):
(844) 822-9231 (gratuito en EE.UU. y Puerto Rico)
(646) 486-7944 (para llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, puede acceder a copias electrónicas de la Declaración de divulgación y del Plan visitando el sitio https://cases.primeclerk.com/puertorico/.

2. De conformidad con la Orden de la Declaración de divulgación, el Deudor enviará los materiales necesarios para votar por la aceptación o rechazo del Plan, a para elegir opciones en torno a tal distribuciones previstas (el "Paquete de convocatoria") a los titulares de Reclamaciones de las siguientes Clases (denominadas colectivamente "Clases con derecho a voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos 68 de la ACT | Clase 1 |
| Reclamaciones de Bonos 68 de la ACT (Ambac) | Clase 2 |
| Reclamaciones de Bonos 68 de la ACT (Assured) | Clase 3 |
| Reclamaciones de Bonos 98 de la ACT (Assured) | Clase 4 |
| Reclamaciones de Bonos Senior 98 de la ACT | Clase 5 |
| Reclamaciones de Bonos Senior 98 de la ACT (Ambac) | Clase 6 |
| Reclamaciones de Bonos Senior 98 de la ACT (Assured) | Clase 7 |
| Reclamaciones de Bonos Senior 98 de la ACT (FGIC) | Clase 8 |
| Reclamaciones de Bonos Senior 98 de la ACT (National) | Clase 9 |
| Reclamaciones de Bonos subordinados 98 de la ACT | Clase 10 |
| Reclamaciones de Bonos subordinados 98 de la ACT (Assured) | Clase 11 |
| Reclamaciones de Bonos subordinados 98 de la ACT (FGIC) | Clase 12 |
| Reclamaciones de Bonos subordinados 98 de la ACT (National) | Clase 13 |
| Reclamaciones de Dominio eminente/Expropiación forzosa inversa | Clase 14 |
| Reclamaciones pensiones no garantizadas de la ACT | Clase 16 |
| Reclamaciones de la ACT/DGF | Clase 17 |
| Reclamaciones Generales | Clase 20 |

3. **Vista de confirmación.** Una vista para considerar la confirmación del Plan (la "Vista de confirmación") se celebrará ante la Honorable Laura Taylor Swain, del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918-1767 (o según se determine en virtud de una orden del Tribunal), el **17-18 de agosto de 2022 a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de confirmación podrá ser continuada periódicamente por la Corte anunciando las fechas de las notificaciones adicionales o mediante los aplazamientos anunciados durante las sesiones, o bien indicados en cualquier notificación de orden del día de asuntos a tratar programado para la vista y presentada ante el Tribunal, y el Plan podrá ser modificado, si fuera necesario, antes, durante o como resultado de la Vista de confirmación, de conformidad con las cláusulas de modificación del Plan y de la Regla local 3016-2, sin necesidad de notificación adicional a las partes interesadas.

5. **Depositario de Confirmación del Plan.** La información relativa a la confirmación del Plan está disponible en línea en el sitio del Depositario de Confirmación del Plan, titlesipendiatorem.com.

6. **Fecha límite para objeciones a la confirmación.** La fecha límite para objeciones a la confirmación del Plan es las **5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022** (la "Fecha límite de objeción a la confirmación"). Toda fecha límite para objeciones y respuestas a la confirmación del Plan propuesto. Las partes que no presenten una objeción al Plan antes de la Fecha límite de objeción a la confirmación tendrán prohibido hacer presentaciones orales antes el Tribunal durante la Vista de confirmación.

7. **Objeciones y respuestas a la confirmación.** Las objeciones y respuestas a la confirmación del Plan deberán:
   a. Presentarse por escrito, en inglés, y estar firmadas;
   b. Indicar el nombre, domicilio y naturaleza de la Reclamación de cualquier objetor u objetores, o replicante;
   c. Indicar específicamente el fundamento y naturaleza de cualquier objeción o respuesta, e incluir, si procediera, el texto propuesto para insertar en el Plan, con el objeto de resolver dicha objeción o respuesta;
   d. Presentarse electrónicamente ante el Tribunal en los expedientes de (i) *En el asunto de la Autoridad de Carreteras y Transportación de Puerto Rico*, Caso núm. 17 BK 3567-LTS, y (ii) *En el asunto del Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de presentación de casos del Tribunal, en formato de documento portátil con función de búsqueda **como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022**, y

   i. Si no es usted abogado registrado como usuario en el sistema de presentación de casos del Tribunal, podrá enviar su objeción por correo postal a la oficina de la Secretaría del Tribunal:
      Tribunal de Distrito de los Estados Unidos, Secretaría
      150 Avenida Carlos Chardón, Suite 150,
      San Juan, P.R. 00918-1767
      para que sea recibida como más tardar a las 5:00 p.m. (hora estándar del Atlántico) del 27 de julio de 2022, y

   e. Cursarla a la Oficina del Fideicomisario de los Estados Unidos del Distrito de Puerto Rico, Edificio Ochoa, Calle Tanca 500, Suite 301, San Juan, PR 00901 (ref: En el asunto de Autoridad de Carreteras y Transportación de Puerto Rico), para que sea recibida como más tardar en la Fecha límite de objeción a la confirmación.

8. **Calendario y fechas límite de confirmación e indagatoria.** El Tribunal ha establecido las siguientes fechas y plazos límite para indagatorias, que serán aplicables al Deudor y a otras partes interesadas.

