UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION FOR RECONSIDERATION
FILED BY QUALITY CONSTRUCTION SERVICES II, LLC

    Before the Court is the motion (Docket Entry No. 21676 in Case No. 17-3283)[2] (the "Reconsideration Motion") filed by Quality Construction Services II, LLC ("QCS") for reconsideration of this Court's July 15 memorandum order (Docket Entry No. 21512) (the "Order")[3] sustaining the *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Unless otherwise noted, all references herein to Docket Entry Nos. are references to Case No. 17-2383.

[3]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Order.

*Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority to Late-Filed Claims* (Docket Entry No. 17923) (the "Objection") with respect to proof of claim number 179223 (the "Claim").

"A motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Lopez Jimenez v. Pabon Rodriguez (In re Pabon Rodriguez), 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd sub nom. Lopez Jimenez v. Lee (In re Pabon Rodriguez), 17 F. App'x 5 (1st Cir. 2001). "The movant 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 287 (D.P.R. 1998) (citations omitted).

Here, QCS has not met its burden of establishing a manifest error of law or proffering newly discovered evidence justifying reconsideration. All of the arguments QCS asserts in the Reconsideration Motion are virtually identical to the ones previously made in its Response and were considered thoroughly by the Court in ruling on the Response. QCS has not identified any facts overlooked by this Court nor identified any law that was not previously examined by this Court. The Order confirmed the Court's earlier oral decision to sustain the Objection, concluding that the belated Response, for which an extension had not been properly sought or granted, did not warrant relief from its prior decision to sustain the Objection. Neither the Response nor the Reconsideration Motion provides any basis for excusing QCS' failure to respond to the Objection in a timely fashion or any proper grounds for reconsideration of the prior decisions. (Order at 6.) The Court also confirmed in the Order that it had considered and rejected any arguments with respect to "manifest injustice" (Reconsideration Mot. at 7–10), stating that "no grounds for relief enumerated in the 374th Omnibus Objection Notice apply in this instance" including whether, "in the opinion of the court, the interest of justice requires otherwise" (Order at 6–7 & n.6). The Reconsideration Motion does not identify any factual or legal infirmity in the Court's conclusion. Thus, QCS has made no showing that reconsideration of the Court's determination is warranted.[4]

---

[4] As stated in the Order: "To address the merits of QCS's response to the Oversight Board's objection is unnecessary." (Order at 6.) The time to make any such arguments was by a timely response to the Objection. However, for the elimination of any doubt, adequate grounds for the Court to have come to the same conclusion on the merits can be found for substantially the reasons expressed by the Oversight Board in its *Response of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority in Compliance with the Court's Order Regarding Defective Pleading Response [ECF No. 21105]*. (Docket No. 21484 ¶¶ 21–28.) For substantially the same reasons, the content of the Response, to the extent it could be interpreted as a request for reconsideration of the Court's decision to uphold the Objection on the merits, failed to meet the high standard set forth above.

Accordingly, the Reconsideration Motion is denied. This Order resolves Docket Entry No. 21676.

SO ORDERED.

Dated: August 8, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge