UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, <u>et al</u>.<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

ORDER TO SUPPLEMENT BRIEFING OF LIMITED OBJECTION OF THE
HTA INSURED BONDHOLDER GROUP TO THE THIRD AMENDED TITLE III PLAN OF
ADJUSTMENT OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY

        The Court has received and reviewed the *Limited Objection of the HTA Insured Bondholder Group to the Third Amended Title III Plan of Adjustment of the Puerto Rico*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Highways and Transportation Authority* (Docket Entry No. 21617 in Case No. 17-3283 and Docket Entry No. 1301 in Case No. 17-3567) (the "IBG Objection"), the *Reply of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Limited Objection of the HTA Insured Bondholder Group to the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 21768 in Case No. 17-3283 and Docket Entry No. 1349 in Case No. 17-3567) (the "Assured Reply"), and the *Omnibus Reply to Objections to Confirmation of the Fourth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 21779 in Case No. 17-3283 and Docket No. 1361 in Case No. 17-3567) (the "HTA Omnibus Reply").

The Court hereby orders the HTA Insured Bondholder Group,[2] Assured, and the Oversight Board to file supplemental briefing as follows, by **August 13, 2022**, at **5:00 p.m. (Atlantic Standard Time)**. The parties are directed to address the following issues (with supporting legal and factual citations as necessary):

1) **HTA Insured Bondholder Group**. Please address the following:

   a) Please review the following bolded language from the definition of "Due for Payment" from Appendix XII to the Puerto Rico Highways and Transportation Authority Official Statement, dated February 15, 2007 (filed as Exhibit 1 to Docket No. 21619 in Case No. 17-3283 and Docket No. 1303 in Case No. 17-3567), as quoted at paragraphs 4 and 20 in the IBG Objection, and in paragraphs 1, 15, and 16 of the Assured Reply:

   'Due for Payment' means, when referring to the principal of a Bond, the stated maturity date [of the bond], or the date on which such Bond shall have been duly called for mandatory sinking fund redemption, and does not refer to any earlier date on which payment is due by reason of a call for redemption (other than by mandatory sinking fund redemption), acceleration or other advance of maturity **(unless Assured Guaranty in its sole discretion elects to make any principal payment, in whole or in part, on such earlier date)** and means, when referring to interest on a Bond, the stated date for payment of such interest.

   i) Does the bolded language enable Assured to pay off all or part of the principal at will, and under what circumstances? If Assured could and did pay off all of the principal, what, if any, further liability would Assured have under the insurance policies? Please provide examples.

   ii) Would the bolded language permit Assured to accelerate the payoff of principal in connection with a bond issuer's bankruptcy filing?

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the IBG Objection.

      iii) If so, and if Assured could have made the election of a full payment on the date of the bankruptcy ("such earlier date"), could Assured also make the election several years later, on the effective date of a plan of adjustment?

   b) Assured argues, at paragraph 30 and footnote 19 of the Assured Reply, that "in purchasing their Assured Insured Bonds and receiving the benefits of the Assured Insurance Policies, [the HTA Bondholder Group] agreed to give Assured the right to control consent and voting rights with respect to those bonds" specifically in the event of a reorganization or liquidation. Why is the quoted insurance agreement provision not dispositive of Assured's right to agree to the HTA Plan (including the principal payment provision) on behalf of Assured bondholders?

2) **Assured.** Please address the following:

   a) Please respond to 1(a)(iii) above.

   b) The HTA Insured Bondholder Group argues at paragraph 19 and footnote 15 of the IBG Objection that automatic acceleration of a debt to a debtor upon a bankruptcy filing applies only with respect to the debtor and only for a limited purpose. Please provide support for the argument, if intended, that bankruptcy-related acceleration applies to debts owed by non-debtors to non-debtors.

   c) If it is Assured's argument that bankruptcy is one of several possible grounds for acceleration by force of law and regardless of contrary contract terms, please provide examples of another bankruptcy or other event triggering an acceleration election otherwise expressly excluded from the terms of an underlying contract.

   d) Please provide support for the apparent argument, if intended, in paragraph 19 of the Assured Reply that N.Y. Ins. Law § 6905 (or the above bolded language in the definition of "Due for Payment") provides an independent basis to accelerate a debt rather than only providing insurers a defense to acceleration.

   e) Paragraph 19 of the IBG Objection discusses Section 26.1(d) of the HTA Plan, providing that, "on the HTA Effective Date, HTA shall be deemed to have assigned to Assured any rights to redeem and call the Assured Insured Bonds[.]" The HTA Insured Bondholder Group questions both the validity of this assignment and what rights exist to be transferred. Please address the basis upon which any right to redeem, call, or accelerate debts held by a debtor by virtue of its bankruptcy filing could then be assigned to a non-debtor third party.

3) **Oversight Board**. In addition to addressing any or all of the above, please address the following:

   a) The HTA Insured Bondholder Group's argument that the HTA Plan is not confirmable unless modified.

   b) The Oversight Board's position on the third-party releases Assured has conditionally suggested for addition to the HTA Plan. Please address this issue in

the context of the present objection, as opposed to provisions of prior plans that were not the subject of objections. (HTA Omnibus Reply Ex. C at 5–6.)

SO ORDERED.

Dated: August 10, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge