**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | NO. 17-BK-3283 (LTS)<br><br>PROMESA TITLE III<br><br>Re: 21562, 21563, 21704, 21753<br><br>(Jointly Administered) |

**REPLY TO AFFAF'S OMNIBUS RESPONSE TO (1) MOTION TO COMPEL ENFORCEMENT OF THE TERMS OF STIPULATION AND FOR CONTEMPT AND (2) MEMORANDUN IN SUPPORT**

**Table of Contents**

I. DEFENDANT'S ARGUMENT IN BRIEF ............................................................................... 3

II. MOVANTS' ARGUMENTS TO THE CONTRARY ....................................................... 4

III. CONCLUSION AND PRAYER ........................................................................................ 8

1

# Table of Authorities

**Cases**

Jones v. Flowers, 547 US 220, 229 (2016) ................................................................................. 6, 7
Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 307 (1950 ...................................... 7
Rawa v. Monsanto Co., 934 F. 3d 861, 871 (8th Cir. 2019) ............................................................ 6

**Statutes**

Act 103 of May 25, 2006 ................................................................................................................ 4

**Other Authorities**

Circular Letter of the Department of the Treasury, July 7, 2020 ................................................. 4

**Miscellaneous**

Class and Group Action Laws and Regulations 2022 (Section 2, Current State) at
https://iclg.com/practice-areas/class-and-group-actions-laws-and-regulations .............................4

**TO THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN:**

**COMES NOW** the Certified Class of Plaintiffs (Movants) represented by the undersigned counsel, and respectfully replies to AAFAF's Omnibus Response (EFC No. 21753) Movants' Motion to Compel (EFC No. 21562) and Memorandum (EFC No. 21563) as follows:

**I.     DEFENDANT'S ARGUMENT IN BRIEF**

Without wasting too many words and going to the heart of Defendant's objections, Defendant argues that as there is no specific method or manner of payment agreed in the Stipulation, it is free to choose the manner or method of payment of the approved 83,536 claims. Citing a 2006 statute and a 2020 Circular Letter of the Department of the Treasury, Defendant argues that the electronic payment of the reimbursements into the bank accounts of those members of the Certified Class whose claims were approved is the manner of payment consistent with the public policy of the Commonwealth of Puerto Rico. Defendant further argues that it is safest and most economical way for the Commonwealth to comply with its obligation alleging that sending the reimbursement by mail exceeds $700,000 in costs, is complicated and will delay the payment for many months. Moreover, argues that the Commonwealth has worked on the software to pay in this manner and that it has notified the Class by ads in newspapers and social media starting around October 27, 2021, and that it has notified counsel for the Class of what is proposed. Defendant considers that the notice sent to the Class is adequate and that the cases cited by the Certified Class counsel are neither applicable or are distinguishable. Lastly, Defendant prays this Honorable Court to order Plaintiff to meet with Defendant to discuss "a proposed amendment to the Stipulation with Movant's counsel to reach an agreement as to additional notifications, not contemplated in the Stipulations".

## II. MOVANTS' ARGUMENTS TO THE CONTRARY

Defendant's arguments are disingenuous. The Stipulation of February 29, 2016, was drafted and amply discussed before its approval and signing by able counsel for the Defendant. It contemplated the manner whereby the claimants would apply for reimbursement and the information that they would have to submit in order to get it approved. Upon approval, it provided for either reimbursement or credit to the claimants. The inclusion of the credit phrase was to cover the possibility that a claimant might have a debt with the Department of the Treasury, in which case the reimbursement would be credited to the prior debt.

It is true that the Stipulation did not state that payment would have to be made by check. But to include such language would have been to state what is obvious. The method of paying reimbursements to members of class action suits by check at that time was taken for granted. *See,* Class and Group Action Laws and Regulations 2022 (Section 2, Current State) at https://iclg.com/practice-areas/class-and-group-actions-laws-and-regulations.

In 2016, payment to and from the Secretary of the Treasury to taxpayers or other persons entitled to receive funds from the government was usually made by check. Act 103 of May 25, 2006, although stating a public policy for encouraging electronic transfers of funds did not compel any such system of payment. The Circular Letter of the Department of the Treasury cited by Defendant is dated July 7, 2020, more than four years after the Stipulation was approved. Had Defendant's counsel would have wanted to include language that payment was to be made by electronic transfer of funds to claimants' bank accounts, said issue would have been subject of negotiation in the Stipulation for those claimants that would have preferred such manner of delivery of payment. Of course, their bank account number and routing information would have been required in such a case and such matter included in the Stipulation and in the application for

4

reimbursement form. As we have seen, this was not required. The Stipulation was clear that the Secretary of the Treasury had 120 days to review the applications for reimbursement and if approved, the Secretary had to reimburse. It was not free to insist on additional requirements for reimbursement.

Defendant claims that on October 27, 2021, by placing a newspaper ad and posting information on social media, claimants were adequately informed of these new requirements and that counsel for the Certified Class were also informed. Can Defendant seriously claim that his information and the manner whereby it was published reached the 83,536 claimants to which Defendant had the obligation to reimburse and whose mailing and e-mail addresses Defendant had?

