**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

# Exhibit B

-----------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

    Debtors.[1]

-----------------------------------------------------------------------x

DRIVETRAIN, LLC, in its capacity as the trustee
of the Commonwealth Avoidance Actions Trust,

    Plaintiff,

    -v-

BARCLAYS CAPITAL, *et al.*

    Defendants.

-----------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

(Jointly Administered)

Adv. Proc. No. 19-00280

---

1.     The Debtors in these Title III Cases, along with each Debtor's respective Title III case numbe r and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## UNOPPOSED MOTION OF AVOIDANCE ACTIONS TRUSTEE FOR ENTRY OF ORDER EXTENDING STAY OF ADVERSARY PROCEEDING

Plaintiff, Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust (the "Avoidance Actions Trust"),[2] respectfully submits this unopposed motion (the "Motion") for entry of an unopposed order, substantially in the form attached to the Motion as **Exhibit A**, regarding an extension of the stay of the above-captioned adversary proceeding through and including September 15, 2022. In support of this Motion, the Trustee respectfully states as follows:

### FACTUAL BACKGROUND

1. On March 29, 2019, the Court entered an order [Docket No. 6086] ("Procedures Order") granting the Official Committee of Unsecured Creditors'[3] ("Committee") motion [Docket No. 5997] seeking, among other things, to establish procedures with respect to the disclosure of certain causes of actions to be asserted by the Financial Oversight and Management Board ("Oversight Board") on behalf of the Debtors and to establish a procedure for the potential appointment of a trustee pursuant to Section 926 of the Bankruptcy Code due to the imminent expiration of the deadlines to commence actions under section 546(a) of the Bankruptcy Code.

2. The Committee, the Oversight Board, and the Special Claims Committee of the Financial Oversight and Management Board ("Special Claims Committee"), after numerous meet and confer sessions, agreed to a framework, embodied in a stipulation, to pursue causes of action

---

2. The Confirmation Order provides that "The Avoidance Actions Trust shall consist of the Avoidance Actions Trust Assets. On the Effective Date, the Debtors shall transfer all of the Avoidance Actions Trust Assets to the Avoidance Actions Trust and, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Avoidance Actions Trust shall have the sole right, authority, and standing to prosecute, settle or otherwise dispose of all Avoidance Actions, including, without limitation, those set forth on Exhibits A and B to the Plan, as of the Effective Date." Order And Judgment Confirming Modified Eighth Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico, The Employees Retirement System Of The Government Of The Commonwealth Of Puerto Rico, And The Puerto Rico Public Buildings Authority [DE 19813] at paragraph 19.

3. The Committee is the Official Committee of Unsecured Creditors for all Title III Debtors, other than PBA and COFINA.

2

belonging to the Commonwealth, memorialized in the *Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to the Joint Prosecution of Debtor Causes of Action* [Docket No. 6524][4], which was so ordered by the Court on April 26, 2019.

3.      On May 2, 2019, the Special Claims Committee and the Committee (the "Pre-Confirmation Plaintiffs") filed the *Adversary Complaint* (the "Complaint") [ECF No. 1] against the Underwriter Defendants[5] seeking damages and recovery of fraudulent transfers from the Defendants relating to their alleged provision of professional services in connection with financial transactions of the Debtors (the "Adversary Proceeding").

4.      Around the same time that the Special Claims Committee and Committee filed these adversary proceedings, the Special Claims Committee and Committee entered into approximately 100 tolling agreements with vendors to toll the statute of limitations under similar fraudulent and preferential transfer theories.

5.      On July 25, 2019, the Court entered its *Order Regarding Stay Period and Mandatory Mediation* [ECF No. 13], which stayed this proceeding before any notices of appearance by Defendants, motion practice, or discovery.

6.      On March 10, 2020, following several related orders staying this Adversary Proceeding, this Court issued its *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, And (C) Certain Deadlines Related Thereto* (the "Stay Order") [ECF No. 22].  Pursuant

---

4.      References to filings in Case No. 17-3283 are denominated as "Docket No." and references to filings in this adversary proceeding are denominated as "ECF No.__."

5.      The Underwriter Defendants are the named defendants in these proceedings, which are identified as Barclays Capital, BMO Capital Markets, Citigroup Inc., Goldman Sachs & Co., Jefferies Group LLC, J.P. Morgan Chase & Co., Merrill Lynch Capital Services, Inc., Mesirow Financial, Inc., Morgan Stanley, Raymond James, Ramirez & Co., Inc., Santander Securities, Scotia MSD, Sidley Austin LLP, UBS Financial Services Inc. of Puerto Rico, BofA Securities, RBC Capital Markets, VAB Financial, and TCM Capital.

to the Stay Order, this Court ordered that this Adversary Proceeding be stayed pending

confirmation of the Oversight Board's proposed plan of adjustment (as may be amended, modified,

or supplemented, the "Amended Plan")[6] and unstayed once the Amended Plan is confirmed and

becomes effective.

