UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>              Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO THE RESPONSE FILED BY LUIS MANUEL RAMÍREZ-PÉREZ AND JOSÉ LUIS RAMÍREZ-PÉREZ [ECF NO. 21680] TO THE FOUR HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the response and reservation of rights [ECF No. 21680] (the "Response") filed by claimants Luis Manuel Ramírez-Pérez and José Luis Ramírez-Pérez ("Claimants") to the *Four Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for Which The Debtors Are Not Liable* [ECF No. 21427] (the "Four Hundred Eighty-First Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 29, 2018, Claimants filed a proof of claim against the Commonwealth, logged by Prime Clerk LLC (now Kroll Restructuring Administration LLC) as Proof of Claim No. 87279 (the "Claim"), in the amount of $5,000 based on purported liabilities stemming from a "transaction agreement," with the "Authority of Maritime Transportation of Puerto Rico." Claim at 2-3. Claimants later explained in response to an information request that the Claim was based on a "settlement of extrajudicial claim against the Maritime Transportation Authority." *Id.* at 16.

2. On July 1, 2022, the Debtors filed the Four Hundred Eighty-First Omnibus Objection seeking to disallow claims that seek recovery for amounts for which the Debtors are not liable, as set forth on Exhibit A thereto (collectively, the "Claims to Be Disallowed").[3] As set forth in the Four Hundred Eighty-First Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed purports to assert liabilities against the Debtors, but, upon a reasonable review of the proofs of claim and the Debtors' books and records, the Debtors do not

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Four Hundred Eighty-First Omnibus Objection.

2

owe any outstanding liabilities to the applicable claimants. In particular, the Four Hundred Eighty-First Omnibus Objection sought to disallow the Claim because it asserted a liability based on a litigation against the Puerto Rico Maritime Transportation Authority ("MTA"), not against the Commonwealth or any other Title III Debtor. *See* Four Hundred Eighty-First Omnibus Objection, Ex. A [ECF No. 21427-1] at 6.

3. Any party who disputed the Four Hundred Eighty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on August 1, 2022 in accordance with the Court-approved notice attached to the Four Hundred Eighty-First Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1]). *See Certificate of Service* [ECF No. 21525].

4. On August 1, 2022, Claimants filed the Response. Therein, Claimants assert the Claim "involves an extrajudicial settlement agreement between Francisca Pérez Miray (RIP), predecessor in interest and deceased mother of the Creditors (her heirs) and the Puerto Rico Maritime Transportation Authority ("MTA")." Response ¶ 2. The Response contends that the Oversight Board "has never been able to tell [Claimants' counsel]—in a definitive way—whether the MTA is or is not part of the Commonwealth for purposes of these Title III proceedings." *Id.* ¶ 6. In support of that assertion, Claimants rely on a chart, purportedly provided to them by the Oversight Board (attached as Exhibit 1 to the Response [ECF No. 21680-1] (the "Chart")), which sets forth "Ankura Consulting Group's understanding of the Central Government of Puerto Rico's ("Central Government") operations." Chart at 1. Although Claimants concede the Chart does not include the MTA, Claimants contend the Chart does not definitively state MTA is not a Title III

3

Debtor. *See* Response ¶ 4. The Response concludes by stating that, if the Oversight Board "affirmatively represents that the MTA is not a debtor or part of the Commonwealth for the purposes of these Title III cases, **without any caveats or reservations**," that Claimants "have no objection to the disallowance of [the Claim]" and reserve their right to collect directly from MTA. *Id.* ¶ 7 (emphasis in original). The Response concedes that "the relevant inquiry is whether the MTA is a debtor or considered part of the Commonwealth as a debtor in these Title III cases." *Id.* ¶ 4.

5. MTA's enabling act, 23 L.P.R.A. § 3202 (the "MTA Enabling Act"), makes clear that MTA is a separate and district entity from the Commonwealth, and therefore not a Title III Debtor. Specifically, the MTA Enabling Act expressly provides that MTA has a "legal existence and personality separate from the Government of the Commonwealth of Puerto Rico, its agencies, instrumentalities and political subdivisions." 23 L.P.R.A. § 3202. Moreover, the MTA Enabling Act explicitly states that:

> ***The debts, obligations, contracts***, notes, receipts, expenses, accounts, funds, pledges and properties ***of the Authority***, its officials, agents or employees shall be deemed as belongings of said Authority ***and not as property of the Government of Puerto Rico or of any office, bureau, department, instrumentality, agency, or public subdivision, municipality, agent, official or employee thereof***.

MTA Enabling Act (emphasis added).

6. Neither the Claim nor the Response provides a valid basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of the "extrajudicial settlement agreement" purportedly underlying the Claim. To the extent Claimants request the Oversight Board to, in essence, grant them permission or otherwise authorize them to take action to collect against MTA for the liabilities asserted in the Claim, such a request is improper and falls outside of the Oversight Board's purview.

**WHEREFORE** the Commonwealth and ERS respectfully request that the Court grant the Four Hundred Eighty-First Omnibus Objection and disallow the Claim, notwithstanding the Response, and grant the Debtors such other and further relief as is just.

Dated: August 10, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*