UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF BRADLEY TUTTLE, SENIOR MANAGING DIRECTOR OF EPIQ CORPORATE RESTRUCTURING, LLC, IN SUPPORT OF DEBTORS APPLICATION REGARDING THE EMPLOYMENT AND RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC AND COMPLIANCE WITH THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT**

I, Bradley Tuttle, being duly sworn, depose and state:

1. I am a Senior Managing Director of Epiq Corporate Restructuring, LLC ("Epiq"), with offices located at 777 Third Avenue, 12th Floor, New York, NY 10017. I am authorized to make and submit this supplemental declaration (this "Supplemental Declaration"). This Supplemental Declaration is filed at the request of the Office of the United States Trustee and supplements the declaration of Deirdre A. McGuinness, dated June 9, 2017, (the "McGuinness

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Declaration"), attached as Exhibit B to the *Application of Debtors for Entry of Order Authorizing Employment and Payment of Epiq Bankruptcy Solutions, LLC as Service Agent, Nunc Pro Tunc to Petition Date*, filed June 9, 2017, [D.I. 299] (the "Epiq Retention Application"). In addition, this Supplemental Declaration also supplements the *Declaration of Bradley Tuttle, Senior Managing Director of Epiq Corporate Restructuring, LLC, In Support of Debtors Application Regarding the Employment and Retention of Epiq Corporate Restructuring, LLC and Compliance with The Puerto Rico Recovery Accuracy In Disclosures Act*, filed May 16, 2022, [D.I. 20808] (the "Tuttle Declaration").

2. At the time of its engagement, Epiq made a full and thorough conflict review of potential parties in interest in these Title III cases as indicated in the McGuiness Declaration. As required by the PRRADA Order, Epiq completed a supplemental conflict review of potential parties in interest (the "Potential Parties in Interest") and a copy of the list of Potential Parties in Interest was annexed to the Tuttle Declaration as Exhibit 1. The results of the conflicts check were compiled and reviewed by employees of Epiq, under my supervision. There are forty-five (45) entities that comprise the Epiq Global enterprise. I authorized the search across the Epiq Global database where the clients and business relationships of all 45 entities in the Epiq Global enterprise are stored for all Epiq Global entities from the top level parent company DTI Topco, Inc., to all of its affiliates, including Epiq Corporate Restructuring, LLC and Epiq eDiscovery Solutions. To the best of my knowledge, and based solely upon information provided to me by the Debtors, neither Epiq, nor any of its affiliates and owners and investors, have any connection to the Debtors, their creditors or other relevant parties, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

3. As noted in the Tuttle Declaration, at this time, Epiq is not aware of any relationship that would present a disqualifying conflict of interest. In addition Epiq has been a disinterested person (as defined in 11 U.S.C. § 101(14)) at all times during its representation of the Oversight Board.

4. To the best of my knowledge and based solely upon information provided to me by the Debtors, and except as provided herein, neither Epiq, nor any of its professionals, has any adverse connection to the Debtors, its creditors or other relevant parties. In addition, to the best of my knowledge, neither Epiq, or its professionals serving on the engagement team have held any debt or equity securities of the Debtors.

5. I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and Epiq will comply with them, subject to the Orders of this Court. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: August 11, 2022
New York, New York

/s/ Bradley Tuttle
Bradley Tuttle
Senior Managing Director
Epiq Corporate Restructuring, LLC