# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br>    Debtors.[1] | PROMESA<br>Title III<br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br>    Debtor. | PROMESA<br>Title III<br>Case No. 17-BK-4780-LTS<br>**This Application relates only to PREPA, and shall be filed in the lead Case No. 17 –BK-3283-LTS and in PREPA's Title III Case (Case No. 17-BK-4780-LTS)** |

## SUPPLEMENT TO VERIFIED STATEMENT OF NORTON ROSE FULBRIGHT US LLP DISCLOSING CONNECTIONS TO MATERIAL INTERESTED PARTIES RELATED TO THE PUERTO RICO ELECTRIC POWER AUTHORITY PURSUANT TO PUERTO RICO RECOVERY ACCURACY IN DISCLOSURE ACT; SUPPLEMENTAL CERTIFICATION OF LAWRENCE A. BAUER IN SUPPORT THEREOF

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to the *Order Approving List of Material Interested Parties Pursuant to The Puerto Rico Recovery Accuracy In Disclosures Act* [ECF No. 20467[2]] (the "Order") and the Puerto Rico Recovery Accuracy in Disclosures Act, Pub. L. No. 117-82 ("PRRADA"), Norton Rose Fulbright US LLP ("NRF"), in its capacity as special debt financing counsel for the Puerto Rico Electric Power Authority ("PREPA"), hereby supplements (the "Supplement") its *Verified Statement Disclosing Connections to Material Interested Parties Related to the Puerto Rico Electric Power Authority Pursuant to Puerto Rico Recovery Accuracy in Disclosure Act*, filed on June 30, 2022 [Dkt # 21395] (the "Original NRF Statement"), to provide additional information and otherwise respond to certain requests for information made to it by the Office of the U.S. Trustee for the District of Puerto Rico (the "UST").

## **BACKGROUND**

1.      On February 22, 2022, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA" and collectively with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Title III Debtors"), and pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), filed the *Motion of Financial Oversight and Management Board for Puerto Rico Requesting Order Approving Proposed List of Material Interested Parties Pursuant to the Puerto*

---

[2] All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified. Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion (as hereinafter defined).

*Rico Recovery Accuracy in Disclosures Act* [ECF No. 20194] (the "Motion"), seeking Court approval of a list of material interested parties attached thereto as Exhibit "A" (the "Initial MIP List") pursuant to PRRADA.

2.      On March 21, 2022, the Court entered its *Order Regarding Proposed List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act* [ECF No. 20419], directing the Oversight Board to file an amended MIP List.

3.      On March 29, 2020, the Oversight Board filed the *Notice of Filing Amended List of Material Interested Parties Pursuant to Puerto Rico Recovery Accuracy in Disclosures Act* [ECF No. 20458], which attached a list of material interested parties with respect to all Title III Debtors as Exhibit A thereto (the "Amended MIP List").

4.      On March 30, 2022, the Court entered an order approving the Amended MIP List and directed all professionals to file the disclosures required under PRRADA.  On June 6, 2022, this Court entered an order granting NRF's motion to extend the deadline by which NRF may file a Verified Statement in compliance with PRRADA's requirements until June 30, 2022 [Dkt #21112].  On June 30, 2022, NRF, as special debt financing counsel for PREPA, filed the Original NRF Statement [Dkt #21395].

### SUPPLEMENT

5.      The UST has requested that NRF supplement the Original NRF Statement by providing certain additional information.  Attached hereto as Exhibit "A" is the *Supplemental Certification of Lawrence A. Bauer in Support of Verified Statement of Norton Rose Fulbright US LLP Disclosing Connections to Material Interested Parties Related to the Puerto Rico Electric Power Authority Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act*, which NRF hereby respectfully submits to the Court in order to provide the information requested.

Dated:  August 12, 2022                     /s/ Lawrence A. Bauer
In New York City, New York                  Lawrence A. Bauer
                                            NY Bar No. 1828946
                                            lawrence.bauer@nortonrosefulbright.com

                                            NORTON ROSE FULBRIGHT US LLP
                                            1301 Avenue of the Americas, Room
                                            2813
                                            New York, NY  10019-6022
                                            Tel:  (212) 318-3078

                                            *Special Debt Financing Counsel to the
                                            Puerto Rico Electric Power Authority*

## Exhibit A

**Supplemental Certification of Lawrence A. Bauer**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors. [1] | PROMESA<br>Title III<br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br>    Debtor. | PROMESA<br>Title III<br>Case No. 17-BK-4780-LTS<br>**This Application relates only to**<br>**PREPA, and shall be filed in the**<br>**lead Case No. 17 –BK-3283-LTS**<br>**and in PREPA's Title III Case**<br>**(Case No. 17-BK-4780-LTS)** |

## SUPPLEMENTAL CERTIFICATION OF LAWRENCE A. BAUER IN SUPPORT OF SUPPLEMENT TO VERIFIED STATEMENT OF NORTON ROSE FULBRIGHT US LLP DISCLOSING CONNECTIONS TO MATERIAL INTERESTED PARTIES RELATED TO THE PUERTO RICO ELECTRIC POWER AUTHORITY PURSUANT TO PUERTO RICO RECOVERY ACCURACY IN DISCLOSURE ACT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Lawrence A. Bauer hereby certifies as follows:

1.        I am an attorney admitted to practice in the State of New York.  I am a partner in the law firm of Norton Rose Fulbright US LLP ("NRF"), and am a resident in its New York office, located at 1301 Avenue of the Americas, New York, New York, 10019.  I make this certification in accordance with Rule 2014(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules").  This Certification supplements the *Verified Statement of Norton Rose Fulbright US LLP Disclosing Connections to Material Interested Parties Related to the Puerto Rico Electric Power Authority Pursuant to Puerto Rico Recovery Accuracy in Disclosure Act*, filed on June 30, 2022 [Dkt # 21106 (the "Original NRF Statement"), by providing additional information requested by the Office of the United States Trustee for the District of Puerto Rico (the "UST").[2]

2.        Professional Services Agreement:  Attached hereto as Exhibit "1" is a true and complete copy of the firm's *Professional Services Agreement* for fiscal year 2023, commencing July 1, 2022 and continuing through and including June 30, 2023 (the "2022/23 Agreement").  At PREPA's request, I signed the 2022/23 Agreement and returned it to PREPA.  I am waiting to receive notice from PREPA that the 2022/23 Agreement has been approved by the Federal Oversight and Management Board, executed by PREPA and filed with the Comptroller of Puerto Rico (a condition precedent, under Puerto Rico law, to the effectiveness of the 2022/23 Agreement).

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Original NRF Statement.

131388291.5

3.    <u>Firm Revenue</u>:  As disclosed in the Original NRF Statement, NRF is a member of the Norton Rose Fulbright Verein, a Swiss Verein, whose members also include Norton Rose Fulbright US LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of which is a separate legal entity.   NRF disclosed in the Original NRF Statement that none of the representations disclosed in the Original NRF Statement as connections comprises a material component of the Norton Rose Fulbright Verein.  To the best of my knowledge and belief, there were no clients that accounted for greater than 2% of the revenue of the Norton Rose Verein during the years 2017, 2018, 2019, 2020, or 2021.

