## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br><br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S OBJECTIONS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH CONFIRMATION OF THE FIFTH AMENDED TITLE III PLAN OF ADJUSTMENT OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 847), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

1

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), through undersigned counsel, hereby files this limited objection (this "Limited Objection") to Paragraph 111 and Exhibit A of the *Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of Fourth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, as filed on August 7, 2022, [ECF No. 1363] (the "Proposed Findings and Conclusions"),[2] and respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Government of Puerto Rico supports confirmation of the Plan and does not object to the preemption of certain Commonwealth laws solely to the extent inconsistent with the Plan and PROMESA.  AAFAF is concerned, however, that in certain instances the Proposed Findings and Conclusions (including Exhibit A) are unclear or overly broad regarding the scope of preemption, which could lead to unintended consequences in the future as the Government attempts to navigate what remains valid law.  AAFAF expressed similar concerns during the Commonwealth's confirmation proceedings and this Court sustained AAFAF's objection, finding that the preemption provisions initially proposed by the Oversight Board were "vague and/or broad and thus appear to be inconsistent with section 314(b)(3) of PROMESA."[3]  The same could be observed here with respect to certain preemption provisions.

2.      To address these concerns, AAFAF has proposed revisions to Paragraph 111 of the Proposed Findings and Conclusions and to Exhibit A, as set forth below.  In particular, the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Proposed Findings and Conclusions.

[3] *See Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, Case No. 17-3283-LTS, ECF No. 19517.

Proposed Findings and Conclusions should make clear that the scope of preemption is limited to the extent there is an *actual* inconsistency with a Commonwealth statute listed on Exhibit A, on one hand, and the Plan, Plan Supplement, or PROMESA, on the other hand. Actions authorized by the statutes identified on Exhibit A that are not found to be inconsistent with the Plan, Plan Supplement, or PROMESA should remain authorized under such statutes, and the Proposed Findings and Conclusions should make clear that such actions are not preempted.

3.      This is a critical distinction from the Commonwealth Plan of Adjustment, where for the most part the plan wholesale preempted bond related statutes. Here, the statutes on Exhibit A play an important role in HTA's ongoing operations, allowing HTA to incur certain obligations, modify toll rates, enter into leases, and take other actions to address HTA's financial and operational condition. It is critical that these statutes remain in effect except to the limited extent there is an actual conflict with the Plan, Plan Supplement, or PROMESA. For example, if in the future HTA elects to issue Private Activity Bonds to facilitate a P3 transaction, and that issuance is approved by the Oversight Board pursuant to PROMESA section 207 (and is not otherwise prohibited by the Plan), there would be no conflict between the statute authorizing that issuance and PROMESA, and the issuance would be authorized. However, the sweeping language used in the Proposed Findings and Conclusions and Exhibit A could either result in erroneous claims of preemption in the future or cause confusion on the part of Government employees as they carry out their responsibilities.

4.      To this end, it is also imperative that the Proposed Findings and Conclusions confirm that the determination of whether any particular action is inconsistent with the Plan, Plan Supplement, or PROMESA should be reserved for future determination by the Title III Court or another court of competent jurisdiction. *See e.g., In re Pharmaceutical Industry Average*

*Wholesale Price Lit.*, 321 F.Supp.2d 187, 200 (D. Mass. 2000) (citing *Pharm. Research & Mfrs. of Am. v. Concannon*, 249 F.3d 66, 75 (1st Cir. 2001) ("Defendants must show that there manifestly and clearly is an 'actual conflict' between the state claims and the federal statute . . . and that any impediment is 'severe,' not merely 'modest'"); *Gayle v. Pfizer Inc.*, 452 F.Supp.3d 78, 87 (S.D.N.Y. 2020) (concluding that a showing of conflict preemption requires a showing of "actual conflict with the overriding federal purpose and objective" and a "repugnance or conflict [to be] so direct and positive that the two acts cannot be reconciled."). The Government is hopeful that by clarifying the scope and duration of preemption in the Proposed Findings and Conclusions, the Title III Court will rarely (if ever) be required to opine on this issue, but it is nevertheless essential that there is a designated forum available to make such preemption determination if necessary.

5.      Exhibit A should also be more specific regarding the duration of the preemption authorized by the Plan. For statutes preempted solely by PROMESA because such statutes authorize actions that require approvals under PROMESA, the duration of such preemption is only for so long as the Oversight Board is in existence. Once the Board is terminated pursuant to PROMESA section 209, such preemption ceases and no party should have the right to enforce such PROMESA-related preemption after that time.

