UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**INFORMATIVE MOTION REGARDING SHARED CONFLICTIVE CONNECTIONS OF PROFESSIONAL PERSONS EMPLOYED BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND SUPPLEMENT TO THE *"MOTION TO INTERVENE AND TO INFORM THE EXISTENCE AND CONTINUANCE OF AN UNRESOLVABLE CONFLICT OF INTEREST IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. § 2101 ET SEQ., AND PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF O'NEILL & BORGES, LLC AS LEGAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND (B) THE DISALLOWANCE AND DISGORGEMENT OF LEGAL FEES",*
DOCKET ENTRY NO. 20873**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

**To the Honorable United States District Court Judge Laura Taylor Swain:**

Movant Carlos Lamoutte ("Movant"), appearing *pro se*, hereby respectfully submits this informative motion in relation to the forthcoming adjudication by the Court of: (a) Movant's May 19, 2022 motion titled *"Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowance and Disgorgement of Legal Fees"*, Docket Entry No. 20,873; (b) that certain motion filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") on June 2, 2022, titled *"Response of the Financial Oversight and Management Board for Puerto Rico to Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowance and Disgorgement of Legal Fees"*, Docket Entry No. 21,094; (c) that certain motion filed by the law firm O'Neill & Borges, LLC on June 2, 2022, titled *"Objection to Carlos Lamoutte's Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowance and Disgorgement of Legal Fees"*, Docket Entry No. 21,096; and (d) Movant's June 6, 2022

2

motion titled *"Carlos Lamoutte's Reply to the Objections to Disqualification Filed by the Financial Oversight and Management Board for Puerto Rico and the Law Firm O'Neill & Borges, LLC, Docket Entry Numbers 21,094 and 21,096, and Petition for Declaratory Judgment"*, Docket Entry No. 21,124. In connection therewith, Movant respectfully states and prays as follows:

1. It is of public record that some of the Oversight Board's advisors in these Title III proceedings simultaneously represent several of the same private sector clients holding a substantial stake in these Title III proceedings and/or legal and financial interests which by their own nature are adverse to the Oversight Board and to the Commonwealth of Puerto Rico and its instrumentalities.

2. Public records and the verified disclosures filed to date by McKinsey & Company, Inc. ("McKinsey") and O'Neill & Borges ("O&B") in simulated compliance with the Puerto Rico Recovery Accuracy in Disclosures Act of 2021 codified in 48 U.S.C. 2101 *et seq.* ("PRRADA") reveal that McKinsey and O&B have served the same private sector clients holding a stake in these Title III proceedings during the same time period in which McKinsey and O&B have also simultaneously served the Oversight Board, to wit:

>  (a) AES Puerto Rico, L.P.,
>  (b) EcoEléctrica, L.P.,
>  (c) Molina Healthcare of Puerto Rico, Inc.,
>  (d) New Fortress Energy LLC d/b/a NFEnergía LLC,
>  (e) Puma Energy Caribe, LLC,
>  (f) UBS Trust Company and UBS Financial Services, Inc.,
>  (g) the UBS family of Puerto Rico funds, and
>  (h) undisclosed others.

3. The private sector clients that McKinsey and O&B share hold interests which by their nature are adverse to the Oversight Board and to the Commonwealth of Puerto Rico

3

and its instrumentalities, yet McKinsey and O&B have offered no tangible explanations under PRRADA so far.

4. Contrary to the generic "verified statements" set forth in McKinsey's and O&B's PRRADA disclosures motions, McKinsey and O&B are in reality not disinterested professional persons under the Puerto Rico Oversight, Management, and Economic Stability Act, Public Law 114-18, 48 U.S.C. § 2101 et seq. ("PROMESA") and PRRADA because the private sector clients that McKinsey and O&B conjointly represent in fact hold interests that are materially adverse to the Oversight Board and to the Commonwealth of Puerto Rico that the Oversight Board represents in these Title III proceedings.

5. In their respective disclosure filings, McKinsey and O&B loosely and self-servingly state to be disinterested persons, but McKinsey's and O&B's past and present actions demonstrate that they are truly not disinterested. Disqualification and disgorgement of legal fees is merited.

6. McKinsey and O&B have so far failed to "explain away" their connections to several private sector clients who are major contractors of the Government of Puerto Rico, as required under PRRADA and supplemental bankruptcy case law. McKinsey and O&B "*cannot usurp the court's function by choosing, ipse dixit, which connections impact disinterestedness and which do not. The existence of an arguable conflict must be disclosed if only to be explained away.*" See *In re Midway Industry Contractors, Inc.*, 272 B.R. 651 (Bankr. N.D.Ill. 2001) (citing In re Granite Partners, L.P., 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998).

7. Section 2(e) of PRRADA expressly sets forth that "*[i]n a case commenced under section 304 of PROMESA (48 U.S.C. 2164), in connection with the review and approval of professional compensation under section 316 or 317 of PROMESA (48 U.S.C. 2176, 2177) filed after the date of enactment of this Act,* **the court may deny allowance of compensation**

4

***or reimbursement of expenses if***-- *(1) the professional person has failed to file the verified disclosure statements required under subsection (b)(1) or has filed inadequate disclosure statements under that subsection; or (2) **during the professional person's employment in connection with the case, the professional person**-- (A) is not a disinterested person (as defined in section 101 of title 11, United States Code) relative to any entity or person on the List of Material Interested Parties; or (B) **represents or holds an adverse interest in connection with the case.**"* (Emphasis added.)

