UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------x
In re                                                        :
                                                             :
THE FINANCIAL OVERSIGHT AND                                  :   PROMESA
MANAGEMENT BOARD FOR                                         :   Title III
PUERTO RICO                                                  :
                                                             :
         as representative of                                :   Case No. 17-BK-3283 (LTS)
                                                             :
THE COMMONWEALTH OF PUERTO                                   :   (Jointly Administered)
RICO et al.,                                                 :
                                                             :
         Debtors.¹                                           :
                                                             :
-------------------------------------------------------------x
```

**THIRD SUPPLEMENTAL DECLARATION OF
JAMES FELTMAN OF KROLL, LLC, FORMERLY KNOWN AS
DUFF & PHELPS LLC, UNDER 11 U.S.C. §327(a),
FED. R. BANKR. P. 2014(a) AND 48 U.S.C. 2178 (c)**

I, James Feltman, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge:

1.  I am a Managing Director of Kroll, LLC, formerly known as Duff & Phelps, LLC ("Kroll" or the "Firm"), which has an office at 55 East 52nd Street, New York, New York 10055,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

DOC ID - 38797804.4

and which had been engaged as financial analyst by the Financial Oversight and Management Board for Puerto Rico (the "Board") between January 2018 and May 31, 2019. I submit this third supplemental disclosure declaration ("Third Supplemental Declaration") (a) in conformity with Kroll's prior disclosure commitments, (b) in furtherance of this Court's order, dated March 30, 2022, directing the supplemental disclosures required by the Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. §2178(c). Dkt. No. 20467, and (c) in response to questions from the United States Trustee ("UST") about facts in my Supplemental Declaration dated May 13, 2022 (Doc. No.20823-1).

Relevant Dates

2. Kroll's Discrete, Defined Engagement. Kroll started working for the Board on January 3, 2018, having been retained as independent forensic analyst on a discrete project, responsible for identifying and detailing the Debtors' public, non-privileged third-party cash and investment accounts ("Bank Account Project") as of June 30, 2018. After the Court requested professionals such as Kroll to file detailed fee applications in late 2017, Kroll filed applications to be compensated for its services between January, 2018 and May 31, 2019 (Doc Nos. 7997 and 8450). The Board ended Kroll's engagement in early 2019 after Kroll filed and published a detailed "Report on Title III Bank Accounts," dated March 13, 2019 (the "Report"), but asked Kroll to provide Ernst & Young, another Board financial advisor, with non-substantive transitional services through May 31, 2019. Kroll thus had a defined, discrete role, working primarily with the Debtors' counsel through March 13, 2019: "to report and identify Commonwealth bank and

DOC ID - 38797804.4           2

investment accounts… with explanations of any restrictions on the resources they hold." Report, at 3. A copy of the Report is attached as Exhibit "A".

3. The Creditors' Committee Engagement of Genovese, Joblove and Battista PA ("GJB"). The Court authorized the creditors' committee ("Committee") in this case on May 31, 2019 to retain GJB "as special litigation counsel," "effective as of April 16, 2019," in response to the Committee's application dated April 30, 2019, more than a month after Kroll had filed the Report and had finished its substantive work for the Board. (Docket No. 6661.)

GJB' s Disclosure

4. GJB disclosed to the Court on April 30, 2019 its connections to all parties in their case. Doc. No. 6661-1, Exh A. It disclosed no connection to Kroll, apparently because Kroll's services had ended on March 13, 2019, when Kroll filed the Report. GJB also stated that it had no "connection with the committee, the . . . Board, the Debtors, or any other interested party," except "for certain parties on unrelated" matters, noting that "several" GJB attorneys "have spouses . . . who are attorneys at other law firms," but that "GJB has strict policies against disclosing confidential information to anyone outside of GJB, including spouses . . . ." Doc No 6661-1, Exh. A, at 6. It also committed to make "supplemental disclosure with the Court" if it discovered "additional information that requires disclosure . . . ." Id.

5. GJB "designated" the following "partners to represent the Committee: "John Arrastia"; "John H. Genovese"; "Jesus M. Suarez" and "Mariaelena Gayo-Gurtian." Id., at 8. GJB had not designated my spouse to work for the Committee, and she never performed any material services related to Kroll's earlier services. She did, however, briefly assist the GJB attorneys on non-substantive unrelated matters, as GJB noted on its interim fee applications (Dkt. Nos. 9213

DOC ID - 38797804.4

3

and 12409). GJB disclosed to the Court and the UST on July 15, 2022, that my spouse merely "review[ed] documents" in the "early stages" of this case in 2019, after Kroll's engagement ended. (Dkt. No. 21513).

### Termination of GJB's Engagement

6. According to the Committee, in a filing with the Court on February 28, 2022 (Doc. No. 20222), it approved the substitution of Continental PLLC ("Continental") "for GJB…, effective as of February 14, 2022." Doc. 20222, at 6. The Committee made the substitution, it said, because "John Arrastia, Jesus Suarez and Angelo Castaldi… -- three of the GJB attorneys who had been primarily responsible for the representation of the Committee as special litigation counsel… joined the Continental law firm." Id.

7. In his disclosure declaration on behalf of Continental, filed with the Court on February 28, 2022, John Arrastia stated that he, "Jesus Suarez, and Angelo Castaldi… have, since April of 2019, continually represented the Committee as special litigation and conflicts counsel in [this case] through the law firm of [GJB]…." Doc. 20222-1, Ex. A, at 2.

### My Spouse's Work at GJB

8. My spouse, Allison Day, never performed material, related substantive legal services for the Committee on any matter in this case while a partner at GJB, as noted by GJB. Because the GJB team assigned to this case had to be fluent in Spanish, which my spouse is not, and because she knew virtually nothing about the GJB services being performed for the Committee, consistent with GJB's acknowledged confidentiality policy, I also knew nothing about

DOC ID - 38797804.4            4

GJB's role in this case until December, 2020, almost two years after Kroll's substantive services for the Board had ended.

9. The services Kroll performed for the Board – the Bank Account Project – were wholly unrelated to GJB's role as special litigation counsel for the Committee, were performed during two different time periods, and were based solely on public documents.

### Kroll's Later Unrelated Consulting Services

10. I learned from Kroll's counsel that a separate Kroll business unit also performed unrelated consulting services in 2021 for Amerinational Community Services LLC, relating to bonds held by the GDB Debt Recovery Authority. My team at Kroll and I knew nothing about the substance of this later unrelated work and had not participated in it, consistent with Kroll's confidentiality policy. There was thus no overlap in Kroll personnel on the Bank Account Project and the later unrelated Kroll engagement.

### D&P Remains Disinterested

11. This supplemental disclosure does not affect Kroll's disinterestedness. The Firm continues to reserve the right to supplement the Firm's disclosures in the event that the Firm discovers any additional connections that require disclosure. If any new relevant facts or relationships are discovered or arise in the future, Kroll will continue making reasonable efforts to

identify such further relevant facts or relationships and will file promptly another supplemental declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2022          /s/ James Feltman
                                           James Feltman

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
---------------------------------------------x
In re                                         :
                                              :
THE FINANCIAL OVERSIGHT AND                   : PROMESA
MANAGEMENT BOARD FOR                          : Title III
PUERTO RICO                                   :
                                              :
          as representative of                : Case No. 17-BK-3283 (LTS)
                                              :
THE COMMONWEALTH OF PUERTO                    : (Jointly Administered)
RICO et al.,                                  :
                                              :
          Debtors.                            :
                                              :
---------------------------------------------x
```

