# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>As Representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>Debtors | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS WITH RESPECT TO** *FOUR HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE;* **WITHDRAWAL OF CLAIMS WITHOUT PREJUDICE**
**(Related to Docket Entry No. 21427)**

To the Honorable United States District Judge Laura Taylor Swain:

**Preliminary Statement**

Claimants, Aníbal Arroyo Bolerín, Rosa Idalia Orengo Rohena, Ada Norely López Santiago, Arinda Colón Colón and Jennifer Blest Quiroz respectfully file this reservation of rights (the *Reservation of Rights*) with respect to the *Four Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for Which the Debtors Are Not Liable* (the *Objection*). The objection was filed by the Commonwealth of Puerto Rico (the *Commonwealth*). The document objects claim numbers 51,788, 179,444, 39,308, 49,385 and 49,126 (the *Claims*) respectively filed by Mr. Aníbal Arroyo Bolerín, Ms. Rosa Idalia Orengo Rohena, Ms. Ada Norely López Santiago, Ms. Arinda

Colón Colón and Ms. Jennifer Blest Quiroz, all represented by the undersigned. The Objection in essence alleges that the claims included as Exhibit A *are unenforceable against the debtor and property of the vendor under any agreement or applicable law and should be disallowed.* Item number 20 of the Objection alleges, in part: *other claims to be disallowed purport to assert liability on the basis of pending litigation, but the Commonwealth was either dismissed from the litigation, or was not named Plaintiff in the litigation.*

**Facts from which controversies arise and claimants standing**

The Claimants are former employees of the Puerto Rico Public Broadcasting Corporation (the *PPBC*). The Claimants filed a complaint against the PPBC in the Trial Court-San Juan Superior Court (*Trial Court*) requesting, among other causes of action, compensation for the wrongful termination of their employments. On March 18th, 2015, the Trial Court found that the PPBC was negligent in the way it conducted the severance of the Claimants; accordingly, it ordered the PPBC to pay several compensations to each one of the Claimants, which are claimed by the objected proof of claims.

The PPBC filed a Writ of Appeal in the Court of Appeals of the Commonwealth of Puerto Rico (the *PRCA*) on June 15, 2015. On June 28th, 2017, the PPBC filed in that court a *Notice to Stay the Legal Proceedings.* The notice alleges that the proceedings in appeal should stay pursuant to Section 362 of the Bankruptcy Code because the PPBC was governed by The Puerto Rico Oversight, Management, and Economic Stability Act (*PROMESA*). The Claimants filed a reply in which they argue that it was not apparent that the PPBC was under the protection of the Title III petition under PROMESA filed by the Commonwealth. The PPBC then filed the *Motion in Compliance with Order* attached to a document titled *Covered Entities Under PROMESA*. The PPBC was included among those entities. The Claimants

reacted to it by filing an *Emergency Motion Regarding the Ruling and Summary in Compliance with the Order*. This motion argues, in part, the following:

(a) *the fact that the PPBC was a "covered entity" of PROMESA did not make the public corporation a debtor in the bankruptcy*, and

(b) *the finding as to whether the petition for bankruptcy by the Commonwealth of Puerto Rico covered it (PPBC) should be determined by the Federal Court.*

Notwithstanding these solid arguments against the merits of PPBC's request to obtain the protection of the Automatic Stay, and even though the PPBC was none of the five entities that requested the protection of Title III of PROMESA on May 3rd, 2017, the PRCA concluded in its *Judgment (Adminisrative Dismissal)* that the PPBC was under the protection of the Automatic Stay. Accordingly, it ordered the stay of the proceedings on appeal until an order lifting the stay is issued by the US District Court. The PRCA summarized its holding as follows: *In light of the certification by the Oversight Board that includes the Appellants as one of the instrumentalities covered under PROMESA Act,…there is no doubt that the course of action raised by the Appellee against the appellant in this case is covered by the PROMESA act, as far as the staying of cases in litigation*.

In sum, Claimants are facing a cross jurisdictional gridlock which they tried to resolve without the intervention of the Court. On one hand, the PRCA held that Claimants need to obtain a release of the automatic stay from the US District Court prior to continuing the litigation in the PRCA. On the other hand, the Commonwealth objects the payment of the claims, presumably because the Debtor is not a party involved in the litigation in the Trial Court nor in the PRCA. Hence, the Claimants respectfully requests the withdrawal of their claims and record the following Reservation of Rights.

**Reservation of Right**

The rights to be reserved are:

(a) to re-file the claims if a federal court determines that the entity responsible for paying the claims is the Commonwealth; and

(b) to request a *Comfort Order* under 11 USC §362(j) which would state that: i) the Claimants will not violate the Stay, once they request to the PRCA the reactivation of the defense of the judgement awarding damages (and collecting the awards from the PPBC); ii) that the entity responsible for the payment of the Judgment is the PPBC and iii) that no funds of the Commonwealth will be affected by the collection of the judgment because once, if any, of the funds of the Commonwealth are transferred and/or donated to the PPBC, they exclusively belong to the latter.

***WHEREFORE***, the Claimants requests from this Honorable Court to take notice of the preceding facts, allow the withdrawal of claims number 51,788, 179,444, 39,308, 49,385 and 49,126 (without prejudice), allow the reservation of these rights and grant any other remedy pursuant to law and/or equity.

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, on this 18th day of August 2022.

**NOTICE:** Within **fourteen (14) days** after service as evidenced by the certifications, and an additional **three (3) days** under Fed. R. Bank. P. 9006(f) if you were served by mail, party against whom this paper has been served, or any other party to the action who objects to the relief sought, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed, the objection will be deemed unopposed and may be granted; unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the Court may-in its discretion-schedule a hearing.

**CERTIFICATE OF SERVICE** I certify that on the date hereof, a true and correct copy of the above and foregoing was served upon all parties via the Court's electronic case filing system (ECF).

**/s/ CARLOS ALBERTO RUIZ, ESQ.**
USDC-PR 210009
Attorney for Creditor(s)
**LCDO. CARLOS ABLERTO RUIZ CSP**
P.O. Box 1298
Caguas, PR 00726-1298
Phone: (787) 286-9775/ Fax: (787) 747-2174
carlosalbertoruizquiebras@gmail.com