```
 1                    UNITED STATES DISTRICT COURT

 2                       DISTRICT OF PUERTO RICO

 3
     In Re:                          )     Docket No. 3:17-BK-3283(LTS)
 4                                   )
                                     )     PROMESA Title III
 5   The Financial Oversight and     )
     Management Board for            )
 6   Puerto Rico,                    )     (Jointly Administered)
                                     )
 7   as representative of            )
                                     )
 8   The Commonwealth of             )
     Puerto Rico, et al.             )     August 17, 2022
 9                                   )
                   Debtors,          )
10

11   _____

12

13                          OMNIBUS HEARING

14    BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

15              UNITED STATES DISTRICT COURT JUDGE

16    AND THE HONORABLE U.S. MAGISTRATE JUDGE JUDITH GAIL DEIN

17              UNITED STATES DISTRICT COURT JUDGE

18   _____

19
     APPEARANCES:
20
     For The Commonwealth
21   of Puerto Rico, et al.:   Mr. Martin J. Bienenstock, PHV
                               Mr. Brian S. Rosen, PHV
22                             Ms. Libbie Osaben, PHV

23
     For Puerto Rico Fiscal
24   Agency and Financial
     Advisory Authority:       Ms. Carolina Velaz-Rivero, Esq.
25
```

```
 1  APPEARANCES, Continued:

 2  For the Official
    Committee of Unsecured
 3  Creditors:                   Mr. G. Alexander Bongartz, PHV

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by stenography.  Transcript produced by
25  CAT.
```

```
 1                         I N D E X
 2   WITNESSES:                                       PAGE
 3        None.
 4
 5   EXHIBITS:
 6        None.
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                                          San Juan, Puerto Rico
 2                                          August 17, 2022
 3                                          At or about 2:25 PM
 4                         *     *     *
 5        THE COURT:  All right then.  So, Carmen, do you want
 6   to make the proclamation about the Omnibus Hearing?
 7        COURTROOM DEPUTY:  Sure, Your Honor.
 8        Bankruptcy Case No. 2017-3283 for Omnibus Hearing.
 9   Present in court, the Honorable Judge Laura Taylor Swain, also
10   sitting the Honorable Magistrate Judge Judith G. Dein.
11        THE COURT:  Thank you, Ms. Tacoronte.
12        The usual housekeeping instructions all apply.  I
13   will not repeat them.  I will simply note that the agenda for
14   the Omnibus Hearing was filed as Docket Entry No. 21845 in
15   Case No. 17-3283, and that is available at no cost on the
16   Kroll Restructuring website, previously known as Prime Clerk,
17   for those interested.  The Prime Clerk website addresses and
18   telephone numbers are still operational.  The buzzing and
19   timing system is the same as we've done all day, so I will not
20   repeat that.
21        Our first agenda item is, as usual, status reports
22   from AAFAF and the Oversight Board.  As requested in the
23   Procedures Order, these reports have been made in writing in
24   advance of this hearing, and are available on the public
25   docket at Docket Entry Nos. 21855 and 21856 in Case No.
```

1   17-3283, respectively.

2   I thank the Oversight Board and AAFAF for the care
3   and detail reflected in their reports, which, as always, cover
4   important matters. Does counsel for the Oversight Board wish
5   to make any additional comments?

6   MR. BIENENSTOCK: Good afternoon, Your Honor. Martin
7   Bienenstock of Proskauer for the Oversight Board.

8   The simple answer is no, but since I have to make
9   this appearance, I just want to echo all of the gratitude and
10  thanks that the prior speakers mentioned at the end of the
11  confirmation hearing.

12  THE COURT: Thank you, Mr. Bienenstock.

13  I have no questions of my own regarding the status
14  report, which was very comprehensive and provided important
15  information.

16  Is there anyone in the courtroom or on the telephone
17  who wishes to raise any issues in connection with that status
18  report?

19  I see no one here with a hand raised in the
20  courtroom, and I haven't heard anyone unmute and say anything
21  on the telephone. So thank you, Mr. Bienenstock.

