# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 21716** |
| JOSE LOPEZ MEDINA,<br><br>Movant,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

## OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO MR. JOSE LOPEZ MEDINA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO PROMESA'S SECTIONS 4, 7, 301(C)(3), 304(H) AND BANKRUPTCY CODE'S SECTIONS 362(B)(4), (D)(1)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................2

BACKGROUND ......................................................................................................3
   A.  THE COMMONWEALTH'S TITLE III CASE.......................................3
   B.  THE MOTION AND CURRENT STATUS OF THE LITIGATION................5

OBJECTION ..........................................................................................................7

   A.  MOVANT FAILS TO SHOW CAUSE FOR RELIEF FROM THE DISCHARGE
      INJUCTION UNDER SONNAX FACTORS ..................................................7

      SONNAX FACTOR 1 ...........................................................................9
      SONNAX FACTOR 2 ...........................................................................10
      SONNAX FACTOR 4 ...........................................................................11
      SONNAX FACTOR 5 ...........................................................................11
      SONNAX FACTOR 6 ...........................................................................11
      SONNAX FACTOR 7 ...........................................................................12
      SONNAX FACTOR 10 AND 11 .............................................................13
      SONNAX FACTOR 12 .........................................................................13

CONCLUSION........................................................................................................14

TABLE OF AUTHORITIES

**Cases**                                                                                                 **Pages**

*In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017) ............................8
*In re Breitburn Energy Partners LP*, No. 16-10992, 2017 WL 1379363,
at *4 (Bankr. S.D.N.Y. Apr. 14, 2017) ............................................................................9
*In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal. 2012)..................................12
*In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998) ......................................9
*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*,
2021 WL 7162427 (D.P.R. Dec. 27, 2021) ..........................................................9
*In re Fin. Oversight & Mgmt. Bd.*, 899 F.3d 13, 23 (1st Cir. 2018) ..............................7
*In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002)......................1
*In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002)......................6
*In re Motors Liquidation Co.*, No. 09- 50026, 2010 WL 4630327, at *4 (S.D.N.Y. 2010) ..........11
*In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012) ....................................................9
*In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004)..............11
*In re Residential Capital, LLC*, 2012 Bankr. LEXIS 3641,
at *20 (Bankr. S.D.N.Y. Aug 8, 2012) ..........................................................10
*In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug.
8, 2012) ..........................................................................................8
*In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug.
8, 2012) ..........................................................................................10
*In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990) ..................................7
*In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818,
at *4 (Bankr. S.D.N.Y. Sept. 11, 2017) ........................................................1
*In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818,
at *4 (Bankr. S.D.N.Y. Sept. 11, 2017) ........................................................6
*In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009)..............................................9
*In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993)..........................................6, 7
*In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007) ................1
*In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007) ................6


**Statutes**
Bankruptcy Code section 301(c)(3)................................................................1
Bankruptcy Code section 304(h)(4)..............................................................1
Bankruptcy Code section 362(c)(2)(C), Section 92.25........................................1
Bankruptcy Code section 362(d)(1)..............................................................2
Bankruptcy Code section 523(a)(6) ............................................................2, 9


**Other Authorities**
*Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*,
217 F. Supp. 3d 508, 518 (D.P.R. 2016)....................................................7, 10
*Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711,
at *13 (D.P.R. Nov. 2, 2016) ................................................................7
*Sonnax*, at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*,
369 B.R. 87, 94-5 (D.P.R. 2007) ............................................................7

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") respectfully submits this objection (the "Objection") to *Mr. José Lopez Medina's Motion for Relief from the Automatic Stay pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(h) and Bankruptcy Code's 362 (b)(4), (d)(1)* [ECF No. 21716] (the "Motion") filed by José Lopez Medina (the "Movant"), plaintiff in the case captioned *López Medina v. Puerto Rico Police Department, et al.*, Case No. 17-02232 (the "Litigation"),[1] pending before the United States District Court for the District of Puerto Rico (the "District Court"). In support of this Objection, the Debtor respectfully states as follows:[2]

