# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS<br><br>**Court filing relates only to PREPA and shall only be filed in case no. 17 BK 4780-LTS and case no. 17 BK 3283-LTS** |

## NOTICE OF HEARING ON DÍAZ & VÁZQUEZ LAW FIRM, P.S.C. FIFTH INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AS ATTORNEYS FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY AND REIMBURSEMENT OF EXPENSES FOR THE FIFTEENTH (OCTOBER 1, 2021– MAY 31, 2022) INTERIM COMPENSATION PERIOD

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No.17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE** that a hearing on the annexed *Díaz & Vázquez Law Firm, P.S.C Fifth Interim Application for Allowance of Compensation for Professional Services Rendered as Attorneys for the Puerto Rico Electric Power Authority and Reimbursement of Expenses for the Fifteenth (October 1, 2021 – May 31, 2022) Interim Compensation Period* ("D&V Application") filed by the Puerto Rico Electric Power Authority, will be held before the Honorable Laura Taylor Swain, United States District Court Judge, at the District of Puerto Rico, in Room 3, 150 Calle Chardon, San Juan, Puerto Rico, 00918, **November 2, 2022 at 9:30 am AST** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the D&V Application by any party other than the Fee Examiner, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted pro hac vice, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico; and (b) by all parties in interest, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the *Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 20546] ("Interim Compensation Order"), so as to be received by Díaz & Vázquez Law Firm, P.S.C., and the other Notice Parties (as defined in the Interim Compensation Order) no later than **September 11, 2022 at 4:00 pm AST** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report, as defined in the Interim Compensation Order, recommending approval of the Application in full or in part, the Court may grant the Application without a hearing.

Date: August 22, 2022                    */s/ Katiuska Bolaños Lugo*
In San Juan, Puerto Rico                 Katiuska Bolaños Lugo
                                         USDC No. 231812
                                         kbolanos@diazvaz.law

                                         DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.
                                         290 Jesús T. Piñero Ave.
                                         Oriental Tower, Suite 803
                                         San Juan, PR  00918
                                         PO Box 11689
                                         San Juan, PR  00922-1689
                                         T. (787)395-7133
                                         F: (787) 497-9664

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS<br><br>**Court filing relates only to PREPA and shall only be filed in case no. 17 BK 4780-LTS and case no. 17 BK 3283-LTS** |

**SUMMARY OF DÍAZ & VÁZQUEZ LAW FIRM, P.S.C. FIFTH INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AS ATTORNEYS FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY AND REIMBURSEMENT OF EXPENSES FOR THE FIFTEENTH INTERIM COMPENSATION PERIOD**
**(OCTOBER 1, 2021 – MAY 31, 2022)**

## SUMMARY OF D&V APPLICATION

| | |
|---|---|
| Name of applicant: | Diaz & Vazquez Law Firm, PSC |
| Authorized to provide services to: | Puerto Rico Electric Power Authority |
| Period for which compensation is sought: | Fifteenth Interim Compensation Period |
| Monthly fee statements subject to request: | October 1, 2021 thru May 31, 2022 |
| Total compensation sought this period: | $4,453,997.50 |
| Total expenses sought this period: | $35,807.43 |
| Petition date: | July 2, 2017 |
| Retention date: | August 1, 2019 |
| Total compensation approved by interim order to date: | 0 |
| Total expenses approved by interim order to date: | 0 |
| Total compensation sought in this application already paid pursuant to the Interim Compensation order but not yet allowed: | $3,536,889.25 |
| Total expenses sought in this application already paid pursuant to the Interim Compensation order but not yet allowed: | $35,807.42 |
| Total compensation sought subject to objection: | 0 |
| Total expenses subject to objection: | 0 |
| Blended hourly rate billed in this application: | $276.70 |
| Number of professionals included in this application: | 14 |
| Rates higher than those disclosed at retention: | None |
| Number of professionals billing fewer than 15 hours to the case during this period: | 0 |

