THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of,<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA Title III<br><br>Case No. 17 BK 3567-LTS<br><br>**This Court Filing Relates Only to HTA's Title III Case (Case No. 17-BK-3567-LTS)** |

**JOINT RESPONSE OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND HTA INSURED BONDHOLDER GROUP TO ORDER TO MEET AND CONFER (ECF NO. 21863)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

KL2 3301543.2

Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured") and the HTA Insured Bondholder Group (the "Objectors", and together with Assured, the "Parties"), respectfully submit this joint response (the "Response") to the *Order to Meet and Confer* (ECF No. 21863, the "Meet and Confer Order" or "Order"),[2] and respectfully state as follows:

## BACKGROUND

1. In the first paragraph of the Meet and Confer Order, the Court ordered the Parties to "meet and confer in good faith to develop an agreement and corresponding language for inclusion in the Puerto Rico Highways and Transportation Authority plan of adjustment (the "HTA Plan") that would resolve the objection by the HTA Insured Bondholder Group by permitting it to challenge any election to accelerate under section 26.1(b) of the HTA Plan at the time of such acceleration, notwithstanding the provisions of, inter alia, HTA Plan sections 26.1(b), 41.2,and 41.7."

2. In the second paragraph of the Meet and Confer Order, the Court ordered that "[i]n the event the Parties are not able to resolve the objection consensually, they are to propose language that the Court could direct the Debtor to include in the HTA Plan in the event the Court sustains the objection, again preserving determination of Assured's right to accelerate until the time, if any, of such acceleration. If the Parties cannot agree on such language, each should propose a version of such language, with a brief explanation of its position."

3. In the third paragraph of the Meet and Confer Order, the Court ordered the Parties to "file a joint submission in response to this order by **Tuesday, August 23, 2022**, at **5:00 p.m. (Atlantic Standard Time)**."

---

[2] Unless otherwise indicated, all references to ECF numbers in this Response refer to the docket in Case No. 17-BK-3283-LTS.

KL2 3301543.2

4. In accordance with the first paragraph of the Meet and Confer Order, the Parties have conferred in good faith and reached an agreement regarding language for inclusion in the HTA plan (ECF No. 21835, the "HTA Plan" or "Plan") and the related Assured custodial trust documentation (ECF No. 21770, Exhibit E) that resolves the Objectors' objection to the Plan (ECF No. 21617, the "Objection"). That agreed language is described below and set forth in the redline comparisons attached hereto as Exhibits A, B, and C.

5. The Parties have shared their proposed revisions with the Financial Oversight and Management Board (the "Oversight Board"). The Parties understand that the Oversight Board is still reviewing the proposed revisions and while it has not yet consented to including the proposed revisions in any revised HTA Plan, further understand that the Oversight Board intends to work with the Parties to reach a consensual resolution on any amendments to the HTA Plan and associated documents.

## AGREEMENT RESOLVING THE OBJECTION

6. To resolve the Objection, the Parties have agreed to (i) modifications to Sections 26.1(b)(ii), 26.1(c) and 26.1(d) of the HTA Plan, attached hereto as "Exhibit A"; (ii) corresponding modifications to the Standard Terms of the HTA custodial trusts, attached hereto as "Exhibit B"; and (iii) corresponding modifications to the individual custodial trust agreement that will govern each custodial trust holding Assured Insured Bonds held by Franklin and Nuveen, attached hereto as "Exhibit C".

7. Specifically, in Section 26.1(b)(ii) of the HTA Plan, the Parties have agreed that the second paragraph of Section 26.1(b)(ii) of the HTA Plan should be modified as follows:

> Pursuant to the terms and provisions of Section 26.1(c) hereof, the payment of the principal of the Assured Insured Bonds shall be accelerated from and after the HTA Effective Date, and such Assured Insured Bonds shall be due and payable from and after the

