UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| | PROMESA |
| THE FINANCIAL OVERSIGHT AND | TITLE III |
| MANAGEMENT BOARD FOR PUERTO RICO | |
| | No. 17 BK 03283-LTS |
| as representative of | |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO | |
| | Relief of the Automatic Stay |
| **DEBTOR** | |


## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE COURT:**

NOW comes, CRUZ ALBERTO RIVERA QUINONES, LUIS F. CRUZ FIGUEROA, CRUZ RIVERA AVILES, CARMEN QUINONES FIGUEROA, HAINZE RIVERA QUINONES, LORRAINNE QUINONES JORGE, NICMARI RODRIGUEZ COLON, JORGE DAVID RIVERA VEGA, CJRV, DEREK RIVERA RODRIGUEZ, MARIA DE LOS ANGELES FIGUEROA QUERO, ALEXANDRA M. DAVILA SIERRA,CCD represented by the undersigned counsel and respectfully moves the Court for an Order pursuant to 11 U.S.C.A. sec. 362 for relief from the automatic stay and, in support of this motion, states as follows:


## CERTIFICATION

This certification asserts a full compliance with request under Fourteenth Amended Case Management Procedures Notice, Case Management and Administrative Order, as set forth at Paragraph III. Q of Section III (Scheduling) of the Order.

The undersigned attorney certifies compliance with the Lift of Stay Notice and the Lift of Stay Notice Period, and corresponding communication to resolve Movant's request for relief from the automatic stay.

## INTRODUCTION

1. CRUZ ALBERTO RIVERA QUINONES, LUIS F. CRUZ FIGUEROA, CRUZ RIVERA AVILES, CARMEN QUINONES FIGUEROA, HAINZE RIVERA QUINONES, LORRAINNE QUINONES JORGE, NICMARI RODRIGUEZ COLON, JORGE DAVID RIVERA VEGA, CJRV, DEREK RIVERA RODRIGUEZ, MARIA DE LOS ANGELES FIGUEROA QUERO, ALEXANDRA M. DAVILA SIERRA,CCD

(hereinafter, "THE CRUCES") request the lifting of the automatic stay in the case

1

CRUZ ALBERTO RIVERA QUINONES, LUIS F. CRUZ FIGUEROA, CRUZ RIVERA AVILES, CARMEN QUINONES FIGUEROA, HAINZE RIVERA QUINONES, LORRAINNE QUINONES JORGE, NICMARI RODRIGUEZ COLON, JORGE DAVID RIVERA VEGA, CJRV, DEREK RIVERA RODRIGUEZ, MARIA DE LOS ANGELES FIGUEROA QUERO, ALEXANDRA M. DAVILA SIERRA,CCD

*VERSUS*

COMMONWEALTH OF PUERTO RICO, PUERTO RICO POLICE DEPARTMENT, LUIS CALDERO, GUILLERMO SOMOZA COLOMBANI, HECTOR PESQUERA, EMILIO DIAZ COLON, JOSE FIGUEROA SANCHA, lLT. JOSE RIVERA ALICEA, 2LT. DIGNO CARTAGENA; COL. LEOVIGILDO VAZQUEZ; COL. REYNALDO BERMUDEZ; STATES INSURANCE FUND CORPORATION; JAMES TULLER CINTRON; EMILIO DIAZ COLON, ALL IN THEIR PERSONAL AND OFFICIAL CAPACITIES; COMMONWEALTH OF PUERTO RICO; INSURANCE COMPANY ABC;

AND

CARLOS CASES, ALEX ZAPPE, JUDITH PRIEGUES, SARA SALDANA, JOSE LOREIRO,
PETER SPRUNG, MARIA LERNER, (collectively USDOJ Co-Defendants)

AND KEVIN L. PERKINS; JOHN DOE; DAVID DOE;

HEREINAFTER: **DEFENDANTS**

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF

PUERTO RICO, CASE NUMBER: Civil No. 15-02382PAD, Civil Rights Violations,

R.I.C.O. Takings without Just Compensation.


. This complaint includes:

      1.Civil Rights Action under 42 USC §1983 .


2.   It holds Police Supervisors responsible for civil rights violations .

3.   It requests punitive damages against Police Defendants  it holds Police Officers and their Supervisors liable for R.I.C.O. Violations.

