# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: ECF No. 21192** |
| BIANCA IRIS MARRERO,<br><br>Movant,<br><br>-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Respondents. | |

## DEBTORS' OBJECTION TO PLAINTIFF BLANCA IRIS MARRERO'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this objection (the "Objection") to *Plaintiff Blanca Iris Marrero's Motion for Allowance and Payment of Administrative Expense Claim* [ECF No. 21192] (the "Motion"), filed by Blanca Iris Marrero ("Movant"). In support of the Objection, the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1. Movant asserts she is entitled to administrative expense priority for an asserted tort claim arising after the commencement of the Debtors' Title III cases. Movant's sole contention to support her claim to administrative expense priority is that the asserted claim arose post-petition. The Motion should be denied because (i) the asserted claim is contingent at this time, and should instead be resolved pursuant to the claims resolution process and pursuant to the timeline established in these Title III cases, the Plan, and the Confirmation Order (each as defined below), and (ii) Movant has failed to articulate a reason her asserted claim satisfies the requirements for administrative expense priority treatment.

## BACKGROUND

2. On May 3, 2017, the Commonwealth filed a petition pursuant to Title III of PROMESA to commence its Title III case.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

1

3. On September 27, 2019, PBA filed a petition pursuant to Title III of PROMESA to commence its Title III case.

4. On March 19, 2021, Movant allegedly slipped and fell on a sidewalk outside of a government building. On January 3, 2022, Movant filed an action, captioned *Marrero Rosario v. Departamento de Seguridad Publica, et al.*, Case No. SJ2022CV00O13 (the "Postpetition Action"), in the Court of First Instance in the San Juan Superior Court (the "Commonwealth Court") against the Commonwealth, the Puerto Rico Department of Justice, the Puerto Rico Police Department, the Puerto Rico Public Buildings Authority, and certain other parties, relating to the alleged slip and fall, and seeking damages in an amount of "no less than $300,000." *Id.* at 5.

5. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No 19784] (as amended, supplemented, or modified, the "Plan").[3] Section 92.2 of the Plan discharged and released the Debtors from "any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date." Plan § 92.2(a).

6. On March 15, 2022, the Plan was substantially consummated [ECF No. 20349]. Beginning on the Effective Date, the Confirmation Order permanently enjoined parties from "commencing or continuing, directly or indirectly . . . any action or other proceeding (including,

---

[3] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

2

without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind" on any discharged Claims against the Debtors (the "Discharge Injunction"). Confirmation Order ¶ 59.

7. Decretal paragraph 44 of the Confirmation Order provides that "[t]he last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligations with respect thereto." The deadline to file proofs of Administrative Expense Claims was June 13, 2022. Section 82.1 of the Plan provides that the Oversight Board "shall file and serve all objection to Claims as soon as practicable, but, in each instance, not later than one hundred eighty (180) days following the Effective Date or such later date as may be approved by the Title III Court." The deadline for the Debtors to object to Claims was September 11, 2022, which was extended to March 8, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 21894] (the "Extension Order").

8. On April 4, 2022, the Commonwealth filed a notice of injunction (the "Injunction Notice")[4] in the Postpetition Action, notifying the Commonwealth Court of the occurrence of the Effective Date of the Plan and the Discharge Injunction. On May 19, 2022, the Commonwealth Court issued a partial judgment staying the Postpetition Action.

9. On June 12, 2022, Movant filed the Motion, seeking allowance of an administrative expense claim of $300,000 (the "Tort Claim"), and a proof of Administrative Expense Claim (POC No. 180384).

---

[4] A copy of the Injunction Notice is attached hereto as **Exhibit A**.

**ARGUMENT**

**I.      The Motion Does Not Establish Entitlement to Allowance for the Asserted Claim**

10.     Parties seeking administrative priority status for their claims must establish liability under applicable law. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law"); *In re Bos. Reg'l Med. Ctr.*, 256 B.R. 212, 220 (Bankr. D. Mass. 2000), *aff'd sub nom. Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re Bos. Reg'l Med. Ctr., Inc.)*, 265 B.R. 838 (B.A.P. 1st Cir. 2001), *aff'd on other grounds*, 291 F.3d 111 (1st Cir. 2002) ("In determining whether an obligation arising under state law is a tax under the Bankruptcy Code, courts must look to state law to understand the characteristics and incidents of the obligation . . . ."); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-4780, 2022 WL 1401506, at *4 (D.P.R. May 4, 2022) ("Motion for administrative expense treatment fails because [movant] has not demonstrated that it has a contractual right to reimbursement of the Expenses . . . ."). To the extent they are not, the asserted costs do not constitute "actual, necessary costs and expenses of preserving" the Commonwealth. 11 U.S.C. § 503(b)(1)(A)(i).

