# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: ECF No. 21229** |
| PABLO MELANI CURRA AND DIANA VELEZ MARTINEZ,<br><br>    Movants,<br><br>    -against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Respondent. | |

### DEBTOR'S OBJECTION TO MOTION REQUESTING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FILED BY PABLO MELANI CURRA AND DIANA VELEZ MARTINEZ

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"),[2] by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submits this objection (the "Objection") to the *Motion Requesting Allowance and Payment of Administrative Expense Claim Filed by Pablo Melani Curra and Diana Velez Martinez* [ECF No. 21229] (the "Motion"), filed by Pablo Melani Curra and Diana Velez Martinez (collectively, "Movants"). In support of the Objection, the Debtor respectfully represents:

## PRELIMINARY STATEMENT

1. Movants assert they are entitled to administrative expense priority for an asserted tort claim arising after the commencement of the Debtor's Title III case. Movants' sole contentions to support their claim to administrative expense priority are that the Debtor holds the burden of establishing a claim qualifies as an administrative expense and the Debtor supposedly assented to this status by requiring Movants to file a proof of claim. The Motion should be denied because (i) the asserted claim is contingent at this time, and should instead be resolved pursuant to the claims resolution process and pursuant to the timeline established in the Commonwealth's Title III case, the Plan, and the Confirmation Order (each as defined below), and (ii) Movants have failed to articulate a reason their asserted claim satisfies the requirements for administrative expense priority treatment.

---

[2] Although the Puerto Rico Highways and Transportation Authority ("HTA") is also a defendant in the Postpetition Action (as defined below), Movant does not appear to assert an administrative expense claim against HTA.

[3] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

1

**BACKGROUND**

2. On May 3, 2017, the Commonwealth filed a petition pursuant to Title III of PROMESA to commence its Title III case.

3. On January 17, 2021, Movants' vehicle allegedly crashed into a barrier on the left side of Road 5 in the Municipality of Toa Alta due to the lack of illumination, signage, and safety barrels. On January 13, 2022, Movants initiated an action, captioned *Pablo Melani Currá, Diana Velez Martinez v. Commonwealth, et al.*, Case No. TA2022CV00001 (the "Postpetition Action"), in the Court of First Instance in the Bayamon Division (the "Commonwealth Court"), against the Commonwealth, the Department of Transportation and Public Works, and certain other parties, seeking damages related to the alleged crash. Mot. ¶¶ 1–2.

4. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No 19784] (as amended, supplemented, or modified, the "Plan").[4] Section 92.2 of the Plan discharged and released the Debtor from "any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date." Plan § 92.2(a).

5. On March 15, 2022, the Plan was substantially consummated [ECF No. 20349]. Beginning on the Effective Date, the Confirmation Order permanently enjoined parties from "commencing or continuing, directly or indirectly . . . any action or other proceeding (including,

---

[4] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

2

without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind" on any discharged Claims against the Debtor (the "Discharge Injunction"). Confirmation Order ¶ 59.

6. Decretal paragraph 44 of the Confirmation Order provides that "[t]he last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligations with respect thereto." The deadline to file proofs of Administrative Expense Claims was June 13, 2022. Section 82.1 of the Plan provides that the Oversight Board "shall file and serve all objection to Claims as soon as practicable, but, in each instance, not later than one hundred eighty (180) days following the Effective Date or such later date as may be approved by the Title III Court." The deadline for the Debtor to object to Claims was September 11, 2022, which was extended to March 8, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 21894] (the "Extension Order").

7. On May 4, 2022, the Commonwealth filed a notice of injunction (the "Injunction Notice")[5] in the Postpetition Action, notifying the Commonwealth Court of the occurrence of the Effective Date of the Plan and the Discharge Injunction. The Injunction Notice makes clear a claim will receive administrative expense priority "if the claim qualifies as" an administrative expense. Injunction Notice ¶ 16. The Commonwealth Court subsequently issued a partial judgment dismissing the case against the Debtor without prejudice.

8. On June 6 and 13, 2022, Movants filed proofs of Administrative Expense Claim (POC Nos. 179970, 180378) in the amount of $150,000 for physical and emotional damages (the

---

[5] A copy of the Injunction Notice is attached to the Motion as Exhibit A.

3

"Tort Claim"). On June 13, 2022, Movants filed the Motion, requesting the allowance of the Tort Claim as an administrative expense.

