**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 21854**<br><br>(Jointly Administered) |

**O'NEILL & BORGES LLC MOTION TO STRIKE CARLOS LAMOUTTE'S [SO-CALLED]** *"INFORMATIVE MOTION REGARDING SHARED CONFLICTIVE CONNECTIONS OF PROFESSIONAL PERSONS EMPLOYED BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND SUPPLEMENT TO THE 'MOTION TO INTERVENE AND TO INFORM THE EXISTENCE AND CONTINUANCE OF AN UNRESOLVABLE CONFLICT OF INTEREST IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. § 2101 ET SEQ., AND PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF O'NEILL & BORGES, LLC AS LEGAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND (B) THE DISALLOWANCE AND DISGORGEMENT OF LEGAL FEES,' DOCKET ENTRY NO. 20873"* **AT DOCKET NUMBER 21854**

To the Honorable United States District Court Judge Laura Taylor Swain:

O'Neill & Borges LLC ("O&B") respectfully submits this motion to strike the *Informative Motion Regarding Shared Conflictive Connections 0f Professional Persons Employed By The Financial Oversight And Management Board For Puerto Rico, and Supplement To The 'Motion To Intervene and To Inform The Existence and Continuance of An Unresolvable Conflict of Interest In Violation of The Puerto Rico Recovery Accuracy In Disclosures Act of 2021, 48 U.S.C. § 2101 Et Seq., and Petition For: (A) The Permanent Disqualification Of O'Neill & Borges, LLC As Legal Counsel To The Financial Oversight and Management Board For Puerto Rico, and (B)*

*The Disallowance and Disgorgement of Legal Fees,' Docket Entry No. 20873"* (the "*Motion*"),

filed *pro se* by citizen and Puerto Rico-admitted attorney[1] Mr. Carlos M. Lamoutte Navas, Esq.

("Attorney Lamoutte") at Docket No. 21854. In support of this motion to strike, O&B respectfully

states as follows:

### PRELIMINARY STATEMENT[2]

Notwithstanding this Court's clear order to the effect that neither the *Puerto Rico Recovery*

*Accuracy in Disclosures Act* of 2021, Pub. L. 117-82 of Jan. 20, 2022, 136 Stat. 3 ("PRRADA")

"nor the Court's order implementing the statute invites other parties in interest or members of the

public to respond to PRRADA disclosures," Attorney Lamoutte has chosen to rehash his redundant

and scurrilous attempt to improperly involve this Court in legal issues unrelated to Title III of the

*Puerto Rico Oversight Management and Economic Stability Act,* 48 U.S.C. §§ 2101 *et seq.*

("PROMESA") by filing an alleged "informative motion."  Despite its label, the *Motion* is not an

informative motion at all.

Rather, the *Motion* is yet another unauthorized rehash of Attorney Lamoutte's earlier

filings seeking to collaterally attack the Judgment of Dismissal against his clients in Case No. 21-

cv-1317 (RAM), by attempting to improperly induce this Court to compel the Financial Oversight

and Management Board for Puerto Rico ("FOMB") to "review that certain $384,269,047 Loan

Sale Agreement entered into as of September 7, 2018 by and between the Economic Development

Bank for Puerto Rico (by its Spanish acronym, the "BDE"), as seller, and PR Recovery and

Development, LLC and PR Recovery and Development REO, LLC, as purchasers, pursuant to

---

[1] On information and belief, Mr. Lamoutte is not admitted to practice before the bar of the U.S. District Court for the District of Puerto Rico. He is, however, an attorney admitted to practice before the bar of the Supreme Court of the Commonwealth of Puerto Rico.

[2] Capitalized terms used in this Preliminary Statement but not otherwise defined shall have the meanings given to them in the sections below or in O&B's earlier reaction to Attorney Lamoutte's prior outrageous filing, as mentioned in more detail above.

which a $384,269,047 commercial loan portfolio was transferred by the BDE" (the "BDE

Agreement"), a matter which bears no relationship to these Title III proceedings.  In essence,

Attorney Lamoutte's defamatory pretextual contentions regarding O&B's PRRADA disclosures

remain nothing more that the desperate attempts of a frustrated litigator shopping for a federal

forum that will entertain his clients interests' in a "contract rejection case that remains *sub judice*

before the Puerto Rico Court of First Instance, San Juan Part, in Civil Case Number

SJ2019CV11697, captioned *Banco de Desarrollo Economico Para Puerto Rico v. Garnet Capital*

*Advisors LLC, PR Recovery and Development REO, LLC, PR Recovery and Development JV, LLC,*

*and Parliament Capital Management LLC*."[3]

Because both PRRADA and this Court's approved procedures do not envision any role for

Attorney Lamoutte at this stage of the Court's analysis of O&B's PRRADA Disclosures, and

because the so called "informative" *Motion* is essentially an unauthorized third reply regarding

this issue, O&B moves to strike Attorney Lamoutte's *Motion*.

