UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

### CARLOS LAMOUTTE'S RESPONSE AND OBJECTION TO O'NEILL & BORGES LLC MOTION TO STRIKE, DOCKET ENTRY NO. 21,938

**To the Honorable United States District Court Judge Laura Taylor Swain:**

Movant Carlos Lamoutte ("Movant"), appearing *pro se*, hereby respectfully submits this response and objection in relation to the O'Neill & Borges LLC Motion to Strike filed on August 26, 2022, Docket Entry No. 21,938 (the "Motion to Strike"). In connection therewith, Movant respectfully states and prays as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

1. The Motion to Strike filed by the law firm O'Neill & Borges LLC ("O&B") is laughable. It is also flawed, both factually and as a matter of law, and should be denied.

2. First, to properly object to the informative motion filed by Movant on August 16, 2022, Docket Entry No. 20,873 (the "Informative Motion"), O&B must start by showing just cause and explaining to the Court as to whether the facts set forth in Movant's Informative Motion are inaccurate or incorrect in any way. O&B has not done that. The facts set forth in Movant's Informative Motion arise of public record and are entirely undeniable. To date, O&B has not provided any tangible explanations to the Court, as it must, because O&B prefers to continue concealing its conflictive connections to multiple private sector clients that hold substantial interests in these Title III proceedings which by their own nature are adverse to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and to the Commonwealth of Puerto Rico and its instrumentalities, to wit: (a) AES Puerto Rico, L.P., (b) Eco Eléctrica, L.P., (c) Molina Healthcare of Puerto Rico, Inc., (d) New Fortress Energy LLC d/b/a NFEnergía LLC, (e) Puma Energy Caribe, LLC, (f) UBS Trust Company and UBS Financial Services, Inc., (g) the UBS family of Puerto Rico funds, and (h) other undisclosed clients that O&B shares with McKinsey & Company, Inc.

3. Second, Movant has the continued obligation to notify the Court of relevant facts discovered during the course of these proceedings which are entirely pertinent to the Court's adjudication of pending motions, especially if such relevant facts are proven to have been intentionally withheld from the Court and the U.S. Trustee by O&B and the U.S. Trustee has otherwise been denied the opportunity to detect and investigate O&B's self-dealing conduct for lack of proper disclosure under PRRADA. We understand that the discovery of certain facts during these proceedings may not be convenient to O&B, but O&B's own

2

secretive convenience is not criterion to quash Movant's Informative Motion.

4. <u>Third</u>, given the *sui generis* nature of these judicial proceedings under PROMESA and PRRADA, this Court is the only venue having subject matter jurisdiction where PROMESA and PRRADA-related claims may be presented and adjudicated.

5. <u>Fourth</u>, Movant has sufficient standing to present the Informative Motion and to request the prayers for relief involving O&B's pattern of misconduct. Given that Movant is both a citizen of Puerto Rico and a corporate attorney having knowledge of O&B's transgressions, Movant is required to report to the Court of any actual or potential violation of a disciplinary rule or any other form of disqualificatory conduct. See the First Circuit's pronouncement in *Kevlik v. Goldstein*, 724 F. 2nd 844 (1st Cir. 1984). See also *Vegetable Kingdom, Inc. v. Katzen*, 653 F. Supp. 917, 923 n.4 (N.D.N.Y. 1987), *SMI Indus. Canada Ltd. v. Caelter Indus., Inc.*, 586 F. Supp. 808, 815 (N.D.N.Y. 1984) (asserting that attorney has right and obligation to bring an alleged violation of a disciplinary rule to the court's attention), and *Black v. Missouri*, 492 F. Supp. 848, 861-62 (W.D. Mo. 1980).

6. <u>Fifth</u>, the facts are the facts. Prior to requesting the Court to strike Movant's Informative Motion, O&B must first explain to the Court its connections to the private sector government contractors listed in Movant's Informative Motion in the manner required under PRRADA and supplemental bankruptcy case law. O&B has not done that. O&B "*cannot usurp the court's function by choosing, ipse dixit, which connections impact disinterestedness and which do not. The existence of an arguable conflict must be disclosed if only to be explained away.*" See *In re Midway Industry Contractors, Inc.*, 272 B.R. 651 (Bankr. N.D.Ill. 2001) (citing In re Granite Partners, L.P., 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998).

7. <u>Sixth</u>, Movant has a right to preserve the record in this case in the event that the instant matter requires discovery of evidence and/or revision on appeal.

8. <u>Seventh</u>, this PRRADA-related matter is of urgent, high public interest because: (a) O&B actively represents multiple private sector clients holding large-scale government contracts that are subject to the review and approval of the Oversight Board that O&B simultaneously represents, and (b) O&B actively conceals these conflictive connections from the Court, the U.S. Trustee, and other parties in interest. O&B is the so-called "goat watching over the lettuce". O&B bills the Commonwealth of Puerto Rico [millions of dollars] for services rendered to the Oversight Board. At the same time, O&B also bills several major private contractors [millions of dollars] to secure and/or maintain the very same large-scale contracts awarded by the Commonwealth of Puerto Rico and its instrumentalities to O&B's private clients [totaling billions of dollars] under the simulated supervision of the Oversight Board that O&B also simultaneously represents. Contrary to the legislated spirit and intent of PROMESA and PRRADA, O&B's double-dealing misconduct does not "*make the government contracting process more effective*", does not "*increase the public's faith in this process*", and does not "*promote market competition*".

9. <u>Eighth</u>, O&B's simultaneous representation of multiple clients holding adverse interests is not permitted by any of the rules of professional conduct, whether in the federal forum or in the state forum. O&B simultaneously plays both sides of the chess table at its own convenience and profit, thereby cheating the rules of fair play and transparency. Other Oversight Board contractors engage in the same type of for-profit insider dealing, such as McKinsey & Company, Inc. The Court must intervene.

10. <u>Ninth</u>, the facts set forth in Movant's Informative Motion arise of public record, are irrefutable, and O&B has made no effort whatsoever to challenge the same. O&B is not acting forthright through its failure to address the facts.

11. <u>Tenth</u>, and most important of all, O&B's Motion to Strike does not express any legal basis whatsoever that may move this Court to suppress the Informative Motion.

12. In sum, O&B's self-serving convenience to preserve its own lucrative position does not constitute just cause to strike from the court record the relevant evidence that is underscored in Movant's Informative Motion, all of which is entirely pertinent to the Court's evaluation of the collusive practices employed by the Oversight Board's external advisors and the adjudication of the instant matter.

**WHEREFORE**, Movant hereby petitions the Court to deny O&B's Motion to Strike and to grant the Informative Motion as filed.

Dated: August 29, 2022
San Juan, Puerto Rico

Respectfully submitted,

_____
Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

5

## Certificate of Service

I hereby certify that, on this date, I filed the foregoing with the Clerk of the Court, in person, who will send notifications of such filing to all CM/ECF participants in this matter.

In San Juan, Puerto Rico, this 29th day of August 2022.

*[signature]*

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com