IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>Et al.,<br><br>**Debtors** | Civil No. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br>PROMESA TITLE III |

**PETITION IN OPPOSITION TO DISCHARGE OF
CLAIM AS TO JOSE R. LOPEZ MEDINA WITH A
REQUEST FOR HEARING AND A MOTION
REQUESTING A LIFT OF STAY.**

**TO THE HONORABLE COURT:**

**NOW COMES THE UNSECURED CREDITOR**, **Jose R. Lopez Medina** (the "Movant"), through the undersigned attorney, and very respectfully states, alleges and prays:

1. This Court has jurisdiction to hear and adjudicate this Motion under 28 U.S.C. §§ 157 and 1334.

2. Venue is proper before this Court under 28 U.S.C. §§ 1408.

3. The relief sought in this Petition and Motion is premised on the fact that the movant claim's is non-dischargeable under section 523(a)(6).

**I. PROCEDURAL BACKGROUND**

4. On May 3, 2017, the Oversight Board filed a voluntary petition for relief for

The Commonwealth pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico, commencing a case under Title III thereof.

5. On August 30, 2017, the Commonwealth filed its Notice of Filing of Creditor List for the Commonwealth of Puerto Rico including, a list of employee obligations ("Employee Obligations List"), and a list of litigation-related obligations.

6. On October 4, 2017, the Movant filed the Complaint pursuant to 42 USC Section 1983 and 1988 and the Fourteenth Amendments to the United States Constitution.

7. This Honorable Judge should notice that Movant's Complaint was filed after the commencement of the PROMESA Title III case.

8. Notwithstanding, Movant was listed in the Employee Obligations List as a holder of a contingent and unliquidated claim, acknowledging Movant's claim, (ECF No. 1215-10, p. 447). Movant also appears as a creditor at the CM/ECF system.

9. The case was not listed in the Litigations List, because the case was filed after the filing of the Creditor List.

10. The incontrovertible fact that movant's name appeared at the Employee Obligations List, and that also appears as a creditor should be sufficient for this Honorable Judge to validate movant's claim.

11. On February 15, 2018, the Court entered the Order establishing May 29, 2018, as the deadline for filing proofs of claim, and later extending the deadline date to June 29, 2018.

12. Since Movant's Complaint was filed after the PROMESA Title III case, notice of the filing of the proof of claim was not received.

13. After the filing of the Complaint, various summons were executed.

14. On February 8, 2018, The Department of Justice moved the District Court for a Stay asserting the Commonwealth of Puerto Rico's filing under Title III of the PROMESA.

15. Movant opposed, and seek for reconsideration but Movant's argument was denied and the automatic stay was granted.

16. On September 26, 2019, the Commonwealth and Movant executed a stipulation modifying the automatic stay solely with respect to the State Court Action, which stipulation was approved by the Title III Court on October 16, 2019. At the state court action, movant seek reinstatement and back pay.

## II. LEGAL ARGUMENTS

17. It is movant's contention that the claim should not be discharged given the basis of the action in the civil suit is that of an intentional tort, which is not subject to being discharged. Section 523(a)(6) of the Bankruptcy Code provides an intentional tort as alleged in the District Court does not discharge an individual debtor from any debt since the matter is one of "willful and malicious injury by the debtor to another entity…" 11 U.S.C.§523(a)(6).

18. It has been found that proof of willfulness requires a "showing of an intentional or deliberate action, which is not done merely in reckless disregard of the right of another." *In re: Walker, 48 F.3d 1161, 1163 (11th Cir., 1995)* The Court further explained that a debtor is responsible for a willful injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury. The Court explained that "malicious" means "wrongful and without just cause or excessive

even in the absence of personal hatred, spite or ill-will." *Id. at 1164.* The Court noted that to establish malice, "a showing of specific intent to harm another is not necessary."

19. Movant's debt is non-dischargeable under section 523(a)(6) given the intentional element raised in the §1983 civil rights violation.

20. The District Court case alleges, among other things, an action for money damages resulting from Movant's, illegal termination of his employment he was subjected to by the Puerto Rico Police Department. Said illegal and discriminatory termination was based on the alleged "physical and mental disability that affected Movant's ability to perform his duties" as Agent of the Police.

21. The Complaint also alleges an action for discriminatory and reprisal acts by Defendants in violation of the Constitution and laws of the United States and Puerto Rico, causing damages to Plaintiff due to the intentional and/or grossly negligent and negligent acts of Defendants, taken in reckless disregard and deliberate indifference to the rights of the Plaintiff. As such, given the factual allegations this claim cannot be discharged in bankruptcy.

22. Thus, the basis of the application for hearing on the dischargeable nature of the claim.

23. In addition, it is requested that a Lift of Stay be granted to allow the matter to proceed for justice to prevail.

24. The Movant requests this Honorable Court grant relief from the automatic stay in this case pursuant to Sections 362(e) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 4001(a), and Local Bankruptcy Rule 9014.

25. Section 362(d)(1) of Title 11 of the United States Code permits a court to grant

relief from the automatic stay for cause. In assessing if cause exists to lift the automatic stay, courts in this District rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in, *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g.., *Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing *Sonnax*). Considering the Movants' case, the most relevant factors as set for the in *Sonnax* is "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interest of judicial economy and the expeditious and economical determination of litigation for the parties, and the impact of the stay on the parties and the "balance of hurt.".

26. The District Court case will not interfere with the bankruptcy case.

27. Judicial economy also warrants the lifting of the stay. The lifting of the stay Will allow for both expeditious and economical resolution determination of litigation for the parties, and;

28. The impact of the stay will hurt enormously movant's right to receive compensation for the violation of his civil rights. Moreover, it has been a continuous violation.

29. It is petitioned that a Lift of Stay be granted.

W**HEREFORE**, movant very respectfully requests that the aforementioned be NOTED and that a hearing be held on the matter of the Debtor discharge on the claim of Jose R. Lopez Medina and a Lift of Stay.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this August 30, 2022.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the present motion was filed electronically with the Clerk of the Court using CM/ECF systems

## NOTICE

Within fourteen (14) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed.R.Bank.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court of the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless; (i) the request relief is forbidden by law; (ii) the request relief is against public policy; or (iii) in the opinion of the court the interest of justice requires otherwise.

**Counsel for Creditor/Plaintiff,**
**S/JO-ANN ESTADES BOYER**
JO-ANN ESTADES BOYER
U.S.D.C. NO. 211811
16 Taft Street 16, Apt. 2,
San Juan Puerto Rico 00911
e-mail:joestades@yahoo.com/
joestades@gmail.com