UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING MOTION REQUESTING RECONSIDERATION OF "ORDER GRANTING
O'NEILL & BORGES LLC'S MOTION TO STRIKE INFORMATIVE MOTION FILED
BY CARLOS LAMOUTTE" ISSUED ON AUGUST 30, 2022 DOCKET ENTRY NO. 21,970

      The Court has received and reviewed the *Motion Requesting Reconsideration of "Order Granting O'Neill & Borges LLC's Motion to Strike Informative Motion Filed by Carlos Lamoutte" Issued on August 30, 2022 Docket Entry No. 21,970* (Docket Entry No. 21990 in Case No. 17-3283)[2] (the "Motion to Reconsider"), filed by Carlos Lamoutte.

      The Motion to Reconsider seeks reconsideration of the Court's *Order Granting O'Neill & Borges LLC's Motion to Strike Informative Motion Filed by Carlos Lamoutte* (Docket Entry No. 21970) (the "August 30 Order") on the basis that Mr. Lamoutte's *Response and Objection to O'Neill & Borges LLC Motion to Strike, Docket Entry No. 21,938* (Docket Entry No. 21975) (the "Objection")—which was docketed after entry of the August 30 Order—"sets forth ten reasons for which the informative motion filed by Movant on August 16, 2022, . . . should not be stricken from the court record, including, but not limited to, the submission of

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references herein are to the docket of Case No. 17-3283.

additional allegations not known – and therefore not addressed to the Court – at the time of filing of motions that precede the Informative Motion[.]"

However, as set forth in the August 30 Order, Mr. Lamoutte never requested leave to file an additional pleading concerning the underlying Motion to Disqualify,[3] and his Informative Motion was therefore procedurally improper under section III.L of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* (Docket Entry No. 20190-1). Furthermore, the "additional" allegations set forth in the Informative Motion and elaborated upon in the Objection concern alleged common clients of O'Neill & Borges and McKinsey & Company, Inc. The underlying Motion to Disqualify, however, requested the disqualification of O'Neill & Borges and disallowance of its fees solely on the basis of its alleged representation of purchasers of a loan portfolio owned by the Economic Development Bank for Puerto Rico. (See e.g., Mot. to Disqualify ¶¶ 2, 12, 77.) The additional allegations raised by Mr. Lamoutte following the close of briefing are therefore outside the scope of the Motion to Disqualify.

As such, the Objection and Motion to Reconsider fail to demonstrate the existence of newly discovered or previously unavailable evidence (or any other basis that would merit reconsideration of the August 30 Order under Rule 59(e) of the Federal Rules of Civil Procedure). See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). The Motion to Reconsider is therefore denied.

This Order resolves Docket Entry No. 21990 in Case No. 17-3283.

SO ORDERED.

Dated: September 1, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3] Capitalized terms used but not defined herein have the meaning given to them in the August 30 Order.