# Exhibit 20

**GOVERNMENT OF PUERTO RICO**
DEPARTMENT OF LABOR AND HUMAN RESOURCES
Secretary | Gabriel Maldonado González

June 28, 2022

**SECRETARY OPINION No. 2022-01**

TO:	PRIVATE SECTOR EMPLOYERS, EMPLOYEES, AND THE GENERAL PUBLIC

SUBJECT:	PROSPECTIVE EFFECT OF THE PROBATIONARY PERIOD REDUCTION AMENDED BY ACT No. 41-2022

I.	INTRODUCTION

On June 20, 2022, the Governor of Puerto Rico, Hon. Pedro R. Pierluisi, approved Act No. 41-2022, which includes certain amendments to Act No. 4-2017, "Labor Transformation and Flexibility Act" —hereinafter, "Labor Reform"— and other legislation protecting workers. Among the laws amended by the new statute is Act No. 80 of May 30, 1976, as amended ("Act No. 80").

Act No. 80 provides protection against dismissal without just cause that covers private sector employees who have been hired by their employer for an indefinite period of time. After passing the applicable probationary period, if an employee is capriciously fired by the employer or is fired in a manner that is not related to the proper and normal operations of the establishment, the employee is entitled to receive special compensation, commonly known as severance pay. Thus, Act No. 80 has a social and a remedial purpose since "it provides fair remedies consubstantial with the damages that a wrongful dismissal may have caused to a laid off employee."[1]

Section 22 of Act No. 41-2022 amended Article 8 of Act No. 80 to reduce the probationary period required for employees hired for an indefinite period of time in the private sector to acquire the right to receive severance pay. Since Act No. 41-2022 contains no retroactivity clause or temporary provision, we have received several queries from employers and employees regarding the effect that this reduction the probationary period will have on employees hired prior to the effective term of this new statute.

505 Edificio Prudencio Rivera Martínez, Ave. Muñoz Rivera, Hato Rey, PR 00918 | PO Box 195540, San Juan, PR 00919-5540
SECRETARIAT   ☎787.754.2119   📠 787.753.9550   🌐 www.trabajo.pr.gov

---

[1] *Jusino et als. V. Walgreens*, 155 DPR 560, 571 (2001).

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Secretary Opinion No. 2022-01 Page 2 of 6
Department of Labor and Human Resources

In order to protect the rights of workers and guide employers in the private sector, this Secretary Opinion sets forth the legal provisions applicable to those employees who are completing their probationary period at the time Act No. 41-2022 enters into force.[2] This Opinion is issued under the authority conferred on the Secretary of Labor and Human Resources to study the current labor protection legislation and ensure compliance with the labor protection laws.[3]

## II. ACT No. 41-2022 AND ITS PROSPECTIVE APPLICATION

On January 26, 2017, the Labor Reform amended Article 8 of Act No. 80 to increase the probationary period required for employees hired for an indefinite period of time in the private sector to acquire the right to receive severance pay. Thus, an automatic probationary period of twelve (12) months was incorporated for employees classified as executives, administrators, and professionals, as defined by the Fair Labor Standards Act and Regulation No. 7082, entitled "Regulation No. 13- Fifth Revision (2005)." Similarly, an automatic probationary period of nine (9) months was established for non-exempt employees.[4] Regarding the foregoing, the Labor Reform expressly provided that "[t]he probationary period of twelve (12) months or nine (9) months, as applicable, will have a prospective effect upon the entry into force of the "Labor Transformation and Flexibility Act."[5] Undoubtedly, this provision benefited employees who had not yet completed their probationary period at the time the Labor Reform entered into force, since previously a shorter period applied to them, which had to be established by means of a written contract indicating the start and end date thereof.

