# Exhibit 24

**GOVERNMENT OF PUERTO RICO**
DEPARTMENT OF LABOR AND HUMAN RESOURCES
Secretary | Gabriel Maldonado González

July 19, 2022

SECRETARY OPINION No. 2022-02

TO:        PRIVATE SECTOR EMPLOYERS, EMPLOYEES AND THE GENERAL PUBLIC

SUBJECT:   CRITERIA TO DEFINE MICROENTERPRISES, AND SMALL AND MEDIUM-SIZED ENTERPRISES FOR PURPOSES OF ACT NO. 41-2022

I.   INTRODUCTION

On June 20, 2022, the Governor of Puerto Rico, Hon. Pedro R. Pierluisi, approved Act No. 41-2022, which includes certain amendments to Act No. 4-2017, "Labor Transformation and Flexibility Act," hereinafter, "Labor Reform," and other legislation protecting workers. This statute included several provisions that provide special treatment for employers who are micro, small or medium-sized businesses (collectively, SMEs) as defined in Act No. 62-2014, as amended, "Micro, Small, and Medium-Sized Enterprises Support Act" (Act No. 62-2014).

Specifically, Act No. 41-2022 provides SMEs a deferred entry into effect period of ninety (90) days that expires on September 18, 2022, a special required hours rate for employees hired after the "Labor Reform" to be entitled to the annual bonus, and exemption from double pay when a student works on the day of rest or the seventh (7th) consecutive day of work.[1] However, employers and employees have expressed doubts regarding how the size and income of companies will be determined to meet any of the definitions provided in Act No. 62-2014.

In order to protect the rights of workers and guide employers in the private sector, this Secretary Opinion sets forth a guideline or frame of reference for an employer to determine if they qualify as a micro, small or medium-sized business based on their income and number of employees, for purposes of the applicability of certain provisions

505 Edificio Prudencio Rivera Martínez, Ave. Muñoz Rivera, Hato Rey, PR 00918 | PO Box 195540, San Juan, PR 00919-5540
SECRETARIAT   ☏787.754.2119   📠787.753.9550   🌐 www.trabajo.pr.gov

---

[1] See Sections 10, 14, and 29 of Act No. 41-2022.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**Secretary Opinion No. 2022-02**  Page 2 of 6
Department of Labor and Human Resources

of Act No. 41-2022 and using the parameters of Act No. 62-2014. This Opinion is issued under the authority conferred on the Secretary of Labor and Human Resources to study current labor protection legislation and ensure compliance with labor protection laws.[2]

## II.   SPECIAL PROVISIONS FOR THE BENEFIT OF SMEs

First, according to the legal principle called *in pari materia*, in the absence of an express legislative guideline, related sources of law must be used to fill the interpretative gap of a law.[3] This legal principle seeks harmony between the interpretations and application of other legal norms that deal with the same subject or matter. Precisely because of this, our interpretation seeks to avoid a literal interpretation that would entail taking away rights from employees, despite the fact that Act No. 41-2022 was approved to expand their rights.

An analysis of the labor legislation in Puerto Rico reveals that, throughout history, special categories have been established for employers based on their number of employees or income, but none of these classifications have been tied to a particular law. On the contrary, the legal provisions that establish a particular treatment for certain types of employers provide the methodology to verify whether they meet the legal requirements.[4] Instead, Act No. 41-2022 introduces for the first time a different treatment in favor of SMEs that meet the definitions provided in Act No. 62-2014. In its relevant part, Article 2 of Act No. 62-2014—*Definitions,* states as follows:

> **Article 2.- Definitions**
>
> […]
>
> [4] Microenterprise.- a business or company that generates a gross income of less than five hundred thousand dollars ($500,000.00) each year, and has seven (7) or fewer employees.
>
> [5] Small Enterprise.- a business or company that generates a gross income of less than three million dollars ($3,000,000.00) each year, and that has twenty-five (25) or fewer employees.
>
> [6] Medium-sized Enterprise.- a business or company that generates a gross income of less than ten million dollars ($10,000,000.00) each year, and has fifty (50) or fewer employees.[5]

---

[2] See Section 3(a) of Act No. 15 of April 14, 1931, as amended, "Organic Act of the Department of Labor and Human Resources," 3 LPRA § 306.
[3] See *Legal Assist. Soc. v. Forensic Sciences*, 179 DPR 849, 863 (2010); *Torres Santiago v. Mun. of Coamo*, 170 DPR 541, 559-560 (2007); *Beauchamp v. Holsum Bakers of P.R.*, 116 DPR 522, 526-527 (1985).
[4] See Article 1 of Act No. 148 of June 30, 1969, as amended, 29 LPRA § 501.
[5] 23 LPRA § 11081. The terms cited raise several questions, such as: gross income in their financial

