# Exhibit 25

**GOVERNMENT OF PUERTO RICO**
DEPARTMENT OF LABOR AND HUMAN RESOURCES
Secretary | Gabriel Maldonado González

July 19, 2022

SECRETARY OPINION No. 2022-03

TO:       PRIVATE SECTOR EMPLOYERS, EMPLOYEES AND THE GENERAL PUBLIC

SUBJECT:  CRITERIA FOR VACATION AND SICK LEAVE ACCRUAL FOR PART-TIME EMPLOYEES IN ACCORDANCE WITH ACT No. 180-1998, AS AMENDED BY ACT No. 41-2022

I. INTRODUCTION

On June 20, 2022, the Governor of Puerto Rico, Hon. Pedro R. Pierluisi, approved Act No. 41-2022, which includes certain amendments to Act No. 4-2017, "Labor Transformation and Flexibility Act," hereinafter, "Labor Reform," and other labor laws. One of the statutes affected by such legislation was Act No. 180-1998, as amended, "Puerto Rico Vacation and Sick Leave Act" (Act No. 180-1998), which provides for matters related to sick and vacation leave accrual by non-exempt workers within Puerto Rico's private sector.[1]

Specifically, Section 11 of Act No. 41-2022 amended subsection (a) of Article 4 of Act No. 180-1998 to establish, among other things, vacation and sick leave accrual for employees who work a reduced shift of less than one hundred and fifteen (115) hours per month, but at least twenty (20) hours per week. Any part time employee who meets both working hours requirements will be entitled to accrue half (1/2) a vacation day and half (1/2) a sick day per month, except in the case of Puerto Rico resident employers with twelve (12) or fewer employees, in which case the vacation accrual rate is reduced to a quarter (1/4) of a day. These employees are commonly referred to as part-time[1] employees.

---

[1] Please note that labor legislation in Puerto Rico does not establish specific criteria to classify an employee as part-time or full-time, rather they are imported terms to distinguish an employee who works a weekly shift of forty (40) hours versus one who works less time. In fact, vacation and sick leave accrual, annual bonuses, severance allowances for dismissal without just cause, and other statutory benefits do not require working forty (40) hours per week, so classifying an employee by his full or part time working status is irrelevant.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

This amendment has given rise to multiple interpretations regarding its application, since two (2) different working time concepts are combined, namely, total hours worked per month and per week. There are conflicting opinions regarding this new legal provision, as some suggest that compliance by weekly hours should be the weekly average of the hours worked throughout the month. However, others believe that the legislator established two (2) requirements for accrual of vacation and sick leave by a part-time employee, which are: first, working less than one hundred and fifteen (115) hours per month and second, working at least twenty (20) hours per week. After an analysis of the legislative track record, we state ahead that we agree with this last interpretation.

In order to protect the rights of workers and guide employers in the private sector, this Secretary Opinion sets forth the criteria that we consider an employer must evaluate in order to recognize vacation and sick leave accrual for employees who work less than one hundred fifteen (115) hours per month, bu not less than twenty (20) hours per week. This Opinion is issued under the authority conferred on the Secretary of Labor and Human Resources to study the current labor protection legislation and ensure compliance with labor protection laws.[2]

## II.    LEGISLATIVE PROCESS

The "Civil Code of Puerto Rico," Act No. 55-2020, as amended, sets forth two (2) hermeneutics rules for interpreting the laws relevant to the matter under discussion. The first one establishes that "[w]hen the law is clear and free from any ambiguity, its text should not be disregarded under the pretext of complying with its spirit."[3] Conversely, "[i]n order to discover the true meaning of a law when its expressions are ambiguous, its reason and its spirit will be considered, by paying attention to the objectives of the legislator, to the cause or reason for enacting it."[4] On the other hand, it is known that laws must be interpreted in such a way that they comply with the legislative intent.[5] To that end, "the hermeneutics rules impose on us the invariable duty to discover and enforce the true intention and desire of the legislative branch."[6] Precisely, the legislative track record is the best tool to discover the intent that inspired the analyzed text.[7]

Act No. 41-2022 is the product of an extensive legislative process that dates back to the introduction of House Bill (HB) 3 in January 2021.[8] First, we point out that the disputed

