# Exhibit 26

![Government of Puerto Rico - Puerto Rico Fiscal Agency and Financial Advisory Authority letterhead. Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov]

July 22, 2022

<u>*VIA ELECTRONIC MAIL*</u>

Hon. David A. Skeel, Jr.
Chair
The Financial Oversight and
Management Board for Puerto Rico
P.O. Box 192018
San Juan, PR 00919-2018

Re:     Act 41-2022 – Employment Law Reform.

Dear Chairman Skeel:

I write in response to your July 19, 2022 letter (the "Letter") regarding Act 41-2022 ("Act 41" or the "Act"), which the Governor signed into law on June 20, 2022. At the outset, we strongly disagree with the assertion that the PROMESA Section 204 Certification for Act 41 is non-compliant with PROMESA Section 204(a)'s requirements (the "Alleged Non-compliance").

The 204 Certification is more detailed than most of the previous PROMESA Section 204(a) certifications that the Government has historically submitted and which the Financial Oversight and Management Board (the "Oversight Board" or "Board") has previously accepted as compliant.

Any effort to analyze Act 41's effects on Puerto Rico's economy and labor markets is constrained by the limited availability of economic data and modeling specific to Puerto Rico. Long reporting lags and limitations around coverage and national comparability requirements further exacerbate these challenges. This presents challenges for the development of economic modeling strategies that deliver current and reliable economic analysis that could accurately isolate Act 41's effects on Puerto Rico's economy from current competing macroeconomic supply and inflation shocks, the size and scope of which are unprecedented in the last four decades of data in the United States.

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director I Omar J. Marrero, Esq. I omar.marrero@aafaf.pr.gov

Date: July 22, 2022
Re: Act 41-2022 – Employment Law Reform
Page 2 of 6

As the Government stated in the 204 Certification,[1] notwithstanding Act 41's expected positive impact on Puerto Rico's labor supply, the ultimate economic impact of Act 41 will need to be evaluated in the context of broader and competing macroeconomic factors affecting the Puerto Rico economy, including: U.S. inflationary pressure, global supply-chain constraints, and the continuing energy crisis.  A comprehensive economic analysis of Act 41 is thus an ambitious and expansive undertaking that would require economists to design Puerto Rico-specific empirical studies and economic models to capture the subtleties of Act 41's differing treatment of subclasses within the differing segments of the Puerto Rico labor market and industries.

Cognizant of this endemic lack of economic data on Puerto Rico and prior to issuing the 204 Certification, on June 23, 2022 (the "June 23 Letter") the Government wrote requesting that the Oversight Board "provide the Governor with a copy of any and all Board-conducted economic and financial analyses regarding HB 1244's effect on the Commonwealth's revenues and expenses so that we can fully evaluate all available information."[2]  Regrettably, the Oversight Board declined our request[3] and waited for twenty days to provide any substantive feedback on these important issues rather than proactively engaging with the Government during the 30 days between the enactment and effectiveness of Act 41.[4]

When the Oversight Board finally responded, it mentioned for the first time that it had engaged an economist to evaluate Act 41 and apparently after the Oversight Board had unilaterally determined (before even receiving the Section 204(a) Certification) that Act 41 was significantly inconsistent with the Fiscal Plan.  And while the Oversight Board contends that its economist's evaluation concludes that Act 41 is significantly inconsistent with the Commonwealth's Fiscal Plan, this conclusion may be speculative and the Oversight Board has not even identified the economist it retained, let alone supplied a copy of the analysis.  This stands in sharp contrast to the

---

[1] 204 Certification at 8.
[2] June 23 Letter at 2.
[3] I assume that the Oversight Board's June 13, 2022 conclusion that House Bill 1244 (now Act 41) was inconsistent with the certified 2022 Fiscal Plan for Puerto Rico was based on the economic analysis that is referenced in the Letter.
[4] Section 29 of Act 41 provides for a 30-day period between its enactment and effectiveness, except for certain instances (applicable to small and medium employers) where the period is 90 days.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 I PO Box 42001, San Juan, PR 00940-2001

