# Exhibit 31

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

August 4, 2022

<u>VIA ELECTRONIC MAIL</u>

Hon. David A. Skeel, Jr.
Chairman
The Financial Oversight and
Management Board for Puerto Rico
P.O. Box 192018
San Juan, PR 00919-2018

Re:    Act 41-2022 – Employment Law Reform.

Dear Chairman Skeel:

I write in response to your July 30, 2022 letter (the "Letter") regarding Act 41-2022 ("Act 41" or the "Act") and the Government of Puerto Rico's (the "Government's") amended PROMESA Section 204 Certification submitted with the Act (the "204 Certification").

*First*, the Government categorically rejects the Board's legal interpretation of PROMESA Section 108(a)(2) and related decisions of the Title III Court and the United States Court of Appeals for the First Circuit. Enacting new legislation is a basic function of our democracy and the Governor's constitutional authority to sign legislation is not limited by PROMESA Section 108(a)(2) or any Board determination. Simply stated, PROMESA does not grant the Oversight Board the injunctive powers that it ascribes to itself, nor does it provide it with functional veto power.[1]

*Second*, the Government further rejects the Oversight Board's assertion that the "single" available option to resolve the differences between the Government and the Board is to nullify Act 41. As Governor Pierluisi publicly stated, the most reasonable and prudent manner to address our disagreement is to implement Act 41, measure its impact on the economy's performance, and

---

[1] "Section 108(a) does not itself authorize the Oversight Board to nullify legislation," but rather "it must seek relief from this Court in the event that the Government disregards its section 108(a)(2) determinations." *Vázquez Garced v. The Fin. Oversight & Mgmt. Bd. for P.R. (In re The Fin. Oversight & Mgmt. Bd. for P.R.)*, 511 F.Supp.3d 90, 133 (D.P.R. 2020).

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

Date: August 4, 2022
Re: Act 41-2022 – Employment Law Reform
Page **2** of **5**

then determine whether any adjustments are necessary (the "Proposed Approach").

Given the Oversight Board's recognition of the difficulty in fully modeling the economic impact of Act 41 on the Puerto Rico labor market (as further discussed below),[2] allowing Act 41's implementation will provide both the Board and the elected Government objective data concerning the law's true effect on the Government's revenues. If the Board's revenue concerns materialize, either the Government could adopt additional amendments to Act 41 or, alternatively, the Board could recertify the Central Government's fiscal plan to reflect the presumably lower revenues and the corresponding expense reductions. The Government believes that the Proposed Approach is supported by PROMESA Section 201's requirement of yearly certification of fiscal plans to better account for the fiscal effects of the ever-changing economic environment and to conform governmental finances to actual revenue collections and expense reduction efforts.

*Third*, the Government strongly disagrees with the Letter's assertion that the 204 Certification does not comply with PROMESA Section 204. The Oversight Board and the Government agree that Act 41 "regulates private employer relations with private employees"[3] and thus should not have a direct or immediate effect on the Government's revenues and expenses. The disagreement between the Board and the Government centers on Act 41's effects on the broader private economy, thus affecting revenues through direct and indirect taxation and non-tax revenue changes from economic activity and consequent revenue collections (the "Indirect Effect"). Whereas the Oversight Board asserts that Act 41 will "likely" reduce GNP growth and related revenue[4] through the Indirect Effect, the Government asserts that the Indirect Effect will "translate into potential greater consumer spending and increased revenue for the Government."[5] Unless and until Act 41 is actually in place and its actual effects are measured, this dispute is merely an abstract difference of opinion

---

[2] Letter at 4.

[3] Letter at 1.

[4] Letter at 1.

[5] 204 Certification at 11.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 | PO Box 42001, San Juan, PR 00940-2001

787.722.2525   contact@aafaf.pr.gov   aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

Date: August 4, 2022
Re: Act 41-2022 – Employment Law Reform
Page **3** of **5**

over policy with neither view entitled to a presumption that it is more rational than the other.

As the Oversight Board is fully aware, projecting Governmental revenue and the direct and indirect impacts that Act 41 may have on public sector revenue, through the Indirect Effect, is a complex and difficult task. As the yearly PROMESA Section 201 plan certification process has demonstrated, providing accurate revenue estimates, based on the broader private sector economy, is extremely difficult due to disruptions from unexpected exogenous economic events, confounding macroeconomic factors, and the technical difficulties in effectively isolating and measuring the economic impact of specific economic initiatives. Indeed, notwithstanding the joint collaborative efforts of the Government and the Board, every Fiscal Plan for the Government certified by the Oversight Board has missed its projected revenue estimate since 2017.

