# Exhibit 33



**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO**

**August 12, 2022**

**RESOLUTION RELATING TO ACT 41-2022**

WHEREAS, on June 30, 2016, the federal Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") was enacted;

WHEREAS, section 101 of PROMESA created the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board");

WHEREAS, on May 1, 2021, the Puerto Rico House of Representatives (the "House") passed HB 3, which repealed certain portions of Act 4-2017, the Labor Transformation and Flexibility Act (the "LTFA"), to reestablish many of the labor laws that existed prior to the passage of the LTFA, as well as to create new labor laws creating additional risks and costs for businesses employing persons in Puerto Rico;

WHEREAS, the Oversight Board informed the House and the Puerto Rico Senate (the "Senate," and together with the House, the "Legislature") and the Governor of Puerto Rico (the "Governor," and together with the Legislature, the "Government") on June 24, 2021 that HB 3 would violate PROMESA by, among other things, repealing labor reforms the certified Commonwealth Fiscal Plan (the "Fiscal Plan") expressly directs not be undone, and thus would be significantly inconsistent with the Fiscal Plan, and would impair and defeat PROMESA's purposes;

WHEREAS, the Oversight Board had previously undertaken its own economic analysis of HB 3 and its successors and retained economic experts in 2021 to conduct an analysis of the legislation and their impact on the Commonwealth's revenues and Fiscal Plan and to advise the Oversight Board;

WHEREAS, the Senate passed HB 3 on February 7, 2022;

WHEREAS, on February 11, 2022, based on its assessment of the legislation and the analysis of its economist and advisors, the Oversight Board determined HB 3, if

implemented, will impair and defeat PROMESA's purposes, and advised the Governor of such determination;

WHEREAS, the Governor vetoed HB 3 on March 4, 2022, but expressed support for the principles underpinning it, and requested the Legislature to reconsider its provisions;

WHEREAS, on March 8, 2022, the House passed HB 1244 which, like HB 3, seeks to create new labor restrictions, proposes to repeal portions of the LTFA and to reestablish many of the burdensome labor laws that existed prior to the passage of the LTFA, and proposes to impose additional labor laws;

WHEREAS, on March 18, 2022, based on its assessment of the legislation and the analysis of its economist and advisors, the Oversight Board passed a resolution (1) finding that HB 1244 contained most of the problematic aspects of HB 3 that led the Oversight Board to determine HB 3 impairs and defeats the purposes of PROMESA; (2) directing the Senate not to pass HB 1244; (3) directing the Governor not to enact HB 1244 and directing the Government not to implement HB 1244; (4) advising the Government it is barred by PROMESA section 108(a)(2) from enacting, implementing, and enforcing HB 1244; and (5) approving taking legal action to enforce the bar against enacting, implementing, and enforcing HB 1244 and to have it declared a nullity;

WHEREAS, the Senate passed an amended version of HB 1244 on June 2, 2022;

WHEREAS, the House concurred with the Senate's amendments on June 7, 2022, formally approving HB 1244;

WHEREAS, the Senate's amendments to HB 1244 were modest and failed to remedy the problematic provisions of the bill that led the Oversight Board to determine on March 18, 2022 that HB 1244 impairs and defeats the purposes of PROMESA;

WHEREAS, on June 10, 2022, following a presentation on the impact of HB 1244, the Oversight Board passed another resolution (1) finding the amended draft of HB 1244 impairs and/or defeats PROMESA's purposes, including of ensuring fiscal responsibility and achieving access to capital markets; (2) directing the Governor not to enact HB 1244; (3) directing the Government not to implement or enforce HB 1244; (4) advising the Government it is barred by PROMESA section 108(a)(2) from enacting, implementing, and enforcing HB 1244; and (5) approving taking legal action to enforce the bar against enacting, implementing, and enforcing HB 1244 and to have it declared a nullity;

WHEREAS, the Governor nevertheless signed HB 1244 into law as Act 41-2022 on June 20, 2022 with knowledge HB 1244 governs employment relations between private employers and employees, thereby imposing laws and obligations the Governor would be powerless to stop;

WHEREAS, on June 29, 2022, the Governor submitted Act 41-2022 to the Oversight Board without including a formal estimate prepared by an appropriate entity of the territorial Government with expertise in budgets and financial management of the impact that Act 41-2022 will have on the revenues of the Commonwealth and failed to provide a proper certification that the law is or is not significantly inconsistent with the certified Fiscal Plan, as required by PROMESA section 204(a);

WHEREAS, on July 19, 2022, the Oversight Board responded to the Government notifying the Governor and Legislature pursuant to PROMESA section 204(a)(3) that the Governor had failed to submit the required certification and formal estimate for Act 41-2022 and directed them pursuant to PROMESA section 204(a)(4) to provide the missing formal estimate and certification;

