UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 20605 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>Re: ECF No. 2785 |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>      Movant.<br><br>v.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*,<br><br>      Respondents. | |

## URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER EXTENDING MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE

To The Honorable United States District Court Judge Laura Taylor Swain:

      The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") in this Title III case pursuant to section 315(b) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion (the "Urgent Motion") for an order extending through and including September 16, 2022, subject to an automatic extension without further Court approval, and at the Mediation Team's discretion, through and including September 30, 2022, when and if the Mediation Team files a notice of such proposed extension: (i) the Termination Date (as defined below) for mediation, and (ii) the deadline for the Oversight Board to comply with certain directives in the Court's July 29 Order,[3] and represents as follows:

---

[2] PROMESA is codified at 48 U.S.C §§ 2101–2241.

[3] *See Order Granting the (A) Mediation Team's Notice and Request for Approval of Third Extension of Termination Date of Mediation and (B) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline* [ECF No. 2911] (the "July 29 Order"), extending through August 15, 2022, and, at the Mediation Team's discretion, through September 9, 2022, the deadlines initially established in the *Order Denying Urgent Motion of the Ad Hoc Group of PREPA Bondholders to Appoint a Mediator*

2

**RELIEF REQUESTED**

1. The Oversight Board respectfully requests the Court to enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") extending through September 16, 2022, subject to an automatic extension without further Court approval, and at the Mediation Team's discretion, through and including September 30, 2022, (i) the Termination Date (defined below), and (ii) the current September 9, 2022 deadline for the Oversight Board to file either (a) a plan of adjustment, (b) a term sheet for a plan of adjustment, (c) a litigation schedule, or (d) a declaration and memorandum of law showing cause why the Court should not consider dismissal of PREPA's Title III case, set forth in the Court's July 29 Order. The proposed extension of the Termination Date (defined below) mirrors the extension timeline requested by the Mediation Team. ECF No. 2941. AAFAF and Syncora consent to the extension. The Ad Hoc Group of PREPA Bondholders, National Public Finance Guarantee Corp. ("National") Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured"), and PREPA's fuel line lenders have not yet indicated whether they consent. La Union de Trabajadores de La Industria Electrica y Riego ("UTIER"), and PREPA's retirement system ("SREAEE") indicated that they were unable to obtain client consent in the requested timeframe. The Official Committee of Unsecured Claimholders (the "UCC") objects to the extension.

**BACKGROUND**

2. On March 8, 2022, the Court entered the March 8 Order directing the Oversight Board to file an indication of its proposed path forward to conclude PREPA's Title III case by

---

*and Impose Deadlines for a PREPA Plan of Adjustment and Directing Additional Consultation and Filings* [ECF No. 2748] (the "March 8 Order"). On August 15, 2022, the Mediation Team exercised their authority to further extend the relevant deadlines and filed *The Mediation Team's Notice of Extension of the Mediation Termination Date and Related Deadlines to September 9, 2022* [ECF No. 2923].

3

May 2, 2022 (as amended or modified from time to time, the "Path Forward Deadline"), including by filing a proposed plan, a plan term sheet, a litigation schedule, or a brief showing cause why PREPA's Title III case should not be dismissed. *See* March 8 Order, ¶¶ 12–13. The first three options were to be accompanied by either a confirmation timetable or litigation schedule. *Id.*

3. On April 8, 2022, the Court entered the *Order Appointing Mediation Team* [ECF No. 2772] (the "Appointment Order") appointing a team of judicial mediators (the "Mediation Team") to facilitate consensual resolution of the issues in PREPA's Title III Case. The Mediation Team is led by Judge Shelley C. Chapman, joined by Judge Robert D. Drain and Judge Brendan L Shannon. Appointment Order, ¶ 2. The Court also designated the following parties as mediation parties (the "Mediation Parties"): (a) the Oversight Board, (b) AAFAF, (c) the Ad Hoc Group of PREPA Bondholders (d) National, (e) Assured, (f) Syncora, (g) UTIER, (h) SREAEE, (i) the UCC, and (j) PREPA's fuel line lenders. *Id.*

4. That same day, the Court entered the *Order Establishing the Terms and Conditions of Mediation* [ECF No. 2773] (the "Terms and Conditions Order," and together with the Appointment Order, the "Mediation Orders") directing that mediation shall terminate on June 1, 2022, at 11:59 p.m. (Atlantic Standard Time), unless extended to July 1, 2022 (as applicable, the "Termination Date"). The original Termination Date was subject to extension past July 1, 2022, with the "Court's approval after notice of such proposed extension to parties in interest." Terms and Conditions Order, ¶ 3.

5. Since the commencement of mediation, the Mediation Team and the Oversight Board have sought several extensions to both the Termination Date and the Path Forward Deadline. *See* ECF Nos. 2823, 2860, 2862, 2900, 2902, and 2923. Most recently, the Mediation Team

4

exercised the option it was granted in the July 29 Order to unilaterally extend the Termination Date and Path Forward Deadline to September 9, 2022.

6. On September 1, 2022, the Mediation Team filed *Mediation Team's Notice and Request for Approval of a Fourth Extension of the Mediation Termination Date* [ECF No. 2941] (the "Extension Motion"), requesting an extension of the Termination Date through September 16, 2022, subject to an automatic extension through and including September 30, 2022 at the Mediation Team's discretion and without further Court approval, when and if the Mediation Team files a notice of extension. By this Motion, the Oversight Board seeks the same extension of the Termination Date, along with an extension of the Path Forward Deadline on the same terms.

