UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>et al.,<br>THE EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTORICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY<br><br>Debtors[1] | PROMESA TITLE III<br><br>Case No. 17-BK-3283 (LTS) |

**REPLY TO DEBTOR'S OBJECTION TO THE REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FILED BY PABLO MELANI CURRA AND DIANA VELEZ MARTINEZ**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 35(787)66-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

1

**COME NOW**, **Pablo Melani Curra and Diana Velez Martinez**, administrative expense claimants in this Title III proceeding filed by the Commonwealth of Puerto Rico under PROMESA, to reply to the Debtor's Objection to the Request for Allowance and Payment of the Administrative Expense filed at docket entry 21932. The appearing parties respectfully state as follows:

**PRELIMINARY STATEMENT**

Before the court is the request by Pablo Melani Curra and Diana Velez Martinez seeking the allowance of their administrative expense claim filed at docket 21229 and the objection filed by the Debtor at docket 21932.

There are two issues before the Court. First, the Court must determine if the due process rights of Melani and Velez were duly noticed during the pre and post confirmation process in the Commonwealth case. And, whether they are entitled to the allowance and payment of the administrative claims under the "fundamental fairness doctrine," an exception to the administrative expense definition and requirements under section 503 of the Bankruptcy Code.

**Due Process Noticing**

In examining this controversy, the Court must decide whether the due process rights of the administrative claimants were protected, preserved, considered, and safeguarded. And whether they were duly notified of how their proprietary interest in their state court cause of action would be enjoined from continuing under the terms of the confirmed plan. The Court must determine how the due process rights of these plaintiffs were preserved.

The second prong is the merry-go-round structure included in the Confirmation

2

Order and other provisions cited by the Debtor that promote the filing of an administrative expense under a very restricted definition under the confirmed plan that not only devoid the parties that are non-participants in the captioned Title III proceedings of their due process rights but also deprive them to their day in Court, that is the Court of First Instance of Puerto Rico.

**Factual Background**

The factual scenario in this case is uncontested by the Debtor in the Objection filed at docket entry number 21932.

1. The administrative claimants suffered damages in an accident caused by the Department of Transportation and Public Works on January 17, 2021 due to an absence of illumination, signage warnings, and safety barrels.

2. The accident caused by an entity of the Commonwealth of Puerto Rico, the Department of Transportation and Public Works[2] happened on January 17, 2021, more than 43 months after the Commonwealth Title III proceeding was filed.

3. The cause of action was timely filed under Commonwealth law on January 13, 2022, before the Court of First Instance of Puerto Rico, Bayamon Division, case number TA 2022CV 00001.

4. The appearing administrative expense claimants are the plaintiffs in a complaint for damages filed against the Title III Debtor, the Commonwealth of Puerto Rico.

---

[2] The Department of Justice represents the interests of the Commonwealth of Puerto Rico and the Department of Transportation and Public Works (a Commonwealth agency). The administrative claimants do not need to file an administrative expense claim Puerto Rico Highways and Transportation Authority ("HTA")

3

5. On May 4, 2022 at entry number 30 in case TA2022CV00001 of the Court of First Instance of Puerto Rico, the Department of Justice of the Commonwealth of Puerto Rico filed a motion titled *Notice of Injunction Staying the Litigation in this Case and Regarding the Requirement to File An Administrative Expense Claim With the Title III Court,* (" Notice of Injunction") Exhibit A: Certified Translation of the Notice of Injunction.

6. The Notice of Injunction filed by the Department of Justice and all of the Orders, definitions and Plan sections therein cited as the rule of law in this case fail to stand the due process test for the appearing administrative claimants. Now, it would be an exercise in futility to repeat the citations to the Approved Disclosure Statement and Plan of Readjustment, the Confirmation Order, and the Motion on the Effective date of the Plan.

7. None of those documents have an impact on the claimants because they were not given a due process notice explaining how these documents would enjoin them from continuing their cause of action in the PR Court of First Instance.

8. For the sake of argument, the Debtor may assert that due process was provided by noticing all participating parties in this Title III case with copies and access to the approved Disclosure Statement and the confirmed Plan of Readjustment. But a notice to participating parties, creditors, and parties that have appeared through counsel. But, that notice is not a due process notice to the administrative claimants that were not part of the Title III Commonwealth case during the pre and post confirmation proceedings.

