# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 21973** |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| MARIA A. CLEMENTE ROSA,<br><br>Movant,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## DEBTOR'S OBJECTION TO SUPPLEMENTAL
## MOTION FILED BY MARIA A. CLEMENTE ROSA AT ECF NO. 21973

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this objection (the "Objection") to the supplemental motion filed on August 26, 2022 [ECF No. 21973 in Case No. 17-3283] (the "Motion") by Maria A. Clemente Rosa ("Movant"). In support of the Objection, the Debtor respectfully states as follows:

### PRELIMINARY STATEMENT

1. Ms. Clemente Rosa's latest pleading appears to seek an award of money damages from HTA based on an alleged car accident occurring after HTA commenced its Title III case. However, Movant's request for affirmative relief in the form of a damages determination is procedurally improper pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to HTA's Title III case pursuant to PROMESA Section 310. To the extent Movant seeks allowance of her asserted post-petition claim as an administrative expense, it must be denied because HTA's liability has not been established at this time, and Movant fails to satisfy her burden for administrative expense claim treatment. In addition, the Motion should be denied since it seeks to circumvent the claims resolution process established previously by this Court and further proposed in the HTA Plan (as defined below).

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

**BACKGROUND**

*HTA Plan Confirmation*

2. On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "HTA Title III Case"). Pursuant to PROMESA Section 315(b), the Oversight Board is HTA's sole representative in the HTA Title III Case.

3. On June 22, 2022, the Court entered (i) the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 1248 in Case No. 17-3567], approving the *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, as well as, among other things, scheduling the hearing to consider confirmation of the HTA Plan for August 17–18, 2022.

4. On July 18, 2022, Movant filed a motion [ECF No. 1275 in Case No. 17-3567] (the "3018(a) Motion") pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of her asserted post-petition claim against HTA for purposes of voting in connection with confirmation of the HTA Plan. On July 26, 2022, the Court denied the 3018(a) Motion.

5. On August 13, 2022, the Oversight Board filed the *Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1377]. The Court considered confirmation of the HTA Plan, and objections thereto, at a hearing on August 17, 2022.

2

6. On August 24, 2022, the Court entered the *Order to Submit Revised Proposed Plan and Related Materials* [ECF No. 1399 in Case No. 17-03567], directing the Oversight Board to make appropriate revisions to the HTA Plan and related materials to address certain objections to the HTA Plan. Pursuant to the *Order Granting the Urgent Motion for Extension of Deadline to Submit Revised Proposed Plan and Related Materials* [ECF No. 1401 in Case No. 17-03567] (the "Extension Order"), the deadline for the Oversight Board to file a revised HTA Plan and related materials was extended to September 6, 2022. On September 6, 2022, the Oversight Board filed the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1404] (the "HTA Plan").

***The Motion and Movant's Asserted Claims***

7. Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521 in Case No. 17-3283] and the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160 in Case No. 17-3283], Movant was required to file a proof of claim on or before June 29, 2018.

8. Movant filed the following proofs of claim in these jointly administered Title III cases, none of which asserts a claim against HTA ("Movant's POCs"):

| POC Number | Debtor | Status |
|---|---|---|
| 92159 | Commonwealth of Puerto Rico (the "Commonwealth") | Subject to Alternative Dispute Resolution [Case No. 17-3283, ECF No. 21350] |
| 139834 | Commonwealth | Disallowed Pursuant to Court Order [Case No. 17-3283, ECF No. 12657] |

3

| POC Number | Debtor | Status |
|---|---|---|
| 133537 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") | Subject to Administrative Claims Reconciliation [Case No. 17-3283, ECF No. 17320][2] |
| 133778 | Commonwealth | Subject to Objection [Case No. 17-3283, ECF No. 17927] |
| 150849 | Commonwealth | Disallowed Pursuant to Court Order [Case No. 17-3283, ECF No. 12657] |

9. On August 26, 2022, Movant filed the Motion, asserting systemic corruption at HTA and complaining about the Commonwealth's road system, and is not directed in any manner to specific relief requested from this Court. The Motion also appears to request the Court make a damages determination against HTA and grant "the monetary sum that contributes to pay for the damages received by the Debtor." Motion ¶ 1. To the Oversight Board's best understanding, the "damages" Movant refers to are the asserted $48,000.00 in "physical damages" to Movant's vehicle resulting from a crash on the "Iturregui highway" (the "Asserted Claim"). Motion ¶ 28.

**Objection**

10. Movant's request for affirmative relief in the form of a damages determination is procedurally improper pursuant to Bankruptcy Rules 7001 and 7003, made applicable to HTA's

---

[2] On May 5, 2022, Movant filed a motion [ECF No. 20692] requesting immediate resolution and "guaranteed" payment of the amounts requested in Claim No. 133537. On May 20, 2022, the Oversight Board, on behalf of ERS, filed an opposition [ECF No. 20933] to the motion. Claimant did not file a reply, and the motion is pending resolution by the Court.

