# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
---------------------------------------------------------------------------- x

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS RESPONSE IN OPPOSITION TO ERS PLAINTIFFS' MOTION TO STAY CONSIDERATION OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S MOTION TO ENFORCE THE PLAN OF ADJUSTMENT

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this response in opposition (the "Response") to the *ERS Plaintiffs' Motion to Stay Consideration* [Docket No. 21808 in Case No. 17-3283 (LTS)] ("Motion to Stay") of UBS Financial Services

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

Incorporated of Puerto Rico ("UBS") *Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* [Docket No. 21651 in Case No. 17-3283 (LTS)] ("Motion to Enforce"). In support of this Response, the Committee respectfully states as follows:

## INTRODUCTION

1. The ERS Plaintiffs request an indeterminate stay of the Motion to Enforce because they claim that "it is not known if the Underwriter Adversary Action will be prosecuted, abandoned or dismissed" or because UBS could successfully seek dismissal of the claims in the Underwriter Action. Motion to Stay at ¶6.

2. The Court should deny the Motion to Stay because the claims asserted by the ERS Plaintiffs have been transferred by the Plan of Adjustment[3] to the Avoidance Actions Trust, which is administering those claims for the benefit of general unsecured creditors. The ERS Plaintiffs, in turn, have otherwise been well treated under the Plan and retain no further right, title or interest in litigation claims against UBS arising from the 2008 ERS pension obligation bond issuances. As such, the Avoidance Actions Trust is the sole remaining party with standing to advance the litigation claims at issue.

3. If the Court were to grant the Motion to Stay, the ERS Plaintiffs would be able to continue prosecuting their claims in Commonwealth Court to the detriment of general unsecured creditors and in violation of the Plan. In effect, granting the Motion to Stay is tantamount to a denial *without prejudice* of the Motion to Enforce. Notably, the Motion to Stay is silent as to the

---

[3] On January 18, 2022, this Court entered an order confirming the Plan of Adjustment to restructure the Commonwealth's and the ERS's debt, including the outstanding debt to pensioners and holders of the ERS's pension obligation bonds. [Docket No. 19813 ("Confirmation Order"); 19813-1 (the "Plan")].

2

well-reasoned arguments advanced by UBS in the Motion to Enforce concerning the Plan's effect on their ability to continue pursuing the Commonwealth Action.

4. Finally, the Committee respectfully submits that deferring consideration of the Motion to Enforce will impair the Avoidance Actions Trust's ability to administer litigation claims against UBS because it will be unable to pursue a global resolution of the claims against UBS for the benefit of general unsecured creditors, whether through settlement or trial. Accordingly, the Committee objects to deferring consideration of the Motion to Enforce.

## BACKGROUND

5. On July 28, 2022, UBS Financial Services Incorporated of Puerto Rico ("UBS") filed a motion captioned "UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief" [Docket No. 21651] (the "Motion to Enforce").

6. The Motion to Enforce seeks to enjoin the ERS Plaintiffs[4] in litigation pending in Commonwealth Court and captioned *Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Financial Services Inc. Of Puerto Rico*, Civ. No. KAC-2011-1067 ("Commonwealth Action") from continuing to litigate claims that are (i) property of the Employee Retirement System; (ii) were transferred to the Avoidance Actions Trust pursuant to Section 78.6 of the Plan; and (iii) are currently being pursued by the Avoidance Actions

---

4 The individual plaintiffs are Pedro José Nazario Serrano; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez and Luis M. Jordán Rivera. They purport to be retirees/beneficiaries claiming damages against ERS in the Commonwealth Action, which is pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court").

3

Trustee in the adversary captioned *Drivetrain, LLC v. Barclays, et al.,* Adv. Proc. No. 19-000280-LTS (the "Underwriter Adversary Action").

7. On August 10, 2022, the ERS Plaintiffs filed the Motion to Stay, which requests the Court defer consideration of the Motion to Enforce until (i) it is determined if the Avoidance Actions Trust will pursue claims against UBS; or, in the alternative; (ii) thirty days after UBS files a responsive pleading. Motion to Stay at p. 4. Notably, the Motion to Stay does not address whether the ERS Plaintiffs claims have been transferred to the Avoidance Actions Trust pursuant to the Plan. Instead, the ERS Plaintiffs simply conclude that Commonwealth Action and the Underwriter Adversary Action do not seek the same "remedies" and, without more, ask the Court to permit them to continue litigating the Commonwealth Action. *Id.* at ¶2.

## **ARGUMENT**

8. The Commonwealth Action and the Underwriter Action each assert claims against UBS arising from their role in ERS's issuance of pension obligation bonds in 2008. In fact, both cases assert claims based on alleged breaches of the same contract between UBS and the ERS. *See* Underwriter Adversary Action Compl. ¶¶ 48-55, 510-514, 543-547 (asserting claims for breach of contract against UBS arising out of purchase contracts underwriters entered in connection with ERS' 2008 pension obligation bond issuances) and ERS Plaintiffs' Fourth Amended Complaint ¶ 6.18 (alleging UBS violated its "underwriting contracts with the System for the issue and sale of the Bonds")) [Motion to Enforce at Exhibit A.].

9. Pursuant to the Plan, causes of action, such as the claims against underwriters, were placed in trust for the benefit of creditors other than the retirees. Specifically, Section 78.3 states that "[o]n the Effective Date, the Debtors shall transfer all of the Avoidance Actions Trust Assets to the Avoidance Actions Trust." (Plan § 78.3). The Avoidance Actions Trust Assets contain more

4

than just classic avoidance claims; they also include the claims being asserted in the Underwriter Adversary Action. (*See id.* § 1.108 (defining "Avoidance Actions Trust Assets" to include "(c) such other actions that have been brought by or on behalf of the Debtors seeking affirmative recoveries, and which actions are set forth in the respective litigation lists on Exhibit 'B' hereto"); *see also id.* Exhibit B, listing the Underwriter Adversary Action)

10. The claims placed in the Avoidance Actions Trust are no longer under the control of the ERS or the Commonwealth. Rather, under Section 78.6 of the Plan, the Avoidance Actions Trustee has the "rights, powers and duties" to "hold the Avoidance Actions Trust Assets for the benefit of the Avoidance Actions Trust Beneficiaries" and "to investigate, prosecute, settle and/or abandon rights, Causes of Action, or litigation of the Avoidance Actions Trust." (Id. § 78.6)

11. These provisions also give the Avoidance Action Trustee control over the claims in the Commonwealth Action because complaints in both cases contain essentially the same claims.

12. Accordingly, the Avoidance Actions Trust should be permitted to administer litigation against UBS without interference from the ERS Plaintiffs. For this very reason, the Committee requests the Court favorably consider the Motion to Enforce and deny the Motion to Stay.

5

WHEREFORE, the Committee respectfully requests the Court deny the Motion to Stay and grant the relief requested in the Motion to Enforce consistent with this response.

Dated: September 6, 2022

By: */s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir, Suite 640,
Miami, FL 33134
Tel: (305) 677-2707
jarrastia@continentalpllc.com
jsuarez@continentalpllc.com
acastaldi@continentalpllc.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

/s/ *Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.,
(USDC-PR 218312)
Israel Fernández Rodriguez, Esq.,
(USDC-PR 225004)
Juan C. Nieves González, Esq.,
(USDC-PR 231707)
Cristina B. Fernández Niggemann, Esq.
(USDC-PR 306008)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than PBA and COFINA)*