UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**CARLOS LAMOUTTE'S MOTION TO CONSOLIDATE DISQUALIFICATION COMPLAINTS FILED UNDER THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021 PURSUANT TO RULE 42 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**To the Honorable United States District Judge Laura Taylor Swain:**

Citizen Carlos Lamoutte (the "Movant"), appearing *pro se*, hereby respectfully moves for an order from this Court to consolidate the pending disqualification claims for unresolved conflicts of interest incurred by the law firm O'Neill & Borges LLC (O&B") and the consulting firm McKinsey & Company, Inc. and its affiliates (collectively, "McKinsey"), respectively, as advisors to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

sole representative of the Commonwealth of Puerto Rico and covered instrumentalities in this case. The Movant respectfully states and prays as follows:

1. Rule 42 of the Federal Rules of Civil Procedure expressly sets forth that *"[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."*

2. Public records and the verified disclosures filed to date by O&B and McKinsey in [simulated] compliance with the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq. (hereinafter, "PRRADA"), reveal that O&B and McKinsey have both served the same private sector clients holding a substantial stake in this Title III case during the same period in which O&B and McKinsey have also simultaneously served the Oversight Board, who is the sole representative of the Commonwealth of Puerto Rico and covered instrumentalities in this case, to wit:

      (a) AES Puerto Rico, L.P.,
      (b) EcoEléctrica, L.P.,
      (c) Molina Healthcare of Puerto Rico, Inc.,
      (d) New Fortress Energy LLC d/b/a NFEnergía LLC,
      (e) Puma Energy Caribe, LLC,
      (f) UBS Trust Company and UBS Financial Services, Inc.,
      (g) the UBS family of Puerto Rico funds, and
      (h) undisclosed others.

3. The private sector contractors that O&B and McKinsey conjointly represent hold interests which by their own nature are materially adverse to the Oversight Board and to the Commonwealth of Puerto Rico and its instrumentalities [totaling in excess of $5 billion], yet O&B and McKinsey have offered no tangible explanations under PRRADA thus far.

4. To the extent that the disqualification pleadings as to O&B which are the object of Docket Entry Numbers 20,873, 20,923, 20,946, 20,959, 21,094, 21,096, 21,124, 21,485,

21,572, 21,604, 21,854, 21,925, 21,938, 21,970, 21,975, 21,989, 21,990 and 22,020 (collectively, the "O&B Disqualification Pleadings") and the disqualification pleadings as to McKinsey which are the object of Docket Entry Numbers 22,025 and 22,035 (collectively, the "McKinsey Disqualification Pleadings") involve common questions of law and fact, and to avoid unnecessary costs or delays in adjudicating such questions, it would be proper for the Court to consolidate the O&B Disqualification Pleadings with the McKinsey Disqualification Pleadings.

5. Consolidation is merited here. In their respective disclosure filings, O&B and McKinsey loosely and self-servingly state to be disinterested persons, but O&B's and McKinsey's past and present actions demonstrate that they are truly not disinterested. Disqualification and disgorgement of legal fees is merited in both cases.

6. O&B and McKinsey have so far failed to adequately "explain away" their admitted connections to several private sector clients who are major contractors of the Government of Puerto Rico, as required under PRRADA and supplemental bankruptcy case law. O&B and McKinsey "*cannot usurp the court's function by choosing, ipse dixit, which connections impact disinterestedness and which do not. The existence of an arguable conflict must be disclosed if only to be explained away.*" See *In re Midway Industry Contractors, Inc.*, 272 B.R. 651 (Bankr. N.D.Ill. 2001) (citing In re Granite Partners, L.P., 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998).

