# United States District Court

# For the Puerto Rico District

---

PROMESA TITLE III

No 17 BK 3283 ( L T S )

( Jointly Administered )

This Filing Relates to the

Commonwealth and ERS

**EURIPIDES DEL VILLAR ROSARIO**

**ILKA V CARBO RODRIGUEZ**

Plaintiffs-

V

THE COMMONWEALTH OF PUERTO RICO, et al

Represented by

21 THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO

22 RICO, as Representative for the Commonwealth of Puerto Rico; THE FINANCIAL

23 OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as

24 Representative for the Puerto Rico Highways and Transportation Authority; THE

25 FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as

26 Representative for the Puerto Rico Electric Power Authority (PREPA);

27 THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO

28 RICO, as Representative for the Puerto Rico Sales Tax Financing Corporation, a/k/a

29 COFINA; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR

30 PUERTO RICO, as Representative for the Employees Retirement System of the

31 Government of the Commonwealth of Puerto Rico; THE FINANCIAL OVERSIGHT

32 AND MANAGEMENT BOARD FOR PUERTO RICO, as Representative of the

33 Puerto Rico Public Buildings Authority,

34                                                                               Debtors.

35
36
37                                                                             𝔇𝔢𝔣𝔢𝔫𝔡𝔞𝔫𝔱

38                                                      Statutes violated in the case
39     Civil Rico Act by Jury Trial
40     Title VI VII of the Civil Rights Act of 1968,
41     Title I, Title II of the Americans with Disabilities Act,

| | | | |
|---|---|---|---|
| 42 | 42 U.S.C. § 12101 et. seq., ("ADA") | | 42 U.S.C. § 12101(a)(1) |
| 43 | 42 U.S.C. § 12101(a)(2) | | 42 U.S.C. § 12101(a)(3) |
| 44 | 42 U.S.C. § 12101(a)(4) | | 42 U.S.C. § 12101(a)(5) |
| 45 | 42 U.S.C. § 12101(a)(6) | | 42 U.S.C. § 12101(a)(7) |
| 46 | 42 U.S.C. § 12101(a)(8) | | **42 U.S.C. § 12101(b)(1)** |
| 47 | 42 U.S.C. § 12101(b)(2) | | 42 U.S.C. § 12101(b)(3) |
| 48 | 42 U.S.C. § (2);(3); | | 42 U.S.C. § 12101(b)(4) |
| 49 | 42 U.S.C. § 1981 | | 42 U.S.C. § 1982 |
| 50 | 42 U.S.C. § 1983 | | 42 U.S.C. § 1984 |
| 51 | 42 U.S.C. § 1985 | | |

| | |
|---|---|
| 52 | # Amendments |
| 53 | 1st;Amendment et seq. — 4th;Amendment et seq. |
| 54 | 5th;Amendment et seq. — 6th;Amendment et seq. |
| 55 | 7th;Amendment et seq. — 8th;Amendment et seq. |
| 56 | 13;Amendment et seq. — 14th;Amendment et seq. |

| | | |
|---|---|---|
| 57 | Section 504 | Section 1 |
| 58 | Spending Clause Art 1 sec 8 Cl 1 | 9th Amendment |
| 59 | | Section 5 |
| 60 | Human rights; | Race: |
| 61 | Age; | Religious Believes; |
| 62 | National origin | Others |
| 63 | Church Arson | Equal Access Act, 20 U.S.C. 4071 *et seq* |
| 64 | Civil Rights Act of 1964, Titles III, IV, VI & VII | |

| | | | |
|---|---|---|---|
| 65 | 42 U.S.C. 2000b-2000e *et seq.* | | Civil Rights Act of 1964, |
| 66 | Title VII, 42 U.S.C. 2000d- | | 42 U.S.C. 2000d-7(a)(1) |
| 67 | | | |
| 68 | | | |

