UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING REQUEST FOR EXTENSION OF TIME TO RESPOND TO FIVE HUNDRED
EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO
AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH
OF PUERTO RICO TO UNRESPONSIVE ACR CLAIMS (DOCKET ENTRY NO. 22091)

The Court has received and reviewed the motion (Docket Entry No. 22091 in Case No. 17-3283) (the "Motion") filed by Euripedes Del Villar Rosario ("Movant"). The Extension Motion appears to request an extension of thirty days to respond to the *Five Hundred Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Unresponsive ACR Claims* (Docket Entry No. 21764 in Case No. 17-3283, the "Omnibus Claim Objection") on behalf of Movant and Ilka Carbo Rodriguez, as well as a putative class of individuals with unspecified claims under the Americans with Disabilities Act who are "in [a] similar legal situation as a Class of Individuals protected by the [United States] Constitution and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the ADA Act to be represented by interventions of the DOJ USA in support[.]" (Mot. at 5.)

Movant has not demonstrated any basis for concluding that he is a party in interest with standing to respond to the Omnibus Claim Objection or to seek an extension of time with respect to the Omnibus Claim Objection. Section 1109(b) of the Bankruptcy Code defines the term party in interest to "include the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1109(b). Additionally, litigants must also satisfy the prudential standing requirements ordinarily applicable to parties in federal courts. See Sentinel Trust Co. v. Newcare Health Corp. (In re Newcare Health Corp.), 244 B.R. 167, 171 (B.A.P. 1st Cir. 2000); see also In re Quigley Co., 391 B.R. 695, 702 (Bankr. S.D.N.Y. 2008); SWE & C Liquidating Trust v. Saudi Arabian Oil Co. (In re Stone & Webster, Inc.), 373 B.R. 353, 361 (Bankr. D. Del. 2007), aff'd, 2008 WL 4890896 (D. Del. Nov. 12, 2008). Prudential standing requires a claimant to demonstrate, among other things, that "his claim is premised on his own legal rights (as opposed to those of a third party)." Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012) (quoting Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006)).

Movant's name is not listed on Exhibit A to the Omnibus Claim Objection (Docket Entry No. 21764-1 in Case No. 17-3283, "Exhibit A"), which contains a list of claims (and the claimants who have asserted such claims) that are disputed by the Omnibus Claim Objection. As such, he has not demonstrated that he is a creditor or other interested individual whose own rights would be affected by adjudication of the Omnibus Claim Objection, and he lacks both statutory and prudential standing. While Movant asserts that the Motion is filed on behalf of Ilka Carbo Rodriguez (whose claim does appear on Exhibit A) and a class of similarly situated individuals, Movant cannot appear pro se on behalf of others.[2] See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel."); Abernathy v. Spectrum Health Sys., No. CV 21-11290-LTS, 2021 WL 3604844, at *2 (D. Mass. Aug. 13, 2021) ("Here, Abernathy is appearing pro se, and he is not alleged to be an attorney admitted to the bar. Without counsel, Abernathy cannot act as a class representative nor can he represent any other individually named plaintiff.").

---

[2] Although the Motion states that Movant is appearing "in propria persona" and not pro se, there is no apparent difference in the instant context. See Savage v. Estelle, 924 F.2d 1459, 1461 (9th Cir. 1990) ("The phrase 'pro se' means 'for himself,' and 'in propria persona' means 'in his own person,' when their referents are in the masculine singular. In legal discussions of an accused's right to represent himself at trial, courts have appropriately used the phrases interchangeably."); El v. O'Brien, No. 12-CV-01793 DLI JMA, 2012 WL 2367096, at *1 n.1 (E.D.N.Y. June 20, 2012) (stating that "the two phrases are interchangeable").

Accordingly, the Motion is denied. This Order resolves Docket Entry No. 22091 in Case No. 17-3283.

SO ORDERED.

Dated: September 9, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge