**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 21217**<br><br>(Jointly Administered) |
| IVELISSE CALDERÓN-ALIBRÁN, AND CARLOS TORRES VIADA,<br><br>Movants,<br>v.<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Respondents. | |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO URGENT MOTION FOR EXTENSION OF ADMINISTRATIVE EXPENSE CLAIM BAR DATE AND PROPER SERVICE OF PROCESS REQUEST TO BE HEARD**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"),

and the Puerto Rico Public Buildings Authority ("PBA" and, collectively with the Commonwealth

and ERS, the "Debtors"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management,*

*and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response (the "Response")

to the *Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service*

*of Process and Request to be Heard* [Case No. 17-3283, ECF No. 21217][3] (the "Motion"):

## RELEVANT BACKGROUND

1.       On January 18, 2022, the Court entered the *Order and Judgment Confirming*

*Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,*

*the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and*

*the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"),

confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, et al.*, [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"),[4]

and, among other things, approving in all respects the Effective Date Notice (as defined below),

establishing the method for   service of such notice pursuant to decretal paragraph 94 of the

Confirmation Order, and determining that such service "shall be deemed good and sufficient notice

of their of [the Confirmation Order]."  Confirmation Order ¶ 94.

2.       On March 15, 2022, the Plan was substantially consummated [ECF No. 20349].

Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation

Order, the deadline for filing proofs of Administrative Expense Claims was ninety (90) days after

the Effective Date (*i.e.*, June 13, 2022) (the "Administrative Claim Bar Date").  *Id.*

---

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]     Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-3283.

[4]    Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

3.      In accordance with the service requirements set forth in decretal paragraph 94 of the Confirmation Order, the Debtors served the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "Effective Date Notice") on all parties who hold a Claim in the Commonwealth Title III Case, the ERS Title III Case, the HTA Title III Case, and the PBA Title III Case, as well as the Creditors' Committee, the Retiree Committee, the U.S. Trustee, any party filing a notice pursuant to Bankruptcy Rule 2002, the Securities and Exchange Commission, the Internal Revenue Service, and the United States Attorney for the District of Puerto Rico, and parties to various post-petition litigations against the Debtors, as evidenced by the following certificates of service (the "Certificates of Service"):

| ECF Number | Date of Service[5] |
|---|---|
| 20443 | 3/15/2022 3/16/2022 |
| 20471 | 3/29/2022 |
| 20481 | 3/23/2022 |
| 20511 | 3/18/2022 |
| 20524 | 4/4/2022 |
| 20529 | 4/5/2022 |
| 20539 | 4/5/2022 |
| 20542 | 4/6/2022 |
| 20571 | 4/7/2022 |
| 20573 | 4/11/2022 |
| 20575 | 4/15/2022 |
| 20588 | 3/15/2022 3/16/2022 |
| 20591 | 4/13/2022 |
| 20596 | 4/1/2022 |
| 20643 | 4/26/2022 |

---

[5]   With respect to various post-petition litigations, the Debtors served the parties to such litigations promptly following receipt of relevant case information from the Government of Puerto Rico necessary to effectuate service. To the extent a party filed a proof of Administrative Expense Claim within ninety (90) days of actual service of the Effective Date Notice on such party, but after the Administrative Claim Bar Date, the Debtors do not intend to object to disallowance of such claims on account of its late filing.

| ECF Number | Date of Service[5] |
|:---:|:---:|
| 20661 | 4/21/2022 |
| 20690 | 5/2/2022 |
| 20699 | 4/27/2022 |
| 20726 | 5/4/2022 |
| 20728 | 5/4/2022 |
| 20737 | 3/28/2022 |
| 21012 | 5/16/2022 |
| 21060 | 5/23/2022 |
| 21070 | 5/18/2022 |
| 21071 | 5/11/2022 |
| 21111 | 5/27/2022 |
| 21215 | 6/7/2022 |

4.     The Effective Date Notice, among other things, informed parties of the

Administrative Claim Bar Date, and noted:

> . . . the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**;
>
>  . . .
>
> Administrative Expense Requests will be deemed timely filed only if **actually received** by Prime Clerk by **5:00 p.m. (prevailing Atlantic Time) on June 13, 2022** (the "Administrative Deadline").
>
> . . .
>
> **if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

(emphasis in original).

