IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03566-LTS |
| THE EMPLOYMENT RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), | |
| Debtor. | |

**MOTION TO CLARIFY:**

***ORDER CONCERNING BRIEFING OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S MOTION TO ENFORCE THE PLAN OF ADJUSTMENT AND FOR RELATED INJUCTIVE RELIEF***

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

**TO THE HONORABLE COURT:**

Individual Plaintiffs, Pedro José Nazario Serrano; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez and Luis M. Jordán Rivera, all of them Retirees/Beneficiaries and Plaintiffs ("ERS Plaintiffs") in a claim for damages described below that is currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court"), without submitting to the jurisdiction of this Court, very respectfully submit this *Motion to Clarify*: "Order Concerning Briefing of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief" (Docket No. 22104). ERS Individual Plaintiffs respectfully STATE and PRAY as follows:

1. On September 8, 2022 this Honorable Court entered the "Order Concerning Briefing of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief" (Docket No. 22104), pursuant to which this Honorable Court set September 14 as the deadline for the ERS Plaintiffs to oppose UBS's motion to enforce the adjustment plan and until September 17 for UBS to reply.

2. However, ERS Plaintiffs wish to clarify that, in relation to the "UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief" (Docket No. 21651), on August 10, 2022, they filed their "Motion to Stay Consideration of: 'UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief'" (Docket No. 21808), in which the following was stated:

1. On July 28, 2022 UBS Financial Services Incorporated of Puerto Rico (hereinafter "UBS") filed the motion titled "UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief", at Docket No. 21651 (hereinafter, the "Motion to Enforce"). Essentially, UBS moves this Court to issue an Order, allegedly pursuant to Section 91.1 of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al. (the "Plan of Adjustment" or the "Plan") to enjoin the Employees' Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS") and seven other individual plaintiffs who are beneficiaries of the ERS from litigating the case Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Financial Services Inc. of Puerto Rico, Civ. No. KAC-2011-1067 (hereinafter, "Commonwealth Action"), which is pending before the Commonwealth Court.

2. Basically, UBS contends that the ERS and the individual plaintiffs no longer own the claims asserted in the complaint pending before the Commonwealth Court, because said claims supposedly are the same brought in the case captioned **_Drivetrain, LLC v. Barclays, et al., Adv. Proc. No. 19-000280-LTS_** (the "Underwriter Adversary Action"), which were transferred to the Avoidance Actions Trusts. UBS incorrectly argues that the remedies sought in the Commonwealth Action are the same remedies sought in the Underwriter Adversary Action, and requests an order to enjoin ERS and individual plaintiffs from further litigation in the Commonwealth Action to avoid being exposed to duplicative remedies.

3. However, the Underwriter Adversary Action has been stayed "in all respects" since the complaint was filed on 2019. In fact, on June 10, 2022, Judge Judith Gail Dein, who is presiding the Underwriter Adversary Action, entered an Order extending the "Initial Stay" up to and including **_September 15, 2022_**. See Exhibit A. Said Order also declares that the Trustee and the Defendants shall meet and confer regarding a schedule for Defendants to answer, **_move to dismiss_**, or otherwise respond to any complaint in the Adversary Proceedings. Id. ¶3. (Emphasis added.)

4. It is worth noting that said order was entered at the request of the Trustee, who on that same date, filed its "Unopposed Motion of Avoidance Actions Trustee for Entry of Order Extending Stay of Adversary Proceeding", stating that he and his professional team "**_have, and continue to, extensively evaluate the claims that are subject of_**

-3-

> *<u>the Adversary Proceeding and remains in the process of determining whether to pursue, settle, prosecute, abandon, or otherwise dispose of these claims</u>". See, Exhibit B, ¶14. (Emphasis added.)*
>
> 5. *On the other hand, even if the Trustee goes forward with the Underwriter Adversary Action, UBS will in all probability file a responsive pleading seeking the dismissal of the complaint. In the event that UBS convinces the court to dismiss the Underwriter Adversary Action, the UBS' Motion to Enforce becomes moot.*
>
> 6. *In light of the foregoing, it is hereby respectfully submitted that the Motion to Enforce filed by UBS is at best premature, because it is not known if the Underwriter Adversary Action will be prosecuted, abandoned or dismissed. Until then, UBS cannot allege with certainty that it is exposed to duplicative remedies. Moreover, UBS may move to dismiss the complaint in the Underwriter Adversary Action and if such remedy is granted UBS' Motion to Enforce becomes moot.*
>
> 7. *As such, it is hereby respectfully requested that the consideration of the Motion to Enforce filed by UBS be also stayed, because it is premature. The Motion to Enforce should be considered only after it is decided that the Trustee will prosecute the Underwriter Adversary Action and after the court decides if the case will go forward after UBS files its responsive pleading.*
>
> 8. *In case that this stay is denied, the Individual Plaintiffs reserve all their rights and objections to oppose the Motion to Enforce filed by UBS on the merits.*

**See, "Motion to Stay Consideration of: 'UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief'" (Docket No. 21808).**

