# JOSÉ LUIS NOVAS DEBIÉN

ATTORNEY-AT-LAW
PMB 382
Calaf 400
San Juan, Puerto Rico 00918

E-Mail: jnovas1@gmial.com

Tel.: (787) 754.8300

June 17th, 2022

Hermann D. Bauer
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

Hermann.Bauer@oneillborges.com

Laura Stafford, Esq.
Proskauer Rose LLP
One International Place
Boston, MA 02110

lstafford@proskauer.com

**RE: Lilia Molina Ruiz, claim 77585**

Dear Mr. Bauer and Ms. Stafford:

I represent the claimant of reference. I am writing to you as attorneys for the Commonwealth of Puerto Rico (hereafter "the Commonwealth"), with regards to your omnibus objection and motion to disallow a number of claims--including that of my client--filed on May 13th, 2022 before the U.S. District Court for the District of Puerto Rico, D.E. 20797.

The purpose of my letter is to clarify my client's claim, and the reasons why execution of a certain judgment entered on August 18th, 2016 by the Puerto Rico State Court, Bayamón part, case number DAC-2016-1155, ordering the return of her livestock, should not continue to be stayed. I am also hopeful that an agreement can be reached for the return of the livestock, comprised of thirteen (13) miniature horses and donkeys and their offspirng as soon as possible. The facts are not complicated.

On October 9, 2015, a warrant for the seizure of a number of animals from my client issued, pursuant to an investigation related to alleged animal cruelty. The state of Puerto Rico failed to follow up on the matter in anyway, and my client demanded the return of her animals. The state did not return them, and my client filed a civil action seeking their return. No monetary judgment was sought. The state court entered a

judgment on August 18th, 2016, now final, ordering the Commonwealth to return the animals.

During the pendency of proceedings, the Commonwealth turned the animals over to the Municipality of Bayamón to be cared for at Parque de las Ciencias, where they remain to date in exhibition and providing rides to children. When my client sought exection of the judgment, the Commowealth moved to stay all proceedings as a result of the automatic stay in place at the time as a result of the Title III PROMESA proceedings. The Bayamón Court acceded, and issued an order on August 29th, 2018 staying the state court proceedings until such a time that my client obtained relief from the stay.

I include for your reference, copies of the relevant pleadings and orders as follows:

Exhibit 1: Judgment issued on August 18th, 2016
Exhibit 2: The Commonwealth's Motion to reconsider, dated August 14th, 2018
Exhibit 3: My client's opposition, dated August 25th, 2018
Exhibit 4: Court decree staying proceedings on account of the Title III PROMESA automatic stay.
Exhibit 5: Inventory of the seized animals[1]

From the standpoint of the Title III proceedings, my client's position is that the under section 362 (d)(2) (A) & (B) of the Bankruptcy Code, the Court ought to grant relief of the automatic stay because the Commowealth does not have an equity in such property; and because such property is not necessary to an effective reorganization for obvious reasons. In fact the contrary appears to be the case, as these animals can only create a burden for the Commonwealth as they need to be cared for, fed, and housed, obviously at an expense, an ongoing liability.

I will appreciate that as soon as practicable you evaluate my client's claim, and contact me to discuss further. My client is amenable to entering an agreement whereby she will receive the animals still in possession of the Commonwealth and/or the Municipality of Bayamón, and issue a full release to the Commowealth. If you need additional information, or documentation, please do not hesitate to contact me, I will gladly furnish it.

Thanking you for your attention to this matter, and awaitng your advises, I remain.

Cordially yours,

José Luis Novas Debién

---

[1] Though the inventory includes a number of dogs, my client is only claiming the return of the horses, donkeys, and respective offspring, items 16-26.

2