UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING CARLOS LAMOUTTE'S MOTION TO CONSOLIDATE DISQUALIFICATION COMPLAINTS FILED UNDER THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021 PURSUANT TO RULE 42 OF THE FEDERAL RULES OF CIVIL PROCEDURE

      The Court has received and reviewed *Carlos Lamoutte's Motion to Consolidate Disqualification Complaints Filed Under the Puerto Rico Recovery Accuracy in Disclosures Act of 2021 Pursuant to Rule 42 of the Federal Rules of Civil Procedure* (Docket Entry No. 22090 in Case No. 17-3283)[2] (the "Motion to Consolidate"), filed by Carlos Lamoutte ("Movant").

      The Motion to Consolidate requests that the Court issue an order consolidating the pleadings filed with respect to two motions filed by Movant: (i) the *Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (Docket Entry No. 20873) (the "O&B Motion"), and (ii) the *Motion*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references herein are to the docket of Case No. 17-3283.

to Intervene and to Inform the Existence and Continuance of Unresolvable Conflicts of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of McKinsey & Company, Inc. and Its Affiliates as Advisors to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees (Docket Entry No. 22025) (the "McKinsey Motion" and, together with the O&B Motion, the "Underlying Motions").  The O&B Motion is fully briefed and sub judice, and the McKinsey Motion is in the process of being briefed by the parties.

The Motion to Consolidate fails to sufficiently demonstrate a meaningful legal or factual overlap so as to warrant consolidation of the Underlying Motions.  The Motion to Consolidate only conclusorily alleges that any such overlap exists by reiterating the relief sought in the Underlying Motions and stating that the Underlying Motions are meritorious.  (See, e.g., Mot. to Consolidate ¶ 5.)  In fact, as the Court has previously noted, the factual allegations underlying the O&B Motion (which requests the disqualification of O'Neill & Borges LLC solely on the basis of its alleged representation of purchasers of a loan portfolio owned by the Economic Development Bank for Puerto Rico) appear to be totally distinct from the allegations underlying the McKinsey Motion (which requests the disqualification of McKinsey & Company, Inc. on the basis of its alleged representation of clients—some of which are allegedly also represented by O'Neill & Borges LLC—that have a stake in the above-captioned Title III cases).  (See Docket Entry No. 22020.)  The Motion to Consolidate does not address this discrepancy, nor does it identify any legal issue that is common to both of the Underlying Motions.

Additionally, the Motion to Consolidate is opaque as to what relief Movant actually seeks from the Court in requesting that the Court "consolidate[] the [pleadings concerning the O&B Motion] with the [pleadings concerning the McKinsey Motion]," (Mot. to Consolidate at 6),[3] thereby making it exceedingly difficult for the Court to determine the practical consequences of granting the Motion to Consolidate.  The Motion to Consolidate does not provide any detail as to what "unnecessary costs or delays" (Mot. to Consolidate ¶ 4) would be avoided by the consolidation of the Underlying Motions, one of which has already been fully briefed by the parties.

Accordingly, the Motion to Consolidate is denied.  This Order resolves Docket Entry No. 22090 in Case No. 17-3283.

SO ORDERED.

Dated: September 12, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3]  This lack of clarity is exacerbated by Movant's failure to comply with section I.I of the Court's *Sixteenth Amended Case Management Procedures* (Docket Entry No. 20190-1), which requires that "[a]ll Pleadings . . . that are requesting relief . . . be accompanied by a proposed order."