# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| LUIS A. RIVERA SIACA<br><br>　　Movant,<br><br>　　　　v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　Debtors. | Re: ECF No. 21408, 21411, 21509, 21706, 22166 |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

**DEBTOR'S RESPONSE TO MOTION FOR LEAVE TO COMPLY WITH ORDER**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as its Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response (the "Objection") to the *Motion for Leave to Comply with Order* [ECF No. 22166] (the "Motion"), filed by Luis A. Rivera Siaca (the "Movant" or "Rivera Siaca"). In support of the Objection, the Debtor respectfully represents:

1. The Motion is a belated request for extension of deadlines clearly established by the Court. As such, the request is governed by Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), incorporated into this proceeding pursuant to PROMESA Section 310, requiring Movant to show excusable neglect. Failure to monitor the docket and Court's orders, however, does not constitute excusable neglect and Movant has otherwise failed to show cause to retroactively enlarge the time the Court established. Accordingly, the Commonwealth respectfully requests the Court deny the Motion.

2. On July 1, 2022, Movant filed a Motion to Comply with Payment of Administrative Rent [ECF No. 21408] (the "Administrative Expense Motion"). On the same date, the Court entered an order [ECF No. 21411] (the "Scheduling Order") setting a deadline of (a) July 15, 2022 for (1) Movant to file a certified English translation of Exhibit A to the Administrative Expense Motion and (2) the Debtor to file responsive papers to the Administrative Expense Motion, and (b) setting a deadline of July 22, 2022 for Movant to file a reply. On July 15, 2022, the Oversight

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

1

Board timely filed a response to the Administrative Expense Motion [ECF No. 21509]. Movant failed to file a reply by the Court-prescribed deadline. Instead, Movant filed a reply (the "Reply") on August 2, 2022, eleven days after the reply deadline. Therein, Movant purported to require the Oversight Board and the Debtor to file an additional response by September 6, 2022, and to set a hearing for September 21, 2022, by labeling the Reply header with such dates. Reply at 1.

3. On September 9, 2022, counsel for Movant sent a letter to counsel for the Oversight Board reiterating the purported September 6, 2022 deadline and requesting the Commonwealth's position with respect to the Reply. Motion Ex. A at 1. By letter, dated September 12, 2022, counsel to the Oversight Board responded that the Reply was untimely pursuant to the Scheduling Order, that there was no such purported September 6, 2022 deadline, and that Movant could not require the filing of a sur-reply absent leave of the Court pursuant to the Sixteenth Amended Notice, Case Management and Administrative Procedures. *See* Motion Ex. B. at 1. Movant then filed the present extension Motion stating that Movant was unaware of the Scheduling Order until receipt of the September 12, 2022 letter.

4. Bankruptcy Rule 9006(b)(1) provides that the Court may enlarge the time required for cause shown to perform an act required pursuant to the Scheduling Order "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Bankruptcy Rule 9006(b)(1).

5. Movant cites a lack of awareness of the Scheduling Order for failing to comply with the Scheduling Order deadlines. Motion ¶¶ 3-6. Failure to monitor the docket, however, is not excusable neglect as a matter of law. Attorneys have an affirmative duty to monitor the electronic docketing system for the entry of new filings and orders. *See Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 276 n.3 (1st Cir. 2006) ("There is no

2

indication that the plaintiff diligently tried to monitor the docket to ensure that the record properly reflected her filing."); *Witty v. Dukakis*, 3 F.3d 517, 520 (1st Cir. 1993) ("[P]arties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them"); *Brown v. Zerek*, No. 98-5097, 1998 WL 738340, at *1 (10th Cir. Oct. 22, 1998); *Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 (9th Cir. 1994); *see also Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C.Cir. 2004) (holding that attorneys are "obligated to monitor the court's docket" and the failure to do so will not excuse an untimely filing). Movant has offered no other explanation for the delay.[3] Accordingly, the Motion should be denied and the Court should disregard Movant's non-compliant submissions.

[*Remainder of Page Intentionally Left Blank*]

---

[3] The asserted importance of the Administrative Expense Motion to parties is not an explanation for delay. Motion ¶ 7.

3

WHEREFORE the Commonwealth respectfully requests the Court deny the Motion and grant such other and further relief as is just.

Dated: September 13, 2022  
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer  
USDC No. 215205  
Carla García-Benítez  
USDC No. 203708  
Gabriel A. Miranda  
USDC No. 306704  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative for the Debtors*

4