**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

      Debtors.[1]

------------------------------------------------------------------------ x

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS LIMITED RESPONSE IN
SUPPORT OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S
MOTION TO ENFORCE THE PLAN OF ADJUSTMENT**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits

this limited response in support (the "Response") of UBS Financial Services Incorporated of

Puerto Rico's ("UBS") *Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief*

---

1  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2  The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[Docket No. 21651 in Case No. 17-4780 (LTS)] ("Motion to Enforce"). In support of this Response, the Committee respectfully states as follows:

## INTRODUCTION

1.      The Court should grant the Motion to Enforce because the claims asserted by the ERS Plaintiffs have been transferred by the Plan of Adjustment[3] to the Avoidance Actions Trust, which is administering those claims for the benefit of general unsecured creditors. The Avoidance Actions Trust has confirmed to the Committee that it will continue to prosecute claims against UBS and seeks to maximize their value through the pursuit of a global resolution, either through settlement or trial. The ERS Plaintiffs, in turn, have otherwise been well treated under the Plan and retain no further right, title, or interest in litigation claims against UBS arising from the 2008 ERS pension obligation bond issuances. As such, the Avoidance Actions Trust is the sole remaining party with standing to advance the litigation claims at issue.

## BACKGROUND

2.      UBS filed the Motion to Enforce on July 28, 2022.

3.      The Motion to Enforce seeks to enjoin the ERS Plaintiffs[4] in litigation pending in Commonwealth Court and captioned *Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Financial Services Inc. Of Puerto Rico*, Civ.

---

3   On January 18, 2022, this Court entered an order confirming the Plan of Adjustment to restructure the Commonwealth's and the ERS's debt, including the outstanding debt to pensioners and holders of the ERS's pension obligation bonds. (Docket No. 19813 ("Confirmation Order"); 19813-1 (the "Plan")).

4   The individual plaintiffs are Pedro José Nazario Serrano; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez and Luis M. Jordán Rivera. They purport to be retirees/beneficiaries claiming damages against ERS in the Commonwealth Action, which is pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court").

No. KAC-2011-1067 ("Commonwealth Action") from continuing to litigate claims that are (i)

property of the Employee Retirement System; (ii) were transferred to the Avoidance Actions Trust

pursuant to Section 78.6 of the Plan; and (iii) are currently being pursued by the Avoidance Actions

Trustee in the adversary captioned *Drivetrain, LLC v. Barclays, et al.,* Adv. Proc. No. 19-000280-

LTS (the "Underwriter Adversary Action").[5]

## **ARGUMENT**

4.      The Commonwealth Action and the Underwriter Adversary Action each assert

claims against UBS arising from their role in ERS's issuance of pension obligation bonds in 2008.

In fact, both cases assert claims based on alleged breaches of the same contract between UBS and

the ERS.  *See* Underwriter Adversary Action Compl. ¶¶ 48-55, 510-514, 543-547 (asserting claims

for breach of contract against UBS arising out of purchase contracts underwriters entered in

connection with ERS' 2008 pension obligation bond issuances) and ERS Plaintiffs' Fourth

Amended Complaint ¶ 6.18 (alleging UBS violated its "underwriting contracts with the System

for the issue and sale of the Bonds")) [Motion to Enforce at Exhibit A.].

5.      Pursuant to the Plan, causes of action, such as the claims against underwriters, were

placed in trust for the benefit of creditors other than the retirees. Specifically, Section 78.3 states

that "[o]n the Effective Date, the Debtors shall transfer all of the Avoidance Actions Trust Assets

to the Avoidance Actions Trust." (Plan § 78.3). The Avoidance Actions Trust Assets contain more

---

5    On August 10, 2022, the ERS Plaintiffs filed the Motion to Stay, which requests the Court defer
     consideration of the Motion to Enforce until (i) it is determined if the Avoidance Actions Trust will
     pursue claims against UBS; or, in the alternative; (ii) thirty days after UBS files a responsive pleading.
     Motion to Stay at p. 4.  Notably, the Motion to Stay does not address whether the ERS Plaintiffs claims
     have been transferred to the Avoidance Actions Trust pursuant to the Plan.  Instead, the ERS Plaintiffs
     simply conclude that Commonwealth Action and the Underwriter Adversary Action do not seek the
     same "remedies" and, without more, ask the Court to permit them to continue litigating the
     Commonwealth Action. *Id.* at ¶2.

than just classic avoidance claims; they also include the claims being asserted in the Underwriter

Adversary Action. (*See id*. § 1.108 (defining "Avoidance Actions Trust Assets" to include "(c)

such other actions that have been brought by or on behalf of the Debtors seeking affirmative

recoveries, and which actions are set forth in the respective litigation lists on Exhibit 'B' hereto"));

*see also id*. Exhibit B, listing the Underwriter Adversary Action).

