# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et. al.*,<br><br>Debtor | PROMESA<br>Title III<br><br>No. 17-03283 -LTS<br><br>(Jointly Administered) |

### LUIS A. RIVERA SIACA'S REPLY TO DEBTOR'S RESPONSE TO MOTION FOR LEAVE TO COMPLY WITH ORDER

**TO THE HONORABLE COURT:**

COMES NOW, Luis A. Rivera Siaca (hereafter "Rivera Siaca"), through his undersigned counsel, and respectfully states and requests:

1. On September 13, 2022, the Commonwealth of Puerto Rico (the "Commonwealth") by and trough the Financial Oversight and Management Board for Puerto Rico filed a response (the "Response") to Rivera Siaca's motion for leave to comply with the Scheduling Order of this Court of July 1, 2022, (**ECF No. 21411**) (the "Motion"), *inter alia*, that the setting July 15, 2022 by the Court as the deadline to file a certified English translation of the existing lease contract (the "Contract") between Rivera Siaca, as lessor, and the Department of Education of the Commonwealth (the "DE"), as lessee, included as Exhibit A to Rivera Siaca's Administrative Expense Motion, and July 22, 2022 for Rivera Siaca to reply to the Commonwealth responsive papers thereto (the "Reply") (**ECF No. 22174**).

2. On August 2, 2022, Rivera Siaca filed the Reply, that is 11 days beyond the date established in the Scheduling Order to do so (**ECF No. 21706**), and on September 12, 2022 filed the Motion requesting that the Reply be accepted and that he be granted until September 28, 2022

to file the certified English translation of the eleven page Contract, stating the reasons for the failure to comply with the Scheduling Order.

3. In the Response, the Commonwealth opposes the Motion sustaining that it consists of a belated attempt to comply with the Scheduling Order for which there is no excusable neglect under Fed. R. Bank. P. 9006(b)(1), since it is the attorney's duty to monitor the electronic docketing system for the entry of new filings and orders, which is acknowledged by the undersigned.

4. However, the sanction of not considering the Reply and the translation to the English language of the Contract under the particular facts of this case is unwarranted, considering the 9-day delay in the filing of the Reply, that there is an ongoing contractual relationship between Rivera Siaca and the DE, under which the DE is in possession of the leased premises thereto, enjoying the same, without paying rent to Rivera Siaca, owing him $2,259,399.71 as of June 6, 2022, amount which has increased and continues to do so on a daily basis. Even if the Reply would be disregarded, without the translation of the Contract to the English language, the Court wouldn't be able to consider the Motion.

5. If the Response is granted, considering that the relationship between Rivera Siaca and the DE is ongoing and that the rent due under the Contract increases on a daily basis, the results would be for Rivera Siaca to refile his Administrative Expense Motion, contrary to the principles of judicial economy sought by our judicial system.

6. Moreover, we can't ignore the black letter policy that cases should be decided on their merits, as recognized in *Laboy v. González*, 1995 U.S. Dist. LEXIS 3687, [*7-8] (D.C. P.R.), where an amended opposition to a motion to dismiss filed **five (5) months** after the decision by the First Circuit Court of Appeals and the order of the District Court instructing the parties to file briefs regarding the merits of plaintiff's motion for reconsideration, certainly not the situation here, and still the District Court, following the stated policy, granted the motion for reconsideration and

went on to consider the motion to dismiss on its merits. (See also *Rodriguez v. Municipality of Carolina*, 2019 U.S. Dist. LEXIS 240986 (D.C. P.R.); *Esposito v. Home Depot U.S.A.*, 590 F.3d 72 (1st Cir. 2009).

**WHEREFORE**, it is respectfully requested that the Response be denied, Rivera Siaca's Reply be accepted by the Court and that he be granted until September 28, 2022 to file the certified English translation of the Contract, substitute Exhibit A to the Reply with a version in English and file a certified English translation of Exhibit B thereto, all of which are in progress.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

San Juan, Puerto Rico this 14th day of September 2022

*s*/**Charles A. Cuprill-Hernandez**
USDC-PR 114312
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street - Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com

3