**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors. [1] | |

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03566-LTS |
| THE EMPLOYMENT RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), | |
| Debtor. | |

## BRIEF REPLY TO:

**(1) *OFFICIAL COMMITTEE OF UNSECURED CREDITORS LIMITED RESPONSE IN SUPPORT OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S MOTION TO ENFORCE THE PLAN OF ADJUSTMENT [DOCKET NO. 22186]***

## AND TO

**(2) *JOINDER OF THE AVOIDANCE ACTIONS TRUSTEE TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED RESPONSE IN SUPPORT OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S MOTION TO ENFORCE THE PLAN OF ADJUSTMENT [DOCKET NO. 22187]***

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

*TO THE HONORABLE COURT:*

Individual Plaintiffs, Pedro José Nazario Serrano; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez and Luis M. Jordán Rivera, all of them Retirees/Beneficiaries of the ERS and Plaintiffs in a claim for damages described below that is currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court"), without submitting to the jurisdiction of this Court, very respectfully STATE and PRAY as follows:

1.      On September 14, 2022, the Official Committee of Unsecured Creditors filed a *"Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment"* (Docket No. 22186); to which, on that same date, the Trustee of the Commonwealth Avoidance Action Trust joined (Docket No. 22187). Essentially, they insist that the causes of action and remedies sought in the Underwriter Adversary Action are the same causes of actions and remedies sought in the Commonwealth **They are not the same.**

2.      In fact, during a hearing held on November 26, 2019, the Commonwealth Court made it pellucidly clear to UBS' attorneys that the issue of the validity or invalidity of the Bonds was not a matter under consideration in the Commonwealth Action. The Court stated:

> ***HON. JUDGE: ...Now, another thing that attorney Hernández Denton said. This case**, the controversy I have to resolve is not the same as the one in the Federal Court. **And what they do there, well, fine and dandy. Whatever they do there. I don't have ------ my jurisdiction doesn't extend that far. So in this case the evidence that is going to be sought is the evidence pertaining to the allegations about the nature of the transaction between UBS and the Retirement System.***
>
> ***Look,** what's at issue here is which representations, if any, did UBS make to the Retirement System when it sold, marketed, devised or did not devise the sale of these bonds. **That's a controversy in this case. So that's evidence that I need.** (Emphasis added.)*

*See*, Transcript of Hearing held on November 26, 2019 --- page 35, lines 10---24 to page 36. (Docket No. 12577 in Case No. 17-3283).

3.     During that same hearing, in spite of UBS' insistence that the validity of the

Bonds had been placed in controversy, the Commonwealth Court stated:

> *HON. JUDGE: Again. Here it's being alleged that UBS gave an advice deviated from the fiduciary duty that, according to the plaintiffs, it had to the Retirement System. Because it wanted to profit from that sale. Because as a result of that sale, it collected $35 million in commissions.*
>
> *And, then, the Retirement System followed UBS' recommendations and by following the UBS' recommendations, well, it was negatively impacted because the recommendations given by UBS did not generate the expected results.*
>
> ***There's no mention here that those bonds are wrongly issued, are illegal, whatever. I'm not going to resolve that, the validity of the bonds. They've already been issued.*** *(Emphasis added.)*

*See*, Transcript of Hearing held on November 26, 2019 --- pages 61-62. (Docket No. 12577 in
Case No. 17-3283.)

4.     Because of said Commonwealth Court's ruling, it is clear that the case before

the Commonwealth Court does not and has never constituted a "duplicative" or "repetitive"

litigation, compared to the Underwriter Adversary Action. As thoroughly discussed in the

"*Consolidated: (1) Reply to Opposition to Motion to Stay and (2) Opposition to Motion to*

*Enforce the Plan of Adjustment*", filed on September 14, 2022, (Docket No. 22175), which we

hereby incorporate by reference, the Underwriter Adversary Action Complaint essentially

seeks rescission of the Purchase Contract and the disgorgement of the profits, fees and

commissions generated by UBS, whereas the Commonwealth Action seeks to recover the

damages inflicted upon the ERS Individual Plaintiffs including their substantial benefits, as

result of UBS' tortious conduct **prior to the issuance** of the POB's.

5.     A cursory review of the Underwriter Adversary Action, describes and make reference to contractual claims resulting from the issuance of the bonds, whereas the Commonwealth Court Action, commenced by the Retirees six (6) years prior to these Title III Proceedings, clearly describes the tort committed by UBS as financial advisor, recommending the **issuance** of the pension obligation bonds in violation of its fiduciary duty. The claims are not the same. The table below summarizes the causes of action and remedies sought in the Underwriter Adversary Action against UBS, which are clearly different from the causes of action in the Commonwealth Action:

**Underwriter Adversary Action - Complaint:**

| Counts | Remedies |
|---|---|
| 53. **Rescission** of Transfer Pursuant to 31 LPRA §§ 3491-3500, 11 USC §544(B), and 26 USC § 6502(A). See, Underwriter Adversary Complaint, page 81. (Emphasis added). | 492. Pursuant to 11 USC § 544, 31 LPRA §§ 3491-3500, and 26 USC §6502(a), Debtors are empowered to avoid the fees paid to the ERS Series A Bond Underwriters. As result, to the extent necessary, Debtors may **recover the fees paid** to the ERS Series A bond Underwriters pursuant to 11 USC § 550. See, Underwriter Adversary Complaint, page 81, ¶492. (Emphasis added). |
| 55. **Unjust Enrichment**. (Underwriters – ERS Series A Bond Issuance). See, Underwriter Adversary Complaint, page 84. (Emphasis added). | 506. Equity and good conscience require that the ERS Series A Bond Underwriters **return any fees they received** for their services and any assets associated with the transactions that ultimately only increased the depth of the Commonwealth's financial crisis. See, Underwriter Adversary Complaint, page 84, ¶506. (Emphasis added). |
| 57. **Breach of Contract**. (Underwriters-ERS Series A Bond Issuance). See, Underwriter Adversary Complaint, page 84. (Emphasis added). | 514. As result of the ERS Series A Bond Underwriters' **breach of** the ERS Series A Purchase **Contract**, the Commonwealth has suffered damages in an amount to be determined at trial. See, Underwriter Adversary Complaint, page 85, ¶514. (Emphasis added). |

