UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO THE RESPONSE FILED BY THE DOWNTOWN DEVELOPMENT CORP. [ECF NO. 22057] TO THE FOUR HUNDRED NINETY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and, together with the Commonwealth and ERS,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the response [ECF No. 22057] (the "Response") filed by claimant Downtown Development Corp. ("DDC") to the *Four Hundred Ninety-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims for Which the Debtors are Not Liable* [ECF No.21741] (the "Four Hundred Ninety-Second Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On August 5, 2022, the Debtors filed the Four Hundred Ninety-Second Omnibus Objection seeking to disallow claims that seek recovery for amounts for which the Debtors are not liable, each as identified in Exhibit A thereto (collectively, the "Claims to Be Disallowed").

2. Any party who disputed the Four Hundred Ninety-Second Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 5, 2022 in accordance with the Court-approved notice attached to the Four Hundred Ninety-Second Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Four Hundred Ninety-Second Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 22039].

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

3. DDC filed a proof of claim against the Commonwealth on May 27, 2018, which was logged by Prime Clerk as Proof of Claim No. 27270 (the "DDC Claim"). The DDC Claim asserts liability on the basis of rent allegedly owed by the Department of Transportation and Public Works ("DTOP," by its Spanish acronym), a Commonwealth agency, in respect of the operative lease agreements between DTOP and DDC. In support of the DDC Claim, DDC attached a tenant ledger evidencing payments since 1997 and a lease agreement between DDC and DTOP for the period of July 1, 2009 through June 30, 2014 (the "2009 Lease Agreement"). In the Four Hundred Ninety-Second Omnibus Objection, the Debtors objected to the DDC Claim on the basis that DTOP's records showed that the asserted liabilities were associated with amounts that were outside of the approved contract and/or where no contract was in place.

4. In the Response, DDC claims that it amended the DDC Claim on September 2, 2022, to include the lease agreement that it alleges covers the period for which it is asserting liability. *See* Resp. at 2 ("[T]he amount claimed is for rent due up to September 14, 2015."); Proof of Claim Nos. 180511, 180512 (filed September 2, 2022, each purporting to amend the DDC Claim). Without the approval of the Court, however, such amendments are untimely and thus barred. *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*, ¶ 42 [ECF No. 19813]. In further correspondence with counsel for the Debtors, counsel for DDC has also clarified that it is specifically claiming rent allegedly owed for the months of August and September 2015.

3

5. Regardless, a review of the ledger DDC attached to the DDC Claim and the lease agreements included in the DDC Claim and the Response show that the allegedly unpaid rent DDC seeks to recover was, in fact, for a period in 2014 where there was no lease agreement in place between the parties—the months of July and August 2014 and September 1 through 4, 2014—and not, as the Response and counsel for the claimant allege, for any periods in 2015.

6. The 2009 Lease Agreement was effective from July 1, 2009 to June 30, 2014. *See* DDC Claim at 17. A new lease agreement, included as Exhibit 1 to the Response, was effective from when it was signed, September 5, 2014, through June 30, 2016 (the "2014 Lease Agreement"). *See* Resp., Ex. 1 [ECF No. 27270-1] at 1. Both the 2009 Lease Agreement and the 2014 Lease Agreement established that DTOP's annual rent was $215,919.96, or $17,993.33 per month. *See* DDC Claim at 17; Resp., Ex. 1 [27270-1] at 1. The DDC claim alleges $38,385.19 in unpaid rent. *See* DDC Claim at 3.

7. As DDC's own tenant ledger makes clear, DTOP was current for all rental obligations and any other liabilities owed pursuant to the 2014 Lease Agreement. In fact, contrary to counsel for DDC's assertions, DTOP issued a check on April 5, 2016 to pay the prorated amount of rent due for the months of August and September 2015 following DTOP's cancellation of the lease. *See* DDC Claim at 5 ("chk#03335840" in the amount of 13,794.89, corresponding with the September 24, 2015 charge of 13,794.89 for prorated August/September 2015 rent). Through all of the charges under the 2014 Lease Agreement, however, DDC had been improperly carrying forward a balance of $38,385.19—the exact amount alleged in the DDC claim—which can be traced to rent charges for the months of July and August 2014 and for September 1 through 4,

4

2014, when the 2009 Lease Agreement had expired and the 2014 Lease Agreement had not yet been signed.

8. DDC's tenant ledger shows that these same charges are those asserted in the DDC Claim. Following the expiration of the 2009 Lease Agreement on June 30, 2014, DDC charged DTOP $17,993.33 in rent on July 1 and August 1, 2014, for a total of $35,986.66. *See* DDC Claim at 15. On September 1, 2014, DTOP charged another $17,993.33. *See* DDC Claim at 15. The July 1 and August 1 charges were never paid, since they occurred after the expiration of the 2009 Lease Agreement and prior to the period of effectiveness of the 2014 Lease Agreement. On April 28, 2015, DTOP issued a check in the amount of $15,594.80, reflecting the valid charges for the month of September 2014, *except* for September 1 through 4, thus excluding those days in September where the 2014 Lease Agreement was not yet effective. *See* DDC Claim at 5 ("chk# 3253866" in the amount of $15,594.80). The balance of the alleged September rent—$2,398.53—when added to the unpaid amounts from July and August, 2014, equals $38,385.19, the exact amount alleged in the DDC Claim.

9. DDC has improperly carried forward charges for the period of July, August, and 4 days in September 2014 where there was no contract between the parties and, thus, no payments may be authorized. Under Commonwealth law, government obligations only arise where there is a legally valid contract evidencing the obligation. *See Alco Corp. v. Municipality of Toa Alta*, 183 DPR 530, 539 (P.R. 2015). In *Vicar Builders v. Commonwealth of Puerto Rico, et al.*, 192 DPR 256 (P.R. 2015), the Department of Justice of Puerto Rico leased a building from the plaintiff and, upon expiration of the lease, continued occupying the building for several months until the lease was renewed. The Supreme Court of Puerto Rico held that, due to the absence of a valid

5

contract between the parties covering the interim period, the Commonwealth was not responsible for paying the rent owed for that period. *Id.* at 267–70.

10. DDC further claims that the Debtors have "ample knowledge of the contract and the amount due" based on an August 5, 2015 letter from the then-Secretary of DTOP cancelling the 2014 Lease Agreement. But, that is irrelevant. Nothing in the DTOP letter suggests that the 2014 Lease Agreement covers the pre-signing period of July, August, and September 1 through 4, 2014, or that any other contract between the parties authorized rent payments for that period.

11. Accordingly, because DDC has not provided any evidence that there was a valid contract between DDC and DTOP covering the period of July, August, and September 1 through 4, 2014, the DDC Claim does not assert any liability against the Commonwealth.

12. For the foregoing reasons, the Debtors respectfully request that the Court grant the Four Hundred Ninety-Second Omnibus Objection and disallow the DDC Claim.

[*Remainder of the page intentionally left blank*]

| | |
|---|---|
| Dated: September 14, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority* |