# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors and Reorganized Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| CARLOS LAMOUTTE,<br><br>Movant,<br><br>-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>on its own behalf and as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Respondent. | **Re: ECF No. 22025** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO LAMOUTTE MOTION TO INTERVENE AND INFORM THE EXISTENCE AND CONTINUANCE OF UNRESOLVABLE CONFLICTS OF INTEREST IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ., AND PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF MCKINSEY & COMPANY, INC. AND ITS AFFILIATES AS ADVISORS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND (B) THE <u>DISALLOWMENT AND DISGORGEMENT OF LEGAL FEES</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 5

ARGUMENT .................................................................................................................................. 9

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ...........................................................................................................9

*In re Granite Partners, L.P.*,
  219 B.R. 22 (Bankr. S.D.N.Y. 1998) ................................................................................12

*Lujan v. Defs. Of Wildlife*,
  504 U.S. 555 (1992) .....................................................................................................9, 10

**STATUTES & RULES**

11 U.S.C. § 101 ..............................................................................................................................5

28 U.S.C. § 1927 ............................................................................................................................2

48 U.S.C. §§ 2101-2241 ................................................................................................................1

48 U.S.C. § 2178 ............................................................................................................................5

Fed. R. Bankr. P. 2014(a) .........................................................................................................4, 11

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response and opposition (the "Opposition") to the *Motion to Intervene and to Inform the Existence and Continuance of Unresolvable Conflicts of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) The Permanent Disqualification of McKinsey & Company, Inc. and Its Affiliates as Advisors to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* [ECF No. 22025] (the "Motion to Intervene" or "Motion"), filed September 1, 2022 by Carlos Lamoutte ("Mr. Lamoutte").

**PRELIMINARY STATEMENT**

1. Mr. Lamoutte's Motion to Intervene is his latest effort seeking to have Oversight Board advisors disqualified and their fees disgorged. Notably, Mr. Lamoutte nowhere identifies what he wants to intervene in, nor does he include intervention in his request for relief or a proposed pleading. Rather, Mr. Lamoutte only requests relief for the 'petition' portion of his pleading, namely disqualification of McKinsey & Company, Inc. ("McKinsey"), and "disallowance and disgorgement" of its fees. The Motion comes on the heels of this Court's order of August 30, 2022 granting O'Neill & Borges' ("OB") motion to strike Mr. Lamoutte's prior informative motion regarding OB's and McKinsey's alleged disqualifying conflicts of interest ("Informative Motion") and subsequent order denying Mr. Lamoutte's motion to reconsider the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1

Court's order striking the informative motion. *See* ECF Nos. 21970 and 22020. The Court struck the Informative Motion because it was an impermissible surreply that "appears to either restate arguments and factual allegations already thoroughly addressed in briefing the Motion to Disqualify" OB from serving as the Oversight Board's counsel. ECF No. 21970 at 2.

2. Now, in an effort to circumvent these rulings, Mr. Lamoutte has taken many of the allegations originally included in the now-stricken Informative Motion and re-purposed them for the Motion to Intervene, in which he once again seeks to have McKinsey disqualified and its fees disallowed and disgorged. Indeed, despite contending his Motion addresses McKinsey's alleged conflicts of interest, the Informative Motion retains much of the unsupported attacks on OB contained in the stricken Informative Motion.[3]

3. Mr. Lamoutte has met and surpassed the vexatious litigation under 28 U.S.C. § 1927 warranting the Court to require Mr. Lamoutte to satisfy personally the excess costs, expenses, and attorneys' fees required by his filings. The Oversight Board does not currently request such an order and would not make the request in a response to an intervention motion. But, if Mr. Lamoutte continues vexatious litigation, the Oversight Board reserves the right to do so. Attached as Exhibit A is a chart listing the filings Mr. Lamoutte has made in this Court since May 18, 2022 alleging the same issue; namely that some of the Oversight Board's advisors are not disinterested and attacking the Oversight Board and its staff. As has been repeatedly pointed out, by both the Court and the Oversight Board, Mr. Lamoutte lacks standing, is misinterpreting the law, and is proceeding improperly.

4. Although Mr. Lamoutte portrays himself as a *pro se* citizen, the fact is that he is an attorney who represents clients seeking to overturn an Economic Development Bank ("EDB") loan

---

[3] Responses to Mr. Lamoutte's relentless attacks on OB can be found at: ECF Nos. 21094, 21096, and 21938.

