# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et. al.*<br><br>Debtors[1] | PROMESA<br>TITLE III<br><br>(Jointly Administered)<br><br>CASE NO.: 17-BK-3283 (LTS) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE COURT:**

NOW comes, Lilia Molina Ruiz (hereafter, "Ms. Molina"), represented by the undersigned counsel and respectfully moves the Court for an Order pursuant to 11 U.S.C.A. sec. 362 for relief from the automatic stay as follows:

### I. CERTIFICATION

This certification asserts a full compliance with the Fifteenth Amended Case Management Procedures Notice, Case Management and Administrative Order, as set forth at Paragraph R of Section III (Scheduling) of the Order. The Financial Oversight and

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA")(Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software

Management Board for Puerto Rico (the "Oversight Board"), in its capacity as the representative of the Commonwealth of Puerto Rico and Ms. Molina have been engaged in discussions to dispose of this matter by stipulation. Ms. Molina's June 17th, 2022 letter to the Commonwealth seeking informal resolution of this matter is appended herewith as **Exhibit 1**. The last of these discussions was held today, September 15th, 2022.

The parties failed to reach an agreement despite the fact Ms. Molina's claim relates to a final non-monetary judgment from the Puerto Rico state court ordering the return of certain livestock belonging to Ms. Molina, which was improvidently seized by the Commonwealth of Puerto Rico, on or about October 9, 2015.

Ms. Molina files the instant motion for relief from the automatic stay for the reasons stated hereunder. A proposed order is appended herewith.

**II. PROCEDURAL HISTORY AND FACTS NOT IN DISPUTE FOLLOWING STATE LEVEL PROCEEDINGS BELOW, NOW FINAL BY WAY OF JUDGEMENT**

On October 9, 2015, a state level warrant issued for the seizure of 15 dogs and 13 ponies belonging to claimant Molina, pursuant to an investigation related to alleged animal cruelty. The Commonwealth of Puerto Rico failed to follow up on the matter in anyway, either by charging claimant under the local animal cruelty statute, or by seeking the forfeiture of the animals through proper civil proceedings.

Specifically, and in the latter respect, the Commonwealth failed to heed the mandates of the Puerto Rico Forfeiture Act which states that forfeiture must be notified by certified mail to the owner and any other person with interest on the property within the jurisdictional term of thirty (30) days from the date when the property was seized.

As a result, claimant Molina demanded the return of her animals. The Commonwealth did not return the animals, and claimant Molina filed a civil action

---

limitations).

against the Commonwealth before the Puerto Rico First Instance Court, Bayamón part (hereafter, "the Puerto Rico Court"), case number DAC-2016-1155 seeking the return of her property. <u>No monetary judgment was sought</u>.

On August 18th, 2016, the Puerto Rico First Instance Court entered a judgment (hereafter, "the judgment"), now final, ordering the Commonwealth to return the animals to Ms. Molina, for want of following applicable provisions of law related to seizures and forfeitures. A certified translation of the judgment is included herewith as **Exhibit 2**.

The dispositive part of the judgment, which is in full force and effect provides as follows:

> "Having evaluated the filed motions and having adopted by reference the grounds previously set forth, making them an integral part of the present judgment, we **GRANT** the motion for "SUMMARY JUDGMENT" filed by the plaintiff party and **DENY** the "MOTION FOR DISMISSAL" filed by the defendant party, the Commonwealth of Puerto Rico. Consequently, it is ordered that the Commonwealth of Puerto Rico, within an unextendable period of twenty (20) days, counting from this notification, return the seized animals to the plaintiff party".

**Exhibit 2, page 10.**

Ms. Molina sought execution of the judgment, by requesting order from the Puerto Rico Court, to return the livestock forthwith, which the Court granted issuing an order for the return of the livestock, on March 16th, 2017.

The case took a momentary detour before the Puerto Rico Appellate Court, on a collateral, procedural issue not relevant to the issues at hand, and when it was remanded for continuation of proceedings, on November 17, 2017, the Puerto Rico Court once again ordered the return of the livestock to Ms. Molina.

On June 28, 2018, Ms. Molina, yet unable to obtain the return of her animals notwithstanding the finality of the judgment and various orders mandating their return,

3

through counsel, filed before the United States District Court for the District of Puerto Rico, a proof of claim, number 77585. **See Exhibit 3**.

Claimant specifically indicated in the proof of claim, as basis of the claim (**section 9, Exhibit 3**), the judgment entered by the Puerto Rico First Instance Court, Bayamon part, case DAC-2016-1155, upholding her challenge to the forfeiture proceedings and mandating the return of her animals.

On August 14th, 2018, while the matter of the execution of judgment was still pending, the Commonwealth claimed before the Puerto Rico Court that all proceedings should be stayed as a result of the automatic stay under the instant Title III PROMESA proceedings.

