COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
BAYAMÓN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LILIA MOLINA-RUIZ<br>Plaintiff Party<br><br>V.<br><br>COMMONWEALTH OF<br>PUERTO RICO<br>Defendant Party | CIVIL NO.: D AC2016-1155 (502)<br><br>REGARDING:<br><br>CHALLENGE OF FORFEITURE |

## JUDGMENT

There is before our consideration a "Special Appearance to Request Dismissal," filed on the 7th of June of 2016, by the defendant party, the Commonwealth of Puerto Rico (Commonwealth), and the corresponding "Motion in Opposition to the Dismissal and to Reconsideration by the Plaintiff party," filed on the 7th of July of 2016, by the plaintiff party, Lilia Molina-Ruiz. In a similar manner, we must entertain a "Summary Judgment" motion filed by the plaintiff party on the 17th of May of 2016. It is upon us to decide whether summary judgment is warranted, and at the same time, if dismissal of the complaint at bar is warranted, since the Commonwealth seized the property which is alleged in the complaint.

The case herein had its beginning on the 1st of February of 2016, with the filing of a complaint regarding Challenge of a Forfeiture. In the same, it was alleged that on the 15th of October of 2015, agents of the Police of Puerto Rico from Precinct 411 at Dajaos Ward, in Bayamón, P.R., seized seventeen (17) canines and thirteen (13) miniature horses, which belonged to the plaintiff party. Said seizure was carried out as a result of a Search and Seizure Warrant, which alleged that the plaintiff violated some provisions contained in the Animal Abuse Act of Puerto Rico, Act Number 154-2008, as amended. It indicated that the forfeiture carried out was null and void, because the Commonwealth did not comply with the requirement of notifying within the jurisdictional period which is established by the Uniform Forfeitures Act.

D AC2016-1155  2
Judgment

In the same manner, on the 17th of May of 2016, the plaintiff party filed a "Request for Entry of Default" and a Motion for "Summary Judgment." The San Juan court entered default and ordered transfer of the case at bar before this court, due to the fact that the property was seized in Bayamón. After transfer to this forum had been completed, the entry of default was vacated. In a similar manner, by way of an Order dated 7th of July of 2016, this court ordered the defendant party to respond in twenty (20) days regarding the motion for summary judgment filed by the plaintiff party.

Things as such, on the 7th of June of 2016, the Commonwealth filed a Request for Dismissal. In summary, it requested the dismissal of the complaint, based on Rule 10.2 of Civil Procedure, Ap. V, R. 10.2, based on the grounds that the claim does not warrant granting of a remedy. The COPR argued that the seizure was carried out by the Police of Puerto Rico, based on a duly issued search warrant, on the 9th of October of 2015, for which reason it was not a forfeiture action by the Commonwealth. It pointed out that after a review at the Forfeitures Board it does not appear that there is an order of forfeiture in relation to the property of Mrs. Lilia Morales-Ruiz, because the forfeiture of her property was never ordered. Because of all of this, it pointed out that the plaintiff party does not have a cause of action, because the Commonwealth did not forfeit the property alluded to in the complaint.

After a careful analysis of the facts in the case and of the motions filed, we are in a position to decide, initially, in accordance with Rule 36.4 of Civil Procedure, 32 LPRA Ap. V, R. 36.4, the court proceeds to list the submitted facts as to which there is no substantial controversy, as well as the pertinent and relevant facts which are in controversy. Henceforth, we entertain the motion to dismiss and the corresponding opposition.

### DETERMINATIONS OF FACT

1. The 9th of October of 2015, a Search or Seizure Warrant was issued before this court.
2. The 15th of October of 2015, agent Eliezer Cruz-Pagán, along with other agents from the Police of Puerto Rico and the Municipal Police of the City of Bayamón, executed

D AC2016-1155 3
Judgment

        a Search and Seizure Warrant, wherein several live animals were taken custody of, amongst these, canines and miniature horses.

