**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO SALES TAX FINANCING CORPORATION, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO ELECTRIC POWER AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br><br>Re: ECF No. 22025 |

**MCKINSEY & COMPANY PUERTO RICO CONSULTING, INC.'S RESPONSE TO CARLOS LAMOUTTE'S "MOTION TO INTERVENE AND TO INFORM THE EXISTENCE AND CONTINUANCE OF UNRESOLVABLE CONFLICTS OF INTEREST IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 *ET SEQ.*, AND PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF MCKINSEY & COMPANY, INC. AND ITS AFFILIATES AS ADVISORS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND (B) THE DISALLOWMENT AND DISGORGEMENT OF LEGAL FEES"**

To the Honorable United States District Court Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No, 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title Ill case numbers are listed as Bankruptcy Case numbers due to software limitations).

McKinsey & Company Puerto Rico Consulting, Inc. ("McKinsey Puerto Rico") and its affiliates (collectively, "McKinsey") respectfully submit this response to the *Motion to Intervene and to Inform the Existence and Continuance of Unresolvable Conflicts of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of McKinsey & Company, Inc. and Its Affiliates as Advisors to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (Dkt. No. 22025) (the "Informative Motion") filed by *pro se* movant Carlos Lamoutte ("Mr. Lamoutte").

**Response**

1. Mr. Lamoutte's Informative Motion is one of a series of unfounded filings that seem focused primarily on disqualifying the Financial Oversight and Management Board for Puerto Rico's (the "Oversight Board") counsel, O'Neill & Borges LLC ("O&B"). Through the Informative Motion, Mr. Lamoutte now levels unsubstantiated allegations at McKinsey, alleging – without any support or detail – that McKinsey "intentionally incurred in unresolvable conflicts of interest to financially benefit several private clients," and arguing that McKinsey should be disqualified alongside the previous request to disqualify O&B. Informative Motion at ¶ 2. The baseless motion should be denied.

**A.    Mr. Lamoutte Lacks Standing.**

2. As a threshold matter, Mr. Lamoutte lacks standing to challenge any professional's disclosures under the *Puerto Rico Recovery Accuracy in Disclosures Act* of 2021, Pub. L. 117-82 of Jan. 20, 2022, 136 Stat. 3 ("PRRADA"). As the Court has previously explained: "neither [PRRADA] nor the Court's order implementing the statute invites other parties in interest or members of the public to respond to PRRADA disclosures." *See* Dkt. No.

2

21604, *Order Concerning Carlos Lamoutte's Objection to Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act, Filed on July 12, 2022, Docket Entry No. 21,485*; *see also* PRRADA § 2(d) (permitting the United States Trustee to "file with the court comments on [professionals'] verified statements before the professionals filing such statements seek compensation."). The Court should deny this latest Informative Motion for that reason alone.

3. More generally, Mr. Lamoutte likewise lacks standing in these Title III cases because he is unable to satisfy any of the constitutional requirements for standing. *See, e.g., Jones v. Puerto Rico Elec. Power Auth. (In re Fin. Oversight and Mgmt. Bd. for Puerto Rico)*, 546 F. Supp. 3d 141, 150-51 (D.P.R. 2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (noting that article III of the U.S. Constitution "requires that a plaintiff demonstrate three things to establish standing: (1) an injury in fact that is concrete and particularized; (2) a causal connection between the injury and the conduct complained of; and (3) the ability of a 'favorable decision' by the court to redress the plaintiff's injury."); *see also Town of Chester v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1650 (2017) (Article III of the Constitution requires that "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."). In fact, PROMESA further limits who has standing by incorporating Section 1109 of the Bankruptcy Code which specifies that only a "party in interest" may "be heard" in this Court. *See* PROMESA § Section 301(a); *see also In re Fin. Oversight and Mgmt. Bd. for Puerto Rico*, 618 B.R. 349, 354 (D.P.R. 2020) (noting that a movant must establish both bankruptcy and constitutional standing). Here, Mr. Lamoutte purports to seek the relief in the Informative Motion in his capacity as a "citizen" without even

3

attempting to explain what personal stake he has in the Title III cases or any alleged "concrete and particularized" injury or interest he faces in the outcome of the Informative Motion.

