**EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED TWELFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO DUPLICATE CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' (as defined below) cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors")

3. I submit this declaration in support of the *Five Hundred Twelfth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Duplicate Claims* (the "Five Hundred Twelfth Omnibus Objection"). I have personally reviewed the Five Hundred Twelfth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Twelfth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Twelfth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Five Hundred Twelfth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Five Hundred Twelfth Omnibus Objection in the columns titled "Claims to be

Disallowed" assert the same liabilities, against the same Debtor, as the claims identified in the columns titled "Remaining Claims" (each a "<u>Remaining Claim</u>" and collectively the "<u>Remaining Claims</u>"). In some instances, the Claims to Be Disallowed were filed on behalf of the same claimants as the Remaining Claims, set forth the same basis for the claim, attach the same or substantially the same documentation, and/or assert an equal amount to the Remaining Claims. In other instances, the Claims to Be Disallowed were filed on behalf of the same claimant as the Remaining Claims, assert the same claim amount, and set forth the same basis for the claim, but the Remaining Claims provide additional supporting documentation or additional description regarding the basis for the claim that was not provided with the Claims to Be Disallowed. In still other instances, the proof of claim forms submitted by the Remaining Claims and the Claims to Be Disallowed are not exactly identical, but the Remaining Claims and the Claims to Be Disallowed nevertheless assert the same liabilities on behalf of the same claimant and rely on the same supporting documentation. Therefore, these claims are duplicative because they assert a claim for the same purported liability, even though the Remaining Claims either include additional or different supporting documentation, assert a higher alleged claim amount, or are otherwise slightly different from the Claims to Be Disallowed. Because each of the Claims to Be Disallowed is duplicative of a Remaining Claim, the Debtors request that the duplicative claims be disallowed in their entirety to prevent multiple recoveries by the claimants.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Twelfth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

3

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 16, 2022

By:   */s/ Jay Herriman*
       Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>Número 17-BK-3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE y la AEP.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA DÉCIMA SEGUNDA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DUPLICADAS**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores (según se define abajo) radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA y el SRE, los "Deudores").

3. Realizo esta declaración en apoyo de la *Quingentésima décima segunda objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones Satisfechas a Reclamaciones Duplicadas* (la "Quingentésima décima segunda objeción global"). He revisado personalmente la Quingentésima décima segunda objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima décima segunda objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima décima segunda objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el Anexo A de la Quingentésima décima segunda objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el Anexo A de la Quingentésima décima segunda objeción global en las columnas tituladas "Reclamaciones que han de ser rechazadas" alegan las mismas responsabilidades contra los mismos Deudores que las reclamaciones identificadas en las columnas tituladas "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente, las "Reclamaciones Restantes"). En ciertos casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de los mismos reclamantes que en las Reclamaciones Restantes, establecen los mismos fundamentos de las reclamaciones, adjuntan la misma (o sustancialmente la misma) documentación y/o reclaman un mismo monto que las Reclamaciones Restantes. En otros casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de los mismos reclamantes que en las Reclamaciones Restantes, alegan el mismo monto de reclamación y establecen los mismos fundamentos de la reclamación, si bien las Reclamaciones Restantes proporcionan documentación justificativa adicional o descripción adicional relativa al fundamento de la reclamación que no se ha proporcionado con las Reclamaciones que ha de ser rechazadas. Y en otros casos más, los formularios de evidencias de reclamaciones sometidos por las Reclamaciones Restantes y las Reclamaciones que han de ser rechazadas no son exactamente idénticos, pero tanto las Reclamaciones Restantes como las Reclamaciones que han de ser rechazadas alegan las mismas

3

responsabilidades en nombre del mismo reclamante e invocan la misma documentación justificativa. En consecuencia, dichas reclamaciones están duplicadas, puesto que reclaman la misma supuesta responsabilidad, aunque las Reclamaciones Restantes incluyen documentación justificativa adicional o diferente, reclaman un monto alegado mayor relativo a dicha reclamación o bien son ligeramente diferentes en otros aspectos de las Reclamaciones que han de ser rechazadas. Puesto que cada Reclamación que ha de ser rechazada está duplicada con respecto a una Reclamación Restante, los Deudores solicitan que las reclamaciones duplicadas sean rechazadas en su totalidad para evitar recuperaciones múltiples por parte de los reclamantes.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima décima segunda objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 16 de septiembre de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman

4