Hearing Date: November 2, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: October 17, 2022, at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FIVE HUNDRED TWENTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED, PARTIALLY SATISFIED, AND DEFICIENT CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight,
Management, and Economic Stability Act* ("PROMESA"),[2] files this Five Hundred Twenty-Third
omnibus objection (the "Five Hundred Twenty-Third Omnibus Objection") to the misclassified,
partially satisfied, and/or deficient proofs of claim listed on **Exhibit A** hereto, and in support of
the Five Hundred Twenty-Third Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.       The United States District Court for the District of Puerto Rico has subject matter
jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section
306(a).

2.       Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.       The Bar Date Orders**

3.       On May 3, 2017, the Oversight Board issued a restructuring certification pursuant
to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the
Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III
thereof.

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").   By the *Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No.
17-BK-3283-LTS.

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 179,034 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration, LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 118,239 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar

4

Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtor is liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtor to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D)*

*Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief,

by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements*

*of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related*

*Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus

Objection Procedures, to date the Court has held over 27 hearings related to over 315 omnibus

objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation

("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico

Electric Power Authority ("PREPA"), the PBA, and/or the ERS.  Based upon rulings and orders

of the Court to date, as well as the expungement of certain claims pursuant to the Plan,

approximately 102,630 claims asserting $43.6 trillion in liability against the Commonwealth,

COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims

registry in the Title III proceedings.  In addition, approximately 45,193 claims have been

transferred into the Administrative Claims Reconciliation process for resolution using the Debtors'

ordinary-course administrative processes.

16.     This Five Hundred Twenty-Third Omnibus Objection is filed in accordance with

the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17.     The Amended Omnibus Objection Procedures allows the Commonwealth to file an

omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of

Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the

Amended Omnibus Objection Procedures.

18.     In accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the

Amended Omnibus Objection Procedures, the Five Hundred Twenty-Third Omnibus Objection

seeks to (i) reclassify claims that assert an incorrect or improper classification, (ii) reduce the amount of claims asserted against the Debtor to the extent they (a) have been satisfied, or (b) fail to comply with the applicable rules for filing a proof of claim by not providing a basis for asserting a claim against the Debtor or any other Title III debtor, and (iii) allow certain claims.

19.     As set forth in **Exhibit A** hereto, the claims identified in the columns entitled "Asserted" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).  Upon a reasonable review of the Debtor's books and records, the Debtor has concluded that the Claims to Be Reclassified are not entitled to administrative expense priority, and should appropriately be classified as general unsecured claims.

20.     The Claims to Be Reclassified assert entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9), but the proof of claim and supporting documentation do not demonstrate claimant's entitlement to such priority.  Only creditors who sold goods to the Debtor within twenty days of the commencement of the Debtor's Title III case are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).  Based on the supporting documentation submitted with the proofs of claim, however, none of the Claims to Be Reclassified were filed by creditors who sold goods within the required statutory time frame of twenty days prior to commencement of the Debtors' Title III case.  For example, certain of the Claims to be Reclassified were filed by providers of goods, but the goods identified in the supporting documentation were received outside of the statutorily prescribed 20-day period.  Accordingly, because the Claims to Be Reclassified do not provide a basis for their asserted administrative expense priority, the claims should be reclassified as general unsecured claims, each as set forth in **Exhibit A** hereto.

21.     Certain of the Claims to Be Reclassified also assert liability based on invoices issued by the claimant. The Debtor's records, however, show that a portion of the liabilities associated with certain of the Claims to Be Reclassified have been paid.  The Debtor objects to the paid invoices on the basis that they are satisfied and certain of the Claim to Be Reclassified should be reduced accordingly, as set forth in **Exhibit A** hereto.

22.     In addition, one of the Claims to Be Reclassified, Proof of Claim No. 17777, includes certain asserted liabilities, for which the claimant fails to provide supporting information. On January 23, 2019, Kroll sent a letter (the "Letter") to the claimant who filed Proof of Claim No. 17777 ("Organizaciones Oneto, INC") requesting additional supporting documentation with respect to Proof of Claim No. 17777.  In response to the Letter, Organizaciones Oneto, INC only provided a statement and invoices relating to approximately $3,000.00 of the amount asserted in Proof of Claim No. 17777, and failed to provide information necessary for the Debtor to reconcile the claim relating to the remaining amount asserted of approximately $80,000.00.  As such, a portion of Proof of Claim No. 17777 fails to comply with the applicable rules for filing a claim because it does not provide a basis for asserting a claim against the Debtor or any other Title III debtor.  The Debtor is therefore unable to determine the basis for the liabilities that Organizaciones Oneto, INC asserts, and is unable to determine the validity of a portion of Proof of Claim No. 17777.  Accordingly, the Debtor requests the Court reduce Proof of Claim No. 17777, as set forth in **Exhibit A** hereto, because it is deficient.

