**EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED TWENTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED, PARTIALLY SATISFIED, AND DEFICIENT CLAIMS

      I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

      1.    I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3. I submit this declaration in support of the *Five Hundred Twenty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified, Partially Satisfied, and Deficient Claims* (the "Five Hundred Twenty-Third Omnibus Objection").[3] I have personally reviewed the Five Hundred Twenty-Third Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Twenty-Third Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Twenty-Third Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be reclassified, reduced, and allowed, as identified in **Exhibit A** to the Five Hundred Twenty-Third Omnibus Objection.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Five Hundred Twenty-Third Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on **Exhibit A** to the Five Hundred Twenty-Third Omnibus Objection in the columns titled "Asserted" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). Upon a reasonable review of the Debtor's books and records and/or the supporting documentation, the Debtor has concluded that the Claims to Be Reclassified are not entitled to administrative expense priority, and should appropriately be classified as general unsecured claims. The Debtor's records also show that portions of certain of the Claims to Be Reclassified have been paid. Further, a claimant of one of the Claims to Be Reclassified asserts obligations of the Debtor but fails to provide any information identifying the nature or source of the obligations or explaining why the Commonwealth or any other Title III debtor is liable to the claimant. To the best of my knowledge, information, and belief, a letter was sent to the claimant requesting additional information and supporting documentation, but the claimant's response still did not provide the information necessary to allow the Debtor to reconcile the claim. Reclassification and reduction of the Claims to Be Reclassified is necessary to avoid prejudicing other claimants, including other holders of general unsecured claims. Further, the holders of the Claims to Be Reclassified will retain an allowed claim in the modified amount against the Debtor, as set for the in the columns entitled "Modified and Allowed" on **Exhibit A** hereto.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Twenty-Third Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtor and its creditors.

3

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 16, 2022

By: /s/ *Jay Herriman*
Jay Herriman

4

## __ANEXO B__

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>    como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                               Deudores.[1] | PROMESA <br> Título III <br><br> Número 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA VIGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES INCORRECTAMENTE CLASIFICADAS, PARCIALMENTE SATISFECHAS Y DEFICIENTES**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Quingentésima vigésima Tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones incorrectamente clasificadas, parcialmente satisfechas y deficientes* (la "Quingentésima vigésima Tercera objeción global").[3] He revisado personalmente la Quingentésima vigésima Tercera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima vigésima Tercera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima vigésima Tercera objeción global.

2

en la Quingentésima vigésima Tercera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser reclasificadas,reducidas, y concedidas según se identifica en el **Anexo A** de la Quingentésima vigésima Tercera objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el **Anexo A** de la Quingentésima vigésima Tercera objeción global, en las columnas tituladas "Alegadas" (cada una denominada una "Reclamación que ha de ser reclasificada" y conjuntamente, las "Reclamaciones que han de ser reclasificadas") alegan incorrecta o indebidamente que tienen derecho a prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). Tras una revisión razonable de los libros y registros del Deudor y/o de la documentación justificativa, este último ha llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho a prioridad de gastos administrativos y deben ser debidamente clasificadas como reclamaciones generales no garantizadas. Los registros del Deudor también muestran que partes de algunas de las Reclamaciones que han de ser reclasificadas han sido pagadas. Además, un reclamantes de una de las Reclamaciones que han de ser reclasificadas alega obligaciones del Deudor, pero no proporciona ninguna información que identifique la naturaleza o fuente de las obligaciones, ni explica por qué el ELA o cualquier otro deudor de Título III son responsables ante el reclamante. A mi leal saber y entender, se ha enviado una carta al reclamante en la que se le solicitaba información adicional y documentación justificativa, pero la respuesta del reclamante tampoco ha proporcionado la información necesaria para que los Deudores puedan reconciliar la reclamación. La reclasificación y reducción de las Reclamaciones que han de ser reclasificadas son necesarias para no perjudicar a otros reclamantes, incluidos otros titulares de reclamaciones generales no

3

4

garantizadas. Además, los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación concedida de monto modificado contra el Deudor, tal y como se establece en las columnas tituladas "Modificadas y Concedidas" en el **Anexo A** del presente documento.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima vigésima Tercera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del Deudor y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 16 de septiembre de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman