Hearing Date: November 2, 2022, at 4:00 PM (Atlantic Standard Time)
Response Deadline: October 17, 2022, at 9:30 AM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and PBA.** |

## FIVE HUNDRED THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO SATISFIED CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways

and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA,"

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III

representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and*

*Economic Stability Act* ("PROMESA"),[2] file this Five Hundred Thirteenth omnibus objection (the

"Five Hundred Thirteenth Omnibus Objection") objecting to the amounts asserted in the proofs of

claim listed on **Exhibit A** hereto, on the basis that each if these claims has been fully satisfied. In

support of the Five Hundred Thirteenth Omnibus Objection, the Debtors respectfully represent as

follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section

306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof

(the "Commonwealth Title III Case").  On May 21, 2017, the Oversight Board issued restructuring

certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for

relief for HTA pursuant to PROMESA Section 304(a), commencing a case under Title III thereof

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101–2241.

(the "HTA Title III Case").  ECF No. 537.[3]  Further, on September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and together with the Commonwealth and HTA Title III Cases, the "Title III Cases").  On October 9, 2019, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 8829.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Initial Commonwealth Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Commonwealth Bar Date Order"), the Court granted the relief requested in the Initial Commonwealth Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Commonwealth Bar Date Order, the "Commonwealth Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Standard Time) (the "Commonwealth Bar Date").

5.      On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion").  Pursuant to the *Order (A)*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case. In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Standard Time) (the "PBA Bar Date," and together with the Commonwealth Bar Date, the "Bar Dates"), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth Bar Date Orders, the "Bar Date Orders").

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

6.    On November 3, 2021, on behalf of the Commonwealth, ERS, and PBA, the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

7.    Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth*

4

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No. 19784].

8. On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

9. On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved, (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

10. The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

11. The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.   Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

12. To date, approximately 179,034 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

13.     Of the proofs of claim filed, approximately 118,239 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Additionally, approximately 408 proofs of claim have been filed in relation to PBA, and 2,287 proofs of claim have been filed in relation to HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being partially or fully satisfied by one or more of the Debtors, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

14.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the

number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

16.    Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 27 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, COFINA, HTA, PREPA, PBA, and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,630 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 45,193 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

17.    This Five Hundred Thirteenth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## <u>OBJECTIONS TO PROOFS OF CLAIM</u>

18.    The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

19.    The Five Hundred Thirteenth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the Amended Omnibus Objection Procedures, claims that have been fully satisfied.

20.    Each claim identified in Exhibit A hereto (collectively, the "Satisfied Claims") purports to assert liabilities based on either (*i*) allegedly unpaid invoices to the Debtors or (*ii*) funds owed pursuant to a settlement agreement with the Debtors.  The Debtors' records, however, show that any invoices asserted in the Satisfied Claims have already been paid and, where applicable, any funds owed pursuant to a settlement agreement have already been deposited with the relevant court.

21.    As a result, any failure to disallow the Satisfied Claims will result in the applicable claimants potentially receiving an unwarranted excess recovery against the Debtors, to the detriment of other stakeholders in the Title III Cases.  The holders of the Satisfied Claims will not be prejudiced by the disallowance of their claims because their claims have already been fully satisfied.

22.    In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Thirteenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Satisfied Claims*, dated September 16, 2022, attached hereto as **<u>Exhibit B</u>**.

**<u>NOTICE</u>**

23.    In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Five Hundred Thirteenth Omnibus Objection

to (a) the individual creditors subject to this Five Hundred Thirteenth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.   The notice for this Five Hundred Thirteenth Omnibus Objection is attached hereto as Exhibit C.   Spanish translations of the Five Hundred Thirteenth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **RESERVATION OF RIGHTS**

24.     This Five Hundred Thirteenth Omnibus Objection is limited to the grounds stated herein.   Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Satisfied Claims or any other claims on any ground whatsoever.   The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: September 16, 2022  
San Juan, Puerto Rico

Respectfully submitted,


*/s/ Ricardo Burgos Vargas*  
Ricardo Burgos Vargas  
USDC núm. 218210  
**A&S LEGAL STUDIO, PSC**  
434 Ave. Hostos  
San Juan, PR 00918  
Tel.:  (787) 751-6764  
Fax:  (787) 763-8260

/s/ *Martin J. Bienenstock*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel:  (212) 969-3000  
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority and the Puerto Rico Public Buildings Authority*

**Fecha de la vista: 2 de noviembre de 2022, a las 4:00 p.m. (AST)**
**Fecha límite para responder: 17 de octubre de 2022, a las 9:30 a.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | |
| | Número 17 BK 3283-LTS |
| como representante del | |
| | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, | **La presente radicación guarda relación con el ELA, la ACT y la AEP.** |
| Deudores.[1] | |

---

### QUINGENTÉSIMA DÉCIMA TERCERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES SATISFECHAS

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), la Autoridad de Carreteras y

Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de Puerto Rico (la

---

[1]  Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481; ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747; y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

"AEP", y junto con el ELA y la ACT, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta Quingentésima décima tercera objeción global (la "Quingentésima décima tercera objeción global") objetando a los montos alegados en las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, sobre la base de que cada una de dichas reclamaciones ha sido plenamente satisfecha. En apoyo de la Quingentésima décima tercera objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A.      **Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101–2241.

