Hearing Date:  November 2, 2022 at 9:30AM (Atlantic Standard Time)
Response Deadline: October 17, 2022 at 4:00PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

---

### FIVE HUNDRED SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA"),[2] files this Five Hundred Sixteenth omnibus objection (the

"Five Hundred Sixteenth Omnibus Objection") to claims that seek recovery for amounts for which

the Commonwealth is not liable, as set forth in **Exhibit A** hereto. In support of the Five Hundred

Sixteenth Omnibus Objection, the Commonwealth respectfully represents as follows:

## JURISDICTION

1.     The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA

section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.     The Bar Date Orders**

3.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof

(the "Commonwealth Title III Case").

4.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.     On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.     Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 179,034 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration, LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 118,239 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable,

being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

5

*and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection</u> <u>Procedures</u>").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 27 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), PBA, and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,630 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.   In addition, approximately 45,193 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

16.     This Five Hundred Sixteenth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## <u>OBJECTIONS TO PROOFS OF CLAIM</u>

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Five Hundred Sixteenth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Commonwealth is not liable, each as set forth on **<u>Exhibit A</u>** hereto (collectively, the "<u>Claims to Be Disallowed</u>").

6

19.     Each of the Claims to Be Disallowed purport to assert liability through invoices for goods and/or services rendered pursuant to contracts with the Commonwealth and/or one of its constituent agencies.  As is set forth in the declarations attached as Exhibits C through Q hereto, invoices underlying the Claims to Be Disallowed have not been certified for payment and therefore the applicable Commonwealth agencies are not obligated to pay such invoices under Commonwealth law.  Commonwealth procedures require invoices to go through a certification process in order to be considered valid and proper debts of the Commonwealth and thus paid.  If invoices are not certified, they are not valid debts and are not paid by the Commonwealth.  Each of the Claims to Be Disallowed provided copies of invoices or information about work allegedly performed for or goods allegedly received by the Commonwealth.  These agencies reviewed their books and records for evidence regarding these invoices and determined that the invoices were never certified.  Accordingly, they do not represent valid debts of the Commonwealth and no amounts are due under Commonwealth law.

20.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **Exhibit B**.

21.     In support of the Five Hundred Sixteenth Omnibus Objection, the Commonwealth relies also on the following declarations from the relevant Commonwealth agencies:

- *Declaration of María I. León Rodríguez in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **Exhibit C**;

- *Declaration of Jamille Muriente in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to*

7

*Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit D</u>**;

- *Declaration of Hugo R. Jiménez Arroyo in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit E</u>**;

- *Declaration of Aida S. Ortiz in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit F</u>**;

- *Declaration of Marjorie Ann Araújo in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit G</u>**;

- *Declaration of Kenneth M. Berrios in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit H</u>**;

- *Declaration of Josué R. Cardona Hernández in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit I</u>**;

- *Declaration of Zaida Rivera Hernandez in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit J</u>**;

- *Declaration of Yacelyn González Berríos in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit K</u>**;

- *Declaration of Nivis M. González Rodríguez in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable*, dated September 16, 2022, attached hereto as **<u>Exhibit L</u>**;

- *Declaration of Andrés Ruiz Rodríguez in Support of the Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto*

*Rico to Claims for which the Commonwealth is Not Liable*, dated September
16, 2022, attached hereto as **Exhibit M**;

- *Declaration of Jenifer M. De La Fuente in Support of the Five Hundred
  Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto
  Rico to Claims for which the Commonwealth is Not Liable*, dated September
  16, 2022, attached hereto as **Exhibit N**;

- *Declaration of Shakira Hernández Ramírez in Support of the Five Hundred
  Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto
  Rico to Claims for which the Commonwealth is Not Liable*, dated September
  16, 2022, attached hereto as **Exhibit O**;

- *Declaration of Juan J. Rivera Ayala in Support of the Five Hundred Sixteenth
  Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to
  Claims for which the Commonwealth is Not Liable*, dated September 16, 2022,
  attached hereto as **Exhibit P**;

- *Declaration of Wilmar Morales Rodríguez in Support of the Five Hundred
  Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto
  Rico to Claims for which the Commonwealth is Not Liable*, dated September
  16, 2022, attached hereto as **Exhibit Q**.

## **NOTICE**

22.    In accordance with the Amended Omnibus Objection Procedures and the Court's

Notice Order, the Debtors are providing notice of this Five Hundred Sixteenth Omnibus Objection

to (a) the individual creditors subject to this Five Hundred Sixteenth Omnibus Objection, (b) the

U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case

Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at

https://cases.ra.kroll.com/puertorico.   The notice for this Five Hundred Sixteenth Omnibus

Objection is attached hereto as **Exhibit R**.   Spanish translations of the Five Hundred Sixteenth

Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and

will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested,

no other or further notice need be given.

9

## **<u>RESERVATION OF RIGHTS</u>**

23.     This Five Hundred Sixteenth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **<u>NO PRIOR REQUEST</u>**

24.     No prior request for the relief sought in this Five Hundred Sixteenth Omnibus Objection has been made to this or any other court.

