# **EXHIBIT I**

**Declaration of Josué R. Cardona Hernández**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JOSUE R. CARDONA HERNANDEZ IN SUPPORT OF THE FIVE HUNDRED SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE**

I, Josué R. Cardona Hernández, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am the Assistant Secretary of Administration Area at the Puerto Rico Department of Treasury (the "Treasury") and am responsible for overseeing various offices, including the finance office of the Treasury. The facts set forth herein are true and correct to the best of my knowledge and belief as per my review of Treasury records and information provided by the team of Treasury employees I personally supervise, as further explained below.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. In my capacity as Assistant Secretary of Administration of the Treasury, I oversee Mrs. Nereida Rivera Aquino, Head of the Payments Division in Finance Office. Her daily duties include, among other things, reviewing certified invoices and processing them for payment. In general, invoices are certified by heads of divisions and, following certification, they are processed by the finance office for payment to ensure the legal disbursement of public funds for goods and services, materials, claims pursuant to valid and legal obligations of the agency. In addition, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") have consulted with me in connection with the claims reconciliation process for the Commonwealth of Puerto Rico's (the "Commonwealth") case filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]

3. I submit this declaration in support of the *Five Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth is Not Liable* (the "Five Hundred Sixteenth Omnibus Objection").[3]

4. Representatives of the Oversight Board provided AAFAF with a list of claims which purport to assert liabilities associated with invoices that have allegedly been issued to the Treasury, but not yet paid, and AAFAF provided that list of claims to me. That list included a spreadsheet identifying certain invoices the claimants asserted were unpaid.

5. At the request of the Oversight Board's representatives, I, along with Mrs. Aquino, conducted a reasonable review of Treasury records to determine whether the invoices associated

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Sixteenth Omnibus Objection.

2

with the claims have been certified for payment. The process carried out to identify each supplier claim began by identifying the monetary amount and period of time of each contract. If it was identified that the supplier was out of contract, then the invoice was determined to be invalid. Subsequently, a comparison was made with the information provided by the suppliers against the information in the PRIFAS system for each invoice certified as having been paid. Once the payments were identified for the supplier's claims, a copy of the payment evidence was printed to attach with the document. Invoices stating a different amount than the copies of the invoices held by the finance office were identified, and we then proceeded to search for notes within the system that would validate non-certified work as deductions from the original invoice. Finally, the physical files of each supplier were reviewed to confirm that the invoices that do not appear in the system were not in the file either. For this reason, it is our conclusion that the invoices provided by the Oversight Board's representatives were not duly certified by the supervisor in charge to proceed with their respective payments, and thus no payments are due.

6. Based upon that review, Claim Nos. 9442 and 22059, each as identified on **Exhibit A** to the Five Hundred Sixteenth Omnibus Objection, are based upon invoices that have not been certified for payment. It is my understanding that invoices that have not been certified for payment cannot be paid.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 16, 2022

By: /s/ Josué R. Cardona Hernández<br>
Josué R. Cardona Hernández<br>
Assistant Secretary of Administration Area<br>
Puerto Rico Department of Treasury

# **ANEXO I**

**Declaration of Josué R. Cardona Hernández**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,<br><br>                  Deudores.[1] | PROMESA<br>Título III<br>Nº 17 BK 3283-LTS<br>(Administrado conjuntamente)<br><br>**Esta presentación corresponde al Estado Libre Asociado.** |

**DECLARACIÓN DE JOSUÉ R. CARDONA HERNÁNDEZ EN APOYO DE LA QUINGENTÉSIMA DÉCIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A LAS DEMANDAS DE LAS CUALES LOS DEUDORES NO SON RESPONSABLES**

Por la presente yo, Josué R. Cardona Hernández, de conformidad con el Artículo 1746 del Título 28 del U.S.C., declaro bajo pena de perjurio que lo siguiente es fiel y correcto a mi leal saber, entender y convicción:

---

[1] Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra nº 17-BK 3283- LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra nº 17-BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra nº 17-BK 3567-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra nº 17-BK 3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra nº 17-BK 4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") y, conjuntamente con el Estado Libre Asociado, COFINA, la ACT, el SRE y la AEEPR, los "Deudores" (Caso de quiebra nº 19-BK-5523-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

1. Soy Secretario Auxiliar del Área de Administración del Departamento del Tesoro de Puerto Rico (el "Tesoro") y responsable de supervisar diversas dependencias, como la Oficina de Finanzas del Tesoro. Los hechos aquí expuestos son fieles y correctos a mi leal saber, entender y convicción en relación con mi auditoría de los registros del Tesoro y de la información aportada por el equipo de empleados del Tesoro que yo personalmente superviso, tal como explico más adelante.

