## **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIALLY SATISFIED AND PARTIALLY NO LIABILITY CLAIMS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth").

3. I submit this declaration in support of the *Five Hundred Twenty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Partially Satisfied and Partially No Liability Claims* (the "Five Hundred Twenty-First Omnibus Objection"). I have personally reviewed the Five Hundred Twenty-First Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Twenty-First Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Twenty-First Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be modified, as identified in Exhibit A to the Five Hundred Twenty-First Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims listed on Exhibit A to the Five Hundred Twenty-First Omnibus Objection (collectively, the "Claims to Be Reduced") asserts liabilities based on a contract entered into by the applicable Debtor and/or an invoice issued by the claimant. However, the Debtors' records show that (i) a portion of the liabilities associated with the Claims to Be Reduced have been paid by the applicable Debtor (*e.g.*,

Claim No. 23922) or (ii) the Debtors are not liable for a portion of the liabilities associated with the Claims to Be Reduced (*e.g.*, Claim No. 20713). Each of the Claims to Be Reduced purport to assert liability through invoices for goods and/or services allegedly rendered pursuant to contracts with the Commonwealth and/or one of its constituent agencies, but upon each respective agency's review of their books and records, the invoices were not certified for payment pursuant to Commonwealth law and, thus, do not represent valid debts of the Commonwealth. The Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Agency consulted with these agencies regarding these invoices, as evidenced by the included declarations supporting the objections to each of the Claims to Be Disallowed. In determining that the Debtors do not have liability with respect to the Claims to Be Reduced, I am relying upon certain information provided to me by the Commonwealth and its agencies, and on guidance provided by counsel to the Oversight Board. Absent modification of the Claims to Be Reduced, the applicable claimants may receive an unwarranted excess recovery from the Commonwealth to the detriment of other stakeholders in these Title III Cases. Accordingly, the Claims to Be Reduced must be modified as set forth in <u>Exhibit A</u>.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Twenty-First Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 16, 2022

By: /s/ *Jay Herriman*
Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>     como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                       Deudores.[1] | PROMESA <br> Título III <br><br> Número 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA VIGÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES PARCIALMENTE SATISFECHAS Y PARCIALMENTE NO VINCULADAS CON RESPONSABILIDAD**

      Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA").

3. Realizo esta declaración en apoyo de la *Quingentésima vigésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Parcialmente Satisfechas y Parcialmente no Vinculadas con Responsabilidad* (la "Quingentésima vigésima primera objeción global"). He revisado personalmente la Quingentésima vigésima primera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima vigésima primera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima vigésima primera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos

2

resultaron en la identificación de las reclamaciones que han de ser modificados, según se identifica en el <u>Anexo A</u> de la Quingentésima vigésima primera objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones que aparecen en el <u>Anexo A</u> de la Quingentésima vigésima primera objeción global (conjuntamente, las "<u>Reclamaciones que han de ser reducidas</u>") alega responsabilidades sobre la base de un contrato celebrado por el Deudor pertinente y/o una factura emitida por el reclamante. Sin embargo, los registros de los Deudores muestran que i) parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas han sido pagadas por el Deudor pertinente (por ejemplo, Reclamación Número 23922) o ii) los Deudores no son responsables por una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas (por ejemplo, Reclamación Número 20713). Cada una de las Reclamaciones que han de ser reducidas pretende alegar responsabilidad mediante facturas correspondientes a unos productos y/o servicios supuestamente proporcionados conforme a unos contratos celebrados con el ELA y/o con una de sus agencias integrantes, pero tras un análisis, por parte de cada una de las respectivas agencias, de sus libros y registros, se concluye que las facturas no han sido certificadas para su pago conforme a la legislación del ELA, por lo que dichas facturas no constituyen deuda válida del ELA. La Junta de Supervisión y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico han realizado consultas con dichas agencias sobre tales facturas, según se expone en las declaraciones incluidas en apoyo de las objeciones a cada una de las Reclamaciones que han de ser rechazadas. Al determinar que los Deudores no son responsables en relación con las Reclamaciones que han de ser reducidas, invoco determinada información que el ELA y sus agencias me han proporcionado, así como la orientación que el abogado de la Junta de Supervisión me ha brindado. Si las Reclamaciones que han de ser reducidas no son modificados, ello resultaría en que los correspondientes reclamantes pudieran obtener del ELA una recuperación

3

excesiva no justificada en detrimento de otras partes interesadas en dichos Casos de Título III. En consecuencia, las Reclamaciones que han de ser reducidas deben ser modificadas, según se establece en el Anexo A.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima vigésima primera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 16 de septiembre de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman

4