Hearing Date:  November 2, 2022, at 9:30AM (Atlantic Standard Time)
Response Deadline: October 17, 2022, at 4:00PM (Atlantic Standard Time)

| |
|---|
| **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).** |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS and HTA.** |

## FIVE HUNDRED TWENTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO DEFICIENT ADR CLAIMS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"),  and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this Five Hundred Twenty-Eighth omnibus objection (the "Five Hundred Twenty-Eighth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed"), as being deficient, and the claimants associated with the Claims to Be Disallowed either have not responded to requests from the Debtors seeking to obtain information necessary to reconcile the Claims to Be Disallowed and/or failed to provide information sufficient to enable the Debtors to reconcile the Claims to Be Disallowed.  In support of the Five Hundred Twenty-Eighth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS and HTA Title III Cases," and together with the Commonwealth Title III Case, the "Title III Cases"). On September 21, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537. [3]

4.   On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.   On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the*

*Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 179,034 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 118,239 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately, 53,555 have been filed in relation to, or reclassified to be asserted against, ERS.  Additionally, approximately 2,287 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection*

*Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on June 13, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 27 hearings related to over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 102,630 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and

PBA have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 45,193 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

16.     This Five Hundred Twenty-Eighth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**D.     Alternative Dispute Resolution**

17.     Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [Case No. 17-BK-03283, ECF No. 12576] (the "ADR Order"), the Court approved procedures (the "ADR Procedures") that streamline the reconciliation of general unsecured claims, including unliquidated litigation claims, by (a) providing a mechanism and timetable for the exchange of offers to compromise and settle Claims, (b) providing mediation procedures designed to promote out-of-court resolution of Claims, and (c) in the absence of a settlement or successful resolution through alternative dispute mechanisms, permitting the parties to, upon consent, submit the claims either to litigation in the Commonwealth courts or to binding arbitration.

18.     To date, the Debtors have filed twenty-six notices transferring claims into the ADR Procedures (as defined in the ADR Order), (collectively, the "ADR Notices"), and have transferred approximately 1,200 claims into the ADR Procedures (the "ADR Designated Claims").  For certain of the ADR Designated Claims, the Debtors have been unable to adequately evaluate and resolve the claims because the claimants provided only limited information in their claims forms and/or limited supporting documentation.  As authorized by the ADR Order, the Debtors requested from these claimants supplemental information through Information Requests.  ADR Order ¶ 2f ("The Commonwealth or such other Debtor, as the case may be, may also request additional information or documentation (the "Information Request") from the Designated Claimant.  The Designated

Claimant shall provide additional documentation or information in response to such Information Request within twenty-one (21) days following receipt of such Request.").  Pursuant to the ADR Order, the claimants were required to respond to the Information Requests within 21 days of receipt.  *Id.*

## **OBJECTIONS TO PROOFS OF CLAIM**

19.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

20.     The Five Hundred Twenty-Eighth Omnibus Objection seeks to disallow in their entirety, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, the Claims to Be Disallowed, as listed on **Exhibit A** hereto.  Each of the Claims to Be Disallowed purports to assert obligations of the Debtors associated with a litigation, but otherwise fails to provide sufficient information for the Debtors to determine whether any liabilities are owed by the Debtors.  For example, certain of the Claims to Be Disallowed identify a case number associated with a litigation or an administrative proceeding, but fail to explain whether the claimants associated with the Claims to Be Disallowed are parties to that litigation or administrative proceeding, or otherwise explain why the proceeding may give rise to liabilities owed to the claimants.  In other instances, certain of the Claims to Be Disallowed allege that the relevant claimant is a party to a litigation, but the Claims to Be Disallowed do not provide any information necessary in order to either identify the litigation or to explain the nature or basis of the litigation or why that litigation may give rise to liabilities owed.

21.     Each of the Claims to Be Disallowed was transferred into the ADR Procedures[4]

through either the *Twenty-First Notice of Transfer of Claims to Alternative Dispute Resolution*

[ECF No. 20241] or the *Twenty-Fourth Notice of Transfer of Claims to Alternative Dispute*

*Resolution* [ECF No. 21685].   The Debtors mailed each claimant an Information Request, as

authorized by section 2 of the ADR Procedures, seeking documentation and/or information

necessary to enable the Debtors to reconcile the proofs of claim.   The Information Requests

explained that each Claimant "shall provide additional documentation or information … within

twenty-one (21) days following receipt of such Request," or no later than September 6, 2022.  ADR

Procedures, § 2.   The Claimants associated with the Claims to Be Disallowed either failed to

respond to the Information Requests, or responded, but still failed to provide sufficient information

requested by the Debtors.

22.     Because the Claims to Be Disallowed do not provide information sufficient to

enable the Commonwealth to ascertain the nature or basis of the Claimants' claims, and because

Claimants did not respond to either the Information Requests or to the direct outreach from counsel

for the Oversight Board and/or responded, but failed to provide information sufficient to enable

the Debtors to ascertain the nature or basis of the Claimants' claims, neither the Debtors nor the

Court are able to determine the validity of the Claims to Be Disallowed.   The Claims to Be

Disallowed are, therefore, deficient and should be disallowed.

