# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS and HTA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED TWENTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO DEFICIENT ADR CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Debtors").

3. I submit this declaration in support of the Five Hundred Twenty-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Deficient ADR Claims (the "Five Hundred Twenty-Eighth Omnibus Objection").[3] I have personally reviewed the Five Hundred Twenty-Eighth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Twenty-Eighth Omnibus Objection.

2

4. In preparation for filing the Five Hundred Twenty-Eighth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Twenty-Eighth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the Claims to Be Disallowed, as identified in **Exhibit A** to the Five Hundred Twenty-Eighth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims identified on Exhibit A to the Five Hundred Twenty-Eighth Omnibus Objection is deficient. Each of the Claims to Be Disallowed purports to assert obligations of the Debtors associated with a litigation, but otherwise fails to provide sufficient information for the Debtors to determine whether any liabilities are owed by the Debtors. For example, certain of the Claims to Be Disallowed identify a case number associated with a litigation or an administrative proceeding, but do not explain whether the claimants associated with the Claims to Be Disallowed are parties to that litigation or administrative proceeding, or otherwise explain why the proceeding may give rise to liabilities owed to the claimants. In other instances, certain of the Claims to Be Disallowed allege that the relevant claimant is a party to a litigation, but the Claims to Be Disallowed do not identify a case number or otherwise explain the nature or basis of the litigation or why that litigation may give rise to liabilities owed.

6. Each of the Claims to Be Disallowed was transferred into the ADR Procedures and sent an Information Request seeking specific documentation and/or information necessary to enable the Commonwealth to reconcile the proofs of claim. Each of the Claimants failed to respond to the Information Requests and/or failed to provide further information in support of the

Claims to Be Disallowed. Because the Claims to Be Disallowed do not provide information sufficient to enable the Debtors to ascertain the nature or basis of the Claimants' claims, and because Claimants did not respond to either the Information Requests or to direct outreach from counsel for the Oversight Board, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed. The Claims to Be Disallowed are, therefore, deficient and should be disallowed.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Five Hundred Twenty-Eighth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 16, 2022

By: /s/ *Jay Herriman*
Jay Herriman

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                Deudores.[1] | PROMESA<br>Título III<br>Número 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE y la ACT.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA VIGÉSIMA OCTAVA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES DEFICIENTES DE ADR**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA y el SRE, los "Deudores").

3. Realizo esta declaración en apoyo de la Quingentésima vigésima octava objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones Deficientes de ADR (la "Quingentésima

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

vigésima octava objeción global"). ³ He revisado personalmente la Quingentésima vigésima octava objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima vigésima octava objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima vigésima octava objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las Reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Quingentésima vigésima octava objeción global.

5. A mi leal saber y entender, cada una de dichas reclamaciones identificadas en el Anexo A de la Quingentésima vigésima octava objeción global es deficiente. Cada una de las Reclamaciones que han de ser rechazadas pretende alegar obligaciones de los Deudores vinculadas con un litigio, pero no proporciona información suficiente para que los Deudores determinen si adeudan alguna responsabilidad. Por ejemplo, algunas de las Reclamaciones que han de ser rechazadas identifican un número de caso vinculado con un litigio o un procedimiento administrativo, pero no explican si los reclamantes vinculados con las Reclamaciones que han de ser rechazadas son partes en dicho litigio o procedimiento administrativo y tampoco explican por qué el procedimiento podría dar lugar a responsabilidades adeudadas a los reclamantes. En otras instancias, algunas de las Reclamaciones que han de ser rechazadas alegan que el reclamante pertinente es parte en un litigio, pero las Reclamaciones que han de ser rechazadas no identifican

---

³ Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima vigésima octava objeción global.

3

ningún número de caso ni explican de otro modo la naturaleza o fundamento del litigio, y tampoco explican por qué dicho litigio podría dar lugar a responsabilidades adeudadas.

6.  Cada una de las Reclamaciones que han de ser rechazadas ha sido transferida a los Procedimientos de ADR y a los reclamantes se les envió una Solicitud de Información que buscaba documentación y/o información específicas necesarias para que el ELA pueda reconciliar las evidencias de reclamación. Ninguno de los Reclamantes ha respondido a la Solicitud de Información ni ha proporcionado información adicional en apoyo de las Reclamaciones que han de ser rechazadas. Puesto que las Reclamaciones que han de ser rechazadas no proporcionan suficiente información para que los Deudores comprendan la naturaleza o el fundamento de las reclamaciones de los Reclamantes, y como los Reclamantes no han respondido ni a las Solicitudes de Información ni a las comunicaciones directas enviadas por el abogado de la Junta de Supervisión, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas. En consecuencia, las Reclamaciones que han de ser rechazadas son deficientes y deben rechazarse.

7.  Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima vigésima octava objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

8.  Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 16 de septiembre de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman

4