## **EXHIBIT D**

**Proposed Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.,

                  Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

This filing relates to the
Commonwealth and ERS.

---

ORDER GRANTING FIVE HUNDRED TWENTY-SEVENTH
OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO
RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR
WHICH THE DEBTORS ARE PARTIALLY NOT LIABLE

Upon the *Five Hundred Twenty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for which the Debtors Are Partially Not Liable* ("Five Hundred Twenty-Seventh Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)   (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Twenty-Seventh Omnibus Objection.

Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), dated September 16, 2022, for entry of an order disallowing in part certain claims filed against the Debtors, as more fully set forth in the Five Hundred Twenty-Seventh Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Five Hundred Twenty-Seventh Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Five Hundred Twenty-Seventh Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the claims identified in the column titled "Claims to be Partially Disallowed" in Exhibit A to the Five Hundred Twenty-Seventh Omnibus Objection (collectively, the "Claims to Be Partially Disallowed") having been found to be portions of claims for which neither the Commonwealth nor any other Title III debtor is liable; and the Court having determined that the relief sought in the Five Hundred Twenty-Seventh Omnibus Objection is in the best interest of the Debtors, their creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Five Hundred Twenty-Seventh Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Five Hundred Twenty-Seventh Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Partially Disallowed are hereby disallowed in part; and it is further

ORDERED that, to the extent the Claims to Be Partially Disallowed purport to assert additional liabilities not associated with the Litigations, the holders of the Claims to Be Partially Disallowed will retain a Remaining Claim against the Debtors in respect of such amounts

(collectively, the "Remaining Claims"), as set forth in Exhibit A to the Five Hundred Twenty-Seventh Omnibus Objection.

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that Kroll is authorized and directed to designate as expunged the disallowed portions of the Claims to Be Partially Disallowed from the official claims register in the Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

3

## ANEXO D

**Orden Propuesta**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Número 17 BK 3283-LTS |
| como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, | La presente radicación guarda relación con el ELA y el SRE. |
| Deudores.[1] | |

ORDEN POR LA QUE SE CONCEDE LA QUINGENTÉSIMA VIGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES NO SON RESPONSABLES PARCIALMENTE

Vista la *Quingentésima vigésima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que los Deudores no son Responsables Parcialmente* (la "Quingentésima vigésima séptima objeción global")[2] del Estado Libre Asociado

---

[1] Los Deudores en el marco de los casos de Título III, junto con el respectivo número de caso radicado conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima vigésima séptima objeción global.

de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores"), de fecha 16 de septiembre de 2022, en la que se solicita que se dicte una orden que rechace en parte determinadas reclamaciones radicadas contra los Deudores, como se expone con más detalle en la propia Quingentésima vigésima séptima objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para conocer la Quingentésima vigésima séptima octogésima objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en forma y plazos, la notificación de la Quingentésima vigésima séptima objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiéndose concluido que las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas parcialmente" en el Anexo A de la Quingentésima vigésima séptima objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas parcialmente") constituyen partes de las reclamaciones por las que ni el ELA ni ningún otro deudor de Título III son responsables; y habiendo determinado el Tribunal que el remedio solicitado en la Quingentésima vigésima séptima objeción global redunda en el mejor interés de los Deudores, de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Quingentésima vigésima séptima objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio del presente,

SE ORDENA que SE CONCEDA la Quingentésima vigésima séptima objeción global, según se establece en el presente documento; además

SE ORDENA que las Reclamaciones que han de ser rechazadas parcialmente queden rechazadas en parte; asimismo

SE ORDENA que, en la medida en que las Reclamaciones que han de ser rechazadas parcialmente busquen alegar responsabilidades adicionales vinculadas con los Litigios, los titulares de las Reclamaciones que han de ser rechazadas parcialmente mantendrán una Reclamación Restante contra los Deudores en relación con tales montos (conjuntamente, las "Reclamaciones Restantes"), según se expone en el Anexo A de la Quingentésima vigésima séptima objeción global.

SE ORDENA que el derecho que asiste a los Deudores a objetar a las Reclamaciones Restantes quede reservado; también

SE ORDENA que Kroll quede autorizada, y reciba instrucciones, para designar como suprimidas las partes rechazadas de las Reclamaciones que han de ser rechazadas parcialmente del registro oficial de reclamaciones en el marco de los Casos de Título III; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos
(*United States District Judge*)