# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED THIRTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.    I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA.[2] The Debtors' ongoing claims reconciliation process involve the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors").

3. I submit this declaration in support of the *Five Hundred Thirtieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partially Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* (the "Five Hundred Thirtieth Omnibus Objection"). I have personally reviewed the Five Hundred Thirtieth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Thirtieth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Thirtieth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be partially disallowed and partially reclassified, as identified in Exhibit A to the Five Hundred Thirtieth Omnibus Objection.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241

5. To the best of my knowledge, information, and belief, the claims identified in Exhibit A to the Five Hundred Thirtieth Omnibus Objection in the column titled "Claims to Be Partially Disallowed and Partially Reclassified" (each a "Claim to Be Partially Disallowed and Partially Reclassified" collectively, the "Claims to Be Partially Disallowed and Partially Reclassified") assert liabilities based, in part, on (*a*) bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"); (*b*) bond claims that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds; (*c*) bond claims based on bonds issued by Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Infrastructure Financing Corporation ("PRIFA"), or the Puerto Rico Convention Center District Authority ("CCDA") which have been discharged pursuant to the Commonwealth Confirmation Order (as defined in the Five Hundred Thirtieth Omnibus Objection); (*d*) an ownership interest in bonds issued by the Government Development Bank of Puerto Rico ("GDB"), for amounts for which the Debtors have not guaranteed repayment; (*e*) an ownership interest in bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA"), which is not a Title III Debtor, for amounts for which the Debtors have not guaranteed repayment; (*f*) bond claims that assert liabilities associated with secondarily insured bonds, which, in turn, are duplicative of proofs of claim filed against the Debtors on behalf of the holders of those bonds; and/or (*g*) investments in mutual funds, which in turn may have invested in bonds issued by the Debtors. Additionally, certain of the claims listed on **Exhibit A** hereto should be partially reclassified because a portion of the claim identifies the Debtors as obligor, when that portion of the claim is properly asserted, if at all, against the Puerto Rico Electric Power Authority ("PREPA").

3

6. With respect to the Claims to Be Partially Disallowed and Partially Reclassified which include claims asserted against the Debtors filed by holders of PREPA Bonds, my review consisted solely of determining that such holders' claims against the Debtors were based on their individual holdings of PREPA Bonds. I am relying on the legal representative for the Oversight Board, who, after reviewing the PREPA Master Claim, have determined that any claim filed against the Commonwealth by an individual holder asserting a claim with respect to such holder's PREPA bonds is duplicative of the PREPA Master Claim. A&M takes no position with respect to any of the underlying legal claims asserted by any holders of PREPA bonds against the Debtors, PREPA, or any other entities.

7. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Thirtieth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Dated: September 16, 2022
      New York, NY

By:   /s/ *Jay Herriman*
        Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

# TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
# PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>  como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y el SRE.** |

### DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA TRIGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR BONOS PARCIALMENTE DUPLICADAS, DEFICIENTES, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

 Conforme al Plan, una "Reclamación" se define como "[c]ualquier derecho a un pago o cumplimiento, independientemente de si tal derecho consta en una sentencia, es liquidado, no liquidado, fijo, accidental, vencido, no vencido, controvertido, no controvertido, legal, en equidad, garantizado o no garantizado, conocido o desconocido, reclamado o no reclamado; o cualquier derecho a un remedio en equidad por incumplimiento o ejecución de un cumplimiento, independientemente de si tal derecho a un remedio en equidad consta en una sentencia, es fijo, accidental, vencido, no vencido, controvertido, no controvertido, garantizado o no garantizado, y la totalidad de las deudas, procesos, indemnizaciones por daños y perjuicios, derechos, remedios, pérdidas, responsabilidades, obligaciones, sentencias, acciones, causas de acción, procedimientos o reclamaciones de cualquier tipo o naturaleza, en derecho, equidad o de cualquier otra forma". Plan § 1.53.

tos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA.[2] El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores").

3. Realizo esta declaración en apoyo de la *Quingentésima trigésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos parcialmente duplicadas, deficientes, en las que no existe responsabilidad y radicadas contra el deudor incorrecto* (la "Quingentésima trigésima objeción global"). He revisado personalmente la Quingentésima trigésima objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101–2241

2

4. Durante el proceso de preparación para radicar la Quingentésima trigésima objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima trigésima objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente, según se identifica en el Anexo A de la Quingentésima trigésima objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el Anexo A de la Quingentésima trigésima objeción global en la columna titulada "Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente" (cada una denominada una "Reclamación que ha de ser rechazada parcialmente y reclasificada parcialmente", y conjuntamente, las "Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente") alegan responsabilidades basadas en parte en a) bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"); *b*) reclamaciones por bonos que constituyen duplicados con respecto a una o más evidencias de reclamaciones principales radicadas contra los Deudores en nombre de determinados bonistas; *c*) reclamaciones por bonos basadas en bonos emitidos por la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (la "AFI") o la Autoridad del Distrito del Centro de Convenciones de Puerto Rico (la "ADCC"), que han sido liberadas conforme a la Orden de Confirmación (según se define en la Quingentésima trigésima objeción global); *d*) participación patrimonial en bonos emitidos por el Banco Gubernamental de Fomento para Puerto Rico (el "BGF"), por unos montos por los que los Deudores no han garantizado el reembolso; *e*) participación patrimonial en bonos emitidos por la Autoridad de Acueductos y Alcantarillados de

3

Puerto Rico (la "AAA"), que no es Deudor de Título III, por unos montos por los que los Deudores no han garantizado el reembolso; *f)* reclamaciones por bonos que alegan responsabilidades vinculadas con bonos asegurados en el mercado secundario que, a su vez, constituyen duplicados con respecto a evidencias de reclamaciones radicadas contra los Deudores en nombre de dichos bonistas; y/o *g)* inversiones en fondos mutuos, que a su vez pudieron haber invertido en bonos emitidos por los Deudores. Además, determinadas reclamaciones que figuran en el **Anexo A** del presente documento deben reclasificarse parcialmente, ya que parte de la reclamación identifica a los Deudores como deudor, cuando en todo caso lo correcto sería que dichas partes de la reclamación se alegaran contra la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE").

6. En cuanto a las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente, que incluyen reclamaciones alegadas contra los Deudores presentadas por los tenedores de los Bonos de la AEE, mi análisis consistió únicamente en determinar que las reclamaciones de dichos tenedores contra los Deudores se basaban en sus tenencias individuales de los Bonos de la AEE. Invoco la postura del representante legal de la Junta de Supervisión que, tras analizar la Reclamación Principal de la AEE, ha determinado que cualquier reclamación radicada contra el ELA por un tenedor individual, que alegue una reclamación con respecto a los bonos de la AEE de dicho tenedor, estará duplicada en relación con la Reclamación Principal de la AEE. A&M no adopta ninguna postura con respecto a ninguna de las reclamaciones legales subyacentes, alegadas por los tenedores de los bonos de la AEE contra los Deudores, la AEE o cualquier otra entidad.

5

7. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima trigésima objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 16 de septiembre de 2022
      Nueva York, NY

Por: *[Firma en la versión en inglés]*
Jay Herriman