## <u>EXHIBIT B</u>

**Declaration of Jay Herriman**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br>No. 17-BK-3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY EMPLOYEES OF THE PUERTO RICO POLICE DEPARTMENT FOR WHICH THE DEBTOR IS NOT LIABLE

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.       In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' (as defined below) cases filed pursuant to PROMESA.  The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3.       I submit this declaration in support of the Five Hundred Thirty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by Employees of the Puerto Rico Police Department for which the Debtor Is Not Liable (the "Five Hundred Thirty-Fifth Omnibus Objection").[3]  I have personally reviewed the Five Hundred Thirty-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4.       In preparation for filing the Five Hundred Thirty-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Thirty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board.  These efforts resulted in the identification of the claims to be disallowed, as identified in **Exhibit A** to the Five Hundred Thirty-Fifth Omnibus Objection.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Thirty-Fifth Omnibus Objection.

5.     To the best of my knowledge, information, and belief, the claims identified in Exhibit A to the Five Hundred Thirty-Fifth Omnibus Objection (collectively, the "Claims to Be Disallowed") seek recovery of liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Police Department.

6.     Beginning in 2019, the Puerto Rico Police Department made payments to numerous individuals, including plaintiffs of the Litigations, to settle, claims of alleged underpayment of wage increases purportedly owed to employees.  In connection with these settlements, the Puerto Rico Police Department calculated back pay owed to each individual employee.  Prior to issuing a check to each employee, the Puerto Rico Police Department and the employee executed a settlement and release form stating that acceptance of payment from the Puerto Rico Police Department constituted a "waiver of all actual or potential claims … under any applicable law" against the Police Department.  Each of the claimants associated with the Claims to Be Disallowed (collectively, "Claimants") subject to this Five Hundred Thirty-Fifth Omnibus Objection received a check from the Puerto Rico Police Department and executed a release form.

7.     Accordingly, because the Claimants associated with the Claims to Be Disallowed have already received payment in connection with the liabilities underlying the proofs of claim, and because each Claimant has executed a release, the Debtor is no longer liable for the Claims to Be Disallowed because they have been satisfied and released.

8.     Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Five Hundred Thirty-Fifth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtor and its creditors.

3

9.      I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 16, 2022

By: /s/ *Jay Herriman*
Jay Herriman

# ANEXO B

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                           Deudores.[1] | PROMESA<br>Título III<br>Número 17-BK-3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA TRIGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS POR LOS EMPLEADOS DEL DEPARTAMENTO DE POLICÍA DE PUERTO RICO POR LAS QUE EL DEUDOR NO ES RESPONSABLE**

       Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1.      Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.      En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores (según se define abajo) radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3.      Realizo esta declaración en apoyo de la Quingentésima trigésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas por los empleados del Departamento de Policía de Puerto Rico por las que el Deudor no es responsable (la "Quingentésima trigésima quinta objeción global"). [3]   He revisado personalmente la Quingentésima trigésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima trigésima quinta objeción global.

4.      Durante el proceso de preparación para radicar la Quingentésima trigésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima trigésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Quingentésima trigésima quinta objeción global.

5.      A mi leal saber y entender, las reclamaciones identificadas en el <u>Anexo A</u> de la Quingentésima trigésima quinta objeción global (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") buscan recuperar un importe por unas responsabilidades vinculadas con unos salarios supuestamente devengados pero no pagados, salarios supuestamente adeudados por el Departamento de la Policía de Puerto Rico.

6.      A partir de 2019, el Departamento de la Policía de Puerto Rico realizó pagos a varias personas (incluidos los demandantes en los Litigios) para, conciliar reclamaciones por supuestos pagos insuficientes de incrementos salariales supuestamente adeudados a los empleados. En relación con dichas conciliaciones, el Departamento de Policía de Puerto Rico ha calculado los salarios atrasados adeudados a cada empleado individual. Antes de enviarle un cheque a cada empleado, el Departamento de Policía de Puerto Rico y el empleado suscribieron un formulario de conciliación y liberación que disponía que la aceptación del pago del Departamento de Policía de Puerto Rico constituía una "renuncia a la totalidad de las reclamaciones reales o potenciales ... conforme a cualquier normativa legal aplicable" contra el Departamento de Policía. Cada Reclamante vinculado con las Reclamaciones que han de ser rechazadas (conjuntamente, los

"Reclamantes") objeto de esta Quingentésima trigésima quinta objeción global recibió un cheque del Departamento de Policía de Puerto Rico y suscribió un formulario de liberación.

7.      En consecuencia, puesto que los Reclamantes vinculados con las Reclamaciones que han de ser rechazadas ya han recibido el pago en relación con las responsabilidades que subyacían en las evidencias de reclamaciones, y como cada Reclamante ha suscrito una liberación, el Deudor ya no es responsables por las Reclamaciones que han de ser rechazadas porque estas han sido satisfechas y liberadas.

27.     Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima trigésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del Deudor y de sus acreedores.

28.     Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha:  16 de septiembre de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman