UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

---

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-4780 (LTS) |
| PUERTO RICO ELECTRIC POWER AUTHOIRTY, | |
| Debtor. | |

---

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS WITH RESPECT TO TERMINATION OF PREPA MEDIATION**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[1] respectfully submits this statement (the "Statement") with respect to the termination of the PREPA mediation.[2] In support of this Statement, the Committee respectfully states as follows:

## STATEMENT

1. The Committee is relieved that the Oversight Board decided to move forward with litigating certain threshold issues with respect to the PREPA bonds, including the limited scope of the PREPA bondholders' security interest and the non-recourse nature of the PREPA bonds, as the Committee has been urging for years. Moreover, the Committee is relieved that the parties did not reach a settlement on the terms reflected in the most recent proposals made by the PREPA bondholders and the Oversight Board (which proposals were disclosed publicly by the Puerto Rico Government on September 16, 2022). From the Committee's perspective, either proposal was unsupportable (under any cognizable legal standard) given the extremely limited legal entitlements of the PREPA bondholders, *i.e.*, bonds that are secured only by the limited funds in certain specified accounts (approximately $8.8 million as of PREPA's petition date) and that are not entitled to an unsecured deficiency claim because of their non-recourse nature. Moreover, either proposal would have spelled disaster for PREPA, PREPA's ratepayers, and the Puerto Rico economy generally, as it would have saddled PREPA and PREPA's ratepayers with billions of dollars of bond debt which is simply not owed to the bondholders.

---

[1] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[2] This Statement is not the Committee's formal response to the relief requested in the *Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief* [Docket No. 22269] (the "Urgent Motion") and does not address scheduling and related technical issues raised in the Urgent Motion. The Committee intends to file its formal response in accordance with the Court-ordered briefing schedule on the Urgent Motion.

2. As the Committee noted in its limited objections to the prior requests to extend the mediation outside dates, the Committee has been confused as to why the Oversight Board had, until now, resisted—for more than five years—challenging the nature and extent of the PREPA bond claims, while showing little hesitation to prosecute (with the Committee's support and with great success) objections to the bonds issued by the other Title III Debtors, including, for example, ERS, HTA, and COFINA.[3] Why were PREPA bondholders somehow immune from challenge, particularly given the pivotal role that PREPA plays in Puerto Rico?

3. In addition, the disclosure of the Oversight Board's and PREPA bondholders' most recent proposals, as well as the fact that the PREPA unions also received a proposal from the Oversight Board, should now make patently obvious to the Court why the Committee has repeatedly and forcefully objected to the requests to extend mediation (without also moving forward with litigation): the Committee, as the only fiduciary in PREPA's Title III case,[4] has continually been excluded from negotiations that directly affect the allocation of PREPA's (limited) resources to its constituents.

4. That said, the Committee looks forward to moving forward with litigation at this time, including as to the two threshold legal issues the Committee had highlighted in its prior pleadings, namely (1) whether the PREPA bondholders' security interest is limited to funds actually deposited into specified accounts held by the PREPA bond trustee; and (2) whether the

---

[3] As the Court will recall, in the case of COFINA, the Court appointed the Committee as the Commonwealth Agent to litigate the ownership, as between the Commonwealth and COFINA, of certain sales and use taxes.

[4] The Oversight Board has stated that it is not a fiduciary for the Title III Debtors, let alone for all creditors. *See Mot. of the Fin. Oversight & Mgmt. Bd. for P.R. to Dismiss Plaintiffs' First Amended Adversary Compl. Pursuant to Fed R. Civ. P. 12(B)(1) and 12(B)(6)* at 30 n.15, *Pinto Lugo v. United States*, Adv. Proc. No. 18-041 (LTS) (D.P.R. Aug. 23, 2018) [Docket No. 36]. The Commonwealth, through AAFAF, has similarly taken the position that neither AAFAF nor the directors of the Commonwealth's instrumentalities "have fiduciary duties to creditors." *See AAFAF's Informative Mot. on Behalf of the Debtor Entities Regarding Governance & Conflict-of-Interest Issues* ¶ 6 [Docket No. 451 in Case No. 17-3283 (LTS)].

PREPA bonds are non-recourse obligations such that, in accordance with section 927 of the Bankruptcy Code, the PREPA bondholders have no claim against, and are not entitled to distributions from, PREPA for any difference between the face amount of the bonds and the funds on deposit in the specified accounts.[5] In this regard, the Committee is also encouraged that the Oversight Board appears to be open to allowing the Committee to take an active role in the upcoming litigation, and the Committee will attempt to resolve issues related to its participation in the PREPA litigation consensually with the Oversight Board, as it has done with respect to most issues in these Title III cases.

5. Finally, the Committee feels compelled to address the written statement issued yesterday evening by one member of the Oversight Board, Mr. Justin Peterson.[6] Putting aside the unprecedented nature of a board member issuing such a statement in opposition to a vote of the Oversight Board, Mr. Peterson does not merely express dissatisfaction with the Oversight Board's decision to move forward with litigation at this time; instead, Mr. Peterson outright adopts positions and arguments advanced by PREPA bondholders. Worse, earlier today, he doubled down on his support for PREPA bondholders and posted the following tweets:[7]

---

[5] The Committee understands that the Oversight Board proposes to also move forward with litigation of certain other issues at this time. The Committee will address these and other aspects of the Oversight Board's proposal in its formal response to the Urgent Motion.

[6] A copy of that statement is attached hereto as **Exhibit A**.

[7] Available at Justin Peterson (@JPHusker_) / Twitter.

3



These statements are particularly concerning to the Committee in light of Mr. Peterson's prior role (including during the pendency of these Title III cases) as advisor to bondholders in some of the Title III cases.[8] Of course, every board member is entitled to his or her opinion, but

---

[8] It has been widely reported that Mr. Peterson, a managing director of the communications and advocacy firm DCI Group, has previously represented holders of Puerto Rico's general obligation ("GO") bonds in connection with Puerto Rico's restructuring efforts. For example, *Reorg Research* has reported that Mr. Peterson has "served as an advisor to GO bondholders in Puerto Rico before, during, and after the passage of PROMESA." *Peterson Expresses Eagerness to Bring More Transparency, Efficiency to Oversight Board*, Reorg Research, Oct. 7, 2020. In addition, *Bloomberg* has reported that Mr. Peterson "previously served as the spokesman for an ad hoc group of Puerto Rico general obligation bondholders." *Trump Picks Ex-Puerto Rico Bondholder Rep for Oversight Board*, Bloomberg, Oct. 7, 2020. Indeed, according to *The Wall Street Journal*, Mr. Peterson has himself stated that he advised such bondholders until mid-2018. *Trump's Appointee to Puerto Rico Board Criticizes Its Record*, Wall Street Journal, Oct. 9, 2020 (reporting that Mr. Peterson stated that he "hadn't advised the bondholder group since mid-2018").

becoming a *de facto* representative of a creditor constituency, while attacking fellow board members, is, to say the least, unprecedented. This is just one more reason why the Committee needs to have a meaningful and central role in the upcoming PREPA litigation.

Dated: September 17, 2022     By:  /s/ *Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By:  /s/ *Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*