UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------- x
                                                              :
In re                                                         :
                                                              :
                                                              :    PROMESA
THE FINANCIAL OVERSIGHT AND                                   :
MANAGEMENT BOARD FOR PUERTO RICO,                             :    Title III
                                                              :
     as representative of                                     :
                                                              :    Case No. 17-BK-3283-LTS
                                                              :
THE COMMONWEALTH OF PUERTO RICO,                              :
et al.,                                                       :    **Court Filing Relates Only to PREPA**
                                                              :
                                                              :
         Debtor.                                              :
                                                              :
------------------------------------------------------------- x
                                                              :
In re                                                         :
                                                              :
                                                              :
                                                              :    PROMESA
THE FINANCIAL OVERSIGHT AND                                   :    Title III
MANAGEMENT BOARD FOR PUERTO RICO,                             :
                                                              :
     as representative of                                     :
                                                              :    Case No. 17-4780-LTS
                                                              :
PUERTO RICO ELECTRIC POWER                                    :
AUTHORITY (PREPA),*                                           :    (Jointly Administered)
                                                              :
                                                              :
         Debtor.                                              :
                                                              :
------------------------------------------------------------- x
                                                              :
CORTLAND CAPITAL MARKET SERVICES,                             :
LLC, et al.,                                                  :    Adv. Proc. No. 19-396-LTS
                                                              :
         Plaintiffs,                                          :
                                                              :
```

---

* The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

|                                                                 |   |
|-----------------------------------------------------------------|---|
| -v-                                                             | : |
|                                                                 | : |
| THE FINANCIAL OVERSIGHT AND                                     | : |
| MANAGEMENT BOARD FOR PUERTO RICO,                               | : |
| *et al.*,                                                       | : |
|                                                                 | : |
| Defendants.                                                     | : |
|                                                                 | : |
| ------------------------------------------------------------- x |   |

**RESPONSE AND OBJECTION OF FUEL LINE LENDERS TO
URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR ORDER (I) ESTABLISHING SCHEDULE TO CONTINUE
NEGOTIATIONS DURING LITIGATION OF GATING ISSUES PURSUANT
TO LITIGATION SCHEDULE AND (II) GRANTING RELATED RELIEF**

Cortland Capital Market Services LLC, as successor administrative agent under a Credit Agreement, dated May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and certain lenders, and certain lenders under a Trade Finance Facility Agreement, dated July 20, 2012, between PREPA and Citibank, N.A. (collectively, the "Fuel Line Lenders," and the loans made by the Fuel Line Lenders, the "Fuel Lines"), respectfully submit this response and objection to the *Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief* (Dkt. No. 2956) (the "Motion").[1]

In short, and as explained further below, the Court should reject the Oversight Board's proposal that the stay of the Current Expense Adversary Proceedings be immediately lifted and that the motions to dismiss the Current Expense Complaints be decided on the current papers. In light of AAFAF's termination of the 2019 RSA among the Oversight Board, PREPA, AAFAF and Bondholders (which was challenged by the Current Expense Complaints) and the

---

[1] Unless otherwise noted, references to "Dkt. No. __" refer to docket entries in Case No. 17-4780. Capitalized terms used but not defined herein shall have the meanings assigned in the Motion.

Oversight Board's intention to litigate the Lien Challenge Complaint (which overlaps significantly with the Current Expense Complaints), an alternative approach is necessary, as detailed below.

## RESPONSE AND OBJECTION

1. The Fuel Line Lenders are significant financial creditors of PREPA. They are owed approximately $700 million in principal plus significant unpaid interest. The Fuel Lines were revolving loans made by Puerto Rican banks to PREPA so that PREPA could buy fuel to operate its system. Each of those short-term loans was expressly classified by PREPA as a "Current Expense" of operating PREPA's system, entitled to priority payment.

2. On May 10, 2019, the Oversight Board filed a motion seeking approval of a restructuring support agreement (the "2019 RSA") with PREPA's bondholders. *See* Dkt. Nos. 1232, 1235. In the *Objection of Cortland Capital Markets Services LLC, as Administrative Agent, and Solus to PREPA Bondholder Settlement*, the Fuel Line Lenders objected to the 2019 RSA on the basis that, among other things, it violated the priority scheme set forth in the Trust Agreement governing PREPA's bonds and the commitments PREPA had made to the Fuel Line Lenders. *See* Dkt. No. 1700.

3. On July 9, 2019, also in direct response to the filing of the 2019 RSA, the Fuel Line Lenders commenced an adversary proceeding (the "FLL Adversary Proceeding"), challenging the Bondholders' liens and claims and seeking declaratory relief relating to the priority of the Fuel Line claims. *See* Adv. Proc. No. 19-396; Dkt. No. 36 (Amended Complaint). On August 6, 2019, SREAEE filed a similar complaint (together with the FLL Adversary Proceeding, the "Current Expense Adversary Proceedings") asserting similar challenges and claiming priority treatment under the Trust Agreement, likewise in response to the 2019 RSA. *See* Adv. Proc. No. 19-405; Dkt. No. 25 (Amended Complaint).

