UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
     as representative of                           :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,            :   (Jointly Administered)
                                                    :
     Debtors.¹                                      :
------------------------------------------------------------------------ x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
     as representative of                           :   Case No. 17-BK-4780 (LTS)
                                                    :
PUERTO RICO ELECTRIC POWER AUTHOIRTY,               :
                                                    :
     Debtor.                                        :
------------------------------------------------------------------------ x
```

**LIMITED RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER (I) ESTABLISHING SCHEDULE TO CONTINUE NEGOTIATIONS DURING LITIGATION OF GATING ISSUES PURSUANT TO LITIGATION SCHEDULE AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[1] respectfully submits this limited response (the "Response") with respect to the *Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief* [Docket No. 22269] (the "Scheduling Motion").[2] In support of this Response, the Committee respectfully states as follows:

**RESPONSE**

1. The Committee is generally supportive of the Oversight Board's proposed sequencing of the forthcoming litigation in the PREPA case. As the Committee previously explained in its limited objections to the mediation extension requests, the Committee believes that litigation should first address the scope of the PREPA bondholders' legal entitlements and, in particular, the threshold issues (the "Threshold Issues") as to (1) whether the PREPA bondholders' security interest is limited to funds actually deposited into specified accounts held by the PREPA bond trustee (in the amount of approximately $8.8 million as of PREPA's petition date), and (2) whether the PREPA bonds are non-recourse obligations such that, in accordance with section 927 of the Bankruptcy Code, the PREPA bondholders have no claim against, and are not entitled to distributions from, PREPA for any difference between the face amount of the bonds and the funds on deposit in the specified accounts. The Oversight Board's Lien Challenge

---

[1] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Scheduling Motion.

Complaint already addresses the first Threshold Issue, and, according to the Oversight Board, the Lien Challenge Complaint will be amended to cover the second one as well.[3]

A. **Committee Agrees that Threshold Issues Should Be Resolved First**

2. The Committee agrees with the Oversight Board that the Threshold Issues should be resolved first and that other issues, such as (i) a potential motion by the PREPA bondholders to dismiss PREPA's Title III case, (ii) the Renewed Receiver Motion (and any amended stay relief motion to pursue remedies under the Trust Agreement), and (iii) the maximum amount of debt that is sustainable, should be deferred until after the Threshold Issues have been resolved. As the Oversight Board correctly notes, resolution of the Threshold Issues—*i.e.*, the scope of the PREPA bondholders' claims and security interest—is essential to informing the parties and the Court as to these other issues.

3. First, without a determination of the scope of the PREPA bondholders' claims and security interest, it is premature at this stage to consider a motion to dismiss PREPA's Title III case. As a practical matter, would the Court ever consider dismissing PREPA's Title III case—a case involving billions of dollars of non-bond claims—at the request of a creditor group holding only $8.8 million in claims? To ask the question is to answer it. In addition, in the Path Forward Order, the Court already laid out the Oversight Board's two alternative paths in the event it decided not to move forward with a plan of adjustment at this time: (a) proposing a schedule for litigation of significant disputed issues in PREPA's Title III case (including the Committee's objection to the PREPA bond claims [Docket No. 9060] (the "Committee Objection")) or (b) filing a declaration and memorandum of law showing cause as to why the Court should not

---

[3] Scheduling Motion ¶ 8 ("The amended complaint will raise the issue of whether the Bondholders' non-recourse claim, payable solely from special revenues, yields any allowable unsecured deficiency claim pursuant to Bankruptcy Code section 927.").

2

consider dismissal of PREPA's Title III case.[4] The Oversight Board has made its choice, namely to proceed with litigation, which is clearly preferable to dismissal of this Title III case (including because, among other things, dismissal would eliminate the Oversight Board's ability to discharge PREPA's debts, which discharge is a prerequisite for PREPA to issue any new debt in the future).

4. Moreover, proceeding with a motion to dismiss the Title III case will only delay (and possibly altogether avoid) a judicial determination of the PREPA bondholders' allowed claims and the extent of their security interest and/or move that determination to courts not familiar with PROMESA or the process for allowing claims—a result that would not be optimal, but a result that the bondholders appear to prefer.

5. Furthermore, the Committee, on behalf of PREPA's general unsecured creditors, has been advocating for years to move this case forward by asking the Court to adjudicate the Threshold Issues. The fact that the Oversight Board and the bondholders instead opted for a multi-year settlement/mediation process that ultimately failed to produce results is not the fault of the Committee or its constituents. Unsecured creditors should not be prejudiced by a request to dismiss PREPA's Title III case when the Committee has been doing everything in its power to advance this Title III case.

6. <u>Second</u>, whether the PREPA bondholders are entitled to relief from the automatic stay (whether to appoint a receiver or to seek other remedies under the Trust Agreement) turns on the extent of the PREPA bondholders' security interest and whether their (limited) collateral is adequately protected. In fact, the First Circuit explicitly held (in remanding the appeal of the Initial Receiver Motion) that a determination as to whether the PREPA bondholders were

---

[4] Path Forward Order at 13.

entitled to adequate protection requires "some assessment of the pre-petition value of the bondholders' collateral (if any exists)." *In re Fin. Oversight & Mgmt. Bd.*, 899 F.3d 13, 23 (1st Cir. 2018). In short, absent resolution of the extent of the PREPA bondholders' security interest, it is premature to consider any motion for relief from the automatic stay.

7. Third, it makes little sense to expend resources on determining what amount of debt is sustainable for PREPA without first resolving the nature and extent of the PREPA bond claims.

**B. Committee and Oversight Board Are in Discussions as to Committee's Participation Rights in Forthcoming Litigation**

8. In addition, as indicated by the Oversight Board in its Scheduling Motion, the Committee and the Oversight Board are, at this time, in ongoing discussions regarding the scope of the Committee's participation rights in the forthcoming litigation (whether such litigation includes the Committee Objection or not). The Committee intends to update the Court and address this issue further at the September 21, 2022 hearing. However, directionally, the Committee believes that in light of the history of this Title III case (with which the Court is already intimately familiar) it would be inappropriate to limit the Committee's participation rights to the type of limited intervention it was previously granted in other adversary proceedings in these Title III cases. Instead, the Committee should be given a meaningful and central role in the forthcoming litigation (obviously, in close coordination with the Oversight Board and with appropriate safeguards, given the Oversight Board's all-encompassing role in PREPA's Title III case). The Committee reserves all its rights in this regard.

**C. Committee Requests that Certain Ministerial Changes Be Made to Proposed Order**

9. In accordance with the foregoing, the Committee requests a few ministerial changes to the Proposed Order. First, it should be made clear that the amended Lien Challenge

4

Complaint to be filed by the Oversight Board will raise the non-recourse issue, *i.e.*, whether the PREPA bonds are non-recourse obligations such that, in accordance with section 927 of the Bankruptcy Code, the PREPA bondholders have no claim against, and are not entitled to distributions from, PREPA for any difference between the face amount of the bonds and the funds on deposit in the specified accounts. Second, and unless the ongoing discussions regarding the Committee's participation rights are successfully resolved with the Oversight Board before the hearing on the Scheduling Motion, the order should provide that the Oversight Board and the Committee shall meet and confer to discuss the extent of the Committee's participation rights in the forthcoming litigation and that all parties' rights in this regard are reserved. Given the expedited nature of the Oversight Board's proposed litigation schedule, the Proposed Order should also provide that, to the extent there is a dispute regarding the Committee's participation rights, the parties may move, on an expedited basis, to have such dispute resolved by the Court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court grant the Committee relief consistent with the foregoing.

Dated: September 19, 2022

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*