# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, | PROMESA<br>Title III<br><br>Adv. Pro. No. 19-391 (LTS) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  |  |
|---|---|
| And<br><br>THE PUERTO TICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>    As Section 926 co-trustee of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee<br><br>    Defendant |  |
| CORTLAND CAPITAL MARKET SERVICES LLC, *et al.,*<br><br>    Plaintiffs<br><br>    v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *et al.*,<br><br>    Defendants | PROMESA<br>Title III<br><br>Adv. Proc. No. 19-396 (LTS) |
| SISTEMA DE RETIRO DE LOS EMPLEADOS DE LA<br>AUTORIDAD DE ENERGIA ELECTRICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *et al.*,<br><br>    Defendants | PROMESA<br>Title III<br><br>Adv. Pro. No. 19-405 (LTS) |

2

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Movant. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**RESPONSE OF THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY TO URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER (I) ESTABLISHING THE SCHEDULE TO CONTINUE NEGOTIATIONS DURING LITIGATION OF GATING ISSUES PURSUANT TO LITIGATION SCHEDULE, AND (II) GRANTING RELATED RELIEF**

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")[2] through the undersigned counsel, hereby states and prays as follows:

1. AAFAF supports continuing to seek a consensual resolution to PREPA's Title III case, but that resolution must be sustainable and affordable for PREPA and the people of Puerto Rico. The long term viability of Puerto Rico's electric system, and the need for any restructuring to be sustainable long term, cannot be understated. This is most recently evidenced by the disruption of the entire Puerto Rico transition and distribution system as a result of Hurricane Fiona, which continues to batter the Island.

2. Despite the Mediation Team's efforts, an agreement has not been reached. Now that mediation has terminated, AAFAF agrees with the Oversight Board that the right path forward is expedited litigation to determine what rights the bondholders have under their agreements and

---

[2] Unless otherwise specified, defined terms have the same meaning as in the *Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiation During Litigation of Gating Issues Pursuant to Litigation Schedule; and (II) Granting Related Relief* [Case No. 17-04780-LTS, ECF No. 2956]. All citations to docket numbers refer to filings in Case No. 17-04780-LTS unless otherwise stated.

Title III of PROMESA. The Lien Challenge Complaint and the Current Expense Complaints—the disputes over the validity and priority of bondholder claims—should be addressed first. As the Committee's statement [ECF No. 2960] highlights, there are incredibly important legal issues at stake in this case with massive public policy implications. AAFAF intends to participate in this litigation actively alongside the Oversight Board and the Committee.

3. Litigating any bondholder motion to lift the automatic stay before resolving disputed issues regarding the nature and scope of the bondholder's legal rights would result in duplicative and wasteful litigation. If the bondholders seek stay relief, whether for lack of adequate protection or under the *Sonnax* factors, any such motion can and should be summarily denied because there is a significant dispute over the validity of the bondholders' liens. *In re Rice*, 82 B.R. 623, 626 (Bankr. S.D. Ga. 1987) (concluding issues to be litigated under § 362, including adequate protection, should not be addressed where the court is "presented with evidence . . . that strongly supports an inference that the lien might be held in invalid").

4. The revenue bond litigation in the Commonwealth and HTA's Title III cases illustrate that it would be improper to adjudicate a lift stay motion ahead of the Lien Challenge Complaint. Resolving the lift stay motion in the revenue bond litigation through appeal took more than a year and did not result in a final determination of the bondholders' rights. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 989 F. 3d 170, 176 (1st Cir. 2021) (the "Revenue Bond Appeal") (noting motions filed in January 2020; affirmance of denials issued March 2021). The First Circuit affirmed this Court's denials of the revenue bond lift stay motions under the *Sonnax* factors on the ground that "lifting the stay would 'interfere with the bankruptcy case' and would not serve 'the interest of judicial economy and the expeditious and economical resolution of litigation" because the Title III court was poised to make a final decision on the merits of the litigation. *Id*. at 179.

4

Specifically, the First Circuit affirmed that stay relief was inappropriate because "the Title III court will eventually decide on a final basis whether [bondholders' monoline insurers] have a property interest in the Revenue Bond Adversary Proceedings." *Id.* at 182. Here, too, the Title III court will need to confront and decide, on a final basis, the substantive claim and lien issues the Oversight Board and the Committee have raised in their statements. Addressing these issues on a preliminary basis in the context of a lift stay motion would be a wasteful detour; only determining parties' rights conclusively will bring this case to an end.

