UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO <u>et al.</u>,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

## **MEDIATION TEAM'S NOTICE AND REPORT**

To the Honorable United States District Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

PLEASE TAKE NOTICE that, on April 8, 2022, the Court entered an order (the "Appointment Order")[2] appointing a Mediation Team comprising the Honorable Shelley C. Chapman as lead mediator, the Honorable Robert D. Drain, and the Honorable Brendan L. Shannon (collectively, the "Mediation Team") to facilitate confidential negotiations among the Mediation Parties (and any other Mediation Party added in the Mediation Team's discretion) regarding the Mediation Topics (the "Mediation"). On the same date, the Court entered its Order Establishing the Terms and Conditions of Mediation (the "Terms and Conditions Order").

PLEASE TAKE FURTHER NOTICE that Paragraph 3 of the Terms and Conditions Order provides, in pertinent part, that "[u]nless, in the determination of the Mediation Team, a resolution has been reached in the Mediation before such time, the Mediation shall terminate on June 1, 2022 at 11:59 p.m. (Atlantic Standard Time) (the "Termination Date"); provided, that the Mediation Team may extend the Termination Date based on its assessment of the material progress of the Mediation but in no event shall extend the Termination Date beyond July 1, 2022 at 11:59 p.m. (Atlantic Standard Time) without this Court's approval after notice of such proposed extension to parties in interest; provided, further that the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting terms."

PLEASE TAKE FURTHER NOTICE that on May 26, 2022, the Mediation Team filed a Notice of Extension of Termination Date of Mediation extending the Termination Date to July 1, 2022.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Appointment Order.

PLEASE TAKE FURTHER NOTICE that the Mediation Team filed a request to further extend the Termination Date, and after Notice to parties in interest, the Court entered an Order dated June 29, 2022, extending the Termination Date to August 1, 2022.

PLEASE TAKE FURTHER NOTICE that the Mediation Team filed a request for a third extension of the Termination Date, and after Notice to parties in interest, on July 29, 2022, the Court entered the Order Granting the (A) Mediation Team's Notice and Request for Approval of Third Extension of Termination Date of Mediation and (B) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline (the "July 29 Extension Order"). [3]

PLEASE TAKE FURTHER NOTICE that the July 29 Extension Order granted the Mediation Team's request to extend the Termination Date to August 15, 2022, "subject to an automatic extension or extensions through and including September 9, 2022 at the Mediation Team's discretion based on its assessment of the material progress of the mediation process, after notice of such extension to parties in interest and without further Court approval, when and if the Mediation Team files a notice of such extension with the Court (the "Extension Notice")."[4]

PLEASE TAKE FURTHER NOTICE that, in the July 29 Extension Order, the Court granted the Oversight Board's request to extend the Path Forward Deadline to August 15, 2022, and provided further that, "[u]pon the filing of an Extension Notice, the Path Forward Deadline will, without further Court approval, automatically be extended to the concurrent extended Termination Deadline."[5]

---

[3] Case No. 17-03283, Docket No. 21672; Case No. 17-04780, Docket No. 2911.
[4] July 29 Extension Order, ¶ 3.
[5] July 29 Extension Order, ¶ 4.

PLEASE TAKE FURTHER NOTICE that on August 15, 2022, the Mediation Team filed the Notice of Extension of the Mediation Termination Date and Related Deadlines to September 9, 2022.

PLEASE TAKE FURTHER NOTICE that, on September 8, 2022, the Court entered the Order Granting the (A) Mediation Team's Notice and Request for Approval of Fourth Extension of the Mediation Termination Date and (B) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline (the "September 8 Extension Order").[6] In the September 8 Extension Order, the Court granted the Mediation Team's request to extend the Termination Date to September 16, 2022, "subject to an automatic extension or extensions through and including September 30, 2022 at the Mediation Team's discretion based on its assessment of the material progress of the mediation process, after notice of such extension to parties in interest and without further Court approval, when and if the Mediation Team files a notice of such extension with the Court (the "Extension Notice")."[7] In the September 8 Extension Order, the Court granted the Oversight Board's request to extend the Path Forward Deadline to September 16, 2022, and stated that, "[u]pon the filing of an Extension Notice, the Path Forward Deadline will, without further Court approval, automatically be extended to the concurrent extended Termination Deadline."[8]

PLEASE TAKE FURTHER NOTICE that, on September 16, 2022, the Mediation Team did not exercise its discretion to extend the Termination Date through the filing of an Extension Notice. Accordingly, the Mediation has terminated.

