**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtors. | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | Case No. 17-BK-4780-LTS<br><br>**This Court Filing Relates Only to PREPA and Shall be Filed in Case No. 17-BK-4780-LTS and Main Docket 17-BK-3283-LTS** |

**[ALTERNATIVE PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ENFORCE RIGHT TO A RECEIVER**

Upon consideration of the September 19, 2022 Motion of the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corp., and Syncora Guarantee, Inc. to Dismiss PREPA's Title III Case, or for Relief from the Automatic Stay to Enforce Their Right to a Receiver ("Motion"); and the Court having jurisdiction over this matter under 28 U.S.C. § 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. § 2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and Opposition thereto and having heard the statements of counsel at the hearing held

before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that to the extent the Motion seeks dismissal pursuant to section 930(a)(1) and (2) of the Bankruptcy Code, made applicable to this proceeding under section 301(a) of PROMESA, 48 U.S.C. 2161(a), the Motion is denied without prejudice; and it is further

**ORDERED** that to the extent the Motion seeks relief from the automatic stay arising under section 362(a) of the Bankruptcy Code, made applicable to this proceeding under section 301(a) of PROMESA, the Motion is granted; and it is further

**ORDERED** that the automatic stay is vacated to permit the movants to (i) file a complaint in a court of competent jurisdiction seeking appointment of a receiver pursuant to movants' rights under section 17(a) of the Enabling Act, 22 L.P.R. 207(a), and section 804 of the Trust Agreement attached as Exhibit 17 to the Motion, (ii) if the Movants prevail, to allow the court of competent jurisdiction to appoint a receiver, and (iii) if the receiver is appointed, to allow the receiver to exercise its powers and take all actions permitted under the Enabling Act and the Trust Agreement, under the supervision of the court of competent jurisdiction, including but not limited to, setting rates, seeking approval from the Puerto Rico Energy Bureau ("PREB") if necessary, and challenging any action or decision by PREB, debtors, or the Government Parties to interfere with or prevent the receiver from implementing the rates it seeks to set; and it is further

**ORDERED** that this Order is without prejudice to the Movants' right to seek other or further relief from the automatic stay; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the relief granted herein; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Dated: _____

_____
Honorable Laura Taylor Swain
United States District Judge