IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03566-LTS |
| THE EMPLOYMENT RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), | |
| Debtor. | |

**BRIEF SUR REPLY TO:**

**"UBS FINANCIAL SERVICES OF PUERTO RICO'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO ENFORCE THE PLAN OF ADJUSTMENT AND FOR RELATED INJUNCTIVE RELIEF" AT DOCKET NO. 22274**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

**TO THE HONORABLE COURT:**

Individual Plaintiffs, Pedro José Nazario Serrano; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez and Luis M. Jordán Rivera, all of them Retirees/Beneficiaries of the ERS and Plaintiffs in a claim for damages described below that is currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court"), without submitting to the jurisdiction of this Court, very respectfully STATE and PRAY as follows:

1. On September 17, 2022, UBS Financial Services Incorporated of Puerto Rico ("UBS") submitted its "Reply in Further Support of its Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief" ("Reply") at Docket No. 22274. Once again, UBS is asking the Court to "enforce the Plan and to enjoin the Commonwealth Action because the existence of that action places UBS at risk of a double recovery and effectively destroys the Trustee's ability to settle the claims against UBS". Reply, ¶1.

2. Evidently, UBS prefers to litigate the Underwriter Adversary Action instead of the case before the Commonwealth Court. In fact UBS has done everything possible to postpone the prompt adjudication of the case in the Commonwealth Court. UBS believes that it has an excellent opportunity to prevail in the Underwriter Adversary Action filed by the Trustee in its claim for rescission of the Purchase Contracts and for disgorgement of fees and commissions.

3. Conversely, in the Commonwealth Court proceedings, the Plaintiffs will easily convince the Commonwealth Court that, prior to the execution of the Subscription Agreements and the issuance of the Bonds, UBS incurred in a tortious breach of its fiduciary duties, that caused significant injuries to thousands of beneficiaries of the ERS, such as the Plaintiffs in the Commonwealth Action. To deny the Plaintiffs the opportunity to rightfully

litigate their claims in the Commonwealth Action will deprive them of their right to due process of both the Constitution of the United States and of the Commonwealth of Puerto Rico.

4. UBS is attempting to induce this Court into error by arguing that only one of the cases can go forward. UBS's argument is substantially flawed.

5. A party, such as UBS, can incur in a tort which causes injuries to a plaintiff or group of plaintiffs and separately incur in breach of a contract in another case and with respect to some other party or entity. Contrary to UBS arguments before this Honorable Court the complaints in both cases are not incompatible and the remedies are clearly distinguishable.

6. For these reasons, it is hereby respectfully submitted that UBS should not be allowed to select the forum in which it prefers to be a party.

7. There is no law or precedent that holds that both cases cannot be tried simultaneously, especially as in this case, where they involve different parties and have been filed in separate jurisdictions. Granting UBS' petition will be a gross injustice to the Plaintiffs and would allow UBS to act with impunity in the future.

8. On the other hand, by claiming duplication of damages, UBS is going against the legal provision in Article 517 of Act No. 53-2021, which clearly states that the claims in the Commonwealth Action cannot be mitigated by the Plan. Said Article 517 of the Act No. 53-2021 unequivocally provides that the "**Adjustment Plan transactions cannot be used to mitigate causes of action under Act No. 3-2013, as amended**." (Emphasis added.) Said clause was included by the Puerto Rico Legislature to safeguard and exclude from the Plan of Adjustment cases such as the ERS Commonwealth Action.

-3-

9. Lastly, it should be considered that pursuant to Section 40 of the Act No. 3-2013, the ERS Plaintiffs have a direct action against UBS:

> Section 40.- Cause for action is hereby recognized to the participants and pensioners of the Employees Retirement System of the Government of Puerto Rico and the Judiciary to sue, **pro se**, nongovernment investment advisers and underwriters in any transaction in which pension obligation bonds have been issued by the Employees Retirement System of the Government of Puerto Rico and the Judiciary, for damages caused to the System or its beneficiaries. See, Exhibit 1, Translated Version of Act No. 3-2013. (Emphasis added.)

See, Exhibit 1 at Docket No. 22175, Translated Version of Act No. 3-2013. (Emphasis added.)

**THEREFORE**, the ERS Individual Plaintiffs respectfully request this Honorable Court to: **DENY** "*UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief*", at Docket No. 21651.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY:** That on this same date a true and exact copy of this motion was filed with the Clerk of Court using CM/ECF system, which will notify a copy to counsel of record.

In San Juan, Puerto Rico, this 19th day of September 2022.

**VICENTE & CUEBAS**
P.O. Box 11609
San Juan, PR 00910-1609
Phone No. (787) 751-8000
Fax No. (787) 756-5250

/s/Harold D. Vicente
**Harold D. Vicente, Esq.**
USDC-PR Bar No. 117711
hvicente@vclawpr.com

/s/Harold D. Vicente-Colón
**Harold D. Vicente-Colón, Esq.**
USDC-PR Bar No. 211805
hdvc@vclawpr.com

**PUJOL LAW OFFICES, PSC**
P.O. Box 363042
San Juan, PR 00936-3042
Phone No. (787) 724-0900
Fax No. (787) 724-1196

/s/Francisco Pujol Meneses
**Francisco Pujol Meneses, Esq**.
USDC-PR Bar No. 212706
fpujol@pujollawpr.com

**BUFETE ANDRÉU & SAGARDÍA**
261 Avenida Domenech
San Juan, Puerto Rico 009718
Phone No. (787) 754-1777/763-8044
Fax No. (787) 763-8045

/s/José A. Andréu Fuentes
**José A. Andréu Fuentes, Esq.**
USDC-PR Bar No. 204409
jaf@andreu-sagardia.com

*Counsel for Individual Plaintiffs, Beneficiaries of the Retirement System
of the Commonwealth of Puerto Rico*