**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

**INFORMATIVE MOTION AND NOTICE OF REQUEST
FOR DEMONSTRATIVE AT THE SEPTEMBER 21-22, 2022 OMNIBUS HEARING**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

The UBS Financial Services Inc. ("UBS"),[2] by and through its undersigned counsel, submit this informative motion in response to the Court's *Order Regarding Procedures for September 21–22, 2022, Omnibus Hearing* (Docket No. 22038, the "Order") setting forth guidelines for parties wishing to be heard at the September 21–22, 2022 omnibus hearing (the "Hearing").

1. Paragraph 6 of the Order requests that parties that "intend[] to rely on exhibits and/or demonstratives at the Hearing … shall file a separate informative motion[.}" Order at paragraph 6.

2. UBS, by prior informative motion (Docket No. 22223), seeks to appear and argue at the Hearing in connection with *UBS Financial Services Incorporated Of Puerto Rico's Motion To Enforce The Plan Of Adjustment And For Related Injunctive Relief* (Docket No. 21651) and *Motion to Stay Consideration of UBS Financial Services Incorporated Of Puerto Rico's Motion To Enforce The Plan Of Adjustment And For Related Injunctive Relief* (Docket No, 21808) and all related papers.

3. In addition to presenting argument, UBS will also seek to use a demonstrative to aid in its argument. The requested information from the Order with respect to this demonstrative is included in the required Exhibit, attached to this informative motion.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

---

[2] On July 14, 2021, UBS Financial Services Inc. ("UBS") and UBS Financial Services Incorporated of Puerto Rico entered into a Merger Agreement (the "Merger") pursuant to Section 253 of the Delaware General Corporation Law and Section 3733 of the General Corporations Act (2009) of Puerto Rico. As a result of the Merger, UBS Financial Services Incorporated of Puerto Rico merged into UBS and ceased to exist, with UBS being the surviving corporation. UBS recently filed a Motion to Substitute Party. (Dkt. 22222)

2

Respectfully Submitted:

In San Juan, Puerto Rico, this 19th day of September, 2022.

| OF COUNSEL: | McCONNELL VALDÉS LLC |
|---|---|
| | 270 Muñoz Rivera Ave. |
| SKADDEN, ARPS, SLATE, MEAGHER | Hato Rey, Puerto Rico 00918 |
| & FLOM LLP | Tel.: (787) 250-2631 |
| Paul J. Lockwood (*admitted pro hac vice*) | Fax: (787) 759-9225 |
| One Rodney Square | By: */s/ Roberto C. Quiñones-Rivera* |
| P.O. Box 636 | Roberto C. Quiñones-Rivera, Esq. |
| Wilmington, Delaware 19899 | USDC-PR Bar No. 211512 |
| Tel.: (302) 651-3000 | rcq@mcvpr.com |
| Fax: (302) 651-3001 | |
| | *Counsel for UBS Financial Services Inc.* |

# EXHIBIT B

# PARTY EXHIBIT COVER SHEET

| **Name of Party** | UBS FINANCIAL SERVICES INC. |
|---|---|
| **Relevant Agenda Matter** | TO COME |
| **Total Number of Exhibits Offered by UBS Financial Services Inc** | One |
| **Exhibit Identifier:** <br><br> **UBS Financial Services Inc Ex. 1** | **Description of Exhibit:** <br><br> **Demonstrative Slides in Support of Argument** |
| **I, Paul J. Lockwood, certify that I have attached each evidentiary document listed above as a separate exhibit to this cover sheet.** | |

4

918104-WILSR01A - MSW

# UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S

# MOTION TO ENFORCE THE PLAN OF ADJUSTMENT AND FOR

# RELATED INJUNCTIVE RELIEF

# The ERS Plaintiffs' Claims Were Transferred To The Trustee.

"On the Effective Date, the Debtors shall transfer all of the Avoidance Actions Trust Assets to the Avoidance Actions Trust."

