# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　　　　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**RESPONSE AND OBJECTION OF SREAEE TO URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER (I) ESTABLISHING SCHEDULE TO CONTINUE NEGOTIATIONS DURING LITIGATION OF GATING ISSUES PURSUANT TO LITIGATION SCHEDULE AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT:**

**COME NOW** Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica ("SREAEE") duly represented by the undersigned counsel and respectfully submits this response and objection to the *Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief* [Docket No. 2956 in Case No. 17-4780)][2] ("Urgent Motion").

### SREAEE'S POSITION ON THE NATIONAL EMERGENCY CAUSED BY HURRICANE FIONA AND REQUEST FOR RELIEF

Before initiating with arguments on the merits, SREAEE reiterates its urgent request for an extension of the briefing schedule. The Court's denial of that request is unconscionable.

At **12:02 a.m. on Saturday, September 17, 2022**, the Financial Management and Oversight Board for Puerto Rico ("Oversight Board") filed its Urgent Motion. **On the same day, by 10:11 a.m.** Governor Pedro Pierluisi-Urrutia **had already declared a state of emergency** due to the imminence of the tropical storm Fiona. At that point, the storm was already expected to become a Category 1 Hurricane when it reached land in Puerto Rico. **At 10:59 a.m. of the same day**, this Court issued an *Order Scheduling Briefing and Hearing Concerning Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief.* [Docket No. 2958].

Pursuant to such Order, this Court granted until **Monday, September 19, 2022, at 9:00 a.m**. to file Responses to the Urgent Motion. Working as quickly as possible, on the same day,

---

[2] Unless otherwise noted, references to "Docket No. ___" refer to docket entries in Case no. 17-4780. Capitalized terms used but not defined herein shall have the meanings assigned in the Urgent Motion.

September 17, **at 8:42 p.m.**, the undersigned counsels were able to piece together and file an *Urgent Motion to Hold in Abeyance Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief and Reservation of Rights.* [Docket No. 2961] This request was denied on **Sunday, September 18, 2022, at 11:08 a.m.** The same day that President Joseph Biden declared a state of emergency for Puerto Rico.

As Fiona's heavy rains and winds had already shut down most of Puerto Rico before it became a hurricane, the undersigned were unable to communicate with their clients until the hours of this morning Monday, September 19, only reaching **some** members of SREAEE's Board of Trustees. Fiona became a hurricane as it crossed Puerto Rico last night and the aftereffects are ongoing.

Hurricane Fiona has just ravaged Puerto Rico, leaving the entire population without power, many without water, internet, or cell phone reception. Yet, at the insistence of the Court and the other appearing parties, the undersigned must appear to safeguard SREAEE's rights and advocate for due process.

The decision of how or in what order litigation will proceed now that the failed mediation is over **is not an urgent matter**. And least not as urgent as the **national emergency** that Puerto Rico and its People are going through at this moment. It could easily have waited until the state of emergency in Puerto Rico was under control or at least until the hurricane had passed. As we listened to the howling winds hitting our windows, rather than focus on our families and our safety, we clutched our cell phones to read the filings on the instant matter. Rather than attending to our communities, this Court would have counsel and our clients discussing over an itinerary. This is not an urgent matter, and the briefing schedule should have been extended. Given the

3

circumstances, it is the least this Court could have done.

SREAEE is not an individual. Its Board of Trustees includes people who are in all areas of Puerto Rico, including some of the most devastated rural areas, like Utuado. The task of reaching the trustees has been nearly impossible and forced the undersigned counsel to put aside their personal struggles and their sense of decency to reach out to people who may be suffering loss or dealing with grave damage, all for the sake of appearing as timely as possible on the issue of a briefing schedule, an itinerary that could never be more important than their safety.

While those of us that are actually in Puerto Rico, and whose livelihoods will be directly affected by every decision made in this case, are attempting to handle the aftermath of Hurricane Fiona, this Court and the parties involved are rushing through motions without any consideration of the grave circumstances we are in.

The haphazard way that this Court and the rest of the parties involved have managed this situation is disturbing and insensitive to the plight of so many in Puerto Rico that do not have the luxury of power generators, water reserves or efficient and workable communication.

