**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Debtors.[1] | |

**CARLOS LAMOUTTE'S REPLY AND INFORMATIVE MOTION TO PLACE
UNDER JUDICIAL NOTICE CERTAIN ADJUDICATIVE FACTS PURSUANT
TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE**

**To the Honorable United States District Judge Laura Taylor Swain:**

Citizen Carlos Lamoutte (the "Movant"), appearing *pro se*, hereby respectfully: (a)

replies to the responses filed on September 15, 2022 by McKinsey & Company Puerto Rico

Consulting, Inc. and its affiliates (collectively, "McKinsey") and by the Financial Oversight

and Management Board for Puerto Rico (the "Oversight Board"), Docket Entry Numbers

22,216 and 22,232, respectively (collectively, the "Opposition Motions"); and (b) moves the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

Court to take judicial notice under Rule 201 of the Federal Rules of Evidence of certain adjudicative facts that relate to the pending disqualification claims for unresolved conflicts of interest incurred by McKinsey and the law firm O'Neill & Borges LLC ("O&B"), both of whom serve as advisors to the Oversight Board, the sole representative of the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority, and other covered instrumentalities in these Title III proceedings.  The Movant respectfully states and prays as follows:

1.     Over the course of the last five years, the Oversight Board has become a racketeering-prone organization that operates at the whim of its outside advisors (like McKinsey and O&B).  These outside advisors invoice the Oversight Board to supposedly protect the public interest, and also simultaneously invoice multiple private sector clients that contract with the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority, and other covered instrumentalities under the supervision of the Oversight Board and this Court, in order to advance the commercial interests of their private sector clients during the pendency of these insolvency proceedings.

2.     The Oversight Board is today headless.  For the most part, the members of the Oversight Board are unpaid part-timers that do not reside in Puerto Rico and therefore do not partake in the growing grievances of Puerto Rican citizens.  The Court should also note that the Oversight Board has lacked an Executive Director for several months and a Revitalization Coordinator for several years.  The public interest is being severely under-served, and the citizens of Puerto Rico are suffering the consequences, especially in the electricity sector.

3.     Outside advisors are running the show at the Oversight Board.  These outside advisors are profiting handsomely from their exclusive association to the Oversight Board. The problem is that some of these outside advisors are taking advantage of their privileged

proximity to the Oversight Board to manipulate public governmental processes and to financially favor their own private clientele, *sub silentio*.

4.    Incomplete disclosures equate to no disclosures at all.  McKinsey and O&B work hard to conceal the identity of their private sector clients that contract with the Government of Puerto Rico.

5.    The lack of truthfulness and candor that the Oversight Board, McKinsey and O&B have exhibited in relation to the pleadings as to O&B which are the subject matter of Docket Entry Numbers 20,873, 20,923, 20,946, 20,959, 21,094, 21,096, 21,124, 21,485, 21,572, 21,604, 21,854, 21,925, 21,938, 21,970, 21,975, 21,989, 21,990 and 22,020, as well as the pleadings as to McKinsey which are the subject matter of Docket Entry Numbers 22,025, 22,035, 22,216 and 22,232 (collectively, the "PROMESA Disqualification Pleadings"), is nothing less than scandalous.

6.    The collusive behavior of the Oversight Board, McKinsey and O&B is above the law and directly violates the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq. (hereinafter, "PRRADA").

7.    The Court must notice that nowhere in the Opposition Motions do McKinsey and the Oversight Board directly address the nature of McKinsey's known connections to several private clients that maintain large-scale contracts with the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority, and other covered instrumentalities in this case.

8.    The Court must also notice that nowhere in the other PROMESA Disqualification Pleadings do O&B and the Oversight Board directly address the nature of O&B's known connections to those same, exact private clients of McKinsey that maintain

3

large-scale contracts with the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority, and other covered instrumentalities in this case.

9.      So, why can't McKinsey and O&B explain their respective rebuttals to Movant's pleadings by simply addressing the facts?  The answer is that McKinsey and O&B do not wish the Court to rule on the facts.

10.     Rule 201 of the Federal Rules of Evidence expressly provides that the Court may judicially notice any fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

11.     Rule 201 sets forth that the Court may take judicial notice on its own or must take judicial notice if a party requests it and the Court is supplied with the necessary information.

