UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>as representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO, et al.,**<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>as representative of<br><br>**PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA).**<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-4780-LTS |

**[PROPOSED] AMENDED ORDER
ESTABLISHING THE TERMS AND CONDITIONS OF MEDIATION**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case Number 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801 (Title III case Numbers are listed as Bankruptcy Case numbers due to software limitations.)

On April 8, 2022 the Court entered (a) an order (the "**Appointment Order**")[2] appointing a Mediation Team comprising Honorable Shelley C. Chapman as Lead Mediator, Honorable Robert D. Drain, and Honorable Brendan L. Shannon to facilitate confidential negotiations among the Mediation Parties (and any other Mediation Party added in the Mediation Team's discretion) regarding the Mediation Topics (the "**Mediation**") and (b) an order (the "**Terms and Conditions Order**")[3] establishing the terms and conditions of the Mediation.[4] The Terms and Conditions Order established, among other things, the Termination Date for the termination of the Mediation, subject to extension as set forth in such order.

On September 8, 2022, the Court entered the Order Granting the (A) Mediation Team's Notice and Request for Approval of Fourth Extension of the Mediation Termination Date and (B) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline (the "**September 8 Extension Order**"),[5] which extended the Termination Date through September 16, 2022, "subject to an automatic extension or extensions through and including September 30, 2022 at the Mediation Team's discretion based on its assessment of the material progress of the mediation process, after notice of such extension to parties in interest and without further Court approval, when and if the Mediation Team files a notice of such extension with the Court (the 'Extension Notice')."[6] The September 8 Extension Order also extended the Path Forward Deadline to a date concurrent with the extended Termination Deadline.[7]

---

[2] Case No. 17-3283, Dkt. No. 20526; Case No. 17-4780, Dkt. No. 2772.
[3] Case No. 17-3283, Dkt. No. 20527; Case No. 17-4780, Dkt. No. 2773.
[4] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Terms and Conditions Order.
[5] Case No 17-3283, Dkt. No. 22096; Case No. 17-4780, Dkt. No. 2949.
[6] Id., ¶ 3.
[7] Id., ¶ 4.

2

The Mediation Team did not file an Extension Notice. As provided in paragraph 15 of the Terms and Conditions Order, on September 16, 2022 the Mediation Team instead filed the Mediation Team's Notice and Report (the "**Mediation Report**"),[8] which stated that "but for unnecessary and substantially insurmountable . . . roadblocks and the misunderstandings they fostered, the parties with whom the Mediators have principally engaged . . . may well have been able to achieve consensus . . . [and] the Mediation Team remains convinced that settlement is within reach and is far preferable to the months of litigation that loom."[9]

Having reviewed the Mediation Report, on September 20, 2022, the Court entered the Order Concerning Continuation of PREPA Mediation,[10] which provided, "Notwithstanding the expiration of the term of Mediation, Judges Chapman, Drain, and Shannon remain the designated Mediation Team for the Title III case of the Puerto Rico Electric Power Authority (the 'Title III Case'), with authority to continue to facilitate negotiations among stakeholders in the Title III Case." Such order further directed the Mediation Team "to file, on or before September 26, 2022, a proposed continued mediation order that identifies an appropriate time period for the next phase of mediation and additional provisions necessary to address the obstacles that the Mediation Team identified in the Mediation Report."

Having reviewed such proposed order filed by the Mediation Team on September 22, 2022[11] and all responses thereto, the Court has determined that the prompt resolution of the Mediation Topics continues to be of critical importance to this case; and the facilitation of such negotiations by the Mediation Team without interruption from the prior Termination Date under the terms of this Order being in the best interests of the parties in interest and PREPA; and the

---

[8] Case No. 17-3283, Dkt. No. 22290; Case No. 17-4780, Dkt. No. 2975.
[9] Id., ¶ 3.
[10] Case No. 17-03283, Dkt. No. 22313; Case No. 17-04780, Dkt. No. 2987.
[11] Case No. 17-3283, Dkt. No.___; Case No. 17-4780, Dkt. No. ___.

