UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**NOTICE OF MEDIATION TEAM'S PROPOSED AMENDED ORDER
ESTABLISHING TERMS AND CONDITIONS OF MEDIATION**

To the Honorable United States District Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE TAKE NOTICE that, as directed by the Court's September 20, 2022 Order Concerning Continuation of PREPA Mediation,[2] the Mediation Team comprising Honorable Shelley C. Chapman as lead mediator, Honorable Robert D. Drain, and Honorable Brendan L. Shannon has filed its Proposed Amended Order Establishing the Terms and Conditions of Mediation (the Proposed Amended Terms and Conditions Order").[3]

PLEASE TAKE FURTHER NOTICE that Paragraph 3 of the Proposed Amended Terms and Conditions Order proposes a revised schedule for the Mediation that proceeds in parallel with the Court's schedule for the consideration of various litigation issues that had been stayed pending the prior conduct of the Mediation. It also proposes, however, that the Mediation Team may seek a pause in such litigation schedule if warranted to materially enhance the prospects of successful Mediation.

PLEASE TAKE FURTHER NOTICE THAT, recognizing that the litigation schedule is of direct importance to the conduct of the Mediation, although also subject to other considerations that are beyond the Mediation Team's remit, the Mediation Team believes that the prospects of a successful Mediation will be greatly enhanced if the litigation schedule adopted by the Court provides for (a) the Oversight Board's filing within 60 days a proposed plan of adjustment and related disclosure statement that contemplates alternative plan treatment depending on the outcome of the primary lien and claim disputes (a "Toggle Plan"), (b) the litigation of those disputes in the context of the Oversight Board's request for confirmation of

---

[2] Case No. 17-03283, Docket No. 22313; Case No. 17-04780, Docket No. 2987.
[3] Capitalized terms not otherwise defined herein have the meaning ascribed to the in the Proposed Amended Terms and Conditions Order.

the Toggle Plan, and (c) a hearing on the Oversight Board's request to confirm the Toggle Plan, consistent with an expedited litigation schedule, to be held no later than June, 2023.[4]

PLEASE TAKE FURTHER NOTICE THAT the Mediation Team understands that such a timetable, and the simultaneous conduct of the Mediation, will require extensive work, including, as recommended in the Proposed Amended Terms and Conditions Order, additional financial advisor assistance to the Oversight Board. However, the Mediation Team believes that focusing the Mediation Parties on a schedule for PREPA's actual emergence as promptly as practicable from this Title III Case provides a critically important context to the Mediation.

PLEASE TAKE FURTHER NOTICE THAT the Mediation Team is of course available to answer the Court's questions.

Dated: September 22, 2022

Respectfully submitted:

/s/ Shelley C. Chapman
SHELLEY C. CHAPMAN
United States Bankruptcy Judge

/s/ Robert D. Drain
ROBERT D. DRAIN
United States Bankruptcy Judge

/s/ Brendan L. Shannon
BRENDAN L. SHANNON
United States Bankruptcy Judge

---

[4] As stated in the Mediation Report, the Mediation Team believes that the prompt negotiation of the issues preventing PREPA's emergence from bankruptcy, rather than their litigation to conclusion, would greatly benefit Mediation Parties, including the Commonwealth. However, if litigation is to proceed, the Mediation Team believes that scheduling only two litigation issues – the "non-recourse" and dismissal/lift stay/receiver disputes – for consideration before a hearing on confirmation of a Toggle Plan might further such negotiations, while all other issues should be heard in the context of confirmation or thereafter.