UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER GRANTING MOTION FOR LEAVE TO COMPLY WITH ORDER

        The Court has received and reviewed the *Motion for Leave to Comply with Order* (Docket Entry No. 22166 in Case No. 17-3283) (the "Motion"),[2] filed by Luis A. Rivera Siaca ("Movant"). The Motion seeks an order (ii) accepting the *Response to Debtor's Objection to Motion to Comply with Payment of Administrative Rent* (Docket Entry No. 21706, the "Administrative Rent Reply") as timely; and (ii) extending the deadline for Movant to file certified translations in support of the Motion. The Court also received and reviewed the *Debtor's Response to Motion for Leave to Comply with Order* (Docket Entry No. 22174) (the "Opposition"), and *Luis A. Rivera Siaca's Reply to Debtor's Response to Motion for Leave to Comply with Order* (Docket Entry No. 22196) (the "Reply").

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Unless otherwise noted, all references herein to Docket Entry Nos. are references to Case No. 17-2383.

On July 1, 2022, Movant filed the *Motion to Comply with Payment of Administrative Rent*. (Docket Entry No. 21408) (the "Administrative Rent Motion"). The Court entered a scheduling order establishing the deadline to file certified translations of exhibits filed in support of the Administrative Rent Motion by July 15, 2022, a response deadline of July 15, 2022, and a reply deadline of July 22, 2022. (See *Order Scheduling Briefing of Motion to Comply with Payment of Administrative Rent* (Docket Entry No. 21411) (the "Scheduling Order").) The Oversight Board, on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), filed a response to the Administrative Rent Motion on July 15, 2022. (See *Debtor's Objection to Motion to Comply with Payment of Administrative Rent* (Docket Entry No. 21509, the "Administrative Rent Response").) On August 2, 2022, Movant filed the Administrative Rent Reply. On September 12, 2022, Movant filed the Motion. On September 21, 2022, Movant filed certified translations of Spanish-language exhibits filed in support of the Administrative Rent Motion. (See *Motion Submitting Certified Translations and for Entry of Order* (Docket Entry No. 22338, the "Certified Translations").)

Subdivision 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which is made applicable to these Title III proceedings by section 310 of PROMESA, provides in pertinent part that: "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

The evaluation of excusable neglect involves an equitable balancing of several factors. These include "the danger of prejudice . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See Graphic Commc'ns Int'l Union, Loc. 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). The Court must also consider whether the dilatory filing was made in bad faith with the intent to disadvantage a party in interest, and whether the circumstances were within the reasonable control of the late filer but neglect or indifference led to the delay, or if the late filer acted in good faith but was hindered by reasonably unforeseen obstacles. See generally Pioneer Inv. Servs., 507 U.S. at 385, 395–96.

Here, counsel to Movant filed the Administrative Rent Reply 11 days after the submission deadline. Counsel explained that the delayed submission was due to administrative oversight in counsel's review of the Scheduling Order. (Mot. ¶ 3.) In support of the Motion, counsel attaches communications with the Oversight Board inquiring about the status of the Commonwealth's response to the Administrative Rent Motion. (Ex. A.) The Commonwealth opposes the Motion and asserts that counsel's failure to monitor the docket is an insufficient basis to grant the Motion. (Opp. ¶ 3.) In its Reply, Movant argues the Administrative Rent Motion contains meritorious arguments warranting acceptance of the Administrative Rent Reply and certified translations, the time lapsed was not significant, nor was the delay intentional, and the Commonwealth is not prejudiced by the delay. (Reply ¶¶ 4-6.) In light of the arguments raised, the Court finds that the equitable balance favors acceptance of the Administrative Rent Reply and Certified Translations. The Commonwealth has not argued that the Movant's delay

was the result of bad faith or asserted any prejudice if the Court accepts the late-filed Administrative Rent Reply. Rather, the communications between counsel for the Movant and the Commonwealth suggest Movant was not negligent in monitoring the Motion practice. In fact, Movant filed the Motion the same day counsel received a letter from the Commonwealth clarifying the scheduling oversight. (See Mot. at 5-6.) While counsel are hereby reminded of their duty to monitor the docket, the Court finds the harsh remedy of striking the Administrative Rent Reply and rejecting the certified translations that underscore the purpose of the Motion is not warranted.

Accordingly, Movant's neglect is excused. The Motion is granted. The Administrative Rent Reply and certified translations filed in connection with the Certified Translations are accepted. The Court will consider the merits of the late-filed Administrative Rent Reply and certified translations filed in connection with the Motion. This Order resolves Docket Entry No. 22166 in Case No. 17-3283.

SO ORDERED.

Dated: September 23, 2022

                                                                  /s/ Laura Taylor Swain
                                                                LAURA TAYLOR SWAIN
                                                                United States District Judge