**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Re: ECF No. 2996, 2997, 2998**[2] |

**THE PUERTO RICO FISCAL AGENCY AND
FINANCIAL ADVISORY AUTHORITY'S RESPONSE TO THE MEDIATION
TEAM'S NOTICE AND PROPOSED AMENDED ORDER ESTABLISHING
THE PREPA MEDIATION'S TERMS AND CONDITIONS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All citations to docket numbers refer to filings in Case No. 17-04780-LTS unless otherwise stated.

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>") through its undersigned counsel, hereby states and prays as follows:

1. As this Court has consistently recognized, "these restructuring cases require a . . . holistic approach that focuses on the continuation and future of a government and its instrumentalities and their ability to meet the needs of the Commonwealth's residents as well as provide proper recompense of creditors." *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 432 F. Supp. 3d 25, 30 (D.P.R. 2020), *aff'd*, 954 F.3d 1 (1st Cir. 2020). The primary purpose of government insolvency proceedings, including those brought under PROMESA, is the "continued provision of public services," not "merely to maximize creditors' recoveries." *Id.* Applied here, these principles mean restructuring PREPA's debts to allow PREPA to progress toward achieving its primary purpose: supplying safe, reliable, cost-efficient, clean energy for the people and businesses of Puerto Rico.

2. These goals will always be paramount for AAFAF and the Oversight Board. Consistent with these goals and AAFAF's statutory mandate, throughout these Title III cases AAFAF has supported and been instrumental in implementing reasonable sustainable settlements that serve the interests of the people of Puerto Rico. It stands ready to do so here if a consensual agreement can be reached that helps ensure that PREPA can provide quality services at a cost that is sustainable for the people and businesses of Puerto Rico. AAFAF appreciates and supports the Mediation Team's stated goals of "PREPA's actual emergence as promptly as practicable from this Title III case" and limiting unnecessary, costly litigation (ECF No. 2997 at 3). But a deal at any cost for the sake of reaching a deal is not in the best interest of Puerto Rico.

3. While AAFAF believes that continued negotiations can achieve consensus, AAFAF respectfully disagrees with the Mediation Team's assessment that "settlement is within reach." ECF No. 2996 at 3. A careful review of the publicly disseminated mediation proposals,[3] reveals that the parties are actually quite far apart. The wide gulf that exists between the Oversight Board's and the bondholders' proposals is readily apparent under any metric. A keen focus on, and understanding of, Puerto Rico's unique energy environment and demographics, as well as taking into account the realities of the municipal market,[4] is crucial to achieving any deal in this case. Moreover, both the bondholders' and the Oversight Board's proposals left many key terms to be finalized, the resolution of which may materially impact the Government's ability to support or implement a transaction. Further, AAFAF does not agree that mediation process "infirmities" resulted in "unnecessary and substantially insurmountable roadblocks to making further progress." ECF No. 2975 at 5–6. Simply and plainly put, the parties have not reached a deal because they have fundamental disagreements about the nature and scope of the bondholders' rights.

4. AAFAF is fully aware of the risks and costs of litigation and, throughout all of the Title III cases before this Court, has prudently encouraged the settlement process. But as we have seen time and time again in these Title III cases, targeted, efficient litigation can at times drive parties to a consensual resolution. This is precisely what happened after significant litigation and certain key orders were issued regarding the scope of creditor rights for COFINA, ERS, HTA, PRIFA, and CCDA.[5] AAFAF respectfully submits that the wide gulf in competing proposals will

---

[3] AAFAF's responses herein to the statements the Mediation Team made in its submissions are based upon publicly available information.

[4] As specifically dictated by PROMESA, "The purpose of the Oversight Board is to provide a method for a covered territory to achieve fiscal responsibility and access to the capital markets." 48 U.S.C. § 2121 (PROMESA section 101(a)).

