# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780-LTS and Main Docket 17 BK 3283-LTS** |

**RESPONSE BY THE AD HOC GROUP OF PREPA BONDHOLDERS, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND SYNCORA GUARANTEE INC. TO THE MEDIATION TEAM'S NOTICE <u>AND PROPOSED AMENDED ORDER</u>**

In response to the Notice of Mediation Team's Proposed Amended Order Establishing Terms and Conditions of Mediation [ECF No. 2997] (the "<u>Mediation Team Notice</u>") and the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Mediation Team's Proposed Amended Order Establishing the Terms and Conditions of Mediation [ECF No. 2996], the PREPA Bondholders[2] submit the following:

1.      The PREPA Bondholders appreciate the Mediation Team's considerable efforts to date and welcome the judges' willingness to continue working with the parties to achieve an agreement. The PREPA Bondholders agree in most respects with the Mediation Team's suggested approach and proposed order.

2.      The PREPA Bondholders support requiring the Oversight Board to promptly file a plan and disclosure statement and to seek plan confirmation within nine months. This will enhance the prospects of a global agreement among the parties. Mediation Team Notice at 2-3. Placing this case on a path to resolve the question of what PREPA can afford to pay its creditors, under a plan that satisfies confirmation requirements, is critical to the parties' ability to make further progress in their discussions and bring this long-pending case to a conclusion within a year.

3.      Similarly, Bondholders agree that litigation over the Bond Issues can and should proceed, if at all, in the context of the Oversight's Board's request for confirmation of an actual plan to adjust PREPA's debts. *See id.* The Oversight Board can, if necessary, propose a "Toggle Plan" reflecting PREPA's alternative treatments of claims depending on how the Court resolves that litigation in connection with its decision whether to confirm a plan. *Id.* Doing otherwise would unnecessarily delay the final resolution of this five-year-old case while prolonging the high costs that these proceedings are imposing on the people of Puerto Rico—in particular the costs of the grid-reconstruction delays described in the PREPA Bondholders' Response to the FOMB's Urgent Motion [ECF No. 2296] at ¶¶ 4-5 ("Bondholders' Scheduling Response").

---

[2] Capitalized terms not otherwise defined have the meaning assigned to them in PREPA Bondholders' Response to the Oversight Board's Urgent Motion to Set a Litigation Schedule. *See* ECF No. 2966.

4. The PREPA Bondholders further agree with the Mediation Team that this Court can consider their Motion to Dismiss/Lift-Stay before the confirmation hearing. *See* Mediation Team Notice at 3 n.4. As previously explained, cause to dismiss this case or to lift the stay is evident on the existing clear record of undue delay and failure to prosecute and could be decided without discovery or testimony. *See* Bondholders' Scheduling Response ¶¶ 34-35. Either dismissing this case or lifting the automatic stay will allow the PREPA Bondholders to seek the appointment of a receiver for PREPA now. A receiver's statutory authority will allow it to cut through the political morass, obtain reasonable rates, hasten the reconstruction of PREPA's electricity grid, and transform its operations—goals that neither Puerto Rico nor the Oversight Board have been able to achieve to date.[3] If the motion to dismiss is granted, then that will moot any litigation over the Bond Issues. If, however, the Court is not inclined to proceed with the Motion to Dismiss/Lift-Stay for an immediate hearing (e.g., due to factual issues), then discovery on the issues raised by that Motion should commence promptly.

5. The Court should reject out of hand the absurd (and belated) argument that the Trust Agreement restricts Bondholders' recourse to only the few million dollars that PREPA happened to have on deposit in a single account on the petition date. Indeed, the Board itself characterized a similar non-recourse argument in HTA as "fallacious," *see* Bondholders' Scheduling Response ¶ 45, which undoubtedly is why the Board declined to pursue this claim for the preceding five years that this Title III case has been pending. But if full litigation is required on what amounts to an attack on almost all of the PREPA Bondholders' claims, then Bondholders need to obtain information and testimony on, among other things, the diversion of funds contrary to the

---

[3] A PREPA receiver will have the statutory authority to seek rates at the "necessary, proper and reasonable" level and to "maintain, restore, insure, and keep insured" PREPA's infrastructure. 22 L.P.R. § 207(a), (b).

transaction documents, contemporaneous disclosures, market conventions, and PREPA's flows of funds among various accounts before and after the petition date. Addressing the non-recourse claim also will require litigation of the bondholders' counterclaims or third-party claims for breaches of the Trust Agreement, unlawful Takings, and other related causes of action. These overlapping issues should be decided at confirmation with the benefit of a full record and in connection with other plan-related disputes.

6. Finally, the PREPA Bondholders have no objection to the entry of the Mediation Team's Proposed Amended Order [ECF No. 2996] in conjunction with setting deadlines for the Oversight Board to propose a plan and proceed with seeking that plan's June 2023 confirmation.

