# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al<br><br>Debtors | PROMESA TITLE III<br><br>CASE NO. 17-BK-3283- LTS<br><br>(Jointly Administered) |

## OPPOSITION TO FIVE HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PURETO RICO TO UNSECURED RESPONSIVE ARC CLAIMS
### (Related to Docket Entry No. 21751)

**TO THE HONORABLE COURT:**

**COMES NOW** Ivette M. Hernández Fontánez (hereinafter the *Creditor* or *Ms. Hernández*), through the undersigned counsel and very respectfully opposes the Commonwealth of Puerto Rico's (hereinafter *the Commonwealth*) *Five Hundred Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Unsecured Responsive ARC Claims* filed at docket entry no. 21751 (hereinafter, the *omnibus objection*) and moves the Court for the issuance of an Order denying the objection (substantive):

I.  **CERTIFICATION**

This certification asserts an attempted timely compliance with the Fifteenth Amended Case Management Procedures Notice, Case Management and Administrative Order, as set forth at Paragraph R of Section III (Scheduling) of the Order[1].

II. **PROCEDURAL HISTORY**

1. The Financial Oversight and Management Board of PR, as a representative of The

---

[1] Due to the challenges of the aftermath of the strike of Hurricane Fiona to Puerto Rico, the attempt to solve the situation with the counselors of the Board was delayed. However, further attempts are being made to reach a stipulation with the Commonwealth.

Commonwealth of Puerto Rico (hereinafter the *Commonwealth* or the *Oversight Board*) filed the *Five Hundred Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Unsecured Responsive ARC Claims*[2]. The Commonwealth alleges in its objection that creditor's *proof of claim number 139008 is associated with an incomplete administrative file. Claimant failed to respond to multiple mailings requesting information necessary to complete the claimant's administrative file and informing claimant that ongoing failure to respond would force Debtor(s) to object to the proof of claim.*

2. Mrs. Hernández filed the Amended Proof of Claim No. 139008 on June 29th, 2018 as an unsecured claim requesting the collection of unpaid wages from 1980-1989.

3. Mrs. Hernández specifically provided with proof of claim number 139008, as basis for the claim, a certification dated June 20th, 2013, which validates her years of service for the Commonwealth, as of that date.

### III. OPPOSITION TO THE OMNIBUS OBJECTION ON THE BASIS THAT CLAIM NO. 139008 CLEARY INCLUDES COMPLETE DOCUMENTS THAT SUSTAIN HER CLAIM[3].

4. The Commonwealth Omnibus Objection filed at ECF No. 21751 seeking the disallowance of various claim numbers, including Mrs. Hernández's, avers at exhibit A, page 188 that Mrs. Hernández claim *is associated with an incomplete administrative file; that Claimant failed to respond to multiple mailings requesting information necessary to complete the claimant's administrative file and informing claimant that ongoing failure to respond would force Debtor(s) to object to the proof of claim.*

5. Mrs. Hernández contends herein that her claim, as recently amended, provides the necessary factual and legal grounds in support of her request to be paid the raise granted by law[4].

---

[2] See docket entry no. 21751

[3] Mrs. Hernández, as a *Pro Se* claimant, failed to include the evidence of the legal grounds in support of the monetary remedy she is entitled to receive pursuant to Act No. 29 dated July 1st, 2002. A copy of a certified translation is enclosed as Exhibit I.

[4] Act Number 29 of 2002 granted a pay raise to public employees of $100.00 per month, effective on July 1st, 2003. (See

2

6. The amended proof of claim includes the legal grounds in support of the claim number 139008, based on Mrs. Hernández years of service after the commencement of the raise until she retired. [5]

**WHEREFORE**, it is respectfully requested that this Honorable Court DENY the Omnibus Objection filed at docket entry no. 21751 as to Mrs. Hernández proof of claim no. 139008, as amended by the proof of claim filed on September 22nd, 2022, and to order the Commonwealth to refer claimant to the administrative procedure to assert her claim in the ARC program.

**RESPECTFULLY SUBMITTED**

In Caguas, Puerto Rico, this 23rd day of September 2022.

