Hearing Date: September 28, 2022 at 9:30 a.m. (AST)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA <br> Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 03283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| In re: | PROMESA <br> Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 03566-LTS |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO (the "ERS"), | |
| Debtor. | |

**UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S RESPONSE TO INFORMATIVE MOTION WITH RESPECT TO THE ERS INDIVIDUAL PLAINTIFF'S OPPOSITION AT DOCKET NO. 22175**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The successor to UBS Financial Services Incorporated of Puerto Rico,[2] by and through the undersigned counsel, hereby submits this response to the "Informative Motion" filed by individual beneficiaries of the Employees Retirement System, in connection with their opposition to UBS's Motion to Enforce the Plan of Adjustment and For Related Injunctive Relief, filed on July 28, 2022 (the "Motion to Enforce"). (Dkt. 21651)[3] The Informative Motion contains an incomplete description of recent developments that requires supplementation as follows:

1. On July 28, 2022, UBS filed a motion asking the Court to enjoin the ERS and seven of its former beneficiaries from pursuing an action filed in the Puerto Rico Commonwealth Court seeking recovery of damages that the ERS purportedly suffered as a result of the issuance of pension obligation bonds in 2008. UBS's Motion to Enforce was scheduled to be heard at the Court's September 21, 2022 Omnibus Hearing. (Dkt. 22306) On September 21, the Court issued an order rescheduling the hearing for September 28. (Dkt. 22345) At that time, the ERS Beneficiaries had already submitted an Opposition to UBS's Motion to Enforce (Dkt. 22175) and an unauthorized sur-reply (Dkt. 22294). Nevertheless, on September 23, the ERS Beneficiaries made still another filing asking the Court to "take notice that," on that same day, they had filed a Request for Authorization to Amend Pleadings in the Commonwealth Action (the "Motion to Amend"). (Dkt. 22381)

---

[2] On July 14, 2021, UBS Financial Services Inc. ("UBS") and UBS Financial Services Incorporated of Puerto Rico entered into a Merger Agreement (the "Merger") pursuant to Section 253 of the Delaware General Corporation Law and Section 3733 of the General Corporations Act (2009) of Puerto Rico. As a result of the Merger, UBS Financial Services Incorporated of Puerto Rico merged into UBS and ceased to exist, with UBS being the surviving corporation. UBS recently filed a Motion to Substitute Party (Dkt. 22222).

[3] All undefined capitalized terms have the same meanings set forth in UBS's Motion to Enforce and the Reply in Support of the Motion to Enforce (Dkt. 22274).

2. Although titled an "Informative Motion," it is decidedly uninformative. It does not attach either the Motion to Amend or the proposed amended pleading. To provide the Court with a complete record, UBS submits this response attaching copies of both the Motion to Amend and the proposed Fifth Amended Complaint that were filed with the Commonwealth Court, along with English translations. (*See* Exs. 1-4)[4] These latest filings in the Commonwealth Court dispel any doubt that further pursuit of the Commonwealth Action conflicts with the terms of the Plan and violates the rights of other creditors under the Plan.

3. *First*, the ERS Beneficiaries have asserted that the ERS's liquidation and dissolution (which this Court approved nearly nine months ago) suddenly "requires" them to amend their complaint to bring claims on behalf of a class of all of the former beneficiaries of the ERS to recover damages arising out of "losses to the System." (Ex. 2, Motion to Amend ¶ 4) In other words, because the ERS is dissolving (as contemplated by the Plan), the ERS Beneficiaries and their counsel contend that they can now take over the litigation rights of the ERS and assert those rights on behalf of all former beneficiaries. That is directly contrary to the Plan that this Court approved, which deliberately separated the beneficiaries' interests from those of the ERS and transferred the remaining claims and assets of the ERS to other parties. Indeed, the Plan establishes a fund wholly separate from the ERS for the payment of pensions and other retiree benefits. (Plan §§ 1.389, 83.2; Confirmation Order ¶ 23) This "Pension Reserve Trust" will be funded by annual contributions from the Commonwealth. (*Id.*) And it "will be professionally and independently managed to insulate the funding available to pay pensions from political or

