UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## CARLOS LAMOUTTE'S INFORMATIVE MOTION TO PLACE UNDER JUDICIAL NOTICE CERTAIN ADJUDICATIVE FACTS PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE

**To the Honorable United States District Judge Laura Taylor Swain:**

Citizen Carlos Lamoutte (the "Movant"), appearing *pro se*, hereby respectfully petitions the Court to take judicial notice under Rule 201 of the Federal Rules of Evidence of certain adjudicative facts that relate to pending disqualification claims for unresolved conflicts of interest incurred by McKinsey & Company Puerto Rico Consulting, Inc. and its affiliates (collectively, "McKinsey") and the law firm O'Neill & Borges LLC ("O&B"), both of whom

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

serve as advisors to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the sole representative of the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority ("PREPA"), and other covered instrumentalities in these Title III proceedings. The Movant respectfully states and prays as follows:

1. As the Court record reflects, the Oversight Board, McKinsey, and O&B have acted deceitfully for their collective lack of clear and transparent disclosures to the Court under the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq. (hereinafter, "PRRADA") and supplemental bankruptcy disclosure standards in relation to: (a) the pleadings as to O&B which are the subject matter of Docket Entry Numbers 20,873, 20,923, 20,946, 20,959, 21,094, 21,096, 21,124, 21,485, 21,572, 21,604, 21,854, 21,925, 21,938, 21,970, 21,975, 21,989, 21,990 and 22,020; and (b) the pleadings as to McKinsey which are the subject matter of Docket Entry Numbers 22,025, 22,035, 22,216, 22,232 and 22,320 (collectively, the "PROMESA Disqualification Pleadings").

2. The collusive behavior of the Oversight Board, McKinsey, and O&B is above the law and directly violates the PRRADA and supplemental bankruptcy disclosure standards. See the PROMESA Disqualification Pleadings, taken as a whole.

3. First, the Court must notice that nowhere in the PROMESA Disqualification Pleadings do McKinsey and/or the Oversight Board directly address the nature of McKinsey's known connections to several private clients that maintain large-scale contracts with the Commonwealth of Puerto Rico, PREPA, and other covered instrumentalities in this case, as required by PRRADA, including, but not limited to, AES Ilumina, LLC and AES Puerto Rico, L.P., EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A. d/b/a Naturgy, New Fortress Energy LLC d/b/a NFEnergía LLC, and Puma Energy Caribe, LLC (collectively, the

2

"Conflict Parties"). Nowhere in the PROMESA Disqualification Pleadings does McKinsey deny or disclaim, in black and white, its long-standing connections to the Conflict Parties.

4. Second, the Court must also notice that nowhere in the PROMESA Disqualification Pleadings do O&B and/or the Oversight Board directly address the nature of O&B's known connections to the same Conflict Parties listed above, as required by PRRADA. Nowhere in the PROMESA Disqualification Pleadings does O&B deny or disclaim, in black and white, its long-standing connections to the Conflict Parties.

5. Now, in resolving the pending PROMESA Disqualification Pleadings and in designing the measures to be taken by the Court as to the forthcoming debt restructuring of the embattled PREPA, the Court must take under judicial notice the following material uncontested facts:

(a) The Conflict Parties [to whom McKinsey and O&B are both directly connected] maintain large-scale contracts with the embattled PREPA and/or look to participate in the forthcoming acquisition of PREPA's energy generation assets. Such present and future PREPA contracts are collectively worth billions of dollars for the Conflict Parties that McKinsey and O&B conjointly represent. See Docket Entry No. 22,320.

(b) The same pattern of fact-concealing behavior incurred by McKinsey and O&B in these Title III proceedings, as denounced by Movant in the PROMESA Disqualification Pleadings, is the central matter of a certain civil action filed against McKinsey under the Racketeering in Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq., which RICO case is presently *sub judice* before the U.S. District Court for the Southern District of New York. See *Jay Alix v. McKinsey & Co., et al*, Case No. 1:18-cv-04141-JMF ("McKinsey's RICO Case").

3

(c) Until last Friday, September 23, 2022, the lead attorney defending McKinsey in McKinsey's RICO Case was Atty. Martin J. Bienenstock of Proskauer Rose LLP, who also happens to be the Oversight Board's lead attorney since the beginning of these Title III proceedings. See McKinsey's RICO Case, Docket Entry No. 207, a true and exact copy of which is attached hereto as Exhibit A.

6. Given the past and present interconnections that personally and professionally bind Atty. Martin J. Bienenstock and Proskauer Rose LLP to the Oversight Board (who represents the Commonwealth of Puerto Rico and PREPA in these Title III proceedings), to McKinsey (who is the Oversight Board's restructuring advisor in these Title III proceedings, named defendant in McKinsey's RICO Case, and an advisor to the Conflict Parties), and, thru McKinsey and co-counsel O&B, the Conflict Parties (who are private clients of McKinsey and O&B that presently maintain large-scale government contracts with PREPA [collectively worth billions of dollars] that are subject to scrutiny in PREPA's restructuring process, the Court must judicially notice and examine the three central facts listed in paragraph 5 above and take them into account in resolving the pending PROMESA Disqualification Pleadings and other business of the Court.

7. Rule 201 of the Federal Rules of Evidence expressly provides that the Court may judicially notice any fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

8. Rule 201 sets forth that the Court may take judicial notice on its own or must take judicial notice if a party requests it and the Court is supplied with the necessary information.

4

9. Rule 201 also prescribes that the Court may take judicial notice at any stage of the proceedings.

10. The Court must take reformative action. Advisers to the Oversight Board cannot simultaneously serve without bias the Oversight Board (which is tasked to rule on the appropriateness of large-scale government contracts with embattled PREPA and serves as the sole representative of PREPA in this Title III case) and all the private sector clients who stand to commercially profit from the very same large-scale government contracts with PREPA, like the Conflict Parties.

11. In sum, the obstructive conduct alleged in McKinsey's RICO Case is the same, exact pattern of obstructive conduct which is the subject matter of the PROMESA Disqualification Pleadings. McKinsey does not intend to properly reveal its connections to the Conflict Parties because doing so would reveal that McKinsey is in reality not disinterested under PROMESA, PRRADA and supplemental bankruptcy case law standards.

**WHEREFORE**, Movant hereby petitions the Court to judicially notice and examine the three central facts listed in paragraph 5 above and take them into account in the adjudication of the pending PROMESA Disqualification Pleadings and other business of the Court.

Dated: September 27, 2022
San Juan, Puerto Rico

Respectfully submitted,

_____
Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

5

**Certificate of Service**

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this matter.

In San Juan, Puerto Rico, this 27th day of September 2022.

*/s/ Carlos Lamoutte*
Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

6