UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

AMENDMENTS TO ORDER ESTABLISHING THE TERMS AND CONDITIONS OF MEDIATION

On April 8, 2022, the Court entered (a) the *Order Appointing Mediation Team*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481) (the "Commonwealth"); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(Docket Entry No. 20526 in Case No. 17-3283 and Docket Entry No. 2772 in Case No. 17-4780) (the "Appointment Order"), appointing a Mediation Team comprising Honorable Shelley C. Chapman as Lead Mediator, Honorable Robert D. Drain, and Honorable Brendan L. Shannon to facilitate confidential negotiations among the Mediation Parties (and any other Mediation Party added in the Mediation Team's discretion) regarding the Mediation Topics (the "Mediation"), and (b) the *Order Establishing the Terms and Conditions of Mediation* (Docket Entry No. 20527 in Case No. 17-3283 and Docket Entry No. 2773 in Case No. 17-4780) (the "Terms and Conditions Order") establishing the terms and conditions of the Mediation.[2] The Terms and Conditions Order established, among other things, the Termination Date for the termination of the Mediation, subject to extension as set forth in such order. (Terms and Conditions Order ¶ 3.)

On September 8, 2022, the Court entered the *Order Granting the (A) Mediation Team's Notice and Request for Approval of Fourth Extension of the Mediation Termination Date and (B) Urgent Motion of Financial Oversight and Management Board for Order Extending Mediation Termination Date and Related Path Forward Deadline* (Docket Entry No. 22096 in Case No. 17-3283 and Docket Entry No. 2949 in Case No. 17-4780) (the "September 8 Extension Order"), which extended the Termination Date through September 16, 2022:

> subject to an automatic extension or extensions through and including September 30, 2022, at the Mediation Team's discretion based on its assessment of the material progress of the mediation process, after notice of such extension to parties in interest and without further Court approval, when and if the Mediation Team files a notice of such extension with the Court (the "Extension Notice").

(Sept. 8 Ext. Order ¶ 3.) The September 8 Extension Order also extended the Path Forward

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Terms and Conditions Order.

Deadline to a date concurrent with the extended Termination Deadline. (Sept. 8 Ext. Order ¶ 4.)

The Mediation Team did not file an Extension Notice. As provided in paragraph 15 of the Terms and Conditions Order, on September 19, 2022, the Mediation Team instead filed the *Mediation Team's Notice and Report* (Docket Entry No. 22290 in Case No. 17-3283 and Docket Entry No. 2975 in Case No. 17-4780) (the "Mediation Report"), which stated that "but for unnecessary and substantially insurmountable . . . roadblocks and the misunderstandings they fostered, the parties with whom the Mediators have principally engaged . . . may well have been able to achieve consensus . . . [and] the Mediation Team remains convinced that settlement is within reach and is far preferable to the months of litigation that loom." (Mediation Report ¶ 3.)

Having reviewed the Mediation Report, on September 20, 2022, the Court entered the *Order Concerning Continuation of PREPA Mediation* (Docket Entry No. 22290 in Case No. 17-3283 and Docket Entry No. 2975 in Case No. 17-4780) (the "Continuation Order"), which provided: "Notwithstanding the expiration of the term of Mediation, Judges Chapman, Drain, and Shannon remain the designated Mediation Team for the Title III case of the Puerto Rico Electric Power Authority (the 'Title III Case'), with authority to continue to facilitate negotiations among stakeholders in the Title III Case." (Continuation Order at 2.) The Continuation Order further directed the Mediation Team "to file, on or before September 26, 2022, a proposed continued mediation order that identifies an appropriate time period for the next phase of mediation and additional provisions necessary to address the obstacles that the Mediation Team identified in the Mediation Report." (Continuation Order at 2.)

Having reviewed the *Proposed Amended Order Establishing the Terms and Conditions of Mediation* (Docket Entry No. 22350 in Case No. 17-3283 and Docket Entry

No. 2996 in Case No. 17-4780) (the "Proposed Amended Order"), filed by the Mediation Team on September 22, 2022, as well as the *Notice of Mediation Team's Proposed Amended Order Establishing Terms and Conditions of Mediation* (Docket Entry No. 22351 in Case No. 17-3283 and Docket Entry No. 2997 in Case No. 17-4780) (the "Mediation Team Notice") filed contemporaneously therewith and all responses thereto;[3] and all objections having been considered and overruled except to the extent provided herein; the Court has determined that the prompt resolution of the Mediation Topics continues to be of critical importance to this case; and the facilitation of such negotiations by the Mediation Team without interruption from the prior

