UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Adv. Proc. No. 19-391-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and

THE PUERTO RICO FISCAL AGENCY AND
FINANCIAL ADVISORY AUTHORITY,

    as section 926 co-trustee of

PUERTO RICO ELECTRIC POWER
AUTHORITY,

        Plaintiffs,

        -v-

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE,

        Defendant.

------------------------------------------------------------x

| | |
|---|---|
| CORTLAND CAPITAL MARKET SERVICES LLC, as successor administrative agent for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank, and the lenders party thereto, and SOLA LTD, SOLUS OPPORTUNITIES FUND 5 LP, ULTRA MASTER LTD, and ULTRA NB LLC, | Adv. Proc. No. 19-396-LTS |
|     Plaintiffs, | |
|     -v- | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO, PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA), PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY (AAFAF), and U.S. BANK NATIONAL ASSOCIATION, as successor Trustee under the trust agreement, as amended and supplemented, | |
|     Defendant. | |

------------------------------------------------------------x

| | |
|---|---|
| SISTEMA DE RETIRO DE LOS EMPLEADOS DE LA AUTORIDAD DE ENERGIA ELECTRICA, | Adv. Proc. No. 19-405-LTS |
|     Plaintiff, | |
|     -v- | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO, PUERTO RICO ELECTRIC POWER AUTHORITY, PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY | |

AUTHORITY, THE COMMONWEALTH OF PUERTO
RICO, JOHN DOE 1, as the Governor of Puerto Rico,
JOHN DOE 2 as the Executive Director of AAFAF and
U.S. BANK NATIONAL ASSOCIATION,

                Defendants.

------------------------------------------------------------x

ORDER (A) GRANTING IN PART AND DENYING IN PART URGENT MOTION OF
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER (I) ESTABLISHING
SCHEDULE TO CONTINUE NEGOTIATIONS DURING LITIGATION OF GATING
ISSUES PURSUANT TO LITIGATION SCHEDULE AND (II) GRANTING RELATED
RELIEF AND (B) STAYING CERTAIN MOTIONS FILED BY PREPA BONDHOLDERS

Upon the *Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief* (Docket Entry No. 22269 in Case No. 17-3283; Docket Entry No. 2956 in Case No. 17-4780; Docket Entry No. 11 in Adv. Pro. No. 19-391; Docket Entry No. 98 in Adv. Pro. No. 19-396; and Docket Entry No. 70 in Adv. Pro. No. 19-405) (the "Urgent Motion");[2] and the Court having jurisdiction to consider the Urgent Motion and to grant the relief requested herein pursuant to section 306(a) of PROMESA; and venue being proper pursuant to section 307(a) of PROMESA; and the Court having found that the Oversight Board provided adequate and appropriate notice of the Urgent Motion under the circumstances and that no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief set forth herein; and all objections having been considered and overruled except to the extent provided herein; and for substantially the reasons set forth on the record at the September 28, 2022, omnibus hearing:

1. The Urgent Motion is GRANTED to the extent set forth herein.

2. Litigation before this Court with respect to Adversary Proceeding No. 19-391 (LTS) will proceed in accordance with the schedule attached hereto as **Schedule 1**.

3. The Urgent Motion is DENIED to the extent that it requests rulings on the motions to dismiss filed and pending in Adversary Proceeding Nos. 19-396 (LTS) and 19-405 (LTS). The "Current Expense" issues will only be addressed, if necessary, after the security and recourse issues have been resolved or, if necessary, in connection with the plan confirmation process. The motions to dismiss in Adversary Proceeding No. 19-396 (Docket Entry Nos. 54 and 55) and

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

   Adversary Proceeding No. 19-405 (Docket Entry Nos. 35 and 36) are hereby terminated without prejudice for statistical purposes.

4. The Oversight Board is directed to file, by **December 1, 2022**, a proposed plan of adjustment that it believes could be confirmable, taking into account the litigation risk and economic issues that are in dispute. The plan may, but is not required to, include alternative provisions addressing proposed resolutions contingent on different outcomes of the disputed issues. It must be accompanied by a disclosure statement (and corresponding motion for approval thereof) and proposed confirmation schedule contemplating a June 2023 confirmation hearing.

5. The *Motion of the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Syncora Guarantee, Inc. to Dismiss PREPA's Title III Case, or for Relief from the Automatic Stay to Enforce Their Right to a Receiver* (Docket Entry No. 22291 in Case No. 17-3283 and Docket Entry No. 2973 in Case No. 17-4780) and the *Motion of the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Syncora Guarantee, Inc. for Authorization to File a Combined Motion to Dismiss PREPA's Title III Case and Alternative Request for Relief from the Automatic Stay* (Docket Entry No. 2971 in Case No. 17-4780) are stayed until the earlier of (i) the day after the deadline set by the Court for filing a proposed plan of adjustment and related materials, if such plan deadline is not met, and (ii) the termination of the plan confirmation process.

6. This Order shall take immediate effect and be enforceable upon its entry.

7. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

8. This Order resolves Docket Entry No. 22269 in Case No. 17-3283; Docket Entry No. 2956 in Case No. 17-4780; Docket Entry No. 11 in Adv. Pro. No. 19-391; Docket Entry Nos. 54, 55, and 98 in Adv. Pro. No. 19-396; and Docket Entry Nos. 35, 36, and 70 in Adv. Pro. No. 19-405.

SO ORDERED.

Dated: September 29, 2022

                   /s/ Laura Taylor Swain
                   LAURA TAYLOR SWAIN
                   United States District Judge