IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER EXTENDING ADMINISTRATIVE CLAIM BAR DATE FOR CERTAIN PARTIES AND MODIFYING DISCHARGE INJUNCTION

Upon the *Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to be Heard* (Docket Entry No. 21217 in Case No. 17-03283)(the "Motion"); and the Court having reviewed the *Response of The Financial Oversight and Management Board to Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process Request to be Heard* (Docket Entry No. 22130 in Case No. 17-03283)(the "Response") as well as the *Reply to Response of The Financial Oversight and Management Board to Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process Request to be Heard* (Docket Entry No. ___ in Case No. 17-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

03283)(the "Reply"); and the Court having found it has subject matter jurisdiction of this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA Section 307; and the Court having found that the Movant provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion, the Response and the Reply establish just cause for the relief granted herein; and after due deliberation, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein and DENIED in all other respects.

2. The Administrative Claim Bar Date pursuant to decretal paragraph 44 of the Confirmation Order and Section 1.51 of the Plan shall be extended to 4:00 p.m. (Atlantic Standard Time) on [_____][2] (the "Extended Administrative Claim Bar Date") solely with respect to any claim or cause of action:

    (A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and

    (B) the holder of such claim did not receive service of the Effective Date Notice.

3. Within three (3) business days of entry of this Order, the Debtors shall make available the Certificates of Service on its case website maintained by Kroll Restructuring Administration LLC (formerly, Prime Clerk LLC)).

---

[2] [NTD: Ninety (90) days after entry of the Order.]

4. The Extended Administrative Claim Bar Date shall not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

5. The requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and after the applicable petition date with respect to the Commonwealth, ERS, and PBA and prior to the Effective Date: (i) Eminent Domain/Inverse Condemnation Claims, (ii) claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 *et seq.*, (iii) claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 et seq., (iv) tax refund claims, (v) claims authorized to be asserted pursuant to P.R. Laws ann. tit. 32 § 3077(a) and 3085, to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable; (vi) claims authorized to be asserted pursuant to 42 U.S.C. § 1983; or (vii) claims authorized to be asserted pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*

6. The injunctions contained in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order are modified solely to the limited extent to allow litigation with respect to (i) claims authorized to be asserted pursuant to P.R. Laws ann. tit. 32 § 3077(a) and 3085, to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable; (ii) claims authorized to be asserted pursuant to 42 U.S.C. § 1983; or (iii) claims authorized to be asserted pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.* and Act 100 of June 30, 1959, P.R. Laws ann. tit. 29 §§ 146 *et seq.*

7. Such claims that are exempt from filing the proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order and from the Injunction contained in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order shall proceed in their respective forms pursuant to the applicable law.

8. In accordance with Bankruptcy Rule 2002, the Debtors, through Kroll, are authorized and directed to cause a copy of a notice, substantially in the form attached as Exhibit B to the Response, to be published twice, no later than fourteen (14) days after entry of this Order, in each of (i) *El Nuevo Dia* (in Spanish), (ii) *Caribbean Business* (in English),[3] (iii) *El Nuevo Herald* (in Spanish), (iv) *The New York Times* (in English), (v) *The Bond Buyer* (in English), (vi) *El Vocero* (in Spanish), and (vii) *Primera Hora* (in Spanish).

9. Within three (3) business days of entry of this Order, the Debtors shall submit to this Court the Spanish translation of Exhibit B, before such notice is published. Additionally, within five (5) business days, the Debtors shall submit clear cut instructions for the parties who must file proof of Administrative Expense Claim for pending or unasserted litigation regarding how their claims will be processed and adjudicated by this Court.

10. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order.

---

[3] Given the Movants contention that this periodical has shut down its business, the Debtors must certify before this Court that it is still operating or propose a suitable alternative.

12. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

13. This resolves docket entry nos. \_\_\_\_\_ and \_\_\_\_\_ in 17-3283.

Dated _____, 2022

_____
LAURA TAYLOR SWAIN
United States District Judge