**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING THE MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL. PURSUANT TO TITLE III OF PROMESA, (B) OCCURRENCE OF THE EFFECTIVE DATE, AND (C) EXTENSION OF <u>ADMINISTRATIVE CLAIM BAR DATE FOR CERTAIN PARTIES</u>**

**TO CREDITORS AND OTHER PARTIES IN INTEREST:**

> The deadline to a proof of Administrative Expense Claim against (i) the Commonwealth of Puerto Rico, (ii) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, or (iii) the Puerto Rico Public Buildings Authority has been extended to **\_\_\_\_], 2022** for certain parties, as further detailed below. Please review this notice carefully.
>
> **If you are required to file a proof of Administrative Expense Claim and fail to timely do so, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1. Pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "Confirmation Order"), the *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"), was confirmed by the United States District Court for the District of Puerto Rico (the "Court"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and the Confirmation Order.

2. The Effective Date of the Plan occurred on March 15, 2022, and the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "Effective Date Notice") was filed and served in connection therewith.

3. Any party in interest wishing to obtain copies of the Confirmation Order, the Plan, and related documents should contact Kroll Restructuring Administration LLC ("Kroll"), by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

**Extension of Administrative Claim Bar Date**

4. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for parties asserting Administrative Expense Claims against

2

the Debtors to file a proof of Administrative Expense Claim was June 13, 2022 (the "Bar Date").

5. Section 1.52 of the Plan defines "Administrative Expense Claim" as:

> A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code ***arising during the period up to and including the Effective Date***, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim. (emphasis added).

6. 6. Pursuant to the *Order Extending the Administrative Claim Bar Date for Certain Parties* [ECF No. ____] (the "Extension Order"), the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") has been extended to **5:00 p.m. (prevailing Atlantic Time) on [____], 2022** (the "Extended Administrative Claim Bar Date") if you are seeking to assert any claim or cause of action:

> (A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and

> (B) you did not receive service of the Effective Date Notice. A complete list of parties who were served the Effective Date Notice is available at https://cases.primeclerk.com/puertorico/.

> This extension does not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

3

**Exceptions to Filing Administrative Expense Requests**

7. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, no proof of Administrative Expense Claim is required to be filed for the following types of Claims:

    (a) Claims incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim.

    (b) Professional Claims.

    (c) Intergovernmental Claims.

    (d) Administrative Expense Claims of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable.

    (e) Claims related to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date to March 15, 2022 (the Effective Date).

    (f) Claims that are subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements.

    (g) Claims that are the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order. (h) Eminent Domain/Inverse Condemnation Claims.

    (i) Claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, P.R. Laws ann. tit. 34 §§ 1724 *et seq.*

    (j) Claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 *et seq.*

    (k) Tax refund Claims.

    (l) Claims authorized to be asserted pursuant to P.R. Laws ann. tit. 32 § 3077(a) and 3085 to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

    (m) Claims authorized to be asserted pursuant to 42 U.S.C. § 1983 ("Section 1983").

    (n) Claims authorized to be asserted pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and Act 100 of June 30, 1959, P.R. Laws ann. tit. 29 §§ 146 *et seq.* ("Act. 100").

8.  If you are party to a litigation, proceeding, or action asserting a claim pursuant to Act 100, Title VII, Section 1983 and P.R. Laws ann. tit. 32 § 3077(a) and 3085, to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, the injunctions in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order have been modified to allow such litigation to proceed to final judgment and execution, including any appeals. If you have a claim for these actions that arose after the Petition Date but prior to the Effective Date, the injunctions in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order have been modified to allow such litigation to be initiated and proceed to final judgment and execution, including any appeals.

**How to File a Proof of Claim**

9.  All Administrative Expense Requests should be sent as follows:

    (i)  by completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or

    (ii) if delivered by first class mail, hand delivery, or overnight courier, at the following address: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Administrative Expense Requests, to the extent subject to the Extended Administrative Claim Bar Date, will be deemed timely filed only if **actually received** by Kroll by 5:00 p.m. **(prevailing Atlantic Time)** on [___], 2022 (the "Administrative Deadline"). The Administrative Expense Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

11. Once presented, these Administrative Expense Claims shall proceed to be litigated as Contested Matters or Adversary Proceedings pursuant to PROMESA and the Bankruptcy Code, as applicable according to the complexity of the case.

12. **If you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan, decretal paragraph 44 of the Confirmation Order, and the Extension Order and fail to do so by the Administrative Deadline or the Bar Date, as applicable, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

13. The Confirmation Order is a full, final, and complete order, intended to be, conclusive and binding upon all parties in interest, is not intended to be subject to collateral attackin any other forum, and may only be challenged in accordance with applicable rules in the Court and appealed as provided in PROMESA and other applicable federal laws, rules and jurisprudence, by (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Commonwealth and its instrumentalities, (iv) each Entity asserting claims or other rights against the Commonwealth or any other Commonwealth instrumentality, including each holder of a bond claim and each holder of a beneficial interest (directly or indirectly, as principal, agent, counterpart, subrogee, insurer or otherwise) in respect of bonds issued by the Debtors or any Commonwealth agency or with respect to any trustee, any collateral agent, any indenture trustee, any fiscal agent, and any bank that receives or holds funds related to such bonds, whether or not such claim or other rights of such Entity are impaired pursuant to the Plan and, if impaired, whether or not such Entity accepted the Plan, (v) any other Entity, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, officers, directors, agents, representatives, attorneys, beneficiaries or guardians; provided, however, that the

6

compromises and settlements set forth in the Plan and the Confirmation Order with respect to the priority of the New GO Bonds and the CVIs under PROMESA, the Commonwealth Constitution, or other applicable law shall not be binding on any party in interest (including any successor to the Oversight Board) in a subsequent Title III (or other insolvency) proceeding.

Dated: _____

      San Juan, Puerto Rico