# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | **Re: ECF No. 21854** |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors. | |

**O'NEILL & BORGES LLC'S MOTION TO STRIKE *"CARLOS LAMOUTTE'S [SO-CALLED] REPLY AND INFORMATIVE MOTION TO PLACE UNDER JUDICIAL NOTICE CERTAIN ADJUDICATIVE FACTS PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE"* AT DOCKET NUMBER 22320 AND FOR OTHER RELIEF**

To the Honorable United States District Court Judge Laura Taylor Swain:

O'Neill & Borges LLC ("O&B") respectfully submits this motion to strike certain references in *Carlos Lamoutte's [So-Called] Reply and Informative Motion To Place Under Judicial Notice Certain Adjudicative Facts Pursuant to Rule 201 of The Federal Rules of Evidence* (the "*Reply*"), filed *pro se* by citizen and Puerto Rico-admitted attorney[1] Mr. Carlos M. Lamoutte Navas, Esq. ("Attorney Lamoutte") at Docket Entry No. 22320. In support of this motion to strike, O&B respectfully states as follows:

---

[1] On information and belief, Mr. Lamoutte is not admitted to practice before the bar of the U.S. District Court for the District of Puerto Rico. He is, however, an attorney admitted to practice before the bar of the Supreme Court of the Commonwealth of Puerto Rico.

1

**PRELIMINARY STATEMENT**[2]

In his repeated pattern of harassment and legally deficient filings, Attorney Lamoutte yet again files a document entitled one thing, which is something else entirely. In this most recent bout, Attorney Lamoutte has filed a motion he labels a "reply and informative motion," but his filing is yet another pretext to continue his defamation campaign against O&B, its client, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), and its other consultants and advisors. This time, however, Attorney Lamoutte files his purported *Reply* after this Court has already:

- Stricken from the record his so called "*Informative Motion*"[3] because "the materials either restate arguments and factual allegations already thoroughly addressed in briefing [Attorney Lamoutte's] Motion to Disqualify [O&B[4]] … or to raise new arguments and factual allegations that are outside the scope of [such] Motion to Disqualify." *See*, Court Order at Docket No. 21970.

- Overruled Attorney Lamoutte's belated objection to the motion requesting that his *Informative Motion* be stricken. *See*, Court Order at Docket No. 21989.

---

[2] Capitalized terms used in this Preliminary Statement but not otherwise defined shall have the meanings given to them in the sections below or in O&B's earlier reaction to Attorney Lamoutte's prior outrageous filing, as mentioned in more detail below.

[3] *See*, the stricken "*Informative Motion Regarding Shared Conflictive Connections of Professional Persons Employed by The Financial Oversight and Management Board For Puerto Rico, and Supplement to The 'Motion To Intervene and To Inform The Existence and Continuance of an Unresolvable Conflict of Interest in Violation of The Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. § 2101 Et Seq., and Petition For: (A) The Permanent Disqualification of O'Neill & Borges, LLC As Legal Counsel To The Financial Oversight and Management Board For Puerto Rico, and (B) The Disallowance and Disgorgement Of Legal Fees', Docket Entry No. 20873"* at Docket No. 21854 (the "Informative Motion").

[4] *Motion To Intervene and To Inform The Existence And Continuance of An Unresolvable Conflict of Interest In Violation of The Puerto Rico Recovery Accuracy In Disclosures Act Of 2021, 48 U.S.C. 2101 (Sic) Et Seq. and Petition For: (A) The Permanent Disqualification of O'Neill & Borges LLC As Counsel To The Financial Oversight and Management Board For Puerto Rico, and (B) The Disallowment And Disgorgement Of Legal Fees.*[4] *See,* Docket No. 20873 in Case No. 17-3283 (the "Motion to Disqualify O&B")

2

- Denied his motion to reconsider the order striking his *Informative Motion*, because "Mr. Lamoutte never requested leave to file an additional pleading concerning the underlying Motion to Disqualify, and his Informative Motion was therefore procedurally improper under section III.L of the *Sixteenth Amended Notice, Case Management and Administrative Procedures*." *See*, Court Order at Docket No. 21020 (italics in original).

- Denied Attorney Lamoutte's request to consolidate his motion to disqualify O&B with his motion to disqualify McKinsey & Company Puerto Rico Consulting, Inc. and its affiliates (collectively, "McKinsey"), because, among other things, it failed "to sufficiently demonstrate a meaningful legal or factual overlap so as to warrant consolidation of the Underlying Motions." *See*, Court Order at Docket No. 22146.

