UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING FOUR HUNDRED TWENTY-SECOND OMNIBUS
OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER
AUTHORITY TO CLAIMS THAT ARE SATISFIED AND NO LIABILITY CLAIMS

Upon the *Four Hundred Twenty-Second Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Satisfied and No Liability Claims* (Docket Entry No. 20048) (the "Four Hundred Twenty-Second Omnibus Objection"),[2] filed by the Puerto Rico Electric Power Authority ("PREPA"), dated February 4, 2022, for entry of an order reducing the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Twenty-Second Omnibus Objection.

amount of certain claims filed against PREPA on the basis that these claims are partially satisfied and that PREPA has no liability for the remaining portions of the claims, as more fully set forth in the Four Hundred Twenty-Second Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Four Hundred Twenty-Second Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Four Hundred Twenty-Second Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Four Hundred Twenty-Second Omnibus Objection (collectively, the "Claims to Be Disallowed") having been found to be satisfied in part; and the Court having determined that the remaining portions of the Claims to Be Disallowed seek recovery of amounts for which PREPA is not liable; and the Court having determined that the relief sought in the Four Hundred Twenty-Second Omnibus Objection is in the best interest of PREPA and its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Four Hundred Twenty-Second Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Four Hundred Twenty-Second Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that Kroll is authorized and directed to designate the Claims to Be Disallowed as expunged on the official claims register in the PREPA Title III Case; and it is further

ORDERED that this Order resolves Docket Entry No. 20048 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: October 3, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge