**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors and Reorganized Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| CARLOS LAMOUTTE,<br><br>Movant,<br><br>-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>on its own behalf and as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Respondent. | Re: ECF No. 22320 |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO TO CARLOS LAMOUTTE'S
INFORMATIVE MOTION TO PLACE UNDER
JUDICIAL NOTICE CERTAIN ADJUDICATIVE FACTS
PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response and opposition (the "Opposition") to *Carlos Lamoutte's Informative Motion to Place Under Judicial Notice Certain Adjudicative Facts Pursuant to Rule 201 of the Federal Rules of Evidence* [ECF No. 22320] (the "Informative Motion for Judicial Notice"), filed September 16, 2022 by Carlos Lamoutte ("Mr. Lamoutte") and entered by this Court on September 20, 2022.[3]

**RESPONSE**

1. Mr. Lamoutte's Informative Motion for Judicial Notice fails on its face because informative motions cannot request relief against another litigant. Mr. Lamoutte's informative motion requests the Court take judicial notice of certain purported facts relating to the entities identified in Mr. Lamoutte's Motion to Intervene.

2. As with Mr. Lamoutte's Motion to Intervene, the Informative Motion for Judicial Notice is grounded in incendiary and wholly false allegations such as alleging the Oversight Board of having become a "racketeering-prone organization," as well as a fundamental misunderstanding

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Mr. Lamoutte's Informative Motion for Judicial Notice is combined with his Reply brief in support of his *Motion to Intervene and to Inform the Existence and Continuance of Unresolvable Conflicts of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) The Permanent Disqualification of McKinsey & Company, Inc. and Its Affiliates as Advisors to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* [ECF No. 22025] (the "Motion to Intervene"). The Oversight Board's filing responds only to the Informative Motion for Judicial Notice and is not intended to be a sur-reply to the Reply portion of his submission. In so doing, the Oversight Board notes that it is improper to combine a motion with a reply brief.

1

of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, Pub. L. No. 117-82 ("PRRADA"). Indeed, it appears the Informative Motion for Judicial Notice is little more than an attempt to raise inflammatory and baseless attacks against the Oversight Board and its advisors.

3. The Informative Motion for Judicial Notice further supports the Oversight Board's position that Mr. Lamoutte has met and surpassed the vexatious litigation standard under 28 U.S.C. § 1927, warranting the Court to require Mr. Lamoutte to satisfy personally the excess costs, expenses, and attorneys' fees required by his filings. The Oversight Board has previously detailed the multitude of repetitive filings Mr. Lamoutte has submitted addressing his unsupported allegations that some of the Oversight Board's advisors are not disinterested and attacking the Oversight Board and its staff. *See* Exhibit A to ECF No. 22216 ("Opp. to Mot. to Intervene") (chart listing the filings Mr. Lamoutte made in this Court). Since then, Mr. Lamoutte has filed the Motion for Judicial Notice, and a similar *Informative Motion to Place Under Judicial Notice Certain Adjudicative Facts Pursuant to Rule 201 of the Federal Rules of Evidence* [ECF No. 22401] ("Second Motion for Judicial Notice"). The Court, *sua sponte*, struck the Second Motion for Judicial Notice as an improper sur-reply, noting that it was "the third time that the Court has issued an order bringing this requirement to Movant's attention." ECF No. 22404 at 2.

4. The Oversight Board does not currently request an order that Mr. Lamoutte be personally sanctioned, and would not make the request in a response to an informative motion. But, if Mr. Lamoutte does not cease his vexatious litigation efforts, the Oversight Board is prepared to do so.

5. For the reasons above and below the Informative Motion for Judicial Notice should be denied.

6. Mr. Lamoutte's Informative Motion for Judicial Notice purports to support his

Motion to Intervene. But, as has been repeatedly pointed out by the Oversight Board, Mr. Lamoutte's Motion to Intervene should be denied because he lacks standing, is misinterpreting the law, and is proceeding improperly. Taking judicial notice of the purported facts set forth in paragraph 18 of the Informative Motion for Judicial Notice will not cure the fundamental problems with Mr. Lamoutte's Motion to Intervene.[4]

7. *First*, even if the Court took judicial notice of the purported facts requested by Mr. Lamoutte, such information will not change the fact Mr. Lamoutte lacks standing to bring the Motion to Intervene. As explained in the Oversight Board's opposition to the Motion to Intervene, Mr. Lamoutte cannot satisfy the constitutional requirements for standing and he does not have standing to challenge professionals' disclosures under PRRADA. *See* Opp. to Mot. to Intervene ¶¶ 22-23. None of the purported facts of which Mr. Lamoutte seeks judicial notice will cure this fundamental defect in his Motion to Intervene, and he does not attempt to claim otherwise.

8. *Second,* the purported facts of which Mr. Lamoutte petitions the Court to take judicial notice are immaterial to the issues raised by the Motion to Intervene. As the Oversight Board has explained to Mr. Lamoutte and to this Court, McKinsey's and OB's PRRADA disclosures provided the required information regarding their work for the Oversight Board and their connections to entities on the material interested party list ("MIP List"). *See* ECF Nos. 21094

---

[4] Moreover, the alleged facts Mr. Lamoutte petitions this Court to judicially notice do not meet the requirements of Rule 201(b). Rule 201(b) permits district courts to take judicial notice of an adjudicative fact not the subject of reasonable dispute when it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). Here, the majority of the "facts" of which Mr. Lamoutte seeks judicial notice are unsupported assertions about (1) contracts between private and Commonwealth affiliated entities and (2) McKinsey's and O'Neill & Borges' ("OB") client rosters. That is plainly insufficient to support a request to take judicial notice. *See*, *e.g.*, *Seguin v. Textron*, No. 13-CV-012-SJM-LM, 2013 WL 5704947, at *2 (D.R.I. Oct. 17, 2013) (declining to take judicial notice of evidence where proponent neither cited precise webpage reporting evidence, nor provided such information in hard-copy).

3

and 22216.  That certain of McKinsey's and OB's clients may have separately negotiated or obtained contracts with Commonwealth affiliated entities is not a basis, without more, to disqualify the Oversight Board's advisors as Mr. Lamoutte erroneously contends.  Given that Mr. Lamoutte has provided the Court with nothing more than rank speculation in support of his accusations of conflict – in contrast to the declarations submitted by OB and McKinsey stating under penalty of perjury no such conflicts exist – it would serve no purpose for this Court to take judicial notice of the so-called facts.  *See United States v. Carrasco-Castillo*, 427 F. Supp. 3d 266, 271 (D.P.R. 2019) ("taking notice of facts that are irrelevant … or collateral is contrary to the policies underlying Rule 201's judicial notice provisions").

9. For the foregoing reasons, the Informative Motion for Judicial Notice should be denied in its entirety.

*[Remainder of Page Intentionally Left Blank]*

4

Dated: October 4, 2022
San Juan, Puerto Rico

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

**OF COUNSEL FOR**
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260


*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com

Guy Brenner (*pro hac vice*)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel:    (202) 416-6800
Fax:    (202) 416-6899
Email: gbrenner@proskauer.com


*Attorneys for the Financial Oversight and Management Board for Puerto Rico, on its own behalf and as representative of the Commonwealth of Puerto Rico*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle Emmanuelli