UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED AND OVERSTATED CLAIMS

Upon the *Three Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* (Docket Entry No. 17932) (the "Three Hundred Sixty-Fifth Omnibus Objection"), filed by the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), dated August 20, 2021, for entry of an order reclassifying certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Sixty-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Fifth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Sixty-Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Sixty-Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims*, dated May 24, 2022 (Docket Entry No. 20971, the "Notice"), for entry of an order reclassifying the Claim to Be Heard (as defined below) and the Claims to Be Reclassified via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearing held on the Three Hundred Sixty-Fifth Omnibus Objection on January 19-20, 2022, and the rulings made therein, sustaining the Three Hundred Sixty-Fifth Omnibus Objection as to Proof of Claim No. 33429 (the "Claim to Be Heard") on the grounds that the claimant has not provided any valid basis for asserting a priority or secured claim; and the Court having determined that the relief sought in the Three Hundred Sixty-Fifth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Sixty-Fifth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Sixty-Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

ORDERED that the Claim to be Heard and the Claims to Be Reclassified via Notice of Presentment (collectively, the "Claim to Be Reclassified") are hereby reclassified, such that the Claims to Be Reclassified shall now only be considered claims asserted as general unsecured claims, as set forth in the column titled "Modified Claim" in Exhibit A to the Three Hundred Sixty-Fifth Omnibus Objection, respectively;[3] and it is further

ORDERED that the Debtors' right to object to the Claims to Be Reclassified is reserved; and it is further

ORDERED that this Order resolves Docket Entry Nos. 17932 and 21165 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: October 4, 2022

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3] The Court has received and reviewed the letter (Docket Entry No. 21165 in Case No. 17-3283) (the "Letter") filed by claimant Victor O. Henson Bousquets, appearing pro se, requesting payment of $4.5 million as asserted in the proof of claim filed by Mr. Henson Bousquets. On January 20, 2022, the Court sustained the Oversight Board's request to reclassify and reduce Mr. Henson Bousquets' claim on the basis that (i) "the claimant has not provided any factual or legal basis for treatment of the claim as an administrative priority claim, and [the proof of claim] does not provide any basis for treatment of the claim as a secured claim," and (ii) "the 4,500,000 dollar amount listed in the claim registry is plainly the result of inaccurate computations." (Jan 20, 2022, Hr'g Tr. at 104:2-17.) To the extent the Letter seeks reconsideration of those rulings, it fails to present any legal or factual basis for reconsideration, and any such request is denied.