UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED SIXTY-SEVENTH OMNIBUS
OBJECTION (NON-SUBSTANTIVE) OF THE EMPLOYEES RETIREMENT
SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
TO PENSION-RELATED CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR

Upon the *Three Hundred Sixty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Asserted Against the Incorrect Debtor* (Docket Entry No. 17933) (the "Three Hundred Sixty-Seventh Omnibus Objection"), filed by the Employees Retirement System

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of the Government of the Commonwealth of Puerto Rico ("ERS" or the "Debtor"), dated August 20, 2021, for entry of an order reclassifying certain claims filed against the Debtors, as more fully set forth in the Three Hundred Sixty-Seventh Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Sixty-Seventh Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Sixty-Seventh Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Sixty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Asserted Against the Incorrect Debtor*, dated May 24, 2022 (Docket Entry No. 20972, the "Notice"), for entry of an order reclassifying the Claims to Be Heard (as defined below) and the Claims to Be Reclassified via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearings held on the Three Hundred Sixty-Seventh Omnibus Objection on January 19-20, 2022 and February 16-17, 2022, and the rulings made therein, sustaining the Three Hundred Sixty-Seventh Omnibus Objection as to Proof of Claim Nos. 9987, 16543, and 106655 (the "Claims to Be Heard") on the grounds that the liabilities they assert are properly asserted, if at all, against the Commonwealth; and the Court having determined that the relief sought in the Three Hundred Sixty-Seventh Omnibus Objection is in the best interests of ERS, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Sixty-Seventh Omnibus Objection establish just cause for the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Sixty-Seventh Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to be Heard and the Claims to Be Reclassified via Notice of Presentment (collectively, the "Claim to Be Reclassified") are hereby Reclassified in their entirety as set forth below; and it is further

ORDERED that the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Sixty-Seventh Omnibus Objection are hereby reclassified to be claims asserted against the Title III debtor(s) indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Debtors' right to object to the Claims to Be Reclassified, as defined in the Three Hundred Sixty-Seventh Omnibus Objection, is reserved; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Sixty-Seventh Omnibus Objection from ERS's Title III Case (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686) to the Title III case for the debtor(s) identified in the column titled "Corrected" in Exhibit A to the Three Hundred Sixty-Seventh Omnibus Objection; and it is further

ORDERED that this Order resolves Docket Entry No. 17933 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: October 4, 2022

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge