UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER CONCERNING RESPONSE OF THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO TO CARLOS LAMOUTTE'S
INFORMATIVE MOTION TO PLACE UNDER JUDICIAL NOTICE CERTAIN
ADJUDICATIVE FACTS PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE

The Court has received and reviewed the *Response of the Financial Oversight and Management Board for Puerto Rico to Carlos Lamoutte's Informative Motion to Place Under Judicial Notice Certain Adjudicative Facts Pursuant to Rule 201 of the Federal Rules of Evidence* (Docket Entry No. 22468 in Case No. 17-3283)[2] (the "Pleading"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board").

Although the Oversight Board characterizes the Pleading as a "response" to the relief sought in *Carlos Lamoutte's Informative Motion to Place Under Judicial Notice Certain Adjudicative Facts Pursuant to Rule 201 of the Federal Rules of Evidence* (Docket Entry No. 22320) (the "Reply") and disclaims any intention to file a sur-reply to the Reply, the Pleading primarily reiterates arguments thoroughly addressed in briefing the *Motion to Intervene and to Inform the Existence and Continuance of Unresolvable Conflicts of Interest in Violation of the*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references herein are to the docket of Case No. 17-3283.

*Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of McKinsey & Company, Inc. and Its Affiliates as Advisors to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (Docket Entry No. 22025) (the "Motion to Disqualify"), which remains sub judice, and responds to the arguments raised in the Reply.  (See Pleading ¶ 3 (reiterating contention that Mr. Lamoutte's allegations are "unsupported" and his filings "vexatious"); ¶ 6 (reiterating Oversight Board's view of the merits of the Motion to Disqualify); ¶ 7 (reiterating argument that Mr. Lamoutte lacks standing); ¶ 8 (arguing that the facts raised in the Reply are "immaterial").)  The Pleading briefly addresses the requirements of Rule 201 of the Federal Rules of Evidence in a single footnote (see Pleading ¶ 6 n.4), but the rest of the Pleading concerns the merits of the Motion to Disqualify with occasional references to Rule 201.  (See e.g., Pleading ¶ 8 (arguing that facts raised by Mr. Lamoutte are "immaterial" and therefore should not be the subject of judicial notice).)

Thus, the Oversight Board has not complied with section III.L of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* (Docket Entry No. 20190-1) (the "Case Management Order"), which provides that "[s]ur-replies shall not be permitted or considered unless authorized by the Court."  To the extent that the Reply proffers "immaterial" or "unsupported" allegations, the parties can be assured that the Court will give such allegations their due weight.  A belief that facts set out in a reply are irrelevant or unsupported is not a basis to disregard the Case Management Order, and the parties' repeated filings concerning these matters, whatever their justification, hinder the timely resolution of these matters.

For the reasons above, the Pleading is hereby stricken.  The parties are hereby ordered to cease filing further pleadings concerning the Motion to Disqualify.  To the extent that the Court finds it necessary to evaluate the truth of the assertions in and the propriety of taking judicial notice of the facts alleged in the Reply, the Oversight Board will be given an opportunity to respond.

SO ORDERED.

Dated: October 4, 2022                                    /s/ Laura Taylor Swain
                                                                         LAURA TAYLOR SWAIN
                                                                         United States District Judge