UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED NINETY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

    Upon the *Three Hundred Ninety-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (Docket Entry No. 18958) (the "Three Hundred Ninety-Fourth Omnibus

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Objection"), filed by the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), dated October 29, 2021, for entry of an order disallowing in their entirety certain claims filed against the Debtors as more fully set forth in the Three Hundred Ninety-Fourth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Ninety-Fourth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Ninety-Fourth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Ninety-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors*, dated May 24, 2022 (Docket Entry No. 20983, the "Notice"), for entry of an order partially disallowing the Claim to Be Heard and Partially Disallowed (as defined below) and disallowing in their entirety the Claims to Be Disallowed via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearing held on the Three Hundred Ninety-Fourth Omnibus Objection on February 16-17, 2022, and the rulings made therein, sustaining the Three Hundred Ninety-Fourth Omnibus Objection as to the portion of Proof of Claim No. 177716 (the "Claim to Be Heard") that has not been transferred into the Commonwealth's administrative claims reconciliation procedures ("ACR"); and the Court having determined that the relief sought

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

in the Three Hundred Ninety-Fourth Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Ninety-Fourth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Ninety-Fourth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim to be Heard and Partially Disallowed is partially disallowed, to the extent it has not been transferred into ACR; and it is further

ORDERED that the Claims to Be Disallowed via Notice of Presentment are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed to designate the portion of the Claim to Be Heard and Partially Disallowed that has not been transferred into ACR as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that Kroll is authorized and directed to designate the Claims to Be Disallowed via Notice of Presentment as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 18958 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: October 4, 2022

                                                  /s/ Laura Taylor Swain  
                                            LAURA TAYLOR SWAIN  
                                            United States District Judge