**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 21912** |

**OBJECTION OF THE COMMONWEALTH OF PUERTO RICO
TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
BACKGROUND .............................................................................................................................. 2
        A.     The Commonwealth's Title III Case.......................................................................... 2
        B.     The Motion and Current Status of the Litigation ..................................... 3
OBJECTION ................................................................................................................................... 4
        A.     Movants' Claims Have Been Discharged and are Permanently
                Enjoined ............................................................................................................................ 4
        B.     Movants Fail to Show Cause for Relief from the Discharge
                Injunction under the Sonnax Factors ......................................................... 5
CONCLUSION ............................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*,
  217 F. Supp. 3d 508 (D.P.R. 2016) ............................................................................. 6, 7, 9, 10

*C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*,
  369 B.R. 87 (D.P.R. 2007) .................................................................................................... 7

*Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin.
  Oversight & Mgmt. Bd.)*,
  899 F.3d 13 (1st Cir. 2018) ................................................................................................... 7

*Goya Foods v. Unanue-Casal (In re Unanue-Casal*,
  159 B.R. 90 (D.P.R. 1993),
  *aff'd without opinion sub nom. Unanue v. Unanue-Casal,* 23 F.3d 395 (1st
  Cir. 1994) .......................................................................................................................... 6, 7

*Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*,
  2006 U.S. Dist. LEXIS 55284 (S.D.N.Y. Aug 4, 2006) ...................................................... 10

*In re Breitburn Energy Partners LP*,
  2017 WL 1379363 (Bankr. S.D.N.Y. Apr. 14, 2017) ........................................................... 8

*In re Breitburn Energy Partners LP*,
  571 B.R. 59 (Bankr. S.D.N.Y. 2017) .................................................................................... 7

*In re City of Stockton*,
  484 B.R. 372 (Bankr. E.D. Cal. 2012) ................................................................................ 11

*In re Cummings*,
  221 B.R. 814 (Bankr. N.D. Ala. 1998) ................................................................................. 8

*In re Fucilo*,
  2002 WL 1008935 (Bankr. S.D.N.Y. Jan. 24, 2002) ............................................................ 5

*In re Motors Liquidation Co.*,
  2010 WL 4630327 (S.D.N.Y. Nov. 8, 2010) ...................................................................... 11

*In re Murrin*,
  477 B.R. 99 (D. Minn. 2012) ................................................................................................ 8

*In re Residential Cap., LLC*,
  2012 WL 3860586 (Bankr. S.D.N.Y. Aug. 8, 2012) ................................................... 7, 9, 10

*In re SquareTwo Fin. Servs. Corp.*,
  2017 WL 4012818 (Bankr. S.D.N.Y. Sept. 11, 2017) .......................................................... 5

*In re Taub*,
   413 B.R. 55 (Bankr. E.D.N.Y. 2009) ..................................................................................... 8

*In re WorldCom, Inc.*,
   2007 WL 841948 (Bankr. S.D.N.Y. Mar. 12, 2007) ............................................................... 5

*Peaje Invs. LLC v. Garcia-Padilla*,
   2016 U.S. Dist. Lexis 153711 (D.P.R. Nov. 2, 2016),
   *aff'd*, 845 F.3d 505 (1st Cir. 2017) ........................................................................................ 7

*Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.)*,
   907 F.2d 1280 (2d Cir. 1990) ............................................................................................. 6, 7

*Trusbro v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prod., Inc.)*,
   311 B.R. 551 (Bankr. C.D. Cal. 2004) ................................................................................. 11

