IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 03566-LTS |
| THE EMPLOYMENT RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), | |
| Debtor. | |

**MEMORANDUM OF LAW IN SUPPORT OF ERS INDIVIDUAL PLAINTIFF'S OPPOSITION TO UBS' MOTION TO ENFORCE THE PLAN OF ADJUSTMENT**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case Doc. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

***TO THE HONORABLE COURT:***

Individual Plaintiffs, the Estate of Pedro José Nazario Serrano; the Estate of Juanita Sosa Pérez[2]; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez and Luis M. Jordán Rivera, all of them Retirees/Beneficiaries of the ERS and Plaintiffs in a claim for damages described below that is currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court"), without submitting to the jurisdiction of this Court, very respectfully STATE and PRAY as follows:

1. The ERS Individual Plaintiff's Commonwealth Action is based on Article 1802 of the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31, § 5141. In Puerto Rico, said article serves as the legal basis to determine if the actor of certain conduct that causes damages is responsible for extra-contractual civil liability. It establishes that: "A person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. It further provides that "[c]oncurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." Id.

2. To that end, the Supreme Court of Puerto Rico has held that for a cause of action to prosper under Art. 1802, *supra*, three elements must be present, namely: (1) a culpable or negligent act or omission; (2) causal relationship between the culpable or negligent act or omission and the damage being claimed, and (3) an actual damage. Nieves Diaz v. González Massas, 178 DPR 820, 843 (2010); López v. Porrata Doria, 169 DPR 135, 150 (2006). No

---

[2] Pedro José Nazario and Juanita Sosa Pérez are deceased. Once their respective declaration of heirs is available, we will make the substitution.

contractual relationship between plaintiffs and defendants is required for a valid cause of action to exist under Article 1802.

3. As for the first element, the Supreme Court of Puerto Rico has established that "the concept of fault… is as infinitely broad as the conduct of human beings and includes any fault of a person that produces harm or damages." Lopez v. Porrata Doria, supra, p. 150. Likewise, the Supreme Court of Puerto Rico has held that the concepts of fault and negligence are equivalent to non-compliance with the duty of care. Which in turn concerns, in essence, not anticipating or foreseeing the likely consequences of acts, which would have been foreseen by a prudent and reasonable person. Nieves Diaz v. González Massas, supra, p. 844; Lopez v. Porrata Doria, supra, p. 151; Valle v. E.L.A., 157 DPR 1, 18 (2002); Ramos vs. Carlo, 85 DPR 353, 358 (1962). The foregoing does not require precisely imagining the universality of consequences that may arise from a certain conduct. Pons v. Engebretson, 160 DPR 347, 355 (2003). "The essential thing is that there is a duty to foresee, in a general way, the consequences of a certain class." Id. For such purposes, the Supreme Court of Puerto Rico has resorted to the figure of the good father of the family, or the prudent and reasonable person, for purposes of determining how a person of normal or ordinary diligence should act, by virtue of particular circumstances. Nieves Diaz v. González Massas, supra, p. 844; Lopez v. Porrata Doria, supra, pp. 150-151. Therefore, if the damage caused was foreseeable, there will be liability; if it was not, it will be considered a fortuitous event. Pons v. Engebretson, supra. The Supreme Court of Puerto Rico has also indicated that the duty of care and to foresee possible damages does not extend to any imaginable danger that could cause damage, but rather must be based on probabilities, not mere possibilities. Lopez v. Porrata Doria, supra, pp. 164-165.

4. On the other hand, the second element requires that there be a causal link between the damage caused and the culpable or negligent act or omission, that is, adequate cause. The theory of adequate cause provides that "not every condition without which the result would not have been produced is a cause, but the one that ordinarily produces it according to general experience." Colon Santos v. Coop. Sec. Mult. PR, 173 DPR 170, 186 (2008). That is, "damage may be considered the probable and natural result of a negligent act or omission if after the event, in retrospect, the damage appears to be the reasonable and common consequence of the act or omission." Pons v. Engebretson, supra, pp. 355-356; Hernández Vélez v. Televicentro, 168 DPR 803, 815 (2006). To that effect, the Supreme Court of Puerto Rico has held that "[t]he doctrine of adequate causality requires indices or criteria based on experience and knowledge of causes and effects to give it content." Lopez v. Porrata Doria, supra, pp. 166-67.

