## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO** | **CIVIL NO. 17-3283 (LTS)** |
| **AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO** | **TITLE III PROMESA** |

### MOTION FOR RELIEF FROM STAY

**TO THE HONORABLE COURT:**

COMES NOW Ms. Keila García Colón (hereinafter, "Ms. García"), the plaintiff in the matter of *García Colón v. Corporation of the State Insurance Fund ("CSIF"),* Civil No. 21-cv-01211 (RAM) pending before the United States District Court for the District of Puerto Rico, through the undersigned counsel, and very respectfully alleges and prays as follows:

1. Ms. García is the plaintiff in Civil No. 21-1211 (RAM), pending before the United States District Court for the District of Puerto Rico. *See,* Exhibit 1, Verified Complaint (DE 1).

2. Currently, the case was stayed by the Chief Judge based on the automatic stay of the Puerto Rico Oversight, Management and Economic Stability Act (hereinafter, "PROMESA"), 48 U.S.C.S. §2101-2241, which incorporates Sections 362 and 922 of the Bankruptcy Code, Title 11 of the United States Code. *See,* Exhibit 2, Memorandum and Order (DE 86).

3. The underlying issue for the intended Lift of Automatic Stay hinges on whether the CSIF can benefit from the mentioned automatic stay provisions and avoid the prosecution of plaintiff's action is automatically protected by the due to its status as an "instrumentality" of the Commonwealth of Puerto Rico.

1

4. The CSIF is a self-capitalized public corporation that has **not** filed a petition for relief under Title III of PROMESA.

5. A review of the CSIF's Motion to Dismiss (DE 31), filed well before its Answer to the Verified Complaint, reveals the dearth of any mention about the CSIF's alleged entitlement to PROMESA's automatic stay for having filed a petition for relief under Title III of the statute. *See,* Exhibit 11, Motion to Dismiss (DE 31).

6. Hence, the issue becomes whether the CSIF is protected by the Commonwealth's automatic stay as a result of its filing a Title III petition or whether it is unprotected and the stay ordered by the district court should be lifted because it never filed a petition under Title III of PROMESA.

7. On May 6, 2021, Ms. García filed case Civil No. 21-1211 (RAM), where she sued the Corporation of the State Insurance Fund ("CSIF") for violation of her rights under Title VII of the Civil Rights Act of 1964, when she was subjected to unlawful sexual harassment and retaliation.  Docket Entry ("DE") 1. *See,* Exhibit 1.

8. In her action, García seeks preliminary and permanent injunctive relief, as well as compensatory and emotional damages from defendants for the damages she suffered and continues to suffer as a proximate result of the unlawful conduct by the CSIF. *Ibid.*

9. On June 4, 2021, the district court entered a Stipulated Preliminary Injunction Order and vacated the preliminary injunction hearing scheduled for the following Monday. DE 50.

10. Thereafter, parties filed their Joint Case Management Memorandum (DE 78) and commenced discovery proceedings. *See,* Exhibit 3, Joint ISC Memorandum (DE  78).

11. The CSIF did not affirmatively raised the automatic stay as a bar to the prosecution of the action against it. *See,* Exhibit 4, Answer to the Complaint (AFFIRMATIVE DEFENSES), pp. 48-49 (DE 82); *see also,* Exhibit 3, Joint ISC Memorandum, pp. 7-16.

12. On December 1, 2021, the court held the Case Management Conference and *sua sponte* ordered the parties to show cause why the damages claims should not be stayed under PROMESA's automatic stay provisions of sections 362 and 922 of the Bankruptcy Code. DE 80. *See,* Exhibit 5, Minutes of ISC (DE 80).

13.  García argued that, in *Colón Torres v. Negrón Fernández,* 997 F.3d 63, 67 (1st Cir. 2021), the First Circuit had the opportunity to analyze "the scope of the automatic stay provision in Title III of PROMESA which expressly incorporate[d] Sections 362 and 922 of the Bankruptcy Code." *See,* Exhibit 6, Motion to Show Cause (DE 84).

