**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Exhibit 4

| | |
|---|---|
| KEILA GARCÍA COLÓN | CIVIL NO. 21-01211 (RAM) |
| PLAINTIFF | RE: PRELIMINARY AND PERMANENT INJUNCTION; SEXUAL HARASSMENT; SEX DISCRIMINATION AND RETALIATION |
| v. | |
| STATE INSURANCE FUND CORPORATION, ET AL. | PLAINTIFF DEMAND TRIAL BY JURY |
| DEFENDANT | |

## <u>ANSWER TO COMPLAINT</u>

**TO THE HONORABLE COURT:**

**COMES NOW** Defendant, the State Insurance Fund Corporation ("**SIFC**") through the undersigned counsel and very respectfully states, alleges, and prays as follows:

1. The allegations in ¶ 1 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in ¶ 2 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

3. The allegations in ¶ 3 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in ¶ 4 is admitted.

Case:17-03283-LTS Doc:4-1 Filed:10/04/22 Entered:10/04/22 12:48:45 Desc:
Exhibit Answer to Complaint Page 2 of 49

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 2

5. The allegations in ¶ 5 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations in ¶ 6 is admitted.

7. The allegations in ¶ 7 is admitted.

8. The allegations in ¶ 8 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

9. The allegations in ¶ 9 is admitted.

## PARTIES

10. The SIFC admits that Keila García ("**Mrs. Garcia**") is of legal age and its employee. The rest of the allegations in ¶ 10 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

11. The allegations in ¶ 11 are admitted.

12. The allegations in ¶ 12 do not require a response. To the extent a response is required, the allegations are denied.

13. The allegations in ¶ 13 are admitted.

14. The allegations in ¶ 14 are admitted.

15. The allegations in ¶ 15 are admitted.

16. The allegations in ¶ 16 are admitted.

17. The allegations in ¶ 17 are admitted.

18. The allegations in ¶ 18 are admitted.

19. The allegations in ¶ 19 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 3

20. The allegations in ¶ 20 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

21. The allegations in ¶ 21 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

22. The allegations in ¶ 22 are admitted.

23. The allegations in ¶ 23 are admitted.

24. The allegations in ¶ 24 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

25. The allegations in ¶ 25 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

26. The allegations in ¶ 26 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

27. The allegations in ¶ 27 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

28. The allegations in ¶ 28 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. It is affirmatively alleged that Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

29. The allegations in ¶ 29 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. It is affirmatively alleged that Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

30. The allegations in ¶ 30 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. It is affirmatively alleged that Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 4

31. The allegations in ¶ 31 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. It is affirmatively alleged that Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

32. The allegations in ¶ 32 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

33. The allegations in ¶ 33 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

34. The allegations in ¶ 34 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that, shortly thereafter, Wanda Toledo ("**Mrs. Toledo**") was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

35. The allegations in ¶ 35 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. It is affirmatively alleged that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

36. The allegations in ¶ 36 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. It is affirmatively alleged that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

37. The allegations in ¶ 37 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. It is affirmatively alleged that Mrs. Toledo was

Case:17-03283-LTS Doc#:21350-4 Filed:04/09/22 Entered:04/09/22 15:48:45 Desc:
Exhibit Answer to Complaint Page 5 of 49

removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took

swift corrective action and removed Mrs. Toledo.

38. The allegations in ¶ 38 are denied for lack of information or knowledge sufficient to form

a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific

dates of said alleged occurrence.  However, the fact is that, Mrs. Toledo was removed from

managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective

action and removed Mrs. Toledo.

39. The allegations in ¶ 39 are denied for lack of information or knowledge sufficient to form

a belief as to the truth of the matters asserted.

40. The allegations in ¶ 40 are denied for lack of information or knowledge sufficient to form

a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific

dates of said alleged occurrence

41. The allegations in ¶ 41 are denied for lack of information or knowledge sufficient to form

a belief as to the truth of the matters asserted.

42. The allegations in ¶ 42 are denied for lack of information or knowledge sufficient to form

a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific

dates of said alleged occurrence.

