Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KEILA GARCÍA COLÓN**, <br><br> Plaintiff, <br><br> v. <br><br> **CORPORATION OF THE STATE INSURANCE FUND, ET AL,** <br><br> Defendants. | CIVIL NO. 21-cv-01211 (RAM) <br><br> Preliminary and Permanent Injunction; Sexual Harassment, Sex Discrimination and Retaliation <br><br> **TRIAL BY JURY** |

## MOTION SHOWING CAUSE

**TO THE HON. RAÚL M. ARIAS MARXUACH:**

COMES NOW plaintiff, Keila García Colón ("García") through the undersigned attorney, and very respectfully states and prays as follows:

1. On December 1, 2021, García was ordered to show cause why her action should not be stayed under the Puerto Rico Oversight, Management and Stability Act ("PROMESA") automatic stay provisions.

2. In *Colón Torres v. Negrón Fernández,* 997 F.3d 63, 67 (1st Cir. 2021) the First Circuit had the opportunity to analyze "the scope of the automatic stay provision in Title III of PROMESA which expressly incorporate[d] Sections 362 and 922 of the Bankruptcy Code."

3. Section 362(a)(1) stays:

> a proceeding against the debtor that was or could have been commenced before the commencement the case under this title [the Title III proceeding] or to recover a claim against the debtor that arose before the commencement of the case under this title [the Title III proceeding].

Section 922(a)(1) stays:

> the commencement or continuation, including the issuance of employment of process, or a judicial, administrative, or other action or proceeding

1

against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor.

4. The court went on to explain that:

PROMESA was enacted in 2016 to help the Commonwealth of Puerto Rico combat its rapidly ballooning government debt crisis. To do so, PROMESA *creates a voluntary, in-court bankruptcy process for the Commonwealth and its instrumentalities* modeled on the reorganization process for municipalities, codified in Chapter 9 of the Bankruptcy Code. *See* 48 U.S.C. §§ 2161 (incorporating various provisions of Chapter 9); *Andalusian Glob. Designated Activity Co. v. F.O.M.B. (In re F.O.M.B.)*, 954 F.3d 1, 7-8 (1st Cir. 2020) (stating that the appropriate analogy to a PROMESA Title III proceeding is a Chapter 9 municipal reorganization). Like a Chapter 9 petition, *a Title III petition triggers an automatic stay on certain actions that seek to enforce claims against the filing "debtor." See* 48 U.S.C. § 2161 (incorporating the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. §§ 362, 922 into PROMESA). Therefore, when the Commonwealth filed its Title III petition in May 2017, *it became a "debtor" for purposes of PROMESA*, and all actions enforcing a claim against the Commonwealth were automatically stayed.

*Id.,* at 69 (emphasis added).

5. Hence, to be entitled to the automatic stay provisions of PROMESA, the Corporation of the State Insurance Fund ("CSIF") was required to file a petition for relief under Title III of the statute.

6. García's search of the docket has revealed that the CSIF has not filed a voluntary petition for relief under Title III of PROMESA.[1]

7. Therefore, the CSIF is not a "debtor" under 11 U.S.C. §362(a)(1) or §922(a)(1) entitled to protection from García's suit.

**WHEREFORE**, García very respectfully prays that the court's Order be deemed fulfilled and that her action continue its ordinary course.

---

[1] Defendant herein can corroborate this fact which García discovered after searching the PROMESA docket.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that today this document has been filed electronically through the CM/ECF system which will send notification to the parties to their registered email addresses.

In San Juan, Puerto Rico, this 15th day of December, 2021.

**GONZÁLEZ MUÑOZ LAW OFFICES, P.S.C.**
P.O. Box 9024055
San Juan, PR 00902-4055
Tel: 787-766-5052
jgonzalez@gonzalezmunozlaw.com
info@gonzalezmunozlaw.com

*s/Juan Rafael González Muñoz*
JUAN RAFAEL GONZÁLEZ MUÑOZ
USDC-PR No. 202312

3