Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEILA GARCÍA COLÓN<br><br>PLAINTIFF<br><br>v.<br><br>STATE INSURANCE FUND CORPORATION, ET AL.<br><br>DEFENDANT | CIVIL NO. 21-01211 (RAM)<br><br>RE: PRELIMINARY AND PERMANENT INJUNCTION; SEXUAL HARASSMENT; SEX DISCRIMINATION AND RETALIATION<br><br>PLAINTIFF DEMAND TRIAL BY JURY |

## MOTION REQUESTING AUTOMATIC STAY OF PROCEEDINGS
## PURSUANT TITLE III OF P.R.O.M.E.S.A.

**TO THE HONORABLE COURT:**

**COMES NOW**, Defendant, the State Insurance Fund Corporation ("**SIFC**") through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

1. On June 30, 2016, Congress enacted the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 U.S.C.S. §2101-2241, to address the fiscal emergency in Puerto Rico created by a "combination of severe economic decline, and, at times, accumulated operating deficits, lack of financial transparency, management inefficiencies, and excessive borrowing." 48 U.S.C.A. § 2194(m)(1). [1]

2. On May 3, 2017, the Commonwealth of Puerto Rico, by its representative pursuant to Section 315 of PROMESA, the Financial Oversight and Management Board for Puerto Rico (hereinafter "**FOMB**"), filed a petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA (In re: Commonwealth of Puerto Rico, Case No. 17-1578).

---

[1] *See also* 48 U.S.C.S. § 2121(a).

*García-Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
Motion Requesting Automatic Stay of Proceedings under Title III of P.R.O.M.E.S.A.
Page **2**

   3. Under PROMESA section 301, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. are incorporated in and made applicable to cases under Title III of PROMESA.

   4. Furthermore, Section 105 of the Bankruptcy Code, made applicable to these Title III cases by PROMESA Section 301(a), authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." [2] 11. U.S.C. § 105(a).

   5. Consequently, under Section 301(a) of PROMESA, the commencement or continuation "of a judicial, administrative, or other actions or proceedings against the debtor that was or could have been commenced before the commencement" of the petition under Title III or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" a Title III proceeding ***is automatically stayed without further action***. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a) (emphasis provided).

   6. The automatic stay is among the most basic of debtor protections under bankruptcy law. <u>Midatlantic Nat'l Bank v. New Jersey Dept. of Envtl. Protection</u>, 474 U.S. 494, 503 (1986); *see also* <u>Soares v. Brockton Credit Union</u> (<u>In re Soares</u>) 107 F. 3d 969, 975 (1st Cir. Mass. 1997).

   7. The automatic stay takes effect immediately upon the filing of a bankruptcy petition "because the automatic stay is exactly what the name implies – 'automatic'– it operates without the necessity for judicial intervention". <u>Sunshine Dev. Inc v. FDIC</u>, 33 F. 3d 106, 113 (1st Cir. 1994).

---

[2] *See also* PROMESA section 301(d) (references to "this title" under the Bankruptcy Code are deemed to be references to title III of PROMESA).

*García-Colón v. State Insurance Fund Corporation*
**Civil No. 21-01211 (RAM)**
Motion Requesting Automatic Stay of Proceedings under Title III of P.R.O.M.E.S.A.
Page **3**

8. The automatic stay is designed to give the debtor breathing room by stopping all collection efforts and remains in force until a federal court either disposes of the case or lifts the stay. 11 U.S.C. § 362(c)(2), (d)-(f); *see also* Jamo v. Katahdin Fed. Credit Union (In re Jamo) 283 F. 3d, 392, 398 (1st Cir. 2002).

9. In Municipality of San Juan v. Puerto Rico, 919 F.3d 565, 576 (1st Cir. 2019), the First Circuit concluded that neither Section 362 of the Bankruptcy Code nor Section 301(a) of PROMESA, whether considered on their own or together, provide any indication that the automatic stay is not fully applicable.

