Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEILA GARCÍA COLÓN<br><br>PLAINTIFF<br><br>v.<br><br>STATE INSURANCE FUND CORPORATION, ET AL.<br><br>DEFENDANT | CIVIL NO. 21-01211 (RAM)<br><br>RE: PRELIMINARY AND PERMANENT INJUNCTION; SEXUAL HARASSMENT; SEX DISCRIMINATION AND RETALIATION<br><br>PLAINTIFF DEMAND TRIAL BY JURY |

**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(6)**

**COMES NOW**, Defendant, the State Insurance Fund Corporation ("**SIFC**") through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

**I.    INTRODUCTION**

Plaintiff Keila García Colón ("**Ms. García**" or "**Plaintiff**") filed the Verified Complaint and Request for Injunctive Relief on May 6, 2021 ("**Complaint**"). In essence, the Complaint alleges that García has been the victim of sexual harassment due to allegedly repeated unwanted advances from Wanda Toledo ("**Toledo**"), a National University College ("**NUC**") professor in charge of NUC's Nursing Program who oversaw the students exposed to training in SIFC facilities. According to the Complaint, Ms. García allegedly reported these acts to Marilyn Gerena Cáceres ("**Gerena**"), García's supervisor, and Magalis Soto Pagán ("**Soto**"), then Arecibo Regional Director. Gerena and Soto allegedly failed to put in place the SIFC's sexual harassment policy or escalate Plaintiff's claim in any way. According to the Complaint, Soto recruited fellow employees, among these Migdalia Baerga ("**Baerga**"), and responded with a retaliation campaign.

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 2

On the same day as the filing of the Complaint, Plaintiff filed her Request for Preliminary Injunctive Relief ("**Motion for Preliminary Injunction**"). In their Motion for Preliminary Injunction, Plaintiff argues that it is entitled to a preliminary injunction, alleging that the retaliation campaign against García is wholly ongoing and is putting her life at risk.

For the reasons set forth below, Plaintiff's complaint must be dismissed because it does not allege sufficient facts to satisfy the pleading burden and for its failure to state a claim against the SIFC for which relief can be granted. As it stands, the Complaint is nothing but a stack of conclusory allegations of harm with insufficient factual matter. In addition, absent the existence of federal jurisdiction, there is no basis for this Honorable Court to maintain this action as to the pled State causes of action and should not exercise its pendent jurisdiction. Therefore, because Plaintiff's complaint does not state a claim upon which relief can be granted, the SIFC files its Motion to Dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure seeking this Honorable Court to dismiss the instant action.

## II. APPLICABLE LAW AND DISCUSSION

### a. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to assert the defense of failure to state a claim upon which relief can be granted, before pleading, if a responsive pleading is allowed. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See, *Brown v. Hot, Sexy and Safer Products, Inc.*, 68 F.3d 252, 530 (1st Cir. 1995). The Court accepts all well pleaded-factual allegations as true and indulges all reasonable inferences in Plaintiff's favor. See, *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006). The Court need not credit, however, "bald

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 3

assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. See, *Aulson v. Blanchard*, 83 F3d 1, 3 (1st Cir. 1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." See, *McCoy v. Massachusetts Institute of Technology*, 950 F2d 13, 22 (1st Cir. 1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id., at 23. Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under actionable theory." See, *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir 1988). A complaint is properly dismissed for failure to state a claim "only if the facts lend themselves to no viable theories of recovery." See, *Luc v. Wyndham Management Corp.*, 496 F3d 85, 88 (1st Cir. 2007).

A complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." See, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id., at 1964-65. The Supreme Court further explained that the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true". *Id.*, at 1965. Subsequently, the Supreme Court reiterated that "[s]pecific facts are not necessary; the statements need only 'give the defendants fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting Twombly, 127 S.Ct. at 1964). In so doing, the court accepts as true all well-pleaded facts and draws all

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 4

reasonable inferences in the plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008).

