UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING FOUR HUNDRED FIFTY-NINTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND
THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO DEFICIENT CLAIMS

Upon the *Four Hundred Fifty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority to Deficient Claims* (Docket Entry No. 20790) (the "Four Hundred Fifty-Ninth Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Public Buildings

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Fifty-Ninth Omnibus Objection.

Authority ("PBA," and together with the Commonwealth, the "Debtors"), dated May 13, 2022, for entry of an order disallowing in their entirety certain claims filed against the Debtors, as more fully set forth in the Four Hundred Fifty-Ninth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Four Hundred Fifty-Ninth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Four Hundred Fifty-Ninth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Deficient Claims" in Exhibit A to the Four Hundred Fifty-Ninth Omnibus Objection (collectively, the "Deficient Claims") having failed to comply with the applicable rules by not providing a valid basis for the claim, such that the Debtors cannot determine the validity of the claim; and the Court having determined that the relief sought in the Four Hundred Fifty-Ninth Omnibus Objection is in the best interest of the Debtors, their creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Four Hundred Fifty-Ninth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the Four Hundred Fifty-Ninth Omnibus Objection is GRANTED as set forth herein; and it is further

   ORDERED that the Deficient Claims are hereby disallowed in their entirety; and it is further

   ORDERED that Kroll is authorized and directed to delete the Deficient Claims from the official claims register in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 20790 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: October 5, 2022

<u>/s/ Laura Taylor Swain</u>
LAURA TAYLOR SWAIN
United States District Judge
