UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED FORTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CROSS-DEBTOR DUPLICATE CLAIMS

Upon the *Three Hundred Forty-First Omnibus Objection (Non-Substantive) of the Puerto Rico Public Buildings Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Cross-Debtor Duplicate Claims* (Docket Entry No. 17105) (the "Three Hundred Forty-First Omnibus Objection"), filed by the Puerto Rico Public Buildings

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Authority (the "PBA") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the PBA, the "Debtors"), dated June 18, 2021, for entry of an order disallowing in their entirety certain claims filed against the Debtors, as more fully set forth in the Three Hundred Forty-First Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Forty-First Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Three Hundred Forty-First Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Forty-First Omnibus Objection (Non-Substantive) of the Puerto Rico Buildings Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Cross-Debtor Duplicate Claims*, dated August 29, 2022 (Docket Entry No. 21940, the "Notice"), for entry of an order disallowing the Claims to Be Heard (as defined below) and the Claims to Be Disallowed via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearings held on the Three Hundred Forty-First Omnibus Objection on January 19-20, 2022 and March 23, 2022, and the rulings made therein, sustaining the Three Hundred Forty-First Omnibus Objection as to Proofs of Claim Nos. 32231, 29762, 127701, 29313, 12310, 12526, and 42868 (the "Claims to Be Heard") on the grounds that they are duplicative of claims asserted against the Commonwealth of Puerto Rico ("Commonwealth"), and for which the asserted liability would lie, if at all, against the Commonwealth, not PBA or ERS; and upon the parties' agreement, as explained to the Court

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

during the March 23, 2022 Omnibus Hearing, that "Proof of Claim Nos. 12310 and 12526 may be disallowed as duplicative" and that their "disallowance will not affect any other claims filed by the claimants who filed Proof of Claim Nos. 12310 and 12526," March 23, 2022 Hr'g. Tr. at 22:15-20; and the Court having determined that the relief sought in the Three Hundred Forty-First Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Forty-First Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Forty-First Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to be Heard and the Claims to Be Disallowed via Notice of Presentment (collectively, the "Claims to Be Disallowed") are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that Kroll Restructuring Associates, LLC is authorized and directed to designate the Claims to Be Disallowed as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 17105 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: October 5, 2022

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge