UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

**OPPOSITION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, TO THE MOTION FILED BY CLAIMANT RUBÉN MUÑIZ RUBERTÉ [ECF NO. 22334] IN CONNECTION WITH THE THREE HUNDRED FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO MISCLASSIFIED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this opposition to the motion [ECF No. 22334] (the "Motion"), filed by claimant Rubén Muñiz Ruberté ("Claimant") in connection with the *Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 17108] (the "Three Hundred Forty-Fifth Omnibus Objection") and *Notice of Presentment of Proposed Order Granting the Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 21941] (the "Notice of Presentment"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. After full briefing and oral argument, on February 2, 2022, this Court ruled that (1) Claimant's Proof of Claim No. 3398 (the "Claim") should properly be classified as a general unsecured claim, and (2) Claimant would be permitted to submit additional information in support of the Claim. Feb. 2 Hr'g. Tr. 13:17-14:8 [ECF No. 19987] (the "February 2 Order").

2. Thereafter, Claimant submitted additional information in support of the Claim, and, on March 1, 2022, the Court issued *Order Concerning Informative Motion to Respectfully Request a Petition to Respond to the Three Hundred Forty-Fifth Omnibus Objection Individually* [ECF No. 20232], which (1) reiterated its February 2 Order reclassifying the Claim as a general unsecured

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

claim, and (2) directed the Oversight Board to take notice of Claimant's supplemental submission in support of the Claim (the "March 1 Order").

3. Through the Motion, however, Claimant seeks leave to "re-send the prima facie evidence to support and sustain a secured claim" (Mot. at 2) seemingly in an effort to re-litigate the Court's February 2 Order and the March 1 Order.

4. To the extent the Motion can be interpreted as a motion to re-submit evidence already fully considered so that the Court can reconsider the February 2 Order and the March 1 Order pursuant to Fed. R. Civ. P. 59(e), such a request should be denied because Claimant has failed to make any showing such relief is warranted.

5. Because Claimant does not come close to demonstrating any manifest error of law or fact in the February 2 Order and the March 1 Order sufficient to justify reconsideration, the Motion should be denied in its entirety.

## BACKGROUND

6. On March 19, 2018, Claimant filed the Claim asserting liabilities in the amount of $120,000, purportedly arising from personal injuries associated with an automobile accident. Claimant further asserted that the Claim is a secured claim.

7. On June 18, 2021, the Debtors filed the Three Hundred Forty-Fifth Omnibus Objection seeking to disallow certain proofs of claim that assert an incorrect or improper classification (the "Claims to Be Reclassified"). Specifically, as set forth in the Three Hundred Forty-Fifth Omnibus Objection, each of the Claims to Be Reclassified incorrectly or improperly asserted that it was secured and/or that it was entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). However, upon a reasonable review of the Claims to Be Reclassified and the Debtors' books and records, the Debtors concluded that the Claims to Be Reclassified were

not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims.

8. The Debtors received several responses to the Three Hundred Forty-Fifth Omnibus Objection, including a response submitted by Claimant [ECF No. 19680-5, 6 (the "Response")], which the Debtors addressed in their *Notice of Correspondence Regarding the Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 19680] (the "Notice of Correspondence").

9. In the Notice of Correspondence filed on January 5, 2022, the Debtors explained that Claimant's response set forth neither a basis for the assertion that the Claim is secured nor contested the reclassification of the Claim as a general unsecured claim. Notice of Correspondence ¶¶ 10-12, Ex. C, C-1. As such, the Debtors respectfully requested that the Court (1) sustain the Three Hundred Forty-Fifth Omnibus Objection as to the Claim, (2) reclassify the Claim as a general unsecured claim, and (3) preserve the Debtors' rights to object to the Claim on any basis whatsoever. *Id.* ¶ 12.

10. Thereafter, at the February 2, 2022 omnibus hearing (the "Feb. 2 Hearing"), the Debtors prosecuted, and the Court sustained the Three Hundred Forty-Fifth Omnibus Objection as to the Claim, and (1) reclassified the Claim as a general unsecured claim, and (2) permitted Claimant to submit additional materials in support of the Claim. (Feb. 2 Hr'g. Tr. 13:17-14:8 [ECF No. 19987].)

11. Subsequently, on February 25, 2022, Claimant filed an *Informative Motion to Respectfully Request a Petition to Respond to the Three Hundred Forty-Fifth Omnibus Objection*

4

*Individually* [ECF No. 20218] (the "Motion Submitting Supplemental Information"), seeking to submit supplemental materials as evidence in support of the Claim.

