# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO (the "ERS"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

## UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S OPPOSITION TO MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW IN SUPPORT OF ERS INDIVIDUAL PLAINTIFF'S OPPOSITION TO UBS' MOTION TO ENFORCE THE PLAN OF ADJUSTMENT

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

UBS Financial Services Incorporated of Puerto Rico,[2] by and through its undersigned counsel, hereby submits this opposition to the October 4, 2022 Motion for Leave to File Memorandum of Law in Support of ERS Individual Plaintiff's Opposition to UBS' Motion to Enforce the Plan of Adjustment.  (Dkt. 22500 (the "Motion for Leave"))[3]  In support, UBS states as follows:

1.     The Court should deny the individual ERS Beneficiaries'[4] motion for leave to file a *second* sur-reply brief (a sur-sur-reply) in connection with UBS's Motion to Enforce.  This latest memorandum of law – their *sixth* submission regarding UBS's Motion to Enforce – not only violates the Court's Rules and case management procedures, but offers nothing new for the Court's consideration.

2.     Plaintiffs' attempt to file multiple sur-replies is not permitted by this Court's practices.  The Court has already held oral argument on UBS's Motion to Enforce and has deemed the matter "under advisement."  (Dkt. 22408)  The record was not held open for further argument.  Nothing in the Court's Local Rules provides for post-argument briefing.  Rule 7 of

---

[2]   On July 14, 2021, UBS Financial Services Inc. ("UBS") and UBS Financial Services Incorporated of Puerto Rico entered into a Merger Agreement (the "Merger") pursuant to Section 253 of the Delaware General Corporation Law and Section 3733 of the General Corporations Act (2009) of Puerto Rico.  As a result of the Merger, UBS Financial Services Incorporated of Puerto Rico merged into UBS and ceased to exist, with UBS being the surviving corporation.  UBS recently filed a Motion to Substitute Party.  (Dkt. 22222)

[3]   By opposing the Motion for Leave, UBS does not waive – and expressly reserves – the right to address the substance of the arguments raised in the proposed memorandum of law should the Court choose to consider them.

[4]   All undefined capitalized terms have the same meanings set forth in UBS's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief (Dkt. 21651).

the United States District Court for the District of Puerto Rico ("Local Rule 7"),[5] which governs

motion practice, provides for the submission of a motion and supporting memorandum of law, an

opposition, and a reply. *See* Local Rule 7(a)-(c). Sur-replies are specifically prohibited "unless

the reply raises new arguments not previously presented in the movant's opening motion." Local

Rule 7(d). "Any portion of the surreply which does not strictly comply with this limitation shall

be stricken from the record." *Id.* Sur-replies also violate the Court's *Sixteenth Amended Notice,*

*Case Management and Administrative Procedures* unless they are authorized by the Court. (*See*

Dkt. 20190-1, 22487)

3.       There is also no need for further briefing here. The ERS Beneficiaries ***have***

***already filed an unauthorized sur-reply*** in violation of Rule 7(d) and the Court's case

management procedures. (*See* Dkt. 22294) The Court should not allow them to further violate

its Rules and orders by filing a sur-sur-reply. (*See* Dkt. 13276 (granting motion to strike

unauthorized sur-reply because it addressed topics outside the scope of order permitting sur-

replies)) *See also Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc.*, 2001 WL 521761, at *2

(E.D. Pa. May 10, 2001) (striking post-argument brief where court left record open to allow

presentation of additional evidence but did not grant leave to submit further argument).

4.       The ERS Beneficiaries portray their proposed sur-sur-reply as addressing a new

issues raised for the first time at oral argument, but this contention is refuted by a review of the

existing briefing. The argument they have presented – "that a personal, direct tort action is

exercisable by the retirees themselves against UBS, independently from the tort action the ERS

---

[5]       The Local Bankruptcy Rules for the United States Bankruptcy Court for the District of
Puerto Rico ("LBR") incorporate the rules of the United States District Court for the District
of Puerto Rico to the extent that a procedural matter is not covered by the LBRs or the
Federal Rules of Bankruptcy Procedure. LBR 1001-1(b).

is exercising on its own" (Motion for Leave ¶ 6) – was squarely raised in UBS's original Motion to Enforce filed months ago.  Specifically, UBS argued that the Court should enjoin all of the plaintiffs in the Commonwealth Action because the ERS Beneficiaries' claims are solely derivative and they do not have any direct, personal claims against UBS separate and apart from the ERS's claims.  (Dkt. 21651 at 13-24)  The ERS Beneficiaries had a fair opportunity to address this point in the prior briefing and at oral argument.

5.      Indeed, since UBS made that argument, the ERS Beneficiaries have submitted *five* substantive writings to the Court addressing the Motion to Enforce:  a Motion to Stay the Motion to Enforce (Dkt. 21808), an opposition to the Motion to Enforce (Dkt. 22175), a reply to the Official Committee of Unsecured Creditors' Response in Support of the Motion to Enforce (Dkt. 22199), a sur-reply in further opposition to the Motion to Enforce (Dkt. 22294), and an informative motion regarding their opposition to the Motion to Enforce (Dkt. 22381).  In at least two of those writings, the ERS Beneficiaries argued that they have direct claims independent of the ERS's claims.  (Dkt. 22175 ¶ 30-32; 22294 ¶ 9)  They had another opportunity to address this issue at oral argument.  There is no reason for them to submit yet another writing to the Court rehashing this point.  (*See* Dkt. 22487 (striking filing as unauthorized sur-reply because it "reiterates arguments thoroughly addressed in briefing"))  *See also Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 321 F.R.D. 475, 481, n.12 (D.P.R. 2017) ("The misnomer argument was not included in either PRMEG's opposition to dismissal or its surreply.  Consequently, this argument is waived."); *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 614 (D. Mass. 2018) (deeming argument waived because it was not addressed in either opposition or sur-reply); *see also*, *e.g.*, *Eldridge v. Gordon Bros. Grp., L.L.C.*,

3

863 F.3d 66, 84 (1st Cir. 2017) (waiver of an argument obviated the need for the district court to address the merits).

6.     The ERS Beneficiaries merely recycle their same arguments in their proposed sur-sur-reply, but they have included some new case law in their sur-sur-reply.  While citing new authorities in such a late filing is obviously unfair, it is also of no moment here because none of the new cases address the distinction between direct and derivative claims in the context of trusts, corporations or other business or government entities.[6]  The ERS Beneficiaries' claims are still premised on UBS, in its capacity as a purported advisor to the ERS, allegedly taking actions that diminished the assets of the ERS, which then had a secondary impact on retirees because the ERS supposedly had less funds from which to pay out benefits.  As UBS has already explained, when a beneficiary or shareholder alleges an injury predicated on a primary injury suffered by an entity, courts view that claim as a derivative claim, not an independent direct claim.  (Dkt. 21651 at 13-16; Dkt. 22274 at 10-11)

---

[6]     *See Nieves Diaz v. Gonzalez Massas*, 178 D.P.R. 820 (2010) (former spouse entitled to bring negligence claims against party who obtained lien against her property, mistakenly believing that it belonged to her former husband); *Sagardia de Jesus v. Hosp. Aux. Mutuo*, 177 D.P.R. 484, 2009 WL 4204462, P.R. Offic. Trans. (Nov. 12, 2009) (holding parents were entitled to recover for injuries suffered by their son during medical procedures that resulted in his death); *Colon Santos v. Coop Seg Mult PR*, 173 D.P.R. 170, 184-85 (2008) (reducing award to minor injured in car accident to account for negligence of parent that contributed to minor's injuries); *Hernandez Velez v. Televicentro*, 168 D.P.R. 803 (2006) (holding employer was not vicariously liable for sexual harassment perpetrated by its employee); *Lopez v. Porrata Doria*, 169 D.P.R. 135 (2006) (recognizing cause of action against establishment serving alcoholic beverages to visibly intoxicated individual who subsequently caused damage while driving under influence of alcohol but refusing to apply ruling retroactively); *Pons v. Engebretson*, 160 D.P.R. 347 (2003) (holding individual not vicariously liable for negligent acts of independent contractor hired to cut down tree in front of his residence); *Valle v. E.L.A.*, 157 D.P.R. 1, 2002 WL 1067234, P.R. Offic. Trans. (May 14, 2002) (holding individual and father were entitled to bring tort claims based on son's illegal arrest); *Ramos v. Carlo*, 85 D.P.R. 353 (1962) (holding pedestrian was entitled to bring claims against owner of building for injuries suffered from fall in front of owner's building where owner had left debris).

4

7.     It is particularly important to enforce the distinction between derivative and direct claims in the bankruptcy context because otherwise creditors could take assets belonging to the bankruptcy estate for themselves and deprive the estate of those assets.  *See In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81, 84, 92-93 (2d Cir. 2014) (affirming permanent injunction of class action lawsuits asserting tort claims to protect assets of the bankruptcy estate where "appellants' alleged injuries are inseparable from, and predicated upon, a legal injury to the estate").  The Court must exercise jurisdiction and enjoin the prosecution of tort claims "based on derivative or duplicative liability or claims that could have been brought by the Trustee" because "they undoubtedly have an effect on the bankruptcy estate."  *Id.* at 89.

8.     The proposed ***sixth*** filing by the ERS Beneficiaries does not, because it cannot, change the fact that the injuries allegedly suffered by the ERS Beneficiaries result solely from damages to the ERS.  (*See* Dkt. 22399-2 ¶ 4 (representing to Commonwealth Court that their claims seek redress for "[d]amages to the Individual Plaintiffs and the other trustees/beneficiaries of the System, *as a result of the losses to the System*") (emphasis added))

9.     For all of the foregoing reasons, the Court should deny the Motion for Leave to file a post-argument brief.


Respectfully Submitted:

In San Juan, Puerto Rico, this 5th day of October, 2022.


OF COUNSEL:                        McCONNELL VALDÉS LLC
                                   270 Muñoz Rivera Ave.
SKADDEN, ARPS, SLATE, MEAGHER      Hato Rey, Puerto Rico  00918
   & FLOM LLP                      Tel.:  (787) 250-2631
Paul J. Lockwood (*admitted pro hac vice*)   Fax:  (787) 759-9225
One Rodney Square

P.O. Box 636
Wilmington, Delaware  19899
Tel.:  (302) 651-3000
Fax:  (302) 651-3001

By: */s/ Roberto C. Quiñones-Rivera*
    Roberto C. Quiñones-Rivera, Esq.
    USDC-PR Bar No. 211512
    rcq@mcvpr.com

*Counsel for UBS Financial Services Inc.*

6