# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 22442**<br><br>Hon. Laura Taylor Swain |

## RESPONSE AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE REGARDING APPLICATION OF OVERSIGHT BOARD FOR ENTRY OF ORDER (I) RATIFYING CONTINUED APPOINTMENT OF LEAD MEDIATOR AND (II) APPOINTING WILLKIE FARR & GALLAGHER LLP AS SPECIAL ADVISOR TO THE LEAD MEDIATOR

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The United States Trustee for Region 21, by her undersigned counsel, hereby responds to the Application ("the Application") of the Financial Oversight and Management Board {"FOMB") for the entry of an order (I) ratifying the continued appointment of Former Judge Shelley C. Chapman as the lead mediator ("the Lead Mediator") of the Mediation Team for the PROMESA Title III case of PREPA, the Puerto Rico Electric Power Authority; and (II) appointing Willkie Farr & Gallagher LLP ("Willkie") as special advisor to the Lead Mediator to assist her in the performance of her duties. [ECF No. 22442].

The United States Trustee has standing to be heard on this matter as it involves the allowance of professional compensation under Title III of PROMESA. *See* PROMESA, 48 U.S.C. Chapter 20, at Sec. 316(a) and (b) (codified at 48 U.S.C. 2176(a)).

The United States Trustee has no authority to and does not object to the ratification of the Lead Mediator's continued appointment or to the employment of Willkie to assist the Lead Mediator. The United States Trustee, however, identifies potential difficulties with the proposed compensation terms of the Lead Mediator and Willkie and reserves her rights to object to their compensation.

**Proposed Terms of Compensation**

In its Application, the FOMB proposes that the Lead Mediator, her former law clerk, Ms. Jamie Eisen, who is now counsel at Willkie, and Willkie, be compensated by PREPA by a flat monthly fee of $50,000 payable by PREPA on the 15th of each month. The payment of such monthly fees would not be subject to the filing by the Lead Mediator or Willkie of any time-keeping records or reports of services rendered and would not be subject to review by the Court, the fee examiner, or the United States Trustee. Application, paragraph 22. PREPA would also

reimburse the Lead Mediator and Willkie for their reasonable and necessary expenses. The FOMB requests that the Court excuse the Lead Mediator and Willkie from any obligation to maintain time records, to prove conformity with its non-bankruptcy customary comparable rates, or to prove the reasonableness of its fees under any of PROMESA's "relevant factors."

**Inconsistency with PROMESA and Applicable Rules**

The United States Trustee questions whether the requested compensation is consistent with PROMESA's requirements for the compensation of professional persons. Unlike chapter 9 of Title 11, the United States Bankruptcy Code, PROMESA expressly requires that the Court find that the compensation sought is "reasonable compensation for actual, necessary services by the professional person . . . ." PROMESA, sec. 316(a)(1) (codified at 48 U.S.C. § 2176(a)(1)). The Court may award compensation less than the compensation requested. PROMESA, sec. 316(b). The remainder of section 316 of PROMESA is clearly derived from 11 U.S.C. § 330, which applies generally to all chapters of the Bankruptcy Code except for chapter 9. Because PROMESA, sec. 316, requires the filing of fee applications, Fed. R. Bankr. P. 2016(a) applies to the contents of such applications. PROMESA, sec. 310. Like section 330 of the Bankruptcy Code, section 316 instructs that a reasonableness determination requires considering "relevant factors," such as the "time spent" and the "rates charged."

Moreover, although sections 330 and 331 (governing final and interim compensation) of the Bankruptcy Code have direct analogues in sections 316 and 317 of PROMESA, PROMESA contains no provision comparable to section 328(a) of the Bankruptcy Code. Section 328(a) expressly permits the Court to "pre-approve" compensation arrangements like that proposed by the FOMB, the Lead Mediator, and Willkie. Section 328 provides that the court may award compensation that differs from the agreed-upon terms only if the terms and conditions approved

by the court later "prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." This is a rigorous standard that effectively freezes compensation in all but the most unusual circumstances.

Bankruptcy Code section 328(a)'s standard is completely absent from PROMESA. Thus, PROMESA sections 316 and 317 leave the burden on fee applicants to prove the reasonableness of the fees they seek on a retrospective review. Although pre-approval of compensation was not the issue in this Court's September 6, 2022, Order on professional disclosures, the Court nevertheless was clear that every debtor-compensated professional must file final fee applications pursuant to section 316 of PROMESA: "A final fee application must be filed at the end of each professional's engagement or the end of the case, even if the professional is not seeking any additional compensation or payment. Any amounts that were awarded as interim compensation are subject to reconsideration at any time prior to the final award, for any reason. . . . The professional will have to return any moneys to the estate that have been paid, but which are not finally awarded."). Order Concerning Non-Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act, ECF No. 22062 (Sep. 6, 2022) (quoting 3 COLLIER ON BANKRUPTCY ¶ 331.04 (16th ed. 2022)). This is particularly true in PROMESA, which has no section 328 analogue for pre-approval of compensation.

**Section 105(a) Provides No Basis for the Relief Sought**

The FOMB asks the Court to approve relief not provided by PROMESA based upon the Court's general equitable powers under section 105(a) of the Bankruptcy Code, which applies to PROMESA by operation of PROMESA, sec. 301(a). But this argument proves too much. As noted above, section 328 of the Bankruptcy Code could support an order of the type sought here (assuming the burden of proof were met). But section 328 is notably absent from section 301(a)

of PROMESA. Section 105(d)(2) of the Bankruptcy Code conditions the equitable powers of the court to assure that they are not used to grant relief inconsistent with another provision of the Bankruptcy Code or Rules. So, in the context of PROMESA, the FOMB is asking this Court to rely on section 105 to interpret the section 301(a) list of applicable Bankruptcy Code provisions to include authorities contained section 328(a) of the Bankruptcy Code. But section 328(a) is not on the meticulously compiled list. Because section 328(a) of the Bankruptcy Code is the sole source for the Court's authority to pre-approve innovative fee arrangements, any pre-approval of the FOMB's Application to pay flat fees to the Lead Mediator and Willkie would be *per se* inconsistent with section 301(a) of PROMESA and therefore inappropriate.

**Conclusion**

The United States Trustee hopes to be able to work with the FOMB to agree on a compensation arrangement that is consistent with PROMESA. Other professionals in these Title III cases have generally complied with PROMESA's requirements, and nothing is particularly novel about them. If no such agreement can be reached, the United States Trustee reserves her rights to maintain an objection to the payment of compensation to the Lead Mediator and Willkie based upon the positions outlined in this response.

October 6, 2022

(SPACE INTENTIONALLY LEFT BLANK)

Respectfully submitted,

MARY IDA TOWNSON
UNITED STATES TRUSTEE, Region 21

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By:    s/ Monsita Lecaroz-Arribas
       Assistant U.S. Trustee
       USDC-PR No. 207707
       monsita.lecaroz@usdoj.gov