# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As a representative of<br>**THE COMMONWEALTH OF PUERTO RICO** *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK- 3283-LTS<br>(Jointly Administered)<br><br>RE: Dkt Nos. 22442 and 22461 in Case No. 17-3283 |
| In re<br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As a representative of<br>**PUERTO RICO ELECTRIC POWER AUTHORITY,**<br><br>Debtor. | PROMESA Title III<br><br>No. 17 BK-4780-LTS |

**FEE EXAMINER'S COMMENT CONCERNING APPLICATION OF OVERSIGHT BOARD FOR ENTRY OF ORDER (I) RATIFYING CONTINUED APPOINTMENT OF LEAD MEDIATIOR AND (II) APPOINTING WILLKIE FARR & GALLAGHER LLP <u>AS SPECIAL ADVISOR TO THE LEAD MEDIATOR</u>**

To provide the Court with context, the Fee Examiner, by his counsel, submits this

comment on the pending *Application of Oversight Board for Entry of Order (i) Ratifying*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Continued Appointment of Lead Mediator and (ii) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* [Dkt. No. 22442 in Case No. 17-BK-3283 and Dkt No. 3018 in Case No. 17-BK-4780] (the "Application") -- pursuant to the *Order Scheduling Briefing Concerning Application of Oversight Board for Entry of Order (i) Ratifying Continued Appointment of Lead Mediator and (ii) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* [Dkt. No. 22461 in Case No. 17-BK-3283 and Dkt No. 3020 in Case No. 17-BK-4780].

**PRIOR WF&G RETENTION**

1. Willkie Farr & Gallagher LLP ("**WF&G**") has previously provided services in these proceedings as counsel to Bettina M. Whyte, as the COFINA Agent. In connection with that retention, it filed five interim fee applications pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), and the Court's prior interim compensation orders. *See* [Dkt. Nos. 2031, 2727, 3541, 4263, and 5782 in Case No. 17-BK-3283].

2. On February 2, 2018, the Fee Examiner and WF&G filed the *Stipulated Disclosure Agreement and Protective Order* [Dkt. No. 2389 in Case No. 17-BK-3283].

3. On April 2, 2018, the Court entered the *Stipulated Disclosure Agreement and Protective Order* [Dkt. No. 2832 in Case No. 17-BK-3283, at p. 6] (the "**Fee Examiner Protective Order**") stating, "This Stipulated Disclosure Agreement and Protective Order, once executed and entered by the Court, shall be deemed to incorporate and shall govern each Stipulated Disclosure Agreement and Protective Order in the form hereof that is executed on behalf of the Fee Examiner and one or more parties in interest and is filed on, before or after this date on the ECF system in the above-captioned jointly administered cases."

4. On June 12, 2019, WF&G filed the Final Fee Application of Willkie Farr & Gallagher LLP, in its Capacity as Counsel to Bettina M. Whyte, as the COFINA Agent, for Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from August 3, 2017 Through February 12, 2019. [Dkt. No. 7409 in Case No. 17-BK-3283].

5. On October 29, 2019, the Court entered the Omnibus Order Awarding Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for COFINA Final Fee Period [Dkt. No. 9047 in Case No. 17-BK-3283 and Dkt. No. 687 in Case No. 17-BK-3284], awarding WF&G $14,132,358.18 in fees and $1,232,803.23 in expenses as final compensation for its work on behalf of the COFINA Agent. The blended rate in the final WF&G fee application for all attorneys (prior to a five percent discount) was $934.54. See [Dkt. No. 7409 in Case No. 17-BK-3283] (the "**WF&G Final COFINA Fee Application**") at summary sheet page 2.

**PRIOR PROFESSIONAL RETENTIONS FOR MEDIATION TEAMS**

6. On August 21, 2017, the Court authorized the retention of Phoenix Management Services LLC ("**Phoenix**") to advise Hon. Barbara Houser (the "**Commonwealth Mediation Team Leader**") and the mediation team in the Title III Commonwealth case [Dkt. No. 1100 in Case No. 17-BK-3283 and Dkt. No. 246 in Case No. 17-BK-4780] (the "**Phoenix Retention Order**"). The Phoenix Retention Order required Phoenix to file fee applications "under the procedures and standards applicable to fees and expenses of professional persons under PROMESA section 316" and "subject to any interim compensation orders entered by the Court, except that any objection to the allocation of Phoenix's fees and expenses or the reasonableness of those fees and expenses shall be raised in the first instance with the [Commonwealth] Mediation Team Leader." ¶ 5.

3

7. Phoenix has submitted 14 applications for interim compensation—all complying with the operative interim compensation order. The Court has approved 13 of the Phoenix applications without objection throughout the course of these proceedings, with the 14th scheduled for Fee Examiner recommendation and Court approval in connection with the November 2, 2022 Omnibus Hearing.

8. On June 23, 2022, the Court authorized the retention of Moelis & Company LLC ("**Moelis**") as financial advisor to the PREPA mediation team (the "**PREPA Mediation Team**") with the fees and expenses of Moelis "subject to review and allowance by the Court under the procedures and standards applicable to fees and expenses of professional persons under PROMESA" sections 316 and 317. See *Order Authorizing Employment and Retention of Moelis & Company LLC, as Financial Advisor for Mediation Team* [Dkt. No. 2859 in Case No. 17-BK-4780] (the "**Moelis Retention Order**") at ¶ 4.

9. The Moelis Retention Order further provides that "Moelis restructuring professionals shall be required only to keep summary time records in hourly increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Moelis' professionals shall not be required to keep time records on a project category basis and Moelis shall not be required to provide or conform to any schedule of hourly rates." *Id.*, ¶ 5.

10. On September 12, 2022, Moelis submitted its first application for compensation [Dkt. No. 22153 in Case No. 17-BK-3283 and Dkt. No. 2952 in Case No. 17-BK-4780] that, on initial review, appears to conform to the Order's requirements.

11. Neither the Phoenix nor Moelis Retention Orders imposed any record-keeping or reporting requirements on any member of the PREPA Mediation Team or the Commonwealth Mediation Team.

**PROPOSED WF&G RETENTION**

12. On October 3, 2022, the Oversight Board filed the Application, seeking Court approval of the continued appointment of the PREPA Lead Mediator and appointing WF&G as "special advisor" to the PREPA Lead Mediator "to assist the Lead Mediator in the performance of her duties in the PREPA case." Application, ¶ 12.

13. The Application stipulates that WF&G "will perform such services…as requested by the Lead Mediator…," including the services of Jamie Eisen, also joining WF&G as counsel. *Id.*, ¶ 16.

14. In compensation for their services, the Lead Mediator and WF&G collectively will be paid $50,000 each month by PREPA "without need for the filing of any reports." *Id.*, ¶ 22.

15. The Application also provides for the payment of any "reasonable and necessary" costs and expenses and requires WF&G to "maintain records in support" of those costs and expenses. *Id.*, ¶ 23.

16. The Application requests that WF&G professionals who assist the Lead Mediator "not be required to maintain any time records," requesting as well that the Court "waive [any] such requirements" for detailed time records." *Id.*, ¶ 24.

17. As the Court knows, several financial and advisory firms in the Title III proceedings file compensation applications that do not strictly adhere to Appendix B of the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of

5

Expenses Filed Under 11 U.S.C. §330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**"). In Chapter 11 cases, the U.S. Trustee Guidelines apply only to attorneys, although the interim compensation order here requires all professionals in the Title III cases to comply with the guidelines. See *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 20546 in Case No. 17-BK-3283] at ¶3(j).

18. Even Title III professionals that have been granted limited and particularized exceptions to the usual bankruptcy billing norms (none of which are law firms) file fee applications subject to the Fee Examiner's review and recommendation and the Court's review and approval. The Application provides no basis for exempting timekeepers at WF&G (other than the PREPA Mediation Team members themselves) from the fee application process.

19. Though the Oversight Board's engagements with all other retained professionals in the Title III cases are set forth in an engagement agreement or letter, generally accessible on the Oversight Board's website (https://oversightboard.pr.gov/documents/), no agreement appears for WF&G. WF&G has not disclosed its customary billing rates, though such -- now dated -- information appears in the record in connection with WF&G's COFINA engagement and compensation.

20. To the extent parties are appropriately concerned about mediation confidentiality, a renewed agreement on the applicability of the Fee Examiner Protective Order could address such a concern.

**CONCLUSION**

With this comment, the Fee Examiner does not intend to take a position on the pending Application; rather, he provides the additional factual and procedural background to supplement the record regarding WF&G's engagement and compensation proposal through the Application.

Dated October 6, 2022

        EDGE Legal Strategies, PSC

        *s/ Eyck O. Lugo*
        Eyck O. Lugo
        252 Ponce de León Avenue
        Citibank Tower, 12th Floor
        San Juan, PR 00918
        Telephone: (787) 522-2000
        Facsimile: (787) 522-2010
        *Puerto Rico Counsel for Fee Examiner*

        GODFREY & KAHN, S.C.
        One East Main Street, Suite 500
        Madison, WI 53703
        Telephone: (608) 257-3911
        Facsimile: (608) 257-0609

        Katherine Stadler (*Pro Hac Vice*)

        *Counsel for the Fee Examiner*

28018989.3