# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 22442, 22538, 22542**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA Title III<br><br>Case No. 17 BK 4780-LTS<br><br>(Jointly Administered) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**REPLY OF THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO TO RESPONSE AND RESERVATION OF
RIGHTS OF THE UNITED STATES TRUSTEE, AND FEE EXAMINER'S
COMMENT, REGARDING APPLICATION OF OVERSIGHT BOARD FOR
ENTRY OF ORDER (I) RATIFYING CONTINUED APPOINTMENT OF
LEAD MEDIATOR AND (II) APPOINTING WILLKIE FARR &
GALLAGHER LLP AS SPECIAL ADVISOR TO THE LEAD MEDIATOR**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] respectfully submits this reply to the *Response and Reservation of Rights of the United States Trustee Regarding Application of Oversight Board for Entry of Order (I) Ratifying Continued Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* [ECF No. 22538] (the "U.S. Trustee Response") and the *Fee Examiner's Comment Concerning Application of Oversight Board for Entry of Order (I) Ratifying Continued Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* [ECF No. 22542] (the "Fee Examiner Response" and, together with the U.S. Trustee Response, the "Responses") and in support of the *Application of Oversight Board for Entry of Order (I) Ratifying Continued*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

*Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* (the "Application").[3]

## REPLY

### I. Willkie's Compensation Is Reasonable And Should Be Approved By The Court

1. Let us not overlook the obvious. Namely, to have Judge Chapman, Ms. Eisen, and the Willkie firm undertake mediation-related services dealing with all the major PREPA issues and all the major constituencies (the Oversight Board, bondholders, monolines, fuel line claimholders, UCC, and two unions) for a fixed fee of $50,000 per month is a bargain by any yardstick. Additionally, the confidentiality order governing the mediation together with the time it would take to prepare fee applications and to have the debtor, creditors, the U.S. Trustee, and the fee examiner review anything not subject to the confidentiality order, renders totally impracticable the conventional fee application regime. The costs of application preparation and review could easily exceed the fees requested. Finally, we should not overlook who is rendering the services. We are not talking about Jane off the pickle boat! For $50,000 per month the case is receiving the benefit of a former bankruptcy judge and practitioner, a former bankruptcy court clerk and practitioner, and the Willkie firm. The reputations of the individuals and the firm precede them.

2. The U.S. Trustee's point appears to be that the Court should assess reasonableness after the services are rendered. On the unique facts at bar, however, it's clear the Court can do so now. PROMESA section 316(c)(1) provides the Court shall consider the time spent. Even if the Willkie firm had not agreed to provide an estimate of monthly hours, in this unique context where

---

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Application.

3

we know the multiple legal issues, the number and identities of the major parties, and the time spent by Judge Chapman for no compensation the last several months, we know from experience the Willkie attorneys will have to spend hundreds of hours. Given that Judge Chapman's hourly rate in private practice exceeds $1,900, she would bill over $50,000 for 27 hours. Section 316(c)(2) requires reference to the hourly rates. If all attorneys at Willkie spend no more than 60 hours per month, the hourly rate will be $833. The only New York law firm in the Title III case that bills such rates is Proskauer Rose LLP, All the others are well in excess of $1200 per hour and higher. Thus, we know now how reasonable the monthly flat fee is. Section 316(c)(3) requires a determination that the services be necessary. That can certainly be done now because the Court has ordered the mediation. If it is court-ordered, it is necessary! Section 316(c)(4) requires a determination of whether the services were rendered in a reasonable amount of time given the complexity of the matters.[4] Here again, the Court has ordered the time for mediation and we know how complex the issues are. Section 316(c)(5) requires a determination the professional is board certified or experienced. Check. Section 316(c)(6) requires a determination that the fee be reasonable based on customary compensation. The fee is not reasonable, but it should not be denied because it is unreasonably small.

3. As the U.S. Trustee acknowledges, PROMESA gives this Court authority to award "reasonable compensation for actual, necessary services by a professional person." PROMESA § 316(a)(1).

---

[4] This Court may take judicial notice of the record of PREPA's Title III case. *See In re Reitter Corp.*, 475 B.R. 314, 323 (D. P.R. 2012) (holding bankruptcy court did not abuse its discretion in taking judicial notice of documents that were part of the record but were not presented as evidence).

4

4. The Lead Mediator has informed the Oversight Board that her and Ms. Eisen's standard hourly rates in their new roles as senior counsel at Willkie are currently $1,950 and $1,380, respectively. The Lead Mediator anticipates that she and Willkie professionals will spend significantly more than 60 hours each month on matters related to the PREPA mediation. Were Willkie's fees to be billed at standard hourly rates, its fees would be significantly higher than $50,000 per month and, as this Court is aware, other professionals retained in these Title III cases frequently bill significantly more than many multiples of $50,000 per month in fees.

5. Pursuant to PROMESA section 316, the Court has full discretion in determining the reasonableness of the terms of the Willkie engagement, and the record before this Court as to the timing, rates, and necessity of the engagement makes this determination an easy one.

## II. The Lead Mediator Will Commit To Make A Public Filing Estimating The Time Spent By Willkie Professionals Each Month

6. The requirement that professionals file fee applications to be compensated in these Title III cases is found in the Court's *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals* [ECF No. 20546] (the "Interim Compensation Order"). The Interim Compensation Order, which amended prior compensation orders, was entered in April 2022, long before Willkie's retention, and the Court has authority to exempt Willkie from certain provisions of its prior order, particularly given the expense of processing a Willkie fee application may easily exceed the fees. The Court can approve Willkie's monthly fee now, as reasonable compensation pursuant to section 316(a), by granting the Application and without the need for Willkie to file fee applications. Regardless, to avoid any appearance of impropriety, the Oversight Board and the Lead Mediator have agreed that no later than 10 days after the end of each calendar month, the Lead Mediator will file a certification with

the Court reflecting the approximate number of hours spent by Willkie on mediation during the prior month.

7. Willkie's time records would be irrelevant—the monthly fee is fixed at $50,000 regardless of how much time Willkie professionals expend on mediation-related matters (and, as is explained above, the Lead Mediator anticipates the value of Willkie's services would significantly exceed $50,000 each month if billed at standard hourly rates). Further, pursuant to the *Order Establishing the Terms and Conditions of Mediation* [Case No. 17-4780, ECF No. 2773], the mediation is confidential, and mediation parties may not disclose matters related to mediation to any non-party or to the Court. *Id*. at ¶ 8–9. Therefore, Willkie would be unable to disclose customary details about its services in any time records or other information submitted in Willkie fee applications. Fee applications and time entries therefore would not provide parties in interest with any information they could use in evaluating such applications.

8. Finally, the U.S. Trustee argues that the Oversight Board improperly invokes Bankruptcy Code section 105(a) to write Bankruptcy Code section 328 into PROMESA. U.S. Trustee Objection at 4–5. This is not the case. This Court does not need Bankruptcy Code section 328(a)'s "pre-approval" mechanism to award Willkie's fees. Instead, this Court has authority under section 105(a) to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title" including approving Willkie's compensation structure based on PROMESA section 316. *See In re Oak Knoll Associates, L.P.*, 835 F.3d 24, 34 (1st Cir. 2016) (explaining courts may use section 105(a) to carry out provisions of the Bankruptcy Code and to preserve rights conferred elsewhere in the Bankruptcy Code).

6

9. For all these reasons Willkie's compensation is reasonable for section 316 purposes and otherwise unreasonably low, and the proposed disclosure of estimated hours worked by Willkie is sufficient to address any concerns raised in the Responses.

## CONCLUSION

For the foregoing reasons, subject to the disclosure terms detailed above, the Application should be approved.

[*Remainder of page intentionally left blank*]

Dated: October 7, 2022
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Daniel Desatnik
(Admitted *Pro Hac Vice)*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of PREPA*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of PREPA*