UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | PROMESA Title III |
| | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) | Case No. 17 BK 3283-LTS |
| as representative of | ) ) | (Jointly Administered) |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, et al., | ) ) ) | |
| Debtors.¹ | ) ) | |
| | | |
| In re: | ) | PROMESA Title III |
| | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) | Case No. 17 BK 4780-LTS |
| as representative of | ) ) | |
| PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"), | ) ) ) | |
| Debtors. | ) ) | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

ORDER (I) RATIFYING CONTINUED APPOINTMENT OF LEAD MEDIATOR AND (II) APPOINTING
WILLKIE FARR & GALLAGHER LLP AS SPECIAL ADVISOR TO THE LEAD MEDIATOR

Upon consideration of the *Application of Oversight Board for Entry of Order (I) Ratifying Continued Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* (Docket Entry No. 22442 in Case No. 17-3283 and Docket Entry No. 3018 in Case No. 17-4780) (the "Application"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as the Title III representative of the Puerto Rico Electric Power Authority ("PREPA"), pursuant to section 315(b) of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[3] (I) ratifying the continued appointment of the Lead Mediator on the Mediation Team appointed in PREPA's Title III Case (each as defined below), (II) appointing Willkie Farr & Gallagher LLP ("Willkie") as special advisor to the Lead Mediator on the terms set forth herein, to assist the Lead Mediator in the performance of her duties in PREPA's Title III Case, and (III) granting any additional relief required to effectuate the foregoing; and upon the Longmire Declaration in support thereof; the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) the Oversight Board provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; (iv) and the Court having found that the relief requested in the Application, as modified by this Order, is in the best interests of PREPA, its creditors, and other parties in interest; (v) based on the representations made in the Application

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

[3] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers herein are to the uncodified version of the legislation.

and the Longmire Declaration, and due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,[4] it is hereby ORDERED that:

1. The Application is granted as set forth herein.

---

[4] The Court has received and reviewed the *Response and Reservation of Rights of the United States Trustee Regarding Application of Oversight Board for Entry of Order (I) Ratifying Continued Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* (Docket Entry No. 22538 in Case No. 17-3283) (the "UST Response") and the *Fee Examiner's Comment Concerning Application of Oversight Board for Entry of Order (I) Ratifying Continued Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator* (Docket Entry No. 22542 in Case No. 17-3283). The UST Response argues that the Court lacks authority to grant the Application because sections 316 and 317 of PROMESA contemplate retrospective judicial review of requests for compensation by professionals. (UST Response at 2-4.) The UST Response further argues that the Court cannot rely on its authority under section 105(a) of the Bankruptcy Code, made applicable by section 301(a) of PROMESA, to prospectively approve the fees contemplated by the Application because section 328(a) of the Bankruptcy Code—which expressly permits prospective approval of certain professional compensation arrangements—was not incorporated into PROMESA. (UST Response at 4-5.)

Section 105(a) "grants bankruptcy courts 'broad authority to exercise [their] equitable powers -- where necessary or appropriate -- to facilitate the implementation of other Bankruptcy Code provisions[.]'" Pinto-Lugo v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 987 F.3d 173, 181 (1st Cir. 2021) (quoting Ameriquest Mortg. Co. v. Nosek (In re Nosek), 544 F.3d 34, 43 (1st Cir. 2008)). Here, the proposed compensation scheme is in furtherance of Court-ordered mediation to aid in the resolution of difficult contested issues and the formation of a confirmable plan of adjustment. Approval of the Application is not inconsistent with any provision of PROMESA and would not alter any other substantive right in PROMESA. See Nosek, 544 F.3d at 43. Furthermore, while the services have not yet been rendered, the Court's experience with the Title III cases and knowledge of the complexity of the challenge ahead for the Lead Mediator lead the Court to believe that the flat rate proposed by the Application is both reasonable and necessary, and that it will reflect a substantial discount from market rates generally charged by experienced professionals such as the Lead Mediator. Under these circumstances, with the fact and results of the Mediation reported publicly on the docket, and in light of the Lead Mediator's proposal to file monthly reports of the approximate time spent by Willkie on Mediation activities, the Application strikes a reasonable balance of transparency, confidentiality, and the efficient provision of necessary services for the benefit of PREPA and its stakeholders. Accordingly, the UST Response is overruled.

2. The Lead Mediator is authorized to continue in her appointment as such through the Termination Date, as such date may be extended from time to time, and her appointment through such date is hereby ratified.

3. The term of the Lead Mediator's appointment shall be six months from the date of entry of this Order, renewable upon the mutual consent of the Mediation Team and the Mediation Parties, with such renewal being approved by further order of this Court.

4. PREPA is authorized and required to pay Willkie as special advisor for the Lead Mediator, and Willkie is authorized to perform the Services for the Lead Mediator, in the amounts and at the times set forth in the Application.

5. Willkie shall be entitled to allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred pursuant to the terms of the Application as an administrative expense pursuant to Bankruptcy Code section 503(b)(1), made applicable by section 301(a) of PROMESA, without the need to file interim fee applications or to submit time records, except that, no later than 10 days after the end of each calendar month, the Lead Mediator must file a certification with the Court reflecting the approximate number of hours spent by Willkie on mediation during the prior month. Wilkie's final fee application may be supported by such certifications.

6. The definition of "Mediation Team" in paragraph 16 of the Mediation Order is hereby modified as follows: "When used in this paragraph, 'Mediation Team' includes not only the Mediation Team but also each member of the Mediation Team and the Mediation Team's and its members' judicial clerks, court staff, financial advisor, and legal advisor."

7. Notice of the Application as provided therein shall be deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

8. This Order shall be immediately effective and enforceable upon its entry.

9. Willkie, the Mediation Team, and the Oversight Board (as PREPA's Title III representative), are authorized to take all actions and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Application.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

11. This Order resolves Docket Entry No. 22442 in Case No. 17-3283 and Docket Entry No. 3018 in Case No. 17-4780.

SO ORDERED.

Dated: October 7, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge