UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING MOTION FOR LEAVE TO FILE MEMORANDUM OF
LAW IN SUPPORT OF ERS INDIVIDUAL PLAINTIFFS' OPPOSITION
TO UBS' MOTION TO ENFORCE THE PLAN OF ADJUSTMENT

        The Court has received and reviewed the *Motion for Leave to File Memorandum of Law in Support of ERS Individual Plaintiff's Opposition to UBS' Motion to Enforce the Plan of Adjustment* (Docket Entry No. 22500 in Case No. 17-3283) (the "Motion"),[2] filed by Pedro José Nazario Serrano, Joel Rivera Morales, María de Lourdes Gómez Pérez, Héctor Cruz Villanueva, Lourdes Rodríguez, and Luis M. Jordán Rivera (the "ERS Beneficiaries"). The ERS Beneficiaries seek leave to file a sur-reply, to address whether "a personal, direct tort action is exercisable by the retirees themselves against UBS, independently from the tort action the ERS is exercising on its own." (Mot. ¶ 6.)[3]

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references herein are to the docket of Case No. 17-3283.

[3]     The Courts has also received and reviewed the *UBS Financial Services Incorporated of Puerto Rico's Motion for Leave to File Memorandum of Law in Support of ERS*

The ERS Beneficiaries have submitted four filings in connection with the *UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* (Docket Entry No. 21651)(the "Motion to Enforce the Plan"): the *Motion to Stay Consideration of: UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* (Docket Entry No. 21808); the *Reply to Opposition to Motion to Stay and (2) Opposition to Motion to Enforce the Plan of Adjustment* (Docket Entry No. 22175); the *Brief Reply To: Official Committee of Unsecured Creditors Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No. 22186] and to Joinder of the Avoidance Actions Trustee to Official Committee of Unsecured Creditors Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No. 22187]* (Docket Entry No. 22199); and the *Brief Sur-Reply to: UBS Financial Services Incorporated of Puerto Rico's Reply in Further Support of its Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* (Docket Entry No. 22294). The Court also heard oral argument in connection with the Motion to Enforce the Plan, which remains sub judice, at the September Omnibus Hearing held September 21, 2022, wherein the Court took the motion on submission. (See September 28, 2022, Hr'g Tr. 101: 16-18.)

Generally, a sur-reply may be permitted if it is needed to allow a party to address new arguments raised for the first time in a reply brief. See Animal Welfare Institute v. Martin, 588 F. Supp. 2d 70, 81 (D. Me. 2008) ("A surreply is appropriate where a party has not had the opportunity to contest matters introduced for the first time in the opposing party's reply."). Here, the ERS Beneficiaries have already filed an unauthorized sur-reply in support of their opposition to the Motion to Enforce the Plan. See Docket Entry No. 22294. Additionally, the subject of the second sur-reply—providing legal support for the existence of an independent claim that would entitle the ERS Beneficiaries to compensation for damages—has been thoroughly addressed in prior briefing. Thus, the ERS Beneficiaries have failed to identify a new argument that warrants post-argument briefing. Accordingly, the Motion is denied.

This Order resolves Docket Entry No. 22500 in Case No. 17-3283.

SO ORDERED.

Dated: October 11, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

*Individual Plaintiff's Opposition to UBS' Motion to Enforce the Plan of Adjustment* (Docket Entry No. 22533 in Case No. 17-3283) (the "UBS Opposition").