**<u>Exhibit B</u>**

**Declaration of Marc J. Tobak**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>                              Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## DECLARATION OF MARC J. TOBAK IN SUPPORT OF MOTION OF BONISTAS DEL PATIO FOR PAYMENT OF CERTAIN PROFESSIONAL FEES AND EXPENSES BY THE COMMONWEALTH

I, MARC J. TOBAK, hereby declare under penalty of perjury:

1.      I am an attorney with the law firm of Davis Polk & Wardwell LLP ("Davis Polk"), counsel to Bonistas del Patio, Inc. ("Bonistas del Patio") in connection with the above-captioned matter. I submit this Declaration in support of the Motion of Bonistas Del Patio for Payment of Certain Professional Fees and Expenses by the Commonwealth ("the Motion").[2] I have personal knowledge of the facts stated herein and, if called to testify, could and would competently testify hereto.

---

[1] The debtors in these Title III cases, along with each debtor's respective Title III case number and the last four digits of each debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Brian M. Resnick Regarding Payment of the Bonistas Expenses dated February 13, 2019, detailing Bonistas del Patio's involvement in the Mediation and confirmation of the COFINA Plan (Dkt. No. 5117-1.)

3. Attached hereto as Exhibit 2 is a letter dated July 19, 2018 and written by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge and belief.

Dated: October 11, 2022
       New York, New York

/s/ Marc J. Tobak
Marc J. Tobak
Counsel, Davis Polk & Wardwell LLP

2

## **Exhibit B-1**

**Declaration of Brian M. Resnick Regarding Payment of the Bonistas Expenses**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*[1],<br><br>                    Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## DECLARATION OF BRIAN M. RESNICK REGARDING PAYMENT OF THE BONISTAS EXPENSES

I, BRIAN M. RESNICK, hereby declare under penalty of perjury:

1. I am an attorney with the law firm of Davis Polk & Wardwell LLP ("Davis Polk"), counsel to Bonistas del Patio, Inc. ("Bonistas del Patio") in connection with the court-sanctioned mediation (the "Mediation") relating to the above-captioned

---

[1] The debtors in the above-captioned Title III cases (each, a "Debtor"), along with each Debtor's respective title III case number and the last four digits of each Debtor's federal tax identification number, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Title III proceedings in respect of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA") and the other Debtor instrumentalities of the Commonwealth.[2]

2. I submit this declaration (this "Declaration") with respect to the *Stipulation Regarding Section 15.2 Expenses* [Case No. 17-3283, Dkt. No. 5097-1] (the "Stipulation"), relating to the Bonistas Expenses (as defined herein), submitted by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") in connection with the *Third Amended Plan of Adjustment for Puerto Rico Sales Tax Financing Corporation* [Case No. 17-3284, Dkt. No. 436] (the "COFINA Plan of Adjustment"), and in support of the *Response of the Puerto Rico Fiscal Agency and Financial Advisory Authority to the Official Committee of Unsecured Creditors' Urgent Response to Informative Motion [Docket No. 584]*.

### Bonistas del Patio

3. Bonistas del Patio is a Puerto Rico not-for-profit corporation that has been a key participant and an important local voice throughout the Commonwealth's fiscal crisis and debt restructuring process. Bonistas del Patio's mission is to safeguard the interests of individual residents of Puerto Rico who invested their savings in billions of dollars of bonds issued by the Commonwealth and its instrumentalities ("Local Bondholders") and to preserve local capital on-island. Bonistas del Patio was formed in recognition of the fact that Local Bondholders have separate and distinct interests from non-resident creditors and creditor groups and often hold bonds in denominations too small to make their voice heard. As an organization operated by local businesspeople

---

[2] I have been admitted *pro hac vice* to the District of Puerto Rico for purposes of these Title III cases in connection with Davis Polk's representation of the Commonwealth Bondholder Group.

2

who have invested savings of their own into Puerto Rico bonds, and who regularly solicit feedback from other Local Bondholders, Bonistas del Patio speaks for a critical constituency in the Commonwealth's debt restructuring negotiations—a constituency that must bear the burden both of the Commonwealth's debt reductions through bond write-downs and of its financial restructuring in the form of increased taxes, reduced public services and other reform measures.[3] In furtherance of its goals, Bonistas del Patio principally advocates for consensual, cost-effective debt restructurings between the various government issuers and their creditor constituencies, and was an early and crucial participant in the negotiation of the only successful restructurings completed under PROMESA to date—the qualifying modification of the Government Development Bank for Puerto Rico ("GDB") under Title VI of PROMESA and the COFINA Plan of Adjustment under Title III of PROMESA.

**Bonistas del Patio's Professionals**

4. Bonistas del Patio retained Davis Polk and Ducera Partners LLC ("Ducera" and, together with Davis Polk, the "Professionals") in July of 2017, to represent Bonistas del Patio in connection with the Mediation. Because Bonistas del Patio has few financial resources of its own, from the time of Bonistas del Patio's initial engagement of the Professionals, and based on discussions since that time with representatives and advisors of AAFAF, which recognized that local bondholders are entitled to be well represented in any restructuring negotiations, Bonistas del Patio and

---

[3] Although definitive current local holdings are unknown, the report published by the Oversight Board's Independent Investigator indicates that, as of 2015, approximately 22% of Puerto Rico's outstanding debt (approximately $16 billion) was held by Local Bondholders. Kobre & Kim LLP, Independent Investigator for the Financial Oversight & Management Board for Puerto Rico, Final Investigative Report (Aug. 20, 2018), at 338. According to the Monthly Puerto Rico Bonds Report published by the Office of the Commissioner of Financial Institutions of Puerto Rico, Local Bondholders held approximately $9 billion in face amount of bonds issued by the Commonwealth or its instrumentalities, as of September 30, 2018.

3

the Professionals have operated under the expectation that the Professionals' expenses would ultimately be paid by the Commonwealth or its instrumentalities in connection with one or more successful plans of adjustment. Accordingly, the Professionals have agreed to provide legal and financial services to Bonistas del Patio without recourse to Bonistas del Patio for payment.

5. With such expectations, the Professionals have continued their work on behalf of Bonistas del Patio, including in connection with the negotiation, development, confirmation and consummation of the COFINA Plan of Adjustment and the compromise and settlement of the Commonwealth-COFINA Dispute (collectively, the "<u>COFINA Restructuring</u>"). As of the date of this Declaration, the Professionals have not received any payments for their work on behalf of Bonistas del Patio from the Commonwealth or any of its instrumentalities.[4]

### **<u>Bonistas del Patio's Key Role in Mediation</u>**

6. Bonistas del Patio and the Professionals have played a central role in the Mediation. Bonistas del Patio was one of the initial parties to the Mediation Agreement entered into in connection with the *Order Appointing Mediation Team* [Case No. 17-3283-LTS, Dkt. No. 430] in the summer of 2017, and since that time Bonistas del Patio and the Professionals have actively and diligently participated in the Mediation, seeking consensual resolutions to Puerto Rico's fiscal crisis through global settlements and debt restructurings. As early as August of 2017, the Professionals, on behalf of Bonistas del Patio, began engaging with advisors to AAFAF and the Financial Oversight and

---

[4] With respect to professionals other than Davis Polk or Ducera, those representing Bonistas del Patio in connection with the restructuring of GDB were paid fees and expenses incurred in connection therewith, upon the consummation of the Qualifying Modification of GDB. Such payments were made by GDB.

4

Case:17-03283-LTS Doc#:5178-1 Filed:02/13/19 Entered:02/13/19 17:02:30 Desc:
Exhibit Resnick Declaration Page 5 of 10

Management Board for Puerto Rico (the "Oversight Board" and, together with AAFAF, the "Government Parties") and other creditor constituencies to discuss and help formulate potential global settlements. Bonistas del Patio and the Professionals participated in the Mediation from the outset, where they engaged thoughtfully and constructively in discussions regarding the fiscal plan, debt capacity, potential settlement structures and the implications of hurricanes Irma and María. In recognition of the Professionals' contributions and the unique and important perspective of Bonistas del Patio, Ducera is among a small subset of advisors allowed access to confidential financial updates on behalf of the broader creditor constituencies.

7. As an advocate for the interests of Local Bondholders, Bonistas del Patio has been particularly focused on achieving consensual resolutions of the Commonwealth-COFINA Dispute and the intra-COFINA creditor disputes. COFINA bonds are largely understood to be the most widely held government bonds on-island,[5] and Bonistas del Patio believes, based on information provided to it by local broker-dealers, that local holdings were approximately evenly weighted between senior and subordinate COFINA bonds prior to consummation of the COFINA Plan of Adjustment. In light of this and in furtherance of Bonistas del Patio's overarching position that consensual resolutions to the Commonwealth's debt crisis are in the best interests of all stakeholders, the Professionals were deeply involved from the outset in each stage of negotiations leading to the COFINA Restructuring, actively seeking to drive consensus for a deal that Bonistas del Patio's leadership believed represented a reasonable compromise and aiming to smooth the process toward confirmation by avoiding a potential cram-down plan. Moreover,

---

[5] According to the Monthly Puerto Rico Bonds Report published by the Office of the Commissioner of Financial Institutions of Puerto Rico, Local Bondholders held approximately $3.4 billion in face amount of COFINA bonds, as of September 30, 2018.

5

because of its significant local influence, Bonistas del Patio was able to make a meaningful impact in driving other parties in interest toward consensus.

8. Bonistas del Patio and the Professionals actively participated in the resolution of the Commonwealth-COFINA Dispute and the intra-COFINA creditor disputes. In connection with the Mediation of those disputes, Bonistas del Patio provided a balanced voice on behalf of both senior and subordinate bondholders and advocated for the interests of Local Bondholders to ensure fair treatment for all bondholders. In Bonistas del Patio's view, it made a significant contribution to the negotiation of the COFINA Plan of Adjustment by helping to bridge differences among the creditor parties.

9. Bonistas del Patio and the Professionals provided substantial benefits to the Commonwealth and COFINA in connection with the formulation, negotiation, confirmation and consummation of the COFINA Restructuring. Among other things, Bonistas del Patio and/or the Professionals, as applicable:

- Prepared and submitted mediation statements, as requested by the mediators;

- Participated in hundreds of hours of intense and complex negotiation sessions, meetings and conference calls (including hosting several meetings at Davis Polk) regarding settlement of the Commonwealth-COFINA Dispute and intra-COFINA creditor disputes;

- Entered into the plan support agreement for the COFINA Plan of Adjustment (the "Plan Support Agreement") and fulfilled its obligations and covenants under Section 4.9 thereof to (i) support the COFINA Restructuring, (ii) actively encourage support by Local Bondholders for the COFINA Restructuring, including through posting to the Bonistas del Patio website and responding to Local Bondholders' questions, (iii) support new Puerto Rico legislation to implement the COFINA Restructuring, (iv) not take any action, nor encourage others to take any action, inconsistent with the COFINA Restructuring and (v) not support or encourage Local Bondholders to vote for any plan of adjustment (or

6

> modification thereto) not proposed or supported by the Oversight Board, AAFAF or COFINA;
>
> • Assisted in the formulation of the COFINA Plan of Adjustment and the finalization of the definitive agreement and ancillary documents, including by serving as a counterparty to the Oversight Board and AAFAF in the negotiation of the COFINA Plan of Adjustment and helping to ensure the Oversight Board had significant Local Bondholder support for the COFINA Plan of Adjustment;
>
> • Communicated with Local Bondholders to raise awareness of the COFINA Restructuring, and served as a resource for Local Bondholders, including through phone calls, emails, at least eight public statements published throughout local media outlets and on Bonistas del Patio's website, in-person meetings in Puerto Rico with the Professionals and Local Bondholders and a remote video conference with the Professionals and Local Bondholders; and
>
> • Encouraged support for the COFINA Plan of Adjustment, through preparing and disseminating to Local Bondholders "Questions and Answers" regarding the COFINA Plan of Adjustment and distributing announcements notifying and reminding Local Bondholders of the voting and election deadlines for the Plan of Adjustment, and by encouraging broker-dealers to communicate with Local Bondholders with respect to the COFINA Plan of Adjustment and assisting the Oversight Board's counsel in the formulation of radio advertisements publicizing the solicitation and other documents publicizing the solicitation.[6]

**AAFAF's Agreements Regarding Payment of the Professionals' Fees and Expenses**

10. In the midst of continued negotiations leading up to the execution of the Plan Support Agreement, AAFAF executed a letter agreement (the "July 2018 Letter Agreement") to Bonistas del Patio, confirming and acknowledging that Bonistas del Patio and the Professionals provided "significant benefits to local constituents and the Commonwealth alike," and agreeing that a provision could be included in any plan of adjustment for the Commonwealth or other Title III Debtor that would require the

---

[6] Certain of these efforts were pursued at the request of the Oversight Board's advisors, who sought to ensure that each class of claims entitled to vote in respect of the COFINA Plan of Adjustment satisfied the "numerosity" requirement for acceptance by the class under section 1126(c) of the Bankruptcy Code, as made applicable under Title III of PROMESA.

7

payment of the fees and expenses of the Professionals by the Commonwealth or the applicable Debtor. In making this commitment, AAFAF specifically acknowledged the "constructive role" that Bonistas del Patio and the Professionals "have been playing and continue to play" in the Mediation, as well as the "need for the interests of the Local Bondholders to be adequately represented by parties committed to negotiating with all constituents to achieve a constructive consensual solution to the Puerto Rico debt crisis" and the necessity of "experienced external lawyers and financial advisors" in light of the "complexity and importance of the mediation."

11. The Professionals, on behalf of Bonistas del Patio, have dedicated thousands of hours of time and expended substantial expenses and resources in the development, negotiation and implementation of the COFINA Plan of Adjustment in order to aid the Oversight Board and AAFAF in achieving a confirmable plan. Among other things, the Professionals developed and extensively negotiated terms that advanced the interests of Local Bondholders in a manner that ultimately benefited all bondholders, including the terms and mechanics of the taxable bond election, which produced a better outcome for all holders by providing appropriate incentives for Local Bondholders with certain investment goals to elect taxable bond distributions in order to reduce the amount of taxable bonds distributable to U.S. holders subject to U.S. federal income tax, thereby ensuring that both local and mainland investors received reasonably equivalent treatment in respect of their claims. Local Bondholders holding approximately $1.4 billion in claims elected a taxable bond distribution as a result.

12. In August of 2018, during the development and negotiation of the Plan Support Agreement, the parties ultimately agreed that COFINA would pay a fee to the

8

holders and insurers of COFINA bonds that were parties to the Plan Support Agreement, in consideration for the fees and expenses they incurred in connection with the development and negotiation of the terms of the COFINA Plan of Adjustment. The parties also agreed that, pursuant to Section II(N) of the Plan Support Agreement, the Commonwealth would pay fees and expenses incurred by the Commonwealth or COFINA in connection with the COFINA Restructuring. But because Bonistas del Patio is not a creditor, but rather a not-for-profit entity that advocated on behalf of Local Bondholders that would not otherwise have had a voice in the Mediation, Bonistas del Patio was not entitled to payment of the fee provided to holders and insurers of bonds under the Plan Support Agreement.

13. Concurrently, and in consideration of the significant contributions to the COFINA Restructuring and the other benefits to the Commonwealth that the Bonistas del Patio and the Professionals have provided, AAFAF agreed in principle to the payment by the Commonwealth of a portion of the fees and expenses incurred by the Professionals in their representation of Bonistas del Patio in connection with the COFINA Restructuring, in an aggregate amount not to exceed $7 million (the "Bonistas Expenses"), to be paid upon the consummation of the COFINA Restructuring. It was anticipated that such payment was to be made pursuant to Section II(N) of the Plan Support Agreement, which later became Section 15.2 of the COFINA Plan of Adjustment. The Professionals have incurred aggregate fees and expenses in connection with such representation in excess of the Bonistas Expenses, but have agreed to payment by the Commonwealth of this reduced amount. AAFAF, Bonistas del Patio and the Professionals agreed in principle to (and disclosed to the Oversight Board) this arrangement in August of 2018 in connection

9

with the negotiation of the Plan Support Agreement. In order to memorialize the agreement in principle, AAFAF, Bonistas del Patio and the Professionals commenced negotiations in respect of the Stipulation on February 7, 2019, and agreed to the final terms thereof on February 11, 2019, the date on which the Stipulation was filed with the Court.

14. All amounts paid to Bonistas del Patio under the Stipulation will be used to pay the fees and expenses of the Professionals, as well as those of the local legal and financial advisors to Bonistas del Patio.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge and belief.

Dated: February 13, 2019
New York, New York

/s/Brian M. Resnick
Brian M. Resnick
Partner, Davis Polk & Wardwell LLP

10

**Exhibit B-2**

**July 19, 2018 Letter Written by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")**

GOVERNMENT OF PUERTO RICO

Puerto Rico Fiscal Agency and Financial Advisory Authority

July 19, 2018

BY ELECTRONIC MAIL

Rafael Rojo
Jorge Irizarry
Bonistas del Patio, Inc.
Po Box 20868
San Juan PR 00928

Re: Bonistas del Patio, Inc. Professional Fees and Expenses

Dear Messrs. Rojo and Irizarry:

As you know, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**")[1] believes that Bonistas del Patio, Inc. ("**BDP**") and its counsel Davis Polk & Wardwell LLP ("**Davis Polk**") and financial advisor Ducera Partners ("**Ducera**") have been playing and continue to play a constructive role on behalf of the BDP's constituency, the Puerto Rico resident holders of debt issued by the Commonwealth of Puerto Rico and its agencies and instrumentalities (the "**Local Bondholders**"), in the mediation in the cases under Title III of PROMESA (the "**Title III Cases**") pending in the United States District Court for the District of Puerto Rico (the "**District Court**"). AAFAF also believes that, because of the complexity and importance of the mediation and the need for the interests of the Local Bondholders to be adequately represented by parties committed to negotiating with all constituents to achieve a constructive and consensual solution to the Puerto Rico debt crisis, the engagement by BDP of experienced external lawyers and financial advisors provides significant benefits to local constituents and the Commonwealth alike.

A proposed plan of adjustment in any of the Commonwealth's or its instrumentalities' Title III Cases or any proposed settlement in any such Title III Case that is subject to approval of the District Court (a "**Title III Plan or Settlement**") may require the Commonwealth or the applicable

---

[1] AAFAF is an entity authorized to act on behalf of the Commonwealth and its instrumentalities under the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017.



PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525



# GOVERNMENT OF PUERTO RICO

## Puerto Rico Fiscal Agency and Financial Advisory Authority

debtor to pay the reasonable fees and expenses of Davis Polk and/or Ducera as advisors to BDP (a "**Fee Payment Provision**"). AAFAF hereby agrees, for the benefit of BDP and the Local Bondholders, that, to the extent a Title III Plan or Settlement contains a Fee Payment Provision, AAFAF will not object in any capacity to such Fee Payment Provision (or such Title III Plan or Settlement on the grounds that it includes such a Fee Payment Provision).

For the avoidance of doubt, the foregoing is without prejudice to AAFAF's rights to object to any Title III Plan or Settlement on grounds other than the fact that it contains a Fee Payment Provision. In addition, while the Commonwealth or an instrumentality thereof may become obligated under a Fee Payment Provision to pay such fees and expenses under a Title III Plan or Settlement, absent such a Title III Plan or Settlement this letter does not itself create any obligation on the part of the Commonwealth or any such instrumentality to pay any fees and expenses.

Very truly yours,

Gerardo J. Portela Franco
Executive Director
Puerto Rico Fiscal Agency and
Financial Advisory Authority

cc: Honorable Barbara J. Houser
José Carrión
Andrew Biggs
Carlos García
Arthur Gonzalez
José González
Ana Matosantos
David Skeel
Christian Sobrino
Martin Bienenstock
Donald S. Bernstein
Natalie Jaresko



PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525