## Exhibit A

I.    **Puerto Rico Highway and Transportation Authority Act**

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2004<br><br>Empowers HTA to take various actions relating to incurrence of debt, expenditure of funds, and setting of toll rates. | **Section 2004(f)** - Authorizes HTA to control its expenditures without regard to laws governing the expenditure of public funds. | **Section 2004(f)** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶¶ 155, 157.)<br><br>This provision authorizes expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  PROMESA §§ 201, 202. | **Section 2004(f)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| | **Section 2004(h)** - Authorizes HTA to enter into contracts | **Section 2004(h)** - This provision is preempted solely to the extent it permits HTA | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal | **Section 2004(h)** - Until the later of (i) the debt issued |

---

[1]    Actions authorized by the statutes identified on **Exhibit A** that are not otherwise preempted as provided therein remain authorized under the statute.  The question of whether any particular conduct, action, or contract of HTA is unauthorized as a result of the preemption of any law pursuant to these Findings of Fact and Conclusions of Law and the HTA Confirmation Order shall be reserved for future determination by (a) the Title III Court, or (b) if the Title III Court does not have, or declines to exercise, jurisdiction to make such determination, the United States District Court for the District of Puerto Rico.

[2]    Notwithstanding anything to the contrary provided herein, to the extent a statute identified below is preempted with respect to the Oversight Board's budget, contract review, or fiscal plan powers pursuant to Title II of PROMESA, (i) the duration of such preemption shall terminate upon the termination of the Oversight Board pursuant to section 209 of PROMESA, and (ii) no party shall be permitted to enforce such preemption subsequent to the Oversight Board's termination pursuant to section 209 of PROMESA; provided, however, that, for the avoidance of doubt, the foregoing shall not apply to the preemption of any statute preempted by provisions of PROMESA related to the discharge of debts or confirmation or implementation of the HTA Plan or the documents contained in the Plan Supplement (including, without limitation, the New HTA Bonds Indenture).

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | necessary or incident to the exercise of its powers. | to enter into financing agreements inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA.  See PROMESA §§ 201, 202, 314. | plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| | **Section 2004(i)** - Authorizes HTA to, among other things, set and impose toll rates. Establishes certain criteria and procedural requirements for altering toll rates. | **Section 2004(i)** -This provision is preempted solely to the extent the criteria and procedural requirements limit or frustrate the setting of toll rates inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. See PROMESA §§ 201, 202, 314. | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.) | **Section 2004(i)** - Until the debt issued pursuant to the HTA Plan has been paid in full. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the HTA Plan and Fiscal Plan. (Skeel Decl. ¶ 160.) | |
| | **Section 2004(l)** - Authorizes HTA to borrow money for its corporate purposes and issue bonds for such indebtedness. | **Section 2004(l)** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. See PROMESA §§ 201, 202, 314. | This provision provides for the borrowing of money and issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan. Section 25.3 of the HTA Plan also provides limitations on future debt. PROMESA §§ 201, 202, 314.

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)

Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract | **Section 2004(l)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| | **Section 2004(m)** - Authorizes HTA to issue bonds to, among other things, discharge outstanding bonds. | **Section 2004(m)** - This provision is preempted solely to the extent it authorizes HTA to issue bonds to, among other things, discharge outstanding bonds inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA, or relating to bonds discharged pursuant to the HTA Plan. | This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  PROMESA §§ 201, 202, 314.

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)

Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract | **Section 2004(m)** - Permanent as relates to the payment of debts discharged pursuant to the HTA Plan, and otherwise, Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| | **Section 2004(n)** - Authorizes HTA to, among other things, accept loans and expend the proceeds from such loans for its corporate purposes. | **Section 2004(n)** - This provision is preempted solely to the extent it authorizes HTA to accept loans and expense proceeds in a manner that is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision permits HTA to accept loans, which may not be contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan and authorizes expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget. PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued | **Section 2004(n)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| | Section 2004(q) (limited portion) - Empowers HTA to take any act necessary or desirable to carry out its powers and limits the payment of principal of or interest on bonds issued by HTA to funds pledged for such payment by HTA.  Specifically, the following language is preempted: "To do all acts or things necessary or desirable to the carrying out of the powers granted to the Authority by this chapter or by any other act of the Legislature of Puerto Rico" and "shall be payable only from the funds of the Authority pledged for such payment pursuant | Section 2004(q) (limited portion) - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA and to the extent it requires the use of funds for the payment of debt of HTA that is discharged pursuant to the HTA Plan. | This provision authorizes the use of funds for the payment of any debt of HTA, which may not be provided for in the Plan, Plan Supplement, or the Fiscal Plan, and may be discharged pursuant to the HTA Plan.  PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract | Section 2004(q) (limited portion) - Permanent as relates to the payment of debts discharged pursuant to the HTA Plan and other, Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | to subsection (l) of this section." | | from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2004a**<br><br>Authorizes HTA to, among other things, enter into contracts for the maintenance of roads, financing, and bond issuances. | **Section 2004a(3)** - Empowers HTA to enter into contracts to, among other things, finance or issue bonds to exercise its authority. | **Section 2004a(3)** - This provision is preempted solely to the extent it allows HTA to enter into financing agreements or issue debt that is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision permits HTA to enter into financing agreements, which may not be contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan and issue bonds, which could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.) | **Section 2004a(3)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. (Skeel Decl. ¶ 159.) | |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2006** | **Section 2006** - Empowers the Secretary of Transportation and Public Works and HTA to enter into contracts for, among other things, maintenance and cost of repairs. | **Section 2006** - This provision is preempted solely to the extent it authorizes HTA to enter into contracts or incur obligations inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. PROMESA §§ 201, 202, 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.) | **Section 2006** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2008** | **Section 2008 (paragraph 1)** - Provides the manner in which HTA's monies shall be deposited and that disbursements of HTA's monies shall be | **Section 2008 (paragraph 1)** - The first sentence of paragraph 1 is preempted solely to the extent it is inconsistent with the New HTA Bonds Indenture. The second sentence of paragraph | The first sentence permits the deposit of moneys that may be inconsistent with the New HTA Bonds Indenture. The second sentence of paragraph 1 authorizes disbursements of funds without the Oversight Board's authorization in conflict with the | **Section 2008 (limited portion)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full, or (ii) |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| Describes the management of HTA's funds and accounts. | pursuant to regulations and budgets approved by HTA. | 1 is preempted to the extent inconsistent with PROMESA. | Oversight Board's sole power to approve a fiscal plan and budget.  PROMESA § 202.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶¶ 155, 157.) | the termination of the Oversight Board. |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2010** | **Section 2010** - Permits HTA to transfer funds to, among others, instrumentalities for, among other things, the | **Section 2010** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan | This provision authorizes expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  PROMESA § 202. | **Section 2010** - Until the later of (i) the debt issued pursuant to the HTA Plan has been |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | operation of traffic or transportation facilities. | Supplement, Fiscal Plan, or PROMESA. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)

Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.) | paid in full or (ii) the termination of the Oversight Board. |
| **Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2012** | **Section 2012(a)** - Authorizes HTA to issue bonds and sell its bonds. | **Section 2012(a)** - This provision is preempted solely to the extent it authorizes the issuance of bonds in a manner inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  PROMESA §§ 201, 202, 314.

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, | **Section 2012(a)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| Describes HTA's authority regarding its bond issuances. | | | and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | of the Oversight Board. |
| | **Section 2012(b)** - Permits HTA to authorize bonds by resolutions and sets, among other things, limits on maturity dates and interest rates of any such bonds. | **Section 2012(b)** - This provision is preempted solely to the extent it authorizes the issuance of bonds inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, | **Section 2012(b)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | of the Oversight Board. |
| **Section 2012(d)** - Authorizes HTA to issue temporary, or interim bonds, receipts or certificates pending the execution and delivery of definitive bonds. | **Section 2012(d)** - This provision is preempted solely to the extent it authorizes issuance of temporary, or interim bonds, receipts or certificates that would be inconsistent with the HTA | This provision provides for the issuance of temporary, or interim bonds, receipts or certificates, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan. Section 25.3 of the HTA Plan also provides limitations on future debt.  PROMESA §§ 201, 202, 314. | **Section 2012(d)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | Plan, Plan Supplement, Fiscal Plan, or PROMESA. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)

Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. (Skeel Decl. ¶ 159.) | of the Oversight Board. |
| | **Section 2012(e)** - Authorizes HTA to include certain provisions in contracts with holders of bonds issued by HTA, including, among | **Section 2012(e)** -This provision is preempted solely to the extent the issuance of new debt is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA, or to the extent | Section 25.3 of the HTA Plan provides limitations on future debt. PROMESA §§ 201, 202, 314.

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. | **Section 2012(e)** - Permanent as relates to the payment of debts discharged pursuant to the HTA Plan and |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | others, pledging revenues to the payment of the principal of and interest on the bonds. | that the statute applies to debt discharged pursuant to the HTA Plan. | (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. (Skeel Decl. ¶ 159.) | otherwise, Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| | **Section 2012(g)** - Authorizes HTA to purchase any outstanding bonds it has issued or assumed. | **Section 2012(g)** - This provision is preempted solely to the extent it authorizes HTA to purchase any outstanding bonds it has issued or assumed, which are discharged pursuant to the HTA Plan, or authorizes HTA to take action that is inconsistent with the HTA | This provision authorizes expenditures without the Oversight Board's authorization in conflict with the Oversight Board's sole power to approve a fiscal plan and budget. PROMESA §§ 201, 202.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied | **Section 2012(g)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | Plan, Plan Supplement, Fiscal Plan, or PROMESA. | with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| | **Section 2012(h)** - Authorizes HTA to issue bonds. | **Section 2012(h)** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision provides for the issuance of bonds, and could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan.  Section 25.3 of the HTA Plan also provides limitations on future debt.  PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not | **Section 2012(h)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval. The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. (Skeel Decl. ¶ 159.) | |
| Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2013<br><br>Describes remedies of bondholders. | Section 2013(a) - Provides the rights of holders of bonds issued by HTA, including, among other things, to enforce their rights against HTA. | Section 2013(a) - This provision is preempted solely to the extent it applies to the bonds discharged pursuant to the HTA Plan. PROMESA § 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or | Section 2013(a) - Permanent |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| | **Section 2013(b)** - Explains the remedies of bondholders are not limited to those provided in § 2013(a). | **Section 2013(b)** - This provision is preempted solely to the extent it applies to the bonds discharged pursuant to the HTA Plan.  PROMESA § 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued | **Section 2013(b)** - Permanent |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2019

Describes an agreement of the Commonwealth relating to HTA's authority. | Section 2019 - Provides the pledge of the Commonwealth not to limit or restrict HTA's authority until any bonds issued by HTA are discharged. | Section 2019 - This provision is preempted solely to the extent it is inconsistent with the discharge in the HTA Plan with respect to the existing HTA Bonds. PROMESA § 314.  Such preemption shall not apply to the New HTA Bonds or any other security issued pursuant to the HTA Plan. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.) | Section 2019 - Permanent |
| Act 74, approved on June 23, 1965, 9 L.P.R.A. § 2020

Limits the application of injunctions. | Section 2020 - Prohibits the grant of injunctions to prevent the application of 9 L.P.R.A. §§ 2001-2021. | Section 2020 - This provision is preempted solely to the extent it is inconsistent with the discharge in the HTA Plan.  PROMESA § 314. | If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require | Section 2020 - Permanent |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.) | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2024**<br><br>Describes an Improvement Agreement and the appointment of an Emergency Officer. | **Section 2024(a)** - Provides that the Oversight Committee may execute an "Improvement Agreement" with the Directors of HTA to implement any necessary corrective measures to address financial or operational problems of HTA. | **Section 2024(a)** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision (i) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, (ii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan, (iii) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (iv) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan.  PROMESA §§ 201, 202, 314.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.)<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated | **Section 2024(a)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.)<br><br>These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan.  (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to | |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | set toll rates in contravention to the Plan and Fiscal Plan. (Skeel Decl. ¶ 160.) | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2026**<br><br>Describes the appointment of an Emergency Officer and the Emergency Officer's powers. | **Section 2026(b)** - Provides for the Emergency Officer's compensation. | **Section 2026(b)** - This provision is preempted solely to the extent it is inconsistent with PROMESA. | This provision authorizes an expenditure without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget. PROMESA § 202.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. (Skeel Decl. ¶ 159.) | **Section 2026(b)** - Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.) | |
| | **Section 2026(c)** - Permits the Emergency Officer to hire personnel. | **Section 2026(c)** - This provision is preempted solely to the extent it is inconsistent with PROMESA. | This provision authorizes an expenditure without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget.  PROMESA § 202.

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)

The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board | **Section 2026(c)** - Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.)<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.) | |
| | **Section 2026(d)(first paragraph)** - Provides the Emergency Officer's powers, including, among others, to implement a restructuring plan. | **Section 2026(d) (first paragraph** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision (i) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, (ii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan, (iii) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (iv) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan.  PROMESA §§ 201, 202, 314.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.) | **Section 2026(d) (first paragraph** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.)<br><br>These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's | |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  (Skeel Decl. ¶ 160.) | |
| | **Section 2026(d)(1)** - Authorizes the Emergency Officer to take corrective actions to address HTA's financial and operational conditions. | **Section 2026(d)(1)** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision (i) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, (ii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan, (iii) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (iv) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan.  PROMESA §§ 201, 202, 314.<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.)<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. | **Section 2026(d)(1)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.)<br><br>These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan.  (Skeel Decl. ¶ 160.) | |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan. (Skeel Decl. ¶ 160.) | |
| | **Section 2026(d)(2)** - Authorizes the Emergency Officer to amend, revise, approve, or deny HTA's budget. | **Section 2026(d)(2)** - This provision is preempted solely to the extent it is inconsistent with PROMESA | This provision authorizes control over HTA's budget, in conflict with the Oversight Board's sole power to approve a budget. PROMESA § 202.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and | **Section 2026(d)(2)** - Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.)<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.) | |
| | **Section 2026(d)(6)** - Authorizes the Emergency Officer to amend, revise, approve or deny, among other things, any contract or loan. | **Section 2026(d)(6)** - This provision is preempted solely to the extent it permits HTA to alter existing contracts or loans and enter into financing agreements inconsistent with the HTA Plan, Plan Supplement, or Fiscal Plan, or that is inconsistent with PROMESA.  PROMESA §§ 201, 202, 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur | **Section 2026(d)(6)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| | **Section 2026(d)(7)** - Authorizes the Emergency Officer to review and approve HTA's expenditures. | **Section 2026(d)(7)** - This provision is preempted solely to the extent it is inconsistent with PROMESA. | This provision authorizes control over HTA's expenditures, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget. PROMESA § 202.

These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)

Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's | **Section 2026(d)(7)** - Until the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | ability to carry out its mission and threaten the Oversight Board's achievements.  (Skeel Decl. ¶ 155.) | |
| | **Section 2026(d)8)** - Authorizes the Emergency Officer to renegotiate existing collective bargaining agreements and requires the Emergency Officer to approve any HTA contracts and agreements. | **Section 2026(d)8)** - This provision is preempted solely to the extent it authorizes HTA to enter into contracts that incur obligations inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision could be used to allow HTA to (i) enter into contracts without the Oversight Board's approval to the extent such approval is required pursuant to the Oversight Board's contract review policy (PROMESA § 204(b)(2)), or (ii) incur obligations inconsistent with the HTA Plan, Plan Supplement, or Fiscal Plan. PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.) | **Section 2026(d)8)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| | **Section 2026(d)(9)** - Authorizes the Emergency Officer to restructure the operations of HTA. | **Section 2026(d)(9)** - This provision is preempted solely to the extent it authorizes operational restructurings inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not | **Section 2026(d)(9)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | PROMESA §§ 201, 202, 314. | only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.) | of the Oversight Board. |
| | **Section 2026(d)(11)** - Authorizes the Emergency Officer to sell, lease, or negotiate any of HTA's assets. | **Section 2026(d)(11)** - This provision is preempted solely to the extent it authorizes the sale or lease of HTA's assets inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA, and to the extent it authorizes HTA to enter into contracts inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. | This provision could be used to allow HTA to (i) enter into contracts without the Oversight Board's approval to the extent such approval is required pursuant to the Oversight Board's contract review policy (PROMESA § 204(b)(2)), or (ii) incur obligations inconsistent with the HTA Plan, Plan Supplement, or Fiscal Plan. PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal | **Section 2026(d)(11)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.) | |
| | **Section 2026(d)(12)** - Authorizes the Emergency Officer to seek financing from GDB. | **Section 2026(d)(12)** - This provision is preempted solely to the extent it permits HTA to enter into financing agreements inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA.  PROMESA §§ 201, 202, 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board.  (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | **Section 2026(d)(12)** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| | **Section 2026(d)(15)** - Authorizes the Emergency Officer to take any action deemed | **Section 2026(d)(15)** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan | This provision (i) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, | **Section 2026(d)(15)** - Until the later of (i) the debt issued |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | necessary by the Oversight Committee to address HTA's fiscal or operational emergency. | Supplement, Fiscal Plan, or PROMESA. | (ii) could be used to issue additional debt in the future not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan, (iii) could be used to permit HTA to enter into financing agreements not contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan, and (iv) limits or frustrates the setting of toll rates contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan.  PROMESA §§ 201, 202, 314.<br><br>These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>Such statutes authorize HTA to issue debt without obtaining Oversight Board approval.  The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an | pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | amount greater than is authorized by the certified fiscal plan or budget. (Skeel Decl. ¶ 159.)<br><br>Certain Commonwealth statutes that otherwise require or permit spending inconsistent with the certified fiscal plan and budget (and with any confirmed Title III plan of adjustment as proposed by the Oversight Board) would significantly frustrate the carrying out of PROMESA by hampering the Oversight Board's ability to carry out its mission and threaten the Oversight Board's achievements. (Skeel Decl. ¶ 155.)<br><br>These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement. These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan. (Skeel Decl. ¶ 160.) | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2027** | **Section 2027** - Provides that the Emergency Officer shall develop a financial and operation plan for HTA. | **Section 2027** - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan | This provision (i) could be used to authorize expenditures without the Oversight Board's authorization, in conflict with the Oversight Board's sole power to approve a fiscal plan and budget, and (ii) limits or frustrates the setting of toll rates | **Section 2027** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | Supplement, Fiscal Plan, or PROMESA. | contemplated in the HTA Plan, Plan Supplement, or Fiscal Plan.  PROMESA §§ 201, 202, 314.<br><br>These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  (Skeel Decl. ¶ 160.  See also Skeel Decl. ¶¶ 157, 159.) | (ii) the termination of the Oversight Board. |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2030** | <u>**Section 2030**</u> - Authorizes the Emergency Officer to use the provisions of the Puerto Rico Public Corporation Debt Enforcement and Recovery Act, §§ 13 L.P.R.A. 111 et seq. | <u>**Section 2030**</u> - This provision is preempted solely to the extent it is inconsistent with the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA.  PROMESA §§ 201, 202, 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or | <u>**Section 2030**</u> - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.) | |
| | | | The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget. (Skeel Decl. ¶ 159.) | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2032** | **Section 2032** - Provides that the Secretary or Director of HTA shall meet the requirements of the Oversight Committee and the Emergency Officer. | **Section 2032** - This provision is preempted solely to the extent that the Secretary or Director of HTA would be required to act in contravention of the HTA Plan, Plan Supplement, Fiscal Plan, or PROMESA. PROMESA §§ 201, 202, 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.) If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims. (Skeel Decl. ¶ 157.) On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings. (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by | **Section 2032** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Scope of Preemption[1] | Basis and Record Evidence Supporting Preemption | Duration of Preemption[2] |
|---|---|---|---|---|
| | | | allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | |
| **Act 1, approved on January 15, 2015, 9 L.P.R.A. § 2035**<br><br>Describes the use of surplus funds. | <u>**Section 2035**</u> - Provides that surplus funds shall be used to pay HTA's priority obligations and that any surplus available after debt payments shall be used to pay HTA's loans with GDB. | <u>**Section 2035**</u> - This provision provides for payment of debt service that is not provided for in the HTA Plan, Plan Supplement, or Fiscal Plan and may give certain bonds priority not otherwise provided for in the HTA Plan, Plan Supplement, the Fiscal Plan, or PROMESA that may require payment in full of prepetition obligations being discharged pursuant to the HTA Plan.  PROMESA §§ 201, 202, 314. | These statutes generally require or permit HTA to, among other things, incur obligations, spend funds, and repay in full its debts without regard to the fiscal plan and budget certified by the Oversight Board. (Skeel Decl. ¶ 157.)  If these statutes continue to operate or otherwise were required to be complied with post-effectiveness of the HTA Plan, they not only would be inconsistent with the Oversight Board's purpose and responsibilities under PROMESA, but also would undermine the restructuring contemplated by the HTA Plan, which proposes to pay those claimholders less than the full amounts of their respective claims.  (Skeel Decl. ¶ 157.)  On their face, the preempted statutes require or permit transfers or debt payments inconsistent with the Oversight Board's powers under PROMESA to control fiscal plans, budgets, and debt restructurings.  (Skeel Decl. ¶ 157.)<br><br>The continued operation of these statutes would significantly detract from PROMESA's requirement in section 207 and the Oversight Board's mission by allowing HTA to incur debt without Oversight Board approval, without regard to whether such debt would impair or interfere with a confirmed HTA Plan, and potentially in an amount greater than is authorized by the certified fiscal plan or budget.  (Skeel Decl. ¶ 159.) | <u>**Section 2035**</u> - Permanent |

## II.     Uniform Rate Revision and Modification Act

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| **Act 21, approved on May 31, 1985, 27 L.P.R.A. § 261**<br><br>Regulates the modification of rates fixed and charged for basic and essential services rendered by public corporations. | **Section 261a -** Describes the applicability of Act 21-1985. | **Sections 261a -** These provisions are preempted solely to the extent applicable to HTA, and the criteria and procedural requirements limit or frustrate the setting of toll rates provided in the HTA Plan, Plan Supplement, or Fiscal Plan, or is inconsistent with PROMESA.  PROMESA §§ 201, 202, 314. | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  (Skeel Decl. ¶ 160.) | **Sections 261a -** Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| | **Section 261b -** Sets procedures for public corporations that render essential services to change their rates. | **Sections 261b -** These provisions are preempted to the extent applicable to HTA, and the criteria and procedural requirements limit or frustrate the setting of toll rates provided in the HTA Plan, Plan Supplement, or Fiscal Plan. PROMESA §§ 201, 202, 314. | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to | **Sections 261b -** Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | set toll rates in contravention to the Plan and Fiscal Plan.  (Skeel Decl. ¶ 160.) | |
| | **Section 261c** - Sets procedures for public corporations that render essential services to adopt temporary or emergency rates. | **Sections 261c** - These provisions are preempted to the extent applicable to HTA, and the criteria and procedural requirements limit or frustrate the setting of toll rates provided in the HTA Plan, Plan Supplement, or Fiscal Plan. PROMESA §§ 201, 202, 314. | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan.  (Skeel Decl. ¶ 160.) | **Sections 261c** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |
| | **Section 261d** - Provides that the Legislature may review changes to rates proposed by public corporations that render essential services. | **Sections 261d** - These provisions are preempted to the extent applicable to HTA, and the criteria and procedural requirements limit or frustrate the setting of toll rates provided in the HTA Plan, Plan Supplement, or Fiscal Plan. PROMESA §§ 201, 202, 314. | These statutes generally regulate the modification of toll rates fixed and charged for basic and essential services rendered by public corporations, outside the Oversight Board's Fiscal Plan, HTA Plan, and Plan Supplement.  These statutes are inconsistent with PROMESA's provisions, purposes and goals and, if they remain enforceable, would frustrate the setting of toll rates contemplated by the Oversight Board's proposed HTA Plan, Plan Supplement, or Fiscal Plan. (Skeel Decl. ¶ 160.)<br><br>The continued application of these statutes would significantly hamper the Oversight Board's purpose to provide a method for Puerto Rico, including HTA, to achieve fiscal responsibility and access to capital | **Sections 261d** - Until the later of (i) the debt issued pursuant to the HTA Plan has been paid in full or (ii) the termination of the Oversight Board. |

| Brief Description of Statute | Specific Provisions Preempted | Basis for Preemption | Record Evidence Supporting Preemption | Duration of Preemption |
|---|---|---|---|---|
| | | | markets, to the extent they provide a basis for HTA to set toll rates in contravention to the Plan and Fiscal Plan. (Skeel Decl. ¶ 160.) | |