IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO.: 17-BK-3283-LTS (Jointly Administered) |
| as a representative of | **This filing relates to the Commonwealth.** |
| THE COMMONWEALTH OF PUERTO RICO et al. | |
| Debtors.[1] | |
| EMPRESAS OMAJEDE, INC. Plaintiff, | ADVERSARY PROC. NO. _____ in 17-BK-3283-LTS |
| v | COMPLAINT TO DETERMINE THE VALIDITY AND ALLOWANCE OF A CLAIM |
| THE COMMONWEALTH OF PUERTO RICO Defendant. | JURY TRAIL DEMAND |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

COMES NOW, EMBRESAS OMAJEDE, INC. (the "Plaintiff"), by and through the undersigned counsel, and brings this adversary proceeding pursuant to 11 U.S.C. § 502(b)&(c), as made applicable to Title III proceedings by PROMESA section 301(a), 48 USC §2161(a), seeking an order determining that the debt owed to the Plaintiff by the Debtor, the Commonwealth (the "Debtor", "Defendant" or "Commonwealth") is a valid allowed claim and that the documentation is sufficient to assert a claim against the Commonwealth.

---

[1]   The Last Four Digits of the Federal Tax ID of the Commonwealth of Puerto Rico (the Debtor in Bankruptcy Case No. 17- BK-3283 (LTS)) is 3481.

## I. Nature of the Action

1.     This is an action to determine the validity and allowance of a Claim pursuant to Bankruptcy Rule 3007. The Initial POC, First Amended POC and Second Amended POC, as defined below, were filed pursuant to Section 501 and, as such, the Empresas Omajede Claim, as also defined below, therein asserted is deemed allowed under Section 502(a). The Plaintiff also seeks a determination that the Empresas Omajede Claim is allowed in the asserted amount of $338,503.37 pursuant to 11 U.S.C. § 502(b)&(c) because the Commonwealth has not overcome the prima facie validity of the Second Amended POC, and (c), therefore, as an allowed claim, the Empresas Omajede Claim may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding,

## II. The Parties

2.     Plaintiff, Empresas Omajede, Inc. is an incorporated juridical entity formed under the Puerto Rico Corporations Law that owns the building known as "La Electrónica" building, which is located on 1608 Calle Bori, Suite 218, San Juan, PR 00927 and which is recorded in Puerto Rico Property Registry in favor of Empresas Omajede.

3.     Defendant, the Commonwealth of Puerto Rico is a Debtor in this PROMESA Title III case pursuant to restructuring certification issued by the Oversight Board on May 3, 2017, pursuant to PROMESA sections 104(j) and 206 and

pursuant to the voluntary petition for relief also filed by the Oversight Board in representation of the Commonwealth pursuant to PROMESA section 304(a).

### III. JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a) because the action arises under PROMESA, a Federal statute, and relates to the Commonwealth's Title III case pursuant to PROMESA section 306(a)(2), 48 USC §2166(a)(2) and 11 U.S.C. § 502(b)&(c), as made applicable to Title III proceedings by PROMESA section 301(a), 48 USC §2161(a). This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

5.     Venue in the District of Puerto Rico is proper under PROMESA section 307(a)(1) and 28 U.S.C. § 1409(a).

6.     This adversary proceeding is brought pursuant to Section 502 of the Bankruptcy Code, 11 U.S.C. § 502(b)&(c) and Rule 3007 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 3007; and seeks a declaratory judgment that determines that the debt owed to the Plaintiff by the Debtor, the Commonwealth, is a valid, allowed claim, that is adequately supported by the Initial POC, as defined below, and the subsequent amendments to said proof of claim by the First Amended POC and the Second Amended POC, also both defined below, are deemed allowed by 11 U.S.C. § 502(a), as they were filed pursuant to 11 U.S.C. § 501.

7.     Under Section 502(b)&(c), the Bankruptcy Code set out how claims are asserted and objected to in a bankruptcy case and has been made applicable to Title

III proceedings by PROMESA section 301(a), 48 USC §2161(a). Specifically, Section

523(a) states that:

(a) A claim or interest, proof of which is filed under section 501 of this title [11 USCS § 501], is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title [11 USCS §§ 701 et seq.], objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

(2) such claim is for unmatured interest;

(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;

(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;

(5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title [11 USCS § 523(a)(5)];

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

(8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor

4

in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) [11 USCS § 726(a)] or under the Federal Rules of Bankruptcy Procedure, except that—

(A) a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide; and

(B) in a case under chapter 13 [11 USCS §§ 1301 et seq.], a claim of a governmental unit for a tax with respect to a return filed under section 1308 [11 USCS § 1308] shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

(C) [Deleted]

(c) There shall be estimated for purpose of allowance under this section—

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or

(2) any right to payment arising from a right to an equitable remedy for breach of performance.

11 U.S.C. § 502(b)&(c).

8.     Fed. R. Bankr. P. 3007 establishes the procedures for objecting to a proof

of claim and states that:

Rule 3007. Objections to Claims

**(a) Time and manner of service.**

(1) *Time of Service*. An objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate Official Form shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.

(2) *Manner of Service*.

(A) The objection and notice shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated; and

(i) if the objection is to a claim of the United States, or any of its officers or agencies, in the manner provided for service of a summons and complaint by Rule 7004(b)(4) or (5); or

(ii) if the objection is to a claim of an insured depository institution as defined in section 3 of the Federal Deposit Insurance Act, in the manner provided in Rule 7004(h).

(B) Service of the objection and notice shall also be made by first-class mail or other permitted means on the debtor or debtor in

possession, the trustee, and, if applicable, the entity filing the proof of claim under Rule 3005.

**(b) Demand for relief requiring an adversary proceeding.** A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.

**(c) Limitation on joinder of claims objections.** Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.

**(d) Omnibus objection.** Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:

(1) they duplicate other claims;

(2) they have been filed in the wrong case;

(3) they have been amended by subsequently filed proofs of claim;

(4) they were not timely filed;

(5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(7) they are interests, rather than claims; or

(8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code [11 USCS § 507].

**(e) Requirements for omnibus objection.** An omnibus objection shall:

(1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(2) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

(4) state in the title the identity of the objector and the grounds for the objections;

(5) be numbered consecutively with other omnibus objections filed by the same objector; and

(6) contain objections to no more than 100 claims.

**(f) Finality of objection.** The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection.

Fed. R. Bankr. P. 3007.

6

9.      Fed. R. Bankr. P. 3007(b) requires that an adversary proceeding be filed when the objection requests relief of a kind specified in Fed. R. Bankr. P. 7001.

10.     Fed. R. Bankr. P. 7001 requires that "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee" and that "a proceeding to obtain a declaratory judgment" be filed as an adversary proceeding governed by Part VII of the Federal Rules of Bankruptcy Procedure.

11.     Therefore, where substance of debtor's objection to proof of claim concerns declaration regarding creditor's right to recover money from debtor's bankruptcy estate, it is appropriate to convert proof of claim and objection into adversary proceeding under authority of Fed. R. Bankr. P. 3007. *In re Farmland Indus.*, 305 B.R. 490, 51 Collier Bankr. Cas. 2d (MB) 1022, 2003 Bankr. LEXIS 1761 (Bankr. W.D. Mo. 2003).

12.     Nothing in case law nor in Federal Rules of Bankruptcy Procedure or Bankruptcy Code specifically precludes objection to proof of claim filed in bankruptcy from being brought as adversary proceeding pursuant to Fed. R. Bankr. P. 7001. *See Moi v. Asset Acceptance LLC* (In re Moi), 381 B.R. 770, 2008 Bankr. LEXIS 221 (Bankr. S.D. Cal. 2008) (An adversary proceeding as described in Fed. R. Bankr. P. 7001 is just procedure and does not, of itself, give rise to some broader array of causes of action or remedies).

13.     In certain cases, an objection to a claim that is filed against debtor's bankruptcy estate is the improper outlet for raising a certain type of claim, such as a claim of setoff. *See In re UTEX Communs. Corp.*, 457 B.R. 549, 2011 Bankr. LEXIS 3636 (Bankr. W.D. Tex. 2011) (Fed. R. Bankr. P. 3007(b) provides that in objecting to claim, party in interest shall not include demand for relief of kind specified in Fed. R. Bankr. P. 7001, but may include objection in adversary proceeding.).

14.     As the Plaintiff in this adversary proceeding seeks a declaratory judgment determining that the Empresas Omajede Claim, as set forth in the Initial POC and as amended by the First Amended POC and the Second Amended POC (a) asserts a valid claim against the Commonwealth that is deemed allowed pursuant to 11 U.S.C. § 502(a), (b) is allowed in the asserted amount of $338,503.37 pursuant to 11 U.S.C. § 502(b)&(c), and (c) may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding, such relief must be requested through an adversary proceeding in accordance with Fed. R. Bankr. P. 7001 and the rules contained in Part VII of the Federal Rules of Bankruptcy Procedure are applicable to the adversary proceeding.

15.     The Plaintiff demands a jury trial for all issues triable by a jury raised in this adversary proceeding pursuant to Fed. R. Civ. P. 38 and as made applicable by Fed. R. Bankr. P. 9015.

IV. Relevant Facts

16.    The Public Service Commission (known in Spanish as "La Comisión de Servicio Público") is an agency of the Commonwealth of Puerto Rico and for whom the Commonwealth is liable. *See* **Exhibit 1**, Lease Agreement.

17.    On March 9, 2011, the Public Service Commission signed a lease agreement titled "*Contrato de Arrendamiento de Locales por Cinco Años hasta Treinta Años*" in Spanish, which is translated to English as *Lease Agreement of Locals for Five Years to Thirty Years. See* **Exhibit 1-A**, Lease Agreement.

18.    On March 9, 2011, Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico. *See* **Exhibit 1-B**, Lease Agreement Registration.

19.    On August 1, 2011, the Public Service Commission signed a "Documento de Aceptación y Toma de Posesión del Local La Electrónica-Anejo I al Contrato 2011-000009" in Spanish, which is translated to English as *Document of Acceptance and Taking Possession of Local -Exhibit I to Contract #2011-000009. See* **Exhibit 2-A**, Acceptance to Take Possession.

20.    On August 1, 2011, Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico. *See* **Exhibit 2-B**, Acceptance Registration.

21.    On September 7, 2012, the Public Service Commission signed a "*Enmienda al Contrato 2011-000009, para cumplir con la Cláusula de Amortización de Mejoras. Se Aneja Como Parte Integral del Contrato Original Núm. 2011-000009.*" in Spanish, which is translated to English as *Amendment to Contract #2011-000009,*

*to Comply with the Improvements Amortization Clause. Attached as an Integral Part of the Original Contract #2011-000009. See* **Exhibit 3-A**, Lease Amendment.

22.    On September 7, 2012, the Amendment to Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico. *See* **Exhibit 3-B**, Lease Amendment Registration.

23.    On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). Dkt. 1

24.    The Commonwealth's PROMESA Title III case stayed all of Empresas Omajede's collection actions. Dkt. 1

25.    On June 13, 2017, the Public Service Commission handed back the keys and sent a letter by Email to Empresas Omajede to confirm the handover of the keys. *See* **Exhibit 4**, First Letter and **Exhibit 5**, Second Letter.

26.    The first letter (dated June 13, 2017) states that, even though the Public Service Commission had unoccupied the building, the keys had not been returned and requested instructions as to the return of the keys. *See* **Exhibit 4**, First Letter.

27.    A second letter (also dated June 13, 2017) states that the return of the keys is confirmed therein. *See* **Exhibit 5**, Second Letter.

28.    The Public Service Commission's unpaid balance related to the lease, as of the commencement of the Commonwealth's Title III proceeding was $338,503.37. *See* **Exhibit 6**, Excel Table.

29.    The first proof of claim on 05/25/18 filed by Empresas Omajede (the "Initial POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of the "La Electrónica" building (Claim #21372). The Initial POC (Claim #21372) is listed in the Claims Register under the enumeration # 1539-1. *See* **Exhibit 7**, Claim #21372, which is listed in the Claims Register under # 1539-1.

30.    The second proof of claim filed on 06/25/18 by the Empresas Omajede (the "First Amended POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of the "La Electrónica" building (Claim #70324). It is an amended claim, that amends the Initial POC (Claim #21372). The First Amended POC (Claim #70324) is listed in the Claims Register as Claim # 1539-2, which reflects that it is an amended claim related to the Initial POC. *See* **Exhibit 8**, Claim #70324, which is listed in the Claims Register under # 1539-2.

31.    The third proof of claim filed on 10/17/22 by Empresas Omajede (the "Second Amended POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering

11

into a lease agreement for the rental of the "La Electrónica" building (Claim #_____). It is an amended claim, that amends the First Amended POC (Claim #70324). It supplements the supporting documentation with English translations and a written statement regarding the basis for the claim. *See* **Exhibit 9**, Filing of Second Amended Claim (Claim #_____).

V. Procedural Background

32.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). Dkt. 1

33.     The Court entered the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* (the "Initial Bar Date Order").[2] Dkt. 2521

34.     The Bar Date Order states that "[a]ny disallowance of claims (including, without limitation, duplicate claims) shall be made in accordance with, and to the extent provided for under, applicable law without giving effect to the entry of this Order (other than the form, timing, manner of filing, and other procedural requirements for filing proofs of claim set forth herein)." Dkt. 2521

---

[2]   The Initial Bar Date Order was amended by the Order in Dkt. 3160 which extended the bar date for filing proofs of claim to June 29, 2018 at 4:00pm (Atlantic Time). Dkt. 3160

35.     The Bar Date Order states that "All proofs of claim must (i) be written
in English or Spanish; (ii) be denominated in lawful currency of the United States as
of the relevant Title III Case commencement date; (iii) set forth with specificity the
legal and factual basis for the asserted claim; (iv) include a copy of the supporting
documentation (or, if such documentation is voluminous, a summary of such
documentation must be attached) or an explanation as to why such documentation is
not available, with such documentation, summary, or explanation being provided in
English or Spanish; (v) include an original or electronic signature of the claimant or
an authorized agent of the claimant; and (vi) substantially conform to the Proof of
Claim Form approved by this Order if submitted using an alternative form. Any
claimant that provides a summary in lieu of supporting documentation shall transmit
the documents in support of its claim to Prime Clerk [now Kroll] and the applicable
Debtor within ten days after the date of any written request by the applicable Debtor
for such documents, to the extent such documents are in the possession of the
claimant. After the applicable Bar Dates, amendments to timely filed proofs of claim
will only be allowed to the extent an amended claim is based on the same facts and
circumstances as a timely filed claim, and in accordance with applicable law, or as
otherwise ordered by the Court." Dkt. 2521

36.     On November 14, 2018, the Court entered the *Order (A) Approving
Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy*

*Rule 3007(e)(6), and (C) Granting Related Relief* (the "Initial Omnibus Objection Procedure Order"). Dkt. 4230

37.     The Initial Omnibus Objection Procedure Order exempts the Debtors from complying with Bankruptcy Rule 3007(e)(6), raises the amount of claims that may be accumulated in a single omnibus objection to five hundred and, among other things, states that "[n]otwithstanding anything to the contrary in PROMESA, the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to claims on any basis provided for in Bankruptcy Rule 3007(d)(1) – (7)." Dkt. 4230

38.     On June 14, 2019, the Court entered the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* (the "Second Omnibus Objection Procedure Order"). Dkt. 7440

39.     The Second Omnibus Objection Procedure Order exempts the Debtors from complying with Bankruptcy Rule 3007(e)(3), raises the amount of claims that may be accumulated in a single omnibus objection to one thousand and, among other things, states that in addition to the grounds, the Debtors may assert, as additional grounds, any of the following grounds: "a. Claims are inconsistent with the Debtors' books and records; b. Claims fail to specify the asserted amount for each Claim, or for each Claim only list the amount as 'unliquidated'; c. Claims seek recovery of amounts

14

for which the Debtors are not liable; d. Claims are incorrectly or improperly classified; or e. Claims are filed against non-Debtors." Dkt. 7440

40.     The Second Omnibus Objection Procedure Order together with the Initial Omnibus Objection Procedure Order will hereafter referred to as the "Amended Omnibus Objection Procedures").

41.     On March 12, 2021, the Commonwealth filed a first omnibus objection with respect to the Empresas Omajede claim, which is titled *Two Hundred Ninety-Eight Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, the and the Employees Retirement System of the Commonwealth of Puerto Rico to Subsequently Amended Claims.* Dkt. 16018. The **298th Omnibus Objection** was filed under the Amended Omnibus Objection Procedures.

42.     The **298th Omnibus Objection** requested that the original claim be disallowed and expunged because it was later amended, and the amended claim superseded the original claim. Dkt. 16018.

43.     With respect to the Empresas Omajede Claim, in the Exhibit to the **298th Omnibus Objection**, the Commonwealth stated that, with respect to Claim #21372 which was filed on 05/25/2018 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37, the reason for the objection is that the claim was "[a]mended and superseded by a later filed Proof of Claim" and listed Claim #70324 which was filed on 06/25/2018 with respect to 17 BK

15

03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37 as the remaining claim. Dkt. 16018 (Exhibit A).

44.    On May 28, 2021, the Court entered an order granting the **298th Omnibus Objection**, which disallowed the Initial POC in its entirety. Dkt. 16823

45.    On August 20, 2021, the Commonwealth filed a second omnibus objection with respect to the Empresas Omajede claim, which is titled *Three Hundred Seventy Second Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Partially Satisfied and Partially No Liability Claims*. Dkt. 17918. The **372nd Omnibus Objection** was filed under the Amended Omnibus Objection Procedures.

46.    The **372nd Omnibus Objection** requested that the asserted claim amount be reduced because of 2 alleged post-petition payments purportedly reduced the claim to $182,692.41. Dkt. 17918.

47.    With respect to the Empresas Omajede Claim, in the Exhibit to the **372nd Omnibus Objection**, the Commonwealth stated that, with respect to Claim #70324 which was filed on 06/25/2018 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37, the reason for the objection is that the "Invoices totaling $155,810.96 were paid via multiple EFT's during the period 02/08/2017 and 05/11/2017. The Claimant shall retain the non-modified portion of the claim." Dkt. 17918 (Exhibit A).

48.    The Kroll website shows the **372nd Omnibus Objection** as pending.

49.    On September 16, 2022, the Commonwealth filed an omnibus objection with respect to the Empresas Omajede Claim, which is titled *Five Hundred Nineteenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority and the Puerto Rico Highways and Transportation Authority to Deficient Claims*. Dkt. 22254. The **519th Omnibus Objection** was filed under the Amended Omnibus Objection Procedures.

50.    With respect to the Empresas Omajede Claim, in the Exhibit to the **519th Omnibus Objection**, the Commonwealth stated that, with respect to Claim #70324 which was filed on 06/25/2018 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37, the reason for the objection is that the "Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors. Claim #70324 also contained on Exhibit A to the 372nd Omnibus Claims Objection for Modified Claims." Dkt. 22254 (Exhibit A). The Kroll website shows the **519th Omnibus Objection** as pending.

51.    Although Exhibit A to the **519th Omnibus Objection** mentions that it was also contained in Exhibit A to the **372nd Omnibus Objection**, it does not reflect

that the asserted claim amount was modified in the previous objection. Dkt. 22254 (Exhibit A).

52.     From the Procedural History, However, it seems that the provided reason does not correspond to the Empresas Omajede Claim as said claim is neither unsubstantiated nor deficient and the Commonwealth has been able to identify the basis claim because, in the **372nd Omnibus Objection**, the Commonwealth purportedly found 2 payments reducing the asserted amount claimed to be owed by the Commonwealth.

53.     First, it is incorrect that the Empresas Omajede Claim does not provide any basis or supporting documentation.

54.     Second, the Empresas Omajede Claim does comply with all of the requirements of the Bar Date Order to assert a claim against the Commonwealth because:

(i)   The Claim is in English and the supporting documentation is in Spanish, which fulfills the requirement that the claim be written in English or Spanish;

(ii)   The Claim states, in the lawful currency of the United States, what amount was owed by the Commonwealth as of the Commonwealth's Title III Case commencement date and sets forth;

(iii)   The Claim states with specificity the legal and factual basis for the asserted claim, which is the unpaid balance of a real estate lease;

(iv)   The Claim includes copies of all of the required supporting documentation, which is in the Spanish language;

(v)   The Claim includes an original or electronic signature of the claimant's authorized agent;

and

18

(vi)  the Claim was filed with a form that substantially conforms to the
Proof of Claim Form approved by the Bar Date Order.

55.    Third, as the Empresas Omajede Claim supplements a timely filed claim

and is based on the same substantive basis as the original timely filed claim, the

Empresas Omajede Claim has been timely filed.

56.    Hence, the Empresas Omajede Claim does not fit the reason stated in

Exhibit A to the **519th Omnibus Objection**, as it is a timely filed amended claim

that complies with all of the requirements of Section 501 of the Bankruptcy Code and

the Bar Date Order to assert a claim against the Commonwealth in the English

language on the Proof of Claim Form approved by the Bar Date Order and that

includes all of the required supporting documentation in the Spanish language as

attachments to the Proof of Claim Form.

57.    Moreover, the reason stated in the **519th Omnibus Objection** seems

incompatible with the **372nd Omnibus Objection**, inasmuch as in the **372nd**

**Omnibus Objection** the Commonwealth does seem to have identified the basis for

the claim, as the Commonwealth purports to have found 2 payments to reduce the

asserted amount due by the Commonwealth and allowed the claim in the reduced

amount of $155,810.96. To that effect, **372nd Omnibus Objection** states that "[t]he

Claimant shall retain the non-modified portion of the claim."

58.    As a result of the **519th Omnibus Objection**, the Plaintiff has filed the

Second Amended POC which was filed on 10/17/2022 with respect to 17 BK 03283-

LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37 and

19

supplements the documents supporting the claim with English Translations of the
Lease documents and a written explanation of the basis for the claim.

59.    In light of all of the above, the Plaintiff has complied with the
requirements of Section 501 of the Bankruptcy Code, to establish a *prima facie*
validity of the proofs of claim that asserts Empresas Omajede Claim as a valid,
allowable claim against the Commonwealth, the Debtor in this Title II Proceedings,
which is deemed allowed pursuant to Section 502(a) of the Bankruptcy Code.
Moreover, the Commonwealth has not met its burden to overcome the *prima facie*
validity of the proofs of claim setting forth the Empresas Omajede claim, which was
filed by the Plaintiff in the Initial POC and was later amended by the First Amended
POC and the Second Amended POC. Therefore, the Empresas Omajede claim, as
asserted in the Second Amended POC, must be allowed pursuant to Sections 502(b)
and 502(c) of the Bankruptcy Code.

## VI. CAUSES OF ACTION

### COUNT I -
### THE INITIAL POC, FIRST AMENDED POC AND SECOND AMENDED POC WERE FILED PURSUANT TO SECTION 501, THE EMPRESAS OMAJEDE CLAIM IS DEEMED ALLOWED UNDER SECTION 502(a).

60.    Plaintiffs repeat and reallege the allegations in ¶¶ 1 through 59.

61.    The first proof of claim filed on 05/25/18 by Empresas Omajede (the
"Initial POC") is for a claim in the amount of $338,503.37 related to debt incurred by
the Commonwealth as a result of the Public Service Commission entering into a lease
agreement for the rental of the "La Electrónica" building (Claim #21372). The Initial
POC (Claim #21372) is listed in the Claims Register under the enumeration # 1539-

1. *See* **Exhibit 7**, Claim #21372, which is listed in the Claims Register under # 1539-1.

62.     The second proof of claim filed on 06/25/18 by the Empresas Omajede (the "First Amended POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of the "La Electrónica" building (Claim #70324). It is an amended claim, that amends the Initial POC (Claim #21372). The First Amended POC (Claim #70324) is listed in the Claims Register as Claim # 1539-2, which reflects that it is an amended claim related to the Initial POC. *See* **Exhibit 8**, Claim #70324, which is listed in the Claims Register under # 1539-2.

63.     The third proof of claim filed on 10/17/22 by Empresas Omajede (the "Second Amended POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of the "La Electrónica" building (Claim #_____). It is an amended claim, that amends the First Amended POC (Claim #70324). *See* **Exhibit 9**, Filing of Second Amended Claim (Claim #_____).

64.     As such, Empresas Omajede has a right to a determination and declaratory judgment that establishes that the Initial POC, First Amended POC and Second Amended POC were filed pursuant to Section 501 and, as such, the Empresas Omajede claim therein asserted is deemed allowed under Section 502(a).

COUNT II -
THE PRIMA FACIE VALIDITY OF THE EMPRESAS OMAJEDE CLAIM HAS NOT BEEN OVERCOME BY THE
COMMONWEALTH IN ORDER TO DISALLOW THE CLAIM UNDER SECTION 502(B) AND 502(C)

65.     Plaintiffs repeat and reallege the allegations in ¶¶ 1 through 64.

66.     The first proof of claim filed on 05/25/18 by Empresas Omajede (the
"Initial POC") is for a claim in the amount of $338,503.37 related to debt incurred by
the Commonwealth as a result of the Public Service Commission entering into a lease
agreement for the rental of the "La Electrónica" building (Claim #21372). The Initial
POC (Claim #21372) is listed in the Claims Register under the enumeration # 1539-
1. *See* **Exhibit 7**, Claim #21372, which is listed in the Claims Register under # 1539-
1.

67.     The second proof of claim filed on 06/25/18 by the Empresas Omajede
(the "First Amended POC") is for a claim in the amount of $338,503.37 related to debt
incurred by the Commonwealth as a result of the Public Service Commission entering
into a lease agreement for the rental of the "La Electrónica" building (Claim #70324).
It is an amended claim, that amends the Initial POC (Claim #21372). The First
Amended POC (Claim #70324) is listed in the Claims Register as Claim # 1539-2,
which reflects that it is an amended claim related to the Initial POC. *See* **Exhibit 8**,
Claim #70324, which is listed in the Claims Register under # 1539-2.

68.     The third proof of claim filed on 10/17/22 by Empresas Omajede (the
"Second Amended POC") is for a claim in the amount of $338,503.37 related to debt
incurred by the Commonwealth as a result of the Public Service Commission entering
into a lease agreement for the rental of the "La Electrónica" building (Claim

#_____). It is an amended claim, that amends the First Amended POC (Claim #70324). *See* **Exhibit 9**, Filing of Second Amended Claim (Claim #_____).

69.     The *prima facie* validity of the Empresas Omajede Claim has not been overcome by the Commonwealth in order for the Commonwealth to obtain the disallowance of the Empresas Omajede Claim under Section 502(b) and 502(c) of the Bankruptcy Code.

70.     As such, Empresas Omajede has a right to a determination and declaratory judgment that establishes that the Second Amended POC asserts a valid claim against the Commonwealth and that the Second Amended POC is allowed in the asserted amount of $338,503.37, so that it may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding.

## VII. Conclusion and Prayer for Relief

71.     Plaintiffs repeat and reallege the allegations in ¶¶ 1 through 70.

72.     Empresas Omajede has a right to a declaratory judgment that determines that the Empresas Omajede Claim, as set forth in the Initial POC and as amended by the First Amended POC and the Second Amended POC were filed pursuant to Section 501 and, as such, the Empresas Omajede claim therein asserted is deemed allowed under Section 502(a).

73.     Empresas Omajede has a right to a declaratory judgment that determines that the *prima facie* validity of the Empresas Omajede Claim has not been

overcome by the Commonwealth in order for the Commonwealth to obtain the disallowance of the Empresas Omajede Claim under Section 502(b) and 502(c) of the Bankruptcy Code and, therefore, the Empresas Omajede Claim, as set forth in the Second Amended POC is allowed in the asserted amount of $338,503.37 pursuant to 11 U.S.C. § 502(b)&(c) and, as an allowed claim, may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding.

WHEREFORE, the Plaintiff respectfully requests that the Court: (i) determine that the Empresas Omajede Claim, as set forth in the Second Amended POC,: (a) asserts a valid claim against the Commonwealth filed pursuant to 11 U.S.C. § 501 with *prima facie* validity that is deemed allowed pursuant to 11 U.S.C. § 502(a); (b) is allowed in the asserted amount of $338,503.37 pursuant to 11 U.S.C. § 502(b)&(c) because the Commonwealth has not overcome the *prima facie* validity of the proofs of claim setting forth the Empresas Omajede Claim; and (c), as an allowed claim, may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding; (ii) enter a declaratory judgment in favor of Plaintiff and against the Debtor declaring that the Empresas Omajede Claim, as set forth in the Second Amended POC: (a) asserts a valid claim against the Commonwealth; (b) is allowed in the asserted amount of $338,503.37; and (c) may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding; and (iii) grant the

24

Plaintiff any other relief that it deems just and proper or that may be granted under Puerto Rico law or in equity. A proposed Final Judgment is included as **Exhibit A**.

RESPECTFULLY SUBMITTED.

In San Juan, PR, this 17th day of October, 2022.

DML |Diaz Mayoral Law

*Attorney for ESJ Towers Condominium Homeowners Association*

*s/ Monique Diaz Mayoral*
USDC-PR No. 225712
151 San Francisco Street
San Juan, PR 00901
(754)755-5508
m@diazmayorallaw.com

EXHIBIT A

PROPOSED JUDGMENT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO.: 17-BK-3283-LTS (Jointly Administered) |
| as a representative of | **This filing relates to the Commonwealth.** |
| THE COMMONWEALTH OF PUERTO RICO et al. | |
| Debtors. | |
| EMPRESAS OMAJEDE, INC. Plaintiff, | ADVERSARY PROC. NO. _____ in 17-BK-3283-LTS |
| v | COMPLAINT TO DETERMINE THE VALIDITY AND ALLOWANCE OF A CLAIM |
| THE COMMONWEALTH OF PUERTO RICO Defendant. | JURY REQUESTED |

FINAL JUDGMENT OF ALLOWANCE OF CLAIM

This cause came before the Court on the Adversary Complaint filed by Plaintiff Empresas Omajede, Inc. in the above-captioned proceeding seeking a determination of the validity and allowance of the claim pursuant to 11 U.S.C. §502(b) and 502(c). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is deemed a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

Due notice having been given, having considered all timely-filed oppositions, having considered the pleadings and the record in this case, and otherwise being fully advised in the premises, and good cause appearing thereof, it is HEREBY ORDERED AND ADJUDGED:

1.      Final Judgment of Allowance of Claim is entered in favor of the Plaintiff Empresas Omajede, Inc. with respect to the Initial POC, the First Amended POC, and the Second Amended POC, pursuant to 11 U.S.C. §502(b) and 502(c).

2.      It is adjudged that Defendant, the Commonwealth, owes the Plaintiff Empresas Omajede, Inc. $338,354.32 on account of the claim asserted in the Initial POC, as amended by the First Amended POC and the Second Amended POC.

3.      The amount owed by Defendant, the Commonwealth, to Plaintiff Empresas Omajede, Inc. on account of the claim asserted in the Initial POC, as amended by the First Amended POC and the Second Amended POC shall participate in the distribution of the plan that may eventually be approved in this Title III proceeding.

IT IS SO ADJUDGED AND ORDERED.

In San Juan, Puerto Rico, this _____ day of _____, 2022.


_____
                    Honorable Judge Laura Taylor Swain
                    United States District Judge

2