IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.<br><br>Debtors.[1] | PROMESA Title III<br><br>NO.: 17-BK-3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## RESPONSE TO 519TH OMNIBUS OBJECTION (DKT. 22254)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

COMES NOW, EMPRESAS OMAJEDE, INC., by and through the undersigned counsel, and, in response to the **519th Omnibus Objection**, states alleges and prays.

### I. PROCEDURAL BACKGROUND

1.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). Dkt. 1

---

[1]    The Last Four Digits of the Federal Tax ID of the Commonwealth of Puerto Rico (the Debtor in Bankruptcy Case No. 17- BK-3283 (LTS)) is 3481.

2.      The Court entered the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* (the "Initial Bar Date Order").[2] Dkt. 2521

3.      The Bar Date Order states that "[a]ny disallowance of claims (including, without limitation, duplicate claims) shall be made in accordance with, and to the extent provided for under, applicable law without giving effect to the entry of this Order (other than the form, timing, manner of filing, and other procedural requirements for filing proofs of claim set forth herein)." Dkt. 2521

4.      The Bar Date Order states that "All proofs of claim must (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, a summary of such documentation must be attached) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by this Order if submitted using an alternative form. Any claimant that provides a summary in lieu of supporting documentation shall transmit

---

[2]   The Initial Bar Date Order was amended by the Order in Dkt. 3160 which extended the bar date for filing proofs of claim to June 29, 2018 at 4:00pm (Atlantic Time). Dkt. 3160

the documents in support of its claim to Prime Clerk [now Kroll] and the applicable

Debtor within ten days after the date of any written request by the applicable Debtor

for such documents, to the extent such documents are in the possession of the

claimant. After the applicable Bar Dates, amendments to timely filed proofs of claim

will only be allowed to the extent an amended claim is based on the same facts and

circumstances as a timely filed claim, and in accordance with applicable law, or as

otherwise ordered by the Court." Dkt. 2521

5.        On November 14, 2018, the Court entered the *Order (A) Approving*

*Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy*

*Rule 3007(e)(6), and (C) Granting Related Relief* (the "Initial Omnibus Objection

Procedure Order"). Dkt. 4230

6.        The Initial Omnibus Objection Procedure Order exempts the Debtors

from complying with Bankruptcy Rule 3007(e)(6), raises the amount of claims that

may be accumulated in a single omnibus objection to five hundred and, among other

things, states that "[n]otwithstanding anything to the contrary in PROMESA, the

Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules, and

pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that

include objections to claims on any basis provided for in Bankruptcy Rule 3007(d)(1)

– (7)." Dkt. 4230

7.        On June 14, 2019, the Court entered the *Order (A) Approving Amended*

*Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule*

*3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief*

(the "Second Omnibus Objection Procedure Order"). Dkt. 7440

8.      The Second Omnibus Objection Procedure Order exempts the Debtors

from complying with Bankruptcy Rule 3007(e)(3), raises the amount of claims that

may be accumulated in a single omnibus objection to one thousand and, among other

things, states that in addition to the grounds, the Debtors may assert, as additional

grounds, any of the following grounds: "a. Claims are inconsistent with the Debtors'

books and records; b. Claims fail to specify the asserted amount for each Claim, or for

each Claim only list the amount as 'unliquidated'; c. Claims seek recovery of amounts

for which the Debtors are not liable; d. Claims are incorrectly or improperly classified;

or e. Claims are filed against non-Debtors." Dkt. 7440

9.      The Second Omnibus Objection Procedure Order together with the

Initial Omnibus Objection Procedure Order will hereafter referred to as the

"Amended Omnibus Objection Procedures").

10.     On March 12, 2021, the Commonwealth filed a first omnibus objection

with respect to the Empresas Omajede claim, which is titled *Two Hundred Ninety-*

*Eight Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the*

*Puerto Rico Highways and Transportation Authority, the and the Employees*

*Retirement System of the Commonwealth of Puerto Rico to Subsequently Amended*

*Claims*. Dkt. 16018. The **298th Omnibus Objection** was filed under the Amended

Omnibus Objection Procedures.

11.     The **298th Omnibus Objection** requested that the original claim be disallowed and expunged because it was later amended, and the amended claim superseded the original claim. Dkt. 16018.

12.     With respect to the Empresas Omajede Claim, in the Exhibit to the **298th Omnibus Objection**, the Commonwealth stated that, with respect to Claim #21372 which was filed on 05/25/2018 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37, the reason for the objection is that the claim was "[a]mended and superseded by a later filed Proof of Claim" and listed Claim #70324 which was filed on 06/25/2018 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37 as the remaining claim. Dkt. 16018 (Exhibit A).

13.     On May 28, 2021, the Court entered an order granting the **298th Omnibus Objection**, which disallowed the Initial POC in its entirety. Dkt. 16823

14.     On August 20, 2021, the Commonwealth filed a second omnibus objection with respect to the Empresas Omajede claim, which is titled *Three Hundred Seventy Second Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Partially Satisfied and Partially No Liability Claims*. Dkt. 17918. The **372nd Omnibus Objection** was filed under the Amended Omnibus Objection Procedures.

15.     The **372nd Omnibus Objection** requested that the asserted claim amount be reduced because of 2 alleged post-petition payments purportedly reduced the claim to $182,692.41. Dkt. 17918.

16.     With respect to the Empresas Omajede Claim, in the Exhibit to the **372nd Omnibus Objection**, the Commonwealth stated that, with respect to Claim #70324 which was filed on 06/25/2018 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37, the reason for the objection is that the "Invoices totaling $155,810.96 were paid via multiple EFT's during the period 02/08/2017 and 05/11/2017. The Claimant shall retain the non-modified portion of the claim." Dkt. 17918 (Exhibit A).

17.     The Kroll website shows the **372nd Omnibus Objection** as pending.

18.     On September 16, 2022, the Commonwealth filed an omnibus objection with respect to the Empresas Omajede Claim, which is titled *Five Hundred Nineteenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority and the Puerto Rico Highways and Transportation Authority to Deficient Claims*. Dkt. 22254. The **519th Omnibus Objection** was filed under the Amended Omnibus Objection Procedures.

19.     With respect to the Empresas Omajede Claim, in the Exhibit to the **519th Omnibus Objection**, the Commonwealth stated that, with respect to Claim #70324 which was filed on 06/25/2018 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37, the reason for the objection is that the "Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such

6

that the Debtors are unable to determine whether claimant has a valid claim against

the Commonwealth of Puerto Rico or any of the other Title III debtors. Claim #70324

also contained on Exhibit A to the 372nd Omnibus Claims Objection for Modified

Claims." Dkt. 22254 (Exhibit A). The Kroll website shows the **519th Omnibus

Objection** as pending.

20.    Although Exhibit A to the **519th Omnibus Objection** mentions that it

was also contained in Exhibit A to the **372nd Omnibus Objection**, it does not reflect

that the Commonwealth requested the modification of the asserted claim amount in

the **372nd Omnibus Objection**. Dkt. 22254 (Exhibit A).

21.    From the Procedural History, however, it seems that the provided

reason does not correspond to the Empresas Omajede Claim, as said claim is neither

unsubstantiated nor deficient and it appears that the Commonwealth *has* been able

to identify the basis claim because, in the **372nd Omnibus Objection**, the

Commonwealth purportedly found 2 payments reducing the asserted amount claimed

to be owed by the Commonwealth.

22.    First, it is incorrect that the Empresas Omajede Claim does not provide

any basis or supporting documentation.

23.    Second, the Empresas Omajede Claim does comply with all of the

requirements of the Bar Date Order to assert a claim against the Commonwealth

because:

7

(i)   The Claim is in English and the supporting documentation is in Spanish, which fulfills the requirement that the claim be written in English or Spanish;

(ii)  The Claim states, in the lawful currency of the United States, what amount was owed by the Commonwealth as of the Commonwealth's Title III Case commencement date and sets forth;

(iii) The Claim states with specificity the legal and factual basis for the asserted claim, which is the unpaid balance of a real estate lease;

(iv)  The Claim includes copies of all of the required supporting documentation, which is in the Spanish language;

(v)   The Claim includes an original or electronic signature of the claimant's authorized agent;

and

(vi)  the Claim was filed with a form that substantially conforms to the Proof of Claim Form approved by the Bar Date Order.

24.     Third, as the Empresas Omajede Claim supplements a timely filed claim and is based on the same substantive basis as the original timely filed claim, the Empresas Omajede Claim has been timely filed.

25.     Hence, the Empresas Omajede Claim does not fit the reason stated in Exhibit A to the **519th Omnibus Objection**, as it is a timely filed amended claim that complies with all of the requirements of Section 501 of the Bankruptcy Code and the Bar Date Order to assert a claim against the Commonwealth in the English language on the Proof of Claim Form approved by the Bar Date Order and that includes all of the required supporting documentation in the Spanish language as attachments to the Proof of Claim Form.

26.     Moreover, the reason stated in the **519th Omnibus Objection** seems incompatible with the **372nd Omnibus Objection**, inasmuch as in the **372nd Omnibus Objection** the Commonwealth does seem to have identified the basis for the claim, as the Commonwealth purports to have found 2 payments to reduce the asserted amount due by the Commonwealth and allowed the claim in the reduced amount of $155,810.96. To that effect, **372nd Omnibus Objection** states that "[t]he Claimant shall retain the non-modified portion of the claim."

27.     As a result of the **519th Omnibus Objection**, the Plaintiff has filed the Second Amended POC which was filed on 10/17/2022 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37 and supplements the documents supporting the claim with English Translations of the Lease documents and a written explanation of the basis for the claim.

28.     In light of all of the above, the Plaintiff has complied with the requirements of Section 501 of the Bankruptcy Code, to establish a *prima facie* validity of the proofs of claim that asserts Empresas Omajede Claim as a valid, allowable claim against the Commonwealth, the Debtor in this Title II Proceedings, which is deemed allowed pursuant to Section 502(a) of the Bankruptcy Code. Moreover, the Commonwealth has not met its burden to overcome the *prima facie* validity of the proofs of claim setting forth the Empresas Omajede claim, which was filed by the Plaintiff in the Initial POC and was later amended by the First Amended POC and the Second Amended POC. Therefore, the Empresas Omajede claim, as

asserted in the Second Amended POC, must be allowed pursuant to Sections 502(b) and 502(c) of the Bankruptcy Code.

## II. FACTS RELEVANT TO THE EMPRESAS OMAJEDE CLAIM

29. The Public Service Commission (known in Spanish as "La Comisión de Servicio Público") is an agency of the Commonwealth of Puerto Rico and for whom the Commonwealth is liable. *See* **Exhibit 1**, Lease Agreement.

30. On March 9, 2011, the Public Service Commission signed a lease agreement titled "*Contrato de Arrendamiento de Locales por Cinco Años hasta Treinta Años*" in Spanish, which is translated to English as *Lease Agreement of Locals for Five Years to Thirty Years. See* **Exhibit 1-A**, Lease Agreement.

31. On March 9, 2011, Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico. *See* **Exhibit 1-B**, Lease Agreement Registration.

32. On August 1, 2011, the Public Service Commission signed a "Documento de Aceptación y Toma de Posesión del Local La Electrónica-Anejo I al Contrato 2011-000009" in Spanish, which is translated to English as *Document of Acceptance and Taking Possession of Local -Exhibit I to Contract #2011-000009. See* **Exhibit 2-A**, Acceptance to Take Possession.

33. On August 1, 2011, Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico. *See* **Exhibit 2-B**, Acceptance Registration.

34. On September 7, 2012, the Public Service Commission signed a "*Enmienda al Contrato 2011-000009, para cumplir con la Cláusula de Amortización*

10

*de Mejoras. Se Aneja Como Parte Integral del Contrato Original Núm. 2011-000009.*"

in Spanish, which is translated to English as *Amendment to Contract #2011-000009,*

*to Comply with the Improvements Amortization Clause. Attached as an Integral Part*

*of the Original Contract #2011-000009. See* **Exhibit 3-A**, Lease Amendment.

35.　　On September 7, 2012, the Amendment to Contract #2011-000009 was

filed with the Office of the Comptroller of Puerto Rico. *See* **Exhibit 3-B**, Lease

Amendment Registration.

36.　　On May 3, 2017, the Oversight Board issued a restructuring certification

pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief

for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA

section 304(a), commencing a case under Title III thereof (the "Commonwealth Title

III Case"). Dkt. 1

37.　　The Commonwealth's PROMESA Title III case stayed all of Empresas

Omajede's collection actions. Dkt. 1

38.　　On June 13, 2017, the Public Service Commission handed back the keys

and sent a letter by Email to Empresas Omajede to confirm the handover of the keys.

*See* **Exhibit 4**, First Letter and **Exhibit 5**, Second Letter.

39.　　The first letter (dated June 13, 2017) states that, even though the Public

Service Commission had unoccupied the building, the keys had not been returned

and requested instructions as to the return of the keys. *See* **Exhibit 4**, First Letter.

40. A second letter (also dated June 13, 2017) states that the return of the keys is confirmed therein. *See* **Exhibit 5**, Second Letter.

41. The Public Service Commission's unpaid balance related to the lease, as of the commencement of the Commonwealth's Title III proceeding was $338,503.37. *See* **Exhibit 6**, Excel Table.

42. The first proof of claim on 05/25/18 filed by Empresas Omajede (the "Initial POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of the "La Electrónica" building (Claim #21372). The Initial POC (Claim #21372) is listed in the Claims Register under the enumeration # 1539-1. *See* **Exhibit 7**, Claim #21372, which is listed in the Claims Register under # 1539-1.

43. The second proof of claim filed on 06/25/18 by the Empresas Omajede (the "First Amended POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of the "La Electrónica" building (Claim #70324). It is an amended claim, that amends the Initial POC (Claim #21372). The First Amended POC (Claim #70324) is listed in the Claims Register as Claim # 1539-2, which reflects that it is an amended claim related to the Initial POC. *See* **Exhibit 8**, Claim #70324, which is listed in the Claims Register under # 1539-2.

44.     The third proof of claim filed on 10/17/22 by Empresas Omajede (the "Second Amended POC") is for a claim in the amount of $338,503.37 related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of the "La Electrónica" building (Claim #_____). It is an amended claim, that amends the First Amended POC (Claim #70324). It supplements the supporting documentation with English translations and a written statement regarding the basis for the claim. *See* **Exhibit 9**, Filing of Second Amended Claim (Claim #_____).

## III. ARGUMENTS

45.     The third proof of claim filed on 10/17/22 by Empresas Omajede (the "Second Amended POC") is an amended claim, that amends the First Amended POC (Claim #70324). *See* **Exhibit 9**, Filing of Second Amended Claim (Claim #_____).

46.     It supplements the supporting documentation with English translations and a written statement regarding the basis for the claim. *See* **Exhibit 9**, Filing of Second Amended Claim (Claim #_____).

47.     The Empresas Omajede Claim, as asserted in the Initial POC, First Amended POC and Second Amended POC, was filed within a proof of claim pursuant to Section 501 and, as such, the Empresas Omajede claim therein asserted is deemed allowed under Section 502(a).

48.     The *prima facie* validity of the Empresas Omajede Claim has not been overcome by the Commonwealth (either in the **372nd Omnibus Objection** or in the

13

**519th Omnibus Objection**) in order for the Commonwealth to obtain the disallowance of the Empresas Omajede Claim under Section 502(b) and 502(c) of the Bankruptcy Code.

49.     As such, Empresas Omajede has filed an adversary proceeding requesting a declaratory judgment that determines that the Second Amended POC asserts a valid claim against the Commonwealth and that the Second Amended POC is allowed in the asserted amount of $338,503.37, so that it may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding.

50.     Morevoer, it seems that the reason provided in the **519th Omnibus Objection** does not correspond to the Empresas Omajede Claim, as said claim is neither unsubstantiated nor deficient and it appears that the Commonwealth *has* been able to identify the basis claim because, in the **372nd Omnibus Objection**, the Commonwealth purportedly found 2 payments reducing the asserted amount claimed to be owed by the Commonwealth.

51.     First, it is incorrect that the Empresas Omajede Claim does not provide any basis or supporting documentation. Upon examination of the First Amended POC, it is plain to see that supporting documentation is provided and the same documentation was also provided with the Initial POC. *See* **Exhibit 7**, Initial POC and **Exhibit 8**, First Amended POC.

52. Second, the Empresas Omajede Claim does comply with all of the requirements of the Bar Date Order to assert a claim against the Commonwealth because:

(i) The Claim is in English and the supporting documentation is in Spanish, which fulfills the requirement that the claim be written in English or Spanish;

(ii) The Claim states, in the lawful currency of the United States, what amount was owed by the Commonwealth as of the Commonwealth's Title III Case commencement date and sets forth;

(iii) The Claim states with specificity the legal and factual basis for the asserted claim, which is the unpaid balance of a real estate lease;

(iv) The Claim includes copies of all of the required supporting documentation, which is in the Spanish language;

(v) The Claim includes an original or electronic signature of the claimant's authorized agent;

and

(vi) the Claim was filed with a form that substantially conforms to the Proof of Claim Form approved by the Bar Date Order.

53. Third, as the Empresas Omajede Claim supplements a timely filed claim and is based on the same substantive basis as the original timely filed claim, the Empresas Omajede Claim has been timely filed. *See* **Exhibit 7**, Initial POC and **Exhibit 8**, First Amended POC.

54. Hence, the Empresas Omajede Claim, as asserted in the First Amended POC, does not fit the reason stated in Exhibit A to the **519th Omnibus Objection**, as it is a timely filed amended claim that complies with all of the requirements of Section 501 of the Bankruptcy Code and the Bar Date Order to assert a claim against

the Commonwealth in the English language on the Proof of Claim Form approved by the Bar Date Order and that includes all of the required supporting documentation in the Spanish language as attachments to the Proof of Claim Form.

55.     Moreover, the reason stated in the **519th Omnibus Objection** seems incompatible with the **372nd Omnibus Objection**, inasmuch as in the **372nd Omnibus Objection** the Commonwealth does seem to have identified the basis for the claim, as the Commonwealth purports to have found 2 payments to reduce the asserted amount due by the Commonwealth and allowed the claim in the reduced amount of $155,810.96. To that effect, **372nd Omnibus Objection** states that "[t]he Claimant shall retain the non-modified portion of the claim."

56.     As a result of the **519th Omnibus Objection**, the Plaintiff has filed a Second Amended POC which was filed on 10/17/2022 with respect to 17 BK 03283-LTS and the Commonwealth Debtor and that asserts a claim for $338,503.37 and supplements the documents supporting the claim with English Translations of the Lease documents and a written explanation of the basis for the claim. *See* **Exhibit 9**, Second Amended Claim.

57.     Also, Empresas Omajede filed adversary proceeding 22-ap-00076-LTS requesting a declaratory judgment that determines that the Empresas Omajede Claim, as set forth in the Initial POC and as amended by the First Amended POC and the Second Amended POC were filed pursuant to Section 501 and, as such, the Empresas Omajede claim therein asserted is deemed allowed under Section 502(a)

and that determines that the *prima facie* validity of the Empresas Omajede Claim has not been overcome by the Commonwealth in order for the Commonwealth to obtain the disallowance of the Empresas Omajede Claim under Section 502(b) and 502(c) of the Bankruptcy Code and, therefore, the Empresas Omajede Claim, as set forth in the Second Amended POC should be allowed in the asserted amount of $338,503.37 pursuant to 11 U.S.C. § 502(b)&(c), as the Commonwealth had not met its burden to overcome the *prima facie* validity of the proof of claim and, as an allowed claim, may participate in the corresponding distribution that may be provided by the plan that may eventually be approved in this Title III proceeding.

## IV. CONCLUSION

58.     The **519th Omnibus Objection** does not meet the requirements to obtain the disallowance of the First Amended POC, as the Commonwealth has not met its burden to overcome the *prima facie* validity of the Empresas Omajede Claim as asserted in the Initial POC and as amended by the First Amended POC and the Second Amended POC.

59.     Moreover, it seems that the provided reason does not correspond to the Empresas Omajede Claim, as said claim is neither unsubstantiated nor deficient and it appears that the Commonwealth *has* been able to identify the basis claim because, in the **372nd Omnibus Objection**, the Commonwealth purportedly found 2 payments reducing the asserted amount claimed to be owed by the Commonwealth.

60.     First, it is incorrect that the Empresas Omajede Claim does not provide any basis or supporting documentation; Second, the Empresas Omajede Claim does comply with all of the requirements of the Bar Date Order to assert a claim against the Commonwealth; and Third, as the Empresas Omajede Claim supplements a timely filed claim and is based on the same substantive basis as the original timely filed claim, the Empresas Omajede Claim has been timely filed.

61.     Hence, the Empresas Omajede Claim does not fit the reason stated in Exhibit A to the **519th Omnibus Objection**, as it is a timely filed amended claim that complies with all of the requirements of Section 501 of the Bankruptcy Code and the Bar Date Order to assert a claim against the Commonwealth in the English language on the Proof of Claim Form approved by the Bar Date Order and that includes all of the required supporting documentation in the Spanish language as attachments to the Proof of Claim Form. Therefore, the **519th Omnibus Objection** should be denied with respect to the Empresas Omajede Claim, as the Commonwealth has not met its burden to overcome the *prima facie* validity of the Frist Amended POC.

### V. PRAYER FOR RELIEF

62.     The **519th Omnibus Objection** should be denied with respect to the Empresas Omajede Claim, as the Commonwealth has not met its burden to overcome the *prima facie* validity of the Frist Amended POC. Therefore, the **519th Omnibus Objection** should be denied for procedural and substantive deficiencies. However, as

18

a result of the **519th Omnibus Objection**, Empresas Omajede filed the Second

Amended POC on 10/17/2022, which supplements the documents supporting the

claim with English Translations of the Lease documents and a written explanation

of the basis for the claim. Therefore, the Second Amended POC also provides all the

required information to assert a valid claim against the Commonwealth, which is

another reason to deny the **519th Omnibus Objection** with respect to the Empresas

Omajede Claim. Also, Empresas Omajede filed adversary proceeding 22-ap-00076-

LTS requesting a declaratory judgment that determines the validity and allowance

of the Empresas Omajede Claim, as set forth in the Second Amended POC. An

additional reason to deny the **519th Omnibus Objection** with respect to the

Empresas Omajede Claim is that the validty of the Empresas Omajede Claim should

be adjudicated in the adversary proceeding in accordance with Fed. R. Bankr. P.

3007(b), which requires that an adversary proceeding be filed when the objection

requests relief of a kind specified in Fed. R. Bankr. P. 7001.

63.    In light of the above, the **519th Omnibus Objection** should be denied

with respect to the Empresas Omajede Claim and/or the **519th Omnibus Objection**

should be stayed with respect to the Empresas Omajede Claim, until the adjudication

of adversary proceeding 22-ap-00076-LTS in accordance with Fed. R. Bankr. P.

3007(b).

WHEREFORE, the Plaintiff respectfully requests that the Court: (i) deny the

**519th Omnibus Objection** with respect to the Empresas Omajede Claim, as set forth

in the First Amended POC (Claim #70324); (ii) stay the adjudication of the **519th**

**Omnibus Objection** with respect to the Empresas Omajede Claim, until the

adjudication of adversary proceeding 22-ap-00076-LTS in accordance with Fed. R. Bankr.

P. 3007(b); and (iii) grant the Plaintiff any other relief that it deems just and proper

or that may be granted under Puerto Rico law or in equity.

RESPECTFULLY SUBMITTED.

In San Juan, PR, this 17th day of October, 2022.

DML | Diaz Mayoral Law
*Attorney for ESJ Towers Condominium
Homeowners Association*

*s/ Monique Diaz Mayoral*
USDC-PR No. 225712
151 San Francisco Street
San Juan, PR 00901
(754)755-5508
m@diazmayorallaw.com
