# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　Debtor. | PROMESA Title III<br><br>Case No. 17-BK-4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as a representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　Plaintiff,<br><br>v. | Adv. Proc. No. 19-00391-LTS<br><br>PROMESA Title III |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,

      Defendant.

**STIPULATION AND AGREED ORDER BY AND AMONG
THE OVERSIGHT BOARD, U.S. BANK NATIONAL ASSOCIATION AND
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY**

This stipulation and consent order (The "Stipulation") is made and entered into by and among the Financial Oversight and Management Board for Puerto Rico ("Plaintiff"), U.S. Bank National Associate, as Trustee ("Defendant"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with Plaintiff and Defendant, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS** AAFAF acts as the Puerto Rico Electric Power Authority's fiscal agent pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017;

**WHEREAS**; on June 28, 2019, this Court entered a Stipulation and Agreed Order by and Among the Oversight Board and the AAFAF [Case No. 17- BK-4780-LTS, ECF No. 1405] (the "AAFAF Stipulation"), which appointed AAFAF as section 926 Co-Trustee for the Puerto Rico Electric Power Authority ("PREPA") and co-Plaintiff with respect to the Adversary Proceeding;

**WHEREAS**, the Oversight Board has exercised its right to terminate the AAFAF Stipulation, and has therefore become the sole plaintiff in the Adversary Proceeding [Case No. 19-391-LTS, ECF No. 26];

-2-

**WHEREAS**, notwithstanding termination of the AAFAF Stipulation, AAFAF, by virtue of its statutory responsibilities under Act 2-2017 to act as the fiscal agent for and oversee all matters related to the restructuring of debts of all entities of the Government of Puerto Rico (including PREPA), asserts a right to intervene in this Adversary Proceeding under Federal Rule of Bankruptcy Procedure 7024 and Bankruptcy Code Section 1109(b);

**WHEREAS** AAFAF is timely requesting intervention consistent with Rule 7024 of the Federal Rules of Bankruptcy Procedure and the *Order (A) Granting in Part and Denying in Part Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant To Litigation Schedule and (II) Granting Related Relief and (B) Staying Certain Motions Filed by PREPA Bondholders* [Docket No. 22 in Adv. Proc. No. 19-00391-LTS] (the "Scheduling Order"); and

**WHEREAS** AAFAF, Plaintiff, and Defendant agree to intervention by AAFAF on the terms set forth herein, and such intervention will not unduly prejudice or delay the adjudication of the original parties' rights;

**WHEREAS** AAFAF, Plaintiff and Defendant have agreed AAFAF may intervene as a plaintiff in this adversary proceeding, on the terms set forth below;

**NOW THEREFORE,** the Parties hereby stipulate and agree, and upon the Court's approval the terms hereof shall be ordered and binding on all parties in interest, as follows:

**STIPULATION**

1. AAFAF may intervene as a plaintiff (and, if Plaintiff is named as a counterclaim defendant, to intervene on the side of the counterclaim defendant) in this adversary proceeding with a right to be heard by pleading or argument on any matter in the litigation, subject to the following limitations:

a. AAFAF may file non-duplicative briefs or other submissions (including any supporting evidence that may be necessary) in accordance with the litigation schedule applicable to Intervenors as relates to summary judgment motions and 56(d) application briefing set forth in Schedule 1 to the Scheduling Order.

b. AAFAF may be heard, subject to the Court's discretion, at any oral argument in this adversary proceeding, provided it undertakes to avoid duplication with Plaintiff.

c. AAFAF shall only raise arguments with respect to the counts asserted by Plaintiff in the Amended Complaint filed in this adversary proceeding (or any counterclaims thereto). For the avoidance of doubt, and subject to the terms of this Order, AAFAF may raise arguments based on matters uniquely within the government's knowledge or that relate to the powers of any non-debtor governmental entity (other than the Oversight Board) provided they relate to the counts asserted by Plaintiff in the Amended Complaint (or any counterclaims thereto).

d. AAFAF shall be entitled to receive all pleadings, memoranda, and any other discovery or documents produced in connection with this adversary proceeding. To the extent, if any, discovery is allowed, AAFAF must make good faith efforts to serve any discovery requests and/or pleadings related thereto jointly with Plaintiff; provided, that if such efforts fail, AAFAF may propound non-duplicative discovery. AAFAF shall be entitled to receive notice of all scheduled depositions and attend depositions and may question witnesses, provided that it avoids duplication with Plaintiff.

  e. AAFAF shall not have consent rights over any settlement of the adversary proceeding, but shall retain all rights it has as a party in interest in this Title III case, including the right to object to any settlement.

2. Subject to paragraphs 1(a) and 5 herein, the Parties shall confer with AAFAF regarding scheduling for any future dispositive motion practice in the Adversary Proceeding not already established under the Scheduling Order as required in this Court's Standing Order. AAFAF shall, in good faith, coordinate with other plaintiffs with respect to filings in a timely manner to seek to avoid unnecessary intervention pleadings.

3. Past and future statements and writings of AAFAF shall not be attributed to or admissions of the Financial Oversight and Management Board for Puerto Rico for any purpose.

4. AAFAF may seek relief from any of the foregoing limitations upon a showing of cause.

5. AAFAF will not assert in this proceeding that the PREPA Bondholders or the Trustee cannot assert Counterclaims against AAFAF or propound discovery against AAFAF, or be limited in propounding discovery to AAFAF, based on the fact that it is intervening as a plaintiff rather than being a named plaintiff.

6. This Order shall take immediate effect and be enforceable upon its entry.

7. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

8. The third and fourth recitals to this Stipulation are not binding on the Defendant, and nothing in this Stipulation shall affect, limit or impair any rights, remedies or claims that the Defendant or Intervenor Defendants may have against AAFAF or the Commonwealth of Puerto Rico arising from or related to this Adversary Proceeding.

    IT IS SO STIPULATED.

Dated: October 13, 2022

**PROSKAUER ROSE LLP**

| | |
|---|---|
| */s/ Martin J. Bienenstock* | */s/ Luis F. Del Valle-Emmanuelli* |
| MARTIN J. BIENENSTOCK* | LUIS F. DEL VALLE-EMMANUELLI |
| MARGARET DALE* | USDC-PR No. 209514 |
| PAUL V. POSSINGER* | P.O. Box 79897 |
| EHUD BARAK* | Carolina, PR 00984-9897 |
| DANIEL S. DESATNIK* | Tel.: (787) 647-3503 |
| ELLIOT R. STEVENS* | Email: dvelawoffices@gmail.com |
| Eleven Times Square | |
| New York, NY 10036 | OF COUNSEL FOR A&S LEGAL |
| Tel.: (212) 969-3000 | STUDIO, PSC |
| Fax: (212) 969-2900 | 434 Avenida Hostos |
| Email: mbienenstock@proskauer.com | San Juan, PR |
|     mdale@proskauer.com | Tel.: (787) 751-6764/763-0565 |
|     ppossinger@proskauer.com | Fax: (787) 763-8260 |
|     ebarak@proskauer.com | |
|     ddesatnik@proskauer.com | *Co-Attorneys for the Financial Oversight and Management Board as Representative for PREPA* |
|     estevens@proskauer.com | |

*\* Admitted Pro Hac Vice*

*Counsel for the Financial Oversight and Management Board as Representative for PREPA*

| | |
|---|---|
| **RIVERA, TULLA & FERRER** | **MASLON LLP** |
| */s/ Eric A. Tulla* | */s/ Clark T. Whitmore* |
| ERIC A. TULLA | CLARK T. WHITMORE* |
| USDC-PR No. 118313 | WILLIAM Z. PENTELOVITCH* |
| 50 Quisqueya Street | JOHN T. DUFFEY* |
| San Juan, PR 00917-1212 | JASON M. REED* |
| Tel.: (787) 753-0438 | 90 South Seventh Street, Suite 330 |
| Fax: (787) 767-5784 | Minneapolis, MN 55402 |
| Email: etulla@riveratulla.com | Tel.: (612) 672-8200 |
| | Fax: (612) 672-8397 |
| */s/ Iris J. Cabrera Gomez* | Email: clark.whitmore@maslon.com |
| IRIS J. CABRERA GOMEZ | bill.pentelovitch@maslon.com |
| USDC-PR No. 221101 | john.duffey@maslon.com |
| Email: icabrera@riveratulla.com | jason.reed@maslon.com |
| | |
| *Counsel for U.S. Bank National Association, in its Capacity as Trustee* | *\* Admitted Pro Hac Vice* |
| | *Counsel for U.S. Bank National Association, in its Capacity as Trustee* |

-8-

/s/ *Maria J. DiConza*
John J. Rapisardi
Maria J. DiConza
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
Email: jrapisardi@omm.com
       mdiconza@omm.com

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

-and-

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com
       apavel@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

/s/ *Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

SO ORDERED.

Dated: October 17, 2022

                                               <u>/s/ Judith Gail Dein</u>
                                               HONORABLE JUDITH GAIL DEIN
                                               United States Magistrate Judge