UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.

Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283

(LTS)

---

(Related to Docket No. 18277 and No. 18279)

**MOTION SUBMITTING CERTIFIED TRANSLATION OF JUDGEMENT ENTERED BY THE COURT OF FIRST INSTANCE OF PUERTO RICO IN THE CASE NILDA AGOSTO MALDONADO ET ALS. CASE NO. K PE-2005-0608**

To the Honorable United States District Court Judge Laura Taylor Swain:

**COME NOW**, the group creditors in the litigation captioned: Nilda Agosto Maldonado et als *v. Family Department et als.* Case No. K PE 2005-0608, through the undersigned attorney, and respectfully state, allege and pray:

1.    On September 28, 2021 the appearing creditors' filed a Motion for Allowance and Immediate Payment of Administrative Expense Pursuant to section 503 (b) (1) (A) (i) (ii) of the Bankruptcy Code, at docket 18277.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2.     Pursuant to "the Motion", Movants requested leave to file the Judgment entered by the Court of First Instance of Puerto Rico in the case of Nilda Agosto Maldonado et als, v. Family Department, et als, in case No. K PE 2005-0608 in the Spanish language and requested a 30- day term to file the certified translation.

3.     In compliance with PR-Local District Court Rule 5, the Movants hereby Submit the certified translation of the Nunc Pro Tunc Judgment entered by the Court of First Instance of Puerto Rico, dated September 27. 2010 in the case of reference.

**WHEREFORE**, the Movants respectfully pray for this Honorable Court to take notice of the filing of the certified translation of the Judgment entered by the Court of First Instance of Puerto Rico dated September 27, 2010, in the case of Nilda Agosto Maldonado et als, v. Family Department, et als, in case No. K PE 2005-0608.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 23 th day of October 2021.

**IT IS HEREBY CERTIFIED**, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsels of record.

By: */s/ IVONNE GONZALEZ-MORALES*
IVONNE GONZALEZ-MORALES
USDC NUM: 202701
PO BOX 9021828
SAN JUAN, PR 00902-1828
Tel. (787) 410-0119
E-mail: ivonnegm@prw.net

*Attorney for the Group Creditors*

2

**EXHIBIT VIII**

PAG 01                COMMONWEALTH OF PUERTO RICO 123
                        COURT OF FIRST INSTANCE        680    634
                            SAN JUAN PART

AGOSTO MALDONADO, NILDA A.              CASE NO:  K PE2005-0608
            PLAINTIFF                        ROOM: 0907
            V.

E L A DE PR                             SPECIAL PROCEEDINGS
            DEFENDANT                   INJUNCTION - CLASSIC
                                          CAUSE/CRIME

ATTY. DIAZ LUGO MANUEL                   SEAL:
PO BOX 9020192                           (ILLEGIBLE) OF JUSTICE
SAN JUAN, PR 00902-0192                  (ILLEGIBLE) GENERAL
                                         (ILLEGIBLE) LABOR

                    N O T I F I C A T I O N

        I CERTIFY THAT IN RELATION TO THE MOTION REQUESTING
AMENDMENT TO JUDGMENT -  ON THE DAY OF SEPTEMBER 27, 2010 THE
COURT ISSUED THE ORDER———————THAT IS TRANSCRIBED HEREINAFTER.

                GRANTED.  AMENDED JUDGMENT ISSUED.
                    "NUN PRO TUNC"

                    SGD. REBECCA DE LEON RIOS
                            JUDGE

        I FURTHER CERTIFY THAT I HAVE TODAY SENT BY MAIL A COPY OF
THIS NOTIFICATION TO THE FOLLOWING PERSONS TO THEIR INDICATED
ADDRESSES, HAVING ON THIS SAME DATE FILED A COPY OF THIS
NOTIFICATION IN THE RECORD

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

GONZALEZ MORALES IVONNE
PO BOX 9021828
SAN JUAN, PR 00902-1828

ACEVEDO COLON MILAGROS
COND COLINA REAL
2000 FELISA RINCON AVE
BOX 1405
SAN JUAN, PR 00926

GENERAL LITIGATION
CORRESPONDENCE DIV.
RECEIVED

2010 SEPT 30 AM 10:22

SAN JUAN, PUERTO RICO, SEPTEMBER 28, 2010

ATTY. REBECCA RIVERA TORRES
CLERK
BY: VANESSA NIEVES MORALES s/VNieves
DEPUTY CLERK

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

685

681
COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART OF SAN JUAN                124

| | | |
|---|---|---|
| NILDA A. AGOSTO MALDONADO ET AL | . | CIVIL NO. KPE 2005-0608 |
| PLAINTIFF | . | (907) |
| | . | |
| V. | . | RE: |
| | . | |
| COMMONWEALTH OF PUERTO RICO | . | DECLARATORY JUDGMENT |
| FAMILY DEPARTMENT AND OTHERS | . | AND SALARY CLAIM |
| DEFENDANT | . | |

.................................................................

### AMENDED JUDGMENT NUNC PRO TUNC
### TO CORRECT NAMES IN THE ATTACHMENT

The plaintiffs, which are detailed in the attachment to this Judgment, that are incorporated by reference and are made to form an integral part of the same, are employees that occupy positions with different classifications and work or have worked in the Family Department and its adminstrations: Office of the Secretary, ASFAN, ADSEF, ASUME and ACUDEN.

The plaintiff employees filed the captioned complaint on February 23, 2005. They requested a Declaratory Judgment what decreed the nullification of General Memorandum 5-86 dated April 23, 1986, issued by the Central Office of

Certified to be a true and correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

2

Personnel Administration (OCAP in Spanish), today the Human Resources Office of the Commonwealth of Puerto Rico (ORHELA in Spanish), since it was in conflict with the provisions established under the Uniform Retribution Act, Law 89 of July 12, 1979, 3 L.P.R.A. § 760 et seq (derogated) and with the principle of equal pay for equal work guaranteed by Art. II, Section 16 of the Constitution of the Commonwealth of Puerto Rico.

The plaintiff claim that their salaries were affected when the Family Department implemented the Federal minimum wage that entered into effect on April 15, 1985 and subsequent increases, since the existing salary structure was left inoperative and there was adopted a different payment system, incompatible with the provisions of the Uniform Retribution Act, supra. They argue that their right to receive a compensation in accordance with the functions that they perform and the hierarchy, levels of responsibility and complexity of their respective positions, pursuant to the value of their work within the employment market.

They claim that this situation was repeated every time that there entered into effect new minimum salary increases. They allege that this situation

Certified to be a true and correct translation from its original. Aida Torres, U.S.C.C.I. Tel. 787-225-8218 aidatranslation@gmail.com

3

constitutes an act that is negligent, reckless, fraudulent and of unjust enrichment, wherefore the defendants did not provide a fair nor equitable treatment in the establishment of the salaries of the plaintiffs.

Furthermore, they allege violations to Section 218 of the Minimum Wage Act "Federal Labor Standard Act of 1938", 29 USC 201, et seq, when there were reduced the standards of work or higher benefits that existed in our jurisdiction, to the derogated Law 5 of November 20, 1975, 3 L.P.R.A. §1338, known as the Public Service Act and the regulation of OCAP which imposed on the agencies of the CWPR the obligation to implement a program of reduction of the work schedule if they did not have the necessary funds to implement the Federal minimum wage.

They also claim that as a result of the illegal adjustments practiced, the plaintiffs suffered the impairment of the legislative increases received and of the increases for years of service.

On April 27, 2005, the defendant submitted a Responsive Answer to the Complaint.  On July 20, 2005, the complaint was amended to include new plaintiffs and to reformulate allegations.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

4

In compliance with the Order issued by the Court, the plaintiffs submitted the facts on which there is no controversy and the stipulations of the parties adopted in the case of Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia, Civil Number KAC1991-0665 of the CFI, San Juan Part, including the retribution scales adopted by the Family Department and ORHELA. Furthermore, there was submitted for adjudication the applicability to the captioned case of what was resolved by the Supreme Court in Santiago Declet y otros v. Departamento de la Familia, 153 D.P.R. 208 (2001).

On January 27, 2006, the plaintiffs requested that the Court issue a Partial Summary Judgment basing its request on the facts as to which there did not exist any controversy.

On April 26, 2006, in attention to the fact that the parties coincided in that the claims are identical to the claims of Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia, supra, which was in an advanced stage of the proceedings, through a Joint Motion Requesting a Provisional Stay of the Proceedings, they requested the provisional stay of the proceedings and agreed that once the judgment of that case became final and binding (K AC1991-0665), they would heed it as a standard to resolve the captioned case.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

5

On April 13, 2007, the plaintiff through a Motion Requesting the Reopening of the Case and that a Partial Judgment be Issued, notified the Court that Judgment had been issued in the case of Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia, supra, and requested the reopening of the proceedings.

On August 24, 2007, the parties submitted a Joint Motion Notifying Stipulations of Fact and Documentary Evidence. On that date, the defendant was ordered to determine, through the corresponding calculations, the amount that is owed to each plaintiff.

Subsequently multiple follow-up hearings were held where there were discussed the procedural aspects of the case and the status of the calculations on the salaries owed to each plaintiff pursuant to the new salary scales adopted.

On the date of March 11, 2010, the representation of the plaintiff submitted the Final Report of the experts of the parties which is the result of the consensus on the amounts owed to the plaintiffs in an individual manner.

On April 7, 2010, the State was granted fifteen (15) days to express itself with regard to the Motion Submitting Expert Report. On June 7, 2010, we approved the expert report.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

6

In consideration to what is stated above, we accept the following
stipulations of facts and documents submitted by the parties:

## STIPULATIONS OF FACTS

1.  All of the plaintiffs are career employees that work or have worked
    as employees of the Department of Social Services, today the
    Family Department, occupying positions as secretaries, office
    clerks, executive officials, social service technicians, auxiliary
    collectors, socials service assistants, accounting officials, etc.
    These positions were assigned annually by the Director of the
    Central Office of Personnel Administration, hereinafter OCAP,
    between the years 1985 to 1996, to scales 1 to 19 of the
    Retribution plan of the Central Administration and subsequently
    when there was adopted the Retribution Plan created by the
    agency as an Individual Administrator.

2.  On April 15, 1986, there commenced to govern in the Government
    of Puerto Rico the Federal Minimum Wage Act of $3.35 per hour
    worked.

3.  On April 15, 1986 there existed 39 types of salary scales. Of these,
    the first 11 scales received salaries below the Federal Minimum
    Wage.

4.  That when the Federal minimum wage entered into effect, on April
    15, 1986, the Social Services Department, today the Family
    Department, equated the salary of the employees assigned to
    these first 11 scales based on $3.35 per hour, leaving the
    Retribution Plan inoperative.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

7

5.  That when the adjustment was made, all of the employees that belonged to said scale were uniformly paid the same salary that was received by the janitor and the worker according to the Federal minimum wage of $3.35 per hour.

6.  That subsequently, the Social Services Department, today the Family Department, elaborated a Uniform Retribution plan that established new salary scales, which Plan was given an effective date of April 1, 1996. This plan contains 33 salary scales, instead of the 39 salary scales that existed in 1986. This plan was elaborated by the Department with the collaboration and consultation of the Central Office of the Personnel Administration Office (OCAP).

7.  That this situation occurred again in the years 1990, 1991, 1992, 1993, 1994 and every time that there occurred the implementation of new increases pursuant to the Federal Minimum Wage Act. Wherefore, while the Federal minimum wage was increased, they continued altering new additional scales. In this manner, already by April 1, 1996, the date prior to there entering into effect the Retribution Plan of the Social Services Department, today the Family Department, 19 salary scales had been affected.

8.  In September 1997, when there was again increased the minimum salary of the employees in the Department, the Retribution Plan of 1996 was left inoperative.

9.  On April 1, 1985, in its function or providing advice to the government agencies, the OCAP issued Special Memorandum No. 8-85 where it informed the Secretaries and the Agency Heads the decision in the case of García v. San Antonio Metropolitan Mass. Transit Authority.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

8

"As a result of this decision, the employees of the Government of the Commonwealth of Puerto Rico and of its Municipal Governments must be paid the Federal minimum wage and the overtime compensated at the rate of time and a half through a cash payment".

10.   On April 18, 1985, the Director of OCAP sent to the then Governor of Puerto Rico, Rafael Hernández Colón, a Memorandum on the following matter: "Alternatives of salary structures to provide salary increases to the public employees under the Central Administration and to comply with the Federal minimum".

The communication proposed a salary improvement plan in four stages where the Federal minimum salary was exceeded for 1968 and included as an attachment the proposed salary scales.

With regard to the trust personnel, the cited communication states: ..."it is not necessary to take action immediately since the basic scale of the salary structure that is applied $505 - 657 at present has no classes assigned. The lowest salary in the Trust Service is the one corresponding to the class of chauffeur which is assigned to the second scale: $549 - 714".

11.   On July 2, 1985, OCAP issued and circulated among the agencies, General Memorandum 7-85, to inform all of the agency heads that the decision of the Hon. Federal Supreme Court García v. San Antonio Metropolitan Mass Transit Authority, 469 US 528 had been confirmed and included general information on the form of compensating the overtime hours.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

9

12.   On September 5, 1985, the OCAP issued and circulated General Memorandum No. 9-85 addressed to all of the agency heads regarding "The interpretation of aspects related to the retribution of the Employees" which included, in clause A, the standard of interpretation of Art. 3 of Law No. 3 of June 30, 1977. Pursuant to this directive, the legislative intention was recognized, as stated in Art. 3 of "expanding in that same proportion the retribution scales for the employees that receive it".

In what pertains to the employees who did not receive the increase since they were receiving the maximum salaries of the scale, instructions were issued to the agencies to "reevaluate the cases pursuant to this interpretation".

13.   On September 17, 1985, the OCAP sent a written communication to Atty. Guillermo Mojica related to the budgetary effect that the implementation of a new salary structure would have for the Career Service of the Central Administration for the purpose of complying with the implementation of the Federal Minimum Salary.

14.   On October 14, 1985, the OCAP issued Special Memorandum No. 25-85 addressed to all of the agency heads containing the LAST JURISPRUDENCE RELATED TO PERSONNEL ADMINISTRATION. It included a summary of the decision of the Honorable Federal Supreme Court in García v. San Antonio Metropolitan Mass Transit Authority, 468 US 526. Said communication informs "...the Federal minimum salary and the payment for overtime as recognized in the same in the Federal Fair Labor Standards Act, are applicable to the employees of the Commonwealth of Puerto Rico as of the 15th day of April of 1985".

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

10

15.   On November 20, 1985, the director of OCAP sent to the then Governor of Puerto Rico, a Memorandum regarding: "Salary increase to the Public Employees" which informs: "At present it is necessary to comply with the Federal Minimum Wage as of April 15, 1986, which possibly requires that it be done in a single stage".

16.   From the content of the document it appears that OCAP designed a new salary structure for the career service of the Central Administration based on a minimum scale of $545-736 which complied with the Federal minimum salary in effect of $3.35 per hour and also consign: "This structure would be implemented by us adjusting the actual salary of the employees to the immediately higher amount or type of retribution to the corresponding scale in the new structure to reduce its budgetary effect".

17.   On March 26, 1986, OCAP issued General Memorandum 3-86 where it updated to the agency heads the information regarding the application of the Minimum Wage Act sent referring to the case of García, supra. Furthermore, it informed them that the FLSA would enter into application in the government of April 15, 1986, offering further details about the applicability of the Law.

18.   That on April 15, 1986 there commenced to govern in the government of Puerto Rico the Federal Minimum Wage Act that established a minimum salary of $3.35 per hour worked.  On that date, the Department equated the salary of the plaintiff employees as consigned in the preceding Stipulations 3, 4 and 5.

19.   After that, on April 15, 1985, there was presented H.B. 493 to propose an amendment to clauses (2) and (3) of Art. 7 of the Uniform Retribution Act, converted into Law No. 149 of July 18,

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

11

1986.  This law had the purpose of endowing OCAP and its Director with mechanisms of greater flexibility to practice adjustments and extensions to the scales of retribution of the Central Administration and eliminated the requirement of obtaining the prior approval of the Government to carry out said transactions.

20.   On April 23, 1986, through General Memorandum 5-86, OCAP informed the agency head of the application of the minimum salary of 3.25 hr., effective on April 16, 1986 and included a directive to practice the salary adjustments.  Referring to the Municipalities, they were instructed to implement a plan of reduction of the daily work schedule if they determined an insufficiency of funds to implement the minimum salary.

21.   When issuing this directive, OCAP did not consult with the Federal Secretary of Labor to verify if it complied or not with the requirements of the Minimum Wage Act. [Answer of OCAP to the Request for Admissions in the case of Carmen Socorro Cruz Hernández y otros. v. ELA and others, Civil KAC 91-0665 505)].

21.   On June 30, 1986, OCAP issued Memorandum No. 3-86 informing the tenth Assignment of Classes of the Career Service of the Central Administration: "For this fiscal year no changes have been registered in the salary scales.  Nevertheless, it is mandatory that the agencies comply with the provisions of the Fair Labor Standards Act with regard to the Federal minimum".  Attachment 1 of Memorandum 3-86 includes a list of the amendments made to the previous assignment of classes during the course of the year assigning classes to superior scales.

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

12

23.  With regard to the irregular employees, governed by Law 110 of June 26, 1958, as amended, and notwithstanding having recognized in Memorandum No. 3-86, supra, of April 23, the application of the minimum wage of $3.15 hr, OCAP issued on the date of August 22, 1986, General Memorandum No. 12-86 regarding: "Amendment to the scales of Pay for the irregular personnel". In this new scale the anchor salary of Group 1 was developed based on a salary of $3.00 hr., wherefore it is below the Federal minimum wage established.

24.  The Federal minimum wage increased in Puerto Rico on the dates and the amounts that are indicated hereinafter:

|  |  |
|---|---|
| April 15, 1986 | to 3.25 hr. |
| April 1, 1990 | to 3.55 hr. |
| April 1, 1991 | to 3.70 hr. |
| April 1, 1992 | to 3.90 hr. |
| April 1, 1993 | to 4.05 hr. |
| April 1, 1994 | to 4.25 hr. |
| April 1, 1996 | to 4.45 hr. |
| Sept. 1, 1997 | to 5.15 hr. |
| Sept. 1, 2000 | to 5.80 hr.[1] |
| July 24, 2007 | to 5.85 hr. |

25.  The standard adopted by the Department to implement the salary adjustments when the minimum salary and subsequent increases entered into effect, as identified in the previous paragraph, equated the salary of the plaintiffs to the salary received by the worker and the janitor.

---

[1] Increase of the minimum salary of Puerto Rico to $5.80 per hour by Law 320 of September 2000 effective on September 1, 2000.

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

13

26. As a result of the above, in the years 1990, 1991, 1992, 1993 and 1994, 1997 and up to the present, as a result of the implementation of the new increases in the Federal Minimum Wage Act, and while the Federal minimum salary has been increases, they continued to alter new scales. In this manner, already by April 1, 1996, the date prior to there entering into effect the Retribution Plan of the Department of Social Services, today the Family Department, 19 salary scales had been affected.

27. In 1991, the Department of Social Services was constituted, in an individual administrator through Executive Order Number OE-1991-46, signed by the then Governor of Puerto Rico, Rafael Hernández Colón conferring to the Secretary of said Department the faculty to adopt its own Classification and Retribution Plan.

28. Through Special Memorandum No. 26-93 of July 1, 1993, OCAP recognized and affirmed the obligation of the agency heads of the Individual Administrations to temper the Retribution Plan to the Federal legislation applicable to the public service.

29. On June 3, 1994, the OCAP issued Memorandum No. 5-94, addressed to the Heads of the Individual Administrator Agencies of the Personnel System regarding: "Assignment of the classes of positions to the retribution scales effective at the commencement of every fiscal year updating the retribution structures to the Federal minimum salary. In what is pertinent it reads as follows:

> "The individual administrators that still continue using the plans that governed for the Central Administration must take note that since said sector of the Personnel System is not

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

14

operating it is not pertinent to make the assignment of the classes to the corresponding scales in said plans. To these we reiterate that it is imperative and urgent that they develop and implement these work instruments. (See Special Memorandum No. 26-93 and Special Memorandum No. 13-94 that we sent regarding this matter.)"

30.   Memorandum 5-94, supra, reads: "Updating the Retribution Structures

Clause 1 of Article 2 of the Uniform Retribution Act establishes that it is the obligation of the Individual Administrators to maintain current the retribution plans that they adopt for the career and trust services.  For this reason, the agencies that have approved and implemented their own classification and retribution plans that they have in effect respond to what is provided in Section 4.6 of the Uniform Retribution Regulation, particularly clauses (2), (3), (5), (6) and (8)".

31.   On the other hand Memorandum 5-94 states:

"Some agencies are not sending annually the corresponding copy to our office, which is indicative that they have not put into observation the aforementioned legal and regulatory rules".

32.   While the scale of retribution of the Family Department was maintained inoperative by the plaintiffs, OCAP continued the practice of authorizing the assignment of multiple classes to superior scales.

33.   In 1994, OCAP redacted two documents entitled:

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

15

A.    "Relationship of the class in the Career Service that have been impacted with the application of the Federal Minimum Wage".

B.    "Classes reassigned to the Superior Retribution Scale as of the first of April of 1986 up to the present".

34.    This being the case, in July 1996, the Family Department adopted a Classification and Retribution Plan. Paragraph III of the Plan provides:

"Description of the salary structure. The salary structure adopted consists of twenty three (23) salary scales. The number of scales necessary to cover the two hundred ten (210) classes of positions resulting from the classification study, was determined based on the group of classes of position taken in consideration to the levels of complexity or difficulty of the work, the magnitude of the responsibility and the degree of authority, elements which among others, constitute the demands of the positions assigned to each class of positions. There was also taken into consideration the difficulties of recruitment and retention that exist in some classes of positions".

"The base salary of the structure is Seven Hundred Eighty Dollars ($780.00) a month".

35.    When the Department practiced the corresponding assignment of the positions occupied by the plaintiffs to the scales of 1996, there was re-established the existing salary difference between the different categories of positions that had been inoperative since April 1986.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

16

36. In his message before the 5th Ordinary Session of the Twelfth Legislative Assembly of Puerto Rico, on January 24, 1995, the then Governor of Puerto Rico stated:

"The situation of the CWPR and the government of Puerto Rico had a frank economic recovery. There were instrumented two tax reforms, legislation was approved to substantially increase the salaries of the policemen, firefighters, nurses, custody officers, teachers and other groups of public employees."

37. On January 31, 1996, the El Nuevo Día newspaper published that at the closing of the current fiscal year there existed an excess in the cash box of 300 million.

38. On March 1, 1996, there was made effective an amendment to the Plan of Classification of Positions, as proposed by the Department and approved by OCAP, to assign several classes of positions to higher retribution scales, leaving in effect the Plan of 1996.

39. Through Special Memorandum #51-96 regarding: "New Federal Minimum Wage effective October 1, 1996 and September 1, 1997", the Director of OCAP notified:

"...that as of the first of October of 1996, the employees of the state government, independent of their status or category, are covered by the new Federal Minimum wage of $4.75 per hour". "As of the 1st of September of 1997 the Federal Minimum Wage will be $5.15 per hour".

40. In June 1997 and through Memorandum No. 8-97, OCAP amended the Guide of Classification of Functions and Scales of Payment of

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

17

the Regulation for the Irregular Personnel to conform it to the new minimum salary of $5.15 hr., effective September 1, 1997.

41. On March 20, 1998, the Department made effective its Third Assignment of Classes leaving unchanged the salary structure of the career service that it adopted in 1996. With the same, it maintained the referenced Retribution Plan inoperative, in view of the increase that occurred in the Minimum Salary.

42. On October 25, 1997, the Department made another review of the assignment of classes to superior scales and created new classes, and has maintained up to the present the Retribution Plan that it adopted in 1996, without changes except the reassignments and changes identified above.

### STIPULATED DOCUMENTARY EVIDENCE

EXHIBIT 1. Memorandum No. 8 - 85 of April 1, 1985 of the OCAP decision of the Supreme Court of the United States regarding the applicability of the Federal Fair Labor Standards Act. (2 folios).

EXHIBIT 2. Memorandum of April 18, 1985 of OCAP regarding the alternative of the salary structures to provide salary increases to the public employees under the Central Administration and complying with the federal minimum (3 folios + 4 attachments).

EXHIBIT 3. General Memorandum No. 7-85 of July 2, 1985, OCAP regarding the provisions of payment for ordinary extra hours worked provided by the Federal Fair Labor Standards Act and its application to the public employees (4 folios).

Certified to be a true and correct translation from its original. Aida Torres, U.S.C.C.I. Tel. 787-225-8218 aidatranslation@gmail.com

18

EXHIBIT 4.   No. 25-85 October 14, 1985 of the OCAP "Last Jurisprudence Related to Personnel Administration". (7 folios).

EXHIBIT 5.   Memorandum 5-86 of April 23, 1986 of OCAP "Applicability of the Federal Minimum Wage to the Public Employees". (2 folios + 2 attachments).

EXHIBIT 6.   Memorandum No. 12-86 of August 22, 1986 of OCAP "Amendment to the Payment Scales for Irregular Personnel". (8 folios).

EXHIBIT 7.   Memorandum of November 20, 1985 of OCAP signed by Guillermo Mojica to the Governor regarding the salary increases to the public employees. (3 folios).

EXHIBIT 8.   Memorandum No. 3-86 of June 20, 1986 of OCAP "Tenth Assignment of Classes of the Career Service of the Central Administration to the Salary Scales Established in Law 89". (2 folios + 37 attachments).

EXHIBIT 9.   Memorandum No. 4-86 of June 30, 1986 , "Eighth Assignment of Classes of the Trust Service to the Central Administration Regarding the Salary Scales Established". (2 folios + 8 attachments).

EXHIBIT 10. Special Normative Letter No. 2-28 of March 24, 1988 of OCAP "General Increase to the employees Pursuant to Law No. 1 of February 9, 1988". (6 folios + 2 attachments).

EXHIBIT 11. Memorandum No. 7-90 of April 3, 1990 of OCAP "Federal Minimum Salary" (3 folios + 5 attachments).

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

19

EXHIBIT 12. Letter of May 24, 1990 of Angel Linera Escalera as Acting
Director OCAP to Hon. Ramón García Santiago, Secretary of
the Treasury "Study Revision of Scales". (2 folios).

EXHIBIT 13. Special Normative Letter 1-90 of June 7, 1990 "General
Increase to the Public Employees pursuant to Law No. 7 of
May 7, 1989. (7 folios + 2 attachments).

EXHIBIT 14. Memorandum 2-90 of June 30, 1990 - OCAP "Fourteenth
Assignment of Class of the Career Service to the Central
Administration to the Salary Scales established in Law 89. (2
folios + 6 attachments).

EXHIBIT 15. Memorandum of OCAP No. 3-91 of July 22, 1991 Fifteenth
assignment of classes of the career service Central
Administration to the salary scales established in Law 89. (2
folios + 48 attachments).

EXHIBIT 16. Letter to the secretaries and agency heads:"Executive
Order" of September 5, 1991. (3 folios).

EXHIBIT 17. Special Memorandum No. 11-92 OCAP of April 1, 1992
"amendment to the 15[th] Assignment of Classes for the
Career Service of the Central Administration in effect as of
July 1, 1991.  (1 folio).

EXHIBIT 18. Special Memorandum OCAP No. 12-93 of March 24, 1993,
"Increase in the Federal Minimum Wage, Public Law No.
101-157 of November 17, 1989. (2 folios).

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

20

EXHIBIT 19. Special Memorandum No. 26-93 of July 1, 1993 of OCAP, regarding preparation of classification and retribution plans. Human Resources Regulation in the public service.

EXHIBIT 20. Message of Governor Rafael Hernández Colón of January 14, 1995. (4 folios).

EXHIBIT 21. Special Memorandum No. 13-94 of OCAP of April 15, 1994, "Contract of Private Consultants for the Work Instruments for the Human Resources Administration". (2 folios).

EXHIBIT 22. Memorandum No. 5-94 of June 3, 1994 of OCAP assignment of the classes of positions to the retribution scales effective at the beginning of each fiscal year; update. (4 folios).

EXHIBIT 23. Special Memorandum No. 17-94 of OCAP of June 3, 1994 "Federal Minimum Wage, increase effective April 1, 1994. (2 folios).

EXHIBIT 24. Front page of El Nuevo Día, message of Governor Pedro Rosselló "The Situation of the State" before the 5th Ordinary Session of the Tenth Legislative Assembly of January 31, 1996. (1 folio).

EXHIBIT 25. Newspaper article of El Nuevo Día regarding favorable scenario for the budget, "Cash surplus" (1 folio).

EXHIBIT 26. Preferential documents Classification Plan of Positions and Retribution of the Career Service effective March 1, 1996 and approved by OCAP April 11, 1996. (30 folios).

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

21

EXHIBIT 27. Letter of OCAP of March 19, 1997 to the Secretary of the Family Department. Approval of request for amendment to the classification plans of position and retribution of the career service of the Department. (2 folios + 9 attachments).

EXHIBIT 28. Special Memorandum of OCAP No. 51-96 of October 8, 1996 "New Federal Minimum Wage effective October 1, 1996 and September 10, 1997". (1 folio + 1 attachment).

EXHIBIT 29. OCAP Memorandum No. 8-96 of June 9, 1997 "Amendments to the Guide of Classification of Functions and the Payment Scales of the Regulation for the Employment of Irregular Personnel". (3 folios)

EXHIBIT 30. Letter of OCAP of November 20, 1997 to the Secretary of the Family Department regarding some amendments to the classification plan implemented by the agency effective March 1, 1996. (2 folios + 2 attachments).

EXHIBIT 31. Memorandum of March 20, 1998 of Luis Marcano, Director of Personnel and Human Resources "3rd Assignment of Classes and Salary Structures Career Service". (18 folios)

EXHIBIT 32. Memorandum of December 3, 1999 Family Department, "Extension of Retribution Scale" effective July 1, 1999. (1 folio).

Pursuant to the previous Stipulations of Fact and Documentary Evidence,

the Court formulates the following:

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

22

## **CONCLUSIONS OF LAW**

Through the adoption of the Uniform Retribution Act, Law No. 89 of July 12, 1979, 3 L.P.R.A. 760 et seq. (currently derogated by law No. 184 of August 3, 2004), there was established in Puerto Rico a system of retribution with the principal of equal pay for equal work. This system propitiated the uniformity, equity and justice in the establishment of the salaries of all of the employees of the public service, and pursues the application of mechanisms that tend to and facilitate the recruitment and retention of personnel through the concession of additional incentives. To achieve this objective, there was imposed the obligation to the agencies within the system, to adopt retribution plans pursuant to the regulation adopted by the Central Office of Personnel Administration (OCAP), to instrument this law to the general rules regarding retribution that it issues. Art. 2 of the derogated Law 89.

To comply with the objectives of Law 89, supra, in 1984 OCAP approved the Regulation of Uniform Retribution. The Regulation contained provisions applicable to the entire personnel system, which included the individual administrators (Art. 4 of the Regulation) and, some that apply exclusively to the agencies under the Central Administration (Art. 5 of the Regulation).

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

23

As to the administration of the salary scales, there were established in Art. 9 of the Uniform Retribution Act the standards related to the administration of salaries. Similarly, in Sec. 4.5(3) of the Uniform Retribution Regulation, there was imposed the obligation to OCAP and to each Individual Administrator to annually assign all of the classes of positions of the classification plans to the scales contained in the retribution plans that were in effect, for the career service as well as for those of trust, effective at the commencement of each fiscal year.

The OCAP (now Human Resources Office of the Commonwealth of Puerto Rico) (ORHELA in Spanish) and the Individual Administrators, are obligated to maintain up to date the retribution plans that they adopt for the career and trust services, in compliance with the standards relate to the administration and the maintenance of the retribution structures, as established in clauses 1 and 2 of Art. 2 of the Law of Uniform Retribution and in section 4.6, clauses (2), (3), (5) (6) and (8) of the Uniform Retribution Regulation.

In this case, the plaintiff alleges that the defendants did not comply with the duties that we have stated and that by doing so they violated the salary

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

24

scales of their positions, wherefore they do not receive a fair pay for the work performed.

As we previously stated, the parties stipulated that what was resolved in the case of Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia, KAC 1991-0665, since it involves identical controversies between the parties they were made extensive to the captioned case. In the alluded case the Court concluded the following:

Considering what is previously stated, we understand that the selection of the Family Department of the adjustment formula recommended by O.C.A.P. in General Memorandum 5-86, of April 23, 1986, is not in agreement with the provisions required by the Uniform Retribution Act, supra, when they did not maintain updated a system of progressive salary scales after implementing amendments made to the minimum salary. After an analysis of the formula recommended by O.C.A.P., it can be observed that its execution resulted in equitably remunerating its janitors, office clerks (I, II, II and IV), secretaries (I and II) and social institution

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

25

assistants, among others positions assigned within the first 11 scales of the retribution structure in effect at that time. As a result of the fact that the defendant makes assignments of positions at the beginning of each fiscal year, for the date of March 1996 the employees located up to the 19th scale had also been affected by the adjustment. In <u>Aulet Lebrón v. Depto. de Servicios Sociales</u>, supra, at page 24, the Supreme Court stated:

Needless to say, the normative letters that O.C.A.P. issues in the exercise of its quasi-legislative functions cannot be in conflict with the law or with the binding jurisdiction in the matter that it intends to regulate, since the power of regulation delegated to the agency does not empower it to substitute the legislative or judicial criteria stated in the current state of the law. <u>A.P.I.A.U., Inc. v. Srio. de Hacienda,</u> 100 D.P.R. 173 (1971); <u>Rosario Mercado v. San Juan Racing Assn.,</u> 94 D.PR. 634 (1967); <u>Rivera Maldonado v. Autoridad sobre Hogares,</u> 87 D.P.R. 453 (1963); <u>Ex parte Irizarry.</u> 66 D.P.R. 672 (1946).

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

26

To avoid this, the Uniform Retribution Act, supra, stipulates in its Art. 9, that "[e]ffective at the beginning of each federal year, the Director will assign all of the classes of positions to the scales contained in the Retribution Plan adopted by the Central Administration". 3 L.P.R.A. § 760h. Since it was not annually updated, the system of salary scales was left inoperative, which requires taking into consideration the complexity of the roles of the unskilled administrative, technicians, specialized and of supervision, to then remunerate in proportion to the same. With this the retribution system has resulted irrational, capricious or arbitrary for the plaintiffs. See, <u>Aulet Lebrón v. Depto de Servicios Sociales,</u> supra, at page 47. It should be pointed out that at the time of assigning a type of position to a specific retribution scale, the agencies will take into consideration factors such as years of service, academic preparation, experience or merit steps granted to the employee of said position. See, Uniform Retribution Regulation, supra, at § 4.6, clauses (2), (3), (5), (6) and (8). In addition to this, Sec. 4.4 of the Retribution Regulation provides that

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

27

the retribution plans that are adopted have to be in harmony with the public policy established in the Uniform Retribution Act, supra, in addition to requiring the application of uniform salary scales to those classes of position that are equivalent maintaining therefore a correlation between the relative value that is assigned to the classes in the respective classification plans and the monetary value that is assigned to the same through salary scales.

The Supreme Court of Puerto Rico has expressed that the minimum salary legislation and the Federal Fair Labor Standards Act, do not prevent the states from legislating to grant greater benefits. See, 20 U.C.S.A. § 218(3), (2006); Vega v. Yiyi Motors, 146 D.P.R. 373, 381-2 (1998); Olazagasti v. Easter Sugar Associates, 79 D.P.R. 93, 106-7 (1956). Therefore, the compliance with the minimum salary is only one of the requirements for the observance of the rules of labor, which in this case also required the updating and application of the retribution scales.

In view of the juridical law stated, we understand that the plaintiffs have a right to and we Grant the complaint approving the

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

28

salary scales marked in the Exhibits of the evidence stipulated. For purposes or resolving the differences that have arisen between the parties with regard to the manner in which the calculations of the salaries owed should be made determining the specific amounts of each employee, there will be held on September 26, 2006 a hearing where the pertinent expert and documentary evidence will be received.

The defendant will prepare and file with the Court, providing a copy to the legal representation of the plaintiffs, the payrolls necessary to make the payment to the plaintiffs. Said payrolls will include: (a) the names and social securities of the plaintiffs, (b) total owed to each plaintiff; (c) amount withheld for the retirement payment of each plaintiff and (d) the net amount corresponding to each plaintiff. The payment to the plaintiffs will be made during fiscal year 2006-7, wherefore the defendant must consign in its budget an item for the payment of the Judgment that is issued herein.

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

29

The parties, in compliance with the stipulation that they have reached, must heed the judicial determination of the case of Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia, supra, the dispositive part of which we have made form part of this Judgment.

As to the attorneys fees, in view of the fact that this matter at this time is pending resolution before the Supreme Court of Puerto Rico in the case of Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia, CC09-1074, where there is requested the revision of the Judgment of August 24, 2009 of the Court of Appeals which determined to revoke the concession of attorneys fees in the case, the parties will attend to what is provided by the Supreme Court.

**RECORD AND NOTIFY.**

In San Juan, Puerto Rico, September 16, 2010. Amended Nunc Pro Tunc today September 27, 2010.

s/Rebecca de León Ríos
**REBECCA DE LEON RIOS**
**SUPERIOR COURT JUDGE**

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

30

I CERTIFY:

    Atty. Rebecca Rivera Torres
       Regional Clerk
    By:   s/ illegible
       Deputy Clerk

Certified to be a true and
correct translation from its original.
Aida Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

**AMENDED JUDGMENT NUNC PRO TUNC**
**K PE 2006-0608**
**PAGE 16**

Certified to be a true and
correct translation from its original.
Aída Torres, U.S.C.C.I.
Tel. 787-225-8218
aidatranslation@gmail.com

## EXHIBIT

## LIST OF PLAINTIFFS

| | | | |
|---|---|---|---|
| 1. | ABREU VALENTÍN, CARMEN | 2. | ABRIL LEON, WANDA I. |
| 3. | ACEVEDO ACEVEDO, SANTOS | 4. | ACEVEDO MALDONADO, MINERVA |
| 5. | ACEVEDO OSORIO, ANA N. | 6. | ACEVEDO PAGAN, HECTOR |
| 7. | ACEVEDO ROSARIO, SONIA N. | 8. | ACOSTA RAMOS, MARIA TERESA |
| 9. | ADORNO NAVEDO, ZAIDA P. | 10. | AFANADOR ANDUJAR, ALICE DAISY |
| 11. | AGOSTO DE DIAZ, YADIRA | 12. | AGOSTO DE MALDONADO, LAURA |
| 13. | AGOSTO MALDONADO, NILDA A. | 14. | AGOSTO REYES, RAFAEL |
| 15. | AGOSTO SANTANA, CARMEN M. | 16. | AGRINSONI DELGADO, NORMA I. |
| 17. | AGUAYO ADORNO, ELSA M. | 18. | AGUAYO LOPEZ, MARILYN |
| 19. | AGUIAR QUIÑONEZ, EDITH I. | 20. | AGUILAR CAMERON, NOEMI |
| 21. | ALAGO COLON, GRISELLE | 22. | ALAMO GARCIA, WILLIAM |
| 3. | ALAMO, ANA E. | 24. | ALEMAN VELÁSQUEZ, ANASTACIA |
| 25. | ALGARIN ORTIZ, OLGA | 26. | ALICEA GARCIA, MIGDALIA |
| 27. | ALICEA MELENDEZ, DORA | 28. | ALICEA VÁZQUEZ, ELBA E. |
| 29. | ALMA ALMA, EFRAIN | 30. | ALVARADO IGLESIAS, CARMEN DEL R., |
| 31. | ALVARADO ORTEGA, IVETTE | 32. | ALVARADO RAMIREZ, RAFAEL |
| 33. | ALVAREZ ALVARADO, NEREIDA | 34. | ALVAREZ BERGANZO, CARMEN M. |
| 35. | ALVAREZ GARCIA, JOAN | 36. | ALVAREZ LUGO, DAMARIS |
| 37. | ALVAREZ MILLAN, LYDIA E. | 38. | AMARO ORTIZ, INES |
| 39. | ANDRADES DIAZ , AIDA L. | 40. | APONTE COLON, DAMARIS |
| 1. | ARCAY GARCIA, MARIA L. | 42. | ARCHILLA DIAZ, EYA |
| 43. | ARRIAGA DOMENECH, HECTOR L. | 44. | ARZUAGA ROSA, NATIVIDAD |
| 46. | ARZUAGA ROSA, PAULA | 46. | AULET LEBRON, ARIEL J. |
| 47. | AVILES HERNANDEZ, IRMA | 48. | AVILES MARIN, ELAINE J. |
| 49. | AVILES PEREZ, MARITZA | 50. | AVILES ROSADO, CARMEN D. |
| 51. | AYALA CARRASQUILLO, MYRNA | 52. | AYALA DE JESUS, NORMA I. |
| 53. | AYALA GARAY, LEONOR | 54. | AYALA RAMOS, LUIS ALFREDO |
| 55. | BADILLO MATOS, CARMEN A. | 56. | BAERGA COLLAZO, IRMA L. |
| 57. | BAERGA RIVERA, NORMA | 58. | BAEZ COTTO, MARIA M. |
| 59. | BAEZ MARRERO, PATRIA N. | 60. | BAEZ OCASIO, NITZA |
| 61. | BAEZ QUIÑONES, AIDA R. | 62. | BARBOSA MARTINEZ, MIRIAN L. |
| 63. | BARBOSA ROMAN , MYRIAM | 64. | BARRETO COSME, DAVID |
| 65. | BAYRON RIVERA, EDWIN C. | 66. | BELLO ROMAN, LUZ S. |
| 67. | BENITEZ RIVERA CYNTHIA | 68. | BENTINEZ ROBLEDO, WALLACE |
| 69. | BERMUDEZ CARRILLO, RUTH I. | 70. | BERRIOS GOMEZ, MARIA C. |
| 71. | BERRIOS NAZARIOS, OLGA | 72. | BETANCOURT ASENCIO, GLADYS |

SENTENCIA ENMENDA   NUNC PRO TUNC
K PE 2005-0608
PAGINA 17

| | | | |
|---|---|---|---|
| 73. | BETANCOURT RIVERA, GLENDA LIZ | 74. | BETANCOURT RODRÍGUEZ, ROSA E. |
| 75. | BIRRIEL URDAZ , NURI I. | 76. | BLANCO SOTO, MARIA A. |
| 77. | BONILLA CHISTIAN, ZAIDA | 78. | BORGOS DIAZ, MYRNA L. |
| 79. | BORGOS LEÓN LAURA | 80. | BORIA CLEMENTE, SAMUEL |
| 81. | BORIA GASTON, CARMEN R. | 82. | BOURDONY BAEZ, VICTOR M. |
| 83. | BRACERO RABASSA, RAFAEL | 84. | BRUNO RIVERA, GLADYS E. |
| 85. | BUNKER PEREZ, OSCAR | 86. | BURGOS MORALES, BRENDA LIZ |
| 87. | BURGOS RIVERA, JUAN JOSE | 88. | CABALLERO MAISONET, MYRNA |
| 89. | CABAN ACEVEDO, JULIA A. | 90. | CABAN ARROYO, HERIBERTO |
| 91. | CABEZA HERNANDEZ, ÁNGEL | 92. | CABEZUDO PEREZ, IVONNE |
| 93. | CABRERA TORRES, SIGNA MAGALY: | 94. | CALDERON CARRASQUILLO, CARMEN |
| 95. | CALDERON CRUZ, CARMEN B. | 96. | CALDERON CRUZ, ENRIQUE |
| 97. | CALDERON DAVILA, CARLOS | 98. | CALDERON ILARRAZA, CARMEN |
| 99. | CALO BIRRIEL, MILAGROS | 100. | CAMACHO GOMEZ, GLORIMY |
| 101. | CAMACHO PEREZ, JUDITH | 102. | CAMARERO COLON, JOSE L. |
| 103. | CANTRES APONTE, CARMEN S. | 104. | CARABALLO ORTIZ, LUIS A. |
| 105. | CARDONA MEDINA, WILSON | 106. | CARDONA SANTANA., GAMALIER |
| 107. | CARDONA SERRANO, ROSA I. | 108. | CARRASCO BAQUERO, MARIA L. |
| 109. | CARRASQUILLO DIAZ, YOLANDA | 110. | CARRASQUILLO MULERO, ROSITA |
| 111. | CARRASQUILLO PACHECO, LOYDA G. | 112. | CARRASQUILLO ROMAN , SONIA |
| 113. | CARRASQUILLO SANTIAGO, CARMEN R. | 114. | CARRERO LOPEZ, DAVID |
| 115. | CARRILLO FIGUEROA, ELIZABETH | 116. | CARRION CASTRO, MARGARITA I. |
| 117. | CARRION CEDEÑO, MARGARITA | 118. | CARRION SANTIESTEBAN, ARLENE |
| 119. | CARTAGENA MERCED, LUZ M. | 120. | CASTILLO ROMAN, SYLVIA |
| 121. | CASTRO CANALES, MIRTA | 122. | CASTRO CARRION, BLANCA I. |
| 123. | CASTRO LAGUERRA, ANA VEDA | 124. | CASTRO RODRÍGUEZ, ELIZABETH |
| 125. | CAY MORALES, MARIA | 126. | CEDEÑO ROMERO, EVELYN |
| 127. | CENTENO FONTANEZ, ROSA I. | 128. | CHEVERE FRAGUADA, ZORAIDA |
| 129. | CHEVERE IZQUIERDO, SANDRA | 130. | CINTRON DE BORRALI, LILLIAM |
| 131. | CINTRON DIAZ, ADELMA DEL C. | 132. | CINTRON MORALES, JOSE A. |
| 133. | CINTRON RODRÍGUEZ, ANGELITA | 134. | CINTRON SANTANA, JARVIS |
| 135. | CLAUDIO ROSADO, EDUARDO | 136. | COLLAZO GONZALEZ, CARMEN |
| 137. | COLON ARROYO, ANA A. | 138. | COLON DE OTERO, LETICIA |
| 139. | COLON DIAZ, RAFAEL | 140. | COLON ORTEGA, CARMEN |
| 141. | COLON RAMOS, RAMON L. | 142. | COLON RIVERA, ANA M. |
| 143. | COLON ROSARIO, MARGARITA | 144. | COLON SANTOS, KARITZA |
| 145. | COLON TORRES, NEYSHA M. | 146. | CONCEPCION LAGUER, MARGARITA |
| 147. | CONCEPCION QUIÑONES, JOSEFINA | 148. | CONCEPCION RODRIGUEZ, MARIA DE |
| 149. | CORDERO AVILA, ÁNGEL G. | 150. | CORDERO FERNANDEZ, MARIA J. |

SENTENCIA ENMEND/ NUNC PRO TUNC
K PE 2005-0608
PAGINA 18

| | |
|---|---|
| 151. CORDERO PARRILLA, MYRIAM E. | 152. CORREA VILLEGAS, MILAGROS |
| 153. CORTES GARCIA, NELIDA | 154. CORTES RIVERA, CARMEN A. |
| 155. CORUJO CASTRO, CARMEN | 156. COSME ESTRELLA, ELBA N. |
| 157. COSME FIGUEROA, ZORAIDA | 158. COSME ROQUE, BETZAIDA |
| 159. COTTO DE ALVAREZ, WANDA I. | 160. COUVERTIER CRUZ, SANDRA |
| 161. CRESPO CORDERO, ANA E. | 162. CRESPO MALDONADO, ELIZABETH |
| 163. CRISPIN DE JESUS, EVA | 164. CRUZ ACEVEDO, ANA L. |
| 165. CRUZ BARRETO, MIRIAM | 166. CRUZ CASTRO, NORMA |
| 167. CRUZ CONCEPCION, MARIO | 168. CRUZ CRUZ, JUAN |
| 169. CRUZ GONZALEZ, CARMEN | 170. CRUZ GONZALEZ, HILDA C. |
| 171. CRUZ GONZALEZ, TERESITA | 172. CRUZ MARCANO, JUDITH A. |
| 173. CRUZ MATOS, MARIA | 174. CRUZ MELENDEZ, MARIA E. |
| 175. CRUZ RIVERA, MARIA | 176. CRUZ RODRIGUEZ, ROSA |
| 177. CRUZ SERRANO, CARMEN M. | 178. CRUZ SERRANO, MARY BELL |
| 179. CRUZ TOSADO, NANCY | 180. CRUZ WALKER, MARIA A. |
| 81. CRUZADO LEWIS, JESUS M. | 182. CUEVAS GONZALEZ, ROBERT |
| 183. CURET MARCANO, MARIA S. | 184. CHICO AVILEZ, LYDIA |
| 185. DAVILA ALVAREZ, NILDA L. | 186. DAVILA GARCIA, SAUL |
| 187. DAVIS AYALA, EVANGELINA | 188. VIZCARRONDO DE BORIA, NITZA G. |
| 189. DE JESUS FLORES, IRAIDA | 190. DE JESUS FLORES, ONEIDA |
| 191. DE JESUS GONZALEZ, SONIA M. | 192. DE JESUS ORTIZ, AMARILLIS |
| 193. DE LA MATTA MARTINEZ, MELLY | 194. DE LEON OTAÑO, NORMA |
| 195. DELGADO DE RODRIGUEZ, YOLANDA | 196. DELGADO MORALES, ROSA M. |
| 197. DEL VALLE RIVERA, AIDA | 198. DIAZ ROSADO, CARMEN D. |
| 99. DIAZ COLLAZO, MIRZA | 200. DIAZ DAVILA, SARA |
| 201. DIAZ DENIS, SARAHI | 202. DIAZ FORTIS, OSCAR G. |
| 203. DIAZ RAMOS, JOSE G. | 204. DOMINGUEZ DE PEREZ, NELLY |
| 205. ECHEVARRIA GONZALEZ, JOSE | 206. ECHEVARRIA LAUREANO, ELIZABETH |
| 207. ELICIER GOMEZ, MIRIAM | 208. EMMANUELLI SANTIAGO, LAURA E. |
| 209. ESCOBAR BARRETO, CARMEN | 210. ESQUILIN ORTIZ, ELBA A. |
| 211. ESTEVES MASSO, JUAN A. | 212. ESTEVEZ ALVAREZ, CARMEN H. |
| 213. ESTRADA DE PEREZ, HILDA M. | 214. FALU FEBLES, LUIS |
| 215. FALU FEBRES, OLGA IRIS | 216. FARIA ASTOR, IRMA |
| 217. FEBO COLON, LAURA E. | 218. FELICIANO AUGUSTO, CARMEN L. |
| 219. FELICIANO PRATS, ILEANA ESTHER | 220. FELIX CORREA, MILDRED |
| 221. FELIX GARCIA, LAURA T. | 222. FERNANDEZ GOMEZ, MARIA E. |
| 223. FERNANDEZ HERNANDEZ, ISIDRO | 224. FERNANDEZ OTERO, NILSA |
| 225. FERNANDEZ PEREZ, ANA E. | 226. FERNANDEZ RIVERA, RUTH |
| 227. FIGUEROA ALAMEDA, EMMA D. | 228. FIGUEROA AYALA, JOSE A. |

SENTENCIA ENMENDA    NUNC PRO TUNC
K PE 2005-0608
PAGINA 19

| | |
|---|---|
| 229. FIGUEROA CRUZ, IRIS M. | 230. FIGUEROA GONZALEZ, ELIZABETH |
| 231. FIGUEROA GONZALEZ, FLORENTINO | 232. FIGUEROA PEREZ, AGUSTIN |
| 233. FIGUEROA RAMOS, LOYDA: | 234. FIGUEROA RODRÍGUEZ, ANA M. |
| 235. FIGUEROA ROSARIO, ANA L. | 236. FIGUEROA SANTANA, JOSE C. |
| 237. FIGUEROA TORRES, ROBERTO | 238. FINES RIVERA, SAUL |
| 239. FLORES GARCIA, FRANCISCO | 240. FONTANET ALGARIN, AIDA |
| 241. FONTANEZ RIVERA, CARMEN S. | 242. FORTY CARRASQUILLO, HEIDY |
| 243. FRANCO LOPEZ, ELBA M. | 244. FREYTES OJEDA, OLGA I. |
| 245. FUENTES BENITEZ, ANA M. | 246. FUENTES CRUZ, INES |
| 247. FUENTES MENDEZ, EDGARDO L. | 248. FUENTES SANTIAGO, MARIA DE LOS A |
| 249. FUENTES VAZQUEZ, MELITZA | 250. GARCES CASTILLO, EVA M. |
| 251. GARCIA CANALES, CELIA | 252. GARCIA DIAZ, ANA |
| 253. GARCIA GARCIA, GLADYS E. | 254. GARCIA MELENDEZ, GRISSEL M. |
| 255. GARCIA MORALES, CINDY M. | 256. GARCIA ORTIZ, CARMEN V. |
| 257. GARCIA PUMAREJO, ORLANDO | 258. GARCIA REYES, SANTOS J. |
| 59. GARCIA RIVERA, GABRIEL | 260. GARCIA ROMERO, CARMEN I. |
| 261. GARCIA RULLAN, LETICIA | 262. GARCIA VICENS, MARIA A.C. |
| 263. GASCOT SAEZ, MARIA B. | 264. GINES RIVERA, SONIA CRISTINA |
| 265. GOMEZ CRUZ, RAFAEL | 266. GOMEZ CHACON, GLORIA I. |
| 267. GOMEZ HUERTAS, EVELYN | 268. GOMEZ MALDONADO, MARIA MINERV |
| 269. GOMEZ OCASIO, CARMEN E. | 270. GOMEZ RIOS, LINDA VIRGINIA |
| 271. GOMEZ TORRES, DOLORES | 272. GOMEZ VAZQUEZ, LYDIA E. |
| 273. GONZALEZ BENITEZ, ROSA M. | 274. GONZALEZ COLLAZO, MARILU |
| 275. GONZALEZ DE LEON, IVETTE | 276. GONZALEZ DIAZ, RUTH Z. |
| 77. GONZALEZ ENCARNACION, LUZ D. | 278. GONZALEZ FLORES, FELICITA |
| 279. GONZALEZ GONZALEZ, NOELIA | 280. GONZALEZ GONZALEZ, ROSA M. |
| 281. GONZALEZ LARRAURY, GLADYS E. | 282. GONZALEZ LUNA, LUIS A. |
| 283. GONZALEZ MORALES, IRMA I. | 284. GONZALEZ NIEVES, MAYRA |
| 285. GONZALEZ ORTIZ, CARLOS | 286. GONZALEZ OYOLA, CARMEN M. |
| 287. GONZÁLEZ RIOS, RAMÓN | 288. GONZALEZ RIVERA, RAMON A. |
| 289. GONZALEZ ROSA, MIGDALIA | 290. GONZALEZ VARGAS, CANDIDA: |
| 291. GONZALEZ VAZQUEZ, CARMEN L. | 292. GONZALEZ VAZQUEZ, LUCY E. |
| 293. GRAULAU REYMUNDI, JOSE J. | 294. GUTIEREZ GARCIA, LUZ EVELYN |
| 295. GUTIERREZ RIVERA, CARMEN V. | 296. GUTIERREZ TORRES, LUZ M. |
| 297. GUZMAN GONZALEZ, LILLIAM | 298. GUZMAN MOLINA, MARCELA |
| 299. HENRRICY SANTIAGO, MARGARITA | 300. HERNANDEZ CASTRO, MARIA B. |
| 301. HERNANDEZ CEDEÑO, MARIA M. | 302. HERNANDEZ DAVILA, LUZ N. |
| 303. HERNANDEZ DE JESUS , RAMONA | 304. HERNANDEZ HERNANDEZ, ANTONIC |
| 305. HERNANDEZ HERNANDEZ, GLENDA I. | 306. HERNANDEZ LOPEZ, ALVIN |

SENTENCIA ENMENDA   IUNC PRO TUNC
K PE 2005-0608
PAGINA 20

| | |
|---|---|
| 307. HERNANDEZ MENDOZA, ZORAIDA | 308. HERNANDEZ MORALES, ARMANDO |
| 309. HERNANDEZ ORTIZ, ELBA N. | 310. HERNANDEZ RAMIREZ, CARMEN DEL S. |
| 311. HERNANDEZ RIOS, MYRIAM | 312. HERNANDEZ RIVERA, MARIA I |
| 313. HERNANDEZ RIVERA, RAMON | 314. HERNANDEZ RODRIGUEZ, UBALDO |
| 315. HERNANDEZ SOTO, GILMA M. | 316. HERNANDEZ TORRES, ROSA T. |
| 317. HERNANDEZ VALLEJO, ADOLFO | 318. HERNANDEZ VAZQUEZ, MIGDALIA |
| 319. IRIZARRY FRASQUERI, WILFREDO | 320. JIMENEZ OLIVIERI, ALINA |
| 321. JIMENEZ PIMENTEL, IVIS I. | 322. JOUBERT TANCO, AWILDA |
| 323. LACEN REMIGIO, JULIA A. | 324. LANDRAU RIVERA, ZULMA |
| 325. LASALLE CONCEPCION, MARIA S. | 326. LEBRON DELGADO, ELSA |
| 327. LEBRON LEBRON, MARY | 328. LEON DAVILA, CARMEN ANA |
| 329. LOPEZ BURGOS, MARILYN J. | 330. LOPEZ CAMACHO, EVELYN |
| 331. LOPEZ CORDERO, ZULMA A. | 332. LOPEZ ESCALERA, NATASCHA |
| 333. LOPEZ FLORES, IVAN | 334. LOPEZ LUGO, ISABEL MARGARET |
| 335. LOPEZ QUILES, ILEANA | 336. LOPEZ RAMOS, MARIA J. |
| 337. LOPEZ RAMOS, ZULMA | 338. LOPEZ RODRIGUEZ, SANDRA I. |
| 339. LOPEZ SANTOS, MARIA DE LOS A. | 340. LOPEZ VAZQUEZ, MARITZA |
| 341. LORENZANA ACOSTA, LYDIA | 342. LORENZO DE EFRERE, ROSA J. |
| 343. LOZADA AQUINO, SANTA A. | 344. LOZADA DE HERNANDEZ, MARIA I. |
| 345. LOZADA ORTIZ, RAUL | 346. LOZADA RODRÍGUEZ, MARGARITA |
| 347. LUGO MALDONADO, NORMA I. | 348. LUGO PEREZ, VIVIAN |
| 349. LLANOS CARRION, LUIS M. | 350. LLANOS SANCHEZ, CARMEN L. |
| 351. MACHADO DE LA ROSA, ANA L. | 352. MAISONET LOPEZ, ALEJANDRO |
| 353. MALAVE CARDENALES, JOSE M. | 354. MALDONADO COLON, MARGARITA |
| 355. MALDONADO MEDINA, BLANCA E. | 356. MALDONADO REYES, YOLANDA |
| 357. MALDONADO RIVERA, YOLANDA | 358. MANGUAL RAMIREZ, ELIZABETH |
| 359. MANSO CEPEDA, JUANA E. | 360. MANZANO MELENDEZ, MINERVA |
| 361. MARCANO CUADRADO, MYRIAM | 362. MARCANO FIGUEROA, WILLIAM |
| 363. MARINA RIVERA, ORLANDO | 364. MARRERO COLON, AILSABEL |
| 365. MARRERO MUNICH, NOELIA | 366. MARRERO REYES, ESTEBAN |
| 367. MARTINEZ CORDERO, CARMEN | 368. MARTINEZ CRUZ, RIGOBERTO |
| 369. MARTINEZ DIAZ, MARIA C. | 370. MARTINEZ MARTINEZ, ARACELIS |
| 371. MARTINEZ MERCED, CARMEN SONIA | 372. MARTINEZ NUÑEZ, CARMEN L. |
| 373. MARTINEZ ROSARIO, SANTOS A. | 374. MARTINEZ SANCHEZ, ANA IVETTE |
| 375. MARTINEZ UMPIERRE, MARIA DEL C. | 376. MARTINEZ VAZQUEZ, PEDRO |
| 377. MARTINEZ VELÁZQUEZ, CARLOS | 378. MATANZO PEREZ, MARIA R. |
| 379. MATIAS MATIAS, ROSA D. | 380. MATIAS NIEVES, LAURA E. |
| 381. MATOS CRUZ, ADELAIDA | 382. MATOS CRUZ, YOLANDA |
| 383. MATOS ORTIZ, SONIA E. | 384. MATOS SANCHEZ, MARIA E. |

K PE 2005-0608
PAGINA 21

| | |
|---|---|
| 385. MAYMI FERNANDEZ, GRICEL | 386. MAYSONET RUIZ, ANA M. |
| 387. MEDINA ALVAREZ, LILLIAM | 388. MEDINA CARDONA, AIDA L. |
| 389. MEDINA DE REYES, NITZA | 390. MEDINA MALDONADO, MIGUEL A. |
| 391. MEDINA ROSA, CAROL E. | 392. MEJIAS ACOSTA, DAISY |
| 393. MELENDEZ COSS, SHEILA | 394. MELENDEZ QUIÑONEZ, MYRNA T. |
| 395. MENDEZ ORSINI, LUCIA | 396. MERCADO ACEVEDO, IVAN A. |
| 397. MERCADO BURGOS, GUILLERMO | 398. MERCADO DE JESUS, CARMEN |
| 399. MERCADO FIGUEROA, SONIA LUZ | 400. MERCADO MARTINEZ, EVELYN |
| 401. MERCADO RIVERA, JUAN R. | 402. MERCED DIAZ, ANA M. |
| 403. MOJICA RIVERA, MARIA A. | 404. MONTALVO LAGUNA, YOLANDA |
| 405. MONTALVO REYES, MARIA T. | 406. MONTAÑEZ BARBOSA, LETICIA |
| 407. MONTAÑEZ FIGUEROA, ISAURA | 408. MONTAÑEZ PARRILLA, YOLANDA |
| 409. MONTERO PAGAN, IRIS M. | 410. MONTERO RODRIGUEZ, MARIA |
| 411. MONTILLA NIEVES, ANABEL | 412. MORALES BIGAS, RAFAEL |
| 413. MORALES DE JESUS, ZORAIDA | 414. MORALES GARCIA, EFRAIN |
| 15. MORALES LOPEZ, DELIA R. | 416. MORALES MARTINEZ, NITZA |
| 417. MORALES MONT, MARISOL | 418. MORALES PABON, CARMEN M. |
| 419. MORALES PABON, SOCORRO NOELIA | 420. MORALES RODRIGUEZ, SANDRA |
| 421. MORALES RODRIGUEZ, WILMA | 422. MORALES ROLON, CARMEN |
| 423. MORALES ROLON NORMA IRIS | 424. MORALES SANTIAGO, VIVIAN |
| 425. MORALES VALLES, MARISOL | 426. MORAN ROSARIO, OLGA LUCY |
| 427. MORENO RODRIGUEZ, WANDA I | 428. MUNDO RODRIGUEZ, FAUSTO |
| 429. MUÑIZ RODRIGUEZ, GLORIA H. | 430. MUÑIZ SANTIAGO, SANDRA M. |
| 431. MUÑOZ COLON, CARMEN N. | 432. MUÑOZ NUÑEZ, JOSEFA |
| 33. MURIEL LICIAGA, LYDIA M. | 434. NAVARRETE ORTIZ, PRISCILLA |
| 435. NAVEDO OTERO, NANCY | 436. NEGRON COLLAZO, JOSELINE |
| 437. NEGRON DE JESUS, JOSE R. | 438. NEGRON LOPEZ, HILDA |
| 439. NEGRON MALDONADO, RAYMOND | 440. NIEVES APONTE, GEORGINA |
| 441. NIEVES DE VELEZ, ESTRELLA | 442. NIEVES GARCIA, ZORAIDA |
| 443. NIEVES PEREZ, VICTOR M. | 444. NIEVES SANTIAGO, MERCEDES |
| 445. NIEVES TORRES, MARITZA | 446. NIEVES VARGAS, MILTON |
| 447. NIEVES VELEZ, CARMEN LUZ | 448. NORIEGA MARIANI, HILDA |
| 449. NORMANDIA DE RODRIGUEZ, MYRNA | 450. NUÑEZ CARDONA, JUANITA |
| 451. NUÑEZ LOPEZ, MYRNA | 452. NUÑEZ NUÑEZ, JEANNETTE |
| 453. OCASIO CUEVAS, CARMEN | 454. OCASIO CUEVAS, YOLANDA |
| 455. OCASIO REPOLLET, JOSE B. | 456. OJEDA DE ALGARIN, NAYDA |
| 457. OQUENDO MARTINEZ, ALFREDO | 458. ORTA FALU, CARMEN DELIA |
| 459. ORTEGA MARRERO, OLGA E. | 460. ORTEGA PEREZ, LUZ D. |
| 461. ORTIZ BAEZ, RAMONITA | 462. ORTIZ BETANCOURT, RUTH |

SENTENCIA ENMENDA.    *IUNC PRO TUNC*
K PE 2005-0608
PAGINA 22

| | |
|---|---|
| 463. ORTIZ CASTRO, MAGALY | 464. ORTIZ DIAZ, MAGDA |
| 465. ORTIZ FANTAUZZI, EVANGELINA | 466. ORTIZ MARTINEZ, CARMEN |
| 467. ORTIZ PANIAGUA, EVELYN | 468. ORTIZ PANIZO, JERRY |
| 469. ORTIZ RODRÍGUEZ, CASILDA | 470. ORTIZ RODRIGUEZ, GLORIA |
| 471. ORTIZ TORRES, ELISA | 472. ORTIZ VELEZ, BRENDA |
| 473. OSORIO MEDINA, CARMEN E. | 474. OTERO APONTE, JOSE E. |
| 475. OTERO COLON, CARMEN | 476. OTERO COLON, DAPHNE |
| 477. OYOLA ROSA, AGUSTIN | 478. Pabón Morales, José A. |
| 479. PABON OTERO, SIXTO | 480. PABON POMALES, JOSE |
| 481. PADILLA MERCADO, ADA SELLY | 482. PAGAN ACEVEDO, ROSA |
| 483. PAGAN ALFARO, TEODOSIA | 484. PAGAN GUZMAN, LUZ E. |
| 485. PAGAN LOPEZ, JOSE A. | 486. PAGAN PEREZ, ERMELINDA |
| 487. PAGAN RIOS, GLORIA INES | 488. PAGAN RIVERA, RAMON L. |
| 489. PAGAN RODRÍGUEZ, MARISOL | 490. PAGAN SANTIAGO, DORIS |
| 491. PAGAN VEGA, MARIA I. | 492. PARRILLA TORRES, FREDDY |
| .93. PASTOR FLORES, ARTURO E. | 494. PEDRAZA RIVERA, ROSARIO |
| 495. PEGUERO MENDOZA, LUIS A. | 496. PEÑA PEÑA, DANIA E. |
| 497. PEÑA PIZARRO, LUISA | 498. PEREZ FIGUEROA, ALMA E. |
| 499. PEREZ MARRERO, JESUS R. | 500. PEREZ MARTÍNEZ, MARITZA |
| 501. PEREZ NIEVES, LUZ A. | 502. PEREZ QUIÑONEZ, LUZ M. |
| 503. PEREZ RIVERA, ANA E. | 504. PEREZ RIVERA, MARIA E. |
| 505. PEREZ RIVERA, MARIA V. | 506. PEREZ RIVERA, SANDRA |
| 507. PEREZ RODRIGUEZ, RAQUEL | 508. PEREZ SANTANA, MARIA J. |
| 509. PEREZ TORRES, GLORIA M. | 510. PÉREZ TORRES, LUZ N. |
| .11. PINO OLIVERO, MARGARITA | 512. PIZARRO FANTAUZZI, WANDA I. |
| 513. PIZARRO QUIÑONES, YOLANDA | 514. PIZARRO VELÁSQUEZ, AIDA |
| 515. PRADOS DE LAUREANO, ROSA ALBA | 516. QUINTANA VELAZQUEZ, FELICITA |
| 517. QUIÑONES DE ORTIZ, JUDITH | 518. QUIÑONES GALARZA, ANGELA |
| 519. QUIÑONES RIVERA, LOURDES S. | 520. QUIÑONEZ ALBARRAN, MIGDALIA |
| 521. QUIÑONEZ GUZMAN, JULIA H. | 522. QUIÑÓNEZ PAGAN, ROBERTO |
| 523. QUIRINDONGO RUIZ, MATILDE | 524. RAMIREZ ALFONSO, ANA R. |
| 525. RAMIREZ BENITEZ, ALEXANDER | 526. RAMOS CASELLA, MARIA DEL C. |
| 527. RAMOS DELGADO, EUFEMIA | 528. ROMAN HERNANDEZ, MARIA |
| 529. RAMOS MERCADO GERARDO | 530. RAMOS PADILLA, ISABEL L. |
| 531. RAMOS PAZ, MILDRED | 532. RAMOS RIOS, CARMEN |
| 533. RAMOS SOTO, IRMA I. | 534. RAMOS ZAYAS, FRANCISCO |
| 535. RENTA GUTIERREZ, ROSA E. | 536. REYES ARENAS, OLGA M. |
| 537. REYES ORTIZ, LOYDA | 538. REYES RODRÍGUEZ, OSVALDO |
| 539. REYES TORRES, GINGER | 540. RIOS CALZADA, WANDA I. |

SENTENCIA ENMEND/    NUNC PRO TUNC
K PE 2005-0608
PAGINA 23

| | |
|---|---|
| 541. RIOS CORIANO, MARIA J. | 542. RIOS DIAZ, RAMONITA |
| 543. RIOS FORTY, LUIS A. | 544. RIOS JIMENEZ, IVAN |
| 545. RIOS LOPEZ, HILDA | 546. RIOS MELENDEZ, HAYDEE |
| 547. RIOS TORRES, CRUZ M. | 548. RIVERA ARROYO, BEXAIDA |
| 549. RIVERA AYALA, MARIA I. | 550. RIVERA BURGOS, ARACELIS |
| 551. RIVERA CASILLAS, ELIAS | 552. RIVERA CASTILLO, OLGA I. |
| 553. RIVERA CORTES, NELLY | 554. RIVERA COTTE, ADALGESA |
| 555. RIVERA CRUZ, IRIS ELSA | 556. RIVERA CRUZ, JESUS MILAGRO |
| 557. RIVERA CRUZ, MAGALY | 558. RIVERA CHEVERES, BRISEIDA |
| 559. RIVERA CHEVERES, CARMEN S. | 560. RIVERA DE LEON, HENRIETTA M. |
| 561. RIVERA DOMÍNGUEZ, ELIZABETH | 562. RIVERA GARCIA, MYRNA |
| 563. RIVERA GONZALEZ, MARIA I. | 564. RIVERA GONZALEZ, MARTA |
| 565. RIVERA JIMENEZ, BENJAMIN | 566. RIVERA LASANTA, MARIA A. |
| 567. RIVERA MANSO, DIALMA L. | 568. RIVERA MARQUEZ, LETICIA |
| 569. RIVERA MARRERO, GLADYVEL | 570. RIVERA MARTINEZ, BETHZAIDA |
| 571. RIVERA MATOS, MARIA M. | 572. RIVERA MATOS, MOISÉS |
| 573. RIVERA MEDINA, GILBERTO | 574. RIVERA MOLINA, DAMARY |
| 575. RIVERA MUÑIZ, GLORIA | 576. RIVERA ORTIZ, VICTOR E. |
| 577. RIVERA OTERO, CARMEN M. | 578. RIVERA OYOLA, MARIA A. |
| 579. RIVERA PAGAN, LAURA | 580. RIVERA PEREZ, MARIA TERESA |
| 581. RIVERA QUIÑÓNEZ, EDUARDO | 582. RIVERA RAMOS, EVELIA R. |
| 583. RIVERA RIOLLANO, SYLVIA E. | 584. RIVERA RIVERA, ANA R. |
| 585. RIVERA RIVERA, FLORINDA | 586. RIVERA RIVERA, GLADYS |
| 587. RIVERA RIVERA, YOLANDA | 588. RIVERA ROBLES, ANTONIA |
| 89. RIVERA RODRIGUEZ, CARMELO | 590. RIVERA RODRIGUEZ, NAYDA L. |
| 591. RIVERA SALABARRIA, CARMEN DEL L. | 592. RIVERA SANCHEZ, MILAGROS |
| 593. RIVERA SANTANA, BETTY | 594. RIVERA SANTIAGO, MARIA |
| 595. RIVERA SANTOS, MARIA D. | 596. RIVERA SELLES, AURORA |
| 597. RIVERA TORRES, DIANA | 598. RIVERA VAZQUEZ, JOSE L. |
| 599. RIVERA VAZQUEZ, MARIBEL | 600. RIVERA VAZQUEZ, ROSA M. |
| 601. RIVERA VEGA, WILLIAM | 602. RIVERA VELEZ, HECTOR D. |
| 603. RIVERA VIERA, ELIZABETH | 604. ROBLES CARRION, MINERVA |
| 605. ROBLES FEBUS, AIDA L. | 606. ROBLES TORRES, LYDIA E. |
| 607. ROCHE MALDONADO, RAFAEL | 608. RODRIGUEZ BALAGUER, LOURDES |
| 609. RODRIGUEZ CARRASQUILLO, MARIA S. | 610. RODRIGUEZ CRUZ, MARIA E. |
| 611. RODRIGUEZ DAVILA, ALICIA E. | 612. RODRÍGUEZ DE FLORES, ANGELA |
| 613. RODRIGUEZ DE JESUS, ESTHER | 614. RODRIGUEZ DE VAZQUEZ, ANA H. |
| 615. RODRIGUEZ DIAZ, JORGE | 616. RODRIGUEZ FIGUEROA, CARMEN S. |
| 617. RODRIGUEZ FIGUEROA, JOSE L. | 618. RODRIGUEZ FIGUEROA, NILDA E. |

SENTENCIA ENMEND/ \NUNC PRO TUNC
K PE 2005-0608
PAGINA 24

| | |
|---|---|
| 619. RODRÍGUEZ JAURIDES, HAYDEE | 620. RODRIGUEZ LOPEZ, RAQUEL |
| 621. RODRIGUEZ LOZADA, IRMA | 622. RODRIGUEZ MATOS, WILLIAM G. |
| 623. RODRIGUEZ ORTIZ, ROSA E. | 624. RODRIGUEZ QUIÑONES, LUZ |
| 625. RODRIGUEZ VALENTIN, JUDITH | 626. RODRIGUEZ RIVERA, JOSE M. |
| 627. RODRÍGUEZ RIVERA, MARIA E. | 628. RODRÍGUEZ RIVERA, NOEMÍ |
| 629. RODRÍGUEZ RIVERA, NORMA I. | 630. RODRÍGUEZ RODRÍGUEZ, MARIA I. |
| 631. RODRÍGUEZ RODRÍGUEZ, OLGA M. | 632. RODRÍGUEZ SANFELIZ, ERNESTO |
| 633. RODRÍGUEZ SANTIAGO, DANIEL | 634. RODRIGUEZ SERRANO, YOLANDA |
| 635. RODRÍGUEZ SUAREZ, MARILIN | 636. RODRÍGUEZ VALENTIN, EVELYN |
| 637. RODRÍGUEZ VILA, ADA C. | 638. ROHENA BARRETO, JOSE |
| 639. ROHENA RIVERA JULIA | 640. ROLON MARRERO, GLORIA E. |
| 641. ROMAN DIAZ, CARMEN M.: | 642. ROMAN MEDINA, ROSA M. |
| 643. ROMAN RODRÍGUEZ, LUZ M. | 644. ROMAN SANTIAGO, NEFTALI |
| 645. ROMERO CRUZ, MARILYN | 646. ROMERO RAMOS, CARMEN N. |
| 647. ROMERO ROBLES, LYDIA | 648. ROMERO ROMERO, MAGDALENA |
| 549. ROSA AQUINO, MARIO R. | 650. ROSA CORREA, MARIA DEL C. |
| 651. ROSA FIGUEROA, MARIA DE LOS A. | 652. ROSA PEREZ, MARGARITA |
| 653. ROSADO BESTARD, IRIS | 654. ROSADO ROSADO, HILDA |
| 655. ROSADO TORRES, MARIA M. | 656. ROSADO VELEZ, MARIA A. |
| 657. ROSARIO CARRASQUILLO SARA M. | 658. ROSARIO CLAUDIO, ZAYRA I. |
| 659. ROSARIO LOPEZ, HILDA L. | 660. ROSARIO ROJAS, IRIS N. |
| 661. ROSARIO ROSARIO SONIA L. | 662. ROSARIO SANCHEZ, PEDRO A. |
| 663. ROVIRA NAVARRO, MARIA DE LOS A. | 664. RUBIO NATER, MARICARMEN |
| 665. RUEDA ARENAS, IVETTE | 666. RUIZ AVILES, MILAGROS |
| 567. RUIZ GONZALEZ, IDALINA | 668. RUIZ MORAN, MARIA DE LOS A. |
| 669. RUIZ SALAS, ANGELA | 670. SALGADO DURAN, LYDIA E. |
| 671. SALGADO GUZMAN, ELIZABETH | 672. SANCHEZ CABEZUDO, CARMEN A. |
| 673. SANCHEZ CARDONA, ELSA | 674. SANCHEZ GELY, LILLIAM L. |
| 675. SANCHEZ GONZALEZ, MARIA V. | 676. SANCHEZ LOPEZ, IRIS B. |
| 677. SANCHEZ MUÑOZ, VERONICA | 678. SANCHEZ NIEVES, ELIZABETH |
| 679. SANCHEZ SANCHEZ, MARIA NELLY | 680. SANCHEZ DIAZ, HILDA G. |
| 681. SANCHEZ SERRANO, MIGUEL A. | 682. SANTANA CRUZ, SYLVIA |
| 683. SANTANA FELICIANO, IRIS E. | 684. SANTANA GARCIA, JUANA |
| 685. SANTIAGO CARABALLO, CARMEN M. | 686. SANTIAGO DIAZ, EVELYN |
| 687. SANTIAGO GOMEZ, JOSEFINA | 688. SANTIAGO GUZMAN, CLARIBEL |
| 689. SANTIAGO LOZADA, ANA D. | 690. SANTIAGO MALDONADO MARI I. |
| 691. SANTIAGO MARTINEZ, LUIS H. | 692. SANTIAGO MEDINA, MARIA DE LOS A. |
| 693. SANTIAGO OJEDA, LINA E. | 694. SANTIAGO PEREZ, MARGARITA |
| 695. SANTIAGO PIÑEIRO, JAIME M. | 696. SANTIAGO QUIÑONES, HILDA E. |

SENTENCIA ENMENDA   NUNC PRO TUNC
K PE 2005-0608
PAGINA 25

| | |
|---|---|
| 697. SANTOS AMADOR, JULIA | 698. SANTOS AYALA, SAMUEL |
| 699. SANTOS DE RUSSE, ROSA E. | 700. SANTOS ORTIZ, GISELA |
| 701. SANTOS PACHECO, MIGDALIA | 702. SANTOS RODRIGUEZ, OLGA I. |
| 703. SANTOS PACHECO, MIGDALIA Y. | 704. SANTOS ROSADO, JOSE D. |
| 705. SANTOS SANJURJO, CARMEN L. | 706. SERRANO CORREA, RUTH |
| 707. SERRANO GARCIA, VICTORIA E. | 708. SERRANO SERRANO, EDITH |
| 709. SERRANO VEGA, ZORAIDA | 710. SIERRA MAYA, SAMUEL |
| 711. SKERRETT CALDERON, BRUNILDA | 712. SOLA BURGOS, SARA |
| 713. SOLER CARDONA, CARMEN | 714. SOLERO SANTIAGO, MARIA ESTHER |
| 715. SOLLA MARQUEZ, ALMA C. | 716. SORANDO BIBILONI, JOSE JUAN |
| 717. SOSA GORI, MERCEDES M. | 718. SOTELO RESTO, NELSON |
| 719. SOTO MARQUEZ, ANELISA | 720. SOTO RIVERA, MIGDALIA |
| 721. SOTO ROSA, CARMEN I. | 722. SUSTACHE RIVERA, VICTORIA |
| 723. TALAVERA CACERES, JEANNETTE M. | 724. TAÑON COTTO, RAUL |
| 725. TOLEDO ROSA, JOSE G. | 726. TORO VELEZ, CARMEN S. |
| 27. TORRES ACEVEDO, MIRTA | 728. TORRES ARZOLA, MARIA I. |
| 729. TORRES CORREA, ANGEL | 730. TORRES CRESPO, MARTA |
| 731. TORRES ROSARIO, LOURDES | 732. TORRES HERNANDEZ, LYDIA E. |
| 733. TORRES MANZANO, ALEJANDRO | 734. TORRES MEDINA, MARIDALIA |
| 735. TORRES RODRÍGUEZ, JOSE G. | 736. TORRES SERRANO, RAMON E. |
| 737. TORRES TORRES, ROSA | 738. TORRUELLAS QUIÑONES, MARIA C. |
| 739. TOYENS DE JESUS, JULIA IVETTE | 740. TRICOCHE DE JESUS, LUZ H. |
| 741. VAELLO BERMUDEZ, YADIRA | 742. VALDERRAMA RODRIGUEZ, CARMEN |
| 743. VALENTIN DIAZ, FELIX | 744. VALENTIN VALENTIN, NORBERTO |
| 45. VALLEJO MORALES, MARIA J. | 746. VALLES UMPIERRE, LUZ E. |
| 747. VARGAS CRUZ, ADA ENID | 748. VARGAS ENCARNACION, MIGDALIA |
| 749. VARGAS ENCARNACION, OLGA I. | 750. VARGAS RODRIGUEZ, RAMONA |
| 751. VARGAS SEPULVEDA, ANA M. | 752. VARGAS VILLANUEVA, GUMERSINDO |
| 753. VAZQUETELLES CASTRO, OLVILIO | 754. VAZQUEZ CRUZ, LILLIAM M. |
| 755. VELAZQUEZ LOZADA, NILSA | 756. VAZQUEZ LAUREANO, MYRIAM |
| 757. VAZQUEZ LOPEZ, CARMELO | 758. VAZQUEZ PADILLA, DAMARIS |
| 759. VAZQUEZ SOTO, ROSA N. | 760. VEGA ALICEA, MARIA I. |
| 761. VEGA GARCIA, MARIA E. | 762. VEGA MIRANDA, CATALINA |
| 763. VEGA ZAYAS, JOSE H. | 764. VELÁZQUEZ FIGUEROA, PILAR |
| 765. VELÁZQUEZ LEBRON, MIGUEL A. | 766. VELAZQUEZ MUÑOZ, BUENAVENTURA |
| 767. VELAZQUEZ REYES, EVA | 768. VELÁZQUEZ REYES, SARA E. |
| 769. VELÁZQUEZ RIVERA, OLGA M. | 770. VELÁZQUEZ SANTIAGO, NILSA |
| 771. VELEZ BONILLA, ROSA E. | 772. VELEZ GONZALEZ, CARMEN T. |
| 773. VERA SOTO, JULIETTE IVONNE | 774. VICENTE CARATTINI, MARIA N. |

**SENTENCIA ENMENDA NUNC PRO TUNC**
**K PE 2005-0608**
**PAGINA 26**

| 775. VIDAL SANTIAGO, CRUCITA | 776. VIGIL DANGER, IVO |
|---|---|
| 777. VILLANUEVA CRUZ, ANA A. | 778. VILLANUEVA LAGUER, BLANCA I. |
| 779. VILLANUEVA SANTIAGO, SANTIAGO A. | 780. VILLEGAS CORREA, ALMA |
| 781. VILLEGAS RIVERA, MILDRED | 782. VIÑALES HERNANDEZ, GRISELLE E. |
| 783. VIZCARRONDO AYALA, ZORAIDA | 784. VIZCARRONDO FLORES, EVELYN |
| 785. ZAPATA CASTAÑEDA, OLGA | 786. ZAVALETA PARRILLA, CARLOS. |