**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 22229** |
| LILIA MOLINA RUIZ,<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

**OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO LILIA MOLINA RUIZ'S MOTION FOR RELIEF FROM STAY**

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1
BACKGROUND ..... 3
A. The Commonwealth's Title III Case ..... 3
B. The Motion and Current Status of the Litigation ..... 4
OBJECTION ..... 6
A. Movant Fails to Show Cause for Relief under the Sonnax Factors ..... 6
CONCLUSION ..... 15

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508 (D.P.R. 2016) .......... 7, 8, 9, 11

*C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87 (D.P.R. 2007) .......... 7

*Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13 (1st Cir. 2018) .......... 8

*Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90 (D.P.R. 1993), *aff'd sub nom. Unanue v. Unanue-Casal (In re Unanue-Casal)*, 23 F.3d 395 (1st Cir. 1994) .......... 6, 7

*Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, No. 05-cv-5704, 2006 WL 2270379 (S.D.N.Y. Aug. 8, 2006) .......... 11

*In re 234-6 W. 22nd St. Corp.*, 214 B.R. 751 (Bankr. S.D.N.Y. 1997) .......... 6

*In re BFW Liquidation, LLC*, No. 09-00634-BGC-11, 2009 WL 8003536 (Bankr. N.D. Ala. Sept. 14, 2009) .......... 10

*In re Breitburn Energy Partners LP*, 571 B.R. 59 (Bankr. S.D.N.Y. 2017) .......... 6

*In re City of Stockton*, 484 B.R. 372 (Bankr. E.D. Cal. 2012) .......... 12

*In re Cummings*, 221 B.R. 814 (Bankr. N.D. Ala. 1998) .......... 9

*In re Fucilo*, No. 00-36261, 2002 WL 1008935 (Bankr. S.D.N.Y. Jan. 24, 2002) .......... 1

*In re Residential Cap., LLC*, No. 12-12020, 2012 WL 3860586 (Bankr. S.D.N.Y. Aug. 8, 2012) .......... 9, 10

*In re Rodriguez*, No. 11-07155 EAG, 2014 WL 6632968 (Bankr. D.P.R. Nov. 21, 2014) .......... 2

*In re SquareTwo Fin. Servs. Corp.*, No. 17-10659, 2017 WL 4012818 (Bankr. S.D.N.Y. Sept. 11, 2017) .......... 1

*In re Taub*,
413 B.R. 55 (Bankr. E.D.N.Y. 2009) .... 8

*In re WorldCom, Inc.*,
No. 02-13533, 2007 WL 841948 (Bankr. S.D.N.Y. Mar. 12, 2007) .... 1

*Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*,
No. 09-50026, 2010 WL 4630327 (S.D.N.Y. Nov. 8, 2010) .... 11

*Murray Indus., Inc. v. Aristech Chem. Corp. (In re Murray Indus., Inc.)*,
121 B.R. 635 (Bankr. M.D. Fla. 1990) .... 13

*Murrin v. Hanson (In re Murrin)*,
477 B.R. 99 (D. Minn. 2012) .... 9

*Peaje Invs. LLC v. Garcia-Padilla*,
No. 16-2365, 2016 WL 6562426 (D.P.R. Nov. 2, 2016), *aff'd in part, vacated in part on other grounds*, 845 F.3d 505 (1st Cir. 2017) .... 8

*Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*),
980 F.2d 110 (2d Cir. 1992) .... 10

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*,
907 F.2d 1280 (2d Cir. 1990) .... passim

*Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*,
311 B.R. 551 (Bankr. C.D. Cal. 2004) .... 11

**STATUTES AND RULES**

11 U.S.C. § 101 .... 2

11 U.S.C. § 362 .... 1, 3, 5

11 U.S.C. § 554 .... 2

11 U.S.C. § 725 .... 2

11 U.S.C. § 922 .... 5

48 U.S.C. §§ 2101–2241, PROMESA .... 1

48 U.S.C. § 2124, PROMESA § 104 .... 4

48 U.S.C. § 2146, PROMESA § 206 .... 4

48 U.S.C. § 2161, PROMESA § 301 .... 5

48 U.S.C. § 2164, PROMESA § 304 .......... 3, 4

48 U.S.C. § 2170, PROMESA § 310 .......... 2

48 U.S.C. § 2175, PROMESA § 315 .......... 1

FED. R. BANKR. P. 2017 .......... 2

FED. R. BANKR. P. 3012 .......... 2

FED. R. BANKR. P. 4003 .......... 2

FED. R. BANKR. P. 6002 .......... 2

FED. R. BANKR. P. 7001 .......... 2

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this objection (the "Objection") to Motion for Relief from Automatic Stay [ECF No. 22229] (the "Motion") filed by Lilia Molina Ruiz (the "Movant"), plaintiff in the case captioned *Molina-Ruiz v. Commonwealth of Puerto Rico.*, Civil Case No. D AC2016-1155 (the "Litigation"), pending before the Court of First Instance, Bayamón Judicial Center, Superior Part ("Commonwealth Court"). In support of this Objection, the Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Pursuant to the Motion, Movant seeks an order modifying the automatic stay[2] pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") to allow the Litigation to proceed to final judgment and execution of certain non-monetary relief. Mot. ¶ 2. Pursuant to the Litigation, Movant seeks to compel the return of certain livestock to Movant, arising from the Commonwealth's alleged wrongful seizure that occurred prior to the commencement of the Commonwealth's Title III case.

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[2] Pursuant to section 362(c)(2)(C) of the Bankruptcy Code, Section 92.25 of the Plan, and decretal paragraph 66 of the Confirmation Order, the automatic stay was replaced by the discharge injunction upon the occurrence of the effective date of the Plan.

To the extent the Court interprets the Motion to seek relief from the discharge injunction, some courts have considered such relief under the *Sonnax* factors discussed below. *See In re SquareTwo Fin. Servs. Corp.*, No. 17-10659, 2017 WL 4012818, at *4-5 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, No. 00-36261, 2002 WL 1008935, at *9 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, No. 02-13533, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007).

2. To the extent the request is one for the return of property, such request is procedurally improper. Pursuant to Bankruptcy Rule 7001 (applicable to this Title III case pursuant to PROMESA Section 310), an application for turnover of property or determination as to interest in property must be made by instituting an adversary proceeding. Fed. R. Bankr. P. 7001(1), 7001(2);[3] *see In re Rodriguez*, No. 11-07155 EAG, 2014 WL 6632968, at *1 (Bankr. D.P.R. Nov. 21, 2014) (injunctive or other equitable relief can only be obtained through an adversary proceeding). Here, that has not been done.

3. Accordingly, the request to lift the stay is appropriately viewed as having the purpose of liquidating and enforcing before the Commonwealth Court Movant's proof of claim, which asserts the Litigation as the basis for the claim. Although Movant has stated that no monetary damages were sought in the Litigation, that does not rule out the possibility that damages might result from continuation of the Litigation in the Commonwealth Court. In addition, Movant's proof of claim undercuts any assertion that no monetary damages are possible since a "claim" is, by definition, a right to payment or reducible to a right to payment.[4] To the extent Movant does not seek any monetary remedies, the proposed order is not appropriately limited to reflect that.

---

[3] An adversary proceeding includes, pursuant to Bankruptcy Rule 7001(1), "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002" and pursuant to Bankruptcy Rule 7001 (2), "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)[.]"

[4] A "claim" under the Bankruptcy Code is for rights to payment or equitable rights that are reducible to a right to payment. *See* 11 U.S.C. § 101(5) ("The term 'claim' means (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.").

4. The Motion should be denied because Movant has not established that the *Sonnax* factors weigh in favor of lifting the stay. As such, Movant has failed to demonstrate "cause" for relief pursuant to Bankruptcy Code section 362(d)(1). Like other prepetition claims that do not justify stay relief, Movant's claim is properly addressed through the Debtors' claims reconciliation process.

## BACKGROUND

### *A. The Commonwealth's Title III Case*

5. On May 3, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico (the "Title III Court"), commencing a case under Title III thereof.

6. On August 17, 2017, the Court entered an order amending the existing notice, case management, and administrative procedures for these Title III cases to, among other things, implement a protocol (the "Lift Stay Protocol") for filing motions for relief from Title III Stay [ECF No. 1065]. In accordance with the Lift Stay Protocol, a movant is required to (a) send notice to counsel to the Oversight Board and AAFAF to advise them of the movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Debtors during the Lift Stay Notice Period.

7. On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines And Procedures For Filing Proofs Of Claim And (B) Approving Form And Manner Of Notice Thereof* [ECF No. 2521] (the "Bar Date Order"), establishing May 29, 2018 as the deadline for filing proofs of claim. On May 23, 2018, the Court entered an order [ECF No. 3131] extending the bar date to June 29, 2018.

8. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19784] (the "Plan").

9. On March 15, 2022, the Plan became effective (the "Effective Date"). Pursuant to the Confirmation Order and the Plan, unless otherwise extended, the Debtor had until September 11, 2022 to assess and object to the allowance of claims, which the deadline was extended to March 8, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 21894].[5]

***B. The Motion and Current Status of the Litigation***

10. On February 1, 2016, Movant commenced the Litigation against the Commonwealth in the Commonwealth Court.

11. On August 18, 2016, the Commonwealth Court entered a judgment (the "Judgment") against the Commonwealth awarding Movant certain non-monetary remedies.

12. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to Sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Title III Case") in the United States District Court for the District of Puerto Rico (the "Title III Court").

[5] Plan § 82.1(a); Confirmation Order ¶ 42.

13. On May 30, 2017, the Commonwealth appealed to the Court of Appeals of the Commonwealth of Puerto Rico (the "PRCA") seeking a determination that the Judgment was procedurally improper and remand of the Judgment to the Commonwealth Court for reconsideration.

14. On June 8, 2017, the PRCA entered a judgment remanding the Judgment to the Commonwealth Court for reconsideration.

15. On August 29, 2018, the Commonwealth Court entered a determination it lacked jurisdiction over the proceedings of the Litigation and ordered the Litigation stayed pursuant to sections 362 of the Bankruptcy Code, made applicable by PROMESA in connection with the Commonwealth's filing of the Title III Case, until such time as Movant obtained relief from the stay.

16. On June 17, 2022, Movant's counsel sent to counsel for the Oversight Board a letter seeking relief from the automatic stay[6] to proceed with the Litigation pending before the Commonwealth Court.

17. Pursuant to the Lift Stay Protocol, the Commonwealth and Movant met and conferred but were unable to reach a consensual resolution.

18. On June 28, 2018, Movant filed proof of claim 77585 (the "Asserted Claim") against the Commonwealth, asserting claims for confiscation of animals in connection with the Litigation.

[6] The automatic stay provisions of Bankruptcy Code sections 362(a) and 922(a) are made applicable to the Title III Case by PROMESA Section 301(a) (the "Title III Stay").

19. On May 13, 2022, the Oversight Board filed the *Four Hundred Sixty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Deficient ADR Claims* [ECF No. 20797] (the "Objection") objecting to the Asserted Claim.

20. On September 11, 2022, Movant filed the *Opposition to Four Hundred and Sixty-Sixth Omnibus Objection to Proof of Claim Number 77585 and for Relief from Automatic Stay* [ECF No. 22145] (the "Response"), opposing the Objection, claiming that sufficient detail was provided in support of Movants' claim for the return of certain livestock to Movant pursuant to the Judgment, and further requesting stay relief.

21. In response to an order of the Title III Court [ECF No. 22171] deeming the Response solely an opposition to the Objection and terminating the request for stay relief without prejudice, on September 15, 2022, Movant filed the Motion.

## OBJECTION

### *A. Movant Fails to Show Cause for Relief under the Sonnax Factors*

22. Movant has not established that cause exists for the "extraordinary remedy" of stay relief. *In re 234-6 W. 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Movant bears the initial burden of establishing cause, *id.* at 756, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017). Here, Movant bears the extraordinary burden of establishing cause exists to lift the stay.

23. Movant asserts the stay should be lifted for cause including for lack of adequate protection. Mot. at 5. However, Movant does not claim to be secured. In the absence of an assertion of lack of adequate protection, this Court examines the factors set forth in *Sonnax* to determine whether "cause" exists. "Cause" is not defined in the Bankruptcy Code. *Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd sub nom.*

*Unanue v. Unanue-Casal (In re Unanue-Casal)*, 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant stay relief, courts examine numerous factors, including those set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990):

> (1) whether relief would result in complete or partial resolution of the issues;
>
> (2) the lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the foreign proceeding involves the debtor as fiduciary;
>
> (4) whether a specialized tribunal has been established to hear the cause of action at issue;
>
> (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
>
> (6) whether the action essentially involves third parties rather than the debtor;
>
> (7) whether the litigation could prejudice the interest of other creditors;
>
> (8) whether a judgment in the foreign action is subject to equitable subordination;
>
> (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;
>
> (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
>
> (12) the impact of the stay on the parties and the "balance of harms."

*Id*.

24. Courts in the First Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, 907 F.2d at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-95 (D.P.R. 2007)); *In re*

*Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, No. 16-2365, 2016 WL 6562426, at *3 (D.P.R. Nov. 2, 2016), *aff'd in part, vacated in part on other grounds*, 845 F.3d 505 (1st Cir. 2017); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in *Sonnax* and recited by the Title III court provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum.").

25. No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 518. The Sonnax factors clearly weigh against lifting the automatic stay. Denying the Motion would further the goal of the Commonwealth to resolve all claims in a single, expeditious forum in the timeframe provided by this Court. The *Sonnax* factors point squarely toward maintaining the stay and against the relief Movant seeks:

26. ***Sonnax* Factor 1:** The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against lifting the automatic stay. The first *Sonnax* factor does not focus on the issues in the stayed litigation. If it did, the first *Sonnax* factor would always favor lifting the stay because every lawsuit eventually resolves the issues in that particular proceeding. Rather, the first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. *See, e.g., In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as

whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g.*, *Murrin v. Hanson (In re Murrin)*, 477 B.R. 99, 109 (D. Minn. 2012); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

27. Here, Movant fails to identify any bankruptcy issue related to the Commonwealth's Title III case that would be resolved by allowing Movant to proceed with the Litigation for the alleged wrongful seizure of animals that occurred seven (7) years ago, prior to the commencement of the Commonwealth's Title III case.

28. Therefore, the first Sonnax factor supports denying the Motion.

29. ***Sonnax* Factor 2**: The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—does not support lifting the stay. Lifting the stay and allowing Movant's claim to proceed to final judgment would be a waste of the Commonwealth's resources, would significantly interfere with the administration of the Title III case and circumvent the requirements in the Confirmation Order. Pursuant to the Confirmation Order and the Plan, unless otherwise extended, the Debtor had until September 11, 2022 to assess and object to the allowance of claims, which deadline was extended to March 8, 2023. Allowing Movant's claim to proceed to final judgment would force the Commonwealth to rush their assessment of Movant's claim well in advance of the March 8, 2023 Court ordered deadline. *See, e.g.*, *In re Residential Cap., LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11 cases."). Thus, Sonnax factor 2 weighs in favor of denying the Motion. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause).

30. Moreover, Movant provides no reason for expediting consideration of its claim now, seven years after the action giving rise to the Asserted Claim took place, rather than through the claims reconciliation process. Such relief would upend the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court . . . ." *See Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*), 980 F.2d 110, 117 (2d Cir. 1992); *see also In re BFW Liquidation, LLC*, No. 09-00634-BGC-11, 2009 WL 8003536, at *3 (Bankr. N.D. Ala. Sept. 14, 2009) ("[T]he effect of lifting the stay for all such claimants and requiring debtors to defend lawsuits in diverse forums merely to establish what share, if any, the claimants filing those suits will have in whatever is left of bankruptcy estates would hinder the goals of the automatic stay and the summary process for adjudicating and liquidating claims.").

31. ***Sonnax* Factor 4**: The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—does not support granting the Motion. The Litigation was filed before the Commonwealth Court. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

32. ***Sonnax* Factor 5**: The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of the Commonwealth has assumed any financial responsibility in connection with the Litigation. Thus, *Sonnax* factor 5 weighs in favor of denying the Motion.

33. ***Sonnax* Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is not based on whether third parties are involved, but rather, whether the prepetition action primarily involves third parties *rather than* the debtor. *See In re Residential Cap., LLC*, 2012 WL 3860586, at *7 ("The court should not grant relief from the stay under the sixth *Sonnax* factor if the debtor is the

main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, No. 05-cv-5704, 2006 WL 2270379, at *10 (S.D.N.Y. Aug. 8, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not primarily involve third parties.").

34. Here, the Litigation does not involve *primarily* third parties. Instead, Movant filed suit against the Commonwealth, and fails to show how any non-debtor parties in the Litigation are the *primary parties* to the action. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion.

35. ***Sonnax* Factor 7**: The seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—does not support granting the Motion. The relief sought prejudices other creditors through the depletion of the Commonwealth's resources and attention, and by potentially allowing Movant to "skip the line" in the claims reconciliation process. *See, e.g.*, *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate").

36. Indeed, Courts have also denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation. *See, e.g.*, *In re Plumberex Specialty Prod., Inc.*, 311 B.R. at 563-64 (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2010 WL 4630327, at *4 (S.D.N.Y. Nov. 8, 2010)

(finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"). *see also In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal. 2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

37. Here, litigating issues that could be resolved through claims reconciliation would unnecessarily waste the Commonwealth's resources. Accordingly, *Sonnax* factor 7 does not support granting the Motion.

38. ***Sonnax* Factors 10 and 11:** The interest of judicial economy and the status of the Litigation also weigh against stay relief. The interests of judicial economy are not served by stay relief because the Commonwealth still has until March 8, 2023 to assess and make a determination regarding Movant's Asserted Claim per the extension of the objection deadline and the Commonwealth's Title III case provides a single, expeditious forum for the resolution of claims. Accordingly, Movant's Asserted Claim should be liquidated through the claims resolution process in these Title III cases to preserve judicial economy. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

39. ***Sonnax* Factor 12:** Balancing of the harms favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movant would suffer if the stay remains in place.

40. Movant states that the stay should be lifted because the Commonwealth has no equity or any kind of interest in the livestock at issue, nor is such livestock necessary to an effective reorganization. Mot. at 5. However, the property actually remains in dispute as the current status

of the Litigation indicates that the Judgment has been remanded by the PRCA to the Commonwealth Court for reconsideration.

41. Movant states no monetary award of any kind is involved in the Litigation against the Commonwealth—thus cause to lift the stay. Mot. at 5. However, Movant's Asserted Claim is based on the Litigation. In addition, it is possible that, should Movant be successful in the reconsideration of the Judgment, the Litigation could result in some determination of monetary remedy against the Commonwealth. Movant could agree not assert any monetary damages in connection with the Litigation, but that has not been done. Furthermore, although the Motion implies the only relief requested is execution of the Judgment to the extent of return of property currently in the possession of the Commonwealth, Movant has not appropriately limited the language of the proposed order to reflect that. Rather, Movant seeks lifting the stay to pursue the Litigation generally, and furthermore requests a factual determination that the Commonwealth has no equity in the property at issue. *See* Mot. Ex. 4, at 1.

42. At a minimum, the stay should remain in place as to execution or collection of any and all monetary remedies that may potentially arise from the Litigation.[7] Movant's own citation to *Murray Industries, Inc. v. Aristech Chemical Corp. (In re Murray Industries, Inc.)*, 121 B.R. 635 (Bankr. M.D. Fla. 1990) acknowledges this.[8] Although the court in that case determined to lift the automatic stay based on potential duplication of litigation, it was limited to liquidation, but not enforcement, of the judgment. *Id.* at 637 ("if [movant] Aristech gets a judgment in state court, it cannot collect on that judgment; instead, it must file a claim in this Court and be treated like any

[7] Furthermore, as discussed above, a request for determination of the Commonwealth's interest or equity in property is properly brought by adversary proceeding.

[8] Movant's citation to *Murray* furthermore does not support the contention that where "there is no monetary award" cause exists to lift the stay, because *Murray* involved a suit for unpaid invoices—clearly seeking a monetary award. *See Murray*, 121 B.R. at 636.

other creditor"). This Court has similarly limited stay relief to return of property solely to the extent it is in the custody or control of the Commonwealth and not to money damages. *See Memorandum Order (I) Denying Without Prejudice Motion Requesting Turnover of Motor Vehicle and (II) Partially Lifting Automatic Stay* [ECF No 16152] ("The automatic stay is lifted only (i) to the extent necessary to permit Movant to take such action and allow any future litigation commenced in connection with the Motor Vehicle to proceed to final judgment, including all appeals; and (ii) if judgment is entered in favor of Movant, to allow for the return of the Motor Vehicle to the extent the same is in the custody or control of the Commonwealth. The automatic stay shall continue to apply in all other respects to any proceedings arising from or relating to the issues raised in the instant motion practice including, without limitation, the payment of any money damages.").

43. Thus, the impact on Movant in maintaining the stay is that it puts Movant on equal footing with other prepetition creditors subject to the Title III claims process. The impact on the Commonwealth and its creditors, however, if the Motion were to be granted would outweigh any harm that Movant would suffer if the stay remains in place. The diversion of the Commonwealth's resources to defend against Movant's claims in the Litigation, and the prejudice to the interests of other creditors, including rushing the Commonwealth to make an assessment of the Movant's claim in contravention of the extension allowing the Commonwealth additional time to assess and object to claims, all weigh in favor of denying the Motion. Thus, on balance, Sonnax factor 12 weighs in favor of denying the Motion.[9]

[9] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.

**CONCLUSION**

Movant fails to establish cause to justify the relief sought in the Motion and accordingly, and for the foregoing reasons, the Court should deny the Motion.

Dated: October 18, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice)*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of the Debtor*