Exhibit 1



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

Chicago, IL 60661

| Certified Mail Fee | $4.00 | |
| Extra Services & Fees (check box, add fee as appropriate) | | $3.25 |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $0.00 | |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | | |
| Postage | $1.68 | |
| Total Postage and Fees | $8.93 | |

0003
10

Postmark
SEP - 6

09/06/2022

Sent To   Alvaro L Musa
Street and Apt. No., or PO Box No.   540 West Madison Street, 18th Floor
City, State, ZIP+4   Chicago, IL 60661

7020 0090 0000 5938 5598

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>Deudores.[2] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

## SOLICITUD DE INFORMACIÓN DE RESOLUCIÓN ALTERNATIVA DE CONFLICTOS

Fecha de Servicio: viernes, 12 de agosto de 2022
Reclamante(s) designado(s): DEL RIO, VANESSA

Dirección: TORRES VALENTÍN, JOSÉ E CALLE GEORGETTI 78
SAN JUAN PR 00925

Número(s) de reclamo(s) designado(s): 9663

Cantidad(es) indicada(s) en la(s) prueba(s) de reclamo: $0.00

**FECHA LÍMITE DE RESPUESTA: martes, 6 de septiembre de 2022**

[2] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado")(Caso de Quiebras Núm. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebras Núm. 17 BK 3284- LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de Quiebra Núm. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra Núm. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (Caso de Quiebra Núm. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 3747); y (vi) la Autoridad de Edificios Públicos de Puerto Rico ("PBA", y junto con el Estado Libre Asociado, COFINA, HTA, ERS, y PREPA, los "Deudores") (Caso de Quiebras Núm. 19 BK 5532-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 3801) (los casos al amparo del Título III figuran como números de Caso de Quiebra debido a limitaciones de programación).

5

---

**Esta solicitud de información <u>sólo</u> se aplica a los números de reclamaciones designadas mencionados anteriormente. Lea el aviso detenidamente y discútalo con su abogado. Si no tiene un abogado, puede consultar con uno.**

**Si tiene alguna pregunta, comuníquese con <u>Prime Clerk LLC al (844) 822-9231</u> <u>(llamada gratis para EE. UU. y Puerto Rico) o (646) 486-7944 (para llamadas</u> <u>internacionales),</u> disponible de 10:00 a.m. a 7:00 p.m. (Hora estándar del Atlántico) (español disponible).** ·

---

**¿Por qué estoy recibiendo esta Solicitud de Información?** Usted ha presentado su(s) reclamo(s) como se menciona arriba (el/los "<u>Reclamo(s) Designado(s)</u>") en el caso del Título III del Estado Libre Asociado de Puerto Rico. El Estado Libre Asociado de Puerto Rico (el "<u>Deudor</u>") sometió el Reclamo Designado en el caso del Título III a resolución alternativa de conflictos en el *Vigésimo Cuarto Aviso de Transferencia de Reclamos a Resolución Alternativa de Conflictos* el 1 de agosto de 2022 [ECF Núm. 21685], de conformidad con los procedimientos (los "<u>Procedimientos de RAC</u>") establecidos por la *Orden para (A) Autorizar Procedimientos Alternativos de Resolución de Conflictos, (B) Aprobar Forma Adicional de Aviso, y (C) Otorgar Remedio Relacionado,* emitida por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "<u>Tribunal del Título III</u>") el día 1 de abril de 2020 [ECF No. 12576-1]. **Por favor, revise los Procedimientos de RAC cuidadosamente. Los Procedimientos de RAC están disponibles en línea en https://cases.primeclerk.com/puertorico.**

Se incluye una **Solicitud de Información** más adelante. De conformidad con los Procedimientos de RAC, el Deudor solicita documentación e información adicionales relacionadas con el Reclamo Designado. Usted debe responder a la Solicitud de Información proporcionando la documentación y la información solicitadas a más tardar en la fecha identificada como Fecha Límite de Respuesta. *Vea* la Sección 2(f) de los Procedimientos de RAC.

**Debe responder a esta Solicitud de** Información. Debe devolver esta Solicitud de **Información a Proskauer Rose LLP conjuntamente con la documentación y la información solicitadas a más tardar en la Fecha Límite de Respuesta mencionada más arriba.**

**Solicitud de Información.** El Deudor le solicita que proporcione la siguiente información relacionada con la Reclamación Designada núm. **9663**      : cualquier documento en respuesta a las solicitudes de documentos, respuestas por escrito a las solicitudes de información y cualquier documento que tenga y que respalde sus respuestas por escrito a las solicitudes de información.

La información sobre las Solicitudes de Información está disponible en la sección 2(f) de los Procedimientos de resolución alternativa de litigios.

---

**Adjunte a este formulario sus respuestas por escrito a las solicitudes de información y la documentación solicitada.**

DEBE RESPONDER A LA SOLICITUD DE INFORMACIÓN Y A CUALQUIER OTRA PREGUNTA APLICABLE EN EL RESTO DEL FORMULARIO

**SOLICITUDES DE INFORMACIÓN Y DOCUMENTOS**

1.  Por favor proporcione información sobre la base del caso. ¿Qué hechos cree que dieron lugar al caso? *No prestaron de servicios educativos por el Departamento de Educación a Dan Aceptima Del Río ; Daños a Vanessa del Río*

2.  Por favor proporcione toda documentación que tenga relacionado con el caso.

3.  ¿Cuál es la cantidad que reclamas? Por favor proporcione la base de la cantidad estimada adeuda por sus reclamaciones adicionales. *$75 mil por demandante (2) - Máxima $150mil*

4.  Cuál es el estado actual del caso? *Paralizado por PROMESA*

5.  ¿Estás representado en cualquiera del caso? Si es así, quien está tu abogado o abogada? *José E. Torre Valentín*
    *RUA - 10441*

---

> *Proporcione todos los documentos que respaldan sus respuestas a estas solicitudes de información en relación con su Reclamo Designado. Usted **DEBE** enviar la totalidad de dicha información y documentación a Proskauer Rose.*
>
> Ver 2 anexos :
> 1) Nación Asum. Rep legal
> 2) Revalyación PROMESA

**DEVUELVA SU AVISO COMPLETADO Y CUALQUIER INFORMACIÓN SUPLEMENTARIA EN UNA CONTRAOFERTA PARA EL MARTES, 6 DE SEPTIEMBRE DE 2022 A LA SIGUIENTE DIRECCIÓN:**

**Alvarez and Marsal**
C/O Nikki Vander Veen
540 West Madison Street, 18th Floor
Chicago, IL 60661

[Firma del Representate Autorizado
del Reclamante Designado]

Por: _José E. Torres Valentín_
[Nombre en letra de molde]

[Firma del Representate Autorizado
del Reclamante Designado]

Por: _José E. Torres Valentín_
[Nombre en letra de molde]

9

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN - SUPERIOR

| | |
|---|---|
| VANESSA DEL RÍO Y OTROS | |
| Demandante | Civil núm. KPE 2008-3471 (804) |
| v. | |
| ESTADO LIBRE ASOCIADO DE PR Y OTROS | SOBRE: Mandamus: Daños y Perjuicios |
| Demandados | |

## MOCIÓN ASUMIENDO REPRESENTACIÓN LEGAL

AL HONORABLE TRIBUNAL:

Comparece la parte demandante, Vanessa del Río, por sí y en representación de su hijo Dan Crisóptimo Del Río, por conducto de los abogados que suscriben y muy respetuosamente exponen, alegan y solicitan:

1. La demanda de epígrafe fue presentada el 1ro. de octubre de 2008.

2. El 19 de abril de 2017 el licenciado Ramón Cruz Alicea, representante legal de la parte demandante, presentó *Moción sobre Representación Legal, Solicitud de Relevo y Prórroga a Moción de Desestimación.*

3. Mediante Orden de 28 de abril de 2017 el tribunal nos concedió el plazo de cinco (5) días para comparecer y asumir la representación legal de la parte demandante, y así poder relevar al licenciado Cruz Alicea.

4. El Tribunal concedió, además, la prórroga solicitada para presentar nuestra oposición a *Moción de Desestimación* presentada el 30 de marzo de 2017 por la parte demandada.

5. Los abogados que suscriben se han reunido con la parte demandante y solicita al Tribunal autorización para asumir su representación legal, y continuar con el trámite del caso.

**POR TODO LO CUAL**, se solicita de este Honorable Tribunal que tome conocimiento de lo anteriormente informado y en consecuencia admita la

2

representación, y en lo sucesivo se notifique cualquier documento o comunicación a los abogados que suscriben.

Respetuosamente sometido.

**En San Juan, Puerto Rico a 4 de mayo de 2017.**

Certifico: Haber enviado copia fiel y exacta del presente documento a la Lcda. Claudia Juan García a cjuan@justicia.pr.gov.y al Lcdo. Ramón Cruz Alicea, rcruz@prtcmail.prtc.net

José E. Torres Valentín
**JOSÉ E. TORRES VALENTÍN**
Col. 11703/TSPR 10441
jose@torresvalentin.com

KAREN L. AYALA VÁZQUEZ
**KAREN L. AYALA VÁZQUEZ**
Col. 20345/ RUA 20822
kayala@torresvalentin.com

**TORRES VALENTÍN
Estudio Legal, L.L.C.
Calle Georgetti # 78
San Juan, PR 00925
Tel. 753-7575/Tel. & Fax: 753-7577**

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

| | |
|---|---|
| VANESSA DEL RÍO Y OTROS<br>Parte Demandante | CASO NUM. K PE2008-3471 |
| VS. | SALA: 804 |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO Y<br>OTROS<br>Parte Demandada | SOBRE:<br>INJUCTION PRELIMINAR |

### SENTENCIA

Evaluado el *Aviso de Paralización de los Procedimientos por Virtud de la Petición Presentada por el Gobierno de Puerto Rico bajo el Título III de PROMESA* presentado el 29 de mayo de 2017 por el Departamento de Justicia del Gobierno de Puerto Rico, de la cual se desprende que por el Tribunal de Distrito de los Estados Unidos se ha tomado providencia judicial bajo la legislación federal de **PROMESA**, se emite Sentencia decretando la paralización de los procedimientos en el presente caso, **ordenando su archivo para fines administrativos, sin perjuicio y sin imposición de costas, gastos ni honorarios de abogado.**

Expresamente reservamos jurisdicción para decretar la reapertura y reinstalación, a solicitud de parte interesada, en caso de que dicha orden de paralización sea dejada sin efecto en cualquier momento con posterioridad a la fecha de la presente Sentencia y la parte interesada acuda ante este foro <u>dentro de los 60 días siguientes</u> a que advenga final y firme tal disposición del Tribunal de Quiebras; o que por otra razón proceda la continuación de los procedimientos en este caso en esta sala.

En caso de que la reclamación o reclamaciones de autos queden totalmente adjudicadas en el proceso ante el Foro de Quiebras y por ello extinto lo que aquí se predica, se considerará definitivo este dictamen, independientemente que el Tribunal de Quiebras o parte interesada lo notifique a esta Sala.

**REGÍSTRESE Y NOTIFÍQUESE.**

En San Juan, Puerto Rico, a 2 de junio de 2017.

LAUREANA PÉREZ PÉREZ
JUEZA SUPERIOR

SEN2017_ _ _ _ _

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE SAN JUAN**
**SALA SUPERIOR**

VANESSA DEL RIO, por sí, y en
representación de su hijo menor de edad
DAN CRISÓPTIMO DEL RIO

Demandantes

v.

ESTADO LIBRE ASOCIADO DE
PUERTO RICO; DEPARTAMENTO DE
EDUCACIÓN DE PUERTO RICO; SRA.
MIRIAM MERCED CRUZ, en su carácter
de Secretaria Auxiliar de Servicios
Integrales Personas con Impedimentos;
HONORABLE RAFAEL ARAGUNDE
TORRES, en su carácter de Secretario de
Educación

Demandados

Civil Núm. KPE 08-3471
907

**Sobre:** Injunction Preliminar,
Permanente; Daños y Perjuicios;
Violación de Derechos Civiles al
amparo de la Constitución del
E.L.A. de P.R.; IDEA (20 USCA
1400 y ss); Ley 51 de 1996,
según enmendada; Ley de
Derechos Civiles de Puerto Rico;
Sentencia Declaratoria

**PETICIÓN**

AL HONORABLE TRIBUNAL:

Comparece la parte demandante, representada por el abogado que suscribe y muy respetuosamente Expone, Alega y Solicita:

**LAS PARTES**

1. La demandante Vanessa del Río es la madre, con patria potestad y custodia, sobre su hijo menor de edad Dan Crisóptimo del Río, de 12 años de edad. Residen en la Calle Carolina #1714, Cond. Las Palmas Court, Apto. 202, San Juan, Puerto Rico, 00912.

2. Dan Crisóptimo del Río es menor de edad y es estudiante registrado en el Programa de Educación Especial del Departamento de Educación. Dan Crisóptimo es un joven que tiene diversos impedimentos, entre los cuales se encuentra Déficit de Atención con Hiperactividad, Problemas Específicos de Aprendizaje, Inteligencia Nivel Promedio Bajo, Desorden de Coordinación Neuromotor, Dificultades Perceptuales Visomotoras, Dificultades con Planeo Motor Amplio, Dificultades con Integración Agarre Lápiz, Coordinación Ojo Mano, Difografomotoras, Bajo

Aprovechamiento académico. Tiene que repetir el sexto grado durante el año escolar 2008-2009.

3. El Departamento de Educación es la agencia con obligación constitucional de garantizar una educación pública y gratuita que propenda, en el ambiente menos restrictivo posible, al pleno desarrollo de la personalidad del ser humano.

4. La Sra. Miriam Merced Cruz es la Secretaria Auxiliar de Servicios Integrales a las Personas con Impedimentos. Viene obligada a administrar e implantar la política pública del caso *Rosa Lydia Vélez v. Departamento de Educación, civil núm. KPE 80-1738 (907),* la Ley 51- Ley de Servicios Integrales para personas con Impedimentos y la Ley Idea (20 U.S.C.A. 1400 y ss.).

5. El Dr. Rafael Aragunde Torres, Secretario del Departamento de Educación, viene obligado a implantar la política pública y garantizar los derechos a recibir educación primaria de todos los puertorriqueños.

6. El Estado Libre Asociado de Puerto Rico tiene capacidad para demandar y ser demandado y viene obligado a garantizar a todo ciudadano los derechos reconocidos en la Constitución de Puerto Rico.

**HECHOS**

1. El Departamento de Educación no cumplió con su deber de ofrecer, a tiempo, alternativas de ubicación para el menor en el presente año escolar, 2008-2009. Ello ha provocado que el menor esté fuera de la escuela desde agosto de 2008 al presente, sufriendo daños irreparables y continuos.

2. Para el año 2008-2009, el Departamento de Educación realizó ofertas de manera tardía, en tres escuelas que entendemos no responden a las necesidades particulares del menor. A saber:

(1) Escuela Rafael Hernández Marín de Guaynabo

(2) Escuela Rafael Hernández en Río Piedras

(3) Escuela Mariano Abril en Guaynabo

3. El Departamento nunca ofreció para el presente año escolar, alternativas de ubicación adecuadas a las necesidades particulares del menor.

4. Dan es un joven que está registrado en el Departamento de Educación desde el 3 de junio de 2003. Tiene el deber a recibir por parte del Departamento de

Educación, una ubicación en grupos pequeños que se ajuste a las necesidades particulares de éste.

6. De acuerdo a sus últimas evaluaciones, el Departamento le ha negado acceso a los servicios educativos a los cuales el menor tiene derecho. Los especialistas que han trabajado con el menor han recomendado una ubicación en grupos congruentes con su edad y funcionamiento, con promoción de grado. El grupo debe ser no mayor de 15 niños donde el niño pueda recibir atención individualizada, considerando sus necesidades específicas, tanto académicas como emocionales. El Departamento carece de ubicaciones de matrícula reducida con corriente regular.

7. Las alternativas de ubicación ofrecidas por el Departamento de Educación no responden a las necesidades particulares del demandante. Veamos, la Escuela de la Comunidad Rafael Hernández Marín, es una escuela hasta sexto grado y la composición de los grupos de sexto es: 6-E 24 estudiantes con el demandante, serían 25 estudiantes. Por su parte, el grupo de 6-A tiene 23 estudiantes y con el demandante, serían 24 estudiantes. Por otro lado, el horario de la Escuela para aquel entonces, era de 7:30 a.m. a 12:30 p.m. por una construcción en los baños.

9. En cuanto a la Escuela Intermedia Rafael Hernández la oferta era un salón contenido, la cual no es una alternativa recomendada por la psicóloga Dra. Grace Rodríguez, especialista que lo atiende, a través de remedio provisional. Un salón contenido resulta restrictivo a tono con las necesidades particulares y no ofrece promoción de grado.

10. En cuanto a la Escuela Elemental Mariano Abril, en Guaynabo, tampoco es alternativa por no satisfacer las necesidades del menor.

11. Las ubicaciones ofrecidas hasta el momento por el Departamento de Educación no responden a las necesidades del menor.

12. Al presente, el Departamento no ha podido proveer ninguna de estas necesidades, por lo que es imprescindible que se compren los servicios en el Colegio Hostosiano de Puerto Rico ubicado en Bayamón, alternativa de ubicación que entendemos suple las necesidades particulares del menor.

13. No podemos perder de perspectiva que a este menor le ha sido negado una educación pública gratuita y apropiada de acuerdo a las recomendaciones de los

4

facultativos. El Departamento de Educación, a sabiendas, ha interferido con la prestación de una educación pública, gratuita y apropiada en cuanto al menor Dan Crisóptimo del Río, desde agosto de 2003. La parte querellante tuvo que radicar la primera querella el 13 de agosto de 2003 -03-107-030- relativa a la no prestación de los servicios educativos especializados requeridos para todo estudiante registrado en Secretaría Auxiliar de Servicios Integrales a Personas con Impedimentos (SASEIPI), y la misma fue sujeta de Resolución el 27 de agosto de 2003. Así también, hubo que radicar una querella relativa a los servicios relacionados no provistos.

14. Una segunda Resolución fue emitida el 12 de febrero de 2004, avalando los reclamos y dando la situación por atendida.

15. Una tercera querella fue radicada el 29 de marzo de 2004, ante el hecho de que se había cerrado la querella de referencia, la señora madre planteó, en la querella, el que Dan Crisóptimo todavía no contaba con los acomodos razonables necesarios.

16. No conforme con lo anterior, este menor ha continuado siendo objeto de discrimen por parte del Departamento y hubo que radicar durante los años 2006 y 2007 diversas querellas, en aras de garantizar la continuidad de los servicios. Entre ellas, querellas relativas a servicios relacionados como servicios de terapias, servicios de Asistente de Servicios, evaluaciones, entre otras.

17. El Departamento de Educación conocía que este menor estaría sin ubicación para el año escolar que está en curso, desde mayo de 2008. Véase, minuta de 30 de mayo. El menor quedó sin ubicación, por el Departamento no haberle brindado de manera consistente el servicio de asistente que tenía recomendado y que también fue objeto de querella. Véase querella número 2006-107-112. Ello, a pesar de la orden que la Juez Melissa Hernández Romero emitiera a los efectos de que el menor debía permanecer con los servicios de un asistente de servicios, hasta tanto se determinara lo contrario.

18. En vista que se llevó a cabo el 26 de junio de 2008, se discutió esta situación y se acordó celebrar una reunión de ubicación ante el Comité de Programación y Ubicación (COMPU) para el 3 de julio de 2008. Ese mismo día fuimos notificados por los funcionarios del Departamento que el COMPU sería cancelado debido a

5

problemas con la contratación de los funcionarios del Departamento de Educación. Así las cosas, se lo notificamos mediante Moción al Foro y solicitamos una orden para COMPU urgente.

19. Iniciadas las clases se llevó a cabo un COMPU el 11 de agosto en el que el Departamento reconoció que el Distrito Escolar no contaba con la alternativa de ubicación para el estudiante, recomendada por el COMPU en su PEI. A esos efectos, véase minuta del 11 de agosto de 2008 y moción del 18 de agosto de 2008, al respecto.

20. Para esa fecha, se solicitó que el Departamento proveyera ubicación alterna en lo que se llevaba a cabo el COMPU de ubicación. La parte querellante anunció tener disponibles las fechas del 20, 22, 25 y 26 de agosto de 2008, para llevar a cabo el referido COMPU.

21. El trámite Administrativo de la querella 2006-107-072, pendiente ante OPPI, se ha tornado ineficaz y académico a la luz de los daños que está sufriendo el demandante.

22. Nos reiteramos en que la ubicación solicitada para el menor no es un capricho sino un deber constitucionalmente protegido. No resultaría aceptable entonces el exponer al menor a las alternativas de ubicación ofrecidas por el Departamento de Educación, cuando las mismas no responden a sus necesidades particulares. Ello porque la Psicóloga Grace Rodríguez, pagada por el propio Departamento de Educación, ha recomendado matricula reducida en grupo regular que permita la promoción de grado y con salón recurso. Además, recomienda asistente de servicios en el salón, así como una serie de acomodos razonables dentro del salón y servicios relacionados congruentes con sus necesidades particulares. A esos efectos, véase, tanto la moción del 4 de septiembre de 2008, así como la Evaluación Psicológica de octubre de 2007, realizada por la psicóloga Grace Rodríguez.

23. Nótese que la propia Dra. Omayra Santiago en su evaluación de octubre de 2005, recomendó educación individualizada que pueda atender los rezagos particulares del menor. Véase evaluación a esos efectos.

24. La Sra. Vanessa del Río se entrevistó finalmente con la Decana Académica del Colegio Hostosiano de Puerto Rico, la Sra. Yaritza Santos, ese mismo día y se

6

discutió el ofrecimiento del Colegio. Se le informó a la Sra. Del Río que el mismo es

de kinder hasta cuarto Año. La institución cuenta con grupos pequeños en salones

de no más de 15 niños. De hecho, el grupo de sexto grado en el que ubicarían al

querellante, según fue informado, tiene 8 niños, lo que resulta es gran beneficio al

menor.

25. Se estableció además, que: **"El ofrecimiento académico es corriente regular
por niveles, de acuerdo a las necesidades particulares del menor. Ello permite
individualizar la enseñanza. Los costos de matrícula, mensualidad, tutorías y
terapias están incluidos en la propuesta que se acompaña con esta Petición ."**

**BASES JURÍDICAS**

26. Esta causa de acción se presenta al amparo de las siguientes fuentes de

derecho:

A. Constitución de Puerto Rico:

Artículo 2, Sección 1- dignidad del ser humano es inviolable

Artículo 2, Sección 5- toda persona tiene derecho a la educación

Artículo 2, Sección 20- derechos humanos reconocidos

B. Ley 51 del 7 de junio de 1996, según enmendada, Ley de Servicios Integrales

para personas con impedimentos.

C. 20 U. S. C., sección 1400, et seq, mejor conocida como IDEA por sus siglas en

inglés, *Individuals with Disabilities Education Act.*

D. Ley de Injunctions (32 L.P.R.A. § 3521 y ss)

E. Reglas 57 y 59 de Procedimiento Civil

F. Artículo 1802 del Código Civil

G. Ley de Derechos Civiles 42 U. S. C., sección 1983

H. Ley de Derechos Civiles de Puerto Rico

I. *Bonilla vs. Chardón*, 118 DPR 599, (1985)

J. *Rosa Lydia Vélez v. Departamento de Educación, civil núm. KPE 8- -1738 (907)*

**REMEDIOS**

27. Se solicita del Honorable Tribunal que, luego de los trámites de rigor, determine

y ordene:

A. Se ordene al Departamento de Educación a comprar sin dilación ni

demora y so pena de desacato,  los servicios educativos y relacionados que necesita el menor y que ofrece el Colegio Hostosiano de Puerto Rico, ubicado en Bayamón;

B.   Luego de los trámites de rigor,  se  ordene al Departamento de Educación compensar a los demandantes en una cantidad no menor de $75,000 para el menor Dan Crisóptimo Del Río por el daño irreversible y el atraso continuo en su educación y $75,000 para la demandante, Vanessa Del Río por los daños ocasionados, quien presenta grave ansiedad y desasosiego por lo ocurrido a su hijo, quien se le ha denegado la educación a lo que tiene perfecto derecho, según descritos en esta demanda;

C. Le imponga a los demandados el pago de costas y honorarios de abogados a favor de la parte demandante, por su desidia y obstinación al no brindar los servicios educativos y relacionados que necesitó, y necesita, Dan Crisóptimo Del Río;

D. Cualquier otro remedio que en derecho proceda.

**POR TODO LO CUAL**, respetuosamente se solicita de este Honorable Tribunal que, luego de los tramites de rigor, declare Ha Lugar esta demanda y la solicitud de remedios descrita en el párrafo anterior.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 30 de septiembre de 2008.

**Lcdo. Ramón Cruz Alicea**
Colegiado Núm. 12133

Calle Fagot E-30
Sierra Berdecía
Guaynabo, P.R. 00969

## DECLARACIÓN JURADA

Yo, **Vanessa Del Río Rosa**, mayor de edad, soltera, empleada y vecina de San Juan, Puerto Rico, bajo juramento **declaro** que:

1.    Mi nombre y circunstancias personales son las anteriormente expresadas.

2.    Soy la madre, con patria potestad y custodia, sobre mi hijo Dan Crisóptimo Del Río, de doce años de edad.

3.    He leído las alegaciones de la **Petición** y la misma es cierta a mi mejor entender y conocimiento.

**Y PARA QUE ASÍ CONSTE**, juro y suscribo la presente declaración en San Juan, Puerto Rico, hoy 30 de septiembre de 2008.

**VANESSA DEL RÍO ROSA**

Affidávit Núm.: _651_

Jurado y suscrito ante mí por **Vanessa Del Río Rosa,** de las circunstancias personales antes expresadas, a quien doy fe de conocer personalmente.

En San Juan, Puerto Rico, hoy 30 de septiembre de 2008.

**NOTARIO PÚBLICO**