**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br><br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING REQUEST
FOR RELIEF FROM STAY PURSUANT TO 11 USC § 362(A) AND § 922(A)**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] and Keila García-Colón ("Movant") hereby stipulate and agree as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

**RECITALS**

**The Postpetition Action**

A. On May 6, 2021, Movant commenced an action against the Puerto Rico State Insurance Fund Corporation ("SIFC"), among other parties, captioned *García-Colón v. State Insurance Fund Corporation,* Case No. 21-cv-01211 (RAM) (the "Postpetition Action"), in the United States District Court for the District of Puerto Rico (the "District Court"), seeking injunctive relief and compensatory and punitive damages in connection with asserted sexual harassment, sex discrimination, and retaliation during the period from approximately 2018 to 2020.

B. On April 5, 2022, the District Court entered the *Memorandum and Order* [ECF No. 86 in Case No. 21-1211], determining the automatic stay pursuant to sections 362(a) and 922(a) of title 11 of the United States Code and 48 U.S.C. § 2161 (collectively, the "Automatic Stay") applies to Movant's request for monetary damages, but retaining jurisdiction with respect to the stipulated preliminary injunction at Docket Entry No. 50 in the Postpetition Action.

**Commonwealth's Title III Case**

C. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to Sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Title III Case") in the United States District Court for the District of Puerto Rico (the "Title III Court").

D. By operation of PROMESA and pursuant to PROMESA Section 315(b), the Oversight Board is the sole representative of the Commonwealth in the Title III Case.

E. Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] and the *Order*

*(A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (collectively, the "Bar Order"), Movant was required to file a proof of claim on or before June 29, 2018. Movant did not file any proofs of claim against the Commonwealth in the Title III Case.

F. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [ECF No. 19784] (the "Plan").[3] The Plan was substantially consummated and became effective on March 15, 2022 (the "Plan Effective Date").

**Movant's Lift Stay Motion**

G. Pursuant to Paragraph III.R. of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1], Movant is required to, among other things, send a notice to counsel to the Oversight Board and counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority to advise them of Movant's intent to seek relief from the Automatic Stay at least fifteen (15) business days prior to filing a motion seeking such relief.

H. On August 18, 2022, Movant notified the Oversight Board's counsel of Movant's intent to seek relief from the Automatic Stay to continue litigation of the Postpetition Action to final judgment.

I. On October 4, 2022, Movant filed her *Motion for Relief from Stay* [ECF No. 22501] (the "Motion").

---

[3] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. This stipulation (the "Stipulation") shall become effective upon entry of an order of the Title III Court approving the terms and provisions hereof (the "Effective Date").

2. The Motion is hereby withdrawn, with prejudice.

3. To the extent the Automatic Stay is applicable to the Postpetition Action, from and after the Effective Date, Movant shall be permitted to continue the Postpetition Action against SIFC, including, without limitation, any appeal thereof.

4. Movant releases the Commonwealth, including its agencies, related entities constituting the central government, as listed at ECF No. 2828, and its covered territorial instrumentalities, approved by the Oversight Board at its September 30, 2016 meeting (ECF No. 1299-15 in Case No. 17-3567), from any claim or cause of action, whether known, unknown, asserted or assertable directly or derivatively, fixed, contingent, matured, unmatured, disputed, undisputed, in law, equity or otherwise, and whether asserted or unasserted, that arose, in whole or in part, prior to the Plan Effective Date, including, without limitation, claims arising from or relating to the Postpetition Action.

5. The Commonwealth and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

6. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation

of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; or (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant, or assert any related rights, claims, or defenses and all such rights are reserved.

7. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities except as expressly provided in this Stipulation, (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Automatic Stay or any injunction with respect to any persons or entities, or (c) altering or otherwise modifying the terms of the Plan or Confirmation Order. The Commonwealth reserves all rights, defenses, and protections with respect to any matters pending or that may arise in connection with the Plan, the Confirmation Order, and the Postpetition Action.

8. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

10. This Stipulation shall be binding on the parties' successors and assigns.

11. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

12. The Title III Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

Dated: October 18, 2022

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **GONZALEZ MUÑOZ LAW OFFICES, P.S.C.** |
| */s/ Brian S. Rosen* <br> Martin J. Bienenstock (pro hac vice) <br> Brian S. Rosen (pro hac vice) <br><br> Eleven Times Square <br> New York, NY 10036 <br> Tel: (212) 969-3000 <br> Fax: (212) 969-2900 | */s/ Juan Rafael González Muñoz* <br> Juan Rafael González Muñoz <br> USDC No. 202312 <br><br> P.O. Box 9024055 <br> San Juan, Puerto Rico 00902-4055 <br> Phone: (787) 766-5052 <br> jgonzalez@gonzalezmunozlaw.com <br><br> *Attorney for Movant* |
| **O'NEILL & BORGES LLC** | |
| */s/ Hermann D. Bauer* <br> Hermann D. Bauer <br> USDC No. 215205 <br> Carla García-Benítez <br> USDC No. 203708 <br> Gabriel A. Miranda <br> USDC No. 306704 <br><br> 250 Muñoz Rivera Ave., Suite 800 <br> San Juan, PR 00918-1813 <br> Tel: (787) 764-8181 <br> Fax: (787) 753-8944 <br><br> *Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth* | |

SO ORDERED on October 19, 2022

*/s/ Laura Taylor Swain*
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE