UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

    Debtors.[1]

------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

(Jointly Administered)

**SECOND STATUS REPORT OF THE AVOIDANCE ACTIONS TRUSTEE
IN CONNECTION WITH THE COURT'S AVOIDANCE ACTION PROCEDURES**

Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust, respectfully submits this second status report ("Second Status Report") in compliance with Part III of the Court's Avoidance Action Procedures [DE No. 20937, Appendix 2] ("Procedures") and respectfully states as follows:

**RELEVANT BACKGROUND**

1.    The Court's Procedures required the Trustee to file a "brief update on the status of each Avoidance Action, including (as to each such action that remains pending at such time)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

whether the parties are engaging in informal settlement discussions, the schedule established for mediation, and whether the Trustee expects the Avoidance Action to be litigated." [Procedures, DE No. 20937, Appendix 2, Pt. III, § (i)].

2. In accordance with the Procedures, the Trustee, on September 20, 2022, filed its first status report following the conclusion of the first one hundred and twenty (120) days of the Stay Period. [*See* DE No. 22331] ("First Status Report").

3. The First Status Report included a Case Update that detailed the Trustee's progress and efforts concerning undertaking informal settlement discussions and mediations in the pending Avoidance Actions.

4. The Procedures require further status reports "every thirty (30) days thereafter."

5. Accordingly, the Trustee respectfully submits below its Second Status Report.

## STATUS REPORT

6. For the Court's reference, the Trustee respectfully notes that: (i) as with the First Status Report, this Second Status Report attaches a Case Update as **Exhibit A** (the "Second Case Update"), and (ii) all updates within the thirty-day period since the Trustee's filing of the First Status Report are emphasized using a red font color.

7. As part of this Second Status Report, the Trustee summarizes certain data points contained within the attached Second Case Update, with a particularized focus on updates since the filing of the First Status Report:

   a. There are fifty-one (51) Avoidance Actions that have been filed, which are subject to the Procedures.

   b. The Trustee has sent each of the defendants in the Avoidance Actions more than one invitation to mediate, and has continued its efforts to

2

      schedule mediations in Avoidance Actions that had not yet scheduled a mediation date.

c. The Trustee has now submitted twenty-five (25) Position Papers[2] to the Avoidance Actions defendants and will continue to submit Position Papers to each defendant in advance of mediation as those mediations are scheduled.

d. The Trustee has already <u>completed</u> mediation with eleven (11) defendants, which includes four (4) mediations since the First Status Report.

e. The Trustee has <u>scheduled</u> an additional eighteen (18) mediations to occur, which includes sic (6) appointments since the First Status Report.

f. The Trustee has <u>tentatively scheduled mediations</u> (or is in the process of <u>re-scheduling</u> previously-scheduled mediations) in five (5) of the Avoidance Actions, including one (1) tentative mediation dates since the First Status Report.

g. Since the First Status Report, the Trustee has continued to engage in informal communications with twelve (12) defendants with the aim of scheduling mediation with them in the near term.

h. The Trustee reports that only three (3) defendants have failed to respond to the Trustee's invitation to mediate, despite repeated communications. The First Status Report reported six (6) such Defendants. The Trustee

---

[2] As the Trustee noted in the First Status Report, the Trustee is continuing to provide its detailed, written position regarding the pending claims in advance of mediation as they are scheduled. These Position Papers are the result of a factual and legal analysis of the issues related to each individual claim, including consideration of any defenses raised by the defendant or tolled party.

      will endeavor to schedule mediation with such defendants notwithstanding the unresponsiveness to date.

   i. The Trustee has reached a settlement with two Avoidance Actions defendants following mediation. For one defendant, the Trustee has documented that settlement and is waiting for payment from the defendant before filing any final dismissal papers. For the other defendant, the Trustee has reached a settlement in principle and the Parties are conducting further due diligence and finalizing the settlement documents.

   j. As part of the Trustee's ongoing effort to engage in settlement and pre-mediation communications with defendants, one defendant has indicated that the Trustee may seek a default judgment with the court. In light of this communication, the Trustee has requested from this defendant whether it would consent to a judgment. In any event, the Trustee anticipates lifting the stay as to this one action once the Trustee has obtained insight from defendant's counsel.

8. In addition to the Avoidance Actions Defendants, the Trustee continues to use the established mediation framework as an opportunity to engage with parties subject to tolling agreements ("Tolled Parties"), even though they are not subject to the Court's Order implementing the Procedures. As previously reported, the Trustee has invited the Tolled Parties to mediation, using the same process as for the Avoidance Actions defendants, although acknowledging that participation is voluntary.

9. Mindful of the confidentiality imposed by the tolling agreements, the Trustee can report the following:

   a. The Trustee has invited one hundred percent (100%) of the Tolled Parties to mediation.

   b. Eighty-three percent (83%) of the Tolled Parties have agreed to mediation.

   c. Fifty-six percent (56%) of the Tolled Parties have already scheduled mediation.

   d. Twenty-eight percent (28%) of the Tolled Parties are in the process of scheduling mediation.

   e. Fifty percent (50%) of the Tolled Parties have received a Position Paper from the Trustee.

   f. Only six percent (6%) of the Tolled Parties have failed to respond to the Trustee's invitation to mediate, despite repeated communications.

10. The Trustee appreciates the efforts of the defendants and their counsel who have been responsive throughout this process.

Dated this 20th day of October 2022

Respectfully submitted by:

/s/ John Arrastia
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com
*Counsel to the Trustee*

/s/ *Juan J. Casillas Ayala*

5

>Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
>Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
>Juan C. Nieves González, Esq. (USDC-PR 231707)
>Edna Tejeda Oyola (USDC-PR 219803)
>**CASILLAS, SANTIAGO & TORRES LLC**
>El Caribe Office Building
>53 Palmeras Street, Ste. 1601
>San Juan, Puerto Rico 00901-2419
>Telephone: (787) 523-3434
>jcasillas@cstlawpr.com
>lllach@cstlawpr.com
>jnieves@cstlawpr.com
>etejeda@cstlawpr.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on October 20, 2022, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

>*/s/ John Arrastia*
>John Arrastia, Esq.