UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Re: ECF No. 21217<br><br>(Jointly Administered) |

ORDER EXTENDING ADMINISTRATIVE CLAIM BAR DATE
FOR CERTAIN PARTIES AND MODIFYING DISCHARGE INJUNCTION

Upon the *Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to Be Heard* (Docket Entry No. 21217 in Case No. 17-3283) (the "Motion"); and the Court having reviewed the *Response of the Financial Oversight and Management Board to Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to Be Heard* (Docket Entry

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

No. 22130 in Case No. 17-3283) (the "Response");[2] and the Court having found it has subject matter jurisdiction of this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the Movant provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion and the Response establish just cause for the relief granted herein; and after due deliberation, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein, and DENIED in all other respects.[3]

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Response.

[3] The Court has reviewed the Motion and the *Reply to Response of the Financial Oversight and Management Board to Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process Request to Be Heard* (Docket Entry No. 22412 in Case No. 17-3283) (the "Reply"), filed by Ivelisse Calderón-Alibrán and Carlos Torres Viada (collectively, "Movants"). To the extent that Movants request relief beyond that which is provided in this Order, such request is denied because Movants lack standing.

Section 1109(b) of the Bankruptcy Code, made applicable to the above-captioned Title III cases by 48 U.S.C. § 2161(a), provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C.A. § 1109(b) (West 2016). However, a "party claiming to be a 'party in interest' must still satisfy the general requirements of the standing doctrine." Sentinel Tr. Co. v. Newcare Health Corp. (In re Newcare Health Corp.), 244 B.R. 167, 171 (B.A.P. 1st Cir. 2000) (quoting S. Blvd., Inc. v. Martin Paint Stores, 207 B.R. 57, 61 (S.D.N.Y. 1997)); cf. Assured Guaranty Corp. v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 872 F.3d 57, 64 n.7 (1st Cir. 2017) (noting applicability of "zone of interests" prudential standing doctrine in addition to Article III and "party in interest" standing). As such, parties must satisfy the requirements of prudential standing, including the requirement that a party's claim is "premised on his own legal rights (as opposed to those of a third

2. The Administrative Claim Bar Date pursuant to decretal paragraph 44 of the Confirmation Order and section 1.51 of the Plan shall be extended to **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Extended Administrative Claim Bar Date"), solely with respect to any claim or cause of action:

> (A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and
>
> (B) the holder of such claim did <u>not</u> receive service of the Effective Date Notice as documented in a Certificate of Service referred to in paragraph 3 below.

---

party)." Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012) (quoting Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006)).

Here, Movants are creditors who are pursuing litigation against the Commonwealth. (Mot. ¶¶ 1-2.) They are therefore "parties in interest" within the meaning of section 1109(b). However, the relief sought by Movants—including additional notice to claimants and potential claimants and an expansion of the types of claims that the Oversight Board proposes removing from the scope of the Administrative Claim Bar Date—does not concern Movants' rights, because Movants received actual notice of the Administrative Claim Bar Date prior to that date. (See, e.g., Mot. at Ex. 4 ¶ 14 (notice dated April 29, 2022, filed by the Commonwealth in litigation captioned Calderón-Alibrán v. Puerto Rico, stating that "Plaintiff's only recourse is the filing of an Administrative Expense Claim before the Title III Court, per the Confirmation Order and the Notice, attached hereto").) Moreover, it appears that Movants were actually aware of the import of the Administrative Claim Bar Date as it concerns their rights. (See id.; see also Reply ¶ 12 (stating that "upon the threat of the Administrative Claim Bar Date[,] Movants came to the undersigned counsel for advice and managed to file the [Motion] just before the Administrative Claim Bar Date expired").) To the extent that they believe that additional notice or explanation of the Administrative Claim Bar Date would be beneficial to other creditors, Movants lack standing to assert those creditors' interests. To the extent that Movants or other creditors require relief from the Administrative Claim Bar Date, they may make such a request on their own behalf, and the Court will resolve any such dispute on an appropriate record.

3. Within three (3) business days of entry of this Order, the Debtors shall make available the Certificates of Service on its case website maintained by Kroll Restructuring Administration LLC (formerly, Prime Clerk LLC).

4. The Extended Administrative Claim Bar Date shall not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

5. The requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and after the applicable petition date with respect to the Commonwealth, ERS, and PBA and prior to the Effective Date: (i) Eminent Domain/Inverse Condemnation Claims, (ii) claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 et seq., (iii) claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 et seq., (iv) tax refund claims, and (v) claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

6. The injunctions contained in section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order are modified solely to the limited extent of allowing litigation with respect to claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, to proceed to final judgment and execution, including any appeals.

7. In accordance with Bankruptcy Rule 2002, the Debtors, through Kroll, are authorized and directed to cause a copy of a notice, substantially in the form attached as Exhibit B to the Response, to be published once, no later than fourteen (14) days after entry of this Order, in each of (i) *El Nuevo Dia* (in Spanish), (ii) *Caribbean Business* (in English), (iii) *El Nuevo Herald* (in Spanish), (iv) *The New York Times* (in English), (v) *The Bond Buyer* (in English), (vi) *El Vocero* (in Spanish), and (vii) *Primera Hora* (in Spanish).

8. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order.

10. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

11. This Order resolves Docket Entry No. 21217 in Case No. 17-3283.

SO ORDERED.

Dated: October 20, 2022

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge