# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 21217**<br><br>(Jointly Administered) |

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD ON
BEHALF OF THE COMMONWEALTH OF PUERTO RICO TO SUCESIÓN
PASTOR MANDRY MERCADO'S MOTION FOR LEAVE TO AMEND
PROOF OF CLAIM KROLL NUMBER 6272**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this limited response and reservation of rights (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

"Response") to *Sucesión Pastor Mandry Mercado's Motion for Leave to Amend Proof of Claim Kroll Number 6272* [Case No. 17-3283, ECF No. 22599][3] (the "Motion").

## RELEVANT BACKGROUND

1. On April 19, 2018, Sucesión Mandry (as defined in the Motion) filed proof of claim number 6272 for $30,000,000, asserting a claim arising from the alleged inverse condemnation of its properties by the Commonwealth, as subsequently determined by the Court of First Instance of Puerto Rico, Superior Section of Ponce (the "Court of First Instance"), in the case styled *Salvador Eduardo Mandry Nones,* et. als. *vs. Commonwealth of Puerto Rico,* et. als., Case No. JAC-2008-0853.

2. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No 19784] (as amended, supplemented, or modified, the "Plan").[4] The Confirmation Order provides that, "[a]s of the commencement of the Confirmation Hearing, a proof of Claim may not be amended without the approval of the Title III Court." Confirmation Order, ¶ 42.

3. The Plan provides:

> From and after the Effective Date, (a) to the extent not modified prior thereto, the automatic stay extant pursuant to section 362 of the Bankruptcy Code shall be deemed modified in order to permit the holder of an Eminent Domain/Inverse Condemnation Claim to

---

[3] Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-3283.

[4] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

2

> (i) liquidate such Eminent Domain/Inverse Condemnation Claim in such holder's Eminent Domain Proceeding and (ii) cause the Clerk of the Court of First Instance to distribute to such holder the amount of monies on deposit with the Court of First Instance with respect to the condemned property, and (b) **subject to the entry of the Confirmation Order or the Findings of Fact and Conclusions of Law in respect of the Plan providing such Claims must be paid in full to the extent they are Allowed Claims for just compensation, upon each such order becoming a Final Order**, and upon the occurrence of another Final Order determining the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the holder of an Allowed Eminent Domain/Inverse Condemnation Claim shall be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim, in Cash, one hundred percent (100%) of such Allowed Eminent Domain/Inverse Condemnation Claim; *provided, however*, that, in the event that (x) the Oversight Board appeals from the Confirmation Order and the Findings of Fact and Conclusions of Law regarding the Title III Court's ruling that Allowed Eminent Domain/Inverse Condemnation Claims must be paid in full or otherwise be rendered unimpaired pursuant to the Plan, (y) such appeal is successful, and (z) a Final Order is entered holding that Allowed Eminent Domain/Inverse Condemnation Claims may be impaired, subject to the terms and provisions of Articles LXXVII and LXXXII of the Plan, each holder of an Allowed Eminent Domain/Inverse Condemnation Claim shall be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim, and the Reorganized Commonwealth shall make, payments, in Cash, in an amount equal to the pro rata payments to be made to holders of Allowed CW General Unsecured Claims up to the GUC Recovery Cap.

Plan, § 58.1 (emphasis added).

4. The Court of First Instance's holding was affirmed on appeal, and subsequently, on April 1, 2022, the Supreme Court of Puerto Rico denied the Commonwealth's second motion to

reconsider the denial of the Commonwealth's petition for certiorari from the Commonwealth Court of Appeals, rendering the decision of the Court of First Instance final.

5. On August 31, 2022, Sucesión Mandry filed proof of claim number 179550 for $30,496,000, purporting to amend its original claim.

6. On October 13, 2022, Sucesión Mandry filed the Motion, seeking leave of the Court to permit Sucesión Mandry to amend its proof of claim to be $34,306,290.84.

7. On October 13, 2022, the Court entered an order establishing October 27, 2022 at 5:00 p.m. (Atlantic Standard Time) as a response deadline for the Motion.

8. On October 17, 2022, the Oversight Board filed a petition for certiorari to the United States Supreme Court seeking review of the First Circuit Court of Appeal's ruling affirming this Court's holding that Eminent Domain/Inverse Condemnation Claims (as defined in the Plan) may not be discharged pursuant to the Plan without paying such claims in full. As of the date hereof, the United States Supreme Court has not determined whether to grant the Oversight Board's petition for certiorari.

## LIMITED RESPONSE AND RESERVATION OF RIGHTS

9. The Oversight Board does not object to the limited relief requested in the Motion, i.e., the amendment of the proof of claim.

10. Pursuant to Plan, however, until the Confirmation Order provisions requiring Eminent Domain/Inverse Condemnation Claims must be paid in full to the extent they are Allowed Claims for just compensation become a Final Order (as defined in the Plan), the Commonwealth is not required to pay just compensation to any such claimants, other than to "distribute to such holder the amount of monies on deposit with the Court of First Instance with respect to the condemned property[.]" Plan § 58.1. In accordance therewith, as of the date hereof, and pending

the decision of the United States Supreme Court regarding the petition for certiorari, the Oversight Board has not made any payments to any holders of Eminent Domain/Inverse Condemnation Claims (other than by distributing monies on deposit with the Court of First Instance).

11. Additionally, the Oversight Board reserves all rights to object to the amount of the Allowed Claim asserted by Sucesión Mandry, including, without limitation, the amount, if any, of pre-judgment, post-judgment, and/or post-petition interest that constitutes an Allowed Claim under the Plan.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE** the Oversight Board requests the Court respectfully takes notice of the foregoing, and grants such relief as is just and proper.

Dated: October 21, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*