ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE  San Juan
SALA SUPERIOR DE  San Juan

| OBED  E. JOHNSON | CASO NÚM.   SJ2022CV01582 (SALÓN 904) |
|---|---|
| VS | |
| LCDA FABIOLA ACARON PORRATA DORIA Y OTROS | SOBRE:                MANDAMUS |

A:   OBED  E. JOHNSON
     INSTITUCION GUAYAMA 500
     AB 033 P O BOX 1000 5
     GUAYAMA, PR 00785

## NOTIFICACIÓN

A:   OBED  E. JOHNSON
     INSTITUCION GUAYAMA 500, AB 033 P O BOX 1000 5, GUAYAMA, PUERTO RICO, 00785

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al (a la) MOCIÓN DE POR DERECHO PROPIO [6] este Tribunal emitió una SENTENCIA el 30 de marzo de 2022.

Se aneja copia o incluye enlace:

Presione aquí para acceder al documento electrónico objeto de esta notificación. [7]

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta SENTENCIA, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 31 de marzo de 2022, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  San Juan, Puerto Rico, a 31 de marzo de 2022.

| GRISELDA RODRIGUEZ COLLADO | Por:    f/VANESSA NIEVES MORALES |
|---|---|
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| OBE E JOHNSON | CIVIL NÚM.: SJ2022CV01582 |
| DEMANDANTE | |
| V. | SALA: 904 |
| LCDA. FABIOLA ACARON PORRATA DORIA; ESTADO LIBRE ASOCIADO DE PUERTO RICO; ADMINISTRACIÓN DE CORRECCIÓN | SOBRE: MANDÁMUS |
| DEMANDADOS | |

## SENTENCIA

I.     Resumen del tracto procesal y fáctico

El 18 de enero de 2022, el Sr. Obe E. Johnson (Sr. Johnson) presentó una solicitud de Mandamus, al amparo de la Regla 54 de Procedimiento Civil contra la Lcda. Fabiola Acarón Porrata Doria, la Administración de Corrección y el Estado Libre Asociado (en conjunto, los Demandados). En síntesis, el Sr. Johnson alegó que este presentó un pleito contra los Demandados sobre habeas corpus y daños y perjuicios por lo que este entiende que fue un wrongful conviction. Durante el pleito, se aprobó la Ley PROMESA, por lo que las acciones presentadas por este contra el Estado se les aplicó la paralización automática que aplica durante un procedimiento de quiebra. El Sr. Johnson acudió ante el Tribunal Federal a solicitar que se les permitiera continuar con los pleitos presentados. Durante estos pleitos, se le ordenó al Gobierno a informarle al Sr. Johnson cada 90 días sobre lo que está ocurriendo con sus pleitos. El Sr. Johnson arguye que el Estado, pasados ya 90 días, no ha procedido a informarle sobre el estatus de sus casos, como ordenó el Tribunal Federal.

Tan pronto nos fue asignado el recurso procedimos a emitir la siguiente Orden:

> Parte demandante proceda a cumplir con la Regla 54 de Procedimiento Civil. Presente la evidencia del requerimiento previo hecho a la parte demandada, además indique de manera clara y detallada, cual es el deber ministerial incumplido y cual s la ley de donde surge que dicho deber está catalogado como deber ministerial. Tenga 10 días finales para actuar so pena de dictar Sentencia desestimando la demanda.

El 28 de marzo de 2022, el Demandante presentó Moción por derecho propio.

Examinada los escritos presentados, así como los anejos incluidos y a la luz del derecho aplicable, estamos en posición de resolver.

II.     Determinaciones de hechos

Tomamos como como ciertos todos los hechos bien alegados de la demanda. Esto significa que, se toman como cierto solo los hechos alegados correctamente, sin incluir las alegaciones concluyentes,

conclusiones de derecho y los hechos alegados de forma generalizada que reciten de forma trillada los

elementos de la causa de acción y las conclusiones de derecho.

## III.   Exposición de Derecho

### A.  *El mandamus*

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el recurso de

*mandamus* y dispone que:

> [E]s un auto altamente privilegiado dictado por el Tribunal Supremo del
> Estado Libre Asociado, o por el Tribunal de Primera Instancia de Puerto
> Rico, a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a
> alguna persona o personas naturales, a una corporación o a un tribunal
> judicial de inferior categoría dentro de su jurisdicción requiriéndoles para
> el cumplimiento de algún acto que en dicho auto se exprese y que esté
> dentro de sus atribuciones o deberes. Dicho auto no confiere nueva
> autoridad y la parte a quien obliga deberá tener la facultad de poder
> cumplirlo.

El auto de mandamus es el recurso adecuado **para solicitarle al tribunal que le ordene a una**

persona, a una corporación o a un tribunal de inferior jerarquía, que cumpla o ejecute un acto que

forma parte de sus deberes y atribuciones. El carácter privilegiado que caracteriza el mandamus

significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción

del foro judicial. *Carrasquillo Román v. Departamento de Corrección,* 2020 TSPR 70, *AMPR v. Srio. Educación,*

*E.L.A.,* 178 DPR 253, 266 (2010). En estos casos, la discreción implica que el tribunal no está atado a un

remedio en específico, "sino que puede diseñar un remedio compatible con los intereses públicos

envueltos". Íd.

El Tribunal Supremo de Puerto Rico, al analizar la procedencia de este recurso extraordinario, lo

ha descrito como un recurso discrecional y altamente privilegiado. *AMPR v. Srio. Educación,* E.L.A., supra,

pág. 263. Su expedición depende inexorablemente del carácter del acto que se pretende compeler. *Acevedo*

*Vilá v. Aponte Hernández,* 168 DPR 443, 454 (2006). El *mandamus* solo debe proceder cuando se exige "el

cumplimiento con un deber impuesto por la ley; es decir, de un deber calificado de 'ministerial' y que,

como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo". (Énfasis nuestro).

*AMPR v. Srio. Educación,* E.L.A., supra, pág. 263.

Los tribunales han interpretado que un deber se considera ministerial cuando la ley lo prescribe y

define con tal precisión y certeza que no admite el ejercicio de la discreción o juicio. *AMPR v. Srio. Educación,*

E.L.A., supra, pág. 264.  Por lo tanto, "[s]i el deber surge o no claramente de las disposiciones aplicables,

es cuestión sujeta a interpretación judicial que no depende de un juicio a priori fundado exclusivamente

en la letra del estatuto". *Hernández Agosto v. Romero Barceló,* 112 DPR 407, 418 (1982).  Este deber ministerial

debe emanar de algún empleo, cargo o función pública, por lo que procede contra cualquier funcionario de la rama ejecutiva, cualquier agencia, junta o tribunal inferior del sistema judicial. *AMPR v. Srio. Educación, E.L.A.*, supra, pág. 265.

El recurso de mandamus solo puede utilizarse para exigir que se cumpla con un deber ministerial cuando no se dispone de otro remedio legal adecuado. *Carrasquillo Roman v. Departamento de Corrección*, supra. Es decir, "no procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". *AMPR v. Srio. Educación, E.L.A.*, supra, pág. 266-267. (Énfasis nuestro). Sobre el deber ministerial, el Tribunal Supremo ha expresado que este "no se trata de una directriz o una disposición que permite hacer algo, sino de un mandato específico que la parte demandada no tiene opción para desobedecer". *Carrasquillo Román v. Departamento de Corrección*, supra.

Ahora bien, para que proceda un recurso de *mandamus*, la parte peticionaria debe cumplir con varios requisitos: incluir en su petición el acto que requiere que lleve a cabo el peticionado; la fuente legal que le impone la obligación de actual al peticionado; y, demostrar que hizo un requerimiento previo y este no fue debidamente atendido por el demandado. *AMPR v. Srio. Educación*, supra, pág. 267; *Noriega v. Hernández Colón*, 135 DPR 406, 448-449 (1994). Así pues, la jurisprudencia requiere que el peticionario le haya requerido al demandado que cumpla con su deber ministerial. D. Rivé Rivera, *Recursos Extraordinarios*, 2da ed., San Juan, Ed. Universidad Interamericana de Puerto Rico, 1996, pág. 125. Por tanto, el peticionario está obligado a establecer en su petición el hecho de que le requirió al demandado el cumplimiento y el hecho de que este se negó u omitió cumplir con tal deber. Rivé Rivera, *op. cit.*, pág. 125.

El tribunal, al atender un recurso de *mandamus*, debe estar convencido de que expedir el auto cumple con su propósito y con la utilidad social e individual como un recurso altamente privilegiado. *Díaz Saldaña v. Acevedo Vilá*, 168 DPR 359, 367 (2006). Esto, ya que este recurso se considera altamente privilegiado. Íd. A su vez, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54, dispone que "el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente".

Cuando se nos solicita la expedición de auto de mandamus, los tribunales debemos considerar: (1) el posible impacto que este pueda tener sobre los intereses públicos involucrados; (2) evitar una intromisión indebida en los procedimientos del poder ejecutivo; y (3) que el auto no se preste a confusión

*Sentencia SJ2022CV01582*                                                                                    *4*

o perjuicio de los derechos de terceros. *AMPR v. Srio. Educación, E.L.A.*, supra, pág. 268. Sobre los referidos

factores, el Tribunal Supremo ha reconocido que al evaluar la expedición de un mandamus el más

importante de ellos es el posible impacto que el recurso pudiera ocasionar al interés público. Íd. Así, la

expedición de un mandamus no puede ser producto de un ejercicio mecánico, sino que los tribunales

deben realizar un balance entre los intereses en conflicto, sin obviar la utilidad social e individual de la

decisión. Íd.

IV.    Aplicación del Derecho a los hechos

Ante nuestra consideración tenemos el recurso de mandamus presentado contra los Demandados

por el Sr. Obe E Johnson. Este nos solicita la expedición del auto del mandamus para ordenarle a los

demandados cumplir con la Orden emitida en el Tribunal Federal, la cual ordenó al Gobierno a informarle

al Sr. Johnson cada 90 días sobre lo que está ocurriendo con sus pleitos presentados en dicho foro federal.

Debemos recordar que el mandamus solo procede cuando se exige el cumplimiento de un deber

impuesto por la ley. Un deber se considera ministerial cuando la ley lo prescribe y define con tal precisión

y certeza que no admite el ejercicio de la discreción o juicio.

La solicitud de *mandamus* se hace mediante un affidavit o una demanda juramentada en la que se

detallan los actos que se le requiere a la parte demandada. Además, incluirá la fuente legal que impone a

la parte demandada la obligación descrita e incluirá el requerimiento previo que se le hizo a la parte

demandada. *Carro v. Matos*, 67 DPR 465 (1947); *Medina v. Fernós, Comisionado*, 64 DPR 857 (1945); *Pluguez v.*

*Junta de Retiro*, 50 DPR 694 (1936).

Debe existir un requerimiento previo, excepto:

1. Cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues se hubiese
   denegado si se hubiera hecho, o
2. Cuando se utiliza el remedio de *mandamus* para obligar el cumplimiento de una función
   que redunda en beneficio del público en general, y no para el beneficio de una persona
   privada ("no es necesario hacer un requerimiento previo al funcionario encargado de
   ejecutar el acto"). *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 267 (2010).

Las circunstancias que motivan la petición de *mandamus* en el caso de autos, no están dentro de las

excepciones mencionadas anteriormente, por lo que, como requisito para su presentación, la parte

demandante tenía que incluir la evidencia sobre las gestiones que realizó y/o los requerimientos hechos a

los Demandados para que cumplan con el alegado deber ministerial. El demandante no presentó evidencia

del requerimiento previo que realizó a los demandados.

Por otro lado, no existe un deber ministerial en el caso de autos. El Demandante nos solicita, a

través del recurso extraordinario una Orden para que se cumpla con lo ordenado por el Tribunal Federal.

*Sentencia SJ2022CV01582*

5

Ciertamente, el Demandante tiene remedios adecuados disponibles a través del caso ante el Tribunal Federal y solicitar allí la expedición de las ordenes necesarias para velar por el cumplimiento de las directrices impartidas por dicho foro.

En vista de lo anteriormente expuesto, se procede a dictar Sentencia desestimando la demanda por tener el demandante remedios disponibles, no haber presentado el requerimiento previo y lo solicitado no tratarse de un deber ministerial.

Regístrese y Notifíquese

En San Juan, Puerto Rico a 30 de marzo de 2022.

f/ ANTHONY CUEVAS RAMOS
JUEZ SUPERIOR