UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO THE RESPONSE FILED BY MARIA C. FIGUEROA TORRES [ECF NO. 21310] TO THE FOUR HUNDRED FIFTY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Objecting Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Objecting Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the motion to inform [Case No. 17-BK-3283-LTS, ECF No. 21310][3] (the "Response") filed by claimant Maria C. Figueroa Torres ("Claimant") to the *Four Hundred Fifty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* [ECF No. 20784] (the "Four Hundred Fifty-Third Omnibus Objection"). In support of this Reply, the Objecting Debtors respectfully represent as follows:

1. On June 2, 2021, Claimant filed a proof of claim against the Commonwealth, logged by Kroll Restructuring Administration LLC as Proof of Claim No. 179281 (the "Claim"), in the amount of $63,235.80, claiming wages purportedly owed to Claimant by (i) the Department of Health, an agency of the Commonwealth for services performed at the Ponce District Hospital and/or (ii) the Ponce District Hospital.

2. On July 2, 2021, the Claim was transferred into the Debtors' existing administrative reconciliation process (the "Administrative Claims Reconciliation") to be resolved in accordance

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3283-LTS.

2

with the procedures contained in Exhibit A to the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274]. *See Fifteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17212].

3. Following the transfer of the Claim into Administrative Claims Reconciliation, in light of the Oversight Board's determination that the Claim asserts both wages owed by the Department of Health and wages owed by the Ponce District Hospital, the Oversight Board bifurcated the Claim into two separate portions: one portion for the purported wages allegedly owed by the Department of Health, which retained Proof of Claim No. 179281 (the "DOH Claim"); and one portion for the purported wages allegedly owed by the Ponce District Hospital, which portion was assigned Proof of Claim No. 179281-1 (the "PDH Claim").

4. On May 13, 2022, (i) the Debtors removed the PDH Claim from Administrative Claims Reconciliation, *see Notice of Removal of Certain Claims from Administrative Claims Reconciliation and Alternative Dispute Resolution* [ECF No. 20778] and (ii) the Objecting Debtors filed the Four Hundred Fifty-Third Omnibus Objection seeking to disallow claims that seek recovery for asserted liabilities owed by entities that are not Title III debtors, each as set forth on **Exhibit A** thereto. In particular, the Four Hundred Fifty-Third Omnibus Objection sought to disallow, among other claims, the PDH Claim because it asserts wages owed by the Ponce District Hospital, not by the Commonwealth, ERS, HTA, or any of the other Debtors. *See* Four Hundred Fifty-Third Omnibus Objection, Ex. A [ECF No. 20784-1] at 8 (objecting to only the PDH Claim (Claim No. 179281-1)). The Fourth Hundred Fifty-Third Omnibus Objection made clear that the DOH Claim was "transferred into the Administrative Claims Reconciliation (ACR) process and will be resolved consistent with the ACR procedures". *Id.*

5. Any party who disputed the Four Hundred Fifty-Third Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on June 29, 2022 in accordance with the Court-approved notice attached to the Four Hundred Fifty-Third Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Four Hundred Fifty-Third Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1]). *See Certificate of Service* [ECF No. 21011].

6. On June 22, 2022, Claimant filed the Response. Therein, Claimant notes that Claimant provided a copy of the Agreement on Professional and Consultant Services between the Commonwealth of Puerto Rico and Maria C. Figueroa Torres, for services to be provided at the Ponce District Hospital (the "Agreement'). The Claimant asserts that the PDH Claim is a liability of the Commonwealth, as the Agreement is with the Commonwealth.

7. The Commonwealth does not dispute that a portion of the Claim is asserted against the Department of Health, which is a Commonwealth agency. As of the date of this Reply, the Commonwealth has not objected to such portion of the Claim (the DOH Claim). The DOH Claim remains in Administrative Claims Reconciliation. However, and unfortunately, the Claim fails to distinguish as to what portion of the Claim's asserted amount of $63,235.80 is asserted against the Department of Health. As a consequence, the Commonwealth does object to the portion of the Claim to the extent that it is asserted against the Ponce District Hospital in the PDH Claim. The Ponce District Hospital is not a Title III debtor or an agency of the Department of Health, the Commonwealth or any of the other Debtors. To the extent that Ponce District Hospital was previously considered a part of the Department of Health, it can be addressed through the DOH

4

Claim to be resolved under the Administrative Claims Reconciliation process, without prejudice to the rights of the Commonwealth to object to the DOH Claim on any ground whatsoever.

8. For the foregoing reasons, the Objecting Debtors respectfully request that the Court grant the Four Hundred Fifty-Third Omnibus Objection and disallow the PDH Claim, in the amount that it is determined.

Dated: October 21, 2022
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority*

5