

**Estado Libre Asociado de Puerto Rico**

## Administración de Corrección

25 de abril de 2008

Dr. Wilfredo Estradas Adorno
Administración Auxiliar de Programas y Servicios

Atención:    **Evaristo Cruz Morales**
Director Oficina de Record Criminal

Lcda. Sheila M. Rosario Vicente
Directora
Oficina de Asuntos Legales

---

### Re: LIQUIDACION DE SENTENCIAS EN CONVICCIONES POR LEY DE ARMA

Mediante comunicado con fecha del 7 de abril de 2008, el Sr. Evaristo Cruz presentó un informe en el cual expresa ciertas dificultades confrontadas por razón del cambio en el orden de la liquidación de sentencias en convicciones por violación a la Ley de Armas[1].

Señala el Sr. Cruz en el comunicado que al proceder con el nuevo computo de sentencia, liquidando primero la convicción por Ley de Armas y finalmente las demás convicciones, conflige con el procedimiento de adjudicar bonificaciones ya ganadas por miembros de la población correccional. Esto debido a que, las personas sentencias por violación a la Ley de Armas no tiene derecho a rebaja de sentencia mediante la bonificación.

Primeramente es preciso señalar que nuestros Tribunales han interpretados que aquellos artículos de la Ley de Armas, que de manera expresa no prohíben el derecho de bonificación, bonifican[2]. Dicha bonificación será de conformidad a lo dispuesto en la Ley Orgánica de la Administración de Corrección, Ley Núm. 116 de 22 de julio de 1974, y sus enmiendas[3].

---

[1] Ley 404 de 11 de septiembre de 2000, según enmendada.
[2] Artículos que bonifican: 2.08(A); 2.10 (i); 5.02; 5.04 (2do y 4to párrafo); 5.06 (excepto la pena multa); 5.08; 5.09; 5.10; 5.12 (excepto la pena multa); 5.15(A); 5.15(B); 5.19; 6.01; 6.02; y 6.03.
[3] El Tribunal Apelativo en Edgardo Báez Sierra v. AC KLRA0700700, resolvió que mediante la Ley Núm. 315 de 15 de septiembre de 2004, **toda** persona sentenciada por hechos cometidos a

---

*Proveyendo Seguridad, Propiciando Rehabilitación*
Apartado 71308, San Juan, Puerto Rico 00936 Tel. (787) 273-6464

De acuerdo a lo anterior, el primer análisis que se debe realizar al evaluar los expedientes criminales es si el MPC cumple sentencia por unos de los artículos de la Ley de Armas, que sí bonifican. De ser esta contestación en la afirmativa, procedería entonces que aquellas bonificaciones anteriormente adjudicadas a aquella(s) convicción(es) por las cuales sí tenía derecho a bonificar, sean ahora acreditadas a la sentencia por el delito de Ley de Armas.

En caso de que la persona sea convicta por alguno de los artículos de la Ley de Armas que expresamente prohíbe el derecho a bonificar, una vez realizado el cambio en el orden del cumplimiento de la sentencia colocando la convicción por Ley de Armas al inicio, toda bonificación anteriormente adjudicada al miembro de la población correccional tiene que dejarse en suspenso hasta tanto comience a cumplir aquellos delitos por los que tiene derecho a bonificar, y entonces acreditárseles. Entiéndase, no pueden adjudicar bonificación a una sentencia por algunos de los artículos que expresamente la Ley de Armas, prohíbe tal rebaja. Dicha acción seria totalmente contraria a derecho.

Una vez el MPC cumple la convicción por Ley de Armas y comience a cumplir por aquel(llos) delito(s) que tiene derecho a bonificar se le acreditan los días bonificados que se dejaron en suspenso. Se suma los abonos dejados en suspenso a los que obtiene al momento que comenzar a cumplir la convicción por la cual tiene derecho a bonificar y se le acrediten a su liquidación de sentencia.

En cuanto a los casos de perdidas de bonificación de buena conducta[4] por acción disciplinaria, el análisis que se debe realizar es el mismo que en el caso de bonificación por estudio y trabajo. ¿Está el MPC convicto por uno de los artículos de la Ley de Armas que tiene derecho a bonificar? Una vez se realiza el cambio del orden en la liquidación de sentencia, a esa convicción por Ley de Armas con derecho a bonificar se le descontará la pérdida de bonificación por medida disciplinaria.

En el caso que se haya impuesto una sanción de pérdida de bonificación y el MPC es convicto por alguno de los artículos que expresamente prohíben el derecho a bonificar dicha sanción se tendrá por no puesta. Esto debido a que la sanción se torna académica. Porque el MPC convicto por unos de estos artículos tendrá que cumplir la totalidad de su sentencia por la convicción de Ley de Armas, sin derecho a bonificación.

---

partir del 1 de mayo de 2005, (incluyendo convicciones por leyes especiales no atemperadas al Nuevo Código Penal) no tiene derecho a bonificación por buena conducta o asiduidad y la bonificación por trabajo o estudio fue reducida a un día por cada mes.
[4] Debo entender que se refiere a aquellos sentenciados por hechos cometidos antes de la vigencia de la Ley Núm. 315, *Supra*. Toda vez que a partir de la vigencia de esta ley, se suprime en su totalidad el derecho a bonificación por buena conducta o asiduidad (incluyendo a los convictos por leyes especiales no atemperadas al Nuevo Código Penal).

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
REGION JUDICIAL DE SAN JUAN

CASO NUM. KLCE201602273

SOBRE: CERTIORARI CON SENTENCIA CRIMINAL

EL PUEBLO DE PUERTO RICO

V.

JOHNSON, OBE E
* * * * * * * * * * * * * * * *

OBE E JOHNSON
INST GUAYAMA 500 AB-033
PO BOX 10005
GUAYAMA PR 00785

N O T I F I C A C I O N   D E   S E N T E N C I A

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL
EL PUEBLO R NOTIFICO EN EL CASO DE EPIGRAFE CON FECHA DE
27 DE FEBRERO DE 2017 , QUE HA SIDO DEBIDAMENTE REGISTRADA Y
ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE  PODRA USTED ENTERARSE
DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y SIENDO O  REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA
SENTENCIA, DE LA CUAL  PUEDE ESTABLECERSE  RECURSO DE APELACION,
DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS
DE ESTE CASO COPIA DE ELLA CON FECHA 02 DE MARZO DE 2017 .

SECRETARIO GENERAL SAN JUAN (SUP) -
PO BOX 190887 SAN JUAN PR 00919
HONORABLE PROCURADOR GENERAL -
PO BOX 9020192 SAN JUAN PR 00902-0192
FISCALIA DE DISTRITO DE SAN JUAN -
PO BOX 887 SAN JUAN PR 00919

SAN JUAN, PUERTO RICO, A 02 DE MARZO DE 2017 .

DIMARIE ALICEA LOZADA
_____
SECRETARIO

POR:  DIANIRIS BURGOS DIAZ
_____
SECR. AUX. TRIB.

OAT 704-1 - NOTIFICACION DE SENTENCIA-TA

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE-FAJARDO
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br>Peticionario<br><br>V<br><br>OBED E. JOHNSON<br>Recurrido | KLCE201602279 | *Certiorari*<br>Procedente del<br>Tribunal de Primera<br>Instancia<br>Sala de San Juan<br><br>Caso Núm.:<br>K PD2005G0656<br>Sala (1105)<br><br>Sobre:<br>ART. 173 C.P. |

Panel integrado por su presidente, Juez Bermúdez Torres, la Juez Nieves Figueroa y la Jueza Soroeta Kodesh.

Nieves Figueroa, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2017.

Comparece ante nosotros, mediante recurso de *certiorari*, el señor Obed E. Johnson (en adelante "peticionario"). Solicita la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante "TPI"), mediante la cual el Tribunal denegó su solicitud de corrección de sentencia al amparo de la Regla 185 de Procedimiento Criminal.

Examinado el recurso presentado así como el derecho aplicable, acordamos expedir el auto de *certiorari* y revocar la *Resolución* recurrida.

### I.

Surge del expediente ante nuestra consideración que, por hechos ocurridos el 9 de febrero de 2005, el 22 de abril de 2005 se celebró la lectura de acusación contra el peticionario por el delito de Artículo 173 del Código Penal de 1974 (robo) y por Artículos 5.04 (portación de arma sin licencia) y 5.15 (apuntar un arma de fuego) de la Ley de Armas. Concretamente, el peticionario fue





KLCE201603279

2

acusado de apropiarse ilegalmente de bienes muebles ajenos, mediante la violencia e intimidación y utilizando un arma de fuego. Además, se alegó como agravante el que los hechos se cometieron en la morada del perjudicado.

Luego de varios trámites procesales, incluyendo la celebración del juicio por Tribunal de Derecho, el 13 de junio de 2005 el peticionario fue hallado culpable en todos los cargos. El 15 de septiembre de 2005, notificada y archivada en autos el 23 de septiembre de 2005, el TPI emitió *Sentencia* en la que le impuso al peticionario veinte (20) años de cárcel por el Artículo 173 del Código Penal, diez (10) años por el Artículo 5.04 de la Ley de Armas y cinco (5) años por el Artículo 5.15 de la Ley de Armas, a ser cumplidas de forma consecutiva, para un total de treinta y cinco (35) años. **Surge del texto de la *Sentencia* emitida por el Artículo 173 del Código Penal que la misma fue impuesta bajo el Código Penal de 2004.**

Inconforme con la *Sentencia* emitida por el TPI, el 8 de abril de 2016 el peticionario presentó una *Moción al Amparo de Principio de Favorabilidad Ley Núm. 246 y el Artículo (4-B)*. Alegó que debía corregirse su sentencia y aplicársele el concurso de delitos para que sólo tuviera que cumplir la pena del delito más grave. Además, sostuvo que, conforme al principio de favorabilidad contenido en el Código Penal de 2012, debía reducirse la pena impuesta por el delito de robo.

El 4 de mayo de 2016, notificada y archivada en autos el 6 de mayo de 2016, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de resentencia presentada por el peticionario. El TPI concluye que como el peticionario había sido sentenciado bajo el Código Penal de 1974 por hechos ocurridos el 9 de febrero de 2005, debido a la cláusula de reserva contenida en el Código

Case:17-03283-LTS   Doc#:22667-1   Filed:10/20/22   Entered:10/21/22 13:23:45   Desc:
Exhibit in the Spanish language   Page 6 of 24

KLCE201602279                                                    3

Penal de 2012, no le aplicaban las disposiciones más benignas del nuevo Código Penal.

Posteriormente, el 28 de octubre de 2016 el peticionario presentó una moción por derecho propio en la que indicó que aunque fue sentenciado durante la vigencia del Código Penal de 1974, se le estaba aplicando el Código Penal de 2004 que comenzó a regir en mayo de 2005. Por tal razón, solicitó se corrigiera su sentencia de manera que apareciera correctamente en su hoja de liquidación.

El 3 de noviembre de 2016, notificada y archivada en autos el 4 de noviembre de 2016, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud del peticionario. El TPI concluyó que el peticionario había sido sentenciado bajo el Código Penal de 1974 y que la pena que se encontraba cumpliendo no era ilegal. Por tanto, habiendo transcurrido más de noventa (90) días de haber sido dictada la sentencia, al amparo de la Regla 185 de Procedimiento Criminal, la sentencia no podía ser objeto de revisión, corrección, reconsideración ni ningún tipo de alteración.

Insatisfecho con la determinación del TPI, el peticionario acude ante nosotros mediante el recurso de *certiorari* de epígrafe, en el cual le imputa al TPI la comisión del siguiente error:

> ERROR [sic] EL [TPI] EN DENEGAR LA SOLICITUD DEL APELANTE A SER SENTENCIADO BAJO EL CÓDIGO PENAL DE 1974, CUANDO FUE SENTENCIADO BAJO EL CÓDIGO PENAL DE 2004.



II.

A. El Recurso de *Certiorari*

Las decisiones interlocutorias, distinto a las sentencias, son revisables ante el Tribunal de Apelaciones mediante recurso de *certiorari*. El recurso de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de




KLCE201602279

4

menor jerarquía. Pueblo v. Díaz de León, 176 D.P.R. 913 (2009). El Tribunal de Apelaciones tiene la facultad para expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 40, señala los criterios que para ello debemos considerar. García v. Padró, 165 D.P.R. 324 (2005). Éstos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 L.P.R.A. Ap. XXII-B, R. 40.

Un *certiorari* sólo habrá de expedirse si al menos uno de estos criterios aconsejan la revisión del dictamen recurrido. En otras palabras, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de Instancia.

## B. La Regla 185 de Procedimiento Criminal

La Regla 185 de Procedimiento Criminal. 34 L.P.R.A. Ap. II, R. 185, dispone lo siguiente en cuanto a las correcciones de las sentencias:

> (a) *Sentencia ilegal; redacción de la sentencia.* El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari.*
>
> (b) *Errores de forma.* Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por inadvertencia u omisión **podrán corregirse por el tribunal en cualquier momento,** y luego de notificarse a las partes, si el tribunal estimare necesaria dicha notificación.
>
> (c) *Modificación de sentencia.* El tribunal podrá modificar una sentencia de reclusión en aquellos casos que cumplan con los requisitos de la sec. 4732 del Título 33 y de la Ley del Mandato Constitucional de Rehabilitación. El tribunal también podrá modificar una sentencia de reclusión a solicitud del Ministerio Público cuando el convicto coopere en una investigación o procesamiento criminal, pero la misma nunca podrá ser menor a la mitad de la pena establecida. El tribunal considerará la solicitud durante una vista privada y el expediente de la misma permanecerá sellado e inaccesible al público, de forma tal que se salvaguarde la seguridad del informante y la confidencialidad de la investigación. (Énfasis suplido.)

De conformidad con la citada Regla, una sentencia ilegal o que adolezca de algún error de forma podrá ser corregida en cualquier momento. En los demás casos, la corrección de la sentencia deberá realizarse dentro de los noventa (90) días de haberse dictado la misma. Dicho término es jurisdiccional, por lo que, si una solicitud a estos efectos no se presenta oportunamente, se priva al Tribunal sentenciador de jurisdicción para atenderla. Pueblo v. Martínez Lugo, 150 D.P.R. 238 (2000).

## C. El Concurso de Delitos y la Ley de Armas

KLCE201602279

6

« La Ley Núm. 27-2002, que enmendó por primera vez la Ley de Armas de 2000, eliminó el primer párrafo del Artículo 6.03, relacionado al agravamiento de penas, que impedía imponer de forma concurrentes las penas por infracción a la Ley de Armas.[1] A raíz de dicha enmienda, además de reenumerarse el Artículo 6.03 al Artículo 7.03, la disposición estatuaria quedó como sigue:

> Toda persona que resulte convicta de alguna de las disposiciones de esta Ley, y que dicha convicción esté asociada y sea coetánea a otra convicción de cualquiera de las disposiciones de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la "Ley de Sustancias Controladas de Puerto Rico", con excepción del Artículo 4.04 de la misma, o de la Ley Núm. 33 de 13 de julio de 1978, según enmendada, conocida como la "Ley Contra el Crimen Organizado y Lavado de Dinero del Estado Libre Asociado de Puerto Rico", será sancionada con el doble de la pena dispuesta en esta Ley. 25 L.P.R.A. sec. 460b.

La supresión del primer párrafo tuvo el efecto de que aplicara en toda su extensión la figura del concurso de delitos, tal y como estaba definida en el Artículo 63 del Código Penal del 1974, vigente a esa fecha. Este Artículo 63 disponía:

> Salvo lo dispuesto en la sección siguiente, un acto u omisión penable de distintos modos por diferentes disposiciones penales, podrá castigarse con arreglo a cualquiera de dichas disposiciones pero en ningún caso bajo más de una.
> La absolución o convicción y sentencia bajo alguna de ellas impedirá todo procedimiento judicial por el mismo acto u omisión, bajo cualquiera de las demás.

No fue hasta el año 2004 que mediante la Ley Núm. 137-2004 el legislador restituyó el primer párrafo del Artículo 7.03,



---

[1] Disponía:

Artículo 6.03.- Agravamiento de las Penas
Cuando una persona fuere convicta en virtud de esta Ley, el tribunal en su sentencia deberá determinar que el término de reclusión habrá de cumplirse de forma consecutiva con cualquier o cualesquiera otros términos de reclusión.
Toda persona que resulte convicta de alguna de las disposiciones de esta Ley, y que dicha convicción esté asociada y sea coetánea a otra convicción de cualquiera de las disposiciones de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la "Ley de Sustancias Controladas de Puerto Rico", con excepción del Artículo 404 de la misma, o de la Ley Núm. 33 de 13 de julio de 1978, según enmendada, conocida como la "Ley Contra el Crimen Organizado y Lavado de Dinero del Estado Libre Asociado de Puerto Rico", será sancionada con el doble de la pena provista en esta Ley. (Énfasis suplido.)

Case:17-03283-LTS   Doc#:22667-1   Filed:10/20/22   Entered:10/21/22 13:23:45   Desc:
Exhibit in the Spanish language   Page 10 of 24

KLCE201602279                                                                    7

reinstaurando el mandato a los efectos de que las penas por infracción a la Ley de Armas se cumpliesen consecutivamente entre sí y con cualquier otra impuesta por ley. Así, y hasta ahora, por mandato expreso de esta disposición especial, la figura del concurso de delitos del Código Penal quedó nuevamente excluida de su aplicación y el Tribunal de Primera Instancia carece de discreción para imponer una sentencia por violación a la Ley de Armas de forma concurrente con ninguna otra. El propósito es penalizar con la mayor severidad el mal uso de un arma de fuego, precisamente por su peligrosidad y su característica de instrumento mortífero. Pueblo v. Bonilla Peña, 183 D.P.R. 335 (2011).

III.

El peticionario alega en su recurso que el TPI se equivocó al sentenciarlo bajo el Código Penal de 2004, cuando los hechos por los cuales fue sentenciado ocurrieron durante la vigencia del Código Penal de 1974. En primer lugar, entiende que de haber sido sentenciado bajo el Artículo 173 del Código Penal de 1974, su sentencia hubiera sido más benigna pues no se alegó la existencia de circunstancias agravantes y ésta era su primera ofensa. De otra parte, el peticionario aduce que las penas impuestas bajo la Ley de Armas debieron ser concurrentes y no consecutivas, pues el Código Penal de 1974 así lo permite.

En cuanto al planteamiento de la concurrencia de las penas impuestas bajo la Ley de Armas, no le asiste la razón al peticionario. Según hemos expuesto, para la fecha en que ocurrieron los hechos, a saber, el 9 de febrero de 2005, se encontraba vigente la enmienda introducida en el año 2004 que volvió a incluir el primer párrafo del Artículo 7.03 de la Ley de Armas, reinstaurando el mandato de que las penas por infracción a la Ley de Armas se cumpliesen consecutivamente entre sí y con

KLCE201602279

cualquier otra impuesta por ley. En otras palabras, se encontraba vigente la prohibición de la figura de concurso de delitos bajo la Ley de Armas. Por tanto, ello impide que concedamos el pedido del peticionario.

Por otro lado, sobre la alegación del peticionario a los efectos de que de haber sido sentenciado bajo el Artículo 173 del Código Penal de 1974, su sentencia hubiera sido más benigna pues no se alegó la existencia de circunstancias agravantes y ésta era su primera ofensa, tampoco le asiste la razón.

El **Artículo 173 del Código Penal de 1974** establecía lo siguiente:

> Toda persona que se apropiare ilegalmente de bines muebles pertenecientes a otra, ya sustrayéndose de su persona, o de la persona en cuya posesión se encuentren, ya en su inmediata presencia y contra su voluntad, por medio de la violencia o de la intimidación, será sancionada con pena de reclusión por un término fijo de doce (12) años. De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de ocho (8) años.
>
> **Cuando el delito de robo se cometiere en el hogar de la víctima o en alguna casa o edificio residencial donde estuviere la víctima, la pena de reclusión será por un término fijo de treinta (30) años.** De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de cincuenta (50) años; **de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de veinte (20) años.** El Tribunal podrá imponer la pena de restitución en adición a la pena de reclusión establecida para el delito de robo en cualquiera de sus modalidades. (Énfasis suplido.)

De otra parte, el **Artículo 173 del Código Penal de 2004** establecía lo siguiente:

> Toda persona que se apropiare ilegalmente e bienes muebles pertenecientes a otra, ya sustrayéndolos de su persona, o de la persona en cuya posesión se encuentren, ya en su inmediata presencia y contra su voluntad, por medio de la violencia o de la intimidación, **será sancionada con pena de reclusión por un término mínimo de un año y máximo de veinte años.** (Énfasis suplido.)

En el caso que nos ocupa, el peticionario fue sentenciado a cumplir veinte (20) años de cárcel por el delito de robo. Surge de los autos originales del TPI que en la acusación se alegó como agravante el hecho de que el delito se cometió en la morada del perjudicado. A poco que se examine el texto del delito de robo contenido tanto en el Código Penal de 1974 como en el del 2004, lo cierto es que la pena impuesta al peticionario de veinte (20) años de cárcel se encuentra dentro de los límites legales.

No obstante, reconocemos que aunque la sentencia impuesta es una legal—como correctamente determinó el TPI—en efecto, el peticionario fue sentenciado bajo el Código Penal de 1974 y no bajo el Código Penal de 2004. Por tanto, entendemos que la expresión contenida en la *Sentencia* por delito de Artículo 173 a los efectos de que el peticionario fue sentenciado bajo el Código Penal de 2004 constituye un error de forma. A diferencia de lo resuelto por el TPI, un error de forma puede ser corregido en cualquier momento y no le es de aplicación el término jurisdiccional de noventa (90) días que dispone la Regla 185 de Procedimiento Criminal, *supra*. Ante estas circunstancias, procede revocar la *Resolución* recurrida.

### IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se revoca la *Resolución* recurrida. Se ordena al TPI a emitir una *Sentencia Nunc Pro Tunc* en la que corrija la parte de la *Sentencia* que expresa que el peticionario fue sentenciado bajo el Código Penal de 2004 para que conste que éste fue sentenciado bajo el Código Penal de 1974. Además, se ordena notificar copia de dicha *Sentencia Nunc Pro Tunc* a la división encargada de realizar los cómputos de las bonificaciones de los confinados, de manera que se garantice que al peticionario se le estén acreditando las bonificaciones correspondientes a personas sentenciadas bajo el Código Penal de 1974. ORDER OF COURT

KLCE201602279

10

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.

Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

EL PUEBLO DE PUERTO RICO

VS.

OBE E. JOHNSON
Acusado
Número de querella: 05146601179
Fecha nacimiento: 12 ENERO 1972
Lugar nacimiento: LIBERIA
Sexo: MASCULINO
Seguro Social: 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
Dirección:   2624   S   BERBRO   ST.
PHILADELPHIA, PA 19153
Núm. Licencia Conducir: NO CONSTA
Señas: NINGUNA

CASO NUM. KPD2005G0656

POR:
ART. 173 CÓDIGO PENAL
(USO ARMA EN COMISIÓN DE
DELITO)

## SENTENCIA
## NUNC PRO TUNC

Hoy, día **15 de septiembre de 2005**, señalado este caso para el pronunciamiento de sentencia, comparecieron EL PUEBLO DE PUERTO RICO representado por su Fiscal **Maricarmen Rodríguez Barea** y el referido acusado en persona asistido de su abogada, **Lcda. Fabiola Acarón Porrata-Doria**, de la Sociedad para Asistencia Legal. El Tribunal le informó de la naturaleza del cargo, sobre las alegaciones de su defensa, y sobre el fallo dictado y preguntó si tenía alguna causa legal que aducir para demostrar que no procedía dictar sentencia.

No existiendo tal causa legal, el Tribunal pronuncia su sentencia en la siguiente forma: Que habiendo sido el acusado de epígrafe juzgado debidamente por Tribunal de Derecho y declarado convicto de un delito de **Art. 173 del Código Penal** (uso arma en comisión de delito), el Tribunal en cumplimiento de su fallo del día 13 de junio de 2005, condena a dicho acusado a la pena de **veinte (20) años de cárcel**, sin costas, consecutivos con casos KLA2005G0212, KLA2005G0213 y consecutiva con cualquier otra sentencia que esté cumpliendo. Sentenciado bajo el Código Penal de 1974. No se impone Artículo 67 del Código Penal (Pena Especial) por acusado ser indigente. Abónese preventiva.

NOTIFÍQUESE.

Dada en San Juan, Puerto Rico, a 15 de septiembre de 2005 y enmendada hoy 9 de marzo de 2017 a los fines de corregir que fue sentenciado bajo el Código Penal de 1974.

KALIL BACO VIERA
JUEZ SUPERIOR

POR: ELOÍNA TORRES CANCEL
JUEZA SUPERIOR

CERTIFICO: Que el texto que antecede constituye la sentencia recaída en el caso de epígrafe, constando el original en los autos del mismo.

En San Juan, Puerto Rico, a   1 4 MAR 2017

Mora Torres Quiles
Secretaria Auxiliar del Tribunal I

Recibí la   orden   anterior   con   el   sentenciado _____ y   el   día _____ puse a dicho sentenciado bajo la custodia del alcaide de la Cárcel de _____, quien firma.

_____
Alcaide

_____
Alguacil

Num. Identificador SEN2017 15116

*(handwritten top margin)*
Arm law
Position 10 year Arm law
From down up and 5 years
Arm law From up to
down
PLEASE GLANCE

*(handwritten left margin, vertical)* 10 years there is no discount of sentence

*(handwritten right margin, vertical)* 10 years nortural years

DEPARTAMENTO DE CORRECCION Y REHABILITACION
CAMPAMENTO ZARZAL
HOJA CONTROL...
FECHA

**FACILIDAD MEDICA PONCE 500**
INSTITUCION

| | DELITO | | SENTENCIA | % MINIMO | TRIBUNAL |
|---|---|---|---|---|---|
| OBE E. JOHNSON NOMBRE DEL CONFINADO | 1- | KLA2005G0213 ART.6.15 L.A. | 3 AÑOS | | SAN JUAN |
| B705-25456 NUMERO DE CONFINADO | 2 | KLA2005G0212 ART.6.04 L.A. | 10 AÑOS | | SAN JUAN |
| 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 NUMERO SEGURO SOCIAL | 3- | KPD2005G0696 ART.173 | 20 AÑOS | | SAN JUAN |
| 23 MAYO 2016 FECHA | | | | | |

| SENTENCIA | Año | Mes | Dia | Año | Mes | Dia | Año | Mes | Dia | Año | Mes | Dia |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SENTENCIA L.A. | 5 | 0 | 0 | 2 | 6 | 0 | | | | | | |
| BONIFICACION | 2 | 2 | 0 | 1 | 1 | 0 | | | | | | |
| RESTA | 2 | 10 | 0 | 1 | 5 | 0 | | | | | | |
| PRPV. (15 FEB 05 AL 15 SEP 2005) | 0 | 6 | 28 | 0 | 6 | 28 | | | | | | |
| RESTA | 2 | 3 | 2 | 0 | 10 | 2 | | | | | | |
| E.A.C. | 2005 | 9 | 15 | 2005 | 9 | 15 | | | | | | |
| CUMPLE EN: | 2007 | 12 | 17 | 2006 | 7 | 17 | | | | | | |
| SENTENCIA M. B.04 | 10 | 0 | 0 | 5 | 0 | 0 | | | | | | |
| E.A.C. | 2007 | 12 | 17 | 2006 | 7 | 17 | | | | | | |
| CUMPLE EN: | 2017 | 12 | 17 | 2011 | 7 | 17 | | | | | | |
| SENTENCIA 173 CP | | | | | | | 20 | 0 | 0 | 10 | 0 | 0 |
| BONIFICACION | | | | | | | 9 | 4 | 0 | 4 | 7 | 18 |
| RESTA | | | | | | | 10 | 8 | 0 | 5 | 4 | 12 |
| E.A.C. | | | | | | | 2017 | 12 | 17 | 2011 | 7 | 17 |
| CUMPLE EN: | | | | | | | 2028 | 8 | 17 | 2016 | 11 | 29 |

| | Fecha Cumple Máximo | | Fecha Cumple Mínimo | | Fecha Cumple Máximo | | Fecha Cumple Mínimo | |
|---|---|---|---|---|---|---|---|---|
| SUJECTO LIQUIDACION POR ENMENDAR LIQUIDACION | 17 DIC 2017 | | 17 JULIO 2011 | | 17 AGOSTO 2028 | | 29-Nov-16 | |
| Bonificacion Adicional | Dias | Nuevo Max. | Dias | Nuevo Min | Dias | Nuevo Max. | Dias | Nuevo Min |
| 17 Ags-05 @ 17-dic-07 | 56 | 17-oct-17 | 58 | | 58 | 19-Ju-78 | 58 | 1-oct-16 |
| | | | | | | | | |
| | | | | | | | | |

Obe E. Johnson      25-mayo-16
Firma del Confinado      Fecha

NANCY PAGAN CORNIER
Técnico de Récords

*law*
*Position*

HOJA DE CONTROL SOBRE LIQUIDACION DE SENTENCIAS

_____
INSTITUCION

_____   _____   _____
NOMBRE DEL CONFINADO   NUMERO DE CONFINADO   NUMERO DE SEGURO SOCIAL

FECHA: 20 feb 2018

| DELITOS | SENTENCIA | CRIMINAL NUMERO | AÑO CODIGO | % MINIMO | TRIBUNAL |
|---|---|---|---|---|---|
| 1 Tent. Isla | 5 años | | Ley 8 Jap | 50 % | San Juan |
| 2 Art. 5.50 L.A | 10 años | KLN2050-02.12 | Ley 8 Jap | 50 % | San Juan |
| 3 Art. 173 Robo | 20 años | KPD2058-0456 | C.P. 1974 | 50 % | San Juan |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |

| SENTENCIA(S) | MAXIMO | | | MINIMO | | | MAXIMO | | | MINIMO | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | AÑO | MES | DIA | AÑO | MES | DIA | AÑO | MES | DIA | AÑO | MES | DIA |
| Inicio | 10 | 0 | 0 | 5 | 0 | 0 | | | | | | |
| Bonif. persona natural | 0 | 0 | 5 | 0 | 0 | 28 | | | | | | |
| C. | 0 | 5 | 2 | 0 | 0 | 2 | | | | | | |
| AC | 2015 | 5 | 15 | 2015 | 5 | 15 | | | | | | |
| Cumple | 2015 | 9 | 17 | 2010 | 5 | 17 | | | | | | |
| | | | | | | | | | | | | |
| Inicio | 5 | 0 | 0 | 2 | 0 | 0 | | | | | | |
| Bonif. persona | 3 | 2 | 0 | 1 | 1 | 0 | | | | | | |
| C. | 2 | 10 | 0 | 1 | 5 | 0 | | | | | | |
| AC | 2015 | 2 | 17 | 2010 | 2 | 17 | | | | | | |
| Cumple | 2011 | 12 | 17 | 2011 | 7 | 17 | Position change | | | | | |
| | | | | | | | | | | | | |
| Sentencia | | | | | | | 20 | 0 | 0 | 10 | 0 | 0 |
| Bonif. persona | | | | | | | 9 | 4 | 0 | 4 | 7 | 18 |
| Base | | | | | | | 10 | 8 | 0 | 5 | 4 | 12 |
| AC | | | | | | | 2011 | 12 | 17 | 2011 | 7 | 17 |
| Cumple | | | | | | | 2028 | 8 | 17 | 2016 | 11 | 29 |
| Se liquida con arreglo | | | | | | | | | | | | |
| a cambios hechos en | | | | | | | | | | | | |
| la ley de Ana conforme | | | | | | | | | | | | |
| a la ley a partir del | | | | | | | | | | | | |
| 20 feb 2018 | | | | | | | | | | | | |
| Tiene detenido | CUMPLE MAXIMO | | CUMPLE MINIMO | | CUMPLE MAXIMO | | CUMPLE MINIMO | |
| | 17 may 2017 | | 14 julio 2011 | | 17 agto 2028 | 281 | Nov 2016 | |

| BONIFICACION ADICIONAL | DIAS | NUEVO MAXIMO | DIAS | NUEVO MINIMO | DIAS | NUEVO MAXIMO | DIAS | NUEVO MINIMO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Certifico que estos cómputos han sido actualizados conforme las normas establecidas.

_A.R.R. Sup._
Ivette Vega Serrano

_____   _____
FIRMA DEL CONFINADO   FECHA

TECNICO DE RECORD II
SRA. IVETTE M. VEGA SERRANO
SUPERVISORA TECNICO DE RECORD

Case:17-03283-LTS   Doc#:22667-1   Filed:10/20/22   Entered:10/21/22 13:23:45   Desc:
Exhibit in the Spanish language   Page 17 of 24

Case: 20-1698   Document: 00117826446   Page: 17   Date Filed: 10/2021   Entry ID: 6465073

No. 20-1698
No. 21-1189

---

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

---

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE
ASOCIADO DE PUERTO RICO; ADMINISTRACION DE CORRECCION
DE PUERTO RICO,

Defendants - Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

**STATUS REPORT**

**COME NOW,** Defendants-Appellees the Commonwealth of Puerto Rico,

and the Puerto Rico Department of Corrections and Rehabilitation, through the

undersigned attorney and respectfully state and pray as follows:

1.      On June 7, 2021, this Honorable Court stayed these appeals in light of

the Commonwealth of Puerto Rico's filing of a petition under Title III of PROMESA

before the United States District Court for the District of Puerto Rico. This

*1*

Honorable Court further ordered the parties to inform it at ninety-day intervals of the status of proceedings to lift the automatic stay.

2.      On June 10, 2021, Appellant filed a motion for relief from stay before the Title III court (Dkt. #16942). The Commonwealth filed a response to that motion on June 24, 2021 (Dkt. #17163). On June 29, 2021, the Title III court entered an order granting in part and denying in part Appellant's motion (Dkt. #17184). In essence, the Title III court granted a partial lift of stay, as consented to by the Commonwealth, as follows:

> to allow (i) the Second Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Second Habeas Corpus Action, as well as the Appeal and the First Habeas Corpus Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor. *Id.*, at p. 2.

3.      The "Second Habeas Corpus Action", for the purposes of this order, is the case titled <u>Johnson v. Ocasio-Montañez</u>, Case No. 20-cv-01222-JAG, before the district court. The instant appeals are not included in this limited order lifting stay; therefore, they are still stayed.

4.      On August 2, 2021, Appellant mistakenly filed a notice of appeal from the foregoing order before this Honorable Court, which referred the notice of appeal

## CERTIFICATE OF FILING AND SERVICE

I **HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Additionally, I am sending a true and exact copy of this motion by regular mail to Mr. Obe E. Johnson, Guayama Correctional Complex, AB-033, P.O. Box 10005, Guayama, PR 00785-0000.

In San Juan, Puerto Rico this 10th day of December, 2021.

*s/ Carlos Lugo-Fiol*
**CARLOS LUGO-FIOL**
USCA No. 41677
P.O. Box 260150
San Juan, PR 00926
Tel. (787) 645-4211
E-mail: clugofiol@gmail.com

4

to the district court for filing, event that took place on August 5, 2021. This appeal
has been assigned case number 21-1611.

5.     On September 20, 2021, Appellant filed before the Title III court an
affidavit for permission to appeal *in forma pauperis* (Dkt. # 18198). On September
23, 2021, the Title III court entered an order denying the requested permission (Dkt.
# 18220). On November 24, 2021, Appellant filed a Notice of Appeal from this
Order (Dkt. # 19393). On December 3, 2021, this appeal was assigned number 21-
1982 (Dkt. # 19415).

WHEREFORE, appearing Defendants respectfully request that this
Honorable Court take notice of the above.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 10th day of December, 2021.

FERNANDO FIGUEROA-SANTIAGO
Solicitor General of Puerto Rico

*s/Carlos Lugo-Fiol*
CARLOS LUGO-FIOL

3



**Sociedad** PARA
**asistencia**
**legal** DE PUERTO RICO

**División de Apelaciones**
Apartado 20593
Rio Piedras, P.R. 00928
Tel. 787-751-7555 751-7829
Fax: 787-274-0881

*This lawyer asked the court and the P.R. Administracion of correccion to prosecute me under a different penal code of 2005 Natur 91 years for Article 5.01*

*May 17, 2017*

*For: Obe E. Johnson*
*Inst. Guayama 500*
*Ubicación Control A, Sección B, Celda 33*
*P.O. Box 10,005*
*Guayama, P.R. 00785*

*From: Luis Gutiérrez Marcano*
*Sociedad para Asistencia Legal*
*División de Apelaciones*

Dear Mr. Johnson:

First of all I have to inform you that right now you are eligible to apply for liberty under oath (Junta de Libertad Bajo Palabra). You are eligible to apply to that benefit since <u>October 1, 2016</u> (see the document attached to this letter). For that that benefit is important that you have, among other things, good behavior in your institution.

The Article 3 of the Ley Orgánica de Junta de Libertad Bajo Palabra, that was the law when you were sentenced, establishes, in regard of the sentence related to the Article 173 of the Penal Code of 1974, that you can be eligible to enjoy liberty under oath when you fulfill the half (50%) of your sentence 35 years sentence.

On the las time that we spoke you ask me about tree concerns: 1) why I filed a motion of reconsideration on April 10, 2008; 2) why you were charged with the Penal Code of 1974 instead of the Penal Code of 2005; and 3) if we can change your sentences to consecutives ones.

On the first concern, 1) why I filed a motion of reconsideration on April 10, 2008; I did that because on March 28, 2008, the Court of Appeals dictate a resolution where they said that in the "Escrito de Alegato" we can only discuss the error that you included in the "Escrito de Apelación", that error was that the state violated your due process. In the motion of reconsideration I ask that they have to let me include any other errors that I discover in my analysis of the transcription. Finally the Court granted my petition and I could include in the "Escrito de Alegato" any other error that I found in the analysis of the transcription.

2

On your second concern, 2) why you were charged with the Penal Code of 1974 and not the Penal Code of 2005, the facts that they charged you were supposedly committed on February 9, 2005 and they sentenced you on September 15, 2005.  The Penal Code of 2005 was approved on May 1, 2005.

So in theory we were able to request that they applied you the Penal Code of 2005 instead of the Penal Code of 1974.  But that was not going to make any positive difference in your case, in fact it could affect you in a negative way.

The Article 173 of the Penal Code of 1974, that proscribe the crime of robbery, establishes a fixed sentence of 12 years for that fault.  But if the crime was committed with aggravated circumstances the sentence can be a far as 20 years.  If the robbery was committed on the house of the victim the sentence will be 30 years.

In your case, the judge considered the aggravate that the robbery was allegedly committed on the house of the victim so instead of 12 years they sentenced you to 20 years.  But notice that the court did not applied the second part of the Article 173 (30 years).

However, the Article 199 of the Penal Code of 2005, that proscribe the crime of aggravated robbery, established that when the crime of robbery is committed on a resident, in where was the victim, this crime will be a severe second degree felony.  The Article 16 (b) of the Penal Code of 2005 established that the severe second degree felony will have a 15 to 25 years sentence.

The Article 74 of the Penal Code of 2005 established that then were was not extenuating or aggravating circumstances you have to select the intermediate time of the interval.  The intermediate time of 15 to 25 is 20 years.  So if in the time we requested that you were prosecuted under the Penal Code of 2005 you still were gone to be sentenced to 20 years under the Article 199.

Furthermore, if we requested in that time that they prosecuted you under the Penal Code of 2005 instead the Penal Code of 1974 you were exposed to a worst sentence of 25 years under the Article 199.  Because the robbery allegedly happened on the house of the victim were going to be used to aggravate your sentence.  Also the Article 72 of the Penal Code of 2005 established that the use of a firearm on the commission of a felony is going to be considered to aggravate the sentence.

Case:17-03283-LTS  Doc#:22667-1  Filed:10/20/22  Entered:10/21/22 13:23:45  Desc: Exhibit in the Spanish language  Page 23 of 24

3

On your third concern, if we can change your sentence to a consecutive one. You were sentenced under the Articles 5.04 (10 years), 5.15 (5 years) of the Arm Law and the Article 173 of the Penal Code of 1974 (20 years).

Those terms of 20, 10 and 5 years has to be sum for a total of 35 years because the Article 7.03 of the Arm Law, that was approved since the year 2002, establishes that every sentence of every fault of that law will be extinguished in consecutive form with any other sentence of any other fault of the same law (Arm Law) and with any other sentence of any other law (Penal Code).

In others matters, the Article 11 Chapter IV of the Plan de Reorganización 2-2011 del 21 de noviembre de 2011 (Ley Orgánica del Departamento de Corrección y Rehabilitación), that was the law when you were sentenced, establishes that a convict who observed good conduct has the right to credit 12 years for each month of a sentence who is less than 15 years and 13 days for each month of a sentence of 15 years or more.

That same Plan de Reorganización also establishes that a person has the right to credit (for studies, work or services) no more than 5 days for each month of the first year and no more than 7 days for each month for the next years. Ask about these benefits in your institution because your Social Worker called me on March 29, 2017, and told me something that make think that you deserve some accreditation under this benefit and that he did not yet accredited to your time.

In relation to the Article 5.04 of the Arm Law, this articles establishes that when the person commits any other fault (in this case: Robbery) at the same time of these article, that person can't enjoy liberty under oath and don't have the right to credit days for his sentence. The Article 5.15 doesn't have this exclusion.

So that means that you can have those benefits in relation to the 20 years sentence of the Robbery (13 days per month) and in relation to the 5 years sentence for the Article 5.15 of the Arm Law (12 days per month). In fact, your Social Worker told me that he accredited to your sentence of 20 years and the sentence of 5 years the reduction of 13 days per month (you can see that in the document attached to this letter).

Case:17-03283-LTS   Doc#:22667-1   Filed:10/20/22   Entered:10/21/22 13:23:45   Desc:
Exhibit in the Spanish language   Page 24 of 24

4

I hope this letter answered all your questions. Any other questions please don't hesitate to communicate with me as soon as possible.

Sincerely,

**Lcdo. Luis A. Gutiérrez Marcano**
**Attorney at Law**