**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO THE RESPONSE FILED BY BARRERAS, INC. [ECF NO. 17411] TO THE THREE HUNDRED THIRTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtor pursuant to Section 315(b) of the *Puerto Rico*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the response [Case No. 17-BK-3283-LTS, ECF No. 17411][3] (the "Response") filed by claimant Barreras, Inc. ("Barreras") to the *Three Hundred Thirty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for Which the Commonwealth is Not Liable* [ECF No. 17101] (the "Three Hundred Thirty-Sixth Omnibus Objection"). In support of this Reply, the Debtor respectfully represents as follows:

1. On May 25, 2018, Barreras filed a proof of claim against the Commonwealth, logged by Kroll Restructuring Administration LLC as Proof of Claim No. 21597 (the "Barreras Claim"), in the amount of $108,800.00, asserting rent allegedly owed by the Vocational Rehabilitation Administration ("ARV," by its Spanish acronym), a Commonwealth agency. In support thereof, Barreras attached an invoice for the period of January 1, 2014 through August 1, 2016 (the "Invoice Statement") and a lease agreement between Barreras and ARV covering the period from July 1, 2011 through June 30, 2016 (the "Lease Agreement").

2. On June 18, 2021, the Debtor filed the Three Hundred Thirty-Sixth Omnibus Objection seeking to disallow claims that seek recovery for amounts for which the Debtor is not liable, each as identified in Exhibit A thereto (collectively, the "Claims to Be Disallowed"). In particular, the Three Hundred Thirty-Sixth Omnibus Objection sought to disallow, among other claims, the Barreras Claim because it purports to assert liability for unpaid invoices, but, upon a reasonable view of the Commonwealth's books and records, the Commonwealth determined that

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3283-LTS.

2

it did not owe any outstanding liabilities to Barreras as the relevant invoices had been paid in full. *See* Three Hundred Thirty-Sixth Omnibus Objection, Ex. A [ECF No. 17101-1] at 1.

3. Any party who disputed the Three Hundred Thirty-Sixth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021 in accordance with the Court-approved notice attached to the Three Hundred Thirty-Sixth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Thirty-Sixth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Corrected Certificate of Service* [ECF No. 18194].

4. On July 19, 2021, Barreras filed the Response. Therein, Barreras asserts that, although from January 1, 2014 through August 1, 2016, ARV continued to make rent payments, ARV only made partial monthly rent payments in the amount of $46,241.00 instead of the increased monthly rent amount of $49,641.00, which was due beginning on January 1, 2014 pursuant to the Lease Agreement. *See* Resp. at 5. Accordingly, for each of the 32 months from January of 2014 through August of 2016, Barreras alleges it was underpaid by ARV by $3,400 per month, for a total of $108,800.00.

5. Upon further review, the Commonwealth does not dispute (i) that the increased monthly rent amount of $49,641.00 was owed pursuant to the Lease Agreement and that (ii) ARV paid $46,241.00 per month from January 1, 2014 through August 31, 2016. However, due to overpayments to Barreras described below, the Commonwealth disputes that it owes $108,800.00 to Barreras in unpaid rent. Instead, the Commonwealth is indebted to Barreras in the total amount of $9,518.00.

6. The Lease Agreement was effective only from July 1, 2011 to June 30, 2016. *See* Barreras Claim at 12. Following the expiration of the Lease Agreement, Barreras charged ARV $49,641.00 in rent on July 1 and August 1, 2016, which represents a total of $99.282.00. *See* Barreras Claim at 10–11.

7. ARV made payments in the amount of $46,241.00 on July 1 and August 1, 2016, representing $92,482.00 in total payments that it was not required to make because there was no operative lease agreement in place between the parties covering that time period. *See id.* at 11. Additionally, $6,800.00 of the $108,800.00 that Barreras seeks to recover is related to the difference between AVR's partial monthly rent payments in the amount of $46,241.00 and the increased rent amount of $49,641.00 on July 1 and August 1, 2016, again, a period during which there was no operative lease agreement in place between the parties. *See id.*

8. Barreras improperly charged AVR rent for July and August 2016 and improperly carried forward charges for the same period when there was no contract between the parties, and thus, no payments may have been authorized. Pursuant to Commonwealth law, government obligations only arise where there is a legally valid contract evidencing the obligation. *See Alco Corp. v. Municipality of Toa Alta*, 183 DPR 530, 539 (P.R. 2015). In *Vicar Builders v. Commonwealth of Puerto Rico, et al.*, the Department of Justice of Puerto Rico leased a building from the plaintiff and, upon expiration of the lease, continued occupying the building for several months until the lease was renewed. 192 DPR 256 (P.R. 2015). The Supreme Court of Puerto Rico held that, due to the absence of a valid contract between the parties covering the interim period, the Commonwealth was not responsible for paying the rent owed for that period. *Id.* at 267–70.

4

9. Accordingly, because Barreras has not provided any evidence that there was a valid contract between Barreras and AVR for the period of July through August 2016, the Barreras Claim asserts an inflated liability against the Commonwealth. The Barreras Claim should be reduced by $99,282.00, which is the sum of (i) AVR's $46,241.00 payment on July 1, 2016, (ii) AVR's $46,241.00 payment on August 1, 2016, and (iii) the asserted $6,800.00 related to the difference between AVR's payments in the amount of $46,241.00 on July 1 and August 1, 2016 and the asserted rent amount of $49,641.00.

10. For the foregoing reasons, the Debtor respectfully requests that that Court reduce the Barreras Claim by $99,282.00 and allow the Barreras Claim in the amount of $9,518.00.

[*Remainder of the page intentionally left blank*]

Dated: October 21, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel:   (787) 751-6764
Fax:  (787) 763-8260


/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*