**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Rubén Muñiz Ruberté | Case No.: 17 BK-3283-LTS |
| Claimant | |
| VS | |
| Commonwealth of Puerto Rico, *ET, AL*,. | PROMESA |
| Debtors | TITLE III |

**OPPOSITION OF THE CLAIMANT RUBEN MUÑIZ RUBERTE (ECF NO. 22334) TO THE MOTION FILED BY THE FINANCIAL OVERSIGHTH AND MANAGEMENT BOARD FOR PUERTO RICO, AS A TEPRESENTATIVE OF THE COMMON WEALTH OF PUERTO RICO, ET, AL., IN CONNECTION WITH *THE TRHEE HUNDRED FORTY-FIVE OMNIBUS OBJECTION* (SUSTANTIVE) TO MISCLASSIFIED CLAIMS.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

Comes now before the Honorable Court the above petitioner, as a *Pro Se* inmate, who respectfully states and prays as follow:

**PRELIMINARY STATEMENT**

1. Petitioner received on Thursday, October 13 2022 copy of a Motion presented by the attorneys of the *Financial Oversight and Management Board*, as a representative for the Commonwealth of Puerto Rico, et,al., related with this Petitioner's Claim, requesting to this Honorable Court to deny the Petitioner's Motion, based *in "this Claimant does not come close to demonstrating any manifest error of law of fact in the February 2 Order and the March 1st Order sufficient to justify reconsideration"* and "the Motion should be denied in this entirely, "*with prejudice*".

2. Petitioner want to point the fact about the Motion received and is important to recognize about the date the Debtor's Motion was filed and entered in October 5, 2022. Subsequently the Motion was received a week after by regular mail (United States Post Office).

3. This Claimant requested to this Honorable Court the opportunity to provide evidence in order to sustain the Claim in dispute (Proof of Claim No. 3398). This Claimant's purpose was to add information and sustain the Claim as a secure.

4. This Claimant comes to the Honorable Court to respectfully request his Motion and after seeing the facts exposed rule to classify the Claim in dispute (3398), as a secure Claim.

**BACKGROUND**

5. This Claimant recognize to this Honorable Court's authority in the matter we are arguing in the present Motion. Thereafter, this Claimant requested by a Motion addressed to the Honorable District Judge Laura Taylor Swain additional time to provide information to support his Claim.

6. On February 2, 2022 this Claimant had a full briefing and oral argument and this Honorable Court would be permitted to submit additional information to sustain the Claim.

7. After February 2, 2022, this Claimant remitted additional evidence to sustain the Claim's merits.

8. However, the attorneys for the Financial Oversight and Management Board seems to understand in their words and state that this Claimant's effort to raise arguments to sustain his Claim is *"with prejudice"*.

9. Is very important to be focal about the fact that this Claimant has a broad limitation as an inmate to send information been an inmate under custody by the Department of Correction in the Ponce 1000 Correctional Complex, for the reason that the resources available are limited to the Correctional Members specially the internal mail system which is irregular and unfortunately the legal correspondence comes with a significant delay, and sometimes the Court's dates and terms get out of date.

10. The reason to respectfully request to this Honorable Court an opportunity to provide additional information and arguments regarding this Claim was since this Court's notification handled by Prime Clerk, LLC, were received out of date. Furthermore, is imperative to add about this fact was not in this Claimant's hands and the sole responsibility was –and is- the Department of Corrections personnel in the Ponce 1000 Correctional Complex, in a clear pattern in lack's responsibility to manage the correspondence properly, especially the legal mail.

11. As a matter of fact, this Claimant tried in several occasions to provide to this Honorable Court additional information and had been inconvenient to present on time. Furthermore, every Motion needs to be certified by the Complex's Record Area, and this Claimant want to raise respectfully to this Honorable Court the fact about the delay presented by the internal mail system is the main problem in the case we are seeing today by this Motion.

12. Is also incorrect and stale the statement presented by the Financial Oversight and Management Board's attorneys to say about this Claimant's Motion needs to be denied because *"the Motion is its entirely, with prejudice"*.

13. This Claimant fully understand about holding a motion of reconsideration ***"is an extraordinary remedy that must be used sparingly because of the interest finality and conservation of scarce judicial resources"*** (*FOMB*, 427 F. Supp. 3d 263). Based on that, this Claimant comprehend and empathize the fact about he sent more documentation and never received an answer from this Honorable Court. The fact -and is not to speculate- is that is not the first time this Claimant did not receive answer about legal correspondence sent to this Honorable Court and to the Honorable State Court, Ponce Region, and this Claimant is fully aware he sent additional information and documents to support his Claim.

14. Based on that, this Claimant send as an exhibits in this Motion additional information regarding his Claim. As a matter of fact, this Claimant want to articulate to this Honorable Court the fact about he's not proficient in English and knowing about the rule

in this Honorable Court to litigate in English, is difficult to find a person to translate the legal resources submitted to this Honorable Court.

15. This Claimant pursue to keep his Claim as a secure because he had injuries associated with an automobile accident been transported by a Correctional Officer, and after that incident his physical health had been compromised and has progressive neurological damage. And the ***Automobile Accident Compensation Authority*** (ACAA) denied and refused to provide and extend physical therapy and the result is a person (Claimant) confined with two (2) extended canes to have physical mobility. This scene could be completely different if the *Automobile Accident Compensation Authority* (ACAA) agreed to extend the service requested, important to this Claimant's health having seventy one years old (71).

16. This Claimant is in the best of his disposition to provide more documentation to sustain his Claim, and he respectfully comes and request to this Honorable Court's benevolence to certify which documentation is in the Court's power, in order to send and not to repeat the documentation and not to waste the Honorable Court's time.

17. Furthermore is important to recognize the good faith this Claimant's pursue is to receive the suitable in comparison with all the physical damage received as a result of the Commonwealth of Puerto Rico's negligence, and request respectfully to this Honorable Court to rule about this Claim as a secure and consider this Claimant's facts. Also, is important to add about this Claimant is in the best of his interest and disposition to have a briefing with this Honorable Court, as a necessary.

18.  For the foregoing reasons, this Claimant respectfully request that the Court deny the Debtor's Motion in it's entirely and grant this Claimant's request.


**RESPECTFULLY SUBMITTED**


Dated: October/7/2022
      Ponce, Puerto Rico




*Ruben Muñiz Ruberte*
**RUBEN MUÑIZ RUBERTE**
      **CLAIMANT**

Ponce 1000 Correctional Complex
M Section 110
3699 Ponce By Pass
Ponce, Puerto Rico, 00728-1500