Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
**TRIBUNAL DE APELACIONES**
Región Judicial de Ponce


**RUBEN MUÑIZ RUBERTE**

**VS**

**DEPTO. DE CORRECCION Y REHABILITACION**


**A: Rubén Muñiz Ruberte**
Inst. Ponce 224, control 25
sección violeta,  celda #130
P.O. Box 7126
Ponce, Puerto Rico  00732

**A: Honorable Procurador General**
P.O. Box 9020192
San Juan, Puerto Rico  00902-0192

**A: Dpto. de Corrección y Rehabilitación**
División Legal
P.O. Box 71308
San Juan, Puerto Rico  00936


El 12 de mayo de 2015, se presentó un Recurso de Revisión Administrativa en el

Tribunal de Apelaciones bajo el número **KLRA201500510**.   Certifico haber

enviado copia del presente recurso a las partes antes mencionadas.

Dada en San Juan, Puerto Rico, a 27 de mayo de 2015


Lcda. Dimarie Alicea Lozada
**Secretaria del Tribunal de Apelaciones**


**Yajaira Vázquez Sierra**
**Secretaria Auxiliar del Tribunal I**

I

Estado Libre Asociado de Puerto Rico
Tribunal General DE Justicia
Tribunal DE Apelaciones
P.o-Box-191067
SAN Juan P.R. 00919-1067

KLRA 201500251D

Rubén muñiz Ruberte
Reclamante Apelante

V.S

Administracion de Compensacion
Por Accidente de Automobiles
ACAA

Caso Num-10-257144-01

SoBRE

Servicios medicos
Extencion de cubierta
de Beneficios

Al Honorable Tribunal DE Apelaciones

     Comparece El Apelante en el
epigrafe quien Suscribe Por Conducto Propio
en forma PAUPERIS mas muy Respetuosamente
ante este honorable Tribunal de Apelaciones
Expone ALEGA y solicita.

A este Honorable Tribunal una solicitud de
Revicion ante el Tribunal de Apelaciones Pero
Por la Tardansa de entrega de la correspondencia
los 30 dias me fueron vencidos y yo creo que
no es mi curpa de que sime entrelan las
cartas Como esta que recivi el 5 de mayo 2015
y fue enbiada el 24 marzo/2015 eso No es
mi curpa y me Niegan la extencion de beneficios
Por eso aunque los Terminos seme vencieron
No Porque me Demore sino Por no recivir las
cartas a Tienpo medisen que la representacion
Legal recivieron la Resolucion recurida dentro del
Termino aplicable de 20 dias Pero Porla rason
De que mis representantes no contestaron

es Porque sola mente los Lcdo Juan o Rodriguez y la Lcda Jetzabelle Prieto Por la razon de que yo no los contrate Para ese caso sino el Licd Juan o Rodrigues es mi representacion Legal solo Para una Demanda a correcion no Para eso y ellos me isieron el Favor de representarme ese dia de la Apelacion Pero yo no los Puedo Curpar ya que yo no Tengo Para costial sus onorarios Tarbes Por eso ellos no contestaron la resolucion de ACAA aunque yo no Tenga representacion Legal yo le Pido esa Victa ante este Tribunal de Apelaciones Pues le Pido queme Discurpen mi letra ya que ni si quiera se muy bien escribil

Por Todo lo cual se solicita de este honorable Tribunal de Apelaciones Que declare con Ha Lugar la Presente Peticion y Pronucie cualquiel señalamiento que en Derecho Proseda

Respetuosamente sometida
Hoy 6 de mayo 2015 en SAN Juan P.R.

Firma Rubén Muñiz Ruberté

Ruben Muñiz Ruberté
INStitucion Ponce 224 Violeta
Control 25 Secion Cerda 130
P.o Box 7126 Ponce P.R. 00732

Rubén muñiz Ruberté
Inst Ponce 224 Control 25
Seccion Violeta cerda # 130
P.o. Box-77126 Ponce PR. 00732

0081881067

Estado Libre Asociado de Puerto Rico
Tribunal General De justicia
Tribunal DE Apelaciones
P.o. Box-191067

SAN JUAN PR. 009
03 MAY 2018 PM 2 T



FOREVER
USA

I

Tribunal DE Apelaciones
Region Judicial DE Bayamon
PANEL V.

| Ruben muñiz Ruberté Reclamante v.s | Num. Caso TA | Revicion Procedente de la Administracion Accidentes de Automovile |
|---|---|---|
| Administracion DE Compensacion Por Asidente DE Automoviles (ACAA) Reclamada | KLRA20150510 | Sobre servicios medicos Extencion de Cubierta de Beneficios Caso-10-251144-01 |

## Mocion Solicitando Sentencia en Reberdia

Al Honorable Tribunal:
Comparese el Reclamante ante el Honorable Tribunal Por Derecho Propio muy respetuosamente Expone Alega y solicito
I. Juridicion
Se Invoque la Juridicion DE Este Honorable Tribunal Al Amparo DE las Reglas. 45. 45.1 y 45.2 (B) de las de Procedimiento Civil A.P. III del Titulo 32 L.P.R.A que Pongan el Recurso de sentencia en Reberdia: Se Invoca La Ley de Derechos civiles y la Justificacion del Estado Libre Asociado de Puerto Rico.

### Hechos y Alegaciones

I) Que el reclamante recivio Resolucion el dia 6 de mayo de 2015. de Este Honorable Tribunal donde se le ordena a la Administracion de Compensaciones Por Accidentes de Automobiles ACAA) a elevar el espediente Administrativo del Caso-10-251144-02 Por el Cual Tendra hasta el 7 de Junio de el 2015

(2)

Accidentes de Automobiles(ACAA) a elevar el espediente Administrativo del Caso 10-251144-01 Porel Cual Tendra hasta el 7 de Junio de 2015.

2) Que el Reclamante ante el Honorable Tribunal que la Parte Reclamada sometio una mocion EN Cumplimiento de orden Todabia el dia 16 de Julio de 2015

3) Que el Reclamante ante el Honorable Tribunal alega que al dia de Hoy 1 de Noviembre de 2015 la PArte Reclamada no a hecho nada al respecto en Cuanto a los reclamos y daños recividos del reclamante a el Caso de Autos

4) Que el Reclamante ante el Honorable Tribunal alega que la Parte Reclamada ha incumplido con su labor ministerial de Proveerle los servicios medicos al Reclamante hasta la Posible indernisacion Permanente Por no Aber recivido el Tratamiento medico Justo y Adecuado Conforme con la Ley A.D.A y Dispuesto en la Sec. 504 Federal.

5) Que el Reclamante aCude ante el Honorable Tribunal en Solicitud de que sele Sentencie en Reverdia ya que la Parte Reclamada Sin Justificacion Alguna a Asumido una Actitud DE INcondicion e indiferencia y no a Cumplido Con Sus Deveres y Obligaciones de Proveerle el Tratamiento medico al Reclamante Vease al Tribunal Zapater V. Irizarry 1989, 15 D.P.R. 538, Rivera V. Goitia 1949, 70 D.P.R. 38 Rodriguez V. Tribunal Superior 1974 62 D.P.R. 290.

6) Que el Reclamante ante este Honorable Tribunal Reclama que la Parte Reclamada Demuestra Desinteres en Cumplir Con el Tratamiento medico del Reclamante.

3) Por Todo lo Antes espuesto Solicito muy Respetuosa-
mente que este Honorable Tribunal Declare Ha Lugar
esta mocion y Sentencia en Reberdia ya queno
existe Rason Legal Alguna que Justifigue este Reclamo
y Cualquiel otra cosa en Adicion que este Honorable
Tribunal emita Sea Notificada alos Departamentos correspon-
diente y a este Reclamante.

muy Respetuosamente sometida Hoy 12
de Julio 2016

X Firma Rubén muñiz Ruberté

Int. 224 Control 24
Secc violeta Celda 130
P.o Box 7126 Ponce
P.R. 00732



23 de Mayo de 2012

RECIBIDO
ACAA PONCE
2012 MAY 25 P 2:43

A: Director Regional

De: Rubén Muñiz Ruberté

Estoy apelando la decisión de haberme dado de alta.
Mi condición de salud está grave, yo estoy usando
muletas ortopedicas. Tengo 6 discos lesionados,
las dos rodillas y el nervio siatico pinchado. Los dolores
son terribles y no duermo. Se me dió 10 terapias
que no me ayudaron en nada. Para colmo, en la
institución no me brindan ningún servicio
ni medicamento. Véase Determinación de Hechos
De Médico que me atendió. Estoy totalmente
incapacitado. La Dra. EMMA Luz Carrero no me
ha dado de alta y la ACAA me cierra el caso
cuando sigo empeorando. Solicito que este
caso se re-abra y se me brinde servicio Médico.

Cordialmente Saluda.

Sr. Rubén muñiz Ruberté
Rubén Muñiz Ruberté

**Exhibit 2**

GOBIERNO DE PUERTO RICO
ADMINISTRACION DE CORRECCION
SANJUAN PUERTO RICO

ACQA2001
Rev. 15-99

Administración de Corrección

PROGRAMA DE REMEDIOS ADMINISTRATIVOS
PARA LOS MIEMBROS DE LA POBLACION CORRECCIONAL

B-2 (at)
medica

DISTRIBUCION
Original - Remedios Administrativos
1ra Copia - Miembro Pobl. Correccional
2da Copia - Area Concernida

**SOLICITUD DE REMEDIO ADMINISTRATIVO**

MA-1046-L

Rubén muñiz Ruberte
Nombre Apellidos Paterno y Materno.

C.2-2014
Módulo.

MAxima
Institución

Ha planteado esta situación anteriormente:

SI. ( X )        NO. (   )

De la contestación ser afirmativa, indique ante quien: los medicos de Area medica

Solitud de Remedio: Al Sr. Jose Rodriguez Galarza. Por la Rason quele estoy escribiendo es que desde el 2009 que Tube un Acidente en una GuaGua de Correcion el AGAA medio los Serbicios asta que Cumpli Dos Años y De Hay en adelante me Suspendio Todo yo no Tube ninguna mejora demis Gorpes Donde acada momento estoy bajando Para Area medica Donde Toda loqueme an Resetado nada me esta ayudan y Sigo con un Dolor desde la Parte de atras de la Cabesa el Area Serbical y la espald. y las Dos Rodillas mas Tengo el Nervio siatico de la Pierna isquierda Pinchada desde ariba asta bajo La Doctora Emma Lou Carrera me iso una Reseta Para un matre aptora co y una Silla Para Poder bañarme. Pues el Dolor es Tan fuerte queno Puedo Dormir y la condicion del matre me a enfeorado Cuando voy a Area medica me refieren a Sala de Emergencia medan Dos Titenol y una Batiun me alibian un Patito y Despues vuelvo alo mismo le apedido alos Doctores queme Refieran a aserme un estudio mas Profundo Porque de Argo biene ese Dolor continua mente y no quieren aserme el referido Porlo menos aserme un Hemerai o un C.T Tanpoco quieren Darme las neurotin queme benian muy bien me asen las recetas y Nunca me vegan yono Puedo seguir en esta Condicion que Cuando me Vengan a Tender Sea muy Tarde y a Causa de eso yo nunca Padecia de la Precion y a Hora a Cada Rato la Precion seme a Descontrolado y no voy a estar ucada momento en Sala de Emergencia inyestandome o Dandome Tres Pastillas Para un Ratito

Pues Hay le apunte Todos los medicamentos queme un Dado y name ayudan en nada   Relafen - 750 MG - Flexeril 10 MG - Toradol - indocin - Titenol Percajesi - Buno Doctor espero que Tome Carta en esto y consideracion Porque Todo selo estan achacando a mi edad y enique queda el Acident. Porque yano Padesia de nada asta que Tube ese Acidente. Pues le voy a Gradeser queme ayude Con esto que yano Puedo con este Dolor continuo

Rubén muñiz Ruberte
NOMBRE Y FIRMA MIEMBRO POBLACION CORRECCIONAL

3/Septiembre 2013
FECHA

Luego Pagan
NOMBRE Y FIRMA DEL FUNCIONARIO

4 sept. 13
FECHA

Proveyendo Seguridad, Propiciando Rehabilitación
Apartado 71308 • San Juan, Puerto Rico 00936 • Tel. (787) 273-6464.

19

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| RUBÉN MUÑÍZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTES DE AUTOMÓVILES (ACAA)<br><br>Recurrido | KLRA20150510 | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Civil. Núm. 10-251144-01<br><br>Sobre: Servicios Médicos Extensión de Cubierta de Beneficios |
| --- | --- | --- |

Panel integrado por su presidente, el juez Piñero González, las juezas Birriel Cardona y Surén Fuentes.

**Birriel Cardona, Jueza Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a <u>31</u> de marzo de 2016.

Comparece el señor Rubén Muñíz Ruberté (señor Muñíz o el recurrente), por derecho propio y quien se encuentra ingresado en una institución penal, mediante recurso revisión judicial de epígrafe recibido por este Tribunal el 12 de mayo de 2015[1]. Solicita la revisión de la Resolución emitida por la Administración de Compensaciones por Accidentes de Automóviles (ACAA o

---

[1] El recurso de revisión judicial fue firmado por el señor Muñíz el 6 de mayo de 2015 y utilizaremos esta fecha para los efectos de auscultar nuestra jurisdicción y contabilizar los treinta (30) días disponibles para solicitar revisión, contados a partir del archivo en autos de copia de la notificación. Ello, a los efectos de cumplir con la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. XXII-B, R. 57, que expone que "[e]l escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia".

**Exhibit 10**

parte recurrida) el 25 de noviembre de 2014 y enviada por correo el 1 de diciembre del mismo año.

Para disponer la presente solicitud prescindiremos de la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 7(B)(5), y como nos permite la Sección 4.6 de LPAU, 3 L.P.R.A. sec. 2176[2].

Por los fundamentos expuestos a continuación, se revoca la Resolución recurrida.

I.

El señor Muñiz se encuentra confinado desde el 2007 y actualmente cumple su sentencia en la Institución Correccional Ponce 224. Estando bajo la custodia del Estado el señor Muñiz sufrió lesiones como consecuencia de un accidente de automóvil ocurrido el 8 de octubre de 2009 en donde viajaba como pasajero de una guagua del Departamento de Corrección y Rehabilitación. Consecuentemente, recibió servicios médicos por cuenta y costo de ACAA.

Surge de la copia del expediente administrativo que el 8 de mayo de 2012 la ACAA emite *Decisión de Denegación del Director Ejecutivo por Servicio Médico* mediante la cual se deniega la extensión de los beneficios recibidos por el señor Muñiz.

Posteriormente, y en ajustada síntesis, surge lo siguiente: el 28 de junio de 2012 se celebra una Vista; el

---

[2] Dicha sección expresa, en su parte pertinente, que no será obligatoria la comparecencia del Estado Libre Asociado ante el Tribunal de Apelaciones a menos que así lo ordene el tribunal.

KLRA201500510

3

7 de agosto de 2012, notificada el 10 del mismo mes y año, se emite una *Resolución del Director Regional Sobre Conferencia Preliminar* en donde se confirma la decisión tomada el 8 de mayo de 2012; y el 7 de diciembre de 2012 se celebra una Audiencia ante el Director Ejecutivo conforme a la Regla 7(G) del *REGLAMENTO PARA LA LEY DE PROTECCIÓN SOCIAL POR ACCIDENTES DE AUTOMÓVILES*, Reglamento 6911 del 1 de diciembre de 2004 (Reglamento 6911).

Finalmente, el 2 de septiembre de 2014, ACAA Resolución en donde determina, en síntesis, que no procede extender la extensión de cubierta y por tanto, tampoco los servicios ni el equipo médico solicitado por el señor Muñiz. La misma fue notificada al siguiente día siendo enviada por correo certificado y por correo regular al recurrente[3] y a los licenciados Juan Rodríguez López y Jetzabelle Prieto[4]; a cada uno de forma separada.

Inconforme, el 6 de octubre de 2014, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz escribe una Carta Informativa mediante la cual indica que la Resolución emitida el 2 de septiembre de 2014 le fue entregada a su persona el 2 de octubre de 2014 y que por lo tanto le era imposible cumplir con el término de veinte (20) días para presentar su reconsideración final ante la

---

[3] Dicha correspondencia le fue enviada al señor Muñiz a la siguiente dirección: Cuadrante B-20 20148 Box 900, Peñuelas, PR 00624.
[4] Según el señor Muñiz estos licenciados acudieron a la vista celebrada el 7 de diciembre de 2012 únicamente y **no** fungen como su representación legal.

4

Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.

**En respuesta, el 25 de noviembre de 2014, notificada el 1 de diciembre del mismo año, ACAA emite la Resolución recurrida en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera de término.** Apoya su determinación al indicar que todas las notificaciones también se han cursado a los abogados de récord por lo que no había razón para no actuar dentro de los veinte (20) días dispuestos por el Reglamento 6911.

El 9 de enero de 2015 el señor Muñiz envía otra Carta Informativa[5] a la ACAA. La misma fue recibida por ACAA el 14 de enero de 2015 y en ella expresa que no se le puede penalizar por algo sobre lo que él que no tienen control, que es el manejo de correspondencia a los confinados. A modo de sustentar su postura- y siendo medular para la controversia de autos- éste señala particularmente que, a pesar de que la Resolución emitida el 25 de noviembre de 2014 fue notificada el 1 de diciembre de 2014, **la misma fue recibida en la Institución Correccional el 17 de diciembre de 2014 y le fue entregada a él el 8 de enero de 2015.** De los autos no se desprende que ACAA le haya correspondido.





---

[5] Se desprende del sobre utilizado por el señor Muñiz que su dirección postal cambió y que su nueva dirección es: Institución Ponce 224-Control 25, Sección Violeta, Celda #130, P.O. Box 7126, Ponce, PR 00732.

KLRA201500510                                                    5

Así las cosas, el 5 de mayo de 2015 el señor Muñiz redacta otra carta y recalca su cambio de dirección. Indica que dicho cambio se debe dado a que "ya Corrección no tiene contrato con el correo de Peñuelas". Destaca además que los abogados a los cuales ACAA les notifica copia de las Resoluciones no son sus abogados ya que él no tiene con qué pagarle honorarios. Nuevamente le solicita a ACAA una oportunidad o extensión del término para atender su reconsideración por entender que el presentó sus escritos a tiempo basándose el cómputo del término desde que él fue notificado.

Finalmente, el 17 de marzo de 2015, notificada el 25 de marzo de 2015, ACAA emite otra Resolución en donde indica que la reconsideración no cumple con el término aplicable de veinte (20) días. Concluye ACAA que, en ausencia de prueba que sustente la fecha en que Corrección le entregó al recurrente copia de las resoluciones, el señor Muñiz fue debidamente notificado y por lo tanto declara no ha lugar la solicitud de reconsideración por estar en destiempo.



Con firma del 6 de mayo de 2015, el 12 de ese mes y año el señor Muñiz acude ante este tribunal mediante la presente solicitud de revisión judicial. A modo de resumen, se desprende de su escrito que el recurrente alega que erró ACAA en no considerar que él no tiene control del manejo de la correspondencia y que por lo tanto no tiene la culpa

KLRA201500510

6

de que cuando recibe copia de las notificaciones ya han vencido los términos.

## II.

Es norma conocida que la solicitud de revisión judicial se presenta contra la determinación final de una agencia administrativa. *Depto. Educ. v. Sindicato Puertorriqueño*, 168 D.P.R. 527 (2006); *Procuradora Paciente v. MCS*, 163 D.P.R. 21 (2004). Véase además, Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24, *et seq.*; Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. sec. 2101, *et seq.*; y la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 56.

Particularmente, el Art. 4.006 de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este foro conocerá mediante una solicitud de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.

Por su parte, la Sección 4.2 de la LPAU, 3 L.P.R.A. sec. 2172, establece que una parte adversamente afectada por una orden o resolución final de una agencia, y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, **podrá presentar una solicitud de revisión ante el Tribunal de**





**Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.** O, a partir de la fecha aplicable de las dispuestas en la Sección 2165 cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La doctrina que exige que la revisión judicial esté disponible después que se hayan agotado todos los remedios y procesos administrativos permite que la agencia cumpla, de manera informada y fundamentada, su función como brazo ejecutivo del Gobierno, antes de que los tribunales pasen juicio sobre sus determinaciones. *Rivera v. E.L.A.*, 121 D.P.R. 582 (1988).

Nuestro más alto foro ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo; tiene efectos sustanciales sobre las partes; y resuelve todas las controversias ante la agencia, sin dejar pendiente algún aspecto para ser decidido en el futuro. *A.R.P.E. v. Coordinadora*, 165 D.P.R. 850 (2005). Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias. *Comisionado de Seguros v. Universal*, 167 D.P.R. 21 (2006). Ello a su vez hace ejecutable entre las partes la decisión administrativa y por ende susceptible de revisión judicial. *Íd.*

KLRA201500510

8

A los efectos de determinar cuándo comienza a decursar el término de treinta (30) que tiene una parte para -conforme a lo establecido en la Sección 4.2 de la LPAU, *supra*- presentar una solicitud de revisión ante el Tribunal de Apelaciones, es meritorio que la notificación de la orden o resolución final, o su reconsideración, haya sido notificada de acuerdo a LPAU. Véase, Sección 3.14 y 3.15, 3 L.P.R.A. sec. 2164 y 2165.

Particularmente, la Sección 3.14 de LPAU, *supra*, establece, en su parte pertinente, que:

> La orden o resolución final advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión judicial como cuestión de derecho ante el Tribunal de Apelaciones, <u>así como las partes que deberán ser notificadas del recurso de revisión</u>, **con expresión de los términos correspondientes. <u>Cumplido este requisito comenzarán a correr dichos términos.</u>**

> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas -naturales o jurídicas- a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que éstas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.

> **La agencia deberá notificar por correo a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible,** y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. **<u>Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.</u>** (Énfasis nuestro).

En esta etapa, una vez la agencia administrativa emite la orden o resolución, la parte puede solicitar la reconsideración de la determinación administrativa o





recurrir a través del recurso de revisión judicial directamente al Tribunal de Apelaciones. En caso de que la parte determine solicitar la reconsideración de la determinación administrativa, la LPAU establece en su Sección 3.15, *supra*, que **la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.** (Énfasis nuestro).[6]

Destacamos que "parte" según definido por LPAU significa toda persona o agencia autorizada por ley a quien se dirige específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. Véase, Sección 1.2, 3 L.P.R.A. sec. 2102.



---

[6] Por ser de aplicación al caso de autos, la Sección 13 de la Ley Núm. 138 del 26 de junio de 1968, según enmendada, conocida como "Ley de Protección Social por Accidentes de Automóviles", 9 L.P.R.A. sec. 2061, establece en lo pertinente:

> En caso de que un reclamante no estuviere conforme con la determinación que haga el Director Ejecutivo, podrá solicitar la reconsideración de ésta dentro de treinta (30) días a partir de la fecha de la notificación de la determinación o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior. En esta etapa el reclamante podrá estar representado por abogado y hacer los planteamientos y presentará la evidencia que entienda conveniente. Si no estuviere de acuerdo con el resultado de la reconsideración podrá, dentro de treinta (30) días a partir de la fecha de la notificación de la determinación en reconsideración o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior, solicitar una audiencia pública ante el Director Ejecutivo o un examinador designado por éste.

KLRA201500510

10

### III.

El señor Muñiz está inconforme con la Resolución de ACAA emitida el 2 de septiembre de 2014 en donde se le deniega la extensión de cubierta de los beneficios provistos por la agencia. De dicha Resolución, la cual le fue entregada a su persona el 2 de octubre de 2014, es que éste solicita la Reconsideración que le fue denegada en donde ACAA indica que carece de jurisdicción por la reconsideración estar fuera del término jurisdiccional de veinte (20) días. Siendo estos contados desde el 3 de septiembre, fecha en que se notificó la Resolución del 2 del mismo mes y año.

Dicha Resolución está fechada el 25 de noviembre de 2015 y expresa que fue notificada el 1 de diciembre del mismo año. Sin embargo, el recurrente nos plantea que erró, en ajustada síntesis, al ACAA determinar que no tenía jurisdicción para atender su reconsideración por esta haberse presentado fuera de término. Fundamenta su reclamo al expresar que ACAA no consideró que él no tiene control ni manejo de su correspondencia, la cual le fue realmente entregada a escasos días de vencer el término de presentación aplicable, por lo que se le imposibilita cumplir con el término jurisdiccional que fue computado sin considerar su situación de reclusión. Le asiste la razón.

Sabido es que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción

de reconsideración de la resolución u orden. Véase Sección 4.2 de la LPAU, *supra*. Por ende, si la Resolución emitida por ACAA el 2 de septiembre 2014, enviada por correo el día siguiente, le fue entregada al señor Muñiz en la institución carcelaria en donde se encuentra el 2 de octubre de 2014, es imposible que el señor Muñiz redacte y presente su solicitud si los veinte (20) días se cuentan a partir del 3 de septiembre de 2014. De igual manera ocurre con todas las demás Resoluciones emitidas por ACAA, las cuales no le llegan a las manos del señor Muñiz en el tiempo razonable al que sí le llegarían si estuviera en la libre comunidad.

Es imperativo que la ACAA tome en consideración las circunstancias particulares en las cuales se encuentra el señor Muñiz, el cual le ha dejado saber a la agencia que no ostenta representación legal y que no recibe la correspondencia a tiempo. En adición, del expediente administrativo del caso de autos **no** existe evidencia fehaciente de la fecha exacta en que el recurrente, el cual reiteramos que se encuentra confinado, haya recibido copia de las diversas determinaciones de ACAA emitidas desde septiembre de 2014 al presente. Únicamente conocemos la fecha de recibo según indica el propio recurrente en sus múltiples cartas y mociones.

**Recordemos que cónsono con el precepto de la notificación, el Tribunal Supremo ha resuelto que el derecho a una notificación adecuada es parte del**

**debido proceso de ley**. (Énfasis nuestro). *Maldonado v. Junta de Planificación*, 171 D.P.R. 46 (2007). Si el señor Muñiz no se ha enterado de la determinación de la agencia, por éste encontrarse confinado y no tener control de la correspondencia, lo correcto es contabilizar los términos jurisdiccionales desde que éste adviene en conocimiento de la determinación de la agencia. Lo contrario va en contra del acceso a la justicia y no respeta la dignidad de las personas confinadas. Más aún, viola el debido proceso de ley que requiere que un dictamen final se notifique de manera que la parte afectada pueda enterarse de la decisión final en su contra. *Río Const. Corp. v. Mun. de Caguas*, 155 D.P.R. 394 (2001).

 De conformidad con el Derecho antes expresado, concluimos que ACAA erró al no aplicar correctamente la Sección 3.14 de LPRA, *supra*, la cual claramente expresa ¿que una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. Al así actuar, ACAA obvió las garantías constitucionales del debido proceso de ley, tanto en su vertiente sustantiva como procesal, que cobijan al señor Muñiz.

 Además, el pretender que el recurrente -que está privado de su libertad y que no tiene control alguno sobre el recibo de su correspondencia postal- cumpla con un determinado término que no contempla la situación especial en la cual éste se encuentra, articula una patente burla al

procedimiento de revisión que establece la propia Ley Orgánica de la ACAA, la cual no podemos avalar y mucho menos sostener. Véase, además, por analogía la Regla 30.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 30.1

Habida cuenta de lo anterior, la Resolución de ACAA emitida el 25 de noviembre de 2014 en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera del término no es correcta en Derecho. Ello, puesto que el término de veinte (20) días para reconsiderar la Resolución del 2 de septiembre de 2014 comenzó a decursar cuando el recurrente quedó realmente notificado de tal determinación, lo cual fue el 2 de octubre de 2014. Por lo tanto, al éste enviar su reconsideración el 6 de octubre, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz sí cumplió con el término de veinte (20) días para presentar su reconsideración final ante la Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.

IV.

Por los fundamentos antes expuestos, los cuales se hacen formar parte de esta Sentencia, revocamos la resolución recurrida que se negó a considerar la petición de reconsideración del señor Muñiz.

En su consecuencia, se ordena al Director Ejecutivo y/o Junta de Directores de la ACAA a atender y adjudicar la reconsideración presentada por el señor Muñiz el 6 de

Case:17-03283-LTS   Doc#:22672-2   Filed:10/21/22   Entered:10/24/22 10:16:33   Desc:
Exhibit    Page 23 of 23

KLRA201500510                                                                      14

octubre de 2014 y continuar con el proceso administrativo conforme la Ley de Procedimiento Administrativo Uniforme, *supra*, y el Reglamento 6911, *supra.*

También ordenamos a la ACAA a cumplir con la Sección 3.14 de LPAU, *supra*, cerciorándose de la entrega al señor Muñiz de todas las Resoluciones y Órdenes emitidas por la agencia y acreditando la fecha del archivo en autos de la copia de la notificación de éstas desde que el confinado es personalmente notificado.

Notifíquese al Director Ejecutivo de la Administración de Compensaciones por Accidentes de Automóviles; y al señor Muñiz a la Institución Correccional Ponce 224.

Notifíquese, además, al Secretario del Departamento de Corrección y Rehabilitación así como al Superintendente de la Institución Correccional Ponce 224; a quienes le ordenamos a que le den estricto cumplimiento al *Reglamento de Normas para Regir la Correspondencia de los Miembros de la Población Correccional en Instituciones Correccionales y Programas de la Administración de Corrección*, Reglamento Núm. 7594 aprobado el 24 de octubre de 2008 y que aún está vigente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones