UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

<u>ORDER TO SUPPLEMENT BRIEFING CONCERNING MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

        The Court has received and reviewed the *Motion for Relief from Automatic Stay* (Docket Entry No. 22229 in Case No. 17-3283) (the "Motion") and the *Objection of the Commonwealth of Puerto Rico to Lilia Molina Ruiz's Motion for Relief from Stay* (Docket Entry No. 22636 in Case No. 17-3283) (the "Objection").

        The Court hereby orders Movant[2] and the Oversight Board to meet and confer and file a joint report addressing the following issues by **October 31, 2022, at 12:00 p.m. (Atlantic Standard Time)**.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Capitalized terms used but not defined herein have the meaning ascribed to them in the Objection.

  (a) Following the occurrence of the Effective Date of the Plan, does the Oversight Board contend that there currently exists a stay of the Litigation arising out of PROMESA, the Bankruptcy Code, and/or any orders of this Court?  What is the legal basis for that stay? Does that stay apply if the relief sought in the Litigation is limited to the return of Movant's property?

  (b) The Objection states that "the property actually remains in dispute as the current status of the Litigation indicates that the Judgment has been remanded by the PRCA to the Commonwealth Court for reconsideration" (Obj. ¶ 40), which appears to be a reference to the June 8, 2017, remand of the Judgment to the Commonwealth Court.  (See Obj. ¶ 14.)  However, the Motion alleges that "on November 17, 2017, the Puerto Rico Court once again ordered the return of the livestock to Ms. Molina."  (Mot. at 3.)  Please address the status of the Litigation and whether the Commonwealth Court has determined ownership of the property.

  (c) The Objection appears to take the position that the Court should not determine the parties' respective interests in the property and should assess only the Sonnax factors.  (See Obj. ¶ 23 ("[T]his Court examines the factors set forth in Sonnax to determine whether 'cause' exists."); ¶ 42 n.7 ("[A] request for determination of the Commonwealth's interest or equity in property is properly brought by adversary proceeding.").)  Please address the significance of the First Circuit's holding in Gracia-Gracia v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 340, 350 (1st Cir. 2019) that "in order to properly weigh the In re Sonnax factors, the Title III court first needed to make at least a preliminary determination of the parties' respective property interests in the disputed" property.

  (d) Does the Oversight Board contend that the Commonwealth has equity in the property that is the subject of the Litigation?  Does the Oversight Board contend that such property is necessary for the Commonwealth's reorganization?  If not, then on what basis does the Oversight Board contend that section 362(d)(2) of the Bankruptcy Code does not compel stay relief?  See Gracia-Gracia, 939 F.3d at 349 ("That Congress thought that stay relief should be granted under PROMESA upon a showing that the debtor lacks equity in disputed property is confirmed by Congress's express decision to incorporate subsection 362(d)(2) of the bankruptcy code into PROMESA.").

  SO ORDERED.

Dated: October 25, 2022

                         /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        United States District Judge