**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et. al.*<br><br>Debtors[1] | PROMESA<br>TITLE III<br><br>(Jointly Administered)<br><br>CASE NO.: 17-BK-3283 (LTS) |

**REPLY TO OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO LILIA MOLINA RUIZ'S MOTION FOR RELIEF FROM STAY**

**TO THE HONORABLE COURT:**

NOW comes, Lilia Molina Ruiz (hereafter, "Ms. Molina"), represented by the undersigned counsel and respectfully prays and states:

**I. INTRODUCTION AND RELEVANT BACKGROUND**

1. On May 13, 2022, the Oversight Board filed the *Four Hundred Sixty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Deficient ADR*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA")(Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Claims* [ECF No. 20797] (the "Objection") objecting to Ms. Molina's Asserted Claim (claim 77585).

2. On September 11, 2022, Ms. Molina filed the *Opposition to Four Hundred and Sixty-Sixth Omnibus Objection to Proof of Claim Number 77585 and for Relief from Automatic Stay* [ECF No. 22145] (the "Response"), opposing the Objection, claiming that sufficient detail was provided in support of Movants' claim for the return of certain livestock to Movant pursuant to the Judgment, and further requesting stay relief.

3. In response to an order of the Title III Court [ECF No. 22171] deeming the Response solely an opposition to the Objection and terminating the request for stay relief without prejudice, on September 15, 2022, Ms. Molina filed a motion seeking relief from the automatic stay [ECF No. 22229].

4. On October 18th, 2022 the Commonwealth filed its objection to Ms. Molina's motion for relief of stay, [ECF No. 22636].

5. Per briefing order entered on October 12th, 2022 [ECF No. 22585], Ms. Molina was granted until today to file her Reply to the Commonwealth's objection. We submit our reply as follows.

## II. Ms. MOLINA'S REPLY TO THE COMMONWEALTH'S OBJECTION

6. As indicated by the Commonwealth in its objection, this Court must examine the factors set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990) to determine whether cause exists that may warrant relief from stay, as cause is not defined in the Bankruptcy Code.

2

7. No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it.

8. The Commonwealth posits that the *Sonnax* factors point toward maintaining the stay and against the relief Ms. Molina seeks. The Commonwealth's position as to each factor is responded to in detail below.

9. Ms. Molina disagrees with the Commonwealth. The stay is unwarranted in all respects because: a) the litigation in the state court ended with a final nonmonetary judgment, ordering the return of her animals; b) the Commonwealth has no equity nor interest in her property, and is not part of the Bankruptcy estate; and c) keeping Ms. Molina from seeking post judgment relief in the state court does not aid in anyway the restructuring of the Commonwealth's debt; quite the contrary, the animals can only create a burden for the Commonwealth as they need to be cared for, fed, and housed, obviously at an expense to the Commonwealth, an ongoing liability.

Moreover, claimant Molina stands to suffer irreparable harm, as the livestock, by its nature is subject to perishing for a number of reasons, including disease, theft, or other natural causes while out of her possession and control.

**Analysis of the Sonnax Factors**

10. The Commonwealth asserts that "the first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case" (Objection, ¶ 26). The Commonwealth goes on to state that

> "Here, Movant fails to identify any bankruptcy issue related to the Commonwealth's Title III case that would be resolved by allowing Movant to proceed with the Litigation for the alleged wrongful seizure of animals that occurred seven (7) years ago, prior to the commencement of the Commonwealth's Title III case". (Objection, ¶ 27).

3

11. Such assertion is a *non sequitur*, because there is no bankruptcy issue before the Court. If the movant is allowed to return to her litigation before the State Court, all that remains pending there would be execution of a nonmonetary judgment ordering the return of Movant's animals. Such remedy has no bearing on the restructuring of Puerto Rico's debt, and therefore has no bearing on any issue before this Honorable Court. Quite simply, the animals are not part of the Bankruptcy estate.

12. The Commonwealth asserts as to the second *Sonnax* factor that:

> "the lack of any connection with or interference with the bankruptcy case—does not support lifting the stay. Lifting the stay and allowing Movant's claim to proceed to final judgment would be a waste of the Commonwealth's resources, would significantly interfere with the administration of the Title III case and circumvent the requirements in the Confirmation Order". (Objection, ¶ 29).

The Commonwealth further asserts that

> "allowing Movant's claim to proceed to final judgment would force the Commonwealth to rush their assessment of Movant's claim well in advance of the March 8, 2023 Court ordered deadline". (Objection, ¶ 29).

13. Movant already has a final, nonmonetary judgment. Because of this, the Commonwealth's argument regarding the second Sonnax factor is misleading. There will be no waste of the Commonwealth's resources, as this matter was fully litigated, and all that is pending is execution of the judgment by way of delivery of claimant's animals.

14. The Commonwealth asserts as to the fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue that "the Litigation was filed before the Commonwealth Court" therefore, factor 4 "weighs in favor of denying the Motion". (Objection, ¶ 31). The Commonwealth fails to specify that the litigation on the merits has concluded, which fact supports granting relief from the

4

automatic stay.

15. The Commonwealth asserts as to the fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—that "no insurer of the Commonwealth has assumed any financial responsibility in connection with the Litigation" (Objection, ¶ 32) therefore this factor does not support granting the Motion. This is another non sequitur, as Movant's claim before the State Court consisted of a challenge to the seizure of her animals, and their concomitant return, therefore not a casualty claim that could be object of insurance coverage of any kind.

16. As to the Sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—the Commonwealth avers that:

> "the Litigation does not involve *primarily* third parties. Instead, Movant filed suit against the Commonwealth, and fails to show how any non-debtor parties in the Litigation are the *primary parties* to the action"…….,

and that "Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion". (Objection, ¶'s 33 and 34).

17. Again, the Commonwealth fails to recognize that no litigation on the merits is pending; that no monetary award was sought by Movant, and none was therefore granted by the Court; that the Commonwealth has no equity in Movant's property; and that Movant's property is simply not part of the Bankruptcy estate. The Commonwealth fails to indicate to the Court that Ms. Molina's property is in possession of a third party receiver, to wit, the Municipality of Bayamon, entity that was not a party in the case.

18. The Commonwealth asserts as to the seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—that "the relief sought prejudices

5

other creditors through the depletion of the Commonwealth's resources and attention, and by potentially allowing Movant to "skip the line" in the claims reconciliation process". (Objection, ¶ 35-36).

19. However, this assumes that, should this Honorable Court grant the lift of stay, the Commonwealth would have to defend against litigation, which is not the case, as the litigation on the merits before the state court is concluded having said court entered already a non-monetary judgment that is now final.

20. Allowing this case to proceed to state court for execution of judgment by the return of certain animals belonging to the movant, in no way, shape or form would prejudice the interests of other creditors of the bankruptcy estate. The Commonwealth makes conclusory allegations that it would, but it fails to state exactly how that would happen. It misleadingly indicates that forcing the Commonwealth to litigate "issues that could be resolved through claims reconciliation would unnecessarily waste the Commonwealth's resources" (Objection, ¶ 37). There is nothing else to litigate before the state court, and no claim to reconcile.

21. As the Sonnax factors 10 and 11 the Commonwealth avers that:

> "The interest of judicial economy and the status of the Litigation also weigh against stay relief. The interests of judicial economy are not served by stay relief because the Commonwealth still has until March 8, 2023 to assess and make a determination regarding Movant's Asserted Claim per the extension of the objection deadline and the Commonwealth's Title III case provides a single, expeditious forum for the resolution of claims. Accordingly, Movant's Asserted Claim should be liquidated through the claims resolution process in these Title III cases to preserve judicial economy. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion". (Objection, ¶ 38).

6

22. This argument is unavailing, as Ms. Molina's claim before the state court resulted in a judgment providing a non-monetary award that is not subject to liquidation. Movant believes that the claims resolution process in these Title III cases contemplate only litigation involving monetary claims. Movant's claim is not of that kind as stated before.

23. Regarding Sonnax factor 12--Balancing of the harms favors denial of the Motion-- the Commonwealth avers that "balancing of the harms favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movant would suffer if the stay remains in place". (Objection, ¶39-40).

24. This is yet another conclusory allegation from the Commonwealth as it fails to provide an explanation as to how an impact to the Commonwealth—yet to be specified---, would outweigh any harm movant would suffer. Movant continues to suffer the deprivation of her property, which by way of a final judgment its prompt return was ordered.

25. The Commonwealth indicates that:

> "The property actually remains in dispute as the current status of the Litigation indicates that the Judgment has been remanded by the PRCA to the Commonwealth Court for reconsideration……Movant states no monetary award of any kind is involved in the Litigation against the Commonwealth—thus cause to lift the stay. Mot. at 5. However, Movant's Asserted Claim is based on the Litigation. In addition, it is possible that, should Movant be successful in the reconsideration of the Judgment, the Litigation could result in some determination of monetary remedy against the Commonwealth. (Objection, ¶'s 40-41).

26. Such averments are misleading on all counts for the following reasons. There are no motions to reconsider pending before the state court. This is so because on July

7

26, 2018, the state court gave the Commonwealth twenty (20) days to show cause why it had not complied with the dispositive part of the judgment, to wit, delivery of the animals to the Movant. In fact, it ordered the Commonwealth to inform the location of the animals.

27. On August 14th, 2018 the Commonwealth informed that the animals were in possession of a third party, to wit, the Municipality of Bayamon, and had been placed under the care of the Municipality's "Parque de las Ciencias", a theme park that includes a zoo. In its motion to reconsider the July 26th, 2018 order on execution of the judgment, the Commonwealth moved to stay the post judgment proceedings under Title III PROMESA, but did not assert any impediment or infirmity as to the judgment itself which was already final.

28. On August 29th, 2018, the state court granted the Commonwealth's motion to reconsider only on grounds of the automatic stay under PROMESA, but the dispositive nature of the judgment remained unaltered. Therefore, and contrary to what is averred by the Commonwealth, there is no pending dispute that the animals must be returned to the Movant.

29. Lastly, the Prepetition litigation cannot, under Puerto Rico's Rules of Civil Procedure, result now in any kind of monetary judgment as the Commonwealth would want this Court to believe. The Movant never asserted any kind of monetary claim. Because of this, the final judgment did not award any monies to her, only the return of the illegally seized animals. Under the Puerto Rico Rules of Civil Procedure, this judgment is not subject to any kind of amendment, much less, including remedies that were never sought by the Movant herein.

30. For this reason, the Commonwealth's averment that "the Litigation could result in some determination of monetary remedy against the Commonwealth" (Objection, ¶ 41)

is completely inaccurate. The state level litigation has only one way to go: execution of judgment by order of delivery of the animals, which is the only remedy that the Movant may seek from the court that issued a judgment in her favor, once the stay is lifted.

### III. CONCLUSSION

31. In accordance with 11 U.S.C. §362 (d)(2), the automatic stay should be lifted because the Commonwealth of Puerto Rico has no equity or any kind of interest, proprietary or otherwise, in Ms. Molina's livestock as the seizure was declared to be null and void by the Puerto Rico First Instance Court judgment for want of complying with applicable seizure and forfeiture proceedings.

32. Additionally, and from the standpoint of the Title III proceedings, Ms. Molina's position is that the under section 362 (d)(2) (A) & (B) of the Bankruptcy Code, the Court ought to grant relief of the automatic stay because such property is not necessary to an effective reorganization of the Commonwealth's debt.

33. Under 11 U.S.C.A. sec. 362 (d), a bankruptcy court may modify the automatic stay "for cause" to allow a pending action in a different court to continue its proceedings—in this case, execution of a judgment for return of property, where there is no monetary award of any kind involved against the Commonwealth. In re Murray Industries, Inc., 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990).

34. The Commonwealth has not met the ultimate burden of persuasion to establish that cause for relief does not exist under section 362 (d). In re Anton, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). Regarding cause for relief from stay, <u>Peerles Insurance Company v. Peerless Insurance Company</u>, 208 B.R. 313, 315 (D.R.I. 1997) provided that: "Section

9

362 (d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause." 11 U.S.C. sec. 362(d)(1). The statute does not define "cause"; but generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted.

35. The livestock of course, is not part of the bankruptcy estate. No harm of any kind may befall upon the Commonwealth, within the purview of PROMESA and the protection it affords the Commonwealth, if the stay is lifted, and the matter must now go back to the Puerto Rico Court for the remainder of proceedings in execution of a judgment that is final at this point.

36. Under Sonnax, MS. Molina has shown a "lack of any connection with or interference with the bankruptcy case," is present for obvious reasons already spelled out hereunder; "whether litigation in another forum would prejudice the interests of other creditors," is an inquiry that must be answered in the negative, for the reasons already stated; "the interests of judicial economy and the expeditious and economical resolution of litigation," would be amply and justly served, remanding this matter to the Puerto Rico Court where it belongs; "whether the parties are ready for trial in the other proceeding," is also met here, as no trial is necessary, there is already a final judgment; and the "impact of the stay on the parties and the balance of harms".

37. Here, the stay has prevented Ms. Molina from applying for remedies before the Puerto Rico Court, thus she has been adversely impacted. It bears to say that the Commonwealth's plea for a stay—which the Puerto Rico Court granted, was an improvident, unfair and last-ditch effort to unduly retain Ms. Molina's property. Sonnax, 907 F. 2d, Id. at 1286.

38. Congress stated as part of the legislative history to section 362 (d)(1), that: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 341 (1977); S.Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

**WHEREFORE,** it is respectfully requested that this Honorable Court to consider the instant reply brief to the Commonwealth's objection, along with Ms. Molina's motion seeking relief from the automatic stay.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of October, 2022.

**CERTIFICATE OF SERVICE:** I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice electronically to all counsel of record and will provide hard copies to the Court and United States Trustee as soon as practical after the filing of the foregoing, consistent with the Court's Sixteenth Amended Case Management Order. *See* Docket No. 20190-1.

Dated: October 25th, 2022.

**S/JOSE LUIS NOVAS DEBIÉN**
**USDC-PR #213905**
PMB 382
Calaf 400
San Juan, Puerto Rico 00918
Tel.: 787-754-8300
E-mail:jnovas1@gmail.com

11