# EXHIBIT B[1]

## PARTY EXHIBIT COVER SHEET

| Name of Party | Francisco Beltran Cintron Group; Abraham Gimenez Group and Acevedo Arocho group |
|---|---|
| Does the Party intend to offer evidence? | Yes |
| Docket Entry No. for Party Exhibit List | ECF No. 21194; 21224;21227; 21230 |
| Exhibit Identifier [2] | Docket Entry No. of Exhibit | Is there a pending request to seal this Exhibit? |
| EXHIBIT A<br>Lift of stay request | | N/A |
| EXHIBIT B<br>Decline Lift of stay | | N/A |
| | | |
| | | |
| Pursuant to Bankruptcy Local Rule 9037-1(a), parties and counsel are solely responsible for redacting the personal identifiers enumerated in Fed. R. Bank. P. 9037(a). |||

---

[1] This Party Exhibit Cover Sheet must be attached to a party-in-interest's Informative Motion as Exhibit B.

[2] Each Exhibit should be named in sequential party-identified numbering (e.g., "FOMB Ex. 1" or "UCC Ex. A").

| | |
|---|---|
| Subject | **IGnlez: Course of Action RE: 17 bk 03283 follow up letter lift of stay cases Beltran Cintron Abraham Gimenez and Acevedo Arocho** |
| From | Wandymar Burgos Vargas <wburgos@justicia.pr.gov> |
| To | Lic. Ivonne González <ivonnegm@prw.net> |
| Cc | Susana I. Peñagaricano Brown <spenagaricano@justicia.pr.gov>, Juan C. Ramirez Ortiz <juramirez@justicia.pr.gov>, Idza Diaz Rivera <idiaz@justicia.pr.gov>, Wandymar Burgos Vargas <wburgos@justicia.pr.gov>, Nivia M. Candelaria Martes <ncandelaria@justicia.pr.gov> |
| Date | 2021-03-29 15:54 |

- Part 2.eml(~9.8 MB)
- 17bk03283 letter March 9, 2021, Modification of october 5, 2018 stipulation cases Beltran -Cintron et als etc..pdf(~1.0 MB)
- Abraham Gimenez y otros v DTOP Apelacion CASP 14 enero de 2021.pdf(~5.6 MB)
- Beltran Cintron apelacion CASP 2021. 01. 0345.pdf(~527 KB)

Esteemed Counsel:

As per the protocol set by the court's order, after having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF legal representatives, that the best course of action in this case is to decline the request to modify stay (i) due to the procedural stage of two of these cases (Beltrán Cintrón Group CASP No. 2021-01-0345 and Abraham Giménez Group CASP No. 2021-01-0346), which are at an initial stage and (ii) because of the complexity of the actions and numerous plaintiffs in all three cases which would entail substantial expenses and costs associated with litigating the same; any pretrial proceedings and a trial would require substantial expenditure of Debtor's resources.

f/WBV

*Lcda. Wandymar Burgos Vargas*
*Abogada*
*Secretaria Auxiliar de lo Civil*
*Departamento de Justicia*
*wburgos@justicia.pr.gov*

Calle Teniente César González #677
Esq. Ave. Jesús T. Piñero
San Juan, PR 00919
P.O. Box 9020192
San Juan, PR 00902-0192



## GOBIERNO DE PUERTO RICO
Departamento de Justicia



SECRETARIA AUXILIAR DE LO CIVIL

**BEFORE YOU PRINT** this e-mail, **THINK** about your responsibility and commitment with the **ENVIRONMENT**.

> AVISO DE CONFIDENCIALIDAD: Esta difusión de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario pretendido, cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con la remitente y elimine este mensaje. Este correo electrónico no pretende ni debe ser considerado como constitutivo de ninguna relación legal, contractual o de otra índole similar.

> CONFIDENTIALITY NOTE: This communication and any attachments included herein contain information that belongs to attorney Wandymar Burgos Vargas, that may be confidential, legally privileged and/or a trade secret. Its unauthorized disclosure, copying or distribution is strictly prohibited. If you have received this communication in error please delete or destroy it and notify the sender immediately. Neither attorney Wandymar Burgos Vargas will be liable for any damages resulting from any modification or falsification of an e-mail that is originated by us. Moreover, although precautions have been taken to ensure that the data included herein is free from viruses or other malicious content, we cannot assure that such is indeed the case and disclaim any responsibility attributable thereto. Please note that we make no representations and/or are not responsible for any virus or similar malicious data content, which this e-mail transmission may contain.

**From:** Carolina Velaz Rivero <cvelaz@mpmlawpr.com>
**Sent:** Friday, March 19, 2021 4:17 PM
**To:** ivonnegm-prw.net <ivonnegm@prw.net>
**Cc:** hermann.bauer@oneillborges.com; ubaldo.fernandez@oneillborges.com; dperez@omm.com; Luis Marini <lmarini@mpmlawpr.com>; Wandymar Burgos Vargas <wburgos@justicia.pr.gov>
**Subject:** Re: 17 bk 03283 follow up letter lift of stay cases Beltran Cintron . Abraham Gimenez and Acevedo Arocho

Thanks, Counsel. We acknowledge receipt. The Commonwealth will respond on or before the allotted time under the Case Management Procedures to do so, as indicated in your letter.

Kind regards,

Sent from my iPhone

> On Mar 19, 2021, at 4:15 PM, ivonnegm-prw.net <ivonnegm@prw.net> wrote:
>
> Dear all:
>
> Enclosed please find follow up letter in the cases of reference.
>
> We appreciate your response.
>
> Cordially yours,
>
> Ivonne gonzalez Morales Esq.
>
> <17 bk 03283 follow up letter lift of stay cases Beltran Cintron, Abraham Gimenez, Acevedo Arocho.pdf>

**Subject** **17 bk 03283 Modification October 5 Stipulations cases Beltran Cintron et als Abraham Gimenez**

| | et als etc |
|---|---|
| From | ivonnegm-prw.net <ivonnegm@prw.net> |
| To | Hermann.Bauer@oneillborges.com <Hermann.Bauer@oneillborges.com>, ubaldo.fernandez@oneillborges.com <ubaldo.fernandez@oneillborges.com>, dperez@omm.com <dperez@omm.com>, lmarini@mpmlawpr.com <lmarini@mpmlawpr.com>, cvelaz@mpmlawpr.com <cvelaz@mpmlawpr.com>, Wandymar Burgos Vargas <wburgos@justicia.pr.gov> |
| Date | 2021-03-09 17:17 |

Dear all:

Enclosed please find letter requesting modification of the October 5, 2018 stipulation conserning the lift of stay in the following cases:

1. Beltran-Cintron, Plaintiff group

2. Abraham Gimenez, plaintiffs group

3. Acevedo Arocho Plaintiffs group

We give thanks in advance, for your cooperation and prompt response.

Cordially yours,

Ivonne Gonzalez-Morales, Esq.

## LCDA. IVONNE GONZALEZ MORALES

P.O. BOX 9021828
SAN JUAN, PUERTO RICO 00902-1828

TEL. (787) 410-0119
E-mail: ivonnegm@prw.net

March 9, 2021

Notified by email

Counsel for the Oversight Board
Attn: Hermann Bauer (hermann.Bauer@oneillborges.com) and
Ubaldo M. Fernández-Barrera (ubaldo.fernandez@oneillborges.com)

Counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority [AAFAF].
Attn: Diana M. Pérez (dperez@omm.com),
Luis C. Marini-Biaggi (lmarini@mpmlawpr.com) and
Carolina Velaz-Rivero (cvelaz@mpmlawpr.com),

Dear all:

RE: Case No.17-bk-03283, modification of the October 5, 2018 stipulation

Please take notice that on October 5, 2018, the Oversight Board, through its legal representative, entered an Stipulation with the Plaintiffs attorney, amending the Title III Stay in the following cases:.

1. Beltran Cintron, Plaintiff Group - Collectivelly (the Beltran Cintron Plaintiff Group (4,593)
2. Abraham Jimenez, (Collectively The Abraham Gimenez Plaintiff Group (1,046 Plaintiffs)
3. Acevedo Arocho, Prudencio group ( Colectivelly 1,601 Plaintiffs)

Following, on September 11, 2018, the BK Court issued the **Six *Omnibus Order Granting the Automatic Stay* (DOCKET No.4201),** which modified the Title III Stay, in the above identified cases, to the limited extent necessary, as follows:

A: The **Beltran- Cintron Group**, to allow: (a) the certiorari petition to proceed to final judgement before the PR Supreme Court. (b) The Prepetition Action to proceed before the prepetition court and (c). any appeal of such final judgment of the Prepetition Court to proceed to final judgment before the PR Court of Appeal and the PR Supreme Court; provided, however the title III Stay shall continue to apply in all other respect to the Prepetition Action and Certiorari Petition including but not limited to, the execution and enforcement of any judgement and any claim regarding any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor.

B. the **Abraham - Gimenez Group**, to allow (a) the certiorari petition to proceed to final judgement before the PR Supreme Court. (b) The Prepetition Action to proceed before the prepetition court and (c). any appeal of such final judgment of the Prepetition Court to proceed to final judgment before the PR Court of Appeal and the PR Supreme Court: provided, however the title III Stay shall continue to apply in all other respect to the Prepetition Action and Certiorari Petition including but not limited to, the execution and enforcement of any judgement and any claim regarding any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor.

1

C. The **Acevedo - Arocho Group**, to allow: (a) the Prepetition Action to proceed to judgment, or resolution before the prepetition court **only with respect to a pending Motion for Summary Judgment dated March 18, 2014** (the Motion for Summary Judgment), b).allow any appeal of the Prepetition Courts determination with respect to the Motion for Summary Judgment to proceed to judgment before the PR Court of Appeals, and C). allow any certiorari petition with respect to the Motion of Summary Judgment to proceed to final judgment and /or resolution before the PR Supreme Court; provided, however the title III Stay shall continue to apply in all other respect to the Prepetition Action and Certiorari Petition including but not limited to, to, the execution and enforcement of any judgement and any claim regarding the civil action at the P.R. Supreme Court

## I. RELIEF REQUESTED

1. Regarding the **Beltran - Cintron Group**, Movants respectfully propose to modify the October 5, 2018 Stipulations, and the corresponding Sixth *Omnibus Order Granting Relief from stay (Docket 4201), in order to* (a) allow the prepetition action, to proceed to final Resolution or judgment, before the **Commonwealth Appeal Commission (CASP) ,case no. 2021-01- 0345** and (b) to allow any appeal of the Administrative Forum decision to proceed before the P.R. Court of Appeals and Supreme Court, to final judgment ,but providing that any execution and enforcement of any judgment would remain stayed.

2. Regarding the **Abraham- Gimenez Group**, Movants respectfully propose to modify the October 5, 2018 Stipulations, and the corresponding Sixth *Omnibus Order Granting Relief from stay (Docket 4201), in order to* (a) allow the prepetition action,to proceed to final Resolution or judgment, before the **Commonwealth Appeal Commission (CASP) ,case no. 2021-01- 0346** and (b) to allow any appeal of the Administrative Forum decision to proceed before the P.R. Court of Appeals and Supreme Court, to final judgment ,but providing that any execution and enforcement of any judgment would remain stayed.

3. Regarding the **Acevedo- Arocho Group** to modify the October 5, 2018 Stipulation, and the corresponding Sixth *Omnibus Order Granting Relief from stay (Docket 4201), in order to* (a) allow the Appeal Petition actually pending at the PR. Supreme Court Case no. AC 2020- 0037 to proceed to final judgment (b) to allow the prepetition action under case no. **K AC 2005- 5022**, to continue to judgment at the court of First Instance of San Juan and (c) allow, any appeal of such final judgment of the Prepetition Court to proceed to final judgment before the PR Court of Appeal and the PR Supreme Court; but providing that any execution and enforcement of any judgment would remain stayed.

## II. BRIEF DESCRIPTION OF THE LITIGATION BACKGROUND AND STATUS OF THE PROCEEDINGS

In above identified cases, as previously explained, the cause of action concerns a declaratory judgment action that seek the correction of plaintiffs regular rate of pay, due to an illegal regulation issued by the Central Office of Personnel (OCAP) to implement the federal minimum wage, which resulted in inoperative pay scales and the payment of reduced wages. Therefore, we hereby incorporate, the names of movants, the description of their respective causes of action and litigation background, and corresponding Exhibits, included in our June 26, 2018 letter

In order to supplement the record of the proceedings taken after the Sixth Omnibus Order granting the lift of stay is pertinent to inform:

A. Regarding **the case of Francisco Beltran - Cintron**, and although said case was in an advance stage at the first Instance court, and the parties had entered stipulations of the relevant

2

facts and agreed to submit the case by summary judgment Motion, the debtor questioned the jurisdiction of the court, alleging that the primary jurisdiction corresponded to the administrative forum, (CASP).

B.  A similar Motion was filed in **the case of Abraham-Gimenez.**

The matter was brought to the Appel Court and to the Supreme Court, were both cases were consolidated: Cases no AC 2016-0110 and AC 2016- 0120, respectively.

Finally, on March 6, 2020 , the Supreme Court of PR, reversed the Court of Appeal and entered a judgement determining that  the primary jurisdiction was vested on the administrative Forum (CASP). Although two reconsideration Motions were filed, the Supreme Court entered on December 4, 2020 a resolution, notified December 16, 2020 confirming its judgment.

Consequently, on January 14, 2021 Claimants filled separately, two complaints at the P.R. Appeal Commission for Public Service (CASP). under the same cause of action, which giving rise to the exact same liabilities asserted in their original claim.

- The Beltran Cintron group, Case no. 2021-010345 and
- The Abraham Gimenez Group, case no. 2021-01-0346 .

On February 18, 2021, in the case of **Francisco Beltran - Cintron,** Case no. 2021-01-0345 the Commonwealth filed a Motion before CASP, assuming legal representation, but without submitting to the jurisdiction of the administrative forum, making reference to the Title III, process.[1] This by itself, warrant the modification of the stay, since a final resolution of claimants wage claims is critical, as will be discussed ahead in more detail

In the case of Abraham Gimenez, to date, no answer to the Complaint has been filed.

On March 9, 2021 claimants filled in above-mentioned cases, an amended proof of claim[2].

C.  Regarding the **Acevedo -Arocho group claim**, at present, the Summary judgment Motion,  is under the consideration of the Supreme Court case no. AC 2020-037.
 In regards  the fifth cause of action, which concerns a reclassification claim filled by a group of 74 Auditors and Tax specialists of the treasury Department,  since their claims was not solved by the Summary judgment Motion, on October 30, 2020, the debtor filed a Motion requesting the Stay of the trial on the merit.[3] This Motion is pending for resolution, at the Commonwealth First Instance Court.

### III.  REASONS FOR WHICH THE OCTOBER  5, 2018 STIPULATION SHOULD BE MODIFIED

Movants will suffer irreparable harm if the October 5, 2018 Stipulations are not modified. to allow above identified actions to continue until final judgments, for the following reasons:

**FIRST: The <u>Modification of the October 5, 2018 Stipulations Will Not Prejudice the Debtor or Estate</u>**

---

[1] Included as Exhibit 2
[2] See the corresponding court stamp in proof of claim
[3] Included as Exhibit 4.

3

It is well settled that the primary purposes for staying litigation against a debtor, is to protect all creditors, by preventing financial assets or property of the debtor from being diverted to an individual creditors.

In the cases at bar, the Movants are not investors, nor a creditor seeking to take possession or distribute assets belonging to the Commonwealth's estate. Therefore, by permitting Movants to continue the prosecution of their employment lawsuit at the administrative forum (CASP), will not be of prejudice to the bankruptcy estate, nor will interfere with the Commonwealth's Title III case, and thus, the interest of judicial economy and expeditious resolution will be served. See, In re Leatherman case No. 18-24818 BankD.N.J. Apr 15, 2019) Tucson Estates, F.2d at 1166-1170 (9th Cir. 1990) (overturning the re-imposition of a stay by the bankruptcy court as an abuse of discretion and allowing a state court proceeding to continue to judgment)

As a matter of fact, one of the arguments that the Debtor made when it filed the Six Omnibus Motion for Approval Modification from Lift of Stay, dated October 10, 2018, [Docket 4051], was the belief that modifying the Title III Stay for these matters will alleviate the strain on the cases and the Bankruptcy Court (BK Court), will further interest of judicial economy and maximize the Debtor's resources for the benefit of all parties, in interest by avoiding costly litigation in the BK court, since it will relieve the Bankruptcy Court from many duties that may be handled elsewhere.

Also, must be considered that, if the above-identified cases are not allow to continue to final judgment, would run the risk of grinding to a halt progress in the Title III case. Particularly, because, **under the bankruptcy Code must fundamental principles, all creditors, with substantially similar claims against the debtors, must be treated equally.**

Therefore, when it is considered the debtor's recent stay Motions, in the three cases above identified, raise a question of unfair discrimination and unequal application of the law, due to the fact that public employees wage claims are already being subjected to an intense process of scrutiny, by the pertinent government agencies. Particularly, because the Bankruptcy court, have authorized the **"Administrative Reconciliation of Claims,"** **were, among others are included pension/retiree claims, grievances and public employee's claims [Docket no.12274].**

In addition, because in order to facilitate the claims resolution process, the Bankruptcy court provided for a modification of the lift of stay, to the limited extent necessary to permit continuation of matters and guarantee the individual claimant's will retain all existing appeal rights to which they are entitled pursuant to those existing Administrative Claims Reconciliation processes. Also, because the *Commonwealth of Puerto Rico has entered Stipulation with CBA Counterparties Regarding Certain Grievance and Arbitration Procedures*, dated March 6, 2018.

Since the wage claims submitted by the group claimants are substantially similar to the other public employees claims, by applying the balancing test, outlined in In re Sonnax Indus., Inc., 15 907 F.2d 1280, 1286 (second Cir. 1990), steps must be taken, in the interest of justice, for the efficient resolution of Movants wage Claims, and allow proceedings to continue in the commonwealth courts or CASP, until final judgments are entered.

Otherwise, if the stay is permanently enforced, hardship will result to Movants, whereas the prejudice to defendants is slight, considering that the case preparation will not be burdensome to the Debtors, nor harm the estate, since said party has spent all the necessary time and resources in preparation, and briefing all the issues presented in the mentioned claims.

**SECOND: Hardship Will Result to Movants if the Stay Remains in Place**

4

Even and more fundamental, because when it is considered that at its core, the Title III case under PROMESA is a debt readjustment proceeding, entailing a readjustment plan that has yet to be confirmed, Movants, claims must be exercised prior to plan confirmation to avoid extinguishment, since the Movants have perform work, for which they have not been paid. Consequently, if the stay remains indefinitely in place, it will work a further constitutional injury to Movants, inasmuch as will operate to deprive them, of their property [salaries] without any due process.

**To the extend Movants claims are related to their employment with the Debtor, and the agency responsible has a complete administrative file for the individual wage claims, including audit reports and documentation, we submit that, if the group claims are not fully resolved, will cause a redressable injury, since will unjustly skip a class of creditors in the reorganization process, without their consent, as affected parties.** See *In re Biolitec, Inc.*, 528 B.R. 261, 269 (Bankr. D.N.J. 2014) (rejecting a structured dismissal because it "seeks to alter parties' rights without their consent and lacks many of the Code's most important safeguards"). Also, because under mention circunstances, must be taken into consideration, that the Bk court cannot confirm a Fiscal Plan, if there are impaired class of claims, as result of unilateral actions of the debtor.

The modification of the October 5, 2918 Stipulation is also proper, by applying the public policy principles of section 362 (b) (4) exemption, because it extends to "situations where a governmental entity, is acting in violation of wage statutes and its own rules and regulations.

THIRD: **Movants have the probability of prevailing on the merits of their claim**

Movants submit that the Commonwealth -has four unfavorable final judgments entered by the Puerto Rico Court of First Instance in San Juan, concerning the same cause of action and operational facts:
- Juan Pérez Colon et als v DTOP( 324 Plaintiffs) case no. K AC1990-0487 [4]
- Carmen Socorro Cruz Hernández et al v Depto Familia et als (334 plaintiffs) case no. K AC 1991- 0665 [5]
- Nilda Agosto et als v Depto Familia, et als (729 Plaintiffs) case no.K PE 2005-0608 [6]
- Jeanette Abrams Diaz et als v DTOP,( 1,084 Plaintiffs) case no. K AC 2005 -5021 [7]

To said effect, is pertinent to bring into your consideration that by virtue of above identified judgements, Defendant's approved new pay scales on February 2005 to correct the regular rate of pay and restore the wages illegally withheld from the employees who prevailed in said judgments. Since the Movant's are in the same position of the prevailing co-workers, we submit that, they must be treated the same, as the other employees. To said effect, it is highly persuasive, the Supreme Court's decision in *Santiago Declet v Departamento de la Familia*, 153 DPR 206 (2001), due to the constitutional implications. In mentioned case, the P.R. Supreme Court determined:

---

[4] See Claim no. 30851 for the names of the claimants included in the final judgment and chart with the salary owed to each claimant.

[5] See Docket 13535 for the names and number of the individual claims filed pursuant to final judgment and a chart with the salary owed to individual claimants

[6] See Docket 13534 for the names and number of the individual claims filed pursuant to final judgment, and which includes a chart with the amounts owed to the individual claimants.

[7] See Claim no. 50221 for the names of the claimants included in the final judgment and salary owed to individual claimants.

"El efecto de una corrección efectuada en algún aspecto del plan luego de una impugnación se hace extensiva, en los mismos términos, a todos los empleados ubicados en la misma situación que la de aquel que prevaleció en su impugnación. En este sentido, se benefician del cambio. tanto los empleados que impugnan ante los foros apropiados su nueva clasificación o retribución, como aquellos ubicados en similar situación que no han cuestionado su nueva situación laboral bajo el plan implantado. De este modo se reconoce en términos prácticos el derecho constitucional de todo trabajador de "recibir igual paga por igual trabajo". Const. de P.R., Art. II, sec. 16.

En este contexto, la rectificación de un error realizada por la agencia efectuada luego de que un empleado impugna su situación laboral bajo un nuevo plan de clasificación o retribución, de ordinario, se hace retroactiva a la fecha de implantación del nuevo plan, ya que se concibe como parte de la asignación original. De igual forma, la corrección efectuada en el contexto de los demás empleados ubicados en el mismo puesto que no impugnaron su situación laboral, debe retrotraerse a la fecha de la implantación del plan y concebirse como parte de la asignación original. No existe justificación alguna para dar un trato diferente a uno u otro caso."

A similar situation we find, **regarding the fifth cause of action in the Acevedo Arocho group** claim. Specifically, because the Dept. of Hacienda entered a stipulation, with the claimants in the case of *Raul Hernandez Bujosa v Dept. de Hacienda*, case no.99-05- 1306 , were Debtor agreed to correct the classification of 222 auditors and tax specialist, that were accumulated in mentioned case, based on the evolution of functions, due to a reorganization, or in the case the reclassification, was already granted, to provide a wage increase, for extraordinary working conditions. Since the claimants working conditions, due to the reorganization, are the same as the other co-workers who were reclassified, is more than reasonable, to correct their job classifications, to guarantee equal pay for equal work.

Last, but not less important, is the final prong to be applied to our request for the modification of the stay, since it only requires, a minimal showing that the Movant's claims is not "frivolous." *Id.* Even slight probability of success on the merits may be sufficient to support the lifting of the automatic stay for cause in appropriate cases. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993). "In re Tribune Co., 418 B.R. 116, 129 (Bankr. D. Del. 2009) (quotation omitted). See also *In re Antontio L. Giordano*, 1:1 I-Bk-13943. *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir.2011); and *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 34 (1st Cir.1994) (on a motion for relief from stay, the court looks at whether the proposed claim is colorable, or sufficiently plausible, to support relief from stay); *In re Veal*, 450 B.R. 897, 914–15 (9th Cir. BAP 2011) (the party seeking stay relief must have a colorable claim); *In re Jefferson Cty., Ala.*, 484 B.R. 427, 466 (Bankr.N.D.Ala.2012)

For the reasons stated above, Movants have established cause for the modification of the above-identified Stipulations, since will facilitate the determination regarding the amounts in dispute, helping in this way, in the formulation of a confirmable plan and the eventual reorganization and avoid any constitutional issue.

We appreciate and give thanks in advance for your cooperation, and prompt response.

If you need to meet with us to discuss the proposed stipulation or an alternative resolution for the employees wage claims above identified, in accordance to the **Administrative Reconciliation of Claims procedures**, please do not hesitate to call.

This, meeting could be of mutual benefit, in order to prevent unfair discrimination against the Movants, since they must receive in the reorganization plan, no less on their claims as the other

6

public employee claimants. Also, because we have found multiple inconsistencies, and irregularities regarding the "classification" of the litigation claims in the Alternative Dispute Resolution Status Notice, that should be addressed.

For example, in the Fourth ADR status notice [Docket 15958] in reference to Ortiz Rivera Wilma, who is a Plaintiff in the Beltran Cintron group claim, and is identified in Exhibit A at pag 15 with case no. K AC 2009-0809, and with the Proof of claim number 26763 , please be advised that the claim is misplaced, since the amount of $230,400.00 of the asserted liability, makes an express reference to a retiree or pension claim.

Cordially,

/s/ Ivonne González Morales, Esq.

CC. Wandymar Burgos Vargas

SUPPORTING DOCUMENTS
March 9, 2021 letter

| EXHIBIT | DESCRIPTION |
|---|---|

I. **Beltran – Cintron et als v Family Dept. et als**

  1. January 14, 2021 Complaint filed at the Administrative Forum CASP. case no. 2021-01-0345

  2. February 18, 2021 Motion filed by debtors, in case 2021-01-0345

II. **Abraham Gimenez et als v DTOP** .

  3. January 14, 2021 Complaint filed at the Administrative Forum CASP – case no. 2021-01-0346

III. **Acevedo Arocho, Prudencio et als v Depto. Hacienda.** K AC 2005-5022

  4. October 30, 2020 Motion requesting relief of Order and stay of the fifth cause of action in the First Instance Court, San Juan

IV. **Amended Proof of Claims, March 9. 2021**

  5. (a) **Beltran – Cintron et als v Family Dept. et als**

  5. (b) Abraham Gimenez et als v DTOP .

8