# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 22383** |
| CESAR CAMINERO RAMOS,<br><br>Movant,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

## OBJECTION OF THE COMMONWEALTH OF PUERTO RICO
## TO CESAR CAMINERO RAMOS'S MOTION FOR RELIEF FROM STAY

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TABLE OF CONENTS**

Preliminary Statement............................................................................................................ 1

BACKGROUND .................................................................................................................... 2

      A.     The Commonwealth's Title III Case............................................................. 2

      B.     The Motion and Current Status of the Litigation....................................... 3

OBJECTION........................................................................................................................... 5

      A.     Movant Fails to Show Cause for Relief under the Sonnax Factors ........... 5

CONCLUSION.................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*,
217 F. Supp. 3d 508 (D.P.R. 2016)......................................................................6, 7, 9, 10

*C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*,
369 B.R. 87 (D.P.R. 2007)................................................................................ 6-7

*Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*,
899 F.3d 13 (1st Cir. 2018)...................................................................................7

*Goya Foods v. Unanue-Casal (In re Unanue-Casal)*,
159 B.R. 90 (D.P.R. 1993),
*aff'd without opinion sub nom. Unanue v. Unanue-Casal (In re Unanue-Casal)*, 23 F.3d 395 (1st Cir. 1994) ...........................................................6, 7

*Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*,
2006 U.S. Dist. LEXIS 55284 (S.D.N.Y. Aug 4, 2006) ...........................................10

*In re 234-6 West 22nd St. Corp.*,
214 B.R. 751 (Bankr. S.D.N.Y. 1997)..................................................................5

*In re BFW Liquidation, LLC*,
2009 WL 8003536 (Bankr. N.D. Ala. Sept. 14, 2009) ............................................9

*In re Breitburn Energy Partners LP*,
2017 WL 1379363 (Bankr. S.D.N.Y. Apr. 14, 2017)..............................................8

*In re Breitburn Energy Partners LP*,
571 B.R. 59 (Bankr. S.D.N.Y. 2017)....................................................................5

*In re City of Stockton*,
484 B.R. 372 (Bankr. E.D. Cal. 2012)..................................................................11

*In re Cummings*,
221 B.R. 814 (Bankr. N.D. Ala. 1998) ..................................................................8

*In re Fucilo*,
2002 WL 1008935 (Bankr. S.D.N.Y. Jan. 24, 2002)..............................................1

*In re Motors Liquidation Co.*,
2010 WL 4630327 (S.D.N.Y. Nov. 8, 2010).........................................................11

*In re Murrin*,
477 B.R. 99 (D. Minn. 2012) ...........................................................................................8

*In re Residential Capital, LLC*,
2012 WL 3860586 (Bankr. S.D.N.Y. Aug. 8, 2012) ...........................................8, 10

*In re SquareTwo Fin. Servs. Corp.*,
2017 WL 4012818 (Bankr. S.D.N.Y. Sept. 11, 2017) ...................................................1

*In re Taub*,
413 B.R. 55 (Bankr. E.D.N.Y. 2009)...............................................................................7

*In re WorldCom, Inc.*,
2007 WL 841948 (Bankr. S.D.N.Y. Mar. 12, 2007) .......................................................1

*Peaje Invs. LLC v. Garcia-Padilla*,
2016 U.S. Dist. LEXIS 153711 (D.P.R. Nov. 2, 2016),
*aff'd*, 845 F.3d 505 (1st Cir. 2017) ...............................................................................7

*Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*),
980 F.2d 110 (2d Cir. 1992)...........................................................................................9

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*,
907 F.2d 1280 (2d Cir. 1990)......................................................................................6, 7

*Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty
Prod., Inc.)*,
311 B.R. 551 (Bankr. C.D. Cal. 2004).........................................................................10

**STATUTES**

11 U.S.C. § 362...............................................................................................................1

iii

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this objection (the "Objection") to the *Motion for Relief from Stay* [ECF No. 22383] (the "Motion"), filed by César Caminero Ramos (the "Movant"), plaintiff in the case captioned *Caminero Ramos v. Administracion de Los Sistemas De Retiro De Los Empleados Del Gobierno y La Judicatura*, Case No. 2016-0059 (the "Litigation"), before the Administration of the Employees Retirement System of the Government of Puerto Rico (the "Administrative Forum"). In support of this Objection, the Debtor respectfully states as follows:[2]

## PRELIMINARY STATEMENT

1.      Pursuant to the Motion, Movant seeks an order modifying the automatic stay[3] pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") to allow the Litigation to proceed to final judgment and execution of any monetary relief. Motion ¶ 2. Pursuant to the Litigation, Movant seeks monetary relief, including payment of disability pension benefits,

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth.

[3] Pursuant to section 362(c)(2)(C) of the Bankruptcy Code, Section 92.25 of the Commonwealth Plan, and decretal paragraph 66 of the Confirmation Order, the automatic stay was replaced by the discharge injunction upon the occurrence of the effective date of the Commonwealth Plan. *See Memorandum Order Concerning Inquiry Motion of Juan Manuel Cruzado-Laureano* at 9-15 [ECF No. 22349].

To the extent the Court interprets the Motion to seek relief from the discharge injunction, some courts have considered such relief under the *Sonnax* factors discussed below. *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007).

both occupational and non-occupational disability, arising in connection with Movant's employment as a fire lieutenant with the Puerto Rico Fire Department from approximately 1988 to 2016.

2.      The Motion's minimal justification, composed of bare assertions, falls well below Movant's burden of proof.  As such, the Motion and the relief requested therein should be denied because Movant has failed to demonstrate "cause" for relief from the discharge injunction.  Like other prepetition claims that do not justify stay relief, Movant's claim is properly addressed through the Debtors' claims reconciliation process.

## BACKGROUND

### A.      The Commonwealth's Title III Case

3.      On May 3, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico (the "Title III Court"), commencing a case under Title III thereof.

4.      On August 17, 2017, the Court entered an order amending the existing notice, case management, and administrative procedures for these Title III cases to, among other things, implement a protocol (the "Lift Stay Protocol") for filing motions for relief from Title III Stay [ECF No. 1065]. In accordance with the Lift Stay Protocol, a movant is required to (a) send notice to counsel to the Oversight Board and AAFAF to advise them of the movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Debtors during the Lift Stay Notice Period.

5.      On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines And Procedures For Filing Proofs Of Claim And (B) Approving Form And Manner Of Notice Thereof*

2

[ECF No. 2521]   (the "Bar Date Order"), establishing May 29, 2018 as the deadline for filing proofs of claim. On May 23, 2018, the Court entered an order [ECF No. 3131] extending the bar date to June 29, 2018.

6.      On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19784] (the "Commonwealth Plan").

7.      On March 15, 2022, the Plan became effective (the "Effective Date"). Pursuant to the Confirmation Order and the Commonwealth Plan, unless otherwise extended, the Debtor has until September 11, 2022 to assess and object to the allowance of claims, which the deadline was extended to March 8, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 21894].[4]

### B.      The Motion and Current Status of the Litigation

8.      On May 31, 2013, Movant filed a request with the Coordinator of Retirement Affairs of the Administrative Forum, seeking both occupational and non-occupational disability benefits arising from Movant's employment as a fire lieutenant with the Puerto Rico Fire Department from approximately 1988 to 2016.

---

[4] *Commonwealth Plan* § 82.1(a); *Confirmation Order* ¶ 42.

9.      On December 8, 2015, the Administrative Forum denied Movant's request for both occupational and non-occupational pension benefits because (i) based on the medical records provided, it did not appear Movant was totally and permanently incapacitated to perform the duties of the position to which the employer assigned him, (ii) Movant was not a participant in the system on the date Movant suffered an alleged accident, and (iii) the administrator of the State Insurance Fund Corporation ("SIFC") determined Movant did not suffer an accident at work or illness, so Movant did not otherwise qualify for occupational disability.

10.     On January 12, 2016, Movant filed an appeal before the Board of Trustees, challenging the determination of the Administrative Forum denying Movant's application for both occupational and non-occupational disability benefits, seeking a re-determination of Movant's asserted entitlement to receive disability pension benefits in accordance with Law 447 of 1951, as amended.

11.     Beginning on April 18, 2017, the parties submitted evidence relating to the appeal, and held various conferences in connection with the appeal. Subsequently, Movant requested the case be returned to the Administrative Forum.

12.     On August 11, 2021, the Board of Trustees entered a resolution, finding the matter should be returned to the Administrative Forum to reassess Movant's asserted benefits.  The Administrative Forum ultimately determined Movant was entitled to a monthly payment of $1,677.50[5] and retroactive payment of $24,827.00 (the "Retroactive Payment").

13.     Movant filed a new appeal this year before the Administrative Forum, Case Number 2022-0025, which remains pending, challenging the Retroactive Payment.

---

[5] Movant began receiving the monthly payment on approximately July 30, 2022.

4

14.     On May 9, 2018, Movant filed Proof of Claim Nos. 12679 and 12738 ("Movant's Proofs of Claim") in the Commonwealth Title III Case asserting a claim in connection with the Litigation. On April 15, 2019, the Commonwealth objected to Movant's Proof of Claim No. 12679 as an exact duplicate of Movant's Proof of Claim No. 12738 filed in the ERS Title III Case. On August 2, 2019, Movant's Proof of Claim No. 12679 was disallowed in its entirety against ERS pursuant to an order of this Court [ECF No. 8360] as a duplicative filing.

15.     On September 24, 2022, Movant filed the Motion in the Commonwealth Title III case, seeking an order relieving him from the automatic stay so he can continue the Litigation before the Administrative Forum, alleging that "the purpose of Movant's request is to reach a judgment that will validate his claim in the instant case," and "[m]ovant's case was nearing judgment when it was stayed and it needs continuance in the appropriate administrative forum." [ECF No. 22383]  Motion ¶ 8.

### OBJECTION

#### A.     *Movant Fails to Show Cause for Relief under the Sonnax Factors*

16.     Movant has not established that cause exists for the "extraordinary remedy" of stay relief. *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Movant bears the initial burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017). Here, Movant bears the extraordinary burden of establishing cause exists to lift the stay, yet in the Motion, Movant merely offers a three-sentence conclusory justification. *See* Motion at 2-3. Movant falls well short of his high burden of establishing cause.

17.     In the absence of an assertion of lack of adequate protection, this Court examines the factors set forth in *Sonnax* to determine whether "cause" exists. "Cause" is not defined in the

5

Bankruptcy Code. *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd without opinion sub nom. Unanue v. Unanue-Casal (In re Unanue-Casal)*, 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant stay relief, courts examine numerous factors, including those set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990):

> (1) whether relief would result in complete or partial resolution of the issues;
>
> (2) the lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the foreign proceeding involves the debtor as fiduciary;
>
> (4) whether a specialized tribunal has been established to hear the cause of action at issue;
>
> (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
>
> (6) whether the action essentially involves third parties rather than the debtor;
>
> (7) whether the litigation could prejudice the interest of other creditors;
>
> (8) whether a judgment in the foreign action is subject to equitable subordination;
>
> (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;
>
> (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
>
> (12) the impact of the stay on the parties and the "balance of harms."

*In re Sonnax Indus.,* 907 F.2d at 1286.

18. Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, 907 F.2d at 1286; *C &*

6

*A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-95 (D.P.R. 2007)); *In re Unanue-Casal*,

159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13

(D.P.R. Nov. 2, 2016), *aff'd*, 845 F.3d 505 (1st Cir. 2017); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc

Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018)

("We agree with the parties that the factors identified by the Second Circuit in *Sonnax* and recited

by the Title III court provide a helpful framework for considering whether the Title III court should

permit litigation to proceed in a different forum.").

19.       No one factor is dispositive; instead, courts "engage in an equitable, case-by-case

balancing of the various harms at stake" and will lift the stay only if the harm engendered by

allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp.

3d at 518. The Sonnax factors clearly weigh against lifting the automatic stay. Denying the Motion

would further the goal of the Commonwealth to resolve all claims in a single, expeditious forum

in the timeframe provided by this Court. The *Sonnax* factors point squarely toward maintaining

the stay and against the relief Movant seeks:

20.       ***Sonnax* Factor 1:**   The first *Sonnax* factor—whether relief would result in

complete or partial resolution of the issues—weighs against lifting the automatic stay. The first

*Sonnax* factor does not focus on the issues in the stayed litigation.  If it did, the first *Sonnax* factor

would always favor lifting the stay because every lawsuit eventually resolves the issues in that

particular proceeding. Instead, the first *Sonnax* factor primarily focuses on whether the separate

litigation would expeditiously resolve issues relevant to the bankruptcy case. *See, e.g.*, *In re Taub*,

413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would

resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in

pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as

7

whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g.*, *In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012) (citation omitted); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

21.      Here, Movant has not established his high burden of establishing cause. *See In re Breitburn Energy Partners LP*, 2017 WL 1379363, at \*4 (Bankr. S.D.N.Y. Apr. 14, 2017). Movant fails to identify any bankruptcy issue related to the Commonwealth's Title III case that would be resolved by allowing Movant to proceed with the Litigation for the payment of occupational and non-occupational pension disability benefits in connection with his employment with the Puerto Rico Fire Department.

22.      Therefore, the first Sonnax factor supports denying the Motion.

23.      ***Sonnax* Factor 2**: The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—does not support lifting the stay.  Lifting the stay and allowing Movant's claim to proceed to final judgment would be a waste of the Commonwealth's resources, would significantly interfere with the administration of the Title III case and circumvent the requirements in the Confirmation Order. Pursuant to the Confirmation Order and the Commonwealth Plan, unless otherwise extended, the Debtor has until March 8, 2023 to assess and object to the allowance of claims. Allowing the Litigation to process would force the Commonwealth to rush its assessment of Movant's claim well in advance of the March 8, 2023 Court ordered deadline.  *See, e.g.*, *In re Residential Capital, LLC*, 2012 WL 3860586, at \*6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11

8

cases."). Thus, Sonnax factor 2 weighs in favor of denying the Motion. *See Brigade*, 217 F. Supp.

3d at 529 n.12 (holding that movant bears the burden of establishing cause).

24. Movant, moreover, provides no reason for expediting consideration of its claim

now rather than through the claims reconciliation process. Such relief would upend the "strong

bankruptcy code policy that favors centralized and efficient administration of all claims in the

bankruptcy court . . . ." *See Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*),

980 F.2d 110, 117 (2d Cir. 1992); *see also In re BFW Liquidation, LLC*, 2009 WL 8003536, at *3

(Bankr. N.D. Ala. Sept. 14, 2009) ("[T]he effect of lifting the stay for all such claimants and

requiring debtors to defend lawsuits in diverse forums merely to establish what share, if any, the

claimants filing those suits will have in whatever is left of bankruptcy estates would hinder the

goals of the automatic stay and the summary process for adjudicating and liquidating claims.").

25. ***Sonnax* Factor 4**:  The fourth *Sonnax* factor—whether a specialized tribunal has

been established to hear the cause of action at issue—does not support granting the Motion. The

Litigation was filed before the Administrative Forum.  Movant has not demonstrated how or why

the Administrative Forum would qualify as a specialized tribunal pursuant to the *Sonnax* factors.

Thus, Sonnax factor 4 weighs in favor of denying the Motion.

26. ***Sonnax* Factor 5**:  The fifth *Sonnax* factor—whether the debtor's insurance carrier

has assumed full financial responsibility for defending the litigation—does not support granting

the Motion. No insurer of the Commonwealth has assumed any financial responsibility in

connection with the Litigation. Thus, *Sonnax* factor 5 weighs in favor of denying the Motion.

27. ***Sonnax* Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves

third parties rather than the debtor—does not support granting the Motion. This factor is not based

on whether third parties are involved, but rather, whether the prepetition action primarily involves

third parties *rather than* the debtor. *See In re Residential Capital, LLC*, 2012 WL 3860586, at \*7

("The court should not grant relief from the stay under the sixth *Sonnax* Factor if the debtor is the

main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist.

LEXIS 55284, at \*33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how

the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did

not primarily involve third parties.").

28.     Here, the Litigation does not involve *primarily* third parties. Instead, Movant filed

suit against the Commonwealth, and fails to show how any non-debtor parties in the Litigation are

the *primary parties* to the action. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant

bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the

Motion.

29.     ***Sonnax* Factor 7**: The seventh *Sonnax* factor—whether the litigation could

prejudice the interest of other creditors—does not support granting the Motion. The relief sought

prejudices other creditors through the depletion of the Commonwealth's resources and attention,

and by potentially allowing Movant to "skip the line" in the claims reconciliation process. *See,

e.g.*, *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prod., Inc.)*, 311

B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of

protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the

interests of other creditors of the estate").

30.     Indeed, Courts have also denied requests to lift the automatic stay where the debtor

would be required to expend its limited resources to defend against litigation. *See, e.g.*, *In re

Plumberex Specialty Prod., Inc.*, 311 B.R. at 563-64 (rejecting effort to lift stay in part because

"the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would

10

prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, 2010 WL

4630327, at *4 (S.D.N.Y. Nov. 8, 2010) (finding no abuse of discretion where bankruptcy court

concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit

would force [debtor] to expend estate resources to defend that" and thus "would prejudice the

interests of other creditors"). *see also In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal.

2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

31.     Here, litigating issues that could be resolved through claims reconciliation would

unnecessarily waste the Commonwealth's resources. Accordingly, *Sonnax* factor 7 does not

support granting the Motion.

32.     ***Sonnax* Factors 10 and 11:** The interest of judicial economy and the status of the

Litigation also weigh against stay relief. The interests of judicial economy are not served by stay

relief because the parties are nowhere near ready for a resolution given the Commonwealth still

has until March 8, 2023 to assess and make a determination regarding Movant's claim per the

extension of the objection deadline and the Commonwealth's Title III case provides a single,

expeditious forum for the resolution of claims. Accordingly, Movant's asserted claim should be

accomplished through the claims resolution process in these Title III cases to preserve judicial

economy. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

33.     ***Sonnax* Factor 12:** Balancing of the harms clearly favors denial of the Motion.

The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that

Movant would suffer if the stay remains in place. Movant will not suffer hardship from the stay.

Movant fails to articulate how Movant would face any harm from waiting in line for the resolution

of its alleged claim like all other claimants.

34.     The impact on the Commonwealth and its creditors, however, if the Motion were
to be granted would outweigh any harm that Movant would suffer if the stay remains in place. The
diversion of the Commonwealth's resources to defend against Movant's claims in the Litigation,
and the prejudice to the interests of other creditors, including rushing the Commonwealth to make
an assessment of the Movant's claim in contravention of the extension allowing the
Commonwealth additional time to assess and object to claims, all weigh in favor of denying the
Motion. Thus, on balance, Sonnax factor 12 weighs in favor of denying the Motion.[6]

### CONCLUSION

Movant fails to establish cause to justify the relief sought in the Motion and accordingly,
and for the foregoing reasons, the Court should deny the Motion.

Dated:  October 28, 2022
        San Juan, Puerto Rico

                                        Respectfully submitted,

                                        /s/  Brian S. Rosen

                                        Martin J. Bienenstock
                                        Brian S. Rosen
                                        (Admitted *Pro Hac Vice*)
                                        **PROSKAUER ROSE LLP**
                                        Eleven Times Square
                                        New York, NY 10036
                                        Tel:  (212) 969-3000
                                        Fax:  (212) 969-2900

                                        *Attorneys for the Financial Oversight and*
                                        *Management Board as representative of the*
                                        *Debtor*

---

[6] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a
judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the foreign
proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.

*/s/  Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight
and Management Board as representative of
the Debtor*

13