**Response Deadline: November 28, 2022, at 4:00 PM (Atlantic Standard Time)**
**Hearing Date: December 14, 2022, at 9:30 AM (Atlantic Standard Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

---

### FIVE HUNDRED FIFTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO DUPLICATIVE BOND CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this five hundred fifty-first

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

omnibus objection (the "Five Hundred Fifty-First Omnibus Objection") to disallow in their entirety the proofs of claim listed on **Exhibit A** hereto, each of which is based on bond claims that are duplicative of the master proof of claim filed by U.S. Bank National Association, solely in its capacity as trustee, registered by Prime Clerk LLC (now Kroll Restructuring Administration LLC) as Proof of Claim No. 18449 (the "Master Bond Debt Claim"), filed against PREPA on behalf of the holders of certain bonds listed in the attachment to the Master Bond Debt Claim. In support of the Five Hundred Fifty-First Omnibus Objection, PREPA respectfully represents as follows:

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.        Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

### A. The Bar Date Orders

3.        On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] [3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case. Upon the informative motion of certain creditors, and with the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      PREPA**

5.      PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended (the "Authority Act") § 3. PREPA generates and distributes substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.      To date, approximately 179,313 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC (now Kroll Restructuring Administration LLC). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

7.      Of the proofs of claim filed, approximately 4,568 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

4

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 27 hearings and entered orders on over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, the Puerto Rico Public Buildings Authority ("PBA"), and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date, approximately 105, 359 claims asserting over \$43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS, have been disallowed and expunged from the claims registry in the Title III proceedings.

11.     This Five Hundred Fifty-First Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**D.      Bond Debt Master Proof of Claim – PREPA Title III Case**

12.     Pursuant to the Initial Bar Date Order, indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors or a non-debtor may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents.  Initial Bar Date Order, ¶ 5(a).

The Master Bond Debt Claim was filed on May 21, 2018, by U.S. Bank National Association in the PREPA Title III Case on behalf of the holders of certain series of power revenue bonds and power revenue refunding bonds issued and outstanding under that certain Trust Agreement dated January 1, 1974 (collectively, the "PREPA Bonds").  U.S. Bank National Association serves as trustee for the PREPA Bonds and has authority pursuant to the Bar Date Orders to file the Master Bond Debt Claim on behalf of all holders of PREPA Bonds.  The Master Bond Debt Claim asserts a contingent, unliquidated claim, which includes post-petition interest, for the alleged value of bond indebtedness and other existing rights under certain Commonwealth statutes and that certain Trust Agreement dated January 1, 1974 (the "Trust Agreement").

## OBJECTION TO PROOFS OF CLAIM

13.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  While a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity of the claim, *see* Fed. R. Bankr. P. 3001(f), made applicable to this case by PROMESA Section 310, the objecting party may overcome this *prima facie* evidence with evidence which, if believed, would refute at least one of the allegations essential to the claim.  *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *see also Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001) ("[A] claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's prima facie case." (citation omitted)).

14.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

15.     The Five Hundred Fifty-First Omnibus Objection seeks to disallow in their entirety the proofs of claim listed on **Exhibit A** hereto (collectively, the "Duplicative Bond Claims"), each of which purports to be based on bond claims that are duplicative of the Master Bond Debt Claim, filed against PREPA on behalf of the holders of bonds issued pursuant to the Trust Agreement. **Exhibit A** hereto further specifies why each of the Duplicative Bond Claims should be disallowed in their entirety.

16.     Each of the Duplicative Bond Claims purport to assert liability against PREPA associated with one or more bonds that is duplicative of the Master Bond Debt Claim, which as described above, was filed in PREPA's Title III Case on behalf of the holders of certain bonds issued by PREPA. As permitted by the Bar Date Orders, the Master Bond Debt Claim is "filed on behalf of *all holders of each series of power revenue bonds and power revenue refunding bonds* issued and outstanding under the Trust Agreement." *See* Exhibit A to Master Bond Debt Claim at 1 (emphasis added).  As described above, pursuant to the Initial Bar Date Order, indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors or a non-debtor may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents.  Initial Bar Date Order, ¶ 5(a).  Furthermore, pursuant to the Initial Bar Date Order, any person or entity that holds a claim against one of the Debtors, under the respective trust agreements, resolutions, or similar bond documents, that is limited to the repayment of principal, interest and other fees and expenses covered by a timely filed master proof of claim is not required to file a proof of claim. Initial Bar Date Order, ¶ 6(j).  To the extent duplicate claims are filed under these provisions, the Debtors' representative is entitled to file an objection thereto.  Initial Bar Date Order, ¶ 8.

17.     Accordingly, the holders of the Duplicative Bond Claims were not required to file a proof of claim.  Thus, any claim filed against PREPA by an individual holder asserting a claim with respect to such holder's PREPA bonds is duplicative of the Master Bond Debt Claim. Accordingly, any failure to disallow the Duplicative Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against PREPA to the detriment of other stakeholders in the Debtors' Title III Cases.  The holders of the Duplicative Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with the Duplicative Bond Claims are subsumed within the Master Bond Debt Claim.

18.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Five Hundred Fifty-First Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Duplicative Bond Claims*, dated October 28, 2022, attached hereto as **Exhibit B**.

**NOTICE**

19.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Five Hundred Fifty-First Omnibus Objection to (a) the individual creditors subject to this Five Hundred Fifty-First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.   The notice for this Five Hundred Fifty-First Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Fifty-First Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection.  PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **RESERVATION OF RIGHTS**

20.     This Five Hundred Fifty-First Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to PREPA's  right to object to the Duplicative Bond Claims or any other claims on any ground whatsoever.  PREPA expressly reserves all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against PREPA; (b) a waiver of PREPA's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of PREPA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

21.     No prior request for the relief sought in this Five Hundred Fifty-First Omnibus Objection has been made to this or any other court.

WHEREFORE, PREPA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

*[Remainder of page intentionally left blank.]*

Dated: October 28, 2022
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*

**Fecha límite para responder: 28 de noviembre de 2022, a las 4:00 p.m. (AST)**
**Fecha de la vista: 14 de diciembre de 2022, a las 9:30 a.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                        Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

## LA QUINGENTÉSIMA QUINCUAGÉSIMA PRIMERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES DUPLICADAS POR BONOS

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la*

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

*Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la
presente quingentésima quincuagésima primera objeción global (la "Quingentésima
quincuagésima primera objeción global") en la que se solicita que se rechacen en su totalidad las
evidencias de reclamaciones mencionadas en el **Anexo A** de presente documento, cada una de las
cuales se basa en reclamaciones por bonos que están duplicadas con respecto a la evidencia de
reclamación principal radicada por U.S. Bank National Association, únicamente en su capacidad
de fiduciario, registrada por Prime Clerk LLC (ahora denominada Kroll Restructuring
Administration LLC) como Evidencia de reclamación Número 18449 (la "Reclamación Principal
por la Deuda de los Bonos"), radicada contra la AEE en nombre de los tenedores de determinados
bonos que figuran en el documento adjunto a la Reclamación Principal por la Deuda de los Bonos.
En apoyo de la Quingentésima quincuagésima primera objeción global, la AEE manifiesta
respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de
PROMESA.

## ANTECEDENTES

### A.  Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de
reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la

sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el

"Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de

Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de

PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a)

de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título

III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre

de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos

de Título III únicamente con fines procesales. Caso Número 17 BK 4780, ECF Número 340.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y*

*la manera de su notificación* [ECF Número 2255] [3] (la "Moción de Fecha Límite). Conforme a la

*Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B)*

*aprueba la forma y la manera de su notificación* [ECF. Número 2521] (la "Orden Inicial de Fecha

Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas

límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título

III de la AEE. Luego de la moción informativa de determinados acreedores, y con el apoyo de los

Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar*

*evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número

3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"),

extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

**B.      AEE**

5.      La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley Número 83-1941, en su versión enmendada (la "<u>Ley sobre la Autoridad</u>") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso Número 17 BK 4780, ECF Número 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.      Hasta la fecha, se han radicado aproximadamente 179,313 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC (ahora denominada Kroll Restructuring Administration LLC). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 4,568 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

9.      En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)*

*exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "<u>Procedimientos Enmendados relativos a Objeciones Globales</u>").

10.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 27 vistas y ha dictado órdenes sobre más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("<u>COFINA</u>"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "<u>ACT</u>"), la AEE, la Autoridad de Edificios Públicos de Puerto Rico (la "<u>AEP</u>") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "<u>SRE</u>"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 105,359 reclamaciones que reivindicaban más de $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

11.     Esta Quingentésima quincuagésima primera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**D.     Evidencia de reclamación principal relativa a la deuda de los bonos: Caso de Título III de la AEE**

12.     Conforme a la Orden Inicial de Fecha Límite, fiduciarios autorizados, agentes fiscales o cualquier otro agente o apoderado similar en relación con cada serie respectiva de bonos emitidos por uno de los Deudores o por un no deudor, podrán radicar una evidencia de reclamación principal contra el deudor pertinente, en su propio nombre y en el de todos los titulares de las reclamaciones por bonos relacionadas con la respectiva serie de bonos en relación con las

obligaciones surgidas de los respectivos acuerdos de fideicomiso, resoluciones o documentos similares vinculados con los bonos. Orden Inicial de Fecha Límite, ¶ 5(a). La Reclamación Principal por la Deuda de los Bonos se radicó el 21 de mayo de 2018 por U.S. Bank National Association en el marco del Caso de Título III de la AEE en nombre de los tenedores de determinadas series de los bonos de renta eléctrica y los bonos de renta de refinanciamiento eléctrica, emitidos y pendientes en virtud del Acuerdo de Fideicomiso, de fecha 1 de enero de 1974 (conjuntamente, los "Bonos de la AEE"). U.S. Bank National Association actúa como fiduciario en relación con los Bonos de la AEE, y está autorizado, conforme a las Órdenes de Fecha Límite, a radicar la Reclamación Principal por la Deuda de los Bonos en nombre de todos los tenedores de los Bonos de la AEE. La Reclamación Principal por la Deuda de los Bonos alega una reclamación contingente y no liquidada, que incluye intereses posteriores a la petición, por el supuesto valor del endeudamiento por bonos y otros derechos existentes en virtud de la legislación del ELA y el Acuerdo de Fideicomiso de fecha 1 de enero de 1974 (el "Acuerdo de Fideicomiso").

## OBJECIÓN A EVIDENCIAS DE RECLAMACIONES

13. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Aunque una evidencia de reclamación debidamente formalizada y radicada constituye una prueba *prima facie* de la validez de la reclamación, véase R. del Proc. de Quiebr. 3001(f), aplicable a este caso en virtud de la sección 310 de PROMESA, la parte objetante podrá superar dicha evidencia *prima facie* con pruebas que, de creerse, refutarían al menos una de las alegaciones esenciales para la reclamación. *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *véase también Factors Funding Co. c. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001) ("[S]e presume que una reclamación es válida hasta que una parte objetante haya introducido evidencias suficientes para refutar el caso *prima facie* del reclamante". (se omite cita)).

14.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

15.     La Quingentésima quincuagésima primera objeción global busca que se rechacen en su totalidad las evidencias de reclamaciones que figuran en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones Duplicadas por Bonos"), cada una de las cuales pretende estar basada en reclamaciones por bonos que constituyen duplicados en relación con la Reclamación Principal por la Deuda de los Bonos, radicada contra la AEE en nombre de los tenedores de unos bonos emitidos en virtud del Acuerdo de Fideicomiso. El **Anexo A** especifica además por qué cada una de las Reclamaciones Duplicadas por Bonos debe ser rechazada en su totalidad.

16.     Cada una de las Reclamaciones Duplicadas por Bonos pretende alegar responsabilidad contra la AEE vinculada con uno o más bonos, y que constituye un duplicado en relación con la Reclamación Principal por la Deuda de los Bonos que, como se explicó anteriormente, fue radicada en el marco del Caso de Título III de la AEE en nombre de los tenedores de determinados bonos emitidos por la AEE. Conforme a lo permitido por las Órdenes de Fecha Límite, la Reclamación Principal por la Deuda de los Bonos "se radica en nombre de *todos los tenedores de cada una de las series de los bonos de renta eléctrica y los bonos de renta de refinanciamiento eléctrica,* emitidos y pendientes en virtud del Acuerdo de Fideicomiso". *Véase* Anexo A de la Reclamación Principal por la Deuda de los Bonos en 1 (el resaltado es nuestro). Como se explicó anteriormente, conforme a la Orden Inicial de Fecha Límite, fiduciarios autorizados, agentes fiscales o cualquier otro agente o apoderado similar en relación con cada serie

8

respectiva de bonos emitidos por uno de los Deudores o por un no deudor, podrán radicar una evidencia de reclamación principal contra el deudor pertinente, en su propio nombre y en el de todos los titulares de las reclamaciones por bonos relacionadas con la respectiva serie de bonos en relación con las obligaciones surgidas de los respectivos acuerdos de fideicomiso, resoluciones o documentos similares vinculados con los bonos. Orden Inicial de Fecha Límite, ¶ 5(a). Además, conforme a la Orden Inicial de Fecha Límite, cualquier persona o entidad que tenga una reclamación contra uno de los Deudores, en virtud de los respectivos acuerdos de fideicomiso, resoluciones o documentos similares relacionados con los bonos, que se limite al reembolso del principal, de los intereses y de otras comisiones y gastos cubiertos por una evidencia de reclamación principal radicada en los plazos establecidos, no tendrá que radicar ninguna evidencia de reclamación. Orden Inicial de Fecha Límite, ¶ 6(J). En la medida en que las reclamaciones duplicadas se radiquen conforme a dichas disposiciones, el representante de los Deudores tendrá derecho a radicar una objeción a esas reclamaciones. Orden Inicial de Fecha Límite, ¶ 8.

17.    En consecuencia, los tenedores de las Reclamaciones Duplicadas por Bonos no tenían que radicar ninguna evidencia de reclamación. De esta forma, cualquier reclamación radicada contra la AEE por un tenedor individual, que alegue una reclamación con respecto a los bonos de la AEE de dicho tenedor, estará duplicada en relación con la Reclamación Principal por la Deuda de los Bonos. En consecuencia, si las Reclamaciones Duplicadas por Bonos no son rechazadas, ello resultaría en que los reclamantes en cuestión obtuvieran potencialmente una recuperación duplicada no justificada contra la AEE en detrimento de otras partes interesadas en los Casos de Título III de los Deudores. Los titulares de las Reclamaciones Duplicadas por Bonos no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que las

responsabilidades relacionadas con las Reclamaciones Duplicadas por Bonos se han radicado con la Reclamación Principal por la Deuda de los Bonos.

18.      En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Quingentésima quincuagésima primera objeción global (no sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones Duplicadas por Bonos*, de fecha 28 de octubre de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

19.      De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Quingentésima quincuagésima primera objeción global a) a los acreedores individuales objeto de esta Quingentésima quincuagésima primera objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico.  La notificación de esta Quingentésima quincuagésima primera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima quincuagésima primera objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

20.      Esta Quingentésima quincuagésima primera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de la AEE a objetar a las Reclamaciones Duplicadas por Bonos o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. La AEE se reserva expresamente todos los derechos en relación con la totalidad de las objeciones sustantivas o procesales. Ninguna disposición contenida

en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra la AEE; b) constituyan una renuncia a los derechos que asisten a la AEE a oponerse a cualesquiera reclamaciones sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a la AEE conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

21.     No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima quincuagésima primera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

[*El resto de la página se deja en blanco intencionadamente.*]

11

Fecha:  28 de octubre de 2022
        San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC Número 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.: (787) 751-6764
Fax: (787) 763-8260

*[Firma en la versión en inglés]*Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*