# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF FIVE HUNDRED THIRTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO (I) PARTIAL DUPLICATE, DEFICIENT, AND NO LIABILITY BOND CLAIMS AND (II) SATISFIED CLAIMS

      I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

      1.    I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Commonwealth of Puerto

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Rico's (the "Commonwealth") Title III case, filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Commonwealth's Title III case filed pursuant to PROMESA. The Commonwealth's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth.

3. I submit this declaration in support of the *Five Hundred Thirty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Duplicate, Deficient, and No Liability Bond Claims* (the "Five Hundred Thirty-Sixth Omnibus Objection").[3] I have personally reviewed the Five Hundred Thirty-Sixth Omnibus Objection and exhibits thereto and I am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Thirty-Sixth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Thirty-Sixth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in the column titled "Claims to Be Partially Disallowed" in Exhibit A to the Five Hundred Thirty-Sixth Omnibus Objection.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Five Hundred Thirty-Sixth Omnibus Objection.

5.     To the best of my knowledge, information, and belief, the claims listed on Exhibit A (each a "Claim to Be Partially Disallowed," and collectively, the "Claims to Be Partially Disallowed") to the Five Hundred Thirty-Sixth Omnibus Objection assert, in whole or in part, liabilities to the proofs of claim listed on **Exhibit A** hereto, each of which is purportedly based, in part, on (1) bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), (2) bond claims that are duplicative of one or more master proofs of claim filed against the Commonwealth on behalf of the holders of certain bonds, (3) bond claims based on bonds issued by HTA, the Puerto Rico Infrastructure Financing Corporation ("PRIFA"), or the Puerto Rico Convention Center District Authority ("CCDA") which have been discharged pursuant to the Commonwealth Confirmation Order (as defined below), (4) an ownership interest in bonds issued by the Government Development Bank of Puerto Rico ("GDB"), for amounts for which the Commonwealth has not guaranteed repayment, (5) an ownership interest in bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA"), the Puerto Rico Public Finance Corporation ("PRPFC"), the Puerto Rico Industrial Development Corporation ("PRIDCO"), the Puerto Rico Housing Finance Authority ("PRHFA"), or the Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Authority ("AFICA"), which are not Title III Debtors, for amounts for which the Commonwealth has not guaranteed repayment, (6) investments in mutual funds, which in turn may have invested in bonds issued by the Debtors, and/or (7) invoices submitted by claimant that have been satisfied by the Commonwealth. In addition, certain portions of the claims listed on **Exhibit A** hereto are deficient because claimant failed to provide any basis or supporting documentation for asserting a claim against the Commonwealth such that the Commonwealth is unable to determine whether claimant has a valid claim.

3

6. With respect to the Claims to Be Partially Disallowed which include claims asserted against the Commonwealth filed by holders of PREPA Bonds, my review consisted solely of determining that such holders' claims against the Commonwealth were based on their individual holdings of PREPA Bonds. I am relying on the legal representative for the Oversight Board, who, after reviewing the PREPA Master Claim, have determined that any claim filed against the Commonwealth by an individual holder asserting a claim with respect to such holder's PREPA bonds is duplicative of the PREPA Master Claim. A&M takes no position with respect to any of the underlying legal claims asserted by any holders of PREPA bonds against the Debtors, PREPA, or any other entities.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Five Hundred Thirty-Sixth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 28, 2022
New York, NY

By: */s/ Jay Herriman*
Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                        Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA TRIGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A I) RECLAMACIONES POR BONOS PARCIALMENTE DUPLICADAS, DEFICIENTES Y EN LAS QUE NO EXISTE RESPONSABILIDAD Y II) RECLAMACIONES SATISFECHAS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso de Título III del Estado Libre Asociado de Puerto Rico (el "ELA") radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso de Título III del ELA radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del ELA implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del ELA.

3. Realizo esta declaración en apoyo de la *Quingentésima trigésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos duplicadas, deficientes y en las que no existe responsabilidad* (la "Quingentésima trigésima sexta

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

objeción global").³ He revisado personalmente la Quingentésima trigésima sexta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4.  Durante el proceso de preparación para radicar la Quingentésima trigésima sexta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima trigésima sexta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en la columna "Reclamaciones que han de ser rechazadas parcialmente" en el Anexo A de la Quingentésima trigésima sexta objeción global.

5.  A mi leal saber y entender, las reclamaciones que figuran en el Anexo A (cada una denominada una "Reclamación que ha de ser rechazada parcialmente", y conjuntamente, las "Reclamaciones que han de ser rechazadas parcialmente") de la Quingentésima trigésima sexta objeción global, alegan, total o parcialmente, responsabilidades a las evidencias de reclamaciones que figuran en el **Anexo A** del presente documento, cada una de las cuales supuestamente se basa en parte en 1) bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), 2) reclamaciones por bonos que constituyen duplicados con respecto a una o más evidencias de reclamaciones principales radicadas contra el ELA en nombre de determinados bonistas, 3) reclamaciones por bonos basadas en unos bonos emitidos por la ACT, la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (la "AFI") o la Autoridad del Distrito del Centro de Convenciones de Puerto Rico (la "ADCC"), que han sido liberadas conforme a la Orden de Confirmación del ELA (según se define abajo), 4) una participación patrimonial en bonos

---

³ Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima trigésima sexta objeción global.

3

emitidos por el Banco Gubernamental de Fomento para Puerto Rico (el "BGF"), por unos montos por los que el ELA no ha garantizado el reembolso, 5) una participación patrimonial en bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico (la "AAA"), la Corporación para el Financiamiento Público de Puerto Rico (la "CFP"), la Compañía de Fomento Industrial de Puerto Rico (la "PRIDCO"), la Autoridad para el Financiamiento de la Vivienda de Puerto Rico (la "AFV") o la Autoridad para el Financiamiento de Facilidades Industriales, Turísticas, Educativas, Médicas y de Control Ambiental (la "AFICA"), que no son Deudores de Título III, por unos montos por los que el ELA no ha garantizado el reembolso, 6) inversiones en fondos mutuos que a su vez pudieron haber invertido en bonos emitidos por los Deudores y/o 7) facturas sometidas por el reclamante que han sido satisfechas por el ELA. Además, determinadas partes de las reclamaciones que aparecen en el **Anexo A** del presente documento son deficientes porque el reclamante no ha proporcionado ningún fundamento ni documentación justificativa para alegar una reclamación contra el ELA, de manera que el ELA no puede determinar si el reclamante tiene una reclamación válida.

6. En cuanto a las Reclamaciones que han de ser rechazadas parcialmente, que incluyen reclamaciones alegadas contra el ELA presentadas por los tenedores de los Bonos de la AEE, mi análisis consistió únicamente en determinar que las reclamaciones de dichos tenedores contra el ELA se basaban en sus tenencias individuales de los Bonos de la AEE. Invoco la postura del representante legal de la Junta de Supervisión que, tras analizar la Reclamación Principal de la AEE, ha determinado que cualquier reclamación radicada contra el ELA por un tenedor individual, que alegue una reclamación con respecto a los bonos de la AEE de dicho tenedor, estará duplicada en relación con la Reclamación Principal de la AEE. A&M no adopta ninguna postura con respecto

4

5

a ninguna de las reclamaciones legales subyacentes, alegadas por los tenedores de los bonos de la AEE contra los Deudores, la AEE o cualquier otra entidad.

7. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima trigésima sexta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 28 de octubre de 2022
Nueva York, NY

Por: *[Firma en la versión en inglés]*
Jay Herriman