Hearing Date: December 14, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: November 28, 2022, at 4:00 PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and HTA.** |

---

**FIVE HUNDRED FORTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO DEFICIENT CLAIMS**

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways

and Transportation Authority ("HTA," and together with the Commonwealth, the "Objecting

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the

"Oversight Board"), as the Objecting Debtors' sole Title III representative pursuant to Section

315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2]

file this five hundred fortieth omnibus objection (the "Five Hundred Fortieth Omnibus Objection")

to the proofs of claim listed on **Exhibit A** hereto, which fail to provide a basis for the asserted

claims, and in support of the Five Hundred Fortieth Omnibus Objection, respectfully represent as

follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section

306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico pursuant to PROMESA Section 304(a), commencing a case under

Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017, the Oversight Board

issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a

voluntary petition for relief for HTA pursuant to PROMESA Section 304(a), commencing a case

under Title III thereof (the "HTA Title III Case" and together with the Commonwealth Title III

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Case, the "Title III Cases").  On October 9, 2019, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 8829.[3]

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Commonwealth Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Commonwealth Bar Date Order"), the Court granted the relief requested in the Commonwealth Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Commonwealth Bar Date Order, the "Commonwealth Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.       On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8–22, 2021.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3283-LTS.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See*
Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 179,313 proofs of claim have been filed against the Debtors
and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total
approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated
amounts asserted.

12.     Of the proofs of claim filed, approximately 118,703 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  Approximately 408 proofs of claim
have been filed in relation to HTA.  In accordance with the terms of the Commonwealth Bar Date
Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such
as being subsequently amended, not putting forth a claim for which the Debtors are liable, being
duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to
determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as
possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order
(A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of
Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus
Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion
by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection
Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting
Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,
the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.    In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.    Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 27 hearings related to over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Electric Power Authority ("PREPA"), HTA, PBA, and/or ERS. Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 105,359 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, PREPA, HTA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 45,193

claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

16.     This Five Hundred Fortieth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**OBJECTIONS TO PROOFS OF CLAIM**

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     This Five Hundred Fortieth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on Exhibit A hereto (collectively, the "Deficient Claims"). Each of the Deficient Claims failed to comply with the applicable rules for filing claims by not providing a basis for asserting the claim against the Commonwealth, HTA, or any of the other Title III Debtors.

19.     Each of the Deficient Claims purports to be based on obligations owed to the applicable claimant by the Commonwealth or HTA but either (i) fails to provide any information identifying the nature or source of the obligations or explaining why the Commonwealth, HTA, or any of the other Title III Debtors is liable to the claimant, or (ii) identifies the nature or source of the obligations, but fails to explain how the Commonwealth, HTA, or any of the other Title III Debtors is liable to the claimant. Because of this failure to comply with the applicable rules, neither the Objecting Debtors nor the Court are able to determine the validity of the Deficient Claims.

20.    On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order, ¶ 3.

21.    Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient." *Id*.

22.    In accordance with the Authorized Mailings Order, the Objecting Debtors sent at least one letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order, to each claimant subject to this Five Hundred Fortieth Omnibus Objection (the "Mailing"). Each Mailing provided, in relevant part:

> Additional information is required in order for the Debtors to continue with assessing your claim. The Debtors are unable to determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors. In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim. The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to assert, so please provide more detail and do not simply copy over the same information.

*See* ECF No. 8453-1 at 2, 7

23.    The Mailings received by the claimants subject to this Five Hundred Fortieth Omnibus Objection directed the claimants to respond within thirty days. *See id*. Furthermore, the Mailings cautioned the Claimants that, "[i]f you do not respond to this request and do not provide

the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim." *Id.*

24.     All of the Claimants identified in Exhibit A either (a) failed to respond to the Mailings, or (b) responded to the Mailings, but their responses (collectively, the "Returned Deficient Mailings") still failed to provide the Objecting Debtors with the information necessary to reconcile the Deficient Claims.  In most instances, the Returned Deficient Mailings still failed to provide information sufficient to enable the Objecting Debtors to understand the nature or basis for the claim or why the claimant believes the Objecting Debtors are responsible for the asserted liabilities.  Accordingly, the Objecting Debtors are unable to reconcile or determine the validity of the Deficient Claims.  The Deficient Claims should therefore be disallowed in their entirety.

25.     In support of the foregoing, the Objecting Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Fortieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Deficient Claims*, dated October 28, 2022, attached hereto as **Exhibit B**.

## NOTICE

26.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Objecting Debtors have provided notice of this Five Hundred Fortieth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Fortieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Objecting Debtors' case website at https://cases.ra.kroll.com/puertorico/.  A copy of the notice for this Five Hundred Fortieth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Fortieth Omnibus Objection and all of the exhibits attached hereto are being filed with

this objection and will be served on the parties.  The Objecting Debtors submit that, in light of the

nature of the relief requested, no other or further notice need be given.

WHEREFORE the Objecting Debtors respectfully request entry of an order, substantially

in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested

herein, and (2) granting the Objecting Debtors such other and further relief as is just.


Dated: October 28, 2022                                  Respectfully submitted,
       San Juan, Puerto Rico


                                                         /s/ *Hermann D. Bauer*
                                                         Hermann D. Bauer
                                                         USDC No. 215205
                                                         Carla García-Benítez
                                                         USDC No. 203708
                                                         Gabriel A. Miranda
                                                         USDC No. 306704
                                                         **O'NEILL & BORGES LLC**
                                                         250 Muñoz Rivera Ave., Suite 800
                                                         San Juan, PR 00918-1813
                                                         Tel:  (787) 764-8181
                                                         Fax:  (787) 753-8944


                                                         /s/ *Martin J. Bienenstock*
                                                         Martin J. Bienenstock (*pro hac vice*)
                                                         Brian S. Rosen (*pro hac vice*)
                                                         **PROSKAUER ROSE LLP**
                                                         Eleven Times Square
                                                         New York, NY 10036
                                                         Tel:  (212) 969-3000
                                                         Fax:  (212) 969-2900

                                                         *Attorneys for the Financial*
                                                         *Oversight and Management Board*
                                                         *for Puerto Rico, as representative for*
                                                         *the Commonwealth of Puerto Rico*
                                                         *and the Puerto Rico Highways and*
                                                         *Transportation Authority*

**Fecha de la vista: 14 de diciembre de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 28 de noviembre de 2022, a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,

Deudores.[1]

PROMESA
Título III

Número 17-BK-3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con el ELA y la ACT.**

## QUINGENTÉSIMA CUADRAGÉSIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES DEFICIENTES

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores Objetantes"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores Objetantes, conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente quingentésima cuadragésima objeción global (la "Quingentésima cuadragésima objeción global") a evidencias de reclamaciones que figuran en el **Anexo A** del presente documento, que no han proporcionado una base para sostener las reclamaciones radicadas, y en apoyo de la Quingentésima cuadragésima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las sección 104(j) y 206 de PROMESA, y presentó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la ACT", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 9 de octubre de 2019, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF Número 8829.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite del ELA"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite del ELA"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite del ELA y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (junto con la Orden Inicial de Fecha Límite del ELA, las "Órdenes de Fecha

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17-BK-3283-LTS.

Límite del ELA"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B. Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5. El 3 de noviembre de 2021, en nombre del ELA, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y la Autoridad de Carreteras de Transportación de Puerto Rico (la "ACT"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6. Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7. El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de*

*Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

10.    Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

## C.     Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

11.    Hasta la fecha, se han radicado aproximadamente 179,313 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total

aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12. De las evidencias de reclamaciones radicadas, aproximadamente 118,703 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 408 evidencias de reclamaciones han sido radicadas en relación con la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite del ELA, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los

Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. Notificación de vista en relación con una *Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba procedimientos enmendados relativos a objeciones globales, B) declara la renuncia a los requisitos contenidos en la regla 3007(e) de las Reglas de quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 27 vistas vinculadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la ACT, la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 105,359 reclamaciones que reivindicaban

$43,6 billones en responsabilidad contra el ELA, COFINA, la AEE, la ACT, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,193 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

16.     La Quingentésima cuadragésima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     Esta Quingentésima cuadragésima objeción global pretende que se rechace, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de reclamaciones que figura en el Anexo A del presente documento (conjuntamente, las "Reclamaciones Deficientes"). Ninguna de las Reclamaciones Deficientes cumplió con las normas aplicables a la radicación de reclamaciones al no proporcionar una base para alegar la reclamación contra el ELA, la ACT o cualquiera de los demás Deudores de Título III.

19.     Cada una de las Reclamaciones Deficientes alega estar basada en obligaciones adeudadas por ELA o la ACT ante el correspondiente reclamante, pero i) no ha proporcionado ninguna información que identifique la naturaleza o fuente de las obligaciones o que explique por qué el ELA, la ACT o cualquiera de los demás Deudores de Título III son responsables ante el

reclamante, o ii) ha identificado la naturaleza o fuente de las obligaciones, pero no ha explicado por qué el ELA, la ACT o cualquiera de los demás Deudores de Título III son responsables ante el reclamante. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores Objetantes ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes.

20.     El 13 de agosto de 2019, el Tribunal dictó la *Orden que concedió parcialmente y levantó parcialmente la Moción de los Deudores para dictar una orden que A) autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF Número 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores enjuiciar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

21.     Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán derecho a oponerse a la reclamación como deficiente". *Id.*

22.     De conformidad con la Orden de Envío Autorizado, los Deudores Objetantes han enviado al menos una carta a cada reclamante con sujeción a la presente Quingentésima cuadragésima objeción global esencialmente en formato que se adjunta al presente documento como Anexo 1 (el "Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

> Se requiere información adicional para que los Deudores sigan examinando su reclamación. Los Deudores no pueden determinar a partir de la información que usted proporcionó cuál es la base de la reclamación que trata de alegar contra uno o más Deudores. Al responder a esta carta, rogamos se asegure de que proporciona toda la información solicitada, así como tantos detalles como sea posible

aportar sobre su reclamación. Las descripciones que incorporó en su evidencia de reclamación eran demasiado vagas para que los Deudores comprendieran la reclamación que usted trata de alegar, de manera que rogamos proporcione más detalles y no se limite simplemente a copiar la misma información.

*Véase* ECF Número 8453-1 en 2, 7

23.     Los Envíos recibidos por los reclamantes con sujeción a la presente Quingentésima cuadragésima objeción global exigían a los reclamantes responder en un plazo de 30 días. *Véase id.* Además, en los Envíos se advertía a los Reclamantes de que "[s]i no responde a esta solicitud y no proporciona la información y la documentación requeridas para justificar su reclamación, es posible que los Deudores se vean en la obligación de oponerse a su reclamación". *Id.*

24.     Todos los Reclamantes identificados en el Anexo A o bien a) no han respondido a los Envíos, o bien b) respondieron a los Envíos pero sus réplicas (conjuntamente, los "Envíos Deficientes Devueltos") aun así no han proporcionado a los Deudores Objetantes la información necesaria para reconciliar las Reclamaciones Deficientes. En la mayoría de los casos, los Envíos Deficientes Devueltos tampoco han proporcionado suficiente información para que los Deudores Objetantes comprendan la naturaleza o el fundamento de la reclamación o el motivo por el que el reclamante considera que los Deudores Objetantes tienen las responsabilidades alegadas. En consecuencia, los Deudores Objetantes no pueden determinar ni reconciliar la validez de las Reclamaciones Deficientes. Por lo tanto, las Reclamaciones Deficientes deben ser rechazadas en su totalidad.

25.     En apoyo de lo anterior, los Deudores Objetantes invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima cuadragésima objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones Deficientes*, de fecha 28 de octubre de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores Objetantes han notificado la presente Quingentésima cuadragésima objeción global a) a los acreedores individuales objeto de esta Quingentésima cuadragésima objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores Objetantes, en https://cases.ra.kroll.com/puertorico/. Una copia de la notificación de esta Quingentésima cuadragésima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima cuadragésima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores Objetantes sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE los Deudores Objetantes solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores Objetantes cualesquiera otros remedios que se consideren justos.

Fecha:  28 de octubre de 2022
       San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.*