# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE
FIVE HUNDRED FORTY-FIRST OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE
EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE
OBJECTING DEBTORS ARE NOT LIABLE**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

A&M to assist with, *inter alia*, the claims reconciliation process for the Objecting Debtors' (as defined below) casess filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Objecting Debtors' cases filed pursuant to PROMESA. The Objecting Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Objecting Debtors").

3. I submit this declaration in support of the *Five Hundred Forty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Commonwealth of Puerto Rico to Claims for which the Objecting Debtors are Not Liable* (the "Five Hundred Forty-First Omnibus Objection").[3] I have personally reviewed the Five Hundred Forty-First Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Forty-First Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Forty-First Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Forty-First Omnibus Objection.

2

appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be disallowed, as identified in **Exhibit A** to the Five Hundred Forty-First Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Five Hundred Forty-First Omnibus Objection in the column titled "Claims to Be Disallowed" (each a "Claim to Be Disallowed," collectively, the "Claims to Be Disallowed") purport to assert liabilities against the Commonwealth or ERS, but upon a reasonable review of the proofs of claim and the Objecting Debtors' books and records, no liabilities are owed to the associated claimants.

6. For example, several of the Claims to Be Disallowed purport to assert liability through invoices for services rendered pursuant to contracts with the Objecting Debtors, but the Objecting Debtors' books and records show that the invoices were issued for periods where the parties were not under contract with the Objecting Debtors, and accordingly are invalid, or the invoices were paid in full. Other Claims to Be Disallowed purport to assert liability on the basis of litigation where the claimants were not named plaintiffs, or cases which have since been dismissed. Other Claims to Be Disallowed seek payment for judgments which have already been disbursed or applied to other outstanding debts of the claimants and, accordingly, there is no further liability.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Five Hundred Forty-First Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Objecting Debtors and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 28, 2022

By: /s/ *Jay Herriman*<br>Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                        Deudores.[1] | PROMESA<br>Título III<br>Número 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA CUADRAGÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES OBJETANTES NO SON RESPONSABLES**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con las causas de los Deudores Objetantes (según se define abajo) radicadas conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores Objetantes radicados conforme a PROMESA. El proceso continuo de reconciliación de las reclamaciones de los Deudores Objetantes implica el esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores Objetantes").

3. Realizo esta declaración en apoyo de la *Quingentésima cuadragésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que los Deudores Objetantes no son Responsables* (la "Quingentésima cuadragésima primera objeción global"). [3] He revisado personalmente la Quingentésima cuadragésima primera objeción

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima cuadragésima primera objeción global.

global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima cuadragésima primera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima cuadragésima primera objeción global fue examinada y analizado cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Quingentésima cuadragésima primera objeción global.

5. A mi leal saber y entender, las reclamaciones que aparecen en el Anexo A de la Quingentésima cuadragésima primera objeción global en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación que ha de ser rechazada" y conjuntamente, las "Reclamaciones que han de ser rechazadas") pretenden alegar responsabilidades contra el ELA o el SRE, pero sobre la base de un examen razonable de las evidencias de reclamaciones y los libros y registros de los Deudores Objetantes, no consta que se adeuden responsabilidades a los reclamantes relacionados.

6. Por ejemplo, varias Reclamaciones que han de ser rechazadas pretenden alegar responsabilidad a través de unas facturas por servicios prestados conforme a contratos suscritos con los Deudores Objetantes, pero los libros y registros de los Deudores Objetantes muestran que las facturas fueron emitidas en relación con unos períodos en los que no existía ningún contrato entre las partes y los Deudores Objetantes, por lo que dichas facturas no son válidas o ya han sido pagadas en su totalidad. Otras Reclamaciones que han de ser rechazadas pretenden alegar

responsabilidad sobre la base de un litigio, en el que a los reclamantes no se les mencionaba como demandantes, o casos que ya han sido rechazados. Otras Reclamaciones que han de ser rechazadas buscan el pago relativo a sentencias que ya han sido desembolsados o aplicados a otras deudas pendientes de los reclamantes, por lo que ya no existe ninguna otra responsabilidad.

7. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima cuadragésima primera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores Objetantes y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 28 de octubre de 2022

Por: *[Firma en la versión en inglés]*
Jay Herriman