Hearing Date: December 14, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: November 28, 2022, at 4:00 PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

---

### FIVE HUNDRED FORTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED, PARTIALLY SATISFIED, AND OVERSTATED CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Objecting Debtor"), by

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Board"), as sole Title III representative of the Objecting Debtor pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this Five Hundred Forty-Sixth omnibus objection (the "Five Hundred Forty-Sixth Omnibus Objection") to the misclassified, partially satisfied, and/or overstated proofs of claim listed on **Exhibit A** hereto, and in support of the Five Hundred Forty-Sixth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of*

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3283-LTS.

*Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.     To date, approximately 179,313 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration, LLC ("Kroll"). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.     Of the proofs of claim filed, approximately 118,703 have been filed in relation to, or reclassified to be asserted against, the Objecting Debtor. In accordance with the terms of the

Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Objecting Debtor is liable, being duplicative of other proofs of claim, failing to provide information necessary for the Objecting Debtor to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving*

*Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 27 hearings related to over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the PBA, and/or the ERS. Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 105,359 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 45,193 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

16.     This Five Hundred Forty-Sixth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17.     The Amended Omnibus Objection Procedures allows the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of

Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.    In accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the Amended Omnibus Objection Procedures, the Five Hundred Forty-Sixth Omnibus Objection seeks to (i) reclassify claims that assert an incorrect or improper classification, (ii) reduce the amount of claims asserted against the Objecting Debtor to the extent they (a) have been satisfied or (b) are overstated on the claims registry in the Title III cases, as a result of the manner in which Kroll records and logs proofs of claim, and (iii) allow certain claims.

19.    As set forth in **Exhibit A** hereto, the claims identified in the columns entitled "Asserted" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are secured and/or entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).  Upon a reasonable review of the Objecting Debtor's books and records, the Objecting Debtor has concluded that the Claims to Be Reclassified are not entitled to secured status or administrative expense priority, and should appropriately be classified as general unsecured claims.

20.    The Claims to Be Reclassified assert entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9), but the respective proofs of claim and supporting documentation do not demonstrate claimant's entitlement to such priority.  Only creditors who sold goods to the Objecting Debtor within twenty days before the date of commencement of the Objecting Debtor's Title III case are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). Based on the supporting documentation submitted with the proofs of claim, however, none of the Claims to Be Reclassified were filed by creditors who sold goods within the required statutory time frame of twenty days prior to commencement of the Objecting Debtors' Title III case.  For

example, certain of the Claims to be Reclassified were filed by providers of goods, but the goods identified in the supporting documentation were received outside of the statutorily prescribed 20-day period. Accordingly, because the Claims to Be Reclassified do not provide a basis for their asserted administrative expense priority, the claims should be reclassified as general unsecured claims, each as set forth in **Exhibit A** hereto.

21. One of the Claims to be Reclassified, Proof of Claim No. 14203, also asserts secured status but the corresponding supporting documentation provides no basis for the claimant's assertion that their claim is secured. Accordingly, Proof of Claim No. 14203 should be reclassified as a general unsecured claim.

22. One of the Claims to be Reclassified, Proof of Claim No. 31391, also asserts liability based on invoices issued by the claimant. The Objecting Debtor's records, however, show that a portion of the liabilities associated with Proof of Claim No. 31391 have been paid. The Objecting Debtor objects to the paid invoices on the basis that they are satisfied and Proof of Claim No. 31391 should be reduced accordingly, as set forth in **Exhibit A** hereto.

23. In addition, certain of the Claims to Be Reclassified are overstated on the claims registry because of the manner in which Kroll records and logs proofs of claim. Box 8 of the proof of claim form requests claimants to provide the total amount of the claim. Other portions of the claim form allow claimants to indicate whether they believe all or a portion of their claims are entitled to secured status or priority. For example, Box 7 of the proof of claim form allows claimants to indicate whether they supply goods and/or services to the government, and if so, whether any amounts were due to claimant for the period between the Objecting Debtor's petition date and June 30, 2017; Box 10 allows claimants to indicate whether they believe all or a part of their claim is secured, and if so, the amount of the claim that is secured and the amount that is

unsecured; and Box 13 allows claimants to indicate whether all or part of the claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9), and if so, the amount of the claim entitled to administrative priority treatment.  On certain of the Claims to Be Reclassified, the claimants entered the total amount they believe is owed in Box 8, but also entered the total amount owed in Boxes 10 and 13.  When Kroll logged these proofs of claim on the Title III claims registry, it interpreted each amount entered in Boxes 8, 10, and 13 as a separate assertion of liability.  As a result, the claims registry reflects that certain of the Claims to Be Reclassified assert an amount that is double the actual liabilities asserted in the proofs of claim, as demonstrated by the total amounts identified by the claimants in Box 8.  Accordingly, the Objecting Debtor requests the Court reduce certain of the Claims to Be Reclassified such that they assert only the total liabilities identified by the claimant, as set forth in **Exhibit A** hereto.

24.     Reclassification and reduction of the Claims to Be Reclassified is necessary to avoid prejudicing other holders of general unsecured claims.  The holders of the Claims to Be Reclassified will retain an allowed claim in the modified amount against the Objecting Debtor, as set for the in the columns entitled "Modified and Allowed" on **Exhibit A** hereto.

25.     In support of the foregoing, the Objecting Debtor relies on the *Declaration of Jay Herriman in Support of the Five Hundred Forty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified, Partially Satisfied, and Overstated Claims*, dated October 28, 2022, attached hereto as **Exhibit B**.

## NOTICE

26.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Objecting Debtor has provided notice of this Five Hundred Forty-Sixth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Forty-Sixth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth*

*Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Objecting

Debtor's case website at https://cases.ra.kroll.com/puertorico. A copy of the notice for this Five

Hundred Forty-Sixth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of

the Five Hundred Forty-Sixth Omnibus Objection and all of the exhibits attached hereto are being

filed with this objection and will be served on the parties. The Objecting Debtor submits that, in

light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

27.     No prior request for the relief sought in this Five Hundred Forty-Sixth Omnibus

Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Objecting Debtor respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Objecting Debtor such other and further relief as is just.

Dated: October 28, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico*

**Fecha de la vista: 14 de diciembre de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 28 de noviembre de 2022, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>               Deudores.[1] | PROMESA<br>Título III<br><br>Número 17-BK-3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**QUINGENTÉSIMA CUADRAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS, PARCIALMENTE SATISFECHAS Y SOBREESTIMADAS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor Objetante"), a través de

la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"),

como el único representante de Título III del Deudor Objetante conforme a la sección 315(b) de la

*Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico*

("PROMESA"),[2] radica la presente Quingentésima cuadragésima sexta objeción global (la

"Quingentésima cuadragésima sexta objeción global") a evidencias de reclamaciones

erróneamente clasificadas, parcialmente satisfechas y/o sobreestimadas que aparecen en el **Anexo**

**A** del presente documento, y en apoyo de la Quingentésima cuadragésima sexta objeción global

manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.        El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme

a la sección 306(a) de PROMESA.

2.        La sede judicial de este distrito es la competente conforme a la sección 307(a) de

PROMESA.

## ANTECEDENTES

**A.        Órdenes de Fecha Límite**

3.        El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso

conforme al Título III de dicho cuerpo legal.

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y*

*la manera de su notificación* [ECF Número 2255]³ (la "Moción de Fecha Límite"). Por la *Orden*

*que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba*

*la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"),

el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y

procedimientos para radicar evidencias de reclamaciones en el marco de los casos de Título III.

Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el

Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de*

*reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160]

(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo

dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.  Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme
al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5. El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los

Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad

de Edificios Públicos de Puerto Rico (la "AEP"), la Junta de Supervisión radicó el *Octavo Plan de*

*Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado*

*conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el

"Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones

---

³  Salvo disposición en contrario contenida en el presente documento, las citas ECF harán
referencia a documentos radicados en el marco del Caso de Quiebra Número 17-BK-3283-LTS.

formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6. Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7. El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8. El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 179,313 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,703 han sido radicadas en relación con el Deudor Objetante, o reclasificadas como radicadas contra el Deudor Objetante. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que el Deudor Objetante sea responsable, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que el Deudor Objetante determine si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. Notificación de vista en relación con una *Orden que A) apruebe Procedimientos Enmendados relativos a*

*Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba procedimientos enmendados relativos a objeciones globales, B) declara la renuncia a los requisitos contenidos en la regla 3007(e) de las Reglas de quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 27 vistas vinculadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/ o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 105,359 reclamaciones que reivindicaban $43,6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,193 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

16.     Esta Quingentésima cuadragésima sexta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## **OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.     Conforme a la regla 3007(d)(8) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, la Quingentésima cuadragésima sexta objeción global busca i) reclasificar reclamaciones que alegan una clasificación errónea o improcedente, ii) reducir el monto de las reclamaciones alegadas contra el deudor Objetante en la medida en que a) hayan sido satisfechas o b) estén sobreestimadas en el registro de reclamaciones en el marco de los casos de Título III, como consecuencia de la forma en la que Kroll inscribe y registra evidencias de reclamaciones, y iii) conceder determinadas reclamaciones.

19.     Como se indica en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Alegadas" (cada una denominada una "Reclamación que ha de ser reclasificada" y conjuntamente, las "Reclamaciones que han de ser reclasificadas") alegan incorrecta o indebidamente que están garantizadas y/o tienen derecho a la prioridad de gastos administrativos de conformidad con el Título 11. U.S.C., § 503(b)(9). Tras una revisión razonable de los libros y registros del Deudor Objetante, este último ha llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho a un estatus garantizado ni a la prioridad de gastos administrativos y deben ser debidamente clasificadas como reclamaciones generales no garantizadas.

20.     Las Reclamaciones que han de ser reclasificadas alegan tener derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9), pero las correspondientes evidencias de reclamaciones y la documentación justificativa no demuestran el derecho del reclamante a dicha prioridad. Solo los acreedores que vendieron bienes al Deudor Objetante dentro de un plazo de 20 días antes de la fecha de inicio del caso de Título III del Deudor Objetante tienen derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). Sin embargo, según la documentación justificativa sometida con la evidencia de reclamación, ninguna de las Reclamaciones que han de ser reclasificadas fue radicada por acreedores que vendieron bienes dentro del plazo legalmente establecido de 20 días antes del inicio del caso de Título III de los Deudores Objetantes. Por ejemplo, algunas Reclamaciones que han de ser reclasificadas fueron radicadas por proveedores de bienes, pero los bienes identificados en la documentación justificativa fueron recibidos fuera del plazo legalmente establecido de 20 días. En consecuencia, puesto que las Reclamaciones que han de ser reclasificadas no proporcionan fundamento alguno para la prioridad de gastos administrativos alegada, las reclamaciones deben ser reclasificadas como reclamaciones generales no garantizadas, cada una de ellas como se establece en el **Anexo A** del presente documento.

21.     Una de las Reclamaciones que han de ser reclasificadas, Evidencia de reclamación Número 14203, también alega un estatus garantizado, pero la correspondiente documentación justificativa no proporciona fundamento alguno para la afirmación del reclamante de que su reclamación está garantizada. En consecuencia, la Evidencia de reclamación Número 14203 debe ser reclasificada como una reclamación general no garantizada.

22.     Una de las Reclamaciones que han de ser reclasificadas, Evidencia de reclamación Número 31391, también alega responsabilidad basada en facturas emitidas por el reclamante. Sin

embargo, los registros del Deudor Objetante muestran que parte de las responsabilidades
vinculadas con la Evidencia de reclamación Número 31391 ha sido pagada. El Deudor Objetante
objeta a las facturas pagadas sobre la base de que estas han sido satisfechas, por lo que la Evidencia
de reclamación Número 31391 debe reducirse en consecuencia, según se establece en el **Anexo A**
del presente documento.

23.     Además, algunas de las Reclamaciones que han de ser reclasificadas están
sobreestimados en el registro de reclamaciones debido a la forma en la que Kroll inscribe y registra
evidencias de reclamaciones. La Casilla 8 del formulario de la evidencia de reclamación indica
que los reclamantes proporcionen el monto total de la reclamación. Otras partes del formulario de
reclamación permiten a los reclamantes indicar si consideran que la totalidad o parte de sus
reclamaciones tienen derecho al estatus garantizado o a la prioridad. Por ejemplo, la Casilla 7 del
formulario de la evidencia de reclamación permite a los reclamantes indicar si proveen productos
y/o servicios al Gobierno, y de ser así, si se adeudaba algún monto al reclamante por el período
entre la fecha de petición del Deudor Objetante y el 30 de junio de 2017; la Casilla 10 permite a
los reclamantes indicar si consideran que toda o parte de su reclamación está garantizada, y de ser
así, el monto de la reclamación que está garantizado y el monto que no lo está; y la Casilla 13
permite a los reclamantes indicar si toda o parte de la reclamación tiene derecho a prioridad
administrativa conforme al Título 11 U.S.C., § 503(b)(9), y de ser así, el monto de la reclamación
que tiene derecho al tratamiento de prioridad administrativa. En determinadas Reclamaciones que
han de ser reclasificadas, los reclamantes introdujeron en la Casilla 8 el monto total que
consideraban que se les adeudaba, pero también introdujeron el monto total adeudado en las
Casillas 10 y 13. Cuando Kroll registró dichas evidencias de reclamaciones en el registro de
reclamaciones de Título III, interpretó cada monto introducido en las Casillas 8, 10 y 13 como

alegaciones de responsabilidad aparte. En consecuencia, el registro de reclamaciones refleja que algunas de las Reclamaciones que han de ser reclasificadas alegan un monto que está duplicado con respecto a las responsabilidades reales alegadas en las evidencias de reclamaciones, según se demuestra por los montos totales que los reclamantes identifican en la Casilla 8. Por lo tanto, el Deudor Objetante solicita que el Tribunal reduzca algunas de las Reclamaciones que han de ser reclasificadas de tal manera que solo aleguen las responsabilidades totales identificadas por el reclamante, según se establece en el **Anexo A** del presente documento.

24.    La reclasificación y reducción de las Reclamaciones que han de ser reclasificadas son necesarias para no perjudicar a otros titulares de reclamaciones generales no garantizadas. Los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación concedida por el monto modificado contra el Deudor Objetante, según se establece en las columnas tituladas "Modificadas y Concedidas" en el **Anexo A** del presente documento.

25.    En apoyo de lo anterior, el Deudor Objetante invoca la *Declaración de Jay Herriman en apoyo de la Quingentésima cuadragésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Erróneamente Clasificadas, Parcialmente Satisfechas y Sobreestimadas*, de fecha 28 de octubre de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26.    De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el Deudor Objetante ha notificado la presente Quingentésima cuadragésima sexta objeción global a) a los acreedores individuales objeto de esta Quingentésima cuadragésima sexta objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos del Deudor Objetante, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Quingentésima

cuadragésima sexta objeción global se adjunta al presente como **Anexo C**. Las traducciones al

español de la Quingentésima cuadragésima sexta objeción global y de la totalidad de los anexos

adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El

Deudor Objetante sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar

ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

27.     No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima

cuadragésima sexta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*.]

POR LO QUE el Deudor Objetante solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al Deudor Objetante cualesquiera otros remedios que se consideren justos.

Fecha: 28 de octubre de 2022
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico.*