# **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED FORTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED, PARTIALLY SATISFIED, AND OVERSTATED CLAIMS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.   I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the case of the Objecting

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

Debtor (as defined below) filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Objecting Debtor's case filed pursuant to PROMESA. The Objecting Debtor's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Objecting Debtor").

3. I submit this declaration in support of the *Five Hundred Forty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified, Partially Satisfied, and Overstated Claims* (the "Five Hundred Forty-Sixth Omnibus Objection").[3] I have personally reviewed the Five Hundred Forty-Sixth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Forty-Sixth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Forty-Sixth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be reclassified, reduced, and allowed, as identified in **Exhibit A** to the Five Hundred Forty-Sixth Omnibus Objection.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Five Hundred Forty-Sixth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on **Exhibit A** to the Five Hundred Forty-Sixth Omnibus Objection in the columns titled "Asserted" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are secured and/or entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). Upon a reasonable review of the Objecting Debtor's books and records and/or the supporting documentation, the Objecting Debtor has concluded that the Claims to Be Reclassified are not entitled to secured stated and/or administrative expense priority, and should appropriately be classified as general unsecured claims. The Objecting Debtor's records also show that portions of certain of the Claims to Be Reclassified have been paid. Additionally, due to the process by which Kroll records and logs proofs of claim, certain of the Claims to Be Reclassified are logged on the Title III claims registry in an overstated amount that exceeds the total amount listed in Box 8 of the proof of claim. Reclassification and reduction of the Claims to Be Reclassified is necessary to avoid prejudicing other claimants, including other holders of general unsecured claims. Further, the holders of the Claims to Be Reclassified will retain an allowed claim in the modified amount against the Objecting Debtor, as set for the in the columns entitled "Modified and Allowed" on **Exhibit A** hereto.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Forty-Sixth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Objecting Debtor and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 28, 2022

By:   /s/ *Jay Herriman*
     Jay Herriman

4

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Número 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA CUADRAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS, PARCIALMENTE SATISFECHAS Y SOBREESTIMADAS**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso del Deudor Objetante (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del Deudor Objetante radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del Deudor Objetante implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor Objetante").

3. Realizo esta declaración en apoyo de la *Quingentésima cuadragésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Erróneamente Clasificadas, Parcialmente Satisfechas y Sobreestimadas* (la "Quingentésima cuadragésima sexta objeción global"). [3] He revisado personalmente la Quingentésima cuadragésima sexta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima cuadragésima sexta objeción global.

2

4. Durante el proceso de preparación para radicar la Quingentésima cuadragésima sexta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima cuadragésima sexta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser reclasificadas, reducidas y concedidas, según se identifica en el **Anexo A** de la Quingentésima cuadragésima sexta objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el **Anexo A** de la Quingentésima cuadragésima sexta objeción global, en las columnas tituladas "Alegadas" (cada una denominada una "Reclamación que ha de ser reclasificada" y conjuntamente, las "Reclamaciones que han de ser reclasificadas") alegan incorrecta o indebidamente que están garantizadas y/o tienen derecho a prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). Tras una revisión razonable de los libros y registros del Deudor Objetante y/o de la documentación justificativa, este último ha llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho a estatus garantizado ni a prioridad de gastos administrativos y deben ser debidamente clasificadas como reclamaciones generales no garantizadas. Los registros del Deudor Objetante también muestran que partes de algunas de las Reclamaciones que han de ser reclasificadas han sido pagadas. Además, debido al proceso que Kroll utiliza para anotar y registrar evidencias de reclamaciones, algunas de las Reclamaciones que han de ser reclasificadas se han anotado en el registro de reclamaciones de Título III por un monto sobreestimado que excede del monto total que aparece en la Casilla 8 de la evidencia de reclamación. La reclasificación y reducción de las Reclamaciones que han de ser reclasificadas son necesarias para no perjudicar a otros reclamantes, incluidos otros titulares de reclamaciones

3

generales no garantizadas. Además, los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación concedida por el monto modificado contra el Deudor Objetante, según se establece en las columnas tituladas "Modificadas y Concedidas" en el **Anexo A** del presente documento.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima cuadragésima sexta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del Deudor Objetante y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 28 de octubre de 2022

                                                                            Por: *[Firma en la versión en inglés]*
                                                                                   Jay Herriman