# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### OPPOSITION TO DEBTOR'S OMNIBUS OBJECTION
### "FIVE HUNDRED FOURTEENTH" (Substantive)

To the Honorable United States District Court Judge Laura Taylor Swain:

Now Come, ICPR Junior College (Claim 5130), who claims rent due by the Commonwealth of Puerto Rico, herein represented by its Chief Financial Officer and states as follows:

1. On September 16, 2022, the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, filed the "Five Hundred Fourteenth Omnibus Objection" (Substantive) seeking to disallow individual claims listed on Exhibit A of the reference omnibus objections by asserting that the claims included in referenced motion are objected due to the individual reason expressed for each individual claim being objected.

2. With regards to ICPR's claim #5130, Debtor claims that "Invoice totaling $22,549.45 was paid via check 02335767 on 09/08/2009. Per the books and records of the Commonwealth, invoice totaling $23,672.68 was associated with amounts that were outside of the

approved contract, where no contract was in place or where the invoices were never received and therefore are not due and owed by the Commonwealth agency asserted."

3. That the Five Hundred Fourteenth Omnibus Objection is premised solely in the declaration by Jay Herriman, who as a Managing Director of A&M, and is one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed under PROMESA.

4. That although Mr. Herriman asserts in his declaration, that to the best of his knowledge and belief, the information contained in the Five Hundred Fourteenth Omnibus Objection and exhibits are true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors, he erroneously states that that check number 02335767 paid the claim for $22,549.45 made by ICPR, when in fact said check had paid an earlier invoice, not the one we are now claiming. Additionally, Mr. Herriman states the invoice totaling $23,672.68 was associated with amounts that were outside of the approved contract, where no contract was in place or where the invoices were never received.

5. ICPR Junior College had an original contract with the ARPE, later known as "Oficina de Gerencia de Permisos" (OGPE), for the leasing of a building for use by the Arecibo Regional Offices. The rent was for $22,549.45 per month. In order to ARPE (later OGPE) to pay the rent to ICPR, it was required that ICPR send a monthly invoice in order to collect. The invoice #200-820 of July 15th, 2009, was never paid. Normally all payments of invoices were paid approximately over three to four months later. The payment for invoice 200-820 was never received. ICPR continuously required payment or for the invoices or required that they provide evidence of payment, but said evidence never came. Invoice #200-820 corresponding to July 2009, is still pending payment.

6. The objection to ICPR's claim found at page 5, number 22, also objects the claim for $23,672.68, basically stating that there was no contract, that it was outside the contract or that the invoice was not received.

7. Invoice 200-882, of November 6th, 2014, for the amount of $23,672.68 is related to the five years lease contract Núm. Contralor 2014-000011 of November 22nd, 2013, which extended to the lease up to the month of October 2018. This contract, as well as the June 3, 2014, letter by OGPE's Executive Director are a part of the documents submitted by ICPR with its Proof of Claim. OGPE occupied the property until the middle of November 2018. From these documents we can easily conclude that OGPE intended to occupy the property until the month of October, which they did, but failed to cover the rent for the last month they were there.

8. In Exhibit A – Claim to be disallowed page 5, number 22, indicates that the amounts were outside of the approved contract. Based on the claim that the contract could be cancelled after 120 days of notification. The OGPE's Executive Director informed to ICPR Junior College that the contract would last until October 2014, and the invoice is for the month of October 2014. The moving of equipment from the rented facility was completed by November 2014.

9, All the documents that support the allegations made in this motion are part of the record in this case, as they were filed with the Proof of Claim submitted by ICPR.

10. Based on the above facts, the appearing claimant opposes Mr. Herriman's declaration and request of dismissal or disallowance of claim No. 5130, affirmatively stating that the objection to claim No. 5130 is inaccurate and does not reflect the true status of OGPE's debt with ICPR Junior College.

WHEREFORE, in view of the above, it is respectfully requested that this Honorable Court dismiss with prejudice the Five Hundred Fourteenth Omnibus Objection concerning claim No.

5130 made by ICPR, as the Oversight Board's failed to present accurate facts and verifiable evidence to sustain its allegations regarding the payment of the invoice subject of the claim, and instead, guarantee the proper and just adjudication of Movant's claim and grant such other and further relief as the Court deems just and necessary.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on November 1, 2022.

> s/ JAIME BRUGUERAS
> USDC 120809
> MUÑOZ BENITEZ BRUGUERAS
> & CRUZ
> P.O. Box 191979
> San Juan, Puerto Rico 00919-1979
> Tel. (787) 751-9040
> Fax (787) 751-0910
> jbrugue@mbbclawyers.com