UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 22665** |

**OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO MOTION FOR RELIEF FROM STAY FILED BY OBE E. JOHNSON**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND .............................................................................................................................. 2

      A.      The Commonwealth's Title III Case................................................................... 2

      B.      The First Habeas Corpus Petition ....................................................................... 4

      C.      The Prepetition Damages Action ........................................................................ 5

      D.      The Second Habeas Corpus Action ..................................................................... 6

      E.      The Petition for Mandamus ................................................................................. 6

      F.      The Lift Stay Motions .......................................................................................... 7

ARGUMENT .................................................................................................................................... 9

      A.      Movant's Request for Relief With Respect to Petitions for Habeas Corpus is Moot .................................................................................................................. 9

      B.      Movant's Request For Relief With Respect to the Prepetition Damages Action Should Be Denied ................................................................................... 10

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Atiles-Gabriel v. Commonwealth of P.R.*,
  256 F. Supp. 3d 122 (D.P.R. 2017)..................................................................................9

*In re Fucilo*,
  2002 WL 1008935 (Bankr. S.D.N.Y. Jan. 24, 2002)......................................................10

*In re SquareTwo Fin. Servs. Corp.*,
  2017 WL 4012818 (Bankr. S.D.N.Y. Sept. 11, 2017)....................................................10

*In re WorldCom, Inc.*,
  2007 WL 841948 (Bankr. S.D.N.Y. Mar. 12, 2007) ......................................................10

*Johnson v. Morel*,
  Case No. 09-1172 (D.P.R.) ...............................................................................................4

*Johnson v. Morel, et al.*,
  Case No. 19-1534 (1st Cir.) .........................................................................................4, 5

*Johnson v. Ocasio-Montañez et al.*,
  Case No. 3:20-cv-01222-JAG (D.P.R.) ............................................................................6

*Johnson v. Porrate-Doria, et al.*,
  Case No. 14-1841 (D.P.R.) ...............................................................................................5

*Johnson v. Puerto Rico Dep't of Corr. & Rehab.*,
  Civil Case No. SJ-22-01582 (P.R.)................................................................................6, 7

*Johnson v. Village of Puerto Rico*,
  Case No. 16-8052 (1st Cir.) .............................................................................................4

**STATUTES**

11 U.S.C. § 362..................................................................................................................1

11 U.S.C. § 362(c)(2)(C) ................................................................................................1, 9

28 U.S.C. § 2254........................................................................................................4, 6, 9

48 U.S.C. §§ 2101–2241....................................................................................................1

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection (the "Objection") to the *Motion for Relief From Stay Under 362(e)* [ECF No. 22665] (the "Fourth Lift Stay Motion"), filed by Obe E. Johnson, *pro se* ("Movant"). In support of this Objection, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1. Pursuant to the Fourth Lift Stay Motion, Movant seeks an order modifying the automatic stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), for allowance to seek relief through a writ of habeas corpus. Motion ¶ 2.

2. Movant has now filed four motions before this Court seeking to lift the automatic stay in the Commonwealth's Title III Case in order to pursue a petition for habeas corpus. The Fourth Lift Stay Motion requests almost identical remedies to those included in the previous lift stay motions, which such requested relief has already been denied by this Court.[3] Accordingly, the Fourth Lift Stay Motion should be denied because pursuant to section 362(c)(2)(C) of the Bankruptcy Code, Section 92.25 of the Commonwealth Plan (as defined below), and decretal paragraph 66 of the Confirmation Order (as defined below), as the automatic stay was replaced by the discharge injunction upon the occurrence of the effective date of the Commonwealth Plan,[4]

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Debtor incorporates by reference its prior objections to Movant's three previous lift stay motions [ECF Nos. 12968, 17163].

[4] *See Memorandum Order Concerning Inquiry Motion of Juan Manuel Cruzado-Laureano* [ECF No. 22349 at 9-15].

1

and the discharge injunction does not apply to habeas cases. Thus, the Fourth Lift Stay Motion is moot.

## BACKGROUND

*A. The Commonwealth's Title III Case*

3. On May 3, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico (the "Title III Court"), commencing a case under Title III thereof.

4. On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines And Procedures For Filing Proofs Of Claim And (B) Approving Form And Manner Of Notice Thereof* [ECF No. 2521] (the "Bar Date Order"), establishing May 29, 2018 as the deadline for filing proofs of claim. On May 23, 2018, the Court entered an order [ECF No. 3160] extending the bar date to June 29, 2018.

5. The below is a chart setting forth the various proofs of claim filed by Movant and their corresponding status (collectively, "Movant's POCs"):

| POC No. | Status |
|---|---|
| 177676 | **Pending Objection** - *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Late-Filed Claims* |
| 177756 | **Disallowed** pursuant to *Order Granting the Three Hundreth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Duplicate Claims* |
| 177765 | **Pending Objection** - *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the* |

2

| POC No. | Status |
|---|---|
| | *Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Late-Filed Claims* |
| 178772 | **Pending Objection** - *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Late-Filed Claims* |
| 180370 | Asserting Administrative Expense Claim - Pending Reconciliation |
| 7137 | Pending Reconciliation |

6. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19784] (the "Commonwealth Plan"). Among other things, the Commonwealth Plan and the Confirmation Order provide for an injunction (the "Discharge Injunction") on the prosecution of claims discharged pursuant to the Commonwealth Plan from and after effectiveness of the Commonwealth Plan. *Commonwealth Plan* § 92.3; *Confirmation Order* ¶ 59.

7. On March 15, 2022, the Plan became effective (the "Effective Date"). Pursuant to the Confirmation Order and the Commonwealth Plan, unless otherwise extended, the Debtor had until September 11, 2022 to assess and object to the allowance of claims, which the deadline was

3

extended to March 8, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 21894].[5]

### B. The First Habeas Corpus Petition

8. On February 20, 2009, Movant filed an application of habeas corpus pursuant to 28 U.S.C. § 2254 with the United States District Court for the District of Puerto Rico (the "District Court"), claiming that "his sentence was unlawful and that the evidence was insufficient and that three consecutive terms totaling thirty-five (35) years in prison was unjust." Opinion and Order, *Johnson v. Morel*, Case No. 09-1172 (D.P.R. entered June 24, 2009), [ECF No. 9 at 1] (the "First Habeas Corpus Action"). The District Court denied Movant's petition for habeas corpus on June 24, 2009. *Id.*, at 2.

9. On October 21, 2011, Movant filed with the United States Court of Appeals for the First Circuit (the "First Circuit") a *Motion for Authorization to File a Second or Successive Petition for Relief Pursuant to 28 U.S.C. 2254* (First Circuit Case No. 11-2238).

10. On October 31, 2011, the First Circuit denied Movant's request to file a successive petition for habeas corpus under 28 U.S.C. § 2254. Judgment, *Johnson v. Morel*, Case No. 09-1172 (D.P.R. filed Nov. 1, 2011), [ECF No. 15].[6]

11. On June 3, 2019, ten years after denial, Movant filed an appeal of the District Court's decision denying Movant's petition for habeas corpus in the First Habeas Corpus Action. *Johnson v. Morel, et al.*, Case No. 19-1534 (1st Cir. filed June 3, 2019).

---

[5] *Commonwealth Plan* § 82.1(a); *Confirmation Order* ¶ 42.

[6] Movant also filed a successive petition with the First Circuit, which was denied. Judgment, *Johnson v. Village of Puerto Rico*, Case No. 16-8052 (1st Cir. entered Aug. 11, 2017).

12. On June 2, 2020, the First Circuit denied Movant's application for leave to file a second or successive habeas petition. *Johnson v. Morel, et al.*, Case No. 19-1534 (1st Cir. entered June 2, 2020).

### C. The Prepetition Damages Action

13. On November 18, 2014, Movant commenced an action captioned *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (the "Prepetition Damages Action"), before the District Court,[7] alleging that he had lost his company because he was wrongfully convicted of several crimes in the Puerto Rico court, and was sentenced and imprisoned. Therein, Movant sought monetary compensation for Twenty-Five Million Dollars ($25,000,000.00).

14. On July 10, 2015, the Commonwealth filed its *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6)*. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed July 10, 2015), [ECF No. 19].

15. On October 23, 2015, the District Court dismissed, with prejudice, the Prepetition Damages Action, holding that Movant failed to state a claim on which relief may be granted because he was unable to establish that his conviction has been invalidated. *Id.*, [ECF Nos. 28 & 29].

16. On January 11, 2016, the District Court denied Movant's *Motion Requesting Order*, to the extent that Movant seeks reconsideration of the District Court's decision dismissing, with prejudice, all of Movant's claims in the Prepetition Damages Action. *Id.*, [ECF No. 32].

---

[7] Movant filed his complaint in the U.S. District Court for the Eastern District of Pennsylvania, which was transferred to the District Court on November 21, 2014. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed Nov. 21, 2014), [ECF No. 6].

17. On June 29, 2020, Movant filed an appeal of the District Court's dismissal, with prejudice, of the Prepetition Damages Action (First Circuit Case No. 20-1698), which appeal remains stayed.

### D. The Second Habeas Corpus Action

18. On May 8, 2020, Movant filed an application of habeas corpus pursuant to 28 U.S.C. § 2254 with the District Court, claiming that his sentence was incorrectly calculated and had already expired in the case captioned *Johnson v. Ocasio-Montañez et al.,* Case No. 3:20-cv-01222-JAG (the "Second Habeas Corpus Action"), [ECF No. 3].

19. On October 20, 2020, Movant filed a *Motion to Lift Stay* before the District Court in the Second Habeas Corpus Action. *Id.*, [ECF No. 13].

20. On May 19, 2021, the District Court denied Movant's *Motion to Lift Stay*, holding that "[a]ny request to lift or vacate the PROMESA stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-03283 (LTS)." *Id.*, [ECF No. 16].

### E. The Petition for Mandamus

21. On December 13, 2021, Movant filed in the Puerto Rico Court of First Instance (the "Commonwealth Court") a petition for a writ of mandamus. *See Johnson v. Puerto Rico Dep't of Corrections and Rehabilitation*, Civil Case No. SJ-22-01582 (the "CW Mandamus Action").[8] The Commonwealth Court interpreted Movant's petition as seeking relief to compel the Commonwealth to comply with the First Circuit's requirement to file a status report every ninety (90) days in the appeal of the Prepetition Damages Action.[9]

---

[8] The Commonwealth did not appear in the CW Mandamus Action before it was dismissed.

[9] Movant appears to assert in the Fourth Lift Stay Motion that, in the petition for writ of mandamus, he sought relief from the automatic stay.

6

22. On March 30, 2022, the Commonwealth Court denied the Movant's petition for mandamus, holding, among other things, that Movant did not satisfy the requirements for mandamus relief pursuant to Commonwealth law, and has adequate remedies before the First Circuit in the appeal. *See id.*

### F. The Lift Stay Motions

23. On April 7, 2020, Movant filed the *Motion to Be Exclude from Law PROMESA* [ECF No. 12772] (the "First Lift Stay Motion"), requesting relief from the automatic stay to proceed with the First Habeas Corpus Action and the Prepetition Damages Action.

24. On April 29, 2020, the Commonwealth filed its response to the First Lift Stay Motion [ECF No. 12968] (the "Response"), noting the Commonwealth's consent to a limited modification of the automatic stay solely with respect to the First Habeas Corpus Action. Response ¶ 11.

25. On June 2, 2020, this Court, consistent with the Commonwealth's proposed modification of the automatic stay, entered an order granting in part and denying in part the First Lift Stay Motion [ECF No. 13316] (the "First Lift Stay Order"), modifying the automatic stay to "the extent necessary to allow (i) the Appeal and the Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief." *Id.* at 5.

26. On June 26, 2020, Movant filed a *Motion for Relief from Stay Under 362(e)* [ECF No. 13510] (the "Second Lift Stay Motion"), requesting the same relief granted to him through the First Lift Stay Order.

27. On July 9, 2020, this Court denied the Second Lift Stay Motion stating that Movant had failed to establish cause "to further modify the automatic stay with respect to the Appeal and

the Habeas Corpus Action, or for the Court to alter its ruling in the Memorandum Order with respect the First Damages Action." [ECF No. 13599 at 2] (the "Second Lift Stay Order").

28. On June 10, 2021, Movant filed a *Motion for Relief from Stay Under 363(e)* [ECF No. 16942] (the "Third Lift Stay Motion") in which he once again alleged to be illegally incarcerated and sought relief on appeal before the First Circuit through a writ of habeas corpus. The Commonwealth interpreted the Third Lift Stay Motion to be a request for relief from the automatic stay in connection with the First Habeas Corpus Action and the Prepetition Damages Action. [ECF No. 17163]. Nonetheless, although the Third Lift Stay Motion did not specifically address the Second Habeas Corpus Action, the Commonwealth noted it would consent to limited stay relief in connection with such action.

29. On June 29, 2021, this Court entered an order granting in part and denying in part the Third Lift Stay Motion, granting limited stay relief in connection with the Second Habeas Corpus Action, but denying relief in connection with the Prepetition Damages Action [ECF No. 17184] (the "Third Lift Stay Order"). The Court noted that "Movant has failed to proffer facts or legal argument that would provide the Court with a basis to reconsider or modify its prior rulings with respect to the litigations that were the subject of the First Lift Stay Order and the Second Lift Stay Order." Third Lift Stay Order at 2.

30. On August 5, 2021, Movant appealed the Third Lift Stay Order. [ECF No. 17697].

31. On August 23, 2022, the First Circuit, among other things, denied Movant's appeal.

32. On October 20, 2022, Movant filed the Fourth Lift Stay Motion, in which he again appears to seek stay relief in connection with his attempts to seek a writ of habeas corpus and to proceed with the Prepetition Damages Action.

# ARGUMENT

33. As noted above, with the instant action, Movant has filed four motions before this Court, seeking to lift the automatic stay in the Commonwealth's Title III Case to pursue petitions for habeas corpus and proceed with the Prepetition Damages Action. To the extent Movant seeks stay relief to obtain a writ of habeas corpus (i) this Court has already granted such relief in connection with the First Habeas Corpus Action and the Second Habeas Corpus Action, and (ii) the automatic stay is no longer in effect following the consummation of the Commonwealth Plan, and the Discharge Injunction does not apply to petitions for writ of habeas corpus. Accordingly, Movant's request for such relief is moot. To the extent Movant seeks stay relief to proceed with the Prepetition Damages Action, (i) Movant has failed to proffer facts or legal argument to satisfy the requirements for relief from the Discharge Injunction, and (ii) the *Sonnax* factors weigh in favor of denying Movant's request with respect to the Prepetition Damages Action.

### A. Movant's Request for Relief With Respect to Petitions for Habeas Corpus is Moot

34. Pursuant to section 362(c)(2)(C) of the Bankruptcy Code, the automatic stay is no longer in effect following consummation of the Commonwealth Plan.[10] Instead, the Discharge Injunction replaced the automatic stay upon the occurrence of the Effective Date, and does not apply to petitions for writ of habeas corpus.[11] Thus, since neither the automatic stay nor the

---

[10] *See Memorandum Order Concerning Inquiry Motion of Juan Manuel Cruzado-Laureano* [ECF No. 22349 at 9-15].

[11] Commonwealth Plan §§ 1.135 (defining "Claim"), 92.2(b); Confirmation Order ¶ 56(b). *See, e.g., Atiles-Gabriel v. Commonwealth of P.R.*, 256 F. Supp. 3d 122, 125 (D.P.R. 2017):

> The statutory definition of "claim" does not include a petition for writ of habeas corpus within its scope. A habeas petition seeks to vacate, set aside, or correct the petitioner's judgment or sentence. 28 U.S.C. § 2254. The relief sought concerns a person's liberty; it does not seek a right to payment, nor an equitable remedy for which monetary payment is an alternative remedy. *See* § 101(5)(A)-(B). Thus, section 922(a) and 362(a)(6) are inapplicable to a habeas petition, because those automatic stay provisions apply to enforcing or recovering a "claim" and a habeas petition is not a "claim" within the meaning of the statute.

9

Discharge Injunction are applicable to the relief Movant is seeking with respect to his requests for a writ of habeas corpus, the Motion should be denied as moot with respect to such relief.

### B. Movant's Request For Relief With Respect to the Prepetition Damages Action Should Be Denied

35. Since the Fourth Lift Stay Motion requests identical remedies to those included in the First Lift Stay Motion, the Second Lift Stay Motion, and the Third Lift Stay Motion, which were already denied by this Court, the Fourth Lift Stay Motion should also be denied as Movant has failed, once again, to establish cause for modification of the Discharge Injunction to allow the Prepetition Damages Action to proceed.[12] *See* First Lift Stay Order; Second Lift Stay Order; Third Lift Stay Order. Indeed, Movant's asserted claims in the Prepetition Damages Action is being addressed in this Title III Case through the objection and/or reconciliation of Movant's POCs. *See supra* para. 5 for the status of Movant's POCs.

### CONCLUSION

36. To the extent Movant seeks stay relief to obtain a writ of habeas corpus, such request is moot, and to the extent Movant seeks say relief to pursue the Prepetition Damages Action, the Court should deny the Motion for the foregoing reasons.

[*Remainder of page left intentionally blank*]

---

[12] To the extent the Court interprets the Fourth Lift Stay Motion to seek relief from the Discharge Injunction, some courts have considered such relief under the *Sonnax* factors. *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007).

Dated: November 3, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of the Debtor*