UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |

ORDER SCHEDULING BRIEFING OF MOTIONS FILED BY OBE E. JOHNSON

The Court has received and reviewed two pleadings filed by Obe E. Johnson (the "Movant") on October 20, 2022 (Docket Entry Nos. 22665 and 22667 in Case No. 17-3283) (the "Motions").

Responsive papers to the Motions must be filed on or before **November 3, 2022, at 5:00 p.m. (Atlantic Standard Time)**. Movant's reply papers must be filed on or before **November 10, 2022, at 5:00 p.m. (Atlantic Standard Time)**. The Court will thereafter take the Motions on submission, unless the Court determines that a hearing is necessary.

SO ORDERED.

Dated: October 24, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

221024 SCH ORD RE JOHNSON STAY RELIEF.docx          VERSION OCTOBER 24, 2022                    1

**U.S. Bankruptcy Court**

**District of Puerto Rico**

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 6/2/2020 at 9:38 AM AST and filed on 6/2/2020
**Case Name:**        COMMONWEALTH OF PUERTO RICO and PUERTO RICO ELECTRIC POWER AUTHORITY
**Case Number:**      17-03283-LTS9
**Document Number:** 13316

**Docket Text:**
MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(DOCKET ENTRY NO. 12772). Related document: [12772] MOTION to be excluded from PROMESA filed by Obe E. Johnson Signed by Judge Laura Taylor Swain on
6/2/2020.(mr) s/c sent to Obe E. Johnson.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:                                                    PROMESA
                                                          Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of                              No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO
et al.,                                                   (Jointly Administered)

         Debtors.[1]

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E.
JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 12772)

     Before the Court is the *Motion to Be Exclude from Law PROMESA* (Docket Entry

No. 12772 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"), which

the Court construes as seeking relief from the automatic stay imposed by the filing of the above-

captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the

"Appeal"), which is currently pending before the United States Court of Appeals for the First

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

Circuit, on appeal from Case No. 09-01172 (the "Habeas Corpus Action") in the United States

District Court for the District of Puerto Rico, and (ii) a case captioned <u>Johnson v. Porrate-Doria</u>,

Case No. 14-1841 (the "Damages Action"), which Movant filed in the District of Puerto Rico in

November 2014.

      The Court has considered carefully all of the parties' submissions.[3]  For the

following reasons, the Motion is granted in part and denied in part.

<u>BACKGROUND</u>

*Habeas Corpus Action and Appeal*

      On February 20, 2009, Movant filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 with the District of Puerto Rico, alleging that his criminal

conviction in Commonwealth court and the prison sentence that was imposed on him as a result

were unlawful.  (<u>See</u> *Response of the Commonwealth of Puerto Rico to Motion to Be Excluded*

*from Law PROMESA Filed by Obe E. Johnson* (Docket Entry No. 12968, the "Response"), ¶ 1.)

On June 24, 2009, the District Court denied Movant's petition.  (<u>Id.</u>)  Thereafter, the First Circuit

denied both Movant's request to file a successive petition for a writ of habeas corpus with the

District Court, and Movant's successive petition to the First Circuit seeking a writ of habeas

corpus.  (<u>Id.</u> ¶ 2.)  On June 3, 2019, Movant appealed the District Court's order denying his

petition for a writ of habeas corpus.  (<u>Id.</u> ¶ 3.)  That appeal currently remains pending before the

First Circuit.  (<u>Id.</u>)

---

[3]    Pursuant to the Court's *Order Scheduling Briefing of Motion Filed by Obe E. Johnson*
(Docket Entry No. 12824), Movant's reply papers were due on May 6, 2020.  No reply
papers have been filed to date.

*Damages Action*

On November 18, 2014, Movant commenced a civil action against the Commonwealth, among other defendants, seeking damages in connection with his allegedly wrongful criminal conviction in Commonwealth court.[4]  (Id. ¶ 4.)  On October 23, 2015, the District Court granted the Commonwealth's motion to dismiss the Damages Action for failure to state a claim, thereby dismissing all of Movant's claims, with prejudice.  (Id. ¶¶ 5-6.)  On January 11, 2016, the District Court denied Movant's motion seeking reconsideration of the order dismissing Movant's claims.  (Id. ¶ 7.)  No appeal of either decision was timely filed.  (Id.)

*Lift Stay Motion*

Movant, who apparently remains incarcerated, filed the instant Motion on April 7, 2020.  The Motion asserts that Movant "was illegally admitted into the Puerto Rico Correction Prison on February 19, 2005," and seems to contend that, because Movant's incarceration began before the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") was enacted, the automatic stay now in effect pursuant to PROMESA should not apply to an action seeking compensation for the time he has spent incarcerated.  (Mot. at 1.)  To that end, the Motion asserts that this Court should "hear this matter . . . according to the time" Movant was first incarcerated, that "PROMESA should not be referred to" Movant, and that Movant should be compensated by the Commonwealth government because he "was illegally incarcerated before . . . PROMESA come into exist[ence]."  (Id. at 2.)  Although the Motion does not explicitly seek stay relief with respect to any particular action, the Motion references a "case [that] is currently pending before the United States Court of Appeals for the First Circuit" arising

---

[4]     The Damages Action was originally filed in the United States District Court for the Eastern District of Pennsylvania, and was transferred to the District of Puerto Rico on November 21, 2014.  (See Resp. ¶ 4 n.4.)

from "an original proceeding successive habeas corpus," and attaches as exhibits a letter from

the Clerk of Court for the First Circuit concerning Case No. 19-1534 as well as the District

Court's *Memorandum and Order* dismissing Movant's claims in the Damages Action.  (See id. at

1; Docket Entry No. 12772-1.)

        In its Response, the Commonwealth indicates that, with respect to the Appeal and

the Habeas Corpus Action, it agrees to a limited modification of the automatic stay solely to

allow the case to proceed to final judgment, and to permit the execution and enforcement of any

judgment solely with respect to Movant's request for equitable relief.  (Resp. ¶ 11.)  The

Commonwealth contends that the automatic stay should otherwise continue to apply to the

Appeal and the Habeas Corpus Action.  (Id.)  As to the Damages Action, the Commonwealth

argues that relief from the automatic stay is unwarranted because that action was dismissed years

ago and no timely appeal was filed, and because Movant has failed to demonstrate cause to lift or

modify the stay under section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 362(d).

(See Resp. ¶¶ 13-19.)

        As noted above, the Court construes the Motion as a request for relief from the

automatic stay as it applies to the Appeal, the Habeas Corpus Action, and the Damages Action.

DISCUSSION

        Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings

by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the

automatic stay "for cause."  To determine whether cause exists to lift the automatic stay, courts

in this district examine the factors first enumerated by the United States Court of Appeals for the

Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").

See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d

508, 518 (D.P.R. 2016) (citing Sonnax).  Of particular relevance to the instant case are the

following factors identified in the Sonnax decision: "whether relief would result in a partial or

complete resolution of the issues," "the interests of judicial economy and the expeditious and

economical resolution of litigation," and the "impact of the stay on the parties and the balance of

harms."  Sonnax, 907 F.2d at 1286.

        In light of the Commonwealth's consent to a limited modification of the

automatic stay in connection with the Appeal and the Habeas Corpus Action, the Court finds

cause to modify the automatic stay solely to the extent necessary to allow (i) the Appeal and the

Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement

of any judgment solely with respect to Movant's request for equitable relief.  It appears that the

interests of judicial economy and expeditious resolution of the Appeal and the Habeas Corpus

Action are best served by permitting the litigation to proceed in this fashion.  Nevertheless,

Movant has identified no basis, and thus has failed to demonstrate cause, to further modify the

automatic stay as it applies to the Appeal and the Habeas Corpus Action.  Therefore, the

automatic stay shall continue to apply in all other respects to the Appeal and the Habeas Corpus

Action, including to the pursuit, execution, and enforcement of any judgment for any claims for

money damages and provisional remedies against the Commonwealth or any other Title III

debtor.

        Further, Movant has failed to demonstrate cause to lift or modify the automatic

stay as it applies to the Damages Action.  As indicated above, the Damages Action was

dismissed, with prejudice, in 2015, and Movant failed to timely file an appeal of the District

Court's decision.  Movant also failed to appeal the 2016 denial of his motion for reconsideration

of the dismissal decision.  Because the dismissal of his Damages Action was final and with

prejudice, Movant could receive no benefit from an order lifting the stay of that action.

Accordingly, the hardship to the Commonwealth of devoting its legal resources to litigation

relating to the Damages Action significantly outweighs any possible burden on Movant caused

by the automatic stay, and Movant's request for an order lifting or otherwise modifying the

automatic stay with respect to the Damages Action is denied.


### CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part, and

the automatic stay is modified only to the extent expressly set forth herein.  This Memorandum

Order resolves Docket Entry No. 12772.


SO ORDERED.

Dated: June 2, 2020


/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

No. 20-1698

---

## UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

---

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA: ESTADO LIBRE
ASOCIADO DE PUERTO RICO; ADMINISTRACION DE CORRECCION
DE PUERTO RICO,

Defendants - Appellees.

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

### MOTION IN COMPLIANCE WITH ORDER AND TO DISMISS APPEAL

COME NOW, Defendants-Appellees the Commonwealth of Puerto Rico,
and the Puerto Rico Department of Corrections and Rehabilitation, through the
undersigned attorney and respectfully state and pray as follows:

1.    On September 24, 2020, this Honorable Court ordered the parties to
show cause as to whether the automatic stay provided for in Title III of PROMESA
stays this appeal. In its order, this Honorable Court noted that the notice of appeal
appeared to have been filed late. For the reasons that follow, appearing Defendants

assert that (1) this Honorable Court lacks jurisdiction to resolve this appeal because it was filed late; and (2), in the alternative, the Title III stay applies to this appeal.

2.    This appeal originates in consolidated cases No. 14-1481 (JAG) and No. 15-1571 (JAG), filed before the United States District court for the District of Puerto Rico. Plaintiff brought these cases against the Commonwealth of Puerto Rico, the Puerto Rico Department of Corrections and Rehabilitation[1], and his former attorney, Fabiola Acarón Porrata-Doria. He alleged that he was wrongly convicted of various felonies before the Puerto Rico courts, which caused him to lose his carpet cleaning company. He sued the Commonwealth defendants under 42 U.S.C. §1983, requesting an award of $25 million in damages. In these cases, the district court entered a Memorandum and Order and a Judgment dismissing the complaints with prejudice on October 23, 2015 (Dkt. ## 28 and 29). On January 11, 2016, the district court entered an Order (Dkt. # 32), in which it denied a motion requesting order filed by Plaintiff (Dkt # 30). On June 29, 2020, Plaintiff filed a Notice of Appeal before this court, which referred it to the district court.

3.    From the above, Plaintiff's Notice of Appeal is clearly untimely. Fed. R. App. 4(a) requires that a notice of appeal be filed within thirty (30) days after the district court has entered the judgment appealed from. The district court entered its

---

[1] The Department of Corrections and Rehabilitation is a department of the Commonwealth of Puerto Rico and may not be sued separately from the Commonwealth. The undersigned attorney does not represent Mrs. Acarón.

2

judgment on October 23, 2015. On January 11, 2016, the district court denied a motion requesting order filed by Plaintiff. Even assuming that this motion served to toll Plaintiff's time to appeal, it would have ended on February 10, 2016. Since Plaintiff filed his Notice of Appeal from this judgment on June 29, 2020, it is more than four years late.

4.    Because Plaintiff's Notice of Appeal is untimely, this Honorable Court has no jurisdiction to hear it. Vaquería Tres Monjitas, Inc. v. Comas-Pagán, 772 F. 3d 956, 960 (1st Cir. 2014). Compliance with Fed. R. App. 4(a) is "mandatory and jurisdictional". García-Velázquez v. Frito Lay Snacks Caribbean, 358 F. 3d 6, 8 (1st Cir. 2004), quoting Browder v. Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978). Therefore, this Honorable Court should dismiss this appeal without entering on any other questions.

5.    In the alternative, this appeal would be stayed by the Commonwealth of Puerto Rico's filing of a petition for reorganization of its debts under title III of PROMESA, because it is a pre-petition claim for money damages against the Commonwealth.

6.    On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), on behalf of the Commonwealth of Puerto Rico ("the Commonwealth"), filed a petition for relief under Title III of PROMESA, 48 U.S.C. § 2161, et seq., in the United States District Court for the District of Puerto Rico.

· 7.     Pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA, the commencement or continuation "of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the petition under Title III, or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" a Title III proceeding is automatically stayed without further action. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a) (emphasis provided). The Commonwealth of Puerto Rico is the debtor in the Petition pursuant to 48 U.S.C. § 2161(c)(2).

8.     The section 362(a) stay applies to all actions brought directly against the debtor, including requests for injunctive relief. Municipality of San Juan v. Commonwealth of Puerto Rico, 919 F. 3d 565, 576-577 (1st Cir. 2029), citing 3 Collier on Bankruptcy par. 362.03 (16th ed. 2018)); Newberry v. City of San Bernardino (In re City of San Bernardino), 558 B.R. 321, 329 (C.D. Cal. 2016). "The automatic stay is 'extremely broad in scope' and, 'applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" Assured Guaranty Corp. v. The Financial Oversight and Management Board for Puerto Rico (In re Financial Management Board of Puerto Rico), 919 F. 3d 121, 129 (1st Cir. 2019), quoting In re Slabicki, 466 B.R. 572, 580 (1st Cir. B.A.P. 2012) (quoting Patton v Bearden, 8 F. 3d 393, 399 (6th Cir. 1993)); Montalvo v. Autoridad

4

de Acueductos y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R.

2015).

9. The automatic stay is among the most basic of debtor protections under bankruptcy law and is intended to give the debtor breathing room by stopping all collection efforts against the debtor. In re Soares, 107 F. 3d 939, 975 (1st Cir. 1997). The stay springs into being immediately upon the filing of a bankruptcy petition, operates without the need for judicial intervention, and remains in force until the bankruptcy court either disposes of the case or lifts the stay. Id. This respite enables debtors to resolve their debts in a more orderly fashion, and also safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Id., citing Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 114 (1st Cir.1994).

10. Plaintiff's cause of action against the Commonwealth clearly seeks to collect damages from the Commonwealth's resources, and litigation of this appeal has forced the Commonwealth to spend funds. Further, his claims do not fall under any of the exceptions to the bankruptcy stay set forth in Section 362 (b). Accordingly, this appeal is stayed by Section 362 of the Bankruptcy code, as incorporated by reference under Section 301(a) of PROMESA. Municipality of San Juan, supra; Assured Guaranty Corp., supra.

11. In light of the above, the Commonwealth asserts, in the alternative that this appeal is not dismissed for being untimely, that it is stayed pursuant to Title III of PROMESA. In such a case, Plaintiff would have the alternative to seek from the Title III court a lift of the stay, pursuant to the Eleventh Amended Case Management Procedures established for such purpose in the Title III proceedings. Bkr. No. 17-03283 (LTS), Docket No. 11855.

13. The Commonwealth does not waive any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under Title III, or from the filing of that notice. The Commonwealth reserves its right to plead or address any pending matter or claim in this case.

WHEREFORE, appearing Defendants respectfully request that this Honorable Court take notice of the above and dismiss the present appeal for being untimely, or, in the alternative, stay all proceedings in this appeal.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 8th day of October. 2020.

ISAÍAS SÁNCHEZ-BÁEZ
Solicitor General of Puerto Rico

s/Carlos Lugo-Fiol
CARLOS LUGO-FIOL

6

CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Additionally, I am sending a true and exact copy of this motion by electronic mail to Mr. Obe E. Johnson, Guayama Correctional Complex, AB-033, P.O. Box 10005, Guayama, PR 00785-0000.

In San Juan, Puerto Rico this 8th day of October, 2020.

s/ Carlos Lugo-Fiol
CARLOS LUGO-FIOL
USCA No. 41677
P.O. Box 260150
San Juan, PR 00926
Tel. (787) 645-4211
E-mail: clugofiol@gmail.com

6/30/2021                          CM/ECF - U.S. Bankruptcy Court:prb

# U.S. Bankruptcy Court

## District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 6/29/2021 at 12:29 PM AST and filed on 6/29/2021

| | |
|---|---|
| **Case Name:** | COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority (PBA) |
| **Case Number:** | 17-03283-LTS9 |
| **Document Number:** | 17184 |

**Docket Text:**
ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S [16942] MOTION FOR RELIEF FROM THE AUTOMATIC STAY. Related document: [13316], [13599]. Signed by Judge Laura Taylor Swain on 6/29/2021. (mr) s/c sent by mail to Obe E. Johnson.

We're Proud to Offer a Variety of Legal Services Including **Criminal** Defense, DUI & More!

Some results United STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------x

In re:       ⟨    1    ...    5    6    7    PROMESA    ⟩
                                                                 Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of                               No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO           (Jointly Administered)
et al.,

          Debtors.[1]

--------------------------------------------------------------x

ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 16942)

       The Court has received and reviewed the motion (Docket Entry No. 16942 in
Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"). The Court has also
reviewed the *Response of the Commonwealth of Puerto Rico to Motion for Relief from Stay
Under 362(e) Filed by Obe E. Johnson* (Docket Entry No. 17163, the "Response"), filed by the
Commonwealth of Puerto Rico (the "Commonwealth"). The Motion appears to request two
forms of relief. First, the Motion reiterates Movant's request for relief from the automatic stay
(or recognition of the inapplicability of the automatic stay), imposed by the filing of the above-
captioned Title III case, with respect to certain civil cases commenced by the Movant. That
request was the subject of two previous motions filed by Movant. (*See* Docket Entry No. 12772
and 13510.) Second, the Motion requests that the Court order that Movant be released from
prison so that he may attend or listen to the hearing scheduled for July 13, 2021.

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
(Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
Power Authority ("PREPA") (Bankruptcy Case No. 17-4780-LTS) (Last Four Digits
of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
(Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

210629 ORD RE JOHNSON LIFT STAY MOT          VERSION JUNE 29, 2021

The Court has issued two prior orders addressing Movant's requests for relief from the automatic stay (See *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay*, Docket Entry No. 13316, the "First Lift Stay Order"; *Order Denying Obe E. Johnson's Motion for Relief from the Automatic Stay*, Docket Entry No. 13599, the "Second Lift Stay Order"). In the First Lift Stay Order, the Court granted in part and denied in part Movant's request for relief from the automatic stay, providing partial relief from the automatic stay with respect to the case captioned <u>Johnson v. Rivera-Mayor</u>, Case No. 09-cv-01172-CCC (D.P.R.), including Movant's appeal therefrom. The Court otherwise denied Movant's request for relief because Movant failed to demonstrate cause to lift or modify the stay. In the Second Lift Stay Order, the Court denied Movant's request to further modify the automatic stay, or to otherwise alter its prior ruling, on the basis that Movant had failed to demonstrate cause for such relief. Here, Movant has failed to proffer facts or legal argument that would provide the Court with a basis to reconsider or modify its prior rulings with respect to the litigations that were the subject of the First Lift Stay Order and the Second Lift Stay Order.

However, to the extent that the Motion seeks relief from the automatic stay with respect to the case captioned <u>Johnson v. Ocasio-Montañez</u>, Case No. 20-cv-01222-JAG (D.P.R.) (the "Second Habeas Corpus Action"), the Commonwealth has consented to modification of the automatic stay

> to allow (i) the Second Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Second Habeas Corpus Action, as well as the Appeal and the First Habeas Corpus Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

(Response ¶ 21.) In light of the Commonwealth's consent to a limited modification of the automatic stay in connection with the Second Habeas Corpus Action, the Court determines that cause exists to modify the automatic stay on the terms proposed by the Commonwealth. Movant's request for relief from the automatic stay is otherwise denied.

Movant's request to be released from prison is denied. The hearing scheduled for 9:30 a.m. (Atlantic Standard Time) on July 13, 2021 (the "Hearing"), concerns the Financial Oversight and Management Board for Puerto Rico's request for approval of the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* as well as various related procedures and deadlines (See Docket Entry No. 16756, the "Disclosure Statement Motion"). Movant has not filed a timely objection to the Disclosure Statement Motion, and he therefore would not have leave to present arguments at the Hearing even if he were not confined. Additionally, the Hearing will be held telephonically, and there is therefore no need for Movant to be physically present in a courtroom to follow the

proceedings.  Members of the public and press may listen to the Hearing[3] by dialing (888) 363-4749, and entering the access code (7214978) and security code (6937) when prompted.

   Accordingly, the Motion is granted in part and denied in part as set forth herein. This Order resolves Docket Entry No. 16942.


  SO ORDERED.

Dated: June 29, 2021

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          United States District Judge

---

[3]  Recording and further broadcasting of the Hearing by any means are prohibited.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

     Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING OBE E. JOHNSON'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 13510)



     Before the Court is the *Motion for Relief from Stay Under 362(e)* (Docket Entry No. 13510 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"). The Motion, which was originally filed in the case captioned Johnson v. Muñiz, Case No. 14-1867 (D.P.R.) (the "Second Damages Action") and subsequently referred to this Court (see Docket Entry No. 60 in Case No. 14-1867), seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the "Appeal"), which is currently pending before the United States Court of Appeals for the First Circuit, on appeal from Case No. 09-1172 (D.P.R.) (the "Habeas Corpus Action"), (ii) a case captioned Johnson v. Porrate-Doria, Case No. 14-1841 (D.P.R.) (the "First Damages Action"), and (iii) the Second Damages Action.

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

On April 7, 2020, Movant filed the *Motion to Be Exclude from Law PROMESA* (Docket Entry No. 12772, "Initial Motion"), which the Court construed as a motion seeking relief from the automatic stay with respect to the Habeas Corpus Action, the Appeal, and the First Damages Action. (See *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 12772)*, Docket Entry No. 13316, the "Memorandum Order," at 1-2.) In the Memorandum Order, this Court granted in part and denied in part the Initial Motion, concluding that Movant had established cause to modify the automatic stay to a limited extent with respect the Appeal and the Habeas Corpus Action only.[3] The Court otherwise denied the Initial Motion. Less than a month later, Movant filed the instant Motion.

Movant fails to establish cause to further modify the automatic stay with respect to the Appeal and the Habeas Corpus Action, or for the Court to alter its ruling in the Memorandum Order with respect the First Damages Action. Nor has Movant demonstrated cause to lift or modify the automatic stay as it applies to the Second Damages Action. That action was dismissed with prejudice by Judge Francisco A. Besosa on September 25, 2015 (see Docket Entry No. 48 in Case No. 14-1867), and Judge Besosa's ruling was affirmed by the United States Court of Appeals for the First Circuit on July 1, 2016 (see Docket Entry No. 58 in Case No. 14-1867). Because the dismissal of the Second Damages Action was, like the dismissal of the First Damages Action, final and with prejudice, Movant could receive no benefit from an order lifting the stay of the Second Damages Action. (See Mem. Ord. at 5-6.) Therefore, the hardship to the Commonwealth of devoting its legal resources to litigation relating to the Second Damages Action significantly outweighs any possible burden on Movant caused by the automatic stay, and Movant's request for an order lifting or otherwise modifying the automatic stay with respect to the Second Damages Action is denied. (See id.)

Accordingly, the Motion is denied in its entirety. This Order resolves Docket Entry No. 13510.

SO ORDERED.

Dated: July 9, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3]  On the same day that this Court entered the Memorandum Order, the United States Court of Appeals for the First Circuit denied Movant's application for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b) as well as Movant's subsequent motions and requests for relief, which it construed as supplements to Movant's original application. (See Docket Entry No. 16 in Case No. 09-1172.)

# United States Court of Appeals
## For the First Circuit



No. 21-1611

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF
PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO
RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC  POWER
AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR
THE PUERTO RICO SALES TAX FINANCING CORPORATION, a/k/a Cofina;
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
FOR THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY

Debtors.

---

OBE E. JOHNSON

Movant – Appellant

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF
PUERTO RICO,

Debtor – Appellee.

---



## APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Appellee the Financial Oversight and Management Board for Puerto Rico (the "Board"), as representative of the Commonwealth of Puerto Rico, submits this response to Appellant Obe E. Johnson's September 22, 2021 Motion for Relief from the Automatic Stay.

### FACTUAL BACKGROUND

Appellant is a *pro se* litigant incarcerated in Puerto Rico. Over the past decade, he has filed a series of actions seeking to undo his criminal conviction and to obtain money damages from the Commonwealth and others. In just the past fourteen months, he has filed eight different appeals to this Court. *See* Appeal Nos. 20-1698, 20-1699, 20-2043, 21-1132, 21-1189, 21-1659, 21-1690, 21-1710.

In several of his appeals, Johnson has filed motions that are procedurally improper, including a "Motion for Money Judgment" (Appeal No. 20-1699), a "Motion Requesting Relief to be Released from Prison" (Appeal No. 20-2043), and motions seeking relief from the automatic stay that arose when the Commonwealth filed a petition under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") (Appeal Nos. 20-1698, 21-1189). *See*

11 U.S.C. § 362(a) (providing for automatic stay) (incorporated into a Title III case
by 48 U.S.C. § 2161(a)).

Johnson's pending appeal is taken from an order by the Title III court granting
Johnson relief from the automatic stay to pursue his petitions for *habeas corpus* but
denying stay relief in all other respects. On September 22, 2021, Johnson filed his
instant request for relief asking this Court to lift the automatic stay. Doc. No.
117790025. Although Johnson styles his pleading as a motion, substantively he asks
this Court to grant appellate relief from the Title III court's order or alternatively to
grant stay relief.

## ARGUMENT

The motion should be denied because Johnson fails to allege any valid
grounds for appellate relief and any valid ground for stay relief. Instead,
acknowledging stay relief is within the trial court's discretion, Johnson asserts the
standard for stay relief is whether the harm to him from continuing the stay
outweighs the harm to the debtor from not continuing it. Johnson fails to provide
any reason whatsoever why he meets his own standard. As this Court has recognized
in other appeals brought by Johnson, a motion for stay relief under PROMESA must
be "directed to the Title III court," Appeal No. 20-1698, Doc. No. 117748858;
Appeal No. 21-1189, Doc No. 117748861, which Johnson has already done. As
incorporated into Title III of PROMESA, Bankruptcy Code § 362(d)(1) authorizes

"the Title III court" to grant or deny stay relief, and this Court sits in "review of the Title III court's decision." *Gracia-Gracia v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 939 F.3d 340, 346 (1st Cir. 2019); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 589 (2020) ("A creditor may seek relief from the stay by *filing in the bankruptcy court* a motion for [stay relief]." (emphasis added)).  There is no provision in PROMESA authorizing this Court to grant stay relief.  As such, the motion should be denied.

Johnson's motion also fails on the merits.  He has made no showing of "cause" to lift the automatic stay, as § 362(d)(1) of the Bankruptcy Code requires.

Finally, Johnson has shown no grounds for appellate relief.  Johnson does not even attempt to show error in the Title III court's ruling; he simply asserts that the stay must be lifted.

## CONCLUSION

For the foregoing reasons, Johnson's motion should be denied or, if treated as Johnson's opening brief on appeal, the Title III court's order should be affirmed.

Dated: October 4, 2021

Respectfully submitted,

*/s/ Timothy W. Mungovan*

TIMOTHY W. MUNGOVAN
JOHN E. ROBERTS
PROSKAUER ROSE LLP

MARTIN J. BIENENSTOCK
MARK D. HARRIS
SHILOH A. RAINWATER
PROSKAUER ROSE LLP

3



One International Place
Boston, MA  02110
Tel: (617) 526-9600
tmungovan@proskauer.com
jroberts@proskauer.com

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
mbienenstock@proskauer.com
mharris@proskauer.com
srainwater@proskauer.com

*Counsel to Appellee Financial Oversight and Management Board
for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

4

73

## CORPORATE DISCLOSURE STATEMENT

Appellee the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, is not required to file a Corporate Disclosure Statement pursuant to Federal Rule of Appellate Procedure 26.1 because it is not a non-governmental corporate party.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. 32(f), this document contains 595 words.

I further certify that this document compiles with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in a 14-point Times New Roman font.

Dated:  October 4, 2021

_/s/ Timothy W. Mungovan_
Timothy W. Mungovan



## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system, which electronically served a copy on all counsel of record.

I also hereby certify that, on this same date, I caused the foregoing to be served via First Class Mail on:

> Obe E. Johnson
> B-705-25456
> Guayama Correctional Complex
> AB-033
> PO Box 10005
> Guayama, PR 00785-0000

Dated:  October 4, 2021

*/s/ Timothy W. Mungovan*
Timothy W. Mungovan

No. 20-1698
No. 21-1189

---

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

---

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE
ASOCIADO DE PUERTO RICO; ADMINISTRACION DE CORRECCION
DE PUERTO RICO,

Defendants - Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

**STATUS REPORT**

**COME NOW,** Defendants-Appellees the Commonwealth of Puerto Rico,
and the Puerto Rico Department of Corrections and Rehabilitation, through the
undersigned attorney and respectfully state and pray as follows:

1.      On June 7, 2021, this Honorable Court stayed these appeals in light of
the Commonwealth of Puerto Rico's filing of a petition under Title III of PROMESA
before the United States District Court for the District of Puerto Rico. This

1

Honorable Court further ordered the parties to inform it at ninety-day intervals of

the status of proceedings to lift the automatic stay.

2.    On June 10, 2021, Appellant filed a motion for relief from stay before

the Title III court (Dkt. #16942). The Commonwealth filed a response to that motion

on June 24, 2021 (Dkt. #17163). On June 29, 2021, the Title III court entered an

order granting in part and denying in part Appellant's motion (Dkt. #17184). In

essence, the Title III court granted a partial lift of stay, as consented to by the

Commonwealth, as follows:

> to allow (i) the Second Habeas Corpus Action to proceed to final
> judgment, and (ii) for the execution and enforcement of any judgment
> solely with respect to Movant's request for equitable relief; provided,
> however, that the Title III Stay shall continue to apply in all other
> respects to the Second Habeas Corpus Action, as well as the Appeal
> and the First Habeas Corpus Action, including, without limitation, the
> execution and enforcement of any judgment for any claims for money
> damages and provisional remedies against the Commonwealth or any
> other Title III debtor. *Id.*, at p. 2.

3.    The "Second Habeas Corpus Action", for the purposes of this order, is

the case titled Johnson v. Ocasio-Montañez, Case No. 20-cv-01222-JAG, before the

district court. The instant appeals are not included in this limited order lifting stay;

therefore, they are still stayed.

4.    On August 2, 2021, Appellant mistakenly filed a notice of appeal from

the foregoing order before this Honorable Court, which referred the notice of appeal

to the district court for filing, event that took place on August 5, 2021. This appeal has been assigned case number 21-1611.

5. On September 20, 2021, Appellant filed before the Title III court an affidavit for permission to appeal *in forma pauperis* (Dkt. # 18198). On September 23, 2021, the Title III court entered an order denying the requested permission (Dkt. # 18220). On November 24, 2021, Appellant filed a Notice of Appeal from this Order (Dkt. # 19393). On December 3, 2021, this appeal was assigned number 21-1982 (Dkt. # 19415).

**WHEREFORE,** appearing Defendants respectfully request that this Honorable Court take notice of the above.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 10th day of December, 2021.

**FERNANDO FIGUEROA-SANTIAGO**
Solicitor General of Puerto Rico

*s/Carlos Lugo-Fiol*
**CARLOS LUGO-FIOL**

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Additionally, I am sending a true and exact copy of this motion by regular mail to Mr. Obe E. Johnson, Guayama Correctional Complex, AB-033, P.O. Box 10005, Guayama, PR 00785-0000.

In San Juan, Puerto Rico this 10th day of December, 2021.

*s/ Carlos Lugo-Fiol*
CARLOS LUGO-FIOL
USCA No. 41677
P.O. Box 260150
San Juan, PR 00926
Tel. (787) 645-4211
E-mail: clugofiol@gmail.com

4



Estado Libre Asociado de Puerto Rico

**Administración de Corrección**

25 de abril de 2008

Dr. Wilfredo Estradas Adorno
Administración Auxiliar de Programas y Servicios

Atención:   Evaristo Cruz Morales
            Director Oficina de Record Criminal

Lcda. Sheila M. Rosario Vicente
Directora
Oficina de Asuntos Legales

_____

Re: LIQUIDACION DE SENTENCIAS EN CONVICCIONES
POR LEY DE ARMA

Mediante comunicado con fecha del 7 de abril de 2008, el Sr. Evaristo Cruz presentó un informe en el cual expresa ciertas dificultades confrontadas por razón del cambio en el orden de la liquidación de sentencias en convicciones por violación a la Ley de Armas[1].

Señala el Sr. Cruz en el comunicado que al proceder con el nuevo computo de sentencia, liquidando primero la convicción por Ley de Armas y finalmente las demás convicciones, conflige con el procedimiento de adjudicar bonificaciones ya ganadas por miembros de la población correccional. Esto debido a que, las personas sentencias por violación a la Ley de Armas no tiene derecho a rebaja de sentencia mediante la bonificación.

Primeramente es preciso señalar que nuestros Tribunales han interpretados que aquellos artículos de la Ley de Armas, que de manera expresa no prohíben el derecho de bonificación, bonifican[2]. Dicha bonificación será de conformidad a lo dispuesto en la Ley Orgánica de la Administración de Corrección, Ley Núm. 116 de 22 de julio de 1974, y sus enmiendas[3].

_____

[1] Ley 404 de 11 de septiembre de 2000, según enmendada.
[2] Artículos que bonifican: 2.08(A); 2.10 (i); 5.02; 5.04 (2do y 4to párrafo); 5.05(A); 5.06 (excepto la pena multa); 5.08; 5.09; 5.10; 5.12 (excepto la pena multa); 5.15(A); 5.15(B); 5.19; 6.01; 6.02; y 6.03.
[3] El Tribunal Apelativo en Edgardo Báez Sierra v. AC KLRA0700700, resolvió que mediante la Ley Núm. 315 de 15 de septiembre de 2004, toda persona sentenciada por hechos cometidos a

*Proveyendo Seguridad, Propiciando Rehabilitación*
Apartado 71308, San Juan, Puerto Rico 00936 Tel. (787) 273-6464

LOOK back

De acuerdo a lo anterior, el primer análisis que se debe realizar al evaluar los expedientes criminales es si el MPC cumple sentencia por unos de los artículos de la Ley de Armas, que sí bonifican. De ser esta contestación en la afirmativa, procedería entonces que aquellas bonificaciones anteriormente adjudicadas a aquella(s) convicción(es) por las cuales sí tenía derecho a bonificar, sean ahora acreditadas a la sentencia por el delito de Ley de Armas.

En caso de que la persona sea convicta por alguno de los artículos de la Ley de Armas que expresamente prohíbe el derecho a bonificar, una vez realizado el cambio en el orden del cumplimiento de la sentencia colocando la convicción por Ley de Armas al inicio, toda bonificación anteriormente adjudicada al miembro de la población correccional tiene que dejarse en suspenso hasta tanto comience a cumplir aquellos delitos por los que tiene derecho a bonificar, y entonces acreditárseles. Entiéndase, no pueden adjudicar bonificación a una sentencia por algunos de los artículos que expresamente la Ley de Armas prohíbe tal rebaja. Dicha acción seria totalmente contraria a derecho.

Una vez el MPC cumple la convicción por Ley de Armas y comience a cumplir por aquel(llos) delito(s) que tiene derecho a bonificar se le acreditan los días bonificados que se dejaron en suspenso. Se suma los abonos dejados en suspenso a los que obtiene al momento que comenzar a cumplir la convicción por la cual tiene derecho a bonificar y se le acrediten a su liquidación de sentencia.

En cuanto a los casos de perdidas de bonificación de buena conducta[4] por acción disciplinaria, el análisis que se debe realizar es el mismo que en el caso de bonificación por estudio y trabajo. ¿Está el MPC convicto por uno de los artículos de la Ley de Armas que tiene derecho a bonificar? Una vez se realiza el cambio del orden en la liquidación de sentencia, a esa convicción por Ley de Armas con derecho a bonificar se le descontará la pérdida de bonificación por medida disciplinaria.

En el caso que se haya impuesto una sanción de pérdida de bonificación y el MPC es convicto por alguno de los artículos que expresamente prohíben el derecho a bonificar dicha sanción se tendrá por no puesta. Esto debido a que la sanción se torna académica. Porque el MPC convicto por unos de estos artículos tendrá que cumplir la totalidad de su sentencia por la convicción de Ley de Armas, sin derecho a bonificación.

---

partir del 1 de mayo de 2005, (incluyendo convicciones por leyes especiales no atemperadas al Nuevo Código Penal) no tiene derecho a bonificación por buena conducta o asiduidad y la bonificación por trabajo o estudio fue reducida a un día por cada mes.
[4] Debo entender que se refiere a aquellos sentenciados por hechos cometidos antes de la vigencia de la Ley Núm. 315, *Supra*. Toda vez que a partir de la vigencia de esta ley, se suprime en su totalidad el derecho a bonificación por buena conducta o asiduidad (incluyendo a los convictos por leyes especiales no atemperadas al Nuevo Código Penal).