# IN THE UNITED STATES DISTRICT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIA JUDITH DIAZ CASTRO AND REPRESENTING HER MINOR AGE SON W.C.D.** ) ) ) | Civil No.: 16-2873 |
| Plaintiffs, ) ) | |
| v. ) | **PLAINTIFF DEMANDS JURY TRIAL** |
| **COMMONWEALTH OF PUERTO RICO; JUAN J. COLON BAEZ; MARIO RIVERA GIEGEL; LUIS RIOS DIAZ; LUIS NAVAS DE LEON; LEILANY CARRION DEL TORO; JOHN DOES 1-100** ) ) ) ) ) | |
| Defendants ) | |

## COMPLAINT

TO THE HONORABLE COURT:

NOW COMES THE PLAINTIFF, through her undersigned attorney, and respectfully alleges and prays as follows:

### I. INTRODUCTION

1. This is a civil action for compensatory money damages against defendants for the violation of plaintiff's civil rights pursuant to 42 U.S.C. §1983 and constitutional rights guaranteed under the Fourth Amendment regarding, prohibition against unreasonable search and seizure and Fourteenth Amendment, prohibition against deprivation of life and liberty without substantive and procedural due process of the Constitutions and laws of the United States as applied to the States and its territories under the Due Process Clause; as well as Section 7,8 and 10 of Article II of the Constitution of the Commonwealth of Puerto Rico, without justification, illegal, unreasonable and arbitrary and constituted an oppressive and abusive use of power by the defendants, acting under color of law and authority, and for damages for injuries and/or moral

damages suffered by plaintiff due to defendants' intentional and/or grossly negligent and negligent acts taken in callous and reckless disregard and/or deliberate indifference to the constitutional rights of the plaintiff and in violation of the tort laws of Puerto Rico.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Section 1983, 1986 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions. Plaintiff further invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under the laws of Puerto Rico and related claims with respect to the pendent parties.

3. Venue is proper within the district as the actions, omissions, and transactions Complained of, occurred within the Commonwealth of Puerto Rico.

## III. PARTIES

4. Plaintiff Maria Judith Diaz Castro, hereinafter referred to as "Maria", is of legal age, single, resident of Humacao, Puerto Rico, and a citizen of the United States of America.

5. Co-plaintiff W.C.D. is the minor aged son of Maria J. Diaz Castro. He resides in Humacao, Puerto Rico.

6. Co-defendant Commonwealth of Puerto Rico was at all times material to the facts alleged in this complaint, the employer of the Puerto Rico police agents and prosecutors who negligently and maliciously instigated the criminal action against plaintiff Maria J. Diaz Castro. The agents and prosecutors that investigated and pursued an action against Plaintiff were at all times material to this complaint agents and prosecutors of the Commonwealth of Puerto Rico.

7. The Commonwealth of Puerto Rico is liable to the plaintiff for the acts and omissions of its employees and agents described herein under federal laws and the law of the place where said acts and omissions occurred, to wit, under the Puerto Rico Constitution, local civil rights law and general tort statutes there would be claims for: 1) malicious prosecution; 2) intentional infliction of emotional distress; 3) negligent selection, supervision and retention of agents and employees, including informants; 4) conspiracy to deprive a citizen of her civil rights; 5) abuse of process; 6) wrongful conviction and 7) loss of consortium. Co-defendant Commonwealth of Puerto Rico is liable to the plaintiff for injuries and damages resulting from the acts and omissions of its agents and employees.

8. Pursuant to *Commonwealth of Puerto Rico v. Luis Sanchez Valle*, 579 U.S. __ (2016), the Commonwealth of Puerto Rico is not a sovereign; thereby the sovereign immunity clause of the Eleventh Amendment of the United States Constitution is inapplicable.

9. Co-defendant, Juan J. Colon Baez, is an agent of the Puerto Rico Police, currently assigned to the tourist division, which at all times relevant to this complaint was a police officer for the Police Department of the Commonwealth of Puerto Rico who under color of law, participated as such during the investigation of the murders of Efrain Pena Dieppa and Julio Luyando, prosecution and trial of plaintiff Maria J. Diaz Castro. He is sued in his individual capacity.

10. Codefendants, Mario Rivera Geigel, Luis Rios Diaz, Luis Navas De Leon and Leilany Carrion Del Toro, were at the time relevant to this complaint the State Prosecutors for the Commonwealth of Puerto Rico, acting under color of law who investigated and prosecuted plaintiff Maria J. Diaz Castro. They are sued in their individual capacities.

11. Codefendants, John Does 1-100 are Police Officers of the Commonwealth of Puerto Rico and Prosecutors of the Commonwealth of Puerto Rico whom at all times relevant to this complaint

acted under color of law and were involved in the investigation and/or prosecution of plaintiff Maria J. Diaz Castro. They are sued in their individual capacity.

### IV. FACTS

12. On April 7, 1999, Efrain Pena Dieppa and Julio Luyando were murdered in a rooster fighting establishment in Naguabo, Puerto Rico. As a result of this unfortunate incident the Puerto Rico Police Department and the Humacao District Attorney's Office launched an investigation.

13. Since the beginning of the murder investigations, Police Officer Juan J. Colon Baez, who was assigned to this case, received specific information from various sources and in various occasions that the murder of Efrain Pena Dieppa and Julio Luyando was committed by individuals known as "Pijuan" and "Falo".

14. Agent Juan J. Colon Baez and John Does 1-100, also received information that plaintiff Maria J. Diaz Castro and her brothers, David Diaz Castro and Edwin Diaz Castro, were not involved in the murders of Efrain Pena Dieppa and Julio Luyando.

15. Puerto Rico Police officer Hector Figueroa Torres was also assigned to investigate the murder cases and interviewed an eye witness to the murders (who at the time was a minor), who was with one of the victims (Efrain Pena Dieppa) in the rooster fighting establishment when the murders occurred and stated that he observed "Pijuan" shoot and kill Efrain Pena Dieppa and Julio Luyando.

16. Puerto Rico Police officer Hector Figueroa Torres prepared a report regrading this interview, but this report mysteriously disappeared from his file.

17. Despite all the information leading and pointing to "Pijuan" as the prime suspect of these murders, on August 26, 2002, defendants arrested plaintiff Maria J. Diaz Castro and her two

brothers (David and Edwin) and charged them with the murder Efrain Pena Dieppa and Julio Luyando.

18. Prosecutors Mario Rivera Geigel, Luis Rios Diaz, Luis Navas De Leon and Leilany Carrion Del Toro were the prosecutors in charge of the investigation of the case and provided legal advice to the Puerto Rico Police officers.

19. Puerto Rico Prosecutor Mario Rivera Geigel filed the murder and weapons law charges against Co-plaintiff Maria J. Diaz Castro. He also requested that co-plaintiff W.C.D. (who at the time was three (3) years old) be removed from the custody of his mother, co-plaintiff Maria J. Diaz Castro, thereby directly interfering and affecting the parent child relationship.

20. As part of the investigation process, Puerto Rico prosecutor at the time, Luis Rios Diaz, interviewed the mother (Nilsa Yolanda Dieppa Santa) of Efrain Pena Dieppa, who was one of murder victims.

21. Mrs. Dieppa provided a sworn statement to prosecutor Rios Diaz on February 6, 2003, wherein she stated under oath that "Falo" was the perpetrator of killing her son and provided details for reaching this conclusion. She did not mention plaintiff Maria J. Diaz Castro or her brothers David or Edwin.

22. With all of the above mentioned information in their hands, the prosecutors directed the Puerto Rico Police officers to proceed with the criminal case against the plaintiff and her brothers, before and after the filing of criminal charges.

23. As part of the process in the criminal case, plaintiff Maria J. Diaz Castro's attorney filed motions prior to the beginning of the trial; one of these motions filed was a Discovery Motion pursuant to Rule 95 of the Puerto Rico Rules of Criminal Procedure, requiring the production all

existing material evidence, general and exculpatory that would assist the defense in the preparation of their case and in the hands or under the control of the District Attorney's Office.

24. The defendants never produced the report prepared by agent Figueroa, nor Mrs. Dieppa's sworn statement which constituted exculpatory and material evidence; nor informed the plaintiff's attorney of this information as required by law.

25. The motion requiring the production of evidence including but not limited to exculpatory evidence was knowingly, maliciously and wrongfully and/or negligently with disregard of the duties answered by the named defendant prosecutors in a clear violation of Maria's federal and state constitutional rights.

26. Without having knowledge that this information was available, a Jury Trial was held in the Humacao Superior Court against plaintiff Maria J. Diaz Castro and her brothers David and Edwin for murder, weapons and conspiracy charges.

27. Before the trial began, Prosecutor Luis Rios informed co-plaintiff Maria Diaz Castro that she should cooperate and take a plea deal or else her son would be left without a mother since she was going to rot in prison, thereby interfering and affecting the parent child relationship.

28. The prosecutors that tried the case against plaintiff Maria J. Diaz Castro and her brothers David and Edwin were defendants Luis Rios Diaz, Luis Navas De Leon and Leilany Carrion Del Toro.

29. These prosecutors stipulated the testimony of Mrs. Dieppa during trial, but only to the extent of her identification of her son, Efrain Pena Dieppa, who was murdered. They never informed Maria's lawyer of her sworn statement.

30. Eventually, on June 11, 2003, Maria J. Diaz Castro and both of her brothers, David and Edwin, were found guilty of two counts of murder in the first degree under the Puerto Rico Penal

Code and one count of conspiracy. David and Edwin Diaz Castro were also found guilty of article 8 of the Weapons Law of Puerto Rico.

31. On June 26, 2003, Judgment was entered and Maria J. Diaz Castro was sentenced to 99 years imprisonment for one count of murder in the first degree in violation of the Puerto Rico Penal Code; 99 years imprisonment for another count of murder in the first degree in violation of the Puerto Rico Penal Code; and 3 years imprisonment for the violation of Article 262 (conspiracy) of the Puerto Rico Penal Code; all sentences to be served concurrently.

32. Maria was remanded to the custody of the Puerto Rico Corrections Department to serve her imprisonment sentence at a women's maximum facility institution in Vega Alta, P.R.

33. An appeal ensued and the Puerto Rico Court of Appeals affirmed Maria's sentence. Thereafter several motions for new trial were requested and denied.

34. Finally, on May 29, 2015, after the presentation of sworn statements by multiple eye witnesses and legal arguments by Maria and her brothers' attorneys, the Humacao Superior Court of Puerto Rico granted a new trial.

35. On January 8, 2016, a second trial commenced against Maria and her brothers David and Edwin. The prosecutor in charge of the second trial was co-defendant Luis Navas De Leon.

36. As part of its case in chief, the government called a witness who was called during the first trial, Yahaira Soto, who recanted her testimony.

37. Thereafter, on January 15, 2016, Prosecutor Navas De Leon requested the dismissal of the charges against Maria and her brothers, David and Edwin.

38. After twelve (12) and a half agonizing years of incarceration in a maximum security prison for women, Maria was finally released on January 15, 2016.

## V. ALLEGATIONS

39. The wrongful presentation of criminal charges, prosecution, incarceration and continued prosecution of plaintiff was a direct and proximate result of the wrongful, malicious and/or negligent acts and omissions of the defendants alleged herein.

40. Based upon information and belief, Commonwealth of Puerto Rico agents and prosecutors employed and supervised by the Commonwealth of Puerto Rico, procured and continued the prosecution of plaintiff by actively participating in said prosecution in numerous ways including, but not limited to, the following:

a. Commonwealth of Puerto Rico agents and prosecutors falsely and purposefully instituted criminal charges against plaintiff knowing that there was evidence that exculpated her. The Puerto Rico police agents and prosecutors improperly influenced witnesses into testifying against plaintiff.

b. Before the filing of murder charges against plaintiff, the Puerto Rico police agents and prosecutors interviewed an eye witness who identified "Pijuan" as the shooter and told the Puerto Rico police agents that plaintiff and her brothers were not present at the time of the shooting. They accused plaintiff of participating in the murders when they knew this was false.

c. The Puerto Rico police agents and prosecutors employed and negligently supervised by the Commonwealth of Puerto Rico knew that plaintiff was innocent of the crime she was being charged with. Notwithstanding, the agents and prosecutors encouraged the prosecution of the innocent party in order to obtain an unlawful conviction of plaintiff.

d. The Puerto Rico Police agents and prosecutors negligently supervised by the Commonwealth of Puerto Rico actively participated in the continuation of the prosecution of plaintiff.

e. The Puerto Rico police agents and prosecutors, negligently supervised by the Commonwealth of Puerto Rico, failed to disclose exculpatory evidence to plaintiff in a timely manner, which would have saved her from the emotional and mental anguish and distress of facing murder charges, potential loss of freedom for the rest of her life and actual loss of freedom for over twelve (12) years of her life. The Puerto Rico police agents, prosecutors and the employees of the Commonwealth of Puerto Rico Department of Justice did not disclose said exculpatory information.

f. On numerous dates, after plaintiff was charged and found guilty of double murder and conspiracy, agents, prosecutors and employees of the Puerto Rico Department of Justice and Police Department, engaged in numerous acts to keep secret information and evidence exculpatory to plaintiff in order to conceal their wrongdoing.

g. The named defendants in this action and the negligently supervised police agents and prosecutors continued to impede the liberation of plaintiff after she was sentenced, even knowing of her innocence.

h. The Puerto Rico police agents, prosecutors and the government employees, maliciously and negligently included plaintiff as a co-defendant of the murder charges knowing that she was innocent.

i. The Puerto Rico police agents and prosecutors maliciously, negligently, with willful disregard of due care, and deliberate indifference, influenced the Puerto Rico Criminal Justice system and the jury into wrongly convicting plaintiff of a conspiracy and double murder charge, all which intentionally and/or negligently inflicted severe emotional distress on plaintiff.

j. The Puerto Rico police agents, prosecutors and their supervisors knew or should have known that their intentional and negligent actions in convincing the jury that plaintiff was guilty of a conspiracy and double murder would wrongfully harm plaintiff's civil rights.

k. The Puerto Rico police agent in charge of the investigative agents or their supervisors failed to properly control the activities of the agents and failed to take any steps to prevent the agents from withholding exculpatory evidence, lying and fabricating accusations which ultimately harmed plaintiff.

l. The supervising prosecutors failed to properly control the activities of the prosecutors in charge of investigating and prosecuting plaintiff's case and failed to take any steps to prevent the prosecutors from withholding exculpatory evidence, lying and fabricating accusations which ultimately harmed plaintiff.

41. As a direct and proximate result of the intentional, reckless and/or negligent actions and omissions of the Commonwealth of Puerto Rico, plaintiff was deprived of her liberty, deprived of her right to freedom of speech and to petition the government for redress of grievances, denied her rights to equal protection of the law, deprived of her liberty without procedural and substantive due process of law, denied a fair judicial proceeding, subjected to cruel and unusual punishment, and forced to endure severe emotional and physical suffering.

42. As a direct and proximate result of the intentional, reckless and/or negligent actions and omissions of the Commonwealth of Puerto Rico, plaintiff was deprived her son, W.C.D., who at the time of her incarceration was merely three (3) years old, for twelve (12) years until her release from imprisonment. Conversely, co-plaintiff W.C.D. was deprived of his relationship with his mother for basically his whole childhood.

## VI. CAUSES OF ACTION AND NEGLIGENCE OF THE COMMONWEALTH OF PUERTO RICO

43. The paragraphs stated before are literally incorporated herein and are made part of this paragraph.

44. At said time and place the Commonwealth of Puerto Rico, by its employees and supervisors, carelessly and negligently failed to maintain proper investigative techniques that if correctly applied to the case at hand would have exculpated plaintiff from all criminal guilt above and beyond reasonable doubt.

45. The negligently supervised Puerto Rico police agents and prosecutors went as far as withholding exculpatory evidence from co-plaintiff, the Court for the District of Humacao and the jury in order to secure a malicious prosecution against co-plaintiff, Maria J. Diaz Castro. Said actions culminated in the wrongful conviction and more than twelve (12) years of incarceration of co-plaintiff, Diaz Castro, which greatly affected her mood, physical and mental health, and emotional sanity and provoked an almost unbearable emotional distress upon her.

46. At all times material to this complaint, the Puerto Rico police agents, prosecutors and employees of the Puerto Rico Department of Justice referred to herein, were acting within the scope of their employment.

47. At all times material to this Complaint, Puerto Rico police supervisors and prosecutors were required to act in accordance with mandatory, agency directives and operating procedures. The conduct of the individual Puerto Rico police agents and prosecutors, as described herein, violated state and federal laws as well as the Puerto Rico Department of Justice's directives and operating procedures.

48. The Commonwealth of Puerto Rico through its supervisors in the Police Department and Department of Justice knew, or reasonably should have known, that the Puerto Rico police

agents and prosecutors were engaged in conduct that violated state and federal law and internal directives and operating procedures. Despite the agents' and prosecutors' violations of state and federal law and agency directives and operating procedures, the Commonwealth of Puerto Rico and its supervisors failed to discipline and/or terminate the Puerto Rico police agents and prosecutors. At best, the Puerto Rico police agents and prosecutors were not disciplined, and at worst, they were rewarded, by the Commonwealth of Puerto Rico and the Police of Puerto Rico and Department of Justices' supervisors for their misconduct.

49. It is part of the Commonwealth of Puerto Rico's government policy and operating procedure that Puerto Rico police agents and prosecutors must not engage in any investigative activity, which could abridge in any way the rights guaranteed to a citizen of the United States by the Constitution and under no circumstances shall employees of the Commonwealth of Puerto Rico engage in any conduct which may result in defaming the character, reputation, integrity, or dignity of any citizen or organization of citizens of the United States.

50. By virtue of the Puerto Rico Department of Justice and Police Department's relationship to the public and the mandatory directives and operating procedures, the Commonwealth of Puerto Rico owed plaintiff a duty of care to select, supervise and retain the Puerto Rico police agents and prosecutors in accordance with such directives and operating procedures.

51. By failing to discipline and/or terminate the Puerto Rico police agents and prosecutors for conduct which was illegal and violated the Justice and Police Departments' directives and operating procedures, the Commonwealth of Puerto Rico (and its Justice and Police Departments) breached the duty of care it owed to the plaintiff. Instead, the Puerto Rico Department of Justice and Police Department continued to oppose the dismissal of the charges against plaintiff.

52. The conduct of the Puerto Rico police agents and prosecutors, as described herein, was reasonably foreseeable to their supervisors and to the Commonwealth of Puerto Rico.

53. The Commonwealth of Puerto Rico and the Police and Justice Departments' supervisors repeated and knowing failure to discipline or otherwise dissuade in any way the Puerto Rico police agents and prosecutors unlawful conduct, their practice of rewarding the agents and prosecutors for such conduct, and their failure to act in accordance with the directives and operating procedures of the Police and Justice Department, directly and proximately caused the plaintiffs' substantial harm. Despite the Commonwealth of Puerto Rico and the supervisors' real or constructive knowledge of the unlawful conduct of the Puerto Rico police agents and prosecutors, they were permitted to engage in said conduct with impunity.

54. The repeated and knowing failure of the Commonwealth of Puerto Rico and both the Justice and Police Departments' supervisors to discipline or otherwise dissuade in any way the Puerto Rico police agents and prosecutors' unlawful conduct, and the practice of the Commonwealth of Puerto Rico and the Police and Justice Departments' supervisors to reward the Puerto Rico police agents and prosecutors for such conduct, created and fostered a culture in which the Puerto Rico police agents and prosecutors routinely violated state and federal laws and both Departments' directives in clear detriment of the Federal Justice System and the Constitutional Rights of the Citizens of the people of Puerto Rico creating an aura of hopelessness and state and federal impunity amongst the plaintiffs and general populace.

55. The Commonwealth of Puerto Rico and the supervisors' conduct at both the Police and Justice Departments in this regard manifests a policy or custom of the Commonwealth of Puerto Rico, implemented by the Police and Justice Departments' supervisors, which breached the duty of care the Commonwealth of Puerto Rico owed to the plaintiff.

56. The actions of the Commonwealth of Puerto Rico and the supervisors of the Police and Justice Department, as described herein, were taken pursuant to said policy or custom of the Commonwealth of Puerto Rico.

57. The existence of the policy or custom described in Paragraph 54 was known to policy-making officers and officials of the Commonwealth of Puerto Rico and both Police and Justice Departments' for a substantial period of time. Despite their knowledge of said policy or custom, the policy-making officers and officials of the Commonwealth of Puerto Rico and both Police and Justice Departments failed to take steps to terminate the unlawful practices, failed to discipline or otherwise properly supervise the police agents and prosecutors who engaged in said conduct, and instead tolerated and sanctioned their conduct, directly and proximately causing the plaintiff substantial harm.

58. As a direct and proximate result of the intentional, reckless and/or negligent actions and omissions of the defendants as set forth above, co-plaintiff, Maria J. Diaz Castro, was deprived of her liberty, deprived of her right to freedom of speech and to petition the government for redress of grievances, denied her rights to equal protection of the law, deprived of her liberty without procedural and substantive due process of law, subjected to cruel and unusual punishment, and forced to endure physical, emotional and mental suffering.

59. As a direct and proximate result of the intentional, reckless and/or negligent actions and omissions of the defendants as set forth above, co-plaintiff, Maria J. Diaz Castro was deprived of raising, caring and being with her son due to the wrongful conviction and sentence levied against her.

60. As a direct and proximate result of the intentional, reckless and/or negligent actions and omissions of the defendants as set forth above, co-plaintiff, W.C.D. was deprived of having his

mother raise, care and be with him during his childhood due to the wrongful conviction and sentence levied against his mother.

61. The defendants are liable to plaintiffs for injuries and damages resulting from the Police of Puerto Rico agents and prosecutors' institution and maintenance of criminal proceedings against co-plaintiff, Maria J. Diaz Castro with malice and without probable cause. Said proceedings terminated in favor of co-plaintiff, Maria J. Diaz Castro.

62. The defendant Commonwealth of Puerto Rico is liable to plaintiffs for injuries and damages resulting from the fact that the Puerto Rico police agents and prosecutors combined and conspired together, and with others unnamed, to employ illegal means for an illegal purpose, namely to wrongfully charge, imprison, and convict co-plaintiff, Maria J. Diaz Castro and to cover up and keep secret their wrongful acts.

63. The defendant Commonwealth of Puerto Rico is liable to the plaintiffs for injuries and damages resulting from the fact that the Puerto Rico police agents and prosecutors by their acts and omissions alleged herein intentionally inflicted emotional distress upon plaintiffs.

64. The defendant Commonwealth of Puerto Rico is liable to the plaintiffs for injuries and damages resulting from the acts and omissions of its agents and employees.

65. As a direct and proximate result and in consequence of the negligence of the defendant Commonwealth of Puerto Rico and that of its employees, said investigation was negligently made without following the proper professional standards of due care and law enforcement, all for which the plaintiffs ultimately suffered severe emotional distress.

66. Due to negligence and malice of the Puerto Rico police agents and prosecutors acting as employees of the Commonwealth of Puerto Rico against co-plaintiff Maria J. Diaz Castro, murder charges were sought against her based on fabricated evidence. The Puerto Rico police

agents, prosecutors and/or employees performed acts that operated to deprive co-plaintiff, Maria J. Diaz Castro of her liberty interests under the Commonwealth and United States Constitutions, by perverting the legal process and detaining her without due process of law all which ultimately caused her severe emotional distress, was labeled a criminal in her community and for which she lost permanently precious time of her young life incarcerated in a maximum security prison confined to a cell twenty two (22) hours a day for over eleven (11) years and a total of twelve (12) years imprisoned for a crimes she did not commit.

67. Because of the negligent and malicious actions and omissions of the several employees of the co-defendant Commonwealth of Puerto Rico and their fabricated criminal action, co-plaintiff Maria J. Diaz Castro, an innocent young woman and mother, was incarcerated in a maximum security prison confined to a cell twenty two (22) hours a day for over eleven (11) years and a total of over twelve (12) years imprisoned in which she suffered a great deal of mental and emotional distress. While imprisoned plaintiff suffered from being incarcerated in a hostile environment suffered physical harm as she was beaten to near death and had to be hospitalized. She also suffered from not being able to be with her son who was three (3) years old at the time she was incarcerated, for over twelve (12) years, thereby rupturing her family and ultimately afflicting her emotional stability.

68. Because of the negligent and malicious actions and omissions of the several employees of the co-defendant Commonwealth of Puerto Rico and their fabricated criminal action, co-plaintiff W.C.D. was unjustly deprived of having a mother during his childhood, thereby rupturing his relationship with his mother and ultimately afflicting his emotional and moral stability.

69. Plaintiffs hold that because of the Commonwealth of Puerto Rico's illegal and negligent actions both their civil and constitutional rights to liberty and freedom were violated when the

Commonwealth's employees fabricated the evidence used against co-plaintiff's Maria J. Diaz Castro prosecution and wrongful conviction even when they knew that she was innocent. Such negligent actions and omissions by the Commonwealth of Puerto Rico's employees resulted in damages suffered by plaintiffs covered by the Puerto Rico Civil Rights Act and the General Torts Statute Articles 1802 & 1803 of the Puerto Rico Civil Code.

70. As direct result of the deprivation of liberty and imprisonment, co-plaintiff Maria J. Diaz Castro suffered, is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained a loss of happiness, a loss of the capacity to enjoy life, income, family and an impairment of the capacity to perform activities common to a woman of her age and sex.

71. Furthermore, as a consequence of the deprivation of liberty suffered by co-plaintiff Maria J. Diaz Castro and her resultant emotional damages, she has been and will continue to be under psychological and psychiatric treatment and medications. Past and future expenses for said psychological and psychiatric treatment and medications are reasonably estimated in the sum of $100,000.00. Due to all the suffering endured by plaintiff, and the gross misconduct and indifference of defendants, she is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful and negligent conduct.

72. As direct result of the deprivation of liberty and imprisonment of his mother, co-plaintiff W.D.C. suffered, is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained a loss of happiness, a loss of the capacity to enjoy life and family as he was deprived of his mother during his childhood.

## VII. SECOND CAUSE OF ACTION

73. The paragraphs stated before are literally incorporated herein and are made part of the following paragraphs:

74. During the course of the investigation regarding the murders of Efrain Pena Dieppa and Julio Luyando, all defendants failed and refused to properly investigate leads and evidence that established that co-plaintiff, Maria J. Diaz Castro was not involved in any way or manner in the above mentioned crime. Police officers and prosecutors having knowledge of these facts and exculpatory evidence proceeded with filing of charges against Maria.

75. None of this exculpatory and material evidence or information was provided to co-plaintiff's counsel as requested by him through the discovery process in a clear and blatant violation of Maria's rights protected by both the Constitution of the United States and of the Commonwealth of Puerto Rico.

76. Defendants maliciously, with deliberate indifference, negligently and through deception concealed relevant, material and exculpatory information and evidence related to individuals who came forward with information relevant and indispensable to Maria's defense; evidence that discarded her and her brothers as the murderers and information which identified the murderer of both victims as "Pijuan" and "Falo".

77. After the arrest of Maria and her brothers, defendants obtained and were provided with additional beneficial information for the defense of Maria as well as additional evidence that indicated that "Pijuan" was responsible for the deaths of Efrain Pena Dieppa and Julio Luyando.

78. This evidence was provided to the Commonwealth of Puerto Rico prosecutors: Rivera, Rios, De Leon and Carrion, which contrary to their constitutional responsibility knowingly and/or with deliberate indifference, willfully, conspired to conceal and through deception failed to provide

Maria's defense attorney with the same as required by law and in deprivation of her federal and local constitutional rights; subjecting her to the deprivation of her right to a fair trial and liberty.

79. All of the above mentioned defendants continued with their deliberate indifference and/or concealment and deception even after having statements from multiple eye witnesses to the crime stating under oath that Maria and her brothers were not present when the shooting took place, as they insisted until January 15, 2016 of her involvement and guiltiness in this case.

80. These violations to Maria's constitutional rights were the direct and proximate cause of her wrongful conviction and sentence.

81. Defendants conspired with each other and/or aided and abetted one another to fabricate charges, knowingly, intentionally against Maria and in their pursuit of winning the case at all costs failed to comply with the basic due process principles; these defendants having knowledge of the existence of exculpatory and material evidence that would assist Plaintiff to present an adequate defense maliciously and/or with deliberate indifference concealed the same in order to prosecute and obtain a conviction of an innocent individual through deception and in violation of co-plaintiff's civil and constitutional rights.

82. Co-defendant prosecutors knowing of the existence of clear and convincing evidence which established that an accused (Maria) under the jurisdiction of the District Attorney's Office of Humacao and the Puerto Rico Department of Justice, was wrongfully convicted and sentenced to 99 years imprisonment of an offense that she didn't commit, failed to seek remedy of the conviction and sentence; instead instructing police officers to proceed with the charges, prosecuting and convicting co-plaintiff, Maria J. Diaz Castro.

83. The actions and omissions of all of the defendants were taken in callous and reckless disregard and/or deliberate indifference to the rights of citizens and proximately caused the

violation of the constitutional rights of the plaintiffs and the injuries suffered by the plaintiffs as alleged herein. All defendants therefore are liable for those sufferings.

84. As a direct and proximately result of the actions described herein, murder and conspiracy charges were filed against Maria as she was wrongfully accused, charged, submitted to trial and found guilty based on incorrect evidence by the covering of exculpatory and material evidence for which she was jailed for twelve and half years under deplorable conditions.

85. As a direct and proximately result of the actions describe herein, Maria suffered grievous and extreme mental, emotional and physical suffering and pain, for which she is entitled to damages. She also suffered illegal detention, arrest and confinement and loss of liberty as well as physical and mental abuse.

86. Maria was confined to a cell in prison twenty (22) hours a day for over eleven years while she was incarcerated in a maximum security prison. While incarcerated she became depressed, was physically beaten and suffered extreme mental and physical harm.

87. Due to her incarceration, Maria missed her son's childhood, was subjected to physical and verbal attacks, which caused her extreme mental, emotional and physical anguish.

88. The acts and omissions performed by defendants deprived Maria of her federal Constitutional rights, by perverting the legal process to deprive her of liberty interests. These acts constitute an illegal detention and arrest, invasion of privacy, violation of due process and cruel and unusual punishment, all in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. Said acts and omissions were negligent, grossly negligent or intentional and/or taken in callous and reckless disregard and/or deliberate indifference for the rights of the plaintiffs for which defendants are liable.

89. The acts and omissions performed by defendants deprived W.D.C. of having his mother during his childhood causing him severe mental and emotional anguish. These acts constitute an illegal interference and affect the familial relationship between mother and son in violation of the United States Constitution and 42 U.S.C. §1983. Said acts and omissions were negligent, grossly negligent or intentional and/or taken in callous and reckless disregard and/or deliberate indifference for the rights of the plaintiffs for which defendants are liable.

### VIII. THIRD CAUSE OF ACTION

90. Plaintiff repeats and alleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

91. The acts and omissions of the defendants described herein constitute illegal arrest and detention, invasion of privacy, deprivation of liberty, cruel and unusual punishment and violation of due process, all in violation of Article II of the Constitution of Puerto Rico and I LPRA Sections 10 and 11 and the Puerto Rico Civil Rights Act.

92. The acts and omissions of the defendants described herein constitute a tort actionable under Article 1802 and 1803 of the Civil Code of Puerto Rico for which they respond to plaintiffs.

93. This Court has supplemental jurisdiction pursuant to 28 USC §1367 to hear and adjudicate these claims arising from the same nucleus of operative facts. It also has jurisdiction with respect to the pendent parties included in this cause of action. This court has pendent jurisdiction to hear and adjudicate these claims arising from the same nucleus of operative facts.

### IX. DAMAGES

94. As a direct result of the deprivation of her Federal Civil Rights and the under the Commonwealth of Puerto Rico General tort statutes, Maria was jailed for twelve and a half years, confined to a cell in a maximum security prison for twenty two (22) hours a day for over

eleven years. She lost her son's childhood. She suffered and continues to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress and has sustained a loss of her enjoyment of life and happiness.

95. While incarcerated Maria was severely beaten to the point where she had to be hospitalized for a significant amount of time. She suffered severe physical abuse while incarcerated.

96. As a direct result of the deprivation of his Federal Civil Rights and the under the Commonwealth of Puerto Rico General tort statutes, W.C.D. was deprived of having a mother during his childhood. He suffered and continues to suffer severe permanent mental, psychological, moral and emotional pain, anguish and distress and has sustained a loss of his enjoyment of life and happiness.

97. Defendants actions besides unlawful were done with malice, deliberate indifference, negligence and knowledge that their actions constituted a violation of Plaintiffs existing and recognized federally constitutional rights. As a result of these violations Plaintiffs are entitled to receive an award for damages and punitive damages which will preclude the occurrence of such unlawful conduct.

98. Maria Judith Diaz Castro demands that judgment be entered in her favor and against defendants awarding her the amount of twenty million dollars (**$20,000,000.00**) in compensatory damages and punitive damages; attorney's fees, costs, and post-judgment interests.

99. W.C.D. demands that judgment be entered in his favor and against defendants awarding him the amount of ten million dollars (**$10,000,000.00**) in compensatory damages and punitive damages; attorney's fees, costs, and post-judgment interests.

WHEREFORE, the Plaintiff requests and prays that this Honorable Court grant the instant complaint, therefore, entering judgment in her favor awarding the amount for

compensatory damages as was detailed above by plaintiffs, jointly and severally against all defendants for their actions and/or omissions which caused plaintiff physical, mental and emotional damages; punitive damages; attorney's fees and costs; prejudgment interest and such other and further relief as may appear just and reasonable.

RESPECTFULLY SUBMITTED

Dated: October 25, 2016

I HEREBY CERTIFY that on this date I electronically filed the forgoing Complaint with the clerk of the court using the CM/ECF electronic filing system, which will send notification of such filing to the attorneys of record.

*Juan A. Albino Gonzalez*
/s/ JUAN A. ALBINO GONZALEZ
Attorney for Plaintiff
U.S.D.C. – P.R. #225405
Capital Center Building
South Tower Suite 702
239 Arterial Hostos Ave.
Hato Rey, San Juan, P.R. 00918
(787)771-0907
albinogonzalezlaw@gmail.com

*Luz M Rios–Rosario*

Attorney for Plaintiff
s/Luz M Rios Rosario
USDC-PR 126614
54 Coll & Toste St
San Juan, PR 00918
Tel. 787 758-7600
Cell. 787 396-2120
E-mail: luzmrios.law@gmail.com
