UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

              Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

MEMORANDUM ORDER DENYING
MARIA J. DIAZ CASTRO'S URGENT MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 849)

        Before the Court is a motion filed by Maria J. Diaz Castro (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a money damages action, as a result of her wrongful imprisonment, commenced on October 25, 2016 in the District Court for the District of Puerto Rico, against the Commonwealth of Puerto Rico and certain inhabitants of Puerto Rico in their personal capacity, captioned <u>Maria Judith Díaz-Castro, representing her minor age son W.C.D. v. Commonwealth of Puerto Rico, et al.</u>, Civil Case No. 16-2873 (the "Lawsuit"). Although the Court is deeply mindful of the serious nature of the factual allegations underlying the Lawsuit, the Movant has not made the requisite

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

showing of cause for relief from the automatic stay and, for the reasons explained below, her motion is denied.

BACKGROUND

Movant, the named Plaintiff in the Lawsuit, which was filed against the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), the Commonwealth's Department of Justice attorneys and a police officer, among other inhabitants of the Commonwealth who are alleged to have wronged Movant while acting as agents of the Commonwealth, in their personal capacities, seeks to continue to prosecute the Lawsuit. (Case No. 17-3283, Docket Entry No. 849, Urgent Motion for Relief from Stay (the "Motion"), ¶¶ 1 & 3.) In the Lawsuit, Movant seeks $30 million in money damages in connection with her allegedly wrongful conviction and subsequent lengthy incarceration. Movant asserts that she is not a creditor of the Commonwealth because her claim will be excluded from a bankruptcy discharge. (Id. ¶ 3.) Movant further asserts that there are defendants being sued in their personal capacities. (Id.) On August 16, 2017, the Commonwealth filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 1060.) Movant did not file a reply to the Debtor's Objection. The Court has reviewed the submissions thoroughly.

The Debtor argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Commonwealth to formulate and implement procedures for efficient management of pending litigation and the claims process, and burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit. The Debtor proffers that the parties were in the middle of discovery, which was scheduled to continue through September 22, 2017, when the Commonwealth filed its Title III

petitions, and that dispositive motions were to be filed 30 days following the conclusion of discovery. (Debtor's Objection, ¶ 7.) The Debtor further proffers that the first settlement conference was not scheduled to occur until February 21, 2018, with a jury trial to begin on May 11, 2018. (Id. ¶¶ 7 & 9.) The Debtor asserts that there is no applicable insurance coverage for the claims raised in the Lawsuit, and also argues that, notwithstanding the naming of the individual defendants as persons sued in their individual capacities, the action is subject in its entirety to the stay imposed by 11 U.S.C. Sections 362 and 922, as it is brought against the Commonwealth and inhabitants of the Commonwealth and seeks to enforce a claim against the Commonwealth. (Id. ¶ 16 & 17.)

## DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 922(a)(1), made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, stays actions and proceeding against officers or inhabitants of a Title III debtor that seek to enforce claims against the Debtor. These stays apply here to Movant's claims against the Commonwealth, the Commonwealth's Department of Justice and police department, and the Commonwealth's inhabitants who are sued for actions taken as agents of the Commonwealth.

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from

the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has not demonstrated that the Sonnax criteria weigh in her favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit would not necessarily result in an expeditious resolution of Movant's claims. Rather, the Lawsuit is far from ready for trial; furthermore, any remaining pretrial proceedings and a trial would require the expenditure of Debtor resources and potentially disrupt the claims resolution process established by the bankruptcy code and incorporated into PROMESA. The interests of judicial economy and of the expeditious resolution of litigation are not served by permitting the Lawsuit to continue. Movant's unsecured claims for monetary relief can be liquidated and addressed through the claims process in this district court proceeding. Movant has not demonstrated that the harm from delay of liquidation of her claim outweighs the burden that would accrue to the Debtor by recommencement of full litigation of the Lawsuit in the near term.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed. Movant's motion for relief from the automatic stay is denied.

## CONCLUSION

For the foregoing reasons, Movants' motion for relief from the automatic stay is denied. The automatic stay continues in place as against all defendants in the Lawsuit. See 11 U.S.C. §§ 362(a) and 922(a). This Memorandum Order resolves docket entry no. 849 in case no. 17-3283.

SO ORDERED.

Dated: August 29, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge