IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIAZ CASTRO, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No.: 16-2873 (CCC) |
| ) | |
| COMMONWEALTH OF PUERTO RICO, ET ) | |
| AL. ) | |
| ) | |
| Defendants ) | |

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FILED AT DOCKET 10

NOW COME PLAINTIFFS, Maria J. Diaz Castro and her minor age son, W.C.D. and respectfully oppose the Motion to Dismiss filed by defendants Commonwealth of Puerto Rico and Mario Rivera Geigel, in his personal capacity. It is beyond serious question that plaintiffs have alleged sufficient facts to withstand dismissal on the pleadings. They have asserted viable causes of action and ample factual allegations demonstrating the plausibility of their claims. The complaint states causes of action against the defendants which are plainly cognizable even pursuant to the *Iqbal* (*Iqbal v. Ashcroft*, U.S. 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) pleading standards. Defendant, Commonwealth of Puerto Rico, moreover, cannot claim the protection of Soveriegn Immunity in light of the recent Supreme Court decision *Commonwealth of Puerto Rico v. Sanchez Valle*, 579 U.S. ___ (2016). Defendant Mario Rivera cannot claim the protection of Absolute Immunity. Plaintiffs' allegations are unquestionably sufficient to allow a trier of fact to conclude the actions and omissions of these. The instant case garnered considerable attention when after being wrongfully convicted and imprisoned for over twelve (12) years for a crime she

did not commit, plaintiff Maria J. Castro, was finally released from the Vega Alta women's institution. In opposition to the request for dismissal, plaintiffs assert and pray as follows:

**1. Iqbal and "plausibility" - the appropriate standards**

The primary focus of defendants' arguments in support of Dismissal is on the pleading standard of *Twombly* and *Iqbal* (hereinafter "the Iqbal" standard.) Defendants maintain that plaintiffs have failed to present sufficient factual allegations to support the conclusion that their claims against them are plausible.

In response, plaintiffs point out that defendants make these arguments without due consideration to the actual allegations in the Complaint. Plaintiffs' averments clearly demonstrate the "plausibility" of their claims against these defendants. Plaintiffs have gone well beyond purely conclusory allegations, presenting specific factual allegations respecting the conduct of each of the defendants.

Although the defendants give lip service to the purported inadequacy of plaintiffs' averments, this notion is belied by the specific factual allegations in the Complaint. Plaintiffs' allegations clearly surpass those which were found lacking in *Iqbal*. The Complaint sets forth precise facts from which it is more than "plausible" to conclude that the actions and omissions of the defendants caused the violation of clearly established rights. The allegations in the complaint clearly are not mere "conclusions," which are not entitled to the presumption of truth. The assertions, rather, are factual and detailed; see Complaint ¶ ¶ 12-38.

The question which this court must answer in the post-Iqbal environment is whether these specific, concrete allegations suffice to demonstrate the "plausibility" of plaintiffs' claims against these defendants. In performing this analysis, this court can look to a number of sources. Indeed, the Supreme Court counseled judicial officers to use "judicial experience and common

sense" to distinguish cases presenting a "mere possibility of misconduct," from those showing "that the pleader is entitled to relief." 129 S.Ct., 1292.

The factual underpinnings of plaintiffs' claims, as laid out in the Complaint, more than pass muster on their own merit. Plaintiffs have asserted specific facts and situations which called out for each of the defendants to act in protection of the constitutional rights of citizens. All the elements of a claim under 42 U.S.C. § 1983 are alleged in the complaint. The causal connection between the defendants conduct and the deprivation of plaintiffs' constitutional rights is also alleged. The Commonwealth of Puerto Rico tolerated the illegal conduct of having someone unjustly incarcerated for over twelve years and failed in its supervision of its police officers and state prosecutors. Mario Rivera Geigel along with the other defendants directly participated in the wrongful conviction of plaintiff Maria J. Diaz Castro. Defendant Rivera Geigel also intervened in the familial relationship between Diaz Castro and her son.

**A. The Eleventh Amendment Immunity no longer bars suits claiming monetary relief against the Commonwealth of Puerto Rico**

Defendants claim that the Eleventh Amendment to the Constitution of the United States bars the instant suit claiming compensatory relief against the Commonwealth of Puerto Rico in federal court, without its consent. Before *Commonwealth of Puerto Rico v. Sanchez Valle,* 579 U.S. ___ (2016) was decided, defendants would be correct in their assertion. However, *Sanchez Valle* changed the law as it applies to the Commonwealth of Puerto Rico. In *Sanchez Valle,* the Supreme Court decided unequivocally that the Commonwealth of Puerto Rico and the United States are not separate sovereignties, they are the same. Granted that *Sanchez Valle* was decided in the context of the double jeopardy clause, but the principal remains, that is, the Commonwealth of Puerto Rico and the United States is one sovereign. Having decided that

Puerto Rico is not a sovereign, we see no exception to the Rule that the Eleventh Amendment applies to sovereigns. The Commonwealth cannot have it both ways and limit the *Sanchez Valle* decision as it intends the Court to do. It would be a clear contradiction to imply that the Commonwealth of Puerto Rico is not a sovereign for one constitutional provision (double jeopardy), but it is a sovereign for another (Eleventh Amendment), and even more so, when the purpose of the Eleventh Amendment Immunity clause is in fact to provide immunity to a <u>sovereign</u>. Indeed, with the *Sanchez Valle* decision, the Supreme Court has overruled previous First Circuit precedent pertaining to this issue. Thus, plaintiffs submit that based on *Sanchez Valle,* the Commonwealth of Puerto Rico no longer enjoys the Eleventh Amendment Immunity.

### B.  Fourteenth Amendment Claim

Defendants assert that the complaint fails to state an actionable Due Process claim, under the Fourteenth Amendment. The United States Supreme Court has stated that in order to make out a substantive due process claim, a plaintiff must allege conduct which is extremely "egregious" and "outrageous" *County of Sacremento v. Lewis*, 523 U.S. 833, 847 (1988). The First Circuit, in turn, has taken this language from *Lewis* to mean that there must be "stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith, to something more egregious and more extreme." *J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir. 2010). While the standard is very strict, the Court of Appeals has nonetheless continued to affirm the viability of such claims, even in the post-Iqbal climate. See, *Maldonado v. Fontanés*, the case involving the killing of dogs in Barceloneta, in which the First Circuit recently reaffirmed that certain governmental actions could be so "shocking" as to be "beyond the constitutional pale." 568 F.3d at 21. "[O]fficial conduct most likely to rise to the

conscience-shocking level is conduct intended to injury in some way unjustifiable by any government interest." Id, at 22.

The allegations in the Complaint describe how defendants actions and omissions causing plaintiff to have been wrongfully been convicted and incarcerated for twelve years are so shocking to the conscious, and are committed with an actual intent to inflict unspeakable harm, that they also fall under the rubric of the Substantive Due Process protection. Hence, defendants' motion to dismiss under the Fourteenth Amendment should be denied.

### C. Fourth Amendment Claim

Defendants also allege that plaintiffs' claim under the Fourth Amendment should be dismissed. As the U.S. Court of Appeals for the 10th Circuit noted in *Becker v. Kroll* 494 F.3d 904 (10th Cir. 2007), "We have repeatedly recognized in this circuit that, at least prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under [Section 1983] must be 'the Fourth Amendment's right to be free from unreasonable seizures." The First Circuit has held that "[t]he crux of the inquiry is whether a 'seizure' occurred, for as we have stated before, 'the essential elements of actionable Section 1983 claims derive first and foremost from the Constitution itself, not necessarily from the analogous common law tort.'" *Britton v. Mahoney,* 196 F.3d 24, 29-30 (1st Cir. 1999). It makes little sense to say that the Fourth Amendment was not implicated in Diaz Castro's pretrial detention. She was arrested, charged, arraigned, wrongfully convicted and incarcerated for over twelve years based on trumped-up charges that were ultimately dropped. She spent over twelve years behind bars after being wrongfully convicted on murder charges that the defendants knew for a fact to be baseless. Put differently, Diaz Castro was detained at length without probable cause, prosecuted, wrongfully convicted and incarcerated for twelve years, a classic Fourth Amendment violation. Where, as

here, officers and prosecutors mislead magistrates and juries to sustain detentions without probable cause, wrongful convictions and incarceration, the detentions thus violate the Fourth Amendment just as surely as when misrepresentations cause detentions under an unfounded arrest warrant. Thus, defendants request to dismiss plaintiffs claim under the Fourth Amendment should be denied.

### D. 42 U.S.C. §1983 claim

Section 1983 is a federal law that provides individuals with a cause of action against state and local officials who have violated their federal rights. The text of Section 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable" to the injured party." 42 U.S.C. §1983. The Supreme Court has held that the "very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). It is beyond doubt that plaintiffs have alleged sufficient facts in the complaint that garner a claim actionable under section 1983. Defendants, under color of state law, caused plaintiff Diaz Castro to be wrongfully convicted and incarcerated and are thus liable to her.

### E. Eighth Amendment Claim

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. U.S. Const. Amend. VIII. Plaintiff Diaz Castro was wrongfully convicted of murder and sentenced to ninety nine (99) years imprisonment for a crime the defendants knew she did not commit. She served twelve (12) years in the Vega Alta correctional facility for women, ten (10) of which were served in the maximum facility, see Complaint ¶ 31-

32. While in maximum security, Diaz Castro was confined to twenty two (22) hours a day in a tiny cell. During her stay in prison, Diaz Castro was beaten to almost death and had to be hospitalized, see Complaint ¶ 66-67. Having to endure what plaintiff Diaz Castro endured, constitutes cruel and unusual punishment. Thus, defendants' motion to dismiss her Eighth Amendment claim should be denied.

### F. Defendant Rivera does not enjoy absolute immunity

As a general rule, prosecutors enjoy absolute immunity from damage liability for the initiation and prosecution of a criminal case. *Imbler v. Patchman,* 424 U.S. 409 (1976). However, the Supreme Court has held that a prosecutor who advised police officers on Fourth Amendment considerations in an ongoing criminal investigation performed an investigatory rather than a prosecutorial function and was, therefore, not entitled to absolute immunity. *Burns v. Reed,* 500 U.S. 478 (1991). The First Circuit has held that a prosecutor's knowing use of perjured testimony or other false evidence violates procedural due process. *Limone v. Condon*, 372 F.3d 39, 45 (1st Cir. 2004).

The complaint specifically avers that defendant prosecutors acted in an investigatory function by interviewing eye witnesses before the institution of charges, falsely and purposefully instituted criminal charges against plaintiff Diaz Castro, participated in the continuation of charges against plaintiff, failed to disclose exculpatory evidence, impeded the liberation of plaintiff Diaz Castro after she was incarcerated knowing she was innocent, influencing the Puerto Rico criminal justice system into wrongfully convicting plaintiff. See Complaint ¶ 40. The complaint asserts the defendant prosecutors participated in the investigation of the case against plaintiff and provided legal advice to the police officers, see Complaint ¶ 18, thus performing investigatory and not just prosecutorial functions. Furthermore, the complaint alleges

that defendant prosecutor Mario Rivera not only participated in the investigatory phase and authorized the filing of the charges against plaintiff Castro Diaz, but also intervened in the familial relationship between plaintiff Castro Diaz and her son, requesting that plaintiff W.C.D. be removed from the custody of Diaz Castro, see Complaint ¶ 19.

Hence, none of the defendant prosecutors are entitled to absolute immunity and defendant Rivera's request to dismiss the complaint against him should be denied.

### G. Plaintiff W.C.D. claim

Accepting as true all material allegations in the complaint and construing it in favor of Plaintiffs, it is apparent that W.C.D. has individual standing to bring this lawsuit. Plaintiffs' have stated a claim for deprivation of familial relationship (see Porter v. Osborn, 546 F.3d 1131 (9th Cir. 2008)). By filing the trumped up murder charges against Plaintiff Diaz Castro and requesting the removal of her minor aged son, plaintiff W.C.D., from her custody defendants directly interfered in the familial relationship of the Plaintiffs, see Complaint ¶ ¶ 19 and 27. Defendants violated Plaintiffs' rights to a continuing familial relationship and violated Plaintiffs' rights to substantive due process. Plaintiff W.C.D. was deprived of having his mother raise, care and be with him during his childhood due to the wrongful conviction and sentence levied against his mother, see ¶ 60. Thus, defendants' motion to dismiss plaintiff W.C.D. claim should be denied.

### H. Plaintiffs Pendent Claims Under Article 1802 and 1803 of the Puerto Rico Civil Code

Under Puerto Rico law, over which this Court has supplemental jurisdiction under 28 U.S.C. §1367, under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141, "are compensable not only the damages which suffer directly the victim or the prejudiced due to a negligent or intentional act but also the moral damages suffered by those 'persons connected by

family, love and tenderness ties' with the victim or the prejudiced. *Hernández v. Fournier*, 80 D.P.R. 93, 97 (1957); *Santini Rivera v. Serv-Air, Inc.,* 137 D.P.R. 1, 9 (1994). Since 28 U.S.C. §1367(a) was pleaded in the complaint (see complaint ¶ 2), Defendants cannot defeat Plaintiffs' state law claims arguing that they there is no vicarious liability under article 1983 of the Puerto Rico Civil Code. Plaintiffs describe in detail the Commonwealth of Puerto Rico's liability to the plaintiffs, see complaint¶ ¶40-69. Accordingly, this argument set forth by the defendants should also be denied.

### CONCLUSION

Defendants Commonwealth of Puerto Rico and Mario Rivera are requesting this court to dismiss a case which clearly meets all applicable pleading standards and as to which they cannot seriously claim that the allegations in the Complaint are insufficient to establish sufficient facts to support a violation of civil rights. Accordingly, it is respectfully submitted that this court should DENY defendants' motion to dismiss filed at docket 10.

RESPECTFULLY SUBMITTED

Dated:   February 14, 2017

I HEREBY CERTIFY that on this date I electronically filed the forgoing Motion with the clerk of the court using the CM/ECF electronic filing system, which will send notification of such filing to the attorneys of record.

*Juan A. Albino Gonzalez*
/s/ JUAN A. ALBINO GONZALEZ
Attorney for Plaintiff
U.S.D.C. – P.R. #225405
Capital Center Building
South Tower Suite 702
239 Arterial Hostos Ave.
Hato Rey, San Juan, P.R. 00918
albinogonzalezlaw@gmail.com