IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIA JUDITH DIAZ-CASTRO, et al.**<br>**Plaintiff,**<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, et al.**<br>**Defendant.** | **CIVIL NO. 16-2873 (CCC)** |

**MOTION FOR JOINDER AND REQUESTING DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

TO THE HONORABLE COURT:

COMES NOW Co-Defendant Juan Colón-Báez ("Co-Defendant Colón"), in his individual capacity, and without submitting to this Court's jurisdiction and/or waiving any affirmative defense, through the undersigned attorney, who appears for the sole purpose of filing this motion, respectfully ALLEGES and PRAYS as follows:

**I.    PRELIMINARY STATEMENT**

On January 11, 2017, Co-Defendants Commonwealth of Puerto Rico and Mario Rivera-Geigel, filed a *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)*. (Dkt No. 10). Pursuant to Federal Rule 10(c) of Civil Procedure, appearing Co-Defendant hereby wish to <u>join the factual and legal arguments included in the above-stated dispositive motion filed at Docket 10 in its entirety.</u>

**II.    SUPLEMENTARY ARGUMENT**

**A.    Plaintiffs have failed to state a malicious prosecution claim under the Fourth Amendment against Co-Defendant Colón**

In <u>Hernandez–Cuevas v. Taylor</u>, 723 F.3d 91 (1st Cir.2013), the First Circuit recognized Fourth Amendment malicious prosecution claims under Section 1983. It had long been implicit in this Circuit's case law that "it is 'self-evident' that 'those charged with upholding the law are

prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit.'" ***Id***. at 100 (*citing* Limone v. Condon, 372 F.3d 39, 44–45 (1st Cir.2004) (concluding that "the right not to be framed by law enforcement agents was clearly established in 1967")). But in Hernandez-Cuevas, the Court finally stated that it was "convinced that an individual does not lose his Fourth Amendment right to be free from unreasonable seizure when he becomes detained pursuant to judicial process." ***Id***. at 100.

Certainly, in most cases, the neutral magistrate's determination that probable cause exists for the individual's arrest is an intervening act that could disrupt any argument that the defendant officer had caused the continued unlawful seizure. … But, if a plaintiff can overcome this causation problem and demonstrate that law enforcement officers were responsible for his continued, unreasonable pretrial detention, the plaintiff has stated a constitutional injury that may be vindicated through a § 1983 action. ***Id***. (internal citations omitted).

In order to bring a Section 1983 malicious prosecution claim under the Fourth Amendment, a plaintiff shall establish that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Hernandez–Cuevas, 723 F.3d at 101 (citation and quotation marks omitted). In Hernandez-Cuevas, the First Circuit adopted a "purely constitutional approach" rather than the "blended constitutional/common law approach" adopted by other Courts of Appeals to the analysis of malicious prosecution claims, thereby eliminating malice as an element of such a claim. *See id*. at 100.

Plaintiffs cursorily allege that Co-Defendant Colón participated during the investigation of the murders and the prosecution and trial of Plaintiff Diaz, that he "received specific information from various sources and in various occasions that the murder of Efrain Dieppa and Julio Luyando was committed by individuals known as 'Pijuan' and 'Falo', and that Co-Defendant Colón "also

2

received information that plaintiff Maria J. Diaz Castro and her brothers, David Diaz Castro and Edwin Diaz Castro, were not involved in the murders of Efrain Dieppa and Julio Luyando". (Dkt. No. 1, ¶ 9 at page 3, ¶¶ 13 and 14 at page 4). These are the only allegations against appearing Co-Defendant. Even if this Honorable Court accepts these threadbare and conclusory allegations as true, for the sole purposes of a Rule 12(b)(6) motion, it is clear that they are insufficient to state a malicious prosecution claim against the appearing Co-Defendant.

It is prosecutor's decision to initiate or move forward with a criminal prosecution. Co-Defendant Colón cannot be held accountable for the prosecutor's decisions.

Plaintiff alleges that on January 8, 2016, a second trial commenced against Plaintiff Diaz and her brothers, which as part of its case in chief the government called a witness who was called during the first trial, who recanted her testimony, and that the Prosecutor requested the dismissal of the charges against Plaintiff Diaz and her brothers. (Dkt. No. 1, ¶¶ 35 and 36). Co-Defendant Colón cannot be held liable for the witness' retraction nor for the prosecutor's actions.

The Complaint fails flatly to specify how Co-Defendant Colón was personally involved in causing a seizure without a legal process supported by probable cause to plaintiffs. This is buttress by the fact that appearing Co-Defendant is not responsible for prosecuting the case. Plaintiffs' Complaint is filled with speculative allegations of facts against appearing Co-Defendant, without properly stating the facts supporting each material element necessary to sustain recovery under his malicious prosecution claim. Plaintiffs have not stated a valid claim under the Fourth Amendment against the appearing Co-Defendant arising out of the factual allegations in the Complaint.

Plaintiff's allegations merely mouth the words malicious prosecution without pleading any facts sufficient to state a claim that the appearing Co-Defendant has violated the Plaintiff's rights. *See* Ashcroft v. Iqbal, 129 S.Ct. 1937. Therefore, Co-Defendant Colón very respectfully request the

3

Court to DISMISS WITH PREJUDICE Plaintiffs' claims of malicious prosecution under the Fourth Amendment against them.

### B. Qualified Immunity

Even if a constitutional violation occurred, nevertheless Co-Defendants is entitled to qualified immunity with respect to Plaintiffs' Fourth Amendment claim for malicious prosecution.

Qualified immunity shields government officials performing discretionary functions from civil liability for money damages when their conduct does not violate clearly established statutory or constitutional rights of which reasonable person would have known. Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 1993 WL 104519 (1st Cir. 1993). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right; in other words, existing precedent must have placed the statutory or constitutional question beyond debate". Reichle v. Howards, 132 S. Ct. 2088 (2012).

"To determine whether a defendant is entitled to qualified immunity at the motion to dismiss stage, we ask "**(1)** whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and **(2)** if so, whether the right was clearly established at the time of the defendant's alleged violation." Glik v. Cunniffe, 655 F.3d 78, 81 (1st Cir.2011) (quoting Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)). A right is "clearly established" if "the state of the law at the time of the alleged violation gave the defendant fair warning that his particular conduct was unconstitutional." Guadalupe-Baez v. Pesquera, --- F.3d ---- (2016), 2016 WL 1592690 page 6 (1st Cir. 2016).

"If plaintiffs stumble at either step [that (a) defendants violated a statutory or constitutional right and that (b) the right was clearly established at the time] —taken in any order we like, see Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)—their [free speech]

4

and due-process claims go kaput, see Quintero de Quintero v. Aponte–Roque, 974 F.2d 226, 228 (1st Cir.1992) (noting that when a defendant invokes qualified immunity, the burden is on the plaintiff to show the inapplicability of the defense)." Rivera-Corraliza v. Morales, 794 F.3d 208, 214-215 (1st Cir. 2015).

Courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first, i.e., whether the official violated a statutory or constitutional right, and whether the right was clearly established at the time of the challenged conduct. *Id*. Put simply, **qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."** *Malley* v. *Briggs*, 475 U. S. 335, 341 (1986).

For § 1983 plaintiff to overcome qualified immunity defense, he must show that his allegations, if true, establish a constitutional violation, that right was clearly established, and that reasonable official would have known that his actions violated constitutional right at issue. *Mihos v. Swift*, 358 F.3d 91, 149 Lab. Cas. P 59843, 20 IER Cases 1680, 2004 WL 258670 (1st Cir. 2004).

In analyzing qualified immunity defense to § 1983 action, inquiry into nature of constitutional right to determine whether it was clearly established seeks to discover whether right was reasonably well settled at time of challenged conduct. 42 U.S.C.A. § 1983. *Mihos v. Swift*, 358 F.3d 91, 149 Lab. Cas. P 59843, 20 IER Cases 1680, 2004 WL 258670 (1st Cir. 2004) Inquiry into whether constitutional right is clearly established, for purposes of qualified immunity defense to § 1983 action, must be undertaken in light of specific context of case, not as broad general proposition. *42 U.S.C.A. § 1983*; *Mihos v. Swift,* 358 F.3d 91, 149 Lab. Cas. P 59843, 20 IER Cases 1680, 2004 WL 258670 (1st Cir. 2004).

In order to obtain qualified immunity, a police officer need not show that an arrest was supported by probable cause. Rather, he must show he had objectively reasonable grounds for

5

obtaining an arrest warrant--that a reasonably competent police officer could have believed that probable cause existed to arrest. Probable cause is shown if the facts and circumstances within a police officer's knowledge and of which the officer had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution' to believe that a crime has been committed or is being committed. The doctrine of qualified immunity extends to reasonable, although mistaken, conclusions about the lawfulness of one's conduct. The doctrine gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. Mutter v. Town of Salem, 945 F. Supp. 402, 403 (D.N.H. 1996)

As previously argued, Plaintiffs' averments in the complaint (Dkt. No. 1) do not amount to a violation of a clearly established statutory or constitutional right, of which a reasonable person would have known. Appearing Co-Defendant acted accordingly to the Commonwealth of Puerto Rico's laws and regulations and pursuant to his authority in official capacity.

Even assuming that Plaintiffs' constitutional rights were violated, which appearing Co-Defendant strongly denies, Plaintiff failed to allege plainly incompetent actions or how appearing Co-Defendant knowingly violated the law.

### C. Conclusion

Based on the arguments above discussed, appearing Co-Defendant respectfully requests that this Honorable Court **DISMISS WITH PREJUDICE** the instant case.

WHEREFORE, appearing defendant very respectfully requests from this Honorable Court to allow appearing defendant to join the factual and legal arguments stated at Dkt. No 5 and DISMISS WITH PREJUDICE all claims against appearing Co-Defendant.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on March 16, 2017.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to all parties of record.

| | |
|---|---|
| **WANDA VÁZQUEZ-GARCED**<br>Secretary of Justice<br><br>**WANDYMAR BURGOS-VARGAS**<br>Acting Deputy Secretary in Charge of Litigation<br><br>**SUSANA PEÑAGARICANO-BROWN**<br>Acting Director of Federal Litigation and Bankruptcy | **S/KARLA SANTIAGO RODRÍGUEZ**<br>**KARLA SANTIAGO-RODRIGUEZ**<br>USDC-PR No. 231214<br>Federal Litigation Division<br>Department of Justice<br>P.O. Box 9020192<br>San Juan, PR 00902-0192<br>Office (787) 721-2900 x2647<br>Fax. (787) 723-9188<br>Email: ksantiago@justicia.pr.gov |