## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **MARIA DIAZ-CASTRO, et al.,**<br>Plaintiff,<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, et al.,**<br>Defendant. | **CIVIL NO.**  16-2873 (CCC) |

## ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

    **COME NOW** Co-Defendant **Juan Colón-Báez** (hereinafter "Co-Defendant"), and, without submitting to this Court's jurisdiction and/or waiving any affirmative defenses, through the undersigned attorney, respectfully ALLEGES and PRAYS as follows:

**GENERAL RESPONSE**

    All conclusions of law and jurisdiction contained in the Complaint are disputed insofar as applicable to the factual allegations herein.

    All factual allegations contained in the Complaint, except those specifically admitted below and only as qualified therein, are denied.

    Co-Defendant reserves the right to amend the answers and affirmative defenses set forth below as deemed necessary and as provided by Federal Rule of Civil Procedure 8.

### I.  INTRODUCTION

1.  The allegations contained in paragraph 1 of the Complaint are legal statements by which Plaintiffs assert their claims; as such they do not require a responsive allegation from the appearing Co-Defendant. If one is required, the allegations contained in paragraph 1 of the

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate

such allegations.

## II. JURISDICTION AND VENUE

2.   The allegations contained in paragraph 2 are jurisdictional statements; as such they do not

require a responsive allegation from the appearing Co-Defendant. If one is required, the

allegations contained in paragraph 2 of the Complaint are denied. It is affirmatively alleged that

Plaintiff has the burden to demonstrate such allegations.

3.   The allegations contained in paragraph 3 are venue statements; as such they do not

require a responsive allegation from the appearing Co-Defendant. If one is required, the

allegations contained in paragraph 3 of the Complaint are denied. It is affirmatively alleged that

Plaintiff has the burden to demonstrate such allegations.

## III.PARTIES

4.   The allegations contained in paragraph 4 of the Complaint do not refer to the appearing

Co-Defendant for which they do not require a responsive allegation from the appearing Co-

Defendant. If one is required, the allegations contained in paragraph 4 of the Complaint are

denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations

5.   The allegations contained in paragraph 5 of the Complaint do not refer to the appearing

Co-Defendant for which they do not require a responsive allegation from the appearing Co-

Defendant. If one is required, the allegations contained in paragraph 5 of the Complaint are

denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations

6.   The allegations contained in paragraph 6 of the Complaint do not refer to the appearing

Co-Defendant for which they do not require a responsive allegation from the appearing Co-

**María Díaz-Castro vs. Commonwealth of Puerto Rico**
Civil No. 16-2873 (CCC)

Defendant. If one is required, the allegations contained in paragraph 6 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations

7.      The allegations contained in paragraph 7 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 7 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

8.      The allegations contained in paragraph 88 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

9.      The allegations contained in paragraph 9 are denied as drafted. Co-Defendant Juan Colón-Baez is First Lieutenant of the Puerto Rico Police Department. Co-Defendant Colón is currently assigned to the Cedro Arriba Police Headquarters, located in Naranjito, Puerto Rico. At the time of the filing of the instant Complaint, October 25, 2016, Co-Defendant Colón was assigned to the Vega Baja District Police Headquarters, as Auxiliary Commander.  Co-Defendant Colón participated in the investigation of the murders of Efrain Dieppa and Julio Luyando, and testified during the trial of María Díaz-Castro.

10.     The allegations contained in paragraph 10 of the Complaint do not refer to the appearing Co-Defendant for which they do not require a responsive allegation from the appearing Co-Defendant. If one is required, the allegations contained in paragraph 10 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

11.     The allegations contained in paragraph 11 of the Complaint do not refer to the appearing Co-Defendant for which they do not require a responsive allegation from the appearing Co-

Defendant. If one is required, the allegations contained in paragraph 11 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

### IV. FACTS

12.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 12.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

13.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 13.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

14.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 14.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

15.     The allegations contained in paragraph 15 of the Complaint do not refer to the appearing Co-Defendant for which they do not require a responsive allegation from the appearing Co-Defendant. If one is required, the allegations contained in paragraph 15 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

16.     The allegations contained in paragraph 16 of the Complaint do not refer to the appearing Co-Defendant for which they do not require a responsive allegation from the appearing Co-Defendant. If one is required, the allegations contained in paragraph 16 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations

17.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 17.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

18.     The allegations contained in paragraph 18 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 18 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

19.     The allegations contained in paragraph 19 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 19 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

20.     The allegations contained in paragraph 20 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 20 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

21.     The allegations contained in paragraph 21 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 21 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

22.     The allegations contained in paragraph 22 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 22 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

23.     The allegations contained in paragraph 23 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-

**ANSWER TO COMPLAINT**                                                                6
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

Defendant. If one is required, the allegations contained in paragraph 23 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

24.    At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in Paragraph 24.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

25.    The allegations contained in paragraph 25 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 25 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

26.    Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in the first line of Paragraph 26.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

27.    The allegations contained in paragraph 27 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 27 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

28.    The allegations contained in paragraph 28 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 28 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

29.    The allegations contained in paragraph 29 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-

**ANSWER TO COMPLAINT**                                                                                                 7
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

Defendant. If one is required, the allegations contained in paragraph 29 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

30.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 30. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

31.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 31. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

32.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 32. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

33.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 33. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

34.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 34. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

35.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 35. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

36.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 36. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**ANSWER TO COMPLAINT**                                                                           8
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

37.    At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 37.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

38.    At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 38.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

### V. ALLEGATIONS

39.    The allegations contained in paragraph 39 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

40.    The allegations contained in paragraph 40 (g) are denied, the balance of the allegations contained in paragraph 40 do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 40 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

41.    The allegations contained in paragraph 41 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 41 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

42.    The allegations contained in paragraph 42 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

Defendant. If one is required, the allegations contained in paragraph 42 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

## VI.   CAUSES OF ACTION AND NEGLIGENCE OF THE COMMONWEALTH OF PUERTO RICO

43.     The answers stated before are literally incorporated herein and are made part of this paragraph.

44.     The allegations contained in paragraph 44 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 44 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

45.     The allegations contained in paragraph 45 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 45 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

46.     The allegations contained in paragraph 46 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 46 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

47.     The allegations contained in paragraph 47 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 47 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

48.     The allegations contained in paragraph 48 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 48 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

49.     The allegations contained in paragraph 49 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 49 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

50.     The allegations contained in paragraph 50 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 50 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

51.     The allegations contained in paragraph 51 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 51 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

52.     The allegations contained in paragraph 52 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 52 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

53.     The allegations contained in paragraph 53 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

Defendant. If one is required, the allegations contained in paragraph 53 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

54.    The allegations contained in paragraph 54 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 54 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

55.    The allegations contained in paragraph 55 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 55 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

56.    The allegations contained in paragraph 56 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 56 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

57.    The allegations contained in paragraph 57 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 57 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

58.    The allegations contained in paragraph 58 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

59.     The allegations contained in paragraph 59 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

60.     The allegations contained in paragraph 60 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

61.     The allegations contained in paragraph 61 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

62.     The allegations contained in paragraph 62 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 62 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

63.     The allegations contained in paragraph 63 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 63 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

64.     The allegations contained in paragraph 64 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-

ANSWER TO COMPLAINT                                                                                    13
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

Defendant. If one is required, the allegations contained in paragraph 64 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

65.     The allegations contained in paragraph 65 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 65 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

66.     The allegations contained in paragraph 66 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 66 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

67.     The allegations contained in paragraph 67 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 67 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

68.     The allegations contained in paragraph 68 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 68 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

69.      The allegations contained in paragraph 69 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 69 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

70.    The allegations contained in paragraph 70 of the Complaint do not require an answer from appearing Co-Defendants because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

71.    The allegations contained in paragraph 71 of the Complaint do not require an answer from appearing Co-Defendants because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

72.    The allegations contained in paragraph 72 of the Complaint do not require an answer from appearing Co-Defendants because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

## VII.    SECOND CAUSE OF ACTION

73.    The answers stated before are literally incorporated herein and are made part of the following paragraphs:

74.    The allegations contained in paragraph 74 of the complaint are denied as to appearing Co-Defendant.

75.    At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 75.  Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

76.    The allegations contained in paragraph 76 of the complaint are denied as to appearing Co-Defendant.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

77.     The allegations contained in paragraph 77 of the complaint are denied as to appearing Co-Defendant.

78.     The allegations contained in paragraph 78 of the Complaint do not refer to the appearing Co-Defendant for which they do not require a responsive allegation from the appearing Co-Defendant. If one is required, the allegations contained in paragraph 78 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

79.     The allegations contained in paragraph 79 of the Complaint do not refer to the appearing Co-Defendant for which they do not require a responsive allegation from the appearing Co-Defendant. If one is required, the allegations contained in paragraph 79 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

80.     The allegations contained in paragraph 80 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied.

81.     The allegations contained in paragraph 81 of the complaint are denied as to appearing Co-Defendant.

82.     The allegations contained in paragraph 82 of the Complaint do not refer to the Appearing Co-Defendant for which they do not require a responsive allegation from the Appearing Co-Defendant. If one is required, the allegations contained in paragraph 82 of the Complaint are denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

83.     The allegations contained in paragraph 83 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**ANSWER TO COMPLAINT**                                                                16
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

84.     The allegations contained in paragraph 84 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

85.     The allegations contained in paragraph 85 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

86.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 86. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

87.     The allegations contained in paragraph 87 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

88.     The allegations contained in paragraph 88 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

89.     The allegations contained in paragraph 89 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**ANSWER TO COMPLAINT**
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

## VIII. THIRD CAUSE OF ACTION

90.     Co-Defendant repeats and alleges each and every allegation contained in the previous paragraphs as if fully alleged herein.

91.     The allegations contained in paragraph 91 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

92.     The allegations contained in paragraph 92 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

93.     The allegations contained in paragraph 93 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

## IX. DAMAGES

94.     The allegations contained in paragraph 94 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

95.     At this moment, Co-Defendant is without knowledge or sufficient information to form a belief about the truth of the allegations contained in paragraph 95. Therefore, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

96.    The allegations contained in paragraph 96 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

97.    The allegations contained in paragraph 97 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

98.    The allegations contained in paragraph 98 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

99.    The allegations contained in paragraph 99 of the Complaint do not require an answer from appearing Co-Defendant because it contains conclusory statements and conclusions of law; if an answer is required, it is denied. It is affirmatively alleged that Plaintiffs have the burden to demonstrate such allegations.

**RESPONSE TO PRAYER FOR RELIEF**

All allegations in the Complaint not specifically admitted are hereby denied. Appearing Co-Defendant expressly denies that Plaintiff is entitled to any relief whatsoever; including the relief that Plaintiff seeks in the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a claim upon which relief can be granted against any and all Appearing Co-Defendant under any and all legal provisions cited therein.

**ANSWER TO COMPLAINT**
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

2.      Some or all of the claims alleged in the Complaint are time-barred by the applicable statute of limitations.

3.      The Court lacks subject matter jurisdiction.

4.      Res judicata and/or Collateral Estoppel

5.      Some or all of Plaintiff's claims and/or certain claims asserted in the Complaint are barred by Plaintiff's failure to exhaust administrative or internal remedies and/or another forum and not this court would be the appropriate forum to adjudicate the claims asserted by the Plaintiffs.

6.      Appearing Co-Defendant deny that they have incurred in any violation to any Federal or local law or case law theory mentioned in the Complaint.

7.      Appearing Co-Defendant deny any violation, by action and/or by omission, to the Plaintiff's rights protected by the local and/or federal constitution and/or by any local and/or federal laws.

8.      Appearing Co-Defendant acted at all times within the established framework of their authority and duties and neither negligently nor intentionally violated any of Plaintiff's rights.

9.      Any and all actions that Appearing Co-Defendant might have taken that may have caused any damages to Plaintiff, if any, were based on legitimate considerations and devoid of any bad faith of any fashion.

10.     Plaintiff assumed the risk.

11.     Plaintiff lack standing.

12.     Spoliation.

13.     Good faith.

14.     Prior pending action.

**ANSWER TO COMPLAINT**                                                      20
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

15.     Statutory immunity.

16.     Election of remedies.

17.     Wrong party.

18.     Recoupment.

19.     Illegality.

20.     No adequate remedy at law.

21.     Conditions precedent.

22.     Improper service.

23.     Misnomer of parties.

24.     The Complaint fails to state a claim cognizable under any federal statute.

25.     Appearing Co-Defendant, at all times, acted diligently, according to law and in the good faith performance of their duties.

26.     All the allegations and claims against the Appearing Co-Defendant in the documents annexed to the Complaint are denied and/or it is denied that Plaintiff is entitled to any such remedies as requested therein.

27.     Appearing Co-Defendant deny that Plaintiff is entitled to any of the relief sought in the instant Complaint.

28.     The Complaint fails to state a claim upon which relief can be granted.

29.     The Complaint itself is not legally sufficient.

30.     The Complaint fails to allege a plausible entitlement to relief.

31.     The Complaint fails to state a violation of 42 U.S.C. § 1983.

32.     Plaintiff's claims against Appearing Co-Defendant are barred by the Eleventh Amendment.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

33.     The Complaint fails to plead specific facts that indicate actions by the Appearing Co-Defendant to show that Plaintiff should be entitled to damages as a result of such actions by Appearing Co-Defendant.

34.     Plaintiff is impeded from pursuing his claims by his own conduct and applicable law.

35.     Plaintiff has pleaded and filed his Complaint in bad faith and thus should be barred from recovery in this action.

36.     There is no causal relationship between any act or omission which may be attributed to Appearing Co-Defendant and the damages alleged in the Complaint.

37.     Plaintiff's claims under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution must be dismissed for failure to state a claim.

38.     The Plaintiff has failed to properly plead a Conspiracy claim against the appearing Co-Defendant.

39.     Only persons who have suffered the deprivation of federally-protected rights by state officials may bring an action under 42 U.S.C. § 1983. *See* Torres v. U.S., 24 F. Supp. 2d 181, 183 (D.P.R. 1998). Family members have no independent cause of action under § 1983 "unless the constitutionally defective conduct or omission was directed at the family relationship."

40.     The actions alleged in the Complaint are not the proximate cause nor the efficient intervening cause of the alleged damages claimed in the Complaint.

41.     The Complaint fails to state specific acts adequate to show that the Plaintiffs have suffered any damages as a result of the acts and/or omissions of Appearing Co-Defendant.

42.     Co-Defendants is entitled to qualified immunity with respect to Plaintiffs' Fourth Amendment claim for malicious prosecution

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

43.    The damages requested in the Complaint, if any, are speculative and/or grossly exaggerated and/or nonexistent and/or should have been mitigated.

44.    Any damages suffered by the Plaintiffs were caused by their own negligence or conduct and not by the result of any act or omission that can be attributed to the Appearing Co-Defendant.

45.    In the event that the Plaintiff is entitled to any relief, which Appearing Co-Defendant hereby deny, Plaintiff is not entitled to recover punitive, exemplary, special, emotional, economic or compensatory damages, back pay, for loss of income or for lost benefits (past or future), since such claims are unwarranted.

46.    The damages claimed by the Plaintiff are extremely overestimated; they are not proportional with the severity of the allegations in the Complaint.

47.    In the alternative, if Plaintiff suffered any damages, they were caused by his or other third person not related to Appearing Co-Defendant and out of the control of Appearing Co-Defendant and/or are preexistent.

48.    In the alternative, Plaintiff engaged in comparative or contributory negligence, and thus his damages, if any, should be reduced in direct proportion to his negligence.

49.    Plaintiff has not mitigated his damages, if any.

50.    Plaintiffs' claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, unclean hands, and laches.

51.    Plaintiffs' claims are barred in whole or in part by virtue of issue preclusion, fact preclusion, collateral estoppel and other doctrines of *res judicata*.

52.    Plaintiff is not entitled to a jury trial.

**ANSWER TO COMPLAINT**                                                     23
**María Diaz-Castro vs. Commonwealth of Puerto Rico**
CIVIL No. 16-2873 (CCC)

53.     Plaintiff is not entitled to the remedies sought is not entitled to attorneys' fees or costs or interest.

54.     Plaintiff did not comply with the pleading standard for his claims.

55.     To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.___, 129 S.Ct. 1937, 1949 (2009).

56.     Plaintiff failed to join indispensable parties.

57.     There is no venue.

58.     Appearing Co-Defendant request that the payment of costs, including attorney's fees in the captioned case, be imposed on the Plaintiffs.

59.     There is no pendent and/or supplemental jurisdiction over any of the claims brought under the Constitution or laws of the Commonwealth of Puerto Rico. If, in the alternative, supplemental or pendent jurisdiction did exist over any of the claims brought under or arising under the laws of the Commonwealth of Puerto Rico, the Court should not exercise such supplemental or pendent jurisdiction.

60.     Defendant hereby reserve the right to amend the pleadings, to bring any other party, and/or to raise any other affirmative defense, according to the established procedure, that may arise as a result of the discovery or any other stage of the proceedings.

61.     Appearing Defendant do not waive any other affirmative defense that may arise during discovery proceedings.

62.     Any allegation not admitted is deemed denied.

**María Diaz-Castro vs. Commonwealth of Puerto Rico**
Civil No. 16-2873 (CCC)

**WHEREFORE**, Defendant respectfully pray the Honorable Court to dismiss, with prejudice, Plaintiff's Complaint and grant judgment in Defendant' favor, with costs, expenses and attorneys' fees imposed upon Plaintiff.

**I HEREBY CERTIFY** that on this same date, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st of May, 2017.

**WANDA VÁZQUEZ-GARCED**
Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Acting Deputy Secretary in Charge of
Litigation

**SUSANA PEÑAGARICANO-BROWN**
Acting Director of Federal Litigation
and Bankruptcy

**S/KARLA SANTIAGO RODRÍGUEZ**
**KARLA SANTIAGO-RODRIGUEZ**
USDC-PR No. 231214
Federal Litigation Division
Department of Justice
P.O. Box 9020192
San Juan, PR  00902-0192
Office (787) 721-2900 x2647
Fax. (787) 723-9188
Email: ksantiago@justicia.pr.gov