IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DÍAZ-CASTRO**, *et al.*,<br>**Plaintiffs**,<br><br>v.<br><br>**COMMONWEALTH OF<br>PUERTO RICO**, *et al.*,<br>**Defendants.** | **CIVIL NO. 16-2873 (CCC)** |

## ANSWER TO THE COMPLAINT[1]

TO THE HONORABLE COURT:

COME NOW Co-Defendants the Commonwealth of Puerto Rico and Mario Rivera-Geigel in personal capacity only, and through the undersigned attorney respectfully ALLEGES and PRAYS as follows:

GENERAL ALLEGATIONS

1.    All conclusions of law and jurisdiction contained in the Complaint are disputed insofar as applicable to the factual allegations herein.

2.    All factual allegations contained in the Complaint, except those specifically admitted below, and only as qualified herein, are hereby denied.

3.    Appearing defendants reserve the right to amend the answers and affirmative defenses set forth below as deemed necessary.

SPECIFIC ALLEGATIONS

## I.   INTRODUCTION

1.    Averment (1) is an introductory statement upon which Plaintiffs have chosen to set forth their claims and as such does not require a responsive pleading. However, it is denied

---

[1] This Answer to the Complaint is filed in compliance with the Case Management Order issued at Docket No. 20 which stated that "Any defendant who has not answered the complaint, notwithstanding having filed a motion to dismiss or other dispositive motion, shall file the answer […]." However, appearing Defendants do not waive the legal arguments included in their Motion to Dismiss (**Docket No. 10**). The arguments and immunities raised there are incorporated and reasserted in this Answer to the Complaint. The Commonwealth of Puerto Rico **does not** waive its Eleventh Amendment Immunity.

inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein.

## II.  NATURE OF THE ACTION AND JURISDICTION

2.      Averment (2) states the legal nature of the Complaint and Plaintiffs' conclusions with regard to federal jurisdiction, and as such, it does not require a responsive pleading. However, it is denied inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein.

3.      Averment (3) is a statement of law upon which Plaintiffs have stated that venue is proper, and as such, it does not require a responsive pleading. However, it is denied inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein.

## III.  THE PARTIES

4.      Averment (4) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

5.      Averment (5) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

6.      From Averment (6) it is only admitted that "[t]*he agents and prosecutors that investigated and pursued an action against Plaintiff were at all times material to this complaint agents and prosecutors of the Commonwealth of Puerto Rico.*" The rest of the averment contains legal statements and/or conclusory allegations that do not require a responsive pleading. However, in the event a response is required, it is denied. Furthermore, the Commonwealth of Puerto Rico does not waive its Eleventh Amendment Immunity.

7.      Averment (7) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

2

8.     Averment (8) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

9.     Averment (9) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied.

10.     As to appearing Co-Defendant Rivera-Geigel, Averment (10) is denied. As to the rest of the averment, it does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied.

11.     Averment (11) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied. Furthermore, the averment contains a legal statement and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is further denied for this reason.

## IV.   THE FACTS

12.     The first sentence of Averment (12) is denied for lack of knowledge and/or information sufficient to form a belief as to the truth or falsity thereof. The second sentence is denied.

13.     Averment (13) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

14.     Averment (14) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that

an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

15. Averment (15) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

16. Averment (16) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

17. As to appearing Co-Defendant Rivera-Geigel, Averment (17) is denied. As to the rest of the averment, it does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied.

18. As to appearing Co-Defendant Rivera-Geigel, Averment (18) is denied. As to the rest of the averment, it does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied.

19. Averment (19) is denied.

20. Averment (20) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

21. Averment (21) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

22. As to appearing Co-Defendant Rivera-Geigel, Averment (22) is denied. As to the rest of the averment, it does not require a responsive pleading since it is addressed to a party

4

other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied.

23.     Averment (23) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

24.     As to appearing Co-Defendant Rivera-Geigel, Averment (24) is denied. As to the rest of the averment, it does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied.

25.     Averment (25) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

26.     Averment (26) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

27.     Averment (27) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

28.     Averment (28) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

29.     Averment (29) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

30.     Averment (30) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

31.     Averment (31) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

32.     Averment (32) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

33.     Averment (33) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

34.     Averment (34) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

35.     Averment (35) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

36.     Averment (36) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

37.     Averment (37) does not require a responsive pleading since it is addressed to a party other than the parties appearing in this Answer to the Complaint. But in the eventuality that an answer was required, then it is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the averment.

38.     Averment (34) is denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

## V.  ALLEGATIONS

39.     Averment (39) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

40.     Averment (40) contains a collection of legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

41.     Averment (41) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

42.     Averment (42) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

## VI.  CAUSES OF ACTION AND NEGLIGENCE OF THE COMMONWEALTH OF PUERTO RICO

43.     The appearing Defendants repeat and incorporate all prior averments contained in this Answer to the Complaint as may be applicable.

44.     Averment (44) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

45.     Averment (45) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

46.     Averment (46) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

47.     Averment (47) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

48.     Averment (48) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

49.     Averment (49) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

50.     Averment (50) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

51.     Averment (51) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

52.     Averment (52) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

53.     Averment (53) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

54.     Averment (54) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

55.     Averment (55) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

56.     Averment (56) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

57.     Averment (57) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

58.     Averment (58) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

59.     Averment (59) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

60.     Averment (60) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

61.     Averment (61) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

62.     Averment (62) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

63.     Averment (63) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

64.     Averment (64) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

65.     Averment (65) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

66.     Averment (66) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

67.     Averment (67) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

68.     Averment (68) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

69.     Averment (69) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

70.     Averment (70) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

71.     Averment (71) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

72.     Averment (72) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

## VII.   SECOND CAUSE OF ACTION

73.    The appearing Defendants repeat and incorporate all prior averments contained in this Answer to the Complaint as may be applicable.

74.    Averment (74) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

75.    Averment (75) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

76.    Averment (76) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

77.    Averment (77) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

78.    Averment (78) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

79.    Averment (79) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

80.    Averment (80) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

81.    Averment (81) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

82.    Averment (82) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

83.    Averment (83) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

84.    Averment (84) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

85.    Averment (85) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

86.    Averment (86) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

87.    Averment (87) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

88.    Averment (88) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

89.    Averment (89) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

## VIII.   THIRD CAUSE OF ACTION UNDER 42 USC 1983.

90.    The appearing Defendants repeat and incorporate all prior averments contained in this Answer to the Complaint as may be applicable.

91.    Averment (91) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

92.    Averment (92) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

93.    Averment (93) states Plaintiffs' conclusions with regard to supplemental jurisdiction, and as such, it does not require a responsive pleading. However, it is denied inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein.

## IX.  DAMAGES

94.     Averment (94) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

95.     Averment (95) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

96.     Averment (96) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

97.     Averment (97) contains legal statements and/or conclusory allegations that do not require a responsive pleading. Yet, in the event a response is required, it is denied.

98.     Plaintiff Díaz-Castro's prayer for relief does not require a responsive pleading; however, in the event a response is required, they are all denied.

99.     Plaintiff WCD's prayer for relief does not require a responsive pleading; however, in the event a response is required, they are all denied

### PRAYER FOR RELIEF

The prayer for relief requested by Plaintiffs does not require a responsive pleading; however, in the event a response is required, they are all denied.

### AFFIRMATIVE DEFENSES

1.     Defendants' Motion to Dismiss at Docket No. 10 is pending before this Honorable Court. Appearing Defendants do not waive any argument articulated therein and incorporates them herein as affirmative defense.

2.     The complaint fails to state a claim upon which relief may be granted against the appearing defendants.

3.     This Honorable Court lacks jurisdiction over the subject matter in the instant action.

4.      There is no pendent and/or supplemental jurisdiction over the subject matter as to any claims under the constitution and/or laws of the Commonwealth of Puerto Rico.

5.      There is no venue.

6.      The complaint fails to state a claim cognizable under any applicable federal or state statute.

7.      The complaint fails to state specific acts of appearing defendant which amount to a deprivation of any of plaintiff's constitutional, federal or Commonwealth's protected rights.

8.      The complaint fails to state a claim cognizable under any supplemental state law claims.

9.      The complaint fails to state the necessary elements under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and all state law claims.

10.     The appearing defendant is not liable under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and all state law claims, because his conduct did not reflect a reckless disregard to plaintiffs' constitutional rights.

11.     Defendant Rivera-Geigel was not involved in the investigation of the criminal facts against Plaintiff Díaz-Castro, nor did he initiate a criminal proceeding against the Plaintiff. He was not personally involved.

12.     Defendant acted without malice.

13.     Defendant Rivera-Geigel is entitled to prosecutorial immunity and/or absolute immunity.

14.     Appearing defendant did not conspire against plaintiff.

13

15.     Plaintiff has not been deprived of any federally protected right or privilege by the appearing defendant.

16.     The complaint fails to allege any specific acts or omissions as required by 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and all state law claims. Therefore, no relief can be granted.

17.     The complaint fails to state the type of ill motive or intent actionable under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

18.     The appearing defendant, at all times, acted according to law and in good faith in the performance of his duties.

19.     The appearing defendant acted at all times within the established framework of his authority and duties and neither negligently nor intentionally violated any of plaintiff's constitutional rights.

20.     The appearing defendant was not personally involved in the alleged violations of plaintiff's protected rights.

21.     Plaintiff's alleged damages are preexistent.

22.     The complaint fails to state specific facts adequate to show that plaintiff suffered damages.

23.     The appearing defendant is entitled to qualified immunity.

24.     The instant action is barred by the Eleventh Amendment.

25.     Any claims against the appearing defendant in official capacity are barred by the Eleventh Amendment.

26.     The instant case is time barred.

14

27.     In the hypothesis that plaintiff is entitled to any relief, which the appearing defendants deny, plaintiffs is not entitled to recover under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and all state law claims, nor are they entitled to punitive damages.

28.     In the hypothesis that plaintiff is entitled to any relief, which the appearing defendants deny, plaintiff has failed to mitigate damages.

29.     The complaint fails to state specific facts adequate to show that plaintiff suffered any damages as a result of the alleged official acts of the appearing defendant. Therefore, Plaintiff is not entitled to any damages or any other relief.

30.     Any damages suffered by plaintiff were caused by her own negligence or conduct and she is directly responsible for the events that gave rise to the complaint, and not the result of any act or omission that can be attributed to the appearing defendant.

31.     In the hypothesis that plaintiff is entitled to any relief, which the appearing defendants deny, then the damages claimed are not proportional to what allegedly happened to plaintiff and what she suffered as the result of the incident.

32.     Plaintiff has a duty to mitigate damages, and the alleged damages should be denied or reduced to the extent that he failed to fulfill such a duty.

33.     Plaintiff's claims are precluded by the doctrines of waiver, abstention, issue preclusion, *res judicata*, *laches,* collateral estoppel and/or judicial estoppel.

34.     Plaintiff has contributed to her damages, if any.

35.     In the hypothesis that Plaintiff is entitled to any relief, which the appearing defendants deny, the doctrine of comparative negligence ("*negligencia comparada*") applies.

36.     The appearing defendant's actions, if any, were objectively reasonable viewed in the light of the facts and circumstances that confronted him.

15

37.     Plaintiff's seizure was objectively reasonable under the purview of the Fourth Amendment.

38.     The appearing defendant did not fabricate evidence nor framed Plaintiff.

39.     The appearing defendant did not coerce a witness to testify against plaintiff.

40.     The appearing Defendant at all times acted as an attorney for the state.

41.     There is no supplemental jurisdiction over the subject matter as to any claims under the Constitution or laws of the Commonwealth of Puerto Rico.

42.     There is no causal link between the alleged conduct and the alleged deprivation of plaintiffs' federal and/or state protected rights.

43.     Plaintiff has failed to join indispensable parties.

44.     There is no *respondeat superior* or supervisory liability applicable to this case.

45.     Plaintiff failed to state enough facts to configure a cause of action against defendant under federal or state law.

46.     Plaintiff has not established any official policy or custom on the part of the defendant to hold them liable.

47.     Plaintiff failed to establish a torts claim under Article 1802 or 1803 of the Civil Code of Puerto Rico.

48.     Plaintiff failed to establish that defendant is vicariously liable for any act or omission of individuals under their supervision that might have caused her any damages.

49.     Plaintiff failed to establish any violation on the part of the defendant of any of their rights under the Constitution or Laws of the Commonwealth of Puerto Rico.

50.     Appearing defendant did not have a culpable state of mind.

51.     Plaintiff's damages claims are speculative and/or non-existent.

52.     Plaintiffs are not entitled to special damages for mental anguish and, emotional distress and humiliation because they were not properly pleaded.

53.     The complaint claims against the appearing codefendants do not rise to the level of a constitutional violation; therefore, it is not cognizable under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and all state law claims.

54.     There is no causal connection between any acts and omissions that may be attributed to the appearing defendant and the alleged damages suffered by the Plaintiff.

55.     The damages claimed by plaintiff are excessive and unreasonable.

56.     Plaintiff is not entitled to recover attorney fees, expert witness fees, costs and other litigation expenses.

57.     The appearing defendant cannot be held liable for acts, omissions, fault or negligence, if any, of third parties that are not properly included as defendants in this case.

58.     Plaintiff did not comply with the pleading standard for his claims.

59.     Plaintiff did not comply with Federal Rule of Civil Procedure 8 when drafting this complaint.

60.     Plaintiff has failed to exhaust the available administrative remedies.

61.     The appearing Defendant does not have personal knowledge regarding the underlying facts of the criminal procedure instituted against Plaintiff.

62.     The appearing defendant hereby reserves the right to amend the pleading, to bring any other party, and/or to raise any other affirmative defense, according to the established procedure, that may arise as a result of the discovery.

63.     Appearing defendant does not waive any other affirmative defense that may arise during discovery proceedings or upon good cause shown.

WHEREFORE the Defendants respectfully request and pray the Court that the complaint be dismissed, judgment entered in Defendants' favor; that plaintiff be charged with costs and attorney's fees; and grant them any other relief which may be deemed proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 2nd day of May, 2017.

IT IS HEREBY CERTIFIED that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Acting Deputy Secretary in Charge of Litigation

**SUSANA PEÑAGARÍCANO-BROWN**
Acting Director of Federal Litigation Division

*S/Jaime J. Zampierollo-Vilá*
**JAIME J. ZAMPIEROLLO-VILÁ**
USDC-PR No. 228710
Federal Litigation Division
Department of Justice
P.O. Box 9020192
San Juan, PR 00902-0192
Office (787) 721-2900 Ext. 2650
Fax. (787) 723-9188
Email: jzampierollo@justicia.pr.gov

18