TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

En el asunto de:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO

PROMESA TÍTULO III

como representante de:

Núm. 17BK3283-LTS

ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS

Reclamo Número: 16333

    Deudores

## MOCIÓN A QUINGENTÉSIMA TRIGÉSIMA OCTAVA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DE DEUDOR INCORRECTO.

**AL HONORABLE TRIBUNAL DE DISTRITO:**

Comparece, ante este Honorable Tribunal precedido por la Juez Laura Taylor Swain, Juez del Tribunal de Distrito de los Estados Unidos, María V. Pérez Rodríguez (parte recurrida), por derecho propio, y por este medio respetuosamente **ALEGA, EXPONE y SOLICITA:**

1. El 31 de octubre de 2022, recibimos la Quingentésima Trigésima Octava Objeción Global (No sustantiva) del Estado Libre Asociado de Puerto Rico (ELA) a Reclamación de Deudor Incorrecto.

2. En el documento se describe como reclamación innecesaria la Reclamación Número 16333.

3. El Estado Libre Asociado solicita que la reclamación ha de ser reclasificada para incorporarla en el Caso de Título III de la Autoridad de Energía Eléctrica (AEE).

**Motivos para oposición a la objeción global**

1. Alega el Sr. Jay Herriman "case: 17-03283-LTS Doc # 22741-3 Filed: 10/28/22 Entered: 10/28/22 17:34:14 Desc: Exhibit B Page 8 of 8, Items".

    5."A mi leal saber y entender, las Reclamaciones que ha de ser reclasificadas identifican al ELA como deudor, cuando la evidencia de reclamación y/o la documentación justificativa muestran que en todo caso lo correcto sería que dichas reclamaciones se alegaran contra la Autoridad de Energía Eléctrica de Puerto Rico. En consecuencia, cada una de las Reclamaciones que han de ser reclasificadas debe ser reclasificadas para alegarse contra la Autoridad de Energía Eléctrica de Puerto Rico.

2. El ELA establece que la AEE es una entidad aparte y jurídicamente independientemente con capacidad de demandar y ser demandada de manera autónoma, 22 LP.R.A&196(e).

3. De esta misma Ley la sección 4 – Junta de Gobierno (22 L.P.R.A.) & 194 establece, "Los poderes de la Autoridad se ejercerán y su política general y dirección estratégica se determinará por una Junta de Gobierno, que será su ente rector,...".

4. De acuerdo con la Sección 3 – Creación y formación de la Autoridad (22 L.P.R.A. & 193) la Autoridad es una instrumentalidad gubernamental, sujeta al control de su Junta de Gobierno. En la Sección 4 Junta de Gobierno (22 L.P.R.A. & 194) inciso (a) indica "… La Junta de Gobierno estará compuesta por siete (7) miembros. El Gobernador de Puerto Rico nombrará, con el consejo y consentimiento del Senado tres (3) de los siete (7) miembros que compondrán la Junta…" "El Gobernador evaluará la lista de candidatos recomendados y escogerá tres (3) personas de la lista". Estos miembros son seleccionados a entera discreción del Gobernador. El cumplimiento de la Junta es remitido al Gobernador mediante un informe con hallazgos y recomendaciones. La función principal de la Junta de Gobierno es dar dirección estratégica a la Autoridad Inciso (D), renglón 1 Sección 4 – Junta de Gobierno (22 L.P.R.A. & 194). El 45 % de los miembros de esta Junta son seleccionados y nombrados por el Gobernador, con el consejo y consentimiento del Senado.

Del Inciso (f) Desempeño y Conducta, renglón (v) Sección 4 – Junta de Gobierno (22 L.P.R.A. &194) se desprende que "Sin que se pueda interpretar como una limitación a las facultades conferidas al Gobernador de Puerto Rico bajo la Ley Núm. 3-2017, el Gobernador podrá destituir cualquier miembro de la Junta por las siguientes causas:

(ii) Incompetencia, inhabilidad profesional manifiesta o negligencia en el desempeño de sus funciones y deberes,…".

Los deberes de fiducia de los miembros de la Junta de Gobierno están enmarcados en el beneficio de la Autoridad y del interés público de proveer un servicio público esencial de calidad o de los clientes.

El hecho que la Ley 22 L.P.R.A. otorga a la AEE la facultad de demandar y ser demandada, esto no le da inmunidad al Estado para responder por su acción u omisión. Más aun cuando el mismo Estado, por ley, autorizó a demandarlo en la siguiente situación:

> "Acciones para reivindicar propiedad mueble e inmueble o derechos sobre las mismas, con o sin resarcimiento de perjuicios por los daños causados en dicha propiedad o por sus rentas y utilidades y para deslinde de finca rústica". Ley Núm. 104 de 29 de junio de 1955, según enmendada, Artículo 2 – Autorización (32 L.P.R.A. &3077).

Considerando todo lo mencionado anteriormente también el Estado Libre Asociado de Puerto Rico está obligado al cumplimiento efectivo, oportuno e íntegro de la obligación contraída, de acuerdo a su Constitución, de hacer cumplir los acuerdos contractuales. De no fijar responsabilidad al estado se le estaría relevando de su obligación permitiéndole que me expropiaran la titularidad que poseo sobre mi pensión con miras a satisfacer la deuda pública.

Es por lo presentado que solicito respetuosamente al Honorable Tribunal de Distrito de los Estados Unidos representado por su señoría Laura Taylor Swain que dicte orden dejando sin efecto la Quingentésima Trigésima Octava Objeción Global (No sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones de

Deudor incorrecto. Declarando **NO HA LUGAR** la solicitud relacionada con la reclamación 16333, ya que se han violentado los derechos constitucionales establecidos en la Constitución del Estado Libre Asociado de Puerto Rico.

RESPETUOSAMENTE SOMETIDO,

**En San Juan, Puerto Rico, hoy 8 de noviembre de 2022**

*[firma]*

María V. Pérez Rodríguez
Parte Recurrida
Calle Katherine #400 Urbanización Vega Serena
Vega Baja, PR 00693
Teléfono: (787) 629-8744
Email: marionkira@gmail.com

Certifico: Haber notificado copia del presente escrito a:

Counsel for the Oversight Board (Abogados de la Junta de Supervisión)
Proskauer Rose LLP
Eleven Times Square
Nueva York, Nueva York 10036-8299
Attn: Martin J. Bienenstock
Brian S. Rosen

Counsel for the Creditors' Committee (Abogados del Comité de Acreedores)
Paul Hastings LLP
200 Park Avenue
Nueva York, Nueva York 10166
Attn: Lue A. Despins
James Bliss
James Worthington
G. Alexander Bongartz

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico.*

**En San Juan, Puerto Rico, hoy 8 de noviembre de 2022**

María V. Pérez Rodríguez
Parte Recurrida
Calle Katherine #400 Urbanización Vega Serena
Vega Baja, PR 00693
Teléfono: (787) 629-8744
Email: marionkira@gmail.com