# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

---------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

**Re: D.E. No. 20937**

(Jointly Administered)

## URGENT UNCONTESTED OMNIBUS MOTION FOR
## EXTENSION OF DEADLINES CONCERNING SCHEDULING OF MEDIATIONS

To the Honorable United States District Judge Laura Taylor Swain and the Honorable United States Magistrate Judge Judith G. Dein:[2]

    Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust ("Trust"), respectfully submits this urgent uncontested omnibus motion (the "Urgent Motion") for entry of an order, substantially in the form attached as Exhibit A (the "Proposed Order"), extending the deadline set forth in the Court's Avoidance Action Procedures [DE No.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Trustee addresses this Urgent Motion to both Judge Swain and Judge Dein because although sections I.H and I.I of the *Sixteenth Amended Order on Case Management Procedures* [DE. No. 20190] requires all urgent filings be directed to Judge Swain, each of the avoidance actions subject of this motion were referred to Magistrate Judge Dein for general pretrial management.

1

20937, Appendix 2] ("Procedures") to set mediation dates for certain, remaining avoidance action defendants with whom mediation has not been finally scheduled. The Trustee has filed this motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in the certain avoidance involving the Remaining Defendants (defined below). In support, the Trustee respectfully states as follows:

## BACKGROUND

1. On April 14, 2022, the Trustee filed the *Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (D.E. 20560 in Case No. 17-BK-3283) ("Procedures Motion").

2. Through the Procedures Motion, the Trustee requested that the Court enter an order approving litigation case management procedures (*i.e.*, the "Procedures") for dozens of avoidance actions that were transferred to the Avoidance Actions Trust pursuant to the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Avoidance Actions").[3]

3. On May 23, 2022, the Court established the Procedures upon entering the *Order Allowing Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (D.E. 20937).

4. Article V(i) of the Procedures provides as follows:

> During the Stay Period, the Trustee shall communicate with each defendant for the purpose of establishing dates for a pre-trial mediation session with each defendant, which shall be scheduled on a mutually convenient date among counsel and the parties. <u>Unless otherwise allowed by the Court, by no later than sixty (60) days from the conclusion of the first one hundred and twenty (120) days of the Stay Period, a date for the mediation session shall be set for each Avoidance Action.</u>

(Procedures, D.E. 20937, Appendix 2, Art. V(I) (emphasis added)).

---

[3] The Avoidance Actions subject of the Procedures are identified in Appendix I of the Court's Procedures Order.

2

5. Accordingly, the deadline for the Trustee and defendants in the Avoidance Actions to set a date for mediation is **November 21, 2022** (the "Mediation Scheduling Deadline").

6. As the Trustee reported in its First [D.E. 22331] and Second [D.E. 22649] status reports to the Court, the Trustee and its professionals have expended substantial time and effort to schedule mediations in each Avoidance Action by the Mediation Scheduling Deadline.

7. The Trustee's efforts have included the following:

   a. The Trustee has communicated with each of the fifty-one (51) Avoidance Action defendants to schedule mediation and, in almost every instance, has done so numerous times.

   b. If a defendant or its counsel failed to respond to the Trustee's counsel, then it was, and continues to be, the practice of Trustee's counsel to follow-up with such defendant or counsel until a mediation is ultimately set.

   c. The Trustee has already <u>completed</u> mediation with twenty (20) defendants (the "Completed Mediations").

   d. The Trustee has scheduled and finally set an additional sixteen (16) mediations to occur ("Scheduled Mediations").

8. Beyond the Completed Mediations and Scheduled Mediations, there remain thirteen (13) defendants for which "a date for the mediation session" has not been "set" pursuant to the Procedures (the "Remaining Defendants").

9. The Remaining Defendants can be categorized in three sub-tranches.

10. The first tranche includes defendants with whom the Trustee has already <u>tentatively scheduled</u> mediation or is in the process of re-scheduling previously-scheduled mediations (the "Tentatively-Scheduled Defendants). As of the filing of this motion, there are five

3

(5) Tentatively-Scheduled Defendants, as follows:

| | |
|---|---|
| GM Security Technologies, Inc. | 19-00273 |
| St. James Security Services, LLC | 19-00145 |
| Ambassador Veterans Services of Puerto Rico L.L.C. | 19-00048 |
| Community Cornerstones, Inc. | 19-00043 |
| E. Cardona & Asociados, Inc. | 19-00056 |

11. The second tranche includes defendants with whom the Trustee is currently engaged in ongoing communications with the aim of scheduling mediation, but for whom a specific date and/or mediation has not been finalized (the "In-Process Defendants"). As of the filing of this motion, there are seven (7) In-Process Defendants, as follows:

| | |
|---|---|
| Centro de Desarrollo Académico, Inc. | 19-00053 |
| Jose Santiago, Inc. | 19-00075 |
| Junior Bus Line, Inc. | 19-00229 |
| Rodriguez-Parissi & Co., C.S.P. | 19-00155 |
| Seguros Colon Colon, Inc. | 19-00130 |
| Sesco Technology Solutions, LLC | 19-00162 |
| Xerox Corporation | 19-00218 |

12. The third tranche includes one (1) defendant who has completely failed to respond to the Trustee's repeated efforts to schedule mediation (the "Unresponsive Defendant"). For the Court's reference, the Trustee is also including in the table below as to each Unresponsive Defendant the number of e-mail communications that the Trustee has sent to each Unresponsive Defendant to which a meaningful response by a defendant has not been furnished.

| | | |
|---|---|---|
| Didacticos, Inc. | 19-00161 | Ten (10) email communications to vendor. |

13. The Trustee believes that mediations with many of the Tentatively-Scheduled

4

Defendants and the In-Process Defendants should be set on or before the Mediation Scheduling Deadline in light of the advanced status of mediation-related communications with such defendants.

14. However, unlike the Tentatively-Scheduled Defendants and the In-Process Defendants, the Trustee cannot assess whether the Unresponsive Defendant will respond or set a mediation date before the Mediation Scheduling Deadline.

15. Although not contemplated by the Procedures Motion, but in an effort to advance the process and conserve judicial resources, the Trustee has also engaged in this same process with numerous tolled parties in an effort to resolve or narrow claims before litigation.

## RELIEF REQUESTED

16. The Trustee respectfully submits that Rule 9006(b) of the Federal Rules of Bankruptcy Procedure authorizes the Court to grant an extension of the Mediation Scheduling Deadline.

17. Rule 9006(b) provides in relevant part:

[W]hen an act is required or allowed to be done at or within a specified . . . by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

18. Good cause exists to grant the requested extension of the Mediation Scheduling Deadline.

19. Specifically, in light of the volume of Avoidance Actions, the numerous defendants and their counsel, and the need for input from several mediators, the process to schedule mediations in each Avoidance Action has been a multifaceted process that involves input from

various parties. As set described above, in accordance with spirit and purpose of the mediation provisions of the Procedures, the Trustee has, since entry of the Procedures, worked diligently to schedule mediation in each of the Avoidance Actions to work through this multifaceted process in an efficient and streamlined way. As a testament to these efforts, all but one of the Remaining Defendants have engaged in fruitful, mediation-specific communications and are on the cusp of setting a date for mediation in their respective Avoidance Actions (i.e., the Tentatively-Scheduled Defendants and the In-Process Defendants). These responsive Remaining Defendants have discussed scheduling mediation within a certain timeframe, or have even, along with the Trustee, submitted dates to a preferred mediator and are simply waiting for confirmation.

20. Thus, although the Trustee's efforts to set a firm mediation date in each of the Avoidance Actions remains ongoing despite the best efforts of its professionals (and those responsive Remaining Defendants), the Trustee is uncertain whether mediation will be set for *all* of the Remaining Defendants by the Mediation Scheduling Deadline.

21. To continue this process, the Trustee has communicated to counsel for the Remaining Defendants for their consent to extend the Mediation Scheduling Deadline for a period of 60 days, through and including January 20, 2023. As of the date of this motion, two (2) of the Remaining Defendants have consented to the relief requested, six (6) of the Remaining Defendants do not object to the filing of this Extension Motion, and five (5) of the Remaining Defendants have not responded or otherwise indicated any opposition despite multiple requests.

22. Accordingly, in light of these foregoing circumstances and good cause, the Trustee proposes and requests an extension of the Mediation Scheduling Deadline through and including **January 20, 2023**.

23. Pursuant to Paragraph I.H of the Sixteenth Amended Notice, Case Management and

6

Administrative Procedures [ECF No. 20190-1] (the "Case Management Procedures"), the Trustee certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested in this Urgent Motion.

## NOTICE

24. The Trustee has provided notice of this Urgent Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in these Title III cases; and (i) Movants. A copy of the Urgent Motion is also available on the Commonwealth's case website at https://cases.primeclerk.com/puertorico/.

WHEREFORE, the Trustee requests the Court enter the Proposed Order, extend the Mediation Scheduling Deadline, and grant such other relief as is just and proper.

Dated: November 14, 2022

                                        Respectfully submitted by:

                                        */s/ John Arrastia*
                                        John Arrastia, Esq. (*Pro Hac Vice*)
                                        Jesus M. Suarez, Esq. (*Pro Hac Vice*)
                                        Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
                                        **CONTINENTAL PLLC**
                                        255 Alhambra Cir. Suite 640

        Coral Gables, FL 33134
        Tel: 305-677-2707
        JArrastia@continentalpllc.com
        JSuarez@continentalpllc.com
        ACastaldi@continentalpllc.com

        And

        /s/ *Juan J. Casillas Ayala*
        Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
        Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
        Juan C. Nieves González, Esq. (USDC-PR 231707)
        Edna Tejeda Oyola (USDC-PR 219803)
        **CASILLAS, SANTIAGO & TORRES LLC**
        El Caribe Office Building
        53 Palmeras Street, Ste. 1601
        San Juan, Puerto Rico 00901-2419
        Telephone: (787) 523-3434
        jcasillas@cstlawpr.com
        lllach@cstlawpr.com
        jnieves@cstlawpr.com
        etejeda@cstlawpr.com

        *Counsel to the Trustee*

## CERTIFICATE OF SERVICE

    I **HEREBY CERTIFY** that on November 14, 2022, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

        */s/ John Arrastia*
        John Arrastia, Esq.

8

**Exhibit A**
**Proposed Order**