UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING IN PART AND DENYING IN PART THE
MOTIONS FOR STAY RELIEF FILED BY OBE E. JOHNSON

        The Court has received and reviewed the two pleadings filed by Obe E. Johnson (the "Movant") on October 20, 2022 (Docket Entry Nos. 22665 and 22667 in Case No. 17-3283) (the "Motions"). The Motions, construed liberally in favor of the pro se Movant, see Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990), appear to seek relief from the injunction (the "Plan Injunction") imposed by the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (Docket Entry No. 19784 in Case No. 17-3283) (the "Commonwealth Plan"),[2] so as to permit Movant to prosecute (i) the First Habeas Corpus Action[3] and the Second Habeas Corpus

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Although the Motions reference the automatic stay imposed by 11 U.S.C. § 362(a), the automatic stay has terminated due to the occurrence of the effective date of the Commonwealth Plan. See 11 U.S.C. § 362(c)(2)(C).

[3]     Capitalized terms used but not defined herein have the meaning given to them in the *Objection of the Commonwealth of Puerto Rico to Motion for Relief from Stay Filed by*

Action (together, the "Habeas Corpus Actions") and (ii) the Prepetition Damages Action. As this is Movant's fourth request for leave to pursue litigation against the Commonwealth of Puerto Rico, the Court assumes familiarity with the factual and procedural background. (See Commonwealth Obj. ¶¶ 23-32 (describing prior requests for stay relief filed by Movant).) The Court has reviewed the papers submitted in connection with the Motions[4] and, for the reasons that follow, the Motions are granted in part and denied in part.

      First, with respect to the Habeas Corpus Actions, the Commonwealth concedes that the Plan Injunction does not enjoin petitions for the writ of habeas corpus (Commonwealth Obj. ¶ 34 & n.11), and there is therefore no bar to prosecution of the Habeas Corpus Actions. Accordingly, the Motions are granted to the extent that the Court hereby confirms that neither the automatic stay nor the Plan Injunction restricts litigation of the Habeas Corpus Actions.

      Second, with respect to the Prepetition Damages Action, to the extent that Movant has filed proofs of claim on account of the claims underlying that litigation, those claims will be addressed through the claims resolution process in the Commonwealth of Puerto Rico's Title III case. Movant has not proffered any legal or factual basis for providing relief from the Plan Injunction to permit the Prepetition Damages Action to be litigated outside the context of the Title III case. Accordingly, the Motions are denied as to the Prepetition Damages Action.

      This Order resolves Docket Entry Nos. 22665 and 22667 in Case No. 17-3283.

      SO ORDERED.

Dated: November 15, 2022

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge

---

[4] *Obe E. Johnson* (Docket Entry No. 22797 in Case No. 17-3283) (the "Commonwealth Objection").

In addition to the Motions, the Court has reviewed the Commonwealth Objection, filed by the Financial Oversight and Management Board for Puerto Rico, and the additional documents filed by Movant on November 7, 2022 (Docket Entry No. 22830 in Case No. 17-3283), and November 10, 2022 (Docket Entry No. 22854 in Case No. 17-3283).