**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1]<br>_____/ | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**CERTIFICATION OF JOHN ARRASTIA, ESQ. IN SUPPORT OF THE SECOND
INTERIM FEE APPLICATION OF CONTINENTAL PLLC, AS SPECIAL LITIGATION
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM JUNE 1, 2022 THROUGH SEPTEMBER 30, 2022**

I, John Arrastia, certify that the following is true to the best of my knowledge information,

and belief:

1.      I am an attorney and shareholder of Continental PLLC ("Continental"), with two

offices in Florida located at 255 Alhambra Circle, Suite 640, Coral Gables, Florida 33134

("Miami"); and 101 North Monroe Street, Suite 750, Tallahassee, Florida 32301 ("Tallahassee"),

and one office located in Washington, D.C. at 1747 Pennsylvania Avenue, NW, Ste. 875,

Washington, D.C. 20006 ("Washington, D.C.").

2.      I am admitted to practice law in the state of Florida. By order dated April 16, 2019,

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

I was admitted to appear *Pro Hac Vice* in the Debtors Title III Cases [Dkt. No. 6330].

3.      I am duly authorized to make this Certification on behalf of Continental. The facts set forth in this Certification are based upon my personal knowledge, my discussions with other Continental attorneys, and the review of Continental's client/matter records by me or other Continental attorneys acting under my supervision and direction.

4.      In accordance with (a) Local Bankruptcy Rule 2016-1 (the "Local Guidelines"), (b) Appendix B of the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), and (c) the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered June 6, 2018* (the "Interim Compensation Order"), this Certification is made with respect to the *Seventh Interim Application of Continental PLLC, as Special Litigation Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from June 1, 2021 through September 30, 2021* (the "Application").[2]

5.      Pursuant to section (a)(4) of the Local Guidelines, I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conforms with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Continental generally (taking into consideration that Continental employs a variety of fee arrangements with its clients, including hourly fees, contingency fees and hybrid fees involving reduced hourly rates and reduced contingency fee

---

[2] Capitalized terms used shall have the same meanings given to them in the Application.

percentages) and billed in accordance with the Engagement Letter and Retention Order; and (c) in

providing a reimbursable services, Continental does not make a profit on that service, whether the

service is performed by Continental in-house or through a third party.

6.      Continental seeks allowance of all of its fees incurred during the Application Period

in the amount of $273,196, to the extent such amount has not been paid before the hearing

scheduled on this Second Interim Application. In accordance with the Engagement Letter and

Retention Order, Continental agreed to a voluntary fee reduction equal to 20%, which results in a

reduction in fees in the amount of $54,639.20 in the Second Interim Application.

7.      Continental provides the following response to the request for information set forth

in the U.S. Trustee Guidelines:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period? |
| Response: | Yes. As a courtesy to the Committee and based on circumstances unique to the Title III Case, during the Application Period, Continental agreed to a voluntary reduction of its fees by an amount equal to 20% of the total fees sought to be paid, which reduction totals $54,639.20. |
| Question: | If the fees sought in this Second Interim Application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | The fees were below the budgeted amount, therefore the request is not applicable. |
| Question: | Have any of the professionals included in this Second Interim Application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing |

3

records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response:     The Second Interim Application includes approximately 13.3 hours and associated fees of approximately $3,467.50 related to preparing, reviewing, and revising Continental's fee statements.

Question:     Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:     No.

Question:     If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:     No rate increases have occurred since the retention date.

8.      I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of November 2022.

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir, Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@ContinentalPLLC.com

4