# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>No. 17-BK-4780-LTS |

## ORDER DENYING RULE 2004 MOTION
## CONCERNING VITOL SETTLEMENT AGREEMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This matter is before the Court on the *Urgent Motion of Fuel Line Lenders for Examination of Oversight Board under Federal Rule of Bankruptcy Procedure 2004 Concerning Vitol Settlement Agreement* (Dkt. No. 22810 in Case No. 17-3283 and Dkt. No. 3066 in Case No. 17-4780) (the "Urgent Motion"). Through the Urgent Motion, the Fuel Line Lenders[2] seek to conduct an examination of the Oversight Board pursuant to Federal Rule of Bankruptcy Procedure 2004[3] concerning a settlement agreement reached between the Oversight Board and Vitol S.A. and/or its affiliates ("Vitol") in connection with an appeal before the United States Court of Appeals for the First Circuit (the "Vitol Settlement Agreement").

## BACKGROUND

Based on the Oversight Board's representations at the November omnibus hearing, the Fuel Line Lenders argue that the Vitol Settlement Agreement will be an integral part of the forthcoming plan of adjustment for the Puerto Rico Electric Power Authority ("PREPA") because it will purportedly ensure compliance with certain requirements for confirmation.[4] (Urgent Mot. at 1). The Fuel Line Lenders therefore assert that discovery on the Vitol Settlement Agreement is necessary to allow creditors to further understand the agreement and its impact on any plan of adjustment. (Id. at 6). Specifically, the Fuel Line Lenders request that the Court

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion or the Joinder.

[3] Federal Rule of Bankruptcy Procedure 2004 is made applicable to these proceedings by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). 48 U.S.C. § 2170.

[4] Counsel for the Oversight Board represented that Vitol is expected to be an impaired accepting class under the plan thereby satisfying section 1129(a)(10) of the Bankruptcy Code. Section 1129(a)(10), which is made applicable to confirmation of PREPA's plan of adjustment through sections 301 and 314 of PROMESA, provides, "[t]he court shall confirm a plan only if all of the following requirements are met . . . [i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." 11 U.S.C.A. § 1129(a)(10) (Westlaw through Pub. L. No. 117-214).

enter an order directing the Oversight Board to respond to document requests seeking "the settlement agreement itself (and any related agreements such as those involving voting on the plan), as well as the negotiation history of the settlement between Vitol and the [Oversight] Board leading up to the appellate dismissal." (Id. at 9, Ex. B).

On November 10, 2022, the PREPA Bondholders and the Trustee submitted the *Joinder of Assured Guaranty Corp., Assured Guaranty Municipal Corp, the Ad Hoc Group of PREPA Bondholders, National Public Finance Guarantee Corporation, Syncora Guarantee Inc., and the PREPA Bond Trustee to Urgent Motion of Fuel Line Lenders for Examination of Oversight Board under Federal Rule of Bankruptcy Procedure 2004 Concerning Vitol Settlement Agreement (ECF No. 22810)* (Dkt. No. 22843 in Case No. 17-3283 and Dkt. No. 3073 in Case No. 17-4780) (the "Joinder") seeking to join in the relief sought by the Fuel Line Lenders in the Urgent Motion. The PREPA Bondholders and the Trustee represent that they share the Fuel Line Lenders' concerns about the Vitol Settlement Agreement and argue that the targeted information sought in the Urgent Motion is critical to evaluating the agreement and any proposed plan of adjustment. (Joinder at 3). The PREPA Bondholders and the Trustee did not request any further discovery or submit additional document requests beyond those set forth in the Urgent Motion.

The Oversight Board objected to the Urgent Motion and the Joinder. (See *Objection to Fuel Line Lenders' Urgent Motion for Examination of the Oversight Board under Federal Rule of Bankruptcy Procedure 2004 Concerning Vitol Settlement Agreement* (Dkt. No. 22844 in Case No. 17-3283 and Dkt. No. 3074 in Case No. 17-4780) (the "Objection")). Attached to the Objection, the Oversight Board submitted a copy of the Vitol Settlement Agreement. (See Obj. Ex. A).

3

On November 14, 2022, the Fuel Line Lenders filed the *Reply of Fuel Line Lenders with Respect to Urgent Motion for Examination of Oversight Board under Federal Rule of Bankruptcy Procedure 2004 Concerning Vitol Settlement Agreement* (Dkt. No. 22863 in Case No. 17-3283 and Dkt. No. 3082 in Case No. 17-4780) (the "Reply"). In the Reply, the Fuel Line Lenders represent that the Urgent Motion "has been effectively resolved by the public filing of the Settlement Agreement." (Reply at 3). The Fuel Line Lenders conclude that further productions on this topic is unnecessary at this time and represent that they are "prepared to withdraw the remainder of the [Urgent] Motion without prejudice to seeking further discovery in connection with any plan." (Id.) The PREPA Bondholders and the Trustee did not file a reply brief and have not addressed whether the relief requested in their Joinder has been satisfied by the Oversight Board's public filing of the Vitol Settlement Agreement.

## DISCUSSION

Because the Fuel Line Lenders have not yet withdrawn their request for examination and the PREPA Bondholders' and the Trustee's related request remains pending, the Court will briefly address the merits of the Urgent Motion and the Joinder. For the following reasons, the Urgent Motion and the Joinder are DENIED.

"The scope of Rule 2004 discovery is broad and at the discretion of the Court." In re Fin. Oversight & Mgmt. Bd. for P.R., 295 F. Supp. 3d 66, 72 (D.P.R. 2018). If the debtor challenges a Rule 2004 examination, however, "then the examiner has the burden of establishing that good cause exists for the taking of the examination." Id. (quoting In re Hammond, 140 B.R. 197, 200-01 (Bankr. S.D. Ohio 1992)). "Good cause is established if one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of

4

its legitimate interests." Id. (quoting In re Hammond, 140 B.R. at 201). "The movant must show some reasonable basis to examine the material sought to be discovered and that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." Id. (quoting In re Youk-See, 450 B.R. 312, 320 (Bankr. D. Mass. 2011)).

The Court finds that, at present, good cause does not exist for the examination of the Oversight Board on the Vitol Settlement Agreement. As the Fuel Line Lenders acknowledge in the Reply, the substance of the information sought by the document requests (to which the PREPA Bondholders and the Trustee joined) has now been voluntarily produced by the Oversight Board through the public filing of the Vitol Settlement Agreement. The moving parties have therefore failed to establish that an examination is necessary to protect their legal interests or prevent any undue hardship. Accordingly, the Urgent Motion and the Joinder are DENIED without prejudice to the rights of the Fuel Line Lenders, the PREPA Bondholders, or the Trustee to seek discovery in connection with a proposed plan of adjustment for PREPA.

This Order resolves Dkt. Nos. 22810 and 22843 in Case No. 17-3283 and Dkt. Nos. 3066 and 3073 in Case No. 17-4780.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: November 16, 2022

5