**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

      Debtors.[1]

-------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

(Jointly Administered)

**THIRD STATUS REPORT OF THE AVOIDANCE ACTIONS TRUSTEE
IN CONNECTION WITH THE COURT'S AVOIDANCE ACTION PROCEDURES**

      Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance

Actions Trust, respectfully submits this third status report ("Third Status Report") in compliance

with Part III of the Court's Avoidance Action Procedures [DE No. 20937, Appendix 2]

("Procedures") and respectfully states as follows:

**RELEVANT BACKGROUND**

      1.    The Court's Procedures required the Trustee to file a "brief update on the status of

each Avoidance Action, including (as to each such action that remains pending at such time)

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

whether the parties are engaging in informal settlement discussions, the schedule established for mediation, and whether the Trustee expects the Avoidance Action to be litigated." [Procedures, DE No. 20937, Appendix 2, Pt. III, § (i)]. In accordance with the Procedures, the Trustee, on September 20, 2022, filed its first status report following the conclusion of the first one hundred and twenty (120) days of the Stay Period. [*See* DE No. 22331] ("First Status Report"). The Procedures require further status reports "every thirty (30) days thereafter."

2.      On October 20, 2022, the Trustee filed its second status report in accordance with the Procedures. [*See* DE No. 22649] ("Second Status Report").

3.      The First Status Report and Second Status Report included a case update that detailed the Trustee's progress and efforts concerning undertaking informal settlement discussions and mediations in the pending Avoidance Actions.

4.      Accordingly, the Trustee respectfully submits below its Third Status Report.[2]

### THIRD STATUS REPORT

5.      For the Court's reference, the Trustee respectfully notes that: (i) as with the First Status Report and Second Status Report, this Third Status Report attaches a case update as **Exhibit A** (the "Third Case Update"), and (ii) all updates within the thirty-day period since the Trustee's filing of the Second Status Report are emphasized using a red font color in the Third Case Update.

6.      As part of this Third Status Report, the Trustee summarizes certain data points contained within the attached Third Case Update, with a particularized focus on updates since the filing of the Second Status Report:

---

[2] On November 14, 2022, the Trustee submitted an *Urgent Uncontested Omnibus Motion for Extension of Deadlines Concerning Scheduling of Mediations* [DE No. 22862 in Case No. 17- 3283] requesting that the Court extend the deadline to schedule mediation from November 21, 2022 to January 20, 2023 ("Extension Motion"). On November 15, 2022, the Court entered an Order Setting Briefing Scheduling on the Extension Motion which required that any opposition to the Extension Motion must be filed by on November 18, 2022 [DE No. 22872] ("Briefing Order"). As of the filing of this Third Status Report, the Court has not entered an order deciding the Extension Motion, nor has there been any filing opposing the Extension Motion.

a. There are fifty-one (51) Avoidance Actions that have been filed, which are subject to the Procedures.

b. The Trustee has sent <u>each</u> of the defendants in the Avoidance Actions more than one invitation to mediate and has continued numerous efforts to schedule mediations in Avoidance Actions that had not yet scheduled a mediation date.

c. The Trustee has now submitted thirty-three (33) Position Papers[3] to the Avoidance Actions defendants and will continue to submit Position Papers to each defendant in advance of mediation as those mediations are scheduled.

d. The Trustee has already <u>completed</u> mediation with twenty-one (21) defendants, which includes ten (10) mediations since the Second Status Report.

e. The Trustee has <u>scheduled</u> an additional thirteen (13) mediations to occur, which includes six (6) appointments since the Second Status Report.

f. The Trustee has <u>tentatively scheduled mediations</u> (or is in the process of <u>re-scheduling</u> previously-scheduled mediations) in eight (8) of the Avoidance Actions, including five (5) tentative mediation dates since the Second Status Report.

---

[3] As the Trustee noted in the First Status Report and the Second Status Report, the Trustee is continuing to provide its detailed, written position regarding the pending claims in advance of mediation as they are scheduled. These Position Papers are the result of a factual and legal analysis of the issues related to each individual claim, including consideration of any defenses raised by the defendant or tolled party.

3

g.  Since the Second Status Report, the Trustee has continued to engage in informal communications with six (6) defendants with the aim of scheduling mediation with them in the near term.

h.  The Trustee reports that only one (1) defendant has failed to respond to the Trustee's several invitations to mediate, despite repeated communications. The Second Status Report reported three (3) such Defendants. The Trustee will endeavor to schedule mediation with such defendant notwithstanding the unresponsiveness to date.

i.  The Trustee has reached a settlement with three (3) Avoidance Actions defendants following mediation. For one defendant, the Trustee has documented that settlement and has dismissed the defendant from the respective matter. For the other defendant, the Trustee has reached a settlement in principle and the Parties are conducting further due diligence and finalizing the settlement documents. Finally, since the Second Status Report, the Trustee settled with another defendant and is working to document that settlement.

j.  As part of the Trustee's ongoing effort to engage in settlement and pre-mediation communications with defendants, one defendant has indicated that the Trustee may seek a default judgment with the court. In light of this communication, the Trustee has requested from this defendant whether it would consent to a judgment. In any event, the Trustee anticipates lifting the stay as to this one action once the Trustee has obtained insight from defendant's counsel.

7.      In addition to the Avoidance Actions Defendants, the Trustee continues to use the established mediation framework as an opportunity to engage with parties subject to tolling agreements ("Tolled Parties"), even though they are not subject to the Court's Order implementing the Procedures. As previously reported, the Trustee has sent several invitations to the Tolled Parties to mediation, using the same process as for the Avoidance Actions defendants, although acknowledging that participation is voluntary.

8.      Mindful of the confidentiality imposed by the tolling agreements, the Trustee can report the following:

     a.  The Trustee has invited one hundred percent (100%) of the Tolled Parties to mediation.

     b.  Ninety-four percent (94%) of the Tolled Parties have agreed to mediation.

     c.  Fifty-five percent (55%) of the Tolled Parties have already scheduled mediation.

     d.  Thirty-three percent (33%) of the Tolled Parties are in the process of scheduling mediation.

     e.  Fifty-five percent (55%) of the Tolled Parties have received a Position Paper from the Trustee.

9.      The Trustee appreciates the efforts of the defendants and their counsel who have been responsive throughout this process.

Dated this 18th day of November 2022

Respectfully submitted by:

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640

Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com
*Counsel to the Trustee*

*/s/ Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Juan C. Nieves González, Esq. (USDC-PR 231707)
Edna Tejeda Oyola (USDC-PR 219803)
**CASILLAS, SANTIAGO & TORRES LLC**
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com
jnieves@cstlawpr.com
etejeda@cstlawpr.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 18, 2022, I electronically filed the foregoing

motion with the Clerk of the Court using the CM/ECF system, which will send notification of such

filing to all appearing parties in the captioned proceeding.

*/s/ John Arrastia*
John Arrastia, Esq.