UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO, et al.,
Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283
(LTS)

---

( related to Docket No. 22799 )

## MOTION OF RECONSIDERATION OF ORDER AND
## SUBMITTING ADDITIONAL SUPPORTING DOCUMENTS

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COMES the group wage creditors, as active or former government employees, in the litigation captioned: (1) Madeline Acevedo-Camacho v Family Department, ARV and AIJ, Case No. 2016-05-1340; (2) Francisco Beltran Cintron et al. v. Puerto Rico Department of Family Affairs, (CASP No. 2021-05-0345; (3) Abraham Gimenez et al. v. Puerto Rico Department of Transportation & Public Works, CASP No. 2021- 05-0346; (4) Prudencio Acevedo Arocho et al. v. Puerto Rico Department of Treasury, Case No. KAC-2005-5022 and (5) Carmen Socorro Cruz Hernandez et als v Family Department, ARV and AIJ, Case No K AC 1991-0665, through the undersigned attorney and respectfully states and prays:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## INTRODUCTION

1. On November 2, 2022, was held an Omnibus Hearing where this Honorable Court, for the reasons stated on the record, denied appearing creditors' Application for Allowance and Payment of Administrative Expense Claims and entered the corresponding Order on November 3, 2022 dismissing the Administrative Expense petition claimants submitted , based on the fact the Government agencies for underpay their regular wages ( Docket entry 22799).

2. Due to the particular nature of the Administrative expense claims and, given the policies and statutory structures of Title III, and avoid immediate and irreparable harm to appearing creditors, in order to ensure that the claims, rights, remedies and causes of actions hold by the group claimants are decided and resolved properly under the Title III case, request the reconsideration of the November 3, 2022 Order, for the following reasons

## ARGUMENT

FIRST: The Order entered on November 3, 2022 constitutes an abuse of discretion

Abuse of discretion as is defined follows:

*When the judge, in the decision he issues, does not take into account and ignores, without justification for it, an important material fact that could not be ignored; When, on the contrary, the judge, without any justification and basis for it, gives great weight and value to an irrelevant and immaterial fact and bases his decision exclusively on it or when, despite considering and taking into account all the material and important facts and discarding the irrelevant ones, the judge lightly weighs and calibrates them.[2]*

---

[2] See *García v. Asociación*, 165 D.P.R. 311, 322 (2005). Also see Professor Maurice Rosenberg, Judge Henry J. Friendly, and Professor Robert C. Post, as set forth in the following articles: Maurice Rosenberg,

Bankruptcy Code section 503(b)(1)(A), applicable to this case under Section 301 of PROMESA, 48 U.S.C. § 2161, provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate."

In regards claimants request  for payment of post-petition administrative expense, pursuant to Bankruptcy Code section 503(a)  is generally recognized that the petition may qualify if (i) the right to payment arising from a post-petition transaction with the debtor estate (rather than from a prepetition transaction with the debtor) and (ii) the consideration supporting the right to payment was beneficial to the estate of the debtor. See In re Hemingway Transp., Inc., 954 F.2d 1, 5 (1st Cir. 1991).

Consistent with this, is important this Court considers that Claimant's Administrative expense Motions are predicated entirely upon the finding entered by the Commonwealth CFI judgments where was determined that  the Debtors has engaged in a pattern and practice of unfair labor practices that violate the Commonwealth of PR labor  Laws and regulations, and resulted in the underpayment of claimant's  regular wages, when implemented the minimum wage , making the pay scale inoperable.  That practice and violations,  although was initiated pre-petition,  has continued  post-petition. Consequently, and given that in the present case the Oversight Board  has not rebut or produce any  evidence to establish  payment for the unpaid portion of claimants regular wages, nothing prohibits immediate payment of the  allowed administrative expense, either, as the timing of payment is within a court's discretion. See In re HQ

---

Appellate Review of Trial Court Discretion, 79 F.R.D. 173 (1978) [hereinafter Rosenberg, Appellate Review]; Maurice Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 SYRACUSE L.REV. 635 (1971) [hereinafter Rosenberg, Judicial Discretion]; Henry J. Friendly, Indiscretion About Discretion, 31 EMORY L.J. 747 (1982);

Global Holdings, Inc., 282 B.R. 169, 173 (Bankr. D. Del. 2002); In re Rare Coin Galleries, Inc., 72 B.R. 415, 417 (Bankr. D. Mass. 1987) ("In general, the timing of the payment of ordinary administrative claims is in the discretion of the Court.").

In addition, because the record shows that the claimants, not only "rendered" services at Debtor's agencies post-petition, and that their regular salaries were underpaid, there is no basis to disallow an administrative expense claim under § 503(b)(1)(A)(i).

Therefore, and taking into consideration that the Code defines administrative expenses, in Section 503(b) which include the costs of preserving the bankruptcy estate it is abundantly clear that, this Court incorrectly interpreted the law, or "abused her discretion" when deciding factual issues involving the evidence presented, by dismissing the claims[3]

In addition, because as a court in equity, this Court has the ability to issue orders necessary or appropriate to carry out provisions of the Bankruptcy Code, as made applicable by Title III and as expressly recognized by the Commonwealth of Puerto Rico in its confirmed Plan of Adjustment. See 11 U.S.C. §105(a).

Immediate payment of Movant's claims is not contrary to the demands of the Bankruptcy Code but consistent with it. To the contrary, Administrative expense claims are afforded high priority pursuant to Bankruptcy Code section 507(a)(2) for many, if not all, of the reasons stated above.

---

[3] See Cooter & Gell v. Hartmarx Corp., 496 U. S. 384, 403, 405 (1990), applying a unitary abuse-of discretion standard" does not shelter a district court that makes an error of law, because "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law."

4

Also, because must be considered that the confirmed Plan of Adjustment provides for payment of Administrative Expense Claims in full, and it is the Commonwealth's uncontested posture that employees Claims must be addressed though the ACR process and so the Oversigth Board nor this Court cannot act in contravention of its assumed legal posture to that effect.

In regards to the pre- petition portion of the administrative expense claims Movants submits, that the order entered it is contrary to one of the main goals of BAPCPA– 2005 amendment, since subsection (ii) was designed to increase accountability and ensure employers, repay employee's owed wages to the maximum they can afford, in those rare cases debtors are administratively solvent.[4]

Therefore , it constitutes an abuse of discretion for this Court to dismiss the Carmen Socorro Cruz Hernandez , Administrative expense claims, in view that in the mentioned case claimants have a judgment in their favor, and there is no controversy on material facts , that claimants suffered of illegal wage reductions.

SECOND: Because this court's exercise of its discretion resulted in a violation of claimants protected rights. ˙ Particularly, because it is clear that the Order entered, have a significant and practical effect on the quality of justice, since provides no explanation (or analysis) for the dismissal of the Administrative expense claims."

---

[4]    The House Judiciary Committee Report stated the following regarding the purposes of BAPCPA: PURPOSE AND SUMMARY H.R. 333, the "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005", is a comprehensive package of reform measures pertaining to both consumer and business bankruptcy cases. **The purpose of the bill is to improve bankruptcy law and practice by restoring personal responsibility and integrity in the bankruptcy system and by ensuring that the system is fair for both debtors and creditors**. The heart of H.R. 333's consumer bankruptcy reforms is the implementation of an income/expense screening mechanism ("needs-based bankruptcy relief") to ensure that debtors repay creditors the maximum they can afford. [H.R. REP. NO. 109-31(I), at 2-3 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 89

Because without a written and fully reasoned explanation of a decision, the Order entered lack of applicable substantive content and no meaningful review would be possible.

In this context , is important to bring into consideration of this court that when comparing the idea of discretion and its abuse of discretion two things are essential: first, there must be some form of legal authority that sets bounds on the decision-making process or on the range of legitimate outcomes, and second, there must be some form of written reasoned opinion that can be reviewed by an appellate court to determine compliance with the legal authority that sets the bounds on the lower court"s discretion.

Consequently claimants submits that because this Court Order of Dismissal , lacks substantive context , is contrary to section 503 (b) (1)(A) (i) and (ii) of the Bankruptcy Code, since the claims has the presumption of validity under section 502 of the Bankrupcy Code, and therefore, pertinent dispositions provides an independent basis to support payment of the unpaid portion of claimants regular salaries claims[5].

Also, because the practical reality is, that courts under section 105 (a) and under section § 503(b) (1) (A) and general dispositions and special nature of PROMESA legislation, has the flexibility necessary to deal with rare and extraordinary situations, like the one claimants are confronting if justice so requires.....

In view that the order entered violates Claimant's adequate protection rigths, since fails to afford same treatment received by other employees whose claims have been transferred to the Administrative Claims Reconciliation procedures(ACR ) and solved, this

---

[5] See trustees of Operating Engineers Local 324 Pension Fund v Bourdow Contracting Inc, 919 F 3d 368 (6th Cir, 2019) Also, because a party objecting a claim has the burden of introducing evidence sufficient to rebut the presumption of validity, and that is not the case here. See generally Collier on Bankrupcy Sec. 3001.09 [2] (16th ed. 2019)

Court must impose the Oversight Board the responsibility to transfer eligible Claims pursuant to the ACR Order which determination paradoxically was left pending and unresolved.

Claimants, also submit in support of the present Motion of Reconsideration, that when is considered that the relief seek by claimants was recognized by the Oversight Board when submitted the HTA Plan at 132 (see Docket entry No. 22582) to decide to the contrary will deny claimants equal protection of the law. [6]

In addition, because claimants reiterates, that they are still entitled to an allowed administrative expense claim, under the concept of fundamental fairness , adopted by the US Supreme court in Reading v Broun, 391 U.S. 471, at 477 (1968). This, because the *Reading* exception provides a basis for entitlement to administrative expense priority upon the concept of fundamental fairness. Particularly because *Reading* stands for the proposition that a claim may be afforded administrative expense priority , so long as the claim relates to the estate's post-petition operation of a business and in the instant cases, there is no question of fact that debtor's violated local wage laws and regulations when underpaid claimants regular wages[7].

This Court has the responsibility here, to ensure individual creditors are treated fairly.

Given the serious nature of the Administrative Expense claims dismissal, the reasons for denying payment must be real, and not merely conjectural.

---

[6] For being pertinent is important to bring to the Court attention that relief seek by claimants is provided and considered in the HTA Plan at 132. since provides that "the Debtor shall transfer ACR-eligible claims pursuant to the ACR Order, which claims shall be reconciled and paid in the ordinary course of business. (HTA Plan § 32.7.) The Commonwealth has reserved $229 million for payment of such claims. (Herriman Decl. ¶ 16.) Accordingly, HTA does not need to provide any funds with respect to paying such claims. (Id.)

[7] Also, because to the extent the other wage creditors are successful in their underlying litigation, their claims must be treated as provided for , in subsection (ii).

7

More so here, because in the present cases, the dismissal of the administrative expense claims, creates an unreasonable situation, in the interpretation of the Codes priority dispositions, since the debtor's violations of Commonwealth labor Laws and regulations, is inconsistent with the plain language of § (A)(i) of the Bankruptcy Act, which provides that debts having priority include the *actual and necessary costs and expenses of preserving the estate subsequent to filing the petition*.

In regards to Carmen Socorro Cruz Hernandez pre petition Administrative Expense Claims filed under, § 503(b)(1)(A)(ii), is submitted that this court also erred in the interpretation of the law since, mentioned disposition does not require that any services actually be rendered after the commencement of the case in order to support the allowance of an administrative expense claim.

As previously argued, this subsection, which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, allows an administrative expense priority for "wages and benefits ... awarded as back pay."

This new subsection has a number of specific requirements, two of which are critical to claimant's motions. First, the wages and benefits must be "awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board." Second, such award must be made "as a result of a violation of Federal or State law by the debtor."

The time is now to protect claimants from the devastating effects of wage theft practices undertaken by the Commonwealth government.

Consequently, claimants brings to the consideration of the Court, that under the special circunstances of the present cases, it is difficult to justify the dismissal of the Administrative expense claims, were the· evidence on record support and demonstrates that the

8

Commonwealth have violated consistently the Commonwealth labor laws and regulations by underpaying claimants regular wages and by the other hand, claimants have demonstrated that the Debtor have significant resources and liquidity necessary to make the Administrative Expense pre-petition payments, and continue operating, not only as certified on April 23, 2021 and cash deposits in banks, but because the revenues of fiscal year 2022 were higher than projected, which is a clear indication of the Commonwealth Administrative solvency.[8]

## CONCLUSION

The goal of a Chapter 11 bankruptcy is for the debtor to straighten out its financial situation while continues its operations to do business . To the extent Movants wage claims for underpayment of regular wages, relates to actions occurring in the ordinary course of employment, claimants submits that, this Court interpretation of bankruptcy sections 503 (b)(1)(A) (i)(ii) is a mistake and abuse of discretion, since erred, not only in interpreting the law but by dismissing claimants administrative expence petition, Also because did not complied with its obligation of Ordering the transfer of Movants claims to the ACR process and which conduct raises to the level of unfair discrimination.

Particularly because once a wage payment policy and procedure is adopted, by dismissing the administrative expense claims without following the adopted procedures, affects the substantial rights of the parties and constitute a travesty of justice. More so here, when considered that is not in dispute that claimants have been subjected to a pattern of underpayment of wages, fact that have been established by four prior

---

[8] For been highly pertinent to establish that the present case this Court erred in
dismissing the pre-administrative Expense claims. due to the Commonwealth of Puerto Rico Financial solvency, included as Exhibit 1 Joint Resolution no. 415, where identify surplus collections of Fiscal Year 2022.

judgments. Consequently constitutes an abuse of judicial discretion if claimants Administrative expenses are not honored.

WHEREFORE, for the foregoing reasons, the Court should grant the Reconsideration Motion in its entirety. In the alternative, and given the serious nature of claimants rigths, and compliance with the implementation of Commonwealth and federal wage laws and regulations , and claims fall within the solvent debtor's exception, Order the creation of a special fund, in the amount collectively of approximately 203.5 millions to guarantee the payment of pre-petition administrative expense claims, and Order the transfer the group wage claims to the ACR or Mediation process, or grand such other and further relief as the Court deems just and necessary.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY, that on this date, in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), we electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsels of record.

Dated: November 18, 2022, in San Juan, Puerto Rico.

ATTORNEY FOR GROUP CREDITORS

By: *ISI IVONNE GONZALEZ-MORALES*
IVONNE GONZALEZ-MORALES
USDC NUM: 202701
P.O. BOX 9021828
SAN JUAN, PR 00902-1828
Tel. (787) 410-0119
E-mail: ivonnegm@prw.net