UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO THE RESPONSE FILED BY THE ICPR JUNIOR COLLEGE [ECF NO. 22770] TO THE FIVE HUNDRED FOURTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and, together with the Commonwealth and ERS,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the response [ECF No. 22770] (the "Response") filed by claimant ICPR Junior College ("ICPR") to the *Five Hundred Fourteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims for Which the Debtors are Not Liable* [ECF No. 22251] (the "Five Hundred Fourteenth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

**Background**

1. On September 16, 2022, the Debtors filed the Five Hundred Fourteenth Omnibus Objection seeking to disallow claims that seek recovery for amounts for which the Debtors are not liable, each as identified in Exhibit A thereto (collectively, the "Claims to Be Disallowed").

2. Any party who disputed the Five Hundred Fourteenth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on October 17, 2022 in accordance with the Court-approved notice attached to the Five Hundred Fourteenth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Five Hundred Fourteenth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 22563].

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

3. ICPR filed a proof of claim against the Commonwealth on April 2, 2018, which was logged by Prime Clerk[3] as Proof of Claim No. 5130 (the "ICPR Claim"). The ICPR Claim asserts liability on the basis of rent allegedly owed by the Permit Management Office ("OGPE," by its Spanish acronym), a Commonwealth agency, pursuant to a lease agreement between OGPE and ICPR (the "OGPE-ICPR Lease"). In support of the ICPR Claim, ICPR attached a copy of the OGPE-ICPR Lease and two invoices. The first invoice ("Invoice No. 200-820"), dated July 15, 2009, asserts an outstanding amount of $22,549.45. The second invoice ("Invoice No. 200-882"), dated November 6, 2014, asserts an outstanding amount of $23,672.68.

4. Pursuant to the Five Hundred Fourteenth Omnibus Objection, the Debtors objected to the ICPR Claim on the basis that OGPE's records show that (a) Invoice No. 200-820 had already been paid via a check numbered 02335767, dated September 8, 2009, and (b) Invoice No. 200-882 asserts liability for amounts outside the term of the approved contract and, accordingly, is invalid pursuant to Commonwealth law.

## Reply

5. In the Response, ICPR claims that check 02335767 was not tendered for payment of Invoice No. 200-820, but instead, corresponded to a separate invoice and, therefore, ICPR argues that Invoice No. 200-820 remains outstanding. Resp. ¶ 4. Based on further review, the Debtors hereby partially withdraw the Five Hundred Fourteenth Omnibus Objection solely to the extent it applies to Invoice No. 200-820.

---

[3] Prime Clerk has subsequently been renamed Kroll Restructuring Administration LLC.

3

6. ICPR also argues that Invoice No. 200-822 does not assert amounts outside the term of the OGPE-ICPR Lease, which was signed on November 22, 2013 for a period of five years, ending in October 2018. Resp. ¶ 7. This argument is incorrect.

7. Regarding Invoice No. 200-882, ICPR is clear in its claim and the Response that Invoice No. 200-882 asserts liability for rent allegedly owed by OGPE for the month of October 2014. Resp. ¶ 7; ICPR Claim at 25. However, the OGPE-ICPR Lease was terminated effective October 1, 2014, and ICPR seeks payment, therefore, for the remainder of October 2014 when there was no longer a valid contract between the parties for the lease of ICPR's property.

8. The OGPE-ICPR Lease, of which a certified translation of the relevant portions are attached hereto as **Exhibit A**, provided, in clause fifteen, for either party to have the unilateral right to terminate the lease upon a minimum 120 days' notice. Resp. ¶ 8.; Ex. A (displaying clause fifteen of the OGPE-ICPR Lease, which provides that "either party may terminate this agreement by notifying the other party, giving advance notice of one hundred and twenty (120) days.").

9. On June 3, 2014, pursuant to a letter from the OGPE Executive Director (the "June 3 Termination Notice"), of which a certified translation is attached hereto as **Exhibit B**, OGPE expressly invoked this termination right, stating that the OGPE-ICPR Lease "states that either party can terminate the agreement by giving the other party advance written notice of one hundred and twenty (120) days . . . those days will be counted from the date shown in this letter."[4] OGPE then stated that "in accordance with the provisions of [clause fifteen of the OGPE-ICPR Lease],

---

[4] In a pleading that was subsequently stricken, ICPR attached the June 3 Termination Notice. *See* [ECF No. 22640-1].

4

we hereby give official notice that we will keep the leased unit until October 1, the date on which the 120 days expire." [ECF No. 22640-1].

10. Thus, effective October 1, 2014, and pursuant to OGPE's unilateral contractual right to terminate the lease, the OGPE-ICPR Lease was terminated. ICPR's characterizes the June 3 Termination Notice as stating that "the contract would last until October 2014" (Resp ¶ 8) and argues that "we can easily conclude that OGPE intended to occupy the property until the month of October, which they did, but failed to cover the rent for the last month they were there." Resp. ¶ 7; *see also* ICPR Claim at 25 (Invoice No. 200-882 states it is for October 2014). In doing so, ICPR ignores the plain language of the OGPE-ICPR Lease providing that the agreement would be terminated as of 120 days following notice—not at the end of that month, effectively transforming a 120-day termination notice period into a 150-day one.

11. It falls to the claimant to establish the liability of the debtor under applicable Commonwealth law. *See, e.g.*, *Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law."). Pursuant to Commonwealth law, government obligations only arise where there is a legally valid contract evidencing the obligation. *See Alco Corp. v. Municipality of Toa Alta*, 183 DPR 530, 539 (P.R. 2015). In *Vicar Builders v. Commonwealth of Puerto Rico, et al.*, 192 DPR 256 (P.R. 2015), the Department of Justice of Puerto Rico leased a building from the plaintiff and, upon expiration of the lease, continued occupying the building for several months until the lease was renewed. The Supreme Court of Puerto Rico held that, due to the absence of a valid contract between the parties covering the interim period, the Commonwealth was not responsible for paying the rent owed for that period. *Id.* at 267–70.

5

12. Because the OGPE-ICPR Lease was no longer a valid contract between the parties as of October 1, 2014, no payments may be authorized for the remainder of that month—even if, as ICPR alleges, OGPE continued occupying the premises throughout October and into November 2014. Resp. ¶ 7. As *Vicar Builders* makes clear, whether OGPE continued occupying the premises for October and part of November 2014 is irrelevant to whether payments may be authorized. The only question under Commonwealth law is whether there is a valid contract and, here, there was no longer a valid contract for the liability asserted in Invoice No. 200-882.

13. Accordingly, because ICPR has not provided any evidence there was a valid contract between ICPR and OGPE covering the month of October 2014, the ICPR Claim does not assert any liability against the Commonwealth in connection with Invoice No. 200-882.

14. For the foregoing reasons, the Debtors respectfully request that the Court grant the Five Hundred Fourteenth Omnibus Objection, as modified to the extent set forth herein, and partially disallow the ICPR Claim in the amount of $23,672.68.

[*Remainder of the page intentionally left blank*]

| | |
|---|---|
| Dated: November 21, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority* |