UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION FOR THE RECONSIDERATION
OF THE ORDER DENYING MOTIONS REQUESTING ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS FILED BY WAGE CLAIMANTS

    The Court has received and reviewed the *Motion of Reconsideration of Order and Submitting Additional Supporting Documents* (Docket Entry No. 22891 in Case No. 17-3283)[2] (the "Reconsideration Motion"), filed by claimants (the "Movants") whose wage-related administrative expense motions were denied in an order consistent with this Court's oral ruling at

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references are to entries in Case No. 17-3283.

the omnibus hearing held on November 2, 2022 (the "Omnibus Hearing"). (Docket Entry No. 22799 (the "Order").) The Court's oral ruling denied Movants' motions for allowance and payment of administrative expenses filed at Docket Entry Nos. 21194, 21195, 21224, 21227, and 21230 (the "Administrative Expense Motions"). (Nov. 2, 2022, Hr'g Tr., Docket Entry No. 22836 (the "Hearing Transcript") at 54:25-62:13.)

    A.    <u>Federal Rule of Civil Procedure 59(e)</u>

Although the Reconsideration Motion does not cite a specific rule from the Federal Rules of Bankruptcy Procedure or Federal Rules of Civil Procedure, the Court construes it as seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure.[3] A party seeking relief under Rule 59(e) must: (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Lopez Jimenez v. Pabon Rodriguez (In re Pabon Rodriguez), 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd sub nom. Lopez Jimenez v. Lee (In re Pabon Rodriguez), 17 F. App'x 5 (1st Cir. 2001). Accordingly, a Rule 59(e) motion "does not provide a vehicle for a party to undo its own

---

3    Rule 59(e) is made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 9023. The Federal Rules of Bankruptcy Procedure are made applicable in these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2170 et seq.

    The outcome of the instant contested matter would, however, be the same under the standard applicable to a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 9024. See Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006).

procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015) (citation and internal quotation marks omitted).  Pertinently, a party's disagreement with the court's decision and desire to have the court "rethink its holding" are not grounds for reconsideration.  Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009).

Here, the Reconsideration Motion appears to challenge (as an abuse of discretion, and functionally in this instance as a manifest error of law) the Court's oral ruling denying immediate allowance of Movants' claims.  In its ruling, the Court held that none of Movants' administrative expense claims are immediately allowable and payable, either because the underlying claims are contingent, or because, with respect to the prepetition claims asserted pursuant to the final judgment in Carmen Socorro Cruz-Hernandez et al. v. Family Dep't, ARV, and AIJ, Case No. K AC 1991-0665 in the Puerto Rico Court of First Instance, section 503(b)(1)(A)(ii) of the Bankruptcy Code applies only to "back pay attributable to any period of time occurring after commencement of the case[.]"  (Hr'g Tr. 57:23-58:6; 61:16-25 (quoting 11 U.S.C.A. § 503(b)(1)(A)(ii) (Westlaw through P.L. 117-214) (emphasis added)).) The Court additionally denied any ancillary relief requested in the Administrative Expense Motions, holding, for example, that Movants' request that the Court order the Commonwealth to set aside over $200 million to satisfy potential future rulings was "unsupported by any basis in law or in fact."  (Hr'g Tr. 58:3-9.)

Movants have not met their burden of establishing that any of the Court's conclusions were manifest errors of law or fact justifying reconsideration.  All of the arguments Movants assert in the Reconsideration Motion are virtually identical to the arguments previously

made in their Administrative Expense Motions, and they were considered thoroughly by the Court in the oral ruling.[4] Movants have not identified any facts overlooked by this Court nor identified any law that was not previously examined by this Court. Nevertheless, for the sake of clarity, the Court will address two additional contentions of Movants herein.

        B. <u>The Alternative Dispute Resolution and Administrative Claims Reconciliation Processes</u>

With respect to Movants' specific demand that the Court force the Commonwealth to process their claims within the established procedures for alternative dispute resolution ("ADR") or administrative claims reconciliation ("ACR") (Reconsideration Mot. at 6-7 & n.6), the Court was not obligated to address this request specifically because it was made only in Movants' replies. A court is not obliged to entertain new arguments raised only in a reply. (See <u>Peaje Investments, LLC v. Puerto Rico Highways & Transp. Auth.</u>, Adv. Proc. No. 17-151-LTS (D.P.R. Aug. 3, 2017) (Docket Entry No. 185 at 6).)

It is troubling to the Court that, in the course of making the argument in the Reconsideration Motion that Movants' claims must be transferred to the ADR or ACR processes, Movants' counsel cites to the entirely irrelevant *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 22065 in Case No. 17-3283 and Docket Entry No. 1404 in Case No. 17-3567) (the "HTA Plan") in an inaccurate and misleading manner. (<u>Compare</u> Reconsideration Mot. at 7 n.6 ("'the Debtor shall transfer ACR-eligible claims pursuant to the ACR Order, which claims shall be reconciled and paid in the ordinary course of business. (HTA Plan § 32.7.)" (emphasis added)) <u>with</u> HTA Plan

---

[4]     Moreover, Movants' counsel's meritless argument regarding section 503(b)(1)(A)(ii) was previously rejected in connection with similar claims (Aug. 4, 2021, Hr'g Tr., Docket Entry No. 17705, at 113:19-24) and in the course of denying a motion to reconsider that oral ruling (Docket Entry No. 20569 at 4).

§ 32.7 ("To the extent not already transferred as of the HTA Effective Date in accordance with the terms and conditions of the ACR Order, the Debtor or Reorganized HTA, as the case may be, shall transfer Claims in accordance with the terms and conditions of the ACR Order, and, upon transfer, all such Claims shall (a) be reconciled pursuant to the applicable regulatory and administrative procedures of the Debtor and Reorganized HTA, as the case may be, (b) be paid in full in the ordinary course of business, and (c) except as otherwise provided in the HTA Plan, shall not be included in HTA General Unsecured Claims to be satisfied from the HTA GUC Recovery or Convenience Claims.").) Because the footnote in Movants' motion does not include an end-quotation mark, it is difficult to tell what portion thereof is meant to constitute a direct quote, however, Counsel is cautioned to take care to accurately quote statutes, the Court's orders, and related materials, and not to present to the Court any altered quotations without the appropriate indications of alteration or elision.

To the extent Movants are advancing an interpretation of the HTA Plan provision indicating that it requires all "ACR-eligible" claims to be put into the ACR process, Movants' interpretation is incorrect. The ACR procedures were "designed to address ordinary course grievance claims and benefits under consideration, not extraordinary claims or those relating to prior litigations" such as the hundreds of millions of dollars in liabilities alleged in the pending actions. (Docket Entry No. 8930 ¶ 6.)

Accordingly, the Court here denies the requested relief as having no identified basis in law or in fact—including in the orders establishing the procedures under which the Commonwealth may transfer claims to the ADR and ACR processes—to grant the requested relief. (See Docket Entry Nos. 12274 (the "ACR Order"), 12576 (the "ADR Order").) Movants' assertion that the Commonwealth's decision, thus far, not to address their claims through the

ADR or ACR process constitutes discrimination or a denial of adequate protection is similarly unavailing. Movants have not provided a compelling reason why the Court should interfere with the Debtor's decisional process with respect to liquidation of their claims.

    C.    <u>The Claims Objection Deadline</u>

Movants' repeated, inaccurate, contention that the Court dismissed their administrative expense claims (Reconsideration Mot. at 5, 7, 8), suggests that Movants fundamentally misunderstand the effect of the Court's oral ruling and Order. At the Omnibus Hearing, the Court repeatedly questioned the Commonwealth's counsel and confirmed that the Administrative Expense Motions, which Movants' counsel filed as claims instead of filing proper administrative expense proofs of claim, would be considered to be timely-filed administrative expense proofs of claim. (Hr'g Tr. 51:20-25.) The Court further clarified that, although the motions could not be deemed immediately allowed and payable, "Movants have filed their Motions as administrative claims in advance of the administrative claims bar date, and they will be addressed by the Debtor in due course. . . . To the extent there remains an underlying timely filed claim for treatment of finally determined liability for postpetition wages, as an administrative expense, I'm not ruling on that today, and I'm leaving it to the Debtor to handle liquidation and any payment of that claim or objection to that claim in the ordinary course of resolution of claims." (Hr'g Tr. 58:10-12, 59:14-20.) Counsel for the Commonwealth did not deny outright that Movants' contingent postpetition wage claims may eventually be allowed and paid. (Hr'g Tr. 59:1-2 ("The Commonwealth does not dispute that there might be something on a postpetition basis.").)

In other words, although the Court denied Movants' Administrative Expense Motions with respect to postpetition wage claims because they were filed prematurely, Movants'

filed proofs of claim, both with respect to their general unsecured claims and with respect to any postpetition wages that may qualify for administrative expense treatment, have not been disallowed or expunged, but are subject to the Commonwealth's right to object to such Claims. (Docket Entry No. 19784 § 82.1(a).) The Commonwealth has until the expiration of its Court-established deadline to object to Claims (the "Claim Objection Deadline"). The Claim Objection Deadline is currently March 8, 2023. (See Docket Entry No. 21894.)

    D.    Conclusion

Movants have failed to establish a manifest error in law or fact, and the Court cannot find manifest injustice in requiring that Movants participate in the same claims reconciliation process to which all other claimants are subject. Moreover, Movants have not identified any intervening change in controlling law since the Court made its oral ruling, nor do they refer to any previously unavailable or newly discovered facts that would affect the Court's legal conclusions underlying the oral ruling. Accordingly, the Reconsideration Motion is denied.

This Order resolves Docket Entry No. 22891 in Case No. 17-3283.

SO ORDERED.

Dated: November 21, 2022

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge