UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING MOTION TO INTERVENE AND TO INFORM THE EXISTENCE AND
CONTINUANCE OF UNRESOLVABLE CONFLICTS OF INTEREST IN VIOLATION OF THE PUERTO
RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ., AND
PETITION FOR: (A) THE PERMANENT DISQUALIFICATION OF MCKINSEY & COMPANY, INC.
AND ITS AFFILIATES AS ADVISORS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO, AND (B) THE DISALLOWMENT AND DISGORGEMENT OF LEGAL FEES

The Court has received and reviewed the *Motion to Intervene and to Inform the Existence and Continuance of Unresolvable Conflicts of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of McKinsey & Company, Inc. and Its Affiliates as Advisors to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (Docket Entry No. 22025 in Case No. 17-3283) (the "Motion"),[2] filed by Carlos Lamoutte ("Attorney Lamoutte"), as well as the other papers submitted in

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references herein are to the docket of Case No. 17-3283.

connection with the Motion.[3]

In the Motion, Attorney Lamoutte—purporting to file the Motion as a citizen of Puerto Rico and self-described relator—requests entry of an order permanently disqualifying McKinsey from serving as an advisor to the Oversight Board and ordering the disallowance and disgorgement of McKinsey's fees due to McKinsey's alleged "concurrent representation of the Oversight Board and of several private clients of McKinsey that possess private interests that are materially adverse to the public interests of the Oversight Board and of the Commonwealth of Puerto Rico, who is the debtor here." (Mot. at 2, 16.) The Oversight Board and McKinsey filed objections to the Motion arguing, among other things, that that Attorney Lamoutte lacks standing to bring the Motion because he has not alleged a concrete injury that he has suffered as a result of the existence or concealment of McKinsey's alleged conflicts. (McKinsey Obj. at ¶¶ 2-4; FOMB Obj. ¶¶ 8, 22 & n.6.)

The Court has previously addressed a similar motion in which Attorney Lamoutte requested disqualification of O'Neill & Borges LLC ("O&B"), local counsel to the Oversight Board. (See *Memorandum Order Denying the Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees*, Docket Entry No. 22909) (the "O&B Order").

In the O&B Order, the analytical elements of which the Court incorporates here by reference, the Court determined that Attorney Lamoutte lacked standing to prosecute his motion under (i) Article III's constitutional standing requirements, (ii) the federal court prudential standing requirement that a party's claim must be premised on its own rights, and (iii) the "party in interest" requirement of section 1109(b) of the Bankruptcy Code. (See O&B Order at 9-12.) The Court concluded that Attorney Lamoutte had failed to demonstrate standing because he did "not assert that he is a creditor of any of the Title III Debtors or that he otherwise has any personal stake in the outcome of the Title III Cases generally, or in the relief sought in the Motion specifically." (O&B Order at 11.)

In the O&B Order, the Court addressed substantially the same arguments and allegations that Attorney Lamoutte has raised here concerning his standing. (See O&B Order at 9-14.) First, the Court noted that simply being a citizen was not an adequate basis for standing because "[i]t is apodictic that a mere interest in seeing the government turn square corners is not the kind of particularized interest that can satisfy the most basic constitutional prerequisite for standing." (O&B Order at 10 (quoting Osediacz v. City of Cranston, 414 F.3d 136, 142 (1st Cir. 2005)).) Second, the Court rejected the premise that Attorney Lamoutte could appear as a "relator." (See O&B Order at 11 (noting that Attorney Lamoutte "points to no law vesting

---

[3]   Objections to the Motion were filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") (Docket Entry No. 22216) (the "FOMB Objection") and McKinsey & Company Puerto Rico Consulting, Inc. and its affiliates (collectively, "McKinsey") (Docket Entry No. 22232) (the "McKinsey Objection"). Attorney Lamoutte filed a reply in support of the Motion (Docket Entry No. 22320) (the "Reply").

private citizens with the right to challenge the Oversight Board's choice of counsel in these Title III Cases, and he therefore has no basis for asserting whatever rights others may have to challenge O&B's retention in the Title III Cases"). Third, the Court concluded that the First Circuit's decision in Kevlik v. Goldstein, 724 F.2d 844 (1st Cir. 1984) did not provide standing to Attorney Lamoutte because its rationale did not extend so far as to permit individuals with no legally cognizable connection to a proceeding to intervene in a proceeding. (See O&B Order at 12-14 (noting that Attorney Lamoutte's broad view of Kevlik raises a "substantial risk of mischief to the detriment of parties in interest who are already capable of protecting their own interests and who have chosen their own counsel in these proceedings").)

For these same reasons, as elaborated in the O&B Order, the Court concludes that Attorney Lamoutte lacks standing to prosecute the Motion, and the Motion is denied. This Order resolves Docket Entry No. 22025 in Case No. 17-3283.

SO ORDERED.

Dated: November 23, 2022

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge