**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**CERTIFICATE OF PUBLICATOIN**

I, Nicholas Vass, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***")[2], the solicitation, notice, and claims agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

This Certificate of Publication includes verification that the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico et. al. Pursuant to Title III of PROMESA, (B) Occurrence of the Effective Date, and (C) Extension of Administrative Claim Bar Date for Certain Parties to Creditors and Other Parties in Interest*, as conformed for publication, was published as an online display banner advertisement with a link to the full notice on Caribbeanbusiness.com from October 27, 2022 through November 9, 2022 as described on **Exhibit A**. As stated in **Exhibit A**, *Caribbean Business* did not publish a print edition of its newspaper during the October 27, 2022 through November 9, 2022 period, due to the impact of Hurricane Fiona.

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

This Certificate of Publication includes sworn statements verifying that the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico et. al. Pursuant to Title III of PROMESA, (B) Occurrence of the Effective Date, and (C) Extension of Administrative Claim Bar Date for Certain Parties to Creditors and Other Parties in Interest*, as conformed for publication, was published (1) on October 28, 2022, in the national editions of *The Bond Buyer*, as described in the sworn statement attached hereto as **Exhibit B**, and (2) on October 28, 2022, in *El Nuevo Dia,* as described in the sworn statement attached hereto as **Exhibit C**, (3) on October 28, 2022, in *El Nuevo Herald*, as described in the sworn statement attached hereto as **Exhibit D**, (4) on October 28, 2022, in *El Vocero*, as described in the sworn statement attached hereto as **Exhibit E**, (5) on October 28, 2022, in *The New York Times*, as described in the sworn statement attached hereto as **Exhibit F**, (6) on October 28, 2022, in *Primera Hora*, as described in the sworn statement attached hereto as **Exhibit G**.

Dated: November 23, 2022

*/s/ Nicholas Vass*
Nicholas Vass

SRF 65053

**Exhibit A**



PO BOX 11472
San Juan, PR 00922-1472

# AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on November 10, 2022, Mariecruz Ortiz representing Latin Media House, LLC., hereby certify that our newspaper of Caribbean Business for the edition dated October 27 through November 9 of the present year were published digital on *caribbeanbusiness.com*. The reason that Caribbean Business did not publish a printed newspaper on October 27 and November 3 was due to operational difficulties in the aftermath of Hurricane Fiona.

Signed: ___________________________________

Mariecruz Ortiz
**Manager**

THURSDAY, OCTOBER 27, 2022 LOGIN SUBSCRIBE NEWSLETTER

Search site

FERRER FAASS & CO
Finding opportunities is our art & expertise.
(787)296-8100

# CARIBBEAN BUSINESS

GRUPO
LMH

LATEST NEWS REGIONAL ECONOMY POLITICS OPINION ESPAÑOL EPAPER SPECIAL PUBLICATIONS CB VIDS

**PROMESA UPDATE RELATING TO THE COMMONWEALTH, ERS, AND PBA**

**Click Here for the Notice of Administrative Bar Date Extension**

**Puerto Rico Food Industry Helps Communities In Aftermath Of Hurricane Fiona**

Over three-quarters of a million dollars in aid to communities affected by Hurricane Fiona has been...

## LATEST NEWS

### Jones Act Waivers During Emergencies

For years, the Food Marketing, Industry and Distribution Chamber (Spanish...

October 24, 2022

### Puerto Rico Food Industry Helps Communities In Aftermath Of Hurricane Fiona

Over three-quarters of a million dollars in aid to communities...

October 24, 2022

### Lopito Ileana & Howie (LIH): 50 Years Of Creativity

In 1972, three entrepreneurs-Lopito, Ileana and Howie-got together in a...

October 22, 2022

LILICLOTH
BEWARE
I RIDE HORSES
GOD IS GREAT
DOGS ARE GOOD
I HAD MY PATIENCE TESTED
I'M NEGATIVE

VISITA WWW.MIGUELFERRER.ORG



**Exhibit B**

# Copy Of Advertisement Of

# Certificate of Publication

Yohanna Beato, is the Billing Coordinator of the BOND BUYER, a daily newspaper printed and published at One State Street Plaza, in the City of New York, County of New York, State of New York; and the notice, of which the annexed is a printed copy, was regularly published in said BOND BUYER on October 28th 2022.

X Yohanna Beato

*Billing Coordinator*

*October 28th 2022*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| In re: | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, Debtors.[1] | PROMESA Title III No. 17 BK 3283-LTS (Jointly Administered) |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL. PURSUANT TO TITLE III OF PROMESA, (B) OCCURRENCE OF THE EFFECTIVE DATE, AND (C) EXTENSION OF ADMINISTRATIVE CLAIM BAR DATE FOR CERTAIN PARTIES**

**TO CREDITORS AND OTHER PARTIES IN INTEREST:**

The deadline to file a proof of Administrative Expense Claim against (i) the Commonwealth of Puerto Rico, (ii) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, or (iii) the Puerto Rico Public Buildings Authority has been extended to **January 18, 2023 at 4:00 p.m. (Atlantic Standard Time)** for certain parties, as further detailed below. Please review this notice carefully.

**If you are required to file a proof of Administrative Expense Claim and fail to timely do so, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

1. Pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "Confirmation Order"), the *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"), was confirmed by the United States District Court for the District of Puerto Rico (the "Court"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and the Confirmation Order.

2. The Effective Date of the Plan occurred on March 15, 2022, and the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "Effective Date Notice") was filed and served in connection therewith.

3. Any party in interest wishing to obtain copies of the Confirmation Order, the Plan, and related documents should contact Kroll Restructuring Administration LLC ("Kroll"),[2] by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@ra.kroll.com, or may view such documents by accessing either https://cases.ra.kroll.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

**Extension of Administrative Claim Bar Date**

4. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for parties asserting Administrative Expense Claims against the Debtors to file a proof of Administrative Expense Claim was June 13, 2022 (the "Bar Date").

5. Section 1.52 of the Plan defines "Administrative Expense Claim" as:

> A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code ***arising during the period up to and including the Effective Date***, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

(emphasis added).

6. Pursuant to the *Order Extending the Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* [ECF No. 22650] (the "Extension Order"), the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") has been extended to **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Extended Administrative Claim Bar Date") if you are seeking to assert any claim or cause of action:

(A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and

(B) you did not receive service of the Effective Date Notice. A complete list of parties who were served the Effective Date Notice is available at https://cases.ra.kroll.com/puertorico/.

This extension does not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

**Exceptions to Filing Administrative Expense Requests**

7. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, no proof of Administrative Expense Claim is required to be filed for the following types of Claims:

(a) Claims incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim.

(b) Professional Claims.

(c) Intergovernmental Claims.

(d) Administrative Expense Claims of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable.

(e) Claims related to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date to March 15, 2022 (the Effective Date).

(f) Claims that are subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements.

(g) Claims that are the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order.

(h) Eminent Domain/Inverse Condemnation Claims.

(i) Claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 *et seq.*

(j) Claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 *et seq.*

(k) Tax refund Claims.

(l) Claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

8. If you are party to a litigation, proceeding, or action asserting a claim pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, the injunctions in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order have been modified to allow such litigation to proceed to final judgment and execution, including any appeals. *See* Extension Order ¶ 6.

**How to File a Proof of Claim**

9. All Administrative Expense Requests should be sent as follows:

(i) by completing the electronic Proof of Claim on the Claims Agent's website at https://cases.ra.kroll.com/puertorico/EPOC-Index, or

(ii) if delivered by first class mail, hand delivery, or overnight courier, at the following address: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Administrative Expense Requests, to the extent subject to the Extended Administrative Claim Bar Date, will be deemed timely filed only if **actually received** by Kroll by **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Administrative Deadline"). The Administrative Expense Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**11. If you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan, decretal paragraph 44 of the Confirmation Order, and the Extension Order and fail to do so by the Administrative Deadline or the Bar Date, as applicable, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

12. The Confirmation Order is a full, final, and complete order, intended to be, conclusive and binding upon all parties in interest, is not intended to be subject to collateral attack in any other forum, and may only be challenged in accordance with applicable rules in the Court and appealed as provided in PROMESA and other applicable federal laws, rules and jurisprudence, by (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Commonwealth and its instrumentalities, (iv) each Entity asserting claims or other rights against the Commonwealth or any other Commonwealth instrumentality, including each holder of a bond claim and each holder of a beneficial interest (directly or indirectly, as principal, agent, counterpart, subrogee, insurer or otherwise) in respect of bonds issued by the Debtors or any Commonwealth agency or with respect to any trustee, any collateral agent, any indenture trustee, any fiscal agent, and any bank that receives or holds funds related to such bonds, whether or not such claim or other rights of such Entity are impaired pursuant to the Plan and, if impaired, whether or not such Entity accepted the Plan, (v) any other Entity, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, officers, directors, agents, representatives, attorneys, beneficiaries or guardians; provided, however, that the compromises and settlements set forth in the Plan and the Confirmation Order with respect to the priority of the New GO Bonds and the CVIs under PROMESA, the Commonwealth Constitution, or other applicable law shall not be binding on any party in interest (including any successor to the Oversight Board) in a subsequent Title III (or other insolvency) proceeding.

Dated: October 21, 2022, San Juan, Puerto Rico, */s/ Martin J. Bienenstock*, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* -and- */s/ Hermann D. Bauer*, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

For your next hire, leverage *The Bond Buyer*'s significant nationwide municipal bond market reach in print, online, and e-newsletter to:

**ANALYST ASSOCIATE BOND COUNSEL MUNICIPAL ADVISOR MANAGING DIRECTOR MUNICIPAL TRADER BROKER-DEALER INVESTMENT BANKER TRUSTEE AMONG OTHERS....**

**To place a job posting, contact Wei-Ke (Victor) Kuo at** 1-212-803-8612 or wei-ke.kuo@arizent.com

**Find more legal notices at https://www.bondbuyer.com/competitive-bond-sales.**

**Exhibit C**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

JUNTA DE SUPERVISION Y ADMINISTRACION FINANCIERA PARA PUERTO RICO
PROMESA TITULO III No. 17 BK 3283-LTS

# AFIDAVIT

Yo, Miriam del Carmen Hernández Martí, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "EL NUEVO DIA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**28 DE OCTUBRE DE 2022**

se dio publicidad al edicto expedido por

**JUNTA DE PLANIFICACION Y ADMINISTRACION FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. 28 octubre 2022

Afidávit No. 96344 del Registro.

Jurado y reconocido ante mi por Miriam del Carmen Hernández Martí, vecina de San Juan, mayor de edad, casada, Representante del periódico "EL NUEVO DIA", a quien doy fe de conocer personalmente,

FERNANDO RABELL ECHEGARAY ABOGADO-NOTARIO

Guaynabo, P.R. 28 octubre 2022

NOTARIO



**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| En el asunto de: JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO, Deudores.[1] | PROMESA Título III Nº 17 BK 3283-LTS (Administrado de manera conjunta) |
|---|---|

**NOTIFICACIÓN DE (A) APROBACIÓN DE UNA ORDEN CONFIRMANDO LA OCTAVA ENMIENDA AL PLAN DE AJUSTE DEL TÍTULO III DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS DE CONFORMIDAD CON EL TÍTULO III DE LA LEY PROMESA, (B) LA VIGENCIA DE LA FECHA DE ENTRADA EN VIGOR, Y LA (C) PRÓRROGA DE LA FECHA LÍMITE DE PRESENTACIÓN DE RECLAMACIONES ADMINISTRATIVAS A CIERTAS PARTES**

**A LOS ACREEDORES Y OTRAS PARTES INTERESADAS:**

El plazo de presentación de evidencias de la Reclamación de gastos administrativos contra (i) el Estado Libre Asociado de Puerto Rico, (ii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico o (iii) la Autoridad de Edificios Públicos de Puerto Rico, ha sido prorrogado hasta el **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** para ciertas partes, tal como se detalla a continuación. Sírvase leer detenidamente esta notificación.

**Si se le exige presentar una evidencia de Reclamación de gastos administrativos y no la aporta debidamente, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

1. De conformidad con una orden dictada el 18 de enero de, 2022 [ECF nº 19813] (la "Orden de confirmación"), la *Octava enmienda al Plan de Ajuste conjunto del Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 15 de enero de 2022 [ECF nº 19784] (tal y como pueda haber sido enmendado, modificado o complementado de cualquier otra forma, el "Plan"), fue confirmada por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal"). Salvo que en la presente Notificación se estipule una definición distinta, los términos en mayúsculas utilizados, pero no definidos aquí, tendrán los significados adscritos a los mismos en el Plan y en la Orden de confirmación.

2. La Fecha de entrada en vigor del Plan se produjo el 15 de mayo de 2022, y la *Notificación de (A) Aprobación de una orden confirmando la Octava enmienda al Plan de Ajuste del Título III del Estado Libre Asociado de Puerto Rico, y otros de conformidad con el Título III de la Ley PROMESA, y (B) Vigencia de la Fecha de entrada en vigor* [ECF nº 20349] (la "Notificación de la Fecha de entrada en vigor") se registró y se cursó en relación con lo antedicho.

3. Cualquier parte interesada que desee obtener copias de la Orden de confirmación, del Plan y de la documentación afín debe ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll"),[2] por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@ra.kroll.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.ra.kroll.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (http://www.pacer.psc.uscourts.gov).

**Prórroga de la Fecha límite para presentar reclamaciones administrativas**

4. De conformidad con la Sección 1.51 y el Artículo III del Plan, así como del apartado preliminar 44 de la Orden de confirmación, la fecha límite aplicable a las partes que planteen Reclamaciones de gastos administrativos contra los Deudores para presentar evidencias de dichas reclamaciones era el 13 de junio de 2022 (la "Fecha límite").

5. La Sección 1.52 del Plan define el concepto "Reclamación de gastos administrativos" como:

> Una Reclamación contra los Deudores o sus Activos, constituyendo un costo o gasto de administración de los Casos del Título III incoados o autorizados a incoar, en la Fecha límite de Reclamaciones administrativas o con anterioridad a la misma, a tenor de las Secciones 503(b) y 507(a) (2) del Código de Quiebras, ***producidas durante el período transcurrido hasta la Fecha de entrada en vigor (inclusive)***, y que de otro modo se ajusten a la legislación vigente de Puerto Rico, incluyendo, entre otros, con sujeción a que se produzca la Fecha de entrada en vigor, con las excepciones previstas en la Sección 3.5 de ese instrumento, Costos de consumación y Derechos de restricción de AAP; aunque en el bien entendido de que bajo ninguna circunstancia una Reclamación de gastos administrativos podrá incluir una Reclamación de gastos administrativos a la AEP.
>
> (el énfasis es nuestro).

6. A tenor de la *Orden prorrogando la Fecha límite de Reclamaciones administrativas para ciertas partes* [ECF nº 22650] (la "Orden de prórroga"), el plazo de presentación de evidencias, o de solicitudes de pago, de Reclamaciones de gastos administrativos ("Solicitudes de Gastos administrativos") se ha prorrogado hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite prorrogada de Reclamaciones administrativas") si se desea incoar alguna reclamación o causa de acción:

> (A)(1) planteada en un pleito o acción contra el Estado Libre Asociado, la AEP o el SRE, incoado desde y con posterioridad a las respectivas fechas de petición y antes de la Fecha de entrada en vigor, y relacionado con una acción o evento que se haya producido a partir de, y con posterioridad a, las respectivas fechas de petición y antes de la Fecha de entrada en vigor, o bien (2) no sujeto a ningún pleito o acción pendientes, aunque derivado de acciones o eventos que se hayan producido desde o después de las respectivas fechas de petición y antes de la Fecha de entrada en vigor; y (B) a usted no se le cursó la Notificación de la Fecha de entrada en vigor. Puede consultar una lista completa de las partes a las que se les cursó la Notificación de la Fecha de entrada en vigor en https://cases.ra.kroll.com/puertorico/.
>
> Esta prórroga no será de aplicación a ninguna Reclamación de gastos administrativos (i) planteada en concepto de servicios profesionales prestados a los Deudores en relación con los Casos del Título III, o bien (ii) derivados exclusivamente en relación con los Casos del Título III.

**Excepciones de presentación de peticiones de Gastos administrativos**

7. De conformidad con la Sección 1.51, con el Artículo III del Plan y del apartado preliminar 44 de la Orden de confirmación, no se requerirá la presentación de ninguna evidencia de Reclamación de gastos administrativos en el caso de los siguientes tipos de Reclamaciones:

(a) Reclamaciones incurridas (i) de conformidad con una orden del Tribunal, o bien (ii) con el consentimiento por escrito de las Partes del Gobierno pertinentes, otorgando expresamente dicha Reclamación de gastos administrativos.

(b) Reclamaciones profesionales.

(c) Reclamaciones intergubernamentales.

(d) Reclamaciones de gastos administrativos del IRS para el pago de los impuestos incurridos por cualquiera de los Deudores durante el período a partir de la Fecha de petición del Estado Libre Asociado, la Fecha de petición del SRE o la Fecha de petición de la AEP, según proceda.

(e) Las reclamaciones vinculadas con actuaciones que se hayan producido de manera ordinaria durante el período desde, y con posterioridad a, la fecha de petición del Deudor correspondiente y hasta el 15 de marzo de 2022 (la Fecha de entrada en vigor).

(f) Las reclamaciones sujetas a lo dispuesto por la Orden de conciliación administrativa, incluyendo, entre otras, las "reclamaciones de agravios" vinculadas con cualquier de los acuerdos de negociación colectiva del Deudor.

(g) Las reclamaciones sujetas a una moción pendiente solicitando la asignación de cualesquiera gastos administrativos de conformidad con la Sección 503(b) de la Ley de Quiebras a la fecha de aprobación de la Orden de confirmación.

(h) Reclamaciones de Dominio eminente/Expropiación forzosa inversa.

(i) Reclamaciones de bienes incautados por los Deudores a tenor de la Ley Uniforme de Confiscaciones de 2021, 34 L.P.R.A. 1724 y ss.

(j) Reclamaciones de honorarios y gastos de abogados a tenor de la Ley de Servicios Educativos Integrales para Personas con Impedimentos, 20 U.S.C. 1400 y ss.

(k) Reclamaciones de devolución de impuestos.

(l) Reclamaciones autorizadas de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, según proceda.

8. Si es usted parte de un pleito, procedimiento o acción que plantee una reclamación de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, los mandatos de la Sección 92.3 del Plan y el apartado preliminar 59 de la Orden de confirmación han sido modificados para permitir que dichos pleitos continúen hasta la sentencia definitiva y su ejecución, incluyendo cualquier apelación. *Véase* Orden de prórroga ¶ 6.

**Cómo presentar una evidencia de reclamación**

9. Todas las peticiones de Gastos administrativos se enviarán como a continuación se indica:

(i) completando la Evidencia de reclamación electrónica en el sitio web del Agente de reclamaciones, en https://cases.ra.kroll.com/puertorico/EPOC-Index, o bien

(ii) si se entrega en mano o se cursa por correo certificado o servicio de mensajería, a la siguiente dirección: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Las peticiones de Gastos administrativos, en la medida en que estén sujetas a la Fecha límite prorrogada de Reclamaciones administrativas, se considerarán puntualmente presentadas solamente si son **efectivamente recibidas** por Kroll hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite administrativa"). Las peticiones de Gastos administrativos **no** deberán enviarse por fax, telecopia o correo electrónico.

**11. Si se le requiere que presente una petición de Gastos administrativos de conformidad con la Sección 1.51 y el Artículo III del Plan, del apartado preliminar 44 de la Orden de confirmación y de la Orden de prórroga, y omite hacerlo hasta la Fecha límite administrativa o hasta la Fecha límite, según proceda, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos (y de presentar una petición de Gastos administrativos con respecto a la citada Reclamación) contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

12. La Orden de confirmación es una orden integral, definitiva y completa, cuyo objeto es ser concluyente y vinculante para todas las partes interesadas; no se pretende que esté sujeta a un alegato de nulidad ante cualquier otro foro, y solamente podrá ser objetada de conformidad con la normativa vigente del Tribunal, y apelada como está previsto en la Ley PROMESA y otras leyes, reglas y jurisprudencia federales vigentes por (i) los Deudores, (ii) los Deudores reorganizados, (iii) el Estado Libre Asociado y sus instrumentalidades, (iv) cada Entidad que plantee reclamaciones u otros derechos contra el Estado Libre Asociado o cualquiera de sus instrumentalidades, incluyendo tenedores de reclamaciones de bonos y titulares de intereses usufructuarios (tanto directa como indirectamente, y como mandante, agente, contraparte, subrogado, asegurador u otros) con respecto a los bonos emitidos por los Deudores o cualquier agencia del Estado Libre Asociado, o con respecto a cualquier fiduciario, agencia de garantías, síndico concursal, agente fiscal y cualquier banco que perciba o mantenga en depósito fondos vinculados con dichos bonos, y tanto si dicha reclamación u otros derechos de tal entidad está afectada en virtud del Plan como si no —y, de estar afectada tanto si dicha Entidad aceptó el Plan como si no—, (v) cualquier otra entidad, y (vi) cada uno de los respectivos herederos, sucesores, cesionarios, fiduciarios, albaceas, administradores, funcionarios, consejeros, agentes, representantes, apoderados, beneficiarios o tutores de cualquiera de los citados; aunque siempre en el bien entendido de que los compromisos y acuerdos establecidos en el Plan y en la Orden de confirmación con respecto a la prioridad de los Nuevos Bonos GO y los ICV previstos en la Ley PROMESA, la Constitución del Estado Libre Asociado y otras leyes vigentes no serán vinculantes para ninguna parte interesada (incluyendo cualquier sucesora de la Junta de Supervisión) en un posterior procedimiento del Título III (o cualquier otro procedimiento de insolvencia).

Fecha: 21 de octubre de 2022, San Juan, Puerto Rico, */s/ Martin J. Bienenstock,* Martin J. Bienenstock (admitido *pro hac vice*), Brian S. Rosen (admitido *pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, Nueva York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores* -and- */s/ Hermann D. Bauer,* Hermann D. Bauer, Esq., USDC Nº 215205, **O'NEILL & BORGES LLC,** 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Coabogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores*

[1] Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra nº 17-BK-3283- LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra nº 17-BK-3284-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra nº 17-BK-3567-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra nº 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra nº 17-BK-4780-LTS) (Caso de quiebra nº 17- BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra nº 19-BK-5523-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

[2] A partir del 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

NO PAGUES POR 3 MESES

¡Lleva energía a tu hogar o negocio con esta oferta exclusiva!

• $0 Pronto

• 25 años de garantía

TESLA
PURA ENERGÍA
Llama ahora al
787-230-9070

Oferta válida del 16 de octubre al 30 de noviembre de 2022. Oferta requiere la compra de un sistema de energía renovable con paneles solares y batería Tesla con la compañía Pura Energía y financiamiento con Sunnova. Pura Energía otorgará un bono por los primeros tres pagos mensuales del financiamiento con Sunnova. Inventario limitado a 250 sistemas.

**Exhibit D**



Miami Herald
el Nuevo Herald

State of Florida November 1, 2022
County of Monroe, Dade and Broward

I *Matthew Weisberg* Being Duly Sworn on oath say he is and during all times herein stated has been the publisher's designated agent of the publication known as ***EL Nuevo Herald*** has full knowledge of the facts herein stated as follows:

The run of paper advertisement (ROP) in the Main section A of EL nuevo Herald for:

Tribunal De Los Estados Unidos Para El Distrito De Puerto Rico

Promes Tituli 111 Num. 17 BK 3283-LTS
(Administrado de manera conjunta)

was distributed to Publishers full circulations (EL Nuevo Herald) on the 28th day of October 2022

By: *Matthew Weisberg*

Subscribed and sworn to before me this 1st day of November , 2022

Miami Herald
MEDIA COMPANY
3511 NW 91 Avenue, Miami, FL 33172 | *********@miamiherald.com | www.miamiherald.com | www.elnuevoherald.com

VIENE DE LA 3A

# DESANTIS

reunía a menudo con funcionarios de la administración de Trump y sirvió como testigo en la investigación de Robert Mueller sobre la interferencia rusa en las elecciones de 2016.

Nader se declaró culpable de pornografía infantil y transporte de una menor con fines sexuales en 2020 y fue sentenciado a 10 años de prisión. Recibió una condena anterior por delitos similares en 1991, por la que solo cumplió seis meses.

La acusación no identifica a los candidatos que recibieron donaciones, aunque describe a uno de los receptores como "un candidato a la presidencia de Estados Unidos en las elecciones de 2016". Hace referencia a otras donaciones a funcionarios federales electos y a comités de campaña, pero no específicamente a los de contiendas estatales.

Los fiscales dicen que Khawaja y Nader usaron las donaciones con prestanombres para obtener acceso político y promover los intereses de gobiernos extranjeros asociados con sus negocios.

En marzo, un jurado federal absolvió a dos de los hombres implicados en la trama, entre ellos Mohammad Diab, primo de Khawaja y director de operaciones de su empresa de pagos.

Nader se declaró culpable, junto con otros cuatro implicados en el caso.

El Departamento de Justicia presentó cargos adicionales contra Khawaja en 2021 por fraude electrónico relacionado con Allied Wallet. La acusación alega que Khawaja y sus asociados, incluido Diab, captaron clientes involucrados en conductas de "alto riesgo" y ocultaron su actividad financiera a través de negocios falsos, sitios web falsos y empresas fantasma.

Una investigación realizada en 2018 por The Associated Press descubrió que Allied Wallet prestaba servicios a cobradores de deudas, empresas de juego en el extranjero y negocios de sexo por teléfono y los ayudaba a eludir las normas bancarias, de crédito y probablemente algunas leyes que impiden el lavado de dinero.

Khawaja fue arrestado en Lituania en 2019, pero sigue luchando contra la extradición. Un juez federal lo ha declarado fugitivo.

AP

ESTA IMAGEN de la página web del presidente ejecutivo de Allied Wallet, Ahmad Khawaja, lo muestra posando con el presidente Donald Trump en la Oficina Oval de la Casa Blanca en Washington.

VIENE DE LA 3A

# MISTERIO

red.

En un sitio en internet de la familia de Norris, se publicó un extenso relato sobre lo que sufrieron sus familias tratando de saber qué había sucedido y cómo descubrieron el verdadero motivo de su viaje a Florida.

La madre del joven presentó un informe de personas desaparecidas en San Francisco y se puso en contacto con las agencias policías de Florida y el FB.

"Pero no había mucho que nadie pudiera hacer para ayudar. Nadie parecía demasiado preocupado por este joven de California que desapareció de la faz de la tierra. En todos los lugares a los que mi madre acudía en busca de ayuda, sus preguntas eran respondidas con 'Aparecerá' ", se indica en el website.

Después de aproximadamente un mes sin noticias de Norris, su padre contrató a un investigador privado.

El investigador comenzó a indagar con los amigos del joven hasta que finalmente revelaron el verdadero propósito del viaje: "habían reunido su dinero y James fue a Florida a comprar una gran cantidad de marihuana. Su plan era traerla de regreso a San Francisco para venderla".

Si alguien tiene información sobre el asesinato de Norris, comuníquese con FDLE Tallahassee al 800-342-0820.

*Sonia Osorio: 305-376-2219, @soniaosoriog.*

VIENE DE LA 3A

# LENA

Los nombres detrás de Free Cover Venezuela, dice Lena, son Daniel Bracho, con su estudio de grabación Chompa Music; Alejandro 'Neg' Barrera, quien se encarga de todo lo que tiene que ver con imagen, y Jesús 'Máscara' Villasmil. Abundan en internet referencias al nacimiento del proyecto "en una reunión de amigos" en Maracaibo, en 2017, con Bracho y Barrera como fundadores.

En 2018, cuando ya habían grabado siete videos, vinieron a Estados Unidos y se establecieron en Miami.

"Se han dedicado a hacer covers de cosas de distintos géneros que sonaron mucho en Venezuela en distintas épocas", cuenta Lena. "Empezaron en el patio de una casa y mira la plataforma que tienen ya. Entonces ahora están internacionalizándose, han hecho dos o tres videos con merengueros, por ejemplo, y soy la primera cubana a la que invitan con este homenaje a Celia".

Lo publicaron el 7 de octubre y en seguida entró en 'trending' en YouTube, asegura la autora de "Tu corazón".

"Eso que viste se grabó en dos tomas, son tremendos músicos", comenta Lena. "Y súper bonito, porque no es que uno solo haga los arreglos, no, no: todos cooperan, vamos a hacer esto... dicen que en Maracaibo es así. Yo no sabía bien cómo era la dinámica entre ellos, uno oye la opinión del otro y llegan a un consenso. Y yo no soy salsera, pero llevo la clave por dentro".

Al final, luego del popurrí del repertorio de Celia Cruz, Lena canta "Tu corazón" y corren los créditos. "Me dijeron: 'tienes que cantar un pedacito de 'Tu corazón)' para cerrar esto, y lo hicimos sin ensayo ni nada, así mismo como quedó. Me siguieron tipo bohemia cubana".

## OCHO VOCES PARA CUATRO PIANOS

De acuerdo con Lena, Marlena Burke es hoy como "la voz de Meme" Solís.

"Desde que llegó a Miami hace 27 años, ella ha estado en todos o casi todos los conciertos de él", explica. "Y no solo por el lazo que los une familiarmente... recuerda que Meme fue pianista de mi abuela mucho tiempo, y de hecho fue ella quien lo hizo cantar, según cuenta él mismo. Ellos hacían muchos piano bares, el Club 21 y después, aunque Meme estuviera prohibido en Cuba, ella seguía cantando sus canciones".

"Para mí él es un gran ejemplo, porque él es pianista primero, y yo también siento que soy pianista primero", declara Lena. "Las canciones de Meme tienen un desarrollo melódico y armónico que está muy relacionado con la manera en que yo toco el piano", dice, y recuerda que ella estudió piano clásico por 11 años.

## ANTES Y DESPUÉS DE 'LA LUPE'

Así mismo de natural le salió "La Mala" (2008), la película de Lilian Rosado y Pedro Pérez Rosado que fue su debut en cine encarnando a un personaje inspirado en la mítica "La Lupe", cuenta Lena. Y ese desdoblamiento le serviría para ganar confianza en sí misma cada vez que sube a un escenario.

En el 2019, con Cesar Miguel Rondón y Rafael "Pollo" Brito hizo "En la vida hay amores", una especie de ópera-bolero que fue su debut en teatro. Presentaron tres temporadas en el Colony Theater de Miami Beach que ella quisiera repetir en 2023. Y quiere también que por fin se produzca la obra que escribió especialmente para ella el fallecido actor cubano Evelio Taillacq.

"Mi madre ha sido una escuela para mí en el escenario, pero aparte de eso, con La Lupe tuve que hacer esa cosa desgarrada, de temperamento, salirme de mí", comenta.

"La Mala" hizo que la vieran de otra manera, y no hay show donde no le pidan que cante las canciones de La Lupe, cuenta Lena. Confía en que lo mismo le va a pasar ahora con este homenaje a Celia Cruz.

"Creo que me transformo en el escenario y me siento cómoda ahí, me crezco, porque en la vida real sigo siendo un poco tímida", confiesa. "Ya hablo más, antes ni hablaba".

*Lena Burke con Free Cover Venezuela en 'Homenaje a Celia Cruz' y en concierto este sábado 29 de octubre a las 8 p.m. en el Miami-Dade County Auditorium como parte del espectáculo de Meme Solís 'Ocho voces para cuatro pianos', 2901 West Flagler St., Miami, FL 33135, (305) 547 5414.*

*ArtburstMiami.com es una fuente sin fines de lucro de noticias sobre teatro, danza, artes visuales, música y artes escénicas.*

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,<br>Deudores.[1] | PROMESA<br>Título III<br>Nº 17 BK 3283-LTS<br>(Administrado de manera conjunta) |

**NOTIFICACIÓN DE (A) APROBACIÓN DE UNA ORDEN CONFIRMANDO LA OCTAVA ENMIENDA AL PLAN DE AJUSTE DEL TÍTULO III DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS DE CONFORMIDAD CON EL TÍTULO III DE LA LEY PROMESA, (B) LA VIGENCIA DE LA FECHA DE ENTRADA EN VIGOR, Y LA (C) PRÓRROGA DE LA FECHA LÍMITE DE PRESENTACIÓN DE RECLAMACIONES ADMINISTRATIVAS A CIERTAS PARTES**

**A LOS ACREEDORES Y OTRAS PARTES INTERESADAS:**

El plazo de presentación de evidencias de la Reclamación de gastos administrativos contra (i) el Estado Libre Asociado de Puerto Rico, (ii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico o (iii) la Autoridad de Edificios Públicos de Puerto Rico, ha sido prorrogado hasta el **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** para ciertas partes, tal como se detalla a continuación. Sírvase leer detenidamente esta notificación.

**Si se le exige presentar una evidencia de Reclamación de gastos administrativos y no la aporta debidamente, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

1. De conformidad con una orden dictada el 18 de enero de, 2022 [ECF nº 19813] (la "Orden de confirmación"), la *Octava enmienda al Plan de Ajuste conjunto del Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 15 de enero de 2022 [ECF nº 19784] (tal y como pueda haber sido enmendado, modificado o complementado de cualquier otra forma, el "Plan"), fue confirmada por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal"). Salvo que en la presente Notificación se estipule una definición distinta, los términos en mayúsculas utilizados, pero no definidos aquí, tendrán los significados adscritos a los mismos en el Plan y en la Orden de confirmación.

2. La Fecha de entrada en vigor del Plan se produjo el 15 de mayo de 2022, y la *Notificación de (A) Aprobación de una orden confirmando la Octava enmienda al Plan de Ajuste del Título III del Estado Libre Asociado de Puerto Rico, y otros de conformidad con el Título III de la Ley PROMESA, y (B) Vigencia de la Fecha de entrada en vigor* [ECF nº 20349] (la "Notificación de la Fecha de entrada en vigor") se registró y se cursó en relación con lo antedicho.

3. Cualquier parte interesada que desee obtener copias de la Orden de confirmación, del Plan y de la documentación afín debe ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll"),[2] por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@ra.kroll.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.ra.kroll.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (http://www.pacer.psc.uscourts.gov).

**Prórroga de la Fecha límite para presentar reclamaciones administrativas**

4. De conformidad con la Sección 1.51 y el Artículo III del Plan, así como del apartado preliminar 44 de la Orden de confirmación, la fecha límite aplicable a las partes que planteen Reclamaciones de gastos administrativos contra los Deudores para presentar evidencias de dichas reclamaciones era el 13 de junio de 2022 (la "Fecha límite").

5. La Sección 1.52 del Plan define el concepto "Reclamación de gastos administrativos" como:

> Una Reclamación contra los Deudores o sus Activos, constituyendo un costo o gasto de administración de los Casos del Título III incoados o autorizados a incoar, en la Fecha límite de Reclamaciones administrativas o con anterioridad a la misma, a tenor de las Secciones 503(b) y 507(a)(2) del Código de Quiebras, ***producidas durante el período transcurrido hasta la Fecha de entrada en vigor (inclusive)***, y que de otro modo se ajusten a la legislación vigente de Puerto Rico, incluyendo, entre otros, con sujeción a que se produzca la Fecha de entrada en vigor, con las excepciones previstas en la Sección 3.5 de ese instrumento, Costos de consumación y Derechos de restricción de AAP; aunque en el bien entendido de que bajo ninguna circunstancia una Reclamación de gastos administrativos podrá incluir una Reclamación de gastos administrativos a la AEP.
> (el énfasis es nuestro).

6. A tenor de la *Orden prorrogando la Fecha límite de Reclamaciones administrativas para ciertas partes* [ECF nº 22650] (la "Orden de prórroga"), el plazo de presentación de evidencias, o de solicitudes de pago, de Reclamaciones de gastos administrativos ("Solicitudes de Gastos administrativos") se ha prorrogado hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite prorrogada de Reclamaciones administrativas") si se desea incoar alguna reclamación o causa de acción:

> (A)(1) planteada en un pleito o acción contra el Estado Libre Asociado, la AEP o el SRE, incoado desde y con posterioridad a las respectivas fechas de petición y antes de la Fecha de entrada en vigor, y relacionado con una acción o evento que se haya producido a partir de, y con posterioridad a, las respectivas fechas de petición y antes de la Fecha de entrada en vigor, o bien (2) no sujeto a ningún pleito o acción pendientes, aunque derivado de acciones o eventos que se hayan producido desde o después de las respectivas fechas de petición y antes de la Fecha de entrada en vigor; y
> (B) a usted no se le cursó la Notificación de la Fecha de entrada en vigor. Puede consultar una lista completa de las partes a las que se les cursó la Notificación de la Fecha de entrada en vigor en https://cases.ra.kroll.com/puertorico/.
> Esta prórroga no será de aplicación a ninguna Reclamación de gastos administrativos (i) planteada en concepto de servicios profesionales prestados a los Deudores en relación con los Casos del Título III, o bien (ii) derivados exclusivamente en relación con los Casos del Título III.

**Excepciones de presentación de peticiones de Gastos administrativos**

7. De conformidad con la Sección 1.51, con el Artículo III del Plan y del apartado preliminar 44 de la Orden de confirmación, no se requerirá la presentación de ninguna evidencia de Reclamación de gastos administrativos en el caso de los siguientes tipos de Reclamaciones:

(a) Reclamaciones incurridas (i) de conformidad con una orden del Tribunal, o bien (ii) con el consentimiento por escrito de las Partes del Gobierno pertinentes, otorgando expresamente dicha Reclamación de gastos administrativos.

(b) Reclamaciones profesionales.

(c) Reclamaciones intergubernamentales.

(d) Reclamaciones de gastos administrativos del IRS para el pago de los impuestos incurridos por cualquiera de los Deudores durante el período a partir de la Fecha de petición del Estado Libre Asociado, la Fecha de petición del SRE o la Fecha de petición de la AEP, según proceda.

(e) Las reclamaciones vinculadas con actuaciones que se hayan producido de manera ordinaria durante el período desde, y con posterioridad a, la fecha de petición del Deudor correspondiente y hasta el 15 de marzo de 2022 (la Fecha de entrada en vigor).

(f) Las reclamaciones sujetas a lo dispuesto por la Orden de conciliación administrativa, incluyendo, entre otras, las "reclamaciones de agravios" vinculadas con cualquier de los acuerdos de negociación colectiva del Deudor.

(g) Las reclamaciones sujetas a una moción pendiente solicitando la asignación de cualesquiera gastos administrativos de conformidad con la Sección 503(b) de la Ley de Quiebras a la fecha de aprobación de la Orden de confirmación.

(h) Reclamaciones de Dominio eminente/Expropiación forzosa inversa.

(i) Reclamaciones de bienes incautados por los Deudores a tenor de la Ley Uniforme de Confiscaciones de 2021, 34 L.P.R.A. 1724 y ss.

(j) Reclamaciones de honorarios y gastos de abogados a tenor de la Ley de Servicios Educativos Integrales para Personas con Impedimentos, 20 U.S.C. 1400 y ss.

(k) Reclamaciones de devolución de impuestos.

(l) Reclamaciones autorizadas de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, según proceda.

8. Si es usted parte de un pleito, procedimiento o acción que plantee una reclamación de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, los mandatos de la Sección 92.3 del Plan y el apartado preliminar 59 de la Orden de confirmación han sido modificados para permitir que dichos pleitos continúen hasta la sentencia definitiva y su ejecución, incluyendo cualquier apelación. *Véase* Orden de prórroga ¶ 6.

**Cómo presentar una evidencia de reclamación**

9. Todas las peticiones de Gastos administrativos se enviarán como a continuación se indica:

(i) completando la Evidencia de reclamación electrónica en el sitio web del Agente de reclamaciones, en https://cases.ra.kroll.com/puertorico/EPOC-Index, o bien

(ii) si se entrega en mano o se cursa por correo certificado o servicio de mensajería, a la siguiente dirección: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Las peticiones de Gastos administrativos, en la medida en que estén sujetas a la Fecha límite prorrogada de Reclamaciones administrativas, se considerarán puntualmente presentadas solamente si son **efectivamente recibidas** por Kroll hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite administrativa"). Las peticiones de Gastos administrativos **no** deberán enviarse por fax, telecopia o correo electrónico.

**11. Si se le requiere que presente una petición de Gastos administrativos de conformidad con la Sección 1.51 y el Artículo III del Plan, del apartado preliminar 44 de la Orden de confirmación y de la Orden de prórroga, y omite hacerlo hasta la Fecha límite administrativa o hasta la Fecha límite, según proceda, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos (y de presentar una petición de Gastos administrativos con respecto a la citada Reclamación) contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

12. La Orden de confirmación es una orden integral, definitiva y completa, cuyo objeto es ser concluyente y vinculante para todas las partes interesadas; no se pretende que esté sujeta a un alegato de nulidad ante cualquier otro foro, y solamente podrá ser objetada de conformidad con la normativa vigente del Tribunal, y apelada como está previsto en la Ley PROMESA y otras leyes, reglas y jurisprudencia federales vigentes por (i) los Deudores, (ii) los Deudores reorganizados, (iii) el Estado Libre Asociado y sus instrumentalidades, (iv) cada Entidad que plantee reclamaciones u otros derechos contra el Estado Libre Asociado o cualquiera de sus instrumentalidades, incluyendo tenedores de reclamaciones de bonos y titulares de intereses usufructuarios (tanto directa como indirectamente, y como mandante, agente, contraparte, subrogado, asegurador u otros) con respecto a los bonos emitidos por los Deudores o cualquier agencia del Estado Libre Asociado, o con respecto a cualquier fiduciario, agencia de garantías, síndico concursal, agente fiscal y cualquier banco que perciba o mantenga en depósito fondos vinculados con dichos bonos, y tanto si dicha reclamación u otros derechos de tal entidad está afectada en virtud del Plan como si no —y, de estar afectada tanto si dicha Entidad aceptó el Plan como si no—, (v) cualquier otra entidad, y (vi) cada uno de los respectivos herederos, sucesores, cesionarios, fiduciarios, albaceas, administradores, funcionarios, consejeros, agentes, representantes, apoderados, beneficiarios o tutores de cualquiera de los citados; aunque siempre en el bien entendido de que los compromisos y acuerdos establecidos en el Plan y en la Orden de confirmación con respecto a la prioridad de los Nuevos Bonos GO y los ICV previstos en la Ley PROMESA, la Constitución del Estado Libre Asociado y otras leyes vigentes no serán vinculantes para ninguna parte interesada (incluyendo cualquier sucesora de la Junta de Supervisión) en un posterior procedimiento del Título III (o cualquier otro procedimiento de insolvencia).

Fecha: 21 de octubre de 2022, San Juan, Puerto Rico, /s/ Martin J. Bienenstock, Martin J. Bienenstock (admitido *pro hac vice*), Brian S. Rosen (admitido *pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Abogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores* -and- /s/ *Hermann D. Bauer*, Hermann D. Bauer, Esq., USDC nº 215205, **O'NEILL & BORGES LLC**, 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Coabogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores*

[1] Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra nº 17-BK-3283- LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra nº 17-BK-3284-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra nº 17-BK-3567-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra nº 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra nº 17-BK-4780-LTS) (Caso de quiebra nº 17- BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra nº 19-BK-5523-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

[2] A partir del 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

Nov. 4-6, 2022

DoubleTree Convention Center Miami

711 NW 72nd Ave. • Miami, FL 33126

Fri. 11AM - 5PM • Sat. 11AM - 5PM • Sun. 11AM - 4PM

Parking: $7 per day

ENTRADA GRATIS

Mejora tu capacidad y...

- Pruebe el producto y la tecnología más recientes
- Conquiste un muro de escalada integral
- Aprende recomendaciones y trucos con expertos de la comunidad
- Ponte en marcha con deportes y baile adaptados
- Encuentra soluciones para todas las edades y capacidades

Abilities.com • Inscríbase hoy en línea

Si está interesado en exhibir en Abilities Expo, llame (323) 363-2099

**Exhibit E**





# AFIDAVIT
# NOTIFICACIÓN

## NOTIFICACIÓN DE (A) APROBACIÓN DE UNA ORDEN CONFIRMANDO LA OCTAVA ENMIENDA AL PLAN DE AJUSTE DEL TÍTULO III DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS DE CONFORMIDAD CON EL TÍTULO III DE LA LEY PROMESA, (B) LA VIGENCIA DE LA FECHA DE ENTRADA EN VIGOR, Y LA (C) PRÓRROGA DE LA FECHA LÍMITE DE PRESENTACIÓN DE RECLAMACIONES ADMINISTRATIVAS A CIERTAS PARTES

**PROMESA Título III / Nº 17 BK 3283-LTS**

Yo, Yahaira Rivera Rivera habiendo prestado el juramento debido, declaro lo siguiente:
Que soy Oficial de Crédito, Cobros y Facturación de Publi-Inversiones para el periódico El Vocero de Puerto Rico el cual se pública en San Juan Puerto Rico y que en las ediciones de este mismo diario correspondientes a los siguientes días:

**28 de octubre de 2022**

Se dio publicidad al aviso expedido por el peticionario: **ESTADO LIBRE ASOCIADO DE PUERTO RICO**

Sobre el asunto arriba mencionado, y copia del cual se une al presente affidavit para que forme parte del mismo.

San Juan, Puerto Rico, a NOV - 1 2022

Yahaira Rivera Rivera
Departamento de Finanzas

Affidavit Núm. 124862 del Registro

JOSE E. COLON RODRIGUEZ
ABOGADO NOTARIO

Jurado y reconocido ante mí por Yahaira Rivera Rivera, mayor de edad, casada, vecina de Caguas y Oficial de Crédito, Cobros y Facturación del Departamento de Finanzas de Publi-Inversiones para el periódico El Vocero de Puerto Rico, de esta vecindad, a quien doy fe de conocer personalmente.

San Juan, Puerto Rico, a NOV - 1 2022



**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,<br>Deudores.[1] | PROMESA<br>Título III<br>Nº 17 BK 3283-LTS<br>(Administrado de manera conjunta) |

**NOTIFICACIÓN DE (A) APROBACIÓN DE UNA ORDEN CONFIRMANDO LA OCTAVA ENMIENDA AL PLAN DE AJUSTE DEL TÍTULO III DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS DE CONFORMIDAD CON EL TÍTULO III DE LA LEY PROMESA, (B) LA VIGENCIA DE LA FECHA DE ENTRADA EN VIGOR, Y LA (C) PRÓRROGA DE LA FECHA LÍMITE DE PRESENTACIÓN DE RECLAMACIONES ADMINISTRATIVAS A CIERTAS PARTES**

**A LOS ACREEDORES Y OTRAS PARTES INTERESADAS:**

El plazo de presentación de evidencias de la Reclamación de gastos administrativos contra (i) el Estado Libre Asociado de Puerto Rico, (ii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico o (iii) la Autoridad de Edificios Públicos de Puerto Rico, ha sido prorrogado hasta el **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** para ciertas partes, tal como se detalla a continuación. Sírvase leer detenidamente esta notificación.

**Si se le exige presentar una evidencia de Reclamación de gastos administrativos y no la aporta debidamente, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

1. De conformidad con una orden dictada el 18 de enero de, 2022 [ECF nº 19813] (la "Orden de confirmación"), la *Octava enmienda al Plan de Ajuste conjunto del Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 15 de enero de 2022 [ECF nº 19784] (tal y como pueda haber sido enmendado, modificado o complementado de cualquier otra forma, el "Plan"), fue confirmada por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal"). Salvo que en la presente Notificación se estipule una definición distinta, los términos en mayúsculas utilizados, pero no definidos aquí, tendrán los significados adscritos a los mismos en el Plan y en la Orden de confirmación.

2. La Fecha de entrada en vigor del Plan se produjo el 15 de mayo de 2022, y la *Notificación de (A) Aprobación de una orden confirmando la Octava enmienda al Plan de Ajuste del Título III del Estado Libre Asociado de Puerto Rico, y otros de conformidad con el Título III de la Ley PROMESA, y (B) Vigencia de la Fecha de entrada en vigor* [ECF nº 20349] (la "Notificación de la Fecha de entrada en vigor") se registró y se cursó en relación con lo antedicho.

3. Cualquier parte interesada que desee obtener copias de la Orden de confirmación, del Plan y de la documentación afín debe ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll"),[2] por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@ra.kroll.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.ra.kroll.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (http://www.pacer.psc.uscourts.gov).

**Prórroga de la Fecha límite para presentar reclamaciones administrativas**

4. De conformidad con la Sección 1.51 y el Artículo III del Plan, así como del apartado preliminar 44 de la Orden de confirmación, la fecha límite aplicable a las partes que planteen Reclamaciones de gastos administrativos contra los Deudores para presentar evidencias de dichas reclamaciones era el 13 de junio de 2022 (la "Fecha límite").

5. La Sección 1.52 del Plan define el concepto "Reclamación de gastos administrativos" como:

> Una Reclamación contra los Deudores o sus Activos, constituyendo un costo o gasto de administración de los Casos del Título III incoados o autorizados a incoar, en la Fecha límite de Reclamaciones administrativas o con anterioridad a la misma, a tenor de las Secciones 503(b) y 507(a)(2) del Código de Quiebras, ***producidas durante el período transcurrido hasta la Fecha de entrada en vigor (inclusive)***, y que de otro modo se ajusten a la legislación vigente de Puerto Rico, incluyendo, entre otros, con sujeción a que se produzca la Fecha de entrada en vigor, con las excepciones previstas en la Sección 3.5 de ese instrumento, Costos de consumación y Derechos de restricción de AAP; aunque en el bien entendido de que bajo ninguna circunstancia una Reclamación de gastos administrativos podrá incluir una Reclamación de gastos administrativos a la AEP.
>
> (el énfasis es nuestro).

6. A tenor de la *Orden prorrogando la Fecha límite de Reclamaciones administrativas para ciertas partes* [ECF nº 22650] (la "Orden de prórroga"), el plazo de presentación de evidencias, o de solicitudes de pago, de Reclamaciones de gastos administrativos ("Solicitudes de Gastos administrativos") se ha prorrogado hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite prorrogada de Reclamaciones administrativas") si se desea incoar alguna reclamación o causa de acción:

> (A)(1) planteada en un pleito o acción contra el Estado Libre Asociado, la AEP o el SRE, incoado desde y con posterioridad a las respectivas fechas de petición y antes de la Fecha de entrada en vigor, y relacionado con una acción o evento que se haya producido a partir de, y con posterioridad a, las respectivas fechas de petición y antes de la Fecha de entrada en vigor, o bien (2) no sujeto a ningún pleito o acción pendientes, aunque derivado de acciones o eventos que se hayan producido desde o después de las respectivas fechas de petición y antes de la Fecha de entrada en vigor; y
>
> (B) a usted no se le cursó la Notificación de la Fecha de entrada en vigor. Puede consultar una lista completa de las partes a las que se les cursó la Notificación de la Fecha de entrada en vigor en https://cases.ra.kroll.com/puertorico/.
>
> Esta prórroga no será de aplicación a ninguna Reclamación de gastos administrativos (i) planteada en concepto de servicios profesionales prestados a los Deudores en relación con los Casos del Título III, o bien (ii) derivados exclusivamente en relación con los Casos del Título III.

**Excepciones de presentación de peticiones de Gastos administrativos**

7. De conformidad con la Sección 1.51, con el Artículo III del Plan y del apartado preliminar 44 de la Orden de confirmación, no se requerirá la presentación de ninguna evidencia de Reclamación de gastos administrativos en el caso de los siguientes tipos de Reclamaciones:

(a) Reclamaciones incurridas (i) de conformidad con una orden del Tribunal, o bien (ii) con el consentimiento por escrito de las Partes del Gobierno pertinentes, otorgando expresamente dicha Reclamación de gastos administrativos.

(b) Reclamaciones profesionales.

(c) Reclamaciones intergubernamentales.

(d) Reclamaciones de gastos administrativos del IRS para el pago de los impuestos incurridos por cualquiera de los Deudores durante el período a partir de la Fecha de petición del Estado Libre Asociado, la Fecha de petición del SRE o la Fecha de petición de la AEP, según proceda.

(e) Las reclamaciones vinculadas con actuaciones que se hayan producido de manera ordinaria durante el período desde, y con posterioridad a, la fecha de petición del Deudor correspondiente y hasta el 15 de marzo de 2022 (la Fecha de entrada en vigor).

(f) Las reclamaciones sujetas a lo dispuesto por la Orden de conciliación administrativa, incluyendo, entre otras, las "reclamaciones de agravios" vinculadas con cualquier de los acuerdos de negociación colectiva del Deudor.

(g) Las reclamaciones sujetas a una moción pendiente solicitando la asignación de cualesquiera gastos administrativos de conformidad con la Sección 503(b) de la Ley de Quiebras a la fecha de aprobación de la Orden de confirmación.

(h) Reclamaciones de Dominio eminente/Expropiación forzosa inversa.

(i) Reclamaciones de bienes incautados por los Deudores a tenor de la Ley Uniforme de Confiscaciones de 2021, 34 L.P.R.A. 1724 y ss.

(j) Reclamaciones de honorarios y gastos de abogados a tenor de la Ley de Servicios Educativos Integrales para Personas con Impedimentos, 20 U.S.C. 1400 y ss.

(k) Reclamaciones de devolución de impuestos.

(l) Reclamaciones autorizadas de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, según proceda.

8. Si es usted parte de un pleito, procedimiento o acción que plantee una reclamación de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, los mandatos de la Sección 92.3 del Plan y el apartado preliminar 59 de la Orden de confirmación han sido modificados para permitir que dichos pleitos continúen hasta la sentencia definitiva y su ejecución, incluyendo cualquier apelación. *Véase* Orden de prórroga ¶ 6.

**Cómo presentar una evidencia de reclamación**

9. Todas las peticiones de Gastos administrativos se enviarán como a continuación se indica:

(i) completando la Evidencia de reclamación electrónica en el sitio web del Agente de reclamaciones, en https://cases.ra.kroll.com/puertorico/EPOC-Index, o bien

(ii) si se entrega en mano o se cursa por correo certificado o servicio de mensajería, a la siguiente dirección: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Las peticiones de Gastos administrativos, en la medida en que estén sujetas a la Fecha límite prorrogada de Reclamaciones administrativas, se considerarán puntualmente presentadas solamente si son **efectivamente recibidas** por Kroll hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite administrativa"). Las peticiones de Gastos administrativos **no** deberán enviarse por fax, telecopia o correo electrónico.

**11. Si se le requiere que presente una petición de Gastos administrativos de conformidad con la Sección 1.51 y el Artículo III del Plan, del apartado preliminar 44 de la Orden de confirmación y de la Orden de prórroga, y omite hacerlo hasta la Fecha límite administrativa o hasta la Fecha límite, según proceda, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos (y de presentar una petición de Gastos administrativos con respecto a la citada Reclamación) contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

12. La Orden de confirmación es una orden integral, definitiva y completa, cuyo objeto es ser concluyente y vinculante para todas las partes interesadas; no se pretende que esté sujeta a un alegato de nulidad ante cualquier otro foro, y solamente podrá ser objetada de conformidad con la normativa vigente del Tribunal, y apelada como está previsto en la Ley PROMESA y otras leyes, reglas y jurisprudencia federales vigentes por (i) los Deudores, (ii) los Deudores reorganizados, (iii) el Estado Libre Asociado y sus instrumentalidades, (iv) cada Entidad que plantee reclamaciones u otros derechos contra el Estado Libre Asociado o cualquiera de sus instrumentalidades, incluyendo tenedores de reclamaciones de bonos y titulares de intereses usufructuarios (tanto directa como indirectamente, y como mandante, agente, contraparte, subrogado, asegurador u otros) con respecto a los bonos emitidos por los Deudores o cualquier agencia del Estado Libre Asociado, o con respecto a cualquier fiduciario, agencia de garantías, síndico concursal, agente fiscal y cualquier banco que perciba o mantenga en depósito fondos vinculados con dichos bonos, y tanto si dicha reclamación u otros derechos de tal entidad está afectada en virtud del Plan como si no —y, de estar afectada tanto si dicha Entidad aceptó el Plan como si no—, (v) cualquier otra entidad, y (vi) cada uno de los respectivos herederos, sucesores, cesionarios, fiduciarios, albaceas, administradores, funcionarios, consejeros, agentes, representantes, apoderados, beneficiarios o tutores de cualquiera de los citados; aunque siempre en el bien entendido de que los compromisos y acuerdos establecidos en el Plan y en la Orden de confirmación con respecto a la prioridad de los Nuevos Bonos GO y los ICV previstos en la Ley PROMESA, la Constitución del Estado Libre Asociado y otras leyes vigentes no serán vinculantes para ninguna parte interesada (incluyendo cualquier sucesora de la Junta de Supervisión) en un posterior procedimiento del Título III (o cualquier otro procedimiento de insolvencia).

Fecha: 21 de octubre de 2022, San Juan, Puerto Rico, */s/ Martin J. Bienenstock*, Martin J. Bienenstock (admitido *pro hac vice*), Brian S. Rosen (admitido *pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, Nueva York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores* -and- */s/ Hermann D. Bauer*, Hermann D. Bauer, Esq., USDC Nº 215205, **O'NEILL & BORGES LLC,** 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Coabogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores*

[1] Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra nº 17-BK-3283- LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra nº 17-BK-3284-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra nº 17-BK-3567-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra nº 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra nº 17-BK-4780-LTS) (Caso de quiebra nº 17-BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra nº 19-BK-5523-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

[2] A partir del 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.

# Suspenden operaciones de First Finance

## El banco número 22 que cierra en los pasados dos años

**Ileanexis Vera Rosado**
>ivera@elvocero.com

@iverarosado

La Oficina del Comisionado de Instituciones Financieras (OCIF), emitió, con carácter sumario, una querella y orden de cese y desista y una orden provisional, nombrando un síndico contra First Finance International Bank, Inc., una entidad financiera internacional (EFI) que opera al amparo de la Ley Reguladora del Centro Financiero Internacional de Puerto Rico.

De prevalecer la orden, este sería el banco internacional número 22 que cierra en la Isla en los pasados dos años.

La orden requiere que First Finance suspenda sus operaciones como EFI por estar en incumplimiento craso con el nivel mínimo de capital requerido tanto por la Ley como por la Orden por Consentimiento emitida por OCIF. A ello se suma el no cumplir con los requisitos establecidos en el proceso de renovación de licencia y ocultar información relevante sobre sus estados financieros auditados.

Además, la orden le impone a First Finance multas administrativas ascendentes a $775,000 por diversas violaciones a las leyes y/o reglamentos bajo la jurisdicción de OCIF, le exige la entrega de $300,000 correspondientes a un certificado de depósito previamente pignorado a favor de la OCIF y le ordena someterse a un proceso de disolución y liquidación, asegurando los depósitos de sus clientes.

La agencia, con el fin de proteger los derechos de todas las partes interesadas, designó al licenciado y CPA Wigberto Lugo Mender, para que funja como síndico de la institución bancaria con carácter inmediato.

El síndico tomará posesión inmediata de los activos y pasivos, libros, registros, documentos y archivos de First Finance y habrá de ocupar y ejercer las funciones que la junta de directores de la entidad financiera internacional tiene al día de hoy. Además, será el objetivo principal del síndico organizar los asuntos de la entidad de manera tal que se pueda completar el proceso de la disolución y liquidación de la entidad financiera internacional sin mayor dilación.

Al mismo tiempo, la agencia convocó a First Finance a una vista dentro de diez días para determinar si la orden provisional nombrando síndico se hace permanente o se revoca y brindarle la oportunidad para hacer planteamientos. De no comparecer, la OCIF continuará con los procesos para confirmar, modificar o dejar sin efecto la orden provisional.

Respecto a si hay otros bancos bajo la mirilla de la agencia, la comisionada de la OCIF, Natalia Zequeira Díaz, indicó que todas las instituciones que operan con las licencias que emiten tienen obligaciones legales y regulatorias con las cuales tienen que cumplir.

"Toda institución que incumpla con dichas obligaciones se está exponiendo a que la OCIF le ordene su cumplimiento, le imponga multas económicas y como último modo se le nombre un síndico que lidere la liquidación de la entidad", acotó.

En torno al impacto que estos cierres generan a la imagen de la Isla, la funcionaria sostuvo que en febrero 2022 el Departamento del Tesoro Federal publicó un reporte de análisis de riesgo en el cual se mencionó a Puerto Rico como una jurisdicción con un alto riesgo de lavado de dinero por ciertas instituciones financieras internacionales que exportan servicios financieros desde la Isla.

"Las órdenes y ´enforcement actions´ que la OCIF ha emitido recientemente van dirigidas a controlar y prevenir la proliferación del lavado de dinero y otros crímenes financieros en Puerto Rico. Dichas órdenes y ´enforcement actions´ han sido reconocidas por otros entes gubernamentales tanto federales como internacionales", reiteró.

**EL VOCERO** cuestionó el posible impacto a los clientes de estos bancos, a lo que Zequeira informó que por tratarse de entidades financieras internacionales (EFI), no son residentes de Puerto Rico y sus depósitos no están asegurados.

"Una vez una EFI comienza su proceso de liquidación, ya sea uno voluntario u ordenado por la OCIF, el rol de la OCIF es velar que dicha liquidación se lleve a cabo en una forma ordenada, siempre velando por los derechos de los clientes de dichas instituciones", recalcó.

Asimismo, se cuestionó si la agencia ha fallado en algo para que haya un incremento en irregularidades conducentes al cierre de bancos internacionales. Ante lo antes expuesto, la funcionaria dijo que a partir de enero 2021 la OCIF comenzó a modificar la manera en que las instituciones financieras internacionales son supervisadas por la agencia.

"La OCIF ha revisado sus programas de examen, el contenido de los ´enforcement actions´, el proceso de renovación de licencias y el monitoreo continuo que realiza la OCIF a través de los informes financieros periódicos que dichas instituciones radican en la OCIF. Debido a la supervisión holística que se ha implementado, es que el equipo de la OCIF ha podido identificar a aquellas instituciones que se encuentran en incumplimiento craso y que requieren que se tome acción correspondiente por su regulador", apuntó.

**Exhibit F**



# PROOF OF PUBLICATION

Oct-28, 2022

I, Edgar Noblesala, in my capacity as a Principal Clerk of the Publisher of The New York Times a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on

Oct 28, 2022, NYT & Natl, pg B5

Sworn to me this 28th day of October, 2022

Notary Public

Ellen Herb
Notary Public, State of New York
No. 01HE6163785
Qualified in New York County
Commission Expires April 2, 2023

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, Debtors.[1] | PROMESA Title III No. 17 BK 3283-LTS (Jointly Administered) |
|---|---|

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL. PURSUANT TO TITLE III OF PROMESA, (B) OCCURRENCE OF THE EFFECTIVE DATE, AND (C) EXTENSION OF ADMINISTRATIVE CLAIM BAR DATE FOR CERTAIN PARTIES**

**TO CREDITORS AND OTHER PARTIES IN INTEREST:**

The deadline to file a proof of Administrative Expense Claim against (i) the Commonwealth of Puerto Rico, (ii) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, or (iii) the Puerto Rico Public Buildings Authority has been extended to **January 18, 2023 at 4:00 p.m. (Atlantic Standard Time)** for certain parties, as further detailed below. Please review this notice carefully.

**If you are required to file a proof of Administrative Expense Claim and fail to timely do so, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

1. Pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "Confirmation Order"), the *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"), was confirmed by the United States District Court for the District of Puerto Rico (the "Court"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and the Confirmation Order.

2. The Effective Date of the Plan occurred on March 15, 2022, and the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "Effective Date Notice") was filed and served in connection therewith.

3. Any party in interest wishing to obtain copies of the Confirmation Order, the Plan, and related documents should contact Kroll Restructuring Administration LLC ("Kroll"),[2] by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@ra.kroll.com, or may view such documents by accessing either https://cases.ra.kroll.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

**Extension of Administrative Claim Bar Date**

4. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for parties asserting Administrative Expense Claims against the Debtors to file a proof of Administrative Expense Claim was June 13, 2022 (the "Bar Date").

5. Section 1.52 of the Plan defines "Administrative Expense Claim" as:

A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code ***arising during the period up to and including the Effective Date***, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim. (emphasis added).

6. Pursuant to the *Order Extending the Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* [ECF No. 22650] (the "Extension Order"), the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") has been extended to **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Extended Administrative Claim Bar Date") if you are seeking to assert any claim or cause of action:

(A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and

(B) you did not receive service of the Effective Date Notice. A complete list of parties who were served the Effective Date Notice is available at https://cases.ra.kroll.com/puertorico/.

This extension does not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

**Exceptions to Filing Administrative Expense Requests**

7. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, no proof of Administrative Expense Claim is required to be filed for the following types of Claims:

(a) Claims incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim.

(b) Professional Claims.

(c) Intergovernmental Claims.

(d) Administrative Expense Claims of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable.

(e) Claims related to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date to March 15, 2022 (the Effective Date).

(f) Claims that are subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements.

(g) Claims that are the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order.

(h) Eminent Domain/Inverse Condemnation Claims.

(i) Claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 *et seq.*

(j) Claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 *et seq.*

(k) Tax refund Claims.

(l) Claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

8. If you are party to a litigation, proceeding, or action asserting a claim pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, the injunctions in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order have been modified to allow such litigation to proceed to final judgment and execution, including any appeals. *See* Extension Order ¶ 6.

**How to File a Proof of Claim**

9. All Administrative Expense Requests should be sent as follows:

(i) by completing the electronic Proof of Claim on the Claims Agent's website at https://cases.ra.kroll.com/puertorico/EPOC-Index, or

(ii) if delivered by first class mail, hand delivery, or overnight courier, at the following address: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Administrative Expense Requests, to the extent subject to the Extended Administrative Claim Bar Date, will be deemed timely filed only if **actually received** by Kroll by **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Administrative Deadline"). The Administrative Expense Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**11. If you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan, decretal paragraph 44 of the Confirmation Order, and the Extension Order and fail to do so by the Administrative Deadline or the Bar Date, as applicable, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

12. The Confirmation Order is a full, final, and complete order, intended to be, conclusive and binding upon all parties in interest, is not intended to be subject to collateral attack in any other forum, and may only be challenged in accordance with applicable rules in the Court and appealed as provided in PROMESA and other applicable federal laws, rules and jurisprudence, by (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Commonwealth and its instrumentalities, (iv) each Entity asserting claims or other rights against the Commonwealth or any other Commonwealth instrumentality, including each holder of a bond claim and each holder of a beneficial interest (directly or indirectly, as principal, agent, counterpart, subrogee, insurer or otherwise) in respect of bonds issued by the Debtors or any Commonwealth agency or with respect to any trustee, any collateral agent, any indenture trustee, any fiscal agent, and any bank that receives or holds funds related to such bonds, whether or not such claim or other rights of such Entity are impaired pursuant to the Plan and, if impaired, whether or not such Entity accepted the Plan, (v) any other Entity, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, officers, directors, agents, representatives, attorneys, beneficiaries or guardians; provided, however, that the compromises and settlements set forth in the Plan and the Confirmation Order with respect to the priority of the New GO Bonds and the CVIs under PROMESA, the Commonwealth Constitution, or other applicable law shall not be binding on any party in interest (including any successor to the Oversight Board) in a subsequent Title III (or other insolvency) proceeding.

Dated: October 21, 2022, San Juan, Puerto Rico, */s/ Martin J. Bienenstock*, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, New York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* -and- */s/ Hermann D. Bauer*, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

U.S. ECONOMY | BANKS

# In a First Since 2002, U.S. Mortgage Rates Barrel Beyond 7%

PHILIP CHEUNG FOR THE NEW YORK TIMES

Rates on 30-year fixed-rate mortgages, the most popular kind among American home buyers, rose to 7.08 percent on Thursday, up from 6.94 just last week.

FROM FIRST BUSINESS PAGE

clines in consumer confidence this month," Sam Khater, the chief economist at Freddie Mac, said in a statement. "In fact, many potential home buyers are choosing to wait and see where the housing market will end up, pushing demand and home prices further downward."

Even though mortgage rates have rocketed higher over a short period, they are still slightly below their long-term average of about 7.8 percent, according to Freddie Mac, which began tracking borrowing costs in 1971. In the early 1980s, rates stretched well into the double digits, exceeding 18 percent in 1981.

***Home building and sales have slowed, dragging down overall economic growth.***

Mortgage rates usually track the 10-year Treasury note, which is influenced by a variety of factors, including the Fed's efforts to rein in inflation and growing concerns among investors that a recession is imminent. Stress in the underlying market for bonds backed by household mortgages — which factors into the price consumers pay — has also pushed rates higher. The U.S. central bank is expected to raise interest rates another 0.75 percentage points at its meeting next month.

The rapid rise in borrowing costs has already taken a toll on the housing industry, where home building and sales have slowed, dragging on overall economic growth in the third quarter. Existing home sales in September fell nearly 24 percent from the previous year, according to the National Association of Realtors. It was the eighth consecutive month of declines.

The rise in home prices has also begun a swift deceleration. The S&P CoreLogic Case-Shiller National Home Price Index, which tracks single-family home prices, rose 13 percent for the year ending in August, compared with a 15.6 percent increase in July, according to a report released this week. The decline — of 2.6 percentage points — between those two year-long periods is the steepest drop in the history of the index, which dates to 1987.

"These data show clearly that the growth rate of housing prices peaked in the spring of 2022 and has been declining ever since," Craig J. Lazzara, a managing director at S&P Dow Jones Indices, said in a statement.

But prices haven't slowed nearly enough to offset higher borrowing costs. The national median mortgage payment in September rose to $1,941, up 5.5 percent from August, according to a report by the Mortgage Bankers Association, which was also released on Thursday. The median payment has jumped 40 percent, or $558, from the start of the year.

"With mortgage rates continuing to rise, the purchasing power of buyers is shrinking," Edward Seiler, the associate vice president of housing economics at the bankers association, said in a statement. "The median loan amount in September was $305,550, down from the February peak of $340,000, its highest point since the inception of the association's index in July 2009.

Liz Rossof, a real estate broker with Re/Max Professionals, has witnessed that dynamic with the home buyers she works with in northwest Denver. She had clients who qualified for a $675,000 mortgage in January — but by May, with rates about two percentage points higher, their housing budget had dropped more than $100,000. At the same time, home prices were still rising, so her clients felt extra squeezed.

"It was hard for them," Ms. Rossof said. "A lot of lenders are like, 'Rates are still historically low,'" she said. "But that doesn't mean much to the buyer who is now paying three times as much interest as they were."

The frenzied mood of 2021 — and even early this year, when home buyers rushed into the market to try to lock in low interest rates — had begun to fizzle once rates crossed the 5 percent mark in late April and early May, Ms. Rossof said. And now, two percentage points higher, buyers are increasingly reluctant to make a move — or they've been priced out altogether.

Indeed, the volume of mortgage locks in September — that is, when applicants lock in a particular rate — fell nearly 60 percent from the same month last year, according to Black Knight, a data firm that tracks the mortgage market. Locks on mortgages for home purchases were down nearly 30 percent, while refinancing activity was 93 percent lower.

"I think we are all a little shocked at how abruptly interest rates went up," she added. "In terms of buyer activity, we definitely see a lot of hesitancy. They are bummed because they feel they missed out."

# Credit Suisse Will Shrink Investment Bank in Its Quest for Revival

LEA MEIENBERG FOR THE NEW YORK TIMES

MICHAEL BUHOLZER/EPA, VIA SHUTTERSTOCK

Credit Suisse's chief executive, Ulrich Körner, right, presented the troubled banking giant's quarterly report Thursday.

FROM FIRST BUSINESS PAGE

lenges facing the 166-year-old lender, a linchpin of Switzerland's banking system. For years, it has stumbled from crisis to crisis, including billions of dollars in losses, costly legal settlements and a series of executive departures — including the ouster of a chief executive, Tidjane Thiam, over the surveillance of employees.

Fears about undiscovered financial land mines in the bank's books have weighed heavily. Its stock has fallen 60 percent so far this year, pulled down in part by unfounded rumors about its solvency. That speculation may have also spooked clients, with the bank reporting a loss of $13 billion in assets under management during the most recent quarter.

The bank's latest earnings announcement underscored the urgency behind the vast restructuring. Credit Suisse said it reflected weak performance in its investment bank, as well as charges related to legal settlements in a New Jersey mortgage-bonds investigation and a French money-laundering case.

To bolster its finances, Credit Suisse said it would cut its costs by some $2.5 billion through measures including layoffs that would reduce its employee count by 9,000 positions. It employed about 52,000 people at the end of September.

And it plans to raise about $4 billion by selling new shares to investors to shore up its capital reserves, including more than $1 billion to Saudi National Bank, a new shareholder that would own up to 10 percent of Credit Suisse after the transaction.

Credit Suisse's revamp caps months of promises by its management team — including its chief executive of six months, Ulrich Körner — to devise a strategy to make the bank smaller and more financially prudent. What emerged from the review was a plan to focus on its private wealth unit, which represents more than a third of its revenue and manages more than $640 billion in assets, and to keep only the operations that directly support this business.

Investment banking and trading, which Credit Suisse had sought to build up for years to better compete with Wall Street rivals like Goldman Sachs, increasingly became a costly distraction. The firm's deals and advisory unit often landed big mandates for work on mergers, bond issues, public listings and other transactions, but it trailed the likes of Goldman and Morgan Stanley in the closely scrutinized rankings of deals and fees generated by this kind of business.

Trading operations can yield huge profits but also come with big risks, like when Credit Suisse lost $5.5 billion linked to the implosion of the investment firm Archegos Capital Management.

"The investment bank has not created value for a long time," Mr. Körner said on a call with analysts on Thursday. "We have taken a hard look at what makes sense for us at this juncture."

Credit Suisse plans to spin out its deals and capital advisory business into a new firm called CS First Boston, resurrecting the name of the well-known American investment bank it acquired in 1988.

That firm will be led by Michael S. Klein, a veteran deal maker with deep contacts across the Middle East who, as a Credit Suisse director, helped lead the strategic review. As part of the reorganization, Mr. Klein will step down from the Credit Suisse board, while its existing leader, Christian Meissner, will leave immediately.

The investment bank will seek to raise capital from outside investors, potentially including Saudi National Bank.

Credit Suisse also plans to put some of its riskiest assets and nonessential businesses, including what's left of its hedge fund lending unit and its operations in regions like Latin America, into a new division — informally known in financial circles as a "bad bank" — to eventually be sold or wound down.

The bank reached a preliminary deal to sell a majority of its securitized products group, a profitable trading business that requires significant capital, to investors led by Apollo Global Management and Pimco. If a final agreement is reached, the transaction is expected to close by next summer.

Analysts offered a cautious assessment of Credit Suisse's plans. Kian Abouhossein of JPMorgan Chase wrote in a note to clients that he had hoped for a greater retreat from investment banking and worried about existing investors' holdings being diluted by the planned sale of shares. But overall, he said of the bank's plan, "our initial view is it is going in the right direction."

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| In re: | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, Debtors.[1] | PROMESA Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL. PURSUANT TO TITLE III OF PROMESA, (B) OCCURRENCE OF THE EFFECTIVE DATE, AND (C) EXTENSION OF ADMINISTRATIVE CLAIM BAR DATE FOR CERTAIN PARTIES**

**TO CREDITORS AND OTHER PARTIES IN INTEREST:**

The deadline to file a proof of Administrative Expense Claim against (i) the Commonwealth of Puerto Rico, (ii) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, or (iii) the Puerto Rico Public Buildings Authority has been extended to **January 18, 2023 at 4:00 p.m. (Atlantic Standard Time)** for certain parties, as further detailed below. Please review this notice carefully.

**If you are required to file a proof of Administrative Expense Claim and fail to timely do so, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

1. Pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "Confirmation Order"), the *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"), was confirmed by the United States District Court for the District of Puerto Rico (the "Court"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and the Confirmation Order.

2. The Effective Date of the Plan occurred on March 15, 2022, and the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "Effective Date Notice") was filed and served in connection therewith.

3. Any party in interest wishing to obtain copies of the Confirmation Order, the Plan, and related documents should contact Kroll Restructuring Administration LLC ("Kroll"),[2] by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@ra.kroll.com, or may view such documents by accessing either https://cases.ra.kroll.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

**Extension of Administrative Claim Bar Date**

4. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for parties asserting Administrative Expense Claims against the Debtors to file a proof of Administrative Expense Claim was June 13, 2022 (the "Bar Date").

5. Section 1.52 of the Plan defines "Administrative Expense Claim" as:

> A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code ***arising during the period up to and including the Effective Date***, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

(emphasis added).

6. Pursuant to the *Order Extending the Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* [ECF No. 22650] (the "Extension Order"), the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") has been extended to **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Extended Administrative Claim Bar Date") if you are seeking to assert any claim or cause of action:

(A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and

(B) you did not receive service of the Effective Date Notice. A complete list of parties who were served the Effective Date Notice is available at https://cases.ra.kroll.com/puertorico/.

This extension does not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

**Exceptions to Filing Administrative Expense Requests**

7. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, no proof of Administrative Expense Claim is required to be filed for the following types of Claims:

(a) Claims incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim.

(b) Professional Claims.

(c) Intergovernmental Claims.

(d) Administrative Expense Claims of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable.

(e) Claims related to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date to March 15, 2022 (the Effective Date).

(f) Claims that are subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements.

(g) Claims that are the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order.

(h) Eminent Domain/Inverse Condemnation Claims.

(i) Claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 *et seq.*

(j) Claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 *et seq*.

(k) Tax refund Claims.

(l) Claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

8. If you are party to a litigation, proceeding, or action asserting a claim pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, the injunctions in Section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order have been modified to allow such litigation to proceed to final judgment and execution, including any appeals. *See* Extension Order ¶ 6.

**How to File a Proof of Claim**

9. All Administrative Expense Requests should be sent as follows:

(i) by completing the electronic Proof of Claim on the Claims Agent's website at https://cases.ra.kroll.com/puertorico/EPOC-Index, or

(ii) if delivered by first class mail, hand delivery, or overnight courier, at the following address: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Administrative Expense Requests, to the extent subject to the Extended Administrative Claim Bar Date, will be deemed timely filed only if **actually received** by Kroll by **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Administrative Deadline"). The Administrative Expense Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**11. If you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan, decretal paragraph 44 of the Confirmation Order, and the Extension Order and fail to do so by the Administrative Deadline or the Bar Date, as applicable, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

12. The Confirmation Order is a full, final, and complete order, intended to be, conclusive and binding upon all parties in interest, is not intended to be subject to collateral attack in any other forum, and may only be challenged in accordance with applicable rules in the Court and appealed as provided in PROMESA and other applicable federal laws, rules and jurisprudence, by (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Commonwealth and its instrumentalities, (iv) each Entity asserting claims or other rights against the Commonwealth or any other Commonwealth instrumentality, including each holder of a bond claim and each holder of a beneficial interest (directly or indirectly, as principal, agent, counterpart, subrogee, insurer or otherwise) in respect of bonds issued by the Debtors or any Commonwealth agency or with respect to any trustee, any collateral agent, any indenture trustee, any fiscal agent, and any bank that receives or holds funds related to such bonds, whether or not such claim or other rights of such Entity are impaired pursuant to the Plan and, if impaired, whether or not such Entity accepted the Plan, (v) any other Entity, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, officers, directors, agents, representatives, attorneys, beneficiaries or guardians; provided, however, that the compromises and settlements set forth in the Plan and the Confirmation Order with respect to the priority of the New GO Bonds and the CVIs under PROMESA, the Commonwealth Constitution, or other applicable law shall not be binding on any party in interest (including any successor to the Oversight Board) in a subsequent Title III (or other insolvency) proceeding.

Dated: October 21, 2022, San Juan, Puerto Rico, /s/ Martin J. Bienenstock, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* -and- /s/ Hermann D. Bauer, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

*UCC Public Sale Notice*

Please take notice that Jones Lang LaSalle Americas, Inc. ("JLL"), on behalf of AXONIC COMMERCIAL REAL ESTATE DEBT MASTER FUND, LP, a Cayman Islands exempted limited partnership (the "Secured Party"), offers for sale at public auction on January 12, 2023 at 10:00 am EST on the front steps of the New York County Supreme Court Building, located at 60 Centre Street, New York, New York 10007, as well as by remote participation via simultaneous Zoom videoconference, in connection with a Uniform Commercial Code sale, 100% of the limited liability company membership interests in FLATS EAST BUILDING 4 LLC, a Delaware limited liability company (the "Mortgage Borrower"), which is the sole owner of the property (the "Property") commonly known as the Flats at East Bank, located at 1055 Old River Rd, Cleveland, Ohio 44113 (the "Interests"). The Interests are owned by Flats East Building 4 Member LLC, a Delaware limited liability company, which has its principal place of business at Flats East Building 4 Member LLC, 950 Main Ave, Suite 190, Cleveland, Ohio 44113-7206 (the "Mezzanine Borrower").

The Secured Party, as lender, holds a loan (the "Mezzanine Loan") made to the Mezzanine Borrower. In connection with the Mezzanine Loan, the Mezzanine Borrower has granted to the Secured Party a first priority lien on the Interests pursuant to that certain Pledge and Security Agreement. The Secured Party is offering the Interests for sale in connection with the foreclosure on the pledge of such Interests. The Mezzanine Loan is subordinate to a mortgage loan and other obligations and liabilities of the Senior Borrower or otherwise affecting the Property (the "Senior Loan").

The sale of the Interests will be subject to all applicable third party consents and regulatory approvals, if any. Without limitation to the foregoing, please take notice that there are specific requirements for any potential successful bidder in connection with obtaining information and bidding on the Interests, including but not limited to, that (1) each bidder must comply with all requirements and restrictions applicable to the sale of the Interests described in the Intercreditor Agreement dated as of May 5, 2021 by and among the holder of the Senior Loan and the holder of the Mezzanine Loan (the "Intercreditor Agreement"), including but not limited to, that such bidder is a Qualified Transferee within the meaning of the Intercreditor Agreement, and (2) each bidder must deliver such documents and pay such amounts as required by the Intercreditor Agreement and the applicable governing documents relating to the Interests.

The Interests are being offered as a single lot, "as-is, where-is", with no express or implied warranties, representations, statements or conditions of any kind made by the Secured Party or any person acting for or on behalf of the Secured Party, without any recourse whatsoever to the Secured Party or any other person acting for or on behalf of the Secured Party and each bidder must make its own inquiry regarding the Interests. The winning bidder shall be responsible for the payment of all transfer taxes, stamp duties, and similar taxes incurred in connection with the purchase of the Interests.

Secured Party reserves the right to credit bid, set a minimum reserve price, reject all bids (including, without limitation, any bid that it deems to have been made by a bidder that is unable to satisfy the requirements imposed by Secured Party upon prospective bidders in connection with the sale or to whom in Secured Party's sole judgment a sale may not lawfully be made), terminate or adjourn the sale to another time, without further notice, and to sell the Interests at a subsequent sale, and to impose any other commercially reasonable conditions upon the sale of the Interests as Secured Party may deem proper. Secured Party further reserves the right to (1) determine, at any time before, during, or after the sale of the Interests, the qualifications of any bidder, including but not limited to, a prospective bidder's ability to (a) satisfy the Qualified Transferee requirement in the Intercreditor Agreement and (b) close the transaction on the terms and conditions referenced herein and (2) modify the Terms of Sale. Secured Party further reserves the right to verify that each certificate for the Interests to be sold bears a legend substantially to the effect that such interests have not been registered under the Securities Act of 1933, as amended (the "Securities Act"), and to impose such other limitations or conditions in connection with the sale of the Interests as the Secured Party deems necessary or advisable in order to comply with the Securities Act or any other applicable law.

All bids (other than credit bids of the Secured Party) must be for cash, and the successful bidder must be prepared to deliver immediately available good funds within five (5) business days after the sale and otherwise comply with the bidding requirements and the Terms of Sale. Further information concerning the Interests, the requirements for obtaining information and bidding on the Interests, and the Terms of Sale can be found at www.flatsateastbankuccsale.com or by contacting JLL using the contact information below.

Contact Information for Jones Lang LaSalle Americas, Inc.: Brett Rosenberg, (212) 812-5926, brett.rosenberg@jll.com

**SUMMONS FOR INTERNATIONAL PUBLIC TENDER**

Procedure Reference: **EDESUR-CCC-LPI-2022-0001**

**ACQUISITION OF POWER TRANSFORMERS AND DUAL MOBILE SUBSTATION.**

**Edesur Dominicana, S.A.** in compliance with the provisions of Law No. 340-06 on Public Purchases and Contracting of Goods, Services, Works and Concessions dated August eighteen (18) two thousand six (2006), modified by Law No. 449-06 dated December six (06), two thousand and six (2006), summons all interested parties to submit proposals for the **"ACQUISITION OF POWER TRANSFORMERS AND DUAL MOBILE SUBSTATION"**.

Those interested in withdrawing the Specific Terms and Conditions and its annexes may contact the Purchasing Department located at Ave. Tiradentes No. 47, Ensanche Naco, Tower Serrano second floor, Santo Domingo, Dominican Republic from 8:00 a.m. to 5:00 p.m.(From Monday to Friday), starting on Wednesday, October 26, 2022, 08:00 AM with a USB memory or download it from the institution's website: **www.edesur.com.do** or from the DGCP(their acronyms in Spanish of Dirección General De Compras y Contrataciones Públicas) portal: **www.comprasdominicana .gov.do** for the purposes of preparing their proposals.

Proposals will be received in sealed envelopes until the thirteenth (13) day of December 2022 at 02:00 p.m. at Ave. Tiradentes No. 47, Ensanche Naco, Tower Serrano second floor, Santo Domingo, Dominican Republic, Purchasing Management.

For any information related to this contracting process, please call +1 809.683.9292, extension 77159 or send an email to the following email: **EDESUR-CCC-LPI-2022-0001@EDESUR.COM.DO**

All interested parties must register in the Registry of State Suppliers (RPE their acronyms in Spanish) managed by the Dirección General De Compras y Contrataciones Públicas.

**Exhibit G**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

JUNTA DE SUPERVISION Y ADMINISTRACION FINANCIERA PARA PUERTO RICO
PROMESA TITULO III No. 17 BK 3283-LTS

# AFIDAVIT

Yo, Miriam del Carmen Hernández Martí, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "PRIMERA HORA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**28 DE OCTUBRE DE 2022**

se dío publicidad al edicto expedido por

**JUNTA DE PLANIFICACION Y ADMINISTRACION FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. 28 octubre 2022.

Afidávit No. 9627 del Registro.

Jurado y reconocido ante mi por Miriam del Carmen Hernández Martí, vecina de San Juan, mayor de edad, casada, Representante del periódico "PRIMERA HORA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. 28 octubre 2022.

NOTARIO

FERNANDO RABELL ECHEGARAY ABOGADO-NOTARIO

RECIBO
4U22-01548362
Sello
9397
10/06/2022
$5.00
Sello de Asistencia Legal
80004-2022-1006-18680013



¡TRABAJA EN SAN JUAN!

Evento de Reclutamiento del Municipio de San Juan

31 DE OCTUBRE DE 2022

8:00 AM A 4:00 PM

2DO PISO DEL COLISEO ROBERTO CLEMENTE.

PARTICIPANTES DEBEN TRAER:

Copia de su tarjeta de Seguro Social e identificación con foto. **Participantes que cualifiquen salen contratado de inmediato para comenzar labores el martes, 1ero de noviembre de 2022.**

**Los documentos requeridos y certificaciones gubernamentales para el reclutamiento podrán obtenerse en los terminales de computadoras habilitados para ese uso en el Coliseo.**

SALARIOS COMENZANDO EN **$10/HORA**

- Aprendiz de Electricista
- Auxiliar del Hogar
- Ayudante de Electricista
- Chofer Mensajero
- Chofer de Vehículo Pesado
- Conserje
- Electricista
- Mensajero
- Operador de Equipo Pesado
- Plomero
- Trabajador de Construcción y Conservación
- Trabajador General
- Trabajador de Limpieza y Ornato
- Cocinero

PARA MÁS INFORMACIÓN SOBRE LAS PLAZAS, VISITA **sanjuan.pr**

SAN JUAN
AVANZA POR TI

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| En el asunto de: JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO, Deudores.[1] | PROMESA Título III Nº 17 BK 3283-LTS (Administrado de manera conjunta) |
|---|---|

**NOTIFICACIÓN DE (A) APROBACIÓN DE UNA ORDEN CONFIRMANDO LA OCTAVA ENMIENDA AL PLAN DE AJUSTE DEL TÍTULO III DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS DE CONFORMIDAD CON EL TÍTULO III DE LA LEY PROMESA, (B) LA VIGENCIA DE LA FECHA DE ENTRADA EN VIGOR, Y LA (C) PRÓRROGA DE LA FECHA LÍMITE DE PRESENTACIÓN DE RECLAMACIONES ADMINISTRATIVAS A CIERTAS PARTES**

**A LOS ACREEDORES Y OTRAS PARTES INTERESADAS:**

El plazo de presentación de evidencias de la Reclamación de gastos administrativos contra (i) el Estado Libre Asociado de Puerto Rico, (ii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico o (iii) la Autoridad de Edificios Públicos de Puerto Rico, ha sido prorrogado hasta el **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** para ciertas partes, tal como se detalla a continuación. Sírvase leer detenidamente esta notificación.

**Si se le exige presentar una evidencia de Reclamación de gastos administrativos y no la aporta debidamente, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

1. De conformidad con una orden dictada el 18 de enero de, 2022 [ECF nº 19813] (la "Orden de confirmación"), la *Octava enmienda al Plan de Ajuste conjunto del Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 15 de enero de 2022 [ECF nº 19784] (tal y como pueda haber sido enmendado, modificado o complementado de cualquier otra forma, el "Plan"), fue confirmada por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal"). Salvo que en la presente Notificación se estipule una definición distinta, los términos en mayúsculas utilizados, pero no definidos aquí, tendrán los significados adscritos a los mismos en el Plan y en la Orden de confirmación.

2. La Fecha de entrada en vigor del Plan se produjo el 15 de mayo de 2022, y la *Notificación de (A) Aprobación de una orden confirmando la Octava enmienda al Plan de Ajuste del Título III del Estado Libre Asociado de Puerto Rico, y otros de conformidad con el Título III de la Ley PROMESA, y (B) Vigencia de la Fecha de entrada en vigor* [ECF nº 20349] (la "Notificación de la Fecha de entrada en vigor") se registró y se cursó en relación con lo antedicho.

3. Cualquier parte interesada que desee obtener copias de la Orden de confirmación, del Plan y de la documentación afín debe ponerse en contacto con Kroll Restructuring Administration LLC ("Kroll"),[2] por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o bien por correo electrónico escribiendo a puertoricoinfo@ra.kroll.com. Asimismo, podrá ver dichos documentos accediendo a https://cases.ra.kroll.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se requiere una contraseña y credenciales de inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal ("PACER, por sus siglas en inglés") (http://www.pacer.psc.uscourts.gov).

**Prórroga de la Fecha límite para presentar reclamaciones administrativas**

4. De conformidad con la Sección 1.51 y el Artículo III del Plan, así como del apartado preliminar 44 de la Orden de confirmación, la fecha límite aplicable a las partes que planteen Reclamaciones de gastos administrativos contra los Deudores para presentar evidencias de dichas reclamaciones era el 13 de junio de 2022 (la "Fecha límite").

5. La Sección 1.52 del Plan define el concepto "Reclamación de gastos administrativos" como:

> Una Reclamación contra los Deudores o sus Activos, constituyendo un costo o gasto de administración de los Casos del Título III incoados o autorizados a incoar, en la Fecha límite de Reclamaciones administrativas o con anterioridad a la misma, a tenor de las Secciones 503(b) y 507(a)(2) del Código de Quiebras, ***producidas durante el período transcurrido hasta la Fecha de entrada en vigor (inclusive)***, y que de otro modo se ajusten a la legislación vigente de Puerto Rico, incluyendo, entre otros, con sujeción a que se produzca la Fecha de entrada en vigor, con las excepciones previstas en la Sección 3.5 de ese instrumento, Costos de consumación y Derechos de restricción de AAP; aunque en el bien entendido de que bajo ninguna circunstancia una Reclamación de gastos administrativos podrá incluir una Reclamación de gastos administrativos a la AEP.
>
> (el énfasis es nuestro).

6. A tenor de la *Orden prorrogando la Fecha límite de Reclamaciones administrativas para ciertas partes* [ECF nº 22650] (la "Orden de prórroga"), el plazo de presentación de evidencias, o de solicitudes de pago, de Reclamaciones de gastos administrativos ("Solicitudes de Gastos administrativos") se ha prorrogado hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite prorrogada de Reclamaciones administrativas") si se desea incoar alguna reclamación o causa de acción:

> (A)(1) planteada en un pleito o acción contra el Estado Libre Asociado, la AEP o el SRE, incoado desde y con posterioridad a las respectivas fechas de petición y antes de la Fecha de entrada en vigor, y relacionado con una acción o evento que se haya producido a partir de, y con posterioridad a, las respectivas fechas de petición y antes de la Fecha de entrada en vigor, o bien (2) no sujeto a ningún pleito o acción pendientes, aunque derivado de acciones o eventos que se hayan producido desde o después de las respectivas fechas de petición y antes de la Fecha de entrada en vigor; y
>
> (B) a usted no se le cursó la Notificación de la Fecha de entrada en vigor. Puede consultar una lista completa de las partes a las que se les cursó la Notificación de la Fecha de entrada en vigor en https://cases.ra.kroll.com/puertorico/.
>
> Esta prórroga no será de aplicación a ninguna Reclamación de gastos administrativos (i) planteada en concepto de servicios profesionales prestados a los Deudores en relación con los Casos del Título III, o bien (ii) derivados exclusivamente en relación con los Casos del Título III.

**Excepciones de presentación de peticiones de Gastos administrativos**

7. De conformidad con la Sección 1.51, con el Artículo III del Plan y del apartado preliminar 44 de la Orden de confirmación, no se requerirá la presentación de ninguna evidencia de Reclamación de gastos administrativos en el caso de los siguientes tipos de Reclamaciones:

(a) Reclamaciones incurridas (i) de conformidad con una orden del Tribunal, o bien (ii) con el consentimiento por escrito de las Partes del Gobierno pertinentes, otorgando expresamente dicha Reclamación de gastos administrativos.

(b) Reclamaciones profesionales.

(c) Reclamaciones intergubernamentales.

(d) Reclamaciones de gastos administrativos del IRS para el pago de los impuestos incurridos por cualquiera de los Deudores durante el período a partir de la Fecha de petición del Estado Libre Asociado, la Fecha de petición del SRE o la Fecha de petición de la AEP, según proceda.

(e) Las reclamaciones vinculadas con actuaciones que se hayan producido de manera ordinaria durante el período desde, y con posterioridad a, la fecha de petición del Deudor correspondiente y hasta el 15 de marzo de 2022 (la Fecha de entrada en vigor).

(f) Las reclamaciones sujetas a lo dispuesto por la Orden de conciliación administrativa, incluyendo, entre otras, las "reclamaciones de agravios" vinculadas con cualquier de los acuerdos de negociación colectiva del Deudor.

(g) Las reclamaciones sujetas a una moción pendiente solicitando la asignación de cualesquiera gastos administrativos de conformidad con la Sección 503(b) de la Ley de Quiebras a la fecha de aprobación de la Orden de confirmación.

(h) Reclamaciones de Dominio eminente/Expropiación forzosa inversa.

(i) Reclamaciones de bienes incautados por los Deudores a tenor de la Ley Uniforme de Confiscaciones de 2021, 34 L.P.R.A. 1724 y ss.

(j) Reclamaciones de honorarios y gastos de abogados a tenor de la Ley de Servicios Educativos Integrales para Personas con Impedimentos, 20 U.S.C. 1400 y ss.

(k) Reclamaciones de devolución de impuestos.

(l) Reclamaciones autorizadas de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, según proceda.

8. Si es usted parte de un pleito, procedimiento o acción que plantee una reclamación de conformidad con la Sección 3077(a) de 32 L.P.R.A., en la medida en que la cuantía de las mismas no supere la limitación legal de $75,000 o $150,000, los mandatos de la Sección 92.3 del Plan y el apartado preliminar 59 de la Orden de confirmación han sido modificados para permitir que dichos pleitos continúen hasta la sentencia definitiva y su ejecución, incluyendo cualquier apelación. *Véase* Orden de prórroga ¶ 6.

**Cómo presentar una evidencia de reclamación**

9. Todas las peticiones de Gastos administrativos se enviarán como a continuación se indica:

(i) completando la Evidencia de reclamación electrónica en el sitio web del Agente de reclamaciones, en https://cases.ra.kroll.com/puertorico/EPOC-Index, o bien

(ii) si se entrega en mano o se cursa por correo certificado o servicio de mensajería, a la siguiente dirección: Commonwealth of Puerto Rico Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

10. Las peticiones de Gastos administrativos, en la medida en que estén sujetas a la Fecha límite prorrogada de Reclamaciones administrativas, se considerarán puntualmente presentadas solamente si son **efectivamente recibidas** por Kroll hasta las **4:00 p.m. (hora estándar del Atlántico)** del **18 de enero de 2023** (la "Fecha límite administrativa"). Las peticiones de Gastos administrativos **no** deberán enviarse por fax, telecopia o correo electrónico.

**11. Si se le requiere que presente una petición de Gastos administrativos de conformidad con la Sección 1.51 y el Artículo III del Plan, del apartado preliminar 44 de la Orden de confirmación y de la Orden de prórroga, y omite hacerlo hasta la Fecha límite administrativa o la Fecha límite, según proceda, quedará definitivamente impedido, excluido y prohibido de alegar dicha Reclamación de gastos administrativos (y de presentar una petición de Gastos administrativos con respecto a la citada Reclamación) contra los Deudores y sus bienes, y tanto los Deudores como los Deudores reorganizados quedarán exonerados de todo tipo de endeudamiento o responsabilidad con respecto a las citadas reclamaciones.**

12. La Orden de confirmación es una orden integral, definitiva y completa, cuyo objeto es ser concluyente y vinculante para todas las partes interesadas; no se pretende que esté sujeta a un alegato de nulidad ante cualquier otro foro, y solamente podrá ser objetada de conformidad con la normativa vigente del Tribunal, y apelada como está previsto en la Ley PROMESA y otras leyes, reglas y jurisprudencia federales vigentes por (i) los Deudores, (ii) los Deudores reorganizados, (iii) el Estado Libre Asociado y sus instrumentalidades, (iv) cada Entidad que plantee reclamaciones u otros derechos contra el Estado Libre Asociado o cualquiera de sus instrumentalidades, incluyendo tenedores de reclamaciones de bonos y titulares de intereses usufructuarios (tanto directa como indirectamente, y como mandante, agente, contraparte, subrogado, asegurador u otros) con respecto a los bonos emitidos por los Deudores o cualquier agencia del Estado Libre Asociado, o con respecto a cualquier fiduciario, agencia de garantías, síndico concursal, agente fiscal y cualquier banco que perciba o mantenga en depósito fondos vinculados con dichos bonos, y tanto si dicha reclamación u otros derechos de tal entidad está afectada en virtud del Plan como si no —y, de estar afectada tanto si dicha Entidad aceptó el Plan como si no—, (v) cualquier otra entidad, y (vi) cada uno de los respectivos herederos, sucesores, cesionarios, fiduciarios, albaceas, administradores, funcionarios, consejeros, agentes, representantes, apoderados, beneficiarios o tutores de cualquiera de los citados; aunque siempre en el bien entendido de que los compromisos y acuerdos establecidos en el Plan y en la Orden de confirmación con respecto a la prioridad de los Nuevos Bonos GO y los ICV previstos en la Ley PROMESA, la Constitución del Estado Libre Asociado y otras leyes vigentes no serán vinculantes para ninguna parte interesada (incluyendo cualquier sucesora de la Junta de Supervisión) en un posterior procedimiento del Título III (o cualquier otro procedimiento de insolvencia).

Fecha: 21 de octubre de 2022, San Juan, Puerto Rico, /s/ Martin J. Bienenstock, Martin J. Bienenstock (admitido *pro hac vice*), Brian S. Rosen (admitido *pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores* -and- /s/ Hermann D. Bauer, Hermann D. Bauer, Esq., USDC Nº 215205, **O'NEILL & BORGES LLC,** 250 Avenida Muñoz Rivera, Suite 800, San Juan, P.R. 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Coabogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores*

[1] Los Deudores de estos Casos del Título III, conjuntamente con los números de casos del Título III de los respectivos Deudores y los cuatro (4) últimos dígitos del número de identificación tributaria federal de cada Deudor, según proceda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de quiebra nº 17-BK-3283- LTS) (cuatro últimos dígitos del número de identificación tributaria federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra nº 17-BK-3284-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de quiebra nº 17-BK-3567-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de quiebra nº 17-BK-3566-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") (Caso de quiebra nº 17-BK-4780-LTS) (Caso de quiebra nº 17- BK-4780-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de quiebra nº 19-BK-5523-LTS) (Caso de quiebra nº 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación tributaria federal: 3801) (los números de casos del Título III están enumerados como números de Casos de quiebra debido a las limitaciones del software).

[2] A partir del 29 de marzo de 2022, Prime Clerk LLC cambió su denominación social por Kroll Restructuring Administration LLC.