# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | **Re: ECF No. 21334** |
| Debtors.[1] | Hon. Laura Taylor Swain |

## THE UNITED STATES TRUSTEE'S SECOND[2] COMMENT AND RELATED STATUS REPORT ON THE VERIFIED STATEMENTS OF CONNECTIONS FILED BY PROFESSIONALS UNDER THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] To the extent additional professionals are retained in these Title III cases, the United States Trustee will review the disclosures they submit. The United States Trustee will also continue to review any updates to the PRRADA disclosures already filed in these cases. The United States Trustee may file additional comments or status reports as necessary.

1

Mary Ida Townson, the United States Trustee for Region 21 ("the United States Trustee"), files this Comment and related Status Report on the verified statements of connections filed by professionals under the Puerto Rico Recovery Accuracy in Disclosures Act of 2021. Pub. L. No. 117-82 ("PRRADA").

## BACKGROUND

PRRADA was signed into law on January 20, 2022, and generally imposes the Rule 2014 disclosure requirements of the Federal Rules of Bankruptcy Procedure that apply to professionals retained under sections 327 and 1103 of the Bankruptcy Code on professionals that are employed and seek compensation after January 20, 2022, from the estate in cases under Title III of PROMESA. Section 2(d) of PRRADA directs the United States Trustee to review each professional's verified statements and provides the United States Trustee discretion to file comments on the statements or to object to a professional's fee applications. PRRADA § 2(d), 48 U.S.C. § 2178(d). Section 2(e)(2)(A) of PRRADA grants this Court discretion to deny allowance of compensation of reimbursement of expenses if, among other reasons, "(2) during the professional person's employment in connection with the case, the professional person—(A) is not a disinterested person (as defined in section 101 of title 11, United States Code) relative to any entity or person on the List of Material Interested Parties." PRRADA § 2(e)(2)(A), 48 U.S.C. § 2178(e)(2)(A). 11 U.S.C. § 101(14) defines a disinterested person as one who, among other things, is not a creditor, and does not have an interest adverse to the estate's interest. 11 U.S.C. § 101(14).

On August 15, 2022, the United States Trustee filed a first Comment and Status Report to inform the Court and parties in interest of the status of her review of the PRRADA disclosures.[3] A second Comment and Status Report follows.

### **GENERAL PRRADA DISCLOSURES AND THEIR REVIEW**

As of the date of this Report, there are 61 retained professionals in the Title III cases who were required to file PRRADA disclosures.[4] 49 professionals timely filed their PRRADA disclosures; 12 professionals did not. By Order dated August 23, 2022, as supplemented by an Order dated September 6, 2022, the Court ordered those 12 non-filer parties to file PRRADA disclosures. ECF Nos. 21902, 22062. Eleven professionals complied. *See* Exhibit 1.[5] One professional, Pension Trustee Advisors, Inc., has not yet filed PRRADA disclosures. *See id.*

The United States Trustee has completed her review of the 60 PRRADA disclosures, and the United States Trustee conferred with, requested, and received supplemental information from 39 professionals, each of which has filed a supplemental disclosure, as reflected on Exhibit 1. Although the United States Trustee has not requested any further disclosures, the United States Trustee will review updated disclosures if any are filed.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the first Comment and Status Report.

[4] This includes 58 professionals listed on the MIP List and three professionals who have been retained since that list was filed. Those three professionals—Moelis & Co., London Economics International LLC, and Willkie, Farr & Gallagher —included their PRRADA disclosures as part of the applications for their retention.

[5] Exhibit 1 identifies those retained professionals required to file PRRADA disclosures, whether the professional has filed its PRRADA disclosure and, if so, the docket number for that filing, whether the professional filed a supplemental PRRADA disclosure and, if so, the docket number for that filing, and whether the United States Trustee completed her review of the PRRADA disclosure for that professional.

If any additional professionals are later retained in these Title III cases, they will have until forty-five (45) days of their hiring to file PRRADA disclosures, and the United States Trustee will have until forty-five (45) days after such filing to review and comment informally on or object to the PRRADA disclosures. *See* June 24th Order, ECF No. 21334, ¶4.

The United States Trustee reserves her right to object to any applications for fees or reimbursement of expenses filed under 316 or 317 of PROMESA filed after the date of PRRADA's enactment.

## **McKinsey's[6] Disclosures and Their Review**

As discussed briefly below, McKinsey's initial disclosures raised disinterestedness concerns that required significant additional disclosure. Accordingly, pursuant to her responsibilities under section 2(d) of PRRADA, the United States Trustee provides the following comments on the verified statements filed for professional McKinsey & Co. Puerto Rico Consulting, Inc. to highlight this issue for the Court's review under section 2(e) of PRRADA. *See* PRRADA § 2(d), (e), 48 U.S.C. § 2178(d), (e).

On May 16, 2022, McKinsey filed the Declaration of Dmitry Krivin, a Partner of McKinsey & Company, Inc. United States Disclosing Connections to Material Interested Parties in Connection with the Puerto Rico Recovery Accuracy in Disclosures Act (the "Initial Krivin Declaration"). ECF No. 20832. In response to United States Trustee's request, McKinsey re-filed the declaration on May 24, 2022, to make certain exhibits searchable. ECF No. 20989.

---

[6] A partner of McKinsey & Co., Inc. United States filed the initial PRRADA disclosure, but Schedule 4 of the MIP List identifies McKinsey & Co. Puerto Rico Consulting, Inc. as the retained professional. This Status Report uses the term McKinsey as that term is defined in the Supplemental Declaration to refer to both entities and their non-investment affiliates.

4

After a typical review and disclosure process followed in bankruptcy cases, the United States Trustee identified approximately 20 areas where further or clearer disclosure was needed and engaged productively with McKinsey throughout its process of supplementing its disclosures. As a result of that process, on October 28, 2022, McKinsey filed a supplemental declaration (the "Supplemental Declaration") that includes significant clarification and supplementary disclosure.[7] ECF No. 22756.

One of the issues the United States Trustee identified as requiring more disclosure involved McKinsey's wholly-owned investment adviser affiliate, MIO, which invests money for current and former McKinsey partners and their families. In 2014, before McKinsey was retained by the FOMB, MIO made a direct investment in $58,345,000 par value of COFINA bonds. *See* Lipscomb Declaration at ¶8. MIO sold a portion of its holdings in 2017, before the Title III cases but after the FOMB retained McKinsey, and sold the remaining portion in April 2018, during the Title III cases. *Id.*

The MIO transactions were the subject of a report filed with the Court in February 2019 by the law firm of Luskin, Stern & Eisler LLP that took "no position on what disclosures Bankruptcy Rule 2014 would require if it were applicable here or whether McKinsey USG would be 'disinterested' under the Bankruptcy Code were Section 327 applicable." ECF No. 5154 at 41. The Initial Krivin Declaration disclosed these transactions through reference to the Luskin Report. *See* Initial Krivin Declaration at ¶37-38.

---

[7] McKinsey's deadline to file its supplement was extended to October 28, 2022, by court order. ECF No. 22620.

Regardless of the Luskin Report (which did not make any conclusions on disinterestedness), MIO was a creditor of one of the Title III debtors, COFINA,[8] for approximately one year during the cases. *See* PRRADA 2(e)(2)(A), 48 U.S.C. § 2178(e)(2)(A). And 11 U.S.C. § 101(14) defines a disinterested person as one who, among other things, is not a creditor. Although the FOMB did not retain MIO, MIO is an affiliate of McKinsey, and affiliate relationships may implicate a firm's disinterestedness. *See, e.g., In re Project Orange Associates, LLC,* 431 B.R. 363, 371-72 n.3 (Bankr. S.D.N.Y. 2010); *In re Gen. Wireless Operations Inc.*, 2017 WL 5404534, at *2 (Bankr. D. Del. Apr. 6, 2017) ("A & G Realty shall disclose any and all facts that may have a bearing on whether A & G Realty, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest."); *cf. In re Trust Am. Serv. Corp.,* 175 B.R. 413, 420 (Bankr. M.D. Fla. 1994) ("To ensure themselves no conflict existed with respect to related debtors . . . was a duty of the whole organization . . . .).

Because the MIO transactions bear on McKinsey's disinterestedness, the United States Trustee requested—and the Supplemental Declaration now includes—significant additional relevant disclosure. First, the Supplemental Declaration now discloses in the updated Krivin Declaration a consent order entered into between MIO and the Securities and Exchange Commission under which MIO paid $18 million dollars to resolve SEC findings that MIO failed to "establish, maintain, and enforce written policies and procedures reasonably designed . . . to prevent the misuse of material, nonpublic information." *See* Supplemental Declaration, Krivin Declaration at ¶42; *see also In the Matter of MIO Partners, Inc*., No. 3-20656 (Securities &

---

[8] COFINA's plan is now confirmed and effective but it is an "entity or person on the List of Material Interested Parties." *See* PRRADA 2(e)(2)(A), 48 U.S.C. § 2178(e)(2)(A).

6

Exchange Comm'n Nov. 19, 2021). Second, the Supplemental Declaration includes a declaration from Casey S. Lipscomb, the General Counsel of MIO, that more fully discloses the MIO transactions as well as the relationship between MIO and McKinsey when these transactions occurred. *See* Lipscomb Declaration. Third, the Supplemental Declaration includes a declaration by Joshua Dennis, a partner of Stoneturn Group, LLP, a group engaged by MIO to assist in the preparation of the schedule of MIO connections, that more fully describes MIO, the types of investments it makes, and its relationship to McKinsey. *See* Dennis Declaration. Finally, the Supplemental Declaration also includes a declaration by Jonathan Davis, Partner of McKinsey & Company, Inc. United States and a member of the team serving the FOMB, describing McKinsey's work for the FOMB related to the MIO transactions, among other things. *See* Davis Declaration, ¶15-17.

## Conclusion

Accordingly, the United States Trustee has substantially concluded her work under section 2(d) of PRRADA. The United States Trustee will continue to review any updated supplemental disclosures filed by professionals who have already filed their PRRADA disclosures and any new PRRADA disclosures filed by professionals that may be retained in the future in these Title III cases.

Respectfully submitted, this 28th day of November, 2022.

MARY IDA TOWNSON
UNITED STATES TRUSTEE, Region 21

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By: s/*Monsita Lecaroz Arribas*
    Assistant U.S. Trustee
    USDC-PR No. 207707