# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## CARLOS LAMOUTTE'S MOTION FOR RECONSIDERATION OF DENIAL ORDER ENTERED ON NOVEMBER 23, 2022, DOCKET ENTRY NO. 22,909

**To the Honorable United States District Judge Laura Taylor Swain:**

Citizen Carlos Lamoutte ("Movant"), appearing *pro se*, hereby respectfully files this motion under Bankruptcy Rule 9023, petitioning the Honorable Court to reconsider the denial order (for lack of standing) issued on November 23, 2022, Docket Entry No. 22,909 (the "Denial Order"), and to reinstate the motion to disqualify O'Neill & Borges, LLC for conflicts of interest incurred. In connection therewith, Movant respectfully states and prays as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

1. Movant respectfully submits that the Denial Order issued by the Honorable Court on November 23, 2022, Docket Entry No. 22,909, is incorrect as matter of law. For the reasons expressed below, the Honorable Court should reconsider the Denial Order and set aside the same, providing for a proper ruling on the merits.

2. In issuing the Denial Order, the Honorable Court misapplied and misconstrued the following two concepts:

(a) Movant's standing to appear in these Title III proceedings in the ordinary course (as would apply to the debtor or to the creditors, for example) (hereinafter, "Ordinary Standing"); and

(b) Movant's standing to appear in these Title III proceedings pursuant to Federal Rule of Civil Procedure 24(b), which provides for permissive intervention (hereinafter, "Relator Standing"), with the limited scope of permitting Movant to:

(i) <u>Report to the Honorable Court</u> conduct constitutive of unrefuted conflicts of interest incurred by O'Neill & Borges, LLC in violation of: (A) Section 108(b) of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2128 ("PROMESA"), (B) the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq. ("PRRADA"), which is the special federal statute that restricts compensation to professionals retained by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") under PROMESA, and (C) Canon 21 of the Canons of Professional Ethics applicable to Puerto Rico attorneys, which prohibits the dual, simultaneous representation of parties holding conflicting interests; and

(ii) <u>Petition the Honorable Court</u> the prosecution and enforcement of PROMESA and PRRADA, to the extent that this Honorable Court is the only existing venue

2

having jurisdiction and competence under present circumstances to implement PRRADA – an untested special statute enacted less than 12 months ago.

3. While Movant may or may not lack Ordinary Standing to participate in these Title III proceedings in the conventional course, the Honorable Court cannot deprive Movant of Relator Standing given the factual circumstances that surround the instant matter.

4. Given the *sui generis* nature of PROMESA and PRRADA, this Title III court is the only forum where the prosecution and enforcement of serious conflicts of interest incurred by the Oversight Board's advisors may be demanded, whether thru Ordinary Standing or thru Relator Standing. Simply put, there exists no other venue at which PRRADA violations may be reported by a citizen of Puerto Rico.

5. In examining this motion for reconsideration, the Honorable Court must note that the U.S. Trustee absented itself from participating in all matters pertaining to the conflicts of interest that implicate O'Neill & Borges, LLC, local legal counsel to the Oversight Board. See Docket Entry Nos. 20,873, 20,923, 20,946, 20,989, 20,959, 21,094, 21,096, 21,124, 21,485, 21,572, 21,604, 21,854, 21,925, 21,938, 21,970, 21,975, 21,989, 21,990, 22,020, 22,025, 22,035, 22,090, 22,146, 22,216, 22,232, 22,320, 22,401, 22,404, 22,419, 22,468, 22,485, 22,487, 22,756, 22,779, 22,800, 22,829, 22,833, 22,838, 22,909, 22,910 and 22,911 (collectively, the "Disqualification Pleadings").

6. Contrary to the U.S. Trustee's legal mandate, the U.S. Trustee played no tangible role whatsoever in evaluating and/or enforcing the Oversight Board's advisors' non-compliance with PROMESA and PRRADA, even though an ample body of evidence exists to prove the conflicts of interest claimed by Movant in the Disqualification Pleadings and the false and misleading disclosures made by O'Neill & Borges, LLC in its PRRADA filings.

3

7. On June 23, 2022, Movant offered Assistant U.S. Trustee Monsita Lecaroz to receive Movant's corpus of evidence as to the conflicts of interest claimed in Movant's Disqualification Pleadings. However, on June 24, 2022, at 5:14 p.m., Assistant U.S. Trustee Monsita Lecaroz responded via electronic mail to Movant that the U.S. Trustee's Office would not be available to meet with Movant, would not receive Movant's evidence, and would not otherwise interact with Movant at any point in time in relation to the instant matter.

8. The U.S. Trustee is tasked to enforce tried-and-tested bankruptcy case procedures in relation to conflicts of interest detected in insolvency proceedings and to supervise compliance under PROMESA and PRRADA. However, in this case, the U.S. Trustee failed to intervene throughout all forty-one (41) Disqualification Pleadings.

9. The Oversight Board's senior executive team followed a similar path, by assisting in the concealment of the Oversight Board's advisors' conflicts of interest.

10. Given the Oversight Board's and the U.S. Trustee's denial to receive Movant's corpus of evidence as to the Oversight Board's advisors' non-compliance with PROMESA and PRRADA, this Title III court is the singular forum where the prosecution and enforcement of the conflicts of interest incurred by the Oversight Board's advisors may be processed, via Relator Standing under Federal Rule of Civil Procedure 24(b).

11. This Honorable Court is the only government venue where an attorney who is a citizen of Puerto Rico can discharge the obligation of reporting anti-ethical conduct which contravenes Section 108(b) of PROMESA and PRRADA.

12. By failing to acknowledge Movant's Relator Standing and to reverse the Denial Order, the Honorable Court would be acting in the same manner as the Oversight Board and the U.S. Trustee, by avoiding an examination of the conflicts of interest alleged in the

4

Disqualification Pleadings based on the documentary and testimonial evidence that exists. The Honorable Court must have noted that nowhere in the Disqualification Pleadings did the law firm O'Neill & Borges, LLC deny its attorney-client connections to AES Ilumina, LLC and AES Puerto Rico, L.P., EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A. d/b/a Naturgy, New Fortress Energy LLC d/b/a NFEnergía LLC, Puma Energy Caribe, LLC, PR Recovery and Development JV, LLC, PR Recovery and Development REO, LLC, Parliament Capital Management, LLC, Parliament High Yield Fund, LLC, and Island Portfolio Services, LLC (collectively, the "Conflict Parties").

13. In addition to the *Kevlik* case discussed in the Disqualification Pleadings and in the Denial Order, there is ample case law that supports Relator Standing in the prosecution of conflicts of interest disputes, also commonly referred to as "non-client standing". See *Kevlik v. Goldstein*, 724 F.2d 844 (1st Cir. 1984); *United States v. Clarkson*, 567 F.2d 270 (4th Cir. 1977); *Brown & Williamson Tobacco Corp. v. Lockwood-Greene Engineers, Inc.*, 563 F.2d 671 (5th Cir. 1977); *In re Gopman*, 531 F.2d 262 (5th Cir.), rehearing en banc denied, 542 F.2d 575 (5th Cir. 1976); *Diagnostic Affiliates of N.E. Hou, LLC v. United Health Grp., Inc.*, No. 2:21-CV-00131 (S.D. Tex. Jan. 18, 2022); *Hoedebecke v. City of Springfield*, No. 20-cv-3057 (C.D. Ill. March 11, 2021) (if movant can show "adverse impact" on movant); *Smith v. TFI Family Servs., Inc.*, 2018 WL 2926474 (D. Kan. June 8, 2018) (where child custody is involved); *Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 2018 WL 538961 (S.D. Cal. Jan. 24, 2018) (odd discussion of Article III of the U.S. Constitution); *Steel Workers Pension Trust v. The Renco Group, Inc.*, 2016 WL 3633079 (W.D. Pa. July 7, 2016) (under court's duty to ensure compliance with ethics rules); *Bernhoft Law Firm, S.C. v. Pollock*, 2013 U.S. Dist. LEXIS 97165 (S.D. Cal. July 11, 2013) (where lawyer has duty of confidentiality to non-

5

client); *American Family Mut. Ins. Co., Inc. v. Haslam*, 2012 U.S. Dist. LEXIS 1883 (D. Col. Jan. 6, 2012) ("tend to undermine the validity of the proceedings"); *O'Malley v. Novoselsky*, 2011 U.S. Dist. LEXIS 66406 (N.D. Ill. June 14, 2011); *Abassi v. BAE Systems Info. & Electronic Systems Integration*, 2011 U.S. Dist. LEXIS 22410 (S.D. Cal. March 7, 2011); *Drake v. Karahuta*, 2010 U.S. Dist. LEXIS 5703 (W.D.N.Y. Jan. 25, 2010); *In re CellCyte Genetic Corp. Sec. Lit.*, 2008 U.S. Dist. LEXIS 94761 (W.D. Wash. Nov. 20, 2008) (to "protect the integrity of the process); *Simply Fit of N. Amer. v. Poyner*, 2008 U.S. Dist. LEXIS 74457 (E.D.N.Y. Sept. 26, 2008); *Walsh v. Consolidated Design & Engineering, Inc.*, 2008 U.S. Dist. LEXIS 2474 (E.D. Pa. Jan. 14, 2008); *Rudzinski v. Metropolitan Life Ins. Co. v. Sharp Electronics Corp.*, 2007 U.S. Dist. LEXIS 79528 (N.D. Ill. Oct. 25, 2007) (no disqualification because conflict would not affect the "fair administration of justice"); *Abraham v. Super Buy Tires Inc.*, 2007 U.S. Dist. LEXIS 2229 (S.D. Cal. Jan. 10, 2007); *Jamieson v. Slater*, 2006 U.S. Dist. LEXIS 86712 (D. Ariz. Nov. 27, 2006); *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153 (W.D. Wash. 2006); *Robbins v. United States of America*, 2006 U.S. Dist. LEXIS 6593 (D. Ariz. Feb. 14, 2006) (court ruled on merits without mentioning standing); *Tyson v. Equity Title & Escrow Co.*, 282 F. Supp. 2d 829 (W.D. Tenn. 2003) (court "presumed" that the plaintiff had standing to move to disqualify law firm for defendant); *Drag Racing Technologies, Inc. v. Universal City Studios, Inc.*, 2003 U.S. Dist. LEXIS 6861 (S.D.N.Y. April 24, 2003); *British Int'l. Ins. Co. v. Seguros La República*, 2002 U.S. Dist. LEXIS 19514 (S.D.N.Y. October 30, 2002); *Skidmore v Warburg Dillon Read LLC*, 2001 U.S. Dist. LEXIS 6101 (S.D.N.Y. 2001); *Abbott v. Kidder, Peabody & Co., Inc.*, 42 F. Supp. 1046 (D. Colo. 1999); *Planning & Control, Inc. v. MTS Group, Inc.*, 1992 U.S. Dist. LEXIS 3004 (S.D.N.Y. 1992); *Chapman Engineers v. Natural Gas Sales Co.*, 766 F.

6

Supp. 949 (D. Kan. 1991); *SMI Industries Canada, Ltd. v. Caelter Industries, Inc.*, 586 F. Supp. 808 (N.D.N.Y. 1984); *Altschul v. Paine Webber, Inc.*, 488 F. Supp. 858 (S.D.N.Y. 1980); *Estates Theatres, Inc. v. Columbia Pictures Industries, Inc.*, 345 F. Supp. 93 (S.D.N.Y. 1972); *Ex parte Osbon*, 888 So. 2d 1236 (Ala. 2004) (standing not discussed, even though non-client made the motion); *In re Arriaga & Assocs. Wage & Hour Cases*, 2022 WL 2952206 (Cal. App. Unpub. July 26, 2022) (good discussion of California cases); *Dino v. Pelayo*, 51 Cal. Rptr. 3d 620 (Cal. App. 2006) (court said movant could overcome lack of standing if lawyer had fiduciary duty to non-client); *Li v. Prediwave Corp.*, 2005 Cal. App. Unpub. LEXIS 8664 (Cal. App. Sept. 23, 2005) (contradicting earlier California cases cited in prior paragraph); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151 (Fla. App. 1995); *Bernocchi v. Forcucci*, 614 S.E.2d 775 (Ga. 2005) (applied "fair or efficient administration of justice" standard); *Lavaja v. Carter*, 505 N.E.2d 694 (Ill. App. 1987), appeal denied 515 N.E.2d 110; *Rowen v. Le Mars Mut. Ins. Co. of Iowa*, 230 N.W.2d 905 (Iowa 1975); *DeBlasio v. Stone*, 2012 W. Va. LEXIS 976 (W. Va. Dec. 7, 2012) (standing not a requirement if the conflict calls "in question the fair and efficient administration of justice"); *Perin v. Spurney*, 2005 Ohio App. LEXIS 6112 (Ohio App. Dec. 22, 2005) (need to protect information confers standing); *Henry Filters, Inc. v. Peabody Barnes, Inc.*, 611 N.E.2d 873 (Ohio App. 1992); *American Dredging Co. v. Philadelphia*, 389 A.2d 568, 572-573 (Pa. 1978); *Weber v. Lancaster Newspapers, Inc.*, 878 A.2d 63 (Pa. Super. 2005); *Newton v. Stoneridge Apartments*, 2018 WL 1773392 (Utah App. April 12, 2018) (inherent power; even "with no dog in the fight"); *Eugster v. City of Spokane*, 39 P.3d 380 (Wash. App. 2002); *State ex rel. Morgan Stanley & Co. v. Macqueen*, 416 S.E.2d. 55 (W.Va. 1992); *Garlow v. Zakaib*, 413 S.E.2d 112 (W. Va. 1991); *Foley-Ciccantelli v. Bishop's Grove Condo. Ass'n*, 2011 Wisc. LEXIS 326 (Wis. May 24, 2011).

14. Standing issue aside, the Honorable Court retains inherent power and authority to marshal the conduct of the attorneys practicing before it and, therefore, may independently move to resolve the conflicts of interest brought to the attention of the Court by way of the Disqualification Pleadings, *sua sponte*.

15. In other words, the Honorable Court possesses inherent power and authority to validate whether O'Neill & Borges, LLC bears attorney-client connections to the Conflict Parties in violation of PROMESA and PRRADA, irrespective of whether Movant possesses standing or not.

16. The Honorable Court's capacity to pass muster on the conduct of the Oversight Board's professionals participating in these Title III proceedings does not depend on, and is not contingent or otherwise premised upon, Movant's standing. The Honorable Court may rule on these circumstances, *sua sponte*, if it chooses to, particularly in light of the fact that the Oversight Board and the U.S. Trustee have neglected to act upon the clear conflicts of interest alleged in the Disqualification Pleadings. In the interest of justice, the Honorable Court can independently investigate and rule on the conflicts of interest reported to the Honorable Court by Movant by its own initiative, even absent of standing by Movant.

17. In fact, Movant submits that the Honorable Court is separately obligated to enforce Section 108(b) of PROMESA, 48 U.S.C. § 2128(b), which states as follows:

> "(b) OVERSIGHT BOARD LEGAL REPRESENTATION.—In any action brought by, on behalf of, or against the Oversight Board, **the Oversight Board shall be represented by such counsel as it may hire or retain so long as the representation complies with the applicable professional rules of conduct governing conflicts of interests.**" (Emphasis added.)

18. The Disqualification Pleadings filed by Movant clearly establish that the law firm O'Neill & Borges, LLC represented the *public interests* of the Oversight Board (who is

8

the sole representative of the Commonwealth of Puerto Rico and its instrumentalities in these Title III proceedings, including the Puerto Rico Electric Power Authority) within the same time period that O'Neill & Borges, LLC simultaneously represented the *private interests* of multiple private sector clients who are either creditors or contractors of the Commonwealth of Puerto Rico and its instrumentalities in these Title III proceedings, including the Puerto Rico Electric Power Authority, thereby violating Section 108(b) of PROMESA, PRRADA, and Canon 21 of the Canons of Professional Ethics applicable to Puerto Rico attorneys, respectively. Thus, the Honorable Court should rule on the merits of the allegations set forth in the Disqualification Pleadings, regardless of Movant's standing or lack thereof, particularly when the claims presented in the Disqualification Pleadings are in contravention of PROMESA Section 108(b) and are demonstrable and of public record.

19. It is important to address that the Honorable Court issued the Denial Order with knowledge that witnesses are available to testify in relation to the conflicts of interest raised in the Disqualification Pleadings, some of which are either current or former partners of O'Neill & Borges, LLC. See Docket Entry No. 22,779 (first stayed and later denied by the Honorable Court).

20. Separately, this matter is of public interest because: (a) the Oversight Board and the U.S. Trustee have neglected to investigate and/or enforce two federal laws prohibiting conflicts of interest by advisors participating in these Title III proceedings – PROMESA and PRRADA; (b) the conflicts of interest incurred by the Oversight Board's advisors arise of public record and cannot be overlooked by the Honorable Court, regardless of Movant's standing; (c) the conflicts of interest incurred by the Oversight Board's advisors have not been properly refuted by the Oversight Board and/or by O'Neill & Borges, LLC in any of the forty-

one (41) Disqualification Pleadings on record; (d) the Honorable Court was timely informed that witnesses are available to testify as to the conflicts of interest that exist; (e) there is a plausible risk that public governmental contracting processes may have been influenced and/or may be influenced to benefit private parties as a result of the Honorable Court's failure to pass muster on the Oversight Board's advisors, including, but not limited to, the Conflict Parties; and (f) bondholders, creditors, and other parties in interest having Ordinary Standing in these Title III proceedings will likely to file separate disqualification petitions if the Honorable Court doesn't timely reconsider the Denial Order.

21. In the interest of justice, the Honorable Court should reverse its recent ruling, particularly because the Oversight Board's management team is in cahoots with its conflicted advisors and the U.S. Trustee has neglected to take action to curtail the Oversight Board's advisors' conflicts of interest in accordance with the sense of Congress under PROMESA, PRRADA, and supplemental bankruptcy case standards.

22. The present conflicts of interest dispute is easily resolvable and should not have consumed forty-one (41) Disqualification Pleadings to date, except for the frivolous resistance raised by the Oversight Board and its counsel.

23. To definitively resolve this matter, the Honorable Court only needs to compel the Managing Partner of O'Neill & Borges, LLC to answer under oath – "*YES*" or "*NO*" – if any timekeeper at O'Neill & Borges, LLC represented any of the Conflict Parties listed in paragraph 12 above during the time period commencing on January 1, 2017 and ending on November 23, 2022 (the "PROMESA/PRRADA Compliance Period"). If the answer to the foregoing question is "*YES*" or the answer otherwise comes equipped with yet another round of obscure, incomprehensible explanations, then the Honorable Court must either, *sua sponte*:

(a) move to disqualify O'Neill & Borges, LLC under PROMESA and demand full disgorgement of legal fees under PRRADA; or (b) further investigate the nature and extent of O'Neill & Borges, LLC's connections to the Conflict Parties during the PROMESA/PRRADA Compliance Period through proper discovery of evidence.

24. The Honorable Court must marshal the conduct of the attorneys practicing before it, irrespective of Movant's standing. Private parties are being benefitted *sub silentio*, at substantial cost to the Title III debtors and their respective creditors, by methods inconsistent with PROMESA and PRRADA – the two statutes that the Oversight Board and the U.S. Trustee have failed to monitor for compliance.

25. The Honorable Court ought not lose sight of the fact that the conflicts of interest incurred by O'Neill & Borges, LLC arise of public, have otherwise been self-reported in PRRADA filings, and nowhere over the course of forty-one (41) Disqualification Pleadings did O'Neill & Borges, LLC explain to the Honorable Court, in detail, the extent of its attorney-client connections to the private sector government contractors that comprise the Conflict Parties listed in paragraph 12 above in the manner required under PRRADA and supplemental bankruptcy case law.

26. O'Neill & Borges, LLC "*cannot usurp the court's function by choosing, ipse dixit, which connections impact disinterestedness and which do not. The existence of an arguable conflict must be disclosed if only to be explained away.*" See *In re Midway Industry Contractors, Inc.*, 272 B.R. 651 (Bankr. N.D.111. 2001) (citing *In re Granite Partners, L.P.*, 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998).

27. The truth is that all assignments that O'Neill & Borges, LLC undertakes in the service of the Conflict Parties directly relates to large-scale contracts awarded, or pending to

11

be awarded, by instrumentalities of the Commonwealth of Puerto Rico or the embattled Puerto Rico Electric Power Authority, both of whom are debtors in these jointly administered Title III proceedings.

28. The grounds expressed in paragraphs 1 thru 27 above properly substantiate that permissive intervention be granted to Movant in these Title III proceedings or that the Honorable Court evaluates the conflicts of interest incurred, *sua sponte*.

**WHEREFORE**, Movant hereby respectfully petitions the Honorable Court to revoke the Denial Order or, in the alternative, moves to issue a reasoned ruling on the merits of the Disqualification Pleadings based on evidence that exists or that is otherwise discoverable.

Dated: November 28, 2022
San Juan, Puerto Rico

Respectfully submitted,

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com

## Certificate of Service

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this matter.

In San Juan, Puerto Rico, this 28th day of November, 2022.

*[signature]*

Carlos Lamoutte, *pro se*
87 De Diego
Villas de San Francisco Plaza II
Suite 215
San Juan, Puerto Rico 00927
787-688-6036
cl@carloslamoutte.com