# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

**SUPPLEMENTAL BRIEF OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY IN SUPPORT OF THE FOUR HUNDRED FIFTY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Objecting Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Objecting Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this supplemental brief (the "Supplemental Brief") as directed by the Court in the *Order Adjourning the Four Hundred Fifty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors as to Proof of Claim No. 179281-1* [ECF No. 22798] (the "Adjournment Order"), in support of the *Four Hundred Fifty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* [ECF No. 20784] (the "Four Hundred Fifty-Third Omnibus Objection") to Proof of Claim No. 179281-1 (the "Claim") filed by Maria C. Figueroa Torres ("Claimant"). In support of this Supplemental Brief, the Objecting Debtors respectfully represent as follows:

1. On November 2, 2022, the Court heard oral argument on the objection interposed by the Claimant to the Four Hundred Fifty-Third Omnibus Objection with respect to the Claim. At such time, the Court adjourned consideration of the Four Hundred Fifty-Third Omnibus Objection and entered the Adjournment Order, directing the Oversight Board to "file a supplemental brief by November 30, 2022, concerning the legal and factual basis for its contention

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

that the Commonwealth of Puerto Rico has no liability with respect to the claims asserted in proof of claim no. 179281-1." Adjournment Order at 1.

2. As explained in the *Reply of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to the Response Filed by Maria C. Figueroa Torres [ECF No. 21310] to the Four Hundred Fifty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* [ECF No. 22666] (the "Reply"), the Claim asserts liability against the Commonwealth for services performed at the Ponce District Hospital. However, the Ponce District Hospital is not a Title III debtor or an agency of the Department of Health, the Commonwealth, or any of the other Debtors.

3. Specifically, in or around 1993, the Commonwealth began the privatization of Commonwealth-owned hospital facilities[3] and, in accordance with that privatization, enacted Act 31 of July 6, 1997, which caused the transfer of the Ponce District Hospital to private ownership for management and operation. *See* **Exhibit A** (letter to Claimant dated May 26, 2000). Such transfer became effective on July 1, 2000. *Id.* Accordingly, Ponce District Hospital is not a Title III debtor or an agency of the Department of Health, the Commonwealth, or any of the other Debtors, and the Claim, which relates to the period from and after the transfer of Ponce District Hospital to private ownership, must be disallowed. Further, as explained in the Reply, to the extent the Commonwealth is liable to the Claimant with respect to work performed by the Claimant for the Ponce District Hospital prior to July 1, 2000, such liability will be determined in accordance

---

[3] *See* Alexis Raúl Santos-Lozada, *Transformations of public healthcare services in Puerto Rico from 1993 until 2010* (2013) at 3, *available at* https://paa2013.princeton.edu/papers/132763.

3

with the resolution of Claim No. 179821, which claim has been transferred to ACR (as defined in the Reply) and is not the subject of the Four Hundred Fifty-Third Omnibus Objection.

4. For the foregoing reasons, the Objecting Debtors respectfully request that the Court grant the Four Hundred Fifty-Third Omnibus Objection and disallow the Claim.

Dated: November 29, 2022　　　　　　　　　　　Respectfully submitted,
　　　　San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:　(787) 764-8181
Fax:　(787) 753-8944

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:　(212) 969-3000
Fax:　(212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority*

## Exhibit A

**Letter to Claimant**