# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br>**THE FINANCIAL OVERSIGHT AND**<br>**MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As a representative of<br>**THE COMMONWEALTH OF PUERTO RICO**<br>*et al.,*<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK- 3283-LTS<br>(Jointly Administered)<br><br>Re: Dkt. No. 22578 |

## FEE EXAMINER'S STATEMENT REGARDING BONISTAS DEL PATIO MOTION FOR SECTION 503(b) and PLAN-BASED PAYMENTS

The Fee Examiner, by his counsel, submits this statement regarding the *Motion of Bonistas del Patio for Payment of Certain Professional Fees and Expenses by the Commonwealth* [Dkt. No. 22578] (the "Motion"), which may be heard at the December 14, 2022 omnibus hearing.

1. On October 11, 2022, Bonistas del Patio ("Bonistas") filed the Motion, requesting an order directing the Commonwealth to pay $5 million to Ducera Partners LLC ("Ducera"), a financial consulting firm, "promptly upon entry of [an] order" and 80 percent of $2 million to Davis Polk & Wardwell LLP ("Davis Polk"). The balance would be paid to Davis Polk

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

following the submission of a "fee statement to the Fee Examiner" with "reasonably detailed time records" but not necessarily meeting the requirements of PROMESA §316 and 317. Dkt. No. 22578-1, ¶¶ 4, 5. Davis Polk already has submitted those time records, presumably making the full payment due promptly if the Motion were granted.

2. The Motion originally included an objection deadline of October 18, 2022 and a hearing date of November 2, 2022. After discussions with the Fee Examiner and other parties, however, Ducera and Davis Polk agreed to amend the objection deadline to November 29 and adjourn the hearing until December 14.

3. After filing the Motion, Ducera and Davis Polk submitted materials to the Fee Examiner for review, at his request, and the Fee Examiner and counsel have had several discussions with Ducera and Davis Polk principals.

4. For Davis Polk, these materials included detailed time records capturing the daily tasks, in tenths of an hour, from June 26, 2017 to February 11, 2019 performed by each Davis Polk timekeeper for Bonistas.

5. Ducera stated that it does not generally keep detailed daily time records on a contemporaneous basis, but it provided other materials at the Fee Examiner's request. They included descriptive detail regarding each timekeeper who performed work for Bonistas, examples of the work product Ducera created for Bonistas and its counsel, and a chronology of meetings and other work entries performed by Ducera personnel for Bonistas.

6. In addition to analyzing these materials, the Fee Examiner and counsel conducted other due diligence, including discussions with other mediation and COFINA plan participants about the roles played by Bonistas, Ducera, and Davis Polk in these cases and reviewing the relevant pleadings.

7. The Motion contends that the amounts requested by Ducera and Davis Polk are payable by the Commonwealth pursuant to (1) Section 15.2 of the COFINA Plan and/or (2) 11 U.S.C. § 503(b)(4), as applicable to these Title III cases by 48 U.S.C. § 2161(a).

8. Section 15.2 of the COFINA Plan provides (Case No. 17-3284, Dkt. No. 436):

> **Commonwealth/COFINA Expenses:** Notwithstanding anything contained in the Plan to the contrary all expenses, including Allowed Administrative Expense Claims and Allowed Professional Claims, incurred by the Commonwealth or COFINA, as the case may be, in connection with the development, negotiation, confirmation and consummation of the Plan and the compromise and settlement of the Commonwealth-COFINA Dispute shall be paid to the extent available from the funds distributable to the Commonwealth in accordance with the provisions of Sections 2.1 and 15.1 hereof and otherwise by the Commonwealth.

9. Section 503(b)(4) provides for the payment as an administrative expense for a party's "substantial contribution" to a proceeding that, in turn, provides "reasonable compensation for professional services rendered by an attorney or an accountant of an entity" that has an allowable expense under section 503 "based on the time, the nature, the extent, and the value of such services … and reimbursement for actual, necessary expenses …."

10. Bonistas has occupied a unique position in these proceedings as a non-profit established "to protect the interests of on-Island investors" holding a range of investments in nature and amount. Motion, ¶¶ 1, 4, 12, 26.

11. The Motion repeatedly emphasizes the role of Bonistas' professionals for their client as an "active" and "invited" participant in the mediation, negotiated PSA, and multi-draft plan of adjustment processes. *See, e.g.*, Motion, ¶¶ 1-2, 5-9; *see also generally* Declaration of Brian M. Resnick Regarding Payment of the Bonistas Expenses (Dkt. No. 22578-2).

12. The issues presented by the Motion first became a matter of record more than three years ago, stayed by consent until now to avoid "the burdens and distraction of costly

3

discovery and litigation….." Motion, ¶ 16.[2] Those potential burdens have not evaporated, and any objection would trigger the same distraction at a time—arguably, now even more than three years ago—that the principal parties and the Court have advanced the proceedings well beyond the COFINA and subsequent plans to its latest critical stage with PREPA.

13. The Fee Examiner takes no position on the threshold question of whether either of the provisions central to the Motion entitles Ducera or Davis Polk to any payment of any kind by the Commonwealth for the services they provided to Bonistas.[3] The Fee Examiner also takes no position on the application, if any, of PRRADA to the services provided by Ducera and Davis Polk.

14. The Motion itself suggested the submission of the administrative expense payment requests to the Fee Examiner, but focused primarily on reasonableness and necessity. Motion, ¶ 28. While the Fee Examiner does not accept that limitation, it is not necessary to construe any of the Court's fee review orders to determine the breadth of the examiner's authority. For the entirety of these cases, the Fee Examiner and counsel have reviewed retained professionals under the standards of reasonableness and necessity, including financial advisors

---

[2] Bonistas previously sought payment of these expenses through a stipulation filed by AAFAF on February 11, 2019 as part of the COFINA Plan. *See* Dkt. No. 5092. That stipulation was later withdrawn without prejudice to Bonistas seeking payment at a later date. *See* Dkt. No. 8617.

[3] With respect to 11 U.S.C. § 503(b)(4), that statute expressly applies to professional services "rendered by an attorney or an accountant." At least one case, also cited in the Motion, holds that section 503(b)(4) is not limited solely to expenses incurred by attorneys and accountants and instead "that the plain meaning of § 503 allows for recovery of the expenses of financial advisors." *In re ITC Deltacom, Inc.*, 03-111 (GMS), 2006 WL 839395, at *1 (D. Del. Mar 29, 2006). *But see In re Summit Metals, Inc.*, 379 B.R. 40, 50 (Bankr. D. Del. 20017), *aff'd*, 406 F. App'x 634 (3d Cir. 2011) (management consulting firm held ineligible to recover fees under § 503(b)(4) because it was "neither an accountant nor a lawyer) and *In re Mirant Corp.*, 354 B.R. 113, 139, (Bankr. N.D. Tex. 2006), *aff'd*, 308 F. App'x 824 (5th Cir. 2009) (the court "cannot award expert witness (or financial advisor) fees under Code § 503(b)(4)" because "the scope of section 503(b)(4) [is] limited to attorney and accountant fees"). *See also 4 Collier on Bankruptcy* ¶503.11[1] [16th ed. 2022) ("*Collier*") ("Courts have reached different results in considering administrative expense priority for fees for professionals other than attorneys or accountants.").

that did not maintain daily time records. The treatises make the same point, requiring "sufficient information" to determine reasonableness. *See Collier*, ¶ 503.11[5].

15. The Motion, and the subsequent review, do not disclose any facts that undermine the factual basis for the requested payments.

16. Any "substantial contribution" application necessarily involves subjective observations and conclusions, however, reached throughout the process. While the Fee Examiner has observed—and continues to observe—the Title III proceedings contemporaneously, he and his counsel had no contact of any kind with Davis Polk or Ducera until the Motion had been filed. "Substantial contribution" observations and conclusions are best rendered firsthand, if at all, by those interested parties that did participate side-by-side with Davis Polk and Ducera in the mediation and plan process.

17. If one or both of the cited provisions – one statutory and one plan-based -- ultimately entitle Ducera and/or Davis Polk to payment by the Commonwealth, the Fee Examiner has concluded that the fees requested by Ducera and Davis Polk qualify as reasonable, actual, and necessary pursuant to the standards of PROMESA §316 and 317.

Dated: November 29, 2022

                                                EDGE Legal Strategies, PSC

                                                *s/ Eyck O. Lugo*
                                                Eyck O. Lugo
                                                252 Ponce de León Avenue
                                                Citibank Tower, 12th Floor
                                                San Juan, PR 00918
                                                Telephone: (787) 522-2000
                                                Facsimile: (787) 522-2010
                                                *Puerto Rico Counsel for Fee Examiner*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Mark W. Hancock (*Pro Hac Vice Forthcoming*)
*Counsel for the Fee Examiner*

28336374.1