# United States Court of Appeals
## For the First Circuit

No. 22-1079

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors,

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors, Appellees, Cross-Appellants,

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,

Debtor, Appellee,

v.

COOPERATIVA DE AHORRO Y CREDITO ABRAHAM ROSA; COOPERATIVA DE AHORRO Y CREDITO DE CIALES; COOPERATIVA DE AHORRO Y CREDITO DE JUANA DIAZ; COOPERATIVA DE AHORRO Y CREDITO DE RINCON; COOPERATIVA DE AHORRO Y CREDITO DE VEGA ALTA; COOPERATIVA DE

AHORRO Y CREDITO DR. MANUEL ZENO GANDIA,

Objectors, Appellants, Cross-Appellees,

SUIZA DAIRY CORP.,

Objector, Claimant, Appellant, Cross-Appellee,

LUIS F. PABON BOSQUES; RAUL MARTINEZ PEREZ; ELVIN A. ROSADO MORALES; CARLOS A. ROJAS ROSARIO; RAFAEL TORRES RAMOS,

Creditors, Appellants, Cross-Appellees,

DESARROLLADORA ORAMA, S.E.; C.O.D. TIRE DISTRIBUTORS IMPORTS ASIA, INC.; CORREA TIRE DISTRIBUTOR INC.; WORLD WIDE TIRE, INC.; SEQUERIA TRADING CORPORATION; SABATIER TIRE CENTER, INC.; VICTOR LOPEZ CORTES, INC.; MULTI GOMAS, INC.; JOSE COLLAZO PEREZ; IVELISSE TAVARES MARRERO; MANUEL PEREZ ORTIZ; CORAL COVE, INC.; SUCESION ANGEL ALVAREZ PEREZ; ANTONIO COLON SANTIAGO; COOPERATIVA DE AHORRO Y CREDITO DE AGUADA; VILMA TERESA TORRES LOPEZ; VIVIANA ORTIZ MERCADO; ORLANDO TORRES BERRIOS; GERMAN TORRES BERRIOS; JUAN ALBERTO TORRES BERRIOS; VHERMANOS TORRES TORRES, INC.; CORPORACION PLAYA INDIA, S.E.; MARIANO RAMOS GONZALEZ; RAMON MORAN LOUBRIEL; RAFAEL MORAN LOUBRIEL; ANA MORAN LOUBRIEL; SAN GERONIMO CARIBE PROJECT, INC.; CARIBBEAN AIRPORT FACILITIES INC.; ESTATE OF RAUL DE PEDRO & DIANA MARTINEZ; ALFONSO FERNANDEZ CRUZ; SUN AND SAND INVESTMENTS, CORP.; FDR1500, CORP.; MARGARETA BLONDET; SUCESION COMPUESTO POR MARIA I. RUBERT BLONDET; SONIA RUBERT BLONDET; MARGARITA RUBERT BLONDET; SONIA RUBERT, Administradora; MANUEL A. RIVERA-SANTOS; JORGE RIVERA-SANTOS; CARLOS MANUEL RIVERA-SANTOS; PABLO MELENDEZ BRULLA; SUCESION AGUSTIN RODRIGUEZ COLON; GLORIA M. ESTEVA MARQUES; SUCESION MANUEL MARTINEZ RODRIGUEZ; LUIS REYES FEIKERT; JORGE RAMON POZAS; MIRIAM SANCHEZ LEBRON; JUAN A. TAPIA ORTIZ; ANTONIO PEREZ COLON,

Claimants, Appellees,

PFZ PROPERTIES, INC.; OSCAR ADOLFO MANDRY APARICIO; MARIA DEL CARMEN AMALIA MANDRY LLOMBART; SELMA VERONICA MANDRY LLOMBART; MARIA DEL CARMEN LLOMBART BAS; OSCAR ADOLFO MANDRY BONILLA; GUSTAVO ALEJANDRO MANDRY BONILLA; YVELISE HELENA FINGERHUT MANDRY; MARGARET ANN FINGERHUT MANDRY; VICTOR ROBERT FINGERHUT MANDRY; JUAN CARLOS ESTEVA FINGERHUT; PEDRO MIGUEL ESTEVA FINGERHUT; MARIANO JAVIER MCCONNIE FINGERHUT; JANICE MARIE MCCONNIE FINGERHUT; VICTOR MICHAEL FINGERHUT COCHRAN; MICHELLE ELAINE FINGERHUT COCHRAN; ROSA ESTELA MERCADO GUZMAN; EDUARDO

JOSE MANDRY MERCADO; SALVADOR RAFAEL MANDRY MERCADO; MARGARITA ROSA MANDRY MERCADO; ADRIAN ROBERTO MANDRY MERCADO; VICENTE PEREZ ACEVEDO; CORPORACION MARCARIBE INVESTMENT; DEMETRIO AMADOR INC.; DEMETRIO AMADOR ROBERTS; MARUZ REAL ESTATE CORP.; LORTU-TA LTD., INC.; LA CUARTEROLA, INC.; JUAZA, INC.; CONJUGAL PARTNERSHIP ZALDUONDO-MACHICOTE; FRANK E. TORRES RODRIGUEZ; EVA TORRES RODRIGUEZ; FINCA MATILDE, INC.; JORGE RAFAEL EDUARDO COLLAZO QUINONES,

Objectors, Claimants, Appellees,

ANTONIO MARTIN CERVERA; MARIA TERESITA MARTIN; WANDA ORTIZ SANTIAGO; NANCY I. NEGRON-LOPEZ; GROUP WAGE CREDITORS; YASHEI ROSARIO; ANA A. NUNEZ VELAZQUEZ; EDGARDO MARQUEZ LIZARDI; MARIA M. ORTIZ MORALES; ARTHUR SAMODOVITZ; MIGUEL LUNA DE JESUS; ISMAEL L. PURCELL SOLER; ALYS COLLAZO BOUGEOIS; MILDRED BATISTA DE LEON; JAVIER ALEJANDRINO OSORIO; SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU); INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; MAPFRE PRAICO INSURANCE COMPANY; CERTAIN CREDITORS WHO FILED ACTIONS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO; MED CENTRO, INC., f/k/a Consejo de Salud de la Comunidad de la Playa de Ponce, Inc.; ASOCIACION DE JUBILADOS DE LA JUDICATURA DE PUERTO RICO; HON. HECTOR URGELL CUEBAS; COOPERATIVA DE AHORRO Y CREDITO VEGABAJENA; UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM TRUST; PETER C. HEIN; MIRIAM E. LIMA COLON; BETZAIDA FELICIANO CONCEPCION; ANGEL L. MENDEZ GONZALEZ; ASOCIACION DE MAESTROS PUERTO RICO; ASOCIACION DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL; MORGAN STANLEY & CO. LLC; GOLDMAN SACHS & CO. LLC; J.P. MORGAN SECURITIES LLC; SANTANDER SECURITIES LLC; SIDLEY AUSTIN LLP; BMO CAPITAL MARKETS GKST, INC.; CITIGROUP GLOBAL MARKETS INC.; SAMUEL A. RAMIREZ & CO., INC.; MESIROW FINANCIAL, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH CAPITAL SERVICES, INC.; BARCLAYS CAPITAL INC.; RBC CAPITAL MARKETS, LLC; RAYMOND JAMES & ASSOCIATES, INC.; COMMUNITY HEALTH FOUNDATION OF P.R. INC.; QUEST DIAGNOSTICS OF PUERTO RICO, INC.; U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee for the PRPFC Outstanding Bonds and PRIFA Bonds, and Fiscal Agent for PRPBA Bonds; U.S. BANK NATIONAL ASSOCIATION, as Trustee for the PRPFC Outstanding Bonds and PRIFA Bonds, and Fiscal Agent for PRPBA Bonds; NILSA CANDELARIO; EL OJO DE AGUA DEVELOPMENT, INC.; PEDRO JOSE NAZARIO SERRANO; JOEL RIVERA MORALES; MARIA DE LOURDES GOMEZ PEREZ; HECTOR CRUZ VILLANUEVA; LOURDES RODRIGUEZ; LUIS M. JORDAN RIVERA; TACONIC CAPITAL ADVISORS LP; AURELIUS CAPITAL MANAGEMENT, LP; CANYON CAPITAL ADVISORS LLC; FIRST BALLANTYNE LLC; MOORE CAPITAL MANAGEMENT, LP; PUERTO RICO FISCAL AGENCY AND

FINANCIAL ADVISORY AUTHORITY; HON. PEDRO R. PIERLUISI URRUTIA; UNITED STATES, on behalf of the Internal Revenue Service; ASOCIACION PUERTORRIQUENA DE LA JUDICATURA, INC.; FEDERACION DE MAESTROS DE PUERTO RICO, INC.; GRUPO MAGISTERIAL EDUCADORES(AS) POR LA DEMOCRACIA, UNIDAD, CAMBIO, MILITANCIA Y ORGANIZACION SINDICAL, INC.; UNION NACIONAL DE EDUCADORES Y TRABAJADORES DE LA EDUCACION, INC.; MARIA A. CLEMENTE ROSA; JOSE N. TIRADO GARCIA, as President of the United Firefighters Union of Puerto Rico,

Objectors, Appellees,

VAQUERIA TRES MONJITAS, INC.; BLACKROCK FINANCIAL MANAGEMENT, INC.; EMSO ASSET MANAGEMENT LIMITED; MASON CAPITAL MANAGEMENT, LLC; SILVER POINT CAPITAL, L.P.; VR ADVISORY SERVICES, LTD; AURELIUS CAPITAL MANAGEMENT, LP, on behalf of its managed entities; GOLDENTREE ASSET MANAGEMENT LP, on behalf of funds under management; WHITEBOX ADVISORS LLC, on behalf of funds under management; MONARCH ALTERNATIVE CAPITAL LP, on behalf of funds under management; TACONIC CAPITAL ADVISORS L.P., on behalf of funds under management; ARISTEIA CAPITAL, LLC, on behalf of funds under management; FARMSTEAD CAPITAL MANAGEMENT, LLC, on behalf of funds under management; FOUNDATION CREDIT, on behalf of funds under management; CANYON CAPITAL ADVISORS LLC, in its capacity as a member of the QTCB Noteholder Group; DAVIDSON KEMPNER CAPITAL MANAGEMENT LP, in its capacity as a member of the QTCB Noteholder Group; SCULPTOR CAPITAL LP, in its capacity as a member of the QTCB Noteholder Group; SCULPTOR CAPITAL II LP, in its capacity as a member of the QTCB Noteholder Group; AMBAC ASSURANCE CORPORATION; ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; CROWN MANAGED ACCOUNTS, for and on behalf of Crown/PW SP; LMA SPC, for and on behalf of Map 98 Segregated Portfolio; MASON CAPITAL MASTER FUND LP; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL), L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE HUNTINGTON INVESTMENT FUND II, L.P.; OAKTREE OPPORTUNITIES FUND X, L.P.; OAKTREE OPPORTUNITIES FUND X (PARALLEL), L.P.; OAKTREE OPPORTUNITIES FUND X (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND HOLDINGS, L.P.; OCEANA MASTER FUND LTD.; OCHER ROSE, L.L.C.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; PWCM MASTER FUND LTD.; REDWOOD MASTER FUND, LTD.; BANK OF NEW YORK MELLON; OFFICIAL COMMITTEE OF UNSECURED CREDITORS; ASSURED GUARANTY CORP.; ASSURED GUARANTY MUNICIPAL CORP.; OFFICIAL COMMITTEE OF RETIRED EMPLOYEES; NATIONAL PUBLIC FINANCE GUARANTEE CORP.; FINANCIAL GUARANTY INSURANCE COMPANY; AMERINATIONAL COMMUNITY SERVICES, LLC, as servicer for the GDB

Debt Recovery Authority; CANTOR-KATZ COLLATERAL MONITOR LLC, as Collateral Monitor for the GDB Debt Recovery Authority; ATLANTIC MEDICAL CENTER, INC.; CAMUY HEALTH SERVICES, INC.; CENTRO DE SALUD FAMILIAR DR. JULIO PALMIERI FERRI, INC.; CIALES PRIMARY HEALTH CARE SERVICES, INC.; CORP. DE SERV. MEDICOS PRIMARIOS Y PREVENCION DE HATILLO, INC.; COSTA SALUD, INC.; CENTRO DE SALUD DE LARES, INC.; CENTRO DE SERVICIOS PRIMARIOS DE SALUD DE PATILLAS, INC.; HOSPITAL GENERAL CASTANER, INC.; GNMA & US GOVERNMENT TARGET MATURITY FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.; MORTGAGE-BACKED & US GOVERNMENT SECURITIES FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; PUERTO RICO RESIDENTS BOND FUND I, f/k/a Puerto Rico Investors Bond Fund I; PUERTO RICO RESIDENTS TAX-FREE FUND, INC., f/k/a Puerto Rico Investors Tax-Free Fund, Inc.; PUERTO RICO RESIDENTS TAX-FREE FUND II, INC., f/k/a Puerto Rico Investors Tax-Free Fund II, Inc.; PUERTO RICO RESIDENTS TAX-FREE FUND III, INC., f/k/a Puerto Rico Investors Tax-Free Fund III, Inc.; PUERTO RICO RESIDENTS TAX-FREE FUND IV, INC., f/k/a Puerto Rico Investors Tax-Free Fund IV, Inc.; PUERTO RICO RESIDENTS TAX-FREE FUND V, INC., f/k/a Puerto Rico Investors Tax-Free Fund V, Inc.; PUERTO RICO RESIDENTS TAX-FREE FUND VI, INC., f/k/a Puerto Rico Investors Tax-Free Fund VI, Inc.; TAX-FREE FIXED INCOME FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund, Inc.; TAX-FREE FIXED INCOME FUND II FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund II, Inc.; TAX-FREE FIXED INCOME FUND III FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund III, Inc.; TAX-FREE FIXED INCOME FUND IV FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund IV, Inc.; TAX-FREE FIXED INCOME FUND V FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund V, Inc.; TAX-FREE FIXED INCOME FUND VI FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund VI, Inc.; TAX FREE FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Tax-Free Puerto Rico Fund, Inc.; TAX FREE FUND II FOR PUERTO RICO RESIDENTS, INC., f/k/a Tax-Free Puerto Rico Fund II, Inc.; TAX-FREE HIGH GRADE PORTFOLIO BOND FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico AAA Portfolio Bond Fund, Inc.; TAX-FREE HIGH GRADE PORTFOLIO BOND FUND II FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico AAA Portfolio Bond Fund II, Inc.; TAX-FREE HIGH GRADE PORTFOLIO TARGET MATURITY FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; TAX FREE TARGET MATURITY FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Tax-Free Puerto Rico Target Maturity Fund, Inc.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND; SERVICIOS INTEGRALES EN LA MONTANA (SIM),

Creditors, Appellees,

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Laura Taylor Swain,* U.S. District Judge]

---

Before

Kayatta, Howard, and Thompson,
Circuit Judges.

---

Guillermo Ramos Luiña for appellants, cross-appellees Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Cooperativa de Ahorro de Vega Alta, Crédito Dr. Manuel Zeno Gandía, and Cooperativa de Ahorro y Crédito de Juana Díaz.
Rafael A. Gonzalez-Valiente, with whom Godreau & Gonzalez Law, LLC was on brief, for appellant, cross-appellee Suiza Dairy Corporation.
Victor M. Rivera-Rios for appellants, cross-appellees Luis F. Pabón Bosques, Raul Martinez Perez, Elvin A. Rosado Morales, Carlos A. Rojas Rosario, and Rafael Torres Ramos.
Martin J. Bienenstock, with whom Jeffrey W. Levitan, Mark D. Harris, Brian S. Rosen, Ehud Barak, Lucas Kowalczyk, Timothy W. Mungovan, John E. Roberts, Adam L. Deming, Joseph S. Hartunian, and Proskauer Rose LLP were on brief, for appellee, cross-appellant the Financial Oversight and Management Board for Puerto Rico.
Peter M. Friedman, with whom John J. Rapisardi, Maria J. DiConza, and O'Melveny & Meyers LLP were on brief, for appellees Governor Pedro R. Pierluisi and the Puerto Rico Fiscal Agency and Financial Advisory Authority.
Ana A. Núñez Velázquez, Aguadilla, PR, Pro Se.
Charles A. Cuprill-Hernández, with whom Charles A. Cuprill,

---

* Of the Southern District of New York, sitting by designation.

P.S.C. was on brief, for appellees Oscar Adolfo Mandry Aparicio, María del Carmen Amalia Mandry Llombart, Selma Verónica Mandry Llombart, María del Carmen Llombart Bas, Oscar Adolfo Mandry Bonilla, Gustavo Alejandro Mandry Bonilla, Yvelise Helena Fingerhut Mandry; Margaret Ann Fingerhut Mandry, Victor Robert Fingerhut Mandry, Juan Carlos Esteva Fingerhut, Pedro Miguel Esteva Fingerhut, Mariano Javier McConnie Fingerhut, Janice Marie McConnie Fingerhut, Victor Michael Fingerhut Cochran, Michelle Elaine Fingerhut Cochran, Rosa Estela Mercado Guzmán, Eduardo José Mandry Mercado, Salvador Rafael Mandry Mercado, Margarita Rosa Mandry Mercado, and Adrián Roberto Mandry Mercado.

Daniel Winik, Attorney, Civil Division, with whom Brian M. Boynton, Principal Deputy Assistant Attorney General, W. Stephen Muldrow, United States Attorney, Michael S. Raab, Attorney, Civil Division, and Michael Shih, Attorney, Civil Division, were on brief, for intervenor, appellee the United States.

Russell A. Del Toro Sosa, with whom David Carrion Baralt was on brief, for appellee PFZ Properties, Inc.

Maria Mercedes Figueroa Morgade on brief for appellees Demetrio Amador Inc. and Demetrio Amador Roberts.

Alexis Fuentes-Hernández on brief for appellees Maruz Real Estate Corp., Lortu-Ta LTD., Inc., La Cuarterola, Inc., Juaza, Inc., Frank E. Torres Rodriguez and Eva Torres Rodriguez.

Arturo J. García-Solá, with whom Nayuan Zouairaban and McConnell Valdes LLC were on brief, for appellee AmeriNational Community Services, LLC.

Douglas I. Koff, with whom Peter Amend, Douglas S. Mintz, and Schulte, Roth & Zabel were on brief, for appellee Cantor-Katz Collateral Monitor LLC.

Eduardo J. Capdevila-Díaz, with whom Isabel M. Fullana-Fraticelli and Isabel Fullana-Fraticelli & Assocs., PSC were on brief, for appellee Finca Mitilde, Inc.

Carlos Fernandez-Nadal on brief for appellee Jorge Rafael Eduardo Collazo Quinones.

Maximiliano Trujillo-González on brief for appellees Manuel A. Rivera-Santos, Jorge Rivera-Santos, and Carlos Manuel Rivera-Santos.

Juan A. Tapia Ortiz, Brooklyn, NY, Pro Se.

November 23, 2022

**THOMPSON**, <u>Circuit Judge</u>. On January 18, 2022, the district court entered an Order and Judgment confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority ("the Confirmation Order") as well as Findings of Fact and Conclusions of Law in Connection with the Confirmation Order ("the FF/CL").  As the full name of the Confirmation Order suggests, this final debt restructuring plan was the product of progressive iterations about how to resolve the initial petition for debt restructuring, filed in May 2017 by Puerto Rico's Financial Oversight and Management Board ("the Board") on behalf of the Commonwealth of Puerto Rico and several of the Commonwealth's agencies and instrumentalities pursuant to Title III of the Puerto Rico Oversight, Management, and Stability Act ("PROMESA").  Several creditors filed a notice of appeal to challenge the Confirmation Order and the FF/CL.  This court consolidated the appeals for briefing and oral argument pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure.  This opinion resolves the appeal filed by a group of six Credit Unions (also often referred to as "cooperatives" or "cooperativas"), each of whom filed a proof of claim in this Title III case and then jointly filed objections to the evolving plan for restructuring the Commonwealth's debts (details about the bases for their joint

- 8 -

objections to come in a moment). As we explain below, the Credit Unions' challenge to the district court's rejection of their objections is now moot. Before we explain why, we need to introduce the companion adversary proceeding.[1]

Almost a year after the Commonwealth filed its initial Title III petition, the Credit Unions initiated an adversary proceeding claiming that the Commonwealth and several of its agencies and instrumentalities defrauded them into purchasing worthless bonds as well as compelled them to invest in these security instruments such that a taking without just compensation had occurred in violation of the U.S. Constitution's Fifth Amendment.[2] The Credit Unions alleged that these claims of misconduct should render their creditor claims in the bankruptcy proceeding non-dischargeable pursuant to 11 U.S.C. §§ 105 and 944 and PROMESA.

While their adversary complaint was pending, the Credit Unions filed joint objections to the Seventh Amended Title III Joint Plan of Adjustment and to the Revised Eighth Amended Plan of

---

[1] "[A]n adversary proceeding is a subsidiary lawsuit within the larger framework of a bankruptcy case." In re Fin. Oversight & Mgmt. Bd. for P.R., 872 F.3d 57, 63 (1st Cir. 2017) (alteration in original) (quoting Kowal v. Malkemus (In re Thompson), 965 F.2d 1136, 1140 (1st Cir. 1992)); see also Fed. R. Bankr. P. 7001 (which 48 U.S.C. § 2170 says shall apply to PROMESA cases).

[2] In the adversary proceeding, the Credit Unions also alleged some Commonwealth-statute-based fraud and negligence claims.

- 9 -

Adjustment, arguing that their claims for fraud and unconstitutional takings in their adversary action against the debtors should be explicitly excepted from discharge pursuant to 11 U.S.C. § 944(c)(1).

Meanwhile, back in the docket of the adversary proceeding, the defendants filed motions to dismiss the Credit Unions' second amended complaint. In late December 2021, the district court granted the motions, concluding that most of the Credit Unions' claims sounded in fraud but failed to meet the heightened pleading standard for claims based in fraud, that the plaintiffs failed to state a plausible takings claim, and that some of the claims against some of the defendants lacked subject matter jurisdiction because the claim was either not yet ripe or had overripened such that the claim was now moot. See In re Fin. Oversight & Mgmt. Bd. for P.R., 578 F. Supp. 3d 267 (D.P.R. 2021). The Credit Unions appealed.

While the Credit Unions' appeal from the dismissal of their adversary proceeding was in the briefing stage here, the district court entered the Confirmation Order and the FF/CL. The district court summarily overruled the Credit Unions' joint objection to the plan:

> [F]or the reasons set forth in th[e] [c]ourt's Memorandum Opinion Granting Defendants' Motions to Dismiss Second Amended Complaint . . . , the [c]ourt overrules the objection of [the Credit Unions] to the extent it incorporates the allegations set forth in

- 10 -

>   their adversary complaint, which has now been dismissed
>   without leave to amend, alleging that their claims are
>   protected by the Takings Clause.  Because the [c]ourt
>   has concluded that the Credit Unions have not stated a
>   claim upon which relief could be granted under the
>   Takings Clause, the [c]ourt finds that their claims for
>   payment concerning that alleged taking are not protected
>   by the Fifth Amendment and may be impaired and discharged
>   by the Plan.  Moreover, to the extent the Credit Unions
>   have asserted a claim that approval of the Plan itself
>   would constitute a taking, the Credit Unions' objection
>   is also overruled for the reasons discussed in
>   connection with the objections of other bondholders
>   . . . .

The Credit Unions appealed both the Confirmation Order and the FF/CL, arguing the district court was wrong to overrule their objections to the proposed plans of adjustment when their appeal from the dismissal of their adversary proceeding -- which they say would result in a revival of nondischargeable claims against the Commonwealth -- was still pending in this court.  Indeed, their arguments in this appeal focus exclusively on why their fraud and takings claims should have survived the adversary defendants' motions to dismiss as well as why the district court should have excepted these (according to the Credit Unions) soon-to-be-meritorious claims from discharge.[3]

---

[3] Neither the Confirmation Order nor the FF/CL explicitly mentions the Credit Unions' objections to the proposed plan of adjustment based on their fraudulent conduct claims or their arguments about why their fraud-based claims should be excepted from discharge.  The Credit Unions do not argue, however, that the district court's silence in the FF/CL and the Confirmation Order about these claims was an error.

In an opinion issued today, we affirmed the district court's dismissal of the adversary proceeding, concluding that the Credit Unions failed to plausibly plead both their fraud-based and takings claims.[4] See In re Fin. Oversight & Mgmt. Bd. for P.R., No. 22-1048, ___ F.4th ___ (1st Cir. 2022).

Because we have now affirmed the dismissal of the Credit Unions' adversary claims, we find ourselves with nothing left to decide in this appeal from the Confirmation Order and the FF/CL because the Credit Unions no longer have pending adversary claims that the district court could except from discharge. The Credit Unions' arguments about why they say their adversary claims should have progressed beyond the pleadings stage are moot, and we therefore need not address their arguments about whether fraud claims are dischargeable pursuant to PROMESA. See Bos. Bit Labs, Inc. v. Baker, 11 F.4th 3, 8 (1st Cir. 2021) ("[I]f a case loses its live-controversy character at any point in the proceedings, the mootness doctrine generally stops us from pumping new life into the dispute . . . by 'ousting' the federal courts of 'jurisdiction' and 'requir[ing]' us to 'dismiss[]' the case."

---

[4] In addition, we affirmed the dismissal of the Commonwealth-statute-based negligence claims as time-barred, and the Credit Unions' belated challenge to an earlier Government Development Bank debt modification plan as moot. See In re Fin. Oversight & Mgmt. Bd. for P.R., No. 22-1048, ___ F.4th at ___.

(second and third alterations in original) (quoting Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 335 (1980))).

The Credit Unions' appeal from the Confirmation Order and the FF/CL is dismissed.

- 13 -