UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING CARLOS LAMOUTTE'S MOTION FOR RECONSIDERATION OF
DENIAL ORDER ENTERED ON NOVEMBER 23, 2022 DOCKET ENTRY NO. 22,909

Before the Court is *Carlos Lamoutte's Motion for Reconsideration of Denial Order Entered on November 23, 2022 Docket Entry No. 22,909* (Docket Entry No. 22919 in Case No. 17-3283, the "Motion")[2] filed by Carlos Lamoutte ("Movant"). The Motion seeks reconsideration of this Court's *Memorandum Order Denying the Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

*for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (Docket Entry No. 22909, the "O&B Order"). The O&B Order denied Movant's *Motion to Intervene and to Inform the Existence and Continuance of an Unresolvable Conflict of Interest in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 et seq., and Petition for: (A) the Permanent Disqualification of O'Neill & Borges, LLC as Legal Counsel to the Financial Oversight and Management Board for Puerto Rico, and (B) the Disallowment and Disgorgement of Legal Fees* (Docket Entry No. 20873, the "Disqualification Motion"). Movant cites Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59, as the basis for the Motion. The Court has considered the Motion and, for reasons that follow, the Motion is denied.

A party moving for relief under Rule 59(e) must (i) clearly establish a manifest error of law or fact, (ii) establish manifest injustice, (iii) present newly discovered or previously unavailable evidence, or (iv) establish an intervening change in controlling law. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005); see also City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022) ("A district court may grant such a motion where the movant shows a manifest error of law, newly discovered evidence, or an error not of reasoning but apprehension." (quotation marks omitted)). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). A party's disagreement with the Court's

decision and desire to have the Court "rethink its holding" are not grounds for reconsideration. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009).

Movant argues that the Court erred in determining that Movant lacks standing to prosecute the Disqualification Motion. Movant contends that he should have been permitted to intervene under Rule 24(b) of the Federal Rules of Civil Procedure to report alleged conflicts of interest to the Court and to petition for enforcement of provisions of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") and the Puerto Rico Recovery Accuracy in Disclosures Act because Movant has "Relator Standing" to do so. (See Mot. ¶¶ 2-3, 13.) Movant also contends that the Office of the United States Trustee (the "U.S. Trustee") and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") have each declined to seek relief from the Court concerning the allegations underlying the Motion (see Mot. ¶¶ 5-10, 21), the Court is the only venue for seeking the relief sought in the Motion (see Mot. ¶¶ 4, 10-11), and the Court has inherent authority to independently investigate the facts underlying the Disqualification Motions and to impose appropriate sanctions (see Mot. ¶¶ 14-19, 22-24).

Movant's arguments do not establish a basis for reconsideration. First, Rule 7024 of the Federal Rules of Bankruptcy Procedure—which incorporates Federal Rule of Civil Procedure 24 into adversary proceedings—does not apply to contested matters like the Disqualification Motion, so its absence from the O&B Order cannot be a basis for concluding that the Court erred. See Fed. R. Bankr. P. 9014(c) (enumerating the provisions of the Bankruptcy Rules that are applicable to contested matters); Term Loan Holder Comm. v. Ozer Grp., LLC (In re Caldor Corp.), 303 F.3d 161, 171–72 (2d Cir. 2002) ("Two bankruptcy rules deal with intervention, FRBP 7024 and 2018. FRBP 7024 governs intervention in an adversary

proceeding and directs simply that 'Rule 24 F.R. Civ. P. applies in adversary proceedings.' . . . . FRBP 2018 governs permissive intervention in a case.").

The O&B Order did, however, discuss permissive intervention in the context of Bankruptcy Rule 2018(a), determining that Movant had failed to demonstrate "cause" meriting intervention because he had not demonstrated that he had any interest in the Title III Cases,[3] much less an interest that was not adequately represented by parties in interest. (See O&B Order at 12 n.6.) In that respect, it is notable that the Motion appears to confirm that any interest that Movant has is adequately represented. (See Motion ¶ 20(f) (asserting that "bondholders, creditors, and other parties in interest having Ordinary Standing in these Title III proceedings will likely . . . file separate disqualification petitions if the Honorable Court doesn't timely reconsider the Denial Order")).

The O&B Order also carefully addressed and rejected Movant's asserted bases for standing, including his argument that he is a "relator" and that he has standing as an attorney who is reporting a conflict of interest to the relevant tribunal. (See O&B Order at 9-15.) Although courts have recognized that relators have Article III standing despite lacking personal injuries due to their status as "partial assignees of [the government's] claims against" defendants, United Seniors Ass'n, Inc. v. Philip Morris USA, 500 F.3d 19, 23-24 (1st Cir. 2007), Movant has cited no statute assigning any such right to him. To the contrary, PROMESA incorporates the standing requirements of section 1109(b) of the Bankruptcy Code. See 11 U.S.C. § 1109(b); 48 U.S.C. § 2161(a).

---

[3] Capitalized terms used but not defined herein have the meaning given to them in the O&B Order.

The Court has also already thoroughly addressed the First Circuit's decision in Kevlik v. Goldstein, 724 F.2d 844 (1st Cir. 1984), and the Motion does not isolate any error in the Court's analysis. (O&B Order at 12-15.) Instead, the Motion lists approximately fifty non-binding cases applying Kevlik (or similar principles) with little or no discussion of the significance of each such case. (See Mot. ¶ 13.) The Motion therefore falls far short of demonstrating that the Court's analysis of Kevlik was manifestly erroneous. Cf. Steyr Arms, Inc. v. SIG Sauer, No. 17-CV-483-JD, 2020 WL 1957926, at *3 (D.N.H. Apr. 23, 2020) ("To the extent SIG Sauer interpreted the cases differently, it should have explained the cases' relevance instead of providing merely a string cite.").

Second, Movant's arguments that the U.S. Trustee and the Oversight Board have declined to seek relief from the Court concerning his allegations are not a basis for determining that he has either satisfied the threshold requirements of standing or demonstrated any specific interest in the subject matter of the Disqualification Motion that would merit permissive intervention under Bankruptcy Rule 2018(a).

Third, Movant's assertion that the Court is the "singular forum" for addressing his allegations does not demonstrate that he has standing to be heard in this forum or that permissive intervention is warranted. Additionally, Movant again assumes, with no apparent basis, that the Court is the proper forum for addressing his allegations at all. As the Court explained in the O&B Order, Movant has failed to "establish[] any basis for his belief that the EDB's affairs and finances are subsumed in the Commonwealth's Title III Case" and there is no apparent basis to conclude that "the Loan Sale Transaction has any connection to the Title III Cases." (O&B Order at 14-15 (noting that the EDB and the Commonwealth are legally separate entities and that litigation concerning the Loan Sale Transaction is pending elsewhere).) To the extent that

Movant now seeks to expand the scope of the allegations underpinning the Disqualification Motion to include allegations concerning O&B's connections to additional entities beyond those allegedly involved in the Loan Sale Transaction (see Mot. ¶¶ 12, 27), such allegations are not a proper basis for reconsideration. See Vega v. Hernandez, 381 F. Supp. 2d 31, 35 (D.P.R. 2005) (noting that motions for reconsideration are not vehicles for the presentation of new theories).

Fourth, Movant's claim that the Court has authority to grant the relief requested in the Disqualification Motion sua sponte does not demonstrate that the O&B Order was erroneous. The O&B Order determined that constitutional, statutory, and prudential standing doctrines precluded Movant from prosecuting the Disqualification Motion. Thus, the Disqualification Motion was not a proper vehicle for seeking relief, regardless of whether the Court ultimately possesses authority to impose the relief sought by Movant.

Movant has failed to identify any basis for reconsideration of the Court's decision to deny the Disqualification Motion. The Motion is therefore denied. This Order resolves Docket Entry No. 22919 in Case No. 17-3283.

SO ORDERED.

Dated: November 30, 2022

                                                           /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                          United States District Judge