F29UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

## MEDIATION TEAM'S SECOND NOTICE AND REPORT

To the Honorable United States District Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE TAKE NOTICE that, on April 8, 2022, the Court entered an order (the "Appointment Order")[2] appointing a Mediation Team comprising the Honorable Shelley C. Chapman as lead mediator, the Honorable Robert D. Drain, and the Honorable Brendan L. Shannon (collectively, the "Mediation Team") to facilitate confidential negotiations among the Mediation Parties (and any other Mediation Party added in the Mediation Team's discretion) regarding the Mediation Topics (the "Mediation"). On the same date, the Court entered its Order Establishing the Terms and Conditions of Mediation (the "Terms and Conditions Order").

PLEASE TAKE FURTHER NOTICE that the termination date of the Mediation (the "Termination Date") has been extended by the Court multiple times. Pursuant to the Court's *Amendments to Order Establishing the Terms and Conditions of Mediation* (the "Amended Terms and Conditions Order"),[3] the Court established a revised Termination Date of December 31, 2022, and further stated that "the Mediation Team may extend the Termination Date based on its assessment of the material progress of the Mediation but in no event shall extend the Termination Date beyond January 31, 2023, at 11:59 p.m. (Atlantic Standard Time), without this Court's approval after notice of such proposed extension to parties in interest."[4] The Amended Terms and Conditions Order also authorized the Mediation Team "to make periodic written status reports in its discretion."[5] The Amended Terms and Conditions Order further provided that the Appointment Order and the Terms and Conditions Order (except as modified by the Amended Terms and Conditions Order) remain in full force and effect.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Appointment Order.
[3] Case No. 17-3283, Docket No. 22409; Case No. 17-4780, Docket No. 3011.
[4] Amended Terms and Conditions Order, ¶ 3.
[5] Amended Terms and Conditions Order, ¶ 5.

PLEASE TAKE FURTHER NOTICE that, on September 29, 2022, the Court entered the *Order (A) Granting in Part and Denying in Part Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Scheduled to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief and (B) Staying Certain Motions Filed by PREPA Bondholders* (the "Scheduling Order").[6] The Scheduling Order directed the Oversight Board "to file, by **December 1, 2022**, a proposed plan of adjustment that it believes could be confirmable, taking into account the litigation risk and economic issues that are in dispute. The plan may, but is not required to, include alternative provisions addressing proposed resolutions contingent on different outcomes of the disputed issues. It must be accompanied by a disclosure statement (and corresponding motion for approval thereof) and proposed confirmation schedule contemplating a June 2023 confirmation hearing."

## STATEMENT OF MEDIATION TEAM

1. The Mediation Team respectfully submits this Second Notice and Report as a status report in accordance with paragraph 5 of the Amended Terms and Conditions Order.

2. Despite reasonable requests by the Ad Hoc Group and the Monolines,[7] the Oversight Board is still in the process of providing basic data and analyses relevant to the ongoing plan negotiations. Without such information, the Mediation Team believes no further progress towards a consensual resolution can be achieved. Stated differently, good faith negotiations between the Oversight Board, the Ad Hoc Group, and the Monolines require transparency from both sides and continued engagement based on a reasonable set of underlying facts and assumptions, with each side willing to be persuaded that its analyses are not

---

[6] Case No. 17-3283, Docket No. 22410; Case No. 17-4780, Docket No. 3012.
[7] National, Syncora, and Assured shall collectively be referred to herein as the "Monolines."

necessarily dispositive. Accordingly, the Mediation Team requests that this Court extend the Scheduling Order's December 1, 2022 deadline for the Oversight Board to file a proposed plan of adjustment by one week, subject to the following conditions, to which the Oversight Board, the Ad Hoc Group, and the Monolines have agreed: (i) the Oversight Board shall promptly deliver to the Ad Hoc Group and the Monolines, on a rolling basis, all of the information on which the Oversight Board has relied in formulating its current position in the ongoing plan negotiations, with such delivery to be completed by the close of business on December 2, 2022; (ii) the Oversight Board's professionals shall make themselves available to the Ad Hoc Group's and the Monolines' professionals promptly to review such information and answer questions raised; (iii) the Oversight Board shall engage in good faith negotiations during the extension; and (iv) the omnibus hearing scheduled for December 14, 2022 shall be held as scheduled. Given the importance of the deadline that the Court set, the Mediation Team makes this request reluctantly, but believes that the alternative of filing a plan on December 1, 2022 in the present context would be significantly less conducive to a negotiated resolution of this case.

3. The Mediation Team will continue its efforts to achieve a global consensus and to do so before the end of the calendar year. The Mediation Team is of course available to answer any questions the Court may have.

Dated: December 1, 2022
/s/ Shelley C. Chapman
SHELLEY C. CHAPMAN
Willkie Farr & Gallagher LLP

/s/ Brendan L. Shannon
BRENDAN L. SHANNON
United States Bankruptcy Judge

/s/ Robert D. Drain
ROBERT D. DRAIN

4

United States Bankruptcy Judge