UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

   Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

PUERTO RICO PUBLIC FINANCE
CORPORATION,

   Applicant.

PROMESA
Title VI

Case No. 22-cv-1517 (LTS)

------------------------------------------------------------x

AMENDED AND RESTATED ORDER REGARDING PROCEDURES FOR **VIRTUAL** TITLE VI
APPROVAL HEARING FOR THE PUERTO RICO PUBLIC FINANCE
CORPORATION AND DECEMBER 14-15, 2022 OMNIBUS HEARING

Due to unforeseen circumstances, the *Order Regarding Procedures for Title VI*

*Approval Hearing for the Puerto Rico Public Finance Corporation and December 14-15, 2022*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Omnibus Hearing* (Docket Entry No. 22907 in Case No. 17-3283 and Docket Entry No. 27 in Case No. 22-cv-1517) is amended and restated to reflect that **the Court will conduct the hearings scheduled to begin at 9:30 a.m. (Atlantic Standard Time) on December 14, 2022 virtually using videoconferencing and telephonic platforms as set forth herein**.

The Court will conduct an omnibus hearing on certain motions in the above-captioned cases and related adversary proceedings (the "Omnibus Hearing") beginning at **9:30 a.m. (Atlantic Standard Time)** on **December 14, 2022**. Immediately upon the conclusion of the Omnibus Hearing, the Court will receive evidence and hear argument in connection with the request of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") for approval of the *Application of the Puerto Rico Public Finance Corporation, by and Through the Financial Oversight and Management Board for Puerto Rico, as Administrative Supervisor, for Approval of Qualifying Modification for PFC Pursuant to Section 601(m)(1)(D) of the Puerto Rico Oversight, Management, and Economic Stability Act* (Docket Entry No. 1 in Case No. 22-cv-1517) (the "Qualifying Modification Hearing" and, together with the Omnibus Hearing, the "Hearings"). The Hearings will be conducted **virtually** on **December 14, 2022**, from **9:30 a.m.** to **12:50 p.m. (Atlantic Standard Time)**, resume from **2:10 p.m.** to **5:00 p.m. (Atlantic Standard Time)**, and continue, if necessary, on **December 15, 2022**, beginning at **9:30 a.m. (Atlantic Standard Time)**. The Hearings shall be governed by the following procedures.

**Registration for Videoconference, and Listen-In Facilities for Attorneys, Members of the Public and Press**

1. **Videoconferencing via Zoom**. The Court will conduct the Hearing using the audio and video features of the Zoom platform as a virtual courtroom. An invitation to register will be sent by the Court to Hearing participants who have registered their appearance by

filing an Informative Motion in accordance with paragraph 3 below. Parties must respond to the invitation to register for Zoom access and will automatically receive the link and relevant login information to join the virtual proceeding. To optimize performance of the Zoom platform and in the interest of avoiding excessive billing of fees, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") shall each be limited to four attorneys appearing in the Zoom session at any given time, and each other Party (as defined in paragraph 3(a) below) will be limited to two attorneys appearing in the Zoom session at any given time. **Only persons who are identified in properly submitted Zoom registration documents, including a Party Appearance Sheet, will be permitted to appear at the Hearing**. Counsel who have already filed a pretrial informative motion, including a Party Appearance Sheet are **not** required to refile a new informative motion. Recording and retransmission of the proceedings by any means are prohibited. All proceedings will be conducted in the English language as required by law. 48 U.S.C. § 864. No interpretation services will be provided by the Court for the Hearing.

    2.  **Listen-Only Public Access to the Hearings**. Members of the public, press, and attorneys may **listen to but not participate in** the Hearings by dialing (888) 363-4749, and, when prompted, entering the access code (7214978) and security code (7533) for listen-only access. This telephonic access line for the press and the general public will be in listen-only mode at all times. Recording and retransmission of the proceedings by any means are prohibited.

**Party Informative Motion and Exhibit List Procedures**

    3. Counsel for any party in interest (each, a "Party") and any individual Party not represented by counsel that wishes to participate in the Hearings must file an informative motion

by **December 7, 2022**, at **5:00 p.m. (Atlantic Standard Time)**. The informative motion shall contain a completed Exhibit A, Exhibit B, and Exhibit C. Counsel who have not filed exhibits and/or do not intend to examine a witness may write "N/A" on the Exhibit B and Exhibit C cover sheets.

    a. <u>Party Appearance Sheet</u>. Counsel for any Party that has (a) timely filed an objection to or statement in support of the *Application of the Puerto Rico Public Finance Corporation, by and Through the Financial Oversight and Management Board for Puerto Rico, as Administrative Supervisor, for Approval of Qualifying Modification for PFC Pursuant to Section 601(m)(1)(D) of the Puerto Rico Oversight, Management, and Economic Stability Act* (Docket Entry No. 1 in Case No. 22-cv-1517), or (b) a motion or response in connection with a matter noticed for the omnibus hearing (each, a "Party") and wishes to participate at the Hearings must register an appearance by completing the Party Appearance Sheet. Counsel must identify: (i) the Party for which they intend to appear; (ii) whether they intend to appear for the Qualified Modification Hearing, the Omnibus Hearing, or both; and (iii) the name(s), email address(es) for those attorney(s) who wish to participate in the Hearings.

    b. <u>Witness Cover Sheet</u>. If the Party wishes to cross-examine any declarant, the Party shall complete the Witness Cover Sheet indicating: (a) the witness(es) to be examined; (b) the factual issue(s) to which the proposed cross-examination or testimony relates; (c) the subject matter of the testimony and its relevance to the factual issue(s); and (d) the time requested for such examination or testimony.

    c. <u>Parties not represented by counsel</u>. Any individual Party who wishes to participate in the Hearings must appear in person in the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico

00918-1767 (the "San Juan Courtroom") to participate. If the party wishes to appear virtually, he or she must file a Pretrial Informative Motion with the Party Appearance Sheet, Witness Cover Sheet, and Exhibit Cover Sheet as set forth in paragraph 3.

    d. <u>Exhibit List Procedures and Exhibit Cover Sheet</u>. Exhibit lists are due by **December 7, 2022**, at **12:00 p.m. (Atlantic Standard Time)**. Each Party must follow the below instructions for filing the Exhibit List.

    i. Each Party is directed to file an Exhibit List using the CM/ECF event "Motion Submitting."

    ii. Each Party must upload each exhibit as a separate attachment to the Exhibit List. Hyperlinks may not be used in lieu of uploading an exhibit.

    iii. The Exhibit List is intended to be a single filing (with multiple exhibits). If your Exhibit List and attachments exceed the upload capacity of CM/ECF,[2] you may divide your submission into multiple filings.

        A. **Large Exhibits**. If a single exhibit is too large to file, Parties shall divide the exhibit into separate attachments. In this scenario, the Party assigns each part of the exhibit **the same exhibit letter or number**, and types in the text field "Part 1 of [Total Number]." Parties **must** select the same exhibit letter or number to indicate to the Court that an uploaded exhibit is continued in the next attachment. For example, if "Party ABC" needs to divide Exhibit C into 3 attachments due to its size, "Party ABC" will upload and designate the exhibit as follows: Exhibit C: "Part 1 of 3," the next attachment as Exhibit C "Part 2 of 3," and the final attachment as Exhibit C "Part 3 of 3." The next attachment will then proceed to Exhibit D.

        B. **Multiple Filings**. If a group of exhibits reaches the 20MB capacity for a single CM/ECF filing, parties must continue to file their exhibits by starting a new filing. Parties will again select the "Motion Submitting" CM/ECF Activity when filing the next set of exhibits. The main document for a continued filing should be titled "Continued Exhibits of [Party Name]" and may include a list of the exhibits attached to that single filing.

---

[2] The maximum capacity of the U.S. Bankruptcy Court for the District of Puerto Rico CM/ECF System is 20 MB for a single filing.

    iv.    **Requests to Seal Certain Exhibits**. A Party who has included an exhibit on their Exhibit List that is subject to a sealing application **must file a placeholder for the exhibit, clearly marked as such**. The placeholder document can simply state "Exhibit Name, Exhibit Brief Description, Party [Name] will file a Motion to Seal regarding Exhibit [Letter]." The Party must still select the exhibit letter corresponding to the exhibit and type in the text field "SEALED Exhibit [Letter]."

        A.    When a Party files a motion to seal, the Party must select the CM/ECF designation "MOTION TO SEAL" or "URGENT MOTION TO SEAL." This is the only CM/ECF Designation that allows the Clerk's Office to unseal the document at a later date. Failure to select the appropriate designation will result in a deficient filing notification and/or termination of the motion.

The Exhibit Cover Sheet, Exhibit C to the Pretrial Informative Motion, must include all docket entry numbers for each exhibit that was previously filed in connection with the Exhibit List. Thus, a Party is only able to complete the Exhibit Cover Sheet **after** the Party has filed their Exhibit List.

    4.    **Remote Witness Testimony**. Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that for "good cause in compelling circumstances" a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause and compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the Hearings shall testify by contemporaneous transmission from a different location than the Court (the "Remote Witnesses").

    a.    The original proponent of a witness will be responsible for (a) arranging virtual participation at the Qualifying Modification Hearing, (b) providing a certified interpreter

221207 AMEND. PROCEDURES ORD re DEC OMNI PRPFC

if the witness requires translation services,[3] and (c) confirming witness attendance by emailing SwainDPRCorresp@nysd.uscourts.gov by **3:00 p.m. (Atlantic Standard Time)** the day before the witness is scheduled to testify with the following information: the (1) name of the witness, and (2) the name of the interpreter, if any.

   b. The Party intending to examine a witness must have identified the witness on the Party's witness list, due **December 7, 2022**, and included the declarant's name on the Witness Cover Sheet attached to the Party's Pretrial Informative Motion. Direct testimony will be by declaration previously provided pursuant to the procedures prescribed for that purpose, and cross-examination and redirect examination, if any, shall be as set forth herein.

   c. The Court will review all declarations that have been submitted in support of or opposition to the Qualifying Modification in advance of the Qualifying Modification Hearing. The deadline for all Parties to file witness declarations to be used at the Qualifying Modification Hearing is **December 4, 2022**. All such declarations are deemed submitted as direct testimony.

   d. All Remote Witnesses shall be sworn in over Zoom, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court in person in open court at the courthouse. The Party intending to examine a Remote Witness must have identified the Remote Witness on the Party's witness list, and included the person's name on the Witness Cover Sheet attached to the Party's Pretrial Informative Motion. Direct testimony will be by declaration previously provided pursuant to the procedures prescribed for that purpose, and cross-examination and redirect

---

[3] Information regarding interpreter services can be found on the website for the United States District Court for the District of Puerto Rico https://www.prd.uscourts.gov/interpreter-services.

examination, if any, shall be via Zoom as set forth herein.

    e. Unless directed otherwise, a Remote Witness can appear at counsel's office, or a Remote Witness can appear by a separate location. Counsel and a Remote Witness are not permitted to share the same computer device if a Remote Witness appears at counsel's office. Note that placing two devices in close proximity may result in feedback and/or audio malfunctions, so headsets must be used if both counsel and the Remote Witness are in the same room. If there is an error or malfunction with Zoom, the testimony will proceed by dial-in by using the telephone number provided in the Zoom dial-in invitation or another number to be provided by the Court if that dial-in number also does not function properly. The Party intending to examine the Remote Witness must make arrangements with the original proponent of the Remote Witness for availability of the Remote Witness and the original proponent will be responsible for (a) providing a certified interpreter if the Remote Witness will not testify in English,[4] and (b) emailing SwainDPRCorresp@nysd.uscourts.gov by **3:00 p.m. (Atlantic Standard Time)** the day before the Remote Witness is scheduled to testify with the following information: the (1) name of the Remote Witness, (2) the name of the interpreter, if any, (3) email address of the Remote Witness, (4) email address of the interpreter, if any, and (5) whether the Remote Witness will share a computer device with counsel.

    f. Additionally, the Party intending to examine the Remote Witness is responsible for supplying all previously-disclosed exhibits from all Parties to be used during the Remote Witness' testimony to the Remote Witness in hard copy, or where a hard copy is unfeasible, with an electronic version, by no later than the day before the Remote Witness is

---

[4]   Information regarding interpreter services can be found on the website for the United States District Court for the District of Puerto Rico https://www.prd.uscourts.gov/interpreter-services.

scheduled to testify. To the extent that counsel in good faith finds it necessary to use exhibits not previously disclosed, they must be provided to opposing counsel for objection by reliable means and to the witness and the Court by reliable means, which may be electronic, prior to tender of the exhibit. Any additional exhibits admitted under such circumstances must be filed on the ECF system (with a Supplemental Exhibit Cover Sheet) by **10:00 p.m. (Atlantic Standard Time) on the day the exhibit is used to examine the Remote Witness.** No person other than counsel for the Party offering or representing the Remote Witness may be present in the room from which the Remote Witness will testify, with the exception of any person providing technical assistance and/or interpretation to the Remote Witness. While the Remote Witness is testifying, the Remote Witness must not have in the room from which the Remote Witness will testify any documents except the Remote Witness' declaration submitted as direct testimony (with exhibits, if any) and all exhibits from all Parties that will have been provided as set forth herein. When called to testify, a Remote Witness must be situated in such a manner as to be able to view the video screen and be seen by the Court. Remote Witnesses testifying via Zoom shall utilize the Zoom link only during the time they are testifying and shall disconnect from the Zoom proceeding (using the "Leave Meeting" Zoom feature) upon the conclusion of the Remote Witness' testimony, unless the Court authorizes otherwise.

        g.      Parties must meet and confer in advance of the Qualifying Modification Hearing to use their best efforts to agree on the admissibility of the proposed exhibits into evidence. By no later than **December 8, 2022**, at **2:00 p.m. (Atlantic Standard Time)**, the Parties shall, through the Oversight Board's counsel, provide to **each** of the courthouses[5]: (a) a

---

[5] The binders shall be addressed to the following locations: (i) United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan,

list of exhibits whose admissibility into evidence for purposes of the Qualifying Modification Hearing is agreed; (b) a list of exhibits whose admissibility into evidence is not agreed; and (c) hard copies of all witness direct testimony declarations.

**Notice of Omnibus Hearing Agenda and Order of Appearances for Oral Argument and Witness Examination in connection with the Qualifying Modification Hearing**

5. In anticipation of the Hearings, the Debtors shall file an agenda outlining the matters to be addressed and the projected timetable for the Hearings by **December 12, 2022**, in accordance with the Sixteenth Amended Case Management Procedures and *Order Granting Motion for Entry of an Order Approving Procedures and Establishing Schedule for Approval of Qualifying Modification for the Puerto Rico Public Finance Corporation*. (See Docket Entry No. 20190-1 § III.M; see also Docket Entry No. 10 in Case No. 22-cv-1517.) Debtors' counsel shall file a revised agenda on **December 13, 2022**, if circumstances have changed or if requested to do so by the Court. Debtors' counsel shall email a proposed agenda, including preliminary time allocations, to the Court by **December 10, 2022**, at **12:00 p.m. (Atlantic Standard Time)**. The Parties intending to present argument and examine witnesses in connection with the Qualifying Modification Hearing shall meet and confer and jointly propose time allocations for argument in connection with the Qualifying Modification Hearing.

    a. <u>Omnibus Hearing Agenda</u>. The agenda shall include: (a) the names of the individuals who intend to appear and speak on behalf of each relevant Party in connection with each motion or report; (b) the order in which the parties to the relevant motion shall present argument; and (c) time allocations for each Party.

---

Puerto Rico 00918-1767, and (ii) the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.

    b.  <u>Status Reports</u>.  The Oversight Board and AAFAF shall file written status reports by **5:00 p.m. (Atlantic Standard Time)** on **December 13, 2022**.  The Oversight Board's report shall address: (a) the general status and activities of the Oversight Board, including measures taken in response to the COVID-19 pandemic; (b) the general status of relations among the Oversight Board and the Commonwealth and federal governments; (c) the general status of the ADR and ACR processes, including the anticipated number of matters to be directed into the ADR process and anticipated timetable for initiation of ADR procedures with respect to such matters; and (d) the anticipated timing and volume of objections to claims.  AAFAF shall provide a general status report on its status and activities, including an overview of the Commonwealth's ongoing response to the COVID-19 pandemic.  At the Omni Hearing, the Court will ask counsel to the Oversight Board and AAFAF to respond to questions and comments, if any, related to their respective status reports.

    c.  <u>Qualifying Modification Hearing Agenda</u>. The Agenda shall include the order of appearances for oral argument and witness examination including: (a) the Parties (including any persons appearing pro se) who intend to appear and present opening and closing statements; (b) time allocations for each speaker providing an opening and closing statement; (c) the names and anticipated order of the witnesses that will be cross-examined; (d) the names and anticipated order of the Parties who will cross-examine the witnesses; and (e) the name of any Party who anticipates conducting redirect examination of a witness.  The Court will allocate up to two hours for the Qualifying Modification Hearing.  Parties are not required to exhaust the entire 2 hours allotted.

   6. **Courtroom Procedures**. All persons granted remote access to the Hearings are reminded of the general prohibition against photographing, recording, and rebroadcasting of

court proceedings. Violation of this prohibition may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The formalities of a courtroom must be observed. When appearing by Zoom, each counsel or pro se party must be situated in such a manner as to be able to view the video screen and be seen by the Court. Each Party is strongly encouraged to utilize a headset to optimize audio quality and reduce background noise. Each Party's camera must be turned on when addressing the Court or examining a Remote Witness. No Party is permitted to join the Zoom proceeding by phone. Those appearing by Zoom may be removed from the virtual courtroom if they do not comply with this Order. During the Hearings, individuals who are registered to participate via Zoom are directed to observe the following rules:

  a. The following naming conventions must be used by Zoom participants for admission to the Zoom virtual courtroom.[6] For example:
      i. Attorney participants: [Party Represented (abbreviations may be used)] / [Last Name of Attorney, First Name of Attorney] / [Law Firm/Government Office].
          a. PARTY A / Doe, John / ABC Law Firm, or
          b. XYZ Agency/ Doe, Jane / Office of the ABC Government
      ii. Pro se participants: Pro se / [Last Name, First Name].
          a. For example: Pro se / Doe, Jane
      iii. Remote Witnesses: Witness / [Last Name, First Name].
          a. For example, Witness / Doe, John (PhD)
  b. Identify yourself if asked to do so.

---

[6] Parties must change their Zoom Screen Name **before** entering the waiting room.

  c. Identify yourself by name each time you speak.

  d. <u>Mute</u> yourself when you are not speaking to eliminate background noise.

  e. Turn off your video unless you are speaking or otherwise directly involved in the argument or examination, unless the Court directs otherwise.

 SO ORDERED.

Dated: December 7, 2022

                  /s/ Laura Taylor Swain
                  LAURA TAYLOR SWAIN
                  United States District Judge