**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA")<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**COBRA ACQUISITIONS LLC'S STATEMENT REGARDING THE ORDER (A) GRANTING IN PART AND DENYING IN PART URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER (I) ESTABLISHING SCHEDULE TO CONTINUE NEGOTIATIONS DURING LITIGATION OF GATING ISSUES PURSUANT TO LITIGATION SCHEDULE AND (II) GRANTING RELATED RELIEF AND (B) STAYING CERTAIN MOTIONS FILED BY PREPA BONDHOLDERS**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Cobra Acquisitions LLC ("Cobra"), by and through its counsel, respectfully submits this statement (the "Statement") in connection with the *Order (A) Granting in Part and Denying in Part Urgent Motion of Financial Oversight and Management Board for Order (I) Establishing Schedule to Continue Negotiations During Litigation of Gating Issues Pursuant to Litigation Schedule and (II) Granting Related Relief and (B) Staying Certain Motions Filed by PREPA Bondholders* [ECF No. 22410] (the "Scheduling Order"):

## STATEMENT

1. Cobra holds an administrative expense claim totaling no less than $368 million, including approximately $141 million of contractual interest that continues to accrue. Cobra's claim is based on postpetition invoices that the Puerto Rico Electric Power Authority ("PREPA") has failed to pay in respect of legitimate, necessary and life-saving work that Cobra performed in restoring Puerto Rico's power grid after Hurricanes Irma and Maria. These invoices have remained unpaid since March 2019, when Cobra successfully completed its contracted for services. The Court, at PREPA's request, stayed all litigation relating to Cobra's *Motion for Allowance and Payment of Administrative Expense Claims* [Case No. 17-BK-3283-LTS, ECF No. 8789] (the "Administrative Expense Motion"), which sought to collect on the unpaid invoices in this Title III case through the allowance and payment of an administrative expense claim. That stay has remained in effect since October 2019.[2]

2. The Scheduling Order directs the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") to file a "confirmable" proposed plan of adjustment by no

---

[2] The Court has continued the stay at six-month intervals. For a company of its size, the substantial unpaid invoices have significantly strained Cobra's (and its parent entity's) financial health and resources. Apart from the regular status updates requested by the Court, Cobra sought relief from the stay of the Administrative Expense Motion on March 25, 2020, April 6, 2021 and June 7, 2022 based on material changes in circumstances. *See* Case No. 17-3283, ECF Nos. 12531, 16328, 21145. The Court denied these motions on May 21, 2020, June 14, 2021 and June 29, 2022, respectively.

later than December 1, 2022, with a confirmation hearing to be scheduled for June 2023. Scheduling Order ¶ 4. To be confirmable, PROMESA mandates that, unless agreed otherwise, holders of allowed administrative expense claims must receive cash equal to the allowed amount of their claim on the effective date of a plan. 48 U.S.C. § 2174(b). In addition, a plan must be "feasible"—meaning, as one court has articulated: "Is it likely that the [debtor], after confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of [the debtor] and to meet the obligations contemplated in the Plan without the significant probability of a default?" *In re City of Detroit*, 524 B.R. 147, 222 (Bankr. E.D. Mich. 2014). Because administrative expense claims require payment in full in cash, a court cannot properly evaluate the feasibility of a plan without "some idea of the allowed amount" of a disputed claim. *See In re MacDonald*, 128 B.R. 161, 165 (Bankr. W.D. Tex. 1991); *see also In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (concluding that a bankruptcy court's feasibility finding was "clearly erroneous" because the plan failed to provide for the possibility that a creditor would recover a large judgment in a pending civil action); *In re Pioneer Health Servs.*, 2018 Bankr. LEXIS 3082, at *39 (Bankr. S. Miss. Oct. 2, 2018); *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003).

3. Cobra believes it holds the largest administrative expense against PREPA. As such, unless satisfied prior to confirmation or otherwise agreed, the feasibility of any plan of adjustment proposed by the Oversight Board may hinge on the amount of Cobra's allowed claim.[3] In other words, not only will the Oversight Board need to demonstrate that PREPA has the financial resources and liquidity to meet what likely will be substantial cash outlays and future debt service

---

[3] Cobra's contracts are with PREPA and payable only by PREPA. FEMA's ongoing review of PREPA's eligibility for public assistance does not change PREPA's contractual commitments to Cobra or whether Cobra's claims against PREPA are entitled to administrative expense priority.

3

under its plan of adjustment, but PREPA must set aside material cash reserves to cover both Cobra's claim and any other unliquidated, contingent or disputed claims. By the anticipated June 2023 confirmation hearing, Cobra's claims will total approximately $400 million. Nothing less than a reserve in the full amount of Cobra's asserted claims—*i.e.*, at least $400 million, plus appropriate arrangements for the accrual of additional interest on any amounts that remain unpaid—would suffice here.

4. While Cobra is not a formal party to the ongoing mediation, which concerns principally the disputes between PREPA and its prepetition bondholders, Cobra files this Statement to ensure that the Court and other interested parties are aware that Cobra remains unpaid, that Cobra's claims continue to accrue interest and that PREPA's substantial liabilities to Cobra may pose a critical gating issue as the Oversight Board begins to prosecute its plan. As is well documented through prior pleadings and at hearings before this Court, Cobra has—at its own expense—made every effort to assist PREPA in providing substantial documentation (far beyond contractual requirements) and in responding to inquiries from FEMA, all in an effort to resolve this long-running dispute. To that end, Cobra has had informal discussions with the mediators to ensure that the mediators are aware of Cobra's significant administrative expense claim. In addition, Cobra has attempted repeatedly to engage with the Oversight Board on a potential resolution, but the Oversight Board to date has refused to engage, instead opting, once again, for delay.[4] Nonetheless, Cobra remains willing and ready to engage in constructive dialogue to resolve the open disputes in a mutually beneficial manner.

---

[4] On December 1, 2022, the Oversight Board announced entry into a plan support agreement with the holders of certain fuel line loans. While it appears progress is being made with other constituencies, PREPA's exit from bankruptcy also will require the Oversight Board to resolve Cobra's sizeable administrative expense claim.

Dated: December 8, 2022

Respectfully submitted,

/s/ *Rafael Escalera Rodríguez*
Rafael Escalera Rodríguez (No. 122609)
/s/ *Sylvia M. Arizmendi*
Sylvia M. Arizmendi (No. 210714)
/s/ *Carlos R. Rivera-Ortiz*
Carlos R. Rivera-Ortiz (No. 303409)
REICHARD & ESCALERA, LLC
255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888
Email:  escalera@reichardescalera.com
 arizmendis@reichardescalera.com
 riverac@reichardescalera.com

Ira S. Dizengoff (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
Philip C. Dublin (*pro hac vice*)
Steven M. Baldini (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Tel: (212) 872-1000
Fax: (214) 872-1002
Email:  idizengoff@akingump.com
 aqureshi@akingump.com
 pdublin@akingump.com
 sbaldini@akingump.com

--and--

Thomas P. McLish (*pro hac vice*)
Scott M. Heimberg (*pro hac vice*)
Allison Thornton (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Tel: (202) 887-4000
Fax: (202) 887-4288
Email:  tmclish@akingump.com
 sheimberg@akingump.com
 athornton@akingump.com


*Attorneys for Cobra Acquisitions LLC*

5

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.

*/s/ Carlos R. Rivera-Ortiz*
USDC-PR 303409
