# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17-BK-3283 (LTS)<br>(Jointly Administered)<br>Re: 23026, 22847 |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*,[1] | |
| Debtors. | |

## SUPPLEMENTAL DECLARATION OF KATHERINE STADLER IN SUPPORT OF TENTH INTERIM AND CONSOLIDATED SEMIANNUAL APPLICATION OF THE FEE EXAMINER AND GODFREY & KAHN, S.C.

I, Katherine Stadler, hereby declare under penalty of perjury:

1. I am a shareholder with Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), a law firm with its principal offices at 833 East Michigan Street in Milwaukee, Wisconsin, and One East Main Street in Madison, Wisconsin, and other offices in Wisconsin and in Washington, D.C. I am authorized to make this Declaration on behalf of myself, the Fee

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Examiner Brady C. Williamson, and Godfrey & Kahn in compliance with the *Order Concerning Tenth Interim and Consolidated Semiannual Application of the Fee Examiner and Godfrey& Kahn, S.C.* [Dkt. No. 23026 in Case No. 17-3286] (the "**Order to Supplement**"), entered on December 8, 2022.

2. This Declaration supplements the *Tenth Interim and Consolidated Semiannual Application of the Fee Examiner and Godfrey & Kahn, S.C., Counsel to the Fee Examiner, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from April 1, 2022 Through September 30, 2022* [Dkt. No. 22847 in Case No. 17-3283] (the "**Tenth Semiannual Fee Application**") based on my personal knowledge. If called to testify, I could and would testify competently to the written statements made in this Declaration.

3. On November 11, 2022, through Puerto Rico co-counsel, I filed the Tenth Semiannual Fee Application, requesting $893,779.30 in fees and $103.90 in expenses incurred for the period April 1, 2022 through September 30, 2022, and $116,526.30 in previously withheld taxes. This Declaration outlines the basis of the request for the tax refund portion of the Tenth Semiannual Fee Application.

4. Godfrey & Kahn and the Fee Examiner have filed, and the Court has approved, nine previous semiannual fee applications as set forth below:

|  | Application Docket Number (Case No 17-3283) | Order Date | Order Docket Number (Case No. 17-3283) |
|---|---|---|---|
| "First Semiannual Fee Application" (October 6, 2017-March 31, 2018) | 3425 | July 11, 2018 | 3480 |
| "Second Semiannual Fee Application" (April 1, 2018-September 30, 2018) | 4203 | December 6, 2018 | 4425 |
|  |  |  |  |

2

|  | Application Docket Number (Case No 17-3283) | Order Date | Order Docket Number (Case No. 17-3283) |
|---|---|---|---|
| **"Third Semiannual Fee Application"** (October 1, 2018-March 31, 2019) | 7813 | July 26, 2019 | 8285 |
| **"Fourth Semiannual Fee Application"** (April 1, 2019-September 30, 2019) | 9262 | December 17, 2019 | 9601 |
| **"Fifth Semiannual Fee Application"** (October, 1 2019-March 31, 2020) | 13099 | June 2, 2020 | 13352 |
| **"Sixth Semiannual Fee Application"** (April 1, 2020-September 30, 2020) | 15102 | December 8, 2020 | 15378 |
| **"Seventh Semiannual Fee Application"** (October 1, 2020-March 31, 2021) | 18117 | October 6, 2021 | 18411 |
| **"Eighth Semiannual Fee Application"** (April 1, 2021-September 30, 2021) | 19004 | December 14, 2021 | 19512 |
| **"Ninth Semiannual Fee Application"** (October 1, 2021-March 31, 2022) | 21592 | August 22, 2022 | 21889 |
| **"Tenth Semiannual Fee Application"** (April 1, 2022-September 30, 2022) | 22847 |  |  |

5. Presumably in reliance on "**Determination 13-14**",[2] the Puerto Rico Department of Treasury ("**Hacienda**"), withheld portions of Godfrey & Kahn's Court-ordered fee payments for the First through Sixth Semiannual Fee Applications, as set forth in Exhibit J to the Tenth Semiannual Fee Application and in the attached **Exhibit A**.

6. Godfrey & Kahn tax professionals have advised me that, pursuant to §1062.03(b)(8) of the Puerto Rico Internal Revenue Code, Godfrey & Kahn has no tax

---

[2] Determinación Administrativa Núm. 13-14,Aclaración al alcance de la imposición de la aportación especial bajo la ley Núm.48-2013 (Aug.28, 2013), available in Spanish at http://www.hacienda.pr.gov/sites/default/files/publicaciones/2014/05/13-14.pdf ("Determination 13-14"). An unofficial English translation of Determination 13-14 is attached as **Exhibit B**. *See also Order Granting the Motion of the Official Committee of Retired Employees and its Professionals Requesting Leave to Cite a Spanish-Language Administrative Determination and for Extension of Time to File a Certified Translation* [Dkt. No. 18121 in Case No. 17-3283]. No official Spanish language translation of Determination 13-14 appears in the record, presumably because the Official Committee of Retirees withdrew the underlying motion.

3

liability to the Commonwealth of Puerto Rico for services provided in the Commonwealth of Puerto Rico within the first three years following the beginning of Godfrey & Kahn's provision of services within Puerto Rico. Through counsel for AAFAF, I informed Hacienda that this tax code provision exempted Godfrey & Kahn from any tax liability to the Commonwealth, but the withholdings occurred, nonetheless.

7. Godfrey & Kahn has provided no services within the Commonwealth of Puerto Rico since at least March, 2020—less than three years after Godfrey & Kahn began providing services within Puerto Rico around October, 2017.

8. On September 14, 2021, the Official Committee of Retired Employees ("**OCR**") filed the *Motion of the Official Committee of Retired Employees and its Professionals to Compel the Puerto Rico Department of Treasury to Comply with the First and Second Amended Orders Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 18114 in Case No. 17-3283] (the "**OCR Motion to Compel**"), asking this Court to compel Hacienda to refund what the OCR alleged were improper withholdings from Court-approved fee payments.

9. On September 21, 2021, the Official Committee of Unsecured Creditors filed the *Official Committee of Unsecured Creditors' Joinder to Official Committee of Retired Employees and its Professionals' Motion to Compel Puerto Rico Department of Treasury to Comply with the First and Second Amended Orders Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 18190 in Case No. 17-3283].

10. On September 30, 2021, the OCR withdrew the OCR Motion to Compel [Dkt. No. 18338 in Case No. 17-3283]. Subsequently, Hacienda discontinued

4

withholding taxes from Godfrey & Kahn's Court-approved interim fee awards and has never resumed withholding. No one communicated to me or to Godfrey & Kahn the reason that the tax withholding ceased.

11. Determination 13-14, on its face, required Hacienda to withhold 29 percent of any non-Puerto Rico PROMESA Title III professional's fees incurred in Puerto Rico and 1.5 percent of all non-Puerto Rico PROMESA Title III professionals' fees incurred outside Puerto Rico.

12. Godfrey & Kahn did not receive an accounting from Hacienda (or any other party) illustrating the reason for or calculation of the amounts withheld. Therefore, to the best of my ability, I applied the statutory percentages to the Court-approved fee awards to estimate the amount of tax withholding stated in footnotes to the Second through Ninth Semiannual Fee Applications.[3]

13. Before including the request for payment of withheld taxes in the Tenth Semiannual Fee Application, I requested the preparation of Exhibit A, hereto (identical in substance to Exhibit J to the Tenth Semiannual Fee Application) to determine the actual amount of taxes withheld. This amount differed from the amounts calculated using the statutory percentages and included in the footnotes to prior Semiannual Fee Applications. I am unaware of the reason for the discrepancy.

---

[3] *See* Second Semiannual Fee Application at p. 2, fn. 4; Third Semiannual Fee Application at p. 2, fn. 2; Fourth Semiannual Fee Application at p. 3, fn. 3; Fifth Semiannual Fee Application at p.2, fn. 2; Sixth Semiannual Fee Application at p. 3, fn. 2; Seventh Semiannual Fee Application at p. 3, fn. 2; Eighth Semiannual Fee Application at p. 3, fn. 1; Ninth Semiannual Fee Application at p. 3, fn. 1. Footnotes also highlighted the applicability of the three-year grandfathering clause in P.R. I.R.C. §1062.03(b)(8).

14. Based on a review of accounting records created and maintained in the ordinary course of Godfrey & Kahn's regularly conducted business activity, at or near the time of the fee payments, and transmitted to me by a person with knowledge of the accounting records, the amounts set forth on Exhibit A to this Declaration represent funds Hacienda has withheld from Court-ordered fee payments to Godfrey & Kahn, whether explained by tax withholding or any other reason.

15. I am unaware of any unpaid tax liability to the Commonwealth of Puerto Rico.

Dated this 8th day of December 2022.

GODFREY & KAHN, S.C.

_s/ Katherine Stadler_
Katherine Stadler
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Counsel to the Fee Examiner*

Dated: December 8, 2022.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing declaration with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

        EDGE LEGAL, LLC

        */s/ Eyck O. Lugo*
        Eyck O. Lugo

        252 Ponce de León Avenue
        Citibank Tower, 12th Floor
        San Juan, Puerto Rico 00918
        Telephone: (787) 522-2000
        Facsimile: (787) 522-2010

        *Puerto Rico Counsel for Fee Examiner*

        GODFREY & KAHN, S.C.

        */s/ Katherine Stadler*
        Katherine Stadler, *Admitted Pro Hac Vice*

        One East Main Street, Suite 500
        P.O. Box 2719
        Madison, Wisconsin 53701-2719
        Telephone: (608) 257-3911
        Facsimile: (608) 257-0609
        E-mail: bwilliam@gklaw.com
                kstadler@gklaw.com

        *Attorneys for the Fee Examiner*

# EXHIBIT A

**Exhibit A to the Supplemental Declaration of Katherine Stadler**
**In Support of Tenth Interim and Consolidated Semiannual Application**
**of the Fee Examiner and Godfrey Kahn, S.C**

| G&K Interim Application (Six Month Periods) | Fees and Expenses Approved by Court | Fees and Expenses Paid to G&K | Total Tax Withholding |
|---|---:|---:|---:|
| First | $793,011.95 | $769,797.41 | $23,214.54 |
| Second | $1,008,082.11 | $991,067.17 | $17,014.94 |
| Third | $1,070,405.81 | $1,049,485.55 | $20,920.26 |
| Fourth | $1,208,659.76 | $1,183,283.48 | $25,376.28 |
| Fifth | $1,207,714.27 | $1,189,421.05 | $18,293.22 |
| Sixth | $781,546.12 | $769,839.06 | $11,707.06 |
| | **Total Tax Refund Due** | | **$116,526.30** |

# EXHIBIT B

Matter

Clarification of the scope of the taxation of the special contribution under Act No. 48-2013

Attention

Taxpayers who have a contract with the Commonwealth of Puerto Rico to provide professional, advisory, advertising, public relations, communications, legal, training or orientation, and lobbying services

Administrative Determination DA 13-14 08/28/2013 Internal Revenue

I. Statement of Reasons

Article 1 of Act No. 48-2013, ("Act 48-2013") imposes a special contribution equivalent to one point five percent (1.5%) of the total amount of all professional, advisory, advertising services contracts, public relations, communications, training or orientation, and lobbying, granted by an agency, dependency or instrumentality of the Commonwealth of Puerto Rico ("ELA"), public corporation, as well as the Legislative Assembly and the Judicial Branch ("Special Contribution" ).

The Special Contribution must be withheld by the Department of the Treasury ("Department") or by the corresponding government entity at the time of making the payment for the services provided under the contract. On August 9, 2013, the Department issued the Accounting Circular Letter Central No. 1300-03-14 ("CC 1300-03-14") to establish the procedure for collecting the Special Contribution from professional service providers Subsequently, on August 16, 2013, the Department issued the Circular Letter of Central Accounting Num. [sic] with the purpose of amending CC 130043344 to inform that the media advertisements, reimbursed expenses and costs of equipment or materials that invoice the governmental entity as part of a contract, should be excluded from the Special Contribution.

On August 20, 2013, the Department issued Administrative Determination No. 13-12 ("DA 13-12") in order to clarify which services are subject to the Special Contribution. However, the Department has received additional consultations related to the application of Law 48-2013. Therefore, this Administrative Determination is issued to repeal DA 13-12 and to clarify the scope of the imposition of the Special Contribution under Law 48-2013.

II. Discussion

The contracts subject to the Special Contribution under Act 48-2013 are those contracts to provide professional services, as defined in Act 237-2004. According to said law, the term "professional and advisory services" includes those services whose main provision consists of the product of intellectual, creative or artistic work, or the management of highly technical or specialized skills. Any contract that is classified as a professional or consultive Services Contract under Act 237-2004, is subject to the Special Contribution provided in Article 1 of Act 423-2013.

In addition, as provided in Act 453-2013, services provided under public relations, communications, legal and lobbying contracts will be subject to the Special Contribution, regardless of whether these services are considered professional or advisory services under Act 237-2004. Within the categories of services mentioned here, there are services considered as Services product of intellectual, creative or artistic work, but in other cases, routine services that do not involve intellectual or creative work and for that reason should not be subject to the Special Contribution.

It should be noted that Act 48-2013 establishes that the Special Contribution applies to any contract for professional, advisory, advertising, training or orientation services, including the services described in the previous paragraph, (hereinafter "Professional and Consultative Services") that is granted by a government entity of the Commonwealth. Said law does not specify that the Special Contribution is applicable only to services provided in Puerto Rico. Therefore, any contract for Professional and Consultative Services that is subscribed by a government agency of any of the branches of government, is subject to the Special Contribution, regardless of whether the services are provided outside of Puerto Rico or by a supplier that is not engaged in an industry or business in Puerto Rico.

III. Determination

A. Repeal of DA 13-12

The DA is repealed, effective as of the date of issuance of this determination.

B. Services subject to the Special Contribution

This Department determines that the following services are considered professional and advisory services subject to the Special Contribution provided in Act 48-2013

Services provided by licensed professionals, such as, lawyers, doctors, nurses, pharmacists, accountants, engineers, agricultural surveyors, architects, agronomists, real estate brokers or sellers, draftsmen, real estate appraisers or evaluators, geologists, among others;

Specialized or technical services such as computer consultants, computer programmers, financial analysts, economists, electricians, plumbers, mechanics, installers, among others;

Personnel services such as evaluation, selection and promotion of temporary personnel, whether at an administrative, managerial or professional level and coordination of human resources;

Lobbying services;

Consulting services of all kinds;

Management services;

Insurance services and commissions (excluding the payment of insurance premiums)

Legal services;

Cleaning services that require specialized personnel

Training, education and orientation services for personnel;

Advisory services of all kinds, whether provided by an individual or by a legal entity, through its employees;

Waste collection and disposal services that require specialized personnel for their removal, such as biomedical, industrial, toxic waste or asbestos removal, among others.

Public relations related services; Y

Communications services (except for the cost of publicity advertisement).

In the case of Communications services, there are several types of Services. Among these is the Creative service of the writing and design of the art of the advertisement[,] or advertising strategy. In addition, a communications contract may contain ad publicity and expense reimbursement services, as well as telecommunications services (as defined in Section 4010.01 (kk) of Act 1-2011, as amended). Expenses related to media advertising, expense reimbursements and telecommunications services are not considered professional services and, therefore, should not be subject to the Special Contribution of Act 48-2013.

The Special Contribution applies to the contracts for services described herein regardless of whether said services have been provided outside of Puerto Rico or if the service supplier is a foreigner not engaged in an industry or business in Puerto Rico. In addition, the Special Contribution applies regardless of the funds or account number from which the payment to the supplier comes.

As an example, the "MVX" law firm with offices in Washington DC is contracted by the Government Agency for Consulting services related to the application of certain federal laws. The services provided by the "MVX" law firm are provided from the Washington offices and through emails and telephone

calls. The Government Agency must retain 1.5% to "MVX" when it sends the payment for the services rendered. The amount withheld must be remitted to the Department of the Treasury in accordance with the provisions of CC 1300-03-14.

C. Services not subject to the Special Contribution

The Department determines that the following services, among others, are not considered professional and advisory services and, therefore, are not subject to the Special Contribution provided in Act 48-2013:

Collection and waste services (except disposal of biomedical, industrial or toxic waste or that require specialized personnel);

Leases;

Security services;

Office cleaning services (["]Janitorial Services ");

Storage services;

Courier services or document delivery, including management services;

Life, health, property and contingency insurance contract premiums

Financial services provided by financial institutions (as defined in Section 1033.17 (f) (4) of the Code)

Construction contracts (except that the design and advice phase are considered professional services subject to the Special Contribution); and

Account collection services ("collection services");

Telecommunications services (as said term is defined in Section 4010.01 (kk) of Act 1-2011, as amended)

Services provided by non-for-profit organizations

This Department also determines that the following items will not be considered part of the "total amount of the contract" on which the withholding of the Special Contribution is imposed:

any amount representing reimbursement of expenses;

any amount representing the cost of the ad in the case of a contract to provide professional advertising services; or

any amount that represents the price of any machinery, equipment, accessory or material that is provided as part of the professional service that was rendered,

However, in order to exclude these items from the "total amount of the contract" they must be duly identified in the invoice submitted by the service provider. Otherwise, the corresponding item will be subject to withholding the Special Contribution.

As an example, the advertising agency "XYZ" signs an advertising services contract with a Government Agency. Said contract includes the design of the website, the preparation of the advertising and publicity campaign and the placement of the advertisements on radio, press and television. Of the total amount of the contract, the amounts identified as the cost of the advertising on radio, press and television do not constitute professional services subject to the Special Contribution. Therefore, the total amount of the contract must be reduced by the portion attributable to the advertising, and the remainder of the contract would be subject to the withholding of one point five percent (1.5%) of the Special Contribution. On the other hand, if the agency schedules the advertisements directly with the press, radio or television, said advertisement contract does not constitute a contract for professional and advisory services and, therefore, is not subject to the withholding at source of the Special Contribution. by the agency.

IV. Validity

This Administrative Determination is effective immediately.

For additional information about this Administrative Determination, you can Contact the General Consultations Section at (787)722-0216 option 8.

Cordially,

Melba Acosta Febo