# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 22921, 22926**<br><br>(Jointly Administered) |

## URGENT CONSENSUAL OMNIBUS
## MOTION FOR EXTENSION OF DEADLINES

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this urgent consensual omnibus motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the deadlines set forth in the *Order Granting Urgent Consensual Omnibus Motion for Extension of Deadlines* (the "Omnibus Scheduling Order")[2] [ECF No. 22926].

## Background

1. On September 24, 2021, two (2) separate groups of employees (collectively, the "DTOP Movants") of the Puerto Rico Department of Transportation & Public Works ("DTOP," for its initials in Spanish), an entity of the Commonwealth, filed an *Urgent Motion Requesting Order for Allowance and Immediate Payment of Administrative Expense* [ECF No. 18239] (the "DTOP Motion"), requesting that the Court enter an order (i) for "the allowance and payment of Juan Perez Colon and Jeannette Abrams Diaz Claims, in the total amount (collectively of $48,124,313.58", (ii) "ordering Debtor to pay such administrative expense within sixty (60) business days" of such order, (iii) directing the Court to direct the DTOP to continue "issuing payment of corresponding shortfall amounts on a monthly basis, as applicable to the individual claimants that continue working for the DTOP"; and (iv) granting "such additional relief as this Court deems just and necessary". See, *DTOP Motion* at p. 18-19.

2. On September 28, 2021, twenty (20) active employees (the "ADFAN Movants" and together with the DTOP Movants, the "Movants") of the Family with Children Administration ("ADFAN"), an entity of the Commonwealth, filed an *Urgent Motion for Allowance and Immediate Payment of Administrative Expense Pursuant to Section 503(b)(1)(A)(i) and (ii) of the Bankruptcy Code* [ECF No. 18277] (the "ADFAN Motion" and together with the DTOP Motion, the "Motions"), requesting that the Court enter an order (i) for the "allowance and payment of the Administrative Claim submitted, collectively, in the total amount of $34,243,964.57", (ii)

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Urgent Motion on behalf of the Commonwealth.

"ordering Debtor . . . to pay such administrative expense within sixty (60) business days" of such order, and (iii) granting "such other and further relief as the Court deems just and proper and granting such additional relief as this Court deems just and necessary." See, *ADFAN Motion* at pp. 17. Both Motions assert separate justifications and amounts owed for, on the one hand, alleged services provided prior to the commencement of the Commonwealth's Title III case (collectively, the "Pre-Petition Portion(s)"), and, on the other hand, for alleged services provided or other entitlement to payment on or after the commencement of the Commonwealth's Title III case (collectively, the "Post-Petition Portion(s)"). See, *DTOP Motion* at pp. 6-7, ¶. 19 A., B.; see also, *ADFAN Motion* at p. 6, ¶ 18.

3. Pursuant to the Omnibus Scheduling Order, the deadline for the Commonwealth to separately respond to the Post-Petition Portions of each of the Motions is December 12, 2022, and the deadline for the Movants to file replies, if any, to such responses is December 19, 2022.

**Relief Requested**

4. The Commonwealth continues to make progress in gathering the necessary information to properly evaluate the allegations in the Motions, which process is still ongoing, among other things, because the exchange of information between the Commonwealth and the Movants has continued. During these exchanges, the parties have shared divergent positions as to the appropriateness of the relief requested in the Motions, but, upon the continued exchange of information and documentation, at this juncture, deem that a consensual settlement of the matters set forth therein is possible, and are devoted to pursuing such goal.

5. In fact, the Commonwealth and the Movants remain in communications discussing several settlement alternatives that could result in an expeditious, amicable resolution of the matters set forth in the Motions.

6. Thus, although these reconciliation processes and exchanges are ongoing and significant progress has been made, the same have not been finalized as the Commonwealth continues to review pertinent documents and information received as a result of the Movants' divergent positions. Therefore, to continue this process, the Commonwealth reached out to Movants for their consent to extend the deadlines, who have consented to the relief requested herein.

7. Accordingly, the Commonwealth proposes the following extensions of the deadlines set forth in the Omnibus Scheduling Order to continue further discussions with Movants:

- The deadline for the Commonwealth to separately respond to the Post-Petition Portions of the Motions shall be extended to **December 30, 2022**.

- The deadline for Movants to file replies to the respective oppositions to the Post-Petition Portions of the Motions, if any, shall be extended **January 9, 2023**.

- Although the deadlines to respond to the Post-Petition Portions of the Motions and to file replies to the respective oppositions, if any, will fall on the same dates, such pleadings will be addressed separately.

- The Court will thereafter take the Post-Petition Portions of the Motions on submission, unless the Court determines that a hearing is necessary.

8. Pursuant to Paragraph I.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"), the Commonwealth hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-

faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested herein.

### Notice

9. The Commonwealth has provided notice of this Urgent Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in these Title III cases; and (i) Movants. A copy of the Urgent Motion is also available on the Commonwealth's case website at https://cases.primeclerk.com/puertorico/.

10. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Commonwealth requests the Court enter the Proposed Order and grant such other relief as is just and proper.

[*Remainder of page intentionally left blank*]

Dated: December 12, 2022
San Juan, Puerto Rico


Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494
*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*

**Exhibit A**
**Proposed Order**