# EXHIBIT A

**Revised Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

### [PROPOSED] ORDER GRANTING MOTION OF BONISTAS DEL PATIO FOR THE PAYMENT OF CERTAIN PROFESSIONAL FEES AND EXPENSES BY THE COMMONWEALTH

Upon the motion (the "Motion")[2] of Bonistas del Patio, Inc. ("Bonistas del Patio") for payment of certain fees and expenses by the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 15.2 of the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Faxing Financing Corporation* (the "COFINA Plan") and as administrative expenses in the Title III case of the Commonwealth pursuant to 11 U.S.C. § 503(b), made applicable in these Title III cases pursuant to section 301(a) of PROMESA, all as more fully described in the Motion and the Declaration of Marc J. Tobak attached thereto; and this Court having found that it has jurisdiction over this matter pursuant to PROMESA section 306(a), that

---

[1] The debtors in these Title III cases, along with each debtor's respective Title III case number and the last four digits of each debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined in this Order have the meanings given thereto in the Motion.

venue is proper in this Court pursuant to PROMESA section 307(a), that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and that notice of the Motion is adequate and no other or further notice need be given; and this Court having reviewed the *Fee Examiner's Statement Regarding Bonistas del Patio Motion for Section 503(b) and Plan-Based Payments* [Dkt. No. 22933]; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:[3]

1. The Motion is GRANTED as set forth herein.

2. The Bonistas Expenses are payable by the Commonwealth under Section 15.2 of the COFINA Plan.

3. The Bonistas Expenses are allowed as administrative expenses in the Commonwealth Title III case under section 503(b) of the Bankruptcy Code, made applicable in these Title III cases pursuant to section 301(a) of PROMESA, in the following amounts: (a) professional fees incurred by Davis Polk & Wardwell LLP ("Davis Polk") in the amount of $2,000,000 (the "Davis Polk Fees") and (b) professional fees incurred by Ducera Partners LLC in the amount of $5,000,000 (the "Ducera Fees").

4. The Commonwealth is authorized and directed to pay the Ducera Fees and the Davis Polk Fees in the amounts specified above to the respective Professionals on or before December 23, 2022.

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014 and PROMESA section 310. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

5. Notwithstanding any applicability of any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. To the extent required, the Commonwealth, AAFAF and the Oversight Board, as the Commonwealth's representative in the Title III case, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion and without further order of this Court.

7. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
       San Juan, Puerto Rico

                                                HONORABLE LAURA TAYLOR SWAIN
                                                UNITED STATES DISTRICT COURT JUDGE

# **EXHIBIT B**

**Comparison to Proposed Order Filed on October 11, 2022**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING MOTION OF BONISTAS DEL PATIO FOR THE PAYMENT OF CERTAIN PROFESSIONAL FEES AND EXPENSES BY THE COMMONWEALTH**

Upon the motion (the "Motion")[2] of Bonistas del Patio, Inc. ("Bonistas del Patio") for payment of certain fees and expenses by the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 15.2 of the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Faxing Financing Corporation* (the "COFINA Plan") and as administrative expenses in the Title III case of the Commonwealth pursuant to 11 U.S.C. § 503(b), made applicable in these Title III cases pursuant to section 301(a) of PROMESA, all as more fully described in the Motion and the Declaration of Marc J. Tobak attached thereto; and this Court having found that it has jurisdiction over this matter pursuant to PROMESA section 306(a), that

---

[1] The debtors in these Title III cases, along with each debtor's respective Title III case number and the last four digits of each debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined in this Order have the meanings given thereto in the Motion.

venue is proper in this Court pursuant to PROMESA section 307(a), that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and that notice of the Motion is adequate and no other or further notice need be given; and this Court having reviewed the *Fee Examiner's Statement Regarding Bonistas del Patio Motion for Section 503(b) and Plan-Based Payments* [Dkt. No. 22933]; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:[3]

1. The Motion is GRANTED as set forth herein.

2. The Bonistas Expenses are payable by the Commonwealth under Section 15.2 of the COFINA Plan.

3. The Bonistas Expenses are allowed as administrative expenses in the Commonwealth Title III case under section 503(b) of the Bankruptcy Code, made applicable in these Title III cases pursuant to section 301(a) of PROMESA, in the following amounts: (a) professional fees incurred by Davis Polk & Wardwell LLP ("Davis Polk") in the amount of $2,000,000 (the "Davis Polk Fees") and (b) professional fees incurred by Ducera Partners LLC in the amount of $5,000,000 (the "Ducera Fees").

4. The Commonwealth is authorized and directed to pay ~~100% of~~ the Ducera Fees and ~~80% of the Davis Polk Fees~~ to the respective Professionals ~~promptly upon entry of this order, and~~

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014 and PROMESA section 310. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

~~the remaining 20% of~~ the Davis Polk Fees in ~~accordance with Paragraph 5 of this order~~the amounts specified above to the respective Professionals on or before December 23, 2022.

~~5. Davis Polk shall submit a fee statement to the Fee Examiner appointed in these Title III cases setting forth the amount of fees and expenses incurred in connection with its representation of Bonistas del Patio, which shall include reasonably detailed time records (but which shall not be required to conform to the requirements applicable to professionals seeking payment pursuant to PROMESA sections 316 and 317, including under the guidelines set by the Fee Examiner or the U.S. Trustee). The Fee Examiner shall review such statement only for reasonableness of the Davis Polk Fees, and shall issue a confidential letter to Davis Polk explaining any proposed reductions by the Fee Examiner. For the avoidance of doubt, Davis Polk may submit fee statements that include time records that exceed $2,000,000, provided that the amount payable pursuant to this Order shall be capped at $2,000,000. If the aggregate amount of all reductions (if any) proposed by the Fee Examiner would result in the unopposed Davis Polk Fees being at least $2,000,000, or if any consensual reduction in the Davis Polk Fees is agreed with Davis Polk, the Fee Examiner shall provide notice thereof to counsel to the Oversight Board and counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority, and the Commonwealth shall promptly pay the remaining 20% of the Davis Polk Fees or any reduced portion thereof agreed to by Davis Polk and the Fee Examiner. If there is no resolution as to a reduction proposed by the Fee Examiner, the Fee Examiner shall file a report with the Court at least seven days prior to the then-next fee hearing in these Title III cases, which report shall disclose the issue and amount in dispute, and the Commonwealth shall pay any disputed portion of the unpaid Davis Polk Fees only if the reduction proposed by the Fee Examiner is ultimately rejected by this Court at such hearing. The 80% portion of the Davis Polk Fees paid upon entry of this order shall be subject to disgorgement by~~

~~order of this Court to the extent a proposed reduction submitted to the Court by the Fee Examiner is ultimately approved by this Court at such hearing in an amount greater than the 20% of Davis Polk Fees disallowed pursuant to such order.~~

5. ~~6.~~ Notwithstanding any applicability of any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. ~~7.~~ To the extent required, the Commonwealth, AAFAF and the Oversight Board, as the Commonwealth's representative in the Title III case, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion and without further order of this Court.

7. ~~8.~~ The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
      San Juan, Puerto Rico

                                            _____
                                            HONORABLE LAURA TAYLOR SWAIN
                                            UNITED STATES DISTRICT COURT JUDGE

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 12/12/2022 4:01:17 PM ||
|---|---|
| **Style name:** Comments+Color Legislative Moves+Images ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** 2022.10.XX Fees Motion - Proposed Order.DOCX ||
| **Modified filename:** 96325255_1.docx ||
| **Changes:** ||
| Add | 6 |
| Delete | 9 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 17 |