IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors. [1] | PROMESA<br><br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYMENT RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br><br>Debtor. | PROMESA<br><br>Title III<br><br>No. 17 BK 03566-LTS |

**MOTION FOR RECONSIDERATION UNDER BANKRUPTCY RULE 9023**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

**TO THE HONORABLE COURT:**

Individual Plaintiffs, the Estate of Pedro José Nazario Serrano; the Estate of Juanita Sosa Pérez[2]; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez and Luis M. Jordán Rivera, all of them Retirees/Beneficiaries of the ERS and Plaintiffs in a claim for damages described below (the "Commonwealth Action") that is currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part with number K AC2011-1067 (the "Commonwealth Court"), without submitting to the jurisdiction of this Court, very respectfully STATE and PRAY as follows:

## I. INTRODUCTION

The individual Plaintiffs and Beneficiaries, in the Commonwealth Action, hereby respectfully request reconsideration of this Court's *MEMORANDUM OPINION AND ORDER GRANTING THE MOTION TO ENFORCE THE PLAN* (hereinafter the "*MEMORANDUM OPINION AND ORDER*" [Docket No. 22927], on the grounds that it constitutes a judicial taking of their individual causes of action for damages without compensation, and thus, violates due process.

While it can be argued that the ERS receives some benefit from the Plan of Adjustment (hereinafter the "*POA*"), the *MEMORANDUM OPINION AND ORDER* has the effect of depriving the individual Plaintiffs Retirees of their causes of action for damages that have been recognized, not only by law, but by judicial precedents, which are final and binding.

On November 29, 2022, in its *MEMORANDUM OPINION AND ORDER*, the Court concluded that: "[T]he ERS Beneficiaries are hereby enjoined from prosecuting the Commonwealth Action insofar as the ERS Beneficiaries assert claims against UBS that are based in any way on its business dealings with the ERS."

---

[2] Pedro José Nazario and Juanita Sosa Pérez are deceased. Once their respective declaration of heirs is available, we will make the substitution.

There are various reasons why this Honorable Court should reconsider its decision including the following, without limitation: (1) as will be explained hereinafter, under Article 1802 of the Puerto Rico Civil Code, the ERS Beneficiaries have a clear cause of action against UBS for the damages they suffered as a result of the UBS conduct, even if there is no contractual relationship between UBS and the ERS Beneficiaries or if the damages suffered by the ERS Beneficiaries derive from damages caused by UBS to the ERS; (2) the debtors in the Title III case in question do <u>not</u> include UBS, and any resolution of the Commonwealth Action in favor of the ERS Beneficiaries would in no way alter debtors' rights, liabilities, options or freedom of action, or otherwise have an impact under the handling and administration of the Bankruptcy estate; (3) under Article 1802 of the Puerto Rico Civil Code, the ERS Beneficiaries, as individual plaintiffs, are clearly entitled to recover <u>from UBS</u> (who is not a debtor in the Title III cases) all damages caused to them by the conduct of UBS, including the difference between their original ERS pension benefits and the reduced pension benefits provided by the Plan. The amount of said difference should be determined by the Commonwealth Court in the Commonwealth Action, and the ERS Beneficiaries have a clear right to claim it under Article 1802 of the Puerto Rico Civil Code; (4) under Article 1802 of the Puerto Rico Civil Code, no direct contact between UBS and the ERS Beneficiaries, individually, is required for the ERS Beneficiaries to have a valid cause of action against UBS if, as alleged in the Commonwealth Action, the UBS conduct caused damages, directly or indirectly, to the ERS Beneficiaries; (5) the confirmation and consummation of the POA may protect some (but not all) of the ERS Beneficiaries' original pension benefits, but said possible protection does not preclude the ERS Beneficiaries from claiming their net losses pursuant to the Commonwealth Action; (6) in the Commonwealth Action, the ERS Beneficiaries do not seek to recover assets that, under the confirmed POA, neither belong to ERS nor are

resources designated to cover ERS's former obligations to the ERS Beneficiaries, and the claims by the Avoidance Active Trustees against UBS in the Second Amended Complaint of September 15, 2022, are only to recover fees charged by UBS and include no claims for other damages inflicted by UBS to the ERS Beneficiaries caused by UBS, directly or indirectly.

## II. **ARGUMENT**

The ERS Individual Plaintiff's Commonwealth Action is based on Article 1802 of the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31, § 5141. In Puerto Rico, said article serves as the legal basis to determine if the actor of certain conduct that causes damages is responsible for extra-contractual civil liability. It establishes that: "A person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. It further provides that "[c]oncurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." Id.

To that end, the Supreme Court of Puerto Rico has held that for a cause of action to prosper under Art. 1802, *supra*, three elements must be present, namely: (1) a culpable or negligent act or omission; (2) causal relationship between the culpable or negligent act or omission and the damage being claimed, and (3) an actual damage. Nieves Diaz v. González Massas, 178 DPR 820, 843 (2010); López v. Porrata Doria, 169 DPR 135, 150 (2006). No contractual relationship between plaintiffs and defendants is required for a valid cause of action to exist under Article 1802.

As for the first element, the Supreme Court of Puerto Rico has established that "the concept of fault… is as infinitely broad as the conduct of human beings and includes any fault of a person that produces harm or damages." Lopez v. Porrata Doria, supra, p. 150. Likewise, the Supreme Court of Puerto Rico has held that the concepts of fault and negligence are equivalent to non-compliance with the duty of care. Which in turn concerns, in essence, not anticipating or

foreseeing the likely consequences of acts, which would have been foreseen by a prudent and reasonable person. Nieves Diaz v. González Massas, supra, p. 844; Lopez v. Porrata Doria, supra, p. 151; Valle v. E.L.A., 157 DPR 1, 18 (2002); Ramos vs. Carlo, 85 DPR 353, 358 (1962). The foregoing does not require precisely imagining the universality of consequences that may arise from a certain conduct. Pons v. Engebretson, 160 DPR 347, 355 (2003). "The essential thing is that there is a duty to foresee, in a general way, the consequences of a certain class." Id. For such purposes, the Supreme Court of Puerto Rico has resorted to the figure of the good father of the family, or the prudent and reasonable person, for purposes of determining how a person of normal or ordinary diligence should act, by virtue of particular circumstances. Nieves Diaz v. González Massas, supra, p. 844; Lopez v. Porrata Doria, supra, pp. 150-151. Therefore, if the damage caused was foreseeable, there will be liability; if it was not, it will be considered a fortuitous event. Pons v. Engebretson, supra. The Supreme Court of Puerto Rico has also indicated that the duty of care and to foresee possible damages does not extend to any imaginable danger that could cause damage, but rather must be based on probabilities, not mere possibilities. Lopez v. Porrata Doria, supra, pp. 164-165.

On the other hand, the second element requires that there be a causal link between the damage caused and the culpable or negligent act or omission, that is, adequate cause. The theory of adequate cause provides that "not every condition without which the result would not have been produced is a cause, but the one that ordinarily produces it according to general experience." Colon Santos v. Coop. Sec. Mult. PR, 173 DPR 170, 186 (2008). That is, "damage may be considered the probable and natural result of a negligent act or omission if after the event, in retrospect, the damage appears to be the reasonable and common consequence of the act or omission." Pons v. Engebretson, supra, pp. 355-356; Hernández Vélez v. Televicentro, 168 DPR

803, 815 (2006). To that effect, the Supreme Court of Puerto Rico has held that "[t]he doctrine of adequate causality requires indices or criteria based on experience and knowledge of causes and effects to give it content." Lopez v. Porrata Doria, supra, pp. 166-67.

Lastly, for a cause of action under Article 1802, *supra*, to prosper in our legal system, it is necessary that a damage occurs. This, for non-contractual purposes, refers to "any material or moral impairment caused in contravention of a legal norm, suffered by one person and for which another has to respond." J. Puig Brutau, Fundamentals of Civil Law, Barcelona, Ed. Bosch, 1983, T. 2, Vol. 3, p. 92. See also Sagardía De Jesús v. Hospital Aux. Mutuo, 177 DPR 484, 505 (2009). In the absence of a damage, there is no obligation to indemnify. Lopez v. Porrata Doria, supra, p. 151.

UBS, in its capacity as financial consultant and investment adviser, had the obligation and fiduciary duty to alert the members of the System's Board of Trustees about the risks inherent in the issuance and proposed use of the proceeds of the 2008 POB's. By failing to do so, UBS breached that duty. Said conduct not only harmed the ERS itself, **but inflicted foreseeable damages upon the ERS beneficiaries for which they have not been compensated**. Such damages consist *inter alia* of the ERS Individual Plaintiffs losing part of their pensions, including cost of living adjustments, higher age criteria to qualify for pensions, loss of their marginal benefit to take loans originated by the ERS, as well as mental anguish and suffering.

**If as UBS claims, the individual Plaintiffs cannot prove the damages suffered by them and the causal relationship between those damages and UBS's errors, omissions, fault, or negligence, that is something for the Commonwealth Court to decide after the Individual Plaintiffs have had their day in court. In other words, UBS cannot shield itself from liability towards the individual Plaintiffs by simply arguing that it must defend itself in another case, against other parties, and in another jurisdiction, in which the damages are claimed by another party.**

Lastly, it cannot be ignored, that on August 30, 2013, the Commonwealth Court of Appeals, at *Pedro José Nazario v. UBS*, KLAN201300738, ruled that the ERS Individual Plaintiffs have legal standing to prosecute the Commonwealth Action *pro se*. While doing so, the Court of Appeals referred to the ERS Individual Plaintiffs as the "people of flesh and bones who directly hold the right they claim."

Moreover, pursuant to the Second Amended Complaint filed by the Avoidance Actions Trustee on September 15, 2022 [Docket No. 49] against the UBS Defendants, the Complaint solely request disgorgement of underwriting fees. (Second Amended Complaint, ¶'s 216 through 223). There is absolutely no claim in the Second Amended Complaint for damages against the UBS Defendants in connection with UBS's recommendation to issue the ERS Bonds.

For this Court to deprive the ERS Beneficiaries of their individual claims against UBS (who is not a debtor in the Title III case) pursuant to the Commonwealth Action constitutes a "judicial taking" without just compensation, which is prohibited by the United States Constitution, as stated by the United States Supreme Court in <u>Stop the Beach Renourishment v. Florida Department of Environmental Protecion</u>, 130 S.Ct. 2592 (2010), and deprives the ERS Beneficiaries of property without due process of law, which is also prohibited by the United States Constitution.

A judicial taking occurs when "cases involve a judicial decision holding that a property right previously possessed by a private property owner is now to be taken from the owner in order to serve some public end." See, Eduardo Peñalver & Lior Strahilevitz, "Judicial Takings or Due Process?" (John M. Olin Program in Law and Economics Working Paper No. 549, 2011, p. 45) available at http://papers.ssrn.com/sol3/ papers.cfm?abstract_id=1791849. When these types of cases are resolved "the judiciary would have been knowingly abrogating a private property

interest in order to serve the public interest." Id. In cases where judicial takings are involved, the courts "take private property for public use, literally redefining private property as state property." without due process of law. Id.

In the present case, the ERS Individual Plaintiffs, in their individual and personal capacities, have a direct tort action against UBS in the Commonwealth Action, which this Honorable Court by way of its opinion and order is taking away from them, without just compensation and without the opportunity to be heard by the Court with jurisdiction. It is important to note that the Plan of Adjustment does not compensate the ERS Individual Plaintiffs in any way for the damages they suffered, caused by UBS' negligent conduct and/or professional malpractice.

**THEREFORE**, the ERS Individual Plaintiffs respectfully request this Honorable Court to reconsider its *MEMORANDUM OPINION AND ORDER* [Docket No. 22927]; and, instead, enter an order denying UBS' Motion to Enforce the Plan of Adjustment.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY:** That on this same date a true and exact copy of this motion was filed with the Clerk of Court using CM/ECF system, which will notify a copy to counsel of record.

*[DATE AND SIGNATURES IN THE NEXT PAGE]*

In San Juan, Puerto Rico, this 13 day of December 2022.

| | |
|---|---|
| **VICENTE & CUEBAS**<br>P.O. Box 11609<br>San Juan, PR 00910-1609<br>Phone No. (787) 751-8000<br>Fax No. (787) 756-5250<br><br>*/s/Harold D. Vicente*<br>**Harold D. Vicente**<br>USDC-PR Bar No. 117711<br>hvicente@vclawpr.com<br><br>*/s/Harold D. Vicente-Colón*<br>**Harold D. Vicente-Colón**<br>USDC-PR Bar No. 211805<br>hdvc@vclawpr.com | **PUJOL LAW OFFICES, PSC**<br>P.O. Box 363042<br>San Juan, PR 00936-3042<br>Phone No. (787) 724-0900<br>Fax No. (787) 724-1196<br><br>*/s/Francisco Pujol Meneses*<br>**Francisco Pujol Meneses**<br>USDC-PR Bar No. 212706<br>fpujol@pujollawpr.com<br><br>**BUFETE ANDRÉU & SAGARDÍA**<br>261 Avenida Domenech<br>San Juan, Puerto Rico 009718<br>Phone No. (787) 754-1777/763-8044<br>Fax No. (787) 763-8045<br><br>/s/José A. Andréu Fuentes<br>**José A. Andréu-Fuentes**<br>USDC-PR Bar No. 204409<br>jaf@andreu-sagardia.com |

*Counsel for Individual Plaintiffs, Beneficiaries of the Retirement System*
*of the Commonwealth of Puerto Rico*