UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER REQUIRING MODIFICATION OF THE DEBTORS' REVISED PROPOSED
ORDER AUTHORIZING AMENDMENT TO THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

   For the reasons stated on the record at the December 14, 2022 omnibus hearing, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") is directed to make the following revisions[2] to the proposed *Order Granting Motion of the Financial Oversight and Management Board for Puerto Rico to Amend Alternative Dispute Resolution Procedures* (Docket Entry No. 23040 in Case No. 17-3283, Ex. B) (the "Proposed Order") and the proposed Amended Alternative Dispute Resolution Procedures, provided as Exhibit 1 to the Proposed Order. The Oversight Board shall remove the proposed amendments to Section 3(f) and shall insert amendments to Sections 2 and 3 in substantially the following form:

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Required modifications are denoted with bold language.

2. Offer Exchange Procedures

c) Within twenty-five (25) days of service of an Offer via either an Offer Letter or an ADR Notice, the Designated Claimant must respond to such Offer by (1) accepting the Offer, by execution and delivery of a stipulation provided by the Commonwealth or such other Debtor in connection with the Offer or (2) submitting a counteroffer (the "Counteroffer"); provided, however, that any Counteroffer may only propose an amount that, if agreed upon, will fix the amount of the creditor's claim; and, provided, further, that, if the creditor fails to timely respond to the Offer Letter, the Offer shall be deemed rejected. If the Designated Claimant rejects, or is deemed to have rejected, the Offer, **and the Debtor files an Offer Exchange Impasse Notice (as defined below) that complies with Section 2(f) below**, the Designated Claim will advance to the next step of the ADR Procedures, as set forth below.

f) Within thirty (30) days of receipt of any Counteroffer, the Commonwealth or such other Debtor, as the case may be, may (1) accept such Counteroffer, by delivery of a stipulation evidencing agreement to the proposed amount, or (2) reject such Counteroffer, by delivery of notice to such Designated Claimant that such Counteroffer is unacceptable. The Commonwealth or such other Debtor, as the case may be, may also submit its own counteroffer to the creditor, and the parties may exchange as many offers and counteroffers (each, a "Further Offer") as they deem appropriate prior to a determination that an impasse has been reached. The Debtors or the Designated Claimant shall have thirty (30) days from receipt of each such Further Offer (1) to accept such Further Offer, by delivery of a stipulation evidencing agreement to the proposed amount, or (2) to reject such Further Offer, by delivery of notice that such Further Offer is unacceptable. Failure to respond to a Further Offer within thirty (30) days of receipt shall be deemed rejection of such Further Offer. The Commonwealth or such other Debtor, as the case may be, may also request additional information or documentation (the "Information Request") from the Designated Claimant. The Designated Claimant shall provide additional documentation or information in response to such Information Request within twenty-one (21) days following receipt of such Request. Within ten (10) days of either the Designated Claimant's or the Debtor's rejection of an Offer, Counteroffer, or Further Offer, the Debtor(s) shall file a notice of impasse (the "Offer Exchange Impasse Notice") with the Title III Court. **If the Designated Claimant is deemed to have rejected an Offer or a Further Offer by failing to timely respond to an Offer or Further Offer, the Offer Exchange Impasse Notice must include a certification that the Debtor has been in contact with the Designated Claimant and the Designated Claimant has consented to proceed to Evaluative Mediation (as defined below)**.

3. Evaluative Mediation

c) During the Evaluative Mediation process, the Designated Claim shall be evaluated by the assigned Mediator. The Debtors shall provide notice to the Designated Claimant within a reasonable time following the assignment of a Mediator to a Designated Claim. Upon assignment of a Mediator to a Designated Claim, the Debtor shall provide the Mediator, with copy to the Designated Claimant, with all information exchanged during the Offer Exchange process. Within fourteen (14) days of assignment of the Mediator, each party may provide to the Mediator a mediation statement (the "Mediation Statement"), not to exceed seven (7) pages double-spaced. Within twenty-eight (28) days of receipt of the information exchanged during the Offer Exchange process, the Mediator shall estimate the monetary value of the Designated Claim (the "Evaluation"). Upon notice to the parties, the Mediator may extend the time period for completion of the Evaluation for a period of no more than fourteen (14) days. The Evaluation shall be limited to a determination of the monetary value, if any, of the Designated Claim, and shall not raise or purport to evaluate any issues relating to the potential treatment or priority of the Designated Claim pursuant to a plan of adjustment. If the Mediator fails to issue an Evaluation within the time periods set forth in this paragraph, the Designated Claim shall proceed to binding arbitration, where both parties have consented to same, or to litigation before the Commonwealth or Title III Courts, as the case may be. **If a Designated Claimant fails to submit a Mediation Statement, the Mediator may solicit engagement of the Designated Claimant in advance of the formulation of the Evaluation. This outreach by the Mediator shall include notifying the Designated Claimant that failure to respond and participate may result in the termination of the Evaluative Mediation process without further advance notice. If the Designated Claimant is nonresponsive to the Mediator's reasonable effort(s) at outreach during the Evaluative Mediation process, a Mediator may file a Notice of Non-Engagement. The Notice of Non-Engagement shall identify the party's failure to engage in the Evaluative Mediation process and indicate that the Mediator has determined that there is insufficient engagement or information to warrant the formulation and issuance of an Evaluation. The Meditator's filing of a Notice of Non-Engagement will terminate the Evaluative Mediation and the corresponding Designated Claim will be treated as an Unresolved Claim (as defined below)**.

e) At any time during Evaluative Mediation, the Mediator may request that the parties participate in a settlement conference. The parties must participate in any settlement conference called by the Mediator. Such conference may take place in person or telephonically, in the Mediator's

sole discretion. The Evaluative Mediation process shall terminate upon the earlier of: (a) the Mediator's filing of **a notice that (i) a Notice of Non-Engagement, (ii) a notice that** the parties have reached an impasse (a "Mediator's Impasse Notice"), or **(iii) a notice that** the parties have reached a settlement (such notice shall specify the settlement amount, which shall constitute the liquidated amount of the Designated Claim and the Claims Register shall be updated accordingly); and (b) 75 days after the issuance of the Evaluation.

The Oversight Board is further directed to submit (i) a revised Form of Notice, and (ii) a redlined version of the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* (Docket Entry No. 12576 in Case No. 17-3283) identifying all the above modifications and the additional amendments approved by the Court at the omnibus hearing. The Oversight Board shall file these materials by **December 16, 2022**, at **12:00 p.m. (Atlantic Standard Time)**. Any party who wishes to object to the revised proposed order or Form of Notice shall file such objection by **December 19, 2022**, at **5:00 p.m. (Atlantic Standard Time)**.

SO ORDERED.

Dated: December 14, 2022

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge