**Hearing Date: February 1, 2023, at 9:30 AM (Atlantic Standard Time)**
**Response Deadline: January 16, 2023, at 4:00 PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FIVE HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE OBJECTING DEBTOR IS NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth," or the "Objecting Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole representative of the Commonwealth pursuant to Section 315(b) of the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this five hundred

fifty-sixth omnibus objection (the "Five Hundred Fifty-Sixth Omnibus Objection") objecting to

proofs of claim for which the Objecting Debtor is not liable, as set forth in **Exhibit A** hereto.  In

support of the Five Hundred Fifty-Sixth Omnibus Objection, the Commonwealth respectfully

represents as follows:

## JURISDICTION

1.     The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section

306(a).

2.     Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.     The Bar Date Orders in the Commonwealth Title III Case**

3.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III

thereof.

4.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing

Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of

Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing

Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of

Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3283-LTS.

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Standard Time).

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment*

*Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved, (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022, when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.      The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim Filed, Omnibus Objection Procedures, and Claim Objections**

11.      To date, approximately 179,337 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll"). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.      Of the proofs of claim filed, approximately 118,721 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being partially or fully satisfied by one or more of the Debtors, being duplicative of other proofs

of claim, failing to provide information necessary for the Debtor to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements*

*of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings and entered orders on over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the PBA, and/or the ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 105,736 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 44,866 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

16.     This Five Hundred Fifty-Sixth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

17.     The Amended Omnibus Objection Procedures allow the Objecting Debtor to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Five Hundred Fifty-Sixth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Objecting Debtor is not liable, in accordance with the Bankruptcy Code, applicable rules, or a court order.

6

19.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims

to Be Disallowed" (each a "Disallowed Claim," and collectively, the "Claims to Be Disallowed")

assert liabilities against the Commonwealth for funds allegedly available to claimants under Act

290-2000 (as defined below).  Pursuant to the Plan, the Claims to Be Disallowed do not represent

"claim" against the Objecting Debtor as defined in section 101(5) of the Bankruptcy Code

(incorporated by PROMESA Section 301(a)are instead CW Appropriation Claims,  and are

treated in accordance with the provisions governing Class 63 of the Plan, which provides no

recovery to holders of CW Appropriation Claims.

20.     Act No. 290 of September 1, 2000 ("Act 290-2000"), 3 L.P.R.A. § 1040, created

the "Repository for Archives and Memorabilia of Ex-Governors and Ex-First Ladies of Puerto

Rico," tasking various entities with preserving various historic materials (the "Designated

Depositories").  3 L.P.R.A. § 1040.  Act 290-2000 provides for the creation of a special fund (the

"Special Fund") to be funded, in part, by 1% of the taxes collected on tobacco products, with

assignments being made up to a maximum of $1,000,000 annually, until the Special Fund reaches

and maintains a balance of $6,000,000.  3 L.P.R.A. § 1040d(c).  Monies in the Special Fund are

then to be dispersed annually to Designated Depositories "in the form of a match of sixty-six

percent (66%) of the [Special] Fund's contribution against thirty and four percent (34%) of private

contributions received or generated by the [Designated] Depositary."  3 L.P.R.A. § 1040e.

21.     The Claims to Be Disallowed assert liability against the Commonwealth for

disbursements the Commonwealth failed to make to the Special Fund, which disbursements, in

turn, claimants allege would have been made to them as Designated Depositories.  The Plan defines

CW Appropriation Claims to include "Claims against the Commonwealth arising from or related

to indebtedness only payable from appropriations of the Commonwealth Legislature under existing

loans or legislative resolutions . . . ."  Plan ¶ 1.174.  Accordingly, the asserted claims against the Commonwealth for its alleged failure to appropriate funds to the Special Fund are CW Appropriation Claims pursuant to the Plan.  As such, the Claims to Be Disallowed are CW Appropriation Claims, for which the Objecting Debtor is not liable .

22.     Pursuant to the Plan, CW Appropriations Claims shall not receive a distribution on account of their claims and each holder of a CW Appropriations Claim shall be deemed to have rejected the Plan with respect to such CW Appropriations Claim.  *See* Plan ¶ 67.1.  CW Appropriations Claims are not entitled to receive distributions unless the Commonwealth specifically appropriates revenues for them, so they are, at best, junior to all unsecured claimholders, and in fact, are not claims at all, because they have no right to payment under Bankruptcy Code section 101(5).  Their payment is completely discretionary.  *See Memorandum of Law in Support of Confirmation of Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 18869, ¶ 191].  The Plan confirms this understanding and, pursuant thereto the Commonwealth is not required to make any payments to CW Appropriations Claims.  Accordingly, , the Claims to Be Disallowed assert liability for which the Objecting Debtor is not liable.

23.     In support of the foregoing, the Objecting Debtor relies on the *Declaration of Jay Herriman in Support of the Five Hundred Fifty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Objecting Debtor is Not Liable*, dated December 16, 2022, attached hereto as **Exhibit B**.

### NOTICE

24.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Objecting Debtor is providing notice of this Five Hundred Fifty-Sixth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Fifty-Sixth Omnibus

Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Objecting Debtor's case website at https://cases.ra.kroll.com/puertorico.  The notice for this Five Hundred Fifty-Sixth Omnibus Objection is attached hereto as **<u>Exhibit C</u>**.  Spanish translations of the Five Hundred Fifty-Sixth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Objecting Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE the Objecting Debtor respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Objecting Debtor such other and further relief as is just.

Dated: December 16, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico*

**Fecha de la vista: 1 de febrero de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 16 de enero de 2023, a las 4:00 p.m. (AST)**

---

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**QUINGENTÉSIMA QUINCUAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE EL DEUDOR OBJETANTE NO ES RESPONSABLE**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor Objetante"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente quingentésima quincuagésima sexta objeción global (la "Quingentésima quincuagésima sexta objeción global") en la que objeta a las evidencias de reclamaciones por las que el Deudor Objetante no es responsable, según se expone en el **Anexo A** del presente documento. En apoyo de la Quingentésima quincuagésima sexta objeción global, el ELA manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.     Órdenes de Fecha Límite en el Caso de Título III del ELA**

3.     El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal.

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF número 2255][3] (la "<u>Moción de Fecha Límite</u>"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF número 2521] (la "<u>Orden Inicial de Fecha Límite</u>"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "<u>Órdenes de Fecha Límite</u>"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.     Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5.     El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "<u>SRE</u>") y de la Autoridad de Edificios Públicos de Puerto Rico (la "<u>AEP</u>"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "<u>Plan</u>") [ECF número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones

---

[3]  Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17-BK-3283-LTS.

formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.     Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19784].

7.     El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF número 19813].

8.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso número 21-01493, ECF número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso número 21-01492, ECF número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

4

9.      El Plan entró en vigor el 15 de marzo de 2022, una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III conforme al Título III de PROMESA y B) ocurrencia de la Fecha de entrada en vigor* [ECF número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. Véase Caso número 21-01493, ECF número 74; Caso número 21-01492, ECF número 84.

## C.      Evidencias de reclamaciones radicadas, Procedimientos relativos a Objeciones Globales y Objeciones a reclamaciones

11.     Hasta la fecha, se han radicado aproximadamente 179,337 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,721 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que el Deudor sea responsable, haber sido satisfechas total o parcialmente por uno o más Deudores, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a*

6

*Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas y ha dictado órdenes sobre más de 500  objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 105,736 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 44,866 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

16.     Esta Quingentésima quincuagésima sexta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten al Deudor Objetante radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.    La Quingentésima quincuagésima sexta objeción global pretende que, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, se rechacen reclamaciones que buscan recuperar montos por los que el Deudor Objetante no es responsable, conforme al Código de Quiebra, las normas aplicables o una orden judicial.

19.    Como se expone en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación Rechazada", y conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan responsabilidades contra el ELA por unos fondos supuestamente a disposición de los reclamantes en virtud de la Ley 290-2000 (según se define abajo). Conforme al Plan, las Reclamaciones que han de ser rechazadas no constituyen "reclamación" contra el Deudor Objetante, según se define en la sección 101(5) del Código de Quiebras (incorporada por la sección 301(a) de PROMESA), por lo que son Reclamaciones de Asignación del ELA y son tratadas de conformidad con las disposiciones que rigen la Clase 63 del Plan, la cual no dispone ninguna recuperación para los titulares de las Reclamaciones de Asignaciones del ELA.

20.    La Ley número 290, del 1 de septiembre de 2000 (la "Ley 290-2000"), 3 L.P.R.A., § 1040, creó el "Depositario de Archivos y Reliquias de Ex-Gobernadores y Ex-Primeras Damas de Puerto Rico" y asignó a varias entidades la tarea de preservar varios materiales históricos (los "Depositarios Designados"). 3 L.P.R.A., § 1040. La Ley 290-2000 crea un fondo especial (el

"Fondo Especial") que debe financiarse, en parte, con un 1 % de los impuestos cobrados sobre productos tabacaleros, con unas asignaciones realizadas anualmente de hasta $1,000,000, hasta que el Fondo Especial alcance y mantenga un saldo de $6,000,000. 3 L.P.R.A., § 1040d(c). El dinero en el Fondo Especial se ha de desembolsar anualmente a los Depositarios Designados "en forma de pareo de un sesenta y seis por ciento (66%) de la aportación del Fondo [Espacial] contra un treinta y cuatro por ciento (34%) de aportaciones privadas recibidas o generadas por el Depositario[Designado]". 3 L.P.R.A., § 1040e.

21.     Las Reclamaciones que han de ser rechazadas alegan responsabilidad contra el ELA por los desembolsos que el ELA no ha realizado al Fondo Especial, desembolsos que, a su vez, los reclamantes sostienen que se hubieran realizado a ellos como Depositarios Designados. Según la definición contenida en el Plan, las Reclamaciones de Asignaciones del ELA incluyen "Reclamaciones contra el ELA que surgen del endeudamiento, o en relación con este, únicamente pagadero de las asignaciones de la Asamblea Legislativa del ELA en virtud de los préstamos existentes o resoluciones legislativas. . . ."  Plan § 1.174. En consecuencia, las reclamaciones alegadas contra el ELA por supuestamente no asignar fondos al Fondo Especial son Reclamaciones de Asignaciones del ELA conforme al Plan. En este sentido, las Reclamaciones que han de ser rechazadas son Reclamaciones de Asignaciones del ELA por las que el Deudor Objetante no es responsable.

22.     De conformidad con el Plan, las Reclamaciones de Asignaciones del ELA no recibirán distribución en concepto de sus reclamaciones, por lo que se considerará que cada titular de una Reclamación de Asignaciones del ELA ha rechazado el Plan en relación con dicha Reclamación de Asignaciones del ELA. *Véase* el Plan, ¶ 67.1. Las Reclamaciones de Asignaciones del ELA no tienen derecho a recibir distribuciones, salvo que el ELA les asigne específicamente

rentas, por lo que dichas reclamaciones son, en el mejor de los casos, de menor categoría con respecto a la totalidad de los titulares de reclamaciones no garantizadas y, de hecho, ni siquiera son reclamaciones, ya que no tienen derecho al pago en virtud del Código de Quiebra, sección 101(5). Dicho pago es totalmente discrecional. *Véase el Escrito de Alegatos en apoyo de la Confirmación del Séptimo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 18869, ¶ 191]. El Plan lo confirma, por lo que el ELA no tiene la obligación de realizar ningún pago en concepto de Reclamaciones de Asignaciones del ELA. En consecuencia, las Reclamaciones que han de ser rechazadas alegan responsabilidad que no corresponde al Deudor Objetante.

23.     En apoyo de lo anterior, el Deudor Objetante invoca la *Declaración de Jay Herriman en apoyo de la Quingentésima quincuagésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el Deudor Objetante no es Responsable*, de fecha 16 de diciembre de 2022, adjunta al presente como **Anexo B**.

### NOTIFICACIÓN

24.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el Deudor Objetante notifica la presente Quingentésima quincuagésima sexta objeción global a) a los acreedores individuales objeto de esta Quingentésima quincuagésima sexta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados número 16* [ECF número 20190-1]), disponibles en el sitio web de casos del Deudor Objetante, en https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima quincuagésima sexta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima quincuagésima sexta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El Deudor

Objetante sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

[*El resto de la página se deja en blanco intencionadamente*.]

POR LO QUE el Deudor Objetante solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al Deudor Objetante cualesquiera otros remedios que se consideren justos.

Fecha: 16 de diciembre de 2022
     San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC número 215205
Carla García-Benítez
USDC número 203708
Gabriel A. Miranda
USDC número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico.*