**Objection Deadline [Requested]: December 23, 2022 at 4:00 p.m. (Atlantic Standard Time)**
**Reply Deadline [Requested]:  December 30, 2022 at 4:00 p.m. (Atlantic Standard Time)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                       Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## URGENT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN <u>CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF</u>

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last  Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to this case by PROMESA Section 301(a), and Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this case by PROMESA Section 310, for an order:

(i)    scheduling a hearing (the "Disclosure Statement Hearing") to consider:

a.    the adequacy of the information contained in the proposed *Disclosure Statement for the Title III Plan of Adjustment for the Puerto Rico Electric Power Authority* (as amended or modified from time to time, and including all exhibits thereto, the "Disclosure Statement"),[3]

b.    the *Motion of Puerto Rico Electric Power Authority for Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots and Voting Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (the "Disclosure Statement Motion"), and

c.    *Motion of Puerto Rico Electric Power Authority for Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Confirmation Discovery Procedures Motion"), each filed concurrently herewith,

---

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]    The Disclosure Statement is related to PREPA's proposed *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (as may be amended, modified, or supplemented from time to time, the "Plan"), filed concurrently herewith.  The Debtor anticipates filing a Spanish translation of the Disclosure Statement and the Plan prior to the proposed Disclosure Statement Hearing.

(ii)     establishing a deadline by which objections to the adequacy of information in the Disclosure Statement, the Disclosure Statement Motion, and the Confirmation Discovery Procedures Motion, and replies thereto must be filed,

(iii)     establishing document depository procedures in connection therewith,

(iv)     approving the form and manner of notice of the Disclosure Statement Hearing and related deadlines, and

(v)     granting related relief.

In support of this Motion, the Debtor respectfully states as follows:

## **Preliminary Statement**

1.     Since its creation, the Oversight Board has focused on achieving its mandates under PROMESA so that fiscal responsibility, access to capital markets, and economic prosperity and growth can return to Puerto Rico.  To those ends, over the last five-and-a-half years, the Oversight Board has, among other things, completed (or has obtained approval of) restructurings and modifications involving more than $110 billion in public debt, including the (a) restructuring of approximately (i) $18 billion pursuant to a Title III plan of adjustment for the Puerto Rico Sales Tax Financing Corporation, (ii) $85 billion (including unfunded pension liabilities) pursuant to a Title III joint plan of adjustment for the Commonwealth of Puerto Rico (the "Commonwealth"), Puerto Rico Public Buildings Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and (iii) $6.4 billion pursuant to a Title III plan of adjustment for the Puerto Rico Highways and Transportation Authority ("HTA"), and (b) modification of approximately (i) $5 billion pursuant to a Title VI qualifying modification for the Government Development Bank for Puerto Rico, (ii) $1.9 billion pursuant to a Title VI qualifying modification for the Puerto Rico Infrastructure Financing Authority, and (iii) $384 million pursuant to a Title VI qualifying modification for the Puerto Rico Convention Center District Authority.  The Oversight Board has also proposed a qualifying modification for the Puerto Rico

Public Finance Corporation pursuant to Title VI of PROMESA, which, if approved, would modify more than $1.5 billion in public debt.

2.       Concurrently with the above restructurings, the Oversight Board has actively prosecuted PREPA's Title III case, including by completing the transformation of PREPA's transmission and distribution system, and now seeks confirmation of PREPA's proposed Plan.[4]  In connection therewith, and pursuant to the *Order Granting Second Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline to December 16, 2022 Automatically Extendable Throught December 21, 2022 for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [Case No. 17-4780, ECF No. 3109][5] (the "Confirmation Schedule Order"), contemporaneously with the filing of this Motion, the Debtor has filed the Disclosure Statement Motion, seeking, among other things, approval of the Disclosure Statement as containing adequate information and setting a hearing to consider confirmation of the Plan.  By this Motion, the Debtor seeks to establish certain procedures and deadlines, consistent with similar procedures approved by the Court with respect to the establishment of a document depository relating to approval of the Commonwealth's and HTA's disclosure statements,[6] regarding discovery in connection with approval of the Disclosure Statement.

---

[4]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[5]   Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-4780.

[6]   *See Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [Case No. 17-3283, ECF No. 16681] (the "CW DS Discovery Order"); *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (III) Approving Form of Notice Thereof* [Case No. 17-3567, ECF No. 1171]; *Order (I) Establishing Document Depository Procedures in Connection Therewith, and (II) Granting Related Relief* [Case No. 17-3567, ECF No. 1176] (the "HTA DS Discovery Order" and, together with the CW DS Discovery Order, the "DS Discovery Orders").

3.      To ensure the Debtor complies with the Confirmation Schedule Order and to allow sufficient time during the solicitation process for parties to review the Plan and Disclosure Statement, the Debtor seeks to set the following dates for the Disclosure Statement Hearing, as well as for related objection and reply deadlines:

- **Disclosure Statement Objection Deadline**: 5:00 p.m., Atlantic Standard Time, on February 10, 2023.

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on February 17, 2023.

- **Disclosure Statement Hearing**: 9:30 a.m., Atlantic Standard Time, on February 28, 2023.

4.      The Debtor respectfully submits that setting these dates and deadlines will ensure that all parties in interest receive adequate notice and opportunity to participate in the Disclosure Statement approval process while ensuring the Debtor complies with the Confirmation Schedule Order.

5.      To the extent parties in this Title III case may seek additional information in connection with their consideration of the adequacy of the Disclosure Statement, the Debtor proposes to implement the information collection procedures described herein and the establishment of a centralized depository for such information. Such procedures, as demonstrated in the Commonwealth's and HTA's Title III cases, will promote an orderly and thorough Disclosure Statement approval process, conserve resources, and streamline the issues necessary for the Court's adjudication. The proposed procedures are designed to: (i) enable this Title III case to proceed under an expeditious and efficient process; (ii) reduce the duplicative or unnecessary requests that would be contrary to those goals; and (iii) permit access to documents to those who have a legitimate interest, and to allow for use consistent with that interest, and help safeguard confidential information.

6.      For the reasons stated herein, the Debtor respectfully requests the Court grant the

Motion.

**<u>Request for Expedited Briefing Schedule for the Motion</u>**

7.      To facilitate the consideration of the relief requested in this Motion, the Debtor

requests that the Court enter a scheduling order, attached hereto as **<u>Exhibit C</u>** (the "<u>Scheduling</u>

<u>Order</u>"), setting forth the deadlines to file objections and relies, if any, to this Motion as follows:

- **<u>Deadline to File Objections to this Motion</u>**: December 23, 2022 at 4:00 p.m.
  (Atlantic Standard Time)

- **<u>Deadline to File Replies in Support of this Motion</u>**: December 30, 2022 at 4:00
  p.m. (Atlantic Standard Time)

8.      Thereafter, the Debtor requests that the Court consider the Motion on submission,

unless the Court determines that a hearing is necessary.

9.      Because the relief requested in this Motion largely mirrors that already granted by

this Court with respect to the Commonwealth's and HTA's disclosure statement approval

processes, and because this Motion is purely administrative in nature, an expedited briefing

schedule with respect to this Motion is appropriate and will allow, as ordered by the Court, for the

hearing to consider confirmation of the Plan to occur in July 2023.[7]

10.     In advance of filing this Motion, the Debtor contacted counsel to (a) the Puerto Rico

Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>"), (b) the Ad Hoc Group of PREPA

---

[7]   *See* Confirmation Schedule Order.

Bondholders,[8] (c) the Monolines,[9] (c) U.S. Bank National Association, as Trustee, (d) the Fuel

Line Lenders,[10] (e) Unión de Trabajadores de la Industria Eléctrica y Riego, Inc., ("UTIER"), (f)

Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica ("SREAEE"), and (g) the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), to determine whether

such stakeholders would consent to the foregoing timeline for the administration of this Motion.

Counsel to (a) AAFAF, (b) the Fuel Line Lenders, and (c) National consented to the administration

of this Motion set forth in the Scheduling Order.  Counsel to (a) the Ad Hoc Group of PREPA

Bondholders, (b) Assured, (c) U.S. Bank National Association, as Trustee, did not consent to the

administration of this Motion set forth in the Scheduling Order.  The Debtor did not receive a

response regarding administration of this Motion from counsel to (a) UTIER, (b) SREAEE, (c)

Syncora, or (d) the Creditors' Committee.

## **Background**

### *PREPA's Fiscal Crisis and Commencement of PREPA's Title III Petition*

11.     PREPA is the main electricity provider for Puerto Rico and the largest public

electricity provider in the country, serving approximately 1.5 million customers.   As an

instrumentality of the Commonwealth, PREPA is "responsible for providing reliable electric

power, contributing to the general wellbeing and sustainable future of the People of Puerto Rico,

---

[8]   As of April 20, 2022, the Ad Hoc Group of PREPA Bondholders comprised (i) BlackRock Financial Management, Inc., (ii) Franklin Advisers, Inc., (iii) GoldenTree Asset Management, L.P., (iv) Invesco Advisers, Inc., (v) Nuveen Asset Management, LLC, (vi) Taconic Capital Advisors, L.P., and (vii) Whitebox Advisors, LLC.  *See* ECF No. 2782.

[9]   Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), National Public Finance Guarantee Corp. ("National") and Syncora Guarantee Corp. ("Syncora") are collectively referred to herein as the "Monolines."

[10]  The "Fuel Line Lenders" are comprised of Cortland Capital Market Services LLC, as successor administrative agent under a Credit Agreement, dated May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and certain lenders, and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD and Ultra NB LLC, as lenders under a Trade Finance Facility Agreement, dated July 20, 2012, between PREPA and Citibank, N.A.

maximizing benefits, and minimizing the social, environmental, and economic impact." 22 L.P.R.A. § 196.  PREPA's services are critical to the well-being of the Island's residents, its commercial sector, and the stability of its economy.

12.    PREPA's revenues have declined by thirty-one percent (31%) since 2007.  As energy prices have climbed, a growing number of PREPA's customers have left the Island or transitioned to alternative energy sources (including rooftop solar equipment).  With a lower revenue base, remaining customers will pay increasingly higher rates to cover PREPA's fixed costs, which in turn encourages higher-income residents and larger businesses to transition to alternative energy, cutting further into PREPA's consumer base.  Higher rates, and availability of increasingly affordable alternative energy sources, will lead to further decreases in demand, which will lead to further grid defection, threatening PREPA's future viability.

13.    As a result of the fiscal challenges described above, PREPA was increasingly incapable of paying its operating expenses, let alone creating net revenues sufficient to service its bond debt.

14.    On June 30, 2016, the Oversight Board was established pursuant to PROMESA Section 101(b).  The current members of the Oversight Board are David Skeel (Chairman), Andrew Biggs, former Judge Arthur Gonzalez, Antonio Medina, John Nixon, Justin Peterson, and Dr. Betty Rosa.

15.    Pursuant to PROMESA Section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . submitting . . . a plan of adjustment . . . or otherwise generally submitting filings in relation to the case with the court."  48 U.S.C. § 2175.

16.     Prior to the commencement of PREPA's Title III case, PREPA had negotiated an initial restructuring support agreement (the "Prepetition RSA") with certain of its creditors, which was intended to culminate in an agreement that could form the basis of a qualifying modification pursuant to Title VI of PROMESA.  From the entry into the Prepetition RSA through the commencement of this Title III Case (as defined below), PREPA and the Oversight Board continued to negotiate a comprehensive debt adjustment, and agreed to amend the terms of the Prepetition RSA on multiple occasions.  Ultimately, however, the parties could not come to an agreement on numerous material issues, and PREPA failed to secure hundreds of millions of dollars in short-term liquidity that would have been necessary for the implementation of the Prepetition RSA.  On June 28, 2017, the Oversight Board denied certification of the Prepetition RSA and did not authorize PREPA to avail itself of the procedures under Title VI of PROMESA.

17.     On July 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PREPA, pursuant to PROMESA Section 304(a), commencing PREPA's Title III Case (the "Title III Case").  Pursuant to PROMESA Section 315(b), the Oversight Board is PREPA's sole representative in the Title III Case.  Background information regarding the Debtor is contained in the *Notice of Filing of Statement of Oversight Board Regarding PREPA's Title III Case* [ECF No. 2].

**Filing of the Plan and Disclosure Statement**

18.     Following the filing of the Title III Case, on July 30, 2018, the Oversight Board and AAFAF announced they had entered into a preliminary Restructuring Support Agreement with members of the Ad Hoc Group of PREPA Bondholders.  Following continued negotiations, the monoline insurers of PREPA's bonds would join the RSA and execute a definitive Restructuring Support Agreement (the "2019 RSA").  The 2019 RSA provided for the resolution of certain claims

and the agreement of parties to the 2019 RSA to support a plan of adjustment for PREPA.  On September 9, 2019, the 2019 RSA was amended to provide for the joinder of National and Syncora. The 2019 RSA provided the Oversight Board and AAFAF termination rights and was dependent on, among other things, the Government enacting certain legislation.

19.     On May 10, 2019, the Oversight Board and AAFAF filed a motion pursuant to Bankruptcy Rule 9019 (the "9019 Motion") seeking approval of certain of the settlements and compromises embodied in the 2019 RSA.  The 9019 Motion and its related deadlines were stayed following the onset of the COVID-19 pandemic.  In the meantime, the Government failed to enact the legislation and the cost to consumers together with its increasing tendency to drive consumers and businesses to convert to solar and to leave the grid rendered the 2019 RSA unworkable for Puerto Rico.

20.     On March 8, 2022, citing concerns regarding the lack of implementing legislation, along with concerns regarding the affordability of the cost of electricity and the sustainability of the electric system as a result of rising inflation and significant surges in the price of crude oil, AAFAF exercised its unilateral right to terminate the 2019 RSA.  [ECF No. 2747].

21.     Following termination of the 2019 RSA, the Ad Hoc Group of PREPA Bondholders and certain monoline insurers filed a motion seeking the appointment of a mediator.  [ECF No. 2716].  On March 8, 2022, the Court entered an order [ECF No. 2748] (the "Path Forward Order") directing the parties to mediate, and established an initial deadline of May 2, 2022 (the "Path Forward Deadline") for the Oversight Board to provide a path forward for progressing the Title III Case, including by filing either (i) a proposed plan of adjustment, (ii) a detailed term sheet therefor, (iii) a proposed schedule for litigation of significant disputed issues in the Title III Case, or (iv) a

declaration or memorandum of law showing cause as to why the court should not consider dismissal of the Title III Case.

22. On April 8, 2022, the Court entered an order [ECF No. 2772] (the "Appointment Order") appointing a team of current and former judges led by the Honorable Shelley C. Chapman and including the Honorable Robert D. Drain and the Honorable Brendan L. Shannon (collectively, the "Mediation Team"). The Appointment Order designated the Oversight Board, AAFAF, the Ad Hoc Group of PREPA Bondholders, the Monolines, UTIER, SREAEE, the Creditor's Committee, and the Fuel Line Lenders as mediation parties (collectively, the "Mediation Parties"). Concurrently with the Appointment Order, the Court entered an order establishing certain terms and conditions to govern mediation, including an initial mediation termination date of June 1, 2022. [ECF No. 2773] (the "Terms and Conditions Order").

23. The Mediation Parties immediately commenced substantive discussions, meeting individually with the Mediation Team within the first week of the commencement of mediation. Over the course of mediation, the Mediation Team and Mediation Parties engaged in numerous sessions to determine whether a consensual plan of adjustment was attainable. As the mediation proceeded, the Mediation Team and Oversight Board requested, and the Court granted, multiple extensions of mediation, including the Path Forward Deadline, in accordance with the Terms and Conditions Order. [ECF Nos. 2823, 2874, 2911, and 2923]. On September 16, 2022, the Mediation Team did not exercise its discretion to extend the mediation termination date, thereby terminating mediation.

24. On September 17, 2022, in accordance with the Path Forward Order and upon the termination of mediation, the Oversight Board filed a litigation schedule seeking to litigate certain threshold issues relating to the bondholders' claims. [ECF No. 2956]. The Ad Hoc Group of

PREPA Bondholders together with the Monoline Insurers filed a motion to dismiss the Title III Case or in the alternative to lift the stay to seek appointment of a receiver of PREPA.  [ECF No. 2973].  On September 29, 2022, the Court entered an order staying the motion to dismiss, largely adopting the Oversight Board's litigation schedule, and directing the Oversight Board to file a plan and disclosure statement by December 1, 2022 (the "Filing Deadline").  [ECF No. 3013].

25.     On September 29, 2022, the Court also entered an order amending the Terms and Conditions Order, thereby re-establishing mediation until December 31, 2022.  [ECF No. 3011]. The Mediation Team and Mediation Parties have continued to engage in mediation sessions regarding a proposed plan of adjustment for PREPA.  In tandem with mediation, the Oversight Board has been litigating the existence and enforceability of certain alleged security interests in PREPA's revenues and alleged in proofs of claim against PREPA.  *See* Adv. Proc. No. 19-00391.

26.     On December 1, 2022, the Mediation Team filed the *Mediation Team's Second Notice and Report* [ECF No. 3091], requesting an extension of the Filing Deadline, and the Court entered the *Order Concerning Mediation Team's Second Notice and Report* [ECF No. 3092], extending the Filing Deadline to December 8, 2022.

27.     On December 8, 2022, the Oversight Board filed the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline to December 13, 2022 for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3104], requesting an extension of the Filing Deadline, and the Court entered the *Order Granting Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline to December 13, 2022 for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3106] extending the Filing Deadline to December 13, 2022.

28.     On December 13, 2022, the Oversight Board filed the *Second Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline Through December 16, 2022, Automatically Extendable Through December 21, 2022, for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3108], requesting an extension of the Filing Deadline, and the Court entered the Confirmation Schedule Order extending the Filing Deadline to December 16, 2022 or, upon the occurrence of certain conditions, December 21, 2022.

29.     The Oversight Board and the Fuel Line Lenders, owners of over $700 million in claims with an asserted seniority over the PREPA Revenue Bonds, reached agreement during mediation with respect to the treatment of the Fuel Line Lenders' claim pursuant to a plan of adjustment for PREPA, memorialized in that certain Plan Support and Settlement Agreement, dated as of December 1, 2022 (the "Fuel Line Lender PSA").  The terms of the Fuel Line Lender PSA are incorporated in the Plan, filed concurrently herewith in accordance with the Confirmation Schedule Order, together with the Disclosure Statement, the Disclosure Statement Motion, and the Confirmation Discovery Procedures Motion.

30.     Notwithstanding the filing of the Plan and Disclosure Statement in respect of a partially consensual and partially nonconsensual restructuring, the Oversight Board reiterates its strong preference for a globally consensual plan of adjustment for PREPA, and will continue mediation and negotiation in the hopes of further settlements.

## Jurisdiction and Venue

31.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA Section 306(a).

32.     Venue is proper in this district pursuant to PROMESA Section 307(a).

33.     The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a), made applicable to these cases by PROMESA Section 301(a), and Bankruptcy Rule 7026, *et seq.*, made applicable to these cases by PROMESA Section 310.

### Relief Requested

34.     By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), setting the Disclosure Statement Hearing for **March 1, 2023**, or as soon thereafter as the Court's schedule permits.  The Debtor also requests the establishment of the following deadlines and procedures in connection with the Debtor's Disclosure Statement approval process (the "Disclosure Statement Scheduling Procedures"):

- **Disclosure Statement Objection Deadline**:  5:00 p.m., Atlantic Standard Time, on February 10, 2023 as the deadline to file objections to (i) the adequacy of the Disclosure Statement, (ii) the relief requested in the Disclosure Statement Motion, and (iii) the relief requested in the Confirmation Discovery Procedures Motion (each, an "Objection").  Objections to the adequacy of the Disclosure Statement must (i) state the name and address of the objector or entity proposing a modification to the Disclosure Statement (or objecting to the Disclosure Statement Motion or the Confirmation Discovery Procedures Motion), and the amount (if applicable) of its claim or nature of its interest in the Title III Case, and (ii) specify the basis and nature of any objection and, with respect to any objections to the Disclosure Statement, set forth the proposed modification to the Disclosure Statement, together with suggested language.

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on February 17, 2023 as the deadline for the Debtor or other parties in interest to file replies or responses to the Objections and a revised Disclosure Statement, if necessary.

35.     In addition, the Debtor respectfully requests the establishment of procedures regarding access to the centralized electronic document depository (the "Depository"),[11] consistent with those approved by this Court in the DS Discovery Orders, governing the provision of

---

[11]  For the avoidance of doubt, the website on which the Depository is accessible will be the same website as the depository established to review documents and information related to the Plan, titleiiiplandataroom.com.

documents in connection with the Debtor's Disclosure Statement approval process, attached to the Proposed Order as **Exhibit 1**.  The proposed procedures (the "Depository Procedures") include provisions concerning: (i) the establishment of the Depository and procedures for access to pertinent materials relating to the Disclosure Statement contained therein and confirmation of the Plan; (ii) confidentiality protections and limitations on access to the foregoing materials, as appropriate; and (iii) protections against the inadvertent waiver of privileges, attorney work-product, and other immunities from disclosure as necessary to foster access to the pertinent materials without undue delay.

36.     Pursuant to the Depository Procedures, eligible creditors of the Debtor and their representatives will be permitted to access public, non-confidential information after completing an electronic application certifying that they, or the person they represent, are a creditor of PREPA. The Debtor will also make relevant confidential information available to eligible creditors of the Debtor and their representatives if, in addition to the eligibility certification, such creditors agree to the terms of a protective order (the "Protective Order") attached as **Exhibit 2** to the Proposed Order, which the Debtor respectfully requests the Court approve.  The Protective Order governs obligations concerning access to and sharing of confidential information and is designed to ensure that creditors of the Debtor do not share confidential information with parties who do not have a legitimate interest in it.  If a creditor of the Debtor wishes to access confidential information in addition to public documents, they will be required to sign an acknowledgement that they have read the Protective Order and agree to abide by its terms, substantially in the form attached to the Proposed Order as **Exhibit 3** (the "Protective Order Subscription").  The Depository website shall be made available to creditors in English and Spanish, but the Debtor shall not be obligated to provide English- or Spanish-language translations of any documents placed in the Depository.

37.     These uniform procedures, which mirror those employed in connection with the Commonwealth's and HTA's Title III proceedings, will allow creditors access to information in an orderly, expeditious, and efficient fashion on a consistent timeline, without the need for wasteful motion practice on an individual basis, or for other motions seeking expedited relief before this Court.  They will also help ensure that confidential information is appropriately safeguarded.

38.     If the Debtor is unable to establish and implement a uniform set of deadlines and procedures, parties in interest may face unnecessary confusion and the Debtor may face improper and unnecessary requests that may delay the most critical aspects of its Title III process.  Such a result could unnecessarily impede and delay the approval of the Disclosure Statement, the confirmation of the Plan, and, ultimately, PREPA's ability to consummate the Plan and exit Title III in 2023.  The proposed deadlines and procedures will streamline the process and assist the Debtor in focusing on its constituencies, operations, and restructuring efforts, while not prejudicing any party's rights.

### **Basis for Relief**

**A.      Establishment of the Disclosure Statement Scheduling Procedures is Appropriate.**

39.     This Court has authority to approve the Disclosure Statement Scheduling Procedures pursuant to its inherent power to manage its docket.  *See*, *e.g.*, *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) (district courts retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner); *In re Kitts*, 442 B.R. 818, 829 (D. Utah 2010) (noting that the "bankruptcy court had the inherent authority to manage its case load and calendar").  Section 105(a) of the Bankruptcy Code, made applicable to this Title III Case pursuant to PROMESA Section 301(a), codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

16

40.     Absent the establishment of the Disclosure Statement Scheduling Procedures, as requested herein, the Disclosure Statement approval process would be covered by the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures").  The Case Management Procedures would require parties in interest to file objections to the Disclosure Statement and Disclosure Statement Motion fifteen (15) calendar days before the proposed Disclosure Statement Hearing, and replies by the Debtor to any objections seven (7) calendar days before the Disclosure Statement Hearing.

41.     Parties in interest will not be prejudiced by the Debtor's proposed timeline, as they will have eight (8) weeks from the filing of the Disclosure Statement to consider their objections, if any, to the Disclosure Statement.  The Debtor is requesting that the Disclosure Statement Hearing be held approximately eleven (11) weeks after the filing of this Motion and the Disclosure Statement on December 16, 2022, pursuant to a proposed schedule that would provide parties in interest ample time to review the Plan and Disclosure Statement, as well as any modifications or supplements.  This timing will provide parties in interest ample opportunity to work with the Debtor to resolve objections, if any, they may have with respect to the Disclosure Statement.

42.     The Debtor's proposed Disclosure Statement Objection Deadline is twelve (12) days before the Disclosure Statement Hearing.  This deadline will give the Debtor sufficient opportunity to resolve (and to the extent necessary, respond to) any objections, and will provide this Court with time to consider any objections in advance of the Disclosure Statement Hearing.[12] Thus, the Debtor's proposed Disclosure Statement Scheduling Procedures will streamline the Disclosure Statement Hearing for the benefit of the Court and all parties in interest.

---

[12]   The Disclosure Statement is approximately 400 pages.

43.     In sum, the Debtor believes the approval of the Disclosure Statement Scheduling
Procedures is an appropriate use of this Court's equitable and inherent powers because the
proposed schedule allows the Debtor to comply with the Confirmation Schedule Order, maintains
a reasonable trajectory for this Title III Case, provides parties in interest with a full and fair
opportunity to consider the proposed Plan and Disclosure Statement, and allows the Court
additional time to consider any objections and replies in connection with approval of the
Disclosure Statement.   The Debtor therefore respectfully requests that the Court approve the
Disclosure Statement Scheduling Procedures.

**B.     The Disclosure Statement Hearing Notice Should Be Approved**

44.     Bankruptcy Rules 3017(a) and 2002, made applicable pursuant to PROMESA
Section 310, require that twenty-eight (28) days' notice be given by mail to all creditors of the
time fixed for filing objections and the hearing to approve a disclosure statement, subject to the
Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  The Debtor proposes
to serve as soon as practicable[13] following the entry of the Proposed Order the notice of the hearing
on the Disclosure Statement Motion substantially in the form attached hereto as **<u>Exhibit B</u>** (the
"<u>Disclosure Statement Notice</u>"), by electronic transmission, by overnight mail, or by first-class
mail upon all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017 (the
"<u>Notice Parties</u>").  As noted above, the Disclosure Statement is being filed concurrently herewith,
and parties will have fifty-seven (57) days from the filing of the Disclosure Statement to consider
their objections pursuant to the Debtor's proposed Disclosure Statement Scheduling Procedures.
The Disclosure Statement Notice will provide parties more than twenty-eight (28) days' notice of

---

[13]   The Debtor anticipates completing service of the Disclosure Statement Notice within three (3) business days of
entry of the Proposed Order.

the Disclosure Statement Hearing and the proper procedures and content of any responses and objections to the Disclosure Statement, including the time, date, and place for filing objections to the Disclosure Statement.   Accordingly, the Debtor believes that the proposed Disclosure Statement Notice provides parties in interest with sufficient notice of the Disclosure Statement Hearing and the deadline to object to the Disclosure Statement and requests the Court approve such notice as adequate.

### C.   The Depository Procedures Should Be Approved

45.   Section 105(a) of the Bankruptcy Code, made applicable by PROMESA Section 301(a), provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Pursuant to Bankruptcy Code section 105(a), the court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the restructuring process.  *See, e.g.*, *In re Energy Res. Co., Inc.*, 871 F.2d 223, 230 (1st Cir. 1989), *aff'd sub nom. United States v. Energy Res. Co.*, 495 U.S. 545, 110 S. Ct. 2139, 109 L. Ed. 2d 580 (1990) (noting the bankruptcy court's "broad equitable powers" including those under Bankruptcy Code section 105(a)); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

46.   The Debtor anticipates that some parties in this Title III Case may seek additional information from the Debtor in connection with their consideration of the adequacy of the Disclosure Statement.  Given the history of this Title III Case, the number of interested parties, and the potential objections to approval of the Disclosure Statement, the Debtor anticipates that

information requests may be duplicative and/or may go beyond what is necessary or appropriate to evaluate the adequacy of the information contained in the Disclosure Statement. The Depository Procedures will provide creditors with access to relevant documents in the Depository, and will obviate the need for duplicative and unnecessary information requests.

47.    The Depository Procedures will accomplish the same goal as those approved by this Court pursuant to the DS Discovery Orders, and serve to assist in providing creditors access to relevant documents (including creating a single location for access to documents that are publicly available on different websites and at numerous locations), while also appropriately safeguarding confidential information. The form of the Protective Order attached as **Exhibit 2** to the Proposed Order is designed to ensure that eligible creditors of the Debtor have access to documents not otherwise publicly available only for purposes consistent with their interest in the Title III process and to evaluate the Disclosure Statement, and not for any other purpose, and prohibits such creditors who are granted access to these documents from disseminating or sharing such materials with third-parties.

48.    Procedures approved by courts in this and other districts do offer a model for streamlining creditor access to documents for the benefit of all parties in interest—goals that are present here. Relief similar to that requested in this Motion has been granted in other large, complex bankruptcy cases in connection with evaluation of disclosure statements and confirmation of plans. *See, e.g.*, *In re The Fin. Oversight and Mgmt. Bd. For P.R.*, Case No. 17-3567-LTS (D. P.R. May 5, 2022) [ECF No. 1171]; *In re The Fin. Oversight and Mgmt. Bd. For P.R.*, Case No. 17-3283-LTS (D. P.R. May 4, 2021) [ECF No. 16681]; *In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017) [Docket No. 148]; *In re Maxus Energy Corp.*,

*et al.*, Case No. 16-11501(CSS) (Bankr. D. Del. Feb. 17, 2017) [Docket No. 907]; *In re Enron*

*Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), [Docket No. 16233].

49.     The Depository Procedures are designed to enable this Title III Case to proceed

under an expeditious and efficient process, to reduce the duplicative or unnecessary requests that

would be contrary to those goals, and to permit access to documents to those who have a legitimate

interest while also protecting confidential information.  The Debtor believes providing materials

pursuant to uniform global procedures will assist in the efficient administration of the Debtor's

Title III Case without unnecessary litigation expense, and, ultimately, the maximization of value

for the Debtor and its stakeholders.  Accordingly, the Debtor submits that the relief requested in

this Motion is in the best interests of this Title III Case and its stakeholders, and should be granted

in all respects.

**D.      Compliance With Case Management Procedures**

50.     Pursuant to Paragraph 1.H of the Case Management Procedures, the Debtor hereby

certifies that it has carefully examined the matter and concluded that there is a true need for an

urgent motion; it has not created the urgency through any lack of due diligence; has made a bona

fide effort to resolve the matter; has made reasonable, good-faith communications in an effort to

resolve the issues that are being brought to the Court.

## Notice

51.     Notice of this Motion will be provided by facsimile, electronic mail transmission,

regular mail and/or hand delivery to the following parties: (a) the Office of the United States

Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for

bonds issued by PREPA; (c) counsel for the Ad Hoc Group of PREPA Bondholders; (d) counsel

for Assured; (e) counsel for National; (f) counsel for Syncora; (g) counsel for the Fuel Line

Lenders; (h) counsel for UTIER; (i) counsel for SREAEE; (j) the entities on the list of creditors holding the 20 largest unsecured claims against PREPA; (k) the statutory committees appointed in any of the Title III cases; (l) the Office of the United States Attorney for the District of Puerto Rico; (m) counsel to AAFAF; (n) the Puerto Rico Department of Justice; (o) the United States Securities and Exchange Commission; (p) all parties filing a notice of appearance in this Title III case.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

52.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

**WHEREFORE** the Debtor respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting the Debtor such other and further relief as is just.

Dated: December 16, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
    ppossinger@proskauer.com
    ebarak@proskauer.com
    ddesatnik@proskauer.com

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for PREPA*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorney for the Financial Oversight and*
*Management Board as representative for*
*PREPA*

## Exhibit A

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the urgent motion (the "Motion")[2] of the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") in its capacity as sole representative of PREPA (the "Debtor" under PROMESA Section 315(b)), requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement, the Disclosure Statement Motion, and the Confirmation Discovery Procedures Motion, and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS FOLLOWS:

1.      The Motion is granted as modified herein.

2.      The Disclosure Statement Notice is approved.

**Disclosure Statement Scheduling Procedures**

3.      The following Disclosure Statement Scheduling Procedures are approved:

- **Disclosure Statement Hearing**: 9:30 a.m., Atlantic Standard Time, on March 1, 2023, as the time and date for the Disclosure Statement Hearing, as such date may

---

2   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

be adjourned by the Court or the Debtor pursuant to a notice filed on the docket
maintained in these Title III Cases;

- **Disclosure Statement Objection Deadline**:  5:00 p.m., Atlantic Standard Time,
  on February 10, 2023 as the deadline to file objections to (i) the adequacy of the
  Disclosure Statement, (ii) the relief requested in the Disclosure Statement Motion,
  and (iii) the relief requested in the Confirmation Discovery Procedures Motion
  (each, an "Objection").  Objections to the adequacy of the Disclosure Statement
  must (i) state the name and address of the objector or entity proposing a
  modification to the Disclosure Statement (or objecting to the Disclosure Statement
  Motion), and the amount (if applicable) of its claim or nature of its interest in the
  Title III Case, and (ii) specify the basis and nature of any objection and, with respect
  to any objections to the Disclosure Statement, set forth the proposed modification
  to the Disclosure Statement, together with suggested language.

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on
  February 17, 2023, as the deadline for the Debtor or other parties in interest to file
  replies or responses to the Objections.

**Depository**

4.      The Depository Procedures set forth on **Exhibit 1** hereto are approved.  The Debtor

is authorized to establish and maintain the Depository in accordance with the Depository

Procedures no later than five (5) business days after entry of this Order.

**Confidentiality**[3]

5.      The Debtor has established good cause for entry of an order, attached hereto as

**Exhibit 2**, governing Confidential Information in connection with the Depository.  The Protective

Order set forth on **Exhibit 2** hereto is approved in all respects.  The Debtor is authorized to

implement the procedures and requirements set forth in the Protective Order, including execution

of the Protective Order Subscription attached hereto as **Exhibit 3**.

6.      Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of

Confidential Information (as defined in the Protective Order) by the Debtor in connection with the

---

[3]   Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning
      ascribed to those terms in **Exhibit 2** hereto.

Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

7. <u>No Warranty of Accuracy</u>. Each Eligible Creditor understands that the Producing Parties (as defined in **Exhibit 2** to this Order) will endeavor to include in the Confidential Information materials relevant for the purpose of evaluation of the Disclosure Statement, but each Eligible Creditor acknowledges that the Producing Parties do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Producing Parties shall have any liability to any Eligible Creditor or its representatives resulting from the use of such information by an Eligible Creditor or its representatives.

8. <u>No Waiver</u>. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

9. Upon entry hereof, the Debtor shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**<u>Miscellaneous</u>**

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

13. This Order resolves Docket Entry No. _____ in Case No. 17-4780.

Dated: _____, 2022
     San Juan, Puerto Rico

_____

Laura Taylor Swain
United States District Court Judge

## Exhibit 1

### Depository Procedures

1.     The Debtor is authorized to establish and populate an electronic document depository (the "Disclosure Statement Depository") which shall include factual source materials and raw data underlying the Disclosure Statement (including but not limited to factual source materials and raw data underlying the analysis of the Debtor's assets, the cash restriction analysis, and the best interest test report), as well as documents relating to the nature of claims and classification under the Plan (collectively, the "Documents").

2.     Creditors may request access to the Depository by visiting titleiiiplandataroom.com.

3.     The Depository will be made available only to the following parties or their representatives (collectively, "Eligible Creditors"): (*i*) creditors of the Debtor for which a master proof of claim has been filed on such creditor's behalf that has not otherwise been disallowed or expunged, (*ii*) creditors of the Debtor who have filed a proof of claim against the Debtor that has not been disallowed or expunged, (*iii*) creditors who were not required to file a proof of claim pursuant to the Bar Date Orders,[1] or (*iv*) creditors who are listed on the Debtor's List of Creditors [Case No. 17-4780, ECF No. 520, as may be modified], in an amount greater than $0.00.

4.     All Eligible Creditors wishing to access the Depository must first navigate to titleiiiplandataroom.com; request access to the site; designate whether they wish to have access to non-confidential documents only or to confidential documents as well; affirm they are or represent a creditor of the Debtor; provide certain biographical information, including their name, address,

---

[1]   "Bar Date Orders" refers to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [Case No. 17-3283, ECF No. 2521] and the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Case No. 17-3283, ECF No. 3160].

telephone number, email address, proof of claim number (if available), and identify their creditor type, and if they are not the creditor, the name of the creditor and, if applicable, the representative institution they are associated with; and certify that they are eligible for access to the Depository pursuant to categories (*i*)-(*iv*) in paragraph 3 above.  Access requests will be processed as promptly as reasonably practicable.

5.      Eligible Creditors granted access to the Depository will receive access to all non-confidential materials posted in the Depository.  To the extent Eligible Creditors also wish to access Confidential Information, such parties must agree to comply with the Protective Order annexed as **Exhibit 2** to the Order, and execute the Protective Order Subscription annexed as **Exhibit 3** to the Order.  The Protective Order Subscription will be available to creditors by visiting titleiiiplandataroom.com and requesting access to confidential documents.  Creditors will then be directed to OnTask, a secure online signing service, in order to review the Protective Order and submit an Eligible Creditor's electronic signature on the Protective Order Subscription.  Any Eligible Creditor who executes the Protective Order Subscription shall be provided access to the Confidential portion of the Depository within one (1) business day of execution and submission thereof, or as soon as reasonably practicable thereafter.

6.      The Depository shall contain an electronic index of all documents in the Depository.  The Debtor shall use its reasonable best efforts to categorize Documents in the Depository by topic; provided, however, that the Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtor shall not be responsible for the mis-categorization of any particular Document and (ii) each Eligible Creditor should not rely upon the categorization of the Documents and should review all categories of Documents in their entirety.

7.      Notwithstanding the placement of any document in the Depository and the review of any such document by an Eligible Creditor, the Oversight Board and the Debtor shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a Document contained in the Depository has been created by the Debtor, such party shall have waived the right to object to the use or introduction of such document on the basis of authenticity.  Additionally, to the extent that the Debtor inadvertently includes privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such protective measures are necessary to provide the requesting parties access to relevant materials in a timely and efficient manner.

8.      In order to streamline access to the Depository and prevent overloading the Depository's website, the Oversight Board may make some or all Documents included in the Depository available to some or all Eligible Creditors by other means, including but not limited to transmitting such Documents via a secure file transfer protocol.  The Oversight Board shall make the determination to provide Documents in such fashion in its own discretion, and all other terms of use and access to the Documents included in the Depository, whether provided via the depository or via secure file transfer protocol (including relating to the use of Confidential Information), shall be identical.

**Exhibit 2**

**Protective Order**

1.      <u>Definitions</u>:

    a.      "<u>Document</u>" means all documents and information in the Depository (the "<u>Data Room</u>").

    b.      "<u>Confidential Information</u>" means all Documents in the Data Room that the Debtor considers in good faith to contain personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtor or other third parties if it was publicly disclosed.

2.      <u>Permissible Use of Confidential Information</u>.  All parties to this Protective Order, including their agents and representatives, agree to maintain the confidentiality and avoid improper disclosure of any Confidential Information in the Data Room.  This includes any information derived from the Confidential Information, such as summaries, copies, or presentations containing or referencing Confidential Information.  All Documents made available in the Depository shall be used only in connection with evaluating the adequacy of information in the Disclosure Statement and the confirmation of the Plan and not for any other purpose.  Each Eligible Creditor will safeguard Confidential Information from unauthorized disclosure with the same standard of care each Eligible Creditor uses in maintaining the confidentiality of its own confidential information of a similar nature.

3.      <u>Confidentiality Subscription</u>.  Eligible Creditors who are interested in obtaining access to Confidential Information will be directed to sign a Protective Order Subscription utilizing OnTask, a secure online signing service.  Before an Eligible Creditor or any of its agents or representatives may access Confidential Information, they must read this Protective

Order and execute the Protective Order Subscription in the form attached as **Exhibit 3** to the Order via OnTask's secure signing service.

        4.    <u>Disclosure of Confidential Information</u>.  Without obtaining the Debtor's prior written consent, Confidential Information may be disclosed only to the following persons:

        a.    any mediator or court (or their representatives) taking part in the administration or adjudication of the Disclosure Statement (collectively, the "<u>Courts</u>"), in compliance with the procedures listed in paragraph 6 below;

        b.    persons who are the authors, addressees, or recipients of documents containing Confidential Information if they have previously had lawful access to those documents;

        c.    professional court reporters and their staff; and

        d.    any Eligible Creditor's agents or representatives, including in house and outside counsel, professional personnel (including but not limited to IT staff), testifying or consulting experts, anticipated or actual witnesses testifying in connection with the Disclosure Statement or Plan, and translators or other outside litigation support vendors (collectively, "<u>Representatives</u>").  Eligible Creditors shall be responsible for ensuring their Representatives read this Protective Order and comply with its terms, and each Eligible Creditor shall be responsible for any breach of this Protective Order by any of their Representatives.  Attorneys for Eligible Creditors may only provide Confidential Information to their clients after their clients visit OnTask's secure signing service and execute the Protective Order Subscription on the OnTask site.

        5.    <u>Demand for Confidential Information</u>.  If an Eligible Creditor or its Representatives are requested or required by court process or law to disclose Confidential Information, the Eligible Creditor will promptly give the Oversight Board written notice (to the attention of Martin J. Bienenstock, Esq. Ehud Barak, Esq., Proskauer Rose LLP, Eleven Times

Square, New York, New York 10036) of such request or requirement as far in advance of any

disclosure as is practicable so the parties may seek an appropriate protective order or waiver in

compliance with provisions of this Protective Order.

6.     Submission of Confidential Information to the Court.  Any Confidential

Information filed with or otherwise submitted to the Court shall be filed or submitted under seal

consistent with the local rules for the United States District Court for the District of Puerto Rico,

and any applicable case management procedures.  If any Confidential Information is used in any

court proceeding, it shall not lose its designation through such use.  Confidential Information shall

not be copied or reproduced in an Eligible Creditor's objection to the Disclosure Statement, unless

it is reasonably necessary to include Confidential Information in such an objection.  If so, the

Eligible Creditor's objection must be filed under seal in accordance with the requirements of the

United States District Court for the District of Puerto Rico, and all copies shall be subject to this

Protective Order and must include a "CONFIDENTIAL" designation.

7.     Challenges to Designations of Confidentiality.  If an Eligible Creditor

believes any documents contained in the Depository have been improperly designated by the

Debtor as containing Confidential Information, the Eligible Creditor may, after attempting to

resolve the matter by agreement, apply to the Court for a ruling that certain documents or testimony

designated as Confidential Information, or the information therein, is not entitled to confidential

status or protection.  The confidential status of the documents, testimony, or information at issue

shall be maintained pending the Court's ruling on the motion and any appeal therefrom.  The

Debtor's failure to designate Documents as "CONFIDENTIAL" shall not be deemed a waiver in

whole or in part of the claim of confidentiality.  Upon prompt notice from the Oversight Board of

a failure to designate, Eligible Creditors and their Representatives shall cooperate to restore the confidentiality of the Confidential Information.

8.       Nonwaiver of Privileges.  Disclosure of documents (including documents containing Confidential Information) pursuant to the terms of this Protective Order shall not be deemed to waive attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information.  If an Eligible Creditor or their Representative reviews any information in the Data Room that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appears to be subject to a legally recognized privilege, the Eligible Creditor or their Representative shall provide immediate notice to the Debtor and shall not review the information.  Upon notification by the Debtor that it has inadvertently included information in the Depository that should not have been included (whether because of applicable privilege or otherwise), each Eligible Creditor shall certify that they have deleted or destroyed any downloaded or printed copies of such documents within twenty-four (24) hours of notification.

9.       Return or Destruction of Confidential Information Upon Plan Confirmation. Within sixty (60) days after the entry of a final order (or orders) confirming the Plan, or the exhaustion of any appeals relating thereto, Confidential Information and all copies of same, and all documents containing or referring to Confidential Information, and copies of any pleading or paper filed of record with the Court, shall either be returned to the Debtor or destroyed.

10.       Application of Securities Laws.  Any Eligible Creditor who signs a Protective Order Subscription understands that, as a result of the receipt of Confidential Information, he, she, or it may be deemed to be in possession of material, nonpublic information relating to the Debtor, and that the United States securities laws apply to such person.  If an Eligible

4

Creditor or its Representative who signs a Protective Order Subscription also trades securities, such person represents that it will ensure such trades do not violate any federal or state securities laws.

11.    <u>Remedies, Jurisdiction and Governing Law</u>.  Specific performance and injunctive relief are available as nonexclusive remedies upon proof of any breach of this Protective Order.  Each Eligible Creditor and the Debtor shall confer in good faith over any disagreement in connection with this Protective Order before claiming noncompliance to any third party or this Court, <u>provided</u> that the Debtor shall have the right to refuse continued access to the Data Room to such Eligible Creditor and its Representatives if the Debtor determines that such Eligible Creditor has breached its obligations.

*[Remainder of page intentionally left blank]*

**Exhibit 3**

**Protective Order Subscription**

I hereby certify to the Oversight Board[1] and the Puerto Rico Electric Power Authority that I have read the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated ___, 2022 (the "<u>Order</u>") and the Protective Order attached as **<u>Exhibit 2</u>** thereto, and that I understand that I may not disclose any Confidential Information (as defined in the Protective Order) except as provided in the Protective Order.  I further recognize that I am bound by the terms of the Protective Order and I agree to comply with those terms and submit to the jurisdiction of the United States District Court for the District of Puerto Rico for purposes of enforcement of the Order, the Protective Order, and this Protective Order Subscription.

Dated: _____

_____
Signature

Name:   _____

Address:   _____

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*.

**Exhibit B**

**Disclosure Statement Notice**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF FILING OF DISCLOSURE STATEMENT FOR THE TITLE III PLAN OF ADJUSTMENT OF THE PUERTO RICO ELECTRIC POWER AUTHORITY AND HEARING THEREON

    **PLEASE TAKE NOTICE** that, on December 16, 2022, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole representative of the Puerto Rico Electric Power Authority (the "PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed with the United States District Court for the District of Puerto Rico (the "Court"):

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(i)     the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, [ECF No. ____] (as the same may be amended or modified, including all exhibits and attachments thereto, the "<u>Plan</u>"),

(ii)    the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, [ECF No. ____] (as the same may be amended or modified, including all exhibits and attachments thereto, the "<u>Disclosure Statement</u>"),

(iii)   the *Motion of Puerto Rico Electric Power Authority for Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots and Voting Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. _____] (the "<u>Disclosure Statement Motion</u>"), and

(iv)    the *Motion of Puerto Rico Electric Power Authority for Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. ____] (the "<u>Confirmation Discovery Procedures Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that the Debtor intends to present the Disclosure Statement, and any amendments, supplements, changes, or modifications thereto, for approval at a hearing before the Honorable Laura Taylor Swain on **February 28, 2023 at 9:30 a.m. (Atlantic Standard Time)** convened by remote hearing through Zoom for Government (or as otherwise provided pursuant to an order of the Court) (the "<u>Disclosure Statement Hearing</u>").  The Disclosure Statement may be amended at any time prior to or at the Disclosure Statement Hearing.  The Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) through the agenda for the Disclosure Statement Hearing and/or at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE** that information relating to the adequacy of the information contained in the Disclosure Statement is available online in the Depository at <u>titleiiiplandataroom.com</u>.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the approval of the Disclosure Statement, the Disclosure Statement Motion, or the Confirmation Discovery Procedures Motion must:

(i)     be in writing, in English, and be signed,

(ii)    conform to the Federal Rules of Bankruptcy Procedures and the *Sixteenth Amended Case Management Procedures* [Case No. 17-3283, ECF No. 20190-1] (the "<u>Case Management Procedures</u>"),

(iii) state the name and address of the objector or entity proposing a modification to the Disclosure Statement (or objecting to the Disclosure Statement Motion or the Confirmation Discovery Procedures Motion), and the amount (if applicable) of its claim or nature of its interest in the Debtor's Title III Case,

(iv) specify the basis and nature of any objection and, with respect to any objections to the Disclosure Statement, set forth the proposed modification to the Disclosure Statement, together with suggested language,

(v) be filed electronically with the Court on the docket in (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system, **on or before February 10, 2023 at 5:00 p.m. (Atlantic Standard Time)** (the "Objection Deadline"),

  a. If you are <u>not</u> represented by counsel, you may instead mail your Objection to the Court's Clerk's office at:

  United States District Court, Clerk's Office
  150 Ave. Carlos Chardon Ste. 150
  San Juan, P.R. 00918-1767

  so as to be received on or before the Objection Deadline; and

(vi) be served upon the following parties so as to be received on or before the Objection Deadline:

- the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Puerto Rico Electric Power Authority);

- the attorneys for the Oversight Board as representative of the Debtor, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., and Ehud Barak, Esq.;

- the co-attorneys for the Oversight Board as representative of the Debtor, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq.;

- the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Peter Friedman, Esq., and Maria J. DiConza, Esq.;

- the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, MCS Plaza, Suite 500, 255 Ponce

de León Ave., San Juan PR 00917, Attn: Luis C. Marini-Biaggi, Esq. and Carolina Velaz-Rivero, Esq.;

- the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.;

- the attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.; and

- all parties that have requested notice pursuant to Rule 2002 of the Bankruptcy Rules (available on the website maintained by the Debtor's claims and noticing agent (see "Master Service List"), https://cases.ra.kroll.com/puertorico/).

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan and the Disclosure Statement may be obtained by visiting the website maintained by the Debtor's claims and noticing agent in the PROMESA Title III cases, https://cases.ra.kroll.com/puertorico/; by sending a request to Kroll Restructuring Administration LLC,[3] at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com, or, for a fee, from the Court's website, https://www.prd.uscourts.gov/.  A PACER login and password are required to access documents on the Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Hard copies of the Plan and the Disclosure Statement are available upon request to the Debtor's claims and noticing agent at the phone number or email address above.

*[Remainder of page intentionally left blank]*

---

[3]   On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

Dated: _____, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      ddesatnik@proskauer.com

*Attorneys for the Financial
Oversight and Management Board
as representative for PREPA*

/s/
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorney for the Financial Oversight and
Management Board as representative for
PREPA*

## <u>Exhibit C</u>

**Proposed Order**

**(Briefing Schedule for Urgent Motion)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*., <br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                              Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**ORDER SCHEDULING BRIEFING OF URGENT MOTION OF PUERTO RICO
ELECTRIC POWER AUTHORITY FOR ORDER (I) SCHEDULING A HEARING TO
CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE
DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING
OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO,
(III) APPROVING FORM AND MANNER OF NOTICE THEREOF,
(IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN
CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last  Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Court has received and reviewed the *Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (the "Urgent Motion")[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA");[3] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA Section 306; and it appearing that venue in this district is proper pursuant to PROMESA Section 307; and the Court having found that the briefing schedule requested in the Urgent Motion is in the best interests of the Debtor and its creditors; and the Court having found that adequate and appropriate notice of the Urgent Motion has been provided under the circumstances and that no other or further notice is required; and the Court having determined that the factual bases set forth in the Urgent Motion with respect to the briefing schedule establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The briefing schedule requested in Paragraph 7 of the Urgent Motion is granted as set forth herein.

2.      The deadline to object to the Urgent Motion shall be December 23, 2022 at 4:00 p.m. (Atlantic Standard Time).

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Urgent Motion.

[3]    PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

3.      The deadline to file a reply shall be December 30, 2022 at 4:00 p.m. (Atlantic

Standard Time).

4.      The Court will thereafter take the Urgent Motion on submission, unless the Court

determines that a hearing is necessary.


Dated: December ___, 2022


_____
LAURA TAYLOR SWAIN
United States District Court Judge