**Hearing Date [Proposed]: February 28, 2023**
**Objection Deadline [Proposed]: February 10, 2023 at 5:00 p.m. (Atlantic Standard Time)**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

### MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE AND CONFIRMATION SCHEDULE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS AND VOTING PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING AND CONFIRMATION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last  Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

Preliminary Statement ...........................................................................................................1

Background ...........................................................................................................................8

Jurisdiction and Venue .......................................................................................................15

Relief Requested .................................................................................................................15

Basis for Relief ...................................................................................................................17

      A.     Approval of the Disclosure Statement ................................................17

      B.     Fixing the Voting Record Date .........................................................22

      C.     Establishing Notice, Objection Procedures, and Deadlines for Hearing on
Confirmation of the Plan .................................................................................25

            (i)     Setting the Confirmation Hearing .........................................25

            (ii)    Approval of the Confirmation Hearing Notice .........................26

            (iii)   Establishing Objection Procedures and Deadlines for Confirmation
of the Plan .................................................................................29

            Confirmation Objection Deadline .........................................30

            Debtor's Reply Deadline.......................................................31

      D.     Approval of the Solicitation Package and Distribution Procedures.....................31

      E.     Approving Forms of Ballots and Voting Procedures............................................37

      The Bond Classes (1-2)....................................................................................38

            Voting ....................................................................................38

            Voting Procedures .................................................................39

      Non-Bond Claims..............................................................................................40

      F.     Fixing Voting Deadline......................................................................41

      G.     Approval of the Notice of Non-Voting Status ....................................43

      H.     Approval of Vote Tabulation Procedures ............................................45

No Prior Request..................................................................................................................50

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<span style="font-variant: small-caps;">Cases</span>

*Century Glove, Inc. v. First Am. Bank of N.Y.*,
    860 F.2d 94 (3d Cir. 1988)..................................................................18, 19

*In re Buckingham Oil Interests, Inc.*,
    Case No. 15-13441-JNF (Bankr. D. Mass. Dec. 22, 2015) ..................................34

*In re City of Detroit*,
    524 B.R. 147 (Bankr. E.D. Mich. 2014) ...............................................21

*In re Clamp-All Corp.*,
    233 B.R. 198 (Bankr. D. Mass. 1999) ......................................17, 18, 19

*In re E. Me. Elec. Coop*,
    125 B.R. 329 (Bankr. D. Me. 1991).....................................................19

*In re Ferretti*,
    128 B.R. 16 (Bankr. D.N.H. 1991) .............................................18, 19, 21

*In re GST Autoleather, Inc.*,
    No. 17-12100 (LSS) (Bankr. D. Del. Mar. 12, 2018) ...........................34

*In re GT Advanced Techs. Inc.*,
    Case No. 14-11916-HJB (Bankr. D.N.H. Feb. 2, 2016) .......................34

*In re Oxford Homes, Inc.*,
    204 B.R. 264 (Bankr. D. Me. 1997).............................................. passim

*In re Phoenix Petroleum Co.*,
    278 B.R. 385 (Bankr. E.D. Pa. 2001) .................................................21

*In re V & M Mgmt.*,
    215 B.R. 895 (Bankr. D. Mass. 1997) ................................................20

*In re Women's Apparel Grp., LLC*,
    Case No. 11-16217-JNF (Bankr. D. Mass. May 10, 2012) ..................34

*Kaufman v. Pub. Serv. Co. (In re Public Serv. Co.)*,
    43 F.3d 763 (1st Cir. 1995).................................................................17

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*,
    337 F.3d 314 (3d Cir. 2003)..........................................................18, 19

*Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*,
   848 F.2d 414 (3d Cir. 1988) .................................................................................................19

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
   81 F.3d 355 (3d Cir. 1995) .............................................................................................18, 19

*Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*,
   844 F.2d 1142 (5th Cir. 1988) .............................................................................................19

**STATUTES & RULES**

11 U.S.C. § 105 .............................................................................................................................15

11 U.S.C. § 502 .............................................................................................................................15

11 U.S.C. § 510(b) ........................................................................................................................44

11 U.S.C. § 1125 .......................................................................................................15, 18, 22, 32

11 U.S.C. § 1125(a)(1) ............................................................................................................17, 18

11 U.S.C. § 1125(b) ......................................................................................................................17

11 U.S.C. § 1126(a) ................................................................................................................15, 45

11 U.S.C. § 1126(b) ......................................................................................................................15

11 U.S.C. § 1126(c) ..............................................................................................................15, 45, 47

11 U.S.C. § 1126(e) ......................................................................................................................15

11 U.S.C. § 1126(f) ................................................................................................................15, 35

11 U.S.C. § 1126(g) ...............................................................................................................15, 35

11 U.S.C. § 1128 ...........................................................................................................................15

11 U.S.C. § 1129(a)(10) ..................................................................................................................3

48 U.S.C. §§ 2101-2241 ..................................................................................................................1

48 U.S.C. § 2175 .............................................................................................................................9

22 L.P.R.A. § 196 ...........................................................................................................................8

PROMESA § 101(b) .......................................................................................................................9

PROMESA § 104(j) ......................................................................................................................10

PROMESA § 206............................................................................................................10

PROMESA § 301(a) .....................................................................................................15

PROMESA § 301(c)(3).............................................................................................38, 39

PROMESA § 304............................................................................................................9

PROMESA § 304(a) .....................................................................................................10

PROMESA § 306(a) .....................................................................................................15

PROMESA § 307(a) .....................................................................................................15

PROMESA § 310............................................................................................................15

PROMESA § 315............................................................................................................9

Fed. R. Bankr. P. 2002(b) ......................................................................................25, 26

Fed. R. Bankr. P. 3001(e) ..............................................................................................24

Fed. R. Bankr. P. 3017(a) ..............................................................................................27

Fed. R. Bankr. P. 3017(c) ........................................................................................25, 41

Fed. R. Bankr. P. 3017(d) ........................................................................................ passim

Fed. R. Bankr. P. 3018 ..................................................................................................48

Fed. R. Bankr. P. 3018(a) .........................................................................23, 45, 47, 48

Fed. R. Bankr. P. 3020(b)(1)........................................................................................29

Fed. R. Bankr. P. 9019 ..................................................................................................11

**OTHER AUTHORITIES**

U.S. Census Bureau quickfacts: Puerto Rico,
   https://www.census.gov/quickfacts/fact/table/PR/PST045221 (last visited Nov
   28, 2022) ............................................................................................................6

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this motion (the "Motion") for an order (i) approving the adequacy of information in the proposed Disclosure Statement (as defined below), (ii) fixing a Voting Record Date (as defined below)[2] for voting to accept or reject the Plan (as defined below), (iii) approving the Confirmation Hearing Notice (as defined below) and confirmation schedule, (iv) approving the proposed contents of the Solicitation Package (as defined below) and procedures for distribution thereof, (v) approving the forms of ballots and notices, and establishing solicitation, voting, and balloting procedures, (vi) approving the form and manner of Notice of Non-Voting Status (as defined below), (vii) fixing the Voting Deadline (as defined below), and (viii) approving procedures for tabulating creditor votes.  In support of this Motion, the Debtor respectfully states as follows:

## **Preliminary Statement**

1.     This Motion seeks, among other things, approval of the proposed *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") as containing adequate information for PREPA's stakeholders to make informed judgments about PREPA's proposed *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (as

---

[1]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2]   For the avoidance of doubt, and as further detailed in this Motion, the Voting Record Date will not be applicable to claims in the Bond Classes (as defined below).

may be amended, modified, or supplemented from time to time, the "Plan")[3] filed concurrently herewith.

2.      Congress, in enacting PROMESA, tasked the Oversight Board to restructure PREPA's debt and operations so it can achieve fiscal responsibility, access to the capital markets at reasonable rates, and provide effective services such as delivering clean power at a low enough cost to facilitate a sustainable and growing economy. Subject to attaining those statutory mandates, the Oversight Board's goal is to maximize creditor recoveries on allowable claims, taking into account the legal merits of creditors' asserted secured status, priority, and amount of their respective claims. The Oversight Board believes the Plan certified and filed is a confirmable plan that achieves these purposes, is supported by two classes of PREPA creditors, accounts for the outcomes of pending litigation, and provides meaningful recoveries for creditors and retirees. At the same time, the Plan would keep PREPA's rates within affordable levels and ensure that PREPA would not be susceptible to accelerated load reduction due to solar defection.

3.      Settlements under the Plan. The Plan is emblematic of the Oversight Board's strong preference for settlements. With the dedication and guidance of the Honorable Shelley C. Chapman, Honorable Robert D. Drain, and Honorable Brendan L. Shannon (collectively, the "Mediation Team"), the Oversight Board and the Fuel Line Lenders,[4] owners of over $700 million in unsecured claims with an asserted seniority over the Bonds, reached agreement with respect to the treatment of the Fuel Line Lenders' claim pursuant to a plan of adjustment for PREPA, memorialized in that certain Plan Support and Settlement Agreement, dated as of December 1,

---

[3]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[4]   The Fuel Line Lenders are comprised of Cortland Capital Market Services LLC, as successor administrative agent under a Credit Agreement, dated May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and certain lenders, and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD and Ultra NB LLC, as lenders under a Trade Finance Facility Agreement, dated July 20, 2012, between PREPA and Citibank, N.A.

2022 (the "Fuel Line Lender PSA").  In full satisfaction of their claims, for which they asserted

payment in full plus interest and expenses, the Fuel Line Lenders will receive, among other

consideration, Series A Bonds in the amount of eighty-four percent (84%) of their Allowed Claim,

with the potential for payment in full of their prepetition claim if the Oversight Board prevails on

the Amended Lien & Recourse Challenge.  The Plan is also supported by a settlement with Vitol

Inc., which agreed to take fifty percent (50%) of the treatment provided to holders of General

Unsecured Claims on account of its approximately $41 million allowed claim.  As a result of these

settlements, the Plan contains two impaired accepting classes satisfying the requirement of

Bankruptcy Code section 1129(a)(10) that there be one impaired accepting class.

4.      In addition to reaching these settlements, and cognizant of the fact the Oversight

Board has not reached a global consensual agreement, the Plan still leaves the door open for future

settlements with all or some of the bondholders and other constituencies.

5.      Key Features of the Plan.  Consistent with the above, a key feature of the Plan is its

inclusion of two separate classes for bond claims—one for bondholders that wish to settle and one

for bondholders that wish to litigate.  Uninsured Bondholders and Monoline Insurers who choose

to settle their claims will receive Series B Bonds in the face amount equal to the product of (i) fifty

percent (50%) times (ii) the amount of their Allowed Claim minus (iii) their pro rata share of the

funds deposited in the Sinking Fund.  The Settling Bondholders and Settling Monolines will also

enjoy upside.  If the Oversight Board prevails on the lien and recourse counts in the Amended Lien

& Recourse Challenge, Settling Bondholders and Settling Monolines, general unsecured

claimholders, and the Fuel Line Lenders could receive additional Series B Bonds up to one hundred

percent (100%) of their prepetition claim from the Series B Bonds otherwise payable to the Non-

Settling Bondholders and Non-Settling Monolines if they had prevailed.[5]  Settling Bondholders

will also receive CVI for the remaining part of their claim after distributions of Series B Bonds.

Because many bondholders did not participate in the mediation, they have not had the opportunity

to settle.  Therefore, the Oversight Board intends to send a settlement offer with a plan support

agreement containing such terms to all uninsured bondholders and Monoline Insurers in January

2023, with responses to the settlement offer due mid-February (the "Settlement Offer").[6]  This will

enable every bondholder to choose whether to be part of the settling class or non-settling class.

6.     Non-Settling Bondholders and Monoline Insurers will be paid according to their

litigation outcomes.  If the Court determines the PREPA Revenue Bonds are nonrecourse and

secured solely by the Sinking Fund (inclusive of the Subordinate Funds), Non-Settling

Bondholders will receive only their pro rata share of funds in the Sinking Fund.  If the Court

determines the PREPA Revenue Bonds are recourse, Non-Settling Bondholders will receive their

pro rata share of the Sinking Fund and have an unsecured deficiency claim that will receive the

same treatment as General Unsecured Claims.  If the Court determines bondholders have collateral

---

[5]   The amount available for distribution will include all New Bonds minus (i) the Series A Bonds that go to the Fuel
Line Lenders, (ii) the Series B Bonds to be sold to the Commonwealth to fund payment of Allowed Administrative
Expense Claims, (iii) the Series B Bonds that go to Settling Bondholders and Settling Monolines in the first
instance, (iv) Series B Bonds that go to the GUC Trust in the first instance for payment of the Unsecured Claims
Pool, and (v) twenty percent (20%) of the remaining bonds after distributions in (i), (ii), (iii), and (iv) to the PREPA
PayGo Trust for the benefit of SREAEE. Recoveries will vary on a number of factors, including, but not limited
to, the proportion of bondholders that opt into the settlement.

[6]   To track holders of PREPA Revenue Bonds who accept the Settlement Offer and enter into the plan support
agreement, and to be able to effectuate the distributions between Settling Bondholders and Non-Settling
Bondholders pursuant to the proposed Plan, such Settling Bondholders will be required to tender their uninsured
PREPA Revenue Bonds through ATOP at DTC (each defined below).  While Settling Bondholders will have
agreed to support the proposed Plan pursuant to the plan support agreement, such holders will be able to vote to
accept *or reject* the Plan pursuant to the solicitation procedures proposed in this Motion.  Accordingly, the
Settlement Offer is not a solicitation of votes on the proposed Plan, and the Oversight Board is not seeking approval
of the Settlement Offer pursuant to this Motion.  *See Findings of Fact and Conclusions of Law in Connection with
Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto
Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto
Rico Public Buildings Authority* [ECF No. 19812 in Case No. 12-3283] at ¶¶ 141, 143 (finding an exchange offer
in connection with the Commonwealth plan support agreement prior to the Commonwealth plan solicitation was
not a solicitation of votes).

beyond the monies deposited in the Sinking Fund, Non-Settling Bondholders will receive Series B Bonds in a face amount equal to the value of their collateral up to the amount of Series B Bonds PREPA has available for distribution.

7.    General unsecured claimholders will receive, from a trust created for the benefit of all holders of unsecured claims, the cash proceeds of the Series B Bonds that remain after distributions to the Bondholders and the Fuel Line Lenders in the face amount of fifty percent (50%) of their Allowed Claim based on an estimated class size of $800 million.  If the Oversight Board prevails on the lien scope and recourse counts of the Amended Lien & Recourse Challenge, general unsecured claimholders will receive a share of the remaining Series B Bonds and may recover in full or substantially in full (depending on the size of the unsecured claim pool).  In all events, however, general unsecured claimholders will also receive a pro rata share of the proceeds of an avoidance action trust and a CVI in a notional amount of the remainder of their claim.

8.    Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica ("SREAEE") will have its pension formula modified to incorporate similar changes to those made for pensioners pursuant to the Commonwealth's plan of adjustment: PREPA's defined benefit pension system will be frozen as of the Effective Date, future cost of living adjustments (COLAs) will be eliminated, and PREPA will contribute to the PREPA PayGo Trust which will reimburse SREAEE for PayGo payments made on account of accrued pensions.  The PREPA PayGo Trust will receive twenty percent (20%) of the Series B Bonds that remain, if any, after distributions to the Settling Bondholders, Non-Settling Bondholders, Holders of General Unsecured Claims, and Holders of Deficiency Claims (if any), which would decrease the amount of Reorganized PREPA's operating budget needed to fund the PREPA PayGo Trust from and after the Effective Date.

9.      The Legacy Charge.  The Plan and the recoveries it provides are only made possible by adding a "Legacy Charge" to customers' bills.  PREPA's primary source of revenue to pay for all its expenses, including debt service, comes from the rates it charges its customers—measured in cents per kilowatt hour (c/kWh)—for electricity consumption.  PREPA's current rates, however, do not produce excess revenue for debt service after payments of PREPA's operating expenses.[7]  Compounding this issue is that PREPA's current rates are among the highest in North America, with the average Puerto Rican household (whose median income is approximately $21,058)[8] paying more for electricity relative to their income than consumers in any U.S. state, while experiencing a lower quality of electric service with frequent outages.  Although PREPA is limited in its capacity to raise rates, the Oversight Board and its advisors developed a Legacy Charge that enables the debt service payments under the Plan while mitigating burden of increasing rates on consumers.

10.      The Legacy Charge will be included in PREPA's rates and may involve a volumetric component, which is based on a customer's electricity use, and/or a flat fee component, which is assessed to a customer for being connected to PREPA's electricity grid.  The flat fee component is designed to provide relatively more consistent and predictable cash flow while charging customers that remain connected to the grid.  Revenues from the volumetric component are projected, pursuant to the PREPA fiscal plan, to decrease with time as demand for electricity decreases on the island.  The quantification of the Legacy Charge applicable to a given customer is to be determined, considering factors such as a customer's rate class.  For example, the most vulnerable customers (*e.g.*, subsidized residential customers) are not intended to be assessed a

---

[7]   In fact, PREPA currently operates at an operating deficit.

[8]   U.S. Census Bureau quickfacts: Puerto Rico, https://www.census.gov/quickfacts/fact/table/PR/PST045221 (last visited Nov 28, 2022).

connection charge and would only be assessed a volumetric charge if their consumption exceeds approximately 500kWh. Other customer accounts (*e.g.*, general residential customers and commercial and industrial customers) would be subject to a flat fee, a volumetric charge for consumption up to approximately 500kWh, and an equivalent or higher volumetric charge for consumption over approximately 500kWh.

11. Based on demand projections pursuant to PREPA's certified fiscal plan, the Legacy Charge is expected to generate approximately $5.4 billion dollars of revenue over the next thirty-five years. The Legacy Charge will permit PREPA to issue the New Bonds to certain creditors. The New Bonds will be payable from PREPA's revenues after the payment of its operating expenses ("Net Revenues"). The New Bonds will be secured by PREPA's Net Revenues and right to receive such "Net Revenues" up to the amount of the revenues attributable to the Legacy Charge.

12. Fuel Line Lenders will receive Series A Bonds with a first priority of principal repayment following the satisfaction of accrued interest on all outstanding New Bonds. The Series A Bonds will have a fifteen year stated maturity with a five year expected repayment.

13. The Legacy Charge is expected to generate sufficient revenue to pay the Series B Bonds in thirty-five years under the latest projections in PREPA's certified fiscal plan. The Legacy Charge, however, will remain in place until the Series B Bonds are paid in full. The Series B Bonds will have a final maturity of fifty years, after which point they will stop accruing interest but will still receive payments of principal until paid in full.

14. If demand exceeds the demand projections in PREPA's certified fiscal plan (which would occur if the alternative load projections in the fiscal plan are met), the Series B Bonds would be paid off sooner than thirty-five years. Accordingly, certain creditors will receive CVI that will become "in the money" if realized demand exceeds the fiscal plan projections. For example, if the

Series B Bonds are paid in full in thirty years, the CVI will receive the revenue from the Legacy Charge for the five remaining years of the thirty-five year period.

15.     The Oversight Board believes the Plan is a confirmable plan of adjustment that takes into account various creditors' interests, the economic future of PREPA and the Island at large, and most importantly, provides a path forward for the people of Puerto Rico to have a reliable and affordable electric system.  The Oversight Board respectfully submits the Disclosure Statement for the Plan provides adequate information for a hypothetical investor to make an informed decision on the plan, and that it should be approved along with the other relief requested herein.

## Background

### PREPA's Fiscal Crisis and Commencement of PREPA's Title III Petition

*16.*     PREPA is the main electricity provider for Puerto Rico and the largest public electricity provider in the country, serving approximately 1.5 million customers.  As an instrumentality of the Commonwealth of Puerto Rico (the "Commonwealth"), PREPA is "responsible for providing reliable electric power, contributing to the general wellbeing and sustainable future of the People of Puerto Rico, maximizing benefits, and minimizing the social, environmental, and economic impact." 22 L.P.R.A. § 196.  PREPA's services are critical to the well-being of the Island's residents, its commercial sector, and the stability of its economy.

17.     PREPA's revenues have declined by thirty-one percent (31%) since 2007.  As energy prices have climbed, a growing number of PREPA's customers have left the Island or transitioned to alternative energy sources (including rooftop solar equipment).  With a lower revenue base, remaining customers will pay increasingly higher rates to cover PREPA's fixed costs, which in turn encourages higher-income residents and larger businesses to transition to alternative energy, such as solar, cutting further into PREPA's consumer base.  Higher rates, and

8

availability of increasingly affordable solar power, will lead to further decreases in demand, which will lead to further grid defection, threatening PREPA's future viability.

18.    As a result of the fiscal challenges described above, PREPA was increasingly incapable of paying its operating expenses, let alone creating net revenues sufficient to service its bond debt.

19.    On June 30, 2016, the Oversight Board was established pursuant to PROMESA Section 101(b).   The current members of the Oversight Board are David Skeel (Chairman), Andrew Biggs, former Judge Arthur Gonzalez, Antonio Medina, John Nixon, Justin Peterson, and Dr. Betty Rosa.

20.    Pursuant to PROMESA Section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . submitting . . . a plan of adjustment . . . or otherwise generally submitting filings in relation to the case with the court."  48 U.S.C. § 2175.

21.    Prior to the commencement of PREPA's Title III case, PREPA had negotiated an initial restructuring support agreement (the "Prepetition RSA") with certain of its creditors, which was intended to culminate in an agreement that could form the basis of a qualifying modification pursuant to Title VI of PROMESA.   From the entry into the Prepetition RSA through the commencement of this Title III Case, PREPA and the Oversight Board continued to negotiate a comprehensive debt adjustment, and agreed to amend the terms of the Prepetition RSA on multiple occasions.  Ultimately, however, the parties could not come to an agreement on numerous material issues, and PREPA failed to secure hundreds of millions of dollars in short-term liquidity that would have been necessary for the implementation of the Prepetition RSA.  On June 28, 2017, the

Oversight Board denied certification of the Prepetition RSA and did not authorize PREPA to avail itself of the procedures under Title VI of PROMESA.

22.      On July 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PREPA, pursuant to PROMESA Section 304(a), commencing PREPA's Title III Case (the "Title III Case"). Pursuant to PROMESA Section 315(b), the Oversight Board is PREPA's sole representative in the Title III Case.  Background information regarding the Debtor is contained in the *Notice of Filing of Statement of Oversight Board Regarding PREPA's Title III Case* [Case No. 17-4780, ECF No. 2].[9]

### *Filing of the Plan and Disclosure Statement*

23.      Following the filing of the Title III Case, on July 30, 2018, the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") announced they had entered into a preliminary Restructuring Support Agreement with members of the Ad Hoc Group of PREPA Bondholders.[10]  Following continued negotiations, the monoline insurers of PREPA's bonds would join the RSA and execute a definitive Restructuring Support Agreement (the "2019 RSA").  The 2019 RSA provided for the resolution of certain claims and the agreement of parties to the 2019 RSA to support a plan of adjustment for PREPA.  On September 9, 2019, the 2019 RSA was amended to provide for the joinder of National Public Finance Guarantee Corp. ("National") and Syncora Guarantee Corp. ("Syncora").  The 2019 RSA provided the Oversight

---

[9]   Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-4780.

[10]   As of April 20, 2022, the Ad Hoc Group of PREPA Bondholders comprised (i) BlackRock Financial Management, Inc., (ii) Franklin Advisers, Inc., (iii) GoldenTree Asset Management, L.P., (iv) Invesco Advisers, Inc., (v) Nuveen Asset Management, LLC, (vi) Taconic Capital Advisors, L.P., and (vii) Whitebox Advisors, LLC.  *See* ECF No. 2782.

Board and AAFAF termination rights and was dependent on, among other things, the Government enacting certain legislation.

24.     On May 10, 2019, the Oversight Board and AAFAF filed a motion pursuant to Bankruptcy Rule 9019 (the "9019 Motion") seeking approval of certain of the settlements and compromises embodied in the 2019 RSA.  The 9019 Motion and its related deadlines were stayed following the onset of the COVID-19 pandemic.  In the meantime, the Government failed to enact the legislation and the cost to consumers together with its increasing tendency to drive consumers and businesses to convert to solar and to leave the grid rendered the 2019 RSA unworkable for Puerto Rico.

25.     On March 8, 2022, citing concerns regarding the lack of implementing legislation, along with concerns regarding the affordability of the cost of electricity and the sustainability of the electric system as a result of rising inflation and significant surges in the price of crude oil, AAFAF exercised its unilateral right to terminate the 2019 RSA.  [ECF No. 2747].

26.     Following termination of the 2019 RSA, the Ad Hoc Group of PREPA Bondholders and certain monoline insurers filed a motion seeking the appointment of a mediator.  [ECF No. 2716].  On March 8, 2022, the Court entered an order [ECF No. 2748] (the "Path Forward Order") directing the parties to mediate, and established an initial deadline of May 2, 2022 (the "Path Forward Deadline") for the Oversight Board to provide a path forward for progressing the Title III Case, including by filing either (i) a proposed plan of adjustment, (ii) a detailed term sheet therefor, (iii) a proposed schedule for litigation of significant disputed issues in the Title III Case, or (iv) a declaration or memorandum of law showing cause as to why the court should not consider dismissal of the Title III Case.

27.     On April 8, 2022, the Court entered an order [ECF No. 2772] (the "Appointment
Order") appointing a team of judicial mediators led by the Honorable Shelley C. Chapman and
including the Honorable Robert D. Drain and the Honorable Brendan L. Shannon.   The
Appointment Order designated the Oversight Board, AAFAF, the Ad Hoc Group of PREPA
Bondholders, the Monolines,[11] Unión de Trabajadores de la Industria Eléctrica y Riego, Inc.,
("UTIER"), SREAEE, the Official Committee of Unsecured Creditors (the "Creditors'
Committee"), and the Fuel Line Lenders as mediation parties (collectively, the "Mediation
Parties").   Concurrently with the Appointment Order, the Court entered an order establishing
certain terms and conditions to govern mediation, including an initial mediation termination date
of June 1, 2022 [ECF No. 2773] (the "Terms and Conditions Order").

28.     The Mediation Parties immediately commenced substantive discussions, meeting
individually with the Mediation Team within the first week of the commencement of mediation.
Over the course of mediation, the Mediation Team and Mediation Parties engaged in numerous
sessions to determine whether a consensual plan of adjustment was attainable.   As the mediation
proceeded, the Mediation Team and Oversight Board requested, and the Court granted, multiple
extensions of mediation, including the Path Forward Deadline, in accordance with the Terms and
Conditions Order.   [ECF Nos. 2823, 2874, 2911, and 2923].   On September 16, 2022, the
Mediation Team did not exercise its discretion to extend the mediation termination date, thereby
terminating mediation.

29.     On September 17, 2022, in accordance with the Path Forward Order and upon the
termination of mediation, the Oversight Board filed a litigation schedule seeking to litigate certain

---

[11]   Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), National and Syncora
are collectively referred to herein as the "Monolines".

threshold issues relating to the bondholders' claims.  [ECF No. 2956].  The Ad Hoc Group of
PREPA Bondholders together with the Monoline Insurers filed a motion to dismiss the PREPA
Title III case or in the alternative to lift the stay to seek appointment of a receiver of PREPA.  [ECF
No. 2973].  On September 29, 2022, the Court entered an order staying the motion to dismiss,
largely adopting the Oversight Board's litigation schedule, and directing the Oversight Board to
file a plan and disclosure statement by December 1, 2022 (the "Filing Deadline").  [ECF No. 3013].

        30.    On September 29, 2022, the Court also entered an order amending the Terms and
Conditions Order, thereby re-establishing mediation until December 31, 2022.  [ECF No. 3011].
The Mediation Team and Mediation Parties have continued to engage in mediation sessions
regarding a proposed plan of adjustment for PREPA.  In tandem with mediation, the Oversight
Board has been litigating the existence and enforceability of certain alleged security interests in
PREPA's revenues and alleged in proofs of claim against PREPA.  *See* Adv. Proc. No. 19-00391.

        31.    On December 1, 2022, the Mediation Team filed the *Mediation Team's Second
Notice and Report* [ECF No. 3091], requesting an extension of the Filing Deadline, and the Court
entered the *Order Concerning Mediation Team's Second Notice and Report* [ECF No. 3092]
extending the Filing Deadline to December 8, 2022.

        32.    On December 8, 2022, the Oversight Board filed the *Urgent Motion of the
Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing
Deadline to December 13, 2022 for Submission of PREPA Plan of Adjustment, Disclosure
Statement, & Related Motions* [ECF No. 3104], requesting an extension of the Filing Deadline,
and the Court entered the *Order Granting Urgent Motion of the Financial Oversight and
Management Board for Puerto Rico Requesting Extension of Filing Deadline to December 13,*

*2022 for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3106] extending the Filing Deadline to December 13, 2022.

33.    On December 13, 2022, the Oversight Board filed the *Second Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline Through December 16, 2022, Automatically Extendable Through December 21, 2022, for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3108], requesting an extension of the Filing Deadline, and the Court entered an order [ECF No. 3109] (the "Confirmation Schedule Order") extending the Filing Deadline to December 16, 2022 or, upon the occurrence of certain conditions, December 21, 2022.

34.    The Oversight Board and the Fuel Line Lenders reached the Fuel Line Lender PSA during the mediation.  The terms of the Fuel Line Lender PSA are incorporated in the Plan, filed concurrently herewith in accordance with the Confirmation Schedule Order, together with the Disclosure Statement, the *Motion of the Puerto Rico Electric Power Authority for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (the "Disclosure Statement Discovery Procedures Motion"), and the *Motion of the Oversight Board for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Confirmation Discovery Procedures Motion").

35.    Notwithstanding the filing of the Plan and Disclosure Statement in respect of a partially consensual and partially nonconsensual restructuring, the Oversight Board reiterates its

strong preference for a globally consensual plan of adjustment for PREPA, and will continue
mediation and negotiation in the hopes of further settlements.

***The Disclosure Statement Approval and Plan Confirmation Schedule***

36.     Pursuant to this Motion, the Debtor requests, among other things, scheduling the
hearing on confirmation of the Plan (the "Confirmation Hearing") for **July 17–21, 24, 26–28,
2023**,[12] or as soon thereafter as the Court's calendar permits.

## Jurisdiction and Venue

37.     The United States District Court for the District of Puerto Rico (the "Court") has
subject matter jurisdiction over this Motion pursuant to PROMESA Section 306(a).

38.     Venue is proper in this district pursuant to PROMESA Section 307(a).

## Relief Requested

39.     By this Motion, pursuant to sections 105, 502, 1125, 1126(a), 1126(b), 1126(c),
1126(e), 1126(f), 1126(g), and 1128 of the Bankruptcy Code (made applicable to this Title III Case
pursuant to PROMESA Section 301(a)), Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules") 2002, 3016, 3017, 3018, 3020, 9013, 9014, and 9021 (made applicable to this Title III
Case pursuant to PROMESA Section 310), and Local Bankruptcy Rules for the United States
Bankruptcy Court for the District of Puerto Rico (the "Local Rules") 3016-2 and 9013-1, the
Debtor seeks an order, substantially in the form attached hereto as **Exhibit A** (the "Disclosure
Statement Order"), as follows:

      a.   ***Disclosure Statement.***  Approving the adequacy of the information contained
in the proposed Disclosure Statement;

      b.   ***Voting Record Date.***  Fixing a record date for purposes of voting with respect
to the Plan and service thereof (the "Voting Record Date"); *provided*, *however*,

---

[12] July 25, 2023 is a Court holiday (Puerto Rico Constitution Day).

that the Voting Record Date will not be applicable to Claims in the Bond Classes;

   c. ***Confirmation Hearing Notice.*** Approving the form and manner of notice of the times for filing objections to, and the hearing to consider confirmation of, the Plan (the "<u>Confirmation Hearing Notice</u>"), in the form attached to the Disclosure Statement Order as **<u>Schedule 2</u>**;

   d. ***Confirmation Schedule***. Approving the confirmation schedule as summarized below;[13]

   e. ***Solicitation Package.*** Approving the proposed contents of the Solicitation Package and procedures for distribution thereof;

   f. ***Ballots Instructions***. Approving the forms of ballots and instructions attached to the Disclosure Statement Order as **<u>Schedule 3(a) – 3(d)</u>** (each, a "<u>Ballot</u>"), and establishing the solicitation, voting, and balloting procedures requested herein;

   g. ***Non-Voting Class Notice***. Approving the forms of notice to non-voting Classes attached to the Disclosure Statement Order as **<u>Schedule 4(a) – 4(e)</u>**;

   h. ***Voting Deadline***. Fixing the voting deadline for creditors to accept or reject the Plan; and

   i. ***Tabulating Votes***. Approving procedures for tabulating votes cast to accept or reject the Plan.

| **<u>Summary of Proposed Schedule</u>** | |
|---|---|
| **Voting Record Date:** | February 28, 2023 for all Claims entitled to vote that are not classified in the Bond Classes (as defined below) |
| **Deadline to Serve Confirmation Hearing Notice:** | On or before five (5) business days after the entry of the Disclosure Statement Order |
| **Solicitation Mailing Deadline:** | Twenty-eight (28) days after the entry of the Disclosure Statement Order |
| **Deadline for Oversight Board to File Proposed Confirmation Order:** | May 31, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Voting Deadline:** | June 7, 2023 at 5:00 p.m. (Atlantic Standard Time) (which corresponds to 5:00 p.m. (Eastern Time) on June 7, 2023 |

---

[13] Pursuant to the Confirmation Discovery Procedures Motion, the Debtor is also seeking approval of certain discovery-related deadlines and procedures to facilitate and streamline discovery in connection with confirmation of the Plan.

| Summary of Proposed Schedule | |
|---|---|
| **Deadline to Object to Confirmation of Plan, and Proposed Confirmation Order:** | June 7, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Deadline for Oversight Board to File:**<br><br>• **Memorandum of Law in Support of Confirmation**<br><br>• **Omnibus Reply to Confirmation Objections**<br><br>• **Voting Tabulation**<br><br>• **Initial Proposed Findings of Fact and Conclusions of Law** | June 21, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Deadline to Object to Initial Proposed Findings of Fact and Conclusions of Law:** | June 28, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Deadline for Debtor to Reply to Objections to Initial Proposed Findings of Fact and Conclusions of Law** | July 5, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Proposed Confirmation Hearing:** | July 17–21, 24, 26–28, 2023 |

## Basis for Relief

### A.    Approval of the Disclosure Statement

40.    Pursuant to Section 1125(b) of the Bankruptcy Code, solicitation of votes on a proposed plan may not begin until the court determines that the written disclosure statement for the plan contains adequate information. *See, e.g., In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) ("A plan of reorganization may not be submitted to a debtor's creditors unless and until a disclosure statement has been approved by the court as containing 'adequate information.'"); *Kaufman v. Public Serv. Co. (In re Public Serv. Co.)*, 43 F.3d 763, 766 (1st Cir. 1995); *In re Clamp-All Corp.,* 233 B.R. 198, 208 (Bankr. D. Mass. 1999).  Section 1125(a)(1) defines "adequate information" as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the

> plan to the debtor, any successor to the debtor, and a hypothetical
> investor typical of the holders of claims or interests in the case, that
> would enable such a hypothetical investor of the relevant class to
> make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

41.     Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" about the plan by impaired creditors entitled to vote on the plan. *See In re Oxford Homes, Inc.*, 204 B.R. at 269; *In re Clamp-All Corp.*, 233 B.R. at 204; *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 321 (3d Cir. 2003); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1995); *see also In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) ("[I]t is important for these average investors/general unsecured creditors that the Disclosure Statement contain simple and clear language . . . so that they can intelligently accept or reject the Plan."). To satisfy this requirement, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. at 19.

42.     The purpose behind requiring disclosure of 'adequate information' is to ensure creditors receive sufficient information to make an informed decision regarding whether to approve or disapprove a proposed plan. *See Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) (stating that "§ 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote"); *In re Clamp-All Corp.*, 233 B.R. 198, 204 (Bankr. D. Mass. 1999) ("The purpose of requiring an approved disclosure statement is to ensure that all claim holders are provided with adequate information to enable them to make an informed judgment regarding whether to vote for or against a reorganization plan."); *In re Ferretti*, 128 B.R.

at 18 (Bankr. D. N.H. 1991).  Additionally, such disclosures often facilitate the negotiation process

between the debtor and its creditors.  *See Century Glove*, 860 F.2d at 100.

43.     Given the important role a disclosure statement plays in the bankruptcy process,

courts place great emphasis on the debtor's obligation to make a "full and honest disclosure . . . ."

*In re Oxford Homes, Inc.*, 204 B.R. at 269 (quoting *Ryan Operations G.P. v. Santiam-Midwest

Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1995)); *see also In re Ferretti*, 128 B.R. at 19; *In re Clamp-

All Corp.*, 233 B.R. at 208; *Krystal Cadillac-Oldsmobile*, 337 F.3d at 323; *Oneida Motor Freight,

Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988).

The "statement's adequacy must be evaluated in light of the facts unique to the case," taking into

account the debtor's unique circumstances, the final decision falling within the court's discretion.

*In re Eastern Maine Elec. Coop*, 125 B.R. 329, 333 (Bankr. D. Me. 1991); *see also In re Ferretti*,

128 B.R. 16, 18 (Bankr. D.N.H. 1991) ("The phrase 'adequate information' has been deliberately

left vague by Congress to give a bankruptcy court wide discretion to determine on a case by case

basis whether the disclosure is reasonable.").  Courts take into account many factors, such as the

complex nature and size of the bankruptcy case and the nature of the plan proposed.  *In re Ferretti*,

128 B.R. at 18.

44.     The bankruptcy court, and, in this case, the Title III Court, has broad discretion to

determine the adequacy of the information contained in a disclosure statement.  *See In re Ferretti*,

128 B.R. at 16; *In re Oxford Homes, Inc.,* 204 B.R. at 269 ("the precise contours of 'adequate

information' were vaguely drawn by Congress so that bankruptcy courts might exercise their

discretion to limn them in view of each case's peculiar circumstances"); *Tex. Extrusion Corp. v.

Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988).   The

requirements of the adequate information standard vary with each case.  *See, e.g., In re Ferretti*,

19

128 B.R. at 19; *In re Oxford Homes, Inc.,* 204 B.R. at 269 ("what constitutes 'adequate information' will vary from case to case"); *In re V & M Mgmt.*, 215 B.R. 895, 902 (Bankr. D. Mass. 1997) (holding that the 'adequate information' "requirements vary from case to case, according to the nature of the plan, the needs of claim and interest holders, and the availability of information."). Nonetheless, in exercising their broad discretion, bankruptcy courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

a.  The circumstances that gave rise to the commencement of the case;

b.  A complete description of the available assets and their value;

c.  The anticipated future of the debtor, with accompanying financial projections;

d.  The source of the information provided in the disclosure statement;

e.  The condition and performance of the debtor during the bankruptcy case;

f.  Information regarding claims against the estate including those allowed, disputed, and estimated;

g.  A liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

h.  The accounting and valuation methods used to produce the financial information in the disclosure statement;

i.  Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

j.  A summary of the plan of reorganization;

k.  An estimate of all administrative expenses, including attorneys' fees and accountants' fees;

l.  The collectability of any accounts receivable;

m.  Any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

n. Information relevant to the risks being taken by the creditors and interest holders;

o. The actual or projected value that can be obtained from avoidable transfers;

p. The existence, likelihood and possible success of nonbankruptcy litigation;

q. The tax consequences of the plan; and

r. The relationship of the debtor with affiliates.

*In re Ferretti*, 128 B.R. at 18-19 (Bankr. D.N.H. 1991); *see also In re Oxford Homes, Inc.*, 204 B.R. at 269 n. 17 (adopting the *In re Ferretti* list). This list is not meant to be comprehensive, nor must a debtor provide all the information on the list. Rather, the requirements vary with the facts of each case. *See In re Ferretti*, 128 B.R. at 19 ("This list is by no means comprehensive. Nor must every debtor provide all the information on the list. The Court will decide what is appropriate in each particular case.") (emphasis added); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of similar list but cautioning that "no one list of categories will apply in every case."); *In re City of Detroit*, 524 B.R. 147, 252 (Bankr. E.D. Mich. 2014) ("Every disclosure statement can always include more information. The only issue is whether the information that was disclosed was sufficient for creditors . . . to make an informed judgment about the plan.").

45. The Debtor has tailored the proposed Disclosure Statement to fit the facts of this Title III Case. The proposed Disclosure Statement contains information with respect to many of the subjects listed above, as applicable, including, but not limited to:

a. A description of the Debtor's purpose, operations, prepetition debt structure, and cash management (Disclosure Statement, Section III);

b. Certain events preceding the commencement of the Title III Case (Disclosure Statement, Section IV);

21

c. Significant events during the Title III Case (Disclosure Statement, Section V);

d. An overview of the Plan (Disclosure Statement, Section VI);

e. The classification and treatment of Claims under the Plan (Disclosure Statement, Section VI.E.);

f. The administration of the Debtor following confirmation of the Plan (Disclosure Statement, Section VI.P);

g. Selected financial information and future projections (Disclosure Statement, Section XII);

h. Information regarding the securities to be issued under the Plan (the "Plan Securities") (Disclosure Statement, Sections VI.F, VI.G, and XI);

i. Risk factors affecting the Plan and the Plan Securities (Disclosure Statement, Section VIII);

j. Tax consequences of the Plan (Disclosure Statement, Sections IX and X);

k. Voting procedures (Disclosure Statement, Sections II.B and VI);

l. Requirements for confirmation of the Plan (Disclosure Statement, Section VII.C); and

m. Additional information about the Debtor and the Plan, including with respect to the injunction, exculpation, and release provisions contained in Articles XXIV and XXXIII of the Plan (Disclosure Statement, Sections VI.N and VI.W).

46. Accordingly, the Debtor believes the proposed Disclosure Statement contains all or substantially all of the information typically considered by courts in evaluating whether a disclosure statement contains adequate information, and requests the Court's approval of the proposed Disclosure Statement as having adequate information within the meaning of Section 1125 of the Bankruptcy Code.

**B.    Fixing the Voting Record Date**

47. Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in connection with the confirmation of a plan of adjustment, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date

the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

48.    In accordance with these rules, except for any Claims in the Bond Classes,[14] the Debtor requests **February 28, 2023** (the proposed date for the Disclosure Statement hearing) as the date to determine which creditors are entitled to vote to accept or reject the Plan (the "Voting Record Date"). The Debtor submits that a Voting Record Date of **February 28, 2023** will provide the Debtor and Kroll Restructuring Administration LLC ("Kroll"), the Debtor's balloting agent ("Kroll" or the "Balloting Agent"),[15] sufficient time to (i) determine to whom Solicitation Packages should be sent and (ii) properly tabulate votes prior to the Voting Deadline (as defined below). The Voting Record Date will only be applicable to claims that are not classified in the Bond Classes. The Debtor proposes to use the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") to solicit and collect votes from holders of Claims in the Bond Classes who are eligible to vote, as well as to announce the Notice of Non-Voting Status to holders of Claims in Classes 1 and 2 who are not eligible to vote.[16] It is necessary to conduct this solicitation of votes with respect to the Bond Classes through the DTC ATOP platform due to the magnitude and complexity of effectuating distributions among holders of Claims in the Bond Classes. The ATOP system requires that any holder that seeks to vote must instruct their Nominee (as defined below) to tender the holder's Bonds through the electronic ATOP system. This

---

[14]    The "Bond Classes" are Classes 1 and 2 under the Plan.

[15]    On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

[16]    As discussed further below, the Debtor proposes that the applicable Monoline Insurer be entitled to vote on account of the applicable insured PREPA Revenue Bonds in Classes 1 and 2.

obviates the need for a Voting Record Date, as only the holders of the Bonds at the time of voting can cause them to be tendered for voting purposes on or before the Voting Deadline.

49.     In addition, the Debtor requests that the Court establish the Voting Record Date as the date for determining which creditors, if any, in Classes 8, 11, and 12 are entitled to receive a Notice of Non-Voting Status (collectively, the "Non-Voting Classes").[17]

50.     With respect to any transferred Claim (except for any Claims in the Bond Classes), if the transferor of such Claim is entitled to vote on the Plan, the Debtor proposes that the transferee be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date; or (b) the transferee has filed, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date (including instances where the transferor has completed, executed, and returned a Ballot (as defined below)), the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by such transferor of such transferred Claim.

51.     The Voting Record Date is an appropriate date to facilitate the practical determination of (i) which creditors are entitled to vote on the Plan (outside of the Bond Classes) and (ii) in the case of creditors in the Non-Voting Classes, or creditors whose claims have been transferred to administrative claims reconciliation, which creditors are entitled to receive a Notice of Non-Voting Status.

---

[17]   As noted above, the Notice of Non-Voting Status for applicable holders in Classes 1 and 2 will be delivered through DTC.  Accordingly, a Voting Record Date is not necessary for delivery of such notice.

52.    As the Court is aware, a substantial amount of the Debtor's outstanding indebtedness is in the form of outstanding bonds (collectively, the "<u>Bonds</u>" or the "<u>Existing Bonds</u>").  The identities of many of the beneficial owners of the Bonds (the "<u>Beneficial Owners</u>") are not known to the Oversight Board and/or the Debtor.  As is customary, securities that are intended to be publicly traded are issued in the name of Cede & Company, which holds the Bonds on behalf of the Nominees (as defined below) of DTC.  The Nominees, in turn, hold the securities in "street name" on behalf of the Beneficial Owners (and other brokerage institutions that hold them on behalf of Beneficial Owners).  The Debtor intends to obtain from DTC a listing of the Nominees and, as described further below, cause the mailing of Solicitation Packages (as applicable) to the Nominees (or such Nominees' agent, including (but not limited to) Broadridge Financial Services) with instructions to cause the Solicitation Packages to be forwarded immediately to the Beneficial Owners of the Bonds.[18]

## C.    Establishing Notice, Objection Procedures, and Deadlines for Hearing on Confirmation of the Plan

### (i)    Setting the Confirmation Hearing

53.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of Claims and interests may accept or reject the plan . . . ."  Fed. R. Bankr. P. 3017(c).

54.    In accordance with Bankruptcy Rules 2002(b) and 3017(c), and in view of the Debtor's proposed solicitation schedule outlined herein, the Debtor requests that the Confirmation

---

[18]    It is the Debtor's understanding that all Bonds are held exclusively through DTC in the name of Cede & Company. If the Debtor, however, is made aware of any other direct holders of the Bonds holding such Bonds outside of DTC, the Debtor shall send Solicitation Packages directly to such holders within two (2) business days of being provided with the necessary mailing information.

Hearing be scheduled for **July 17–21, 24, 26–28, 2023**, or as soon thereafter as the Court's calendar permits.

55.       The Confirmation Hearing may be continued from time to time without further notice, except for adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.  The proposed dates for the Confirmation Hearing comply with the Bankruptcy Rules and enable the Debtor to pursue confirmation of the Plan pursuant to an appropriate timetable.  Importantly, the proposed dates for the Confirmation Hearing comply with the Confirmation Schedule Order.

        *(ii)*     *Approval of the Confirmation Hearing Notice*

56.       Bankruptcy Rule 2002(b) requires all creditors and indenture trustees be given not less than twenty-eight (28) days' notice of the time fixed for filing objections to confirmation of a plan of adjustment.  In accordance with the Bankruptcy Rules, the Debtor proposes to serve the Confirmation Hearing Notice (in a form substantially similar to the notice approved with respect to confirmation of the Commonwealth plan of adjustment), a copy of which is attached to the proposed Disclosure Statement Order as **Schedule 2**, setting forth information regarding: (i) the Voting Deadline, (ii) the times fixed for filing objections to confirmation of the Plan (including certain deadlines proposed in the Confirmation Discovery Procedures Motion, subject to the Court's approval), and (iii) the time, date, and place for the Confirmation Hearing.  Additionally, the proposed Confirmation Hearing Notice informs parties in interest that the Plan and Disclosure Statement, together with all exhibits thereto, may be obtained: (i) from the Balloting Agent's website at https://cases.ra.kroll.com/puertorico/; (ii) by telephoning the Balloting Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available); or (iii) by emailing

the Balloting Agent at puertoricoinfo@ra.kroll.com.  Furthermore, the Debtor proposes to include a copy of the Confirmation Hearing Notice in the Solicitation Package.

57.     The proposed procedure for providing copies of the Plan and Disclosure Statement complies with the requirements of Bankruptcy Rule 3017(a).  The Confirmation Hearing Notice will be sent to the appropriate parties in accordance with the Bankruptcy Rules and Local Rules on or before five (5) business days after entry of the Disclosure Statement Order or as soon as reasonably practicable thereafter, and with the Solicitation Package on or before the Solicitation Mailing Date (as defined below).

58.     To give adequate notice of the time for filing and serving objections, and the date and time for the commencement of the Confirmation Hearing, to (i) those creditors to whom no other notice will be sent and who are unknown and not reasonably ascertainable by the Debtor, (ii) known creditors with addresses unknown by the Debtor, and (iii) creditors with potential Claims unknown by the Debtor, the Debtor proposes to implement procedures similar to what the Court authorized in connection with the HTA, Commonwealth, and COFINA confirmation processes.[19]  Specifically, the Debtor proposes to publish the Confirmation Hearing Notice once in each of *El Nuevo Dia* in Spanish (primary circulation is in Puerto Rico), *The San Juan Daily Star* in English (primary circulation is in Puerto Rico), *El Diario* in Spanish (primary circulation is in New York), *El Nuevo Herald* in Spanish (primary circulation is in Miami), *The New York*

---

[19]  *See, e.g.*, *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [Case No. 17-3283, ECF No. 17639] (the "Commonwealth DS Approval Order"); *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [Case No. 17-3567, ECF No. 1248] (the "HTA DS Approval Order").

*Times*, *The Bond Buyer*, *El Vocero* in Spanish (primary circulation is in Puerto Rico), and *Primera Hora* in Spanish (primary circulation is in Puerto Rico) to the extent possible during the week beginning on, (1) April 17, 2023, (2) May 8, 2023, and (3) May 29, 2023.[20]  Additionally, the Confirmation Hearing Notice will be available electronically on the Debtor's website, https://cases.ra.kroll.com/puertorico/.  The Debtor submits such publication notice prior to the Confirmation Hearing is adequate and sufficient notice to such creditors under these circumstances.

59.    Additionally, to the extent possible,[21] the Debtor proposes to cause no less than ten (10) radio advertisements, to be aired during each of the periods below (for a total of thirty (30) radio advertisements) on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish, informing listeners of (i) the approval of the Disclosure Statement and the scheduling of the Confirmation Hearing, (ii) the date by which Confirmation Objections must be filed and served, (iii) the Voting Deadline, and (iv) an information hotline to receive certain additional information, as follows:

- the period from April 17, 2023 up to and including April 21, 2023,

- the period from May 8, 2023 up to and including May 12, 2023, and

- the period from May 29, 2023 up to and including June 2, 2023.

60.    The foregoing procedures will provide parties in interest with over 65 days' notice of the Confirmation Objection Deadline, and over 100 days' notice of the commencement of the

---

[20]    To the extent any of the proposed publications are unable to publish or suspends publication during the time periods proposed, the Debtor requests that it be permitted to use reasonable best efforts to secure a similar alternative publisher without further order of the Court.

[21]    To the extent any of the proposed radio stations are unable to air the radio advertisements during the time periods proposed, the Debtor requests that it be permitted to use reasonable best efforts to secure a similar alternative radio station, if possible given the period for solicitation and time required for a station to produce a radio spot, without further order of the Court.

Confirmation Hearing, more than the time periods required pursuant to the Bankruptcy Rules and, accordingly, should be approved.

     (iii)    *Establishing Objection Procedures and Deadlines for Confirmation of the Plan*

    61.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). Below is a summary of the Debtor's proposed confirmation briefing schedule proposed between this Motion and the Confirmation Discovery Procedures Motion:

| Summary of Proposed Confirmation Briefing Schedule | |
|---|---|
| **Deadline for Oversight Board to File Proposed Confirmation Order:** | May 31, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Deadline to Object to Confirmation of Plan, and Proposed Confirmation Order:** | June 7, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Deadline for Oversight Board to File Memorandum of Law in Support of Confirmation, Omnibus Reply to Confirmation Objections, Witness Declarations, Vote Tabulations, and Initial Findings of Fact and Conclusions of Law:** | June 21, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Deadline to Object to Initial Proposed Findings of Fact and Conclusions of Law:** | June 28, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Deadline for the Debtor to Reply to Objections to Initial Proposed Findings of Fact and Conclusions of Law:** | July 5, 2023 at 5:00 p.m. (Atlantic Standard Time) |
| **Proposed Confirmation Hearing:** | July 17–21, 24–28, 2023 |

    62.    Pursuant to the Confirmation Discovery Procedures Motion, the Debtor has also requested that the Court approve various discovery deadlines for purposes of streamlining and expediting discovery in connection with confirmation of the Plan that complement the Debtor's proposed confirmation schedule.

    63.    Through this Motion, the Debtor requests that the Court approve the following deadlines and procedures in connection with confirmation of the Plan:

*Confirmation Objection Deadline*

64.     The Debtor proposes that any objections or responses to confirmation of the Plan or the Proposed Confirmation Order be filed, together with proof of service, with the Court and served so that such objections and responses are actually received by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** (the "Confirmation Objection Deadline").  The Debtor proposes that it shall file the Proposed Confirmation Order no later than **5:00 p.m. (Atlantic Standard Time) on May 31, 2023**.

65.     The proposed Confirmation Hearing Notice provides, and the Debtor requests that the Court direct, that any objections or responses to the proposed confirmation of, or proposed modifications to, the Plan or the Proposed Confirmation Order:

      (a) be in writing, in English, and signed;

      (b) state the name, address, and nature of the Claim of the objecting or responding party;

      (c) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or order confirming the Plan to resolve any such objection or response;

      (d) be served so that objections and responses are actually received by the Office of the United States Trustee for the District of Puerto Rico by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023**; and

      (e) be filed, together with proof of service, with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS and served so that such objections and responses are actually received by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023**.

66.     Furthermore, and consistent with the Court's procedures with respect to the confirmation hearing for the Commonwealth's and HTA's plan of adjustments,[22] the Debtor requests that opposing parties that have not filed a timely written objection on or before the

---

[22]   *See* Commonwealth DS Approval Order, ¶ 26; HTA DS Approval Order, ¶ 25.

Confirmation Objection Deadline not be permitted to make oral remarks at the Confirmation
Hearing.

*Debtor's Reply Deadline*

67.     If objections to confirmation of the Plan are interposed, providing sufficient time
for the Debtor and other parties in interest to respond will assist the Court and may expedite the
Confirmation Hearing.  Accordingly, the Debtor requests it be authorized to file and serve no later
than **5:00 p.m. (Atlantic Standard Time) on June 21, 2023**:

- replies or an omnibus reply to any objections to the confirmation of the Plan;

- the Debtor's memorandum of law in support of confirmation of the Plan;

- voting tabulation results; and

- the Debtor's revised proposed order confirming the Plan, if any.[23]

68.     Such timeframe will permit the Court to review all pleadings sufficiently in advance
of the Confirmation Hearing and, if necessary, request additional information or authorities.

69.     The Debtor respectfully requests the Court approve these procedures and timeframe
for filing objections to the Plan and any replies thereto.

**D.     Approval of the Solicitation Package and Distribution Procedures**

70.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders
of Claims for the purpose of soliciting their votes on a plan of adjustment and providing adequate
notice of the hearing on confirmation of a plan of adjustment:

> Upon approval of a disclosure statement, – except to the extent that
> the court orders otherwise with respect to one or more unimpaired
> classes of creditors or equity security holders – the debtor in
> possession, trustee, proponent of the plan, or clerk as the court
> orders shall mail to all creditors and equity security holders, and in

---

[23]   The Confirmation Discovery Procedures Motion also proposes that witness declarations be filed no later than June
21, 2023.

a chapter 11 reorganization case shall transmit to the United States trustee,

 (1) the plan or a court-approved summary of the plan;

 (2) the disclosure statement approved by the court;

 (3) notice of the time within which acceptances and rejections of the plan may be filed; and

 (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

71. If the Court approves the proposed Disclosure Statement as containing adequate information under Section 1125 of the Bankruptcy Code, the Debtor proposes to mail or cause to be mailed solicitation packages (the "Solicitation Packages") to all known holders (as of the Voting Record Date) of Claims in the following Classes (collectively, the "Voting Classes") by **twenty-eight (28) days** following entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (the "Solicitation Mailing Date"):[24]

|                                                            | Class    |
| ---------------------------------------------------------- | -------- |
| Settling Bondholder and Settling Monoline Claims           | Class 1  |
| Non-Settling Bondholder and Non-Settling Monoline Claims   | Class 2  |
| Pension Claim                                              | Class 3  |
| Fuel Line Loan Claims                                      | Class 4  |
| General Unsecured Claims                                   | Class 5  |
| Vitol Claims                                               | Class 6  |
| Assured Insured Interest Rate Swaps Claims                 | Class 7  |
| Eminent Domain/Inverse Condemnation Claims                 | Class 9  |
| Federal Claims                                             | Class 10 |

---

[24] For the avoidance of doubt, as set forth in paragraph 48 above, although the Debtor will use the Voting Record Date for the purpose of mailing (or causing to be mailed) Solicitation Packages to holders of Claims in the Bond Classes, the Voting Record Date does not apply to such Claims in the Bond Classes.

72.     For the avoidance of doubt, the Debtor proposes to send a Solicitation Package only to the Puerto Rico Electric Power Authority Employee Retirement System (the "SREAEE" by its Spanish acronym) on account of the Pension Claim in Class 3.

73.     The Debtor proposes not to mail or cause to be mailed Solicitation Packages to any holders of Claims that are, as of the Voting Record Date, marked on the Title III register maintained by Kroll as subject to administrative reconciliation procedures pursuant to the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-3283, ECF No. 12274] ("Administrative Reconciliation Order"), as such holders shall not be entitled to vote such Claims to accept or reject the Plan, unless such holder's claim has been allowed pursuant to an order of the Court on or before the Voting Deadline.  However, such holders will receive the Confirmation Hearing Notice and Notice of Non-Voting Status.[25]

74.     Solicitation Packages mailed to creditors holding Claims in the Voting Classes will contain, in English and Spanish translation:

    a.   the Confirmation Hearing Notice;

    b.   a flash drive (or otherwise in the Debtor's discretion) containing the Disclosure Statement (together with all exhibits thereto, including the Plan)[26] and the Disclosure Statement Order (excluding the exhibits thereto);[27]

    c.   if applicable, the appropriate ballot or notice with instructions on how to accept or reject the Plan, in substantially the form set forth in **Schedule 3(a) – 3(d)** to

---

[25]   For the avoidance of doubt, holders of Claims transferred into the alternative dispute procedures pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-3283, ECF No. 12576 in] will not be precluded from voting such Claims to accept or reject the Plan, except as otherwise provided in the Disclosure Statement Order.

[26]   The proposed Confirmation Hearing Notice contains information as to how a claimant may obtain a hard copy of the Disclosure Statement and all exhibits thereto.

[27]   If it is the customary practice for a Nominee or Nominee's agent to provide its Beneficial Holder client(s) electronic versions (or access to electronic versions via a link or otherwise) to the information contained on the flash drive, the Nominee or Nominee's agent can follow such customary practice in addition to (or *in lieu* of) forwarding the flash drive and may return any unused flash drives to the Balloting Agent.

the Disclosure Statement Order, with instructions for voting, and, as applicable, a pre-addressed, pre-paid return envelope.  With respect to Claims in Class 2 arising from PREPA Revenue Bonds insured by a Monoline Insurer, Solicitation Packages and Ballots will be provided to the applicable Monoline Insurer, rather than the Beneficial Owner of such Insured PREPA Revenue Bond.  Instead, such Beneficial Owners shall receive a Notice of Non-Voting Status and the Confirmation Hearing Notice.

75.    The Debtor requests that it be authorized (but not required) to distribute the Disclosure Statement Order (excluding the exhibits thereto) and Disclosure Statement (together with all exhibits thereto, including the Plan) to the Voting Classes in electronic format (flash drive). The Confirmation Hearing Notice, Ballots, and Notices, as appropriate, will *only* be provided in paper format.  The Disclosure Statement totals approximately 400 pages (not counting voluminous exhibits, including the Plan) and will cost significantly more to print than to replicate in electronic format.   Distribution of the Disclosure Statement (with all exhibits, including the Plan) in electronic format will preserve the Debtor's resources by reducing both postage and printing costs. Courts routinely permit debtors to transmit solicitation documents in electronic format in the interest of saving printing and mailing costs.  *See, e.g.,* HTA DS Approval Order, ¶ 14 (authorizing the debtor to transmit solicitation documents through flash drive); Commonwealth DS Approval Order, ¶ 15 (same); *In re GT Advanced Technologies Inc.*, Case No. 14-11916-HJB (Bankr. D.N.H. Feb. 2, 2016) (authorizing the debtors to transmit solicitation documents in electronic format); *In re Buckingham Oil Interests, Inc.*, Case No. 15-13441-JNF (Bankr. D. Mass. Dec. 22, 2015) (same); *In re Women's Apparel Group, LLC*, Case No. 11-16217-JNF (Bankr. D. Mass. May 10, 2012) (same); *In re GST Autoleather, Inc.,* No. 17-12100 (LSS) (Bankr. D. Del. Mar. 12, 2018) (same).[28]

---

[28]   Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available on request of the attorneys for the Oversight Board.

76.     Additionally, the Debtor will provide: (i) complete Solicitation Packages (excluding Ballots) to:

(a) the U.S. Trustee,

(b) counsel to AAFAF, and

(c) counsel to the Official Committee of Unsecured Creditors; Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq. and G. Alexander Bongartz, Esq.;

and (ii) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to the Debtor's Master Service List.  Any party who receives the Disclosure Statement in an electronic format but would prefer a paper format may contact the Balloting Agent and request a paper copy of the materials previously received in electronic format, which will then be provided at the Debtor's expense.

77.     Consistent with Bankruptcy Rule 3017(d), the Debtor submits they should not be required to distribute the Disclosure Statement, the Plan, and/or the Disclosure Statement Order to holders of Claims against the Debtor in the Non-Voting Classes, which Claims are either deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code, or deemed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code, unless a party makes a specific request to the Debtor, in writing.  Rather, the Debtor proposes to distribute to holders of such Claims a Notice of Non-Voting Status and the Confirmation Hearing Notice.

78.     The Debtor anticipates some notices of the Disclosure Statement hearing may be returned as undeliverable by the United States Postal Service.  As it would be costly and wasteful to then mail Solicitation Packages to the same addresses from which such notices of the Disclosure Statement hearing were returned as undeliverable, the Debtor seeks the Court's approval for a departure from the strict notice rule, excusing the Debtor from mailing Solicitation Packages to such addresses, unless the relevant addressees provide the Debtor with updated, accurate addresses

before the Voting Record Date.  For purposes of serving the Solicitation Packages, the Debtor

seeks authorization to rely on the address information for all Classes as compiled, updated, and

maintained by the Balloting Agent as of the Voting Record Date.  In addition, to the extent any

Solicitation Packages are returned as undeliverable by the United States Postal Service (including

Solicitation Packages from voting creditors), neither the Debtor nor the Balloting Agent are

required to conduct additional research for updated addresses or to attempt to reserve the

Solicitation Packages on such parties.

79.     Furthermore, the Debtor requests that the Court determine it is not required to

distribute copies of the Plan or Disclosure Statement to the following:

a.     any holder of an unimpaired Claim under the Plan;

b.     any holder of a Claim in a Class deemed to accept or reject the Plan;

c.     any party who holds a Claim (whether in the form of a filed proof of claim or
an amount listed on the Debtor's List of Creditors [ECF No. 262] (the "List of
Creditors")) in an amount of $0;

d.     any holder of a Claim to which the Debtor has served an objection to the Claim
or request for estimation by the Solicitation Mailing Date, or that has been
expunged by order of the Court;

e.     any holder of a Claim that is, as of the Voting Record Date, marked on the Title
III register maintained by Kroll as subject to administrative reconciliation
procedures pursuant to the Administrative Reconciliation Order; and

f.     a creditor that has a Claim that has already been paid in full.

80.     Although the Debtor has made, and will continue to make, reasonable efforts to

ensure the Solicitation Packages described herein are in final form, the Debtor nonetheless requests

that it be authorized, in accordance with the modification provisions of the Plan and Local Rule

3016-2, to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the

Notices, the Notice of Non-Voting Status, and related documents without further order of the

Court, including changes to correct typographical and grammatical errors, and to make conforming

changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages as may be necessary, prior to mailing.

81.     In connection with service of the Bond Classes, if it is a Nominee's (or Nominee's agent's) customary and accepted practice to forward the solicitation information to Beneficial Owners by email, telephone or other customary means of communications, as applicable, the Debtor proposes the Nominee (or Nominee's agent) may employ that method of communication in lieu of sending the paper Notice and/or Solicitation Package.  Further, if it is the Nominee's (or Nominee's agent's) customary internal practice to provide to Beneficial Owners an electronic link to the solicitation materials (including but not limited to the Disclosure Statement and Plan, or to otherwise convey the information included therein), the Debtor proposes the Nominee (or Nominee's agent) may follow such customary practice in lieu of forwarding the flash drive or paper copies containing the Disclosure Statement and Plan.  In such instances, the Debtor proposes the Nominee (or Nominee's agent) may return any excess or unused flash drives or paper copies to the Balloting Agent.

82.     The Debtor submits it has shown good cause for implementing the proposed notice and service procedures for the Solicitation Packages.

**E.      Approving Forms of Ballots and Voting Procedures**

83.     Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot conforming to Official Bankruptcy Form No. B 314, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  The Debtor proposes to distribute to the creditors entitled to vote to accept or reject the Plan, as described more fully below, one or more Ballots or Notices substantially in the forms attached to the proposed form of Disclosure Statement Order as **Schedules 3 through 5**.

84.     The forms of the Ballots and Notices are based on Official Bankruptcy Form No. B 314, but have been modified to address particular aspects of this Title III Case and to include certain additional information the Debtor believes is relevant and appropriate for each Class of Claims entitled to vote and/or elect the form of distributions under the Plan.  The appropriate form of Ballot or Notice, if any, will be distributed to the holders of Claims in the Voting Classes, as applicable.  All other Classes under the Plan are not entitled to vote to accept or reject the Plan.

***The Bond Classes (1-2)***

*Voting*

85.     Certain of PREPA Revenue Bonds are insured by certain Monoline Insurers, which include Assured, National, and Syncora.  Unless a Monoline Insurer elects to become a Settling Monoline, Class 1 will consist solely of Claims arising from PREPA Revenue Bonds that are ***not*** insured by a Monoline Insurer, and therefore does not implicate any Monoline Insurer's asserted right to vote on account of insured PREPA Revenue Bonds pursuant to PROMESA Section 301(c)(3).  Accordingly, Beneficial Owners of uninsured PREPA Revenue Bonds giving rise to Claims in Class 1 shall be entitled to vote to accept or reject the Plan through ATOP.  To the extent a Monoline Insurer becomes a Settling Monoline, it shall be entitled to vote in Class 1 on account of Claims arising from the applicable Insured PREPA Revenue Bonds.

86.     With respect to Class 2, the Debtor proposes that Beneficial Owners of PREPA Revenue Bonds insured by Assured, National, or Syncora giving rise to Claims in Class 2 shall not be entitled to vote to accept or reject the Plan; instead, Assured, National, or Syncora, as applicable, shall be entitled to vote to accept or reject the Plan on account of such Claims arising

from the respective PREPA Revenue Bonds insured by Assured, National or Syncora, as applicable.[29]

87.    For the avoidance of doubt, Beneficial Owners of PREPA Revenue Bonds giving rise to Claims in Class 1 or Class 2 that are **not** insured by a Monoline Insurer shall be entitled to vote to accept or reject the Plan through ATOP.

### *Voting Procedures*

88.    The Debtor proposes to send Notices to the holders of Claims classified in the Bond Classes (*see* **Schedules 3 through 5**) that will explain the process for voting with respect to their Claims.  The Debtor proposes to set up an electronic voting process, as applicable, for holders of Claims in the Bond Classes through ATOP.  For the avoidance of doubt, (i) Settling Monolines will be entitled to cast a vote and will each receive a Ballot with respect to Claims on account of Insured PREPA Revenue Bonds insured by such Settling Monolines in Class 1 (Settling Bondholder and Settling Monoline Claims) and (ii) Non-Settling Monolines shall be provided a Ballot with respect to Claims on account of Insured PREPA Revenue Bonds insured by such Monolines in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims).

89.    To make a valid vote, holders of PREPA Revenue Bond Claims in the Bond Classes, as applicable, will have to instruct their broker or nominee (each, a "Nominee") to electronically deliver their bonds via ATOP at DTC in accordance with their desire to vote on the Plan.  Once the Nominee has received an instruction from a holder of a PREPA Revenue Bond

---

[29]  The Oversight Board reserves all rights and arguments in connection with any monoline insurer's asserted entitlement to vote pursuant to PROMESA Section 301(c)(3) on account of bonds subject to a financial guarantee or similar insurance contract, policy and/or surety issued by a monoline insurer, and under the applicable insurance and bond documents.  By proposing to allowing Assured, National, and Syncora to vote on account of its insured bonds solely with respect to the Plan, the Oversight Board does not intend to establish a policy or position with respect to PROMESA Section 301(c)(3) or such monolines' asserted rights pursuant to the relevant insurance and bond documents.

Claim in the Bond Classes to vote, the Nominee will tender the holders' bonds through the ATOP system to indicate that the holder has made the applicable vote.

90.     Holders of PREPA Revenue Bond Claims in the Bond Classes, as applicable, that vote to either accept or reject the Plan will be restricted from transferring or trading their bonds until DTC's release of such bonds from ATOP, which will occur as soon as possible after the Voting Tabulation has been filed (which is expected to be June 21, 2023).[30]  Holders of PREPA Revenue Bond Claims in the Bond Classes may revoke their vote and withdraw any tendered bonds from ATOP at any time before the Voting Deadline.  If holders revoke their vote before the Voting Deadline, then they will be entitled to trade or transfer their bonds again.

91.     For the purposes of the electronic voting through ATOP for holders of PREPA Revenue Bond Claims in the Bond Classes, ATOP instructions will be accepted in minimum denominations of $1.00 and increments of $1.00 thereafter.

***Non-Bond Claims.***

92.     With respect to Class 3 (Pension Claims), Class 4 (Fuel Line Loan Claims), Class 5 (General Unsecured Claims), Class 6 (Vitol Claims), Class 7 (Assured Insured Interest Rate Swaps Claims), Class 9 (Eminent Domain/Inverse Condemnation Claims), and Class 10 (Federal Claims), the Debtor proposes to deliver Ballots directly to holders of Claims arising under such Classes.  For the avoidance of doubt, the Debtor proposes to send Ballots only to the SREAEE on account of the Pension Claim in Class 3.

---

[30]  The Debtor, in coordination with DTC, however, may determine that these bonds should remain in ATOP in order to facilitate individualized distributions at the beneficial holder level to such holders. Accordingly, such bonds may be restricted from transferring or trading until the Effective Date.

F.      **Fixing Voting Deadline**

93.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of Claims may accept or reject a plan. The Debtor anticipates completing mailing of the Solicitation Packages by the Solicitation Mailing Date.  Based on this schedule, the Debtor proposes that, to have effect as a vote to accept or reject the Plan, each Ballot (as applicable) must be properly executed, completed, and delivered to the Balloting Agent by (i) first-class mail, in the return envelope provided with each Ballot (or otherwise by first-class mail), (ii) overnight courier, (iii) hand delivery, or (iv) electronic, online submission at Kroll's website (as described more fully below and as permitted in accordance with the instructions set forth on the applicable Ballot), so as to be actually received by the Balloting Agent no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023 (which corresponds to 5:00 p.m. (Eastern Standard Time)**, unless such time is extended (the "Voting Deadline").[31] Holders of PREPA Revenue Bond Claims in the Bond Classes must deliver their voting instruction to the Nominee according to the instructions in the applicable Notice (**Schedule 3(a)**) in sufficient time for the Nominee to receive and effectuate the creditor's vote through ATOP in accordance with the procedures of DTC by the Voting Deadline.  The Debtor submits a solicitation period of at least sixty (60) calendar days is a sufficient period within which creditors can make an informed decision whether to accept or reject the Plan.

94.     The Debtor proposes establishing the following on-island collection sites to accept Ballots from holders of Claims in Class 3 (Pension Claims), Class 4 (Fuel Line Loan Claims), Class 5 (General Unsecured Claims), Class 6 (Vitol Claims), Class 7 (Assured Insured Interest

---

[31]  For the avoidance of doubt, 5:00 P.M. Atlantic Standard Time corresponds to 5:00 P.M. prevailing Eastern Time on June 7, 2023.

Rate Swaps Claims), Class 9 (Eminent Domain/Inverse Condemnation Claims), and Class 10 (Federal Claims) by hand delivery from **April 10, 2023 to June 7, 2023** (except weekends and federal holidays):

| Locations in the Commonwealth Accepting Ballots by Hand Delivery[32] | |
|---|---|
| **Address** | **Hours (AST)** |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Citi Towers<br>250 Ponce de León Ave, Suite 503<br>Hato Rey, San Juan, PR 00918 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| LunaSpeiz<br>151 Old San Juan at 157 Calle de Luna,<br>San Juan, PR 00901 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Club de Leones de Ponce<br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |

95.    As mentioned above, in addition to accepting Ballots by regular mail, overnight courier or hand delivery, the Debtor seeks authority to accept applicable Ballots via electronic, online transmission through a customized electronic Ballot by utilizing the E-Ballot platform on Kroll's website. Applicable holders may cast an E-Ballot and electronically sign and submit such electronic Ballot via the E-Ballot platform. Instructions for casting an electronic Ballot can be found on the "Submit E-Ballot" section of Kroll's website, at

---

[32] While the Solicitation Agent will use reasonable efforts to keep each on-island ballot collection site open for the full period set forth above, closures of one (1) or more collection sites may occur from time to time in response to COVID-19 and/or related government action. The Debtor proposes decisions to close collection sites be made at the discretion of the Solicitation Agent, or as required by law, including local ordinances. The locations below are subject to availability during the solicitation period, and the Debtor reserves its right to modify the list of such locations prior to the commencement of the Disclosure Statement Hearing.

https://cases.ra.kroll.com/puertorico/.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective.  For the avoidance of doubt, Settling Monolines and Non-Settling Monolines that are holders of Claims in Class 1 (Settling Bondholder and Settling Monoline Claims) or Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) and holders of Claims in Class 3 (Pension Claim), Class 4 (Fuel Line Loan Claims), Class 5 (General Unsecured Claims), Class 6 (Vitol Claims), Class 7 (Assured Insured Interest Rate Swaps Claims), Class 9 (Eminent Domain/Inverse Condemnation Claims), and Class 10 (Federal Claims) may cast Ballots, electronically only via the E-Ballot platform.  Ballots submitted by electronic mail, facsimile or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

## G.   Approval of the Notice of Non-Voting Status

96.   The Debtor proposes to mail the holders of Claims in the following Classes an appropriate notice indicating such claimholders are not entitled to vote to accept or reject the Plan (a "Notice of Non-Voting Status"), forms of which are attached to the Disclosure Statement Order as **Schedules 4(a)-4(e)**:

- Class 1 (Settling Bondholder and Settling Monoline Claims)[33]

- Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims)[34]

- Class 8 (Ordinary Course Customer Claims)

- Class 11 (Convenience Claims)

---

[33]  To be sent only to Beneficial Owners of Insured PREPA Revenue Bonds insured by a Settling Monoline.

[34]  To be sent only to Beneficial Owners of Insured PREPA Revenue Bonds insured by a Non-Settling Monoline.

- Class 12 (Section 510(b) Subordinated Claims)

97.     The Debtor also proposes to mail a Notice of Non-Voting Status to all known holders of Claims for which the Debtor has served an objection or request for estimation as of the Solicitation Mailing Date.

98.     The Notice of Non-Voting Status identifies the Class that will either receive no distribution or is unimpaired under the Plan, or is otherwise ineligible to submit a vote on the Plan, as applicable, and sets forth (i) the manner in which holders of Claims in such Class may obtain a copy of the Plan and Disclosure Statement, (ii) the deadlines for filing objections to confirmation of the Plan, and (iii) the time and date set for the Confirmation Hearing.  The Debtor requests that the Court determine it is not required to distribute copies of the Disclosure Statement Order, Plan, or Disclosure Statement to any holder of a Claim listed above, except upon written request.

99.     With respect to Beneficial Owners of Claims on account of Insured PREPA Revenue Bonds insured by a Monoline in Classes 1 (Settling Bondholder and Settling Monoline Claims) and 2 (Non-Settling Bondholder and Non-Settling Monoline Claims), the Debtor proposes the Monoline be entitled to vote on account of such Claims.  Accordingly, Beneficial Owners of such Claims in Classes 1 and 2 will receive a notice, substantially in the form attached to the Disclosure Statement Order as **Schedule 4(d)**, informing such Beneficial Owners that the Monoline is entitled to vote on account of such Beneficial Owners' PREPA Revenue Bonds to approve or reject the Plan.

100.    Finally, as described above, holders of Claims that are, as of the Voting Record Date, marked on the Title III register maintained by Kroll as subject to administrative reconciliation procedures pursuant to the Administrative Reconciliation Order are not entitled to vote such Claims to accept or reject the Plan, unless such holder's claim has been allowed pursuant

to an order of the Court on or before the Voting Deadline.  Accordingly, holders of such Claims

will receive a notice, substantially in the form attached to the Disclosure Statement Order as

**Schedule 4(e)**, informing such Holders that they are not permitted to vote to approve or reject the

Plan as a result of such Claims being subject to the Administrative Reconciliation Order, but

notifying such Holders of their rights to file a motion pursuant to Bankruptcy Rule 3018(a) to

request their Claims be allowed for voting purposes only.

### H.    Approval of Vote Tabulation Procedures

101.    Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted
> by creditors, other than any entity designated under subsection (e)
> of this section, that hold at least two-thirds in amount and more than
> one-half in number of the allowed claims of such class held by
> creditors, other than any entity designated under subsection (e) of
> this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides, "[n]otwithstanding objection to

a claim or interest, the court after notice and hearing may temporarily allow the claim or interest

in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed.

R. Bankr. P. 3018(a).

102.    Solely for purposes of voting to accept or reject the Plan and not for the purpose of

the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtor's

rights in any other context, the Debtor proposes each Claim within a Class of Claims entitled to

vote to accept or reject the Plan be in an amount determined by the following procedures:

a.   If a Claim is deemed allowed under the Plan, such Claim is allowed for voting
purposes in the deemed allowed amount set forth in the Plan;

b.   If a Claim for which a proof of claim has been timely filed is wholly contingent,
unliquidated, or disputed, undetermined, or unknown in amount, such Claim
shall be temporarily allowed for voting purposes only, and not for purposes of
allowance or distribution, at $1.00, and the Ballot mailed to the holder of such

Claim shall be marked as voting at $1.00; unless such Claim is disputed as set forth in subparagraph "h" below;

c.  If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph "h" below;

d.  If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

e.  If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

f.  If a Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, the Debtor proposes such Claim shall not be entitled to vote to accept or reject the Plan;

g.  Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are not entitled to vote;

h.  If the Debtor has served an objection, request for estimation, or ACR transfer notice as to a Claim at least forty (40) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;[35]

i.  If the Debtor has served an objection specifically seeking to reduce the amount of the Claim but otherwise allow it for voting purposes, such Claim is allowed for voting purposes only in the amount sought in the objection;

j.  Any holders of Claims that are, as of the Voting Deadline, marked on the Title III register maintained by Kroll as subject to administrative reconciliation procedures pursuant to the Administrative Reconciliation Order shall not be entitled to vote such Claims to accept or reject the Plan;

---

[35]  The Debtor proposes to complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to all known holders of Claims for which the Debtor has served an objection or request for estimation as of the Solicitation Mailing Date.

k.  For purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated based on the reasonable efforts of the Debtor and Balloting Agent as if such creditor held one Claim against the applicable Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

l.  Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

m.  If a proof of claim has been amended by a later filed proof of claim filed on or before the Voting Record Date, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed Claim;

n.  Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may (but is not required to) contact voters to cure any defects in the Ballots and is authorized to so cure any defects;

o.  There shall be a rebuttable presumption that any claimant who submits a properly completed, superseding Ballot, or withdraws a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan, such that the earlier submitted Ballot shall be deemed superseded or withdrawn, as applicable; and

p.  Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

103.  The following additional procedures shall apply with respect to tabulating votes in the Bond Classes:

a.  For the purposes of tabulating votes, each Beneficial Owner or Monoline, as applicable, shall be deemed to have voted only the principal amount of its public securities as submitted through and reflected in ATOP, or, in the case of a Monoline Insurer, only the principal amount of its public securities as submitted through and reflected on the Ballot; any principal amounts thus voted may be thereafter adjusted by the Balloting Agent, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount with respect to the securities thus voted, including any accrued but unpaid prepetition interest or accreted principal, as applicable.

b.    If conflicting votes or "over-votes" are submitted by a Nominee, the Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee.

104.    The Debtor believes the foregoing procedures will provide for a fair and equitable voting process.  If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the Debtor requests the Court direct such claimant to serve on counsel for the Oversight Board, counsel for AAFAF, and counsel for the statutory committees appointed in any of the Title III cases, and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim (a "3018(a) Motion") in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. For the convenience of creditors and other parties in interest, the Debtor requests that the Court approve the form of 3018(a) Motion attached to the Disclosure Statement Order as **Schedule 5**, a copy of which shall also be made available on the Debtor's case website by Kroll.

105.    The Debtor further proposes, in accordance with Bankruptcy Rule 3018, that, as to any claimant filing a 3018(a) Motion, the claimant's Ballot not be counted unless temporarily allowed by an order issued by the Court prior to the Voting Deadline.[36]

106.    In addition, the Debtor requests the following procedures apply with respect to ascertaining the intent of certain creditors who cast votes:

a.    whenever a creditor casts more than one vote voting the same Claim(s) with respect to the same Claim(s) before the Voting Deadline the last properly completed Ballot or voting instruction actually received before the Voting

---

[36]    The Balloting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Balloting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtor or the Clerk of the Court in writing within such one (1) year period.

Deadline shall be deemed to reflect the voter's intent and, thus, to supersede any prior Ballots or votes, as applicable;

b.   whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot shall not be counted;

c.   whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but indicates both an acceptance and rejection of the Plan, the Ballot shall not be counted; and

d.   to assist in the solicitation process, Kroll may contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies; provided, however, that Kroll is not obligated to do so.

107.   The Debtor further proposes the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtor:  (i) any Ballot or vote through ATOP received after the Voting Deadline unless the Debtor has granted an extension with respect thereto; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class; (iv) any unsigned Ballot; (v) any Ballot without an original signature; provided, however, that any Ballot cast via the Balloting Agent's E-Ballot platform shall be deemed to contain an original signature; and (vi) any Ballot transmitted to the Balloting Agent by facsimile, electronic mail, or other means not specifically approved by this Court.

108.   The Debtor further proposes that, subject to any contrary order of the Court and except as otherwise set forth herein, it may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented (a) by an attorney's certification stating the terms, if any, associated with any such waiver, and (b) in the vote tabulation certification prepared by the Balloting Agent.

**Notice**

109.     Notice of this Motion will be provided by facsimile, electronic mail transmission, regular mail and/or hand delivery to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for bonds issued by PREPA; (c) counsel for the Ad Hoc Group of PREPA Bondholders; (d) counsel for Assured; (e) counsel for National; (f) counsel for Syncora; (g) counsel for the Fuel Line Lenders; (h) counsel for UTIER; (i) counsel for SREAEE; (j) the entities on the list of creditors holding the 20 largest unsecured claims against PREPA; (k) the statutory committees appointed in any of the Title III cases; (l) the Office of the United States Attorney for the District of Puerto Rico; (m) counsel for AAFAF; (n) the Puerto Rico Department of Justice; (o) the United States Securities and Exchange Commission; (p) all parties filing a notice of appearance in this Title III case.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

110.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE** the Debtor respectfully requests an order (i) granting the relief sought

herein, and (ii) granting the Debtor such other and further relief as is just.

Dated: December 16, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      ddesatnik@proskauer.com

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for PREPA*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorney for the Financial Oversight and*
*Management Board as representative for*
*PREPA*

51

## Exhibit A

**Proposed Disclosure Statement Order**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE AND CONFIRMATION SCHEDULE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS AND VOTING PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING AND CONFIRMATION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the motion (the "Motion"),[2] dated December 16, 2022, of the Puerto Rico Electric

Power Authority ("PREPA" or the "Debtor"), by and through the Financial Oversight and

Management Board for Puerto Rico (the "Oversight Board"), as representative of the Debtor under

PROMESA Section 315(b), pursuant to Sections 105, 502, 1125, 1126(a), 1126(b), 1126(c),

1126(e), 1126(f), 1126(g), and 1128 of title 11 of the United States Code (made applicable to the

Title III Cases pursuant to PROMESA Section 301(a)) (the "Bankruptcy Code"), Federal Rules of

Bankruptcy Procedure (made applicable to the Title III Cases pursuant to PROMESA Section 310)

(the "Bankruptcy Rules") 2002, 3016, 3017, 3018, 3020, 9013, 9014, and 9021, and Local

Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the

"Local Rules") 3016-2 and 9013-1 requesting an order: (i) approving the proposed Disclosure

Statement, (ii) fixing a Voting Record Date for voting on the Plan (as defined below),

(iii) approving the Confirmation Hearing Notice and confirmation schedule, (iv) approving the

proposed contents of the Solicitation Package and procedures for distribution thereof,

(v) approving the forms of ballots, and establishing solicitation, voting, and balloting procedures,

(vi) approving the form and manner of Notice of Non-Voting Status, (vii) fixing a Voting

Deadline, and (viii) approving procedures for tabulating creditor votes, all as more fully described

in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the

relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this

district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion

having been provided and it appearing that no other or further notice need be provided; and the

Court having held a hearing on _____, 2023, to consider the adequacy of the information

contained in the Disclosure Statement and the additional relief requested in the Motion (the

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

"Disclosure Statement Hearing"); and the Court having determined the relief sought in the Motion

is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having

determined the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein, it is hereby found and determined that:[3]

A.      The Debtor, by and through the Oversight Board, as the Debtor's representative in

its Title III Case pursuant to PROMESA Section 315(b), has full authority to propose and

prosecute the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric

Power Authority*, dated December 16, 2022 (as the same may be amended or modified, including

all exhibits and attachments thereto, the "Disclosure Statement") [Case No. 17-4780, ECF No.

_____][4] and the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated

December 16, 2022 (as the same may be amended or modified, including all exhibits and

supplements thereto, the "Plan") [ECF No. _____].

B.      The Disclosure Statement (including the exhibits attached thereto) contains

adequate information within the meaning of Section 1125 of the Bankruptcy Code, and no other

or further information is necessary for purposes of soliciting acceptances and rejections of the Plan

as set forth herein.

C.      The Disclosure Statement (including the exhibits attached thereto) provides holders

of Claims and other parties in interest with sufficient notice of the injunction, exculpation, and

release provisions contained in Articles XXIV and XXXIII of the Plan in satisfaction of the

requirements of Bankruptcy Rule 3016(c).

---

[3]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant
to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

[4]   Docket references contained herein shall refer to the docket for Case No. 17-4780 unless otherwise specified.

D.      The forms of ballots, substantially in the forms attached hereto as **Schedules 3(a)**

**– 3(d)** (a "Ballot"), are consistent with Official Bankruptcy Form No. B 314, adequately address

the particular needs of the Title III Case, and are appropriate for the relevant Classes of Claims

entitled under the Plan to vote to accept or reject the Plan.

E.      Ballots to vote to accept or reject the Plan (or, with respect to Beneficial Owners of

PREPA Revenue Bonds in the Bond Classes, instructions to submit a vote on ATOP) need only

be provided to (a) Settling Bondholders and Settling Monolines on account of PREPA Revenue

Bond Claims in Class 1 (Settling Bondholder and Settling Monoline Claims); (b) Non-Settling

Bondholders on account of PREPA Revenue Bond Claims in Class 2 (Non-Settling Bondholder

and Non-Settling Monoline Claims) that are *not* insured by a Monoline Insurer; (c) Non-Settling

Monolines on account of PREPA Revenue Bond Claims in Class 2 (Non-Settling Bondholder and

Non-Settling Monoline Claims) that are insured by a Monoline Insurer, and (d) holders of Claims

in Class 3 (Pension Claims), Class 4 (Fuel Line Loan Claims), Class 5 (General Unsecured

Claims), Class 6 (Vitol Claims), Class 7 (Assured Insured Interest Rate Swaps Claims), Class 9

(Eminent Domain/Inverse Condemnation Claims), and Class 10 (Federal Claims).

F.      The solicitation procedures established pursuant to this Order provide Settling

Bondholders and Settling Monolines in Class 1 the right to vote to reject the Plan, notwithstanding

such Settling Bondholders' and Settling Monolines' acceptance of the Settlement Offer prior to

the commencement of the solicitation of votes to accept or reject the Plan, and, therefore, the

solicitation of the Settlement Offer is not a solicitation of votes on the Plan.  *See Findings of Fact*

*and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title*

*III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement*

*System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19812 in Case No. 12-3283] at ¶¶ 141, 143.

G.      Ballots need not be provided to the holders of Claims in Class 8 (Ordinary Course Customer Claims) and Class 11 (Convenience Claims), because the holders of these Claims are unimpaired pursuant to the Plan and are deemed to accept the Plan:

H.      Ballots need not be provided to the holders of Claims in Class 12 (Section 510(b) Subordinated Claims), because such holders will receive no distributions pursuant to the Plan and are deemed to reject the Plan.

I.      The period set forth below, during which the Debtor may solicit acceptances and rejections to the Plan, is a reasonable period of time for holders of Claims entitled to vote on the Plan.

J.      The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), filing of objections or responses to (i) the proposed confirmation of, or proposed modifications to, the Plan, or (ii) the Proposed Confirmation Order ("Confirmation Objections") and the distribution and contents of the solicitation packages (the "Solicitation Packages") provide a fair and equitable notice and voting process and comply with Bankruptcy Rules 2002, 3017, and 3018 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Confirmation Objection Deadline, the Confirmation Hearing, and all related matters.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Motion is granted as modified herein, and all other objections to the Motion and the Disclosure Statement are overruled.

2.     The Disclosure Statement is approved in its entirety, and the Debtor may accordingly solicit acceptances and rejections of the Plan as set forth herein.

3.     The forms of Ballots and Notices are approved.

*Confirmation Procedures and Deadlines*

4.     The Confirmation Hearing will be held on **July 17–21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time)**; <u>provided</u>, <u>however</u>, that the Confirmation Hearing may be continued from time to time without further notice other than through adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

5.     The Confirmation Hearing Notice setting forth the time, date, and place of the Confirmation Hearing, substantially in the form attached hereto as **Schedule 2**, is approved.

6.     The Debtor shall cause the Balloting Agent to complete the mailing of the Confirmation Hearing Notice in accordance with the Bankruptcy Rules and Local Rules on or before **five (5) business days after entry of this Order, or as soon as reasonably practicable thereafter**.

7.     The Debtor, through Kroll, shall publish the Confirmation Hearing Notice, on one occasion, in each of *El Nuevo Dia* in Spanish (primary circulation is in Puerto Rico), *The San Juan Daily Star* in English (primary circulation is in Puerto Rico), *El Diario* in Spanish (primary circulation is in New York), *El Nuevo Herald* in Spanish (primary circulation is Miami), *The New York Times*, *The Bond Buyer*, *El Vocero* in Spanish (primary circulation is in Puerto Rico), and *Primera Hora* in Spanish (primary circulation is in Puerto Rico) to the extent possible, during the week beginning on (1) April 17, 2023, (2) May 8, 2023, and (3) May 29, 2023, which notice is hereby approved and constitutes adequate and sufficient notice and complies with Bankruptcy Rule 2002.  To the extent any of the above publications are unable to publish or suspends

6

publication during the time periods above, the Debtor is permitted to use reasonable best efforts to secure a similar alternative publisher without further order of the Court.

8.      The Debtor, through Kroll, shall cause no less than ten (10) radio advertisements, to be aired to the extent possible during the periods from (i) April 17, 2023 up to and including April 21, 2023, (ii) May 8, 2023 up to and including May 12, 2023, and (iii) May 29, 2023 up to and including June 2, 2023 (for a total of thirty (30) radio advertisements), on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish, informing listeners of (i) the approval of the Disclosure Statement and the scheduling to the Confirmation Hearing, (ii) the date by which Confirmation Objections must be filed and served, (iii) the Voting Deadline, and (iv) an information hotline to receive certain additional information. To the extent any of the above radio stations are unable to broadcast or suspends broadcasting during the time period above, the Debtor is permitted to use reasonable best efforts to secure a similar alternative radio station, if feasible given the time required to produce a radio advertisement, without further order of the Court.

9.      The Debtor shall file the Proposed Confirmation Order no later than **5:00 p.m. (Atlantic Standard Time) on May 31, 2023**.

10.     Any Confirmation Objections must:

   a.    be in writing, in English, and signed,

   b.    state the name, address, and nature of the Claim of the objecting or responding party,

   c.    state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the proposed Plan or proposed order confirming the Plan to resolve any such objection or response,

   d.    be served so as to be actually received by the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: the Puerto Rico Electric Power Authority ); and

    e.    be filed, together with proof of service, with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS and served so that such objections and responses are actually received by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** (the "<u>Confirmation Objection Deadline</u>").

11.    Confirmation Objections that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

12.    Any objecting party that has not filed a timely Confirmation Objection will not be permitted to make an oral presentation at the Confirmation Hearing.

13.    The Debtor and other parties in interest are authorized to file and serve no later than **5:00 p.m. (Atlantic Standard Time) on June 21, 2023**: (i) replies or an omnibus reply to any objections to the confirmation of the Plan; (ii) the Debtor's memorandum of law in support of confirmation of the Plan; (iv) voting results tabulation; and (v) the Debtor's proposed findings of fact and conclusions of law.

14.    Any objection to the Debtor's proposed findings of fact and conclusions of law must:

    f.    be in writing, in English, and signed,

    g.    state the name, address, and nature of the Claim of the objecting or responding party,

    h.    state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in proposed findings of fact and conclusions of law to resolve any such objection or response,

    i.    be served so as to be actually received by the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: the Puerto Rico Electric Power Authority );

    j.    be filed, together with proof of service, with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS and served so

that such objections and responses are actually received by no later than **5:00 p.m. (Atlantic Standard Time) on June 28, 2023**.

15.    The Debtor and other parties in interest are authorized to file and serve no later than **5:00 p.m. (Atlantic Standard Time) on July 5, 2023** replies or an omnibus reply to any objections to the Debtor's proposed findings of fact and conclusions of law.

*Solicitation Procedures and Deadlines; Vote Tabulation*

16.    The record date for purposes of determining creditors entitled to vote on the Plan (except in connection with the Bond Classes) or, in the case of the non-voting Classes to receive the Notice of Non-Voting Status, shall be **February 28, 2023** (the "Voting Record Date").

17.    With respect to any transferred Claim (except for any Claims in the Bond Classes), the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the transferor has completed, executed, and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by such transferor of such transferred Claim.

18.    Cede & Company and The Depository Trust Company ("DTC") shall provide the Debtor within seven (7) Business Days of the date of this Order, or as soon as possible thereafter, a listing of the names and addresses of all Nominees that as of the Voting Record Date held, directly or indirectly, any of the Existing Bonds.

19.      The Debtor shall cause the Balloting Agent to complete the mailing of the appropriate Solicitation Package by **the date that is twenty-eight (28) days following entry of this Order, or as soon as reasonably practicable thereafter** (the "Solicitation Mailing Date") to all known holders (as of the Voting Record Date) of Claims in the following classes (collectively, the "Voting Classes"):

|  | Class |
|---|---|
| Settling Bondholder and Settling Monoline Claims[5] | Class 1 |
| Non-Settling Bondholder and Non-Settling Monoline Claims[6] | Class 2 |
| Pension Claim[7] | Class 3 |
| Fuel Line Loan Claims | Class 4 |
| General Unsecured Claims | Class 5 |
| Vitol Claims | Class 6 |
| Assured Insured Interest Rate Swaps Claims | Class 7 |
| Eminent Domain/Inverse Condemnation Claims | Class 9 |
| Federal Claims | Class 10 |

20.      The Debtor shall not be required to mail or cause to be mailed Solicitation Packages to any holders of Claims that are, as of the Voting Record Date, marked on the Title III register maintained by Kroll as subject to administrative reconciliation procedures pursuant to the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-3283, ECF No. 12274] ("Administrative Reconciliation Order"), as such holders shall not be entitled to vote such Claims to accept or reject the Plan, unless such holder's claim has been allowed pursuant to an order of the Court on or before

---

[5]   Solicitation Packages shall be provided to Beneficial Owners and Settling Monolines in Class 1.

[6]   Solicitation Packages shall be provided to Beneficial Owners of PREPA Revenue Bonds that are not insured and Non-Settling Monolines in Class 2.

[7]   A Solicitation Package shall only be provided to the Puerto Rico Electric Power Authority Employee Retirement System (the "SREAEE" by its Spanish acronym) on account of the Pension Claim in Class 3.

the Voting Deadline, as defined below;[8] provided, however, the Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to such holders of Claims.

21.     Solicitation Packages mailed to creditors holding Claims in the Voting Classes will contain, in English and Spanish translation: (i) the Confirmation Hearing Notice; (ii) a flash drive (or otherwise in the Debtor's discretion)[9] containing this Disclosure Statement Order (without the exhibits hereto) and Disclosure Statement (together with all exhibits thereto, including the Plan); and (iii) the appropriate form of Ballot or Notice, if any, with instructions for voting, and, as applicable, a pre-addressed, pre-paid return envelope.

22.     If it is a Nominee's (or Nominee's agent's) customary and accepted practice to (i) forward the solicitation information to (and collect votes from) Beneficial Owners by voter information form, email, telephone or other customary means of communications, as applicable, or (ii) provide to Beneficial Owners an electronic link to the solicitation materials (including, but not limited to, the Disclosure Statement and Plan), the Nominee (or Nominee's agent) may employ that method of communication in lieu of sending the flash drive, paper Notice, and/or Solicitation Package, as applicable.  In such instances, the Nominee (or Nominee's agent) may return any excess or unused flash drives or paper copies to the Balloting Agent.

23.     The Debtor is authorized, but not required, to distribute the Disclosure Statement (together with all exhibits thereto) and the Disclosure Statement Order to the Voting Classes in

---

[8]   For the avoidance of doubt, holders of Claims transferred into the alternative dispute procedures pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576 in Case No. 17-03283] will not be precluded from voting such Claims to accept or reject the Plan, except as otherwise provided in this Order.

[9]   For the avoidance of doubt, the Debtor reserves the right (in its sole discretion) to distribute the Disclosure Statement (together with all exhibits thereto) and the Disclosure Statement Order in paper format to a subset of voting creditors if it is determined to be the most effective method of serving such a population of prospective voters.

electronic format (flash drive); underlined provided, underlined however, the Confirmation Hearing Notice and Ballots shall only be provided in paper format.

24.     Upon receipt of a request for a paper copy of the Disclosure Statement, Plan, and/or Disclosure Statement Order, the Balloting Agent shall, within three (3) business days of receipt of the request or as soon as reasonably practicable thereafter, deposit the requested documents with a postal or shipping service to deliver the requested documents.

25.     On or before the Solicitation Mailing Date, the Debtor shall provide (i) complete Solicitation Packages (excluding Ballots) to:

      a.   the U.S. Trustee,

      b.   counsel to AAFAF,

      c.   counsel to the Official Committee of Unsecured Creditors; Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq. and G. Alexander Bongartz, Esq.;

and (ii) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to the Debtor's Bankruptcy Rule 2002 list as of the Voting Record Date.

26.     The Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to all known holders (as of the Voting Record Date) or Beneficial Owners, as applicable, of Claims in the following Classes:

- Class 1 (Settling Bondholder and Settling Monoline Claims) – solely with respect to Beneficial Owners of PREPA Revenue Bonds insured by a Settling Monoline.

- Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) – solely with respect to Beneficial Owners of PREPA Revenue Bonds insured by a Non-Settling Monoline.

- Class 8 (Ordinary Course Customer Claims)

- Class 11 (Convenience Claims)

- Class 12 (Section 510(b) Subordinated Claims)

27.    The Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to all known holders of Claims for which the Debtor has served an objection or request for estimation as to a Claim as of the Solicitation Mailing Date.

28.    The Debtor shall not be required to send Solicitation Packages to (i) any holder of an unimpaired Claim under the Plan or that is otherwise deemed to accept the Plan, (ii) any holder of a Claim in a Class deemed to reject the Plan, (iii) any party who holds a Claim, whether in the form of a filed proof of claim, or an amount listed on the list of creditors filed by the Debtor pursuant to Sections 924 and 925 of the Bankruptcy Code (as amended or modified, the "List of Creditors") in an amount of $0.00, (iv) any holder of a Claim to which the Debtor has served an objection or request for estimation, or that has been expunged by order of the Court, and (v) a creditor that has a Claim that has already been paid in full.

29.    With respect to addresses from which notices of the Disclosure Statement hearing were returned as undeliverable by the United States Postal Service, the Debtor is excused from mailing Solicitation Packages or any other materials related to voting on or confirmation of the Plan to entities listed at such addresses.  For purposes of serving the Solicitation Packages, the Debtor is authorized to rely on the address information for all Classes as compiled, updated, and maintained by the Balloting Agent as of the Voting Record Date.  In addition, to the extent any Solicitation Packages are returned as undeliverable by the United States Postal Service (including Solicitation Packages from voting creditors), neither the Debtor nor the Balloting Agent are required to conduct additional research for updated addresses or to attempt to re-serve the Solicitation Packages on such parties.

30.     The forms of Notice of Non-Voting Status (**Schedule 4(a) – 4(e)**) are hereby approved.

31.     The Notices of Non-Voting Status are hereby deemed to satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and the Debtor shall not be required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any holder of a Claim in the following Classes, except as to parties who request, in writing, copies of such documents:

- Class 1 (Settling Bondholder and Settling Monoline Claims) – solely with respect to Beneficial Owners of PREPA Revenue Bonds insured by a Settling Monoline.

- Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) – solely with respect to Beneficial Owners of PREPA Revenue Bonds insured by a Non-Settling Monoline.

-  Class 8 (Ordinary Course Customer Claims)

- Class 11 (Convenience Claims)

- Class 12 (Section 510(b) Subordinated Claims)

32.     Each Ballot must be executed, completed, and delivered to the Balloting Agent (i) by U.S. first-class mail, in the return envelope provided with each Ballot (or otherwise by first-class mail); (ii) by overnight courier; (iii) by hand delivery, or (iv) Kroll's e-balloting platform (where permitted), so that executed and completed Ballots are received by Kroll, the Balloting Agent, by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023**, unless such time is extended (the "Voting Deadline").[10]  Holders of Claims in the Bond Classes, as applicable, must

---

[10]   The Solicitation Agent shall use reasonable efforts to keep each on-island ballot collection site proposed in the Motion open for the full period between April 10, 2023 and June 7, 2023.  The Solicitation Agent may close any such on-island ballot collection sites (at its sole discretion), or as required by law, including, without limitation, local ordinances.  The Debtor shall make copies of the Disclosure Statement and Plan available at each on-island ballot collection site.

deliver their voting instructions to the Nominee according to the instructions in the applicable Notice in sufficient time for the Nominee to receive and effectuate the creditor's vote through ATOP in accordance with the procedures of DTC by the Voting Deadline; provided, however, that any creditor who has executed, completed, and delivered through ATOP in accordance with the procedures of DTC its vote to accept or reject the Plan may revoke such vote and withdraw any securities that have been tendered with respect to a vote through ATOP in accordance with the procedures of DTC on or before the Voting Deadline.[11]

33.    All securities that are tendered with respect to a vote to accept or reject the Plan shall be restricted from further trading or transfer until the Voting Deadline.

34.    The Beneficial Owners of Settling Bondholder Claims and Settling Monolines holding Settling Monoline Claims in Class 1 (Settling Bondholder and Settling Monoline Claims) are entitled to cast a vote with respect to such Class.  The Beneficial Owners of uninsured securities giving rise of Claims in Class 2 and the Non-Settling Monolines holding Non-Settling Monoline Claims in Class 2 are entitled to cast a vote with respect to such Class.

35.    Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtor in any other context, each Claim within a Class of Claims entitled to vote is temporarily allowed in an amount equal to the amount of such Claim as set forth in the claims register; provided:

      a.    If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

      b.    If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, undetermined, or unknown in amount, such Claim

---

[11]    The Debtor has established that it is necessary to conduct this solicitation of votes with respect to the Bond Classes through the DTC ATOP platform due to the magnitude and complexity of effectuating distributions among holders of Claims in the Bond Classes.

shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00; unless such Claim is disputed as set forth in subparagraph "h" below;

c. If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph "h" below;

d. If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

e. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

f. If a Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall not be entitled to vote to accept or reject the Plan;

g. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are not entitled to vote;

h. If the Debtor has served an objection, request for estimation, or ACR transfer notice as to a Claim at least forty (40) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;[12]

i. If the Debtor has served an objection specifically seeking to reduce the amount of the Claim but otherwise allow it for voting purposes, such Claim is allowed for voting purposes only in the amount sought in the objection;

j. Any holders of Claims that are, as of the Voting Deadline, marked on the Title III register maintained by Kroll as subject to administrative reconciliation

---

[12] For the avoidance of doubt, Paragraph 35(h) of this Order shall not apply to any Claim that is Allowed pursuant to the Plan.

procedures pursuant to the Administrative Reconciliation Order shall not be entitled to vote such Claims to accept or reject the Plan;

k.  For purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated based on the reasonable efforts of the Debtor and Balloting Agent as if such creditor held one Claim against the applicable Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

l.  Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

m.  If a proof of claim has been amended by a later filed proof of claim filed on or before the Voting Record Date, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed Claim;

n.  Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may (but is not required to) contact voters to cure any defects in the Ballots and is authorized to so cure any defects;

o.  There shall be a rebuttable presumption that any claimant who submits a properly completed, superseding Ballot, or withdraws a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan, such that the earlier submitted Ballot shall be deemed superseded or withdrawn, as applicable; and

p.  Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

36.   The following additional procedures shall apply with respect to tabulating votes in the Bond Classes:

a.  For the purposes of tabulating votes, each Beneficial Owner shall be deemed to have voted only the principal amount of its public securities as submitted through and reflected in ATOP, or, in the case of an monoline insurer, only the principal amount of its public securities as submitted through and reflected on the Form of Ballot; any principal amounts thus voted may be thereafter adjusted by the Balloting Agent, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount with respect

17

to the securities thus voted, including any accrued but unpaid prepetition interest or accreted principal, as applicable.

    b.  If conflicting votes or "over-votes" are submitted by a Nominee, the Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee.

37.    If any claimant seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, such claimant shall serve upon counsel for the Debtor, counsel for AAFAF, and counsel for the Official Committee of Unsecured Creditors, and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "3018(a) Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan, on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim; provided, however, that, as to any claimant filing a 3018(a) Motion, such claimant's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

38.    The form of Rule 3018(a) Motion attached hereto as **Schedule 5** is approved, and the Debtor shall make available the form of Rule 3018(a) Motion on the Balloting Agent's website.

39.    Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim therefor.

40.    If a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline is hereby deemed to reflect such creditor's intent and, thus, to supersede any prior Ballot(s) made.

41.    Any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each such Claim; provided, however, that creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their vote(s), and thus, neither a Ballot that partially rejects and partially accepts the Plan, nor

18

multiple Ballots casting conflicting votes in respect of the same Class under the Plan shall be counted.

42.     The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot or vote through ATOP received after the Voting Deadline, unless the Debtor has granted an extension with respect thereto; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; (v) any Ballot transmitted to the Balloting Agent by facsimile, electronic mail, or other means not specifically approved herein; (vi) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate either an acceptance or rejection of the Plan; (vii) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but indicates both an acceptance and rejection of the Plan shall be counted as an acceptance of the Plan; and (viii) any Ballot without an original signature; provided, however, that any Ballot cast via the Balloting Agent's E-Ballot platform or the ATOP system shall be deemed to contain an original signature.[13]

43.     Except as otherwise set forth herein, and subject to the entry of an order of the Court, the Debtor may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented (a) by an attorney's certification stating the terms, if any, associated with any such waiver, and (b) in the vote tabulation certification prepared by the Ballot Agent.

---

[13] The Balloting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Balloting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

*Miscellaneous*

44.     In accordance with the modification provisions of the Plan and Local Rule 3016-2, the Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Notices, the Notices of Non-Voting Status, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages as may be necessary, prior to mailing.

45.     All notices to be provided pursuant to the procedures set forth herein are deemed good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

46.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

47.     The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

48.     This Order resolves Docket Entry No. [____] in Case No. 17-3283, and Docket Entry No. [____] in Case No. 17-4780.

Dated: _____, 2023
            San Juan, Puerto Rico
                                                    _____
                                                    Laura Taylor Swain
                                                    United States District Court Judge

20

**Schedule 1**

**Disclosure Statement[1]**

---

[1] In the interest of economy, a hard copy of the Disclosure Statement will not be included as a schedule to the Disclosure Statement Order.  A copy of the Disclosure Statement was filed on December 16, 2022, and is available on the Court's docket, as well as on the website of the Debtor's Balloting Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) ("Kroll"), at https://cases.ra.kroll.com/puertorico/.  A flash drive containing the Disclosure Statement and all exhibits thereto will be included in the Solicitation Packages.  Hard copies of the Disclosure Statement are available on request by contacting Kroll by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com.  Please do not direct any inquiries to the Court.

**<u>Schedule 2</u>**

**Confirmation Hearing Notice**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>               Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT

**If you are entitled to vote on the Plan, you will receive a separate Solicitation Package (as defined below) on a future date.**

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| **DEADLINE TO FILE DISCOVERY NOTICE:** <u>5:00 p.m. (Atlantic Standard Time) on March 29, 2023</u> <br> **VOTING DEADLINE:** <u>5:00 p.m. (Atlantic Standard Time) on June 7, 2023</u> <br> **OBJECTION DEADLINE:** <u>5:00 p.m. (Atlantic Standard Time) on June 7, 2023</u> <br> **CONFIRMATION HEARING:** <u>July 17–21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time)</u> <br> **See below for additional deadlines.** |
| If you have any questions regarding this notice, please contact Kroll Restructuring Administration LLC ("<u>Kroll</u>")[2]by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at <u>puertoricoinfo@ra.kroll.com</u> (with 'PREPA Solicitation' in the subject line). |

## PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      ***Approval of Disclosure Statement.***  By order, dated [●], 2023 (the "<u>Disclosure Statement Order</u>"), the United States District Court for the District of Puerto Rico (the "<u>Court</u>") approved the adequacy of the information contained in the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "<u>Disclosure Statement</u>"), filed by the Financial Oversight and Management Board on behalf of the Debtor, and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "<u>Plan</u>"),[3] attached as **<u>Exhibit A</u>** to the Disclosure Statement.

| |
|---|
| **You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, free of charge, by contacting the Balloting Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC):** <br><br> **Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):** <br>         **(844) 822-9231 (toll free for U.S. and Puerto Rico)** <br>         **(646) 486-7944 (for international callers)** <br><br> **Email: puertoricoinfo@ra.kroll.com** (with 'PREPA Solicitation' in the subject line) |

---

[2]     On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

[3]     All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

> Alternatively, electronic copies of the Disclosure Statement and Plan are available, free of charge, by visiting https://cases.ra.kroll.com/puertorico/.

2.        Pursuant to the Disclosure Statement Order, the Debtor will mail materials needed for voting on the Plan (the "Solicitation Package") to holders with Claims in the following Classes (collectively, the "Voting Classes"):

|                                                          | **Class** |
|----------------------------------------------------------|-----------|
| Settling Bondholder and Settling Monoline Claims         | Class 1   |
| Non-Settling Bondholder and Non-Settling Monoline Claims | Class 2   |
| Pension Claim                                            | Class 3   |
| Fuel Line Loan Claims                                    | Class 4   |
| General Unsecured Claims                                 | Class 5   |
| Vitol Claims                                             | Class 6   |
| Assured Insured Interest Rate Swaps Claims               | Class 7   |
| Eminent Domain/Inverse Condemnation Claims               | Class 9   |
| Federal Claims                                           | Class 10  |

3.        ***Confirmation Hearing.***   A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, [via remote hearing through Zoom for Government] (or as otherwise provided pursuant to an order of the Court) on **July 17–21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time)**.

4.        The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5.        ***Plan Confirmation Depository***.  Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6.      ***Confirmation Objection Deadline.***  The Court has established **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** as the deadline to file objections or responses to confirmation of the proposed Plan and the proposed confirmation order[4] (the "Confirmation Objection Deadline").  Parties who do not file an objection to the Plan or the Proposed Confirmation Order prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

7.      ***Objections and Responses to Confirmation.***  Objections and responses to confirmation of the Plan must:

a.  Be in writing, in English, and signed;

b.  State the name, address, and nature of the Claim of the objecting or responding party;

c.  State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or the proposed confirmation order to resolve any such objection or response;

d.  Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

  i.  If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767

so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**, and

---

[4]   The deadline for the Debtor to file the proposed confirmation order is May 31, 2023 at 5:00 p.m. (prevailing Atlantic Time).

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Puerto Rico Electric Power Authority) so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

8. ***Participation in Confirmation Discovery***. If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.ra.kroll.com/puertorico/. If you file your Discovery Notice on or before **March 29, 2023**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after March 29, 2023, but on or before April 24, 2023**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtor's access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;

b. State your name, address, the nature of your Claim, and your Claim number;

c. State your intention to participate in discovery in connection with confirmation of the Plan; and

d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Plan Confirmation, in (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are <u>not</u> represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:

United States District Court, Clerk's Office

150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**.  Failure to timely file a Discovery Notice, however, will <u>not</u> preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. *Discovery Timetable and Deadlines*.  The Court has established the following discovery dates and deadlines, which are applicable to the Debtor and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[5]

| Summary of Discovery and Confirmation Deadlines | |
| --- | --- |
| **Date of Entry of Confirmation Discovery Procedures Order** | Conversion of Disclosure Statement depository to Plan Depository |
| **Five Business Days After Entry of DS Approval Order** | Deadline for Confirmation Hearing Notice to be served. |
| **Ten Days After Entry of Confirmation Discovery Procedures Order** | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("Debtor's Preliminary Fact Witness List"). |
| **March 29, 2023** | Deadline for parties in interest to file a "Notice of Intent to Participate in Discovery," (hereafter, a "Discovery Notice").  Only parties in interest who file a timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |

---

[5]    All of the dates and procedures set forth in this notice are subject to change by further Court order.

| 28 Days After Entry of DS Approval Order | Deadline for Debtor to complete mailing of solicitation materials. |
|---|---|
| **April 3, 2023** | Deadline for all parties to serve requests for production of non-depository documents ("Production Requests"). Parties in interest may serve Production Requests only following their filing of a timely Discovery Notice.<br><br>Parties may serve up to one additional round of Production Requests, provided that they are served on or before April 14, 2023.<br><br>Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
|  | Deadline for parties in interest to file a preliminary fact witness list and topics about which each witness is expected to testify (a "Party in Interest's Preliminary Fact Witness List," and together with the Debtor's Preliminary Fact Witness List, the "Preliminary Fact Witness Lists"). |
|  | Deadline for all parties to file opening expert disclosures ("Opening Expert Disclosures"). |
|  | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **April 14, 2023** | Deadline for all parties to file opening expert reports ("Opening Expert Reports"). |
|  | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all depositions are limited to a seven (7)-hour time limit). Subsequent notices are allowed provided discovery is completed by the Fact Discovery Deadline or Expert Discovery Deadline, as applicable. |
|  | Deadline for parties who have served a Production Request on or before April 3, 2023 to serve up to one additional round of Production Requests.<br><br>Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
| **April 17, 2023** | Deadline for all parties to file rebuttal expert disclosures ("Rebuttal Expert Witness Disclosures"). |
| **April 21, 2023** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) business days of service of such Admission Requests. |
|  | Deadline for Completion of fact discovery (the "Fact Discovery Deadline"). |

| April 24, 2023 | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for parties in interest who solely want access to documents in the Plan Depository to file a Discovery Notice. |
| April 28, 2023 | Deadline for all parties to file Daubert motions and motions *in limine*. |
| | Deadline for completion of expert discovery (the "Expert Discovery Deadline"). |
| May 5, 2023 | Deadline for all parties to file oppositions to Daubert motions and motions *in limine*. |
| May 12, 2023 | Deadline for all parties to file replies in support of Daubert motions and motions *in limine*. |
| | Deadline for all parties to file finalized witness lists, exhibit lists, and deposition designations. |
| May 17, 2023 | Deadline for all parties to file counter-designations, objections to deposition designations, or objections to exhibit lists. |
| May 24, 2023 | Deadline for all parties to file objections to counter designations. |
| May 31, 2023 | Deadline for the Debtor to file initial proposed confirmation order (the "Proposed Confirmation Order"). |
| June 7, 2023 | Voting Deadline |
| June 7, 2023 | Deadline for parties in interest to file: <br><br> • Objections to confirmation of the Plan ("Plan Objections"). <br><br> • Objections to Proposed Confirmation Order. |
| June 21, 2023 | Deadline for Debtor to file: <br><br> • Memorandum of law in support of confirmation. <br><br> • Omnibus reply to Plan Objections and objections to the Proposed Confirmation Order. <br><br> • Witness Declarations. <br><br> • Vote Tabulation. <br><br> • Initial proposed findings of fact and conclusions of law ("Proposed Findings of Fact and Conclusions of Law"). |
| | Deadline for non-Debtor parties to file witness declarations |
| June 28, 2023 | Deadline for parties in interest to file objections to Proposed Findings of Fact and Conclusions of Law. |
| July 5, 2023 | Deadline for Debtor to reply to objections to the Proposed Findings of Fact and Conclusions of Law. |

| Week of July 10, 2023 (or a date convenient for the court) | [Virtual] hearing on motions *in limine* / pre-trial conference. |
|---|---|
| July 17–21, 24–28, 2023 | Confirmation Hearing |

12.      ***Voting Record Date.***  The voting record date is **February 28, 2023** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes) are entitled to vote on the Plan.  Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor (except in the Bond Classes) as of the Voting Record Date are entitled to vote on the Plan.

13.      ***Voting Deadline.***  The deadline for voting on the Plan is **June 7, 2023, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline").  ***You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.  However, if you are a Settling Bondholder or Settling Monoline receiving the treatment provided to holders of Claims in Class 1 or Class 7, you should review your Plan Support Agreement prior to voting or abstaining from voting on the Plan, and how it may affect your right to receive distributions.***

14.      If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtor's solicitation agent, Kroll

Restructuring Administration LLC ("Kroll" or the "Balloting Agent")[6] on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

15.     *Parties in Interest Not Entitled to Vote.*   Creditors in Class 12 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote.

16.     Creditors in Class 8 (Ordinary Course Customer Claims) and Class 11 (Convenience Claims) are deemed to accept the Plan and not entitled to vote.

17.     If a Claim is listed on the Debtor's list of creditors [Case No. 17-4780, ECF No. 262] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan.  Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

18.     If you have timely filed a proof of claim and disagree with the Debtor's classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 37 of the Disclosure Statement Order and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed

---

[6]   On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the **Voting Deadline (June 7, 2023, at 5:00 p.m. (Atlantic Standard Time), which corresponds to 5:00 p.m. prevailing Eastern Time**). Creditors may contact the Balloting Agent (i) via <u>first class mail</u> or via <u>overnight courier</u>, at Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line), to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

19.    If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.ra.kroll.com/puertorico/.

20.    ***Parties Who Will Not Be Treated as Creditors***.  Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise

deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

21.   *Additional Information*.  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Kroll Restructuring Administration LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line), or may view such documents by accessing either https://cases.ra.kroll.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/.   Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

22.   *Bankruptcy Rules 2002(c)(3) and 3016(c)).*  **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

### Section 24(A) – Discharge and Release of Claims and Causes of Action:

**1. Complete Satisfaction, Discharge, and Release**

Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims or Causes of Action against PREPA and Reorganized PREPA that arose, in whole or in part, prior to the Effective Date, relating to the Title III Case, the Debtor or Reorganized Debtor or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action.  Upon the Effective Date, the Debtor and Reorganized Debtor shall be deemed discharged and released from any and all Claims, Causes of Action, and any other Debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and all Debts of the kind specified in Bankruptcy Code sections 502(g), 502(h), or 502(i), whether or not (a) a Proof of Claim based upon such Debt is filed or deemed filed under Bankruptcy Code section 501, (b) a Claim based upon such Debt is

allowed under Bankruptcy Code section 502 (or is otherwise resolved), or (c) the Holder of a Claim based upon such Debt voted to accept the Plan.

### 2. Preclusion from Assertion of Claims Against the Debtor

All Entities shall be precluded from asserting any and all Claims or other obligations, suits, judgments, damages, Debts, rights, remedies, Causes of Action, or liabilities, of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor and Reorganized Debtor and each of their respective Assets, property and rights, relating to the Title III Case, regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, Debts, rights, remedies, Causes of Action, or liabilities.  In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action, or Debt of or against the Debtor and the Reorganized Debtor pursuant to Bankruptcy Code sections 524 and 944, applicable to the Title III Case pursuant to PROMESA section 301, and such discharge shall void and extinguish any judgment obtained against the Debtor or Reorganized Debtor and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, Debt, or liability.  As of the Effective Date, and in consideration for the value provided under the Plan, each Holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtor and Reorganized Debtor, and their respective Assets and property and all such Claims.

### 3. Injunction Related to Discharge of Claims

Except as otherwise expressly provided in this **Error! Reference source not found.** of the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold, or may hold Claims or any other Debt or liability that is discharged or released pursuant to **Error! Reference source not found.** hereof or who have held, hold, or may hold Claims or any other Debt or liability that is discharged or released pursuant to **Error! Reference source not found.** hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other Debt or liability that is discharged or released pursuant to the Plan against any of the Released Parties or any of their respective Assets or property, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other Debt or liability that is discharged or released pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other Debt or liability that is discharged or released pursuant to the Plan, and (d) except to the extent provided, permitted, or preserved by Bankruptcy Code sections 553, 555, 556, 559, or 560 or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other Debt or liability that is

discharged or released pursuant to the Plan.  Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

### Section 24(B) – Releases by the Debtor and Reorganized Debtor:

Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtor and Reorganized Debtor, the Distribution Agent and each of the Debtor's and Reorganized Debtor's Related Persons shall be deemed to have and hereby does irrevocably, unconditionally, fully, finally, and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtor, Reorganized Debtor, and the Distribution Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Case, the Fuel Line Lender PSA, the Debtor taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs, or fees.

### Section 24(C) – Releases by Holders of Claims:

Notwithstanding anything contained in this Plan to the contrary, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged the Debtor and the Reorganized Debtor from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtor, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including management, ownership, or operation thereof), the Debtor's in- or out-of-court restructuring efforts, intercompany transactions, the Title III Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Restructuring Transactions, the Fuel Line Lender PSA, or any contract, instrument, release, or other Definitive Documents, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Title III Case, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

### Section 24(D) – Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any

claim related to any act or omission in connection with, relating to, or arising out of, the Title III Case, the formulation, preparation, dissemination, negotiation, or filing of the Fuel Line Lender PSA, Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release or other Definitive Document, agreement, or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Title III Case, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### Section 24(E) – Injunction

As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to this Article XXIV of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, derivatively, or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Article XXIV hereof; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration, or administrative proceeding in any forum, that does not comply with or its inconsistent with the provisions of the Plan or the Confirmation Order.

### Section 33(C) – Supplemental Injunction

Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Case or any Claim against the Debtor, whenever and wherever arising or asserted, whether in the U.S. or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date),

including, but not limited to:

1.  Commencing or continuing in any manner any action or other proceeding of any
    kind with respect to any such Released Claim against any of the Released Parties
    or the assets or property of any Released Party;

2.  Enforcing, attaching, collecting, or recovering, by any manner or means, any
    judgment, award, decree, or order against any of the Released Parties or the assets
    or property of any Released Party with respect to any such Released Claim;

3.  Creating, perfecting, or enforcing any Lien of any kind against any of the Released
    Parties or the assets or property of any Released Party with respect to any such
    Released Claim;

4.  Except as otherwise expressly provided in the Plan or the Confirmation Order,
    asserting, implementing or effectuating any setoff, right of subrogation, indemnity,
    contribution, or recoupment of any kind against any obligation due to any of the
    Released Parties or against the property of any Released Party with respect to any
    such Released Claim; and

5.  Taking any act, in any manner, in any place whatsoever, that does not conform to,
    or comply with, the provisions of the Plan or the Confirmation Order, *provided*,
    *however*, that the Debtor's compliance with the formal requirements of Bankruptcy
    Rule 3016 shall not constitute an admission that the Plan provides for any injunction
    against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: _____ 2023
     San Juan, Puerto Rico

Respectfully submitted,


/s/
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
     ppossinger@proskauer.com
     ebarak@proskauer.com
     ddesatnik@proskauer.com


*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for PREPA*


/s/
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com


*Co-Attorney for the Financial Oversight and*
*Management Board as representative for*
*PREPA*

## Schedule 3(a)

**Form of Notice of Voting Instructions for Settling Bondholder Claims
in Class 1 (Settling Bondholder and Settling Monoline Claims) and Non-Settling
Bondholder Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline
Claims)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                            Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF VOTING INSTRUCTIONS FOR [SETTLING BONDHOLDER CLAIMS IN CLASS 1] / [NON-SETTLING BONDHOLDER CLAIMS IN CLASS 2]

This Notice of Voting (the "Notice") is being sent to the beneficial holders of securities issued by the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), giving rise to claims in **Class 1 / 2** of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][2] (as the same may be updated,

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

supplemented, amended and/or otherwise modified from time to time, the "Plan").[3]  The **PREPA Revenue Bonds** and the relevant CUSIPs are described on **Exhibit A** attached hereto.

[***PREPA Revenue Bond Claim.***  Settling Bondholders that are Holders of PREPA Revenue Bond Claims in Class 1 may vote to accept or reject the Plan.]  [***PREPA Revenue Bond Claim.*** Non-Settling Bondholders that are Holders of PREPA Revenue Bond Claims in Class 2 may vote to accept or reject the Plan.]

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of PREPA, is soliciting votes with respect to the Plan, from the holders of certain impaired Claims against PREPA.  By order dated [●], 2023 [ECF No. ___] (the "Disclosure Statement Order"), the Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [●], 2022 [ECF No. ___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the Plan.  Instructions to cast your vote are below.

Electronic copies of the Plan and Disclosure Statement are enclosed in the package containing this Notice.  **If you have any questions regarding this Notice, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line).**

\*   \*   \*   \*   \*   \*

**VOTING PROCESS**

If you are a beneficial holder of securities giving rise to Impaired Claims in **Class 1 / 2**, you are entitled to cast a vote either to accept or reject the Plan.  **To have your vote counted, you must properly vote in accordance with these instructions so that your vote is actually received no later than 5:00 p.m. (Atlantic Standard Time) on June 7, 2023.**

*You are encouraged to review the entire Disclosure Statement before casting your vote to accept or reject the Plan.*

**How to Submit a Valid Vote**

If you wish to cast a vote to accept or reject the Plan, you must:

- instruct your bank, broker or other intermediary through which you hold your bonds in 'street name' (each, a "Nominee") to electronically deliver your **PREPA Revenue**

---

[3]   Unless otherwise defined herein, each capitalized term used herein shall have the meaning given to it in the Plan.

**Bonds** via the Automated Tender Offer Program ("<u>ATOP</u>") at The Depository Trust Company ("<u>DTC</u>") in accordance with your desire to vote to accept or reject the Plan.

In addition, by delivering your **PREPA Revenue Bonds** via ATOP, you are certifying that:

1.  either (a) your vote cast is the only vote cast by you on account of a **PREPA Revenue Bond Claim**, or (b) in addition to the vote cast, one or more additional votes ("<u>Additional Votes</u>") on account of other **PREPA Revenue Bond Claims** have been cast by one or more Nominees, and you have provided (or coordinated with your Nominee to provide) the Numerosity Spreadsheet (as defined below) to the Balloting Agent by the Voting Deadline;

2.  you have voted all of your Claims on account of your **PREPA Revenue Bonds** to either accept or reject the Plan and acknowledge that no split votes will be permitted, and that if you cast conflicting votes in respect of such Claims on account of your **PREPA Revenue Bonds**, all votes cast by you will be disregarded;

3.  you are the holder of the Claims in Class **1 / 2** on account of **PREPA Revenue Bonds** to which this Notice pertains or are an authorized signatory of such holder, and have full power and authority to vote to accept or reject the Plan; and

4.  you have been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order, and acknowledge that the vote cast pursuant to these instructions is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and Disclosure Statement Order.

No paperwork is required to be delivered to Kroll Restructuring Administration LLC to cast a vote (except in the limited circumstance noted below in the section titled "*Numerosity Information Request – Applicable Only for Beneficial Holders Submitting More Than One Instruction Through ATOP*"). The sole means of casting a vote is to validly tender your **PREPA Revenue Bonds** into the proper ATOP envelope at DTC.

---

**THE VOTING DEADLINE IS
5:00 P.M. (ATLANTIC STANDARD TIME) ON JUNE 7, 2023.**

This date and time is referred to as the "<u>Voting Deadline</u>."

---

***<u>NOTE REGARDING RESTRICTIONS ON TRANSFER IF YOU TENDER YOUR BONDS</u>:***
**IF YOU TENDER YOUR BONDS THROUGH ATOP, IT IS ANTICIPATED THAT YOU WILL BE RESTRICTED FROM TRANSFERRING YOUR BONDS UNTIL IMMEDIATELY AFTER THE VOTING TABULATION HAS BEEN FILED AND ONCE DTC RELEASES YOUR BONDS FROM ATOP IN ACCORDANCE WITH ITS**

**CUSTOMARY PROCEDURES (WHICH RELEASE FROM ATOP IS EXPECTED TO BE ON OR AS SOON AS POSSIBLE AFTER JUNE 21, 2023).[4]**

**YOU MAY, HOWEVER, TRADE OR TRANSFER YOUR TENDERED BONDS BY REVOKING YOUR VOTE AND WITHDRAWING ANY TENDERED BONDS AT ANY TIME BEFORE THE VOTING DEADLINE.**

**IF YOU DESIRE TO RETAIN THE ABILITY TO TRADE OR TRANSFER YOUR BONDS PRIOR TO THE VOTING DEADLINE, THEN YOU SHOULD NOT TENDER YOUR BONDS THROUGH ATOP.**

\*   \*   \*   \*   \*

### How to Revoke a Valid Vote

You may revoke your vote to accept or reject the Plan and withdraw your **PREPA Revenue Bonds** tendered through DTC's ATOP at any time before the Voting Deadline.

If you wish to revoke your vote, you must instruct your Nominee to revoke your vote and withdraw your **PREPA Revenue Bonds** via ATOP at DTC (which withdrawal will be confirmed by Kroll Restructuring Administration LLC ("Kroll")[5] once notified by DTC of the withdrawal request). No paperwork is required to be delivered to Kroll to effectuate the revocation.

If you revoke your vote any time before the Voting Deadline, you may vote again at any time before the Voting Deadline, in accordance with the instructions to submit a valid vote above.

\*   \*   \*   \*   \*

### Nominee Information Submission

Any Nominees with beneficial holder clients who submit vote(s) to reject the Plan on account of Claims Class 1 (Settling Bondholder and Settling Monoline Claims), must send an Excel spreadsheet to puertoricoballots@ra.kroll.com (with 'PREPA Nominee Spreadsheet' in the subject line) containing the name(s), address(es), and ATOP instruction confirmation number(s) (also referred to as ATOP voluntary offer instruction(s) or "VOI(s)") associated with each vote to reject the Plan.

---

[4]   **The Debtor, in coordination with DTC, however, may determine that the bonds tendered through ATOP must be restricted from transferring or trading until the Effective Date to facilitate individualized distributions at the beneficial holder level to holders of such bonds**.

[5]   On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

\*   \*   \*   \*   \*

**Numerosity Information Submission**
**(Applicable Only for Beneficial Holders Submitting More than One Vote Through ATOP)**

Any beneficial holder of **PREPA Revenue Bonds** that holds multiple CUSIPs of **PREPA Revenue Bonds** and submits more than one vote through one or more Nominees, MUST submit (or coordinate with their Nominee(s) to submit) a list of all such ATOP instruction confirmation numbers (also referred to as ATOP voluntary offer instructions or "VOIs"). The Balloting Agent has made available a template electronic spreadsheet (the "Numerosity Spreadsheet") on its website at: https://cases.primeclerk.com/puertorico (click on the link titled "Numerosity Spreadsheet").

Please return (or coordinate with your Nominee to return) the Numerosity Spreadsheet to the Balloting Agent in Excel format via email to https://cases.ra.kroll.com/puertorico/ (with 'PREPA Numerosity Spreadsheet' in the subject line). If you anticipate any difficulty in submitting your Numerosity Spreadsheet in Excel format, please contact Kroll at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers) or by e-mail at puertoricoballots@ra.kroll.com (with 'PREPA Numerosity Spreadsheet' in the subject line).

\*   \*   \*   \*   \*

If you have any questions about your holdings, please contact your Nominee. Additionally, you must contact your Nominee to take any action described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE BALLOTING AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC, BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR BY EMAIL AT PUERTORICOINFO@RA.KROLL.COM (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE). PLEASE NOTE THAT KROLL IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit A**

| Description | CUSIP |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## **Schedule 3(b)**

**Form of Ballot for Settling Monolines on Account of Claims in
Class 1 (Settling Bondholder and Settling Monoline Claims)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## BALLOT FOR SETTLING MONOLINE ON ACCOUNT OF CLAIMS IN CLASS 1 (SETTLING BONDHOLDER AND SETTLING MONOLINE CLAIMS)

The Financial Oversight And Management Board For Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] is soliciting votes with respect to the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][3]

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   PROMESA is codified at 48 U.S.C. §§2101-2241

[3]   Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

(as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of certain impaired Claims against PREPA.

By order dated [●], 2023 [ECF No. ___] (the "Disclosure Statement Order"), the Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [●], 2022 [ECF No. ___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the Plan.

Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot. **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan. If you have any questions regarding the proper completion of this Ballot, please contact Kroll Restructuring Administration LLC ("Kroll" or the "Balloting Agent")[4], by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line).**

This Ballot is to be used for voting by a Settling Monoline. Pursuant to the Disclosure Statement Order, a Settling Monoline is entitled to accept or reject the Plan on account of Impaired Claims in Class 1 (Settling Bondholder and Settling Monoline Claims) arising from securities insured by such Settling Monoline. **To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on June 7, 2023, unless such time is extended (the "Voting Deadline").**

**Ballots must be delivered to the Balloting Agent by <u>one</u> of the following methods:**

a. **Online**: Visit **https://cases.ra.kroll.com/puertorico/** and click the "Submit E-Ballot" link. Follow the instructions set forth on the website. You are encouraged to submit your Ballot via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should <u>NOT</u> submit your paper copy Ballot as well.

b. **First Class Mail, Hand Delivery, or Overnight Courier**: Deliver to the address below (or in the enclosed envelope, which may have a different zip code):

**PUERTO RICO BALLOT PROCESSING**
**C/O KROLL RESTRUCTURING ADMINISTRATION LLC**
**(F/K/A PRIME CLERK LLC)**
**850 THIRD AVENUE, SUITE 412**
**BROOKLYN, NY 11232**

---

4   On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

If you would like to coordinate hand delivery of your Ballot to the address above, please send an email to puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line) and provide the anticipated date and time of your delivery.

c.    **Hand Delivery to On-Island Collection Site**:  Deliver to one of the following on-island locations:

| Locations in the Commonwealth Accepting Ballots by Hand Delivery All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
|---|---|
| **Address** | **Hours (AST)** |
| <u>Oceana HUB Center</u><br>2 Calle Acerina<br>Caguas, PR 00725 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |
| <u>Citi Towers</u><br>250 Ponce de León Ave, Suite 503<br>Hato Rey, San Juan, PR 00918 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |
| <u>LunaSpeiz</u><br>151 Old San Juan at 157 Calle de Luna,<br>San Juan, PR 00901 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |
| <u>Club de Leones de Ponce</u><br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except online via Kroll's E-Ballot platform).**

**The Ballot must <u>actually be received</u> by the Balloting Agent by no later than the Voting Deadline (5:00 p.m. (Atlantic Standard Time) on June 7, 2023), unless such time is extended by the Debtor.**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtor's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

This Ballot does not and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by the Debtor of the nature, validity, or amount of any Claim.

PLEASE COMPLETE THE FOLLOWING:

**Item 1**.          **Amount of Claim**

For purposes of voting to accept or reject the Plan, the undersigned holds Claim(s) in **Class 1 (Settling Bondholder and Settling Monoline Claims)** set forth below in the following aggregate amount:



\* \* \* \* \* \*

**Item 2**.          **Vote on Plan**.

The undersigned holder of a Claim in the amount set forth in **Item 1** above hereby votes to (please check <u>one</u>):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |
|---|---|

**To submit your Ballot via the "E-Ballot" platform, please visit https://cases.ra.kroll.com/puertorico. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

                    **Unique E-Ballot ID#:**_____

**Kroll's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Kroll's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 3**.          **Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order.  The undersigned certifies that (i) it is the holder of the Claim(s) identified in **Item 1** above, or (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the District Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Holder: _____
                                                          (Print or Type)


                                   _____

Signature:_____

Name of Signatory:_____
                                              (If other than holder)

Title:    _____

Address:    _____

              _____

              _____

Telephone
Number:    _____

Email:    _____

Date Completed:    _____

4

## VOTING INSTRUCTIONS FOR A SETTLING MONOLINE
## COMPLETING A BALLOT ON ACCOUNT OF CLAIMS IN CLASS 1
## (SETTLING BONDHOLDER AND SETTLING MONOLINE CLAIMS)

1.       This Ballot is submitted to you to (i) solicit your vote to accept or reject the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][5] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), and (ii) consent to the injunction and release provisions of the Plan if you vote to accept the Plan.  The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [ECF No. ___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement").  All capitalized terms used but not otherwise defined herein or in the Ballot shall have the meanings given to such terms in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.       The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in a Class that have voted to accept or reject the Plan.  In the event a Class rejects the Plan, the Court may nevertheless confirm the Plan and thereby make it binding on holders of Claims in the Class if the Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in the Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA Section 314(b) and Section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Court, all holders of Claims against the Debtor (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.       **To have your vote counted, you must properly complete, sign, and return this Ballot to the Balloting Agent so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on June 7, 2023 (the "Voting Deadline").**

**Ballots must be delivered to the Balloting Agent by one of the following methods:**

a.       **Online**:   Visit **https://cases.ra.kroll.com/puertorico/** and click the "Submit E-Ballot" link.  Follow the instructions set forth on the website.  You are encouraged to submit your Ballot via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well.

b.       **First Class Mail, Hand Delivery, or Overnight Courier**:  Deliver to the address below (or in the enclosed envelope, which may have a different zip code):

---

[5]    Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

**PUERTO RICO BALLOT PROCESSING**
**C/O KROLL RESTRUCTURING ADMINISTRATION LLC**
**(F/K/A PRIME CLERK LLC)**
**850 THIRD AVENUE, SUITE 412**
**BROOKLYN, NY 11232**

If you would like to coordinate hand delivery of your Ballot to the address above, please send an email to puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line) and provide the anticipated date and time of your delivery.

c. **Hand Delivery to On-Island Collection Site**:  Deliver to one of the following on-island locations:

| Locations in the Commonwealth Accepting Ballots by Hand Delivery<br><br>All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
|---|---|
| **Address** | **Hours (AST)** |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Citi Towers<br>250 Ponce de León Ave, Suite 503<br>Hato Rey, San Juan, PR 00918 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| LunaSpeiz<br>151 Old San Juan at 157 Calle de Luna,<br>San Juan, PR 00901 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Club de Leones de Ponce<br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except online via Kroll's E-Ballot platform in accordance with the instructions above).**

4.  To properly complete the Ballot, you must follow the procedures described below:

a.  Ensure the information contained in **Item 1** of the Ballot is correct;

6

b.  You may not split your vote on the Plan.  You must vote to accept or reject the Plan with all the Claims you hold in a Class;

c.  If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.  If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims.   Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims against the Debtor only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

e.  If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

f.  Provide your name and mailing address;

g.  Sign and date your Ballot; and

h.  Return your Ballot using an authorized method of return indicated herein.

5.     If more than one Ballot voting the same Claim is received by the Balloting Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.

*     *     *     *     *     *

**IF YOU:**

    (A)    **HAVE ANY QUESTIONS REGARDING THE BALLOT,**

    (B)    **DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT,**

    (C)    **DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN,**

    (D)    **RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR**

    (E)    **NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS,**

**PLEASE CONTACT THE BALLOTING AGENT BY:**

- **TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), OR**

7

- **EMAIL** AT **PUERTORICOINFO@RA.KROLL.COM** (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE).

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, THE DEBTOR, OR THE COURT.**

**Schedule 3(c)**

**Form of Ballot for Non-Settling Monolines on Account of Claims in
Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                 Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## BALLOT FOR
## NON-SETTLING MONOLINES ON ACCOUNT OF CLAIMS IN CLASS 2
## (NON-SETTLING BONDHOLDER AND NON-SETTLING MONOLINE CLAIMS)

The Financial Oversight And Management Board For Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] is soliciting votes with respect to the *Title III Plan of Adjustment of the*

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   PROMESA is codified at 48 U.S.C. §§2101-2241

*Puerto Rico Electric Power Authority,* dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][3] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of certain impaired Claims against PREPA.

By order dated [●], 2023 [ECF No. ___] (the "Disclosure Statement Order"), the Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [●], 2022 [ECF No. ___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the Plan.

Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot. **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan. If you have any questions regarding the proper completion of this Ballot, please contact Kroll Restructuring Administration LLC ("Kroll" or the "Balloting Agent")[4], by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line).**

This Ballot is to be used for voting by a Non-Settling Monoline. Pursuant to the Disclosure Statement Order, a Non-Settling Monoline is entitled to vote to accept or reject the Plan on account of Impaired Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) arising from securities insured by such Non-Settling Monoline. **To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on June 7, 2023, unless such time is extended (the "Voting Deadline").**

**Ballots must be delivered to the Balloting Agent by one of the following methods:**

a.  **Online**: Visit **https://cases.ra.kroll.com/puertorico/** and click the "Submit E-Ballot" link. Follow the instructions set forth on the website. You are encouraged to submit your Ballot via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well.

b.  **First Class Mail, Hand Delivery, or Overnight Courier**: Deliver to the address below (or in the enclosed envelope, which may have a different zip code):

**PUERTO RICO BALLOT PROCESSING
C/O KROLL RESTRUCTURING ADMINISTRATION LLC
(F/K/A PRIME CLERK LLC)
850 THIRD AVENUE, SUITE 412
BROOKLYN, NY 11232**

---

[3]   Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

[4]   On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

If you would like to coordinate hand delivery of your Ballot to the address above, please send an email to puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line) and provide the anticipated date and time of your delivery.

c.  **Hand Delivery to On-Island Collection Site**:  Deliver to one of the following on-island locations:

| Locations in the Commonwealth Accepting Ballots by Hand Delivery<br><br>All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
| --- | --- |
| **Address** | **Hours (AST)** |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Citi Towers<br>250 Ponce de León Ave, Suite 503<br>Hato Rey, San Juan, PR 00918 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| LunaSpeiz<br>151 Old San Juan at 157 Calle de Luna,<br>San Juan, PR 00901 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Club de Leones de Ponce<br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except online via Kroll's E-Ballot platform).**

**The Ballot must <u>actually be received</u> by the Balloting Agent by no later than the Voting Deadline (5:00 p.m. (Atlantic Standard Time) on June 7, 2023), unless such time is extended by the Debtor.**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtor's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

This Ballot does not and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by the Debtor of the nature, validity, or amount of any Claim or the right to vote on account of securities giving rise to such Claim.

PLEASE COMPLETE THE FOLLOWING:

**Item 1.**         **Amount of Claim**

For purposes of voting to accept or reject the Plan, the undersigned holds Claim(s) in **Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims)** set forth below in the following aggregate amount:



\*     \*     \*     \*     \*     \*

**Item 2.**         **Vote on Plan**.

The undersigned holder of a Claim in the amount set forth in **Item 1** above hereby votes to (please check <u>one</u>):

| | | | |
|---|---|---|---|
| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |

**To submit your Ballot via the "E-Ballot" platform, please visit https://cases.ra.kroll.com/puertorico.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Kroll's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

4

Creditors who cast a Ballot using Kroll's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**<u>Item 3</u>.            Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order.  The undersigned certifies that (i) it is the holder of the Claim(s) identified in **<u>Item 1</u>** above, or (ii) it has asserted full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the District Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Holder: _____
                              (Print or Type)

                              _____

Signature:_____

Name of Signatory:_____
                              (If other than holder)

Title:        _____

Address:   _____

              _____

              _____

Telephone
Number:    _____

Email:      _____

Date Completed:  _____

**VOTING INSTRUCTIONS FOR A NON-SETTLING MONOLINE
COMPLETING A BALLOT ON ACCOUNT OF CLAIMS IN CLASS 2
(NON-SETTLING BONDHOLDER AND NON-SETTLING MONOLINE CLAIMS)**

1.　　　This Ballot is submitted to you to (i) solicit your vote to accept or reject the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][5] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), and (ii) consent to the injunction and release provisions of the Plan if you vote to accept the Plan.　The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [ECF No. ___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement").　All capitalized terms used but not otherwise defined herein or in the Ballot shall have the meanings given to such terms in the Plan.　**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.　　　The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in a Class that have voted to accept or reject the Plan.　In the event a Class rejects the Plan, the Court may nevertheless confirm the Plan and thereby make it binding on holders of Claims in the Class if the Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in the Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA Section 314(b) and Section 1129(b) of the Bankruptcy Code.　If the Plan is confirmed by the Court, all holders of Claims against the Debtor (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.　　　**To have your vote counted, you must properly complete, sign, and return this Ballot to the Balloting Agent so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on June 7, 2023 (the "Voting Deadline").**

　　　　**Ballots must be delivered to the Balloting Agent by one of the following methods:**

a.　　**Online**:　Visit **https://cases.ra.kroll.com/puertorico/** and click the "Submit E-Ballot" link.　Follow the instructions set forth on the website.　You are encouraged to submit your Ballot via the E-Ballot platform.　If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well.

b.　　**First Class Mail, Hand Delivery, or Overnight Courier**:　Deliver to the address below (or in the enclosed envelope, which may have a different zip code):

---

[5]　Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

**PUERTO RICO BALLOT PROCESSING**
**C/O KROLL RESTRUCTURING ADMINISTRATION LLC**
**(F/K/A PRIME CLERK LLC)**
**850 THIRD AVENUE, SUITE 412**
**BROOKLYN, NY 11232**

If you would like to coordinate hand delivery of your Ballot to the address above, please send an email to puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line) and provide the anticipated date and time of your delivery.

c.   **Hand Delivery to On-Island Collection Site**:  Deliver to one of the following on-island locations:

| Locations in the Commonwealth Accepting Ballots by Hand Delivery<br><br>All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
|---|---|
| **Address** | **Hours (AST)** |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Citi Towers<br>250 Ponce de León Ave, Suite 503<br>Hato Rey, San Juan, PR 00918 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| LunaSpeiz<br>151 Old San Juan at 157 Calle de Luna,<br>San Juan, PR 00901 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Club de Leones de Ponce<br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except online via Kroll's E-Ballot platform in accordance with the instructions above).**

4.   To properly complete the Ballot, you must follow the procedures described below:

a.   Ensure the information contained in **Item 1** of the Ballot is correct;

b.   You may not split your vote on the Plan.  You must vote to accept or reject the Plan with all the Claims you hold in a Class;

c.   If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.   If you also hold Claims in other Classes, you may receive more than one Ballot or Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims against the Debtor only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

e.   If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

f.   Provide your name and mailing address;

g.   Sign and date your Ballot; and

h.   Return your Ballot using an authorized method of return indicated herein.

5.      If more than one Ballot voting the same Claim is received by the Balloting Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.

\*     \*     \*     \*     \*     \*

**IF YOU:**

(A)   **HAVE ANY QUESTIONS REGARDING THE BALLOT,**

(B)   **DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT,**

(C)   **DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN,**

(D)   **RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR**

(E)   **NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS,**

**PLEASE CONTACT THE BALLOTING AGENT BY:**

- **TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), OR**

8

- **EMAIL** AT **PUERTORICOINFO@RA.KROLL.COM** (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE).

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, THE DEBTOR, OR THE COURT.**

## Schedule 3(d)

**Form of Ballot for Holders of Claims in Class 3 (Pension Claim), Class 4 (Fuel Line Loan Claims), Class 5 (General Unsecured Claims), Class 6 (Vitol Claims), Class 7 (Assured Insured Interest Rate Swaps Claims), Class 9 (Eminent Domain/Inverse Condemnation Claims), and Class 10 (Federal Claims)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>          Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**BALLOT FOR HOLDERS OF CLAIMS IN [CLASS 3 (PENSION CLAIM)] / [CLASS 4
(FUEL LINE LOAN CLAIMS)] / [CLASS 5 (GENERAL UNSECURED CLAIMS)] /
[CLASS 6 (VITOL CLAIMS)] / [CLASS 7 (ASSURED INSURED INTEREST RATE
SWAPS CLAIMS)] / [CLASS 9 (EMINENT DOMAIN/INVERSE CONDEMNATION
CLAIMS)] / [CLASS 10 (FEDERAL CLAIMS)]**

The Financial Oversight And Management Board For Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability*

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Act* ("PROMESA"),[2] is soliciting votes with respect to the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][3] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of certain impaired Claims against PREPA.

By order dated [●], 2023 [ECF No. ___] (the "Disclosure Statement Order"), the Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [●], 2022 [ECF No. ___] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the Plan.

Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot. **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan. If you have any questions regarding the proper completion of this Ballot, please contact Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) ("Kroll" or the "Balloting Agent")[4], by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line).**

This Ballot is to be used for voting by holders of Claims in the Classes listed below. **To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on June 7, 2023, unless such time is extended (the "Voting Deadline").**

**Ballots must be delivered to the Balloting Agent by one of the following methods:**

a. **Online:** Visit https://cases.ra.kroll.com/puertorico/ and click the "Submit E-Ballot" link. Follow the instructions set forth on the website. You are encouraged to submit your Ballot via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well.

b. **First Class Mail, Hand Delivery, or Overnight Courier:** Deliver to the address below (or in the enclosed envelope, which may have a different zip code):

**PUERTO RICO BALLOT PROCESSING
C/O KROLL RESTRUCTURING ADMINISTRATION LLC
(F/K/A PRIME CLERK LLC)
850 THIRD AVENUE, SUITE 412
BROOKLYN, NY 11232**

---

[2]   PROMESA is codified at 48 U.S.C. §§2101-2241

[3]   Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

[4]   On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

1

If you would like to coordinate hand delivery of your ballot to the address above, please send an email to puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line) and provide the anticipated date and time of your delivery.

c. **Hand Delivery to On-Island Collection Site**:  Deliver to one of the following on-island locations:

| Locations in the Commonwealth Accepting Ballots by Hand Delivery<br><br>All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
|---|---|
| Address | Hours (AST) |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Citi Towers<br>250 Ponce de León Ave, Suite 503<br>Hato Rey, San Juan, PR 00918 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| LunaSpeiz<br>151 Old San Juan at 157 Calle de Luna,<br>San Juan, PR 00901 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Club de Leones de Ponce<br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except online via Kroll's E-Ballot platform).**

**The Ballot must _actually be received_ by the Balloting Agent by no later than the Voting Deadline (5:00 p.m. (Atlantic Standard Time) on June 7, 2023), unless such time is extended by the Debtor.**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtor's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

This Ballot does not and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by the Debtor of the nature, validity, or amount of any Claim.

Pursuant to the Plan, you may be required, as a condition to receiving any distribution on your Claim, to complete the appropriate Internal Revenue Service Form W-8 or Form W-9, as applicable.  Information relating to these forms and instructions on filling them out can be found on the Internal Revenue Service's website: https://www.irs.gov/.

*(Continued on Next Page)*

**PLEASE COMPLETE THE FOLLOWING:**

<u>**Item 1**</u>.           **Amount of Claim**

For purposes of voting to accept or reject the Plan, the undersigned holds the Claim(s) in [Class 3 (Pension Claim)] / [Class 4 (Fuel Line Loan Claims)] / [Class 5 (General Unsecured Claims)] / [Class 6 (Vitol Claims)] / [Class 7 (Assured Insured Interest Rate Swaps Claims)] / [Class 9 (Eminent Domain/Inverse Condemnation Claims)] / [Class 10 (Federal Claims)] as of **February 28, 2023**, the Voting Record Date, as set forth below in the following aggregate amount:



To submit your [election in Item 2 and] vote in Item 3 below via the "E-Ballot" platform, please visit https://cases.ra.kroll.com/puertorico.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

               **Unique E-Ballot ID#:**_____

Kroll's "E-Ballot" platform is the sole manner in which elections and votes will be accepted via electronic or online transmission.  Elections and votes submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who make an election or vote using Kroll's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

<u>**Item 2**</u>.[1]           **Election to be Treated as Convenience Claim (Class 11).**

Pursuant to the Plan, any holder of an Allowed PREPA General Unsecured Claim may elect to (a) reduce the amount of such Allowed Claim to $10,000.00 and (b) have such reduced Claim be treated pursuant to Class 11 (Convenience Claims), receiving a projected recovery of 100% of such reduced claim.

Any holder of multiple Allowed PREPA General Unsecured Claims may elect to (a) reduce the amount of such multiple Claims to an aggregate amount of $20,000.00 and (b) have such reduced

---

[1]   [Item 2 election only to be included for ballots delivered to holders of Claims in Class 5 (General Unsecured Claims)].

claims be treated pursuant to Class 11 (Convenience Claims), receiving a projected recovery of 100% of such reduced claim; provided, however, that the aggregate amount of consideration to be made available to Convenience Claims shall be One Million Dollars ($1,000,000.00); and provided, further, that in the event the Convenience Cap is exceeded, holders of Allowed Convenience Claims shall receive a Pro Rata Share of the Convenience Cap.  If you hold multiple Allowed PREPA General Unsecured Claims, receive more than one ballot, and wish to make this election, you must make a consistent election on all the ballots you received for them to be treated pursuant to Class 11 (Convenience Claims).  If the ballots do not all consistently elect to be treated Class 11 (Convenience Claims), such election will not be effective.

If you elect to have your Claim reduced and treated as a Convenience Claim in Class 11, you will be deemed to have accepted the Plan as a holder of a Claim in Class 11 (Convenience Claims).

*   *   *   *   *

The undersigned holder of a General Unsecured Claim in Class 5 in the amount set forth in <u>Item 1</u> above hereby elects to have such holder's General Unsecured Claim (a) reduced to $10,000.00 (and if such holder holds multiple Allowed PREPA General Unsecured Claims, such multiple claims reduced to an aggregate amount of $20,000.00) and (b) treated as a Convenience Claim in Class 11.

---

☐   **Elect to be Treated as Convenience Claim in Class 11**
   **(<u>Available only to holders of Claims in Class 5</u>)**

   **If you make the election above, skip to Item 4 below as you are deemed to have accepted the Plan.**

---

**<u>Item 3</u>.**       **Vote on Plan (skip if you have elected to be treated as a Convenience Claim in Item 2 above).**

The undersigned holder of a Claim in the amount set forth in <u>Item 1</u> above hereby votes to (please check <u>one</u>):

---

☐   **<u>ACCEPT</u> (vote FOR) the Plan**          ☐   **<u>REJECT</u> (vote AGAINST) the Plan**

---

**<u>Item 4</u>.**       **Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order.  The undersigned certifies that (i) it is the holder of the Claim(s) identified in <u>Item 1</u> above, or (ii) it has full power and authority to vote to accept or reject the Plan and make the election in <u>Item 2</u> above.  The undersigned further acknowledges that the Debtor's solicitation of votes is subject to all terms and

conditions set forth in the Disclosure Statement and the order of the District Court approving the
Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan
contained therein.

| | |
|---|---|
| Name of Holder: _____ | |
| | (Print or Type) |
| | _____ |
| Signature:_____ | |
| Name of Signatory:_____ | |
| | (If other than holder) |
| Title:     _____ | |
| Address:   _____ | |
| _____ | |
| _____ | |
| Telephone Number:  _____ | |
| Email:    _____ | |
| Date Completed:  _____ | |

2

**VOTING AND ELECTION INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR CLAIMS IN [CLASS 3 (PENSION CLAIM)] / [CLASS 4 (FUEL LINE
LOAN CLAIMS)] / [CLASS 5 (GENERAL UNSECURED CLAIMS)] / [CLASS 6 (VITOL
CLAIMS)] / [CLASS 7 (ASSURED INSURED INTEREST RATE SWAPS CLAIMS)] /
[CLASS 9 (EMINENT DOMAIN/INVERSE CONDEMNATION CLAIMS)] / [CLASS 10
(FEDERAL CLAIMS)]**

1.     This Ballot is submitted to you to (i) solicit your vote to accept or reject the
*Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022
[Case No. 17-BK-4780, ECF No. _____][2] (as the same may be updated, supplemented,
amended and/or otherwise modified from time to time, the "Plan"), and (ii) consent to the
injunction and release provisions of the Plan if you vote to accept the Plan.  The terms of
the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of
the Puerto Rico Electric Power Authority*, dated [●], 2022 [ECF No. ___] (as the same may
be updated, supplemented, amended and/or otherwise modified from time to time,
including all exhibits and attachments thereto, the "Disclosure Statement").  All capitalized
terms used but not otherwise defined herein or in the Ballot shall have the meanings given
to such terms in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE
STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.     The Plan will be accepted by a Class of Claims if it is accepted by the
holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the
Allowed Claims in a Class that have voted to accept or reject the Plan.  In the event a Class
rejects the Plan, the Court may nevertheless confirm the Plan and thereby make it binding
on holders of Claims in the Class if the Court finds the Plan does not unfairly discriminate
against and accords fair and equitable treatment to the holders of Claims in the Class and
all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of
PROMESA Section 314(b) and Section 1129(b) of the Bankruptcy Code.  If the Plan is
confirmed by the Court, all holders of Claims against the Debtor (including those holders
who abstain from voting on or reject the Plan, and those holders who are not entitled to
vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated
thereby, whether or not they vote and whether or not they accept the Plan.

3.     [Pursuant to the Plan, any holder of an Allowed PREPA General Unsecured
Claim may elect to (a) reduce the amount of such Allowed Claim to $10,000.00 and
(b) have such reduced Claim be treated pursuant to Class 11 (Convenience Claims),
receiving a projected recovery of 100% of such reduced claim; provided, however, that the
aggregate amount of consideration to be made available to Convenience Claims shall be
One Million Dollars ($1,000,000.00); and provided, further, that in the event the
Convenience Cap is exceeded, holders of Allowed Convenience Claims shall receive a Pro
Rata Share of the Convenience Cap.  Any holder of multiple Allowed PREPA General
Unsecured Claims may elect to (a) reduce the amount of such multiple Claims to an
aggregate amount of $20,000.00 and (b) have such reduced claims be treated pursuant to
Class 11 (Convenience Claims), receiving a projected recovery of 100% of such reduced

---

[2]     Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

claim.  If you elect to have your Claim reduced and treated as a Convenience Claim in Class 11, you will be deemed to have accepted the Plan as a holder of a Claim in Class 11 (Convenience Claims).][3]

4.      **To have your vote or election counted, you must properly complete, sign, and return this Ballot to Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) ("Kroll" or the "Balloting Agent") so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on June 7, 2023 (the "Voting Deadline").**

**Ballots must be delivered to the Balloting Agent by <u>one</u> of the following methods:**

a.      **Online:**  Visit https://cases.ra.kroll.com/puertorico/ and click the "Submit E-Ballot" link.  Follow the instructions set forth on the website.  You are encouraged to submit your Ballot via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should <u>NOT</u> submit your paper copy Ballot as well.

b.      **First Class Mail, Hand Delivery, or Overnight Courier:**  Deliver to the address below (or in the enclosed envelope, which may have a different zip code):

**PUERTO RICO BALLOT PROCESSING**
**C/O KROLL RESTRUCTURING ADMINSTRATION LLC**
**(F/K/A PRIME CLERK LLC)**
**850 THIRD AVENUE, SUITE 412**
**BROOKLYN, NY 11232**

If you would like to coordinate hand delivery of your ballot to the address above, please send an email to puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line) and provide the anticipated date and time of your delivery.

c.      **Hand Delivery to On-Island Collection Site:**  Deliver to one of the following on-island locations:

| Locations in the Commonwealth Accepting Ballots by Hand Delivery<br><br>All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
| --- | --- |
| Address | Hours (AST) |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |

---

[3]   Applicable only to Class 5 (General Unsecured Claims).

| Locations in the Commonwealth Accepting Ballots by Hand Delivery | |
| --- | --- |
| All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
| Address | Hours (AST) |
| <u>Citi Towers</u><br>250 Ponce de León Ave, Suite 503<br>Hato Rey, San Juan, PR 00918 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |
| <u>LunaSpeiz</u><br>151 Old San Juan at 157 Calle de Luna,<br>San Juan, PR 00901 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |
| <u>Club de Leones de Ponce</u><br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | <u>M – F</u><br>8:30 a.m.<br>to<br>5:00 p.m. |

You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except online via Kroll's E-Ballot platform in accordance with the instructions above).

5.	To properly complete the Ballot, you must follow the procedures described below:

a.	Ensure the information contained in <u>Item 1</u> of the Ballot is correct;

b.	You may not split your vote on the Plan.  You must vote to accept or reject the Plan, or make an election with respect to, all the Claims you hold in a Class;

c.	If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.	If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims against the Debtor only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

e.	If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

f.   Provide your name and mailing address;

g.   Sign and date your Ballot; and

h.   Return your Ballot using an authorized method of return indicated herein.

6.   If more than one Ballot voting the same Claim is received by the Balloting Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.

\*   \*   \*   \*   \*   \*

**IF YOU:**

(A)   **HAVE ANY QUESTIONS REGARDING THE BALLOT,**

(B)   **DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT,**

(C)   **DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN,**

(D)   **RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR**

(E)   **NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS,**

**PLEASE CONTACT THE BALLOTING AGENT BY:**

- **TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), OR**

- **EMAIL AT PUERTORICOINFO@RA.KROLL.COM (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE).**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, THE DEBTOR, OR THE COURT.**

**Schedule 4(a)**

**Notice of Non-Voting Status (Deemed to Reject)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF NON-VOTING STATUS
## (CLASS 12 (SECTION 510(B) SUBORDINATED CLAIMS)) – DEEMED TO REJECT

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States District Court for the

District of Puerto Rico approved the *Disclosure Statement for the Title III Plan of Adjustment of*

*the Puerto Rico Electric Power Authority*, dated [●], 2022 [Case No. 17-BK-4780, ECF No.

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

_____]² (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),³ for use in soliciting acceptances or rejections of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [ECF No. _____] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST THE DEBTOR. THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

*Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, [via remote hearing through Zoom for Government] (or as otherwise provided pursuant to an order of the Court) on **July 17– 21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time)**.

*Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** as the deadline to file objections or responses to confirmation of the proposed Plan or the proposed confirmation order⁴ (the "Confirmation Objection

---

² Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

³ PROMESA is codified at 48 U.S.C. §§ 2101-2241.

⁴ The deadline for the Debtor to file the proposed confirmation order is May 31, 2023 at 5:00 p.m. (prevailing Atlantic Time).

Deadline"). Parties who do not file an objection to the Plan or the proposed confirmation order prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

*Plan Confirmation Depository*. Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

*Procedures for Filing Objections and Responses to Confirmation*. Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or the proposed confirmation order to resolve any such objection or response;

d. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

    i. If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

        United States District Court, Clerk's Office
        150 Ave. Carlos Chardon Ste. 150,
        San Juan, P.R. 00918-1767

so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**, and

e. be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Puerto Rico Electric Power Authority*) so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTOR'S BALLOTING AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC ("KROLL"),[5] BY (I) FIRST CLASS MAIL OR OVERNIGHT COURIER AT PUERTO RICO BALLOT PROCESSING, C/O KROLL RESTRUCTURING ADMINISTRATION LLC (F/K/A PRIME CLERK LLC), 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT PUERTORICOINFO@RA.KROLL.COM (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE).**

[*Remainder of page intentionally left blank*]

---

[5] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

Dated: _____, 2023
      San Juan, Puerto Rico


/s/
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      ddesatnik@proskauer.com

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for PREPA*

/s/
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*PREPA*

5

**<u>Schedule 4(b)</u>**

**Notice of Non-Voting Status (Deemed to Accept)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF NON-VOTING STATUS CLASS 8 (ORDINARY COURSE CUSTOMER CLAIMS) AND CLASS 11 (CONVENIENCE CLAIMS)) – DEEMED TO ACCEPT

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States District Court for the

District of Puerto Rico approved the *Disclosure Statement for the Title III Plan of Adjustment of*

*the Puerto Rico Electric Power Authority*, dated [●], 2022 [Case No. 17-BK-4780, ECF No.

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last  Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

_____][2] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] for use in soliciting acceptances or rejections of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [ECF No. \_\_\_\_\_] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTOR ARE UNIMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

***Confirmation Hearing.*** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, [via remote hearing through Zoom for Government] (or as otherwise provided pursuant to an order of the Court) on **July 17– 21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time)**.

***Confirmation Objection Deadline.*** The Court has established **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** as the deadline to file objections or responses to confirmation of the proposed Plan or the proposed confirmation order[4] (the "Confirmation Objection

---

[2]   Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

[3]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4]   The deadline for the Debtor to file the proposed confirmation order is May 31, 2023 at 5:00 p.m. (prevailing Atlantic Time).

Deadline"). Parties who do not file an objection to the Plan or the proposed confirmation order prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

*Plan Confirmation Depository*. Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

*Procedures for Filing Objections and Responses to Confirmation*. Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or the proposed confirmation order to resolve any such objection or response;

d. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

   i. If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

   United States District Court, Clerk's Office
   150 Ave. Carlos Chardon Ste. 150,
   San Juan, P.R. 00918-1767

   so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**, and

e. be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Puerto Rico Electric Power Authority*) so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTOR'S BALLOTING AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC BY (I) FIRST CLASS MAIL OR OVERNIGHT COURIER AT PUERTO RICO BALLOT PROCESSING, C/O KROLL RESTRUCTURING ADMINISTRATION LLC (F/K/A PRIME CLERK LLC), 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT PUERTORICOINFO@RA.KROLL.COM (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE).**

[*Remainder of page intentionally left blank*]

4

Dated: _____, 2023
        San Juan, Puerto Rico

/s/
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
        ppossinger@proskauer.com
        ebarak@proskauer.com
        ddesatnik@proskauer.com

*Attorneys for the Financial
Oversight and Management Board
as representative for PREPA*

/s/
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
PREPA*

5

**<u>Schedule 4(c)</u>**

**Notice of Non-Voting Status (Disputed Claims)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF NON-VOTING STATUS (DISPUTED CLAIMS)

You are receiving this Notice because you hold a Claim that is subject to an objection.

You should read this Notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last  Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States District Court for the District of Puerto Rico approved the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][2] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] for use in soliciting acceptances or rejections of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [ECF No. _____] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.  You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court.

> **YOU ARE NOT ENTITLED TO VOTE YOUR CLAIM TO ACCEPT OR REJECT THE PLAN UNLESS YOUR CLAIM HAS BEEN ALLOWED PURSUANT TO AN ORDER OF THE COURT ON OR BEFORE [____].**

You may seek to challenge the allowance or disallowance of your Claim for voting purposes by filing a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim (a "Rule 3018(a) Motion").  In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise

---

[2]   Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

[3]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

ordered by the Court prior to **June 7, 2023 at 5:00 p.m. (Atlantic Standard Time) (the "Voting Deadline")**. A form of Rule 3018(a) Motion is available at https://cases.ra.kroll.com/puertorico/.

*Procedures for Filing a Rule 3018(a) Motion*. A motion pursuant to Bankruptcy Rule 3018(a) must:

    a.   Be in writing, in English, and signed;

    b.   State your name and address;

    c.   State with particularity the basis and nature of your Claim and the reasons why the Court should temporarily allow your Claim for voting purposes;

    d.   Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before [●], 2023 at 5:00 p.m. (Atlantic Standard Time)**. [4]

        i.   If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

           United States District Court, Clerk's Office
           150 Ave. Carlos Chardon Ste. 150,
           San Juan, P.R. 00918-1767

           so as to be received **on or before [●], 2023 at 5:00 p.m. (Atlantic Standard Time)**. [5]

       \*     \*     \*     \*     \*

*Confirmation Hearing*. A hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") will be held before The Honorable Laura Taylor Swain, [via remote hearing through Zoom for Government] (or as otherwise provided pursuant to an order of the Court) on **July 17–21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time)**.

---

[4]   [Tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.]

[5]   [Tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.]

*Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** as the deadline to file objections or responses to confirmation of the proposed Plan or the proposed confirmation order[6] (the "Confirmation Objection Deadline"). Parties who do not file an objection to the Plan prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

*Plan Confirmation Depository.* Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

*Procedures for Filing Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:

    a. Be in writing, in English, and signed;

    b. State the name, address, and nature of the Claim of the objecting or responding party;

    c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or the proposed confirmation order to resolve any such objection or response;

    d. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

        i. If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

            United States District Court, Clerk's Office
            150 Ave. Carlos Chardon Ste. 150,
            San Juan, P.R. 00918-1767

---

[6] The deadline for the Debtor to file the proposed confirmation order is May 31, 2023 at 5:00 p.m. (prevailing Atlantic Time).

so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**, and

e. be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Puerto Rico Electric Power Authority*) so as to be received on or before the **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTOR'S BALLOTING AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC, BY (I) FIRST CLASS MAIL OR OVERNIGHT COURIER AT PUERTO RICO BALLOT PROCESSING, C/O KROLL RESTRUCTURING ADMINISTRATION LLC (F/K/A PRIME CLERK LLC), 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT PUERTORICOINFO@RA.KROLL.COM (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE).**

*[Remainder of page intentionally left blank]*

5

Dated: _____, 2023
  San Juan, Puerto Rico

*/s/*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
    ppossinger@proskauer.com
    ebarak@proskauer.com
    ddesatnik@proskauer.com

*Attorneys for the Financial
Oversight and Management Board
as representative for PREPA*


*/s/*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
PREPA*

**<u>Schedule 4(d)</u>**

**Notice of Non-Voting Status for
Holders of PREPA Revenue Bond Claims Insured by
a Settling Monoline or Non-Settling Monoline**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF NON-VOTING STATUS
### [CLASS 1 (SETTLING BONDHOLDER AND SETTLING MONOLINE CLAIMS) / CLASS 2 (NON-SETTLING BONDHOLDER AND NON-SETTLING MONOLINE CLAIMS)]

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last  Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States District Court for the District of Puerto Rico approved the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][2] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] for use in soliciting acceptances or rejections of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [ECF No. _____] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.

*Voting with respect to PREPA Revenue Bond Claims Insured by a [Settling Monoline / Non-Settling Monoline].*

**PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, [_____] SHALL BE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN ON ACCOUNT OF ALL [_____] INSURED BOND CLAIMS. ACCORDINGLY, YOU ARE NOT ENTITLED TO VOTE ON ACCOUNT OF SUCH CLAIM(S).**

*Confirmation Hearing*.  A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via remote hearing through

---

[2]    Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

[3]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Zoom for Government (or as otherwise provided pursuant to an order of the Court) on **July 17–21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time).**

*Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** as the deadline to file objections or responses to confirmation of the proposed Plan or the proposed confirmation order[4] (the "Confirmation Objection Deadline"). Parties who do not file an objection to the Plan prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

*Plan Confirmation Depository*. Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

*Procedures for Filing Objections and Responses to Confirmation*. Objections and responses to confirmation of the Plan must:

    a. Be in writing, in English, and signed;

    b. State the name, address, and nature of the Claim of the objecting or responding party;

    c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or the proposed confirmation order to resolve any such objection or response;

    d. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

        i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

---

[4] The deadline for the Debtor to file the proposed confirmation order is May 31, 2023 at 5:00 p.m. (prevailing Atlantic Time).

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767

so as to be received **on or before the Confirmation Objection
Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard
Time))**, and

e.  be served upon the Office of the United States Trustee for the District of Puerto
Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In
re: Puerto Rico Electric Power Authority*) so as to be received **on or before the
Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic
Standard Time))**.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S)
OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE
STATEMENT, PLEASE CONTACT THE DEBTOR'S BALLOTING AGENT, KROLL
RESTRUCTURING ADMINISTRATION LLC[5], BY (I) FIRST CLASS MAIL OR
OVERNIGHT COURIER AT PUERTO RICO BALLOT PROCESSING, C/O KROLL
RESTRUCTURING ADMINISTRATION LLC (F/K/A PRIME CLERK LLC) , 850 THIRD
AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) TELEPHONE AT (844) 822-9231
(TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR
INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC
STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT
PUERTORICOINFO@RA.KROLL.COM (WITH 'PREPA SOLICITATION' IN THE
SUBJECT LINE).**

[*Remainder of page intentionally left blank*]

---

[5]  On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

4

Dated: _____, 2023
       San Juan, Puerto Rico

/s/
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      ddesatnik@proskauer.com

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for PREPA*

/s/
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*PREPA*

**Schedule 4(e)**

**Notice of Non-Voting Status for Holders of Claims
Subject to Administrative Claims Reconciliation**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF NON-VOTING STATUS
## (CLAIMS SUBJECT TO ADMINISTRATIVE CLAIMS RECONCILIATION)

You are receiving this Notice because you hold a Claim that was transferred to administrative claims reconciliation pursuant to the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-3283, ECF No. 12274] (the "ACR Order").

You should read this Notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States District Court for the District of Puerto Rico approved the *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated [●], 2022 [Case No. 17-BK-4780, ECF No. _____][2] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] for use in soliciting acceptances or rejections of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority,* dated [●], 2022 [ECF No. _____] (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"), from the holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.  You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court.

**YOU ARE NOT ENTITLED TO VOTE YOUR CLAIM TO ACCEPT OR REJECT THE PLAN, UNLESS YOUR CLAIM HAS BEEN ALLOWED PURSUANT TO AN ORDER OF THE COURT ON OR BEFORE [____].**

You may seek to challenge the allowance or disallowance of your Claim for voting purposes by filing a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim (a "Rule 3018(a) Motion").  In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may

---

[2]   Unless otherwise specified herein, docket references shall refer to Case No. 17-BK-4780.

[3]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

be otherwise ordered by the Court prior to **June 7, 2023 at 5:00 p.m. (Atlantic Standard Time) (the "Voting Deadline")**.  A form of Rule 3018(a) Motion, together with instructions for filing and serving the 3018(a) Motion, is available at https://cases.ra.kroll.com/puertorico/.

  *Procedures for Filing a Rule 3018(a) Motion*.  A motion pursuant to Bankruptcy Rule 3018(a) must:

  e. Be in writing, in English, and signed;

  f. State either your or your designated representative's name, address, telephone number, and email address;

  g. State with particularity the basis and nature of your Claim and the reasons why the Court should temporarily allow your Claim for voting purposes;

  h. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before [●], 2023 at 5:00 p.m. (Atlantic Standard Time)**.[4]

   i. If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

    United States District Court, Clerk's Office
    150 Ave. Carlos Chardon Ste. 150,
    San Juan, P.R. 00918-1767

   so as to be received **on or before [●], 2023 at 5:00 p.m. (Atlantic Standard Time).**[5]

    *  *  *  *  *

  *Confirmation Hearing.*  A hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") will be held before The Honorable Laura Taylor Swain, United States District Court for the District of Puerto Rico, [via remote hearing through Zoom for Government] (or as otherwise

---

[4] [**Note:** Tenth (10th) day after deadline to serve Confirmation Hearing Notice.]

[5] [**Note:** Tenth (10th) day after deadline to serve Confirmation Hearing Notice.]

provided pursuant to an order of the Court) on **July 17–21, 24, 26–28, 2023 at [●] a.m. (Atlantic Standard Time).**

**Confirmation Objection Deadline.** The Court has established **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** as the deadline to file objections or responses to confirmation of the proposed Plan or the proposed confirmation order[6] (the "Confirmation Objection Deadline"). Parties who do not file an objection to the Plan prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

**Plan Confirmation Depository.** Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

**Procedures for Filing Objections and Responses to Confirmation.** Objections and responses to confirmation of the Plan must:

    a. Be in writing, in English, and signed;

    b. State the name, address, and nature of the Claim of the objecting or responding party;

    c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or the proposed confirmation order to resolve any such objection or response;

    d. Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time)).**

        i. If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

---

[6] The deadline for the Debtor to file the proposed confirmation order is May 31, 2023 at 5:00 p.m. (prevailing Atlantic Time).

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767

so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**, and

e.  be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Puerto Rico Electric Power Authority) so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTOR'S BALLOTING AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC "KROLL")[7], BY (I) FIRST CLASS MAIL OR OVERNIGHT COURIER AT PUERTO RICO BALLOT PROCESSING, C/O KROLL RESTRUCTURING ADMINISTRATION LLC (F/K/A PRIME CLERK LLC), 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT PUERTORICOINFO@RA.KROLL.COM (WITH 'PREPA SOLICITATION' IN THE SUBJECT LINE).**

[*Remainder of page intentionally left blank*]

---

[7]  On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

Dated: _____, 2023
     San Juan, Puerto Rico

/s/
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
     ppossinger@proskauer.com
     ebarak@proskauer.com
     ddesatnik@proskauer.com

*Attorneys for the Financial
Oversight and Management Board
as representative for PREPA*

/s/
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
PREPA*

**<u>Schedule 5</u>**

**Form of 3018(a) Motion**

## INSTRUCTIONS FOR COMPLETING AND FILING 3018(A) MOTION

> **THE PURPOSE OF RULE 3018(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE IS TO ALLOW PARTIES TO REQUEST THE COURT TO TEMPORARILY ALLOW THEIR CLAIMS FOR THE PURPOSE OF VOTING ON THE PLAN OF ADJUSTMENT.**
>
> **THE COURT WILL DETERMINE AFTER NOTICE AND HEARING WHETHER TO ALLOW YOUR CLAIMS FOR PURPOSES OF VOTING ON THE PLAN.**

**What to File**. Your motion <u>must</u> be in writing, in English, and contain the following information (a form of Rule 3018(a) motion is included that you may use).

(a) **Contact Information**. Your motion must include the **name**, **address**, **telephone number**, and **email address** of either (1) the claimant (you); or (2) your attorney or designated representative to whom the attorneys for the Debtor should serve a reply to the motion, if any.

(b) **Claim Information**. Your motion must contain **<u>the proof of claim number(s) related thereto from Kroll</u>** (You may search for your claim on https://cases.ra.kroll.com/puertorico/Home-ClaimInfo). If you do not have a proof of claim number, you must describe the nature and amount of your asserted claim.

(c) **Reason(s) for filing**. Your motion must contain a concise statement setting forth the reasons why the Court should permit you to vote on the Debtor's plan of adjustment and, if not amount is included in your proof of claim, the amount that you assert to be owed by the Debtor.

(d) **Signature.** You must sign your motion. If you do not sign your motion, the clerk will not accept it for filing.

## IMPORTANT NOTICE REGARDING SENSITIVE INFORMATION CONTAINED IN A MOTION.

Your motion should **<u>not include</u>** sensitive documents or information, such as copies of driver's licenses, passports, birth certificates, Social Security cards, sensitive medical information or confidential business information. Sensitive information submitted to the Court must adhere to the following guidelines:

- Social Security numbers and taxpayer identification numbers should be redacted (that is, blacked out), except for their last four digits.

- Birthdays should be redacted, except for the year of an individual's birth.

- The name of any individual known to be a minor should be redacted, except for that person's initials.

- Financial account numbers should be redacted, except for their last four digits.

Any such sensitive or confidential information upon which a claimant relies in support of its motion must be provided directly to counsel for the Debtor, and will be kept confidential. You may provide this information by mailing it to the following address:

> Counsel for the Oversight Board
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036-8299
> Attn:   Martin J. Bienenstock, Esq.
>         Paul V. Possinger, Esq.
>         Ehud Barak, Esq.
>         Daniel S. Desatnik, Esq.

**Where and How to File and Serve a Motion**.  Your motion should be filed with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS.  There are two methods that you can use to file your motion:

(a) **Online**.   Registered users of the Court's case filing system must file their motion electronically in searchable portable document format.

(b) **By Mail**.  If you are not an attorney who is a registered user of the Court's case filing system, you may file and serve a motion by mailing it to the Court's Clerk's office, the Oversight Board, and the Creditors' Committee at the following addresses:

> Clerk's Office
> United States District Court
> Room 150 Federal Building
> San Juan, Puerto Rico 00918-1767
>
> Counsel for the Oversight Board
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036-8299
> Attn:   Martin J. Bienenstock
>         Paul V. Possinger
>         Ehud Barak
>         Daniel S. Desatnik
>
> Counsel for the Creditors' Committee
> Paul Hastings LLP
> 200 Park Avenue
> New York, New York 10166
> Attn:   Luc A. Despins
>         James Bliss

James Worthington
G. Alexander Bongartz

Your motion must be mailed or filed electronically so as to be received by the Clerk's Office, the Oversight Board, and the Creditors' Committee no later than the applicable deadline for filing your Bankruptcy Rule 3018(a) motion (refer to your Notice of Non-Voting Status for the applicable deadline).

If you are unable to file and serve a motion online or by mail as specified above, you may file a motion in person at the following address by the applicable deadline:

Clerk's Office
United States District Court
#150 Chardon Avenue Federal Building
San Juan, Puerto Rico 00918

A certificate of service should be included with your motion explaining how service was accomplished.

If you have any questions about filing and serving a motion, including questions about the Court's case filing system, please contact the **Kroll hotline** at **(844) 822-9231** (toll free for U.S. and Puerto Rico) or **(646) 486-7944** (for international callers).

---

### Additional Resources and Who to Contact with Questions

All documents filed in PREPA's Title III Case, including copies of claims filed using CM/ECF, are available free online at https://cases.ra.kroll.com/puertorico.  This website is maintained by Kroll and includes a searchable database to assist with locating documents.

If you require additional information, including the status of your motion, please contact the Kroll hotline at **(844) 822-9231** (toll free for U.S. and Puerto Rico) or **(646) 486-7944** (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic  Standard  Time) (Spanish available).  Inquiries may also be sent via email to puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line).

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                   Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## MOTION PURSUANT TO RULE 3018(A)
## OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## FOR TEMPORARY ALLOWANCE OF CLAIM FOR VOTING PURPOSES

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Movant must provide all of the information below in English.**

| Part 1: | Identify Yourself |
|---|---|
|  |  |
|  | **Name** |

| Part 2: | Where Should Notices Be Sent? |
|---|---|
|  |  |
|  | **Name** |
|  | **Number**              **Street** |
|  | **City**                        **State**                        **ZIP Code** |
|  | **Contact phone** |
|  | **Contact email** |

| Part 3: | Identify the Claim |
|---|---|
|  |  |
|  | **Proof of Claim Number (if any)** <br> (You may search for your claim on https://cases.ra.kroll.com/puertorico/Home-ClaimInfo) |
|  | **Please describe the nature of your claim, including the amount of your claim** |

| Part 4: | Explain Why You Should Be Permitted to Vote to Accept or Reject PREPA's Plan of Adjustment |
|---|---|
|  | By filing this motion, you are seeking a court determination pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure to temporarily allow your claim in an amount the court deems proper for purposes of voting to accept or reject the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. <br><br> Please provide below (1) the amount of your claim that should be allowed for voting purposes, and (2) the reasons why you believe you should be entitled to vote on the Debtor's plan of adjustment (attach additional pages if necessary).  Please also provide as much documentation as possible to support both the amount you are asserting and the reasons why you believe you should be entitled to vote: |

| Part 5: | Sign Below |
|---------|------------|

I respectfully request that this Court enter an order temporarily allowing my claim in the amount above for purposes of voting to accept or reject the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*.


Executed on date _____ (MM/DD/YYYY)


Signature _____


**Print the name of the person who is completing and signing this motion:**

_____
First name                          Middle name                          Last name

3