Hearing Date [Proposed]: February 28, 2023
**Objection Deadline [Proposed]: February 10, 2023 at 5:00 p.m. (Atlantic Standard Time)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## MOTION OF PUERTO RICO ELECTRIC POWER
## AUTHORITY FOR ORDER ESTABLISHING, AMONG OTHER
## THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS
## TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to this case by PROMESA Section 301(a), and Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this case by PROMESA Section 310, for the establishment of procedures and deadlines concerning discovery in connection with confirmation of PREPA's proposed *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (as may be amended, modified, or supplemented from time to time, the "Plan").[3]  In support of this Motion, the Debtor respectfully represents as follows:

## **Preliminary Statement**

1.      Since its creation, the Oversight Board has focused on achieving its mandates under PROMESA so that fiscal responsibility, access to capital markets, and economic prosperity and growth can return to Puerto Rico.  To those ends, over the last five-and-a-half years, the Oversight Board has, among other things, completed (or has obtained approval of) restructurings and modifications involving more than $110 billion in public debt, including the (a) restructuring of approximately (i) $18 billion pursuant to a Title III plan of adjustment for the Puerto Rico Sales Tax Financing Corporation, (ii) $85 billion (including unfunded pension liabilities) pursuant to a Title III joint plan of adjustment for the Commonwealth of Puerto Rico (the "Commonwealth"),

---

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Puerto Rico Public Buildings Authority, and the Employees Retirement System of the Government

of the Commonwealth of Puerto Rico, and (iii) $6.4 billion pursuant to a Title III plan of

adjustment for the Puerto Rico Highways and Transportation Authority ("HTA"), and (b)

modification of approximately (i) $5 billion pursuant to a Title VI qualifying modification for the

Government Development Bank for Puerto Rico, (ii) $1.9 billion pursuant to a Title VI qualifying

modification for the Puerto Rico Infrastructure Financing Authority, and (iii) $384 million

pursuant to a Title VI qualifying modification for the Puerto Rico Convention Center District

Authority.  The Oversight Board has also proposed a qualifying modification for the Puerto Rico

Public Finance Corporation pursuant to Title VI of PROMESA, which, if approved, would modify

more than $1.5 billion in public debt.

2.       Concurrently with the above restructurings, the Oversight Board has actively

prosecuted PREPA's Title III case, including by completing the transformation of PREPA's

transmission and distribution system, and now seeks confirmation of PREPA's proposed Plan.  In

connection therewith, and pursuant to the *Order Granting Second Urgent Motion of the Financial*

*Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline to*

*December 16, 2022 Automatically Extendable Throught December 21, 2022 for Submission of*

*PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [Case No. 17-4780, ECF

No. 3109][4] (the "Confirmation Schedule Order"), contemporaneously with the filing of this

Motion, the Debtor has filed (i) the Disclosure Statement Motion,[5] seeking, among other things,

approval of the proposed *Disclosure Statement for the Title III Plan of Adjustment of the Puerto*

---

[4]    Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-4780.

[5]    The "Disclosure Statement Motion" refers to the *Motion of Puerto Rico Electric Power Authority for Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots and Voting Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures.*

*Rico Electric Power Authority* (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") as containing adequate information and setting a hearing to consider confirmation of the Plan, and (ii) the Scheduling Motion,[6] establishing procedures and deadlines regarding discovery in connection with the hearing to consider the adequacy of information in the Disclosure Statement.  In addition thereto, to assist in the efficient management of the confirmation process, the Debtor hereby proposes to establish procedures and deadlines regarding discovery in connection with confirmation of the Plan.

3.      Consistent with the procedures approved in the Commonwealth's and HTA's confirmation processes,[7] the Oversight Board proposes to launch a virtual dataroom with relevant Plan and Disclosure Statement materials to provide parties in interest with information sufficient to evaluate the adequacy of information contained in the Disclosure Statement and the confirmability of the Plan.

4.      To promote an orderly and thorough confirmation process, conserve resources, and streamline the issues necessary for the Court's adjudication, the Debtor proposes to implement certain global information discovery procedures described herein.  Notably, these procedures are similar to those authorized by this Court in the Commonwealth's and HTA's Title III Cases.  [Case No. 17-3283, ECF No. 17640]; [Case No. 17-3567, ECF No. 1249].  As in the Commonwealth's

---

[6]   The "Scheduling Motion" refers to the *Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief.*

[7]   *See Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [Case No. 17-3283, ECF No. 16681], ¶¶ 6–8; *Order (I) Establishing Document Depository Procedures in Connection Therewith, and (II) Granting Related Relief* [Case No. 17-3567, ECF No. 1176] ¶¶ 2–4.

and HTA's cases, these procedures will enable this Title III Case to proceed under an expeditious and efficient confirmation process and reduce the duplicative or unnecessary requests that would be contrary to those goals. The relief requested herein is authorized under the Court's equitable powers and is in the best interests of the Debtor and its stakeholders in this Title III case. Accordingly, the Debtor respectfully requests the Court approve the Motion.

## Background

### *PREPA's Fiscal Crisis and Commencement of PREPA's Title III Petition*

5.      PREPA is the main electricity provider for Puerto Rico and the largest public electricity provider in the country, serving approximately 1.5 million customers. As an instrumentality of the Commonwealth, PREPA is "responsible for providing reliable electric power, contributing to the general wellbeing and sustainable future of the People of Puerto Rico, maximizing benefits, and minimizing the social, environmental, and economic impact." 22 L.P.R.A. § 196. PREPA's services are critical to the well-being of the Island's residents, its commercial sector, and the stability of its economy.

6.      PREPA's revenues have declined by thirty-one (31%) since 2007. As energy prices have climbed, a growing number of PREPA's customers have left the Island or transitioned to alternative energy sources (including rooftop solar equipment). With a lower revenue base, remaining customers will pay increasingly higher rates to cover PREPA's fixed costs, which in turn encourages higher-income residents and larger businesses to transition to alternative energy, cutting further into PREPA's consumer base. Higher rates, and availability of increasingly affordable alternative energy sources, will lead to further decreases in demand, which will lead to further grid defection, threatening PREPA's future viability.

7.     As a result of the fiscal challenges described above, PREPA was increasingly incapable of paying its operating expenses, let alone creating net revenues sufficient to service its bond debt.

8.     On June 30, 2016, the Oversight Board was established pursuant to PROMESA Section 101(b).  The current members of the Oversight Board are David Skeel (Chairman), Andrew Biggs, former Judge Arthur Gonzalez, Antonio Medina, John Nixon, Justin Peterson, and Dr. Betty Rosa.

9.     Pursuant to PROMESA Section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . submitting . . . a plan of adjustment . . . or otherwise generally submitting filings in relation to the case with the court."  48 U.S.C. § 2175.

10.     Prior to the commencement of PREPA's Title III case, PREPA had negotiated an initial restructuring support agreement (the "Prepetition RSA") with certain of its creditors, which was intended to culminate in an agreement that could form the basis of a qualifying modification pursuant to Title VI of PROMESA.  From the entry into the Prepetition RSA through the commencement of this Title III Case, PREPA and the Oversight Board continued to negotiate a comprehensive debt adjustment, and agreed to amend the terms of the Prepetition RSA on multiple occasions.  Ultimately, however, the parties could not come to an agreement on numerous material issues, and PREPA failed to secure hundreds of millions of dollars in short-term liquidity that would have been necessary for the implementation of the Prepetition RSA.  On June 28, 2017, the Oversight Board denied certification of the Prepetition RSA and did not authorize PREPA to avail itself of the procedures under Title VI of PROMESA.

11. On July 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PREPA, pursuant to PROMESA Section 304(a), commencing PREPA's Title III Case (the "Title III Case"). Pursuant to PROMESA Section 315(b), the Oversight Board is PREPA's sole representative in the Title III Case. Background information regarding the Debtor is contained in the *Notice of Filing of Statement of Oversight Board Regarding PREPA's Title III Case* [ECF No. 2].

**Filing of the Plan and Disclosure Statement**

12. Following the filing of the Title III Case, on July 30, 2018, the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") announced they had entered into a preliminary Restructuring Support Agreement with members of the Ad Hoc Group of PREPA Bondholders.[8] Following continued negotiations, the monoline insurers of PREPA's bonds would join the RSA and execute a definitive Restructuring Support Agreement (the "2019 RSA"). The 2019 RSA provided for the resolution of certain claims and the agreement of parties to the 2019 RSA to support a plan of adjustment for PREPA. On September 9, 2019, the 2019 RSA was amended to provide for the joinder of National Public Finance Guarantee Corp. ("National") and Syncora Guarantee Corp. ("Syncora"). The 2019 RSA provided the Oversight Board and AAFAF termination rights and was dependent on, among other things, the Government enacting certain legislation.

13. On May 10, 2019, the Oversight Board and AAFAF filed a motion pursuant to Bankruptcy Rule 9019 (the "9019 Motion") seeking approval of certain of the settlements and compromises embodied in the 2019 RSA. The 9019 Motion and its related deadlines were stayed

---

[8] As of April 20, 2022, the Ad Hoc Group of PREPA Bondholders comprised (i) BlackRock Financial Management, Inc., (ii) Franklin Advisers, Inc., (iii) GoldenTree Asset Management, L.P., (iv) Invesco Advisers, Inc., (v) Nuveen Asset Management, LLC, (vi) Taconic Capital Advisors, L.P., and (vii) Whitebox Advisors, LLC. *See* ECF No. 2782.

following the onset of the COVID-19 pandemic.  In the meantime, the Government failed to enact

the legislation and the cost to consumers together with its increasing tendency to drive consumers

and businesses to convert to solar and to leave the grid rendered the 2019 RSA unworkable for

Puerto Rico.

14.     On March 8, 2022, citing concerns regarding the lack of implementing legislation,

along with concerns regarding the affordability of the cost of electricity and the sustainability of

the electric system as a result of rising inflation and significant surges in the price of crude oil,

AAFAF exercised its unilateral right to terminate the 2019 RSA.  [ECF No. 2747].

15.     Following termination of the 2019 RSA, the Ad Hoc Group of PREPA Bondholders

and certain monoline insurers filed a motion seeking the appointment of a mediator.  [ECF No.

2716].  On March 8, 2022, the Court entered an order [ECF No. 2748] (the "Path Forward Order")

directing the parties to mediate, and established an initial deadline of May 2, 2022 (the "Path

Forward Deadline") for the Oversight Board to provide a path forward for progressing the Title III

Case, including by filing either (i) a proposed plan of adjustment, (ii) a detailed term sheet therefor,

(iii) a proposed schedule for litigation of significant disputed issues in the Title III Case, or (iv) a

declaration or memorandum of law showing cause as to why the court should not consider

dismissal of the Title III Case.

16.     On April 8, 2022, the Court entered an order [ECF No. 2772] (the "Appointment

Order") appointing a team of current and former judges led by the Honorable Shelley C. Chapman

and including the Honorable Robert D. Drain and the Honorable Brendan L. Shannon (collectively,

the "Mediation Team").  The Appointment Order designated the Oversight Board, AAFAF, the

Ad Hoc Group of PREPA Bondholders, the Monolines,[9] Unión de Trabajadores de la Industria Eléctrica y Riego, Inc., ("UTIER"), Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica ("SREAEE"), the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and the Fuel Line Lenders[10] as mediation parties (collectively, the "Mediation Parties"). Concurrently with the Appointment Order, the Court entered an order establishing certain terms and conditions to govern mediation, including an initial mediation termination date of June 1, 2022 [ECF No. 2773] (the "Terms and Conditions Order").

17.    The Mediation Parties immediately commenced substantive discussions, meeting individually with the Mediation Team within the first week of the commencement of mediation. Over the course of mediation, the Mediation Team and Mediation Parties engaged in numerous sessions to determine whether a consensual plan of adjustment was attainable. As the mediation proceeded, the Mediation Team and Oversight Board requested, and the Court granted, multiple extensions of mediation, including the Path Forward Deadline, in accordance with the Terms and Conditions Order. [ECF Nos. 2823, 2874, 2911, and 2923]. On September 16, 2022, the Mediation Team did not exercise its discretion to extend the mediation termination date, thereby terminating mediation.

18.    On September 17, 2022, in accordance with the Path Forward Order and upon the termination of mediation, the Oversight Board filed a litigation schedule seeking to litigate certain threshold issues relating to the bondholders' claims. [ECF No. 2956]. The Ad Hoc Group of PREPA Bondholders together with the Monoline Insurers filed a motion to dismiss the Title III

---

[9]    Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), National and Syncora are collectively referred to herein as the "Monolines".

[10]   The Fuel Line Lenders are comprised of Cortland Capital Market Services LLC, as successor administrative agent under a Credit Agreement, dated May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and certain lenders, and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD and Ultra NB LLC, as lenders under a Trade Finance Facility Agreement, dated July 20, 2012, between PREPA and Citibank, N.A.

Case or in the alternative to lift the stay to seek appointment of a receiver of PREPA. [ECF No. 2973]. On September 29, 2022, the Court entered an order staying the motion to dismiss, largely adopting the Oversight Board's litigation schedule, and directing the Oversight Board to file a plan and disclosure statement by December 1, 2022 (the "Filing Deadline"). [ECF No. 3013].

19.     On September 29, 2022, the Court also entered an order amending the Terms and Conditions Order, thereby re-establishing mediation until December 31, 2022. [ECF No. 3011]. The Mediation Team and Mediation Parties have continued to engage in mediation sessions regarding a proposed plan of adjustment for PREPA. In tandem with mediation, the Oversight Board has been litigating the existence and enforceability of certain alleged security interests in PREPA's revenues and alleged in proofs of claim against PREPA. *See* Adv. Proc. No. 19-00391.

20.     On December 1, 2022, the Mediation Team filed the *Mediation Team's Second Notice and Report* [ECF No. 3091], requesting an extension of the Filing Deadline, and the Court entered the *Order Concerning Mediation Team's Second Notice and Report* [ECF No. 3092] extending the Filing Deadline to December 8, 2022.

21.     On December 8, 2022, the Oversight Board filed the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline to December 13, 2022 for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3104], requesting an extension of the Filing Deadline, and the Court entered the *Order Granting Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline to December 13, 2022 for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3106] extending the Filing Deadline to December 13, 2022.

22.     On December 13, 2022, the Oversight Board filed the *Second Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Filing Deadline Through December 16, 2022, Automatically Extendable Through December 21, 2022, for Submission of PREPA Plan of Adjustment, Disclosure Statement, & Related Motions* [ECF No. 3108], requesting an extension of the Filing Deadline, and the Court entered the Confirmation Schedule Order extending the Filing Deadline to December 16, 2022 or, upon the occurrence of certain conditions, December 21, 2022.

23.     The Oversight Board and the Fuel Line Lenders, owners of over $700 million in claims with an asserted seniority over the PREPA Revenue Bonds, reached agreement during mediation with respect to the treatment of the Fuel Line Lenders' claim pursuant to a plan of adjustment for PREPA, memorialized in that certain Plan Support and Settlement Agreement, dated as of December 1, 2022 (the "Fuel Line Lender PSA").  The terms of the Fuel Line Lender PSA are incorporated in the Plan, filed concurrently herewith in accordance with the Confirmation Schedule Order, together with the Disclosure Statement, and the Disclosure Statement Motion.

24.     Notwithstanding the filing of the Plan and Disclosure Statement in respect of a partially consensual and partially nonconsensual restructuring, the Oversight Board reiterates its strong preference for a globally consensual plan of adjustment for PREPA, and will continue mediation and negotiation in the hopes of further settlements.

***The Disclosure Statement Approval and Plan Confirmation Schedule***

25.     Pursuant to the Disclosure Statement Motion, the Debtor requests, among other things, scheduling the hearing on confirmation of the Plan (the "Confirmation Hearing") for July 17–21, 24–28 2023, or as soon thereafter as the Court's calendar permits.

**Jurisdiction**

26.     The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this matter pursuant to PROMESA Section 306(a).

27.     Venue is proper pursuant to PROMESA Section 307(a).

28.     The statutory predicates for the relief sought herein are Bankruptcy Code section

105(a), made applicable to these cases by PROMESA Section 301(a), and Bankruptcy Rule 7026,

*et seq.*, made applicable to these cases by PROMESA Section 310.

**Relief Requested**

29.     To facilitate an orderly and efficient discovery and confirmation process, by this

Motion, the Debtor requests entry of an order, in the form attached hereto as **Exhibit A** (the

"Proposed Order"), (a) establishing certain objection and discovery deadlines in connection with

confirmation of the Plan, and (b) authorizing the Debtor to establish and implement exclusive

global discovery procedures, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy

Rule 7026, relating to confirmation of the Plan.   The proposed global procedures include

provisions concerning:

> (i)      access to pertinent materials relating to the Debtor, its assets and liabilities,
> and creditor recoveries under the Plan;
>
> (ii)     confidentiality protections and limitations on access to any of the foregoing
> materials, as is appropriate; and
>
> (iii)    protection against the inadvertent waiver of privileges, attorney
> work-product, and other immunities from disclosure as is necessary to
> foster access to the pertinent materials without undue delay.

30.     Similar procedures have been approved in other large, complex Title III and chapter

11 cases with many overlapping issues.  *See Order Establishing, Among Other Things, Procedures*

*and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith*

[Case No. 17-3567, ECF No. 1249] (with respect to HTA's Title III case); *Amended Order*

*Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Case No. 17-3283, ECF No. 18394] (with respect to the Commonwealth's Title III case); *see also In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004).

31.     In particular, and similar to the Oversight Board's request in the Scheduling Motion, the Debtor proposes to implement certain information collection procedures described herein and supplement the centralized depository requested to be established under the Scheduling Motion with information related to the Plan.  These procedures will enable the Title III Case to proceed under an efficient process and reduce any duplicative or unnecessary requests that would be contrary to those goals.  The relief requested herein is authorized under the Court's equitable powers pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 7026 and is in the best interests of this Title III Case.

32.     These uniform global procedures combined with existing access infrastructure will provide needed clarity to parties in interest and allow them to obtain relevant documents in an orderly, expeditious, and efficient fashion, without wasteful discovery-based motion practice on an individual basis and other motions seeking expedited relief before this Court.  The proposed global discovery procedures will ensure that document discovery is conducted without needless duplication and expense.  Likewise, the global discovery procedures will ensure that there are not needless or duplicative depositions or undue burden on witnesses.

33.     In addition, if the Debtor is unable to establish and implement a uniform set of global discovery procedures, the Debtor will be faced with a logjam of discovery motion practice at a time when it needs to focus on the most critical aspects of its Title III process.  Such a result could unnecessarily impede and delay the confirmation of the Plan and undermine the Debtor's

ability to focus on the ultimate implementation of the transactions contemplated by the Plan.  The

proposed procedures will streamline the discovery process and assist the Debtor in focusing on its

operations and restructuring efforts, while not prejudicing any parties' rights.

34.   A summary of the proposed discovery deadlines leading to the Disclosure

Statement approval and confirmation hearing follows:

| Summary of Proposed Discovery Deadlines[11] | |
|---|---|
| Date of Entry of Proposed Order | Conversion of Disclosure Statement Depository to Plan Depository (as defined below) |
| Five Business Days After Entry of DS Approval Order | Deadline for Confirmation Hearing Notice to be served. |
| Ten Days After Entry of Proposed Order | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("Debtor's Preliminary Fact Witness List"). |
| March 29, 2023 | Deadline for parties in interest to file a "Notice of Intent to Participate in Discovery" (hereafter, a "Discovery Notice").  Only parties in interest who file a timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| 28 Days After Entry of DS Approval Order | Deadline for Debtor to complete mailing of solicitation materials. |
| April 3, 2023 | Deadline for all parties to serve requests for production of non-depository documents ("Production Requests").  Parties in interest may serve Production Requests only following their filing of a timely Discovery Notice.

Parties may serve up to one additional round of Production Requests, provided that they are served on or before April 14, 2023.

Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |

---

[11]  For reference purposes only, the confirmation deadlines proposed in the Disclosure Statement Motion are highlighted below in grey shading.

| Summary of Proposed Discovery Deadlines[11] | |
|---|---|
| | Deadline for parties in interest to file a preliminary fact witness list and topics about which each witness is expected to testify (a "Party in Interest's Preliminary Fact Witness List," and together with the Debtor's Preliminary Fact Witness List, the "Preliminary Fact Witness Lists"). |
| | Deadline for all parties to file opening expert disclosures ("Opening Expert Disclosures"). |
| | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts.  Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **April 14, 2023** | Deadline for all parties to file opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all depositions are limited to a seven (7)-hour time limit).  Subsequent notices are allowed provided discovery is completed by the Fact Discovery Deadline or Expert Discovery Deadline, as applicable. |
| | Deadline for parties who have served a Production Request on or before April 3, 2023 to serve up to one additional round of Production Requests.

Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
| **April 17, 2023** | Deadline for all parties to file rebuttal expert disclosures ("Rebuttal Expert Witness Disclosures") |
| **April 21, 2023** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests").  Responses and objections to such Admission Requests shall be served within four (4) business days of service of such Admission Requests. |
| | Deadline for completion of fact discovery (the "Fact Discovery Deadline"). |
| **April 24, 2023** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports") |
| | Deadline for parties in interest who solely want access to documents in the Plan Depository to file a Discovery Notice. |
| **April 28, 2023** | Deadline for all parties to file Daubert motions and motions *in limine*. |
| | Deadline for completion of expert discovery (the "Expert Discovery Deadline"). |
| **May 5, 2023** | Deadline for all parties to file oppositions to Daubert motions and motions *in limine*. |
| **May 12, 2023** | Deadline for all parties to file replies in support of Daubert motions and motions *in limine*. |

| Summary of Proposed Discovery Deadlines[11] | |
|---|---|
|  | Deadline for all parties to file finalized witness lists, exhibit lists, and deposition designations. |
| **May 17, 2023** | Deadline for all parties to file counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **May 24, 2023** | Deadline for all parties to file objections to counter designations. |
| **May 31, 2023** | Deadline for the Debtor to file initial proposed confirmation order (the "Proposed Confirmation Order"). |
| **June 7, 2023** | Voting Deadline |
| **June 7, 2023** | Deadline for parties in interest to file:<br><br>• Objections to confirmation of the Plan ("Plan Objections").<br><br>• Objections to Proposed Confirmation Order. |
| **June 21, 2023** | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation<br><br>• Omnibus reply to Plan Objections and objections to the Proposed Confirmation Order<br><br>• Vote Tabulation<br><br>• Initial proposed findings of fact and conclusions of law ("Proposed Findings of Fact and Conclusions of Law")<br><br>• Witness Declarations |
|  | Deadline for non-Debtor parties to file witness declarations |
| **June 28, 2023** | Deadline for parties in interest to file objections to Proposed Findings of Fact and Conclusions of Law. |
| **July 5, 2023** | Deadline for Debtor to reply to objections to the Proposed Findings of Fact and Conclusions of Law. |
| **Week of July 10, 2023**<br><br>**(or a date convenient for the court)** | [Virtual] hearing on motions *in limine* / pre-trial conference. |
| **July 17–21, 24, 26–28 2023** | Confirmation Hearing |

## The Global Discovery Procedures

35.     The Debtor respectfully requests approval of the following global discovery procedures:

### Debtor's Plan Document Depository

36.     Pursuant to the Scheduling Motion, the Debtor requested Court authorization to operate a depository for information relevant to an evaluation of the Disclosure Statement (the "Depository"). By the time this Motion is heard, assuming the Court grants the relief requested in the Scheduling Motion, the Depository will have been operational, and parties in interest will have had access to it, for no less than eight (8) weeks. Pursuant to this Motion, the Debtor requests authorization, subject to the same Depository Procedures (as defined below), to continue to populate the Depository with any additional documents relevant to confirmation of the Plan (to the extent not already added to the Depository), which shall include at least the following documents (collectively, the "Documents"):

(i)     Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and

(ii)    Debtor's relevant non-privileged documents concerning the Best Interests Test Report set forth in the Disclosure Statement.

37.     The Debtor requests authorization to apply the procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the proposed order approving the Scheduling Motion (collectively, the "Depository Procedures"), to all additional documents relevant to confirmation of the Plan that the Debtor uploads to the Depository.

38.     Access to the Depository shall continue to be subject to such party's eligibility, and agreement to and compliance with the Protective Order (as defined in the Scheduling Motion), and any amendments or modifications thereto approved by the Court from time to time.

39.     The Depository contains an electronic index of all Documents in the Depository. This index contains information about both Documents in the Depository containing Confidential Information, and Documents in the Depository that do not contain Confidential Information.  The Debtor has used its reasonable best efforts to categorize Documents by topic; provided, however, that the Depository contains a disclaimer expressly stating, among other things, that (i) the Debtor shall not be responsible for the mis-categorization of any particular Document; (ii) each party in interest should not rely upon the categorization of the Documents and should review all categories of Documents in their entirety; and (iii) the inclusion of material in the Depository does not constitute a warranty of such material's accuracy or completeness.

40.     Consistent with the Terms and Conditions Order, as amended from time to time, no "Settlement Proposals" (as defined therein) received by the Debtor from any of the Mediation Parties is included in the Depository or has been produced to any party in interest.  Prior to producing any Documents received by the Debtor from any of the Mediation Parties, the Debtor has agreed to (i) confirm that such Documents have not been designated to constitute a "Settlement Proposal" under the Terms and Conditions Order and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute a "Settlement Proposal" as defined in the Terms and Conditions Order.  Additionally, to the extent that the Debtor has inadvertently included any "Settlement Proposals" in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

41.     The Debtor submits that maintenance of (i) the Depository, supplemented by any additional documents relating to Plan issues not already included and (ii) the Depository Procedures, in advance of the period in which parties may file objections to the Plan, will maximize

efficiency and avoid unwarranted and potentially costly proceedings in connection with the Plan, including but not limited to discovery related thereto.

**Designation of Fact Witnesses**

42.    The Debtor proposes that it and any party in interest shall file a list (the "Preliminary Fact Witness List") setting forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

43.    Within ten (10) days of the entry of an order approving the Disclosure Statement Motion, the Debtor proposes to file its Preliminary Fact Witness List (the "Debtor's Preliminary Fact Witness List").  The proposed deadline for parties in interest to file a Preliminary Fact Witness List (a "Party in Interest's Preliminary Fact Witness List," and together with the Debtor's Preliminary Fact Witness List, the "Preliminary Fact Witness Lists") is April 3, 2023.

44.    Notwithstanding the designation of a person on a Preliminary Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Preliminary Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Preliminary Fact Witness List on or before May 12, 2023, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

45.    For purposes of the Confirmation Hearing, the Debtor or parties in interest may present the testimony of any designated person by either the submission of a declaration of such person or the use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of any party that has filed an objection to confirmation of the Plan on or before the Objection Deadline (as defined below) to object to the presentation thereof and (b) such other

rights afforded by the Federal Rules of Evidence and applicable law.  In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Case Management Order no later than June 21, 2023, and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Discovery**

46.     The Debtor proposes that parties in interest (each, an "Eligible Creditor") that wish to participate in discovery and/or obtain access to the Depository must file a notice of intention to participate in discovery (a "Discovery Notice"),[12] in the manner set forth in the Confirmation Hearing Notice.  *See* **Exhibit 1** of the Proposed Order.

47.     Parties in interest seeking to obtain access to the Depository and to participate in other discovery, including serving their own discovery requests or participating in questioning during depositions, as set forth in the schedule listed above and in paragraphs 48 through 59 below, must file their Discovery Notice by **March 29, 2023**.  Parties in interest solely seeking access to documents in the Depository must file their Discovery Notice by **April 24, 2023**.  The failure to file a Discovery Notice will not prevent any party from filing an objection to the confirmation of the Plan—it will just exclude them from participating in discovery, including serving discovery requests or participating in questioning during depositions.  It is expected that parties taking discovery will use their best efforts to avoid duplicative discovery requests.

48.     Nothing herein shall preclude (i) parties in interest who do not file a Discovery Notice from filing an objection to confirmation of the Plan on or before **June 7, 2023** (the

---

[12]   A copy of the Discovery Notice is attached to the Proposed Order as Exhibit 1.

"Objection Deadline") and (ii) parties in interest from seeking discovery of any party, other than the Debtor, in connection with a properly filed objection to confirmation of the Plan.

49.      To avoid confusion and duplicative notices, the Debtor proposes to provide a consolidated notice of the deadline to file a Discovery Notice, other discovery deadlines proposed below, establishment of the Depository, and confirmation- and solicitation-related deadlines proposed in the Disclosure Statement Motion through service of the Confirmation Hearing Notice (as defined in the Disclosure Statement Motion) on or before five (5) business days after entry of the order granting the relief requested in the Disclosure Statement Motion. *See* **Exhibit A** of the Disclosure Statement Motion.

**Additional Discovery of the Debtor**

50.      In addition to being provided access to the Depository, subject to the requirements outlined above, any party in interest who has filed a Discovery Notice by **March 29, 2023,** may serve upon or notice the Debtor with the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery").  Fact discovery will conclude on **April 21, 2023** (the "Fact Discovery Deadline").

51.      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, parties in interest who have filed a Discovery Notice by **March 29, 2023**, may serve requests for production of non-depository documents ("Production Requests") on or before **April 3, 2023**; provided, however, if a party in interest has served a Production Request on or before **April 3, 2023**, such party in interest may serve one (1) additional Production Request on or before **April 14, 2023**.  Parties in interest may serve Production Requests only following their filing of a Discovery Notice.  Recipients of Production Requests shall be required to respond to such Production Requests, including any objections thereto, within seven (7) days after being served with such Production Requests; provided, however, that recipients of Production

Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b) such responses and objections be served on or before the Fact Discovery Deadline.  Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Depository.  However, if the Debtor believes that documents or information requested in a Production Request are already in the Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

52.     Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving multiple Production Requests, _provided_, _however_, that all Production Requests must be served on or before **April 3, 2023**, which is eighteen (18) days before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the Production Requests.

53.     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, parties in interest may serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts on or before **April 3, 2023**.  The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; _provided_, _however_, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections be served on or before the Fact Discovery Deadline.

22

54.    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, parties in interest may serve requests for admission ("Admission Requests") on or before **April 21, 2023,** solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing.  Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

55.    Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, parties in interest may serve initial notices of deposition ("Initial Notices of Deposition") on or before **April 14, 2023**.  Notwithstanding the deadline for Initial Notices of Deposition, the Debtor or parties in interest who have filed Discovery Notices may file subsequent notices for depositions upon oral examination (a "Follow-Up Deposition Notice" and collectively with Initial Deposition Requests, "Deposition Notices"); provided, further, that all depositions, whether pursuant to an Initial Deposition Notice or a Follow-Up Deposition Notice, must be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses; and provided, further, that an Eligible Creditor may participate at any such deposition by remote means or in-person. Any party in interest that files an Objection to confirmation of the Plan during the period up to and including the Objection Deadline, shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.  With regard to depositions, and the exhibits thereto, in which the witness will testify about Confidential Information as defined in the Scheduling Motion and which is subject to the Protective Order, the noticing party shall take all necessary steps to ensure that parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription (as defined in the Proposed Order) on the Depository website.

23

56.    Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties or as directed by the Court, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties; provided, however, that, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate.

57.    Any documents produced between non-Debtor parties in interest shall be contemporaneously produced to the Debtor and included by the Debtor in the Depository.

**Discovery Disputes**

58.    In the event that a discovery dispute (a "Discovery Dispute") arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute (the "Dispute Conference").  If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via the filing of a joint informative motion in Case No. 17-4780 and the Court shall schedule a chambers conference, telephonic, virtual or in-person conference, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter, via email to deindprcorresp@mad.uscourts.gov, describing the issues associated therewith and setting forth the legal support for the position taken by such party. Upon resolution of a Discovery Dispute, the Court shall file an order on the docket in Case No. 17-4780.  Pending resolution of any such Discovery Dispute, the parties to such

Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

59.     Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

60.     On or before **April 3, 2023**, the Debtor and parties in interest shall file a list (the "Opening Expert Disclosures") setting forth the names of the initial expert witnesses that such party anticipates presenting at the Confirmation Hearing.

61.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, the Debtor and any party in interest who has timely disclosed the identity of an expert witness on the Debtor's Initial Fact Witness List or Party in Interest's Initial Fact Witness List, shall file its Opening Expert Report(s) on or before **April 14, 2023**.  With respect to Opening Expert Reports that rely on, reference, and/or are based on confidential information, such Opening Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide an unredacted copy to (i) the Debtor, for uploading as a confidential document to the Depository, and (ii) the Court.  The Opening Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

62.     On or before **April 17, 2023**, the Debtor and parties in interest shall file a list (the "Rebuttal Expert Witness Disclosures," and together with the Preliminary Fact Witness Lists and the Opening Expert Witness Disclosures, the "Witness Lists") setting forth the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing.  The

Debtor and each party in interest who has timely disclosed the identity of an expert witness in a Rebuttal Expert Witness Disclosure shall file the accompanying rebuttal expert report (each a "Rebuttal Expert Report") on or before **April 24, 2023**.  With respect to Rebuttal Expert Reports that rely on, reference, and/or are based on confidential information, such Rebuttal Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide an unredacted copy to (i) the Debtor, for uploading as a confidential document to the Depository, and (ii) the Court.  The Rebuttal Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

**Pre-Confirmation Hearing Conference**

63.    The Debtor requests the Court hold a pre-trial conference to discuss any outstanding motions *in limine*, the schedule for the Confirmation Hearing and presentation of testimony in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

64.    Notwithstanding the deadlines set forth above for the Debtor to file a Proposed Confirmation Order and Proposed Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[13]

65.     The Debtor submits the provisions governing Confidential Information in the Protective Order attached as **Exhibit 2** to the order approving the Scheduling Motion should apply to any documents or information uploaded to the Depository, including any Plan-related information. [14]

66.     In addition, the Debtor requests that, pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, and that the Proposed Order will be enforceable in any and all other federal and state court proceedings.

**Basis for Relief**

67.     Section 105(a) of the Bankruptcy Code, made applicable by PROMESA Section 301(a), provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Under Bankruptcy Code Section 105(a), the court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the restructuring process.  *See, e.g.*, *In re Energy Res. Co., Inc.*, 871 F.2d 223, 230 (1st Cir. 1989), *aff'd sub nom. United States v. Energy Res. Co.*, 495 U.S. 545, 110 S. Ct. 2139, 109 L. Ed. 2d 580 (1990) (noting the bankruptcy court's "broad equitable powers" including those under Bankruptcy Code Section 105(a)); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.")

---

[13]  Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

[14]  The Debtor reserves the right to seek modifications to this Protective Order in the event that any documents or materials to be disclosed in discovery require other or additional confidentiality protections.

(citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

68.      Bankruptcy Rules 7026 made applicable by PROMESA Section 310, set forth the requirements for the gathering of information in Title III cases, with provisions governing, among other items, discovery, depositions, the production of documents, interrogatories, and admissions. Nothing in the proposed global discovery procedures is inconsistent with or alters the rights of parties under any of these rules.  On the contrary, the proposed global discovery procedures are "necessary and appropriate to carry out the provisions" of Bankruptcy Rules 7026 as they would allow parties in interest to obtain the documents they seek in an orderly, expeditious, and efficient fashion, without prejudicing the rights of such parties.  11 U.S.C. § 105(a).

69.      Relief similar to that requested in this Motion has been granted in other Title III Cases before the Court, as well as other large, complex bankruptcy cases.  *See, e.g.*, *In re The Fin. Oversight and Mgmt. Bd. For P.R.*, Case No. 17-3567-LTS (D. P.R. June 22, 2022) [ECF No. 1249]; *In re The Fin. Oversight and Mgmt. Bd. For P.R.*, Case No. 17-3283-LTS (D.P.R. Oct. 5, 2021) [Docket No. 18394]; *see also In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017) [Docket No. 148]; *In re Maxus Energy Corp., et al.*, Case No. 16-11501(CSS) (Bankr. D. Del. Feb. 17, 2017) [Docket No. 907]; *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004) [Docket No. 16233]; *City of Detroit, Michigan*, Case No. 13-53846 (SWR) (Bankr. E.D. Mich. Feb. 24, 2014) [Docket No. 2727] (establishing dates and deadlines for confirmation discovery).  In fact, the proposed global discovery procedures are substantially identical to the procedures approved by the Court in connection with confirmation of the Commonwealth's and HTA's plans.

70.     The Debtor believes its ability to respond to discovery requests pursuant to uniform global discovery procedures will assist in the efficient administration of the Debtor's Title III Case without unnecessary litigation expense, and, ultimately, the maximization of value for the Debtor and its stakeholders.  Therefore, the Debtor submits that the relief requested in this Motion is in the best interests of stakeholders in this Title III Case, and should be granted in all respects.

## Notice

71.     Notice of this Motion will be provided by facsimile, electronic mail transmission, regular mail and/or hand delivery to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for bonds issued by PREPA; (c) counsel for the Ad Hoc Group of PREPA Bondholders; (d) counsel for Assured; (e) counsel for National; (f) counsel for Syncora; (g) counsel for the Fuel Line Lenders; (h) counsel for UTIER; (i) counsel for SREAEE; (j) the entities on the list of creditors holding the 20 largest unsecured claims against PREPA; (k) the statutory committees appointed in any of the Title III cases; (l) the Office of the United States Attorney for the District of Puerto Rico; (m) counsel for AAFAF; (n) the Puerto Rico Department of Justice; (o) the United States Securities and Exchange Commission; (p) all parties filing a notice of appearance in this Title III case.   The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

72.     No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests entry of an Order, substantially in the

form attached hereto as **Exhibit A**, granting the relief requested herein and granting the Debtor

such other and further relief as is just.

Dated: December 16, 2022                                        Respectfully submitted,
      San Juan, Puerto Rico

                                             */s/ Martin J. Bienenstock*
                                             Martin J. Bienenstock
                                             Paul V. Possinger
                                             Ehud Barak
                                             Margaret A. Dale
                                             Michael T. Mervis
                                           Daniel S. Desatnik
                                         (Admitted *Pro Hac Vice*)
                                         **PROSKAUER ROSE LLP**
                                         Eleven Times Square
                                         New York, NY 10036
                                         Tel: (212) 969-3000
                                         Fax: (212) 969-2900
                                         Email: mbienenstock@proskauer.com
                                                     ppossinger@proskauer.com
                                                     ebarak@proskauer.com
                                                     ddesatnik@proskauer.com

                                         *Attorneys for the Financial*
                                         *Oversight and Management Board*
                                         *as representative for PREPA*

                                         */s/ Hermann D. Bauer*
                                         Hermann D. Bauer
                                         USDC No. 215205
                                         **O'NEILL & BORGES LLC**
                                         250 Muñoz Rivera Ave., Suite 800
                                         San Juan, PR 00918-1813
                                         Tel:  (787) 764-8181
                                         Fax:  (787) 753-8944
                                         Email: hermann.bauer@oneillborges.com

                                         *Co-Attorney for the Financial Oversight and*
                                         *Management Board as representative for*
                                         *PREPA*

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**ORDER ESTABLISHING, AMONG OTHER THINGS,
PROCEDURES AND DEADLINES CONCERNING OBJECTIONS
TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH**

Upon the motion (the "Motion")[2] of the Puerto Rico Electric Power Authority ("PREPA"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

Board" and in its capacity as representative of PREPA, the "Debtor"), as sole Title III

representative of the debtors under PROMESA Section 315(b), requesting entry of an order

establishing, among other things, procedures and deadlines concerning objections to confirmation

and discovery in connection therewith, all as more fully set forth in the Motion; and the Court

having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant

to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to

PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it

appearing that no other or further notice need be provided; and the Court having determined the

relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in

interest; and the Court having determined the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein, it is hereby **ORDERED AS FOLLOWS**:

      1.      The Motion is GRANTED as set forth herein.

**Summary of Deadlines for Discovery and Confirmation**

      2.      Subject to additional instructions provided in the remainder of this Order, the

following deadlines shall apply to discovery and confirmation of the Plan:

| **Summary of Discovery Deadlines[3]** | |
|---|---|
| **Date of Entry of This Order** | Conversion of Disclosure Statement depository to Plan Depository |
| **Five Business Days After Entry of DS Approval Order** | Deadline for Confirmation Hearing Notice to be served. |

---

[3]  The confirmation deadlines approved in connection with the Disclosure Statement Motion are highlighted below in grey shading.

| Summary of Discovery Deadlines[3] | |
|---|---|
| **Ten Days After Entry of This Order** | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("<u>Debtor's Preliminary Fact Witness List</u>"). |
| **March 29, 2023** | Deadline for parties in interest to file a "Notice of Intent to Participate in Discovery," (hereafter, a "<u>Discovery Notice</u>").  Only parties in interest who file a timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **28 Days After Entry of DS Approval Order** | Deadline for Debtor to complete mailing of solicitation materials. |
| **April 3, 2023** | Deadline for all parties to serve requests for production of non-depository documents ("<u>Production Requests</u>").  Parties in interest may serve Production Requests only following their filing of a timely Discovery Notice.<br><br>Parties may serve up to one additional round of Production Requests, provided that they are served on or before April 14, 2023.<br><br>Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
| | Deadline for parties in interest to file a preliminary fact witness list and topics about which each witness is expected to testify (a "<u>Party in Interest's Preliminary Fact Witness List</u>," and together with the Debtor's Preliminary Fact Witness List, the "<u>Preliminary Fact Witness Lists</u>"). |
| | Deadline for all parties to file opening expert disclosures ("<u>Opening Expert Disclosures</u>"). |
| | Deadline for all parties to serve up to fifteen (15) interrogatories ("<u>Interrogatories</u>"), including subparts.  Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **April 14, 2023** | Deadline for all parties to file opening expert reports ("<u>Opening Expert Reports</u>"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("<u>Initial Notices of Deposition</u>") (all depositions are limited to a seven (7)-hour time limit).  Subsequent notices are allowed provided discovery is completed by the Fact Discovery Deadline or Expert Discovery Deadline, as applicable. |

| Summary of Discovery Deadlines[3] | |
|---|---|
| | Deadline for parties who have served a Production Request on or before April 3, 2023 to serve up to one additional round of Production Requests.<br><br>Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
| **April 17, 2023** | Deadline for all parties to file rebuttal expert disclosures ("Rebuttal Expert Witness Disclosures") |
| **April 21, 2023** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) business days of service of such Admission Requests. |
| | Deadline for completion of fact discovery (the "Fact Discovery Deadline"). |
| **April 24, 2023** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports") |
| | Deadline for parties in interest who solely want access to documents in the Plan Depository to file a Discovery Notice. |
| **April 28, 2023** | Deadline for all parties to file Daubert motions and motions *in limine*. |
| | Deadline for completion of expert discovery (the "Expert Discovery Deadline"). |
| **May 5, 2023** | Deadline for all parties to file oppositions to Daubert motions and motions *in limine*. |
| **May 12, 2023** | Deadline for all parties to file replies in support of Daubert motions and motions *in limine*. |
| | Deadline for all parties to file finalized witness lists, exhibit lists, and deposition designations. |
| **May 17, 2023** | Deadline for all parties to file counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **May 24, 2023** | Deadline for all parties to file objections to counter designations. |
| **May 31, 2023** | Deadline for the Debtor to file initial proposed confirmation order (the "Proposed Confirmation Order"). |
| **June 7, 2023** | Voting Deadline |
| **June 7, 2023** | Deadline for parties in interest to file:<br><br>• Objections to confirmation of the Plan ("Plan Objections").<br><br>• Objections to Proposed Confirmation Order. |

4

| Summary of Discovery Deadlines[3] | |
|---|---|
| **June 21, 2023** | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation.<br><br>• Omnibus reply to Plan Objections and objections to the Proposed Confirmation Order<br><br>• Vote Tabulation.<br><br>• Initial proposed findings of fact and conclusions of law ("Proposed Findings of Fact and Conclusions of Law") |
| | • Witness declarations. |
| | Deadline for non-Debtor parties to file witness declarations |
| **June 28, 2023** | Deadline for parties in interest to file objections to Proposed Findings of Fact and Conclusions of Law. |
| **July 5, 2023** | Deadline for Debtor to reply to objections to the Proposed Findings of Fact and Conclusions of Law. |
| **Week of July 10, 2023**<br><br>**(or a date convenient for the court)** | [Virtual] hearing on motions *in limine* / pre-trial conference. |
| **July 17–21, 24–28 2023** | Confirmation Hearing |

**Designation of Fact Witnesses**

3.      On or before the date that is ten (10) days following entry of this Order, the Debtor shall file the Debtor's Preliminary Fact Witness List.  The deadline for parties in interest to file a Party in Interest's Preliminary Fact Witness List is **April 3, 2023**.  The Preliminary Fact Witness Lists shall set forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

4.      Notwithstanding the designation of a person on a Preliminary Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the

Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Preliminary Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Preliminary Fact Witness List on or before **May 12, 2023**, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

5.      For purposes of the Confirmation Hearing, the Debtor and any party in interest may present the testimony of any designated person by either the submission of a declaration of such person or use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of the Debtor or any party that has filed an objection to confirmation of the Plan on or before the Objection Deadline, as applicable, to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Local Rules no later than **June 21, 2023**, and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**<u>Plan Depository</u>**

6.      The procedures set forth in **<u>Exhibit 1</u>**, **<u>Exhibit 2</u>** and **<u>Exhibit 3</u>** attached to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (Docket Entry No. _____, the "<u>DS Hearing Scheduling Order</u>") shall apply in equally full force and effect to the Depository and be unmodified except to the extent set forth herein:

a.     To the extent not already uploaded to the Depository, on or before the date that is ten (10) days following entry of this Order, the Debtor shall populate the Depository to include, in addition to the documents previously residing in the Depository, at least the following documents (collectively, the "Documents"):

i.     Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and

ii.    Debtor's relevant non-privileged documents concerning the Best Interests Test Report set forth in the Disclosure Statement.

7.     Any party in interest who (a) provides the information requested on the Depository website and attests to the truth of such information shall be provided access to the Depository, and (b) executes the Protective Order by submitting an electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order Subscription") on the Depository website shall be provided access to documents in the Depository that have been designated as Confidential.  In addition, any representative of a party in interest who executes a Protective Order Subscription shall receive access to documents in the Depository that have been designated as Confidential.

8.     Notwithstanding the placement of any document in the Depository and the review of any such document by a party in interest, the Debtor shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a document contained in the Depository has been created by the Debtor, it shall have waived the right to object to the use or introduction of such document on the basis of authenticity.  Additionally, to the extent that the

7

Debtor inadvertently includes privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such protective measures are necessary in order to provide the requesting parties access to relevant materials in a timely and efficient manner.

9.       Consistent with the Terms and Conditions Order, as amended from time to time, no "Settlement Proposals" (as defined therein) received by the Debtor from any of the Mediation Parties, shall be included in the Depository or has been produced to any party in interest.  Prior to producing any Documents received by the Debtor from any of the Mediation Parties, the Debtor agrees to (i) confirm that such Documents have not been designated to constitute a "Settlement Proposal" under the Terms and Conditions Order and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute a "Settlement Proposal" as defined in the Terms and Conditions Order.  Additionally, to the extent that the Debtor inadvertently includes any "Settlement Proposals" in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

**Discovery**

10.      Parties in interest that wish to participate in discovery and/or obtain access to the Depository must file a Discovery Notice

11.      Parties in interest who file a Discovery Notice on or before **March 29, 2023** shall be able to (i) access documents in the Depository, and (ii) to participate in other discovery, including serving their own discovery requests and participating in questioning at depositions, as set forth in the schedule listed above and in paragraphs 12 through 22 below.

12.      Nothing herein shall preclude (i) parties in interest who do not file a Discovery Notice from filing an Objection to confirmation of the Plan on or before the Objection Deadline and (ii) parties in interest from seeking discovery of any party, other than the Debtor, in connection

8

with a properly filed objection to confirmation of the Plan and the party from whom discovery is sought objecting thereto.

**Additional Discovery**

13.     In addition to being provided access to the Depository, subject to the requirements outlined above, any party in interest who has filed a Discovery Notice by **March 29, 2023**, may serve upon or notice the Debtor the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery"), as set forth in paragraphs 14 through 22 below.   Fact discovery will conclude on **April 21, 2023** (the "Fact Discovery Deadline").

14.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, parties in interest who have filed a Discovery Notice by **March 29, 2023** may serve requests for production of non-depository documents ("Production Requests") on or before **April 3, 2023**; provided, however, if a party in interest has served a Production Request on or before April 3, 2023, such party in interest may serve one (1) additional Production Request on or before **April 14, 2023**.   Parties in interest may serve Production Requests only following their filing of a Discovery Notice.   Notwithstanding anything otherwise contained here, recipients of Production Requests shall be required to respond to such Production Requests, including any objections thereto, within seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.   Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Depository.   However, if the Debtor believes that documents or information requested in a Production Request are already in the

Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

15.     Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving up to two (2) Production Requests in accordance with the applicable deadlines established pursuant to this Order.

16.     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, parties in interest may serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts, on or before **April 3, 2023**.  The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.

17.     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, parties in interest may serve requests for admission ("Admission Requests") on or before **April 21, 2023** solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing.  Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

18.     Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, parties in interest may serve Initial Notices of Deposition on or before **April 14, 2023**.  Notwithstanding the deadline for Initial Notices of Deposition, the Debtor

10

or parties in interest who have filed Objection Notices may file Follow-up Deposition Notices; provided, however, that all depositions, whether pursuant to an Initial Deposition Notice or a Follow-Up Deposition Notice, must be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses; and provided, further, that an Eligible Creditor who has timely filed a Discovery Notice on or before **March 29, 2023**, may participate at such deposition by remote means or in-person.  Any party in interest that files an Objection to confirmation of the Plan during the period up to and including the Objection Deadline, shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.  With regard to depositions, and the exhibits thereto, in which the witness will testify about Confidential Information (as defined in the DS Hearing Scheduling Order) and which is subject to the Protective Order for the Depository, the noticing party shall take all necessary steps to ensure that parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription on the Depository website.

19.    Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties or as directed by the Court, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties; provided, however, that, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate.

20.     Any documents produced between non-Debtor parties in interest shall be contemporaneously produced to the Debtor and included by the Debtor in the Depository.

**Discovery Disputes**

21.     In the event that a discovery dispute (a "Discovery Dispute") arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute (the "Dispute Conference").   If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via the filing of a joint informative motion in Case No. 17-4780 and the Court shall schedule a chambers conference, telephonic, virtual or in-person conference, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter, via email to deindprcorresp@mad.uscourts.gov, describing the issues associated therewith and setting forth the legal support for the position taken by such party.  Upon resolution of a Discovery Dispute, the Court shall file an order on the docket in Case No. 17-4780.  Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

22.     Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

12

**Expert Witnesses and Reports**

23.     On or before **April 3, 2023**, the Debtor and parties in interest shall file Opening Expert Disclosures setting forth the names of the initial expert witnesses that such party anticipates presenting at the Confirmation Hearing.

24.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, the Debtor and any party in interest who has timely disclosed the identity of an expert witness on its Fact Witness List or Opening Expert Disclosure, shall file its Opening Expert Report(s) on or before **April 14, 2023**.  With respect to Opening Expert Reports that rely on, reference, and/or are based on confidential information, such Opening Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide an unredacted copy to (i) the Debtor, for uploading as a confidential document to the Depository, and (ii) the Court.  The Opening Expert Reports uploaded to the Depository, and which contain confidential information, shall be governed by the Protective Order for the Depository.

25.     On or before **April 17, 2023**, the Debtor and each party in interest shall file Rebuttal Expert Witness Disclosures, setting forth the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing.  The Debtor and each party in interest who has timely disclosed the identity of an expert witness in a Rebuttal Expert Witness Disclosure shall file the accompanying Rebuttal Expert Report on or before **April 24, 2023**.  With respect to Rebuttal Expert Reports that rely on, reference, and/or are based on confidential information, such Rebuttal Expert Reports will be filed with the confidential information redacted, and the proffering party shall provide an unredacted copy to (i) the Debtor, for uploading as a confidential document to the Depository, and (ii) the Court.  The Rebuttal Expert Reports uploaded to the Depository,

and which contain confidential information, shall be governed by the Protective Order for the Depository.

**Pre-Confirmation Hearing Conference**

26.     During **the week of July 10, 2023**, the Court shall hold a pre-trial conference in advance of the Confirmation Hearing to discuss any outstanding motions *in limine*, the schedule for the Confirmation Hearing and presentation of testimony in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

27.     For purposes of the Confirmation Hearing, direct testimony shall be by Witness Declaration or deposition transcript, in accordance with the deadlines set forth above.  Such presentation of direct testimony by the Debtor shall be subject to (a) the rights of any party that has filed an Objection to confirmation of the Plan on or before the Objection Deadline to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Such presentation of direct testimony by any party in interest shall be subject to (a) the rights of the Debtor to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Any such declarant shall be present at the Confirmation Hearing and be available for cross-examination and rebuttal testimony, if any.

28.     Notwithstanding the deadlines set forth above for the Debtor to file a Proposed Confirmation Order and Proposed Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[4]

29.     The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order shall remain in full force and effect.

30.     In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

31.     **No Warranty of Accuracy.**  Each party accessing the Depository understands that the Debtor will endeavor to include in the Confidential folders in the Depository materials relevant for the purpose of evaluation of the Plan, but each party acknowledges that the Debtor does not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and the Debtor shall not have any liability to any party or its Representatives resulting from the use of such information by a party or its Representatives.

32.     **No Waiver.**   No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

**Notice**

33.     Within five (5) Business Days of entry hereof, or as soon as practicable thereafter, the Debtor shall cause the Balloting Agent (as defined in the Disclosure Statement Motion) to complete the mailing of this Order, together with a copy of the *Notice of Intent to Participate in Discovery for Confirmation of PREPA Plan of Adjustment*, a copy of which is attached hereto as **Exhibit 1**, in accordance with the Bankruptcy Rules and the Local Rules.

---

[4]   Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

**<u>Jurisdiction</u>**

34.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

35.     This Order resolves Docket Entry No. _____ in Case No. 17-4780.

Dated: _____, 2023

_____
Hon. Laura Taylor Swain
United States District Court Judge

## **EXHIBIT 1**

**Form of Discovery Notice**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                       Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY
## FOR CONFIRMATION OF PREPA PLAN OF ADJUSTMENT

_____ ("Participant") hereby submits this notice of intent to participate

in discovery for confirmation of the *Title III Plan of Adjustment of the Puerto Rico Electric*

*Power Authority* [ECF No. \_\_\_\_\_], as may be amended, modified, or supplemented, pursuant to

the Court's *Order Establishing Procedures and Deadlines Concerning Objections to*

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Confirmation and Discovery in Connection Therewith* [ECF No. _____] and respectfully states

as follows:

1.     <u>**Participant's contact information, including email address, and that of its counsel**</u>:

Participant's Name

Participant's Address

Names and Addresses of Counsel:

Email Addresses of Counsel:

2.     <u>**Participant's Claim number and the nature of Participant's Claim**</u>:

Claim Number:

Nature of Claim:

Respectfully submitted,

Dated: _____