UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>      as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>      Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-3283-LTS<br><br>**Court Filing Relates Only to PREPA** |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>      as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>      Debtor. | PROMESA<br>Title III<br><br>Case No. 17-4780-LTS<br><br>(Jointly Administered) |

**OBJECTION OF THE AD HOC GROUP OF PREPA BONDHOLDERS TO THE URGENT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND <u>(V) GRANTING RELATED RELIEF [ECF No. 3112]</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Ad Hoc Group of PREPA Bondholders (collectively, the "Ad Hoc Group") hereby respectfully submits this objection to the *Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [Case No. 17-4780-LTS, ECF No. 3112] (the "Urgent Motion").[2]

1. The Ad Hoc Group objects to the Oversight Board's proposed expedited briefing schedule with respect to its Disclosure Statement. The Oversight Board requests that all parties must file objections to its Urgent Motion by one week after its filing, by 4:00 p.m. AST on Friday, December 23. It then proposes to give itself a week to reply, by 4:00 p.m. AST on Friday, December 30. This is unnecessary and untenable. For the reasons stated below, the Ad Hoc Group respectfully requests a modest extension of those deadlines, such that objections to the Urgent Motion are due by 4:00 p.m. AST on Friday, December 30, and replies are due by 4:00 p.m. AST on Friday, January 6.

2. Those adjusted deadlines are reasonable under the circumstances here, and will not prejudice the disclosure statement objection, reply, or hearing schedule proposed by the Oversight Board should the Court choose to adopt it. The Ad Hoc Group communicated its proposed schedule to the Oversight Board, which did not respond to it before filing the Urgent Motion (which noted the Ad Hoc Group's objection, but not the limited modification that it seeks).

3. In the early evening of Friday, December 16, after having requested and received multiple extensions of its plan filing deadline, the Oversight Board suddenly terminated mediation

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Urgent Motion.

2

with the Ad Hoc Group and other creditors by declining to make any material change in its position on the basis of belatedly disclosed data. Had the Oversight Board expressed a willingness to modify its position, it would have automatically extended mediation and facilitated a mediators' proposal to the parties.[3] Instead, on Friday night, the Oversight Board filed a 114-page Title III plan and schedules, a 174-page proposed disclosure statement and schedules, a 50-page motion and proposed order regarding confirmation objections and discovery, and the 48-page Urgent Motion and proposed order. And then, before the night was out, the Oversight Board informed the Court (see ECF No. 3115) that it had an agreement in principle with a single monoline that, if finalized, would require amendments to the just-hours-old plan (and also, presumably, the just-hours-old disclosure statement).

4. That is a lot to unpack. What is more, the Ad Hoc Group has serious concerns with the Oversight Board's conduct during the course of mediation and the proposed plan and disclosure statement that has emerged from that deeply flawed process. The Oversight Board's proposed plan is absurdly complex, and relies on a highly coercive, opaque structure designed to force individual bondholders—both large and small—into making a snap Hobson's choice between different (and differently insufficient) recoveries prior to a Court-approved solicitation process. In other words, the Oversight Board wants this to happen *before* this Court has approved a disclosure statement, *before* any plan-related discovery, and likely *before* this Court has resolved the supposed "gating issues" about bondholders' right to payment and security the resolution of which the Oversight Board previously argued was necessary for claimants to make informed decisions

---

[3] *See Second Urgent Mot. of the Fin. Oversight & Mgmt. Bd. for P.R. Requesting Extension of Filing Deadline Through December 16, 2022, Automatically Extendable Through December 21, 2022, for Submission of PREPA Plan of Adjustment, Disclosure Statement & Related Motions*, ECF No. 3108 (Dec. 13, 2022). To be clear, the Ad Hoc Group is not disclosing any confidential mediation information, but rather stating the only cause for the lack of an automatic extension of mediation as stated by the Oversight Board's December 13 mediation-extension motion.

about their treatment under a plan. In short, the Oversight Board is proposing a plan process that would try to force bondholders into making consequential economic decisions based on demonstrably insufficient information and data, and to do so outside of a Court-approved process.

5. The Urgent Motion thus raises complex issues that the parties need time to analyze and address. To take just one example, the Urgent Motion proposes document Depository Procedures by which the Oversight Board will unilaterally self-select the information and data that *it* considers material to interested parties' evaluation of the proposed disclosure statement. Urgent Mot. ¶¶ 35-38 & Ex. 1. These proposed Depository Procedures vaguely refer to "factual source materials and raw data" that the Oversight Board will choose to make available for evaluating the plan and its creditor recoveries. *Id*. at Ex. 1. But the Oversight Board's self-selected documents may well be insufficient to evaluate the sufficiency of its proposed disclosure statement.

6. For instance, the plan imposes a ceiling on total affordable creditor recoveries, the basis of which will require robust and reliable disclosure. That is all the more so given that the plan's asserted total affordable creditor recovery *is billions of dollars less* than the Oversight Board had agreed that PREPA could pay its creditors *just a few weeks ago*, as publicly disclosed upon the termination of mediation, to say nothing of the even greater total affordable recovery the Oversight Board and PREPA had agreed to under the 2019 Restructuring Support Agreement. Indeed, shortly after the Oversight Board filed PREPA's plan, a dissenting member revealed that the plan is "predicated on a financial analysis produced to solve to a desired outcome—to pay as little as possible." Stmt. of Justin Peterson (Dec. 16, 2022), *available at* www.oversightboard.pr.gov.

7. Accordingly, interested parties should not have to take the Oversight Board's word for it on these and other significant topics in connection with the disclosure statement. In fact, as

4

the Mediation Team's reports have made clear these past few months, the Oversight Board and its professionals have proven to be unable or unwilling to voluntarily make complete and accurate information available to PREPA's stakeholders.[4] And stakeholders have had little opportunity to compel transparency and candor through discovery, since the Oversight Board froze these proceedings for years while purporting to work toward implementing its now-discarded 2019 RSA with bondholders. There is no doubt that discovery from PREPA, the Oversight Board, and other entities will be necessary for interested parties to have access to sufficient and reliable information in which to fairly assess the proposed disclosure statement.

8. All parties thus should be afforded an opportunity to meaningfully review the hundreds of pages that the Oversight Board filed Friday night before they are required to provide this Court their considered view on the proper procedures and timeline for evaluating the proposed disclosure statement. Especially during a holiday season, when the parties and their professionals have competing family and travel obligations, affording the parties two weeks to undertake that assessment and to file objections is eminently reasonable.

9. Nor will the additional time the Ad Hoc Group proposes cause any conceivable prejudice to the Oversight Board. The Ad Hoc Group's proposed briefing schedule ends just four business days later than the Oversight Board's proposed schedule. Concluding briefing on January 6 will have no effect on any of the disclosure statement deadlines proposed in the Urgent Motion. If the Court so orders, then objections to the Disclosure Statement could still be due on February 10, replies could still be due on February 17, and the hearing could still be held on February 28.

---

[4] *See Mediation Team's Second Notice and Report* ¶ 2 [ECF No. 3112] (Dec. 1, 2022) ("Despite reasonable requests by the Ad Hoc Group and the Monolines, the Oversight Board is still in the process of providing basic data and analyses relevant to the ongoing plan negotiations.")

10. The Ad Hoc Group therefore respectfully requests that the Oversight Board's proposed briefing schedule be modified to make objections to the Urgent Motion due at 4:00 p.m. AST on December 30, and replies in support of the Urgent Motion due at 4:00 p.m. AST on January 6.

Dated: San Juan, Puerto Rico
December 18, 2022

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| */s/ Manuel Fernández-Bared* | */s/ Amy Caton* |
| Manuel Fernández-Bared | Amy Caton* |
| USDC-PR No. 204,204 | Thomas Moers Mayer* |
| P.O. Box 195383 | Alice J. Byowitz* |
| San Juan, PR 00919-5383 | 1177 Avenue of the Americas |
| Tel.: (787) 751-8999 | New York, New York 10036 |
| Fax: (787) 763-7760 | Tel.: (212) 715-9100 |
| E-mail: mfb@tcm.law | Fax: (212) 715-8000 |
| | Email: acaton@kramerlevin.com |
| */s/ Linette Figueroa-Torres* | tmayer@kramerlevin.com |
| Linette Figueroa-Torres | abyowitz@kramerlevin.com |
| USDC-PR No. 227,104 | |
| E-mail: lft@tcm.law | Gary A. Orseck* |
| | Matthew M. Madden* |
| */s/ Nayda Perez-Roman* | 2000 K Street NW, 4th Floor |
| Nayda Perez-Roman | Washington, DC 20006 |
| USDC–PR No. 300,208 | Tel: (202) 775-4500 |
| E-mail: nperez@tcm.law | Fax: (202) 775-4510 |
| | Email: gorseck@kramerlevin.com |
| *Counsel for the Ad Hoc Group of PREPA Bondholders* | mmadden@kramerlevin.com |
| | *Admitted Pro Hac Vice |
| | *Counsel for the Ad Hoc Group of PREPA Bondholders* |