# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHOIRTY,

Debtor.

PROMESA
Title III

Case No. 17-BK-4780 (LTS)

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO URGENT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (I) SCHEDULING A HEARING TO CONSIDER ADEQUACY OF INFORMATION CONTAINED IN DISCLOSURE STATEMENT, (II) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this response (the "Response") to the *Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (IV) Granting Related Relief* [Docket No. 23098] (the "Urgent Motion").[3] In support of this Response, the Committee states as follows:

**RESPONSE**

1. The Committee files this Objection to raise two concerns regarding the Urgent Motion. First, the Committee has no objection to the proposed briefing and hearing schedule for approval of the Disclosure Statement, provided that the Oversight Board timely files (no later than 35 days prior to the Disclosure Statement objection deadline) a **complete** copy of the Disclosure Statement[4] with all exhibits and schedules, including the fully executed settlement

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Urgent Motion.

[4] The Disclosure Statement filed on December 16, 2022, did not include several exhibits, including the liquidation analysis and the load forecast and illustrative cash flow for new bonds. Nor did the Disclosure Statement or the Plan provide any information regarding the terms of the settlement with National Public Finance Guaranty Corp.

2

agreement with National Public Finance Guarantee Corp., the load forecast and illustrative cash flow for new bonds, and the liquidation analysis.[5] Only after a complete Disclosure Statement has been filed will parties in interest have the ability to evaluate the adequacy of information contained therein. Similarly, the Committee (and, indeed, all parties in interest) should have at least 35 days to analyze the information in the Depository before having to prepare objections to the approval of PREPA's disclosure statement. Accordingly, and assuming the Court approves a February 3, 2023 objection deadline,[6] the Committee requests that a complete Disclosure Statement be filed, and the Depository be populated, on or before December 30, 2022.

2. <u>Second</u>, it should be made clear that approval of the Depository Procedures does not excuse the Oversight Board from responding to discovery requests. In fact, when the Oversight Board sought approval of similar procedures in connection with confirmation of the Commonwealth plan of adjustment, the Oversight Board made clear that "[t]he establishment of the Disclosure Statement Depository does not preclude parties from seeking discovery, if warranted. To the extent the Oversight Board provides materials in connection with requested discovery, such materials will also be included in the Depository."[7] The Committee requests that a similar clarification be added to the order approving the Depository Procedures.

---

[5] As the Court is well aware, the Bankruptcy Rules require that at least 28 days' notice of the deadline for filing objections to the approval of a disclosure statement. *See* Bankruptcy Rule 2002(b). The Committee is thus requesting only a modest 7-day extension of that time period.

[6] In its December 19, 2022 order on the scheduling of the Urgent Motion, the Court proposed a February 3, 2023 disclosure statement objection deadline in the event that it grants the Urgent Motion.

[7] *Omnibus Reply of the Financial Oversight and Management Board for Puerto Rico in Support of Debtors' Joint Motion for an Order (I) Scheduling Hearing on Consider the Adequacy of Information contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related* Relief [Docket No 16507], Ex. C at 8.

WHEREFORE, the Committee respectfully requests that the Court deny the Urgent Motion unless the relief requested therein is modified in accordance with this Response.

Dated: December 21, 2022

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*