# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>     as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-3283-LTS<br><br>**Court Filing Relates Only to PREPA** |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>     as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>     Debtor. | PROMESA<br>Title III<br><br>Case No. 17-4780-LTS<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF SYNCORA GUARANTEE INC. TO THE URGENT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Syncora Guarantee, Inc. ("**Syncora**") hereby respectfully submits this *Limited Objection to the Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [Case No. 17-4780-LTS, ECF No. 3112; Case No. 17-3283-LTS, ECF No. 23098] (the "**Urgent Motion**").[2]

## Limited Objection

1.      Syncora respects the Court's inclination to keep the date previously reserved for a disclosure statement hearing in late February.  Regrettably, the Oversight Board has disrespected the whole process outlined by the Court when it envisioned this calendar—a schedule that was imposed in light of Syncora and others' request to impose a deadline for filing a plan.  The Court could not have been clearer when it set a deadline for a "confirmable plan":

> **[W]hat I mean by a confirmable plan is one that meaningfully and realistically contemplates scenarios in which each party fails to prevail on their claims in litigation to the extent that they expect to in order that, on resolution of issues in the litigation, no matter what the outcome is, we can move forward toward confirmation with alacrity.**

Nov. 2, 2022 Tr. at 16:10-16.

---

[2]    Syncora joins and adopts the arguments raised in the *Limited Objection of the Ad Hoc Group of PREPA Bondholders to the Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, [Case No. 17-4780-LTS, ECF No. 3127; Case No. 17-3283-LTS, ECF No. 23133] (the "**Ad Hoc Group Limited Objection**").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Ad Hoc Group Limited Objection.

2.      As will be shown at the Disclosure Statement hearing in February, the filed Plan

does not comply with the Court's directive.  With respect to a threshold issue to be litigated, the

Oversight Board expects the Court to rubber-stamp its view on how much PREPA can pay

creditors or else it will refuse to go forward with the Plan.  The Plan is therefore not confirmable

"no matter what the outcome" of issues to be litigated.  To the contrary, while the Disclosure

Statement describes a toggle of recoveries based on the outcome of claim and lien objections, the

Plan collapses upon any successful challenge to the single-most-important issue in this Title III

case—how much revenue PREPA can fairly and equitably generate (a subject glaringly omitted

from the Disclosure Statement).  The Oversight Board seems to believe it can decide in its sole

discretion how much is appropriate consideration to offer—regardless of the evidence. If that is

the standard to be advanced by the Oversight Board at confirmation, it should be clearly disclosed

now so the Court can consider it in February.

3.      While the Court never dictated what the Oversight Board may do in formulating a

plan for PREPA, the Court did make known what *not to do*:

> "**I don't expect to see a place holder filed on December 1.  I want to see
> something that the Oversight Board believes in good faith should move toward
> approval of a disclosure statement**."

Nov. 2, 2022 Tr. at 18:3-7.

4.      There is no way the Oversight Board believes "in good faith" that the filed Plan is

confirmable.  It filed a mere placeholder, by design and with pre-meditation, after wasting the

runway granted by the Court to facilitate an earnest mediation effort.  Rather than engage in a

timely, meaningful, and complete exchange of data that could have moved parties towards a

substantially consensual plan, the Oversight Board obfuscated data on affordable electricity

3

rates—critical data that is necessary for anyone to make informed decisions about PREPA's revenue-generating capacity.[3]

5.    The Oversight Board's filed Disclosure Statement does one better—rather than obfuscate, it *omits* all data supporting the supposed new "cap" on recoveries in the Plan (and even omits the electricity rates to be charged).  Perhaps that is because it would be impossible for members of the Oversight Board to attach "good faith" to data that simply does not exist.  As will be shown at the Disclosure Statement hearing, the asserted "cap" on how much PREPA could afford to pay is seriously misleading even when compared with documents posted by the Oversight Board contemporaneous with the filing of the Disclosure Statement to cleanse those who participated in mediation.  Indeed, as is clear from now-public materials, the Oversight Board just went billions of dollars *backwards* in establishing the supposed "cap" in bonds that PREPA could afford to issue.  In other words, the Plan that was filed is *merely a place holder*.

6.    Rather than achieve a credible path forward, the Oversight Board used the time afforded to develop a "confirmable plan" to buy off small creditor factions (by spending other peoples' money) and also to attempt to splice the single bondholder class into multiple classes depending only on whether a creditor votes yes or no (in addition to other impermissible distinctions between creditors that are reflected in the existing Plan, as well as yet others that Syncora understands are soon to be filed in an amended plan and disclosure statement).  Put simply, the Disclosure Statement describes a plan that employs—as it must to create the desired gerrymander—a classification scheme that is irreconcilable with the Bankruptcy Code and controlling First Circuit law.

---

[3]    The details of this obfuscation—which makes the Disclosure Statement misleading—will be explained based on public information in connection with the hearing on the disclosure statement in February.

7.      The Court should be aware that the Oversight Board is also doing something else truly without precedent:   Soliciting bondholders' votes now—*before* this Court approves anything—and based only on what information the Oversight Board wants recipients to see. **To the extent the Oversight Board seeks tacit approval of this clearly unlawful solicitation, Syncora objects**.

8.      The Urgent Motion references the establishment of a "Depository" for creditors to access in order to "streamline" some aspects of discovery.  No process has yet been announced about depositions. **To the extent that the Oversight Board seeks to limit discovery that is otherwise available under the Federal Rules—including when such discovery may be sought or the type of discovery—Syncora objects**.[4]

9.      In February, Syncora will demonstrate the multiple legal and factual infirmities in the Disclosure Statement and the patent un-confirmability of the Plan.  For now, while raising objection to the Oversight Board's flouting of this Court's prior Order, and its pre-mature unlawful solicitation of creditors, and reserving its right to propound discovery in the near term pursuant to the Federal Rules, Syncora does not object to the scheduling proposed in the Urgent Motion as modified by the schedule proposed in the Court's December 19, 2022 Order [Case No. 17-4780-

---

[4]    For example, discovery will be required to test the credibility of the Oversight Board's assumptions regarding revenues PREPA can reasonably generate.  Some members of the Oversight Board have been vocal and public as to their alleged rationale for imposing the new "cap" contained in the Plan.  According to the Oversight Board's Chairman in an interview given to *El Nuevo Dia* yesterday, "the creditors were asking for more than what we believe the people of Puerto Rico can pay."  Joanisabel Gonzalez, *David Skeel: "Los bonistas, simplemente, están pidiendo demasiado"*, EL NUEVO DÍA (elnuevodia.com), Dec. 20, 2022.  Yet, there is no discussion in the Disclosure Statement of what the Oversight Board believes is affordable or why or, more to the point, how the Oversight Board calculated that what creditors were asking for was materially different from an affordability perspective than what the Oversight Board itself offered.  Perhaps that is because, as described by other members of the Oversight Board, the data free rationale employed by the Board members for imposing the new "cap" constitutes nothing more than "ideology, … not the law."  Justin Peterson (@JPHusker_), TWITTER Dec. 20, 2022, 10:07                                                                                 p.m.), https://twitter.com/JPHusker_/status/1605399586004238338?cxt=HHwWhIC85d2aw8csAAAA.

LTS, ECF No. 3119; Case No. 17-3283, ECF No. 23106]. Syncora takes comfort in the Court's admonition at the November 2, 2022 omnibus hearing that there would be consequences and accountability if the Oversight Board filed an unconfirmable plan; namely, that "every possible way of reacting to that will be on the table." Nov. 2, 2022 Tr. at 18:13-14.

DATED: December 21, 2022

Respectfully submitted,

REICHARD & ESCALERA

By : */s/ Rafael Escalera*
**Rafael Escalera**
USDC No. 122609
escalera@reichardescalera.com

**Sylvia M. Arizmendi**
USDC-PR 210714
arizmendis@reichardescalera.com

**Carlos R. Rivera-Ortiz**
USDC-PR 303409
riverac@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913

QUINN EMANUEL URQUHART & SULLIVAN, LLP

**Susheel Kirpalani** (*pro hac vice*)
susheelkirpalani@quinnemanuel.com

**Daniel Salinas**
USDC-PR 224006
danielsalinas@quinnemanuel.com

**Eric Kay** (*pro hac vice*)
erickay@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1603

*Co-Counsel for Syncora Guarantee, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.

<u>*/s/ Carlos R. Rivera-Ortiz*</u>
USDC-PR 303409

03261-00006/13797052.2