UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF

Upon the *Urgent Motion of Puerto Rico Electric Power Authority for Order*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*(I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (Docket Entry No. 23098 in Case No. 17-3283 and Docket Entry No. 3112 in Case No. 17-4780) (the "Motion")[2] of the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") in its capacity as sole representative of PREPA (the "Debtor" under section 315(b) of PROMESA), requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement, the Disclosure Statement Motion, and the Confirmation Discovery Procedures Motion, and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections thereto

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

having been overruled to the extent not incorporated herein;[3] it is hereby ORDERED as follows:

---

[3] The Court has received and reviewed the *Precautionary Objection and Reservation of Rights of U.S. Bank National Association as PREPA Bond Trustee to PREPA's Urgent Motion for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (Docket Entry No. 23131 in Case No. 17-3283 and Docket Entry No. 3125 in Case No. 17-4780), and the *Response of Official Committee of Unsecured Creditors to Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider Adequacy of Information Contained in Disclosure Statement, (II) Establishing Deadline for Filing Objections to Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (Docket Entry No. 23132 in Case No. 17-3283 and Docket Entry No. 3126 in Case No. 17-4780); the *Limited Objection of the Ad Hoc Group of PREPA Bondholders to the Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief [ECF No. 3112]* (Docket Entry No. 23133 in Case No. 17-3283 and Docket Entry No. 3127 in Case No. 17-4780); *Limited Objection of the Syncora Guarantee Inc. to the Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (Docket Entry No. 23134 in Case No. 17-3283 and Docket Entry No. 3129 in Case No. 17-4780); and the *Partial Joinder of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to the Limited Objection of the Ad Hoc Group of PREPA Bondholders to the Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief [ECF No. 3127]* (Docket Entry No. 23135 in Case No. 17-3283 and Docket Entry No. 3128 in Case No. 17-4780). The Court has also reviewed the *Omnibus Reply of the Oversight Board in Support of the Urgent Motion of Puerto Rico Electric Power Authority for Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form and Manner of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith,*

1. The Motion is granted as modified herein.

2. The Disclosure Statement Notice is approved. The Debtor shall make appropriate revisions to reflect the schedule set forth in paragraph 3 of this Order.

**Disclosure Statement Scheduling Procedures**

3. The following Disclosure Statement Scheduling Procedures are approved:

- **Disclosure Statement Hearing**: **9:30 a.m., Atlantic Standard Time**, on **February 28, 2023**, as the time and date for the Disclosure Statement Hearing, as such date may be adjourned by the Court or the Debtor pursuant to a notice filed on the docket maintained in these Title III Cases;

- **Disclosure Statement Objection Deadline**: **5:00 p.m., Atlantic Standard Time**, on **February 3, 2023**, as the deadline to file objections to (i) the adequacy of the Disclosure Statement, (ii) the relief requested in the Disclosure Statement Motion, and (iii) the relief requested in the Confirmation Discovery Procedures Motion (each, an "Objection"). Objections to the adequacy of the Disclosure Statement must (i) state the name and address of the objector or entity proposing a modification to the Disclosure Statement (or objecting to the Disclosure Statement Motion), and the amount (if applicable) of its claim or nature of its interest in the Title III Case, and (ii) specify the basis and nature of any objection and, with respect to any objections to the Disclosure Statement, set forth the proposed modification to the Disclosure Statement, together with suggested language.

- **Disclosure Statement Reply Deadline: 5:00 p.m., Atlantic Standard Time**, on **February 10, 2023**, as the deadline for the Debtor or other parties in interest to file replies or responses to the Objections.

**Depository**

4. The Depository Procedures set forth on **Exhibit 1** hereto are approved. The Debtor is authorized to establish and maintain the Depository in accordance with the Depository Procedures no later than five (5) business days after entry of this Order.

5. The Debtor must file, on or before **January 27, 2023,** at **5:00 p.m. (Atlantic Standard Time)**, the load forecast and illustrative cash flow for new bonds and the best interests

---

*and (V) Granting Related Relief* (Docket Entry No. 25153 in Case No. 17-3283 and Docket Entry No. 3131 in Case No. 17-4780).

test reports.

**Confidentiality**[4]

6. The Debtor has established good cause for entry of an order, attached hereto as **Exhibit 2**, governing Confidential Information in connection with the Depository. The Protective Order set forth on **Exhibit 2** hereto is approved in all respects. The Debtor is authorized to implement the procedures and requirements set forth in the Protective Order, including execution of the Protective Order Subscription attached hereto as **Exhibit 3**.

7. Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information (as defined in the Protective Order) by the Debtor in connection with the Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

8. <u>No Warranty of Accuracy</u>. Each Eligible Creditor understands that the Producing Parties (as defined in **Exhibit 2** to this Order) will endeavor to include in the Confidential Information materials relevant for the purpose of evaluation of the Disclosure Statement, but each Eligible Creditor acknowledges that the Producing Parties do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Producing Parties shall have any liability to any Eligible Creditor or its representatives resulting from the use of such information by an Eligible Creditor or its representatives.

9. <u>No Waiver</u>. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

---

[4] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in **Exhibit 2** hereto.

10. Upon entry hereof, the Debtor shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**Miscellaneous**

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

14. This Order resolves Docket Entry No. 23098 in Case No. 17-3283 and Docket Entry No. 3112 in Case No. 17-4780.

SO ORDERED.

Dated: December 23, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Court Judge