UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

               Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION OF EVYFLOR ESPINOSA ROSADO

    The Court has received and reviewed the motion (Docket Entry No. 23147 in Case No. 17-3283) (the "3018(a) Motion") of Evyflor Espinosa Rosado (the "Movant"). For the following reasons the 3018(a) Motion is denied.

    On May 21, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for HTA pursuant to section 304(a) of PROMESA,[2] commencing a case under Title III thereof.

    On June 17, 2022, the Oversight Board filed its proposed *Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 21267 in Case No. 17-3283 and Docket Entry No. 1240 in Case No. 17-3567) (as amended,

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers herein are to the uncodified version of the legislation.

supplemented, or modified, the "HTA Plan") and the corresponding *Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 21269 in Case No. 17-3283 and Docket Entry No. 1241 in Case No. 17-3567).

On June 22, 2022, the Court entered the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non- Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (Docket Entry No. 21293 in Case No. 17-3283 and Docket Entry No. 1248 in Case No. 17-3567) (the "Disclosure Statement Approval Order").

The Disclosure Statement Approval Order provided procedures whereby claimants could challenge the allowance or disallowance of a claim solely for the purpose of voting to accept or reject the HTA Plan. (Discovery Statement Approval Order ¶¶ 39-40.) By filing a motion seeking an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[3] claimants were able to request temporary allowance of a claim in a different amount than is reflected in the Debtor's records. See Fed. R. Bankr. P. 3018(a). Temporary allowance of a claim under Bankruptcy Rule 3018(a) is for voting purposes only, and does not bear on the merits of the claim or guarantee payment thereof.

Through the 3018(a) Motion, Movant requests temporary allowance of her claim—currently filed as Proof of Claim No. 1173 asserted against the Commonwealth of Puerto Rico in the amount of $200,000 (labeled as contingent and unliquidated on the claims register, but not yet subject to any objection)—in the amount of $1,400,000 for the purpose of voting on the HTA Plan. (Mot. at 2.) Under Part 4 of the form 3018(a) motion, set aside for movants to explain why they should be permitted to vote to accept or reject the Debtors' plan of adjustment, Movant states: "I accept the Debtor's Plan of Adjustment[.]" (Mot. at 2.)

On October 12, 2022, following a successful solicitation process and a confirmation hearing, the Court entered the *Order and Judgment Confirming Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* (Docket Entry No. 22581 in Case No. 17-3283 and Docket Entry No. 1415 in Case No. 17-3567). On December 6, 2022, the HTA Plan went effective. (Docket Entry No. 22999 in Case No. 17-3283 and Docket Entry No. 1450 in Case No. 17-3567.)

Accordingly, the 3018(a) Motion is denied as moot. To the extent any further or additional relief is requested by the motion or the corresponding exhibit,[4] it is denied in full.

---

[3] Bankruptcy Rule 3018 is made applicable to this Title III case pursuant to PROMESA Section 310.

[4] The Court notes that Movant has attached as an exhibit redlined pages from a Spanish-language document which appears to be the proposed notice accompanying a revised proposed order to amend certain alternative dispute resolution procedures. (Compare Mot. Ex. A with Docket Entry No. 23009 Ex. A Ex. 2 at 9-11.) Movant has filled out and signed the redlined proposed notice of alternative dispute resolution procedures,

This Order resolves Docket Entry No. 23147 in Case No. 17-3283.

       SO ORDERED.

Dated: December 28, 2022

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       United States District Judge

---

apparently purporting to accept a settlement offer made on Movant's claim. The Court advises Movant that the proposed notice of alternative dispute resolution procedures attached as an exhibit to the Motion was not the finalized notice since-approved by the Court. (Docket Entry No. 23113 (the "Amended ADR Procedures Order"), Ex. A (the "Amended ADR Notice").) Movant is further advised that the exhibit does not comply with the requirements of the Amended ADR Procedures Order because, to be effective, Section I of the Amended ADR Notice must include <u>a settlement offer made by the Debtors' representative to the claimant</u>. Movant's signing of the redlined proposed notice is of no effect, and any relief requested by so doing is denied in full.