**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

    Debtors.[1]
---------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

(Jointly Administered)

**RESPONSE OF THE AVOIDANCE ACTIONS TRUSTEE TO**
**THE MOTION FOR RECONSIDERATION [DE 23058] OF THE ERS BENEFICIARIES**

Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust, respectfully submits this response to the *Motion for Reconsideration Under Bankruptcy Rule 9023* [DE 23058] ("Reconsideration Motion") filed by the Estate of Pedro José Nazario Serrano, the Estate of Juanita Sosa Pérez, Joel Rivera Morales, María de Lourdes Gómez Pérez, Héctor Cruz Villanueva, Lourdes Rodríguez, and Luis M. Jordán Rivera (collectively, the "ERS Beneficiaries"). In support of this response, the Trustee respectfully states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

**BACKGROUND**

1. On July 28, 2022, UBS Financial Services Incorporated of Puerto Rico ("UBS") filed its *Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* [DE 21651 in Case No. 17-3283 and DE 1364 in Case No. 17-3566] ("Motion to Enforce").

2. The Motion to Enforce sought to enforce the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al.* [DE 19784] (the "Plan") and enjoin the ERS Beneficiaries and ERS from prosecuting certain claims in litigation pending in the Commonwealth Court case captioned *Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Financial Services Inc. of Puerto Rico*, Civ. No. KAC-2011-1067 (the "Commonwealth Action"). *See* Motion to Enforce ¶¶ 1, 47.

3. On September 13, 2022 the ERS Beneficiaries responded to the Motion to Enforce by filing a *Consolidated: (1) Reply to Opposition to Motion to Stay and (2) Opposition to Motion to Enforce the Plan of Adjustment* [DE 22175] (the "ERS Ben. Opposition").

4. On September 14, 2022, the Official Committee of Unsecured Creditors filed its *Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment* [DE 22186] (the "UCC Response").

5. On September 14, 2022, the Trustee filed its *Joinder of the Avoidance Actions Trustee to Official Committee of Unsecured Creditors Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment* [DE 22187] (the "AA Joinder")

6. On September 14, 2022, the ERS Beneficiaries further filed their *Brief Reply To: Official Committee of Unsecured Creditors Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No.*

2

22186] *and to Joinder of the Avoidance Actions Trustee to Official Committee of Unsecured Creditors Limited Response in Support of UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment [Docket No. 22187]* [DE 22199] (the "ERS Ben. Reply").

7. On September 17, 2022, UBS filed its *Reply in Further Support of its Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* [DE 22274) (the "UBS Reply").

8. On September 19, 2022, the ERS Beneficiaries filed a *Brief Sur-Reply to: UBS Financial Services Incorporated of Puerto Rico's Reply in Further Support of its Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* [DE 22294] (the "ERS Ben. Sur-Reply").

9. On November 29, 2022, the Court entered its *Memorandum Opinion and Order Granting the Motion to Enforce the Plan* [DE 22927] ("Order Enforcing Plan").

10. In the Order Enforcing Plan, the Court exercised its jurisdiction to enjoin the prosecution of the Commonwealth Action. The Court found that the claims asserted by the ERS Beneficiaries in the Commonwealth Action are derivative claims based solely on secondary harms flowing from UBS' relationship with ERS and harm suffered by ERS. *See* Order Enforcing Plan at 7-11 (citing, *inter alia*: *Quigley Co. v. Law Offices of Peter G. Angelos (In re Quigley Co., Inc.)*, 676 F.3d 45, 57 (2d Cir.2012); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir.1992); *Marshall v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 740 F.3d 81, 89 (2d Cir. 2014) ("*Madoff II*"); *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 704 (2d Cir. 1989)).

3

11. The Court also found that: the ERS Beneficiaries have accrued rights under, and are protected by, the Plan[2]; their claims against ERS have been discharged by the Plan; the ERS Beneficiaries are bound by their treatment under the Plan; and the Plan provides the Trustee with exclusive authority to prosecute claims and recover monetary awards for the benefit of the Avoidance Actions Trust beneficiaries. *Id.* at 12-14.

12. The ERS Beneficiaries thereafter filed their Reconsideration Motion on December 13, 2022, which seeks the Court's reconsideration of the Order Enforcing Plan and entry of an Order denying the Motion to Enforce.

## APPLICABLE LEGAL STANDARDS

13. This Court has consistently construed motions for reconsideration as requests for relief under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") as made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. *See, e.g.*, Case No. 17-03283, DE 15022 ("DE 15022"), at 2-3; *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 427 F. Supp. 3d 260, 263 (D.P.R. 2019), *aff'd*, 998 F.3d 35 (1st Cir. 2021) (same).

14. "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." DE 15022, at 3 (quoting *In re Pabon Rodriguez*, 233 B.R. 212, 220 (Bankr. D.P.R. 1999) (internal quotation marks omitted); *Fin. Oversight & Mgmt. Bd.*, 427 F. Supp. 3d at 263 (same). Thus, the ERS Beneficiaries must clear a high burden and (i) clearly establish a manifest

---

[2] For example, "[t]he Plan eliminates any reduction in accrued pensions and certain other retiree benefits for retired and active [ERS] employees and provides for the creation of the Pension Reserve Trust . . . ." *See* Order Enforcing Plan at 12 (internal quotation marks and citations omitted. That Pension Reserve Trust also provided for contribution terms. *See id.*

4

error of law or fact,[3] (ii) clearly establish a manifest injustice, (iii) present newly discovered or previously unavailable evidence, or (iv) establish an intervening change in controlling law. DE 15022, at 3 (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005)); *Fin. Oversight & Mgmt. Bd.*, 427 F. Supp. 3d at 263.

15. This Court and others have looked to several guideposts to identify improper reconsideration motions.

16. **First**, whether considered under Rule 59 or Rule 60, a motion for reconsideration "cannot be used" as a vehicle "to <u>relitigate and/or rehash matters already litigated and decided</u>," or "raise arguments which could, and should, have been made before" such a decision of the Court. DE 15022 at 2-3 & n. 3 (quoting *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 322 (D.P.R. 2005), *aff'd*, 440 F.3d 11 (1st Cir. 2006)) (emphasis added); *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994). **Second**, "a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" *Fin. Oversight & Mgmt. Bd.*, 427 F. Supp. 3d at 263 (quoting *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015). **Third**, "[a] party's disagreement with the court's decision and desire to have the court 'rethink its holding' are not grounds for reconsideration." DE 15022, at 3 (citing *Rosario-Mendez v. Hewlett Packard Caribe*, 660 F. Supp. 2d 229, 234 (D.P.R. 2009)).

---

[3] "A manifest error of law is [a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Albarran v. Rivera (In re Rivera)*, 627 B.R. 765, 775 (1st Cir. 2021). "A manifest error of fact is an error plainly and indisputably contrary to the evidentiary record." *See In re Imperial Petroleum Recovery Corp.*, 13-30466, 2021 WL 933989, at *4 (Bankr. S.D. Tex. Mar. 11, 2021).

## ARGUMENT

17. The Trustee respectfully submits that the Reconsideration Motion presents no basis for this Court to entertain reconsideration because it fails to present any legally recognizable basis to reconsider the Court's Order Enforcing Plan.

18. **First**, the ERS Beneficiaries have not even attempted to identify — much less clearly establish that — any aspect of the Court's Order Enforcing Plan that constitutes a manifest injustice or was the product of a manifest error of law or fact. *See Allied Home*, 402 F.3d at 7 n.2; *Fin. Oversight & Mgmt. Bd.*, 427 F. Supp. 3d at 263. They do not point to any "plain and indisputable" error amounting to a "complete disregard" of controlling law or the factual record. *Albarran*, 627 B.R. at 775; *Imperial Petroleum*, 2021 WL 933989, at *4. The ERS Beneficiaries also do not proffer any newly discovered or establish an intervening change in controlling law. *Fin. Oversight & Mgmt. Bd.*, 427 F. Supp. 3d at 263.

19. **Second**, the Reconsideration Motion relitigates matters that the ERS Beneficiaries briefed or should have briefed before the Court issued its Order Enforcing Plan. Neither Rule 59 nor Rule 60 provides for such a second bite at the apple. *See, e.g.*, DE 15022 at 2-3 (citing *Villanueva-Mendez*, 360 F. Supp. 2d at 322) (noting that motions for reconsideration are not means to relitigate matters previously litigated); *Jorge Rivera*, 37 F.3d at 29 (reconsideration movants cannot raise arguments that they could and should have made previously). For instance, the ERS Beneficiaries predominantly argue that Article 1802 (31 L.P.R.A. § 5141) of the Civil Code of Puerto Rico of 1930 accords them their own cause of action against UBS for UBS's conduct in conjunction with certain bond issuances that allegedly resulted in "foreseeable damages" to not just "ERS itself" but to the ERS Beneficiaries as well. *See* Reconsideration Motion at 4-7; *see also id.* at 3-4 ("reasons" 1, 3, 4). These are the same arguments that the ERS Beneficiaries raised before

6

and the Court rejected in its Order Enforcing Plan. *See, e.g.*, Order Enforcing Plan at 7-11; ERS Ben. Opp. at 5, 11-12 (citing Article 1802, arguing that the Commonwealth Action is a distinct tort action in which the ERS Beneficiaries seek to recover damages inflicted on them as a result of UBS's tortious conduct); ERS Ben. Reply at 5-6 (citing Article 1802 and arguing that the ERS Beneficiaries suffered damages and a reduction in benefits as a result of UBS's tortious conduct).

20. **Third**, while these rehashed arguments are improper, they are still unavailing because they do nothing to displace the Court's conclusion that the ERS Beneficiaries' claims are derivative claims based on injury sustained by ERS. Assuming *arguendo* that Article 1802 accords the ERS Beneficiaries a discrete cause of action, the Court must still (and did) look to the factual origins of the alleged injury and the nature of the legal claims asserted. *See, e.g.*, *Madoff II*, 740 F.3d at 89. The "foreseeable" damages alleged by the ERS Beneficiaries necessarily derive from harm done to ERS, and are based on a "secondary effect" from that harm. *Compare id.* at 88-89; *In re Tronox Inc.*, 855 F.3d 84, 99 (2d Cir. 2017), *with* Reconsideration Motion at 6-7 (conceding that UBS inflicted foreseeable damages on the ERS Beneficiaries through breaches of fiduciary duties *to ERS* which allegedly resulted in "secondary harms" like cost of living adjustments, higher age criteria to qualify for pensions, loss of their marginal benefit to take loans originated by the ERS, as well as mental anguish and suffering).

21. The ERS Beneficiaries' observation that claims in the Commonwealth Action may be labelled differently misses the point. Such differences cannot, and does not here, prevent the Court from looking beyond the titles of causes of action and considering the "factual origins" of the parties' claims and the actual nature of the relief sought. *See* Order Enforcing Plan at 7 (citing *Madoff II*, 740 F.3d at 89); *Tronox*, 855 F.3d at 103-04 ("Individual creditors may wish to bring claims against those third parties to seek compensation for harms done to them by the debtor and

7

secondary harms done to them by the third parties in wrongfully diverting assets of the debtor that would be used to pay the claims of the individual creditor. The fact that an individual creditor may seek to do so does not make those secondary claims particular to the creditor. . . .").

22. **Finally**, the balance of the ERS Beneficiaries argument focuses on a new theory that the Court's order constitutes a "judicial taking" without just compensation. *See* Reconsideration Motion at 7-9. This argument fails *ab initio* under the applicable standards because it could and should have raised in any one of their briefs leading up to the Court's Order Enforcing Plan. *See Jorge Rivera*, 37 F.3d at 29. In any event, this argument does not just fall far short of the type of "manifest error of law" necessary to support a request for reconsideration — it is flat out wrong. A judicial taking may occur when a property owner is deprived of an established property right by a court without compensation. *See Stop the Beach Renourishment, Inc. v. Florida Dept. of Envtl. Prot.*, 560 U.S. 702, 714-16 (2010).

23. Here, the Court has taken nothing from the ERS Beneficiaries. A court resolving a legal dispute between parties is not effecting a "taking" but rather "analyzing precedent and other rules, and declaring the rights of the parties." *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Hodel*, 637 F. Supp. 1398, 1407 (D.D.C. 1986), *aff'd*, 830 F.2d 374 (D.C. Cir. 1987). Indeed, a determination that the ERS Beneficiaries claims are derivative is a recognition and straightforward application of standing principles that arise in the context of bankruptcy proceedings. *See generally St. Paul Fire & Marine Ins. Co.*, 884 F.2d at 696-704. Finally, even under the most charitable consideration of the ERS Beneficiaries' argument cannot ignore that the ERS Plaintiffs received "compensation" under the Plan that the Court's order enforces. *See, e.g.*, Order Enforcing Plan at 12-14. After all, the Plan eliminates any reduction in accrued pensions and certain other retiree benefits for retired and active ERS employees and

8

provides for the creation of the Pension Reserve Trust for the benefit of such ERS employees. *See id.* They are entitled to and will receive future payment through the Pension Reserve Trust. *Id.* ERS Plaintiffs have not proffered any reason why this affirmative recovery is not compensation assuming a "judicial taking" has taken place. Instead, the ERS Beneficiaries' judicial taking argument would transform the everyday functions of a Court — issuing and enforcing injunctions, declaring the rights of competing parts, confirming a plan of adjustment or reorganization that affects the rights of numerous parties-in-interest — into a "taking" issue.

**WHEREFORE**, the Trustee respectfully requests that the Court deny the Reconsideration Motion and grant such other relief as the Court deems necessary and proper.

Dated December 28, 2022

Respectfully submitted by:

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com
*Counsel to the Trustee*

/s/ *Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Juan C. Nieves González, Esq. (USDC-PR 231707)
Edna Tejeda Oyola (USDC-PR 219803)
**CASILLAS, SANTIAGO & TORRES LLC**
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com
jnieves@cstlawpr.com

9

etejeda@cstlawpr.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on December 28, 2022, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

*/s/ John Arrastia*
John Arrastia, Esq.