**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO (the "ERS"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

**UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO'S
OPPOSITION TO MOTION FOR RECONSIDERATION
UNDER BANKRUPTCY RULE 9023**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

UBS Financial Services Incorporated of Puerto Rico ("UBS"),[2] by and through its undersigned counsel, pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[3] respectfully submits this opposition to the ERS Beneficiaries'[4] Motion for Reconsideration Under Bankruptcy Rule 9023 (Dkt. 23058) ("Motion" or "Mot."). In support of this opposition, UBS states as follows:

## INTRODUCTION

1. The ERS Beneficiaries have fallen woefully short of the high standard for reconsideration. The Motion merely recycles – *often verbatim* – their prior arguments from the voluminous briefing and asks the Court to come to a different conclusion.[5] There is no reason for the Court to reconsider arguments that have already been thoroughly considered and addressed. Specifically, in granting UBS's Motion to Enforce the Plan in the Commonwealth Action, the Court held that:

- ***The ERS Beneficiaries' claims are derivative, not direct.*** Both the ERS Beneficiaries' pleading and their proposed new pleading "asserted claims to recover for – or 'on behalf of' – an injury incurred by ERS" and were therefore "derivative of ERS' right to recover on its own behalf." (Op. at 8)

- ***The Puerto Rico general tort statute, Article 1802, does not transform derivative claims for injuries to the ERS into direct claims for injuries to the ERS Beneficiaries themselves.*** The Court found that the ERS Beneficiaries' claims are all "predicated solely upon secondary harms flowing from UBS' contractual relationship

---

[2] Effective July 17, 2021, UBS Financial Services Incorporated of Puerto Rico was merged into UBS Financial Services Inc.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4] Undefined capitalized terms have the same meanings as in the Memorandum Opinion and Order Granting the Motion to Enforce the Plan (Dkt. 22927) ("Opinion" or "Op.") or UBS's Motion to Enforce (Dkt. 21651).

[5] The ERS Beneficiaries have already made four filings in connection with the Motion to Enforce – two opposition briefs, a sur-reply and a proposed supplemental brief. (*See* Dkts. 22175, 22199, 22294 and 22500) Their last proposed filing was rejected by the Court as repetitive argument. (*See* Dkt. 22567)

with ERS…the causal chain to the injuries claimed by the ERS Beneficiaries is quite indirect and, by definition, starts with injuries inflicted on ERS, not its beneficiaries." (Op. at 11)

- ***The Plan provides that the Avoidance Actions Trustee alone can pursue ERS' claims against UBS.*** The Plan provides that the Avoidance Actions Trustee exclusively may pursue ERS' claims against UBS on behalf of the Avoidance Actions Trust for the benefit of creditors other than the ERS Beneficiaries. (Op. at 13)

2. After concluding that every claim brought by the ERS Beneficiaries in the Commonwealth Court was derivative, the Court stated that "[c]ontinued parallel litigation of derivative claims by the ERS Beneficiaries will infringe on the Avoidance Actions Trustee's ability to exercise litigation control and resolve the Underwriter Action." (Op. at 14) The Court therefore enjoined the ERS Beneficiaries from "prosecut[ing] claims against UBS based on its business dealings with ERS." (Op. at 14)

3. In asking the Court to reconsider its ruling, the ERS Beneficiaries do not identify any valid bases for reconsideration. They point to no manifest error of law and do not submit any newly discovered evidence. Their sole "new" argument – that enjoining the Commonwealth Action is a "judicial taking" – has been waived because it was not timely raised. That argument is also baseless because the Court has determined that claims asserted in the Commonwealth Action are derivative claims that belong to the ERS.

4. Accordingly, as more fully explained below, the Motion should be denied.

## ARGUMENT

**I.    MOTIONS FOR RECONSIDERATION ARE AN EXTRAORDINARY REMEDY.**

5. "Rule 59(e) motions should be granted sparingly because parties should not be free to relitigate issues a court has already decided." *Encanto Rests., Inc. v. Vidal (In re Cousins Int'l Food Corp.),* 553 B.R. 197, 201 (Bankr. D.P.R. 2016), *aff'd in part, appeal dismissed in part sub nom. Cousins Int'l Food Corp. v. Vidal,* 565 B.R. 450 (B.A.P. 1st Cir. 2017); *see also In*

*re FOMB,* 427 F. Supp. 3d 260, 263 (D.P.R. 2019) (a motion for reconsideration "is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources"). To succeed, "[t]he movant must either clearly establish a manifest error of law or fact or must present newly discovered evidence that could not have been discovered during the case." *Guzmán v. Rentas (In re Nieves Guzmán)*, 567 B.R. 854, 863 (1st Cir. B.A.P. 2017) (citing *Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez)*, 471 B.R. 752, 760 (1st Cir. B.A.P. 2012)); *see also Albarran v. Rivera (In re Rivera)*, 627 B.R. 765, 775 (1st Cir. 2021) ("A manifest error of law is [a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

6. As a general matter, "it is very difficult to prevail on a Rule 59(e) motion." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, 427 F. Supp. 3d 260, 263 (D.P.R. 2019) (recognizing that a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment" (quoting *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015))), reconsideration denied, 612 B.R. 821 (D.P.R. 2019).

## II. THE ERS BENEFICIARIES HAVE MERELY RECYCLED THEIR PRIOR ARGUMENTS.

7. The ERS Beneficiaries spend the majority of the Motion rearguing that Article 1802, Puerto Rico's general tort statute, provides a pathway for them to assert non-derivative tort

claims against UBS in the Commonwealth Court. (Mot. at 4-7) This is not merely a recycled argument; it is **word-for-word** the same argument submitted in their second sur-reply. (*See* Exhibit A, comparing Motion for Leave to File Memorandum of Law in Support of ERS Individual Plaintiff's Opposition to UBS' Motion to Enforce the Plan of Adjustment (Dkt. 22500) (the "Memorandum") with the Motion). The Court rejected the proposed second sur-reply because "the subject of the second sur-reply—providing legal support for the existence of an independent claim that would entitle the ERS Beneficiaries to compensation for damages— **has been thoroughly addressed in prior briefing**." (Dkt. 22567) (emphasis added). Indeed, the ERS Beneficiaries had already briefed at length their argument that the tort claims differed from the claims asserted by the Avoidance Actions Trustee. (Dkt. 22199 (Opposition) ¶¶ 23, 25-26; Dkt. 22294 (Sur-Reply) ¶¶ 3-7)

8. The Court also squarely addressed this point in the Opinion. The Court held that Article 1802 does not provide an independent non-derivative tort claim on the harm alleged in the FAC because, "on its face, [the harm] derived from contractual relations between UBS and ERS that allegedly resulted in harm to ERS. Any purported injury sustained by the ERS Beneficiaries was a secondary harm." (Op. at 9) The Opinion correctly characterizes the ERS Beneficiaries' tort claim as a "generalized injury" arising from the anticipated diminution of retirement benefits *from the ERS*, and relating solely to the alleged harm that UBS caused to the ERS' financial condition. (Op. at 8) The Court held that in bankruptcy proceedings, this type of generalized injury is properly asserted by the trustee, and the creditors are bound by that outcome. *Id.* (*citing St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701 (2d Cir. 1989)).

9. The ERS Beneficiaries have not shown that this conclusion by the Court was a manifest error of law. Indeed, the Motion ***does not discuss the Opinion's reasoning at all***. Nor does the Motion mention the standard for reconsideration. Instead, the ERS Beneficiaries present their prior arguments for yet another time without giving the Court any reason for hearing these same arguments again.

10. This rehash of rejected arguments falls far short of the exacting requirements for reconsideration. Accordingly, the Motion should be denied.

### III. THE JUDICIAL TAKINGS ARGUMENT HAS BEEN WAIVED AND IS WITHOUT MERIT.

11. As stated above, a motion for reconsideration is not an opportunity for the movant to raise new arguments that could have been raised before judgment was entered. Here, the ERS Beneficiaries raise a "takings" argument for the first time without even proffering an excuse for why this argument was not raised previously. Because this argument could have, and should have, been raised in the prior briefing, it should be rejected as a ground for reconsideration. *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 427 F. Supp. 3d at 263 (a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment") (quoting *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015)).

12. This new argument is also deeply flawed. *First*, "an adjudication of disputed and competing claims cannot be a taking." *In re Lazy Days' RV Center Inc.*, 724 F.3d 418, 425 (3d Cir. 2013) (finding that "[t]he Bankruptcy Court did not take any of [appellee]'s established property rights, but rather adjudicated the parties' bona fide dispute regarding their rights under the Settlement Agreement"). Here, the Court adjudicated competing claims over litigation

rights, determined that those claims were property of the estate and held that they were assigned to the Avoidance Actions Trustee. Resolving that dispute in favor of the litigation trustee was not a taking.

13. *Second*, no property rights were taken from the ERS Beneficiaries because, as determined in the Opinion, the ERS Beneficiaries do not have any personal causes of action. The only causes of action that the ERS Beneficiaries asserted were derivative claims brought on behalf of the ERS.

14. *Third*, a judicial order enjoining the ERS Beneficiaries from litigating the claims in the Commonwealth Action does not fit the standard for a takings case. To determine whether an act violates the Takings Clause, "courts consider three factors: '(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation interferes with the claimant's reasonable investment-backed expectations; and (3) the character of the governmental action.'" *In re Fin. Oversight & Mgmnt. Bd. For P.R.*, 637 B.R. 223, 298 (D.P.R. Jan. 18, 2022) (citation omitted). None of these factors is satisfied here.

15. On the first factor, there is no economic impact on the ERS Beneficiaries because they have been separately guaranteed their anticipated retirement benefits under the Plan. As a result, the ERS Beneficiaries no longer look to the ERS for the funding of their benefits. In the Commonwealth Action the ERS Beneficiaries seek monetary relief to restore the financial condition of the ERS – that relief no longer serves their interests. Enjoining that litigation has no significant economic impact on the ERS Beneficiaries.

16. As to the second factor, the ERS Beneficiaries should not have expected to have claims against UBS once they exchanged their rights to distributions from the ERS' assets for guaranteed benefits from a separate source.

17. Finally, regarding the character of the government action, those actions benefited the ERS Beneficiaries and the public. In approving the Plan, the Court explained that "the restructuring of the relationships between the Commonwealth and its creditors under the powers established by PROMESA is a prime example of a 'public program adjusting the benefits and burdens of economic life to promote the common good.'" *In re Fin. Oversight & Mgmnt. Bd. For P.R.*, 637 B.R. at 300. As part of that Plan, the ERS Beneficiaries relinquished rights to the assets of the ERS in exchange for guaranteed payments from another source. This fairly bargained-for exchange made with the approval of the Court cannot be characterized as a taking.

## CONCLUSION

For all of the foregoing reasons, UBS respectfully requests that the Court deny the Motion.

Respectfully Submitted:

In San Juan, Puerto Rico, this 28th day of December, 2022.

| | |
|---|---|
| OF COUNSEL: | McCONNELL VALDÉS LLC |
| | 270 Muñoz Rivera Ave. |
| SKADDEN, ARPS, SLATE, MEAGHER | Hato Rey, Puerto Rico 00918 |
|   & FLOM LLP | Tel.: (787) 250-2631 |
| Paul J. Lockwood (*admitted pro hac vice*) | Fax: (787) 759-9225 |
| One Rodney Square | |
| P.O. Box 636 | By: */s/ Roberto C. Quiñones-Rivera* |
| Wilmington, Delaware 19899 |     Roberto C. Quiñones-Rivera, Esq. |
| Tel.: (302) 651-3000 |     USDC-PR Bar No. 211512 |
| Fax: (302) 651-3001 |     rcq@mcvpr.com |
| | |
| | *Counsel for UBS Financial Services* |
| | *Incorporated of Puerto Rico* |

# EXHIBIT A

| **MEMORANDUM OF LAW IN SUPPORT OF THE ERS BENEFICIARIES' OPPOSITION TO UBS'S MOTION TO ENFORCE THE PLAN OF ADJUSTMENT** | **ERS BENEFICIARIES' MOTION FOR RECONSIDERATION UNDER BANKRUPTCY RULE 9023** |
|---|---|
| The ERS Individual Plaintiff's Commonwealth Action is based on Article 1802 of the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31, § 5141. In Puerto Rico, said article serves as the legal basis to determine if the actor of certain conduct that causes damages is responsible for extra-contractual civil liability. It establishes that: "A person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. It further provides that "[c]oncurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." Id.

(Memorandum ¶ 1) | The ERS Individual Plaintiff's Commonwealth Action is based on Article 1802 of the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31, § 5141. In Puerto Rico, said article serves as the legal basis to determine if the actor of certain conduct that causes damages is responsible for extra-contractual civil liability. It establishes that: "A person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. It further provides that "[c]oncurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." Id.

(Motion at 4) |
| To that end, the Supreme Court of Puerto Rico has held that for a cause of action to prosper under Art. 1802, supra, three elements must be present, namely: (1) a culpable or negligent act or omission; (2) causal relationship between the culpable or negligent act or omission and the damage being claimed, and (3) an actual damage. *Nieves Diaz v. González Massas*, 178 DPR 820, 843 (2010); *López v. Porrata Doria*, 169 DPR 135, 150 (2006). No contractual relationship between plaintiffs and defendants is required for a valid cause of action to exist under Article 1802.

(Memorandum ¶ 2) | To that end, the Supreme Court of Puerto Rico has held that for a cause of action to prosper under Art. 1802, supra, three elements must be present, namely: (1) a culpable or negligent act or omission; (2) causal relationship between the culpable or negligent act or omission and the damage being claimed, and (3) an actual damage. *Nieves Diaz v. González Massas*, 178 DPR 820, 843 (2010); *López v. Porrata Doria*, 169 DPR 135, 150 (2006). No contractual relationship between plaintiffs and defendants is required for a valid cause of action to exist under Article 1802.

(Motion at 4) |
| As for the first element, the Supreme Court of Puerto Rico has established that "the concept of fault…is as infinitely broad as the conduct of human beings and includes any fault of a person that produces harm or damages." | As for the first element, the Supreme Court of Puerto Rico has established that "the concept of fault…is as infinitely broad as the conduct of human beings and includes any fault of a person that produces harm or damages." |

| | |
|---|---|
| *Lopez v. Porrata Doria*, supra, p. 150. Likewise, the Supreme Court of Puerto Rico has held that the concepts of fault and negligence are equivalent to non-compliance with the duty of care. Which in turn concerns, in essence, not anticipating or foreseeing the likely consequences of acts, which would have been foreseen by a prudent and reasonable person. *Nieves Diaz v. González Massas*, *supra*, p. 844; *Lopez v. Porrata Doria*, *supra*, p. 151; *Valle v. E.L.A.*, 157 DPR 1, 18 (2002); *Ramos vs. Carlo*, 85 DPR 353, 358 (1962). The foregoing does not require precisely imagining the universality of consequences that may arise from a certain conduct. *Pons v. Engebretson*, 160 DPR 347, 355 (2003). "The essential thing is that there is a duty to foresee, in a general way, the consequences of a certain class." *Id.* For such purposes, the Supreme Court of Puerto Rico has resorted to the figure of the good father of the family, or the prudent and reasonable person, for purposes of determining how a person of normal or ordinary diligence should act, by virtue of particular circumstances. *Nieves Diaz v. González Massas*, *supra*, p. 844; *Lopez v. Porrata Doria*, *supra*, pp. 150-151. Therefore, if the damage caused was foreseeable, there will be liability; if it was not, it will be considered a fortuitous event. *Pons v. Engebretson*, *supra*. The Supreme Court of Puerto Rico has also indicated that the duty of care and to foresee possible damages does not extend to any imaginable danger that could cause damage, but rather must be based on probabilities, not mere possibilities. *Lopez v. Porrata Doria*, *supra*, pp. 164-165.<br><br>(Memorandum ¶ 3) | *Lopez v. Porrata Doria*, supra, p. 150. Likewise, the Supreme Court of Puerto Rico has held that the concepts of fault and negligence are equivalent to non-compliance with the duty of care. Which in turn concerns, in essence, not anticipating or foreseeing the likely consequences of acts, which would have been foreseen by a prudent and reasonable person. *Nieves Diaz v. González Massas*, *supra*, p. 844; *Lopez v. Porrata Doria*, *supra*, p. 151; *Valle v. E.L.A.*, 157 DPR 1, 18 (2002); *Ramos vs. Carlo*, 85 DPR 353, 358 (1962). The foregoing does not require precisely imagining the universality of consequences that may arise from a certain conduct. *Pons v. Engebretson*, 160 DPR 347, 355 (2003). "The essential thing is that there is a duty to foresee, in a general way, the consequences of a certain class." *Id.* For such purposes, the Supreme Court of Puerto Rico has resorted to the figure of the good father of the family, or the prudent and reasonable person, for purposes of determining how a person of normal or ordinary diligence should act, by virtue of particular circumstances. *Nieves Diaz v. González Massas*, *supra*, p. 844; *Lopez v. Porrata Doria*, *supra*, pp. 150-151. Therefore, if the damage caused was foreseeable, there will be liability; if it was not, it will be considered a fortuitous event. *Pons v. Engebretson*, *supra*. The Supreme Court of Puerto Rico has also indicated that the duty of care and to foresee possible damages does not extend to any imaginable danger that could cause damage, but rather must be based on probabilities, not mere possibilities. *Lopez v. Porrata Doria*, *supra*, pp. 164-165.<br><br>(Motion at 4-5) |
| On the other hand, the second element requires that there be a causal link between the damage caused and the culpable or negligent act or omission, that is, adequate | On the other hand, the second element requires that there be a causal link between the damage caused and the culpable or negligent act or omission, that is, adequate cause. The theory of adequate cause provides |

2

| | |
|---|---|
| cause. The theory of adequate cause provides that "not every condition without which the result would not have been produced is a cause, but the one that ordinarily produces it according to general experience." *Colon Santos v. Coop. Sec. Mult. PR*, 173 DPR 170, 186 (2008). That is, "damage may be considered the probable and natural result of a negligent act or omission if after the event, in retrospect, the damage appears to be the reasonable and common consequence of the act or omission." *Pons v. Engebretson*, *supra*, pp. 355-356; *Hernández Vélez v. Televicentro*, 168 DPR 803, 815 (2006). To that effect, the Supreme Court of Puerto Rico has held that "[t]he doctrine of adequate causality requires indices or criteria based on experience and knowledge of causes and effects to give it content." *Lopez v. Porrata Doria*, *supra*, pp. 166-67.<br><br>(Memorandum ¶ 4) | that "not every condition without which the result would not havebeen produced is a cause, but the one that ordinarily produces it according to general experience." *Colon Santos v. Coop. Sec. Mult. PR*, 173 DPR 170, 186 (2008). That is, "damage may be considered the probable and natural result of a negligent act or omission if after the event, in retrospect, the damage appears to be the reasonable and common consequence of the act or omission." *Pons v. Engebretson*, *supra*, pp. 355-356; *Hernández Vélez v. Televicentro*, 168 DPR 803, 815 (2006). To that effect, the Supreme Court of Puerto Rico has held that "[t]he doctrine of adequate causality requires indices or criteria based on experience and knowledge of causes and effects to give it content." *Lopez v. Porrata Doria*, *supra*, pp. 166-67.<br><br>(Motion at 5-6) |
| Lastly, for a cause of action under Article 1802, supra, to prosper in our legal system, it is necessary that a damage actually occurs. This, for non-contractual purposes, refers to "any material or moral impairment caused in contravention of a legal norm, suffered by one person and for which another has to respond." J. Puig Brutau, *Fundamentals of Civil Law*, Barcelona, Ed. Bosch, 1983, T. 2, Vol. 3, p. 92. *See also Sagardía De Jesús v. Hospital Aux. Mutuo*, 177 DPR 484, 505 (2009). In the absence of a damage, there is no obligation to indemnify. *Lopez v. Porrata Doria*, *supra*, p. 151.<br><br>(Memorandum ¶ 5) | Lastly, for a cause of action under Article 1802, supra, to prosper in our legal system, it is necessary that a damage occurs. This, for non-contractual purposes, refers to "any material or moral impairment caused in contravention of a legal norm, suffered by one person and for which another has to respond." J. Puig Brutau, *Fundamentals of Civil Law*, Barcelona, Ed. Bosch, 1983, T. 2, Vol. 3, p. 92. *See also Sagardía De Jesús v. Hospital Aux. Mutuo*, 177 DPR 484, 505 (2009). In the absence of a damage, there is no obligation to indemnify. *Lopez v. Porrata Doria*, *supra*, p. 151.<br><br>(Motion at 6) |
| UBS, in its capacity as financial consultant and investment adviser, had the obligation and fiduciary duty to alert the members of the System's Board of Trustees about the risks inherent in the issuance and proposed use of the proceeds of the 2008 POB's. By failing to | UBS, in its capacity as financial consultant and investment adviser, had the obligation and fiduciary duty to alert the members of the System's Board of Trustees about the risks inherent in the issuance and proposed use of the proceeds of the 2008 POB's. By failing to |

3

| | |
|---|---|
| do so, UBS breached that duty. Said conduct not only harmed the ERS itself, but directly inflicted foreseeable damages upon the ERS beneficiaries. Such damages consist inter alia of the ERS Individual Plaintiffs losing part of their pensions, higher age criteria to qualify for pensions, loss of their marginal benefit to take loans originated by the ERS, as well as mental anguish and suffering.<br><br>(Memorandum ¶ 6) | do so, UBS breached that duty. Said conduct not only harmed the ERS itself, but inflicted foreseeable damages upon the ERS beneficiaries for which they have not been compensated. Such damages consist inter alia of the ERS Individual Plaintiffs losing part of their pensions, including cost of living adjustments, higher age criteria to qualify for pensions, loss of their marginal benefit to take loans originated by the ERS, as well as mental anguish and suffering.<br><br>(Motion at 6) |
| If as UBS claims, the individual Plaintiffs cannot prove their damages and the causal relationship between those damages and UBS's errors, omissions, fault or negligence, that is something for the Commonwealth Court to decide after the Individual Plaintiffs have had their day in court. In other words, UBS cannot shield itself from liability towards the Plaintiffs by simply arguing that it has to defend itself in another case, against other parties, and in another jurisdiction.<br><br>(Memorandum ¶ 7) | If as UBS claims, the individual Plaintiffs cannot prove the damages suffered by them and the causal relationship between those damages and UBS's errors, omissions, fault, or negligence, that is something for the Commonwealth Court to decide after the Individual Plaintiffs have had their day in court. In other words, UBS cannot shield itself from liability towards the individual Plaintiffs by simply arguing that it must defend itself in another case, against other parties, and in another jurisdiction, in which the damages are claimed by another party.<br><br>(Motion at 6) |
| Lastly, it cannot be ignored, that on August 30, 2013, the Commonwealth Court of Appeals, at *Pedro José Nazario v. UBS*, KLAN201300738, ruled that the ERS Individual Plaintiffs have legal standing to prosecute the Commonwealth Action pro se, because they are the beneficiaries of the ERS. While doing so, the Court of Appeals referred to the ERS Individual Plaintiffs as the "people of flesh and bones who directly hold the right they claim".<br><br>(Memorandum ¶ 8) | Lastly, it cannot be ignored, that on August 30, 2013, the Commonwealth Court of Appeals, at *Pedro José Nazario v. UBS*, KLAN201300738, ruled that the ERS Individual Plaintiffs have legal standing to prosecute the Commonwealth Action pro se.<br><br>While doing so, the Court of Appeals referred to the ERS Individual Plaintiffs as the "people of flesh and bones who directly hold the right they claim."<br><br>(Motion at 7) |

4