### UNITED STATES DISTRICT COURT
### DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 22578**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtors.<br><br>BONISTAS DEL PATIO, INC.,<br><br>Movants,<br><br>-against- | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

> THE FINANCIAL OVERSIGHT AND
> MANAGEMENT BOARD FOR PUERTO RICO,
>
> as representative of
>
> THE COMMONWEALTH OF PUERTO RICO, *et al.*,
>
> Respondent.

## STATEMENT OF THE
## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REGARDING THE MOTION OF BONISTAS DEL PATIO FOR PAYMENT OF CERTAIN PROFESSIONAL FEES AND EXPENSES BY THE COMMONWEALTH

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this statement regarding the *Motion of Bonistas del Patio for Payment of Certain Professional Fees and Expenses by the Commonwealth* [Case No. 17-3283, ECF No. 22578][3] (the "Motion") in accordance with the *Order Concerning Supplementation of Motion of Bonistas del Patio for Payment of Certain Professional Fees and Expenses by the Commonwealth* [ECF No. 23070]. The Oversight Board states as follows:

### Statement

1. On October 11, 2022, Bonistas del Patio, Inc. (the "Bonistas") filed the Motion requesting payment of fees and expenses (collectively, the "Expenses") by the Commonwealth (i)

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-3283.

2

pursuant to Section 15.2 of the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Case No. 17-3284, ECF No. 436] (the "COFINA Plan"), confirmed on February 4, 2019 [Case No. 17-3284, ECF No. 559], and (ii) as administrative expenses allowable in the Title III case of the Commonwealth (the "Commonwealth Title III Case") pursuant to 11 U.S.C. § 503(b)(4) ("Section 503(b)(4)"), made applicable to these Title III cases by Section 301 of PROMESA. In support therefor, the Bonistas claim that it provided a substantial contribution to the restructuring and ultimate confirmation and consummation of the COFINA Plan and that its retained legal and financial advisors should be compensated for the services they provided to the Bonistas in the amounts of $2,000,000.00 and $5,000,000.00, respectively. Furthermore, the Bonistas claim that it was "understood" by all that such expenses would be paid (not reimbursed) by the Commonwealth.

2. On December 14, 2022, the Court held a hearing (the "Omnibus Hearing") to consider the Motion and expressed its concerns about the applicability of Section 503(b)(4) and the appropriateness of the relief being requested. At the conclusion of the hearing, the Court requested the Oversight Board, as the sole representative of COFINA and the Commonwealth in their respective Title III cases in accordance with Section 315(b) of PROMESA, to provide its perspective on the Motion and the relief being requested. As set forth below, the Oversight Board does not believe that either the Commonwealth or COFINA had, or has, an obligation with respect to the Bonistas or to satisfy any obligation, if one existed, of the Bonistas to either its legal or financial advisors. Likewise, the Oversight Board asserts that the rigid requirements of Section 503(b)(4), to the extent even applicable, have not been met.

*Section 15.2 of the COFINA Plan*

3. Despite statements made in the Motion, neither the Commonwealth nor COFINA incurred any obligation to the Bonistas or its advisors, and payment of the Expenses by the Commonwealth is not required pursuant to Section 15.2 of the COFINA Plan. Specifically, Section 15.2 of the COFINA Plan provides:

> **Commonwealth/COFINA Expenses:** Notwithstanding anything contained in the Plan to the contrary all expenses, including Allowed Administrative Expense Claims and Allowed Professional Claims, ***incurred by the Commonwealth or COFINA, as the case may be,*** in connection with the development, negotiation, confirmation and consummation of the Plan and the compromise and settlement of the Commonwealth-COFINA Dispute shall be paid to the extent available from the funds distributable to the Commonwealth in accordance with the provisions of Sections 2.1 and 15.1 hereof and otherwise by the Commonwealth.

COFINA Plan § 15.2 (emphasis added). Simply stated, while it is unclear whether the Bonistas actually committed to paying the Expenses, if so, the Expenses were incurred by the Bonistas, and not the Commonwealth or COFINA. As such, Section 15.2 of the COFINA Plan is inapplicable. Additionally, if the Bonistas injected itself into the restructuring process at the suggestion of the Mediation Team appointed by the Court, there was no application by the Mediation Team or order of the Court authorizing such retention and establishing a prerequisite for payment.

4. Although the Bonistas assert the Oversight Board "knowingly caused the incurrence of the [Expenses] by soliciting the assistance and support of [the Bonistas]," Motion ¶ 21, as the Court pointed out at the Omnibus Hearing, there is no written undertaking by any Commonwealth entity, or an understanding between the Bonistas and the Oversight Board, to pay the Expenses. December 14, 2022 Hr'g Tr. 43:1-43:6.[4]

---

[4] The Motion also seeks to circumvent the Debtor's and Oversight Board's sole discretion to employ professionals pursuant to PROMESA Section 316 by suggesting that an employment relationship may be inferred. *See*

4

*Section 503(b)(4) of the Bankruptcy Code*

5. The Motion and the request for payment is inconsistent with the provisions of Section 503(b)(4), which provides for the payment of "reasonable compensation for professional services rendered by an ***attorney*** or an ***accountant*** of an entity" in connection with the "the actual, necessary expenses … ***incurred by … a creditor***, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title." 11 U.S.C. § 503(b)(3), (4) (emphasis added).

6. Only creditors may seek reimbursement of expenses pursuant to Bankruptcy Code section 503(b)(4).[5] The Bonistas is not a creditor of the Commonwealth, as the Court noted at the Omnibus Hearing (December 14, 2022 Hr'g Tr. 39:9-39:14). Further, Section 503(b)(4) limits compensation to professional services rendered by "an attorney or an accountant of any entity." 11 U.S.C. § 503(b)(4). Here, more than two-thirds of the relief being requested is with respect to a financial advisor, an entity expressly outside the four corners of the statute. Accordingly, as a threshold matter, such Expenses are not eligible for payment pursuant to Section 503(b)(4).

7. Importantly, the Motion appears to seek payment of the Expenses directly to the professionals, rather than reimbursement of the Bonistas for payment of the Expenses,[6] making it

---

PROMESA § 316 (". . . the court may award to a professional person employed by the debtor (***in the debtor's sole discretion***), the Oversight Board (***in the Oversight Board's sole discretion***) . . . reasonably compensation for actual, necessary services rendered by the professional person, or attorney . . . [and] reimbursement for actual, necessary expenses.").

[5] *In re Glickman, Berkowitz, Levinson & Weiner, P.C.*, 196 B.R. 291, 295 n.3 (Bankr. E.D. Pa. 1996) ("Only creditors . . . may apply for reimbursement of expenses." (citing *In re St. Mary Hospital*, 97 Bankr. 199 (Bankr. E.D.Pa. 1987), *aff'd*, 120 Bankr. 25 (E.D.Pa. 1991), *aff'd sub nom*, Norris Square Civic Assocs. v. St. Mary Hospital, 931 F.2d 51 (3d Cir. 1991); *Lebron v. Mechem Fin., Inc.*, 27 F.3d at 943.)).

[6] *See* Motion ¶ 15 ("On January 22, 2019 and February 7, 2019, [Ducera Partners LLC] and [Davis Polk & Wardwell LLP] invoiced AAFAF for the Bonistas Expenses in the amounts of $5 million and $2 million, respectively."); ¶ 18 ("Bonistas del Patio has not paid, and does not have any resources to pay, the Bonistas Expenses. . . . [N]o

5

apparent that Bonistas never was obligated to satisfy the Expenses and that the legal and financial advisors took on the assignment on a contingency basis, with the hope that either COFINA or the Commonwealth would satisfy the request. Section 503(b)(4) is designed to reimburse a "creditor" for its expenses incurred in providing a substantial contribution. If such expenses are not actually incurred, there is no basis for the application in the first instance.

8. But, even if the Bonistas were able to overcome the foregoing threshold issues, it has not established that it made a "substantial contribution" to the Commonwealth Title III Case, or even the COFINA Title III Case, within the meaning of Section 503(b)(4). For the Expenses to be paid pursuant to Section 503(b)(4), the Bonistas must (i) identify its efforts that benefited the Commonwealth Title III Case, and (ii) establish that the Expenses are specifically tied to such efforts.[7] As the Court pointed out at the Omnibus Hearing, the *Declaration of Brian M. Resnick Regarding Payment of the Bonistas Expenses*, attached as Exhibit B to the Motion (the "Resnick Declaration"), is only a high-level description of the work performed. December 14, 2022 Hr'g Tr. 47:22-48:43. The Resnick Declaration does not contain sufficient information to identify item (i), or establish item (ii) described above for the Expenses attributable to either Davis Polk & Wardwell LLP or Ducera Partners LLC.[8] For the Bonistas to establish that it provided a substantial

---

portion of the Bonistas Expenses are to be paid to Bonistas del Patio; the entire amount is to be paid directly to the Professionals.").

[7] *See e.g., In re Deval Corp.*, 592 B.R. 587, 601–02 (Bankr. E.D. Pa. 2018), *aff'd sub nom. In re DeVal Corp.*, 601 B.R. 725 (E.D. Pa. 2019) ("Only those fees and expenses incurred performing activities related to the substantial contribution, however, are entitled to receive administrative expense status … Applicants may not recover fees and expenses for activities unrelated to the substantial contribution or designed primarily to protect their own interests, such as filing a proof of claim, staying informed about the case generally, preparing requests for notice, or reviewing pleadings.")(internal citations omitted); *In re Essential Therapeutics, Inc.*, 308 B.R. 170, 175–76 (Bankr. D. Del. 2004) (same).

[8] If the Court determines that it is necessary to decide whether the Bonistas provided a "substantial contribution" to the Commonwealth, the Oversight Board should be allowed to take appropriate discovery in connection with the asserted work performed and benefit provided to the Commonwealth.

contribution to the Commonwealth or COFINA Title III cases, it needs to show more than its active participation in the Title III cases.[9] While the Bonistas point to, among other things, its assistance in the negotiation and finalization of the COFINA Plan, related materials, and other definitive documents, this is insufficient to establish a substantial contribution.[10]

9. The Bonistas also could have sought, early in COFINA's Title III case, official recognition pursuant to section 1103 of the Bankruptcy Code as a committee representing the interests of on-island bondholders with fiduciary and other duties to such bondholders, and the right to seek compensation for its professionals pursuant to PROMESA Section 316. The Bonistas did not avail themselves of seeking such relief—opting instead to forego the fiduciary obligations of an official committee while seeking reimbursement of the Expenses long after the COFINA Plan was consummated.

10. Finally, in connection with mediation of the Commonwealth-COFINA Dispute (as defined in the COFINA Plan), the Mediation Team could have retained the Bonistas if it would have been helpful to facilitate the mediation process with respect to on-island retail holders. That never occurred.

---

[9] *In re Summit Metals, Inc.*, 379 B.R. 40, 53 (Bankr. D. Del. 2007), *aff'd*, 406 F. App'x 634 (3d Cir. 2011) ("[E]xtensive participation in a case, without more, is insufficient to compel compensation.") (quoting *In re Gurley*, 235 B.R. 626, 636 (Bankr. W.D. Tenn. 1999)).

[10] *See e.g., Matter of Columbia Gas Sys., Inc.*, 224 B.R. 540, 549 (Bankr. D. Del. 1998), *aff'd sub nom. In re Columbia Gas Sys.*, No. 91-803, 2000 WL 1456298 (D. Del. Sept. 20, 2000) (noting, among other reasons for denying reimbursement based on substantial contribution, that a settlement required the participation of many parties in interest); *In re Worldwide Direct, Inc.*, 334 B.R. 112, 125 (Bankr.D.Del.2005) (noting, among other reasons for denying reimbursement based on substantial contribution, that there was "no evidence what amount was due solely (or even primarily) to [the applicant's] efforts .... [and the applicant] acknowledges that it was one of many parties participating in the negotiations"); *In re Summit Metals, Inc.*, 379 B.R. 40, 53 (Bankr. D. Del. 2007), *aff'd*, 406 F. App'x 634 (3d Cir. 2011) (noting, among other reasons for denying reimbursement based on substantial contribution, that the success of certain proceedings resulted from the participation of many).

11. As set forth above, Bonistas has not established that the Expenses are entitled to payment pursuant to either Section 15.2 of the COFINA Plan or Section 503(b)(4). Accordingly, the Motion should be denied in its entirety.

[*Remainder of Page Left Intentionally Blank*]

**WHEREFORE** the Oversight Board respectfully requests the Court deny the Motion.

Dated: December 28, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth and COFINA*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth and COFINA*