# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 23074 |
| MARIA A. CLEMENTE ROSA,<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | PROMESA<br><br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

## OBJECTION OF THE DEBTORS TO
## MOTION TO PRESENT INFORMATION AND
## FOR RELIEF FROM STAY FILED BY MARIA A. CLEMENTE ROSA

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 2

    A.    The Commonwealth's and ERS's Title III Cases .......................................... 2

    B.    Movant's Other Motions Seeking Payment of Claims .................................. 4

OBJECTION .................................................................................................................................. 6

    A.    Movant Fails to Show Cause for Relief under the Sonnax Factors ............................ 6

CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*,
  217 F. Supp. 3d 508 (D.P.R. 2016) ...................................................................................... 7, 10

*C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*,
  369 B.R. 87 (D.P.R. 2007) ........................................................................................................ 7

*Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin.
  Oversight & Mgmt. Bd.)*,
  899 F.3d 13 (1st Cir. 2018) ....................................................................................................... 7

*Goya Foods v. Unanue-Casal (In re Unanue-Casal)*,
  159 B.R. 90 (D.P.R. 1993),
  *aff'd without opinion sub nom. Unanue v. Unanue-Casal (In re Unanue-
  Casal)*, 23 F.3d 395 (1st Cir. 1994) ...................................................................................... 6, 7

*Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*,
  2006 U.S. Dist. LEXIS 55284 (S.D.N.Y. Aug 4, 2006) .......................................................... 10

*In re 234-6 West 22nd St. Corp.*,
  214 B.R. 751 (Bankr. S.D.N.Y. 1997) ..................................................................................... 6

*In re Breitburn Energy Partners LP*,
  2017 WL 1379363 (Bankr. S.D.N.Y. Apr. 14, 2017) .............................................................. 8

*In re Breitburn Energy Partners LP*,
  571 B.R. 59 (Bankr. S.D.N.Y. 2017) ....................................................................................... 6

*In re City of Stockton*,
  484 B.R. 372 (Bankr. E.D. Cal. 2012) ................................................................................... 11

*In re Cummings*,
  221 B.R. 814 (Bankr. N.D. Ala. 1998) .................................................................................... 8

*In re Fucilo*,
  2002 WL 1008935 (Bankr. S.D.N.Y. Jan. 24, 2002) ................................................................ 1

*In re Motors Liquidation Co.*,
  2010 WL 4630327 (S.D.N.Y. Nov. 8, 2010) ......................................................................... 10

*In re Murrin*,
  477 B.R. 99 (D. Minn. 2012) .................................................................................................... 8

*In re Residential Capital, LLC*,
  2012 WL 3860586 (Bankr. S.D.N.Y. Aug. 8, 2012) ........................................................... 9-10

*In re SquareTwo Fin. Servs. Corp.*,
  2017 WL 4012818 (Bankr. S.D.N.Y. Sept. 11, 2017) ............................................................. 1

*In re Taub*,
  413 B.R. 55 (Bankr. E.D.N.Y. 2009) ...................................................................................... 8

*In re WorldCom, Inc.*,
  2007 WL 841948 (Bankr. S.D.N.Y. Mar. 12, 2007) ............................................................... 1

*Peaje Invs. LLC v. Garcia-Padilla*,
  2016 U.S. Dist. LEXIS 153711 (D.P.R. Nov. 2, 2016),
  *aff'd*, 845 F.3d 505 (1st Cir. 2017) ....................................................................................... 7

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*,
  907 F.2d 1280 (2d Cir. 1990) ............................................................................................ 6, 7

*Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prod., Inc.)*,
  311 B.R. 551 (Bankr. C.D. Cal. 2004) .................................................................................10

**STATUTES**

48 U.S.C. §§ 2101–2241 ..................................................................................................................1

11 U.S.C. § 362 ...............................................................................................................................1

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this objection (the "Objection") to the *Motion to Present Information and for Relief from Stay* [ECF No. 23074] (the "Motion") filed by María A. Clemente Rosa ("Movant"). In support of this Objection, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.  Through the Motion, Movant appears to request relief from the automatic stay[3] pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") to allow payment in full of her asserted claims against the Commonwealth. Motion ¶¶ 8, 11-12. Movant has already filed two motions before this Court seeking to circumvent the claims resolution process in these Title III cases and receive immediate payment of her asserted claims in full. The Commonwealth opposed the motions because Movant provided no justification for her request that her claims be immediately paid, in full. To date, each of these motions remain pending.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Pursuant to section 362(c)(2)(C) of the Bankruptcy Code, Section 92.25 of the Commonwealth Plan, and decretal paragraph 66 of the Confirmation Order, the automatic stay was replaced by the discharge injunction upon the occurrence of the effective date of the Commonwealth Plan. *See Memorandum Order Concerning Inquiry Motion of Juan Manuel Cruzado-Laureano* at 9-15 [ECF No. 22349].

To the extent the Court interprets the Motion to seek relief from the discharge injunction, some courts have considered such relief under the *Sonnax* factors discussed below. *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007).

1

Additionally, two of Movant's asserted claims have been disallowed. [ECF No. 12657 (disallowing Proofs of Claim Nos. 139834 & 150849)].

2. Movant's latest attempt to circumvent the claims resolution process is equally unavailing, because she has failed to establish cause exists under the *Sonnax* factors for the extraordinary remedy of relief from the discharge injunction. Movant asserts that the Commonwealth's post-effective date implementation and payment of benefits in July 2022 in connection with the Ley de Carrera Magisterial (the "Teaching Career Law"), and her acceptance of a purported settlement offer entitle her to immediate payment of her asserted prepetition claims in full. Motion ¶¶ 8, 11-12. But, the Commonwealth's payments under a benefit program following emergence from Title III has no bearing on the treatment of Movant's prepetition claims pursuant to the Commonwealth's plan of adjustment. Further, no settlement offer has been extended to Movant. Rather, Movant appears to have marked and sent in a copy of the proposed form of notice filed in connection with the Commonwealth's Amended ADR Procedures [ECF No. 23009].[4] Accordingly, the Motion again presents no basis for immediate resolution and payment of Movant's claim, and should be denied in its entirety.

## BACKGROUND

### A. *The Commonwealth's and ERS's Title III Cases*

3. On May 3, 2017, the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case for the Commonwealth under Title III thereof.

---

[4] This Court has already held that a similar signed proposed notice must include a settlement offer made by the Debtors' representative pursuant to the Amended ADR Procedures Order. Without such an offer, any signed proposed notice offered by the movant has no binding effect, and any requested relief should be denied. *See Order Denying Motion of Evyflor Espinosa Rosado* [ECF No. 23164].

4. On May 21, 2017, the Oversight Board filed a voluntary petition for relief for ERS pursuant to PROMESA Section 304(a), commencing a case for ERS under Title III thereof. The Court set June 29, 2018 as the deadline for filing proofs of claim. [ECF Nos. 2521, 3160].

5. The below chart summarizes the proofs of claim filed by Movant and their corresponding status (collectively, "Movant's POCs").[5]

| POC Number | Debtor | Status |
|---|---|---|
| 92159 | Commonwealth | Subject to Alternative Dispute Resolution ("ADR"). [Case No. 17-3283, ECF No. 21350] |
| 133537 | ERS | Subject to Administrative Claims Reconciliation ("ACR"). [Case No. 17-3283, ECF No. 17320] |
| 133778 | Commonwealth | Subject to Objection. [Case No. 17-3283, ECF No. 17927] |
| 139834 | Commonwealth | Disallowed. [ECF No. 12657][6] |
| 150849 | Commonwealth | Disallowed. [ECF No. 12657][7] |

6. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,*

---

[5] It appears Movant seeks payment of all of Movant's POCs, even those that were disallowed. *See* Motion at 2 (listing Movant's POCs).

[6] On March 15, 2022, Movant filed a notice of appeal of the Court's order disallowing Movant's proofs of claim numbers 139834 and 150849. On May 12, 2022, the First Circuit directed Movant to show cause in writing as to why her appeal should not be dismissed for lack of jurisdiction. Movant failed to respond and the appeal was dismissed. [ECF Nos. 22178, 22531].

[7] *See supra* note 6.

3

*the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19784] (the "Commonwealth Plan"). Among other things, the Commonwealth Plan and the Confirmation Order provide for an injunction (the "Discharge Injunction") on the prosecution of claims discharged pursuant to the Commonwealth Plan from and after effectiveness of the Commonwealth Plan. *Commonwealth Plan* § 92.3; *Confirmation Order* ¶ 59.

7. On March 15, 2022, the Plan became effective (the "Effective Date").

**B. *Movant's Other Motions Seeking Payment of Claims***

8. Movant has a history of seeking to circumvent the claims resolution process in these Title III cases.

9. On May 5, 2022, Movant filed a *Motion to Guarantee Payment re: Claim No. 133537* [ECF No. 20692] (the "Motion to Guarantee Payment"), which requested immediate payment of Movant's claim filed against ERS on June 29, 2018.

10. On May 20, 2022, the Commonwealth filed its *Response of Financial Oversight and Management Board for Puerto Rico to Motion Filed by Claimant Maria A. Clemente Rosa Concerning Proof of Claim No. 133547* [ECF. No. 20692] (the "Opposition to Motion to Guarantee Payment"). In the Opposition to Motion to Guarantee Payment, the Commonwealth explained that the relief sought by the Motion to Guarantee Payment should be denied because (i) the liabilities asserted in the Claim are best resolved through the ACR Procedures, and (ii) the ACR Order already provides that claims subject to Administrative Claims Reconciliation will be paid, in full, in the ordinary course of business within 120 days of the date it was resolved, and

4

that the Court will retain jurisdiction to enforce claims that have not been paid within that time period. Based on the Debtors' review of the docket, it does not appear Movant filed a reply in connection with the Motion to Guarantee Payment, which remains pending.

11. On June 10, 2022, Movant filed a *Motion Requesting the Court to Accept Pleadings* [ECF No. 21221] (the "Motion to Accept Pleadings"), reiterating her request to receive immediate payment, in full, of her claim, and to "guarantee" such payments.

12. On June 27, 2022, the Commonwealth filed its *Response of Financial Oversight and Management Board for Puerto Rico to Motion to Accept Pleadings Filed by Claimant Maria A. Clemente Rosa Concerning Proof of Claim No. 133537* [ECF No. 21370] (the "Opposition to Motion to Accept Pleadings"). In its Opposition to Motion to Accept Pleadings, the Commonwealth explained that Movant had still not asserted any reason why Movant's claims should be adjudicated on an expedited basis or why any payments Movant might be entitled to must be "guaranteed" by the Court. Based on the Debtors' review of the docket, it does not appear Movant filed a reply in connection with the Motion to Accept Pleadings, which remains pending.[8]

13. On December 15, 2022, Movant filed the Motion, again seeking to circumvent the claims resolution process in these Title III cases and receive payment of her asserted claims in full.

---

[8] Additionally, in connection with the Title III case for the Puerto Rico Highways and Transportation Authority ("HTA"), on July 18, 2022, Movant filed a motion pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of her asserted post-petition claim against HTA for purposes of voting in connection with confirmation of the HTA Plan. [ECF No. 1275 in Case No. 17-3567], which the Court denied on July 26, 2022. [ECF No. 1286 in Case No. 17-3567].

A month later, on August 26, 2022, Movant filed a supplemental motion [ECF No. 21973] (the "Supplemental Motion") appearing to seek an award of money damages against HTA based on an alleged car accident occurring after HTA commenced its Title III case. On September 6, 2022, the Oversight Board filed its objection [ECF No. 22066] to the Supplemental Motion, which remains pending.

**OBJECTION**

### A. *Movant Fails to Show Cause for Relief under the Sonnax Factors*

14. Movant has not established that cause exists for the "extraordinary remedy" of stay relief. *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Movant bears the initial burden of establishing cause, *id.*, and where, as here, the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

15. In the absence of an assertion of lack of adequate protection, this Court examines the factors set forth in *Sonnax* to determine whether "cause" exists. "Cause" is not defined in the Bankruptcy Code. *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd without opinion sub nom. Unanue v. Unanue-Casal (In re Unanue-Casal)*, 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant stay relief, courts examine numerous factors, including those set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990):

> (1) whether relief would result in complete or partial resolution of the issues;
>
> (2) the lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the foreign proceeding involves the debtor as fiduciary;
>
> (4) whether a specialized tribunal has been established to hear the cause of action at issue;
>
> (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
>
> (6) whether the action essentially involves third parties rather than the debtor;
>
> (7) whether the litigation could prejudice the interest of other creditors;
>
> (8) whether a judgment in the foreign action is subject to equitable subordination;
>
> (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

>(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;
>
>(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
>
>(12) the impact of the stay on the parties and the "balance of harms."

*In re Sonnax Indus.,* 907 F.2d at 1286.

16. Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, 907 F.2d at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016), *aff'd*, 845 F.3d 505 (1st Cir. 2017); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in *Sonnax* and recited by the Title III court provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum."). No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 518.

17. Here, Movant falls well short of her high burden of establishing cause. The basis for Movant's request appears to be that because the Commonwealth has, *post-Effective Date*, made payments in respect of a benefit program under the Teaching Career Law, Movant should be paid on her *prepetition claims*. Motion ¶ 8. The Government's decision to make payments in respect of a benefit program post-Effective Date bears no relationship to the treatment of Movant's

7

prepetition claims pursuant to the Commonwealth Plan. Denying the Motion would further the goal of PROMESA to resolve all claims in a single, expeditious forum in the timeframe provided by this Court, and prevent Movant from circumventing the treatment of her asserted claims, if allowed, pursuant to the Commonwealth Plan. The *Sonnax* factors point squarely toward maintaining the Discharge Injunction and against the relief Movant seeks:

18. ***Sonnax* Factor 1:** The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against lifting the Discharge Injunction. The first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. *See, e.g.*, *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g.*, *In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012) (citation omitted); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

19. Here, Movant has not established her high burden of establishing cause. *See In re Breitburn Energy Partners LP*, 2017 WL 1379363, at *4 (Bankr. S.D.N.Y. Apr. 14, 2017). Movant fails to identify any bankruptcy issue related to the Title III cases that would be resolved by allowing Movant to pursue her claims outside of the Title III.[9] Indeed, it would circumvent the

---

[9] While Movant appears to generally assert she is entitled to payment in full outside of the Title III process, she would have to prevail on her asserted claims in the appropriate forum. Some of Movant's claims appear to have been pending before the Public Service Appeals Committee. However, the Debtors are continuing to evaluate Movant's asserted claims and information provided by Movant in connection therewith. The validity of Movant's claims are being addressed in the Title III claims resolution process and would not be aided by litigation in a separate forum.

8

treatment provided in the Commonwealth Plan. Therefore, the first Sonnax factor supports denying the Motion.

20. **_Sonnax_ Factor 2**: The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—does not support lifting the stay. Lifting the stay and allowing Movant to seek payment of her claim in full in a separate forum would significantly interfere with the administration of the Title III case because it would circumvent the orderly claims reconciliation process and treatment of allowed claims contemplated by the Commonwealth Plan. Thus, Sonnax factor 2 weighs in favor of denying the Motion.

21. **_Sonnax_ Factor 4**: The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—also does not support granting the Motion. If Movant were to obtain relief from the Discharge Injunction, she would have to prevail on her asserted claims in a separate forum. Movant has not identified any specialized tribunal that has been established to determine the validity of her claims. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

22. **_Sonnax_ Factor 5**: The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of the Debtors has assumed any financial responsibility in connection with the liabilities asserted in the Movant's POCs. Thus, *Sonnax* factor 5 weighs in favor of denying the Motion.

23. **_Sonnax_ Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is not based on whether third parties are involved, but rather, whether a separate action primarily involves third parties *rather than* the debtor. *See In re Residential Capital, LLC*, 2012 WL 3860586, at *7

9

(Bankr. S.D.N.Y Aug. 8, 2012) ("The court should not grant relief from the stay under the sixth *Sonnax* Factor if the debtor is the main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not primarily involve third parties.").

24. Here, the Movant's claims do not involve *primarily* third parties. Indeed, Movant identifies no third parties whatsoever. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion.

25. **<u>Sonnax Factor 7</u>**: The seventh *Sonnax* factor—whether separate litigation could prejudice the interest of other creditors—does not support granting the Motion. Granting the Motion would prejudice the Debtors' other creditors by allowing Movant to "skip the line" in the claims reconciliation process and obtain payment of her asserted claims, in full, outside of the Title III process and terms of the Commonwealth Plan. *See, e.g.*, *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prod., Inc.)*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate").

26. Indeed, courts have also denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation. *See, e.g.*, *In re Plumberex Specialty Prod., Inc.*, 311 B.R. at 563-64 (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, 2010 WL 4630327, at *4 (S.D.N.Y. Nov. 8, 2010) (finding no abuse of discretion where bankruptcy court

10

concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"). *see also In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal. 2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

27. Here, while Movant appears to generally assert she is entitled to payment in full outside of the Title III process, she would have to prevail on her asserted claims in an appropriate forum. Litigating the validity of the Movant's claims in a separate forum when those same claims could be resolved through claims reconciliation would unnecessarily waste the Commonwealth's resources. Accordingly, *Sonnax* factor 7 does not support granting the Motion.

28. ***Sonnax* Factors 10 and 11:** The interests of judicial economy and the status of any separate actions also weigh against stay relief. The interests of judicial economy are not served by stay relief because the parties are nowhere near ready for a resolution given the Commonwealth still has until March 8, 2023 to assess and make a determination regarding Movant's claim per the extension of the objection deadline and the Commonwealth's Title III case provides a single, expeditious forum for the resolution of claims. If relief from the Discharge Injunction were granted, it appears Movant would have to initiate litigation in connection with her claims, restarting the process for resolving her claims. Accordingly, Movant's asserted claim should be accomplished through the claims resolution process in these Title III cases to preserve judicial economy. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

29. ***Sonnax* Factor 12:** Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movant would suffer if the stay remains in place. Movant will not suffer hardship from the stay. Movant fails to articulate how Movant would face any harm from waiting in line for the resolution

11

of her alleged claim like all other claimants. The Commonwealth's implementation of a benefit program post-Effective Date is unrelated to the treatment of Movant's asserted prepetition claims.

30. The impact on the Commonwealth and its creditors, however, if the Motion were to be granted would outweigh any harm that Movant would suffer if the stay remains in place. The diversion of the Commonwealth's resources to defend against Movant's claims, and the prejudice to the interests of other creditors, all weigh in favor of denying the Motion. Thus, on balance, Sonnax factor 12 weighs in favor of denying the Motion.[10]

## **CONCLUSION**

Movant fails to establish cause to justify the relief sought in the Motion. Accordingly, and for the foregoing reasons, the Court should deny the Motion.

[*Remainder of Page Left Intentionally Blank*]

---

[10] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.

Dated: December 30, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of the Debtor*