UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3567-LTS<br><br>(Jointly Administered) |

**EIGHTH AMENDED STIPULATION BETWEEN THE
COMMONWEALTH OF PUERTO RICO
AND THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY REGARDING THE
<u>TOLLING OF STATUTE OF LIMITATIONS AND CONSENT ORDER</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Puerto Rico Highways and Transportation Authority ("HTA") in its capacity as a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA, do hereby stipulate as follows:

RECITALS

A.  On May 21, 2017, the Oversight Board issued a restructuring certification in accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

B.  On May 21, 2017, in accordance with Section 302(2) of PROMESA, the Oversight Board filed a petition for relief on behalf of HTA, thereby commencing a case under Title III (the "HTA Title III Case").

C.  On April 26, 2019, the Court entered an order approving the *First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* (the "First Amended Stipulation") [ECF No. 560[2]].

D.  On January 8, 2020, the Court entered an order approving the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 668].

E.  On August 11, 2020, the Court entered an order approving the *Third Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and

---

[2] Unless otherwise specified, ECF numbers refer to the HTA Title III Case.

*Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Third Amended Stipulation") [ECF No. 913].

F. On February 16, 2021, the Court entered an order approving the *Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Fourth Amended Stipulation") [ECF No. 980].

G. On July 29, 2021, the Court entered an order approving the *Fifth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Fifth Amended Stipulation") [ECF No. 1055].

H. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Case No. 17-3283, ECF No. 19813].

I. On January 21, 2022, the Court entered an order approving the *Sixth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Sixth Amended Stipulation") [ECF No. 1126].

J. On March 15, 2022, the Oversight Board filed a *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17-3283, ECF No. 20349].

K. On July 29, 2022, the Court entered an order approving the *Seventh Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Seventh Amended Stipulation") [ECF No. 1321].

L. On October 12, 2022, the Court entered the *Order and Judgment Confirming Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1415].

M. On December 6, 2022, the Oversight Board filed a *Notice of (A) Entry of Order Confirming Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 1450].

N. Commencement of the HTA Title III Case triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable to the HTA Title III Case pursuant to Section 301(a) of PROMESA, to protect HTA's property wherever located.

O. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized post-petition transfers between the Commonwealth and HTA are hereby defined as the "Avoidance Actions."

P. Other claims between the Commonwealth and HTA may exist, which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such actions, collectively, with the Avoidance Actions, are hereinafter referred to as the "Causes of Action").

Q. Certain holders or insurers of HTA bonds represented by the counsel set forth in decretal paragraph 1 hereof are referred to as the "HTA Parties."

R. The Commonwealth and HTA, through AAFAF and the Oversight Board, respectively, have agreed to toll the statute of limitations in connection with the Causes of Action as set forth below.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Action of the Commonwealth, on the one hand, and HTA, on the other hand, must be commenced against one another (either directly or, subject to the rights of parties to contest, derivatively) pursuant to sections 546(a), 549(d), and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the Statutory Deadlines would have expired in the absence of this Eighth Amended Stipulation (and 1,531 days from and after the date on which the Statutory Deadlines would have expired in the absence of the First Amended Stipulation) unless the Commonwealth or HTA provide written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, (b) counsel to the HTA Parties, by serving a copy of such Termination Notice upon (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq. and Atara Miller, Esq. by email transmission (ddunne@milbank.com and amiller@milbank.com), (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Robert Berezin, Esq. and Kelly DiBlasi, Esq., by email transmission (robert.berezin@weil.com and kelly.diblasi@weil.com), (iii) Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Mark C. Ellenberg, Esq. and Casey J.

Servais, Esq., by email transmission (mark.ellenberg@cwt.com and casey.servais@cwt.com), and (iv) Butler Snow LLP, 2911 Turtle Creek Blvd., Suite 1400, Dallas, TX 75219, Attn: Martin A. Sosland, Esq., by email transmission (martin.sosland@butlersnow.com), and (c) counsel to the statutory committee of unsecured creditors appointed in the Commonwealth and HTA Title III Cases (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date (as defined in the Eighth Amended Stipulation), and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised by either the Commonwealth or HTA in connection with any such Cause of Action, other than the applicable statute of limitations, laches, or any other time-related defense, except that the Commonwealth and HTA expressly reserve the right to assert that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Eighth Amended Stipulation, (ii) section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies, and (iii) a statute of repose may not be extended by an agreement of the parties; provided, however, that any party reserves the right to oppose any such argument; and, provided, further, that, if a statute of repose may be extended by an agreement of the parties, this Eighth Amended Stipulation shall serve as such an agreement; and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for the Commonwealth or HTA, subject to the approval,

effectiveness, and consummation of any such plan of adjustment; <u>provided</u>, <u>however</u>, that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action that was timely asserted.

2. For the avoidance of doubt, the Statutory Deadlines with respect to the HTA Revenue Causes of Action (as defined in the Third Amended Stipulation) were not extended by the Third Amended Stipulation, the Fourth Amended Stipulation, the Fifth Amended Stipulation, the Sixth Amended Stipulation, or the Seventh Amended Stipulation, and are likewise not extended in the Eighth Amended Stipulation to the extent the time to bring such claims has not already expired.

3. The Commonwealth and HTA shall have the right to extend the period set forth in Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the HTA Parties and the Creditors' Committee in the matter set forth above; <u>provided</u>, <u>however</u>, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek, by motion to the Court, upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

4. The persons signing this Eighth Amended Stipulation on behalf of the Oversight Board, the Commonwealth, and HTA have the authority to bind such parties.

5. This Eighth Amended Stipulation shall apply to and be binding upon the Commonwealth and HTA, together with their successor and assigns, including, without limitation, any trustee that may be appointed pursuant to section 926 of the Bankruptcy Code in either the HTA Title III Case or the Commonwealth Title III Case.

6. Notwithstanding not being parties hereto, creditors of the Commonwealth and HTA, including, without limitation, the HTA Parties, shall be expressly deemed third-party beneficiaries of this Eighth Amended Stipulation.

7. Except as expressly provided herein, this Eighth Amended Stipulation shall not be amended or modified without the prior written consent of the HTA Parties and the Creditors' Committee.

8. This Eighth Amended Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "Stipulation Effective Date").

9. This Eighth Amended Stipulation and the rights, interests and defenses referred to herein extend to any claims or causes of action that could be brought or asserted against the Commonwealth or HTA officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor HTA would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

[*Remainder of page intentionally left blank.*]

Dated: December 16, 2022
      San Juan, Puerto Rico

| | |
|---|---|
| */s/ Brian S. Rosen* | */s/ Hermann D. Bauer* |
| Martin J. Bienenstock | Hermann D. Bauer |
| Brian S. Rosen | USDC No. 215205 |
| (Admitted *Pro Hac Vice*) | **O'NEILL & BORGES LLC** |
| **PROSKAUER ROSE LLP** | 250 Muñoz Rivera Ave., Suite 800 |
| Eleven Times Square | San Juan, PR 00918-1813 |
| New York, NY 10036 | Tel: (787) 764-8181 |
| Tel: (212) 969-3000 | Fax: (787) 753-8944 |
| Fax: (212) 969-2900 | |
| | *Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| *Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | |

| | |
|---|---|
| */s/ Peter Friedman* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Maria DiConza | USDC No. 222301 |
| Matthew Kremer | Carolina Velaz-Rivero |
| (Admitted *Pro Hac Vice*) | USDC No. 300913 |
| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
| Seven Times Square | 250 Ponce De León Ave., Suite 900 |
| New York, NY 10036 | San Juan, Puerto Rico 00917 |
| Tel: (212) 326-2000 | Tel: (787) 705-2171 |
| Fax: (212) 326-2061 | Fax: (787) 936-7494 |
| -and- | |
| Peter M. Friedman | *Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |
| (Admitted *Pro Hac Vice*) | |
| 1625 Eye Street, NW | |
| Washington, D.C. 20006 | |
| Tel: (202) 383-5300 | |
| Fax: 202) 383-5414 | |

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

SO ORDERED.

| | |
|---|---|
| Dated: January 9, 2023 | /s/ Laura Taylor Swain |
| | LAURA TAYLOR SWAIN |
| | United States District Judge |