Estimated Hearing Date: To be determined by the Court
Objection Deadline: To be determined by the Court

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.<sup>1</sup> | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## BELFOR USA GROUP, INC., dba BELFOR PROPERTY RESTORATION'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM IN THE SUM OF $71,760.95

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Estimated Hearing Date: To be determined by the Court
Objection Deadline: To be determined by the Court

TO THE HONORABLE LAURA TAYLOR SWAIN,
UNITED STATES DISTRICT JUDGE:

COMES NOW, **BELFOR USA GROUP, INC., dba "BELFOR PROPERTY RESTORATION"),** represented by the undersigned attorneys, and in support of its motion for allowance of payment of its administrative expenses claims, very respectfully avers and prays as follows:

1. In accordance with the provisions of the Confirmed Modified Eighth Plan of Adjustment of the Commonwealth of Puerto Rico ("Commonwealth") filed in its PROMESA Title III case, creditor **BELFOR PROPERTY RESTORATION** submits its claim for post-petition administrative expenses in the sum of **SEVENTY ONE THOUSAND SEVEN HUNDRED SIXTY DOLLARS AND NINETY FIVE CENTS ($71,760.95)** on account of the Commonwealth of Puerto Rico Department of the Family actual post-petition use, to the benefit of the PROMESA Title III bankruptcy estate, of BELFOR PROPERTY RESTORATION services and property subject to contracts that were duly perfected under applicable law. The services were duly provided as contracted for between the parties. **Exhibits 1, 2, 3, 4 & 5.**

2. As per the terms of the Commonwealth's confirmed Plan of Adjustment, prior to its Eighth Amendment, all administrative claimants, including petitioned herein, had ninety (90) days after the Plan of Adjustment's effective date of March 15, 2022, to wit, until Monday, June 13, 2022 to submit their administrative claims in the case, or the same would be forever barred and extinguished. However, BELFOR PROPERTY RESTORATION was never included in the master mailing lists in the case, as amended, and never received notices of the Confirmed Plan of Adjustment, amendments to the same, Administrative Bar Date in the case, nor the Effective Date Notice. Therefore, the instant administrative claim is timely under the terms of the confirmed Modified Eighth Plan of Adjustment, pursuant to its Paragraph 6. (b).

Estimated Hearing Date: To be determined by the Court
Objection Deadline: To be determined by the Court

3. Bankruptcy Code Section 503(b)(1)(A), applicable to this case under Section 301 of PROMESA, 48 U.S.C. § 2161, provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." Generally, a request for payment of an administrative expense pursuant to Bankruptcy Code section 503(a) may qualify if (i) the right to payment arose from a post-petition transaction with the debtor estate (rather than from a prepetition transaction with the debtor) and (ii) the consideration supporting the right to payment was beneficial to the estate of the debtor. *See In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1991).

4. Nothing prohibits immediate payment of an allowed administrative expense, either, as the timing of payment is within a court's discretion. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002); *In re Rare Coin Galleries, Inc.*, 72 B.R. 415, 417 (Bankr. D. Mass. 1987) ("In general, the timing of the payment of ordinary administrative claims is in the discretion of the Court."). Courts look to a variety of factors in determining whether to order immediate payment, including, but not limited to, prejudice to the debtor, hardship to the claimant, potential detriment to other creditors, and the length and expense of the case's administration. *See id.*; *see also In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005).

## NOTICE

5. Notice has hereby been served by CM/EF and on the Master Service List posted on the website of the Debtors' claims and noticing agent, by e-mail.

6. No prior request for the relief sought herein has been made to this Court or to any other Court.

WHEREFORE, BELFOR PROPERTY RESTORATION respectfully requests that this Court allow its claim as an administrative expense claim, in the sum of **SEVENTY ONE THOUSAND**

Estimated Hearing Date: To be determined by the Court
Objection Deadline: To be determined by the Court

**SEVEN HUNDRED SIXTY DOLLARS AND NINETY FIVE CENTS ($71,760.95)** on account of the Commonwealth of Puerto Rico Department of the Family actual post-petition use, to the benefit of the PROMESA Title III bankruptcy estate, of BELFOR PROPERTY RESTORATION services and property subject to contracts that were duly perfected under applicable law, that such sums be paid immediately or alternatively according to the applicable distribution scheme in the case, with any other relief in its favor the Court deems proper.

RESPECTFULLY SUBMITTED.

Dated: January 10, 2023

Respectfully submitted,

REICHARD & ESCALERA, LLC


*/s/ Fernando Van Derdys*
Fernando Van Derdys, Esq.
USDC-PR 201913
fvander@reichardescalera.com


255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888