UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED CLAIMS

Upon the *Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* (Docket Entry No. 17108) (the "Three Hundred Forty-Fifth Omnibus Objection"), filed by the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), dated June 18, 2021, for entry of an order reclassifying certain claims filed against the Debtors, as more fully set forth in the Three Hundred Forty-Fifth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Forty-Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Three Hundred Forty-Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims*, dated August 29, 2022 (Docket Entry No. 21941, the "Notice"), for entry of an order reclassifying the Claims to Be Heard (as defined below) and the Claims to Be Reclassified via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearing held on the Three Hundred Forty-Fifth Omnibus Objection on August 4, 2021, and the rulings made therein, sustaining the Three Hundred Forty-Fifth Omnibus Objection as to Proofs of Claim Nos. 34338, 167999, 1845, 136186, 39906, 27602, 45321, 12337, 36519, 29885, 10442, 35710, 129809, 90365, 12312, 12345, 2252, 28152, 4821, 2414, 145627, and 41069 (the "Claims Heard at August 2021 Omnibus Hearing") on the grounds that the claims fail to assert a valid basis for administrative expense priority; and upon the record of the hearing

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

held on the Three Hundred Forty-Fifth Omnibus Objection on January 19-20, 2022, February 2, 2022, and March 23, 2022, and the rulings made therein, sustaining the Three Hundred Forty-Fifth Omnibus Objection as to Proofs of Claim Nos. 3398,[3] 6725, 9778, 12312, 12337, 15520, 20600, 23016, 24315, 25360, 54541, 106293, 121773, 122933, 129809, and 139753 (the "Claims to Be Heard") on the grounds that the claims fail to assert a valid basis for administrative expense priority; and upon the parties' agreement, as explained to the Court during the March 23, 2022 Omnibus Hearing, that (1) Proofs of Claim Nos. 12337, 12312, 129809, 121773, 24315, and 20600 "may be reclassified as general unsecured claims pursuant to the Court's previous order sustaining

---

[3] The Court has received and reviewed the pleading (Docket Entry No. 22334 in Case No. 17-3283) (the "Muniz Ruberte Motion") filed by claimant Ruben Muniz Ruberte, appearing pro se, requesting that the Court grant him time to "satisfy the Honorable Court's order to provide the prima facie evidence to support a secure[d] claim" because Mr. Muniz Ruberte's prior transmission of such documentation allegedly was not received by the Court. (Muniz Ruberte Mot. ¶ 7.)

The Court has already reviewed Mr. Muniz Ruberte's response to the Three Hundred Forty Fifth Omnibus Objection and heard Mr. Muniz Ruberte's presentation of the basis for his opposition to the Three Hundred Forty Fifth Omnibus Objection at the February 2, 2022, omnibus hearing. (See Feb. 2, 2022, Hr'g Tr. at 7:15-14:12.) After hearing argument at that hearing and prompting Mr. Muniz Ruberte to explain the basis for his assertion that his claim is secured, the Court determined that Mr. Muniz Ruberte's claim would be reclassified because he had not identified any legal or factual basis establishing that the claim should be treated as secured. (Id. at 12:2-15; 13:18-25.) The Court also informed Mr. Muniz Ruberte that, to the extent he wished to supplement his claim with additional documentation concerning its validity (as opposed to the priority of the claim, which was the sole issue presented to the Court by the Three Hundred Forty Fifth Omnibus Objection), he could do so. On February 25, 2022, Mr. Muniz Ruberte filed more than 150 pages of documents apparently related to his claim. (See Docket Entry No. 20218 in Case No. 17-3283.) Although the documents were in Spanish, the English-language pleading submitted with the documents did not assert or explain any way in which the documentation was relevant to Mr. Muniz Ruberte's assertion that his claim is secured. Accordingly, the Court ordered the Oversight Board to take notice of Mr. Muniz Ruberte's supplemental submission. (See Docket Entry No. 20232 in Case No. 17-3283.) The Muniz Ruberte Motion similarly does not provide any legal or factual basis for reconsideration of the Court's ruling concerning the reclassification of Mr. Muniz Ruberte's claim, and the Muniz Ruberte Motion is therefore denied.

the 345th Omnibus Objection" March 23, 2022 Hr'g. Tr. at 21:21-22:6; (2) "the Court's ruling on [the *Motion for the Reconsideration of the Order Entered on August 4, 2021, at the Omnibus Hearing Concerning the "Three Hundred Forty Fifth Omnibus Objection"* [Docket Entry No. 17892 (the "Reconsideration Motion")]] may affect the classification of these claims"[4] *id.* at 22:7-10, (3) "to the extent any of these claims assert liabilities arising from judgments in the *Nilda Agosta*, *Juan Perez-Colon*, *Jeanette Abrams*, or *Tomassini* litigations, the parties recognize that Ms. Gonzalez's motions for treatment of liabilities associated with those judgments as administrative expenses remain pending, and the Court's ruling on those motions may affect the classification of those claims" *id.* at 22:11-17, (4) Ms. Gonzalez does not represent the claimant associated with Proof of Claim No. 139753,[5] *id.* at 22:19-22:7, and (5) Proof of Claim No. 20773 "may also be reclassified as a general unsecured claim pursuant to the Court's previous orders, but recognizing that Ms. Gonzalez's motions for reconsideration of the 345th Omnibus Objection Order and her motions seeking admin expense treatment of certain judgments may affect the classification of that claim" *id.* at 24:7-16; and the Court having determined that the relief sought in the Three Hundred Forty-Fifth Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Forty-Fifth Omnibus Objection establish just cause for the

---

[4]   On April 18, 2022, the Court denied the Reconsideration Motion. *See Order Denying Motion for the Reconsideration of the Order Entered on August 4, 2021, at the Omnibus Hearing Concerning the "Three Hundred Forty Fifth Omnibus Objection"* (Docket Entry No. 20569).

[5]   Accordingly, the Court sustained the Three Hundred Forty Fifth Omnibus Objection as to Proof of Claim No. 139753 on the basis of the materials submitted in connection with the January Claim Objection Hearing. *See* March 23, 2022 Hr'g. T.R. at 23:8-23.

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Forty-Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims Heard at August 2021 Hearing, the Claims to be Heard, and the Claims to Be Reclassified via Notice of Presentment (collectively, the "Claims to Be Reclassified") are hereby reclassified, such that the Claims to Be Reclassified shall now only be considered claims asserted as general unsecured claims, as set forth in the column titled "Modified Claim" in Exhibit A to the Three Hundred Forty-Fifth Omnibus Objection, respectively; and it is further

ORDERED that the Debtors' right to object to the Claims to Be Reclassified is reserved; and it is further

ORDERED that Kroll Restructuring Associates, LLC is authorized and directed to correct the Claims to Be Reclassified to reflect their status as general unsecured claims on the official claims register in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry Nos. 17108 and 22334 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: January 10, 2023

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge