UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED FORTY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS

Upon the *Three Hundred Forty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* (Docket Entry No. 17092) (the "Three Hundred Forty-Ninth Omnibus Objection"), filed by the Commonwealth of Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), dated June 18, 2021, for entry of an order disallowing in their entirety certain claims filed against the Debtors, as more fully set forth in the Three Hundred Forty-Ninth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Forty-Ninth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Forty-Ninth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Forty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims*, dated May 24, 2022 (Docket Entry No. 20963, the "Notice"), for entry of an order disallowing the Claims to Be Partially Disallowed (as defined below), the Claims to Be Disallowed in their Entirety (as defined below), the Claims Heard at August 2021 Omnibus Hearing (as defined below), and the Claims to Be Disallowed via Notice of Presentment[2], as more fully set forth in the Notice; and upon the record of the hearing held on the Three Hundred Forty-Ninth Omnibus Objection on August 4, 2021, and the rulings made therein, sustaining the Three Hundred Forty-Ninth Omnibus Objection as to Proofs of Claim Nos. 30608 and 96586 (the "Claims Heard at August 2021 Omnibus Hearing") on the grounds that they are duplicative of the master claim filed in the litigation captioned *Madeline Acevedo Camacho v. Puerto Rico Department of Family Affairs*,

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

Case No. 2016-05-1340 (the "Acevedo Camacho Master Claim"); and upon the record of the hearing held on the Three Hundred Forty-Ninth Omnibus Objection on January 19-20, 2022, and the rulings made therein, sustaining the Three Hundred Forty-Ninth Omnibus Objection as to Proofs of Claim Nos. 26027, 26316, 32722, 35262, 42061 (the "Claims to Be Disallowed in their Entirety") on the grounds that they are duplicative of the Acevedo Camacho Master Claim and sustaining the Three Hundred Forty-Ninth Omnibus Objection as to Proofs of Claim Nos. 46270, and 48743 (the "Claims to Be Partially Disallowed") on the grounds that they are duplicative, in part, of the Acevedo Camacho Master Claim; and the Court having determined that the relief sought in the Three Hundred Forty-Ninth Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Forty-Ninth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Forty-Ninth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed in their Entirety, the Claims Heard at August 2021 Omnibus Hearing, and the Claims to Be Disallowed via Notice of Presentment are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that the Claims to Be Partially Disallowed are hereby disallowed to the extent that they are duplicative of the Acevedo Camacho Master Claim, as set forth below; and it is further

ORDERED that the Debtors' right to object to the Acevedo Camacho Master Claim is hereby reserved; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed to designate the Claims to Be Partially Disallowed as expunged to the extent they are duplicative of the Acevedo Camacho Master Claim on the official claims registry in the Title III Cases; and it is further

ORDERED that Kroll is authorized and directed to designate the Claims to Be Disallowed in their Entirety, the Claims Heard at August 2021 Omnibus Hearing, and the Claims to Be Disallowed via Notice of Presentment as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 17092 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: January 10, 2023

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge