UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING FIVE HUNDRED TWENTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE DEBTORS ARE PARTIALLY NOT LIABLE

Upon the *Five Hundred Twenty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for which the Debtors Are Partially Not Liable* (Docket Entry No. 22261) ("Five Hundred Twenty-Seventh Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Twenty-Seventh Omnibus Objection.

of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), dated September 16, 2022, for entry of an order disallowing in part certain claims filed against the Debtors, as more fully set forth in the Five Hundred Twenty-Seventh Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Five Hundred Twenty-Seventh Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Five Hundred Twenty-Seventh Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the record of the hearing held on the Five Hundred Twenty-Seventh Omnibus Objection on November 2, 2022, and the rulings made therein, sustaining the Five Hundred Twenty-Seventh Omnibus Objection as to Proof of Claim No. 83256 to the extent it asserts a claim arising out of the litigation captioned *Nilda Agosto Maldonado et al. v. Commonwealth of Puerto Rico Family Department et al.*, Civil No. KPE-2005-0608; and the remaining claims identified in the column titled "Claims to be Partially Disallowed" in Exhibit A to the Five Hundred Twenty-Seventh Omnibus Objection (collectively, the "Claims to Be Partially Disallowed") having been found to be portions of claims for which neither the Commonwealth nor any other Title III debtor is liable; and the Court having determined that the relief sought in the Five Hundred Twenty-Seventh Omnibus Objection is in the best interest of the Debtors, their creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Five Hundred Twenty-Seventh Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Five Hundred Twenty-Seventh Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Partially Disallowed are hereby disallowed in part; and it is further

ORDERED that, to the extent the Claims to Be Partially Disallowed purport to assert additional liabilities not associated with the Litigations, the holders of the Claims to Be Partially Disallowed will retain a Remaining Claim against the Debtors in respect of such amounts (collectively, the "Remaining Claims"), as set forth in Exhibit A to the Five Hundred Twenty-Seventh Omnibus Objection.

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that Kroll is authorized and directed to designate as expunged the disallowed portions of the Claims to Be Partially Disallowed from the official claims register in the Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: January 10, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge