

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**DECEMBER 30, 2022**

María A. Clemente Rosa
**PETITIONER**

v.

**PROMESA TITLE III**

**THE FINANCIAL OVERSIGHT**            **No. 17BK 3283- LTS**
**AND MANAGEMENT BOARD**
**FOR PUERTO RICO**                    **(Jointly Administered)**

As representative of
THE COMMONWEALTH OF
PUERTO RICO, et al.,
            Debtor.

**TO THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND**
**MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE**
**COMMONWEALTH OF PUERTO RICO, et al., Debtors:**

**HONORABLE JUDGE: HON. LAURA TAYLOR SWAIN.**
**UNITED STATES DITRIT COURT FOR THE DISTRICT OF PUERTO RICO/**
**COURT OF THE UNITED STATES DISTRICT FOR THE DISTRICT OF PUERTO RICO**

**REPETUOUSLY REQUEST**

MARÍA A. CLEMENTE ROSA: THE PETITIONER APPEARS AND RESPECTFULLY STATES,
ALLEGES AND REQUESTS:

MOTION NO. 1: MOTION OF CLAIM TO THE RIGHT OF PAYMENTS, OWED BY THE
GOVERNMENT OF PUERTO RICO, OF THE COMMONWEALTH. DEPARTMENT OF
EDUCATION, TEACHER RETIREMENT SYSTEM, AMONG OTHER GOVERNMENT
AGENCIES AND THE ADMINISTRATIVE EXPENSES INCURRED BY THE PETITIONER
(ADMINISTRATIVE EXPENSE REQUEST). AND THE REQUEST FOR DISMISSAL OF THE
OBJECTION MOTION SUBMITTED BY THE REPRESENTATIVE(S) OF THE DEBTOR
PARTY.

I RESPECTFULLY PRESENT:

I RESPECTFULLY PRESENT THE HON. JUDGE LAURA TAYLOR SWAIN AND THE HON.
COURT OF THE FEDERAL COURT FOR PUERTO RICO, MY EXCUSES, AND
JUSTIFICATION FOR THE PRESENTATIONS OF MOTIONS SUCH FOLLOWED, TO THE
FEDERAL JUDICIAL FORUM, ON BEHALF OF THE PETITIONER, MARÍA A. CLEMENTE
ROSA.

HONORABLE JUDGE LAURA TAYLOR SWAIN, UNITED STATES COURT, FEDERAL
COURT, FOR THE DISTRICT OF PUERTO RICO.

I RESPECTFULLY STATE, ALLEG AND REQUEST:

1. HON. JUDGE LAURA TAYLOR SWAIN HON. FEDERAL COURT OF THE UNITED
STATES DISTRICT COURT OF PUERTO RICO, RESPECTFULLY REQUEST, THAT THE
MOTION FOR OBJECTION FILED BY THE REPRESENTATIVE OF THE DEBTOR PARTY
BE DISMISSED IN ITS ENTIRETY, ON DECEMBER 30, 2022, ( Case: 17-03283-LTS Doc
#:23192 Filed: 12/30/22 Entered: 12/30/22 18:16:59 Desc: Main. Re: ECF No.
23074). Objection motion, addressed to the Motion, presented by the Petitioner,
on December 11, 2022, in relation to: REQUEST NOT TO APPLY THE PROCESS OF
AUTOMATIC STAY OR (AUTOMATIC STAY), TO MY CLAIMS.

2. HON. JUDGE TAYLOR - SWAIN, THE PETITION FOR DISMISSAL IS REAFFIRMED IN
THE FOLLOWING POSTULATIONS: Despite the fact that the Commonwealth, that is,
the Government Agencies, the Department of Education, the Retirement System
for Teachers, among other agencies, took refuge under: "Title III of the Puerto Rico
Oversight, Management and Economic Stability Act of 2016 (PROMESA Law), and
that they are sheltered under Title 11, of Sec. 362. Notwithstanding, despite those
regulations in the Sec. 362, there is another remedy such as: "The request for
Waiver in compliance with the guidelines contained in the: Sixth Amended Notice,
Case Management And Administrative Procedures, order issued by the Hon. Judge
Laura Taylor Swain, in the aforementioned Federal Bankruptcy Case". And that was
the Remedy that the Petitioner had chosen. A Relief Remedy with some
alternatives and means, to also request the Process of Automatic Stoppage of
Administrative Processes, to your claims.

3. Following the same line of my request for (Automatic Stay) and reaffirming its
validity, based on Law, on March 12, 2020, the Hon. Judge, Laura Taylor Swain,
issued an Order, in which that payments are authorized for those cases that public
employees, such as the Petitioner, are processing before the pertinent
Administrative Agencies and that obtain a favorable determination. In light of the

Bankruptcy Case referred to in Puerto Rico, the Hon. Judge, Laura Taylor Swain, has expressed herself, issuing two orders (The first Order was for March 6, 2018, with the authorization of the application of the Order, on March 7, 2018) and the second Order issued on March 12, 2020.).

Both, referring to the claims of public employees that have been resolved, but not paid, will be resolved through the existing administrative procedures. Regardless of the stoppage contained (Automatic Stay) in the Promise Law.

4. Hon. Judge Taylor – Swain, respectfully express, that the Petitioner recognizes the magnitude of the Bankruptcy Case of Puerto Rico and its government and respects the Law promulgated under "Title III of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 (PROMESA Law), and that they are sheltered under Title 11, of Sec. 362. Notwithstanding their request for the stoppage of (Automatic Stay), before their claims it is based on the two Orders issued by the Hon. Laura Taylor Swain, which are dated in the Stipulations for, and I quote: "on March 6, 2018, with the authorization of the application of the Order, on March 7, 2018) and the second Order issued on March 12, 2020".

a. And of the Legal cases Presented in the State Court of Puerto Rico, cases: 1. Case NUM. FEV 2015-13-0167. KLRA 201800374", 2. Case No.: 2014-03481, KLRA201700593. Which recommend the use of the Paralization Relay , according to the Order, issued, by the Hon. Judge Laura Taylor Swain.

a. Sixth Amended Notice, Case Management And Administrative Procedures, order issued by the Hon. Judge Laura Taylor Swain, in the aforementioned Federal Bankruptcy Case" and b. Paragraph III, subsection Q of the Third Amended Case Management Procedures,).

And finally, the other reason for the request, by the Petitioner, for the payment of her claims, without having to wait for the end of the Administrative Proceedings, in the Federal Court, is that her claims are a monetary claim that no less digs the Ark of the debtors, and the Government of Puerto Rico. They are claims based on the Teaching Career Law 158, of 1999, as Amended, to Law 9 of March 7, 2022, of the Department of Education and the Salary Adjustment Law, of the Government of Puerto Rico and its adjustment in the Pension of the Teacher Retirement System.

5. HON. JUDGE LAURA TAYLOR SWAIN HON. FEDERAL COURT OF THE UNITED STATES DISTRICT COURT OF PUERTO RICO, For these aforementioned and explained reasons, the Petitioner respectfully requests that the Objection Motion filed by the representative(s) be dismissed in its entirety. of the debtors, on December 30, 2022. (Case: 17-03283-LTS Doc #:23192 Filed: 12/30/22 Entered: 12/30/22 18:16:59 Desc: Main. Re: ECF No. 23074).

6. Hon. Judge Laura Taylor Swain, the petitioner submits as a legal basis and support for the remedy to use the Paralization Relay, for the Case and I quote: "See case: Case No.: 2014-03481, KLRA201700593. (JUDICIAL REVIEW FROM THE BOARD OF TRUSTEES OF THE RETIREMENT SYSTEMS FOR GOVERNMENT EMPLOYEES AND THE JUDICIARY). This stable case and presents and I quote:

> a. "the option to manage the suspension of the stoppage by complying with the guidelines contained in Paragraph III, subsection Q of the Third Amended Case Management Procedures, issued by the Hon. Laura Taylor Swain, in the aforementioned federal bankruptcy case."

> b. Another case with a legal basis, which offers the use of the Stoppage Relief as an alternative, is: "Case No.: FEV 2015-13-0167.KLRA201800374".

> c. And last but not least, the two (2) Orders issued by the Hon. Judge. Laura Taylor Swain, the first Stipulation was issued on March 6, 2018, with the authorization of the application of the Order, on March 7, 2018) and the second Order issued on March 12, 2020.

> d. Where both Orders authorize, regardless of the stoppage (Automatic Stay) contained in The Promise Law, for Puerto Rico, to continue with the administrative procedures before the Government Agencies. In them it is established and I quote:
>> "Pension / Retiree Claims, Tax Refund Claims, Public Employee Claims, Grievance Claims, and such Claims That have been resolved but not yet paid, as defined in the Motion, shall be Resolved through the Debtors' existing administrative reconciliation processes ("Administrative Claims Reconciliation"), through procedures attached hereto as Exhibit 1. Claimants will retain all existing appeal rights to which they are entitled pursuant to those existing Administrative Claims Reconciliation processes. Eminent domain and inverse condemnation claims shall not be resolved using Administrative Claims Reconciliation processes".[1]

---

[1] Pedro I. Torres Crispi. MOCIÓN PARA QUE SE DECRETE LA CONTINUACIÓN DE LOS PROCEDIMIENTOS Y EN SOLICITUD DE SEÑALAMIENTOS DE VISTAS EN SU FONDO. (7 DE JULIO, 2020).

7. Given the evidence previously presented of the two (2) Cases of Administrative litigation and claims, seen and postponed until the Court decides on the Automatic Stay. The Petitioner considered them as an alternative, because there was a legitimate and fundamental claim on the part of the appellants, but, if the Court considered it appropriate, to postpone the cases, until it is determined on the Automatic Stay of the Proceedings, even if there are two Orders issued from the Hon. Judge, Taylor-Swain. The Petitioner respects that decision. Notwithstanding the Petitioner, comes under your protection, Hon. Judge Laura Taylor Swain, under the protection of the Hon. Court of the Federal Court of the United States, For the District of Puerto Rico and resorts to your benevolence and respectfully requests that your complaints be heard. claims raised in the Motion: 1, and the Objection Motion filed by the Representative(s) of the Debtor Party is dismissed and the claims owed by the Debtors are paid, meaning the Department of Education, the Retirement System Agency, among other government agencies and their administrative expenses incurred, in the amount of $330,400.00

8. Hon. Judge Laura Taylor Swain, I respectfully state that apparently, the representative of the debtor party, was not objective in his statements, and apparently to a certain extent irresponsible, because he disregarded and did not recognize the Orders issued, under the authorized Stipulations, by the Hon. Judge Laura Taylor Swain and the Hon. Court of the Federal Court of the United States, for the District of Puerto Rico. And that the Petitioner had a legal basis, which justified her request before the Automatic Stay Process.

9. Hon. Judge Taylor-Swain, I respectfully present another point that justifies the Payment of my claims from the Government Agencies Department of Education, and the Teacher Retirement System, among other Agencies, is the creation of "AAFAF", (Financial Supervision and Administration Board for Puerto Rico), by the PROMESA Law. The Purpose of "AAFAF, is to provide a method for a covered territory, such as Puerto Rico, to achieve fiscal responsibility and access to capital markets under (Sec. 101 (a) of PROMESA).[2]

---

[2] Camporreale Mundo, Alejandro. Sub. Director Ejecutivo: CARTA CIRCULAR 2018-2: Presentación de evidencias de reclamación (proofs of claim) en los procedimientos al amparo del Título III de Promesa. 8 de junio de 2018.

10. Hon. Judge, it is important to highlight that under the PROMESA Law, a collaboration between the FAAF, the Government of Puerto Rico and the Oversight Board has been established to develop a fiscal plan that provides a method to achieve fiscal responsibility and access to capital markets. To pay the employees, so that the agencies can continue to function, they can have their own independence, even with the bankruptcy law in place. This collaboration led to the approval of 4, Million dollars, for the Governor of Puerto Rico, to recognize the efforts of hundreds of teachers, who had complied with the Teachers' Career Law, since 2013. Said payment was issued on July 8, 2022. Said funds were identified by the OGP Office, Government Budget Office and endorsed by the Fiscal Control Board.

11. Under the protection of this collaborative effort, between AAFAF, the OGP Agency, of the government and the Fiscal Control Board, I am requesting my payment for the Teaching Career from YEAR 2014 - UNTIL 2022. BY LAW OF TEACHING CAREER LAW 158, OF 1999, AMENDED. TO LAW 9 OF MARCH 7, 2022. LIKEWISE, I REPECTFULLY REQUEST MY SALARY ADJUSTMENT PAYMENT, UNDER THE TEACHER'S RETIREMENT SYSTEM. SINCE MY INCREASE TO THE RANK OF "MASTER" WAS $600.00 ADDED TO MY SALARY of $3,045.00 MONTHLY AND MULTIPLIED 40% OF THE SALARY IN THE PAY TABLE AND THEN IT IS MULTIPLIED BY THE YEARS THAT I DID NOT EARN IT AND THAT IT WAS NOT AWARDED TO ME TEACHER'S PENSION.

12. Hon Judge, Taylor - Swain, I respectfully express, that the precedent for payment of the Teaching Career Law already exists, denying payment to teachers who have complied with the Professional Improvement Plan, would be violating the "law of equal salary for equal work", Law 158 of 199, as amended and Law 9 of March 7, 2022.

13. The PROMESA Act establishes and requires the Government of Puerto Rico and the Oversight Board to develop a fiscal plan that provides a method to achieve fiscal responsibility and access to capital markets. The Fiscal Plan provides revenue and expenditure estimates, ensures the financing of essential public services, provides adequate financing for public pension systems, provides for the elimination of

structural deficits through efficiency measures, and provides for capital expenditures and the necessary investments to promote economic growth, among other requirements.

14. Hon Judge, Taylor-Swain, respectfully express: "THAT THE DEBT HAS THE DEPARTMENT OF EDUCATION, RELATED TO THE PAYMENT OF THE TEACHING CAREER, REGARDING THE PETITIONER, BE RECOGNIZED. SINCE THE DEPARTMENT OF EDUCATION HAS FAILED TO PAY THE RECOGNITION OF THE TEACHING CAREER LAW, SINCE THE YEAR 2013-2014-2015, FOR THE TEACHERS WHO COMPLETED THE PROFESSIONAL IMPROVEMENT PLAN. BREACH OF THE TEACHING CAREER LAW LAW 158, OF 1999, AMENDED. Law 9 of March 7, 2022 and payment of the Salary Adjustment Law, of the Teachers System.[3]

15. THAT THE DOCUMENTS PRESENTED BY THE PETITIONER, MARÍA A. CLEMENTE ROSA, BE ACCEPTED AS EVIDENCE, REQUESTED BY THE REPRESENTATIVES OF THE DEBTORS. LCDO. PROSKAUER ROSE LLP AND BY THE LAW FIRM ÁLVAREZ & MARSAL. Due has:

> a. The request for Documents as evidence, by the representatives of the debtor party, has apparently become a "Recurring Request for Documents" apparently to delay the payment responsibility of the Debtors to the Petitioner.
>
> b. The Petitioner from the moment that Puerto Rico is declared, under the Bankruptcy Law, by the Congress of the United States. He has submitted all valid evidence on each of his claims, and justified, with documents such as: Laws, Documents submitted to the Department of Education (Professional Improvement Plan, submitted to the Teacher Career Office and collated by said Office, approved and struck out on July 24, 2012) (See Exhibit 3 a), newspaper clippings, which validate the veracity of the documents submitted.
>
> c. For this reason, the Submitter has complied with the regulations established in Circular Letter 2018-2: Presentation of proofs of claim in proceedings under Title III of PROMESA. And as a result of that bankruptcy, the United States Congress enacted the "Puerto Rico Overnight, Management, and Economic Stability Act" ("PROMESA"), Pub. L. 114-187.

---

[3]. (P. del S. 573); 2022, ley 9. Ley Núm. 9 del año 2022. Ley para enmendar varias leyes y ordenar los pagos adeudados desde el Año Fiscal 2014-2015 conforme a la Ley de la Carrera Magisterial, según enmendada. Ley Núm. 9 de 7 de marzo de 2022.

16. THAT THE DOCUMENT ENTITLED: AND PRESENTED AND SIGNED IN BLUE INK, BY THE PETITIONER; IN APPENDIX 1.; BE ACCEPTED BY THE REPRESENTATIVES OF THE DEBTORS LCDO. PROSKAUER ROSE LLP AND THE LAW FIRM ÁLVAREZ & MARSAL. AS A PERMITTED RESPONSE: "TO THE COMPROMISE OFFER". TOGETHER WITH THE COUNTER OFFER. (SEE APPENDIX 1).

17. THAT THE ARGUMENTS, THE LIST OF FACTS, AND THE EVIDENCE PRESENTED HEREIN, BE ALSO CONSIDERED AS A BASIS OF DEFENSE BY THE PETITIONER MARÍA A. CLEMENTE ROSA, DURING THE HEARING TO BE HELD ON JANUARY 6, 2023. AS A REQUIREMENT OF LAW, PROGRAMMING ORDER, REQUESTED BY THE HON. JUDGE LAURA TAYLOR SWAIN, BEFORE THE MOTION SUBMITTED BY THE PETITIONER, ON DECEMBER 11, 2022.

18. RESPONSE TO THE OFFER IN COMPROMISE

> • X __ I/we reject the Offer in Compromise. However, I/we will accept a claim [general unsecured allowed/administrative expenses] against [Debtor] in the amount of $330,400.00 to satisfy all of the designated Claim(s), which are shall be made in accordance with any debt adjustment plan confirmed and implemented in [Debtor's] Title III Case.[4]

19. Below is a breakdown of my claims and THE MONETARY STATEMENT OF MY CLAIM AS: The most recent counter-offer based on and supported by the evidence of claim filed or amended in a timely manner in the December 11, 2022 Motion. Respectfully Submitted to the Hon. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO AND HON. JUDGE LAURA TAYLOR SWAIN, on December 11, 2022. (See Appendix 2). And for which the Hon. Judge Laura Taylor Swain issued a statement to hold a hearing on January 6, 2023.

---

[4] Case: 17-03283-LTS Doc#:23009 Filed: 12/07/22 Entered: 12/07/22 11:45:12 Desc: Main Document Page 35of42. RESPONSE TO SETTLEMENT OFFER. (Please select your Permitted Response in The box below. YOU MUST RESPOND TO THE SETTLEMENT OFFER.

20. THE CLAIM AGENCIES FOR MY DIFFERENT CASES OF CLAIMS ARE:

1. DEPARTMENT OF EDUCATION (Common Wealth of P.R.) Claim Number: 92159 - $90,000.00. DATE OF TRANSFER TO ACR 7/13/2021. RESOLUTION STATUS NO. 17-3283 ECF NO: 21350. FORUN/CASE NUMBER: AQ-14-0730

a. Law 9 of the Teaching Career of March 7, 2022, paid $53,900.00 to teachers who had completed the Professional Improvement Plan for the year 2013. The Government of Puerto Rico honored a group of teachers, but has stopped honoring hundreds of teachers who also complied with the Requirement to Submit the Professional Improvement Plan, for the year 2014, which is the case of the petitioner. (SEE APPENDIX 3)

b. And it would be unfair and heartbreaking, if the debtors (Government of Puerto Rico, and the Department of Education, did not pay the Petitioner, the Retroactive of what she had earned, the Total Amount owed, to the income that she was going to earn with the increase of $600.00 per month, from the year 2014, from the time he had managed to comply with the Professional Improvement Plan, in accordance with the requirements of the Teaching Career Law, an amount that would rise from the year 2014 to approximately $90,000.00

EVALUATION OF CALCULATIONS

SALARY OF THE PETITIONER AS OF NOVEMBER 6, 2013 $3,045.00 MONTHLY + $600.00 INCREASE BY LAW 158 OF 1999, AMENDMENT OF THE TEACHING CAREER LAW = $3,645.00 x 12 MONTHS = $10,245.00 x 9 YEARS (2014 TO 2022.2) = $0.5.902.2 (SEE APPENDIX 4)

THIS WOULD BE THE AMOUNT, WHICH PURSUANT TO LAW 9 OF MARCH 7, 2022, AS AMENDED (TEACHER CAREER LAW, THE PETITIONER STOPPED EARNING BECAUSE THE GOVERNMENT OF PUERTO RICO AND THE DEPARTMENT OF EDUCATION DID NOT PAY HER, FOR THE CLOSING LAW THE AMOUNT IN THE AMOUNT OF $92,205.00 WAS RECENTLY PRESENTED AS EVIDENCE OF CLAIM, IN THE MOTION RESPECTFULLY SUBMITTED ON DECEMBER 11, 2022.

2. SISTEMA DE RETIRO DE MAESTROS GOVERNMENT OF PUERTO RICO, AND PUBLIC EMPLOYEE (Teachers Retirement System, and Employees Retirement System of the Government of the Common Wealth of Puerto Rico.), Claim Number: 133537 – $90,000.00 – DATE OF

TRANSFER TO ACR 7 /13/2021. RESOLUTION STATUS NO. 17-3283 ECF
NO: 17320]3.

a. THE RETIREMENT SYSTEM OWES ME THE AMOUNT OF
$90,000.00, ACCORDING TO NUMBER: 133537- BECAUSE
THE VALUATION OF THE TABLE THAT I USED FOR MY
RETIREMENT, WAS BASED ON $2,314.74 AND NOT BASED
ON $3,645.00 + BONUS + INCENTIVE FOR PROMOTIONS +
LICENSE EXCESS OF SICKNESS THAT IS GIVEN TO TEACHERS
AND IS ACCOUNTED FOR THEIR RETIREMENT. THIS IS SEE
ON THE PENSION CERTIFICATION (SEE APPENDIX 5). (SEE
APPENDIX 6).

3. GOVERNMENT OF PUERTO RICO (Common Wealth of P.R.) Claim
Number: 139834 - $50,400.00. RESOLUTION STATUS NO. 17-3283 ECF
NO: 12657

4. GOVERNMENT OF PUERTO RICO (Common Wealth of P.R.) Claim
Number: 150849 - RESOLUTION STATUS NO. 17-3283 ECF NO: 12657.
a. (SEE APPENDIX 7).

5. GOVERNMENT OF PUERTO RICO (Common Wealth of P.R.) Claim
Number: 133778 - RESOLUTION STATUS NO. 17-3283 ECF NO: 17927
- $25,000.00

a. (SEE APPENDIX 8). A CLAIM IN THE AMOUNT OF
$25,000.00 WAS FILED TO THE DEBTOR, THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY, BASED
ON ACCIDENTAL DAMAGE, APPARENT NEGLIGENCE IN THE
SIGNING OF THE AVE HIGHWAY. RICH FIELD. AND
COLLECTION OF IMPROPER EXPRESS AUTO, AFTER THE
SYSTEM WAS JAQUETED ON TWO OCCASIONS, TO THE
SYSTEM.

6. LAST AND NOT LESS IMPORTANT. ADMINISTRATIVE EXPENSES
SHOULD BE TAKEN IN CONSIDERATION, EVEN IF NOT PRESENTED IN
PREVIOUS MOTIONS. IT WOULD BE IMPOSSIBLE NOT TO TAKE INTO
ACCOUNT THAT THE COLLECTION AND ANALYSIS OF DATA, LAWS,
DPRA CASES, AND EVIDENCE TO PRESENT THE MOTIONS, HAVE AN

EXPENSE. AS WELL AS THE USE OF ESSENTIAL SERVICES, WATER, ELECTRICITY, OFFICE, USE OF PHOTOCOPY SERVICES, CELL PHONE AND CELL PHONE USE EXPENSES, SHIPPING EXPENSES BY CERTIFIED MAIL AND REGULAR MAIL. IN THE SAME WAY THE INTELLECTUAL PROCESS OF PREPARING THE TABULATIONS, PREPARING THE PRESENTATIONS, EXPENDING FUEL, WHEN LIBRARIES ARE VISITED TO CARRY OUT THE EXPERT INVESTIGATION OF ANALYSIS OF ARCHIVES AND NEWSPAPERS. THE EXPENSES OF PREPARATION AND ANALYSIS OF THE MOTIONS AND TO TAKE EACH OF THE CASES DESCRIBED ABOVE FROM JUNE 28, 2018 TO THE PRESENT FOR FIVE YEARS, REGARDING MY ACADEMIC PREPARATION, WHERE FOR EACH SERVICE IS QUOTED PER HOUR. BEFORE THIS BREAKDOWN, WE WOULD BE PRESENTING ADMINISTRATIVE EXPENSES IN THE AMOUNT OF $75,000.00. (SEE APPENDIX 7).

21. Hon. Judge Laura Taylor Swain, in light of the request and document requirements from the Representatives of the Debtors and the Government of Puerto Rico, (Att. Proskauer Rose LLP and the Firm of the Álvarez & Marsal Law Firm), documents such as:

a. The DOCUMENT: "RESPONSE TO SETTLEMENT OFFER",

b. EVIDENCE OF THE LAWS THAT SUPPORT MY CLAIMS.

c. REQUIREMENT OF ALL DOCUMENTS, WHICH MAY VALIDATE BEYOND ALL REASONABLE DOUBT, MY CLAIMS.

d. WHICH OF COURSE, HON. JUDGE TAYLOR-SWAIN, BEYOND ALL REASONABLE DOUBT, MY MAIN DOCUMENT IS: "THE TEACHING CAREER LAW, LAW 158 OF 1999, AS AMENDED, TO LAW 9 OF MARCH 7, 2022,) SIGNED BY THE HON. GOVERNOR OF PUERTO RICO, PEDRO PIERLUISIS, AND THE CHECK DELIVERY ACTIVITY THAT THE GOVERNOR HIMSELF CARRIED OUT, ON JULY 8, 2022, TO TEACHERS WHO COMPLETED THE REQUIREMENT OF THE TEACHER CAREER LAW.

e. WHERE THE GOVERNOR OF PUERTO RICO, PAID SAID TEACHERS WITH THE DISBURSEMENT OF $4.3 MILLION LEFT IN THE BUDGET OF THE DEPARTMENT OF EDUCATION, (EL VOCERO NEWSPAPER, JULY 8, 2022) (See appendix 9).

22. In addition, The Honorable Laura Taylor Swain, filed a Scheduling Order and I quote: "ORDER SCHEDULING BRIEFING OF MOTION FILED BY MARIA A. CLEMENTE ROSA" "The Court will thereafter take the Motion on submission, unless the Court determines that a hearing is necessary". To be seen on January 6, 2023, requesting if there is any objection to the payment request, which Petitioner María A. Clemente Rosa presented, in the Motion of December 11, 2022, to the Hon. Judge Laura Taylor Swain and to the Hon. Tribunal of the Federal Court for Puerto Rico,

23. In the same, the Petitioner claims payments of money to Government Agencies, the Department of Education, the Teacher Retirement System, the Highway Authority, among other government agencies, and the administrative expenses incurred. Given this Motion, and with the probability that a representative of a debtor, from the Government Agencies of Puerto Rico, presents a request for objection, before my Motion of December 11, 2022, I want to establish with this Motion of December 30 of 2022, one of the purposes of the same, to establish, present my arguments, facts and all the laws, so that they serve as a defense front, before the Motions presented by the representatives, on behalf of the debtors.

24. Puerto Rico faces the biggest economic crisis that a country in the United States can have. That is why it is under the Title III Promise Law, before that Bankruptcy Law, its lawyers representing the Government and the Debtors, are requesting an automatic Stay of the proceedings, until the end of the Lawsuit or the final judgments. Since there are no certain amounts of claims. Due to this process, the debtors' lawyers understand that an automatic Stoppage of the Proceedings must be placed. In order to determine if the claimants are considered creditors of the government.

25. Hon. Judge Laura Taylor Swain, in the case of Petitioner María A. Clemente Rosa, this automatic suspension of the Proceedings would not apply, because my claims are directly tied to compliance with the Law on the Teaching Career, Law 9 of March 7, 2022, Amended, on behalf of the Department of Education, and the Teacher Retirement System, that in light of the unearned salaries, they did not honor my salary increases, under the Salary Adjustment Law, my promotions, ignored and apparently violated all the laws that covered the teacher employee

and the teacher, in order not to comply with the Law of the Commonwealth of
Puerto Rico. Law 58, of 1999, Law of the Magisterial Career, Amended. A law of
Teaching Career Law 9 of March 7, 2022, as amended and the Law of Salary
Adjustment from 2014 - to 2022.

26. Hon. Judge Taylor – Swain, I respectfully state that I understand that Puerto
Rico is, under Title III Promise Law, in "Bankruptcy". But on July 8, 2022, the Hon.
Governor Pedro Pierluisis Urrutia and the Hon. Secretary of Education, Mr. Eliezer
Ramos Parés, in a Private Activity, in La Fortaleza, delivered 166 checks to teachers
for the amount of $55,900.00. Which had complied with the Salary Adjustment
Law, in accordance with the Teaching Career Law. (El Vocero newspaper, 2022).
What leads this process to a precedent where it did not establish any Paralysis of
the Processes, on the contrary, its Professional Improvement Plan was recognized,
submitted under the 2013 Teaching Career Law.

27. Judge Laura Taylor Swain, Hon. Court of the Federal Court, of the United States,
I respectfully plead that if the Representatives of the Debtors, of the Government
of Puerto Rico, imposed a Stay of the Proceedings on my claims, ( ) in While waiting
for a "FINAL JUDGMENT OF THE CLAIM" they would be discriminated against me,
regarding: "equal pay for equal work", since there is a precedent and violating the
Salary Adjustment Law, and the Teaching Career Law, among others. It would be
totally unfair, because then they would put me in a new position, I would go from
a CLAIM FOR THE TEACHER CAREER LAW AND SALARY ADJUSTMENT ACT, TO A
NEW PETITION AND CLAIM TO THE GOVERNMENT OF PUERTO RICO, APPARENTLY
FOR DAMAGES, FOR DISCRIMINATION. And I respectfully raise that claim, based on
the action of the Hon. Governor to pay the Law for the Teaching Career on July 8,
2022, to 166 teachers who met the requirements, and to commit to pay the Law
for the Teaching Career to those who completed the 2014-2015 requirements.
Knowing the same Hon. Governor, Atty. Pedro Pierluisis, that Puerto Rico is
experiencing the greatest fiscal and economic crisis in its modern history, (Circular
Letter 2018-2). (See Appendix 3). According to Circular Letter 2018-2: where it is
established and I quote: "the Congress of the United States promulgated the
"Puerto Rico Oversight, Management, and Economic stability Act" ("PROMESA"),
Pub. L. 114-187 . Through said federal Law, a Financial Oversight and

Administration Board was created for Puerto Rico ("Fiscal Oversight Board"), to which certain powers were delegated.

28. Hon. Judge Laura Taylor Swain, Hon. Court of the Federal Court for Puerto Rico, I ask for your benevolence and respectfully request that in light of all the evidence and all the facts that I have presented regarding, The Teachers Career Law, Law 9 of March 7, 2022, as amended, and of all the requests of the Representatives of the Debtors, on the applicability of the Automatic Stay of the Proceedings to all the claims, made to the Government of Puerto Rico, before that possible postulate of On behalf of the representatives of the Debtors, I respectfully request that my claims be evaluated in light of the Ley de Carrera Magisterial, Law 9 of March 7, 2022, Salary Adjustment Law, without applying the Automatic stoppage of the procedures to my claims. And an evaluation is presented which can be applied to the facts in question.

29. Hon. Juez Laura Taylor Swain, respetuosamente expongo, y solicito que se desestimen las **Mociones de Oposición,** que surjan en contra de los reclamos de la Peticionaria, de parte de los Representantes de los Deudores. Solicito respetuosamente, que las mismas sean rechazadas y desestimadas Por las siguientes razones:

        a. Los representantes legales de los deudores, no se han expresado sobre el pago de la Ley de Carrera Magisterial del 8 de julio de 2022, que se llevó a cabo para 166 maestros y maestra del Sistema de Educación Pública, por parte de Gobernador de Puerto Rico, estando Puerto Rico, en quiebra, bajo la Ley Promesa III. C

        b. Los representantes legales de los deudores, no se han expresado si hubo algún cambio o modificación en esa sección 362, del Título 11, de Quiebra hacia los maestros y maestras que permitiera que el Gobernador pudiera hacer esos pagos de la Ley de Carrera Magisterial del 8 de julio de 2022. Sin quebrantar la Ley Promesa. Lo que viabiliza que si existe un Remedio, que permite que los procesos administrativos, que no tienen reclamos de dinero que menos caben al gobierno, se pueden hacer.

        c. Solicito respetuosamente que se desestimen, esas Mociones de Oposición hacia los reclamos de la Peticionaria, por

parte de los Representantes de los deudores, ya que fuera de toda duda razonable, La Peticionaria ha presentado argumentos válidos de eventos, publicados en los periódicos, que evidencian que el Gobernador de Puerto Rico, Hon. Pedro Pierluisis, pagó el 8 de julio de 2022, La Ley de Carrera Magisterial, haciendo cumplir la ley de Carrera Magisterial y la Ley de Ajuste salarial, a montos de $55,900.00. Ante esos hechos seria discriminatorios pagar a unos maestros, sin aplicarle ningún Procedimiento de Paralización automática de los procedimientos, y querer ahora, solicitar a la Hon Juez Taylor – Swain y al Hon. Tribunal de la Corte Federal, que acepte la aplicación de las Paralización Automática de los Procedimientos para aplicarlo al resto de los maestros, hasta que se concluya el cierre del caso y/o se determinen si los maestros son acreedores del gobierno o no.

30. Hon. Judge Laura Taylor Swain, I respectfully request that the Automatic Stay of Proceedings Process not be applied to my claims, because there is a real precedent, where a recognition of payment of the Teacher Career Law was carried out and a salary increase, to a group of 166 teachers who had met the requirements.

31. In addition, the Representatives of the Debtors, and of the Government of Puerto Rico, would be acting against the Law of Teacher Career, and against the actions of Governor Hon. Pedro Pierluisis, who carried out the payment of the Law of Teaching Career, and the salary increase of teachers who met the requirement of the same. And the petitioner, María A. Clemente Rosa, is requesting the payment of the Teaching Career Law Law 158 of 1999, amended Law 9 of March 7, 2022, and the payment of the Salary Adjustment Law, since the petitioner , submitted all the required documents and has shown that it complies with all the requirements of the Ley de Carrera Magisterial.

32. Hon. Judge Laura Taylor Swain, Hon. Court of the Federal Court, of the United States, I respectfully submit that The Headline of the newspaper El Vocero, on Friday, July 8, 2022, "GOBIERNO REIMBOLSA LA CARRERA MAGISTERIAL" marks the beginning of compliance, justice and recognition of the promise of the Payment of the Teaching Career Law, to hundreds of teachers who meet that requirement.

a. That day, the Hon. Governor Pedro Pierluisis expressed and quoted: "The delay in payment was due to the fact that the

government had not complied with the Law of Salary Adjustment for Teachers in accordance with the Law on the Teaching Career. A subsequent Legislation signed by Pierluisis established the payment to educators who met the study requirements in 2013 and orders the evaluation of the cases of teachers who requested the benefit between 2014-2015". "It is imperative that we honor the commitment that the government made to compensate these teachers for their efforts, a commitment that multiple previous administrations failed. I signed the law and we are complying with the teachers who have been asking for the teacher career program to be reactivated." The president explained. I close the appointment. (See Appendix 9).

33. Hon. Judge Laura Taylor Swain, Hon. Court of the Federal Court, of the United States, I respectfully state, and I acknowledge that the Promise Law, va and/or any other Law, go above any Regulation, ect. Notwithstanding the remedies of using The Penalization Relay,, for some administrative processes, the AAFAF Coordination, the OGP Agency and the Fiscal Control Board, have made it possible to make some processes more flexible, which allow administrative cases, similar to the of the Petitioner are seen without the Automatic Stay process. I come to your aid, so that the formula used by the Fiscal Control Board, to authorize that disbursement of $4.8 million, and that the Teacher Career Law could be paid, can be carried out in the case of the Petitioner. The Teaching Career Law is a Law of Puerto Rico, which the same government promulgated and promoted to establish better salary conditions for teachers in the Education System. And the action of the Hon. Governor, of Puerto Rico, is making it clear that the Law on the Teaching Career must be complied with, which is why I respectfully come to you, so that my claims are accepted as valid, before the government of Puerto Rico, the Agencies of the Department of Education, the Retirement System, the Highway Authority Agency, and the payment of administrative expenses, among others.

34. THE TEACHING CAREER LAW ESTABLISHES THAT THE SALARY OF THE TEACHER WHO OBTAINS THE RANK OF "TEACHER" WILL BE CALCULATED AS FOLLOWS:

> "The basic salary of the Master will be the one he has at the time he acquires said rank plus forty (40) percent calculated on the basis of the basic salary of the Probationary Instructor.

> Section 3.09.-Salary Review.-

> In order to encourage compliance with the Professional Improvement Plans, the Secretary will authorize salary reviews as an incentive for the conclusion of each stage thereof.

For this purpose, a teacher may receive salary adjustments during the term of their Professional Improvement Plan, being able to receive the consolidated amount corresponding to more than one stage if at the end they are in the same year or if they claim them at the same time. Each one of the adjustments per stage will be equivalent, in the case of an Assistant Teacher, to five (5) percent of the basic salary corresponding to the category of Probationary Instructor. In the case of the Associate Teacher and the Teacher, the adjustments per stage will be equivalent to eight (8) percent of the basic salary corresponding to the category of Probationary Instructor.

Section 3.10.- Procedure for Salary Review.-

The procedure related to salary reviews under the previous Article will be as follows:

> 1. The members of the Teaching Career will request the review of their salaries on the date indicated by the Secretary in the Regulations of the Teaching Career issued for that purpose. The request must be accompanied by a certified copy of the Professional Improvement Plan, which will be issued by the Director of your school, as well as reliable documents that prove that the applicant has satisfactorily completed the stage of the Plan on which his claim is based. Requests for review will be filed in the Director's office.

35. THE SENATE BEFORE THE FAILURE TO PAY THE TEACHER CAREER LAW TO THE TEACHER; THEY LEGISLATED FOR THE PROJECT OF THE SENATE ENTITLED: (P. del S. 573); 2022, LAW OF SALARY ADJUSTMENT FOR TEACHERS ACCORDING TO THE LAW OF THE TEACHING CAREER. THE DOCUMENT WAS PLACED AS FOLLOWS AND I QUOTE:

"Law of Salary Adjustment for Teachers Pursuant to the Law of the
Teaching Career

Law No. 9 of March 7, 2022
 (P. del S. 573); 2022, Law 9

Law to amend several laws and order the payments due from Fiscal Year 2014-2015
in accordance with the Law on the Teaching Career, as amended.

To add a subsection (vi) to subsection (d) of Section 11, and amend Section 31 of
Law No. 66 of June 17, 2014, as amended, known as the "Special Law for Fiscal and
Operational Sustainability of the Government of the Commonwealth of Puerto
Rico"; amend Section 2.08 of Act No. 26 of April 29, 2017, as amended, known as
the "Fiscal Plan Compliance Act"; order the Department of Education and the Office
of Management and Budget to identify the amount of four million three hundred
sixty-seven thousand seven hundred thirty-six dollars ($4,367,736), in the agency's
budget, to cover on or before the end of the Year Fiscal Year 2022-2023 the
payments owed corresponding to the period preceding Fiscal Year 2014-2015
pursuant to Act No. 158 of July 18, 1999, as amended, known as
"Law of the Teaching Career"; order the Department of Education and the Office of
Management and Budget to make salary adjustments and to identify the amount
of money owed corresponding to said adjustments from Fiscal Year 2014-2015
onwards pursuant to the application of Law 158-1999, supra, in order to include
the item in the budget of the Department of Education on or before the end of
Fiscal Year 2023-2024; order the Department of Education, the Office of
Management and Budget, and the Puerto Rico Fiscal Agency and Financial Advisory
Authority to identify the recurring funds necessary to reactivate compliance with
Law 158-1999, supra; in order to achieve the reactivation and compliance with Law
158-1999, supra, after the stoppages caused by Law 66-2014, supra, and by Law
26-2017, supra, in the process of complying with the Professional Improvement
Plans, Classifications and Teaching Levels of teachers who accepted the Teaching
Career Law; and for other related purposes.

STATEMENT OF MOTIVES

Law 158-1999, as amended, known as the "Teaching Career Law", was adopted to
provide for the system of teacher ranks, establish procedures for promotions and
salary review, and provide for the Individual Professional Improvement Plan and
the continuing education programs. It was established recognizing the need to
continually renew the knowledge of teachers, to improve their skills through
studies and teaching practice, and to maintain the best teachers and teachers in
the classroom of the Department of Education of Puerto Rico ( the Department).
For this, it established salary increases for teachers who, in search of their
professional improvement, are completing new academic degrees, among other
requirements.

In Article 1.03 of said Law, it is indicated that the teachers of the classroom, teacher
librarians, school counselors.

36. HON. LAURA TAYLOR SWAIN, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO. I RESPECTFULLY STATE THAT THOSE SALARY INCREASES AND SALARY REVISIONS PROVIDED FOR IN THE LAW DESCRIBED ABOVE, WERE NEVER APPLIED TO THE PETITIONER'S SALARY AND THEREFORE THEY WERE NEVER GIVEN TO THE PETITIONER.

37. FOR THE YEAR 2014, WHEN THE PETITIONER PRESENTS THE LAST PHASE AND/OR EVALUATION STAGE TO CLAIM PAYMENT FOR COMPLIANCE WITH THE PROFESSIONAL IMPROVEMENT PLAN, SPECIAL LAW NO. 66 OF JUNE 17, 2014, AS AMENDED, KNOWN AS THE "SPECIAL LAW ON FISCAL AND OPERATIONAL SUSTAINABILITY OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO"; BECAUSE OF THIS SITUATION, THE PROMESA LAW ARISES, "Puerto Rico Overnight, Management, and Economic Stability Act" ("PROMESA"), Pub. L. 114-187. LAW PROVISING, SINCE 2018, THE FISCAL AND ECONOMIC RESTRUCTURING OF THE GOVERNMENT OF PUERTO RICO.

38. BECAUSE OF THE ARTICLES REQUIRED TO COMPLY WITH THE TEACHER CAREER LAW, THE PETITIONER HAS FULFILLED ALL THE REQUIREMENTS, IS SUBMITTING A COPY OF THE PROFESSIONAL IMPROVEMENT PLAN COLLATED AND SIGNED BY THE TEACHER CAREER OFFICE OF THE DEPARTMENT OF EDUCATION, EVIDENCE OF PRESENTATION OF LEVEL PASSES ACCORDING TO MEETING THE REQUIREMENTS AND SIGNED AND PRESENTED BY THE SCHOOL PRINCIPAL AND THE EVALUATION COMMITTEE, EVIDENCE OF THE PREPARATION OF A CURRICULUM IN THE AREA OF HISTORY, OF MY AUTHORSHIP AND OWN KNOWLEDGE (WHICH I HAVE THE COPYRIGHT) REQUESTED BY THE INTERIM DIRECTOR OF THE TEACHING CAREER MR. ERIC PÉREZ, SEE EXHIBIT 3B.

HON.LAURA TAYLOR SWAIN, UNITED STATES DISTRICT COURT AND THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH PF PUERTO RICO, et al, . Debtors: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO I RESPECTFULLY REQUEST THAT THE PRESENT MOTION DESCRIBED IN THE HEADING BE TAKEN INTO CONSIDERATION: MOTION TO CLAIM THE RIGHT TO PAYMENTS

OWED BY THE GOVERNMENT OF PUERTO RICO FROM THE COMMONWEALTH. DEPARTMENT OF EDUCATION, TEACHER RETIREMENT SYSTEM, AMONG OTHER GOVERNMENT AGENCIES AND THE ADMINISTRATIVE EXPENSES INCURRED BY THE PETITIONER (ADMINISTRATIVE EXPENSE REQUEST). FOR A TOTAL BALANCE OF MY CLAIMS IN THE AMOUNT OF $330,400.00. AND THE RESPECTFUL REQUEST SUBMITTED TO THE HON. JUDGE LAURA TAYLOR SWAIN, REGARDING THE DISMISSAL OF THE OBJECTION MOTION SUBMITTED BY, THE REPRESENTATIVES OF THE DEBTOR PARTY.

ACCORDING TO THE APPLICABLE LAW.
RESPECTFULLY REQUESTED.

I CERTIFY that on this same date I have sent by mail "CERTIFIED" a true and exact copy of this TO THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, et al., Debtors:

In Carolina, Puerto Rico today December 30, 2022

Dra. María A. Clemente Rosa
Condominio Astralis 9546
Calle Díaz Way, Apt 311
Torre # 6 Carolina, P.R. 00979