Hearing Date: February 1, 2023 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: January 17, 2023 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

### DEBTORS' NOTICE OF MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM

**PLEASE TAKE NOTICE** that, upon the accompanying *Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Motion"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS,

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], will move this Court on **February 1, 2023 at 9:30 AM (AST),** or as soon thereafter as counsel may be heard, before the Honorable Laura Taylor Swain, United States District Judge, United States District Court for the District of Puerto Rico, 150 Carlos Chardón Avenue, Federal Building, San Juan, Puerto Rico, for an order granting the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion and the relief requested therein shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (*a*) by attorneys practicing before the Court in the Debtors' Title III cases, including attorneys admitted *pro hac vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico, and (*b*) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, 150 Carlos Chardón Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served on the Defendants through their undersigned counsel in accordance with the *Sixteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 20190-1], so as to be so filed and received no later than **January 17, 2023 at 4:00 PM (AST)**. The relief requested may be granted without hearing if no objection is timely filed and served in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Court's standing orders and the Case Management Procedures, the Debtors have provided notice of this Motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (*a*) all creditors who filed proofs of claim which have yet to be reconciled, (*b*) the U.S. Trustee, (*c*) all

---

[2]      PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

creditors who filed notices of correspondence, and (*d*) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

Dated: January 10, 2023
         San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**Hearing Date: February 1, 2023 at 9:30 a.m. (Atlantic Standard Time)**
**Objection Deadline: January 17, 2023 at 4:00 p.m. (Atlantic Standard Time)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

## DEBTORS' MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and  ERS, the "Debtors"), pursuant to Section 315(b) of the *Puerto Rico*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting a one hundred eighty (180) day extension of the deadline established in Section 82.1(a) of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* for the Debtors to file objections to proofs of claim, from March 8, 2023, up to and including September 4, 2023.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has subject-matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA § 306(a).

2.      Venue is appropriate in this District pursuant to PROMESA §§ 106(a) and 307(a) and 28 U.S.C. § 1391.

## BACKGROUND

**A.     Filing of the Title III Cases and the Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA § 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA § 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "ERS Title III Case").  Further, on September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA § 104(j) and 206 and filed a voluntary petition for relief for

---

[2]      PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

PBA, pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and together with the Commonwealth Title III Case and the ERS Title III Case, the "Title III Cases").  On June 29, 2017 and October 9, 2019, the Court entered orders granting the joint administration of the Title III Cases for procedural purposes only.  ECF Nos. 537, 8829.[3]

4.      On January 16, 2018, the Commonwealth and ERS, *inter alia*, filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Commonwealth and ERS Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Commonwealth and ERS Initial Bar Date Orders"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Commonwealth and ERS Initial Bar Date Orders, the "Commonwealth and ERS Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time) (the "Commonwealth and ERS Bar Date").

5.      On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and*

---

[3]      Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"),

the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and

procedures for filing proofs of claim in the PBA Title III Case.  In light of the public health

emergency created by the spread of COVID-19, the Court subsequently extended this deadline to

and including July 29, 2020 at 4:00 p.m. (Atlantic Time) (the "PBA Bar Date," and together with

the Commonwealth and ERS Bar Date, the "Bar Dates"), by the *Order (A) Extending Deadlines*

*for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No.

13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together

with the Commonwealth and ERS Bar Date Orders, the "Bar Date Orders").

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment**

        6.      Pursuant to the *Order and Judgment Confirming the Modified Eighth Amended*

*Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement*

*System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public*

*Buildings Authority* [ECF No. 19813], the Court confirmed the *Modified Eighth Amended Title III*

*Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784] (the

"Plan").

        7.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective

Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry*

*of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the*

*Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of*

*the Effective Date* [ECF No. 20349].

        8.      Pursuant to Section 82.1(a) of the Plan, "[u]nless otherwise ordered by the Title III

Court, to the extent not already objected to by the Debtors, Reorganized Debtors shall file and

serve all objections to Claims as soon as practicable, but, in each instance, not later than one

4

hundred eighty (180) days following the Effective Date or such later date as may be approved by the Title III Court." Accordingly, the original deadline for the Debtors to file objections to proofs of claim filed against the Debtors was one hundred eighty (180) days following March 15, 2022, or September 9, 2022 (the "Original Claim Objection Deadline").[4]

9.      On July 26, 2022, the Debtors filed the *Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Extension Motion") [ECF No. 21601], seeking to extend the Original Claim Objection Deadline from September 9, 2022 to March 8, 2023.

10.      On August 22, 2022, the Court entered the *Order Granting Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Extension Order") [ECF No. 21894], extending the Claim Objection Deadline to March 8, 2023 and preserving the Debtors' right to seek further extensions of the Claim Objection Deadline.

## C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections

10.      To date, approximately 179,339 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll"). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

11.      Of the proofs of claim filed, approximately 118,723 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Approximately 53,336 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. Approximately 408

---

[4]      One hundred eighty (180) days after the Commonwealth Effective Date was September 11, 2022, which was a Sunday. Pursuant to Section III.V. of the Case Management Procedures, which requires documents due on a day other than a business day to be filed by the first business day preceding such date, the deadline fell on September 9, 2022.

proofs of claim have been filed in relation to, or reclassified to be asserted against, PBA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

12.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381].

13.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on June 13, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification.  *Notice of Hearing*

*with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

14.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date, the Court has held over 28 hearings related to over 500 omnibus objections filed by the Commonwealth, ERS, PBA, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority ("PREPA").[5]  Based upon rulings and orders of the Court to date, approximately 105,744 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 44,981 claims have been transferred into the ACR Procedures[6] for resolution using the Debtors' ordinary-course administrative processes.

15.     As of the filing of this Motion, approximately (*i*) 7,508 proofs of claim remain asserted against the Commonwealth; (*ii*) 36 proofs of claim remain asserted against ERS; and (*iii*)

---

[5]     As of the filing of this Motion, there are currently 12 Omnibus Objections that have been granted with Notices of Presentment filed awaiting orders, and 97 pro se responses awaiting scheduled hearings.

[6]     *See Order (A) Authorizing Administrative Reconciliation Of Claims, (B) Approving Additional Form Of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order") and the accompanying *Administrative Claims Reconciliation Procedures* [ECF No. 12274-1] (the "ACR Procedures").

204 proofs of claim remain asserted against PBA (collectively, the "Remaining Claims") and yet to be reconciled.

## RELIEF REQUESTED AND BASIS FOR RELIEF

16.     The Debtors respectfully request entry of the Proposed Order further extending the Claim Objection Deadline by one hundred eighty (180) days, from March 8, 2023, to and including September 4, 2023.  The requested extension is without prejudice to the Debtors' rights to seek a further extension of the Claim Objection Deadline upon motion filed with the Court.

17.     The Court has authority to grant the relief requested herein pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9006(b), made applicable to the Title III Cases by PROMESA §§ 301(a) and 310, respectively.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.  *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *see, e.g.*, *In re MF Global Holdings, Ltd*., 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (recognizing the bankruptcy court's "inherent authority 'to control disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants'") (quoting *Lester–Krebs, Inc. v. Geffen Records, Inc*., No. 85 Civ. 6320, 1985 WL 4270, at *2 (S.D.N.Y. Dec. 4, 1985)); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 97 (2d Cir. 2012) (same).  In addition, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause may at any time in its discretion . . . with or without motion or notice order the

period enlarged if the request therefore is made before the expiration of the period originally prescribed . . . ." Fed. R. Bank. R. Proc. 9006(b)(1).

18.     Moreover, extensions of the time to object to claims are frequently granted in other cases in where there are a substantial number of claims and complex issues. *See, e.g., In re Ditech Holdings Corp.*, Case No. 19-10412 (JLG), (Bankr. S.D.N.Y. Feb. 27, 2020) (initial deadline extended by one-hundred eighty (180) days); *In re MF Global Holdings Ltd.*, Case No. 11-15059 (MG), (Bankr. S.D.N.Y. Aug. 23, 2016) (initial deadline extended by more than two (2) years and eight (8) months); *In re Motors Liquidation Corp.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Mar. 18, 2014) (initial deadline extended by more than two (2) years and eleven (11) months); *In re Extended Stay Inc.*, Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. Oct. 19, 2011) (initial deadline extended by more than one (1) year); *In re Refco Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. July 8, 2010) (initial deadline extended by more than three (3) years and eight (8) months).

19.     For the reasons set forth herein, good cause exists to further extend the Claim Objection Deadline, and the Debtors submit that an additional one hundred eighty (180) day extension of the Claim Objection Deadline requested herein is appropriate and reasonable.

20.     As the Court is well aware, the Title III Cases are of an unprecedented size and scope, with the Commonwealth and its instrumentalities owing approximately $74 billion in the aggregate.  As noted above, over 150,000 claims have been filed against the Commonwealth, ERS, and PBA alone.

21.     In the months since the Court entered the Extension Order, the Debtors have continued to make significant progress in reconciling claims filed against them.  During that period, the Debtors have objected to disallow and expunge 10,937 claims asserting $1,501,720,010 plus unliquidated amounts.  Of those, 9,482 claims asserting $329,965,436 in liabilities were

deficient claims that had failed to respond to outreach from the Debtors in connection with the
Administrative Claims Reconciliation process, and 1,455 claims asserting $1,171,754,574 plus
unliquidated amounts were, *inter alia*, general unsecured claims.   The Debtors have also
transferred 397 claims into the ADR Procedures[7] in an effort  to obtain additional information
from the claimants and, if possible, negotiate consensual resolutions of as many claims as possible.
Further, the Debtors have transferred 503 additional claims into Administrative Claims
Reconciliation[8] so that they may be resolved utilizing the Debtors' existing administrative
processes.   The Debtors have also determined to allow 116 claims asserting $5,035,259.41 in
liabilities.   The Debtors have filed objections to liquidate an additional 85 claims, and they
anticipate allowing those claims in the event such objections are ordered.   In addition, the Debtors
have continued the laborious and time-consuming process of gathering information necessary to
evaluate the Remaining Claims.   Because that information is dispersed across the Commonwealth
and its constituent agencies, ERS, and PBA, that process has required significant time and
attention.   As a result of those efforts, however, the Debtors anticipate that, in the near term,
hundreds of additional claims may be transferred into the ADR Procedures and hundreds more
claims may be transferred into Administrative Claims Reconciliation.

22.   While the Debtors have made significant progress in the claims reconciliation
process, and have resolved the substantial majority of claims, 7,748 Remaining Claims remain
outstanding.   The Debtors' efforts to gather information regarding these claims remains ongoing,

---

[7]   "ADR Procedures" means the alternative dispute resolution procedures approved by the
Court in its *Order Granting Motion of the Financial Oversight and Management Board for Puerto
Rico to Amend Alternative Dispute Resolution Procedures* [ECF No. 23113].

[8]   "Administrative Claims Reconciliation" means the procedures approved by the Court in its
*Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form
of Notice, and (C) Granting Related Relief* [ECF No. 12274].

particularly because numerous Remaining Claims involve unique facts and legal issues that require additional time and individual attention.  The Remaining Claims also represent among the most substantive and complex claims against the Debtors and require more time to analyze and develop an appropriate response.  Accordingly, despite their best efforts, the Debtors understand that they will not be able to make the determination whether to object to each and every Remaining Claim by the Claim Objection Deadline.

23.      The Debtors represent that extension is not sought for the purposes of delay and will not prejudice any creditor in these Title III proceedings.  Rather, extending the Claim Objection Deadline will benefit all parties in interest, as it will provide the Debtors with sufficient opportunity to review and analyze the Remaining Claims, determine the validity of each claim, and make the appropriate determination as to how to proceed with respect to each claim.  If the current Claim Objection Deadline were maintained, the Debtors may be precluded  from challenging invalid and/or overstated claims, to the detriment of the Debtors and their creditors or, conversely, filing objections to preserve the Debtors' rights when such objection may not be warranted, thereby to the detriment of the asserted creditors.  Extending the Claim Objection Deadline will ensure that only valid claims are allowed, thereby maximizing recoveries for creditors holding allowable claims.

24.      The Debtors reserve the right to seek a further extension of the Claim Objection Deadline upon motion filed with the Court.

## NOTICE

25.      In accordance with the Court's standing orders, the *Sixteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 20190-1], the Debtors have provided notice of this motion, in the form of paper copies thereof sent by first class mail or

digital copies sent by email, to (*a*) all creditors who filed proofs of claim which have yet to be reconciled, (*b*) the U.S. Trustee, (*c*) all creditors who filed notices of correspondence, and (*d*) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **NO PRIOR REQUEST**

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE** the Debtors respectfully request the Court enter an order, substantially in the form attached hereto as **Exhibit A**, extending the current Claim Objection Deadline by one hundred eighty (180) days, from March 8, 2023, to and including September 4, 2023, and granting the Debtors such other relief as is just and proper.

Dated: January 10, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

13

## <u>Exhibit A</u>

**Proposed Order**

### UNITED STATES DISTRICT COURT
### DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth, ERS, and PBA. |

### ORDER GRANTING DEBTORS' MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM

Upon consideration of the *Debtors' Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Motion");[2] and it appearing that (*i*) the Court has subject-matter jurisdiction over the Motion pursuant to PROMESA § 306(a)(1); (*ii*) venue of this proceeding is proper under PROMESA §§ 106(a) and 307, and 28 U.S.C. 1391(b); and (*iii*) the Court has found good cause to grant the relief requested in the Motion, it is **HEREBY ORDERED THAT**:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

1.      The Motion is **GRANTED** as set forth herein;

2.      The Claim Objection Deadline is extended for a period of one hundred eighty (180)

days, up to and including September 4, 2023;

3.      The Debtors' right to seek further extensions of the Claim Objection Deadline is

preserved;

4.      This Order resolves docket entry No. _____;

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

        SO ORDERED.

Dated: _____, 2023          _____
        San Juan, Puerto Rico                      LAURA TAYLOR SWAIN
                                                   United States District Judge