UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

---

## RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ORDER FURTHER EXTENDING DEADLINE TO FILE OBJECTION TO PROOFS OF CLAIM

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this response (the "Response") to the *Debtors' Motion for an Order Further Extending the Deadline to File Objection to Proofs of Claim* [Docket No. 23234] (the "Second Extension Motion").[3] In support of this Response, the Committee respectfully states as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Second Extension Motion.

## RESPONSE

1. The Committee does **not** oppose the relief requested in the Second Extension Motion, namely a further 180-day extension of the Claim Objection Deadline through September 4, 2023. The Committee, as the statutory fiduciary for all unsecured creditors of the Commonwealth and ERS (as well as HTA and PREPA),[4] fully appreciates the challenges the Oversight Board is facing in reconciling more than 170,000 claims filed against the Title III Debtors, including as it relates to gathering information from the Commonwealth and its agencies necessary for the Oversight Board to evaluate the more than 7,700 Remaining Claims.

2. Nevertheless, the Committee is concerned about the pace at which the Remaining Claims are being resolved and the timing of distributions to general unsecured creditors.[5] For one, as the Second Extension Motion notes, only 116 claims asserting approximately $5 million in liabilities have been allowed to date.[6] *See* Second Extension Motion ¶ 21. While the Motion indicates that an additional 85 claims may be allowed upon resolution of pending claims objections, *id.*, it is disappointing that more than five and a half years into these Title III cases (and almost a year after the effective date of the Plan), only so few claims have been allowed, while more than 7,700 claims remain unresolved. Further, the Oversight Board's most recent status report indicated that there were approximately 1,500 claims remaining that are fully unliquidated. *See* Docket No. 23056. Indeed, in light of the current claims landscape, to the

---

[4] Pursuant to Section 90.1 of the Plan, the Committee continues to exist for purposes of the Commonwealth and ERS cases until the order confirming the Commonwealth plan of adjustment has become a final order (which has not yet occurred).

[5] Prior to filing this Response, the Committee also conferred with the claims supervisors appointed pursuant to section 82.1(b) of the Plan. The Committee is informed that they fully support the Committee's position in this Response.

[6] That is only a slight increase over the approximately 100 claims that the Committee understands had been allowed (in an aggregate amount of approximately $2.5 million) as of the filing of the Oversight Board's first request for an extension of the Claim Objection Deadline in July 2022.

Committee's knowledge, **no** distributions have been made to general unsecured creditors of the Commonwealth or ERS, **including holders of convenience claims** (even though the purpose of establishing a convenience class under the Plan was to provide distributions to holders of valid small claims without delay).

3. To be clear, the Committee does **not** fault the Oversight Board for focusing their claims reconciliation efforts first on the elimination of claims on technical or non-substantive grounds (including objections to deficient claims). That said, the Second Extension Motion provides no indication as to when the more than 7,700 Remaining Claims will be resolved—or at least substantially resolved such that distributions to allowed general unsecured claims could commence. The Committee does not doubt that, as the Oversight Board notes, many of these claims raise "unique facts and legal issues." Second Extension Motion ¶ 22. However, the time has come to focus all efforts on resolving the Remaining Claims as soon as possible—even if, according to the Oversight Board, these claims "represent among the most substantive and complex claims against the Debtors and require more time to analyze and develop an appropriate response." *Id.*

4. The Committee is, of course, aware that the Court previously granted the Oversight Board's first request for an extension of the Claim Objection Deadline [Docket No. 21601] (the "First Extension Motion"), without requiring (as the Committee had requested at the time) that the Oversight Board provide a timeline of when the Remaining Claims will be resolved. However, as the Court noted at the August 17, 2022 hearing on the First Extension Motion, the Court expects "focused work toward achieving the **expeditious conclusion of the claims resolution process, and the payments of distribution to creditors who have waited**

**five or more years at this point for the payment of their claims**." Aug. 17, 2022 Hr'g Tr. at 16:8-12 (emphasis added).

5. The Committee submits that it is fair to ask, at this point in these Title III cases, what progress the Oversight Board expects to make over the course of the next six months and when it expects to complete (or at least substantially complete) the claims reconciliation process, so that distributions to general unsecured creditors, including holders of convenience claims, can at least commence. For all these reasons, the Committee requests that the Oversight Board's second extension of the Claim Objection Deadline be conditioned on the Oversight Board providing a timeline as to how it expects to bring the reconciliation of the Remaining Claims to an expeditious conclusion.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Committee respectfully requests that the Court grant relief consistent with this Response.

Dated: January 17, 2023

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*