IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NORTH SIGHT COMMUNICATIONS, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF POST-PETITION ADMINISTRATIVE EXPENSE CLAIM**

TO THE HONORABLE COURT:

COMES NOW, North Sight Communications, Inc. ("NSCI"), through its undersigned counsel, and very respectfully states and prays:

**<u>Preliminary Statement</u>**

1. On May 13, 2017, the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>") filed a Title III petition under the Puerto Rico Oversight Management and Economic Stability Act ("<u>PROMESA</u>") on behalf of the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. The Department of Public Safety[2] (the "Department"), the General Services Administration[3] (the "Administration"), and the Puerto Rico Police Bureau[4] (the "Bureau") are all agencies of the Commonwealth and thus debtors in the Commonwealth's Title III case.

3. On January 18, 2022, the Honorable Court entered an Order (ECF No. 19813) confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 19784) (the "Plan"). Pursuant to the terms of the Commonwealth's Plan, all administrative claims had to be submitted in the Commonwealth's Title III case no more than ninety (90) days after the Commonwealth's Plan effective date of March 15, 2022 (the "Effective Date"), to wit, on or before June 13, 2022 (the "Administrative Claim Bar Date"), or they would be forever barred, and the debtors will have no obligation with respect to them.

4. On October 20, 2022, this Honorable Court entered an *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* (ECF No. 22650) (the "Extension Order"), extending the Administrative Claim Bar Date "to 4:00 p.m. (Atlantic Standard Time) on January 18, 2023 […], solely **with respect to any claim or cause of action:**

> (A)(1) **asserted in a litigation or action against the Commonwealth**, PBA, or ERS **commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date**, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and
>
> (B) the holder of such claim did not receive service of the Effective Date Notice as documented in a Certificate of Service referred to in paragraph 3 below." (Original bold omitted) (Bold added).

---

[2] "Departamento de Seguridad Pública de Puerto Rico".

[3] "Administración de Servicios Generales".

[4] "Negociado de la Policía de Puerto Rico".

5. On January 12, 2023, the Commonwealth filed a notice of injunction in the post-petition action filed by NSCI in the Court of First Instance, San Juan Division (the "State Court"), described below in paragraph 11 of this motion. Attached as exhibits to the Commonwealth's notice were this Court's Notice[5] of March 15, 2022 (ECF No. 20349) and the Extension Order. See **Exhibit A**.

6. NSCI was not included in the master mailing list in the Commonwealth's Title III case and did not receive notices of the Commonwealth's Plan, amendments to said plan, the Administrative Bar Date, the Effective Date Notice, nor the Extension Order. Thus, NSCI's instant post-petition administrative expense claim is timely under the terms of the Commonwealth's Plan and the Extension Order.

7. As discussed below, NSCI's instant post-petition administrative expense claim pertains to a claim and cause of action asserted by NSCI in a litigation against the Department, the Administration, and the Bureau (to wit, the Commonwealth), commenced after the Commonwealth's petition date and prior to the Effective Date, and relates to actions or events that occurred after the Commonwealth's petition date and prior to the Effective Date.

## Background and Argument

8. In early 2020, the Administration invited potential bidders registered in its Bidder's Registry (*Registro Único de Licitadores* or RUL) to participate in the Exceptional Purchase (*Compra Excepcional*) No. 20-193-DSP-PPR (the "Exceptional Purchase") for the acquisition of 500 dual band portable communication radios for the Bureau and provided potential bidders the corresponding specifications, terms, and conditions. Three companies (NSCI, Codecom, Inc., and

---

[5] *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* dated March 15, 2022 (ECF No. 20349).

Skytec) submitted offers for the Exceptional Purchase. NSCI's offer consisted of 500 units of Motorola APX-8000 Model 2.5 portable radios, at a unit price of $2,695.00 and a total price of $1,347,500.00.

9. After evaluating all the offers, the Bureau recommended the product proposed by NSCI because it complied with all the specifications and time of delivery.

10. On June 25, 2020, the Administration awarded NSCI the Exceptional Purchase. The Administration determined that NSCI's offer complied with all the specifications, terms, and conditions, and that NSCI's price of $2,695.00 per unit was the lowest.

11. Given that the Administration had awarded NSCI the Exceptional Purchase but still had not issued the corresponding purchase order, on October 9, 2020, NSCI filed a complaint and a request for injunction and order to execute, initiating the action captioned *North Sight Communications, Inc. v. Department of Public Safety, et al.*, Case No. SJ2020CV05478, in the State Court, against the Department, the Secretary of the Department in his official capacity, the Administration, the Secretary of the Administration in her official capacity, the Bureau,[6] and the Commissioner of the Bureau in his official capacity (all represented by the Commonwealth).[7] Among other things, NSCI requested that the State Court order the Department, the Administration, and the Bureau to fulfil the purchase of the 500 radios under the Exceptional Purchase awarded to NSCI.

---

[6] Pursuant to Act No. 20 of April 10, 2017, 25 L.P.R.A. § 3531, the Bureau is attached to the Department, under the direct and non-delegable supervision of the Secretary of Public Safety.

[7] NSCI's complaint and request for injunction and order to execute was also filed against Codecom, Inc., requesting that the Court prohibit the Commonwealth from awarding Codecom, Inc. the Exceptional Purchase 21-023-DSP-PPR without inviting any other competitor and because NSCI has products that complied with the specifications of said purchase. After various proceedings, the Court of First Instance allowed NSCI to amend its complaint and thus continue its cause of action regarding the nullity and illegality of the Exceptional Purchase 21-023-DSP-PPR awarded to Codecom, Inc. as a cause of action of declaratory judgment, which is still pending before the Court of First Instance.

12. On October 28, 2020, the Administration issued NSCI the "Obligation and Purchase Order" (*Obligación y Orden de Compra*) (the "Purchase Order") for the Exceptional Purchase, for 500 Motorola APX-8000 Model 2.5 portable radios, for a total price of $1,347,500.00. See **Exhibit B**. The profit that NSCI was to receive from said purchase was $272,500.00.

13. On November 30, 2020, NSCI bought on credit from Motorola and caused to be delivered to Puerto Rico the 500 radios object of the Purchase Order of the Exceptional Purchase to Puerto Rico for delivery to the Administration.

14. Despite all of NSCI's efforts to deliver the 500 radios, the Administration and the Bureau refused to receive them and to provide NSCI with a date to deliver them. Because of the Administration's and the Bureau's refusal to receive the radios, they were stored in NSCI's warehouse and/or storage area for approximately over a year and had to be returned to Motorola in December 2021.

15. To this day, the Administration and the Bureau still refuse to receive the 500 radios object of the Purchase Order for the Exceptional Purchase and have not paid NSCI the sum of $1,347,500.00 for the cost of the radios, pursuant to said order issued to NSCI by the Administration. The Administration's and the Bureau's failure and refusal to pay NSCI the sum of the Purchase Order deprived NSCI from receiving its profit, which ascends to $272,500.00.

16. The Administration's and the Bureau's unjustified refusal to receive the 500 radios that they purchased pursuant to the Purchase Order of the Exceptional Purchase that the Administration issued to NSCI, caused NSCI loss of space in its warehouse and/or storage area and to incur legal expenses to compel the Administration and the Bureau to fulfil their obligations under said purchase order. Also, because of the Administration's and the Bureau's refusal to

receive the radios, NSCI's credit terms and commercial relationship with Motorola was adversely affected and since then NSCI has had to finance in advance 50% of its orders with Motorola instead of being able to obtain products from Motorola on full credit.

17. The Administration and the Bureau owe NSCI the due, liquid, and enforceable sum of $1,347,500.00 for the cost of the 500 radios object of the Purchase Order of the Exceptional Purchase that the Administration issued to NSCI, plus any applicable pre-judgment and post-judgment interests until its full payment.

18. The Administration's and the Bureau's inaction and refusal to receive the 500 radios object of the Purchase Order of the Exceptional Purchase has caused NSCI to be deprived of collecting the just price of the radios, which ascends to $1,347,500.00, to lose space in its warehouse and/or storage area, to incur legal expenses, and affected its commercial relationship with Motorola, all of which caused damages to NSCI in the estimated sum of no less than $150,000.00.

19. If the Honorable Court determines not to order the Administration and the Bureau to receive the 500 radios that they purchased pursuant to the Purchase Order of the Exceptional Purchase that the Administration issued to NSCI, then NSCI should be allowed a post-petition administrative expense claim for the profit it should have received from the Purchase Order of the Exceptional Purchase that the Administration issued to NSCI, which ascends to $272,500.00, plus any applicable pre-judgment and post-judgment interests until its full payment, and an estimated sum of no less than $150,000.00 for the damages caused to NSCI as a result of the Administration's and the Bureau's inaction and refusal to receive the radios.

**WHEREFORE**, NSCI respectfully requests that the Honorable Court allow its claim for post-petition administrative expense claim for the due, liquid, and enforceable sum of

$1,347,500.00 for the cost of the 500 radios object of the Purchase Order of the Exceptional Purchase that the Administration issued to NSCI, plus any applicable pre and post-judgment interests until its full payment, and a sum of no less than $150,000.00 for the damages caused to NSCI by the Administration and the Bureau due to their refusal to receive the radios, for a total sum of no less than $1,497,500.00.

In the alternative, if the Honorable Court determines not to order the Administration and the Bureau to receive the radios, then NSCI respectfully requests that the Honorable Court allow NSCI a claim for post-petition administrative expense claim for the sum of $272,500.00, which is the profit that NSCI should have received from the Purchase Order of the Exceptional Purchase that the Administration issued to NSCI, plus any applicable pre and post-judgment interests until its full payment, and a sum of no less than $150,000.00 for the damages caused to NSCI by the Administration and the Bureau due to their refusal to receive the radios, for a total sum of no less than $422,500.00.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notice of said filing to all ECF participants.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico on January 18, 2023.

CORRETJER, L.L.C.
625 Ponce de León Ave.
San Juan, PR 00917
Tel. (787) 751-4618
Fax (787) 759-6503

*s/ Rafael H. Ramírez Polanco*
Rafael H. Ramírez Polanco
USDC-PR #301114
rhr@corretjerlaw.com