SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 1 de 9

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction   Page 1 of 18

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE SAN JUAN**
**SALA SUPERIOR**

| | |
|---|---|
| **NORTH SIGHT COMMUNICATIONS, INC.**<br><br>Demandante,<br><br>v.<br><br>**DEPARTAMENTO DE SEGURIDAD PÚBLICA DE PR Y OTROS**<br><br>Demandados. | **CASO NÚM.** SJ2020CV05478<br>**SALA:** 803<br><br>**SOBRE:** SOLICITUD DE REMEDIOS INTERDICTALES-ENTREDICHO PROVISIONAL, INTERDICTO PRELIMINAR E INTERDICTO PERMANENTE/COBRO DE DINERO/SENTENCIA DECLARATORIA |

**AVISO DE INJUNCTION PARALIZANDO LA LITIGACIÓN DEL PRESENTE CASO Y SOBRE EL REQUISITO DE PRESENTAR UNA SOLICITUD DE GASTOS ADMINISTRATIVOS ANTE EL TRIBUNAL DE TÍTULO III**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** el **Estado Libre Asociado de Puerto Rico** ("ELA") por sí y en representación del **Departamento de Seguridad Pública** ("DSP") y el **Negociado de la Policía de Puerto Rico** ("Negociado"), de forma especial y sin que se entienda por este acto renunciado ningún derecho o defensa, incluyendo cualquier planteamiento que en derecho proceda en virtud de las disposiciones de la ley federal conocida como "Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA", por sus siglas en inglés), 48 U.S.C. §§ 2101 et seq., como el no someterse a la jurisdicción del Tribunal, de proceder la misma, por conducto de la representación legal que suscribe y muy respetuosamente **EXPONE** y **SOLICITA**:

### I. INTRODUCCIÓN

1. El 9 de octubre de 2020, *North Sight Communications, Inc.,* presentó una *Demanda Jurada*.[1] El 20 de octubre de 2020, finalmente se emplazó al ELA, por conducto del Secretario de Justicia, y luego de varios trámites procesales, el 25 de marzo de 2021, la parte demandante presentó una *Demanda Enmendada*,[2] la cual este Tribunal autorizó el 26 de marzo de 2021.[3]

2. Allí, la parte demandante adujo que la Administración de Servicios Generales (ASG) y el Negociado, le adeudaban $1,347,500, así como gastos de intereses, pólizas de seguro

---

[1] *Véase* Entrada Núm. 1 de SUMAC.

[2] *Véase* Entrada Núm. 65 de SUMAC.

[3] *Véase* Entrada Núm. 66 de SUMAC.

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 2 of 18

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **2**

sobre la mercancía y gastos de almacenamiento no anticipados para un total de $1,500,000, cantidad que, en la alternativa, se reclamaba por daños y perjuicios por el alegado incumplimiento de ASG y el Negociado de la Obligación y Orden de Compra.

3. De igual forma, el 24 de mayo de 2022, la parte demandante presentó una segunda *Demanda Enmendada* en la que mantuvo inalterados los remedios mencionados en el inciso anterior. Es decir, la parte demandante reclamó nuevamente el pago total de $1,500,000.

4. Conforme al *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("*Confirmation Order*"), emitido el 18 de enero de 2022, por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico ("Tribunal de Distrito Federal") encargado de la restructuración de la deuda del ELA en el caso *In re: Commonwealth of Puerto Rico*, Case No. 17BK3283-LTS, se notifica que existe un *injunction* permanente que está en pleno vigor en los casos como el de epígrafe, presentados en o antes de la fecha de efectividad del Plan de Ajuste, a decir el 15 de marzo de 2022. Es importante destacar que mediante el *Confirmation Order* se confirmó el Plan de Ajuste de la Deuda ("Plan de Ajuste").[4] Documento 19813, del Caso Núm. 17-03283-LTS[5].

5. Asimismo, el 15 de marzo de 2022—fecha de efectividad del Plan de Ajuste de la Deuda—la Junta de Supervisión Fiscal ("Junta") presentó ante el Tribunal de Distrito federal un documento intitulado *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III Of PROMESA and (B) Occurrence of the Effective Date* ("Notice"). En dicho *Notice*, la Junta notificó la fecha límite para presentar una solicitud de pago por Reclamaciones de Gastos Administrativos (también conocido como *administrative expense claims*, en inglés), mencionando la Sección 1.51 y Artículo III del Plan de Ajuste, así como al párrafo 44 del *"Confirmation Order"*. Véase **Anejo 1**, *Notice*, Documento 20349, del caso número 17-03283-LTS.

---

[4] El *Confirmation Order* es definido como sigue: "**Confirmation Order:** The order of the Title III Court confirming the Plan in accordance with Section 314 of PROMESA and section 1129 the Bankruptcy Code, made applicable in the Title III cases in accordance with Section 301 of PROMESA, which order shall be in form and substance reasonably satisfactory to the Initial PSA Creditors." Doc. Núm. 19813-1, en la pág. 47, ¶ 1.158; v*éase, además*, Doc. Núm. 19813-1 en la pág. 47, ¶1.156 ("**Confirmation Date:** The date on which the Clerk of the Title III Court enters the Confirmation Order on the docket.")

[5] *Véase* https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813.

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 3 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 3 de 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **3**

6. En consecuencia, este Tribunal no tiene jurisdicción para continuar con el trámite judicial del presente caso en virtud del *injunction* permanente contemplado en el *Confirmation Order* emitido por el Tribunal de Distrito federal encargado de la restructuración de la deuda del ELA bajo el Título III de PROMESA y el *Notice* presentado por la Junta. Así las cosas, en virtud del *Confirmation Order* y el *Notice*, **procede la paralización del caso de epígrafe**. Este caso se atenderá a través del Tribunal de Distrito federal a cargo del caso bajo el Título III de PROMESA conforme al proceso de solicitud de gastos administrativos o "Administrative Expense Claims" establecido en el *Confirmation Order* y explicado en el *Notice*.

## II. DERECHO APLICABLE

7. El 18 de enero de 2022, la Hon. Laura Taylor Swain, Juez de Distrito de los Estados Unidos, quien atiende la restructuración de la deuda del Gobierno, dictó el *Confirmation Order* en el caso *In re: Commonwealth of Puerto Rico*, Case No. 17BK3283LTS, mediante la cual confirmó el Plan de Ajuste. *Véase* Exhibit A del Documento 19813, del Caso Núm. 17-03283.

8. Si bien el Plan de Ajuste fue aprobado y entró en vigor el 15 de marzo de 2022,[6] ello no significa que el caso de restructuración de la deuda bajo el Título III de PROMESA, a saber, *In re: Commonwealth of Puerto Rico*, Case No. 17-03283, haya culminado. La paralización automática contemplada en el Título III de PROMESA continuó hasta la fecha de efectividad del Plan de Ajuste bajo el párrafo 66 y más allá de la efectividad de dicho Plan bajo el párrafo 59, ambos del *Confirmation Order*.

9. Una vez entró en vigor el Plan de Ajuste, el 15 de marzo de 2022, el *injunction* permanente del párrafo 59, que se cita más adelante, se hizo efectivo.[7] Sobre las reclamaciones descargadas o liberadas, el *Confirmation Order* decreta un *injunction* permanente ("*Injunction on Claims*"), en cuanto a las reclamaciones de todas las entidades ("*All Entities*") o cualquier otra deuda o responsabilidad que se tenga, se haya tenido o se pueda tener en el futuro que sea descargada o liberada de conformidad con la sección 92.2 del Plan de Ajuste, indicando expresamente que están permanentemente prohibidas, desde y después de la fecha de efectividad

---

[6] "[T]he effective Date of the Plan occurred on March 15, 2022". *Véase* Anejo 3, Documento 20349, a las pág. 2, en el caso 17BK3283-LTS.

[7] Copias del *Confirmation Order* y el Plan de Ajuste de la deuda están disponibles públicamente y libre de costos en Prime Clerk LLC, accediendo a https://cases.primeclerk.com/puertorico/ o en el sitio web del Tribunal de Distrito federal, https://www.prd.uscourts.gov/.

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 4 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 4 de 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **4**

---

del Plan de Ajuste. Doc. Núm. 19813, en la pág. 67, párrafo 59. En lo pertinente, el párrafo 59 provee:

> **Injunction on Claims**. **Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property.**

*Véase Confirmation Order*, Doc. Núm. 19813 en la pág. 67, párrafo 59 (énfasis en original).[8]

10. Además, el *Confirmation Order*, en su párrafo 44, advertía sobre la necesidad de presentar evidencia de reclamaciones de gastos administrativos dentro del término de 90 días de la fecha de efectividad del Plan, disponiendo lo siguiente:

> Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

*Véase Confirmation Order*, Doc. Núm. 19813, en la pág. 49, párrafo 44;[9] *véase, además*, Exhibit A del Doc. Número 19813, *Plan de Ajuste*, Doc. Núm. 19813-1 en la pág. 35, sección 1.51.[10]

---

[8] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813).

[9] (https://cases.primeclerk.com/puertorico/HomeDocketInfo?DockRelatedSearchValue=4214-19813).

[10] El Plan de Ajuste de la deuda define una reclamación de gastos administrativos de la siguiente manera:

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 5 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 5 de 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **5**

---

11. Por otro lado, el 15 de marzo de 2022, día que entró en efectividad el Plan de Ajuste, la Junta de Supervisión Fiscal presentó el *Notice*, en el cual informó la fecha límite para presentar las solicitudes de pago de las Reclamaciones de Gastos Administrativos ("*Administrative Expense Claims*" o "*Administrative Expense Requests*"). Igualmente, la Junta de Supervisión Fiscal informó el método por el cual se deben presentar las solicitudes de pago de las Reclamaciones de Gastos Administrativos o *Administrative Expense Requests*. *Véase* **Anejo 1**, *Notice*, Doc. Núm. 20349 en la pág. 2. En lo pertinente, el *Notice* disponía lo siguiente:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.
> **Anejo 1**, *Notice*, Doc. Núm. 20349, en la pág. 2 (énfasis en original).

12. El 20 de octubre de 2022, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico ("Tribunal de Distrito Federal") encargado de la restructuración de la deuda del ELA, emitió el *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* mediante el cual se extendió el término para presentar una

---

<p style="padding-left: 2em;">1.52 <b>Administrative Expense Claim</b>: A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.</p>

Exhibit A del Doc. Número 19813, Plan de Ajuste, Doc. Núm. 19813-1 en la pág. 35, sección 1.51 (énfasis en original).

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 6 of 18

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **6**

solicitud de gastos administrativos ante el Tribunal de Título III hasta el **18 de enero de 2023, 4:00pm**. No obstante, dicha extensión únicamente beneficiará aquellas causas de acción mencionadas en la *Orden*. Específicamente, la referida *Orden* dispone que:

> The Administrative Claim Bar Date pursuant to decretal paragraph 44 of the Confirmation Order and section 1.51 of the Plan shall be extended to 4:00 p.m. (Atlantic Standard Time) on January 18, 2023 (the "Extended Administrative Claim Bar Date"), solely with respect to any claim or cause of action: (A)(1) **asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or** (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and (B) the holder of such claim did not receive service of the Effective Date Notice as documented in a Certificate of Service referred to in paragraph 3 below.

**Anejo 2**, *Order*, Doc. Núm. 22650, en la pág. 3 (énfasis suplido).

13. Además, la *Orden* exime del requisito de presentar prueba de *Administrative Expense Claims* en los siguientes cinco (5) tipos de reclamaciones:

> (i)Expropiaciones forzosas/ Expropiaciones forzosas a la inversa, (ii) reclamaciones de deudores cuya propiedad haya sido confiscada conforme a la Ley Uniforme de Confiscaciones de 2021, , 34 LPRA 1724 *et seq.*, (iii) reclamaciones sobre cobro de honorarios de abogado al amparo de la Ley Federal de Educación Especial, conocida como la *Individuals with Disabilities Education Act* (IDEA) 20 U.S.C. 1400 *et seq.*, (iv) cobro de reintegros contributivos, y (v) reclamaciones autorizadas bajo la *Ley de Reclamaciones y Demandas contra el Estado*, 32 LPRA § 3077(a), en la medida en que las cantidad reclamada esté dentro de los límites estatutarios de $75,000 o $150,000.

**Anejo 2**, *Order*, Doc. Núm. 22650, en la pág. 4.

14. El *Notice* informa, además, que aquella persona a la que le es requerido presentar el *Administrative Expense Request,* conforme a la Sección 1.51 y Artículo III del Plan de Ajuste y el párrafo 44 del *Confirmation Order,* y falle en presentarlo en la fecha límite para hacerlo, está vedado permanentemente de hacer la reclamación de pago en contra del deudor. Sobre el, la página 3 del *Notice* dispone:

> **PLEASE TAKE FURTHER NOTICE that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

*Véase* **Anejo 1**, *Notice*, Doc. Núm. 20349 en la pág. 3 (énfasis en original).

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 7 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 7 de 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **7**

15. Se solicita a este Ilustre Tribunal que tome conocimiento judicial del *Confirmation Order*, el Plan de Ajuste de la deuda y el *Notice* al amparo de la Regla 201(b) de las Reglas de Evidencia de Puerto Rico.

### III. APLICACIÓN DEL DERECHO

16. Al presente, en este caso opera el *injunction* descrito en el párrafo 59 del *Confirmation Order*. No existe una orden del Tribunal de Distrito Federal para el Distrito de Puerto Rico autorizando la continuación de los procesos en el caso de epígrafe, por lo que este foro perdió jurisdicción sobre el mismo una vez entró en vigor el *injunction* descrito en el párrafo 59 del *Confirmation Order*.

17. El Departamento de Justicia representa los intereses del Estado Libre Asociado de Puerto Rico, supliendo la capacidad legal del Departamento de Seguridad Pública y el Negociado de la Policía (agencias del ELA), deudores bajo PROMESA, incurriendo en costos asociados al litigio y, en la eventualidad de sentencia adversa, los fondos a desembolsar para el pago de sentencia constituyen un *liability claim* en contra del ELA y una de sus instrumentalidades.

18. En virtud del *injunction* decretado en el párrafo 59 de la antes mencionada orden, indubitadamente el presente caso está paralizado permanentemente y este Ilustrado Foro perdió jurisdicción sobre el mismo. Por tanto, el emitir cualquier orden para continuar con el trámite judicial del litigio violentaría los preceptos delineados en el *Confirmation Order* y el Plan de Ajuste.

19. La parte demandante en el presente caso *post-petition*/*pre-plan*, no se quedarán desprovistos de un recurso o remedio, toda vez que se proveyó para una reclamación de gastos administrativos, de cualificar como tal, y aún está en tiempo de presentar su acreencia bajo un *Administrative Expense Request*. *Véase In re-City of San Bernardino*, 558 B.R. 321, 329-330 (C.D. Cal. 2016) (resolviendo, en el contexto de una reclamación en daños en contra de la ciudad deudora, que "insofar as Newberry seeks damages or fees from the City for the alleged constitutional violation, they can file a claim for administrative expenses.") (citando *In re Zilog, Inc.*, 450 F.3d 996, 999 n. 1 (9th Cir. 2006) ("tort claims that 'arise post-petition but pre-confirmation can be filed as administrative expenses against the debtor's estate'") (citando *Reading Co. v. Brown*, 391 U.S. 471, 477 (1968))); *In re Palau Corp.*, 18 F.3d 746, 751 (9th Cir.1994)). De hecho, el tribunal de distrito federal que atendió el caso de quiebras en *In re*

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 8 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 8 de 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **8**

*City of San Bernardino* reconoció que las reclamaciones de gastos administrativos en casos *post-petition* pudiesen darle a los acreedores un mayor recurso o remedio en comparación con acreedores *pre-petition* por el pago de dichos gastos administrativos. *Id*. en la pág. 330 ("Indeed, the fact that post-petition claims can be filed as administrative expenses potentially gives such creditors greater recourse against the City than regular prepetition creditors, for the payment of administrative expenses is given priority over almost all other claims against the estate."). Por tanto, el único remedio disponible en esta etapa del caso de la restructuración de la deuda del ELA bajo el Título III de PROMESA es la presentación de un *Administrative Expense Claim* ante la Corte de Título III conforme establece el *Confirmation Order* emitido por dicho foro y el *Notice* presentado por la Junta.

20. Ante esta situación, este Tribunal debe (i) tomar conocimiento de la aplicabilidad del *injunction* emitido por el Tribunal de Distrito federal en el *Confirmation Order* sobre las reclamaciones surgidas *post-petition* y presentadas previo a la confirmación del Plan de Ajuste y (ii) por no tener jurisdicción, dejar sin efecto cualquier orden para la continuación del presente litigio ante el Tribunal de Primera Instancia.

**POR TODO LO ANTES EXPUESTO**, solicitamos de este Ilustrado Tribunal que: (i) tome conocimiento de lo antes informado; y, en su consecuencia, (ii) reconozca el *injunction* vigente que paralizó el caso de epígrafe y le privó de jurisdicción sobre el mismo en virtud del *Confirmation Order*, con cualquier otro pronunciamiento que en derecho proceda.

**RESPETUOSAMENTE PRESENTADO.**

En San Juan, Puerto Rico, hoy 12 de enero de 2023.

**CERTIFICO**: Que este escrito ha sido presentado de manera electrónica a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), el cual da aviso simultáneamente a todos los abogados de récord a sus respectivas direcciones electrónicas, lo cual constituye la notificación que debe efectuarse entre abogados y abogadas, según disponen las Reglas de Procedimiento Civil de 2009.

*[Espacio dejado en blanco intencionalmente]*

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc:
Exhibit Exhibit A - Notice of Injunction Page 9 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 9 de 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et. al.*
Civil Núm.: SJ2020CV05478
Aviso de *Injunction* Permanente en virtud del *Confirmation Order* del Plan de Ajuste
Página **9**

---

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretario de Justicia

**SUSANA PEÑAGARÍCANO-BROWN**
Secretaria Auxiliar de lo Civil

**JUAN C. RAMÍREZ ORTIZ**
Subsecretario Auxiliar de lo Civil

*f/Godohaldo Pérez Torres*
**GODOHALDO PÉREZ TORRES**
RÚA.13,130
Director de Asuntos Legales
División de Contributivo, Cobro de Dinero y
Expropiación Forzosa

DEPARTAMENTO DE JUSTICIA
División de Contributivo, Cobro de Dinero y
Expropiación Forzosa
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel. (787) 721-2900 Exts.1431-1483

*f/ Jahdiel F. Carrasquillo Rivera*
**JAHDIEL F. CARRASQUILLO RIVERA**
RÚA. 21617
jacarrasquillo@justicia.pr.gov
divisioncontributivo@justicia.pr.gov

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit A Notice of Projection Page 10 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 1 de 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>　　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING
MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF
THE COMMONWEALTH OF PUERTO RICO, ET AL. PURSUANT TO
TITLE III OF PROMESA AND (B) OCCURRENCE OF THE EFFECTIVE DATE**

**TO CREDITORS AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that, pursuant to an order, dated January 18, 2022 [ECF No. 19813] (the "Confirmation Order"), the *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* dated January 14, 2022 [ECF No. 19784] (as amended, supplemented, or modified, the "Plan"), was confirmed by the United States District Court for the District of Puerto Rico (the "Court"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and the Confirmation Order.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit A- Notice of Rejection Page 11 of 18
SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 2 de 4

PLEASE TAKE FURTHER NOTICE that the Effective Date of the Plan occurred on March 15, 2022 and the Plan was substantially consummated.

PLEASE TAKE FURTHER NOTICE that any party in interest wishing to obtain copies of the Confirmation Order, the Plan, and related documents should contact Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 9:00 a.m. to 6:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

PLEASE TAKE FURTHER NOTICE that, all Administrative Expense Requests should be filed through any of the following methods:

(i) completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii) if delivered by first class mail, hand delivery, or overnight courier, at the following address: Commonwealth of Puerto Rico Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

Administrative Expense Requests will be deemed timely filed only if **actually received** by Prime Clerk by **5:00 p.m. (prevailing Atlantic Time) on June 13, 2022** (the "Administrative Deadline"). The Administrative Expense Requests may **not** be delivered by facsimile, telecopy,

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit Document - Notice of Rejection Page 3 of 4 Page 12 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 3 de 4

or electronic mail transmission; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

**PLEASE TAKE FURTHER NOTICE that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

PLEASE TAKE FURTHER NOTICE that, pursuant to Section 76.6 of the Plan and decretal paragraph 31 of the Confirmation Order, if the rejection of an Executory Contract and Unexpired Lease by the Debtors results in damages to the other party or parties to such contract or lease, any claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable against the Debtors, or their properties or agents, successors, or assigns, including, without limitation, the Reorganized Debtors, unless a proof of Claim is filed with the Court on or before thirty (30) days after the later to occur of (i) the Effective Date, and (ii) the date of entry of an order by the Court authorizing rejection of a particular Executory Contract and Unexpired Lease.

PLEASE TAKE FURTHER NOTICE that the Confirmation Order is a full, final, and complete order, intended to be, conclusive and binding upon all parties in interest, is not intended to be subject to collateral attack in any other forum, and may only be challenged in accordance with applicable rules in the Court and appealed as provided in PROMESA and other applicable federal laws, rules and jurisprudence, by (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Commonwealth and its instrumentalities, (iv) each Entity asserting claims or other rights against the Commonwealth or any other Commonwealth instrumentality, including each holder of a bond claim and each holder of a beneficial interest (directly or indirectly, as principal, agent, counterpart, subrogee, insurer or otherwise) in respect of bonds issued by the Debtors or any Commonwealth agency or with respect to any trustee, any collateral agent, any indenture trustee, any fiscal agent, and any bank that receives or holds funds related to such bonds, whether or not such claim or other rights of such Entity are impaired pursuant to the Plan and, if impaired, whether or not such Entity accepted the Plan, (v) any other Entity, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, officers, directors, agents, representatives, attorneys, beneficiaries or guardians; provided, however, that the compromises and settlements set forth in the Plan and the Confirmation Order with respect to the priority of the New GO Bonds and the CVIs under PROMESA, the Commonwealth Constitution, or other applicable law shall not be binding on any party in interest (including any successor to the Oversight Board) in a subsequent Title III (or other insolvency) proceeding.

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 4 de 4
Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit Document - Notice of Rejection Page 4 of 4 Page 13 of 18

Dated: March 15, 2022
    San Juan, Puerto Rico

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit Document Page 1 of 5
SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 1 de 5
Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit Notice of Rejection 5 Page 14 of 18

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO et al., <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br><br> Re: ECF No. 21217 <br><br> (Jointly Administered) |

ORDER EXTENDING ADMINISTRATIVE CLAIM BAR DATE
FOR CERTAIN PARTIES AND MODIFYING DISCHARGE INJUNCTION

Upon the *Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to Be Heard* (Docket Entry No. 21217 in Case No. 17-3283) (the "Motion"); and the Court having reviewed the *Response of the Financial Oversight and Management Board to Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process and Request to Be Heard* (Docket Entry

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

221020 ORD RE MOT TO EXT ADMIN BAR DATE          VERSION OCTOBER 20, 2022          1

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit Document Page 2 of 5 Page 15 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 2 de 5

No. 22130 in Case No. 17-3283) (the "Response");[2] and the Court having found it has subject matter jurisdiction of this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the Movant provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion and the Response establish just cause for the relief granted herein; and after due deliberation, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein, and DENIED in all other respects.[3]

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Response.

[3] The Court has reviewed the Motion and the *Reply to Response of the Financial Oversight and Management Board to Urgent Motion for Extension of Administrative Expense Claim Bar Date and Proper Service of Process Request to Be Heard* (Docket Entry No. 22412 in Case No. 17-3283) (the "Reply"), filed by Ivelisse Calderón-Alibrán and Carlos Torres Viada (collectively, "Movants"). To the extent that Movants request relief beyond that which is provided in this Order, such request is denied because Movants lack standing.

Section 1109(b) of the Bankruptcy Code, made applicable to the above-captioned Title III cases by 48 U.S.C. § 2161(a), provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C.A. § 1109(b) (West 2016). However, a "party claiming to be a 'party in interest' must still satisfy the general requirements of the standing doctrine." Sentinel Tr. Co. v. Newcare Health Corp. (In re Newcare Health Corp.), 244 B.R. 167, 171 (B.A.P. 1st Cir. 2000) (quoting S. Blvd., Inc. v. Martin Paint Stores, 207 B.R. 57, 61 (S.D.N.Y. 1997)); cf. Assured Guaranty Corp. v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 872 F.3d 57, 64 n.7 (1st Cir. 2017) (noting applicability of "zone of interests" prudential standing doctrine in addition to Article III and "party in interest" standing). As such, parties must satisfy the requirements of prudential standing, including the requirement that a party's claim is "premised on his own legal rights (as opposed to those of a third

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit Document Page 3 of 5 Page 16 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 3 de 5

2. The Administrative Claim Bar Date pursuant to decretal paragraph 44 of the Confirmation Order and section 1.51 of the Plan shall be extended to **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023** (the "Extended Administrative Claim Bar Date"), solely with respect to any claim or cause of action:

> (A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and
>
> (B) the holder of such claim did <u>not</u> receive service of the Effective Date Notice as documented in a Certificate of Service referred to in paragraph 3 below.

---

party)." Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012) (quoting Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006)).

Here, Movants are creditors who are pursuing litigation against the Commonwealth. (Mot. ¶¶ 1-2.) They are therefore "parties in interest" within the meaning of section 1109(b). However, the relief sought by Movants—including additional notice to claimants and potential claimants and an expansion of the types of claims that the Oversight Board proposes removing from the scope of the Administrative Claim Bar Date—does not concern Movants' rights, because Movants received actual notice of the Administrative Claim Bar Date prior to that date. (See, e.g., Mot. at Ex. 4 ¶ 14 (notice dated April 29, 2022, filed by the Commonwealth in litigation captioned Calderón-Alibrán v. Puerto Rico, stating that "Plaintiff's only recourse is the filing of an Administrative Expense Claim before the Title III Court, per the Confirmation Order and the Notice, attached hereto").) Moreover, it appears that Movants were actually aware of the import of the Administrative Claim Bar Date as it concerns their rights. (See id.; see also Reply ¶ 12 (stating that "upon the threat of the Administrative Claim Bar Date[,] Movants came to the undersigned counsel for advice and managed to file the [Motion] just before the Administrative Claim Bar Date expired").) To the extent that they believe that additional notice or explanation of the Administrative Claim Bar Date would be beneficial to other creditors, Movants lack standing to assert those creditors' interests. To the extent that Movants or other creditors require relief from the Administrative Claim Bar Date, they may make such a request on their own behalf, and the Court will resolve any such dispute on an appropriate record.

Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit Document - Notice of Rejection Page 17 of 18

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 4 de 5

3.  Within three (3) business days of entry of this Order, the Debtors shall make available the Certificates of Service on its case website maintained by Kroll Restructuring Administration LLC (formerly, Prime Clerk LLC).

4.  The Extended Administrative Claim Bar Date shall not apply to any Administrative Expense Claim (i) asserted on account of professional services provided to the Debtors in connection with the Title III Cases, or (ii) arising solely in connection with the Title III Cases.

5.  The requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and after the applicable petition date with respect to the Commonwealth, ERS, and PBA and prior to the Effective Date: (i) Eminent Domain/Inverse Condemnation Claims, (ii) claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 et seq., (iii) claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 et seq., (iv) tax refund claims, and (v) claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.

6.  The injunctions contained in section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order are modified solely to the limited extent of allowing litigation with respect to claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, to proceed to final judgment and execution, including any appeals.

SJ2020CV05478 12/01/2023 04:18:34 pm Entrada Núm. 128 Página 5 de 5
Case:17-03283-LTS Doc#:23269-1 Filed:01/18/23 Entered:01/18/23 14:31:28 Desc: Main
Exhibit Exhibit D - Notice of Projection Page 5 of 5 Page 18 of 18

7.  In accordance with Bankruptcy Rule 2002, the Debtors, through Kroll, are authorized and directed to cause a copy of a notice, substantially in the form attached as Exhibit B to the Response, to be published once, no later than fourteen (14) days after entry of this Order, in each of (i) *El Nuevo Dia* (in Spanish), (ii) *Caribbean Business* (in English), (iii) *El Nuevo Herald* (in Spanish), (iv) *The New York Times* (in English), (v) *The Bond Buyer* (in English), (vi) *El Vocero* (in Spanish), and (vii) *Primera Hora* (in Spanish).

8.  Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.  The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order.

10. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

11. This Order resolves Docket Entry No. 21217 in Case No. 17-3283.

SO ORDERED.

Dated: October 20, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge