IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.<br><br>Debtors.[1] | PROMESA Title III<br><br>NO.: 17-BK-3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### EMPRESAS OMAJEDE'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503

TO THE HONORABLE COURT:

COMES NOW, creditor, EMPRESAS OMAJEDE INC., through the undersigned counsel, hereby files this motion (the "Motion") for entry of an order, in the form annexed hereto as **Exhibit A**, allowing Creditor's administrative expense claim pursuant to 11 U.S.C. § 503, and in support hereof Creditor, very respectfully, ALLEGES, STATES and PRAYS:

JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409.

---

[1] The Last Four Digits of the Federal Tax ID of the Commonwealth of Puerto Rico (the Debtor in Bankruptcy Case No. 17- BK-3283 (LTS)) is 3481.

BACKGROUND

2. This filing relates to the Commonwealth of Puerto Rico and the Title III proceedings commenced on May 2, 2017 by the Financial Oversight and Management Board for Puerto Rico on behalf of the Commonwealth [ECF No. 1 of 17-03283].

3. Pursuant to Section 2161 of PROMESA, Sections 365, 503 and 507(a)(2) of the Bankruptcy Code are applicable to the Commonwealth's Title III proceedings.

4. Pursuant to Section 1.51 and Article III of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico* (the "Commonwealth Plan") [ECF No. 19813-1] and decretal paragraph 44 of the Order and Judgement Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority (the "Confirmation Order") [ECF No. 19813] the deadline for filing proofs of or requests for payment of Administrative Expense Claims was June 13, 2022 (the "Administrative Claim Bar Date"). See [ECF No. 20349] (the "Notice of Effective Date") at 2.

5. Pursuant to the *Order Extending Administrative Claim Bar Date For Certain Parties and Modifying Discharge Injunction* entered at ECF No. 22650, the deadline for filing proofs of or requests for payment of Administrative Expense

Claims was extended to January 18, 2022 at 4:00 pm (the "Extended Administrative Claim Bar Date"). See [ECF No. 22650] at 2.

6. The movant, Empresas Omajede is a creditor of the Commonwealth with respect to the overdue and unpaid monthly lease payments corresponding to Contract #2011-000009 signed by Empresas Omajede and the Public Service Commission[2] as an agency of the Commonwealth of Puerto Rico and for whom the Commonwealth is liable.

7. On March 9, 2011, the Public Service Commission signed a lease agreement titled "*Contrato de Arrendamiento de Locales por Cinco Años hasta Treinta Años*" in Spanish, which is translated to English as *Lease Agreement of Locals for Five Years to Thirty Years*.

8. On March 9, 2011, Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico.

9. On August 1, 2011, the Public Service Commission signed a "Documento de Aceptación y Toma de Posesión del Local La Electrónica-Anejo I al Contrato 2011-000009" in Spanish, which is translated to English as *Document of Acceptance and Taking Possession of Local -Exhibit I to Contract #2011-000009*.

---

[2] The Bureau of Transportation and other Public Works was previously known as the Public Service Commission (in Spanish as "La Comisión de Servicio Público").

10. On August 1, 2011, Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico.

11. On September 7, 2012, the Public Service Commission signed a "*Enmienda al Contrato 2011-000009, para cumplir con la Cláusula de Amortización de Mejoras. Se Aneja Como Parte Integral del Contrato Original Núm. 2011-000009.*" in Spanish, which is translated to English as *Amendment to Contract #2011-000009, to Comply with the Improvements Amortization Clause. Attached as an Integral Part of the Original Contract #2011-000009.*

12. On September 7, 2012, the Amendment to Contract #2011-000009 was filed with the Office of the Comptroller of Puerto Rico.

13. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). Dkt. 1

14. On May 25, 2018 and June 25, 2018, Empresas Omajede filed two proofs of claim (hereinafter the "Empresas Omajede Claim", as amended), which are identified as Claim #21372 and Claim #70324 and which attach several exhibits to the POCs, including the lease agreement and a table setting forth the monthly lease

payments that were owed to Empresas Omajede for the leased space up to the date the leased space was vacated.[3]

15. Herein attached are the documents that evidence the claim and the amounts owed, including a table of overdue and unpaid monthly payments, which includes the monthly lease payment corresponding to June 2017 in the amount of $66,666.66. *See* **Exhibits EO A, EO B, EO C, EO D, EO E, EO F and EO G**.

16. To this date, the Commonwealth has not paid the post-petition lease payments to Empresas Omajede with regards to post-petition monthly lease payment for the June 2017 monthly payment of the Lease Agreement as evidenced by Empresas Omajede's claim, as amended. (the "Administrative Expense Claim").

17. As the overdue amount of $66,666.66 in monthly lease payments, which is owed to Empresas Omajede remains unpaid by the Commonwealth, Empresas Omajede is entitled to an administrative expense priority in the total amount of $66,666.66 in overdue post-petition lease monthly payment that corresponds to the June 2017 monthly payment of the Lease Agreement as evidenced by Empresas Omajede's claim, as amended.

---

[3] Claim #21372 was objected to in the 298th Omnibus Objection (Dkt. 16018) because it was later amended, and the amended claim (Claim #70324) superseded the original claim. Claim #70324 was also objected to in the 372nd Omnibus Objection (Dkt. 17918) and in Debtor's 519th Omnibus Objection (Dkt. 22254), for various reasons. Empresas Omajede filed an adversary proceeding with respect to Claim #70324. *See* 22-ap-0076 requesting that the validity of the Empresas Omajede Claim be adjudicated via said adversary instead of through the above mentioned objections.

RELIEF REQUESTED

18. By this Motion, Empresas Omajede respectfully requests that the Court enter an order pursuant to Section 503(b)(1)(A) of the Bankruptcy Code granting an allowed Administrative Expense Claim for the overdue post-petition monthly lease payment corresponding to the June 2017 monthly payment of the Lease Agreement evidenced by Empresas Omajede's claim, as amended.

BASIS FOR RELIEF

A. Empresas Omajede Should be Granted an Allowed Administrative Expense Claim

19. Section 503(a) of the Bankruptcy Code states that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause. 11 U.S.C. § 503(a).

20. Section 503(b)(1)(A) of the Bankruptcy Code provides, in pertinent part, "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . [for] the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

21. The creditor must also establish that the debt arose post-petition. *In re Baldwin-United Corp.*, 43 B.R. 443, 454 (S.D. Ohio 1984) citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 HN8 (1st Cir.1976) ("for a claim . . . . to be entitled to first priority . . . . the debt must arise from a transaction with the debtor-in-possession").

22. Certainly, Empresas Omajede has proven that the amount claimed by Empresas Omajede in this request for an allowed administrative expense claim corresponds to the overdue monthly rent payment that became due after the Filing Date of the Commonwealth's Title III proceeding, on the date that the Commonwealth vacated the leased space in June 2017.

23. Courts have discretion to order debtors to immediately pay an allowed administrative expense claim. *In re The Korea Chosun Daily Times*, 337 B.R. 773, 784 (Bankr. E.D.N.Y. 2005) ("[t]he question of whether administrative expenses should be paid sooner than the effective date of the plan is committed to the sound discretion of the bankruptcy court"). Courts consider several factors in deciding on whether to grant such a request, including the prejudice to the debtor, hardship on the creditor and potential determent to other creditors. *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005).

24. As more than 5 years have passed since the Public Service Commission left the leased premises, in light of the hardship caused to the Empresas Omajede and the lack of prejudice to the Commonwealth in paying such a small amount, the Court should, in its discretion, determine whether the administrative expense claim should be paid immediately.

CONCLUSION

25. Creditor, Empresas Omajede, is the owner of the leased premises that the Public Service Commission did not vacate until after one post-petition monthly rent had accrued. Therefore, Empresas Omajede has a pre-petition claim for the overdue lease payments that accrued pre-petition (which is the subject of adversary proceeding 22-ap-0076) and a post-petition administrative claim for the overdue lease payments that accrued post-petition (which is the subject of this motion). The amounts claimed by Empresas Omajede in this request for an allowed administrative expense claim correspond to the overdue monthly rent payment that became due after the Filing Date of the Commonwealth's Title III proceeding, on the date that the Commonwealth vacated the leased space in June 2017. Accordingly, as Empresas Omajede has proved that the claim corresponds to a monthly lease payment that became due post-petition, Empresas Omajede is entitled to an allowed administrative expense claim under Section 503(1)(A) of the Bankruptcy Code for the overdue post-petition monthly lease payment that became due in June 2017, after the Filing Date of the Commonwealth's Title III proceeding and before the effective date of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico* [ECF No. 19813-1].

WHEREFORE, the movant, Empresas Omajede, very respectfully requests the entry of an order, substantially in the form annexed hereto as **Exhibit A**, (i) allowing the Administrative Expense Claim in the total amount of $66,666.66 of the

overdue post-petition lease monthly payment that corresponds to the June 2017 monthly payment of the Lease Agreement as evidenced by Empresas Omajede's claim, as amended; (ii) compelling the immediate payment of the Administrative Expense Claim; and (iii) granting such other and further relief as the Court deems appropriate.

NOTICE OF RESPONSE TIME

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATION OF SERVICE: IT IS HEREBY CERTIFIED that, on this same date, I electronically filed the foregoing with the Clerk of the U.S. Bankruptcy Court for the District of Puerto Rico using the CM/ECF System which will send notification of such filing to all ECF participants, including the following: including Ricardo Burgos Vargas and Martin J. Bienenstock, the attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Commonwealth of Puerto Rico.

Respectfully Submitted, in San Juan, PR, this 18th day of January, 2023.

DML | Diaz Mayoral Law
*Attorney for Empresas Omajede Inc.*

*s/ Monique Diaz Mayoral*
USDC-PR No. 225712
151 San Francisco Street
San Juan, PR 00901
(754)755-5508
m@diazmayorallaw.com

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA Title III<br><br>NO.: 17-BK-3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### ORDER ALLOWING EMPRESAS OMAJEDE'S ADMINISTRATIVE EXPENSE CLAIM

Upon the *Motion For Entry of an Order Allowing and Compelling Payment of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(B)(1)(A)* (Docket Entry No. ____, the "Administrative Claim Motion")[2] filed by Empresas Omajede Inc. on January 18, 2023, and the Administrative Claim Motion being timely filed before the 4pm January 18, 2023 deadline, and the Court having jurisdiction to consider the Administrative Claim Motion and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Administrative Claim Motion

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits

**Exhibit A**

having been provided, and no other or further notice being required; and the Court having determined that the legal and factual bases set forth in the Administrative Claim Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Administrative Claim Motion is GRANTED as set forth herein; and it is further

ORDERED that Empresas Omajede Inc. has an allowed administrative expense claim in the total amount of $66,666.66 of the overdue post-petition lease monthly payment that corresponds to the June 2017 monthly payment of the Lease Agreement; and it is further

ORDERED that the Commonwealth shall make immediate payment of the Administrative Expense Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: \_\_\_\_\_ \_\_\_, 2023.

_____
LAURA TAYLOR SWAIN
United States District Judge

---

of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).