Hearing Date: *March 15, 2023 at 9:30am (AST)*
Objection Deadline: *February 28, 2023 at 4:00pm (AST)*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

---------------------------------------------------------------------x

PROMESA
TITLE III

Case No. 17-BK-3283-LTS

(Jointly Administered)

## AVOIDANCE ACTIONS TRUSTEE'S OMNIBUS MOTION
## TO LIFT LITIGATION STAY IN SELECTED AVOIDANCE ACTIONS

**To the Honorable United States Magistrate Judge Judith G. Dein:**

Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust (the "Avoidance Actions Trust"), files this motion (the "Motion") for entry of an Order, substantially in the form of **Exhibit A**, lifting the stay provided for by the Court's Avoidance Action Procedures [DE No. 20937, Appendix 2] ("Procedures") solely with respect to: (A) certain avoidance actions identified on the attached **Appendix I** that involve defendants with which the Avoidance Actions Trustee has completed mediation (the "Mediated Actions"); and (B)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

*Hearing Date: March 15, 2023 at 9:30am (AST)*
*Objection Deadline: February 28, 2023 at 4:00pm (AST)*

an avoidance action identified on the attached **Appendix II** that involves a defendant that has declined to mediate and has stated that it will not defend itself against the Trustee's asserted claims (the "Rosso Action").

In the interests of judicial economy, the Trustee is filing this Motion in an omnibus fashion in this jointly administered case and in each of the above-referenced actions to avoid the burden and redundancy associated with preparing and filing nearly identical motions in each of the actions. In support, the Trustee respectfully states as follows:

## BACKGROUND

### A. Relevant Litigation Procedures

1. On April 14, 2022, the Trustee filed the *Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (D.E. 20560 in Case No. 17-BK-3283) ("Procedures Motion").

2. Through the Procedures Motion, the Trustee requested that the Court enter an order approving litigation case management procedures (*i.e.*, the Procedures) for dozens of avoidance actions that were transferred to the Avoidance Actions Trust pursuant to the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Avoidance Actions").[2]

3. On May 23, 2022, the Court established the Procedures upon entering the *Order Allowing Omnibus Motion by the Avoidance Actions Trustee to Establish Litigation Case Management Procedures* (D.E. 20937).

4. Among other things, the Procedures implemented a robust pre-litigation mediation program (*see* Procedures, Article V) that permitted parties to the Avoidance Actions — including

---

[2] The Avoidance Actions subject of the Procedures are identified in Appendix I of the Court's Procedures Order.

2

*Hearing Date: March 15, 2023 at 9:30am (AST)*
*Objection Deadline: February 28, 2023 at 4:00pm (AST)*

the Mediated Actions — to participate in mediation within the context of the ligation stay (*See* Procedures, Article II).

5. Additionally, Article V(i) of the Procedures provides as follows:

> During the Stay Period, the Trustee shall communicate with each defendant for the purpose of establishing dates for a pre-trial mediation session with each defendant, which shall be scheduled on a mutually convenient date among counsel and the parties. <u>Unless otherwise allowed by the Court, by no later than sixty (60) days from the conclusion of the first one hundred and twenty (120) days of the Stay Period, a date for the mediation session shall be set for each Avoidance Action</u>.

(Procedures, D.E. 20937, Appendix 2, Art. V(I) (emphasis added)).

6. Further to the Court's *Order* (D.E. 22890), the deadline to set a date for each Avoidance Action has been extended through and including January 20, 2023 (the "<u>Mediation Scheduling Deadline</u>").

### B. Background Concerning the Mediated Actions

7. The Trustee and each defendant in the Mediated Actions participated in the mediation program provided for by Article V of the Procedures.

8. In each Mediated Action, the Trustee filed an appropriate notice of mediation.[3] After conducting mediation, the parties jointly filed a status report concerning mediation.[4]

9. To date, as reflected in the joint status reports concerning mediation, these foregoing completed mediations and informal settlement discussions have not been successful.

10. Without disclosing settlement discussions, the Trustee submits that gating issues inherent in the claims and related defenses at issue in the Mediated Actions have caused an impasse in each of the Mediated Actions.

11. The Trustee believes that further mediation efforts concerning the Mediated

---

[3] Adv. Case No. 19-00062 D.E. No. 38; Adv. Case No. 19-00063 D.E. No. 33.
[4] Adv. Case No. 19-00062 D.E. No. 34; Adv. Case No. 19-00063 D.E. No. 34.

*Hearing Date: March 15, 2023 at 9:30am (AST)*
*Objection Deadline: February 28, 2023 at 4:00pm (AST)*

Actions at this time would not be a productive use of the parties' or the mediators' resources based on the proposals and responses at mediation, and the disparity among the parties' legal positions.

12. Consequently, the Trustee seeks an order lifting the stay to permit the litigation of the Mediated Actions to permit the orderly resolution of these claims.

### C. Background Concerning the Rosso Action

13. Since the Court entered the Procedures, the Trustee and its professionals have undertaken exhaustive efforts to engage all defendants in the Avoidance Actions and timely schedule mediation consistent with the Procedures.

14. Among other things, these efforts have included hundreds of emails, and innumerable telephone communications, to and with Avoidance Action defendants.

15. During this process, the Trustee's professionals attempted to schedule mediation with defendant Rosso Group, Inc. ("Rosso Group"), and in response to these efforts, Rosso Group's representative stated: "Rosso will not participate in any mediation nor defend against the referenced claim." This is the only defendant that has affirmatively elected not to mediate.

16. Accordingly, the Trustee also respectfully seeks to lift the stay pending in the Rosso Action so that it can prosecute its claims.

### ARGUMENT

17. The Trustee respectfully requests that the Court exercise its broad discretion and lift the stay in the Mediated Actions and the Rosso Action.

18. A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations omitted); *see also In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 617 B.R. 173, 179 (D.P.R. 2020) ("[T]he power to stay proceedings is incidental to the power inherent

4

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936)). The Court has "broad discretion in deciding whether to lift the stay, which arises out of its inherent power." *Glenclova Inv. Co. v. Trans-Res., Inc.*, No. 08-CV-7140, 2013 WL 6003512, at *3 (S.D.N.Y. Nov. 12, 2013) (citing *Landis*, 299 U.S. at 254).

19. The Court retains the ability to modify or dissolve any stay imposed for prudential reasons. *See Fin. Oversight & Mgmt. Bd.*, 617 B.R. at 179 (citing *Green v. Cosby*, 177 F. Supp. 3d 673, 681 (D. Mass. 2016); *Parker v. Dawson*, No. 06-CV-6191, 2007 WL 2462677, at *5 n.10 (E.D.N.Y. Aug. 27, 2007) ("Of course, the parties in the civil actions are 'free to petition this Court to lift or modify the stay should there be [a] change in circumstances that would warrant such action.'" (alteration in original) (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y. 1985)); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1500 (S.D.N.Y. 1987) ("The Court may re-evaluate the situation if and when the balance of burdens, and private and public interests so requires."). Indeed, the Court's Procedures expressly reserve the right of the parties to the Mediated Actions seek relief from the stay provided for under the Procedures. *See* Procedures, Article (II)(i).

20. Pursuant to Article II of the Procedures, the Trustee respectfully requests that the Court lift the stay in the Mediated Actions because the parties have mediated in good faith and the dispute could not be resolved without the litigation that would provide certainty as to certain threshold issues. Though mediations in the Mediated Actions did not result in a settlement, mediation has further enabled the Trustee and the defendants in the Mediated Actions to make better-informed decisions about their respective litigation positions and strategies. Accordingly,

5

lifting the stay now will enable the parties to address any gating issues that drove the respective impasses, which issues ought to be fairly litigated and, if necessary, decided by the Court.

21. Lifting the stay would not prejudice any defendant in the Mediated Actions. Quite the opposite, lifting the stay and permitting the parties to pursue their claims and defenses is the next logical step toward an efficient and orderly resolution of the Mediated Actions.

22. As to the Rosso Group, the Trustee is left to conclude that it has no interest in mediating or otherwise defending the case. Accordingly, the Trustee requests that the Court exercise its substantial discretion to lift the stay in the Rosso Action and permit the Trustee to seek complete relief with the Court.

23. The Trustee respectfully requests that, if the stay is lifted, the Procedures be slightly modified to allow the Trustee to amend, or seek leave to amend, the pending complaints, all of which were filed before the appointment of the Trustee and its counsel. This would permit the Trustee to frame the issues more accurately in dispute now that it has had an opportunity to more fully examine the issues.

24. Before filing this Motion, the Trustee's counsel made at least two attempts to confer with each party affected by the relief requested in the Motion. Two parties accepted the invitation to confer and, based on that conferral, the Trustee removed such parties from Appendix I. Counsel to one defendant (defendant in Adv. No. 19-00063) represented that he was not representing the defendant; this defendant's representative did not otherwise accept the invitation to confer. Defendants in the remaining actions (Adv. Nos. 19-00062 and 19-00239) did not respond to the invitation to confer.

*Hearing Date: March 15, 2023 at 9:30am (AST)*
*Objection Deadline: February 28, 2023 at 4:00pm (AST)*

WHEREFORE, the Trustee respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested in this motion and granting the Trustee such other relief as this court deems just and proper.

Dated this 19th day of January, 2023.

Respectfully submitted by:

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640
Coral Gables, FL 33134
Telephone: (305) 677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com
*Counsel to the Trustee*

/s/ *Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Juan C. Nieves González, Esq. (USDC-PR 231707)
**CASILLAS, SANTIAGO & TORRES LLC**
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com
jnieves@cstlawpr.com

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on January 19, 2023 I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

*/s/ John Arrastia*

7

*Hearing Date: March 15, 2023 at 9:30am (AST)*
*Objection Deadline: February 28, 2023 at 4:00pm (AST)*

## Appendix I

**MEDIATED ACTIONS**

| Avoidance Action Case Number | Case Style |
|---|---|
| 19-00062 | APEX GENERAL CONTRACTORS LLC |
| 19-00063 | GF SOLUTIONS, INC. |

1

*Hearing Date: March 15, 2023 at 9:30am (AST)*
*Objection Deadline: February 28, 2023 at 4:00pm (AST)*

### Appendix II

### ROSSO ACTION

| Avoidance Action Case Number | Case Style |
|:---:|:---:|
| 19-00239 | ROSSO GROUP, INC. |

1