**Exhibit A**

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth. |

ORDER GRANTING FOUR HUNDRED NINETY-FIFTH
OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO
RICO TO MISCLASSIFIED AND OVERSTATED CLAIMS

Upon the *Four Hundred Ninety-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 21747] ("Four Hundred Ninety-Fifth Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), dated August 5, 2022, entry of an order reclassifying and reducing certain claims filed against the Commonwealth, as more fully set forth in the Four Hundred Ninety-Fifth Omnibus

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Ninety-Fifth Omnibus Objection.

Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Four Hundred Ninety-Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Four Hundred Ninety-Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Four Hundred Ninety-Fifth Omnibus Objection (the "Claims to Be Reclassified and Reduced") assert an overstated amount and/or an incorrect or improper priority or classification, as set forth in Exhibit A hereto; and the Court having determined that the relief sought in the Four Hundred Ninety-Fifth Omnibus Objection is in the best interest of the Commonwealth, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Four Hundred Ninety-Fifth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Four Hundred Ninety-Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Reclassified and Reduced are hereby reclassified, such that the Claims to Be Reclassified and Reduced shall now only be considered claims asserted as general unsecured claims, as set forth in the column titled "Modified Claim" in Exhibit A to the Four Hundred Ninety-Fifth Omnibus Objection, respectively; and it is further

ORDERED that the Claims to Be Reclassified and Reduced are hereby reduced and/or reclassified, such that the Claims to Be Reclassified and Reduced shall now only be considered claims asserted as general unsecured claims in a reduced amount, as set forth in the

column titled "Modified Claim" in Exhibit A to the Four Hundred Ninety-Fifth Omnibus Objection, respectively; and it is further

ORDERED that the Debtors' right to object to the Reclassified Claims is reserved; and it is further

ORDERED that this Order resolves Docket Entry No. 21747 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                                                Honorable Judge Laura Taylor Swain
                                                United States District Judge

# **EXHIBIT A**

**Schedule of Claims Subject to the Four Hundred Ninety-Fifth Omnibus Objection**

Four Hundred Ninety-Fifth Omnibus Objection
Exhibit A - Claims to Be Partially Disallowed and Partially Reclassified

| | NAME | CLAIM # | DEBTOR (ASSERTED) | PRIORITY STATUS | AMOUNT | DEBTOR (MODIFIED) | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | CONSTRUCTORA CAYEY INC<br>PO BOX 6400 SUITE 353<br>CAYEY, PR 00737 | 7133 | Commonwealth of Puerto Rico | 503(b)(9) | $104,962.56 | Commonwealth of Puerto Rico | Unsecured | $86,871.54 |

Reason: Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but liabilities totaling $18,091.02 fails to provide sufficient supporting documentation for asserting the liabilities against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has valid liabilities against the Commonwealth of Puerto Rico or any of the other Title III debtors. For the remaining amount, claimant asserted administrative priority under 11 U.S.C. § 503(b)(9), but proof of claim is not for goods sold or outside of the prescribed 20-day receipt period and as such claimant is not entitled to administrative priority. Accordingly, claim has been reduced and reclassified as a general unsecured claim in the amount of $86,871.54.

| | NAME | CLAIM # | DEBTOR (ASSERTED) | PRIORITY STATUS | AMOUNT | DEBTOR (MODIFIED) | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | CRUZ, JORGE MARQUEZ<br>PMB 131, CALLE SIERRA MORENA 267<br>SAN JUAN, PR 00926 | 58 | Commonwealth of Puerto Rico<br>Commonwealth of Puerto Rico<br>Commonwealth of Puerto Rico | Priority<br>Secured<br>Unsecured | $217,519.45<br>$217,519.45<br>$145,012.97 | Commonwealth of Puerto Rico | Unsecured | $362,532.42 |
| | | | | Subtotal | $580,051.87 | | | |

Reason: Claimant asserted priority under 11 U.S.C. § 507(a)(4), but proof of claim is for services performed outside of the 180 day period and as such claimant is not entitled to priority status. Additionally, the claimant also failed to provide prima facie evidence to support a secured claim. Claimant also asserted a total claim amount of $362,532.42 in box 8 of the Proof of Claim, however they also wrote an additional $217,519.45 in box 9 & 12 causing the claim to be placed on the register in the amount of $580,051.87. As such, the claim is overstated and should be reduced to $362,532.42. Accordingly, claim has been reduced and reclassified as a general unsecured claim in the amount of $362,532.42.

| | NAME | CLAIM # | DEBTOR (ASSERTED) | PRIORITY STATUS | AMOUNT | DEBTOR (MODIFIED) | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 3 | TECHNICAL MAINTENANCE SERVICES<br>PO BOX 3826<br>GUAYNABO, PR 00970 | 29562 | Commonwealth of Puerto Rico<br>Commonwealth of Puerto Rico | 503(b)(9)<br>Unsecured | $75.00<br>$75.00 | Commonwealth of Puerto Rico | Unsecured | $75.00 |
| | | | | Subtotal | $150.00 | | | |

Reason: Claimant asserted administrative priority under 11 U.S.C. § 503(b)(9), but proof of claim is not for goods sold or is outside of the prescribed 20-day receipt period and as such claimant is not entitled to administrative priority. Claimant also asserted a total claim amount of $75.00 in box 8 of the Proof of Claim, however they also wrote the same amount in boxes 10 & 13 causing the claim to be placed on the register in the amount of $150.00. As such, the claim is overstated and should be reduced to $75.00. The Claimant shall retain the non-modified portion of the claim.

## Four Hundred Ninety-Fifth Omnibus Objection
### Exhibit A - Claims to Be Partially Disallowed and Partially Reclassified

| | NAME | CLAIM # | ASSERTED DEBTOR | ASSERTED PRIORITY STATUS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED PRIORITY STATUS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 4 | TECHNICAL MAINTENANCE SERVICES PO BOX 3826 GUAYNABO, PR 00970 | 36172 | Commonwealth of Puerto Rico | 503(b)(9) | $3,707.25 | Commonwealth of Puerto Rico | Unsecured | $590.25 |
| | | | Commonwealth of Puerto Rico | Unsecured | $3,707.25 | | | |
| | | | | Subtotal | $7,414.50 | | | |

Reason: Claimant asserted administrative priority under 11 U.S.C. § 503(b)(9), but proof of claim is not for goods sold or is outside of the prescribed 20-day receipt period and as such claimant is not entitled to administrative priority. Claimant also asserted a total claim amount of $3,707.25 in box 8 of the Proof of Claim, however they also wrote the same amount in boxes 10 & 13 causing the claim to be placed on the register in the amount of $7,414.50. As such, the claim is overstated and should be reduced to $3,707.25. Additionally, invoices totaling $3,117.00 were paid via checks 00022245, 00023495, and 00024453 on 05/15/2018, 06/14/2018, and 07/13/2018. Accordingly, claim has been reduced and reclassified as a general unsecured claim in the amount of $590.25.