Case:17-03283-LTS Doc#:23351-1 Filed:01/25/23 Entered:01/25/23 15:38:55 Desc:
Exhibit A - Notice of Injunction Page 1 of 9
SJ2020CV05478 12/01/2023 04:18:34 pm Entry No. 128 Page 1 of 9

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN JUDICIAL CENTER**
**SUPERIOR PART**

| | |
|---|---|
| **NORTH SIGHT COMMUNICATIONS, INC.** <br><br> Plaintiff, <br><br> v. <br><br> **DEPARTAMENTO DE SEGURIDAD PÚBLICA DE PR Y OTROS** <br><br> Defendants. | **CASE NO.** SJ2020CV05478 <br> ROOM: 803 <br><br> RE: REQUEST FOR INJUNCTION REMEDIES- PROVISIONAL INJUNCTION, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION/COLLECTION OF MONEY/DECLARATORY JUDGMENT |

### NOTICE OF INJUNCTION STAYING THE LITIGATION OF THIS CASE AND ON THE REQUIREMENT OF SUBMITTING A REQUEST FOR ADMINISTRATIVE EXPENSES BEFORE THE TITLE III COURT

**TO THE HONORABLE COURT:**

**COMES NOW** the **Commonwealth of Puerto Rico ("ELA")** by itself and in representation of the **Department of Public Safety ("DSP")** and the **Puerto Rico Police Bureau ("Bureau")**, in a special way and without it being understood that by this act any rights or defenses are waived, including any legally appropriate proposal under the provisions of the federal law known as the "Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA"), 48 U.S.C. §§ 2101 et seq., as not submitting to the jurisdiction of the Court, if it proceeds, through the undersigned legal representation and very respectfully **STATES** and **REQUESTS**:

### I. INTRODUCTION

1. On October 9, 2020, *North Sight Communications, Inc.*, filed a *Sworn Complaint*.[1] On October 20, 2020, the Commonwealth was finally summoned, through the Secretary of Justice, and after various procedural steps, the On March 25, 2021, Plaintiffs filed an *Amended Complaint*,[2] which this Court authorized on March 26, 2021.[3]

2. There, the plaintiff argued that the General Services Administration (GSA) and the Bureau owed it $1,347,500, as well as interest expenses, insurance policies on the merchandise, and unanticipated storage expenses for a total of $1,500,000, amount that, in the alternative, was claimed for damages for the alleged breach by GSA and the Bureau of the Obligation and Purchase Order.

---

[1] *See* SUMAC Entry No. 1
[2] *See* SUMAC Entry No. 65
[3] *See* SUMAC Entry No. 66



*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*24/JANUARY/2023 ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

Case:17-03283-LTS Doc#:23351-1 Filed:01/25/23 Entered:01/25/23 15:38:55 Desc:
Exhibit A - Notice of Injunction Page 2 of 9
SJ2020CV05478 12/01/2023 04:18:34 pm Entry No. 128 Page 2 of 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et al.*
Civil No.: SJ2020CV05478
*Notice of Permanent Injunction* by virtue of *Confirmation Order* of the Adjustment Plan
Page 2

3. Similarly, on May 24, 2022, the plaintiff filed a second *Amended Complaint* in which it maintained the remedies mentioned in the previous subparagraph unchanged. That is, the plaintiff again claimed the total payment of $1,500,000.

4. Pursuant to the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("*Confirmation Order*"), issued on January 18, 2022, by the United States District Court for the District of Puerto Rico ("Federal District Court") in charge of the restructuring of the debt of the Commonwealth in the case I*n re: Commonwealth of Puerto Rico*, Case No. 17BK3283-LTS, notice is given that there is a permanent injunction that is in full force in cases such as the one in the epigraph, filed on or before the effective date of the Plan of Adjustment, to say March 15 of 2022. It is important to note that the *Confirmation Order* confirmed the Debt Adjustment Plan ("Adjustment Plan").[4] Document 19813, of Case No. 17-03283-LTS[5].

5. In addition, on March 15, 2022—the effective date of the Debt Adjustment Plan—the Fiscal Oversight Board ("Board") filed a document with the Federal District Court titled *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III Of PROMESA and (B) Occurrence of the Effective Date* ("Notice"). In said *Notice*, the Board notified the deadline to submit a payment request for Administrative Expense Claims (also known as *administrative expense claims,* in English), mentioning Section 1.51 and Article III of the Adjustment Plan, as well as paragraph 44 of the "*Confirmation Order*". See **Exhibit 1**, *Notice*, Document 20349, from case number 17-03283-LTS.

6. Consequently, this Court does not have jurisdiction to continue with the legal proceedings of this case by virtue of the permanent *injunction* contemplated in the *Confirmation Order* issued by the Federal District Court in charge of the restructuring of the Commonwealth's debt under Title III of PROMESA and the *Notice*

---

[4] The Confirmation Order is defined as follows: "**Confirmation Order**: The order of the Title III Court confirming the Plan in accordance with Section 314 of PROMESA and section 1129 the Bankruptcy Code, made applicable in the Title III cases in accordance with Section 301 of PROMESA, which order shall be in form and substance reasonably satisfactory to the Initial PSA Creditors." Doc. No. 19813-1, on p. 47, ¶ 1.158; see also Doc. No. 19813-1 on p. 47, ¶1.156 ("**Confirmation Date**: The date on which the Clerk of the Title III Court enters the Confirmation Order on the docket.")
[5] *See* https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813.

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*24/JANUARY/2023 ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

Case:17-03283-LTS Doc#:23351-1 Filed:01/25/23 Entered:01/25/23 15:38:55 Desc:
Exhibit A - Notice of Injunction Page 3 of 9
SJ2020CV05478 12/01/2023 04:18:34 pm Entry No. 128 Page 3 of 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et al.*
Civil No.: SJ2020CV05478
*Notice of Permanent Injunction* by virtue of *Confirmation Order* of the Adjustment Plan
Page 3

presented by the Board. Thus, by virtue of the *Confirmation Order* and the *Notice*, the **stay of the case of caption proceeds**. This case will be heard through the Federal District Court in charge of the case under Title III of PROMESA in accordance with the process for requesting administrative expenses or "Administrative Expense Claims" established in the *Confirmation Order* and explained in the *Notice*.

## II. APPLICABLE LAW

7. On January 18, 2022, the Hon. Laura Taylor Swain, United States District Judge, who hears the restructuring of the Government's debt, issued the *Confirmation Order* in the case *In re: Commonwealth of Puerto Rico*, Case No. 17BK3283LTS, through which it confirmed the Adjustment Plan. *See* Exhibit A of Document 19813, from Case No. 17-03283.

8. Although the Adjustment Plan was approved and entered into force on March 15, 2022,[6] this does not mean that the debt restructuring case under Title III of PROMESA, namely, *In re: Commonwealth of Puerto Rico*, Case No. 17-03283, has been completed. The automatic stay contemplated in Title III of PROMESA continued until the effective date of the Adjustment Plan under paragraph 66 and beyond the effectiveness of said Plan under paragraph 59, both of the *Confirmation Order*.

9. Once the Adjustment Plan entered into force, on March 15, 2022, the permanent *injunction* of paragraph 59, which is cited below, became effective.[7] Regarding the discharged or released claims, the *Confirmation Order* decrees a permanent *injunction* ("*Injunction on Claims*"), as to the claims of all entities ("*All Entities*") or any other debt or liability that there is, has been or may be in the future that is discharged or released from in accordance with section 92.2 of the Adjustment Plan, specifically indicating that they are permanently prohibited, from and after the effective date of the Adjustment Plan. Doc. No. 19813, on p. 67, paragraph 59. In relevant part, paragraph 59 provides:

> **Injunction on Claims. Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section**

---

[6] "[T]he effective Date of the Plan occurred on March 15, 2022". *See* Attachment 3, Document 20349, on p.. 2, of case 17BK3283-LTS.
[7] Copies of the Confirmation Order and Debt Adjustment Plan are publicly available free of charge from .Prime Clerk LLC, accessing https://cases.primeclerk.com/puertorico/ or on the website of the Federal District Court, https://cases.primeclerk.com/puertorico/ ://www.prd.uscourts.gov/.

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*24/JANUARY/2023 ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

Case:17-03283-LTS Doc#:23351-1 Filed:01/25/23 Entered:01/25/23 15:38:55 Desc:
Exhibit A - Notice of Injunction Page 4 of 9
SJ2020CV05478 12/01/2023 04:18:34 pm Entry No. 128 Page 4 of 9

North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et al.
Civil No.: SJ2020CV05478
*Notice of Permanent Injunction* by virtue of *Confirmation Order* of the Adjustment Plan
Page 4

> **92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property.**

*See Confirmation Order*, Doc. No. 19813 on p. 67, paragraph 59 (original in bold).[8]

10. In addition, the *Confirmation Order*, in its paragraph 44, warned about the need to present evidence of claims for administrative expenses within a term of 90 days from the effective date of the Plan, providing the following:

> <u>Administrative Claim Bar Date</u>. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim(a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

*See Confirmation Order*, Doc. No. 19813, on p. 49, paragraph 44;[9] *see also*, Exhibit A of Doc. No. 19813, *Adjustment Plan*, Doc. No. 19813-1 on p. 35, section 1.51.[10]

11. On the other hand, on March 15, 2022, the day the Adjustment Plan became effective, the Fiscal Oversight Board presented the *Notice*, in which it informed the deadline to present the requests for payment of the Expense Claims

---

[8] (https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockRelatedSearchValue=4214-19813).
[9] (https://cases.primeclerk.com/puertorico/HomeDocketInfo?DockRelatedSearchValue=4214-19813).
[10] The Debt Adjustment Plan defines an administrative expense claim as follows:
  1.52 **Administrative Expense Claim**: A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consumnation Costs and PSA Restriction Fees; provided, however, that under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.
Exhibit A of Doc. Number 19813, Adjustment Plan, Doc. No. 19813-1 on p. 35, section 1.51 (emphasis in original).

Case:17-03283-LTS Doc#:23351-1 Filed:01/25/23 Entered:01/25/23 15:38:55 Desc:
Exhibit A - Notice of Injunction Page 5 of 9
SJ2020CV05478 12/01/2023 04:18:34 pm Entry No. 128 Page 5 of 9

North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et al.
Civil No.: SJ2020CV05478
*Notice of Permanent Injunction* by virtue of *Confirmation Order* of the Adjustment Plan
Page 5

Administrative ("*Administrative Expense Claims*" or "*Administrative Expense Requests*"). Similarly, the Fiscal Oversight Board informed the method by which requests for payment of Administrative Expense Claims or *Administrative Expense Requests* must be submitted. See **Exhibit 1**, *Notice*, Doc. No. 20349 on p. 2. In relevant part, the *Notice* provided the following:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.
> **Exhibit 1**, *Notice*, Doc. No. 20349, on p. 2 (emphasis in original).

12. On October 20, 2022, the United States District Court for the District of Puerto Rico ("Federal District Court") in charge of the restructuring of the debt of the Commonwealth, issued the *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* by which the term to file a request for administrative expenses with the Title III Court was extended until **January 18, 2023, 4:00pm**. However, said extension will only benefit those causes of action mentioned in the Order. Specifically, the aforementioned Order provides that:

> The Administrative Claim Bar Date pursuant to decretal paragraph 44 of the Confirmation Order and section 1.51 of the Plan shall be extended to 4:00 p.m. (Atlantic Standard Time) on January 18, 2023 (the "Extended Administrative Claim Bar Date"), solely with respect to any claim or cause of action: (A)(1) **asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or** (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and (B) the holder of such claim did not receive service of the Effective Date Notice as documented in a Certificate of Service referred to in paragraph 3 below.

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*24/JANUARY/2023 ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

Case:17-03283-LTS Doc#:23351-1 Filed:01/25/23 Entered:01/25/23 15:38:55 Desc:
Exhibit A - Notice of Injunction Page 6 of 9
SJ2020CV05478 12/01/2023 04:18:34 pm Entry No. 128 Page 6 of 9

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et al.*
Civil No.: SJ2020CV05478
*Notice of Permanent Injunction* by virtue of *Confirmation Order* of the Adjustment Plan
Page 6

**Exhibit 2**, *Order*, Doc. No. 22650, on p. 3 (emphasis added).

13. In addition, the *Order* waives the requirement to submit proof of *Administrative Expense Claims* for the following five (5) types of claims:

> (i) Compulsory eminent domain / Compulsory eminent domain in reverse, (ii) claims by debtors whose property has been confiscated pursuant to the Uniform Confiscations Act of 2021, 34 LPRA 1724 *et seq.*, (iii) claims regarding the collection of attorney fees under the Federal Special Education Act, known as the *Individuals with Disabilities Education Act* (IDEA) 20 U.S.C. 1400 *et seq.*, (iv) collection of tax refunds, and (v) claims authorized under the *Law of Claims and Demands against the State*, 32 LPRA § 3077(a), to the extent the amounts claimed are within the statutory limits of $75,000 or $150,000.

**Exhibit 2**, *Order*, Doc. No. 22650, at p. 4

14. The *Notice* also informs that the person who is required to submit the *Administrative Expense Request*, pursuant to Section 1.51 and Article III of the Adjustment Plan and paragraph 44 of the *Confirmation Order*, and fails to submit it on the deadline to do so, is permanently prohibited from making a payment claim against the debtor. On it, page 3 of the *Notice* provides:

> **PLEASE TAKE FURTHER NOTICE that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

*See* **Exhibit 1**, *Notice*, Doc. No. 20349 on p. 3 (emphasis in original).

15. This Court is requested to take judicial knowledge of the *Confirmation Order*, the Debt Adjustment Plan and the *Notice* under Rule 201(b) of the Puerto Rico Rules of Evidence.

### III. APPLICATION OF THE LAW

16. At present, the *injunction* described in paragraph 59 of the *Confirmation Order* operates in this case. There is no order of the Federal District Court for the District of Puerto Rico authorizing the continuation of the proceedings in the case of epigraph, thus this forum lost jurisdiction over it once the *injunction* described in paragraph 59 of the *Confirmation Order* entered into force.

17. The Department of Justice represents the interests of the Commonwealth of Puerto Rico, supplying

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et al.*
Civil No.: SJ2020CV05478
*Notice of Permanent Injunction* by virtue of *Confirmation Order* of the Adjustment Plan
Page 7

the legal capacity of the Department of Public Safety and the Police Bureau (Commonwealth agencies), debtors under PROMESA, incurring costs associated with the litigation and, in the event of an adverse judgment, the funds to be disbursed for the payment of the judgment constitute a *liability claim* against the Commonwealth and one of its instrumentalities.

18. By virtue of the *injunction* decreed in paragraph 59 of the aforementioned order, undoubtedly the present case is permanently paralyzed and this Illustrious Forum lost jurisdiction over it. Therefore, issuing any order to continue with the judicial process of the litigation would violate the precepts outlined in the *Confirmation Order* and the Adjustment Plan.

19. The plaintiff in the present *post-petition/pre-plan* case will not be deprived of a remedy or remedy, since it was provided for a claim for administrative expenses, if qualified as such, and it still has time to file its claim under an *Administrative Expense Request*. See *In re-City of San Bernardino*, 558 B.R. 321, 329-330 (C.D. Cal. 2016) (resolving, in the context of a claim for damages against the debtor city, that "insofar as Newberry seeks damages or fees from the City for the alleged constitutional violation, they can file a claim for administrative expenses.") (citing *In re Zilog, Inc.*, 450 F.3d 996, 999 n. 1 (9th Cir. 2006) ("tort claims that 'arise post-petition but pre-confirmation can be filed as administrative expenses against the debtor's estate'") (citing *Reading Co. v. Brown*, 391 U.S. 471, 477 (1968))); *In re Palau Corp.*, 18 F.3d 746, 751 (9th Cir. 1994)). In fact, the federal district court that heard the bankruptcy case in *In re City of San Bernardino* recognized that claims for administrative expenses in *post-petition* cases may give creditors greater recourse than *pre-petition* creditors for payment of such administrative expenses. *Id.* on p. 330 ("Indeed, the fact that post-petition claims can be filed as administrative expenses potentially gives such creditors greater recourse against the City than regular prepetition creditors, for the payment of administrative expenses is given priority over almost all other claims against the estate."). Therefore, the only remedy available at this stage of the case of the restructuring of the Commonwealth's debt under Title III of PROMESA is the presentation of an *Administrative Expense Claim* before the Title III Court as established in the *Confirmation Order* issued by said forum and the *Notice* presented by the Board.

20. Given this situation, this Court must (i) take knowledge of the applicability of the *injunction* issued by the Federal District Court in the *Confirmation Order* on the claims arising *post-petition* and presented prior to the

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*24/JANUARY/2023 ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

*North Sight Communications, Inc. v. Departamento de Seguridad Pública de P.R. et al.*
Civil No.: SJ2020CV05478
*Notice of Permanent Injunction* by virtue of *Confirmation Order* of the Adjustment Plan
Page 8

confirmation of the Adjustment Plan and (ii) by not having jurisdiction, annul any order for the continuation of this litigation before the Court of First Instance.

**WHEREFORE**, we request this Court to: (i) take knowledge of the informed above; and, as a consequence, (ii) recognize the current *injunction* that stayed the case of caption and deprived it of jurisdiction over it by virtue of the *Confirmation Order*, with any other pronouncement that is legally appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today January 12, 2023.

**I CERTIFY**: That this document has been submitted electronically through the Unified Case Management and Administration System (SUMAC), which simultaneously notifies all lawyers of record to their respective electronic addresses, which constitutes the notification that must be carried out between lawyers and lawyers, as provided in the Rules of Civil Procedure of 2009.

[Space intentionally left blank]

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*24/JANUARY/2023 ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

Case:17-03283-LTS   Doc#:23351-1   Filed:01/25/23   Entered:01/25/23 15:38:55   Desc:
Exhibit A - Notice of Injunction   Page 9 of 9
SJ2020CV05478 12/01/2023 04:18:34 pm Entry No. 128 Page 9 of 9

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

**SUSANA PEÑAGARÍCANO-BROWN**
Auxiliary Secretary for Civil

**JUAN C. RAMÍREZ ORTIZ**
Deputy Secretary for Civil

*s/Godohaldo Pérez Torres*
**GODOHALDO PÉREZ TORRES**
RÚA.13,130
Director of Legal Affairs
Tax Division, Collection of Money and Compulsory Expropriation

**DEPARTAMENTO DE JUSTICIA**
Tax Division, Collection of Money and Compulsory Expropriation
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel. (787) 721-2900 Exts.1431-1483

*s/ Jahdiel F. Carrasquillo Rivera*
**JAHDIEL F. CARRASQUILLO RIVERA**
RÚA. 21617
jacarrasquillo@justicia.pr.gov
divisioncontributivo@justicia.pr.gov



*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*24/JANUARY/2023  ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦Translations & More: 787-637-4906*