**Exhibit A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>　　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### ORDER GRANTING FIVE HUNDRED TWENTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED, PARTIALLY SATISFIED, AND DEFICIENT CLAIMS

Upon the *Five Hundred Twenty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified, Partially Satisfied, and Deficient Claims* [ECF No. 22248] ("Five Hundred Twenty-Third Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), dated September 16, 2022, for entry of an order

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Twenty-Third Omnibus Objection.

reclassifying and reducing certain claims filed against the Debtor as general unsecured claims, as more fully set forth in the Five Hundred Twenty-Third Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Five Hundred Twenty-Third Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Five Hundred Twenty-Third Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Five Hundred Twenty-Third Omnibus Objection (the "Claims to Be Reclassified") assert an incorrect or improper priority and are deficient and/or have been partially satisfied, as set forth in Exhibit A hereto; and the Court having determined that the relief sought in the Five Hundred Twenty-Third Omnibus Objection is in the best interest of the Debtor, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Five Hundred Twenty-Third Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Five Hundred Twenty-Third Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Reclassified are hereby reclassified, reduced, and allowed, as set forth in the columns entitled "Modified and Allowed" in Exhibit A to the Five Hundred Twenty-Third Omnibus Objection, respectively; and it is further

ORDERED that this Order resolves Docket Entry No. 22248 in Case No. 17-3283; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

3

# **EXHIBIT A**

**Schedule of Claims Subject to the Five Hundred Twenty-Third Omnibus Objection**

Five Hundred Twenty-Third Omnibus Objection

Exhibit A - Claims to Be Reclassified, Reduced, and Allowed

| | | | ASSERTED | | | MODIFIED AND ALLOWED | |
|---|---|---|---|---|---|---|---|
| NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 MORALES BURGOS, RAMON R.<br>URB. PASSEO DEL VALLE G-1<br>ANASCO, PR 00610 | 18274 | Commonwealth of Puerto Rico | 503(b)(9) | $556.34 | Commonwealth of Puerto Rico | Unsecured | $412.22 |

Reason: Goods listed on claim were received outside of the prescribed 20-day receipt period under 11 U.S.C. § 503(b)(9) and thus not entitled to administrative priority. Additionally, invoices totaling $144.12 were paid via checks 00084593 and 00199536 on 12/28/2016 and 08/02/2018. Accordingly, claim has been reduced and reclassified as a general unsecured claim in the amount of $412.22.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2 ORGANIZACIONES ONETO, INC<br>425 CARR 693 PMB 500<br>DORADO, PR 00646 | 17777 | Commonwealth of Puerto Rico | 503(b)(9) | $83,303.02 | Commonwealth of Puerto Rico | Unsecured | $140.00 |

Reason: Invoices totaling $2,525.50 were paid via checks 00276397 and 00283572 on 05/24/2019 and 06/26/2019. Additionally proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but liabilities totaling $80,334.52 fails to provide sufficient supporting documentation for asserting the liabilities against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has valid liabilities against the Commonwealth of Puerto Rico or any of the other Title III debtors. For the remaining amount, claimant asserted administrative priority under 11 U.S.C. § 503(b)(9), but goods listed on claim were received outside of the prescribed 20-day receipt period under 11 U.S.C. § 503(b)(9) and thus not entitled to administrative priority. Accordingly, claim has been reduced and reclassified as a general unsecured claim in the amount of $140.00. Claim #17777 also contained on Exhibit A to the 391st Omnibus Claims Objection for Modified Claims.