**Estimated Hearing Date**: March 15, 2023 at 9:30 a.m. AST
**Objection Deadline**: February 15, 2023 at 4:00 p.m. AST

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

## FINAL FEE APPLICATION OF LUSKIN, STERN & EISLER LLP, AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES, FOR THE PERIOD FROM MAY 3, 2017 THROUGH MARCH 15, 2022[2]

| | |
|---|---|
| Name of Applicant: | Luskin, Stern & Eisler LLP ("LS&E") |
| Authorized to Provide Professional Services as: | Special Counsel to The Financial Oversight and Management Board for Puerto Rico |
| Date of Retention: | October 4, 2016 |
| Period for which compensation and reimbursement is sought: | May 3, 2017[3] through March 15, 2022 (Petition Date through Effective Date) |
| Amount of final compensation sought as actual, reasonable, and necessary: | $1,563,848.24 |

---

[1] The Debtors in these jointly-administered Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2] This form has been designed to incorporate many of the requirements of PROMESA §316 and ¶ C.2.1 and Exhibit E to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines").

[3] The petition date for the Commonwealth under Title III was May 3, 2017.

| | |
|---|---|
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | $7,014.97 |
| Blended rate in this application for all attorneys (excluding fees incurred since March 15, 2022): | $756.58 |
| Blended rate in this application for all timekeepers (excluding fees incurred since March 15, 2022): | $598.016 |
| Post-Confirmation Fees: | $26,019.00 |
| The total time expended for fee application preparation for the Final Fee Period, including disclosures under PRRADA, is 72.6 hours and the corresponding compensation requested is $26,019.00. | |

| SUMMARY OF PRIOR INTERIM FEE APPLICATIONS | | | | | |
|---|---|---|---|---|---|
| | | Fees and Expenses Approved | | Date and Docket No. of Fee Order | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Date | Docket No. |
| 12/15/2017 [No. 2077] | *First IFP* 5/3/17 to 9/30/17 | $308,347.07 | $2,100.64 | 3/7/2018 | 2685 |
| 3/19/2018 [No. 2729] | *Second IFP* 10/1/17 to 1/31/18 | $88,869.67 | $1,329.64 | 9/6/2018 | 3874 |
| 7/16/2018 [No. 3530] | *Third IFP* 2/1/18 to 5/31/18 | $123,126.00 | $471.42 | 11/6/2018 | 4200 |
| 11/19/2019 [No. 4336] | *Fourth IFP* 6/1/18 to 9/30/18 | $71,708.00 | $313.63 | 3/14/2019 | 5654 |
| 3/18/2019 [No. 5778] | *Fifth IFP* 10/1/18 to 1/31/19 | $546,614.00 | $1,311.51 | 6/26/2019 | 7670 |
| 7/15/2019 [No. 7968] | *Sixth IFP* 2/1/19 to 5/31/19 | $152,165.50 | $743.70 | 12/6/2019 | 9488 |
| 11/15/2019 [No. 9199] | *Seventh IFP* 6/1/19 to 9/30/19 | $54,602.00 | $0.00 | 3/6/2020 | 12157 |
| 3/16/2020 [No. 12356] | *Eighth IFP* 10/1/19 to 1/31/20 | $30,633.00 | $66.91 | 7/24/2020 | 13824 |
| 7/17/2020 [No. 13714] | *Ninth IFP* 2/1/20 to 5/31/20 | $54,879.00 | $5.52 | 10/26/2020 | 14925 |
| 11/16/2020 [No. 15147] | *Tenth IFP* 6/1/20 to 9/30/20 | $35,231.00 | $672.00 | 3/8/2021 | 15971 |

| 3/16/2021 [No. 16080] | *Eleventh IFP* 10/120 to 1/31/21 | $11,795.00 | $0.00 | 8/3/2021 | 17646 |
|---|---|---|---|---|---|
| 7/16/2021 [No. 17396] | *Twelfth IFP* 2/1/21 to 5/31/21 | $29,630.00 | $0.00 | 10/4/2021 | 18371 |
| 11/15/2021 [No. 19215] | *Thirteenth IFP* 6/1/21 to 9/30/21 | $15,340.00 | $0.00 | 1/28/2022 | 19937 |
| 6/7/2022 [No. 21125] | *Fourteenth IFP* 10/1/2021 to 1/31/22 | $30,811.50 | $0.00[4] | 10/28/2022 | 22727 |
| 10/4/2022 [No. 22466] | *Fifteenth IFP* 2/1/22 to 3/15/22 | $10,096.50 | $0.00 | 12/12/2022 | 23045; 23112 |
| **Total fees and expenses approved by interim orders to date:** | | | | $1,563,848.24 | $7,014.97 |

---

[4] The Court's *Supplemental Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Fifteenth Interim (February 1, 2022-May 31, 2022) and Prior Compensation Periods* [Docket No. 22727], inadvertently approved expenses in the amount of $6,488.28, that had not been requested by LS&E.  LS&E proposes that this amount be credited against from any payments that are to be made to LS&E pursuant to any final order awarding compensation to LS&E in this case.

**Estimated Hearing Date**: March 15, 2023 at 9:30 a.m. AST
**Objection Deadline**: February 15, 2023 at 4:00 p.m. AST

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

**FINAL FEE APPLICATION OF LUSKIN, STERN & EISLER LLP,
AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM MAY 3, 2017 THROUGH MARCH 15, 2022**

TO THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE:

Luskin, Stern & Eisler LLP ("LS&E"), special counsel to the Financial Oversight

and Management Board for Puerto Rico (the "Oversight Board") as representative of the

Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Corporation, the Puerto

Rico Highways and Transportation Authority, the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico, and the Puerto Rico Electric Power Authority

(collectively, the "Debtors") in the above-captioned title III cases (the "Title III Cases") pursuant

---

[1] The Debtors in these jointly-administered Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[2] hereby submits this final fee application (the "Final Fee Application" or

"Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016-1 of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy

Rules"), Appendix B of the United States Trustee *Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in

Large Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines," and

together with the aforementioned statutes, rules and guidelines, the "Guidelines"), and in

accordance with the *Third Amended Order Setting Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals* entered by this Court on April 12, 2022 [Docket.

No. 20546] (as amended, the "Interim Compensation Order"), seeking entry of an order allowing

and approving all prior fee and expense requests incurred during the period commencing May 3,

2017 through and including March 15, 2022 (the "Compensation Period").  In support of this

Application, LS&E respectfully states the following:

## Jurisdiction and Venue

    1.    The Court has subject matter jurisdiction to consider and determine this

Final Fee Application pursuant to PROMESA section 306(a).  Venue is proper before this Court

pursuant to PROMESA section 307(a).  The statutory predicates for the relief requested herein

are PROMESA sections 316 and 317, Bankruptcy Rule 2016, and Local Rule 2016-1.

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtors' Title III Cases and does not address fees or expenses incurred with respect to other services performed for the Oversight Board outside the Title III process.

[4] The Bankruptcy Rules are made applicable to the Debtors' Title III Cases pursuant to PROMESA section 310.

2.      This Application has been prepared in accordance with the Guidelines and the Interim Compensation Order.  Attached hereto as **Exhibit A** is a certification regarding compliance with the Local Guidelines.

## Background

### A.  Retention of LS&E

3.      LS&E is a law firm with its offices located in New York.  LS&E has significant experience representing parties in bankruptcy actions and litigations in many large, complex cases.  It has represented clients in numerous cases in the Southern District of New York, the Eastern District of New York, and in the United States District Courts and Courts of Appeals throughout the United States.

4.      As set forth in the engagement letter dated October 4, 2016 (the "Engagement Letter"),[5] LS&E was retained by and authorized to represent the Oversight Board in connection with litigation in this Court seeking to lift the automatic stay imposed by PROMESA, seven months before these Title III Cases were commenced.[6]  During the pendency of these Title III Cases, LS&E continued to provide services to the Oversight Board and assisted Proskauer Rose LLP ("Proskauer"), as lead counsel for the Oversight Board, in connection with the Title III Cases given LS&E's institutional knowledge of the pre-Title III litigation and its experience in bankruptcy litigation.

---

[5] A copy of the Engagement Letter is available on the Oversight Board's website at http://oversightboard.pr.gov/documents.

[6] Unlike in cases commenced under the Bankruptcy Code, professionals retained by the Debtors and the Oversight Board do not require court authorization for retention.  *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

### B.   Interim Fee Applications

5.   LS&E has submitted fifteen (15) interim fee applications, each of which has been approved the Court as set forth above.  Each of LS&E's interim applications are incorporated herein by reference.[7]

6.   This is LS&E's final application, which covers the period from May 3, 2017 through and including March 15, 2022.

### Relief Requested

7.   By this Application, LS&E seeks entry of an order authorizing final approval and allowance of compensation for the professional services rendered and for expenses incurred during the fifteen interim periods which comprise LS&E's retention in these Title III Cases.

8.   Other than with respect to the prior payments made on account of Monthly Fee Statements or Interim Fee Applications (including the overpayment disclosed in footnote 4 on the coversheet to this Final Fee Application), no payments have been made to LS&E, and LS&E has received no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered during the Compensation Period covered by this Application.  There is no agreement or understanding between LS&E and any other person, other than the members of LS&E, for the sharing of compensation to be received for services rendered in these cases.

9.   The fees charged by LS&E in these cases are billed in accordance with LS&E's existing billing rates and procedures in effect during the Compensation Period.  The

---

[7] In each of LS&E's interim fee applications filed since the passing of Act 257 amending the Puerto Rico Internal Revenue Code of 2011, LS&E has reserved the right to seek a tax "gross up" for amounts withheld pursuant to Act 257.  As LS&E has received federal tax credits equal to or in excess of any such amounts withheld, it does not seek approval of any such gross up in this Final Fee Application.

rates set forth in the Engagement Letter[8] which LS&E charges for the services rendered by its professionals and paraprofessionals in these Title III Cases are the same rates LS&E generally charges for professionals and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

10. LS&E maintains computerized records of all time spent by LS&E attorneys and paraprofessionals in connection with its representation of the Oversight Board. Applicant has provided itemized time records for professionals and paraprofessionals performing services during the Compensation Period to this Court, the Debtors, the Fee Examiner, all notice parties pursuant to the Interim Compensation Order, and the U.S. Trustee. All entries itemized in Applicant's time records comply with the requirements set forth in the Guidelines, including the use of separate matter numbers for different project types, as described in this Application. Applicant's itemized time records also detail expenses incurred during the Compensation Period. All entries itemized in Applicant's expense records comply with the requirements set forth in the Guidelines.

11. Pursuant to, and consistent with, the Guidelines, as applicable, the following exhibits are attached hereto and incorporated herein by reference:

i. **Exhibit A** contains a certification by Michael Luskin regarding LS&E's compliance with the Local Guidelines.

---

[8] LS&E's hourly rates have increased throughout the Compensation Period pursuant to the *Notice of Proposed Hourly Rate Adjustment of Luskin, Stern & Eisler LLP, as Special Counsel to the Financial Oversight and Management Board of Puerto Rico, nunc pro tunc to August 1, 2019* [Docket. No. 8621], *Notice of Proposed Hourly Rate Adjustment of Luskin, Stern & Eisler LLP, as Special Counsel to the Financial Oversight and Management Board of Puerto Rico, nunc pro tunc to August 1, 2020* [Docket. No. 14006] and *Third Notice of Proposed Hourly Rate Adjustment of Luskin, Stern & Eisler LLP, as Special Counsel to the Financial Oversight and Management Board of Puerto Rico, effective as of September 1, 2021* [Docket. No. 17656] (collectively, the "Notices of Hourly Rate Adjustment")

ii.    **Exhibit B** contains a summary of hours and fees billed by each LS&E attorney and paraprofessional in connection with services rendered to the Oversight Board during the Compensation Period, including each time keeper's title, hourly rates, year of bar admission (for attorneys), and any applicable rate increases.

iii.    **Exhibit C** contains a summary of compensation requested by matter during the Compensation Period.

iv.    **Exhibit D** contains a summary and comparison of LS&E's blended aggregate blended hourly rates during the Compensation Period.

v.    **Exhibit E** contains a summary of reimbursable expenses incurred during the Compensation Period.

vi.    **Exhibit F** contains a summary of the compensation requested by matter incurred between March 16, 2022, and July 31, 2022.

**Summary of Services Performed and Results Achieved**

12.    Set forth below is a summary of significant professional services, broken down by project category, rendered by LS&E during the Compensation Period.

A.  Bankruptcy Litigation

13.    During the Compensation Period, LS&E spent time assisting Proskauer, the  FOMB's primary counsel, in various litigations in the Title III cases, including the Title III cases themselves, and certain adversary proceedings, and appeals, including, *Peaje Investments LLC v. Puerto Rico Highways and Transportation Authority, et al.*, Adv. Proc. Nos. 17-151 and 17-152 (LTS), *Assured Guaranty Corp. v. Commonwealth, et al.*, Adv. Proc. Nos. 17-155 and 17-156 (LTS), *Ambac Assurance Corp. v. Commonwealth, et al.*, Adv. Proc. No. 17-00159 (LTS), *Aurelius Capital Master, Ltd., et al. v. Commonwealth of Puerto Rico, et al.*, Case No. 18-1108 (1st Cir.) and *Altair Global Credit Opportunities, et al. v. Employees Retirement System, et al.*, Case No. 18-1836 (1st Cir.).  Among other tasks, LS&E assisted in discovery and document review; analyzing and researching various dipositive issues; reviewing and revising various court filings; preparing for and participating in depositions, including the depositions of

6

several expert witnesses, and reviewing transcripts of numerous depositions; reviewing and revising outlines and appellate briefs.  This work – as well as other work performed by LS&E in connection with these Title III Cases – was done in conjunction with attorneys at Proskauer.  LS&E took care to avoid duplication of effort both within the firm and with Proskauer.

14.     Additionally, since the Compensation Period ended, LS&E incurred an additional $20,439 in fees in connection with complying with its disclosure obligations under the Puerto Rico Recovery Accuracy in Disclosures Act of 2021 ("PRRADA") and the Court's subsequent order requiring LS&E to disclose any material interested parties.  Effective August 1, 2022, the attorneys working on this matter joined the law firm of Stroock & Stroock & Lavan LLP.  No time since August 1, 2022, has been included in this Final Fee Application.  In accordance with the instructions that we received from Robert J. Keach of Bernstein Shur LLP (the non-Title III Fee Examiner), the foregoing fees and expenses related to the PRRADA disclosures were submitted to the non-Title III Fee Examiner.  No payments have been received on account of these amounts.

B.     Fee Applications

15.     During the Compensation Period, LS&E spent time under this project category on the following: (a) review of the docket and filings in these Title III Cases in connection with fee and compensation matters, (b) review of the Guidelines and Fee Examiner Guidelines in connection with LS&E's Interim Fee Applications, (c) preparation of its Interim Fee Applications, and (d) review and coordination with the Oversight Board's professionals in connection with the foregoing.

16.     As set forth more fully in each of its prior interim fee applications, LS&E has written off significant time and $1,228.50 in fees incurred in connection with the following:

7

(a) preparation of its Monthly Fee Statement during the Compensation Period, (b) reviewing and revising invoices in connection with its Monthly Fee Statement during the Compensation Period, (c) preparation of the principal certification with respect to its Monthly Fee Statement during the Compensation Period, and (d) preparation of each no objection statement with respect to its Monthly Fee Statement during the Compensation Period.

17.     Additionally, between the end of Compensation Period and July 31, 2022, LS&E has incurred an additional $5,580.00 in fees in connection with the drafting and preparation of its Fourteenth and Fifteenth Interim Fee Applications and this Final Fee Application.  Effective August 1, 2022, the attorneys working on this matter joined the law firm of Strook & Strook & Lavan LLP.  As a result, no time since August 1, 2022, has been included in this Final Fee Application.  In accordance with the instructions that we received from Robert J. Keach of Bernstein Shur LLP (the non-Title III Fee Examiner), the foregoing fees and expenses were submitted to the non-Title III Fee Examiner.  No payments have been received for these amounts.

C.   Peaje v. PRHTA

18.     LS&E's time in this project category is attributable to work done in connection with *Peaje Investments LLC v. Puerto Rico Highways and Transportation Authority, et al.*, Adv. Proc. Nos. 17-151 and 17-152 (LTS).  During the Compensation Period, the bulk of the time under this project category was spent assisting Proskauer with Peaje's appeal to the First Circuit of the Court's decision denying Peaje's motion for a preliminary injunction. LS&E's work included reviewing and revising outlines and draft briefs as well as preparing and helping the Proskauer team prepare for oral arguments, including participation in moot appellate arguments.

D.  <u>AMBAC v. PRHTA</u>

19.     LS&E's time in this project category is attributable to work done in connection with *Ambac Assurance Corporation v. Puerto Rico Highways and Transportation Authority*, Case No. 18-1214 (1st Cir.).  During the Compensation Period, the bulk of the time under this project category was spent assisting Proskauer with AMBAC's appeal to the First Circuit of the Court's decision granting the Oversight Board's motion to dismiss the complaint. LS&E's work included reviewing and revising outlines and draft briefs as well as helping the Proskauer team prepare for oral arguments, including moot appellate arguments.

E.  <u>Assured v. PRHTA</u>

20.     LS&E's time in this project category is attributable to work done in connection with *Assured Guaranty Corporation v. Puerto Rico Highways and Transportation Authority*, Case Nos. 18-1165 and 18-1166 (1st Cir.).  During the Compensation Period, the bulk of the time under this project category was spent assisting Proskauer defending against Assured's appeal to the First Circuit of the Court's decision granting the Oversight Board's motion to dismiss.  LS&E's work involved helping the Proskauer team prepare for oral arguments, including review of appellate briefs, cases cited, preparation of questions for moot appellate arguments, and participation in moot appellate arguments.

F.  <u>Conflicts and Disclosure Issues</u>[9]

21.     Prior to the Eighth Interim Fee Period, LS&E's time in this project category was attributable to work done in connection with its examination of the facts, consequences, and implications concerning potential conflict of interest issues regarding the

---

[9] Following LS&E's filing of the McKinsey Report on February 18, 2019 [Docket. No. 5154], the Oversight Board requested that LS&E review and advise on various conflicts and disclosure issues related to the Oversight Board' vendors.  Accordingly, LS&E changed the name of this project category on its billing system from "McKinsey Report" to "Conflicts and Disclosure Issues."

Oversight Board's retention of McKinsey & Company, Inc. Washington D.C. ("McKinsey"), including the circumstances surrounding McKinsey's and its affiliates' holdings of Puerto Rico public debt.  As part of the investigation, LS&E reviewed McKinsey's disclosure obligations under current law and pursuant to its contractual arrangements with the Oversight Board and prepared a 95-page written report (the "McKinsey Report"), detailing LS&E's findings and conclusions and making recommendations regarding the Oversight Board's practices and policies with respect to the disclosures that it requires of its vendors.[10]  Since the filing of the McKinsey Report, LS&E continued to provide advice to the Oversight Board related to the Oversight Board's vendors, including vendor contracts and vendor conflict disclosures, up through and including March 15, 2022.  Between the Eighth Interim Fee Period and the Fifteenth Interim Fee Period, LS&E spent the bulk of its time in this project category evaluating disclosure documentation, including a review of court and other filings regarding McKinsey disclosures and other issues, potential conflict issues, and proposed contractual changes of the Oversight Board's vendors on a case by case basis, including numerous meetings, telephone calls, and email exchanges with the Oversight Board and certain of its vendors in connection with the foregoing.

## The Application Should be Granted

22.     Section 317 of PROMESA provides for compensation of professionals and incorporates the substantive standards of Section 316 of PROMESA to govern the Court's award of such compensation.  48 U.S.C. § 2177.  Section 316 provides that a court may award a professional employed under section 1103 of title 11 of the United States Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual,

---

[10] *See* Docket. No. 5154.

necessary expenses." *Id.* § 2176(a)(1) and (2).  Section 316(c) sets forth criteria for the award of
such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to a
> professional person, the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> restructuring field; and
>
> (6) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title or title 11, United States Code.

*Id.* § 2176(c).

23.     LS&E respectfully submits that the services for which it seeks
compensation and the expenditures for which it seeks reimbursement in this Application were
necessary and beneficial to the Oversight Board.  In light of the nature, extent and value of such
services, LS&E submits that the compensation requested herein is reasonable.

24.     The compensation for LS&E's services as requested is commensurate with
the complexity, importance and nature of the problems, issues or tasks involved.  The
professional services were performed with expedition and in an efficient manner.  In addition,
the assignments given to LS&E by the Oversight Board and Proskauer required the attention of
senior-level attorneys.

25.     In sum, the services rendered by LS&E were necessary and beneficial to
the Oversight Board, were reasonable in light of the value of such services to the Oversight

Board and were performed with skill and expertise.  Accordingly, LS&E submits that approval of the compensation for professional services and reimbursement of expenses requested in this Final Fee Application is warranted.

### Location of Services Provided

26.     All fees and services during the Compensation Period were rendered and incurred outside of Puerto Rico.

### Statements Pursuant to Appendix B of the U.S. Trustee Guidelines

27.     The following statements address information pursuant to Section C.5 of the U.S. Trustee Guidelines:

a. Question:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

   Answer:  No.

b. Question:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

   Answer:  Given that LS&E's services were performed on an *ad hoc* basis, the amount of time it billed in any given month or Compensation Period fluctuated substantially.  Accordingly, and based on discussions with the Fee Examiner, LS&E is not subject to the budgeting requirement with respect to the work it performs on an *ad hoc* basis.

c. Question:  Have any of the professionals included in this fee application varied their hourly rate based on geographic location of the bankruptcy case?

   Answer:  No.

d. Question:  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Answer:  No.  LS&E voluntarily reduced its time and fees billed in this Application relating to reviewing and revising time records or preparing, reviewing or revising invoices.  These amounts were not separately calculated but are included in the voluntary reductions disclosed in each of the prior interim fee applications which are not reflected in the amounts sought therein.

e.   Question:  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Answer:  No.  Any such time and fees related to reviewing and revising invoices to protect privileged or confidential information are included in the voluntary reductions referenced in the response to the question in paragraph 28(d) and are not separately calculated.

f.   Question:  If the fee application includes any rate increases in retention:
(i) Did your client review and approve those rate increases in advance? and
(ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer:  This Application does not include any additional rate increases but incorporates hourly rate increases for LS&E's timekeepers pursuant to the Notices of Hourly Rate Adjustment.  Such rate increases were approved by the client pursuant to the terms of the Engagement Letter and LS&E was authorized by its client to increase the hourly rates for its timekeepers. Such rate adjustments are presumptively reasonable pursuant to the guidelines set forth in the Additional Presumptive Standards Order.

## **Notice**

28.    Notice of this Application has been provided to: (a) the United States Trustee for the District of Puerto Rico, (b) the Oversight Board and its counsel, (c) counsel to the AAFAF, (d) counsel to the Fee Examiner, (e) counsel to the Official Committee of Unsecured Creditors, (f) counsel to the Official Committee of Retirees, and (g) the Puerto Rico Department of Treasury.  LS&E respectfully submits that no further notice of this Application should be required.

**No Prior Request**

29.     No prior interim fee application for the relief requested herein has been made to this or any other Court.

**Conclusion**

WHEREFORE, LS&E respectfully requests that the Court enter an order (a) approving the final allowance of $1,563,848.24 for compensation for professional services rendered during the Compensation Period, (b) approving the final allowance of $26,019.00 for compensation for professional services rendered since March 15, 2022, incurred by LS&E in connection with complying with PRRADA and drafting and filing the Fourteenth Interim Fee Application, the Fifteenth Interim Fee Application, and this Final Fee Application, (c) approving the reimbursement of LS&E's out-of-pocket expenses incurred in connection with the rendering of such services during the Compensation Period in the amount of $7,014.97, (e) ratifying all prior payments made, and (f) granting such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
      January 26, 2023

Respectfully submitted,

*/s/ Michael Luskin*
Michael Luskin (admitted *pro hac vice*)
Lucia T. Chapman (admitted *pro hac vice*)
Stephan E. Hornung (admitted *pro hac vice*)

**LUSKIN, STERN & EISLER LLP**
50 Main Street
White Plains, New York 10606
Telephone:  (212) 597-8200
Facsimile:  (212) 597-8240
luskin@lsellp.com
chapman@lsellp.com
hornung@lsellp.com

*Special Counsel to the Financial Oversight and Management Board for Puerto Rico*

14

## __EXHIBIT A__

Certification of Michael Luskin in Support of the Application

**Estimated Hearing Date**: March 15, 2023 at 9:30 a.m. AST
**Objection Deadline**: February 15, 2023 at 4:00 p.m. AST

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FINAL APPLICATION OF LUSKIN, STERN & EISLER LLP, AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 3, 2017 THROUGH MARCH 15, 2022**

I, Michael Luskin, hereby certify that:

1.        I am an attorney admitted to practice before the United States District Court for the Southern District of New York and am admitted *pro hac vice* before this Court. I am a member of the law firm of Luskin, Stern & Eisler LLP ("LS&E" or "Applicant"), with offices located at 50 Main Street, White Plains, New York 10606. Applicant served as special counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Debtors in the above-captioned title III cases pursuant to section

---

[1] The Debtors in these jointly-administered Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]

I have personal knowledge of all of the facts set forth in this certification except as expressly

stated herein.

2.      In accordance with (a) Local Bankruptcy Rule 2016-1 (the "Local

Guidelines"), (b) Appendix B of the United States Trustee *Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*,

effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), and (c) the *Third Amended*

*Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* entered April 12, 2022 (as amended, the "Interim Compensation Order"), this

certification is made with respect to the Final Fee Application of LS&E, as special counsel to the

Oversight Board, dated January 26, 2023 (the "Application"),[3] for compensation and

reimbursement of expenses for the period of May 3, 2017 through and including March 15, 2022

(the "Compensation Period").

3.      With respect to section (a)(4) of the Local Guidelines, I certify that:

a)      I have read the Application;

b)      to the best of my knowledge, information, and belief, formed after
        reasonable inquiry, the compensation and reimbursement of
        expenses sought conforms with the Bankruptcy Code, the Federal
        Rules of Bankruptcy Procedure, the U.S. Trustee Guidelines and
        these Local Guidelines;

c)      except to the extent that fees or disbursements are prohibited by
        the Local Guidelines, the compensation and reimbursement of
        expenses requested are billed at rates no less favorable to the
        Debtors than those customarily employed by LS&E and generally
        accepted by LS&E's clients (with the exception of a small number

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein have the meanings given to them in the Application.

of high-volume clients who have negotiated reduced-fee agreements, *see* Application at Exhibit D); and

d)   in providing a reimbursable service, LS&E does not make a profit on that service, whether the service is performed by LS&E in-house or through a third party.

Dated: White Plains, New York
        January 26, 2023

Respectfully submitted,


*/s/ Michael Luskin*
Michael Luskin (admitted *pro hac vice*)

**LUSKIN, STERN & EISLER LLP**
50 Main Street
White Plains, New York 10606
Telephone:  (212) 597-8200
Facsimile:   (212) 597-8240
luskin@lsellp.com

3

### EXHIBIT B

Summary of Hours Billed by Professionals and Paraprofessionals
for the Period from May 3, 2017 through March 15, 2022

| Timekeeper | Position and Year Admitted to Practice | | Total Fees Billed | Total Hours Billed | Hourly Billing Rate | First Interim Application Hourly Billing Rate | Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|---|
| Michael Luskin | Senior Partner | 1978 | $612,400.00 | 765.50 | $800.00 | $800.00 | 3 |
| | | | $108,192.00 | 128.80 | $840.00 | | |
| | | | $43,312.50 | 49.50 | $875.00 | | |
| | | | $34,110.00 | 37.90 | $900.00 | | |
| | | **Total/ Blended Rate** | $798,014.50 | 981.7 | 812.89 | | |
| Richard Stern | Senior Partner | 1980 | $2,160.00 | 2.70 | $800.00 | $800.00 | 0 |
| Stephan E. Hornung | Associate/ Junior Partner | 2008 | $29,083.00 | 45.80 | $635.00 | $635.00 | 5 |
| | | | $93,825.00 | 139.00 | $675.00 | | |
| | | | $233,730.00 | 333.90 | $700.00 | | |
| | | | $4,704.00 | 6.40 | $735.00 | | |
| | | | $1,078.00 | 1.4 | $770.00 | | |
| | | | $232.50 | 0.30 | $775.00 | | |
| | | **Total/ Blended Rate** | $362,652.50 | 526.80 | $688.41 | | |
| Lucia T. Chapman | Senior Associate | 1984 | $227,570.00 | 325.10 | $700.00 | $700.00 | 0 |
| Genna D. Grossman | Junior Associate | 2014 | $1,102.00 | 2.90 | $380.00 | $380.00 | 0 |
| Catherine D. Trieu | Paralegal | N/A | $141,550.50 | 555.10 | $255.00 | $255.00 | 2 |
| | | | $26,514.00 | 98.20 | $270.00 | | |
| | | | $33,601.50 | 117.90 | $285.00 | | |
| | | **Total/ Blended Rate** | $201,660.00 | 771.2 | $261.50 | | |
| Kathleen Feeney | Paralegal | N/A | $1,224.00 | 4.8 | $255.00 | $255.00 | 0 |

**ATTORNEY TOTAL**          $1,391,499.00   1,839.20          **BLENDED RATE:  $756.58**

**ALL TIMEKEEPER TOTAL**    $1,594,389.00   2,615.20          **BLENDED RATE:  $609.66**

**REDUCTIONS AND ADJUSTMENTS**

**ALL TIME KEEPER BLENDE RATE
NET OF REDUCTIONS AND
ADJUSTMENTS**                                              $598.16

**EXHIBIT C**

Summary of Compensation by Matter for the Period
from May 3, 2017 through March 15, 2022

| Project Category | Total Billed Hours | Total Fees Requested ($) |
|---|---|---|
| Bankruptcy Litigation | 600.60 | $443,833.00 |
| Fee Applications | 591.40 | $188,556.50 |
| Peaje v. PRHTA | 115.30 | $87,913.50 |
| AMBAC v. PRHTA | 39.90 | $31,377.00 |
| Assured v. PRHTA | 50.10 | $38,735.00 |
| Conflicts and Disclosure Issues[1] | 1,217.90 | $803,693.50 |
| **SUBTOTAL** | **2,615.2** | **$1,594,108.50[2]** |
| **Less Reductions and Adjustments** | | **($30,260.26)** |
| **TOTAL** | **2,615.2** | **$1,563,848.24** |

---

[1] Following LS&E's filing of the McKinsey Report on February 18, 2019 [Docket. No. 5154], the Oversight Board requested that LS&E review and advise on various conflicts and disclosure issues related to the Oversight Board' vendors.   LS&E has changed the name of this project category on its billing system from "McKinsey Report" to "Conflicts and Disclosure Issues."

[2] There is an unexplained discrepancy of $280.50 between the totals on Exhibit B and Exhibit C that we have been unable to reconcile due to a change in accounting software.  The discrepancy does not affect the amount of compensation sought by LS&E in this Final Fee Application.

**EXHIBIT D**

Summary of Blended Hourly Rates and Comparable Hourly Rates of Timekeepers[1]

| Category of Timekeeper | Blended Hourly Rate | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Billed in this Fee Application | Billed for 2016 (excluding bankruptcy) | Billed for 2016 (excluding bankruptcy and legacy clients) | Billed for 2017 (excluding bankruptcy) | Billed for 2017 (excluding bankruptcy and legacy clients) | Billed for 2018 (excluding bankruptcy) | Billed for 2018 (excluding bankruptcy and legacy clients) | Billed for 2019 (excluding bankruptcy) | Billed for 2019 (excluding bankruptcy and legacy clients) | Billed for 2020 (excluding bankruptcy) | Billed for 2020 (excluding bankruptcy and legacy clients) | Billed for 2021 (excluding bankruptcy) | Billed for 2021 (excluding bankruptcy and legacy clients) |
| Senior Partners | $812.89 | $761.02 | $778.43 | $761.20 | $776.12 | $759.00 | $759.93 | $749.20 | $753.43 | $783.19 | $867.56 | $803.02 | $849.58 |
| Junior Partners | $770.88 | | | | | | | | | $744.02 | $751.51 | $763.41 | $770.85 |
| **Senior Associate** | $692.67 | $563.43 | $617.31 | $562.53 | $620.94 | $564.28 | $577.79 | $609.44 | $752.00 | $712.15 | $753.67 | | |
| **Junior Associate** | **$380.00** | $337.26 | $342.90 | | | | | | | | | | |
| **Attorney Total** | **$756.58** | **$592.75** | **$601.07** | **$698.77** | **$740.90** | **$702.27** | **$742.06** | **$709.51** | **$752.00** | **$754.78** | **$780.82** | **$785.75** | **$803.93** |
| Paralegals | $261.46 | $232.25 | $240.00 | $227.17 | $232.95 | $197.05 | $183.90 | $188.06 | $239.22 | $200.59 | $263.85 | $215.38 | $271.08 |
| **All Timekeepers** | **$598.16** | **$523.05** | **$532.35** | **$587.01** | **$617.11** | **$611.92** | **$639.04** | **$590.30** | **$626.09** | **$698.27** | **$745.07** | **$707.24** | **$752.74** |

---

[1] Due to a change in accounting software, LS&E is unable to accurately run a blended rate for all non-bankruptcy matters during the Compensation Period. This chart reflects the blended hourly rate for each year during the Compensation Period. The difference in rates charged in this case versus other non-bankruptcy cases is attributable to two factors. First, LS&E has long-standing rate schedule agreements with a small number of clients that have negotiated fixed "legacy" rates based on the significant volume of services LS&E provides to such clients which are below its customary rates. We have included a column, which reflects the firm's blended hourly rates without including the hours worked for legacy clients for each calendar year. Second, until August 31, 2022, LS&E was a small firm consisting of nine attorneys (six partners, one senior associate, one mid-level associate and one junior associate). Staffing allocations can have a disproportionate and misleading impact on LS&E's blended hourly rates across a small sample size, since substantially all of the legal work performed during this time period was performed by team of one Senior Partner and two Senior Associates.

## **EXHIBIT E**

Summary of Reimbursable Expenses Incurred
for the Period May 3, 2017 through March 15, 2022

| Reimbursable Expenses | Amounts ($) |
|---|---|
| Conference Call Service | $501.69 |
| Copying Charges – In House | $336.10 |
| Court Document Retrieval | $635.10 |
| Federal Express | $1,400.92 |
| Online Research | $521.28 |
| Other | $672.00 |
| Meals | $228.45 |
| Messenger Service | $37.00 |
| Non-Local Transportation | $1,229.15 |
| Taxi and Local Transportation | $137.59 |
| **SUBTOTAL** | **$7,246.25** |
| **LESS AGREED REDUCTIONS** | **$231.28** |
| **TOTAL** | **$7,014.97** |

## EXHIBIT F

Summary of Fees Incurred
for the Period March 16, 2022, through July 31, 2022

| Bankruptcy Litigation | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Position and Year Admitted to Practice** | | **Total Billed Hours** | **Total Fees Requested ($)** |
| Michael Luskin | Senior Partner | 1978 | 4.1 | $3,690.00 |
| Stephan E. Hornung | Junior Partner | 2008 | 5.1 | $3,952.50 |
| Catherine D. Trieu | Paralegal | N/A | 44.9 | $12,796.50 |
| **Bankruptcy Litigation Total** | | | **54.1** | **$20,439.00** |
| Fee Applications | | | | |
| **Timekeeper** | **Position and Year Admitted to Practice** | | **Total Billed Hours** | **Total Fees Requested ($)** |
| Michael Luskin | Senior Partner | 1978 | .5 | $450.00 |
| Catherine D. Trieu | Paralegal | N/A | 18 | $5,130.00 |
| **Fee Applications Total** | | | **18.5** | **$5,580.00** |
| **ALL MATTERS TOTAL** | | | **72.6** | **$26,019.00** |