Hearing Date: March 15, 2023, at 9:30 AM (Atlantic Standard Time)
Response Deadline: February 27, 2023, at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**FIVE HUNDRED FIFTY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Objecting Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Objecting Debtor's sole Title III representative pursuant to Section 315(b) of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this five hundred fifty-ninth omnibus objection (the "Five Hundred Fifty-Ninth Omnibus Objection") objecting to the duplicative proofs of claim listed on **Exhibit A** hereto, and in support of the Five Hundred Fifty-Ninth Omnibus Objection, the Objecting Debtor respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2. Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.  The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III cases for procedural purposes only. ECF No. 537.[3]

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3283-LTS.

2

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Standard Time).

B.  **Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5. On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6. Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al [ECF No. 19784].

7. On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment*

3

*Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8. On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9. The Plan became effective on March 15, 2022, when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10. The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C. Proofs of Claim Filed, Omnibus Objection Procedures, and Claim Objections**

11. To date, approximately 179,353 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll"). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12. Of the proofs of claim filed, approximately 118,730 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable,

being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

5

*and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15. Pursuant to the Initial Omnibus Objection Procedures and the Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings and entered orders on over 400 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or ERS. Based upon rulings and orders of the Court to date, over 95,000 claims, asserting $43.4 trillion in liability against the Commonwealth, HTA, COFINA, PREPA, PBA, and ERS, have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 45,000 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

16. This Five Hundred Fifty-Ninth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17. The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

18. The Five Hundred Fifty-Ninth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, claims that are duplicative of other proofs of claim filed in the Commonwealth Title III Case.

19. As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") assert the same liabilities, against the exact same Objecting Debtor, as the claims identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims").[4] In some instances, the Claims to Be Disallowed were filed on behalf of the same claimants as the Remaining Claims, set forth the same basis for the claim (*e.g.*, allegedly unpaid invoices), attach the same documentation, and/or assert an equal amount to the Remaining Claims. In other instances, the proof of claim forms submitted by the Remaining Claims and the Claims to Be Disallowed are not exactly identical, but the Remaining Claims and the Claims to Be Disallowed nevertheless assert the same liabilities on behalf of the same claimant and rely on the same supporting documentation. Accordingly, the Claims to Be Disallowed are duplicative of one or more Remaining Claims.

20. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against the Objecting Debtor to the detriment of other stakeholders in the Commonwealth Title III Case. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against the Commonwealth, as set forth in **Exhibit A** hereto. Because this Five Hundred Fifty-Ninth Omnibus Objection to the Claims to Be Disallowed does not

---

[4] Certain of the Claims to Be Disallowed have previously been objected to pursuant to the pending Three Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Asserted Against the Incorrect Debtor [ECF No. 17081] (the "Three Hundred Thirty-Seventh Omnibus Objection"). Upon entry of an order for the Three Hundred Thirty-Seventh Omnibus Objection, such Claims to Be Disallowed will assert the same liabilities, against the exact same Objecting Debtor, as the claims identified in the column titled "Remaining Claims," as set forth in **Exhibit A** hereto.

constitute an objection to the Remaining Claims, the Commonwealth reserves its right to object to the Remaining Claims on any other grounds whatsoever.

21. In support of the foregoing, the Objecting Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Fifty-Ninth Omnibus Objection Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Claims*, dated January 27, 2023, attached hereto as **Exhibit B**.

## NOTICE

22. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Objecting Debtor is providing notice of this Five Hundred Fifty-Ninth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Fifty-Ninth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico. The notice for this Five Hundred Fifty-Ninth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Five Hundred Fifty-Ninth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Objecting Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE the Objecting Debtor respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Objecting Debtor such other and further relief as is just.

Dated: January 27, 2023
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*

**Fecha de la vista: 15 de marzo de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 27 de febrero de 2023, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                     Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**QUINGENTÉSIMA QUINCUAGÉSIMA NOVENA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DUPLICADAS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor Objetante"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del Deudor Objetante conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente quingentésima quincuagésima novena objeción global (la "Quingentésima quincuagésima novena objeción global") objetando a las evidencias de reclamaciones duplicadas que aparecen en el **Anexo A** del presente documento, y en apoyo de la Quingentésima quincuagésima novena objeción global, el Deudor Objetante manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A. Órdenes de Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. [ECF número 537.[3]

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF número 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B. Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5. El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17-BK-3283-LTS.

3

"Plan") [ECF número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6. Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Modificado y Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Modificado y Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF número 19784].

7. El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Modificado y Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF número 19813].

8. El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso número 21-01493, ECF número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso número 21-01492, ECF número 82-1] (la "MC de la AFI"), que complementan las transacciones

4

contenidas en el Plan.

9. El Plan entró en vigor el 15 de marzo de 2022, una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan conjunto modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III conforme al Título III de PROMESA y B) ocurrencia de la Fecha de entrada en vigor* [ECF número 20349].

10. Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso número 21-01493, ECF número 74; Caso número 21-01492, ECF número 84.

**C. Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11. Hasta la fecha, se han radicado aproximadamente 179,353 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12. De las evidencias de reclamaciones radicadas, aproximadamente 118,730 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF número 4381] (la "Orden de Notificación").

14. En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

6

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF número 7440] (los "<u>Procedimientos Enmendados relativos a Objeciones Globales</u>").

15. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas y ha dictado órdenes sobre más de 400 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("<u>COFINA</u>"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "<u>ACT</u>"), la Autoridad de Energía Eléctrica de Puerto Rico (la "<u>AEE</u>"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, sobre más de 95,000 reclamaciones que reivindicaban $43.4 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,000 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

16. Esta Quingentésima quincuagésima novena objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

17. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

7

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18. La Quingentésima quincuagésima novena objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que estén duplicadas con respecto a otras evidencias de reclamaciones radicadas en el marco del Caso de Título III del ELA.

19. Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades contra exactamente el mismo Deudor Objetante que las reclamaciones identificadas en la columna titulada "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente, las "Reclamaciones Restantes").[4] En algunos casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de los mismos reclamantes que en las Reclamaciones Restantes, establecen los mismos fundamentos para la reclamación (por ejemplo, facturas presuntamente impagadas), adjuntan la misma documentación y/o reclaman un mismo monto que las Reclamaciones Restantes. En otros casos, los formularios de evidencias de reclamaciones sometidos por las Reclamaciones Restantes y las Reclamaciones que han de ser rechazadas no son

---

[4] Ciertas de las Reclamaciones que han de ser rechazadas han sido objetadas previamente de conformidad con la pendiente Tricentésima Trigésima Séptima Objeción Global (No Sustantiva) del Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico a Reclamaciones Relacionadas con Pensiones Alegadas Contra el Deudor Incorrecto [ECF No. 17081] (el "Tricentésima Trigésima Séptima Objeción"). Al dictarse una orden para la Tricentésima Trigésima Séptima Objeción Global, dichas Reclamaciones que han de ser rechazadas harán valer los mismos pasivos, contra exactamente el mismo Deudor Objetante, que las reclamaciones identificadas en la columna titulada "Reclamaciones Restantes," según se establece en el Anexo A del presente.

8

exactamente idénticos, pero tanto las Reclamaciones Restantes como las Reclamaciones que han de ser rechazadas alegan las mismas responsabilidades en nombre del mismo reclamante e invocan la misma documentación justificativa. En consecuencia, las Reclamaciones que han de ser rechazadas constituyen duplicados con respecto a una o más Reclamaciones Restantes.

20. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación duplicada no justificada contra el Deudor Objetante, en detrimento de otras partes interesadas en el Caso de Título III del ELA. Los autores de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que cada uno de dichos autores mantendrá una Reclamación Restante contra el ELA, según se establece en el **Anexo A** del presente documento. Puesto que esta Quingentésima quincuagésima novena objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Restantes, el ELA se reservan el derecho a oponerse a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fueren.

21. En apoyo de lo anterior, el Deudor Objetante invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima quincuagésima novena objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Duplicadas*, de fecha 27 de enero de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

22. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el Deudor Objetante notifica la presente Quingentésima quincuagésima novena objeción global a) a los acreedores individuales objeto de esta Quingentésima quincuagésima novena objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos*

9

*enmendados número 16* [ECF número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima quincuagésima novena objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima quincuagésima novena objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El Deudor Objetante sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

[*El resto de la página se deja en blanco intencionadamente.*]

10

POR LO QUE el Deudor Objetante solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al Deudor Objetante cualesquiera otros remedios que se consideren justos.

Fecha: 27 de enero de 2023
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico.*

11