## **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and PBA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO CLAIMS THAT ARE PARTIALLY SATISFIED AND/OR PARTIALLY ASSERT AMOUNTS FOR WHICH THE DEBTORS ARE NOT LIABLE**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

with, *inter alia*, the claims reconciliation process for the Objecting Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Objecting Debtors' case filed pursuant to PROMESA. The Objecting Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, the "Objecting Debtors").

3. I submit this declaration in support of the *Five Hundred Sixty-Fourth Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable* (the "Five Hundred Sixty-Fourth Omnibus Objection"). I have personally reviewed the Five Hundred Sixty-Fourth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Sixty-Fourth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Sixty-Fourth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be modified, as identified in Exhibit A to the Five Hundred Sixty-Fourth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims listed on Exhibit A to the Five Hundred Sixty-Fourth Omnibus Objection (collectively, the "Claims to Be Reduced and Allowed") asserts liabilities based on an invoice issued by the claimant, or litigation against the Commonwealth. However, (i) the Objecting Debtors' records show that a portion of the liabilities associated with the Claims to Be Reduced and Allowed have been paid by the Objecting Debtors (*e.g.*, Claim Nos. 18623, 19242, 21614, 23702, 26628, 27254, 47246, 82390), (ii) claimant asserts liability in an amount above that which is supported by the applicable invoice attached to their proof of claim (*e.g.*, Claim Nos. 61403, 173899), and/or (iii) claimant fails to provide sufficient supporting documentation for a portion of the liabilities associated with the Claims to Be Reduced and Allowed, such that the Objecting Debtors are unable to determine whether that portion is a valid liability against the Objecting Debtors or any other Title III debtor (*e.g.*, Claim Nos. 18623, 19242, 53697). In determining that the Objecting Debtors do not have liability with respect to a portion of the Claims to Be Reduced and Allowed, I am relying upon certain information provided to me by the Commonwealth and its agencies and/or PBA, and on guidance provided by counsel to the Oversight Board. Absent modification of the Claims to Be Reduced and Allowed, the applicable claimants may receive an unwarranted excess recovery from the Objecting Debtors to the detriment of other stakeholders in these Title III Cases. The claimants will retain a claim against the Commonwealth in the amount set forth in the column titled "Reduced and Allowed" in Exhibit A, which amount is being allowed. Accordingly, the Claims to Be Reduced and Allowed must be modified as set forth in Exhibit A.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Sixty-Fourth Omnibus Objection and exhibits

3

thereto is true and correct, and the relief requested therein is in the best interests of the Objecting Debtors and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 27, 2023

                  By: */s/ Jay Herriman*
                      Jay Herriman

4

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                            Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y la AEP.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINCUAGÉSIMA SEXAGÉSIMA CUARTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES QUE ESTÁN EN PARTE SATISFECHAS Y/O EN PARTE RECLAMAN UNOS MONTOS POR LOS QUE LOS DEUDORES NO SON RESPONSABLES**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso de los Deudores Objetantes radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores Objetantes implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, los "Deudores Objetantes").

3. Realizo esta declaración en apoyo de la *Quingentésima sexagésima cuatro objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que los Deudores no son Responsables* (la "Quingentésima sexagésima cuarta objeción global"). He revisado personalmente la Quingentésima sexagésima

2

cuarta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima sexagésima cuarta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima sexagésima cuarta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser modificadas, según se identifica en el Anexo A de la Quingentésima sexagésima cuarta objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones mencionadas en el Anexo A de la Quingentésima sexagésima cuarta objeción global (conjuntamente, las "Reclamaciones que han de ser reducidas y concedidas") alega responsabilidades basadas en una factura emitida por el reclamante, o en un litigio contra el ELA. Sin embargo, i) los registros de los Deudores Objetantes muestran que parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas ha sido pagada por los Deudores Objetantes (por ejemplo, Reclamaciones números 18623, 19242, 21614, 23702, 26628, 27254, 47246 y 82390), ii) el reclamante alega responsabilidad por un monto superior al justificado en la correspondiente factura adjunta a la evidencia de reclamación (por ejemplo, Reclamaciones números 61403 y 173899), y/o iii) el reclamante no proporciona suficiente documentación justificativa por una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas, de manera que los Deudores Objetantes no pueden determinar si dicha parte constituye una responsabilidad válida contra los Deudores Objetantes o contra cualquier otro deudor de Título III (por ejemplo, Reclamaciones números 18623, 19242 y

3

53697). Al determinar que los Deudores Objetantes no son responsable con respecto a una parte de las Reclamaciones que han de ser reducidas y concedidas, invoco determinada información que el ELA y sus agencias y/o la AEP me han proporcionado, así como la orientación que el abogado de la Junta de Supervisión me ha brindado. Si las Reclamaciones que han de ser reducidas y concedidas no son modificadas, ello resultaría en que los correspondientes reclamantes pudieran obtener de los Deudores Objetantes una recuperación excesiva no justificada en detrimento de otras partes interesadas en dichos Casos de Título III. Los reclamantes mantendrán una reclamación contra el ELA por un monto que aparece en la columna titulada "Reducido y concedido" en el Anexo A, monto que es concedido. En consecuencia, las Reclamaciones que han de ser reducidas y concedidas deben ser modificadas, según se establece en el Anexo A.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima sexagésima cuarta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores Objetantes y sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 27 de enero de 2023

Por: *[Firma en la versión en inglés]*
Jay Herriman