# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### MOTION SUBMITTING CREDITOR'S OPPOSITION TO DEBTOR'S OBJECTION "FIVE HUNDRED FOURTEENTH" (Substantive)

To the Honorable United States District Court Judge Laura Taylor Swain:

Now Come, ICPR Junior College (Claim 5130), hereinafter referred to as "ICPR", who claims rent due by the Commonwealth of Puerto Rico, herein represented by its undersigned attorney and states, and prays as follows:

1. ICPR filed Claim #5130, which included Invoice #200-820, for $22,549.45 and Invoice #200-882, for $23,672.68. As of this date debtor withdrew its objection to the claim under Invoice #200-820, leaving as the only claim in dispute the claim under Invoice No. 200-882.

2. Debtor's objection to this claim is based on the contention that the invoice totaling $23,672.68 was associated with amounts that were outside of the approved contract, where no contract was in place or where the invoices were never received and therefore are not due and owed by the Commonwealth agency.

3. ICPR asserts that this controversy can be easily resolved just by considering a few basic documents that establish its right to collect the amounts claimed.

4. To understand this claim, one must first consider the five years lease contract Number Contralor 2014-000011, dated November 22nd, 2013, which provided for a lease from December 1, 2013, to November 30, 2018, payable on a monthly basis. This contract is part of the documents submitted by ICPR with its Proof of Claim and is also included as part of this motion as Exhibit 1. At its Paragraph XV, the contract states that: "RESOLUTION: Both parties may terminate this contract by a written notification to the other party with one hundred and twenty days (120) advance notice. (Our translation)

5. Based on Paragraph XV of the contract, on June 3, 2014, tenant Oficina de Gerencia de Permisos (OGPE), notified ICPR its intention to cancel the lease contract effective October 1, 2014. On the fourth paragraph of that letter, OGPE stated: "we inform you officially, that we will keep the rented premises until October 1, date when the 120 days are met." (Our translation) The letter, part of the documents submitted by ICPR with its Proof of Claim, is made a part of this motion as its Exhibit 2)

6. By that letter, OGPE specifically recognized and requested the occupation of the leased premises until October 1, 2014, thus recognizing and accepting occupancy of the premises during the month of October 2014, precisely the same month that they now refuse to pay. The fact is that OGPE continued occupying the property and completed the vacancy and movement of their equipment by November 2014, as stated by Mr. Ramón A. Negrón, in the sworn statement included in this motion as Exhibit 4.

7. Invoice 200-882, of November 6th, 2014, (Exhibit 3) in the amount of $23,672.68 is for the rent due for the month of October 2014, notified to OGPE according to the contractual terms.

8. Article 1456, 31 LPRA 4063 (Civil Code, 1930 Ed) states: "If upon termination of the lease the lessee remains enjoying the leased thing for fifteen days with the acquiescence of the lessor, it shall be understood that there is tacit reconduction for the time established in secs. 4083 and 4092 of this title, unless a requirement has been preceded." As Article 1456, once the tenant remain occupying the property for mor than 15 days, the civil doctrine of "Reconducción Tácita" or tacit or automatic renewal of the lease automatically comes into effect and the lease is renewed by disposition of law.

9. Based on the facts, it is clear that OGPE's occupancy of the leased premises up to the month of November 2014, is clearly within the scope of the lease agreement signed by the parties, since said agreement provided for the early termination, the only condition being that it had to be notified 120 days in advance. In this case OGPE terminated the agreement effective October 2014, for which reason they are liable for the rent due for that month.

WHEREFORE, in view of the above, it is respectfully requested that this Honorable Court summarily dismiss the remaining objection to claim No. 5130.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on January 30, 2023.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record.

s/ JAIME BRUGUERAS
USDC 120809
MUÑOZ BENITEZ BRUGUERAS & CRUZ
P.O. Box 191979
San Juan, Puerto Rico 00919-1979
Tel. (787) 751-9040
Fax (787) 751-0910
jbrugue@mbbclawyers.com

3