UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO RESPONSES [ECF NOS. 19830, 19831, 19889, 21122, 21123, 21465, 21686, 23118] TO THE THREE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Judge Laura Taylor Swain:

      Pursuant to the Court's *Order Concerning Unresolved Responses to Certain Omnibus Objections to Claims*, dated January 11, 2023 [ECF No. 23238 (the "Order")], the Commonwealth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to certain Unresolved Responses (as defined in the Order) and in support of the *Three Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 17917] (the "Three Hundred Eighty-First Omnibus Objection"), and respectfully state as follows:

1. On August 20, 2021, the Debtors filed the Three Hundred Eighty-First Omnibus Objection seeking to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). Each of the Claims to Be Disallowed fails to comply with the applicable rules because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.

2. Any party who disputed the Three Hundred Eighty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 (the "Omnibus Objection Response Deadline"), in accordance with the Court-approved notices

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

attached to the Three Hundred Eighty-First Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Three Hundred Eighty-First Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). See *Certificate of Service* [ECF No. 17989].

3. Subsequently, at various hearings, the Debtors prosecuted, and the Court sustained, the Three Hundred Eighty-First Omnibus Objection as to certain claims associated with claimants who responded to the Three Hundred Eighty-First Omnibus Objection by the Omnibus Objection Response Deadline.

4. Thereafter, on May 24, 2022, the Debtors filed the *Notice of Presentment of Proposed Order Granting the Three Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* [ECF No. 20979 (the "Notice of Presentment")]. Any party who objected to the Notice of Presentment was required to file a response by 4:00 p.m. (Atlantic Standard Time) on May 31, 2022 (the "Notice of Presentment Response Deadline," and together with the Omnibus Objection Response Deadline, the "Response Deadlines").

5. On January 11, 2023, the Court issued the Order. Among other things, the Order directed the Commonwealth to file replies in support of the Three Hundred Eighty-First Omnibus Objection on or before February 2, 2023, at 5:00 p.m. (Atlantic Standard Time), to any Unresolved Responses to the Three Hundred Eighty-First Omnibus Objection that (*i*) were dated on or before

3

the Response Deadlines and were filed within thirty (30) days of the Response Deadlines, or (*ii*) proffer any reason for being filed after the Response Deadlines.

6. Upon a thorough review of the docket in the Commonwealth's Title III case, the Oversight Board identified the following responses to the Three Hundred Eighty-First Omnibus Objection that meet the criteria set forth in the Order:

a) *Reply to Omnibus Objection* [ECF No. 19830] (the "Torres Escobar Response") filed by Arnaldo Torres Escobar ("Torres Escobar");

b) *Reply to Omnibus Objection* [ECF No. 19831] (the "Lugo González Response") filed by Sandra Lugo González ("Lugo González");

c) *Reply to Omnibus Objection* [ECF No. 19889] (the "Morales Martínez Response") filed by Myra Morales Martínez ("Morales Martínez");

d) *Reply to Omnibus Objection* [ECF No. 21122] (the "Cintrón González Response") filed by Doris Cintrón González ("Cintrón González");

e) *Reply to Omnibus Objection* [ECF No. 21123] (the "Villanueva Correa Response") filed by Mayra Ivelisse Villanueva Correa ("Villanueva Correa");

f) *Reply to Omnibus Objection* [ECF No. 21465] (the "Vega Vargas Response") filed by Reynaldo Vega Vargas ("Vega Vargas");

g) *Reply to Omnibus Objection* [ECF No. 21686] (the "Santos Santiago Response") filed by Marta E. Santos Santiago ("Santos Santiago");

h) *Reply to Omnibus Objection* [ECF No. 23118] (the "Fare Santiago Response," and together with the Torres Escobar Response, the Lugo González Response, the Morales Martínez Response, the Cintrón González Response, the Villanueva Correa Response, the Vega Vargas Response, and the Santos Santiago Response, the "Responses"), filed by Zulma I. Fare Santiago ("Fare Santiago," and together with Torres Escobar, Lugo González, Morales Martínez, Cintrón González, Villanueva Correa, Vega Vargas, and Santos Santiago, the "Claimants").

7. Each of the Responses contained a completed, Spanish-language response form (the "Response Form") which asserted, among other things:

> The court should not grant the Omnibus Objection, because the[] [claimed] amounts are owed based on the following laws passed by the government of the Commonwealth of Puerto Rico:

4

> Act 89 *Romerazo* – Effective July 1, 1995
> June 6, 2008 Pay Scale Act – Step Increases
> Act 96 (2002) of Dr. Pedro Rosello – effective July 2002
> Act 164 (2004) of Ms. Sila M. Calderón, effective January 2004

*See, e.g.*, Torres Escobar Response at 1.

8. Each of the Responses also asserted that each Claimant worked for the Puerto Rico Telephone Company (the "Telephone Company") and provided additional information, and, in some instances, supporting documentation demonstrating Claimants' employment, either at the Telephone Company or at Claro, the successor entity to the Telephone Company.

9. Furthermore, each of the Responses included a boilerplate statement acknowledging the untimeliness of each Response, but explaining the Response was "sent on today's date" "[d]ue to the recent emergency situation in Puerto Rico brought on by earthquakes and COVID-19." *See, e.g.*, Torres Escobar Response at 2.

## I. Overview of the Responses

### a. The Torres Escobar Response

10. Torres Escobar filed a proof of claim against the Commonwealth on September 2, 2020, logged by Kroll Restructuring Administration LLC ("Kroll") as Proof of Claim No. 174947 (the "Torres Escobar Claim"). The Torres Escobar Claim purports to assert liabilities in an amount of $8,400.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

11. The Torres Escobar Response, which consists of a completed Response Form and accompanying letter and supporting documentation, is dated January 13, 2022, and was filed on January 18, 2022. Therein, Torres Escobar contends (1) he worked for the Telephone Company "from January 27, 1992 [] through the present" (Torres Escobar Response at 2); (2) "[t]he Puerto Rico Telephone Company belonged to the Commonwealth of Puerto Rico until 1999 when the

5

incumbent governor of the party in power sold it" (*id*. at 3); and (3) the Torres Escobar Claim "is based on the money owed for increases under some laws that were signed during the period that [the Telephone Company] belonged to the Government of PR (Commonwealth of Puerto Rico)" (*id*.). The Torres Escobar Response also enclosed an employment certification from Claro asserting Torres Escobar worked in the corporate services department at Claro as an "Inst/Rep tables/SE II." [ECF No. 19830-1.]

      **b.  The Lugo González Response**

12.  Lugo González filed a proof of claim against the Commonwealth on September 2, 2020, logged by Kroll as Proof of Claim No. 174946 (the "Lugo González Claim"). The Lugo Gonzalez claim purports to assert liabilities in an amount of $8,400.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

13.  The Lugo González Response, which consists of a completed Response Form and accompanying letter and supporting documentation, is dated January 13, 2022 and was filed on January 18, 2022. Therein, Lugo González contends (1) she worked for the Telephone Company "from March 23, 1992 [] through the present" (Lugo González Response at 2); (2) "[t]he Puerto Rico Telephone Company belonged to the Commonwealth of Puerto Rico until 1999 when the incumbent governor of the party in power sold it" (*id*. at 3); and (3) the Lugo González Claim "is based on the money owed for increases under some laws that were signed during the period that [the Telephone Compay] belonged to the Government of PR (Commonwealth of Puerto Rico)" (*id*.). The Lugo González Response also enclosed a certificate regarding Lugo González's employment in Claro's comptroller's office. [ECF No. 19831-1.]

6

### c. The Morales Martínez Response

14. Morales Martínez filed a proof of claim against the Commonwealth on September 3, 2020, logged by Kroll as Proof of Claim No. 175005 (the "Morales Martínez Claim"). The Morales Martínez Claim purports to assert liabilities in an amount of $14,400.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

15. The Morales Martínez Response, which consists of a completed Response Form and accompanying letter, is dated January 18, 2022 and was filed on January 24, 2022. Therein, Morales Martínez states (1) she worked for the Telephone Company "from August 15, 1987 to the present" (Morales Martínez Response at 2); (2) "[t]he Puerto Rico Telephone Company belonged to the Commonwealth of Puerto Rico until 1999 when the incumbent governor of the party in power sold it" (*id.* at 3); and (3) the Morales Martínez Claim "is based on the money owed for increases under some laws that were signed during the period that [the Telephone Company] belonged to the Government of PR (Commonwealth of Puerto Rico)" (*id.*).

### d. The Cintrón González Response

16. Cintrón González filed a proof of claim against the Commonwealth on July 22, 2020, logged by Kroll as Proof of Claim No. 174476 (the "Cintrón González Claim"). The Cintrón González Claim purports to assert liabilities in an undetermined amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

17. The Cintrón González Response, which consists of a completed Response Form with a hand-written postscript, is dated June 3, 2022 and was filed on June 6, 2022. Therein, Cintrón González (1) states she worked for the Telephone Company "from the 23rd of May 1988 through the [] present" (Cintrón González Response at 2); and (2) asserts "I do not agree with my claim being dismissed, due to the fact that it is based on money that is owed based on a pay raise under

7

laws that were enacted during the time that [the Telephone Company] was an agency of the government of P.R. As such, it was a government agency until 1999" (*id.*).

### e. The Villanueva Correa Response

18. Villanueva Correa filed a proof of claim against the Commonwealth on July 22, 2020, logged by Kroll as Proof of Claim No. 174457 (the "Villanueva Correa Claim"). The Villanueva Correa Claim purports to assert liabilities in an undetermined amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

19. The Villanueva Correa Response, which consists of a completed Response Form with a hand-written postscript, is dated June 3, 2022 and was filed on June 6, 2022. Therein, Villanueva Correa (1) states she worked for the Telephone Company "from the 16th of March of 1987 through the [] present" (Villanueva Correa Response at 2); and (2) asserts that she "do[es] not agree with [her] claim being dismissed, due to the fact that it is based on money that is owed from a pay raise under laws that were enacted during the time that [the Telephone Company] was an agency of the government of P.R. As such, it was a government agency until 1999" (*id.*).

### f. The Vega Vargas Response

20. Vega Vargas filed a proof of claim against the Commonwealth on August 18, 2020, logged by Kroll as Proof of Claim No. 174802 (the "Vega Vargas Claim"). The Vega Vargas Claim purports to assert liabilities in an amount of $4,800.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

21. The Vega Vargas Response, which consists of a completed Response Form with a hand-written postscript and supporting documentation, is dated July 5, 2022 and was filed on July 7, 2022. Therein, Vega Vargas (1) states he worked for the Telephone Company from "March of 1987 through the [] present" (Vega Vargas Response at 2); and (2) states "[t]he basis of my claim

is money owed for pay raises under laws that were enacted during my years of service when the PRTC was an agency of the government of Puerto Rico. As such, it was a government agency until 1999" (*id*.). The Vega Vargas Response also enclosed a certificate of employment stating Vega Vargas was employed by Claro's field operations division in Ponce as a "Splicer." [ECF No. 21465-1.]

      g.  **The Santos Santiago Response**

22.   Santos Santiago filed a proof of claim against the Commonwealth on July 22, 2020, logged by Kroll as Proof of Claim No. 174466 (the "<u>Santos Santiago Claim</u>"). The Santos Santiago Claim purports to assert liabilities in an undetermined amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

23.   The Santos Santiago Response, which consists of a completed Response Form with a hand-written postscript and supporting documentation, is dated December 13, 2022 and was filed on December 19, 2022. Therein, Fare Santiago (1) states she worked for the Telephone Company "from the 14th of September of 1987 through the 1st of January of 2022" (Santos Santiago Response at 2); and (2) states "I do not agree with my claim being dismissed. My claim is based on money owed from a pay raise under laws that were enacted during the time that [the Telephone Company] was an agency of the government of PR. Until 1999, we were a government agency" (*id*.). The Santos Santiago Response also enclosed a photocopy of Santos Santiago's Claro employee identification badge and a certificate of employment from Claro stating Santos Santiago was employed by Claro's field operations division in Ponce as an "Operator Delivery OC II." [ECF No. 21686-1.]

### h. The Fare Santiago Response

24. Fare Santiago filed a proof of claim against the Commonwealth on July 27, 2020, logged by Kroll as Proof of Claim No. 174567 (the "Fare Santiago Claim," and together with the Torres Escobar Claim, the Lugo González Claim, the Morales Martínez Claim, the Cintrón González Claim, the Villanueva Correa Claim, the Vega Vargas Claim, and the Santos Santiago Claim, the "Claims"). The Fare Santiago Claim purports to assert liabilities in an undetermined amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

25. The Fare Santiago Response, which consists of a completed Response Form with a hand-written postscript and supporting documentation, is dated July 26, 2022 and was filed on July 28, 2022. Therein, Fare Santiago states (1) she worked for the Telephone Company "from the 16th of December of 1987 through the [] present" (Fare Santiago Response at 2); and (2) she "do[es] not agree with [her] claim being dismissed, due to the fact that it is based on money owed for a pay raise under laws that were enacted during the time that PRT was an agency of the government of PR, and so was government-run until 1999" (*id.*). The Fare Santiago Response also enclosed a certificate of employment stating Fare Santiago "joined PRT/Claro effective 12/25/1987" and "[a]t present she works as a regular active employee." [ECF No. 23118-1.]

## II. Argument

26. As explained in the Three Hundred Eighty-First Omnibus Objection, the Telephone Company is not a Title III Debtor. Rather, the Telephone Company was a former government entity which was privatized and, accordingly, is no longer in existence. Neither the Responses nor the Claims provide a basis for asserting a claim against the Commonwealth, ERS, PBA, or any

10

other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Telephone Company. Accordingly, the Claims should be disallowed.

### III. Conclusion

27. Because the Responses do not provide a basis for asserting liabilities associated with the Claims, the Debtors respectfully request the Claims be disallowed, notwithstanding the Responses.

Dated: February 2, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*