UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES [ECF NOS. 19822, 19830, 19880, 19881, 19885, 19894, 21122, 21123, 21465, 21686, 22358, 22994, 22995, 23296] TO THE THREE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Judge Laura Taylor Swain:

Pursuant to the Court's *Order Concerning Unresolved Responses to Certain Omnibus Objections to Claims*, dated January 11, 2023 [ECF No. 23238 (the "Order")], the Commonwealth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS", and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to certain Unresolved Responses and in support of the *Three Hundred Eighty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 17920] (the "Three Hundred Eighty-Second Omnibus Objection"), and respectfully state as follows:

1. On August 20, 2021, the Debtors filed the Three Hundred Eighty-Second Omnibus Objection seeking to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). Each of the Claims to Be Disallowed fail to comply with the applicable rules because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.

2. Any party who disputed the Three Hundred Eighty-Second Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 (the "Original Response Deadline"), in accordance with the Court-approved notices attached to the Three Hundred Eighty-Second Omnibus Objection as Exhibit C, which were served in English

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

and Spanish on the individual creditors subject to the Three Hundred Eighty-Second Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the Fifteenth Amended Case Management Procedures [ECF No. 17127-1]). See *Certificate of Service* [ECF No. 17989].

3. Subsequently, at various hearings, the Debtors prosecuted, and the Court sustained, the Three Hundred Eighty-Second Omnibus Objection as to certain claims associated with claimants who responded to the Three Hundred Eighty-Second Omnibus Objection.

4. Thereafter, on May 24, 2022, the Debtors filed the *Notice of Presentment of Proposed Order Granting the Three Hundred Eighty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* [ECF No. 20980 (the "Notice of Presentment")]. Any party who objected to the Notice of Presentment was required to file a response by 4:00 p.m. (Atlantic Standard Time) on May 31, 2022 (the "Notice of Presentment Response Deadline," and together with the Omnibus Objection Response Deadline, the "Response Deadlines").

5. On January 11, 2023, the Court issued the Order. Among other things, the Order directed the Debtors to file replies in support of the Three Hundred Eighty-Second Omnibus Objection on or before February 2, 2023, at 5:00 p.m. (Atlantic Standard Time), to any Unresolved Responses to the Three Hundred Eighty-Second Omnibus Objection that (*i*) were dated on or before the Response Deadlines and were filed within thirty (30) days of the Response Deadlines, or (*ii*) proffer any reason for being filed after the Response Deadlines.

6. Upon a thorough review of the docket in the Commonwealth's Title III case, the Oversight Board identified the following responses to the Three Hundred Eighty-Second Omnibus Objection that meet the criteria set forth in the Order:

3

a) *Reply to Omnibus Objection* [ECF No. 19822] (the "Vázquez Rivera Response") filed by Evelyn Vázquez Rivera ("Vázquez Rivera");

b) *Reply to Omnibus Objection* [ECF No. 19830] (the "Torres Escobar Response") filed by Arnaldo Torres Escobar ("Torres Escobar");

c) *Reply to Omnibus Objection* [ECF No. 19880] (the "Nidya Rivera Response") filed by Nidya Marquez Rivera ("Nidya Rivera");

d) *Reply to Omnibus Objection* [ECF No. 19881] (the "Valdez Peralta Response") filed by Carmen D. Valdez Peralta ("Valdez Peralta");

e) *Reply to Omnibus Objection* [ECF No. 19885] (the "Negrón Pérez Response") filed by Wilfred Negrón Pérez ("Negrón Pérez");

f) *Reply to Omnibus Objection* [ECF No. 19894] (the "Elizabeth Rivera Response") filed by Elizabeth Marquez Rivera ("Elizabeth Rivera");

g) *Reply to Omnibus Objection* [ECF No. 21122] (the "Cintron Gonzalez Response") filed by Doris Cintron Gonzalez ("Cintron Gonzalez");

h) *Reply to Omnibus Objection* [ECF No. 21123] (the "Villanueva Correa Response") filed by Mayra Ivelisse Villanueva Correa ("Villanueva Correa");

i) *Reply to Omnibus Objection* [ECF No. 21465] (the "Vega Vargas Response") filed by Reynaldo Vega Vargas ("Vega Vargas");

j) *Reply to Omnibus Objection* [ECF No. 21686] (the "Santos Santiago Response") filed by Marta E. Santos Santiago ("Santos Santiago");

k) *Reply to Omnibus Objection* [ECF No. 22358] (the "Nieves Correa Response") filed by Arleen J. Nieves Correa ("Nieves Correa");

l) *Reply to Omnibus Objection* [ECF No. 22994] (the "Delgado Pérez Response") filed by Juana M. Delgado Pérez ("Delgado Pérez");

m) *Reply to Omnibus Objection* [ECF No. 22995) (the "Vázquez Claudio Response," filed by Hector M. Vázquez Claudio ("Vázquez Claudio"); and

n) *Reply to Omnibus Objection* [ECF No. 23296] (the "Sanchez Ramos Response," and together with the Vázquez Rivera Response, the Rodriguez Response, the Torres Escobar Response, the Nidya Rivera Response, the Valdez Peralta Response, the Negrón Pérez Response, the Elizabeth Rivera Response, the Cintron Gonzalez Response, the Villanueva Correa Response, the Vega Vargas Response, the Santos Santiago Response, the Nieves Correa Response, the Sanchez Ramos Response, the Delgado Pérez Response and the Hector Vázquez Response, the

4

"Responses"), filed by Osvaldo L. Sanchez Ramos ("Sanchez Ramos," and together with Vázquez Rivera, Rodriguez, Torres Escobar, Nidya Rivera, Valdez Peralta, Negrón Perez, Elizabeth Rivera, Cintron Gonzalez, Villanueva Correa, Vega Vargas, Santos Santiago, Nieves Correa, Sanchez Ramos, Delgado Pérez, and Vázquez Claudio, the "Claimants").

7. Each of the Responses contained a completed, Spanish-language response form (the "Response Form") which asserted, among other things:

> The court should not grant the Omnibus Objection, because the[] [claimed] amounts are owed based on the following laws passed by the government of the Commonwealth of Puerto Rico:
>
> Act 89 *Romerazo* – Effective July 1, 1995
> June 6, 2008 Pay Scale Act – Step Increases
> Act 96 (2002) of Dr. Pedro Rosello – effective July 2002
> Act 164 (2004) of Ms. Sila M. Calderón, effective January 2004

*See*, *e.g.*, Vázquez Rivera Response at 1.

8. Each of the Responses also asserted that each Claimant worked for the Puerto Rico Telephone Company (the "Telephone Company") and provided additional information, and, in some instances, supporting documentation demonstrating Claimants' employment, either at the Telephone Company or at Claro, the successor entity to the Telephone Company.

9. Furthermore, each of the Responses included a boilerplate statement acknowledging the untimeliness of each Response, but explaining the Response was "sent on today's date" "[d]ue to the recent emergency situation in Puerto Rico brought on by earthquakes and COVID-19." *See e.g.*, Vázquez Rivera Response at 2.

I. **Overview of the Responses**

   a. **The Vázquez Rivera Response**

10. Vázquez Rivera filed a proof of claim against the Commonwealth on September 1, 2020, logged by Kroll as Proof of Claim No. 178351 (the "Vázquez Rivera Claim"). The Torres

5

Escobar Claim purports to assert liabilities in an amount of $14,400.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

11. The Vázquez Rivera Response, which consists of a completed Response Form and accompanying letter and supporting documentation, is dated January 14, 2022 and was filed on January 18, 2022. Therein, Vázquez Rivera states (1) she worked for the Telephone Company "from April 1, 1987 . . . through the present" (Vázquez Rivera Response at 2); and (2) "[t]he Puerto Rico Telephone Company belonged to the Commonwealth of Puerto Rico until 1999 when the incumbent governor of the party in power sold it. Therefore, I do NOT agree with the dismissal of my claim, my claim is based on money owed for increases under some laws that were signed during the period that the [Telephone Company] belonged to the Government of PR (Commonwealth of Puerto Rico)" (*id.* at 3). The Vázquez Rivera Response also enclosed an employment certification from Claro asserting Vázquez Rivera worked in the comptroller's office at Claro as an "Accountant II." [ECF No. 19822-1.]

### b. The Torres Escobar Response

12. Torres Escobar filed a proof of claim against the Commonwealth on August 21, 2020, logged by Kroll as Proof of Claim No. 178347 (the "Torres Escobar Claim"). The Torres Escobar Claim purports to assert liabilities in an amount of $8,400.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

13. The Torres Escobar Response, which consists of a completed Response Form and accompanying letter and supporting documentation, is dated January 13, 2022 and was filed on January 18, 2022. Therein, Torres Escobar contends (1) he worked for the Telephone Company "from January 27, 1992 to through the present" (Torres Escobar Response at 2); (2) "[t]he Puerto Rico Telephone Company belonged to the Commonwealth of Puerto Rico until 1999 when the

6

incumbent governor of the party in power sold it" (*id*. at 3); and (3) the Torres Escobar Claim "is based on the money owed for increases under some laws that were signed during the period that PRTC belonged to the Government of PR (Commonwealth of Puerto Rico)" (*id*.). The Torres Escobar Response also enclosed an employment certification from Claro asserting Torres Escobar worked in the corporate services department at Claro as an "Inst/Rep tables/SE II." [ECF No. 19830-1.]

### c. The Nidya Rivera Response

14. Nidya Rivera filed two proofs of claim against the Commonwealth, logged by Kroll as Proof of Claim Nos. 175731 and 178327 on September 15, 2020 and August 7, 2020, respectively (the "Nidya Rivera Claims"). Collectively, the Nidya Rivera Claims purport to assert liabilities in an amount of $16,800.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

15. The Nidya Rivera Response, which consists of a completed Response Form with a hand-written postscript and supporting documentation, is dated January 20, 2022 and was filed on January 21, 2022. Therein, Nidya Rivera states (1) she worked for the Telephone Company "from January 27, 1992 to the present" (Nidya Rivera Response at 2); and (2) "[t]he Puerto Rico Telephone Company is an agency because it belonged to the Commonwealth until 1999 when the incumbent governor sold it, and it became private. My claim is based on money owed for increases under some laws that were signed during the period when the P.R.T.C. belonged to the Government of the Commonwealth of Puerto Rico" (*id*. at 2). The Nidya Rivera Response also enclosed an employment certification from Claro asserting Nidya Rivera worked in the client service division at Claro as a "Rep Serv III-Company Sales." [ECF No. 19880-1.]

7

    **d. The Valdez Peralta Response**

16. Valdez Peralta filed a proof of claim against the Commonwealth on October 8, 2020, logged by Kroll as Proof of Claim No 176527 (the "<u>Valdez Peralta Claim</u>"). The Valdez Peralta claim purports to assert liabilities in an amount of $1,200.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

17. The Valdez Peralta Response, which consists of a completed Response Form and accompanying letter and supporting documentation, is dated January 18, 2022 and was filed on January 21, 2022. Therein, Valdez Peralta contends (1) she worked for the Telephone Company "from April 23, 1984 to February 28, 2019" (Valdez Peralta Response at 2); (2) "[t]he Puerto Rico Telephone Company belonged to the Commonwealth of Puerto Rico until 1999 when the incumbent governor of the party in power sold it" (*id*. at 3); and (3) the Valdez Peralta Claim "is based on the money owed for increases under some laws that were signed during the period that PRTC belonged to the Government of PR (Commonwealth of Puerto Rico)" (*id*.). The Valdez Peralta Response also enclosed an employment certification from Claro asserting Valdez Peralta retired from Claro "effective March 1, 2019" and "receives a pension of $1,127.64 per month for life." [ECF No. 19881-1.]

    **e. The Negrón Pérez Response**

18. Negrón Pérez filed a proof of claim against the Commonwealth on September 21, 2020, logged by Kroll as Proof of Claim No. 176280 (the "<u>Negrón Pérez Claim</u>"). The Negrón Pérez Claim purports to assert liabilities in an amount of $4,800.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

19. The Negrón Pérez Response, which consists of a completed Response Form and supporting documentation, is dated January 18, 2022, and was filed on January 21, 2022. Therein,

8

Negrón Pérez states (1) he worked for the Telephone Company "from October 8, 1990 to the present: January 17, 2022" (Negrón Pérez Response at 2); and (2) that the Negrón Pérez Claim "is based on the applicable laws that cover these years of service working with the Puerto Rico Telephone Company (Commonwealth)" (*id*.). The Negrón Pérez Response also enclosed an employment certification from Claro asserting Negrón Pérez "joined PRT/Claro effective 10/08/1990" and Negrón Pérez "is currently working as an active regular employee." [ECF No. 19885-1.]

### f. The Elizabeth Rivera Response

20. Elizabeth Rivera filed a proof of claim against the Commonwealth on October 8, 2020, logged by Kroll as Proof of Claim No. 176465 (the "Elizabeth Rivera Claim"). The Elizabeth Rivera Claim purports to assert liabilities in an amount of $13,200.00 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

21. The Elizabeth Rivera Response, which consists of a completed Response Form and supporting documentation, is dated January 18, 2022 and was filed on January 24, 2022. Therein, Elizabeth Rivera states that she worked for the Telephone Company "from February 1, 1988 through June 30, 2017" and that she "completed [her] employment with the Puerto Rico Telephone Company, Ponce, Puerto Rico, Commonwealth" (Elizabeth Rivera Response at 2). The Elizabeth Rivera Response also enclosed an employment certification from Claro asserting Elizabeth Rivera "retired effective July 1st, 2017." [ECF No. 19894-1.]

### g. The Cintrón González Response

22. Cintrón González filed a Proof of Claim against the Commonwealth July 24, 2020, logged by Kroll as Proof of Claim No. 178177 (the "Cintrón González Claim"). The Cintrón

9

González Claim purports to assert liabilities in an amount of $4,800 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

23. The Cintrón González Response, which consists of a completed Response Form with a hand-written postscript, is dated June 3, 2022 and was filed on June 6, 2022. Therein, Cintrón González (1) states she worked for the Telephone Company "from the 23rd of May 1988 through the [] present" (Cintron Gonzalez Response at 2); and (2) asserts "I do not agree with my claim being dismissed, due to the fact that it is based on money that is owed based on a pay raise under laws that were enacted during the time that PRT was an agency of the government of P.R. As such, it was a government agency until 1999" (*id.*).

### h. The Villanueva Correa Response

24. Villanueva Correa filed a proof of claim against the Commonwealth on October 8, 2020, logged by Kroll as Proof of Claim No. 176538 (the "Villanueva Correa Claim"). The Villanueva Correa Claim purports to assert liabilities in an amount of $4,800 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

25. The Villanueva Correa Response, which consists of a completed Response Form with a hand-written postscript, is dated June 3, 2022 and was filed on June 6, 2022. Therein, Villanueva Correa states (1) she worked for the Telephone Company "from the 16th of March of 1987 through the [] present" (Villanueva Correa Response at 2); and (2) she "do[es] not agree with [her] claim being dismissed, due to the fact that it is based on money that is owed from a pay raise under laws that were enacted during the time that PRT Company was an agency of the government of P.R. As such, it was a government agency until 1999" (*id.*).

### i. The Vega Vargas Response

26. Vega Vargas filed two proofs of claim (the "Vega Vargas Claims") against the Commonwealth, logged by Kroll as Proof of Claim Nos. 177744 and 175719, on August 21, 2020 and September 15, 2020, respectively. The Vega Vargas Claims purport to assert liabilities in a cumulative amount of $9,600 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

27. The Vega Vargas Response, which consists of a completed Response Form with a hand-written postscript and supporting documentation, is dated July 5, 2022 and was filed on July 7, 2022. Therein, Vega Vargas states (1) he worked for the Telephone Company from "March of 1987 through the [] present" (Vega Vargas Response at 2); and (2) "[t]he basis of my claim is money owed for pay raises under laws that were enacted during my years of service when the PRTC was an agency of the government of Puerto Rico. As such, it was a government agency until 1999" (*id.*). The Vega Vargas Response also enclosed a certificate of employment stating Vega Vargas was employed by Claro's field operations division in Ponce as a "Splicer." [ECF No. 21465-1.]

### j. The Santos Santiago Response

28. Santos Santiago filed a proof of claim against the Commonwealth on July 24, 2020, logged by Kroll as Proof of Claim No. 178174 (the "Santos Santiago Claim"). The Santos Santiago Claim purports to assert liabilities in an amount of $4,800 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

29. The Santos Santiago Response, which consists of a completed Response Form with a hand-written postscript and supporting documentation, is dated December 13, 2022 and was filed on December 19, 2022. Therein, Fare Santiago states (1) she worked for the Telephone Company

11

"from the 14th of September of 1987 through the 1st of January of 2022" (Santos Santiago Response at 2); and (2) "I do not agree with my claim being dismissed. My claim is based on money owed from a pay raise under laws that were enacted during the time that PRT was an agency of the government of PR. Until 1999, we were a government agency" (*id*.). The Santos Santiago Response also enclosed a photocopy of Santos Santiago's Claro employee identification badge and a certificate of employment from Claro stating Santos Santiago was employed by Claro's field operations division in Ponce as an "Operator Delivery OC II." [ECF No. 21686-1.]

### k. The Nieves Correa Response

30. Nieves Correa filed a proof of claim against the Commonwealth on October 13, 2020, logged by Kroll as Proof of Claim No. 176804 (the "Nieves Correa Claim"). The Nieves Correa Claim purports to assert liabilities in an amount of $16,800 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

31. The Nieves Correa Response, which consists of a completed Response Form with a hand-written postscript and supporting documentation, was filed on September 21, 2022. Therein, Nieves Correa states (1) she worked for the Telephone Company "from the 16th of December of 1985 through the 13th of February 2012 (Nieves Correa Response at 2); and (2) "[t]he basis of my claims is money that is owed for pay raises under laws that were enacted during the years that the Puerto Rico Telephone Company was an agency of the Commonwealth of P.R." (*id*.). The Nieves Correa Response also enclosed a certificate of employment stating Nieves Correa "joined PRT/Claro effective 12/16/1985" and "worked as a regular employee until 02/13/2012." [ECF No. 22358-1.]

### l. The Delgado Pérez Response

32. Delgado Pérez filed a proof of claim against the Commonwealth on September 17, 2020, logged by Kroll as Proof of Claim No. 176132 (the "Delgado Pérez Claim"). The Delgado Pérez Claim purports to assert liabilities in an amount of $4,800 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

33. The Delgado Pérez Response, which consists of a completed Response Form, accompanying letter, and supporting documentation, is dated December 2, 2022 and was filed on December 5, 2022. Therein, Delgado Pérez explains she was unable to timely file the Delgado Pérez Response because she "underwent surgery" and "didn't have anyone who could file this claim and send it by mail on time." Delgado Pérez Response at 2. In addition, the Delgado Pérez Response asserts Delgado Pérez (1) worked for the Telephone Company "from August 16, 1985 to May 1, 2006" (*id.*); and (2) "do[es] not agree with my claim being dismissed, due to the fact that the Communications Corporation, where I began on August 16, 1985, and the Puerto Rico Telephone Company, where the merger of both agencies took place in May 1994, later in 1999 it was sold by the governor Pedro Roselló, it was at that time that the PRTC became a private agency. As such, my claims are fair, as there is money unpaid from pay raises that I am entitled to and are owed to me" (*id.*). The Delgado Pérez Response also enclosed a certificate of employment stating Delgado Pérez "joined PRT/Claro effective 08/16/1985" and "worked as a regular employee until 05/01/2006." [ECF No. 22994-1.]

### m. The Vázquez Claudio Response

34. Vázquez Claudio filed a proof of claim against the Commonwealth on September 17, 2020, logged by Kroll as Proof of Claim No. 176136 (the "Vázquez Claudio Claim"). The

13

Vázquez Claudio Claim purports to assert liabilities in an amount of $4,800 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

35. The Vázquez Claudio Response, which consists of a completed Response Form, accompanying letter, and supporting documentation, is dated December 2, 2022 and was filed on December 5, 2022.

36. Therein, Vázquez Claudio explains he was unable to timely file the Delgado Pérez Response because he "had to care for my wife constantly following a delicate surgery, and I was unable to leave her alone to go and send the letter by mail." Vázquez Claudio Response at 2. In addition, the Vázquez Claudio Response asserts Vázquez Claudio (1) "began with the Puerto Rico Telephone Company on November 24, 1986, and I retired on March 1, 2011" (*id.*); and (2) "do[es] not agree with my claim being dismissed, due to the fact that the Communications Corporation was always a government agency, and so too was the Puerto Rico Telephone Company until 1999 when it was sold by the governor at the time, Pedro Roselló, and it was after that, that it became a private agency. As such, my claims are fair, as I have not received this money which I am entitled to" (*id.*). The Vázquez Claudio Response also enclosed a certificate of employment stating Vázquez Claudio "joined PRT/Claro effective 11/24/1986" and "worked as a regular employee until 03/01/2011." [ECF No. 22995-1.]

### n. The Sanchez Ramos Response

37. Sanchez Ramos filed a Proof of Claim against the Commonwealth on September 21, 2020, logged by Kroll as Proof of Claim No. 176287 (the "Ramos Claim"). The Sanchez Ramos

14

Claim purports to assert liabilities in an amount of $8,400 associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

38. The Sanchez Ramos Response, which consists of a completed Response Form, was filed on January 18, 2023. Therein, Sanchez Ramos states he worked for the Telephone Company "from January 12, 1987 through April 15, 2006." Sanchez Ramos Response at 2. The Sanchez Ramos Response also enclosed a copy of the first page of the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA, (B) Occurrence of the Effective Date, and (C) Extension of Administrative Claim Bar Date for Certain Parties*. [ECF No. 23296-1.]

## II. Argument

39. As explained in the Three Hundred Eighty-Second Omnibus Objection, the Telephone Company is not a Title III Debtor. Rather, the Telephone Company was a former government entity which was privatized and, accordingly, is no longer in existence. Neither the Responses nor the Claims provide a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Telephone Company. Accordingly, the Claims should be disallowed.

## III. Conclusion

40. Because the Responses do not provide a basis for asserting liabilities associated with the Claims, the Debtors respectfully request the Claims be disallowed, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: February 2, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |