## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors and Reorganized Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| R&D MASTER ENTERPRISES, INC.,<br><br>Movant,<br><br>-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>on its own behalf and as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Respondent. | **Re: ECF No. 23285** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT  BOARD
FOR PUERTO RICO TO "MOTION TO DISQUALIFY THE LAW FIRM
O'NEILL & BORGES, LLC FOR UNRESOLVABLE CONFLICTS OF INTEREST
INCURRED IN VIOLATION OF THE PUERTO RICO RECOVERY
<u>ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ."</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ....................................................................................................................... 3

      A.     THE EDB AND THE LOAN PORTFOLIO AGREEMENT .................................. 3

      B.     PRRADA AND OB'S DISCLOSURES .................................................................. 6

      C.     PRIOR UNSUCCESSFUL EFFORTS TO DISQUALIFY OB ............................. 7

ARGUMENT ............................................................................................................................ 9

CONCLUSION ....................................................................................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Banca de Desarrollo Económico de Puerto Rico v. Garnet Cap. Advisors, LLC*,
Case No. SJ2019CV11697......................................................................................................4

*In re Granite Partners, L.P.*,
219 B.R. 22 (Bankr. S.D.N.Y. 1998)....................................................................................13

*La Sociedad Legal de Bienes Gananciales Compuesta Ambos y Otros v. Banco de
Desarrollo Económico,* Case No. SJ2020CV04491 ..............................................................6

*United States v. Brooks*, 145 F.3d 446 (1st Cir. 1998) ...........................................................2

STATUTES & RULES

7 L.P.R.A. § 611a(b) ...............................................................................................................11

7 L.P.R.A. § 611a(c) ...............................................................................................................11

11 U.S.C. § 101 .........................................................................................................................2

11 U.S.C. § 101(14) ................................................................................................................14

48 U.S.C. §§ 2101-2241 ...........................................................................................................1

48 U.S.C. § 2178 .......................................................................................................................6

PROMESA § 204(b) ..................................................................................................................4

PROMESA § 204(b)(2) ...........................................................................................................11

PROMESA § 316 .......................................................................................................................6

PROMESA § 317 .......................................................................................................................6

PRRADA § 2(b)(1) ........................................................................................................... passim

PRRADA § 2(e) .....................................................................................................................2, 13

PRRADA § 2(e)(2)(A) ...........................................................................................................7, 14

PRRADA § 2(e)(2)(B) ...............................................................................................................7

Fed. R. Bankr. P. 2014(a) ...............................................................................................6, 9, 13

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Reorganized Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response and opposition (the "Opposition") to the *Motion to Disqualify the Law Firm O'Neill & Borges, LLC for Unresolvable Conflicts of Interest Incurred in Violation of the Puerto Rico Recovery Accuracy in Disclosures Act of 2021, 48 U.S.C. 2101 Et Seq.* [ECF No. 23285] (the "Motion to Disqualify" or "Motion"), filed on January 19, 2023 by R&D Master Enterprises, Inc. ("R&D").

## PRELIMINARY STATEMENT

1.      The Motion is the latest in a long history of actions taken by R&D, a borrower from the Economic Development Bank ("EDB"), and its counsel Carlos Lamoutte ("Mr. Lamoutte") to overturn an EDB loan sale agreement.

2.      After seeking to have the loan sale agreement invalidated in Puerto Rico courts, asking the Oversight Board to do the same, and bringing a lawsuit seeking to compel the Oversight Board to review the agreement, all to no avail, Mr. Lamoutte took a different tack beginning in May 2022.  Utilizing a recently passed federal statute, the *Puerto Rico Recovery Accuracy in Disclosures Act* ("PRRADA"), he filed seven pro se motions in this Court, leveling unsupported allegations against O'Neill & Borges, LLC ("OB") regarding its alleged role in the loan sale agreement in an effort to have it disqualified from serving as the Oversight Board's counsel and require it to return all fees earned from its service to the Oversight Board.  This Court denied those motions for lack of standing.  *See* ECF Nos. 22909, 22910.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

3.     The present Motion to Disqualify picks up Mr. Lamoutte's efforts under the unsupported premise that his client, R&D, is a creditor of the Commonwealth and therefore has the standing its counsel lacked.  Indeed, the Motion recycles many of the same baseless allegations and meritless arguments that Mr. Lamoutte[3] previously advanced.  It contains the same conclusory, unsupported, and erroneous allegations against OB, as well as the same misstatements of the disclosure requirements imposed by both PRRADA and the Federal Rules of Bankruptcy Procedure found in Mr. Lamoutte's motions.  It also ignores that R&D and its counsel are obviously in privity, thereby invoking the principles of *res judicata* and collateral estoppel, except to the extent this Court reserved to R&D the right to bring certain claims.

4.     R&D's Motion to Disqualify fails on the merits because it is based on a fundamental misunderstanding of PRRADA.  First, PRRADA's disclosure requirement is limited to a professional's connections with persons or entities on the List of Material Interested Parties required by PRRADA (the "MIP List").  *See* PRRADA § 2(b)(1).  Many of R&D's allegations concern alleged connections to entities *not* included on the MIP List.  Second, PRRADA provides a court may deny compensation or reimbursement of expenses if the professional is not a "disinterested person" as defined by 11 U.S.C. § 101 (*i.e.*, the professional has an interest materially adverse to the interest of the estate, creditors or equity security holders) or represents an adverse interest in connection with the Title III cases.  PRRADA § 2(e).  But, contrary to the assumption underlying the Motion to Disqualify, PRRADA does not equate disclosure of a

---

[3] The Motion also seeks additional relief Mr. Lamoutte has advocated for in other contexts on behalf of R&D and his other clients:  the nullification of the EDB loan sale agreement.  Although, as discussed below, R&D fails to explain how it can obtain that relief based on an alleged violation of PRRADA (perhaps because that relief is unavailable), nullifying the loan sale agreement appears to be the true purpose of the Motion.  With the appeal in *R&D Master Enterprises* (as defined below) pending, this Court lacks jurisdiction to render rulings changing the record for the pending appeal.  *See United States v. Brooks*, 145 F.3d 446, 455–56 (1st Cir. 1998).

connection to a party on the MIP List with a lack of disinterestedness or an adverse interest justifying disqualification or disgorgement of fees.  Instead, PRRADA provides the court may deny allowance of compensation or reimbursement of expenses if a professional either (*i*) fails to file verified disclosure statements as required by PRRADA § 2(b)(1), *or* (*ii*) is not a disinterested person or holds an adverse interest.  Other than rank speculation, R&D provides no basis to conclude an adverse interest exists.  Indeed, R&D does not—and cannot—identify any actions taken by OB on behalf of the Oversight Board that would influence an outcome for or benefit any entity on the MIP List.  Third, R&D's argument for the disgorgement of "all fees" paid to OB rests on the incorrect assumption that parties in interest have a right to seek such relief in responding to PRRADA disclosures.  As this Court has already ruled in dismissing Mr. Lamoutte's objection to OB's PRRADA disclosures, "neither [PRRADA] nor the Court's order implementing the statute invites other parties in interest or members of the public to respond to PRRADA disclosures." ECF No. 21604 at 2.  If R&D objects to the payment of fees to any professional entity, the appropriate method of doing so is by raising an objection to an application for compensation and reimbursement of expenses.  *See id*.

5.      As such, R&D's Motion to Disqualify, like those previously brought by its counsel, Mr. Lamoutte, should be dismissed on the merits and because it retreads Mr. Lamoutte's rejected claims.

## BACKGROUND

6.      On May 9, 2017, the Oversight Board, as Title III representative of the Commonwealth, commenced the Commonwealth's Title III case with this Court.

### A.      THE EDB AND THE LOAN PORTFOLIO AGREEMENT

7.      EDB is not now and has never been a Title III debtor.  Rather, it is a legally separate government entity that provides loans to entities and individuals.  On October 30, 2016, the

Oversight Board designated public corporations, including EDB, as "covered territorial instrumentalities," as reflected on the Oversight Board's publicly available website.[4]

8.       On September 7, 2018, the EDB sold a commercial loan portfolio (the "Loan Portfolio Sale") valued at $384,269,047 to PR Recovery and Development JV, LLC and PR Recovery and Development REO, LLC (together, the "Purchasers").[5] The agreement underlying the Loan Portfolio Sale (the "Loan Portfolio Agreement") was not submitted to the Oversight Board for review prior to its execution. That was a violation of the Oversight Board's policy, issued pursuant to PROMESA § 204(b), requiring certain contracts be submitted for review prior to execution (the "Policy"). *See* Declaration of Valerie Maldonado [ECF No. 21094-1] (the "Maldonado Decl."), Ex. 1, Sept. 29, 2019 Ltr. N. Jaresko to L. Fernández Trinchet [ECF No. 21094-2].

9.       On September 29, 2019, after learning of the Loan Portfolio Sale from press reports, the Oversight Board contacted EDB to inquire about the transaction and to understand why the Loan Portfolio Agreement was not submitted for Oversight Board review. Although the EDB subsequently provided the Loan Portfolio Agreement to the Oversight Board, it did not ask the Oversight Board to approve the contract. Instead, on November 7, 2019, the EDB initiated proceedings with the Commonwealth court to have the Loan Portfolio Sale nullified. *See Banca de Desarrollo Económico de Puerto Rico v. Garnet Capital Advisors, LLC*, Case No. SJ2019CV11697 (the "EDB Action"). That case remains pending. In light of the pending litigation, the Oversight Board has not reviewed the Loan Portfolio Agreement. Maldonado Decl. ¶ 19. The Oversight Board never asked OB to provide legal advice or any input, and OB did not

---

[4] https://oversightboard.pr.gov
[5] The Motion alleges that Parliament Capital Management, LLC, Parliament High Yield Fund, LLC, and Island Portfolio Services, LLC "assist[ed]" in the Loan Portfolio Agreement. *See* Mot. ¶ 26.

provide legal advice or input, to the Oversight Board in connection with its decision regarding whether to review the Loan Portfolio Agreement. *Id.* ¶ 20.

10.      Since the Purchasers began collection efforts on loans held by EDB's borrowers,[6] certain borrowers, through their attorneys (including Mr. Lamoutte) have sought to invalidate the sale, which might have the collateral effect of delaying or otherwise impacting Mr. Lamoutte's clients' repayment obligations. *See* Mot. ¶ 30.

11.      Further, in 2021, Mr. Lamoutte sent numerous letters to the Oversight Board alleging OB represented the "Buyer" (as defined in the Loan Portfolio Agreement), questioning why the Oversight Board had not reviewed the Loan Portfolio Agreement prior to its execution, requesting the Oversight Board initiate a formal review of the Loan Portfolio Agreement, and threatening to initiate legal action if such a review were not conducted.[7]  The Oversight Board responded in numerous letters, informing Mr. Lamoutte it would not comment on matters relating to the Loan Portfolio Agreement because of the pending litigation, and explaining (and reiterating) why it did not review or approve the Loan Portfolio Agreement prior to its execution and that OB did not represent the Buyer in connection with the Loan Portfolio Agreement.[8]

12.      On July 8, 2021, R&D, along with certain other EDB borrowers whose loans were part of the Loan Portfolio Sale, filed a complaint with the United States District Court for the

---

[6] R&D admits it is a defendant in a case brought to collect on its EDB loan.  Mot. at 8 n.5.

[7] *See, e.g.*, Maldonado Decl., Ex. 8, Jan. 27, 2021 Email C. Lamoutte to J. El Koury and N. Jaresko [ECF No. 21094-9]; Maldonado Decl., Ex. 10, June 9, 2021 Ltr. C. Lamoutte to J. El Koury and N. Jaresko [ECF No. 21094-11]; Maldonado Decl., Ex. 11, June 12, 2021 Ltr. C. Lamoutte to D. Skeel, *et al*. [ECF No. 21094-12]; Maldonado Decl., Ex. 12, June 22, 2021 Ltr. C. Lamoutte to J. El Koury and N. Jaresko [ECF No. 21094-13]; Maldonado Decl., Ex. 14, July 2, 2021 Ltr. C. Lamoutte to J. El Koury and N. Jaresko [ECF No. 21094-15].

[8] *See* Maldonado Decl., Ex. 5, Sept. 24, 2020 Ltr. J. El Koury to C. Lamoutte [ECF No. 21094-6]; Maldonado Decl., Ex. 7, Oct. 23, 2020 Ltr. J. El Koury to C. Lamoutte [ECF No. 21094-8]; Maldonado Decl., Ex. 9, Feb. 22, 2021 Ltr. J. El Koury to C. Lamoutte [ECF No. 21094-10]; Maldonado Decl., Ex. 13, June 26, 2021 Ltr. J. El Koury to C. Lamoutte [ECF No. 21094-14].

District of Puerto Rico against the Oversight Board and its former executive director, Natalie Jaresko. *See* Case No. 3:21-cv-01317-RAM, ECF No. 1 ("*R&D Master Enterprises*"). Notably, the action was not filed in the Title III Court and within the Commonwealth Title III case. In their complaint, R&D and the other plaintiffs sought, *inter alia*, an order compelling the Oversight Board to review and either approve or reject the Loan Portfolio Agreement. *Id.* at 15-16. Each plaintiff in *R&D Master Enterprises* is also a plaintiff in an action brought by the borrowers in the Commonwealth court seeking to have the Loan Portfolio Agreement invalidated. *See La Sociedad Legal de Bienes Gananciales Compuesta Ambos y Otros v. Banco de Desarrollo Económico para Puerto Rico Otros,* Case No. SJ2020CV04491 (the "Borrower Action").

13.     The Oversight Board moved to dismiss the complaint in *R&D Master Enterprises* on numerous grounds. *R&D Master Enterprises*, ECF No. 19. The court granted the Oversight Board's motion and dismissed *R&D Master Enterprises* on April 12, 2022. *R&D Master Enterprises*, ECF Nos. 33, 34. In May 2022, the plaintiffs appealed the decision to the First Circuit. *See* Case No. 22-01342 ("*R&D Master Enterprises Appeal*"). The appeal has been fully briefed and is set for oral argument on March 9, 2023. Mr. Lamoutte has requested leave to appear and argue the case. *R&D Master Enterprises Appeal*, Document No. 00117968439

### B.     PRRADA AND OB'S DISCLOSURES

14.     On January 20, 2022, President Biden signed PRRADA, 48 U.S.C. § 2178, into law. PRRADA sets forth disclosure requirements for any attorney, accountant, appraiser, auctioneer, agent, or other professional person seeking compensation pursuant to sections 316 and 317 of PROMESA after PRRADA's enactment, including filing with the court "a verified statement conforming to the disclosure requirements of rule 2014(a) of the Federal Rules of Bankruptcy Procedure setting forth the connection of the professional person with any entity or person on the List of Material Interested Parties." PRRADA § 2(b)(1).

15.     On March 30, 2022, the Court issued its *Order Approving List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act*, in which it approved the Oversight Board's amended MIP List and ordered professional persons in the Title III cases to file disclosures required by PRRADA in accordance with the amended MIP List.  ECF No. 20467 ("MIP List Order").

16.     On July 12, 2022, OB filed its *Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act* pursuant to the MIP List Order and the disclosure requirements set forth in PRRADA.  ECF No. 21485 ("OB Disclosures").   The OB Disclosures represented in a sworn statement that OB is a "'disinterested person' pursuant to PRRADA section 2(e)(2)(A) relative to each entity on the MIP List and does not represent or hold an adverse interest in connection with the Title III Proceedings pursuant to PRRADA section 2(e)(2)(B)." *Id.* ¶ 26.  On August 25, 2022, in response to questions from the United States Trustee about the OB Disclosures, OB filed its *Supplemental Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant To The Puerto Rico Recovery Accuracy In Disclosure Act* [ECF No. 21925] ("OB Supplemental Disclosures").  The OB Supplemental Disclosures affirmed that "all representations and disclosures in the initial PRRADA Disclosure remain true and correct."  OB Supplemental Disclosures ¶ 13.

### C.     PRIOR UNSUCCESSFUL EFFORTS TO DISQUALIFY OB

17.     On May 19, 2022, Mr. Lamoutte filed with this Court a motion to disqualify OB, in which he sought to have OB disqualified as the Oversight Board's counsel and to have its fees disgorged pursuant to PRRADA.  The Oversight Board and OB both opposed Mr. Lamoutte's motion on June 2, 2022 [ECF Nos. 21094, 21096].   Thereafter, Mr. Lamoutte filed several additional motions challenging OB's PRRADA disclosures, seeking the disqualification of another of the Oversight Board's longtime advisors, and seeking other related relief, all of which this Court

7

denied.

18.     On November 10, 2022, R&D, one of Mr. Lamoutte's clients, filed a *Motion for Joinder of Creditor R&D Master Enterprises, Inc. to: (A) Motion to Disqualify McKinsey & Company, Inc. and Its Affiliates (Doc. No. 22,025), and (B) Motion to Disqualify the Law Firm O'Neill & Borges LLC (Doc No. 20,873)*, in which it moved to join Mr. Lamoutte's "[d]isqualification [p]leadings" [ECF No. 22835] ("Joinder Motion").  The Court denied the Joinder Motion, but without prejudice to R&D's rights to bring its own motions seeking disqualification [ECF No. 22838].

19.     On November 23, 2022, this Court issued a memorandum order denying Mr. Lamoutte's Motion to Disqualify OB [ECF No. 22909] ("Memorandum Order").  In so doing, the Title III Court held that Mr. Lamoutte lacked standing to prosecute the motion because his filing did not assert that he was a creditor of any of the Title III debtors or that he otherwise had any personal stake in the outcome of the Title III cases generally, or in the relief sought in the motions specifically.  Mem. Order at 11.  In particular, the Court found that Mr. Lamoutte had not established any basis for his belief that the EDB's affairs and finances were "subsumed in the Commonwealth's Title III Case such that his allegations about the EDB's conduct with respect to the Loan Sale Transaction has any connection to the Title III Cases."  *Id.* at 14.

20.     On November 28, 2022, Mr. Lamoutte filed *Carlos Lamoutte's Motion for Reconsideration of Denial Order Entered on November 23, 2022 Docket Entry No. 22,909*, arguing that the Court erred in determining he lacked standing, and in any event the Court should independently investigate the facts underlying the disqualification motions and impose appropriate sanctions [ECF No. 22919].  The Court denied Mr. Lamoutte's request on November 30, 2022, holding that Lamoutte's arguments did not establish a basis for reconsideration [ECF No. 22943].

21.     This Motion followed.

**ARGUMENT**

22.     Like Mr. Lamoutte's motions, the Motion to Disqualify invokes PRRADA and

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Rule 2014(a)"), arguing OB violated

PRRADA by failing to adequately disclose and "explain away" its connections to "several private

sector clients."   *See* Mot. ¶¶ 21, 47, 80.   In so doing, the Motion merely identifies as alleged

"connections" of OB certain entities listed in OB's PRRADA disclosures, EcoEléctrica L.P., Puma

Energy Caribe, LLC, AES Ilumina, LLC, and AES Puerto Rico L.P., as well as PR Recovery and

Development JV, LLC, PR Recovery and Development REO, LLC, Parliament Capital

Management, LLC, Parliament High Yield Fund, LLC, Island Portfolio Services, LLC, and New

Fortress Energy LLC ("NFE").   On the basis of these alleged "connections", R&D seeks to have

the Loan Portfolio Agreement nullified, OB disqualified, and OB's fees disgorged on the theory

that OB failed to disclose or explain its alleged relationship with the Purchasers and other "private

sector clients" in violation of PRRADA.  *See* Mot. ¶¶ 21, 47, 84.

23.     But, as R&D itself admits (*id.* ¶ 21), OB self-identified its connections to the entities

*on the MIP List* as required by PRRADA.  *See* OB Disclosures.   In particular, OB disclosed its

connections to EcoEléctrica L.P., Puma Energy Caribe, LLC, AES Ilumina, LLC, and AES Puerto

Rico L.P., *see id.* Schedule 1, and affirmed that it did not represent these entities in connection

with the Title III proceedings.  *Id.* ¶ 26.  The remaining entities mentioned in R&D's Motion (PR

Recovery and Development JV, LLC, PR Recovery and Development REO, LLC, Parliament

Capital Management, LLC, Parliament High Yield Fund, LLC, and Island Portfolio Services, LLC

(collectively, the "EDB-Related Entities") and NFE (together with the EDB-Related Entities, the

"Non-MIP List Entities") are not included on the MIP List and therefore OB had no duty under

PRRADA to disclose its connections, if any, to them.

24.     R&D's Motion should be denied because (a) as this Court has held, the Motion is not the proper mechanism to object to OB's PRRADA Disclosures and R&D is bound by that ruling against its own attorney; (b) R&D's disputes regarding the Non-MIP List Entities are outside the Title III cases and therefore not governed by Title III (or PRRADA); and (c) the claims made in the Motion lack a basis in both law and fact.

25.     *First*, R&D's Motion is inappropriate because PRRADA does not provide a mechanism for parties in interest to challenge a professional's disclosures.  As this Court has already ruled in rejecting Mr. Lamoutte's effort to object to OB's disclosures, "neither the statute nor the Court's order implementing the statute invites other parties in interest or members of the public to respond to PRRADA disclosures."  ECF No. 21604 at 2.  Rather, the Court noted that "under the Compensation Procedures approved by the Court, a party in interest may object to an application seeking compensation and payment of expenses."  *Id.*  The Motion to Disqualify therefore seeks to do what this Court has already deemed is not permitted and on that ground it should be denied.

26.     *Second*, PRRADA and the MIP List required by PRRADA have nothing whatsoever to do with R&D's disputes concerning the Non-MIP List Entities, and OB's failure to disclose its purported connections with the Non-MIP List Entities therefore cannot serve as a basis to disqualify OB.  PRRADA imposes disclosure requirements on professionals who seek compensation "***[i]n a case commenced under section 304 of PROMESA (48 U.S.C. 2164)***." PRRADA § 2(b)(1) (emphasis added).[9]  It imposes no such disclosure requirements with respect to the Oversight Board's retention of professionals outside Title III cases in respect of actions

_____

[9] Indeed, for that reason, this Court lacks subject matter jurisdiction over the Motion with respect to R&D's allegations regarding the Non-MIP List Entities.

pursuant to other provisions of PROMESA or professional services provided in any non-Title III

Case context.

27.     With respect to the EDB-Related Entities, just like Mr. Lamoutte, R&D fails to

establish any basis for the assertion that EDB's "affairs and finances are subsumed in the

Commonwealth's Title III Case such that his allegations about the EDB's conduct with respect to

the Loan Sale Transaction has any connection to the Title III Cases."  Mem. Order at 14.  The

Motion, as it relates to OB's connections to the EDB-Related Entities, stems from complaints

about the actions taken (or not taken) by OB (and the Oversight Board) in connection with the

Loan Portfolio Agreement, a transaction involving EDB.  But the EDB is not a Title III debtor.

Indeed, in its Memorandum Order denying Mr. Lamoutte's motion to disqualify OB, the Court

recognized that

> pursuant to the law creating the EDB, the EDB has 'its own legal personality and existence
> apart from the Commonwealth of Puerto Rico and any of its agencies, instrumentalities or
> public corporations,' 7 L.P.R.A. § 611a(b), and its debts and obligations are 'its sole
> responsibility and not the responsibility of the Commonwealth of Puerto Rico, its agencies,
> instrumentalities and public corporations.' 7 L.P.R.A. § 611a(c).  Nor is there any litigation
> concerning EDB and the Loan Sale Transaction pending in the Title III Court.

Mem. Order at 14.

28.     The gravamen of R&D's Motion is that the Oversight Board should review the

Loan Portfolio Agreement pursuant to its contract review policy issued pursuant to PROMESA §

204(b)(2).  That allegation unquestionably relates to an exercise of the Oversight Board's powers

pursuant to **Title II** of PROMESA—and PRRADA imposes no requirement that the Oversight

Board or its advisors make disclosures with respect to its exercise of Title II powers.  And it

nowhere authorizes R&D's request for broad relief outside the Title III Case, such as its request

for cancellation of the Loan Portfolio Agreement.  Indeed, the Oversight Board's authority to

review the Loan Portfolio Sale would exist even if no Title III Cases were pending, and therefore,

no disclosures related to the Loan Portfolio Sale were required pursuant to PRRADA. Accordingly, R&D's dispute with the EDB, and with OB's alleged representation of the EDB-Related Entities in connection with the Loan Portfolio Sale, is purely a dispute between third party, non-Title III debtor entities, and has no bearing on the Title III Cases.

29.    Similarly, with respect to NFE, the Motion cites a contract between NFE and PREPA that was reviewed and approved by the Oversight Board on March 24, 2019, *see* Mot. ¶ 37, pursuant to Title II of PROMESA.  However, again, because PRRADA imposes no requirement that the Oversight Board or its advisors make disclosures with respect to its exercise of Title II powers, no disclosure relating to NFE or its contract was required.

30.    *Third*, R&D's contentions lack any basis in fact or law.  R&D asserts that OB "knowingly and in bad faith" concealed connections to the Loan Portfolio Agreement, failed to "explain away" its connections to other "private sector clients who are major contractors of the Government of Puerto Rico, as required under PRRADA and supplemental bankruptcy case law," and OB's representation of these parties creates an actual conflict of interest which prohibits the retention of OB as advisors to the Oversight Board.  Mot. ¶¶ 26, 47.

31.    Contrary to R&D's representations, the Oversight Board has been informed OB never represented any *Purchaser* in the Loan Portfolio Sale.  *See* Maldonado Decl. ¶ 20.  Further, OB was never asked to provide, and did not provide, legal advice or any input to the Oversight Board in connection with its decision regarding whether to review the Loan Portfolio Agreement. *Id.* ¶¶ 8, 19, 20.  OB's alleged representation of the EDB-Related Entities therefore in no way justifies R&D's effort to deprive the Oversight Board of the Puerto Rico counsel that it has worked with closely and relied upon heavily for over five years.  Moreover, OB is only required to disclose its connections to the entities identified on the MIP List, *see* PRRADA § 2(b)(1), and it did so in

its PRRADA disclosures—which were certified by a sworn declaration and affirmed by its Supplemental Disclosures, *see* OB Disclosures; Supplemental Disclosures ¶ 13.

32.     As for the connections to the MIP List entities OB included in its PRRADA disclosures (EcoEléctrica L.P., Puma Energy Caribe, LLC, AES Ilumina, LLC, and AES Puerto Rico L.P.), R&D alleges they constitute conflicts of interests that render OB not "disinterested" under PRRADA because the disclosed clients of OB "hold interests that are materially adverse to the Oversight Board and to the debtors that the Oversight Board represents in this Title III case." Mot. ¶ 23.  But, R&D does not explain how these interests are materially adverse; R&D merely restates the text of PRRADA, cites to cases interpreting the Federal Rules of Bankruptcy Procedure, and assumes that, because these connections were identified in OB's PRRADA disclosures, they rise to the level of a disqualifying interest.  That assumption is not correct. Nothing in PRRADA or the Bankruptcy Rules provide that merely having a connection with an entity on the MIP List is a basis for disallowance of a professional's fees or disqualification.  If that were the case, no large advisor could ever represent a large debtor.

33.     The scope of PRRADA's disclosure requirement, which conforms to the requirement set forth in Rule 2014(a), is designed to identify situations that could be, but are not necessarily, actual conflicts. *See In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998) ("The scope of disclosure [under Rule 2014(a)] is much broader than the question of disqualification.").  In other words, OB's disclosure of connections to certain entities on the MIP List does not, without more, render it a non-disinterested person relative to those entities or indicate OB represented adverse interests in connection with the Title III cases pursuant to PRRADA § 2(e).  In fact, OB submitted a sworn statement to the contrary in its PRRADA disclosures saying that it "has been at all times during its representation of the Oversight Board throughout these Title

13

III Proceedings, a 'disinterested person' as defined in 11 U.S.C. § 101(14) and pursuant to PRRADA section 2(e)(2)(A), relative to the persons and entities on the MIP List . . . ." *See* OB Disclosures ¶ 44.  Moreover, with respect to the MIP List entities referenced in R&D's Motion, OB affirmed that none of these representations are "related to the Debtor's Title III Proceedings" and OB is "not adverse to the Oversight Board, as exclusive representative of the Debtors, in any such representation of [these entities]."  *Id.* ¶ 26.

34.     Instead of providing a factual basis rebutting this evidence, R&D asks the Court to "not pay much credibility to what the Oversight Board and [OB] state (or omit to state) in their respective writings" and contends (without any factual basis) a "[p]ay to play scheme[]," whereby the private sector clients represented by OB that contract with the Government of Puerto Rico enjoy advantages over competitors.  *See* Mot. ¶¶ 28, 72-73.  But, again, R&D provides no factual support for the theory.  Moreover, R&D ignores that the Oversight Board and its advisors are not responsible for contracting on behalf of PREPA or any other entity within the Commonwealth government.  R&D's failure to provide any factual support for this theory of why the connections disclosed by OB are inadequate or disqualify OB from providing services to the Oversight Board leaves the Court with no basis on which to disqualify OB or to disgorge its receipt of compensation.

## CONCLUSION

35.     For the foregoing reasons, the Motion to Disqualify should be denied in its entirety.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 2, 2023
San Juan, Puerto Rico

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

**OF COUNSEL FOR
A&S LEGAL STUDIO, PSC**
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email:  mbienenstock@proskauer.com

Guy Brenner (*pro hac vice*)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel:     (202) 416-6800
Fax:     (202) 416-6899
Email: gbrenner@proskauer.com

Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
Email: lstafford@proskauer.com

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, on its
own behalf and as representative of the
Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.


*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle Emmanuelli