## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------- x

*In re*

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et. al.*

        Debtors.[1]

-------------------------------------------------------------- x

*In re*

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

        Debtor.

--------------------------------------------------------------

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III
Case No. 17-BK-03566 (LTS)

**This Application relates only to ERS, and shall be filed in the lead Case No. 17 BK 3283-LTS, and ERS's Title III Case (Case No. 17-BK-03566-LTS)**

### SUMMARY SHEET TO FINAL FEE APPLICATION OF THE BRATTLE GROUP, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ECONOMIC CONSULTANT TO PROSKAUER ROSE LLP, AS LEGAL COUNSEL TO AND ON BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, FOR THE <u>PERIOD JANUARY 29, 2020 THROUGH MARCH 15, 2022</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| Name of Applicant: | The Brattle Group, Inc. ("Brattle") |
|---|---|
| Retained to Provide Professional Services to: | Proskauer Rose LLP ("Proskauer"), as legal counsel to and on behalf of The Financial Oversight and Management Board for Puerto Rico, Representative of the Debtors Pursuant to PROMESA § 315(b) |
| Retention Date[2]: | March 25, 2019 (General Retention)<br>January 29, 2020 (Specific Retention) |
| Fee Period for Which Compensation and Reimbursement is Sought: | January 29, 2020 through March 15, 2022 (the "Compensation Period"; Specific Retention Date through Effective Date) |
| Amount of final compensation sought as actual, reasonable, and necessary: | **$ 2,428,799.47** |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | **$ 8,479.51** |
| Blended rate in this application for all timekeepers (non-travel)[3]: | **$ 415.32** |
| Blended rate in this application for all timekeepers (travel rates only)[4]: | **$ 253.59** |

This is a(n) __ Monthly __ Interim _X_ Final Fee Application

This is the final fee application filed by The Brattle Group, Inc. ("Brattle") in this Debtor's (The Employees Retirement System of the Government of the Commonwealth of Puerto Rico) Title III Case.

---

[2]  Proskauer originally retained Brattle on March 25, 2019 to provide general litigation support, and specifically retained Brattle in this particular adversary proceeding on January 29, 2020.

[3]  Blended hourly rates were calculated before the 15% pro bono discount provided.

[4]  Blended hourly rates were calculated before the 15% pro bono discount provided.

## SCHEDULE 1

**Summary of Professional Services Rendered *by Task***
**for the Compensation Period January 29, 2020 through March 15, 2022**

| TASK | HOURS | FEES[5] |
|---|---|---|
| ERS Tracing | 6,850.60 | $2,845,224.50 |
| Travel Time | 54.50 | $13,820.75 |
| Subtotal | | $2,859,045.25 |
| Less 15% of Fees (performed *pro bono*) | | *($428,856.79)* |
| Fee Examiner Adjustments | | *($1,388.99)*[6] |
| Total Fees Charged to Oversight Board | | $2,428,799.47 |

---

[5]  Fifteen percent (15%) of the Fees noted in this chart reflect services performed *pro bono*. The reduction in the amount of the Fees charged to Oversight Board is reflected in the line titled 'Total Fees Charged to Oversight Board.'

[6]  *See* Docket No. 15971-1 for a summary of the Fee Examiner's recommended adjustments, accepted by Brattle, during the Tenth Interim Fee Period.

**SCHEDULE 2**

**Summary of Professional Services Rendered** *by Timekeeper*
**for the Period January 29, 2020 through March 15, 2022**

| NAME OF PROFESSIONAL | POSITION | HOURLY RATE | TOTAL HOURS (in this application) | FEES[7] |
|---|---|---|---|---|
| Hinton, Paul | Principal | $700 | 775.4 | $542,780.00 |
| Hinton, Paul | Principal | $350 (travel) | 7.2 | $2,520.00 |
| Murray, Marti | Principal | $1,000 | 0.8 | $800.00[8] |
| Mason, Hollie | Senior Consultant | $585 | 783.1 | $454,985.50[9] |
| Mason, Hollie | Senior Consultant | $292.50 (travel) | 10.3 | $3,012.75 |
| Cheng, Chi | Senior Associate | $500 | 393.1 | $196,000.00[10] |
| Vargas, Alberto | Senior Associate | $500 | 1,242.9 | $621,450.00 |
| Vargas, Alberto | Senior Associate | $250 (travel) | 26.6 | $6,650.00 |
| Brady, Kaitlyn | Associate | $340 | 43.3 | $14,722.00 |
| Chen, Biying | Research Analyst | $315 | 206.5 | $65,047.50 |
| Coon, Austin | Research Analyst | $315 | 495.6 | $156,915.00[11] |

---

[7]   Fifteen percent (15%) of the Fees noted on this Schedule 2 were being performed *pro bono*. The reduction in the amount of the Fees charged to the Oversight Board is reflected in the line titled 'Total Fees Charged to Oversight Board' at the bottom of the chart (carried over on the following page).

[8]   At the time services were rendered, Marti Murray was a Brattle Principal, with expertise in fixed income investment and specialized knowledge in bondholder disputes. Following conversations with counsel to the Fee Examiner during the Interim Application review process, the Fee Examiner did not object to Ms. Murray's 0.8 hour contribution to the services rendered in this Project Assignment.   Her expertise was an input to the expert witness analysis in the ERS litigation.

[9]   In its First Interim Fee Application for the Ninth Interim Fee Period, Brattle applied an incorrect bill rate for Hollie Mason's time, which resulted in lower fees charged. After discussion with counsel for the Fee Examiner, Brattle agreed to retain the reduced professional fees charged for Hollie Mason's services during this period. *See* footnote 11, below. The amount listed in this Schedule 2 includes the amount as it appeared in the First Interim Fee Application.

[10]   In its First Interim Fee Application for the Ninth Interim Fee Period, although Brattle represented the number of hours billed by Chi Cheng correctly, the fees charged were miscalculated, resulting in a lower charge for professional fees. Rather than file an Amended Fee Application, Brattle accepts this lower charge, as included in the total Fees billed for Chi Cheng noted in Schedule 2 above. *See* footnote 11, below.

[11]   In its First Interim Fee Application for the Ninth Interim Fee Period, Brattle applied an incorrect bill rate to some of Austin Coon's time, which resulted in slightly higher fees than should have been charged. Following discussions with

| NAME OF PROFESSIONAL | POSITION | HOURLY RATE | TOTAL HOURS (in this application) | FEES[7] |
|---|---|---|---|---|
| Coon, Austin | Research Analyst | $157.5 (travel) | 10.4 | $1,638.00 |
| Grose, Andrew | Research Analyst | $285 | 813.1 | $231,733.50 |
| Michael, John | Research Analyst | $285 | 64.0 | $18,240.00 |
| Jamrog, Kelly | Research Analyst | $285 | 0.4 | $114.00[12] |
| Nair, Rohit | Research Analyst | $285 | 269.7 | $76,864.50 |
| Qui, Ben | Research Analyst | $330 | 296.2 | $97,729.50[13] |
| Ricciardi, Joseph | Research Analyst | $285 | 172.9 | $49,077.00[14] |
| Shao, Mingzhe | Research Analyst | $285 | 752.3 | $214,405.50 |
| Piekny, Michael | Litigation Analyst | $185 | 83.4 | $15,429.00 |
| Piekny, Michael | Litigation Specialist | $195 | 316.2 | $61,659.00 |
| Rottkamp, Jessica | Litigation Specialist | $195 | 105.8 | $20,631.00 |
| Rottkamp, Jessica | Litigation Analyst | $185 | 35.9 | $6,641.50 |
| Subtotal | | | | $2,859,045.25 |
| Less 15% of Fees (performed *pro bono*) | | | | ($428,856.79) |
| Fee Examiner Adjustments | | | | ($1,388.99)[15] |
| Total Fees Charged to Oversight Board | | | | $2,428,799.47 |

counsel to the Fee Examiner, the overage charged for Austin Coon's services was offset by the aggregate of under-billings highlighted by the Fee Examiner (*see* footnotes 9 and 10 above, and 13 below). After discussion with Brattle, the Fee Examiner recommended payment of the total fees charged for Austin Coon's services in lieu of revising the other charges for other time keepers. The Fees noted in Schedule 2 reflect the total fees as they were originally billed in Brattle's Fee Applications and approved by the Fee Examiner.

[12] Kelly Jamrog is an expert in data engineering and data visualization, a skill-set required by the project team. Following conversations with counsel to the Fee Examiner during the Interim Application review process, the Fee Examiner did not object to Ms. Jamrog's 0.4 hour contribution to the services rendered in this Project Assignment.

[13] In its First Interim Fee Application for the Ninth Interim Fee Period, Brattle applied an incorrect bill rate in one instance for Ben Qui, which resulted in lower fees charged. After discussion with counsel for the Fee Examiner, Brattle agreed to retain the reduced professional fees charged for Ben Qui's services during this period. *See* footnote 11, above. The amount listed in this Schedule 2 includes the amount as it appeared in the First Interim Fee Application.

[14] In its First Interim Fee Application for the Ninth Interim Fee Period, Brattle incorrectly noted the total amount of billed fees for Joseph Ricciardi, which resulted in lower fees charged. Rather than amending the previously allowed Fee Application, Brattle accepts the lower amount of total fees for Joseph Ricciardi, as reflected in Schedule 2 above.

[15] Adjustments were agreed upon following the Fee Examiner's review of Brattle's Interim Fee Application. *See* Docket No. 15971-1 for a summary of the Fee Examiner's recommended adjustments, accepted by Brattle, during the Tenth Interim Fee Period.

## SCHEDULE 3

**Summary of Actual and Necessary Expenses Incurred
for the Period January 29, 2020 through March 15, 2022**

| Expense Category | TOTAL AMOUNT |
|---|---|
| Air Travel | $3,637.00 |
| Out-of-Town Taxi | $469.63 |
| Out-of-Town Meals | $753.88 |
| Lodging | $3,600.00 |
| Outside/Information Services | $19.00 |
| **Total Expenses Charged to Oversight Board** | $8,479.51 |

| SUMMARY OF PRIOR INTERIM FEE APPLICATIONS: | | | | | |
|---|---|---|---|---|---|
| | | Fees and Expenses Approved | | Date and Docket No. of Fee Order | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered[16] | Fees | Expenses | Date | Docket No. |
| | *First IFP* 5/3/17 to 9/30/17 | | | | |
| | *Second IFP* 10/1/17 to 1/31/18 | | | | |
| | *Third IFP* 2/1/18 to 5/31/18 | | | | |
| | *Fourth IFP* 6/1/18 to 9/30/18 | | | | |
| | *Fifth IFP* 10/1/18 to 1/31/19 | | | | |
| | *Sixth IFP* 2/1/19 to 5/31/19 | | | | |
| | *Seventh IFP* 6/1/19 to 9/30/19 | | | | |
| | *Eighth IFP* 10/1/19 to 1/31/20 | | | | |
| 7/15/2020 13676 | *Ninth IFP* 2/1/20 to 5/31/20 | $1,135,049.42 | $8,460.51 | 10/26/2020 | 14925 |
| 12/04/2020 15347 | *Tenth IFP* 6/1/20 to 9/30/20 | $1,228,691.05 | $0.00 | 03/08/2021 | 15971-1 |
| 3/16/2021 16074 | *Eleventh IFP* 10/1/20 to 1/31/21 | $65,059.00 | $19.00 | 10/04/2021 | 18371-1 |
| | *Twelfth IFP* 2/1/21 to 5/31/21 | | | | |
| | *Thirteenth IFP* 6/1/21 to 9/30/21 | | | | |
| | *Fourteenth IFP* 10/1/21 to 1/31/22 | | | | |
| | *Fifteenth IFP* 2/1/22 to Plan Effective Date | | | | |
| **Total** | | **$2,428,799.47** | **$8,479.51** | | |

---

[16] Where Brattle did not file a fee application for the given Interim Fee Period, Brattle has left the line blank.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------- x

*In re*
THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et. al.*
        Debtors.[17]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly-Administered)

------------------------------------------------------------- x

*In re*
THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

   as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO

        Debtor.

PROMESA
Title III
Case No. 17-BK-03566 (LTS)

**This Application relates only to
ERS, and shall be filed in the
lead Case No. 17 BK 3283-LTS,
and ERS's Title III Case (Case
No. 17-BK-03566-LTS)**

-------------------------------------------------------------

**FINAL APPLICATION OF THE BRATTLE GROUP, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ECONOMIC CONSULTANT TO PROSKAUER ROSE LLP, AS LEGAL COUNSEL
TO AND ON BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, AS REPRESENTATIVE OF THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, FOR THE
<u>PERIOD FROM JANUARY 29, 2020 THROUGH MARCH 15, 2022</u>**

---

[17] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This is the Final Fee Application of The Brattle Group, Inc. ("Brattle"), in Case No. 17-BK-03566-LTS (the "ERS Case")[18] covering the period  from January 29, 2020, through March 15, 2022 ("Compensation Period"), seeking entry of an order allowing and ratifying all prior fee and expense requests during the period for professional services rendered as economic consultant to Proskauer Rose LLP ("Proskauer"), in its capacity as legal counsel to and acting on behalf of The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (collectively, the "Debtors") pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act,* codified in 48 U.S.C. §§ 2101-2241 ("PROMESA").

Brattle's application is submitted pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") applicable pursuant to PROMESA section 310, and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and in accordance with this Court's and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix A (the "Guidelines"), and in accordance with this Court's Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Case No. 17 BK 3283-LTS, Dkt. No. 3269] (the "Interim Compensation Order"), and the Court's Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Case No. 17 BK 3283-LTS, Dkt. No. 20245] (the "Third Interim Compensation Order").

Pursuant to Puerto Rico Recovery Accuracy in Disclosures Act (the "PRRADA") and the Court's related orders [Docket Nos. 19859, 1998-, 20419, and 20476], Brattle filed its PRRADA disclosures on May 16, 2022, June 21, 2022, and August 8, 2022 [Docket Nos. 19859, 21287, 21797].

---

[18]  This Final Fee Application solely pertains to fees and expenses incurred with respect to the ERS Case and does not address fees or expenses incurred with respect to other services performed for Proskauer in its legal representation of the Oversight Board.

In support of the Application, Brattle respectfully states:

## Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory bases for the relief requested herein are PROMESA sections 316 and 317.

## General Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under § [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer as legal counsel in connection with matters relating to and arising out of implementation of the provisions of PROMESA.  Those matters include advising and representing the Oversight Board concerning the performance of its duties and activities pursuant to PROMESA, the restructuring or adjustment of the obligations of the Debtors, and litigation arising out of any of those matters (collectively, the "Relevant Matters").

8.      On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS

Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the ERS Case.

9.      Further background information regarding the Debtors and the commencement of the ERS Case is contained in the docket for Case No. 17-BK-03566-LTS.

10.      Further Background information regarding the Debtors and the commencement of the Debtors' Title III Case is contained in the *Notice of Filing of Statement of Oversight Board in connection with PROMESA Title III Petition* [ECF No. 1, Case No. 17 BK 3283-LTS], attached to the Commonwealth of Puerto Rico's Title III petition.

### Brattle's Retention and Fee Statements During the Compensation Period

11.      Proskauer originally retained Brattle, an international economic consulting firm, pursuant to an Independent Contractor Services Agreement effective March 25, 2019 (the "Agreement"), in support of its litigation preparation on the Relevant Matters for the Oversight Board. Proskauer specifically retained Brattle in the ERS Case on January 29, 2020 under Project Assignment #2 of the Agreement.

12.      The Agreement provides that:

    a.   Proskauer's client, the Oversight Board, is solely responsible for Brattle's fees and expenses, and will compensate Brattle in accordance with the terms of the Agreement;

    b.   Brattle will charge on a time and materials basis, based on the hourly billing rates listed in the agreement as applicable to the Project Assignment #2, which rates may be revised from time to time, subject to approval by the United States District court for the District of Puerto Rico, to reflect staff promotions, conditions of the consulting labor market, and periodic increases not specific to this Project Assignment, and with all fees and expenses payable under the Agreement to be paid through the applicable PROMESA Title III proceeding; and

c.   For this project assignment, in view of the uniqueness of the engagement and the anticipated scope of services to be performed, Brattle will perform 15% of the work for Proskauer on a *pro bono* basis.

### Applications for Interim Compensation

13.     During the Compensation Period, Brattle submitted three (3) interim fee applications for this particular adversary proceeding. Each of the interim applications are incorporated herein by reference. Brattle's first interim fee application for the Ninth Interim Fee Period covered services from January 30, 2020 through May 31, 2020. Its second interim fee application for the Tenth Interim Fee Period covered services from June 1, 2020 through September 30, 2020. Its third interim fee application for the Eleventh Interim Fee Period covered services from October 1, 2020 through January 31, 2021.

14.     This is Brattle's Final Fee Application for this particular adversary proceeding and covers the period from January 29, 2020 through March 15, 2022.

### Relief Requested

15.     By this Application, Brattle seeks a final order authorizing approval and allowance of compensation for the professional services rendered and for expenses incurred for this particular adversary proceeding during the three (3) interim periods that comprise Brattle's retention.

### Location of Services Provided

16.     All fees and services during the Compensation Period for this particular adversary proceeding were rendered and incurred outside of Puerto Rico with the exception of a small number of appearances by timekeepers at meetings in Puerto Rico in 2020. Brattle incorporates its interim fee applications by reference with respect to the rendering of services in Puerto Rico.

**Summary of Professional Services Rendered
By Brattle during the Compensation Period**

17.     Brattle's services to Proskauer, as legal counsel to the Oversight Board as
representative of the Debtors in the ERS Case, were reasonable, necessary, appropriate, and
beneficial when rendered, facilitated the effective representation by Proskauer of its obligations
as legal counsel to the Oversight Board as representative of the Debtors in the ERS Case, and
were in the best interests of the Oversight Board and the Debtors' creditors, the
Commonwealth's residents, and other stakeholders. Brattle performed its professional services in
an expedient and efficient manner.  Compensation for the foregoing services as requested is
commensurate with the complexity, importance, and time-sensitive nature of the issues and tasks
involved.

18.     To provide an orderly and meaningful summary of the services rendered by
Brattle, Brattle established, in accordance with the Guidelines, a separate task code for these
services. During the Compensation Period, Brattle expended 6,850.6 hours assisting Proskauer on
matters relating to ERS Tracing, and 54.50 hours related to travel time in connection with the
case. Details of Brattle's work during this Compensation Period in furtherance of this task are
included in Brattle Monthly Fee Statements and Interim Fee Applications, and summarized as
follows:

- ERS Tracing.
  - (Fees: $2,845,224.50[19]; Hours: 6,850.6)
    - Brattle performed tasks necessary to assist Proskauer, as legal counsel to
      the Oversight Board, in rendering legal advice to the Oversight Board on
      matters relevant to ERS Tracing.
- Travel Time.
  - (Fees: $13,820.75[20]; Hours: 54.5)
    - Brattle performed necessary travel to assist Proskauer, as legal counsel to
      the Oversight Board, in rendering legal advice to the Oversight Board on
      matter relevant to the Debtor's case. In accordance with the Fee

---

[19]  Fees noted are before *pro bono* discount and do not include any adjustments agreed with the Fee Examiner following his
review of the Interim Fee Applications.

[20]  Fees noted are before *pro bono* discount and do not include any adjustments agreed with the Fee Examiner following his
review of the Interim Fee Applications.

Examiner's Interim Compensation Order, travel time was billed at half of each timekeeper's hourly rate.

### Actual and Necessary Expenses of Brattle

19.     During the compensation period, Brattle incurred a total of $8,479.51 in actual and necessary costs and expenses in connection with the services Brattle provided in the ERS case.

### Compensation Paid and its Source

20.     All services for which Brattle seeks compensation were performed on behalf of and at the direction of Proskauer, as legal counsel to the Oversight Board, representative of the Debtors in their Title III Cases to facilitate Proskauer's effective representation of the Debtors. In connection with the request covered by this Application, Brattle has received no payment and has received no promises of payment for services rendered, or to be rendered, from any source other than the Debtors. There is no agreement or understanding between Brattle and any other person for the sharing of compensation received for services rendered to Proskauer in the Debtors' Title III cases.

21.     PROMESA sections 316 and 317 provide for interim compensation of professionals and govern this Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional employed for the benefit of the Debtor or the Oversight Board under PROMESA "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA § 316(a). PROMESA section 316 also sets forth the criteria for awarding compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(1)  the time spent on such services;

(2)  the rates charged for such services;

(3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;

and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

22.      Brattle respectfully submits that the professional services rendered and the expenses incurred during the Compensation Period were necessary for and beneficial to Proskauer's effective representation of the Oversight Board on behalf of the Debtors and therefore were necessary for and beneficial to the maximization of value for all stakeholders and ultimately to the orderly administration of the Debtors' Title III Cases.  The services required experienced professionals with specialized expertise to timely and thoroughly respond to Proskauer's requests. During the Compensation Period, Brattle worked efficiently, under time constraints, to respond to Proskauer's needs.

23.      The rates of the Brattle timekeepers who performed the services were the rates Brattle charged for similar services in comparable bankruptcy and non-bankruptcy matters that commenced at the time the professional services rendered to Proskauer on behalf of the Oversight Board commenced. Such rates were reasonable given the customary rates charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national market at that time.

24.     The fees for which allowance is requested reflect that Brattle has performed 15% of the services on a *pro bono* basis.

25.     Brattle submits that allowance of the fees and expenses requested herein is reasonable and warranted in light of the nature, extent and value of Brattle's services to the Proskauer, as legal counsel to the Oversight Board, as representative of the Debtors in the ERS Case.  Proskauer has reviewed and approved this Application.

## No Previous Request

26.     No previous request for the relief sought herein has been made by Brattle to this or any other court.

## Notice

27.     Pursuant to the Third Interim Compensation Order, notice of this Application has been or will be filed in the ERS Case and the jointly-administered Commonwealth of Puerto Rico's Title III Case and served by email on:

(a) attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

(b) attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San

Juan, PR 00917, Attn: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and
Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com);

(e)  the Office of the United States Trustee for the District of Puerto Rico, Edificio
Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth
of Puerto Rico*);

(f)  attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP,
200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq.
(lucdespins@paulhastings.com);

(g)  attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago &
Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR
00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E.
Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h)  attorneys for the Official Committee of Retired Employees, Jenner & Block LLP,
1155 Avenue of the Americas, New York, NY 10036, Attn: Robert Gordon, Esq.
(rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner
& Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq.
(csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i)  attorneys for the Official Committee of Retired Employees, Bennazar, García &
Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey,
PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

(j)  the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-
4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting
(Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant
Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L.
Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy
(angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of
Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and
Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury
(Francisco.Pena@hacienda.pr.gov);

(k)  counsel to any other statutory committee appointed;

(l)  attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

(m) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).

28.  The certification required by Local Rule 2016-1(a)(4) and Rule 2016 is attached hereto as Exhibit A.

## CONCLUSION

WHEREFORE The Brattle Group, Inc. respectfully requests that the Court enter an order:

a.  allowing final compensation in an amount of $2,428,799.47 for professional services rendered and $8,479.51 in actual and necessary expenses incurred during the Compensation Period;

b.  ratifying all prior payments made; and

c.  granting Brattle such other and further relief as is just and proper.

Dated:       February 2, 2023            Respectfully Submitted,
             Boston, MA

*Barbara Levine*

Barbara Levine, General Counsel
THE BRATTLE GROUP, INC.
Independent Contractor to Proskauer Rose LLP,
legal counsel to the Financial Oversight and
Management Board, as representative of the
Debtors

One Beacon Street, Suite 2600
Boston, MA 02108
Tel: 617-864-7900
Fax: 617-507-0063
Email: barbara.levine@brattle.com

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------ x

*In re*

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et. al.*
        Debtors.[21]

------------------------------------------------------------ x

*In re*

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

    as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO

        Debtor.

------------------------------------------------------------

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III
Case No. 17-BK-03566 (LTS)

**This Application relates only to
ERS, and shall be filed in the
lead Case No. 17 BK 3283-LTS,
and ERS's Title III Case (Case
No. 17-BK-03566-LTS)**

CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT OF APPLICATION OF THE BRATTLE GROUP, INC.
AS ECONOMIC CONSULTANT TO PROSKAUER ROSE LLP, AS LEGAL COUNSEL TO AND ON
BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE OF THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

---

[21] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

I, Barbara Levine, hereby certify that:

1.      I am employed by The Brattle Group, Inc. ("Brattle") as its General Counsel, and have been designated by Brattle in respect of compliance with the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix A (the "Guidelines") and Local Rule 2016-1.

2.      I submit this certification in support of Brattle's final fee application, covering the period January 29, 2020 through March 15, 2022.

3.      Pursuant to the Guidelines and Local Rule 2016-1, I certify that:

(a)     I have read the Application;

(b)     To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expenses sought in the Application fall within the Guidelines;

(c)     The fees sought in the Application are billed at rates that are no greater than rates that were customarily employed by Brattle and generally accepted by Brattle's clients at the time the services were rendered, and that fall, to the best of my knowledge, information, and belief formed after reasonable inquiry, within the Guidelines; and

(d)     The fees sought in the Application reflect Brattle's agreement with Proskauer Rose LLP to perform 15% of the services on a *pro bono* basis; and

(e) The expenses incurred during the period reflected in the Application were reasonable and necessary.

4. I certify that Brattle has previously provided monthly fee statements and corresponding Interim Fee Applications of Brattle's fees and expenses for the period January 29, 2020 through March 15, 2022 by causing the same to be served and filed in accordance with the Interim Compensation Order (as defined in the Application).

I certify under the pains and penalties of perjury that the foregoing is true and correct.

DATED:   FEBRUARY 2, 2023
         BOSTON, MA

Barbara Levine, General Counsel
THE BRATTLE GROUP, INC.
Independent Contractor to Proskauer Rose LLP,
legal counsel to the Financial Oversight and
Management Board, as representative of the
Debtors

One Beacon Street, Suite 2600
Boston, MA 02108
Tel: 617-864-7900
Fax: 617-507-0063
Email: barbara.levine@brattle.com

# EXHIBIT B

| CUSTOMARY AND COMPARABLE COMPENSATIONS DISCLOSURES WITH FEE APPLICATIONS | | |
|---|---|---|
| | Blended Hourly Rate[22] | |
| Category of Timekeeper | BILLED OR COLLECTED for preceding year | BILLED for this particular Adversary Proceeding |
| Principal | N/A | $700.31 |
| Senior Consultant | N/A | $581.01 |
| Senior Associate | N/A | $499.66 |
| Associate | N/A | $340.00 |
| Research Analyst | N/A | $296.39 |
| Litigation Specialist | N/A | $195.00 |
| Litigation Analyst | N/A | $185.00 |

---

[22] Blended hourly rates were calculated before the 15% pro bono discount provided, and without reference to the reduced rates charged by timekeepers when they traveled (as allowed under the Fee Examiner's Interim Compensation Order).