**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**STATEMENT REGARDING AND AMENDMENT TO
MOTION OF BONISTAS DEL PATIO FOR PAYMENT OF CERTAIN
PROFESSIONAL FEES AND EXPENSES BY THE COMMONWEALTH**

To the Honorable United States District Judge Laura Taylor Swain:

Bonistas del Patio, Inc. ("Bonistas del Patio" or "Bonistas") hereby submits this Statement and Amendment to inform the Court that Bonistas del Patio and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") have reached a consensual resolution regarding the *Motion of Bonistas del Patio for Payment of Certain Professional Fees and Expenses by the Commonwealth* (Dkt. No. 22578) (the "Motion"),

---

[1] The debtors in these Title III cases, along with each debtor's respective Title III case number and the last four digits of each debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations.)

and to amend the request for relief in the Motion to reflect this consensual resolution. Bonistas respectfully states as follows:

### Statement

1. Bonistas is pleased to inform the Court that the Oversight Board and Bonistas have reached an agreement regarding the Oversight Board's concerns regarding the Motion set forth in the *Statement of the Financial Oversight and Management Board for Puerto Rico* regarding the Motion [Dkt. No. 23176] (the "Statement"). Pursuant to this agreement, Bonistas will reduce (and hereby so reduces) its request for Bonistas Expenses by 50% (in addition to the reductions already reflected in the initial request set forth in the Motion), to $1,000,000 for Davis Polk and $2,500,000 for Ducera. In light of this reduced request, we understand that the Oversight Board will be filing a statement withdrawing its Statement with respect to the Motion and supporting entry of a Proposed Order, attached as Exhibit A hereto, authorizing and directing the Commonwealth[2] to pay the Bonistas Expenses in such reduced amounts. Bonistas respectfully submits that this resolution will advance the interests of the Oversight Board, the Commonwealth, and Bonistas by eliminating the need for further litigation and the attendant risk, uncertainty, and expenses.

2. Bonistas respectfully requests that the Court enter the *Revised Proposed Order Granting the Motion of Bonistas del Patio for the Payment of Certain Professional Fees and Expenses by the Commonwealth*.

---

[2] Capitalized terms used but not defined in this Statement have the meanings given thereto in the Motion.

<table>
<tr><td>Dated: February 16, 2023<br>San Juan, Puerto Rico</td><td>Respectfully submitted,</td></tr>
<tr><td>

*/s/José L. Ramírez-Coll*
José L. Ramírez-Coll
USDC-PR Bar No. 221702
ANTONETTI, MONTALVO & RAMÍREZ-COLL
P.O. Box 13128
San Juan, PR 00908
Telephone: (787) 977-0303
Facsimile: (787) 977-0323
Email: jramirez@amrclaw.com
</td><td>

*/s/ Donald S. Bernstein*
Donald S. Bernstein (*Pro Hac Vice*)
Benjamin S. Kaminetzky (*Pro Hac Vice)*
Brian M. Resnick (*Pro Hac Vice*)
Marc J. Tobak (*Pro Hac Vice*)
Stephanie Massman (*Pro Hac Vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Email: donald.bernstein@davispolk.com
       ben.kaminetzky@davispolk.com
       brian.resnick@davispolk.com
       marc.tobak@davispolk.com
       stephanie.massman@davispolk.com
</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record. I also hereby certify that the foregoing was served pursuant to the Sixteenth Amended Notice, Case Management and Administrative Procedures Order (Docket No. 20190).

*s/José L. Ramírez-Coll*
José L. Ramirez-Coll

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## [PROPOSED] ORDER GRANTING MOTION OF BONISTAS DEL PATIO FOR THE PAYMENT OF CERTAIN PROFESSIONAL FEES AND EXPENSES BY THE COMMONWEALTH

Upon the motion (the "Motion")[2] of Bonistas del Patio, Inc. ("Bonistas del Patio") for payment of certain fees and expenses by the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 15.2 of the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Faxing Financing Corporation* (the "COFINA Plan") and as administrative expenses in the Title III case of the Commonwealth pursuant to 11 U.S.C. § 503(b), made applicable in these Title III cases pursuant to section 301(a) of PROMESA, all as more fully described in the Motion and the Declaration of Marc J. Tobak attached thereto; and this Court having found that it has jurisdiction over this matter pursuant to section 306(a) of PROMESA, that

---

[1] The debtors in these Title III cases, along with each debtor's respective Title III case number and the last four digits of each debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations.)

[2] Capitalized terms used but not defined in this Order have the meanings given thereto in the Motion.

venue is proper in this Court pursuant to section 307(a) of PROMESA, that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and that notice of the Motion is adequate and no other or further notice need be given; and this Court having reviewed the *Fee Examiner's Statement Regarding Bonistas del Patio Motion for Section 503(b) and Plan-Based Payments* [Dkt. No. 22933]; the *Declaration of Brian M. Resnick*, which was admitted into evidence in support of the Motion at the hearing of December 14, 2022 (the "December 14 Hearing"); the *Supplemental Brief of Bonistas del Patio* in support of the Motion [Dkt. No. 22177]; the *Statement of the Financial Oversight and Management Board for Puerto Rico* regarding the Motion [Dkt. No. 23176]; the *Reply Brief of Bonistas del Patio* in further support of the Motion [Dkt. No. 23200]; the *Statement of AAFAF* regarding the Motion [Dkt. No. 23444]; and the *Statement Regarding and Amendment to Motion of Bonistas del Patio for Payment of Certain Professional Fees and Expenses by the Commonwealth* [Dkt. No. [ ]] informing the Court of a consensual agreement reducing the amount of Bonistas Expenses requested in the Motion and regarding payment of the Bonistas Expenses in such reduced amount; and the *Statement of the Financial Oversight and Management Board* regarding the Motion [Dkt. No. [ ]]; and this Court having found that the legal and factual bases set forth in the Motion, the supplemental briefs regarding the Motion, and the testimony and exhibits submitted in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:[3]

1. The Motion is GRANTED as set forth herein.

2. The Commonwealth is authorized, directed, and required to pay, within ten business days after entry of this Order, (a) professional fees incurred by Davis Polk & Wardwell LLP ("Davis Polk") in the amount of $1,000,000 and (b) professional fees incurred by Ducera Partners LLC ("Ducera Partners") in the amount of $2,500,000.

3. Neither Davis Polk nor Ducera Partners are professionals retained by any Debtor or by any of the Official Committees in the Title III Cases, or by AAFAF, and the basis for payment of the Bonistas Expenses is Section 15.2 of the COFINA Plan, which provides that "all expenses . . . incurred by the Commonwealth or COFINA, as the case may be, in connection with the . . . [COFINA] Plan and the comprise and settlement of the Commonwealth-COFINA Dispute shall be paid to the extent available from funds distributable to the Commonwealth in accordance with the provisions of Sections 2.1 and 1.51 hereof and otherwise by the Commonwealth," and 11 U.S.C. § 503(b), made applicable in these Title III cases by section 301(a) of PROMESA.

4. The claims of $1,000,000 for Davis Polk and $2,500,000 for Ducera Partners are the result of an agreement reached between Bonistas del Patio, the Oversight Board, and the Commonwealth, and their entitlement to payment shall not be subject to (i) the filing of any reports, or to the submittal of certifications required for other Title III professionals or (ii) the Monthly Compensation Procedures in the *Third Amended Order Setting Procedures for Interim and Final*

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014 and PROMESA section 310. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

*Compensation and Reimbursement of Expenses of Professionals* (Case No. 17-03283, ECF No. 20546) applicable to other professionals in the Title III Cases.

5. Neither Davis Polk nor Ducera Partners shall be required to provide time records to the Commonwealth or be required to provide to the Commonwealth any schedule of hourly rates for the payment of the foregoing.

6. Notwithstanding any applicability of any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. To the extent required, the Commonwealth, AAFAF and the Oversight Board, as the Commonwealth's representative in the Title III case, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion and without further order of this Court.

8. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
       San Juan, Puerto Rico

                                                HONORABLE LAURA TAYLOR SWAIN
                                                UNITED STATES DISTRICT COURT JUDGE