# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 20873**<br><br>(Jointly Administered) |

## O'NEILL & BORGES LLC'S OPPOSITION TO "*MOTION TO DISQUALIFY THE LAW FIRM O'NEILL & BORGES, LLC FOR [PURPORTED] UNRESOLVABLE CONFLICTS OF INTEREST INCURRED IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ.*" FILED BY R&D MASTER ENTERPRISES, INC., DOCKET NO. 23285

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations; all six title III cases are referred to herein jointly as the "Title III Proceedings"). ***Notably, the Economic Development Bank for Puerto Rico is not a Title III debtor, nor a party in interest in any of the Title III Proceedings.***

i

## **Contents**

PRELIMINARY STATEMENT ................................................................................................. 1

PERTINENT PROCEDURAL BACKGROUND ........................................................................ 4

PERTINENT FACTUAL BACKGROUND ............................................................................... 4

    A.   PROMESA, the FOMB and its counsel. ......................................................................... 4

    B.   PRRADA. ......................................................................................................................... 6

    C.   R&D Master's purported grounds for disqualifying O&B as the FOMB's counsel .......... 7

ARGUMENT ............................................................................................................................... 8

    A.   This Court has already held that EDB's affairs and finances are unrelated to the Title III
Proceedings and any request for relief grounded upon or related to the EDB Agreement is
meritless. ................................................................................................................................... 8

    B.   Article III prudential standing considerations preclude consideration of R&D Master's
request. ................................................................................................................................... 10

    C.   R&D Master has failed to evince any facts that could disqualify O&B under PRRADA. 13

CONCLUSION ......................................................................................................................... 14

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 20873**<br><br>(Jointly Administered) |

**O'NEILL & BORGES LLC'S OPPOSITION TO "*MOTION TO DISQUALIFY THE LAW FIRM O'NEILL & BORGES, LLC FOR [PURPORTED] UNRESOLVABLE CONFLICTS OF INTEREST INCURRED IN VIOLATION OF THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT OF 2021, 48 U.S.C. 2101 ET SEQ.*"
FILED BY R&D MASTER ENTERPRISES, INC., DOCKET NO. 23285**

To the United States District Court, Honorable Judge Laura Taylor Swain:

O'Neill & Borges LLC ("O&B") respectfully submits this opposition to the "*Motion to Disqualify the Law Firm O'Neill & Borges, LLC For [Purported] Unresolvable Conflicts of Interest Incurred on Violation of the Puerto Rico Recovery Accuracy In Disclosures Act Of 2021, 48 U.S.C. 2101 et seq.*" (the "*Motion to Disqualify*") filed by R&D Master Enterprises, Inc. ("R&D Master") at Docket No. 23285. In support of this opposition, O&B respectfully states as follows:

**PRELIMINARY STATEMENT[2]**

As the Court may recall, R&D Master is a client of Puerto Rico bar-admitted attorney Carlos M. Lamoutte Navas, Esq. ("Attorney Lamoutte") in various local court filings challenging

---

[2] Capitalized terms used in this Preliminary Statement but not otherwise defined shall have the meanings given to them in the sections below or in O&B's earlier reactions to Attorney Lamoutte's prior outrageous filing, as mentioned in more detail in the body of this opposition.

the legality of a certain *Loan Sale Agreement* (the "EDB Agreement") by and between the Economic Development Bank for Puerto Rico ("EDB") and PR Recovery and Development JV, LLC.[3]  Attorney Lamoutte has also requested leave from the Court of Appeals for the First Circuit to appear on R&D Master's behalf at the oral argument to be had in Appeal No. 22-1342.  In that appeal, R&D Master seeks the revision of the *Opinion and Order* entered by Honorable Judge Arias Marxuach dismissing, with prejudice, its claims against the Financial Oversight and Management Board for Puerto Rico ("FOMB") and other defendants, requesting that  "the Court declare [the FOMB's] failure to evaluate [the EDB Agreement] was inconsistent with…PROMESA…."[4]  Attorney Lamoutte also previously attempted to highjack this Court's Title III proceedings via numerous court filings purportedly questioning O&B's ethical conduct and qualifications to serve as the FOMB's counsel, but with the ultimate goal of seeking that this Court declare the EDB Agreement "null and void."[5]

After this Court denied R&D Master's belated attempt to join Attorney Lamoutte's prior smear campaign against O&B,[6] R&D Master chooses to commence it anew, with the filing of its *Motion to Disqualify*.  However, rather than heed this Court's warning that its own motion must

---

[3] *See, e.g.,* R&D Master's motion to intervene in the claim entitled *Banco de Desarrollo Económico V. Garnet Capital Advisors LLC*, SJ2019CV11697, subscribed by Attorney Lamoutte at Docket No. 21096-1.

[4], *See, R&D Master Enterprises, Inc. v. FOMB*, Slip Copy 2022 WL 1092697 *1 (D.C. P.R. 2022) (appeal pending); *see, also,* **Exhibit A,** *Motion Requesting Leave of Court To File (A) Notice Of Appearance And (B) Designation Of Attorney Presenting Oral Argument at The March 9, 2023 Hearing*, dated January 26, 2023.

[5] *See, e.g.,* Docket Nos. 20873 (Attorney Lamoutte's motion to intervene and seeking to disqualify O&B), 20946 (Attorney Lamoutte's motion seeking an abbreviated briefing schedule); 21096 (Attorney Lamoutte's reply filing); 21572 (Attorney Lamoutte's objection to O&B's PRRADA disclosure statement); 21854 (Attorney Lamoutte's stricken motion regarding alleged conflictive connections); 21975 (Attorney Lamoutte's opposition to O&B's motion to strike); 219990 (Attorney Lamoutte's reconsideration motion); 22025 (Attorney Lamoutte's second motion to intervene); 22090 (Attorney Lamoutte motion to consolidate); 22320 (Attorney Lamoutte's second reply); 22401 (Attorney Lamoutte's stricken motion seeking judicial notice of certain "facts"); 22779 (Attorney Lamoutte's motion seeking discovery) 22911 (Attorney Lamoutte's reconsideration motion).

[6] *See,* Docket No. 22838.

"state fully the factual and legal bases supporting the relief sought therein," R&D Master opts to pursue the same tactics of innuendo, invective, illogical conclusions, and unsupported factual statements as to which it simply lacks any personal knowledge, to −once again− pursue its evident ultimate goal here, a declaration that the EDB Agreement is "null and void *ab initio."*[7] Similar to Attorney Lamoutte's earlier filings, his client R&D Master also chooses to utterly disregard the applicable legal scheme created by the *Puerto Rico Oversight Management and Economic Stability Act,* 48 U.S.C. §§ 2101 *et seq.* ("PROMESA"), and the subsequently enacted *Puerto Rico Recovery Accuracy in Disclosures Act* of 2021, Pub. L. 117-82 of Jan. 20, 2022, 136 Stat. 3 ("PRRADA"), to continue to slander O&B and, based upon preposterous arguments, seek relief that is unavailing to it.

Specifically, the *Motion to Disqualify* is defective as a matter of law and must be denied for various reasons. First, this Court has already held that Attorney Lamoutte's claims pertaining to the EDB Agreement are irrelevant to this PROMESA Title III case. R&D Master's repetitive arguments in that regard are insufficient to alter such conclusion. Second, R&D Master's lacks legal and/or prudential standing to seek O&B's disqualification. And finally, and more importantly, even if standing where present, R&D Master's has not alleged any facts that may even raise into question O&B's averments under penalty of perjury that it is a "disinterested person," as defined by Section 101(14) of the Bankruptcy Code, 11 U.S.C. §101(14).

Therefore, and for the reasons elaborated below, O&B respectfully asks this Court to deny the *Motion to Disqualify.*

---

[7] *See*, *Motion to Disqualify*, ¶111(c) at p. 30.

## <u>PERTINENT PROCEDURAL BACKGROUND</u>

1.       On January 19, 2023, R&D Master filed the *Motion to Disqualify* at Docket No. 23285.

2.       On January 20, 2023, the Honorable Court issued an order setting an initial briefing schedule for such motion, requiring responsive filings by February 2, 2023. Docket No. 23298.

3.       On February 1, 2023, O&B filed an urgent motion seeking an extension of time of such deadline to submit its response to the *Motion to Disqualify*.  Docket No. 23454.

4.       On February 2, 2023, R&D Master submitted its opposition to O&B's extension of time request. Docket No. 23458.

5.       On February 2, 2023, the Honorable Court issued its order granting in part O&B's request for relief, and thus, granted O&B until February 16, 2023, at 5:00 p.m., to submit this response.  Docket No. 23459.

6.       On that same date, the FOMB submitted its response to the *Motion to Disqualify*. Docket No. 23467.[8]

## <u>PERTINENT FACTUAL BACKGROUND</u>[9]

### A.  PROMESA, the FOMB and its counsel.

Upon its enactment in 2016, PROMESA, just as Chapter 9 of the Bankruptcy Code, did not incorporate Section 327 of the Bankruptcy Code, which deals with the employment of professional persons in cases filed under the Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.*  Instead,

---

[8] *See*, *Response of The Financial Oversight And Management Board For Puerto Rico To "Motion To Disqualify The Law Firm O'Neill & Borges, LLC For Unresolvable Conflicts Of Interest Incurred In Violation Of The Puerto Rico Recovery Accuracy In Disclosures Act Of 2021, 48 U.S.C. 2101 et seq."* (the "*FOMB's Response*").

[9] The *FOMB's Response* already summarizes in thorough and elaborate detail the pertinent factual background to the issue at hand, which we incorporate by reference herein to avoid repetition.  *See*, Fed. R. Civ. P. 10(c) and . L. Cv. R. 7(f). We limit our exposition here to highlighting essential matters that are critical to our line of argument below.

4

PROMESA vested the FOMB with complete autonomy to retain legal counsel. *See*, Section 108(b), 48 U.S.C. 2128. Sections 316 and 317 of PROMESA further underscore the FOMB's complete autonomy to retain counsel in connection with cases commenced under Title III of PROMESA, noting that the FOMB may retain counsel "at its sole discretion." *See*, §§ 316 and 317, 48 U.S.C. §§ 2176-77.

Pursuant to such authority, on October 20, 2016, the FOMB published a Request for Proposals ("RFP") for interested counsel to be retained as outside counsel.[10] Soon thereafter, on October 24, 2016, the FOMB issued certain qualifications to its RFP, noting that "[t]he Board recognizes that many respondents to the RFP will have some connections to the fiscal crisis and to Puerto Rico generally. The Board will have to review each situation on its own merit." *See*, Docket No. 21096-3.  In other words, upon seeking options for its legal counsel from Puerto Rico, the FOMB acknowledged that, given the nature of the expected work, it was inevitable that any qualified local counsel would have ***some connections*** to the work that would ensue.

Soon thereafter, on November 27, 2016, the FOMB announced its selection of "Proskauer Rose LLP as lead outside legal counsel, [and O&B] as outside legal counsel." *See*, Docket No. 21096-4. But, as we have explained before, the FOMB would also eventually contract with ***other*** outside counsel that could assist in matters where O&B was prevented from participating on its behalf. Specifically, even before PRRADA was enacted, the FOMB retained other Puerto Rico counsel to represent it in matters arising under Titles I, II and III when O&B has deemed that it could not ethically represent the FOMB.[11]

---

[10] See, https://drive.google.com/file/d/1McTD5d_oTbfMut6eGjUpm14xj4ElaAD4/view.

[11] *See, e.g.,* Docket No. 8016 ("*First Interim Application of Gierbolini & Carroll Law Offices, P.S.C. for Allowance of Compensation For Services rendered and Reimbursement of Expenses Incurred as Attorneys to the Financial Oversight and Management Board for Puerto Rico….*"); and Docket No. 20831 ("*Urgent Unopposed Motion Seeking*
*Cont'd. in next page…*

Among the many matters as to which O&B has **not** provided legal assistance to the FOMB are the FOMB's analysis, decisions, and actions relating to the EDB Agreement. More importantly, and as more fully elaborated below, O&B has **not** represented the FOMB in matters pertaining to any of its clients listed in the MIP List, nor has it represented such clients included in the MIP List in connection with the Title III Proceedings.

## B. PRRADA.

PRRADA was enacted six years after PROMESA and more than five years after O&B was engaged by the FOMB. PRRADA sets forth disclosure requirements "in connection with the review and approval of professional compensation …. **filed after January 20, 2022**," pursuant to sections 316 and 317 of PROMESA (*i.e.*, Title III of PROMESA). *See*, 48 U.S.C.A. § 2178(e)(2) (Westlaw through P.L. 117-80) (emphasis added). Thus, by its own terms, PRRADA applies ***solely*** to requests for compensation for services that were filed ***after*** January 20, 2022 ***and*** for services rendered in a case commenced under Title III of PROMESA. *See*, PRRADA Sections 2(b)(1) and 2(e). Under PRRADA, professionals are required to submit verified statements identifying their connection to parties identified in the List of Material Interested Parties ("MIP List").[12] Pursuant to PRRADA, the US Trustee is tasked with reviewing the verified statements submitted by professional persons and given the discretion to object to non-compliant disclosures. *See*, PRRADA, Section 2(d).

PRRADA does **not** envision or require that ***no connection whatsoever*** exist between a particular professional and the MIP List. As the Court well knows, many professionals have submitted their verified statements identifying their various connections to parties identified in the

---

*Extension of Deadline to File Verified Statement of A&S Legal Studio, PSC….*", a law firm engaged as local conflicts counsel for Oversight Board as representative of the Title III Debtors).

[12] *See*, Order approving the MIP List on March 30, 2022. Docket No. 20467.

MIP List.  Rather, the scope of PRRADA's disclosure requirement, which conforms to the requirement set forth in Bankruptcy Rule 2014(a), is designed to identify situations that **could be**, but **are not necessarily**, actual conflicts. *See, In re Granite Partners*, L.P., 219 B.R. 22, 35 (Bankr. S.D. N.Y. 1998) ("The scope of disclosure [under Rule 2014(a)] is much broader than the question of disqualification."). Thus, PRRADA authorizes the Court to deny compensation if it finds that the "disclosures" reveal that the professional seeking compensation is not a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, 11 U.S.C. §101(14). A "disinterested person" is defined by the Code, in pertinent part, as a person that "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

Thus, and in compliance with its PRRADA obligations, on July 12, 2022, O&B filed its *Verified Statement Regarding Disinterestedness of O'Neill & Borges LLC Pursuant to the Puerto Rico Recovery Accuracy in Disclosure Act*. Docket No. 21485 ("*O&B Disclosures*"). In response to questions from, and in consultation with, the United States Trustee, the *O&B Disclosures* were supplemented on August 25, 2022, Docket No. 21925, and on December 1, 2022, Docket No. 22957. In all of these filing, O&B represented under oath that O&B is a "'disinterested person' pursuant to PRRADA section 2(e)(2)(A) relative to each entity on the MIP List and does not represent or hold an adverse interest in connection with the Title III Proceedings pursuant to PRRADA section 2(e)(2)(B)." *See*, Docket No. 21485, ¶ 26.

### C.  R&D Master's purported grounds for disqualifying O&B as the FOMB's counsel

Notwithstanding such legal framework, R&D Master files its lengthy *Motion to Disqualify* O&B on the basis of essentially two unrelated grounds.  First, R&D's suppositions and unfounded allegations regarding O&B's purported role in the EDB Agreement. But, as we elaborate below,

7

the Court has already analyzed and *rejected* such line of argument. Second, R&D's suppositions and unfounded allegations regarding O&B's past and present representation of certain entities in the MIP List *in matters unrelated* to the Title III Proceedings, which representation O&B itself disclosed and clarified in its *O&B Disclosures*. As we elaborate below, even assuming that R&D Master had standing to raise such a challenge, R&D Master has failed to identify a single situation or event that implicates that O&B has ever been anything other than a "disinterested person" as defined in 11 U.S.C. § 101(14); or that O&B has ever represented or held an adverse interest in connection with the Title III Proceedings pursuant to PRRADA section 2(e)(2)(B).

## **ARGUMENT**

**A. This Court has already held that EDB's affairs and finances are unrelated to the Title III Proceedings and any request for relief grounded upon or related to the EDB Agreement is meritless.**

R&D Master affirms that the *only* basis for this Honorable Court's decision to deny a similar disqualification request for relief by Attorney Lamoutte was that he had "no standing to prosecute any conflict of interest."[13]  R&D Master conveniently obviates the fact that the Court's lengthy decision also *expressly found* that Attorney Lamoutte's "belief that the EDB's affairs and finances are subsumed in the Commonwealth's Title III Case such that his allegations about the EDB's conduct with respect to the [EDB Agreement] has any connection to the Title III Cases" *lacked any basis*.[14] Thus, in addition to Attorney Lamoutte's lack of standing grounds, the Court affirmatively denied Attorney Lamoutte's request for relief because he failed to establish that the

---

[13] *See, Motion to Disqualify* at ¶9.

[14] *See, Memorandum Order* at Docket No. 22606, p. 14.

EDB Agreement "involved or affects the Commonwealth or O&B's role as counsel to the statutory representative of the Commonwealth."[15]

As the Court may recall, O&B has already clarified *ad nauseam* that it did **not** represent the EDB's counterpart to the EDB Agreement.[16]  O'Neill & Borges LLC and the FOMB itself have also clarified that O&B "was **never asked** to and **did not** provide legal advice or any input to the Oversight Board in connection with its decision regarding whether to review the [EDB Agreement]."[17]

But more importantly, given this Court's prior holding, R&D Master's supposition that O&B's representation in matters unrelated to the Title III proceedings of any non-governmental entity that may have been involved (either directly or tangentially) in the EDB Agreement, specifically PR Recovery and Development JV, LLC, PR Recovery and Development REO, LLC, Parliament Capital Management, LLC, Parliament High Yield Fund, LLC, and Island Portfolio Services, LLC, is utterly irrelevant here.  None of those entities are listed in the MIP List approved by this Court, and the existence (or non-existence) of an attorney-client relationship between O&B and any of those entities raises no conflict considerations here. To the extent R&D Master defines the so-called "Conflict Parties" as including these entities,[18] all of the *Motion to Disqualify* allegations of purported "unresolvable and undisputed conflict of interest" are legally deficient. Similarly, all of R&D Master's lengthy speculative discussion regarding O&B's alleged role or

---

[15] *Id.* at p. 15.

[16] *See, e.g.,* Docket No. 21096 at page 13.

[17] See, Docket No. 21094 at p. 16 (emphasis added).

[18] See, *Motion to Disqualify* at ¶21.

9

representation of any party to the EDB Agreement,[19] as well as its request for relief seeking the nullification of the EDB Agreement are plainly meritless.

**B. Article III prudential standing considerations preclude consideration of R&D Master's request.**

As regards the other requests for relief asserted in the *Motion to Disqualify*, R&D Master's over-simplistic efforts to differentiate its "standing" from that of its counsel, Attorney Lamoutte, are also meritless. Specifically, R&D Master merely alleges that it has "standing" because it is "a creditor of the Commonwealth of Puerto Rico."[20] R&D Master fails to mention, though, that its claim against the Commonwealth of Puerto Rico is for the small amount of $6,162.99, as set forth in Proof of Claim 34189 ("R&D Master's POC").[21]

While R&D Master may have legal standing to assert such monetary claim, its standing to try to disqualify O&B as counsel for the FOMB in all Title III proceedings is a different matter altogether. Article III of the U.S. Constitution "confines federal courts to the adjudication of actual cases and controversies." Pagan v. Calderon, 448 F.3d 16, 27 (1st Cir. 2006). "A case or controversy exists only when the party soliciting federal court jurisdiction […] demonstrates such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." See, Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012). The injury in fact asserted by a claimant must be

---

[19] *See, Motion to Disqualify*, ¶¶24-33.

[20] *See, Motion to Disqualify* at ¶2.

[21] R&D Master's POC was originally submitted for disallowance given for R&D Master's failure to respond to "multiple mailings requesting information," which at the very least implies the claim was not of great import to the claimant. *See,* Exhibit A to the Five Hundred Sixth Omnibus Objection filed on August 5, 2022, Docket No. 21762-1, page 66 of 211. That said, per information readily available to the public, the claim is currently subject to ACR. *See,* Kroll website as of February 9, 2023, https://cases.ra.kroll.com/puertorico/Home-ClaimInfo. To avoid even the appearance of impropriety, O&B has requested from the FOMB that it be excluded from participating in any future filings or decisions pertaining to R&D Master's POC.

one that "affect[s] the [claimant] **in a personal and individual way**" that is distinct from a claimed injury to a broad group or class. <u>In re Financial Oversight and Management Board for Puerto Rico</u>, 404 F.Supp.3d 536, ... (emphasis added, citations omitted). In practical terms, this means that, as a threshold matter, a claimant in federal court must demonstrate to the Court that it has standing to bring a specific claim. <u>See</u>, <u>Warth v. Seldin</u>, 422 U.S. 490, 498–99 (1975) ("the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf") (internal quotations and citations omitted).

As this Court has noted, "[s]tanding has both constitutional and prudential dimensions." <u>See</u>, <u>Anne Catesby Jones and Jorge Valdes Llauger v. Puerto Rico Electric Power Authority</u>, 546 F.Supp.3d 141 (D. P.R. 2021). Art. III of the Constitution "requires that a plaintiff demonstrate three things to establish standing: (1) an injury in fact that is ***concrete and particularized***; (2) a causal connection between the injury and the conduct complained of; and (3) the ability of a "favorable decision" by the court to redress the plaintiff's injury. *Id.* (emphasis added; *citing* <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted)). On the other hand, "in assessing the prudential aspects of standing, the court must consider whether the plaintiffs have demonstrated that their claims are premised on their own legal rights (as opposed to those of a third party)." *Id.* (*citing* <u>Katz v. Pershing, LLC</u>, 672 F.3d 64, 72 (1st Cir. 2012)).[22]

---

[22] Here, prudential standing considerations should be heightened by the proposition that "someone extraneous to an attorney-client relationship raising the specter of a conflict of interest stemming precisely from this privity and which may result in the removal of counsel of choice raises valid and competing concerns. The risk of this mechanism being used for tactical or strategic purposes …. must be weighed by the court as well as the effect of negating chosen attorney." <u>Combustion Eng'g Caribe, Inc. v. George P. Reintjes Co.</u>, 298 F. Supp. 2d 215, 219 (D. P.R. 2003) (citations and internal quotations omitted; emphasis added).

While R&D Master may be a small creditor of the Commonwealth of Puerto Rico, R&D Master utterly fails to even discuss how the adjudication of its small monetary claim has been or will be impacted by the FOMB's decision to use O&B as one of its chosen local counsel in these proceedings and/or by O&B's representation of the purported "Conflict Parties" mentioned in its *Motion to Disqualify*. Furthermore, the alleged "Conflict Parties" R&D Master cites that are included in the MIP List (and disclosed in *O&B's Disclosures*),[23] are EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG d/b/a Naturgy, S.A. Puma Energy Caribe, LLC, AES Ilumina, LLC and AES Puerto Rico, L.P. (the "MIP Listed Entities").  All of the MIP Listed Entities are **material creditors of PREPA**, not the Commonwealth of Puerto Rico.[24]

Even if R&D Master's small role as a creditor of the Commonwealth of Puerto Rico could grant it standing to challenge the FOMB's counsel in the Commonwealth of Puerto Rico Title III proceeding, something which seems questionable here, given its ulterior motives, R&D Master is **not a PREPA creditor**. R&D Master's role as a Commonwealth of Puerto Rico creditor is insufficient to challenge counsel in the PREPA Title III proceeding as to which R&D Master has no role whatsoever.  In other words, R&D Master has failed to demonstrate that its claims are premised on its own legal rights (as opposed to those of other third parties that may have an actual interest in the PREPA Title III Proceeding). Here R&D Master's efforts to deprive the FOMB of its chosen counsel,[25] are not grounded on any impact of the challenged conduct on its own rights

---

[23] *See,* Docket No. 21485, at page 19 and 27.

[24] As mentioned above, at ¶21 of the *Motion to Disqualify*, R&D Master sets forth the list of its so called "Conflict Parties."  We have already established above that R&D Master's "Conflict Parties" list includes various entities supposedly related to the EDB Agreement which are NOT included in the MIP list.  R&D Master's list also includes one other entity that is NOT included in the MIP list, specifically, New Fortress Energy LLC d/b/a NFEnergía LLC. Because this Court has already confirmed that it is not concerned with any entity not listed in the MIP List, we do not discuss this entity any further.

[25] *See*, Sections 108(b), 316, and 317 of PROMESA.

–or even the rights of others– but rather on the improper tactical purpose of nullifying the EDB

Agreement or pressuring the FOMB to somehow intervene in its effectiveness.

**C. R&D Master has failed to evince any facts that could disqualify O&B under PRRADA.**

Yet, even assuming *arguendo* that R&D Master has standing, the *Motion to Disqualify*

must be denied because it is meritless.

As stated above, PRRADA authorizes the Court to deny compensation if it finds that the

"disclosures" reveal that the professional seeking compensation is not a "disinterested person" as

defined by Section 101(14) of the Bankruptcy Code, 11 U.S.C. §101(14). A "disinterested person"

is defined by the Code, in pertinent part, as a person that "does not have an interest materially

adverse to the interest of the estate or of any class of creditors or equity security holders, by reason

of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other

reason." The Bankruptcy Code does **not** define the phrase "interest materially adverse to the

interest of the estate." However, "[c]ourts interpret it as 'the possessing or asserting of any

economic interest that would tend to lessen the value of the bankruptcy estate or that would create

either an actual or potential dispute in which the estate is a rival claimant or possessing a

predisposition under circumstances that render such a bias against the estate real.'" *See*, In re

Costa Bonita Beach Resort Inc., 479 B.R. 14, 37 (Bankr., D. P.R. 2012) (citations omitted); *see

also*, In Re: ESJ Towers, Inc., 2022 WL 7721668 (Bankr., D. P.R. 2022) ("The Bankruptcy Code

does not define the phrase 'interest materially adverse to the interest of the estate.' However, courts

interpret it as 'the possessing or asserting of any economic interest that would tend to lessen the

value of the bankruptcy estate or that would create either an actual or potential dispute in which

the estate is a rival claimant or possessing a predisposition under circumstances that render such a

bias against the estate real.'" (citations and internal quotation marks omitted)); In re SAS AB, 645

B.R. 37, 42 (Bankr., S.D. N.Y. 2022) ("Interests are not considered to be "materially adverse"

[pursuant to 11 U.S.C. § 101(14)] just because it is possible to imagine a set of remote and unlikely circumstances that might create issues. Instead, the question to be decided by the Court is whether a given set of facts gives rise to a bias against the estate or to an economic interest that actually has a significant potential to affect the professional's loyalty, to undercut the value of the professional's services, or to give rise to a dispute in which the estate would be a rival party." (citations omitted)).

Here, O&B has already asserted under penalty of perjury that, at all times during its representation of the Oversight Board throughout these Title III Proceedings, it has been "a 'disinterested person' as defined in 11 U.S.C. § 101(14) and pursuant to PRRADA section 2(e)(2)(A), relative to the persons and entities on the MIP List . . . ." *See*, *OB Disclosures,* at ¶ 44. O&B has similarly affirmed that none of its representations of the MIP Listed Entities are "related to the Debtor's Title III Proceedings" and OB is "not adverse to the Oversight Board, as exclusive representative of the Debtors, in any such representation of [these entities]." *Id.* at ¶ 26.

R&D Master has submitted no evidence whatsoever that could even remotely challenge such concrete factual statements. It has merely called attention to the fact that O&B has represented the MIP Listed Entities **elsewhere,** something that O&B has already disclosed. R&D does not, because it cannot, identify a single instance in which O&B asserted any economic interest on behalf of those clients "that would tend to lessen the value of the bankruptcy estate."

Because R&D Master has failed to even raise the specter that O&B has ever NOT acted as a "disinterested person" in these Title III Proceedings, R&D Master's claim for relief must be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny R&D Master's *Motion to Disqualify* in its entirety.

Dated: February 16,2023
San Juan, Puerto Rico.

Respectfully submitted,

**O'NEILL & BORGES LLC**

250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:     (787) 764-8181
Fax:     (787) 753-8944

*/s/ Carla García Benítez*
Carla García Benítez
USDC No. 203708
Email: carla.garcia@oneillborges.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all

CM/ECF participants in this case.

*/s/ Carla García Benitez*
Carla García Benítez