**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---

| | |
|---|---|
| In re: | PROMESA<br>TITLE III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | |
| Debtors.[1] | |

---

**SIXTH STATUS REPORT OF THE AVOIDANCE ACTIONS TRUSTEE**
**IN CONNECTION WITH THE COURT'S AVOIDANCE ACTION PROCEDURES**

Drivetrain, LLC ("Trustee"), in its capacity as the trustee of the Commonwealth Avoidance Actions Trust, respectfully submits this sixth status report ("Sixth Status Report") in compliance with Part III of the Court's Avoidance Action Procedures [DE No. 20937, Appendix 2] ("Procedures"), and respectfully states as follows:

**RELEVANT BACKGROUND**

1. The Court's Procedures required the Trustee to file a "brief update on the status of each Avoidance Action, including (as to each such action that remains pending at such time)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK- 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

whether the parties are engaging in informal settlement discussions, the schedule established for mediation, and whether the Trustee expects the Avoidance Action to be litigated." [Procedures, DE No. 20937, Appendix 2, Pt. III, § (i)].

2. In accordance with the Procedures, the Trustee, on September 20, 2022, filed its first status report following the conclusion of the first one hundred and twenty (120) days of the Stay Period. [*See* DE No. 22331] ("First Status Report"). The Procedures require further status reports "every thirty (30) days thereafter."

3. On October 20, 2022, the Trustee filed its second status report in accordance with the Procedures. [*See* DE No. 22649] ("Second Status Report").

4. On November 18, 2022, the Trustee filed its third status report in accordance with the Procedures [*See* D.E. No. 22889] ("Third Status Report").

5. On December 19, 2022, the Trustee filed its fourth status report in accordance with the Procedures. [*See* D.E. No. 23111] ("Fourth Status Report").

6. On January 18, 2023, the Trustee filed its fifth status report in accordance with the Procedures. [*See* D.E. No. 23274] ("Fifth Status Report" and, collectively with each of the preceding reports, the "Prior Status Reports").[2]

7. Each of the Prior Status Reports has included a case update that detailed the Trustee's progress and efforts concerning undertaking informal settlement discussions and mediations in the pending Avoidance Actions.

---

[2] On February 1, 2023, the Trustee filed an Amended Fifth Status Report to clarify that with respect to Avoidance Action filed against Merck, Sharp & Dohme (I.A.), LLC, Adv. Proc. 19-00276, the Trustee is represented by Continental PPLC, and its local Puerto Rico counsel is Salichs Pou & Associates, P.S.C. In all the other Avoidance Actions the Trustee is represented by Continental PLLC, and its other local counsel is Casillas, Santiago & Torres, LLC.

2

8. The Trustee respectfully submits below its Sixth Status Report.[3]

## SIXTH STATUS REPORT

9. For the Court's reference, the Trustee respectfully notes that: (i) as with each of the Prior Status Reports, the Trustee attaches a case update to this Sixth Status Report as **Exhibit A** (the "Sixth Case Update"), and (ii) all updates within the thirty-day period since the Trustee's filing of the Fifth Status Report are emphasized using a red font in the Sixth Case Update.

Filed Avoidance Actions

10. As part of this Status Report, the Trustee summarizes certain data points contained within the attached Sixth Case Update, with a particularized emphasis on updates since the filing of the Fifth Status Report:

   a. There are fifty-two (52) Avoidance Actions that have been filed, which are subject to the Procedures.[4]

   b. The Trustee has sent each of the defendants in the Avoidance Actions multiple invitations to mediate and has continued numerous efforts to schedule mediations in Avoidance Actions that had not yet scheduled a mediation date. The Trustee's efforts to schedule mediations in each of the Avoidance Actions has included hundreds of emails to defendants and their counsel, together with numerous telephone communications.

---

[3] On November 14, 2022, the Trustee submitted an *Urgent Uncontested Omnibus Motion for Extension of Deadlines Concerning Scheduling of Mediations* [DE No. 22862 in Case No. 17- 3283] requesting that the Court extend the deadline to schedule mediation from November 21, 2022 to January 20, 2023 ("Extension Motion"). On November 15, 2022, the Court entered an Order Setting Briefing Scheduling on the Extension Motion which required that any opposition to the Extension Motion must be filed by on November 18, 2022 [DE No. 22872] ("Briefing Order"). On November 18, 2022, the Court granted the Extension Motion and extended the deadline to schedule mediation to January 20, 2023. [*See* D.E. No. 22890].

[4] Pursuant to the Court's *Order Regarding Joint Status Report* [D.E. 57 in Adv. No. 19-00187], Defendant Trinity Metal Roof and Steel Structure Corp. is now also subject to the Procedures.

3

c. Consistent with Article V(i) of the Procedures, and excluding those cases in which a notice of dismissal has been filed, the Trustee has now agreed to a date for mediation with each Avoidance Action defendant.

d. The Trustee has now submitted forty-one (41) Position Papers[5] to the Avoidance Actions defendants and will continue to submit Position Papers to each defendant in advance of scheduled mediations.

e. The Trustee has already <u>completed</u> mediation with twenty-eight (28) defendants. The Trustee reports that it has scheduled continued mediation with at least one (1) defendant in order to further negotiations and resolution of claims against that defendant. The Trustee is in the process of <u>re-scheduling</u> mediation that involves a defendant that has already completed one mediation conference.

f. The Trustee has <u>scheduled</u> an additional seventeen (17) mediations to occur, which includes an increase of two (2) additional mediations since the Fifth Status Report.

g. Since the Fifth Status Report, the Trustee has reached an agreement to settle with two (2) defendants after mediation and is working to document those settlements.

h. The Trustee reports that pursuant to the Order Lifting Stay [Dkt. No. 23522 in Case No. 17-03283-LTS, the Trustee is proceeding with litigation against three (3) Avoidance Actions.

---

[5] As the Trustee noted in the Prior Status Reports, the Trustee is continuing to provide its detailed, written position regarding the pending claims in advance of mediation as they are scheduled. These Position Papers are the result of a factual and legal analysis of the issues related to each individual claim, including consideration of any defenses raised by the defendant or tolled party.

4

    i. As part of the Trustee's ongoing effort to engage in settlement and pre-mediation communications with defendants, only one (1) defendant has elected not to mediate and has indicated it will not defend itself from those claims asserted by the Trustee. In light of this communication, the Trustee will proceed with litigation consistent with the above-referenced Order Lifting Stay.

## Tolled Claims

11. In addition to the Avoidance Actions Defendants, the Trustee continues to use the established mediation framework as an opportunity to engage with parties subject to tolling agreements ("Tolled Parties"), even though they are not subject to the Court's Order implementing the Procedures. As previously reported, the Trustee has sent several invitations to the Tolled Parties to mediation, using the same process as for the Avoidance Actions defendants, although acknowledging that participation is voluntary.

12. Mindful of the confidentiality imposed by the tolling agreements, the Trustee can report the following:

    a. The Trustee has invited one hundred percent (100%) of the Tolled Parties to mediation.

    b. Ninety-four percent (94%) have agreed to mediation.

    c. Forty-four percent (44%) have already scheduled mediation.

    d. Fifty percent (50%) are in the process of scheduling mediation.

    e. Seventy-two percent (72%) have received a Position Paper from the Trustee.

f. The Trustee has commenced an adversary proceeding against one (1) of the Tolled Parties that declined to extend a tolling agreement. *See Drivetrain LLC v. Trinity Services I, LLC, et. al.*, Case No. 2023-00002.

13. The Trustee appreciates the efforts of the defendants and their counsel who have been responsive throughout this process.

Dated this 17th day of February 2023.

Respectfully submitted by:

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com
JSuarez@continentalpllc.com
ACastaldi@continentalpllc.com

*Counsel to the Trustee*

/s/ *Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Juan C. Nieves González, Esq. (USDC-PR 231707)
**CASILLAS, SANTIAGO & TORRES LLC**
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Tel: (787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com
jnieves@cstlawpr.com

*/s/ Juan C. Salichs*
Juan C. Salichs Pou (USDC-PR No. 211610)
**SALICHS POU & ASSOCIATES, P.S.C.**
P.O. Box 195553
San Juan, Puerto Rico 00919-5553

>Tel. 787-449-6000
>Fax: 787-474-3892
>jsalichs@splawpr.com
>
>*Counsel to Drivetrain, LLC, in its capacity as the trustee of the Commonwealth Avoidance Actions Trust in Adv. Proc. 19-00276 only*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2023, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned proceeding.

>*/s/ John Arrastia*
>John Arrastia, Esq.