**Exhibit B**

SETTLEMENT AGREEMENT AND RELEASE, DATED AS OF AUGUST 26, 2022, BY AND AMONG (I) THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF PREPA, AND (II) VITOL INC.

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into and executed this 26th day of August, 2022 by and between the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[1], Vitol Inc. ("VIC") and Vitol S.A. ("VSA," and together with VIC, "Vitol"), (collectively, the "Parties").

WHEREAS, on May 23, 2018, VIC filed a proof of claim in PREPA's Title III Case[2], logged by Kroll Restructuring Administration, LLC ("Kroll") as Proof of Claim No. 14537 asserting a general, unsecured, prepetition claim against PREPA in the amount of $41,472,771.43 (the "Claim").

WHEREAS, on September 27, 2021, the Court in PREPA's Title III Case (the "Title III Court") issued an opinion and order [ECF No. 77, (the "Opinion and Order")] partially granting and partially denying the Parties' cross-motions for summary judgment in the litigation styled *PREPA v. Vitol Inc. et al.*, Adv. Proc. No. 19-00453 in Case No. 17-BK-3283-LTS, D.P.R. (the "Law 458 Action").

WHEREAS, on November 2, 2021, the Title III Court entered final judgment in favor of VIC against PREPA in the amount of $41,457,382.88 (the "Judgment") on account of the same liability asserted in the Claim. [ECF No. 82 in Adv. Proc. No. 19-00453.]

WHEREAS, the Judgment and the Claim constitute duplicative pre-petition, general unsecured claims against PREPA.

WHEREAS, on December 2, 2021, the Oversight Board, as sole Title III representative of PREPA, appealed the Opinion and Order to the First Circuit (the "Appeal"). *See Fin. Oversight Mgmt. Bd. v. Vitol S.A., et al.*, No. 21-1987 (1st Cir.).

WHEREAS, the Parties now desire to resolve fully and finally any and all disputes between or among them, known and unknown, observed or hidden, accrued and unaccrued, existing up to and including the date on which this Agreement is executed concerning the Law 458 Action.

In consideration of the covenants below, the Parties to this Agreement hereby knowingly, willingly, voluntarily, freely, with the advice of counsel and without any coercion enter into and agree, effective as of the date first written above, as follows:

1. <u>Plan Agreements</u>. From and after the date hereof, each Party shall carry out the obligations specified for it below:

    a. The Oversight Board shall cause PREPA to render its proposed plan of

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101–2241.
[2] Bankruptcy Case No. 17- BK-4780-LTS.

1

      adjustment (the "PREPA Plan") and disclosure statement for PREPA (the "Disclosure Statement") consistent with the terms herein.

b. VIC's Claim shall be deemed allowed (not subject to any challenge, objection, or revocation) in the aggregate amount of $41,457,382.88 and, on the effective date of the PREPA Plan, VIC's Claim shall be in a class in which VIC (a) shall be paid a distribution on account of the Claim that shall equal one half (50%) on a percentage basis of what the claims receive in the class of non-bond general unsecured claims not for money borrowed, and (b) shall automatically (without further documentation) receive from PREPA and grant to PREPA the respective releases set forth in section 4 below. If the PREPA Plan contains more than one class of non-bond general unsecured claims not for money borrowed, VIC will receive a distribution on account of the Claim that shall be equal to one half (50%) of the average of the percentage distributions paid to claims in such classes. For the avoidance of doubt, classes of claims for prepetition fuel lines of credit and pension-related obligations shall not be included in the calculation of such average percentage.

c. The PREPA Plan shall classify the Claim separately from other general unsecured claims against PREPA.

d. PREPA shall include Vitol as an exculpated party under any PREPA Plan, provided, however, the exculpation shall not exculpate Vitol of any claims related to the action styled *Special Claims Comm. v. Inspectorate America Corp.*, Adv. Proc. No. 19-00388 in Case No. 17-BK-3283-LTS, D.P.R.

e. Vitol shall not oppose approval of the Disclosure Statement, which Disclosure Statement shall be in form and substance consistent with this Agreement and not otherwise materially adverse to Vitol;

f. Vitol shall not oppose confirmation of the PREPA Plan, which shall have provisions relating to the treatment of the Claim reasonably acceptable to Vitol and consistent with this Agreement and not otherwise materially adverse to Vitol;

g. Upon being solicited in accordance with the provisions of PROMESA, Vitol shall submit a timely vote to accept the PREPA Plan (or any subsequent plan of adjustment consistent with and not economically or materially worse than the terms of this Agreement and not otherwise materially adverse to Vitol); and

h. Vitol shall not, nor encourage any other person to, take any action which would, or would reasonably be expected to, breach or be inconsistent with the terms herein, or impede or preclude, the filing of any PREPA Plan (or any subsequent plan of adjustment consistent with and not economically or materially worse than the terms of this Agreement and not otherwise

materially adverse to Vitol), the administration of the PREPA Plan (or any subsequent plan of adjustment consistent with and not economically or materially worse than the terms of this Agreement and not otherwise materially adverse to Vitol), entry of an order confirming the PREPA Plan (or any subsequent plan of adjustment consistent with and not economically or materially worse than the terms of this Agreement and not otherwise materially adverse to Vitol), and achievement of the effective date of the PREPA Plan; provided, however, that such documents are consistent with the terms set forth herein concerning the Claim and not otherwise materially adverse to Vitol.

2. Judgment; PREPA's Appeal. The Judgment shall remain in full force and effect. Within five (5) business days after the date hereof, PREPA shall withdraw, with prejudice, the Appeal by causing the filing in the First Circuit of the stipulation of dismissal substantially in the form attached hereto as **Exhibit A**.

3. Claim Adjustment. Within two (2) business days following entry of the stipulation of dismissal by the First Circuit in PREPA's appeal, PREPA shall notify Kroll of the fact of this Agreement, with copy to Vitol, and Kroll shall be directed to adjust the Claim on the claims register to the correct value of the Judgment in the amount of $41,457,382.88.

4. Releases.

   a. Automatically on the effective date of the PREPA Plan, Vitol (and any party claiming by, through, or under Vitol) does hereby irrevocably and unconditionally release PREPA (and all of PREPA's past and present officers, directors, employees, agents, successors, assigns, shareholders, owners, insurers, reinsurers, attorneys, purchasers and sellers, and all parent, subsidiary and affiliate entities) and the Oversight Board (and its members and executive director, its employees, and its advisors) from any and all causes of action, demands or claims, known or unknown, accrued or unaccrued, arising out of or relating in any manner whatsoever to the Law 458 Action and any and all claims, known or unknown, which were asserted or could have been asserted by Vitol in the Law 458 Action; except, however, Vitol's release does not extend to or include any claims, rights, or defenses (whether ordinary or affirmative) of Vitol related to the action styled *Special Claims Comm. v. Inspectorate America Corp.*, Adv. Proc. No. 19-00388 in Case No. 17-BK-3283-LTS, D.P.R. Vitol is not releasing under this Agreement, and instead is expressly preserving, all of its claims, rights, or defenses related to that action.

   b. Automatically on the effective date of the PREPA Plan, PREPA (and any party claiming by, through, and under PREPA) does hereby irrevocably and unconditionally release Vitol (and all of Vitol's past and present officers, directors, employees, agents, successors, assigns, shareholders, owners, insurers, reinsurers, attorneys, purchasers and sellers, and all parent, subsidiary and affiliate entities) from any and all causes of action,

3

demands or claims, known or unknown, accrued or unaccrued, arising out of or relating in any manner whatsoever to the Law 458 Action and any and all claims, known or unknown, which were asserted or could have been asserted by PREPA in the Law 458 Action. For the avoidance of doubt, PREPA's release does not extend to or include any claims, rights, or defenses of PREPA related to the action styled *Special Claims Comm. v. Inspectorate America Corp.*, Adv. Proc. No. 19-00388 in Case No. 17-BK-3283-LTS, D.P.R. PREPA is not releasing under this Agreement, and instead is expressly preserving, all of its claims, rights and/or defenses related to that action.

5. All Parties to this Agreement expressly warrant they have not in any way transferred, assigned, conveyed, mortgaged or granted any interest in the Claim or any claims being released pursuant to this Agreement and will not in any way transfer, assign, convey, mortgage or grant any interest in any such claims.

6. This Agreement constitutes the full and complete agreement between the Parties in respect of its subject matter and supersedes all other prior oral or written actions or assertions. This Agreement may not be revised, modified or revoked without the prior express written consent of all Parties to this Agreement.

7. This Agreement shall be construed in its entirety and according to its plain meaning. This Agreement shall be construed as a product of negotiations at arm's length between equally sophisticated persons advised by counsel and shall not be construed against the Party who provided or drafted the Agreement or any provision hereof.

8. No Party waives or releases any right except as expressly set forth herein.

9. Each Party shall take such actions and sign such documents as are reasonably necessary to carry out this Agreement.

10. This Agreement shall be construed, interpreted and enforced according to the laws of the state of New York.

11. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original.

12. All demands, notices, requests, consents, and other communications hereunder shall be in writing and shall be deemed to have been duly given (i) when personally delivered by courier service or messenger, (ii) upon actual receipt (as established by confirmation of receipt or otherwise) during normal business hours, otherwise on the first business day thereafter if transmitted electronically (by e-mail transmission), by facsimile or telecopier, with confirmation of receipt, or (iii) three (3) business days after being duly deposited in the mail, by certified or registered mail, postage prepaid- return receipt requested, to the following addresses, or such other addresses as may be furnished hereafter by notice in writing, to the following Parties:

     a. If to the Oversight Board or PREPA, to:

        **PROSKAUER ROSE LLP**
        Eleven Times Square
        New York, NY 10036
        Attn: Margaret A. Dale
        Email: mdale@proskauer.com
        Martin J. Bienenstock, Esq.
        Email: mbienenstock@proskauer.com

     b. If to Vitol, to:

        **SUSMAN GODFREY, LLP**
        1000 Louisiana Street, Suite 5100
        Houston, Texas 77002
        Attn: Neal S. Manne
        Email: nmanne@susmangodfrey.com
        Alexander L. Kaplan
        Email: akaplan@susmangodfrey.com
        Michael C. Kelso
        Email: mkelso@susmangodfrey.com

     13. Each person signing below represents he or she has the authority to execute this Agreement and bind the Party to the terms of this Agreement.

     14. Each Party represents that it has had an opportunity to confer with counsel of its choice prior to executing this Agreement, and that it is entering this Agreement voluntarily.

     15. The execution of this Agreement is not intended to be, nor shall it be construed as, an admission or evidence in any pending or subsequent suit, action, proceeding or dispute of any liability, wrongdoing, or obligation whatsoever (including as to the merits of any claim or defense) by any Party to any other Party with respect to any of the matters addressed in this Agreement. None of this Agreement (including the recitals and exhibits hereto), the settlement, or any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement herein shall be admissible in any proceeding for any purposes, <u>except</u> to (1) enforce the terms of this Agreement, (2) seek approval of the Disclosure Statement, and (3) seek confirmation of the PREPA Plan.

     **IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as of the date set forth above.

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**

By: *David Skeel*

Name:   David A. Skeel, Jr.

Title:   Oversight Board, Chairman

**THE PUERTO RICO ELECTRIC POWER AUTHORITY**

By: Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto Rico Electric Power Authority

By: *David Skeel*

Name:   David A. Skeel, Jr.

Title:   Oversight Board, Chairman

**VITOL INC.**

By: _____

Name:   Richard J. Evans

Title:   SVP & CFO

**VITOL S.A.**

By: _____

Name:   Gerald Delsad

Title:   Managing Director

6

**FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO**

By: _____

Name: ___David A. Skeel, Jr.___

Title: ___Oversight Board, Chairman___


**THE PUERTO RICO ELECTRIC
POWER AUTHORITY**

By: Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto Rico Electric Power Authority

By: _____

Name: ___David A. Skeel, Jr.___

Title: ___Oversight Board, Chairman___


**VITOL INC.**

By: _____

Name: ___Richard J. Evans___

Title: ___SVP & CFO___


**VITOL S.A.**

By: _____

Name: ___Gerald Delsad___

Title: ___Managing Director___

6

# **Exhibit A**

# United States Court of Appeals
## For the First Circuit

No. 21-1987

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY

Debtors.

------------------------------------------------------------------------------------

THE FINANCIAL OVERSIGHT AND MANGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY

Plaintiff – Appellant,

v.

VITOL S.A.; VITOL, INC.,

Defendants – Appellees.

---

## STIPULATION OF DISMISSAL WITH PREJUDICE
---

Pursuant to Federal Rule of Appellate Procedure 42(b), IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that this appeal be and hereby is voluntarily dismissed in its entirety with prejudice. Each party shall bear its own attorneys' fees and costs.

| | |
|---|---|
| Dated: August [XX], 2022 | Respectfully submitted, |
| | /s/ DRAFT |
| TIMOTHY W. MUNGOVAN<br>JOHN E. ROBERTS<br>LAURA E. STAFFORD<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA 02110<br>Tel: (617) 526-9600<br>tmungovan@proskauer.com<br>jroberts@proskauer.com<br>lstafford@proskauer.com | MARTIN J. BIENENSTOCK<br>MARK D. HARRIS<br>MARGARET A. DALE<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>mbienenstock@proskauer.com<br>mharris@proskauer.com<br>mdale@proskauer.com |
| JOSEPH S. HARTUNIAN<br>PROSKAUER ROSE LLP<br>1001 Pennsylvania Ave. N.W.<br>Suite 600 South<br>Washington, D.C. 20004<br>jhartunian@proskauer.com | LARY ALAN RAPPAPORT<br>PROSKAUER ROSE LLP<br>2029 Century Park East<br>Suite 2400<br>Los Angeles, CA 90067<br>lrappaport@proskauer.com |

*Counsel to The Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto Rico Electric Power Authority*

| | |
|---|---|
| | /s/ DRAFT |
| EDUARDO A. ZAYAS-MARXUACH<br>MCCONNELL VALDÉS LLC<br>270 Munos Rivera Avenue<br>Hato Rey, Puerto Rico 00918<br>P.O. Box 364225<br>San Juan, Puerto Rico 00936<br>Tel: (787) 250-5608<br>ezm@mcvpr.com<br><br>*Counsel for Vitol Inc.* | MICHAEL C. KELSO<br>NEAL S. MANNE<br>ALEXANDER L. KAPLAN<br>WESTON L. O'BLACK<br>FLORENCE T. CHEN<br>SUSMAN GODFREY, LLP<br>1000 Louisianne Street<br>Suite 5100<br>Houston, TX 77002<br>Tel: (713) 651-9366<br>mkelso@susmangodfrey.com |

3

| | |
|---|---|
| ANDRES W. LOPEZ<br>THE LAW OFFICES OF ANDRES W. LOPEZ, P.S.C.<br>P.O. Box 13909<br>San Juan, Puerto Rico 00908<br>andres@awllaw.com<br><br>*Counsel for Vitol S.A.* | nmanne@susmangodfrey.com<br>akaplan@susmangodfrey.com<br>woblack@susmangodfrey.com<br>fchen@susmangodfrey.com<br><br>*Counsel for Vitol Inc.* |

4

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 32(g), the undersigned counsel certifies that this document complies as follows:

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 48 words.

2. The document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font. As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated: August [XX], 2022

/s/ *DRAFT*
Timothy W. Mungovan

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system, which electronically served a copy on all counsel of record.

Dated: August [XX], 2022August 23, 2022

/s/ DRAFT
Timothy W. Mungovan