# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

### RESPONSE TO INFORMATIVE MOTION OF THE AD HOC GROUP OF PREPA BONDHOLDERS, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND SYNCORA GUARANTEE, INC. CONCERNING THE <u>GOVERNMENT PARTIES' REFUSAL TO COMMENCE PLAN DISCOVERY</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response (the "Response") to the *Informative Motion of the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee, Inc. Concerning the Government Parties' Refusal to Commence Plan Discovery* [ECF No. 23554] (the "Informative Motion") to clarify and respond to certain statements in the Informative Motion. In support of this Response, the Debtor respectfully states as follows:[3]

1. The Informative Motion lodged by the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee, Inc. (collectively, "Movants") purports to "inform" the Court of the Oversight Board's response to discovery demands served by Movants on January 23, 2023—over one month before the Court is scheduled to hear argument on the Oversight Board's motion to establish global confirmation discovery procedures for PREPA's plan confirmation process. But, the Informative Motion is rife with factual inaccuracies and misrepresentations. For example, it ignores the fact that the Court established the July deadline for a confirmation hearing in this case, and that the Oversight Board's proposed global confirmation discovery procedures are consistent with this Court's prior orders and prior practice. And although Movants contend the discovery they seek is necessary

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used in the Response but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Puerto Rico Electric Power Authority for Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 23100] (the "Procedures Motion").

for them to oppose confirmation of PREPA's Plan, their actual requests are exceedingly broad and are not targeted to discovery of information relevant to confirmation. Moreover, the Oversight Board's response to Movants' improper and untimely requests for confirmation-related discovery[4] is aimed at creating and maintaining an orderly process for all stakeholders – not just the Movants – to evaluate materials in connection with the Plan that is currently on file. By filing the Informative Motion, Movants attempted to demean the Oversight Board and to proceed in a self-serving manner that would needlessly delay PREPA's ability to exit its Title III case.

2. First, Movants assert "the Oversight Board has proposed a deadline of July for a confirmation hearing," Informative Motion ¶ 2, and therefore, all manner of disruption to the proposed confirmation schedule will occur if their (overbroad and unduly burdensome) discovery requests are not immediately complied with. Movants are incorrect: the Oversight Board did not "bl[ow] off" Movants' outreach. *Id.* ¶ 6. Rather, as the Oversight Board explained in its letter response to Movants, it is not productive for the Oversight Board to waste precious resources responding to Movants' patently inappropriate discovery requests on an arbitrary timetable that Movants seek to unilaterally impose. Perhaps realizing they have no valid confirmation objections and likely have no recourse for their unsecured claims, Movants used the Informative Motion as another attempt to attack the Oversight Board's good faith. But, the Oversight Board works tirelessly, for no compensation, to carry out its statutory duty to restore fiscal responsibility and market access at reasonable rates. Conversely, Movants' goal is to push the Oversight Board to

---

[4] *See* Movants' January 23, 2023, requests for depositions and document productions at Exhibit A to the Informative Motion (the "Requests").

cause PREPA to incur more and more debt to be repaid by hiking rates on Puerto Rico's people, with each dollar of new debt undermining fiscal responsibility and market access.

3. As the Court is aware, *the Court* required the Oversight Board to propose a litigation schedule that would lead to a deadline for a confirmation hearing in July 2023. During the omnibus hearing on September 28, 2022, the Court directed the Oversight Board to file a disclosure statement and proposed plan of adjustment by December 1, 2022, accompanied by a motion seeking adoption of a proposed schedule that contemplated a confirmation hearing in June 2023. [ECF No. 22417 at 23:1-15.] This order was made upon the Court's consideration of, among other things, Movants' proposed schedule to require the Oversight Board to file a proposed plan of adjustment no later than November 1, 2022, and confirmation of that plan at a hearing no later than *May 1, 2023*.[5] The Court subsequently granted extensions of the deadlines for the Oversight Board to file a proposed plan of adjustment and confirmation schedule [ECF No. 22954, 23034, 23069]. In connection with those extensions, the Court's orders provided the Oversight Board's proposed litigation schedule should contemplate a confirmation hearing in July 2023 [ECF No. 23034]. In compliance with the Court's order, on December 16, 2022, the Oversight Board filed its proposed plan of adjustment [ECF No. 23094] (the "Plan")[6] together with a Procedures Motion [ECF No. 23100] proposing a global confirmation discovery process and confirmation hearing dates in July 2023. Procedures Motion ¶ 34.

---

[5] *See Response by the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Syncora Guarantee Inc. to the Oversight Board's Urgent Motion to Set a Litigation Schedule, and Urgent Cross-Motion to Establish a Case Schedule and Impose Deadlines for a PREPA Plan of Adjustment* [ECF No. 22286], ¶ 10.

[6] The term also refers to the Plan as the same may be further amended, modified, or supplemented from time to time before the close of the Plan confirmation hearing. On February 9, 2023, the Oversight Board filed an amended version of the Plan [ECF No. 23506].

3

4. The Oversight Board's proposed timetable, which provides for a seven-month period between the filing of the Plan and a confirmation hearing, Procedures Motion ¶ 34, is consistent with the Court's direction, and actually affords more time than Movants' original six-month proposal for litigation regarding Plan confirmation.

5. Second, Movants contend their discovery requests are nevertheless appropriate because the Procedures Motion proposal does not purport to establish start dates for Plan confirmation discovery, only deadlines. Informative Motion ¶ 7. But, the Procedures Motion – as well as past practice in the Commonwealth and HTA plan of adjustment confirmation proceedings – demonstrates a need to have distinct phases for litigation relating to the disclosure statement and plan confirmation. Movants' proposal to begin confirmation discovery before a disclosure statement has been approved by the Court is inconsistent with past practice. Indeed, in connection with the Commonwealth's confirmation proceedings, Magistrate Judge Dein noted the distinction between disclosure-statement discovery and plan-confirmation discovery and reserved confirmation discovery until after approval of the proposed disclosure statement. During litigation on the disclosure statement for the Commonwealth, certain bondholders served document requests on the Oversight Board, many of which were "directed to challenges to confirmability of the proposed Plan." *See Memorandum of Decision and Order on Urgent Motion of Ambac Assurance Corporation and Financial Guaranty Insurance Company to Compel Discovery from Government Parties in Connection with the Disclosure Statement* [Case No. 17-bk-3283, ECF No. 17058] (the "Disclosure Statement Discovery Order") at *8. The Court denied those document requests, noting the arguments underlying the requests were appropriate "at the confirmation stage, and not in connection with challenges to the Disclosure Statement."[7] *Id*. at *8.

---

[7] Specifically, the Court cited *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 148 (3d Cir. 2012) ("Ordinarily, confirmation issues are reserved for the confirmation hearing, and not addressed at the disclosure statement stage.") and *In re Scioto*

4

6. Third, the Informative Motion completely disregards the need to establish a global confirmation discovery process for all creditors who participate in discovery, not just Movants – as recognized in the Disclosure Statement Discovery Order. Global confirmation discovery procedures will enable PREPA to provide access to relevant information through an efficient, streamlined process that will conserve the resources of the parties and the Court. Setting a uniform set of global discovery procedures will minimize unnecessary duplication and expense on document productions and depositions, without prejudicing any parties' rights. As Magistrate Judge Dein noted, "[t]he distinction between discovery related to the Disclosure Statement and plan confirmation discovery is particularly appropriate in the instant case, where there will be a large number of creditors who will need access to the plan confirmation discovery so that coordinated efforts will be needed, and it is likely that such discovery will begin soon." *Id.* \*9. That is exactly the case here. The Procedures Motion proposes that as soon as the Court approves the procedures described therein, the Disclosure Statement Depository will be converted to a Plan Depository, and Plan confirmation discovery commences as soon as parties in interest timely file a Discovery Notice. Procedures Motion ¶ 34. Allowing confirmation related discovery to begin now would be prejudicial to other creditors and stakeholders in PREPA's Title III case and would be contrary to the need for an orderly confirmation process. As Movants acknowledge, "[a]ll stakeholders in this process—including the Government Parties, employees, creditors, the federal government . . . and, most importantly, the Commonwealth's residents—should be aligned in wanting a fully transparent and data-oriented process so that the outcome of these proceedings are considered legitimate by everyone affected." Informative Motion ¶ 3.

---

*Valley Mortg. Co.*, 88 B.R. 168, 172 (Bankr. S.D. Ohio 1988) ("If creditors oppose their treatment in the plan, but the Disclosure Statement contains adequate information, issues respecting the plan's confirmability will await the hearing on confirmation."). *See* Disclosure Statement Discovery Order at \*7.

5

7. Fourth, the need for a uniform set of global discovery procedures is evidenced by Movants' premature requests for documents and depositions, which themselves demonstrate the risk of overly duplicative, burdensome and prejudicial discovery occurring outside the discovery process proposed by the Oversight Board. *See* Requests at Exhibit A to the Informative Motion. Contrary to Movants' contentions that their Requests go to "fact-intensive, fundamental questions about PREPA's true financial condition," Informative Motion ¶ 2, Movants' requests do nothing to advance adjudication of whether the Plan is confirmable. For example, the scope of Movants' requests goes as far back as from January 1, 2013 to the present (a period spanning <u>more than a decade, and four years before PREPA even entered Title III</u>), or even earlier.[8] *See* Requests at 16, ¶ 15. Similarly, Movants seek deposition of, among others, every member of the Oversight Board, without attempting to justify such duplicative and unnecessary depositions. Requests at 3.

8. The Requests also seek patently irrelevant and/or privileged material including, but not limited to: (a) all Documents concerning any "contemplated, or rejected change in PREPA's electricity rates . . . or rate structure" (at 17, ¶ 3); (b) all Documents "concerning the actual or potential termination of the 2019 RSA" (at 18, ¶ 4); (c) all Documents concerning any "contemplated negotiations, restructuring support agreement, plan support agreement, or other agreement" between certain parties (at 18, ¶ 5); and (d) all Documents concerning contemplated public-private partnership agreements related to PREPA (at 24, ¶ 33). The topics of these requests are in no way related to whether the Plan currently on file meets the relevant criteria set out in PROMESA § 314(b) or the incorporated provisions of the Bankruptcy Code.[9]

---

[8] The Requests potentially apply to any and all Documents and Communications (as defined in the Requests at 8) that were generated prior to January 1, 2013, if they "related to that period." *See* Requests at 16, ¶ 15.

[9] Movants also seek to bypass the confidentiality and privilege afforded in mediation by requesting "any Documents provided to Bondholders pursuant to any mediation relating to PREPA's Title III case, including in response to diligence requests." Requests at 24, ¶ 34. Although Movants already were provided such information due to their

9. Notably, the Oversight Board already has made available more than 3,000 pages of documents in the Disclosure Statement Depository, including relevant factual source material and data that has been made available to Movants in mediation, and there is little debate that Movants have undertaken their own detailed analyses, in large part, based on this material.

10. The Oversight Board's goal remains to provide relevant information necessary for Plan confirmation in an orderly, efficient manner to all parties who timely participate in the Plan confirmation discovery procedures, and in a process the Court determines to be fair. The Oversight Board has been diligently working on identifying and collecting additional materials relevant and necessary for confirmation, and is prepared to work in good faith to meet the confirmation schedule approved by the Court.

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record.

Dated: February 21, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax. N/A
dvelawoffices@gmail.com

Of Counsel for A&S Legal Studio, PSC
434 Avenida Hostos
San Juan, PR 00918

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
Elliot R. Stevens
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

---

participation in mediation, production in response to this discovery request improperly seeks to require the Oversight Board to waive mediation privilege and confidentiality.

Tel (787) 751-6764/763-0565
Fax (787) 763-8260

*Co-Attorney for the Financial Oversight and Management Board as Representative for PREPA*

Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
mmervis@proskauer.com
ddesatnik@proskauer.com
estevens@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for PREPA*