UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 23456 |

### STATUS REPORT OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REGARDING CERTAIN CLAIMS FILED BY JOSUÉ TORRES SANTIAGO

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1. On January 9, 2023, Josué Torres Santiago ("Mr. Torres Santiago") filed two motions, each titled *Motion under the Promise Law; on Request for Authorization for the continuation of Claim Procedures against the debtors of the Case in question* [ECF No. 23219] (the "First January 9 Motion"), [ECF No. 23220] (the "Second January 9 Motion, and together with the First January 9 Motion, the "January 9 Motions"). The First January 9 Motion requests "authorization to continue the Claim procedures against the debtors in Case No. '2016-cv-3189-PAD,'" and the Second January 9 Motion requests the same authorization with respect to Case No. "315-CV-1840-JAG."

2. On January 11, 2023, the Court issued its *Order Concerning Motions Filed by Josué Torres Santiago* [ECF No. 23237] (the "Order"). Therein, the Court observed that the January 9 Motions "appear to seek information concerning the status of [Mr. Torres Santiago's] claims against the Title III Debtors arising out of the proceedings captioned Josue Torres-Santiago v. Administracion de Correccion y Rehabilitacion, et al., Civ. No. 16-cv-3189 (D.P.R.) and Josue Torres-Santiago v. Deparatmento de Correccion de Puerto Rico, et al., Civ. No. 15-cv-1840 (D.P.R.)" (respectively, the "First Torres-Santiago Civil Case" and the "Second Torres-Santiago Civil Case"), and directed the Oversight Board to file a status report on or before February 21, 2023 "concerning any claims that Mr. [Torres] Santiago has filed in the above-captioned Title III cases" in connection with the Torres-Santiago Civil Cases. Order at 1.

3. On January 31, 2023, Mr. Torres Santiago filed a handwritten motion entitled *Motion Under the PROMISE Law; on Request for Authorization of Claim Procedures against The debtors of the case in question* [ECF No. 23456] (the "January 31 Motion")[3]. The January 31

---

[3] The January 31 Motion was docketed as a motion to lift the stay. To the extent the Motion does in fact request stay relief pursuant to 11 U.S.C. § 362, any such request for relief is governed by the lift stay protocol in this Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1]. The Motions do not comply with that protocol

Motion references Case No. "JDP-2016-0067" (the "Third Torres-Santiago Civil Case", and together with the First Torres-Santiago Civil Case and the Second Torres-Santiago Civil Case, the "Torres-Santiago Civil Cases"), which Mr. Torres Santiago states "was paralyzed due to" PROMESA. January 31 Motion at 1. As of the date of the filing of this Status Report, no briefing schedule has been set for the January 31 Motion. Consistent with the Order, however, the Oversight Board hereby informs the Court and Mr. Torres Santiago of the status of reconciliation of claims asserting the three Torres-Santiago Civil Cases.

4. On May 8, 2018, Mr. Torres Santiago filed, *inter alia*, three proofs of claim: (1) Proof of Claim No. 12270 (the "First Torres Santiago Claim"), asserting liabilities in the amount of $500,000 associated with the First Torres-Santiago Civil Case, (2) Proof of Claim No. 12478 (the "Second Torres Santiago Claim"), asserting $450,000 in liabilities associated with the Second Torres-Santiago Civil Case, and (3) Proof of Claim No. 12301 (the "Third Torres Santiago Claim"), asserting $800,000 in liabilities associated with, *inter alia*, the Third Torres-Santiago Civil Case.

5. The complaint in the First Torres-Santiago Civil Case was filed against, *inter alia*, the Department of Corrections and Rehabilitation ("DCR"), purportedly pursuant to 42 U.S.C. § 1983. [Case No. 16-cv-3189, ECF No. 1]. The complaint consists of a list of cases previously filed by Mr. Torres Santiago in the Commonwealth courts, which allege, *inter alia*, denial of certain health services, denial of health protective equipment at work, failure to provide lunch on certain days, and discriminatory denial of participation in certain programs provided by the correctional center. *Id.* DCR moved to dismiss the case, [Case No. 16-cv-3189, ECF No. 14], but,

---

because, *inter alia*, they do not include the required certification that Mr. Torres Santiago met and conferred with the Commonwealth regarding the requested relief.

3

the case was stayed before that motion could be adjudicated. [Case No. 16-cv-3189, ECF Nos. 33, 34]. The Oversight Board is evaluating whether the First Torres Santiago Claim, which asserts the First Torres-Santiago Civil Case, is best resolved via settlement or objection.

6. The Second Torres-Santiago Civil Case seeks monetary compensation pursuant to 42 U.S.C. § 1983 from the DCR, as well as several officers in their individual and official capacities, for alleged damages arising from alleged overcrowding and other adverse prison conditions, including alleged unsafe prison work detail conditions. [Case No. 15-cv-1840, ECF No. 1]. The DCR and the individual defendants moved to dismiss. [Case No. 15-cv-1840, ECF Nos. 30, 31]. Mr. Torres Santiago did not respond to the motions to dismiss, which were referred to a magistrate judge for report and recommendation. [Case No. 15-cv-1840, ECF Nos. 37, 38]. Shortly thereafter, the Commonwealth filed its Title III petition, and the case was thereby stayed. The Oversight Board is currently evaluating whether the Second Torres Santiago Claim, which asserts liabilities associated with the Second Torres-Santiago Civil Case, is best resolved by settlement, objection, or whether it should be liquidated, and if so, how.

7. The Third Torres Santiago Civil Case is a tort case filed against the Puerto Rico Police Department and certain officers of the department in their personal capacities. Therein, Mr. Torres Santiago asserts that a photo originally taken by the Puerto Rico Police Department appeared in a news program without his permission. The case was in its preliminary stages when it was stayed pursuant to the filing of the Commonwealth's Title III petition, and, accordingly, no discovery has been taken to date. The Oversight Board is currently evaluating whether the Third Torres Santiago Claim, which asserts liabilities associated with the Third Torres-Santiago Civil Case, is best resolved by settlement, objection, or whether it should be liquidated, and if so, how.

| | |
|---|---|
| Dated: February 21, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel:  (787) 764-8181<br>Fax:  (787) 753-8944<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel:  (212) 969-3000<br>Fax:  (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative of the Debtor* |