UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

<u>ORDER DENYING MOTION FOR RECONSIDERATION UNDER BANKRUPTCY RULE 9023</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Court has received and reviewed the *Motion for Reconsideration Under Bankruptcy Rule 9023* (Docket Entry No. 23058 in Case No. 17-3283)[2] (the "Reconsideration Motion"), filed by Pedro José Nazario Serrano, Joel Rivera Morales, María de Lourdes Gómez Pérez, Héctor Cruz Villanueva, Lourdes Rodríguez, and Luis M. Jordán Rivera, and Juanita Sosa Pérez (collectively, the "Movants"). The Motion seeks reconsideration of this Court's *Memorandum Opinion and Order Granting the Motion to Enforce the Plan* (Docket Entry No. 22927 in Case No. 17-3283; Docket Entry No. 1386 in Case No. 17-3566) (the "Memorandum Order").[3] The Memorandum Order granted *UBS Financial Services Incorporated of Puerto Rico's Motion to Enforce the Plan of Adjustment and for Related Injunctive Relief* (Docket Entry No. 21651 in Case No. 17-3283 and Docket Entry No. 1364 in Case No. 17-3566, the "Motion to Enforce the Plan"), filed by UBS Financial Services Incorporated of Puerto Rico ("UBS"). The Motion to Enforce the Plan sought to enforce the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al.* (Docket Entry No. 19784) (the "Plan") by requesting an order prohibiting Movants and the Employees' Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") from prosecuting certain claims in the pending action captioned <u>Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Financial Services Inc. of Puerto Rico</u>, Civ. No. KAC-2011-1067 (the "Commonwealth Action"). (Mot. to Enforce ¶¶ 1, 47.) The Court has considered carefully all the parties' submissions.[4] For the following reasons the Motion is denied.

---

[2] All docket entry references are to entries in Case No. 17-3283.

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Memorandum Order.

[4] The written submissions comprise the *UBS Financial Services Incorporated of Puerto*

Case:17-03283-LTS Doc#:23699-2 Filed:01/26/23 Entered:01/26/23 17:44:01 Desc: Main
Appendix Order Denying Motion for Reconsideration Page 3 of 7

Case:17-03283-LTS Doc#:23394 Filed:01/26/23 Entered:01/26/23 17:44:01 Desc: Main
Document Page 3 of 8

## Discussion

A party seeking relief under Rule 59(e)[5] must: (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Lopez Jimenez v. Pabon Rodriguez (In re Pabon Rodriguez), 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd sub nom. Lopez Jimenez v. Lee (In re Pabon Rodriguez), 17 F. App'x 5 (1st Cir. 2001). Accordingly, a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir.

---

*Rico's Opposition to Motion for Reconsideration under Bankruptcy Rule 9023* (Docket Entry No. 23175), filed by UBS; *Response of the Avoidance Actions Trustee to the Motion for Reconsideration [DE 23058] of the ERS Beneficiaries* (Docket Entry No. 23165), filed by Drivetrain, LLC (the "Avoidance Actions Trustee"); *Joinder of the Official Committee of Unsecured Creditors to the Response Of The Avoidance Actions Trustee to the Motion for Reconsideration of the ERS Beneficiaries* (Docket Entry No. 23166), filed by the Official Committee of Unsecured Creditors; and *Consolidated Reply to Docket Numbers 23165, 23166 and 23175* (Docket Entry No. 23194), filed by the Movants.

[5] Rule 59(e) is made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 9023. The Federal Rules of Bankruptcy Procedure are made applicable in these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2170 et seq. The outcome of the instant contested matter would, however, be the same under the standard applicable to a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 9024. See Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006).

2015) (citation and internal quotation marks omitted). Pertinently, a party's disagreement with the court's decision and desire to have the court "rethink its holding" are not grounds for reconsideration. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009).

The Reconsideration Motion challenges the Court's exercise of authority pursuant to section 105(a) of the Bankruptcy Code to enjoin the prosecution of the Commonwealth Action. Movants argue that the tort claims that they have asserted against UBS pursuant to section 1802 of the Puerto Rico Civil Code (31 L.P.R.A. § 5141) ("Article 1802") are not derivative in nature, and thus are not owned by ERS. (See Mot. at 3-4, 8.) Movants also contend that the relief sought in the Commonwealth Action (damages for economic injury sustained by individual plaintiffs) is distinct from the relief sought by the Avoidance Actions Trustee through the Underwriter Action (disgorgement of underwriting fees). (See Mot. at 6-7.) Finally, Movants contend that the Memorandum Order constitutes a "judicial taking" of the Movants' individual causes of actions. (See Mot. at 7.)

In its decision, the Court held that the Movants' asserted claims against UBS, based on UBS' business dealings with ERS, are derivative of claims owned by ERS. (Mem. Ord. at 7-11.) The Court held that the Avoidance Actions Trustee, pursuant to section 78.6 of the Plan, is granted exclusive authority to prosecute, settle, or abandon claims on behalf of Avoidance Actions Trust (including claims asserted by ERS to recover damages from UBS through the Underwriter Action). (See Mem. Ord. at 13.) The Court also determined that the continued parallel litigation of the derivative claims by the Movants would infringe on the Avoidance Actions Trustee's "ability to exercise litigation control and resolve the Underwriter Action." (Mem. Ord. 14.)

Movants' arguments do not establish a basis for reconsideration. First, the Memorandum Order carefully addressed and rejected Movants' assertion that they are entitled to recover damages from UBS pursuant to Article 1802, including the argument that Movants' tort claims are not derivative claims, and the Court concluded that the damages claimed by Movants are a "secondary harm" flowing from UBS's contractual relationship with ERS. (See Mem. Ord. at 11.) The Movants' attempt to distinguish the relief sought in the Underwriter Action from the relief sought in the Commonwealth Action is misplaced. As discussed at length in the Memorandum Order, the claims Movants seek to prosecute through the Commonwealth Action that are based on business dealings between UBS and ERS are derivative of claims owned by ERS. The Court held that the Avoidance Actions Trustee has authority to prosecute claims on behalf of ERS "to recover monetary awards for the benefit of the Avoidance Actions Trust." (Mem. Ord. at 13.) Thus, Movants have not identified any facts overlooked by this Court nor identified any law that was not previously examined by this Court regarding the Movants' derivative claims or interpretation of the Plan provisions related to the Avoidance Actions Trustee.

Second, Movants' new argument that enjoining prosecution of the Commonwealth Action constitutes a "judicial taking" lacks merit. Through the Motion to Enforce the Plan, UBS, in its role as an underwriter and investment advisor to ERS (a Title III debtor), sought an order to enjoin the prosecution of the Commonwealth Action against UBS pursuant to sections 78 and 91.1(g) of the Plan, arguing that the underlying claims belonged to ERS rather than to individual beneficiaries. (See Mem. Ord. at 6.) The crux of the dispute between the parties in this contested matter was competing claims regarding ownership, which the Court resolved in favor of ownership by ERS and its successor in interest. The Court did not

deprive the ERS Beneficiaries of any rights that had belonged to them. The Memorandum Order simply resolved the dispute between UBS and Movants, concluding that Movants had received bargained-for treatment of their ERS pension benefit rights under the terms of the Plan and that their claims against ERS have been discharged. (See Mem. Ord. at 6.) The resolution of the dispute concerning rights under the Plan cannot be a taking within the meaning of the Fifth Amendment. See In re Lazy Days' RV Center Inc. et. al., 724 F.3d 418, 425 (3d Cir. 2013) (noting that, in the context of bankruptcy, the adjudication of "disputed and competing claims" under a settlement agreement cannot be a taking). Also, Movants' argument concerning a judicial taking was raised for the first time in the Reconsideration Motion, warranting its rejection for that reason alone. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 189-90 (1st Cir. 2004) ("[P]arties cannot use Rule 59(e) motions to raise new arguments that could have been made before judgment issued or to undo their own procedural failures."); see also Vega v. Hernandez, 381 F. Supp. 2d 31, 35 (D.P.R. 2005) (noting that motions for reconsideration are not vehicles for the presentation of new theories).

## CONCLUSION

Movants have failed to establish that the Court made a manifest error of law or fact. Moreover, Movants have not identified any intervening change in controlling law since the Court made its decision, nor do Movants refer to any previously unavailable or newly discovered facts that would affect the Court's legal conclusions underlying the decision. Accordingly, the Reconsideration Motion is denied.

This Order resolves Docket Entry No. 23058 in Case No. 17-3283.

SO ORDERED.

Dated: January 26, 2023

                                                                /s/ Laura Taylor Swain
                                                              LAURA TAYLOR SWAIN
                                                               United States District Judge

## Patricia Ochart

| | |
|---|---|
| **From:** | Harold Vicente |
| **Sent:** | Thursday, January 26, 2023 6:07 PM |
| **To:** | Patricia Ochart |
| **Subject:** | Fwd: 17-03283-LTS9 Order Denying Motion |

Print y circular en pdf

Harold D. Vicente

Begin forwarded message:

> **From:** cmecfhelpdesk@prb.uscourts.gov
> **Date:** January 26, 2023 at 5:46:35 PM AST
> **To:** noreply@ao.uscourts.gov
> **Subject: 17-03283-LTS9 Order Denying Motion**
>
> ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.
>
> U.S. Bankruptcy Court
> District of Puerto Rico
>
> Notice of Electronic Filing
> The following transaction was received from Tacoronte, Carmen entered on 1/26/2023 at 5:44 PM AST and filed on 1/26/2023
>
> Case Name: COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority (PBA)
> Case Number: 17-03283-LTS9 https://ecf.prb.uscourts.gov/cgi-bin/DktRpt.pl?326315
>
> Document Number: 23399
> Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.prb.uscourts.gov/doc1/158029893867?pdf_header=&magic_num=4751470&de_seq_num=94550&caseid=326315
>
> Docket Text:
> ORDER DENYING [23058] MOTION Reconsideration filed by Estate of Pedro Jose Nazario Serrano, Joel Rivera Morales, Maria de Lourdes Gomez Perez, Hector Cruz Villanueva, Lourdes Rodriguez, Luis M Jordan Rivera, Estate of Juanita Sosa-Perez. Related document: [22927] Memorandum Opinion and Order. <b><FONT COLOR=RED></FONT></b>Signed by Judge Laura Taylor Swain on 01/26/2023.(ct)
>
> The following document(s) are associated with this transaction: