UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                             Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER REGARDING MOTION FOR RELIEF FROM STAY FILED BY ISMAEL RIVERA GRAU, LOURDES MORALES REYES AND THE LEGAL CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN THEM**

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] on the one hand, and Ismael Rivera Grau, Lourdes Morales Reyes and the legal conjugal partnership constituted between them (collectively, "Movants"), on the other hand, hereby stipulate and agree as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

## RECITALS

A. On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a voluntary petition with the United States District Court for the District of Puerto Rico (the "Title III Court") for relief pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

B. On May 29, 2018, Movants filed Proof of Claim Nos. 33011 and 34516 in the Commonwealth Title III Case asserting a claim in connection with the litigation captioned *Rivera Grau, Ismael v. Commonwealth of Puerto Rico*, Case No. K DP2016-0913 (the "Prepetition Action"), pending before the Puerto Rico Court of First Instance of San Juan (the "Prepetition Court").

C. On January 18, 2022, the Title III Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784] (the "Commonwealth Plan").

D. Section 92.3 of the Commonwealth Plan and decretal paragraph 59 of the Confirmation Order provide for, among other things, an injunction from and after the effective date of the Commonwealth Plan on the prosecution of claims discharged pursuant to the Commonwealth Plan (the "Discharge Injunction").

E. On March 15, 2022, the effective date of the Commonwealth Plan occurred, and the Commonwealth Plan was substantially consummated. [ECF No. 20349].

F.      On May 12, 2022, Movants filed their *Motion for Relief from Automatic Stay* [ECF No. 20763] (the "Lift Stay Motion") requesting that the Court "issue a modification of the automatic stay" in order to continue the pending litigation in the Prepetition Action. *See* Motion at 11.

G.      The Commonwealth and Movants met and conferred and have resolved the Lift Stay Motion as set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commonwealth and Movants, through their respective counsel as follows:

### AGREEMENT

1.      This Stipulation shall become effective upon entry of an order of the Title III Court approving the terms and provisions hereof.

2.      The Lift Stay Motion is hereby withdrawn, with prejudice.

3.      The Discharge Injunction is hereby modified solely to the limited extent necessary to allow the Prepetition Action to be reopened and to proceed to final judgment on motions for summary judgment before the Prepetition Court (including the completion of any discovery in connection therewith); provided, however, that, except as specifically set forth herein, all provisions of the Commonwealth Plan and Confirmation Order shall otherwise remain in full force and effect.

4.      The Commonwealth and the Movants hereby represent and warrant that the respective party is properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon the respective party.

5. Nothing contained in this Stipulation shall operate as a waiver or modification of the Discharge Injunction so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movants as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any and all matters pending or that may arise in the Commonwealth Title III Case, including, without limitation, with respect to the Commonwealth Plan, the Confirmation Order, and the Prepetition Action.

6. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's right to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the Prepetition Action, or assert any related rights, claims or defenses and all such rights are reserved; or (c) a waiver of Movants' or the Commonwealth's rights to determine and/or contest the applicability of the Discharge Injunction to any judgment that may be issued in the Prepetition Action pursuant to section 944 of title 11 of the United States Code, as made applicable to these proceedings by virtue of PROMESA section 301(a).

7. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movants as expressly provided in this Stipulation), (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Discharge Injunction with respect to any persons or entities, or (c) altering or otherwise modifying the terms of the Commonwealth Plan or Confirmation Order.

8. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

10. This Stipulation shall be binding on the parties' successors and assigns.

11. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

12. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

13. The Title III Court shall retain jurisdiction to hear and determine all matters or disputes arising from or relating to this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co- Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

*/s/ Osvaldo Toledo Martínez*
Osvaldo Toledo Martínez, Esq.,
USDC No. 127905
P.O. Box 190938
San Juan, PR 00919-0938
Tel: (787) 756-6395
Fax: (787) 767-7965
E-mail: toledo.bankruptcy@gmail.com

*Counsel for Movants Ismael Rivera Grau, Lourdes Morales Reyes and the Conjugal Partnership constituted between them*

SO ORDERED.

Dated: March 1, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge