UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE,
(III) APPROVING CONFIRMATION HEARING NOTICE AND CONFIRMATION SCHEDULE,
(IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES,
(V) APPROVING FORMS OF BALLOTS AND VOTING AND ELECTION PROCEDURES,
(VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING, ELECTION, AND
CONFIRMATION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the motion (Docket Entry No. 23099 in Case No. 17-3283 and Docket Entry No. 3113 in Case No. 17-4780) (the "Motion"),[2] dated December 16, 2022, of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Debtor under PROMESA Section 315(b), pursuant to Sections 105, 502, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), and 1128 of title 11 of the United States Code (made applicable to the Title III Cases pursuant to PROMESA Section 301(a)) (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure (made applicable to the Title III Cases pursuant to PROMESA Section 310) (the "Bankruptcy Rules") 2002, 3016, 3017, 3018, 3020, 9013, 9014, and 9021, and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") 3016-2 and 9013-1 requesting an order: (i) approving the proposed Disclosure Statement (as defined below), (ii) fixing a Voting Record Date for voting on the Plan (as defined below), (iii) approving the Confirmation Hearing Notice and confirmation schedule, (iv) approving the proposed contents of the Solicitation Package and procedures for distribution thereof, (v) approving the forms of ballots, and establishing solicitation, voting, and balloting procedures, (vi) approving the form and manner of Notice of Non-Voting Status, (vii) fixing a Voting Deadline, (viii) approving procedures for tabulating creditor votes, and (ix) providing related relief, all as more fully described in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion or the Plan (as defined below), as applicable.

further notice need be provided; and the Court having held a hearing on February 28, 2023, to consider the adequacy of the information contained in the Disclosure Statement and the additional relief requested in the Motion (the "Disclosure Statement Hearing"); and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby found and determined that:[3]

A.      The Debtor, by and through the Oversight Board, as the Debtor's representative in its Title III Case pursuant to PROMESA Section 315(b), has full authority to propose and prosecute the *Disclosure Statement for the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated March 1, 2023 (Docket Entry No. 3297 in Case No. 17-4780)[4] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") and the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated March 1, 2023 (Docket Entry No. 3296) (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").

B.      The Disclosure Statement (including the exhibits attached thereto) contains adequate information within the meaning of Section 1125 of the Bankruptcy Code, and no other or further information is necessary for purposes of soliciting acceptances and rejections of the Plan as set forth herein.

---

[3]      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

[4]      Docket references contained herein shall refer to the docket for Case No. 17-4780 unless otherwise specified.

Case:17-03283-LTS   Doc#:23675   Filed:03/03/23   Entered:03/03/23 13:23:35   Desc: Main
Document   Page 4 of 26

C.      The Disclosure Statement (including the exhibits attached thereto) provides holders of Claims and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Articles XXVII and XXXVI of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

D.      The forms of ballots, substantially in the forms attached hereto as Schedules 3(a) – 3(d) (each a "Ballot") and the form of election notice, substantially in the form attached hereto as Schedule 5 (the "Election Notice"), are consistent with Official Bankruptcy Form No. B 314, adequately address the particular needs of the Title III Case, and are appropriate for the relevant Classes of Claims entitled under the Plan to vote to accept or reject the Plan and/or make an election of the form of distribution pursuant to the Plan, as applicable.

E.      Ballots to vote to accept or reject the Plan (or, with respect to Settling Bondholders, Non-Settling Bondholders, and holders of Claims in Class 4 (Fuel Line Loan Claims), instructions to submit a vote on ATOP) need only be provided to:

(a) Settling Bondholders on account of PREPA Revenue Bond Claims in Class 1 (Settling Bondholder Claims);

(b) Non-Settling Bondholders on account of PREPA Revenue Bond Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) that are *not* insured by a Monoline Insurer;

(c) Non-Settling Monolines on account of PREPA Revenue Bond Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) that are insured by a Monoline Insurer;

(d) National Public Finance Guarantee Corporation ("National") on account of National Insured Bond Claims in Class 5 (National Insured Bond Claims); and

(e) holders of Claims in Class 3 (Pension Claims), Class 4 (Fuel Line Loan Claims), Class 6 (National Reimbursement Claim), Class 7 (General Unsecured Claims), Class 8 (Vitol Claims), Class 9 (Assured Insured Interest Rate Swaps Claims), Class 11 (Eminent Domain/Inverse Condemnation Claims), and Class 12 (Federal Claims).

Beneficial Owners of Claims in Class 5 (National Insured Bond Claims) shall be entitled to receive

an Election Notice and make an election with respect to the form of distribution pursuant to the Plan to the extent such elections are provided pursuant to the Plan.  Beneficial Owners of Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) that are insured by a Non-Settling Monoline, shall be entitled to receive a Notice of Non-Voting Status informing such Beneficial Owners that a Non-Settling Monoline shall be entitled to vote to approve or reject the Plan on account of such Claims.

F.      The solicitation procedures established pursuant to this Order provide Settling Bondholders in Class 1 the right to vote to reject the Plan, notwithstanding such Settling Bondholders' entry into the Uninsured Bond Settlement Agreement prior to the commencement of the solicitation of votes to accept or reject the Plan, and, therefore, the solicitation of the Uninsured Bond Settlement Agreement is not a solicitation of votes on the Plan.  *See Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (Docket Entry No. 19812 in Case No. 12-3283) at ¶¶ 141, 143.

G.      Ballots need not be provided to the holders of Claims in Class 10 (Ordinary Course Customer Claims) and Class 13 (Convenience Claims), because the holders of these Claims are unimpaired pursuant to the Plan and are deemed to accept the Plan.

H.      Ballots need not be provided to the holders of Claims in Class 14 (Section 510(b) Subordinated Claims), because such holders will receive no distributions pursuant to the Plan and are deemed to reject the Plan.

I.      The period set forth below, during which the Debtor may solicit acceptances and rejections to the Plan and elections with respect to the form of distribution thereunder, is a

reasonable period of time for eligible holders of Claims to vote on the Plan or make elections regarding the form of distributions pursuant to the Plan.

J.      The procedures set forth below regarding notice to all parties in interest of (a) the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), (b) the deadline for filing of objections or responses to (i) the proposed confirmation of, or proposed modifications to, the Plan, or (ii) the Proposed Confirmation Order ("Confirmation Objections"), and (c) the distribution and contents of the solicitation packages (the "Solicitation Packages") provide a fair and equitable notice and voting process and comply with Bankruptcy Rules 2002, 3017, and 3018 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Election Deadline, the Confirmation Objection Deadline, the Confirmation Hearing, and all related matters.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Motion is granted as modified herein, and all other objections to the Motion and the Disclosure Statement are overruled.

2.      The Disclosure Statement is approved in its entirety, and the Debtor may accordingly solicit acceptances and rejections of the Plan as set forth herein.

3.      The forms of Ballots and Election Notice are approved.

4.      The Creditors' Committee's recommendation letter, substantially in the form attached hereto as Schedule 7(a) (the "Creditors' Committee Letter"),[5] and the Plan Summary

---

[5]      The Creditors' Committee shall provide the Oversight Board with finalized English and Spanish versions of the Creditors' Committee Letter no later than two (2) business days after entry of this Order.

substantially in the form attached hereto as Schedule 7(b) (the "Plan Summary")[6] is approved pursuant to section 1125 of the Bankruptcy Code.

*Confirmation Procedures and Deadlines*

5.      The Confirmation Hearing will be held on **July 17–21, 24, 26–28, 2023 at 9:30 a.m. (Atlantic Standard Time)**; provided, however, that the Confirmation Hearing may be continued from time to time without further notice other than through adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

6.      The Confirmation Hearing Notice setting forth the time, date, and place of the Confirmation Hearing, substantially in the form attached hereto as **Schedule 2**, is approved.

7.      The Debtor shall cause the Balloting Agent to complete the mailing of the Confirmation Hearing Notice in accordance with the Bankruptcy Rules and Local Rules on or before **five (5) business days after entry of this Order, or as soon as reasonably practicable thereafter**.

8.      The Debtor, through Kroll, shall publish the Confirmation Hearing Notice, on one occasion, in each of *El Nuevo Dia* in Spanish (primary circulation is in Puerto Rico), *The San Juan Daily Star* in English (primary circulation is in Puerto Rico), *El Diario* in Spanish (primary circulation is in New York), *El Nuevo Herald* in Spanish (primary circulation is Miami), *The New York Times*, *The Bond Buyer*, *El Vocero* in Spanish (primary circulation is in Puerto Rico), and *Primera Hora* in Spanish (primary circulation is in Puerto Rico) to the extent possible, during the week beginning on (1) April 17, 2023, (2) May 8, 2023, and (3) May 29, 2023, which notice is

---

[6]      The Plan Summary is the same summary contained in Section II.B of the Disclosure Statement. The Plan Summary is subject in its entirety to all disclaimers and provisions of the Disclosure Statement.

hereby approved and constitutes adequate and sufficient notice and complies with Bankruptcy Rule 2002.  To the extent any of the above publications are unable to publish or suspends publication during the time periods above, the Debtor is permitted to use reasonable best efforts to secure a similar alternative publisher without further order of the Court.

9.      The Debtor, through Kroll, shall cause no less than ten (10) radio advertisements, to be aired to the extent possible during the periods from (i) April 17, 2023 up to and including April 21, 2023, (ii) May 8, 2023 up to and including May 12, 2023, and (iii) May 29, 2023 up to and including June 2, 2023 (for a total of thirty (30) radio advertisements), on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish, informing listeners of (i) the approval of the Disclosure Statement and the scheduling to the Confirmation Hearing, (ii) the date by which Confirmation Objections must be filed and served, (iii) the Voting Deadline and Election Deadline, and (iv) an information hotline to receive certain additional information.  To the extent any of the above radio stations are unable to broadcast or suspends broadcasting during the time period above, the Debtor is permitted to use reasonable best efforts to secure a similar alternative radio station, if feasible given the time required to produce a radio advertisement, without further order of the Court.

10.     The Debtor shall file a form of the New Master Indenture no later than **May 17, 2023**.

11.     The Debtor shall file the Proposed Confirmation Order no later than **5:00 p.m. (Atlantic Standard Time) on May 31, 2023**.

12.     Any Confirmation Objections must:

      a.    be in writing, in English, and signed,

      b.    state the name, address, and nature of the Claim of the objecting or responding party,

c.   state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the proposed Plan or proposed order confirming the Plan to resolve any such objection or response,

d.   be served so as to be actually received by the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: the Puerto Rico Electric Power Authority); and

e.   be filed, together with proof of service, with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS and served so that such objections and responses are actually received by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** (the "Confirmation Objection Deadline").

13.   Confirmation Objections that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

14.   Any objecting party that has not filed a timely Confirmation Objection will not be permitted to make an oral presentation at the Confirmation Hearing.

15.   The Debtor and other parties in interest are authorized to file and serve no later than **5:00 p.m. (Atlantic Standard Time) on June 21, 2023**: (i) replies or an omnibus reply to any objections to the confirmation of the Plan; (ii) the Debtor's memorandum of law in support of confirmation of the Plan; (iv) voting results tabulation; (v) the Debtor's proposed findings of fact and conclusions of law, and (vi) statements or joinders in support of confirmation of the Plan.

16.   Any objection to the Debtor's (i) voting results tabulation and/or (ii) proposed findings of fact and conclusions of law must:

a.   be in writing, in English, and signed,

b.   state the name, address, and nature of the Claim of the objecting or responding party,

c.   state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in proposed findings of fact and conclusions of law to resolve any such objection or response,

     d.    be served so as to be actually received by the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: the Puerto Rico Electric Power Authority);

     e.    be filed, together with proof of service, with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS and served so that such objections and responses are actually received by no later than **5:00 p.m. (Atlantic Standard Time) on June 28, 2023**.

17.    The Debtor and other parties in interest are authorized to file and serve no later than **5:00 p.m. (Atlantic Standard Time) on July 5, 2023**, replies or an omnibus reply to any objections to the Debtor's (i) voting results tabulation and (ii) proposed findings of fact and conclusions of law.

*Solicitation Procedures and Deadlines; Vote Tabulation*

18.    The record date for purposes of determining creditors entitled to vote on the Plan (except Classes 1, 2, 4, and 5 (collectively, the "ATOP Classes")[7] or, in the case of the non-voting Classes, to receive the applicable Notice of Non-Voting Status, shall be **February 28, 2023** (the "Voting Record Date").

19.    With respect to any transferred Claim (except for any Uninsured PREPA Revenue Bond Claims in Class 1 (Settling Bondholder Claims) and Class 2 (Non-Settling Bondholder and

---

[7]    For the avoidance of doubt, because holders of Claims in the ATOP Classes must submit their vote and/or election through the Automated Tender Offer Platform ("ATOP") at The Depository Trust Company ("DTC"), the Voting Record Date shall not apply to the ATOP Classes; provided, however, the Voting Record Date shall apply to (i) any PREPA Revenue Bonds formerly insured by Assured in the primary market, and the principal amount of which was paid by Assured on or after the original maturity date of such bonds (the "Assured Matured Bonds") or (ii) any claim arising from PREPA Revenue Bonds for which voting through ATOP cannot be established ("ATOP Ineligible Bonds"). The holder as of the Voting Record Date of the (i) claims arising from the Assured Matured Bonds (including, without limitation, Assured) and (ii) claims arising from ATOP Ineligible Bonds shall not be required to tender such bonds through ATOP, and instead shall be provided with a ballot with which to vote such claims.

Non-Settling Monoline Claims)), the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the transferor has completed, executed, and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by such transferor of such transferred Claim.

20.     Cede & Company and DTC shall provide the Debtor within seven (7) Business Days of the date of this Order, or as soon as possible thereafter, a listing of the names and addresses of all Nominees that as of the Voting Record Date held, directly or indirectly, any of the securities with respect to Classes 1, 2, 4, and 5.

21.     The Debtor shall cause the Balloting Agent to complete the mailing of the appropriate Solicitation Package by **the date that is twenty-eight (28) days following entry of this Order, or as soon as reasonably practicable thereafter** (the "Solicitation Mailing Date") to all known holders (as of the Voting Record Date) of Claims in the following classes (collectively, the "Voting Classes"):

|                                                              | Class   |
| ------------------------------------------------------------ | ------- |
| Settling Bondholder Claims                                   | Class 1 |
| Non-Settling Bondholder and Non-Settling Monoline Claims[8] | Class 2 |

---

[8]     Solicitation Packages shall be provided to Beneficial Owners of PREPA Revenue Bonds that are not insured and Non-Settling Monolines in Class 2.

|  | Class |
|---|---|
| Pension Claim[9] | Class 3 |
| Fuel Line Loan Claims | Class 4 |
| National Insured Bond Claims[10] | Class 5 |
| National Reimbursement Claim | Class 6 |
| General Unsecured Claims | Class 7 |
| Vitol Claims | Class 8 |
| Assured Insured Interest Rate Swaps Claims | Class 9 |
| Eminent Domain/Inverse Condemnation Claims | Class 11 |
| Federal Claims | Class 12 |

22.    The Debtor shall not be required to mail or cause to be mailed Solicitation Packages to any holders of Claims that are, as of the Voting Record Date, marked on the Title III register maintained by Kroll as subject to administrative reconciliation procedures pursuant to the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-3283, ECF No. 12274] ("Administrative Reconciliation Order"), as such holders shall not be entitled to vote such Claims to accept or reject the Plan, unless such holder's claim has been allowed pursuant to an order of the Court on or before the Voting Deadline;[11] provided, however, the Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to such holders of Claims.

---

[9]    A Solicitation Package shall only be provided to the Puerto Rico Electric Power Authority Employee Retirement System (the "SREAEE" by its Spanish acronym) on account of the Pension Claim in Class 3.

[10]    A Solicitation Package shall only be provided to National on account of National Insured Bond Claims in Class 5.

[11]    For the avoidance of doubt, holders of Claims transferred into the alternative dispute procedures pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576 in Case No. 17-03283] will not be precluded from voting such Claims to accept or reject the Plan, except as otherwise provided in this Order.

23.     Solicitation Packages mailed to creditors holding Claims in the Voting Classes will contain, in English and Spanish translation: (i) the Confirmation Hearing Notice; (ii) a flash drive (or otherwise in the Debtor's discretion)[12] containing this Disclosure Statement Order (without the exhibits hereto) and Disclosure Statement (together with all exhibits thereto, including the Plan); (iii) the appropriate form of Ballot or Election Notice, if any, with instructions for voting and/or making any applicable election, and, as applicable, a pre-addressed, pre-paid return envelope, and (iv) with respect to Class 7, the Creditors' Committee Letter and Plan Summary.

24.     If it is a Nominee's (or Nominee's agent's) customary and accepted practice to (i) forward the solicitation information to (and collect votes from) Beneficial Owners by voter information form, email, telephone or other customary means of communications, as applicable, or (ii) provide to Beneficial Owners an electronic link to the solicitation materials (including, but not limited to, the Disclosure Statement and Plan), the Nominee (or Nominee's agent) may employ that method of communication in lieu of sending the flash drive, paper Notice, and/or Solicitation Package, as applicable.  In such instances, the Nominee (or Nominee's agent) may return any excess or unused flash drives or paper copies to the Balloting Agent.

25.     The Debtor is authorized, but not required, to distribute the Disclosure Statement (together with all exhibits thereto) and the Disclosure Statement Order to the Voting Classes in electronic format (flash drive); <u>provided</u>, <u>however</u>, the Confirmation Hearing Notice, Ballots, Election Notice, Creditors' Committee Letter, and Plan Summary (each, as applicable) shall only be provided in paper format.

---

[12]     For the avoidance of doubt, the Debtor reserves the right (in its sole discretion) to distribute the Disclosure Statement (together with all exhibits thereto) and the Disclosure Statement Order in paper format to a subset of voting creditors if it is determined to be the most effective method of serving such a population of prospective voters.

26. Upon receipt of a request for a paper copy of the Disclosure Statement, Plan, and/or Disclosure Statement Order, the Balloting Agent shall, within three (3) business days of receipt of the request or as soon as reasonably practicable thereafter, deposit the requested documents with a postal or shipping service to deliver the requested documents.

27. On or before the Solicitation Mailing Date, the Debtor shall provide (i) complete Solicitation Packages (excluding Ballots) to:

    a. the U.S. Trustee,

    b. counsel to AAFAF,

    c. counsel to the Official Committee of Unsecured Creditors; Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq. and G. Alexander Bongartz, Esq.

    d. the Puerto Rico Energy Bureau;

and (ii) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to the Debtor's Bankruptcy Rule 2002 list as of the Voting Record Date.

28. The Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to all known holders (as of the Voting Record Date) or Beneficial Owners, as applicable, of Claims in the following Classes:

- Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) – solely with respect to Beneficial Owners of PREPA Revenue Bonds insured by a Non-Settling Monoline.

- Class 10 (Ordinary Course Customer Claims)

- Class 13 (Convenience Claims)

- Class 14 (Section 510(b) Subordinated Claims)

29.     The Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to all known holders of Claims for which the Debtor has served an objection as of the Solicitation Mailing Date.

30.     The Debtor shall not be required to send Solicitation Packages to (i) any holder of an unimpaired Claim under the Plan or that is otherwise deemed to accept the Plan, (ii) any holder of a Claim in a Class deemed to reject the Plan, (iii) any party who holds a Claim, whether in the form of a filed proof of claim, or an amount listed on the list of creditors filed by the Debtor pursuant to Sections 924 and 925 of the Bankruptcy Code (as amended or modified, the "List of Creditors") in an amount of $0.00, (iv) any holder of a Claim to which the Debtor has served an objection or that has been expunged by order of the Court, and (v) a creditor that has a Claim that has already been paid in full.

31.     With respect to addresses from which notices of the Disclosure Statement hearing were returned as undeliverable by the United States Postal Service, the Debtor is excused from mailing Solicitation Packages or any other materials related to voting on or confirmation of the Plan to entities listed at such addresses.  For purposes of serving the Solicitation Packages, the Debtor is authorized to rely on the address information for all Classes as compiled, updated, and maintained by the Balloting Agent as of the Voting Record Date.  In addition, to the extent any Solicitation Packages are returned as undeliverable by the United States Postal Service (including Solicitation Packages from voting creditors), neither the Debtor nor the Balloting Agent are required to conduct additional research for updated addresses or to attempt to re-serve the Solicitation Packages on such parties.

32.     The forms of Notice of Non-Voting Status (**Schedule 4(a) – 4(e)**) are hereby approved.

33.     The Notices of Non-Voting Status are hereby deemed to satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtor shall not be required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any holder of a Claim in the following Classes, except as to parties who request, in writing, copies of such documents:

- Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) – solely with respect to Beneficial Owners of PREPA Revenue Bonds insured by a Non-Settling Monoline.

- Class 10 (Ordinary Course Customer Claims)

- Class 13 (Convenience Claims)

- Class 14 (Section 510(b) Subordinated Claims)

34.     Each Ballot must be executed, completed, and delivered to the Balloting Agent (i) by U.S. first-class mail, in the return envelope provided with each Ballot (or otherwise by first-class mail); (ii) by overnight courier; (iii) by hand delivery, or (iv) Kroll's e-balloting platform (where permitted), so that executed and completed Ballots are received by Kroll, the Balloting Agent, by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023**, unless such time is extended (the "Voting Deadline").  Holders of Claims in the ATOP Classes, other than (i) Monoline Insurers (or a Monoline Insurer's transferee if the Monoline Insurer's right to vote has been transferred in accordance with decretal paragraph 19), (ii) holders of claims arising from the Assured Matured Bonds, and (iii) holders of claims arising from ATOP Ineligible Bonds, must deliver their voting instructions to the Nominee according to the instructions in the applicable Notice in sufficient time for the Nominee to receive and effectuate the creditor's vote through ATOP in accordance with the procedures of DTC by the Voting Deadline; provided, however, that any creditor who has executed, completed, and delivered through ATOP in accordance with the

procedures of DTC its vote to accept or reject the Plan may revoke such vote and withdraw any securities that have been tendered with respect to a vote through ATOP in accordance with the procedures of DTC on or before the Voting Deadline.[13]

35.     An election of the form of distribution pursuant to the Plan must be executed, completed, and delivered to the Nominee in accordance with the instructions under the Election Notice so as to be effectuated through ATOP in accordance with the procedures of DTC by no later than **5:00 p.m. (Atlantic Standard Time) on June 7, 2023**, unless such time is extended (the "Election Deadline"); provided, however, that any election of the form of distribution pursuant to the Plan executed, completed, and delivered through ATOP in accordance with the procedures of DTC on or before the Election Deadline shall be deemed to be made as of the Election Deadline; provided, further, that any creditor who has executed, completed, and delivered through ATOP in accordance with the procedures of DTC its election of the form of distribution pursuant to the Plan may revoke such election and withdraw any securities that have been tendered with respect to an election through ATOP in accordance with the procedures of DTC on or before the Election Deadline.

36.     The Solicitation Agent shall use reasonable efforts to keep each of the following on-island ballot collection sites listed below open for the full period between April 10, 2023, and June 7, 2023:

---

[13]     The Debtor has established that it is necessary to conduct this solicitation of votes and election of distributions, as applicable, with respect to the ATOP Classes through the DTC ATOP platform due to the magnitude and complexity of effectuating distributions among holders of Claims in the ATOP Classes.

| Locations in the Commonwealth Accepting Ballots by Hand Delivery All locations are available from **April 10, 2023** to **June 7, 2023** (except weekends and federal holidays) | |
| --- | --- |
| **Address** | **Hours (AST)** |
| <u>Don Frappe Inc.</u> Carr. #2km 141.5 Bo. Quebrada Larga Añasco, PR  00610 | <u>M – F</u> 8:30 a.m. to 5:00 p.m. |
| <u>Oceana HUB Center</u> 2 Calle Acerina Caguas, PR 00725 | <u>M – F</u> 8:30 a.m. to 5:00 p.m. |
| <u>LunaSpeiz</u> 157 Calle de Luna, San Juan, PR 00901 | <u>M – F</u> 8:30 a.m. to 5:00 p.m. |
| <u>Centro</u> Ave. Muñoz Rivera 501, 3Fl San Juan, PR 00918 | <u>M – F</u> 8:30 a.m. to 5:00 p.m. |
| <u>Club de Leones de Ponce</u> Club House Bo. Carrillo Carretera #14 km 5.1, Ponce, PR 00731 | <u>M – F</u> 8:30 a.m. to 5:00 p.m. |

The Solicitation Agent may close any such on-island ballot collection sites (at its sole discretion), or as required by law, including, without limitation, local ordinances.  To the extent any of the above locations are unavailable or are closed, the Debtor is permitted to use reasonable best efforts to secure an alternative location without further order of the Court.  The Debtor shall make copies of the Disclosure Statement and Plan available at each on-island ballot collection site.

37.     All securities that are tendered with respect to a vote to accept or reject the Plan shall be restricted from further trading or transfer until the first business day following the Voting Deadline, or as soon as practicable thereafter, but no later than June 21, 2023.

38.     All securities that are tendered with respect to an election of distributions under the Plan in connection with Class 5 (National Insured Bond Claims) shall be restricted from further trading or transfer until the issuance of new CUSIPs in connection with such tendered bonds, which issuance shall occur as soon as reasonably practicable after the Voting Deadline.

39.     The Beneficial Owners of Settling Bondholder Claims in Class 1 (Settling Bondholder Claims) are entitled to cast a vote with respect to such Class.  The Beneficial Owners of uninsured securities giving rise of Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) and the Non-Settling Monolines holding Non-Settling Monoline Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) are entitled to cast a vote with respect to such Class. Only National will be entitled to cast a vote with respect to Class 5. With respect to any Claims in Classes 2 or 5 arising from Insured PREPA Revenue Bonds owned by a Monoline Insurer, by subrogation or otherwise, if the respective Monoline Insurer transfers the right to vote such Claim prior to the Voting Record Date in accordance with decretal paragraph 19 above, then the transferee shall be entitled to receive a Solicitation Package and a form of Ballot in the transferee's name.

40.     PREPA Revenue Bond Claims in Class 1 (Settling Bondholder Claims) shall be deemed allowed in the aggregate amount of $74,900,593.18 solely for purposes of voting to accept or reject the Plan.  PREPA Revenue Bond Claims in Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) shall be deemed allowed in the aggregate amount of $7,565,470,824.09[14] solely for purposes of voting to accept or reject the Plan.  For the avoidance of doubt, holders of PREPA Revenue Bond Claims in Class 1 (Settling Bondholder Claims) and

---

[14]     Such amount reflects $8,476,517,345.39 less (i) the aggregate PREPA Revenue Bond Claims held by Settling Bondholders ($74,900,593.18), and (ii) National Insured Bond Claim ($836,145,928.13).

Class 2 (Non-Settling Bondholder and Non-Settling Monoline Claims) are not required to file a

motion for an order pursuant to Bankruptcy Rule 3018(a) (a "3018(a) Motion") in order to vote to

accept or reject the Plan.  The allowance of PREPA Revenue Bond Claims in Classes 1 and 2

solely for purposes of voting to accept or reject the Plan pursuant to this decretal paragraph 40

shall not prejudice any parties in connection with the Amended Lien & Recourse Challenge.

    41.    Solely for purposes of voting to accept or reject the Plan and not for the purpose of

the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the

Debtor in any other context, each Claim within a Class of Claims entitled to vote is temporarily

allowed in an amount equal to the amount of such Claim as set forth in the claims register;

provided:

    a.    If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

    b.    If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, undetermined, or unknown in amount, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00; unless such Claim is disputed as set forth in subparagraph "h" below;

    c.    If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph "h" below;

    d.    If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

    e.    If a Claim has been allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    f.    If a Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of  the applicable

bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall not be entitled to vote to accept or reject the Plan;

g.   Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are not entitled to vote;

h.   If the Debtor has served an objection or ACR transfer notice as to a Claim at least forty (40) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;[15]

i.   If the Debtor has served an objection specifically seeking to reduce the amount of the Claim but otherwise allow it for voting purposes, such Claim is allowed for voting purposes only in the amount sought in the objection;

j.   Any holders of Claims that are, as of the Voting Deadline, marked on the Title III register maintained by Kroll as subject to administrative reconciliation procedures pursuant to the Administrative Reconciliation Order shall not be entitled to vote such Claims to accept or reject the Plan;

k.   For purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated based on the reasonable efforts of the Debtor and Balloting Agent as if such creditor held one Claim against the applicable Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

l.   Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

m.   If a proof of claim has been amended by a later filed proof of claim filed on or before the Voting Record Date, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed Claim;

---

[15]   For the avoidance of doubt, Paragraph 41(h) of this Order shall not apply to any Claim that is Allowed pursuant to the Plan.

n.  Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may (but is not required to) contact voters to cure any defects in the Ballots and is authorized to so cure any defects;

o.  There shall be a rebuttable presumption that any claimant who submits a properly completed, superseding Ballot, or withdraws a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan, such that the earlier submitted Ballot shall be deemed superseded or withdrawn, as applicable; and

p.  Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

42.  The following additional procedures shall apply with respect to tabulating votes in the ATOP Classes:

a.  For the purposes of tabulating votes, (i) each Beneficial Owner entitled to vote securities held through DTC shall be deemed to have voted only the principal amount of its public securities as submitted through and reflected in ATOP; (ii) each Monoline Insurer, shall be deemed to have voted only the principal amount of the PREPA Revenue Bonds insured by such Monoline Insurer as submitted through and reflected on the form of Ballot; (iii) each holder (including, if applicable, Assured) of claims arising from any PREPA Revenue Bonds formerly insured by Assured in the primary market the principal amount of which was paid by Assured on or after the original maturity date shall be deemed to have voted only the principal amount of such claims as reflected on the form of Ballot; and (iv) each holder of claims arising from ATOP Ineligible Bonds shall be deemed to have voted only the principal amount of such claims as reflected on the form of Ballot.  Any principal amounts thus voted in accordance with clauses (i), (ii), (iii), or (iv) above may be thereafter adjusted by the Balloting Agent, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount with respect to the securities thus voted, including any accrued but unpaid prepetition interest or accreted principal, as applicable.

b.  If conflicting votes or "over-votes" are submitted by a Nominee, the Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee.

43.  If any claimant seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, such claimant shall serve upon counsel for the Debtor, counsel for AAFAF, and counsel for the Official Committee of Unsecured Creditors, and file with the Court (with a copy to Chambers) a 3018(a) Motion temporarily

allowing such Claim in a different amount for purposes of voting to accept or reject the Plan, on
or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and
(ii) service of notice of an objection, if any, as to such Claim; provided, however, that, as to any
claimant filing a 3018(a) Motion, such claimant's Ballot shall not be counted unless temporarily
allowed by an order entered by the Court prior to the Voting Deadline.

44.     The form of Rule 3018(a) Motion attached hereto as **Schedule 6** is approved, and
the Debtor shall make available the form of Rule 3018(a) Motion on the Balloting Agent's website.

45.     Each creditor that votes to accept or reject the Plan is deemed to have voted the full
amount of its Claim therefor.

46.     If a creditor casts more than one Ballot voting the same Claim(s) or submits more
than one election with respect to the same Claim(s) before the Voting Deadline or Election
Deadline, as applicable, the last Ballot received or election made before the Voting Deadline or
Election Deadline, as applicable, is hereby deemed to reflect such creditor's intent or election, as
applicable, and, thus, to supersede any prior Ballot(s) or elections made, as applicable.

47.     If a creditor in Class 5 (A) fails to timely and validly elect the National Non-
Commutation Treatment, or (B) submits an election for less than all of its National Insured Bond
Claims (in which case, such election shall be void and of no force and effect), then such creditor
shall be deemed to have elected to receive the National Commutation Treatment pursuant to Article
XX.A of the Plan.

48.     Any entity that holds a Claim in more than one Class that is entitled to vote must
use separate Ballots for each such Claim; provided, however, that creditors must vote all of their
Claims within a particular Class under the Plan either to accept or reject the Plan and may not split
their vote(s), and thus, neither a Ballot that partially rejects and partially accepts the Plan, nor

multiple Ballots casting conflicting votes in respect of the same Class under the Plan shall be counted.

49.     The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot or vote through ATOP received after the Voting Deadline, unless the Debtor has granted an extension with respect thereto; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; (v) any Ballot transmitted to the Balloting Agent by facsimile, electronic mail, or other means not specifically approved herein; (vi) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate either an acceptance or rejection of the Plan; (vii) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but indicates both an acceptance and rejection of the Plan shall be counted as an acceptance of the Plan; and (viii) any Ballot without an original signature; provided, however, that any Ballot cast via the Balloting Agent's E-Ballot platform or the ATOP system shall be deemed to contain an original signature.[16]

50.     Except as otherwise set forth herein, and subject to the entry of an order of the Court, the Debtor may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented (a) by an

---

[16]     The Balloting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Balloting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

attorney's certification stating the terms, if any, associated with any such waiver, and (b) in the voting results tabulation prepared by the Ballot Agent.

51.     The voting results tabulation prepared by the Ballot Agent shall include an explanation or the calculations regarding any changes to voting amounts in the ATOP Classes.

*Miscellaneous*

52.     In accordance with the modification provisions of the Plan and Local Rule 3016-2, the Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Election Notice, the Notices of Non-Voting Status, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages as may be necessary, prior to mailing.

53.     All notices to be provided pursuant to the procedures set forth herein are deemed good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

54.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

55.     The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order, including, without limitation, disputes with respect to the validity of an election of the form of distributions to be made pursuant to the Plan.

56.     This Order resolves Docket Entry No. 23099 in Case No. 17-3283, and Docket

Entry No. 3113 in Case No. 17-4780.


Dated: March 3, 2023

                                        /s/ Laura Taylor Swain
                                        Laura Taylor Swain
                                        United States District Judge