**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>              Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE**
**STATEMENT, (II) ESTABLISHMENT OF RECORD DATES,**
**(III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT**
**AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF**
**ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**
**OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

---

**If you are entitled to vote on or make an election with respect to distributions pursuant to the Plan, you will receive a separate Solicitation Package (as defined below) on a future date.**

**DEADLINE TO FILE DISCOVERY NOTICE:** **5:00 p.m. (Atlantic Standard Time) on April 7, 2023**

**VOTING AND ELECTION DEADLINE:** **5:00 p.m. (Atlantic Standard Time) on June 7, 2023**

**OBJECTION DEADLINE:** **5:00 p.m. (Atlantic Standard Time) on June 7, 2023**

**CONFIRMATION HEARING:** **July 17–21, 24, 26–28, 2023 at 9:30 a.m. (Atlantic Standard Time)**

**See below for additional deadlines.**

If you have any questions regarding this notice, please contact Kroll Restructuring Administration LLC ("Kroll")[2] by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line).

---

## PLEASE TAKE NOTICE OF THE FOLLOWING:

1.  ***Approval of Disclosure Statement.*** By order, dated March 3, 2023 (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated March 1, 2023 (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtor, and authorized the Debtor to solicit votes with respect to the acceptance or rejection of the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated March 1, 2023 (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"),[3] attached as **Exhibit A** to the Disclosure Statement.

---

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, free of charge, by contacting the Balloting Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC):**

**Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):**

---

[2]  On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

[3]  All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

> **(844) 822-9231 (toll free for U.S. and Puerto Rico)**
> **(646) 486-7944 (for international callers)**
>
> **Email: puertoricoinfo@ra.kroll.com** (with 'PREPA Solicitation' in the subject line)
>
> Alternatively, electronic copies of the Disclosure Statement and Plan are available, free of charge, by visiting https://cases.ra.kroll.com/puertorico/.

2.      Paper copies of the Plan and Disclosure Statement, including Spanish translations thereof, are also available, free of charge, at the following locations from April 10, 2023 to June 7, 2023 (except weekends and federal holidays):

| Locations in the Commonwealth<br>Providing Paper Copies of the Plan and Disclosure Statement ||
|---|---|
| **Address** | **Hours (AST)** |
| Don Frappe Inc.<br>Carr. #2km 141.5<br>Bo. Quebrada Larga<br>Añasco, PR  00610 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| LunaSpeiz<br>157 Calle de Luna,<br>San Juan, PR 00901 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Centro<br>Ave. Muñoz Rivera 501, 3Fl<br>San Juan, PR 00918 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |
| Club de Leones de Ponce<br>Club House Bo. Carrillo<br>Carretera #14 km 5.1,<br>Ponce, PR 00731 | M – F<br>8:30 a.m.<br>to<br>5:00 p.m. |

3.      Pursuant to the Disclosure Statement Order, the Debtor will mail materials needed for voting on the Plan (the "Solicitation Package") to holders with Claims in the following Classes (collectively, the "Voting Classes"):

|  | **Class** |
|---|---|
| Settling Bondholder Claims | Class 1 |
| Non-Settling Bondholder and Non-Settling Monoline Claims | Class 2 |
| Pension Claim | Class 3 |
| Fuel Line Loan Claims | Class 4 |
| National Insured Bond Claims | Class 5 |
| National Reimbursement Claim | Class 6 |
| General Unsecured Claims | Class 7 |
| Vitol Claims | Class 8 |
| Assured Insured Interest Rate Swaps Claims | Class 9 |
| Eminent Domain/Inverse Condemnation Claims | Class 11 |
| Federal Claims | Class 12 |

4.     ***Confirmation Hearing.***  A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan P.R. 00918-1767 (or as otherwise provided pursuant to an order of the Court) on **July 17–21, 24, 26–28, 2023 at 9:30 a.m. (Atlantic Standard Time)**.

5.     The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

6.     ***Plan Confirmation Depository***.  Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

7.     ***Confirmation Objection Deadline.***  The Court has established **5:00 p.m. (Atlantic Standard Time) on June 7, 2023** as the deadline to file objections or responses to confirmation

4

of the proposed Plan and the proposed confirmation order[4] (the "Confirmation Objection Deadline").  Parties who do not file an objection to the Plan or the proposed confirmation order prior to the Confirmation Objection Deadline will be prohibited from making an oral presentation before the Court at the Confirmation Hearing.

8.  ***Objections and Responses to Confirmation.***  Objections and responses to confirmation of the Plan must:

a.  Be in writing, in English, and signed;

b.  State the name, address, and nature of the Claim of the objecting or responding party;

c.  State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or the proposed confirmation order to resolve any such objection or response;

d.  Be filed electronically with the Court on the dockets of (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

> i.  If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
>
> > United States District Court, Clerk's Office
> > 150 Ave. Carlos Chardon Ste. 150,
> > San Juan, P.R. 00918-1767
>
> so as to be received **on or before the Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**, and

e.  Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Puerto Rico Electric Power Authority) so as to be received **on or before the**

---

[4]  The deadline for the Debtor to file the proposed confirmation order is May 31, 2023 at 5:00 p.m. (prevailing Atlantic Time).

**Confirmation Objection Deadline (June 7, 2023 at 5:00 p.m. (Atlantic Standard Time))**.

9.      ***Participation in Confirmation Discovery***.  If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.ra.kroll.com/puertorico/.  If you file your Discovery Notice on or before **April 7, 2023**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests.  If you file your Discovery Notice **after April 7, 2023, but on or before May 26, 2023**, you may be granted access to documents in the Plan Depository.  Please note that access to the information in the Plan Depository may also require complying with the Debtor's access requirements.

10.      You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

   a. Be in writing, in English, and be signed;

   b. State your name, address, the nature of your Claim, and your Claim number;

   c. State your intention to participate in discovery in connection with confirmation of the Plan; and

   d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Plan Confirmation, in (i) *In re Puerto Rico Electric Power Authority*, Case No. 17 BK 4780-LTS and (ii) *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

      i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:

      United States District Court, Clerk's Office
      150 Ave. Carlos Chardon Ste. 150
      San Juan, P.R. 00918-1767

6

so as to be received on or before the applicable deadline.

11. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**. Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

12. *Discovery Timetable and Deadlines*. The Court has established the following discovery dates and deadlines, which are applicable to the Debtor and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[5]

| Summary of Discovery and Confirmation Deadlines | |
| --- | --- |
| March 1, 2023 | Conversion of Disclosure Statement depository to Plan Depository |
| Five Business Days After Entry of DS Approval Order | Deadline for Confirmation Hearing Notice to be served. |
| March 11, 2023 | Deadline for the Debtor to upload all documents to the Plan Depository |
| | Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("Debtor's Preliminary Fact Witness List"). |
| 28 Days After Entry of DS Approval Order | Deadline for Debtor to complete mailing of solicitation materials. |
| April 7, 2023 | Deadline for parties in interest to file a "Notice of Intent to Participate in Discovery," (hereafter, a "Discovery Notice"). Only parties in interest who file a timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |

---

[5] All of the dates and procedures set forth in this notice are subject to change by further Court order.

7

| | |
|---|---|
| **April 14, 2023** | Deadline for all parties to serve requests for production of non-depository documents ("Production Requests"). Parties in interest may serve Production Requests only following their filing of a timely Discovery Notice.<br><br>Parties may serve up to one additional round of Production Requests, provided that they are served on or before May 8, 2023.<br><br>Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
| | Deadline for parties in interest to file a preliminary fact witness list and topics about which each witness is expected to testify (a "Party in Interest's Preliminary Fact Witness List," and together with the Debtor's Preliminary Fact Witness List, the "Preliminary Fact Witness Lists"). |
| | Deadline for all parties to file opening expert disclosures ("Opening Expert Disclosures"). |
| **April 21, 2023** | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **April 28, 2023** | Deadline for all parties to file opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all depositions are limited to a seven (7)-hour time limit). Subsequent notices are allowed provided discovery is completed by the Fact Discovery Deadline or Expert Discovery Deadline, as applicable. |
| **May 8, 2023** | Deadline for all parties to file rebuttal expert disclosures ("Rebuttal Expert Witness Disclosures"). |
| | Deadline for parties who have served a Production Request on or before April 14, 2023 to serve up to one additional round of Production Requests.<br><br>Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
| **May 15, 2023** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| **May 17, 2023** | Deadline for the Debtor to file a form of the New Master Indenture. |

| | |
|---|---|
| **May 26, 2023** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests").  Responses and objections to such Admission Requests shall be served within four (4) business days of service of such Admission Requests. |
| | Deadline for completion of fact discovery (the "Fact Discovery Deadline"). |
| | Deadline for parties in interest who solely want access to documents in the Plan Depository to file a Discovery Notice. |
| **May 31, 2023** | Deadline for the Debtor to file initial proposed confirmation order (the "Proposed Confirmation Order"). |
| **June 2, 2023** | Deadline for completion of expert discovery (the "Expert Discovery Deadline"). |
| | Deadline for all parties to file Daubert motions and motions *in limine*. |
| **June 7, 2023** | Voting Deadline & Election Deadline |
| | Deadline for parties in interest to file:<br><br>• Objections to confirmation of the Plan ("Plan Objections").<br><br>• Objections to Proposed Confirmation Order. |
| **June 9, 2023** | Deadline for all parties to file oppositions to Daubert motions and motions *in limine*. |
| **June 16, 2023** | Deadline for all parties to file replies in support of Daubert motions and motions *in limine*. |
| | Deadline for all parties to file finalized witness lists, exhibit lists, and deposition designations. |
| **June 21, 2023** | Deadline for Debtor to file:<br><br>• Memorandum of law in support of confirmation of the Plan.<br><br>• Omnibus reply to Plan Objections and objections to the Proposed Confirmation Order.<br><br>• Witness Declarations.<br><br>• Vote Tabulation.<br><br>• Initial proposed findings of fact and conclusions of law ("Proposed Findings of Fact and Conclusions of Law"). |

| | Deadline for parties in interest to file statements or joinders in support of confirmation of the Plan. |
|---|---|
| | Deadline for non-Debtor parties to file witness declarations. |
| **June 23, 2023** | Deadline for all parties to file counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **June 28, 2023** | Deadline for parties in interest to file objections to the (i) Vote Tabulation and/or (ii) Proposed Findings of Fact and Conclusions of Law. |
| **June 30, 2023** | Deadline for all parties to file objections to counter designations. |
| **July 5, 2023** | Deadline for Debtor to reply to objections to the (i) the Vote Tabulation and (ii) Proposed Findings of Fact and Conclusions of Law. |
| **Week of July 10, 2023** <br><br> **(or a date convenient for the court)** | [Virtual] hearing on motions *in limine* / pre-trial conference. |
| **July 17–21, 24–28, 2023** | Confirmation Hearing |

13.    ***Voting Record Date.***  The voting record date is **February 28, 2023** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Classes 1, 2, 4, and 5 (collectively, the "ATOP Classes")[6]) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor (except in the ATOP Classes) as of the Voting Record Date are entitled to vote on the Plan.

---

[6]    For the avoidance of doubt, because holders of Claims in the ATOP Classes must submit their vote and/or election through the Automated Tender Offer Platform at The Depository Trust Company, the Voting Record Date shall not apply to the ATOP Classes; provided, however, the Voting Record Date shall apply to (i) any PREPA Revenue Bonds formerly insured by Assured in the primary market, and the principal amount of which was paid by Assured on or after the original maturity date of such bonds (the "Assured Matured Bonds") or (ii) any claim arising from PREPA Revenue Bonds for which voting through ATOP cannot be established ("ATOP Ineligible Bonds"). The holder as of the Voting Record Date of the (i) claims arising from the Assured Matured Bonds (including, without limitation, Assured) and (ii) claims arising from ATOP Ineligible Bonds shall not be required to tender such bonds through ATOP, and instead shall be provided with a ballot with which to vote such claims.

14.     *Voting Deadline.*  The deadline for voting on the Plan is **June 7, 2023, at 5:00 p.m.** **(Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline").  *You are **not** required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.  However, if you are a Settling Bondholder or National receiving the treatment provided to holders of Claims in Class 1, Class 5, or Class 9, you should review your Uninsured Bond Settlement Agreement or National PSA, as applicable, prior to voting or abstaining from voting on the Plan, and how it may affect your right to receive distributions.*

15.     If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtor's solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Balloting Agent")[7] on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline.  *Failure to follow such instructions may disqualify your vote.*

16.     *Election Deadline.*  The deadline for holders of Claims in Class 5 that have the right to make an election of the form of distributions pursuant to the Plan to make such election is on **June 7, 2023, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline").  If you received an Election Notice with an option to make an election, you

---

[7]    On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

must: (a) follow the instructions carefully; and (b) deliver all of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to actually effectuate your election through DTC's ATOP on or before the Election Deadline.

17.     ***Parties in Interest Not Entitled to Vote.***  Creditors in Class 14 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote.

18.     Creditors in Class 10 (Ordinary Course Customer Claims) and Class 13 (Convenience Claims) are deemed to accept the Plan and not entitled to vote.

19.     If a Claim is listed on the Debtor's list of creditors [Case No. 17-4780, ECF No. 262] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan.  Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

20.     If you have timely filed a proof of claim and disagree with the Debtor's classification of, or objection to, your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 43 of the Disclosure Statement Order and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection, if any, as to such Claim.  In accordance with Bankruptcy Rule 3018(a), as to any to

any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the **Voting Deadline (June 7, 2023, at 5:00 p.m. (Atlantic Standard Time), which corresponds to 5:00 p.m. prevailing Eastern Time**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line), to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

21. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.ra.kroll.com/puertorico/.

22. ***Parties Who Will Not Be Treated as Creditors***. Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

23.    *Additional Information*.  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Kroll Restructuring Administration LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@ra.kroll.com (with 'PREPA Solicitation' in the subject line), or may view such documents by accessing either https://cases.ra.kroll.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/.   Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

24.    *Bankruptcy Rules 2002(c)(3) and 3016(c))*.  **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

### Section 27(A) – Discharge and Release of Claims and Causes of Action:

1. **Complete Satisfaction, Discharge, and Release**

Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims or Causes of Action against PREPA and Reorganized PREPA that arose, in whole or in part, prior to the Effective Date, relating to the Title III Case, the Debtor or Reorganized Debtor or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action.  Upon the Effective Date, the Debtor and Reorganized Debtor shall be deemed discharged and released from any and all Claims, Causes of Action, and any other Debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and all Debts of the kind specified in Bankruptcy Code sections 502(g), 502(h), or 502(i), whether or not (a) a Proof of Claim based upon such Debt is filed or deemed filed under Bankruptcy Code section 501, (b) a Claim based upon such Debt is allowed under Bankruptcy Code section 502 (or is otherwise resolved), or (c) the Holder of a Claim based upon such Debt voted to accept the Plan; *provided*, for the avoidance of doubt, this Article XXVII.A.1 does not extend to or include any claims, rights, or defenses (whether ordinary or affirmative) of the Vitol Parties related to the Vitol-SCC AP preserved pursuant to the Vitol

14

Settlement Agreement, and the Vitol Parties are not releasing and instead is expressly preserving, all of its claims, rights, or defenses related to the Vitol-SCC AP as provided in the Vitol Settlement Agreement.

2. **Preclusion from Assertion of Claims Against the Debtor**

All Entities shall be precluded from asserting any and all Claims or other obligations, suits, judgments, damages, Debts, rights, remedies, Causes of Action, or liabilities, of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor and Reorganized Debtor and each of their respective Assets, property and rights, relating to the Title III Case, regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, Debts, rights, remedies, Causes of Action, or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action, or Debt of or against the Debtor and the Reorganized Debtor pursuant to Bankruptcy Code sections 524 and 944, applicable to the Title III Case pursuant to PROMESA section 301, and such discharge shall void and extinguish any judgment obtained against the Debtor or Reorganized Debtor and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, Debt, or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each Holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtor and Reorganized Debtor, and their respective Assets and property and all such Claims; *provided*, for the avoidance of doubt, this Article XXVII.A.2 does not extend to or include any claims, rights, or defenses (whether ordinary or affirmative) of the Vitol Parties related to the Vitol-SCC AP preserved pursuant to the Vitol Settlement Agreement, and the Vitol Parties are is not releasing and instead is expressly preserving, all of its claims, rights, or defenses related to the Vitol-SCC AP as provided in the Vitol Settlement Agreement.

3. **Injunction Related to Discharge of Claims**

Except as otherwise expressly provided in this Article XXVII of the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold, or may hold Claims or any other Debt or liability that is discharged or released pursuant to Article XXVII hereof or who have held, hold, or may hold Claims or any other Debt or liability that is discharged or released pursuant to Article XXVII hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other Debt or liability that is discharged or released pursuant to the Plan against any of the Released Parties or any of their respective Assets or property, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other Debt or liability that is discharged or released pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other Debt or liability that is discharged or released pursuant to the Plan, and (d) except to the extent provided, permitted, or preserved by Bankruptcy Code sections 553,

15

555, 556, 559, or 560 or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other Debt or liability that is discharged or released pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

### Section 27(B) – Releases by the Debtor and Reorganized Debtor:

Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtor and Reorganized Debtor, the Distribution Agent and each of the Debtor's and Reorganized Debtor's Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally, and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtor, Reorganized Debtor, and the Distribution Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event, or other circumstance relating to the Title III Case, the Fuel Line Lender PSA, the National PSA, or the Debtor taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs, or fees.

### Section 27(C) – Releases by Holders of Claims:

Notwithstanding anything contained in this Plan to the contrary, as of the Effective Date, for good and valuable consideration, each Holder of a Claim is deemed to have released and discharged the Debtor and the Reorganized Debtor from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtor, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including management, ownership, or operation thereof), the Debtor's in- or out-of-court restructuring efforts, intercompany transactions, the Title III Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Uninsured Bond Settlement Agreement, the Vitol Settlement Agreement, the Restructuring Transactions, the Fuel Line Lender PSA, the National PSA, or any contract, instrument, release, or other Definitive Documents, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Title III Case, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

16

### Section 27(D) – Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Title III Case, the formulation, preparation, dissemination, negotiation, or filing of the Fuel Line Lender PSA, the National PSA, Disclosure Statement, the Plan, the Uninsured Bond Settlement Agreement, the Vitol Settlement Agreement, or any Restructuring Transaction, contract, instrument, release or other Definitive Document, agreement, or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Title III Case, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. For the avoidance of doubt, notwithstanding anything contained herein to the contrary, the Plan shall not, and shall not be construed to, release or exculpate, any payment obligation under the applicable National Insurance Policy, to any beneficial holder of National Insured Bonds, in accordance with its terms solely to the extent of any failure of such holder to receive the treatment provided to Holders of Claims in Class 5 (or any claims that National may have against a beneficial holder of National Insured Bonds with respect to National's applicable obligations under the National Insurance Policies).

### Section 27(E) – Injunction

As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to this Article XXVII of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, derivatively, or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Article XXVII hereof; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration, or administrative proceeding in any forum, that does not comply with or its inconsistent with the provisions of the Plan or the Confirmation Order.

## Section 36(C) – Supplemental Injunction

Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Case or any Claim against the Debtor, whenever and wherever arising or asserted, whether in the U.S. or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

1.  Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

2.  Enforcing, attaching, collecting, or recovering, by any manner or means, any judgment, award, decree, or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

3.  Creating, perfecting, or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

4.  Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

5.  Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, *provided*, *however*, that the Debtor's compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: March 3, 2023
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and Management Board as representative for PREPA*

19