IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA |
| | TITLE III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO. 17 BK 3283-LTS |
| AS REPRESENTATIVE OF | |
| THE COMMONWEALTH OF PUERTO RICO | |
| DEBTOR | |

**MOTION TO SET ASIDE DISHCARGE AND REQUESTING RELIEF OF STAY**

**TO THE HONORABLE COURT:**

COMES NOW María De Los Ángeles Ortiz-Soto and Nilda Meléndez-Santana ("Movants"), through the undersigned counsel and very respectfully move the Court for an Order to set aside discharge and for relief of the stay, and in support of this motion, states and prays:

**I. PROCEDURAL BACKGROUND**

Movants, María De Los Ángeles Ortiz-Soto and Nilda Meléndez-Santana filed separate complaints against several parties, including the Commonwealth of Puerto Rico, alleging damages due to trips and falls occurred in a government's property. Said complaints were filed under Article 1802 of the Puerto Rico Civil Code of 1930, 31

L.P.R.A. 5141 and 32 L.P.R.A. 3077(a), Law of Claims and Suits against the Commonwealth-Authorization.

**i. Maria De Los Angeles Ortiz-Soto**

On February 11, 2021, movant María De Los Angeles Ortiz-Soto filed a Complaint against the Municipality of San Juan, captioned _María De Los Angeles Ortiz Soto v. Municipality of San Juan_, case number SJ2021cv00871, before the Puerto Rico Court of First Instance in San Juan, seeking monetary compensation for the damages suffered due to a fall she sustained on September 13, 2020. In said complaint, movant alleged that while she was walking on a sidewalk property of the Municipality of San Juan, she had a fall when one of her feet went down through a hole, suffering multiple body traumas.

Eventually, with leave of court, on February 11, 2022, an amended complaint was filed against the Commonwealth of Puerto Rico alleging that the Department of Transportation and Public Works had custody and control of the sidewalk where the fall occurred.

It was Ortiz-Soto's contention that both, The Municipality of San Juan and The Commonwealth of Puerto Rico, were jointly liable for the damages she suffered.

**ii. Nilda Melendez Santana**

On November 11, 2021, movant Nilda Melendez-Santana filed a Complaint against the Municipality of Guaynabo and its insurance company and against the Commonwealth of Puerto Rico, captioned <u>Nilda Meléndez-Santana v. Municipality of Guaynabo, et. al.</u> case number BY2021cv04644, before the Puerto Rico Court of First Instance in Bayamón, seeking monetary compensation for the damages suffered due to a fall she sustained on August 21, 2021. In said complaint, movant alleged that while she was crossing Carazo Street at the Municipality of Guaynabo, she had a fall when one of her feet tripped with an existing hole in the street, suffering multiple body traumas.

It was Meléndez Santana's contention that both, the Municipality of Guaynabo and The Commonwealth of Puerto Rico, were jointly liable for the damages she suffered.

**II. Discussion**

Although both complaints were filed for events that occurred after the enactment of "Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA"), 48 U.S.C. sec. 2101 et. seq., on January 18, 2022, this Honorable Court entered "Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment

of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority ("Confirmation Order"), which would be effective on March 15, 2022. **(Docket Entry 19813).**

Particularly, subsection 59 of the Plan of Adjustment states:

> **"59. Injunction on Claims. Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property [...]."**

Also, the Confirmation Order states on paragraph 44 that:

> **"Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court**

> **or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof."**

Pursuant to said Order and to the Plan of Adjustment, on April 5, 2022, the Commonwealth of Puerto Rico filed a Notice of Injunction in Ortiz's case, while on April 11, 2022, a Notice of Injunction was filed in Melendez's case.

Both Injunctions were granted, thus the cases were stayed.

On October 20, 2022, this Honorable Court entered "Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction" **(Docket Entry 22650)**

Said order stated that "the requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and after the applicable petition date with respect to the Commonwealth, ERS, and PBA and prior to the Effective Date: (i) Eminent Domain/Inverse Condemnation Claims, (ii) claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 et seq., (iii) claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 et seq., (iv) tax refund claims, and **(v) claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.**"

Pursuant to said order, movants filed within each of their respective cases, motions to reopen their litigation.

To each of the motions requesting the reopening, the Commonwealth of Puerto Rico filed its opposition on the grounds that both complaints demanded monetary compensation beyond the statutory limitation of $75,000 or $150,000, as applicable, contrary to the provisions of

subsection (v) of the October 20, 2022, Order. Thus, such cases continued stayed.

In both cases, movants alleged that the reason why both complaints demanded amounts of money beyond the statutory limits obeyed to the fact that other defendants were named and/or involved in the lawsuits. Also, it was expressly stated that, regardless of the amount of money demanded in the complaint, according to the Law of Claims and Suits against the Commonwealth, the Commonwealth was not obliged to pay any sum beyond the statutory limits in the event that a judgment be entered against it. (See, 32 L.P.R.A. 3077(a))

The Commonwealth's oppositions were granted, and the reopening of the proceedings were denied. Therefore, the cases remained stayed.

Very respectfully, movants request from this Honorable Court to give a less restrictive interpretation and a non-literal application of subsection (v) of the October 20, 2021, Order (Docket 22640), and consequently, set aside the discharge, enter a relief of stay and allow the reopening with respects to the cases of _Ortiz_ and _Meléndez_, permitting the litigations to proceed.

Section 362 (d)(1) of the Bankruptcy Code, *supra*, states that:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay---

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

In <u>Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280 (2d Cir. 1990), the Second Circuit Court of Appeals enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

(1) **Whether relief would result in a partial or complete resolution of the issues**;

(2) Lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of litigation;

(11) Whether the parties are ready for trial in the other proceeding; and

(12) **Impact of the stay on the parties and the balance of harms.**

Under *Sonnax*, supra, both cases, Ortiz's and Meléndez's, meets at least two of the factors therein enumerated.

Taking into consideration the factor regarding the balance of harm, the harm that would result to movants the continuation of the stay, would outweigh any harm that might be suffered by the Commonwealth of Puerto Rico if the discharge is set aside and the stay is lifted or modified.

Also, under Section 105 of the U.S. Bankruptcy Code and the Courts Equitable Powers, this Honorable Court can enter the relief herein requested.

Section 105 (a) states:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

If upheld, the strict interpretation given by the Commonwealth, and the literal application of the subsection(v) of the October 20, 2021, Order entered by this Honorable Court, will represent an unnecessary harm to movants, since the outcome of their respective cases will not infringe the provisions of said order, much less the provisions of PROMESA Title III case.

Moreover, nothing prevents that this Honorable Court, after setting aside the discharge and lifting or modifying the stay, determine that the movants are not allowed to execute any judgment against the Commonwealth of Puerto Rico in excess of the statutory limits if a judgment is entered in their favor.

Allowing Maria Ortiz's and Nilda Melendez's litigation to proceed would not interfere with PROMESA Title III case. Hence, the discharge of the debt of the

Commonwealth with respect to these two cases should be set aside.

Wherefore, it is respectfully requested from this Honorable Court, that the stay of captioned cases, *María De Los Angeles Ortiz Soto v. Municipality of San Juan*, case number SJ2021cv00871 and *Nilda Meléndez-Santana v. Municipality of Guaynabo, et. al.* case number BY2021cv04644, be lifted or modified, allowing the litigations to proceed.

I HEREBY CERTIFY that the forgoing document was filed with the Clerks of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico this 7th day of March, 2023.

s/ JUAN M. CANCIO-BIAGGI

JUAN M. CANCIO-BIAGGI
USDC-PR #229811
PMB 317
P.O. Box 70344
San Juan, P.R. 00936
Tel.: (787) 763-1211
Fax: (787) 763-1215
Email: jm@canciobiaggi.com