UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO
TO PARTIALLY SATISFIED AND PARTIALLY NO LIABILITY CLAIMS

Upon the *Four Hundred Ninety-Sixth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Partially Satisfied and Partially No Liability Claims* (Docket Entry No. 21749) (the "Four Hundred Ninety-Sixth Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), dated August 5, 2022, for entry of an order

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Ninety-Sixth Omnibus Objection.

disallowing in their entirety certain claims filed against the Debtor, as more fully set forth in the Four Hundred Ninety-Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Four Hundred Ninety-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Four Hundred Ninety-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in the column titled "Asserted" in Exhibit A to the Four Hundred Ninety-Sixth Omnibus Objection (collectively, the "Partially Satisfied and Partially No Liability Claims") have been satisfied in part and assert, in part, liabilities that failed to comply with the applicable rules for filing a proof of claim; and the Court having determined that the relief sought in the Four Hundred Ninety-Sixth Omnibus Objection is in the best interest of the Debtor, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Four Hundred Ninety-Sixth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Four Hundred Ninety-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Partially Satisfied and Partially No Liability Claims are hereby reduced and disallowed, such that the Partially Satisfied and Partially No Liability Claims shall now only be considered claims asserting the amount set forth in the column titled "Remaining Claim" in Exhibit A to the Four Hundred Ninety-Sixth Omnibus Objection, respectively; and it is further

ORDERED that the Debtors' rights to object the remaining portions of these claims, as set forth in the column titled "Remaining Claim" in Exhibit A to the Four Hundred Ninety-Sixth Omnibus Objection, is reserved; and it is further

ORDERED that Kroll is authorized and directed to designate as expunged and reduce the amount asserted in the Partially Satisfied and Partially No Liability Claims by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Remaining Claim" in Exhibit A to the Four Hundred Ninety-Sixth Omnibus Objection) from the official claims register in the Title III Case; and it is further

ORDERED that this Order resolves Docket Entry No. 21749 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 8, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge