UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING FOUR HUNDRED NINETY-NINTH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO
TO DUPLICATE LITIGATION CLAIMS AND UNNAMED PLAINTIFFS

Upon the *Four Hundred Ninety-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Duplicate Litigation Claims and Unnamed Plaintiffs* (Docket Entry No. 21756) (the "Four Hundred Ninety-Ninth Omnibus Objection")[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), dated August 5, 2022, for

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Ninety-Ninth Omnibus Objection.

entry of an order disallowing in their entirety certain claims filed against the Commonwealth, as more fully set forth in the Four Hundred Ninety-Ninth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Four Hundred Ninety-Ninth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Four Hundred Ninety-Ninth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the claims identified in the column titled "Claims to be Disallowed" in Exhibit A to the Four Hundred Ninety-Ninth Omnibus Objection (collectively, the "Claims to Be Disallowed") having been found to be duplicative of the Litigation Master Claims, as defined in the Four Hundred Ninety-Ninth Omnibus Objection; and the Court having determined that the relief sought in the Four Hundred Ninety-Ninth Omnibus Objection is in the best interest of the Commonwealth, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Four Hundred Ninety-Ninth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Four Hundred Ninety-Ninth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that the Commonwealth's right to object to the Litigation Master Claims is reserved; and it is further

ORDERED that Kroll is authorized and directed to designate the Claims to Be Disallowed as expunged on the official claims register in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 21756 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 8, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge
