UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING FIVE HUNDRED FORTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE)
OF THE COMMONWEALTH OF PUERTO RICO TO PARTIALLY SATISFIED OR NO LIABILITY CLAIMS

Upon the *Five Hundred Forty-Fourth Objection (Substantive) of the Commonwealth of Puerto Rico to Partially Satisfied, Deficient or No Liability Claims* (Docket Entry No. 22748) (the "Five Hundred Forty-Fourth Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Objecting Debtor"), dated October 28, 2022, for

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Forty-Fourth Omnibus Objection.

entry of an order modifying and allowing certain claims filed against the Objecting Debtor, as more fully set forth in the Five Hundred Forty-Fourth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Five Hundred Forty-Fourth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Five Hundred Forty-Fourth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that each of the claims identified in the column titled "Claims to Be Reduced and Allowed" in Exhibit A to the Five Hundred Forty-Fourth Omnibus Objection (collectively, the "Claims to Be Reduced and Allowed") has been partially satisfied or the Objecting Debtor otherwise has no liability for a portion of the claim, and that the remaining portion of the claim should be allowed; and the Court having determined that the relief sought in the Five Hundred Forty-Fourth Omnibus Objection is in the best interest of the Objecting Debtor, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Five Hundred Forty-Fourth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Five Hundred Forty-Fourth Omnibus Objection is GRANTED as set forth herein; and it is further

      ORDERED that the Claims to Be Reduced and Allowed are hereby modified and allowed as set forth in Exhibit A to the Five Hundred Forty-Fourth Omnibus Objection; and it is further

ORDERED that Kroll is authorized and directed to modify and allow the amounts of the Claims to Be Reduced and Allowed set forth on the official claims register in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 22748 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 8, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge