**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>  Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**DEBTOR'S PRELIMINARY LIST OF WITNESSES TO BE
OFFERED IN SUPPORT OF CONFIRMATION OF PLAN OF ADJUSTMENT**

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PROMESA")[2] (the Oversight Board, in its capacity as Title III representative of PREPA, is referred to as the "Debtor"), respectfully submits this Preliminary Fact Witness List (as defined below):

**Debtor's Preliminary Fact Witness List**

1. On March 3, 2023, the Court entered the *Amended and Restated Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 3305][3] (the "Order"). Under the Order, the Debtor is required "to file a preliminary fact witness list and topics about which each witness will testify" by March 11, 2023. Order ¶ 3.

2. In accordance with the Order, the Oversight Board files its preliminary fact witness list, setting forth an initial list of witnesses who may testify on behalf of the Debtor in support of confirmation of the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3296] (as it may be amended, modified, or supplemented, the "Plan")[4] and the topics about which each witness is expected to testify (the "Preliminary Fact Witness List"). The Oversight Board reserves the right to amend the Preliminary Fact Witness List as trial planning proceeds and to: (i) add or remove witnesses; and (ii) modify the topics about which witnesses may testify to address responses or objections interposed with respect to confirmation of the Plan or to further support confirmation of the Plan.[5]

1. <u>David A. Skeel, Jr.</u>: Chairperson of the Oversight Board: May provide fact testimony showing the Plan complies with the provisions of PROMESA section 314(b)(1), including, without limitation, that it complies with the provisions of Bankruptcy Code sections

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Unless otherwise specified, references to the docket are to Case No. 17-BK-04780-LTS.

[4] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

[5] Not identified on this Preliminary Fact Witness List are retained expert witnesses and non-retained experts whose testimony is expected to be limited to opinion testimony. Such witnesses, if any, will be identified pursuant to the deadlines established by the Order.

2

1122(a), 1122(b), 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b)(1), 1123(b)(2), 1123(b)(3), 1123(b)(5), 1123(b)(6), 1123(d), 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8) (if applicable), 1129(a)(10), 1129(b)(1), and 1129(b)(2), PROMESA section 314(b)(2), 314(b)(3), 314(b)(4), 314(b)(5), 314(b)(6), and 314(b)(7). Mr. Skeel may also provide testimony about facts showing (i) the Fuel Line Lender PSA, the National PSA, the Vitol Settlement Agreement, and Uninsured Bondholder Settlement Agreement (collectively, the "Plan Settlements") are reasonable, (ii) the releases, injunctions, and exculpation provisions provided in the Plan are reasonable and appropriate, integral to the Plan, and constitute an essential component of the compromises identified above and in the Plan, and (iii) certain of the Commonwealth statutes the Oversight Board contends are preempted, or portions thereof, are inconsistent with PROMESA.

2. Robert F. Mujica, Jr.: Executive Director of the Oversight Board: May provide testimony showing the Plan complies with the provisions of PROMESA section 314(b)(6) and 314(b)(7), and Bankruptcy Code sections 1122(a) and 1129(b)(1), specifically as those sections may relate to certain of the Oversight Board's considerations in formulating the Plan of Adjustment.

3. David Brownstein*: Managing Director, Citigroup Global Markets Inc.: May provide testimony showing the Plan complies with the provisions of PROMESA sections 314(b)(6) and 314(b)(7) and Bankruptcy Code section 1122(a). Mr. Brownstein may also provide testimony about facts showing (i) some or all of the Plan Settlements are reasonable, (ii) the releases provided in the Plan are reasonable and appropriate, integral to the Plan, and constitute an essential component of the compromises identified above and in the Plan, (iii) the Plan's structuring and consummation fees and professional reimbursement fees are fair and reasonable, (iv) the terms and structure of the New Bonds and CVI, and (v) the calculation of creditor recoveries.

4. Christina Pullo: Managing Director and Head of Restructuring Administration and Issuer Services at Kroll Restructuring Administration LLC[6]: May provide testimony showing (i) which Classes of Claims voted to accept the Plan in accordance with Bankruptcy Code section 1126(c) and as set forth in Bankruptcy Code section 1129(a)(8)(A), (ii) which Impaired Classes of Claims voted to accept the Plan, determined without including any acceptance of the Plan by an insider, in accordance with Bankruptcy Code section 1129(a)(10), (iii) the procedures employed in soliciting and tabulating votes, and (iv) the tabulation of validly tendered Bond Claims pursuant to the Settlement Offer.

5. Sheva Levy*: Principal at Ernst & Young, LLP: May provide testimony showing (i) the historical and recent contributions to and funded status of the pension system maintained for employees of PREPA, SREAEE (ii) a description of the estimated claim amount and proposed treatment of the claim of the pension system pursuant to the Plan (iii) a description of the estimated proposed recovery of pension claim, (iv) the estimated timeline

---

[6] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

for SREAEE insolvency absent additional funding or reform, and (v) the funding needed for and structure of the PayGo Trust pursuant to the Plan.

6. <u>Juan Santambrogio</u>*: Managing Director at Ernst & Young, LLP: May provide testimony regarding the sources and uses of PREPA's cash at or around the effective date of the Plan.

7. <u>Ojas Shah</u>*: Partner at McKinsey & Company: May provide testimony explaining the best interest test analysis in the Disclosure Statement and showing the Plan is in the best interest of the creditors of the Debtor under PROMESA section 314(b)(6).

8. <u>Mark Shankweiler</u>*: Managing Director of Berkeley Research Group, LLC: May provide testimony showing the reasonableness of the assumptions made with respect to (i) the estimated total amount of allowed general unsecured claims asserted against the Debtor, (ii) the estimated total amount of allowed eminent domain/inverse condemnation claims asserted against the Debtor, and (iii) the estimated total amount of allowed federal claims asserted against the Debtor.

9. <u>William P. Zarakas</u>*: Principal at Brattle Group Inc.: May provide testimony showing the derivation of the Legacy Charge proposed in the Plan, and that the Plan is feasible, consistent with PROMESA section 314(b)(6). Mr. Zarakas may also provide testimony showing the Plan is consistent with the Fiscal Plan (PROMESA section 314(b)(7)), specifically showing: (i) the revenue forecast; and (ii) that load projections are consistent with the projection in the fiscal plan. Mr. Zarakas may also provide testimony about facts supporting that the Plan complies with the provisions of Bankruptcy Code sections 1129(b)(1) and 1129(b)(2).

10. <u>Ellen S. Smith</u>: Senior Managing Director at FTI. May provide testimony regarding the condition of PREPA, including the transmission and distribution system and generation plants and systems, and the capital improvements necessary to bring the performance of the systems to industry standards.

11. <u>Witnesses to be identified</u> may testify, if needed, as to the authenticity of certain of the documents the Oversight Board may offer in evidence in connection with the confirmation hearing on the Plan.

\* Witnesses identified with an asterisk ("\*") may also offer opinion testimony pursuant to Fed. R. Civ. P. 26(a)(2)(c). The Debtor will file the disclosure required for each such witness at the time expert witnesses are required to be disclosed.

**WHEREFORE** the Debtor respectfully requests the Court take notice of the foregoing.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: March 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Martin J. Bienenstock<br>Martin J. Bienenstock<br>Ehud Barak<br>Margaret A. Dale<br>Michael T. Mervis<br>Daniel S. Desatnik<br>Elliot R. Stevens<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>Paul V. Possinger<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>70 West Madison, Suite 3800<br>Chicago, IL 60602<br>Tel: (312) 962-3550<br>Fax: (312) 962-3551<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*<br><br>/s/ Hermann D. Bauer<br><br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br>*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor* |

5