Hearing Date:  June 7, 2023 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
Objection Deadline: March 30, 2023 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

_____/

## SUMMARY COVER SHEET FOR THE FINAL FEE APPLICATION OF GENOVESE JOBLOVE & BATTISTA, P.A., AS SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF <u>AUGUST 1, 2022 THROUGH DECEMBER 31, 2022</u>

**All Fees and Services included in this Final Application were performed outside of Puerto Rico**

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Genovese Joblove & Battista, P.A. ("<u>GJB</u>") |
| Authorized to provide professional services to: | Special Litigation Counsel for the Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| Name of Client: | Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) |
|---|---|
| Petition Date: | May 3, 2017[3] |
| Date of retention: | May 31, 2019, effective as of April 16, 2019 [Docket No. 7181] |
| Period for which compensation and reimbursement are sought: | August 1, 2022 – December 31, 2022 (the "Application Period") |
| Amount of final compensation sought as actual, reasonable, and necessary: | $21,574.00 [4] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $2,069.08 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | N/A |
| Total compensation approved by interim order to date: | $657,907.05 (First Interim Fee Order ECF No. 9046) $1,339,434.84 (Second Interim Fee Order ECF No. 13296) $1,171,906.40 (Third Interim Fee Order ECF No. 13824) $887,215.20 (Fourth Interim Fee Order ECF No. 15971) $499,302.23 (Fifth Interim Fee Order DE 17646) $327,033.50 (Sixth Interim Fee Order DE 18371) $163,364.88 (Seventh Interim Fee Order DE 20412) $278,543.20 (Eighth Interim Fee Order DE 22727) $117,740.40 (Ninth Interim Fee Order DE 23408) |

---

[3] The Petition Date for the Commonwealth under Title III was May 3, 2017. The petition date for COFINA under Title III was May 5, 2017. The petition date for ERS and HTA under Title III was May 21, 2017. The Petition Date for PREPA under Title III was July 2, 2017.

[4] The full amount of fees incurred by GJB during the Application Period total $21,574.00. GJB agreed taking a voluntary fee reduction equal to 20% in the amount of $4,314.80 and, thereby, seeks allowance and payment of fees in the amount of $17,259.20. By the time of the hearing on this Application, a portion of this amount should have been paid by the Debtors pursuant to the Interim Compensation Order, and GJB reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

| Total expenses approved by interim order to date: | $3,848.56 (First Interim Fee Order ECF No. 9046)<br>$43,602.27(Second Interim Fee Order ECF No. 13296)<br>$33,296.95 (Third Interim Fee Order ECF 13824)<br>$54,671.58 (Fourth Interim Fee Order ECF No. 15971)<br>$31,381.55 (Fifth Interim Fee Order DE 17646)<br>$37,092.49 (Sixth Interim Fee Order DE 18371)<br>$30,614.97 (Seventh Interim Fee Order DE 20412)<br>$19,344.38 (Eighth Interim Fee Order DE 22727)<br>$11,383.83 (Ninth Interim Fee Order DE 23408) |
|---|---|
| Total allowed compensation paid to date: | $5,442,447.70 |
| Total allowed expenses paid to date: | $265,236.58 |
| Blended rate in this Application for all attorneys: | $591.09/hour[5] |
| Blended rate in this Application for all timekeepers: | $383.88/hour |
| Total compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Total expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed. | $0.00 |
| Total time expended for fee application preparation during the Application Period: | 50.00 hrs[6] |
| Total compensation requested for fee application preparation during the Application Period: | $18,009.00 |
| Number of professionals included in this Application: | 5 |

---

[5] The calculation of the blended hourly rates reflected in this Application Period does not take into account GJB's agreement to reduce its fees by an amount equal to 20% of its hourly rates.

[6] The hours allocated for preparation of fee application include 6.60 hours which were inadvertently entered under the incorrect task code B191 – General Litigation. *See* paragraph 64.

| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | N/A |
|---|---|
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 3 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | None. |

**SUMMARY OF PRIOR MONTHLY FEE STATEMENTS FOR THE COMPENSATION
PERIOD AUGUST 1, 2022 THROUGH DECEMBER 31, 2022**

**N/A**

## **Summary of Amounts Requested to be Paid**

Total Unpaid Fees: **$21,574.00**

Total Unpaid Expenses: **$2,069.08**

Total 10% Holdback on Fees: **$2,157.40**

Reimbursement for 29% Tax Withholding: **N/A**

Reimbursement for 1.5% Government Contribution: **N/A**

Less expenses voluntarily reduced herein: **N/A**

**Total Amount Requested to be Paid in Fees and Expenses for this period: $19,328.28.**

# PRIOR INTERIM FEE APPLICATIONS

### *First Interim Fee Application*

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 7/15/19 | 7994 | April 19, 2019-May 31, 2019 | $691,742.25 | $553,393.80 | $498,054.42 | $55,339.38 | $10,373.05 |

### *Second Interim Fee Application*

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 11/15/19 | 9213 | June 1, 2019-September 30, 2019 | $1,728,948.00 | $1,383,158.40 | $1,244.842.56 | $138,315.84 | $43,602.27 |

### *Third Interim Fee Application*

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 3/15/20 | 12409 | October 1, 2019-January 31,2020 | $1,494,787.75 | $1,195,830.20 | $1,076,247.18 | $119,583.02 | $33,296.95 |

### *Fourth Interim Fee Application*

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 11/16/20 | 15142 | February 1,2020 -August 31,2020 | $1,124,542.00 | $899,633.60 | $809,670.24 | $89,963.36 | $56,687.18 |

### *Fifth Interim Fee Application*

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 03/15/21 | 16068 | September 1 2020 - January 31, 2021 | $499,302.23 | $399,441.78 | $359,497.62 | $39,944.16 | $31,381.55 |

### Sixth Interim Fee Application

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 07/15/21 | 17365 | February 1, 2021-April 30, 2021 | $327,033.50 | $261,626.80 | $235,464.12 | $26,162.68 | $37,092.49 |

### Seventh Interim Fee Application

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 11/15/21 | 19219 | June 1, 2021 – September 30, 2021 | $204,609.00 | $163,687.20 | $147,318.48 | $16,368.72 | $33,089.07 |

### Eighth Interim Fee Application

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 08/31/22 | 21992 | October 1, 2021 – December 31, 2021 | $349,725.50 | $279,780.40_ ____ | $251,802.36_ __ | $25,180.24 ____ | $19,344.38 |

### Ninth Interim Fee Application

| Date Filed | DE# | Period Covered | Total Fees | 20% Discount | Fees Requested (90%) | Holdback (10%) | Expenses Requested |
|---|---|---|---|---|---|---|---|
| 11/15/2022 | 22880 | January 1, 2022 – July 31, 2022 | $147,175.50 | $117,740.40 | $105,966.36 | $11,740.04 | $11,922.93 |

## <u>SUPPORTING CERTIFICATION, EXHIBITS, AND SCHEDULES</u>

In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits and Schedules:

| | |
|---|---|
| EXHIBIT A | CERTIFICATION OF MARIAELENA GAYO-GUITIAN IN SUPPORT OF APPLICATION |
| EXHIBIT B | CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES |
| EXHIBIT C | SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION |
| EXHIBIT D | BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD |
| EXHIBIT E | SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY |
| EXHIBIT E-1 | SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY AS COMPARED TO BUDGET |
| EXHIBIT E-2 | SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY |
| EXHIBIT F | BREAKDOWN OF COMPENSATION AND EXPENSE REIMBURSEMENT REQUESTED AND BY WHETHER SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE PUERTO RICO |
| SCHEDULE 1 | LIST OF PROFESSIONALS BY MATTER |
| SCHEDULE 2 | MONTHLY STATEMENTS COVERED IN APPLICATION |
| SCHEDULE 3 | PROPOSED ORDER |

Hearing Date: June 7, 2023 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
Objection Deadline: March 30, 2023 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| **THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,** | **No. 17 BK 3283-LTS** |
| as representative of | **(Jointly Administered)** |
| **THE COMMONWEALTH OF PUERTO RICO,** *et al.*, | |
| Debtors.[7] | |

_____/

**FINAL APPLICATION OF GENOVESE JOBLOVE & BATTISTA, P.A, SPECIAL
LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PERIOD FROM
AUGUST 1, 2022 THROUGH DECEMBER 31, 2022**

To The Honorable United States District Judge Laura Taylor Swain:

Genovese Joblove & Battista, P.A. ("GJB"), special litigation counsel to the Official

Committee of Unsecured Creditors (the "Committee"), in the above-captioned Title III cases (the

"Title III Cases")[8] hereby submits its Final Fee Application (the "Application") for allowance of

compensation for professional services rendered, and reimbursement for actual and necessary

---

[7] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[8] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

8

expenses incurred in connection with such services, for the period from August 1, 2022 through December 31, 2022 (the "Application Period").

On February 15, 2022, former GJB attorneys John Arrastia ("J. Arrastia"), Jesus Suarez ("J. Suarez") and Angelo Castaldi ("A. Castaldi") formed the law firm, Continental, PLLC ("Continental") and took over representation of the Committee as special litigation counsel for the Committee.  In connection with the foregoing, Arrastia, Suarez and Castaldi filed Notices of Appearance and Request for Notices and Papers [D.E. 20136].  On February 28, 2022, Continental filed their Informative Motion Regarding Change of Firm and Address, and Proposed Substitution of Counsel [Docket No. 20225].  As a result of the foregoing, GJB no longer is representing any party in these proceedings and thereby submits its Final Fee Application.  GJB submits this Application pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[9] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), *Appendix B of the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Interim Compensation Order") [Docket No. 1715]; the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Second Interim Compensation Order") [Docket No. 3269]; the Fee Examiner's November 10,

---

[9] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

2017 Memorandum (the "Fee Examiner Memorandum"); the Court's *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness requirements for Professional Fee Applications* (the "Presumptive Order") [Docket No. 3932]; the Court's *Order Imposing Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or Other Sub-retained Professionals* (the "Revised Presumptive Order") [Docket No. 7678] and the *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals* [Docket No. 20546] ("Third Interim Compensation Order"). In support of the Application, GJB submits the Certification of Mariaelena Gayo-Guitian (the "Gayo-Guitian Certification"), attached as **Exhibit A**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction to consider and determine this Tenth and Final Application pursuant to PROMESA section 306(a). Venue is proper before this Court pursuant to PROMESA section 307(a). The statutory predicates for the relief requested herein are PROMESA sections 316 and 317, Bankruptcy Rule 2016 and Local Rule 2016-1.

2.      This Application has been prepared in accordance with the Guidelines and the Third Interim Compensation Order. Attached as **<u>Exhibit A</u>** is a certification regarding compliance with the Local Guidelines.

3.      This Application is consistent with the Third Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"). To the extent necessary, GJB requests a waiver for cause shown of any requirements not met by this Application.[10]

---

[10] The Committee and GJB reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee

## BACKGROUND

A.   **Case Background**

4.      On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA (the "Commonwealth Title III Case"). Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS Title III Case"), the Puerto Rico Highways and Transportation Authority (the "HTA Title III Case"), and the Puerto Rico Electric Power Authority (the "PREPA Title III Case") (and together with the Commonwealth Title III Case, the "Title III Cases").[11] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

5.      On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. Thereafter, the U.S. Trustee modified the composition of the Committee membership [Docket Nos. 1171, 3058, and 3947], such that, currently, the members of the Committee are the American Federation of Teachers, Baxter Sales and Distribution Puerto Rico Corp., Doral Financial Corporation, Genesis Security Services, Inc., Service Employees International Union, Tradewinds Energy Barceloneta, LLC, and Unitech Engineering Group, S.E. (the "Committee Members") [Docket No. 3947].

6.      On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the

---

Guidelines with respect to any application for compensation in these cases.

[11] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

PREPA Title III Case.

### B.       Retention of Genovese Joblove & Battista, P.A.

7.       On April 16, 2019, the Committee selected GJB as proposed special litigation counsel to the Committee in connection with the evaluation and analysis of potential causes of action and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the offering of (a) the Commonwealth's General Obligation bonds ("GO Bonds"), (b) bonds issued by the Public Buildings Authority ("PBA"), and (c) bonds issued by ERS ("ERS"), including bond counsel, disclosure counsel, underwriters, underwriters' counsel, swap counterparties, or auditors (collectively, the "Financial Party Targets").

8.       The retention of GJB as special litigation counsel was necessary and appropriate because the Committee's primary counsel, Paul Hastings, LLP ("Paul Hastings") represents certain of the Financial Party Targets (or their affiliates) in matters unrelated to the Title III Cases.

9.       On April 26, 2019, the Court approved the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors to Joint Prosecution of Debtor Causes of Action* [Doc No. 6524 ] (the "Joint Prosecution Stipulation"). In connection with the prosecution of such claims or causes of action, the Oversight Board agreed to the appointment of the members of the Special Claims Committee of the Oversight Board ("Special Claims Committee"), on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings.

10.       As set forth in the Engagement Agreement dated April 30, 2019, GJB was retained by and authorized to represent the Committee as special litigation counsel and conflicts counsel in connection with, among other matters, the evaluation and analysis of potential causes of action

and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the involved in the offering of (a) the Commonwealth's General Obligation bonds, (b) bond issued by the Public Buildings Authority, and (c) bonds issued by ERS, including underwriters, underwriters' counsel, swap counterparties, disclosure counsel, and auditors (collectively, the "Financial Party Targets").

11.     On April 30, 2019, the Committee filed the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing Employment and Retention of Genovese Joblove & Battista, P.A. as Special Litigation Counsel to Official Committee of Unsecured Creditors, Effective as of April 16, 2019* [Docket No. 6661] (the "GJB Employment Application").

12.     On May 31, 2019, the Court entered the *Order Authorizing Employment and Retention of Genovese, Joblove & Battista, P.A. as Special Litigation Counsel to Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 1103(A) and Local Rule 2014-1(e), Effective as of April 16, 2019* [Docket No. 7181] (the "Retention Order").

13.     GJB's retention extends to the representation of the Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of GJB, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order."

14.     The Retention Order authorized GJB to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of GJB shall be an administrative

expense." In addition, as provided in the Retention Order, the Committee has consented to the Debtors' payment of GJB's allowed fees and expenses.

15.     On February 15, 2022, former GJB attorneys J. Arrastia, J. Suarez and A. Castaldi formed the law firm, Continental and took over representation of the Committee as special litigation counsel for the Committee.  As a result of the foregoing, GJB no longer is representing any party in these proceedings and thereby submits its Final Fee Application.

### C.     Interim Compensation and Fee Examiner Orders

16.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 1150].

17.     On October 6, 2017, the Court appointed a Fee Examiner in these Title III Cases (the "Fee Examiner") pursuant to the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

18.     On October 31, 2017, the Fee Examiner filed the *Urgent Motion of the Fee Examiner to Amend the Interim Compensation Order, Including the Due Date and Hearing Date for Interim Compensation* [Docket No. 1594].

19.     On November 8, 2017, the Court entered the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 1715].

20.     On November 10, 2017, the Fee Examiner issued a memorandum, and on January 3, 2018, the Fee Examiner issued a supplemental memorandum (together, the "Fee Examiner Guidelines") to all retained professionals in these Title III Cases providing additional guidelines in connection with the Interim Compensation Order.

21.     On May 8, 2018, the Fee Examiner filed the *Motion of the Fee Examiner to Amend the Fee Examiner Order with Respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* [Docket No. 3032] (the "Motion to Amend the Fee Examiner Order").

22.     On May 23, 2018, the Oversight Board and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") filed a *Joint Motion for Entry of an Order Further Amending the Interim Compensation Order* [Docket No. 3133].

23.     On June 6, 2018, the Court entered the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Second Interim Compensation Order") [Docket No. 3269].

24.     On June 20, 2018, the Court entered the *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Docket No. 3324] (the "Amended Fee Examiner Order").

25.     On June 26, 2019, the Court entered the *Order Imposing Additional Standards: Rate Increases and the Retention of Expert Witnesses or Other Sub-Retained Professionals* [Docket No. 7678].

26.     On April 12, 2022, the Court entered the *Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Third Interim Compensation Order")* [Doc. No. 20546], and in accordance therewith, GJB and other professionals retained in these Title III Cases were authorized to serve upon the parties identified therein (the "Notice Parties") monthly fee statements (the "Monthly Fee Statements").

27.     Pursuant to the Third Amended Interim Compensation Order, the Notice Parties have ten (10) days from the date of service of the Monthly Fee Statement to object to the amounts requested. If no objection is filed prior to expiration of the objection period, the Commonwealth

is authorized to pay the respective professionals 90% of the fees and 100% of the expenses sought in each Monthly Fee Statement.

### D.    **Applications for Interim Compensation**

28.    In addition to the Monthly Fee Statements, the Third Interim Compensation Order directed professionals to seek interim allowance and payment of compensation (including the 10% held back from Monthly Fee Statements) and expense reimbursement at 120-day intervals (each an "Interim Fee Period") by filing with the Court and serving on the Notice Parties an application for approval and allowance of all compensation and reimbursement of expenses relating to services rendered and expenses incurred during the preceding Interim Fee Period (*see* Interim Compensation Order at ¶2(d)).

29.    On July 15, 2019, GJB filed its First Interim Fee Application for the period from April 16, 2019 through May 31, 2019 [ECF No. 7994] (the "First Interim Fee Application").  The hearing on the First Interim Fee Application was held on October 30, 2019 at 9:30 a.m.

30.    On October 29, 2019, the Court entered the *Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Sixth Compensation Period from February 1, 2019 through May 31, 2019* [ECF No. 9046] (the "First Interim Fee Order").  Pursuant to the First Interim Fee Order, GJB was awarded $657,907.05 in fees and reimbursement of expenses in the amount of $3,848.56.

31.    On November 15, 2019, GJB filed its Second Interim Fee Application for the period from June 1, 2019 through September 30, 2019 [ECF No. 9213] (the "Second Interim Fee Application").  The hearing on the Second Interim Fee Application was held on March 4, 2020 at 9:30 a.m. and was continued to April 22, 2020 at 9:30 a.m.

32.    On June 1, 2020, the Court entered the *Second Supplemental Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and*

*Reimbursement of Expenses for the Seventh Interim (June 1- September 30, 2019) and Prior Compensation Periods* [ECF No. 13296] (the "Second Interim Fee Order"). Pursuant to the Second Interim Fee Order, GJB was awarded $1,339,434.84 in fees and reimbursement of expenses in the amount of $43,602.27.

33.     On March 16, 2020, GJB filed its Third Interim Fee Application for the period from October 1, 2019 through January 31, 2020 [ECF No. 12409] (the "Third Interim Fee Application"). The hearing on the Third Interim Fee Application was held on July 29, 2020 at 9:30 a.m. [ECF No. 12410].

34.     On July 24, 2020, the Court entered the *Omnibus Order Awarding (I). Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Eighth Interim (October 1, 2019-January 31, 2020) and Prior Compensation Periods; (II) Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Final Fee Period* [ECF No. 13824] (the "Third Interim Fee Order"). Pursuant to the Third Interim Fee Order, GJB was awarded $1,171,906.40 in fees and reimbursement of expenses in the amount of $33,296.95.

35.     On November 16, 2020, GJB filed its Fourth Interim Fee Application for the period from February 1, 2020 through August 31, 2020 [ECF No. 15142] (the "Fourth Interim Fee Application").

36.     On March 8, 2021, the Court entered the *Omnibus Order Awarding (I). Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Eighth Interim (June 1, 2020-September 30, 2020) and Prior Compensation Periods; (II) Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Final Fee Period* [ECF No. 15971] (the "Fourth Interim Fee Order"). Pursuant

to the Fourth Interim Fee Order, GJB was awarded $887,215.80 in fees and reimbursement of expenses in the amount of $54,671.58.

37.     On April 15, 2021, GJB filed its Fifth Interim Fee Application for the period from September 1, 2020 through January 31, 2021 [ECF No. 16068] (the "Fifth Interim Fee Application").

38.     On August 3, 2021, the Court entered the *Omnibus Order Awarding (I). Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Eleventh Interim (October 1, 2020-January 31, 2021) and Prior Compensation Periods;* [ECF No. 17646] (the "Fifth Interim Fee Order").  Pursuant to the Fifth Interim Fee Order, GJB was awarded $393,780.03 in fees and reimbursement of expenses in the amount of $28,860.55.

39.     On April 15, 2021, GJB filed its Sixth Interim Fee Application for the period from February 1, 2021-May 1, 2021 [ECF No. 17365] (the "Sixth Interim Fee Application").

40.     On October 4, 2021, the Court entered the *Omnibus Order Awarding (I). Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Twelfth Interim (February 1, 2021-May 31, 2021) and Prior Compensation Periods* [ECF No. 18371] (the "Sixth Interim Fee Order").  Pursuant to the Sixth Interim Fee Order, GJB was awarded $260,272.72 in fees and reimbursement of expenses in the amount of $35,727.69.

41.     On November 15, 2021, GJB filed its Seventh Interim Fee Application for the period from June 1, 2021 through September 30, 2021 [ECF No. 19219] (the "Seventh Interim Fee Application").

42.     On March 18, 2022, the Court entered the *Omnibus Order Awarding: Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Thirteenth Interim (June 1, 2021 – September 30, 2021) and Prior Compensation Periods* [ECF No. 20412] (the "Seventh Interim Fee Order"). Pursuant to the Seventh Interim Fee Order,

GJB was awarded $163,364.88 in fees and reimbursement of expenses in the amount of $30,614.97.

43.     On August 31, 2022, GJB filed its Eighth Interim Fee application for the period from October 1, 2021 – December 31, 2021 [ECF No. 21992] (the "Eighth Interim Fee Application").

44.     On October 28, 2022, the Court entered the *Supplemental Omnibus Order Awarding: Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Fifteenth Interim (February 1, 2022 – May 31, 2022) and Prior Compensation* Periods [ECF No. 22727] (the "Eighth Interim Fee Order"). Pursuant to the Eighth Interim Fee Order, GJB was awarded $278,543.20 in fees and reimbursement of expenses in the amount of $19,344.38.

45.     On November 15, 2022, GJB filed its Ninth Interim Fee application for the period from January 1, 2022 – July 31, 2022 [ECF No. 22880] (the "Ninth Interim Fee Application").

46.     On January 27, 2023, the Court entered the *Omnibus Order Awarding: Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Sixteenth Interim (June 1, 2022 – September 30, 2022) and Prior Compensation Periods; (II) Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Final Fee Period for Certain Professionals* [ECF No. 23408] (the "Eighth Interim Fee Order"). Pursuant to the Eighth Interim Fee Order, GJB was awarded $117,740.40 in fees and reimbursement of expenses in the amount of $11,383.83.

## COMPENSATION AND REIMBURSEMENT REQUEST

47.     By this Application, GJB seeks an order authorizing (a) allowance of final compensation for professional services rendered to the Committee during the Application Period in the aggregate amount of $21,574.00 and (b) allowance of reimbursement of actual and necessary

19

expenses incurred by GJB in the aggregate amount of $2,069.08. These amounts were for legal services provided to the Committee in connection with the Commonwealth Title III case.

48.     During the Application Period, GJB attorneys and paraprofessionals expended a total of 56.20 hours for which compensation is requested. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Committee.

49.     As a courtesy to the Committee and based on circumstances unique to the Title III Case, during the Application Period GJB voluntarily applied a 20% discount of its hourly rates totaling $4,314.80. For details regarding the waived fees, please see the Certification of Mariaelena Gayo-Guitian filed concurrently.

50.     As noted herein, by this Final Fee Application, GJB seeks final approval, and final allowance and payment of all fees and expenses incurred for services rendered during the Application Period and of all previously requested compensation (including all paid amounts and holdbacks).

51.     There is no agreement or understanding between GJB and any other person other than the attorneys, employees, and staff of GJB, for the sharing of compensation to be received for services rendered in these cases.

52.     GJB maintains computerized records, in the form of monthly statements, of the time spent by all GJB's attorneys and paraprofessionals in connection with its representation of the Committee. The monthly statements are in the same form regularly used by GJB to bill its clients for services rendered and include the date that the services were rendered, a detailed, and contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

53.     The fees charged by GJB in the Title III Case are billed in accordance with its

existing billing rates and procedures in effect during the Application Period. The rates GJB charges for the services rendered by its professionals and paraprofessionals in the Title III Case are comparable to the rates GJB charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.

54.     GJB's rates are set at a level designed to fairly compensate GJB for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. GJB operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors.  Accordingly, GJB set its rates for attorneys and paraprofessionals both in the restructuring group and related litigation groups within the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, GJB's endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

55.     As is customary, and as permitted pursuant to paragraph 2 of the Retention Order, every year GJB reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.

56.     GJB's professional services during the Application Period required an aggregate expenditure of 56.20 recorded hours by GJB's attorneys and paraprofessionals broken down as follows: partners (30.70) and paraprofessionals (25.50). During the Application Period, GJB's billing rates for attorneys rendering services in this matter ranged from $305.00 to $765.00 per hour. As a courtesy to the Committee, no rate increases were made in January 2022 for the

incoming year.

57.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or GJB has for any other reason not sought compensation or reimbursement with respect to such services or expenses, GJB reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

58.    Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibits are attached hereto and incorporated by reference:

- Exhibit A- Certification of Mariaelena Gayo-Guitian

- Exhibit B- contains disclosures regarding "customary and comparable compensation."

- Exhibit C contains a summary of GJB's timekeepers included in this Application.

- Exhibit D contains the budgets for GJB's services during the Application Period.

- Exhibit E contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period, and (b) a further breakdown of the compensation requested by project category and matter number.

- Exhibit E-1 contains summary of compensation requested by project category as compared to budget.

- Exhibit E-2 contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in GJB's monthly statements.

- Exhibit F contains a breakdown of compensation and expense reimbursement requested by Debtors and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- Schedule 1 contains a list of the professionals providing Services during the Application Period by matter.

- Schedule 2 includes the monthly fee statements covered in this

Application.

- <u>Schedule 3</u> includes the proposed order approving this Application.

<b><u>SUMMARY OF SERVICES PERFORMED BY GJB DURING
THE APPLICATION PERIOD</u></b>

59.     Set forth below is a description of the professional services rendered by GJB during the Application Period broken down by project category. The following services described are not intended to be a comprehensive summary of the work performed by GJB. Detailed descriptions of all services rendered by GJB can be found in the detailed time records reflecting the services performed by GJB's professionals, the time expended by each professional, and the hourly rate of each professional, annexed to the Monthly Fee Statements attached as Schedule 2 and such descriptions are incorporated herein by reference.

60.     GJB respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases. Accordingly, in light of the nature and complexity of these Title III cases, GJB's charges for professional services performed and expenses incurred are reasonable under applicable standards.  For all these reasons, GJB respectfully requests that the Court grant the Application and allow final compensation for professional services performed and reimbursement for expenses as requested.

61.     For ease of reference and transparency purposes, GJB created several matter numbers for its representation of the Committee.  The matter numbers are divided as follows:

| Matter ID | Matter Name |
|-----------|-------------|
| 001 | Official Committee of Unsecured Creditors |
| 002 | PREPA Adversary Litigation |
| 003 | ERS Adversary Litigation |
| 004 | HTA Adversary Litigation |

23

| 005 | Kobre & Kim Investigation Report Database Review |

## I.    Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico

### (Matter ID 001)

**(a)    _Fee/Employment Applications (GJB) (Task Code B160)_**
Fees:  $16,617.00                    Total Hours: 43.40

62.    During the Application Period, GJB prepared and filed its Ninth Interim Fee Application and related exhibits [Doc No. 22880]. GJB also responded to inquiries from the Fee Examiner.

**(b)    _Fee/Employment Objections (Task Code B170)_**
Fees:  $3,565.00                    Total Hours: 6.20

63.    During the Application Period, GJB, among other things, had communications with Mr. Nicholas Hahn related to PRRADA Disclosures.  Additionally, GJB had communications with the Fee Examiner related to resolution of comments and objections to GJB's Eighth Interim Fee Application.

**(c)    _General Litigation (Task Code B191)_**
Fees:  $1,392.00                    Total Hours: 6.60

64.    The hours allocated in the General Litigation category were inadvertently entered under the incorrect task code and pertain to Fee/Employment Applications (Task Code B160).

## II.    PREPA (Matter ID 002)

65.    During the Application Period there was no time billed in this matter.

## III.    ERS (Matter ID 003) – N/A

66.    During the Application Period there was no time billed in this matter.

## IV.    HTA (Matter ID 004) – N/A

67.    During the Application Period there was no time billed in this matter.

V.        **Kobre & Kim Investigation Report Database Review (Matter ID 005)- N/A**

68.     During the Application Period there was no time billed in this matter.

## ATTENDANCE AT HEARINGS

69.     In accordance with the presumptions set forth in the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Docket No. 3932] (the "Presumptive Standards Order"), GJB provides the following summary regarding the attendance of GJB's professionals at Court hearings:

- GJB did not attend Court hearings during the Application Period.

## ACTUAL AND NECESSARY DISBURSEMENTS

70.     As set forth in Exhibit D-2, GJB disbursed $2,069.08 as expenses incurred in providing professional services during the Application Period.

71.     The time constraints imposed by the circumstances of the matters handled by GJB during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee. These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other GJB employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy. GJB's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

72.     GJB believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services.  In addition, GJB believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's

Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## **REQUESTED COMPENSATION SHOULD BE ALLOWED**

73.     Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

(a)     In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(i)     the time spent on such services;

(ii)     the rates charged for such services;

(iii)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(iv)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee may apply to the court not more than once every 120 days for such compensation for services rendered.

74.     In the instant case, GJB respectfully submits that the services for which it seeks

compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties. Accordingly, the compensation requested is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

75.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible, GJB sought to minimize the costs of GJB's services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments. A small group of the same GJB attorneys was utilized for the vast majority of the work in order to minimize the costs of intra-GJB communication and education about the Title III Cases. As demonstrated by this Application, GJB spent its time economically and without unnecessary duplication. Accordingly, approval of the compensation sought herein is warranted.

## **NOTICE**

76.     In accordance with the Interim Compensation Order, GJB will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson; and (vii) counsel to the

Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

## **CONCLUSION**

**WHEREFORE**, GJB respectfully requests entry of an order, substantially in the form attached hereto as Schedule 3, (i) allowing final compensation for professional services rendered during the Application Period in the amount of $21,574.00, representing 100% of the fees billed during the Application Period plus 10% holdbacks in the amount $1,725.92 (not including GJB"s voluntary fee reduction equal to 20% in the amount of $4,314.80) and reimbursement of $2,069.08, representing 100% of the actual and necessary expenses incurred during the Application Period (ii) authorizing and directing the Debtors' payment of the fees allowed (net of credits for fee reductions) plus 100% of the expenses allowed and any amounts paid by the Debtors pursuant to the Third Interim Compensation Order, (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to GJB's right to seek such further compensation and/or payment for the full value of services performed and expenses incurred, and (iv) granting GJB such other and further relief as is just.

Dated: March 13, 2023.

*/s/ Mariaelena Gayo-Guitian*
GENOVESE JOBLOVE & BATTISTA, P.A.
John H. Genovese, Esq. *(Pro Hac Vice)*
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Telephone:  (305) 349-2300
jgenovese@gjb-law.com
mguitian@gjb-law.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** | |
| | **PROMESA** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | **Title III** |
|    as representative of | |
| | **No. 17 BK 3283-LTS** |
| **THE COMMONWEALTH OF PUERTO RICO,** *et al.*, | |
| | **(Jointly Administered)** |
| Debtors.[1] | |

/

**CERTIFICATION OF MARIAELENA GAYO-GUITIAN, ESQ. IN SUPPORT OF FINAL
FEE APPLICATION OF GENOVESE JOBLOVE & BATTISTA, P.A., AS SPECIAL
LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR SERVICES RENDEREDAND REIMBURSEMENT OF EXPENSES
FOR PERIOD FROM AUGUST 1, 2022 – DECEMBER 31, 2022**

I, Mariaelena Gayo-Guitian certify that the following is true to the best of my knowledge information, and belief:

1.     I was an attorney and partner at Genovese Joblove & Battista, P.A. ("GJB") through December 31, 2022, with four offices in Florida located at 100 SE 2nd Street, Suite 4400, Miami, FL 33131 ("Miami"); 200 East Broward Blvd, Suite 1110, Fort Lauderdale, FL 33301 ("Ft. Lauderdale"), and 100 N. Tampa Street, Suite 2600, Tampa, FL ("Tampa"). GJB also had an affiliate office in Caracas Venezuela located at Av. Francisco de Miranda, Torre Provincial "A" piso 8 oficina 81 y 82 1060 Caracas, Venezuela.

2.     I am admitted to practice law in the state of Florida. By order dated April 16, 2019,

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

I was admitted to appear *Pro Hac Vice* in the Debtors Title III Cases [Docket No. 6330].

3.      I am duly authorized to make this Certification on behalf of GJB.  The facts set forth in this Certification are based upon my personal knowledge, my discussions with other GJB attorneys, and the review of GJB's client/matter records by me or other GJB attorneys acting under my supervision and direction.

4.      In accordance with (a) Local Bankruptcy Rule 2016-1 (the "Local Guidelines"), (b) Appendix B of the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), and (c) the *Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered April 12, 2022* (the "Third Interim Compensation Order"), this Certification is made with respect to the *Tenth & Final Application of Genovese Joblove & Battista, P.A., as Special Litigation Counsel to Official Committee  of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from August 1, 2022 – December 31, 2022* (the "Application").[2]

5.      Pursuant to section (a)(4) of the Local Guidelines, I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conforms with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by GJB generally (taking into consideration that GJB employs a variety of fee arrangements with its clients, including hourly fees, contingency fees and hybrid fees involving reduced hourly rates and reduced contingency fee percentages) and billed in accordance with the Engagement Letter and Retention Order; and (c) in providing a reimbursable

---

[2] Capitalized terms used herein shall have the same meanings given to them in the Application.

services, GJB does not make a profit on that service, whether the service is performed by GJB in-house or through a third party.

6.      In accordance with the Engagement Letter and Retention Order, GJB agreed to a voluntary fee reduction equal to 20%, which results in a reduction in fees in the amount of $4,314.80 in the Application. GJB seeks allowance of all of its fees incurred during the Application Period in the net amount of $21,574.00, to the extent such amount has not been paid before the hearing scheduled on this Application.

7.      GJB provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period? |
| Response: | Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Case, during the Application Period, GJB agreed to a voluntary reduction of its fees by an amount equal to 20% of the total fees sought to be paid, which reduction totals $4,314.80. |
| Question: | If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | The fees were below the budgeted amount, therefore the request is not applicable. |
| Question: | Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees. |
| Response: | No. |

<u>Question:</u>    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

<u>Response:</u>    No.

<u>Question:</u>    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

<u>Response:</u>    No rate increases have occurred since the retention date.

8.    I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this <u>13th</u> day of March, 2023.

*/s/ Mariaelena Gayo-Guitian*
Mariaelena Gayo-Guitian, Esq.
GENOVESE JOBLOVE & BATTISTA, P.A.
Mariaelena Gayo-Guitian, Esq. *(Pro Hac Vice)*
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Telephone:  (305) 349-2300
mguitian@gjb-law.com

## EXHIBIT B

### CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES

(See Guidelines ¶ C.3. for definitions of terms used in this Exhibit.)

| CATEGORY OF TIMEKEEPER (using categories already maintained by the firm) | BLENDED HOURLY RATE | | |
|---|---|---|---|
| | NON-BANKRUPTCY BLENDED HOURLY RATE | GJB BLENDED HOURLY RATE[1] | GJB BLENDED HOURLY RATE (AFTER 20% REDUCTION)[2] |
| Partner | N/A | $591.09 | $472.87 |
| Counsel | N/A | N/A | N/A |
| Associate | N/A | N/A | N/A |
| All timekeepers aggregated | N/A | $383.88 | $307.10 |

---

[1] The calculation of GJB's Blended Hourly Rate does <u>not</u> take into account GJB's agreement to reduce its fees by an amount equal to 20% of its total hourly fees.

[2] For illustrative purposes only.

**EXHIBIT C**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS
APPLICATION**

| Name | Title or Position | Department, Group, or Section | Date of First Admission | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed | | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|---|---|
| | | | | | | In this Application | In Eighth Interim Application | |
| Genovese, John H. | Partner | Bankruptcy | 1979 | $1,989.00 | 2.60 | $765.00 | $765.00 | 0 |
| Gayo-Guitian, Mariaelena | Partner | Bankruptcy | 1989 | $16,157.50 | 28.10 | $575.00 | $575.00 | 0 |
| | | **Total Partner:** | | $18,146.50 | 30.70 | | | |
| Sardina, Jessey | Paralegal | | | $397.50 | 5.30 | $75.00 | $75.00 | 0 |
| Scavone, Carolyn | Paralegal | | | $2,580.00 | 17.20 | $150.00 | $150.00 | 0 |
| Lambdin, Vonda | Paralegal | | | $450.00 | 3.00 | $150.00 | $150.00 | 0 |
| | | **Total Paraprofessional:** | | $3,427.50 | | | | |
| | **Total:** | | | **$21,574.00** | **56.20** | | | |
| | **Blended Rate:** | | | **$383.88** | | | | |
| | **Blended Rate Excluding Paraprofessionals:** | | | **$591.09** | | | | |

# **EXHIBIT D**

**BUDGET AND STAFFING PLAN**

# EXHIBIT D-1

## BUDGETS

## N/A

# EXHIBIT D-2

### *STAFFING PLAN*

**Period Covered:**  August 1, 2022 – December 31, 2022

| Category of timekeeper (using categories maintained by the firm) | Number of timekeepers expected to work on the matter during the budget period | Average hourly rate for period 08/01/22 through 12/31/22 | Average hourly rate for period 08/01/22 through 12/31/22 (net of 20% reduction) |
|---|---|---|---|
| **Partner (20+ Years)** | 2 | $591.09 | $472.87 |
| **Partner (10+ Years)** | n/a | n/a | n/a |
| **Associate** | n/a | n/a | n/a |
| **Paraprofessionals** | 3 | $134.41 | $107.53 |

# EXHIBIT E

*SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY*

### EXHIBIT E-1
### SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY

| U.S. TRUSTEE TASK CODE AND PROJECT CATEGORY | August 2022 | September 2022 | October 2022 | November 2022 | December 2022 | TOTAL |
|---|---|---|---|---|---|---|
| **B160** Employment / Fee Applications (GJB) | 4.40 | 1.00 | 0.30 | 37.10 | 0.60 | 43.40 |
| **B170**  Fee and Employment Objections | 0.50 | 3.00 | 2.70 | 0.00 | 0.00 | 6.20 |
| **B191** General Litigation | 1.80 | 4.50 | 0.30 | 0.00 | 0.00 | 6.60 |
| **TOTAL HOURS:** | **6.70** | **8.50** | **3.30** | **37.10** | **0.60** | **56.20** |
| **TOTAL FEES:** | $1,337.50 | $3,534.50 | $1,747.50 | $14,609.50 | $345.00 | $21,574.00 |
| ***MINUS 20% REDUCTION:*** | $267.50 | $706.90 | $349.50 | $2,921.90 | $69.00 | $4,314.80 |
| **TOTAL FEES: (NET OF REDUCTION)** | $1,070.00 | $2,827.60 | $1,398.00 | $11,687.60 | $276.00 | $17,259.20 |

**FURTHER BREAKDOWN OF COMPENSATION REQUESTED**
**BY PROJECT CATEGORY AND BY MATTER**

*Official Committee of Unsecured Creditors of Commonwealth of PR (Matter ID 001)*

| U.S. Trustee Task Code and Project Category | Hours Billed | Fees Sought |
|---|---|---|
| B160  Fee/Employment Applications | 43.40 | $16,617.00 |
| B170 Fee/Employment Objections | 6.20 | $3,565.00 |
| B191   General Litigation | 6.60 | $1,392.00 |
| **TOTAL** | | **$21,574.00** |

*PREPA (Matter ID 002)*
*N/A*

*ERS (Matter ID 003) –*
*N/A*

*HTA (Matter ID 004) –*
*N/A*

*Kobre & Kim Report (Matter ID 005) -*
*N/A*

# EXHIBIT E-2

### SUMMARY OF EXPENSE REIMBURSEMENTS REQUESTED BY CATEGORY

| Category | Amount |
|---|---|
| Travel Expenses – Airfare | $0.00 |
| Travel Expenses – Lodging | $0.00 |
| Travel Expenses - Taxi / Ground Transportation | $0.00 |
| Travel Expenses – Parking | $0.00 |
| Meals (while working on Committee matters) | $0.00 |
| Court call | $0.00 |
| Long Distance Phone Calls | $0.00 |
| Process Service Fee | $0.00 |
| Messenger | $0.00 |
| Computer Search | $205.60 |
| Articles and Publications | $0.00 |
| Court Reporting Services | $0.00 |
| In-house Black and White Reproduction Charges | $1,377.00 |
| Outside Photocopies | $0.00 |
| Outside Professional Services | $0.00 |
| Postage/Express Mail | $486.48 |
| Data Management/Web Hosting | $0.00 |
| Miscellaneous- Website Domain and Maintenance | $0.00 |
| **TOTAL** | $2,069.08 |

# EXHIBIT F

**BREAKDOWN OF COMPENSATION AND EXPENSE REIMBURSEMENT AND BY
WHETHER SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
PUERTO RICO**

**<u>Fee Statement</u>**
**<u>N/A</u>**

# <u>SCHEDULE 1</u>

## LIST OF PROFESSIONALS BY MATTER

*Official Comm. of Unsecured Creditors of Commonwealth of PR (Matter ID 001)*

| Name | Title or Position | Department, Group, or Section |
|---|---|---|
| Genovese, John H. | Partner | Bankruptcy |
| Gayo-Guitian, Mariaelena | Partner | Bankruptcy |
| Sardina, Jessey | Paralegal | Bankruptcy |
| Lambdin, Vonda | Paralegal | Bankruptcy |
| Scavone, Carolyn | Paralegal | Bankruptcy |

*PREPA (Matter ID 002)*
*− N/A*

*ERS (Matter ID 003)*
*− N/A*

*HTA (Matter ID 004)*
*-N/A*

*Kobra & Kim Report (Matter ID 005)*
*− N/A*

# <u>SCHEDULE 2</u>

**MONTHLY STATEMENTS COVERED IN APPLICATION**

**Genovese Joblove & Battista, P.A.**
100 Southeast Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300 Facsimile: (305) 349-2310
Employer ID# 65-0518134

PROMESA - Official Committee of Unsecured Creditors
,

February 21, 2023
Please Refer to
Invoice Number: 108523

GJB Tax I.D. No.: 65-0518134

RE:  PROMESA: Official Committee of Unsecured Creditors /
Special Conflict Counsel

---

SUMMARY / REMITTANCE COPY

Client/Matter #    012272-000001
PROMESA - Official Committee of Unsecured Creditors
PROMESA: Official Committee of Unsecured Creditors /

(Services rendered outside of Puerto Rico)

For fees for professional services
for the period ending December 31, 2022

| | |
|---|---:|
| For fees for professional services for the period ending December 31, 2022 | $21,574.00 |
| Costs incurred and advanced | $2,069.08 |
| Current Fees and Costs Due | $23,643.08 |

We encourage our lcients to pay via ACH, however, in the event that you pay by check, please send payment to the
remittance address below:

TO PROTECT AGAINST FRAUD, the Firm will not change its wiring instructions via email. We strrongly encourage clients
to confirm any change in wiring instructions by contacting Ken Forrest @ 305-349-2312 or via email @
kforrest @ gjb-law.com and requesting written and verbal confirmation.

**Remittance Address**
Genovese Joblove & Battista, P.A.
Attn.: Accounts Receivable
100 Southeast Second Street, 44th FL
Miami, FL 33131

**Wire and ACH/Wire Instructions:**

| | |
|---|---|
| Beneficiary Bank: | City National Bank of Florida |
| | 100 SE 2nd Street |
| | Miami, FL 33131 |
| ABA Routing Number: | 066004367 |
| Swift Code (Optional): | CNBFUS3M |
| Account Number: | 30000160777 |
| Account Name: | Genovese Joblove & Battista, P.A. |

For payment, please reference the invoice, client and matter number(s) being paid.
Please refer all questions to Ken Forrest @ 305-349-2312 or via email @ kforrest@gjb-law.com

**Genovese Joblove & Battista, P.A.**
100 Southeast Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300 Facsimile: (305) 349-2310
Employer ID# 65-0518134

PROMESA - Official Committee of Unsecured Creditors

,

February 21, 2023
Please Refer to
Invoice Number:      108523

GJB Tax I.D. No.: 65-0518134

RE:  PROMESA: Official Committee of Unsecured Creditors /
Special Conflict Counsel

For Professional Services Rendered
for the period ending December 31, 2022

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B160** | | **Fee/Employment Applications** | | | |
| 8/12/2022 | CAS | Preparation of Monthly Fee Objection letter for January. Finalize and serve. Calendar objection deadline. [B160] | 0.80 | $150.00 | $120.00 |
| 8/23/2022 | VLL | Review of Eight Interim Fee Application and e-mail from M. Guitian regarding preparation for filing with Court. [B160] | 0.30 | $150.00 | $45.00 |
| 8/24/2022 | VLL | Review e-mail from M. Guitian regarding filing Eighth Interim Fee Application, review and correct dates on Fee application (.4); Review of Court of Puerto Rico's Order Further Amended Case Management Procedures, email same to M. Guitian (.3); Telephone call and e-mail correspondence with J. Sardina regarding co-counsel, filing fee application and possible hearing date (.3). [B160] | 1.00 | $150.00 | $150.00 |
| 8/24/2022 | VLL | Review of docket for Promesa, review and download several fee applications, e-mail same to M. Guitian. [B160] | 0.40 | $150.00 | $60.00 |
| 8/30/2022 | VLL | E-mail correspondence with M. Guitian and J. Sardina regarding filing 8th interim fee application. [B160] | 0.20 | $150.00 | $30.00 |
| 8/30/2022 | VLL | Review and revise Eighth Interim Fee Application of Genovese Joblove and Battista to correct hearing date and deadline to object (.4); E-mail final version to M. Guitian (.1). [B160] | 0.50 | $150.00 | $75.00 |
| 8/31/2022 | MGG | Review Eighth Interim Fee Application for filing. Review Notice and COS. [B160] | 0.60 | $575.00 | $345.00 |

PROMESA - Official Committee of Unsecured Creditors                                        Page:  2
012272   - 000001
Invoice No.108523

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B160** | **Fee/Employment Applications** | | | | |
| 8/31/2022 | VLL | Review, finalize and file Eighth Interim Fee Application of Genovese Joblove & Battista, P.A. for period of October 1, 2021 - December 31, 2021 (.3); Revise and file Notice of Filing of Eighth Interim Fee Application of Genovese Joblove & Battista (.2); E-mail filed copies to M. Guitian (.1). [B160] | 0.60 | $150.00 | $90.00 |
| 9/1/2022 | MGG | Coordinate with Jessey Sardina re: service of Eighth Interim Fee Application. [B160] | 1.00 | $575.00 | $575.00 |
| 10/27/2022 | MGG | Receipt and review Informative Motion of the Fee Examiner Pursuant to Order Regarding Procedures for November 2-3 Omnibus Hearing. [B160] | 0.30 | $575.00 | $172.50 |
| 11/1/2022 | MGG | Communications with paralegals re: hearing on GJB's 8th Interim Fee Application.  Review Order on Omnibus Hearing and Fee Examiner's Report and recommendation re: GJB's fees. [B160] | 1.00 | $575.00 | $575.00 |
| 11/10/2022 | MGG | Review docket and interim fee guidelines (1.0). Review pending open invoices (.5). [B160] | 1.50 | $575.00 | $862.50 |
| 11/14/2022 | MGG | Review Third Amended Order Setting Procedures for Interim and Final Compensation and reimbursement of Expenses (. 5). Work on background for 9th and Final Fee Application (4.0).  Communications with J. Sardinia and C. Scavone re: submission of invoices approved and holdback amounts (1.0).  Communications with Lillian Rice re: Prebills (.40). [B160] | 5.90 | $575.00 | $3,392.50 |
| 11/14/2022 | CAS | Preparation of Summary Cover Sheet for the Ninth & Final Fee Application. [B160] | 0.50 | $150.00 | $75.00 |
| 11/14/2022 | CAS | Preparation of draft Ninth & Final Fee Application. [B160] | 1.00 | $150.00 | $150.00 |
| 11/14/2022 | CAS | Pull and review case docket. Pull and review Third Interim Fee Order and Procedures for Compensation and prior fee application. [B160] | 0.50 | $150.00 | $75.00 |
| 11/14/2022 | CAS | Interoffice meeting with L. Rice re: January and February invoices in preparation for Final Fee Application. [B160] | 0.40 | $150.00 | $60.00 |
| 11/14/2022 | CAS | Preparation of Certification of Mariaelena Gayo-Guitian in Support of Ninth & Final Fee Application. [B160] | 0.50 | $150.00 | $75.00 |
| 11/14/2022 | CAS | Preparation of draft Exhibits to Final Fee Application. Organization of January fee letter and invoices. [B160] | 0.60 | $150.00 | $90.00 |
| 11/14/2022 | CAS | E-mail correspondence with M. Guitian and J. Sardinia re: deadline for filing fee application and strategy. [B160] | 0.40 | $150.00 | $60.00 |
| 11/15/2022 | MGG | Review and approve open pre-bills (.6).  Work on 9th and Final Fee Application.  Various communications with Carolyn Scavone (6.5). [B160] | 7.10 | $575.00 | $4,082.50 |

PROMESA – Official Committee of Unsecured Creditors
012272    - 000001
Invoice No.108523

Page: 3

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B160** | **Fee/Employment Applications** | | | | |
| 11/15/2022 | CAS | Continue revisions and drafting of Ninth and Final Fee Application and Summary Cover Sheet. [B160] | 1.50 | $150.00 | $225.00 |
| 11/15/2022 | CAS | Preparation of exhibit Prior Interim Fee Applications. [B160] | 0.50 | $150.00 | $75.00 |
| 11/15/2022 | CAS | Revise and finalize Certification of Mariaelena Gayo-Guitian, Esq. in Support of the Ninth and Final Fee Application for GJB. [B160] | 0.80 | $150.00 | $120.00 |
| 11/15/2022 | CAS | Preparation of Exhibit B - Customary and Comparable Compensation Disclosures. Conference with K. Forrest re: same. [B160] | 0.50 | $150.00 | $75.00 |
| 11/15/2022 | CAS | Preparation of Exhibit C - Summary of Timekeepers Included in this Application. Conference with K. Forrest re: same. [B160] | 1.00 | $150.00 | $150.00 |
| 11/15/2022 | CAS | Compile Exhibit D-1 Budget for February 2022. [B160] | 0.30 | $150.00 | $45.00 |
| 11/15/2022 | CAS | Prepare Exhibit D-2 - Staffing Plan. [B160] | 0.40 | $150.00 | $60.00 |
| 11/15/2022 | CAS | Preparation of Exhibit E-1 Summary of Compensation Required by Project Category. Conference with K. Forrest re: same. [B160] | 1.50 | $150.00 | $225.00 |
| 11/15/2022 | CAS | Preparation of Further Breakdown of Compensation Requested by Project Category and by Matter. [B160] | 1.20 | $150.00 | $180.00 |
| 11/15/2022 | CAS | Preparation of Exhibit E-2 Summary of Expense Reimbursements Required by Category. [B160] | 0.40 | $150.00 | $60.00 |
| 11/15/2022 | CAS | Preparation of Exhibit F - Breakdown of Compensation and Expense Reimbursement and by Whether Services were rendered in Puerto Rico or outside Puerto Rico. [B160] | 0.50 | $150.00 | $75.00 |
| 11/15/2022 | CAS | Preparation of Schedule 1 - List of Professionals by Matter. [B160] | 0.60 | $150.00 | $90.00 |
| 11/15/2022 | CAS | Preparation of Schedule 2 - Monthly Statements Covered in Application. [B160] | 0.30 | $150.00 | $45.00 |
| 11/15/2022 | CAS | Preparation of Proposed Order Granting Ninth & Final Fee Application of GJB. [B160] | 0.70 | $150.00 | $105.00 |
| 11/15/2022 | CAS | Receipt and review invoices and billing reports from L. Rice for the months January 1, 2022 through July 31, 2022 in preparation for the Ninth and Final Fee Application. [B160] | 0.50 | $150.00 | $75.00 |
| 11/15/2022 | CAS | Finalize and file Ninth and Final Fee Application of GJB, as Special Counsel to Official Committee of Unsecured Creditors. [B160] | 0.60 | $150.00 | $90.00 |
| 11/15/2022 | CAS | Finalize and file Notice of Filing Ninth and Final Fee Application of GJB for the period January 1, 2022 - July 31, 2022. [B160] | 0.40 | $150.00 | $60.00 |
| 11/15/2022 | CAS | Multiple meetings with K. Forrest and M. Guitian re: filing of the Ninth and Final Fee Application. [B160] | 0.50 | $150.00 | $75.00 |
| 11/18/2022 | MGG | Review Fee Order on service of Fee Application and communications with Carolyn Scavone regarding same. [B160] | 1.00 | $575.00 | $575.00 |

PROMESA - Official Committee of Unsecured Creditors
012272 - 000001
Invoice No.108523

Page: 4

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B160** | **Fee/Employment Applications** | | | | |
| 11/18/2022 | CAS | Calendar Fee Application Objection deadline and Hearing date. [B160] | 0.30 | $150.00 | $45.00 |
| 11/21/2022 | MGG | Review form Notice of Hearing for Interim Fee Application (.30). Communications with C. Scavone regarding same (.30). [B160] | 0.60 | $575.00 | $345.00 |
| 11/28/2022 | JHG | Review final fee application and notice of filing. [B160] | 1.30 | $765.00 | $994.50 |
| 11/28/2022 | MGG | Communications with Ignacio Labarca re: payment of holdbacks and clarification of examiner's recommendations. (.5). Review 8th Interim Fee Application and Fee Examiner's comments for response. (1.50). Communications with Jessey Sardinia re: service of Ninth and Final Fee Application (.3). [B160] | 2.30 | $575.00 | $1,322.50 |
| 12/15/2022 | MGG | Communications with Nicholas Hahn re: request for LEDES data in support of Final Fee Application. [B160] | 0.60 | $575.00 | $345.00 |
| **B170** | **Fee/Employment Objections** | | | | |
| 8/15/2022 | MGG | Receipt and review email from Monsita Arribas, Office of U.S. Trustee with PRRADA Status Report and filing attachment. [B170] | 0.50 | $575.00 | $287.50 |
| 9/9/2022 | MGG | Review and response to detailed letter from Nicholas Hahn Fee Examiner re: Eighth Interim Fee Application. [B170] | 1.00 | $575.00 | $575.00 |
| 9/14/2022 | MGG | Review open invoices and deadlines for filing fee applications. [B170] | 1.00 | $575.00 | $575.00 |
| 9/15/2022 | MGG | Review correspondence from Nicholas Hahn counsel to Fee Examiner with comments to GJB Eighth Interim Fee Application (.30). Response to Mr. Hahn (.30). Memo to Accounting re: next interim fee application (.2). [B170] | 0.80 | $575.00 | $460.00 |
| 9/16/2022 | MGG | Review email from Nicholas Hahn counsel to Fee Examiner. [B170] | 0.20 | $575.00 | $115.00 |
| 10/24/2022 | MGG | Review status of Promesa deadlines and Fee Application (.6). Review prebills (1.7). Review Sixteenth Amended Notice, Case Management and Administrative Procedures Order (.4). [B170] | 2.70 | $575.00 | $1,552.50 |
| **B191** | **General Litigation** | | | | |
| 8/24/2022 | JNS | Confer call with Vonda regarding e-filing of GJB's Eighth Fee Application. Assist Vonda Lambdin and Marielena Guitian making some revisions to GJB's Eight Fee Application. [B191] | 0.40 | $75.00 | $30.00 |
| 8/30/2022 | JNS | Communications between Marielena Guitian, Vonda Lambdin and me regarding the e-filing of the GJB Eigth Fee Application. Phone call with Joelie Perez at the office of Juan Casillas in Puerto Rico. [B191] | 0.60 | $75.00 | $45.00 |

PROMESA - Official Committee of Unsecured Creditors
012272  - 000001
Invoice No.108523

Page:     5

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B191** | **General Litigation** | | | | |
| 8/31/2022 | JNS | Research the Promesa procedures for service of documents, draft a Certificate of Service for GJB Eighth Fee Application and Notice of Hearing. Circulate to the GJB Promesa Team for approval for e-filing. [B191] | 0.80 | $75.00 | $60.00 |
| 9/1/2022 | JNS | Prepare label from the Master Service List to serve, via U.S. mail, Genovese joblove and Battista, P.A.'s Eighth Interim Fee Application for Compensations for Services and Reimbursement of Expenses from October 1, 2021 through December 31, 2021 [DE 21992], and the Notice of Hearing [DE 21993]. Coordinate the service of same (.5). Review Master Service list, create a list of all email addresses for all parties to be serve by email, prepare and serve emails on all parties listed on the Master Service List the Eighth Interim Fee Application for Compensations for Services and Reimbursement of Expenses from October 1, 2021 through December 31, 2021 [DE 21992], and the Notice of Hearing [DE 21993]. Attention to returned confirmation request emails and submit confirmation email to all those (1.8) Emails with Mariaelena and Vonda Lambdin regarding same. [B191] | 3.20 | $75.00 | $240.00 |
| 9/19/2022 | JHG | Review status of payment and holdbacks. [B191] | 1.30 | $765.00 | $994.50 |
| 10/25/2022 | JNS | Review calendar, review promesa court page, review Docket and CMO. Email to Carolyn Scavone regarding deadline to file GJB's Last Fee Application. [B191] | 0.30 | $75.00 | $22.50 |
| | | Total | 56.20 | | $21,574.00 |

### Timekeeper Summary

| ID | Timekeeper Name | Title | BillHours | BillRate | BillAmount |
|----|-----------------|-------|-----------|----------|------------|
| JHG | John H. Genovese | Senior Partner | 2.60 | $765.00 | $1,989.00 |
| MGG | Mariaelena Gayo-Guitian | Partner | 28.10 | $575.00 | $16,157.50 |
| VLL | Vonda L. Lambdin | Paralegal | 3.00 | $150.00 | $450.00 |
| JNS | Jessey N. Sardina | Paralegal | 5.30 | $75.00 | $397.50 |
| CAS | Carolyn A. Scavone | Paralegal | 17.20 | $150.00 | $2,580.00 |
| | | Total | $56.20 | | $21,574.00 |

PROMESA - Official Committee of Unsecured Creditors                          Page:    6
012272   - 000001
Invoice No.108523

---

**Costs incurrent and advanced**

| Date | Description | Amount |
|------|-------------|--------|
| 09/01/2022 | Photocopies -- Photocopies (Color) 7820 @ 0.00 [E100 - E101](7820 @ $0.10) | $782.00 |
| 09/30/2022 | PACER Service Center- Online Research- Pacer 12272-001 [E100 - E106] | $113.60 |
| 11/28/2022 | Photocopies -- Photocopies (Color) 5950 @ 0.00 [E100 - E101](5950 @ $0.10) | $595.00 |
| 11/28/2022 | Postage [E100 - E108] | $486.48 |
| 12/31/2022 | PACER Service Center- Online Research- 4th Qtr 12272-001 [E100 - E106] | $92.00 |

Total Costs incurrent and advanced          $2,069.08

Current Fees and Costs          $23,643.08

PROMESA - Official Committee of Unsecured Creditors                                    Page: 7
012272   - 000001
Invoice No.108523

---

**TASK RECAP**

| Services | | | Disbursements | |
|---|---|---|---|---|
| **Category** | **Hours** | **Amount** | **Category** | **Amount** |
| B160 | 43.40 | $16,617.00 | E100 - E101 | $1,377.00 |
| B170 | 6.20 | $3,565.00 | E100 - E106 | $205.60 |
| B191 | 6.60 | $1,392.00 | E100 - E108 | $486.48 |
| | 56.20 | $21,574.00 | | $2,069.08 |

**BREAKDOWN BY PERSON**

| Person | | Category | Hours | Amount |
|---|---|---|---|---|
| JHG | John H. Genovese | B160 | 1.30 | $994.50 |
| JHG | John H. Genovese | B191 | 1.30 | $994.50 |
| MGG | Mariaelena Gayo-Guitian | B160 | 21.90 | $12,592.50 |
| MGG | Mariaelena Gayo-Guitian | B170 | 6.20 | $3,565.00 |
| VLL | Vonda L. Lambdin | B160 | 3.00 | $450.00 |
| JNS | Jessey N. Sardina | B191 | 5.30 | $397.50 |
| CAS | Carolyn A. Scavone | B160 | 17.20 | $2,580.00 |
| | | | 56.20 | $21,574.00 |

# __SCHEDULE 3__

**PROPOSED ORDER**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | **PROMESA**<br>**Title III** |
| **THE FINANCIAL OVERSIGHT AND**<br>**MANAGEMENT BOARD FOR PUERTO RICO,** | **No. 17 BK 3283-LTS** |
| as representative of | **(Jointly Administered)** |
| **THE COMMONWEALTH OF PUERTO RICO,** *et al.*, | |
| **Debtors.**[1] | |

_____/

**ORDER GRANTING FINAL FEE APPLICATION OF GENOVESE JOBLOVE &
BATTISTA, P.A. AS SPECIAL LITIGATION COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES
FOR PERIOD FROM AUGUST 1, 2022 – DECEMBER 31, 2022**

Upon consideration of the Final Fee Application (the "Application")[2] of Genovese Joblove

& Battista, P.A. ("GJB"), as special litigation counsel to the Official Committee of Unsecured

Creditors of all Title III Debtors (the "Committee")[3], for an order pursuant to sections 316 and 317

of PROMESA, section 503(b) of the Bankruptcy Code made applicable to these cases by section

301(a) of PROMESA, Bankruptcy Rule 2016, and Local Rule 2016-1, for allowance of

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

[3] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

compensation and reimbursement of expenses for the period from August 1, 2022 through

December 31, 2022, the Court hereby FINDS AND DETERMINES that (i) the Court has

jurisdiction to consider the Application and the relief requested therein pursuant to section 306(a)

of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii)

due and proper notice of the Application has been provided under the particular circumstances and

no other or further notice  need be provided; (iv) any objections to the Application having been

resolved; (v) all persons with standing having been afforded the opportunity to be heard on the

Application; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.      The Application is granted on a final basis.

2.      GJB's claim for fees and expenses for services rendered during the Application

Period and reimbursement for actual and necessary expenses incurred during the Application

Period are hereby allowed in the amounts of $21,574.00 and $2,069.08 respectively.

3.      To the extent the amounts described in paragraph 2 hereof have not already been

paid pursuant to the Interim Compensation Order, (a) the Debtors are directed to pay GJB the

outstanding fees in the amount of $21,574.00 which represents 100% of the fees requested within

fourteen days of the date of this Order, and any such payment shall be made net of any payments

made by the Debtors pursuant to the Interim Compensation Order, withholding or other applicable

taxes, and (b) the Debtors are directed to reimburse GJB for its outstanding expenses in the amount

of $2,069.08, which represents 100% of the expenses requested within fourteen days of the date of

this Order.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.

5. GJB is authorized and empowered to take all necessary actions to implement the relief granted in this Order.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated:_____, 2023.

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE