**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THIRD SUPPLEMENTAL DECLARATION OF STEVE M. ZELIN REGARDING DISINTERESTEDNESS OF PJT PARTNERS LP PURSUANT TO THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT**

I, Steve M. Zelin, hereby declare and state as follows:

1. I am a Partner, Global Head of the Restructuring & Special Situations Group, and a member of the management committee at PJT Partners LP ("PJT"), a global investment banking firm listed on the New York Stock Exchange with its principal offices in New York City. PJT is the investment banker and financial advisor working on behalf of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]

2. On May 16, 2022, at my request, counsel to the Oversight Board filed the *Declaration of Steve M. Zelin Regarding Disinterestedness of PJT Partners LP Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* (the "Initial Declaration") [Docket No. 20811].[3]

3. On July 19, 2022, at my request, counsel to the Oversight Board filed the *Supplement Declaration of Steve M. Zelin Regarding Disinterestedness of PJT Partners LP Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* [Docket No. 21547].

4. On November 14, 2022, at my request, counsel to the Oversight Board filed the *Second Supplement Declaration of Steve M. Zelin Regarding Disinterestedness of PJT Partners LP Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* (together with the Initial Declaration, the "Declarations") [Docket No. 22851]

5. I hereby submit this supplemental declaration to describe the below additional connections of PJT to any of the parties on the MIP List ("MIPs").

    a. PJT has been engaged to provide financial advisory services to an affiliate of each of AIG Insurance Company and National Union Fire Insurance Co. of Pittsburgh, Pa., each of which is a MIP, in a confidential matter. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Declarations.

      believe that the interests of the Debtors or their estates are adversely affected by such connection.

b. An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include an affiliate of each of AIG Insurance Company and National Union Fire Insurance Co. of Pittsburgh, Pa., and Massachusetts Mutual Life Insurance Company, each of which is a MIP. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

c. PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group include Angelo, Gordon & Co., L.P., Aristeia Capital, LLC, an affiliate of Franklin Advisers, Inc., an affiliate of BlackRock Advisors, LLC, Marathon Asset Management, LP and Whitebox Advisors LLC, each of which is a MIP. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

d. PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include Aristeia Capital, LLC, Invesco and Massachusetts Mutual Life Insurance Company, each of which is a MIP. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

e. PJT has been engaged to provide financial advisory services to an ad hoc group of creditors to a company in a confidential matter. The members of such ad hoc group include Brigade Capital Management, LP, Canyon Capital Advisors LLC, Invesco, Marathon Asset Management, LP, Massachusetts Mutual Life Insurance Company and Taconic Capital Advisors L.P., each of which is a MIP. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

f. An affiliate of PJT has been engaged to provide financial advisory services to a company in a confidential matter. Goldman Sachs & Co., one of the MIPs, is an equity holder in such company. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

g. PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include Invesco and Sculptor Capital Management, each of which is a MIP. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does

not believe that the interests of the Debtors or their estates are adversely affected by such connection.

h. An affiliate of PJT has been engaged to provide financial advisory services to an ad hoc group of creditors to a company in a confidential matter. The members of such ad hoc group include Massachusetts Mutual Life Insurance Company, one of the MIPs. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

i. An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include an affiliate of Massachusetts Mutual Life Insurance Company, one of the MIPs. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

j. PJT has been engaged to provide financial advisory services to a company in a confidential matter. Monarch Alternative Capital LP and an affiliate of Sculptor Capital LP, each of which is a MIP, are equity holders of such company. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

k. PJT has been engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter. The members of such group include an affiliate of Oaktree Capital Management and Davidson Kempner Capital Management LP, each of which is a MIP. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

l. PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include an affiliate of Oaktree Capital Management and Monarch Capital Partners, each of which is a MIP. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

m. PJT has been engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. One of such creditors is Silver Point Capital, one of the MIPs. This connection is wholly unrelated to the Oversight Board and this Title III Proceeding, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

6. PJT has performed reasonable due diligence for possible connections with the MIPs. Given the large number of parties-in-interest in these Title III Proceedings, despite the

4

efforts to identify and disclose PJT's relationships with the MIPs, I am unable to state with absolute certainty that every client relationship or other connection has been disclosed in this second supplemental declaration. PJT, therefore, will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, PJT will promptly file a supplemental declaration with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge and belief.

March 14, 2023

*/s/ Steve M. Zelin*

Steve M. Zelin
Partner
PJT Partners LP

5