**Hearing Date**: June 7, 2023 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 4, 2023 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------- x
   :
In re:   :
   :
THE FINANCIAL OVERSIGHT AND   :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :   Title III
   :
   as representative of   :   Case No. 17-BK-3283 (LTS)
   :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,   :   (Jointly Administered)
   :
   Debtors.[1]   :
--------------------------------------------------------------------- x

# NOTICE OF HEARING ON SEVENTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2022 THROUGH JANUARY 31, 2023

**PLEASE TAKE NOTICE** that a hearing on the annexed *Seventeenth Interim Fee Application of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from October 1, 2022 through January 31, 2023* (the "Application") filed by Paul Hastings LLP, pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura Taylor Swain, United States District Judge, at the United States

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal

Building, Office 150, San Juan, Puerto Rico 00918-1767 on **June 7, 2023 at 9:30 a.m. (ET) /**

**9:30 a.m. (AST)** (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections")

to the Application by any party other than the Fee Examiner shall be in writing, shall conform to

the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of

Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court,

including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local

Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard

copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building,

San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court,

150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall

be served in accordance with the *Third Amended Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 20546] (the

"Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as

defined in the Interim Compensation Order) no later than **April 4, 2023 at 4:00 p.m. (ET) / 4:00**

**p.m. (AST)** (the "Objection Deadline").


*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  March 15, 2023                    */s/ G. Alexander Bongartz*

                                         PAUL HASTINGS LLP
                                         Luc A. Despins, Esq. (Pro Hac Vice)
                                         Nicholas A. Bassett, Esq. (Pro Hac Vice)
                                         G. Alexander Bongartz, Esq. (Pro Hac Vice)
                                         200 Park Avenue
                                         New York, New York 10166
                                         Telephone:  (212) 318-6000
                                         lucdespins@paulhastings.com
                                         nicholasbassett@paulhastings.com
                                         alexbongartz@paulhastings.com

                                         *Counsel to the Official Committee of Unsecured
                                         Creditors*

                                         - and -

                                         */s/  Juan J. Casillas Ayala*
                                         CASILLAS, SANTIAGO & TORRES LLC
                                         Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
                                         Israel Fernández Rodríguez, Esq. (USDC - PR
                                         225004)
                                         Juan C. Nieves González, Esq. (USDC - PR 231707)
                                         Cristina B. Fernández Niggemann, Esq. (USDC - PR
                                         306008)
                                         PO Box 195075
                                         San Juan, PR 00919-5075
                                         Tel.: (787) 523-3434 Fax: (787) 523-3433
                                         jcasillas@cstlawpr.com
                                         ifernandez@cstlawpr.com
                                         jnieves@cstlawpr.com
                                         cfernandez@cstlawpr.com

                                         *Local Counsel to the Official Committee of Unsecured
                                         Creditors*

**Hearing Date**: June 7, 2023 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 4, 2023 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| In re: | : |  |
|  | : |  |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
|  | : |  |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
|  | : |  |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
|  | : |  |
| Debtors.[1] | : |  |

------------------------------------------------------------------------ x

## SEVENTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2022 THROUGH JANUARY 31, 2023

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "Committee")[2] |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | October 1, 2022 through and including January 31, 2023 (the "Application Period") |

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | $1,984,534.50 / $1,587,627.60[3] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $17,118.43 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $73,273,852.31 |
| Total expenses approved by interim order to date: | $2,492,060.44 |
| Total allowed compensation paid to date: | $59,615,855.70 |
| Total allowed expenses paid to date: | $2,462,769.17 |
| Blended rate in this Application for all attorneys: | (a) $1,286 /hour; (b) $1,029 /hour[4] |
| Blended rate in this Application for all timekeepers: | (a) $1,259 /hour; (b) $1,007 /hour[4] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $1,053,856.22 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $11,403.65 |
| The total time expended for fee application preparation during the Application Period: | Approximately 14.0 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $15,704.50 |

---

[3]  While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of fees in the amount of $1,462,940.22 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of $1,828,675.28 (*i.e.*, Paul Hastings' fees of $1,984,534.50 minus credits of $155,859.22 for fee reductions pursuant to the orders approving Paul Hastings' Fourteenth, Fifteenth, and Sixteenth Interim Fee Applications).  By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[4]  The calculation of the blended hourly rates reflected in (a) does <u>not</u> take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time.  However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| | |
|---|---|
| Number of professionals included in this Application: | 14 |
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | Not applicable. |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | Not applicable. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 5 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | Yes.[5]  When calculated at the rates in effect during the initial fee period (June 26, 2017 through September 30, 2017), total fees for the Application Period would have been $1,513,538.00 (compared to $1,984,534.50 under the current rates).  The rate adjustments reflect not only Paul Hastings' across-the-board increases in its rate scale, but also step increases due to advancing seniority.  While $422,956.50 of Paul Hastings' fees for the Application Period are attributable to periodic changes in rates, $83,245.50 of this amount is attributable to step increases due to advancing seniority.[6]  Thus, only $387,751.00 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention. |

---

[5]  As is customary, and as permitted pursuant to paragraph 2 of Paul Hastings' retention order [Docket No. 999], every year Paul Hastings reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  As detailed in the notice filed on January 11, 2022 [Docket No. 19736], Paul Hastings raised its rates for certain timekeepers working on the Puerto Rico matter as of February 1, 2022, which adjustments apply across-the-board to all Paul Hastings clients.  The Committee approved the rate adjustment on a timekeeper-by-timekeeper basis.  As a courtesy to the Committee, Paul Hastings voluntarily agreed to reduce the hourly rate of Luc A. Despins (from $1,825 to $1,700.00 per hour) for the Application Period in the Puerto Rico matter (adjusted to reflect, on a *pro forma* basis, the 20% end-of-case reduction

[6]  Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion."

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20[7] | $30,631.53[8] | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,355,344.60 | $408,763.80 | $1,355,344.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |
| **Total** | | **$6,938,954.20** | **$586,993.66** | **$6,938,954.20** | **$586,993.66** | **$1,735,222.55** |
| | | | | | | |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $983,056.20 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |

---

[7]   This amount reflects a credit of $13,507.00 for fee reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

[8]   This amount reflects a credit of $21,926.16 for expense reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 10/8/18 | 7/1/18 - 7/31/18 | $1,061,831.60 | $77,376.40 | $1,061,831.60 | $77,376.40 | $265,457.90 |
| 11/2/18 | 8/1/18 - 8/31/18 | $1,288,866.00 | $39,833.17 | $1,288,866.00 | $39,833.17 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,302,462.40 | $39,196.98 | $1,302,462.40 | $39,196.98 | $325,615.60 |
| **Total** | | **$4,636,216.20** | **$201,725.65** | **$4,636,216.20** | **$201,725.65** | **$1,159,054.05** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/19/18 | 10/1/18 – 10/31/18 | $968,238.40 | $17,300.41 | $968,238.40 | $17,300.41 | $242,059.60 |
| 01/07/19 | 11/1/18 – 11/30/18 | $695,795.40 | $9,071.96 | $695,795.40 | $9,071.96 | $173,948.85 |
| 02/20/19 | 12/1/18 – 12/31/18 | $932,751.60 | $24,110.50 | $932,751.60 | $24,110.50 | $233,187.90 |
| 03/15/10 | 1/1/19 – 1/31/19 | $1,040,883.79[9] | $38,921.42[10] | $1,040,883.79 | $38,921.42 | $260,220.95 |
| **Total** | | **$3,637,669.19** | **$89,404.29** | **$3,637,669.19** | **$89,404.29** | **$909,417.30** |
| | | | | | | |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | |
| 06/13/19 | 2/1/19 – 2/28/19 | $1,098,711.60 | $30,746.31 | $1,098,711.60 | $30,746.31 | $274,677.90 |
| 06/13/19 | 3/1/19 – 3/31/19 | $1,453,006.40 | 25,745.44 | $1,453,006.40 | $25,745.44 | $363,251.60 |
| 07/03/19 | 4/1/19 – 4/30/19 | $1,852,132.00 | $64,731.53 | $1,852,132.00 | $64,731.53 | $463,033.00 |
| 07/15/19 | 5/1/19 – 5/31/19 | $2,143,294.80 | $61,317.34 | $2,143,294.80 | $61,317.34 | $535,823.70 |
| **Total** | | **$6,547,144.80** | **$182,540.62** | **$6,547,144.80** | **$182,540.62** | **$1,636,786.20** |
| | | | | | | |
| **Seventh Interim Fee Period (June 1, 2019 through September 30, 2019)** | | | | | | |
| 08/21/19 | 6/1/19 – 6/30/19 | $1,841,416.66[11] | $300,689.64 | $1,841,416.66 | $300,689.64 | $478,122.60 |

---

[9]   This amount reflects a credit of $158,129.01 for fee reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[10]   This amount reflects a credit of $6,033.82 for expense reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[11]   This amount reflects a credit of $88,842.17 for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/27/19 | 7/1/19 – 7/31/19 | $1,955,942.80 | $380,030.21 | $1,955,942.80 | $380,030.21 | $488,985.70 |
| 10/31/19 | 8/1/19 – 8/31/19 | $1,051,966.00 | $127,240.87 | $1,051,966.00 | $127,240.87 | $262,991.50 |
| 11/14/19 | 9/1/19 – 9/30/19 | $1,052,167.20 | $92,968.55[12] | $1,052,167.20 | $92,968.55 | $263,041.80 |
| **Total** | | **$5,901,492.71** | **$900,929.27** | **$5,901,492.66** | **$900,929.27** | **$1,493,141.60** |
| | | | | | | |
| **Eighth Interim Fee Period (October 1, 2019 through January 31, 2020)** | | | | | | |
| 12/19/20 | 10/1/19 – 10/31/19 | $1,911,593.40 | $113,178.50 | $1,911,593.40 | $113,178.50 | $477,898.35 |
| 01/09/20 | 11/1/19 – 11/30/19 | $830,350.40 | $68,843.54 | $830,350.40 | $68,843.54 | $207,587.60 |
| 02/28/20 | 12/1/19 – 12/31/19 | $8812,363.17[13] | $54,148.03[14] | $812,363.17 | $54,148.03 | $202,867.59 |
| 03/13/20 | 1/1/20 – 1/31/20 | $963,194.20 | $44,734.48 | $963,194.20 | $44,734.48 | $240,263.85 |
| **Total** | | **$4,517,501.17** | **$280,904.55** | **$4,517,501.17** | **$280,904.55** | **$1,128,617.39** |
| | | | | | | |
| **Ninth Interim Fee Period (February 1, 2020 through May 31, 2020)** | | | | | | |
| 04/27/20 | 2/1/19 – 2/29/20 | $1,537,133.80 | $64,790.53 | $1,537,133.80 | $64,790.53 | $384,283.45 |
| 05/15/20 | 3/1/20 – 3/31/20 | $1,230,017.80 | $26,061.77 | $1,230,017.80 | $26,061.77 | $307,504.45 |
| 06/05/20 | 4/1/20 – 4/30/20 | $665,122.80 | $30,205.99 | $665,122.80 | $30,205.99 | $166,280.70 |
| 07/10/20 | 5/1/20 – 5/31/20 | $398,858.80 | $18,014.66 | $398,858.80 | $18,014.66 | $99,714.70 |
| **Total** | | **$3,831,133.20** | **$139,072.95** | **$3,831,133.20** | **$139,072.95** | **$957,783.30** |
| | | | | | | |
| **Tenth Interim Fee Period (June 1, 2020 through September 30, 2020)** | | | | | | |
| 08/6/20 | 6/1/20 – 6/30/20 | $331,160.82[15] | $8,379.46[16] | $331,160.82 | $8,379.46 | $82,790.20 |

---

[12]  This amount reflects a credit of $606.96 for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[13]  This amount reflects a credit of $145,627.04 for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[14]  This amount reflects a credit of $227.93 for expense reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/14/20 | 7/1/20 – 7/31/20 | $487,330.80 | $66,532.00 | $487,330.80 | $66,532.00 | $121,832.70 |
| 10/10/20 | 8/1/20 – 8/31/20 | $516,247.20 | $34,799.52 | $516,247.20 | $34,799.52 | $129,061.80 |
| 11/2/20 | 9/1/20 – 9/30/20 | $499,875.60 | $39,927.12 | $499,875.60 | $39,927.12 | $124,968.90 |
| **Total** | | **$1,834,614.42** | **$149,638.10** | **$1,834,614.42** | **$149,638.10** | **$458,653.60** |
| | | | | | | |
| **Eleventh Interim Fee Period (October 1, 2020 through January 31, 2021)** | | | | | | |
| 12/12/20 | 10/1/20 – 10/31/20 | $579,022.80 | $9,489.60 | $579,022.80 | $9,489.60 | $144,755.40 |
| 01/8/21 | 11/1/20 – 11/30/20 | $290,754.00 | $22,036.54 | $290,754.00 | $22,036.54 | $72,688.50 |
| 02/12/21 | 12/1/20 – 12/31/20 | $417,523.60 | $14,383.76 | $417,523.60 | $14,383.76 | $104,380.90 |
| 03/11/21 | 1/1/21 – 1/31/21 | $202,174.00 | $14,267.47 | $202,174.00 | $14,267.47 | $50,543.50 |
| **Total** | | **$1,489,474.40** | **$60,177.37** | **$1,489,474.40** | **$60,177.37** | **$372,368.60** |
| | | | | | | |
| **Twelfth Interim Fee Period (February 1, 2021 through May 31, 2021)** | | | | | | |
| 4/9/21 | 2/1/21 – 2/28/21 | $216,458.14[17] | $24,926.47 | $216,458.14 | $24,926.47 | $54,114.53 |
| 5/7/21 | 3/1/21 – 3/31/21 | $152,465.24[18] | $8,252.75[19] | $152,465.24 | $8,252.75 | $38,116.31 |
| 6/25/21 | 4/1/21 - 4/30/21 | $619,255.60 | $35,459.58 | $619,255.58 | $35,459.58 | $154,813.90 |
| 7/9/21 | 5/1/21 – 5/31/21 | $352,375.60 | $9,950.81 | $352,375.59 | $9,950.81 | $88,092.90 |
| **Total** | | **$1,340,554.58** | **$78,589.61** | **$1,340,554.55** | **$78,589.61** | **$335,137.64** |

[15]  This amount reflects a credit of (a) $99,027.94 for fee reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $73,343.54 for fee reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[16]  This amount reflects a credit of (a) $548.31 for expense reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $99.18 for expense reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[17]  This amount reflects a credit of $78,764.83 for fee reductions pursuant to the order approving Paul Hastings' Ninth Interim Fee Application.

[18]  This amount reflects a credit of $162,080.45 for fee reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

[19]  This amount reflects a credit of $170.77 for cost reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Thirteenth Interim Fee Period (June 1, 2021 through September 30, 2021)** | | | | | | |
| 8/21/21 | 6/1/21 – 6/30/21 | $622,676.81[20] | $50,044.06 | $622,676.81 | $50,044.06 | $194,122.80 |
| 9/17/21 | 7/1/21 – 7/31/21 | $428,374.40 | $10,110.73 | $428,374.40 | $10,110.73 | $107,093.60 |
| 10/25/21 | 8/1/21 – 8/31/21 | $157,248.40 | $932.25 | $157,248.40 | $932.25 | $39,312.10 |
| 11/12/21 | 9/1/21 – 9/30/21 | $198,100.40 | $2,855.11 | $198,100.40 | $2,855.11 | $49,525.0 |
| **Total** | | **$1,406,400.01** | **$63,942.15** | **$1,406,400.01** | **$63,942.15** | **$390,053.60** |
| **Fourteenth Interim Fee Period (October 1, 2021 through January 31, 2022)** | | | | | | |
| 12/17/21 | 10/1/21 – 10/31/21 | $318,006.00 | $1,536.22 | $318,006.00 | $1,536.22 | $79,501.50 |
| 1/6/22 | 11/1/21 – 11/30/21 | $333,804.00 | $8,207.39 | $333,804.00 | $8,207.39 | $83,451.00 |
| 1/27/22 | 12/1/21 – 12/31/21 | $100,036.80 | $560.40 | $100,036.80 | $560.40 | $25,009.20 |
| 2/24/22 | 1/1/22 – 1/31/22 | $451,821.20 | $6,228.00 | $451,821.20 | $6,228.00 | $112,955.30 |
| **Total** | | **$1,203,668.00** | **$16,532.01** | **$1,203,668.00** | **$16,532.01** | **$300,917.00** |
| **Fifteenth Interim Fee Period (February 1, 2022 through May 31, 2022)** | | | | | | |
| 4/15/22 | 2/1/22 – 2/28/22 | $489,901.50[21] | $7,328.55 | $489,901.50 | $7,328.55 | $122,475.38 |
| 5/6/22 | 3/1/22 – 3/31/22 | $567,123.20 | $6,196.45 | $567,123.20 | $6,196.45 | $141,780.80 |
| 6/2/22 | 4/1/22 – 4/30/22 | $652,095.20 | $9,636.29 | 652,095.20 | $9,636.29 | $163,023.80 |
| 6/30/22 | 5/1/22 – 5/31/22 | $577,627.20 | $9,228.34 | $577,627.50 | $9,228.34 | $144,406.80 |
| **Total** | | **$2,286,747.10** | **$32,389.63** | **$2,286,747.10** | **$32,389.63** | **$571,686.78** |

---

[20]   This amount reflects a credit of $192,268.03 for fee reductions pursuant to the order approving Paul Hastings' Eleventh Interim Fee Application

[21]   This amount reflects (a) a credit of $36,526.28 for fee reductions pursuant to the order approving Paul Hastings' Twelfth Interim Fee Application and (b) a credit of 20,123.34 for fee reductions pursuant to the order approving Paul Hastings' Thirteenth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Sixteenth Interim Fee Period (June 1, 2022 through September 30, 2022)** | | | | | | |
| 8/11/22 | 6/1/22 – 6/30/22 | $318,785.60 | $1,219.84 | $318,785.60 | $1,219.84 | $79,696.40 |
| 8/31/22 | 7/1/22 – 7/31/22 | $175,320.40 | $2,233.54 | $175,320.40 | $2,233.54 | $43,830.10 |
| 10/14/22 | 8/1/22 – 8/31/22 | $164,811.60 | $2,124.83 | $164,811.60 | $2,124.83 | $41,202.90 |
| 10/28/22 | 9/1/22 – 9/30/22 | $257,279.60 | $1,778.58 | $257,279.60 | $1,778.58 | $64,319.90 |
| **Total** | | **$916,197.20** | **$7,356.79** | **$916,197.20** | **$7,356.79** | **$229,409.30** |
| | | | | | | |
| **Seventeenth Interim Fee Period (October 1, 2022 through January 31, 2023)** | | | | | | |
| 12/9/22 | 10/1/22 – 10/31/22 | $376,470.40 | $2,604.64 | $376,470.40 | $2,604.64 | $94,117.60 |
| 1/6/23 | 11/1/22 – 11/30/22 | $501,670.40 | $6,668.59 | $501,670.40 | $6,668.59 | $125,417.60 |
| 2/14/23 | 12/1/22 – 12/31/22 | $175,715.42[22] | $2,130.42 | $175,715.42 | $2,130.42 | $43,928.86 |
| 3/2/23 | 1/1/23 – 1/31/23 | $409,084.00 | $5,714.78 | -- | -- | $102,271.00 |
| **Total** | | **$1,462.940.22** | **$17,118.43** | **$1,053,856.22** | **$11,403.65** | **$365,735.06** |

---

[22] This amount reflects (a) a credit of $40,425.24 for fee reductions pursuant to the order approving Paul Hastings' Fourteenth Interim Fee Application and (b) a credit of $76,721.32 for fee reductions pursuant to the order approving Paul Hastings' Fifteenth Interim Fee Application. (c) a credit of $38,712.66 for fee reductions pursuant to the order approving Paul Hastings' Sixteenth Interim Fee Application.

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed:$9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[23] | Allowed:$111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[24] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed:$6,960,689.25 Paid: $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $104,666.09[25] Paid: $82,739.90 Authorized to be paid: $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | Docket No. 5654 | Allowed:$8,576,523.01 Paid:  $6,938,954.20 Authorized to be paid: $6,861,218.41[26] | Allowed:$583,256.46 Paid: $586,993.66 Authorized to be paid: $583,256.46[27] |
| 11/16/18 Docket No. 4325 | 6/1/18 – 9/30/18 | $5,795,270.25 | $201,725.65 | Docket No. 5654 | Allowed:$5,736,730.98 Paid:$4,636,216.20 Authorized to be paid: $4,589,384.78[28] | Allowed:$199,429.03 Paid: $201,725.65 Authorized to be paid: $199,429.03[29] |
| 4/18/2019 Docket No. 5822 | 10/1/18 – 1/31/19 | $4,705,215.50 | $95,438.11 | Docket No. 8189 | Allowed:$4,509,478.17 Paid: $3,637,669.19[30] Authorized to be paid: $3,566,595.46[31] | Allowed: $94,831.15 Paid: $89,404.29[32] Authorized to be paid: $88,797.33[33] |

---

[23]   Reflects fee reductions in the amount of 80% of $13,507.00 (or $10,806.40), which was credited against amounts payable under the January 2018 fee statement.

[24]   Reflects expense reductions in the amount of $21,926.16, which was credited against amounts payable under the January 2018 fee statement.

[25]   Prior to application of a $21,926.16 credit for expense reductions pursuant to order approving Paul Hastings' First Interim Fee Application.

[26]   Reflects fee reductions in the amount of 80% of $99,589.74 (or $79,671.79), which was credited against amounts payable under the January 2019 fee statement.

[27]   Reflects expense reductions in the amount of $3,737.20, which was credited against amounts payable under the January 2019 fee statement.

[28]   Reflects fee reductions in the amount of 80% of $58,539.27 (or $46,831.42), which was credited against amounts payable under the January 2019 fee statement.

[29]   Reflects expense reductions in the amount of $2,296.62, which was credited against amounts payable under the January 2019 fee statement.

[30]   After giving effect to credits for fee reductions in the aggregate amount of 80% of $158,129.01 (or $126,503.21) pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[31]   Reflects fee reductions in the amount of 80% of $88,842.16 (or $71,073.73), which was credited against amounts payable under the June 2019 fee statement.  Also, amount authorized to be paid is net of $126,503.21

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/15/19 Docket No. 8004 | 2/1/19 – 5/31/19 | $8,183,931.00 | $182,540.62 | Docket No. 9687 | Allowed:$7,842,124.12 Paid: $6,547,144.80 Authorized to be paid: $6,430,643.17[34] | Allowed:$182,312.69 Paid: $182,540.62 Authorized to be paid: $182,084.76[35] |
| 11/15/19 Docket No. 9219 | 6/1/19 – 9/30/19 | $7,465,708.00 | $901,536.23 | Docket No. 12861 | Allowed:$7,135,691.63 Paid: $5,901,492.66[36] Authorized to be paid: $5,733,012.71[37] | Allowed:$384,942.38 Paid: $900,929.27[38] Authorized to be paid: $385,549.34[39] |
| 3/16/20 Docket No. 12395 | 10/1/19 – 1/31/20 | $5,788,714.00 | $281,132.48 | Docket No. 13824 | Allowed:$5,641,450.42 Paid: $4,517,501.17[40] Authorized to be paid: $4,455,794.74[41] | Allowed:$281,132.48 Paid: $280,904.55[42] Authorized to be paid: $281,033.30[43] |

in credits for fee reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[32]   After giving effect to credits for expense reductions in the aggregate amount of $6,033.82 pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[33]   Reflects expense reductions in the amount of $606.96, which was credited against amounts payable under the September 2019 fee statement.  Also, amount authorized to be paid is net of $6,033.82 in credits for expense reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[34]   Reflects fee reductions in the amount of 80% of $145,627.04 (or $116,501.63), which was credited against amounts payable under the December 2019 fee statement.

[35]   Reflects expense reductions in the amount of $227.93, which was credited against amounts payable under the December 2019 fee statement.

[36]   After giving effect to credits for fee reductions in the amount of $88,842.17 (or $71,073.74 after 20% reduction) pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[37]   Reflects (a) fee reductions in the amount of 80% of $99,027.94 (or $79,222.35), which was credited against the amounts payable under the June 2020 fee statement and (b) deferral of fees in the amount of 80% of $111,572.00 (or $89,257.60), as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $71,073.73 in credits for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[38]   After giving effect to credits for expense reductions in the amount of $606.96 pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[39]   Reflects (a) expense reductions in the amount of $548.31, which was credited against amounts payable under the June 2020 fee statement and (b) deferral of expenses in the amount of $515,438.58, as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $606.96 in credits for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[40]   After giving effect to credits for fee reductions in the amount of $145,627.04 (or $116,501.63 after 20% reduction) pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[41]   Reflects fee reductions in the amount of 80% of $73,343.54 (or $58,674.83), which was credited against amounts payable under the June 2020 fee statement.  Also, amount authorized to be paid is net of $116,501.63 in credits for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/15/20 Docket No. 13682 | 2/1/20 – 5/31/20 | $4,788,916.50 | $139,072.95 | Docket No. 15355 | Allowed:$4,633,541.85 Paid: $3,831,133.20 Authorized to be paid: $3,768,121.34[44] | Allowed:$139,072.95 Paid: $139,072.95 Authorized to be paid: $139,072.95 |
| 11/16/20 Docket No. 15160 | 6/1/20 – 9/30/20 | $2,465,639.50 | $150,285.59 | Docket No. 16592 | Allowed: $2,270,277.60 Paid: $1,834,614.42 Authorized to be paid: $1,704,950.06[45] | Allowed: $150,114.82 Paid: $149,638.10 Authorized to be paid: $149,467.33[46] |
| 3/15/21 Docket No. 16067 | 10/1/20 – 1/31/21 | $1,861,843.00 | $60,177.37 | Docket No. 17646 | Allowed:$1,635,017.44 Paid: $1,489,474.40 Authorized to be paid: $1,335,659.98[47] | Allowed: $60,177.37 Paid: $60,177.37 Authorized to be paid: $60,177.37 |
| 7/15/21 Docket No. 17380 | 2/1/21 – 5/31/21 | $1,916,538.50 | $78,760.38 | Docket No. 19500 | Allowed:$1,862,000.95 Paid: $1,340,554.55 Authorized to be paid: $1,311,333.56[48] | Allowed: $78,560.38 Paid: $78,589.61 Authorized to be paid: $78,560.38[49] |

[42]   After giving effect to credits for expense reductions in the amount of $227.93 pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[43]   Reflects expense reductions in the amount of $99.18, which was credited against amounts payable under the June 2020 fee statement.

[44]   Reflects fee reductions in the amount of 80% of $78,764.83 (or $63,011.86), which was credited against amounts payable under the February 2021 fee statement.

[45]   Reflects fee reductions in the amount of 80% of $162,080.45 (or $129,664.36), which was credited against amounts payable under the March 2021 fee statement.  Also, amount authorized to be paid is net of $172,371.48 in credits for fee reductions pursuant to the orders approving Paul Hastings' Seventh and Eighth Interim Fee Applications.

[46]   Reflects expense reductions in the amount of $170.77, which was credited against amounts payable under the March 2021 fee statement.  Also, amount authorized to be paid is net of $647.49 in credits for expense reductions pursuant to the orders approving Paul Hastings' Seventh and Eighth Interim Fee Applications.

[47]   Reflects fee reductions in the amount of 80% of $192,268.03 (or $153,814.42), which was credited against amounts payable under the June 2021 fee statement.

[48]   Reflects fee reductions in the amount of 80% of $36,526.28 (or $29,221.02), which was credited against amounts payable under the February 2022 fee statement.  Also, the amount authorized to be paid is net of $240,845.28 in credits for fee reductions pursuant to the order approving Paul Hastings' Ninth and Tenth Interim Fee Applications.

[49]   Reflects expense reductions in the amount of $200.00, which was credited against amounts payable under the February 2022 fee statement.  Also, the amount authorized to be paid is net of $170.77 in credits for expense reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 11/15/21 Docket No. 19238 | 6/1/21 – 9/30/21 | $1,950,268.00 | $63,942.15 | Docket No. 20412 | Allowed: $1,910,232.82 Paid: $1,406,400.01 Authorized to be paid: $1,390,301.30[50] | Allowed: $63,942.15 Paid: $63,942.15 Authorized to be paid: $63,942.15 |
| 5/26/22 Docket No. 21038 | 10/1/21 – 1/31/22 | $1,504,585.00 | $16,532.01 | Docket No. 22727 | Allowed: $1,446,234.52 Paid: $1,203,668.00 Authorized to be paid: $1,171,327.81[51] | Allowed: $16,532.01 Paid: $16,532.01 Authorized to be paid: $16,532.01 |
| 7/15/22 Docket No. 21520 | 2/1/22 – 5/31/22 | $2,915,083.50 | $32,389.63 | Docket No. 22727 | Allowed: $2,774,140.87 Paid: $2,286,747.10 Authorized to be paid: $2,225,370.06[52] | Allowed: $32,389.63 Paid: $32,389.63 Authorized to be paid: $32,389.63 |
| 11/15/22 Docket No. 22879 | 6/1/22 – 9/30/22 | $1,145,246.50 | $70,240.31 | Docket No. 23408 | Allowed: $1,075,006.19 Paid: $916,197.20 Authorized to be paid: $885,227.072[53] | Allowed: $7,356.79 Paid: $7,356.79 Authorized to be paid: $7,356.79 |

---

[50]   Reflects fee reductions in the amount of 80% of $20,123.34 (or $16,098.67), which was credited against amounts payable under the February 2022 fee statement.  Also, the amount authorized to be paid is net of $192,268.03 in credits for fee reductions pursuant to the order approving Paul Hastings' Eleventh Interim Fee Applications.

[51]   Reflects fee reductions in the amount of 80% of $40,425.24 (or $32,340.19), which were credited against amounts payable under the December 2022 fee statement.

[52]   Reflects fee reductions in the amount of 80% of $76,721.32 (or $61,377.06), which were credited against amounts payable under the December 2022 fee statement.  Also, the amount authorized to be paid is net of $56,649.62 in credits for fee reductions pursuant to the order approving Paul Hastings' Twelfth and Thirteenth Interim Fee Applications.

[53]   Reflects fee reductions in the amount of 80% of $38,712.66 (or $30,970.13), which were credited against amounts payable under the December 2022 fee statement.

**Hearing Date**: June 7, 2023 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 4, 2023 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------- x
                                     :

In re:                                :
                                     :

THE FINANCIAL OVERSIGHT AND       :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :   Title III
                                     :

       as representative of           :   Case No. 17-BK-3283 (LTS)
                                     :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,  :   (Jointly Administered)
                                     :

       Debtors.[1]                   :
-------------------------------------------------------------------- x

# SEVENTEENTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2022 THROUGH JANUARY 31, 2023

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 6

COMPENSATION AND REIMBURSEMENT REQUEST ...................................................... 16

SUMMARY OF SERVICES ................................................................................................... 20

      I.      Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
(Matter ID 00002) ............................................................................................ 21

      II.     PREPA (Matter ID 00006) ................................................................................. 23

      III.    HTA (Matter ID 00007) ..................................................................................... 26

      IV.    Mediation (Matter ID 00010)............................................................................ 26

ATTENDANCE AT HEARINGS ............................................................................................. 27

REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND
COMMITTEE ....................................................................................................................... 27

ACTUAL AND NECESSARY DISBURSEMENTS .................................................................. 29

REQUESTED COMPENSATION SHOULD BE ALLOWED ................................................... 30

CONCLUSION ..................................................................................................................... 33

## <u>SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES</u>

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A          CUSTOMARY AND COMPARABLE COMPENSATION
                   DISCLOSURES

EXHIBIT B          SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C          BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD

   EXHIBIT C-1      BUDGETS

   EXHIBIT C-2      STAFFING PLANS

EXHIBIT D          SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY

   EXHIBIT D-1      SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY AS COMPARED TO BUDGET

   EXHIBIT D-2      SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
                   CATEGORY

EXHIBIT E          BREAKDOWN OF COMPENSATION AND EXPENSE
                   REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER
                   SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
                   PUERTO RICO

SCHEDULE 1         LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2         MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3         PROPOSED ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors (the "Committee"),[1] for its seventeenth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from October 1, 2022 through and including January 31, 2023 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## **PRELIMINARY STATEMENT**

1. During the Application Period, Paul Hastings continued to handle numerous matters that were of critical importance to the interests of the Debtors and their creditors. Most importantly, during the Application Period, Paul Hastings led the Committee's efforts in connection with the Oversight Board's litigation (including summary judgment briefing) on two threshold questions with respect to the PREPA bondholders' legal entitlements, namely (1) the scope of the bondholders' security interest and (2) the non-recourse nature of the PREPA bonds. In this regard, Paul Hastings prepared supplemental briefs in support of the Oversight Board's

---

[1]   Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]   References to PROMESA are references to 48 U.S.C. §§ 2101 *et seq.*

motion for summary judgment and in opposition to the PREPA bondholders' motion for

summary judgment. Throughout this process, Paul Hastings worked closely with counsel for the

Oversight Board in order to avoid duplication of efforts, including by reviewing and commenting

on drafts of the Oversight Board's briefs and sharing drafts of its own supplemental briefs with

counsel for the Oversight Board. At the same, during the Application Period, Paul Hastings

participated in the PREPA mediation, which proceeded concurrently with summary judgment

briefing on the lien scope and non-recourse issues.[3]

2.    In addition, during the Application Period, Paul Hastings analyzed the proposed

plan of adjustment for PREPA (as amended, the "PREPA Plan"), the related disclosure

statement, and other related materials (including the liquidation analysis) and prepared the

Committee's objection to the approval of the disclosure statement (which objection was filed on

February 3, 2023). While, at this time, the Committee does not support confirmation of the

PREPA Plan, as a result of its objection to the disclosure statement the Oversight Board added

numerous clarifications and amendments to the disclosure statement.[4]

3.    All the while, Paul Hastings has continued to advise the Committee on all issues

bearing on the rights of unsecured creditors in these Title III cases:

a.    holding regular Committee meetings and communicating
regularly with Committee members regarding ongoing matters
in the Title III cases; and

b.    monitoring hearings, pleadings filed, and orders entered in the
Title III cases and related adversary proceedings (including,

---

[3]    Due to mediation confidentiality, Paul Hastings cannot further elaborate on the substance of these materials. In
addition, Paul Hastings has redacted all references to specific mediation issues in its monthly fee statements
attached to this Application. Paul Hastings will submit unredacted versions of such statements for the Court's
review, if the Court so requests. The Fee Examiner has received unredacted versions of such statements.

[4]    The Court approved the disclosure statement (as amended) by order dated March 3, 2023 [Docket No. 23675].

where appropriate, filing objections), and representing the
Committee in hearings before the Court.

4.       Paul Hastings has continued to perform these services in an economic, effective,

and efficient manner commensurate with the complexity and importance of the issues involved.

For example, the work performed by Paul Hastings was carefully assigned to appropriate

professionals or paraprofessionals according to the experience and level of expertise required for

each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs

of Paul Hastings' services to the Committee by utilizing talented junior attorneys and

paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the

extent practicable, questions of Puerto Rico law to local counsel.

5.       In addition, a small core group of Paul Hastings attorneys was utilized for the vast

majority of the work in these Title III cases to minimize the costs of intra-Paul Hastings

communication and education about the cases.  Notably, only two Paul Hastings attorneys

attended the various hearings held during the Application Period, thereby minimizing the time

billed on these hearings.  This is to be contrasted with other firms that have several partners

attending such hearings.

6.       Moreover, to the extent appropriate, Paul Hastings sought to work closely with

counsel to the Oversight Board, counsel to the Oversight Board's Special Claims Committee (the

"Special Claims Committee"), counsel to the Puerto Rico Fiscal Agency and Financial Advisory

Authority ("AAFAF"), and counsel for the official committee of retirees (the "Retiree

Committee") in order to eliminate unnecessary duplication and allocate tasks in an efficient

manner.  For example, with limited exceptions, the Committee did not become involved in

addressing stay relief requests and, instead, deferred these matters to representatives of the

Debtors.  In addition, to the extent appropriate, the Committee joined in the relief sought by

other parties (as opposed to incurring the cost of preparing its own standalone motions) or concluded that no pleading was necessary at all. The Committee has also continued to be very judicious in determining in which adversary proceedings to intervene, despite the First Circuit's ruling affirming the Committee's unconditional right to intervene in adversary proceedings.[5]

7.        Finally, we note that the blended attorney hourly rate ($1,029 after the 20% reduction) for the Application Period is not comparable to the average hourly rate of other professionals in these Title III cases. Importantly, the Firm's blended attorney hourly rate does not reflect the numerous cost-saving measures that were put in place, including deferring a variety of matters to the Committee's local counsel, Casillas, Santiago & Torres LLC ("CST"), and the Committee's special litigation counsel, Continental PLLC ("Continental"),[6] which have significantly lower rates than Paul Hastings. For example, certain adversary proceedings (such as the complaint against certain PREPA fuel suppliers) are being handled by Continental, even where Paul Hastings does not have a conflict. If it were not for these cost-saving measures, Paul Hastings would have used more junior attorneys for these tasks, which would have materially reduced the blended attorney hourly rate for the Application Period. Furthermore, Paul Hastings submits that concentrating work in small teams (that naturally involve more senior attorneys at higher rates) is more cost-efficient than spreading work out across large teams with numerous junior attorneys (which would have the effect of artificially lowering the blended hourly rate).

---

[5]     Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process). For the avoidance of doubt, at this time, Paul Hastings seeks allowance of $1,984,534.50 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of fees in the amount of $1,462,940.22 (to the extent such amount has not been paid before the hearing scheduled on this Application).

[6]     In 2022, three former lawyers from Genovese, Joblove & Battista, P.A. ("Genovese") who had been primarily responsible for the representation of the Committee as special litigation counsel joined the firm of Continental. The Committee approved Continental's substitution for Genovese, effective as of February 14, 2022, as detailed in the Continental retention application, dated February 28, 2022 [Docket No. 20222], which the Court approved on March 18, 2022 [Docket No. 20407].

By comparison, on average, the Paul Hastings core teams are half the size of other firms' core teams.

8.      In sum, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases.  The results obtained to date have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional services performed and expenses incurred are reasonable under applicable standards.  For all these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

9.      This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[7]  To the extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met by this Application.

10.      In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

---

[7]     The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit B</u> contains a summary of Paul Hastings' timekeepers included in this Application.

- <u>Exhibit C-1</u> contains the budgets for Paul Hastings' services during the Application Period.

- <u>Exhibit C-2</u> contains the staffing plans for Paul Hastings' services during the Application Period.

- <u>Exhibit D-1</u> contains a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period.

- <u>Exhibit D-2</u> contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- <u>Exhibit E</u> contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- <u>Schedule 1</u> contains a list of the professionals providing services during the Application Period by matter.

- <u>Schedule 2</u> includes the monthly fee statements covered in this Application.

- <u>Schedule 3</u> includes the proposed order approving this Application.

## **<u>BACKGROUND</u>**

11.     On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA (the "<u>Commonwealth Title III Case</u>").  Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "<u>ERS Title III Case</u>"), the Puerto Rico Highways and Transportation Authority (the "<u>HTA Title III Case</u>"), and the Puerto Rico Electric Power Authority (the "<u>PREPA Title III Case</u>," and, together with the Commonwealth Title III

Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").[8]  By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

12.     On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel to the Committee.

13.     On July 10, 2017, the Committee filed an application to retain and employ Paul Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application"). By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was approved effective as of June 26, 2017.

14.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").[9]

15.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and

---

[8]     Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

[9]     The Interim Compensation Order was most recently amended on June 24, 2022 [Docket No. 21334].  Because the Committee continues to remain in existence as to the Commonwealth and ERS cases until the order confirming the Commonwealth Plan becomes a Final Order, and the Committee also remains in existence as to the PREPA and HTA cases, this Application covers the period from June 1, 2022 through September 30, 2022 for all four cases, in accordance with footnote 6 of the *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals* [Docket No. 20546], which provision was not revised by the June 24, 2022 amendment.

the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the

Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the

PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul

Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the

Committee if ever enlarged to include unsecured creditors of other debtors, without the need to

obtain a modification of this Order."

16.     The Retention Order authorized Paul Hastings to be compensated on an hourly

basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316

and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court

may direct.[10]  The Retention Order further provides that "[p]ursuant to Bankruptcy Code

section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul

Hastings under this Order shall be an administrative expense."  In addition, as provided in the

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings'

allowed fees and expenses.

17.     Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total

case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul

Hastings (in its sole discretion) in connection with the final fee application process.  For that

reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the

Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction

in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would

---

[10]   Paragraph 2 of the Retention Order provides, among other things, that "Paul Hastings will charge its regular
hourly rates in effected from time to time; as such rates may be increased periodically, annually or otherwise."

be governed by Court orders which contained strict procedures and deadlines, and that such order would be complied with.

18.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

19.     On December 15, 2017, Paul Hastings filed its first interim fee application with respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the "First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[11]  On March 7, 2018, the Court approved the First Interim Fee Application, with the agreed-upon adjustments.

20.     On March 19, 2018, Paul Hastings filed its second interim fee application with respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the "Second Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[12]  On June 8, 2018, the Court approved the Second Interim Fee Application, with the agreed-upon adjustments.

---

[11]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $67,259.01 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $13,507.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $21,926.16 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[12]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $103,943.50 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $1,385.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $12,722.50 (which amount also was credited against Paul Hastings' January 2018 fee statement).

21.     On July 16, 2018, Paul Hastings filed its third interim fee application with respect to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[13]  On March 14, 2019, the Court approved the Third Interim Fee Application, with the agreed-upon adjustments.

22.     On November 16, 2018, Paul Hastings filed its fourth interim fee application with respect to the period from June 1, 2018 through September 30, 2018 [Docket No. 4325] (the "Fourth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[14]  On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

23.     On March 18, 2019, Paul Hastings filed its fifth interim fee application with respect to the period from October 1, 2018 through January 31, 2019 [Docket No. 5822] (the "Fifth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[15]  On July 23, 2019, the Court approved the Fifth Interim Fee Application, with the agreed-upon adjustments.

---

[13]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $125,338.14 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,589.74 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $3,737.20 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[14]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $69,137.26 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $58,539.27 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $2,296.62 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[15]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $106,895.16 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $88,842.17 (which amount was credited against Paul Hastings' June 2019 fee statement), and (c) expense reductions in the amount of $606.96 (which amount also was credited against Paul Hastings' September 2019 fee statement).

24.     On July 15, 2019, Paul Hastings filed its sixth interim fee application with respect to the period from February 1, 2019 through May 31, 2019 [Docket No. 8004] (the "Sixth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[16]  On January 2, 2020, the Court approved the Sixth Interim Fee Application, with the agreed-upon adjustments.

25.     On November 15, 2019, Paul Hastings filed its seventh interim fee application with respect to the period from June 1, 2019 through September 30, 2019 [Docket No. 9219] (the "Seventh Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[17]  On April 17, 2020, the Court approved the Seventh Interim Fee Application, with the agreed-upon adjustments.

26.     On March 16, 2020, Paul Hastings filed its eighth interim fee application with respect to the period from October 1, 2019 through January 31, 2020 [Docket No. 12395] (the "Eighth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee

---

[16]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $196,179.84 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $145,627.04 (which amount was credited against Paul Hastings' December 2019 fee statement), and (c) expense reductions in the amount of $227.93 (which amount also was credited against Paul Hastings' December 2019 fee statement).

[17]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $119,416.43 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,027.94 (which amount was credited against Paul Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $548.31 (which amount also will be credited against Paul Hastings' June 2020 fee statement).  In addition, Paul Hastings and the fee examiner agreed to provisionally defer (a) $111,572.00 in Paul Hastings' fees related to the expert report prepared by London Economics International, LLC ("LEI") and (b) $515,438.58 in expenses related to the expert report prepared by LEI.

Examiner and agreed to certain adjustments in its requested fees and expenses.[18]  On July 24,

2020, the Court approved the Eighth Interim Fee Application, with the agreed-upon adjustments.

27.     On July 15, 2020, Paul Hastings filed its ninth interim fee application with respect

to the period from February 1, 2020 through May 31, 2020 [Docket No. 13682] (the "Ninth

Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner

and agreed to certain adjustments in its requested fees and expenses.[19]  On December 7, 2020,

the Court approved the Ninth Interim Fee Application, with the agreed-upon adjustments.

28.     On November 16, 2020, Paul Hastings filed its tenth interim fee application with

respect to the period from June 1, 2020 through September 30, 2020 [Docket No. 15160] (the

"Tenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee

Examiner and agreed to certain adjustments in its requested fees and expenses.[20]  On April 27,

2021, the Court approved the Tenth Interim Fee Application, with the agreed-upon adjustments.

29.     On March 15, 2021, Paul Hastings filed its eleventh interim fee application with

respect to the period from October 1, 2020 through January 31, 2021 [Docket No. 16067] (the

"Eleventh Interim Fee Application").  Paul Hastings received a preliminary report from the Fee

---

[18]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $73,920.04 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $73,343.54 (which amount was credited against Paul
Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $99.18 (which amount also
was credited against Paul Hastings' June 2020 fee statement).

[19]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $76,609.82 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $78,764.83 (which amount were credited against Paul
Hastings' February 2021 fee statement).

[20]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $33,281.45 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $162,080.45 (which amount was credited against Paul
Hastings' March 2021 fee statement), and (c) expense reductions in the amount of $170.77 (which amount also
was credited against Paul Hastings' March 2021 fee statement).

Examiner and agreed to certain adjustments in its requested fees and expenses.[21]  On August 3, 2021, the Court approved the Eleventh Interim Fee Application, with the agreed-upon adjustments.

30.     On July 15, 2021, Paul Hastings filed its twelfth interim fee application with respect to the period from February 1, 2021 through May 31, 2021 [Docket No. 17380] (the "Twelfth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[22]  On December 13, 2021, the Court approved the Twelfth Interim Fee Application, with the agreed-upon adjustments.

31.     On November 15, 2021, Paul Hastings filed its thirteenth interim fee application with respect to the period from June 1, 2021 through September 30, 2021 [Docket No. 19238] (the "Thirteenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[23]  On March 18, 2022, the Court approved the Thirteenth Interim Fee Application, with the agreed-upon adjustments.

---

[21]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $34,557.53 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $192,268.03 (which amount was credited against Paul Hastings' June 2021 fee statement).

[22]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $18,011.28 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $36,526.28 (which amount was credited against Paul Hastings' February 2022 fee statement) and (c) expense reductions in the amount of $200.00 (which amount also was credited against Paul Hastings' February 2022 fee statement).

[23]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $19,911.84 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $20,123.34 (which amount was credited against Paul Hastings' February 2022 fee statement).

32.     On May 26, 2022, Paul Hastings filed its fourteenth interim fee application with respect to the period from October 1, 2021 through January 31, 2022 [Docket No. 21038] (the "Fourteenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[24]  On October 28, 2022, the Court approved the Fourteenth Interim Fee Application, with the agreed-upon adjustments.

33.     On July 15, 2022, Paul Hastings filed its fifteenth interim fee application with respect to the period from February 1, 2022 through May 31, 2022 [Docket No. 21520] (the "Fifteenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[25]  On October 28, 2022, the Court approved the Fifteenth Interim Fee Application, with the agreed-upon adjustments.

34.     On November 15, 2022, Paul Hastings filed its sixteenth interim fee application with respect to the period from June 1, 2022 through September 30, 2022 [Docket No. 22879] (the "Sixteenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[26]  On January

---

[24]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $17,925.24 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $40,425.24 (which amount was credited against Paul Hastings' December 2022 fee statement).

[25]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $64,221.31 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $76,721.32 (which amount was credited against Paul Hastings' December 2022 fee statement).

[26]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $31,527.65 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $38,712.66 (which amount was credited against Paul Hastings' December 2022 fee statement).

27, 2023, the Court approved the Sixteenth Interim Fee Application, with the agreed-upon adjustments.

35.     On January 19, 2022, the Court entered an order [Docket No. 19813] confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (the "Commonwealth Plan").  The Effective Date of the Commonwealth Plan occurred on March 15, 2022.  Pursuant to §90.1 of the Commonwealth Plan, and as a result of the appeals of the confirmation order, the Committee will remain in existence in the Commonwealth and ERS cases until the confirmation order becomes a Final Order.  The Commonwealth Plan did not affect the continued existence of the Committee in the PREPA and HTA cases.

36.     On October 12, 2022, the Court entered an order [Docket No. 22582] confirming the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority*, dated September 6, 2022 [Docket No. 1404 in Case No. 17-3567] (as amended, supplemented, or modified prior, at, or subsequent to the HTA confirmation hearing, including the plan supplement, and as may be amended, supplemented, or modified pursuant to section 313 of PROMESA, the "HTA Plan"). The Effective Date of the HTA Plan occurred on December 6, 2022.  Pursuant to §39.1 of the HTA Plan, and as a result of the appeal of the confirmation order, the Committee will remain in existence in the HTA case until the confirmation order becomes a Final Order.  The HTA Plan did not affect the continued existence of the Committee in the PREPA case.

**COMPENSATION AND REIMBURSEMENT REQUEST**

37.     By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $1,984,534.50[27] and expense reimbursements in the aggregate amount of $17,118.43.

These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case,

the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $167,243.00[28] | $5,012.62 | $172,255.62 |
| HTA Title III Case | $7,028.00 | $6.30 | $7,034.30 |
| ERS Title III Case | $0.00 | $0.00 | $0.00 |
| PREPA Title III Case | $1,810,263.50 | $12,099.51 | $1,822,363.01 |
| **Total** | **$1,984,534.50** | **$17,118.43** | **$2,001,652.93** |

38.     The Committee has approved the amounts requested by Paul Hastings for services

performed and expenses incurred in each of the monthly statements submitted to, among others,

the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application

Period.  All services for which compensation is requested herein were performed for or on behalf

of the Committee.  Moreover, as detailed on Exhibit D hereto, the aggregate amount of fees

incurred by Paul Hastings during the Application Period was well below the fees budgeted.

---

[27]   As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process.  Accordingly, the firm only seeks payment, at this time, of
fees in the amount of $1,462,940.22 (to the extent such amount has not been paid before the hearing scheduled
on this Application), which is 80% of $1,984,534.50 (*i.e.*, Paul Hastings' fees of $1,984,534.50 minus credits of
$155,859.22 for fee reductions pursuant to the orders approving Paul Hastings' Fourteenth, Fifteenth, and
Sixteenth Interim Fee Applications).

[28]   For the Application Period, the Commonwealth-related fees relate to: (a) PRRADA disclosures and professional
fee applications ($56,604.50); (b) general pleadings review ($32,702.50); (c) claims administration matters
($27,724.00); (d) preparation for, and attendance at, omnibus hearings ($27,673.00); and (e) other case
administrative matters, including maintaining case calendars and task lists ($5,640.50).

39.    To date, Paul Hastings has received payments totaling $1,065,259.87 for services rendered during the Application Period, which amount consists of (a) $1,053,856.22 representing 80% of the fees for services invoiced during the period from October 1, 2022 through December 31, 2022 and (b) $11,403.65 (representing 100% of expenses invoiced for the same period).  As of the date of this Application, the amount of $414,798.78 remains unpaid, which amount consists of (a) $409,084.00 (representing 80% of the fees for services invoiced during the period from January 1, 2023 through January 31, 2023 and (b) $5,714.78 (representing 100% of expenses invoiced for the same period).[29]

40.    Other than payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Application Period.  By this Application, Paul Hastings requests allowance of all fees and expenses incurred for services rendered during the Application Period.  At this time, however, Paul Hastings seeks payment of only (a) 80% of the fees for services invoiced during the Application Period and (b) 100% of expenses invoiced during the Application Period.

41.    In addition, as a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling $15,012.50.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek allowance and payment of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance or payment of Paul Hastings' fees and expenses.  Additionally, Paul Hastings did not increase the hourly rates of timekeepers working on the Puerto Rico matter as of June 1, 2022 or January 1,

---

[29]    The deadline to object to Paul Hastings' January 2023 fee statement expired on March 13, 2021, without objections.

2023 and, instead, maintained the pre-June 1, 2022 rates for the Application Period (even though hourly rates increased on a firm-wide basis as of June 1, 2022 and January 1, 2023).  This translates into an additional $39,790.00 in fees that Paul Hastings voluntarily agreed to forgo. Paul Hastings also voluntarily waived expenses totaling $0.00 as a courtesy to the Committee during the Application Period.  For details regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed concurrently herewith.

42.     There is no agreement or understanding between Paul Hastings and any other person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of compensation to be received for services rendered in these cases.

43.     Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Committee.  The monthly statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

44.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period with certain exceptions.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed to continue to charge a reduced rate for the services of the following attorney during the Application Period (adjusted to reflect, on a *pro forma* basis, the 20% end-of-case reduction):

| Attorney | Standard 2022 Rate (adjusted to reflect 20% end-of-case reduction)[30] | Reduced 2022 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1460 | $1,360 |

Subject to the foregoing exception, the rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

45. Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers. Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

---

[30] For purposes of this table, the Standard 2022 Rate is the pre-June 1, 2022 rate, *i.e.*, prior to the firm-wide rate increases on June 1, 2022 and January 1, 2023. As noted above, Paul Hastings has <u>not</u> implemented these rate increases in the Title III Cases for services during the Application Period.

46.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 1576.70 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (320.70 hours), counsel (567.20 hours), associates (632.60 hours), and paraprofessionals (56.20 hours).  During the Application Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $725 to $1,700 per hour (before the application of any fee reductions).

47.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

48.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Schedule 2.[31]  For ease of reference and transparency purposes, Paul Hastings created

---

[31]   The description of services in this Application is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Application Period.

several matter numbers for its representation of the Committee.  The matter numbers are divided

by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 00002 | Official Committee of Unsecured Creditors |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00006 | PREPA |
| 00007 | HTA |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |

I.    **Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

(a)    Case Administration (Task Code B110)
       Fees:   $5,640.50          Total Hours:   6.20

49.    During the Application Period, Paul Hastings continued to advise the Committee

on general case administration.  In order to efficiently track deadlines, organize documents, and

manage work streams, Paul Hastings maintained a case calendar.  Further, Paul Hastings

coordinated internally and with the Committee's financial advisor, Zolfo Cooper LLP ("Zolfo

Cooper") regarding Committee communications, case strategy, and work streams.  Paul Hastings

also communicated with certain Committee members and others in connection with the

administration of the Title III Cases.

50.    Furthermore, Paul Hastings undertook a variety of other tasks related to case

administration, such as handling administrative matters in connection with the filing and service

of pleadings.

(b)    <u>Pleadings Review (Task Code B113)</u>
       Fees:  $32,703.00        Total Hours:  40.20

51.     During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the Title III Cases for internal review and review by the Committee.

(c)    <u>Court Hearings (Task Code B155)</u>
       Fees:  $27,673.00        Total Hours:  20.30

52.     During the Application Period, Paul Hastings attended (a) the November 2, 2022 omnibus hearing, at which hearing Paul Hastings addressed the Court in connection with the status report and the update provided by the mediation team and (b) the December 4, 2022 omnibus hearing, at which Paul Hastings addressed the Court in connection with the status report and the update provided by the mediation team.  In preparation for these hearings, Paul Hastings filed the requisite informative motions to be heard.

(d)    <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
       Fees:  $56,604.50        Total Hours:  48.40

53.     During the Application Period, Paul Hastings prepared, among other things, five monthly fee statements for services provided during the months of August 2022 through December 2022, the Sixteenth Interim Fee Application, and portions of this Application.  In addition, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Puerto Rico Recovery Accuracy in Disclosures Act (the "<u>PRRADA</u>"), and the Court's related orders [Docket Nos. 19859, 19980, 20419, and 20467], Paul Hastings continued to identify possible connections between the firm and parties in interest in the Title III Cases and prepared its thirteenth supplemental declaration and portions of its fourteenth supplemental declaration of Luc A. Despins regarding the firm's retention as Committee counsel.  Paul Hastings also reviewed reports and correspondence from the Fee Examiner and engaged in discussions with the Fee Examiner and his counsel to resolve questions regarding Paul Hastings' interim fee applications.

22

(e)   Fee/Employment Applications for Other Professionals (Task Code B165)
      Fees: $ 9,714.50      Total Hours: 8.40

54.    During the Application Period, Paul Hastings assisted the Committee's other

professionals, including the Committee financial advisor, Zolfo Cooper, and the Committee's

communications advisor, Kroma Advertising, Inc. ("Kroma"), with their fee applications, as well

Committee members with expense reimbursement requests.  Paul Hastings also handled other

matters related to the employment of professionals, including disclosures under PRRADA.

(f)   Claims Administration and Objections (Task Code B310)
      Fees:  $27,724.00      Total Hours:  21.80

55.    During the Application Period, Paul Hastings prepared the Committee's response

to the Bonistas del Patio's ("Bonistas") motion for payment of professional fees.  In the interest

of minimizing fees, the Committee incorporated by reference its prior responses to AAFAF's

stipulation with Bonistas (filed back in 2019) concerning the payment of Bonistas' professional

fees.  In addition, during the Application Period, Paul Hastings prepared the Committee's

response to the Oversight Board's motion to further extend time to object to proofs of claims

against the Commonwealth, ERS, and PBA, requesting that the Court require the Oversight

Board to provide a timeline to complete the claims reconciliation process.[32]

**II.    PREPA (Matter ID 00006)**

(a)   Meetings and Communications with Creditors (Task Code B150)
      Fees:  $154,239.50      Total Hours: 146.20

56.    During the Application Period, Paul Hastings provided numerous updates to the

Committee regarding developments in the PREPA case, including as it relates to the litigation

challenging the PREPA bondholders' claims and security interest.  In addition, Paul Hastings

handled numerous update calls with the Committee on these matters.

---

[32]   The Court ultimately granted the requested extension without requiring the Oversight Board to provide such a
timeline.

(b)    <u>Court Hearings (Task Code B155)</u>
Fees:   $79,521.00            Total Hours: 57.90

57.    During the Application Period, Paul Hastings prepared for February 1, 2023 oral argument on the summary judgment motions in the lien scope / non-recourse litigation (further detailed below).  In addition, Paul Hastings observed the Oversight Board's public meeting on October 16, 2023.

(c)    <u>General Litigation (Task Code B191)</u>
Fees:   $1,136,918.00 Total Hours: 878.10

58.    During the Application Period, Paul Hastings advised the Committee on numerous litigation matters related to the PREPA case.  Following termination of the PREPA mediation on September 16, 2022, the Oversight Board sought approval of a litigation schedule to adjudicate two threshold questions with respect to the PREPA bondholders' legal entitlements, namely (1) the scope of the bondholders' security interest and (2) the non-recourse nature of the PREPA bonds.  At the same time, the Mediation Team also requested approval of certain amendments to the mediation order, including a further extension of the mediation outside date, so that mediation could continue concurrently with litigation.  On September 27, 2022, the Court entered an order approving the Oversight Board's proposed litigation schedule (with certain modifications) and, separately, amended the mediation order to allow mediation to continue concurrently with litigation.[33]

59.    During the Application Period, Paul Hastings (a) analyzed numerous legal issues related to the scope of the PREPA bondholders' lien and the non-recourse nature of the PREPA bond claims, (b) reviewed and commented on the Oversight Board's drafts of the amended complaint, summary judgment briefs, and related pleadings, and (c) prepared supplemental briefs

---

[33]   The Court also required the Oversight Board to propose a "toggle" plan by December 1, 2022.

in support of the Oversight Board's request for summary judgment on the lien scope and non-recourse issues and in opposition to the PREPA bondholder's summary judgment briefs.   To be clear, at all times, Paul Hastings closely coordinated their efforts with counsel for the Oversight Board to avoid duplication.

     (d)    <u>Claims Administration and Objections (Task Code B310)</u>
            Fees:   $10,243.00          Total Hours: 7.40

60.     During the Application Period, Paul Hastings prepared two status reports in its appeal before the First Circuit regarding the order terminating the Committee's objection to the PREPA bond claims (including to advise the First Circuit of the ongoing summary judgment briefing in the lien scope / non-recourse litigation).

     (e)    <u>Plan and Disclosure Statement (Task Code B320)</u>
            Fees:   $245,129.50          Total Hours: 208.90

61.     During the Application Period, Paul Hastings (a) analyzed the PREPA Plan, the related disclosure statement, and other related materials (including the liquidation analysis), (b) prepared a presentation for the Committee regarding the treatment of general unsecured creditors under the PREPA Plan, and (c) drafted the Committee's objection to the approval of the disclosure statement (which objection was filed on February 3, 2023).  In addition, Paul Hastings analyzed various legal issues related to the treatment of general unsecured claims, including as it relates to the Current Expense priority under the PREPA bond trust agreement.

62.     Furthermore, during the Application Period, Paul Hastings also addressed a variety of procedural issues, including preparing a response to the Oversight Board's proposed disclosure statement schedule as well as preparing a response (as part of the Committee's disclosure statement objection) to the Oversight Board's proposed solicitation procedures and confirmation discovery procedures.

    (f)    <u>Restructuring (Task Code B420)</u>
        Fees:   $5,700.50          Total Hours: 5.30

63.    During the Application Period, Paul Hastings continued to update the

Committee's financial advisor on PREPA matters (*i.e.*, LEI) regarding PREPA-related

developments.

### III.    HTA (Matter ID 00007)

    (a)    <u>Plan and Disclosure Statement (including Business Plan) (Task Code B320)</u>
        Fees:   $7,028.00          Total Hours: 4.90 hours

64.    Following confirmation of the HTA Plan on October 12, 2022, Paul Hastings

worked with counsel to the Oversight Board to prepare for the effective date of the HTA Plan

(which occurred on December 6, 2022), including finalizing the amendment to the avoidance

actions trust agreement and providing comments on the disbursement agreement as it relates to

the GUC reserve established under the HTA Plan for the benefit of HTA's general unsecured

creditors.

### IV.    Mediation (Matter ID 00010)

    (a)    <u>Restructuring (Task Code B420)</u>
        Fees:   $176,742.00      Total Hours: 115.80

65.    During the Application Period, Paul Hastings continued to participated in the

PREPA mediation directed by the Court pursuant to its orders, dated April 8, 2022 [Docket No.

20526 and 20527], and as subsequently extended.   Among other things, Paul Hastings attended

mediation session with the mediation team and advisors to the Oversight Board and AAFAF,

analyzed settlement proposals made by the Oversight Board, and prepared the Committee's

counterproposals.  Due to mediation confidentiality restrictions, Paul Hastings cannot publicly

disclose the substance of the issues addressed in mediation.[34]

### ATTENDANCE AT HEARINGS

66.     In accordance with the presumptions set forth in the *Order on Fee Examiner's*

*Motion* to *Impose Presumptive Standards and Timeliness Requirements for Professional Fee*

*Applications* [Docket No. 3932] (the "Presumptive Standards Order"), Paul Hastings provides

the following summary regarding the attendance of Paul Hastings professionals at Court

hearings:[35]

- November 2, 2022: The November 2, 2022 omnibus hearing, which was held in person in New York, New York, was attended telephonically by Mr. Despins and by Mr. Bongartz in person.

- December 14, 2022:  The December 14, 2022 omnibus hearing, which was held remotely, was attended telephonically by Mr. Despins and Mr. Bongartz.

### REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND COMMITTEE

67.     In light of the effective date having occurred with respect to the Commonwealth

Plan and the HTA Plan, and as reflected in the related confirmation orders, the various

proceedings and motions jointly commenced by the Oversight Board or its Special Claims

Committee, on the one hand, and the Committee, on the other hand, have been resolved.  In

particular:

---

[34]   In addition, Paul Hastings has redacted all references to specific mediation issues in its monthly fee statements attached to this Application.  Paul Hastings will submit unredacted versions of such statements for the Court's review, if the Court so requests.  The Fee Examiner has received unredacted versions of such statements.

[35]   Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

- **GO Bond Claim Objections**: Upon the effective date of the Commonwealth Plan, the GO Bond Claim Objection were resolved in accordance with the Commonwealth Plan.

- **Adversary Proceeding Against Underwriters, etc.**: Prior to the effective date of the Commonwealth Plan, Continental, the Committee's special litigation counsel, represented the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280]. Paul Hastings had no involvement in this adversary proceeding. Moreover, pursuant to the Commonwealth Plan, the underwriter litigation was transferred to the Avoidance Actions Trust. Continental continues to handle the underwriter litigation as counsel to the Avoidance Actions Trustee.

- **Garden-Variety Avoidance Actions**: Prior to the effective date of the Commonwealth Plan, the "garden-variety" avoidance actions were handled by CST, the Committee's local counsel. Paul Hastings' involvement in these avoidance actions was limited to reviewing and commenting on draft forms of pleadings or "case management" pleadings, and providing high-level oversight and direction with respect to these adversary proceedings. Pursuant to the Commonwealth Plan, the "garden-variety" avoidance actions (as detailed on Exhibit A to the Commonwealth Plan) were transferred to the Avoidance Actions Trust. CST and Continental handle these actions as counsel to the Avoidance Actions Trustee.

- **Other Co-Plaintiff Adversary Proceedings**: Upon the effective date of the Commonwealth Plan, the following adversary proceedings were resolved in accordance with the Commonwealth Plan:

  - Eight adversary proceedings seeking to recover fraudulent transfers made on account of GO bonds that were not validly issued [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288]; and

  - Seven adversary proceedings challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297].

- **HTA-Related Co-Plaintiff Adversary Proceedings**: Upon the effective date of the HTA Plan, the following co-plaintiff adversary proceedings were resolved in accordance with the HTA Plan:

o Four adversary proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].

- <u>ERS-Related Co-Plaintiff Adversary Proceedings</u>: Upon the effective date of the Commonwealth Plan, the following adversary proceedings were resolved in accordance with the Commonwealth Plan:

o Six adversary proceeding related to ERS bond issues [Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-359, Adv. Proc. No. 19-361, Adv. Proc. No. 19-366, and Adv. Proc. No. 19-367].

- <u>HTA Revenue Bond Co-Plaintiff Adversary Proceeding</u>: Adv. Proc. No. 20-007 has been dismissed.

## **ACTUAL AND NECESSARY DISBURSEMENTS**

68.     As set forth in <u>Exhibit D-2</u> hereto, Paul Hastings disbursed $17,118.43 as expenses incurred in providing professional services during the Application Period, which principally consisted of online legal research (e.g., LEXIS and WESTLAW).  Because Paul Hastings believes that online legal research is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

69.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy.  Paul Hastings' regular practice is not to include components for those charges

in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

70.     Further, Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

<b><u>REQUESTED COMPENSATION SHOULD BE ALLOWED</u></b>

71.     Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

(a)     In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(i)     the time spent on such services;

(ii)     the rates charged for such services;

(iii)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(iv)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

72.     PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

73.     In the instant case, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases.  The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

74.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings

communication and education about the Title III Cases.  As demonstrated by this Application, Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly, approval of the compensation sought herein is warranted.

## NOTICE

75.     In accordance with the Interim Compensation Order, Paul Hastings will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson; and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the form attached hereto as Schedule 3, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $1,984,534.50, representing 100% of the fees billed during the Application Period, and reimbursement of $17,118.43, representing 100% of the actual and necessary expenses incurred during the Application Period,

(ii) authorizing and directing the Debtors' payment of the difference between (a) the sum of 80% of the fees allowed (after taking into account any credits) and 100% of the expenses allowed and (b) the amounts previously paid by the Debtors pursuant to the Interim Compensation Order, (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek such further compensation and/or payment for the full value of services performed and expenses incurred, and (iv) granting Paul Hastings such other and further relief as is just.

Dated: March 15, 2023

          */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- x
                                          :
In re:                                    :
                                          :
THE FINANCIAL OVERSIGHT AND               :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,         :   Title III
                                          :
          as representative of            :   Case No. 17-BK-3283 (LTS)
                                          :
THE COMMONWEALTH OF PUERTO RICO, et al.,  :   (Jointly Administered)
                                          :
          Debtors.¹                       :
-------------------------------------------------------------------- x
```

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF SEVENTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2022 <u>THROUGH JANUARY 31, 2023</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.       I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

support of the *Seventeenth Interim Application of Paul Hastings LLP, Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from October 1, 2022 through January 31, 2023* (the "Application").[2]

2.      The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.      I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4.      Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

Question:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?

Response:     Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings agreed to the following voluntary fee reductions and expense write-offs:

(i)     For services rendered during the Application Period, Paul Hastings reduced the rate charged for the following attorney:

| Attorney | Standard 2022 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2022 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,460 | $1,360 |

---

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

The foregoing reduced rate translated into $15,012.50 in waived fees.

(ii)    Paul Hastings did not increase the hourly rates of timekeepers working on the Puerto Rico matter as of June 1, 2022 and January 1, 2023 and, instead, maintained the pre-June 1, 2022 rates for the Application Period (even though hourly rates increased on a firm-wide basis as of June 1, 2022 and January 1, 2023).  This translates into an additional $39,790.00 in waived fees.

(iii)    Paul Hastings waived expenses totaling $30.00, as follows:

a.    To comply with Local Rule 2016-1(b)(1), the firm reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $30.00.

(iv)    The aggregate amount of the foregoing reductions/write-offs is $54,832.50.

Question:    If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

Question:    Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

Question:    Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:    The Application does not include time for preparing, reviewing, or revising time records.  However, in the interest of full disclosure, the Application includes approximately 8.0 hours and associated fees of approximately $11,800.00 related to preparing, reviewing, and revising Paul Hastings' fee statements, including related summary tables, correspondence with notice parties, and ensuring time entries are properly categorized by matter number and task code.  On average, less than 1.7 hours were spent on each of the five monthly fee statements prepared during the Application Period.

Question:    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:    No.

Question:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:    As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  Effective February 1, 2022, with the Committee's approval, Paul Hastings adjusted its hourly rates in accordance with the Retention Order, the Retention Application, and the supporting *Declaration of Mark Richard* [Docket No. 610-3].  The Retention Order provides that Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.  As detailed in the *Declaration of Mark Richard* [Docket No. 610-3], the Committee was advised of the foregoing.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of March 2023

                         */s/ Luc A. Despins*
                         Luc A. Despins

4