[Certified Translation]

*3/14/23*

[Signature stamp: Daniel Tomlinson, Certified Translator, Administrative Office of the United States Courts]

### FERNANDO E. AGRAIT
Attorney-Notary

Edificio Centro de Seguros
Oficina 414
701 Avenida Ponce de Leon
San Juan, Puerto Rico 00907

Tel. 787-725-3390/3391
Fax 787-724-0353
agraitfe@agraitlawpr.com

### MEMO

| | | |
|---|---|---|
| TO | : | CHARLES CUPRILL |
| FROM | : | FERNANDO E. AGRAIT [Initials] |
| SUBJECT | : | PROOF OF CLAIM-AEP [Public Buildings Authority] |
| DATE | : | February 21, 2023 |

The Aireko claim arises from a complaint filed in 2016.

I am attaching:

a) A copy of the Amended Complaint
b) A copy of the Request for Summary Judgment that includes all of the supporting documents for the claim

The claim is only for invoices that have been admitted, services provided and accepted by the AEP.

[Certified Translation]  3/14/23

*Daniel Tomlinson*
DANIEL TOMLINSON
CERTIFIED TRANSLATOR
ADMINISTRATIVE OFFICE OF
THE UNITED STATES COURTS

COMMONWEALTH OF PUERTO RICO
TRIAL COURT
SAN JUAN SUPERIOR COURT

| | |
|---|---|
| AIREKO CONSTRUCTION LLC<br>Plaintiff<br>v.<br>PUBLIC BUILDINGS AUTHORITY<br>COMMONWEALTH OF PUERTO RICO<br>Defendants | CIVIL NUMBER: KCD2016-0937 (602)<br><br>IN RE:<br><br>BREACH OF CONTRACT, COLLECTION OF MONEY |

[Date/time stamp: Received San Juan Judicial Center
Oct 5, 2016 10:44 AM]
[handwritten]
Anna Cabon 5/Oct/16

**AMENDED COMPLAINT**

BEFORE THE HONORABLE COURT:

Comes now the plaintiff through the undersigned attorney and very respectfully states, alleges and prays:

1. Aireko is a Limited Liability Company [in English in the original] (limited liability company) organized and doing business in construction and related services in Puerto Rico. Its address is Las Casas Street, Lot #20, Bairoa Industrial Park, Caguas, PR 00725.

2. The Public Buildings Authority (AEP - acronym in English) is a public corporation of the Commonwealth of Puerto Rico, owner of public properties that are used for renting out to governmental entities. Its interim executive under-director is Engr. Israel Torres Santiago. Its address is Ave. Jose de Diego, Centro Gubernamental, Minillas, Torre Norte, Piso 6, Santurce, Puerto Rico.

3. The Public Buildings Authority held a public bidding for remodeling of 17 floors of the Minillas North Tower building. The winning bids were awarded by floors.

4. Aireko was the bidder who was granted the government contract award in the bidding for **the remodeling of 8 of the 17 floors** of the Minillas North Tower building.

5. Among the floors for which Aireko obtained the government contract award were the 3rd, 4th, 7th and 17th floor.

6. At the request of the AEP, the work on the 4th floor was substituted by the 9th floor.

7. The claim of this complaint is limited to the work performed and not paid for on the 3rd, 9th, 7th and 17th floors. The AEP paid for the work performed on the other floors, but as far as the 3rd, 9th, 7th and 17th floors, there are unpaid Aireko invoices.

8. The 3rd, 4th, 7th and 17th floors correspond to contract **C00036** – 2011-2012 (the 3rd and the 4th floors **AEP 1120-W - February 23, 2012**); **C00031** 2011-2012 (the 7th floor **AEP 1120-X - December 21, 2011**); and **C00035** – 2011-2012 (the 17th floor **AEP 1120-M - January 13, 2012**). These contracts were executed in writing and were recorded in the Controller's Office. See Attachments 1, 2, 3, 5 and 8.

9. At the request of defendant AEP, contract C00036 (AEP 1120-W) was amended and the 4th floor was substituted by the 9th floor. The amendment to the contract is numbered C00036 (2011-2012)-A signed on March 8, 2012. See Attachment 2. This amendment was recorded in the Controller's Office.

10. At the request of defendant AEP, contract C00036 (AEP 1120-W) was amended on a second occasion to change the 9th floor back to the 4th floor that had been the original floor. This second amendment to the contract is numbered C00036 (2011-2012)-B and was signed on January 22, 2013. See Attachment 3. **In this second amendment, the AEP acknowledged that January 22, 2013 Aireko already "had begun to perform work on the ninth (9th) floor"** and that the change of the contract is going to require a change in the "Scope of Work" [in English in the original].

11. As far as the 3rd and 9th floor, Aireko's claim is limited only to the work performed.

12. Pursuant to the contracts that were written out and recorded in the Controller's Office, Aireko performed the work, and the work on the 8 floors of the Minillas North Building was completed, all of which was accepted and occupied by the AEP.

13. As far as the **7th and 17th floors** (AEP 1120-X and 1120-M) the work was performed by Aireko and **was accepted by the AEP by way of the document "Final Acceptance" duly signed by the AEP. See Attachments 6 and 9.**

14. The breakdown of the amounts owed by the AEP, as they appear on Attachments 4, 7, 10, 15 and 16 is as follows:

| 3rd and 9th Floor | | |
|---|---|---|
| Certification #2 (invoice #A1-24-080022) | May 2012 | $304,369.67 |
| Certification #3 (Invoice #A1-24-080022) | June 2012 | 116,946.96 |
| Interest on Certifications (Invoice #A1-26-08055) | 31-Aug-15 | 64,683.54 |
| Interest on Certifications (Invoice #A1-26-08055) | 31-Dec-15 | 8,566.77 |
| Interest on Certifications (Invoice #A1-27-04028) | 26-Apr-16 | 8,496.55 |
| Withheld up to June 2012 | June 2012 | 124,637.38 |
| Contractor Profit-Loss (Ending Balance $830,405.14 * 15%) | | 124,560.77 |
| | | |
| **Total Claim 3rd and 9th Floors** | | **$752,261.64** |
| | | |
| **7th Floor** | | |
| Certification #7 (Invoice #A1-24-08024) | | $26,486.38 |
| Certification #8 (Invoice #A1-24-08025) | | 67,359.86 |
| Interest on Certifications (Invoice #A1-26-08056) | 31-Aug-15 | 10,353.61 |
| Interest on Certifications (Invoice #A1-26-12020) | 31-Dec-15 | 1,908.20 |
| Interest on Certifications (Invoice #A1-27-04027) | 27-Apr-16 | 1,892.57 |
| **Total Claim 7th Floor** | | **$108,000.62** |
| | | |
| **17th Floor** | | |
| Certification #5 (Invoice #A1-24-080022) | | $29,529.06 |
| Certification #6 (Invoice #A1-24-080023) | | 7,455.17 |
| Certification #7 (Invoice #A1-24-08098) | | 60,248.77 |
| Interest on Certifications (Invoice #A1-26-08057) | 31-Aug-15 | 7,859.03 |
| Interest on Certifications (Invoice #A1-26-12022) | 31-Dec-15 | 1,977.07 |
| Interest on Certifications (Invoice #A1-27-04029) | 27-Apr-16 | 1,960.86 |
| **Total Claim 17th Floor** | | **$109,029.96** |
| | | |
| **Total Claim 3rd, 9th, 7th, 17th Floor** | | **$969.292.22** |
| | | |

15. The debt is composed of invoices for work performed and completed, equipment acquired with the agreement of the AEP, as well as the accrued interest to which plaintiff is entitled, as is evident on the invoices.

16. Aireko has made several efforts at collecting without managing to have the AEP issue the corresponding payments. See Attachments 11, 12 and 13.

17. The AEP has knowledge of the work completed by Aireko and accepted by the AEP, and even so it has refused to pay. See Attachments 6, 9, 11, 12 and 13.

18. As far as the work performed on the 3rd and 9th floors, AEP paid Aireko's subcontractors, "Integrated Design Solution" for the furniture that was delivered to the AEP. For that item, there was a payment agreement between AEP, Aireko and Aireko's subcontractor ("Integrated") in the amount of $345,270.67, that, according to the contract, was discounted from the Aireko invoice. See Attachment 14.

19. There is no dispute whatsoever as far as the fact that the work on the 7th and 17th floors, that is the subject of this claim, was performed by Aireko and was accepted by the AEP.

20. Aireko has taken good faith steps to obtain payment for this debt without the AEP having paid, or having stated grounds for not paying.

21. In particular, the 7th and 17th floors have been used by the AEP and/or its tenants for several years.

22. The amount claimed is due and payable.

WHEREFORE, it is very respectfully requested of this Honorable Court that it grant this complaint and order payment of the amounts claimed for a total of $969,292.22, plus any interest that will continue to accrue. Costs and attorney fees are also being requested.

RESPECTFULLY SUBMITTED.

I CERTIFY: That I have sent a true and exact copy of this document to Atty. Marilena Roman Gandulla and Atty. Natalia Ramirez Díaz, 252 Ave. Ponce de Leon, Citibank Tower, Piso 12, San Juan, Puerto Rico 00918.

In San Juan, Puerto Rico on October __4__, 2016

[Sgd.] FERNANDO E. AGRAIT
T.S. NO. 3772
701 AVENIDA PONCE DE LEON
EDIFICIO CENTRO DE SEGUROS
OFICINA 414
SAN JUAN, PUERTO RICO 00907
TELS. 787-725-3390/3391
FAX 787-724-0353
EMAIL: agraitfe@agraitlawpr.com

[Certified Translation]

3/14/23



COMMONWEALTH OF PUERTO RICO
TRIAL COURT
SAN JUAN SUPERIOR COURT

| AIREKO CONSTRUCTION LLC<br>Plaintiff<br>v.<br>PUBLIC BUILDINGS AUTHORITY<br>COMMONWEALTH OF PUERTO RICO<br>Defendants | CIVIL NUMBER: KCD2016-0937 (602)<br><br>IN RE:<br><br>BREACH OF CONTRACT, COLLECTION OF MONEY |
|---|---|

Date/time stamp: JAN 10, 2018; 1:53 PM

**REQUEST FOR SUMMARY JUDGMENT**

BEFORE THE HONORABLE COURT:

Comes now the plaintiff, Aireko Construction LLC (Plaintiff, Aireko), through the undersigned attorney and very respectfully states, alleges and prays:

**INTRODUCTION**

1. On October 5, 2016, an amended complaint was filed against the Buildings Authority (Defendant, AEP) for breach of contract and collection of money for work that was performed, duly invoiced and not paid for in the Minillas North Tower Building. The claim of this complaint is limited to work performed and not paid for on the 3rd, 9th, 7th, and 17th floors. The AEP paid for the work performed on the other floors, but as far as the 3rd, 9th, 7th, and 17th floors there are still Aireko invoices that have not been paid.

2. There is no dispute whatsoever as far as the fact that the work on the 7th and 17th floors, that are the subject of this Complaint, were performed by Aireko and was accepted by the AEP. Furthermore, the 7th and 17th floors have been used by the AEP or its tenants for several years.

3. Aireko has made good faith efforts to obtain payment of this debt without the AEP paying or stating grounds for not paying. The debt is composed of invoices for jobs performed and completed,

1

equipment acquired with the agreement of the AEP, as well as the accrued interest that plaintiff is entitled to, as is evident from the invoices. The amount claimed is due and payable.

4. **In view of these acts and the acceptance by the AEP by having accepted the work performed by Aireko, but not having paid for it**, and taking into consideration the sum total of the undisputed facts and documents that are presented here in accordance with Rule 36 of the Rules of Civil Procedure, the appearing party respectfully believes that it is proper for this Honorable Court to enter a summary judgment granting the Complaint filed.

## MATERIAL FACTS THAT ARE NOT IN DISPUTE

1. The Public Buildings Authority held public bidding for remodeling 17 floors of the Minillas North Tower Building. The winning bids were awarded by floors.

2. **Aireko was the bidder who was granted the government contract award in the bidding for the remodeling of 8 of the 17th floors** of the Minillas North Tower building.

3. Among the floors for which Aireko obtained the government contract award were the 3rd, 4th, 7th and 17th floor.

4. The 3rd, 4th, 7th and 17th floors correspond to contract **C00036** – 2011-2012 (the 3rd and the 4th floors **AEP 1120-W - February 23, 2012**); **C00031** 2011-2012 (the 7th floor **AEP 1120-X - December 21, 2011**); and **C00035** – 2011-2012 (the 17th floor **AEP 1120-M -January 13, 2012**). These contracts were executed in writing and were recorded in the Controller's Office. See Attachments 1, 2, 3, 5 and 8.

5. At the request of the AEP, contract C00036 (AEP 1120-W) was amended and the 4th floor was substituted by the 9th floor. The amendment to the contract is numbered C00036 (2011-2012)-A signed on March 8, 2012. See Attachment 2. This amendment was recorded in the Controller's Office.

6. At the request of defendant AEP, contract C00036 (AEP 1120-W) was amended on a second occasion to change the 9th floor back to the 4th floor that had been the original one. This second amendment to the contract is numbered C00036 (2011-2012)-B and was signed on January 22, 2013. See Attachment 3. **In this second amendment, the AEP acknowledged that as of January 22, 2013, Aireko "had already begun to perform work on the 9th floor"** and that the change in the contract is going to require a change in the "Scope of Work" [in English in original].

2

7. Pursuant to the contracts that were written out and recorded in the Controller's Office, Aireko performed the work, and the work on the 8 floors of the Minillas North Building were completed, all of which were accepted and occupied by the AEP.

8. As far as the **7th and 17th floors** (AEP 1120-X and 1120-M) the work was performed by Aireko and **was accepted by the AEP by way of the document "Final Acceptance" duly signed by the AEP. See Attachments 6 and 9.**

9. The breakdown of the amounts owed by the AEP, as they appear in Attachments 4, 7, 10, 15 and 16 is as follows:

| 3rd and 9th Floor | | |
|---|---|---|
| Certification #2 (invoice #A1-24-080022) | May 2012 | $304,369.67 |
| Certification #3 (Invoice #A1-24-080022) | June 2012 | 116,946.96 |
| Interest on Certifications (Invoice #A1-26-08055) | 31-Aug-15 | 64,683.54 |
| Interest on Certifications (Invoice #A1-26-08055) | 31-Dec-15 | 8,566.77 |
| Interest on Certifications (Invoice #A1-27-04028) | 26-Apr-16 | 8,496.55 |
| Withheld up to June 2012 | June 2012 | 124,637.38 |
| Contractor Profit-Loss (Ending Balance $830,405.14 * 15%) | | 124,560.77 |
| | | |
| **Total Claim 3rd and 9th Floors** | | **$752,261.64** |
| | | |
| **7th Floor** | | |
| Certification #7 (Invoice #A1-24-08024) | | $26,486.38 |
| Certification #8 (Invoice #A1-24-08025) | | 67,359.86 |
| Interest on Certifications (Invoice #A1-26-08056) | 31-Aug-15 | 10,353.61 |
| Interest on Certifications (Invoice #A1-26-12020) | 31-Dec-15 | 1,908.20 |
| Interest on Certifications (Invoice #A1-27-04027) | 27-Apr-16 | 1,892.57 |
| **Total Claim 7th Floor** | | **$108,000.62** |
| | | |
| **17th Floor** | | |
| Certification #5 (Invoice #A1-24-080022) | | $29,529.06 |
| Certification #6 (Invoice #A1-24-080023) | | 7,455.17 |
| Certification #7 (Invoice #A1-24-08098) | | 60,248.77 |
| Interest on Certifications (Invoice #A1-26-08057) | 31-Aug-15 | 7,859.03 |
| Interest on Certifications (Invoice #A1-26-12022) | 31-Dec-15 | 1,977.07 |
| Interest on Certifications (Invoice #A1-27-04029) | 27-Apr-16 | 1,960.86 |
| **Total Claim 17th Floor** | | **$109,029.96** |
| | | |
| **Total Claim 3rd, 9th, 7th, 17th Floor** | | **$969.292.22** |
| | | |

3

10. Aireko has made several attempts at collecting without managing to have the AEP issue the corresponding payments. See Attachments 11, 12 and 13.

11. The AEP has knowledge of the work completed by Aireko and accepted by the AEP, and even so it has refused to pay. See Attachments 6, 9, 11, 12 and 13.

12. As far as the work performed on the 3rd and 9th floors, AEP paid Aireko's subcontractor, "Integrated Design Solution" for the furniture that was delivered to the AEP. For that item, there was a payment agreement between AEP, Aireko and Aireko's subcontractor ("Integrated") in the amount of $345,270.67, that, according to the agreement, was discounted from the Aireko invoice. See Attachment 14.

## APPLICABLE LAW

**Obligation of the Defendant to pay for the work performed and invoiced**

Our Civil Code provides that, when obligations are valid, such as these here signed between Aireko and the AEP, any obligations that stem from them have the force of law between the contracting parties and must be complied with as agreed. Art. 1044, 31 L.P.R.A. §2994. If the terms of the contract are clear and leave no doubt as to the intent of the contracting parties, the literal meaning of its clauses will be adhered to. Art. 1233, 31 L.P.R.A. §3471.

The principle of the right to contract controls in Puerto Rico. <u>Unisys Puerto Rico, Inc. v. Romallo Brothers</u>, 128 D.P.R. 842, 850 (1991). As part of this rule "the contracting parties may establish any stipulations, clauses and conditions that they deem proper, provided that they are not contrary to law, to morality or to public order. In its relevant part, Art 1207 of the Civil Code, 31 L.P.R.A. § 3372, provides as follows:

> "Contracts are consummated by mere consent and therefore they are binding, not only to performance of what is expressly stipulated, but also to all of the consequences that, according to their nature, may be pursuant to good faith, to usage and the law."

Once the clauses and conditions of the agreement have been established, the contract will be deemed to have been executed by the consent between the parties and <u>from that moment on **each one of them will be bound not only to comply with what is expressly stipulated, but to the consequences that, according to their nature, are pursuant to good faith, usage** and the law.</u> Art. 1210 of the Civil Code, 31 L.P.R.A. § 3375. That obligation to comply with what has been agreed upon is based on the Principle of good faith, which requires not abusing the trust that the other party has put in a given promise or conduct.

4

Unisys Puerto Rico, Inc. v. Romallo Brothers *supra.* This article consecrates the principle of **Pacta Sunt Servanda**, which posits that contracts, from the time of their execution, bind compliance with what is expressly stipulated and with the consequences that may be in accordance with good faith, usage and the law.

As far as compliance with the terms of the contract, Art. 1208 of the Civil Code, 31 L.P.R.A. §3373 is emphatic in providing that both their validity and compliance will not be left to the discretion of one of the contracting parties. If a dispute arises, then as far as what was the intent of the parties at the time of contracting, we must mainly address their actions, prior to, coetaneous with and subsequent to the contract. Art. 1234, 31 L.P.R.A. §3472; Marina v. Brown Boveri, 114 D.P.R. 64 (1983). Also, all of the circumstances that are indicative of the will of the parties will be taken into account. Garcia Lopez v. Mendez, 102 D.P.R. 383 (1974).

There is no contract except when the following requirements coincide: 1) the consent of the contracting parties, (2) a true purpose that is the subject matter of the contract, and (3) the cause of the obligation that is established. Art. 1213 of the Civil Code, 31 L.P.R.A. §3391. Consent is manifested by the meeting of the offer and acceptance of the thing and purpose that constitute the contract. Art. 1214 of the Civil Code, 31 L.P.R.A. §3401.

Contracts will be binding, no matter how they may have been executed, provided that the essential conditions for their validity coincide. Art. 1230 of the Civil Code, 31 L.P.R.A. §3451.

In the particular case of contracts with public entities, it has been decided that the Controller's Office Act, Act No. 18 of October 30, 1975, 2 L.P.R.A. Sect. 97, as amended by Act No. 127 of May 31, 2004, imposes on governmental entities and municipalities the obligation of keeping a record of contracts that are executed, as well as forwarding a copy thereof to the Controller's Office. In that regard, said section provides:

> "Governmental entities and municipal entities of the Commonwealth of Puerto Rico, without any exceptions, will maintain a record of the contracts that are executed, including amendments thereto, and they must forward a copy of these contracts to the Controller's Office within fifteen (15) days following the date of execution of the contract or its amendment." Johnson & Johnson International Inc. v. Municipio de San Juan 172 D.P.R. 840 (2007)

**Plaintiff's right to have a Summary Judgment entered in its favor**

5

Requests for summary judgment are regulated by Rule 36.3 of the Rules of Civil Procedure of 2009. Subsection "e" of said rule establishes as follows:

> The judgment requested will be entered immediately if the allegations, depositions, answers to interrogatories and admissions provided, together with the sworn statements, if any, or other evidence show that there is no actual substantive dispute as far as any material and relevant fact and that, as a question of law, the court must enter summary judgment in favor of the moving party.

The purpose of the summary judgment is to expedite a fair, prompt and economical solution for civil suits that do not present genuine disputes of material facts, and, for that reason, they do not warrant the holding of a hearing on the merits. Garcia Rivera v. Enriquez Marin, 153 D.P.R. 323 (2001); Pilot Life Ins. Co. v. Crespo Martinez, 136 D.P.R. 624 (1994) Luan Invest. v. Rexach, 152 DPR 652 (2000). The purpose of this is to grant a quick and effective remedy in cases in which there is no actual dispute about the material facts of the litigation. Garcia Rivera v. Enriquez Marin, *supra*; Revlon v. Las Americas Trust Co. 135 D.P.R. 363 (1994); Rivera et al. v. Superior Pkg., 132 D.P.R. (1992). This procedural mechanism streamlines the processing of the case allowing that a judgment be entered without holding a hearing on the merits, when from the unrefuted documents it is evident that there are no disputed facts, but rather that what remains is to apply the law. Garcia Rivera v. Enriquez Marin, supra; PFZ Props. Inc. v. Gen Acc. Ins. Co. 136 D.P.R. 563 (1994); Consejo Tit. C. Parkside v. MGGI Fin. Corp., 128 D.P.R. 538 (1991); Cuadrado Lugo v. Santiago Rodriguez, 126 D.P.R. 272 (1990).

Essentially there are two (2) modalities of summary judgment, to wit: the first one is the one that is entered based on documents provided by the moving party that, in turn, show an absence of an actual dispute about the central facts of the case and in which the only requirement is to apply the law.

The summary judgment is proper even when facts have been alleged that seem to be in dispute, but when the moving party manages to show by a preponderance of the evidence, and by said documents as evidence, that at bottom there is no dispute about the central facts. See Jusino Figueroa v. Walgreens of San Patricio Inc.[1], 155 D.P.R. 560 (2001). The case of Ramos v. Univision, supra also makes a statement on this point:

> Also, the dispute about a material fact has to be real. That is,

---

[1] "it is proper although facts have been alleged that appear to be disputed, but when the moving party manages to show by a preponderance of the evidence, and by means of said documents in evidence, that at bottom there is no dispute about the central facts."(Emphasis added) Justino Figueroa v. Walgreens, supra.

6

A dispute is not always real or substantial, or genuine. The dispute must be of a sufficient quality so as to make it necessary for a judge to settle it through a full-scale trial. The formula, must be, therefore, that the well-pleaded motion for summary judgment can only be denied if the party that opposes it presents an opposition based on facts that can move the judge to find in its favor. If the judge is convinced that there is no reasonable possibility that hearing what he reads may lead him to a decision in favor of that party, he must enter summary judgment.

P.E. Ortiz Alvarez, Hacia el uso optimo de la sentencia sumaria [Toward an optimum use of the summary judgment], Año 3, Núm. 2, Rev. Forum, pg. 8 (1987)

**In other words, just any doubt is not sufficient to defeat a motion for summary judgment. There has to be a doubt that allows one to conclude that there is an actual and substantive dispute about important and relevant facts.** "If this evidence is merely colorable… or is not significantly probative… summary judgment may be granted [in English in the original]." Anderson v. Liberty Lobby, Inc. supra, pgs. 249-250. There is an actual controversy when the evidence before the court is of such a nature that the rational trier of the facts could decide in favor of the non-moving party. Baicker-McKee, op cit. pg. 1084 ("the evidence before the court is of such nature that a rational factfinder could find in favor of the non-moving party [in English in original)." Emphasis added.

Subsection "b" "3" of Rule 36.3 establishes the obligation of the non-moving party to present in its opposition an assertion of the facts that are not disputed. Subsection "c" establishes the obligation of the non-moving party to "answer in as detailed and specific manner just as the moving party did." That subsection points out the consequences of not doing so: "If he does not do so, judgment will be entered against him, if it is proper."

Subsection "d" of Rule 36.3 establishes when a factual relationship is deemed to be admitted: "if the paragraphs or pages of the sworn statements or other admissible evidence in which it is established, unless it is duly disputed pursuant to what is provided in this rule."

It is a reiterated doctrine in our case law that when the moving party establishes the properness of entering summary judgment, the non-moving party has to provide a defense based on documents or other admissible evidence; it may not rest solely on its allegations; it is obligated to answer the request by the moving party in a detailed and specific manner, and with evidence. "If it does not do so, summary judgment will be entered against it… if it is proper." Rule 36.5, supra; Piñero v. A.A.A., 146 DPR 890 (1998). Finally, it is necessary to show affirmatively that it has acceptable, admissible and sufficient evidence to be presented at a trial. And it is also required that facts be produced that are admissible as evidence in a trial. Id. The non-moving party cannot stand back idly and rest on the assertions of his legal writings. Sanchez v. Aut. De los Puertos, 153 DPR 559 (2001). It has the obligation of formulating an opposition based on adequate evidence at law.

7

Once the moving party establishes that there is no dispute whatsoever about any material fact, the non-moving party cannot just sit back idly and rest on its allegations. It has to dispute the alleged facts and give grounds for its position with evidence that tends to establish the disputed facts. If it just sits back, it runs the risk of having judgment entered against it without the holding of a trial on the merits. <u>Corp. Presiding Bishop CJC of LDS v. Purcell</u>, 117 D.P.R. 714, 721 (1986). The party being petitioned in this case limited itself to arguing that the actions of the moving party constituted several violations of the constitutional clauses of equal protection under the law and equal pay for equal work, whose sole allegation released it, according to that party, from having to exhaust the administrative remedies proved by the U.P.R. regulations. It did not dispute with any evidence the facts alleged and established by the moving party.

See Mercado v. UPR, 128 DPR 273 (1991)

In <u>Ramos v. Univision</u>, supra, our Supreme Court reaffirmed that in opposition to a request for summary judgment, the non-moving party is obligated to produce evidence of the same quality "sworn statements to the contrary and documents to the contrary") that can dispute what was produced by the moving party. Let us consider.

For its part, the person who opposes having judgment entered summarily must dispute the evidence produced and must not just stand back idly. If he does so, he runs the risk of having the request for summary judgment accepted and be decided against him. <u>Luan Invest. Corp. v. Rexach Const. Co., supra</u>. That is, **the party that opposes is obligated to answer, in a detailed and specific manner, any relevant facts to show that there is an actual and substantive dispute that should be decided at a trial.** Ibid. "As a general rule, to defeat a request for summary judgment, the opposing party **must present <u>sworn statements to the contrary and documents to the contrary that bring a dispute into the facts presented by the moving party."</u>** Corp. Presiding Bishop CJC of LDS v. Purcell, supra, pg. 721.

When the motion for summary judgment is substantiated with sworn statements or with other evidence, **the party that is in opposition cannot rest on mere allegations**. "The non-moving party cannot rely on mere allegations or denials found in his own pleadings. Rather, the non-moving party must demonstrate by affidavit, deposition testimony, or otherwise, that a genuine issue of material fact remains for trial [in English in original]." Baicker-McKee, op cit., pg. 1103. (Citations omitted.) That is, **the party that is in opposition must provide substantial evidence of the material facts that are in dispute**. <u>Moore, op cit. Sect. 55.11 [6][b]</u>. pg. 56-145.

The fact of not opposing the request for summary judgment does not necessarily imply that it is proper, if there is a legitimate dispute on a material fact. <u>Corp. Presiding Bishop CJC v. Purcell, supra</u>. However, **the plaintiff cannot rest on the general assertions of his complaint, "but instead, in accordance with Rule 36.5, he will be obligated to show that he has evidence to substantiate his allegations."** <u>Flores v. Municipio de Caguas, 114 D.P.R. 521, 525 (1983).</u> To defeat the motion for summary judgment, **it is not enough to present mere affirmations.** Moore, op cit. Sect. 56.11[7][c], pgs. 56-152-153. "It should be kept in mind that in a summary judgment proceeding, the sworn statements

8

that contain only conclusions, without specific facts to support them do not have probative value and are, therefore, insufficient to show the existence of what is concluded therein." Corp. Presiding Bishop CJC of LDS v. Purcell, supra pg. 722. See also, Cuevas Segarra, op cit., pg. 616. What are insufficient to defeat a request for summary judgment "are some sworn statements that are merely reiterated conclusions of the allegations of the complaint made without personal knowledge of the facts." Cuevas Segarra, op cit. 615. **Rule 36.5 of the Rules of Civil Procedure provides that if no statement of material facts is produced under oath, by the party in opposition, the summary judgment must be entered against that party.** Id. Pg. 616.

**The party that opposes the summary judgment "is obligated to answer the request in a detailed manner."** Cruz Marcano v. Sanchez Tarazona, Op. November 8, 2007, 2007 T.S.P.R. 198, 2007 J.T.S. 203 pg. 406, 172 D.P.R. (2007). To defeat a request for summary judgment, the alleged facts must be refuted and the opposing party must substantiate its position with evidence. Lopez v. Miranda, 166 D.P.R. 546 (2005).

For its part, Rule 36.5 establishes the following:

Sworn statements to sustain or oppose the motion [for summary judgment] will be based on the personal knowledge of the affiant. They will contain any facts that would be admissible in evidence and will show affirmatively that the affiant is qualified to testify as to their content. Sworn or certified copies of all the documents, or parts thereof in which reference is made to a sworn statement, must be attached thereto or notice be given thereof. The court may allow that the sworn statements be supplemented or challenged by means of additional depositions or sworn statements.

As to the procedural obligation of the non-moving party to provide detailed and sufficient evidence to create a substantial dispute of facts, the Supreme Court has established that "the opposing party "in accordance with Rule 36.5, will be **obligated** to show that it has evidence to substantiate its allegations."" See Abrams v. ELA, 178 DPR 914 (2010) (Emphasis added).

The Supreme Court in Jose J. Zapata Berrios y otros v. J. F. Montalvo Cash & Carry, 2013 TSPR 95:

"The purpose of the procedural mechanism of the summary judgment is to "further the fair, prompt and economical resolution of civil litigation that does not [*18] contain genuine disputes of material facts." *Const. Jose Carro v. Mun. Dorado*, 186 D.P.R. 113, 128 (2012); *Mejias et al. v. Carrasquillo et al.*, 185 D.P.R. 288 (2012). Pursuant to what is provided in Rule 36.3(e) of the 2009 Rules of Civil Procedure, *supra*, it is proper to enter summary judgment if the allegations, depositions, answers to interrogatories and admissions produced, together with the sworn statements and all other evidence, if any, certifies the nonexistence of an actual and substantial dispute with respect to some material and relevant fact and, also, if the applicable law justifies it. Consequently, it allows for disposing of matters pending before the judicial court without the need of holding a trial, because the only thing left to do is to apply the law to the undisputed facts. *Const. Jose Carro v. Mun. Dorado, supra*; *Mejias et al. v. Carrasquillo et al., supra*; *Abrams Rivera v. ELA, 178 D.P.R. 914 (2010)*; Nieves Diaz v. Gonzalez Massas, 178 D.P.R. 820 (2010). Its usefulness as a vehicle to streamline judicial proceedings and unburden the courts is unquestionable.

9

The 2009 Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. Ap. (*19) V (2010), which are applicable to the facts that are the subject of this petition, contributed important changes in the processing of requests for summary judgment aimed at facilitating the adjudicative labor of the courts and promote in this manner its usage. See, for example, *Ramos Perez v. Univision, 178 D.P.R. 200 (2010)*.

In this regard, and following what is provided in the amendments to Rule 56 of the Federal Rules of Procedures in force as of 2010.[5] and the directives established in its Local Rules by some district courts in the federal sphere,[6] certain requirements were incorporated in an applicable manner, both to the requests for summary judgment and to the corresponding oppositions, which appear listed in Rule 36.3 of the 2009 Civil Rules of Procedure, 32 L.P.R.A. Ap. V. R. 36.3 (2010).[7]

[5] S. Baicker-McKee, W.M. Janssen y J. B. Corr. Federal Civil Rules Handbook, West, 2011. See also, J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil [Treatise on Civil Procedure Law], 2da ed., San Juan, Publicaciones J.T.S., Tomo III, 2011, pg. 1038.

[6] See, James Wm. Moore, Moore's Federal Practice, 3rd Ed. LEXIS Publishing T. 11, Sects. 56.70(5)[b] and [c] pgs. 56-149, 56-152.1 and Sects. 56.81(3)[a] [*20] and [b], pgs. 56-182 - 56-185. See, also, L.Cv.R. 56 (D.P.R. 2009 as amended) Federal Local Court Rules, 3rd ed. West Group, Vol. 5, pgs. 17-18.

[7] In its relevant part, Rule 36.3 of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V. R. 36.3 (2010), provides as follows:

(a) Notice will be given of the motion for summary judgment to the opposing party and it must contain the following:

…

(4) a concise and organized list in numbered paragraphs of all the material and relevant facts on which there is no substantial dispute, with an indication of the paragraphs or pages of the sworn statements or other admissible evidence in which these are established, as well as any other document admissible in evidence that is in the court's file[.]

…

(b) The answer to the motion for summary judgment… must contain the following:

…

(2) a concise and organized list, with reference to the paragraph enumerated by the moving party, of the material and relevant facts that are actually and in good faith in dispute, with an indication of the paragraphs or pages of the sworn statements or other admissible evidence in which these are established [*21], as well as any other document that is admissible in evidence that is in the court file;

(3) an enumeration of the facts that are not in dispute, with an indication of the paragraphs or pages of the sworn statements or other admissible evidence in which these are established, as well as any other document that is admissible in evidence that is in the court file[.]

10

…

(c) When a motion for summary judgment is filed and it is sustained in the manner provided in Rule 36, the opposing party may not rest solely on the assertions or denials contained in his allegations, but rather he will be obligated to answer in a detailed and specific manner, just as the moving party has done. If he does not do it this way, the summary judgment will be entered against him, if it is proper.

(d) All lists of facts set forth in the motion for summary judgment or in its answer may be deemed admitted if the paragraphs and pages of the sworn statements or other admissible evidence are indicated in which it is established, unless it is duly disputed pursuant to what is provided in this rule.

The court will not have [*22} the obligation to consider any facts that have not been specifically enumerated and that do not make reference to the paragraphs or pages of the sworn statements or other admissible evidence. Likewise, it will not have the obligation of considering any part of a sworn statement or other admissible evidence to which no reference has been made in a list of the facts…

Thus, as far as what specifically regards the relevant facts about which the moving party alleges there is no substantial dispute, it is obligated to itemize in duly-numbered paragraphs and, for each one of them, specify the page or paragraph of the sworn statement or other admissible evidence that supports it. Rules 36.3(a)(4) of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V. R. 36.3(a)(4) (2010).

Likewise, the answer to the motion for summary judgment has to adhere to certain demands as regards the facts. First, that party has the duty to specifically cite the paragraphs, as numbered by the moving party that it believes are in dispute and, for each one that it intends to dispute [*23], list the admissible evidence that sustains its challenge by citing the relevant page or section. Rule 36.3(b)(2) of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V. R. 36.3(b)(2) (2010).

Furthermore, the opposing party can also submit additional material facts that allegedly are not in dispute and that prevent the ordering of a summary judgment. In that case, it is up to that party, similar to the proponent, to enumerate them in separate paragraphs and indicate the evidentiary item that supports them with specific reference to the fragment thereof on which each assertion relies. Rule 36.3(b)(3) of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V. R. 36.3(b)(3) (2010).

This has been provided so that, if it is proper at law, the court will enter summary judgment in favor of the moving party, if the opposing party does not respond in a detailed and specific manner to a well-pleaded motion. Rule 36.3(c) of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V. R. 36.3(c) (2010).

By the same token, every list of facts proposed by either of the parties that is supported as required by said principle may be deemed admitted "unless it is duly disputed pursuant to what this rule provides." Rule 36.3(d) of the 2009 Rules of Civil Procedure [*29], 32 L.P.R.A. Ap. V. R. 36.3(d) (2010).

As part of the new schema for disposing of a request for summary judgment, the court is also given the power to exclude any facts proposed by either of the parties that

11

have not been duly numbered or that do not have a specific correlation to the admissible evidence that supposedly sustains it. Rule 36.3(d) of the 2009 Rules of Civil Procedure, *supra*.

Moreover, the trier is not obligated to take into account any portions of sworn statements or of any other admissible evidence that has not been expressly cited by the party in the corresponding list of facts in its pleading. Rule 36.3(d) of the 2009 Rules of Civil Procedure, *supra.*

This means that, if the opposing party strays from the directives expressly set forth in said precept, among which is the obligation to allude to the number of the proposed fact that it is trying to contradict, the court might not take its attempt at challenge into account.

Likewise, although in the process of considering a request for summary judgment the court reserves discretion to examine admissible evidence [*25] that is in the case file, but that has been omitted by the parties, it is not obligated to do so. It may, pursuant to the current mechanism, obviate material that the parties themselves have overlooked in their pleadings and decide strictly based on what has been presented in observance of the procedural method set forth in the new Rule 36.3 of the 2009 Rules of Civil Procedure, *supra*.

As is evident from the foregoing, the recently implemented method places on the parties, who know first-hand their respective positions, as well as the evidence available in the case, the duty to identify each one of the facts that they deem relevant, as well as the admissible evidence that support them. Therefore, the judicative process is facilitated by putting the court in a position to evaluate together the contrasting versions for each one of the facts refuted in the light of the references to the evidence that allegedly supports them. This system clearly streamlines the trial court judges' work and tends toward the prompt disposal of any disputes that do not need a trial to be adjudicated.

For that reason, through these new provisions, our procedural system expressly [*26] requires the opposing party to examine each fact set forth in the request for summary judgment and, for all those in which it deems that there is a controversy, identify the corresponding paragraph number and set forth its contrary position based on the admissible evidence. The numbering is not a mere formality, nor does it constitute a simple mechanical requirement without meaning. To the contrary, it has a praiseworthy purpose, and for that reason its relevance is unquestionable and is clearly evidenced after a comprehensive interpretation of the amendments accepted in 2009. Otherwise, the amendments to Rule 36 of the 2009 Rules of Civil Procedure, *supra*, would have no practical value whatsoever.

Let us remember that the discretionary decisions that the Trial Court makes will not be overturned, unless there is a showing that said court abused its discretion. See, for example, *VDE Corporation v. F & R Contractors, 180 D.P.R. 21, 41 (2010);* and *Pueblo v. Rivera Santiago, 176 D.P.R. 559, 580 (2009).* The purpose of that rule consists of the fact that the appellate courts should not try to administer or manage the regular procedure in cases before the court below. It is true that "the duty of determining when [*27] a court has abused its discretion is not easy. However, we have no doubt that the proper use of judicial discretion is closely related to the concept of reasonableness." *Rivera y otros v.*

12

*Bco. Popular, 152 D.P.R. 140, 155 (2000).* For that reason, we have defined discretion as "a form of reasonability applied to judicial discernment to reach a just decision." *IG Builders et al. v. BBVAPR, 185 D.P.R. 307, 338 (2012)* (citation omitted); and *Pueblo v. Rivera Santiago, supra*. In that manner, discretion is inspired by rational judgment grounded in reasonability and based on a clear sense of justice; it is not by virtue of someone's whim or will, without any measure or limitation. *Santa Aponte v. Srio. del Senado, 105 D.P.R. 750, 770 (1977)*. By the same manner, "it does not mean power to act one way or another, making the rest of Law abstract." *Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R., 651, 658 (1997)* (citation omitted). See, also, *IG Builders et al. v. BBVAPR, supra*.

A court abuses its discretion:

When the judge does not take in to account and ignores in the decision he issues, without any grounds for it, an important material fact [*28] that could not be overlooked; when the judge, to the contrary, without justification or any grounds whatsoever, gives great weight and value to an irrelevant and immaterial fact and bases his decision exclusively on it, or when, despite considering and taking into account all the material and important facts, and ruling out the irrelevant ones, the judge weighs and calibrates frivolously.
*Pueblo v. Rivera Santiago, supra, pg. 580."*

WHEREFORE, it is very respectfully requested of this Honorable Court that it grant this request for a summary judgment and order the payment of the amounts claimed that amount to $969,292.22, plus interest that continues to accrue. Costs and attorney fees are also requested.

RESPECTFULLY SUBMITTED.

I CERTIFY: That I have sent a true and exact copy of this document to Atty. Marilena Roman Gandulla and Atty. Natalia Ramirez Diaz, 252 Ave. Ponce de Leon, Citibank Tower Piso 12, San Juan, Puerto Rico 00918.

In San Juan, Puerto Rico on January __9__, 2018.

        [Sgd.] FERNANDO E. AGRAIT
        T.S. NO. 3772
        701 AVENIDA PONCE DE LEON
        EDIFICIO CENTRO DE SEGUROS
        OFICINA 414
        San Juan, Puerto Rico 00907
        TELS. 787-725-3390/3391
        FAX 787-724-0353
        EMAIL: agraitfe@agraitlawpr.com