UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

Upon the *Three Hundred Eighty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (Docket Entry No. 17920) (the "Three Hundred Eighty-Second Omnibus

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Objection"), filed by the Commonwealth of Puerto Rico ("Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), dated August 20, 2021, for entry of an order disallowing certain claims filed against the Debtors, as more fully set forth in the Three Hundred Eighty-Second Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Eighty-Second Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Eighty-Second Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Eighty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors*, dated May 24, 2022 (Docket Entry No. 20980, the "Notice"), for entry of an order disallowing the Claims to Be Heard and Disallowed in their Entirety (as defined below), the Claims to Be Heard and Partially Disallowed (as defined below), and the Claims to Be Disallowed via Notice of Presentment[2], as more fully set forth in the Notice and Exhibit A hereto; and upon the record of the hearing held on the Three Hundred Eighty-Second Omnibus Objection on February 16-17, 2022, and the rulings made therein, sustaining the Three Hundred Eighty-Second Omnibus Objection as to Proofs of Claim Nos. 176003, 176117, 176202, 176315, 176520, 177757, 178024, 178223, and 178412 (the "Claims to Be Heard and Disallowed in their Entirety") and Proofs of Claim Nos. 178337 and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

178406 (the "Claims to Be Heard and Partially Disallowed"); and all objections to the Three Hundred Eighty-Second Omnibus Objection having been overruled;[3] and the Court having determined that the relief sought in the Three Hundred Eighty-Second Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Eighty-Second Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Eighty-Second Omnibus Objection is SUSTAINED as set forth herein; and it is further

ORDERED that the Claims to Be Heard and Partially Disallowed are hereby partially disallowed to the extent they assert liabilities purportedly owed by entities that are separate from the Commonwealth; and it is further

---

[3] Certain responses to the Three Hundred Eighty-Second Omnibus Objection asserted that the claimants possess valid claims arising out of their employment with the Puerto Rico Telephone Company (the "PRTC") prior to PRTC's privatization in 1999. The claimants have not, however, proffered any legal or factual basis to impute any of the pre-1999 debts of PRTC—a non-debtor corporation that was owned by the Puerto Rico Telephone Authority, a non-debtor corporation—to the Commonwealth. See Anaya Serbia v. Lausell, 646 F. Supp. 1236, 1243 (D.P.R. 1986) (concluding, upon "[a] full examination of the law that deals with the [Puerto Rico Telephone] Authority and the PRTC," that the PRTC "has been endowed with the power to sue or be sued and that if a judgment is rendered in favor of the plaintiffs, the funds to pay for it do not have to come from the Commonwealth's treasury"); see also 27 L.P.R.A. § 407(a), (e), (g), (n) (Lexis 1998) ("The [Telephone] Authority shall enjoy . . . the power to: (a) Exist as a corporation . . . . (g) Have complete control and supervision of all its assets . . . or of any company whose total common stock issued and outstanding, except eligible paper, are owned by the Authority . . . including . . . the power to determine the nature and the need of all of its expenses and the manner they may be incurred, allowed and paid, without taking into consideration any provision of law that regulates the spending of public funds. . . . (n) . . . Provided, however, That the Authority shall not be empowered to encumber the credit of the Commonwealth of Puerto Rico.").

ORDERED that the Claims to be Heard and Disallowed in their Entirety and the Claims to Be Disallowed via Notice of Presentment are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed to designate the Claims to Be Heard and Partially Disallowed as expunged on the official claims registry in the Title III Cases to the extent they assert liabilities purportedly owed by entities that are separate from the Commonwealth; and it is further

ORDERED that Kroll is authorized and directed to designate the Claims to be Heard and Disallowed in their Entirety and the Claims to Be Disallowed via Notice of Presentment as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 17920 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 23, 2023

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge