UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

Upon the *Three Hundred Eighty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* (Docket Entry No. 17922) (the "Three Hundred Eighty-Third Omnibus Objection"), filed by the Commonwealth of Puerto Rico ("Commonwealth" or the "Debtor"), dated August 20, 2021, for entry of an order disallowing certain claims filed against the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, as more fully set forth in the Three Hundred Eighty-Third Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Eighty-Third Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Eighty-Third Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Eighty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors*, dated May 24, 2022 (Docket Entry No. 20981, the "Notice"), for entry of an order disallowing in its entirety the Claim to Be Heard and Disallowed in its Entirety (as defined below), partially disallowing the Claim to Be Heard and Partially Disallowed (as defined below), and disallowing in their entirety the Claims to Be Disallowed via Notice of Presentment[2], as more fully set forth in the Notice and Exhibit A hereto; and upon the record of the hearings held on the Three Hundred Eighty-Third Omnibus Objection on January 19-20, 2022 and February 16-17, 2022, and the rulings made therein, sustaining the Three Hundred Eighty-Third Omnibus Objection as to Proof of Claim No. 63198 on the grounds that it asserts, in part, liabilities purportedly owed by entities that are separate from the Commonwealth (the "Claim to Be Heard and Partially Disallowed"), and sustaining the Three Hundred Eighty-Third Omnibus Objection as to Proof of Claim No. 179349 on the grounds that it asserts liabilities purportedly owed by entities that are separate from the Commonwealth (the "Claim to Be Heard and Disallowed in its Entirety"); and all objections to the Three Hundred Eighty-Third Omnibus

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

Objection having been overruled;[3] and the Court having determined that the relief sought in the Three Hundred Eighty-Third Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Eighty-Third Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[3] One response to the Three Hundred Eighty-Third Omnibus Objection asserted that the claimant possessed a valid claim arising out of employment with the Puerto Rico Telephone Company (the "PRTC") prior to PRTC's privatization in 1999. The claimant has not, however, proffered any legal or factual basis to impute any of the pre-1999 debts of PRTC—a non-debtor corporation that was owned by the Puerto Rico Telephone Authority, a non-debtor corporation—to the Commonwealth. See Anaya Serbia v. Lausell, 646 F. Supp. 1236, 1243 (D.P.R. 1986) (concluding, upon "[a] full examination of the law that deals with the [Puerto Rico Telephone] Authority and the PRTC," that the PRTC "has been endowed with the power to sue or be sued and that if a judgment is rendered in favor of the plaintiffs, the funds to pay for it do not have to come from the Commonwealth's treasury"); see also 27 L.P.R.A. § 407(a), (e), (g), (n) (Lexis 1998) ("The [Telephone] Authority shall enjoy . . . the power to: (a) Exist as a corporation . . . . (g) Have complete control and supervision of all its assets . . . or of any company whose total common stock issued and outstanding, except eligible paper, are owned by the Authority . . . including . . . the power to determine the nature and the need of all of its expenses and the manner they may be incurred, allowed and paid, without taking into consideration any provision of law that regulates the spending of public funds. . . . (n) . . . Provided, however, That the Authority shall not be empowered to encumber the credit of the Commonwealth of Puerto Rico.").

One response to the Three Hundred Eighty-Third Omnibus Objection asserted a claim arising out of former employment with the Puerto Rico Housing Finance Authority (the "PRHFA"). The claimant has not, however, proffered any legal or factual basis to impute the PRHFA's debts to the Commonwealth. Under Commonwealth law, the PRHFA is an "independent" and "separate" subsidiary of the Government Development Bank, a non-debtor. 7 L.P.R.A. § 552. Commonwealth law provides that "[t]he debts or obligations of the [Government Development] Bank shall not be debts or obligations of the Commonwealth Government or of any of the municipalities or other political subdivisions of Puerto Rico and neither the Commonwealth Government nor any of such municipalities or other political subdivisions shall be responsible for the same." 7 L.P.R.A. § 553.

ORDERED that the Three Hundred Eighty-Third Omnibus Objection is SUSTAINED as set forth herein; and it is further

ORDERED that the Claim to Be Heard and Partially Disallowed is hereby partially disallowed to the extent it asserts liabilities purportedly owed by entities that are separate from the Commonwealth; and it is further

ORDERED that the Claim to be Heard and Disallowed in its Entirety and the Claims to Be Disallowed via Notice of Presentment are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed to designate the Claim to Be Heard and Partially Disallowed as expunged on the official claims registry in the Title III Cases to the extent it asserts liabilities purportedly owed by entities that are separate from the Commonwealth; and it is further

ORDERED that Kroll is authorized and directed to designate the Claim to be Heard and Disallowed in its Entirety and the Claims to Be Disallowed via Notice of Presentment as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 17922 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 23, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge