UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE THREE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO LATE-FILED CLAIMS

Upon the *Three Hundred Ninety-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Late-Filed Claims* (Docket Entry No.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

18961) (the "Three Hundred Ninety-Seventh Omnibus Objection"), filed by the Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, and ERS, the "Debtors"), dated October 29, 2021, for entry of an order disallowing certain claims filed against the Debtors, as more fully set forth in the Three Hundred Ninety-Seventh Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Ninety-Seventh Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Ninety-Seventh Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order Granting the Three Hundred Ninety-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Late-Filed Claims*, dated May 24, 2022 (Docket Entry No. 20985, the "Notice"), for entry of an order partially disallowing the Claims to Be Heard (as defined below), partially disallowing the Bond-Related Claims to Be Partially Disallowed via Notice of Presentment[2], and disallowing, in their entirety, the Non-Bond Claims to Be Disallowed via Notice of Presentment, as more fully set forth in the Notice; and upon the record of the hearing held on the Three Hundred Ninety-Seventh Omnibus Objection on January 19-20, 2022, and the rulings

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

made therein, sustaining the Three Hundred Ninety-Seventh Omnibus Objection as to Proofs of Claim Nos. 179591, 179592, 179600, 179602, 179605, 179606, 179607, 179608, 179609, 179610, and 179613 (the "Claims to Be Heard") to the extent that they assert any liability beyond the repayment of principal, interest, and other fees and expenses, and otherwise overruling the Three Hundred Ninety-Seventh Omnibus Objection as to the Claims to Be Heard without prejudice to the filing of an objection based on the grounds of duplicativeness with respect to HTA, PBA, and PRIFA liabilities, and any other ground that the Debtors may wish to assert as to the status of the GO bond claim; and upon the *Informative Motion of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority Regarding Three Hundred Seventy-Fourth Omnibus Objection (Substantive) to Late-Filed Claims and the Three Hundred Ninety-Seventh Omnibus Objection (Substantive) to Late-Filed Claims* [ECF No. 20953], which clarified that, with respect to claims subject to the Three Hundred Ninety-Seventh Omnibus Objection asserting liabilities associated with bonds (collectively, the "Bond-Related Claims"), the Debtors seek to disallow the Bond-Related Claims solely to the extent they assert liabilities <u>other than</u> principal, interest, or fees and expenses; and upon the representations of the Oversight Board in paragraph 9 of the *Informative Motion and Certification of the Financial Oversight and Management Board for Puerto Rico in Compliance with the Court's Order Concerning Unresolved Responses to Certain Omnibus Objections to Claims* (Docket Entry No. 23460); and the Court having determined that the relief sought in the Three Hundred Ninety-Seventh Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Ninety-Seventh Omnibus Objection establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Three Hundred Ninety-Seventh Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the remaining Non-Bond Claims to Be Disallowed via Notice of Presentment, as set forth on Exhibit A hereto, are hereby disallowed in their entirety as set forth below; and it is further

ORDERED that the Claims to Be Heard and the Bond-Related Claims to Be Partially Disallowed via Notice of Presentment, as set forth on Exhibit B hereto, are hereby disallowed to the extent they assert liabilities beyond the repayment of principal, interest, and other fees and expenses; and it is further

ORDERED that Kroll Restructuring Associates, LLC ("Kroll") is authorized and directed to designate the Claims to Be Heard and the Bond-Related Claims to Be Partially Disallowed via Notice of Presentment as partially expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that Kroll is authorized and directed to designate the Non-Bond Claims to Be Disallowed via Notice of Presentment as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 18961 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 23, 2023

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge