UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Re: ECF No. 23427 |

### *FRESENIUS MEDICAL CARE'S RESPONSE TO THE FIVE HUNDRED SIXTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO DEFICIENT CLAIMS*

**COMES NOW,** Fresenius Medical Care ("FMC"), a creditor, by and through the undersigned legal counsel, respectfully submits this response to the *Five Hundred Sixty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Puerto Rico Public Buildings Authority to Deficient Claims* filed on January 27, 2023.

### BACKGROUND

1. FMC filed its Proof of Claim ("Proof of Claim") asserting a claim amount of $128,854.38 on May 30, 2018. *See* Claim Number 30574.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

1

2. **Almost four and a half years later**, on January 27, 2023, Debtors filed the *Five Hundred Sixty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Puerto Rico Public Buildings Authority to Deficient Claims* ("*Five Hundred Sixty-First Omnibus Objection*"). *See* Dkt. No. 23427.

3. According to Exhibit "A" to the *Five Hundred Sixty-First Omnibus Objection* which addresses deficient claims, FMC's Proof of Claim "purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors." Dkt. No. 23427-1 at 3.

4. FMC was originally given until February 27, 2023, to respond to the *Five Hundred Sixty-First Omnibus Objection*. *See* Dkt. No. 23427 at 1.

5. On that date, FMC filed an Urgent Motion requesting a thirty-day extension to respond to *Five Hundred Sixty-First Omnibus Objection*. *See* Dkt. No. 23639.

6. The Hon. Laura Taylor Swain granted the motion on February 28, 2023, and reset the deadline to file a response to March 27, 2023. *See* Docket No. 23643.

**RELIEF REQUESTED**

1. The Bankruptcy Code states that proofs of claims tend to be "deemed allowed, unless a party in interest" objects. *See* 11 U.S.C. § 502.

2. "Parties in interest that may object to proofs of claims are Trustees, debtors in chapters 12 and 13, and debtors in possession in chapter 11." In re Santiago Ruiz, 2017 WL 3084379, at *3 (Bkrtcy. D.P.R. 2017) (quotation omitted).

2

3. Relatedly, the Federal Rules of Bankruptcy Procedure hold that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

4. The United States Bankruptcy Appellate Panel of the First Circuit has further clarified that "[a]n objection [to a proof of claim] does not overcome the presumption of prima facie validity of a filed claim unless supported by 'substantial evidence.'" Kittery Point Partners, LLC, 623 B.R. 825, 836 (1st Cir. BAP 2021) (quotation omitted).

5. Notably, "[i]f the objection contains such evidence, the claimant 'is required to come forward with evidence to support its claims ... and bears the burden of proving its claims by a preponderance of the evidence.'" In re Santiago Ruiz, 2017 WL 3084379, at *3 (quoting In re Tracey, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008)).

6. While Debtors fail to assert in the *Five Hundred Sixty-First Omnibus Objection* which statutory basis or Federal Rule of Bankruptcy serve as the basis for the objection to the Proof of Claim, Debtors are essentially alleging that FMC's claim should be disallowed given that it failed to attach supporting documentation in accordance with Fed. R. Bankr. P. 3001(c).

7. However, Debtors fail to attach *any* evidence in their objection to overcome the presumption of *prima facie* validity of the filed claim. *See* In re Rowlands, 2008 WL 8664766, at *4 (1st Cir. BAP Mass. 2008) ("It is often said that the objector must produce evidence equal in force to the prima facie case.") (quotation omitted).

8. Furthermore, a review of the Proof of Claim shows that FMC attached multiple documents in support of its claim totaling $128,854.38. To wit, the following documents were attached to the Proof of Claim:

    a. A copy of the "Ambulatory Dialysis Services Contract" executed on August 14, 2013, by and between the Commonwealth of Puerto Rico's Department of

3

  Health and Bio-Medical Applications of Puerto Rico, Inc. d/b/a Fresenius Medical Care – Vieques Dialysis.

 b. A copy of the "Proposal Ambulatory Dialysis Facility Susana Centeno Diagnostic & Treatment Center Vieques, Puerto Rico" presented by FMC to the Puerto Rico Department of Health in 2007.

 c. A copy of "Servicios Médicos Universitarios, Inc. Contrato Para Servicio Diálisis Aguda" executed in June 29, 2012 by and between Servicios Médicos Universiatrios, Inc. and Bio Medical Applications of Puerto Rico, Inc. h/n/c/ FMC Dialysis Services of Canóvanas (Fresenius) in Spanish.

 d. A copy of the "Amended Services Agreement" executed on March 1, 2017 by and between Servicios Médicos Universiatrios, Inc. and Bio Medical Applications of Puerto Rico, Inc. (also known as Fresenius).

 e. A list of all unpaid prepetition claims amounting to $128,854.38.

*See* Proof of Claim No. 30574 at 14-55.

9. Four and a half years later, Debtors have now requested invoice numbers. Prior to Hurricane Maria, the Puerto Rico Department of Health ("PRDH") insisted on paper invoices. FMC's copies of its invoices were stored at FMC's head offices in San Juan, Puerto Rico. However, the roof of the facility was blown off by Hurricane Maria in 2017. The files kept at said facility were damaged by water, could not be salvaged, and were ultimately discarded. FMC has no digital backup of those paper invoices.

10. On the other hand, the PRDH received all original invoices and has a 10-year document retention policy.[2] The requested invoice data should be easily retrievable from PRDH.

---

[2] The PRDH has a duty to maintain a record of its accounting books and registries for up to ten (10) years. *See* Regulation No. 23 for the Conservation of Documents of Fiscal Nature o Necessary for the Examination and Approval of Accounts and Fiscal Operations dated August 15, 1988, https://hacienda.pr.gov/sites/default/files/reg-

11. Lastly, attached please find an unsworn statement by Luis R. Emanuelli, the Regional Vice President, Puerto Rico Region of Fresenius Medical Care, North America attesting to the fact that the copies of invoices were destroyed by Hurricane María in 2017. *See* Exhibit A.

12. As a result, FMC respectfully requests that the Court deny the *Five Hundred Sixty-First Omnibus Objection*. In addition, FMC certifies that no prior request for the relief sought herein has been made.

**WHEREFORE**, FMC hereby requests that the Court deny the *Five Hundred Sixty-first Omnibus Objection* and enter any other relief that is just or appropriate given the circumstances.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 27th day of March 2023.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

By: */s/ Antonio A. Arias*
Antonio A. Arias
(USDC No. 204906)
E-mail: aaa@mcvpr.com

*Attorneys for Fresenius Medical Care*

---

23.pdf. This regulations states in its Article IV-C (2) that "[t]he books and accounting records of municipalities, public corporations, internal service funds, government enterprise funds, trust and social security funds and of the Government Central Accounting and Treasury Areas of the Department of the Treasury shall be kept for at least ten (10) years." Id. at 3. (translation ours).