UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br><br>Title III<br><br>No. 17 BK-3567-LTS |

SECOND AMENDED AND RESTATED STIPULATION AND AGREED ORDER
REGARDING THE DISPUTED FUNDS IN THE HTA BOND SERVICE
ACCOUNTS, REDEMPTION ACCOUNTS AND RESERVE ACCOUNTS

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways

and Transportation Authority ("HTA"), by and through the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

Commonwealth and HTA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] The Bank of New York Mellon, solely in its capacity as fiscal agent ("BNYM" or the "HTA Fiscal Agent") for several series of bonds issued by HTA (the "HTA Bonds"), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together with Assured Guaranty Corp., "Assured"), Financial Guaranty Insurance Company ("FGIC"), Syncora Guarantee Inc. ("Syncora"), and National Public Finance Guarantee Corporation ("National" and together with Ambac, Assured, FGIC, and Syncora, the "Monolines") hereby stipulate and agree as follows:

## RECITALS

## Commencement of Title III Cases

A.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to Sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

B.      On May 21, 2017, the Oversight Board issued a restructuring certification for HTA, commencing an additional case under Title III of PROMESA (the "HTA Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases").

C.      By operation of PROMESA and pursuant to PROMESA Section 315(b), the Oversight Board is the sole representative of the Commonwealth and HTA in their respective Title III Cases.

D.      The Court has subject matter jurisdiction over this matter pursuant to PROMESA Section 306(a), and venue is proper in this District pursuant to PROMESA Section 307(a).

---

[2]      PROMESA is codified at 48 U.S.C. §§ 2101–2241.

**The Disputed Funds**

E.      After the filing of the Title III Cases, certain monoline insurers and bondholders commenced the following adversary proceedings regarding, among other issues, asserted liens on certain revenues, payments on the HTA Bonds, and monies allegedly pledged to secure the repayment of HTA Bonds (collectively, the "Adversary Proceedings"): *Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. No. 17-159-LTS; *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. Nos. 17-155-LTS, 17-156-LTS; and *Peaje Investments, LLC v. Puerto Rico Highways and Transportation Authority, et al.,* Adv. Proc. Nos. 17-151 LTS, 17-152-LTS.

F.      Pursuant to applicable documents, BNYM, as Fiscal Agent, was scheduled to make a payment of principal and interest on several series of bonds issued by HTA to the bondholders in the aggregate amount of approximately $224,277,263.11 on July 3, 2017.

G.      On or around June 20, 2017, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") instructed BNYM not to distribute cash and the proceeds of various investments (the "Disputed Funds") held by BNYM, as HTA Fiscal Agent, to the bondholders, asserting that the Disputed Funds are property of HTA and are subject to the automatic stay pursuant to section 362(a) of the Bankruptcy Code, as incorporated by Section 301(a) of PROMESA.

H.      By letter, dated June 23, 2017, certain plaintiffs in the Adversary Proceedings stated their disagreement with the AAFAF position and asserted that BNYM must distribute the Disputed Funds on July 3, 2017 in accordance with the terms of the governing documents because the Disputed Funds (i) are not property of HTA, (ii) are held in trust for the benefit of the bondholders, (iii) are "pledged special revenues," pursuant to sections 902, 922(d) and 928 of the Bankruptcy

Code as incorporated by section 301(a) of PROMESA, and (iv) are not subject to the automatic stay.

I.       As of July 3, 2017, BNYM, as HTA Fiscal Agent, held Disputed Funds with an estimated value of $76,149,000.00.

J.       BNYM declined to take a position on the matter, and, in light of the dispute regarding the Disputed Funds, indicated that it would not distribute the Disputed Funds until appropriate relief was obtained from the Court.

K.       On July 31, 2017, the parties to the Adversary Proceedings entered into that certain Stipulation and Proposed Order Governing the Disputed Funds in the HTA Bonds Accounts, Redemption Accounts and Reserve Accounts (the "Disputed Funds Stipulation"), which provides that, among other things, pending further order of the Court, BNYM shall maintain the entirety of the Disputed Funds in the existing accounts into which they have been deposited.

L.       On August 3, 2017, the Court approved the Disputed Funds Stipulation [Case No. 17-00152, ECF No. 179].

M.       As of May 18, 2022, the Disputed Funds held by BNYM in cash and various investments total $90,845,316.28.

**Confirmation of the Plan of Adjustment**

N.       On May 5, 2021, the Oversight Board, as representative of the Commonwealth and HTA in their Title III Cases, entered into that certain HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA") with, among others, (a) certain holders of bonds issued by HTA, (b) Assured, and (c) National, which provided for, among other things, the terms of the resolution of litigation among the parties regarding the bonds issued by HTA, and the terms of securities to be issued pursuant to plans of adjustment for the Commonwealth and HTA.

O.      On July 15, 2021, Ambac and FGIC each executed joinders to the HTA/CCDA
PSA.

P.      On January 18, 2022, the Court entered the *Order and Judgment Confirming
Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,
the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and
the Puerto Rico Public Buildings Authority* [Case No. 17-03283, ECF No. 19813]
(the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of
Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [Case No. 17-
03283, ECF No. 19784] (the "Commonwealth Plan")[3], which incorporates the terms of the
HTA/CCDA PSA.

Q.      Section 4.1 of the HTA/CCDA PSA and decretal paragraph 52 of the Confirmation
Order provide, in pertinent part, that ". . . within ten (10) Business Days following satisfaction of
the HTA Distribution Conditions, HTA shall make an interim distribution to holders of HTA 68
Bond Claims and HTA 98 Senior Bond Claims in the amounts of One Hundred Eighty-Four
Million Eight Hundred Thousand Dollars ($184,800,000.00) and Seventy-Nine Million Two
Hundred Thousand Dollars ($79,200,000.00), respectively, in Cash, which distributions shall
reduce the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds, respectively, and
the corresponding HTA Bond Claims . . . ." (the "Effective Date Payments"). Confirmation Order
¶ 52.

---

[3]    Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Commonwealth
Plan or the HTA Plan, as applicable.

R.      Sections 2.1 and 63.1 of the Commonwealth Plan provides for the treatment and global compromise and settlement of, among other things, claims against the Commonwealth relating to the HTA Bonds.

S.      The Effective Date of the Commonwealth Plan occurred on March 15, 2022.

**Fiscal Agent Fees and Expenses Dispute**

T.       On March 10, 2022, the Oversight Board filed the *Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* [Case No. 17-03283, ECF No. 20297], seeking approval of a stipulation between the Oversight Board and BNYM, as HTA Fiscal Agent, that provided for the deduction of the HTA Fiscal Agent's fees and expenses from the Effective Date Payments, including the Disputed Funds.  On March 11, 2022, the Oversight Board filed the *Notice of Filing Amended and Restated Stipulation and Agreed Order Regarding the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* [Case No. 17-03283, ECF No. 20316]*,* attaching an amended stipulation thereto as Exhibit A (the "Stipulation").

U.      On March 15, 2022, Assured, FGIC, and National filed the *Response of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation with Respect to Supplemental Reply of the Financial Oversight and Management Board for Puerto Rico in Support of Urgent Motion for Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* [Case No. 17-03283, ECF No. 20337] (the "Monoline Objection"), asserting that the Stipulation does not comply with decretal paragraph 52 of the Confirmation Order.

V. On March 16, 2022, the Court entered an order overruling the Monoline Objection based upon the representations set forth in the Stipulation, approving the Stipulation, and authorizing the transaction contemplated therein.

W. On May 16, 2022, the Oversight Board filed the Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority [Case No. 17-3567, ECF No. 1177] (the "HTA Plan").

X. The Monolines, BNYM, and the Oversight Board have continued to engage in arms-length, good faith negotiations to reach agreement regarding the deduction of the HTA Fiscal Agent's Fees and Expenses (as defined herein) from the Effective Date Payments and, as a result of those negotiations, have reached an agreement consistent with the terms of this stipulation.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. This stipulation (the "Amended Stipulation") shall become effective upon entry of an order of the Court approving the terms and provisions hereof (the "Stipulation Date") and, upon the Stipulation Date, shall amend, restate, and supersede the Stipulation in all respects.

2. Within two (2) business days of the date of execution of this Amended Stipulation, the Oversight Board shall provide BNYM instructions for the liquidation of Disputed Funds that BNYM currently holds in investments other than cash.

3. Upon (a) satisfaction of the HTA Distribution Conditions, and (b) liquidation of the Disputed Funds that BNYM currently holds in investments other than cash, (i) the aggregate amount of cash on account in the Disputed Funds shall be deemed amounts to be applied by HTA in satisfaction of the Effective Date Payments, and (ii) the HTA Fiscal Agent shall provide the

Oversight Board and HTA a written statement setting forth the amount of the Disputed Funds as of such date.

4.       The Effective Date Payments are inclusive of any and all HTA Fiscal Agent's fees and expenses due and owing by HTA pursuant to the applicable bond resolutions with respect to amounts discharged pursuant to the HTA Plan (the "HTA Fiscal Agent's Fees and Expenses") and do not require an increase thereto on account thereof.  Subject to the limitations contained in paragraph 6 of this Amended Stipulation, the HTA Fiscal Agent may deduct the HTA Fiscal Agent's Fees and Expenses from the Disputed Funds, and the HTA Fiscal Agent shall either apply such amounts to the HTA Fiscal Agent's Fees and Expenses then due and owing, or hold such amounts in a reserve for future fees and expenses, subject to the terms and provisions of paragraph 7 of this Amended Stipulation.

5.       Upon deduction of the HTA Fiscal Agent's Fees and Expenses from the Disputed Funds, the HTA Fiscal Agent shall transfer the remaining Disputed Funds to HTA, or its designee, to be applied as part of the Effective Date Payments.  Consistent with the pro rata allocation of the cost of the HTA Fiscal Agent's Fees and Expenses required by Section 27.13 of the HTA Plan, HTA may deduct the cost of the HTA Fiscal Agent's Fees and Expenses from the Effective Date Payments on a pro rata basis, such that the cost of such HTA Fiscal Agent's Fees and Expenses is shared equally by all holders of HTA 68 Bond Claims[4] and HTA 98 Senior Bond Claims[5] based on the amount of their Claims.

---

[4]    For purposes of this Amended Stipulation, the term "HTA 68 Bond Claims" shall include (i) HTA 68 Bond Claims, (ii) HTA 68 Bond Claims (Ambac), (iii) HTA 68 Bond Claims (Assured), and (iv) HTA 68 Bond Claims (National), all as defined in the HTA Plan.

[5]    For purposes of this Amended Stipulation, the term "HTA 98 Senior Bond Claims" shall include (i) HTA 98 Senior Bond Claims, (ii) HTA 98 Senior Bond Claims (Ambac), (iii) HTA 98 Senior Bond Claims (Assured), (iv) HTA 98 Senior Bond Claims (FGIC), and (v) HTA 98 Senior Bond Claims (National), all as defined in the HTA Plan.

6.      Notwithstanding anything in the HTA Plan, the HTA Confirmation Order, this Amended Stipulation, or the applicable bond resolutions to the contrary, (a) the HTA Fiscal Agent's Fees and Expenses now or hereafter owing, including any amounts held in a reserve for future fees and expenses, shall not exceed $2,360,681.02, and (b) upon the HTA Fiscal Agent's deduction of such HTA Fiscal Agent's Fees and Expenses from the Disputed Funds, none of the Commonwealth, HTA, or any agency or instrumentality thereof shall have any further liability or obligation with respect to such fees and expenses.

7.      In the event amounts reserved or deducted by the HTA Fiscal Agent from the Disputed Funds exceed the HTA Fiscal Agent's Fees and Expenses, such excess amounts shall be distributed, by or at the direction of, the HTA Fiscal Agent and/or HTA, or HTA's designee, on a pro rata basis to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims on the HTA Effective Date (the "Excess Distribution").

8.      This Amended Stipulation shall be considered a full and final resolution of (a) all disputes relevant to the Disputed Funds that were raised as part of the Disputed Funds Stipulation, and (b) all disputes and reservation of rights raised or asserted in Case No. 17-03283, ECF Nos. 20297, 20318, 20320, 20321, 20331, 20337, and 20340 related to the payment of the HTA Fiscal Agent's Fees and Expenses, and, upon the HTA Fiscal Agent's deduction of such HTA Fiscal Agent's Fees and Expenses from the Disputed Funds, none of the Commonwealth, HTA, or any agency or instrumentality thereof shall have any further liability or obligation for the payment of the HTA Fiscal Agent's Fees and Expenses.

9.      The parties represent and warrant that they are duly authorized to enter into and be bound by this Amended Stipulation.  Except as expressly provided herein, nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or

obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

10.     Each party hereto agrees that it has fully participated in the drafting of this Amended Stipulation. The rule of law that provides that ambiguities will be construed against the drafting party in interpreting written instruments shall be inapplicable to resolve any disputes over the meaning or intent of this Amended Stipulation or any of its provisions.

11.     This Amended Stipulation is the full and complete agreement of the parties with respect to the matters set forth herein, and each party has entered into this Amended Stipulation voluntarily and without duress.

12.     This Amended Stipulation shall be binding on the parties' successors and assigns.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Amended Stipulation.

14.     This Amended Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

Dated: May 24, 2022

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

_/s/ Brian S. Rosen_
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**SEPULVADO, MALDONADO & COURET**

/s/ _Albéniz Couret-Fuentes_
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207

304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: acouret@smclawpr.com

**O'NEILL & BORGES LLC**

_/s/ Hermann D. Bauer_
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

_Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth_

**REED SMITH LLP**

/s/ _Jared S. Roach_
Luke A. Sizemore (Pro Hac Vice)
Jared S. Roach (Pro Hac Vice)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: lsizemore@reedsmith.com
Email: jroach@reedsmith.com

_Counsel to The Bank of New York Mellon, in its capacity as Fiscal Agent_

**ADSUAR MUNIZ GOYCO SEDA &
PEREZ-OCHOA PSC**

By: */s/ Eric Perez-Ochoa*
    Eric Perez-Ochoa
    (USDC-PR No. 206314)
    Luis A. Oliver-Fraticelli
    (USDC-PR No. 209204)
    208 Ponce de León Ave., Suite 1600
    San Juan, PR 00936
    Telephone: (787) 756-9000
    Facsimile: (787) 756-9010
    Email: epo@amgprlaw.com
          loliver@amgprlaw.com

*Attorneys for National Public Finance
Guarantee Corporation*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Kelly DiBlasi*
    Jonathan Polkes*
    Gregory Silbert*
    Robert Berezin*
    Kelly DiBlasi*
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Email: jonathan.polkes@weil.com
          gregory.silbert@weil.com
          robert.berezin@weil.com
          kelly.diblasi@weil.com

Gabriel A. Morgan (admitted *pro hac vice*)
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email: gabriel.morgan@weil.com

*Admitted *pro hac vice*

*Attorneys for National Public Finance
Guarantee Corporation*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: */s/ Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    USDC-PR No. 204,809
    Ricardo F. Casellas-Sánchez
    USDC-PR No. 203,114
    Diana Pérez-Seda
    USDC–PR No. 232,014
    P.O. Box 364924
    San Juan, PR 00936-4924
    Tel.: (787) 756-1400
    Fax: (787) 756-1401
    E-mail:  hburgos@cabprlaw.com
           rcasellas@cabprlaw.com
           dperez@cabprlaw.com

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**CADWALADER, WICKERSHAM & TAFT LLP**

By: */s/ Casey J. Servais*
    Howard R. Hawkins, Jr.*
    Mark C. Ellenberg*
    Casey J. Servais*
    William J. Natbony*
    Thomas J. Curtin*
    200 Liberty Street
    New York, New York 10281
    Tel.: (212) 504-6000
    Fax: (212) 406-6666
    Email:  howard.hawkins@cwt.com
           mark.ellenberg@cwt.com
           casey.servais@cwt.com
           bill.natbony@cwt.com
           thomas.curtin@cwt.com

* Admitted pro hac vice

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**REXACH & PICÓ, CSP**

By: */s/ Maria E. Picó*
    María E. Picó
    USDC-PR 123214
    802 Ave. Fernández Juncos
    San Juan PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    E-mail: mpico@rexachpico.com

*Attorneys for Financial Guaranty Insurance
Company*

**BUTLER SNOW LLP**

By: */s/ Martin A. Sosland*
    Martin A. Sosland (*pro hac vice*)
    2911 Turtle Creek, Suite 1400
    Dallas, TX 75219
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    E-mail: martin.sosland@butlersnow.com

    James E. Bailey III (*pro hac vice*)
    Adam M. Langley (*pro hac vice*)
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    Telephone: (901) 680-7347
    Facsimile: (615) 680-7201
    E-mail:  jeb.bailey@butlersnow.com
            adam.langley@butlersnow.com

*Attorneys for Financial Guaranty Insurance
Company*

**FERRAIUOLI LLC**

By: */s/ Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
        scolon@ferraiuoli.com

*Attorneys for Ambac Assurance Corporation*

**MILBANK LLP**

By: */s/ Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email:  ddunne@milbank.com
        amiller@milbank.com
        gmainland@milbank.com
        jhughes2@milbank.com
        johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

**GOLDMAN ANTONETTI &
CORDOVA, LLC**

By: */s/ Carlos A. Rodriguez-Vidal*
    Carlos A. Rodriguez-Vidal
    USDC-PR No. 201213
    Solymar Castillo-Morales
    USDC-PR No. 218310
    P.O. Box 70364
    San Juan, PR 00936-8364
    Telephone: (787) 759-4117
    E-mail: crodriguez-vidal@gaclaw.com
           scastillo@gaclaw.com

*Attorneys for Syncora Guarantee Inc.*

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Eric Daucher*
    Eric Daucher (*pro hac vice* pending)
    1301 Avenue of the Americas
    New York, NY 10019-6022
    Telephone: (212) 318-3000
    Facsimile: (212) 318-3400
    E-mail: eric.daucher@nortonrosefulbright.com

*Attorneys for Syncora Guarantee Inc.*

SO ORDERED on March 27, 2023

/s/ Laura Taylor Swain
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE