UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO | (Jointly Administered) |
| et al., | |
| Debtors.[1] | |

---------------------------------------------------------------x

MEMORANDUM ORDER CONCERNING MR. JOSE LOPEZ MEDINA'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO PROMESA'S
SECTIONS 4, 7, 301(C)(3), 304(H) AND BANKRUPTCY CODE'S SECTIONS 362(B)(4), (D)(1)

Before the Court is *Mr. Jose Lopez Medina's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(h) and Bankruptcy Code's Sections 362(b)(4), (d)(1)* (Docket Entry No. 21716 in Case No. 17-3283)[2] (the "Motion") filed by Jose Lopez Medina ("Movant"). Movant is the plaintiff in a lawsuit captioned Lopez Medina

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    Unless otherwise noted, all references herein to Docket Entry Nos. are references to Case No. 17-2383.

v. Puerto Rico Police Department, et al., No. 17-cv-02232 (the "Action"), pending in the United States District Court for the District of Puerto Rico, in which he seeks damages and other monetary remedies arising out of his employment with and the discharge from the Puerto Rico Police Department ("PRPD") prior to the commencement of the Commonwealth of Puerto Rico's Title III case (the "Title III Case"). The Court has carefully considered the Motion, the *Objection of the Commonwealth of Puerto Rico to Mr. Jose Lopez Medina's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(h) and Bankruptcy Code's Sections 362(b)(4), (d)(1)* (Docket Entry No. 21896) (the "Objection"), and the *Petition in Opposition to Discharge of Claim as to Jose R. Lopez Medina with a Request for Hearing and a Motion Requesting a Lift of Stay* (Docket Entry No. 21994) (the "Reply"). For the following reasons, the Court holds that the automatic stay imposed by the Bankruptcy Code[3] in connection with the Title III Case has expired, but that Movant's claim, to the extent it asserts a prepetition claim against the PRPD for which no proof of claim was filed, was discharged by confirmation of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 19784) (the "Plan"), and Movant is now subject to a permanent injunction barring further prosecution of the Action with respect to any such claim.

BACKGROUND

Except where otherwise indicated, the following recitation of facts is drawn from the Motion, Reply, and the Amended Complaint filed in the Action. See Amended Complaint,

---

[3] References herein to the Bankruptcy Code refer to provisions of Title 11 of the United States Code.

Lopez Medina v. Puerto Rico Police Department, et al., No. 17-cv-02232-CVR (D.P.R. Jan. 22, 2018), ECF No. 9 (the "Amended Complaint").

A. Background of the Action

Movant was employed by the PRPD beginning in 1979. (Mot. ¶ 8.) For a portion of that time, Movant worked at the Gurabo Headquarters of the PRPD, during which time he alleges that he was subjected to a hostile work environment. (Mot. ¶¶ 12-13.) Movant transferred to the San Lorenzo Headquarters of the PRPD in 2003, and soon thereafter he reported to his supervisor that "he wasn't feeling emotionally stable." (Mot. ¶¶ 14-15.) Movant ultimately was evaluated for a work-related disability, but his applications to the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for disability-related retirement benefits were denied. (Mot. ¶¶ 16-25.) On December 28, 2009, Movant was informed that the PRPD intended to terminate his employment. (Mot. ¶ 26.) Movant's employment was terminated in 2010 due to the determination that he was not mentally or physically able to perform his job functions. (Mot. ¶¶ 27-29.) Movant commenced an appeal before the Public Service Appellate Commission, which ultimately ordered the PRPD to reinstate Movant and to pay certain unpaid wages to him. (Mot. ¶¶ 30-31.) Movant alleges that the PRPD has not complied with the Public Service Appellate Commission's decision. See Am. Compl. ¶ 77 ("Up to this date, Defendant hasn't reinstated, nor pa[id] the unpaid wages that plaintiff lost due to the illegal termination of his employment.").

On October 4, 2017, Movant commenced the Action. In the Amended Complaint filed on January 22, 2018, Movant named as defendants the PRPD and the former Superintendent of the PRPD. See generally Am. Compl. The Amended Complaint alleged that Movant was subject to discrimination, retaliation, and a hostile work environment, and it

requested damages, including loss of income, punitive damages, and prejudgment interest. See Am. Compl. at 18-19. On February 8, 2018, the Department of Justice of the Commonwealth of Puerto Rico filed a notice of the automatic stay. See Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case, Lopez Medina v. Puerto Rico Police Department, et al., No. 17-cv-02232-CVR (D.P.R. Feb. 8, 2018), ECF No. 15 (the "Notice of Automatic Stay"). (Reply ¶ 14.)

B.  The Title III Case and Plan of Adjustment

On May 3, 2017 (the "Petition Date"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced the Title III Case on behalf of the Commonwealth pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[4]

On February 15, 2018, the Court issued the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (Docket Entry No. 2521) (the "Initial Bar Date Order"), setting May 29, 2018, as the deadline for filing proofs of claim concerning claims (as defined in section 101(5) of the Bankruptcy Code, 11 U.S.C. § 101(5)) against the Commonwealth that arose prior to the Petition Date. On May 25, 2018, the Court extended that deadline to June 29, 2018 (the "Bar Date"). (See *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*, Docket Entry No. 3160 (the "Bar Date Extension Order").)

On January 18, 2022, the Court confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 19784)

---

[4]  PROMESA is codified at 48 U.S.C. §§ 2101 et seq. References herein to "PROMESA" section numbers are to the uncodified version of the legislation.

(the "Plan"). (See *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*, Docket Entry No. 19813 (the "Confirmation Order").) The Plan became effective on March 15, 2022 (the "Effective Date"). (See *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date*, Docket Entry No. 20349.)

### DISCUSSION

Upon the commencement of a case under Title III of PROMESA, the automatic stay—which is codified in section 362 of the Bankruptcy Code—prohibits the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . , or to recover a claim against the debtor that arose before the commencement of the case."[5] 11 U.S.C.A. § 362(a)(1) (Westlaw through P.L. 117-262). Section 362(d) permits parties in interest to seek relief from the automatic stay, including for "cause." See 11 U.S.C. § 362(d). Additionally, under section 362(c)(2)(C), the automatic stay

---

[5] The Oversight Board's Objection assumes—and Movant has not disputed—that claims asserted against the PRPD are equivalent to claims asserted against the Commonwealth. See Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097-98 (1st Cir. 1987) ("[C]laims in federal court for damages against [PRPD Superintendent] Collazo in his official capacity and the Police Department are precluded by the eleventh amendment, since they must, if successful, be satisfied from the coffers of the Commonwealth of Puerto Rico.").

expires at the time a discharge is granted. 11 U.S.C. § 362(c)(2)(C).[6]

Through the Motion, Movant argues that cause exists to permit him to litigate the Action and to execute any resulting judgment. (Mot. ¶¶ 32-34 (analyzing the factors enumerated in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990)).) Movant contends that the Action should not have been stayed in the first place because it is a prepetition "action for money damages [concerning the] illegal termination of [Movant's] employment" (Mot. ¶¶ 5, 34), that permitting the Action to proceed would efficiently and economically facilitate the resolution of the claims pleaded in the Amended Complaint without interfering with the Title III Case (Mot. ¶ 34), and that section 523(a)(6) of the Bankruptcy Code, 11 U.S.C. § 523(a)(6), prohibits the discharge of Movant's claim in the Title III Case. (Mot. ¶ 3.)

Paragraph 56 of the Confirmation Order and section 92.2 of the Plan set forth the scope of the discharge that occurred upon the Effective Date:

> (a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Debtors and Reorganized Debtors that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever . . . . Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the

---

[6] The plain language of section 362(c)(2)(C) refers only to cases "under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13" of the Bankruptcy Code. 11 U.S.C.A. § 362(c)(2)(C) (Westlaw through P.L. 117-262). Section 301(d) of PROMESA, however, states that "a reference to 'this title', 'this chapter', or words of similar import in a section of Title 11 made applicable in a case under this subchapter . . . shall be deemed to be a reference to this subchapter." 48 U.S.C.A. § 2161(d) (Westlaw through P.L. 117-262).

> Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan.
>
> (b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property, all such Claims.

(Confirmation Order ¶ 56(b); see also Plan § 92.2(b).) Pursuant to those provisions, upon the occurrence of the Effective Date (as that term is defined in the Plan) on March 15, 2022, the Commonwealth was granted a discharge from a broad range of claims and, pursuant to section 362(c)(2)(C) of the Bankruptcy Code, the automatic stay was terminated. See 11 U.S.C. § 362(c)(2)(C).

Accordingly, although the automatic stay no longer precludes the assertion of Movant's claims against the PRPD, any such claims have been discharged. Furthermore, the automatic stay has been superseded by a permanent injunction (the "Plan Injunction") that has an effect similar to that of the automatic stay and does not expire. See 11 U.S.C. §§ 524(a)(2), 944(b). (See also Plan § 92.3; Confirmation Order ¶ 59.) Movant did not file a proof of claim and therefore has not preserved his claim in the Commonwealth's Title III Case. (See Bar Date Order ¶ 15 ("[A]ny creditor who fails to file a proof of claim on or before the applicable Bar Date (subject to the acceptance of a proof of claim after the applicable Bar Date pursuant to an order of this Court), with respect to such claim: (a) shall not be treated as a creditor of the Debtors for purposes of voting upon or receiving distributions under any plan of adjustment in these Title III Cases, and (b) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim thereto in these Title III Cases (unless otherwise ordered by the Court), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim.").)

Although Movant argues that section 523(a)(6) of the Bankruptcy Code precludes the discharge of his claim, the provisions of the Bankruptcy Code that are applicable in cases under Title III of PROMESA are enumerated in section 301(a) of PROMESA, 48 U.S.C. § 2161(a), and section 523 of the Bankruptcy Code is not on that list. Additionally, section 523(a)(6) only applies to claims against "individuals." 11 U.S.C. § 523(a). The Commonwealth is not an "individual," and claims against it therefore do not fall within the scope of section 523(a)(6) even if that section were incorporated into PROMESA. Movant has therefore presented no basis for applying section 523(a)(6).

Although Movant appears to argue that he did not receive notice of the Bar Date

because the Action was commenced after the Petition Date (Reply ¶ 12), the Notice of Automatic Stay provided Movant with notice of the Title III Case in advance of the Bar Date (and several years in advance of the Effective Date). (See Reply ¶ 14 (noting that the Puerto Rico Department of Justice "moved the District Court for a Stay asserting the Commonwealth of Puerto Rico's filing under Title III of the PROMESA").) Furthermore, the Debtors undertook broad publication of notice of the Commonwealth's Bar Date pursuant to the Bar Date Orders, including publishing notice of the Bar Date in English and Spanish language publications circulating in Puerto Rico and the mainland United States, as well as running radio advertisements throughout Puerto Rico. (See Initial Bar Date Order ¶¶ 17-22; Bar Date Extension Order ¶¶ 3-4.) Movant therefore cannot meet the exception to discharge applicable to creditors who "before confirmation of the plan, had neither notice nor actual knowledge of the case." 11 U.S.C.A. § 944(c)(2) (Westlaw through P.L. 117-262).

Movant received notice but did not file a proof of claim with respect to his claim against the government in the Title III Case. The result of Plan confirmation and the occurrence of the Effective Date is that all "claims" against the Commonwealth arising prior to the Effective Date and not expressly provided for under the Plan have been discharged. See 11 U.S.C. § 944(b). (See also Plan § 92.2(b); Confirmation Order ¶ 56(b).) Movant's claim, which was not filed, was not expressly provided for under the Plan.

Accordingly, Movant's claim against the PRPD, and so the Commonwealth, has been discharged and is subject to the Plan Injunction. Movant therefore cannot proceed with the Action because he is permanently enjoined by the terms of the Plan from pursuing the Action

against the PRPD.[7]

CONCLUSION

In conclusion, Movant's claim against the PRPD was subject to the automatic stay and, upon the Effective Date of the Plan, final resolution in the Commonwealth's PROMESA Title III Case. Now that the Plan of Adjustment for the Commonwealth has been confirmed and has become effective, under the terms of the confirmed Plan and Confirmation Order, Movant's Action cannot be prosecuted because his claim against the PRPD has been discharged and is permanently subject to the Plan Injunction. The Motion is therefore denied, and Movant's request for a hearing concerning the Motion is denied because the material facts are not in dispute. See Peaje Invs. LLC v. García-Padilla, 845 F.3d 505, 512 (1st Cir. 2017).

This Memorandum Order resolves Docket Entry No. 21716 in Case No. 17-3283.

SO ORDERED.

Dated: March 27, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[7] Movant has not requested any narrower form of relief (such as, for example, leave to further amend the Amended Complaint to assert claims that might not be barred by the Plan Injunction), and the parties therefore have not addressed whether any narrower subset or permutation of the claims pleaded in the Amended Complaint (such as, for example, claims against PRPD officials in their personal capacities) are subject to the Plan Injunction.