**Recepción de ciertas fechas límite**

| Fecha límite para que las Partes registren una lista de testigos de hechos, delimitado los temas acerca de los cuales testificará cada uno de ellos (las "Listas de testigos de hecho"). | 5 de julio de 2022 |
|---|---|
| Fecha límite para que las partes registren las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"), si las hubiera. | |
| Fecha límite para que las Partes cursen solicitudes de presentación de documentos que no estén bajo custodia del Depositario (las "Solicitudes de presentación"). Las respuestas y objeciones a las citadas Solicitudes de presentación podrán cursarse dentro de un plazo de tres (3) días de la desde la recepción de las Solicitudes de presentación, siendo el caso que una ronda adicional de Solicitudes de presentación, siempre y cuando se haga en virtud del 11 de julio de 2022. | 8 de julio de 2022 |
| Fecha límite para que las Partes cursen hasta quince (15) interrogatorios ("interrogatorios"), incluyendo las subpartes. Las respuestas y objeciones a las citados Interrogatorios podrán cursarse dentro de un plazo de diez (10) días desde la recepción de dichos Interrogatorios. | 12 de julio de 2022 |
| Fecha límite para que las partes registren los informes periciales iniciales ("Informes periciales iniciales"), si los hubiera. Si se presenta algún informe pericial inicial, las refutaciones a las divulgaciones de peritos deberán presentarse en un plazo de tres (3) días desde dicha presentación, y las respuestas a dichas refutaciones se presentarán cinco (5) días después de las divulgaciones. | 18 de julio de 2022 |
| Fecha límite para que las partes cursen las notificaciones de declaraciones juradas, temas y horarios solicitadas para las mismas ("Notificaciones de declaraciones juradas"). Todas las partes están limitadas a un límite de siete (7) horas para declaraciones juradas. | 20 de julio de 2022 |
| Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). | 22 de julio de 2022 |
| Fecha límite para que el Deudor registre su propuesta de Orden de confirmación (la "Propuesta de Orden de confirmación"). | 25 de julio de 2022 |
| Fecha límite para:
• Objeciones a la confirmación del Plan ("Objeciones").
• Objeciones a la Propuesta de Orden de confirmación.
Fecha límite de objeción / Fecha límite de objeción
Fecha límite para que las partes registren las listas de testigos, las listas de pruebas y las designaciones de declaraciones juradas definitivas. | 27 de julio de 2022 |
| Fecha límite para que las partes registren las objeciones a las mociones Daubert y mociones *in límine*. | 29 de julio de 2022 |
| Fecha límite para que las partes presenten (i) objeciones a las listas de pruebas y designaciones de declaraciones juradas y (ii) designaciones opuestas. | 1 de agosto de 2022 |
| Fecha límite para que las partes presenten sus respuestas en apoyo de las mociones Daubert y las mociones *in límine*. | 3 de agosto de 2022 |
| Fecha límite para que las Partes presenten objeciones a las designaciones opuestas. | 4 de agosto de 2022 |
| Fecha límite para que el Deudor presente:
• Memorándum de ley apoyo de la confirmación.
• Réplicas generales a las objeciones a la confirmación y a la propuesta de orden de confirmación.
• Declaraciones de testigos y recuentos de votos. | 7 de agosto de 2022 |
| Fecha límite para que las partes presenten las declaraciones de testigos. | |
| Conferencia virtual previa al juicio. | 8 de agosto de 2022 |
| Fecha límite para que las Partes presenten sus Antecedentes de hecho y conclusiones de derecho. | 15 de agosto de 2022 |
| Vista de Confirmación | 17-18 de agosto de 2022 |

9. **Fecha de registro de votación.** La fecha de registro de votación será el **17 de julio de 2022** (la "Fecha de registro de votación"), que será la fecha para determinar cuáles titulares de Reclamaciones de las Clases con derecho a voto (excepto las Clases de bonos) tienen derecho a votar a favor o en contra del Plan. Por consiguiente, solamente podrán votar a favor o en contra del Plan los acreedores de una Clase con derecho a voto por el Plan que mantenga Reclamaciones contra el Deudor (salvo en las Clases de bonos) a la Fecha de registro de votación.

10. **Fecha límite de votación.** La fecha límite para votar a favor o en contra del Plan es el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico),** salvo que dicho plazo sea prorrogado (la "Fecha límite de votación"). *Usted no está obligado a votar a favor o en contra del Plan para percibir distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal, siempre y cuando sea titular de una Reclamación permitida.*

11. Si recibió un Paquete de convocatoria, incluyendo una Papeleta o Notificación, y tiene previsto percibir su voto sobre el Plan, **deberá** (a) asentar la subcláusula a las instrucciones; (b) cumplimentar todos los datos requeridos en la Papeleta (según proceda); y (c) si bien (i) ejecutar y devolver la Papeleta cumplimentada de conformidad con las instrucciones de votación incluidas en el Paquete de convocatoria, de modo que la Papeleta **sea efectivamente recibida** por el Agente de convocatoria del Deudor, Kroll Restructuring Administration LLC ("Kroll", o el "Agente de votación") como más tardar en la Fecha límite de votación, o bien (ii) ordenar a su intermediario o persona designada (cada uno de ellos, una "Persona designada") que emite electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP" en The Depository Trust Company ("DTC" en función de que emita de entrega para aceptar o rechazar el Plan en o antes de la Fecha límite de votación. *El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.*

12. **Fecha límite de elección.** La fecha límite para que los bonohabientes de Bonos elegibles que tengan derecho a elegir la forma en que distribuirán el Plan de ajuste propuesto será el **27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico),** salvo si dicho plazo es prorrogado (la "Fecha límite de elección"). Si ha recibido una Notificación con la opción de hacer una elección **deberá** (a) atenerse estrictamente a las instrucciones, y (b) cumplimentar todos los datos requeridos en las instrucciones de elección, de modo que sean efectivamente recibidos por su Persona designada con suficiente antelación para que esta pueda ejecutar efectivamente su elección a través del sistema ATOP de DTC como más tardar en la Fecha límite de elección.

13. **Partes interesadas sin derecho a voto.** Si considera que los acreedores de la Clase 18 (Reclamaciones subordinadas de la Sección 510(b)) no tienen derecho de voto por el Plan, tampoco lo tiene derecho de voto.
14. Se considera que las siguientes Clases aceptan el Plan, por lo que no tienen derecho de votar:
   • Clase 14 (Reclamaciones de Bonos Moscoso de la ACT);
   • Clase 19 (Reclamaciones de convenios).
15. Si una Reclamación está incluida en la Lista de acreedores del Deudor (Registro en el expediente judicial núm. 2163 en el Caso núm. 17-3283) como contingente, no liquidada o impugnada, y (i) no se registró una evidencia de reclamación en la fecha límite aplicable para la presentación de pruebas de reclamación establecida por el Tribunal o en la Fecha de votación aplicable (según proceda); o (ii) considerada debidamente registrada por orden del Tribunal antes de la Fecha límite de votación, dicha Reclamación no tendrá derecho a votar por la aceptación o el rechazo del Plan. Tampoco las pruebas de reclamación presentadas por $0.00 o aquellas desestimadas por orden del Tribunal tendrán derecho de voto.

16. Si usted ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación del Deudor, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificarlo al Deudor y a las partes enumeradas en el apartado 16 de la Orden de Declaración de divulgación y registrar en el Tribunal (con copia al Despacho de la Jueza) una moción (una "Moción conforme a la Regla 3018(a)") para obtener una orden a tenor de la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma provisional su Reclamación por un monto diferente o para una Clase diferente a los efectos de votar a aceptar o rechazar el Plan. Todas las Mociones conforme a la Regla 3018(a) deberán presentarse como más tardar dieciséis (16) días después de una de las siguientes fechas: la (i) la notificación de esta Moción de Confirmación y (ii) la notificación de una objeción a la Reclamación, lo que ocurra de última. Reclamaciones, lo que sea más tarde. Si acreedor que presente un objeción conforme a la Regla 3018(a) será considerado con derecho a contratar antes de la Fecha límite de votación (27 de julio de 2022 a las 5:00 p.m. (hora estándar del Atlántico)). Los acreedores podrán ponerse en contacto con el Agente de votación por correo postal certificado o de servicio de entrega el mensajero, diríjanse al Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (anteriormente conocida como Prime Clerk LLC), 850 Third Avenue, Suite #12, Brooklyn, NY 11232, (ii) por teléfono llamando al (844) 822-9231 (gratuito en EE. UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales) que atiende de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien (iii) por correo electrónico escribiendo a puertoricoinfo@primeclerk.com. Papeleta adecuada para cualquier Reclamación para la que se haya presentado debidamente una evidencia de reclamación y se haya aceptado una Moción conforme a la Regla 3018(a) con la que la Corte las trate en la forma establecida en el presente no serán consideradas desde la recepción en la forma establecida en el presente no serán tenidas en cuenta.

17. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), encuentrará un formulario de la Regla 3018(a) con instrucciones para completar y presentar la moción en https://cases.primeclerk.com/puertorico/.

18. **Partes que no estén trabadas como Acreedores.** Cualquier titular de una Reclamación que (i) esté incluido en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo y tenga un código de Quiebras o cualquier orden del Tribunal, o que se considere presentada a tiempo aplicable, o bien (ii) no esté programada y no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación considerada como presentada a tiempo en virtud del Código de Quiebras o cualquier orden del Tribunal, o de una manera considerada como presentada a tiempo conforme a la Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

19. **Información adicional.** Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de votación, Kroll Restructuring Administration LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@primeclerk.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER", por sus siglas en inglés") (https://pacer.uscourts. gov/).

20. **Reglas de Quiebra 2002(c)(3) y 3016(c).** De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, excepción e inyección contenidas en el Plan:

**Sección 41.2 – Exoneración y descargo de reclamaciones y causas de acción:**
(a) Salvo que se disponga expresamente en el Plan o la ACT o en la Orden de Confirmación de la ACT, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de acción contra el Deudor y la ACT Reorganizada que surgieron, en todo o en parte, antes de la Fecha de vigencia de la ACT, en relación con los Casos del Título III, el Deudor, la ACT reorganizada o cualquiera de sus respectivos Activos, bienes e intereses de toda índole, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de petición de la ACT e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan a causa de dichas Reclamaciones o Causas de acción; teniendo en cuenta, sin embargo, que los derechos de exculpación establecidos en la Sección 41.7 del Plan de la ACT, cada de lo contenido en el Plan de la ACT o la Orden de Confirmación de la ACT tiene la intención de ser, o será interpretado, como un otorgamiento de una excepción, no consensuada a terceros de los Acreedores del AAF de la ACT/ADCC y sus respectivas Personas vinculadas por parte de los Acreedores del Deudor. En la Fecha de Vigencia de la ACT, el Deudor y ACT reorganizada se considerará excepción y eximidos de todas y cada de las Reclamaciones y Causas de acción y cualquier otra deuda generada, total o parcialmente, antes de la Fecha de vigencia de la ACT, y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de la Ley PROMESA, ya sea o no (a) una evidencia de reclamación basada en tal se presente o se considere presentada Reclamación en virtud de la sección 501 del Código de Quiebras, o la sección 502 del Código de Quiebras y la Sección 407 de la Ley PROMESA (o que se resuelva de otro modo), o (c) que el Titular de una Reclamación basada en una deuda de este tipo haya aceptado el Plan. En la ACT a la efectos de disipar cualquier duda, nada de lo contenido en el Plan de la ACT o en la Orden de confirmación de la ACT librará, eximirá ni impondrá ninguna reclamación o causa de acción contra la AEE derivada de, o relacionada con, los bonos emitidos por la AEE, incluyendo, entre otros, los emitidos con los seguros monolineas pertinentes, y la AEE no asume ni descarga ninguna reclamación o causa de acción contra cualquier Entidad no descarga. Las reclamaciones y causas de acción contra la AEE y sus derivadas de, o relacionadas con, los bonos emitidos por la AEE, incluyendo, entre otros, cualquier reclamación o causa de acción contra cualquier Entidad no deudora no de la AEE, incluyendo, entre otros, cualquier de parte de ajuste correspondiente.
(b) Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de Confirmación de la ACT, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra el Deudor y la ACT reorganizada, y cualquiera de sus respectivos Activos, bienes e intereses, financieros, reales y derechos, intereses, Reclamaciones o Causas de Acción responsabilidades de toda índole, relacionadas con los Casos del Título III, el Deudor y la ACT reorganizada o cualquiera de sus respectivos Activos, bienes, incluyendo cualquier interés acumulado sobre tales Reclamaciones desde o después de la Fecha de petición de la ACT e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan con cargo a dichas Reclamaciones estará totalmente libre y descargado y, de esta manera, salvo que se disponga expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, la exoneración y descargo a los efectos de cualquier determinación judicial, a la Fecha de vigencia, de la exoneración y descargo establecido en esta Reclamaciones, Causas de acción y descargo, contra el Deudor y la ACT reorganizada y a tenor de la Sección 407 de la Ley PROMESA, y dicha exoneración y será dicha sentencia estará vedado el planteamiento de cualquier Reclamación, descargo y exoneración de una Reclamación, de cualquier orden. Salvo que se disponga expresamente en el Plan de la ACT o en la Orden de confirmación de la ACT, la Orden de confirmación de la ACT constituirá una determinación judicial, a la Fecha de vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de acción y deuda, o contra el Deudor y la ACT reorganizada a tenor de las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III conforme a la Sección 301 de la Ley PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra el Deudor y la ACT reorganizada, en cualquier momento, en tanto dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad descargada a tenor de dicha exoneración. A la Fecha de vigencia de la ACT, y conforme a lo dispuesto en el presente, todas las Entidades que hayan sostenido, sostengan o puedan sostener Reclamaciones contra el Deudor y la ACT reorganizada quedarán impedidas de hacer valer, continuar o acceder de cualquier manera, directa o indirectamente, a (i) iniciar o continuar cualquier acción u otro procedimiento de cualquier tipo, referente a cualquier Reclamación o a cualquier otra deuda, responsabilidad o interés descargado a tenor del presente; (ii) hacer cumplir, obligar o recuperar de cualquier manera cualquier sentencia, laudo, decreto u orden contra tales Activos, bienes e interés, a raíz de cualquier Reclamación o a tenor de cualquier otra deuda, responsabilidad o interés descargado en virtud del presente; y (iii) crear, perfeccionar o hacer valer de cualquier manera cualquier gravamen de cualquier tipo contra tales Activos, bienes e interés, a tenor de tales Reclamaciones o a tenor de cualquier otra deuda, responsabilidad o interés descargado a tenor del presente.
(c) No obstante lo estipulado en cualquier otra disposición de la Sección 41.2 del Plan de la ACT de conformidad con las disposiciones del Acuerdo de Apoyo al Plan ACT/ADCC, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan ACT/ADCC y sus respectivas Personas vinculadas, exclusivamente en su calidad de Acreedores del Deudor, (i) han renunciado a, y pactado de, demandar y (ii) de otro modo intentar recuperar cualquier daño o perjuicio, incluyendo, entre otros, cualquier recuperación contra cualquiera de los Exonerados del Gobierno fundamentándose en que, se derive de, esté relacionado con, las Reclamaciones exoneradas del Gobierno o cualquier otra Reclamación relacionadas con una Causa de acción colateral o que podría resultar de cualquier Reclamación o Causa de acción planteada o que podría ser planteada, incluyendo, entre otros, los Acciones de recuperación (Clawback) y las Mociones de levantamiento de la paralización, y (iii) una

(continúa en la página siguiente)

PRINTED AND DISTRIBUTED BY PRESSREADER
PressReader.com +1 604 278 4604
COPYRIGHT AND PROTECTED BY APPLICABLE LAW
pressreader

Case:17-03283-LTS Doc#:21467-2 Filed:07/21/22 Entered:07/21/22 09:12 Desc: Main
Debtors Docu tre Part 2 Page 96 Page 49 of 54

*(continúa de la página anterior)*

ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones exoneradas del Gobierno que está prohibida por la Sección 41.2 del Plan de la ACT.

(d) Limitación de la LEC. No obstante nada de lo contenido en sentido contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar ni perjudicar que la SEC inicie o prosiga reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras, ni ...

**Sección 41.6 – Interdictos relacionados con descargos:**

A la Fecha de vigencia de la ACT, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación exonerada considerada con base tal de conformidad con la Sección 41.2 del Plan de la ACT ...

**Sección 41.7 – Litigio relacionado con las designaciones:**

No obstante cualquier disposición en sentido contrario contenida en el Plan de la ACT, en el caso de que se declare una Orden final en relación con el Litigio relacionado con las designaciones o el Litigio de autoridad con posterioridad a la emisión de la Orden de confirmación de la ACT, como contraparte por las distribuciones efectuadas, que surjan o efectúense que se consideraban efectuadas de conformidad con los términos y disposiciones del Plan de la ACT y los documentos e instrumentos relacionados con el mismo, todos los Acreedores o las demás Entidades que reciban, o se consideran que hayan recibido, distribuciones de conformidad con, o como resultado de, el Plan de la ACT, consienten y aceptan que dicha Orden final no revertirá, alterará ni modificará de ningún ...

**Sección 41 – Exoneraciones del Deudor y de la ACT reorganizada:**

Salvo que se disponga expresamente lo contrario en el Plan de la ACT o en la Orden de confirmación de la ACT, y a cambio de una contrapartida válida y valiosa, por la presente se considerará que tanto el Deudor como la ACT reorganizada, el Agente pagador y cada una ...

**Sección 41.1 – Interdictos relacionados con las descargas:**

Fecha: 23 de junio de 2022, San Juan, Puerto Rico

Presentado respetuosamente, /s/ Brian S. Rosen Martin J. Bienenstock (admitido pro hac vice), Brian S. Rosen (admitido pro hac vice), PROSKAUER ROSE LLP, Eleven Times Square, Nueva York, NY 10036, Abogados de la Junta de Supervisión y Administración Financiera como representante del Deudor -y-/s/ Hermann D. Bauer, Hermann D. Bauer, Esq., USDC-PR Núm. 215205, O'NEILL & BORGES LLC, 250 Avenida Muñoz Rivera, Suite 800, San Juan, PR. 00918-1813, Coabogados de la Junta de Supervisión y Administración Financiera como representante del Deudor

Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra núm. 17-BK-3283-LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra núm. 17-BK-3284-LTS) (Caso de quiebra núm. 17-BK-3284-LTS)(últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra núm. 17-BK-3567-LTS) (Caso de quiebra núm. 17-BK-3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra núm. 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra núm. 17-BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra núm. 19-BK-5523-LTS) (Caso de quiebra núm. 17-BK-3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

Todos los términos en mayúsculas utilizados pero no definidos tendrán los significados atribuidos a los mismos en el Plan.

El 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

pressreader

PRINTED AND DISTRIBUTED BY PRESSREADER
PressReader.com +1 604 278 4604
COPYRIGHT AND PROTECTED BY APPLICABLE LAW

Case 17-03283-LTS Doc#21427-5 Filed 06/30/22 Entered 06/30/22 16:09:24 Desc Main
Debtors Ex 57 (Part 2 of 2) Page 50 of 54

Case 17-03283-LTS Doc#21272-5 Filed 06/09/22 Entered 06/07/22 16:29:24 Desc Main
Debtors Ex 57 (Part 2 of 2) Page 50 of 54

# Exhibit X

*Caribbean Business*

<u>**(July 21, 2022)**</u>

**Latin Media House**

PO BOX 11472
San Juan, PR 0922-1472

## AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on July 26th, 2022, Mariecruz Ortiz
representing Latin Media House, LLC., hereby certify that in our newspaper of
Caribbean Business for the edition dated July 21st of the present year, was
published:

### *THE COMMONWEALTH OF PUERTO RICO*

Signed: _____

Mariecruz Ortiz
Manager

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 17 BK 3567-LTS |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**If you are entitled to vote on or make an election with respect to distributions pursuant to the Plan, you will receive a separate Solicitation Package (as defined below) on a future date.**
VOTING AND ELECTION DEADLINE: **5:00 p.m. (Atlantic Standard Time) on July 27, 2022**
OBJECTION DEADLINE: **5:00 p.m. (Atlantic Standard Time) on July 27, 2022**
CONFIRMATION HEARING: **August 17-18, 2022 at 9:30 a.m. (Atlantic Standard Time**
**See below for additional instructions.**

If you have any questions regarding this notice, please contact Kroll Restructuring Administration LLC ("Kroll") by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order, dated June 22, 2022 (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, dated June 17, 2022 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtor, and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, dated June 17, 2022 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan"),[2] attached as **Exhibit A** to the Disclosure Statement.

You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC):

Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
**(844) 822-9231 (toll free for U.S. and Puerto Rico)**
**(646) 486-7944 (for international callers)**

Email: puertoricoinfo@primeclerk.com

Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtor will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders of Claims in the following Classes (collectively, the "Voting Classes"):

| | Class |
|---|---|
| HTA 68 Bond Claims | Class 1 |
| HTA 68 Bond Claims (Ambac) | Class 2 |
| HTA 68 Bond Claims (Assured) | Class 3 |
| HTA 68 Bond Claims (National) | Class 4 |
| HTA 98 Senior Bond Claims | Class 5 |
| HTA 98 Senior Bond Claims (Ambac) | Class 6 |
| HTA 98 Senior Bond Claims (Assured) | Class 7 |
| HTA 98 Senior Bond Claims (FGIC) | Class 8 |
| HTA 98 Senior Bond Claims (National) | Class 9 |
| HTA 98 Sub Bond Claims | Class 10 |
| HTA 98 Sub Bond Claims (Assured) | Class 11 |
| HTA 98 Sub Bond Claims (FGIC) | Class 12 |
| HTA 98 Sub Bond Claims (National) | Class 13 |
| Eminent Domain/Inverse Condemnation Claims | Class 15 |
| HTA General Unsecured Claims | Class 16 |
| HTA/GDB Claims | Class 17 |
| Federal Claims | Class 20 |

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918-1767 (or other location provided pursuant to an order of the Court) on **August 17-18, 2022 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. *Plan Confirmation Depository.* Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6. *Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlantic Standard Time) on July 27, 2022** (the "Confirmation Objection Deadline"), as the deadline to file objections or responses to confirmation of the proposed Plan. Parties who do not file an objection to the Plan prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

7. *Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:
   a. Be in writing, in English, and signed;
   b. State the name, address, and nature of the Claim of the objecting or responding party;
   c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;
   d. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Highways and Transportation Authority*, Case No. 17 BK 3567-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable document format **on or before July 27, 2022 at 5:00 p.m. (Atlantic Standard Time).**

   i. If you are not an attorney who is a registered user of the Court's case filing system, you instead mail your objection to the Court's Clerk's office at:
   United States District Court, Clerk's Office
   150 Ave. Carlos Chardon Ste. 150, San Juan, P.R. 00918-1767

   so as to be received **on or before July 27, 2022 at 5:00 p.m. (Atlantic Standard Time)**, and
   e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Puerto Rico Highways and Transportation Authority) so as to be received on or before the Confirmation Objection Deadline.

8. *Confirmation and Discovery Timetable and Deadlines.* The Court has established the following discovery dates and deadlines, which are applicable to the Debtor and to other parties in interest:

| Summary of Certain Deadlines | |
|---|---|
| | Deadline for Parties to file fact witness list and topics about which each witness is expected to testify (the "Fact Witness Lists"). |
| | Deadline for Parties to file opening expert disclosures ("Opening Expert Disclosures"), if any. |
| July 1, 2022 | Deadline for Parties to serve requests for production of non-depository documents ("Production Requests"). Responses and objections to such Production Requests shall be served within seven (7) days of service of such Requests. Parties may serve up to one additional round of Production Requests, provided that they are served on or before July 11, 2022. |
| July 8, 2022 | Deadline for Parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| July 11, 2022 | Deadline for filing the opening expert reports ("Opening Expert Reports"), if any. If any Opening Expert Reports are filed, rebuttal expert disclosures must be filed within three (3) days of such filing, and rebuttal expert reports must be filed five (5) days after the filing of rebuttal expert disclosures. |
| July 18, 2022 | Deadline for Parties to serve notices of deposition, topics and requested times for depositions ("Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). |
| | Deadline for Parties to serve requests for admission limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) business days of such Admission Requests. Completion of fact discovery (the "Fact Discovery Deadline"). |
| July 20, 2022 | Deadline for the Debtor to file proposed confirmation order (the "Proposed Confirmation Order"). |
| July 22, 2022 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| July 25, 2022 | Deadline for Parties to file Daubert motions and motions in *limine*. |
| July 27, 2022 | Deadline for:<br>• Objections to confirmation of the Plan ("Objections").<br>• Objections to Proposed Confirmation Order.<br>Voting Deadline / Election Deadline |
| | Deadline for Parties to file finalized witness lists, exhibit lists and deposition designations. |
| July 29, 2022 | Deadline for Parties to file oppositions to Daubert motions and motions in *limine*. |
| August 1, 2022 | Deadline for Parties to file (a) objections to exhibit lists and deposition designations and (b) counter-designations. |
| August 3, 2022 | Deadline for Parties to file replies in support of Daubert motions and motions in *limine*. |
| August 4, 2022 | Deadline for Parties to file objections to counter-designations |
| August 7, 2022 | Deadline for Parties to file:<br>• Memorandum of law in support of confirmation.<br>• Omnibus reply to objections to confirmation and proposed confirmation order.<br>• Witness Declarations & Vote Tabulation.<br>• Findings of Fact and Conclusions of Law.<br>Deadline for Non-Debtor Parties to file witness declarations. |
| August 8, 2022 | Virtual Pretrial conference. |
| August 15, 2022 | Deadline for Parties to file objections to Findings of Fact and Conclusions of Law. |
| August 17-18, 2022 | Confirmation Hearing |

9. *Voting Record Date.* The voting record date is **June 17, 2022** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor (except in the Bond Classes) as of the Voting Record Date are entitled to vote on the Plan.

10. *Voting Deadline.* The deadline for voting on the Plan is **July 27, 2022, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

11. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must* (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtor's solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Balloting Agent") or on or before the Voting Deadline; or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

12. *Election Deadline.* The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **July 27, 2022, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must* (a) follow the instructions carefully; and (b) deliver *all* of the required information in accordance to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

13. *Parties in Interest Not Entitled to Vote.* Creditors in Class 18 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote.

14. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote:
   • Class 14 (HTA Moscoso Bond Claims);
   • Class 19 (Convenience Claims).

15. If a Claim is listed on the Debtor's list of creditors (Docket Entry No. 2163 in Case No. 17-3283) as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the ear-

lier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

16. If you have timely filed a proof of claim and disagree with the Debtor's classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 16 of the Disclosure Statement Order and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any by any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**July 27, 2022, at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

17. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

18. *Parties Who Will Not Be Treated as Creditors.* Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

19. *Additional Information.* Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Kroll Restructuring Administration LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (https://pacer.uscourts.gov) password and login are needed to access documents on the Court's website.

20. *Bankruptcy Rules 2002(c)(3) and 3016(c).* In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

**Section 41.2 – Discharge and Release of Claims and Causes of Action:**

(a) Except as expressly provided in the HTA Plan or the HTA Confirmation Order, all distributions and rights afforded under the HTA Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Debtor and Reorganized HTA that arose, in whole or in part, prior to the HTA Effective Date, relating to the Title III Case, the Debtor or Reorganized HTA or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the HTA Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the HTA Plan on account of such Claims or Causes of Action; provided, however, that, without prejudice to the exculpation rights set forth in Section 41.7 of the HTA Plan, nothing contained in the HTA Plan or the HTA Confirmation Order is intended, nor shall it be construed, to be a grant of a non-consensual third party release of the HTA/CCDA PSA Creditors and their respective Related Persons by Creditors of the Debtor. Upon the HTA Effective Date, the Debtor and Reorganized HTA shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the HTA Effective Date, and any debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the HTA Plan. For the avoidance of doubt, nothing contained in the HTA Plan or in the HTA Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the HTA Plan or the HTA Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtor and Reorganized HTA, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Case, the Debtor or Reorganized HTA or any of their respective Assets and property, including any interest accrued on such Claims from and after the HTA Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the HTA Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the HTA Plan or the HTA Confirmation Order, the HTA Confirmation Order shall constitute a judicial determination, as of the HTA Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtor and Reorganized HTA pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtor or Reorganized HTA and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the HTA Effective Date, and in consideration for the value provided under the HTA Plan, each holder of a Claim in any Class under this HTA Plan shall be deemed to release and forever waive and discharge as against the Debtor and Reorganized HTA, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of Section 41.2 of the HTA Plan, in accordance with the provisions of the HTA/CCDA Plan Support Agreement, each of the HTA/CCDA PSA Creditors and their respective Related Persons, solely in their capacity as HTA/CCDA PSA Creditors of the Debtor, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released

*continue reading on the next page*▶

Case:17-03283-LTS Doc#:24272-3 Filed:05/09/23 Entered:05/09/23 16:09:24 Desc: Main Document Sixth Part Page 200 Page 53 of 54

Page 2 of 2

Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by Section 41.2 of the HTA Plan.

(d) SEC Limitation. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtor or Reorganized HTA, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtor or Reorganized HTA are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtor or Reorganized HTA to the United States arising from and after the HTA Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtor or Reorganized HTA, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtor or Reorganized HTA, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtor's or Reorganized HTA's obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained in the HTA Plan or in the HTA Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtor and Reorganized HTA, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtor and Reorganized HTA, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtor and Reorganized HTA, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained in the HTA Plan or in the HTA Confirmation Order to the contrary, including, without limitation, Sections 41.2, 41.3 and 41.11 of the HTA Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the HTA Plan, the HTA Confirmation Order or any HTA Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action and defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available), or any rights to allocate responsibility or liability or any other basis for the reduction of (or credit against) any judgment in connection with the Underwriter Actions (collectively, the "Defensive Rights"); provided, however, that, for the avoidance of doubt, in no event shall any Defensive Rights be used to obtain or result in the affirmative payment of money or the affirmative delivery of property to any plaintiff, defendant and, to the extent named, third party beneficiary of the Underwriter Actions, including, without limitation, plaintiffs, defendants, and, to the extent named third-party defendants, shall be permitted to assert: (i) against the Debtor or Reorganized HTA any Claim or Cause of Action for purposes of obtaining an affirmative monetary recovery that otherwise is barred or discharged pursuant to the Bar Date Orders, the HTA Plan, and/ or the HTA Confirmation Order; and/or (ii) against the Debtor, Reorganized HTA, PREPA, the Commonwealth, or any other agency or instrumentality of the Commonwealth any Claims or counterclaims for purposes of obtaining an affirmative monetary recovery, including, without limitation, for indemnification, contribution, reimbursement, set-off or similar theories, to the extent asserted for purposes of obtaining an affirmative monetary recovery, which Claims or counterclaims shall be deemed disallowed, barred, released and discharged in accordance with the terms and provision of the HTA Plan and the HTA Confirmation Order; and, provided, further, that nothing herein or in the HTA Confirmation Order is intended, nor shall it be construed, to prohibit, preclude, bar, modify, or limit in any way the ability of any defendant in any Underwriter Action to assert Defensive Rights for the purpose of reducing, eliminating, or limiting the amount of any liability or judgment in any Underwriter Action. The parties in the Underwriter Actions shall be permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting, against the Debtor, Reorganized HTA, PREPA, the Commonwealth, or any other agency or instrumentality of the Commonwealth any Claims or counterclaims for purposes of obtaining an affirmative monetary recovery, including, without limitation, indemnification, contribution, reimbursement, set-off or similar theories, to the extent asserted for purposes of obtaining an affirmative monetary recovery, which Claims or counterclaims shall be deemed disallowed, barred, released and discharged in accordance with the terms and provision of the HTA Plan and the HTA Confirmation Order; provided, further, that nothing herein or in the HTA Confirmation Order is intended, nor shall it be construed, to prohibit, preclude, bar, modify, or limit in any way the ability of any defendant in any Underwriter Action to assert Defensive Rights for the purpose of reducing, eliminating, or limiting the amount of any liability or judgment in any Underwriter Action.

Section 41.3 – Injunction on Claims. Except as otherwise expressly provided in the HTA Plan, the HTA Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 41.2 of the HTA Plan or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 41.2 of the HTA Plan are permanently enjoined, from and after the HTA Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching, collecting, or recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or other order; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind; (d) asserting, by any means, any right to setoff, recoupment or subrogation of any kind against any obligation due to the Debtor, Reorganized HTA, or such other Person or Entity; and (e) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Cause of Action or any debt or liability that is discharged or released pursuant to the HTA Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

Section 41.5 – Releases by the Debtor and Reorganized HTA: Except as otherwise expressly

provided in the HTA Plan or the HTA Confirmation Order, on the HTA Effective Date, for good and valuable consideration, each of the Debtor and Reorganized HTA, the Disbursing Agent and each of the Debtor's and Reorganized HTA's Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtor, Reorganized HTA, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims.

Section 41.6 – Injunction Related to Releases: As of the HTA Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 41.2 of the HTA Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 41.2 of the HTA Plan; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the HTA Plan or the HTA Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the HTA Confirmation Order: (i) the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 17-3283-LTS, ECF No. 15854], as amended; and (ii) the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case No. 17-3283-LTS, ECF No. 17394], as amended.

Section 41.7 – Exculpation:

(a) Government Parties: The Oversight Board, AAFAF, the Debtor, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the HTA Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that the foregoing provisions of this Section 41.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 41.7 shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the HTA Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the HTA Plan.

(b) HTA/CCDA PSA Creditors: Each of the HTA/CCDA PSA Creditors solely in its capacity as a party to HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the HTA Petition Date up to and including the HTA Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that the foregoing provisions of this Section 41.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Monoline Insurers: Ambac, Assured, FGIC, National, and their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the HTA Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the HTA Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, or National Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, or National Insurance Policies provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the HTA Plan shall not, and shall not be construed to, release or exculpate, any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, or National Insurance Policy, to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds or National Insured Bonds, as applicable, in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, or National Treatment, as applicable (or any claims that Ambac, Assured, FGIC, or National, may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, or National's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies or National Insurance Policies, as applicable).

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the HTA Petition Date up to and including the HTA Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained herein, the HTA Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that, notwithstanding the foregoing exception, in the event that litigation is commenced against a member of the Creditors' Committee with respect to the aforementioned actions, such member shall be entitled to be reimbursed for reasonable attorneys' fees and expenses incurred and indemnified for any damages awarded, in each case, by HTA pursuant to a Final Order; and provided, further, that, the foregoing provisions of this Section 41.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) The DRA Parties: Each of the DRA and the DRA Parties, from the HTA Petition Date up to and including the HTA Effective Date, and each of the DRA Parties' respective predecessors, successors and assigns (whether by operation of law or otherwise), and their respective

financial advisors, attorneys, accountants, consultants, agents, and professionals, or other representatives, each acting in such capacity, and any Entity acting for or on behalf of any of them, in each case, solely to the extent acting in such capacity, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the HTA Plan or any compromises or settlements contained therein, the Disclosure Statement, the DRA Stipulation, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the HTA Plan; provided, however, that, the foregoing provisions of this Section 41.7(e) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

Section 41.8 – Appointments Related Litigation: Notwithstanding anything contained in the HTA Plan to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the HTA Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the HTA Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the HTA Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the HTA Plan or the HTA Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XLI of the HTA Plan; provided, however, that, to the extent that a plaintiff in the Appointments Related Litigation or the Uniformity Litigation is a party to any of the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the PSA Plan Support Agreement or the ERS Stipulation, within five (5) Business Days of the HTA Effective Date, such plaintiff shall take any and all action to dismiss, with prejudice, or, in the event other plaintiffs are party to such litigations, withdraw from, with prejudice, such Appointments Related Litigation or Uniformity Litigation, as the case may be, including, without limitation, filing notices of dismissal or withdrawal with the clerk of court having jurisdiction thereof.

Section 41.9 – Bar Order: To the limited extent provided in the HTA Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the HTA Plan, the negotiation and consummation of the HTA/CCDA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Case, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Case, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

Section 41.11 – Supplemental Injunction: Notwithstanding anything contained in the HTA Plan to the contrary, except to the limited extent provided in the HTA Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Case or any Claim against the Debtor, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the HTA Effective Date (including prior to the HTA Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the HTA Plan or the HTA Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the HTA Plan or the HTA Confirmation Order, provided, however, that the Debtor's compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the HTA Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: June 23, 2022, San Juan, Puerto Rico

Respectfully submitted, /s/ Brian S. Rosen, Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), PROSKAUER ROSE LLP, Eleven Times Square, New York, NY 10036, Attorneys for the Financial Oversight and Management Board as representative for the Debtor -and- /s/ Hermann D. Bauer, Hermann D. Bauer, USDC No. 215205, O'NEILL & BORGES LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

[3] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[4] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

# CARIBBEAN **BUSINESS**

THURSDAY, JULY 21-27, 2022 | VOL. 8 EDITION 28 | ©2022 LATIN MEDIA HOUSE | CARIBBEANBUSINESS.COM | WEEKLY $2.99

**TOP STORY / PAGE 4**

## Senate Investigates Municipal Revenue Collections Center

**Structural Capacity Under Review**

**GOVERNMENT / PAGE 6**

## Gov't Invests $7.6M In Cybersecurity

**Aims for 100 Percent Digital Service**



GENERAL PURPOSE

## CEMENT

25 KG

# Empty Boots in Reconstruction

Projects Delayed by Shortage of Workers

**FULL STORY ON PAGE**  **8**



**SPECIAL REPORT / PAGE 23**

## When Succession is a Good Thing