We assume that the more than 4,000 claimants whose applications for reimbursement were rejected were notified to their mailing and/or e-mail addresses. But certainly, not the 83,536 claimants whose applications were approved, but not paid. The Stipulation provided for payment upon approval without need of notification of the approval. But as the Honorable Court had ordered that payment be withheld, these approved claimants were neither paid nor notified of the approval. The small notice published in the newspaper did not identify with names this sub-group. Even assuming that they read the notice in the newspaper, they could not know if they were included in the group of approved claimants. To ascertain this, they would have to call the Department of the Treasury or perhaps navigate through the internet and find information as to whether they were in the approved list of claimants in order to submit the new required information. The net result is that these approved claimants were neither adequately informed that their claims were approved or of the new requirements of the Secretary. The effect was to deny them the remedy that they have obtained through the Stipulation, and rendered the recovery of their funds in a limbo.

5

Defendant cites Rawa v. Monsanto Co., 934 F. 3d 861, 871 (8th Cir. 2019) to the effect that Movants want to change the terms of a final stipulation. To the contrary, we submit it is the Defendant who wants to alter the final Stipulation, something that they admit by praying in the alternative that plaintiff be required to meet and agree to an amended Stipulation.

Defendant also claims that counsel for the Certified Class of Plaintiffs was notified "on various dates, including March 7, 2022", p. 7 of Defendant's Response. The truth is that such last date is the only time that Defendant revealed to counsel for the Certified Class what Defendant was now demanding and only in response to Movants' counsel request for information. Defendant had never sent to counsel for the Certified Class the names and addresses of the claimants whose applications for reimbursement had been approved. Even if Defendant had done so, the burden upon Movants' counsel to inform 83,536 claimants of this fact would have had been oppressive and impossible.

Defendant claims that the electronic transfer is the safest and economical way to deliver the payment for reimbursement and anticipates that if forced to deliver checks, it would take months and cause further delays to comply with the Stipulation imposed. Defendant makes a big issue of the cost asserting that it would cost in excess of $700,000 to send checks by certified mail. But sending the reimbursements by certified mail is unnecessary and mailing the checks by first class mail has been the norm and is completely adequate. If we subtract the present cost of mailing a certified letter, which is $7.82 multiplied by 83,536, the savings would be $653,351.52, leaving the actual cost of mailing by first class mail the checks to the approved members of the class in around $61,456.84.

Defendant alleges the method of informing the approved claimants of the additional requirements satisfies the cases of Jones v. Flowers, 547 US 220, 229 (2016) and Mullane v.

6

Central Hanover Bank & Trust Co., 339 US 306, 307 (1950). However, Defendant conveniently omits that the Secretary of the Treasury has the name and mailing address of each of the approved claimant and in most cases, their e-mail address, making these authorities clearly in point. Under this scenario, the method chosen for notifying these members did not meet the standards of Jones and Mullane.

If allowed to prevail Defendant's proposed course of action, it would mean that winning a class action litigation after 20 years of arduous work would be just the beginning of Class Members' quest for justice. This litigation has been exhausting to a now almost 87-year-old attorney and frustrating to the Certified Class of Plaintiffs who have obtained a meager victory that now Defendant wants to turn into pyrrhic one. Nevertheless, it has been a highly profitable venture for Defendant who took away $173 million from the Certified Class of Plaintiffs and is returning, at most, $8 or $9 million after 20 years of litigation.

Defendant's convenient proposal seeking that this Honorable Court order Movants' counsel to meet again to amend the Stipulation to please Defendant's new designed exigencies would only perpetuate Defendant's deprivation of the funds taken from the Certified Class of Plaintiffs.

Therefore, contrary to Defendant's arguments, we earnestly pray this Honorable Court in order to speed recovery and put an end to this case, to appoint a master or administrator to which the sum representing the recovery for the 83,536 approved claimants be delivered and given the power to send the checks via first class mail to the approved members of the class after deducting the agreed 20% attorney's fees entitled for the Certified Class counsel.

It seems also fair that the reasonable expense of the administration should be borne by the Defendant, who will be spared from the task that it now considers so difficult. Also, given the

7

delay in complying with the Stipulation, an award of interest for the benefit of the Certified Class is proper. Lastly, an award of attorney's fees for the unnecessary pursuit of what was supposed an ordinary undertaking by Defendant is warranted.

Defendant has submitted a Declaration by José F. Chaves Ortiz in support of their Response, pretending to turn its Memorandum in some kind of declaratory judgment proceeding or an attempt to reopen the Stipulation and Judgment rendered. Movants respectfully pray this Honorable Court to disregard it as not proper at this stage of the proceedings.

### III. CONCLUSION AND PRAYER

WHEREFORE it is respectfully requested that Movants' Motion to Compel Enforcement of the Terms Stipulations be granted on the terms herein requested that the Court appoint an administrator with the necessary powers to enforce the Stipulations, and award interest and attorney's fees in favor of the Certified Class of Plaintiffs and counsel.

**RESPECTFULLY SUBMITTED**

### CERTIFICATE OF SERVICE

I hereby certify that, on August 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, August 10 2022.

*s/Antonio J. Amadeo Murga*
USDC-PR No. 110103
A.J. AMADEO MURGA LAW OFFICES
605 Condado, Ave.
Suite 518
San Juan, PR 00907
Tel. (787)764-0893
ajamadeo@gmail.com

Mario M. Oronoz Rodríguez
USDC-PR No. 120606
ORONOZ & ORONOZ
Urb. Torrimar, K-4 Bambú St.
Guaynabo, PR 00966-3109
Tel. (787) 294-5255
mmo@oronozlaw.com

8