7.    On September 17, 2021, the Pre-Confirmation Plaintiffs filed their *Urgent Motion*

*for Leave of Court to File First Amended Adversary Complaint* [ECF No. 25], solely to add PBA

as a Title III Debtor.  The Court granted this motion on September 27, 2021 [ECF No. 27].

8.    The case remained stayed for over 30 months while the Oversight Board and all

other interested parties proceeded forward with the confirmation process.

9.    Pursuant to the *Order and Judgment Confirming Modified Eighth Amended Title III*

*Joint Plan of Adjustment of the Commonwealth of Puerto Rico, The Employees Retirement System*

*of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings*

*Authority* [Docket No. 19813] ("Confirmation Order"), this Court provided for the creation of the

Avoidance Actions Trust and the Trustee.

10.    Specifically, "[o]n the Effective Date, the Debtors shall transfer all of the

Avoidance Actions Trust Assets to the Avoidance Actions Trust and, in accordance with section

1123(b)(3)(B) of the Bankruptcy Code, the Avoidance Actions Trust shall have the sole right,

authority, and standing to prosecute, settle or otherwise dispose of all Avoidance Actions,

including, without limitation, [this action] as of the Effective Date." *Id.* at 19.

11.    As used in the Confirmation Order and the Amended Plan it confirmed, the

"Avoidance Actions" include this Adversary Proceedings, which includes 18 named Defendants

---

6 More specifically, Trustee defines "Amended Plan" as the Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated January 14, 2022 [ECF No. 19784].

and other tolled, unnamed Defendants. In addition, the Trust contains over 80 of the Pre-Confirmation Avoidance Actions and numerous tolled claims.

12.     On March 15, 2022, the Trustee was appointed.

13.     Pursuant to an unopposed motion by the Trustee [ECF No. 35], the Court entered an *Order* [ECF No. 40] staying the Adversary Proceeding in all respects for a period of 90 days from the March 15, 2022, effective date of the confirmed Amended Plain (the "Stay").

14.     Since the Court imposed the Stay, the Trustee and his professionals have, and continue to, extensively evaluate the claims that are subject of the Adversary Proceeding and remains in the process of determining whether to pursue, settle, prosecute, abandon, or otherwise dispose of these claims.

15.     Because of the time and effort necessary to complete this evaluation, the Trustee respectfully requires an extension of the Stay through and including September 15, 2022 (the "Extended Stay").

16.     The Trustee and counsel for the Defendants have engaged in open and productive communications throughout the Stay period and, to that end, have further conferred with respect to the extension of the stay requested in this Motion and establishing reasonable case management procedures in this action.

17.     The Defendants do not oppose the relief sought in this Motion or the form of the proposed Order attached as **Exhibit A**.

## REQUESTED RELIEF

18.     By this Motion, the Trustee respectfully request that the Court implement the proposed Extended Stay in connection with the prosecution of this Adversary Proceeding. This proposed extension is intended to further facilitate the orderly transition and transfer of the

Avoidance Actions to the Avoidance Actions Trust, and to permit the Trustee to complete his evaluation of this complex matter.

19. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As this Court has observed previously in these PROMESA matters, "[f]ederal courts possess the inherent power to stay proceedings for prudential reasons." *In re Financial Oversight and Management Board for Puerto Rico*, 617 B.R. 173, 179 (D. Puerto Rico 2020) (quoting *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004)); *Microfinancial*, 385 F.3d at 77 ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."); *Bridge Const. Corp. v. City of Berlin*, 705 F.2d 582, 583 (1st Cir. 1983) ("Controlling the docket by methods including a stay is a power inherent in every court."). The ability to modify or further such a stay necessarily flows from the Court's inherent authority. *See id.* (citing *Green v. Cosby*, 177 F. Supp. 3d 673, 681 (D. Mass. 2016). Bankruptcy courts have also noted that § 105 recognizes their "inherent authority" to stay actions. *In re S. Side House, LLC*, 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012). PROMESA expressly incorporates Bankruptcy Code section 105(a). *See* PROMESA § 301(a).

20. In considering a stay, courts generally "balance the equities" and consider the "potential prejudice that [a stay] may entail to each party." *Walsh Constr. Co. P.R. v. United Sur. & Indem. Co.*, 2015 WL 13548470, at \*4 (D.P.R. Sept. 28, 2015); *see also Landis*, 299 U.S. at 255. Courts also consider the duration of the stay requested, the conservation of judicial resources, the prejudice faced by the parties if a stay is, or is not, entered. *See, e.g.*, *Ramos-Martir v. Astra Merck, Inc.*, CIV. 05-2038(PG), 2005 WL 3088372, at \*1 (D.P.R. Nov. 17, 2005); *In re ConAgra*

*Foods, Inc.*, 2014 WL 12580052, at \*4-9 (C.D. Cal. Dec. 29, 2014), *Total Petroleum Puerto Rico*

*Corp. v. T.C. Oil, Corp.*, CV 09-1105 (JP), 2010 WL 11545626, at \*1 (D.P.R. May 7, 2010).

21.     Additionally, Bankruptcy Rule 7016 affords courts significant flexibility and

discretion in adopting measures to facilitate the "just, speedy, and inexpensive disposition of the

action." Fed. R. Civ. P. 16 (made applicable pursuant to Bankruptcy Rule 7016). The Amended

Plan, too, provides that the Court retains jurisdiction to, and may, enter such Orders that may be

"necessary or appropriate to execute, implement, consummate or enforce the provisions of (a)

contracts, instruments, releases, indentures, and other agreements or documents approved by Final

Order in the Title III Cases and (b) the Plan, the Confirmation Order, Definitive Documents and

any other contracts, instruments, securities, releases, indentures, and other agreements or

documents created in connection with the Plan." Confirmation Order, DE 19813-1, § 91.1(f).

22.     Applying these foregoing standards, the Trustee respectfully submits that all

relevant considerations weigh in favor of the Extended Stay requested in this Motion.

23.     The Extended Stay will facilitate and protect the integrity of the transfer of the

Adversary Proceeding to the Avoidance Action Trust. The Extended would permit the Trustee to

evaluate, independently analyze, and ultimately formulate positions based on its business judgment

concerning the extensive, complex, and multi-faceted positions implicated in this Adversary

Proceeding. The Extended Stay would also permit the parties to confer and propose briefing and

case management protocols for the orderly prosecution of claims and defenses.

For all the foregoing reasons and authorities, the Trustee respectfully requests that the

Court enter the proposed Order attached to this Motion as **Exhibit A**, and grant such other relief

as is just and proper.

Dated this 10th day of June 2022.

**CONTINENTAL PLLC**

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
255 Alhambra Cir, Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com
*Counsel to the Trustee*

**CASILLAS, SANTIAGO & TORRES LLC**

/s/ *Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq.,
(USDC-PR 218312)
Luis F. Llach Zúñiga, Esq.
(USDC-PR 223112)
Juan C. Nieves González, Esq.,
(USDC-PR 231707)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com
jnieves@cstlawpr.com
*Counsel to the Trustee*

8

# CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on June 10th, 2022 I electronically filed the foregoing motion

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all appearing parties in the captioned proceeding.


*/s/ John Arrastia*
John Arrastia, Esq.

**EXHIBIT A**
**(Proposed Order)**

Case:17-03283-LTS Doc#:21803-2 Filed:06/30/22 Entered:06/30/22 11:59:30 Desc:
Exhibit Proposed Order Motion Page 1 of 12

**EXHIBIT A**
**(Proposed Order)**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of THE COMMONWEALTH OF<br>PUERTO RICO *et al.,*<br>Debtors.<br>———————————————————————— | PROMESA<br>TITLE III<br>Case No. 17-BK-3283 (LTS)<br>(Jointly Administered) |
| DRIVETRAIN, LLC, as TRUSTEE OF THE<br>AVOIDANCE ACTION TRUST<br><br>v.<br><br>BARCLAYS CAPITAL, *et al.*<br>———————————————————————— | Adv. Proc. No. 19-00280 |

**ORDER GRANTING UNOPPOSED MOTION OF AVOIDANCE ACTIONS TRUSTEE**
**FOR ENTRY OF ORDER EXTENDING STAY OF ADVERSARY PROCEEDING**

Pursuant to the Court's *Order Granting Unopposed Motion of the Avoidance Actions*

*Trustee for Entry of Order Approving Stay of Adversary Proceeding,* this Adversary Proceeding

is currently stayed in all respects for a period of 90 days from the March 15, 2022 effective date

of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto*

*Rico, et al.*, dated January 14, 2022 (the "Initial Stay").

Upon the *Unopposed Motion of Avoidance Actions Trustee for Entry of Order Extending*

*Stay of Adversary Proceeding* (the "Extension Motion")(Docket Entry No. ___ in Adv. Proc. No.

19-00280) (the "Adversary Proceeding"); and the Court having found that the Trustee provided

adequate and appropriate notice of the Extension Motion under the circumstances and that no other

or further notice is required; and the Court having reviewed the Extension Motion; and the Court

having determined that the factual bases set forth in the Extension Motion establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

hereby **ORDERED** that:

1.      The Initial Stay is extended through and including September 15, 2022 (the

"Extended Stay").

2.      The Trustee shall file any amended complaint in the Adversary Proceeding on or

before the date of expiration of the Extended Stay.

3.      The Trustee and the Defendants shall meet and confer regarding a schedule for the

Defendants to answer, move to dismiss, or otherwise respond to any complaint in the Adversary

Proceeding.  If the parties are unable to reach an agreed schedule, and absent further relief from

the Court, the Defendants shall answer, move to dismiss, or otherwise respond to any complaint

in the Adversary Proceeding no later than 150 days after the date of expiration of the Extended

Stay.

4.      This Order is without prejudice to any argument, defense, or claim that the Trustee

or any Defendant may assert in the Adversary Proceeding.

5.      The Court shall retain exclusive jurisdiction to enforce this Order and over any and

all disputes arising out of or otherwise relating to this Order.

SO ORDERED.


Dated: _____, 2022


                                                _____
                                                Laura Taylor Swain
                                                United States District Judge