4.    <u>Further Information re:  NRF's Role in the PREPA Title III Proceeding and the Syncora "Connection"</u>:  As special debt financing counsel to PREPA, NRF's role in PREPA's Title III case has been, and continues to be, very limited.  NRF's representation originally involved the preparation of certain documentation needed in connection with the original Restructuring Support Agreement entered into by various parties (the "RSA"), and the various iterations of the RSA, under which PREPA's debt was to be restructured.  NRF was not involved in the negotiation of the terms and conditions of the RSA—those negotiations were and continue to be handled by other counsel.  Rather, NRF was employed to document what others had already negotiated in the RSA.  The RSA has since been terminated.  PREPA has employed new counsel to document any bond financing documents that may be needed by PREPA as a result of the restructuring of its debt.  NRF has represented PREPA and expects to continue to represent PREPA in matters that are unrelated to the Title III proceedings, such as assisting PREPA in the preparation of its audited financial statements and various securities law public filings.

3

131388291.5

5.      I am informed and believe that NRF serves in a similarly limited capacity with respect to Syncora Guarantee, Inc. ("Syncora") in connection with its relationship with the beneficial owners of bonds which Syncora insures, including beneficial owners of PREPA bonds insured by Syncora, and advises Syncora with respect to its policy rights vis-à-vis those beneficial owners (the "insured PREPA bondholders") .  I am further informed and believe that Syncora's owner is a member of the ad hoc group of beneficial owners of uninsured PREPA bonds in connection with the PREPA Title III case (the "Ad Hoc Group").  The Ad Hoc Group is represented by Kramer Levin Naftalis & Frankel LLP, and it is my understanding that that firm has been and continues to be solely responsible for handling all negotiations regarding how and when members of the Ad Hoc Group will be repaid.  NRF is also not involved in those negotiations. PREPA bonds that are either insured or beneficially owned by Syncora are reflected in the Ad Hoc Group's Rule 2019 statements.

6.      If, however, an agreement is reached, NRF will assist Syncora solely in addressing and documenting the mechanics of how, as between Syncora and insured PREPA bondholders, any consideration that is approved by the Court on account of bonds insured by Syncora should be distributed (for example, via custodial trust for the insured PREPA bondholders).  This is similar to the role that NRF played with respect to the recently confirmed Title III plan of adjustment of the Commonwealth of Puerto Rico, wherein NRF prepared and provided to the Oversight Board documentation governing the distribution options to be provided to holders of Syncora-insured bonds, which materials the Oversight Board then incorporated into the Commonwealth's plan of adjustment and plan supplement materials.

7.      To the best of my knowledge, and as described above, at this time, I am not aware of any issues arising in connection with the matters for which NRF represents Syncora that would

4

131388291.5

put PREPA and Syncora in an adverse relationship with respect to such matters.  In an abundance of caution, NRF has put in place an ethical wall that will prevent any individuals at NRF involved in the representation of Syncora from accessing documents or information concerning NRF's representation of PREPA in the above-referenced Title III cases and its other representation of PREPA.  I have also confirmed directly with the attorney primarily responsible for the representation of Syncora described above that he has not reviewed, or otherwise accessed, documents, emails or other information related to NRF's representation of PREPA in the PREPA Title III case and its other representation of PREPA on NRF's internal document management system.

8.     Other "Connections":  In Paragraph 13(c) of the Original NRF Statement, NRF disclosed that two of its attorneys have children that worked or will work for Berkeley Research Group, LLC and Ankura Consulting Group, and that a partner at NRF has engaged The Brattle Group, Inc. as an expert witness.  At the request of the UST, NRF has created an ethical wall that will prevent these attorneys from accessing documents or information concerning NRF's representing of PREPA in the Title III case and its other representation of PREPA.  Additionally, NRF has confirmed directly with the attorneys referenced in Paragraph 13(c) that, prior to the filing of this Supplement, they have not reviewed, or otherwise accessed, documents, emails or other information related to NRF's representation of PREPA in the PREPA Title III case and its other representation of PREPA on NRF's internal document management system.

9.     Bond Ownership:  In the Original NRF Statement, the firm disclosed that NRF Partner, Eric Tashman, holds bonds issued by certain of the above-referenced debtors.  The UST has requested that NRF disclose the nature of the bonds Mr. Tashman holds.  I am informed and believe that the bonds held by Mr. Tashman are as follows:  approximately $4,000 in face value

5

of Puerto Rico Commonwealth General Obligation Bonds-Series A; $25,000 in face value of Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series UU; and $5,000 in face value of Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR.

I verify, under penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge, and belief.

*/s/ Lawrence A. Bauer*
Lawrence A. Bauer

6

131388291.5

**Exhibit "1"**

131388291.5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

<u>/s/ *Katiuska Bolaños Lugo*</u>
Katiuska Bolaños Lugo

GOVERNMENT OF PUERTO RICO

PUERTO RICO ELECTRIC POWER AUTHORITY

**PROFESSIONAL SERVICES CONTRACT**

-------------------------------------------------APPEAR---------------------------------------------------------

**AS FIRST PARTY**:   The Puerto Rico Electric Power Authority (PREPA), a public corporation and government instrumentality of the Commonwealth of Puerto Rico, created by Act No. 83 of May 2, 1941, as amended (Act 83), represented in this act by its Executive Director, Efran Paredes Maisonet, of legal age, married, and resident of Bayamón, Puerto Rico.-------------------------------------------------------------------------------------

**AS SECOND PARTY**:   Norton Rose Fulbright US, LLP (Consultant), a limited liability partnership organized and existing under the laws of the State of Texas, United States of America and registered to do business in Puerto Rico, represented in this act by its Partner, Lawrence A. Bauer, of legal age, married, and resident of Summit, New Jersey, whose authority of representation is evidenced by _____.

Both PREPA and Consultant are herein individually referred to as a Party and collectively referred to as the Parties. ---------------------------------------------------------------------------------

----------------------------------------------**WITNESSETH**----------------------------------------------------

WHEREAS, PREPA, by virtue of Act. 83 has the authority to engage those professional, technical and consulting services necessary and convenient to the activities, programs and operations of PREPA; ---------------------------------------------------------------------------------

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained in this Contract, hereinafter stated, the Parties, agree themselves, their personal representatives, and successors to enter into this Professional Services Contract (Contract) under the following: ---------------------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 2

------------------------------------TERMS AND CONDITIONS-------------------------------------

### Article 1.  Scope of Services

1.1   The Consultant will counsel in the matters relating to PREPA's financing activities, such as: -----------------------------------------------------------------------------------------------------------

  a)  Matters related to federal securities law and tax matters and the judicial determination of the validity (in Puerto Rico or federal court) of any one or more of such financings; -------------------------------------------------------------------------------

  b)  Matters related to any restructuring of PREPA's outstanding obligations to its various stakeholders; ------------------------------------------------------------------------------

  c)  Matters related to any loan guarantees to be provided by the Government of the United States, and any such other legal matters as may be requested by PREPA, its subsidiaries or affiliates; ---------------------------------------------------------

  d)  Legal representation to the Puerto Rico Electric Power Authority Revitalization Corporation (CRAEE) relating to its issuance from time to time of securitization bonds authorized by Act 4-2016, as amended; ------------------------------------------

1.2   The Consultant also will:

  a)  Negotiate restructuring resolutions authorizing such bonds, trust agreement or agreements securing such bonds, a servicing agreement or agreements, a calculation agent agreement or agreements, a depository agreement or agreements and the other documents relating to the issuance of the securitization bonds and giving the required legal opinions; --------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 3

b)   Assist the CRAEE and PREPA's advisors with the preparation of witnesses (including preparation of the applicable testimony and the Energy Bureau of Puerto Rico order) relating to any additional required approvals by the Energy Bureau of Puerto Rico; -------------------------------------------------------------------------

c)   Assist the other CRAEE counsel with the judicial validation or other approval, as part of the ongoing Title III proceedings, of the securitization bonds (and the arrangements securing their repayment), including preparation or review of the various memoranda of law and other court submissions on behalf of the CRAEE and preparation of witnesses and their testimony; ---------------------------------------

d)   Assist with preparation of and reviewing the documentation of any Plan of Adjustment under Title III or any other offer to be made to PREPA's bondholders and other creditors relating to the exchange of all or a portion of the debt of PREPA they own or insure, as well as the possible issuance in connection therewith of "new money" securitization bonds by the CRAEE; ---------------------

e)   Assist in any rating of the securitization bonds, including the drafting of applicable legal opinions required by the rating agencies and other professionals involved and customary for a utility securitization and all related tax and securities law matters; and -------------------------------------------------------------

f)   Assist in the preparation of any ruling requests, and/or negotiating any closing agreements, with the Internal Revenue Service, as may be necessary, and delivering necessary opinions, relating to the tax status of any bonds issued by the CRAEE or any other related entity, including PREPA. ----------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 4

In case of discrepancy between the terms and conditions of the Consultant's proposal
and the terms and conditions of this Contract, the terms and conditions of the Contract
will prevail. ----------------------------------------------------------------------------------------------------
At the direction of PREPA, the Consultant may be required to work with other legal,
investment, or other PREPA consultants.  The Parties agree to discuss such assignment
in advance, so that all the Parties have a clear understanding as to their responsibilities.
The Consultant is not responsible for worked performed by others. -----------------------------

**Article 2.  Services Coordination**

All the Services of Consultant in relation to the terms and conditions of this Contract will



be coordinated through PREPA's Finance Director or the person or persons delegated by

said Director. ----------------------------------------------------------------------------------------------------

**Article 3.  Contract Assignment or Subcontract**

The Consultant shall not assign nor subcontract its rights and obligations under this

Contract, except in the event PREPA gives written authorization for such actions, and no

subcontract shall be considered for PREPA's approval, except when the following

requirements are met:  (1) the Consultant delivers to PREPA a copy of the subcontract,

not less than thirty (30) days prior to the effective date of the proposed subcontract; (2)

the subcontract includes, as a condition for its legal validity and enforceability, a provision

whereby PREPA has the right to substitute, subrogate or assume Consultant's rights

under the subcontract, in the event that PREPA declares the Consultant in breach or

default of any of the terms and conditions of this Contract; and (3) the subcontract

includes, as a condition for its validity and enforceability, a provision establishing for the

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 5

subcontractor the obligation to comply with all Consultant's obligations under this Contract *(mirror image clause),* except for such obligations, terms and conditions which exclusively relate to works or services not included under the subcontract. A request to subcontract shall specify the issues or matters that will be referred to the subcontractor. These services shall be paid as part of the Contract Amount, as stated in Article 6, Payment. ---

**Article 4.  Contract Term**

This Contract shall be in effect from the date of its execution until June 30, 2023 (the Contract Period). ------------------------------------------------------------------------------------------

**Article 5.  Contract Termination**

5.1  Either party shall have the right to terminate this Contract, at any time, by providing the other party thirty (30) days' prior written notice by registered mail, return receipt requested, or overnight express mail or other reputable courier service. If notice is given, this Contract shall terminate upon the expiration of thirty (30) days, and PREPA shall be obligated to pay all fees and expenses incurred up to the day of effective termination, in accordance with the terms of this Contract. --------------------

5.2  The rights, duties and responsibilities of the Parties shall continue in full force and effect during the thirty (30) day notice period. The Consultant shall have no further right to compensation except for what has been accrued for services rendered under this Contract until said date of effective termination. ----------------------------------------- Moreover, PREPA shall have the right to terminate this Contract immediately in the event of negligence, dereliction of duties or noncompliance by the Consultant. ------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 6

The Consultant acknowledges that all his responsibilities and obligations under the Contract, such as work to be performed and services to be provided, etc., will continue in full force and effect until the expiration of the thirty (30) day period. --------------------------

### Article 6. Payment

6.1   In accordance with the terms and conditions contained herein, PREPA agrees and Consultant accepts that the total amount to be paid under the Contract shall not exceed a cumulative amount of five hundred thousand dollars ($500,000), including reimbursable expenses (the "Contract Amount").  All payments to be made under this Contract will be charged to account 01-4019-92303-556-673.  PREPA will only pay for Services already rendered before the submitted invoice date.  PREPA will not be required to make advance payments for any future service to be rendered by Consultant under this Contract. ----------------------------------------------------------------------



6.2   Nothing herein shall preclude the Parties from agreeing to increase said amount in writing and signed by both Parties. ---------------------------------------------------------------

6.3   PREPA will pay for the Services rendered by Consultant according to following:

| Name | Title | Hourly Rate |
|------|-------|-------------|
| Lawrence A. Bauer | Partner | $930 |
| Bob Bruner | Partner | $975 |
| Peter Canzano | Partner | $910 |
| Kelly Charles | Senior Paralegal | $385 |
| Patrick Dolan | Partner | $1,210 |
| Clifford Gerber | Partner | $1,000 |
| Toby Gerber | Partner | $1,410 |
| Julie Goodrich | Senior Associate | $805 |
| Matthew Hughey | Partner | $930 |
| Mary Kimura | Partner | $825 |
| Anna Lee | Partner | $985 |

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 7

| Sylvia Lee | Research Assistant | $460 |
|---|---|---|
| James McGettrick | Of Counsel | $765 |
| Thomas Morgan | Senior Paralegal | $420 |
| Steve A. Peirce | Senior Counsel | $920 |
| Uyen Poh | Partner | $935 |
| Mallary Preston | Associate | $605 |
| Homer Schaaf | Of Counsel | $860 |
| Eric Tashman | Partner | $1,085 |
| Judy Vélez | Practice Assistant | $120 |
| Stephen J. Watson | Partner | $1,095 |
| Fredric A. Weber | Of Counsel | $1,065 |
| Rebecca Winthrop | Partner | $780 |
| Patti T. Wu | Senior Counsel | $905 |

6.4   Should the Consultant assign another person to attend to PREPA's matters pursuant
to this Contract, the Consultant shall promptly send PREPA an amended schedule
to include such person's name, position and rate, and request approval from
PREPA. ------------------------------------------------------------------------------------------------------

6.5   The Consultant shall immediately notify PREPA when the cumulative billing under
this Contract amounts to seventy-five percent (75%) of the Contract Amount.  Once
this notification has been issued, the Consultant, in coordination with PREPA, will
ensure that no Services will be rendered in excess of the Contract Amount, unless
a written amendment increasing the Contract Amount has been agreed upon by both
Parties and become effective.  In addition, the Consultant shall present an itemized
list of the remaining billable Services under this Contract. -----------------------------------

**Article  7.  Fees, Expenses and Disbursements**

7.1 Consultant shall not bill PREPA for (a) time spent in processing conflict searches,
preparing billing statements, or in responding to PREPA inquiries concerning
Consultant's invoices; or (b) travel time unless such time is spent providing any of the

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 8

Services to PREPA or to the Corporation under this Contract.  Consultant shall not bill PREPA for the administrative tasks of creating, organizing, reviewing and/or updating files; routine or periodic status reports; receiving, reviewing, and/or distributing mail; faxing or copying documents; checking electronic mail or converting information to disk. --------------------------------------------------------------------------------------

7.2   PREPA will reimburse the Consultant for actual costs and expenses related to matters assigned to Consultant and for necessary and reasonable out-of-pocket disbursements, subject to the limitations and exceptions set forth below.   The Consultant is expected to have a system in place that ensures those who bill time and disbursements to PREPA matters do so promptly and accurately. -----------------

7.3   PREPA will not reimburse Consultant for:  (a) costs included in a 'miscellaneous' or 'other' category of charges; (b) overhead costs and expenses-such as those relating to fees for time or overtime expended by support staff (secretaries, administrative/clerical personnel, internal messengers, and other similar services), word processing and/or proofreading, cost of supplies or equipment, and/or other similar costs of doing business; (f) time spent attending education seminars or training programs; or (h) mark-ups or surcharges on any cost or expense.  In addition, if communications are sent to PREPA using more than one medium, PREPA will not expect to pay for the cost of both communications.  For instance, if a piece of correspondence is sent to PREPA by email, PREPA will not pay for the cost of that same correspondence if it is also sent via regular or expedited mail

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 9

unless it is necessary by law or otherwise for PREPA to receive an original of such correspondence or any enclosure therein. --------------------------------------------------------

7.4 PREPA will reimburse Consultant for separately itemized expenses and disbursements in the following categories:

7.4.1 Messenger/courier service – PREPA will reimburse actual charges billed to Consultant for deliveries (including overnight deliveries) where this level of service is required because of time constraints imposed by PREPA or court process or because of the need for reliability given the nature of the items being transported. Appropriate summaries of messenger/courier expenses must reflect the date and cost of the service and the identity of the sender and the recipient or the points of transportation. ------------------------------------

7.4.2 Travel – All travel expenses shall be approved in writing and in advance by PREPA. PREPA will reimburse actual charges for transportation and hotels reasonable and necessary for effective services to PREPA. PREPA will not pay for any first-class or business-class travel. If a scheduled trip is cancelled by PREPA, PREPA will reimburse Consultant for any penalty fees and forfeited airfare. Summaries of transportation expenses should reflect the identity of the user, the date and amount of each specific cost, and the points of travel. Summaries of lodging and meals expenses should include the identity of the person making the expenditure, the date and amount, and the nature of the expenditure. Meals will be reimbursed only upon

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 10

>   presentation of restaurant detailed bills, and under no circumstances will
>   PREPA reimburse Consultant for the cost of any alcoholic beverages. ------
>   Travel expenses reimbursement applies for personnel providing the
>   Services to PREPA, travel expenses for family members or guests are not
>   chargeable to PREPA or reimbursable. ------------------------------------------------

7.4.3  The cost of air travel will be reimbursed up to an amount that is no more than
the advance purchase of the lowest available economy airfare (including
applicable fees and taxes).  The Consultant shall submit a copy of the
original airline ticket or paid travel agency invoice.  Airfare may only be
invoiced following completion of travel. In the event of a scheduled trip has
to be cancelled by PREPA's order, PREPA will assume the cost of the
penalty fee. Baggage fees will be reimbursed.  Evidence of incurred costs
shall be submitted by the Consultant.  Excess baggage fees will not be
reimbursed. ----------------------------------------------------------------------------------

Airfare necessary to attend PREPA's official business will be paid by PREPA
according to these guidelines.  The Consultant shall buy an economic class
ticket or equivalent, then if desired, he/she may upgrade, but PREPA will
only pay the amount corresponding to the economy class or equivalent
airfare. ---------------------------------------------------------------------------------------

7.4.4  Maximum Per Diem Rates (no proof of payment will be required): ------------
Meals: - $57 per person for each traveling day. --------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 11

Lodging (standard not smoking room): - $200 per person, per night not including government fees and taxes. The Consultant will use the most economical alternative of lodging, including temporary rentals of apartments or rooms (Airbnb like rentals). For travel periods longer than five days, temporary rentals shall be coordinated if less expensive than hotel accommodations, and evidence of said temporary rental shall be provided. - Taxi or bus fares to and from depots, airports, and hotels, and other necessary ground transportation costs will be reimbursed for arrangements travel plans in the San Juan metropolitan area. upon submission to PREPA of proper proof of payment of such expenses. ----------------------------------------

7.4.5  Reimbursable expenses shall not exceed six percent (6%) of the Contract Price in one year and will be reimbursed by PREPA through the presentation of acceptable evidence for such expenses. ------------------------------------------

7.4.6  Photocopying/printing – PREPA will reimburse actual charges for outside binding, and printing services and costs of outside photocopying services, which are not to exceed the five (5) cents per page for black and white copies, and twenty-five (25) cents per page for color copies. Summaries of expenditures for copying should reflect both the number of copies made and the cost per copy. -----------------------------------------------------------------------

7.4.7  Third-Party Services – The approval of PREPA must be obtained in writing prior to retaining any third-party services. The Consultant shall use reasonable efforts for ensuring that there are no conflicts of interest between

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 12

> any third-party vendor and PREPA or between any clients or vendor and
> PREPA.   In addition, all arrangements with third-party vendors should
> include an appropriate undertaking of confidentiality and data privacy.
> Invoices from third-party vendors should be paid directly by Consultant,
> incorporated into its invoice to PREPA and should include appropriate detail.
> Copies of third-party invoices may be requested by PREPA and should be
> retained in accordance with PREPA's guidelines. -----------------------------------
>
> 7.4.8  PREPA reserves the right to question the charges on any bill (even after
> payment) and to obtain a discount or refund of those charges that are
> disputed.   At PREPA's request, copies of bills and records reflecting
> reimbursable expenses must be provided to PREPA. -----------------------------

## Article 8.  Invoices

8.1  Consultant shall submit its invoices on a monthly basis for the work performed during
the preceding month.  Consultant will provide to PREPA an invoice for each billing
period, which invoice must include a description of the services rendered and the
number of hours spent by each person and clearly identify the Services performed for
PREPA and for the Corporation.   The invoice for professional services shall be
itemized and must be duly certified by an authorized representative of the
Consultant. ------------------------------------------------------------------------------------------------

8.2  PREPA will review the invoices upon receipt, and if they are in compliance with the
requirements set forth in this Contract, it will proceed with payment.  Payment is due
within sixty (60) days of receipt of the invoice.  PREPA reserves the right to conduct

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 13

the audits it deems necessary, and it will not be subject to finance charges regarding

invoice payments subject to an audit. ------------------------------------------------------------

8.3 All invoices submitted by Consultant shall include the following Certification in order

to proceed with its payment: ----------------------------------------------------------------------

No Interest Certification:

*"We certify under penalty of nullity that no public servant of Puerto Rico Electric
Power Authority (PREPA) will derive or obtain any benefit or profit of any kind from
the contractual relationship which is the basis of this invoice. If such benefit or profit
exists, the required waiver has been obtained prior to entering into the Contract. The
only consideration to be received in exchange for the performance of the Services
provided is the agreed-upon price that has been negotiated with an authorized
representative of the PREPA. The total amount shown on this invoice is true and
correct. The Services have been rendered, and no payment has been received".*

_____
*Consultant's Signature*

This is an essential requirement, and those invoices without this Certification will not be

processed for payment. In order to comply with the certification requirements set forth

above, Consultant shall require that subcontractors, if any approved by PREPA, providing

Services also make the certification set forth above in any invoices submitted in

connection with the Services. -----------------------------------------------------------------------

**Article 9. Transfer of Funds**

9.1 If Consultant decides to assign or transfer an amount, due or payable, to which he

is entitled for services rendered or goods provided during the term of this Contract,

Consultant shall notify PREPA of such transfer of funds, in accordance to the

provisions of Act 21-2012, as amended. Said notice shall clearly indicate the rights

granted, including a copy of the contract under which the assignment or transfer of

funds is made, the exact amount of funds to be assigned or transferred, and specific

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 14

identification information regarding the assignee (full name of the person or company), address and any other contact information. ----------------------------------------

9.2   Consultant acknowledges and agrees that PREPA may deduct from any amount due or payable under this Contract, amounts that Consultant owes to PREPA; PREPA may retain any said amount if Consultant fails to fulfill its obligations and responsibilities under this Contract, or a claim arises for warranty or defects regarding the services rendered or goods provided under this Contract. Consultant also acknowledges and agrees that PREPA's payment obligation under any assignment of funds will cease upon payment of the outstanding amounts under this Contract. PREPA shall not be required to make payments or transfer any funds for an amount that exceeds the payment to which Consultant is entitled to under this Contract. ----------------------------------------------------------------------------------------------------

9.3   Consultant shall include with its notice of assignment of funds a cashier's check or money order for two hundred dollars ($200), payable to "Puerto Rico Electric Power Authority", to cover administrative costs in processing such assignment. --------------

### Article 10.  Information and Material Facts

10.1   PREPA shall promptly provide to Consultant all information under its control and necessary for Consultant to perform the Services under this Contract and those material facts that Consultant may reasonably require in order to provide its Services to PREPA.  PREPA will ensure, to the best of its knowledge and belief, that the documents, data, and other information and material facts provided to Consultant, which are under its control, are true and complete, and do not constitute misleading

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 15

or inaccurate information.  Consultant shall be entitled to rely on the accuracy and completeness of the documents, data, and other information and material facts provided to it by PREPA or others acting under PREPA's direction. --------------------

10.2  PREPA will advise Consultant in writing of any developments of which PREPA becomes aware, and which PREPA considers may have a material effect with respect to the information and/or facts provided to Consultant. ---------------------------

**Article 11.  <u>Information Disclosure and Confidentiality</u>**

11.1  The Parties shall take all reasonable steps to keep confidential and use only for the purposes contemplated by the terms of this Contract the information provided by PREPA (or anyone at PREPA's direction) and/or Consultant, and take all reasonable steps to ensure that such information is not disclosed or distributed by its employees or agents in violation of the terms of this Contract. --------------------------------------------

11.2  The Parties also agree that, except as agreed to in writing by both Parties, they will not, at any time after termination of this Contract, disclose any confidential information to any person whatsoever, or permit any person whatsoever to examine and/or make copies of any reports prepared by Consultant or under its control in satisfaction of providing Services hereunder, and that upon termination of this Contract each Party will turn over to the other all documents, papers, and other matters in its possession or under its control that relate to the other Party. Consultant may retain one file copy for its records. ----------------------------------------

11.3  The term "confidential information" shall include, but not be limited to, all information provided to Consultant by PREPA or at PREPA's direction regarding its facilities or

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 16

operations or the Services to be provided hereunder and any and all information gathered or developed by Consultant regarding the same.  The Parties further agree that proprietary records and documents related to Consultant's business operations are confidential to Consultant and will not be disclosed to PREPA or other Parties, except as may be judicially ordered.  The Parties agree that PREPA will resist any attempt by opposing counsel or other persons to obtain Consultant's proprietary information.   The term "confidential information", however, will not include information that:  ---------------------------------------------------------------------------------------

 (i) is or becomes public other than through a breach of this Contract;

 (ii) is known to the receiving Party prior to the date of this Contract and with respect to which the receiving Party does not have any obligation of confidentiality;

 (iii) becomes known to the receiving Party through disclosure by sources other than the receiving Party having the legal right to disclose such information; or

 (iv) is independently developed by the receiving Party without use of, reliance upon or reference to, confidential information.

11.4 The Parties acknowledge that disclosure of any confidential information by either Party will give rise to irreparable harm to the injured Party inadequately compensable in damages.  Accordingly, either Party may seek and obtain injunctive relief against the breach or threatened breach of the foregoing undertakings, in addition to any other legal remedies, which may be available. ----------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 17

11.5 Consultant shall maintain in strictest confidence both during the term of this Contract
and subsequent to termination of this Contract, and shall not during the term of this
Contract or thereafter disclose or divulge to any person, firm, or corporation, or use
directly or indirectly, for its own benefit or the benefit of others, any information which
in good faith and good conscience ought to be treated as confidential information
including, without limitation, information relating to PREPA's operations or trade
secrets relating to the business or affairs of PREPA which Consultant may acquire
or develop in connection with or as a result of the performance of the Services
hereunder. In the event of an actual or threatened breach by Consultant of the
provisions of this paragraph, PREPA shall be entitled to injunctive relief for such
breach. Nothing herein shall be construed as prohibiting PREPA from pursuing any
other legal remedies available, including the recovery of damages from Consultant.

11.6 The above provisions do not apply with respect to information, which Consultant is
requested to disclose under applicable law and regulations, court order, subpoena
or governmental directives, in which case Consultant shall provide PREPA prompt
notice of such request in order to provide PREPA with a reasonable opportunity to
oppose such disclosure unless Consultant is prohibited by law or order of a court or
other government authority from giving such notice to PREPA. Consultant agrees to
expeditiously notify and submit to PREPA a copy of any court order or subpoena
and to the extent possible provide any assistance to PREPA (in the form of
documents) regarding the submission of such information. ---------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 18

11.7  With respect to this Contract and any information supplied in connection with this
Contract and designated by the disclosing Party as confidential, the recipient agrees
to:  (i) protect the confidential information in a reasonable and appropriate manner
and in accordance with applicable professional standards; (ii) use confidential
information only to perform its obligations under this Contract; and (iii) reproduce
confidential information only as required to perform its obligations under this
Contract.-------------------------------------------------------------------------------------------------

Consultant may divulge confidential information to its employees who need to know
such information to fulfill the purposes of this Contract, provided that such persons
(i) shall have been advised of the confidential nature of such information and
Consultant shall direct them, and they shall agree, to treat such information as
confidential and to return all materials to Consultant upon request but for one copy
for record purposes only; and (ii) in each case, such person is bound by obligations
of confidentiality and non-use consistent with and at least as stringent as those set
forth in this Contract.----------------------------------------------------------------------------------

In connection with the Services rendered under this Contract, Consultant will furnish
PREPA and/or the Corporation any necessary reports, analyses or other such
materials that exist as of the date requested, as PREPA may reasonably request.
Consultant shall not invoice the time spent to gather and deliver such information.
PREPA, however, acknowledges that Consultant may develop for itself, or for
others, problem solving approaches, frameworks or other tools and processes
developed in performing the services and any additional services provided

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 19

hereunder, and nothing contained herein precludes Consultant from developing or disclosing such materials and information provided that the same do not contain or reflect confidential information. ------------------------------------------------------------------------

Consultant shall return to PREPA all confidential information, as well as any other document that may relate to its work under this Contract, within thirty (30) days after date of the expiration or earlier termination of this Contract or destroy such information, certifying that all the information has been returned to PREPA or destroyed, but for electronic information held in archive and/or backup files to the extent such files cannot be deleted without unreasonable effort or expense and created in the ordinary course pursuant to established data backup/archive procedures; provided, however, that Consultant may retain its own work product as long as it maintains the confidentiality of PREPA's information as otherwise provided in this Contract.  This Article shall survive the termination, expiration or completion of this Contract. --------------------------------------------------------------------------------------

**Article 12.  Rights and Titles**

12.1   The Consultant will submit any reports reasonably required by PREPA regarding the Services performed under this Contract.   If required by PREPA, at the completion of any assigned task, the Consultant will submit a final written report describing the work it has performed.  This requirement shall not be interpreted as a waiver by PREPA of Consultant's ethical obligation and responsibility of keeping PREPA informed of the progress of the assigned matters. -------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 20

12.2   All rights, titles and interest in any reports, documents, analyses, investigations
and any other by-product conceived or developed by the Consultant exclusively
for PREPA as a result of performing its obligations under this Contract shall be the
exclusive property of PREPA.   The Consultant shall retain all right, title, and
interest in and to proprietary works of authorship, pre-existing or otherwise, that
have not been created specifically for PREPA under this Contract.   With the
exception of items marked as "CONFIDENTIAL" by the Consultant, PREPA shall
retain the right to use, refer, share, or provide to any third party, as PREPA may
determine, the results of any reports, documents, analyses, investigations or any
other by-product of the Services performed by the Consultant under this Contract.

**Article 13.  Copyright**

Consultant and PREPA shall jointly defend any suit or action brought against either party
based on a claim that any document, report, study, analysis, copyrighted composition,
article or any by-product of those, either used in the performance of the Services by
Consultant or provided to PREPA by Consultant as part of its Services, or used in the
performance of this Contract, including their use by PREPA, constitutes an infringement
of any patents or copyrights of the United States.   The Party of this Contract subject to
the claim or that becomes aware of a potential claim shall promptly notify in writing the
other Party of this Contract, and give the authority, information, and assistance
reasonable and necessary for the defense of such claim. ----------------------------------------

**Article 14.  Warranty**

Consultant warrants that it shall perform the Services in accordance with the applicable

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 21

standards of care and diligence established by the Rules of Professional Conduct that
regulate its profession at the time of performance of the Services, and which are normally
practiced and recognized in performing services of a similar nature (the "Standard"). -----

### Article 15. Responsibility for Damages

The appearing Parties agree that their responsibilities for damages under this Contract
will be governed by the Puerto Rico Civil Code and its case law, as dictated by the
Supreme Court of Puerto Rico. ---------------------------------------------------------------------------

### Article 16. Independent Contractor

16.1 Consultant shall be considered as an independent contractor, for all material
purposes under this Contract, and all persons engaged or contracted by
Consultant for the performance of its obligations herein, shall be considered as its
employees or agents, and not as employees or agents of PREPA. --------------------

16.2 As an independent contractor, Consultant shall not be entitled to any fringe
benefits, such as, but not limited to vacation, sick leave, and to which PREPA's
employees are entitled. -----------------------------------------------------------------------------

### Article 17. Employees not to Benefit

No officer, employee or agent of PREPA or the Corporation, nor of the Government of the
Commonwealth of Puerto Rico or its Municipal Governments shall be admitted to any
share or part of this Contract or to any benefit that may arise therefrom. ---------------------

### Article 18. Conflict of Interest

18.1 Consultant certifies that none of its representatives under this Contract receive
payment or compensation of any nature, for the services regularly rendered under

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 22

this Contract through an appointment in another government agency, body, public corporation or municipality of Puerto Rico. Consultant also certifies that it may have other professional services contracts with other Puerto Rico government agencies, bodies, public corporations or municipalities, but such contracts do not constitute a conflict of interest for Consultant hereunder. ----------------------------------

18.2   Consultant acknowledges that in performing its Services pursuant to this Contract it has a duty of complete loyalty towards PREPA, which includes not having conflict of interest. "Conflict of Interest" means representing clients who have or may have interests that are contrary to PREPA but does not include rendering to another client services in matters that are unrelated to the Services covered in this Contract. Also, Consultant shall have the continuous obligation to disclose to PREPA all information and circumstances of its relations with clients and third persons that would result in a conflict of interest which would influence the Consultant when performing its responsibilities under this Contract. -----------------

18.3   Consultant certifies that, at the time of the execution of this Contract, it does not have a conflict of interest with PREPA and that it does not maintain any claim, judicial or otherwise, against the Government of Puerto Rico, its agencies or instrumentalities. Also, Consultant certifies that, to the best of its knowledge, at the time of the execution of this Contract, none of its clients have a conflict of interests with PREPA, nor any of Consultant's other contractual relationships represent a conflict of interests with PREPA. If such conflicting interests arise after the execution of this Contract, Consultant shall, to the extent consistent with its

obligations to other clients, promptly notify PREPA. If Consultant determines it does represent anyone who has adverse interests that are in conflict with PREPA, Consultant shall notify PREPA and take commercially reasonable measures to safeguard PREPA's interests and ensure its Confidential Information remains confidential. Any employee of Consultant representing anyone with adverse interests to PREPA shall be restricted in accessing any and all information regarding PREPA, and Consultant shall take measures to ensure the proper procedures are in place to protect PREPA's interests. -----------------------------------

The Parties understand and agree that a conflict of interest exists when Consultant must advocate a position or outcome on behalf of any existing or future client that is contrary to PREPA's interests in a situation where PREPA is a party or is known by the Consultant to be a potential future party to the particular matter. Also, any conduct defined in the Standard regarding conflict of interests shall apply to Consultant and its personnel. -------------------------------------------------------------------

18.4 In the event that any personnel of Consultant engaged in providing Services under this Contract should act in violation of the provisions of this Article, the provisions of Article 18.6 shall apply. -------------------------------------------------------------------------

18.5 Consultant's partners, agents or employees and personnel shall avoid even the appearance of the existence of conflicting interests. ----------------------------------------

18.6 Consultant acknowledges that PREPA's Executive Director shall have the power to oversee the acts of Consultant and/or its agents, employees, and subcontractors regarding the enforcement of the prohibitions contained herein. In the event that

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 24

the existence of adverse interests is discovered, the PREPA's Executive Director shall inform Consultant in writing of PREPA's intention to terminate this Contract within a thirty (30) day period.   During said period, Consultant may request a hearing with the Executive Director to present its arguments regarding the alleged conflict of interest.   In the event that Consultant does not request such hearing during the specified thirty (30) day period or the controversy is not satisfactory settled during the hearing, PREPA has the right to terminate this Contract. ---------

18.7   The Consultant certifies that, at the time of the execution of this Contract, it does not have nor does it represents anyone who has a conflict of interest with PREPA. If such conflict of interest arises after the execution of this Contract, the Consultant shall notify PREPA immediately, subject, if applicable to duties of confidentiality to others. -------------------------------------------------------------------------------------------

**Article 19.  Notices**

All notices and other communications hereunder shall be in writing and shall be deemed given when delivered personally or sent by telecopy, or postage prepaid, by registered, certified or express mail (return receipt requested) or reputable overnight courier service and shall be deemed given when so delivered by hand, or telecopied, or if mailed, three days after mailing (one business day in the case of express mail or similar overnight courier service) to the Parties to the following addresses:-------------------------------------------

|  |  |
|---|---|
| To PREPA: | Puerto Rico Electric Power Authority<br>PO Box 364267<br>San Juan, Puerto Rico 00936-4267 |
| Attention: | Josué A. Colón Ortiz<br>Executive Director |

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 25

To Consultant:         Norton Rose Fulbright US, LLP
                          1301 Sixth Avenue
                          New York, NY 10019

    Attention:          Lawrence A. Bauer
                          Partner

## Article 20.  Applicable Law and Venue

This Contract shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico. Also, the Parties expressly agree that only the State Court of Puerto Rico or the Federal Court for the District of Puerto Rico if applicable, will be the courts of competent and exclusive jurisdiction to decide over the judicial controversies that the appearing Parties may have among them regarding the terms and conditions of this Contract. --------------------------------------------------------------------------------

## Article 21.  Change in Law

During the term of this Contract, any change in law, including, but not limited to changes in applicable tax law, which cause an increase in Consultant's costs when providing the services, shall be Consultant's responsibility, and PREPA shall not be obligated to increase the Contract Amount. ------------------------------------------------------------------------------

## Article 22.  Force Majeure

22.1   The Parties shall be excused from performing their respective responsibilities and obligations under this Contract and shall not be liable in damages or otherwise, if and only to the extent that they are unable to perform or are prevented from performing by a force majeure event. ----------------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 26

22.2   For purposes of this Contract, force majeure means any cause without the fault or negligence, and beyond the reasonable control of, the Party claiming the occurrence of a force majeure event. --------------------------------------------------------

22.3   Force majeure may include, but not be limited to, the following:  Acts of God, industrial disturbances, acts of a public enemy, war, blockages, boycotts, riots, insurrections, epidemics, earthquakes, storms, floods, civil disturbances, lockouts, fires, explosions, and interruptions of services due to the acts or failure to act of any governmental authority; provided that these events, or any other claimed as a force majeure event, and/or its effects, are beyond the reasonable control and without the fault or negligence of the Party claiming the force majeure event, and that such Party, within ten (10) days after the occurrence of the alleged force majeure, gives the other Party written notice describing the particulars of the occurrence and its estimated duration.  The burden of proof as to whether a force majeure event has occurred shall be on the Party claiming the force majeure. -----

**Article 23. <u>Novation</u>**

23.1   The Parties expressly agree that no amendment or change order, which could be made to this Contract during its term, shall be understood as a contractual novation, unless both Parties agree to the contrary, specifically and in writing. ----

23.2   The previous provision shall be equally applicable in such other cases where PREPA gives Consultant a time extension for the compliance of any of its obligations under this Contract, or where PREPA dispenses the claim or demand of any of its credits or rights under this Contract. --------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 27

### Article 24.  <u>Severability</u>

If a court of competent jurisdiction declares null and void or invalid any provision of this Contract, such declaration will not affect the validity and effectiveness of the remaining provisions of this Contract, and the Parties agree to comply with their respective obligations under such provisions not included in such declaration.----------------------------

### Article 25.  <u>Save and Hold Harmless</u>

The Consultant agrees to save and hold harmless and to indemnify PREPA for all expenses and costs of any nature (including reasonable attorneys' fees) incurred by PREPA arising out of any third-party claim made by any person for bodily injuries, including death, or for property damage, to the extent directly caused by the Consultant by its negligent act or omission in the performance or nonperformance of its obligations under this Contract, but not to the point directly caused by negligent act or omission of PREPA or a third party, which is not a partner, employee or subcontractor or other agent of the Consultant.----------------------------------------------------------------------------------------------

With respect to any indemnity set forth in this Contract, each indemnified party shall give prompt notice of its receipt of any threat, indication or other notice of any claim, investigation or demand that might give rise to any losses required to be indemnified hereunder and shall reasonably cooperate in the defense of such claim.  The indemnifying party shall have the right to conduct defense of such action at its sole expense. -----------

----------------------------------------------------------------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 28

**Article 26.  Insurance**

The Consultant shall secure and maintain in full force and effect during the life of this

Contract as provided herein, policies of insurance covering all operations engaged in this

Contract as follows: -------------------------------------------------------------------------------------------

Professional Liability Insurance:

The Consultant shall provide a Professional Liability Insurance with limits

of $1,000,000 per claim and $1,000,000 aggregate.------------------------------------------------

**Furnishing of Policies:**

All required policies of insurance shall be in a form acceptable to PREPA and shall be



issued only by insurance companies authorized to do business in Puerto Rico. ------------

The Consultant shall furnish a certificate of insurance in original signed by an authorized

representative of the insurer in Puerto Rico, describing the coverage afforded. -------------

**Article 27.  Compliance with the Commonwealth of Puerto Rico Contracting
                    Requirements**

A. The Contractor will comply with all applicable laws, regulations and executive orders

   that regulate the contracting process and requirements of the Government of

   Puerto Rico, including Act 73-2019, as amended, known as the "2019 General

   Services Administration Act for the Centralization of Purchases of the Government of

   Puerto Rico" (Act 73-2019).  In compliance with the provisions of Act 73-2019, the

   Contractor has provided PREPA the Certification of Eligibility of the Unique Registry

   of Professional Services Providers (known in Spanish as "Certificado de Elegibilidad

   del Registro Único de Proveedores de Servicios Profesionales", and hereinafter

   referred to as the "RUP Certification"), issued by the General Services Administration.

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 29

It is hereby acknowledged that pursuant to the provisions of Article 42 of Act 73-2019, a valid RUP Certification serves as evidence of compliance with the documentation requirements necessary for contracting professional services with the Government of Puerto Rico, particularly those applicable under Act 237-2004, as amended, which establishes uniform contracting requirements for professional and consultant services for the agencies and governmental entities of the Commonwealth of Puerto Rico (3 LPRA 8611 et seq.), the Puerto Rico Department of Treasury Circular Letter Number 1300-16-16 issued on January 22, 2016, as amended, and the sworn statement before notary public required pursuant to Article 3.3 of Act 2-2018.-------------------------

B. Special Contribution for Professional and Consulting Services:   As required by Act 48-2013, as amended, PREPA will withhold a special contribution of one point five percent (1.5%) of the gross amounts paid under this Contract. -----------------------------

C. Social Security and Income Tax Retentions:   In compliance with Executive Order 1991 OE- 24; and C.F.R. Part 404 et. Seq., the Contractor will be responsible for rendering and paying the Federal Social Security and Income Tax Contributions for any amount owed as a result of the income, from this Contract. -----------------------

D. Income Tax Retention Law:  PREPA shall deduct and withhold ten percent (10%) of any and all payments to residents of the Commonwealth of Puerto Rico as required by the Internal Revenue Code of Puerto Rico.   In case of US citizens and non-US citizens, which are nonresidents of the Commonwealth of Puerto Rico, the PREPA will retain twenty percent (20%) and twenty-nine percent (29%) respectively. PREPA will remit such withholdings to the Government of Puerto Rico's

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 30

Treasury Department (known in Spanish as *Departamento de Hacienda de Puerto Rico*). The Contractor will request PREPA not to make such withholdings if, to the satisfaction of PREPA, the Contractor timely provides a release from such obligation by the Government of Puerto Rico's Treasury Department. 3 L.P.R.A. § 8611 et seq., 2011 L.P.R.A. 232; 232-2011. -------------------------------------

E. Compliance with Act 1 of Governmental Ethics: The Contractor will certify compliance with Act 1-2012, as amended, known as the Ethics Act of the Government of Puerto Rico (Act 1-2012), which stipulates that no employee or executive of PREPA nor any member of his/he immediate family (spouse, dependent children or other members of his/her household or any individual whose financial affairs are under the control of the employee) shall have any direct or indirect pecuniary interest in the services to be rendered under this Contract, except as may be expressly authorized by the Governor of Puerto Rico in consultation with the Secretary of Treasury and the Secretary of Justice of the Government. 3 L.P.R.A. § 8611 et seq.; -----------------------

F. Act 168-2000: Law for the Strengthening of the Family Support and Livelihood of Elderly People: The Contractor will certify that if there is any Judicial or Administrative Order demanding payment or any economic support regarding Act 168-2000, as amended, the same is current and in all aspects in compliance. Act 168-2000 "*Law for the Strengthening of the Family Support and Livelihood of Elderly People*" in Spanish: "*Ley para el Fortalecimiento del Apoyo Familiar y Sustento de Personas de Edad Avanzada*", 3 L.P.R.A. §8611 et seq.---------------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 31

G. Act 127-2004: Contract Registration in the Comptroller's Office of Puerto Rico Act: Payment for services object of this Contract will not be made until this Contract is properly registered in the Office of the Comptroller of the Government of Puerto Rico pursuant to Act 18 of October 30, 1975, as amended. -----------------------------------------

H. Prohibition with respect to execution by public officers: 3 L.P.R.A. §8615(c): No public officer or employee authorized to contract on behalf of the executive agency for which he/she works may execute a contract between the agency for which he/she works and an entity or business in which he/she or any member of his/her family unit has or has had direct or indirect economic interest during the last four (4) years prior to his/her holding office. -------------------------------------------------------------------------------------------

I. Prohibition with respect to contracting with officers or employees:  3 L.P.R.A. §8615(d): No executive agency may execute a contract in which any of its officers or employees or any member of their family units has or has had direct or indirect economic interest during the last four (4) years prior to their holding office, unless the Governor gives authorization thereto with the previous recommendation of the Secretary of the Treasury and the Secretary of Justice. --------------------------------------

J. Prohibition with respect to contracts with officers and employees of other Government entities: 3 L.P.R.A. §8615(e): No public officer or employee may be a party to or have any interest in any profits or benefits produced by a contract with any other executive agency or government dependency unless the Governor gives express authorization thereto with previous recommendation from the Secretary of the Treasury and the Secretary of Justice. ------------------------------------------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 32

K. Prohibition with respect to evaluation and approval by public officers: 3 L.P.R.A. §8615(f): No public officer or employee who has the power to approve or authorize contracts shall evaluate, consider, approve or authorize any contract between an executive agency and an entity or business in which he/she or any member of his/her family unit has or has had direct or indirect economic interest during the last four (4) years prior to his/her holding office.---------------------------------------------

L. Prohibition with respect to execution by public officers' contracts with former public officers: 3 L.P.R.A. §8615(h): No executive agency shall execute contracts with or for the benefit of persons who have been public officers or employees of said executive agency until after two (2) years have elapsed from the time said person has ceased working as such.---------------------------------------------------------------------------------

M. Dispensation: Any and all necessary dispensations have been obtained from any government entity and that said dispensations shall become part of the contracting record.---------------------------------------------------------------------------------------------------

N. Rules of Professional Ethics: The Contractor acknowledges and accepts that it is knowledgeable of the rules of ethics of his/her profession and assumes responsibility for his/her own actions.---------------------------------------------------------------------------------

O. Provisions Required under Act 14-2004: The Contractor agrees that articles extracted, produced, assembled, packaged or distributed in Puerto Rico by enterprises with operations in Puerto Rico, or distributed by agents established in Puerto Rico shall be used when the service is rendered; provided that they are available. ---------------------------------------------------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 33

Consequences of Non-Compliance: The Contractor expressly agrees that the conditions outlined throughout this Article are essential requirements of this Contract. Consequently, should any one of these representations, warranties or certifications be incorrect, inaccurate or misleading, in whole or in part, there shall be sufficient cause for the PREPA to render this Contract null and void, and the Contractor shall reimburse the PREPA all moneys received under this Contract. --------------------------------------------------------------------

### Article 28. Financial Oversight and Management Board Certification

The Parties acknowledge that the Consultant has submitted the certification titled "Contractor Certification Requirement" required in accordance with the Contract Review Policy of the Financial Oversight and Management Board for Puerto Rico, effective as of November 6, 2017 and amended on October 30, 2020, signed by the Consultant's Executive Director (or another official with an equivalent position or authority to issue such certifications). A signed copy of the "Contractor Certification Requirement" is included as an annex to this Contract.-----------------------------------------------------------------

The Consultant represents and warrants that the information included in the Contractor Certification Requirement is complete, accurate and correct, and that any misrepresentation, inaccuracy of falseness in such Certification will render the Agreement null and void and the Consultant will have the obligation to reimburse immediately to PREPA any amounts, payments or benefits received from PREPA under this Contract.—

---------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 34

**Article 29. <u>Anti-Corruption Code for a New Puerto Rico</u>**

Consultant agrees to comply with the provisions of Act 2-2018, as the same may be amended from time to time, which establishes the Anti-Corruption Code for a New Puerto Rico. The Consultant hereby certifies that it does not represent particular interests in cases or matters that imply a conflicts of interest, or of public policy, between the executive agency and the particular interests it represents.-----------------------------------------

Consultant shall furnish to the General Services Administration a sworn statement to the effect that neither Consultant nor any president, vice president, executive director or any member of a board of officials or board of directors, or any person performing equivalent functions for Consultant has been convicted of or has pled guilty to any of the crimes listed in Article 6.8 of Act 8-2017, as amended, known as the Act for the Administration and Transformation of Human Resources in the Government of Puerto Rico (Act 8-2017) or any of the crimes included in Act 2-2018.-----------------------------------------------------------

Consultant hereby certifies that it has not been convicted in Puerto Rico or United States Federal court for under Articles 4.2, 4.3 or 5.7 of Act 1-2012, as amended, known as the Organic Act of the Office of Government Ethics of Puerto Rico, any of the crimes listed in Articles 250 through 266 of Act 146-2012, as amended, known as the Puerto Rico Penal Code, any of the crimes typified in Act 2-2018, as amended, known as the Anti-Corruption Code for a New Puerto Rico or any other felony that involves misuse of public funds or property, including but not limited to the crimes mentioned in Article 6.8 of Act 8-2017. PREPA shall have the right to terminate the Contract in the event Consultant is convicted

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 35

in Puerto Rico or United States Federal court for under Articles 4.2, 4.3 or 5.7 of
Act 1-2012, as amended, known as the Organic Act of the Office of Government Ethics
of Puerto Rico, any of the crimes listed in Articles 250 through 266 of Act 146-2012, as
amended, known as the Puerto Rico Penal Code, any of the crimes typified in Act 2-2018
or any other felony that involves misuse of public funds or property, including but not
limited to the crimes mentioned in Article 6.8 of Act 8-2017.----------------------------------------

### Article 30. Non-Discrimination

The Consultant agrees that it will not discriminate against any employee or applicant for
employment on account of race, color, gender, age, sex, national or social origin, social
status, political ideas or affiliation, religion, for being or perceived to be a victim of
domestic violence, sexual aggression or harassment, regardless of marital status, sexual
orientation, gender identity or immigrant status, for physical or mental disability, for
veteran status or genetic information. --------------------------------------------------------------------

### Article 31. Transfer of skills and technical knowledge

For this Contract, the transfer of skills and technical knowledge required by the Certified
Fiscal Plan is inapplicable given the non-recurring or specialized nature of the contracted
services.--------------------------------------------------------------------------------------------------------------

### Article 32. Entire Contract

The terms and conditions contained herein constitute the entire agreement between
PREPA and Consultant with respect to the subject matter of this Contract, and supersede
all communications, negotiations, and agreements of the Parties, whether written or oral,
other than these, made prior to the signing of this Contract. ----------------------------------------

Professional Services Contract – Norton Rose Fulbright US, LLP
Page 36

IN WITNESS THEREOF, the Parties hereto sign this Contract in San Juan, Puerto Rico

this _____ day of _____, 2022. -----------------------------------------------------------

Puerto Rico Electric Power Authority          Norton Rose Fulbright US, LLP

_____          _____
Josué A. Colón Ortiz                          Lawrence A. Bauer
Executive Director                            Partner
Tax ID: 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                           Tax ID: 74-1201087