6.      Finally, the Government is concerned that the proposed preemption could inadvertently impact the use of federal funds. Thus, for the avoidance of doubt, the Proposed Findings and Conclusions should clarify that any and all rights of HTA and Reorganized HTA to receive and use federal funds for the implementation of federal programs is expressly reserved pursuant to PROMESA section 204(d) and the scope of preemption authorized by the Plan does not interfere with or impede HTA's ability to implement any federally designated program.

7.    AAFAF and the Oversight Board are in discussions on revising the Proposed Findings and Conclusions and Exhibit A to alleviate AAFAF's concerns.  To the extent no resolution is reached prior to the Confirmation hearing, AAFAF requests to be heard at the hearing and that the Court modify the Proposed Findings and Conclusions to the extent requested below.

### PROPOSED MODIFICATIONS TO THE PREEMPTION PROVISIONS

8.    To address the Government's concern with the scope of preemption authorized by the Plan, AAFAF requests that Paragraph 111 of the Proposed Findings and Conclusions be revised as follows:

111.    The Debtor has sufficiently demonstrated that express recognition of the preemptive effect of Section 4 of PROMESA is crucial to accomplishing the HTA Plan's goals and ensuring its feasibility.  Provisions of Commonwealth laws that are inconsistent with PROMESA are preempted ~~for the reasons, and~~ solely to the extent, they authorize or require HTA or Reorganized HTA to engage in any conduct, contracting, or other actions that are inconsistent with the HTA Plan or, Plan Supplement, or PROMESA, as more specifically set forth in Exhibit A hereto. Such preempted provisions require or permit HTA to, among other things, (i) incur obligations, spend funds, repay in full its debts, and regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations without regard to the fiscal plan and budget certified by the Oversight Board, HTA Plan, and Plan Supplement and (ii) issue debt without obtaining Oversight Board approval.    (Skeel Decl. ¶¶ 155–160).    These statutes are inconsistent with PROMESA to the extent the statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings and would undermine the restructuring contemplated by the HTA Plan and Puerto Rico's return to fiscal responsibility and access to capital markets. (Id.). For the avoidance of doubt, actions authorized by the statutes identified on Exhibit A that are not inconsistent with the HTA Plan, Plan Supplement, or PROMESA remain authorized under the statute.  The question of whether any particular conduct, action, or contract of HTA is preempted shall be reserved for future determination by the Title III Court or another court of competent jurisdiction.

112.    The preemption authorized herein does not permit any party to enforce any power of the Oversight Board after the Board's termination under PROMESA section 209. Further, any and all rights of HTA and Reorganized HTA to receive and use federal funds for the implementation of federal programs is expressly reserved pursuant to PROMESA section 204(d), and the scope of preemption authorized herein shall not

in any way interfere with or impede HTA's ability to execute on or otherwise implement any federally authorized or federally designated program.

9.      In addition, AAFAF requests that Exhibit A be revised and replaced with the amended version attached hereto as <u>Exhibit 1</u>.  The proposed changes reflected on Exhibit 1 are intended to clarify the following concepts:

- Commonwealth statues are preempted solely to the extent of an *actual* inconsistency with the Plan, Plan Supplement, or PROMESA;

- For actions preempted solely by PROMESA (because such action would otherwise require certain authorizations under PROMESA, such as Oversight Board approval), the duration of such preemption is only for so long as the Board is in existence;

- For actions preempted by the Plan in connection with debt issued thereunder, the duration of such preemption is until the debt issued under the Plan has been paid in full; and

- Preemption as it relates to the payment of debts discharged under the Plan is permanent.

10.      AAFAF also incorporated certain non-substantive, conforming changes to Exhibit A to make the structure of the document uniform and more manageable for the Government to navigate in the future.

<u>CONCLUSION</u>

11.      For these reasons, the Court should amend the Proposed Findings and Conclusions and Exhibit A to the extent requested herein.

[*Remainder of this page intentionally left blank.*]

Dated:   August 15, 2022
         San Juan, Puerto Rico


Respectfully submitted,


**O'MELVENY & MYERS LLP**                    **MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Peter Friedman*                          */s/ Luis C. Marini-Biaggi*
John J. Rapisardi                             Luis C. Marini-Biaggi
Peter Friedman                                USDC No. 222301
Maria J. DiConza                              Carolina Velaz-Rivero
Matthew P. Kremer                             USDC No. 300913
(Admitted *Pro Hac Vice*)                     250 Ponce de León Ave., Suite 900
7 Times Square                                San Juan, PR 00918
New York, NY 10036                            Tel:  (787) 705-2171
Telephone:  (212) 326-2000                    Fax:  (787) 936-7494
Facsimile:  (212) 326-2061
Email:   jrapisardi@omm.com                   *Attorneys for the Puerto Rico Fiscal Agency*
         pfriedman@omm.com                    *and Financial Advisory Authority*
         mdiconza@omm.com
         mkremer@omm.com


*Attorneys for the Puerto Rico Fiscal Agency*
*and Financial Advisory Authority*

## **Exhibit 1**

Revised Preemption List

## I.  Puerto Rico Highway and Transportation Authority Act

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2004**<br><br>Empowers HTA to take various actions relating to incurrence of debt, expenditure of funds, and setting of toll rates. | **Section 2004(f) –** Authorizes HTA to control its expenditures without regard to laws governing the expenditure of public funds.<br><br>**Section 2004(h) –** Authorizes HTA to enter into contracts necessary or incident to the exercise of its powers. | **Section 2004(f) –** This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  This provision authorizes expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.~~ (PROMESA ~~§§ 201, 202)~~.<br><br>**Section 2004(h) –** This provision is preempted solely to the extent it ~~permits HTA to enter into financing agreements not contemplated in~~is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan~~PROMESA. (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | **Section 2004(f) –** Until the ~~later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the~~ termination of the Oversight Board~~.~~<br><br>**Section 2004(h) –** Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to extent preempted by the Plan or (ii) the termination of |

---

[1]  Actions authorized by the statutes identified on Exhibit A that are not inconsistent with the HTA Plan, Plan Supplement, or PROMESA remain authorized under the statute.  The question of whether any particular conduct, action, or contract of HTA is preempted shall be reserved for future determination by the Title III Court or another court of competent jurisdiction.

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | ~~Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  Skeel Decl. ¶¶ 155, 157.~~ | The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | the Oversight Board to extent preempted by PROMESA. |
| **Section 2004(j) –** Authorizes HTA to, among other things, set and impose toll rates.  Establishes certain criteria and procedural requirements for altering toll rates. | **Section 2004(j) –** This provision is preempted solely to the extent the criteria and procedural requirements limit or frustrate the setting of toll rates contemplated in the HTA Plan, or Plan Supplement ~~, or Fiscal Plan~~. (PROMESA §§ 201, 202, 314). | ~~These statutes~~ This statute generally ~~regulate~~ regulates the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. ~~These statutes are~~ This statute is inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by ~~the Oversight Board's proposed~~ HTA Plan, and Plan Supplement ~~, or Fiscal Plan~~.  Skeel Decl. ¶ 160.  The continued application of ~~these~~ this statutes would | **Section 2004(j) –** Until the later of ~~(i)~~ the debt issued pursuant to the HTA Plan has been paid in full ~~or (ii) the termination of the Oversight Board~~. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the HTA Plan and Fiscal Plan. Skeel Decl. ¶ 160. | |
| <u>Section 2004(l)</u> – Authorizes HTA to borrow money for its corporate purposes and issue bonds for such indebtedness. | <u>Section 2004(l)</u> – This provision is preempted <u>solely</u> to the extent it is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  This provision provides for the borrowing of money and issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan. Section 25.3 of the HTA Plan also provides limitations on future debt.~~ (PROMESA ~~§§ 201, 202,~~ 314). | This provision provides for the borrowing of money and issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan. Section 25.3 of the HTA Plan also provides limitations on future debt.  (PROMESA §§ 201, 202, 314)  These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring | <u>Section 2004(l)</u> – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to extent preempted by the Plan or (ii) the termination of the Oversight Board to extent preempted PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | |
| | | | Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| | **Section 2004(m)** – Authorizes HTA to issue | **Section 2004(m)** – This provision is preempted solely to the extent it | This provision provides for the issuance of bonds, and could be | **Section 2004(m)** – ~~Until~~ Permanent as |

4

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | bonds to, among other things, discharge outstanding bonds. | ~~is~~authorizes HTA to issue bonds to, among other things, discharge outstanding bonds inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt. (PROMESA §§ 201, 202, 314).~~PROMESA or relating to bonds discharged pursuant to the Plan. | used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt. (PROMESA §§ 201, 202, 314).<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal | relates to the payment of debts discharged under the Plan and otherwise until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| **Section 2004(n)** – Authorizes HTA to, among other things, accept loans and expend the proceeds from such loans for its corporate purposes. | **Section 2004(n)** – This provision is preempted solely to the extent it authorizes HTA to accept loans and expense proceeds in a manner that is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  This provision permits HTA to accept loans, which may not be contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan and authorizes expenditures without the Oversight Board's authorization, in conflict with the~~ | This provision permits HTA to accept loans, which may not be contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan and authorizes expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  (PROMESA §§ 201, 202, 314). | **Section 2004(n)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | ~~Oversight Board's sole power to approve a fiscal plan and budget.~~ (PROMESA ~~§§ 201, 202, 314~~). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. <br><br> Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly | preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| **Section 2004(q) (limited portion)** – Empowers HTA to take any act necessary or desirable to carry out its powers and limits the payment of principal of or interest on bonds issued by HTA to funds pledged for such payment by HTA. Specifically, the following language is preempted: "To do all acts or things necessary or desirable to the carrying out of the powers granted to the Authority by this chapter or by any other act of the Legislature of Puerto Rico" and "shall be payable only from the funds of the Authority pledged for such payment pursuant to | **Section 2004(q) (limited portion)** – This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan. This provision authorizes~~ PROMESA and to the extent it requires the use of funds for the payment of ~~any~~ debt of HTA~~, which may not be provided for in the Plan, Plan Supplement, or the Fiscal Plan, and may be~~ ~~restructured~~ that is discharged pursuant to the Plan. (PROMESA §§ 201, 202, 314). | This provision authorizes the use of funds for the payment of any debt of HTA, which may not be provided for in the Plan, Plan Supplement, or the Fiscal Plan, and may be discharged pursuant to the Plan.  (PROMESA §§ 201, 202, 314).

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight | **Section 2004(q) (limited portion)** – ~~Until~~ Permanent as relates to the payment of debts discharged under the Plan and otherwise until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | subsection (l) of this section." | | Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2004a**<br><br>Authorizes HTA to, among other things, enter into contracts for the maintenance of roads, financing, and bond issuances. | **Section 2004a(3)** – Empowers HTA to enter into contracts to, among other things, finance or issue bonds to exercise its authority. | **Section 2004a(3)** – This provision ~~permits~~is preempted solely to the extent it allows HTA to enter into financing agreements~~, which may not be contemplated in the~~ or issue debt that is inconsistent with HTA Plan, Plan Supplement, or ~~Fiscal Plan and issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  (PROMESA §§ 201, 202, 314)~~. | Section 25.3 of the HTA Plan also provides limitations on future debt.  (PROMESA §§ 201, 202, 314).  These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | **Section 2004a(3)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. Skeel Decl. ¶ 159. | |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2006** | <u>Section 2006</u> – Empowers the Secretary of Transportation and Public Works and HTA to enter into contracts for, among other things, maintenance and cost of repairs. | <u>Section 2006</u> – This provision is preempted <u>solely</u> to the extent it authorizes HTA to enter into contracts ~~(i) without the Oversight Board's approval to the extent such approval is required pursuant to the Oversight Board's contract review policy (PROMESA § 204(b)(2)), and (ii) that~~<u>or</u> incur obligations inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan~~<u>PROMESA</u>. (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. Skeel Decl. ¶ 157. If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring | <u>Section 2006</u> – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full <u>to the extent preempted by the Plan</u> or (ii) the termination of the Oversight Board <u>to the extent preempted by PROMESA</u>. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2008**<br><br>Describes the management of HTA's funds and accounts. | **Section 2008 (paragraph 1)** – Provides the manner in which HTA's monies shall be deposited and that disbursements of HTA's monies shall be pursuant to regulations and budgets approved by HTA. | **Section 2008 (paragraph 1)** – The first sentence of paragraph 1 is preempted solely to the extent it is inconsistent with the ~~Master Trust Agreement~~New HTA Bond Indenture.  The second sentence of paragraph 1 ~~authorizes disbursements of funds without the Oversight Board's authorization in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  (~~is preempted to the extent inconsistent with PROMESA ~~§ 202)~~. | The first sentence permits the deposit of moneys that may be inconsistent with the New HTA Bond Indenture.  The second sentence of paragraph 1 authorizes disbursements of funds without the Oversight Board's authorization in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight | **Section 2008 (limited portion)** – ~~During the term~~ Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board~~ to the~~ extent preempted by PROMESA |

12

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. Skeel Decl. ¶ 157. On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. Skeel Decl. ¶ 157.  Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements. Skeel Decl. ¶¶ 155, 157. | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2010** | **Section 2010** – Permits HTA to transfer funds to, among others, instrumentalities for, among other things, the operation of traffic or transportation facilities. | **Section 2010** – This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan. This provision authorizes expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.~~ (PROMESA ~~§ 202).~~ | This provision authorizes expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget. (PROMESA § 202).<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal | **Section 2010** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board full to the extent preempted by PROMESA. |

14

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  Skeel Decl¶ 155. | |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2012**<br><br>Describes HTA's authority regarding its bond issuances. | **Section 2012(a) –** Authorizes HTA to issue bonds and sell its bonds. | **Section 2012(a) –** This provision is preempted solely to the extent it ~~is~~authorizes the issuance of bonds in a manner inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.~~ (PROMESA ~~§§ 201, 202, 314~~). | This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  (PROMESA §§ 201, 202, 314).<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to | **Section 2012(a) –** Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board full to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| **Section 2012(b)** – Permits HTA to authorize bonds by resolutions and sets, among other things, limits on maturity dates and interest rates of any such bonds. | **Section 2012(b)** – This provision is preempted solely to the extent it ~~is~~authorizes the issuance of bonds inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.~~  (PROMESA ~~§§ 201, 202, 314~~). | This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt. (PROMESA §§ 201, 202, 314).

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full | **Section 2012(b)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | amounts of their respective claims. Skeel Decl. ¶ 157. On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. Skeel Decl. ¶ 159. | |
| | **Section 2012(d)** – Authorizes HTA to issue temporary, or interim bonds, receipts or certificates pending the | **Section 2012(d)** – This provision is preempted solely to the extent it ~~is inconsistent with the HTA Plan, Plan Supplement, or Fiscal Plan. This provision provides for the~~ authorizes | This provision provides for the issuance of temporary, or interim bonds, receipts or certificates, and could be used to issue additional debt in the future not provided for | **Section 2012(d)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | execution and delivery of definitive bonds. | issuance of temporary, or interim bonds, receipts or certificates~~, and could be used to issue additional debt in the future not provided for in~~ that would be inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.~~  (PROMESA ~~§§ 201, 202, 314)~~. | in the HTA Plan, Plan Supplement, or Fiscal Plan. Section 25.3 of the HTA Plan also provides limitations on future debt.  (PROMESA §§ 201, 202, 314)<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. Skeel Decl. ¶ 159. | |
| **Section 2012(e)** – Authorizes HTA to include certain provisions in contracts with holders of bonds issued by HTA, including, among others, pledging revenues to the payment of the principal of and interest on the bonds. | **Section 2012(e)** –This provision is preempted solely to the extent the issuance of new debt is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan. Section 25.3 of the HTA Plan also provides limitations on future debt. (PROMESA §§ 201, 202, 314).~~PROMESA or to the extent that the statute applies to debt discharged pursuant to the Plan | Section 25.3 of the HTA Plan provides limitations on future debt. (PROMESA §§ 201, 202, 314). These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. Skeel Decl. ¶ 157. If these statutes continue to operate or otherwise were required to be complied with | **Section 2012(e)** – ~~Until~~Permanent as relates to the payment of debts discharged under the plan and otherwise until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | Oversight Board to the extent preempted by PROMESA. |
| | | | Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized | |

| Brief Description of Statute | Specific Provisions Preempted | Basis for Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | by the certified fiscal plan or budget. Skeel Decl. ¶ 159. | |
| | **Section 2012(g)** – Authorizes HTA to purchase any outstanding bonds it has issued or assumed. | **Section 2012(g)** – This provision is preempted solely to the extent it authorizes HTA to purchase any outstanding bonds it has issued or assumed, which are discharged through the Plan or authorizes HTA to take action that is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan. This provision authorizes expenditures without the Oversight Board's authorization in conflict with the Oversight Board's sole power to approve a fiscal plan and budget. (PROMESA §§ 201, 202).~~ POMESA. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. Skeel Decl. ¶ 157. If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. Skeel Decl. ¶ 157. On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. Skeel Decl. ¶ 157. | **Section 2012(g)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| | **Section 2012(h)** – Authorizes HTA to issue bonds. | **Section 2012(h)** – This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan.  This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  (PROMESA §§ 201, 202, 314)~~. | This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt. (PROMESA §§ 201, 202, 314).<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with | **Section 2012(h)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. Skeel Decl. ¶ 157. On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2013**<br><br>Describes remedies of bondholders. | **Section 2013(a)** – Provides the rights of holders of bonds issued by HTA, including, among other things, to enforce their rights against HTA. | **Section 2013(a)** – This provision is preempted solely to the extent it applies to the bonds discharged pursuant to the HTA Plan.  (PROMESA §314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | **Section 2013(a)** – Permanent |

25

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. Skeel Decl. ¶ 159. | |
| | **Section 2013(b)** – Explains the remedies of bondholders are not limited to those provided in § 2013(a). | **Section 2013(b)** – This provision is preempted solely to the extent it applies to the bonds discharged pursuant to the HTA Plan. (PROMESA §314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. Skeel Decl. ¶ 157. If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring | **Section 2013(b)** – Permanent |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2019**<br><br>Describes an agreement of the Commonwealth relating to HTA's authority. | **Section 2019** – Provides the pledge of the Commonwealth not to limit or restrict HTA's authority until any bonds issued by HTA are discharged. | **Section 2019** – This provision is preempted solely to the extent it is inconsistent with the discharge in the HTA Plan with respect to the existing HTA Bonds. (PROMESA §314). Such preemption shall not apply to the New HTA Bonds or any other security issued pursuant to the HTA Plan. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. Skeel Decl. ¶ 157. If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. Skeel Decl. ¶ 157. On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. Skeel Decl. ¶ 157. | **Section 2019** – Permanent |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2020** | **Section 2020** – Prohibits the grant of injunctions to prevent the application of 9 L.P.R.A. §§ 2001–2021. | **Section 2020** – This provision is preempted solely to the extent it is inconsistent with the discharge in the HTA Plan. (PROMESA §314). | If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and | **Section 2020** – Permanent |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| Limits the application of injunctions. | | | responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. Skeel Decl. ¶ 157. On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. Skeel Decl. ¶ 157. | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2024**<br><br>Describes an Improvement Agreement and the appointment of an Emergency Officer. | <u>Section 2024(a)</u> – Provides that the Oversight Committee may execute an "Improvement Agreement" with the Directors of HTA to implement any necessary corrective measures to address financial or operational problems of HTA. | <u>Section 2024(a)</u> – This provision is preempted solely to the extent it ~~(i)~~ is inconsistent with ~~the HTA Plan, Plan Supplement, or Fiscal Plan, (ii) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, (iii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan, (iv) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (v) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan~~PROMESA. (PROMESA §§ 201, 202, 314). | Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements. Skeel Decl. ¶ 155.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan | <u>Section 2024(a)</u> – Until ~~the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the~~the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| | | | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan.  Skeel Decl. ¶ 160. | |
| | | | The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | contravention to the Plan and Fiscal Plan.  Skeel Decl. ¶ 160. | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2026**<br><br>Describes the appointment of an Emergency Officer and the Emergency Officer's powers. | **Section 2026(b)** – Provides for the Emergency Officer's compensation. | **Section 2026(b)** – This provision ~~authorizes an expenditure without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  (~~is preempted solely to the extent it is inconsistent with PROMESA ~~§ 202)~~. | This provision authorizes an expenditure without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  (PROMESA § 202). These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal | **Section 2026(b)** – Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | the Oversight Board's achievements.  Skeel Decl. ¶ 155. | |
| | **Section 2026(c)** – Permits the Emergency Officer to hire personnel. | **Section 2026(c)** – This provision ~~authorizes an expenditure without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  (~~is preempted solely to the extent it is inconsistent with PROMESA ~~§ 202)~~. | This provision authorizes an expenditure without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  (PROMESA § 202).These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal | **Section 2026(c)** – Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | plans, budgets, and debt restructurings. Skeel Decl. ¶ 157.<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. Skeel Decl. ¶ 159.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements. Skeel Decl. ¶ 155. | |
| | **Section 2026(d)(first paragraph)** – Provides the Emergency Officer's | **Section 2026(d) (first paragraph** – This provision is preempted solely to the extent it ~~(i)~~ is inconsistent with the HTA | Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the | **Section 2026(d) (first paragraph** – Until the later of (i) |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | powers, including, among others, to implement a restructuring plan. | Plan, Plan Supplement, or ~~Fiscal Plan, (ii) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, (iii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan, (iv) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (v) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan~~ PROMESA.  (PROMESA §§ 201, 202, 314). | certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  Skeel Decl. ¶ 155.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt | the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159.<br><br>These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan.  Skeel Decl. ¶ 160.<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  Skeel Decl. ¶ 160. | |
| | **Section 2026(d)(1)** – Authorizes the Emergency Officer to take corrective actions to address HTA's financial and operational conditions. | **Section 2026(d)(1)** – This provision is preempted solely to the extent it ~~(i)~~ is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan, (ii) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, (iii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan, (iv) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (v) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal~~ | Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  Skeel Decl. ¶ 155.<br><br>These statutes generally require or permit HTA to, among other | **Section 2026(d)(1)** ~~—~~ Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | ~~Plan~~PROMESA.  (PROMESA §§ 201, 202, 314). | things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| | | | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan.  Skeel Decl. ¶ 160. | |
| | | | The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | HTA to set toll rates in contravention to the Plan and Fiscal Plan.  Skeel Decl. ¶ 160. | |
| | **Section 2026(d)(2)** – Authorizes the Emergency Officer to amend, revise, approve, or deny HTA's budget. | **Section 2026(d)(2)** – This provision ~~authorizes control over HTA's budget,~~ is preempted solely to the extent it is inconsistent with PROMESA.~~in conflict with the Oversight Board's sole power to approve a budget.  (PROMESA § 202).~~ | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.  The continued operation of these statutes would significantly detract from PROMESA's | **Section 2026(d)(2)** — Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  Skeel Decl. ¶ 155. | |
| **Section 2026(d)(6)** – Authorizes the Emergency Officer to amend, revise, approve or deny, among other things, any contract or loan. | **Section 2026(d)(6)** – This provision is preempted solely to the extent it permits HTA to alter existing contracts or loans and enter into financing agreements not contemplated in the HTA Plan, or Plan Supplement, or ~~Fiscal Plan~~that is inconsistent with PROMESA. (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were | **Section 2026(d)(6)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. Skeel Decl. ¶ 157. On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an | the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| | **Section 2026(d)(7)** – Authorizes the Emergency Officer to review and approve HTA's expenditures. | **Section 2026(d)(7)** – This provision ~~authorizes control over HTA's expenditures, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  (~~ is preempted solely to the extent it is inconsistent with PROMESA ~~§ 202)~~. | This provision authorizes control over HTA's expenditures, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget. (PROMESA § 202) These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal | **Section 2026(d)(7)** – Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  Skeel Decl. ¶ 155. | |
| **Section 2026(d)8)** – Authorizes the Emergency Officer to renegotiate existing collective bargaining agreements and requires the Emergency Officer to approve any HTA contracts and agreements. | **Section 2026(d)8)** – This provision is preempted solely to the extent it authorizes HTA to enter into contracts ~~(i) without the Oversight Board's approval to the extent such approval is required pursuant to the Oversight Board's contract review policy (PROMESA § 204(b)(2)), and (ii)~~ that incur obligations inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan~~PROMESA.  (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, | **Section 2026(d)8)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | |
| **Section 2026(d)(9)** – Authorizes the Emergency Officer to restructure the operations of HTA. | **Section 2026(d)(9)** – This provision is preempted solely to the extent it authorizes operational restructurings inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan~~PROMESA. (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the | **Section 2026(d)(9)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | |
| | **Section 2026(d)(11)** – Authorizes the Emergency Officer to sell, lease, or negotiate any of HTA's assets. | **Section 2026(d)(11)** – This provision is preempted solely to the extent it authorizes the sale or lease of HTA's assets inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan~~PROMESA (PROMESA §§ 201, 202, 314) and to the extent it authorizes HTA to enter into contracts ~~without the Oversight Board's approval to the extent such approval is required pursuant to the Oversight Board's contract review policy~~inconsistent with the HTA Plan, Plan Supplement, or PROMESA (PROMESA § 204(b)(2)). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | **Section 2026(d)(11)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |
| | **Section 2026(d)(12)** – Authorizes the Emergency | **Section 2026(d)(12)** – This provision is preempted solely to the extent it permits | These statutes generally require or permit HTA to, among other | **Section 2026(d)(12)** – |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | Officer to seek financing from GDB. | HTA to enter into financing agreements ~~not contemplated in~~inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan~~PROMESA.  (PROMESA §§ 201, 202, 314). | things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and | Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

48

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| **Section 2026(d)(15)** – Authorizes the Emergency Officer to take any action deemed necessary by the Oversight Committee to address HTA's fiscal or operational emergency. | **Section 2026(d)(15)** – This provision is preempted solely to the extent it ~~(i) is~~ inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan, (ii) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, (iii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal, (iv) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (v) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan~~PROMESA.  (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under | **Section 2026(d)(15)** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | the Oversight Board's achievements.  Skeel Decl. ¶ 155.<br><br>These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan.  Skeel Decl. ¶ 160.<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  Skeel Decl. ¶ 160. | |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2027** | **Section 2027** – Provides that the Emergency Officer shall develop a financial and operation plan for HTA. | **Section 2027** – This provision is preempted solely to the extent it ~~(i)~~ is inconsistent with the HTA Plan, Plan Supplement, or ~~Fiscal Plan, (ii) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, and (iii) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan~~PROMESA.  ~~(PROMESA §§ 201, 202, 314).~~ | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan.  Skeel Decl. ¶ 160.<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  Skeel Decl. ¶ 160. *See also* Skeel Decl. ¶¶ 157, 159. | **Section 2027** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2030** | **Section 2030** – Authorizes the Emergency Officer to use the provisions of the Puerto Rico Public Corporation Debt | **Section 2030** – This provision is preempted solely to the extent it is inconsistent with ~~PROMESA,~~ the HTA Plan, Plan Supplement, or ~~Fiscal~~ | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan | **Section 2030** – Until the later of (i) the debt issued pursuant to the HTA Plan has been |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | Enforcement and Recovery Act, §§ 13 L.P.R.A. 111 et seq. | ~~Plan~~PROMESA.  (PROMESA §§ 201, 202, 314). | and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.

The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed | paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2032** | **Section 2032** – Provides that the Secretary or Director of HTA shall meet the requirements of the Oversight Committee and the Emergency Officer. | **Section 2032** – This provision is preempted solely to the extent that the Secretary or Director of HTA would be required to act in contravention of the HTA Plan, Plan Supplement, or ~~Fiscal Plan~~PROMESA.  (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157. | **Section 2032** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full to the extent preempted by the Plan or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |

54

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2035**<br><br>Describes the use of surplus funds. | <u>Section 2035</u> – Provides that surplus funds shall be used to pay HTA's priority obligations and that any surplus available after debt payments shall be used to pay HTA's loans with GDB. | <u>Section 2035</u> – This provision provides for payment of debt service that is not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan and may give certain bonds priority not otherwise provided for in ~~PROMESA,~~ the HTA Plan, Plan Supplement, or ~~the Fiscal Plan~~PROMESA that may require payment in full of prepetition obligations being ~~restructured~~discharged pursuant to the HTA Plan.  (PROMESA §§ 201, 202, 314). | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  Skeel Decl. ¶ 157.  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  Skeel Decl. ¶ 157.  On | <u>Section 2035</u> – Permanent |

| Brief Description of Statute | Specific Provisions Preempted | ~~Basis for~~ Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  Skeel Decl. ¶ 157.<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  Skeel Decl. ¶ 159. | |

## II.    Uniform Rate Revision and Modification Act

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| **Act 21, approved on May 31, 1985, 27 L.P.R.A. § 261 a-d** | **Section 261a** – Describes the applicability of Act 21-1985. | ~~Sections 261a~~—These provisions are preempted solely to the extent applicable to HTA, and the criteria and procedural requirements limit or | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by | **Sections** ~~261a~~261a-d – Until the later of (i) the debt issued |

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| Regulates the modification of rates fixed and charged for basic and essential services rendered by public corporations. | **Section 261b** – Sets procedures for public corporations that render essential services to change their rates.<br><br>**Section 261c** – Sets procedures for public corporations that render essential services to adopt temporary or emergency rates.<br><br>**Section 261d** – Provides that the Legislature may review changes to rates proposed by public corporations that render essential services. | frustrate the setting of toll rates contemplated in the HTA Plan, or Plan Supplement, or ~~Fiscal Plan~~is inconsistent with PROMESA. (PROMESA §§ 201, 202, 314). F | public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. Skeel Decl. ¶ 160.<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan. Skeel Decl. ¶ 160. | pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board to the extent preempted by PROMESA. |
| ~~**Section 261b** – Sets procedures for public corporations that render essential services to change their rates.~~ | ~~**Sections 261b** – These provisions are preempted to the extent applicable to HTA, and the criteria and procedural requirements limit or frustrate the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan. (PROMESA §§ 201, 202, 314).~~ | ~~These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they~~ | ~~**Sections 261b** – Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board.~~ |

57

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. Skeel Decl. ¶ 160.<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan. Skeel Decl. ¶ 160. | |
| | **Section 261c**—Sets procedures for public corporations that render essential services to adopt temporary or emergency rates. | **Sections 261c**—These provisions are preempted to the extent applicable to HTA, and the criteria and procedural requirements limit or frustrate the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan. (PROMESA §§ 201, 202, 314). | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan | **Sections 261c**—Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

58

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | ~~Supplement, or Fiscal Plan. Skeel Decl. ¶ 160.~~ ~~The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  Skeel Decl. ¶ 160.~~ | |
| ~~**Section 261d**—Provides that the Legislature may review changes to rates proposed by public corporations that render essential services.~~ | ~~**Sections 261d**—These provisions are preempted to the extent applicable to HTA, and the criteria and procedural requirements limit or frustrate the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan.  (PROMESA §§ 201, 202, 314).~~ | ~~These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. Skeel Decl. ¶ 160.~~ | ~~**Sections 261d**—Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board.~~ |

59

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  Skeel Decl. ¶ 160. | |

| | |
|---|---|
| **Summary report:**<br>**Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 8/15/2022 3:38:32 PM** | |
| **Style name:** OMM Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** dm://OMM_US/80858974/1 | |
| **Modified DMS:** dm://OMM_US/80858974/3 | |
| **Changes:** | |
| Add | 176 |
| Delete | 96 |
| Move From | 12 |
| Move To | 12 |
| Table Insert | 0 |
| Table Delete | 3 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 299 |