8. Private contractors who are awarded large-scale contracts by the Government of Puerto Rico and its instrumentalities do in fact hold adverse interests in relation to the debtor here. Thus, McKinsey and O&B are legally precluded from representing those private clients that contract with Puerto Rico government agencies, much less assist them in procuring or maintaining those same multimillion-dollar government contracts that are subject to the review and approval of the Oversight Board (which McKinsey and O&B also simultaneously represent).

9. McKinsey's and O&B's joint representation of private sector clients that contract with the Commonwealth of Puerto Rico and its instrumentalities during the Oversight Board's existence places the Commonwealth of Puerto Rico, its instrumentalities, and competing bidders at an obvious disadvantage.

10. For example, the Oversight Board has negligently denied to review that certain $384,269,047 Loan Sale Agreement entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico[2] (by its Spanish acronym, the "BDE"), as seller,

---

[2] The Economic Development Bank for Puerto Rico is one of the covered instrumentalities and component units of the Commonwealth of Puerto Rico subject to PROMESA since the date of filing of the insolvency petition in this Title III case. See Docket Entry No. 1, Exhibit B, item 12 (Economic Development Bank for Puerto Rico).

5

and PR Recovery and Development JV, LLC and PR Recovery and Development REO, LLC, as purchasers, pursuant to which a $384,269,047 commercial loan portfolio was transferred by the BDE at a 91% liquidation discount and under other suspect circumstances (the "Loan Sale Agreement")[3], an negligent omission of the Oversight Board which resulted in the ensuing $800 million contract rejection case that remains *sub judice* before the Puerto Rico Court of First Instance, San Juan Part, in Civil Case Number SJ2019CV11697, captioned *Banco de Desarrollo Económico Para Puerto Rico v. Garnet Capital Advisors LLC, PR Recovery and Development REO, LLC, PR Recovery and Development JV, LLC, and Parliament Capital Management LLC* (the "$800MM Contract Avoidance Case").

11. Despite the fact that in 2019 the then Executive Director of the Oversight Board, Natalie Jaresko, clearly demanded that the Loan Sale Agreement be subjected to the Oversight Board's review process under its Contracts Review Policy, the Oversight Board has preferred to take no action whatsoever, presumably because the Oversight Board's advisors intervened to favor their private sector clients in that transaction and the $800MM Contract Avoidance Case. See Exhibit A attached hereto, which is self-explanatory.

12. The Oversight Board is in fact obligated to review all BDE contracts having a transactional valuation of $10 million or more, to the extent that the BDE is a covered instrumentality under the supervision of the Oversight Board. See Exhibit B attached hereto, which is self-explanatory.

13. If in 2022 the Oversight Board intends to review a $35,070,738.52 BDE contract, then for the same reason in 2018 the Oversight Board should have reviewed the

---

[3] At pages 29-30 of the Loan Sale Agreement, the law firm O'Neill & Borges, LLC appears identified as counsel to PR Recovery and Development JV, LLC and PR Recovery and Development REO, LLC.

6

$384,269,047 Loan Sale Agreement that bankrupted the BDE and is presently under legal challenge in the $800MM Contract Avoidance Case.

14. The U.S. Trustee Program should sternly object to any request for compensation filed by McKinsey and O&B in this Title III case and demand full disgorgement of legal fees. The U.S. Department of Justice should not risk sending the incorrect message to insolvency stakeholders and to the general public that the best way to do government procurement in Puerto Rico during the pendency of these Title III proceedings is by secretly hiring the same, exact set of advisers that the Oversight Board employs.

15. In resolving pending motions, the Court should not pay much credibility to what the Oversight Board and O&B state (or omit to state) in their respective writings, but rather to what the Oversight Board and O&B have actually done (or failed to do) in relation to the process of awarding large-scale Puerto Rico government contracts during the pendency of these Title III proceedings. The same applies to McKinsey.

16. A thin line divides ethical transgressions from racketeering and abuse of the bankruptcy process. Pay-to-play schemes cannot be tolerated by the Court in the largest municipal bankruptcy in U.S. history.

17. Advisers to the Oversight Board cannot simultaneously serve without bias the Oversight Board (which is tasked to rule on the appropriateness of large-scale contracts with the Commonwealth of Puerto Rico and to serve as the sole representative of the Commonwealth of Puerto Rico and its instrumentalities in this Title III case) and those private sector clients who are eventually awarded those same government contracts.

18. Resolving conflicts of interest controversies in favor of advisers like McKinsey and O&B would not be consistent with PROMESA, PRRADA, and supplemental bankruptcy

7

case law, and would also create the terrible precedent that the most advantageous way for a private contractor to land or maintain a large-scale contract with an instrumentality of the Government of Puerto Rico during the pendency of the largest municipal bankruptcy in U.S. history is by hiring – *and paying monies to* – the same, exact set of advisers that the Oversight Board uses.

      WHEREFORE, Movant hereby petitions the Court to grant this motion as filed.

Dated: August 16, 2022
      San Juan, Puerto Rico

Respectfully submitted,

_____
Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

8

## Certificate of Service

I hereby certify that, on this date, I filed the foregoing with the Clerk of the Court, in person, who will send notifications of such filing to all CM/ECF participants in this matter.

In San Juan, Puerto Rico, this 16th day of August 2022.

*[signature]*

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com