## THIRD SUPPLEMENTAL DECLARATION OF JAMES FELTMAN OF KROLL, LLC, FORMERLY KNOWN AS DUFF & PHELPS LLC, UNDER 11 U.S.C. §327(a), FED. R. BANKR. P. 2014(a) AND 48 U.S.C. 2178(c)

I, James Feltman, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge:

1. I am a Managing Director of Kroll, LLC, formerly known as Duff & Phelps, LLC ("Kroll" or the "Firm"), which has an office at 55 East 52nd Street, New York, New York 10055, and which had been engaged as financial analyst by the Financial Oversight and Management Board for Puerto Rico (the "Board") between January 2018 and May 31, 2019. I submit this third supplemental disclosure declaration ("Third Supplemental Declaration") (a) in conformity with Kroll's prior disclosure commitments, (b) in furtherance of this Court's order, dated March 30, 2022, directing the supplemental disclosures required by the Puerto Rico Recovery Accuracy in Disclosures Act, 48 U.S.C. §2178(c). Dkt. No. 20467, and (c) in response to 

questions from the United States Trustee ("UST") about facts in my Supplemental Declaration dated May 13, 2022 (Doc. No.20823-1).

## Relevant Dates

2. <u>Kroll's Discrete, Defined Engagement</u>. Kroll started working for the Board on January 3, 2018, having been retained as independent forensic analyst on a discrete project, responsible for identifying and detailing the Debtors' public, non-privileged third-party cash and investment accounts ("<u>Bank Account Project</u>") as of June 30, 2018. After the Court requested professionals such as Kroll to file detailed fee applications in late 2017, Kroll filed applications to be compensated for its services between January, 2018 and May 31, 2019 (Doc Nos. 7997 and 8450). The Board ended Kroll's engagement in early 2019 after Kroll filed and published a detailed "Report on Title III Bank Accounts," dated March 13, 2019 (the "<u>Report</u>"), but asked Kroll to provide Ernst & Young, another Board financial advisor, with non-substantive transitional services through May 31, 2019. Kroll thus had a defined, discrete role, working primarily with the Debtors' counsel through March 13, 2019: "to report and identify Commonwealth bank and investment accounts... with explanations of any restrictions on the resources they hold." Report, at 3. A copy of the Report is attached as Exhibit "A".

3. <u>The Creditors' Committee Engagement of Genovese, Joblove and Battista PA</u> ("<u>GJB</u>"). The Court authorized the creditors' committee ("<u>Committee</u>") in this case on May 31, 2019 to retain GJB "as special litigation counsel," "effective as of April 16, 2019," in response to the Committee's application dated April 30, 2019, more than a month <u>after</u> Kroll had filed the Report and had finished its substantive work for the Board. (Docket No. 6661.)

## GJB's Disclosure

4. GJB disclosed to the Court on April 30, 2019 its connections to all parties in their case. Doc. No. 6661-1, Exh A. It disclosed no connection to Kroll, apparently because Kroll's services had ended on March 13, 2019, when Kroll filed the Report. GJB also stated that it had no "connection with the committee, the . . . Board, the Debtors, or any other interested party," except "for certain parties on unrelated" matters, noting



that "several" GJB attorneys "have spouses . . . who are attorneys at other law firms," but that "GJB has strict policies against disclosing confidential information to anyone outside of GJB, including spouses . . . ." Doc No 6661-1, Exh. A, at 6. It also committed to make "supplemental disclosure with the Court" if it discovered "additional information that requires disclosure . . . ." Id.

5. GJB "designated" the following "partners to represent the Committee: "John Arrastia"; "John H. Genovese"; "Jesus M. Suarez" and "Mariaelena Gayo-Gurtian." Id., at 8. GJB had not designated my spouse to work for the Committee, and she never performed any material services related to Kroll's earlier services. She did, however, briefly assist the GJB attorneys on non-substantive unrelated matters, as GJB noted on its interim fee applications (Dkt. Nos. 9213 and 12409). GJB disclosed to the Court and the UST on July 15, 2022, that my spouse merely "review[ed] documents" in the "early stages" of this case in 2019, after Kroll's engagement ended. (Dkt. No. ___).

### Termination of GJB's Engagement

6. According to the Committee, in a filing with the Court on February 28, 2022 (Doc. No. 20222), it approved the substitution of Continental PLLC ("<u>Continental</u>") "for GJB..., effective as of February 14, 2022." Doc. 20222, at 6. The Committee made the substitution, it said, because "John Arrastia, Jesus Suarez and Angelo Castaldi... -- three of the GJB attorneys who had been primarily responsible for the representation of the Committee as special litigation counsel... joined the Continental law firm." Id.

7. In his disclosure declaration on behalf of Continental, filed with the Court on February 28, 2022, John Arrastia stated that he, "Jesus Suarez, and Angelo Castaldi... have, since April of 2019, continually represented the Committee as special litigation and conflicts counsel in [this case] through the law firm of [GJB]...." Doc. 20222-1, Ex. A, at 2.

### My Spouse's Work at GJB

8. My spouse, Allison Day, never performed material, related substantive legal services for the Committee on any matter in this case while a partner at GJB, as noted by GJB. Because the GJB team assigned to this case had to be fluent in

Spanish, which my spouse is not, and because she knew virtually nothing about the GJB services being performed for the Committee, consistent with GJB's acknowledged confidentiality policy, I also knew nothing about GJB's role in this case until December, 2020, almost two years after Kroll's substantive services for the Board had ended.

9. The services Kroll performed for the Board – the Bank Account Project – were wholly unrelated to GJB's role as special litigation counsel for the Committee, were performed during two different time periods, and were based solely on public documents.

### Kroll's Later Unrelated Consulting Services

10. I learned from Kroll's counsel that a separate Kroll business unit also performed unrelated consulting services in 2021 for Amerinational Community Services LLC, relating to bonds held by the GDB Debt Recovery Authority. My team at Kroll and I knew nothing about the substance of this later unrelated work and had not participated in it, consistent with Kroll's confidentiality policy. There was thus no overlap in Kroll personnel on the Bank Account Project and the later unrelated Kroll engagement.

### D&P Remains Disinterested

11. This supplemental disclosure does not affect Kroll's disinterestedness. The Firm continues to reserve the right to supplement the Firm's disclosures in the event that the Firm discovers any additional connections that require disclosure. If any new relevant facts or relationships are discovered or arise in the future, Kroll will continue making reasonable efforts to identify such further relevant facts or relationships and will file promptly another supplemental declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July __, 2022

James Feltman

August 5, 2022

DOC ID - 38797804.4