22  MR. BIENENSTOCK: Thank you.

23  THE COURT: Would counsel for AAFAF wish to make any
24  comments additional to the printed report?

25  Good afternoon.

1         MS. VELAZ-RIVERO:  Good afternoon, Your Honor.
2  Carolina Velaz-Rivero from Marini Pietrantoni Muniz on behalf
3  of AAFAF.
4         We don't have anything to add unless Your Honor has
5  any questions.
6         THE COURT:  Thank you.  I don't have any follow-up
7  questions.
8         I'll ask the same question of those in attendance.
9  Raise your hand if you wish to be heard in connection with the
10 AAFAF report.
11        I see no hands raised.
12        If you wish to be heard on Court Solutions, unmute
13 and say something quickly.
14        No one has unmuted.  So thank you very much.
15        MS. VELAZ-RIVERO:  Thank you, Your Honor.
16        THE COURT:  I have reviewed the Fee Examiner's 9th
17 Interim and Semi-annual Fee Application.  I don't believe that
18 there were any objections.
19        Have we entered an order on that?  I'm asking my
20 staff.  We haven't, but we will.  We will enter an order on
21 that, unless anyone else wants to be heard?
22        No.  So that order will be entered.
23        Now we move to uncontested matters, as to which there
24 will be speaking.  So, Mr. Rosen.
25        MR. ROSEN:  Yes, Your Honor.  I'd like to introduce

1    Ms. Libbie Osaben from Proskauer Rose.  She will be handling
2    Items 1 and 2 on the uncontested matters.
3           THE COURT:  Good afternoon, Ms. Osaben.
4           MS. OSABEN:  Good afternoon, Your Honor.  Libbie
5    Osaben of Proskauer Rose on behalf of the Oversight Board.
6           The 481st Omnibus Objection, which was filed at ECF
7    No. 21427 in Case No. 17-3283, seeks to disallow in their
8    entirety proofs of claim that assert liabilities against
9    entities that are not Title III debtors and fail to provide a
10   basis for asserting liabilities against the Commonwealth or
11   any other Title III debtor.
12          The response and reservation of rights was filed by
13   Luis Manuel Ramirez-Perez and Jose Luis Ramirez-Perez with
14   respect to Proof of Claim No. 87279 at ECF No. 21680.  The
15   proof of claim asserts liability stemming from the settlement
16   agreement between the claimants' predecessor in interest and
17   the Puerto Rico Maritime Transportation Authority.
18          The Oversight Board on behalf of the Commonwealth and
19   ERS filed a reply in support of the 481st Omnibus Objection at
20   ECF No. 21810.  I'm pleased to report that we've conferred
21   with counsel for claimants, and we've agreed that, in light of
22   the Oversight Board's reply, claimants do not oppose the
23   relief requested in the 481st Omnibus Objection with respect
24   to their proof of claim.  For that reason, Your Honor, we
25   respectfully request that the Court sustain the 481st Omnibus

1  Objection with respect to Proof of Claim No. 87279, and
2  disallow their claim, notwithstanding their response.
3          Thank you, Your Honor.
4          THE COURT:  Thank you.
5          Did you wish to speak to the Peerless response as
6  well, since that's also to the 481st?
7          MS. OSABEN:  I believe that Peerless is to the 482nd
8  Omnibus Objection, Your Honor.
9          THE COURT:  You are right.  I apologize.  I misread
10 my own notes.
11         So without objection now that the matter has been
12 resolved, the 481st Omnibus Objection is sustained as to Claim
13 No. 87279 of Luis Manuel Ramirez-Perez and Jose Luis
14 Ramirez-Perez, and that claim is disallowed in its entirety.
15 So when the remainder of that Omnibus Objection has been
16 resolved, the Oversight Board is directed to submit a
17 comprehensive proposed order to chambers.
18         MS. OSABEN:  We will do so, Your Honor.
19         THE COURT:  Thank you.  And now the 482nd.
20         MS. OSABEN:  Libbie Osaben of Proskauer Rose on
21 behalf of the Oversight Board.  The 482nd Omnibus Objection,
22 which was filed at ECF No. 21434 in Case No. 17-3283, seeks to
23 reduce amounts asserted in proofs of claim that are based on
24 liabilities which have been satisfied and disallow other
25 amounts for which PREPA is not liable.  Only one response to

1  the 482nd Omnibus Objection was timely received, and it was
2  filed by Peerless Oil and Chemicals with respect to Proof of
3  Claim No. 166437 at ECF No. 21664.
4      I'm pleased to report that we've conferred with
5  counsel for Peerless, and we have agreed that Peerless does
6  not oppose the relief requested in the 482nd Omnibus Objection
7  with respect to its proof of claim, which would be reduced in
8  the amount of $16,338.23, as that amount has been satisfied,
9  and partially disallowed in the amount of $252.04.
10     Peerless will retain a remaining claim against PREPA
11 in the amount of $12,077.11.  PREPA reserves its rights to
12 object to the remaining claim on any grounds whatsoever.
13     For that reason, Your Honor, we'd respectfully
14 request the Court sustain the 482nd Omnibus Objection, reduce
15 and partially disallow the claim, notwithstanding the
16 response.  This request would not affect Peerless' remaining
17 claim, and the remaining claim will be reserved for
18 determination at a future date.
19     Thank you, Your Honor.
20     THE COURT:  Thank you, Ms. Osaben.
21     For the reasons that have been summarized by
22 Ms. Osaben on the record, and in light of the agreement of
23 Peerless that it does not oppose the Omnibus Objection, the
24 482nd Omnibus Objection is sustained as to Claim No. 166347
25 filed by Peerless Oil and Chemicals, Inc., and that claim is

1  disallowed to the extent set forth in Exhibit A to the Omnibus
2  Objection.
3       I would ask that the Oversight Board submit a Word
4  version of the proposed order to chambers.
5       MS. OSABEN:  We will do so, Your Honor.  Thank you.
6       THE COURT:  Thank you, and welcome.
7       MR. ROSEN:  Your Honor, that takes us to the third
8  item on the agenda, which is the Oversight Board/Debtors'
9  motion to extend the date by which objections to claims need
10 to be filed pursuant to the Commonwealth, ERS, and PBA Plan of
11 Adjustment.
12      THE COURT:  Hold on just one moment.  I may have
13 spoken imprecisely.  Just let me check something.
14      May I ask that Ms. Osaben come back to the microphone
15 for a moment?
16      So, Ms. Osaben, were you asking for me to rule as to
17 the entirety of the 482nd, as to which I gather there haven't
18 been other objections, or were you simply asking me at this
19 point to rule with respect to the Peerless response and await
20 a later method of disposition of the other claims to which the
21 482nd objection relates?
22      MS. OSABEN:  The entirety of the 482nd Omnibus
23 Objection, Your Honor.  We only received one response to the
24 482nd Omnibus Objection filed by Peerless, which has been
25 resolved.

1        THE COURT: So with that clarification, I'll also
2   make very clear my ruling: The 482nd Objection is sustained
3   in its entirety, and the debtor is asked to submit a Word
4   version of the proposed order.
5        MS. OSABEN: We will do so, Your Honor. Thank you.
6        THE COURT: Thank you.
7        So, Mr. Rosen, the motion for the extension of the
8   time to object to claims.
9        MR. ROSEN: Yes, Your Honor. There are many things
10  that I am very proud of that we've accomplished in the five
11  years since I've been involved in this case, Your Honor. The
12  various plans of adjustment are just three of them that come
13  to mind, but to me, on that same footing, is the claims
14  reconciliation process.
15       I think I stood up here in 2017, Your Honor, and
16  talked to you about the claims that had been filed at that
17  point, and I said 43 trillion. And everybody like gasped at
18  that, but we've -- and, Your Honor, we've had over 185
19  thousand proofs of claim filed, and I can say without
20  hesitation that the work that has been done by not only the
21  legal staff but, more importantly, the Alvarez & Marsal team
22  lead by Mr. Herriman, who is here in the courtroom, has been
23  phenomenal. And we've been able to go through those proofs of
24  claim, decipher them to the extent possible, and move through
25  the reconciliation process as expeditiously as possible.

1        And, nevertheless, Your Honor, while there was a
2   180-day period in which objections needed to be filed to the
3   balance of those that had not been reconciled to date, there
4   still is a lot more work to be done.  There was a response
5   filed by the Unsecured Creditors Committee, and we filed a
6   reply to that, Your Honor, which I know was very much indepth
7   and went through what was right, what was wrong, and how we're
8   proceeding to deal with that, but I just want to very quickly
9   go through what that problem is, Your Honor.
10       There were thousands and thousands of fully
11  unliquidated claims filed.  Many of these were filed by people
12  who really didn't know what they were filing, but gave money
13  to somebody who filed a proof of claim for them without any
14  information contained in those proofs of claim.  We have been
15  undertaking the process to go through those fully unliquidated
16  claims.  We've done mailings to them.  We've done an outreach
17  program.  We've actually called people.  And to the extent
18  that it's been possible, we've been able to move those
19  possibly sometimes into ADR, tried additional mailings, and
20  when that's proven unsuccessful, we bring them back, we file
21  an Omnibus Objection, and say it's deficient.  But there are
22  many claims, Your Honor, in that fully unliquidated category,
23  which are in buildings that have been condemned or were
24  totally destroyed, and records have been totally destroyed due
25  to the hurricanes, Your Honor.  And so it's taken much longer

1 than we ever thought possible.

2 To date, there are approximately 1,600 plus claims
3 that are still fully unliquidated that we still continue this
4 outreach program. We don't want to just file objections to
5 them, Your Honor. We're trying to get more information, so
6 that we could see if there's something that is there, and not
7 just cast them aside in saying that they are deficient. So
8 that is why we did this.

9 And we understand that the Committee is desirous of
10 making distributions as expeditiously as possible to general
11 unsecured creditors, but the problem is, with the fully
12 unliquidated claims, without an estimation process, which
13 can't be done because they're fully unliquidated, we have no
14 information. There really is no way to make a distribution to
15 general unsecured creditors at this time, because the reserve
16 that would be required would essentially eat up whatever
17 distribution would be made.

18 So all I can say is that it is our goal to continue
19 this process as quickly as possible. That's why we've asked
20 for only 180 additional days at this time to continue that,
21 and we hope that that satisfies the people who were
22 questioning what -- the efforts that were being undertaken.

23 I would note that the Creditors Committee actually
24 did not object to the relief. They just wanted information.
25 And we tried to put that in our reply, Your Honor. We've

1  tried to put that in the status reports that we file every
2  time that there's an Omnibus Hearing.  But with that, Your
3  Honor, we would ask the Court to grant the motion to extend
4  the objection deadline for another 180 days.  Thank you.
5          THE COURT:  Thank you.
6          Mr. Bongartz.
7          MR. BONGARTZ:  Good afternoon again, Your Honor.
8  Alex Bongartz of Paul Hastings on behalf of the Official
9  Committee.  I will be very brief.
10         As Mr. Rosen said, the Committee is not objecting to
11 the relief, and I'm not here to oppose the relief.  The
12 Committee filed its limited response really to express its
13 concern about the lack of clarity as to when the claims
14 reconciliation process will be completed or substantially
15 completed, so that distributions can commence to be made.  And
16 our hope was, and still is, that the Board could provide some
17 good faith estimate of what that timeline is going to look
18 like to bring that process to a conclusion.  We are not
19 criticizing the Board, and we fully recognize that the process
20 is difficult, is challenging, but we are where we are in the
21 sixth year of this case now, and we're just hopeful that at
22 some point in the near future distributions can commence
23 given -- including the substantial progress that has been made
24 on the claims reconciliation process to date.
25         I don't have much else to add at this point.  I just

1    want to note that, you know, I think, in the reply, Mr. Rosen
2    said that, you know, reports have been filed with the Court
3    and have been provided to the claims supervisor.  We're not
4    disputing that.  There's no question that that's accurate,
5    reports have been provided.  The only challenge that we're
6    facing is the reports always provide a snapshot in time as to
7    where we are, and we were hoping to have something that's more
8    forward-looking as to when this will be wrapped up, or
9    substantially wrapped up.
10            And we recognize that obviously there's some
11   guesswork involved there, but I think some sense of when
12   distributions can commence to be made would be helpful.
13   That's really all I have to say.  And thank you very much.
14            THE COURT:  Thank you.
15            Anything further, Mr. Rosen?
16            MR. ROSEN:  Your Honor, I'm the only person who
17   didn't thank the Court, and I wanted to do that, and Judge
18   Dein as well, for everything that you've done in connection
19   with bringing the HTA case and all the other cases to the
20   state that they are in.  Thank you.
21            THE COURT:  Well, thank you.
22            The motion for an extension of the time to object to
23   claims for a further 180 days is granted.  The Court finds, in
24   light of the contextual information provided by the Oversight
25   Board, that the regular reporting that the Court has been

1  requiring in connection with Omnibus Hearings is appropriate
2  and sufficient, and I intend to continue that requirement and
3  will modify the instructions for the reports to make even
4  clearer that they should include updates concerning the status
5  of the reconciliation process, and other information of the
6  sort that the Oversight Board provided in its very thorough
7  and detailed reply in support of the motion here.  I expect
8  that those reports will continue to demonstrate focused work
9  toward achieving the expeditious conclusion of the claims
10 resolution process, and the payments of distribution to
11 creditors who have waited five or more years at this point for
12 the payment of their claims.
13         It appears from Mr. Rosen's remarks that no specific
14 projection can be made at this point.  I would ask that you
15 continue to hold as an important factor in the mix the
16 desirability of moving matters into and within the ADR process
17 to the extent there is an intent to rely on the ADR process to
18 reach dispositions of claims.  As I've said before, we have
19 judges waiting, the world is a dynamic one, and so we want to
20 be able to utilize the resources that have been made available
21 to us now as thoroughly as possible, and as promptly as
22 possible.  Thank you.
23         So now are there any other matters -- oh, and will
24 you please submit a Word version of your proposed order to my
25 chambers?

1		MR. ROSEN:  We will, Your Honor.

2		THE COURT:  Thank you.

3		Are there any other matters that need to be addressed
4	today?  Seeing no hands, and hearing no one pipe up on the
5	telephone, this concludes the agenda for this Omnibus Hearing.
6	The next scheduled hearing is September 21st, 2022.  The
7	location of that hearing will, frankly, depend on the volume
8	of business to be addressed in connection with that Omnibus
9	Hearing, so I will keep you posted after I know.

10		I have thanked all of you.  I thank you again, and I
11	thank you for your ongoing work.  We all have in our various
12	functions and constituencies the job of helping to create and
13	taking Puerto Rico further on that path toward a future that
14	is brighter and stronger, and that doesn't involve most of us.
15	So please continue on that road.

16		I thank the court staff here in Puerto Rico, who are
17	always tremendously gracious to all of us, and appreciate your
18	gracious conduct toward them, and in New York, and in Boston.
19	This is a very complicated set of cases from the court
20	administrative point of view, and so we do all owe a great
21	debt of gratitude to the team with which I am lucky enough to
22	be able to work, and Judge Dein is lucky enough to be able to
23	work.

24		So stay safe and keep well, everyone.  We are
25	adjourned.

```
 1        COURT SECURITY OFFICER:  All rise.
 2        (At 2:49 PM, proceedings concluded.)
 3                    *     *     *
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1  U.S. DISTRICT COURT    )
 2  DISTRICT OF PUERTO RICO)
 3
 4       I certify that this transcript consisting of 19 pages is
 5  a true and accurate transcription to the best of my ability of
 6  the proceedings in this case before the Honorable United
 7  States District Court Judge Laura Taylor Swain, and the
 8  Honorable United States Magistrate Judge Judith Gail Dein on
 9  August 17, 2022.
10
11
12
13  S/ Amy Walker
14  Amy Walker, CSR 3799
15  Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```