## **Preliminary Statement**

1.     Pursuant to the Motion, Movant seeks an order modifying the automatic stay[3] pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") to allow the Litigation to proceed to final judgment and execution of any monetary relief. Motion ¶ 38. Pursuant to the Litigation, Movant seeks monetary relief against the Puerto Rico Police Department (the "PRPD") and certain related officials arising from the alleged illegal termination of Movant from his employment with the PRPD that occurred prior to the commencement of the Commonwealth's Title III case. Movant asserts violations of the Fourteenth Amendment of the

---

[1] Movant did not specify the case for which he seeks relief from the discharge injunction in the Motion.  Information relating to the Litigation for which Movant seeks stay relief was provided by Movant in subsequent communications.

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth.

[3] Pursuant to section 362(c)(2)(C) the Bankruptcy Code, Section 92.25 of the Commonwealth Plan, and decretal paragraph 66 of the Confirmation Order, the automatic stay was replaced by the discharge injunction upon the occurrence of the effective date of the Commonwealth Plan.

To the extent the Court interprets the Motion to seek relief from the discharge injunction, some courts have considered such relief under the *Sonnax* factors discussed below. *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007).

United States Constitution, and tort claims for emotional and economic damages under Puerto Rico law. *See generally* Litigation, Case No. 17-02232, Amended Complaint [ECF No. 9].

2.      The Motion should be denied because Movant failed to timely file a proof of claim related to the claims asserted in the Litigation as required pursuant to the Bar Date Order (as defined below), and, accordingly, Movant's claims asserted in the Litigation are discharged and barred pursuant to the Plan and Confirmation Order (each as defined below).  While Movant asserts his claim is non-dischargeable pursuant to Bankruptcy Code section 523(a)(6), such provision is inapplicable in a Title III case.  *See* PROMESA § 301(a) (excluding Bankruptcy Code section 523 from the provisions of the Bankruptcy Code applicable to a case under Title III of PROMESA). Nonetheless, Bankruptcy Code section 523(a)(6) is applicable only to *individual* debtors.  *See* 11 U.S.C. § 523 ("A discharged under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an *individual* debtor from and debt . . . .) (emphasis added).

3.      Accordingly, the Motion should be denied because Movant has failed to timely file a proof of claim with respect to his asserted claim arising from the Litigation. Granting Movant's request for stay relief to allow Movant to enforce his asserted claim would circumvent the proof of claim filing requirements in the Bar Date Order and the discharge provided in the Plan and Confirmation Order.  Furthermore, Movant has otherwise failed to demonstrate "cause" for relief from the discharge injunction pursuant to Bankruptcy Code section 362(d)(1).

### Background

#### A.      *The Commonwealth's Title III Case*

4.      On May 3, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico (the "Title III Court"), commencing a case under Title III thereof.

2

5.      On August 30, 2017, the Commonwealth filed its *Notice of Filing of Creditor List for the Commonwealth of Puerto Rico* (the "Creditor List") (ECF No. 1215) including, as Schedule E thereto, a list of employee obligations (the "Employee Obligations List"), and, as Schedule H thereto, a list of litigation-related obligations (the "Litigations List").

6.      Although Movant was listed in the Employee Obligations List (ECF No. 1215-10, p. 447) as a holder of a contingent and unliquidated claim,[4] the Litigation was not listed in the Litigations List, because the Litigation was filed after the filing of the Creditor List.

7.      On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines And Procedures For Filing Proofs Of Claim And (B) Approving Form And Manner Of Notice Thereof* (the "Bar Date Order") [ECF No. 2521], establishing May 29, 2018 as the deadline for filing proofs of claim.  On May 25, 2018, the Court entered an order (ECF No. 3131) extending the bar date to June 29, 2018 (the "Bar Date").

8.      With respect to employee claims, the Bar Date Order provides that claimants asserting claims based on "tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits" must file a proof of claim.  *See* Bar Date Order ¶ 6(g). The Debtor has not been able to locate any proof of claim filed by Movant, nor has Movant been able to provide the Debtor a proof of claim number related to the Litigation.

9.      On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,*

---

[4] Aside from the Litigation, as of the Petition Date, Movant had a separate cause of action (the "State Court Action") against the Commonwealth, Civil No. KLRX201800035, pending before the Court of Appeals of Puerto Rico for reinstatement and unpaid wages. On September 26, 2019, the Commonwealth and Movant executed a stipulation modifying the automatic stay solely with respect to the State Court Action, which stipulation was approved by the Title III Court on October 16, 2019 pursuant to the *Twelfth Omnibus Order Granting Relief From The Automatic Stay* [ECF No. 8877].

*the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (the "Commonwealth Plan").  Among other things, the Commonwealth Plan and the Confirmation Order provide for an injunction (the "Discharge Injunction") on the prosecution of claims discharged pursuant to the Commonwealth Plan from and after the Effective Date of the Commonwealth Plan. *Commonwealth Plan* § 92.3; *Confirmation Order* ¶ 59.

10.     On March 15, 2022, the Plan became effective (the "Effective Date"). Pursuant to the Confirmation Order and the Commonwealth Plan, unless otherwise extended, the Debtor has until September 11, 2022 to assess and object to the allowance of claims, which deadline was extended to March 8, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 21894][5].

**B.     The Motion and Current Status of the Litigation**

11.     On October 4, 2017, Movant commenced the Litigation against the PRPD and other parties, including José Figueroa Sancha ("Figueroa") (Superintendent of the PRPD from 2009 through 2011), Alejandro Pérez Cuadrado ("Pérez") (District Commander in the Gurabo City), and Michelle Hernández-Fraley ("Hernández" and together with Figueroa and Pérez the "Co-Defendants") (Superintendent of the PRPD from 2017 through 2018).  In the Litigation, Movant seeks damages in excess of $1,250,000, plus attorneys' fees, costs, and interest, for asserted violation of the Fourteenth Amendment of the United States Constitution, and economic and

---

[5] *Commonwealth Plan* § 82.1(a); *Confirmation Order* ¶ 42.

4

emotional damages, stemming from events that allegedly occurred between March 1999 and October 2016 leading to Movant's termination from his employment at the PRPD. Notably, Movant does not seek reinstatement to his employment pursuant to the Litigation. *See* Litigation, Case No. 17-02232, Amended Complaint at 18-19 [ECF No. 9]. On January 22, 2018, Movant filed an amended complaint.

12.     On February 8, 2018, the Puerto Rico Department of Justice assumed the legal representation of Pérez and notice of the automatic stay pursuant to the Commonwealth's Title III case was filed in the Litigation. *See* Litigation, Case No. 17-02232 [ECF Nos. 14 & 15].[6]

13.     On February 17, 2018, Movant sought in the Litigation relief from the automatic stay, which the District Court denied on March 13, 2018, noting that "[t]he Amended complaint names a public agency as a defendant and one cause of action depends solely on a respondent superior theory which is inapplicable in the circumstances alleged." Litigation, Case No. 17-02232 [ECF Nos. 17 & 18].

14.     On March 15, 2018, Movant sought reconsideration of the order denying his request for stay relief, which the District Court denied on April 4, 2018. Litigation, Case No. 17-02232 [ECF Nos. 21 & 22].

15.     On April 16, 2018, Movant again sought reconsideration of the order denying his request for stay relief, which the District Court denied on May 3, 2018, noting that "[t]his Court has concluded that suits against public officials in their personal capacities seeking money damages are subject to the PROMESA stay." Litigation, Case No. 17-02232 [ECF Nos. 24 & 27].

---

[6] Because not all Co-Defendants were served with summonses and the Litigation was stayed in its initial stage, the Commonwealth had not yet determined whether, pursuant to 32 L.P.R.A. § 3085 ("Law 9"), the Commonwealth would assume the legal representation of the remaining Co-Defendants. The District Court also noted that it was "unclear that all three named defendants are being sued solely in their personal capacities". *See* Litigation, Case No. 17-02232 [ECF No. 22].

16.     The Litigation remains in the initial stages and has not reached discovery. Moreover, no summons was issued to the PRDP, and not all of the Co-Defendants were served with summonses. Therefore, the time to file dispositive motions had not commenced at the time the Litigation was stayed.

17.     On August 4, 2022, Movant filed the Motion in the Commonwealth Title III case, alleging that the Litigation "should not have been stayed, since this is an action for money damages for Plaintiff illegal termination of his employment, he was subjected to by the Puerto Rico Police Department" and seeking relief from the automatic stay to allow the Litigation to proceed to final judgment and to enforce any monetary judgment against the Commonwealth premised on the allegation that "Movant's claim is non-dischargeable under section 523(a)(6)." Motion ¶¶ 3, 5.

**Objection**

**A.  *Movant Fails to Show Cause for Relief from the Discharge Injunction under the Sonnax Factors***

18.     To the extent the Court interprets the Motion as a request for relief from the Discharge Injunction, courts have considered such relief under the same "cause" standard as relief from the automatic stay.  *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007). Movant fails to establish cause exists to lift the Discharge Injunction.

19.     "Cause" is not defined in the Bankruptcy Code.  *In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd* 23 F.3d 395 (1st Cir. 1994).  To determine whether "cause" exists to grant stay relief, courts examine numerous factors, including those set forth in *Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990):

(1) whether relief would result in complete or partial resolution of the issues;

6

(2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as fiduciary;

(4) whether a specialized tribunal has been established to hear the cause of action at issue;

(5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) whether the action essentially involves third parties rather than the debtor;

(7) whether the litigation could prejudice the interest of other creditors;

(8) whether a judgment in the foreign action is subject to equitable subordination;

(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) the impact of the stay on the parties and the "balance of hurt."

*In re Sonnax Indus.,* 907 F.2d at 1286.

20.     Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in *Sonnax* and recited by the Title III court provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum.").

21.    No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 529 n.12. Movant bears the initial burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

22.    The Sonnax factors clearly weigh against lifting the Discharge Injunction. Denying the Motion would further the goal of the Discharge Injunction and the Confirmation Order, which provides the Debtor a "fresh start" from having to defend itself from claims that were discharged because of the Movant's failure to timely file a proof of claim. *See In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11 cases."). The *Sonnax* factors point squarely toward maintaining the Discharge Injunction and against the relief Movant seeks:

23.    ***Sonnax* Factor 1:**  The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against lifting the Discharge Injunction. The first *Sonnax* factor does not focus on the issues in the stayed litigation. If it did, the first *Sonnax* factor would always favor lifting the stay because every lawsuit eventually resolves the issues in that particular proceeding. Instead, the first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. *See, e.g., In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist

8

the Debtor in pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g., In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

24.      Here, Movant bears the high burden of establishing cause, and the Motion is devoid of such showing, as none exists. *See In re Breitburn Energy Partners LP*, No. 16-10992, 2017 WL 1379363, at *4 (Bankr. S.D.N.Y. Apr. 14, 2017).  Movant fails to identify any bankruptcy issue related to the Commonwealth's Title III case that would be resolved by allowing Movant to proceed with the Litigation.  Indeed, Movant failed to timely file a proof of claim relating to the Litigation, and, therefore, his claim is barred and discharged pursuant to the Plan and Confirmation Order.  While Movant asserts his claim is excepted from discharge pursuant to Bankruptcy Code section 523(a)(6), such exception is inapplicable in a Title III case pursuant to Section 301(a) of PROMESA.  Further, Bankruptcy Code section 523 applies only to *individual* debtors.  *See* 11 U.S.C. § 523; *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 2021 WL 7162427 (D.P.R. Dec. 27, 2021) ("None of the debtors is an individual, so section 523 is inapplicable for that reason alone.").

25.      Therefore, the first Sonnax factor supports denying the Motion.

26.      ***Sonnax* Factor 2**:  The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—does not support lifting the stay.  Although Movant alleges that allowing the Litigation to proceed would not interfere with the Commonwealth's Title III case, lifting the Discharge Injunction would waste the Commonwealth's resources to litigate a claim that has been discharged because Movant failed to timely file a proof of claim with respect thereto. Further, granting the Motion would interfere with the administration of the Title III case, and

9

circumvent the filing requirements in the Bar Date Order, and the discharge in the Plan and Confirmation Order. *See, e.g., In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11 cases."). Thus, Sonnax factor 2 weighs in favor of denying the Motion. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause).

27.     ***Sonnax* Factor 4**:  The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—does not support granting the Motion. The Litigation was filed before the District Court. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

28.     ***Sonnax* Factor 5**:  The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of the Commonwealth has assumed any financial responsibility in connection with the Litigation. Thus, *Sonnax* factor 5 weighs in favor of denying the Motion.

29.     ***Sonnax* Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is not based on whether third parties are involved, but rather, whether the prepetition action primarily involves third parties *rather than* the debtor. *See In re Residential Capital, LLC*, 2012 Bankr. LEXIS 3641, at *20 (Bankr. S.D.N.Y. Aug 8, 2012) ("The court should not grant relief from the stay under the sixth *Sonnax* factor if the debtor is the main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in

determining that Grayson's claim in this action did not primarily involve third parties." (emphasis in original)).

30.     Here, the Litigation does not involve *primarily* third parties. Instead, Movant filed suit against the PRPD, an agency of the Commonwealth, and fails to show how any non-debtor parties in the Litigation are the *primary parties* to the action. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion.

31.     ***Sonnax* Factor 7**: The seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—does not support granting the Motion. As noted above, Movant failed to timely file a proof of claim in connection with the Litigation, and upon the entry of the Confirmation Order, any claims in connection with the Litigation were discharged and barred.  Accordingly, allowing Movant to enforce her prepetition judgment would circumvent the terms of the Bar Date Order, the Plan, and the Confirmation Order, and inure to the detriment of the Commonwealth's creditors.

32.     Indeed, Courts have also denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation.  *See, e.g., In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, No. 09- 50026, 2010 WL 4630327, at *4 (S.D.N.Y. 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"). *see also In re City of Stockton*, 484

B.R. 372, 379 (Bankr. E.D. Cal. 2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

33.     Here, litigating issues relating to a discharged claim would waste the Commonwealth's resources, and hinder the "fresh start" provided by the confirmation of the Plan. Accordingly, *Sonnax* factor 7 does not support granting the Motion.

34.     ***Sonnax* Factors 10 and 11:**  The interest of judicial economy and the status of the Litigation also weigh against stay relief.  Because Movant's claim has been discharged pursuant to the Plan for failure to timely file a proof of claim, judicial resources would be wasted by the litigation of moot issues.  Further, even if Movant were permitted to file a late proof of claim, resolution of Movant's asserted claim should be accomplished through the claims resolution process in these Title III cases to preserve judicial economy. As discussed above, the Litigation is in a very preliminary stage (and arguably, for the Commonwealth, which has not even been summoned, has not even commenced). Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

35.     ***Sonnax* Factor 12:**  Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movant would suffer if the Discharge Injunction remains in place.  Movant will not suffer hardship from the Discharge Injunction.  Movant's asserted claim is barred and discharged pursuant to the Plan and Confirmation Order because he failed to file a timely proof of claim in the Title III case pursuant to the Bar Date Order.  Movant fails to articulate how he is harmed by the stay of the Litigation for any reason that is not self-inflicted. Motion at 6.

36.     The impact on the Commonwealth and its creditors, however, if the Motion were to be granted would outweigh any self-inflicted harm that Movant would suffer if the Discharge

Injunction remains in place. The diversion of the Commonwealth's resources to defend against Movant's claims in the Litigation, and the prejudice to the interests of other creditors, including upsetting the Commonwealth's "fresh start" provided by the Plan and Confirmation Order, all weigh in favor of denying the Motion. Thus, on balance, Sonnax factor 12 weighs in favor of denying the Motion.[7]

## **CONCLUSION**

Movant fails to establish cause to justify the relief sought in the Motion and accordingly, and for the foregoing reasons, the Court should deny the Motion.

Dated:  August 22, 2022
        San Juan, Puerto Rico

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

*/s/ Susana I. Peñagarícano Brown*
**SUSANA I. PEÑAGARÍCANO BROWN**
USDC No. 219907
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404
spenagaricano@justicia.pr.gov
*Attorney for the Commonwealth of Puerto Rico*

---

[7] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.