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.¹ | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS<br><br>**Court filing relates only to PREPA and shall only be filed in case no. 17 BK 4780-LTS and case no. 17 BK 3283-LTS** |

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C. FIFTH INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AS ATTORNEYS FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY AND REIMBURSEMENT OF EXPENSES FOR THE FIFTEENTH (OCTOBER 1, 2021– MAY 31, 2022) INTERIM COMPENSATION PERIOD**

To the United States District Court:

Díaz & Vázquez, P.S.C. ("D&V" or the "Firm"), attorneys for the Puerto Rico Electric Power Authority ("PREPA") in the above-captioned Title III cases (the "Title III Cases"), hereby submits this  Fifth application (the "Application") for an award of interim compensation for professional services rendered in the amount of 4,453,997.50 and reimbursement for actual and necessary expenses incurred in connection with such services in the amount of $35,058.02for the period from October 1, 2021 through May 31, 2022 (the "Fifteenth Interim Period").

The instant Application is submitted pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act ("*PROMESA*"), 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code, 11 U.S.C. § 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"); Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules");* the *Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Interim Compensation Order (Case no. 17-3283-LTS; Dkt. no. 20546); the Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications (the "Presumptive Standards Order") (Case no. 17-3283-LTS; Dkt. no. 3932 and 7678); the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013 (the "UST Guidelines"), and the Fee Review-Timeline and Process Memorandum prepared by the Fee Examiner.[2] Further, pursuant to

---

[2] The Fee Review – Timeline and Process Memorandum submitted on November 10, 2017, to all PROMESA Title III Professionals.

the *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* ("*PRRADA*") [Dkt. No. 19980], professionals were directed "not to file any further fee applications, regardless of which interim fee period such applications relate to, until after they have filed the disclosures required under PRRADA." In compliance with the above, D&V filed with this Honorable Court the disclosures required under PRRADA (Case no. 17-3283-LTS; Dkt. Nos. 20894 and 21840). Once a Professional has filed its PRRADA disclosures, it may resume filing Interim Compensation Applications for any period pursuant to the procedure set in *Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Interim Compensation Order (Case no. 17-3283-LTS; Dkt. no. 20546). In conformity thereof and in support of the Application, D&V submits the Certification of Maraliz Vázquez Marrero (the "<u>D&V Certification</u>"), attached hereto as **<u>Exhibit A</u>**, and respectfully represents and requests as follows:

### I.    Introduction

1.    The D&V Law Firm is a full-service law firm established in 2019, with various practicing attorneys that have had a longstanding business relationship with PREPA providing legal services for the better part of the last 12 years, while practicing with the Cancio, Nadal, Rivera & Díaz law firm. PREPA decided to retain the D&V Law Firm given that their attorneys have represented PREPA in its ongoing Title III proceeding since its inception back on July 2, 2017, pursuant to the PROMESA legislation as well as in federal and state general litigation, administrative agencies like the Puerto Rico Energy Bureau ("Energy Bureau"), labor and employment cases and provided legal opinions and consultations when requested.

2.    PREPA is one of the Debtors represented by the Financial Oversight and Management Board ("<u>FOMB</u>") in the Title III cases.

3.   PREPA requested the Firm's representation in all matters related to the PROMESA Title III proceeding which began on July 1, 2017, as well as PREPA's restructuring efforts. Since June 2020 the Firm has also assisted PREPA in its transformation efforts, including transitioning certain functions and operations to LUMA Energy, LLC ("LUMA") pursuant to the Puerto Rico Transmission and Distribution Operation and Maintenance Agreement (the "O&M Agreement") executed between LUMA, PREPA and the Puerto Rico Public-Private Partnership Authority ("P3A"). At present, the Firm is assisting PREPA with its continuing transformation efforts, including coordination with LUMA in different workstreams, representation in legacy litigation in state, federal and administrative forums as well as continuing work related to the Alternate Dispute Resolution Procedures (ECF 12576 and 15505) ("ADR") and the Administrative Reconciliation of Claims (ECF 12274) ("ACR") processes within Title III.

4.   During the Fifteenth Interim Period, D&V performed a variety of legal services that were necessary and appropriate for the efficient and economical resolution of PREPA's interests in the Title III Cases and its business, including, among others: meeting and conferring with PREPA's officers and employed professionals; providing local counsel and state and federal litigation expertise; advising PREPA of its powers and duties under Title III proceedings; advising PREPA in regards to several actions taken against the estate; advising PREPA of several available actions to protect and procure revenues or recovery of assets of the estate; working closely with PREPA personnel and attorneys for the FOMB in the PREPA claims reconciliation process; representing PREPA at court hearings as local counsel; work with other PREPA professionals and consultants to coordinate and complete fact gathering tasks; counsel and represent PREPA in several Title III investigations; preparing on behalf of PREPA motions, applications, orders, and other legal documents; and advising PREPA with respect to bankruptcy, labor, employment, contracts, and

litigation issues concerning the bankruptcy proceedings, and stayed litigation; performing work related to the claims reconciliation process in regards to both the ADR and ACR Order and providing legal advice and representation in connection to the Fiscal Plan, transformation and transition to LUMA.

5. D&V's work during the Fifteenth Interim Period was necessary for, and beneficial to PREPA and served to ensure that the interests of PREPA were properly represented and safeguarded in these Title III Cases and its revitalization and transformation efforts. Therefore, D&V respectfully requests the Court to award the fees and expenses requested in this Application.

## II.   Jurisdiction

6. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

7. Venue is proper pursuant to PROMESA section 307(a).

8. The statutory bases for the relief requested herein are PROMESA sections 316 and 317 and Bankruptcy Code section 105(a), made applicable in this Title III Case pursuant to PROMESA section 301(a).

## III.   Background

9. On June 30, 2016, the FOMB was established under PROMESA section 101(b).

10. On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

11. On September 30, 2016, the Oversight Board designated PREPA as a "covered territorial instrumentality" under PROMESA section 101(d).

12. On June 29, 2017, the Oversight Board issued a restructuring certification to PREPA pursuant to PROMESA sections 104(j) and 206.

13.  On July 2, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for PREPA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "PREPA Title III Case").

14.  On August 23, 2017, the Oversight Board filed a motion seeking joint administration of PREPA's Title III Case with the other jointly administered Title III cases. (Case No. 17-03283-LTS; Dkt. no. 1149).

15.  On September 13, 2017, the U.S. Trustee, without objection, filed the *Urgent Motion of the United States Trustee Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) for Entry of Order Appointing a Fee Examiner and Related Relief* (Case No. 17-03283-LTS; Dkt. no. 1296).

16.  On September 13, 2017, the Court entered an *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (Case No. 17-03283; Dkt. no. 1416) (the "Fee Examiner Order"), appointing the Fee Examiner and outlining the Fee Examiner's responsibilities which include but are not limited to: (1) the review of the applications filed by the professionals in these Title III cases; (2) developing case-specific guidelines; (3) establishing procedures to facilitate preparation and review of the applications; and (4) establishing procedures to resolve disputes concerning the applications.

17.  On October 31, 2017, the Fee Examiner filed the *Urgent Motion of the Fee Examiner to Amend the Interim Compensation Order, Including the Due Date and Hearing Date for Interim Compensation* (Case No. 17-03283; Dkt. no. 1594) (the "Interim Compensation Motion").

18.  On November 8, 2017, the Court entered the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Case No. 17-03283; Dkt. no. 1715).

19.  On November 10, 2017, the Fee Examiner sent all the PROMESA Title III professionals a Memorandum for Fee Review – Timeline and Process.

20.  On June 6, 2018, the Court entered the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Compensation* (Case No. 17-03283; Dkt. no. 3269) ("Amended Interim Compensation Order").

21.  On June 20, 2018, the Court entered the *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief Compensation* (Case No. 17-03283; Dkt. no. 3324) (the "Fee Examiner Amended Order").

22.  On August 21, 2018, the Fee Examiner filed the *Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* (Case No. 17-03283; Dkt. no. 3790) (the "Presumptive Standards Order").

23.  On September 13, 2018, the Court granted the Presumptive Standards Order which sets several presumptions to be applied as standards for review and recommendation of the professionals' request for orders awarding interim allowance of compensation for professional services rendered and reimbursement of expenses (Case No. 17-03283; Dkt. no. 3932).

24. On January 20, 2022 PRRADA was signed into law. The law generally imposes the Rule 2014 disclosure requirements of the Federal Rules of Bankruptcy Procedure that apply to professionals retained under sections 327 and 1103 of the Bankruptcy Code—namely that a professional publicly disclose all of its connections to the debtor, creditors, and other parties involved in a bankruptcy case so that the Court, the United States Trustee, and parties in interest can determine whether the professional is disinterested and free from conflicts—on professionals that are employed and seek compensation from the estate in cases under Title III of PROMESA .

25. On March 30, 2022, the Court entered "*Order Approving List of Material Interested*

*Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act*." (Case no. 17-3283-LTS; Dkt. no. 20467)

26. On April 12, 2022, the Court entered *Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Interim Compensation Order (Case no. 17-3283-LTS; Dkt. no. 20546)

27. On May 19, 2022, as supplemented on May 27, 2022, D&V submitted with the Court "*Motion Submitting Verified Statement of Díaz & Vázquez Law Firm P.S.C. Pursuant to 48 U.S.C. § 2178 and Bankruptcy Rule 2014(a) as Counsel to the Puerto Rico Electric Power Authority*" (Case no. 17-3283-LTS; Dkt. nos. 20894 and 21057).

**IV.    D&V Services and Retention**

28. On August 1, 2019, PREPA retained D&V to provide advice with respect to, *inter alia*, legal representation in State and District courts, PROMESA proceedings and general counseling with respect to state and federal law. The Firm was also retained to represent PREPA in all judicial and quasi-judicial actions as required by PREPA.

29. During the Fifteenth Fee Period, the Law Firm advised, assisted, and represented PREPA on matters related to litigation, opinions, legislative processes, regulatory matters, labor issues, procurement and transformation processes, Energy Bureau cases and all matters related to Title III under PROMESA the ADR and ACR claims reconciliation process and other legal services routinely requested by PREPA. The legal services have included, among others, matters before the Courts of Puerto Rico and the United States in connection with the bankruptcy procedures of PREPA filed under Title III of PROMESA, current federal and state court litigation as well as cases before administrative and regulatory forums like Energy Bureau.

30. During the Fifteenth Fee Period, D&V represented PREPA professionally, efficiently, and diligently advising it on a variety of matters and issues in connection with the ordinary course

of PREPA's Title III related litigation.

31. Specifically, D&V rendered services to PREPA in connection with the ordinary course of litigation issues, as well as operations, as requested and as necessary and appropriate, in furtherance of PREPA's restructuring efforts and operational issues attendant thereto. More pointedly, D&V has represented PREPA in its compliance efforts with the Energy Bureau which has required substantial work from the Firm as well as assisting PREPA in its transitional efforts with LUMA.

32. The variety and complexity of the issues in this Title III Case and the need to cost-effectively act or respond to issues affecting PREPA's business operations and transformation process on an expedited basis in furtherance of PREPA's needs required the expenditure of substantial time by D&V personnel from multiple legal disciplines on an as-needed and requested basis. At all times, the Firm diligently and expeditiously represented PREPA.

## V.    Summary of Compliance with Amended Interim Compensation Order

33. This Application has been prepared in accordance with the Third Amended Interim Compensation Order.

34. D&V seeks interim compensation for professional services rendered to PREPA during the Fifteenth Fee Period in the amount of $4,453,997.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $35,804.42 During the Fifteenth Fee Period, D&V attorneys expended a total of 16,097.10 hours for which compensation is requested.

35. As of the date hereof, D&V has received payments from PREPA totaling, $3,536,889.25 for fees and expenses, representing approximately 79.4% of the fees and expenses for the Fifteenth Fee Period in accordance with the terms of the Amended Interim Compensation Order.

36.  Accordingly, in this Application for the Fifteenth Interim Period, and to the extent such amounts have not been paid by the time of the hearing on this Application, D&V seeks payment of all amounts outstanding, totaling $862,956.65 which represents the aggregate amount of unpaid fees and expenses incurred between October 1, 2021 to May 31, 2022.

### VI.   Fees and Expenses Incurred During Fifteenth Fee Period

#### A.   Customary Billing Disclosures

37.  D&V's hourly rates are set at a level designed to compensate D&V fairly for the work of its attorneys and to cover fixed and routine expenses. In accordance with its agreement with PREPA, the hourly rates and corresponding rate structure utilized by D&V in this Title III Case is substantially lower in comparison to the rates charged by other attorneys in the Title III Case. The rates and rate structure reflect that such restructuring matters typically are national in scope and typically involve great complexity, high stakes and severe time pressures.

38.  The blended hourly rate in this Application for the Fifteenth Interim Period for the relevant timekeepers is $276.70. The blended hourly rate collected during this Fifteenth Interim Period as of the date of the filing of this Application is $219.72.[3]

39.  Further, D&V's rates as provided in the contract have been registered with the Office of the Comptroller for the Commonwealth of Puerto Rico ("Office of the Comptroller"), pursuant to the laws and regulations of the Commonwealth of Puerto Rico. Due to the complexity and the specific targeted needs for legal representation and advice in the bankruptcy and federal litigation proceedings that the Title III Case requires, D&V was awarded the Contract on July 31, 2019, effective from August 1, 2019 to June 30, 2020, thereafter a contract on April 14, 2020 effective from July 1, 2021 until June 30, 2022 and currently a contract from July 13, 2022 until June 30,

---

[3] Calculation made pursuant to the UST Guidelines, section C(3)(ii).

2023. The Contract has been registered by PREPA in the Office of the Comptroller and thus, complies with the rules and regulations of the Commonwealth of Puerto Rico.

### B. Fees Incurred During Fifteenth Fee Period

40.   In the ordinary course of D&V's practice, D&V maintains computerized records of the time expended to render the professional services required by PREPA and its business operations. For the convenience of the Court and as well as all parties in interest, attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Fifteenth Fee Period, setting forth the following information:

> a.   the name of each attorney for whose work on the Title III Case compensation is sought;
> b.   the primary department, group or section to which each attorney is assigned;
> c.  each attorney's year of bar admission;
> d.  the total fees billed by each attorney; and
> e.  the total hours billed by each attorney.

41.   Attached hereto as **Exhibit C** is a summary, by timekeeper and matter, of the hours incurred in each matter and the requested fees.

### C. Expenses Incurred During Fifteenth Fee Period

42.   In the ordinary course of D&V's practice, D&V maintains a record of expenses incurred in the rendition of the professional services required by PREPA and its business operations and for which reimbursement is sought. Consistent with protocol established by the Fee Examiner in this Title III Case and D&V's agreement with PREPA, D&V charged no more than $0.10 per page for standard copying services in this case. Since D&V is home based in San Juan, Puerto Rico, where PREPA and its officers have their main offices, there has been no needless expenses in travel or lodging expenses except as to those that have been required by PREPA to attend to matters stateside. D&V has also maximized the use of telephone conferences and electronic mail communications to avoid traveling expenses.

43.  For the convenience of the Court as well as all parties in interest, attached hereto as **Exhibit C[4]** is the detailed description of services provided for the Fifteenth Fee Period, which includes the total amount of reimbursement sought with respect to each category of expenses for which D&V is seeking reimbursement.

44.  All the expenses incurred by D&V were actual and necessary expenses required to provide legal representation to PREPA.

### VII.   Summary of Legal Services Rendered During the Fifteenth Fee Period

45.  As discussed above, during the Fifteenth Fee Period, D&V provided extensive and important professional services to PREPA in connection with the ordinary course of business needs of PREPA, its transformation process and the Title III Case.

46.  The following is a summary of D&V's most relevant services provided during the Fifteenth Fee Period on behalf of PREPA:

a.  **General bankruptcy counseling**

D&V has furnished bankruptcy counseling to PREPA and its officers from the beginning of the Title III Case. These services include providing advice on how to proceed on the regular day-to-day business operations after the filing of the PREPA Title III Case, as well as the general litigation advice.

b.  **Bankruptcy litigation**

D&V has furnished specialized bankruptcy litigation advice to PREPA and its officers from the beginning of the PREPA Title III Case. These services include providing advice on several motions to be filed, legal strategies and actions to be followed.

---

[4] Exhibit C has been submitted in a redacted version for the purposes of preserving legal privileges.

c. **Claims Reconciliation Process**

D&V has been working closely with PREPA and the Berkeley Research Group ("BRG"), contractor for the Fiscal Oversight and Management Board ("FOMB"), in the claims reconciliation process which are essential for the ACR and ADR process and PREPA's future plan of adjustment.

d. **Support to other professionals employed by the estate or PREPA's fiscal agent**

D&V has furnished services to PREPA in the form of assisting other professionals employed by the estate. Since the attorneys of the Firm have been PREPA's legal counsel for many years now, D&V has been extremely helpful, cost-efficient and timesaving in providing necessary and relevant information from prior litigation and business operations. This has also helped to save time on fact gathering tasks. The most relevant support has been provided to AAFAF and FOMB to assist in different tasks, like gathering information from PREPA's officers needed to pursue and promote the best interests of the estate, as well as advise on local law and regulatory procedures familiar to D&V as local counsel for important ongoing litigation.

e. **PREPA Transformation and Restructuring Efforts and Compliance with Puerto Rico's Energy Policy**

D&V has rendered legal services for PREPA in connection with matters before the Energy Bureau that are directly related to PREPA's transformation and restructuring efforts. More specifically, substantial Energy Bureau related work, such as the IRP process, its Implementation, Power Purchase Agreements, Rate Case and Optimization Case, Renewable Energy Requests for Proposals among many others have been referred to the Law Firm, and substantial amount of time has been dedicated to the same. By their nature, the processes are time consuming as they require expedient coordination with PREPA personnel and gathering of information to adequately comply with Energy Bureau orders within a limited timeframe. Also, PREPA's transformation process has come to an important milestone in the signing of the Operating and Management Agreement

("OMA") between LUMA, LLC, PREPA and the Puerto Rico Public-Private Partnership Authority ("P3A"). The Law Firm has assisted PREPA in its transformation process including legal work related to the transition to LUMA.

### f. Enforcement of the automatic stay

D&V has furnished services to PREPA in the form of enforcing the automatic stay against pending state, federal and administrative litigation and claims. This has been performed through different tasks such as providing legal representation in different forums, filing notices of stay motions, providing notice to plaintiff's counsel of the filing by PREPA of the Title III Case and the automatic stay, and object to motions to lift or modify the automatic stay outside the Title III Court. D&V has also assisted PREPA's in-house counsels in cases in which they have had to seek the local courts or administrative forums to enforce the automatic stay to protect the estate.

### g. Relief or modification of the automatic stay

D&V has also represented PREPA in several extrajudicial and judicial requests for modification or relief from the automatic stay. In furtherance of the Case Management Order, the Firm receives notification from AAFAF or the FOMB when a creditor requests to meet and confer to discuss the possibility of lifting or modifying the automatic stay. When such notifications are received, D&V investigates the facts and controversies of each case, so that the relevant entities be in a better position to determine if the stay should be lifted, modified or remain in place. D&V also drafts settlements to modify or lift the automatic stay and shares them with AAFAF and the FOMB for final approval and execution. These services benefit the estate by providing a liquidated status to certain litigation of personal injury or wrongful deaths actions or keep the automatic stay protection to the estate.

h. **Restructuring of PREPA**

D&V provided legal services to PREPA in the form of counsel regarding the restructuring of PREPA in consideration of the requirements of the *Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement* and the *Puerto Rico Transmission and Distribution System Supplemental Terms Agreement* ("OMA") entered into by the P3A, PREPA P3A, LUMA Energy, LLC and LUMA Energy ServCo, LLC on June 22, 2020. Amongst these tasks, D&V assisted in the plan for the unbundling of PREPA into GenCo and GridCo, by the corresponding Government entities as well as in the assistance of drafting the Gridco-Genco-HydroCo Operating Agreement (GGHOA) and the reorganization of PREPA into several subsidiaries among other matters.

i. **Operations Office**

D&V provided general restructuring legal advice and support to PREPA's Operations Office during the Fifteenth Interim Period. This counseling encompasses several areas of the restructuring and related Title III Case, such as legal strategy to conform the operations with the ongoing litigation, advice on compliance with the approved Fiscal Plan and Certified Budget, and legal advice and support to PREPA's privatization and transformation process.

j. **Energy Regulation: Representation before the Energy Bureau**

D&V provided legal advice to PREPA in different matters before the Energy Bureau including the development, process to approve, and implementation of the Integrated Resource Plan (IRP); negotiation and implementation of power purchase and operating agreements (PPOA's); development and implementation of tariff (base rate and  adjustment clauses); application and requests for reimbursement of local and federal funds; development of energy efficiency and demand response programs; investigations of notable events in the energy

infrastructure and plans to address and achieve compliance; strategy and development to submit applications and implement projects to modernize or make new capital investments (*i.e.*, upgrades to generation fleet); report and strategy to advance interconnection of net metering; strategy to comply and report performance metrics; and participate and provide input in the development of studies to implement new strategies or future goals (*i.e.*, new renewables infrastructure Tranche 1 Renewables Request for Proposal) all in conformity and compliance with Act No. 82-2010, Act No. 17-2019 and Act. No. 33-2019.

### VIII.   D&V's Requested Compensation and Reimbursement Should be Allowed

47. Section 317 of PROMESA provides for interim compensation of professionals and incorporates the substantive standards of section 316 of PROMESA to govern the Court's award of such compensation. Section 316 of PROMESA provides that a court may award a professional employed by the debtor (in the debtor's sole discretion) "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—(a) the time spent on such services; (b) the rates charged for such services; (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code. 42 U.S.C. § 2176

48. D&V respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to PREPA and were rendered to protect and preserve PREPA's business operations. The Firm further believes the services for PREPA were performed economically, effectively, and efficiently, and that the results obtained benefited not only PREPA, but also PREPA's business operations and clients. D&V further submits, that the compensation requested herein is reasonable considering the nature, extent, and value of such services to PREPA, its business operations and all parties in interest, and that the rates set forth in the PROMESA Litigation Contract are reasonable and have been approved by PREPA and registered in the Office of the Comptroller.

49. During the Fifteenth Fee Period, 16,097.15 hours were expended by D&V's members, special counsels, and associate attorneys in providing the requested professional services. The Firm made every effort to coordinate its efforts with other counsels and parties in this case to avoid any duplication of efforts. The number of hours spent by D&V is commensurate with the defined tasks D&V has performed and continues to perform on the matters described herein, as also approved by PREPA and included in the engagement.

50. During the Fifteenth Fee Period, D&V's hourly billing rates for attorneys ranged from $175 to $300. The hourly rates and corresponding rate structure utilized by D&V in this case is consistent with the rates charged for representation of instrumentalities of the Commonwealth of Puerto Rico.

51. The rate structure included in this interim application is commensurate to the rate structure generally charged by D&V for restructuring work, bankruptcy, insolvency, federal litigation, and comparable matters, whether in court or otherwise, regardless of whether a fee application is required. The rates and the rate structure reflect that the matters worked by D&V include novel

matters of law and fact that are national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in this case.

52.  Moreover, D&V's hourly rates are set at a level which is lower than the rates charged to other professionals to compensate for the advice and work involved in a matter as novel and complex as the PROMESA litigation and PREPA's restructuring efforts. Hourly rates vary with the experience and seniority of the individuals assigned. Further, these hourly rates may not be subject to adjustments unless new contracts are awarded by PREPA and registered with the Office of the Comptroller.

53.  As detailed above, the services D&V provided to PREPA have resulted in substantial benefit to PREPA and its business operations.

54.  D&V represents and can demonstrate to this Court that the services rendered were performed in a reasonable amount of time, given the complexity of the issues involved and the many varied legal issues facing PREPA. The Firm's detailed and thorough records can demonstrate that the time expended on the tasks assigned was necessary and appropriate for the adequate representation of PREPA. From the earliest stages of D&V's involvement, attempts were made to limit the hours worked, and to avoid duplication of services and other unnecessary costs. Moreover, the Firm's professionals frequently provided services on behalf of PREPA under severe time constraints.

55.  D&V relies on the Court's experience and knowledge with respect to compensation awards in similar cases. Given that frame of reference, D&V submits that, considering the circumstances of the case and the substantial benefits derived from the Firm's assistance, compensation in the amount requested is fair and reasonable.

56.  Further, D&V certifies that the detailed time and expenses records included in **<u>Exhibit C,</u>**

have been reviewed and approved by PREPA's officers. Exhibit C includes a list of each timekeeper's name, time spent on each task, hourly rate, fees sought for each entry, a description of the service and the subject matter.

57. In sum, D&V respectfully submits that the professional services provided on behalf of PREPA and its business operations in this case during the Fifteenth Fee Period and to date were necessary and appropriate given the complexity of this case, the time expended by D&V, the nature and extent of D&V's services, the value of D&V's work and background knowledge into PREPA's operations, and the cost of comparable services outside of bankruptcy. All these factors are relevant as set forth in section 316 of PROMESA. Accordingly, and based on the factors outlined under sections 316 and 317 of PROMESA, the services performed to PREPA by D&V to date more than justify the allowance in full of D&V's compensation and reimbursement requests.

## IX.    Reservation of Rights and Notice

58. It is possible that some professional time expended, or expenses incurred during the Fifteenth Fee Period, are not reflected in the Fee Application. D&V reserves the right to include such amounts in future fee applications. In addition, the Firm has provided notice of this Fee Application in accordance with the Amended Interim Compensation Order.

## X.    No Prior Request

59. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, D&V respectfully requests that the Court enter an order (a) awarding D&V interim compensation for professional and paraprofessional services provided during the Fifteenth Fee Period in the amount of $4,453,997.50 and reimbursement of actual, reasonable and necessary expenses incurred during the Fifteenth Fee Period in the amount of $35,807.42, to the extent that these have not been paid already; (b) authorizing and directing PREPA to remit payment to D&V

for such fees and expenses; and (c) granting such further other relief as is appropriate under the

circumstances.

[*Remainder of the page intentionally left blank*]

Date: August 22, 2022                       */s/ Katiuska Bolaños Lugo*
In San Juan, Puerto Rico                    Katiuska Bolaños Lugo
                                            USDC No. 231812
                                            kbolanos@diazvaz.law

                                            DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.
                                            290 Jesús T. Piñero Ave.
                                            Oriental Tower, Suite 803
                                            San Juan, PR  00918
                                            PO Box 11689
                                            San Juan, PR  00922-1689
                                            T. (787)395-7133
                                            F: (787) 497-9664