HTA Effective Date at the Assured Acceleration Price of one hundred percent (100%) of the principal amount thereof, plus accrued interest thereon (or, in the case of any capital appreciation bonds, the compounded amount thereof) to the date of payment. Without limiting the foregoing, pursuant to the applicable Assured Insurance Policies, (A) Assured may elect, in its sole and absolute discretion, to make any principal payment, in whole or in part, on any date on which such principal payment is due by reason of acceleration or other advancement of maturity, and (B) in the case of any Assured Insured Bonds the holders of which have elected (or are deemed to have elected) Assured Bondholder Election 2, Assured will retain the right to pay the Assured Acceleration Price and fully satisfy its obligations with respect to such bonds and the applicable Assured Insurance Policies at any time after the HTA Effective Date upon thirty (30) days' prior written notice to the relevant holders. Assured's retention of this right will be reflected in the applicable custodial trust or escrow documentation. From and after payment of the Assured Acceleration Price, including without limitation, on (i) the HTA Effective Date or (ii) such other date of payment selected by Assured, with thirty (30) days' prior written notice, interest on such Assured Insured Bonds shall cease to accrue and be payable. Payment of the applicable Assured Acceleration Price with respect to any Assured Insured Bond in accordance with any of the provisions above, including, without limitation, on the HTA Effective Date, shall satisfy and discharge all of Assured's obligations under the Assured Insurance Policies with respect to such Assured Insured Bond, provided, however, that notwithstanding anything to the contrary in the Plan, the Confirmation Order, the Standard Terms of the Assured Trusts, and the Trust Agreements of the Assured Trusts, that with respect to any Franklin Nuveen Trust, upon (i) issuance of a notice of Assured's exercise of, or intent to exercise any Assured Advancement Option, or (ii) issuance of, or issuance of notice of an intent to cause issuance of, a Sale Notice (as defined in the Standard Terms of the Assured Trusts) that could cause a Cash Distribution (as defined in the Standard Terms of the Assured Trusts) or distribution of Subject Bonds (as defined in the Standard Terms of the Assured Trusts) that would, by operation of the Standard Terms or the Trust Agreements of the Assured Trusts, otherwise reduce the outstanding principal of the applicable Assured Insured Bond prior to its Original Scheduled Principal Payment Date (as defined in the Standard Terms of the Assured Trusts), then, in each case, any Franklin Nuveen Trust Unit Holder holding a beneficial interest in Assured Insured Bonds held by such Franklin Nuveen Trust shall be permitted to challenge whether payment of the applicable Assured Acceleration Price or Cash Distribution with respect to such Assured Insured Bond

satisfies and discharges all (or any) of Assured's obligations to such Franklin Nuveen Trust Unit Holder under the applicable Assured Insurance Policy with respect to such Assured Insured Bond and all of the Franklin Funds' and/or Nuveen Funds' respective rights, arguments and defenses (and those of the Franklin Nuveen Trust Unit Holders) with respect to any such argument made by such Franklin Nuveen Trust Unit Holders (including, without limitation, whether any such payment or distribution would reduce the principal amount outstanding of the Assured Insured Bonds) are reserved and preserved, including any arguments as to whether Section 26.1(c) of this Plan and Section 26(a) of the Confirmation Order validly accelerated the Assured Insured Bonds in the Franklin Nuveen Trusts for purposes of the Assured Insurance Policy; and provided, further, that all of Assured's rights, arguments and defenses with respect to any such challenge by Franklin Funds and/or Nuveen Funds and/or other Franklin Nuveen Trust Unit Holders, other than laches or any similar defenses premised on Franklin Funds and/or Nuveen Funds and/or other Franklin Nuveen Trust Unit Holder failing to make such challenge prior to the notice described in clauses (i) and (ii), shall be reserved and preserved, including any arguments as to whether Section 26.1(c) of this Plan and Section 26(a) of the Confirmation Order validly accelerated the Assured Insured Bonds in the Franklin Nuveen Trusts for purposes of the Assured Insurance Policy; and provided, further, that any determination made as a result of assertions made by a Franklin Fund and/or Nuveen Fund pursuant to this Section 26.1(b) with respect to a Franklin Nuveen Trust and the applicable Assured Insurance Policy shall have no impact on any other Assured Trust or Assured Insurance Policy. For the avoidance of doubt, other than the right of Franklin Nuveen Trust Unit Holders to bring a challenge of the type described in this paragraph and any rights resulting from the success of any such challenge, the rights and treatment of the Franklin Nuveen Trust Unit Holders shall be identical to those of the Trust Unit Holders Trust (as defined in the Standard Terms of the Assured Trusts) of the corresponding General Trust (as defined in the Standard Terms of the Assured Trusts). In order to allow the Franklin Funds and Nuveen Funds to retain the right described in the preceding sentence, on and prior to the HTA Effective Date, each Franklin Fund and Nuveen Fund holding Assured Insured Bonds shall cooperate with the Debtor, the Disbursing Agent, Assured, and the trustee of the Franklin Nuveen Trusts and shall take all steps reasonably necessary to permit the trustee to establish the Franklin Nuveen Trusts in accordance with the applicable trust agreements, including, without limitation, by providing CUSIP-level information regarding the Assured Insured Bonds held by each Franklin Fund and Nuveen Fund (including, in the case of any such

-4-

Assured Insured Bonds held in a prepetition custody receipt arrangement, the CUSIPs of the related custody receipts) to the Debtor, the Disbursing Agent, Assured, and the trustee of the Franklin Nuveen Trusts.

8. The Parties have agreed that Section 26.1(c) of the HTA Plan should be modified as follows:

> Notwithstanding any other provision of the HTA Plan, but subject to the proviso in Section 26.1(b)(ii), to the extent that there are no outstanding payment defaults by Assured with respect to Assured Insured Bonds up to and including the HTA Effective Date, the payment of the principal of the Assured Insured Bonds shall be accelerated from and after the HTA Effective Date, and such Assured Insured Bonds shall be due and payable from and after the HTA Effective Date at the Assured Acceleration Price of one hundred percent (100%) of the principal amount thereof plus accrued interest thereon (or, in the case of any capital appreciation bonds, the compounded amount thereof) to the date of payment.

9. The Parties have agreed that Section 26.1(d) of the HTA Plan should be modified as follows:

> Notwithstanding any other provision of the HTA Plan, on the HTA Effective Date, but subject to the proviso in Section 26.1(b)(ii), HTA shall be deemed to have assigned to Assured any rights to redeem and call the Assured Insured Bonds and any related rights such that such rights may be exercised directly and exclusively by Assured as if it were HTA for such purpose, and any amounts due in connection with such redemption shall be equal to the lesser of the applicable redemption price and the Assured Acceleration Price.

10. In Section 3.03 of the Standard Terms, the Parties have agreed that new subparagraphs 3.03(c) and 3.03(d) should be added to reflect Franklin and Nuveen's rights as reserved under the revisions to Section 26.1(b)(ii) of the Plan proposed above:

> (c) The Trust Agreement for each Franklin Nuveen Trust shall provide that, notwithstanding anything to the contrary therein (including these Standard Terms) or in the HTA Plan or HTA Confirmation Order, that with respect to any Franklin Nuveen Trust, upon (i) issuance of a notice of Assured's exercise of, or intent to exercise, any Assured Advancement Option, or (ii) issuance of, or issuance of notice of an intent to cause the issuance of, a Sale Notice that could cause a Cash Distribution or distribution of Subject Bonds

-5-

that would, by operation of the Standard Terms or such Trust Agreement, otherwise reduce the outstanding principal of the applicable Assured Insured Bond prior to its Original Scheduled Principal Payment Date, then, in each case, a Franklin Nuveen Trust Unit Holder shall be permitted to challenge whether payment of the applicable Acceleration Price or Cash Distribution with respect to such Assured Insured Bond satisfies and discharges all (or any) of Assured's obligations to such Franklin Nuveen Trust Unit Holder under the applicable Assured Insurance Policy with respect to such Assured Insured Bond and all of the Franklin Funds' and/or Nuveen Funds' respective rights, arguments and defenses (and those of the Franklin Nuveen Trust Unit Holders) with respect to any such argument made by such Franklin Nuveen Trust Unit Holders (including, without limitation, whether any such payment or distribution would reduce the principal amount outstanding of the Assured Insured Bonds) are reserved and preserved, including any arguments as to whether Section 26.1(c) of the HTA Plan and Section 26(a) of the HTA Confirmation Order validly accelerated the Assured Insured Bonds in the Franklin Nuveen Trusts for purposes of the Assured Insurance Policy. All of Assured's rights, arguments and defenses with respect to any such argument made by Franklin Funds and/or Nuveen Funds and/or other Franklin Nuveen Trust Unit Holders are reserved and preserved including any arguments as to whether Section 26.1(c) of the HTA Plan and Section 26(a) of the HTA Confirmation Order validly accelerated the Assured Insured Bonds in the Franklin Nuveen Trusts for purposes of the Assured Insurance Policy; <u>provided</u> that Assured shall not be permitted to assert laches or any similar defenses premised on Franklin Funds and/or Nuveen Funds and/or other Franklin Nuveen Trust Unit Holder failing to make such challenge prior to having notice of the occurrence of an event set forth in clauses (i) and (ii) in the preceding sentence.

(d) Any determination made as a result of arguments made by a Franklin Nuveen Trust Unit Holder pursuant to <u>Section 3.03(c)</u> with respect to a Franklin Nuveen Trust and the applicable Assured Insurance Policy shall have no impact on the corresponding General Trust or any other Trust or Assured Insurance Policy. For the avoidance of doubt, other than Franklin Nuveen Trust Unit Holders, whose rights have been reserved pursuant to the HTA Plan, no other Trust Unit Holders may argue that payment of the applicable Acceleration Price with respect to any Assured Insured Bond does not satisfy or discharge all of Assured's obligations under the applicable Assured Insurance Policy.

11. The Parties have further agreed that, consistent with the revisions to Section 3.03 of the Standard Terms described above, in the individual trust agreement governing each custodial trust holding Assured Insured Bonds held by Franklin and Nuveen, the following new section should be added:

> Section 13. Franklin Nuveen Trust Reservation of Rights. In accordance with Section 3.03(c)-(d) of the Standard Terms and notwithstanding anything to the contrary herein, the Plan or Confirmation Order, upon (i) issuance of a notice of Assured's exercise of, or intent to exercise, any Assured Advancement Option, or (ii) issuance of, or issuance of notice of an intent to cause the issuance of, a Sale Notice that could cause a cash Distribution or distribution of Subject Bonds that would, by operation of this Agreement, otherwise reduce the outstanding principal of the applicable Assured Insured Bond prior to its Original Scheduled Principal Payment Date, then, in each case, a Franklin Nuveen Trust Unit Holder shall be permitted to challenge whether payment of the applicable Acceleration Price or cash Distribution with respect to such Assured Insured Bond satisfies and discharges all (or any) of Assured's obligations to such Franklin Nuveen Trust Unit Holder under the applicable Assured Insurance Policy with respect to such Assured Insured Bond and all of the Franklin Funds' and/or Nuveen Funds' respective rights, arguments and defenses (and those of the Franklin Nuveen Trust Unit Holders) with respect to any such argument made by such Franklin Nuveen Trust Unit Holders (including, without limitation, whether any such payment or distribution would reduce the principal amount outstanding of the Assured Insured Bonds) are reserved and preserved, including any arguments as to whether Section 26.1(c) of the HTA Plan and Section 26(a) of the HTA Confirmation Order validly accelerated the Assured Insured Bonds in the Franklin Nuveen Trusts for purposes of the Assured Insurance Policy. All of Assured's rights, arguments and defenses with respect to any such argument made by a Franklin Fund and/or Nuveen Fund and/or other Franklin Nuveen Trust Unit Holder pursuant to this Section 13, Section 3.03(c) of the Standard Terms and the HTA Plan are reserved and preserved, including any arguments as to whether Section 26.1(c) of the HTA Plan and Section 26(a) of the HTA Confirmation Order validly accelerated the Assured Insured Bonds in the Franklin Nuveen Trusts for purposes of the Assured Insurance Policy. Any determination made as a result of arguments made by a Franklin Fund and/or Nuveen Fund and/or other Franklin Nuveen Trust Unit

> Holder pursuant to this Section 13 shall have no impact on any other Trust or Assured Insurance Policy.

12. In addition, given that under this agreement Franklin, Nuveen, and/or funds they manage will now have rights different from those of other Trust Unit Holders holding units in the custodial trusts, the Parties have agreed to certain revisions to the Standard Terms that will provide for the creation of separate custodial trusts holding only Franklin's and Nuveen's bonds:

> <u>Section 2.06</u>. Franklin and Nuveen Trusts.
>
> (a) Any Assured Legacy Bonds CUSIP held by a Franklin Fund and/or Nuveen Fund as of [DATE] shall be treated as two Assured Legacy Bonds CUSIPs, one corresponding to the portion of such Assured Legacy Bonds CUSIP held by one or more Franklin Funds and/or Nuveen Funds and one corresponding to the portion of such Assured Legacy Bonds CUSIP not held by Franklin Funds and/or Nuveen Funds.
>
> (b) For any Assured Legacy Bonds CUSIP that will be treated as two Assured Legacy Bonds CUSIPs pursuant to <u>Section 2.06(a)</u>, two separate Trusts shall be established, one for the portion of such Assured Legacy Bonds CUSIP held by one or more Franklin Funds and/or Nuveen Funds as of [DATE] (each, a "**Franklin Nuveen Trust**") and one for the portion of such Assured Legacy Bonds CUSIP not held by Franklin Funds and/or Nuveen Funds (each, a "**General Trust**").
>
> (c) The name of each Franklin Nuveen Trust shall be the same as the corresponding General Trust, except that the name of the Franklin Nuveen Trust shall begin with "FN".
>
> (d) For the avoidance of doubt, other than the right of Franklin Nuveen Trust Unit Holders to bring a challenge of the type described in Section 3.03(c) of these Standard Terms and any rights resulting from the success of any such challenge, the rights and treatment of the Franklin Nuveen Trust Unit Holders shall be identical to those of the Trust Unit Holders of the corresponding General Trust.

## **CONCLUSION**

Based on the Parties' agreement as set forth above, the HTA Plan and related custodial trust documentation should be modified as set forth above and in the attached Exhibits A, B, and

-8-

-9-

C; the Objection should be treated as moot; and the HTA Plan should be confirmed as modified consistent with the agreement set forth above.

Dated: New York, New York
August 23, 2022

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: */s/ Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR 204809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR 203114 <br> Diana Pérez-Seda <br> USDC-PR 232014 <br> P.O. Box 364924 <br> San Juan, PR 00936-4924 <br> Telephone: (787) 756-1400 <br> Facsimile: (787) 756-1401 <br> Email: hburgos@cabprlaw.com <br> rcasellas@cabprlaw.com <br> dperez@cabprlaw.com <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: */s/ Howard R. Hawkins* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> Casey J. Servais* <br> William J. Natbony* <br> Thomas J. Curtin* <br> 200 Liberty Street <br> New York, NY 10281 <br> Telephone: (212) 504-6000 <br> Facsimile: (212) 504-6666 <br> Email: howard.hawkins@cwt.com <br> mark.ellenberg@cwt.com <br> casey.servais@cwt.com <br> bill.natbony@cwt.com <br> thomas.curtin@cwt.com <br><br> * Admitted *pro hac vice* <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

KL2 3301543.2

**TORO COLÓN MULLET P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

*/s/ Manuel Fernández-Bared*
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcm.law

*/s/ Linette Figueroa-Torres*
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcm.law

*/s/ Nayda Perez-Roman*
NAYDA PEREZ-ROMAN
USDC–PR No. 300,208
E-mail : nperez@tcm.law

*Counsel for the HTA Insured Bondholder Group*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
2000 K Street NW, 4th Floor
Washington, D.C. 20006
Tel.: (202) 775-4500
Fax: (202) 775-4510

*/s/ Matthew M. Madden*
MATTHEW M. MADDEN*
Email: mmadden@kramerlevin.com

*\* Admitted Pro Hac Vice*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000

*/s/ Douglas Buckley*
DOUGLAS BUCKLEY*
Email: dbuckley@kramerlevin.com

*\*Admitted Pro Hac Vice*

*Counsel for the HTA Insured Bondholder Group*

KL2 3301543.2

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notify cation of such filing to all parties of record in the captioned case.

At New York, New York, the 23$^d$ day of August, 2022.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
*admitted pro hac vice

KL2 3301543.2