4.   It requests equitable relief including declaratory relief

5.   It requests threefold damages to business and properties.


**SUMMARY OF FACTS:**

6. Plaintiffs Cruz Alberto Rivera Quinones and Luis F. Cruz Figueroa were contracted in 2008-2009 by the FBI Co-Defendants to function as Undercover Agents to look for corrupt Police who would sell their side arms or protect illegal drug rings. For around a year and a half, they worked in what was called "Operation Guard Shack". As a result of their work as Undercover Agents, 61 State Police, 16 Municipal Police Officers, 12 members of the Corrections Department, several members of the Puerto Rico National Guard and Two members of the US Army were arrested.

7. Many of these officers were convicted for federal crimes.

8. It is our understanding that these Convicted Felons are starting to be freed from jail or have already been freed from jail.

9. From the time of the initial arrest, through the time that they were scheduled to serve as qualified federal witnesses, to the present day, these two Plaintiffs' work as Undercover Agents has made them and their families the target of retaliatory Death Threats.

10. The Police Department Defendants knew of the Death Threats and not only did not act to protect these Plaintiffs but actually placed them in harm's way.

11. The Federal Officers Defendants also knew of the Death Threats.

12. The Superintendent Defendants knew about the Death Threats and did not act in any way to protect these Plaintiffs and their Families

13. The other Police Defendants knew of the Death Threats and permitted that these Plaintiffs were placed in extremely dangerous situations where their lives were at risk.

14. Police defendants were responsible for workplace retaliation against these Plaintiffs and denied these Plaintiffs salary, tried to take their weapons so they could not protect themselves and, by way of retaliatory disciplinary actions, cancelled their Medical Care:

15. FBI defendants have refused or omitted to protect these Plaintiffs and their Families.

16. Because of all of the above, most of these Plaintiffs have had to leave Puerto Rico for fear of being killed.

17. All Plaintiffs have suffered serious damages because of the omissions by Police Defendants and Federal Defendants who knew about the promises made at recruitment, the death threats against Plaintiffs, the workplace reprisals and other harm suffered by Plaintiffs and their families, defendants didn't do anything to protect plaintiffs from these foreseeable harms, nor taken active measures to see that the promises made at recruitment into Operation Guard Shack would be honored.

## SUMMARY OF DAMAGES

18. Cruz Alberto Rivera Quinones had to leave Puerto Rico in August 2012 to protect his life and has not received salary and has suffered other damages.

19. Luis F. Cruz Rivera had to leave Puerto Rico in August 2015 to protect his life. He has lost his House which is been auctioned and has suffered other damages.

20. Cruz Rivera Aviles had to leave Puerto Rico con August 2016 for fear for his life and has suffered other damages.

21. Carmen Quinones Figueroa had to leave Puerto Rico for fear of her life and has suffered other damages.

22. Hainze Rivera Quinones is in the process of leaving Puerto Rico for fear of his life and has suffered other damages.

23. Lorrain Quinones Jorge had to move and find a new place to live for fear of her life and has suffered other damages.

24. Nickmarie Rodriguez Colon had to move outside of Puerto Rico in August 2016 for fear of her life and she has suffered other damages.

25. Jorge David Rivera Vega is looking for a way to leave Puerto Rico to protect his life and he has suffered other damages.

26. CJRV is a two-year infant who had to leave Puerto Rico and has suffered damages for the fear that permeates his family.

27. Derek Rivera Rodriguez had to leave Puerto Rico in August 2012 to protect his life and has suffered other damages.

28. Maria de Los Angeles Figueroa Quero is the Mother of Luis Cruz. She had to leave Puerto Rico in August 2016 to protect her life. She has suffered other damages.

29. Davila Sierra is Luis Cruz Wife and she had to leave Puerto Rico for fear of her life. She has suffered other damages.

30. CCD Luis Cruz minor Daughter (3 years old) had to leave Puerto Rico. Has suffered other damages.

**31.** <u>**RELIEF REQUESTED**</u>

23. Appearing movants , THE CRUCES, request a modification to the stay imposed by Section 362 of the Bankruptcy Code in order to continue the FEDERAL court litigation in the afore-mentioned damages case governed by FEDERAL Law, establishing however that movants will not execute against any of the assets of the state, without further order of this Court.

24. This Court has subject matter jurisdiction over this matter under Section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); Sections 362(d) and 553 of Title 11 of the United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et seq.; and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure. Venue is established under PROMESA section 307(a).

<u>**LEGAL BASIS FOR MODIFICATION OF STAY**</u>

25. The automatic stay issued under 11 U.S.C.A. sec. 362 (d) cannot be extended to non-debtor defendants, and there is no protection for those non -debtor defendants under Tittle III. The automatic stay in the case THE CRUCES V. *DEFENDANTS* has no legal basis. Plaintiffs would be stripped of any forum in which to prosecute their claims, protect their interests, and exercise their rights.

26. The statute and case Law establishing the automatic stay under Section 362 provides for no extension of the automatic stay to parties that are non-bankruptcy debtors or defendants. The norm is that unless exceptional circumstances are present, the automatic stay can only be applied to the debtor, and not to third parties. "Generally, the automatic stay protects the bankruptcy debtor

6

and does not bar suits against third parties,

such as non-debtor entities, even when wholly owned by the debtor, or the debtor's

insurers, guarantors, and sureties." In re Kevin v. White, 415 B.R. 696, 698 (N.D. IL

2009). *See*, also in re Whitman-Nieves, 519 B.R. 1, (8 DPR 2014).

27. Under 11 U.S.C.A. sec. 362 (d), a bankruptcy court may modify the

automatic stay "for cause" to allow a pending action in a different court to continue

its proceedings. In re Murray Industries, Inc., 121 B.R. 635, 636 (Bankr. M.D.

Fla. 1990). After prima facie case for relief from the stay is made by creditor,

Debtor has the ultimate burden of persuasion to establish that cause for relief does

not exist under section 362 (d). In re Anton, 145 B.R. 767, 769 (Bankr. E.D.N.Y.

1992).

28. Regarding cause for relief from stay, Peerles Insurance Company v.
Peerless Insurance Company, 208 B.R. 313, 315 (D.R.I. 1997) provided
that: "Section 362 (d)(1)

permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic

stay provision "for cause." 11 U.S.C. sec. 362(d)(1). The statute does not define

"cause;" but generally speaking, "cause" is said to exist when the harm that would

result from a continuation of the stay would outweigh any harm that might be suffered

by the debtor or the debtor's estate if the stay is lifted. Determining whether "cause"

exists requires a fact intensive inquiry that must be made on a case-by-case basis."

29. Section 362 (d) (1) of Title 11 of the United States Code, applicable in

the present proceedings by Section 301 of PROMESA, 48 U.S.C. sec. 2161,

establishes that this Honorable Court may grant relief from the automatic stay "for

cause". Courts in this district examine the factors provided by the United States Court

of Appeals for the Second Circuit in in re Sonnax Indus., Inc., 907 F. 2d 1280, 1286

(2d Cir. 1990), to determine if cause exists to lift the bankruptcy stay. *See*, e.g.,

Brigade Leveraged Capital Structures Fund Ltd. V. Garcia-Padilla, 217 F. Supp. 3d
508, 518 (D.P.R. 2016) (citing Sonnax). The following criteria identified in Sonnax
are applicable to the case before us: "lack of any connection with or interference
with the bankruptcy case," "whether litigation in another forum would prejudice the
interests of other creditors," "the interests of judicial economy and the expeditious
and economical resolution of litigation," "whether the parties are ready for trial in
the other proceeding," and the "impact of the stay on the parties and the balance of
harms." Sonnax, 907 F. 2d at 1286.

30. The following criteria has also been considered and is applicable to the
case of appearing movants **THE CRUCES**:

a. whether relief would result in a partial or complete resolution of the issue;

b. the lack of any connection with or interference with the bankruptcy case; c.
whether a specialized tribunal with the necessary expertise has been established
to hear the cause of action;

d. whether litigation in another forum would prejudice the interests of other
creditors;

e. whether the judgment claim arising from the other litigation is subject to
equitable subordination;

f. the interests of judicial economy and the expeditious and economic
resolution of litigation. See e.g., In re Sonnax Indus, Inc., 907 F.2d 1280, 1286
(2d Cir. 1990) and in re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984).


31. Furthermore, In re Unanue-Casal, 159 B.R. 90, 95-96 (D.P.R. 1993),
aff'd, 23 F.3d 395 (1st Cir. 1994) lists twelve factors to consider as cause
for relief from stay. Among them,

a. the harm to the party seeking relief from the stay if said stay is not lifted;

b. the harm to the debtor if the stay is lifted;

   c. the interests of the creditors;

   d.  and the effect on the fair and efficient administration of justice.

32.  Bankruptcy courts may consider many factors to allow existing litigation to continue in other courts besides the bankruptcy court. Bankruptcy Courts consistently modify the stay to allow pending litigation to continue when the requested relief from the stay will promote judicial economy and the expeditious and economic resolution of litigation without undue prejudice to the estate. See, e.g. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569 (Bankr. N.D. Ala. 1994); In re Robbins, 964 F. 2d 342 (4th Cir. 1992).

33. Congress stated as part of the legislative history to section 362 (d)(1), that: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 341 (1977); S.Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

34. Based on the above, modification of the stay must be granted among other reasons, whereas movants THE CRUCES' federal court case does not present prejudice to bankruptcy estate and does not interfere with the bankruptcy proceeding, just as established in in re Annie's, Inc., 201 B.R. 29, 30 (Bankr. R.I. 1996): "where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another Forum is sufficient cause to warrant lifting the automatic stay." *See* also, In re A.S.E. v. Puerto Rico Solid Waste Management Authority, 360 B.R. 12 (Bankr. P.R. 2006).

35. This Honorable Court should modify the automatic stay and allow the continuation of movants' pending litigation in federal court, whereas there is ample "cause" pursuant to Section 362 (d)(1) of the Bankruptcy Code, the pending litigation is strictly a matter of federal law not related to a BANKRUPTCY PROCEEDING.

36. There is ample cause as well due to the fact that the litigation in the FEDERAL court case had commenced at the moment that the proceedings were halted due to the Stay of Title III (April 2, 2018).

37. Another reason ample cause exists to lift the stay regarding movants' damages case, is that once the stay is lifted, the damages case can be timely adjudicated. The parties left, -excepting the Commonwealth of Puerto Rico- could readily reach a settlement agreement once the stay is lifted.

38. Among other reasons, modification of the stay must be granted whereas movants, THE CRUCES federal court case does not present prejudice to the bankruptcy estate and does not interfere with the bankruptcy proceeding, just as established in in re Annie's, Inc., 201 B.R. 29, 30 (Bankr. R.I. 1996): "where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." *See* also, In re A.S.E. v. Puerto Rico Solid Waste

Management Authority, 360 B.R. 12 (Bankr. P.R. 2006).

39. The automatic stay should be modified to allow the continuation of movants' pending litigation in federal court, whereas there is ample "cause" pursuant to Section 362 (d)(1) of the Bankruptcy Code, the pending litigation is strictly a matter of federal non bankruptcy law, the litigation in the federal court case had commenced and once the stay is lifted it can be timely adjudicated.

40.  The factors of upholding judicial economy, the nature of the FEDERAL court's litigation, the lack of any interference or connection with the bankruptcy proceeding all Point to the fact that the automatic stay must be modified. The Federal Court has knowledge of the facts and allowing said Court to adjudicate the pending matters in the case will lead to the most expeditious resolution of Movants' claim. The principle of judicial economy operates in favor of the non-bankruptcy forum. See, In re Aquarious Disk Services, Inc.

254 B.R. 253, 260 (Bankr. N.D. Cal. 2000).

41. Litigation in Federal Court does not involve bankruptcy law, does not require the expertise of a bankruptcy judge, and lifting or modifying the stay will not prejudice the debtor. Bankruptcy Court is not the proper venue for movants' federal court civil rights damages lawsuit. Movants' federal court civil rights damages lawsuit will not compromise estate assets used to satisfy creditors' claims, nor will it interfere with the distribution of those assets. Moreover, the Commonwealth of Puerto Rico is not the only Defendant in the lawsuit and Plaintiff may recover damages from other Defendants, ,

42. Actually, a review of the facts alleged in the lawsuit demonstrates that there is a separate nucleus of facts alleging the civil rights violations, then those alleging negligence from the Commonwealth of Puerto Rico. The lawsuit alleges that non-commonwealth parties violated the civil rights of plaintiffs. On the other hand, the allegations regarding the Commonwealth of Puerto Rico are separate because they attribute responsibility at a separate time -that is- it results from individual defendants' actions.

43.  Modifying or lifting the stay on Movants' lawsuit will result in a complete resolution of the issues for the reason that it will allow the Federal Court to hear the parties on their positions regarding the matter, promote judicial

interpretation of the facts and case law to arrive at a final conclusion. The relief

requested will result in a complete resolution of the issues. Moreover, movants'

have the probability of prevailing on the merits in the federal court case, thus,

"even a slight probability of success on the merits may be sufficient to support

lifting an automatic stay in an appropriate case." In re Tribune Co., 418 B.R. 116,

129 (Bankr. D. Del. 2009). See, also in re Antonio L. Giordano, 1:11-bk-13943.


44. Regarding the impact of the stay on the parties and the balance of harms,

we must assert that the longer the stay is in place, the less probability there will be

of preserving the evidence, documentation, and witness recollection needed to

come to a resolution of the matter and obtain justice for the Plaintiffs.

45. Also, the stay has the effect of stripping the plaintiffs of adequate

protection of an interest in property. The paralyzation of plaintiffs' claims renders

them without a proper remedy in Law.

46. The automatic stay should be lifted in the case **THE CRUCES v
DEFENDANTS**

whereas it is a federal court case, not involving bankruptcy law and jurisprudence, and

concerning third parties to these bankruptcy proceedings. The afore-mentioned case

has no interference whatsoever with the Title III process. The third parties involved in

the afore-mentioned case represent no prejudice for creditors or interested parties in

these bankruptcy proceedings. The automatic stay imposed on *THE CRUCES* has no

legal basis, and strips Plaintiffs of any forum in which to prosecute their claims,

protect their interests, and exercise their rights. The automatic stay imposed cannot

be extended to the third-party defendants on *THE **CRUCES V. DEFENDANTS***.

whom have no connection whatsoever with these bankruptcy proceedings. The stay

has a NEGATIVE AND DETRIMENTAL impact on the plaintiffs and deprives them

of their property without due process. On the other hand, lifting the stay will result in

no harm to the Commonwealth or these bankruptcy proceedings. Therefore, there is

unequivocal and abundant cause for the stay to be lifted.

47.  For the reasons above-stated, Movants' federal court civil rights law damages lawsuit meets the legislative and jurisprudential criteria to warrant lifting or modifying the stay to allow this matter to go forward.

48. Movants THE CRUCES, file this motion requesting the modification of the automatic stay pursuant to Paragraph III.Q of the operative Case Management Order.  Movants certify that pursuant to afore-mentioned Paragraph III.Q, we communicated, conferred, and met with debtor via telephone during the required Lift Stay Notice period prior to filing this motion but could not reach any agreements.

WHEREFORE, movants THE CRUCES, respectfully request this Honorable Court that it issue a modification of the automatic stay imposed under Section 362 of the Bankruptcy Code in order to continue the pending federal court litigation of their case, provided movants will not execute against any assets of the estate, without further order from this Court.

**RESPECTFULLY  SUBMITTED.**

**I HEREBY CERTIFY** that a true and exact copy of the foregoing was filed electronically with the clerk of the Court using the CM/ECF system which in turn will send notification of such filing to all parties of record in the captioned case.

In San Juan, Puerto Rico, August 8, 2022.

/S/ HECTOR FIGUEROA
VINCENTY

ATTORNEY FOR FEDERAL
PLAINTIFFS : THE CRUCES

USDC 120006

CALLE SAN FRANCISCO 310

OFICINA 34

SAN JUAN, PR. 00901787-378-1154

HECTOR@ELBUFETEDELPUEBL

O.COM,

## <u>CERTIFICATION OF COMPLIANCE WITH CASE MANAGEMENT PROCEDURES</u>

**I HEREBY CERTIFY** that this Motion is in full compliance with the lift stay requirements in Paragraph III(R) of the Case Management Procedures entered in these Title III Cases.

Specifically, on MAY 22, 2022, movants THE CRUCES ,provided notice to counsel for the Oversight Board and the AAFAF of their intention to seek relief from the automatic stay to continue the pending federal court litigation of their case which has all its issues governed by FEDRAL CIVIL RIGHTS LAW.

In San Juan, Puerto Rico, May, 2022.

/S/ <u>HECTOR FIGUEROA</u>
<u>VINCENTY</u>
<u>ATTORNEY FOR FEDERAL</u>
<u>PLAINTIFFS: THE CRUCES</u>
<u>USDC 120006</u>
<u>CALLE SAN FRANCISCO 310</u>
<u>OFICINA 34</u>
<u>SAN JUAN, PR. 00901787-378-1154</u>
<u>HECTOR@ELBUFETEDELPUEBL</u>

<u>O.COM,</u>

\+