11.     "'The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it,' and the Court has broad discretion in determining whether to grant a request for such priority treatment." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 631 B.R. 596, 604 (D.P.R. 2021) (quoting *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992)); *see also In re Jeans.com*, 491 B.R. 16, 23 (Bankr. D.P.R. 2013). A party seeking administrative expense treatment must show a "clear relationship between the expenditures made and the benefit conferred on the estate . . . ." *In re Drexel Burnham Lambert Grp.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (citations omitted).

12. Here, Movant has not met the burden of proving entitlement to administrative expense status. Movant's sole reason for administrative expense priority treatment of her asserted claim is that the claim arose post-petition. Citing no case law or statutory authority, Movant argues it is "abundantly clear" the Tort Claim qualifies as an administrative expense because of the Debtors' "official posture and policy decision" and the Tort Claim's post-petition nature. Mot. ¶ 7. Such barebones assertions fall well short of Movant's burden.

13. First, a claim does not constitute an administrative expense simply because it accrued post-petition, the expense must also provide a benefit to the estate. *See In re Drexel Burnham Lambert Grp.*, 134 B.R. at 489. Movant makes no attempt to satisfy this part of the test.

14. Second, Movant fails to explain how the "policy decision" by the Debtors relates to the standard for allowance of an administrative expense claim—*i.e.*, whether there is a clear relationship between the expenditure and a benefit to the Debtors. To the extent Movant asserts the Debtors conceded that Movant's claim is an Administrative Expense Claim, the Injunction Notice notes only that parties seeking to assert an Administrative Expense Claim must file such request on or before June 13, 2022. *See* Injunction Notice ¶ 16 (". . . a claim of administrative expenses was provided for, ***should she qualify as such***, and there is still time to file her claim under an *Administrative Expense Request*.") (emphasis added).

15. Finally, Movant ignores the contingent nature of the Tort Claim. The Postpetition Action remains pending in the Commonwealth Court, meaning liability has not been established on the Debtors' part. Movant therefore does not hold a liquidated claim from which she can seek recovery. Put simply, before Movant can recover from the Debtors, Movant must first establish liability.

**II.   The Motion Attempts to Circumvent the Process for Resolving Claims Established Pursuant to the Plan**

16.   The Motion constitutes an attempt to circumvent the process established in Section 82.1 of the Plan for resolving disputed Claims. As explained above, the Oversight Board has one hundred eighty (180) days after the Effective Date to object to Claims (which was extended to March 8, 2023 pursuant to the Extension Order). Plan § 82.1. The Board requires this time to review filed Claims and determine the most effective path forward to resolve asserted Claims—which may, for example, include liquidating a Claim through the alternative dispute resolution process established in these Title III Cases or in its original forum. Movant seeks, in contravention of the Plan, to short-circuit this process and require the Board to resolve the Tort Claim prematurely, while other similarly situated claimants proceed through the claims resolution process established in these Title III Cases. As a result, the Motion should be denied so as to allow the Debtors and the Oversight Board to follow the procedures established pursuant to the Plan for resolving Claims.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request the Court deny the Motion and grant it such other and further relief as is just.

Dated: August 26, 2022  
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer  
USDC No. 215205  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative for the Debtors*

## Exhibit A

**Injunction Notice**

<u>CERTIFIED TRANSLATION</u>     BY: OLGA M. ALICEA, FCCI, NJITCE-S

SJ2022CV00013 04/04/2022 08:40:44 am Entry No. 23 Page 1 of 7

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN SUPERIOR COURT**

| | |
|---|---|
| **BLANCA IRIS MARRERO ROSARIO** <br><br> PLAINTIFF <br><br> v. <br><br> **COMMONWEALTH OF PUERTO RICO, AND OTHERS** <br><br> DEFENDANTS | **CIVIL NO.: SJ 2022CV00013** <br><br> **RE:** <br><br> **DAMAGES** |

**NOTICE OF INJUNCTION STAYING THE LITIGATION OF THE INSTANT CASE AND REGARDING THE REQUIREMENT TO FILE A REQUEST FOR ADMINISTRATIVE EXPENSES BEFORE THE TITLE III COURT**

**TO THE HONORABLE COURT:**

**COMES NOW** the Department of Justice, through the undersigned legal representation, and very respectfully **STATES AND PRAYS:**

### I. INTRODUCTION

1. 0n February 7, 2022, the instant Amended Complaint was filed, for damages, against the Puerto Rico Department of Public Safety. It is alleged therein that on March 19, 2021, plaintiff Blanca Iris Marrero Rosario suffered a fall in the building located at 601 Franklin Delano Roosevelt Avenue, in San Juan. As alleged, the fall was due to an uneven sidewalk.

2. Pursuant to the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Adjustment Plan of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority ("Confirmation Order")* (See link in

*Translation page 1 of 9*

<u>CERTIFIED TRANSLATION</u> BY: OLGA M. ALICEA, FCCI, NJITCE-S

footnote 2), issued on January 18, 2022, by the United States District Court for the District of Puerto Rico ("Federal District Court") in charge of the restructuring of the Commonwealth's debt in the case *In re: Commonwealth of Puerto Rico*, Case No. 17BK3283-LTS, it is reported that there is a permanent *injunction* that is in full force in cases such as the captioned case, filed on or before the effective date of the Adjustment Plan, that is March 15, 2022. It is important to emphasize that through the *Confirmation Order*, the Debt Adjustment Plan ("Adjustment Plan"),[1] Document 19813, of Case No. 17-03283-LTS[2] was confirmed.

3. Likewise, on March 15, 2022—the effective date of the Debt Adjustment Plan—the Financial Oversight Board filed with the federal District Court a document titled *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III Of PROMESA and (B) Occurrence of the Effective Date ("Notice')*. In said Notice, the Board notified the deadline for submitting an application for payment of Administrative Expense Claims (also known as *administrative expense claims*, in English), mentioning Section 1.51 and Article III the Adjustment Plan, as well as paragraph 44 of the "Confirmation Order." *See* Exhibit 1, *Notice*, Document 20349, of case number 17-03283-LTS.

4. Consequently, this Court does not have jurisdiction to continue with the judicial processing of the instant case pursuant to the permanent *injunction* contemplated in the *Confirmation Order* issued by the Federal District Court in charge of restructuring

---

[1] The *Confirmation Order* is defined as follows: "**Confirmation Order:** The order of the Title III Court confirming the Plan in accordance with Section 314 of PROMESA and section 1129 the Bankruptcy Code, made applicable in the Title III cases in accordance with Section 301 of PROMESA, which order shall be in form and substance reasonably satisfactory to the Initial PSA Creditors." Doc. No. 19813-1, at p. 47, ¶ 1.158; *see, also,* Doc. No. 19813-1 at p. 47, ¶ 1.156 ("**Confirmation Date:** The date on which the Clerk of the Title III Court enters the Confirmation Order on the docket.")

[2] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813)

of the Commonwealth's debt under Title III of PROMESA and the *Notice* filed by the Financial Oversight Board. Thus, pursuant to the *Confirmation Order* and the *Notice*, the captioned case should be stayed. This case will be heard through the Federal District Court in charge of the case under Title III of PROMESA in accordance with the process for the request for administrative expenses or "Administrative Expense Claims" established in the *Confirmation Order* and explained in the *Notice*.

## II. APPLICABLE LAW

5. On January 18, 2022, the Honorable Laura Taylor Swain, United States District Judge, who deals with the restructuring of the Government's debt, issued the *Confirmation Order* in the case *In re: Commonwealth of Puerto Rico*, Case No. 17BK3283LTS, whereby the Adjustment Plan was confirmed. Document 19813, of Case No. 17-03283.

6. Although the Adjustment Plan was approved and entered into effect on March 15, 2022,[3] this does not mean that the debt restructuring case under Title III of PROMESA, to wit, *In re: Commonwealth of Puerto Rico*, Case No. 17-03283, has concluded. The automatic stay contemplated in Title III of PROMESA continued until the date of effectiveness of the Adjustment Plan under paragraph 66 and beyond the effectiveness of said Plan under ¶ 59, both of the *Confirmation Order*.

7. Once the Adjustment Plan entered into effect, on March 15, 2022, the permanent *injunction* of paragraph 59, cited below, became effective.[4] As for the claims discharged or released, the *Confirmation Order* decrees a permanent *injunction* ("*Injunction on Claims*"), as to the claims of all entities ("*All Entities*") or any other debt

---

[3] "[T]he effective Date of the Plan occurred on March 15, 2022." Document 20349, at p. 2, in case 17BK3283-LTS.

[4] Copies of the *Confirmation Order* and the Debt Adjustment Plan are publicly available and free of charge at Prime Clerk LLC, by accessing https://cases.primeclerk.com/puertorico/ or on the website of the Federal District Court, https://www.prd.uscourts.gov/.

<u>CERTIFIED TRANSLATION</u>                                  BY: OLGA M. ALICEA, FCCI, NJITCE-S

or liability that it has, it has had, or it may have in the future that is discharged or released in accordance with section 92.2 of the Adjustment Plan, indicating expressly that they are permanently prohibited, as of and after the date of effectiveness of the Adjustment Plan. Doc. No. 19813, at p. 67, ¶ 59. In pertinent part, ¶ 59 provides:

> **<u>Injunction on Claims</u>. Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property**

*Confirmation Order*, Doc. No. 19813 at pg. 67, ¶ 59 (emphasis in original).[5]

        9.    Likewise, the *Confirmation Order*, in its paragraph 44, warns about the need to file evidence of administrative expense claims within 90 days of the effective date of the Plan, providing the following:

> <u>Administrative Claim Bar Date.</u> The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy

---

[5] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813)

<u>CERTIFIED TRANSLATION</u>　　　　　　　　　　　　　　　　　　BY: OLGA M. ALICEA, FCCI, NJITCE-S

> Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

*Confirmation Order*, Doc. No. 19813, at p. 49, ¶ 44,[6] *see, also*, Plan of Adjustment, Doc. No. 19813-1 at p. 35, ¶ 1.51.[7]

　　　　10.　　On the other hand, on March 15, 2022, the day the Adjustment Plan entered into effect, the Financial Oversight Board filed the *Notice*, in which it informed the deadline for filing requests for payment of Administrative Expense Claims ("*Administrative Expense Claims*" or "*Administrative Expense Requests*"). Similarly, the Financial Oversight Board reported the method whereby requests for payments of the Administrative Expense Claims or *Administrative Expense Requests* must be submitted. *See Notice*, Doc. No. 20349 at p. 2. In pertinent part, the *Notice* provides the following:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("<u>Administrative Expense Requests</u>") is **June 13, 2022**; <u>provided</u>, <u>however</u>, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and

---

[6] (https://cases.primeclerk.com/puertorico/HomeDocketInfo?DockRelatedSearchValue=4214-19813).

[7] The Debt Adjustment Plan defines an administrative expense claim as follows:

> 1.52　**Administrative Expense Claim:** A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503{b) and 507{a){2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

Exhibit 2, Document 19813-1 at p. 35 (emphasis in original).

including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

Exhibit 1, *Notice*, Doc. No. 20349, at p. 2 (emphasis in original).

11. The *Notice* also informs that the person who is required to file the A*dministrative Expense Request*, according to Section 1.51 and Article III of the Adjustment Plan and ¶ 44 of the *Confirmation Order*, and fails to file it on the deadline to do so, **to with June 13, 2022**, is permanently barred from claiming payment against the debtor. In this regard, page 3 of the *Notice* provides:

**PLEASE TAKE FURTHER NOTICE that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

Exhibit 1, *Notice*, Doc. No. 20349 at p. 3 (emphasis in original).

12. It is requested of this Illustrious Court that it take judicial notice of the *Confirmation Order*, the Debt Adjustment Plan, and the *Notice* under Rule 201(b) of the Puerto Rico Rules of Evidence.

### III. APPLICATION OF THE LAW

13. At present, the *injunction* described in paragraph 59 of the *Confirmation Order* is operative in this case. There is no order from the Federal District Court for the District of Puerto Rico authorizing the continuation of the processes in the captioned case, thus this forum lost jurisdiction over it once the *injunction* described in

**CERTIFIED TRANSLATION** BY: OLGA M. ALICEA, FCCI, NJITCE-S

paragraph 59 of the *Confirmation Order* entered into effect.

14. In the instant case, the Department of Justice represents the interests of the Commonwealth and the Puerto Rico Department of Public Safety (an agency of the Commonwealth), debtor under PROMESA, incurring costs associated with the litigation and, in the event of an adverse ruling, the consigned funds would be delivered to the plaintiff, which constitutes a *liability claim* against the Commonwealth and one of its instrumentalities.

15. Pursuant to the injunction decreed in paragraph 59 of the aforementioned order, undoubtedly, the instant case is permanently stayed and this Learned Forum lost jurisdiction over it. Therefore, the issuance of any order to continue with the judicial processing of the litigation would violate the precepts outlined in the *Confirmation Order* and the Adjustment Plan.

16. Plaintiff in this *post-petition* case will not be deprived of a resource or remedy, since a claim of administrative expenses was provided for, should she qualify for such, and there is still time to file her claim under an *Administrative Expense Request*. *See In re City of San Bernardino*, 558 BR 321, 329-330 (C.D. Cal. 2016) (resolving, in the context of a claim for damages against the debtor city, which "insofar as Newberry seeks damages or fees from the City for the alleged constitutional violation, they can file a claim for administrative expenses.") (citing *In re Zilog, Inc.*, 450 F.3d 996,999 n. 1 (9th Cir. 2006) ("tort claims that 'arise post-petition but pre-confirmation can be filed as administrative expenses against the debtor's estate'") (citing *Reading Co. v. Brown*, 391 US 471, 477 (1968))); *In re Palau Corp.*, 18 F.3d 746, 751 (9th Cir. 1994)). In fact, the district court that heard the bankruptcy case in *In re City of San Bernardino* recognized that the administrative expense claims in *post-petition* cases could give creditors a greater recourse or remedy compared to *pre-petition* creditors for the payment

Translation page **7** of **9**

of said administrative expenses. *Id.* at p. 330 ("Indeed, the fact that post-petition claims can be filed as administrative expenses potentially gives such creditors greater recourse against the City than regular prepetition creditors, for the payment of administrative expenses is given priority over almost all other claims against the estate."). Therefore, the only remedy available at this stage of the Commonwealth debt restructuring case under Title III of PROMESA is the filing of an *Administrative Expense Request* before the Title III Court as established in the *Confirmation Order* issued by said forum and the *Notice* filed by the Financial Oversight Board.

17. Given this situation, this Court must (i) take notice of the applicability of the *injunction* issued by the Federal District Court in the *Confirmation Order* on the claims arising *post-petition* and submitted prior to the confirmation of the Adjustment Plan and (ii) for not having jurisdiction, set aside any order for the continuation of the instant litigation before the Court of First Instance.

**WHEREFORE**, we pray that this Learned Court that: (i) it take notice of the aforementioned; and (ii) it acknowledge the *injunction* in effect that stayed the captioned case and deprived it of jurisdiction thereover pursuant to the *Confirmation Order*, with any other pronouncement that may be legally warranted.

**I HEREBY CERTIFY:** That this document has been filed electronically through the Unified Case Management and Administration System (SUMAC), which gives notice at the same time to all attorneys and persons of record to their respective addresses, which constitutes the notification that must be carried out, as provided by the Rules of Civil Procedure.

<u>CERTIFIED TRANSLATION</u>          BY: OLGA M. ALICEA, FCCI, NJITCE-S

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today April 4, 2022.

| | |
|---|---|
| **Domingo Emmanuel Hernández**<br>Secretary of Justice | s/ Giovanna García Rosaly<br>**GIOVANNA GARCIA ROSALY**<br>Atty. No. 12,777 |
| **Susana Peñagaricano Brown**<br>Assistant Secretary for Civil Affairs | DEPARTMENT OF JUSTICE<br>ASSISTANT SECRETARY FOR<br>CIVIL AFFAIRS<br>MAYAGÜEZ REGIONAL OFFICE |
| **Juan C. Ramirez Ortiz**<br>Assistant Undersecretary for Civil Affairs | 87 HIRAM D. CABASSA AVE.<br>SUITE 103<br>Mayagüez, PR 00680 |
| **S/ Rahiza Y. Miranda Grajales**<br>**Rahiza Y. Miranda Grajales**<br>Atty. No.: 13,002<br>Director<br>Civil Affairs Division<br>Torts | E-mail: gigarcia@justicia.pr.gov |

---

**CERTIFICATION**

I, Olga M. Alicea, an English-Spanish Interpreter and Translator certified to that effect by the Administrative Office of the U.S. Courts and by the National Association of Judiciary Interpreters & Translators (NAJIT), do hereby certify that I have personally translated the foregoing document from Spanish to English and that the translation is true and accurate to the best of my knowledge and abilities.

S/ Olga M. Alicea         August 25, 2022
Olga M. Alicea, FCCI, NJITCE-S         Date
Fed. Cert. No. 98-005         Ref.: P1709.000 (HDB/GAM/JCG)