## ARGUMENT

### I. The Motion Does Not Establish Entitlement to Allowance for the Asserted Claim

9. Parties seeking administrative priority status for their claims must establish liability under applicable law. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law"); *In re Bos. Reg'l Med. Ctr.*, 256 B.R. 212, 220 (Bankr. D. Mass. 2000), *aff'd sub nom. Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re Bos. Reg'l Med. Ctr., Inc.)*, 265 B.R. 838 (B.A.P. 1st Cir. 2001), *aff'd on other grounds*, 291 F.3d 111 (1st Cir. 2002) ("In determining whether an obligation arising under state law is a tax under the Bankruptcy Code, courts must look to state law to understand the characteristics and incidents of the obligation . . . ."); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-4780, 2022 WL 1401506, at *4 (D.P.R. May 4, 2022) ("Motion for administrative expense treatment fails because [movant] has not demonstrated that it has a contractual right to reimbursement of the Expenses . . . ."). To the extent they are not, the asserted costs do not constitute "actual, necessary costs and expenses of preserving" the Commonwealth. 11 U.S.C. § 503(b)(1)(A)(i).

10. Movants incorrectly argue the burden is on the Debtor to "establish that the amounts claimed are an administrative expense and comply with the requirements." Motion ¶ 17. The authority Movants themselves cite clearly states "'[t]he burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it,' and the Court has broad discretion in determining whether to grant a request for such priority treatment." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 621 B.R. 289, 296 (D.P.R. 2020), *aff'd*, 7 F.4th 31 (1st Cir. 2021), (quoting *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992));

4

Case:17-03283-LTS Doc#:21932 Filed:08/26/22 Entered:08/26/22 13:41:09 Desc: Main
Document Page 6 of 8

*see also In re Jeans.com*, 491 B.R. 16, 23 (Bankr. D.P.R. 2013). Indeed, a party seeking administrative expense treatment must show a "clear relationship between the expenditures made and the benefit conferred on the estate . . . ." *In re Drexel Burnham Lambert Grp.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (citations omitted). Here, Movants hold this burden since they seek allowance of an administrative expense claim.

11. Movants have not met the burden of proving entitlement to administrative expense status. Rather than explain why the Tort Claim constitutes an administrative expense, Movants assert the Debtor "admit[ed] and accept[ed] that the [Movants] are entitled to such classification and payment" through the Injunction Notice and the Plan. Mot. ¶ 18. Such barebones assertions fall well short of Movants' burden.

12. First, to the extent Movants assert the Debtor conceded that Movants' claim is an Administrative Expense Claim, the Injunction Notice notes only that parties seeking to assert an Administrative Expense Claim must file such request on or before June 13, 2022. *See* <u>Injunction Notice</u> ¶ 16 (". . . there is a provision for administrative expense claims, ***if the claim qualifies as such***, and there is still time to file a claim under an Administrative Expense Request.") (emphasis added). Importantly, the Debtor's filing of the Injunction Notice is irrelevant to the standard for allowance of an administrative expense claim—*i.e.*, whether there is a clear relationship between the expenditure and a benefit to the Debtor.

13. Second, Movants ignore the contingent nature of the Tort Claim. The Postpetition Action remains pending in the Commonwealth Court, meaning liability has not been established on the Debtor's part. Movants therefore do not hold a liquidated claim from which they can seek recovery. Put simply, before Movants can recover from the Debtors, Movants must first establish liability.

Document Page 7 of 8

## II. The Motion Attempts to Circumvent the Process for Resolving Claims Established Pursuant to the Plan

14. The Motion constitutes an attempt to circumvent the process established in Section 82.1 of the Plan for resolving disputed Claims. As explained above, the Oversight Board has one hundred eighty (180) days after the Effective Date to object to Claims (which was extended to March 8, 2023 pursuant to the Extension Order). Plan § 82.1. The Oversight Board requires this time to review filed Claims and determine the most effective path forward to resolve asserted Claims—which may, for example, include liquidating a Claim through the alternative dispute resolution process established in these Title III Cases or in its original forum. Movants seek, in contravention of the Plan, to short-circuit this temporal process and require the Oversight Board to resolve the Tort Claim prematurely, while other similarly situated claimants proceed through the claims resolution process established in these Title III Cases. As a result, the Motion should be denied so as to allow the Debtor and the Oversight Board to follow the procedures established pursuant to the Plan for resolving Claims.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth respectfully requests the Court deny the Motion and grant it such other and further relief as is just.

Dated: August 26, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*