## ARGUMENT

1.	After an exchange of letters with the Office of the U.S. Trustee where Attorney

Lamoutte first raised PRRADA as supposedly applicable to the EDB Agreement,[4] on May 17,

2022, Attorney Lamoutte filed his *Motion To Intervene and To Inform The Existence And*

*Continuance of An Unresolvable Conflict of Interest In Violation of The Puerto Rico Recovery*

*Accuracy In Disclosures Act Of 2021, 48 U.S.C. 2101 (Sic) Et Seq. and Petition For: (A) The*

*Permanent Disqualification of O'Neill & Borges LLC As Counsel To The Financial Oversight and*

---

[3] *See*, *Motion*, ¶10.

[4] *See, e.g.,* Exhibit F to O&B's Opposition to Disqualification, Docket No. 21096-6.

*Management Board For Puerto Rico, and (B) The Disallowment And Disgorgement Of Legal
Fees.*[5] *See,* Docket No. 20873 in Case No. 17-3283 (the "*Disqualification Motion*").

      2.      On May 20, 2022, this Court issued an order setting a briefing schedule to address
the *Disqualification Motion* (the "Scheduling Order")[6]. In its order, the Court specified a date for
O&B to respond to the *Disqualification Motion* and a specific date for Attorney Lamoutte to reply
to O&B's filing. The Court further stated that **"[t]he Court will thereafter take the Motion on
submission**."[7]

      3.      After the Court had denied Attorney Lamoutte's attempt to expedite the briefing
deadline,[8] on June 2, 2022, O&B filed its detailed response to the *Disqualification Motion*
*("O&B's Opposition to Disqualification")* and requested an order for Attorney Lamoutte to show
cause why sanctions should not be imposed upon him for engaging in frivolous and bad-faith
litigation conduct. .[9]

      4.      On June 2, 2022, the FOMB filed its own "*Response of the Financial Oversight
and Management Board for Puerto Rico to Motion to Intervene and to Inform the Existence and
Continuance of an Unresolvable Conflict Of Interest In Violation Of The Puerto Rico Recovery
Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) The Permanent
Disqualification of O'Neill & Borges, LLC as Legal Counsel to The Financial Oversight And*

---

[5] Attorney Lamoutte filed his Disqualification Motion in paper and by hand on May 17, 2022. The same was uploaded
to the electronic docket the next day, May 18, 2022, at Docket No. 20873.

[6] *See,* Docket No. 20923.

[7] *Id.* (emphasis added).

[8] *See,* Docket No. 20959.

[9] *See,* Docket No. 21096.

*Management Board for Puerto Rico, and (B) The Disallowance and Disgorgement of Legal Fees.*"[10]

5.      On June 6, 2022, Attorney Lamoutte filed his reply to *O&B's Opposition to Disqualification* and the FOMB's related filing.[11]  The matter has thus been fully briefed, and this Court has not requested that any of the parties submit any further filings regarding this issue.

6.      On a parallel track, on July 12, 2022, pursuant to PRRADA and to this Court's Order at Docket No. 20467, O&B filed its "*Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act*" (the "O&B PRRADA Disclosures").[12]

7.      Notwithstanding his *Disqualification Motion* remained *sub judice*, on July 21, 2022, Attorney Lamoutte filed his personal objection to the O&B PRRADA Disclosures (the "*Objection*").[13]

8.      On July 27, 2022, this Court promptly issued its "*Order Concerning Carlos Lamoutte's Objection To 'Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant To The Puerto Rico Recovery Accuracy In Disclosures Act' Filed on July 12, 2022, Docket Entry No. 21,485*" (the "Order").[14]

---

[10] *See,* Docket No. 21094.

[11] *See,* Docket No. 21124.

[12] *See,* Docket No. 21485.  On August 25, 2022, and in response to the U.S. Trustee's follow-up questions in reaction to the O&B PRRADA Disclosures, O&B filed its "*Supplemental Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant To The Puerto Rico Recovery Accuracy In Disclosure Act*" (the "O&B Supplemental PRRADA Disclosures"), Docket No. 21925.

[13] *See*, Docket No. 21572.

[14] *See*, Docket No. 21604.

9.      In the Order, the Court first correctly recognized that Attorney Lamoutte's

*Objection* "restates the allegations…. [and] repeats the requests for relief contained in" his

*Disqualification Motion.*[15]  The Court then patiently explained that:

> While PRRADA permits the United States Trustee to "file with the court comments on
> professionals' verified statements before the professionals filing such statements seek
> compensation," 48 U.S.C. § 2178(d)(1), neither the statute nor the Court's order
> implementing the statute invites other parties in interest or members of the public to
> respond to PRRADA disclosures.[16]

10.      Finally, the Court concluded by terminating the *Objection* without prejudice as

premature, and declaring that to "[t] the extent that the *Objection* raises issues that have already

been raised in connection with the [*Disqualification Motion*], such issues will be addressed by the

Court in due course in the context of that motion, **and no further submissions concerning the**

***Objection* are required**."[17]

11.      In utter disregard to this Court's clear admonishments that no further submissions

should be filed with the Court regarding this issue, Attorney Lamoutte filed his *Motion* on August

16, 2022.

12.      Inasmuch as the *Motion* is an unauthorized *fourth* filing rehashing the same issues

and seeking the same relief as the *Disqualification Motion* and its single court-authorized reply,

O&B moves to strike the same. Regardless of his claim that he is acting *pro se* as a mere individual,

the Court should not allow Attorney Lamoutte to disregard the Court's Scheduling Order for the

purpose of making arguments at the eleventh-hour on matters he already had the opportunity to

address.  His conduct is particularly egregious after the Court reminded him in the subsequent

Order that "***no further submissions concerning the Objection are required***."

---

[15] *Id.,* p. 1.

[16] *Id.,* p. 2.

[17] *Id*. (emphasis added).

13.     To the extent that the *Motion* is not stricken, and in order to avoid repetition, O&B incorporates by reference the arguments made in *O&B's Opposition to Disqualification*.[18] Specifically, even assuming *arguendo* that Mr. Lamoutte had standing to object to O&B's PRRADA Disclosures, which is denied, the *Disqualification Motion*, the *Objection* and the *Motion* must be denied, as he continues to draw a false equivalency between the EDB, the Title III Debtor (the Commonwealth of Puerto Rico), and the FOMB. Mr. Lamoutte's repetitive diatribe once again argues that any representation by O&B of interests adverse to the EDB constitutes a representation adverse to the interests of the FOMB, the legal representative of the Commonwealth in the Title III Proceedings,[19] thereby creating what he claims to be an unavoidable conflict of interest.  He deliberately chooses to ignore, however, that the EDB is a legal entity that is **separate** from the Commonwealth[20] (and the FOMB, for that matter) and that the EDB is not and has not been a debtor under Title III of PROMESA (nor represented by O&B). Moreover, the EDB is not (and has never been) a debtor under Title III of PROMESA.  Attorney Lamoutte has also chosen to disregard the fact that O&B **has not and did not** represent the FOMB in any matters related to the EDB Agreement, a matter which in any event falls under the purview of the FOMB's authority granted by PROMESA Title II, not Title III.

14.     As regard the other O&B clients mentioned in the *Motion*, we incorporate our discussion in the O&B PRRADA Disclosures and the O&B Supplemental PRRADA Disclosures,

---

[18] *See,* Docket No. 21096.

[19] *See*, Section 315(b) of PROMESA.

[20] *See*, Act No. 22 of 1985, 7 P.R. Laws Ann. §§ 611a(b). (The EDB has "its own legal personality and existence apart from the Commonwealth of Puerto Rico and any of its agencies, instrumentalities or public corporations."

which evidence the measures implemented by O&B to avoid any conflicting representations, including, but not limited to:

    a. Implementing conflict check procedures before assuming the FOMB's or other existing or new clients' representation on new matters;

    b. Coordinating with the FOMB to ensure that "conflicts counsel" assumes the FOMB's representation when any conflict of interest exists; and

    c. Ensuring that O&B does not represent either the FOMB, or other existing or new clients, in any conflicting matters pertaining to the Title III Proceeding.

## **CONCLUSION**

For the foregoing reasons, the Court should strike Attorney Lamoutte's *Informative Motion Regarding Shared Conflictive Connections of Professional Persons Employed By The Financial Oversight and Management Board For Puerto Rico, and Supplement To The 'Motion To Intervene and To Inform The Existence and Continuance of An Unresolvable Conflict of Interest In Violation of The Puerto Rico Recovery Accuracy In Disclosures Act of 2021, 48 U.S.C. § 2101 Et Seq., And Petition For: (A) The Permanent Disqualification of O'Neill & Borges, LLC As Legal Counsel To The Financial Oversight and Management Board For Puerto Rico, and (B) The Disallowance and Disgorgement Of Legal Fees,' Docket Entry No. 20873"* or, in the alternative, deny the relief sought therein.

Dated: August 26, 2022
San Juan, Puerto Rico.

Respectfully submitted,

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:      (787) 764-8181
Fax:      (787) 753-8944

*/s/ Carla García Benítez*
Carla García Benítez
USDC No. 203708
Email: carla.garcia@oneillborges.com

9

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all

CM/ECF participants in this case.


/s/ *Carla García Benitez*
Carla García Benítez