Instead, Act No. 41-2022 amended Section 8 of Act No. 80 as follows:

> The probationary period shall be automatic and may not exceed three (3) months unless there is written notice from the employer to the Secretary of Labor and Human Resources. The notice must outline the reasons why the nature of the work requires it according to the employer's judgement. Once the aforementioned notice has been submitted, the probationary period will be deemed extended up to an additional maximum of three (3) months, for a total of six (6) months. When employees are unionized, the extension of the probationary period may be stipulated so that said period is extended up to a maximum of six (6) months and may be effected by means of a

---

[2] Act No. 41-2022 was passed on June 20, 2022. Section 29 of the statute provides that it will take effect thirty (30) days after being passed, except for employers who are considered microenterprises or small and medium-sized enterprises, as these terms are defined in subsections (4), (5) and (6) of Article 2 of Act No. 62-2014, as amended, who will have a period of ninety (90) days to implement the provisions of Act No. 41-2022.
[3] See Section 3(a) of Act No. 15 of April 14, 1931, as amended, "Organic Act of the Department of Labor and Human Resources," 3 LPRA § 306.
[4] These employees are those who, among other things, are compensated per hour worked, are entitled to overtime pay and, generally, are subject to labor protection legislation.
[5] See Article 4.9 of the Labor Reform, which amended Article 8 of Act No. 80.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

> collective bargaining agreement or written agreement between the union and the employer, without the need for any notice to the Secretary of Labor and Human Resources.[6]

Please note that the approved text does not provide anything regarding employees who are serving their probationary period in accordance with the rule of law originally established by the Labor Reform. In fact, Act No. 41-2022 does not contain a retroactive application clause. Retroactivity should not be confused with certain provisions of Act No. 41-2022 that expressly establish its application for employees hired after the Labor Reform came into force.[7] In our opinion, what is decisive in this case is the way in which the right to be an employee for an indefinite term is acquired. This right is subject to compliance with a probationary period that begins automatically as of the date of hiring, unlike other rights that are continuously enforceable upon compliance with certain conditions throughout the duration of the contractual relationship.

Therefore, the current rule of law as to the retroactivity of laws must be evaluated. In this regard, the Civil Code of Puerto Rico provides that "[t]he law does not have retroactive effect, except when expressly provided otherwise."[8] In addition, the retroactive effect cannot affect vested rights.[9] Along these lines, the Supreme Court of Puerto Rico recently reiterated that "the principle of non-retroactivity of laws is a fundamental legal postulate of statutory interpretation that only yields to specific and supreme circumstances that have been precisely established by the legislator."[10]

The legal standard on the non-retroactivity of laws is based on the principle of legal certainty, since a rule to the contrary would undermine confidence in business and legal acts.[11] For this reason, the Supreme Court of Puerto Rico has rarely "departed from the general non-retroactivity standard, since an absolute retroactivity of laws entails the death of legal certainty and trust."[12] Now then, "[a]though the principle of non-retroactivity appears to solve the problems arising from the succession of laws over time, the reality is that there is no universal formula for it.[13]

---

[6] Section 22 of Act No. 41-2022.
[7] By way of illustration, Section 14 of Act No. 41-2022, which amends Section 1 of Act No. 148 of June 30, 1969, as amended, provides that "[f]or employees hired as of the effective date of the "Labor Transformation and Flexibility Act," [. . . ] shall be required to grant each employee who has worked at least seven hundred (700) hours or more within said period, a bonus equivalent to three percent (3%) of the total salary earned up to the amount of six hundred dollars ($600.00)."
[8] Article 9 of Act No. 55-2020, as amended, "Civil Code of Puerto Rico," 31 LPRA § 5323.
[9] Id.
[10] *Ortiz Ortiz v. Medtronic*, 2022 TSPR 76, 209 DPR ____ (2022).
[11] See *Teachers Assoc. v. Dept. Education*, 171 DPR 640, 648-649 (2007).
[12] Id. p 648.
[13] *Diaz Ramos v. Matta Irizarry*, 198 DPR 916, 930 (2017).

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

In this regard, the Supreme Court has ruled that retroactivity can be inferred from an analysis of the law and the intent of the Legislative Branch.[14] As an example, the Highest State Court has declared that the general non-retroactivity standard will not apply "when the legislative purpose is clear and obvious in cases where retroactive application is necessary to correct a serious social evil and thus be able to bring justice."[15] For example, in *Con. Tit. Con. Balcones de San Juan v. Mapfre Praico Insurance*, the Supreme Court retroactively applied an amendment to the Insurance Code of Puerto Rico to address claims resulting from Hurricane Maria.[16] In this case, the High Court concluded that retroactive application was essential in order to comply with the legislative intent.

On the other hand, Article II, Section 7 of the Constitution of Puerto Rico prohibits enacting laws that undermine contractual obligations.[17] The purpose of this constitutional guarantee is to limit State intervention in contractual obligations between private parties and to ensure the stability of contractual relationships. However, its protection is not absolute since it must be harmonized with the regulatory power of the State for the benefit of the public interest.[18] Although it is true that not every undermining of a contractual obligation is contrary to the Constitution, such a conclusion requires analyzing whether the government intervention responds to a legitimate interest and whether there is a rational relationship between the State's action and the interest pursued.[19]

### III.   CONCLUSION

**Pursuant to the aforementioned applicable law, we must conclude that the provision of Act No. 41-2022 shortening the probationary period for private sector employees will be applied prospectively.** Our determination is based on two reasons: (1) the absence of a retroactive provision in Act No. 41-2022 regarding the probationary period, and (2) the possibility of an undermining of the contractual obligations agreed upon between employers and employees due to the fact that the probationary period, which is established at the time of hiring and is a distinctive element of the employment relationship, would be substantially altered by legislative virtue. **Thus, this new reduced probationary period will automatically apply to employees who are hired as of the effective date of Act No. 41-2022, either thirty (30) days from the enactment of the law for regular employers, or ninety (90) days for microenterprises or small and medium-sized enterprises (SMEs)**.[20]

---

[14] See *Con. Tit Con. Balcones de San Juan v. Mapfre Praico Insurance, Co.*, 2022 TSPR 15, 208 DPR ____ (2022); *Warner Lambert Co, v. Superior Court*, 101 DPR 378, 386 (1973).
[15] *Nieves Cruz v. UPR*, 151 DPR 150, 159 (2000).
[16] *Con. Tit Con. Balcones de San Juan v. Mapfre Praico Insurance,* supra.
[17] 1 LPRA Art. 2, § 7.
[18] *Warner Lambert Co, v. Superior Court*, supra, p. 395.
[19] *AMPR v. Teachers Retirement System*, 190 DPR 854, 868-869 (2014).
[20] The definitions of microenterprise or small and medium-sized enterprises that apply for validity are found in Article 2 of Act No. 62-2014, as amended, 23 LPRA § 11081, which provides:

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

First, we point out that the probationary period is a substantive rule of law given that it entails substantial legal repercussions for employers and employees. Therefore, the applicable law requires that any amendment to a substantive rule requires the application of the principle of non-retroactivity of laws, except in extraordinary circumstances. In addition, as we explained, Act No. 41-2022 did not include a temporary provision regarding this new probationary term. Nor does it contain a clause to establish the retroactive nature of its regulations. Likewise, nothing arises from the Statement of Reasons of Act No. 41-2022 regarding this matter, beyond exposing the increase of this period by virtue of the Labor Reform. Thus, in the absence of an express intention to the contrary, the general principle of non-retroactivity of laws must be applied, as established in Article 9 of the Civil Code of Puerto Rico.

We also reiterate that the term of the probationary period is automatically established from the beginning of the employee-employer relationship and both the employer and the employee rely on this period for the development of their relationship. From the employer's perspective, the established period allows them to observe the performance of a worker in order to verify that they have the qualities and aptitudes to fulfill the duties of the position and, from the employee's perspective, it allows them to know the specific time they will have to demonstrate that they can perform satisfactorily within the functions entrusted to them. Therefore, regarding the undermining of contractual obligations, we warn that imposing a shorter probationary period for employees hired prior to the entry into force of Act No. 41-2022 could lead to the alteration or ineffectiveness of professional development, training, or evaluation programs designed in accordance with the current probationary period. Likewise, the retroactive application could give rise to disputes over employment contracts that subject additional benefits, such as retirement programs or medical plans, to the completion of the probationary period. In summary, our conclusion avoids altering a contractual relationship agreed upon under certain legal conditions.

Aside from the legal arguments put forward, there are practical reasons which lead us to be inclined to adopt this interpretation. By way of illustration, an employer that is forced to recognize a shorter probationary period for employees who still do not meet the expectations of their position, could be tempted to fire these workers before the entry into force of Act No. 41- 2022. Thus, they would seek to avoid the legal consequences of firing

---

      Microenterprise. —a business or company that generates a gross income of less than five hundred thousand dollars ($500,000.00) each year, and has seven (7) or fewer employees.
      Small Enterprise. — a business or company that generates a gross income of less than three million dollars ($3,000,000.00) each year, and that has twenty-five (25) or fewer employees.
      Medium-sized Enterprise. — a business or company that generates a gross income of less than ten million ($10,000,000.00) dollars each year, and has fifty (50) or fewer employees.

In addition to the effective date of Act No. 41-2022, these definitions will be decisive in classifying those employers who can benefit from certain special provisions for SMEs established in Act No. 41-2022, such as the work hours necessary for employees hired after January 26, 2017 to be entitled to the bonus, and the obligation to pay the hours worked by students during the seventh day of work (day of rest) at twice the rate agreed for regular hours.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

an indefinite-term employee. On the other hand, recognizing the contractual relationship and the probationary period established by the Labor Reform would give these employees an additional opportunity to meet the employer's expectations, and the employer an opportunity to evaluate them for an additional period of time as planned at the time of hiring.

Nevertheless, we are aware that the prospective application of the new probationary period could lead to employees hired after the effective date of Act No. 41-2022 completing their probationary period before employees hired prior to said effective date. Employers must take into account that employees who are recruited after the effective date of Act No. 41-2022 will have an initial automatic probationary period of three (3) months, and up to a maximum of six (6) months after providing notice to the Department of Labor and Human Resources; which contrasts significantly with the nine (9) or twelve (12) months that previously hired employees must work in order to obtain the same status, as applicable under the Labor Reform. Undoubtedly, this difference in probationary periods could affect the work environment and employee morale or encourage the resignation of an employee in order to obtain indefinite-term status at another job under the shorter period imposed by Act No. 41-2022. **In view of the foregoing, we urge employers to take into consideration the suitability of reducing the probationary periods of employees who have been hired prior to the entry into force of Act No. 41-2022.**

Our exhortation takes greater relevance when considering the prevailing dynamics of the job market, not only in Puerto Rico but in the other jurisdictions of the United States and worldwide, about which we can all agree that the employee has greater power and aspirations. It must be considered that passing the probationary period entails a certain degree of security for employees. In this sense, it is recommended that the employer evaluate whether the employee hired under a probationary period of nine (9) or twelve (12) months meets their expectations in a shorter period of time similar to that established by Act No. 41-2022 . Nothing prevents the parties from agreeing to a probationary period shorter than that established by law, agreeing on the non-existence of the probationary period, or for the employer to waive the probationary period at any time while still in force. Therefore, the employer can recognize the completion of the probationary period for these workers in a shorter time than that established by law or that originally agreed upon.

Finally, we emphasize that this opinion is limited only to the probationary period applicable under Act No. 80, according to the amendments made by Act No. 41-2022. Any other dispute related to the interpretation of this new statute will be dealt with in due time.

Cordially,

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**Secretary Opinion No. 2022-01**   Page 7 of 6
Department of Labor and Human Resources

Gabriel Maldonado-Gonzalez
Secretary

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



**T** 718.384.8040
**W** TargemTranslations.com
**E** projects@targemtranslations.com
**A** 185 Clymer St. Brooklyn, NY 11211

## TRANSLATOR'S CERTIFICATE OF TRANSLATION

Translation from: Spanish (Puerto Rico) into English (US)

TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Opinión del Secretario 2022-01, Efecto Prospectivo del Periodo Probatorio bajo la Ley 41-2022**

Signed this 23rd of August 2022

_____

Andreea I. Boscor