We must emphasize that Act No. 62-2014 has a specific scope, since its purpose was to create the Puerto Rico Micro, Small, and Medium-Sized Enterprises Support Board, facilitate the issuance of permits for this group of companies, as well as establish a preferential lease program, a procurement reserve mechanism and provisions related to certain salary incentive funds from Act No. 74 of June 21, 1956, as amended, "Puerto Rico Employment Security Act."[6] Therefore, they are not commonly used definitions in government or private activities, but were established for the particular purposes of Act No. 62-2014. In fact, despite the fact that Article 13 of Act No. 62-2014 provides that "[t]he agencies concerned: Trade and Export Company (PRTEC), Department of Labor and Human Resources (DTRH), Planning Board (JP), and the Permit Management Office (OGPe), must adopt the relevant regulations,"[7] none of these entities issued any regulations that clarify what is proposed in relation to Act No. 62-2014.

Now then, as a reference, we examined multiple sources related to this matter, including Regulation No. 8588 of May 8, 2015, "Regulations for the Certification of Micro, Small, and Medium-sized Enterprises Participating in the Procurement Reserve Program with the Government of the Commonwealth of Puerto Rico" (Regulation No. 8588), administered by the Department of Economic Development and Commerce (DDEC). Although the legal basis for this regulation is Act No. 129-2005, as amended, "Procurement Reserve Act of the Government of the Commonwealth of Puerto Rico" (Act No. 129-2005), it has the same definitions for SMEs as those established in Act No. 62-2014. After examining Regulation No. 8588, we found that Article 2.5 lists the documents required to certify the company as an SME; they include the business volume declaration (municipal patent), the income tax return, and the last quarterly unemployment insurance return. The DDEC uses these documents to determine if the company meets the statutory income and employment criteria to be certified as a micro, small, or medium-sized company for the purposes of the procurement reserves subject to Act No. 129-2005.[8]

On the other hand, the US Small Business Administration (SBA), a federal entity appointed to provide assistance to small businesses, has established multiple parameters to calculate the size of a company for purposes of qualifying as a small business. For illustrative purposes, the SBA establishes that the number of employees will be the sum

---

statements or income tax returns? Is the average number of employees during the calendar year, fiscal year or during a specific period?

[6] 29 LPRA § 771c.

[7] 23 LPRA § 11085. We note that the CCE was consolidated with the Department of Economic Development and Commerce (DDEC) after the approval of Act No. 141-2018, as amended, known as "Act to Execute the 2018 Reorganization Plan of the Department of Economic Development and Commerce," and the completion of certain procedures under said statute.

[8] The DDEC confirmed that these documents are requested to corroborate the income and number of employees required for the company to be certified as a micro, small, or medium-sized enterprise for the purposes of Act No. 129-2005.

of all employees (regardless of whether they are full time, seasonal, or part time) during each payroll period for the last two (2) calendar years divided by number of payroll periods during the twenty-four (24) months evaluated.[9] However, if the business has not operated for more than twenty-four (24) months, the number of employees will be the sum of all the workers during the payroll periods up to that moment divided by the same number of payroll periods.

Regarding the financial criterion, the SBA takes into consideration what is known as the company's annual receipts. This federal agency defines this term as total income (including interest, dividends, revenues, and commissions) plus cost of goods sold.[10] Once the annual receipts have been determined, if the company has been in operation for more than five (5) years, the annual receipts of the last five (5) years are added and then divided by five (5). However, if the company has not been in operation for at least five (5) years, the receipts are added for the weeks that it has been in operation and then divided by the same number of weeks. The above will result in the average weekly income, which must be multiplied by fifty-two (52) to determine the company's annual receipts.

### III.   CONCLUSION

Given the proximity of the entry into force of Act No. 41-2022, we issue this opinion to suggest how employers may determine whether their company meets the criteria set forth in Act No. 62-2014 for purposes of qualifying as an SME and, therefore, enjoying a deferred entry into force of Act No. 41-2022 until September 18, 2022. As we pointed out, Act No. 62-2014 defines the concepts of micro, small, and medium-sized enterprises, but other than establishing numerical ranges around gross income and the number of employees, it does not specify how compliance with legal parameters is corroborated. In fulfilling our duty, we took on the task of analyzing the methodology used in other laws or regulations on similar matters to determine the number of employees and economic capacity of an employer to qualify as an SME. Below, we present the methodology that we consider an employer must follow to self-qualify as an SME pursuant to Act No. 62-2014. Let us examine.

Note that the examples mentioned agree that a business' classification as an SME will depend on meeting the corresponding economic capacity and number of employees during a given period of time. In our view, this methodology ensures that a company does not benefit from incentives and special treatment for incidentally meeting statutory or regulatory requirements during a particular time of year. The foregoing becomes more relevant when the repercussions of the matter discussed include less favorable treatment for employees. Therefore, we suggest a course of action that allows achieving an adequate

---

[9] 13 CFR 121.106.
[10] 13 CFR 121.104.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

balance between the peculiarities of small and medium-sized enterprises and their employees.

Regarding the number of employees, we understand that evaluating the last quarterly return filed with the Department of Labor and Human Resources (DTRH) to qualify as an SME is limited to a short period of time. Therefore, the methodology used by the DDEC does not allow a comprehensive evaluation of the company's situation for the purposes of labor legislation, especially as to companies that hire more employees during a particular quarter due to the nature of their services or products. Instead, the methodology used by the SBA allows a better representation of the number of people hired over a long period of time. However, we do not agree on averaging the number of employees over twenty-four (24) months, since it would entail evaluating an excessively long period of time that could lead to an incorrect representation of the company's current situation.

Therefore, we suggest that the number of employees be determined by adding the number of employees for each payroll period during the last calendar year divided by the same number of payroll periods during the twelve (12) months of said calendar year.[11] Now then, if the company has been in operation for less than a year, the number of employees will be determined by adding all the employees for each payroll period divided by the number of payroll periods that it has had so far. The average number of employees is the best indicator to determine the size of a company during a suitable period of time.

Regarding the criterion to determine the "gross income," we understand that there are multiple mechanisms to corroborate this data in a weighted and accurate manner.[12] The first option will be the financial statements of the company prepared and certified by a certified public accountant (CPA), specifically the statement of income and expenses (*income statement*). In the absence of the financial statements, the information presented in the income tax return or in the business volume declaration required by Act No. 107-2020, as amended, "Municipal Code of Puerto Rico" could be considered.[13] The important factor is that the data used represent the best estimate of the financial condition of the company during its last fiscal year. If the business is newly created, the employer must average the income among the weeks in operation and multiply by fifty-two (52); that is, annualize the average weekly income.

---

[11] For instance, for the purposes of the validity of Act No. 41-2022, the year to consider would be 2021.

[12] Unlike the SBA, Act No. 62-2014 refers to "gross income" as the guiding criterion to determine the economic capacity of a company. By way of illustration, Section 1031.01 of Act No. 1-2011, as amended, "2011 Internal Revenue Code," defines this term as "any income, gains, or benefits received or derived from any source." 13 LPRA § 30101. In addition, the above should not be confused with "net profit," which involves an arithmetic exercise between the income and expenses of a company.

[13] When using the business volume declaration as reference, all income earned at the state level must be added; in other words, the declarations presented in all the municipalities where the business operates.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

We trust that all employers in Puerto Rico, whose gross income has not exceeded ten million dollars ($10,000,000.00) and who have had fifty (50) or fewer employees, will follow our recommendation to determine whether they qualify as SMEs in accordance with Act No. 62-2014 for the purposes of Act No. 41-2022. Note that, in addition to matters related to the rest day and the annual bonus, the immediate effect on Act No. 41-2022 will be its entry into force next Wednesday, July 20, 2022, unless the employer is an SME, in which case the new law will take effect on September 18, 2022. For purposes of all other provisions applicable to SMEs, the employer must verify its number of employees and gross income every year to determine if it complies with the terms defined in Act No. 62-2014. In any case, we remind you that the DTRH has the power to investigate non-compliance with labor laws by employers, including the matter discussed herein.

Aside from the above, we recognize that the DTRH does not have mechanisms or resources to certify employers as SMEs, as defined in Act No. 62-2014. It is not feasible for the DTRH to publish a list of employers that qualify as SMEs. At the same time, we recognize that Act No. 62-2014 is a business legislation under the jurisdiction of the DDEC, so we do not intend to usurp its power of interpretation and regulation. As a result, the DTRH must trust that employers will self-regulate in accordance with the criteria that we set out in this document or those that may eventually be established by the DDEC, subject to the oversight authority, both at the administrative level as well as at the employee-claim level, before the DTRH or the courts. Thus, the provisions that provide special treatment to SMEs, as defined in Act No. 62-2014, are prevented from being subject to daily, weekly, or monthly fluctuations due to the increase or decrease in the number of employees and economic capacity.

Finally, we note that this opinion is limited solely to interpreting how a business will be confirmed to meet the definition of micro, small, or medium-sized enterprise as defined in Act No. 62-2014 and for the purposes of the provisions of Act No. 41-2022 that are tied to the former. Any other disputes related to the interpretation of Act No. 41-2022 will be addressed in due course.

Cordially,

Gabriel Maldonado-Gonzalez
Secretary

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



# TRANSLATOR'S CERTIFICATE OF TRANSLATION

Translation from: Spanish (Puerto Rico) into English (US)

TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Opinión del Secretario 2022-02, Definición PYMES para propósitos de la Ley 41-2022**

Signed this 23rd of August 2022

_____

Andreea I. Boscor