---

[2] See Section 3(a) of Act No. 15 of April 14, 1931, as amended, "Organic Act of the Department of Labor and Human Resources," 3 LPRA § 306.
[3] Article 19 of Act No. 55-2020, 31 LPRA § 5341.
[4] Article 20 of Act No. 55-2020, 31 LPRA § 5342.
[5] *Ortiz v. Municipality of San Juan*, 167 DPR 609, 617 (2006).
[6] Id.; *Dorante v. Wrangler de P.R.*, 145 DPR 408, 417 (1998).
[7] *Dorante v. Wrangler de P.R.*, supra, p. 417.
[8] See the legislative track record of HB 3, available at https://sutra.oslpr.org/osl/esutra/MedidaReg.aspx?rid=136778.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**Secretary Opinion No. 2022-03**                                               Page 3 of 8

Department of Labor and Human Resources

text, which deals with vacation and sick leave accruals for employees who work less than one hundred fifteen (115) hours per month, but no less than twenty (20) hours per week—does not arise from the bill introduced in January 2021.[9] On April 30, 2021, after multiple hearings before the Committee on Labor Affairs and Transformation of the Pension System for a Dignified Retirement of the House of Representatives (House Committee), HB 3 was approved in committee. The House Committee wording included the vacation and sick leave benefit for part-time employees for the first time, but in the following way:

> All workers in Puerto Rico, with the exception of those listed in Articles 3 and 8 of this Act, **who work at least ninety (90) hours per month, but less than one hundred fifteen (130 [sic]) hours per month**, will accrue vacation leave at a rate of half (1/2) a day per month; and sick leave at a rate of half (1/2) a day per month.[10]

On May 1, 2021, HB 3 went to a vote before the plenary session of the House of Representatives. As part of the procedure, multiple amendments were introduced, one of these being replacing the phrase "who work at least ninety (90) hours per month, but less than one hundred fifteen (130 [sic]) hours per month," with the following text: "who work at least twenty (20) hours per week, but less than one hundred fifteen (115) hours per month."[11] Finally, HB 3 was approved in the House of Representatives including the aforementioned amendment.

Then, on May 10, 2021, HB 3 went before the Senate of Puerto Rico for consideration. The legislative measure was referred to the Committee on Human Rights and Labor Affairs of the Senate (Senate Committee). On June 24, 2021, the Senate Committee issued its report on HB 3, but did not include any comments regarding vacation and sick leave accrual by part-time employees. After multiple legislative procedures, on February 22, 2022, HB 3 was sent to the Governor for his signature. However, on March 4, 2022, the Governor of Puerto Rico issued an express veto based on various arguments about errors contained in HB 3.

Thus, on March 6, 2022, HB 1244 was introduced to redirect multiple amendments to labor legislation. This legislative measure was the result of an effort by the Legislative Assembly to correct the errors contained in HB 3, which was vetoed, and address other points of consensus with the Executive. Unlike HB 3, this new bill was expedited before the House of Representatives, where it was approved without a report from the House Committee a few days after its introduction.

---

[9] Id.
[10] [Emphasis added].
[11] See the House of Representatives Session of May 1, 2021 at https://www.facebook.com/camaraconpr /videos /sesi %C3 %B3n-ordinaria-c%C3 %A1mara-derepresentantes-s% C3 %A1bado-1-de-mayo-de-2021-capitolio-de-/299386091733561/ (see from minute 46:41).

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Secretary Opinion No. 2022-03                                                    Page 4 of 8
Department of Labor and Human Resources

Thus, on March 8, 2022, HB 1244 went before the Senate Committee for consideration. On April 21, 2022, the Senate Committee held a public hearing to discuss the new legislative measure. On that occasion, multiple entities and individuals appeared to discuss the legislative text. For purposes of the matter discussed in this opinion, we highlight two (2) appearing parties: the Puerto Rico Chamber of Commerce (Chamber of Commerce) and Mr. Jorge L. Capó Matos (Mr. Capó). In the relevant part, the Chamber of Commerce stated the following:

> […]
>
> b. For the first time, the measure establishes vacation and sick leave benefit accruals for part-time employees, that is, those who work less than 115 hours in the month. This is a benefit (and cost) that did not exist before. Adding such cost for part-time employees increases the actual labor cost of those employees. If the legislator decides to grant them this benefit, they must bear in mind that this adversely and mainly affects industries that need to operate with many part-time employees.
>
> To avoid this additional cost, companies will have to reduce the working hours of said employees to less than 115 hours in a month.
>
> c. The reasons for not extending vacation and sick leave benefits to part-time employees are historical and based on economic and operational criteria. However, if the Legislature believes that they should be extended to said employees, the text of HB 1244 needs to be modified because at present the accrual of benefits can easily be avoided. **Currently, HB 1244 contains two requirements for such employees to be able to accrue benefits, namely: (1) that they work less than 115 hours in a month and (2) that they work "at least twenty (20) hours per week." <u>With this text, any employee who fails to work 20 hours in any of the weeks in a month will not accrue benefits. Therefore, it is enough to assign less than 20 hours of work in one of the weeks in a month for the accrual not to apply</u>**.[12]

Likewise, Mr. Capó warned of the consequences of the text proposed in HB 1244. In this regard, he made the following statements:

> […]
>
> However, if it is concluded that the accrual of vacation and sick leave benefits should be extended to part-time employees, the text of HB 1244

---

[12] [Emphasis added]. See *Explanatory Brief of the Puerto Rico Chamber of Commerce on House Bill 1244*, p. 6.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

> needs to be modified because at present the accrual of such benefits can easily be avoided.
>
> **HB 1244 contains two requirements for such employees to be able to accrue benefits, namely: (1) to work less than 115 hours in a month and (2) to work "at least twenty (20) hours per week." With this text, any employee who fails to work 20 hours in any of the weeks in a month will not accrue benefits, since one of the established requirements would not be met. Therefore, it is enough to assign less than 20 hours of work in one of the weeks in the month for the accrual not to apply.** <u>**For example, with the current text of HB 1244, an employee who works 32 hours in three weeks of the month, but only 16 hours in one week, will not accrue any of the benefits, despite having worked 112 hours in the month.**</u>
>
> […]
>
> RECOMMENDATION: Should the legislator deem it appropriate to legally establish the minimum monthly accrual rate for vacation and sick leave, it is necessary to carry out said statutory change correctly.
>
> […]
>
> **Second, to avoid making the extension of benefits to part-time employees seem academic, it would be preferable to simply state that the requirements are (1) that they work less than 115 hours per month, but (2) that they work more than 100 hours per month**.[13]

Subsequently, on May 26, 2022, the Senate Committee submitted its positive report on HB 1244. However, the document submitted did not mention the comments outlined by the Chamber of Commerce and Mr. Capó regarding leave accrual for part-time employees. No changes were made with respect to this matter in the document of HB 1244 submitted by the Senate Committee, despite the fact that it was discussed by the deponents who in turn presented recommendations for amendments to the text in view of its possible impact. Subsequently, on June 2, 2022, HB 1244 was approved by the Senate without amendments to the provisions related to Act No. 180-1998. After due attendance by the House of Representatives, on June 20, 2022, the Governor of Puerto Rico approved the bill, becoming Act No. 41-2022.

### III. CONCLUSION

First, we are obviously dealing with a law that is clear and free of ambiguity, although its application could be considered difficult to manage. We have detailed the procedural history of Act No. 41-2022 to illustrate the legislative intent behind the established text

---

[13] [Emphasis added]. See *Presentation around HB 1244,* of Mr. Jorge L. Capó Matos, pp. 14-15.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

regarding vacation and sick leave accrual by part-time employees. Although it is true that we are issuing an opinion to enlighten the public, our clarification cannot ignore the legislative intent that inspired the interpreted text. Therefore, our opinion must be in accordance with the intent of the legislators, since we cannot usurp the constitutional powers delegated to the Legislative Assembly.

As we mentioned, HB 3, as originally introduced, did not include a similar provision on vacation and sick leave accrual for part-time employees. The first provision to that effect arose from the House Committee's document, where a range between ninety (90) hours, but less than one hundred thirty (130) hours had been established for these employees to be entitled to accrual. However, during the approval process of HB 3 in the hemicycle of the House of Representatives, an amendment was included that altered the original text. Thus, the provision establishing that part-time employees must work **less than one hundred and fifteen (115) hours per month and at least twenty (20) hours per week** as requirements for vacation and sick leave accrual, was incorporated. HB 3 passed before the Senate Committee, but the disputed provision remained intact. Subsequently, after the Governor's express veto due to multiple errors in HB 3 unrelated to the matter under discussion herein, a new bill known as HB 1244 was introduced, which included provisions practically identical to the first bill in terms of accrual of leave for part-time employees. Therefore, we discussed the legislative history of HB 3 for persuasive purposes.

An evaluation of HB 1244 reveals that the House of Representatives did not issue any positive report due to the expedited introduction and processing of the bill, while the Senate Committee was warned of the restrictive consequences that would entail including a text that required working at least twenty (20) hours per week. Specifically, some deponents pointed out that the text proposed and finally approved would allow an employer to easily circumvent the provision by assigning less than twenty (20) weekly hours of work during a month. Given this, it was recommended that a range of monthly hours be included to recognize the right to accrue vacation and sick leave by part-time employees. However, the report of the Senate Committee did not accept this recommendation. Thus, HB 1244 passed before the full Senate, eventually being passed by both legislative bodies and was finally made into Act No. 41-2022 on June 20, 2022, after being signed by the Governor.

After a careful evaluation, we believe that the approved language has the effect of granting limited vacation and sick leave accrual for part-time employees. In other words, including working at least twenty (20) hours per week as a requirement limits the group of employees who will be entitled to such leave. Therefore, in our opinion, part-time employees must work at least twenty (20) hours per week continuously to accumulate vacation and sick leave, in accordance with the provisions of Article 4 of Act No. 180-1998, as amended by Act No. 41-2022. In other words, **workers must meet said minimum**

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**number of hours during each week of the month to acquire the right to accrue during that particular month**. Had the Legislative Assembly wanted it to be otherwise, it would have included a range of monthly hours for the reduced accrual of these leaves. However, despite there being recommendations in that direction, the Legislative Assembly decided to keep the text interpreted herein.

Act No. 41-2022 added a new vacation and sick day accrual applicable to part-time employees, with a novel requirement in our labor legislation that is tied to weekly working hours. Wherefore, from the entry into force of Act No. 41-2022, employers must make sure that employees who work less than one hundred fifteen (115) hours per month have also worked at least (20) hours per week, in order to award them the reduced leave amounts granted under Act No. 180-1998. As we understand it, the weekly hour requirement must be met on an ongoing basis and every week of the month in order not to disrupt accrual. Therefore, **the hours worked in weeks that are made up of days of different and consecutive months will be considered for the accrual of both months**. Otherwise, it would be impossible to calculate the accrual applicable to a part-time employee since most months in the year share weeks with a previous or subsequent month. To propose a different interpretation would be to defeat the legislative intent and any deviation from the foregoing would require additional amendments to Act No. 180-1998.[14]

Regarding the administration of vacation and sick leave, we recognize that most employers have electronic programs to record and manage the accrual of monthly hours for the award of these leaves. Certainly, the norm to this day has been to award these leaves after working the required hours each month, which can be considered as easily manageable contrary to the new weekly scheme established by Act No. 41-2022 for part-time employees.

However, our interpretation does not prevent employers from establishing a different accrual rate, as long as it is more beneficial for part-time employees. Take for example an employer who establishes that all employees who work more than eighty (80) hours, but less than one hundred and fifteen (115) hours per month will accrue the reduced vacation and sick leave rate applicable to part-time employees provided by Act No. 180-1998 or the higher rate established by the employer. Certainly, employers are the ones who best know their operational reality to implement the changes imposed by Act No. 41-2022. We trust that they will adopt the necessary measures to comply with the labor legislation amended by Act No. 41-2022.

Finally, we note that this opinion is limited solely to clarifying the criteria established in the amendments made by Act No. 41-2022 for part-time employees to accrue vacation

---

[14] For example, this is the case of the suggested alternative in terms of averaging weekly hours because the text of Act No. 41-2022 does not show that the DTRH has the authority to do so.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**Secretary Opinion No. 2022-03**  Page 8 of 8
Department of Labor and Human Resources

and sick leave. Any other specific disputes related to the interpretation of Act No. 41-2022 or regarding this opinion will be addressed in due course.

Cordially,

*[signature]*

Gabriel Maldonado-Gonzalez
Secretary

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/AUGUST/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



**TRANSLATOR'S CERTIFICATE OF TRANSLATION**

Translation from: Spanish (Puerto Rico) into English (US)

TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Opinión del Secretario 2022-03, Acumulación de licencias para empleados a tiempo parcial**

Signed this 23rd of August 2022

_____

Andreea I. Boscor