787.722.2525    contact@aafaf.pr.gov    aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

Date: July 22, 2022
Re: Act 41-2022 – Employment Law Reform
Page 3 of 6

Government's Section 204(a) Certification, which supplied a copy of the actual analysis on which it relied in concluding that the Act is not significantly inconsistent with the Fiscal Plan. We do not believe that the Board's conduct is in keeping with the First Circuit's recent admonition that the Board should work collaboratively with Puerto Rico's elected Government to resolve areas of dispute in the best interests of Puerto Rico's people,[5] and the Board's apparent pre-judgment of the merits of Act 41 before receiving the Section 204(a) Certification or retaining any expert to evaluate the Act strongly suggests that the Board's actions may be arbitrary and capricious.

As was previously requested, the Government again kindly requests that the Oversight Board share with us its economic analysis (the "Board Analysis") to allow for a proper evaluation of the empirical data substantiating the alleged negative impact of Act 41 on the Puerto Rico labor market. If the Oversight Board remains unwilling to share the Board Analysis, considering the limitations on the available economic and labor statistics in Puerto Rico, the 204 Certification represents the Government's formal submission under PROMESA Section 204(a)[6]. This is especially the case because the Oversight Board has provided only an additional three days for the Government to supplement its Section 204(a) Certification, a deadline that is simply not realistic under the circumstances. Should the Oversight Board be willing to share its economist's analysis, the Government respectfully requests that the Oversight Board afford the Government more time to evaluate that analysis and supplement the Section 204(a) certification to address any concerns that analysis raises.

---

[5] See Pierluisi v. Fin. Oversight & Mgmt. Bd. For Puerto Rico, 37 F.4th 746, 767 n.23 (First Cir. 2022) ("We are disheartened by the antipathy between the parties that was evident in the briefing and at oral argument. In the future, we hope that the Commonwealth and the Board will recommit to working together in a non-adversarial fashion so that this type of litigation can be avoided, in the best interests of the people of Puerto Rico").

[6] Updated Puerto Rico Office of Management and Budget and Puerto Rico Department of Labor certifications are attached to this letter reflecting the actual cost of $1,248.12 rather than the estimated cost of $3,000 which was originally included in the 204 Certification. Please also note that the $1,248.12 noticing cost is a non-recurrent and one-time expense and that no further costs are expected for the other 4 years covered by the certified 2022 Fiscal Plan for Puerto Rico.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 | PO Box 42001, San Juan, PR 00940-2001

787.722.2525   contact@aafaf.pr.gov   aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

Date: July 22, 2022
Re: Act 41-2022 – Employment Law Reform
Page 4 of 6

I would also like to specifically address several additional matters averred in the Letter.[7]

*First*, the disagreement over Act 41 is based on fundamental public policy differences on how best to regulate the private-sector labor market[8] and competing economic theories. The Government's approach focuses on increasing the supply of labor through improved compensation levels, whereas the Oversight Board's approach focuses on increasing the demand for labor through decreased regulation. This difference in philosophical approach will invariably result in potential disagreements as to the impact of Act 41 on the economy and the labor markets.

One of the Fiscal Plan's overarching labor-market related objectives is to increase the labor participation rate in Puerto Rico, and Act 41 is a positive first step in achieving this objective. The Government believes that the current tight Puerto Rico labor-market is driven, in part, by the high labor reservation wages, which in part could be a result of the increased federal reconstruction and COVID-related relief funds, and thus supporting the case for government intervention in the labor market. I urge the Oversight Board to engage with the Government on how to best achieve the Fiscal Plan's mandate of increasing labor participation rates and address the current labor supply shortage.

*Second*, in asserting that DevTech is not the proper party to provide a Section 204(a) certification, the Board appears to misunderstand the scope of DevTech Systems, Inc.'s ("DevTech") economic analysis.[9] DevTech did not perform any of the formal estimates required by PROMESA Section 204(a). Those estimates were prepared by Puerto Rico Office of Management and Budget, the Puerto Rico Department of Labor, and the Puerto Rico Department of Treasury and separately attached to the Certification. DevTech's work was limited to analyzing the manners in which Act 41 might affect labor force participation

---

[7] The Government reserves all rights to rebut and challenge the Letter's multiple self-serving and unsubstantiated statements and conclusions regarding Act 41 and the 204 Certification.
[8] The Government reserves all rights regarding the Oversight Board's ability to exercise any power over non-governmental private entities and private-sector economic activity.
[9] I was especially surprised by the Letter's questioning of DevTech's credentials, considering that DevTech was instrumental in creating the economic model for the Fiscal Plan (including all prior years' certified plans). DevTech's original economic model continues to serve as the basis for many of the Fiscal Plan's initiatives, including those related to labor market reforms, and the debt restructurings relayed thereupon.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 | PO Box 42001, San Juan, PR 00940-2001

787.722.2525    contact@aafaf.pr.gov    aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

Date: July 22, 2022
Re: Act 41-2022 – Employment Law Reform
Page 5 of 6

and Puerto Rico's labor cost competitiveness in light of economic theory. If the Oversight Board were willing to share its economic analysis referenced in the Letter, it would allow the Government and its professionals (including DevTech) to perform further analysis on Act 41's economic impact.

*Third*, the Board's focus on Act 41's statement of motives (the "SOM") is misplaced. The SOM represents the views of the Legislative Branch and not those of the Executive Branch of Puerto Rico. The SOM is a legislative form of expression and is not germane to the analysis of whether Act 41 is consistent with the certified 2022 Fiscal Plan for Puerto Rico (the "Fiscal Plan"). As you know,[10] the Governor vetoed House Bill 3 (the predecessor of House Bill 1244 and Act 41) and after another intent by the Legislative Branch to develop Act 41's calibrated approach to increasing labor force participation on terms that would not be significantly inconsistent with the Fiscal Plan, it was finally enacted. The Governor's signing of Act 41 was based on the Act's revised substantive provisions and not the Legislative Branch's expression through the SOM. The Letter's focus on the SOM, rather than acknowledging Act 41's substantive preservation of the vast majority of Act 4-2017's labor reforms, is misplaced and ignores Act 41's carefully designed provisions which seek to achieve increased labor force participations within the context of the Fiscal Plan's mandate.

*Lastly*, the Letter directs the Government to "immediately suspend [Act 41's] implementation and enforcement—at least until the Government and the Oversight Board have fully exchanged their views concerning Act 41 and the Oversight Board changes its determination (which may not occur)"[11] (the "Board Direction"). A validly enacted law (like Act 41) that regulates private market conduct can only be enjoined by a court order or alternatively suspended pursuant to legislative action, neither of which fall under the Executive Branch's powers. Consequently, the Government cannot comply with the Board Request especially when considering that Act 41 does not require any affirmative action by the Government for its implementation.

---

[10] Oversight Board's letter to Governor Pedro Pierluisi, dated June 13, 2022 at 2.
[11] Letter at 2 and 9.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 | PO Box 42001, San Juan, PR 00940-2001

787.722.2525     contact@aafaf.pr.gov     aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director I Omar J. Marrero, Esq. I omar.marrero@aafaf.pr.gov

Date: July 22, 2022
Re: Act 41-2022 – Employment Law Reform
Page 6 of 6

As always, we look forward to continuing to work together for the benefit of the people of Puerto Rico.

Very truly yours,

Omar J. Marrero
Executive Director

cc:   Hon. Pedro R. Pierluisi
      Julian Bayne Hernández
      Jaime El Koury

Enclosure

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 I PO Box 42001, San Juan, PR 00940-2001

787.722.2525    contact@aafaf.pr.gov    aafaf.pr.gov