At a more technical level, the revenue forecasting model (the "Revenue Forecasting Model") underpinning the certified fiscal plan for the Government (the "Fiscal Plan") is dependent on projected GNP growth, which is attributable in part to each of the various revenue, right-sizing, and structural initiatives that are included in the Fiscal Plan. One such input to the Revenue Forecasting Model is the projected effect of labor reform measures on Puerto Rico's GNP (the "Labor GNP Estimate").

As the Government has repeatedly stated in the 204 Certification and subsequent letters to the Board, there is no economic model that can precisely forecast Act 41's effects on the private sector economy, let alone the Indirect Effect which is necessary to provide the Labor GNP Estimate for the Revenue Forecasting Model. This is compounded by a lack of economic data in Puerto Rico that could support corresponding models. This thwarts both the Board's and the Government's efforts to determine the Labor GNP Estimate and provide a fact-based revenue projection of the Indirect Effect of Act 41 on the Government's revenues.

The Letter conveniently ignores these technical challenges to obfuscate the difficulties inherent in fact-based revenue projections. But the Oversight Board has itself failed to provide any economic data or analysis supporting the Letter's assertion that such estimates are "feasible" and that Act 41 "will have a significant impact on the Fiscal Plan, including a reduction in GNP growth and

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 | PO Box 42001, San Juan, PR 00940-2001

787.722.2525    contact@aafaf.pr.gov    aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

Date: August 4, 2022
Re: Act 41-2022 – Employment Law Reform
Page **4** of **5**

tax revenues."[6] Instead, the Board has opted to only provide a PowerPoint presentation by Robert Triest (the "Triest Presentation")—which post-dates by more than a month the Board's initial letter concluding that Act 41 is "obviously" significantly inconsistent with the Fiscal Plan-with its self-serving statements and unsubstantiated economic conclusions.

The Government is particularly surprised by the Triest Presentation's reliance on a World Bank research paper from 1991 which uses inapposite Zimbabwe and India data from the 1970s. This is especially concerning when considering the Triest Presentation's failure to rely on relevant studies provided by the Oversight Board on its website, under "The Study of Economic Development in Puerto Rico" section and described by the Board as a "collection of studies [that] may serve as a road map for future government administrations" and that are favorable to the Government's position[7]. We will not engage in a point-by-point analysis and refutation of the Triest Presentation's other assertions at this time, except to note that the presentation is essentially a polemical piece that lacks relevant, reliable, or appropriate economic analysis.

Cognizant of the limited economic data and models, the Government on multiple occasions[8] requested that the Board provide the underlying economic models and data that underpinned the Labor GNP Estimate used by the Board in reaching its determinations pursuant to PROMESA Section 108 (the "Section 108 Economic Analysis"). To the extent that economic data is unavailable, or no such analysis has been performed, the Government asserts that the Oversight Board's determinations are simply arbitrary and aimed at frustrating the public policy of the elected Government officials as expressed through Act 41.

Should the Oversight Board be willing to share its Section 108 Economic Analysis and the underlying economic data and analysis of the Triest Presentation, the Government respectfully requests the opportunity to review the same and to discuss with the Board's economic advisor in an effort to explore consensus on the Indirect Effect of Act 41. Until such time, the 204

---

[6] Letter at 2.
[7] See Oversight Board website, https://oversightboard.pr.gov/studies-on-economic-development/ (lasted visited on Aug. 2, 2022).
[8] Letters to the Oversight Board dated June 23, 2022 and July 22, 2022.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 | PO Box 42001, San Juan, PR 00940-2001

787.722.2525   contact@aafaf.pr.gov   aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director I Omar J. Marrero, Esq. I omar.marrero@aafaf.pr.gov

Date: August 4, 2022
Re: Act 41-2022 – Employment Law Reform
Page 5 of 5

Certification represents the Government's formal submission under PROMESA Section 204(a).

The Government reserves its rights to rebut and challenge the Letter's other unsubstantiated statements and conclusions regarding Act 41 (including its effects on the Earned Income Tax Credit), PROMESA Section 108, and the 204 Certification, as well as its rights regarding the Oversight Board's ability to exercise any power over non-governmental private entities and private-sector economic activity. For the moment, it suffices to say that the Government vigorously disagrees with the Board's assertions.

As always, we look forward to continuing to work together for the benefit of the people of Puerto Rico.

Very truly yours,

Omar J. Marrero
Executive Director

cc: Hon. Pedro R. Pierluisi
Jaime El Koury

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 I PO Box 42001, San Juan, PR 00940-2001

787.722.2525    contact@aafaf.pr.gov    aafaf.pr.gov