WHEREAS, the Oversight Board understood from the face of Act 41-2022 that it increases the cost of employment and termination and logically could only diminish new investment creating new jobs in Puerto Rico, especially because forty nine of the fifty states are employment-at-will jurisdictions not creating presumptions that terminations are unwarranted;

WHEREAS, the Oversight Board took notice of its deliberations and considerations earlier in its tenure concerning Puerto Rico's not being an employment-at-will jurisdiction and that the Government had refused to implement the labor reforms it had sought;

WHEREAS, on July 22, 2022, AAFAF responded to the Oversight Board requesting the Oversight Board's financial analysis and declining to provide all of the information and materials previously requested by the Oversight Board;

WHEREAS, Dr. Robert Triest made a presentation on July 29, 2022 to the Oversight Board regarding Act 41-2022;

WHEREAS, Dr. Triest found (1) the structure of Puerto Rico's labor market makes Puerto Rico especially vulnerable to decreases in formal sector employment from enactment of Act 41-2022; (2) re-establishing labor restrictions under Act 41-2022 reduces labor market flexibility in contravention of the Fiscal Plan; (3) Act 41-2022 will have a significant negative impact on employment by creating uncertainty; and (4) the structure, costs, and risks of provisions in Act 41-2022 discourage new hiring and will significantly reduce the effectiveness of the Earned Income Tax Credit ("EITC");

WHEREAS, Dr. Triest concluded the provisions of Act 41-2022 are inconsistent with the Fiscal Plan and the Plan of Adjustment;

WHEREAS, the Oversight Board sent a letter to the Government on July 30, 2022, explaining the Government's failures to comply with PROMESA, the Fiscal Plan, and the Plan

3

of Adjustment, attaching Dr. Triest's prior presentation and requesting the Governor agree to a proposed consent order suspending Act 41-2022;

WHEREAS, the Government sent a letter to the Oversight Board on August 4, 2022 claiming, among other things, it is too "complex and difficult" to perform any economic analysis of Act 41-2022;

WHEREAS, Dr. Triest examined the Government's statements and assertions in its August 4 letter and concluded that the Government's statements and assertions did not change his views as presented to the Oversight Board on July 29;

WHEREAS, Dr. Triest made a revised presentation on August 12, 2022 to the Oversight Board, summarizing his analysis of the Government's letter dated August 4, 2022, and confirming his prior findings and conclusions that Act 41-2022 will reduce the Commonwealth's revenues;

WHEREAS, the Oversight Board has engaged in extensive communications with the Government sharing its concerns and findings;

WHEREAS, the Government of Puerto Rico has rejected these findings and refused to suspend Act 41-2022 despite the Oversight Board's concerns;

WHEREAS, taking into account the Oversight Board's certified fiscal plans and their underlying analyses, and all other considerations of labor laws during its tenure, the Oversight Board has determined Act 41-2022, in the form signed into law by the Governor on June 20, 2022, impairs and/or defeats PROMESA's purposes, including of ensuring fiscal responsibility and achieving access to capital markets, by discouraging new hiring and reducing labor market flexibility in direct contravention of the Fiscal Plan, which in turn will (1) negatively impact Puerto Rico's dismal labor force participation rate; (2) reduce economic growth and market competition; (3) deprive the Commonwealth of the revenues associated with such revenue growth (including by reducing the effectiveness of the EITC) without providing for offsetting savings or new revenues; and (4) increase the Commonwealth's public assistance burden;

WHEREAS, the Oversight Board has further determined the enactment of Act 41-2022, in the form signed into law by the Governor on June 20, 2022, impairs and/or defeats PROMESA's purposes, including of ensuring fiscal responsibility, as the Government passed the law without undertaking an economic analysis of its impact on the Commonwealth's revenues;

WHEREAS, after consultation with the Oversight Board's legal and financial advisors, and following extensive deliberation, the Oversight Board has determined it is necessary and appropriate under PROMESA to take such actions as it considers necessary, consistent with

4

its powers under PROMESA, to prevent further harm to Puerto Rico's financial future from Act 41-2022; and

NOW, THEREFORE, IT IS HEREBY RESOLVED that the Oversight Board:

1. Directs the Government not to implement or enforce Act 41-2022, and to undertake actions to immediately suspend the law;
2. Advises the Government it is barred by PROMESA section 108(a)(2) from enacting, implementing, and enforcing Act 41-2022;
3. Advises the Governor again that because he has acknowledged the Government cannot stop private enforcement of Act 41-2022, the only way to avoid litigation is for the Governor to stipulate to an order suspending Act 41-2022, which the Governor has recently refused to do;
4. Approves taking legal action against the Government and other appropriate parties, pursuant to its authority under PROMESA, including section 104(k), to enforce the bar against enacting, implementing, and enforcing Act 41-2022 and to have it declared a nullity, to prevent further harm to the Commonwealth and its citizens and to carry out PROMESA.

Agreed and authorized as of the date first set forth above.