## BASIS FOR RELIEF

7. Since the entry of the Mediation Orders, including during the most-recent extension of the Termination Date, the Mediation Team and the Mediation Parties have engaged in numerous mediation sessions and continue to work collaboratively to determine whether a consensual plan of adjustment is attainable. The Mediation Team and Oversight Board have been primarily focused on engaging with holders and monoline insurers of PREPA's bonds, as PREPA's largest claimholder constituency. PREPA has also engaged with the attorneys for each of PREPA's remaining unions, SREAEE, the UCC, and the Fuel Line Lenders, each in coordination with the Mediation Team. As a result of such engagement, PREPA has made proposals to each of the remaining unions and to SREAEE. PREPA continues to engage with all Mediation Parties in coordination with, and under the direction of, the Mediation Team, and will continue to do so if the requested extension is approved.

8. The Oversight Board believes progress has been made with holders and monoline insurers of PREPA's bonds, particularly with respect to the structure of certain securities to be

5

issued in connection with any consensual plan of adjustment. The parties continue to work hard to develop creative solutions to bridge the economic gap between them. While no resolution has been reached to date—and there are no assurances that these efforts will ultimately prove fruitful—the mediation continues in good faith and both the Mediation Team and the Oversight Board believe the mediation process continues to be beneficial and in the best interests of PREPA and its stakeholders. The negotiations with Bondholders have understandably consumed much time and effort because of starkly different legal and economic positions among the parties involving bond claims approximating $9 billion. In addition, the Oversight Board has concurrently been formulating and presenting proposals to other Mediation Parties to resolve other significant issues. Accordingly, in support of the mediation process and the Extension Motion, the Oversight Board respectfully requests the Court extend the Termination Date and the Path Forward Deadline through September 16, 2022, subject to an automatic extension through September 30, 2022, if the Mediation Team files a notification of same.

9. Extending the Termination Date and the Path Forward Deadline to September 16, 2022, will allow the Oversight Board, Bondholders, and Monolines to proceed with a scheduled in-person mediation session with the Mediation Team on September 13, 2022 and allow the Mediation Team to determine at that time whether a further two-week extension is warranted. Such extension would provide the Mediation Parties and Mediation Team more time to conduct productive mediation without litigation. While the UCC believes its constituency would benefit from litigation that narrows the legal issues sooner rather than later, the Oversight Board believes that, at this time, mediation should continue without the distraction and costs of litigation. Because any settlement would have to be approvable over potential objections, the Oversight Board submits that the UCC is not prejudiced by the requested extension.

**Certification of Compliance with**
**Local Rule 9013-1 and the Sixteenth Amended Case Management Procedures**

10. Pursuant to Paragraph 1.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-BK-3283-LTS, ECF No. 20190-1] (the "Case Management Procedures"), the Oversight Board hereby certifies it has carefully examined the matter and concluded there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and, except as otherwise described herein, no party opposes the relief requested herein.

**NOTICE**

11. Contemporaneously with filing the Urgent Motion, the Oversight Board is providing notice of this Urgent Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (c) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain Trade Finance Facility Agreement, dated as July 20, 2012; (d) the statutory unsecured claimholders' committee appointed in this Title III Case; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to AAFAF; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in this Title III case; and (i) all other Mediation Parties. A copy of the Motion is also available on the Debtor's case website at https://cases.ra.kroll.com/puertorico/.

12. The Oversight Board submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

WHEREFORE the Oversight Board requests the Court enter the Proposed Order and grant it such other and further relief as is just.

Dated: September 1, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Paul V. Possinger
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      ddesatnik@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for PREPA*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorney for the Financial Oversight and Management Board as representative for PREPA*

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

# **EXHIBIT A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. _____ |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>Re: ECF Nos. \_\_\_\_\_ |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PUERTO RICO ELECTRIC POWER
AUTHORITY,

    Movant.

v.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, *et al*.,

    Respondents.

**[PROPOSED] ORDER GRANTING URGENT MOTION OF
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER EXTENDING
MEDIATION TERMINATION DATE AND RELATED PATH FORWARD DEADLINE**

Upon the *Urgent Motion of Financial Oversight and Management Board to Extend Mediation Termination Date and Path Forward Deadline* (Docket Entry No. ____ in Case No. 17-3283 and Docket Entry No. ____ in Case No. 17-4780, the "Urgent Motion");[2] and the Court having found the Oversight Board provided adequate and appropriate notice of the Urgent Motion under the circumstances and that no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief set forth herein:

    1.    The Urgent Motion is **GRANTED** as set forth herein.

    2.    The Court extends through **September 16, 2022**, subject to an automatic extension through September 30, 2022, at the Mediation Team's discretion and without further Court approval if the Mediation Team files a notice of extension, the (i) Termination Date for mediation, and (ii) deadline for the Oversight Board to file either (a) a plan of adjustment, (b) a term sheet for a plan of adjustment, (c) a litigation schedule, or (d) a declaration and memorandum of law

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

2

showing cause as to why the Court should not consider dismissal of PREPA's Title III case, as set forth in the Court's July 29 Order.

3. Except as provided in paragraph 2 above, the Termination Date may be further extended only upon this Court's approval after notice of such additional proposed extension to parties in interest; provided, however, the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting items.

4. This Order shall take immediate effect and be enforceable upon its entry.

5. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated: _____, 2022

SO ORDERED:

_____
HONORABLE LAURA TAYLOR SWAIN
United States District Judge

3