9. The claimants did not receive any of the proposed Disclosure Statements and any of the proposed Plans of Readjustment, nor a notice on the impact of these

document on their cause of action.

10. Therefore, the Debtor, the FOMB, creditors, and other entities in the Title III proceeding have ignored and bypassed the due process rights of the appearing administrative claimants. All of the documents cited by the Department of Justice of the Commonwealth should have been noticed to the administrative claimants and explained in layman's language for the claimants to understand the impact of these documents on their cause of action. It must be underscored that there was no due process notice to these administrative claimants in the Commonwealth Title III proceeding. Hence, the Discharge Injunction is inapplicable to them.

**Due Process Rights**

The United States Constitution at Amendment V and XIV provides that "No person shall be deprived of property without due process of law." The Constitutional principle is a pillar for US citizens including the US citizens in Puerto Rico.

Under the United States Constitution, a US citizen must be given the opportunity to preserve their rights, as in this case the right to pursue a tort cause of action and have their day in court by being noticed of a different scenario as under the Confirmation Injunction, and afforded the opportunity to be heard.

The Supreme Court of the United States has ruled that due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," _Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314,70 S.Ct. 652, 94 L.Ed. 865 (1950)._

In *Mullane*, supra, knowledge was one of the "practicalities and peculiarities of the case" that the Court considered in determining whether due process constitutional requirements were met. The practicalities and peculiarities of the Commonwealth Title III case would have required very specific notice of the consequences of the Plan confirmation.

Therefore, in this case, the Court should be persuaded to evaluate whether the claimants had knowledge of the Plan confirmation Injunction and that the Confirmation Order would eliminate their day in Commonwealth Court. The answer is no. As laypeople they did not have knowledge of the impact on their case.

In the case of *United Student Aid Funds, Inc. v. Espinosa 559 U.S. 260 (2010)*, the Supreme Court addressed whether a creditor's due process rights were violated based on a lack of notice on a Chapter 13 Debtor's request for a hardship discharge.

The Court ruled that the creditor, United, had participated in the case, had filed a proof of claim in the case and had received all documents filed in the case from the Clerk's Office. Therefore, the Court found that there was no violation of the creditor's due process rights. As a participant and creditor in the case, United had actual knowledge and notice of the filings and of Espinosa's Chapter 13 Plan. *United*, supra. That is not the case of the administrative claimants in this case.

In sum, appearing parties Pablo Melani Curra, and Diana Velez Martinez have been sidetracked by the Debtor. Their due process rights were not considered. They were not informed that the confirmed plan and related documents would enjoin them of pursuing their cause of action in the Commonwealth Courts.

Most importantly, the Injunction Motion filed by the Department of Justice of the Commonwealth strategically blindsided the administrative claimants, forced them into a

merry-go-round, and mislead the Court of First Instance to enter a partial judgment dismissing the case filed by claimants Melani and Curra.

This is evinced throughout the Injunction Motion because there is no allegation that the due process rights of the claimants were preserved, considered and proper notice was provided to them; and in the first sentence of paragraph 16 at page 6 of the Injunction Motion at Exhibit A which is part of the merry-go-round ride for the claimants. The first sentence of paragraph 16 states : " The plaintiff in this post-petition case will not be devoid of a recourse or remedy, since there is a provision for administrative expense claims, if the claim qualifies as such, and there is still time to file a claim under an Administrative Expense Request." In the period of the Melani and Curra case there was time to file the administrative expense claim. The plaintiffs filed their claims through the Kroll procedure and by the Motion filed at docket entry 2122.

**Debtor's Objection to the Administrative Expense Classification**

In its Objection, the Debtor avers the request for administrative expense should be denied because the asserted claim is contingent, and the administrative claimants failed to articulate a reason their claim satisfies the requirements as an administrative expense.

As to the contingency of the administrative expense claimed by Melani and Velez, it was the Department of Justice of the Commonwealth of Puerto Rico that prompted the Court of First Instance to a partial Judgment dismissing the cause of action against the Commonwealth and the Department of Transportation and Public Works of the Commonwealth of Puerto Rico without prejudice through its *Notice Of Injunction*

7

*Staying The Litigation In This Case And Regarding The Requirement To File An Administrative Expense Claim With The Title III Court.* See Exhibit A and B.

Therefore, the resolution of cause of action should be determined by the Commonwealth Court of First Instance. The case should be allowed to continue to the final adjudication. The proper forum is the Commonwealth Court because it has the experience and knowledge of the statutory requirements of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico and the expertise in adjudicating these causes of action. Once the judgement is final, it can be collected in the Title III Commonwealth case as an administrative expense under the fundamental fairness doctrine.

Section 503 of the Bankruptcy Code is applicable to PROMESA proceedings pursuant to section 301 of Title III of PROMESA. The hornbook law definition and requirements of an administrative expense are expounded in section 503 and require a post-petition transaction with the debtor, in this case the Commonwealth, and a benefit to the estate of the debtor. <u>In re Hemingway Transp., Inc.</u>, *954 F.2d 1, 5 (1st Cir. 1992)*.

However, there is an exception to the standard definition of an administrative expense that fits like a glove in this case. In this case factual scenario, the administrative expense claimants suffered damages in a car crash on January 17, 2021 that was caused by the Department of Transportation and Public Works of the Commonwealth of Puerto Rico due to lack of illumination, signage, and safety barrels.

Under Commonwealth Law, it is the statutory obligation of the Commonwealth through the Department of Transportation and Public Works to provide the highest standard of illumination, signage, and safety barrels in the Roads of the Commonwealth in order to protect the citizens that drive, walk and transit on and through those roads.

Therefore, in the course of its post-petition operations, particularly on the date of the accident, January 2017, the Department of Transportation and Public Works operations caused injuries to the administrative claimants.

The fundamental fairness doctrine, which has its origins in *Reading Co. v. Brown, 391 U.S. 471 (1968)*, has been interpreted within the First Circuit to support administrative expense claim priority for two categories of claims that do not otherwise come within the plain language of section 503(b) of the Bankruptcy Code.

Fundamental fairness doctrine is an exception to the general requirements for allowance of and administrative expense claim is applied when debtor's post-petition operations occasion tortious injuries to third parties, or when claim arises from post-petition actions that deliberately violate applicable law and that damage others. See *In re Healthco Intern., Inc., 272 B.R. 510 (B.A.P. 1st Cir. 2002)* aff'd, 310 F.3d 9 (1st Cir. 2002).

The First Circuit Court in *Healthco* found the items listed in Section 503(b) of the Bankruptcy Code are prefaced by the word "including," which the Bankruptcy Code explains is not meant to have limiting effect. *See* 11 U.S.C. § 102(3) (stating that the word "including" in the Bankruptcy Code is not to be construed as a limitation).

Therefore, the Bankruptcy Appellate Panel for the First Circuit and the First Circuit Court of Appeals ruled that claims without the required components under the strict definition of section 503 of the Bankruptcy Code, may qualify for administrative treatment only in limited circumstances, where "fundamental fairness" requires it. *Healthco*, supra.

More specifically, entities "injured" by the debtor-in-possession's business operations may receive priority payment, even though their claims did not arise from "transactions" necessary to preserve or rehabilitate the estate. (elucidating the so-called

9

"*Reading* exception," citing *Reading Co. v. Brown* 391U.S. 471, 477, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), and the extension of the *Reading* exception effected in *Spunt v.Charlesbank Laundry, Inc. (In re Charlesbank Laundry, Inc.),* 755 F.2d 200, 203 (1st Cir.1985)).

Concisely, the "fundamental fairness" exception is recognized when the debtor's post-petition operations occasion tortious injuries to third parties (*Reading*), or when the claim arises from post-petition actions that deliberately violate applicable law and damage others.

Upon the grounds discussed in this pleading, administrative expense claimants Pablo Melani Curra and Diana Velez Martinez respectfully request this Honorable Court issue an Order allowing the administrative expense filed by these claimants and allow the Commonwealth Court to continue with the state court proceeding.

**WHEREFORE**, administrative expense claimants Pablo Melani Curra and Diana Velez Martinez respectfully request this Honorable Court grant this motion and deny the Objection filed by the Debtor at docket entry 21932.

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants in the captioned case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on September 2, 2022.

Counsel for Pablo Melani Curra and Diana Velez Martinez

*s/ Alexis Fuentes-Hernández, Esq.*
Alexis Fuentes-Hernández, Esq.
USDC-PR 217201

FUENTES LAW OFFICES, LLC
P.O. Box 9022726
San Juan, PR 00902-2726 Tel. (787) 722-5215
Fax. (787) 483-6048
E-Mail: fuenteslaw@icloud.com