On June 10, 2022, Movant filed the *Motion Requesting the Court to Accept Pleadings* [ECF No. 21221], requesting the Court "accept" the prior motion filed on May 5, 2022. On June 27, 2022, the Oversight Board filed its opposition [ECF No. 21370] (the "Objection to Motion to Accept Pleadings"), noting Movant's subsequent motion was her second attempt to upend the orderly claims reconciliation process contemplated by the Commonwealth's plan of adjustment. Obj. to Mot. to Accept Pleadings ¶ 1.

4

Title III case pursuant to PROMESA Section 310, which requires actions to obtain a money judgment be commenced by complaint. On this basis alone, the Motion should be denied.

11. Independent of the above-described procedural defect, to the extent Movant seeks administrative expense claim treatment of her Asserted Claim, Movant fails to establish HTA's liability on account of the Asserted Claim, thus necessitating outright denial of the Motion. The Motion should also be denied because (1) Movant fails to meet her burden for administrative expense claim treatment of the Asserted Claim; and (2) the Motion circumvents the claims reconciliation process proposed in the HTA Plan under consideration for confirmation by the Court.

### A. *The Motion Does Not Establish Entitlement to Administrative Expense Status*

12. Parties seeking administrative priority status for their claims must establish liability under applicable law. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law"); *In re Bos. Reg'l Med. Ctr.*, 256 B.R. 212, 220 (Bankr. D. Mass. 2000), *aff'd sub nom. Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re Bos. Reg'l Med. Ctr., Inc.)*, 265 B.R. 838 (B.A.P. 1st Cir. 2001), *aff'd on other grounds*, 291 F.3d 111 (1st Cir. 2002) ("In determining whether an obligation arising under state law is a tax under the Bankruptcy Code, courts must look to state law to understand the characteristics and incidents of the obligation . . . ."); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-4780, 2022 WL 1401506, at *4 (D.P.R. May 4, 2022) ("Motion for administrative expense treatment fails because [movant] has not demonstrated that it has a contractual right to reimbursement of the Expenses . . . ."). To the extent they are not, the asserted costs do not constitute "actual, necessary costs and expenses of preserving" the Commonwealth. 11 U.S.C. § 503(b)(1)(A)(i).

5

13. "'The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it,' and the Court has broad discretion in determining whether to grant a request for such priority treatment." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 631 B.R. 596, 604 (D.P.R. 2021) (quoting *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992)); *see also In re Jeans.com*, 491 B.R. 16, 23 (Bankr. D.P.R. 2013). A party seeking administrative expense treatment must show a "clear relationship between the expenditures made and the benefit conferred on the estate . . . ." *In re Drexel Burnham Lambert Grp.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (citations omitted).

14. Here, Movant ignores the contingent nature of the Asserted Claim. In other words, liability has not been established on the Debtor's part. Movant therefore does not hold a liquidated claim for which she can seek recovery. Further, Movant makes no attempt to engage in the necessary analysis to satisfy her burden for administrative expense claim treatment of the Asserted Claim. Movant instead generally complains about the Puerto Rico government and the conditions of the Commonwealth's road system.[3] These statements bear no relation to whether the Asserted Claim constitutes an administrative expense, nor do they support a claim that Movant is entitled to any relief at all, much less against HTA.

### B. *Movant's Request Circumvents the Claims Reconciliation Process Proposed in the HTA Plan*

15. The Motion constitutes an attempt to circumvent the process proposed in the HTA Plan for resolving disputed claims. The proposed HTA Plan provides the Debtor will have one

---

[3] In addition, Movant argues she suffered "discrimination and harassment" from the Debtor's legal representatives since she apparently received five identical "letters" from the Oversight Board. Motion ¶ 22. This occurrence constitutes neither discrimination nor harassment, but rather fulfillment of the Debtor's notice obligations. Movant filed five (5) separate claims against the Commonwealth and ERS, which, as noted in Paragraph 8 above, are each in a different procedural posture. [Claim Nos. 133778, 139834, 92159, 150849, and 133537]. The Debtor's noticing agent sends notices and copies of pleadings to claimants when a related pleading or order is filed.

hundred eighty (180) days following the effective date to object to claims, unless further extended. HTA Plan § 32.1. The Debtor will require this time to review filed claims and determine the most effective path forward to resolve asserted claims. Indeed, confirmation of the HTA Plan is under consideration by the Court, which is subject to the Oversight Board filing a revised HTA Plan and related materials pursuant to the Extension Order. Movant seeks to short-circuit this proposed process while the HTA Plan is under consideration for confirmation, and require the Debtor to resolve the Asserted Claim prematurely, while other similarly situated claimants would proceed through the claims resolution process proposed in the HTA Plan if it is confirmed. There is no reasoned basis to allow Movant to jump to the front of the creditor line, particularly given the procedural and substantive posture of the Asserted Claim. As a result, the Motion should be denied.

[*Remainder of Page Left Intentionally Blank*]

**WHEREFORE** the Oversight Board respectfully requests that the Court deny the Motion.

Dated: September 6, 2022
     San Juan, Puerto Rico

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Puerto Rico Highways and Transportation Authority*

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Puerto Rico Highways and Transportation Authority*

8