7. Section 2(e) of PRRADA expressly sets forth that "*[i]n a case commenced under section 304 of PROMESA (48 U.S.C. 2164), in connection with the review and approval of professional compensation under section 316 or 317 of PROMESA (48 U.S.C. 2176, 2177) filed after the date of enactment of this Act, **the court may deny allowance of compensation or reimbursement of expenses if**-- (1) the professional person has failed to file the verified disclosure statements required under subsection (b)(1) or has filed inadequate disclosure*

3

*statements under that subsection; or (2) **during the professional person's employment in connection with the case, the professional person**-- (A) is not a disinterested person (as defined in section 101 of title 11, United States Code) relative to any entity or person on the List of Material Interested Parties; or (B) **represents or holds an adverse interest in connection with the case.*** " (Emphasis added.)

8. Private contractors who are awarded large-scale contracts by the Government of Puerto Rico and its instrumentalities do in fact hold adverse interests in relation to the debtor here. Thus, O&B and McKinsey are legally precluded from representing those private sector clients that contract with Puerto Rico government agencies, much less assist them in procuring or maintaining those same multimillion-dollar public sector contracts that are subject to the review and approval of the Oversight Board, which O&B and McKinsey also simultaneously represent.

9. O&B's and McKinsey's joint representation of the same private sector clients that contract with the Commonwealth of Puerto Rico and its instrumentalities during the Oversight Board's existence places the Commonwealth of Puerto Rico, its instrumentalities, and competing bidders at an obvious disadvantage.

10. To make matters worse, the Oversight Board has done absolutely nothing to bring transparency to the billion-dollar conflicts of interest that taint O&B and McKinsey. The Oversight Board has in fact done precisely the opposite, by preferring to assist in the concealment of its advisors' conflictive connections in avoidance of PRRADA.

11. The U.S. Trustee Program should be ordered by the Court to investigate all private client connections that O&B and McKinsey share, including those set forth in paragraph 2 above, which are of public record.

4

12. The U.S. Trustee Program should also sternly object to any request for compensation filed by O&B and McKinsey in this Title III case and demand full disgorgement of legal fees. The U.S. Department of Justice should not risk sending the incorrect message to insolvency stakeholders and to the general public that the best way for a private contractor to do government procurement in Puerto Rico during the pendency of these insolvency proceedings is by secretly hiring the same, exact set of advisers that the Oversight Board employs.

13. In resolving pending motions, the Court should not pay much credibility to what O&B, McKinsey and the Oversight Board state (or omit to state) in their respective writings, but rather to what O&B, McKinsey and the Oversight Board have actually done (or failed to do) in relation to the process of awarding or maintaining large-scale Puerto Rico government contracts to private clients during the pendency of these Title III proceedings.

14. A thin line divides ethical transgressions from racketeering, collusion, and abuse of the bankruptcy process. Pay-to-play schemes cannot be tolerated by the Court in the largest municipal bankruptcy in U.S. history.

15. Advisers to the Oversight Board cannot simultaneously serve without bias the Oversight Board, which is tasked to rule on the appropriateness of large-scale contracts with the Commonwealth of Puerto Rico and to serve as the sole representative of the Commonwealth of Puerto Rico and its instrumentalities in this Title III case, and those private sector clients who are eventually awarded those same government contracts under the [simulated] supervision of the Oversight Board and with the support of those same advisers.

16. Resolving conflicts of interest controversies in favor of unscrupulous advisers like O&B and McKinsey would not be consistent with PROMESA, PRRADA, and

supplemental bankruptcy case law, and would also create the terrible precedent that the most advantageous way for a private contractor to land or maintain a large-scale contract with an instrumentality of the Government of Puerto Rico during the pendency of the largest municipal bankruptcy in U.S. history is by hiring – *and paying monies to* – the same, exact set of advisers that the Oversight Board uses.

For the reasons set forth above, the Movant requests that the Court grants this motion as presented and issues an order that consolidates the O&B Disqualification Pleadings with the McKinsey Disqualification Pleadings and/or issues any other order that is consistent with Rule 42 of the Federal Rules of Civil Procedure.

Dated: September 6, 2022
San Juan, Puerto Rico

Respectfully submitted,

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

## Certificate of Service

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this matter.

In San Juan, Puerto Rico, this 6th day of September 2022.

*/s/ Carlos Lamoutte*

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com