69             1 - Time Extension Mootion

70             2 - Based on Failure to Received

71             3 - Notice of Service in the Passed

72 And late Service of 10 Days Before the Due Date to Respond

73             the Omnibus 508 Objection Book

74 While Petition and not Rendered by the Court Designated

75             Parties in Charge to Deliver Said Missing Notices

76             The Law Firm or Agency

77             4 - Parcial List of Constitutional Question to be

78             Certified as Challenged by Omission of Defendants

79

80

81 COMES NOW Euripides Del Villar Rosario , from now on as ( E d V R ) Ilka V
82 Carbo Rodriguez ( I V C R ) Single Class as individual A D A Act individual
83 protected Class as medically certified as identified and all Similarly Individuals as
84 affected by the case in similar legal situation as a Class of Individuals in the Class
85 or a single Class of individuals protected by the U S A Constitution and the ADA
86 Act to be represented by interventions of the DOJ USA in support of. . .

87 Citizen of <u>ONE OF</u> the United States of America and A one Class Handicapped
88 Individual (hereinafter **"plaintiffs"**) having already exercised its statutory right to
89 intervene in the instant case, pursuant to <u>**28 U.S.C. 2403(a)**</u> -- to provide formal
90 notice to all interested parties, and to demand mandatory judicial notice by this
91 Court,

92 **COMES NOW Euripides Del Villar Rosario,** )( E d V R ) Ilka V Carbo
93 Rodriguez ( I V C R ) and all Similarly Individuals as affected by the case in similar
94 legal situation as a Class of Individuals in the Class or a single Class of individuals
95 protected by the U S A Constitution and the ADA Act to be represented by
96 interventions of the DOJ USA in support of. . . Plaintiffs in the above
97 entitled case, U S A Citizen, and Federal Witness, to provide
98 formal Notice to this honorable Court, and to all interested
99 Party(s), that after exhaustion brings this case

# 𝔓𝔞𝔯𝔯𝔠𝔦𝔞𝔩 ℭ𝔬𝔫𝔰𝔱𝔦𝔱𝔲𝔱𝔦𝔬𝔫𝔞𝔩 𝔔𝔲𝔢𝔰𝔱𝔦𝔬𝔫 𝔏𝔦𝔰𝔱 𝔱𝔬 𝔟𝔢 ℭ𝔢𝔯𝔱𝔦𝔣𝔦𝔢𝔡

## ℭ𝔬𝔫𝔰𝔱𝔦𝔱𝔲𝔱𝔦𝔬𝔫𝔞𝔩 𝔔𝔲𝔢𝔰𝔱𝔦𝔬𝔫 𝔣𝔬𝔯 𝔠𝔢𝔯𝔱𝔦𝔣𝔦𝔠𝔞𝔱𝔦𝔬𝔫

### ℭ𝔥𝔞𝔩𝔩𝔢𝔫𝔤𝔦𝔫𝔤 𝔱𝔥𝔢 ℭ𝔬𝔫𝔰𝔱𝔦𝔱𝔲𝔱𝔦𝔬𝔫𝔞𝔩𝔦𝔱𝔶 𝔬𝔣 𝔱𝔥𝔢

### ADA Act

100
101
102
103

104 Whether the U S A may disparate discriminate an American U S A
105 citizen by living in the Protectorate territory If not what are
106 the requisites to receive the antidiscrimination protection as
107 oppose to Individuals with Disabilities Education Act ( I DEA )
108 A D A Act on Spending Clause purposes To receive their original
109 pension as accrued by monthly monetary deduction protected by
110 ERISA law as well the execution of private forfeiture and
111 seizures of private property by not act of felony executed or
112 accounted . See Nieves Marques v Puerto Rico 353 F.3d 108,128
113 (1st Cir.2003) Constitution's Uniformity Clause stem from
114 Article 1, § 8 Cl.1. and against Marbury v Madison doctrine

115 If the Answer is not then the Federal Crimes Committed in Puerto
116 Rico are local crimes and the Federal processes is void and
117 unconstitutional in the U S A constitution and constitutional in
118 Puerto Rico or unconstitutional in both Constitution as well

119

1- Plaintiffs requests a time extension of 30 days to be granted by the Honorable Presiding Judge in accord to the Rules of Civil Procedures and after the receiving of the last 20 court motions presented by the THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as Representative for the Commonwealth of Puerto Rico; and or any other motion document attachments and or exhibits presented to the case affecting the general class as named and mentioned in the 508 omnibus objection requesting dismiss of any individual or single individual affected and or mentioned or not mentioned by lack of noticed of serviced or intentionally and or neglect to do the accorded service required to comply with any passed or pending court order due that the mail is in jeopardy and inclusive had been robbed intentionally and caused that a mail fraud and or mail robbery for identity theft if that is the case had been reported to U S P S police at U S P S main offices in the passed

2- Time extension to present any pending document in relation to this case well be for lack of incomplete presentation due to the late delivery of the 508 Omnibus Objection and any other objection as a matter of right in accord to the civil rules of procedures to comply with the case the court and the constitutional protection that encompasses the presentation

3- The following citations are in support of the motion for time extension and the facts disclosed the order and objection requesting dismiss of the individuals of the class in the objection are miss informed and not duly

143   serviced in the case are lacking the opportunity in a
144   myriad of circumstances . . .are being deprived of
145   constitutional rights and civil rights warranted by the
146   human rights as well the motion to object where the 508
147   omnibus objection presentation is or are still missing to
148   be received by all the class of individuals affected
149   constitutes process malice and or discrimination lacking
150   discovery that all class had been duly serviced and by the
151   Prime supervisor to comply in sending the requires
152   information to answer appropriately places in disadvantage
153   the general Class of individuals affected and or single
154   Class of individuals in violation of the Rules of Fed. civ.
155   Pro. Constituting denial of access to the court and the
156   case management plaintiffs presentation to the court to
157   request access. . . The following citations confirm in
158   support of the above expressed and the Statutes listed in
159   accord to specific issues and legal facts *Theatre*
160   *Enterprises, Inc. v.Paramount Film Distributing Corp.*,346 U.
161   S. 537 (1954),must accept as true all of the factual
162   allegations contained in the complaint.
163   *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 508, n. 1
164   (2002);see *Overstreet v. North Shore Corp.*, 318 U. S. 125,
165   127 (1943). See 9 W. Holdsworth, History of English Law
166   324-327 (1926). Rule 8(a)(2) of the Federal Rules requires

| | |
|---|---|
| 167 | that a complaint contain a short and plain statement of the |
| 168 | claim showing that the pleader is entitled to relief. See |
| 169 | Fed. Equity Rule 25 requiring a short and simple statement |
| 170 | of the ultimate facts upon which the plaintiff asks relief, |
| 171 | omitting any mere statement of evidence. Weinstein & |
| 172 | Distler, Comments on Procedural Reform: Drafting Pleading |
| 173 | Rules 57 Colum. L. Rev. 518, 520-521 (1957).See also Cook, |
| 174 | Statements of Fact in Pleading Under the Codes, 21 Colum. L. |
| 175 | Rev. 416, 417 (1921) (hereinafter Cook) See 5 C. Wright & A. |
| 176 | Miller, Federal Practice and Procedure §1216, p. 207 (3d ed. |
| 177 | 2004) (hereinafter Wright & Miller) to differentiate |
| 178 | conclusions from ultimate facts *Gulfstream Aerospace* |
| 179 | *Corp. v. Mayacamas Corp.*, 485 U.S. 271, 283 (1988). |
| 180 | *Hickman v. Taylor*, 329 U.S. 495, 501 (1947); |
| 181 | *Thomson v. Washington*, 362 F. 3d 969, 970 (CA7 2004) |
| 182 | (Posner, J.) ("The federal rules replaced fact pleading |
| 183 | with notice pleading"). *Conley v. Gibson*, 355 U. S. |
| 184 | 41 (1957),where has been cited and distinguished to decide |
| 185 | *SEC v. Zandford*, 535 U. S. 813, 818 (2002); *Davis v. Monroe* |
| 186 | *County Bd. of Ed.*, 526 U. S. 629, 654 (1999); *Hartford Fire* |
| 187 | *Ins. Co. v. California*, 509 U. S. 764, 811 |
| 188 | (1993); *Brower v. County of Inyo*, 489 U. S. 593, |
| 189 | 598(1989); *Hughes v. Rowe*, 449 U. S. 5, 10 (1980) *(per* |
| 190 | *curiam)*; *McLain v. Real Estate Bd. of New Orleans,* |

191  *Inc.*, 444 U. S. 232, 246 (1980); *Estelle* v. *Gamble*, 429 U.
192  S. 97, 106 (1976); *Hospital Building Co.* v. *Trustees of Rex*
193  *Hospital*, 425 U. S. 738, 746 (1976); *Scheuer* v. *Rhodes*, 416
194  U. S. 232, 236 (1974); *Cruz* v. *Beto*, 405 U. S. 319, 322
195  (1972) *(per curiam)*; *Haines* v. *Kerner*, 404 U. S. 519, 521
196  (1972) *(per curiam)*; *Jenkins* v. *McKeithen*, 395 U. S. 411,
197  422 (1969) (plurality opinion); see also *Cleveland Bd. of*
198  *Ed.* v. *Loudermill*, 470 U. S. 532, 554 (1985) (Brennan, J.,
199  concurring in part and dissenting in
200  part); *Hoover* v. *Ronwin*, 466 U. S. 558, 587 (1984) (Stevens,
201  J., dissenting); *United Air Lines, Inc.* v. *Evans*, 431 U. S.
202  553, 561, n. 1 (1977) (Marshall, J.,
203  dissenting); *Simon* v. *Eastern Ky. Welfare Rights*
204  *Organization*, 426 U. S. 26, 55, n. 6 (1976) (Brennan, J.,
205  concurring in judgment). *Leimer* v. *State Mut. Life Assur.*
206  *Co. of Worcester, Mass.*, 108 F. 2d 302 (CA8 1940), Rules
207  8(a)(2), 12(b)(6), 12(e) (motion for a more definite
208  statement), and Rule 56 *Dioguardi* v. *Durning*, 139 F. 2d 774
209  (CA2 1944), the *pro se* plaintiff See, e.g., *EB Invs.,*
210  *LLC* v. *Atlantis Development, Inc.*, 930 So. 2d 502, 507 (Ala.
211  2005); *Department of Health & Social Servs.* v. *Native*
212  *Village of Curyung*, 151 P. 3d 388, 396 (Alaska
213  2006); *Newman* v. *Maricopa Cty.*, 167 Ariz. 501, 503, 808
214  P. 2d 1253, 1255 (App. 1991); *Public Serv. Co. of*

215    *Colo. v. Van Wyk*, 27 P. 3d 377, 385-386 (Colo. 2001) (en
216    banc); *Clawson v. St. Louis Post-Dispatch, LLC*, 906 A. 2d
217    308, 312 (D. C. 2006); *Hillman Constr. Corp. v. Wainer*, 636
218    So. 2d 576, 578 (Fla. App. 1994); *Kaplan v. Kaplan*, 266 Ga.
219    612, 613, 469 S. E. 2d 198, 199 (1996); *Wright v. Home
220    Depot U. S. A.*, 111 Haw. 401, 406, 142 P. 3d 265, 270
221    (2006); *Taylor v. Maile*, 142 Idaho 253, 257, 127 P. 3d 156,
222    160 (2005); *Fink v. Bryant*, 2001-CC-0987, p. 4 (La.
223    11/28/01), 801 So. 2d 346, 349; *Gagne v. Cianbro Corp.*, 431
224    A. 2d 1313, 1318-1319 (Me. 1981); *Gasior v. Massachusetts
225    Gen. Hospital*, 446 Mass. 645, 647, 846 N. E. 2d 1133, 1135
226    (2006); *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890,
227    893 (Miss. 2006); *Jones v. Montana Univ. System*, 337 Mont.
228    1, 7, 155 P. 3d 1247, ____ (2007); *Johnston v. Nebraska
229    Dept. of Correctional Servs.*, 270 Neb. 987, 989, 709 N. W.
230    2d 321, 324 (2006); *Blackjack Bonding v. Las Vegas Munic.
231    Ct.*, 116 Nev. 1213, 1217, 14 P. 3d 1275, 1278
232    (2000); *Shepard v. Ocwen Fed. Bank*, 361 N. C. 137, 139, 638
233    S. E. 2d 197, 199 (2006); *Rose v. United Equitable Ins. Co.*,
234    2001 ND 154, ¶10, 632 N. W. 2d 429, 434; *State ex rel.
235    Turner v. Houk*, 112 Ohio St. 3d 561, 562, 2007-Ohio-814, ¶5,
236    862 N. E. 2d 104, 105 (per curiam); *Moneypenney v. Dawson*,
237    2006 OK 53, ¶2, 141 P. 3d 549, 551; *Gagnon v. State*, 570
238    A. 2d 656, 659 (R. I. 1990); *Osloond v. Farrier*, 2003 SD 28,

```
239        ¶4, 659 N. W. 2d 20, 22 (per curiam); Smith v. Lincoln
240        Brass Works, Inc., 712 S. W. 2d 470, 471 (Tenn.
241        1986); Association of Haystack Property Owners v. Sprague,
242        145 Vt. 443, 446, 494 A. 2d 122, 124 (1985); In re Coday,
243        156 Wash. 2d 485, 497, 130 P. 3d 809, 815 (2006) (en
244        banc); Haines v. Hampshire Cty. Comm'n, 216 W. Va. 499, 502,
245        607 S. E. 2d 828, 831 (2004); Warren v. Hart, 747 P. 2d 511,
246        512 (Wyo. 1987); see also Malpiede v. Townson, 780 A. 2d
247        1075, 1082-1083 (Del. 2001) (permitting dismissal only
248        "where the court determines with reasonable certainty that
249        the plaintiff could prevail on no set of facts that may be
250        inferred from the well-pleaded allegations in the
251        complaint" (internal quotation marks
252        omitted)); Canel v. Topinka, 212 Ill. 2d 311, 318, 818 N. E.
253        2d 311, 317 (2004) (replacing "appears beyond doubt" in
254        the Conley formulation with "is clearly apparent"); In re
255        Young, 522 N. E. 2d 386, 388 (Ind. 1988) (per
256        curiam) (replacing "appears beyond doubt" with "appears to
257        a certainty"); Barkema v. Williams Pipeline Co., 666 N. W.
258        2d 612, 614 (Iowa 2003) (holding that a motion to dismiss
259        should be sustained "only when there exists no conceivable
260        set of facts entitling the non-moving party to
261        relief"); Pioneer Village v. Bullitt Cty., 104 S. W. 3d 757,
262        759 (Ky. 2003) (holding that judgment on the pleadings
```

263  should be granted "if it appears beyond doubt that the
264  nonmoving party cannot prove any set of facts that would
265  entitle him/her to relief"); *Corley v. Detroit Bd. of Ed.*,
266  470 Mich. 274, 277, 681 N. W. 2d 342, 345 (2004) *(per
267  curiam)* (holding that a motion for judgment on the
268  pleadings should be granted only " 'if no factual
269  development could possibly justify
270  recovery' "); *Oberkramer v. Ellisville*, 706 S. W. 2d 440,
271  441 (Mo. 1986) (en banc) (omitting the words "beyond doubt"
272  from the *Conley* formulation); *Colman v. Utah State Land Bd.*,
273  795 P. 2d 622, 624 (Utah 1990) (holding that a motion to
274  dismiss is appropriate "only if it clearly appears that
275  [the plaintiff] can prove no set of facts in support of his
276  claim"); *NRC Management Servs. Corp. v. First Va. Bank-
277  Southwest*, 63 Va. Cir. 68, 70 (2003) ("The Virginia
278  standard is identical [to the *Conley* formulation], though
279  the Supreme Court of Virginia may not have used the same
280  words to describe it"). *Krause v. Rhodes*, 471 F. 2d 430,
281  433 (CA6 1972). were guilty of wanton, wilful and negligent
282  conduct *Leatherman v. Tarrant County Narcotics Intelligence
283  and Coordination Unit*, 507 U. S. 163 (1993). pleading
284  requirements beyond their appointed limits and why the
285  defendant-official cannot successfully maintain the defense
286  of immunity." Rules 8(a)(2) and 9(b) to combat discovery

287    abuse;*Swierkiewicz*, 534 U. S., at 511.Rule 8(a)(2) does not
288    contemplate a court's passing on the merits of a litigant's
289    claim at the pleading stage. See *Matsushita Elec.*
290    *Industrial Co. v. Zenith Radio Corp.*,475 U. S. 574 (1986).
291    dismissals prior to giving the plaintiff ample opportunity
292    for discovery should be granted very rare. *Hospital*
293    *Building Co. v. Trustees of Rex Hospital*, 425 U. S. 738,
294    746 (1976) (quoting *Poller v. Columbia Broadcasting System,*
295    *Inc.*, 368 U. S. 464, 473 (1962)); see also *Knuth v. Erie-*
296    *Crawford Dairy Cooperative Assn.*, 395 F. 2d 420, 423 (CA3
297    1968) *United States v. Classic*, 313 U. S. 299, 313 U. S.
298    328, constitutional rights *Twining v. New Jersey,* 211 U. S.
299    78, 211 U. S. 101,due process *Snyder v. Massachusetts,* 291
300    U. S. 97, 291 U. S. 105, Bill of Rights *Palko v.*
301    *Connecticut,* 302 U. S. 319, 302 U. S. 325, scheme of
302    ordered liberty *Betts v. Brady,* 316 U. S. 455, 316 U. S.
303    462. due process *United States v. Cohen Grocery Co.,* 255 U.
304    S. 81, 255 U. S. 89 and punished all acts detrimental to
305    the public interest when unjust and unreasonable in the
306    estimation of the court and jury *Ellis v. United*
307    *States,* 206 U. S. 246, 206 U. S. 257 intentionally breaks
308    the law in the only sense in which the law ever considers
309    intent *And see  District of Columbia,* 254 U. S. 135, 254 U.
310    S. 137; *Nash v. United States,* 229 U. S. 373, 229 U. S. 377.

| | |
|---|---|
| 311 | Under that test, a local law enforcement officer violates § |
| 312 | 20 and commits a federal offense for which he can be sent |
| 313 | to the penitentiary if he does an act which some court |
| 314 | later holds deprives a person of due process of law. |
| 315 | (*Ashcraft v. Tennessee,* 322 U. S. 143); *Murdock v.* |
| 316 | *Pennsylvania,* 319 U. S. 105 *cf. Powell v. Alabama,* 287 U. S. |
| 317 | 45 *with Betts v. Brady, supra Thornhill v. Alabama,* 310 U. |
| 318 | S. 88 *Board of Education v. Barnette,* 319 U. S. 624 |
| 319 | consistently favored that interpretation of legislation |
| 320 | which supports its constitutionality. *Ashwander v.* |
| 321 | *Tennessee Valley Authority,* 297 U. S. 288, 297 U. S. |
| 322 | 348; *Labor Board v. Jones & Laughlin Steel Corp.,* 301 U.S. |
| 323 | 1, 301 U.S.30; *Anniston Mfg. Co. v. Davis,* 301 U. S. |
| 324 | 337, 301 U. S. 351-352. *See* Cong.Globe, 41st Cong., 2d Sess., |
| 325 | pp. 3807-3808, 3881. Flack, The Adoption of the Fourteenth |
| 326 | Amendment (1908), pp. 19-54, 219, 223, 227; *Hague v. CIO,* 307 U. |
| 327 | S. 496, 307 U. S. 510. It derives from § 2 of the Civil |
| 328 | Rights Act of April 9, 1866. 14 Stat. 27. *See United States* |
| 329 | *v. Classic,* 313 U. S. 299, 313 U. S. 327, note 10. "That any |
| 330 | person who, under color of any law, statute, ordinance, |
| 331 | regulation, or custom, shall subject, or cause to be |
| 332 | subjected, any inhabitant of any State or Territory to the |
| 333 | deprivation of any right secured or protected by this act, |
| 334 | or to different punishment, pains, or penalties on account |

335  of such person having at any time been held in a condition
336  of slavery or involuntary servitude, except as a punishment
337  for crime whereof the party shall have been duly convicted,
338  or by reason of his color or race, than is prescribed for
339  the punishment of white persons, shall be deemed guilty of
340  a misdemeanor, and, on conviction, shall be punished by
341  fine not exceeding one thousand dollars, or imprisonment
342  not exceeding one year, or both, in the discretion of the
343  court."

344  4- Wherfore Plaintiffs requests this honorable court to
345  grant the time extensions as requested and the necessary
346  time to present partial objection to the 508 Omnibus
347  Objection while pending the delivery of the unreceived
348  documents and notices as well to present other documents as
349  necessary to advance the claims while any other court
350  protection be granted as necessary as sua sponted. Be this
351  court informed that the death rate of suicides and deaths
352  derived by the emotional pressure causing heart attacks
353  surpasses the rate of 5 individuals regularly ( on account
354  that are proximate cause of house and mortgage loss for
355  pension low income )  and it is the Commonwealth duty to
356  inform this court of said statistics

357

## In Propria Persona.

358
359
360
361    In his own person; himself; as the Plaintiff appeared *in*
362 *propria persona;* the plaintiff presents the cause *in propria*
363 *persona.*

364                              **VERIFICATION**

365    I, Euripides Del Villar Rosario, *Sui Juris*, Plaintiff in the
366 above entitled action, hereby verify under penalty of perjury, under
367 the laws of the **United States of America**, without the "**United States**"
368 (federal government), that the above statement of facts and laws is
369 true and correct, according to the best of My current information,
370 knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1).
371
372 Dated: September 5th, 2022 *A.D.*
373 Signed:  /s/ **Euripides Del Villar Rosario**
374
375 C/O
376
377 **Ilka V Carbo Rodriguez**
378
379 _____
380 Printed:  **Euripides Del Villar Rosario,**

381 _____

382 **Ilka V Carbo Rodriguez**

383 B.A., M.S., *Sui Juris*

384        Plaintiffs *In Propria Persona* (<u>not</u> "*Pro Se*")

385

386                            **PROOF OF SERVICE**

387 we, **Euripides Del Villar Rosario, Ilka V Carbo Rodriguez**
388

389 *Sui Juris*, hereby certify, under penalty of perjury, under the laws of
390 the **United States of America**, without the **"United States"** (federal
391 government), that I am at least 18 years of age, a Citizen of <u>ONE OF</u>
392 the **United States of America**, and that I personally served the
393 following document(s):
394
395 By placing one true and correct copy of said document(s)Certified or
396 in first class United States Mail, with postage prepaid and properly
397 addressed to the following: otherwise electronically or hand delivered
398 or by email through their Law Firm and or Lawyer
399
400 **Clerk's of Court** (3 copies)
401 U S D C P R
402 United States District Court
403 Puerto Rico
404 Clerk's Office
405 150 Ave. Carlos Chardon Ste 150
406 San Juan P.R 00918-1767
407
408
409
410
411
412 Dated: September 5th, 2022 *A.D.*
413 Signed: /s/ Euripides Del Villar Rosario
414 _____
415
416 _____
417 **Ilka V Carbo Rodriguez**
418
419 Printed:__Euripides Del Villar Rosario_, Plaintiff *In Propria Persona*
420
421     (<u>not</u> "*Pro Se*" [*sic*])
422
423 Mailing Address
424 Euripides Del Villar Rosario
425 C/O

426   Ilka V Carbo Rodriguez
427   P.O.Box 363585
428   United States U S A
429   San Juan 00936-3585 P.R