5.     To date, approximately 489 proofs of Administrative Expense Claim were filed

against the Debtors after the Effective Date.

4

6.      On June 13, 2022, Ivelisse Calderón-Alibrán and Carlos Torres Viada (collectively, "Movants") filed the Motion, requesting, among other things, the entry of an order extending the Administrative Claim Bar Date by 120 days and directing the publication notice of such extension. Based on the Debtors' review of the claims registry, Movants did not file a proof of Administrative Expense Claim.

## RESPONSE

### I.      Extension of the Administrative Claim Bar Date for Parties in Interest Who Did Not Receive the Effective Date Notice by Mail

7.      As an initial matter, Movants incorrectly assert that the Effective Date Notice was not provided to parties to post-petition litigation against the Debtors, including Movants.  *See* Motion ¶¶ 17-19.  To the contrary, the Effective Date Notice was served on such parties to post-petition litigation, to the extent sufficient information to effectuate such service was provided to the Oversight Board, as evidenced by the Certificates of Service.  ***Critically, the Effective Date Notice was served on Movants' counsel of record in the underlying litigations.***  *See* ECF No. 20511 at pp. 15 & 38 of 39 (Carlos Torres Viada), ECF No. 20481 at pp. 4 & 7 of 8 (Ivelisse Calderón-Alibrán).  Accordingly, Movants lack standing to seek the relief requested in the Motion when they, in fact, received notice of the Administrative Claim Bar Date (and filed the Motion on such date) and understood the requirement to file a proof of Administrative Expense Claim with respect to their asserted postpetition claims.[6]  Here, Movants' appropriate relief, if applicable, would be to seek leave to file a late-filed proof of administrative expense claim, rather than to seek

---

[6]  *See* Motion ¶ 29 (reserving right to "object to the imposition of the administrative expense process as an exclusive remedy and the injunction contained in the Plan barring all cases arising prior to the effective date."); *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("[S]tanding imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant. . . the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction . . . . The Art. III judicial power exists only to redress or otherwise to protect against injury of the complaining party, even though the court's judgment may benefit others collaterally.").

to assert the rights of third parties for a wholesale extension of the Administrative Claim Bar Date. *See Correia v. Deutsche Bank Nat'l Trust Co.*, 452 B.R. 319, 324 (1st Cir. B.A.P. 2011) ("The court is restrained from hearing cases in which 'the litigant [] asserts the rights and interests of a third party and not his or her own.'" (quoting *Benjamin v. Aroostook Medical Center, Inc.*, 57 F.3d 101, 104 (1st Cir. 1995))).

8.      Nonetheless, in an effort to provide parties with another opportunity to submit a proof of Administrative Expense Claim, the Debtors propose that the Administrative Claim Bar Date be extended by ninety (90) days (the same amount of time provided to claimants in the Plan and Confirmation Order) ***solely*** for parties to litigation, or asserting litigation claims, to extent such parties were not (and can establish they were not) served the Effective Date Notice, as follows:

The Administrative Claim Bar Date pursuant to decretal paragraph 44 of the Confirmation Order shall be extended by ninety (90) days after entry of this Order solely with respect to any claim or cause of action:

(A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and

(B) the holder of such claim did <u>not</u> receive service of the Effective Date Notice (as referenced in the Certificates of Service available on the Debtors' case website maintained by Kroll Restructuring Administration LLC (formerly, Prime Clerk LLC)).

Without limiting the foregoing, the foregoing extension does not apply to and Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

The requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and after the respective petition date and prior to the Effective Date:

(i)     Eminent Domain/Inverse Condemnation Claims,

(ii)    claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 *et seq.*,

(iii)   claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 et seq.,

(iv)    tax refund claims, and

(v)     claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

9.      Further, to alleviate the burden of seeking allowance and payment of asserted post-petition claims for claimants asserting claims no more than $75,000 (or $150,000, if relating to multiple plaintiffs or causes of action pursuant to 32 L.P.R.A. § 3077(a)), the Debtors propose that the injunction pursuant to Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order be modified to allow litigation with respect to claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, to proceed to final judgment and execution.

10.     The Debtors propose to publish, no later than fourteen (14) days following entry of an order granting the relief requested herein, a notice of such extension, substantially in the form attached as **Exhibit B** hereto, once in each of (i) *El Nuevo Dia* (in Spanish), (ii) *Caribbean Business* (in English), (iii) *El Nuevo Herald* (in Spanish), (iv) *The New York Times* (in English), (v) *The Bond Buyer* (in English), (vi) *El Vocero* (in Spanish), and (vii) *Primera Hora* (in Spanish).

11.     The Debtors believe the above proposed extension provides a reasonable amount
of time for claimants to file a proof of Administrative Expense Claim, if applicable, and the
proposed publication notice provides sufficient and appropriate notice of the extension of the
Administrative Claims Bar Date for those parties who did not receive service of the Effective Date
Notice.

WHEREFORE the Oversight Board requests the Court enter the Proposed Order,
substantially in the form attached as **Exhibit A** hereto, and deny the Motion in all other respects.

Dated: September 9, 2022                        Respectfully submitted,
        San Juan, Puerto Rico

                                                /s/ Brian S. Rosen

                                                Martin J. Bienenstock (*pro hac vice*)
                                                Brian S. Rosen (*pro hac vice*)
                                                **PROSKAUER ROSE LLP**
                                                Eleven Times Square
                                                New York, NY 10036
                                                Tel: (212) 969-3000
                                                Fax: (212) 969-2900

                                                *Attorneys for the Financial Oversight and*
                                                *Management Board as representative for the*
                                                *Debtors*

                                                /s/ Hermann D. Bauer

                                                Hermann D. Bauer
                                                USDC No. 215205
                                                **O'NEILL & BORGES LLC**
                                                250 Muñoz Rivera Ave., Suite 800
                                                San Juan, PR 00918-1813
                                                Tel: (787) 764-8181
                                                Fax: (787) 753-8944

                                                *Co-Attorneys for the Financial Oversight and*
                                                *Management Board as representative for the*
                                                *Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 21217**<br><br>(Jointly Administered) |

### ORDER EXTENDING ADMINISTRATIVE CLAIM BAR DATE
### FOR CERTAIN PARTIES AND MODIFYING DISCHARGE INJUNCTION

Upon the *Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to Be Heard* (Docket Entry No. 21217 in Case No. 1703283) (the "Motion"); and the Court having reviewed the *Response of the Financial Oversight and Management Board to Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to Be Heard* (Docket Entry No. _____ in Case No. 17-3283) (the "Response");[2] and the Court having found it has subject matter jurisdiction of this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Response.

Movant provided adequate and appropriate notice of the Motion under the circumstances and

that no other or further notice is required; and the Court having determined that the legal and

factual bases set forth in the Motion and the Response establish just cause for the relief granted

herein; and after due deliberation, the Court having found that good and sufficient cause exists

for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED to the limited extent set forth herein, and DENIED in

all other respects.

2.        The  Administrative Claim Bar Date pursuant to decretal paragraph 44 of the

Confirmation Order and Section 1.51 of the Plan shall be extended to 4:00 p.m. (Atlantic

Standard Time) on [_____][3] (the "Extended Administrative Claim Bar Date") solely with respect

to any claim or cause of action:

> (A)(1) asserted in a litigation or action against the Commonwealth,
> PBA, or ERS commenced from and after the respective petition
> date and prior to the Effective Date and relating to an action or
> event occurring from and after the respective petition date and
> prior to the Effective Date, or (2) not subject to a pending litigation
> or action, but arising from actions or events occurring from or after
> the respective petition date and prior to the Effective Date, and
>
> (B) the holder of such claim did <u>not</u> receive service of the Effective
> Date Notice.

3.       Within three (3) business days of entry of this Order, the Debtors shall make

available the Certificates of Service on its case website maintained by Kroll Restructuring

Administration LLC (formerly, Prime Clerk LLC)).

---

[3] [NTD:  Ninety (90) days after entry of the Order.]

4.      The Extended Administrative Claim Bar Date shall not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

5.      The requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and after the applicable petition date with respect to the Commonwealth, ERS, and PBA and prior to the Effective Date: (i) Eminent Domain/Inverse Condemnation Claims, (ii) claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 *et seq.*, (iii) claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 et seq., (iv) tax refund claims, and (v) claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

6.      The injunctions contained in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order are modified solely to the limited extent to allow litigation with respect to claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, to proceed to final judgment and execution, including any appeals.

7.      In accordance with Bankruptcy Rule 2002, the Debtors, through Kroll, are authorized and directed to cause a copy of a notice, substantially in the form attached as Exhibit B to the Response, to be published once, no later than fourteen (14) days after entry of this Order, in each of (i) *El Nuevo Dia* (in Spanish), (ii) *Caribbean Business* (in English), (iii) *El*

*Nuevo Herald* (in Spanish), (iv) *The New York Times* (in English), (v) *The Bond Buyer* (in English), (vi) *El Vocero* (in Spanish), and (vii) *Primera Hora* (in Spanish).

8.      Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order.

10.      The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

11.      This resolves docket entry nos. _____ and _____ in 17-3283.

Dated: _____, 2022

_____
LAURA TAYLOR SWAIN
United States District Judge

4

**Exhibit B**

**Proposed Form of Publication Notice**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING**
**MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF**
**THE COMMONWEALTH OF PUERTO RICO, ET AL. PURSUANT TO**
**TITLE III OF PROMESA, (B) OCCURRENCE OF THE EFFECTIVE DATE, AND (C)**
**EXTENSION OF ADMINISTRATIVE CLAIM BAR DATE FOR CERTAIN PARTIES**

**TO CREDITORS AND OTHER PARTIES IN INTEREST:**

> The deadline to a proof of Administrative Expense Claim against (i) the Commonwealth of
> Puerto Rico, (ii) the Employees Retirement System of the Government of the Commonwealth
> of Puerto Rico, or (iii) the Puerto Rico Public Buildings Authority has been extended to [     ],
> **2022** for certain parties, as further detailed below.  Please review this notice carefully.
>
> **If you are required to file a proof of Administrative Expense Claim and fail to timely do**
> **so, you will be forever barred, estopped, and enjoined from asserting such Administrative**
> **Expense Claim against the Debtors and their property, and the Debtors and Reorganized**

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales
Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal
Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-
3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of
the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal
Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS)
(Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy
Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

> **Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

1.     Pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "<u>Confirmation Order</u>"), the *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "<u>Plan</u>"), was confirmed by the United States District Court for the District of Puerto Rico (the "<u>Court</u>"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and the Confirmation Order.

2.     The Effective Date of the Plan occurred on March 15, 2022, and the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "<u>Effective Date Notice</u>") was filed and served in connection therewith.

3.     Any party in interest wishing to obtain copies of the Confirmation Order, the Plan, and related documents should contact Kroll Restructuring Administration LLC ("<u>Kroll</u>"),[2] by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records

---

[2]   Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

**Extension of Administrative Claim Bar Date**

4.       Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for parties asserting Administrative Expense Claims against the Debtors to file a proof of Administrative Expense Claim was June 13, 2022 (the "Bar Date").

5.       Section 1.52 of the Plan defines "Administrative Expense Claim" as:

> A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code *arising during the period up to and including the Effective Date*, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

(emphasis added)

6.       Pursuant to the *Order Extending the Administrative Claim Bar Date for Certain Parties* [ECF No. _____] (the "Extension Order"), the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") has been extended to **5:00 p.m. (prevailing Atlantic Time) on [_____], 2022** (the "Extended Administrative Claim Bar Date") if you are seeking to assert any claim or cause of action:

> (A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and

3

(B) you did <u>not</u> receive service of the Effective Date Notice A complete list of parties who were served the Effective Date Notice is available at https://cases.primeclerk.com/puertorico/.

This extension does not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

### Exceptions to Filing Administrative Expense Requests

7.     Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, no proof of Administrative Expense Claim is required to be filed for the following types of Claims:

(a) Claims incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim.

(b) Professional Claims.

(c) Intergovernmental Claims.

(d) Administrative Expense Claims of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable.

(e) Claims related to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date to March 15, 2022 (the Effective Date).

(f) Claims that are subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements.

(g) Claims that are the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order.

(h) Eminent Domain/Inverse Condemnation Claims.

(i) Claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 *et seq.*

4

(j) Claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 *et seq*.

(k) Tax refund Claims.

(l) Claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

8.      If you are party to a litigation, proceeding, or action asserting a claim pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, the injunctions in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order have been modified to allow such litigation to proceed to final judgment and execution, including any appeals.  *See* <u>Extension Order</u> ¶ 6.

**<u>How to File a Proof of Claim</u>**

9.      All Administrative Expense Requests should be sent as follows:

(i)      by completing the electronic Proof of Claim on the Claims Agent's website at <u>https://cases.primeclerk.com/puertorico/EPOC-Index</u>, or

(ii)     if delivered by first class mail, hand delivery, or overnight courier, at the following address: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10.     Administrative Expense Requests, to the extent subject to the Extended Administrative Claim Bar Date, will be deemed timely filed only if **<u>actually received</u>** by Kroll by **5:00 p.m. (prevailing Atlantic Time)** on **[___], 2022** (the "<u>Administrative Deadline</u>").  The Administrative Expense Requests may **<u>not</u>** be delivered by facsimile, telecopy, or electronic mail transmission.

**11.     If you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan, decretal paragraph 44 of the Confirmation Order, and the Extension Order and fail to do so by the Administrative Deadline or the Bar Date,**

5

**as applicable, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

12.     The Confirmation Order is a full, final, and complete order, intended to be conclusive and binding upon all parties in interest, is not intended to be subject to collateral attack in any other forum, and may only be challenged in accordance with applicable rules in the Court and appealed as provided in PROMESA and other applicable federal laws, rules and jurisprudence, by (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Commonwealth and its instrumentalities, (iv) each Entity asserting claims or other rights against the Commonwealth or any other Commonwealth instrumentality, including each holder of a bond claim and each holder of a beneficial interest (directly or indirectly, as principal, agent, counterpart, subrogee, insurer or otherwise) in respect of bonds issued by the Debtors or any Commonwealth agency or with respect to any trustee, any collateral agent, any indenture trustee, any fiscal agent, and any bank that receives or holds funds related to such bonds, whether or not such claim or other rights of such Entity are impaired pursuant to the Plan and, if impaired, whether or not such Entity accepted the Plan, (v) any other Entity, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, officers, directors, agents, representatives, attorneys, beneficiaries or guardians; provided, however, that the compromises and settlements set forth in the Plan and the Confirmation Order with respect to the priority of the New GO Bonds and the CVIs under PROMESA, the Commonwealth Constitution, or other applicable law shall not be

binding on any party in interest (including any successor to the Oversight Board) in a subsequent

Title III (or other insolvency) proceeding.

Dated: _____          /s/_____
    San Juan, Puerto Rico

                                          Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Debtors*

/s/_____

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Debtors*

7