3. In response to said motion, on August 11, 2022, this Honorable Court entered the "Order Scheduling Briefing of Motion to Stay Consideration of: 'UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan Of Adjustment and for Related Injunctive Relief'" (Docket No. 21814), with the following ruling:

> *The Court has received and reviewed the Motion to Stay Consideration of: "UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief" (Docket Entry No. 21808 in Case No. 17-3283) (the "Motion"), filed by Pedro José Nazario Serrano, Joel Rivera Morales, María de Lourdes Gómez Pérez, Héctor Cruz Villanueva, Lourdes Rodríguez, and Luis M. Jordán Rivera (the "Movants"). Responses to the Motion must be filed by **September 6, 2022**. Movants' reply papers must be filed by **September 13, 2022**. The Court will hear argument on the Motion at the Omnibus Hearing scheduled for **September 21, 2022**, at 9:30 a.m. (Atlantic Standard Time).*

**See, "Order Scheduling Briefing of Motion to Stay Consideration of: 'UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan Of Adjustment and for Related Injunctive Relief'" (Docket No. 21814).**

4. Pursuant to said Order, on September 6, UBS filed its "UBS Financial Services Incorporated of Puerto Rico's Response to the Motion to Stay Consideration of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief" (Docket No. 22070) and the Official Committee of Unsecured Creditors filed its "Official Committee of Unsecured Creditor's Response in Opposition to ERS Plaintiff's Motion to Stay Consideration of UBS Motion to Enforce the Plan of Adjustment" (Docket No. 22068), respectively. According to the aforementioned order (Docket No. 21814), the ERS Plaintiffs will submit their reply to the UBS' Opposition to the Motion to Stay (Docket No. 22070) on or before **September 13, 2022**.

5. We want to clarify that the way the orders have been entered, the ERS Plaintiffs are required to reply the opposition to the stay motion on or before September 13, and at the same time they are required to oppose the motion to enforce on the merits on or before 14 September. See Docket No. 21814 and Docket No. 22104. This, results patently unfair, in consideration that the <u>Drivetrain LLC v. Barclays Capital</u>, Adv. Proc. No. 19-280-LTS ("Underwriter Adversary Action") is stayed until September 15. **See, Exhibit 1**. As such, this Court is requiring the ERS Plaintiff to fix their position with regards to the motion to enforce

even though it has not been decided whether the Trustee will prosecute the Underwriter Adversary Action or if the case will go forward with the complaint as it is, or of it will be amended. UBS has not even filed its responsive pleading in the Underwriter Adversary Action. Evidently, if the Trustee decided that it will not continue to prosecute the Underwriter Adversary Action, UBS' position regarding the motion to enforce will be mooted.

6. With that said, the ERS Plaintiffs will be ready to file the reply to the opposition to motion to stay, as well as the opposition on the merits to the motion to enforce, on September 13 and September 14, respectively, presuming that the complaint in the Underwriter Adversary Action will remain as it is right now. However, the ERS Plaintiffs reserve their right to update their position in the event that the complaint in the Underwriter Adversary Action is amended.

7. Therefore, it is hereby clarified that the consideration of the motion to enforce, which the ERS Plaintiffs have until September 14 to oppose, is subject to the consideration of the motion to stay, which the ERS Plaintiffs have until September 13 to reply and is still pending, all of which will be discussed at the hearing on September 21, 2022.

**THEREFORE**, the Individual Plaintiffs respectfully request this Honorable Court to Clarify the "Order Concerning Briefing of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injuctive Relief" (Docket No. 22104).

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY:** That on this same date a true and exact copy of this motion was filed with the Clerk of Court using CM/ECF system, which will notify a copy to counsel of record.

In San Juan, Puerto Rico, this 9 day of September 2022.

| | |
|---|---|
| **VICENTE & CUEBAS** <br> P.O. Box 11609 <br> San Juan, PR 00910-1609 <br> Phone No. (787) 751-8000 <br> Fax No. (787) 756-5250 | **PUJOL LAW OFFICES, PSC** <br> P.O. Box 363042 <br> San Juan, PR 00936-3042 <br> Phone No. (787) 724-0900 <br> Fax No. (787) 724-1196 |
| /s/ Harold D. Vicente <br> **Harold D. Vicente, Esq.** <br> USDC-PR Bar No. 117711 <br> hvicente@vclawpr.com | /s/ Francisco Pujol Meneses <br> **Francisco Pujol Meneses, Esq**. <br> USDC-PR Bar No. 212706 <br> fpujol@pujollawpr.com |
| /s/ Harold D. Vicente-Colón <br> **Harold D. Vicente-Colón, Esq.** <br> USDC-PR Bar No. 211805 <br> hdvc@vclawpr.com | **BUFETE ANDREU & SAGARDÍA** <br> 261 Avenida Domenech <br> San Juan, Puerto Rico 009718 <br> Phone No. (787) 754-1777/763-8044 <br> Fax No. (787) 763-8045 |
| | /s/José A. Andreu Fuentes <br> **José A. Andreu Fuentes, Esq.** <br> USDC-PR Bar No. 204409 <br> jaf@andreu-sagardia.com |

*Counsel for Individual Plaintiffs, Beneficiaries of the Retirement System* <br> *of the Commonwealth of Puerto Rico*