6.      The claims placed in the Avoidance Actions Trust are no longer under the control

of the ERS or the Commonwealth.  Rather, under Section 78.6 of the Plan, the Avoidance Actions

Trustee has the "rights, powers and duties" to "hold the Avoidance Actions Trust Assets for the

benefit of the Avoidance Actions Trust Beneficiaries" and "to investigate, prosecute, settle and/or

abandon rights, Causes of Action, or litigation of the Avoidance Actions Trust." (*Id.* § 78.6)

7.      These provisions also give the Avoidance Action Trustee control over the claims

in the Commonwealth Action because the complaints in both cases contain essentially the same

claims.  No provision of the Plan states that the claims would revert to the defunct ERS or to its

former beneficiaries should the Avoidance Actions Trustee choose not to pursue them or were the

Court to dismiss the claims on the pleadings.

8.      Accordingly, the Avoidance Actions Trust should be permitted to administer

litigation against UBS without interference from the ERS Plaintiffs. For this very reason, the

Committee requests the Court favorably consider the Motion to Enforce.

4

WHEREFORE, the Committee respectfully requests the Court grant the relief requested in

the Motion to Enforce consistent with this response.


Dated:　　　　September 14, 2022　　　　By: */s/ John Arrastia*
　　　　　　　　　　　　　　　　　　　　John Arrastia, Esq. (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Jesus M. Suarez, Esq. (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　**CONTINENTAL PLLC**
　　　　　　　　　　　　　　　　　　　　255 Alhambra Cir, Suite 640,
　　　　　　　　　　　　　　　　　　　　Miami, FL 33134
　　　　　　　　　　　　　　　　　　　　Tel: (305) 677-2707
　　　　　　　　　　　　　　　　　　　　jarrastia@continentalpllc.com
　　　　　　　　　　　　　　　　　　　　jsuarez@continentalpllc.com
　　　　　　　　　　　　　　　　　　　　acastaldi@continentalpllc.com

　　　　　　　　　　　　　　　　　　　　*Special Litigation Counsel to the Official*
　　　　　　　　　　　　　　　　　　　　*Committee of Unsecured Creditors*

　　　　　　　　　　　　　　　　　　　　/s/ *Juan J. Casillas Ayala*
　　　　　　　　　　　　　　　　　　　　CASILLAS, SANTIAGO & TORRES LLC
　　　　　　　　　　　　　　　　　　　　Juan J. Casillas Ayala, Esq.,
　　　　　　　　　　　　　　　　　　　　(USDC-PR 218312)
　　　　　　　　　　　　　　　　　　　　Israel Fernández Rodriguez, Esq.,
　　　　　　　　　　　　　　　　　　　　(USDC-PR 225004)
　　　　　　　　　　　　　　　　　　　　Juan C. Nieves González, Esq.,
　　　　　　　　　　　　　　　　　　　　(USDC-PR 231707)
　　　　　　　　　　　　　　　　　　　　Cristina B. Fernández Niggemann, Esq.
　　　　　　　　　　　　　　　　　　　　(USDC-PR 306008)
　　　　　　　　　　　　　　　　　　　　El Caribe Office Building
　　　　　　　　　　　　　　　　　　　　53 Palmeras Street, Ste. 1601
　　　　　　　　　　　　　　　　　　　　San Juan, Puerto Rico 00901-2419
　　　　　　　　　　　　　　　　　　　　Telephone: (787) 523-3434
　　　　　　　　　　　　　　　　　　　　jcasillas@cstlawpr.com
　　　　　　　　　　　　　　　　　　　　ifernandez@cstlawpr.com
　　　　　　　　　　　　　　　　　　　　jnieves@cstlawpr.com
　　　　　　　　　　　　　　　　　　　　cfernandez@cstlawpr.com

　　　　　　　　　　　　　　　　　　　　*Local Counsel to Official Committee of Unsecured*
　　　　　　　　　　　　　　　　　　　　*Creditors for all Title III Debtors (other than PBA*
　　　　　　　　　　　　　　　　　　　　*and COFINA)*

5