| | |
|---|---|
| 58. **Rescission** of Transfer Pursuant to 31 LPRA §§3491-3500, 1 USC §544(B), and 26 USC § 6502(A). See, Underwriter Adversary Complaint, page 85. (Emphasis added). | 525. Pursuant to 11 USC § 544, 31 LPRA §§ 3491-3500, and 26 USC §6502(a), Debtors are empowered to avoid the fees paid to the ERS Series B and C Bond Underwriters. As result, to the extent necessary, Debtors may **recover the fees paid** to the ERS Series B and C Bond Underwriters pursuant to 11 USC § 550. See, Underwriter Adversary Complaint, page 87, ¶525. (Emphasis added). |
| 60. **Unjust Enrichment**. (Underwriters – ERS Series B and C Bond Issuance). See, Underwriter Adversary Complaint, page 88. (Emphasis added). | 539. Equity and good conscience require that the ERS Series B and C Bond Underwriters **return any fees they received** for their services and any assets associated with the transactions that ultimately only increased the depth of the Commonwealth's financial crisis. See, Underwriter Adversary Complaint, page 88, ¶539. (Emphasis added). |
| 62. **Breach of Contract**. (Underwriters – ERS Series B and C Bond Issuance). See, Underwriter Adversary Complaint, page 89. (Emphasis added). | 547. As result of the ERS Series B and C Bond Underwriters' **breach of** the ERS Series B and C Purchase **Contract**, the Commonwealth has suffered damages in an amount to be determined at trial. See, Underwriter Adversary Complaint, page 85, ¶514. (Emphasis added). |

See, Underwriter Adversary Complaint, <u>Docket No. 1, Case No. 17-BK-3283 (LTS)</u>.

6. It follows from the above, that all counts in the Underwriter Adversary Complaint against UBS are related to rescission and breach of the Purchase Contract, and that all remedies sought against UBS seek to recover disgorgement of the profits, fees and commissions generated by UBS. While the Underwriter Adversary Action may result of benefit to the Unsecured Creditors of the Commonwealth, it will not compensate the ERS Individual Plaintiffs for the damages and the significant reduction of benefits they suffered resulting from UBS' breach of its fiduciary duty prior to the issuance of the bonds, in light of Article 1802 of the Commonwealth Civil Code, 31 LPRA sec. 5141.

7.     Because the Commonwealth Actions seeks to recover the damages inflicted upon the ERS Individual Plaintiffs as result of UBS' **tortious** conduct **prior** to the issuance of the POB's, it cannot be stated that the causes of actions and the remedies sought are the same.

8.     As such, it is hereby requested from this Honorable Court to deny the: (1) Official Committee of Unsecured Creditors Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No. 22186]; and the (2) Joinder Of The Avoidance Actions Trustee to Official Committee of Unsecured Creditors' Limited Response in Support Of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No. 22187]. Consequently, "*UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief", at Docket No. 21651, should be (1) STAYED for the reasons set forth at Docket No. 21808, or in the alternative (2) DENIED for the reasons discussed at Docket No. 22175.

**THEREFORE**, the ERS Individual Plaintiffs respectfully request this Honorable Court to: **DENY** the (1) Official Committee of Unsecured Creditors Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No. 22186], and the (2) Joinder Of The Avoidance Actions Trustee to Official Committee of Unsecured Creditors' Limited Response in Support Of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No. 22187]. Consequently, "*UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief", at Docket No. 21651, should be (1) **STAYED** for the reasons set forth at Docket No. 21808, or in the alternative (2) **DENIED** because of the reasons discussed at Docket No. 22175.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY:**  That on this same date a true and exact copy of this motion was filed with the Clerk of Court using CM/ECF system, which will notify a copy to counsel of record.

In San Juan, Puerto Rico, this 14th day of September 2022.

**VICENTE & CUEBAS**
P.O. Box 11609
San Juan, PR 00910-1609
Phone No. (787) 751-8000
Fax No. (787) 756-5250

/s/Harold D. Vicente
**Harold D. Vicente, Esq.**
USDC-PR Bar No. 117711
hvicente@vclawpr.com


/s/Harold D. Vicente-Colón
**Harold D. Vicente-Colón, Esq.**
USDC-PR Bar No. 211805
hdvc@vclawpr.com

**PUJOL LAW OFFICES, PSC**
P.O. Box 363042
San Juan, PR 00936-3042
Phone No. (787) 724-0900
Fax No. (787) 724-1196

/s/Francisco Pujol Meneses
**Francisco Pujol Meneses, Esq**.
USDC-PR Bar No. 212706
fpujol@pujollawpr.com


**BUFETE ANDRÉU & SAGARDÍA**
261 Avenida Domenech
San Juan, Puerto Rico 009718
Phone No. (787) 754-1777/763-8044
Fax No. (787) 763-8045

/s/José A. Andréu Fuentes
**José A. Andréu Fuentes, Esq.**
USDC-PR Bar No. 204409
 jaf@andreu-sagardia.com


*Counsel for Individual Plaintiffs, Beneficiaries of the Retirement System
of the Commonwealth of Puerto Rico*