2

sale agreement. *See* ECF No. 21094 at 13 ("Opposition to the Motion to Disqualify"). As part of that effort, Mr. Lamoutte has leveled unsupported allegations against OB, the Oversight Board's longtime Puerto Rico counsel, and McKinsey (collectively, the "Advisors"), as well as baseless assertions against Oversight Board staff and ethics advisor. In addition to the most-recent filings described above, in this Court, Mr. Lamoutte has filed a pending motion to disqualify OB and have its fees disgorged [ECF No. 20873] ("Motion to Disqualify"), as well as a dismissed objection to OB's disclosures under the *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA") (the "Objection") [ECF No. 21604]. The Oversight Board cannot take lightly Mr. Lamoutte's efforts to deprive it of its long-term attorneys based in San Juan or its long-term advisors.

5. Now Mr. Lamoutte has filed the Motion to Intervene, which is grounded in false and baseless allegations, as well as a misunderstanding of PRRADA. The Motion to Intervene includes numerous paragraphs taken verbatim from the stricken Informative Motion but is styled as a motion directed at only McKinsey, even though it includes the same inflammatory and unsubstantiated claims against OB. The Motion also includes additional conclusory and erroneous allegations against McKinsey lacking any evidentiary support, as well as a series of incorrect statements about PRRADA and the disclosure requirements under the Federal Rules of Bankruptcy Procedure.

6. In substance, the Motion to Intervene merely identifies certain entities, some of which are not even included on the material interested parties list ("MIP List"), *see* ECF No. 20467,[4] to which Mr. Lamoutte suggests McKinsey is connected and alleges, without explaining

---

[4] Specifically, "New Fortress Energy LLC d/b/a NFEnergia LLC" is not listed on the MIP List. Furthermore, it is not clear whether "UBS family of Puerto Rico funds" or "undisclosed others" are included on the MIP List because Mr. Lamoutte provides insufficient identifying information.

3

why, that such connections disqualify McKinsey as serving as advisor to the Oversight Board and prohibit it from collecting fees for its work. Mr. Lamoutte also alleges, again without explaining why, that McKinsey did not satisfy its disclosure requirements under rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Rule 2014(a)") (which is not directly applicable here) or PRRADA.

7. As such, Mr. Lamoutte's Informative Motion constitutes little more than commentary on McKinsey's PRRADA disclosures (or alleged lack thereof) cribbed from his stricken Informative Motion, followed by numerous case citations describing disclosure requirements under the Federal Rules of Bankruptcy Procedures and PRRADA. But, as this Court has already ruled in dismissing Lamoutte's Objection, neither PRRADA nor the Court's order implementing the statute provides for persons, other than the United States Trustee, "to respond to PRRADA disclosures." ECF No. 21604 at 2. Moreover, as the Court ruled, in the event Mr. Lamoutte objects to the payment of fees to any professional entity, the appropriate method of doing so is by raising an objection to an application for compensation and reimbursement of expenses (although he may lack standing to do so). *See id*.

8. Furthermore, as with his pending Motion to Disqualify, Mr. Lamoutte lacks standing to bring his Motion to Intervene. He has not established an injury-in-fact to himself related to McKinsey's PRRADA disclosures or any of the speculative conflicts of interest he baselessly raises in the Motion to Intervene.

9. But even if Mr. Lamoutte had standing to bring the Motion to Intervene, his filing is based on a fundamental misunderstanding of PRRADA. First, PRRADA's disclosure requirement is limited to a professional's connections with persons or entities on the MIP List. *See* PRRADA § 2(b)(1). Mr. Lamoutte's allegations, in part, concern supposed connections to one

4

entity not included on the MIP List and unnamed "UBS family of Puerto Rico funds" and "others" he claims, without any support, are "undisclosed." Second, PRRADA provides a court may deny compensation or reimbursement of expenses if the professional is not a "disinterested person" as defined by 11 U.S.C. § 101 (*i.e.*, the professional has an interest materially adverse to the interest of the estate, creditors or equity security holders) or represents an adverse interest in connection with the Title III cases. PRRADA § 2(e). But, contrary to the assumption underlying the Motion to Intervene, PRRADA does not equate disclosure of a connection to a party on the MIP List as constituting an adverse interest justifying such remedies. And other than rank speculation, Mr. Lamoutte provides no basis to conclude an adverse interest exists. Indeed, Mr. Lamoutte does not and cannot identify what McKinsey has done for the Oversight Board that would influence an outcome or benefit any entity on the MIP List. As a practical matter, McKinsey's role has largely been to help the Oversight Board formulate fiscal plans and measures to make governmental operations more efficient. It has neither negotiated with creditors nor recommended the treatment of any class of creditors in a plan of adjustment. Third, Mr. Lamoutte's argument for the disgorgement of "all fees" paid to McKinsey rests on the incorrect assumption that PRRADA applies to fees awarded before PRRADA was enacted.

10. In short, Mr. Lamoutte's Motion to Intervene is without merit both on the law and the facts and should be dismissed.

## BACKGROUND

11. On May 9, 2017, the Oversight Board, as Title III representative of the Commonwealth, commenced the Commonwealth's Title III case with this Court.

12. On January 20, 2022, President Biden signed PRRADA, 48 U.S.C. § 2178, into law. PRRADA sets forth disclosure requirements for any attorney, accountant, appraiser,

5

auctioneer, agent, or other professional person seeking compensation pursuant to sections 316 and 317 of PROMESA after PRRADA's enactment, including filing with the court "a verified statement conforming to the disclosure requirements of rule 2014(a) of the Federal Rules of Bankruptcy Procedure setting forth the connection of the professional person with any entity or person on the List of Material Interested Parties." PRRADA § 2(b)(1).

13. On March 30, 2022, the Court issued its *Order Approving List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act*, in which it approved the Oversight Board's amended MIP List, and ordered professional persons in the Title III cases to file disclosures required by PRRADA in accordance with the amended MIP List. ECF No. 20467 ("MIP List Order").

14. On May 19, 2022, Mr. Lamoutte filed with this Court the Motion to Disqualify, in which he sought to have OB disqualified as the Oversight Board's counsel and to have their fees disgorged pursuant to PRRADA. On June 2, 2022, the Oversight Board filed a response and opposition to Mr. Lamoutte's Motion to Disqualify [ECF No. 21094] ("Opposition to Motion to Disqualify"). On June 6, 2022, Mr. Lamoutte filed a reply in support of his Motion to Disqualify, reiterating many of the arguments made in his Motion to Disqualify. ECF No. 21124. The Court has not yet ruled on this motion.

15. On May 24, 2022, McKinsey re-filed its *Declaration of Dmitry Krivin, a Partner of McKinsey & Company, Inc. United States, Disclosing Connections to Material Interested Parties in Connection with the Puerto Rico Recovery Accuracy in Disclosures Act*, pursuant to the MIP List Order and the disclosure requirements set forth in PRRADA. ECF No. 20989 ("McKinsey Disclosures"). The McKinsey Disclosures identified McKinsey's connections (as well as the connections of its wholly owned subsidiary—MIO Partners, Inc.) to people and entities

6

listed on the MIP List and verified that subject to the disclosures set forth therein, these connections do not constitute interests adverse to the Debtors. *Id.* ¶¶ 23, 36, 41, 71, 75, 80, 82.

16. On July 12, 2022, OB filed its *Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* pursuant to the MIP List Order and the disclosure requirements set forth in PRRADA. ECF No. 21485 ("OB Disclosures"). The OB Disclosures represented OB is a "'disinterested person' pursuant to PRRADA section 2(e)(2)(A) relative to each entity on the MIP List and does not represent or hold an adverse interest in connection with the Title III Proceedings pursuant to PRRADA section 2(e)(2)(B)." *Id.* ¶ 26. On August 25, 2022, in response to questions from the United States Trustee about the OB Disclosures, OB filed its *Supplemental Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant To The Puerto Rico Recovery Accuracy In Disclosure Act* [ECF No. 21925] ("OB Supplemental Disclosures"). The OB Supplemental Disclosures affirmed that "all representations and disclosures in the initial PRRADA Disclosure remain true and correct." OB Supplemental Disclosures ¶ 13.

17. On July 21, 2022, Mr. Lamoutte filed *Carlos Lamoutte's Objection to "Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act" Filed on July 12, 2022, Docket Entry No. 21,485*. ECF No. 21572 (previously defined as the "Objection").

18. On July 27, 2022, the Court issued its *Order Concerning Carlos Lamoutte's Objection to "Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act" Filed on July 12, 2022, Docket Entry No. 21,485*, terminating Mr. Lamoutte's Objection as "premature" because (1) "neither the statute nor the Court's order implementing the statute invites other parties in interest or members of the

7

public to respond to PRRADA disclosures"; and (2) there was no pending "application for compensation and reimbursement of expenses that is subject to PRRADA." ECF No. 21604 at 2.

19. On August 16, 2022, Mr. Lamoutte filed the Informative Motion discussed above [ECF No. 21854], which sought to have the Advisors' disqualified and their fees disgorged. On August 26, 2022, OB filed *O'Neill & Borges LLC Motion to Strike Carlos Lamoutte's [So-Called] "Informative Motion Regarding Shared Conflictive Connections of Professional Persons Employed by the Financial Oversight and Management Board for Puerto Rico, and Supplement to the 'Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) The Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowance and Disgorgement of Legal Fees,' Docket Entry No. 20873" at Docket Number 21854* [ECF No. 21938] ("Motion to Strike"). On August 30, 2022 the Court granted OB's Motion to Strike [ECF No. 21970] ("Order Striking Informative Motion"), finding the Informative Motion was "essentially a sur-reply" to the Motion to Disqualify, which was procedurally improper. *Id.* at 2. After the Order Striking Informative Motion had been docketed, Mr. Lamoutte filed *Carlos Lamoutte's Response and Objection to O'Neill & Borges LLC Motion to Strike, Docket Entry No. 21,938*. ECF No. 21975. The Court subsequently overruled Mr. Lamoutte's response and objection. ECF No. 21989. Nevertheless, on August 30, 2022, Mr. Lamoutte petitioned the Court to reconsider its Order Striking Informative Motion [ECF No. 21990] ("Motion to Reconsider"). On September 1, 2022, the Court denied the Motion to Reconsider for the same reasons it denied the Informative Motion, and because Mr. Lamoutte did not demonstrate the existence of newly discovered or previously unavailable evidence [ECF No.

8

22020] ("Order Denying Motion to Reconsider").

20. Mr. Lamoutte filed the pending Motion to Intervene on September 1, 2022, raising essentially the same arguments he had raised in his stricken Informative Motion.[5]

## ARGUMENT

21. Mr. Lamoutte seeks to have McKinsey disqualified and its fees disgorged based on baseless accusations that McKinsey did not adequately disclose its connections to certain entities, when in fact McKinsey did self-identify its connections to the entities on the MIP List (*see* McKinsey Disclosures) as required by PRRADA. Mr. Lamoutte's Motion to Intervene should be denied because (a) Mr. Lamoutte lacks standing to bring the Motion to Intervene; and (b) the claims made in the Motion to Intervene lack a basis in both law and fact.

22. *First*, Mr. Lamoutte lacks constitutional standing to bring his Motion to Intervene. Standing is an "essential . . . part of the case-or-controversy requirement of Article III"; if Mr. Lamoutte lacks standing, this Court lacks subject-matter jurisdiction, and the Motion to Intervene must be dismissed. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). Mr. Lamoutte is not even a party in interest. To demonstrate standing, Plaintiffs must allege injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted); *see also Lujan*, 504 U.S. at 560–61. The burden of establishing these elements lies with Mr. Lamoutte. *See id.* Mr. Lamoutte has not—and cannot—establish he has suffered injuries, let alone the "concrete, particularized, and actual or imminent" injury; "fairly traceable to the challenged

---

[5] In addition, on September 6, 2022, Mr. Lamoutte filed *Carlos Lamoutte's Motion to Consolidate Disqualification Complaints Filed Under the Puerto Rico Recovery Accuracy in Disclosures Act of 2021 Pursuant to Rule 42 of the Federal Rules of Civil Procedure* [ECF No. 22090] ("Motion to Consolidate"), which repeated many of the same allegations in an effort to consolidate all of his prior motions. The Court denied the Motion to Consolidate on September 12, 2022. ECF No. 22146.

9

action" required to confer standing. *Clapper*, 568 U.S. at 409 (citation omitted). The Motion to Intervene contends, without factual support, that (1) McKinsey and OB have connections with entities that "hold interests which by their nature are adverse to the Oversight Board and to the Commonwealth of Puerto Rico" that have not been explained to his satisfaction; and (2) these connections render McKinsey not "disinterested" which justifies disqualification and disgorgement of fees. Mot. to Intervene ¶¶ 10-14. The Motion nowhere explains, however, how McKinsey's self-disclosed connections to entities on the MIP List or any of the other connections about which Mr. Lamoutte speculates, result in injury to Mr. Lamoutte, let alone how any such injury is traceable to the challenged conduct.[6] Nor does he explain why OB's alleged conflicts implicate McKinsey's fitness to serve as an advisor to the Oversight Board.

23. Relatedly, Mr. Lamoutte's Motion to Intervene constitutes little more than a summary of boilerplate law on the importance of disclosures in bankruptcy cases and commentary on McKinsey's PRRADA disclosures. With respect to the latter, the Motion to Intervene merely points out certain entities, some of which are on the MIP List and some of which are not, and assumes, without any additional facts, that the disclosures themselves (or alleged lack thereof) disqualify McKinsey from providing services to the Oversight Board and retaining the compensation already received for such services. But this Court has already ruled in rejecting Mr. Lamoutte's prior effort to object to OB's disclosures that "neither the statute nor the Court's order

---

[6] At best, Mr. Lamoutte alleges a general public harm. But the Supreme Court has "consistently held" that a party raising only general grievances and seeking relief that "no more directly and tangibly benefits him than it does the public at large" does not state an Article III case or controversy and therefore lacks constitutional standing. *Lujan*, 504 U.S. at 573-74. None of Mr. Lamoutte's Motion to Intervene, his Objection, or Motion to Disqualify include information suggesting the Advisors' alleged conflicts of interest affect Mr. Lamoutte personally and directly, or disqualifying the Oversight Board's Advisors and disgorging their fees would result in a direct benefit to Mr. Lamoutte.

10

implementing the statute invites other parties in interest or members of the public to respond to PRRADA disclosures." ECF No. 21604 at 2. Accordingly, the Motion to Intervene seeks to do what this Court has already deemed is not permitted and it should be denied.

24. *Second*, Mr. Lamoutte's contentions lack any basis in fact or law.

25. Mr. Lamoutte alleges that McKinsey does not provide "clear and candid disclosures as to its connections with the Conflict Parties," which are listed in paragraph 10 of the Motion. *See* Mot. to Intervene ¶¶ 10, 23, 42. But Mr. Lamoutte provides no factual support for this serious accusation, which renders it nothing more than rank speculation.[7]

26. As for the connections to MIP List entities McKinsey and OB included in their PRRADA disclosures, Mr. Lamoutte alleges they constitute conflicts of interests that render them not "disinterested" persons under PRRADA because the disclosed clients of the Advisors "hold interests that are materially adverse to the Oversight Board and to the Commonwealth . . . ." Mot. to Intervene ¶ 12. Mr. Lamoutte does not explain how these interests are materially adverse; he merely restates the text of PRRADA, cites to cases interpreting the Federal Rules of Bankruptcy Procedure, and assumes that, because these connections were included in the Advisors' PRRADA disclosures, they rise to the level of a disqualifying interest. That assumption is not correct.

27. Nothing in PRRADA or the Bankruptcy Rules provide that merely having a connection with an entity on the MIP List is a basis for disallowance of a professional's fees or disqualification. If that were the case, no large advisor could ever represent a large debtor. The scope of PRRADA's disclosure requirement, which conforms to the requirement set forth in Rule

---

[7] The list of "Conflict Parties" in the Motion includes "undisclosed others" and at least one party that is not on the MIP List. McKinsey is only required to disclose its connections to the entities identified on the MIP List, and it appears to have done so in its PRRADA disclosures. Although Mr. Lamoutte contends otherwise, he provides no basis for why the disclosures – which have been certified by a sworn declaration– are defective.

11

2014(a), is designed to identify the situations that could be, but are not necessarily, actual conflicts. *See In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998) ("The scope of disclosure [under Rule 2014(a)] is much broader than the question of disqualification."). In other words, McKinsey's disclosure of connections to certain entities on the MIP List does not render it a non-disinterested person relative to those entities or indicate McKinsey represented adverse interests in connection with the Title III cases pursuant to PRRADA section 2(e). In fact, McKinsey submitted a sworn statement to the contrary in its PRRADA disclosures. *See* McKinsey Disclosures ¶¶ 23, 36, 41, 71, 75, 80, 82.

28. Instead of providing a factual basis rebutting this evidence, Mr. Lamoutte alleges a "[p]ay to play scheme[]," whereby those government contractors represented by McKinsey enjoy advantages over competitors, rendering McKinsey conflicted in its work for the Oversight Board. But, again, he provides no factual support for the theory. Moreover, Mr. Lamoutte ignores that AAFAF and the rest of the Commonwealth government hire contractors, not the Oversight Board and its advisors.

29. Mr. Lamoutte's failure to provide any factual support for his theory of why the connections disclosed by McKinsey (and OB) are inadequate or disqualify McKinsey from providing services to the Oversight Board leaves the Court with no basis on which to disqualify McKinsey or to disgorge its receipt of compensation.

## CONCLUSION

30. For the foregoing reasons, the Motion to Intervene should be denied in its entirety.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 15, 2022
San Juan, Puerto Rico

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

**OF COUNSEL FOR**
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260


*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com

Guy Brenner (*pro hac vice*)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899
Email: gbrenner@proskauer.com


*Attorneys for the Financial Oversight and Management Board for Puerto Rico, on its own behalf and as representative of the Commonwealth of Puerto Rico*

13

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Luis F. del Valle-Emmanuelli*
Luis F. del Valle Emmanuelli

14