The Puerto Rico Court acceded, and issued an order on August 29th, 2018 staying the state court proceedings until such a time that Ms. Molina obtained relief from the stay.

The present motion constitutes Ms. Molina's first application for relief of the automatic stay from this Honorable District Court of Puerto Rico.

### III. MEMORANDUM OF LAW

**Ms. MOLINA SHOULD BE GRANTED RELIEF FROM THE AUTOMATIC STAY SO THAT THE PUERTO RICO COURT MAY AFFORD HER POST-JUDGMENT, NON-MONETARY REMEDIES SHE IS ENTITLED TO AS A RESULT OF THE FINAL JUDGMENT**

Section 301 (a) of PROMESA states among other things that 11 U.S.C. §362 of the United States Bankruptcy Code is applicable to a petition under Title III of PROMESA. In the instant case, the automatic stay should be lifted pursuant to 11 U.S.C. §362 (d)(1) for cause, including but not limited to, lack of adequate protection.

4

More specifically, in accordance with 11 U.S.C. §362 (d)(2), the automatic stay should be lifted because the Commonwealth of Puerto Rico has no equity or any kind of interest, proprietary or otherwise, in Ms. Molina's livestock as the seizure was declared to be null and void by the Puerto Rico First Instance Court judgment for want of complying with applicable seizure and forfeiture proceedings.

Additionally, and from the standpoint of the Title III proceedings, Ms. Molina's position is that the under section 362 (d)(2) (A) & (B) of the Bankruptcy Code, the Court ought to grant relief of the automatic stay because such property is not necessary to an effective reorganization of the Commonwealth's debt. In fact, the contrary appears to be the case, as these animals can only create a burden for the Commonwealth as they need to be cared for, fed, and housed, obviously at an expense to the Commonwealth, an ongoing liability. Moreover, claimant Molina stands to suffer irreparable harm, as the livestock, by its nature is subject to perishing for a number of reasons, including disease, theft, or other natural causes while out of her possession and control.

Under 11 U.S.C.A. sec. 362 (d), a bankruptcy court may modify the automatic stay "for cause" to allow a pending action in a different court to continue its proceedings—in this case, execution of a judgment for return of property, where there is no monetary award of any kind involved against the Commonwealth. In re Murray Industries, Inc., 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990).

After a prima facie case for relief from the stay is made by creditor, Debtor has the ultimate burden of persuasion to establish that cause for relief does not exist under section 362 (d). In re Anton, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). Regarding cause for relief from stay, <u>Peerles Insurance Company v. Peerless.</u>

5

Insurance Company, 208 B.R. 313, 315 (D.R.I. 1997) provided that: "Section 362 (d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause." 11 U.S.C. sec. 362(d)(1). The statute does not define "cause"; but generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted.

The livestock of course, is not part of the bankruptcy estate. No harm of any kind may befall upon the Commonwealth, within the purview of PROMESA and the protection it affords the Commonwealth, if the stay is lifted, and the matter must now go back to the Puerto Rico Court for the remainder of proceedings in execution of a judgment that is final at this point.

The factors provided by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F. 2d 1280, 1286 (2d Cir. 1990), to determine if cause exists to lift the bankruptcy stay are applicable to the case before us: "lack of any connection with or interference with the bankruptcy case," is present for obvious reasons already spelled out hereunder; "whether litigation in another forum would prejudice the interests of other creditors," is an inquiry that must be answered in the negative, for the reasons already stated; "the interests of judicial economy and the expeditious and economical resolution of litigation," would be amply and justly served, remanding this matter to the Puerto Rico Court where it belongs; "whether the parties are ready for trial in the other proceeding," is also met here, as no trial is necessary, there is already a final judgment; and the "impact of the stay on the parties and the balance of harms". Here, the stay has prevented Ms. Molina from applying for remedies before the Puerto Rico Court, thus she has been adversely impacted. It bears to say that the Commonwealth's plea for a

6

stay—which the Puerto Rico Court granted, was an improvident, unfair and last-ditch effort to unduly retain Ms. Molina's property. Sonnax, 907 F. 2d, Id. at 1286.

Congress stated as part of the legislative history to section 362 (d)(1), that: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 341 (1977); S.Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

We believe this is exactly the case here, and relief from the stay is requested.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter an order granting relief from the automatic stay for the reasons stated herein.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 15th day of September, 2022.

**CERTIFICATE OF SERVICE:** I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice electronically to all counsel of record and will provide hard copies to the Court and United States Trustee as soon as practical after the filing of the foregoing, consistent with the Court's Sixteenth Amended Case Management Order. *See* Docket No. 20190-1.

Dated: September 15th, 2022.

**S/JOSE LUIS NOVAS DEBIÉN**
**USDC-PR #213905**
PMB 382
Calaf 400
San Juan, Puerto Rico 00918
Tel.: 787-754-8300
E-mail:jnovas1@gmail.com