3.    The animals taken into custody belong to the plaintiff party, Lilia Molina-Ruiz.

4.    Agent Eliezer Cruz-Pagán performed an inventory of the property taken into custody at the execution of the warrant.

5.    On the 15th of October of 2015, a copy of said inventory was turned over to the plaintiff party.

6.    The Commonwealth did not give notification regarding the seizure carried out.

## CONCLUSIONS OF LAW

        Rule 36 of Civil Procedure of Puerto Rico, 32 LPRA Ap. V, R. 36.1, "Summarily Issued Judgment" establishes at sections 36.1 the following: "A party which requests a remedy may, at any time after twenty (20) days have elapsed from the date on which service of process is served on the defendant party, or after the opposing party has served upon it a motion for summary judgment, but no later than thirty (30) days following the maximum date established by the court for concluding discovery of evidence, file a motion based on sworn statements or on such other evidence which establishes the nonexistence of a substantial controversy regarding essential and pertinent facts, for the court to summarily issue a judgment in its favor regarding the totality or any part of the requested claim." If there are doubts regarding the existence of a controversy, the motion for summary judgment is not warranted and it should be decided against the party who requested summary judgment; it is only warranted in cases which are evident and in which the court has before it the truth as to all the pertinent facts. *Cuadrado-Lugo v. Santiago-Rodríguez*, 126 DPR 272 (1990); *PFZ Properties v. General Accident Insurance Co.*, 136 DPR 881, 912 (1994).

        On the other hand, the Supreme Court has expressed on multiple occasions that there are litigations and controversies in which it is not advisable to use the motion for summary judgment, because they are cases in which controversy exists in relation to subjective elements of intent, mental intent or negligence, or when the element of credibility is essential and it is in dispute. *Ramos-Pérez v. Univisión de Puerto Rico*, 178 DPR 200 (2010). There are litigations and controversies in which it is not advisable to decide by way of summary judgment;



D AC2016-1155 4
Judgment

this, because in such cases a court would most likely not be able to gather before it through affidavits, depositions or sworn statements, all of the truth regarding the facts. *Jusino-Figueroa v. Walgreens of San Patricio*, 155 DPR 560, 579 (2001).

Thus, taking into consideration that a summary judgment is a remedy of a discretionary nature "wise discernment is the guiding principle for its use because, used wrongly, it can be used to dispossess a litigant from his day in court, a fundamental principle of the due process of law. *Jusino-Figueroa v. Walgreens of San Patricio*, *supra*. "In effect, the court is authorized to summarily dispose of the controversy being considered by it without the need to hold a trial because, specifically because of the absence of a controversy regarding the material facts on which the litigations is based, only application of the law remains." *SLG Zapata-Berrios v. J. F. Montalvo Cash & Carry, Inc.*, 189 DPR 414, 430 (2013).

On the other hand, Rule 10.2 of Civil Procedure, 32 LPRA Ap. V, R. 10.2 (2009), grants to the defendant the opportunity to present, by way of a duly supported motion, any of the following defenses: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; (4) insufficiency of service of process; (5) that the plaintiff's allegations fail to state a claim upon which relief can be granted; and (6) failure to join an indispensable party.

When it discussed this Rule, our Supreme Court has expressed that "[...] when considering a motion for dismissing a complaint, the same shall be evaluated in a critical manner. That is, you have to examine the facts alleged in the complaint in the manner most favorable to the request by the plaintiff, and the dismissal is only warranted if from the allegations you cannot deduct a right to obtain any remedy whatsoever." *Agosto v. Municipio de Río Grande*, 143 DPR 174, 178 (19976). Furthermore, said Forum has stated as follows: "[...] for the purpose of acting upon a motion for dismissal, we are obliged to treat as good and true all of the factual allegations of the filed complaint. In order to prevail, the motion's moving party must demonstrate that, even so, the complaint does not state a claim which justifies the granting of a remedy. That doctrine applies only to those facts which are well alleged and



D AC2016-1155 5
Judgment

expressed in a clear and conclusive manner, which from the document itself does not give rise to doubts." *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Lastly, the Uniform Forfeitures Act of 2011, Act No. 119 of the 12th of July of 2011, as amended, 34 LPRA Sec. 1724, *et seq.*, authorizes the Commonwealth to seize and take ownership of any property which is used for illegal purposes. This is an exception to the constitutional mandate which prohibits the taking of private property for public purposes, without just compensation. Section 9, Article II, Constitution of Puerto Rico, 1 LPRA Sec. 9.

Article 8 of Act No. 119 of the 12th of July of 2011, known as the Uniform Forfeitures Act of Forfeitures of 2011, as amended, 34 LPRA Sec. 1724(e), provides that:

> "the forfeiture process shall be one of a civil nature against property and independent of any other process of a criminal, civil or administrative nature which might be pursued against the owner or the person of the properties taken under the provisions of any law which authorizes the forfeiture of properties by the State."

Specifically, Article 10, of the Uniform Forfeitures Act of 2011, as amended, 34 LPRA Sec. 1724(g), establishes that,

> "The seizure of the property subject to forfeiture shall be carried out by the law enforcement agency or the official-in-charge of the implementation of the Act, himself/herself or by way of his/her representatives, police or law enforcement agents, by way of an order from a magistrate of a competent Court or without previous order from the Court, in the following cases:
>
> a) When the seizure is carried out while an arrest is being performed;
>
> b) when the seizure is carried out as a result of a judgment of the court; or
>
> c) when the property to be seized has been used, constitutes or derives from the commission of any of the crimes, laws or forfeiture statutes which are provided in Sec. 1724(f) of this title."

Said statute establishes some periods of time of a jurisdictional nature for the notification of the forfeiture to be accomplished. Particularly, at Article 13 of the Uniform Forfeitures Act of 2011, as amended, 34 LPRA Sec. 1724(j), addresses the situation presented by the case at bar when it provides the following:

D AC2016-1155 6
Judgment

> "Any forfeiture shall be notified by way of certified mail within a jurisdictional period of time of thirty (30) days, following the date of the physical taking of the properties. The notification shall be made to the known address of the alleged owner, person-in-charge or person with a right or interest in the property, according to what is contained in the records of the forfeiture.

The purpose of this notification is to safeguard the constitutional rights of an interested party in the seized property, so as to be able to provide him/her the opportunity to present and establish all the pertinent valid defenses in relation to his/her claim.  *López v. Secretaria*, 162 DPR 345, 352 (2004).   On the other hand, the noncompliance with the period of time for notifying a forfeiture provokes the nullity of the Commonwealth's action.  *Coop. Seguros Múltiples v. Srio. De Hacienda*, 118 DPR 115, 118 (1986)  (Emphasis Ours.) That is so because, the duty of the Commonwealth is to notify the forfeiture to the parties with interest is a basic requirement of the due process of law.   *First Bank v. E.L.A.*, 164 DPR 835, 853 (2005).  In the same manner, the very Article 12 to the Uniform Forfeitures Act of 2011, as amended, *supra*, continues specifying that:

> "[i]n those cases in which any property is seized and retained for any investigation related to any criminal, civil, administrative action when, or when the property is essential for the investigation or as evidence in the case, the period of time for concluding the investigation and issuing the order for forfeiture shall not exceed ninety (90) days. The thirty (30) days for notifying the forfeiture shall start running once said action concludes and the corresponding forfeiture order is issued.

When it is a taking with the intention of carrying out a criminal investigation or of another nature the 30 day period  starts counting once the investigation is concluded and the forfeiture order is issued.   However, the law provides a period of 90 days to complete the Commonwealth's investigation.  The law was amended subsequent to its approval "to establish an expeditious, just and uniform process for the forfeiture of properties by the Commonwealth, and disposal of these." See the Statement of Motives, Act 252-2012. Thus, a period of 90 days was included to speed up the investigations performed by the Commonwealth preventing excessive delays in violation of the due process of law.

D AC2016-1155 7
Judgment

The Supreme Court has expressed itself on repeated occasions regarding this matter. The Commonwealth has the obligation to ensure the due process of law when it attempts to seize property belonging to another. "[T]he statutes related to the forfeiture of private property shall be interpreted in a restrictive manner and in a manner consistent with justice and the dictates of natural reason." *Centeno-Rodríguez v. E.L.A.*, 170 DPR 907, 913 (2007), *Del-Toro-Lugo v. E.L.A.*, 136 DPR 973, 985 and 988 (1994). In particular, it has stated that "forfeitures are not favored by the courts" and the restrictive interpretation of the statues authorizing the same are imposed "because the nature of a forfeiture is punitive." *Pueblo v. González-Cortés*, 95 DPR 164, 168 (1967).

A civil forfeiture is an action independent of the criminal action which the State can initiate against a particular suspect for the same crime, should one exist. *Del-Toro-Lugo v. E.L.A.*, *supra*, at p. 983. Because of that, a forfeiture *in rem* can be carried out before indicting the person, before a finding of guilt or acquittal exists, or even before any criminal charges are filed. **Nevertheless, during the proceedings the State has to demonstrate that the seized property was used in a criminal activity**. *Rodríguez-Díaz v. E.L.A.*, *supra*, at p. 10. (Emphasis Ours.)

The elements pertinent to the determination of whether a civil forfeiture is warranted are: **(1) if sufficient and predominant evidence exists that a crime has been committed, and (2) that a link exists between the commission of the crime and the seized property**. *Suárez v. E.L.A.*, 162 DPR 43, 52 (2004). (Emphasis Ours.) If this property has no connection to the commission of a crime and it can be used for legal purposes, there if no reason for the State to continue seizing it. *Cooperativa de Seguros Múltiples v. E.L.A.*, 180 DPR 655 (2011). For that reason, the State has the obligation of establishing the connection of the property to the crime. *Id*. Otherwise, the property retains its status of innocence and usefulness.

Using the previously expressed doctrinal framework, we shall analyze the facts before our consideration.

The allegation by the plaintiff party is that the forfeiture carried out by the Commonwealth is null and void, because the COPR did not give notice of the same within the period



D AC2016-1155 8
Judgment

of thirty (30) days established by Article 13 of the Uniform Forfeitures Act of 2011, as amended, *supra*. On the other hand, the Commonwealth expressed that the Forfeitures Board is not bound to give notice of the forfeiture, this because in this case there was no forfeiture, bur rather a seizure. Furthermore, the Commonwealth argued that the seizure of the animals in question was as a result of a preventive measure pursuant to the Act for the Welfare and Protection of Animals.

In the case before us, the property was seized by the Police of Puerto Rico. However, the Commonwealth argued in its "Motion for Dismissal" That the property was seized, but not forfeited. The Dictionary of the Royal Spanish Academy, Twenty-First Edition, Volume II, Madrid, 1992, defines the terms seize and confiscate as: "taking possession or control of money or property," and forfeit as "depriving someone of his/her property and turning it over to fiscal authorities. According to these definitions, we understand that the plaintiff has been deprived of her property, since the Commonwealth has taken possession of the animals. As we previously expressed, the statutes authorizing forfeitures shall be interpreted restrictively; therefore, the law expresses that **the notification shall be made in a reliable manner with thirty (30) days following the physical seizure of the property**. As we can see, Article 13 of Act No. 119 of the 12th of July of 2011, as amended, better known as the Uniform Forfeitures Act of 2011, *supra*, speaks of physical seizure of property.

After performing an exhaustive review of the file of this case it does not appear that the Commonwealth notified the plaintiff regarding the seizure made within the jurisdictional period of thirty (30) days provided by law. That is, the COPR carried out the seizure without the required notice, which results in the nullity of the Commonwealth's action. Consequently, the Commonwealth did not comply with what is established in Article 13 of Act No. 119 of the 12th of July of 2011, as amended, known as the Uniform Forfeitures Act of 2011, *supra*, which requires for notice to be made within a period of thirty (30) days following the seizure of the property. Likewise, it does not appear from the file that an investigation was performed within the period of ninety (90) days for the purpose of obtaining a forfeiture order.

*Translation, Judgment D AC2016-1155, 20160818, Page 8 of 10 Pages.* [*Epifanio Morales* - Certified Federal Court Interpreter]

D AC2016-1155 9
Judgment

In relation to the allegation by the Commonwealth that in this case application of the Uniform Forfeitures Act of 2011, as amended, *supra*, is not warranted because the seizure of the animals in question occurred pursuant to a special law; that is, Act No. 154 of the 4th of August of 2008, better known as the Act for the Welfare and Protection of Animals, 5 LPRA Sec. 1660, *et seq*. They are not right, either, let us see.

Article 13 of the Uniform Forfeitures Act of 2011, as amended, 34 LPRA Sec. 1724(f) authorizes seizure of any property which results, is the product or is used during the commission of felonies and of those misdemeanors in which forfeiture is authorized by law.

Article 2.5 of Act No. 154 of the 4th of August of 2008, better known as the Act for Protection of Animals, 5 LPRA Sec. 1668, establishes that abuse of animals is a fourth or third degree felony. Now then, although in said article nothing is said regarding the seizure of animals; Article 1671 of Act No. 154, 5 LPRA Sec. 1671, regarding animal fighting, authorizes the seizure of animals and provides that for the seizure action what is established in the Uniform Forfeitures Act shall be followed. Therefore, by analogy every seizure which is carried out pursuant to Act No. 154 of the 4th of August of 2008, better known as the Act for Protection of Animals, *supra*, shall be governed by what is established in the Uniform Forfeitures Act of 2011, as amended, *supra*.

Lastly, the Commonwealth has not demonstrated via sufficient and preponderant evidence that the plaintiff has been accused of any violation of Act No. 154, *supra*. Nor has it either demonstrated that a link exists between the commission of the crime and the seized property.

As constitutional doctrine, retention of property should not be unnecessarily and arbitrarily taken without first addressing the due process of law. Consequently, "[i]n those cases in which the Court decrees the illegality of a seizure, the Board shall return the seized property to the plaintiff (...)." Art. 19 of the Uniform Forfeitures Act of 2011, *supra*.

D AC2016-1155     10
Judgment

     Having evaluated the filed motions and having adopted by reference the grounds previously set forth, making them an integral part of the present judgment, we **GRANT** the motion for "SUMMARY JUDGMENT" filed by the plaintiff party and **DENY** the "MOTION FOR DISMISSAL" filed by the defendant party, the Commonwealth of Puerto Rico. Consequently, it is ordered that the Commonwealth of Puerto Rico, within an unextendable period of twenty (20) days, counting from this notification, return the seized animals to the plaintiff party.

    **BE IT REGISTERED AND NOTIFIED.**

    Given at Bayamón, Puerto Rico, on the *18* of *August* of 2016.

                                       [ *Illegible Signature* ]
                                  SUPERIOR COURT JUDGE
                             FERNANDO L. RODRIGUEZ-FLORES
                                  SUPERIOR COURT JUDGE

- CERTIFIED -

To be a correct translation of:

Commonwealth of Puerto Rico, Court of First Instance, Bayamón Superior Court, Civil No. D AC2016-1155 (502), Judgment, dated 08/18/2016.
(10 Pages)

*Epifanio Morales*
Certified Federal Court Interpreter
August 16, 2022