4. Accordingly, the Court should deny the Informative Motion due to lack of standing.

**B. Mr. Lamoutte's Claims are Entirely Unfounded.**

5. The Informative Motion also fails because Mr. Lamoutte offers no factual or legal support for his assertions, other than the hollow claim that seven "private sector clients that McKinsey and O&B conjointly represent in fact hold interests that are materially adverse to the Oversight Board and the Commonwealth of Puerto Rico." *See* Informative Motion at ¶ 12. Far from describing any actual conflict, the Informative Motion simply lists certain entities (or their affiliates) that McKinsey and O&B may advise in matters ***wholly unrelated to these PROMESA proceedings***. Mr. Lamoutte does not even attempt to provide any explanation as to how such unrelated connections are actual conflicts of interest or otherwise disqualifying – and they are not. It is settled, hornbook law that the mere fact of an unrelated representation of a party-in-interest in a bankruptcy case does not render a professional not disinterested. *See* 3 Collier on Bankruptcy P 327.04[7][b] (16th 2022) (noting in the context of chapter 11 that "section 327(c) recognizes that it is not necessary that an attorney or other professional person who has represented or who currently represents a creditor of the debtor automatically be deemed either adversely interested or not disinterested and, therefore, disqualified for employment by the trustee."); 9 Collier on Bankruptcy P 2014.05 (16th 2022) ("The disclosure requirements of Rule 2014(a) are broader than the rules governing disqualification, and an applicant must disclose all connections regardless of whether they are sufficient to rise to the level of a disqualifying interest under section 327(a)"). Indeed, the many retained professionals in these Title III cases

4

have disclosed numerous client connections to Material Interested Parties, including but not at all limited to the Material Interested Parties identified by Mr. Lamoutte. That is not surprising because PRRADA requires the disclosures of a professional's "connections," but does not provide that such connections result in disqualification or disgorgement of fees. *See* PRRADA § 2(e).

6. Despite Mr. Lamoutte's reckless allegations, McKinsey is in fact complying with PRRADA. As explained in the *Declaration of Dmitry Krivin, a Partner of McKinsey & Company, Inc. United States, Disclosing Connections to Material Interested Parties in Connection with the Puerto Rico Recovery Accuracy in Disclosures Act* (the "Krivin Declaration") (Dkt. No. 20832), McKinsey undergoes a comprehensive process to identify and disclose any connections to Material Interested Parties. McKinsey filed its initial PRRADA disclosures on May 16, 2022. *See id*. Like other professionals, McKinsey also undertakes to supplement its disclosures for any additional connections that are identified over time, including as a result of additions to the Material Interested Parties List and in response to questions from the United States Trustee. *See* Dkt. No. 21840, *United States Trustees Comment and Related Status Report on the Verified Statements of Connections Filed by Professionals Under the Puerto Rico Recovery Accuracy in Disclosures Act* (noting that "the United States Trustee conferred with and requested supplemental information from 36 professionals."). McKinsey is continuing to engage with the United States Trustee and is actively in the process of preparing such a supplemental disclosure, which will be filed on the docket when complete. In short, McKinsey has been, and will continue to be, forthcoming in identifying and disclosing any connections to Material Interested Parties in compliance with PRRADA.

7. As further explained in the Krivin Declaration, to the extent any Material Interested Parties (or their affiliates) have been identified as clients of McKinsey in the Krivin Declaration, such entities (or their affiliates) are current or former clients in matters *unrelated to the PROMESA proceedings*. *See* Krivin Declaration, Schedule 2 (noting that all such connections were unrelated to these PROMESA proceedings).[2]

C. **McKinsey Is Not Advising Clients Other than The Oversight Board In the PROMESA Proceedings.**

8. In a final, wildly irresponsible, salvo, Mr. Lamoutte appears to imply that McKinsey and O&B are assisting private clients in "procuring or maintaining [] multimillion-dollar government contracts that are subject to the review and approval of the Oversight Board, which McKinsey and O&B also simultaneously represent." *See* Informative Motion at ¶ 16. Such allegations are baseless and false. As noted earlier, the client connections disclosed by McKinsey are in matters unrelated to the PROMESA proceedings and McKinsey did not provide services to any client (other than the Oversight Board itself) with respect to the PROMESA proceedings. *Simply put, McKinsey did not assist any entity in obtaining contracts with any Commonwealth affiliated entities*.

---

[2] It is unclear what Mr. Lamoutte is referencing when he fulminates that "McKinsey and O&B have so far failed to 'explain away' their connections to several private sector clients who are major contractors of the Government of Puerto Rico" as required by PRRADA. *See* Informative Motion at ¶ 14. The Krivin Declaration specifically notes that all such connections were in matters unrelated to the PROMESA proceedings and the Commonwealth of Puerto Rico. Moreover, PRRADA does not require a description of each engagement with a Material Interested Party; indeed, other professionals' PRRADA disclosures have not included detailed descriptions of the services provided to each Material Interested Party to which such professionals have connections.

9. McKinsey did assist the Oversight Board in its contract review process,[3] which is only triggered once a counterparty has been selected and the Commonwealth or its related entities are proposing to enter into a contract. In other words, the Oversight Board's contract review is initiated once the counterparty to the contract has already been selected and the terms to the proposed contract have been negotiated and before execution. However, for the avoidance of doubt, McKinsey did not have any role in selecting proponents, negotiating contracts, or determining the terms of such contracts. McKinsey provided factual analyses about certain contracts to the Oversight Board but did not make decisions as to whether to approve or reject such contracts.[4] There is no basis to disqualify McKinsey simply because certain of its clients have separately negotiated contracts with the Commonwealth and its instrumentalities without McKinsey advising them on such negotiations.

[*Remainder of page left intentionally blank*]

---

[3] Section 204(b)(2) of PROMESA provides that "[t]he Oversight Board may establish policies to require prior Oversight Board approval of certain contracts, including leases and contracts to a governmental entity or government-owned corporations rather than private enterprises that are proposed to be executed by the territorial government, to ensure such proposed contracts promote market competition and are not inconsistent with the approved Fiscal Plan."

[4] McKinsey's forthcoming supplemental disclosures will provide additional information regarding its work for the Oversight Board, which is also described in McKinsey's prior fee applications.

**Conclusion**

For the foregoing reasons, the Court should deny the Informative Motion.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or record.

**RESPECTFULLY SUBMITTED.**

Dated: September 15, 2022
San Juan, PR

**REICHARD & ESCALERA LLC**

/s/Sylvia M. Arizmendi
Sylvia M. Arizmendi
USDC-PR No. 210714
arizmendis@reichardescalera.com

/s/Joshua Rodríguez-Rivera
Joshua Rodríguez Rivera
USDC-PR No. 308601
jrodriguez@reichardescalera.com

MCS Plaza, Suite 1000
255 Ave. Ponce de León
Hato Rey, PR 00918
P.O. Box 364148
San Juan, PR 00936-4148
Telephone: (787) 777-8888
Email: arizmendis@reichardescalera.com
jrodriguez@reichardescalera.com

**DEBEVOISE & PLIMPTON LLP**

By: _/s/ Erica S. Weisgerber_
/s/ M. Natasha Labovitz (*pro hac vice* pending)
/s/ Erica S. Weisgerber (*pro hac vice* pending)
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: nlabovitz@debevoise.com
eweisgerber@debevoise.com

*Attorneys for McKinsey & Company Puerto Rico Consulting, Inc. and certain of its affiliates*

9