23.     Reclassification and reduction of the Claims to Be Reclassified is necessary to avoid prejudicing other holders of general unsecured claims.  The holders of the Claims to Be Reclassified will retain an allowed claim in the modified amount against the Debtor, as set for the in the columns entitled "Modified and Allowed" on **Exhibit A** hereto.

24.     In support of the foregoing, the Debtor relies on the *Declaration of Jay Herriman in Support of the Five Hundred Twenty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified, Partially Satisfied, and Deficient Claims*, dated September 16, 2022, attached hereto as **Exhibit B**.

## NOTICE

25.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtor has provided notice of this Five Hundred Twenty-Third Omnibus Objection to (a) the individual creditors subject to this Five Hundred Twenty-Third Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtor's case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Five Hundred Twenty-Third Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Five Hundred Twenty-Third Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

26.     No prior request for the relief sought in this Five Hundred Twenty-Third Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtor respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtor such other and further relief as is just.

Dated: September 16, 2022                       Respectfully submitted,
      San Juan, Puerto Rico

                                              /s/ *Hermann D. Bauer*
                                              Hermann D. Bauer
    USDC No. 215205
    Carla García-Benítez
    USDC No. 203708
    Gabriel A. Miranda
    USDC No. 306704
    **O'NEILL & BORGES LLC**
    250 Muñoz Rivera Ave., Suite 800
    San Juan, PR 00918-1813
    Tel:  (787) 764-8181
    Fax:  (787) 753-8944

    /s/ *Martin J. Bienenstock*
    Martin J. Bienenstock (*pro hac vice*)
    Brian S. Rosen (*pro hac vice*)
    **PROSKAUER ROSE LLP**
    Eleven Times Square
    New York, NY 10036
    Tel:  (212) 969-3000
    Fax:  (212) 969-2900

    *Attorneys for the Financial
    Oversight and Management Board
    for Puerto Rico, as representative for
    the Commonwealth of Puerto Rico*

**Fecha de la vista: 2 de noviembre de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 17 de octubre de 2022, a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>        como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>Número 17-BK-3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**QUINGENTÉSIMA VIGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES INCORRECTAMENTE CLASIFICADAS, PARCIALMENTE SATISFECHAS Y DEFICIENTES**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la Sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente Quingentésima vigésima Tercera objeción global (la "Quingentésima vigésima Tercera objeción global") a evidencias de reclamaciones incorrectamente clasificadas, parcialmente satisfechas y/o deficientes que aparecen en el **Anexo A** del presente documento, y en apoyo de la Quingentésima vigésima Tercera objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la Sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la Sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las Secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la Sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal.

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255][3] (la "<u>Moción de Fecha Límite</u>"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "<u>Orden Inicial de Fecha Límite</u>"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "<u>Órdenes de Fecha Límite</u>"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5.      El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "<u>SRE</u>") y de la Autoridad de Edificios Públicos de Puerto Rico (la "<u>AEP</u>"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "<u>Plan</u>") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17-BK-3283-LTS.

6. Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación de la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7. El 18 de enero de 2022, el Tribunal confirmó el Plan. Véase la *Orden y la Sentencia que confirman la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8. El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9. El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)*

4

*emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C.     Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 179,034 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,239 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que el Deudor sea responsable, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que el Deudor determine si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "<u>Moción de Procedimientos Globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "<u>Procedimientos Iniciales relativos a Objeciones Globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "<u>Orden de Notificación</u>").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a*

*Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 27 vistas vinculadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/ o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,630 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,193 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

16.     La Quingentésima vigésima Tercera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     De conformidad con la regla 3007(d)(8) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, la Quingentésima vigésima Tercera objeción global busca i) reclasificar reclamaciones que alegan una clasificación incorrecta o indebida,  ii) reducir el monto de las reclamaciones alegadas contra el Deudor en la medida en que dichas reclamaciones a) hayan sido satisfechas o b) no cumplan con las normas aplicables a la radicación de una evidencia de reclamación al no proporcionar una base para alegar una reclamación contra el Deudor o cualquier otro deudor de Título III, y iii) conceder algunas reclamaciones.

19.     Como se indica en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Alegadas" (cada una denominada una "<u>Reclamación que ha de ser reclasificada</u>" y conjuntamente, las "<u>Reclamaciones que han de ser reclasificadas</u>") alegan incorrecta o indebidamente que tienen derecho a la prioridad de gastos administrativos de conformidad con el Título 11. U.S.C., § 503(b)(9). Tras una revisión razonable de los libros y registros del Deudor, este último ha llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho a prioridad de gastos administrativos y deben ser debidamente clasificadas como reclamaciones generales no garantizadas.

20.     Las Reclamaciones que han de ser reclasificadas alegan tener derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9), pero la evidencia de

reclamación y la documentación justificativa no demuestran el derecho del reclamante a dicha prioridad. Solo los acreedores que vendieron bienes al Deudor dentro de un plazo de 20 días antes del inicio del Caso de Título III del Deudor tienen derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9).  Sin embargo, según la documentación justificativa sometida con la evidencia de reclamación, ninguna de las Reclamaciones que han de ser reclasificadas fue radicada por acreedores que vendieron bienes dentro del plazo legalmente establecido de 20 días antes del inicio del caso de Título III de los Deudores. Por ejemplo, algunas Reclamaciones que han de ser reclasificadas fueron radicadas por proveedores de bienes, pero los bienes identificados en la documentación justificativa fueron recibidos fuera del plazo legalmente establecido de 20 días. En consecuencia, puesto que las Reclamaciones que han de ser reclasificadas no proporcionan fundamento alguno para la prioridad de gastos administrativos alegada, las reclamaciones deben ser reclasificadas como reclamaciones generales no garantizadas, cada una de ellas como se establece en el **Anexo A** del presente documento.

21.     Algunas de las Reclamaciones que han de ser reclasificadas también alegan responsabilidad basada en facturas emitidas por el reclamante. Sin embargo, los registros del Deudor muestran que parte de las responsabilidades vinculadas con determinadas Reclamaciones que han de ser reclasificadas ha sido pagada. El Deudor objeta a las facturas pagadas sobre la base de que dichas facturas han sido satisfechas, por lo que determinadas Reclamaciones que han de ser reclasificadas deben ser reducidas en consecuencia, según se expone en el **Anexo A** del presente documento.

22.     Además, una de las Reclamaciones que han de ser reclasificadas, Evidencia de reclamación Número 17777, incluye determinadas responsabilidades alegadas en relación con las cuales el reclamante no proporciona información justificativa. El 23 de enero de 2019, Kroll envió

una carta (la "Carta") al reclamante que había radicado la Evidencia de reclamación Número 17777 ("Organizaciones Oneto, INC") en la que le solicitó documentación justificativa adicional con respecto a la Evidencia de reclamación Número 17777. En respuesta a dicha carta, Organizaciones Oneto, INC solo proporcionó una declaración y facturas relacionadas con aproximadamente $3,000.00 del monto alegado en la Evidencia de reclamación Número 17777, pero no proporcionó la información necesaria para que los Deudores puedan reconciliar la reclamación en relación con el resto del monto alegado que asciende a unos $80,000.00. En este sentido, parte de la Evidencia de reclamación Número 17777 no cumple con las normas aplicables a la radicación de una reclamación ya que no brinda base alguna para alegar reclamaciones contra el Deudor o cualquier otro deudor de Título III. En consecuencia, el Deudor no puede determinar la base de las responsabilidades que Organizaciones Oneto, INC alega, ni puede determinar la validez de una parte de la Evidencia de reclamación Número 17777. Por dicho motivo, el Deudor solicita al Tribunal que reduzca la Evidencia de reclamación Número 17777, según se expone en el **Anexo A** del presente documento, por ser deficiente.

23.     La reclasificación y reducción de las Reclamaciones que han de ser reclasificadas son necesarias para no perjudicar a otros titulares de reclamaciones generales no garantizadas. Los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación concedida de monto modificado contra el Deudor, tal y como se establece en las columnas tituladas "Modificadas y Concedidas" en el **Anexo A** del presente documento.

24.     En apoyo de lo anterior, el Deudor invoca la *Declaración de Jay Herriman en apoyo de la Quingentésima vigésima Tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones incorrectamente clasificadas, parcialmente satisfechas y deficientes*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

25.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el Deudor notifica la presente Quingentésima vigésima Tercera objeción global a) a los acreedores individuales objeto de esta Quingentésima vigésima Tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos del Deudor, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Quingentésima vigésima Tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima vigésima Tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El Deudor sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

26.     No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima vigésima Tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

*[El resto de la página se deja en blanco intencionadamente.]*

11

POR LO QUE el Deudor solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al Deudor cualesquiera otros remedios que se consideren justos.

Fecha: 16 de septiembre de 2022
       San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*[Firma en la versión en inglés]*
Martín J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico.*