104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la ACT"). ECF Número 537.[3]  Además, el 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con los Caso de Título III del ELA y de la ACT, los "Casos de Título III"). El 9 de octubre de 2019, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF Número 8829.

4.        El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción Inicial de Fecha Límite del ELA"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. Número 2521] (la "Orden Inicial de Fecha Límite del ELA"), el Tribunal concedió el remedio solicitado en la Moción Inicial de Fecha Límite del ELA y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (junto con la Orden Inicial de Fecha Límite del

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

ELA, las "Órdenes de Fecha Límite del ELA"), extendiendo dichas fechas límite hasta el 29 de

junio de 2018, a las 04:00 p.m. (AST) (la "Fecha Límite del ELA").

5.        El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas*

*límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la*

*manera de su notificación* [ECF Número 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite

de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar*

*evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. Número

55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el

remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos

para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de

la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió

posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) (la

"Fecha Límite de la AEP", y junto con la Fecha Límite del ELA, las "Fechas Límite"), mediante

la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la*

*forma y la manera de su notificación* [ECF Número 13403] (junto con la Orden Inicial de Fecha

Límite de la AEP, las "Órdenes de Fecha Límite de la AEP", y junto con las Órdenes de Fecha

Límite del ELA, las "Órdenes de Fecha Límite").

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme
al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

6.        El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA,

del SRE y de la AEP), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado*

*de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada

posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la

confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

7.        Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

8.        El 18 de enero de 2022, el Tribunal confirmó el Plan. Véase la *Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

9.        El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

10.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

11.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C.     Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

12.     Hasta la fecha, se han radicado aproximadamente 179,034 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

13.     De las evidencias de reclamaciones radicadas, aproximadamente 118,239 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Además, aproximadamente 408 evidencias de reclamaciones han sido radicadas en relación con la AEP, y 2,287 evidencias de reclamaciones han sido radicadas en relación con la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, haber sido satisfechas total o parcialmente por uno o más Deudores, estar duplicadas en relación

con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores

determinen si la reclamación es válida.

14.     Para resolver eficazmente el mayor número posible de las evidencias de

reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su

*Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

*objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "<u>Moción de</u>

<u>Procedimientos Globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de

Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden*

*que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito*

*contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado*

[ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1]

(conjuntamente, los "<u>Procedimientos Iniciales relativos a Objeciones Globales</u>"). El 29 de

noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de

notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los

Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron*

*las versiones en inglés y en español de los formularios de notificación relativos a objeciones*

*globales* [ECF Número 4381] (la "<u>Orden de Notificación</u>").

15.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de

reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a

procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que

pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de*

*vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "<u>Procedimientos Enmendados relativos a Objeciones Globales</u>").

16.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 27 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, COFINA, la ACT, la AEE, la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,630 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,193 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

17.     Esta Quingentésima décima tercera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

<u>**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**</u>

18.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

19. La Quingentésima décima tercera objeción global pretende que se rechacen reclamaciones que han sido plenamente satisfechas, de conformidad con la regla 3007(d)(8) de las Reglas Federales del Procedimiento de Quiebra o los Procedimientos Enmendados relativos a Objeciones Globales.

20. Cada reclamación identificada en el Anexo A del presente documento (conjuntamente, las "Reclamaciones Satisfechas") pretende alegar responsabilidades sobre la base de, o bien, *i*) unas facturas supuestamente no pagadas emitidas a los Deudores, o bien *ii*) unos fondos adeudados conforme a un acuerdo de conciliación con los Deudores. Sin embargo, los registros de los Deudores muestran que todas las facturas alegadas en las Reclamaciones Satisfechas ya han sido pagadas y, en su caso, todos los fondos adeudados conforme a un acuerdo de conciliación ya han sido depositados en las cuentas del tribunal pertinente.

21. En consecuencia, si las Reclamaciones Satisfechas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación excesiva no justificada contra los Deudores en detrimento de otras partes interesadas en los Casos de Título III. Los titulares de las Reclamaciones Satisfechas no se verán perjudicados por el hecho de que se rechacen tales reclamaciones, puesto que estas ya han sido plenamente satisfechas.

22. En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima décima tercera objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la*

*Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones Satisfechas*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

23.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Quingentésima décima tercera objeción global a) a los acreedores individuales objeto de esta Quingentésima décima tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima décima tercera objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Quingentésima décima tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

24.     Esta Quingentésima décima tercera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones Satisfechas o a cualesquiera otras reclamaciones que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los

Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 16 de septiembre de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico.*