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit S**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: September 16, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board for*
*Puerto Rico, as representative of the*
*Commonwealth of Puerto Rico*

11

**Fecha de la vista: 2 de noviembre de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 17 de octubre de 2022, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                 Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

### QUINGENTÉSIMA DÉCIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE EL ELA NO ES RESPONSABLE (CON DECLARACIONES DE APOYO DE LAS AGENCIAS)

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente Quingentésima décima sexta objeción global (la "Quingentésima décima sexta objeción global") a reclamaciones que buscan recuperación por unos montos por los que el ELA no es responsable, según se expone en el **Anexo A** del presente documento. En apoyo de la Quingentésima décima sexta objeción global, el ELA manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA").

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5.      El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación de la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado*

3

*del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. Véase la *Orden y la Sentencia que confirman la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al*

*Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor*
[ECF Número 20349].

10.      Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C.      Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y Objeciones a reclamaciones**

11.      Hasta la fecha, se han radicado aproximadamente 179,034 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.      De las evidencias de reclamaciones radicadas, aproximadamente 118,239 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "<u>Moción de Procedimientos Globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "<u>Procedimientos Iniciales relativos a Objeciones Globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "<u>Orden de Notificación</u>").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

6

*de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los
"Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los
Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la
fecha más de 27 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por
el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la
Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía
Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes
del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al
Plan, aproximadamente 102,630 reclamaciones que reivindicaban $43.6 billones en
responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y
retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al
Título III. Además, aproximadamente 45,193 reclamaciones han sido transferidas al proceso de
Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos
administrativos habituales de los Deudores.

16.     Esta Quingentésima décima sexta objeción global se radica de conformidad con los
Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los
Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las
bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

7

18.     La Quingentésima décima sexta objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que tratan de recuperar montos por los que el ELA no es responsable, según se expone en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

19.     Cada una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidad mediante facturas correspondientes a productos y/o servicios suministrados conforme a unos contratos celebrados con el ELA y/o una de sus agencias integrantes. Como se establece en las declaraciones adjuntas como Anexos C a Q del presente documento, determinadas facturas que subyacen en las Reclamaciones que han de ser rechazadas no han sido certificadas para el pago, por lo que las correspondientes agencias del ELA no tienen la obligación de pagar dichas facturas conforme a la legislación del ELA. Los procedimientos del ELA exigen que las facturas se sometan a un proceso de certificación para que sean consideradas deuda válida y procedente del ELA y sean pagadas. Si las facturas no se certifican, no constituyen deuda válida, por lo que el ELA no las paga. Cada una de las Reclamaciones que han de ser rechazadas proporcionó copias de las facturas o de la información sobre el trabajo supuestamente realizado o productos supuestamente recibidos por uno de los Deudores. Dichas agencias analizaron sus libros y registros buscando pruebas relativas a dichas facturas y determinaron que las facturas no han sido certificadas en ningún momento. En consecuencia, dichas facturas no constituyen deudas válidas del ELA, por lo que no se adeuda ningún monto en virtud de la legislación del ELA.

20.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable* (con declaraciones de apoyo de las agencias), de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo B**.

21. En apoyo de la Quingentésima décima sexta objeción global, el ELA también invoca las siguientes declaraciones de las correspondientes agencias del ELA:

- *Declaración de María L. León Rodriguez en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo C**;

- *Declaración de Jamille Muriente en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo D**;

- *Declaración de Hugo R. Jiménez Arroyo en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo E**;

- *Declaración de Aida S. Ortiz en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo F**;

- *Declaración de Marjorie Ann Araújo en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo G**;

- *Declaración de Kenneth M. Berrios en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo H**;

- *Declaración de Josué R. Cardona Hernández en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo I**;

- *Declaración de Zaida Rivera Hernandez en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo J**;

- *Declaración de Yacelyn González Berríos en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de*

*Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo K**;

- *Declaración de Nivis M. González Rodríguez en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo L**;

- *Declaración de Andrés Ruiz Rodríguez en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo M**;

- *Declaración de Jenifer M. De La Fuente en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo N**;

- *Declaración de Shakira Hernández Ramírez en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo O**;

- *Declaración de Juan J. Rivera Ayala en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo P**;

- *Declaración de Wilmar Morales Rodríguez en Apoyo de la Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable*, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo Q**;

## <u>NOTIFICACIÓN</u>

22.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Quingentésima décima sexta objeción global a) a los acreedores individuales objeto de esta Quingentésima décima sexta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en

10

https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima décima sexta objeción global se adjunta al presente como **Anexo R**. Las traducciones al español de la Quingentésima décima sexta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

### RESERVA DE DERECHOS

23.     Esta Quingentésima décima sexta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

11

## **AUSENCIA DE SOLICITUDES PREVIAS**

24.     No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima

décima sexta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

12

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en

la forma de la orden propuesta que se adjunta al presente como **Anexo S**, 1) que conceda el remedio

solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se

consideren justos.

Fecha: 16 de septiembre de 2022
       San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y
Administración Financiera para Puerto
Rico, como representante del Estado
Libre Asociado de Puerto Rico.*