2. En mi calidad de tal, superviso a la Sra. Nereida Rivera Aquino, Directora de la División de Pagos de la Oficina de Finanzas. Sus actividades cotidianas incluyen, entre otras, la auditoría de facturas certificadas y su procesamiento para pagos. En general, las facturas son certificadas por los directores de divisiones y, tras dicha certificación, son procesadas por la Oficina de Finanzas para su pago con el objeto de garantizar el desembolso legal de fondos públicos en concepto de bienes, servicios, materiales, reclamaciones y cualesquiera otras obligaciones válidas y legales de la agencia. Además, la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF") me han consultado con respecto al proceso de conciliación de reclamaciones del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") presentado de conformidad de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2]

---

[2] PROMESA está codificada en 48 U.S.C. §§2101-2241.

2

3. Presento esta declaración en apoyo de la *Quingentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA no es responsable* (la "Quingentésima décima sexta objeción global").[3]

4. Los representantes de la Junta de Supervisión facilitaron a la AAFAF una lista de reclamaciones con el objeto de evaluar las responsabilidades asociadas con las facturas que supuestamente fueron emitidas al Tesoro, aunque pendientes de pago y, a su vez, la AAFAF me facilitó dicha lista a mí. La lista incluía una hoja de cálculo que identificaba ciertas facturas que no han sido pagadas según afirman los demandantes.

5. A pedido de los representantes de la Junta de Supervisión, junto con la Sra. Aquino realizamos una auditoría razonable de los registros del Tesoro para determinar si las facturas asociadas con las reclamaciones fueron o no certificadas para su pago. El proceso realizado para identificar las reclamaciones de cada proveedor comenzó determinando la cuantía monetaria y el período de tiempo de cada contrato. Si se identificaba que el proveedor no se ajustaba a los términos contractuales, su factura se determinaba como no válida. A continuación se procedió a cotejar la información aportada por los proveedores con la información del sistema PRIFAS de cada factura certificada como pagada. Una vez identificados los pagos correspondientes a las reclamaciones de los proveedores, se imprimió una prueba de pago que se adjuntó al documento. Se identificaron las facturas que indicaban un importe diferente de las facturas en poder de la Oficina de Finanzas y, a continuación, se procedió a la búsqueda de notas en el sistema que validasen obras no certificadas como deducciones de las facturas originales. Por último se auditaron los archivos físicos de cada proveedor para confirmar que las facturas que no aparecían

---

[3] Los términos en mayúsculas no definidos de otra manera en este documento tendrán los significados que se les ha asignado en la Quingentésima décima sexta objeción global.

3

en el sistema tampoco constaban en los archivos. Por este motivo, llegamos a la conclusión de que las facturas aportadas por los representantes de la Junta de Supervisión no estaban debidamente certificadas por el supervisor encargado de proceder a los respectivos pagos y, por consiguiente, no se adeudaba pago alguno.

6. Sobre la base de la citada auditoría, hemos determinado que las Reclamaciones con los números 9442 y 22059, cada una identificada en el **Anexo A** a la Quingentésima décima sexta objeción global, están basadas en facturas no certificadas para su pago. Entiendo que las facturas que no han sido certificadas para su pago no pueden ser abonadas.

7. Declaro, bajo pena de perjurio de conformidad con las leyes de Estados Unidos de América, que lo anteriormente expuesto es fiel y correcto a mi leal saber, entender y convicción.

Fecha: 16 de septiembre de 2022

Por: *[Firma en la versión en inglés]*
Josué R. Cardona Hernández
Secretario Auxiliar del Área de Administración
Departamento del Tesoro de Puerto Rico

4