23.     In support of the foregoing, the Debtors rely on the Declaration of Jay Herriman

Support of the Five Hundred Twenty-Eighth Omnibus Objection (Substantive) of the

Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the

---

[4] The Commonwealth, PREPA, HTA, ERS, and PBA were authorized to resolve general unsecured
claims using the ADR Procedures by the approved by the *Order (A) Authorizing Alternative
Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting
Related Relief* [ECF No. 12576] (the "ADR Order"), entered on April 1, 2020.

Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to

Deficient ADR Claims, dated September 16, 2022, attached hereto as **Exhibit B**.

## NOTICE

24.     In accordance with the Amended Omnibus Objection Procedures and the Court's

Notice Order, the Debtors are providing notice of this Five Hundred Twenty-Eighth Omnibus

Objection to (a) the individual creditors subject to this Five Hundred Twenty-Eighth Omnibus

Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth*

*Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors'

case website at https://cases.ra.kroll.com/puertorico.  The notice for this Five Hundred Twenty-

Eighth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five

Hundred Twenty-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed

with this objection and will be served on the parties.  The Debtors submit that, in light of the nature

of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

25.     This Five Hundred Twenty-Eighth Omnibus Objection is limited to the grounds

stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any

other party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other

claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or

procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is

intended or should be construed as: (a) an admission as to the validity of any claim against the

Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases

to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request

or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## <u>NO PRIOR REQUEST</u>

26.     No prior request for the relief sought in this Five Hundred Twenty-Eighth Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated: September 16, 2022
    San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board for
Puerto Rico, as representative of the
Commonwealth, ERS and HTA*

**Fecha de la vista: 2 de noviembre de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 17 de octubre de 2022, a las 4:00 p.m. (AST)**

---

| |
|---|
| **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).** |

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA<br>Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | |
| como representante del | Número 17 BK 3283-LTS |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., | (Administrado Conjuntamente) |
| Deudores.[1] | **La presente radicación guarda relación con el ELA, el SRE y la ACT.** |

### QUINGENTÉSIMA VIGÉSIMA OCTAVA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES DEFICIENTES DE ADR

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los

Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad

de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA y el SRE, los

"Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la

"Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la

sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto

Rico* ("PROMESA"),[2] radican la presente Quingentésima vigésima octava objeción global (la

"Quingentésima vigésima octava objeción global") a las evidencias de reclamaciones que aparecen

en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser

rechazadas"), haber sido deficientes, y los reclamantes vinculados con las Reclamaciones que han

de ser rechazadas no han respondido a las solicitudes de los Deudores en las que se buscaba obtener

la información necesaria para reconciliar las Reclamaciones que han de ser rechazadas y/o no han

proporcionado suficiente información para que los Deudores puedan reconciliar las Reclamaciones

que han de ser rechazadas. En apoyo de la Quingentésima vigésima octava objeción global, los

Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme

a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de

PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

## ANTECEDENTES

**A.    Órdenes de Fecha Límite**

3.    El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para el SRE y la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (los "Casos de Título III del SRE y la ACT", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 21 de septiembre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF Número 537. [3]

4.    El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.    Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5.      El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación de la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. Véase la *Orden y la Sentencia que confirman la versión modificada del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado*

*Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 179,034 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total

aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,239 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,555 han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Además, aproximadamente 2,287 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de

noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

14.    En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 13 de junio de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 27 vistas relacionadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico

(la "AEP") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 102,630 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45, 193 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores aplicados por los tribunales.

16.    La Quingentésima vigésima octava objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**D.    Resolución Alternativa de Controversias**

17.    Conforme a la *Orden que A) autoriza procedimientos alternativos de resolución de controversias, B) aprueba formas de notificación adicionales y C) concede el remedio relacionado* [Caso Número 17-BK-03283, ECF Número 12576] (la "Orden de ADR"), el Tribunal ha aprobado procedimientos (los "Procedimientos de ADR") que introducen mejoras en el proceso de reconciliación de las reclamaciones generales no garantizadas, incluidas reclamaciones de litigios no liquidados, al a) proporcionar un mecanismo y calendario para el intercambio de ofertas de llegar a un acuerdo y conciliar Reclamaciones, b) ofrecer procedimientos de mediación concebidos para fomentar la resolución extrajudicial de las Reclamaciones y c) en ausencia de una conciliación o resolución exitosa a través de mecanismos alternativos de resolución de controversias, permitir que las partes, previo consentimiento, sometan las reclamaciones a litigio ante los tribunales del ELA o a un arbitraje vinculante.

18.    Hasta la fecha, los Deudores han radicado 26 notificaciones que transfieren reclamaciones a Procedimientos de ADR (según se define en la Orden de ADR) (conjuntamente,

las "Notificaciones de ADR"), y han transferido aproximadamente 1,200 reclamaciones a Procedimientos de ADR (las "Reclamaciones Designadas para la ADR"). En el caso de determinadas Reclamaciones Designadas para la ADR, los Deudores no ha podido evaluar adecuadamente y resolver las reclamaciones porque los reclamantes solo proporcionaron información limitada en sus formularios de reclamación y/o aportaron documentación justificativa limitada. En virtud de la autorización de la Orden de ADR, los Deudores solicitaron a dichos reclamantes información complementaria mediante Solicitudes de Información. Orden de ADR ¶ 2f ("El ELA u otro Deudor, según sea el caso, también podrá solicitar información o documentación adicionales (la 'Solicitud de Información') del Reclamante Designado. Este último proporcionará documentación o información adicionales en respuesta a dicha Solicitud de Información en un plazo de veintiún (21) días desde la recepción de tal Solicitud de Información"). Conforme a la Orden de ADR, los reclamantes tenían la obligación de responder a las Solicitudes de Información en un plazo de 21 días desde su recepción. *Id.*

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

19.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

20.     La Quingentésima vigésima octava objeción global pretende que se rechacen en su totalidad, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, las Reclamaciones que han de ser rechazadas, según aparecen en el **Anexo A** del presente documento. Cada una de las Reclamaciones que han de ser rechazadas pretende alegar obligaciones de los Deudores

vinculadas con un litigio, pero no proporciona información suficiente para que los Deudores determinen si adeudan alguna responsabilidad. Por ejemplo, algunas de las Reclamaciones que han de ser rechazadas identifican un número de caso vinculado con un litigio o un procedimiento administrativo, pero no explican si los reclamantes vinculados con las Reclamaciones que han de ser rechazadas son partes en dicho litigio o procedimiento administrativo y tampoco explican por qué el procedimiento podría dar lugar a responsabilidades adeudadas a los reclamantes. En otras instancias, algunas de las Reclamaciones que han de ser rechazadas alegan que el reclamante pertinente es parte en un litigio, pero las Reclamaciones que han de ser rechazadas no proporcionan ninguna información necesaria para identificar el litigio o explicar la naturaleza o fundamento del litigio, y tampoco explican por qué dicho litigio podría dar lugar a responsabilidades adeudadas.

21.    Cada una de las Reclamaciones que han de ser rechazadas ha sido transferida a los Procedimientos Alternativos de Resolución de Controversias ("ADR", por sus siglas en inglés)[4] mediante la *Vigésima primera notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 20241] o la *Vigésima primera notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 21685]. Los Deudores enviaron a cada reclamante por correo postal una Solicitud de Información, conforme a lo autorizado por la sección 2 de los Procedimientos de ADR, en la que solicitaban documentación y/o información necesarios para que los Deudores pudieran reconciliar las evidencias de reclamaciones. Las Solicitudes de Información explicaban que cada Reclamante "proporcionará documentación o información adicionales ... dentro de veintiún (21) días desde la recepción de tal Solicitud", o antes del 6 de septiembre de 2022 a más tardar. Procedimientos de

---

[4] El ELA, la AEE, la ACT, el SRE y la AEP han sido autorizados a resolver reclamaciones generales no garantizadas utilizando los Procedimientos de ADR por la *Orden aprobada que A) autoriza los procedimientos de resolución alternativa de controversias, B) aprueba una forma adicional de notificación y C) concede el remedio relacionado* [ECF Número 12576] (la "Orden de ADR"), dictada el 1 de abril de 2020.

ADR, § 2. Los Reclamantes vinculados con las Reclamaciones que han de ser rechazadas o bien no han respondido a las Solicitudes de Información, o bien respondieron pero aun así no brindaron suficiente información solicitada por los Deudores.

22.     Puesto que las Reclamaciones que han de ser rechazadas no proporcionan suficiente información para que el ELA comprenda la naturaleza o el fundamento de las reclamaciones de los Reclamantes, y como los Reclamantes no han respondido ni a las Solicitudes de Información ni a las comunicaciones directas enviadas por el abogado de la Junta de Supervisión, y/o respondieron pero no brindaron suficiente información para que los Deudores puedan comprender la naturaleza o los fundamentos de las reclamaciones de los Reclamantes, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas. En consecuencia, las Reclamaciones que han de ser rechazadas son deficientes y deben rechazarse.

23.     En apoyo de lo anterior, los Deudores invocan la Declaración de Jay Herriman en apoyo de la Quingentésima vigésima octava objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones Deficientes de ADR, de fecha 16 de septiembre de 2022, adjunta al presente como **Anexo B**.

### **NOTIFICACIÓN**

24.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Quingentésima vigésima octava objeción global a) a los acreedores individuales objeto de esta Quingentésima vigésima octava objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en

https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima vigésima octava objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima vigésima octava objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

25.     Esta Quingentésima vigésima octava objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## <u>AUSENCIA DE SOLICITUDES PREVIAS</u>

26.     No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima

vigésima octava objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 16 de septiembre de 2022
    San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del ELA, del SRE y de la ACT.*

14