4. On March 27, 2020, before litigation with respect to the 2019 RSA was complete and while motions to dismiss the Current Expense Complaints were pending, the Oversight Board sought an indefinite adjournment of the hearing on the motion to approve the 2019 RSA. *See* Dkt. No. 1947. All litigation has been on hold for more than two years. On March 8, 2022, PREPA announced that it was terminating the 2019 RSA. *See* Dkt. No. 2747. On the same day, the Court issued an order indicating that it would entertain a renewed mediation proposal. *See* Dkt. No. 2748. Soon thereafter, the parties began the mediation that concluded on Friday, September 16, 2022.

5. In the Motion, the Oversight Board contends that the motions to dismiss the Current Expense Complaints should be decided on the current papers, ignoring the subsequent RSA termination and without a hearing or oral argument. *See* Mot. ¶ 42.[2] This proposal was not well considered and does not make sense. It ignores the gravamen of the Current Expense Complaints, which were filed in response to the now-terminated 2019 RSA.

6. The crux of the Current Expense Complaints was that the 2019 RSA — although framed as a settlement between the Oversight Board and the Bonds — would in reality predetermine the treatment of Current Expense claimants, including the Fuel Line Lenders, and deprive them of structural and contractual priority rights. The Current Expense Complaints were filed in tandem with comprehensive objections to the 2019 RSA, and their factual allegations were directed at the 2019 RSA. Moreover, the jurisdictional basis for the Current Expense Complaints was largely predicated on the 2019 RSA: It was the 2019 RSA, and its effect on

---

[2] The Oversight Board also makes several assertions concerning the "economic reality" faced by PREPA and its capacity to raise rates. *See id.* ¶ 13. The Fuel Line Lenders' view of that reality and the Oversight Board's are likely quite different. However, the Fuel Line Lenders will forgo comment on those factual issues for now other than to reserve all rights.

-4-

Current Expense claimants, that created the particular, concrete dispute that the complaints were intended to help resolve.

7. In light of the termination of the 2019 RSA, and the Oversight Board's decision to proceed with its own litigation challenging the Bondholders' liens and claims, many of the claims in the Current Expense Complaints are now likely constitutionally moot, unripe, or present other jurisdictional or prudential obstacles to their adjudication. There is now no pending settlement or plan that purports to address or resolve priority issues. As such, it is unclear, at best, whether the Court has subject matter jurisdiction over the Current Expense Complaints. In addition, many of the factual allegations in the Current Expense Complaints, which are centered around the 2019 RSA, are now wholly irrelevant. None of those jurisdictional issues has been briefed or addressed by the parties. And, with the mediation ending just three days ago, the Fuel Line Lenders (and presumably SREAEE) have not had the opportunity to consider whether they wish to amend, dismiss without prejudice, or seek other relief. Moreover, as the Current Expense Complaint filed by SREAEE is substantially similar to the FLL Complaint, those parties need the opportunity to discuss the Current Expense Complaints with each other. SREAEE's counsel has informed Fuel Line Lenders' counsel that they cannot do so at this time because the impending hurricane has made communication with their clients impossible.

8. Reviewing the claims in the Current Expense Complaints shows why the Oversight Board's proposal does not cohere. With respect to the FLL Complaint:

- The first claim for relief, which seeks declaratory relief, is predicated on the existence of an actual and justiciable controversy with respect to the 2019 RSA. *See* Am. Compl. ¶ 68 [Case No. 19-396; Dkt. No. 36].

- The second and third claims for relief assert challenges to the Bondholders' liens and claims that overlap significantly with those the Oversight Board is now seeking to litigate. Those counts only rely on Current Expense priority as an alternative basis for relief in the event that the principal grounds (the same as those asserted by the Oversight Board) are unsuccessful. *See id.* ¶¶ 72-73, 79. Notably, the Oversight Board's principal argument in favor of dismissal of the FLL Adversary Proceeding was that the Fuel Line Lenders lacked standing to assert such objections, predicated in large part on the Oversight Board's proposal to resolve the Bond claims through the 9019 Motion. *See* Mot. to Dismiss ¶¶ 37-40 [Case No. 19-396; Dkt. No. 54]. Now that the Oversight Board is seeking to pursue those claims directly and the 2019 RSA has been terminated, the issue of whether the Fuel Line Lenders have independent standing is moot as a practical matter, or as a prudential matter is unnecessary to decide given the parallel litigation.

- The fourth claim for relief, which seeks a finding that the claim of the Bond trustee is subordinated to the Fuel Lines, is in the nature of declaratory relief, and is likely unripe given the termination of the 2019 RSA. *See* Am. Compl. ¶¶ 84-86.

- The fifth claim for relief asserts that the Bond trustee and Bondholders will be unjustly enriched by the treatment of their claims contemplated by the 2019 RSA. *See id.* ¶ 92. This claim is now moot by virtue of the termination of the 2019 RSA and the lack of any plan on file seeking to pay those claims.

- The sixth claim for relief, which alleges breach of contract and seeks specific performance related to various pre-bankruptcy forbearance agreements, principally concerns statements made by the Government Parties and the Bondholders in connection with the 2019 RSA litigation, which litigation is now terminated. *See id.* ¶¶ 96-100. It is therefore likely moot as a practical matter.

- The seventh claim for relief alleges that the 2019 RSA is a contract in prejudice of third persons. *See id.* ¶¶ 105-08. Because the 2019 RSA has been terminated, this claim is moot.

9. Again, no parties have yet had to the opportunity to raise or brief these issues in light of the 2019 RSA's termination. For that reason alone, proceeding to decide the pending motions to dismiss on papers filed in 2019, despite significant new jurisdictional issues that have arisen since then, is not a sensible approach.

10. Beyond jurisdictional issues, the illogic of the Oversight Board's position is evident considering its current position that the Bondholders do not have valid liens or allowable claims. In the Motion, the Oversight Board states that "[r]esolving the allowability of the Bondholders' secured and unsecured claims is essential to informing the parties and the Court as to virtually every potential remaining dispute in the case." Mot. ¶ 35. This statement unquestionably applies to the Current Expense Complaints. The issue of whether these claims are Current Expenses with priority over the Bonds will *only* arise in the event that the Bondholders' claims and liens are sustained. As such, resolution of the pending motions with respect to the Current Expense Complaints prior to resolution of the bond litigation would require the Court to render an advisory opinion, which it obviously should not and cannot do.

\* \* \*

11. As indicated by the foregoing, the issues relating to the pending litigation are complicated, and there was no need for the Oversight Board to seek emergency relief relating to the Current Expense Adversary Proceedings without consulting with the plaintiffs in those proceedings, including about the issues referenced above.

12. The parties to the Current Expense Adversary Proceedings need some reasonable period of time to determine how and whether to move forward with those proceedings in light of the fundamentally changed circumstances now presented. The options available include amendment of the Current Expense Complaints, withdrawal of claims without prejudice, or withdrawal of the claims and seeking to intervene in the Oversight Board's adversary proceeding (where an amended complaint has not been filed yet). To the extent the existing pleadings in the Current Expense Adversary Proceedings remain pending, further submissions will likely be necessary in light of the issues discussed above.

13. The Fuel Line Lenders therefore respectfully request that, instead of granting the relief sought by the Oversight Board with respect to the Current Expense Adversary Proceedings, the Court set a deadline for the plaintiffs in those proceedings to file informative motions stating their positions regarding the appropriate next steps in those cases, including potential amendment or dismissal without prejudice. The deadline should be set for a reasonable period (two weeks) after the Oversight Board files its amended complaint, so that the Fuel Line Lenders and SREAEE can assess whether the amended complaint moots or otherwise covers relief they have separately sought. In addition, the schedule for the Lien Challenge Complaint should include a date (two weeks or more after the amended complaint is filed) for the filing of any motions to intervene, so that parties such as the Fuel Line Lenders can consider intervention, if appropriate, as an efficient substitute for a separate lawsuit.

14. As the Oversight Board conceded in a prior submission, its mediation efforts focused almost exclusively on the Bondholders (*see* Dkt. No. 2943), to the great frustration and disappointment of other parties in interest, including the Fuel Line Lenders. Nonetheless, the Fuel Line Lenders remain willing and ready to engage with the Oversight Board and other parties in interest concerning a resolution of these cases.

## **CONCLUSION**

For the reasons stated above, the relief sought vis-à-vis the Current Expense Adversary Proceedings should be denied. Instead: (1) The Court should set a deadline (after the filing of the Oversight Board's amended complaint in the Lien Challenge proceeding) for plaintiffs in those proceedings to file informative motions stating their positions regarding the appropriate next steps in those cases; and (2) in the schedule for the Lien Challenge Complaint, the Court should include a date (after the amended complaint is filed) for the filing of any motions to intervene.

Dated: September 19, 2022

Respectfully submitted,

 /s/ *Nayuan Zouairabani* 
Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5604
Facsimile: (787) 759-9225
Email: nzt@mcvpr.com

 /s/ *Amy R. Wolf* 
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
          arwolf@wlrk.com
          eakleinhaus@wlrk.com
          akherring@wlrk.com
          mhcassel@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

 /s/ *Nicholas Baker* 
Bryce L. Friedman (admitted *pro hac vice*)
Nicholas Baker (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: nbaker@stblaw.com

*Attorneys for Plaintiffs in Adv. Proc. No. 19-396*