5. Thus, while bondholders may claim they have a right to a hearing on stay relief on a specific timeframe under section 362(e) of the Bankruptcy Code, the First Circuit's decision in the Revenue Bond Appeal makes clear that, on the facts here, compelling circumstances exist under Bankruptcy Code section 362(e) to prioritize the definitive resolution of threshold legal disputes concerning the scope and validity of the bondholder claims over any claims for stay relief bondholders may seek to prosecute. *See Fin. Oversight & Mgmt. Bd. for P.R.*, 989 F. 3d at 179, 182 (holding there was no abuse of discretion by the Title III court in refusing to lift the stay in the interest of judicial economy, where the Title III court would eventually decide whether creditors had a property interest over certain government property); *see also In re Fin. Oversight and Mgt. Bd. for Puerto Rico*, 485 F. Supp. 3d 345, 350 (D.P.R. 2020) (concluding that, given the complexity of the disputed issues relative to the movants' alleged property rights,[3] compelling circumstances exist under section 362(e) to maintain the stay pending resolution of the CCDA revenue bond proceeding).

6. Separately, AAFAF largely agrees with the litigation schedule the Oversight Board has proposed with respect to the Lien Challenge Complaint, and shares the Oversight Board's goal

---

[3] Here, the disputed issues regarding the scope of the PREPA bondholders' claims and security interest are solely legal in nature.

5

of reaching a resolution on gating lien and claim issues quickly. However, the Oversight Board's litigation schedule would require PREPA and AAFAF to finish producing documents in response to discovery requests within two weeks of receipt. AAFAF knows from experience that the burden of discovery from the debtors falls largely on AAFAF. Creditors have routinely sought expansive and overly broad discovery, which has typically required judicial resolution of multiple discovery disputes and multiple requests to extend various litigation schedules to provide sufficient time to complete whatever discovery the Court ultimately finds appropriate. While AAFAF will address any discovery in an efficient, expeditious manner, given past experience, setting a two-week document production deadline without knowing the scope of discovery is unreasonable.

7. AAFAF requests that the deadline to complete document production directed to it, PREPA, or any other governmental entity (or any of their current or former advisors, collectively the "Government Parties") be set by a separate order to be issued in response to the joint status report raising discovery disputes, which the Oversight Board has proposed be filed January 27, 2023 (three weeks after receipt of initial document requests). AAFAF will endeavor to make an initial document production (if necessary) within 14 days of service of document requests, while reserving its rights regarding the assertion of objections as appropriate.

8. Lastly, AAFAF reviewed the Court's *Order Concerning Possible Impact of Tropical Storm Fiona on Currently Scheduled Proceedings and Urgent Joint Motion to Hold in Abeyance Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief and Reservation of Rights* [ECF No. 2962]. On behalf of the Government and people of Puerto Rico, AAFAF expresses its gratitude for the Court's care and attention to the state of emergency in Puerto Rico and Hurricane Fiona's impact.

AAFAF will update the Court on hurricane-related developments in the status report AAFAF will file in advance of this week's omnibus hearing.

**WHEREFORE**, AAFAF respectfully requests that the Court enter the litigation schedule the Oversight Board proposed, with the exception that it strike the January 20, 2023 deadline for the Government Parties to complete their document production.

[*Remainder of this page intentionally left blank.*]

Dated: September 19, 2022
San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ Maria J. DiConza* | */s/ Luis C. Marini Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Maria J. DiConza | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | 250 Ponce de León Ave., Suite 900 |
| 7 Times Square | San Juan, Puerto Rico 00918 |
| New York, NY 10036 | Telephone: (787) 705-2171 |
| Telephone: (212) 326-2000 | Facsimile: (787) 936-7494 |
| Facsimile: (212) 326-2061 | |
| Email: jrapisardi@omm.com | *Attorneys for the Puerto Rico Fiscal Agency* |
|       mdiconza@omm.com | *and Financial Advisory Authority* |

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

-and-

Elizabeth L. McKeen
Ashley M. Pavel
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com
      apavel@omm.com

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*