---

[6] Case No. 17-03283, Docket No. 22096; Case No. 17-04780, Docket No. 2949.
[7] September 8 Extension Order, ¶ 3.
[8] September 8 Extension Order, ¶ 4.

4

PLEASE TAKE FURTHER NOTICE that, paragraph 15 of the Mediation Terms and Conditions Order provides that

> Promptly following the Termination Date, the Mediation Team shall file a notice with the Court setting forth the following: (a) that the Mediation Team has conducted the Mediation, the duration of the Mediation, the approximate amount of time spent by the Mediation Team in the Mediation, (b) the names of the participants in the Mediation, (c) whether the participants in the Mediation acted in good faith, and (d) whether and to what extent the Mediation was successful. The Court considers a Mediation Party's refusal to attend, through its conclusion, a Mediation session requested by the Mediator through an authorized decision-maker to be an act that is not in good faith.

## STATEMENT OF MEDIATION TEAM

1. The Mediation Team respectfully submits this Notice and Report in accordance with paragraph 15 of the Terms and Conditions Order. Pursuant to paragraph 15(d) of the Terms and Conditions Order, the Mediation Team states as follows: Throughout the approximately five months of the Mediation and in connection with each extension request submitted by the Mediation Team, the Mediators believed that substantial progress was being made towards achieving consensus among certain of the Mediation Parties. As the Court is aware, the Mediators pursued a staged approach to the negotiations and, accordingly, the primary focus of the Mediators' efforts was achieving conceptual and economic agreement between the Oversight Board,[9] on the one hand, and (i) the Ad Hoc Group and (ii) National, Sycora, and Assured (collectively, the "Monolines"), on the other hand.

2. Despite hundreds of hours of discussions between and among the parties and their advisors, the Mediation was not successful. The Mediators believe that there arose infirmities in the process that set up unnecessary and substantially insurmountable roadblocks to making further progress. The Mediators also believe that, but for those roadblocks and the

---

[9] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Appointment Order.

5

misunderstandings they fostered, the parties with whom the Mediators have principally engaged during these past five months may well have been able to achieve consensus. The Mediation Team regrets that it was unable to achieve success but, having become more intimately familiar with the challenges PREPA faces; the goals of the Oversight Board and the goals of the creditors; and the merits of the impending litigation, the Mediation Team remains convinced that settlement is within reach and is far preferable to the months of litigation that loom. The litigation path is a perilous one; it invites hardship, expense, and continuing uncertainty. Indeed, in addition to the lien challenge issues being pursued by the Oversight Board and the Official Committee of Unsecured Creditors, various additional issues informing plan feasibility and the best interests test as well as the possible dismissal of the case and/or the appointment of a receiver have permeated the Mediation and may warrant expedited consideration by this Court were the litigation stay to be lifted.

3. The Mediation Team urges the Court to enable the Mediation Team, with the support of Moelis, to continue to assist the Mediation Parties in efforts to achieve a global consensus and to do so before the end of the calendar year. We understand that the Mediation Team's request to continue its involvement is supported by the Oversight Board, the Ad Hoc Group, and the Monolines. The Mediation Team respectfully requests that the Terms and Conditions Order be revised to (i) authorize the Mediation Team, with the continued support of Moelis, to continue to engage in such discussions and negotiations as are necessary and appropriate to move the Mediation Parties towards consensus; (ii) require that the Mediation Team file interim reports making recommendations to the Court as to whether pending litigation should be paused to enable negotiations to proceed; and (iii) require that the Mediation Parties (a) exhibit greater transparency regarding their economic analyses and projections and (b)

engage in enhanced dialogue about such analyses and projections. In addition, as and when such discussions and negotiations bear fruit and proposals are formally exchanged, the Mediation Team shall make application to the Court for any additional revisions to the Order that circumstances require. The Mediation Team is of course available to answer the Court's questions.

4. Pursuant to paragraph 15(b) of the Mediation Terms and Conditions Order, annexed hereto as Exhibit A is a list of the Mediation Parties who participated in the in-person mediation session held on September 13, 2022. Annexed hereto as Exhibit B is a list of other Mediation Parties who have participated in the Mediation but who did not attend the in-person mediation session.

Dated: September 19, 2022

/s/ Shelley C. Chapman
SHELLEY C. CHAPMAN
United States Bankruptcy Judge

/s/ Brendan L. Shannon
BRENDAN L. SHANNON
United States Bankruptcy Judge

/s/ Robert D. Drain
ROBERT D. DRAIN
United States Bankruptcy Judge