Dkt. 19813-1, Plan of Adjustment § 78.3

"Avoidance Actions Trust Assets" includes "(c) such other actions that have been brought by or on behalf of the Debtors seeking affirmative recoveries, and which actions are set forth in the respective litigation lists on Exhibit 'B' hereto."

Dkt. 19813-1, Plan of Adjustment § 1.108

---

Case:17-03283-LTS    Doc#:19813-1    Filed:01/18/22    Entered:01/18/22 15:44:15    Desc: Exhibit A - Plan    Page 213 of 305

**EXHIBIT B**

**SCHEDULE OF AFFIRMATIVE RECOVERY ACTIONS**

Special Claims Committee v. Barclays Capital, et al., Adv. Proc. No. 19-00280-LTS, currently pending in the Title III Court

# The Trustee Has The Power To Decide What Claims Are Brought Or Not Brought Against UBS.

The Avoidance Actions Trustee has the "rights, powers and duties" to "hold the Avoidance Actions Trust Assets for the benefit of the Avoidance Actions Trust Beneficiaries" and "to investigate, prosecute, settle and/or abandon rights, Causes of Action, or litigation of the Avoidance Actions Trust."

Dkt. 19813-1, Plan of Adjustment § 78.6

Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates

# To the extent that the claims in the Commonwealth Action were not assigned to the Avoidance Actions Trustee, they were sold to the Commonwealth.

Section 2.4 of the Plan provides that:

"On the Effective Date, (a) the Commonwealth shall purchase, and ERS shall sell, assign, transfer and convey to the Commonwealth, all of ERS's right, title and interest in ERS's Assets, including, without limitation, such Assets subject to a valid and perfected lien or security interest for an aggregate purchase price equal to the sum of Three Hundred Seventy-Three Million Dollars ($373,000,000.00)…."

Dkt. 19813-1, Plan of Adjustment § 2.4

"Assets" is defined in the Plan to include: "all Causes of Action, and any subsequent proceeds thereof, that have been or may be commenced by the Debtors or other authorized representative for the benefit of the Debtors and its Creditors[.]"

Dkt. 19813-1, Plan of Adjustment § 1.83

# When The Plan Was Approved, The Underwriter Adversary Action And The Commonwealth Action Asserted The Same Claims Against UBS.

The Underwriter Adversary Action asserts that UBS entered contracts to underwrite the 2008 pension obligation bonds and that they breached those agreements.

- "The ERS Series A Bond Underwriters, through their representative, UBS, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico entered into a valid and binding agreement for the purchase of General Obligation Bonds, dated January 30, 2008 (the "ERS Series A Purchase Contract")." (Underwriter Adversary Action Compl. ¶ 511);

- "The ERS Series A Bond Underwriters breached the ERS Series A Purchase Contract." (Id ¶ 513);

- "As a result of the ERS Series A Bond Underwriters' breach of the ERS Series A Purchase Contract, the Commonwealth has suffered damages in an amount to be determined at trial." (Id ¶ 514);

- "Underwriters availed themselves of underwriting discounts and collected fees at Puerto Rico's expense by underwriting issuances that were not in Puerto Rico's best financial interest. The ERS Series B and C Bond Underwriters were unjustly enriched by at least $9,976,338 for their participation in the ERS Series B and C Bond issuances." (Id ¶ 538);

The Commonwealth Action asserts the same exact claims based on the very same underwriting contracts. The operative complaint in the Commonwealth Action provides (in translation):

- "UBS proposed to the System that it contract UBS itself as an underwriter to issue and sell the proposed bonds." (4th AC ¶ 4.5);

- "[T]he System and UBS awarded contracts for the issuance and sale of the Bonds." (Id. ¶ 4.11);

- "Pursuant to said UBS contract with the System, during the first half of 2008, UBS acted as lead underwriter in the following three issuances, distributions and sales in the local market of System bonds." (Id. ¶ 4.13);

- "By not only endorsing, but also participating as the lead underwriter in the illicit and grossly negligent issuance of the Bonds, UBS violated its contractual, non-contractual and fiduciary obligations towards the System." (Id. ¶ 6.11);

- UBS violated its "underwriting contracts with the System for the issue and sale of the Bonds." (Id. ¶ 6.18); "UBS, in addition, acted as investment banker and lead underwriter in the issuance of Bonds, under contracts with the System." (Id. ¶ 6.21).

# When The Plan Was Approved, The Underwriter Adversary Action And The Commonwealth Action Asserted The Same Claims Against UBS. (Cont'd)

The Underwriter Adversary Action asserts that UBS entered contracts to underwrite the 2008 pension obligation bonds and that they breached those agreements.

- "Equity and good conscience require that the ERS Series B and C Bond Underwriters return any fees they received for their services and any assets associated with the transactions that ultimately only increased the depth of the Commonwealth's financial crisis." (Id ¶ 539);

- "The ERS Series B and C Bond Underwriters, through their representative, UBS, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, entered into valid and binding agreements for the purchase of ERS Series B Bonds, dated May 28, 2008, and for purchase of the ERS Series C Bonds, dated June 26, 2009 (the "ERS Series B and C Purchase Contracts")." (Id ¶ 544);

- "The ERS Series B and C Bond Underwriters breached the ERS Series B and C Purchase Contracts" (Id ¶ 546); and

- "As a result of the ERS Series B and C Bond Underwriters' breach of the ERS Series B and C Purchase Contracts, the Commonwealth has suffered damages in an amount to be determined at trial." (Id ¶ 547).

The Commonwealth Action asserts the same exact claims based on the very same underwriting contracts. The operative complaint in the Commonwealth Action provides (in translation):

- "UBS and UBS Consulting, illegally charged substantial commissions and fees and discounts related to the reckless, illicit and grossly negligent issuance and sale of the Bonds and must return them to the System." (4th AC ¶ 6.22)

# When The Plan Was Approved, The Underwriter Adversary Action And The Commonwealth Action Seeks The Same Relief Against UBS.

Underwriter Adversary Action Complaint Prayer for Relief ¶ 6:

"Enter judgment awarding Debtors all of the damages that it has incurred as a result of Defendants' breaches of contracts."

The operative complaint in the Commonwealth Action provides (in translation) at 4th AC ¶ 6.19:

"UBS and UBS Consulting should be liable to the Plaintiffs hereunder for the damages caused to them, as well as to the System for all damages their conduct has caused it, including, but not limited to, (i) the Bond issuance and sale costs…."

# When The Plan Was Approved, The Underwriter Adversary Action And The Commonwealth Both Sought Recission Of UBS' Underwriting Fees.

Case:17-03283-LTS Doc#:22304 Filed:09/19/22 Entered:09/19/22 15:12:31 Desc: Main Document Page 12 of 13

The Underwriter Adversary Action seeks rescission of UBS' fees earned for underwriting the 2008 pension obligation bonds:

- "Equity and good conscience require that the ERS Series A Bond Underwriters return any fees they received for their services and any assets associated with the transactions that ultimately only increased the depth of the Commonwealth's financial crisis."  (Underwriter Adversary Amended Complaint ¶ 506); and

- "The Purchase Contracts should be declared void ab initio and the funds paid to the Underwriting Defendants in respect of such agreements should be remitted to the Trust for the benefit of Puerto Rico's unsecured creditors."  (Underwriter Adversary Second Amended Complaint ¶ 223)

The Commonwealth Action seeks rescission of the same exact fees.  The operative complaint in the Commonwealth Action provides (in translation):

- "UBS and UBS Consulting, illegally charged substantial commissions and fees and discounts related to the reckless, illicit and grossly negligent issuance and sale of the Bonds and must return them to the System." (4th AC ¶ 6.22)

Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates

# The Second Amended Complaint In The Underwriter Adversary Action Seeks The Return Of All Underwriting Fees.

Underwriter Adversary Second Amended Complaint

Prayer for Relief ¶ B & E:

"Award the Trustee all payments and fees paid to the Defendants in connection with the ERS Bonds . . ."; and

"Award the Trustee disgorgement of all fees and profits the Underwriter Defendants earned from marketing and selling the Illegal Bonds."