As these words are being written using up our last bits of battery in our computers, while connected to inefficient hot spots for internet, we still hope the Court will see reason and allow more time to properly prepare. "[T]houghts [to be] with the people of Puerto Rico, [and] hope[s] in particular for safety and little, if any, storm damage" is not enough in this moment of real emergency. What is needed is **time**. Thus, SREAEE reiterates its requested relief for this Court to hold in abeyance the briefing on the Oversight Board's Urgent Motion at least until weather conditions get better and at least communications can be restored to allow counsel to responsibly confer with SREAEE's members and discuss this matter.

4

**RESPONSE AND OBJECTION**

1. Without waiving the previously stated, SREAEE hereby presents its position on the pending Urgent Motion filed by the Oversight Board. For the record, the instant motion is being filed passed the deadline of September 19, 2022, 9:00 a.m. due to the impossibility of counsel to have basic communications, internet, and power to timely file this motion on the specified due date.

2. On September 19, 2022, at 7:27 a.m. the Fuel Line Lenders[3] filed a *Response and Objection of Fuel Line Lenders to Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief* [Docket No. 2963] ("FLL's Response and Objection"). SREAEE agrees with the Fuel Line Lenders' position that the Court should reject the Oversight Board's proposal that the stay of the Current Expense Adversary Proceedings be immediately lifted and that the motions to dismiss the Current Expense Complaints be decided on the current papers. SREAEE agrees that in light of AAFAF's termination of the 2019 RSA among the Oversight Board, PREPA, AAFAF and Bondholders (which was challenged by the Current Expense Complaints) and the Oversight Board's intention to litigate the Lien Challenge Complaint (which overlaps significantly with the Current Expense Complaints), an alternative approach is necessary.

3. SREAEE is a significant creditor of PREPA as it currently owes more than $800 million due to arrears in the employer contributions and the payment of other benefits that are PREPA's responsibility. But also, the Trust Agreement clearly defines the term "Current

---

[3] Cortland Capital Market Services, LLC as successor administrative agent under a Credit Agreement, dated May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and certain lenders, and certain lenders under a Trade Finance Facility Agreement, dated July 20, 2012, between PREPA and Citibank, N.A. (collectively, the "Fuel Line Lenders").

Expenses" as those "reasonable and necessary" for "maintaining, repairing and operating the System and **shall include**, without limiting the generality of the foregoing […] **any payment to pension or retirement funds** […]". *See Trust Agreement between PREPA and U.S. Bank,* dated as of January 1, 1974, as amended and supplemented*,* at 15. According to the Trust Agreement, recovery for the bondholders is contingent on the Current Expenses getting paid in full. Thus, Current Expenses are entitled to priority payment.

4. On May 10, 2019, the Oversight Board filed a motion seeking approval of a restructuring support agreement (the "2019 RSA") with PREPA's bondholders. *See* Docket Nos. 1232, 1235. In its Objection, SREAEE objected to the 2019 RSA on the basis that, among other things, it violated the priority scheme set forth in the Trust Agreement governing PREPA's bonds. *See* Docket No. 1697.[4]

5. Also, in response to the filing of the 2019 RSA, on August 6, 2019, SREAEE filed an adversary proceeding ("SREAEE Adversary Proceeding"), challenging the Bondholders' liens and claims and seeking declaratory relief relating to the priority of SREAEE claims. *See* Adv. Proc. No. 19-405; Docket No. 25 (Amended Complaint filed on October 30th, 2019). The Fuel Line Lenders had also commenced an adversary proceeding on July 9, 2019, in response to the filing of the 2019 RSA. The Fuel Line Lenders stated similar challenges and claiming priority treatment under the Trust Agreement. *See* Adv. Proc. No. 19-396; Docket No. 36 (Amended Complaint) (together with the SREAEE Adversary Proceeding, the "Current Expense Adversary Proceedings).

---

[4] The Objection was filed jointly with Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER"), *see Joint Objection of Unión de Trabajadores de la Industria Eléctrica y Riego ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica (SREAEE) to Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settelement Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods (DKT. #1235) as Supplemented I Dkt. #1334 and #1361.* (Docket No. 1697).

6

6. On March 27, 2020, before the litigation with respect to the 2019 RSA was complete and while motions to dismiss the Current Expense Complaints were pending, the Oversight Board sought an indefinite adjournment of the hearing on the motion to approve the 2019 RSA. *See* Docket No. 1947. **All litigation has been on hold for more than two years.** On March 8, 2022, PREPA announced that it was terminating the 2019 RSA. *See* Docket No. 2747. On the same day, the Court issued an order indicating that it would entertain a renewed mediation proposal. *See* Docket No. 2748. Soon thereafter, the parties began the mediation. The mediation concluded and the Oversight Board filed its Urgent Motion on Saturday, September 17, 2022, at 12:02 a.m.

7. In the Urgent Motion, the Oversight Board contends that the motions to dismiss the Current Expense Complaints should be decided on the current papers, ignoring the subsequent RSA termination and without a hearing or oral argument. *See* Urgent Motion, ¶ 42.2 SREAEE agrees with the Fuel Line Lenders that "[t]his proposal was not well considered and does not make sense" and that "[i]t ignores the gravamen of the Current Expense Complaints, which were filed in response to the now-terminated 2019 RSA." *See* FLL's Response and Objection, ¶ 5.

8. As explained by the Fuel Line Lenders, the Current Expense Complaints challenged that the 2019 RSA would predetermine the treatment of Current Expense claimants and deprive them of structural and contractual priority rights. As referenced before, the 2019 RSA was the target of the factual claims in the Current Expense Complaints, which were also filed in connection with the objections to the 2019 RSA. Furthermore, it was the 2019 RSA and its effects on the Current Expense priority of the claimants, including SREAEE, what resulted in the specific, tangible issue that the complaints addressed.

9. In light of the termination of the 2019 RSA, and the Oversight Board's decision to

7

proceed with its own litigation challenging the Bondholders' liens and claims, many of the claims in the Current Expense Complaints are now likely constitutionally moot, unripe, or present other jurisdictional or prudential obstacles to their adjudication. There is now no pending settlement or plan that purports to address or resolve priority issues. As such, it is unclear, at best, whether the Court has subject matter jurisdiction over the Current Expense Complaints. In addition, many of the factual allegations in the Current Expense Complaints, which are centered around the 2019 RSA, are now wholly irrelevant. None of those jurisdictional issues has been briefed or addressed by the parties.

10. The Oversight Board's proposal does not cohere with the Current Expense Complaints. SREAEE's Complaint requests the following:

- FIRST CLAIM FOR RELIEF (Against all Defendants) - SREAEE alleged that all amounts owed to it are Current Expenses under the Trust Agreement and that they must be paid before any further payments are made to the bondholders and are the *very first* item to come out of the General Fund. Thus, it is alleged that through the 2019 RSA, the Government Parties[5] have agreed to contractual provisions that violates SREAEE's status of "Current Expenses" pursuant the Trust Agreement. *See* Am. Compl. ¶¶ 100-104 [Case No. 19-00405; Docket No. 25].

- SECOND CLAIM FOR RELIEF (Against the Trustee) - Disallowance of a claim under Section 502(b)(1) of the Bankruptcy Code. It is alleged that the Trustee asserts a right to payment in revenues other that in the revenues validly deposited in the Sinking Fund as agreed in the Trust Agreement. Hence, since the Government Parties have actively sought to undermine the particular rights and interests of

---

[5] PREPA, the Oversight Board, the Commonwealth of Puerto Rico and AAFAF are referred to collectively as the "Government Parties" in the SREAEE Complaint.

- SREAEE pursuant to its covenants between it and PREPA regarding contributions to the pension and retirement system it is sought to disallow the claim. *See id* ¶¶ 105-113.

- THIRD CLAIM FOR RELIEF (Against all Defendants) - Declaratory Relief that SREAEE has priority of payment over the Bondholders pursuant the Trust Agreement. *See id* ¶¶ 114-117.

- FOURTH CLAIM FOR RELIEF (Against all Defendants) - Declaratory Relief that SREAEE is a third-party beneficiary entitled to enforce the Trust Agreement provisions that benefit them. It is alleged that as third-party beneficiary who has demonstrated its acceptance, the stipulation in favor of SREAEE cannot be revoked. Therefore, if PREPA violates section 505 of the Trust Agreement (though the 2019 RSA) which states that moneys in the General Fund will be used first for the payment of the Current Expenses of the System, SREAEE, as third-party beneficiary, and under the laws of Puerto Rico, is entitled to enforce such provisions. *See id* ¶¶ 118-119.

- FIFTH CLAIM FOR RELIEF (Against all Defendants) - An order subordinating the Trustee's lien and claim to the SREAEE claims. The Trust Agreement includes subordination provisions that were willingly and freely accepted by the parties. It also included provisions in benefit of third-party beneficiaries, like SREAEE, in order for PREPA to comply with laws and regulations of compelling public interest. Therefore, it is alleged that the parties bound by the Trust Agreement agreed to subordinate their claims to the priority in payment afforded in benefit of SREAEE. Thus, because SREAEE is a third-party beneficiary, it is entitled to enforce their

9

priority benefit in their favor as stated in the Trust Agreement and as entitled by the laws of Puerto Rico. *See id* ¶¶ 120-123.

- SIXTH CLAIM FOR RELIEF - A declaration that the amount and extent of the bondholder's claims is not a secured one. *See id* ¶¶ 124-127.

11. As well stated by the Fuel Line Lenders, no parties have yet had to the opportunity to raise or brief these issues in light of the 2019 RSA's termination. Therefore, it is not the proper course of action to decide the pending motions to dismiss on papers that were filed in 2019 and do not consider the new jurisdictional issues that have arisen since then.

12. Moreover, the Court is precluded from rendering an advisory opinion. Yet that is what would happen if the Court decides on the pending motions with respect to the Current Expense Complaints prior to resolution of the bond litigation. This is so, because the issue of whether these claims are Current Expenses with priority over the Bonds will only arise in the event that the Bondholders' claims and liens are sustained.

13. As already stated, Puerto Rico and its residents are facing a national emergency caused by Hurricane Fiona and are still going through severe weather conditions. We are lacking essential services such as communications, electricity, internet, and cellphone reception. Additionally, the matter at hand is complicated. SREAEE are entitled to due process in these proceedings, especially considering that its members are undergoing the aftermath of the Hurricane. Time is needed for counsel to be able to properly confer on this matter and consider all the possible alternatives to move forward. Thus, it is reasonable to allow the parties time, particularly those that actually live in Puerto Rico, to discuss and determine how and whether to move forward with those proceedings in light of the fundamentally changed circumstances now presented.

14. Therefore, SREAEE joins the request of the Fuel Line Lenders that, instead of granting the relief sought by the Oversight Board with respect to the Current Expense Adversary Proceedings, the Court set a deadline for the plaintiffs in those proceedings to file informative motions stating their positions regarding the appropriate next steps in those cases, including potential amendment or dismissal without prejudice. The deadline should be set for a reasonable period (two weeks) after the Oversight Board files its amended complaint, so that the Fuel Line Lenders and SREAEE can assess whether the amended complaint moots or otherwise covers relief they have separately sought. In addition, the schedule for the Lien Challenge Complaint should include a date (two weeks or more after the amended complaint is filed) for the filing of any motions to intervene, so that parties such as the Fuel Line Lenders can consider intervention, if appropriate, as an efficient substitute for a separate lawsuit.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the relief sought *vis-à-vis* the Current Expense Adversary Proceedings should be denied. Instead: (1) The Court should set a deadline (after the filing of the Oversight Board's amended complaint in the Lien Challenge proceeding) for plaintiffs in those proceedings to file informative motions stating their positions regarding the appropriate next steps in those cases; and (2) in the schedule for the Lien Challenge Complaint, the Court should include a date (after the amended complaint is filed) for the filing of any motions to intervene.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. A courtesy copy of this Motion will be delivered to the Court by email to SwainDPRCorresp@nysd.uscourts.gov as provided in *First Amended Standing Order*.

**In Ponce, Puerto Rico, this 19th day of September 2022.**



BUFETE EMMANUELLI, C.S.P.
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 1-787-841-1435

*/s/Rolando Emmanuelli-Jiménez*
Rolando Emmanuelli-Jiménez, Esq.
USDC: 214105
rolando@emmanuelli.law

*/s/Jessica E. Méndez-Colberg*
Jessica E. Méndez-Colberg, Esq.
USDC: 302108
jessica@emmanuelli.law

*/s/ Zoé C. Negrón-Comas*
Zoé C. Negrón-Comas, Esq.
USDC: 308702
zoe@emmanuelli.law

*Co-counsel to SREAEE & Counsel to UTIER*

**ORTIZ MENDOZA & FARINACCI FERNÓS, LLC**
Edificio Banco Cooperativo Plaza
623 Ponce de León Ave., Suite 701-B
San Juan, PR 00917-4820
Tel: 787-963-0404

*/s/Rafael A. Ortiz-Mendoza*
Rafael A. Ortiz-Mendoza, Esq.
USDC-PR: 229103
1st. Cir.: 1192182
rafael.ortiz.mendoza@gmail.com

*Co-counsel to SREAEE*