12.     Rule 201 also prescribes that the Court may take judicial notice at any stage of the proceedings.

13.     Public records and the verified disclosures filed to date by McKinsey and O&B in simulated compliance with PRRADA reveal that McKinsey and O&B have served the same set of private sector clients holding a substantial stake in these Title III proceedings during the same time period in which McKinsey and O&B have also simultaneously served the Oversight Board, who is the sole representative of the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority, and other covered instrumentalities in this case, namely: (a) AES Ilumina, LLC and AES Puerto Rico, L.P.; (b) EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.; (c) New Fortress Energy LLC d/b/a NFEnergía LLC; and (d) Puma Energy Caribe, LLC.  (The aforesaid private contractors that McKinsey and O&B

4

conjointly represent are sometimes hereinafter collectively referred to as the "Puerto Rico Energy Cartel".)

14.    Out of their own convenience, the Oversight Board, McKinsey and O&B intend to conceal from the Court, from the U.S. Trustee, and from the general public the profitable connections that McKinsey and O&B maintain with the private sector companies that comprise the Puerto Rico Energy Cartel.

15.    As direct contractual counterparties to the Government of Puerto Rico, these private sector contractors that McKinsey and O&B conjointly represent hold interests which by their own nature are materially adverse to the Oversight Board and to the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority, and other covered instrumentalities that the Oversight Board is supposed to oversee.

16.    The Court record reflects that McKinsey and O&B have offered no tangible explanations under PRRADA thus far in relation to their shared connections to the Puerto Rico Energy Cartel.  See the PROMESA Disqualification Pleadings.

17.    PRRADA – The Puerto Rico Recovery Accuracy in Disclosures Act of 2021 – is meant to guarantee the accuracy in the disclosures made to the Court, to the U.S. Trustee, and to the other parties in interest by all professionals that serve the Oversight Board. Keywords under PRRADA that McKinsey and O&B fail to comprehend being "*Accuracy in Disclosures*" and "*Disinterestedness*".

18.    To memorialize certain facts that relate to the PROMESA Disqualification Pleadings as to O&B which are the object of Docket Entry Numbers 20,873, 20,923, 20,946, 20,959, 21,094, 21,096, 21,124, 21,485, 21,572, 21,604, 21,854, 21,925, 21,938, 21,970, 21,975, 21,989, 21,990 and 22,020 and the PROMESA Disqualification Pleadings as to

McKinsey which are the object of Docket Entry Numbers 22,025, 22,035, 22,216 and 22,232, the Movant hereby petitions the Court to judicially notice the following facts:

       (a)    AES Ilumina, LLC maintains a Power Purchase and Operating Agreement with the Puerto Rico Electric Power Authority worth at least NINETY MILLION DOLLARS ($90,000,000.00) that is registered at the Office of the Comptroller of Puerto Rico under registry number 2010-000050. Said contract was reviewed and approved by the Oversight Board on September 30, 2020. See Exhibit A attached hereto.

       (b)    AES Puerto Rico, L.P. maintains a Power Purchase and Operating Agreement with the Puerto Rico Electric Power Authority that is registered at the Office of the Comptroller of Puerto Rico under registry number 1995-AI0077.

       (c)    AES Puerto Rico, L.P. also maintains an Additional Energy Sales Contract with the Puerto Rico Electric Power Authority worth at least SIXTY-EIGHT MILLION DOLLARS ($68,000,000.00) that is registered at the Office of the Comptroller of Puerto Rico under registry number 2012-P00036.

       (d)    Public records and the verified disclosures filed to date by McKinsey and O&B in simulated compliance with PRRADA reveal that AES Puerto Rico, L.P. and AES Ilumina, LLC are clients of McKinsey and O&B.

       (e)    EcoEléctrica, L.P. maintains an Amended and Restated Power Purchase and Operating Agreement with the Puerto Rico Electric Power Authority worth at least ONE BILLION EIGHT HUNDRED THOUSAND DOLLARS ($1,800,000,000.00) that is registered at the Office of the Comptroller of Puerto Rico under registry number 2021-P00098. Said contract was reviewed and approved by the Oversight Board on

December 26, 2019. See <u>Exhibit B</u> attached hereto.

(f)     Gas Natural Aprovisionamientos SDG, S.A. (d/b/a Naturgy), who is
EcoEléctrica, L.P.'s holding company, maintains a Natural Gas Sale and Purchase
Agreement with the Puerto Rico Electric Power Authority worth at least NINE
BILLION ONE MILLION DOLLARS ($9,001,000,000.00) that is registered at the
Office of the Comptroller of Puerto Rico under registry number 2012-P00107.  Said
contract was reviewed and approved by the Oversight Board on December 26, 2019.
See <u>Exhibit B</u> attached hereto.

(g)     Public records and the verified disclosures filed to date by McKinsey
and O&B in simulated compliance with PRRADA reveal that EcoEléctrica, L.P. and
Gas Natural Aprovisionamientos SDG, S.A. (d/b/a Naturgy) are clients of McKinsey
and O&B.

(h)     NFEnergía, LLC (d/b/a New Fortress Energy) maintains a Fuel Sale and
Purchase Agreement with the Puerto Rico Electric Power Authority worth at least ONE
BILLION FIVE HUNDRED MILLION DOLLARS ($1,500,000,000.00) that is
registered at the Office of the Comptroller of Puerto Rico under registry number 2019-
P00079.  Said contract was reviewed and approved by the Oversight Board on March
24, 2019. See <u>Exhibit C</u> attached hereto.

(i)     NFEnergía, LLC (d/b/a New Fortress Energy) also maintains a terminal
facilities contract with the Puerto Rico Ports Authority worth at least EIGHT MILLION
TWO HUNDRED TWENTY-SIX THOUSAND SIX HUNDRED SEVENTY-EIGHT
DOLLARS ($8,226,678.00) that is registered at the Office of the Comptroller of Puerto
Rico under registry number 2018-P00089.

(j)      Public records and the verified disclosures filed to date by McKinsey
and O&B in simulated compliance with PRRADA reveal that NFEnergía, LLC (d/b/a
New Fortress Energy) is a client of McKinsey and O&B.

(k)      Puma Energy Caribe, L.P. maintains a Fuel Oil Purchase Contract with
the Puerto Rico Electric Power Authority worth at least ONE BILLION FIVE
HUNDRED    SIXTY-FIVE    MILLION    THREE    HUNDRED    THIRTY-ONE
THOUSAND FOUR HUNDRED FORTY-SEVEN DOLLARS ($1,565,331,447.00)
that is registered at the Office of the Comptroller of Puerto Rico under registry number
2022-P00020.  Said contract was reviewed and approved by the Oversight Board on
June 7, 2022. See Exhibit D attached hereto.

(l)      Public records and the verified disclosures filed to date by McKinsey
and O&B in simulated compliance with PRRADA reveal that Puma Energy Caribe,
L.P. is a client of McKinsey and O&B.

(m)      As of the date hereof, O&B appears publicly listed in the Puerto Rico
Department of Justice's Registry of Lobbyists as a registered lobbyist acting for AES
Puerto Rico, L.P., NFEnergía, LLC (d/b/a New Fortress Energy), and Puma Energy
Caribe, L.P.  See Exhibit E attached hereto.

(n)      O&B also served as counsel to NFEnergía, LLC (d/b/a New Fortress
Energy) in Civil Case No. SJ2020CV06070 before the Puerto Rico Court of First
Instance, San Juan Part, styled *Sierra Club and El Puente de Williamsburgh, Inc. v.
NFEnergía, LLC and others*, relating to certain terminal facilities in San Juan harbor
and non-compliance with FERC regulations under the contracts referenced in items (h)
and (i) above.

8

(o)   McKinsey and O&B have not refuted items (a) thru (n) above in their expressions to the Court and to the U.S. Trustee.

19.   Thus, public records clearly reflect that these outside advisers to the Oversight Board provide both legal and lobbying services to advance the legal and commercial interests of the members of the Puerto Rico Energy Cartel that contract with the Government of Puerto Rico during the pendency of these Title III proceedings. Even if deficient, the verified disclosures that McKinsey and O&B have filed to date in this Title III case reveal that McKinsey and O&B share connections to the Puerto Rico Energy Cartel that benefits from the most significant government contracts awarded by the Commonwealth of Puerto Rico and/or the Puerto Rico Electric Power Authority – collectively worth billions of dollars – during the same time period in which the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority have been Title III debtors under the supervision of this Court and the Oversight Board, whom McKinsey and O&B in turn also represent in these Title III proceedings. See Docket Entry Numbers 21,925 and 21,485 (as to O&B) and 20,989 and 20,832 (as to McKinsey), respectively.

20.   The Opposition Motions recently filed by the Oversight Board and McKinsey are deeply flawed, both factually and as a matter of law. The Opposition Motions are based on a blatant concealment and distortion of the facts, rather than honest disclosures of the facts. The Opposition Motions must be denied in their entirety.

21.   First, to properly object to Movant's PROMESA Disqualification Pleadings, McKinsey and O&B must start by showing just cause and explaining to the Court whether any of the facts set forth in Movant's pleadings are inaccurate or incorrect in any way. McKinsey and O&B have not done that. The facts set forth in Movant's Disqualification Pleadings arise

of public record and are entirely unchallengeable. To date, McKinsey and O&B have not provided any tangible explanations to the Court as to their connections to the Puerto Rico Energy Cartel, as they must, because McKinsey and O&B prefer to continue concealing their conflictive connections to the Puerto Rico Energy Cartel, all in violation of PRRADA.

22.     Second, Movant has the continued obligation to notify the Court of relevant facts discovered during the course of these Title III proceedings which are entirely pertinent to the Court's adjudication of the pending PROMESA Disqualification Pleadings, especially if such relevant facts are proven to have been intentionally withheld from the Court and the U.S. Trustee by McKinsey and O&B, and the U.S. Trustee has otherwise been denied the opportunity to detect and investigate McKinsey's and O&B's self-dealing conduct for lack of proper disclosure under PRRADA. We understand that the discovery of certain facts during these Title III proceedings may not be convenient to McKinsey and O&B, but McKinsey's and O&B's own secretive convenience is not criterion to dismiss Movant's PROMESA Disqualification Pleadings.

23.     Third, given the *sui generis* nature of these Title III proceedings under PROMESA and PRRADA, this Court is the only venue having subject matter jurisdiction where PROMESA and PRRADA-related claims may be presented and adjudicated, especially if the collusive behavior in question extends to the Oversight Board and injures the public interest.

24.     Fourth, Movant is a citizen of Puerto Rico and has sufficient standing to present its PROMESA Disqualification Pleadings and to request the prayers for relief involving McKinsey's and O&B's pattern of misconduct. Given that Movant is also a corporate attorney having knowledge of McKinsey's and O&B's transgressions, which arise of public record,

10

Movant is required to report to the Court of any actual or potential violation of a disciplinary rule or any other form of disqualificatory conduct. See the First Circuit's pronouncement in *Kevlik v. Goldstein*, 724 F. 2nd 844 (1st Cir. 1984). See also *Vegetable Kingdom, Inc. v. Katzen*, 653 F. Supp. 917, 923 n.4 (N.D.N.Y. 1987), *SMI Indus. Canada Ltd v. Caelter Indus., Inc.*, 586 F. Supp. 808. 815 (N.D.N.Y. 1984) (asserting that attorney has right and obligation to bring an alleged violation of a disciplinary rule to the court's attention), and *Blackv. Missouri*, 492 F. Supp. 848, 861-62 (W.D. Mo. 1980).

25.     Fifth, the facts are the facts. Prior to requesting the Court to dismiss Movant's PROMESA Disqualification Pleadings, McKinsey and O&B must first explain to the Court, in detail, the extent of their connections to the private sector government contractors that comprise the Puerto Rico Energy Cartel in the manner required under PRRADA and supplemental bankruptcy case law. <u>McKinsey and O&B have not done that</u>. McKinsey and O&B *"cannot usurp the court's function by choosing, ipse dixit, which connections impact disinterestedness and which do not. The existence of an arguable conflict must be disclosed if only to be explained away."* See *In re Midway Industry Contractors, Inc.*, 272 B.R. 651 (Bankr. N.D.111. 2001) (citing *In re Granite Partners, L.P.*, 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998).

26.     Sixth, Movant has a right to preserve the record in this case in the event that the instant matter requires discovery of evidence and/or revision on appeal, precisely because this Title III court is the only venue where PRRADA-related controversies may be adjudicated and the collusive behavior in question extends to the Oversight Board and injures the public interest.

27.     Seventh, this PRRADA-related matter is of urgent, high public interest because: (a) McKinsey and O&B actively represent multiple private sector clients holding large-scale

government contracts in Puerto Rico's deficient electric power sector that are subject to the review and approval of the Oversight Board that McKinsey and O&B also simultaneously represent, and (b) McKinsey and O&B actively conceal these conflictive connections to the Puerto Rico Energy Cartel from the Court, the U.S. Trustee, and other parties in interest. McKinsey and O&B are the so-called "*goats watching over the lettuce*". Left unchecked, they will eat all of the lettuce by themselves. McKinsey and O&B bill the Commonwealth of Puerto Rico [millions of dollars] for services rendered to the Oversight Board while, at the same time, McKinsey and O&B also bill the Puerto Rico Energy Cartel [more millions of dollars] to secure and/or maintain the very same large-scale contracts awarded by the Commonwealth of Puerto Rico and its instrumentalities to the Puerto Rico Energy Cartel under the [simulated] supervision of the Oversight Board that McKinsey and O&B also simultaneously represent. Contrary to the legislated spirit and intent of PROMESA and PRRADA, McKinsey's and O&B's double-dealing misconduct do not "*make the government contracting process more effective*", do not "*increase the public's faith in this process*", and do not "*promote market competition*".

28.    Eighth, McKinsey's and O&B's simultaneous representation of the Oversight Board and the Puerto Rico Energy Cartel members holding adverse interests is not permitted by PRRADA or by any of the rules of professional conduct, whether in the federal forum or in the state forum. McKinsey and O&B simultaneously play on both sides of the fence at their own convenience and for their own profit, thereby cheating the rules of fair play and governmental transparency. The Court must intervene.

29.    In sum, the facts set forth in Movant's PROMESA Disqualification Pleadings arise of public record, are irrefutable, and McKinsey and O&B have made no effort whatsoever

to refute the same. McKinsey and O&B are not acting forthright through their willful failure to address the facts and properly disclose the nature of their connections to the Puerto Rico Energy Cartel and other private clients.

30.     Collusory practices at the Oversight Board also need to be addressed here.

31.     The Oversight Board and its advisors, who crafted the amended list of material interested parties (the "MIP List")[2] pursuant to the orders given by the Court under PRRADA, purposely omitted to include in the MIP List several private clients of McKinsey and O&B that hold interests which are materially adverse to the Oversight Board and to the Commonwealth of Puerto Rico and its instrumentalities.

32.     Under PRRADA, detailed disclosures and explanations as to conflicts of interest and disinterestedness need to be made by all professionals retained by the Oversight Board, yet McKinsey and O&B have *knowingly, intentionally and in bad faith* elected not to make such detailed disclosures and explanations in this case.

33.     McKinsey's and O&B's omission to state material facts as to their undeniable conflictive relationships with the Puerto Rico Energy Cartel is tantamount to lying to the Court, to the U.S. Trustee Program, and to the other parties in interest having a need to know, including the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority, who are Title III debtors here.

34.     Contrary to the generic "verified statements" set forth in McKinsey's and O&B's PRRADA disclosures motions, McKinsey and O&B in reality are not disinterested professional persons under PROMESA and PRRADA because McKinsey and O&B in fact hold conflicts of interest that are materially adverse to the Oversight Board and to the

---

[2] See Docket Entry No. 21,925.

Commonwealth of Puerto Rico that the Oversight Board represents. McKinsey and O&B loosely and self-servingly state to be disinterested persons, but McKinsey's and O&B's past and present actions demonstrate that McKinsey and O&B are truly not disinterested. Disqualification and disgorgement of fees is merited in both cases.

35.    The same situation applies to other professional persons that form part of the Oversight Board's club of fee-collecting profiteers, who fancy themselves as being above the law and who have similarly double-timed the Commonwealth of Puerto Rico and its creditors thru informal lobbying at the Oversight Board and at other government agencies, in order to favor their own private sector clients (and themselves) by leveraging their privileged connections with the Oversight Board's members, executives, and staff.

36.    Whether by design or by omission, this type of cartel-like behavior at the Oversight Board ends up causing economic injury to the Commonwealth of Puerto Rico, its creditors, Puerto Rican taxpayers, and the U.S. federal government. The Court must intervene.

37.    Congress did not enact PROMESA and PRRADA so that the Oversight Board and its advisors could conduct themselves as entitled, self-dealing members of some sort of private club.

38.    Federal authorities should investigate the inner workings of the Oversight Board and the multiple fee-collecting advisors and consultants that have profited from the PROMESA establishment since its inception (in excess of $1 billion). Conflicts of interest abound and are not being properly disclosed.

39.    For example, in their writings to the Court, O&B *knowingly, intentionally and in bad faith* omitted to disclose and explain to the Court, to the U.S. Trustee, and to other parties in interest in this Title III case certain material facts that are the subject matter of several

14

unresolved motions pending adjudication by this Court involving O&B's involvement in a $384+ million Puerto Rico government contract that the Commonwealth of Puerto Rico has alleged in public court pleadings to be the product of a fraud and that was conducted without the prior approval of the Oversight Board. The Oversight Board has failed to take action ever since, contrary to its legal mandate under PROMESA.

40.     Lying to the Court and to the U.S. Trustee Program is not permitted under any state or federal statute, much less PROMESA and PRRADA.

41.     PRRADA and supplemental bankruptcy case standards are crystal clear as to the disclosure requirements pertaining to disinterestedness that apply to all professionals that serve the Oversight Board and that get compensated with public funds sourced from the debtor's bankruptcy estate in this Title III case.

42.     Double-timing the Commonwealth of Puerto Rico and its creditors to benefit private sector parties, like the Puerto Rico Energy Cartel, is not permitted under PROMESA, PRRADA, or any other state or federal law.

43.     By omitting to state material facts, McKinsey and O&B are in fact avoiding compliance with PRRADA and supplemental bankruptcy case standards in order to protect the commercial interests of their private clients, such as the Puerto Rico Energy Cartel, and to conceal ethical indiscretions.

44.     In this case, the Court may deny allowance of compensation or reimbursement of expenses to McKinsey and O&B because during McKinsey's and O&B's employment in connection with this case McKinsey and O&B represented or held an adverse interest in connection with the case.

45.     This Title III case is the largest municipal bankruptcy in U.S. history. The Court must not permit McKinsey and O&B to continue evading compliance with PROMESA, PRRADA, and supplemental bankruptcy case standards, in order to favor the commercial interests of one or more of their private clients and to continue concealing their own disqualificatory conduct.

46.     The reasons for McKinsey's and O&B's insistent failure to properly disclose their connections to the Puerto Rico Energy Cartel and other private clients are self-evident. As the saying goes – "*If it looks like a duck, walks like a duck, swims like a duck, and quacks like a duck, then it probably is a duck.*"

47.     The Oversight Board is the so-called "*elephant in the room*" in this fiasco, whose biased acquiescence and support of its advisors' misconduct the Court and the U.S. Trustee Program cannot ignore here.

48.     McKinsey, O&B and the Oversight Board have colluded in keeping information from the Court in relation to McKinsey's and O&B's undeniable connections to the Puerto Rico Energy Cartel. It is the function of the Court to ensure that proper procedures are followed in this Title III case. But how can the Court achieve that if the professional persons employed in this Title III case lie and plot and hide the truth from the Court? Thru deception, McKinsey, O&B and the Oversight Board have prevented the Court from doing its duty. They have hampered and bamboozled the proper functioning of the Court.

49.     The Court must also hold the Oversight Board accountable as to its institutional negligence to intervene with the conflicts of interest of its advisors and its failure to investigate McKinsey's and O&B's undeniable connections to the Puerto Rico Energy Cartel and other private contractors. Explanations must be extracted from the Oversight Board's executives.

50.     The Court now needs to exact control measures over all service providers participating in this Title III case, including the Oversight Board itself, the "*elephant in the room*" who is supposed to dominate the habitat in which the Oversight Board's service providers roam wild at an exorbitant cost to the bankruptcy estate of the Commonwealth of Puerto Rico (in excess of $1 billion).

51.     The Oversight Board exists to bring integrity and transparency to government contracting in Puerto Rico, not to enable transactions conducted in secrecy and collusion to commercially benefit the private sector clients of those professionals employed by the Oversight Board, such as McKinsey and O&B. Precisely to combat this type of backchannel self-dealing is the reason that PROMESA got enacted.

52.     Insiders and friends of the PROMESA establishment cannot be allowed to collusively profit from their privileged proximity to the Oversight Board, to the corresponding economic detriment and expense of the Commonwealth of Puerto Rico, its instrumentalities, and the creditors of the Commonwealth of Puerto Rico in these Title III proceedings.

53.     Time is of the essence. McKinsey and O&B continue behaving collusively and deceitfully before this Court and the U.S. Trustee Program to favor the Puerto Rico Energy Cartel, all in violation of PROMESA and PRRADA. Public disclosures and explanations must be had in this Title III case before the transgressions continue to compound and to affect innocent bystanders.

54.     In resolving this conflicts of interest matter, the Court ought not reward McKinsey's and O&B's indiscretions by tolerating their continued retention as advisors to the Oversight Board. The Court should not risk sending the incorrect message to insolvency stakeholders and the general public that the best way to do government procurement in Puerto

Rico during the pendency of this Title III case is by hiring the same, exact advisers that the Oversight Board uses.

55.     Reformation is required within the PROMESA establishment.  The Court needs to bring to order the five-year long bender that the Oversight Board has hosted for its intimate group of fee-addicted insiders and their own private clients employing taxpayer money and federal funds (in excess of $1 billion).  It is time for some of these insiders to abandon these insolvency proceedings and be sent home.

56.     The way in which the Court resolves this serious controversy will bear on how conflicts of interest are dealt with in large-scale municipal bankruptcies going forward.

57.     Undisclosed conflicts of interest must not be tolerated by this Court and the U.S. Trustee Program in this case, the largest municipal bankruptcy in U.S. history.  PRRADA exists to deter the type of behavior that McKinsey, O&B and other service providers have exhibited and that the Oversight Board has collusively supported.

58.     The Oversight Board's advisors are dealing with unclean hands regarding their PROMESA and PRRADA obligations.  The same standards of conduct that apply to any ordinary bankruptcy case need to be applied in this Title III case.

59.     The U.S. Trustee Program should sternly object to any request for compensation filed by McKinsey and O&B in this Title III case and demand full disgorgement of fees.

60.     A thin line divides ethical transgressions from racketeering and abuse of the bankruptcy process.

61.     Pay-to-play schemes and deficient disclosures cannot be tolerated by the Court in the largest municipal bankruptcy in U.S. history.

18

62.     Advisers to the Oversight Board cannot simultaneously serve without bias the Oversight Board (which is tasked to rule on the appropriateness of large-scale contracts with the Commonwealth of Puerto Rico and to serve as the sole representative of the Commonwealth of Puerto Rico and its instrumentalities in this Title III case) and those private sector clients who are eventually awarded those same government contracts, like the Puerto Rico Energy Cartel.

63.     Regardless of McKinsey's and O&B's transgressions and the Oversight Board's executives' efforts to conceal the same, to resolve this matter the Court need not find any intent of wrongdoing on McKinsey's or O&B's part. See *In Re Indep. Eng. Co. Inc.*, 232 B.R. 529, 532 (B.A.P. 1st Cir. 1999). To issue a ruling in this matter, the Court only needs to validate that McKinsey and O&B in fact incurred in the dual, concurrent, and undisclosed representation of the Oversight Board and of the Puerto Rico Energy Cartel and/or other private clients.

64.     Resolving the present conflicts of interest controversy in favor of McKinsey and O&B would not be consistent with PROMESA, PRRADA and bankruptcy case law, and would also create the terrible precedent that the most advantageous way for a private contractor to land or maintain a large-scale contract with an instrumentality of the Government of Puerto Rico during the pendency of the largest municipal bankruptcy in U.S. history is by hiring – *and paying monies to* – the same, exact advisers that the Oversight Board employs.

65.     As a concerned citizen of Puerto Rico, Movant respectfully calls the Court to take reformative action on the basis of the unrefuted set of facts that the Oversight Board and McKinsey prefer to conceal.

19

**WHEREFORE**, Movant hereby petitions the Court to deny the Opposition Motions

filed by the Oversight Board and McKinsey.

Dated:  September 16, 2022
       San Juan, Puerto Rico

Respectfully submitted,

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

20

**Certificate of Service**

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this matter.

In San Juan, Puerto Rico, this 16th day of September 2022.

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com