Court having jurisdiction to consider and enter this Order pursuant to section 306(a) of PROMESA; and no further notice or a hearing being required; and, after due deliberation, good and sufficient cause appearing in furtherance of the Mediation, it is hereby ORDERED that:

1. The Appointment Order remains in full force and effect.

2. Except as modified hereby, the Terms and Conditions Order remains in full force and effect.

3. Paragraph 3 of the Terms and Conditions Order is modified in its entirety as follows:

> Unless, in the determination of the Mediation Team, (i) a resolution has been reached in the Mediation before such time, or, (ii) after at least seven days' notice by the Mediation Team to the Mediation Parties of their intention to terminate the Mediation, the Mediation Team has filed a notice terminating the Mediation, the Mediation shall terminate on December 31, 2022 at 11:59 p.m. (Atlantic Standard Time) (such date, or the earlier date of the filing of the foregoing notice of termination, the "**Termination Date**"); provided, that the Mediation Team may extend the Termination Date based on its assessment of the material progress of the Mediation but in no event shall extend the Termination Date beyond January 31, 2023 at 11:59 p.m. (Atlantic Standard Time) without this Court's approval after notice of such proposed extension to parties in interest; provided, further, that the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting terms and the Mediation Team may establish separate Mediation schedules for various Mediation Parties within the timeframes set forth above.

The Mediation Team is also authorized and directed to file a report or reports at any time during the Mediation recommending whether any pending litigation scheduled by the Court should be paused to enable negotiations to proceed with a materially enhanced prospect of success.

4. Paragraph 4 of the Terms and Conditions Order is modified by adding the following to the last line of such paragraph:

including, without limitation, to direct the members of the Oversight Board to attend and participate in Mediation sessions without undue delay of the scheduling of such sessions. The Oversight Board shall promptly designate a lead negotiator to facilitate the Mediation Team's and other Mediation Parties' interaction with the Board.[12] Such lead negotiator shall have the responsibility to keep the Oversight Board informed of the details and analyses of such interaction and adequately prepare it for any Mediation sessions. The Mediation Parties, including the Oversight Board, shall promptly share with the Mediators, the Mediators' financial advisor, and, as directed by the Mediators, other Mediation Parties, their economic analyses and financial projections as relevant, in the Mediators' determination, to the Mediation Topics, including as provided to the Oversight Board in fulfillment of the Oversight Board's lead negotiator's responsibility to keep the Oversight Board informed and prepared for any Mediation session. To further facilitate the Mediation, the Oversight Board shall promptly cause a digital data room containing the foregoing information in its possession and its source data to be assembled, with appropriate restrictions on access consistent with the terms of the Mediation Procedures

---

[12] The Court strongly suggests, at the recommendation of the Mediation Team and in the light of the parallel litigation process, that the Oversight Board retain a financial advisor with extensive experience in financial restructurings to fill this role, to be assisted by the Board's current financial advisors at such person's direction.

5

Order, and shall provide prompt access thereto to the Mediators and their financial advisor, and, as directed by the Mediators, other Mediation Parties, as well as to the Oversight Board's financial professionals for the purpose of discussing such professionals' and Mediation Parties' economic analyses and financial projections to the extent that they inform the Oversight Board's and other Mediation Parties' positions on the Mediation Topics.[13] If information related to the foregoing is required from PREPA, LUMA, or any other party in interest, the Oversight Board shall promptly request it under the terms of this Order and shall promptly inform the Mediation Team of any delay in the production of any such information so that appropriate action may be taken, including by the Court.

5. The second sentence of paragraph 6 of the Terms and Conditions Order is modified as follows:

> The Mediation Team shall have no obligation to make written comments or recommendations, including as to a Mediation Team proposal, except as directed by the Court.

6. The terms and conditions of this Order are immediately effective and enforceable upon its entry, sufficient cause having been shown.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

Dated: September   , 2022

HONORABLE LAURA TAYLOR SWAIN<br>
UNITED STATES DISTRICT JUDGE

---

[13] The other Mediation Parties shall have a like responsibility to share information and make their professionals available to discuss it.