[5] *See generally Employees Ret. Sys. of the Gov't of the Commw. of P.R. v. Altair Global Credit Opportunities Fund (A), LLC, et al.*, Adv. Proc. No. 17-00213 (D.P.R. July 21, 2017)*; Official Committee of Unsecured Creditors of the Commw. of P.R., et al. v. Whyte, et al.*, Adv. Proc. No. 17-00257 (D.P.R. Sept. 8, 2017); *Fin. Oversight & Mgmt. Bd.*

2

not be closed until this Court adjudicates the resolution of the key gating legal issues set forth in the Oversight Board's scheduling motion (ECF No. 2956). The litigation schedule the Oversight Board proposed represents the most expedient path forward to break the stalemate that now exists. Conversely, the Mediation Team's proposal to litigate the "non-recourse" issue, dismissal/lift stay/receiver disputes, and a Toggle Plan simultaneously (ECF No. 2997 at 3, n.4) would result in duplicative and wasteful litigation for the reasons explained in AAFAF's response to the Oversight Board's litigation proposal (ECF No. 2967). Expedited litigation to determine what rights the bondholders actually have provides a clear and necessary path forward.

5. Moreover, AAFAF respectfully disagrees with the Mediation Team's characterization of the mediation process to date, but is constrained by mediation confidentiality from responding more fully and specifically. Directing the Oversight Board to retain a new professional unfamiliar with PREPA's operations and unique challenges, the negotiations to date in PREPA's case, the complexities of municipal credits, or the complicated history of the Title III cases—all at the Puerto Rico taxpayer's expense—would be highly prejudicial to PREPA and the people of Puerto Rico at this stage of the proceedings. Onboarding a new advisor to lead negotiations for PREPA would inject significant additional cost and delay into these proceedings and undo the progress the Mediation Team states has been made and can be made through further mediation. *See* ECF No. 2975 ¶ 2 (stating that "the Mediation Team remains convinced that settlement is within reach"). While AAFAF and the Oversight Board have had disagreements, the Oversight Board's municipal financial advisors have successfully worked for years to achieve consensual resolutions across these Title III cases that rightfully prioritize the people of Puerto

---

*for P.R. v. Ambac Assurance Corp., et al.*, Adv. Proc. No. 20-00003 (D.P.R. January 16, 2020); *Fin. Oversight & Mgmt. Bd. for P.R. v. Ambac Assurance Corp., et al*., Adv. Proc. No. 20-00004 (D.P.R. January 16, 2020); *Fin. Oversight & Mgmt. Bd. for P.R. v. Ambac Assurance Corp., et al*., Adv. Proc. No. 20-00005 (D.P.R. January 16, 2020).

3

Rico and the continued provision of governmental services. This mediation process has been no different.

6. Finally, AAFAF objects to the Mediation Team's request that this Court order the Mediation Parties to share their financial analyses with the Mediation Team and, if the Mediation Team directs, with the other Mediation Parties. *See* ECF No. 2996 ¶ 4. Much of these materials are protected by some combination of the attorney-client, attorney work product, or deliberative process privilege protection, because AAFAF and the Oversight Board's respective counsel work with their financial advisors to evaluate strategy and proposals. *In re Fin. Oversight and Mgt. Bd. for Puerto Rico*, 386 F. Supp. 3d 175, 183 (D.P.R. 2019), *objections overruled*, 392 F. Supp. 3d 244 (D.P.R. 2019) (overruling Bondholders' argument that substantial need warrants the production of fiscal plan and budget related documents over which the Oversight Board properly asserted the deliberative process privilege). AAFAF does not understand the Mediation Team to be demanding the parties produce privileged materials, nor have they articulated any legal basis that would justify such a result.

**WHEREFORE**, AAFAF respectfully requests that the Court enter an Amended Terms and Conditions Order that permits Mediation to continue in a fashion that does not interfere with moving the case forward as set forth in the Oversight Board's scheduling motion (ECF No. 2956).

[*Remainder of this page intentionally left blank.*]

4

Dated: September 23, 2022
San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ Maria J. DiConza* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Maria J. DiConza | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | 250 Ponce de León Ave., Suite 900 |
| 7 Times Square | San Juan, Puerto Rico 00918 |
| New York, NY 10036 | Telephone: (787) 705-2171 |
| Telephone: (212) 326-2000 | Facsimile: (787) 936-7494 |
| Facsimile: (212) 326-2061 | |
| Email: jrapisardi@omm.com | *Attorneys for the Puerto Rico Fiscal Agency* |
|       mdiconza@omm.com | *and Financial Advisory Authority* |

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

-and-

Elizabeth L. McKeen
Ashley M. Pavel
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com
      apavel@omm.com

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*