7. In sum, the PREPA Bondholders are hopeful that the Mediation Team's proposal, if adopted, will encourage meaningful engagement between the parties and result in a successful mediation that allows PREPA to finally exit bankruptcy without years of litigation and additional delay in PREPA's operational restructuring.

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, today September 23, 2022.

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.**<br>P.O. Box 195383<br>San Juan, PR 00919-5383<br>Tel.: (787) 751-8999<br>Fax: (787) 763-7760<br><br>*/s/ Manuel Fernández-Bared*<br>MANUEL FERNÁNDEZ-BARED<br>USDC-PR No. 204,204<br>E-mail: mfb@tcm.law<br><br>*/s/ Linette Figueroa-Torres*<br>LINETTE FIGUEROA-TORRES<br>USDC-PR No. 227,104<br>E-mail: lft@tcm.law<br><br>*/s/ Nayda Perez-Roman*<br>NAYDA PEREZ-ROMAN<br>USDC–PR No. 300,208<br>E-mail: nperez@tcm.law<br><br>*Counsel for the Ad Hoc Group of PREPA Bondholders* | **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Tel.: (212) 715-9100<br>Fax: (212) 715-8000<br><br>*/s/ Alice J. Byowitz*<br>AMY CATON*<br>THOMAS MOERS MAYER*<br>ALICE J. BYOWITZ*<br>GARY A. ORSECK**<br>MATTHEW M. MADDEN**<br>Email: acaton@kramerlevin.com<br>tmayer@kramerlevin.com<br>abyowitz@kramerlevin.com<br>gorseck@kramerlevin.com<br>mmadden@kramerlevin.com<br><br>* *Admitted Pro Hac Vice*<br>** *Pro Hac Vice* Admission Pending<br><br>*Counsel for the Ad Hoc Group of PREPA Bondholders*[4] |

---

[4] Syncora Guarantee Inc. joins this motion through its owners, funds, and accounts managed by GoldenTree Asset Management, LP, a member of the Ad Hoc Group.

| | |
|---|---|
| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |
| By: /s/ *Heriberto Burgos Pérez*<br>Heriberto Burgos Pérez<br>USDC-PR No. 204,809<br>Ricardo F. Casellas-Sánchez<br>USDC-PR No. 203,114<br>Diana Pérez-Seda<br>USDC–PR No. 232,014<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>Tel.: (787) 756-1400<br>Fax: (787) 756-1401<br>E-mail: hburgos@cabprlaw.com<br>rcasellas@cabprlaw.com<br>dperez@cabprlaw.com | By: /s/ *Howard R. Hawkins, Jr.*<br>Howard R. Hawkins, Jr.*<br>Mark C. Ellenberg*<br>Casey J. Servais*<br>William J. Natbony*<br>Thomas J. Curtin*<br>200 Liberty Street<br>New York, New York 10281<br>Tel.: (212) 504-6000<br>Fax: (212) 406-6666<br>Email: howard.hawkins@cwt.com<br>mark.ellenberg@cwt.com<br>casey.servais@cwt.com<br>bill.natbony@cwt.com<br>thomas.curtin@cwt.com |
| | \* Admitted pro hac vice |
| *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| | |
|---|---|
| **ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, P.S.C.** | **WEIL, GOTSHAL & MANGES LLP** |
| By: */s/ Eric Pérez-Ochoa* <br> Eric Pérez-Ochoa <br> (USDC-PR No. 206314) <br> Luis Oliver-Fraticelli <br> (USDC-PR No. 209204) <br> Alexandra Casellas-Cabrera <br> (USDC-PR No. 301010) <br> PO BOX 70294 <br> San Juan, PR 00936 <br> Telephone: 787.756.9000 <br> Facsimile: 787.756.9010 <br> Email: epo@amgprlaw.com <br> loliver@amgprlaw.com <br> acasellas@amgprlaw.com <br><br> *Attorneys for National Public Finance Guarantee Corporation* | By: */s/ Robert Berezin* <br> Kelly DiBlasi (admitted *pro hac vice*) <br> Jonathan Polkes (admitted *pro hac vice*) <br> Gregory Silbert (admitted *pro hac vice*) <br> Robert Berezin (admitted *pro hac vice*) <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br> Email: kelly.diblasi@weil.com <br> jonathan.polkes@weil.com <br> gregory.silbert@weil.com <br> robert.berezin@weil.com <br><br> Gabriel A. Morgan (admitted *pro hac vice*) <br> 700 Louisiana Street, Suite 1700 <br> Houston, TX 77002 <br> Telephone: (713) 546-5000 <br> Facsimile: (713) 224-9511 <br> Email: gabriel.morgan@weil.com <br><br> *Attorneys for National Public Finance Guarantee Corporation* |