**CERTIFICATE OF SERVICE:** I CERTIFY that on this same date the foregoing document has been electronically filed WITH THE Clerk of the Court using the CM/ECF system which sends notification of such filing to all system's participants, including the U.S. Trustee's Office and the Trustee. Debtor's certify that on this same date the foregoing document has been electronically sent by email to the attorney's *Herman D Bauer, Esq.* and *Martin J. Beinenstock, Esq.* to their corresponding mailing addresses: herman@oneillborges.com and mbienenstock@proskauer.com

/s/ **CARLOS A. RUIZ RODRIGUEZ, ESQ.**
USDC-PR 210009
Attorney for Creditor
**Lcdo. Carlos Alberto Ruiz, CSP.**
P.O. Box 1298, Caguas, PR 00726-1298
Phone: (787) 286-9775 / Fax: (787) 747-2174
carlosalbertoruizquiebras@gmail.com

---

Exhibit 2)

[5] An amended proof of claim has been filed in Kroll Restructuring Administration website on September 23rd, 2022. The amended proof of claim is yet to be revised by the Kroll's quality department before given notice of the amendment. The claim is for 130 months (from July 1st, 2002 until the date of retirement of Mrs. Hernández on May 2nd, 2013).

3

EXHIBIT I

(H. B. 2634)
(Reconsidered)

(No. 96)

(Approved July 1, 2002)

# AN ACT

To grant a raise in salary of one hundred (100) dollars to public employees of the Central Government of the Commonwealth of Puerto Rico, effective July 1st, 2002.

## STATEMENT OF MOTIVES

Puerto Rico has thousands of upstanding and responsible public servants who day by day devote their lives to serving our people and pursue the welfare of all Puerto Ricans. The public servant of the 21st century embodies the honesty and dignity of work, and therefore, enjoys the trust of this Administration.

Likewise, this Administration is aware of the sacrifice of public servants, who work relentlessly to provide a service of excellence to citizens, in exchange for a remuneration that leads to a life of limitations. Even so, these men and women who honor the public service continue to serve the people of Puerto Rico selflessly and devotedly.

In the eighties, a new direction was being developed as to the public policy on salaries and fringe benefits for public employees, with the purpose of matching them with those of private sector employees to the extent allowed by public resources. Conforming to this public policy, legislation has been approved in the past to grant public employees general raises in salary, raises in the employer contribution for the payment of health plan premiums, and

raises allowed under Act No. 89 of July 12, 1979, as amended, known as the "Uniform Compensation Act," among others. Various groups have also received salary raises by the approval of special laws, as is the case with police officers and teachers.

It is the intent of this Administration and of this Legislature to recognize the hard work of these public employees in advancing the quality and efficiency of our public administration.

Therefore, even with the financial hardships we are facing, and in recognition of the various groups that represent the government labor sector, it is imperative to do justice to our public employees by granting them a salary raise of one hundred (100) dollars a month to those employees who meet the conditions established further.

### *BE IT ENACTED BY THE LEGISLATURE OF PUERTO RICO:*

Section 1.- The raises granted under this Act shall be as follows:

(a) One hundred (100) dollars a month as salary raise to public employees who as of June 30, 2002, are in active service, without distinction as to their status or category. When the services in a particular position are rendered part-time, the raise shall be granted in proportion to the hours worked. Those employees related to the service who are not in active service as of July 1st, 2002, shall be entitled to the raise effective on the date they return to the service.

The raise in salary shall be granted even if the employee is earning a salary equal or over the maximum rate of the schedule, or if the salary exceeds said rate with the raise. Said raise will not affect the retribution margin enjoyed by employees for salary improvement, nor shall the schedule be adjusted. Provided, that personnel actions taken after the date of effectiveness of this raise shall be processed

pursuant to the norms issued by the Central Labor Advisory and Human Resource Administration Office, in conformance to Act No. 89 of July 12, 1979, as amended, known as "Uniform Compensation Act," and Uniform Compensation Regulations.

(b) One hundred (100) dollars to employees organized into unions under Act No. 45 of February 25, 1998, as amended, included into appropriate units of which the result of the formula under Section 7.5 of the aforementioned law is zero or a negative number. Those appropriate units whose formula results in a positive number, but under one hundred (100) dollars, shall receive a raise equal to the difference between one hundred (100) dollars and the result of said formula.

Section 2.- The cost of the salary raise intended herein shall be defrayed by funds to be provided through reimbursement by the Office of Budget and Management, chargeable to the appropriations that for such a purpose were included in the General Budget Joint Resolution. However, said reimbursement shall only cover the salaries that are defrayed with resources from the General Fund. It is hereby provided that public employees who according to the dates established herein qualify for this raise but are paid with other funds, shall receive the same raises chargeable to the special federal and commonwealth funds from which they are paid. The agencies for which public employees of this kind are working shall make the corresponding adjustments in said funds in order to grant the salary raises pursuant to the provisions of this Section.

Section 3.- To obtain the reimbursement Section 2 of this Act refers to, every agency that defrays said raises with resources from the General Fund shall submit to the Office of Management and Budget a certified account

which includes the name of the employee, social security number, job classification, the date on which he or she began to work there, salary earned, and total cost for the agency of the raise granted. Said certification shall be received at the Office of Management and Budget not later than September 1st, 2002.

Section 4.- The following public dependencies and agencies are hereby excluded from the provisions of this Act: (1) the University of Puerto Rico; (2) public corporations that have express authority to execute collective bargaining agreements under the provisions of Act No. 130 of May 8, 1945, as amended; (3) police officers of the Puerto Rico Police; (4) personnel under the Rank System of the Puerto Rico Firefighters Corps; (5) municipal employees and/or those who render services to the municipalities; (6) public employees covered under Act No. 45 of February 25, 1998, as amended, included into appropriate units of which the result of the formula under Section 7.5 of the above-cited law is equal or greater than one hundred (100) dollars a month.

Section 5.- The raises granted by this Act shall be effective as of July 1st, 2002.

Section 6.- The salary raises granted by this Act will not have the effect of interrupting time for an employee entitled to a raise for years of service.

Section 7.- Any provision of law which is in conflict with the provisions of this Act shall be rendered ineffective while this Act is applicable.

Section 8.- This Act shall take effect immediately after its approval.

# CERTIFICATION

I hereby certify to the Secretary of State that the following Act No. 96 (H.B. 2634) (Reconsidered) of the 3rd Session of the 14th Legislature of Puerto Rico:

**AN ACT** to grant a raise in salary of one hundred (100) dollars to public employees of the Central Government of the Commonwealth of Puerto Rico, effective July 1st, 2002,

has been translated from Spanish to English and that the English version is correct.

In San Juan, Puerto Rico, today 3th of February of 2004.

Elba Rosa Rodríguez-Fuentes
Director

**EXHIBIT II**



9/7/2022

[Sgd.] Daniel Tomlinson
DANIEL TOMLINSON
CERTIFIED TRANSLATOR
ADMINISTRATIVE OFFICE OF
THE UNITED STATES COURTS

June 20, 2013

DEPARTMENT OF EDUCATION
Appointments and Changes Section
BOX 190759

San Juan, PR 00919 0759

Request No.:
Filed on: April 17, 2013

Attention: Ms. Matilde Pedraza

Teacher IVETTE HERNANDEZ FONTANEZ with Social Security [number] XXX-XX-6622 has filed a Request for Retirement under Act 91 of March 29, 2004 (the Teachers' Retirement System Act of the Commonwealth of Puerto Rico).

[X] Years of Services     [ ] Age     [ ] Deferred     [ ] Supplementary

As of May 2, 2013, the date of her last contribution received,

[X] she qualifies [] she does not qualify to take retirement and has the following time:

    31 Years,     0 Months,     3 Weeks,     4.26 Days and her age is 55.

The pending payments are not considered in this certification. They are as follows:
[ ] Acknowledgement of time [ ] Difference in % for transfer received
[ ] Reimbursement of Fees     [X] Does not apply

She will qualify for a pension at 75% of the average of her 36 highest wages, if she has contributed 30 years of service. If she has less than 30 years of service, she will qualify for a pension of 1.8% of the average of her 36 highest wages, multiplied by the time of her contributions.

The certified time may vary, if there are any differences in the Change Report sent by the Department of Education or other Governmental Institutions, and, if there are any future annulments between accounts that affect the System contributions. She must continue contributing to our System until the date when she plans to retire.

The medical plan and supplementary plans should be paid directly to the insurers until they send the discount authorizations for processing her pension.

Cordially,

[Sgd.] Ivonne L. Ortiz Valladares

Chief Executive Officer of Benefits and Services

c:     IVETTE M. HERNANDEZ FONTANEZ

    CAGUAS, PR 00725

P.O. Box 191879 Hato Rey, PR 00919-1879    Teléfono: (787) 777-1414
http://www.srm.pr.gov    E-mail: srm_correspondenciaconsulta@srm.pr.gov