---

[4] UBS has provided a certified translation of the Motion to Amend. Given the time constraints, UBS was unable to secure a certified translation of the Fifth Amended Complaint. However, UBS has submitted a computer-generated translation of the Fifth Amended Complaint, and will file a certified translation once it obtains one.

economic influences." (FFCL ¶ 198) On the other hand, the Plan assigned the ERS's litigation rights for the benefit of other creditors (Plan §§ 1.108, 78.3, 78.6) and sold all of the ERS's remaining assets to the Commonwealth (§§ 1.83, 2.4). Put simply, the former beneficiaries *have no interest* in anything that is left of the ERS, and there is no need for their counsel to take up the mantle of the ERS following its dissolution to pursue its former claims – those claims were traded away in the bargaining over the Plan.

4. *Second*, both the Motion to Amend and the Fifth Amended Complaint confirm that the ERS Beneficiaries are pursuing derivative claims of the ERS, not their own personal claims. The Motion to Amend concedes that the damages the ERS Beneficiaries seek on behalf of the class are "***as a result of the losses to the System*** generated by the conduct of the UBS defendants…." (Ex. 2, Motion to Amend ¶ 4 (emphasis added)) As UBS explained in its Motion to Enforce, those are quintessentially derivative claims. (Motion to Enforce ¶¶ 35-42)[5] Indeed, although the ERS Beneficiaries now purport to represent a putative class of government employees and retirees, their Fifth Amended Complaint seeks the same relief for the same injuries as their Fourth Amended Complaint – injuries to the ERS:

- "UBS violated its contractual, non-contractual and fiduciary obligations *towards the System*" (Ex. 4, Fifth Amended Complaint ¶ 6.11);

- "UBS and UBS Consulting also knew, or should have known then, that … the investment of the proceeds from the sale of the Bond *would cause a recurring loss to the System, and therefore, to its trustees/beneficiaries*" (*id.* ¶ 6.13)

---

[5] *See also Tooley v. Donaldson*, 845 A.2d 1031 (Del. 2004) (to state an individual claim, "stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation"); *Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251, 1277 (Del. 2021) (holding that claims arising out of corporation's private placement of common stock were solely derivative and that shareholders had no independent individual claim, acknowledging that it would otherwise "create[] the potential practical problem of allowing two separate claimants to pursue the same recovery").

3

- "Such conduct by UBS … constituted (i) a breach of their contractual obligations under their contracts *with the System*; (ii) a violation of the underwriting agreements *with the System* … through which UBS was obliged to act in good faith and to protect the interests *of the System*; (iii) a violation of the contractual and non-contractual fiduciary duties of said co-defendants *towards the System*" (*id.* ¶ 6.18);

- "UBS and UBS Consulting, must answer … to the System for all damages that their aforementioned conduct has caused to it and which include, among others, (i) the costs of issuing and selling the Bonds; (ii) the recurring losses ('negative arbitrage') *that the System has suffered*, is suffering and will suffer …; and (iii) the increase in costs of future obligations *of the System*…." (*id.* ¶ 6.19).

Because the Fifth Amended Complaint does not assert individual claims separate from the claims that were transferred to the Trust, the Court should enjoin the ERS and its former beneficiaries from any further pursuit of the Commonwealth Action.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of September, 2022.

| | |
|---|---|
| OF COUNSEL: | McCONNELL VALDÉS LLC |
| | 270 Muñoz Rivera Ave. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Hato Rey, Puerto Rico 00918 |
| | Tel.: (787) 250-2631 |
| Paul J. Lockwood (*admitted pro hac vice*) | Fax: (787) 759-9225 |
| One Rodney Square | |
| P.O. Box 636 | By: */s/ Roberto C. Quiñones-Rivera* |
| Wilmington, Delaware 19899 | Roberto C. Quiñones-Rivera, Esq. |
| Tel.: (302) 651-3000 | USDC-PR Bar No. 211512 |
| Fax: (302) 651-3001 | rcq@mcvpr.com |
| | |
| | *Counsel for UBS Financial Services Inc.* |

4