---

[3] The Court has received and reviewed the following responses (collectively, the "Responses"): *Joint Response to (A) Notice of Mediation Team's Proposed Amended Order Establishing Terms and Conditions of Mediation, and (B) Proposed Amended Order Establishing the Terms* (Docket Entry No. 222365 in Case No. 17-3283 and Docket Entry No. 3000 in Case No. 17-4780); *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Response to the Mediation Team's Notice and Proposed Amended Order Establishing the PREPA Mediation's Terms and Conditions* (Docket Entry No. 22370 in Case No. 17-3283 and Docket Entry No. 3002 in Case No. 17-4780); *Response of Financial Oversight and Management Board to Mediation Team's Proposed Amended Order Establishing Terms and Conditions of Mediation* (Docket Entry No. 22371 in Case No. 17-3283 and Docket Entry No. 3005 in Case No. 17-4780); *Objection of Official Committee of Unsecured Creditors to (A) Notice of Mediation Team's Proposed Amended Order Establishing Terms and Conditions of Mediation, and (B) Proposed Amended Order Establishing the Terms and Conditions of Mediation* (Docket Entry No. 22372 in Case No. 17-3283 and Docket Entry No. 3003 in Case No. 17-4780); and the *Response by the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Syncora Guarantee Inc. to the Mediation Team's Notice and Proposed Amended Order* (Docket Entry No. 22373 in Case No. 17-3283 and Docket Entry No. 3004 in Case No. 17-4780).

To the extent any of the Responses objected to the contents of the Mediation Team Notice, any such objections and/or counterproposals have been considered in conjunction with the *Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief* (Docket Entry No. 22269 in Case No. 17-3283, Docket Entry No. 2956 in Case No. 17-4780, Docket Entry No. 11 in Adv. Proc. No. 19-391, Docket Entry No. 98 in Adv. Proc. No. 19-396, and Docket Entry No. 70 in Adv. Proc. No. 19-405).

Termination Date under the terms of this Order being in the best interests of the parties in interest and PREPA; and the Court having jurisdiction to consider and enter this Order pursuant to section 306(a) of PROMESA; and no further notice or a hearing being required; and, after due deliberation, good and sufficient cause appearing in furtherance of the Mediation, it is hereby ORDERED that:

1. The Appointment Order remains in full force and effect.

2. Except as modified hereby, the Terms and Conditions Order remains in full force and effect.

3. Paragraph 3 of the Terms and Conditions Order is modified in its entirety as follows:

> Unless, in the determination of the Mediation Team, (i) the relevant Mediation Parties and the Mediation Team agree that resolution has been reached in the Mediation before such time, or, (ii) after at least seven days' notice by the Mediation Team to the Mediation Parties of their intention to terminate the Mediation, the Mediation Team has filed a notice terminating the Mediation, the Mediation shall terminate on December 31, 2022, at 11:59 p.m. (Atlantic Standard Time) (such date, or the earlier date of the filing of the foregoing notice of termination, the "Termination Date"); provided, that the Mediation Team may extend the Termination Date based on its assessment of the material progress of the Mediation but in no event shall extend the Termination Date beyond January 31, 2023, at 11:59 p.m. (Atlantic Standard Time), without this Court's approval after notice of such proposed extension to parties in interest; provided, further, that the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting terms and the Mediation Team may establish separate Mediation schedules for various Mediation Parties within the timeframes set forth above.
>
> The Mediation Team is also authorized and directed to file a report or reports at any time during the Mediation recommending whether any pending litigation scheduled by the Court should be paused to enable negotiations to proceed with a materially enhanced prospect of success, provided that all parties to the subject litigation shall have the right to respond to any request to pause pending litigation.

4. Paragraph 4 of the Terms and Conditions Order is modified by adding the following to the last line of such paragraph:

> including, without limitation, to direct Mediation Party representatives to attend and participate in Mediation sessions without undue delay of the scheduling of such sessions. The Oversight Board shall promptly designate a lead negotiator to facilitate the Mediation Team's and other Mediation Parties' interaction with the Oversight Board. Such lead negotiator shall have the responsibility to keep the Oversight Board informed of the details and analyses of such interaction and adequately prepare it for any Mediation sessions. At the direction of the Mediation Team, and under conditions set by the Mediation Team, the Mediation Parties shall produce data and non-privileged analyses underlying their respective positions.

5. The second sentence of paragraph 6 of the Terms and Conditions Order is modified as follows:

> The Mediation Team shall have no obligation to make written comments or recommendations, including as to a Mediation Team proposal, except as directed by the Court, _provided_, however, that the Mediation Team is authorized to make periodic written status reports in its discretion.

6. The terms and conditions of this Order are immediately effective and enforceable upon its entry, sufficient cause having been shown.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

SO ORDERED.

Dated: September 29, 2022

                                                                            /s/ Laura Taylor Swain
                                                                            LAURA TAYLOR SWAIN
                                                                            United States District Judge