Notwithstanding this Court's clear orders indicating no further filings may be submitted with respect to his *sub judice Motion to Disqualify O&B*, and rejecting any non-existent overlap between McKinsey's role as a consultant to FOMB and O&B, in his so-called *Reply* to the filings by McKinsey and the FOMB, Attorney Lamoutte mentions O&B **over ninety times**. The *Reply* further accuses O&B, among many other unwarranted invectives, of "lack of truthfulness and candor" (¶5), "collusive behavior" (¶6), attempting to "conceal" information from the Court (¶14), "self-dealing conduct" (¶22), a "pattern of misconduct" (¶24), "play[ing] on both sides of the fence (¶28), omitting information "knowingly. intentionally and in bad faith" (¶39) and "lying to the Court" (¶40).

Because the *Reply* is yet another *sub rosa* reply and a continuation of Attorney Lamoutte's vexatious and harassing behavior. Because of this most recent submission constitutes yet another unauthorized, unprovoked and unwarranted filing which fails to sufficiently demonstrate a

3

meaningful legal or factual basis, O&B moves to strike any references to O&B in Attorney Lamoutte's *Reply*.

**ARGUMENT**

1. After an exchange of letters with the Office of the U.S. Trustee where Attorney Lamoutte first raised his unfounded theories regarding the purported applicability of the *Puerto Rico Recovery Accuracy in Disclosures Act* of 2021, Pub. L. 117-82 of Jan. 20, 2022, 136 Stat. 3 ("PRRADA") to a Loan Sale Agreement impacting his clients and entered into as of September 7, 2018 by and between the Economic Development Bank for Puerto Rico (by its Spanish acronym, the "BDE"), as seller, and PR Recovery and Development, LLC and PR Recovery and Development REO, LLC, as purchasers, pursuant to which a $384,269,047 commercial loan portfolio was transferred by the BDE" (the "BDE Agreement"), Attorney Lamoutte filed his *Motion to Disqualify O&B*.

2. The subsequent procedural events are elaborated and explained in O&B's first motion to strike a filing by Attorney Lamoutte,[5] and are incorporated herein by reference.

3. Suffice it to say here that, on May 20, 2022, this Court issued an order setting a briefing schedule to address the *Motion to Disqualify O&B*,[6] where the Court confirmed that after the pertinent opposition by O&B and **a single reply** by Attorney Lamoutte, **"[t]he Court [would] thereafter take the Motion on submission**."[7]

---

[5] *See*, O'Neill & Borges LLC 's Motion To Strike Carlos Lamoutte's [So-Called] "Informative Motion Regarding Shared Conflictive Connections Of Professional Persons Employed By The Financial Oversight And Management Board For Puerto Rico, And Supplement To The 'Motion To Intervene And To Inform The Existence And Continuance Of An Unresolvable Conflict Of Interest In Violation Of The Puerto Rico Recovery Accuracy In Disclosures Act Of 2021, 48 U.S.C. § 2101 Et Seq., And Petition For: (A) The Permanent Disqualification Of O'Neill & Borges, LLC As Legal Counsel To The Financial Oversight And Management Board For Puerto Rico, And (B) The Disallowance And Disgorgement Of Legal Fees,'..."*, Docket No. 21938, filed on August 26, 2022.

[6] *See,* Docket No. 20923.

[7] *Id.* (emphasis added).

4

4. Moreover, on July 27, 2022, and in reaction to another unwarranted filing by Attorney Lamoutte, this Court declared that to "[t]the extent [such filing] raise[d] issues that have already been raised in connection with the [*Motion to Disqualify O&B*], such issues will be addressed by the Court in due course in the context of that motion, **and no further submissions concerning [this]… are required**."[8]

5. Undeterred by the Court's warnings, on August 26, 2022, Attorney Lamoutte filed his badly named *Informative Motion,* where he used McKinsey's PRRADA disclosures as an excuse to continue his haranguing filings against O&B with a diatribe of harassing and irrelevant allegations.

6. At O&B's behest,[9] the *Informative Motion* was stricken from the record on August 30, 2022, because "the materials either restate arguments and factual allegations already thoroughly addressed in briefing [Attorney Lamoutte's] Motion to Disqualify [O&B[10]] … or to raise new arguments and factual allegations that are outside the scope of [such] Motion to Disqualify."[11]

7. A day later, on September 1, 2022, Attorney Lamoutte filed his *Motion to Intervene and to Inform the Existence and Continuance of Unresolvable Conflicts of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition*

---

[8] *Id*. (emphasis added).

[9] *See,* Docket No. 20873.

[10] *Motion To Intervene and To Inform The Existence And Continuance of An Unresolvable Conflict of Interest In Violation of The Puerto Rico Recovery Accuracy In Disclosures Act Of 2021, 48 U.S.C. 2101 (Sic) Et Seq. and Petition For: (A) The Permanent Disqualification of O'Neill & Borges LLC As Counsel To The Financial Oversight and Management Board For Puerto Rico, and (B) The Disallowment And Disgorgement Of Legal Fees.*[10] *See,* Docket No. 20873 in Case No. 17-3283 (the "*Motion to Disqualify O&B*")

[11] *See*, Court Order at Docket No. 21970. Attorney Lamoutte's belated opposition to O&B's motion to strike, Docket No. 21975, as well as his motion for reconsideration of the order striking his *Informative Motion*, Docket No. 21990, were also rejected by the Court. *See*, Docket Nos. 21989 and 22020.

*for: (A) The Permanent Disqualification of McKinsey & Company, Inc. and Its Affiliates as Advisors to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (the "*Motion to Disqualify McKinsey*").[12]

8. Attorney Lamoutte's *Motion to Disqualify McKinsey* is not only misguided and offensive, as already explained by counsel for the FOMB and McKinsey in their respective oppositions,[13] but it also incorporates a rehash of his attacks against O&B set forth in Attorney Lamoutte's so-called *Informative Motion*, which the Court had already struck as inappropriate and untimely.

9. Not satisfied with this surreptitious attack against O&B in a court filing which O&B technically has no standing to rebut, on September 6, 2022, *Carlos Lamoutte's Motion to Consolidate Disqualification Complaints Filed Under the Puerto Rico Recovery Accuracy in Disclosures Act of 2021 Pursuant to Rule 42 of the Federal Rules of Civil Procedure* (the "*Motion to Consolidate*") was filed.[14]

10. The Motion to Consolidate was also promptly denied by the Court a day after its filing, because it failed "to sufficiently demonstrate a meaningful legal or factual overlap so as to warrant consolidation of the Underlying Motions." [15] Nonetheless, it is noteworthy that twelve (12) of the sixteen (16) paragraphs of the *Motion to Consolidate* were almost identical to the stricken *Informative Motion* attacking O&B.

11. With full knowledge of the contents of this Court's previous orders, on September 16, 2022, Attorney Lamoutte then filed his *Reply*.

---

[12] *See,* Docket No. 22025.

[13] *See,* Docket Nos. 22216 and 22232.

[14] *See*, Docket No. 22090.6

[15] *See*, Court Order at Docket No. 22146.

6

12. The *Reply* is beset with abusive and offensive assaults against the FOMB and McKinsey which lack any factual support, for which reason alone it should be stricken from the record, but its shortcomings do not end there.

13. As already described above, the *Reply* is yet another excuse for Attorney Lamoutte to continue his defamation campaign against O&B in a court filing unrelated to any request for relief involving O&B. Thus, in a filing purportedly geared towards challenging McKinsey's role as the FOMB's consultant, the *Reply* mentions O&B ***over ninety times***.

14. Grounded merely on Attorney Lamoutte "say-so" and his own personal misinterpretation of O&B's PRRADA disclosures, the *Reply* accuses O&B, among many other unwarranted insults, of "lack of truthfulness and candor" (¶5), "collusive behavior" (¶6), attempting to "conceal" information from the Court (¶14), "self-dealing conduct" (¶22), a "pattern of misconduct" (¶24), "play[ing] on both sides of the fence" (¶28), omitting information "knowingly. intentionally and in bad faith" (¶39) and "lying to the Court" (¶40). Attorney Lamoutte's other filings—even if stricken from the record or rejected by the Court-- included similarly intemperate and unsubstantiated allegations, reflecting a chronic tendency to use

7

belligerent and insulting prose in referring to O&B, McKinsey, the FOMB and their representatives.[16]

15. All of this unnecessary and disparaging name-calling takes place by a now-self acknowledged "corporate attorney"[17] who lacks any **personal knowledge** of the operations of either McKinsey or O&B, but who has chosen to disregard logic and verified statements by those who do, to conclude that purported conflicting representations exist where none are present. Moreover, they have been filed with complete disregard of this Honorable Court previous statements alerting him that no additional filings regarding the *Motion to Disqualify O&B* will be allowed.

16. Under the circumstances, this Honorable Court has inherent authority to award sanctions by finding Attorney Lamoutte has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991); *see, also*, *Confederación Hípica de Puerto Rico, Inc. v. Confederación de Jinetes Puertorriqueños, Inc.,* 30 F.4th 306, 317 (1st Cir. 2022). Caselaw has recognized that federal courts may draw from an ample menu of potential sanctions when making this determination. This includes, of course, an award of attorney's fees, in a departure from the "American Rule" on fee-shifting. Chambers, 501 U.S. at 45; *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 13 (1st Cir. 1995) ("It is beyond serious dispute that a district court may use its inherent powers to assess attorneys' fees against a party that has

---

[16] To add insult to injury, the *Reply* was promptly followed by Attorney Lamoutte's filing of September 27, 2022, entitled **"***Carlos Lamoutte's [So-Called] Informative Motion To Place Under Judicial Notice Certain Adjudicative Facts Pursuant To Rule 201 Of The Federal Rules Of Evidence*" at Docket Number 22401 (the "*Second Informative Motion*"). The *Second Informative Motion* mentions O&B twelve (12) times and repeats some of his previous slanderous phrases, by again accusing O&B of being "deceitful" (¶1) and of participating in "collusive behavior" (¶2). The Court *motu proprio* struck the *Second Informative Motion* on September 28, 2022 (Docket No. 22404), because it found that, among other things, "the [*Second Informative Motion*] is an untimely additional reply brief that has been submitted by Movant without leave of Court, notwithstanding that Movant already filed a timely reply brief just eight days ago."

[17] *See*, *Reply*, ¶24.

acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (internal quotation marks omitted). The imposition of attorneys' fees as a sanction "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers*, 501 U.S. at 46 (internal citations omitted).

17. While "the line between legitimate criticism and insult can be a blurry one," *Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1331 (11th Cir. 2002), given the repeated nature of Attorney Lamoutte' unfounded accusations and the tone in which they are voiced, sanctions are appropriate here. *See, e.g., In re Zeno*, 504 F.3d 64 (1st Cir. 2007) *(* holding District court did not abuse its discretion in imposing sanctions based on attorney's disrespectful submissions to court, despite attorney's contention that court overreacted by taking umbrage at appropriate criticism concerning judicial administration and other matters of public interest, where attorney repeatedly made unfounded accusations that various judges were guilty of dishonesty, partiality, stupidity, or possible criminality, and attorney had chronic tendency to use belligerent and insulting prose in addressing judges*)*; *In re Cordova–Gonzalez,* 996 F.2d 1334, 1335–36 (1st Cir. 1993) (*per curiam*) (noting that "[a]ttorneys have on a number of occasions been disbarred" for "vitriolic and ... unfounded personal assaults" on court and opposing counsel, and finding that record supported conclusion that counsel's "abusive and disrespectful language" violated ABA Model Rules); *United States v. Cooper,* 872 F.2d 1, 3 (1st Cir. 1989) ("Nor may an attorney seek refuge within his own First Amendment right of free speech to fill a courtroom with a litany of speculative accusations and insults...").

9

18. Attorney Lamoutte's defamatory pretextual contentions regarding O&B's PRRADA disclosures remain nothing more that the desperate attempts of a frustrated litigator shopping for a federal forum that will entertain his clients purported interests' in a contract rejection case challenging the BDE Agreement, an issue which remains *sub judice* before the Puerto Rico Court of First Instance, San Juan Part, in Civil Case Number SJ2019CV11697, captioned *Banco de Desarrollo Economico Para Puerto Rico v. Garnet Capital Advisors LLC, PR Recovery and Development REO, LLC, PR Recovery and Development JV, LLC, and Parliament Capital Management LLC*." But his repetitive and vexatious conduct should no longer be tolerated.

19. Because of their insulting nature, as well as the fact that they are yet again unwarranted filings relating to Attorney Lamoutte's *sub judice Motion to Disqualify O&B,* sanctions must be imposed on Attorney Lamoutte to prevent future similar conduct, including the imposition of the attorney's fees expended by O&B in preparing this motion.

20. Moreover, the *Reply* must be stricken from the record, without leave to refile, or, alternatively, any reference to O&B in the *Reply* and the *Second Informative Motion* should be stricken from the record.

## CONCLUSION

For the foregoing reasons, O'Neill & Borges LLC respectfully requests that the Court:

i. Strike *Carlos Lamoutte's [So-Called] Reply and Informative Motion To Place Under Judicial Notice Certain Adjudicative Facts Pursuant to Rule 201 of The Federal Rules of Evidence* at Docket Entry No. 22320, without leave to refile;

ii. Alternatively, order the redaction from such filings of any and all references to O&B; and

      iii.    Impose sanctions upon corporate attorney Carlos M. Lamoutte Navas, Esq., including the payment of the attorney's fees expended by O'Neill & Borges LLC in the drafting of this motion.

| | |
|---|---|
| Dated: September 30, 2022<br>San Juan, Puerto Rico. | Respectfully submitted,<br><br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel:    (787) 764-8181<br>Fax:   (787) 753-8944<br><br>*/s/ Carla García Benítez*<br>Carla García Benítez<br>USDC No. 203708<br>Email: carla.garcia@oneillborges.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Carla García Benitez*
Carla García Benítez