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") respectfully submits this objection (the "Objection") to the *Motion for Relief from Automatic Stay* [ECF No. 21912] (the "Motion"), filed by Cruz Alberto Rivera Quiñones, Luis F. Cruz Figueroa, Cruz Rivera Avilés, Carmen Quiñones Figueroa, Hainze Rivera Quiñones, Lorrainne Quiñones Jorge, Nicmari Rodríguez Colón, Jorge David Rivera Vega, CJRV, Derek Rivera Rodríguez, María de los Ángeles Figueroa Quero, Alexandra M. Dávila Sierra, and CCD (collectively, the "Movants"), plaintiffs in the case captioned *Rivera Quiñones v. Estado Libre Asociado de Puerto Rico*, Case No. 15-2382 (the "Prepetition Action"), pending before the United States District Court for the District of Puerto Rico (the "District Court"). In support of this Objection, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1. Through the Motion, Movants seek an order modifying the automatic stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") to continue litigation of the Prepetition Action. Motion ¶ 48. Pursuant to the Prepetition Action, Movants seek declaratory, injunctive and monetary relief against, among other parties, the Commonwealth, the Puerto Rico Police Department (the "PRPD"), and certain related officials of the PRPD, in connection with asserted violations of Movants' First, Fifth, and Fourteenth Amendment rights arising from Movants' alleged employment with the PRPD during the period from approximately 2008 to 2012.

2. The Motion should be denied because Movants failed to timely file a proof of claim related to the claims asserted in the Prepetition Action as required pursuant to the Bar Date Order (as defined below), and, accordingly, Movants' claims asserted in the Prepetition Action are discharged and barred pursuant to the Commonwealth Plan and Confirmation Order (each as defined below). Granting Movants' request for stay relief to allow Movants to litigate their

asserted claim would circumvent the proof of claim filing requirements in the Bar Date Order and the discharge provided in the Commonwealth Plan and Confirmation Order and prejudice holders of allowed general unsecured claims by potentially diluting their agreed upon negotiated recovery as set forth in the Commonwealth Plan. Furthermore, Movant has otherwise failed to demonstrate "cause" for relief from the discharge injunction pursuant to Bankruptcy Code section 362(d)(1).

## BACKGROUND

### A.  *The Commonwealth's Title III Case*

3.  On May 3, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico (the "Title III Court"), commencing a case under Title III thereof.

4.  On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines And Procedures For Filing Proofs Of Claim And (B) Approving Form And Manner Of Notice Thereof* [ECF No. 2521] (the "Bar Date Order"), establishing May 29, 2018 as the deadline for filing proofs of claim. On May 23, 2018, the Court entered an order [ECF No. 3131] extending the bar date to June 29, 2018 (the "Bar Date").

5.  With respect to employee claims, the Bar Date Order provides that claimants asserting claims based on "tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits" must file a proof of claim. *See* Bar Date Order ¶ 6(g). The Debtor has not been able to locate any proof of claim filed by Movants, either individually or collectively, nor have Movants provided the Debtor with any proof of claim number related to the Prepetition Action.

2

6. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19784] (the "Commonwealth Plan"). Among other things, the Commonwealth Plan and the Confirmation Order provide for an injunction (the "Discharge Injunction") on the prosecution of claims discharged pursuant to the Commonwealth Plan from and after the Effective Date of the Commonwealth Plan. *Commonwealth Plan* § 92.3; *Confirmation Order* ¶ 59.

7. On March 15, 2022, the Commonwealth Plan became effective (the "Effective Date"). Pursuant to the Confirmation Order and the Commonwealth Plan, unless otherwise extended, the Debtor has until September 11, 2022 to assess and object to the allowance of claims, which deadline was extended to March 8, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 21894].[1]

B. **The Motion and Current Status of the Litigation**

8. On September 30, 2015, Movants commenced the Prepetition Action against, among other parties, the Commonwealth, the PRPD, and certain related officials of the PRPD, seeking declaratory and injunctive relief, and compensatory and punitive damages in connection with asserted violations of Movants' First, Fifth, and Fourteenth Amendment rights arising from Movants' alleged employment with the PRPD during the period from approximately 2008 to 2012.

---

[1] *Commonwealth Plan* § 82.1(a); *Confirmation Order* ¶ 42.

3

9. On December 7, 2016, the Commonwealth, the PRPD, and other defendants filed a motion to dismiss the Prepetition Action (the "Motion to Dismiss"), which motion remains pending [ECF No. 204 in Case No. 15-2382].

10. The Prepetition Action remains in the initial stages and has not reached discovery. Therefore, the time to file dispositive motions had not commenced at the time the Prepetition Action was stayed.

11. On August 23, 2022, Movants filed their Motion to seek relief from the automatic stay to continue litigation of the Prepetition Action to final judgment, but not execution.

## OBJECTION

### A. Movants' Claims Have Been Discharged and are Permanently Enjoined

12. Pursuant to the Bar Date Order, Movants were required to file a proof of claim for all their asserted claims in connection with the Prepetition Action. The Bar Date Order required all potential claimants to file a proof of claim against the Debtors for all "claims arising, or deemed to have arisen, prior to the respective commencement dates of the Title III Cases" to have any and all prepetition claims addressed within the Debtors' Title III proceedings by May 29, 2018, which was subsequently extended to June 29, 2018. Bar Date Order ¶ 3(a). Except for certain specific enumerated categories, which are inapplicable to Movants' asserted claims, the Bar Date Order applies to each person or entity asserting a claim against one or more of the Debtors. *Id.* ¶¶ 4, 6.

13. In the Prepetition Action, Movants assert violations of Movants' First, Fifth, and Fourteenth Amendment rights arising from Movants' alleged employment with the PRPD against the Commonwealth, the PRPD, and certain related officials of the PRPD during the period from 2008 to 2012, which accrued five (5) years before the Commonwealth's Title III case, six (6) years prior to the Bar Date, and more than ten (10) years before the Effective Date. Movants' asserted claims arising in connection with Movants' employment from 2008 to 2012 against the

Commonwealth, among others, qualify as claims, arising prior to the commencement of the Title III cases, against one of more of the Debtors. None of Movants' asserted claims come within the enumerated categories within the Bar Date Order where a claimant is not required to file a proof of claim, therefore, Movants were not excused from filing a proof of claim.

14. Accordingly, since Movants did not file a proof of claim as required by the Bar Date Order, Movants' claims were discharged and permanently enjoined pursuant to the Commonwealth Plan and Confirmation Order,[2] which was recently affirmed by this Court's ruling in the *Memorandum Order Concerning Inquiry Motion of Juan Manuel Cruzado-Laureano* (the "Cruzado-Laureano Order") [ECF No. 22349].

### B. *Movants Fail to Show Cause for Relief from the Discharge Injunction under the Sonnax Factors*

15. To the extent the Court interprets the Motion as a request for relief from the Discharge Injunction, courts, including this Court (*see* Cruzado-Laureano Order) have considered such relief under the same "cause" standard as relief from the automatic stay. *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, 2007 WL 841948, at

---

[2] *Commonwealth Plan* § 92.3; *Confirmation Order* ¶ 59. Paragraph 56 of the Confirmation Order and section 92.2 of the Commonwealth Plan provide : "(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Debtors and Reorganized Debtors that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever . . . . Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan."

*5 (Bankr. S.D.N.Y. Mar. 12, 2007). Movants have failed to establish cause exists to lift the Discharge Injunction.

16. "Cause" is not defined in the Bankruptcy Code. *Goya Foods v. Unanue-Casal (In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd without opinion sub nom. Unanue v. Unanue-Casal*, 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant stay relief, courts examine numerous factors, including those set forth in *Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990):

(1) whether relief would result in complete or partial resolution of the issues;

(2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as fiduciary;

(4) whether a specialized tribunal has been established to hear the cause of action at issue;

(5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) whether the action essentially involves third parties rather than the debtor;

(7) whether the litigation could prejudice the interest of other creditors;

(8) whether a judgment in the foreign action is subject to equitable subordination;

(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) the impact of the stay on the parties and the "balance of harms."

*In re Sonnax Indus.,* 907 F.2d at 1286.

17. Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help

6

guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, 907 F.2d at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-95 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. Lexis 153711, at *13 (D.P.R. Nov. 2, 2016), *aff'd*, 845 F.3d 505 (1st Cir. 2017); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in *Sonnax* and recited by the Title III court provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum.").

18. No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 518. Movant bears the initial burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

19. The Sonnax factors clearly weigh against lifting the Discharge Injunction. Denying the Motion would further the goal of the Discharge Injunction and the Confirmation Order, which provides the Debtor a "fresh start" from having to defend itself from claims that were discharged because of the Movants' failure to timely file a proof of claim. Denying the Motion would further avoid interference with the negotiated recoveries of the allowed general unsecured claims under the Commonwealth Plan and their expectations of recovery when voting on the Commonwealth Plan. *See In re Residential Cap., LLC*, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would

7

hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11 cases."). The *Sonnax* factors point squarely toward maintaining the Discharge Injunction and against the relief Movants seek:

20. **_Sonnax_ Factor 1:** The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against lifting the Discharge Injunction. The first *Sonnax* factor does not focus on the issues in the stayed litigation. If it did, the first *Sonnax* factor would always favor lifting the stay because every lawsuit eventually resolves the issues in that particular proceeding. Instead, the first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. *See, e.g.*, *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g.*, *In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012) (citation omitted); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

21. Here, Movants have not established their high burden of establishing cause. *See In re Breitburn Energy Partners LP*, 2017 WL 1379363, at *4 (Bankr. S.D.N.Y. Apr. 14, 2017). Movants fail to identify any bankruptcy issue related to the Commonwealth's Title III case that would be resolved by allowing Movants to proceed with the Prepetition Action. Indeed, the Prepetition Action asserts claims that would have been subject to the claims reconciliation process pursuant to the Commonwealth Plan and Confirmation Order. However, Movants failed to timely file a proof of claim relating to the Prepetition Action, and, therefore, Movants' claim is barred and discharged pursuant to the Commonwealth Plan and Confirmation Order.

8

22. Therefore, the first *Sonnax* factor supports denying the Motion.

23. ***Sonnax* Factor 2**: The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—does not support lifting the stay. Although Movants allege that allowing the Prepetition Action to proceed would not interfere with the Commonwealth's Title III case, lifting the Discharge Injunction would waste the Commonwealth's resources to litigate a claim that has been discharged because Movants failed to timely file a proof of claim with respect thereto. It would also prejudice holders of allowed general unsecured claims by potentially diluting the agreed upon negotiated recovery (*i.e.*, the CW GUC Recovery (as defined in the Commonwealth Plan)) set forth in the Commonwealth Plan, contrary their expected recovery when voting in connection with the Commonwealth Plan. Further, granting the Motion would interfere with the administration of the Title III Case, and circumvent the filing requirements in the Bar Date Order, and the discharge in the Commonwealth Plan and Confirmation Order. *See, e.g.*, *In re Residential Cap., LLC*, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11 cases."). Thus, Sonnax factor 2 weighs in favor of denying the Motion. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause).

24. ***Sonnax* Factor 4**: The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—does not support granting the Motion. The Prepetition Action was filed before the District Court. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

25. ***Sonnax* Factor 5***: The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of the Commonwealth has assumed any financial responsibility in connection with the Prepetition Action. Thus, *Sonnax* factor 5 weighs in favor of denying the Motion.

26. ***Sonnax* Factor 6***: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is not based on whether third parties are involved, but rather, whether the prepetition action primarily involves third parties *rather than* the debtor. *See In re Residential Cap., LLC*, 2012 WL 3860586, at *7 ("The court should not grant relief from the stay under the sixth *Sonnax* Factor if the debtor is the main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not *primarily* involve third parties.").

27. Here, the Prepetition Action does not involve *primarily* third parties. Instead, Movants filed suit against the PRPD, an agency of the Commonwealth, and fail to show how any non-debtor parties in the Prepetition Action are the *primary parties* to the action. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion.

28. ***Sonnax* Factor 7***: The seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—does not support granting the Motion. The Debtors' analysis of timely filed proofs of claims formed the basis for the projected recovery to holders of allowed general unsecured claims and the pool of assets made available to holders of allowed

10

general unsecured claims pursuant to the Commonwealth Plan (the CW GUC Recovery). As noted above, Movants failed to timely file a proof of claim in connection with the Prepetition Action. Allowing Movants to continue the Prepetition Action would potentially dilute recoveries to holders of allowed general unsecured claims, upending the expectations of the Creditors' Committee and all creditors who voted in connection with the Commonwealth Plan based on the projected recoveries to holders allowed general unsecured claims.

29. Furthermore, upon the entry of the Confirmation Order, any claims in connection with the Prepetition Action were discharged and barred because Movants failed to timely file a proof of claim. Accordingly, allowing Movants to continue the Prepetition Action would circumvent the terms of the Bar Date Order, the Commonwealth Plan, and the Confirmation Order, and inure to the detriment of the Commonwealth's creditors.

30. Indeed, Courts have also denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation. *See, e.g.*, *Trusbro v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prod., Inc.)*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, 2010 WL 4630327, at *4 (S.D.N.Y. Nov. 8, 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"). *see also In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal. 2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

11

31. Here, litigating issues relating to a discharged claim would deplete the Commonwealth's resources and be contrary to the expectations and recoveries underlying the Commonwealth Plan, to the detriment of other stakeholders. Accordingly, *Sonnax* factor 7 does not support granting the Motion.

32. ***Sonnax* Factors 10 and 11**: The interest of judicial economy and the status of the Prepetition Action also weigh against stay relief. Because Movants' claims have been discharged pursuant to the Commonwealth Plan, judicial resources would be wasted by the litigation of moot issues. Further, even if Movants were permitted to file a late proof of claim, resolution of Movants' asserted claims should be accomplished through the claims resolution process in these Title III cases to preserve judicial economy. The Prepetition Action is still in a preliminary stage and the Defendants motion to dismiss still remains pending. A myriad of proceedings necessary for the Prepetition Action to even be trial ready remain pending, such as finalizing discovery, attending the pretrial hearing, and the preparation and filing of the pretrial report, all of which will require the Commonwealth to expend considerable time and expense. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

33. ***Sonnax* Factor 12**: Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movants would suffer if the Discharge Injunction remains in place. Movants' asserted claims are barred and discharged pursuant to the Commonwealth Plan and Confirmation Order because Movants failed to file a timely proof of claim in the Title III case pursuant to the Bar Date Order. Movants fail to articulate how they could recover any amounts from the Debtor on account of the Prepetition Action now that all liability in connection therewith has been discharged.

12

34. The impact on the Commonwealth and its creditors, however, if the Motion were to be granted would outweigh any self-inflicted harm that Movants would suffer if the Discharge Injunction remains in place. The diversion of the Commonwealth's resources to defend against Movants' claims in the Prepetition Action, and the prejudice to the interests of other creditors, including diluting recoveries to allowed general unsecured claims and upsetting the expectations of creditors who voted in connection with the Commonwealth Plan, all weigh in favor of denying the Motion. Thus, on balance, Sonnax factor 12 weighs in favor of denying the Motion.[3]

## CONCLUSION

Movants fail to establish cause to justify the relief sought in the Motion and accordingly, and for the foregoing reasons, the Court should deny the Motion.

[*Remainder of Page Intentionally Left Blank*]

---

[3] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.

Dated: October 4, 2022
      San Juan, Puerto Rico

          Respectfully submitted,

          */s/  Brian S. Rosen*

          Martin J. Bienenstock
          Brian S. Rosen
          (Admitted *Pro Hac Vice*)
          **PROSKAUER ROSE LLP**
          Eleven Times Square
          New York, NY 10036
          Tel: (212) 969-3000
          Fax: (212) 969-2900

          *Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

          */s/  Hermann D. Bauer*

          Hermann D. Bauer
          USDC No. 215205
          **O'NEILL & BORGES LLC**
          250 Muñoz Rivera Ave., Suite 800
          San Juan, PR 00918-1813
          Tel: (787) 764-8181
          Fax: (787) 753-8944

          *Co-Attorneys for the Financial Oversight and Management Board as representative of the Debtor*