5. Lastly, for a cause of action under Article 1802, *supra*, to prosper in our legal system, it is necessary that a damage actually occurs. This, for non-contractual purposes, refers to "any material or moral impairment caused in contravention of a legal norm, suffered by one person and for which another has to respond." J. Puig Brutau, Fundamentals of Civil Law, Barcelona, Ed. Bosch, 1983, T. 2, Vol. 3, p. 92. See also Sagardía De Jesús v. Hospital Aux. Mutuo, 177 DPR 484, 505 (2009). In the absence of a damage, there is no obligation to indemnify. Lopez v. Porrata Doria, supra, p. 151.

6. UBS, in its capacity as financial consultant and investment adviser, had the obligation and fiduciary duty to alert the members of the System's Board of Trustees about the risks inherent in the issuance and proposed use of the proceeds of the 2008 POB's. By failing to do so, UBS breached that duty. Said conduct not only harmed the ERS itself, but directly inflicted foreseeable damages upon the ERS beneficiaries. Such damages consist *inter alia* of the ERS Individual Plaintiffs losing part of their pensions, higher age criteria to

-4-

qualify for pensions, loss of their marginal benefit to take loans originated by the ERS, as well as mental anguish and suffering.

**7. If as UBS claims, the individual Plaintiffs cannot prove their damages and the causal relationship between those damages and UBS's errors, omissions, fault or negligence, that is something for the Commonwealth Court to decide after the Individual Plaintiffs have had their day in court. In other words, UBS cannot shield itself from liability towards the Plaintiffs by simply arguing that it has to defend itself in another case, against other parties, and in another jurisdiction.**

8. Lastly, it cannot be ignored, that on August 30, 2013, the Commonwealth Court of Appeals, at *Pedro José Nazario v. UBS*, KLAN201300738, ruled that the ERS Individual Plaintiffs have legal standing to prosecute the Commonwealth Action *pro se*, because they are the beneficiaries of the ERS. While doing so, the Court of Appeals referred to the ERS Individual Plaintiffs as the "people of flesh and bones who directly hold the right they claim".

**THEREFORE**, the ERS Individual Plaintiffs respectfully request this Honorable Court to: **TAKE NOTICE** of this memorandum of law in support of ERS Individual Plaintiff's Opposition, at Docket No. 22175, with respect to UBS Financial Services Inc.'s Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief, at Docket No. 21651; and, consequently **DENY** UBS Financial Services Inc.'s Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief, at Docket No. 21651

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY:** That on this same date a true and exact copy of this motion was filed with the Clerk of Court using CM/ECF system, which will notify a copy to counsel of record.

In San Juan, Puerto Rico, this 4th day of October 2022.

| | |
|---|---|
| **VICENTE & CUEBAS**<br>P.O. Box 11609<br>San Juan, PR 00910-1609<br>Phone No. (787) 751-8000<br>Fax No. (787) 756-5250<br><br>/s/Harold D. Vicente<br>**Harold D. Vicente, Esq.**<br>USDC-PR Bar No. 117711<br>hvicente@vclawpr.com<br><br><br>/s/Harold D. Vicente-Colón<br>**Harold D. Vicente-Colón, Esq.**<br>USDC-PR Bar No. 211805<br>hdvc@vclawpr.com | **PUJOL LAW OFFICES, PSC**<br>P.O. Box 363042<br>San Juan, PR 00936-3042<br>Phone No. (787) 724-0900<br>Fax No. (787) 724-1196<br><br>/s/Francisco Pujol Meneses<br>**Francisco Pujol Meneses, Esq**.<br>USDC-PR Bar No. 212706<br>fpujol@pujollawpr.com<br><br><br>**BUFETE ANDRÉU & SAGARDÍA**<br>261 Avenida Domenech<br>San Juan, Puerto Rico 009718<br>Phone No. (787) 754-1777/763-8044<br>Fax No. (787) 763-8045<br><br>/s/José A. Andréu Fuentes<br>**José A. Andréu Fuentes, Esq.**<br>USDC-PR Bar No. 204409<br>jaf@andreu-sagardia.com |

*Counsel for Individual Plaintiffs, Beneficiaries of the Retirement System*
*of the Commonwealth of Puerto Rico*