> Section 362(a)(1) stays:
>
> > a proceeding against the debtor that was or could have been commenced before the commencement the case under this title [the Title III proceeding] or to recover a claim against the debtor that arose before the commencement of the case under this title [the Title III proceeding].
>
> Section 922(a)(1) stays:
>
> > the commencement or continuation, including the issuance of employment of process, or a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor.

14. The court went on to explain that:

> PROMESA was enacted in 2016 to help the Commonwealth of Puerto Rico combat its rapidly ballooning government debt crisis. To do so, PROMESA *creates a voluntary, in-court bankruptcy process for the Commonwealth and its* **instrumentalities**[1] modeled on the reorganization process for

---

[1] Unlike other *instrumentalities* of the Commonwealth, the CSIF has not filed a petition for relief under Title III. *Cf.* Puerto Rico Electric Power Authority (CIVIL NO. 17-bk-4780-LTS); Puerto Rico Highway Transportation Authority (CIVIL NO. 17-bk-3567-LTS).

3

municipalities, codified in Chapter 9 of the Bankruptcy Code. *See* 48 U.S.C. §§ 2161 (incorporating various provisions of Chapter 9); *Andalusian Glob. Designated Activity Co. v. F.O.M.B. (In re F.O.M.B.)*, 954 F.3d 1, 7-8 (1st Cir. 2020) (stating that the appropriate analogy to a PROMESA Title III proceeding is a Chapter 9 municipal reorganization). Like a Chapter 9 petition, *a Title III petition triggers an automatic stay on certain actions that seek to enforce claims **against the filing "debtor."*** *See* 48 U.S.C. § 2161 (incorporating the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. §§ 362, 922 into PROMESA). Therefore, when the Commonwealth filed its Title III petition in May 2017, *it became a "debtor" for purposes of PROMESA*, and all actions enforcing a claim against the Commonwealth were automatically stayed.

*Id.,* at 69 (emphasis added).

15.    Hence, García argued that, for the CSIF to be entitled to the automatic stay provisions of

PROMESA, it was required to file a petition for relief under Title III of the statute. *See,*

Exhibit 6, ¶5.

16.    García informed the court that her search of the docket had revealed that the CSIF had not

filed such a voluntary petition for relief under Title III of PROMESA and, therefore, it was not

a "debtor" under 11 U.S.C. §362(a)(1) or §922(a)(1) entitled to protection from García's claim

for damages. *See,* Exhibit 6, ¶6.

17.    Notwithstanding, the CSIF filed a "Motion for Automatic Stay under Title III of PROMESA."

*See,* Exhibit 7.  In it, the CSIF claimed it was a debtor and entitled to the stay although it has

been defending other cases before the district court and the First Circuit. *See e.g., Colón Torres,*

*supra; see also, Santiago-Santiago v. State Insurance Fund,* Civil No. 21-01610 (JAG);

*compare, United States v. Puerto Rico Industrial Development Company,* Appeal No. 19-1874

(decided November 17, 2021) (PRIDCO is also an *instrumentality* of the Commonwealth and

will satisfy the judgment affirmed by the First Circuit with money from its coffers.).

4

18. On April 5, 2022, following what it found to be persuasive decisions of the Puerto Rico Court of Appeals resolving that the CSIF was covered by the automatic stay as an *instrumentality* of the Commonwealth, the district court ruled: "[a]s a result, the automatic stay is applicable to Plaintiff's request for monetary relief, but the Court will retain jurisdiction to ensure enforcement of the stipulated preliminary injunction." *See,* Exhibit 2, (DE 86).

19. Hence, Ms. García files this motion seeking the lifting of the automatic stay ordered by the district court in Civil No. 21-1211 (RAM) because the CSIF has not filed a petition for relief under Title III of PROMESA and is, therefore, not a debtor entitled to the protection of its *bankruptcy estate* by means of the automatic stay.

20. Moreover, as noted by the First Circuit in *Colón Torres,* it is not a clear-cut answer whether every instrumentality of the Commonwealth is a debtor subject to protection. The court, however, did not engage in any in-depth analysis to determine whether any favorable judgment to Ms. García and against the CSIF will have to be satisfied with the monies from *the Commonwealth of Puerto Rico* funds or from the CSIF's coffers, since the CSIF is capitalized by the mandatory premiums paid by employers in exchange for the immunity from suit resulting from workers' job-related accidents.

21. As a result of the automatic stay granted by the district court, and of the court's decision to paralyze the case in its entirety, Ms. García is currently precluded from continuing the discovery proceedings that were under way.

22. Section 362(d) (1) of the Bankruptcy Code permits the Court to grant relief from the automatic stay "for cause." "Cause" can be defined to trigger, instigate or initiate among numerous meanings and synonyms. However, section 362(d) (1) is barren of a statutory definition of "cause".

23. Since the Bankruptcy Code does not define "cause," courts have held that allowing a matter to proceed in another forum exemplifies what may constitute cause to lift the automatic stay. *Stephens v. Menninger* (*In re Credit Life Corp.*), 184 B.R. 839, 841 (M.D. Fla. 1995); *Murray Indus. v. Aristech Chem. Corp.* (*In re Murray Indus., Inc.*), 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990); *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc.* (*In re Mid-Atlantic Handling Sys., LLC*), 304 B.R. 111, 130 (Bankr. D. N.J. 2003); *Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

24. The legislative history of section 362(d) (1) supports this notion as well:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate[2] would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.[3]

S. Rep. No. 95-989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

25. The definition of cause has evolved through case law. The case of *Fernstrom* and its progeny, paved the way to identify "cause" by inquiring whether: a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship to the debtor; and c) the creditor has a probability of prevailing on the merits. *In re Fernstrom Storage and Van Co.,* 938 F.2d 731 (7th Cir.1991).

---

[2] García's position is that no CSIF bankruptcy estate exists.

[3] This objective will be fully satisfied if, as a result of the lift of stay, the District Court adjudicates Ms. García-Colón's claims.

26. This list was expanded by the First Circuit Court, in cases on point that establish that the rule of law to determine cause under section 362(d) hinges on the factual scenario and a case-by-case analysis. *Goya Foods, Inc. v. Unanue-Casal* (*In re Unanue-Casal*), 159 B.R. 90, 96 (D.P.R. 1993), *aff'd* 23 F.3d 395 (1st Cir. 1994).

27. Here, Ms. García-Colón's request for a relief from stay should be granted since: (1) the CSIF has not filed a petition under Title III of PROMESA seeking protection from this Court and, therefore, cannot be prejudiced if the stay imposed by the District Court is lifted; (2) lifting the stay will permit the resolution of the pending and rightful claims in case Civil No. 21-1211 (RAM), and García-Colón can continue the proceedings in that case, obtain and collect on a judgment; (3) the relief requested will not interfere with the proceedings in the instant case because the Commonwealth will not be responsible to satisfy any monetary judgment against the CSIF which the District Court may eventually enter in her favor; (4) it is the judge who is assigned to Civil Case No. 21-1211 (RAM) who has the expertise and the constitutional grant of jurisdiction to adjudicate Ms. García-Colón's legal claims in her Complaint, rather than the Bankruptcy Court; (5) relief is warranted in the interest of judicial economy and the expeditious and economical determination of litigation for the parties since the issues between Ms. García-Colón and the CSIF should be concluded in the District Court, where the case was originally filed, and because of that court's jurisdiction and familiarity with her claims; and (6) relief from stay is merited in this case, because it would unduly prejudice Ms. García-Colón if she continues to be precluded from prosecuting her causes of action.

28. The Court should also bear in mind that the crux of the relief requested is to allow a full adjudication of the causes of action in Civil No. 21-1211 (RAM).  As previously alleged, her claims involve violations of Ms. García-Colón's civil rights and the fundamental policies underlying the employment anti-discrimination and anti-retaliation statutes.

29. Therefore, it is very respectfully submitted that the balance of the equities, the interest of judicial economy, and the expeditious and economical determination of litigation constitute **cause** for relief from the automatic stay to allow Ms. García to prosecute the claims in her Verified Complaint in Civil No. 21-1211 (RAM).

30. Also, granting her the relief requested in the instant motion should be conducive to the elimination of issues before this Court if a final solution is reached through a judgment resulting from a jury verdict and/or settlement before the District Court.

### CERTIFICATION OF COMPLIANCE WITH PRE-REQUISITES FOR SUBMISSION OF PETITION FOR LIFT OF STAY

31. On August 18, 2022, the undersigned sent an email to Atty. Hermann D. Bauer at hermann.Bauer@oneillborges.com informing him of Ms. García Colón's intention to request a lift of stay, as required in the "Sixteenth Amended Notice, Case Management and Administrative Procedures" Order in Civil N0. 17 - bk - 3283 (LTS). *See also,* Memorandum and Order, Exhibit 2, p. 5, n. 4.  The email included copy of the Verified Complaint, Chief Judge Arias' Memorandum and Order (Exhibit 2) granting the stay and a draft of the Motion for Lift of Stay. Exhibit 8.

32. On that same date, Ms. García-Colón sent a letter to counsel for the CSIF informing them of the email to Mr. Bauer, that a copy of the email to Mr. Bauer would be forwarded to them, her intention to request a lift of stay and requesting that they:

suggest two or three dates and times when the conversation may be had. If no response to this request is received during the next seven days, that is by August 25, 2022, plaintiff will interpret this as a refusal to meet and confer. The 15-day "Lift Stay Notice" expires on August 31, 2022, that is fifteen days after the email to Mr. Bauer.

Exhibit 9.

33. On August 22, 2022, counsel for CSIF responded to García-Colón's request for an opportunity to meet and confer regarding the lift of stay. *See,* Exhibit 10. In their communication, the CSIF responded that it would not change its posture regarding the request for lift of stay and, should García insist and file it, it would be timely contested. *See,* Exhibit 10, Email from CSIF Re: Meet and Confer.

34. Notwithstanding the CSIF's expressed position, on September 15 the undersigned spoke with the CSIF, through its counsel, Peter W. Miller, Esq. to inquire if there had been any change in the CSIF's position regarding the lift of stay, but he notified the undersigned that it would stand by the position expressed by his co-counsel, Myriam Ocasio Arana, in her email of August 22, 2022. Exhibit 10.

35. Accordingly, Ms. García-Colón respectfully certifies that she has fully complied with all preliminary requirements for the filing of the instant Motion for Lift of Stay, as provided in the "Sixteenth Amended Notice, Case Management and Administrative Procedures" Order in Civil N0. 17 - bk - 3283 (LTS) and Chief Judge Arias' Memorandum and Order (DE 86), Exhibit 2, p. 5, n. 4.

**WHEREFORE**, it is respectfully requested that the court **GRANT** this motion and, consequently, lift the stay in Civil No. 21-1211 (RAM), so that Ms. Keila García-Colón may proceed with the prosecution of her claims against the CSIF without any bankruptcy-related limitations, together with any other remedy the Court may deem just and proper.

**I HEREBY CERTIFY** that today this document was filed electronically and that an Informative Motion will be filed on this same date, **including copy of the instant motion**, in *García Colón v. Corporation of the State Insurance Fund,* Civil No. 21-1211 (RAM) through the District Court's **CM/ECF** system which will send notification to the parties through their attorneys at their registered email addresses.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on September 23, 2022.

**GONZALEZ MUÑOZ LAW OFFICES, PSC**
P.O. Box 9024055
San Juan, PR 00902-4055
Tel. 787-766-5052
info@gonzalezmunozlaw.com
jgonzalez@gonzalezmunozlaw.com

*s/ Juan Rafael González Muñoz*
Juan Rafael González Muñoz
USDC-PR No. 202312

10