43. The allegations in ¶ 43 are denied for lack of information or knowledge sufficient to form

a belief as to the truth of the matters asserted.

44. The allegations in ¶ 44 are denied for lack of information or knowledge sufficient to form

a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific

dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 6

managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

45. The allegations in ¶ 45 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

46. The allegations in ¶ 46 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

47. The allegations in ¶ 47 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

48. The allegations in ¶ 48 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 7

49. The allegations in ¶ 49 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

50. The allegations in ¶ 50 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

51. The allegations in ¶ 51 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

52. The allegations in ¶ 52 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

53. The allegations in ¶ 53 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 8

managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

54. The allegations in ¶ 54 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

55. The allegations in ¶ 55 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

56. The allegations in ¶ 56 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

57. The allegations in ¶ 57 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the fact is that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 9

58. The allegations in ¶ 58 are denied as drafted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. It is affirmatively alleged that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

59. The allegations in ¶ 59 are denied as drafted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. It is affirmatively alleged that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

60. The allegations in ¶ 60 are denied as drafted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. It is affirmatively alleged that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

61. The allegations in ¶ 61 are denied as drafted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. It is affirmatively alleged that Mrs. Toledo was removed from managing the NUC's nursing program at the SIFC. Therefore, the SIFC took swift corrective action and removed Mrs. Toledo.

62. The allegations in ¶ 62 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

63. The allegations in ¶ 63 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 10

64. The allegations in ¶ 64 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

65. The allegations in ¶ 65 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

66. The allegations in ¶ 66 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

67. The allegations in ¶ 67 are denied for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

68. The allegations in ¶ 68 is admitted.

69. The allegations in ¶ 69 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Gladys Melendez ("**Mrs. Melendez**"), the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 11

allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

70. The allegations in ¶ 70 is admitted.

71. The allegations in ¶ 71 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

Case:17-03283-LTS Doc#:12901-4 Filed:10/04/21 Entered:10/04/21 17:24:45 Desc:
Exhibit Answer to Complaint Page 12 of 49

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

72. The allegations in ¶ 72 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

73. The allegations in ¶ 73 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 13

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

74. The allegations in ¶ 74 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Gladys Melendez Mrs. Melendez, the then Director

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 14

of Labor Relations, that she would meet with her to discuss the sexual harassment allegations.

Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

75. The allegations in ¶ 75 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 15

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

76. The allegations in ¶ 76 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

77. The allegations in ¶ 77 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

Case:17-03283-LTS-8-v-01211-JA Doc#:12401-4 Filed:10/04/21 Entered:12/15/20 Page:16 of 45 Desc:
Exhibit Answer to Complaint  Page 16 of 49

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

78. The allegations in ¶ 78 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Case:17-03283-LTS-6 Doc#:12-4 Filed:10/04/21 Entered:10/04/21 17:46:29 Desc:
Exhibit Answer to Complaint Page 17 of 49
Case:21-cv-01211-ADC Document 11 Filed 12/15/20 Page 17 of 49

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to
conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC
closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the
SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,
and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo
Region to guarantee that Plaintiff could work in an environment free of sexual harassment.
Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

79. The allegations in ¶ 79 are denied as drafted and for lack of information or knowledge
sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to
provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges
that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held
between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.
During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's
protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual
harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In
early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor
Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.
Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to
conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC
closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the
SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,
and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 18

Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

80. The allegations in ¶ 80 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

81. The allegations in ¶ 81 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

82. The allegations in ¶ 82 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 20

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

83. The allegations in ¶ 83 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 21

Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

84. The allegations in ¶ 84 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

85. The allegations in ¶ 85 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

Case:17-03283-LTS Doc#:12901-4 Filed:10/04/21 Entered:10/04/21 17:24:45 Desc:
Exhibit Answer to Complaint Page 22 of 49

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

86. The allegations in ¶ 86 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 23

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

87. The allegations in ¶ 87 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 24

Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

88. The allegation on ¶ 88 is admitted.

89. The allegations in ¶ 89 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

90. The allegations in ¶ 90 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 25

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

91. The allegations in ¶ 91 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 26

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

92. The allegations in ¶ 92 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Case:17-03283-LTS Doc#:12901-4 Filed:10/04/21 Entered:10/04/21 17:46:49 Desc:
Exhibit Answer to Complaint Page 27 of 49

Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

93. The allegations in ¶ 93 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

94. The allegations in ¶ 94 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 28

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

95. The allegations in ¶ 95 are admitted.

96. The allegations in ¶ 94 are denied as drafted and for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to

provide the specific dates of said alleged occurrence. However, the SIFC affirmatively alleges

that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held

between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation.

During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's

protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual

harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In

early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 29

Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs.

Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to

conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC

closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the

SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter,

and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo

Region to guarantee that Plaintiff could work in an environment free of sexual harassment.

Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

    97. The allegations in ¶ 97 are denied. The SIFC affirmatively alleges that Mrs. Garcia

reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto,

Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting,

Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said

meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment

protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March

2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she

would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed

Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation

on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on

March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9,

2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that

Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that

Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once

again took quick corrective action to tend to Plaintiff's claims.

Case:17-03283-LTS Doc#12901-4 Filed:10/04/21 Entered:10/04/21 13:04:45 Desc:
Exhibit Answer to Complaint Page 30 of 49

98. The allegations in ¶ 98 are denied. The SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9, 2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

99. The allegations in ¶ 99 are denied. The SIFC affirmatively alleges that Mrs. Garcia reported the situation to Mrs. Rosario. Considering this, a meeting was held between Mrs. Soto, Mrs. Rosario, and Dr. Luis Padro with plaintiff to discuss her allegation. During said meeting, Mrs. Soto reassured her that she would be protected as required by SIFC's protocol. After said meeting, Mrs. Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. In early March 2020, Garcia was informed by Mrs. Melendez, the then Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. Mrs. Melendez interviewed

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 31

Mrs. Garcia, obtained a sworn statement from her, and proceeded to conduct a full investigation

on the matter. However, due to the COVID-19 pandemic, the SIFC closed its facilities on

March 16, 2020. On June 29, 2020, Mrs. Garcia returned to work at the SIFC. On October 9,

2020, Mrs. Melendez issued her report and recommendation on the matter, and concluded that

Mrs. Toledo was not to return to provide services at the SIFC Arecibo Region to guarantee that

Plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC once

again took quick corrective action to tend to Plaintiff's claims.

100.    The allegations in ¶ 100 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence.

101.    The allegations in ¶ 101 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence.

102.    The allegations in ¶ 102 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence.

103.    The allegations in ¶ 103 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence.

104.    The allegations in ¶ 104 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence.

Case:17-03283-LTS Doc#:22901-4 Filed:10/04/22 Entered:10/04/22 13:24:25 Desc:
Exhibit Answer to Complaint Page 32 of 49

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 32

105.     The allegations in ¶ 105 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

106.     The allegations in ¶ 106 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

107.     The allegations in ¶ 107 are admitted.

108.     The allegations in ¶ 108 are admitted.

109.     The allegations in ¶ 109 are admitted.

110.     The allegations in ¶ 110 are admitted.

111.     The allegations in ¶ 111 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

112.     The allegations in ¶ 112 are admitted.

113.     The allegations in ¶ 113 are admitted.

114.     The allegations in ¶ 114 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

115.     The allegations in ¶ 115 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

116.     The allegations in ¶ 116 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

Case:17-03283-LTS Doc#:12840-4 Filed:10/04/22 Entered:10/04/22 13:34:25 Desc: Exhibit Answer to Complaint Page 33 of 49

117.     The allegations in ¶ 117 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

118.     The allegations in ¶ 118 are denied as drafted. The SIFC admits only that a complaint filed by Roberto Rosado ("**Mr. Rosado**") was investigated by Carlos Rios. Mrs. Garcia's characterization of Mr. Rosado is denied.

119.     The allegations in ¶ 119 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

120.     The allegations in ¶ 120 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

121.     The allegations in ¶ 121 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

122.     The allegations in ¶ 122 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

123.     The allegations in ¶ 123 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 34

124.     The allegations in ¶ 124 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

125.     The allegations in ¶ 125 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

126.     The allegations in ¶ 126 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

127.     The allegations in ¶ 127 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

128.     The allegations in ¶ 128 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

129.     The allegations in ¶ 129 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

130.     The allegations in ¶ 130 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 35

131.        The allegations in ¶ 131 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

132.        The allegations in ¶ 132 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

133.        The allegations in ¶ 133 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

134.        The allegations in ¶ 134 is admitted.

135.        The allegations in ¶ 135 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

136.        The allegations in ¶ 136 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

137.        The allegations in ¶ 137 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

138.        The allegations in ¶ 138 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

139.        The allegations in ¶ 139 is admitted. The SIFC affirmatively alleges that the conclusion of Mrs. Melendez's Report and Recommendation concluded that Mrs. Toledo was not to return to provide services at the SIFC's Arecibo Region to guarantee that plaintiff could

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 36

work in an environment free of sexual harassment. Consequently, the SIFC took swift and corrective action to tend to Mrs. Garcia's claims. Said determination was notified to Plaintiff on that same date.

140.    The allegations in ¶ 140 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The SIFC affirmatively alleges that the conclusion of Mrs. Melendez's Report and Recommendation concluded that Mrs. Toledo was not to return to provide services at the SIFC's Arecibo Region to guarantee that plaintiff could work in an environment free of sexual harassment. Said determination was notified to Plaintiff on that same date. Consequently, the SIFC took swift and corrective action to tend to Mrs. Garcia's claims.

141.    The allegations in ¶ 140 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The SIFC affirmatively alleges that the conclusion of Mrs. Melendez's Report and Recommendation concluded that Mrs. Toledo was not to return to provide services at the SIFC's Arecibo Region to guarantee that plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC took swift and corrective action to tend to Mrs. Garcia's claims. Said determination was notified to Plaintiff on that same date.

142.    The allegations in ¶ 142 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The SIFC affirmatively alleges that the conclusion of Mrs. Melendez's Report and Recommendation concluded that Mrs. Toledo was not to return to provide services at the SIFC's Arecibo Region to guarantee that plaintiff could work in an environment free of sexual harassment.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 37

Consequently, the SIFC took swift and corrective action to tend to Mrs. Garcia's claims. Said determination was notified to Plaintiff on that same date.

143.     The allegations in ¶ 143 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The SIFC affirmatively alleges that the conclusion of Mrs. Melendez's Report and Recommendation concluded that Mrs. Toledo was not to return to provide services at the SIFC's Arecibo Region to guarantee that plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC took swift and corrective action to tend to Mrs. Garcia's claims. Said determination was notified to Plaintiff on that same date.

144.     The allegations in ¶ 144 are denied as drafted. The SIFC affirmatively alleges that the conclusion of Mrs. Melendez's Report and Recommendation concluded that Mrs. Toledo was not to return to provide services at the SIFC's Arecibo Region to guarantee that plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC took swift and corrective action to tend to Mrs. Garcia's claims. Said determination was notified to Plaintiff on that same date.

145.     The allegations in ¶ 145 are denied. The SIFC affirmatively alleges that the conclusion of Mrs. Melendez's Report and Recommendation concluded that Mrs. Toledo was not to return to provide services at the SIFC's Arecibo Region to guarantee that plaintiff could work in an environment free of sexual harassment. Consequently, the SIFC took swift and corrective action to tend to Mrs. Garcia's claims. Said determination was notified to Plaintiff on that same date.

146.     The allegations in ¶ 146 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 38

147.     The allegations in ¶ 147 are admitted.

148.     The allegations in ¶ 148 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

149.     The allegations in ¶ 149 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

150.     The allegations in ¶ 150 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

151.     The allegations in ¶ 151 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

152.     The allegations in ¶ 152 are admitted.

153.     The allegations in ¶ 153 are admitted.

154.     The allegations in ¶ 154 are admitted.

155.     The allegations in ¶ 155 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

156.     The allegations in ¶ 156 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

157.     The allegations in ¶ 157 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 39

158.     The allegations in ¶ 158 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

159.     The allegations in ¶ 159 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

160.     The allegations in ¶ 160 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence and the names of the supervisors allegedly involved. The SIFC affirmatively alleges that Plaintiff claims that her supervisors were aware of the situation but fails to provide evidence to corroborate the same.

161.     The allegations in ¶ 161 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence and the names of the employees allegedly involved.

162.     The allegations in ¶ 162 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

163.     The allegations in ¶ 163 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that Plaintiff claims that her supervisors were aware of the situation but fails to provide evidence to corroborate the same.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 40

164.    The allegations in ¶ 164 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that Plaintiff claims that her supervisors were aware of the situation but fails to provide evidence to corroborate the same.

165.    The allegations in ¶ 165 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that Plaintiff claims that her supervisors were aware of the situation but fails to provide evidence to corroborate the same.

166.    The allegations in ¶ 166 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

167.    The allegations in ¶ 167 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

168.    The allegations in ¶ 168 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

169.    The allegations in ¶ 169 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 41

170.    The allegations in ¶ 170 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

171.    The allegations in ¶ 171 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

172.    The allegations in ¶ 172 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence.

173.    The allegations in ¶ 173 are denied. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal protocol's mandate that when an allegation such as this is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins.

174.    The allegations in ¶ 174 are denied. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal protocol's mandate that when an allegation such as this is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins.

175.    The allegations in ¶ 175 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 42

fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges

that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the

SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not

constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal

protocol's mandate that when an allegation such as this is made, the alleged offender be

removed from the work site to another office, while the SIFC's internal investigation begins.

176.    The allegations in ¶ 176 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges

that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the

SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not

constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal

protocol's mandate that when an allegation such as this is made, the alleged offender be

removed from the work site to another office, while the SIFC's internal investigation begins.

177.    The allegations in ¶ 177 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges

that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the

SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not

constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal

protocol's mandate that when an allegation such as this is made, the alleged offender be

removed from the work site to another office, while the SIFC's internal investigation begins.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 43

178.     The allegations in ¶ 178 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal protocol's mandate that when an allegation such as this is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins.

179.     The allegations in ¶ 179 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal protocol's mandate that when an allegation such as this is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins.

180.     The allegations in ¶ 180 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 44

protocol's mandate that when an allegation such as this is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins.

181.     The allegations in ¶ 181 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal protocol's mandate that when an allegation such as this is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins.

182.     The allegations in ¶ 182 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal protocol's mandate that when an allegation such as this is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins.

183.     The allegations in ¶ 183 are denied as drafted and for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 45

constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal

protocol's mandate that when an allegation such as this is made, the alleged offender be

removed from the work site to another office, while the SIFC's internal investigation begins.

184.     The allegations in ¶ 184 are denied as drafted and for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted since Mrs. Garcia

fails to provide the specific dates of said alleged occurrence. The SIFC affirmatively alleges

that, on June 1, 2021, in accordance with its internal protocols, it removed Mrs. Baerga from the

SIFC's offices in the Arecibo Region. It is important to point out that the SIFC's actions do not

constitute an acceptance that Mrs. Garcia's allegations are true. Rather, the SIFC's internal

protocol's mandate that when an allegation such as this is made, the alleged offender be

removed from the work site to another office, while the SIFC's internal investigation begins.

185.     The allegations in ¶ 185 state a legal conclusion to which no response is required.
To the extent a response is required, the allegations are denied.

**FIRST CAUSE OF ACTION**
**INJUNCTIVE RELIEF**

186.     The allegations in ¶ 186 do not require a response. To the extent a response is

required, the allegations are denied.

187.     The allegations in ¶ 187 state a legal conclusion to which no response is required.
To the extent a response is required, the allegations are denied.

188.     The allegations in ¶ 188 state a legal conclusion to which no response is required.
To the extent a response is required, the allegations are denied.

189.     The allegations in ¶ 189 state a legal conclusion to which no response is required.
To the extent a response is required, the allegations are denied.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 46

190.     The allegations in ¶ 190 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

191.     The allegations in ¶ 191 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

192.     The allegations in ¶ 192 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

193.     The allegations in ¶ 193 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION

194.     The allegations in ¶ 194 do not require a response. To the extent a response is

required, the allegations are denied.

195.     The allegations in ¶ 195 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

196.     The allegations in ¶ 196 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

197.     The allegations in ¶ 197 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

198.     The allegations in ¶ 198 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

199.     The allegations in ¶ 199 state a legal conclusion to which no response is required.

To the extent a response is required, the allegations are denied.

**Keila Garcia Colón v. CFSE; Civ No. 21-01211**
*Answer to Complaint*
Page 47

## THIRD CAUSE OF ACTION

200.     The allegations in ¶ 200 do not require a response. To the extent a response is required, the allegations are denied.

201.     The allegations in ¶ 201 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

202.     The allegations in ¶ 202 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

203.     The allegations in ¶ 203 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## FOURTH CAUSE OF ACTION

204.     The allegations in ¶ 204 do not require a response. To the extent a response is required, the allegations are denied.

205.     The allegations in ¶ 205 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

206.     The allegations in ¶ 206 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## FIFTH CAUSE OF ACITON

207.     The allegations in ¶ 207 do not require a response. To the extent a response is required, the allegations are denied.

208.     The allegations in ¶ 208 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

209.     The allegations in ¶ 209 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

Case:17-03283-LTS Doc#:12541-4 Filed:10/04/22 Entered:10/04/22 14:46:25 Desc:
Exhibit Answer to Complaint Page 48 of 49

## TRIAL BY JURY

210.     The allegations in ¶ 210 do not require a response. To the extent a response is required, the allegations are denied.

**ITEMS 1 THROUGH 6 OF THE WHEREFORE** state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  The SIFC acted in good faith to comply with its obligations under applicable law and regulation.

3.  Plaintiff's complaint fails because it failed to disclose material facts.

4.  Plaintiff's claims are barred under the doctrine of unclean hands.

5.  Plaintiff's claims are barred under the doctrine of waiver and/or estoppel.

6.  Plaintiff's claims are barred under the doctrine of laches.

7.  Plaintiff's claims are barred by res judicata and/or issue preclusion.

8.  Plaintiff's claims are barred because the damages sought are too speculative or uncertain.

9.  Plaintiff's claims are barred because the SIFC acted in good faith.

10. Plaintiff's claims are barred because the SIFC's conduct did not actually or proximately cause damages to Plaintiff.

11.     The actions or inactions (omissions) on the part of Plaintiff or third parties amounted to an intervening cause and as such, constitute sole, proximate, and/or only cause of the incident complained of and the damage sustained by Plaintiff, if any.

Case:17-03283-LTS Doc#:21344-1 Filed:06/21/24 Entered:06/21/24 14:46:45 Desc:
Exhibit Answer to Complaint Page 49 of 49
Case:21-cv-01211-WGY Document:10-4 Filed:10/04/22 Page:49 of 49

12.     Plaintiff's claims are barred because the SIFC did not violate any duty owed to Plaintiff.

13.     Plaintiff failed to mitigate whatever actionable damages they may have suffered, if any. To the extent that Plaintiff may have mitigated, the effect of such mitigation should be discounted from any damage award to which Plaintiff might be entitled, if any.

14.     The SIFC reserves the right to raise additional defenses that may become available or appear during discovery or otherwise in this case and hereby reserve the right to amend this Answer to include any such defense.

**WHEREFORE**, the SIFC denies that Plaintiff is entitled to the requested relief and respectfully requests that this Honorable Court dismiss the Complaint with prejudice.

**I HEREBY CERTIFY** that today I have electronically filed this motion with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of December, 2021.

**WEINSTEIN-BACAL, MILLER & VEGA, P.S.C.**
González Padín Building-Penthouse
154 Rafael Cordero Street, Plaza de Armas
Old San Juan, Puerto Rico 00901
Telephone:     (787) 977-2550
Telecopier:     (787) 977-2559
E-mail:          pwm@wbmvlaw.com
                 moa@wbmvlaw.com


By:     **S/Peter W. Miller**
        U.S.D.C. No. 213609


By:     **S/Myriam C. Ocasio-Arana**
        U.S.D.C. No. 228111