10. "Furthermore, there is no indication that the automatic stay in Section 362 does not apply to injunctions." Municipality of San Juan*, at 576-577 (*citing* 3 Collier on Bankruptcy ¶ 362.03, 16th ed. 2018) ("**The stay includes actions seeking injunctive relief or similar relief as well as actions seeking money judgments** [. . .].") (Emphasis provided).

11. The PROMESA stay operates in all ways, as to avoid litigation expenses (debt–related litigation) and monetary claims, injunctive reliefs, and or any other claim that may result in reducing or aggravate the debtor's assets and economic situation. *See* In re Kmart Corp., Nos. 02 C 7568, (02 B 02474), 2002 U.S. Dist. LEXIS 24141 (N.D. Ill. Dec. 10, 2002) (despite seeking only an injunctive relief, the court denied the lift of stay in as much Kmart would have to absorb the cost of litigating, the ADA litigation, […] and also could be required to pay attorneys' fees pursuant to the ADA's provision, 42 U.S.C. § 12205, finding hardship for the debtor.)

12. The text of 11 U.S.C. § 362(a)(1) is clear and states that it "**addresses all actions within the judicial power**". Municipality of San Juan, at 577 (*citing* Merrill Lynch, et al. v. Bradley, 756 F.2d 1048, 1052 (4th Cir. 1985)).

*García-Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
Motion Requesting Automatic Stay of Proceedings under Title III of P.R.O.M.E.S.A.
Page **4**

13. The stay under PROMESA operates with respect to a "liability", 48 U.S.C. §2194(b), as defined in 48 U.S.C. § 2194(a)(1) as follows:

> The term "Liability" means a bond, loan, letter of credit, other borrowing title, obligation of insurance, or other financial indebtedness for borrowed money, including rights, entitlements, or obligations whether such rights, entitlements, or obligations arise from contract, statute, or any other source of law related to such a bond, loan, letter of credit, other borrowing title, obligation of insurance, or other financial indebtedness in physical or dematerialized form, of which –
> 
>     (A) the issuer, obligor, or guarantor is the Government of Puerto Rico; and
> 
>     (B) the date of issuance or incurrence precedes June 30, 2016.

14. The term "liability claim" is defined under PROMESA, 48 U.S.C. § 2194(a)(2), as follows:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> 
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

15. The above-captioned action involves a "liability claim" under PROMESA's section 405, 48 U.S.C. § 2194, because it is a claim, as it relates to Defendant's alleged responsibility to compensate Plaintiff for all damages caused, compensatory damages, punitive damages, reasonable attorneys' fees, litigation expenses, and the costs of this action, as alleged by Plaintiff in the Complaint. [Docket No. 1, ¶ 199, ¶ 202, ¶ 203, ¶ 205, ¶ 206, ¶ 208, ¶ 209, and at page 23].

16. Since Plaintiff's claims are consistent with the definition of "liability" and "liability claim" as previously cited, the SIFC respectfully submits that the above-captioned

*García-Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
Motion Requesting Automatic Stay of Proceedings under Title III of P.R.O.M.E.S.A.
Page **5**

action must be stayed pursuant to section 405 of PROMESA, 48 U.S.C. § 2194.

17. It is important to point out that the Complaint in the abovereferenced case was filed on May 6, 2021, against appearing Defendant, in which Plaintiff seeks economic damages [Docket No. 1, ¶ 199, ¶ 202, ¶ 203, ¶ 205, ¶ 206, ¶ 208, ¶ 209].

18. The claim made by the Plaintiff, in the eventuality that prevails, will entail disbursement of funds, so there is a monetary claim that falls under the provisions of sections 362 (a) and 922 (a) of Title 11 USC. 11 U.S.C. § 362(a), § 922(a).

19. The SIFC, as its name implies, is a state-owned public agency and corporation in charge of overseeing workers' compensation insurance, among other things, created by PR Act No. 45 as approved in April 1935 and amended by PR Act No. 83 in October 1992. 11 L.P.R.A. §§ 1-278.

20. The SIFC was created "[t]o carry out the purposes of [Act. No. 45], a corporation is created as a governmental instrumentality of the Government of the Commonwealth of Puerto Rico to act, by its authority, under the name of the State Insurance Fund Corporation." 11 L.P.R.A. §1(b).

21. The stay extends and protects the offices and agencies of the bankrupt debtor from actions or monetary claims by the protections conferred by section 922 of the Bankruptcy Code extended in PROMESA. 11 U.S.C. § 922.

22. The Defendant argue that the Commonwealth of Puerto Rico should be considered an "obligor […] or guarantor" of liability incurred by the SIFC, a prerequisite for the stay to apply. 48 U.S.C. § 2194(a)(1)(A).

*García-Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
Motion Requesting Automatic Stay of Proceedings under Title III of P.R.O.M.E.S.A.
Page **6**

23. The SIFC is entitled to request the stay in question, since, certainly, an action against SIFC is interpreted as a claim against the bankruptcy debtor, the Commonwealth of Puerto Rico.

24. In a recent case in a state court, it was expressed by the dissenting voice of Judge Carlos Vizcarrondo Irizarry, that "*the Corporation of the Insurance Fund of the State is an entity under the jurisdiction of the Board of Fiscal Supervision by virtue of the PROMESA Law*" and it is "part of the Government of the Commonwealth of Puerto Rico, and as such, the general spending budget of the Commonwealth responds in a subsidiary manner for the monetary claim made by the Petitioner, for which the ***Commonwealth courts must respond preventively by protecting the Commonwealth and its instrumentalities and public corporations from a scenario in which they are expose them to answer for a monetary claim, which would go against sections 362 (a) and 922 (a) of the Federal Bankruptcy Code, 11 USC***." Unión de Empleados del CFSE v. CFSE, KLCE201800556 (2018) (translation supplied).

25. The Section 301(a) of PROMESA, 48 U.S.C. § 2161, expressly makes applicable to cases under Title III the provisions of Sections 362 and 922 of the Bankruptcy Code. 11 U.S.C. § 301(a), § 362, § 922.

26. Furthermore, Subsection (c)(2) defines "debtor" as the "territory or covered territory instrumentality concerning which a case under this title has been commenced". 48 U.S.C. § 2161(c)(2).

27. As established by the Puerto Rico Supreme Court, "the courts are automatically deprived of jurisdiction and cannot continue to hear cases where there is a claim against the

Case:17-03283-LTS Doc#:22547 Filed:10/04/22 Entered:10/04/22 17:43:75 Desc:
Exhibit Motion Requesting Automatic Stay Page 7 of 7

*García-Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
Motion Requesting Automatic Stay of Proceedings under Title III of P.R.O.M.E.S.A.
Page **7**

debtor who filed the bankruptcy petition." <u>Medina v. Del Valle Group, et al.</u>, 202 DPR 544, 547, 2019 PR Sup. Lexis 90 (*citing* <u>Marrero Rosado v. Marrero Rosado</u>, 178 DPR 476, 490-491 (2010)) (translation supplied).

**WHEREFORE** it is respectfully requested the Honorable Court to take judicial notice of the automatic stay pursuant to the Bankruptcy Code as incorporated by referenced under PROMESA, applicable to the present case.

**IT IS HEREBY CERTIFIED,** that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED,** in San Juan, P.R., on December 15, 2021.

**WEINSTEIN-BACAL, MILLER & VEGA, P.S.C.**
González Padín Building-Penthouse
154 Rafael Cordero Street, Plaza de Armas
Old San Juan, Puerto Rico 00901
Telephone:   (787) 977-2550
Telecopier:   (787) 977-2559
E-mail:         pwm@wbmvlaw.com
                    moa@wbmvlaw.com

By:   **S/Peter W. Miller**
        U.S.D.C. No. 213609

By:   **S/Myriam C. Ocasio-Arana**
        U.S.D.C. No. 228111