Furthermore, in *Ashcroft v. Iqbal*, 556 U.S.662 (2009), the Supreme Court further expounded on the "two working principles" that underlie the *Twombly* decision." Id. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under the federal rules. Id. (Emphasis added). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." Id. at 1949.

    a.  **The SIFC is not Liable Under Title VII and Puerto Rico Law.**

Title VII prohibits employers from discriminating in employment on the basis of several grounds, including sex. Under certain circumstances, sexual harassment can constitute a form of sex discrimination under Title VII. *See, e.g., Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 65–67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Oncale v. Sundowner Offshore Services Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).

Furthermore, the U.S. Supreme Court has recognized that "workplace sexual harassment is actionable as sex discrimination under Title VII where the harasser and the harassed employee are of the same sex", so long as the conduct at issue was not merely tinged with

Case:17-03283-LTS Doc#:12234-1 Filed:10/04/22 Entered:10/04/22 15:43:15 Desc:
Exhibit Motion to Dismiss Page 5 of 17

Keila García Colón v. State Insurance Fund Corporation
Civil No. 21-01211 (RAM)
Motion to Dismiss
Page 5

offensive sexual connotations, but actually constituted discrimination because of sex. *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 79–81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).

Courts have recognized two forms of sexual harassment under Title VII: quid pro quo and hostile work environment. Quid pro quo sexual harassment occurs when "a supervisor conditions the granting of an economic or other job benefit upon the receipt of sexual favors from a subordinate or punishes that subordinate for refusing to comply." *Lipsett,* 864 F.2d at 897 (citations omitted); *see also García v. Suárez & Co.,* 288 F.Supp.2d 148, 158 (D.P.R.2003) ("The gravamen of a quid pro quo claim is that a tangible job benefit or privilege is conditioned on an employee's submission to sexual black-mail and that adverse consequences follow from the employee's refusal.") (quoting *Acevedo Vargas v. Colón,* 68 F.Supp.2d 80, 89 (D.P.R.1999)).

A plaintiff may bring a hostile work environment claim where "sexual harassment [is] so 'severe or pervasive' as to 'alter the condition [of the victim's] employment and create an abusive working environment.'" *Faragher v. City of Boca Raton,* 524 U.S. 775, 786, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (quoting *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). However, such conduct is actionable only when it "go[es] beyond the 'merely offensive' and approach[es] tangible injury (including psychological injury). [F]actors to be considered include frequency, severity, whether the conduct is "physically threatening or humiliating," and whether it 'unreasonably interferes with an employee's work performance.'" *Hernández–Loring,* 233 F.3d at 56 (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

Additionally, the sexually objectionable conduct must be "both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and that

Keila García Colón v. State Insurance Fund Corporation
Civil No. 21-01211 (RAM)
Motion to Dismiss
Page 6

[plaintiff] in fact did perceive it to be so." *Pérez–Cordero v. Wal–Mart Puerto Rico, Inc.,* 656 F.3d 19, 27 (1st Cir.2011) (citations omitted).

Courts have routinely held that a single episode of offensive sexual conduct is not sufficient to create a hostile work environment unless it is exceptionally severe. See *Clark County School v. Breeden,* 532 U.S. 268, 270–71 (2001) (**"A recurring point in our opinions is that ... isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'** "); see also *O'Rourke v. City of Providence,* 235 F.3d 713, 729 (1st Cir.2001) ("[O]ffhand comments and isolated incidents' are not sufficient to create actionable harassment; the hostile work environment standard must be kept sufficiently demanding to ensure that Title VII does not become a 'general civility code'") (citing *Faragher,* 524 U.S. at 788, 118 S.Ct. 2275; *Oncale v. Sundowner Offshore Servs.,* 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)).

Plaintiff's Complaint vaguely and generally alleges that Toledo and Baerga's behavior created a hostile work environment. We will proceed to discuss the merits of Plaintiff's baseless claims individually.

First, even if plaintiff had alleged sufficient facts to show that Toledo's behavior created a hostile work environment, the SIFC would not be liable for his behavior under Title VII. The standard under which an employer can be held liable for an employee's sexual harassment under Title VII depends on whether the harassment was perpetrated by the victim's supervisor or co-worker. See *Figueroa García,* 490 F.Supp.2d at 206. **When the alleged harasser is a co-worker, the employer is liable if it knew or should have known about the misconduct and failed to take appropriate corrective action.** *Crowley v. L.L. Bean, Inc.,* 303 F.3d 387, 401 (1st Cir.2002). In Toledo's case, she is not a SIFC employee, rather a National University College

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 7

Professor ("**NUC**") who served as coordinator for the NUC's Nursing Program at the Arecibo region of the corporation. *See* **Complaint ¶¶ 19-22.** Plaintiff then proceeds to enumerate a series of uncorroborated isolated incidents without providing the specific dates of said alleged occurrences. *See* **Complaint ¶¶ 25-32** Plaintiff's vague allegations state that "at some point" she approached her supervisors Gerena and Rosario on separate occasions and explained her version of Toledo's so-called inappropriate interactions. *See* **Complaint ¶¶ 34 and 48.** The fact is, that shortly thereafter, Toledo was removed from Managing the NUC's nursing program at the SIFC. *See* **Complaint ¶¶ 58-59.** Therefore, the SIFC took swift corrective action and removed Toledo.

In February 2020, Toledo returned to the SIFC. *See* **Complaint ¶ 68.** On that occasion, Plaintiff went and reported the situation to Rosario, since Gerena had retired from the SIFC. *See* **Complaint ¶¶ 68-70.** Once again, Plaintiff alleges that Toledo incurred in inappropriate behavior, however, once again fails to provide the specific dates of said alleged occurrences. A meeting was held by Soto, Rosario, and Dr. Luis Padro (SIFC's Arecibo Medical Director) with Plaintiff to discuss her allegations. *See* **Complaint ¶¶ 86-88.** During said meeting, Soto reassured her that she would be protected as required by the SIFC's harassment protocol. *See* **Complaint ¶ 95.** Soto also stated that the matter would be referred to the Labor Relations Office, as required by the sexual harassment protocol. *See* **Complaint ¶ 95.** After the meeting, Soto drafted the formal referral required by the SIFC's sexual harassment protocol and sent it to the Office of Labor Relations at the SIFC's headquarters. *See* **Complaint ¶ 99.** In early March 2020, García was informed by Gladys Gisela Melendez ("**Ms. Melendez**"), Director of Labor Relations, that she would meet with her to discuss the sexual harassment allegations. *See* **Complaint ¶ 107.** Present at the meeting were Garcia and the union steward, María Lebrón. *See*

Case:17-03283-LTS Doc#:22541-11 Filed:10/04/22 Entered:10/04/22 18:43:15 Desc:
Exhibit Motion to Dismiss Page 8 of 17

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 8

**Complaint ¶ 108.** Ms. Melendez interviewed Plaintiff and obtained a sworn statement from her and proceeded to conduct a full investigation on the matter. *See* **Complaint ¶¶ 109-110.** However, due to the COVD-19 pandemic, the SIFC closed its facilities on March 16, 2020. *See* **Complaint ¶ 112.** On June 29, 2020, Plaintiff returned to work at the SIFC. *See* **Complaint ¶ 112.** On October 9, 2020, Ms. Melendez issued her report and recommendation on the matter, and concluded that Toledo was not to return to provide services at the SIFC's Arecibo Region in order to guarantee that Plaintiff could work in an environment free of sexual harassment. Said determination was notified to Plaintiff on that same date. As Plaintiff admitted in her Motion for Preliminary Injunction, Toledo no longer works at the SIFC's Arecibo Region and she is no longer the subject of alleged unwanted sexual advances in the workplace. *See* **Motion for Preliminary Injunction ¶ 6.** Consequently, the SIFC once again took quick corrective action to tend to Plaintiff's claims.

As to her co-worker Baerga, Plaintiff professes that she constantly engages in harassment against her for having complained about alleged acts of sexual harassment by Toledo. *See* **Complaint ¶ 112.** Plaintiff proceeds to provide allegations that mention a series of random and uncorroborated events without providing evidence of dates and witnesses to said occurrences. *See* **Complaint ¶¶ 67, 128-130, 155- 162.** Plaintiff claims that her supervisors were aware of the situation, but fails to provide evidence of dates and or/written communications to corroborate said statements. *See* **Complaint ¶¶ 159, 163, 165.** Plaintiff's most disturbing allegation is that Baerga's harassment is of such nature that it included references to death. **Complaint ¶ 175.** She alleges that on more than one occasion, Baerga ushered comments about having to buy "coronas" (funeral floral arrangements). **Complaint ¶ 176**. Plaintiff goes as far as stating that Baerga allegedly threatened ger with the infliction of bodily harm when she whispered, "would

Case:17-03283-LTS Doc#:22504-11 Filed:10/04/22 Entered:10/04/22 19:43:15 Desc:
Exhibit Motion to Dismiss Page 9 of 17

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 9

love to have you alone and stab you". **Complaint ¶ 177.** For such a serious allegation, Plaintiff is curiously vague with respect to the date in which the alleged threat occurred.

Plaintiff further alleges that she contacted her supervisor Rosario and Dr. Padró, however, states that the SIFC has not produced any solution and Baerga is allegedly allowed to continue her harassing behavior. *See* **Complaint ¶¶ 178-180.** Once again, Plaintiff fails to provide evidence to corroborate that her supervisors were indeed notified, the dates they were allegedly notified, and proof that the SIFC has done anything to resolve this matter.

It is important to point out that the allegations in the Complaint against Baerga happened as far back as 2019. This means that "at one point" between 2019 and May 6, 2021, Ms. Baerga issued the alleged threat. The timeframe given is so vague that it is unreasonable to assume that the allegation occurred with any type of temporal proximity to the filing of the Complaint and the Motion for Preliminary Injunction. On the contrary, "at one point" communicates to anyone with basic reading comprehension skills that the event in question happened so far back in time and was treated with so little importance that the person issuing the statement is unsure of the exact moment it happened, *if* it even happened.

Plaintiff's blatant refusal to provide specificity for the harassment and retaliation-based allegations in her Complaint demonstrates the little regard she has for this Honorable Court's time and resources. Even if we assume that the alleged threats did happen and Plaintiff is merely omitting the timeframe for the sake of dramatic tension, what was Ms. García's reaction upon hearing her coworker threaten her life? Did Ms. García file a complaint with her union representative? That is not alleged. Did Ms. García request that the matter be referred to the Office of Labor Relations. That is not alleged. Most importantly, there is nary an allegation mentioning how Ms. Garcia filed a complaint with the police, No. That is not alleged. Nor did

Case:17-03283-LTS Doc#:21750-1 Filed:08/11/22 Entered:08/11/22 17:48:15 Desc:
Exhibit Motion to Dismiss Page 10 of 17

Case 3:21-cv-01211-RAM Document 14 Filed 06/01/21 Page 10 of 15

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
Motion to Dismiss
Page 10

she request a restraining order from the Court in order to be protected from Baerga's alleged threat. Furthermore, at no point in the Complaint does Plaintiff explain her inertia on the matter. Let us reiterate that the allegations before this Honorable Court involve an allegation of a threat of bodily harm. That is as serious an allegation as can be made, yet Plaintiff apparently did **nothing about it**, except, months afterward, file this suit. In the meantime, she kept going to work.

It is widely known in the context of Title VII that "[t]he Supreme Court has rejected the idea that an employer is strictly liable for a hostile environment created by a supervisor when the employer neither knew nor reasonably could have known of the alleged misconduct." See *Chaloult v. Interstate Brands Corporation*, 540 F.3d 64, 73 (1st Cir. 2008) (citing: Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 70-72 (1986)). Pursuant to this principle, the Court has crafted a doctrine, derived from *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998), and denominated it the "Faragher-Ellerth" defense. **This defense forecloses a Title VII claim against an employer, as Plaintiff's claim against the SIFC clearly is, when (1) the employer's "own actions to prevent and correct harassment were reasonable" and (2) "the employee's actions in seeking to avoid harm were not reasonable."** Chaloult, 540 F.3d at 66 (citing: *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765). This test, at the pleading stage, must be looked through the lens of the new pleading standard adopted by the Supreme Court in *Iqbal*. See *Iqbal*, 129 S.Ct. at 1953 (Holding that the *Twombly's* pleading standard applies "in all civil actions" under the Federal Rules of Civil Procedure.).

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 11

   The *Faragher-Ellerth* defense is applicable to the SIFC in the instant case. The SIFC, in accordance with its harassment protocol, has removed Baerga from the Arecibo Region, effective June 1st, 2021. The SIFC's actions ***do not*** constitute an acceptance that Plaintiff's allegations are true. Rather, the SIFC's internal harassment protocols mandate that when an allegation such as this one is made, the alleged offender be removed from the work site to another office, while the SIFC's internal investigation begins. Thus, the SIFC was proactive and took corrective action to remove Baerga from the Arecibo region. However, Plaintiff's actions in seeking to avoid harm simply do not comport with her behavior after receiving the alleged threat. To the contrary, her actions indicate that she continued with her daily work routine---which is great for her, the SIFC. and the citizens of this territory, but which are fatal for her allegations of fear for her safety. By acting in this manner, Plaintiff failed to act with reasonable care to take advantage of the employer's safeguards and otherwise prevent harm that could have been avoided. See *Faragher* 524 US at. 805. This is grounded on the notion that "…it requires the employee in normal circumstances to make [the effort to put the company on notice] if the employee wants to impose vicarious liability on the employer and collect damages under Title VII." Id. At 74 (citing: *Reed v. MBNA Marketing Systems, Inc.* 333 F.3d 27, 35 (1st Cir. 2003). As the First Circuit has noted, this requires that a plaintiff takes reasonable steps in reporting the harassment. *See*: Id. It also makes clear that "ordinary fear or embarrassment" is not a justification for lack of diligence in not reporting any such incident. Id.

   Plaintiff's inaction at such a serious offense begs the question: Why did she abstain from filing a formal complaint and taking the reasonable steps in reporting the harassment when Baerga allegedly issued her threat? The answer is simple: Because the threat does not exist.

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 12

Again. to this day, Plaintiff continues to go to work to the SIFC offices in the Arecibo Region as per her regular work schedule. At absolutely no point has García suffered, nor has been a victim of, an attempt on her life or physical harm. García's continued and uninterrupted physical integrity is, by itself, proof of that.

As discussed above, in *Iqbal*, the Supreme Court made clear that a plaintiff that intends to survive a motion to dismiss must furnish sufficient factual information, which, if ultimately proven would establish a violation of federal law. See *Iqbal*, 129 S.Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.... Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (Citations omitted)). This is where plaintiff's Complaint runs short given that the pleadings fail to provide well-pleaded factual information which, if proven, would make out a violation of Title VII. Thus, absent specific factual information to support Plaintiff's claims for relief, the Complaint must fail under *Iqbal's* pleading standard.

    b.  **Plaintiff does not have a claim of retaliation under Title VII and Puerto Rico Law 115**

Title VII makes it unlawful for an employer to retaliate against an employee who complains about discrimination in the workplace. *See* 42 U.S.C. § 2000e–3(a). To prevail in a Title VII retaliation claim, Plaintiff bears the burden of establishing that: "(1) he or she engaged in protected activity under Title VII, (2) he or she suffered an adverse employment action, and (3) the adverse employment action was causally connected to the protected activity". *Id.* at 176 (D.P.R. 2011). This standard provides the requirements to establish a *prima facie* case for Title VII retaliation.

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 13

Under this standard, an adverse employment action is one that affects employment or alters the conditions of the workplace. *Vega-Colon v. Wyeth Pharm.,* 625 F.3d 22, 23 (1st Cir. 2010). The changes must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Morales-Vallellanes v. Potter*, 605 F.3d 27, 30 23 (1st Cir. 2010). To determine if an employment action is in fact adverse, the court looks for whether an action **has materially changed the conditions** of a plaintiff's employment. *Cherkaoui v. City of Quincy*, 877 F.3d 14 (1st Cir. 2017). Under this provision, Title VII also states that the individual is not protected against all retaliations, they will be protected only from retaliation that produces an injury or harm. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Similarly, Law No. 115 protects employees from termination, discrimination, or other adverse employment actions affecting the terms and conditions of their employment "should the employee offer or attempt to offer ... any testimony, expression, or information before a legislative, administrative or judicial forum...." 29 LPRA § 194a(a).

Law No. 115 establishes a two-prong test to determine a *prima facie* retaliation case. Under Law No. 115, the employee must demonstrate, through direct or circumstantial evidence, that (1) she participated in a protected activity; and (2) was subsequently fired, threatened, or discriminated against regarding her employment. 29 LPRA § 194a (c); *Rivera Figueroa v. A.A.A.*, 177 D.P.R. 345, 362 (2009). Because Law 115 requires the same adverse employment action showing as a Title VII retaliation claim, courts have treated the two claims the same. *See Rivera Rodríguez v. Sears Roebuck De Puerto Rico, Inc.,* 367 F.Supp.2d 216, 230 (D.P.R.2005).

Case:17-03283-LTS Doc#:21250-11 Filed:06/10/22 Entered:06/10/22 17:48:25 Desc:
Exhibit Motion to Dismiss Page 14 of 17

Case 3:21-cv-01211-RAM Document 14-2 Filed 10/21/04 Page 14 of 17

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 14

Even though plaintiff cannot establish that she was subject to unlawful discrimination under Title VII, she can still maintain a retaliation claim if she can establish the three required elements of the *prima face case*. *See Wyatt v. City of Boston,* 35 F.3d 13 (1st Cir.1994). "The success of a retaliation claim does not require that the alleged wrongful conduct itself be illegal." *Alvarez v. Plom–Electric Corp./Imaginacion, et al.,* Cv. No. 04–1334(SEC), 2006 WL 6561405 at 3 (D.P.R. Jun. 19, 2006) (citing cases).

As to the second prong, an adverse employment action is defined as one that would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Godoy v. Maplehurst Bakeries, Inc.,* 747 F.Supp.2d 298, 314 (D.P.R.2010). This typically involves actions such as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Morales Vallellanes v. Potter,* 605 F.3d 27, 35 (1st Cir.2010).

For a retaliation suit to prosper under both federal and local law, it is essential for Plaintiff to have suffered some type of adverse employment action that affects her the terms, conditions, compensation, location, benefits, or privileges of the employment in any way. Neither the Complaint nor the Motion for Preliminary Injunction provides direct or circumstantial evidence that shows that Plaintiffs' employment terms were affected in any way as a result of partaking in protected activity. There is not a single allegation that Plaintiff was fired, suspended, nor has she had her compensation, benefits or privileges unilaterally minimized by SIFC. In fact, to this day Plaintiff continues to work at the SIFC offices in the Arecibo Region, her compensation has remained unaffected, her benefits remain the same, she has not been relocated in any way.

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 15

Furthermore, without an adverse employment action, it is impossible for there to be a causal connection with any protected activity. As such, even with the existence of any protected activity, Plaintiff fails to demonstrate how she has suffered any adverse employment actions, as defined by the First Circuit. For this reason, Plaintiff patently fails to fulfill the applicable standards to prevail in a retaliation suit under both Title VII and Law No. 115.

c. **Plaintiff does not have a claim under Puerto Rico Laws 17 and 69**

Puerto Rico Law No. 17 provides that sexual harassment in employment is "an illegal and undesirable practice," 29 LPRA § 155. On the other hand, Law No. 69 bars discrimination in employment on the basis of sex. *See* 29 LPRA § 1321. "Law 17 and 69 serve virtually the same purposes and outlaw essentially identical behavior, and Law 69's specific prohibition on gender discrimination overlaps with Law 17's bar on sexual harassment." *Gerald v. Univ. of P.R.,* 707 F.3d 7, 28 (1st Cir.2013) (*citing García v. Sprint PCS Caribe,* 841 F.Supp.2d 538, 564 (D.P.R.2012)). Moreover, "[t]he First Circuit has determined that Title VII's, Law 17's, ... prohibitions against gender discrimination and sexual harassment 'serve virtually the same purposes and outlaw essentially identical behavior.'" *Perez v. Horizon Lines, Inc.,* 2013 WL 5346856 at *12 (*citing Gerald,* 707 F.3d at 28). That is, "the substantive law of Puerto Rico on sexual harassment appears to be aligned with Title VII law; the latter's precedents being used freely to construe the former." *Gerald,* 707 F.3d at 28.

We incorporate by reference the arguments set forth in section (b) of this Motion and respectfully submit that Plaintiff's Complaint runs short given that the pleadings fail to provide well-pleaded factual information which, if proven, would make out a violation of Law 17 and Law 69.

Case:17-03283-LTS Doc#:21250-11 Filed:06/14/22 Entered:06/14/22 16:48:25    Desc:
Exhibit Motion to Dismiss    Page 16 of 17
Case 3:21-cv-01211-RAM   Document 14   Filed 10/21/21   Page 16 of 17

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
Page 16

    **d. This Honorable Court should not exercise its supplemental or pendent jurisdiction for the remaining claims under Puerto Rico law.**

In its Third, Fourth, and Fifth cause of action, Plaintiff invokes that this Honorable Court exercise its supplemental jurisdiction over Puerto Rico Law No. 17 of April 22, 1988; Puerto Rico Law No. 69 of July 6, 1985; and Puerto Rico Law No. 115 of December 20, 1991. However, if this Honorable Court dismisses Plaintiff's federal claims, the SIFC respectfully submits that their state claims should also be dismissed.

As a general principal, the unfavorable provision of a plaintiff's federal claims at the early stages of suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims. *López Mulero v. Valez Colon*, 490 F. Supp. 2d at 226 citing *Rodríguez v. Doral Mortg. Corp*, 57 F 3d 1168 (1st Cir. 1995) (quotations omitted).

Furthermore, in cases where the federal claims are dismissed, the balance of factors to be considered will point towards the court declining to exercise jurisdiction over the remaining state-law claims.  Id See also Ortiz Molina v. MAI del Caribe, Inc., 83 F. Supp. 271, 277 (2000); and United Mine Workers v. Gibbs, 383 US 715, 725 (1966).

In the event that this Honorable Court grants the SIFC's request for dismissal of Plaintiff's claims under state laws, as part of their Third, Fourth, and Fifth causes of action, should also be dismissed.

### III. CONCLUSION

In light of the foregoing, it is clear that Plaintiff failed to provide sufficient factual and specific information to make a plausible claim under Title VII and Puerto Rico Law's No. 17, 69, and 115. Thus, absent specific factual information to support Plaintiff's claims for relief, the Complaint must fail under *Iqbal's* pleading standard.

*Keila García Colón v. State Insurance Fund Corporation*
Civil No. 21-01211 (RAM)
**Motion to Dismiss**
**Page 17**

**WHEREFORE** it is respectfully requested that the Court take notice of the foregoing and DISMISS Plaintiff's Complaint with prejudice.

**I HEREBY CERTIFY,** that today we electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such to attorneys of record.

**RESPECTFULLY SUBMITTED** in San Juan, P.R., on June 1, 2021.

        **WEINSTEIN-BACAL, MILLER & VEGA, P.S.C.**
        González Padín Building-Penthouse
        154 Rafael Cordero Street, Plaza de Armas
        Old San Juan, Puerto Rico 00901
        Telephone:  (787) 977-2550
        Telecopier:  (787) 977-2559
        E-mail:     pwm@wbmvlaw.com
                      moa@wbmvlaw.com

By:    **S/Peter W. Miller**
        U.S.D.C. No. 213609

By:    **S/Myriam C. Ocasio-Arana**
        U.S.D.C. No. 228111