12. In response, on March 1, 2022, the Court entered the March 1 Order, in which the Court, among other things, (1) acknowledged that the Claim "has been reclassified as a general unsecured claim," and (2) directed the Oversight Board to "take notice that the Motion [ECF No. 20218] constitutes a supplemental submission in support of [the Claim.]" March 1 Order at 1-2.

13. On August 29, 2022, the Debtors filed the Notice of Presentment [ECF No. 21941] seeking entry of an order granting the Three Hundred Forty-Fifth Omnibus Objection.

14. Thereafter, on September 20, 2022, Claimant submitted the Motion (1) asserting that Claimant "satisfied every requests ordered by this Honorable Court, and . . . provided the prima facie evidence to support a secured claim," Mot. at 1, and (2) requesting leave to "re-send the prima facie evidence to support and sustain a secured claim," *id.* at 2.

## **ARGUMENT**

15. The Court should deny the Motion because the Court has already sustained the Three Hundred Forty-Fifth Omnibus Objection as to the Claim and reclassified it as a general unsecured claim, reclassification of which was also reiterated in a formal order. Feb. 2 Hr'g. Tr. 13:17-14:8; March 1 Order at 1-2.

16. To the extent the Motion's request to "re-send the prima facie evidence to support and sustain a secured claim" (Mot. at 2) can be interpreted as a motion to reconsider the Court's ruling made at the February 2 Hearing pursuant to Fed. R. Civ. P. 59(e), such a request should be denied because Claimant has failed to make any showing such relief is warranted.

17. As a general matter, "it is very difficult to prevail on a Rule 59(e) motion." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). "Rule 59(e) motions are aimed at *re*consideration, not initial consideration. Thus, parties should not use them to raise arguments which

5

could, and should, have been made before judgment issued." *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, 427 F. Supp. 3d 260, 263 (D.P.R. 2019) (recognizing that a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment" (quoting *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015))), *reconsideration denied*, 612 B.R. 821 (D.P.R. 2019). To succeed, "[t]he movant must either clearly establish a manifest error of law or fact or must present newly discovered evidence that could not have been discovered during the case." *Guzmán v. Rentas (In re Nieves Guzmán)*, 567 B.R. 854, 863 (1st Cir. B.A.P. 2017) (citing *Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez)*, 471 B.R. 752, 760 (1st Cir. B.A.P. 2012)); *see also Albarran v. Rivera (In re Rivera)*, 627 B.R. 765, 775 (1st Cir. 2021) ("A manifest error of law is [a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

18. "Rule 59(e) motions should be granted sparingly because parties should not be free to relitigate issues a court has already decided." *Encanto Rests., Inc. v. Vidal (In re Cousins Int'l Food Corp.)*, 553 B.R. 197, 201 (Bankr. D.P.R. 2016), *aff'd in part, appeal dismissed in part sub nom. Cousins Int'l Food, Corp. v. Vidal*, 565 B.R. 450 (B.A.P. 1st Cir. 2017); *see also In re FOMB*, 427 F. Supp. 3d at 263 (holding that a motion for reconsideration "is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources").

19. The Motion patently does not meet this demanding standard. Indeed, through the Motion, Claimant seeks only to "re-submit evidence to support and sustain a secured claim" (Mot. at 2) and, therefore, Claimant does not even attempt to identify any manifest error of law or fact or newly discovered evidence that would justify reconsideration of the February 2 Order or the March 1 Order. To the contrary, Claimant seeks to re-submit evidence already fully considered by the Court.

6

20. Furthermore, as the procedural history demonstrates, the Claimant had been afforded opportunities "to raise arguments which could, and should, have been made before judgment issued." *See Jorge Rivera Surillo & Co.*, 37 F.3d 29. For example, the Claimant had already submitted the Response in an attempt to support a secured claim prior to January 5, 2022. *See* Notice of Correspondence [ECF No. 19680-5, 6]. And the Claimant also presented his arguments at the February 2 Hearing, Feb. 2 Hr'g. Tr. 10:25-13:16. The Court's ruling to reclassify the Claim as a general unsecured claim came *after* consideration of Claimant's presentation. Feb. 2 Hr'g. Tr. 13:18-13:25.

21. For the foregoing reasons, the Debtors respectfully request that the Court deny the Motion in its entirety, with prejudice.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority*